ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RYDER RIPPS, JEREMY CAHEN, and DOES 1-10,<br><br>Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**PLAINTIFF YUGA LABS, INC.'S DECLARATION OF ERIC BALL RE: MEET AND CONFER IN ACCORDANCE WITH THE COURT'S AUGUST 19, 2022 ORDER (DKT 33)**<br><br>Honorable John F. Walter |

I, Eric Ball, declare:

1. I am an attorney admitted to practice in California and a partner in the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. in the above-captioned matter. I am lead counsel for Plaintiff in this action. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2. I am submitting this declaration in compliance with this Court's August 19, 2022 Order (Dkt. 33).

3. On August 23, 2022, I met with Louis Tompros, lead counsel for Defendants, via videoconference, in accordance with Local Rule 7-3 and Paragraph 5(b) of the Court's Standing Order (Dkt. 14).[1] Also in attendance were my colleagues Kimberly Culp and Ethan Thomas, as well as Mr. Tompros' colleague Henry Nikogosyan. The videoconference lasted approximately 45 minutes. During the conference, we discussed the substance of Defendants' proposed Motion to Strike or Dismiss the Complaint and the possibility of resolution of the same.

4. The Parties agreed that the factual allegations in Yuga Labs' Complaint must be accepted as true, and that Defendants' motion should be reviewed under a 12(b)(6) standard. Defendants confirmed that their anti-SLAPP motion to strike does not make a factual challenge to the Complaint, which would require the motion to be reviewed under a summary judgment standard.

5. I explained that the declarations and exhibits filed with Defendants' stricken motion (Dkt. 29) are not necessary or proper. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'"). The declarations and their exhibits contain false statements and are offered in support of Defendants' false accusations that are not relevant to this trademark infringement lawsuit. Defendants disagreed, and the parties were not able to resolve this issue. I explained that Yuga Labs also intends to file evidentiary objections should Defendants re-file their declarations and exhibits.

6. The Parties also agreed that Defendants' motion does not challenge that Yuga Labs has pled a trademark infringement claim and that the pleaded facts support

---

[1] Lead counsel are not "located in the same county in the Central District of California." Standing Order ¶ 5(b). My primary office is located in Mountain View, CA, and Mr. Tompros' primary office location is listed as Boston, MA.

a claim of likelihood of confusion. This is because Defendants are using Yuga Labs' marks to sell Defendants' infringing products. Even more, Defendants are selling these infringing products in the same marketplaces and to the same consumers as Yuga Labs. *See, e.g.,* Dkt. 1 at ¶¶ 2, 33. This intentional infringement has created actual confusion. *See, e.g.,* Dkt. 1 at ¶¶ 2-4, 40, 58. Facing the well-pleaded claim of trademark infringement, Defendants resort to unpleaded affirmative defenses and contend that Yuga Labs has not "pled around" *Rogers* or nominative fair use. Defendants are wrong.

7. We discussed Defendants' motion in further detail as to several issues. While the Parties were not able to resolve any specific aspect of the motion, we were able to pinpoint some specific areas of dispute.

8. **First**, Defendants claim they used Yuga Labs' marks as part of "expressive works," warranting application of the *Rogers* test. I explained that Defendants' creation of copycat tokens which use the exact same digital images associated with the official BAYC collection does not qualify as an "expressive work" for purposes of applying *Rogers*. This is particularly true where Defendants included no expressive content on the various marketplaces where they sold and intend to sell the infringing products. Yuga Labs will oppose the motion because the alleged speech Defendants reference from their declarations and exhibits is extrinsic, unconnected to these tokens, and not at-issue in the Complaint. Defendants' counsel referred to Defendants' irrelevant statements as "background" to understand the message purportedly conveyed by Defendants' tokens. This is again incorrect, and Defendants even acknowledged the Court need not accept this information as true. Moreover, that Defendants had to supplement the record with irrelevant, false, and extrinsic claims to demonstrate what "speech" the Complaint supposedly threatens is a concession that the Complaint is not about that claimed speech, nor does it stifle the speech.

Fenwick & West LLP
Attorneys At Law

9. **Second**, for similar reasons, Defendants claim their use of Yuga Labs' marks are a "protected activity" under California's Anti-SLAPP Law. When I asked them to tell me what provision of California's Anti-SLAPP Law is at issue – because none is cited in the stricken motion – Defendants' counsel could not. Of course, the activity at issue here is trademark infringement, including through the promotion and sale of tokens, which is the kind of commercial speech exempted from California's Anti-SLAPP Law. *See* Cal. Code Civ. Proc. § 425.17(c). Defendants likewise failed to show that selling the tokens relates to any "public issue" or "issue of public interest." Cal. Code Civ. Proc. § 425.17(e). Finally, even if there is protected activity, it is merely incidental to the claims asserted in the Complaint and thus not appropriate for application of Anti-SLAPP. There is no risk that this trademark infringement litigation, which is intended to put an end to a commercial scam, will chill First Amendment rights. As Defendants also admitted during the meet and confer, Mr. Cahen is merely Mr. Ripps' business partner; Defendants identified no speech made by Mr. Cahen other than the claim that sales of the infringing RR/BAYC tokens are somehow speech.

10. **Third**, Defendants' counsel admitted that Defendants are seeking to strike federal claims, but I explained that California's Anti-SLAPP Law does not apply to federal claims filed in federal court. *See, e.g.*, Burke, Anti-SLAPP Litigation § 2:121 (The Rutter Group, 2021). I also explained that some federal courts do not apply Anti-SLAPP Law in federal court at all. Defendants did not agree to narrow their motion to strike to target only state law claims.[2]

---

[2] *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) holds that California's Anti-SLAPP statute applies to state-law claims in this Court, but the Ninth Circuit is currently considering two cases that may result in *Lockheed* being overruled, or at least limited as inconsistent with Supreme Court precedent. *See CoreCivic, Inc. v. Candide Group, LLC*, No. 20-17285 (9th Cir.); *Planet Aid, Inc. v. Reveal*, No. 21-15690 (9th Cir.).

11.     **Fourth**, I explained that the Complaint alleges that Defendants' conduct was explicitly misleading because they used Yuga Labs' exact same marks on the exact same marketplaces to identify and sell NFTs bearing the exact same images underlying Yuga Labs' NFTs.  *See* Complaint ¶¶ 33-47.  I also explained, based on Defendants' own statements as alleged in the Complaint, Defendants intended to confuse and mislead consumers to unwittingly purchase their NFTs.  I also pointed Defendants' counsel to the Ninth Circuit's decision in *Gordon v. Drape Creative*, which is instructive.  909 F.3d 257 (9th Cir. 2018).  In that case, the Court applied the *Rogers* test and held that defendant's use of plaintiff's trademarked phrases in greeting cards created a triable issue of fact as to whether such use was "explicitly misleading."  *Id*. at 261.  This ruling was based on the fact that the cards involved minimal artistic expression and defendant used plaintiff's marks in the same way that plaintiff was using them.  *Id*. at 269-271.  Likewise, here, Defendants use Yuga Labs' marks in the same way that Yuga Labs uses their marks – to sell NFTs with identical images as Yuga Labs' NFTs on the same marketplaces that Yuga Labs sells those NFTs.  These facts reinforce that Defendants' scheme was explicitly misleading.  Defendants disagreed and claimed that they should be permitted to use Yuga Labs' marks to sell nearly identical products, to the same consumers, in the same marketplaces.

12.     **Fifth**, Defendants claim their use of Yuga Labs' trademarks is protected as nominative fair use.  However, I explained that Defendants' use of Yuga Labs' marks does not include any expression or statement by Defendants about Yuga Labs in their NFTs or on their NFT marketplace ("Ape Market").  Moreover, Defendants' repeated use of multiple Yuga Labs marks to market their RR/BAYC Tokens was not "reasonably necessary" to identify Yuga Labs' BAYC collection, especially since they used these marks with the digital images underlying the BAYC collection.  Nevertheless, Defendants' fair use argument is an admission that they intentionally used Yuga Labs' trademarks to sell their infringing products.

13. Defendants contend that the remaining causes of action are insufficiently pled, in part for failure to allege trademark infringement and misleading representations of fact. However, as shown above, the Complaint has sufficiently pled trademark infringement and its elements. *See, supra*, ¶¶ 6, 8-12. For example, Yuga Labs has sufficiently pled misleading representations of fact in support of its false advertising claim by alleging that Defendants "advertised their copycat 'Ryder Ripps Bored Ape Yacht Club' as equivalent to the authentic Bored Ape Yacht Club," which it is not. Complaint ¶¶ 116, 117. Defendants' proposed arguments are wrong.

14. Finally, I highlighted that Defendants' improper motion was a waste of the parties' and the Court's time. Given that Defendants admit that Yuga Labs pled a likelihood of confusion for its trademark infringement claim, Defendants' motion to dismiss is fatally flawed. But, I highlighted that Yuga Labs could, if needed, amend its complaint to add additional allegations of the Defendants' intentional infringement to scam and explicitly mislead consumers, including: (1) further actual confusion of consumers; (2) Defendants' repeated copying of Yuga Labs' trademarks without any explanation that they are not associated with Yuga Labs or selling official Yuga Labs products; and (3) Defendants' ongoing false advertising to mislead consumers.

15. Once we established that the Parties were not able to resolve any of the substantive issues raised by Defendants' motion, we discussed procedural issues related to timing of that motion. We were able to agree on those process points. However, it is clear that the many substantive deficiencies in Defendants' proposed motion render it fatally flawed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 29th day of August, 2022.

By: */s/ Eric Ball*
Eric Ball

Attorneys for Defendant
YUGA LABS, INC.