Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10;<br><br>Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF LOUIS W. TOMPROS REGARDING THE AUGUST 23, 2022, LOCAL RULE 7-3 CONFERENCE**<br><br>Filed In Lieu Of Joint Statement Pursuant to Court Order Filed on August 19, 2022, Docket No. 33. |

I, Louis W. Tompros, declare as follows:

1. I am an attorney with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, located at 60 State Street, Boston Massachusetts, 02109, counsel for Defendants Ryder Ripps ("Mr. Ripps") and Jeremy Cahen ("Mr. Cahen"). I am licensed to practice law in the State of Massachusetts and have been granted permission to participate in this litigation on behalf of Mr. Ripps and Mr. Cahen (Dkt. 18). I have personal knowledge of the facts set forth herein and with the proceedings in this case, and if called to testify as a witness thereto, I would do so competently under oath.

2. On August 5, 2022, I had a Local Rule 7-3 conference of counsel with Eric Ball, counsel for Plaintiff Yuga Labs, Inc. ("Yuga"), to discuss Mr. Ripps and Mr. Cahen's anti-SLAPP motion to strike and motion to dismiss. I explained that the Mr. Ripps and Mr. Cahen intend move to strike and/or dismiss primarily under California's anti-SLAPP statute and the *Rogers* test. Counsel for Yuga disagreed with the substance of the motion and refused to agree to a dismissal.

3. On August 19, 2022, the Court ordered the Parties to hold a second L.R. 7-3 conference of counsel for Mr. Ripps and Mr. Cahen's anti-SLAPP motion to strike and motion to dismiss on or before August 25, 2022, and for each Party to file a declaration regarding the second L.R. 7-3 conference of counsel regarding Mr. Ripps and Cahen's anti-SLAPP motion to strike and motion to dismiss. Dkt. 33.

4. On August 23, 2022, the Parties held a video conference to discuss the merits of Mr. Ripps and Mr. Cahen's anti-SLAPP motion to strike and motion to dismiss. I attended the conference with Henry Nikogosyan on behalf of Mr. Ripps and Mr. Cahen, and Eric Ball, Kimberly Culp, and Ethan Thomas attended the conference on behalf of Yuga. The conference lasted approximated forty-five (45) minutes with approximately forty (40) minutes dedicated to discussing Mr. Ripps and Mr. Cahen's anti-SLAPP motion to strike and motion to dismiss.

5. Counsel for Mr. Ripps and Mr. Cahen began the conference by noting that that a public version of the motion provides the basis for Mr. Ripps and Mr. Cahen's motion to strike and dismiss. Counsel for Yuga stated that that they disagreed with everything in the document and did not plan to voluntarily dismiss any claims.

6. The Parties next discussed the following issues:

- Counsel for Yuga stated that it did not understand which prong of the anti-SLAPP statute Mr. Ripps and Mr. Cahen rely on because the statute provides four categories, and that the public version of the motion did not identify any of those categories. Counsel for Mr. Ripps and Mr. Cahen stated that they are moving based on protected speech activity under the First Amendment and that there is no legal requirement that a movant identify a specific prong of statute to obtain relief. Counsel for Yuga did not disagree.

- Counsel for Yuga also argued that the anti-SLAPP statute does not apply to Federal Court substantively or procedurally. Counsel for Mr. Ripps and Mr. Cahen noted that there are other circuits that do not apply anti-SLAPP statutes, but that the Ninth Circuit allows defendants to file anti-SLAPP motions. Counsel for Yuga disagreed and stated that it would brief whether the anti-SLAPP statute applies in the Ninth Circuit.

- Counsel for Yuga also disagreed that the Defendants have engaged in protected speech. Specifically, Counsel for Yuga stated that Mr. Ripps and Mr. Cahen had created a product and that a product is not the same as speech, and asked what Mr. Ripps and Mr. Cahen contend is protected activity alleged in the Complaint. Counsel for Mr. Ripps and Mr. Cahen explained that

the RR/BAYC project is protected speech because it criticizes Yuga's use of Nazi dog whistles and racist imagery—that the NFTs themselves refer to Yuga to express commentary on offensive content associated Yuga and its BAYC collection.

- Counsel for Yuga also argued that the motion improperly includes declarations and exhibits because only allegations in the Complaint are considered for an anti-SLAPP motion filed at the pleadings stage. Counsel for Mr. Ripps and Mr. Cahen clarified that the legal sufficiency standard applies to the second prong of the anti-SLAPP test; however, it is permissible to include declarations and exhibits as background information to help explain why this case involves protected speech. Counsel for Yuga disagreed and requested counsel for Mr. Ripps and Mr. Cahen's basis for its position. Counsel for Mr. Ripps and Mr. Cahen explained that they had repeatedly done so in prior anti-SLAPP motions and, if necessary, could provide caselaw supporting the position. Counsel for Yuga communicated that caselaw on the issue would be unnecessary.

- Counsel for Yuga stated that it disagreed with Mr. Ripps and Mr. Cahen's contention that the Complaint fails to allege confusion. Counsel for Mr. Ripps and Mr. Cahen clarified that they primarily seek to move based on Yuga's failure to plead around the *Rogers* test and nominative fair use, and that the motion did not assert an independent ground regarding Yuga's failure to allege confusion.

- Counsel for Yuga stated that it disagreed that the Complaint does not allege misleading acts. Counsel for Yuga provided the

example of "Looking at @ApeMarketplace and saying fuck you to @BoredApeYC" as repeatedly alleged in the Complaint. Counsel for Mr. Ripps and Mr. Cahen explained that that this statement distinguishes RR/BAYC from Yuga because it is clarifying that RR/BAYC NFTs are different than Yuga's NFTs. Counsel for Yuga stated that it may consider amending the Complaint to remove these allegations.

- Counsel for Mr. Ripp and Mr. Cahen explained that while the RR/BAYC project uses aspects of Yuga's logos and other content, that the use was necessary to identify Yuga for purposes of criticizing Yuga.  Counsel for Mr. Ripps and Mr. Cahen explained that it is permissible us use the trademark of another for identification purposes because it is not possible to criticize a company without referring to that company.

- Counsel for Yuga further stated that it had adequately plead around the *Rogers* test and nominative fair use because it alleged that Mr. Ripps and Mr. Cahen would advertise their NFTs on Foundation while using the exact same logo as Yuga.  Counsel for Mr. Ripps and Mr. Cahen stated that there is no such allegation in the Complaint and that, in fact, the Complaint alleges that Mr. Ripps and Mr. Cahen were using a satirical logo that stated, "THIS LOGO IS BASED ON THE SS TOTENKOPF."  Counsel for Mr. Ripps and Mr. Cahen asked counsel for Yuga to identify a specific paragraph in the Complaint alleging that Mr. Ripps and Mr. Cahen used Yuga's logo on Foundation.   Counsel for Yuga cited Paragraph 35.

However, paragraph 35 does not have any allegations relating to Foundation at all.

- Counsel for Yuga further stated Mr. Ripps and Mr. Cahen had made millions of dollars on the RR/BAYC project and that this weighed in favor of trademark infringement. Counsel for Yuga stated that Etherscan shows that Defendants had made at least $3 million. Counsel for Mr. Ripps and Mr. Cahen stated that Counsel for Yuga was likely misinterpreting Etherscan and that the Defendants had made nothing close to $3 million.
- Counsel for Yuga also stated that it may add additional parties to the litigation and suggested that those other parties may be two other partners that collaborated with Mr. Ripps and Cahen's activities in connection with the RR/BAYC project.

7. The remainder of the conference was spent discussing two other miscellaneous issues. First, the Parties agreed to file a stipulation requesting that the Court extend the deadline to respond to the Complaint to August 31, 2022, so that the response deadline is consistent with the Court's August 19, 2022, order (Dkt. 33). The Parties also agreed that Mr. Ripps and Mr. Cahen should file an unopposed motion to redact home addresses from the public record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Massachusetts on August 29, 2022.

                                                   */s/ Louis W. Tompros*
                                                   Louis W. Tompros

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on August 29, 2022.

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

-1-

Case No. 2:22-cv-04355-JFW-JEM                                   DECL. OF LOUIS W. TOMPROS