Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                              Plaintiff,<br><br>        v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br><br>                              Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

### RESPONSE TO ORDER TO SHOW CAUSE

Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants") respectfully submit this response to the Court's Order to Show Cause (Dkt. 40) why lead counsel for Defendants should not be sanctioned in the amount of $1,500.00 for violations of the Court's Standing Order.

Lead counsel for Defendants ("Lead Counsel") sincerely apologizes to the Court for the errors that led to violations of the Court's Standing Order in connection with Defendants' filing of their Motion to Strike or, in the Alternative, to Dismiss (Dkts. 29 and 38). As set out in the contemporaneously filed declaration, counsel for Defendants understand the importance of complying with the Court's orders and regret making these errors. *See* Declaration of Lead Counsel in Support of Response to Order to Show Cause, at ¶¶ 6-7 (1:14-19) ("Declaration of Lead Counsel").

In response to the Court's order to show cause, Defendants describe below the circumstances and the reasons why Lead Counsel should not be sanctioned for court filings that did not comply with the rules, but were made in good faith.

### I.      Procedural History

Plaintiff Yuga Labs, Inc. brought this action on June 24, 2022. Dkt. 1 at 1:24. On July 15, 2022, following a stipulation of both parties, the Court extended Defendants' deadline to respond to the complaint to August 29, 2022, and ordered that any hearing on that motion would be held on or after October 3, 2022. Dkt. 22.

On August 5, 2022, lead counsel for the parties conferred on Defendants' anticipated motion to strike or, alternatively, dismiss Plaintiff's complaint. *See* Dkt. 36 at 1:9-14. The parties were unable to reach agreement at that conference on any issues pertaining to the anticipated motion. *See* Dkt. 29 at 2:11-14. Defendants filed their motion to strike, or, in the alternative, motion to dismiss on August 15, 2022. *See* Dkt. 29.

Shortly after Defendants' motion was filed, the Court entered an order striking

the motion for identifying an untimely hearing date.  *See* Dkt. 30.  However, after counsel for Defendants alerted the Court that the hearing date was set pursuant to an earlier order (requiring no hearing until at least October 3, 2022), the Court vacated its order striking the Defendants' motion, and restored the motion to the October 17, 2022, calendar.  *See* Dkt. 31.

On August 19, 2022, the Court struck the restored motion because the parties had not filed a joint statement within three days of the original August 5, 2022, hearing date.  Dkt. 33.  The Court further ordered that, "[i]f Defendants wish to re-file the Motion, lead counsel shall meet and confer in person or by video by August 25, 2022.  If the parties cannot resolve the issues raised in the Motion, on or before August 29, 2022, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved."  Dkt. 33.  Pursuant to the Court's August 19 order, the parties conferred by video on August 23, 2022, and each party filed a declaration explaining the resolved and unresolved issues from that conference.  *See* Dkts. 35, 36.

Defendants then filed a revised version of their motion to strike and motion to dismiss on August 31.  Dkt. 38.  During the uploading of that document into the CM/ECF System through the CM/ECF Website interface, descriptions that included the title of the exhibit were not included with the exhibit number for all exhibits, as paragraph 3(b) of the Court's Standing Order requires.  *See* Dkt. 38.  For example, docket entry 38-2 was given the title "Exhibit 1" rather than "Exhibit 1: List of NFT Projects That Use the BAYC NFT images."

On September 1, 2022, the Court struck the revised version of Defendants' motion for violating paragraph 3(b) of the Courts Standing Order, ordered that Defendants not re-file their motion without leave of Court, and ordered Defendants to

show cause why Lead Counsel should not be sanctioned for violations of the Courts Standing Order.  Dkt. 40.  The Court ordered Defendants to respond to the order to show cause in writing on or before September 6, 2022.

## II.    Discussion

As set out in the accompanying declaration, Lead Counsel fully acknowledges and accepts responsibility for failing to comply with the Court's orders regarding reporting of the conference of counsel, and for failing to ensure compliance with the Court's electronic filing requirements pursuant to section 3(b) of the Court's Standing Order.  *See* Declaration of Lead Counsel, at ¶ 14 (3:6-11).  These errors arose from a misinterpretation of the requirement for reporting conferences of counsel, and a failure to double check the naming of exhibits on the CM/ECF System.  *Id.* at ¶¶ 15-17 (3:12-4:3).  Again, Lead Counsel apologizes to the Court for these errors.  *Id.* at ¶¶ 6, 18 (1:14-16, 4:4-7).

Both the failure to file a joint statement and the mis-naming of the exhibits in the CM/ECF System were inadvertent errors, and not intentional violations of the Court's Standing Order.  As to the failure to file a joint statement following the parties' conference, counsel incorrectly concluded that such a filing was not necessary because the Court's July 15, 2022, order had set a specific briefing schedule for 12(b) motions (*see* Dkt. 22 at 1:26-2:7) that obviated the need for any additional joint statement addressing the Rule 7-3 conference.  *See* Declaration of Lead Counsel, at ¶ 16 (3:15-20).  Counsel for Defendants now understand that this interpretation of the Court's July 15, 2022, Order was incorrect.  *Id.*  Lead Counsel and plaintiffs' counsel carefully followed the Court's guidance in its August 19, 2022, order, that Defendants' motion could be re-filed following a second conference of counsel and submission of separate declarations from each party.  *See* Dkts. 35, 36.

Defendants' failure to comply with the requirement of section 3(b) of the

Court's Standing Order that a description be provided in addition to the exhibit number in connection with their August 31, 2022, re-filing of their motion resulted from a mistake.  Declaration of Lead Counsel, at ¶ 17 (3:21-4:3).  Lead Counsel read and understood the Court's requirement that "each document or exhibit shall be meaningfully described on the docket such that the document or exhibit can be easily identified" (Dkt. 14, at 3:5-7), but did not double-check the exhibit entries entered on the CM/ECF Website before the filing was submitted and did not notice the error until receiving the Court's September 1, 2022 order striking the filing.  *See* Declaration of Lead Counsel, at ¶ 17 (3:21-4:3).

Lead Counsel and all counsel for Defendants understand the importance of complying with the Court's orders.  We again apologize for the misunderstanding and mistake that led to the inadvertent violation of the Court's orders, and we will take additional care to follow the Court's rules and avoid such errors in the future.

The Court has the inherent power to sanction parties or counsel for abuse of judicial process.  *See, e.g.*, *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'  That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 186 (2017)).  "[W]hen acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Am. Unites for Kids*, 985 F.3d at 1090; *see also* *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith."); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) ("[A]bsent grossly negligent, reckless, or willful conduct,

-4-

monetary penalties such as jury costs or judicial sanctions cannot be fairly levied against counsel for a violation of the local rules."); *see also ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (reversing district court's order striking motion based on multiple technical deficiencies—noticing the hearing outside of the window required by the Court's standing order and failing to include a statement concerning the conference of counsel). This requirement of willful violation or bad faith is particularly important in the context of sanctions levied against attorneys, given the risk that a sanction has to stigmatize an attorney and/or have a detrimental effect on the attorney's career. *See United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000).

Defendants respectfully submit that the conduct here did not involve either willful violations of a court order nor actions taken in bad faith. In both instances, the errors were unintentional. Counsel wrongly, but in good faith, believed that the Court's July 15, 2022 Order obviated the need for a separate joint statement, and the parties complied in good faith with the Court's order to conduct a second conference of counsel when informed of their mistake. And the failure to include adequate descriptions for exhibits was attributable to a lapse in reviewing the exhibit descriptions entered on the CM/ECF Website before the docket entries were submitted. Lead counsel accepts full responsibility and apologizes for both errors. Both were errors, not willful violations or bad faith actions.

Finally, while prejudice to a party is not required for the Court to exercise its inherent sanctions authority, Defendants note that there is no prejudice to the plaintiff here. *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 382 (9th Cir. 1988) ("A final consideration is the existence and degree of prejudice to the wronged party. This factor is purely optional."). Plaintiff has been on notice of the substance of Defendants' motion since August 5, 2022, and have had a detailed motion setting

-5-

forth Defendants' position since August 15, 2022.  And Defendants of course would not object to any additional time the Court determines Plaintiff should have to prepare any opposition.

The Court has also ordered that Defendants not re-file their motion to strike or, in the alternative, dismiss without leave of the Court.  Dkt. 40.  Defendants respectfully request that the Court grant such leave and hold that such a re-filing constitutes a timely response to the Complaint.  *See, e.g.*, *ABS Entertainment*, 908 F.3d at 427 (requiring consideration on the merits notwithstanding violation of local rules where absence of such consideration would result in deprivation of substantive rights).

Defendants therefore respectfully submit that cause has been shown why no sanction should enter.  Defendants respectfully request that the Court discharge the order to show cause and grant leave for Defendants to re-file its motion as previously filed, with corrections to the CM/ECF System names for each filed document, and deem that such a filing constitutes a timely response to the Complaint.

Dated:  September 6, 2022

By: /s/  *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 West Grand Ave., Suite 2400
Los Angeles, CA 90071

-6-

Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

-7-

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that a copy of the foregoing document was served on all attorneys

3   of record via the Court's ECF system on September 6, 2022.

4

5

6                                     By: /s/  *Louis W. Tompros*

7                                     Louis W. Tompros (*pro hac vice*)
                                      louis.tompros@wilmerhale.com
8                                     **WILMER CUTLER PICKERING
                                        HALE AND DORR LLP**
9                                     60 State Street
                                      Boston, MA 02109
10                                    Telephone: (617) 526-6000
                                      Fax: (617) 526-5000

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

Case No. 2:22-cv-04355-JFW-JEM          RESPONSE TO ORDER TO SHOW CAUSE