Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                        Plaintiff,<br><br>     v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>                        Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF LEAD COUNSEL IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE** |

I, Louis W. Tompros, declare as follows:

1. I am an attorney with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, located at 60 State Street, Boston Massachusetts 02109.

2. I am licensed to practice law in the Commonwealth of Massachusetts and this Court has granted me *pro hac vice* permission to participate in this litigation on behalf of Defendants Ryder Ripps and Jeremy Cahen. *See* Dkt. 18.

3. I am lead counsel for Defendants Ryder Ripps and Jeremy Cahen.

4. I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto, I would do so competently under oath.

5. I respectfully submit this declaration in response to the Court's September 1, 2022 ordered to show cause in writing on or before September 6, 2022, why lead counsel should not be sanctioned in the amount of $1,500.00 for Defendants repeated violations of the Courts Standing Order. *See* Dkt. 40.

6. I sincerely apologize to the Court for the errors that led to violations of the Court's Standing Order in connection with Defendants' filing of their Motion to Strike or, in the Alternative, to Dismiss (Dkts. 29 and 38).

7. I and all counsel at my firm for Defendants understand the importance of complying with the Court's orders and regret making these errors.

8. Plaintiff Yuga Labs, Inc. brought this action on June 24, 2022. *See* Dkt. 1 at 1:24. On July 15, 2022, following a stipulation of both parties, the Court extended Defendants' deadline to respond to the complaint to August 29, 2022, and ordered that any hearing on that motion would be held on or after October 3, 2022. *See* Dkt. 22.

9. On August 5, 2022, I and lead counsel for the Plaintiff conferred to discuss Defendants' anticipated motion to strike or, alternatively, dismiss Plaintiff's complaint. *See* Dkt. 36 at 1:9-14. The parties were unable to reach agreement at that conference on any issues pertaining to the anticipated motion. *See* Dkt. 29 at 2:11-14.

-1-

Case No. 2:22-cv-04355-JFW-JEM   DECLARATION OF LEAD COUNSEL IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE

1  Defendants filed their motion to strike, or, in the alternative, dismiss on August 15,
2  2022.

3      10.    Shortly after Defendants' motion was filed, the Court entered an order
4  striking the motion for identifying an untimely hearing date.  *See* Dkt. 30.  However,
5  after counsel for Defendants alerted the Court that the hearing date was set pursuant to
6  the Court's earlier order (requiring no hearing until at least October 3, 2022), the
7  Court vacated its order striking the Defendants' motion, and restored the motion to the
8  October 17, 2022 calendar.  *See* Dkt. 31.

9      11.    On August 19, 2022, the Court struck the restored motion because the
10 parties had not filed a file a joint statement within three days of the original August 5,
11 2022 hearing date.  Dkt. 33.  The Court further ordered that, "[i]f Defendants wish to
12 re-file the Motion, lead counsel shall meet and confer in person or by video by August
13 25, 2022.  If the parties cannot resolve the issues raised in the Motion, on or before
14 August 29, 2022, each party shall file a declaration setting forth the issues resolved at
15 the conference and those issues that were not resolved with a detailed explanation of
16 why those issues could not be resolved."  Pursuant to the Court's August 19 order, the
17 parties conferred by video on August 23, 2022, and each party filed a declaration
18 explaining the resolved and unresolved issues from that conference.  *See* Dkts. 35, 36.

19     12.    Defendants then filed a revised version of their motion to strike or, in the
20 alternative, dismiss on August 31.  Dkt. 38.  During the uploading of that document
21 into the CM/ECF System through the CM/ECF Website interface, descriptions that
22 included the title of the exhibit were not included with the exhibit number for all
23 exhibits, as paragraph 3(b) of the Court's Standing Order requires.  *See* Dkt. 38.  For
24 example, docket entry 38-2 was given the title "Exhibit 1" rather than "Exhibit 1: List
25 of NFT Projects That Use the BAYC NFT images."

26     13.    On September 1, 2022, the Court struck the revised version of

-2-

Case No. 2:22-cv-04355-JFW-JEM     DECLARATION OF LEAD COUNSEL IN SUPPORT
OF RESPONSE TO ORDER TO SHOW CAUSE

Defendants' motion for violating paragraph 3(b) of the Courts Standing Order, ordered that Defendants not re-file their motion without leave of Court, and ordered Defendants to show cause why Lead Counsel should not be sanctioned for violations of the Courts Standing Order. Dkt. 40. The Court ordered Defendants to respond to the order to show cause in writing on or before September 6, 2022.

14. I fully acknowledge and accept responsibility for failing to correctly comply with the Court's orders regarding reporting of the conference of counsel, and for failing to ensure compliance with the Court's electronic filing requirements pursuant to section 3(b) of the Court's Standing Order. These errors arose from a misinterpretation of the requirement for reporting conferences of counsel, and a failure to double check the naming of exhibits on the CM/ECF System.

15. Both the failure to file a joint statement and the mis-naming of the exhibits in the CM/ECF System were inadvertent errors, and not intentional violations of the Court's Standing Order.

16. As to the failure to file a joint statement following the parties' conference, my colleagues and I incorrectly concluded that such a filing was not necessary because the Court's July 15, 2022 order had set a specific briefing schedule for 12(b) motions (*see* Dkt. 22 at 1:26-2:7), obviating the need for any additional joint statement addressing the Rule 7-3 conference. We now understand that this interpretation of the Court's July 15, 2022 Order was incorrect.

17. Our failure in connection with our August 31, 2022 re-filing of the motion to comply with the requirement of section 3(b) of the Court's Standing Order that a description be provided in addition to the exhibit number resulted from a mistake. I read and understood the Court's requirement that "each document or exhibit shall be meaningfully described on the docket such that the document or exhibit can be easily identified" (Dkt. 14, at 3:5-7), but I did not double-check the

exhibit entries entered on the CM/ECF Website before the filing was submitted and did not notice the error until receiving the Court's September 1, 2022 order striking the filing.

18. I and all counsel for Defendants understand the importance of complying with the Court's orders. We again apologize for the misunderstanding and failure of communication that led to the inadvertent violation of the Court's orders, and we will take additional care to follow the Court's rules and avoid any such errors in the future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Massachusetts on September 6, 2022.

/s/ *Louis W. Tompros*
Louis W. Tompros