ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff Yuga Labs, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>     Plaintiff,<br><br> v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>     Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF ERIC BALL IN SUPPORT OF STIPULATION TO CONTINUE SCHEDULING CONFERENCE AND SET HEARING FOR DEFENDANTS' MOTION**<br><br>Judge: Honorable John F. Walter |

I, Eric Ball, declare:

1. I am an attorney admitted to practice in California and a partner in the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. in the above-captioned matter. I am Lead Counsel for Plaintiff in this action. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2. I submit this declaration in support of the Parties' Stipulation to request a continuance of the Scheduling Conference and to Set Hearing for Defendants' Motion for the following reasons.

3. On September 29, 2022, Plaintiff's counsel emailed Defendants' counsel to confirm their understanding that the earliest hearing date for Defendants' Motion to Strike and Motion to Dismiss ("Motion") is December 5, 2022, in light of the Court's August 29, 2022 Order (Dkt. 37).

4. Defendants' counsel disagreed, taking the position that the Court's order on September 26, 2022 (Dkt. 44) superseded the August 29, 2022 Order, and the Court's Standing Order determines the hearing date for their Motion.

5. Counsel exchanged emails detailing their dispute and the reasons for it, and were unable to come to an agreement as to when Defendants' must set their Motion for hearing.

6. In order to resolve this dispute and have certainty as to the application of the Court's orders for the hearing date on Defendants' Motion, Plaintiff's counsel proposed that the Parties agree on a date certain and that Plaintiff's counsel was willing to agree to have the hearing set earlier than when they believe is required by the Court order if the Parties would also join in a stipulation that asks the Court to coordinate the initial conference for the same day. Counsel for Plaintiff suggested that this day be November 7, 2022, which affords Plaintiff a reasonable amount of time to file its opposition to the Motion even though Plaintiff will forego the full thirty (30) days to respond to which it is entitled under the Court's Order at Docket 37.

7. Counsel for Defendants agreed to the proposal that the Parties stipulate that the scheduling conference should be continued from October 31, 2022 to November 7, 2022 so that the hearing on the Motion and the scheduling conference could be heard on that same day, and noted that this was "a reasonable way to get some certainty where we disagree."

8. The Parties agreed that other than the stipulation that would resolve their dispute over when Defendants must set their hearing date and to coordinate the initial conference for the convenience of the Court and Parties, that they were seeking no other extension of any pending deadlines.

9. I am based in Northern California and must travel to the Central District of California to attend all in-person hearings in this case, including the Scheduling Conference and hearing on Defendant's Motion.

10. I am informed and believe that lead counsel for Defendants, Louis Tompros, is based in Massachusetts and must travel to the Central District of California to attend all in-person hearings in this case, including the Scheduling Conference and hearing on Defendant's Motion.

11. I have young children at home and if I am required to travel for the October 31, 2022 hearing, I will be unable to honor family commitments with my children on Halloween, which include activities at their respective schools during the day.

12. I have spoken with Defendants' counsel about our family commitments that conflict with the initial conference date of October 31, 2022. On that basis, I am informed and believe that Defendants' counsel also has children at home, and if they are required to travel for the October 31, 2022 hearing, they will be unable to honor family commitments with their children on Halloween night.

13. Plaintiff Yuga Labs has served 34 Document Requests and 17 Interrogatories on Defendant Ryder Ripps. The Parties are currently in the process of

meeting and conferring regarding these requests.  Additionally, Plaintiff Yuga Labs has served five subpoenas in this case.

14. Defendants Ryder Ripps and Jeremy Cahen have served 58 Document Requests, 14 Interrogatories, and 179 Requests for Admission.  Yuga Labs is in the process of responding to these requests.

15. This is the Parties' second request for a schedule modification.  On September 30, 2022, the Parties previously submitted a stipulation seeking a brief continuance of the case management conference to align with the motion to dismiss hearing date and to accommodate counsels' schedules; however, the Court denied that request.  The Parties file this second request to modify the schedule to provide this declaration as support for the good cause.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3, 2022.

*/s/ Eric Ball*
Eric Ball