ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN MICHAEL THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-CV-04355-JFW-JEM |
| Plaintiff, | **YUGA LABS, INC.'S OBJECTIONS TO DEFENDANTS' EVIDENCE FILED WITH  DEFENDANTS' MOTION TO STRIKE AND DISMISS** |
| v. | |
| RYDER RIPPS, JEREMY CAHEN, and DOES 1-10, | Date:     Nov. 7, 2022 |
| Defendants. | Time:     1:30 p.m. |
| | Dept:     Courtroom 7A |
| | Judge:    Honorable John F. Walter |

# TABLE OF CONTENTS

**Page**

I.   THE DECLARATION OF RYDER RIPPS .................................................. 1

    A.   Objection Number 1 ................................................................... 1

    B.   Objection Number 2 ................................................................... 5

    C.   Objection Number 3 ................................................................... 6

    D.   Objection Number 4 ................................................................... 6

    E.   Objection Number 5 ................................................................... 7

    F.   Objection Number 6 ................................................................... 8

    G.   Objection Number 7 ................................................................. 10

    H.   Objection Number 8 ................................................................. 11

    I.   Objection Number 9 ................................................................. 12

    J.   Objection Number 10 ............................................................... 13

II.   THE DECLARATION OF LOUIS TOMPROS ........................................ 15

    A.   Objection Number 11 ............................................................... 15

    B.   Objection Number 12 ............................................................... 16

    C.   Objection Number 13 ............................................................... 18

    D.   Objection Number 14 ............................................................... 18

    E.   Objection Number 15 ............................................................... 19

    F.   Objection Number 16 ............................................................... 20

    G.   Objection Number 17 ............................................................... 21

    H.   Objection Number 18 ............................................................... 22

    I.   Objection Number 19 ............................................................... 23

    J.   Objection Number 20 ............................................................... 24

    K.   Objection Number 21 ............................................................... 25

    L.   Objection Number 22 ............................................................... 26

    M.   Objection Number 23 ............................................................... 28

    N.   Objection Number 24 ............................................................... 29

**TABLE OF CONTENTS**
**(continued)**

**Page**

O.   Objection Number 25...................................................................30

P.   Objection Number 26...................................................................31

Q.   Objection Number 27...................................................................33

R.   Objection Number 28...................................................................34

S.   Objection Number 29...................................................................35

T.   Objection Number 30...................................................................36

U.   Objection Number 31...................................................................37

V.   Objection Number 32...................................................................38

W.   Objection Number 33...................................................................39

X.   Objection Number 34...................................................................40

Y.   Objection Number 35...................................................................41

Z.   Objection Number 36...................................................................42

AA.   Objection Number 37.................................................................43

BB.   Objection Number 38.................................................................44

CC.   Objection Number 39.................................................................45

DD.   Objection Number 40.................................................................46

EE.   Objection Number 41.................................................................47

FF.   Objection Number 42.................................................................48

GG.   Objection Number 43.................................................................49

HH.   Objection Number 44.................................................................50

FENWICK & WEST LLP

# TABLE OF AUTHORITIES

CASES

*Carlsen v. Bank of Am., N.A.,*
   No. CV 20-1463, 2020 WL 4258657 (C.D. Cal. June 11, 2020).................4, 15

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
   896 F.2d 1542 (9th Cir. 1990)................................................................4, 15

*Herring Networks, Inc. v. Maddow,*
   8 F.4th 1148 (9th Cir. 2021).......................................................................16

*Khoja v. Orexigen Therapeutics,*
   899 F.3d 988 (9th Cir. 2018)................................................................15, 17

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
   890 F.3d 828 (9th Cir.), *amended,* 897 F.3d 1224 (9th Cir. 2018) ...............4, 16

STATUTES AND RULES

Federal Rule of Civil Procedure 12(b)(6)....................................................*passim*

Federal Rule of Evidence 201 ....................................................................*passim*

Federal Rule of Evidence 401 ....................................................................*passim*

Federal Rule of Evidence 403 ....................................................................*passim*

Federal Rule of Evidence 404 ...................................................................5, 6, 7

Federal Rule of Evidence 602 ...................................................................4, 14

Federal Rule of Evidence 701 ....................................................................*passim*

Federal Rule of Evidence 702 ....................................................................*passim*

Federal Rule of Evidence 801 ....................................................................*passim*

Federal Rule of Evidence 901 ....................................................................*passim*

On October 3, 2022, Defendants filed the declarations of Ryder Ripps and Louis Tompros in support of their Anti-SLAPP Motion to Strike and Motion to Dismiss ("MTS")—despite knowing that the content of these declarations is false, clearly unrelated to the case at hand, and intended to harass and disparage Yuga Labs' founders.  *See* Dkt. 48, 48-1, and 48-3.  Yuga Labs hereby objects to portions of, or the entirety of, these declarations, including their exhibits, as set forth below.

## I.    The Declaration of Ryder Ripps

### A.    Objection Number 1

Material Objected To:    The entirety of the Declaration of Ryder Ripps. Dkt. 48-1.

Grounds for Objection:    Yuga Labs objects that Ripps' declaration lacks foundation.  The purported "facts" about Yuga Labs' founders to which Ripps purports to testify are false, Ripps knows they are false, and Ripps has no factual basis to make them.  The facts that are known to Ripps contradict the false claims that he has concocted about Yuga Labs' founders.  Ripps' knowledge that these claims are false leaves only one conclusion – he is seeking to make a mockery of this case by using Defendants' filings to harass and disparage Yuga Labs' founders.

Yuga Labs and its founders have publicly explained how Yuga Labs created Yuga Labs' logo, the art for its NFTs, and the inspiration for its name.  Ripps is not a founder of Yuga Labs or in any way connected with the company and thus does not have any personal knowledge as to how and why Yuga Labs created its assets other than what Yuga Labs has shared with the public.

But Ripps does not need to take Yuga Labs and its founders' words for the truth to know that his claims are false.  Ripps is well aware of the publicly available emails proving that the inspiration for the BAYC logo was a combination of maritime club patches, punk rock designs, streetwear, and skating culture.  *See* https://medium.com/@team_69582/a-letter-from-the-founders-678e5a3431e7.   Not one source of inspiration that Yuga Labs provided to the designer who created the

FENWICK & WEST LLP

logo was the Nazi *Totenkopf*. *Id.* Indeed, based on the inspirations shared by Yuga Labs, the designer provided Yuga Labs with different logo options:



Yuga Labs selected the image that most looked like a patch, which it felt was evocative of patches for old yacht clubs. *Id.* Although Ripps falsely claims that the founders chose the orientation of the skull to match the orientation of the skull in the Nazi *Totenkopf*, in reality, the angle of the skull was inspired by a photograph of a real ape skull, which came from a Google image search result for "ape skull."



FENWICK & WEST LLP

Ripps has no factual basis for testifying under oath to the contrary. It is fantastical and harassing for the Defendants to continue to knowingly make false statements that are legally irrelevant to this litigation. But that is exactly the purpose of Ripps' declaration. He desires to misuse this case to harass and disparage Yuga Labs' founders.

Ripps also knows that an expert on Nazism[1] from the Anti-Defamation League reviewed and considered Ripps' claims of neo-Nazism and rejected them. *See e.g.*, Tompros Decl. Ex. 20, Dkt. 48-23, at 4.[2] In particular, the expert concluded that there is no apparent connection between BAYC's logo and the Nazi *Totenkopf* image. *Id.* Ripps has been aware of this denouncement of his demonstrably false claims since at least February 2022.

The BAYC collection is irreverent, egalitarian, and a little bit weird. Yuga Labs wanted the BAYC collection to capture the vibe of a radical 1969 Warhol Factory party where everyone, from bikers to beatniks to bankers, were invited. The BAYC collection has everything from S&M hats to rainbow suspenders, punk rock jackets to togas, Hawaiian shirts to Cuban guayaberas, devil's horns to halos to cowboy hats, cigars to kazoos to pizza slices, and sunglasses to robot eyes to laser beams. With over 170 mixing and matching traits in the collection, there is an Ape that almost anyone can find themselves in. That also means that what any one Ape looks like is the function of this mixing and matching, not any person's purported racism. The entire concept is eclectic: a bunch of apes hanging out in a yacht club in a swamp, drawing on a bathroom wall. Ripps knows this.

Additionally, there are two inspirations for the name of the company, Yuga Labs. The term "yuga" itself means "era" in Sanskrit. Yuga Labs is building a

---

[1] Ripps is not such an expert, and any opinion he might offer is improper. Fed. R. Evid. 701 and 702.

[2] Although Yuga Labs objects to this exhibit, along with many others filed by Defendants in support of their motion, Defendants' own evidence debunks their false claims.

FENWICK & WEST LLP

company for a new era:  Web3.  There is also a Zelda videogame character named Yuga that turns things into 2D art, which is similar to Yuga Labs' business.  Yuga Labs has publicized these facts too, and Ripps knows them.

Ripps offers no factual basis – and cannot offer one – for his false assertion that Yuga Labs engaged in a plot to deceive the public into popularizing Nazi symbolism, alt-right dog whistles, or racist imagery.  There is no such factual basis because those claims are false and disproven by evidence that is readily available in the public domain and known to him.  Importantly, Federal Rule of Evidence 602 specifically prohibits Ripps from presenting his false speculation as evidence to the Court, which operates on facts and the law.

Yuga Labs further objects that the Court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "[A] court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment."  *Carlsen v. Bank of Am., N.A.*, No. CV 20-1463, 2020 WL 4258657, at *4 (C.D. Cal. June 11, 2020).  However, Ripps has not asked the Court to take judicial notice of the purported (false) facts in his declaration.  Fed. R. Evid. 201(c) ("The court:  (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.").  Nor has Ripps established that the Court *can* take judicial notice of the material he has submitted, which is information and an exhibit that are not part of the Complaint and are not facts which are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.* 201(b)(2).

Yuga Labs further objects that the Court cannot consider evidence outside of the Complaint on an anti-SLAPP motion analyzed under Rule 12(b)(6).  *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.),

FENWICK & WEST LLP

*amended*, 897 F.3d 1224 (9th Cir. 2018) ("[W]e hold that, on the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated.").

Plaintiff's objections to the Declaration of Ryder Ripps are hereby _____ SUSTAINED. _____ OVERRULED.

### B.    Objection Number 2

Material Objected To:  Paragraph 1:  "I am a visual artist and creative director whose multi-disciplinary practice aims to dismantle the porous boundaries between art, the internet, and commerce, agitating the structure of the attention economy and revealing the flow of power in online relationships."

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Paragraph 1 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 404 that the fact Ripps regards himself as an artist does not prove or tend to prove that his sale of NFTs using the BAYC Marks is expressive or protected.

Plaintiff's objections to Paragraph 1 in the Declaration of Ryder Ripps are hereby

_____ SUSTAINED. _____ OVERRULED.

FENWICK & WEST LLP

### C.    Objection Number 3

Material Objected To:  Paragraph 2: "My work often examines popular culture and highlights the effects of technology on society."

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Paragraph 2 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 404 that the fact Ripps regards himself as an artist, or what the purpose of his art "often" is, does not prove or tend to prove that his sale of NFTs using the BAYC Marks is expressive or protected.


Plaintiff's objections to Paragraph 2 in the Declaration of Ryder Ripps are hereby

_____  SUSTAINED.          _____  OVERRULED.


### D.    Objection Number 4

Material Objected To:  Paragraph 3: "Through my creative content company, OKFocus, I have led creative direction and design projects for companies like Nike and Red Bull, and developed branding for products such as Soylent meat replacements.  I have also worked closely with Kanye West in connection with his creative agency *Donda*, and have created art and executed creative direction with many leading musicians such as Grimes, James Blake, MIA, Pop Smoke, Pusha T, Tame Impala, and Travis Scott."

FENWICK & WEST LLP

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Paragraph 3 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 404 that the fact Ripps regards himself as an artist, that any third party might regard him as an artist, or what work he may have developed, does not prove or tend to prove that his sale of NFTs using the BAYC Marks is expressive or protected.

Plaintiff's objections to Paragraph 3 in the Declaration of Ryder Ripps are hereby

\_\_\_\_\_ SUSTAINED.          \_\_\_\_\_ OVERRULED.

### E.    Objection Number 5

Material Objected To:  Paragraph 4:  "Beginning at the end of 2021, I started researching Yuga Labs, Inc. ('Yuga') and their use of neo-Nazi symbolism, alt-right dog whistles, and racist imagery in their company and in the Bored Ape Yacht Club ('BAYC') non-fungible tokens ('NFTs')."

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this Paragraph 4 lacks foundation to assert any of Ripps' outlandish allegations, including that Yuga Labs uses neo-Nazi symbolism, alt-right dog whistles, or racist imagery, which is a factually false claim as discussed in connection with Objection Number 1.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Paragraph 4 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.  What Ripps did in 2021 is not relevant to the facts alleged in the Complaint and the facts to which Ripps admitted.  Specifically, by Ripps' own testimony (in Paragraph 8 of his declaration), he did not begin the RR/BAYC NFTs until May 13, 2022.  Ripps admits then that his false claims about Yuga Labs' founders and Defendants' trademark infringement of the BAYC Marks are two separate acts.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Paragraph 4 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  While Yuga Labs condemns Ripps' willfully false statements, Defendants' offensive accusations against Yuga Labs' founders are not the basis for any claim in this lawsuit.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 that Ripps is not qualified to offer his factually unsupported and disproven opinions.

Plaintiff's objections to Paragraph 4 in the Declaration of Ryder Ripps are hereby

\_\_\_\_\_ SUSTAINED.          \_\_\_\_\_ OVERRULED.

### F.    Objection Number 6

Material Objected To:  Paragraph 5:  "I began posting on social media, Twitter and Instagram, going on podcasts, and speaking to investigative journalists to expose the misconduct I had found and to start a public discussion of Yuga's offensive material.    Additionally,    in    January    2022,    I    created    the    website https://gordongoner.com to compile the information I found for the public to view and discuss."

1       <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its

2   objections stated in Objection Number 1 that the Court should not consider evidence

3   outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

4       Yuga Labs objects that Ripps lacks foundation to assert any of his false and

5   outlandish allegations, including that Yuga Labs' material is "offensive" and that any

6   "misconduct" occurred, which is a factually false claim as discussed in connection

7   with Objection Number 1.

8       Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this

9   Paragraph 5 does not make a fact regarding Defendants' infringement of the BAYC

10  Marks more or less probable.  What Ripps did in 2021 and early 2022 is not relevant

11  to the facts alleged in the Complaint and the facts to which Ripps admitted.

12  Specifically, by Ripps' own testimony (in Paragraph 8 of his declaration), he did not

13  begin the RR/BAYC NFTs until May 13, 2022.  Ripps admits then that his false

14  claims about Yuga Labs' founders and Defendants' trademark infringement of the

15  BAYC Marks are two separate acts.

16      Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any

17  probative value of Paragraph 5 is substantially outweighed by the danger of unfair

18  prejudice or confusing the issues.  This case focuses on trademark infringement and

19  false advertising by Defendants.  While Yuga Labs condemns Ripps' willfully false

20  statements, Defendants' offensive accusations against Yuga Labs' founders are not

21  the basis for any claim in this lawsuit.

22      Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702

23  that Ripps is not qualified to offer his factually unsupported and disproven opinions

24  that Yuga Labs' material is "offensive" or that any "misconduct" occurred.

25

26      Plaintiff's objections to Paragraph 5 in the Declaration of Ryder Ripps are

27  hereby

28      \_\_\_\_\_  SUSTAINED.     \_\_\_\_\_  OVERRULED.

### G.    Objection Number 7

<u>Material Objected To</u>:  Paragraph 6:  "I also spoke against the number of celebrities that promoted BAYC NFTs.  It is my understanding that Yuga used the following celebrities to promote the BAYC collection and their neo-Nazi symbolism . . . ."

<u>Grounds for Objection</u>:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that Ripps lacks foundation to assert any of his false and outlandish allegations, including that Yuga Labs uses neo-Nazi symbolism, which is a factually false claim as discussed in connection with Objection Number 1. Furthermore, Ripps has no factual basis for testifying that "Yuga used the following celebrities to promote the BAYC collection *and their neo-Nazi symbolism*" (emphasis added) because that statement is false.  Even if his statement were not false (which it is), Ripps is not a founder of Yuga Labs or in any way connected with the company and thus could not have any personal knowledge of Yuga Labs' internal marketing plans.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Paragraph 6 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.  What Ripps did in 2021 and early 2022 is not relevant to the facts alleged in the Complaint and the facts as admitted to by Ripps. Specifically, by Ripps' own testimony (in Paragraph 8 of his declaration), he did not begin the RR/BAYC NFTs until May 13, 2022.  Ripps admits then that his false claims about Yuga Labs' founders and Defendants' trademark infringement of the BAYC Marks are two separate acts.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Paragraph 6 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  While Yuga Labs condemns Ripps' willfully false

FENWICK & WEST LLP

statements, Defendants' offensive accusations against Yuga Labs' founders are not the basis for any claim in this lawsuit.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 that Ripps is not qualified to offer his factually unsupported and disproven opinion that Yuga Labs uses neo-Nazi symbolism.

Plaintiff's objections to Paragraph 6 in the Declaration of Ryder Ripps are hereby

_____ SUSTAINED.           _____ OVERRULED.

### H.    Objection Number 8

Material Objected To:  Paragraph 7:  "In December 2021, Guy Oseary, Yuga's talent manager, called me to discuss the public statements I had made about Yuga's neo-Nazi symbolism.  On the call, Oseary made a series of vague threats, saying 'I can be a nice guy or I can be a not nice guy' and that I would be better off being friends with Yuga.  Oseary suggested that he understood Yuga used racist dog whistles by stating 'who am I to judge someone's art.'  Oseary stated that he would help me if I kept silent and that he could make my life difficult if I did not cooperate. Oseary also offered to introduce me to Kanye West, not realizing that I already worked with him, and later added me to a text message thread with West's manager. When I had not posted anything new criticizing Yuga for about one week and unpinned a Tweet criticizing Yuga, Oseary left me a voice memo thanking me for my silence."

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that Ripps lacks foundation to assert any of his false and outlandish allegations, including that Yuga Labs uses neo-Nazi symbolism, which is

a factually false claim as discussed in connection with Objection Number 1.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Paragraph 7 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable. This call that Ripps allegedly had in 2021 is not relevant to the facts alleged in the Complaint and the facts as admitted to by Ripps. Specifically, by Ripps' own testimony (in Paragraph 8 of his declaration), he did not begin the RR/BAYC NFTs until May 13, 2022. Ripps admits then that his false claims about Yuga Labs' founders and Defendants' trademark infringement of the BAYC Marks are two separate acts.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Paragraph 7 is substantially outweighed by the danger of unfair prejudice or confusing the issues. While Yuga Labs condemns Ripps' willfully false statements, Defendants' offensive accusations against Yuga Labs' founders are not the basis for any claim in this lawsuit.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 that Ripps is not qualified to offer his factually unsupported and disproven opinion that Yuga Labs uses neo-Nazi symbolism.

Plaintiff's objections to Paragraph 7 in the Declaration of Ryder Ripps are hereby

_____ SUSTAINED.         _____ OVERRULED.

## I.    Objection Number 9

<u>Material Objected To</u>:  Paragraph 8: "On May 13, 2022, I began creating the artistic project, RR/BAYC.  The project has grown to include a collection of NFTs, each of which uses a unique blockchain entry but includes a link to the same digital image as the corresponding BAYC NFT.  The purpose of the project was to (1) bring attention to Yuga's use of racist messages and imagery, (2) expose Yuga's use of

celebrities and popular brands to disseminate offensive material, (3) create social pressure demanding that Yuga take responsibility for its actions, and (4) educate the public about the nature of NFTs."

<u>Grounds for Objection</u>:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that Ripps lacks foundation to assert (falsely) that Defendants' "project" is artistic.  For instance, in August 2022 Cahen told an audience that "NFTs are not art."  Yuga Labs objects that this Paragraph 8 lacks foundation to assert (falsely) that Yuga Labs used "racist messages and images", used celebrities and popular brands to "disseminate offensive material", that there is "offensive material" contained within Yuga Labs' work, and that Yuga Labs has taken any such falsely alleged actions.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 that this is improper opinion testimony that Defendants' RR/BAYC NFTs are artistic.

Plaintiff's objections to Paragraph 8 in the Declaration of Ryder Ripps are hereby

_____ SUSTAINED.           _____ OVERRULED.

## J.    Objection Number 10

<u>Material Objected To</u>:  Paragraph 15 and Exhibit 1 (Dkt. 48-2):  "Attached hereto as Exhibit 1, is a list of various NFT projects that use the BAYC NFT images to make a profit off of the BAYC NFT brand without expressing any artistic or critical commentary regarding Yuga.  To the best of my knowledge, Yuga has not commenced litigation against any of them."

<u>Grounds for Objection</u>:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 1 that the Court should not consider evidence

outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Paragraph 15 and Exhibit 1 do not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.  Whether other potential infringers exist is immaterial to Defendants' infringement of Yuga Labs' trademarks.  That someone else may infringe Yuga Labs' trademarks is not a defense for Defendants' own infringement.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that this Paragraph 15 and Exhibit 1 are misleading, incomplete, and a waste of time.

Yuga Labs further objects that Ripps' offensive speculation is not permitted in this Court, which operates on facts and the law.  Fed. R. Evid. 602.  Ripps does not declare how this list, in Exhibit 1, was created or offer any factual basis for his statement that Yuga Labs has not commenced litigation against any of them.  His declaration lacks any indicia of personal knowledge from which he could offer this testimony.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 that this Paragraph 15 and Exhibit 1 are improper opinion testimony about what is and is not "artistic" or "critical" commentary.  Although Ripps admits that these knockoff BAYC NFTs are neither "artistic" nor "critical" of Yuga Labs (and, thus by extension admits that Defendants' own identical knockoff NFTs, the subject of this lawsuit, are also neither artistic nor critical), Ripps may not testify to his opinion about whether these other NFTs are artistic or expressive, or not.

Yuga Labs further objects pursuant to Federal Rule of Evidence 901 that Exhibit 1 is an unauthenticated data compilation.

Plaintiff's objections to Paragraph 15, including Exhibit 1, in the Declaration of Ryder Ripps are hereby

_____ SUSTAINED.          _____ OVERRULED.

FENWICK & WEST LLP

## II.   The Declaration of Louis Tompros

### A.   Objection Number 11

<u>Material Objected To</u>:  The entirety of the Declaration of Louis Tompros.  Dkt. 48-3.

<u>Grounds for Objection</u>:  Yuga Labs objects that generally the Court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "[A] court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment."  *Carlsen v. Bank of Am., N.A.*, No. CV 20-1463, 2020 WL 4258657, at *4 (C.D. Cal. June 11, 2020).  Defendants have not asked the Court to take judicial notice of the exhibits attached to Mr. Tompros' declaration.  Fed. R. Evid. 201(c) ("The court:  (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.").  Nor have they established that the Court *can* take judicial notice of the material Mr. Tompros has submitted, which are exhibits that are not part of the Complaint and are not facts which are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.* 201(b)(2).  The Ninth Circuit has made clear that "[a] court must also consider – and identify – which fact or facts it is noticing from . . . [a document].  Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018).  This is because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes."  *Id*. at 1000.  Defendants have not even attempted to establish that the Court can or should consider any of the exhibits attached to the declaration of Mr. Tompros in ruling on Defendants' MTS.

1      Yuga Lags further objects that the Court cannot consider evidence outside of

2   the Complaint on an anti-SLAPP motion analyzed pursuant to Rule 12(b)(6).  *Cf.*

3   *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021) ("The

4   defendant determines which motions she files, not the plaintiff. Given that the parties

5   do not dispute that Maddow's motion challenged the legal sufficiency of Herring's

6   complaint, we conclude that Herring's reliance on evidence outside of its complaint

7   in defending against the motion was improper and inconsistent with the Federal

8   Rules."); *see also* *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*

9   890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ("[W]e hold

10  that, on the one hand, when an anti-SLAPP motion to strike challenges only the legal

11  sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure

12  12(b)(6) standard and consider whether a claim is properly stated.").

13     Yuga Labs further objects that the exhibits to Mr. Tompros' declaration are not

14  authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare when any exhibit

15  was created and, for all except Exhibits 1, 2, and 35, does not declare from where the

16  exhibit was obtained.

17     Yuga Labs further objects that Mr. Tompros' declaration seeks to introduce

18  irrelevant and prejudicial material.  Fed. R. Evid. 401, 403.

19     Yuga Labs further objects that Defendants offer the declaration of

20  Mr. Tompros for the improper purposes of harassing Yuga Labs and needlessly

21  increasing the cost of litigation.

22

23     Plaintiff's objections to the Declaration of Louis Tompros are hereby

24  _____ SUSTAINED.          _____ OVERRULED.

25

26  **B.    Objection Number 12**

27  <u>Material Objected To</u>:  Exhibit 2 (Dkt. 48-5) to the Declaration of Louis

28  Tompros.

FENWICK & WEST LLP

1    <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its
2    objections stated in Objection Number 11 that the Court should not consider evidence
3    outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

4        Yuga Labs objects that this website is not properly the subject of judicial notice
5    and Defendants' have not sought judicial notice of this Exhibit 2.  Fed. R. Evid. 201.
6    "[T]he mere mention of the existence of a document is insufficient to incorporate the
7    contents" of a document.  *Khoja*, 899 F.3d at 1002 (citation omitted).  Yuga Labs
8    further objects that Defendants offer Exhibit 2 for the improper purposes of harassing
9    Yuga Labs and needlessly increasing the cost of litigation.

10       Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this
11   Exhibit 2 does not make a fact regarding Defendants' infringement of the BAYC
12   Marks more or less probable.  While Ripps' statements on this website are false and
13   offensive, they are not at issue in this lawsuit.  Instead, Defendants' infringing actions
14   are at issue.

15       Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any
16   probative value of Exhibit 2 is substantially outweighed by the danger of unfair
17   prejudice or confusing the issues.  While Yuga Labs condemns Ripps' willfully false
18   statements on this website, Defendants' offensive accusations against Yuga Labs'
19   founders are not the basis for any claim in this lawsuit.

20       Yuga Labs further objects that Exhibit 2 is not authenticated.   Fed. R.
21   Evid. 901.

22       Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as
23   improper hearsay.

24

25       Plaintiff's objections to Exhibit 2 to the Declaration of Louis Tompros are
26   hereby

27       _____ SUSTAINED.          _____ OVERRULED.

28

### C.     Objection Number 13

<u>Material Objected To</u>:   Exhibit 3 (Dkt. 48-6) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 3.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 3 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 3 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 3 is not authenticated.   Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 3, and although Exhibit 3 contains information which might answer those concerns Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 3 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

### D.     Objection Number 14

<u>Material Objected To</u>:   Exhibit 4 (Dkt. 48-7) to the Declaration of Louis Tompros.

FENWICK & WEST LLP

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 4.  Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 4 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 4 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 4 is not authenticated.   Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 4.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.


Plaintiff's objections to Exhibit 4 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_ SUSTAINED.     \_\_\_\_\_ OVERRULED.


### E.     Objection Number 15

Material Objected To:   Exhibit 5 (Dkt. 48-8) to the Declaration of Louis Tompros.

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 5.  Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 5 for the improper

Fenwick & West LLP

purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 5 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 5 is not authenticated.  Fed. R. Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 5, and although Exhibit 5 contains information which might answer those concerns Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 5 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.      _____ OVERRULED.

### F.    Objection Number 16

<u>Material Objected To</u>:   Exhibit 6 (Dkt. 48-9) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 6.  Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 6 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 6 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 6 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 6, and although Exhibit 6 contains information which might answer those concerns Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 6 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_ SUSTAINED.   \_\_\_\_\_ OVERRULED.

### G.    Objection Number 17

Material Objected To:  Exhibit 7 (Dkt. 48-10) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 7.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 7 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 7 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 7 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 7.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 7 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.      _____ OVERRULED.

### H.    Objection Number 18

Material Objected To:  Exhibit 8 (Dkt. 48-11) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 8.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 8 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 8 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 8 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 8, and although Exhibit 8 contains information which might answer those concerns Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

FENWICK & WEST LLP

1    Plaintiff's objections to Exhibit 8 to the Declaration of Louis Tompros are

2    hereby

3    _____ SUSTAINED.     _____ OVERRULED.

4

5    **I.    Objection Number 19**

6    <u>Material Objected To</u>:   Exhibit 9 (Dkt. 48-12) to the Declaration of Louis

7    Tompros.

8    <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its

9    objections stated in Objection Number 11 that the Court should not consider evidence

10   outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

11   Yuga Labs objects that this webpage is not properly the subject of judicial

12   notice and Defendants have not sought judicial notice of this Exhibit 9.  Fed. R.

13   Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 9 for the improper

14   purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

15   Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this

16   Exhibit 9 does not make a fact regarding Defendants' infringement of the BAYC

17   Marks more or less probable.

18   Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any

19   probative value of Exhibit 9 is substantially outweighed by the danger of unfair

20   prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely)

21   that Yuga Labs' founders are white supremacists and yet Defendants seek to introduce

22   Exhibit 9 to make that unfounded (and false) accusation.  Moreover, the document

23   itself indicates that "18" has been associated with a British white supremacist group

24   but only "occasionally" appears in cells in the U.S. that "tend to be small and short-

25   lived"; there is no evidence that any Yuga Labs founder has any relationship to any

26   "Combat 18" cell because none do.

27   Yuga Labs further objects that Exhibit 9 is not authenticated.   Fed. R.

28   Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 9, and

FENWICK & WEST LLP

although Exhibit 9 contains information which might answer those concerns Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 9 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

### J.     Objection Number 20

Material Objected To:  Exhibit 10 (Dkt. 48-13) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this Exhibit 10 is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 10.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 10 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 10 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 10 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely)

FENWICK & WEST LLP

that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 10 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 10 is not authenticated. Fed. R. Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 10, and although Exhibit 10 contains information which might answer those concerns Mr. Tompros does not establish those facts and the document is not self-authenticating. Even more, information in Exhibit 10 suggests that Mr. Tompros did not personally acquire Exhibit 10, further obscuring the source of Exhibit 10.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony.


Plaintiff's objections to Exhibit 10 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.      _____ OVERRULED.


**K.     Objection Number 21**

Material Objected To:  Exhibit 11 (Dkt. 48-14) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 11. Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 11 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 11 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 11 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 11 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 11 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 11, and although Exhibit 11 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony

Plaintiff's objections to Exhibit 11 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_ SUSTAINED.     \_\_\_\_\_ OVERRULED.

### L.     Objection Number 22

<u>Material Objected To</u>:  Exhibit 12 (Dkt. 48-15) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

FENWICK & WEST LLP

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 12. Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 12 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Exhibit 12 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 12 is substantially outweighed by the danger of unfair prejudice or confusing the issues. Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 12 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 12 is not authenticated. Fed. R. Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 12, and although Exhibit 12 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony.

Plaintiff's objections to Exhibit 12 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.   _____ OVERRULED.

FENWICK & WEST LLP

**M.     Objection Number 23**

<u>Material Objected To</u>:  Exhibit 13 (Dkt. 48-16) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this third-party social media post is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 13.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 13 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 13 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 13 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 13 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 13 is not authenticated.   Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 13, and although Exhibit 13 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.  Moreover, Mr. Tompros has not authenticated, and likely cannot, that any Tweet was made by any specific person.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

1   Plaintiff's objections to Exhibit 13 to the Declaration of Louis Tompros are

2   hereby

3   _____ SUSTAINED.   _____ OVERRULED.

4

5   **N.    Objection Number 24**

6   <u>Material Objected To</u>:   Exhibit 14 (Dkt. 48-17) to the Declaration of Louis

7   Tompros.

8   <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its

9   objections stated in Objection Number 11 that the Court should not consider evidence

10  outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

11  Yuga Labs objects that this third-party social media post is not properly the

12  subject of judicial notice and Defendants have not sought judicial notice of this

13  Exhibit 14.   Fed. R. Evid. 201.   Yuga Labs further objects that Defendants offer

14  Exhibit 14 for the improper purposes of harassing Yuga Labs and needlessly

15  increasing the cost of litigation.

16  Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this

17  Exhibit 14 does not make a fact regarding Defendants' infringement of the BAYC

18  Marks more or less probable.

19  Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any

20  probative value of Exhibit 14 is substantially outweighed by the danger of unfair

21  prejudice or confusing the issues.   Defendants lack any foundation to assert (falsely)

22  that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek

23  to introduce Exhibit 14 to make that unfounded (and false) accusation.

24  Yuga Labs further objects that Exhibit 14 is not authenticated.   Fed. R.

25  Evid. 901.   Mr. Tompros does not declare where or when he acquired Exhibit 14, and

26  although Exhibit 14 contains information which might answer those concerns,

27  Mr. Tompros does not establish those facts and the document is not self-

28

FENWICK & WEST LLP

authenticating.  Moreover, Mr. Tompros has not authenticated, and likely cannot, that any Tweet was made by any specific person.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony.

Plaintiff's objections to Exhibit 14 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

### O.    Objection Number 25

<u>Material Objected To</u>:  Exhibit 15 (Dkt. 48-18) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this private communication between two third parties is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 15.   Fed. R. Evid. 201.   Yuga Labs further objects that Defendants offer Exhibit 15 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 15 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 15 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Exhibit 15 reflects a private conversation between

FENWICK & WEST LLP

two non-parties relating to their personal beliefs about Yuga Labs and where one party admits that he does not feel like he knows "what's going on" but is nevertheless willing to participate in a public dialogue about Yuga Labs at the behest of another party.   Defendants also lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 15 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 15 is not authenticated and there is no possible way that Mr. Tompros could authenticate Exhibit 15 unless he was one of the two parties participating in the private communication.   Fed. R. Evid. 901. Mr. Tompros cannot even authenticate that any communication was made by any specific person.   Mr. Tompros certainly does not lay any foundation as to how he could even attempt to declare under oath that Exhibit 15 is a "true and correct copy of two images showing direct messages between Richard Spencer and Frederick Brennan."

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony.

Plaintiff's objections to Exhibit 15 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.    _____ OVERRULED.

## P.    Objection Number 26

<u>Material Objected To</u>:   Exhibit 16 (Dkt. 48-19) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence

outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 16. Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 16 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 16 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 16 is substantially outweighed by the danger of unfair prejudice or confusing the issues. Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 16 to make that unfounded (and false) accusation. The unknown author of Exhibit 16 similarly lacks foundation to make those unfounded (and false) accusations.

Yuga Labs further objects that Exhibit 16 is not authenticated. Fed. R. Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 16, and although Exhibit 16 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony.

FENWICK & WEST LLP

1      Plaintiff's objections to Exhibit 16 to the Declaration of Louis Tompros are

2 hereby

3      \_\_\_\_\_ SUSTAINED.     \_\_\_\_\_ OVERRULED.

4

5      **Q.    Objection Number 27**

6      <u>Material Objected To</u>:  Exhibit 17 (Dkt. 48-20) to the Declaration of Louis

7 Tompros.

8      <u>Grounds for Objection</u>:  Yuga Labs objects on the same grounds as its

9 objections stated in Objection Number 11 that the Court should not consider evidence

10 outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

11      Yuga Labs objects that this webpage is not properly the subject of judicial

12 notice and Defendants have not sought judicial notice of this Exhibit 17.  Fed. R.

13 Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 17 for the

14 improper purposes of harassing Yuga Labs and needlessly increasing the cost of

15 litigation.

16      Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this

17 Exhibit 17 does not make a fact regarding Defendants' infringement of the BAYC

18 Marks more or less probable.

19      Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any

20 probative value of Exhibit 17 is substantially outweighed by the danger of unfair

21 prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely)

22 that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek

23 to introduce Exhibit 17 to make that unfounded (and false) accusation.

24      Yuga Labs further objects that Exhibit 17 is not authenticated.  Fed. R.

25 Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 17, and

26 although Exhibit 17 contains information which might answer those concerns,

27 Mr. Tompros does not establish those facts and the document is not

28 self-authenticating.

Fenwick & West LLP

1   Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as

2   improper hearsay.

3

4   Plaintiff's objections to Exhibit 17 to the Declaration of Louis Tompros are

5   hereby

6   _____ SUSTAINED.      _____ OVERRULED.

7

8   **R.    Objection Number 28**

9   <u>Material Objected To</u>:  Exhibit 18 (Dkt. 48-21) to the Declaration of Louis

10   Tompros.

11   <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its

12   objections stated in Objection Number 11 that the Court should not consider evidence

13   outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

14   Yuga Labs objects that this webpage is not properly the subject of judicial

15   notice and Defendants have not sought judicial notice of this Exhibit 18.  Fed. R.

16   Evid. 201.   Yuga Labs further objects that Defendants offer Exhibit 18 for the

17   improper purposes of harassing Yuga Labs and needlessly increasing the cost of

18   litigation.

19   Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this

20   Exhibit 18 does not make a fact regarding Defendants' infringement of the BAYC

21   Marks more or less probable.

22   Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any

23   probative value of Exhibit 18 is substantially outweighed by the danger of unfair

24   prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely)

25   that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek

26   to introduce Exhibit 18 to make that unfounded (and false) accusation.

27   Yuga Labs further objects that Exhibit 18 is not authenticated.   Fed. R.

28   Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 18, and

FENWICK & WEST LLP

although Exhibit 18 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 18 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

### S.     Objection Number 29

Material Objected To:   Exhibit 19 (Dkt. 48-22) to the Declaration of Louis Tompros.

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this Exhibit 19 comprised of a compilation of social media posts by unnamed third parties is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 19.  Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 19 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 19 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 19 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  While Yuga Labs condemns these third parties' willfully false statements, Defendants' and third parties' offensive accusations against

Yuga Labs' founders are not the basis for any claim in this lawsuit.  Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 19 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 19 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 19, and although Exhibit 19 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Yuga Labs further objects pursuant to Federal Rule of Evidence 701 and 702 as improper opinion testimony.

Plaintiff's objections to Exhibit 19 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_ SUSTAINED.     \_\_\_\_\_ OVERRULED.

### T.    Objection Number 30

<u>Material Objected To</u>:  Exhibit 20 (Dkt. 48-23) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:  Yuga Labs objects that this article is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 20.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 20 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Exhibit 20 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 20 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 20 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 20 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 20.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.


Plaintiff's objections to Exhibit 20 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.    _____ OVERRULED.


**U.    Objection Number 31**

<u>Material Objected To</u>:  Exhibit 21 (Dkt. 48-24) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 21.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 21 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 21 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 21 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 21, and although Exhibit 21 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Plaintiff's objections to Exhibit 21 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

## V.     Objection Number 32

Material Objected To:  Exhibit 22 (Dkt. 48-25) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 22.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 22 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 22 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

FENWICK & WEST LLP

Yuga Labs further objects that Exhibit 22 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 22, and although Exhibit 22 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Plaintiff's objections to Exhibit 22 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

### W.     Objection Number 33

<u>Material Objected To</u>:   Exhibit 23 (Dkt. 48-26) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 23.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 23 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 23 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 23 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely)

FENWICK & WEST LLP

1  that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek
2  to introduce Exhibit 23 to make that unfounded (and false) accusation.

3      Yuga Labs further objects that Exhibit 23 is not authenticated. Fed. R.
4  Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 23, and
5  although Exhibit 23 contains information which might answer those concerns,
6  Mr. Tompros does not establish those facts and the document is not self-
7  authenticating.

8      Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as
9  improper hearsay.

10

11     Plaintiff's objections to Exhibit 23 to the Declaration of Louis Tompros are
12 hereby

13     _____ SUSTAINED.     _____ OVERRULED.

14

15 **X.    Objection Number 34**

16     <u>Material Objected To</u>: Exhibit 24 (Dkt. 48-27) to the Declaration of Louis
17 Tompros.

18     <u>Grounds for Objection</u>: Yuga Labs objects on the same grounds as its
19 objections stated in Objection Number 11 that the Court should not consider evidence
20 outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

21     Yuga Labs objects that this webpage is not properly the subject of judicial
22 notice and Defendants have not sought judicial notice of this Exhibit 24. Fed. R.
23 Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 24 for the
24 improper purposes of harassing Yuga Labs and needlessly increasing the cost of
25 litigation.

26     Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this
27 Exhibit 24 does not make a fact regarding Defendants' infringement of the BAYC
28 Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 24 is substantially outweighed by the danger of unfair prejudice or confusing the issues. Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 24 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 24 is not authenticated. Fed. R. Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 24, and although Exhibit 24 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 24 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.    _____ OVERRULED.

## Y.    Objection Number 35

Material Objected To:  Exhibit 25 (Dkt. 48-28) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this Exhibit 25 showing social media posts is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 25. Fed. R. Evid. 201. Yuga Labs further objects that Defendants offer Exhibit 25 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 25 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects pursuant to Federal Rule of Evidence 403 that any probative value of Exhibit 25 is substantially outweighed by the danger of unfair prejudice or confusing the issues.  Defendants lack any foundation to assert (falsely) that Yuga Labs' founders are associated with the "alt-right" and yet Defendants seek to introduce Exhibit 25 to make that unfounded (and false) accusation.

Yuga Labs further objects that Exhibit 25 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 25, and although Exhibit 25 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 25 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.

## Z.     Objection Number 36

<u>Material Objected To</u>:  Exhibit 26 (Dkt. 48-29) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 26.  Fed. R.

FENWICK & WEST LLP

Evid. 201.   Yuga Labs further objects that Defendants offer Exhibit 26 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 26 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 26 is not authenticated.   Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 26, and although Exhibit 26 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 26 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_ SUSTAINED.     \_\_\_\_\_ OVERRULED.

## AA.   Objection Number 37

Material Objected To:   Exhibit 27 (Dkt. 48-30) to the Declaration of Louis Tompros.

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this social media thread is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 27.  Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 27 for the

FENWICK & WEST LLP

improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 27 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 27 is not authenticated. Fed. R. Evid. 901. Mr. Tompros does not declare where or when he acquired Exhibit 27, and although Exhibit 27 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.


Plaintiff's objections to Exhibit 27 to the Declaration of Louis Tompros are hereby

_____ SUSTAINED.     _____ OVERRULED.


## BB.   Objection Number 38

Material Objected To:  Exhibit 28 (Dkt. 48-31) to the Declaration of Louis Tompros.

Grounds for Objection:  Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this social media thread is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 28. Fed. R. Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 28 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

FENWICK & WEST LLP

1    Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this
2    Exhibit 28 does not make a fact regarding Defendants' infringement of the BAYC
3    Marks more or less probable.

4    Yuga Labs further objects that Exhibit 28 is not authenticated.  Fed. R.
5    Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 28, and
6    although Exhibit 28 contains information which might answer those concerns,
7    Mr. Tompros does not establish those facts and the document is not self-
8    authenticating.

9    Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as
10   improper hearsay.

11

12   Plaintiff's objections to Exhibit 28 to the Declaration of Louis Tompros are
13   hereby

14   _____ SUSTAINED.   _____ OVERRULED.

15

16   **CC.   Objection Number 39**

17   <u>Material Objected To</u>:  Exhibit 29 (Dkt. 48-32) to the Declaration of Louis
18   Tompros.

19   <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its
20   objections stated in Objection Number 11 that the Court should not consider evidence
21   outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

22   Yuga Labs objects that this webpage is not properly the subject of judicial
23   notice and Defendants have not sought judicial notice of this Exhibit 29.  Fed. R.
24   Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 29 for the
25   improper purposes of harassing Yuga Labs and needlessly increasing the cost of
26   litigation.

27

28

FENWICK & WEST LLP

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 29 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 29 is not authenticated.   Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 29, and although Exhibit 29 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 29 to the Declaration of Louis Tompros are hereby

_____  SUSTAINED.     _____  OVERRULED.

**DD.   Objection Number 40**

Material Objected To:   Exhibit 30 (Dkt. 48-33) to the Declaration of Louis Tompros.

Grounds for Objection:    Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 30.  Fed. R. Evid. 201.   Yuga Labs further objects that Defendants offer Exhibit 30 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this Exhibit 30 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 30 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 30, and although Exhibit 30 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.


Plaintiff's objections to Exhibit 30 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_  SUSTAINED.   \_\_\_\_\_  OVERRULED.

### EE.   Objection Number 41

<u>Material Objected To</u>:  Exhibit 31 (Dkt. 48-34) to the Declaration of Louis Tompros.

<u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 31.  Fed. R. Evid. 201.   Yuga Labs further objects that Defendants offer Exhibit 31 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

1    Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this

2    Exhibit 31 does not make a fact regarding Defendants' infringement of the BAYC

3    Marks more or less probable.

4    Yuga Labs further objects that Exhibit 31 is not authenticated.  Fed. R.

5    Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 31, and

6    although Exhibit 31 contains information which might answer those concerns,

7    Mr. Tompros does not establish those facts and the document is not self-

8    authenticating.

9    Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as

10   improper hearsay.

11

12   Plaintiff's objections to Exhibit 31 to the Declaration of Louis Tompros are

13   hereby

14   _____ SUSTAINED.    _____ OVERRULED.

15

16   **FF.   Objection Number 42**

17   <u>Material Objected To</u>:  Exhibit 32 (Dkt. 48-35) to the Declaration of Louis

18   Tompros.

19   <u>Grounds for Objection</u>:   Yuga Labs objects on the same grounds as its

20   objections stated in Objection Number 11 that the Court should not consider evidence

21   outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

22   Yuga Labs objects that this webpage is not properly the subject of judicial

23   notice and Defendants have not sought judicial notice of this Exhibit 32.  Fed. R.

24   Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 32 for the

25   improper purposes of harassing Yuga Labs and needlessly increasing the cost of

26   litigation.

27

28

FENWICK & WEST LLP

Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Exhibit 32 does not make a fact regarding Defendants' infringement of the BAYC Marks more or less probable.

Yuga Labs further objects that Exhibit 32 is not authenticated.  Fed. R. Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 32, and although Exhibit 32 contains information which might answer those concerns, Mr. Tompros does not establish those facts and the document is not self-authenticating.

Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as improper hearsay.

Plaintiff's objections to Exhibit 32 to the Declaration of Louis Tompros are hereby

\_\_\_\_\_   SUSTAINED.      \_\_\_\_\_   OVERRULED.

### GG.   Objection Number 43

Material Objected To:  Exhibit 33 (Dkt. 48-36) to the Declaration of Louis Tompros.

Grounds for Objection:   Yuga Labs objects on the same grounds as its objections stated in Objection Number 11 that the Court should not consider evidence outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

Yuga Labs objects that this webpage is not properly the subject of judicial notice and Defendants have not sought judicial notice of this Exhibit 33.  Fed. R. Evid. 201.   Yuga Labs further objects that Defendants offer Exhibit 33 for the improper purposes of harassing Yuga Labs and needlessly increasing the cost of litigation.

FENWICK & WEST LLP

FENWICK & WEST LLP

1   Yuga Labs objects pursuant to Federal Rule of Evidence 401 that this Exhibit
2   33 does not make a fact regarding Defendants' infringement of the BAYC Marks
3   more or less probable.

4   Yuga Labs further objects that Exhibit 33 is not authenticated.  Fed. R.
5   Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 33, and
6   although Exhibit 33 contains information which might answer those concerns,
7   Mr. Tompros does not establish those facts and the document is not self-
8   authenticating.

9   Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as
10  improper hearsay.

11

12  Plaintiff's objections to Exhibit 33 to the Declaration of Louis Tompros are
13  hereby

14  _____ SUSTAINED.   _____ OVERRULED.

15

16  **HH.  Objection Number 44**

17  Material Objected To:  Exhibit 34 (Dkt. 48-37) to the Declaration of Louis
18  Tompros.

19  Grounds for Objection:  Yuga Labs objects on the same grounds as its
20  objections stated in Objection Number 11 that the Court should not consider evidence
21  outside of the pleadings in deciding the Rule 12(b)(6) or anti-SLAPP motions.

22  Yuga Labs objects that this Exhibit 34 is not properly the subject of judicial
23  notice and Defendants have not sought judicial notice of this Exhibit 34.  Fed. R.
24  Evid. 201.  Yuga Labs further objects that Defendants offer Exhibit 34 for the
25  improper purposes of harassing Yuga Labs and needlessly increasing the cost of
26  litigation.

27

28

1      Yuga Labs further objects pursuant to Federal Rule of Evidence 401 that this
2    Exhibit 34 does not make a fact regarding Defendants' infringement of the BAYC
3    Marks more or less probable.

4      Yuga Labs further objects that Exhibit 34 is not authenticated.   Fed. R.
5    Evid. 901.  Mr. Tompros does not declare where or when he acquired Exhibit 34, and
6    although Exhibit 34 contains information which might answer those concerns,
7    Mr. Tompros does not establish those facts and the document is not self-
8    authenticating.

9      Yuga Labs further objects pursuant to Federal Rule of Evidence 801 as
10   improper hearsay.

11

12     Plaintiff's objections to Exhibit 34 to the Declaration of Louis Tompros are
13   hereby

14     \_\_\_\_\_ SUSTAINED.    \_\_\_\_\_ OVERRULED.

15

16   Dated:  October 17, 2022            FENWICK & WEST LLP

17

18                                      By:  */s/ Eric Ball*
                                            Eric Ball
19                                          Attorneys for Plaintiff
                                            YUGA LABS, INC.

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP