ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
MONICA GREWAL (*pro hac vice*)
monica.grewal@wilmerhale.com
SCOTT W. BERTULLI (*pro hac vice*)
scott.bertulli@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

HENRY NIKOGOSYAN (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants*
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>  Plaintiff,<br><br>  v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>  Defendants. | Case No.: 2:22-cv-4355-JFW-JEM<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>Judge: Honorable John F. Walter |

Plaintiff Yuga Labs, Inc. ("Yuga Labs"), and Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants"), by and through their counsel of record, hereby submit this Joint Report per Rule 26(f) of the Federal Rules of Civil

Procedure ("FRCP"), L.R. 26-1, the Court's Standing Order (Dkt. 14), and the Court's August 17, 2022 Scheduling Order (Dkt. 32).  On October 3, 2022 at 10:30 a.m., the following counsel for the parties to this action met and conferred via video conference concerning the topics outlined in this report and discovery plan:

- Eric Ball (Lead Counsel), Kimberly Culp, and Ethan Thomas for Yuga Labs
- Louis Tompros (Lead Counsel), Derek Gosma, and Henry Nikogosyan for Defendants

The parties' conference lasted approximately thirty-five minutes.

**1.    Jurisdiction and Service**

This Court has subject matter jurisdiction over this trademark infringement action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Yuga Labs' claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*.  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

There are no issues regarding personal jurisdiction or venue.  Defendants have been served and/or accepted service.

**2.    Brief Chronology of the Facts and Statement of Principal Factual Issues**

The case involves certain trademarks that Yuga Labs alleges that it owns: BORED APE YACHT CLUB, BAYC, BORED APE, APE, BAYC Logo, BAYC BORED APE YACHT CLUB Logo, and Ape Skull Logo (collectively, the "BAYC Marks").  Yuga Labs began selling non-fungible tokens ("NFTs") under the BAYC Marks in April 2021.  Yuga Labs alleges, and Defendants dispute, that in May 2022, Defendants began selling NFTs under "RR/BAYC" that depict the same images as the BAYC NFTs.  Defendants allege, and Yuga Labs disputes, that RR/BAYC is an artistic project meant to, among other things, criticize and call attention to racist and neo-Nazi imagery in the BAYC NFTs.  Yuga Labs brought this action on June 24, 2022.

Because their motion to dismiss remains pending, Defendants have not yet asserted counterclaims or affirmative defenses. The factual and legal issues identified below relate only to the Plaintiff's claims and may be expanded if and when Defendants answer and counterclaim.

The principal factual issues in this case are:

- The existence of, and scope of, Yuga Labs' alleged rights in the BAYC marks
- Whether Defendants' promotion and sale of RR/BAYC NFTs:
    - is likely to cause confusion or has caused actual confusion relating to the source of the RR/BAYC NFTs or
    - suggests the RR/BAYC NFTs are connected with, sponsored by, affiliated with, or related to Yuga Labs
    - explicitly misleads consumers as to the source of the RR/BAYC NFTs
- Whether Defendants' advertising of RR/BAYC NFTs:
    - actually or impliedly claims that their RR/BAYC NFTs are equivalent to authentic BAYC NFTs
    - is likely to deceive consumers of NFTs about the material qualities of RR/BAYC NFTs
    - is likely to deceive consumers of NFTs into purchasing RR/BAYC NFTs based on actual or impliedly false statements
    - constitutes intentional and willful false statements
    - explicitly misleads consumers as to the source of the RR/BAYC NFTs
- Whether BAYC NFTs and RR/BAYC NFTs are similar, comparable, or complementary products
- Whether Yuga Labs and Defendants are competitors in the market for NFTs

- Whether Yuga Labs and Defendants market to the same or similar types of consumers
- The extent of consumer sophistication and care in purchasing products like BAYC NFTs and RR/BAYC NFTs
- Whether Yuga Labs and Defendants use the same channels of trade to sell or promote their NFTs
- Whether Defendants' alleged use of marks allegedly confusingly similar to BAYC Marks was intentional
- Whether either party will expand into new markets, and the likelihood of that expansion
- Whether Defendants' promotion and sale of RR/BAYC NFTs is expressive and protected speech
- Whether Defendants made any statement that was misleading or which had the capacity, likelihood, or tendency to deceive or confuse the public
- Whether Defendants' alleged use of the BAYC Marks was artistically relevant to the RR/BAYC project
- Whether Defendants' RR/BAYC NFTs are a product not readily identifiable without the use of the BAYC Marks
- Whether Defendants used only so much of the BAYC Marks as is reasonably necessary to identify RR/BAYC NFTs
- Whether Defendants have done anything to suggest sponsorship or endorsement by Yuga Labs
- Whether Yuga Labs' claims in this case arise from Defendants' acts in furtherance of speech that is protected under the United States Constitution
- Whether Yuga Labs' claims in this case arise from Defendants' acts in furtherance of speech that is protected under the California constitution

- Whether Yuga Labs' claims in this case would have a chilling effect on the speech of others
- Whether Defendants used the domain names https://rrbayc.com/ and https://apemarket.com/ with a bad faith intent to profit from their allegedly confusing similarity to the BAYC Marks
- Whether Defendants intentionally interfered with an economic relationship that existed between Yuga Labs and individuals who have purchased BAYC NFTs
- Whether Defendants interfered with Yuga Labs' ownership and rights in the BAYC Marks by knowingly or intentionally using them to promote their RR/BAYC NFTs
- Whether Yuga Labs has been monetarily damaged by the Defendants' promotion and sale of the RR/BAYC NFTs and/or relating to the causes of action alleged in the Complaint
- Whether Yuga Labs has engaged in any corrective marketing, advertising, or other actions in response to any alleged consumer confusion
- The amount of revenues received by Defendants (and any permissible deductions) due to the promotion and sale of the RR/BAYC NFTs and/or relating to the causes of action alleged in the Complaint
- Whether the Defendants have been unjustly enriched by the promotion and sale of the RR/BAYC NFTs and/or relating to the causes of action alleged in the Complaint
- Whether the Defendants have irreparably harmed Yuga Labs due to the promotion and sale of the RR/BAYC NFTs and/or relating to the causes of action alleged in the Complaint

Defendants further allege the following principal factual issues in this case. Yuga Labs contends that these are not elements of any cause of action, or any

defense to a cause of action, set forth in the Complaint or Defendants' motions to date. Yuga Labs therefore objects to the inclusion of these issues in this submission:

- Whether Defendants' accusations of racism against Yuga Labs and its founders have basis (see Complaint ¶ 49 ("Since early 2022, Ripps has harassed and personally attacked Yuga Labs and its founders through baseless accusations of racism over social media networks like Twitter and Instagram."))
- Whether Defendants' accusations that Yuga Labs engaged in racist, hateful, and pro-Nazi speech are true (see Complaint ¶ 49 ("Since early 2022, Ripps has harassed and personally attacked Yuga Labs and its founders through baseless accusations of racism over social media networks like Twitter and Instagram."))
- Whether the statements made by Defendants related to Yuga Labs are false (see Complaint ¶ 3 ("Ripps has targeted Yuga Labs in a campaign of harassment based on false accusations of racism"))

The parties reserve the right to clarify, expand on, or resolve the issues above as the case progress. In particular, the Defendants reserve the right to assert any counterclaims and/or affirmative defenses in response to the Complaint.

**3.  Brief Statement of the Disputed Points of Law**

The disputed points of law in this case are principally as follows:

- Whether Defendants infringed the BAYC Marks
- Whether Defendants' actions violated the Anti-Cybersquatting Consumer Protection Act
- Whether Defendants' actions constitute false designation of origin, false advertising, unfair competition, unjust enrichment, conversion, or tortious interference

- Whether Yuga Labs is entitled to damages from Defendants, and if so, what type and in what amount
- Whether Yuga Labs is entitled to equitable relief from Defendants, and if so, in what form
- Whether Defendants use of any BAYC Marks is protected speech under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989)
- Whether Defendants' use of any marks is protected under the doctrine of nominative fair use
- Whether Defendants' First Amendment arguments provide a defense to unjust enrichment as a remedy
- Whether Yuga Labs' conversion claim extends to intangible property such as trademarks
- Whether Yuga Labs can assert an intentional or negligent interference with prospective economic advantage claims based on a market theory of liability
- Whether Defendants owed Yuga Labs a duty of care
- Whether Defendants are entitled to prevail on any of their as-yet un-pled defenses and/or counterclaims
- Whether any party is entitled to attorneys' fees and costs

The parties reserve the right to clarify, expand on, or resolve the issues above as the case progress. In particular, the Defendants reserve the right to assert any counterclaims and/or affirmative defenses in response to the Complaint.

**4.     Prior, Pending, and Anticipated Motions**

Defendants re-filed their motion to strike Yuga Labs' California law causes of action under California's Anti-SLAPP statute (Cal. Civ. Proc. Code. § 425.16(c)) and to dismiss the Complaint under Fed. R. Civ. P 12(b)(6) on October 3, 2022. There are no other pending motions or those that the parties anticipate, other than those described in Section 15, *infra*.

**5.     Parties, Claims, or Defenses Expected to Be Added or Dismissed**

The Complaint names ten John Doe defendants whose identities may become known as the case and discovery progress. Yuga Labs states that additional defendants may be added as discovery and its investigation progress.

Defendants anticipate stating defenses if and when they file their Answers. Defendants may also file counterclaims.

**6.     Initial Disclosures**

The parties have exchanged the initial disclosures required under FRCP 26(a)(1).

**7.     Discovery Taken to Date, Scope of Anticipated Discovery, Proposed Limitations or Modifications of the Discovery Rules, and Proposed Discovery Plan**

Per the Court's Standing Order, the parties have begun discovery. The parties presently believe that discovery will be needed as to the elements of the claims and remedies placed in issue by the pleadings, and defenses that can be asserted with respect thereto. A proposed schedule is provided in Section 11, *infra*. The parties do not presently believe that discovery should be conducted in phases or be limited to or focused upon particular issues, except that expert discovery will follow the close of non-expert fact discovery.

The parties do not presently believe that any changes should be made to the limitations on discovery imposed by the Federal Rules or Local Rules and expect to be able to cooperatively resolve any issues that may arise with respect to such limitations.

The parties agreed that a protective order is appropriate to the extent this matter will involve the disclosure of confidential business or financial information, and information protected by California's right of privacy. On October 10, 2022, Magistrate Judge McDermott entered the parties' proposed protective order (Dkt. 51).

The parties are not presently aware of any unique issues concerning the disclosure, discovery, or preservation of electronically stored information. Such information will most likely be produced in native or TIFF format. The parties will meet and confer as appropriate.

The parties are not presently aware of any issues relating to claims of privilege or of protection as trial-preparation materials.

The parties have agreed that communications reflecting attorney advice or work-product related to this litigation and occurring on or after the date this lawsuit was filed are not subject to discovery in this case and need not be logged on any privilege log.

**8.  Related Cases or Proceedings**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**9.  Relief Sought, Including Amount of Damages and a Description of the Bases on Which Damages are Calculated.**

Yuga Labs seeks all of the relief stated in the Complaint, including actual damages including but not limited to lost sales and lost profits, enhanced damages under 15 U.S.C. § 1117, reasonable royalties, costs of corrective advertising, punitive damages for willful infringement, attorneys' fees, costs, pre-judgment interest, injunctive relief, equitable relief (including without limitation restitution, disgorgement of Defendants' profits and unjust enrichment, and the imposition of a constructive trust), and orders pursuant to 15 U.S.C. §§ 1116(a) and 1118.  Yuga Labs may elect statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name under its 15 U.S.C. § 1125(d) claim.

A precise calculation of damages is not available at this time.

Defendants seek their attorneys' fees and costs, and reserve the right to seek any and all relief to which they are entitled arising from any counterclaims that may be asserted in their answer.

**10. Interested Parties or Persons**

The parties have filed the Certifications as to Interested parties or persons required by the Local Rules. Dkts. 5, 20.

Yuga Labs has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Neither Yuga Labs nor Defendants are aware of other parties have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Mr. Ripps and Mr. Cahen are individual Defendants and are not aware of any party or entity that has an interest that could be substantially affected by the outcome of this case.

**11. Case Schedule**

The parties propose the following case schedule:

| Activity | Yuga Labs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline to Amend Pleadings or Add Parties | March 1, 2023 | December 30, 2022 |
| Fact Discovery Cut-Off | March 31, 2023 | January 31, 2022 |
| Initial Expert Disclosures and Reports Due | April 21, 2023 | February 10, 2023 |
| Rebuttal Expert Disclosures and Reports Due | May 5, 2023 | February 24, 2023 |
| Expert Discovery Cut-Off | May 19, 2023 | March 3, 2023 |
| Settlement Conference Deadline | June 30, 2023 | December 30, 2022 |
| Deadline to Hear Dispositive Motions | June 26, 2023 | April 14, 2023 |
| Deadline to File:<br>• Proposed Pretrial Conference Order; | September 29, 2023 | May 5, 2023 |

| Activity | Yuga Labs' Proposal | Defendants' Proposal |
|---|---|---|
| <ul><li>Memoranda and Contentions of Fact and Law;</li><li>Joint Witness List;</li><li>Joint Exhibit List and Exhibit Stipulation;</li><li>Proposed Verdict Form(s);</li><li>Proposed Jury Instructions / Disputed Jury Instructions;</li><li>Proposed Voir Dire Questions;</li><li>Joint Statement of the Case;</li><li>Joint Report re: Settlement</li></ul> | | |
| Final Pretrial Conference and Deadline to File Motions in Limine | October 13, 2023 | May 26, 2023 |
| Hearing on Motions in Limine | October 27, 2023 | June 2, 2023 |
| Last Date to File Final Trial Exhibit Stipulation | November 3, 2023 | June 9, 2023 |
| Jury Trial<br>Estimated Length: 5-7 days | November 6, 2023 | June 12, 2023 |

**12. Whether the Case Will Be Tried to a Jury or to the Court and Preliminary Estimate of Time Required for Trial**

The case will be tried to a jury on all claims so triable. The parties estimate trial will require 5–7 days, assuming full trial days.

**13.  Settlement**

The parties' counsel have engaged in preliminary settlement discussions but have exchanged no proposals. Yuga Labs is amenable to private mediation (ADR Procedure No. 3). Defendants are amenable to either mediation before an assigned magistrate judge or a member of the Court's mediation panel, and would prefer that mediation occur as soon as possible after resolution of Defendants' motion to dismiss.

**14.  Complex Litigation**

The parties do not believe this is a "complex case" for purposes of applying all or any part of the procedures of the Manual for Complex Litigation.

**15.  Dispositive and Partially Dispositive Motions**

Yuga Labs anticipates making a motion for summary judgment relating to at least its trademark infringement claims.

Defendants have made a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) and/or a motion to strike the California-law claims under California's anti-SLAPP statute (Cal. Code Civ. Proc. § 425.16). If any claims survive, Defendants anticipate making a motion for summary judgment on all claims.

**16.  Unusual Legal Issues Presented by the Case**

Apart from the issues addressed in Defendants' motion to strike and/or dismiss, the parties have not identified any unusual legal issues at this time.

**17.  Proposals Regarding Severance, Bifurcation, or Other Ordering of Proof**

The parties do not believe any such orders are necessary at this time.

**18.  Consent to Electronic Service**

The parties have agreed to service by email for this matter. Service by email will be considered the same as hand delivery.

Respectfully submitted,

Dated: October 20, 2022

By: */s/ Eric Ball*
Eric Ball (CSB No. 241327)
eball@fenwick.com
Kimberly Culp (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

Anthony M. Fares (CSB No. 318065)
afares@fenwick.com
Ethan M. Thomas (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff Yuga Labs, Inc.*

By: */s/ Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants
Ryder Ripps and Jeremy Cahen*

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis Tompros.

Dated: October 20, 2022

*/s/ Eric Ball*
Eric Ball