ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
MONICA GREWAL (*pro hac vice*)
monica.grewal@wilmerhale.com
SCOTT W. BERTULLI (*pro hac vice*)
scott.bertulli@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

DEREK GOSMA (SBN 274515)
derek.gosma@wilmerhale.com
HENRY NIKOGOSYAN (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants*
*Ryder Ripps and Jeremy Cahen*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No.: 2:22-cv-4355-JFW-JEM <br><br> **DISCOVERY MATTER** <br><br> **LOCAL RULE 37 JOINT STIPULATION RE YUGA LABS, INC.'S MOTION TO COMPEL** <br><br> Magistrate Judge: Hon. John E. McDermott <br> Motion Hearing Date: January 17, 2023 <br> Motion Hearing Time: 10:00 AM <br> Discovery Cutoff Date: April 3, 2023 <br> Pre-Trial Conference Date: June 9, 2023 <br> Trial Date:   June 27, 2023 |

# TABLE OF CONTENTS

**Page**

1. YUGA LABS' INTRODUCTORY STATEMENT ....................................... 3

2. RIPPS' INTRODUCTORY STATEMENT .................................................. 6

3. ISSUES IN DISPUTE ............................................................................... 8

    A.    Interrogatory No. 3 (Ripps' Use of Yuga Labs' Marks) ..................... 8

    B.    Interrogatory No. 8 (Contributors to and Investors in RR/BAYC NFTs) ............................................................................................... 13

    C.    Interrogatory No. 10 (Marketing of RR/BAYC NFTs) ..................... 18

    D.    Interrogatory No. 15 (Returns and Refunds of RR/BAYC NFTs) ..... 23

    E.    Interrogatory No. 16 (Transactions Involving the Parties' NFTs and Marks) ................................................................................... 26

    F.    Interrogatory No. 17 (Wallet Addresses) ......................................... 28

    G.    Requests for Production Nos. 1, 2, 3, 6, 13, 14, 16, 21, 22, 26, 27, and 28 (Documents Ripps Agreed to Produce in his Initial Responses re his Business Operations Infringing Yuga Labs Marks; And Yet Ripps has Continued to Fail to Make the Promised Production) ..................................................................... 31

    H.    Requests for Production Nos. 8, 9, 17, 18, 19, 20, 23, 24, 25, 32 (Documents Ripps Agreed to Produce in his Supplemental Responses re Consumer Perception and his Planned use of the Infringing Marks; And Yet Again Ripps has Failed to Make the Promised Production) ..................................................................... 51

    I.    Ripps' Rule 33(d) Responses (Interrogatory Nos. 7, 8, 10, 11, 13, 15, 16, 17) ................................................................................. 68

This Joint Stipulation is hereby submitted by Plaintiff Yuga Labs, Inc. and Defendant Ryder Ripps ("Ripps") pursuant to Local Rule 37-2 in connection with Yuga Labs' motion to compel Ripps to produce documents and supplement his written discovery responses.  Yuga Labs served its portion of this stipulation on December 13, 2022.  The Court's order establishing the schedule for this case is attached as Exhibit 1 to the Declaration of Ethan M. Thomas ("Thomas Decl.").

**1.    Yuga Labs' Introductory Statement**

In this trademark infringement dispute, Defendants launched a business venture to explicitly mislead consumers into thinking that Defendants' product — RR/BAYC NFTs — are affiliated, sponsored, or associated with Yuga Labs.  Worse still, they have intentionally cultivated and relished in the harm their scam caused by this confusion.  Defendants do not dispute that they are using Yuga Labs' marks to sell nearly identical NFTs on the same marketplaces Yuga Labs sells its NFTs, which is textbook trademark infringement and explicitly misleading use of a mark.  Rather, their communications show that the entire point of the sale of RR/BAYC NFTs *was* to profit off of confusing unsuspecting consumers into thinking that what they were purchasing was an authentic Yuga Labs product — the BAYC NFT.  Privately, they laugh and joke about the people who are deceived by their scam.  Yet, notwithstanding that this case bears the hallmarks of a business venture designed to profit from infringing another's marks, Defendants refuse to produce the most basic information in this trademark dispute.  For example:

- Defendants used Yuga Labs' BAYC Marks to explicitly mislead consumers.  Yet, Defendants have refused to produce documents showing the scope of their explicitly misleading activities.  Nor have they produced all of the internal communications amongst the Defendants and their conspirators that they know are directly relevant to their business venture designed to mislead consumers and profit off of Yuga Labs' goodwill in its BAYC Marks.  Instead — notwithstanding a commitment during the parties' meet and confer to produce direct messages — they

have produced almost exclusively public communications and a handful of cherry-picked, arbitrarily date-limited documents, willfully withholding other group chats, private messages, and data sources.

• Defendants use the BAYC Marks in their commercial websites: rrbayc.com and apemarket.com. Yet, Defendants have not produced documents relating to the registration of those domains.

• Defendants brought two developers (each of whom were to be paid through a percentage of sales of RR/BAYC and sales on Ape Market) into the scam to help Defendants execute the technology components of their business venture. Yet, Defendants refuse to produce their direct communications with these two developers.

• Defendants reserved 500 RR/BAYC NFTs to gift freely to influencers who they admit were to then "shill" (or market) the RR/BAYC NFTs so that Defendants could profit from the sale of those RR/BAYC NFTs. Yet, Defendants refuse to produce documents related to their communications with these third parties or related to Defendants' other marketing efforts.

• Defendants profited from their commercial sales of RR/BAYC NFTs. Defendants also continue to profit off of secondary sales. Yet, Defendants refuse to produce any financials related to those sales or even documents showing the timing or volume of those sales.

These are but some of the most basic categories of information about which Defendants refuse to provide discovery. Worse still, Defendants deliberately delayed the provision of discovery in this case, wasting time and resources.

Yuga Labs filed its lawsuit on June 24, 2022, and, complying with the Court's standing order, immediately began "to actively conduct discovery." Thomas Decl., Exhibit 2. It promptly served its First Set of Requests for Production ("RFPs") and First Set of Interrogatories on Ripps on July 12, 2022, which are the subject of this stipulation. Thomas Decl. ¶ 5. Although Ripps nominally responded to the written

discovery on August 15, 2022, he did not even *begin* to produce any documents until November 2022.

When Ripps finally made his first production (jointly with Defendant Cahen) on November 16, 2022, that production was limited to publicly available information and a mere 13 documents.   Thomas Decl. ¶ 13.   Defendants' supplemental December 1 production again consisted mostly of public articles and social media content, failing to address the issues raised in Yuga Labs' prior meet and confer correspondence and calls.  Thomas Decl. ¶ 16.

Yuga Labs' discovery with third parties has revealed that Defendants collected documents from third parties to produce to Yuga Labs.  But as part of this collection, Defendants *specifically* instructed a third party to collect only "publicly available" information to be produced to Yuga Labs.  Thomas Decl., Exhibit 26 (text message from Defendant Cahen to a third party sharing instructions from an unknown party to "[l]imit to publicly available information").  In other words, although Defendants have access to third parties to obtain documents responsive to Yuga Labs' requests, Defendants actively thwarted Yuga Labs' efforts to obtain discovery.  They continue to do so, forcing Yuga Labs to bring this issue before the Court.

Ripps has not provided any reason for substantially failing to produce responsive documents in the more than five months since Yuga Labs served its requests or why Defendants are actively obstructing Yuga Labs' efforts to obtain discovery.  Ripps has made two document productions consisting of less than one hundred documents.  Thomas Decl. ¶¶ 13, 16.  Almost all of those materials are publicly available; indeed, Defendants appear to have intentionally avoided the collection of non-public information relevant to this litigation.  Thomas Decl., Exhibit 26.  Ripps also has not provided meritorious objections to Yuga Labs' requests that warrant his delay and obstruction tactics.  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *U.S. ex rel.*

*O'Connell v. Chapman Univ.,* 245 F.R.D. 646, 648 (C.D. Cal. 2007).   And his interrogatories largely fail to respond at all, referring to documents that have not been produced and generally identifying entire social media accounts, while producing fewer than 100 actual documents.   Yuga Labs respectfully requests that the Court compel Ripps to immediately provide responsive information and materials as discussed below.

## 2.   Ripps' Introductory Statement

Plaintiff Yuga Labs, Inc. ("Yuga")'s motion to compel should be denied because it is moot in light of Mr. Ripps' document productions to date and forthcoming supplemental interrogatory responses.   The motion should also be denied as procedurally improper, since Yuga failed to meet and confer in good faith before filing, and, as to many of the issues in its motion, did not raise the alleged deficiencies at or before the parties' Local Rule 37-1 teleconference, but instead raised them for the first time in its motion.

Mr. Ripps and his co-defendant, Mr. Cahen, are individuals who have been targeted by Yuga, a multi-billion dollar company, for their criticism of racist and neo-nazi imagery in Yuga's Bored Ape Yacht Club series of NFTs.   As individuals, Mr. Ripps and Mr. Cahen have limited resources to support litigation.   Yuga is aggressively pursuing burdensome discovery in an apparent effort to inflict financial and psychological harm upon Mr. Ripps and Mr. Cahen.[1]   Yuga has taken this extremely hostile approach against a backdrop in which it has resisted the discovery served by Mr. Ripps and Mr. Cahen (forcing Mr. Ripps and Mr. Cahen to file their own motion to compel that will be heard on the same day).

Mr. Ripps and Mr. Cahen have worked diligently to search for and produce responsive documents in this case.   Those efforts have included hours of searching for communications and documents relating to the RR/BAYC project that is the

---

[1] Yuga's contempt for defendants is evident in its use of pejorative terms like "scam" throughout its introductory statement.

subject of this action.  The bulk of the communications about the project took place on a private Discord server.  ***Over a month ago***, Mr. Ripps and Mr. Cahen began producing the entirety of the communications on that server, and believed in good faith that those communications encompassed the vast majority of all relevant communications about the project.  Since receiving those messages, Yuga has sought irrelevant communications that took place on other platforms, including Telegram, Twitter, SMS, and others.   Although Mr. Ripps and Mr. Cahen believe such communications are irrelevant and unduly burdensome to collect and produce (in large part because these individuals must manually go through every communication they have had over many months to search for references to the RR/BAYC project), they have nonetheless spent the time to do so and made a third production of documents responsive to Yuga's requests on December 23, 2022 and plan to produce a fourth prior to the hearing on this motion.  Accordingly, at present, Mr. Ripps and Mr. Cahen have conducted more than a reasonable search and will have produced the resulting responsive, non-privileged communications in their possession, custody, or control of which they are presently aware relating to the RR/BAYC project at issue in this litigation.  In other words, the discovery that Yuga seeks in its motion has will have been produced by the time this court hears this motion.  Although Yuga may be disappointed that Mr. Ripps and Mr. Cahen's communications lack the "smoking gun" that they hoped to find to serve their hateful and slanderous narrative, that is not a basis to grant a motion to compel.

Further, the instant motion should be denied as procedurally improper.  Although the parties met and conferred telephonically on October 3, 2022, and November 28, 2022, Yuga failed to raise many of the requests at issue in this motion during either of those calls, including Requests for Production Nos. 1, 2, 3, 6, 13, 14, 16, 21, 22, 26, 27, and 28 and Interrogatories Nos. 7, 11, and 13.  *See* Thomas Declaration Ex. 9; Gosma Declaration Ex. 1.  As a result, Yuga's motion should be denied with respect to those requests.  Moreover, for the requests that actually were

raised during the parties' meet and confers, Yuga's motion is still improper because Yuga failed to engage with Mr. Ripps and meet and confer in good faith after he had made his supplemental production on December 1, 2022. Had Yuga once picked up the phone and raised any of its concerns, the issues herein could have been resolved without burdening the Court. And of course, as discussed above, Mr. Ripps has recently produced or will produce before the date of the hearing on this motion additional documents that moot the vast majority of Yuga's requests.

Mr. Ripps and Mr. Cahen have nothing to hide. The RR/BAYC project at the heart of this case is an expression of their protected right to speak out against hatred and what they view as Yuga's unethical business practices. Mr. Ripps and Mr. Cahen wish to cooperate in discovery and have their day in Court on the merits. To that end, they have spent countless hours and incurred substantial financial costs responding to discovery. Despite those efforts, Yuga rushed to court to file the instant motion in violation of the local rules and without even the courtesy of a phone call. For the reasons set forth herein, Yuga's motion should be denied.

**3.   Issues in Dispute**

**A.   Interrogatory No. 3  (Ripps' Use of Yuga Labs' Marks)**

Interrogatory No. 3:

Describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs" including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC NFTs. Mr. Ripps further objects

to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatory No. 1.

Supplemental Response:

Mr. Ripps displayed modified versions of certain Asserted Marks—for example, as incorporated into his project's title, RR/BAYC—to identify the BAYC NFT collection that the RR/BAYC project criticizes.

### 1. Yuga Labs' Position

This interrogatory asks Ripps about each of his uses of Yuga Labs' BAYC Marks[2] and his reasons for doing so. Ripps' use of Yuga Labs' marks is a core factual issue to Yuga Labs' infringement claims. Ripps has consistently admitted that he used Yuga Labs' marks, *see* Defendants' Motion to Strike (ECF No. 48) at 18 ("Mr. Ripps's appropriation art project would not be readily identifiable, or even possible, without using Yuga's marks"), 19 ("the nature of Mr. Ripps's performance and appropriation art project requires use of Yuga's marks"); *see also* Thomas Decl., Exhibit 4, Ripps Response to Interrogatory No. 5 ("'BAYC' [in RR/BAYC] references the abbreviated title of Yuga's NFT collection"). Ripps' principal engineer in his business venture also testified that Ripps used Yuga Labs' BAYC

---

[2] "BAYC Mark" is defined in the Interrogatories as "any Mark used by Yuga Labs in connection with the BAYC NFTs, including but not limited to the Marks identified in the Complaint (Dkt. 1) in the Action and specifically the Marks subject to pending trademark applications referenced in Paragraphs 24-30 of the Complaint in the Action." Thomas Decl., Exhibit 4.

Marks in Ripps' sales of the knock-off NFTs.  There is no justification for Ripps to continue withholding a straightforward response to this interrogatory — explaining his use of each of Yuga Labs' BAYC Marks.

Ripps' initial response to this interrogatory failed to provide any substantive response, instead referring to a separate interrogatory seeking "the facts and circumstances concerning the conception and creation of the RR/BAYC NFTs." Ripps promised to provide a substantive response during the parties' meet and confer, but has still failed to do so.  Instead, he narrowly confined his answer to "*modified versions* of *certain* Asserted Marks" (emphasis added).  This answer fails to address why Ripps used unmodified BAYC Marks on several occasions, including on commercial marketplaces.  It also fails to address each of the marks covered by the definition of a BAYC Mark.  For example, this was the listing page for RR/BAYCs on the Foundation marketplace:



Thomas Decl., Exhibit 23; *see also* Thomas Decl., Exhibits 24, 25.  On this page, Ripps uses multiple Yuga Labs marks, including BORED APE YACHT CLUB, BAYC, and the BORED APE YACHT CLUB logo.  Ripps addresses none of this

use (and, as discussed below, he has failed to produce documents in response to RFP No. 21 showing all of his uses of the BAYC Marks). Instead, Ripps' continues to evade a meaningful response to this interrogatory, and he should be compelled to identify and explain why and where he used any of Yuga Labs' BAYC's Marks, identified in the Complaint, modified or otherwise.

### 2. Ripps' Position

Yuga's position is misleading and mischaracterizes Mr. Ripps' Reponses to Yuga's Interrogatory No. 3. Mr. Ripps' response to Interrogatory No. 3 expressly incorporates his response to Yuga's Interrogatory No. 1. Yet Yuga has failed to include that response in its portion of the stipulation. The omitted response to Interrogatory No. 1 reads as follows:

Response to Interrogatory No. 1.:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the creation of RR/BAYC NFTs including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

At least two circumstances caused Mr. Ripps to create the RR/BAYC NFTs. First, Yuga embedded its BAYC NFTs with racist elements and then misled the public on its use of such elements. Mr. Ripps publicized Yuga's use

of racist elements on Twitter because he considered Yuga's behavior to be unethical and harmful to society. Mr. Ripps later chose to speak out against Yuga through the performance and appropriation art project known as RR/BAYC. He created the RR/BAYC NFTs to bring attention to Yuga's use of hidden racist elements and to create a community of educators that would stand up against Yuga's offensive conduct.

Second, Mr. Ripps created RR/BAYC NFTs to educate the public on the non-fungible nature of NFTs. RR/BAYC NFTs show that purchasing an NFT involves purchasing only a unique digital token recorded on the blockchain, and not the corresponding digital image. Mr. Ripps demonstrated this fact by creating RR/BAYC NFTs that identify the same digital image as BAYC NFTs, but do not copy those digital images or their unique digital tokens.

Yuga's statement that Mr. Ripps has "failed to provide any substantive response" is simply not true. As shown, Mr. Ripps' incorporated response to Interrogatory No. 1 directly addresses the question in Interrogatory No. 3, stating that the RR/BAYC project was aimed at criticizing BAYC "to bring attention to Yuga's use of hidden racist elements and to create a community of educators that would stand up against Yuga's offensive conduct."  Mr. Ripps' response goes on to explain that he wanted to "to educate the public on the non-fungible nature of NFTs" and that "Mr. Ripps demonstrated this fact by creating RR/BAYC NFTs that identify the same digital image as BAYC NFTs."   Likewise, Mr. Ripps' supplemental response to Interrogatory No. 3 answers the interrogatory's question directly, stating Mr. Ripps used certain Marks to "identify the BAYC NFT collection that the RR/BAYC project criticizes."

Yuga also incorrectly states that Mr. Ripps' response is limited to "modified versions" of the BAYC Mark and is, therefore, incomplete.  As discussed above, Mr. Ripps' response incorporates his response to Interrogatory No. 1, which is not limited

1   to modified versions but discusses a protest of BAYC NFTs generally.

2       Finally, Yuga incorrectly states that Mr. Ripps has failed to address why the

3   RR/BAYC NFTs used multiple BAYC marks. Again, Mr. Ripps' response to

4   Interrogatory No. 3 incorporates his response to Interrogatory No. 1, which explains

5   the reasons why all of the BAYC marks were used.

6       Accordingly, because Mr. Ripps has already fairly answered Yuga's

7   interrogatory, its motion should be denied.

8   **B.    Interrogatory No. 8 (Contributors to and Investors in RR/BAYC NFTs)**

9   Interrogatory No. 8:

10      Identify all persons who have invested in or contributed in any way to

11  the creation of any good, service, or NFT offered for sale in connection with

12  any RR/BAYC Mark, including but not limited to Ape Market.

13  Response:

14      Mr. Ripps objects to this Interrogatory as overly broad, unduly

15  burdensome, and not proportional to the needs of the case in that it asks Mr.

16  Ripps to "[i]dentify all persons" that have contributed "in any way" to the

17  creation of "any good, service, or NFT offered for sale in connection with any

18  RR/BAYC Mark" including persons that are not relevant or only remotely

19  relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as

20  vague and ambiguous because Yuga has not defined "good" and "service," and

21  Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps

22  also objects to this Interrogatory as vague and ambiguous because Mr. Ripps

23  is unable to determine how "Ape Market" is an example of a "good" or

24  "service." Mr. Ripps also objects to this Interrogatory as premature to the

25  extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects

26  to this Interrogatory to the extent it requests information protected from

27  disclosure by the attorney-client privilege, common interest privilege, work

28

product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify persons that substantively contributed to the RR/BAYC project. Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

• @ryder_ripps

• @JeremyCahen

• @Pauly0x

• @ApeMarketplace

**1.    Yuga Labs' Position**

This is a simple interrogatory that asks Ripps to identify contributors to and investors in the Defendants' infringing goods, services, and NFTs.  This request is plainly relevant as it seeks the identity of those who have contributed to infringing goods, service, and NFTs offered under the RR/BAYC mark.  Those individuals will have discoverable information regarding Yuga Labs' claims, Ripps' ill-gotten profits, and the credibility of Ripps' defenses to commercially selling knock-off NFTs under Yuga Labs' marks.  For example, Yuga Labs has discovered from third parties that Ripps had an "assistant" who handled the majority of the transactions involving the knock-off NFTs, but Ripps has failed to identify this individual in any manner.  At the parties' meet and confer, counsel for Yuga Labs explained that Ripps' answer to

this interrogatory was not responsive and asked him to supplement with a responsive answer identifying such persons.

Ripps' initial reason for not meaningfully responding to this interrogatory was that "there are no RR/BAYC Marks" and a supposed failure to understand the meaning of "goods" and "services." These points were clarified during the parties' meet and confer. Ripps also objected on overbreadth grounds, but failed to explain how any such individuals would not be relevant to this litigation. *See Runway TV, LLC v. De Gray*, No. 2:18-CV-02503-FMO-JC, 2020 WL 6712253, at *5 (C.D. Cal. Sept. 15, 2020) (discovery requests not overbroad where they "call for relevant information that is proportional to the needs of the case").

Ripps has not identified any such person in his response and thereby failed to answer the actual question posed by Interrogatory No. 8. Instead, Ripps references unidentified "messages" and "posts" from public sources. Ripps also relies on Fed. R. Civ. P. 33(d), but fails to identify documents from which "the answer to [the] interrogatory may be determined." This response is, of course, insufficient. "It is well established that an answer to an interrogatory must be responsive to the question." *Ricaldai v. US Investigations Servs., LLC*, No. 10-cv-7388, 2012 WL 13223296, at *2 (C.D. Cal. Sept. 4, 2012) (citing *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)). Because Ripps continues to refuse to provide an answer to this interrogatory, the Court should compel him to make an adequate and substantive response.

### 2. Ripps' Position

Yuga's position is misleading and mischaracterizes Mr. Ripps' Reponses to Yuga's Interrogatory No. 8. Mr. Ripps' response to Interrogatory No. 8 incorporates his responses to Yuga's Interrogatory Nos. 1 and 4. Yet Yuga has impermissibly failed to include those responses in its portion of the stipulation. The omitted responses are reproduced below:

<u>Response to Interrogatory No. 1:</u>

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the creation of RR/BAYC NFTs including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

At least two circumstances caused Mr. Ripps to create the RR/BAYC NFTs. First, Yuga embedded its BAYC NFTs with racist elements and then misled the public on its use of such elements. Mr. Ripps publicized Yuga's use of racist elements on Twitter because he considered Yuga's behavior to be unethical and harmful to society. Mr. Ripps later chose to speak out against Yuga through the performance and appropriation art project known as RR/BAYC. He created the RR/BAYC NFTs to bring attention to Yuga's use of hidden racist elements and to create a community of educators that would stand up against Yuga's offensive conduct.

Second, Mr. Ripps created RR/BAYC NFTs to educate the public on the non-fungible nature of NFTs. RR/BAYC NFTs show that purchasing an NFT involves purchasing only a unique digital token recorded on the blockchain, and not the corresponding digital image. Mr. Ripps demonstrated this fact by creating RR/BAYC NFTs that identify the same digital image as BAYC NFTs, but do not copy those digital images or their unique digital

tokens.

Response to Interrogatory No. 4:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "identify all RR/BAYC Marks" including RR/BAYC Marks that Yuga has not accused in this litigation, or marks that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps's performance and appropriation art project is titled RR/BAYC. "RR" stands for Mr. Ripps's name, Ryder Ripps, and "BAYC" references the abbreviated title of Yuga's NFT collection. Mr. Ripps does not claim ownership or interest in any Mark related to the RR/BAYC project, including RR/BAYC.

These responses explain, in pertinent part, that Mr. Ripps is the creator of RR/BAYC, which is directly responsive to Interrogatory No. 8. Moreover, the plain text of Mr. Ripps' supplemental response to Interrogatory No. 8 identifies by Twitter handle persons that participated in the project.

Further, Mr. Ripps' supplemental responses to Interrogatory No. 8 committed to produce documents sufficient to "identify persons that substantively contributed to the RR/BAYC project." Mr. Ripps made that production on December 1, 2022, when he produced private Discord chat messages of the creators of the RR/BAYC

project.  As such, Yuga's assertion that "Ripps has not identified any such person in his response" is incorrect.

Notwithstanding his already complete response, Mr. Ripps will, prior to the hearing on this motion, supplement his response to this interrogatory to provide a complete list of the names of the creators of the RR/BAYC project and the assistant who worked on the project.  Mr. Ripps will also identify specific documents produced pursuant to Fed. R. Civ. P. 33(d) in response to this Interrogatory.  Accordingly, there remains nothing for this court to compel for this interrogatory, and the court should deny Yuga's motion as moot.

## C.    Interrogatory No. 10 (Marketing of RR/BAYC NFTs)

Interrogatory No. 10:

Identify all persons who were or are responsible for or participating in the marketing or advertising of any goods, services, or NFTs offered for sale or sold by or for you in connection with any BAYC Mark or RR/BAYC Mark, including but not limited to Ape Market.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all persons" that are responsible for or participating in the "marketing or advertising of any goods, services, or NFTs offered for sale or sold by you or for you in connection with any BAYC Mark or RR/BAYC Mark" including persons that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "goods," "services," and "participating" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Interrogatory as vague and ambiguous because Mr. Ripps is unable to determine how "Ape Market" is an example of a "goods" or "services." Mr. Ripps further objects to this Interrogatory to the

extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC Mark. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify persons that were substantively involved in marketing the RR/BAYC project.

Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

• @ryder_ripps
• @JeremyCahen
• @Pauly0x
• @ApeMarketplace

## 1. Yuga Labs' Position

As with Interrogatory No. 8, Ripps provides a non-responsive answer to this interrogatory by generally mentioning public sources and relying on Fed. R. Civ. P. 33(d) without actually producing or identifying documents that answer the

interrogatory.  At the parties' meet and confer, counsel for Yuga Labs pointed out that Ripps' answer to this interrogatory was not responsive and asked him to supplement with a responsive answer identifying such persons.  In the course of discovery, Yuga Labs has learned of various individuals who received RR/BAYC NFTs from Defendants in exchange for marketing.  *See* Thomas Decl., Exhibit 27. Defendants have avoided the production of any such information on these payments in RR/BAYC NFTs and Yuga Labs only learned of these transactions from third parties.

This interrogatory is relevant because, as with Interrogatory No. 8, individuals involved in the marketing and promotion of Ripps' infringing products will have discoverable information regarding Yuga Labs' claims, Ripps' ill-gotten profits, and the credibility of Ripps' defenses to commercially selling knock-off NFTs under Yuga Labs' marks.  Ripps should be compelled to provide a substantive and complete response to this interrogatory as well.

### 2.     Ripps' Position

As with Interrogatory No. 8, Yuga once again fails to account for Mr. Ripps' response to Yuga's Interrogatory No. 1 and Interrogatory No. 4, which are incorporated by reference as part of Mr. Ripps' response.  The omitted responses are reproduced below:

Response to Interrogatory No. 1:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the creation of RR/BAYC NFTs including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it

requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

At least two circumstances caused Mr. Ripps to create the RR/BAYC NFTs. First, Yuga embedded its BAYC NFTs with racist elements and then misled the public on its use of such elements. Mr. Ripps publicized Yuga's use of racist elements on Twitter because he considered Yuga's behavior to be unethical and harmful to society. Mr. Ripps later chose to speak out against Yuga through the performance and appropriation art project known as RR/BAYC. He created the RR/BAYC NFTs to bring attention to Yuga's use of hidden racist elements and to create a community of educators that would stand up against Yuga's offensive conduct.

Second, Mr. Ripps created RR/BAYC NFTs to educate the public on the non-fungible nature of NFTs. RR/BAYC NFTs show that purchasing an NFT involves purchasing only a unique digital token recorded on the blockchain, and not the corresponding digital image. Mr. Ripps demonstrated this fact by creating RR/BAYC NFTs that identify the same digital image as BAYC NFTs, but do not copy those digital images or their unique digital tokens.

Response to Interrogatory No. 4:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "identify all RR/BAYC Marks" including RR/BAYC Marks that Yuga has not accused in this litigation, or marks that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr.

Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps's performance and appropriation art project is titled RR/BAYC. "RR" stands for Mr. Ripps's name, Ryder Ripps, and "BAYC" references the abbreviated title of Yuga's NFT collection. Mr. Ripps does not claim ownership or interest in any Mark related to the RR/BAYC project, including RR/BAYC.

Those responses explain, in pertinent part, that Mr. Ripps is the creator of RR/BAYC, which is directly responsive to Interrogatory No. 10. Moreover, the plain text of Mr. Ripps' response to Interrogatory No. 10 identifies by Twitter handle persons that participated in the project. Further, Mr. Ripps' supplemental responses to Interrogatory No. 10 committed to produce documents sufficient to "identify persons that were substantively involved in marketing the RR/BAYC project." Mr. Ripps made that production on December 1, 2022, which included private Discord chat messages of the creators of the RR/BAYC project. *See* RIPPSCAHEN00000301, which includes discussions relating to marketing of RR/BAYC. Thus, Yuga's assertion that Mr. Ripps has "a non-responsive answer to this interrogatory" is incorrect.

Notwithstanding his already complete response, Mr. Ripps will, prior to the hearing on this motion, supplement his response to this interrogatory to identify, by name, the individuals that were involved in marketing of RR/BAYC. Mr. Ripps will also identify specific documents produced pursuant to Fed. R. Civ. P. 33(d) in response to this Interrogatory. Accordingly, there remains nothing for this court to

compel for this interrogatory, and the court should deny Yuga's motion as moot.

**D.     Interrogatory No. 15 (Returns and Refunds of RR/BAYC NFTs)**

Interrogatory No. 15:

Identify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT," even if such requests (if any exist) are not relevant or only remotely relevant to this Litigation. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

None.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is aware of one request for a return by twitter user @orchidmouth on June 27, 2022. Mr. Ripps is not presently aware of any additional requests for returns.

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify

non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify returns of RR/BAYC NFTs of which Mr. Ripps is aware.

Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

- @ryder_ripps
- @JeremyCahen
- @Pauly0x
- @ApeMarketplace

### 1.     Yuga Labs' Position

This interrogatory seeks occasions on which purchasers of Ripps' knockoff NFTs sought to return them or seek a refund.  These instances are relevant to issues of actual confusion and harm to Yuga Labs.  *See Home Comfort Heating and Air Conditioning, Inc. v. Ken Starr, Inc.*, 2018 WL 3816745, at *7 (C.D. Cal. 2018) (considering customers' attempts to return products and requests for refunds in finding of actual confusion); *Comphy Company v. Amazon.com, Inc.*, 371 F.Supp.3d 914, 927 (W.D. Wash. 2019) (finding likelihood of confusion after considering instance where a consumer purchased defendant's product mistakenly and returned it after receiving it).

Ripps initially responded with a mere "None."  However, presented with an example of the exact circumstances sought by this interrogatory that made his initial response patently false, Ripps supplemented his answer to identify only that one instance.  Though Ripps now says he is "not presently aware of any additional requests for returns," this is belied by his own minimal document production.  In communications produced by Ripps, users discuss the common-knowledge understanding that Ripps provides purchases with refunds for RR/BAYC purchases and reservations:

- "I think RR refunded everyone who wanted them."

- "Remaing will be hand minted at some point according to Ryder. If you requested and didn't get your ape, you will be refunded."
- "U can get ur refund from Ryder"
- "Ryder allows refund. If someone had ever bought by mistake they can ping him and he'll return the eth."

Thomas Decl., Exhibit 15.  Ripps' initial response and supplemental response demonstrate that he has not undertaken a good-faith diligent review to identify responsive information.  Ripps should be compelled to identify all such instances described in this interrogatory rather than withholding responsive information.

### 2.   Ripps' Position

Yuga's suggestion that Mr. Ripps' responses "demonstrate that he has not undertaken a good-faith diligent review" is baseless.  At the time he made his initial response, Mr. Ripps was unable to recall any instance in which he was asked to refund the purchase of a RR/BAYC NFT.  When Yuga identified the instance referenced above, Mr. Ripps investigated and promptly amended his response to include that instance.

Although Yuga cited to a series of messages that it suggests evidence further refunds, the content of those messages do not support Yuga's claim.  Rather, the messages discuss the *opinions'* of participants in the messaging platform that Mr. Ripps *allows* for refunds and a possible process for obtaining them.  None of these messages identifies an actual request for a refund and, therefore, they are entirely consistent with Mr. Ripps' response to this interrogatory.

Notwithstanding his already complete response, Mr. Ripps has begun producing and will complete producing before the hearing on this motion additional public and private messages on Twitter, Discord, and Telegram, where the RR/BAYC community interacted with one another and where any refund requests would most likely have been directed.  Mr. Ripps is unaware of any other sources of information that could reflect requests for refunds that could be located after a

reasonable search.  Moreover, prior to the hearing on this motion, Mr. Ripps will provide a supplemental interrogatory response identifying any relevant documentation discovered during Mr. Ripps' most recent document collection.

Accordingly, there is nothing further for the court to compel, and the motion should be denied as moot with respect to this interrogatory.

**E.    Interrogatory No. 16 (Transactions Involving the Parties' NFTs and Marks)**

Interrogatory No. 16:

Identify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT or Mark or any RR/BAYC NFT or Mark.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. For example, the Interrogatory is overbroad because it asks Mr. Ripps to "[i]dentify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT" including transactions relating to BAYC NFTs that are not relevant or are only remotely relevant to this Litigation. The Interrogatory is also overbroad to the extent it seeks information on transactions for RR/BAYC NFTs that are unrelated or only remotely related to the accused sales in this Litigation. Mr. Ripps also objects to this Interrogatory to the extent it seeks disclosure of information that Mr. Ripps is under an obligation to a third party not to disclose. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents for which Mr. Ripps does not have an obligation to a third party to withhold from disclosure—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify whether Mr. Ripps was a beneficiary of transactions involving RR/BAYC NFT sales accused in this Litigation.

### 1.      Yuga Labs' Position

This interrogatory seeks information regarding Ripps' transactions involving either genuine BAYC NFTs or knockoff RR/BAYC NFTs.  This information is necessary to discern information such as which infringing RR/BAYC NFTs Ripps sold (and profited from), which ones he purchased or accepted as returns, and which genuine BAYC NFTs he may have bought or sold to interfere with Yuga Labs' customers or market.

This interrogatory is also relevant to, among other things, how Defendants intended to further commercialize and expand their Ape Market.  Ape Market was designed as an online marketplace to sell the Defendants' infringing NFTs alongside Yuga Labs' genuine products.  During the expansion of their scam, the Defendants and others had discussions about how to position Ape Market in the marketplace.  Ripps wrote that he should purchase a BAYC NFT to offer for sale on the Ape Market in order to offer some legitimacy to his new marketplace.  Thomas Decl., Exhibit 21.  Whether Ripps, or someone on his behalf, made this suggested purchase is relevant to establishing that Ape Market was a commercial business venture designed to profit directly off Yuga Labs' BAYC Marks.

A response to this interrogatory would require only a list of the transactions.  Ripps has failed to identify any such transactions, however.  He responds by citing to Fed. R. Civ. P. 33(d), but he has not produced or identified any records responsive

to this interrogatory.  Ripps should be compelled to identify all transactions of RR/BAYC NFTs or BAYC NFTs to which he was a party or beneficiary.

### 2.     Ripps' Position

Yuga's position that Mr. Ripps "has not produced or identified any records responsive to this interrogatory" is plainly false.  Mr. Ripps produced private Discord messages surrounding the RR/BAYC project on December 1, 2022.  These messages include a link to a document entitled "FINAL: First Draw RR/BAYC Accounting" available                                                                                        at (https://docs.google.com/spreadsheets/d/18Ez8xzby4XMsiIE_LaLiar6VAsAtMDA MVCha44ytvbQ/edit#gid=1061603011)   that   includes   transaction   specific information for the minting of and proceeds from RR/BAYC NFTs.

Prior to the hearing on this motion, Mr. Ripps will supplement his interrogatory responses to identify the spreadsheet identified above, as well as other specific documents that have relevant responsive information.  Accordingly, there is nothing for the court to compel.

### F.     Interrogatory No. 17 (Wallet Addresses)

Interrogatory No. 17:

Identify all cryptographic public keys (i.e., the public address of every wallet) used by you to send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks for "all cryptographic public keys," even though the public addresses of digital wallets are not relevant or are only remotely relevant to this Litigation. This Interrogatory is also overbroad to the extent it seeks the public address of every wallet involved in transactions of BAYC NFTs because Mr. Ripps's transactions relating to BAYC NFTs (if any exist) are not relevant or are only

remotely relevant to this Litigation. Mr. Ripps also objects to this Interrogatory to the extent it seeks disclosure of information that Mr. Ripps is under an obligation to a third party not to disclose. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Interrogatory.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify public wallet addresses controlled by Mr. Ripps that was used to send, receive, or transfer funds that were obtained from the RR/BAYC project.

### 1. Yuga Labs' Position

This interrogatory seeks the addresses of digital "wallets" used by Ripps to buy, sell, and transfer funds related to either genuine BAYC NFTs or knockoff RR/BAYC NFTs.  Similar to Interrogatory No. 16, the information sought by this interrogatory is necessary to discern Ripps' ill-gotten profits from his business venture in selling RR/BAYC NFTs.  This interrogatory also seeks to determine Ripps' involvement in market transactions of any such NFTs, and to the extent Ripps may have bought or sold either type of NFT in order to manipulate the market for them and inflate/deflate value, that information would be relevant to Yuga Labs'

damages.   The parties clarified at the meet and confer discussion that all wallet addresses should be identified, notwithstanding Ripps' initial position that cryptocurrency wallet addresses were not "cryptographic public keys."

Though this interrogatory is a simple ask for wallet addresses (alphanumeric strings of characters that serve as a rough equivalent to bank accounts on the blockchain), Ripps has failed to provide any.  Instead, he responds by citing to Fed. R. Civ. P. 33(d), but he has not produced or identified records showing wallet addresses that he uses.  Ripps should be compelled to identify all such addresses, as requested by the interrogatory, and to confirm that the list is complete.

### 2.   Ripps' Position

Yuga's position that Mr. Ripps has "failed to provide any" wallet addresses is, once again, false.  Mr. Ripps' response to Interrogatory No. 17 committed to produce documents "sufficient to identify public wallet addresses controlled by Mr. Ripps that was used to send, receive, or transfer funds that were obtained from the RR/BAYC project."  Mr. Ripps produced private Discord messages surrounding the RR/BAYC project on December 1, 2022.  These messages include a link to a document entitled "FINAL: First Draw RR/BAYC Accounting" available at (https://docs.google.com/spreadsheets/d/18Ez8xzby4XMsiIE_LaLiar6VAsAtMDA MVCha44ytvbQ/edit#gid=1061603011)   that   includes   transaction   specific information and the Wallet IDs of where the transactions were going to.  With this information, Yuga can easily ascertain the wallet addresses used by Mr. Ripps to interact with the RR/BAYC contract.

Additionally, to be further clear in his response, prior to the hearing on this motion, Mr. Ripps will produce a native version of the link described above and will supplement his interrogatory response to include information sufficient to identify the specific wallets controlled by Mr. Ripps that were used for the RR/BAYC project.  Accordingly, there is nothing for the court to compel.

**G.    Requests for Production Nos. 1, 2, 3, 6, 13, 14, 16, 21, 22, 26, 27, and 28 (Documents Ripps Agreed to Produce in his Initial Responses re his Business Operations Infringing Yuga Labs Marks; And Yet Ripps has Continued to Fail to Make the Promised Production)**

Request No. 1:

All documents and communications concerning Yuga Labs.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning Yuga Labs," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to Yuga in connection with issues

relevant to this Litigation.

Request No. 2:

All documents and communications concerning any BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any BAYC Mark," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to any asserted BAYC Mark in connection with issues relevant to this Litigation.

Request No. 3:

All documents and communications concerning any BAYC NFT.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any BAYC NFT," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to BAYC NFTs in connection with issues relevant to this Litigation.

Request No. 6:

All documents and communications concerning the advertisement of the RR/BAYC NFTs.

<u>Response</u>:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to advertisements of RR/BAYC NFTs in connection with issues relevant to this Litigation.

<u>Request No. 13</u>:

Documents sufficient to identify all channels of trade through which any RR/BAYC NFT is advertised, promoted, distributed, or sold, directly or indirectly.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[d]ocuments sufficient to identify all channels of trade through which any RR/BAYC NFT is advertised, promoted, distributed, or sold, directly or indirectly" even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "indirectly" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to disclose Mr. Ripps's use of non-public channels for the sale of RR/BAYC NFTs.

Request No. 14:

Documents sufficient to identify all channels of trade through which any good, service, or NFT using any RR/BAYC Mark is advertised, promoted, distributed, or sold, directly or indirectly.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[d]ocuments sufficient to identify all channels of trade through which any good, service, or NFT using any RR/BAYC Mark is advertised, promoted, distributed, or sold, directly or indirectly" even if such (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "indirectly" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control. Mr. Ripps also objects to the Request for being duplicative and subsumed in Request No. 13.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to disclose Mr. Ripps's use of non-public channels for the promotion of RR/BAYC Marks.

Request No. 16:

Documents sufficient to identify any person to or with whom you market, sell, or distribute or intend to market, sell, or distribute any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "good" or "service" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to disclose intended consumers for

RR/BAYC NFTs.

Request No. 21:

Documents sufficient to show each and every use by you of any BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "each and every use by you of any BAYC Mark," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to show any of the asserted BAYC Marks used in the promotion or sale of RR/BAYC NFTs.

<u>Request No. 22</u>:

All documents and communications concerning your registration, licensing, current or previous ownership, or transfer of any domain name that incorporates any BAYC Mark or RR/BAYC Mark, in whole or in part.

<u>Response</u>:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning your registration, licensing, current or previous ownership, or transfer of any domain name that incorporates any BAYC Mark or RR/BAYC Mark, in whole or in part," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through

a reasonably diligent search—sufficient to show the use of any asserted BAYC Mark in a domain name that relates to the accused activities in this Litigation.

Request No. 26:

Documents sufficient to show your revenue, gross profits, and net profits from the sale of RR/BAYC NFTs.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is investigating whether he maintains the requested information, including whether such information is maintained in the manner specified. Based on the outcome of this investigation, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to show revenues and summary P&L data for the sale of RR/BAYC NFTs.

Request No. 27:

Documents sufficient to show any costs or expenses you incurred in connection with the RR/BAYC NFTs, including all documents on which you intend to rely to show your costs or expenses in this Action.

1    <u>Response</u>:

2    Mr. Ripps incorporates his General Objections and Limitations to the
3    extent applicable to the Request. Mr. Ripps also objects to this Request as
4    premature to the extent it is inconsistent with anti-SLAPP immunity. Mr.
5    Ripps also objects to this Request to the extent it seeks documents that are
6    protected from disclosure by the attorney-client privilege, the common interest
7    privilege, the work product doctrine, or any other applicable privilege or
8    immunity against disclosure. Mr. Ripps further objects to this Request to the
9    extent that it calls for information not within Mr. Ripps's possession, custody,
10   or control. Mr. Ripps also objects to the Request for being duplicative and
11   subsumed in <u>Request No. 26</u>.

12   Subject to and without waiving the foregoing Specific Objections and
13   General Objections, Mr. Ripps responds as follows:

14   Mr. Ripps is investigating whether he maintains the requested
15   information, including whether such information is maintained in the manner
16   specified. Based on the outcome of this investigation, Mr. Ripps will produce
17   such non-privileged documents—to the extent any are kept in the ordinary
18   course of business and are located through a reasonably diligent search—
19   sufficient to show revenues and summary P&L data for the sale of RR/BAYC
20   NFTs.

21   <u>Request No. 28</u>:

22   All documents and communications concerning returns of or refunds for
23   any RR/BAYC NFT.

24   <u>Response</u>:

25   Mr. Ripps incorporates his General Objections and Limitations to the
26   extent applicable to the Request. Mr. Ripps further objects to this Request
27   because it is overly broad, unduly burdensome, vague and ambiguous, and
28   seeks information that is neither relevant to the claims or defenses of any party

to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is investigating whether he maintains the requested information, including whether such information is maintained in the manner specified. Based on the outcome of this investigation, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to show returns or refunds for RR/BAYC NFTs.

### 1. Yuga Labs' Position

Ripps acknowledged, in his initial responses on August 15, 2022 (Thomas Decl., Exhibit 5), that each of these requests seeks information discoverable under Fed. R. Civ. P. 26 and that there is no basis for withholding responsive documents. However, notwithstanding his commitment to produce these documents, Ripps has not.

Counsel for Yuga Labs raised issues with respect to these requests on November 16, 2022. Thomas Decl., Exhibit 13. Then, during a meet and confer call on November 28, 2022, counsel for Ripps addressed these document production

deficiencies by promising a substantially complete production on December 1. That production failed to address these issues.

At a minimum, Yuga Labs is entitled to receive, through these requests, the following documents:

- Every use by Ripps of a BAYC Mark, as defined in the request. (RFP 21)

- All text, SMS, Signal, Telegram, Discord, or other forms of communication amongst Ripps, Cahen, Ryan Hickman, and/or Tom Lehman, or other third parties as yet unknown to Plaintiff but known to Defendants, related to Yuga Labs, RR/BAYC NFTs, the RRBAYC RSVP contract, rrbayc.com, or apemarket.com. (*E.g.* RFP 1, 2, 3, 6, 21)

- All development documents and communications, including source code, related to RR/BAYC NFTs, the RR/BAYC RSVP contract, rrbayc.com, or apemarket.com. (*E.g.* RFP 1, 2, 3, 13, 21)

- All documents or communications with or related to the transfer of any RR/BAYC NFT to any third party to promote or advertise RR/BAYC NFTS. (*E.g.* RFP 13, 14, 16)

- All registration documents and communications related to the same for the rrbayc.com and apemarket.com domains (RFP 22)

- Documents sufficient to show revenue, gross profits, and net profits from the sale of RR/BAYC NFTS. (RFP 26)

- Documents sufficient to show any costs or expenses you incurred in connection with the RR/BAYC NFTs, including all documents on which you intend to rely to show your costs or expenses in this Action. (RFP 27)

- All documents and communications concerning returns of or refunds for any RR/BAYC NFT. (RFP 28)

Ripps has failed to produce these documents, and has therefore failed to meet his obligations under Fed. R. Civ. P. 26. *Burnett v. United States*, 2016 WL 3392263, at *5 (C.D. Cal. 2016) ("The requesting party 'is entitled to individualized, complete responses to each of the requests . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced.'").

Ripps has, and is withholding, responsive documents to these requests. For example, Ripps' communications reveal that a user going by the name of "omakse is

supposed to make a wrapper" to allow for RR/BAYC NFTs to be used on Twitter as verified profile pictures identical to the ones available for BAYC NFT holders, but he has produced no such documents or communications regarding that business and marketing arrangement.  Thomas Decl., Exhibit 15.  Ripps and Defendant Cahen ("Pauly Shore" in the messages) have also discussed "shilling" RR/BAYC NFTs through third parties to artificially inflate demand.  *See* Thomas Decl., Exhibits 27, 28.

A third party produced documents showing that Defendants regularly communicated in group chats on third party social media platforms such as Telegram and Discord about their marketing of RR/BAYC NFTs and development and marketing of the rrbayc.com and apemarket.com websites, but Ripps has not produced, or confirmed the authenticity and completeness of, those internal communications either.  *E.g.*, Thomas Decl., Exhibits 17, 18.  Worse still, one of the group chats show that on or about June 28, 2022, Ripps' assistant started another group chat about Yuga Labs that has not been produced by any party or non-party:

ryder   28-Jun-22 06:33 PM

Yuga_Labs_LOA_1.pdf
526.72 KB

arze   28-Jun-22 06:40 PM
what are you gonna do

ryder   28-Jun-22 06:51 PM
not sure
seems like a test no

middlemarch.eth   28-Jun-22 07:28 PM
Happy to brainstorm / help with what to do, though I think it's best to do so via voice call versus writing on this thing

arze   28-Jun-22 07:28 PM
should probably move over to telegram/signal

arze   28-Jun-22 07:46 PM
i can start a group chat i have everyone except tom

Thomas Decl., Exhibit 19. A third party recently testified that he and the Defendants were members of this group chat, which he believed to be on Telegram, in which Yuga Labs and the use of Yuga Labs' marks was discussed. The third party deleted those messages, but Ripps has presumably not spoliated them and should produce them. Group chats involving Defendants also show that Defendants secured the domain registrations for rrbayc.com and apemarket.com, and yet Defendants produced no documents related to those activities. *E.g.* Thomas Decl., Exhibit 20. This third party also testified that he had relevant text messages with Ripps concerning Yuga Labs, which Ripps has not produced.

Specifically, Ripps has access to but is continuing to withhold communications in at least the following places of which Yuga Labs is now aware:

- Group chat titled "RRBAYC" on Telegram (Ripps has produced none)
- An alternative group chat set up on Telegram and/or Signal for purposes of discussing Yuga Labs and use of Yuga Labs' marks (*see* Thomas Decl., Exhibit 19) (Ripps has produced none)
- Group chat titled "Team ApeMarket" on Discord (Ripps has produced none after June 24, 2022)
- Direct messages on Discord (Ripps has produced none)
- Direct messages on Telegram (Ripps has produced none)
- Direct messages on Twitter for the accounts @ryder_ripps and @ApeMarketplace (Ripps has produced messages with only one third party)
- Text messages (Ripps has produced none)
- Emails (Ripps has produced none)

Instead of producing these required communications about the litigation and Ripps' use of the infringing marks to promote his business venture and sell knockoff NFTs, Ripps and his co-defendant have continued to hide their scam and delay the production of necessary evidence. Indeed, as part of their scam, Defendant Cahen shared instructions to "[l]imit to publicly available information" Defendants' document collection in this litigation:

Thank you for your assistance with this.  That would work well if you are able to pull the information from social media.  To the extent you are able to, it would be helpful if you could incorporate the below parameters into your script:

1. Limit to publicly available information.
2. Limit to posts made in the last year.
3. Include both posts and replies to them (to the extent possible).
4. Include links or another way to access multi-media posts (gifs, attachments, etc.).

Thomas Decl., Exhibit 26.

Further, Ripps has produced no financial records, despite his promises to do so.  Expert reports in this matter are due early next year, yet he continues to delay and conceal the amount of money he has made from his scam from primary sales and continues to make from secondary sales.  He has offered no reason for obstructing discovery and failing to provide this information.

Finally, third parties have produced multiple documents showing that they communicated with Defendants and/or Defendants' counsel about Yuga Labs' subpoenas, but Defendants have not produced those communications either.  Nor have they confirmed their authenticity or produced their internal defendant-to-defendant communications.  *See* Thomas Decl., Exhibit 22.  These are but some of the many examples Yuga Labs could offer to demonstrate that it knows, without a doubt, that Ripps is continuing to withhold documents that he promised to produce months ago.

Lacking any reason for withholding these materials, Ripps should have made his production and has had months to do so.  The Court should compel Ripps to do so now.

Nevertheless, even where Ripps has made some production, it fails to comply with his discovery obligations.  For example, Ripps has produced chat messages from

the RR/BAYC Discord server in an extracted and virtually unusable format that contains only text. Attachments and images are referenced by hyperlinks to online images, but those attachments and images have not themselves been produced. *See* Thomas Decl., Exhibit 16. Several comments in the spreadsheet also contain items that have been converted to numeric strings, which are not legible in the format in which Ripps has produced the chat messages. *Id.* This stripped-down export is not a "a reasonably usable form" as required by Fed. R. Civ. P. 34(b)(2)(E)(ii).

Non-public group chat messages produced by Defendants are also stale; when Defendants finally produced these messages, they impermissibly truncated the chat at June 24, 2022, withholding months of messages following the filing of the complaint in this action. Ripps never objected (and would have no basis to object) to producing communications following June 24, 2022, in response to RFP No. 1, nor did he raise any such issue during the parties' meet and confer, but instead unilaterally decided to withhold such messages. Ripps should produce the up-to-date contents of RIPPSCAHEN00000301 in an HTML format or other form "in which it is ordinarily maintained," *id.*, which shows the correspondence as it exists on the server.

### 2. Ripps' Position

Yuga's response raises a litany of complaints, many of which have no basis in fact, and all of which are without merit.

At the threshold, Yuga has not met and conferred with Mr. Ripps about any of the Requests for Production cited to in this section (Nos. 1, 2, 3, 6, 13, 14, 16, 21, 22, 26, 27, and 28) and therefore this motion to compel is procedurally improper. None of these Requests for Production were discussed during the parties' meet and confer teleconferences, nor do they appear in any of the letters summarizing those conferences. *See* Thomas Declaration Ex. 9; Gosma Declaration Ex. 1. Instead, Yuga points to a single email sent on November 16, 2022, which does not even reference all of the requests at issue in this motion (such as Request for Production No. 22).

*See* Thomas Declaration Ex. 13.   But merely exchanging e-mail correspondence on a discovery request does not satisfy Local Rule 37-1.  For this reason alone, Yuga's motion should be denied.

Yuga's motion should also be denied because, contrary to Yuga's representation above, Mr. Ripps has already produced the responsive documents in his possession that could be located after a reasonable search.  Specifically, Mr. Ripps has made three productions of documents, and will have made a fourth before the hearing for this motion, that consist of public and private materials responsive to Yuga's Requests for Production.   These productions will include ***hundreds of thousands*** of private messages between the RR/BAYC project creators and corresponding linked materials and public messages and posts about RR/BAYC that are directly responsive to Yuga's Requests for Production.

Additionally, Yuga states that "Ripps has produced no financial records, despite his promises to do so."  Again, this is incorrect.  As discussed above, Mr. Ripps produced private Discord chat messages on December 1, 2022, that include a number of discussions about the financial status and accounting of the RR/BAYC project and link documents that do the same.  Specifically, these messages include a link to a document entitled "FINAL: First Draw RR/BAYC Accounting" available at (https://docs.google.com/spreadsheets/d/18Ez8xzby4XMsiIE_LaLiar6VAsAtMDAMVCha44ytvbQ/edit#gid=1061603011)   that   includes   transaction   specific information, "gas" usage, and a summary of "Profit Share" amongst the creators. Additionally, these messages include a link to a slide entitled "Economics" available at (https://cdn.discordapp.com/attachments/976644968816967701/976911474813464596/unknown.png) that includes information on the split for their profits amongst the creators and other economic information.  To eliminate any ambiguity, before the hearing on this motion, Mr. Ripps will produce separate files containing the contents of these linked documents and will amend its response to Interrogatory Nos. 16-17

48

to identify them.  (These are just some examples of the financial records Mr. Ripps has produced to date.)

Yuga also states that "third parties have produced multiple documents showing that they communicated with … Defendants' counsel about Yuga Labs' subpoenas, but Defendants have not …produced their internal defendant-to-defendant communications."  To be clear, the communications made between Mr. Ripps and Mr. Cahen and their lawyers about the subpoenas that have been issued in this litigation are unquestionably attorney-client privileged communications and Mr. Ripps is under no obligation to produce them to Yuga.  Moreover, any communications with third parties are subject to common-interest privilege, as the parties all have a common interest in opposing Yuga's claims.  Had Yuga discussed these issues with Mr. Ripps before filing this motion, the parties could have discussed and potentially resolved this issue.  In its rush to get before the Court, however, Yuga failed to even raise this issue in a meet and confer.

Yuga goes on to list several other categories of documents that it claims that Mr. Ripps "has failed to produce..."  This list, again, incorrectly states that Mr. Ripps has failed to produce documents that have been included in his first two productions in this action.  Specifically, Yuga states they have not received documents for "[e]very use by Ripps of a BAYC Mark…"  But Mr. Ripps has produced tweets, Instagram posts, public Discord chats, and private Discord chats, all outlining Mr. Ripps use of the alleged BAYC Marks in the RR/BAYC project.  Mr. Ripps made a further supplemental production on December 23, 2022 and will make a fourth production before the hearing on this motion.  Mr. Ripps is not presently aware of any other responsive documents in his possession that could be located after a reasonable search.

Yuga also states that they have not received "[a]ll development documents and communications, including source code" regarding the RR/BAYC project.  Mr. Ripps included in his December 1, 2022, production thousands of private Discord

messages and corresponding links that outline the development and planning of the RR/BAYC NFTs and apemarket.com.   Additionally, these messages frequently include discussion of the code the creators will use for their project, which are sent as links to the messages. *See e.g.,* (https://cdn.discordapp.com/attachments/976644968816967701/989414442716504 134/Screen_Shot_2022-06-23_at_2.19.32_AM.png).   Moreover, as a crypto-centric company like Yuga should understand, the operative Solidity code for the RR / BAYC smart contract is publicly available on the Ethereum blockchain.   *See* https://etherscan.io/token/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e.

Yuga also states that they have not received "[a]ll documents or communications with or related to the transfer of any RR/BAYC NFT to any third party to promote or advertise RR/BAYC NFTS."  Mr. Ripps' production of Private Discord messages on December 1, 2022, included multiple messages amongst the creators discussing possible marketing of the RR/BAYC NFTs.  Prior to the hearing on this motion, Mr. Ripps will produce all additional communications of which he is aware relating to the RR/BAYC project that could be located after a reasonable search, including any promotion or advertisement that may have occurred.

Yuga states that they have not received "[d]ocuments sufficient to show revenue, gross profits, and net profits from the sale of RR/BAYC NFTs" and that they have not received "[d]ocuments sufficient to show any costs or expenses you incurred in connection with the RR/BAYC NFTs…"  As discussed above, Mr. Ripps produced private Discord chat messages on December 1, 2022, that include a number of discussions about the financial status and accounting of the RR/BAYC project and link documents that do the same.  Specifically, these messages include a link to a document entitled "FINAL: First Draw RR/BAYC Accounting" available at (https://docs.google.com/spreadsheets/d/18Ez8xzby4XMsiIE_LaLiar6VAsAtMDA MVCha44ytvbQ/edit#gid=1061603011) that includes transaction specific information, "gas" usage, and a summary of "Profit Share" amongst the creators.

Finally, Yuga states they have not received "[a]ll documents and communications concerning returns of or refunds for any RR/BAYC NFT." As explained above, prior to the hearing on this motion, Mr. Ripps will have produced hundreds of thousands of private and public messages surrounding the RR/BAYC project from Twitter, Discord, Telegram and other platforms. To Mr. Ripps' knowledge, any requests for refunds would be reflected in these communications, and Mr. Ripps is not aware of any other responsive communications that could be located after a reasonable search.

Accordingly, in light of the above and the productions from Mr. Ripps, there is nothing remaining for the court to compel.

**H.    Requests for Production Nos. 8, 9, 17, 18, 19, 20, 23, 24, 25, 32 (Documents Ripps Agreed to Produce in his Supplemental Responses re Consumer Perception and his Planned use of the Infringing Marks; And Yet Again Ripps has Failed to Make the Promised Production)**

Request No. 8:

All documents and communications concerning the planned future use of the RR/BAYC NFTs.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "planned future use" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent

with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning benefits offered to RR/BAYC NFT holders and activities that monetize RR/BAYC NFTs planned for release before the close of fact discovery in this litigation.

Request No. 9:

All documents and communications concerning the planned future use of any good, service, or NFT using any BAYC Mark or RR/BAYC Mark, including but not limited to Ape Market.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the

Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "planned future use" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning goods and services associated with RR/BAYC NFTs planned for release before the close of fact discovery in this litigation.

Request No. 17:

Copies of all agreements between you and any other person involving any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "all agreements…" even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "good" or "service" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged agreements—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning goods and services associated with RR/BAYC NFTs.

Request No. 18:

Representative samples of each type of advertisement or promotional material (e.g., flyers, press releases, website pages, website banners, promotional items, artwork, social media posts) concerning the RR/BAYC NFTs.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "each type of advertisement or promotional material," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "representative samples" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control. Mr. Ripps also objects to the Request for being duplicative and subsumed in Request No. 6.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify marketing activities associated with the RR/BAYC project.

Request No. 19:

All documents and communications concerning any alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT," even if such documents (should any exist) are not related or only remotely related to the accused confusion in this Litigation. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client

privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning confusion of RR/BAYC NFTs with BAYC NFTs.

Request No. 20:

All documents and communications concerning any observations, perceptions, impressions, or inquiries as to whether any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark sold directly or indirectly by you are produced by, sponsored, or endorsed by, or in any manner associated or affiliated with Yuga Labs or any goods or services offered under any BAYC Mark or RR/BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the

Request is overbroad because it seeks "[a]ll documents and communications concerning any observations, perceptions, impression, or inquiries…." even if such documents (should any exist) are not related or only remotely related to the accused confusion in this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "good," "service," or "indirectly" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning whether the RR/BAYC project is sponsored, or endorsed by, by Yuga.

Request No. 23:

All documents and communications concerning whether your use of any Bored Ape image or BAYC Mark did or did not constitute trademark

infringement and/or fair use.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications…," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning whether the RR/BAYC project constitutes trademark

infringement.

Request No. 24:

Copies of all trademark searches, trademark clearances, internet print-outs, and other inquiries conducted by or on behalf of you concerning any BAYC Mark or RR/BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll trademark searches, trademark clearances, internet print-outs, and other inquiries conducted by or on behalf of you concerning any BAYC Mark or RR/BAYC Mark," even if such documents should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning inquiries into the BAYC Mark.

Request No. 25:

All documents and communications concerning any application or correspondence you have made to the USPTO or any state trademark registration entity in connection with any BAYC Mark, any RR/BAYC Mark, or the RR/BAYC NFTs.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps also objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's

possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning applications/correspondence with any trademark registration entity regarding the Asserted Marks.

Request No. 32:

All studies, surveys, investigations, research, development, analysis, or opinions concerning RR/BAYC NFTs, BAYC NFTs, or any BAYC Mark or RR/BAYC Mark.

Response:

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll studies, surveys, investigations, research, development, analysis, or opinions concerning RR/BAYC NFTs, BAYC NFTs, or any BAYC Mark or RR/BAYC Mark," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks

information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—concerning research conducted at the direction of the Defendants concerning the RR/BAYC project, BAYC, or the Asserted Marks.

**1.    Yuga Labs' Position**

Notwithstanding his objections, Ripps has acknowledged that each of these requests seek information discoverable under Fed. R. Civ. P. 26 and that there is no basis for withholding responsive documents.  These requests seek basic information relevant to Yuga Labs' trademark infringement claims.  Briefly:

- RFP 8 concerns "planned future use of the RR/BAYC NFTs," which is relevant to injunctive relief to which Yuga Labs may be entitled concerning Ripps' ongoing infringement of Yuga Labs' marks.  Ripps specifically

agreed in his supplemental response to produce documents "concerning benefits offered to RR/BAYC NFT holders and activities that monetize RR/BAYC NFTs planned for release," but has not done so.

- RFP 9 concerns "planned future use of any good, service, or NFT using any BAYC Mark or RR/BAYC Mark," which is similarly relevant to injunctive relief to which Yuga Labs may be entitled concerning Ripps' ongoing infringement of Yuga Labs' marks. Ripps specifically agreed in his supplemental response to produce documents "concerning goods and services associated with RR/BAYC NFTs planned for release," but has not done so.

- RFP 17 concerns agreements involving RR/BAYCs, which is relevant to, for example, the extent of Ripps infringement and tortious interference with Yuga Labs' business, the identities of potential witnesses, and Ripps' ill-gotten profits from his infringing commercial activities.

- RFP 18 concerns "agreements between you and any other person involving any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark," which is similarly relevant to, for example, the extent of Ripps infringement and tortious interference with Yuga Labs' business, the identities of potential witnesses, and Ripps' ill-gotten profits from his infringing commercial activities.

- RFP 19 concerns "alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT," which is relevant to the issue of likelihood of confusion and therefore Yuga Labs' trademark claims. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1150 (9th Cir. 2002) ("Evidence of actual confusion is strong evidence that future confusion is likely . . . .").

- RFP 20 concerns "observations, perceptions, impressions, or inquiries" as to whether goods, services, and NFTs offered by you are "produced by,

sponsored, or endorsed by, or in any manner associated or affiliated with" Yuga Labs or its goods and services.  This is similarly relevant to likelihood of confusion.  *See Entrepreneur Media*, 279 F.3d at  1140 ("The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks.").

- RFP 23 concerns documents and communications about "whether your use of any Bored Ape image or BAYC Mark did or did not constitute trademark infringement and/or fair use."  This is relevant because Ripps' "intent in selecting the marks" is a factor in determining trademark infringement.  *See Entrepreneur Media*, 279 F.3d at  1140 (9th Cir. 2002).

- RFP 24 concerns trademark searches and inquiries regarding "any BAYC Mark or RR/BAYC Mark," which is also relevant to Ripps' intent in selecting the RR/BAYC mark.  Yuga Labs clarified in the parties' meet and confer that it did not expect Ripps to produce privileged documents in response to this request.

- RFP 25 concerns "any application or correspondence you have made to the USPTO or any state trademark registration entity in connection with any BAYC Mark, any RR/BAYC Mark, or the RR/BAYC NFTs," which is also relevant to Ripps' intent in selecting the RR/BAYC mark and Ripps' claim that ApeMarket and RR/BAYC are registered trademarks.  If Ripps has no responsive documents, he should say that he has no responsive documents.

- RFP 32 concerns "studies, surveys, investigations, research, development, analysis, or opinions concerning RR/BAYC NFTs, BAYC NFTs, or any BAYC Mark or RR/BAYC Mark."  Such documents are relevant to consumer perception of the BAYC and RR/BAYC marks, and they would speak to likelihood of confusion and the harm that Ripps has caused to Yuga Labs' brand by commercially offering knockoff products.

At the parties' meet and confer, Yuga Labs asked Ripps to produce documents responsive to these requests. Ripps' proffered reasons for not responding (including purported ambiguity as to the terms "Marks," "goods," and "services," and questions concerning privilege as to RFP Nos. 24, 25, and 32) were resolved at the meet and confer. However, Ripps has failed to produce documents responsive to any of these requests, even after the parties met and conferred regarding the requests and agreed that responsive documents should be produced. Lacking any reason for withholding these materials, Ripps should have made his production and has had months to do so. The Court should compel Ripps to produce the documents now.

### 2.    Ripps' Position

Yuga incorrectly states that for a number of Request for Production, Mr. Ripps was asked to produce documents and "has not done so." For example, they state that Mr. Ripps has not produced documents regarding "planned future use of the RR/BAYC NFTs…" or "planned future use of any good, service, or NFT using any BAYC Mark or RR/BAYC Mark." This is incorrect. On December 1, 2022, Mr. Ripps produced private Discord messages between the creators of RR/BAYC NFT that discussed planned future use of the RR/BAYC NFTs. Additionally, before the hearing on this motion, Mr. Ripps will produce public posts on Twitter and Instagram that include discussions of planned future use of the RR/BAYC NFTs. Finally, in a third production on December 23, 2022, and a fourth production before the hearing on this motion, Mr. Ripps will have produced hundreds of thousands of additional communications from Discord, Telegram, Twitter, and other platforms that would contain any communications responsive to these requests that could be located after a reasonable search.

Yuga also states that Mr. Ripps has not produced "agreements involving RR/BAYCs" or "agreements between you and any other person involving any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark." This is incorrect. On December 1, 2022, Mr. Ripps produced private Discord

messages between the creators of RR/BAYC NFT that included agreements involving the RR/BAYC NFT and project.  For example, these messages include a link to a slide entitled "Economics" available at (https://cdn.discordapp.com/attachments/976644968816967701/976911474813464596/unknown.png) that includes information on the agreement the RR/BAYC creators had to split their profits.  Additionally, in a third production on December 23, 2022, and a fourth production before the hearing on this motion, Mr. Ripps will have produced hundreds of thousands of additional communications from Discord, Telegram, Twitter, and other platforms that would contain any communications responsive to these requests that could be located after a reasonable search.

Additionally, Yuga states that Mr. Ripps has not produced documents regarding "alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT."  This is incorrect.  On November 15, 2022, and December 1, 2022, Mr. Ripps produced various public messages about RR/BAYC from Twitter, Instagram, and Discord as well as private Discord messages between the creators of RR/BAYC NFT.  Additionally, in a third production on December 23, 2022, and a fourth production before the hearing on this motion, Mr. Ripps will have produced hundreds of thousands of additional communications from Discord, Telegram, Twitter, and other platforms that would contain any communications responsive to these requests that could be located after a reasonable search.  These productions include the entirety of the responsive communications that Mr. Ripps is aware that could include information about those topics that could be located after a reasonable search.

Yuga also states that Mr. Ripps has not produced documents regarding "'observations, perceptions, impressions, or inquiries' as to whether goods, services, and NFTs offered by you are 'produced by, sponsored, or endorsed by, or in any manner associated or affiliated with' Yuga Labs or its goods and services." This is incorrect.  On November 15, 2022, and December 1, 2022, Mr. Ripps produced

various public messages about RR/BAYC from Twitter, Instagram, and Discord as well as private Discord messages between the creators of RR/BAYC NFT. Additionally, in a third production on December 23, 2022, and a fourth production before the hearing on this motion, Mr. Ripps will have produced hundreds of thousands of additional communications from Discord, Telegram, Twitter, and other platforms that would contain any communications responsive to these requests that could be located after a reasonable search. These productions include the entirety of the responsive communications that Mr. Ripps is aware that could include information about those topics that could be located after a reasonable search.

Accordingly, because Mr. Ripps has produced all of the communications he located about the RR/BAYC project, there is nothing for the court to compel.

I.      **Ripps' Rule 33(d) Responses (Interrogatory Nos. 7, 8, 10, 11, 13, 15, 16, 17)**

Interrogatory No. 7:

Identify all persons who were or are responsible for or participating in the conception or creation of the RR/BAYC NFTs.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all persons" involved in the creation of RR/BAYC NFTs even if such persons are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "participating" or "responsible for." For purposes of responding to this Interrogatory, Mr. Ripps interprets "participating" to mean substantial involvement in the creation of RR/BAYC NFTs at the direction of Mr. Ripps and "responsible for" to mean those who directly contributed to the creation of RR/BAYC NFTs at the direction of Mr. Ripps. Mr. Ripps also objects to this Interrogatory as premature to the extent

it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify persons that Mr. Ripps directed to participate in the creation of RR/BAYC NFTs.

Interrogatory No. 8:

Identify all persons who have invested in or contributed in any way to the creation of any good, service, or NFT offered for sale in connection with any RR/BAYC Mark, including but not limited to Ape Market.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all persons" that have contributed "in any way" to the creation of "any good, service, or NFT offered for sale in connection with any RR/BAYC Mark" including persons that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "good" and "service," and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Interrogatory as vague and ambiguous because Mr. Ripps is unable to determine how "Ape Market" is an example of a "good" or "service." Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects

to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business

and are located through a reasonably diligent search—sufficient to identify persons that substantively contributed to the RR/BAYC project. Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

@ryder_ripps

@JeremyCahen

@Pauly0x

@ApeMarketplace

Interrogatory No. 10:

Identify all persons who were or are responsible for or participating in the marketing or advertising of any goods, services, or NFTs offered for sale or sold by or for you in connection with any BAYC Mark or RR/BAYC Mark, including but not limited to Ape Market.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr.

Ripps to "[i]dentify all persons" that are responsible for or participating in the "marketing or advertising of any goods, services, or NFTs offered for sale or sold by you or for you in connection with any BAYC Mark or RR/BAYC Mark" including persons that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "goods," "services," and "participating" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Interrogatory as vague and ambiguous because Mr. Ripps is unable to determine how "Ape Market" is an example of a "goods" or "services." Mr. Ripps further objects to this Interrogatory to the extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC Mark. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify persons that were substantively involved in marketing the RR/BAYC project.

Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

@ryder_ripps

@JeremyCahen

@Pauly0x

@ApeMarketplace

Interrogatory No. 11:

Describe all channels of trade through which you have offered for sale, sold, or provided RR/BAYC NFTs.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. For example, the Interrogatory is overbroad because it asks Mr. Ripps to "[d]escribe all channels of trade" for the RR/BAYC NFTs including channels of trade that are publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business, not publicly available, and are located through a reasonably diligent search—sufficient to identify channels of trade for RR/BAYC NFTs.

Interrogatory No. 13:

State the revenues derived from the sales of the RR/BAYC NFTs and an explanation of how such revenues were calculated.

Response:

Mr. Ripps objects to this Interrogatory as vague and ambiguous because Yuga has not defined "revenues derived." For purposes of answering this Interrogatory, Mr. Ripps interprets the term to mean the gross income produced through sales. Mr. Ripps further objects to this interrogatory as vague and ambiguous because Yuga has requested an "explanation of how such revenues were calculated" without explain what would constitute an "explanation" that is adequately responsive to this request. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify the sales revenue of RR/BAYC NFTs.

Interrogatory No. 15:

Identify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a

RR/BAYC NFT," even if such requests (if any exist) are not relevant or only remotely relevant to this Litigation. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

None.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is aware of one request for a return by twitter user @orchidmouth on June 27, 2022. Mr. Ripps is not presently aware of any additional requests for returns.

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify returns of RR/BAYC NFTs of which Mr. Ripps is aware.

Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

@ryder_ripps

@JeremyCahen

@Pauly0x

@ApeMarketplace

Interrogatory No. 16:

Identify every transaction to which you were a party or beneficiary,

including any secondary sales, involving any BAYC NFT or Mark or any RR/BAYC NFT or Mark.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. For example, the Interrogatory is overbroad because it asks Mr. Ripps to "[i]dentify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT" including transactions relating to BAYC NFTs that are not relevant or are only remotely relevant to this Litigation. The Interrogatory is also overbroad to the extent it seeks information on transactions for RR/BAYC NFTs that are unrelated or only remotely related to the accused sales in this Litigation. Mr. Ripps also objects to this Interrogatory to the extent it seeks disclosure of information that Mr. Ripps is under an obligation to a third party not to disclose. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents for which Mr. Ripps does not have an obligation to a third party to withhold from disclosure—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify whether Mr. Ripps was a beneficiary of transactions involving RR/BAYC NFT sales accused in this Litigation.

Interrogatory No. 17:

Identify all cryptographic public keys (i.e., the public address of every wallet) used by you to send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT.

Response:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks for "all cryptographic public keys," even though the public addresses of digital wallets are not relevant or are only remotely relevant to this Litigation. This Interrogatory is also overbroad to the extent it seeks the public address of every wallet involved in transactions of BAYC NFTs because Mr. Ripps's transactions relating to BAYC NFTs (if any exist) are not relevant

or are only remotely relevant to this Litigation. Mr. Ripps also objects to this Interrogatory to the extent it seeks disclosure of information that Mr. Ripps is under an obligation to a third party not to disclose. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Interrogatory.

Supplemental Response:

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to

identify public wallet addresses controlled by Mr. Ripps that was used to send, receive, or transfer funds that were obtained from the RR/BAYC project.

### 1.    Yuga Labs' Position

Despite Ripps' representation that his document production is now the "lion's share" of documents he intends to hand over in this litigation, he has failed to properly answer the eight interrogatories numbered above.

Instead of answering substantively, Ripps responds pursuant to Fed. R. Civ. P. 33(d), offering to "produce and identify" responsive documents. "Under Rule 33(d), the responding party chooses to produce business records in answer to the interrogatories — not to avoid answering them.  To answer an interrogatory, "a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived."  *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999).  If the responding party "is *unable* to identify the specific documents sufficient to respond to the question asked by [the interrogatory," a narrative response is both more practical and required by the Rules." *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV-11-2389 SJO-SS, 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016) *see also Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-2389 SJO (SS), 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016) (responding party relying on Rule 33(d) "must identify in its written response the relevant documents by bates range with enough specificity to enable [the requesting party] to identify" the responsive documents, or "provide a narrative response.").

Even though the responses identified here are Ripps' supplemental responses following a meet and confer regarding his deficient initial responses, Ripps further delays by promising to produce and identify documents at some unspecified future time.  Ripps has represented that he has now completed the "lion's share" of his document production, and these evasive responses are merely another tactic to delay participating in good faith in discovery.  Far from "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify

them as readily as the responding party could," Fed. R. Civ. P. 33(d)(1), Ripps **has not even produced the materials necessary to answer these interrogatories.**

Having failed to comply with Fed. R. Civ. P. 33(d), Ripps should be compelled to provide substantive, narrative responses to these interrogatories.

### 2. Ripps' Position

At the threshold, Yuga has not met and conferred with Mr. Ripps about Interrogatories Nos. 7, 11, and 13 and therefore this motion to compel is procedurally improper. None of these Interrogatories were discussed during the parties' meet and confer teleconferences, nor do they appear in any of the letters summarizing those conferences. *See* Thomas Declaration Ex. 9; Gosma Declaration Ex. 1. For this reason alone, Yuga's motion should be denied.

Yuga incorrectly states that Mr. Ripps "has not even produced the materials necessary to answer these interrogatories." As outlined fully in the sections above, Mr. Ripps will have produced by the hearing on this motion hundreds of thousands of private and public messages, posts, documents, and communications regarding the RR/BAYC project to answer Yuga's discovery requests. It is inaccurate to state that Mr. Ripps has not produced sufficient materials to answer any of these interrogatories. Although Yuga may be disappointed that Mr. Ripps' communications do not serve the false narrative they have put forward in this litigation, that issue is distinct from whether Mr. Ripps has satisfied his obligations in discovery. Mr. Ripps will, before the hearing on this motion, provide supplemental interrogatory responses identifying specific documents pursuant to Rule 33(d).

Respectfully submitted,

Dated:  December 27, 2022

By: */s/   Ethan M. Thomas*
Eric Ball (CSB No. 241327)
eball@fenwick.com
Kimberly Culp (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

Anthony M. Fares (CSB No. 318065)
afares@fenwick.com
Ethan M. Thomas (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff Yuga Labs, Inc.*

By: */s/ Henry Nikogosyan*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Defendants*
*Ryder Ripps and Jeremy Cahen*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Ethan M. Thomas attests that concurrence in the filing of this document has been obtained from Henry Nikogosyan.

Dated:  December 27, 2022        _/s/ Ethan M. Thomas_____
                                            Ethan M. Thomas