# Exhibit 4

Exhibit 4
Pg. 75

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC., <br><br>     Plaintiff, <br><br>    vs. <br><br> RYDER RIPPS, JEREMY CAHEN, and DOES 1-10, <br><br>     Defendant. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **YUGA LABS, INC.'S INTERROGATORIES TO RYDER RIPPS, SET ONE** <br><br> Honorable John F. Walter |

**PROPOUNDING PARTY:**  Yuga Labs, Inc.

**RESPONDING PARTY:**  Ryder Ripps

**SET NUMBER:**  One

*Sidebar:* FENWICK & WEST LLP — ATTORNEYS AT LAW

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Yuga Labs, Inc. ("Yuga"), by and through the undersigned attorneys, hereby propound the following First Set of Interrogatories to Defendant Ryder Ripps ("Ripps").  These Interrogatories are to be answered fully and separately in writing and under oath by Ripps , within thirty (30) days of service hereof, or at such mutual time agreed upon by the parties.

**I.      DEFINITIONS**

1.      The terms "plaintiff" or "Yuga Labs" refer to plaintiff Yuga Labs, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under its control.

2.      The terms "you," "your," or "defendant" mean defendant Ryder Ripps, his employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on his behalf or under his control.

3.      "This Action" refers to *Yuga Labs, Inc. v. Ryder Ripps, et al.*, United States District Court, Central District of California, Case No. 2:22-cv-04355-JFW-JEM.

4.      The term "NFT" means non-fungible token.

5.      The term "BAYC NFT" refers to any NFT on the collection of NFTs on the Ethereum blockchain known as "Bored Ape Yacht Club."

6.      The term "RR/BAYC NFT" refers to any NFT on the collection of NFTs on the Ethereum blockchain referred to as "RR/BAYC."

7.      The term "Mark" means any word, name, symbol, design, shape, number, slogan, or device, or any combination thereof, that is used by a person to identify and distinguish the person's goods or services from the goods or services of others.

8.      The term "BAYC Mark" refers to any Mark used by Yuga Labs in connection with the BAYC NFTs, including but not limited to the Marks identified

**Exhibit 4
Pg. 77**

in the Complaint (Dkt. 1) in the Action and specifically the Marks subject to pending trademark applications referenced in Paragraphs 24-30 of the Complaint in the Action.

9. The term "RR/BAYC Mark" refers to any Mark used by you or any other defendant in connection with the RR/BAYC NFTs.

10. The term "Ape Market" refers to the NFT marketplace promoted on https://twitter.com/ApeMarketplace that claims to allow users to "Trade YugaLabs NFTs with 0% royalties" and "Listing requires an RRBAYC token."

11. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to emails, text or SMS messages, social media posts, chat applications (including but not limited to Facebook Messenger, Discord, Slack, Signal, Whatsapp, and Telegram), private social media messages (e.g. Twitter direct messaging, etc.), and posts to online discussion forums.

12. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13. The terms "person" or "persons" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. "Identify," when used with respect to any natural person, means to state the person's full name, present or last-known address, and present or last-known employer.

15. "Identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person), means to state the entity's name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

16.     "Identify," when used with respect to any document, means to state the document's title and subject matter, form (*e.g.*, letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

17.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

18.     The term "including" shall be construed to mean including but not limited to.

19.     The terms "regarding," "relating to," "related to," and/or "referring to" mean concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request.

20.     The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

21.     The terms "any" and "each" should be understood to include and encompass "all."

22.     The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

23.     The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

**II.     INSTRUCTIONS**

1.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If further information comes into the possession or to the attention of you or your attorneys at any time during the course of this litigation, such information must be provided as required by the Federal Rules of Civil Procedure.

FENWICK & WEST LLP
ATTORNEYS AT LAW

2. Each interrogatory must be answered with your entire knowledge, available from all sources, including all information and documents in your possession or control, or in the possession or control of your agents, representatives and attorneys, or otherwise available to you. If any interrogatory has subparts, then you must answer each part separately and in full.

3. If any document identified in response to any of these interrogatories was, but is no longer in your possession, custody, or subject to your control, or is no longer in existence,

state whether it:

(a) is missing or lost;

(b) has been destroyed;

(c) has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

(d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

(e) identify the writings that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee, and the number of pages.

4. To the extent you allege that any interrogatory, portion of any interrogatory, or any term used in any interrogatory is vague, ambiguous, subject to varying interpretations, or unclear, please use the common and reasonable interpretation of the word or phrase and explain your interpretation of the word or phrase.

5. If you elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit Yuga Labs to locate and identify, as readily as you can, the business records from which the answer may be ascertained.

FENWICK & WEST LLP
ATTORNEYS AT LAW

6.      Each discovery request shall be construed independently and not with reference to any other discovery request for the purpose of limitation.

7.      None of the interrogatories set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the interrogatory.

8.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular manner, set forth the details of such qualification.

## INTERROGATORIES

## SET 1

**INTERROGATORY NO. 1:**

Describe in detail the facts and circumstances concerning the conception and creation of the RR/BAYC NFTs.

**INTERROGATORY NO. 2:**

Describe in detail the facts and circumstances concerning the decision to associate the RR/BAYC NFTs with the same Bored Ape images that are associated with the BAYC NFTs.

**INTERROGATORY NO. 3:**

Describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs.

**INTERROGATORY NO. 4:**

Identify all RR/BAYC Marks.

**INTERROGATORY NO. 5:**

Describe in detail the facts and circumstances concerning the selection and adoption of the RR/BAYC Marks, including without limitation when the Marks were

selected, the reason the Marks were selected to identify your goods, services, or NFTs, (e.g., the impression or meaning sought to convey to consumers), and the person(s) involved in the selection and adoption of the RR/BAYC Marks.

**INTERROGATORY NO. 6:**

Describe in detail how each RR/BAYC Mark relates to or describes your goods, services, or NFTs.

**INTERROGATORY NO. 7:**

Identify all persons who were or are responsible for or participating in the conception or creation of the RR/BAYC NFTs.

**INTERROGATORY NO. 8:**

Identify all persons who have invested in or contributed in any way to the creation of any good, service, or NFT offered for sale in connection with any RR/BAYC Mark, including but not limited to Ape Market.

**INTERROGATORY NO. 9:**

Identify all goods, services, and NFTs you have offered for sale, sold, provided under or in connection with any BAYC Mark or RR/BAYC Mark.

**INTERROGATORY NO. 10:**

Identify all persons who were or are responsible for or participating in the marketing or advertising of any goods, services, or NFTs offered for sale or sold by or for you in connection with any BAYC Mark or RR/BAYC Mark, including but not limited to Ape Market.

**INTERROGATORY NO. 11:**

Describe all channels of trade through which you have offered for sale, sold, or provided RR/BAYC NFTs.

**INTERROGATORY NO. 12:**

Describe all classes and/or types of customers that comprise the intended market for RR/BAYC NFTs.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

**INTERROGATORY NO. 13:**

State the revenues derived from the sales of the RR/BAYC NFTs and an explanation of how such revenues were calculated.

**INTERROGATORY NO. 14:**

Describe each and every instance of which you are aware in which any person has been in any way confused, mistaken, or deceived as to the origin, creator, affiliation, connection, or association of any RR/BAYC NFT or BAYC NFT.

**INTERROGATORY NO. 15:**

Identify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT.

**INTERROGATORY NO. 16:**

Identify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT or Mark or any RR/BAYC NFT or Mark.

**INTERROGATORY NO. 17:**

Identify all cryptographic public keys (i.e., the public address of every wallet) used by you to send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT.

Dated: July 11, 2022          FENWICK & WEST LLP

By:    */s/ Ethan M. Thomas*
       Ethan M. Thomas

Attorneys for Plaintiff
YUGA LABS, INC.

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am employed in Santa Clara County, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041.  On the date set forth below, I served a copy of the following documents:

**YUGA LABS, INC.'S INTERROGATORIES TO RYDER RIPPS, SET ONE**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Henry Nikogosyan<br>Wilmer Cutler Pickering<br>Hale and Dorr LLP<br>350 S. Grand Ave., Suite 2400<br>Los Angeles, CA 90071 | Louis W. Tompros<br>Wilmer Cutler Pickering<br>Hale and Dorr LLP<br>60 State Street<br>Boston, MA  02109 |

☑ **BY US MAIL:**  by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices.  I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Dated:  July 12, 2022

_Betti J. Walrod_
Betti J. Walrod