# Exhibit 5

Exhibit 5
Pg. 85

1 | Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
2 | Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
3 | Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
4 | **WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
5 | 60 State Street
Boston, MA 02109
6 | Telephone: (617) 526-6000
Fax: (617) 526-5000
7 |
8 | Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
9 | **WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
10 | 350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
11 | Telephone: (213) 443-5300
Fax: (213) 443-5400

12 | Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

13

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>Defendants. | Case No.  2:22-cv-04355-JFW-JEM<br><br>**RYDER RIPPS'S RESPONSE TO YUGA LABS, INC.'S FIRST SET OF DOCUMENT REQUESTS TO RYDER RIPPS (NOS. 1-34)**<br><br>Judge: Hon. John F. Water |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Ryder Ripps hereby responds and objects to Plaintiff Yuga Labs, Inc.'s ("Yuga") First Set of Requests for Production of Documents to Ryder Ripps ("First Set of Requests for Production to Mr. Ripps"), served on July 14, 2022.

1

## **GENERAL OBJECTIONS AND LIMITATIONS**

1. Mr. Ripps objects to the Requests to the extent they seek to impose on Mr. Ripps any duty or obligation that is inconsistent with or in excess of those that are imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or case law.  Mr. Ripps will respond to the Requests in the manner required by the Federal Rules of Civil Procedure and any other applicable rule or case law.  Mr. Ripps's responses are limited to the scope of the discovery set forth therein.

2. Mr. Ripps objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, or seek discovery of documents that are neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.

3. Mr. Ripps objects to the Requests to the extent that they seek to require Mr. Ripps to search for or provide information not in his possession, custody, or control, including, but not limited to, information in the possession, custody, or control of third parties.  Mr. Ripps is not under any obligation to search for or provide information not in his possession, custody, or control, and does not take on any obligation to do so.

4. Mr. Ripps objects to the Requests to the extent they are not appropriately limited in time or seek information for periods of time that are not relevant to any claim or defense.

5. Mr. Ripps objects to the Requests to the extent they seek to require Mr. Ripps to produce documents beyond what Mr. Ripps is able to locate upon a reasonable search of his own files and from a reasonable inquiry of its current employees.

6. Mr. Ripps objects to the Requests to the extent they request "all documents" as overly broad, unduly burdensome, and likely to seek discovery of documents that are neither relevant to the claims or defenses of any party to this action nor proportional to the needs of this case.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 87**

7. Mr. Ripps objects to the Requests as overly broad and unduly burdensome to the extent they fail to impose any reasonable limitation on the locations and custodians from whom documents must be sought.

8. Mr. Ripps objects to the Requests to the extent they seek the discovery of information that is protected by the attorney-client privilege, the attorney common interest privilege, the work product doctrine, the common interest doctrine, the joint defense privilege, or any other privilege or protection from disclosure provided by law. Mr. Ripps intends to and does claim all applicable privileges with respect to all such information, and any inadvertent disclosure of any protected or privileged information shall not be deemed or construed to constitute a waiver of any right or privilege.

9. Mr. Ripps objects to the Requests to the extent they seek disclosure of information, documents, or things that Mr. Ripps is under an obligation to a third party, court order, or other legal obligation not to disclose. Mr. Ripps will disclose any such responsive, non-privileged, documents or things in accordance with a formal, court-approved protective order and after complying with its obligations to the third party and/or court.

10. Mr. Ripps objects to the Requests insofar as they seek the production of documents that would violate the privacy rights of third parties; confidentiality or non-disclosure arrangements between Mr. Ripps and any of its actual or potential suppliers, current or former employees, or other persons or entities not connected to this litigation; the confidentiality of settlement discussions or agreements; or any court orders restricting the disclosure of such documents.

11. Mr. Ripps objects to the Requests to the extent they seek documents about activities beyond the scope of United States law, including, without limitation, activities conducted entirely abroad. Unless otherwise noted, Mr. Ripps will only produce documents concerning accused activities in the United States.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 88**

12.     Mr. Ripps objects to each Request to the extent that it is duplicative of any other discovery request.

13.     Mr. Ripps objects to the Requests to the extent they require Mr. Ripps to draw a legal conclusion in order to make a proper response.

14.     Mr. Ripps objects to the Requests under Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) to the extent they prematurely seek information that is properly within the scope of expert testimony.

15.     Mr. Ripps objects to the Requests to the extent they purport to impose a duty on Mr. Ripps to undertake a search for documents or things for which Yuga is equally able to search and evaluate.  In particular, Mr. Ripps objects to the Requests to the extent they seek documents that are in the public domain or that that have already been provided to or are otherwise already in the possession of or available to, Yuga.

16.     Mr. Ripps objects to the Requests to the extent they concern issues for which Yuga bears the burden of proof and has not yet provided any evidence or presented any theory as to how it intends to attempt to meet its burden.

17.     Mr. Ripps's responses are made without waiving or intending to waive any objections as to relevance, materiality, privilege, or admissibility of any information in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial answer to any Request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

18.     Nothing in Mr. Ripps's responses to the Requests constitutes an admission concerning the scope of the claims of any of the Asserted Marks.

19.     Neither these General Objections and Limitations nor the Specific Objections and Responses set forth below are an admission relative to the existence of any information, documents, or things sought, the relevance or admissibility of any response, or the truth or accuracy of any statement or characterization contained in any particular Request.

20.     The documents to be produced will be produced for review at a mutually convenient time and place and pursuant to an agreed upon protective order.

21.     Mr. Ripps has responded to the Requests based on documents and things in its possession, custody, and control and information that it has been able to ascertain based on reasonable inquiry.  Mr. Ripps provides these responses without prejudice to their right to obtain and present additional information, documents, and things ascertained in the future, such as through further investigation, discovery, or otherwise. Mr. Ripps's discovery and investigation of facts relevant to this litigation are ongoing. Accordingly, Mr. Ripps reserves his right to amend, modify or supplement its responses as necessary and in accordance with Federal Rule of Civil Procedure 26(e).

22.     Mr. Ripps has identified below certain categories of responsive materials that, if any exist, it will produce pursuant to these Requests in accordance with the Order Regarding Discovery of Electronically Stored Information and Protective Order to be entered in this case.  Mr. Ripps will not produce materials beyond those categories specifically identified in its responses.  Mr. Ripps has also identified below certain categories of materials that, if any exist, it intends to withhold on the basis of its objections to the extent that it is presently aware of any such materials.  *See* Fed. R. Civ. P. 34(b)(2)(C).  However, discovery in this case is at an early stage, and Mr. Ripps's investigation of the materials it may have within its possession, custody, and control is ongoing.  Accordingly, Mr. Ripps's identification materials that, if any exist, it will either produce or withhold based on its objections should not be construed as an admission concerning the existence of specific materials.  Mr. Ripps reserves the right to identify additional materials that it will produce pursuant to these Requests, or that it will withhold pursuant to its objections, as discovery progresses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Mr. Ripps objects to Yuga's definition of "Defendant," "You," and "Your" to the extent that it purports to include persons or entities that are not parties to

1   this action, parties whose action and/or knowledge are not properly attributable to Mr.

2   Ripps, in whole or in part, and/or whom Mr. Ripps does not control.  For purpose of

3   responding to the Requests for Production, Mr. Ripps interprets the terms as covering

4   only Mr. Ripps. Where the terms "you," "your," or "defendant" is used, Mr. Ripps will

5   provide only such information and documents in his possession, custody, or control

6   that reasonably can be identified as responsive to each Request for Production.

7       2.      Mr. Ripps objects to the definition of "Mark" (and similar terms) as

8   defined by Yuga to the extent these terms seek to cover words, names, symbols,

9   designs, shapes, numbers, slogans, devices, or any combination thereof that is not

10  covered by the Lanham Act or other laws implicated in the Complaint.

11      3.      Mr. Ripps objects to the definition of "communication" to the extent the

12  term includes information subject to the attorney-client privilege, work-product

13  doctrine, the attorney common interest privilege, the common interest doctrine, the

14  joint defense privilege, or any other privilege or protection from disclosure provided

15  by law.  Additionally, Mr. Ripps objects to the definition's inclusion of all means for

16  the "transmittal of information" as vague, ambiguous, overbroad, and unduly

17  burdensome.

18      4.      Mr. Ripps objects to Yuga's definition of "Person" as vague, ambiguous,

19  overbroad, and unduly burdensome to the extent it includes "any natural person or legal

20  entity, including, without limitation, any business or governmental entity or

21  association."  Such definition is overbroad and would lead to unduly burdensome

22  requests for information and documents not within Mr. Ripps's possession, custody, or

23  control.  For purposes of responding to the Requests, Mr. Ripps's interprets the term

24  "Person" as covering a natural person or business entity and the acts of that natural

25  person or business entity.  Where the term "Person" is used, Mr. Ripps will provide

26  only such information and documents in his possession, custody, or control that can be

27  reasonably identified as responsive to each Request.

28

---

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 91**

5.       Mr. Ripps objects to the definition of "Identify" as defined by Yuga as overbroad, unduly burdensome, and seeking information that is in the public domain to the extent it includes a person's "full name, present or last-known address, and present or last-known employer;" and a legal entity's "name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity."

6.       Mr. Ripps objects to the definition of "concerning" as defined by Yuga on the ground that, in light of Yuga's definition of this term, the Requests for Production are overly broad, unduly burdensome, and seek documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

7.       Mr. Ripps objects to the definition of "regarding," "relating to," "related to," and /or "referring to" as defined by Yuga on the ground that, in light of Yuga's definition of these terms, the Requests for Production are overly broad, unduly burdensome, and seek documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

8.       Mr. Ripps objects to Yuga's Instruction No. 2.  Mr. Ripps's documents will be produced in accordance with the Order Regarding Discovery of Electronically Stored Information to be entered in this case.  Further, Mr. Ripps will produce documents under the format specified in the Order Regarding Discovery of Electronically Stored Information only after there is a Protective Order entered in this case.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENT

Subject to any Specific Objections set forth below, specifically incorporating each of the foregoing General Objections into the Specific Response below,  without waiving any of the Specific or General Objections, and preserving the right to supplement or amend these objections later, Mr. Ripps responds as follows:

**REQUEST NO. 1:**

All documents and communications concerning Yuga Labs.

**RESPONSE TO REQUEST NO. 1:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning Yuga Labs," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to Yuga in connection with issues relevant to this Litigation.

**REQUEST NO. 2:**

All documents and communications concerning any BAYC Mark.

8

**RESPONSE TO REQUEST NO. 2:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any BAYC Mark," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to any asserted BAYC Mark in connection with issues relevant to this Litigation.

**REQUEST NO. 3:**

All documents and communications concerning any BAYC NFT.

**RESPONSE TO REQUEST NO. 3:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any BAYC NFT," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to BAYC NFTs in connection with issues relevant to this Litigation.

**REQUEST NO. 4:**

All documents and communications concerning the creation, consideration, design, or development of the RR/BAYC NFTs.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 95**

**RESPONSE TO REQUEST NO. 4:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning the creation, consideration, design, or development of the RR/BAYC NFTs" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation.  This Request is also vague and ambiguous because Yuga has not defined "consideration . . . of the RR/BAYC NFTs," and Mr. Ripps is not able to determine how Yuga is using this term.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to the creation of the RR/BAYC NFTs.

11

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 96**

**REQUEST NO. 5:**

All documents and communications concerning the creation, consideration, design, development, or first use of any RR/BAYC Mark.

**RESPONSE TO REQUEST NO. 5:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning the creation, consideration, design, development, or first use of any RR/BAYC Mark," even if such documents and communications (should any exist) are not related or only remotely related to this Litigation and without limiting the Request to accused RR/BAYC Marks.  This Request is also vague and ambiguous because Yuga has not defined "consideration . . . of any RR/BAYC Mark" and Mr. Ripps is not able to determine how Yuga is using this term.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 97**

**REQUEST NO. 6:**

All documents and communications concerning the advertisement of the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 6:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—referring to advertisements of RR/BAYC NFTs in connection with issues relevant to this Litigation.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 98**

**REQUEST NO. 7:**

All communications with actual or potential consumers concerning the advertisement of the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 7:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll communications…" even if such communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.  Mr. Ripps also objects to the Request for being duplicative and subsumed in Request No. 6.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—referring to communications with consumers concerning advertisements of RR/BAYC NFTs that are relevant to this Litigation.

---

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 99**

**REQUEST NO. 8:**

All documents and communications concerning the planned future use of the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 8:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "planned future use" and Mr. Ripps is unable to determine how Yuga is using this term.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

**REQUEST NO. 9:**

All documents and communications concerning the planned future use of any good, service, or NFT using any BAYC Mark or RR/BAYC Mark, including but not limited to Ape Market.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 100**

**RESPONSE TO REQUEST NO. 9:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "planned future use" and Mr. Ripps is unable to determine how Yuga is using this term.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

**REQUEST NO. 10:**

All documents and communications concerning goods or services offered in connection with the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 10:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 101**

needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…." even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "goods and services" and Mr. Ripps is unable to determine how Yuga is using this term.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

**REQUEST NO. 11:**

All documents and communications concerning goods or services offered in connection with any RR/BAYC Mark.

**RESPONSE TO REQUEST NO. 11:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…." even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "goods and services" and

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 102**

Mr. Ripps is unable to determine how Yuga is using this term.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

**REQUEST NO. 12:**

All documents and communications concerning any benefits offered or given to the owner of a RR/BAYC NFT.

**RESPONSE TO REQUEST NO. 12:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such documents and communications (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "benefits offered or given" and Mr. Ripps is unable to determine how Yuga is using this term.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 103**

privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Request.

**REQUEST NO. 13:**

Documents sufficient to identify all channels of trade through which any RR/BAYC NFT is advertised, promoted, distributed, or sold, directly or indirectly.

**RESPONSE TO REQUEST NO. 13:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[d]ocuments sufficient to identify all channels of trade through which any RR/BAYC NFT is advertised, promoted, distributed, or sold, directly or indirectly" even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "indirectly" and Mr. Ripps is unable to determine how Yuga is using this term.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 104**

Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to disclose Mr. Ripps's use of non-public channels for the sale of RR/BAYC NFTs.

**REQUEST NO. 14:**

Documents sufficient to identify all channels of trade through which any good, service, or NFT using any RR/BAYC Mark is advertised, promoted, distributed, or sold, directly or indirectly.

**RESPONSE TO REQUEST NO. 14:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[d]ocuments sufficient to identify all channels of trade through which any good, service, or NFT using any RR/BAYC Mark is advertised, promoted, distributed, or sold, directly or indirectly" even if such (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "indirectly" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 105**

Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control. Mr. Ripps also objects to the Request for being duplicative and subsumed in Request No. 13.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to disclose Mr. Ripps's use of non-public channels for the promotion of RR/BAYC Marks.

**REQUEST NO. 15:**

Documents sufficient to describe the actual and target purchasers of any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark you have sold or plan or intend to sell.

**RESPONSE TO REQUEST NO. 15:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "good," "target," or "service" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 106**

disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to disclose intended consumers for RR/BAYC NFTs.

**REQUEST NO. 16:**

Documents sufficient to identify any person to or with whom you market, sell, or distribute or intend to market, sell, or distribute any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark.

**RESPONSE TO REQUEST NO. 16:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "good" or "service" and Mr. Ripps is unable to determine how Yuga is using these terms.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 107**

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to disclose intended consumers for RR/BAYC NFTs.

**REQUEST NO. 17:**

Copies of all agreements between you and any other person involving any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark.

**RESPONSE TO REQUEST NO. 17:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "all agreements…" even if such documents (should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "good" or "service" and Mr. Ripps is unable to determine how Yuga is using these terms.     Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**Exhibit 5 Pg. 108**

**REQUEST NO. 18:**

Representative samples of each type of advertisement or promotional material (e.g., flyers, press releases, website pages, website banners, promotional items, artwork, social media posts) concerning the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 18:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "each type of advertisement or promotional material," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request as vague and ambiguous because Yuga has not defined "representative samples" and Mr. Ripps is unable to determine how Yuga is using this term. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control. Mr. Ripps also objects to the Request for being duplicative and subsumed in Request No. 6.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 109**

**REQUEST NO. 19:**

All documents and communications concerning any alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT.

**RESPONSE TO REQUEST NO. 19:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT," even if such documents (should any exist) are not related or only remotely related to the accused confusion in this Litigation. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 20:**

All documents and communications concerning any observations, perceptions, impressions, or inquiries as to whether any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark sold directly or indirectly by you are

produced by, sponsored, or endorsed by, or in any manner associated or affiliated with Yuga Labs or any goods or services offered under any BAYC Mark or RR/BAYC Mark.

**RESPONSE TO REQUEST NO. 20:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning any observations, perceptions, impression, or inquiries…." even if such documents (should any exist) are not related or only remotely related to the accused confusion in this Litigation. Mr. Ripps further objects to this Request because Yuga has not defined "good," "service," or "indirectly" and Mr. Ripps is unable to determine how Yuga is using these terms.     Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 21:**

Documents sufficient to show each and every use by you of any BAYC Mark.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 111**

**RESPONSE TO REQUEST NO. 21:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "each and every use by you of any BAYC Mark," even if such documents (should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to show any of the asserted BAYC Marks used in the promotion or sale of RR/BAYC NFTs.

**REQUEST NO. 22:**

All documents and communications concerning your registration, licensing, current or previous ownership, or transfer of any domain name that incorporates any BAYC Mark or RR/BAYC Mark, in whole or in part.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 112**

**RESPONSE TO REQUEST NO. 22:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning your registration, licensing, current or previous ownership, or transfer of any domain name that incorporates any BAYC Mark or RR/BAYC Mark, in whole or in part," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to show the use of any asserted BAYC Mark in a domain name that relates to the accused activities in this Litigation.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 113**

**REQUEST NO. 23:**

All documents and communications concerning whether your use of any Bored Ape image or BAYC Mark did or did not constitute trademark infringement and/or fair use.

**RESPONSE TO REQUEST NO. 23:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents and communications…," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 24:**

Copies of all trademark searches, trademark clearances, internet print-outs, and other inquiries conducted by or on behalf of you concerning any BAYC Mark or RR/BAYC Mark.

29

**RESPONSE TO REQUEST NO. 24:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll trademark searches, trademark clearances, internet print-outs, and other inquiries conducted by or on behalf of you concerning any BAYC Mark or RR/BAYC Mark," even if such documents should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.   Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 25:**

All documents and communications concerning any application or correspondence you have made to the USPTO or any state trademark registration entity in connection with any BAYC Mark, any RR/BAYC Mark, or the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 25:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly

broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps also objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 26:**

Documents sufficient to show your revenue, gross profits, and net profits from the sale of RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 26:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

**Exhibit 5
Pg. 116**

1    Subject to and without waiving the foregoing Specific Objections and General

2 Objections, Mr. Ripps responds as follows:

3    Mr. Ripps is investigating whether he maintains the requested information,

4 including whether such information is maintained in the manner specified.  Based on

5 the outcome of this investigation, Mr. Ripps will produce such non-privileged

6 documents—to the extent any are kept in the ordinary course of business and are

7 located through a reasonably diligent search—sufficient to show revenues and

8 summary P&L data for the sale of RR/BAYC NFTs.

9 **REQUEST NO. 27:**

10    Documents sufficient to show any costs or expenses you incurred in connection

11 with the RR/BAYC NFTs, including all documents on which you intend to rely to show

12 your costs or expenses in this Action.

13 **RESPONSE TO REQUEST NO. 27:**

14    Mr. Ripps incorporates his General Objections and Limitations to the extent

15 applicable to the Request.  Mr. Ripps also objects to this Request as premature to the

16 extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this

17 Request to the extent it seeks documents that are protected from disclosure by the

18 attorney-client privilege, the common interest privilege, the work product doctrine, or

19 any other applicable privilege or immunity against disclosure.  Mr. Ripps further

20 objects to this Request to the extent that it calls for information not within Mr. Ripps's

21 possession, custody, or control.  Mr. Ripps also objects to the Request for being

22 duplicative and subsumed in Request No. 26.

23    Subject to and without waiving the foregoing Specific Objections and General

24 Objections, Mr. Ripps responds as follows:

25    Mr. Ripps is investigating whether he maintains the requested information,

26 including whether such information is maintained in the manner specified.  Based on

27 the outcome of this investigation, Mr. Ripps will produce such non-privileged

28

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 117**

documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to show revenues and summary P&L data for the sale of RR/BAYC NFTs.

**REQUEST NO. 28:**

All documents and communications concerning returns of or refunds for any RR/BAYC NFT.

**RESPONSE TO REQUEST NO. 28:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications…" even if such (should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is investigating whether he maintains the requested information, including whether such information is maintained in the manner specified.  Based on the outcome of this investigation, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 118**

located through a reasonably diligent search—sufficient to show returns or refunds for RR/BAYC NFTs.

**REQUEST NO. 29:**

All documents not already produced that you intend to rely on in this Action.

**RESPONSE TO REQUEST NO. 29:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents not already produced that you intend to rely on in this Action." Mr. Ripps also objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—that Mr. Ripps will produce documents that Mr. Ripps intends to rely on at trial.

**REQUEST NO. 30:**

All documents supporting the bases for your answer.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 119**

**RESPONSE TO REQUEST NO. 30:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents…" Mr. Ripps also objects to this Request as vague and ambiguous because Yuga has not defined "answer." For purposes of answering this Request, Mr. Ripps will interpret "answer" as referring to Mr. Ripps's Answer to Yuga's Complaint in this Litigation. Mr. Ripps also objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps will produce documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to show the bases for any counterclaims and/or defenses that Mr. Ripps raises in his Answer.

**REQUEST NO. 31:**

All documents referred to or quoted in your answer.

---

35

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 120**

**RESPONSE TO REQUEST NO. 31:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, the Request is overbroad because it seeks "[a]ll documents…" Mr. Ripps also objects to this Request as vague and ambiguous because Yuga has not defined "answer." For purposes of answering this Request, Mr. Ripps will interpret "answer" as referring to Mr. Ripps's Answer to Yuga's Complaint in this Litigation. Mr. Ripps also objects to this Request to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control. Mr. Ripps also objects to the Request for being duplicative and subsumed in Request No. 30.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps will produce documents referred to in his Answer to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search.

**REQUEST NO. 32:**

All studies, surveys, investigations, research, development, analysis, or opinions concerning RR/BAYC NFTs, BAYC NFTs, or any BAYC Mark or RR/BAYC Mark.

**RESPONSE TO REQUEST NO. 32:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll studies, surveys, investigations, research, development, analysis, or opinions concerning RR/BAYC NFTs, BAYC NFTs, or any BAYC Mark or RR/BAYC Mark," even if such documents (should any exist) are not related or only remotely related to this Litigation. Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.   Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 33:**

All documents and communications concerning complaints you have received regarding the creation, existence, authenticity, or utility of the RR/BAYC NFTs.

**RESPONSE TO REQUEST NO. 33:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither

**Exhibit 5
Pg. 122**

relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning complaints you have received regarding the creation, existence, authenticity, or utility of the RR/BAYC NFTs," even if such documents (should any exist) are not related or only remotely related to this Litigation. This Request is also vague and ambiguous because Yuga has not defined "complaints." For purposes of responding to this Request, Mr. Ripps interprets "complaints" to mean written submissions expressing dissatisfaction.  Mr. Ripps further objects to this Request to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business, are not publicly available, and are located through a reasonably diligent search—sufficient to show complaints from RR/BAYC NFT consumers relating to confusion with BAYC NFTs.

**REQUEST NO. 34:**

All documents and communications concerning this Action, including any communications with other parties to the Action and any documents received from third parties in response to a request by you or a subpoena.

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 123**

**RESPONSE TO REQUEST NO. 34:**

Mr. Ripps incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Ripps further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  For example, the Request is overbroad because it seeks "[a]ll documents and communications concerning this Action…."  even if such (should any exist) are not related or only remotely related to this Litigation.  Mr. Ripps also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure.  Mr. Ripps further objects to this Request to the extent that it calls for information not within Mr. Ripps's possession, custody, or control.  Mr. Ripps also objects to this Request to the extent that it is inconsistent with the Federal Rules of Civil Procedure, including without limitation Rule 26(b).

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

To the extent any non-privileged documents exist, Mr. Ripps will produce such non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—received from Defendant Jeremy Cahen or third parties in response to a subpoena in this Litigation.

Dated:  August 15, 2022                    By: */s/   Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)

1

scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**

2

60 State Street
Boston, MA 02109

3

Telephone: (617) 526-6000
Fax: (617) 526-5000

4

5

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com

6

**WILMER CUTLER PICKERING
 HALE AND DORR LLP**

7

350 South Grand Ave., Suite 2400
Los Angeles, CA 90071

8

Telephone: (213) 443-5300
Fax: (213) 443-5400

9

Attorneys for Defendants

10

*Ryder Ripps and Jeremy Cahen*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5
Pg. 125**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail on August 15, 2022, on counsel of record for Yuga Labs, Inc.  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  August 15, 2022                       */s/  Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

---

41

MR. RIPPS'S RESPONSES YUGA'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

**Exhibit 5**
**Pg. 126**