# Exhibit 7

**Exhibit 7**
**Pg. 149**



555 California Street  
12th Floor  
San Francisco, CA 94104

415.875.2300  
Fenwick.com

Ethan M. Thomas  
EThomas@fenwick.com  |  415.875.2238

September 23, 2022

VIA EMAIL

Louis Tompros  
Monica Grewal  
Scott Bertulli  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, Massachusetts 02109  
louis.tompros@wilmerhale.com  
monica.grewal@wilmerhale.com  
scott.bertulli@wilmerhale.com

Henry Michael Nikogosyan  
Wilmer Cutler Pickering Hale and Dorr LLP  
350 South Grand Avenue Suite 2400  
Los Angeles, CA 90071  
henry.nikogosyan@wilmerhale.com

Re:    *Yuga Labs, Inc. v. Ripps et al.*, No. 2:22-cv-04355-JFW-JEM (C.D. Cal.), <u>Ryder Ripps' Discovery Responses</u>

Dear Counsel:

Pursuant to L.R. 37-1, we write to identify issues with Defendant Ryder Ripps' ("Ripps") responses to Plaintiff Yuga Labs, Inc. ("Yuga Labs") First Set of Interrogatories ("interrogatories" or "ROGs") and First Set of Requests for Production of Documents ("RFPs").  Please let us know your availability within the next ten days to meet and confer regarding these issues so that we may attempt to narrow or eliminate the issues that will require a discovery motion.

Below is a brief summary of the issues to be discussed.

1. **Interrogatories**

"The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007).  "It is well established that an answer to an interrogatory must be responsive to the question."  *Ricaldai v. US*

Exhibit 7  
Pg. 150

Louis Tompros
September 23, 2022
Page 2

*Investigations Servs., LLC*, No. 10-cv-7388, 2012 WL 13223296, at *2 (C.D. Cal. Sept. 4, 2012) (citing *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)).

Ripps' responses to the interrogatories listed below are either non-responsive (ROGs 3, 8. 10), demonstrably incorrect (ROG 15), or lacking clarity as to the objections and promised response (ROG 16). Additionally, the interrogatory to which Ripps offers to meet and confer is unobjectionable and should be answered.

ROG 3 asks Ripps to "[d]escribe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs." Ripps incorporates his response to ROG 1 without providing any further response. However, Ripps' response to ROG 1 only addresses what "circumstances caused Mr. Ripps to create the RR/BAYC NFTs." Neither component of this response addresses why Ripps chose to use the BAYC Marks in connection with those NFTs, and Ripps' statement that he incorporates his response to ROG 1 is therefore not responsive. Please supplement this response to respond to the interrogatory.

Similarly, as to ROGs 8 and 10, Ripps responds only by incorporating his responses to ROG 1 and ROG 4 (in which Ripps disclaims ownership of or interest in any RR/BAYC Mark and purports to explain the meaning of the name "RR/BAYC"). However, neither of these responses remotely address the questions asked by ROG 8 (which concerns "persons who have invested in or contributed in any way to the creation of any good, service, or NFT offered for sale in connection with any RR/BAYC Mark") or ROG 10 (which concerns "persons who were or are responsible for or participating in the marketing or advertising of any goods, services, or NFTs offered for sale or sold by or for you in connection with any BAYC Mark or RR/BAYC Mark"). Please supplement these responses to respond to the interrogatories.

ROG 15 asks Ripps to "[i]dentify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT." Ripps' response is "None." This is plainly false, as even a review of publicly available information reveals. For instance, Ripps responded to a tweet from June 27, 2022, requesting to return a RR/BAYC NFT and provided instructions how to do so:[1]

---

[1] https://twitter.com/orchidmouth/status/154155432596051148

Exhibit 7
Pg. 151

Louis Tompros
September 23, 2022
Page 3



Please explain Ripps' basis for this response and supplement this response to be factually accurate.

ROG 16 asks Ripps to "[i]dentify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT or Mark or any RR/BAYC NFT or Mark." Ripps responds that he will produce documents pursuant to Fed. R. Civ. P. 33(d) to respond to this interrogatory, but qualifies that such documents will be limited to those "for which Mr. Ripps does not have an obligation to a third party to withhold from disclosure." If Ripps intends to withhold documents on this subject based on an obligation to a third party, please identify that obligation with specificity or confirm that you will produce such documents following entry of a protective order.

ROG 17 asks Ripps to identify public addresses of wallets used by Ripps to "send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT." Ripps states he is willing to meet and confer on this topic. This interrogatory is plainly relevant to damages, restitution, and disgorgement of profits, especially in light of Ripps' claims in prior meet and confer correspondence that his profits from the RR/BAYC NFTs is significantly lower than reflected in blockchain records. Please supplement this interrogatory to provide the public addresses requested.

2.     Requests for Production

Additionally, Ripps states he is willing to meet and confer regarding several RFPs. This is functionally a refusal to produce documents based on Ripps' objections. Ripps makes this response as to the following requests (among others), which are typical requests of a trademark-infringement defendant and seek basic information relevant to Yuga Labs' claims:

- RFP 8 (concerning "planned future use of the RR/BAYC NFTs")

- RFP 9 (concerning "planned future use of any good, service, or NFT using any BAYC Mark or RR/BAYC Mark")

- RFP 17 (agreements involving RR/BAYCs)

Exhibit 7
Pg. 152

Louis Tompros
September 23, 2022
Page 4

- RFP 18 (concerning "agreements between you and any other person involving any RR/BAYC NFT or any good, service, or NFT using any BAYC Mark or RR/BAYC Mark")

- RFP 19 (concerning "alleged confusion, mistake, or deception as to the origin, creator, affiliation, connection, or association of any BAYC NFT or RR/BAYC NFT")

- RFP 20 (concerning "observations, perceptions, impressions, or inquiries" as to whether goods, services, and NFTs offered by you are "produced by, sponsored, or endorsed by, or in any manner associated or affiliated with" Yuga Labs or its goods and services)

- RFP 23 (concerning documents and communications about "whether your use of any Bored Ape image or BAYC Mark did or did not constitute trademark infringement and/or fair use")

- RFP 24 (concerning trademark searches and inquires regarding "any BAYC Mark or RR/BAYC Mark")

- RFP 25 (concerning "any application or correspondence you have made to the USPTO or any state trademark registration entity in connection with any BAYC Mark, any RR/BAYC Mark, or the RR/BAYC NFTs")

- RFP 32 (concerning "studies, surveys, investigations, research, development, analysis, or opinions concerning RR/BAYC NFTs, BAYC NFTs, or any BAYC Mark or RR/BAYC Mark")

Yuga Labs' position is that these are all relevant and appropriate requests within the scope of Fed. R. Civ. P. 26, and Ripps' reply to each is non-responsive. Please be prepared to discuss these RFPs, the basis for Ripps' objection, and what Ripps plans to produce in response to the requests. Additionally, please provide an update as to when Ripps will produce the documents that he agreed to produce in his responses to the RFPs.

Sincerely,

FENWICK & WEST LLP

*/s/ Ethan M. Thomas*

Ethan M. Thomas

Exhibit 7
Pg. 153