# Exhibit 8

Exhibit 8
Pg. 154

WILMERHALE

September 29, 2022

**Henry Nikogosyan**

+1 213 443 5300 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

**_By Electronic Mail_**
Ethan M. Thomas
Fenwick & West LLP
555 California Street, 12th Florr
San Francisco, CA 94041
ethomas@fenwick.com

Re:  *Yuga Labs, Inc. v. Ripps*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Ethan:

I write in response to your letter dated September 23, 2022, concerning Ryder Ripps's discovery responses.  We are available to meet and confer on October 3, 2022, at 10:00 a.m. Pacific time. During that same teleconference, we propose that we also conduct our Rule 26(f) conference. Please let us know if that time works for you.

Specific responses to the issues raised in your September 23, 2022, letter are below.

**1.      Interrogatories**

Plaintiff's Interrogatory No. 3 requests an explanation of why the RR/BAYC project used the purported BAYC Marks.  Mr. Ripps's response incorporates his response to Interrogatory 1, which explains that the RR/BAYC project is performance and appropriation art, which are intended as criticism of Yuga and the BAYC collection for their use of, among other things, Nazi symbolism and imagery.  This response addresses the full scope of Plaintiff's interrogatory No. 3 because it explains the reasons why Mr. Ripps chose to express himself in the manner that he did, including the use of the purported BAYC marks.

Interrogatories 8 and 10 ask for persons who invested, contributed, marketed, or advertised "any good, service, or NFT" in connection with any "RR/BAYC Mark."  Mr. Ripps incorporates his response to Interrogatory 4 because it explains that there are no RR/BAYC Marks.  Interrogatory 10 also requests information relating to BAYC Marks.  However, Yuga has not explained what the interrogatory refers to with "goods" and "services" or how Ape Market is a good or service. The interrogatory is also overbroad in that it seeks all persons.  Yuga must reasonably narrow this interrogatory and explain what "goods" and "services" Yuga is referring to so that it is possible for Mr. Ripps to answer this interrogatory.

Yuga's letter also incorrectly characterizes Mr. Ripps's response to Interrogatory 15 as being "plainly false."  As Mr. Ripps' response makes clear, it was made subject to his objection that

WILMERHALE

September 29, 2022
Page 2

the interrogatory is overbroad and seeks irrelevant information unrelated to the dispute at issue.
There have been no instances of returns or refunds that relate to confusion with any purported
BAYC mark.  Nevertheless, Mr. Ripps will supplement his response to identify all known
instances of refunds or returns.

With regards to Interrogatory 16 (regarding transactions, if any, to which Mr. Ripps was a
beneficiary), our investigation of potential third-party obligations is ongoing, and Mr. Ripps will
produce any relevant, responsive information and supplement his response once that
investigation is complete.

Lastly, Yuga states in its letter that Interrogatory 17 seeks the public addresses of Mr. Ripps's
digital wallets because such information is relevant to "damages, restitution, and disgorgement of
profits."  First, Interrogatory 17 does not ask for public addresses but instead seeks
"cryptographic public keys."  Public keys and wallet addresses are separate pieces of
information.  As such, your interrogatory does not call for production of any wallet address
information.  If, however, Yuga's position is that identification of the public address of Mr.
Ripps's digital wallet will satisfy this interrogatory, then Mr. Ripps will agree to supplement his
response to provide that information.

2.      **Requests for Production**

Yuga's letter alleges that Mr. Ripps is refusing to answer RFPs by offering to meet and confer.
Not so.  Mr. Ripps has made proper objections to Plaintiff's discovery requests, and our offer to
meet and confer was made in good faith as a means of reaching a reasonable compromise about
the scope of information that will be produced.

Among the issues we wish to discuss is breadth. The RFPs identified in Yuga's letter are
overbroad because they are unqualified requests seeking "all" documents or materials instead of
only those relevant to this litigation.  Yuga should reasonably narrow the scope of these RFPs
and provide more details to allow for meaningful search parameters.

Turning to specific requests, starting with RFP 8, Yuga seeks documents concerning "planned
future use" of RR/BAYC NFTs but provides no information on what this term refers to.  It is
unclear how Mr. Ripps can have any planned future use for NFTs that have already been sold.  It
is also unclear why any "planned future use" would fall within the scope of discovery in this
litigation.

RFPs 9, 17, and 20 request documents relating to "goods" or "services" but do not explain what
goods and services Yuga is referring to.  Mr. Ripps requests that Yuga explain what information
it seeks with these terms.  RFP 20 similarly asks for any "good, service, or NFT" that Mr. Ripps

**Exhibit 8
Pg. 156**

WILMERHALE

September 29, 2022
Page 3

"indirectly" sold.  Because it is unclear what "indirect" sales this RFP refers to, Yuga should provide additional information that can help facilitate a reasonable investigation.

RFPs 23, 24, and 25 appear to seek privileged information because they seek materials involving trademark infringement analysis, trademark inquiries, and discussions regarding trademark applications/correspondence.  Please explain what, if any, non-privileged information Yuga seeks with these requests.

Very truly yours,

Henry Nikogosyan

Exhibit 8
Pg. 157