# Exhibit 9

Exhibit 9
Pg. 158

| | |
|---|---|
| **From:** | Ethan Thomas |
| **Sent:** | Tuesday, October 4, 2022 7:16 PM |
| **To:** | Tompros, Louis W.; Nikogosyan, Henry; Grewal, Monica; Bertulli, Scott; Gosma, Derek |
| **Cc:** | Eric Ball; Kimberly Culp; Anthony Fares; Ryan Kwock |
| **Subject:** | Yuga Labs, Inc. v. Ripps et al., No. 2:22-cv-04355-JFW-JEM (C.D. Cal.) |

Counsel,

Thank you again for the productive meet and confer yesterday.

We understand that you are discussing internally before agreeing to supplement Mr. Ripps' responses to interrogatories 3, 8, and 10. Please let us know this week when you have decided how to proceed with respect to those requests.

As to interrogatory 15, you agreed to supplement your response (as stated in your letter) and not to limit the response to returns or refunds that were made based on confusion expressed by the customer. Please confirm when you will provide a supplemental response to this interrogatory.

For interrogatory 16, we understand that you are continuing to investigate responsive information and potential third-party confidentiality commitments, and you will assess whether any such obstacles are resolved by entry of a protective order. If you ultimately determine that there is responsive information that you will not disclose in your answer on the basis of confidentiality, you indicated that you would say so in your supplemented response. Otherwise, please confirm when you will provide a supplemental response to this interrogatory.

For interrogatory 17, as indicated in your letter, you stated that you would supplement the response to identify "public addresses of Mr. Ripps's digital wallets" used to send, receive, or transfer funds as described in the request. We understand your position that there is a distinction between public keys and wallet addresses, but appreciate that you will provide the responsive information regarding Mr. Ripps wallet addresses. Please confirm when you will provide a supplemental response to this interrogatory.

Regarding our RFPs, we explained that "goods and services" as used in the requests refers to all goods and services of any nature, and that "planned future use" includes new benefits or features related to RR/BAYC NFTs that have already been sold, as well as new ways to offer, sell, or promote the RR/BAYC NFTs (which would include, for example, Ape Marketplace). Additionally, in response to your letter's position that "there are no RR/BAYC Marks," we referred to the definition of "Mark" in our RFPs and also explained that the term was not limited to registered or applied-for trademarks. Based on these discussions, we understand that you will supplement your responses to the RFPs identified in our letter.

For RFPs 23-25, you stated you would produce non-privileged materials (or state that there are none) and log responsive materials over which you assert privilege.

Finally, as to RFP 32, we understand that you will search for and produce materials responsive to the request.

Please let us know when you anticipate serving supplemented responses to the interrogatories and requests for production to Mr. Ripps based on these discussions. Thank you again,

Ethan

Ethan Thomas

**Exhibit 9**
**Pg. 159**

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.