# EXHIBIT 1

# WILMERHALE

December 1, 2022

Henry Nikogosyan

+1 213 443 5300 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

*<u>By Electronic Mail</u>*
Ethan M. Thomas
Fenwick & West LLP
555 California Street 12th Floor
San Francisco, CA 94041
ethomas@fenwick.com

Re:  *Yuga Labs, Inc. v. Ripps*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Ethan:

Thank you for conferring with us on November 28, 2022, regarding Yuga's discovery responses and document production. Below is a summary of our discussion and Yuga's corresponding commitments. Defendants look forward to Yuga fulfilling its promise to provide a definitive response to the outstanding issues from our conference.

**1.     Yuga's Supplemental Production and Responses**

Yuga did not dispute that almost the entirety of its production to date was publicly available material. Yuga confirmed that it will provide supplemental responses to all interrogatories and produce non-public documents this December well-before the holiday season.

Yuga, however, did not express any reason why it could not produce documents earlier. Defendants accordingly request that Yuga accelerate its production due to the shortened fact discovery schedule in this case.

**2.     Discovery Related to Defendants' First Amendment Defenses**

During our conference, Defendants expressed that Yuga is improperly withholding information and materials for ROG No. 14; RFP Nos. 7-9, 32-34, 39, 51, and 53; and RFA Nos. 1-12, 73-79, and 88-176. These discovery requests generally seek information relating to Defendants' First Amendment defenses such as Yuga's use of racist messages and imagery and Yuga's actions in response to public criticism.

Yuga explained that it did not consider these discovery requests relevant because discovery on Yuga's use of racist messages and imagery has nothing to do with Defendants' First Amendment defenses. Defendants explained that Yuga plans to refute Defendants' First Amendment defenses by arguing that Defendants are making "baseless accusations of racism" as a pretext for trademark infringement. *See* Compl. ¶¶ 3, 5, 48-49. Accordingly, under Federal Rule 26,

WILMERHALE

December 1, 2022
Page 2

Defendants have a right to take discovery on this disputed factual issue as it concerns the credibility of Defendants' First Amendment defenses. Defendants also explained that they intend to explain at trial that an aspect of the message that the RR/BAYC collection conveys is that Yuga's BAYC collection includes racist and neo-Nazi images. If Yuga does not fulfill its discovery obligations in connection with these requests, Yuga will be precluded from disputing at trial that the BAYC collection does, in fact, include racist and neo-Nazi imagery.

Yuga also stated that its pretext counterargument to Defendants' First Amendment defenses did not create any discovery obligations regarding the veracity of Defendants' speech activity under *Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1992 (9th Cir. 2017). However, this case does not support Yuga's position. In *Twentieth Century*, the alleged infringer did not make any criticism regarding the trademark holder and the trademark holder did not raise any factual dispute regarding the truth and credibility of the alleged infringer's speech activity. *Id*. at 1996-1997. As noted above, this case is the opposite of *Twentieth Century* because the allegations of in paragraphs 3, 5, 48-49 of the Complaint show that Yuga disputes the truth and credibility of Defendants' speech activity. Moreover, Yuga's opposition brief once again argues that Defendants are making false claims as a pretext. Yuga's Br. at 13 (arguing that Defendants have created pretextual expressive work); *id*. at 2, 8, 11, 12, 25 (describing Defendants' speech as "false claims," "false attacks," "false accusations," and "false assertions" against Yuga Labs' founders).

It is without question that Defendants are entitled to discovery on any relevant factual disputes including any of Yuga's factual disputes regarding Defendants' First Amendment defenses. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …"); *see also Lawless v. S.E.C.*, 5:21-cv-1637-JWH (SP), 2022 WL 2784771, at *2 (C.D. Cal. May 20, 2022) ("A 'relevant matter' under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is more may be in the case." (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Yuga stated that it will take under consideration whether to provide supplemental responses and produce documents in responses to ROG No. 14; RFP Nos. 7-9, 32-34, 39, 51, and 53; and RFA Nos. 1-12, 73-79, and 88-176. Defendants look forward to hearing back from Yuga on this issue.

With respect to Request for Production No. 5, which requests documents relating to Yuga's decision to file this litigation, Yuga agreed to not withhold non-privileged documents responsive to this request. However, Yuga also stated that it will provide supplemental responses and produce documents subject to the outcome regarding ROG No. 14; RFP Nos. 7-9, 32-34, 39, 51, and 53; and RFA Nos. 1-12, 73-79, and 88-176 because RFA No. 5 is similarly related to Defendants' First Amendment defenses.

WILMERHALE

December 1, 2022
Page 3

Defendants look forward to hearing back from Yuga on this issue as well.

### 3. Individuals involved in the creation of BAYC NFTs and the Asserted Marks

Yuga agreed to provide a supplemental response to ROG No. 2 identifying documents that disclose all individuals involved in the creation of BAYC NFTs and the Asserted Marks.

### 4. Individuals distinguishing RR/BAYC NFTs from BAYC NFTs

Defendants explained that that Yuga's response to ROG No. 2, which states that Yuga is not aware of any instances in which RR/BAYC NFTs were distinguished from BAYC NFTS, is clearly incorrect based on publicly available materials. Defendants urged Yuga to conduct a thorough investigation so that it can accurately answer this interrogatory and produce corresponding documents under RFP Nos. 28-29.

In response, Yuga agreed to provide a supplemental response to ROG No. 2 and produce documents responsive to RFP Nos. 28-29 disclosing public and non-public instances in which any individual explicitly or implicitly distinguished RR/BAYC NFTS from BAYC NFTs.

### 5. Yuga's Principal Competitors

Yuga agreed to supplement ROG No. 8 to identify specific principal competitors of Yuga.

### 6. Consumer Confusion

Defendants served RFAs 13-16 and 55-58, which ask for admissions related to consumer confusion. Yuga did not provide substantive answers to these interrogatories and in some cases provided information unrelated to the admission that the RFA requests.

Yuga explained that it did not provide substantive answers because the RFAs define the term "You" too broadly. Yuga stated that it cannot answer the RFA because it has too many current and former employees, representatives, and agents. However, Yuga's basis for withholding substantive answers is not credible because Yuga is a small company with only seventy (70) employees.[1] Moreover, Defendants explained that the RFAs use a standard definition of "You" typical in nearly all litigation and that Yuga has an obligation to provide an answer after conducting a reasonable investigation.

---

[1] https://www.linkedin.com/company/yuga-labs?trk=public_post-text#:~:text=Along%20the%20way%2C%20the%20Yuga,create%20work%20that%20makes%20history.

WilmerHale

December 1, 2022
Page 4

Defendants also asked Yuga to provide caselaw providing that Yuga did not have to substantively answer any RFA due to Defendants' standard definition of "You." Yuga generally referenced Federal Rule 26 and refused to provide any caselaw supporting its position.

Yuga agreed to take this issue under consideration to determine whether it will provide a supplemental answer to these RFAs. Defendants look forward to hearing from Yuga. Defendants also renew their request that Yuga provide caselaw showing that Defendants' standard definition of "You" precludes Yuga from having to provide substantive answers to RFAs 13-16 and 55-58.

### 7. Damages

Yuga agreed to provide a supplemental response to ROG No. 13 and produce documents under RFP No. 48 regarding Yuga's expenses associated with corrective advertising and any records of lost profits associated with Defendants' alleged trademark infringement.

### 8. Yuga's Proceedings Relating to BAYC NFTs

Defendants explained that Yuga has an obligation under RFP No. 4 to produce records of any legal action Yuga has taken against other entities that create knock-off BAYC NFTs or otherwise use the marks asserted in this litigation. Yuga agreed that it will produce all non-privileged documents relating to enforcement of the Asserted Marks including enforcement activities taken against other entities selling NFTs that imitate or are otherwise similar to Yuga's NFTs.

### 9. Yuga's Document Retention Policy

Yuga stated that it did not consider RFP No. 17 to be relevant because it generically seeks discovery on Yuga's document retention policy. Defendants explained that this is standard discovery in nearly all litigation as it concerns what materials are within a party's possession. Defendants also noted that their November 18, 2022, Rule 37-1 letter identified public information suggesting that Yuga has taken steps to destroy evidence, giving further grounds for Defendants' RFP No. 17.

Further, it is common knowledge that discovery requests relating to document retention policies are within the scope of discovery in nearly every civil case. *Poulos v. City of Los Angeles*, No. 2:19-cv-00496-MWF-AFMx, 2020 WL 8509663, at *3 (C.D. Cal. July 15, 2020) ("In civil litigation, document retention policies are generally discoverable."); *Elkin v. New York Life Ins. Co.*, No. 16-cv-08703-DSF(AFMx), 2017 WL 4047235, at *3 (C.D. Cal. Sept. 8, 2017) (granting discovery into defendant's document retention policy as it is "likely to provide information concerning what documents should be found"); *In re Plascencia*, No. 08-cv-56305-ASW, 2012

WILMERHALE

December 1, 2022
Page 5

WL 2161412, at *8 (N.D. Cal. June 12, 2012) (granting motion to compel discovery on document retention policy because it "may lead to admissible evidence").

Please let us know if Yuga agrees to produce documents relating to Yuga's document retention policy and practices.

10. **Yuga's Pre-use of Marks and Application Clearances**

Yuga agreed to produce documents in responses to RFP No. 18 disclosing any non-privileged documents relating to Yuga's pre-use of marks and application clearance searches.

11. **Documents and Communications Relating to Focus IP**

Yuga stated that it will produce documents in response to RFP No. 56 disclosing Yuga's enforcement activities, including non-privileged communications and documents involving Focus IP's enforcement-related activities.

Very truly yours,

*[signature]*

Henry Nikogosyan