# Exhibit 2

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                              Plaintiff,<br><br>     vs.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>                              Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**RYDER RIPPS AND JEREMY CAHEN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-58)**<br><br>Judge: Hon. John F. Water |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Ryder Ripps and Jeremy Cahen ("Defendants") hereby requests that Plaintiff Yuga Labs Inc. ("Yuga") produce Documents and Things responsive to the following requests (the "Requests") at the offices of Wilmer Cutler Pickering Hale

and Dorr LLP, 350 South Grand Avenue, Suite 2400, Los Angeles, California, 90071 within thirty (30) days of service of these requests.

## **DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1.     "Yuga," "You," "Your," and/or "Plaintiff" mean Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, Founder, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.     "Yuga Founders" or any other similar terms mean at least Wylie Aronow, Greg Solano, Zeshan Ali, Kerem Atalay, and any other person directly involved in creating Yuga.

3.     "Defendants" means Ryder Ripps and Jeremy Cahen and their present and former employees, representatives, agents, and anyone acting on their behalf.

4.     "Litigation" means the above-referenced action, 2:22-cv-04355-JFW-JEM, in the United States District Court for the Central District of California.

5.     "Complaint" shall mean Yuga's Complaint (Dkt. 1) in this Litigation, filed June 24, 2022, and any amendments thereto.

6.     The term "NFT" mean nonfungible token and any digital artwork or other asset identified by such nonfungible token.

7.     The term "BAYC NFT" refers to any NFT in the Bored Ape Yacht Club NFT series.

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

8.     The term "The Bored Ape Yacht Club" refers to the Bored Ape Yacht Club itself, including any goods and services currently or previously offered in connection with the Bored Ape Yacht Club.

9.     The term "RR/BAYC NFT" refers to any NFT in the "Ryder Ripps Bored Ape Yacht Club" NFT series.

10.     The term "BAYC Mark" refers to any mark in which Yuga claims to have intellectual property rights, including but not limited to the marks subject to pending federal trademark applications identified in the Complaint.

11.     The term "Asserted Mark" refers to all marks that Yuga accuses Mr. Ripps and Mr. Cahen of infringing.

12.     "Digital Platform" refers to Twitter, Discord, Instagram, the websites "www.4chan.org" and "www.4channel.org," and any other website/application on which users can post, regardless of whether such posts may be anonymous or not.

13.     "User Account" means an account for a Digital Platform that allows users to register, log in, and interact with or on the Digital Platform.

14.     "Inflammatory Material" means any content that that is racist, fascist, neo-Nazi, alt-right, hate speech, discriminatory, or otherwise racially/ethnically prejudicial, including but not limited to content that appears to be or can be understood to be racist, fascist, neo-Nazi, alt-right, hate speech, discriminatory, or otherwise racially/ethnically prejudicial.

15.     "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

16.     "Investor(s)" means any Person or Entity who either: (a) has a financial interest in or provides financial support to Yuga, or (b) at any time in the past, had a financial interest in or provided financial support to Yuga.

17.     "Interest" means a financial interest of any kind in the subject matter of this Litigation, any party to this Litigation or any other interest that could be substantially affected by the outcome of this Litigation.

18.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the  Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

19.     "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

20.     "Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

21.     "Date(s)" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

22.     "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or Persons other than a natural person.

23.     "Third Party" or "Third Parties" shall mean all Persons or Entities who are not parties to this Litigation, as well as their officers, directors, employees, agents, and attorneys.

24.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying,

4

describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

25.    The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

26.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

27.    The term "all" is to be construed to mean "any" and "each" and vice versa.

28.    "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

29.    "Identify" means (1) when referring to a Person, the Person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to non-trademark Documents, the production number or type of Document, its general nature and subject matter, date of creation, and all author(s), addresses(s), and recipient(s); (3) when referring to trademark Documents, the country, trademark and/or application number, dates of filing, publications, and grant, and the names of applicants; and (4) when referring to a source or Thing, sufficient information to identify the location, ownership, and nature of such source or Thing.

30.    "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means (a) to state the date and place thereof; (b) to identify the individual participants; (c) to summarize separately for

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

each individual participant what he said or did; and (d) to identify each Document used or prepared in connection therewith or making any reference thereto.

## **INSTRUCTIONS**

The following instructions shall apply to all of the below Requests and should be considered part of each Request.

1. Yuga shall produce all responsive Documents (including any stored by electronic means). If Yuga is withholding or intends to withhold any Documents or Things responsive to these requests, Yuga is requested to state the basis for withholding the Document in a manner sufficient to enable Mr. Ripps, Mr. Cahen, and the Court to adjudicate the validity of its withholding. In the case of any Documents and Things being withheld on the grounds of attorney-client privilege, work-product doctrine, or other privilege doctrine or immunity, please also provide a privilege log identifying the following information for each Document or Thing:

   a. the request to which the Document is responsive;

   b. the title of the Document;

   c. the date appearing on the Document, and if no date appears thereon, so state and give the date, or approximate date, on which the Document was prepared;

   d. the type or general nature of the Document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);

   e. number of pages;

   f. attachments;

   g. appendices;

   h. the name, title, and company affiliation of the Person who prepared the Document;

   i. the name, title, and company affiliation of each Person to whom the Document was disclosed, including the Person or Persons to

whom it was addressed and the Person or Persons who received the Document, or copies of the Document, including blind copy recipients, and any individual who whom the Document was distributed shown or explained;

j.      the name, title, and company affiliation of the Person or Persons who maintain custody of the Document; and

k.      the general subject matter of the Document and the basis for withholding the Document, in a manner sufficient for Mr. Ripps, Mr. Cahen, and the Court to determine the validity of Yuga's withholding.

2.      Produce all responsive Documents in Your actual or constructive possession, custody, or control, or the actual or constructive possession, custody, or control of Your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Your behalf.  You are to produce entire Documents, including attachments, enclosures, cover letters, memoranda and appendices.

3.      Each Document is to be produced along with all nonidentical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business.  In the event that multiple copies of a Document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

4.      If a responsive Document is not in Your possession, custody or control, identify the names of the Persons who have possession, custody or control of such Document.  If such Document was in Your possession, custody or control in the past but is no longer in Your possession, custody or control, state what disposition was made of it, the reasons for such disposition, identify any Persons having any

knowledge of said disposition, and identify the Persons responsible for such disposition.

5.    If a responsive Document has been destroyed or is alleged to have been destroyed, state the reasons for its destruction, the names of the Persons having any knowledge of its destruction and the names of the Persons responsible for its destruction.

6.    If Yuga contends that any Request is objectionable in whole or in part, Yuga shall state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Request insofar as it is not deemed objectionable.

7.    If Yuga finds the meaning of any term in these Requests unclear or ambiguous, Yuga shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

8.    The Documents produced in response to these Requests shall be (a) organized and designated to correspond to the categories in these Requests or, if not, (b) produced as they are maintained in the normal course of business, and in either case: (i) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents from each file and each file shall be identified as to its owner or custodian; (ii) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies; (iii) all photocopies shall be stapled or clipped as the originals; and (iv) each page shall be given a discrete production number.

9.    None of the Definitions or Requests set forth in this Request for Production shall be construed as an admission relating to the existence of evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

10. These Requests are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

### REQUEST NO. 1:

All Documents and Communications relating to the formation of Yuga.

### REQUEST NO. 2:

Documents sufficient to show the current organizational and ownership structure of Yuga, including, but not limited to, any parents, affiliates, or other related Entities, as well as partners, partnerships, members, corporations, trusts (including, but not limited to, any trust beneficiaries), or shareholders.

### REQUEST NO. 3:

Documents sufficient to identify all of: (a) Yuga's current officers, directors, and managing agents and (b) Yuga's current employees and their duties and responsibilities.

### REQUEST NO. 4:

All Documents and Things relating to any lawsuit, judicial proceeding, administrative proceeding, U.S. Patent & Trademark Office or foreign trademark office proceeding, or arbitration relating to BAYC NFTs.  This includes, without limitation, all pleadings; applications; motions and supporting Documents and exhibits; written discovery requests and responses thereto; privilege logs; deposition, trial, hearing, or other testimony; deposition, trial, hearing, or other exhibits; expert reports and materials; memoranda and points of authorities, including all supporting Documents and exhibits; rulings or orders; and all hearing transcripts.

### REQUEST NO. 5:

All Documents relating to Yuga's decision to file this Litigation, including without limitation all Documents relating to plans, suggestions, decisions,

9

discussions, or contemplated action regarding the bringing or institution of this or any action against Mr. Ripps and Mr. Cahen, including without limitation any Communication between Yuga and any other Person or Entity concerning the alleged infringement by Mr. Ripps and Mr. Cahen, all corporate minutes and all other Documents concerning meetings of the Board of Directors, Executive Committee, other board committees, stockholders or any other of Yuga's corporate boards, committees, or subcommittees.

**REQUEST NO. 6:**

All Documents and Communications between Yuga and Guy Oseary relating to Inflammatory Material, this Litigation, Mr. Ripps or Mr. Cahen, RR/BAYC NFTs, or any content relevant to any claim or defense in this Litigation.

**REQUEST NO. 7:**

All Documents and Communications relating to the relationship between Yuga and any person or entity involved in Yuga's response to RR/BAYC NFTs, Mr. Ripps's commentary regarding Yuga, or the use of Inflammatory Material in connection with the BAYC NFTs collection.

**REQUEST NO. 8:**

All Documents and Communications relating to Yuga's cooperation with third parties, including but not limited to press specialists, advertising agencies, and market research entities, for responding to the public criticism regarding Yuga's use of Inflammatory Material.

**REQUEST NO. 9:**

All Documents and Communications relating to Yuga's efforts to disprove, discredit, silence, or otherwise respond to persons or entities commenting on Yuga's use, or alleged use, of Inflammatory Material.

**REQUEST NO. 10:**

All Documents relating to any actual or planned transfer of rights in any BAYC Mark or any BAYC NFT-related intellectual property, whether by license, assignment, covenant, sale, auction, divestiture, change of ownership, or otherwise.

**REQUEST NO. 11:**

All Documents and Communications showing or relating to the conception, creation, design, or development of the BAYC NFTs and the Asserted Marks, including but not limited to the conception, creation, design, or development of the name "Yuga Labs"; the BA YC BORED APE YACHT CLUB Logo referenced in Paragraph 38 of the Complaint; and websites, games, puzzles, awards, and Digital Platform posts relating to BAYC NFTs, including but not limited to the Bored Ape Yacht Club metaverse known as "Otherside" and Jimmy the Monkey Puzzle.

**REQUEST NO. 12:**

All Documents and Communications showing or relating to the release and release schedule for BAYC NFTs, including but not limited to the date the artwork corresponding to newly-minted BAYC NFTs was revealed to respective owners, and the Bored Ape Yacht Club metaverse "Otherside," including but not limited to the launch date for "Otherside."

**REQUEST NO. 13:**

All Documents produced or made available to Yuga by any non-party or Third Party relating to this Litigation.

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 14:**

All Documents and Things that Yuga may seek to use or to examine or impeach any witness at a deposition, hearing, motion or brief, or the trial in this Litigation.

**REQUEST NO. 15:**

All Documents and Things that Yuga references, incorporates, or discusses in the Complaint, including but not limited to all images included in the Complaint and all websites referenced, incorporated, or discussed in the Complaint.

**REQUEST NO. 16:**

All Documents and Things identified in, requested to be identified in, or otherwise relating to any interrogatory served in this Litigation, or in any Yuga response or supplemental response to any interrogatory served in this Litigation.

**REQUEST NO. 17:**

All Documents and Things relating to Yuga's past and present procedures and policies for generating, maintaining, retaining, and disposing of Documents and Things (whether maintained in paper form or by other storage methods, such as electronically stored information).

**REQUEST NO. 18:**

All Documents relating to any pre-use or pre-application clearance search conducted with respect to the Asserted Marks.

**REQUEST NO. 19:**

All Documents relating to the first use of each Asserted Mark.

**REQUEST NO. 20:**

Documents sufficient to show all uses of the Asserted Marks after the first known use of each Asserted Mark, including but not limited to uses in advertisements, websites, products, and posts on Digital Platforms.

**REQUEST NO. 21:**

All Documents relating to Yuga's filing of applications to register trademarks, service marks or other indicia of origin for each of the Asserted Marks including federal, state, and foreign trademark registrations and/or applications.

**REQUEST NO. 22:**

All Documents and Communications relating to Yuga's past and present trademark registrations and/or applications for trademarks other than the Asserted Marks including federal, state, and foreign trademark registrations and/or applications.

**REQUEST NO. 23:**

All Documents relating to all products, goods, services, events, and promotional materials that are identified or expected to be identified by the Asserted Marks.

**REQUEST NO. 24:**

All Documents relating to the adoption and use of any domain name including any of the Asserted Marks.

**REQUEST NO. 25:**

All Documents relating to Yuga's use of "Ape Market," "ApeMarket," "ApeMarketPlace" or any other similar term in connection with any domain name, product, service, or event.

**REQUEST NO. 26:**

All Documents relating to the sophistication of the consuming public for BAYC NFTs or any other product, good, service, or event that the Asserted Marks identify.

**REQUEST NO. 27:**

All Documents and Communications relating to any interaction with persons or entities who: (1) expressed any intention to contact Yuga or any of its employees,

agents, representatives, or affiliated entities with regard to any of the Asserted Marks, (2) expressed any confusion about the origination of any goods or services identified by any of the Asserted Marks, (3) expressed any belief as to the association of any of the Asserted Marks with either BAYC NFTS or goods and services related to BAYC NFTs.

**REQUEST NO. 28:**

All Documents and Communications in which any person or entity, including but not limited to Yuga's consumers and/or BAYC collectors, distinguishes or differentiates RR/BAYC NFTs from BAYC NFTs.

**REQUEST NO. 29:**

All Documents and Communications relating to any research on consumers distinguishing RR/BAYC NFTs from BAYC NFTs, including but not limited to surveys, market studies, data collection/analytics, and analyses from third-parties, agencies, firms, or other entities.

**REQUEST NO. 30:**

All Documents and Communications relating to Yuga's cooperation with third parties aimed at popularizing BAYC NFTs, including but not limited to entities such as MoonPay.

**REQUEST NO. 31:**

All Documents and Communications relating to any agreements or efforts to enter into agreements in which a BAYC NFT is given, exchanged, or sold to a celebrity, influencer, or any other public person, including but not limited to any non-disclosure agreements or arrangements with third parties/entities in furtherance of giving, exchanging, or selling a BAYC NFT to a celebrity, influencer, or any other public person.

**REQUEST NO. 32:**

All Documents and Communications relating to Yuga Founders's activities on any Digital Platform, including but not limited to 4chan.org, Twitter, and Instagram, relating to Inflammatory Material, this Litigation, Mr. Ripps or Mr. Cahen, RR/BAYC NFTs, or any content relevant to any claim or defense in this Litigation

**REQUEST NO. 33:**

All Documents and Communications identifying the public usernames that Yuga Founders have used or currently use on Digital Platforms, including but not limited to 4chan.org, Twitter, and Instagram, including the usernames for anonymous posts.

**REQUEST NO. 34:**

All Documents and Communications relating to requests with WaybackMachine, or archive.org/web/ relating to the removal of internet archives in connection with BAYC NFTs, Yuga Founders's User Accounts on Digital Platforms, Yuga Founders's anonymous posts on Digital Platforms, including archives of profiles, posts, and comments on Digital Platforms.

**REQUEST NO. 35:**

All Documents relating to any determination, charge, contention, notification, negotiation, or assertion that any Person, Entity, logo, name, or product, infringes or might infringe any Asserted Mark. This includes, without limitation, all Documents relating to any meeting, discussion, or Communication with any Person or Entity relating to any Asserted Marks.

**REQUEST NO. 36:**

All Documents relating to Mr. Ripps and Mr. Cahen, including, without limitation, all Documents relating to any alleged infringement or non-infringement of any Asserted Mark by Mr. Ripps or Mr. Cahen.

**REQUEST NO. 37:**

All Documents and Communications relating to Yuga's knowledge of Mr. Ripps's work prior to or other than RR/BAYC.

**REQUEST NO. 38:**

All Documents relating to Mr. Ripps work, experience, recognition, or accomplishments as an artist.

**REQUEST NO. 39:**

All Documents and Communications using or relating to the use of any of the following terms: "RR/BAYC," "Ryder Ripps Bored Ape Yacht Club," "Ryder Ripps," "Ripps," "satire," "appropriation," "appropriation art," "conceptual art," "Philip Rusnack," "Rusnack," "Hyperborea," "Miguel Serrano," "Serrano," "Sunny," "Sonya," "Ariosophy," "Bronze Age Pervert," "Jordan Peterson," "Peterson," "Milady," "Charlie," "Brahmin," "Dugin," "Theozoology," "Thule," "Rudolf Hess," "Hess," "Online Ceramics," "Caste," "Manny," "Manual Marrero," "Marrero," "Churchill's," "Trump," "Peter Aufschnaiter," "Aufschnaiter," "Prussia," "Reich," Kaliyug," "Andreessen," "Pearpop," "Bibles," "Terror House," "Matt Forney," "Forney," "Philion," "Kali Yuga," "Surf," "Guenon," "Sufi," "Indra," "Shiva," "Evola," "ride the tiger," "Kalki," "Cowabunga," "Boogaloo," "April 30," "Nazi," "neo-Nazi," "troll," or "#BURNBAYC."

**REQUEST NO. 40:**

All Documents evidencing, demonstrating, or relating to Yuga's assertions that RR/BAYC NFTs or related product infringes any Asserted Mark including but not limited to all Documents and Things that Yuga intends or plans to use to support its allegations that Mr. Ripps and Mr. Cahen have infringed the Asserted Marks.

**REQUEST NO. 41:**

All Documents relating to Yuga's first awareness of the existence of RR/BAYC, or any other products/activities Yuga accuses of infringing the Asserted Marks in this Litigation.

**REQUEST NO. 42:**

All Documents relating to, supporting, or contradicting each allegation stated in the Complaint, including without limitation all Documents Yuga contends support or refute each such allegation.

**REQUEST NO. 43:**

All Documents relating to Communications within Yuga or between Yuga and any Person, Entity, or Third Party relating to any Asserted Mark in this Litigation. This request includes, without limitation, any Communications concerning (1) any licensing of the Asserted Mark, including covenants not to sue, and/or settlement of any claims, (2) any alleged infringement of the Asserted Marks, (3) any offer or plan to, sell or auction any interest in the Asserted Marks, (4) and any alleged notice provided by Yuga to any Third Parties about any Asserted Mark, including without limitation any notice reflecting Yuga's contention that any Third Party was or is infringing any of the Asserted Marks.  This request also includes, without limitation, Communications between Yuga and any Entities that currently hold or previously held ownership or any interest in the Asserted Marks.

**REQUEST NO. 44:**

All Documents and Things that Yuga has provided to actual or prospective Investors or business partners in connection with seeking any actual or potential investment in Yuga or business deals for Yuga, including, but not limited to, prospectuses, pitch books, pitch decks, financial overviews, and business models since December 2021.

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 45:**

All Documents constituting or concerning any license, sub-license, settlement, covenant not to sue, or any other agreement under which Yuga, or any other Person has granted or received any rights concerning the Asserted Marks, including without limitation Documents sufficient to identify any and all royalty or other payments made to Yuga under such license, sub-license, settlement, covenant, or other agreement.

**REQUEST NO. 46:**

Documents sufficient to identify each product sold and/or process performed under license of the Asserted Marks, and any remuneration Yuga receives or has received for such sale or performance.

**REQUEST NO. 47:**

All Documents concerning any alleged damage or injury that Yuga has suffered or will suffer as a consequence of Mr. Ripps and Mr. Cahen's RR/BAYC NFTs and any related products that Yuga accuses of infringing the Asserted Marks.

**REQUEST NO. 48:**

All Documents, audited or un-audited, sufficient to show Yuga's revenues, profits, and losses from inception to present in relation to BAYC NFTS, including but not limited to all income statements, balance sheets, and cashflow statements.

**REQUEST NO. 49:**

All Documents concerning any investor agreement, funding agreement, financing agreement, lending agreement, profit-sharing agreement, or any understanding, including any request and/or offer, to invest money in or lend money to Yuga or any other Person, relating to this Litigation, the enforcement of the Asserted Marks, and/or the maintenance of the Asserted Marks.

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 50:**

All Documents and Communications that detail Yuga's promotion, advertising, or sale of BAYC NFTs.

**REQUEST NO. 51:**

All Documents and Communications of the Yuga Founders that involve or include Inflammatory Material.

**REQUEST NO. 52:**

All Documents and Communications regarding NFT collections with artwork that depicts images similar to those depicted in the BAYC NFTs, including Grandpa Ape Country Club, Bored Ape Solana Club, or any of the other collections referenced in Exhibit 1 to the Declaration of Mr. Ripps in support of Defendants's anti-SLAPP motion.

**REQUEST NO. 53:**

All Documents and Communications that show the Yuga Founders association with any neo-Nazi, white power, or racist groups, including American National Socialist Party, American Nazi Party, National Socialist Movement, Aryan Freedom Network, the Proud Boys, the Boogaloo Boys, the Ku Klux Klan, Identity Evropa, League of the South.

**REQUEST NO. 54:**

All Documents and Communications regarding any claim or allegation that Yuga has infringed, diluted, or otherwise violated the Trademark rights of any Person

**REQUEST NO. 55:**

All Documents and Communications relating to any agreement between Yuga and another Person in which Yuga has agreed not to use any term identical to, similar to, or confusingly with any other term or Trademark.

**REQUEST NO. 56:**

All Documents and Communications relating to any agreement between Yuga and another Person in which Yuga has acquired rights, whether by license or assignment, to any of the Asserted Marks, including any registrations or applications to register such marks anywhere in the world.

**REQUEST NO. 57:**

All Documents and Communications involving Focus IP, Inc. dba Appdetex regarding the Defendants, the RR/BAYC NFT collection, Defendants's alleged use of the Asserted Marks, and Defendants's artwork corresponding to the BAYC NFTs.

**REQUEST NO. 58:**

All Documents and Things showing what text and graphics Yuga displayed to Persons who minted or attempted to mint BAYC NFTs, including screenshots of any webpages to which such Persons connected their Ethereum-enabled wallets and any webpages such Persons used to effect minting or purchase.

Dated:  August 15, 2022

By: */s/  Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400

20

1
2
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

3
4
Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

1

## CERTIFICATE OF SERVICE

2      I hereby certify that a true and correct copy of the foregoing document has

3  been served via electronic mail on August 15, 2022, on counsel of record for Yuga

4  Labs, Inc.  I certify under penalty of perjury under the laws of the United States that

5  the foregoing is true and correct.

6

7

8  Dated:  August 15, 2022              By: _/s/  Louis W. Tompros_____

9                                        Louis W. Tompros (*pro hac vice*)
                                          louis.tompros@wilmerhale.com
10                                        **WILMER CUTLER PICKERING
                                            HALE AND DORR LLP**
11                                        60 State Street
                                          Boston, MA 02109
12                                        Telephone: (617) 526-6000

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. RIPPS AND MR. CAHEN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS