# Exhibit 3

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Ryder Ripps, Jeremy Cahen, Does 1-10, <br><br> Defendants. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **RYDER RIPPS AND JEREMY CAHEN'S FIRST SET OF INTERROGATORIES (NOS. 1–14)** <br><br> Judge: Hon. John F. Walter |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Ryder Ripps and Jeremy Cahen ("Defendants") hereby requests that Plaintiff Yuga Labs, Inc. ("Yuga") answer the following interrogatories (the

1

"Requests") in writing and under oath, within thirty (30) days of service of these requests.

To the extent that any of these Interrogatories may at any time be supplemented, changed, or otherwise affected by information acquired by Yuga subsequent to the service of its answers, Defendants direct Yuga to promptly serve supplemental answers reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "Yuga," "You," "Your," and/or "Plaintiff" mean Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. "Yuga Founders" or any other similar terms mean Wylie Aronow, Greg Solano, Zeshan Ali, Kerem Atalay, and any other person directly involved in creating Yuga.

3. "Defendants" means Ryder Ripps and Jeremy Cahen and their present and former employees, representatives, agents, and anyone acting on its behalf.

4. "Litigation" means the above-referenced action, 2:22-cv-04355-JFW-JEM, in the United States District Court for the Central District of California.

5. "Complaint" shall mean Yuga's Complaint (Dkt. 1) in this Litigation, filed June 24, 2022, and any amendments thereto.

6. The term "NFT" mean nonfungible token and any digital artwork or other asset identified by such nonfungible token.

7. The term "BAYC NFT" refers to any NFT in the "Bored Ape Yacht Club" NFT series.

8. The term "The Bored Ape Yacht Club" refers to the Bored Ape Yacht Club itself, including any goods and services currently or previously offered in connection with the Bored Ape Yacht Club.

9. The term "RR/BAYC NFT" refers to any NFT in the "Ryder Ripps Bored Ape Yacht Club" NFT series.

10. The term "BAYC Mark" refers to any mark in which Yuga claims to have intellectual property rights, including but not limited to the marks subject to pending federal trademark applications identified in the Complaint.

11. The term "Asserted Mark" refers to all marks that Yuga accuses Mr. Ripps and Mr. Cahen of infringing.

12. "Digital Platform" refers to Twitter, Discord, Instagram, the websites "www.4chan.org" and "www.4channel.org," and any other website/application on which users can post, regardless of whether such posts may be anonymous or not.

13. "User Account" means an account for a Digital Platform that allows users to register, log in, and interact with or on the Digital Platform.

14. "Inflammatory Material" means any content that that is racist, fascist, neo-Nazi, alt-right, hate speech, discriminatory, or otherwise racially/ethnically prejudicial, including but not limited to content that appears to be or can be understood to be racist, fascist, neo-Nazi, alt-right, hate speech, discriminatory, or otherwise racially/ethnically prejudicial.

15. "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

16. "Investor(s)" means any Person or Entity who either: (a) has a financial interest in or provides financial support to Yuga, or (b) at any time in the past, had a financial interest in or provided financial support to Yuga.

17. "Interest" means a financial interest of any kind in the subject matter of this Litigation, any party to this Litigation or any other interest that could be substantially affected by the outcome of this Litigation.

18. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible Things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

19. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

20. "Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

21. "Date(s)" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

22. "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or Persons other than a natural person.

23. "Third Party" or "Third Parties" shall mean all Persons or Entities who are not parties to this Litigation, as well as their officers, directors, employees, agents, and attorneys.

24. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

25. The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

26. The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

27. The term "all" is to be construed to mean "any" and "each" and vice versa.

28. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

29. "Identify" means (1) when referring to a Person, the Person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to non-trademark Documents, the production number or type of Document, its general nature and subject matter, date

5
MR. RIPPS AND MR. CAHEN'S FIRST SET OF INTERROGATORIES

of creation, and all author(s), addresses(s), and recipient(s); (3) when referring to trademark Documents, the country, trademark and/or application number, dates of filing, publications, and grant, and the names of applicants; and (4) when referring to a source or Thing, sufficient information to identify the location, ownership, and nature of such source or Thing.

30. "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means (a) to state the date and place thereof; (b) to identify the individual participants; (c) to summarize separately for each individual participant what he said or did; and (d) to identify each Document used or prepared in connection therewith or making any reference thereto.

## **INSTRUCTIONS**

The following instructions shall apply to all of the below Requests and should be considered part of each Interrogatory.

1. These Interrogatories call for information (including any information contained in any Document or Thing) that is known or available to You, or in Your possession, custody, or control, including all information known or available to Your attorneys, agents, representatives, investigators, or any other Person acting or purporting to act on Your behalf or under the direction or control of You or Your attorneys, agents, representatives, or investigators.

2. If Yuga contends that any Interrogatory is objectionable in whole or in part, Yuga shall state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Interrogatory insofar as it is not deemed objectionable.

3. If Yuga finds the meaning of any term in these Interrogatories unclear or ambiguous, Yuga shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

4. If Yuga is unable to answer any of the following Interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each Interrogatory to the fullest extent possible, specifying Your knowledge, the facts upon which You rely to support Your contention that You are unable to answer that Interrogatory fully and completely, and whatever information or knowledge You may have concerning the unanswered portions of the Interrogatory.

5. If Yuga is withholding or intends to withhold any information, Documents, or communications requested by an Interrogatory, Yuga is requested to state the basis for withholding the information in a manner sufficient to enable Mr. Ripps, Mr. Cahen, and the Court to adjudicate the validity of its withholding. In the case of any information being withheld on the grounds of attorney-client privilege, work-product doctrine, or other privilege doctrine or immunity, please also provide a privilege log identifying:

    a. the request to which the information, Document or communication is responsive;

    b. the title of the Document;

    c. the date of the information or communication, in the case of a Document, the date appearing on the Document, and if no date appears thereon, so state and give the date, or approximate date, on which the Document was prepared;

    d. the type or general nature of the Document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);

    e. number of pages of the Document;

    f. attachments to the Document;

    g. appendices to the Document;

      h.   the name, title, and company affiliation of the Person who prepared the Document;

      i.   the name, title, and company affiliation of each Person to whom the Document, information, or communication was disclosed, including the Person or Persons to whom it was addressed and the Person or Persons who received the Document, copies of the Document, information or communication, including blind copy recipients, and any individual to whom the information, Document, or communication was distributed shown or explained;

      j.   the name, title, and company affiliation of the Person or Persons who maintain custody of the information, Document or communication; and;

      k.   the general subject matter of the information, Document or communication and the basis for withholding the Document, in a manner sufficient for Mr. Ripps, Mr. Cahen, and the Court to determine the validity of Yuga's withholding.

6. None of the Definitions or Interrogatories set forth above and below shall be construed as an admission relating to the existence of evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Interrogatory.

7. These Interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the facts and circumstances concerning the conception and creation of Yuga, its BAYC NFT collection, and the Asserted Marks.

8

MR. RIPPS AND MR. CAHEN'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 2:**

Identify all persons who were or are responsible for or participating in the conception or creation of the BAYC NFTS and the Asserted Marks.

**INTERROGATORY NO. 3:**

Identify all domain names Yuga uses, has registered, or plans to use or register in connection with BAYC, including but not limited to domain names associated with BAYC NFTs and the BAYC metaverse "Otherside."

**INTERROGATORY NO. 4:**

Describe all actual and intended classes and/or types of customers, including third party distributors, to whom Yuga sells, distributes, or otherwise makes available each of the goods of services associated with the Asserted Marks, including but not limited to the BAYC NFTS. Your answer should identify any market research relating to actual and/or intended consumers for goods and services associated with the Asserted Marks.

**INTERROGATORY NO. 5:**

Identify all persons or entities that, with or without Yuga's permission, have ever used the Asserted Marks, explaining each person or entities relationship to Yuga.

**INTERROGATORY NO. 6:**

Separately identify and describe in detail each and every instance in which Yuga or anyone else has ever given notice to any other person or entity, including without limitation Mr. Ripps and Mr. Cahen, of the existence and/or the alleged infringement of the Asserted Marks, including without limitation: (i) the date of notice; (ii) the manner in which notice was given; (iii) the trademarks(s) at issue; (iv) the content of the notice; and (v) the identity of all Documents (by Bates numbers) or oral communications constituting such notice.

**INTERROGATORY NO. 7:**

Describe in detail the channels of trade through which each of the products or services associated with the Asserted Mark reach or will reach the ultimate consumer.

**INTERROGATORY NO. 8:**

Identify all principal competitors in the business in which Yuga uses or intends to use the Asserted Marks. You answer should identify any market research relating to business competitors to goods and services that Yuga offers in connection with the Asserted Marks.

**INTERROGATORY NO. 9:**

Separately for each Asserted Mark that Yuga contends Mr. Ripps and Mr. Cahen have infringed or are infringing, identify and describe in detail all facts and circumstances related to the earliest making and using of the Asserted Mark.

**INTERROGATORY NO. 10:**

Separately identify and describe in detail the facts and circumstances of Yuga's first awareness of RR/BAYC NFTs and any other products or services accused of infringing the Asserted Marks in this Litigation, including but not limited to (i) when, where, and by whom Yuga first became aware; (ii) all Documents (by Bates numbers) constituting or referring to the same; and (iii) all Persons having knowledge of the same. Your response to this Interrogatory should include without limitation: identification of Documents (by Bates numbers) upon which Yuga based its allegations against Mr. Ripps and Mr. Cahen in filing its Complaint.

**INTERROGATORY NO. 11:**

Describe each and every instance of which you are aware in which any person has in any way distinguished, differentiated, contrasted, compared, or recognized the different origin, creator, affiliation, connection, or association of any BAYC NFT from any RR/BAYC NFT or vice versa.

**INTERROGATORY NO. 12:**

Separately identify and describe in detail each license, agreement, or contract,

10
MR. RIPPS AND MR. CAHEN'S FIRST SET OF INTERROGATORIES

including discussions for licenses, agreements, and contracts between Yuga and any third party to license, assign, or divest rights to or under any of Yuga's intellectual property rights, including but not limited to rights under the Asserted Marks. Such rights include licenses, sales, covenants not to sue, and/or settlements of any claims. Your response to this Interrogatory should include but not limited to: (a) any licenses (or other rights) that have been granted under the Yuga's general intellectual property rights, including any Documents (by Bates number) memorializing such licenses or grants, (b) the terms of such licenses or grants, and (c) the amount of money or other consideration that has been paid for such licenses or grants.

**INTERROGATORY NO. 13:**

Identify and explain all damages that Yuga claims it has suffered or will suffer as a consequence of Mr. Ripps and Mr. Cahen's accused infringement of the Asserted Marks, and all facts that support this contention, including the quantity of damages that You contend are appropriate and the methodology that You contend should be used to calculate damages. Your answer should include an identification and description of: any lost profits that You contend Yuga is entitled to and the corresponding apportionment that You use to determine lost profits, any loss of goodwill that You contend Yuga has suffered, any corrective advertising You contend is required by Yuga, any reasonable royalty that You contend Yuga is entitled to, and any circumstances You contend entitles Yuga to enhanced damages. Your answer should also include whether Yuga contends that it is entitled to disgorgement of profits and the reasons You contend Yuga is entitled to disgorgement of profits.

**INTERROGATORY NO. 14:**

Identify and describe in detail all actions Yuga has taken in response to criticism of Yuga Founders and Yuga's actual or alleged use, display, or reference to Inflammatory Material, including but not limited to responses to statements,

commentary, or any other form of criticism from Mr. Ripps, Mr. Cahen, Youtubers, social media influencers, newspapers, journals, legal experts, or otherwise posted on any Digital Platform. Your answer should include all activities relating to third parties that Yuga has retained to respond or to develop strategy for responding to criticism of Yuga's actual or alleged use, display, or reference to Inflammatory Material.

Dated: August 15, 2022     By: */s/ Louis W. Tompros*

    Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
    Monica Grewal (*pro hac vice*)
    monica.grewal@wilmerhale.com
    Scott W. Bertulli (*pro hac vice*)
    scott.bertulli@wilmerhale.com
    **WILMER CUTLER PICKERING HALE AND DORR LLP**
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Fax: (617) 526-5000

    Henry Nikogosyan (SBN 326277)
    henry.nikogosyan@wilmerhale.com
    **WILMER CUTLER PICKERING HALE AND DORR LLP**
    350 South Grand Ave., Suite 2400
    Los Angeles, CA 90071
    Telephone: (213) 443-5300
    Fax: (213) 443-5400

    Attorneys for Defendants
    *Ryder Ripps and Jeremy Cahen*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail on August 15, 2022, on counsel of record for Yuga Labs, Inc. I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 15, 2022                By: */s/ Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000