# Exhibit 9



555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Ethan M. Thomas
EThomas@fenwick.com  |  415.875.2238

December 15, 2022

VIA EMAIL

Louis Tompros
Monica Grewal
Scott Bertulli
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
louis.tompros@wilmerhale.com
monica.grewal@wilmerhale.com
scott.bertulli@wilmerhale.com

Derek Gosma
Henry Michael Nikogosyan
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue Suite 2400
Los Angeles, CA 90071
Derek.Gosma@wilmerhale.com
henry.nikogosyan@wilmerhale.com

Re:     *Yuga Labs, Inc. v. Ripps et al.*, No. 2:22-cv-04355-JFW-JEM (C.D. Cal.),
        Response to Defendants' December 1, 2022 Letter

Counsel:

This letter responds to your December 1, 2022 letter regarding the November 28, 2022 meet and confer for Yuga Labs, Inc. ("Yuga Labs") and Defendants Ryder Ripps and Jeremy Cahen ("Defendants").  Except where expressly stated, Yuga Labs does not adopt the positions or summaries contained in that letter, and Yuga Labs' statements made herein are made subject to and without waiving its objections in its written discovery responses.  Yuga Labs reminds counsel of its obligations not to write letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred.

**1.      Supplemental Document Production**

Yuga Labs continues to be surprised by your complaint that its document production to date has been inadequate.  Yuga Labs has produced over 11,500 documents, whereas Defendants have collectively produced less than 100.  This is true, even after their

December 15, 2022
Page 2


supplemental December 1 production that you represented would constitute the "lion's share" of Defendants' production for this litigation.  Mr. Lehman, a third-party, has now produced more files than Defendants.  Moreover, unlike Mr. Lehman, Defendants have produced materials that are almost entirely publicly available.

Defendants still have not produced basic and required materials, like: (a) examples of their infringing NFTs and the images that the NFTs link to; (b) their financials and wallet information; (c) screenshots of Ape Market and of the internal and proposed Ape Market website; (d) registrations for the two infringing website domains (rrbayc.com and apemarket.com) and communications related to the same; and (e) communications related to Yuga Labs, RR/BAYC NFTs, and this dispute that Defendants continue to withhold.

While it makes sense for a trademark plaintiff's document production to largely be public materials (*e.g.*, showing its use in commerce of the trademarks in issue), it is unusual for a trademark defendant's production to largely consist of public materials.  Here, Yuga Labs has produced thousands of pages of documents relative to the matters that are the subject of this litigation, and yet Defendants continue to request additional non-public documents for which Defendants have failed to provide a reason why most of these materials are relevant or proportional in this litigation.

Nonetheless, Yuga Labs is diligently collecting and reviewing documents and expects to make a further significant document production later this month.  Yuga Labs will make its supplemental production as soon as reasonably possible, given that the parties only recently met and conferred on these issues.  Yuga Labs did not "confirm[] that it will provide supplemental responses to all interrogatories," as you state, but Yuga Labs will provide supplemental responses where necessary, including to supplement its 33(d) responses.

**2.      Interrogatory No. 2**

As discussed, the origin and design of Yuga Labs' marks at issue in this matter ("BAYC Marks") is irrelevant to any claim or defense (and the identity of those involved is *a fortiori* irrelevant).  As admitted in response to Yuga Labs' Interrogatory No. 3, Defendants used Yuga Labs' marks "to identify the BAYC NFT collection that the RR/BAYC project criticizes." Additionally, in response to Interrogatory No. 4, Ripps responded: "Mr. Ripps's performance and appropriation art project is titled RR/BAYC.  'RR' stands for Mr. Ripps's name, Ryder Ripps, and "BAYC" references the abbreviated title of Yuga's NFT collection.  Mr. Ripps does not claim ownership or interest in any Mark related to the RR/BAYC project, including RR/BAYC."  It is undisputed that Defendants used Yuga Labs marks.  It is also undisputed that Defendants' marks were derived from and explicitly referenced Yuga Labs and its marks.  Indeed, the *only* marks that Ripps claims he used to sell his products are Yuga Labs' marks.  With Ripps' repeated admission to the core and essential fact that he is using Yuga Labs' marks, it is unnecessary to burden Yuga Labs with further discovery to prove what

December 15, 2022
Page 3

Ripps has already admitted to.  Yuga Labs maintains this objection and disagrees with your inaccurate characterization of what Yuga Labs agreed to provide.

Nonetheless, Yuga Labs will supplement this response.

**3.      Interrogatory No. 11**

We appreciate Defendants' clarification that this interrogatory is intended to encompass all "public and non-public instances in which any individual explicitly or implicitly distinguished RR/BAYC NFTS from BAYC NFTs."  As discussed, this request is overbroad and not proportionate to the needs of the case, especially where Defendants have equal access to public materials.  Additionally, the request calls for speculation as to a person's subjective intent in evaluating two types of NFTs, and it does not provide meaningful criteria from which Yuga Labs can assess responsiveness.

Based on its understanding of Defendants' request, Yuga Labs will conduct a reasonable and proportionate search for documents sufficient to show knowledge that the RR/BAYCs were not sponsored by, connected to, affiliated with, or otherwise confusing with BAYC NFTs .

**4.      Interrogatory No. 8**

As explained in our meet and confer, "principal" competitors is vague, and Defendants have not provided a reason why named competitors are required rather than the substantial description Yuga Labs has already supplied.

You also stated on the meet and confer call that Defendants' December 1 production would clarify what goods and services Defendants offer (e.g., Ape Market and any other good or service), based on which Yuga Labs could assess relevant competitors.  Defendants produced no such documents.

Nevertheless, Yuga Labs is assessing whether it has identified any principal competitors. Yuga Labs further highlights that there are those who try to compete with Yuga Labs and mislead consumers thought their scams and by trading off of Yuga Labs' goodwill.  But there are also countless projects in the NFT space.

**5.      Request for Admission Nos. 13–16, 55–58**

Your letter asks for a "substantive response" to requests for admission to which Yuga Labs has already provided a denial.  It is unclear what Defendants are asking for by way of a supplemental answer.

December 15, 2022
Page 4

As explained in Yuga Labs' objections and at the parties' meet and confer, these requests ask Yuga Labs to admit that a statement is true on behalf of:

> Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

These requests, by definition, ask Yuga Labs to make an admission on behalf of countless persons, including former employees, attorneys, and "anyone acting on" behalf of any such parties.  It also asks Yuga Labs to make admissions based on parties not yet in existence, or no longer in existence.

To be clear, Yuga Labs has responded to these requests.  It is unclear what caselaw Defendants are seeking, and Defendants have not provided the requested caselaw that their "standard definition" somehow compels a different response than the one Yuga Labs already gave.  Yuga Labs' response is based on Defendants' requests and the definitions that they incorporate.  Therefore, no supplementation is required as to these responses.

**6.      Request for Production No. 48 and Interrogatory No. 13**

Yuga Labs continues to object to Defendants' attempts to seek financial documentation from Yuga Labs while withholding information (requested nearly five months ago) regarding Defendants' revenues and profits associated with their RR/BAYC NFTs.  As we have explained, Defendants' withheld documents — requested more than five months ago — are important to Yuga Labs' assessment of damages.  Defendants have committed to producing these documents, yet they have produced none.

Nonetheless, Yuga Labs will supplement its production to produce non-privileged financial records located after a reasonable search proportionate to the needs of the case and sufficient to support its claims.

**7.      Request for Production No. 4**

This request calls for documents related to "any lawsuit, judicial proceeding, administrative proceeding, U.S. Patent & Trademark Office or foreign trademark office proceeding, or arbitration relating to BAYC NFTs."  Defendants clarified that they are seeking documents from judicial proceedings which Yuga Labs has initiated regarding BAYC NFTs.

Yuga Labs will produce non-privileged documents located after a reasonable search proportionate to the needs of the case, if any exist, sufficient to show such proceedings.

December 15, 2022
Page 5

**8.      Request for Production No. 17**

Based on the parties' meet and confer, Yuga Labs understands that Defendants are seeking non-privileged, general document retention policies that predate this litigation.  Yuga Labs accordingly does not construe this request to seek privileged correspondence regarding document retention, which Defendants have not contended would be relevant or discoverable.  It remains unclear why this request is relevant, in light of both parties' representation to the court that they were not "aware of any unique issues concerning the disclosure, discovery, or preservation of electronically stored information."  ECF No. 55.  Nonetheless, Yuga Labs will produce non-privileged documents located after a reasonable search proportionate to the needs of the case, if any exist, sufficient to show its general document retention policies.

Yuga Labs objects to Defendants' accusations that it has not complied with its obligations to preserve relevant records, which Defendants base on an article about content being removed from a third-party website.  Yuga Labs has preserved relevant evidence to this dispute.  It has not acted in the same manner as Defendants, who routinely delete relevant Tweets and have not produced those Tweets.   Nor has it acted as Defendants, who have discussed matters related to this litigation with third parties in channels specifically set up to delete relevant evidence.  We remind the Defendants of their preservation and production obligations.

**9.      Request for Production No. 18**

Based on the parties' meet and confer, Yuga Labs understands that Defendants are seeking non-privileged records concerning "pre-use or pre-application clearance search[es]" relating to the BAYC Marks.  As discussed above, such searches are irrelevant to this proceeding, where Defendants have conceded that their RR/BAYC marks explicitly used, incorporated, and referenced Yuga Labs and the BAYC Marks.

Nonetheless, Yuga Labs will produce non-privileged documents located after a reasonable search proportionate to the needs of the case, if any exist, sufficient to show pre-use or pre-application clearance searches relating to the BAYC Marks.

**10.      Request for Production No. 56**

As discussed, Yuga Labs objects that Defendants request for all documents and communications concerning "any agreement between Yuga and another Person in which Yuga has acquired rights . . . assignment, to any of the Asserted Marks," is overbroad and not proportionate to the needs of the case.  Nonetheless, Yuga Labs will produce non-privileged, representative license agreements concerning the BAYC Marks located after a reasonable search proportionate to the needs of the case, if any exist.

December 15, 2022
Page 6

To the extent Defendants still seek additional materials responsive to Request for Production No. 57, Yuga Labs will conduct a reasonable and proportionate search for documents sufficient to show enforcement of the BAYC Marks, including enforcement through Focus IP, Inc.

**11.     Defendants' Requests for Documents Concerning Irrelevant Materials**

A significant portion of Defendants' discovery requests in this matter concern Defendants' knowingly false theories about secret "messages and imagery" relating to the Bored Ape NFTs.  As we have previously explained, Defendants are incorrect to assert that these materials are relevant to the *Rogers* defense articulated in Defendants' motion to strike (Dkt. 48).

For one, Defendants are not entitled to discovery into the truth of every unfounded allegation that they have thrown at Yuga Labs just because Defendants infringed Yuga Labs trademarks and were sued on that basis.  Even assuming that Defendants' statements about their theories about Yuga Labs are relevant to a First Amendment defense in this trademark dispute (they are not, for the reasons discussed in Yuga Labs' briefing), Defendants conflate the *act* of speaking freely with the *truth* of those statements.  In other words, Defendants apparently believe that they cannot avail themselves of a *Rogers* defense unless the content of their criticism is true.  But Defendants have provided no authority for their position that the truth of a defendant's allegedly protected statements is relevant to a *Rogers* defense.  If you have any such authority, please provide it so that we can properly meet and confer on this issue.  This is our second request for the Defendants to provide the necessary authority for their position.

Additionally, your letter misstates Yuga Labs' position; Yuga Labs has not based its objection to this discovery merely on a "pretext counterargument to Defendants' First Amendment defenses."  Defendants claimed that Yuga Labs' trademark infringement claims are a pretext.  *See* Motion to Strike (ECF No. 48) at 1 ("Yuga sued Mr. Ripps not for defamation, but for trademark infringement.").  Defendants apparently believe that a complaint can be stricken under California's anti-SLAPP statute based on a defendant's theory that the complaint was brought for some other, First Amendment–related activity.  This position is an unsupported and incorrect interpretation of the law.  Indeed, as Yuga Labs stated in its opposition brief (ECF No. 53), the key factor is whether Yuga Labs' infringement claims are actually based on Defendants' exercise of protected speech or petition rights — they are not.  *See City of Cotati v. Cashman*, 29 Cal. 4th 69, 77 (2002).

Though Defendants offered to provide case law on their novel reading of *Rogers*, your letter provides none.  Instead, it takes issue with *Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1992 (9th Cir. 2017) — a case cited by Yuga Labs for the proposition that a "pretextual expressive work meant only to disguise a business profiting

December 15, 2022
Page 7

from another's trademark" does not merit *Rogers* protection.  This is another — but not the sole — reason that Defendants' discovery requests on this topic are improper.

If you have authority to support your position that a *Rogers* defense entitles Defendants to discovery into matters not otherwise relevant to any of Yuga Labs' claims, please provide it. Otherwise, your unsupported assertion that Yuga Labs will somehow be barred from making certain arguments at trial without acquiescing to this irrelevant and harassing discovery is a hollow threat.

That Defendants are disappointed they were not sued for defamation does not entitle them to discovery on non-existent claims, no matter how hard they attempt to contort the *Rogers* defense to the trademark infringement claims brought in this case.  Defendants' persistent fishing for substantiation of their factually baseless theories is improper, sanctionable, and a waste of the parties' resources.

We welcome any further discussions on the issues in our letters.

Sincerely,

FENWICK & WEST LLP

*/s/ Ethan M. Thomas*

Ethan M. Thomas