ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　Defendants. | Case No.: 2:22-cv-4355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF ETHAN M. THOMAS RE DEFENDANTS' MOTION TO COMPEL**<br><br>Magistrate Judge:<br>Hon. John E. McDermott |

I, Ethan M. Thomas, declare as follows:

1. I am an attorney admitted to practice in California and an associate at the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. ("Yuga Labs") in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2. I make this declaration pursuant to Local Rule 37-2.1.

3. Yuga Labs' December 21, 2022 Supplemental Responses and Objections to Defendants' First Set of Requests for Production is attached as **Exhibit 1**. Yuga Labs also served a supplemental document production on the same date.

4. Yuga Labs' December 21, 2022 Supplemental Responses and Objections to Defendants' First Set of Interrogatories is attached as **Exhibit 2**.

5. Defendants' October 3, 2022 Motion to Strike and Motion to Dismiss (ECF No. 53) is attached as **Exhibit 3**.

6. Yuga Labs' October 17, 2022 Opposition to Defendants' Motion to Strike and Motion to Dismiss (ECF No. 48) is attached as **Exhibit 4**.

7. Defendants' October 24, 2022 Reply in Support of their Motion to Strike and Motion to Dismiss (ECF No. 58) is attached as **Exhibit 5**.

8. The Court's December 16, 2022 Order (ECF No. 62) on Defendants' Motion to Strike and Motion to Dismiss (ECF No. 53) is attached as **Exhibit 6**.

9. Defendants' December 21, 2022 Notice of Appeal (ECF No. 63) is attached as **Exhibit 7**.

10. Defendants' Initial Disclosures, dated October 17, 2022, are attached as **Exhibit 8**.

11. Yuga Labs' and Defendants' Rule 26(f) Joint Scheduling Conference Report (ECF No. 55) is attached as **Exhibit 9**.

12. A letter from Eric Ball dated November 7, 2022, responding to the

October 31, 2022 Letter from Louis Tompros (and included as Exhibit 16 to Louis Tompros' Declaration in Support of Defendants' Motion to Compel) is attached as **Exhibit 10**.

13. A true and correct screenshot of an October 17, 2022 tweet by Defendant Jeremy Cahen is attached as **Exhibit 11**.

14. A true and correct copy of a December 16, 2022 tweet by Defendant Jeremy Cahen is attached as **Exhibit 12**.

15. A true and correct copy of a December 19, 2022 article published on ARTnews.com (captured on December 22, 2022) is attached as **Exhibit 13**.

16. Email correspondence between the parties' counsel regarding depositions in this action is attached as **Exhibit 14**.

17. Email correspondence between the parties' counsel regarding Defendants' intent to seek a stay of this action is attached as **Exhibit 15**.

18. On July 12, 2022, Yuga Labs served written requests for production of documents and interrogatories on Defendant Ripps. On September 23, 2022, Yuga Labs served a Local Rule 37-1 Letter seeking Defendant Ripps' production of documents and supplemental written responses. On October 3, 2022, still having produced no documents, during a meet and confer Defendant Ripps promised through counsel to supplement his written responses and produce documents. After further urging to produce documents on October 21, October 26, and November 10, on November 15, 2022, Defendants finally made their initial document production. It consisted of only 13 documents, all of which were public. The next day, Yuga Labs again highlighted for Defendants the severe deficiencies in Defendants' production and urging them to comply with their discovery obligations.

19. During another meet and confer on November 28, 2022, Defendants represented that they would produce the "lion's share" of their documents. On December 1, 2022, Defendants produced 77 documents, only 6 of which were non-public, and where it was clear from Yuga Labs' investigation that Defendants had

excluded and/or obscured evidence. Yuga Labs has detailed these document deficiencies in the Joint Stipulation filed with the Court on December 27, 2022 (ECF No. 67) and in a subsequent Local Rule 37-1 letter to Defendants, as appropriate. After serving the letter, Defendants indicated they would make another production on December 23, 2022.

20. Defendants did not produce the promised "lion's share" of their production on December 1, 2022. Instead, after being served with Yuga Labs' portion of the Joint Stipulation for this motion to compel, they produced over 1,000 documents on December 23, 2022 and stated that even more documents were forthcoming. An email from Defendants' counsel is attached as **Exhibit 16**. This continued document production is well after the promised December 1, 2022 "lion's share" production and months after the October 3, 2022 promise to produce responsive documents.

21. Defendants served 179 requests for admission on August 15, 2022, before obtaining any other discovery from Yuga Labs. These requests included topics such as whether certain Yuga Labs representatives read "content including Inflammatory Material posted on https://4chan.org/pol/." Some requests concerned the spouse of a Yuga Labs representative and that spouse's social media profile. Defendants have provided no basis for harassing family members of Yuga Labs.

22. At the Parties' meet and confer on November 28, 2022, Yuga Labs agreed to supplement certain written responses and to make a supplemental production in December. Counsel for Yuga Labs did not state Yuga Labs would supplement its production "well before the holidays."

23. Yuga Labs' initial document production consisted of materials responsive to Defendants' requests, including confidential internal document, and thousands of original source images used in its NFT collection.

24. As of Yuga Lab' second document production on December 21, 2022, Yuga Labs has produced 11,956 documents to Defendants, consisting of over 28,900

pages. Yuga Labs also produced to Defendants documents from several third parties, which are not included in these totals. Yuga Labs is continuing to diligently assess further documents for production.

25. As of the same date, December 21, 2022, Defendants had jointly produced 90 documents to Yuga Labs (13 documents on November 15, 2022, and 77 documents on December 1, 2022).

26. Yuga Labs' supplemental document production was made 21 days after the Parties' first and only meet and confer on Yuga Labs' responses. Defendants' December 1, 2022 supplemental document production (which they characterized as the "lion's share") was made 59 days after the Parties' first meet and confer on October 3, 2022

27. Defendants' portion of the joint stipulation presents an incomplete and misleading narrative of their allegedly professional and cooperative conduct in discovery. On December 13, 2022, Yuga Labs served a Local Rule 37-2 joint stipulation on Defendants (the complete version of which has now been filed at ECF No. 67). Defendants sought a 17-day extension of time to respond from December 20, 2022 to January 6, 2023, citing the holidays as the reason for the requested extension. At that time, each party had noticed Party depositions to occur in January and the Parties have a mediation scheduled for January 19, 2023. Accordingly, Yuga Labs did not grant the requested extension but did provide a three (3) day extension. On December 19, 2022, Defendants served their joint stipulation timed to require a response from Yuga Labs the day after the federal Christmas holiday. Yuga Labs sought a reciprocal three (3) day extension from Defendants. Defendants refused to provide the reciprocal extension, instead demanding that Yuga Labs work through the Christmas holiday for this motion to compel. Email correspondence between the parties' counsel is attached as **Exhibit 17**.

28. This joint stipulation is not the first time Defendants have timed their correspondence to require a response from Yuga Labs immediately after a federal

holiday. Defendants' Local Rule 37-1 letter was sent to Yuga Labs such that the time to meet and confer overlapped completely with the Thanksgiving holiday and the meet and confer was required to be completed on the Monday (November 28) immediately following Thanksgiving. Then, on December 27, 2022, Defendants filed counterclaims timed such that Yuga Labs' answer would be due on the day after Martin Luther King Jr. Day.

29. On December 22, 2022, the day after refusing a reciprocal extension for their motion to compel joint stipulation, Defendants' counsel informed Yuga Labs that it intended to seek a stay of all proceedings in this action. *See* Exhibit 15.

I declare under penalty of perjury under the laws of California and the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed in California on December 27, 2022

<u>/s/ Ethan M. Thomas</u>
Ethan M. Thomas