# Exhibit 8

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, Does 1-10, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **MR. RIPPS AND MR. CAHEN'S INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants

1   Ryder Ripps and Jeremy Cahen, by and through their undersigned counsel, makes the

2   following disclosures.

3        These disclosures represent Ryder Ripps and Jeremy Cahen's current

4   knowledge regarding information relevant to the disputed facts alleged in the

5   pleadings and are based on Mr. Ripps and Mr. Cahen's ongoing investigation into

6   Yuga Labs, Inc.'s ("Yuga") current allegations.  Mr. Ripps and Mr. Cahen note for

7   example, and without limitation, that Yuga has yet to identify which individuals were

8   involved in creating the BAYC digital images or disclose how any damages claim is

9   calculated.  By making these disclosures, Mr. Ripps and Mr. Cahen do not represent

10  that they are identifying every document, item of electronically stored information,

11  tangible thing, or witness that might be relevant to the claims and defenses asserted in

12  this action.  Rather, Mr. Ripps and Mr. Cahen's disclosures represent a good-faith

13  effort to identify information that they reasonably believe at this time to be relevant to

14  their defenses.  Discovery is in its early stages, and Yuga has not yet produced any

15  documents and has refused to respond to the vast majority of discovery served by Mr.

16  Ripps and Mr. Cahen.  Mr. Ripps and Mr. Cahen reserve the right to clarify, alter,

17  amend, modify, or supplement the information contained in these disclosures if and

18  when additional information becomes available.

19       Mr. Ripps and Mr. Cahen provide these disclosures subject to and without

20  waiving any applicable privilege, doctrine, or right, including without limitation the

21  attorney-client privilege, work-product protection, or any other applicable privilege or

22  immunity recognized under the laws of the United States, the State of California, and

23  all relevant jurisdictions.  Furthermore, Mr. Ripps and Mr. Cahen make these

24  disclosures without waiving any of their rights, including, but not limited to: (1) the

25  right to object to the relevance or admissibility of the information disclosed; (2) the

26  right to object to the use of any disclosed information for any purpose, in whole or in

27

28                                          -1-

Case No. 2:22-cv-04355-JFW-JEM                                    INITIAL DISCLOSURES

1  part, in any subsequent proceeding in this action or in any other action; and (3) the

2  right to object on proper grounds to any discovery request relating to the subject

3  matter of these disclosures.

4        Mr. Ripps and Mr. Cahen reserve the right to amend or supplement these

5  disclosures and to present additional evidence to support their claims and defenses

6  with any filing or during any proceeding in this action, including at trial.

7        The disclosures set forth below are made subject to the above objections and

8  qualifications.

9  **I.     Individual Likely to Have Discoverable Information**

10        Based upon information reasonably available to Mr. Ripps and Mr. Cahen at the

11  present time, the following individuals and/or entities are likely to have discoverable

12  information that Mr. Ripps and Mr. Cahen may use to support their claims, defenses,

13  or counterclaims in this action (unless solely for impeachment).  Mr. Ripps and Mr.

14  Cahen's investigation for discoverable information that they may use to support their

15  claims or defenses in this litigation is ongoing, and Mr. Ripps and Mr. Cahen reserve

16  the right to supplement this information as necessary.  Yuga should contact any

17  current Defendant, agent, or representative only through Mr. Ripps and Mr. Cahen's

18  counsel of record.

| Name, Address, and Telephone Number | Connection to Case | Subject Matter - Relevance |
|---|---|---|
| Ryder Ripps<br><br>Acton, California | Co-creator of RR/BAYC | RR/BAYC NFTs, First Amendment activity, |
| Jeremy Cahen<br><br>Santa Monica, California | Co-creator of RR/BAYC | RR/BAYC NFTS, First Amendment activity |

-2-

| Greg Solano | Co-founder of Yuga | BAYC NFTS, First Amendment activity, Nazi/Racist messaging and imagery |
| --- | --- | --- |
| Wylie Aronow | Co-founder of Yuga | BAYC NFTS, First Amendment activity, Nazi/Racist messaging and imagery |
| Kerem Atalay | Co-founder of Yuga | BAYC NFTS, First Amendment activity, Nazi/Racist messaging and imagery |
| Zeshan Ali | Co-founder of Yuga | BAYC NFTS, First Amendment activity, Nazi/Racist messaging and imagery |
| Guy Oseary | Representative of Yuga/BAYC manager | Yuga's knowledge/response to Mr. Ripps and Mr. Cahen's criticism of Yuga, Yuga's efforts to prevent consumer confusion |
| Nicole Muniz | CEO of Yuga | Yuga's knowledge/response to Mr. Ripps and Mr. Cahen's First Amendment Activity |

In addition, Mr. Ripps and Mr. Cahen identify the following persons who may have information relevant to Mr. Ripps and Mr. Cahen's claims or defenses:

- One or more Yuga witnesses with knowledge of Yuga's business, the asserted trademarks, Yuga's marketing of BAYC NFTs, Yuga's financial

-3-

1    data and purported damages, acts aimed at responding to Mr. Ripps

2    and/or Mr. Cahen's criticism of Yuga;

3    • All current and former Yuga employees involved in designing the digital

4    images for BAYC NFTs;

5    • Any custodian of records or other person who may be required to

6    establish the provenance or authenticity of documents;

7    • Any person identified in Yuga's Initial Disclosures.

8    • Yuga's current or former officers, employees, attorneys, agents,

9    representatives, or consultants.

10    Mr. Ripps and Mr. Cahen reserve the right to clarify, alter, amend, modify, or

11    supplement the foregoing list and to seek discovery from or relating to persons that

12    may subsequently be identified as likely to have discoverable information relevant to

13    the disputed facts, as additional information becomes known.  Mr. Ripps and Mr.

14    Cahen also reserve the right to designate and/or call further witnesses at trial,

15    including witnesses designated by Yuga in its Initial Disclosures or called by Yuga at

16    trial.

17    Mr. Ripps and Mr. Cahen will identify any testifying expert witnesses as

18    required by Rule 26(a)(2) and any applicable Local Rule or order of the Court.

19    **II.    Description of Documents**

20    Based on the information reasonably available to Mr. Ripps and Mr. Cahen at

21    the present time, Mr. Ripps and Mr. Cahen identify the following documents,

22    electronically stored information, and tangible things in their possession, custody, or

23    control that they may use to support their claims and defenses (unless solely for

24    impeachment):

25

26

27

28

-4-

1

2

3

4

5

- Documents sufficient to show the design, development, structure, purpose, and function of products or services associated with the RR/BAYC project;

- Documents sufficient to show financial, sales, and marketing information relating to the RR/BAYC project; and

6    Mr. Ripps and Mr. Cahen reserve the right to object to the production of

7  documents on any basis, including that the information sought: (1) is not relevant; (2)

8  is protected from disclosure by an applicable privilege, doctrine, or immunity; (3)

9  would be unduly burdensome or expensive to produce; (4) is not proportional to the

10  needs of the case; (5) contains third-party confidential information and cannot be

11  produced without that party's notification and consent; or (6) constitutes proprietary

12  or trade secret information that should not be produced before an appropriate

13  protective order has been entered.   Mr. Ripps and Mr. Cahen's investigation for

14  discoverable information that they may use to support their claims or defenses in this

15  litigation is ongoing.   Mr. Ripps and Mr. Cahen may also rely on publicly available

16  documents and documents that are produced by any party to this litigation—including

17  Mr. Ripp, Mr. Cahen, Yuga, and third parties.   Mr. Ripps and Mr. Cahen also expect

18  that experts may identify documents used to support their opinions pertaining to the

19  issues in this case during the course of expert discovery.

20  **III.    Computation of Damages**

21    Mr. Ripps and Mr. Cahen do not believe that Yuga suffered any damages as a

22  result of the sale of RR/BAYC NFTs or any related products or services.  To date,

23  Yuga has not set forth any amount, basis or justification for any damages claim.   Mr.

24  Ripps and Mr. Cahen reserve the right to seek attorneys' fees and costs

25  and other relief as is deemed appropriate. These fees and costs, and the amount of

26

27

28

-5-

1  any other relief that may be deemed appropriate, are not susceptible to calculation at

2  this time.

3  **IV.    Insurance Agreement**

4          Mr. Ripps and Mr. Cahen do not have an insurance agreement under which an

5  insurance business may be liable to satisfy all or part of a possible judgment in this

6  action or to indemnify or reimburse Mr. Ripps or Mr. Cahen for payments made to

7  satisfy such a judgment.

8

9

10  Dated: October 17, 2022                    By: /s/ *Louis W. Tompros*

11                                                  Louis W. Tompros (*pro hac vice*)
                                                    louis.tompros@wilmerhale.com
12                                                  Monica Grewal (pro hac vice)
                                                    monica.grewal@wilmerhale.com
13                                                  Scott W. Bertulli (pro hac vice)
                                                    scott.bertulli@wilmerhale.com
14                                                  **WILMER CUTLER PICKERING
                                                      HALE AND DORR LLP**
15                                                  60 State Street
                                                    Boston, MA 02109
16                                                  Telephone: (617) 526-6000
                                                    Fax: (617) 526-5000
17
                                                    Henry Nikogosyan (SBN 326277)
18                                                  henry.nikogosyan@wilmerhale.com
                                                    Derek Gosma (SBN 274515)
19                                                  derek.gosma@wilmerhale.com
                                                    **WILMER CUTLER PICKERING
20                                                    HALE AND DORR LLP**
                                                    350 South Grand Ave., Suite 2400
21                                                  Los Angeles, CA 90071
                                                    Telephone: (213) 443-5300
22                                                  Fax: (213) 443-5400

23                                                  Attorneys for Defendants
                                                    *Ryder Ripps and Jeremy Cahen*
24

25

26

27

28
                                          -6-

1

**CERTIFICATE OF SERVICE**

2
3
I hereby certify that a copy of the foregoing document was served on all attorneys of record via email on October 17, 2022.

4

5

6
By: /s/ *Louis W. Tompros*

7
8
9
10
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-7-