# Exhibit 14

| | |
|---|---|
| **From:** | Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com> |
| **Sent:** | Friday, December 23, 2022 4:28 PM |
| **To:** | Ethan Thomas; Tompros, Louis W.; Eric Ball; Kimberly Culp; Anthony Fares; Raymond Pelayo |
| **Cc:** | WH Ripps-Yuga Labs Team |
| **Subject:** | RE: Yuga Labs v. Ripps, et al.  | NOTICES OF DEPOSITION |
| | |
| **Categories:** | BAYC |

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Mr. Aronow and Mr. Solano may be two (of four) co-founders of what was, at the time of Yuga's alleged first use of the alleged marks in this case, an eleven-person company.  They are not apex witnesses by any measure.  And the interrogatory response that you yourself served just yesterday states "Wylie Aronow, Greg Solano, and a third-party designer engaged by Wylie Aronow and Greg Solano participated in the design or creation of the Asserted Marks."

We take it from your email that Mr. Aronow and Mr. Solano are refusing to appear for their properly noticed depositions.  We will be there at the noticed time and location, prepared to proceed.  If they fail to appear, we will make the appropriate record and pursue all available remedies against Mr. Aronow, Mr. Solano, and Yuga.

Kind regards,
Henry

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Thursday, December 22, 2022 5:49 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**EXTERNAL SENDER**

Henry,

There is no prima facie showing to be made here (though we have made it, and you have provided no facts or authority showing otherwise).  Your clients and their lawyers have repeatedly referred to Mr. Aronow and Mr. Solano as the "co-founders" of Yuga Labs.  There is no dispute that they are at the apex of this company and under the relevant case law we have cited, you do not get to take their depositions first in this case.  If you have authority to the contrary, you are welcome to share it.  But, our position and objections are clear that we expect you to take Yuga Labs' deposition on January 24 and we will meet and confer with you thereafter.

Regards,

Ethan Thomas

1

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Wednesday, December 21, 2022 10:38 AM
**To:** Ethan Thomas <EThomas@fenwick.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Thank you for the amended notice for Mr. Cahen and for confirming the parties' agreement on January 24th as Yuga's 30(b)(6) deposition. Please let us know who will be testifying on Yuga's behalf.

We continue to disagree that Yuga has made even a prima facie showing that either Mr. Aronow or Mr. Solano qualifies as an apex witness. If you plan to move to quash the deposition notices on this basis, please let us know. Otherwise, we look forward to seeing Mr. Aronow and Mr. Solano on the noticed dates.

Kind regards,
Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Tuesday, December 20, 2022 8:24 PM
**To:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**EXTERNAL SENDER**

Louis and Henry,

As we have raised before, the tone of your email and your repeated accusations are inappropriate and not productive, which is at least one reason why we would prefer to communicate with you in writing. We would have preferred that you confirmed availability or brought any conflicts to our attention in the first instance, which is common practice and would have been a much more "organized way" to handle this. That the parties are reaching a resolution on deposition dates is evidence that there is nothing wrong with starting the discussion with notices, particularly when no rule in this district requires otherwise.

Attached please find the amended notice of deposition for Mr. Cahen. No amended notice is required for Mr. Ripps, since he confirmed that he will appear as noticed.

Yuga Labs will sit for its deposition on January 24. Please serve an amended notice.

As you know, Mr. Aronow and Mr. Solano are co-founders of Yuga Labs. They are quintessentially apex witnesses. *See Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 2134601, at *1 (S.D. Cal. June 14, 2022) *(*high-level executive or official is an apex witness*)*; *K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (same). As we previously told you, you have the burden to establish (which you have not yet done) that these apex depositions should proceed – and it is our position that means that you must first take Yuga Labs' 30(b)(6) deposition – and then we can meet and confer. *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *5 (N.D. Cal. Feb. 2, 2012) (denying request for apex deposition because movant had not shown that it attempted to obtain this information through a less intrusive deposition, let alone whether other less intrusive means of discovery, such as interrogatories, have been exhausted without success.). Mr. Aronow and Mr. Solano will not appear for depositions on January 9 and 11, and, consistent with this authority, we will confer with you following Yuga Labs' 30(b)(6) deposition if you still believe these apex depositions are necessary.

Regards,

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Monday, December 19, 2022 3:26 PM
**To:** Ethan Thomas <EThomas@fenwick.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Once again, your response is not well taken. Without conferring with us as the Civility Rules require, you served your improper deposition notices on December 5th, and we that very day asked you to "propose a date where we can confer and schedule dates for all depositions in this case." You have repeatedly refused to discuss deposition scheduling in any organized way. This is incredibly unprofessional.

To avoid the inconvenience of all parties' counsel traveling to Puerto Rico, Mr. Cahen is willing to travel to Los Angeles for a deposition on January 11th. Please send a revised notice for that date. Mr. Ripps is available in Los Angeles on January 12th as noticed. We will supplement our initial disclosures to amend Mr. Cahen's address.

If January 23, 2023 is problematic for your 30(b)(6) witness, we are willing to conduct the deposition on January 24th. Please confirm that that is agreeable.

As to the depositions of Mr. Aronow and Mr. Solano, we plan to proceed with them as noticed. Yuga has not shown that either qualifies as a high-ranking official under applicable law. *Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 2134601, at *2 (S.D. Cal. June 14, 2022). Nor are you correct to suggest that there is any requirement of taking a 30(b)(6) notice prior to a deposition of any witness. We look forward to proceeding with those depositions on January 9th and 11th, respectively.

Kind regards,
Henry

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Monday, December 19, 2022 9:31 AM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**EXTERNAL SENDER**

Henry,

We served our deposition notices for Defendants' depositions on December 5, and you are only just now letting us know that Mr. Cahen is not available in Los Angeles on January 10 because he resides in Puerto Rico. That being said, we will take Mr. Cahen's deposition in Puerto Rico on January 10, the date originally noticed for his deposition. We will issue an amended notice once we secure a conference room for the deposition, and ask that you supplement his initial disclosure that lists his address in Santa Monica, California.

And, with respect to Mr. Ripps, you still have not determined if he is available on January 12 or, if not, what other dates in January he is available for his deposition in Los Angeles. If you determine Mr. Ripps is not available on January 12 in Los Angeles, we will take his deposition on any day January 13-18 at the same location listed in the notice served on December 5. Please let us know by Wednesday, December 21 at the close of business which day from January 12-18 Mr. Ripps will appear for his deposition in Los Angeles. We will serve an amended notice if needed.

Yuga Labs will make an appropriate witness available for the 30(b)(6) deposition on either January 26 or 27, 2023 at Wilmer Hale's office in Los Angeles. Please issue an amended deposition notice for one of these two dates.

As to your deposition notices for Mr. Aronow and Mr. Solano, the case law is clear that Defendants must first take Yuga Labs' 30(b)(6) deposition, confer with Yuga Labs on the necessity and scope of apex depositions, and demonstrate that there are no non-apex witnesses from whom Defendants could obtain necessary information they still seek. *See Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 2134601 (S.D. Cal. June 14, 2022) (denying Plaintiff's motion to compel apex depositions because "Plaintiff has not exhausted less intrusive methods for obtaining the information he seeks" and "Plaintiff has not pursued Rule 30(b)(6) depositions"). Once you have taken Yuga Labs' 30(b)(6) deposition, if you still believe apex depositions of Mr. Aronow and Mr. Solano are necessary, we will confer with you on the propriety and scope of those individual depositions.

Regards,

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Thursday, December 15, 2022 11:35 AM
**To:** Ethan Thomas <EThomas@fenwick.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Your allegations that defendants are engaged in any attempt to avoid attendance at a deposition are false, unprofessional, and not well taken. We have been repeatedly requesting a call to discuss all deposition scheduling, and you have repeatedly refused.

As we believe Yuga knows, Mr. Cahen lives in Puerto Rico. He is not be available for a deposition in Los Angeles on January 10. And as we have previously told you, we are looking into Mr. Ripps's availability on January 12 and will let you know whether there is a conflict with that date once we are able to confirm.

Because Yuga has refused to confer on dates for its employee witnesses, we have set the dates for Mr. Aronow's deposition for January 9th, and Mr. Solano's for January 11th. Attached are notices of their depositions. We are amenable to conducting those depositions by video, but if you would prefer to present them live at our Los Angeles office, that is fine. Please let us know.

Your email also states that depositions must be completed prior to the parties' mediation. Do you have any authority for that statement? We are not aware of any such rule, but we would appreciate it if you could point us to any such rule if there is one.

Finally, any *ex parte* motion to compel would be filed in bad faith given that you have repeatedly refused to confer with us about scheduling depositions. We remind you that Local Rule 37-1 requires parties to confer before seeking relief and courts in this district have repeatedly sanctioned parties for having engaged in such improper conduct.

Kind regards,
Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Thursday, December 15, 2022 9:19 AM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**EXTERNAL SENDER**

Henry,

We are familiar with the Court's and California Bar's rules, but familiarized ourselves with them yet again before serving our notices and once again upon receipt of your spurious claim that they were not properly served; we remain confident that they were properly served. You have yet to cite any rule that indicates otherwise.

As you know, by order of the Court the parties are required to participate in mediation by January 23 and selected January 19 for the date of their mediation. The Court has also ordered that expert reports must be served early next year. Defendants requested this tight case schedule; Yuga Labs did not. Defendants' attendance at their depositions is necessary for the parties to engage in a meaningful mediation and to prepare expert reports.

Defendants have not asserted any scheduling conflict, and your transparent attempt to avoid their attendance at their properly noticed depositions is improper. These delay tactics violate Federal Rule of Civil Procedure Rule 1, Section 2 of the Central District of California's Civility Guidelines that you "will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage," the Court's Scheduling Order that depositions be

scheduled "to commence sufficiently in advance of the discovery cut-off to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date," and, not to mention, Section 6 of the Civility Guidelines you have cited. Of course, if you have any specific claim of conflict, we will consider that issue. You have so far identified none.

Given the narrow timing available to conduct depositions prior to mediation and serve expert reports, Yuga Labs is prepared to move *ex parte* to compel Defendants' attendance at the properly noticed depositions. Please confirm by the end of day tomorrow whether your position remains that "defendants will not attend any deposition."

Regards,

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Wednesday, December 14, 2022 9:51 AM
**To:** Ethan Thomas <EThomas@fenwick.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Yuga has not properly served deposition notices and the defendants will not attend any deposition until Yuga has done so. The Attorney's Oath for the California State Bar, which is referenced in the State Bar Act, includes the following pledge: "[a]s an officer of the court, I will strive to conduct myself at all times with dignity, courtesy and integrity." The Oath of Attorney for the Central District of California includes a similar pledge to "demean myself as an attorney, proctor, advocate, solicitor and counselor of this Court uprightly." Refusing to honor Section 6 of the Civility Guidelines is a violation of both oaths.

We will take your improper notices as requests for depositions and will look into defendants' availability on those dates. We looking forward to discussing availability for all deponents when you are ready. Are we correct in understanding that Yuga will agree that all depositions can be conducted remotely?

Kind regards,
Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Tuesday, December 13, 2022 8:01 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**EXTERNAL SENDER**

Henry,

We are currently assessing available dates with our client; in the meantime, we reserve all arguments relating to these requested depositions, including objections to the notices and to the witnesses identified.

With respect to Yuga Labs' depositions of Defendants, those depositions were properly noticed and Defendants have not raised any scheduling conflicts with those dates. We plan to proceed with the depositions as noticed.

Best,
Ethan

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Tuesday, December 13, 2022 11:32 AM
**To:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**\*\* EXTERNAL EMAIL \*\***

Counsel,

When can we expect the courtesy of a response?

Kind regards,
Henry

---

**From:** Nikogosyan, Henry
**Sent:** Monday, December 12, 2022 2:55 PM
**To:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

Counsel,

Please let us know when you would like to discuss deposition scheduling so that you can properly notice the Defendants' depositions and we can serve deposition notices on Yuga employees.

Kind regards,
Henry

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Friday, December 9, 2022 12:39 PM
**To:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>

**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

Counsel,

Attached for service is Defendants' 30(b)(6) notice to Yuga Labs. In addition, defendants intend to depose the following Yuga employees: Zeshan Ali, Wylie Aronow, Kerem Atalay, Noah Davis, Nicole Muniz, Guy Oseary, and Greg Solano. Please provide dates when those employees can be available for depositions.

Assuming Yuga is willing to agree to the same for depositions of the Defendants, we are willing to conduct the depositions by remote video (Zoom or a comparable platform), for the convenience of the witnesses.

Kind regards,
Henry

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Monday, December 5, 2022 8:20 PM
**To:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** FW: Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

Eric,

Yuga's deposition notices for Mr. Ripps and Mr. Cahen were made in violation of Section 6 of California's Attorney Guidelines of Civility and Professionalism. The Civility Rules require parties to "schedule by agreement whenever possible, and should send formal notice after agreement is reached." Please propose a date where we can confer and schedule dates for all depositions in this case.

Kind regards,
Henry

---

**From:** Raymond Pelayo <rpelayo@fenwick.com>
**Sent:** Monday, December 5, 2022 4:43 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Grewal, Monica <Monica.Grewal@wilmerhale.com>; Bertulli, Scott <Scott.Bertulli@wilmerhale.com>
**Cc:** Ethan Thomas <EThomas@fenwick.com>
**Subject:** Yuga Labs v. Ripps, et al. | NOTICES OF DEPOSITION

**EXTERNAL SENDER**

Dear Counsel:

Attached please find notices of deposition for Ryder Ripps and Jeremy Cahen in the above-referenced matter.

Kind regards,

Raymond Pelayo

Fenwick | Legal Secretary | +1 415-875-2383 | rpelayo@fenwick.com