# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**[PROPOSED] ORDER GRANTING MR. RIPPS AND MR. CAHEN'S MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Motion Hearing Date: January 24, 2023<br>Motion Hearing Time: 10:00 AM<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date: June 27, 2023 |

I. INTRODUCTION

The Court has received a joint stipulation regarding Defendants' motion to compel document production, interrogatory responses, and deposition scheduling. Defendants request that the Court compel Plaintiff Yuga Labs, Inc. ("Yuga") to comply with its discovery obligations—specifically as to Interrogatories Nos. 2 and 14, Document Requests Nos. 5, 7-9, 17, 28-29, 32-34, 39, 48, 51, and 53, and cooperate with deposition scheduling. For the reasons set forth below, the Court grants Defendants' motion.

II. BACKGROUND

This lawsuit involves allegations that Mr. Ripps and Mr. Cahen's conceptual art project infringes Yuga's trademarks associated with its Bored Ape Yacht Club ("BAYC") NFT collection. The Defendants created a satirical NFT collection named "RR/BAYC" to criticize the racist and neo-Nazi imagery in Yuga's NFT collection. For example, Yuga's "BA YC logo" imitates the Nazi Totenkopf emblem for the Schutzstaffel (SS), which was the Nazi organization primarily responsible for the Holocaust. Below is a side-by-side comparison of the BA YC logo, the Nazi SS Totenkopf, and the satirical logo Defendants created to criticize Yuga:

  

The Defendants filed a motion to strike and dismiss asserting various First Amendment defenses because the purpose of this lawsuit is to harass and silence the Defendants' speech activity. See Anti-SLAPP Mot. (Dkt. No. 48). Taking the allegations of the complaint as true (which it was required to do), the Court denied the motion. However, Defendants expect to dispute many of the factual allegations of the

Complaint at trial, and their First Amendment defense will be among the expected central issues at trial.

Yuga has not complied with its discovery obligations. Mr. Ripps and Mr. Cahen served interrogatories and document requests several months ago, on September 6, 2022. But the entirety of Yuga's production as of December 19, 2022, consists of public materials already available and easily accessible to the Defendants.[1] Gosma Decl., Ex. 8 (Dec. 1, 2022, Nikogosyan letter to Thomas) at 1. In contrast, Mr. Ripps and Mr. Cahen have produced tens of thousands of communications including, for example, a December 1, 2022, production of 10,945 confidential communications with links to corresponding documents detailing the creation, design, development, marketing, sales, returns, revenue, and costs associated with RR/BAYC—Defendants' conceptual art project.

Yuga has also been using dilatory tactics to unnecessarily delay production of responsive materials and information. On November 28, 2022, the parties conferred regarding Yuga's deficient interrogatory responses and document production. Gosma Decl., Ex. 1 (Dec. 1, 2022, Nikogosyan letter to Thomas) at 1. At the conference, Yuga promised to supplement its interrogatories and document production to include non-public materials well before the holidays in December. *Id*. Yuga also promised to give its position regarding several outstanding discovery disputes, including discovery relating to Yuga's use of racist messages and imagery. *Id*. Defendants sent a follow up letter on December 1, 2022, but Yuga waited until December 15, 2022, to respond. Gosma Decl., Ex. 6 (Emails Regarding Nov. 28, 2022, conference) at 1. Thus, as of December 19, 2022, more than ***100 days*** after Defendants served their

---

[1] Yuga produced 11,500 documents including Yuga's public marketing materials and 10,000 public images of ape cartoons associated with Yuga's NFT collection.

-2-

1  discovery requests, Yuga has continued to withhold nearly all responsive, non-public
2  materials within its possession.
3       Yuga has also improperly refused even to discuss deposition scheduling. The
4  close of discovery is on April 3, 2023, and the parties must confer to schedule
5  depositions in a timely manner. However, Yuga disregarded Section 6 of California's
6  Attorney Guidelines of Civility and Professionalism by improperly noticing
7  depositions for the Defendants without any prior discussion of scheduling. Gosma
8  Decl., Ex. 10 (Emails Regarding Dep. Scheduling) at 5. Mr. Ripps and Mr. Cahen
9  invited Yuga to follow the Civility Guidelines and schedule all depositions by
10 agreement. *Id*. at 5. But Defendants had to send three follow up emails inviting Yuga
11 to cooperate before getting a response. *Id*. at 4-5. And Yuga's belated response was a
12 refusal to follow the Civility Guidelines with respect Defendants' depositions and
13 Yuga further stated that it is was not ready to discuss scheduling depositions for
14 Yuga's witnesses. *Id*. at 3.

15 **III.  ARGUMENT**

16      The Court compels Yuga to comply with its discovery obligations as set forth
17 below.

18      **A.  Interrogatory No. 14, Requests for Production Nos. 5, 7-9, 32-34, 39,**
19            **51, and 53**

20      Interrogatory No. 14 and Document Requests Nos. 5, 7-9, 32-24, 39, 51, and 53
21 seek information relating to Mr. Ripps and Mr. Cahen's First Amendment defenses.
22 Specifically, the interrogatory and document requests seek discovery on (1) Yuga's
23 use of racist and neo-Nazi messages and imagery and (2) Yuga's campaign of
24 silencing any criticism regarding its use of neo-Nazi messages and imagery. Yuga has
25 withheld discovery on these requests on the grounds that they are irrelevant to Yuga's
26 trademark infringement claims. Gosma Decl., Ex. 8 (Dec. 1, 2022, Nikogosyan Letter
27
28

1  to Thomas) at 103; Gosma Decl., Ex. 9 (December 15, 2022, Thomas Letter to
2  Nikogosyan) at 6-7.
3       These discovery requests, however, are well-within the scope of discovery
4  because they are essential to key issues of disputed fact relating to Defendants' First
5  Amendment defenses.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery
6  regarding any nonprivileged matter that is relevant to any party's claim or defense and
7  proportional to the needs of the case …"); *see also Lawless v. S.E.C.*, 5:21-cv-1637-
8  JWH (SP), 2022 WL 2784771, at *2 (C.D. Cal. May 20, 2022) ("A 'relevant matter'
9  under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other
10 matters that could bear on, any issue that is or may be in the case." (citing
11 *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Martinez v. Knight*
12 *Transportation, Inc.*, 5:21-cv-00572-JWH-SPx, 2022 WL 6632192, at *1 (C.D. Cal.
13 Feb. 3. 2022) ("Relevancy should be construed liberally and with common sense and
14 discovery should be allowed unless the information sought has no conceivable bearing
15 on the case.").
16      ***First***, Mr. Ripps and Mr. Cahen seek discovery into the truthfulness of their
17 criticism because **_Yuga intends to dispute_** the truthfulness of that criticism at trial to
18 argue that Defendants' speech activity is pretext.  Specifically, Mr. Ripps and Mr.
19 Cahen intend to assert as a defense that Yuga's trademark infringement claims fail
20 under the *Rogers* test (provided in *Dr. Suess Enters., L.P. v. ComicMix LLC*, 983 F.3d
21 443, 462 (9th Cir. 2020)) and nominative fair use—both of which serve to protect
22 First Amendment speech made in connection with trademarks.  *See* Anti-SLAPP Mot.
23 (Dkt. No. 48) at 13-20.  Yuga plans to seek to challenge these defenses at trial by
24 arguing that Defendants are making "***baseless*** accusations of racism" as a pretext for
25 trademark infringement.  *See* Compl. (Dkt. No. 1) ¶¶ 3, 5, 48-49 (emphasis added).  In
26 fact, Yuga has already disputed the truthfulness of Defendants' speech activity on
27 several occasions.  *See* Resp. Br. (Dkt. No. 53) at 13 (arguing that Defendants created
28

-4-

pretextual expressive work); Resp. Br. (Dkt. No. 53) at 2, 8, 11, 12, 25 (describing Defendants' speech as "false claims," "false attacks," "false accusations," and "false assertions" against Yuga Labs' founders).

Moreover, the Court has already confirmed in its December 16, 2022, order that Yuga intends to advance on its pretext argument by disputing the legitimacy of Defendants' First Amendment activity. The Court held that speech "would not be artistically relevant for a 'pretextual expressive work meant only to disguise a business profiting from another's trademark,' **which is precisely what Plaintiff has alleged Defendants are doing in this case**." Dkt. No. 62 at 7 (emphasis added). And while the Court was required to take Yuga's allegations as true at the pleadings stage, Mr. Ripps and Mr. Cahen have the right to refute those allegations at trial. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 432 (1996) ("The federal system … assigns the decisions of disputed questions of fact to the jury." (quoting *Byrd v. Blue Ridge Rural Elec. Cooperative, Inc.* 356 U.S. 525, 537 (1958)).

The law is clear that the scope of discovery allows parties to develop the evidentiary record on factual disputes. *Wallisa v. City of Hisperia*, No. 16-cv-02638-FMO-KK, 2018 Wl6071054, at *3 (C.D. Cal. Feb. 28, 2018) ("documents that have a direct bearing on factual disputes in this case are the subject of fact discovery"); *Medimpact Healthcare Sys., Inc. v. IQVIA Inc.*, No. 19-cv-1865-GPC-DEB, 2021 WL 4595005, at *1 (S.D. Cal. Oct. 5, 2021) ("Informing factual disputes is the precise purpose of discovery."). Here, Yuga has repeatedly disputed the accuracy of Defendants' criticism to undermine the credibility of their First Amendment defenses. Accordingly, Mr. Ripps and Mr. Cahen seek discovery that would allow for a developed evidentiary record on this factual issue at trial. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) ("An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed ... and which facts must be resolved at trial.").

**Second**, Mr. Ripps and Mr. Cahen also seek discovery that would lead to evidence showing that this lawsuit is part of Yuga's campaign to discredit and silence the Defendants. Specifically, Defendants seek evidence on how Yuga has responded to criticism for its use of racist and neo-Nazi imagery, including Yuga's efforts to attack and discredit the Defendants and the RR/BAYC conceptual art project to journalists, influencers, youtubers, and the media. Mr. Ripps and Mr. Cahen also seek non-privileged materials disclosing the circumstances of Yuga's decision to file this lawsuit.

This evidence is also within the scope of discovery because concerns the disputed factual issue of pretext. *See Risto v. Screen Actors Guild-AM. Fed'n of Television & Radio Artists*, No. 18-cv-7241-CAS-PLAx, 2021 WL 879105, at *4 (C.D. Cal. Jan 11, 202) (granting discovery relevant to whether defendants' service agreement was a pretext to divert funds); *Daniels v. G4s Secure Solutions USA, Inc.*, 8:20-cv-00283-JGB-JDEx, 2021 WL 3742039, at *12-13 (C.D. Cal. Jan. 4, 202) (granting discovery on whether reasons for not hiring where truthful or pretextual). Specifically, Yuga's campaign against Mr. Ripps and Mr. Cahen shows that the RR/BAYC project involves genuine speech activity that caused Yuga to take extensive measures and expend significant resources in response to the satirical RR/BAYC project's commentary. Defendants are entitled to rely on such evidence both at summary judgment and at trial to rebut Yuga's pretext argument aimed at undermining the legitimacy of Defendants' speech activity and their First Amendment defenses.

**Third**, evidence concerning the truthfulness of Mr. Ripps and Mr. Cahen's criticism and Yuga's campaign to discredit the Defendants is also relevant to Defendants' anti-SLAPP defense. At summary judgment, Defendants may file a renewed motion to strike under California's anti-SLAPP statute. California's anti-SLAPP statute is "designed to discourage suits that masquerade as ordinary lawsuits

1  but are brought to deter common citizens from exercising their political or legal rights
2  or to punish them for doing so." *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016)
3  (further holding that "free speech under the United States Constitution" is among the
4  protected rights).

5        Courts in this jurisdiction have a policy in favor of granting discovery when a
6  motion at the summary judgment stage involves "latent fact issues such as motive,
7  intent, knowledge, or credibility[.]" *Rogers v. Home Shopping Network, Inc.*, 57 S.
8  Supp. 2d 973, 981 (C.D. Cal. 1999). Defendants' discovery requests concern these
9  kinds of latent issues relevant to any anti-SLAPP motion Defendants may choose to
10 file. Specifically, evidence relating to the truthfulness of Yuga's use of racist and neo-
11 Nazi imagery would show that this case is a SLAPP suit because it would reveal
12 Yuga's motivation and intent to silence the Defendants. Simply put, if the RR/BAYC
13 project's criticism of Yuga's racist imagery is true, then continuation of that criticism
14 would eventually expose Yuga's impropriety as a company to consumers, investors,
15 and business partners. *See Burke v. Basil*, 8:20-cv-00635-JVS-JDEx, 2020 WL
16 7872965, at *2-3 (C.D. Cal. Nov. 16, 2020) (granting discovery on truthfulness of a
17 party's misconduct as relevant to motive). In a similar vein, discovery into Yuga's
18 campaign against the Defendants would show a pattern of behavior aimed at silencing
19 the Defendants and that this lawsuit "masquerades" as a trademark action only to
20 further attack Mr. Ripps and Mr. Cahen's speech activity.

21       ***Fourth***, Yuga has failed to articulate a reasonable basis for withholding
22 materials and information relating to Yuga's use of racist and neo-Nazi imagery.
23 During the parties' November 28, 2022, meet and confer, Defendants repeatedly
24 explained that Yuga must fulfill its discovery obligations relating to Defendants' First
25 Amendment defenses otherwise it will be precluded from disputing Yuga's use of
26 racist and neo-Nazi imagery. Gosma Decl., Ex. 8 (Dec. 1, 2022, Nikogosyan Letter to
27 Thomas) at 2. Yuga disagreed and cited *Twentieth Century Fox Television v. Empire*
28

-7-

1  *Distribution, Inc.*, 875 F.3d 1992 (9th Cir. 2017) to argue that Yuga's pretext
2  counterargument does not create discovery obligations relating to the veracity of
3  speech activity. Gosma Decl., Ex. 8 at 2. But *Twentieth Century* did not involve any
4  criticism and the trademark holder did not dispute the truth and credibility of the
5  alleged infringer's speech activity. *Twentieth Century*, 875 F.3d at 1996-97. Thus,
6  this lawsuit is fundamentally different from *Twentieth Century* because Yuga itself
7  plans to attempt to disprove Mr. Ripps and Mr. Cahen's First Amendment defenses by
8  disputing at trial the truth and credibility of the RR/BAYC project's criticism.

Accordingly, the Court grants Mr. Ripps and Mr. Cahen's requests that Yuga supplement Interrogatory No. 14 and produce documents under Document Requests Nos. 5, 7-9, 32-34, 39, 51, and 53.

**B.   Interrogatory No. 2**

Interrogatory No. 2 seeks the identity of all persons and entities involved in the creation of Yuga's Bored Ape Yacht Club ("BAYC") NFT collection and the trademarks associated with Yuga's NFT collection. Mr. Ripps and Mr. Cahen made this request because all individuals involved in the creation of BAYC NFTs and the asserted trademarks are likely to have unique knowledge and information regarding the creation of BAYC NFTs and Yuga's trademarks and products, including rights in the BAYC NFTs and corresponding marks that were or were not lawfully transferred to Yuga. This interrogatory further seeks the names of all artists involved in creating the images associated with BAYC NFTs as those artists would have unique information involving (1) the creation or implementation of any of the asserted marks in the BAYC digital images, (2) whether Yuga lawfully acquired rights in the digital images these artists created, and (3) the circumstances in which racists traits were systematically added to the BAYC digital images.

As Yuga has explained, it does not oppose providing a supplemental response to Interrogatory No. 2. Accordingly, Yuga is ordered to answer this interrogatory,

identifying all persons, including the identities of all third parties, involved in creating the asserted marks in this litigation and the images associated with the BAYC NFT collection.

### C. Requests for Production No. 48

Document Request No. 48 seeks information and materials relating to damages. Specifically, these discovery requests seek information and materials that would be used in a damages analysis for Yuga's trademark infringement claims. Those materials include, for example, materials that document (1) Yuga's change in revenue since the release of Mr. Ripps and Mr. Cahen's conceptual art project, (2) costs associated any corrective advertising made to avoid consumer confusion, (3) royalties that Yuga typically receives for its trademarks, (4) loss of goodwill for the BAYC NFT collection, and (5) any other materials that memorialize Yuga's damages.

Yuga does not oppose producing documents in response to Document Request No. 48. Accordingly, Yuga is ordered to produce documents relating to (1) Yuga's change in revenue since the release of Mr. Ripps and Mr. Cahen's conceptual art project, (2) costs associated any corrective advertising made to avoid consumer confusion, (3) royalties that Yuga typically receives for its trademarks, (4) loss of goodwill for the BAYC NFT collection, and (5) any other materials that memorialize Yuga's damages.

### D. Requests for Production Nos. 28 and 29

Document Requests No. 28 and 29 seek materials relating to instances where consumers have distinguished Yuga's BAYC NFTs from Defendants' RR/BAYC NFTs and any research relating to consumers making those distinction. Mr. Ripps and Mr. Cahen served these document requests because they directly pertain to the issue of consumer confusion, which is an element of Yuga's trademark-related claims. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of

1  the case …"); *see also Lawless v. S.E.C.*, 5:21-cv-1637-JWH (SP), 2022 WL
2  2784771, at *2 (C.D. Cal. May 20, 2022) ("A 'relevant matter' under Rule 26(b)(1) is
3  any matter that "bears on, or that reasonably could lead to other matters that could
4  bear on, any issue that is or may be in the case." (citing *Oppenheimer Fund, Inc. v.*
5  *Sanders*, 437 U.S. 340, 351 (1978)).

6       Yuga does not oppose producing documents in response to Document Request
7  Nos. 28 and 29.  Accordingly, Yuga is ordered to produce (1) all materials relating to
8  public and non-public instances in which any person or entity implicitly or explicitly
9  distinguishes RR/BAYC NFTs from BAYC NFTs and (2) all research relating to
10 RR/BAYC NFTs being distinguished from BAYC NFTs.

11      **E.   Deposition Scheduling**

12      Yuga has repeatedly refused Mr. Ripps and Mr. Cahen's requests to confer and
13 schedule depositions as contemplated under Section II(a) of the Court's Scheduling
14 Order.  Gosma Decl., Ex. 1 (Scheduling Order) at 5.  Specifically, the parties have yet
15 to take the depositions of both Defendants, Yuga's 30(b)(6) witness, and several Yuga
16 employees including Wylie Aronow, Greg Solano, Kerem Atalay, Zeshan Ali, Nicole
17 Muniz, Guys Oseary, and Noah Davis.  At the same time, Yuga has served numerous
18 subpoenas on eight (8) third parties—most of which are entirely unrelated to the
19 Yuga's claims in this litigation—and aggressively pursued depositions and documents
20 from them.  Gosma Decl., Ex. 16 (Oct. 31, 2022, Tompros Letter Regarding
21 Subpoenas) at 1.

22      Yuga states that since receiving the Defendants' portion of the joint stipulation,
23 Yuga has scheduled the deposition of its 30(b)(6) witness and has refused to provide
24 Mr. Aronow and Mr. Solano for deposition on the grounds that they are apex
25 witnesses.  However, the apex doctrine only shields depositions against high-level
26 executives of "large, multi-national corporations." *See Apple Inc. v. Samsung Elecs.*
27 *Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).  But Yuga itself publicly stated on
28

January 3, 2022, that it has only eleven full-time employees (see https://twitter.com/yugalabs/status/1478100704069832704?lang=en), confirming that it is not a large, multi-national corporation that warrants application of the apex doctrine:



Further, even if Yuga is considered a large corporation, Yuga has acknowledged in its interrogatory response that "Wylie Aronow, Greg Solano, and a third-party designer engaged by Wylie Aronow and Greg Solano participated in the design or creation of the Asserted Marks."  Thomas Decl., Ex. 2.  Thus, the Apex doctrine does not apply to Mr. Aronow and Mr. Solano based on their first-hand knowledge of relevant facts relating to the creation of the asserted marks.  *See Monster Energy Co. v. Vital Pharms., Inc.*, 5:18-cv-01882-JGB-SHK, 2021 WL 3524128, at *3 (C.D. Cal. 2021) ([W]here a corporate officer may have any first-hand knowledge of relevant facts the deposition should be allowed.").

Yuga has not provided any explanation for why it has refused to schedule any of the remaining depositions that Mr. Ripps and Mr. Cahen have requested.

The Court orders the parties to cooperate in the scheduling of depositions and order *Edge Sys. LLC*, 2022 WL 2093850, at *7 ("[C]ounsel are expected to cooperate with each other ... to facilitate the exchange of discoverable information, and to reduce the costs of discovery.").  Yuga will set up a meet and confer with Mr. Ripps and Mr. Cahen to discuss deposition scheduling.  Yuga will also provide reasonable dates for Wylie Aronow, Greg Solano, Kerem Atalay, Zeshan Ali, Nicole Muniz, Guys Oseary, and Noah Davis' depositions.

## IV. CONCLUSION

For the reasons set forth above, Defendants Mr. Ripps and Mr. Cahen's motion to compel is granted.

Dated: _____          _____

                                Hon. John E. McDermott
                                United States Magistrate Jude