Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Hearing: Jan. 17, 2023, at 10:00 p.m. |

## I. INTRODUCTION

The parties have filed cross-motions to compel. These motions make clear that, while Defendants Ryder Ripps and Jeremy Cahen have been forthcoming with discovery, Plaintiff Yuga Labs, Inc. has approached this Court and the discovery process in bad faith. The facts on the ground speak volumes. Defendants (two individuals) have produced over ***200,000 communications—the vast majority being private communications***. Plaintiff (a corporation), on the other hand, has produced fewer than ***200 non-public documents***, most of which are only a few pages long. Plaintiff also produced thousands of public documents that Defendants already possessed and various third-party materials, but these serve to conceal the extraordinary deficiencies in Plaintiff's production.

Moreover, nearly all of Plaintiff's discovery complaints could have been resolved without needlessly burdening the Court had Plaintiff simply conferred as required under Local Rule 37-1. But instead, Plaintiff surprised Defendants by raising discovery disputes for the first time in its motion to compel. There is no doubt that Defendants would have resolved Plaintiff's concerns as Defendants had already produced the most substantive materials on December 1st, which included 10,945 confidential communications detailing the entire development and sales cycle of the accused artworks in this case. Regardless, Defendants have now made extensive productions curing Plaintiff's concerns and rendering Plaintiff's motion moot.

## II. ARGUMENT

### A. Plaintiff's motion to compel is moot

Defendants have produced documents and supplemented interrogatories as promised in their portion to Plaintiff's joint stipulation, and Plaintiff has not raised any complaints.

On December 23rd and December 27th, Defendants produced over a hundred thousand communications including more than 6,000 files (some of these files are very large). These materials include countless private messages, posts, documents,

1  and communications regarding the RR/BAYC artwork accused in this litigation.
2  Defendants also supplemented Defendant Ripps' Interrogatories 7, 8, 10, 11, 13, 16,
3  and 17 on December 28 as promised in their portion of Plaintiff's joint stipulation.
4  *See* Gosma Decl., Ex. 1 (Mr. Ripps' Second Supplemental to Interrogatories).

5  Defendants have now effectively emptied all responsive materials in their
6  possession. And while Defendants will continue to conduct a reasonable
7  investigation, the reality is that Defendants have produced everything they found after
8  devoting significant time and resources to collecting documents. Plaintiff may be
9  upset that discovery has not revealed the smoking gun they hoped to find, but if such
10 evidence did exist, it certainly would have been produced by now.

11 Further, on December 29, the parties held a conference of counsel under Local
12 Rule 37-1. At the conference, Plaintiff did not raise any dispute as to the Defendants'
13 December 23rd and 27th productions other than asking to confirm that all responsive
14 materials had been produced. Plaintiff also raised no complaints regarding Defendant
15 Ripps' supplemental interrogatory responses. Nevertheless, Defendants repeatedly
16 offered to re-investigate issues to ensure that all discovery concerns are addressed.

17 Defendants' extensive productions, supplemental interrogatory responses, and
18 Plaintiff's lack of complaints confirm that Plaintiff's motion should be denied. In
19 fact, Plaintiff's motion should have never been filed in the first place. Plaintiff never
20 gave Defendants the minimal courtesy of a phone call and instead rushed to this Court
21 to seek a court order where none was needed. The record is clear. Defendants have
22 approached discovery in this case with remarkable transparency, including by
23 producing the heart of all responsive materials on December 1st, which included
24 nearly 11,000 private communications regarding the development and sales cycle for
25 the accused artworks in this case. Had Plaintiff simply complied with the Local Rules
26 and asked for a telephone call, Defendants would have continued their forthcoming
27 approach to discovery, and Plaintiff would not have needlessly burdened the Court.
28

### B. Plaintiff has stonewalled document production

Unlike the Defendants, who are just two individuals, Plaintiff is a corporation that presumably possesses much more responsive documents. At this stage in discovery, Plaintiff should have produced hundreds of thousands of private communications as Defendants have already done. But instead, Plaintiff has produced fewer than 200 non-public documents. In fact, Plaintiff's production is deficient as to *every single* document request. Plaintiff's refusal to produce evidence in its possession is not only belligerent abuse of the discovery process but also prejudicial to Defendants' ability to take depositions and present a case a trial. Without the Court's intervention, Plaintiff's obstruction will comprise the administration of justice.

### C. Plaintiff is refusing to schedule depositions in bad faith

Plaintiff is also acting in bad faith regarding deposition scheduling. Plaintiff has refused to schedule depositions for any of its witnesses with exception of its 30(b)(6) witness. At the same time, Plaintiff has not identified who their 30(b)(6) witness is and has failed to produce any documents that Defendants would need in order to properly question Plaintiff's 30(b)(6) witness. Plaintiff's conduct all but ensures that no productive deposition can take place because Plaintiff simply is not providing evidence that would give a basis for deposition questions.

After Defendants filed their motion to compel, Plaintiff also asserted that it will not provide Wylie Aronow and Greg Solano for depositions under the Apex Doctrine. But Plaintiff's reliance on the Apex Doctrine has no merit.

***First***, the Apex Doctrine does not apply to small companies like the Plaintiff. The Apex Doctrine was created to prevent depositions of high-ranking officials "in the case of a large, multi-national corporation" or a "company of global proportions." *Apple v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 163 (N.D. Cal. 2012). Courts do not apply the doctrine to small companies because executives in small companies have relevant personal knowledge, rendering them proper deponents. *See Rosales v. FitFlop USA, LLC*, 2013 12416060, at *5 (S.D. Cal. Jan. 4, 2013) ("[G]iven the

admittedly small size of the company …, there does not appear to be a viable reason why plaintiffs should be required to take the depositions of lower-level executives or employees first."); *Ray v. BlueHippo Funding, LLC*, 06-cv-1807-JSW-EMC, 2008 WL 4830747, at *2 (N.D. Cal. Nov. 6, 2008).

Plaintiff is not a large corporation of "global proportions." In fact, Plaintiff has publicly admitted that it has ***only 11-full time employees***:

> To date, we have 11 full-time employees and many contractors who work on every aspect of the BAYC, from video games to merch, digital and physical experiences, scavenger hunts, etc.
>
> 12:27 PM · Jan 3, 2022
>
> 37 Retweets  4 Quote Tweets  1,148 Likes

Gosma Decl., Ex. 2 (Plaintiff's Jan. 3, 2022, Twitter Post). And when also counting part-time employees and other non-full-time workers, the Plaintiff has only around 100 team members:

> Along the way, the Yuga team has grown from 4 to 100+ people, and we're still on the lookout for brilliant thinkers and doers who can grow alongside us, push us forward, and create work that makes history. If that sounds like you, apply to one of our open roles or reach out.

Gosma Decl., Ex. 3 (Plaintiff's LinkedIn Profile). By Plaintiff's own public admissions, it is nowhere near a company of "global proportions" and thus cannot rely on the Apex Doctrine.

**Second**, Wylie Aronow and Greg Solano are not apex witnesses. Aronow and Solano are only two of four co-founders of a small company and do not occupy any high-ranking positions. In fact, Aronow has publicly admitted through his Twitter profile (@GordonGoner) that he "just works" at Plaintiff's corporation and that he is not a high-ranking corporate official:



Gosma Decl., Ex. 4 (Aronow Nov. 9, 2022, Twitter Post).

*Lastly*, even if the Apex Doctrine did apply, it would not prevent the depositions of Aronow and Solano. The law is clear that "where a corporate officer may have first-hand knowledge of relevant facts, the deposition should be allowed." *Monster Energy Co. v. Vital Pharms., Inc.*, 5:18-cv-cv-01882-JGB-SHK, 2021 WL 3524128, at *3 (C.D. Cal. May 26, 2021). Relevant to this case is the creation of the asserted marks as it concerns their development and entrance into commerce. Plaintiff has admitted that "**Wylie Aronow, Greg Solano, and a third-party designer engaged by Wylie Aronow and Greg Solano participated in the design or creation of the Asserted Mark**." Gosma Decl., Ex. 5 at 11 (Plaintiff's First Supp. to Inter.) (emphasis added). Thus, Plaintiff admits that Aronow and Solano are its only employees with personal knowledge regarding the creation of the asserted marks. The Apex Doctrine cannot shield depositions of employees with this kind of personal knowledge.

### III. CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's motion to compel and grant Defendants' motion to compel.

| | | |
|---|---|---|
| 1 | Dated: January 3, 2023, | By: /s/ *Derek Gosma* |

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on January 3, 2023.

By: /s/ *Derek Gosma*
Derek Gosma