# Exhibit 1

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                              Plaintiff,<br><br>    v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>                              Defendants. | Case No.  2:22-cv-04355-JFW-JEM<br><br>**RYDER RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA LABS, INC.'S FIRST SET OF INTERROGATORIES TO RYDER RIPPS (NOS. 1-17)** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33, Defendant Ryder Ripps hereby provides these supplemental responses and objections

1

to Plaintiff Yuga Labs, Inc.'s ("Yuga") First Set of Interrogatories to Ryder Ripps, served on July 14, 2022.

## PRELIMINARY STATEMENT

Although Mr. Ripps has conducted a reasonable investigation of the information in his possession, discovery remains ongoing. As such, Mr. Ripps has not fully completed his investigation of the facts relating to this case, or preparation for trial. As a result, the responses and objections contained herein are based on such information presently available to and specifically known by Mr. Ripps. Further independent investigation, legal research, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to or changes in and variations from the responses set forth herein. Mr. Ripps will supplement its responses and objections to these interrogatories under Fed R. Civ. P. 26(e) as necessary. The following discovery responses and objections are given without prejudice to Mr. Ripps's right to introduce and rely upon any information not provided in these responses at trial or at any other state of this proceeding, including without limitation to produce evidence of any subsequently discovered or recalled facts.

## GENERAL OBJECTIONS

1.     Mr. Ripps objects to the Interrogatories to the extent they seek to impose on Mr. Ripps any duty or obligation that is inconsistent with or in excess of those that are imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or case law. Mr. Ripps will respond to the Requests in the manner required by the Federal Rules of Civil Procedure and any other applicable rule or case law. Mr. Ripps's responses are limited to the scope of the discovery set forth therein.

2.     Mr. Ripps objects to the Interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense privilege, or any other

privilege or immunity.  Mr. Ripps intends to and does claim all applicable privileges with respect to all such information, and any inadvertent disclosure of any protected or privileged information shall not be deemed or construed to constitute a waiver of any right or privilege.

3.     Mr. Ripps objects to each Interrogatory seeking "all" or "any" of the referenced information or documents on the grounds that such Interrogatories are overbroad, would impose unduly burdensome efforts on Mr. Ripps, seek irrelevant information, and do not describe the information sought with sufficient particularity and are vague and ambiguous.

4.     Mr. Ripps objects to the Interrogatories to the extent that they seek to require Mr. Ripps to search for or provide information not in his possession, custody, or control, including, but not limited to, information in the possession, custody, or control of third parties.  Mr. Ripps is not under any obligation to search for or provide information not in his possession, custody, or control, and does not take on any obligation to do so.

5.     Mr. Ripps objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, any protective order or confidentiality agreement limiting his disclosure, or order of a court or other authority of the jurisdiction in which the information is located.

6.     Mr. Ripps objects to the Interrogatories to the extent they are not appropriately limited in time or seek information for periods of time that are not relevant to any claim or defense.

7.     Nothing in Mr. Ripps's responses to the Interrogatories constitutes an admission concerning the scope of the claims of any of the Asserted Marks.

8.     Mr. Ripps expressly reserves:

a.   the right to object, on the grounds of competency, relevance, materiality, privilege, or any other applicable ground, to the use of responses provided

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF
INTERROGATORIES TO MR. RIPPS

to these Interrogatories or the subject matter thereof, in any subsequent proceeding in, or hearing of, this or any other action;

        b.   the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of these Interrogatories; and

        c.   the right to supplement the response herein should further investigation or discovery disclose additional information.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Mr. Ripps objects to Yuga's definition of "you," "your," or "defendant" to the extent that it purports to include persons or entities that are not parties to this action, parties whose action and/or knowledge are not properly attributable to Mr. Ripps, in whole or in part, and/or whom Mr. Ripps does not control.  In the interests of expediting the discovery process, unless otherwise indicated, Mr. Ripps will provide information in his own possession, custody or control and located after a reasonable search.

2.    Mr. Ripps objects to the definition of "Mark" (and similar terms) as defined by Yuga to the extent these terms seek to cover words, names, symbols, designs, shapes, numbers, slogans, devices, or any combination thereof that is not covered by the Lanham Act or other laws implicated in the Complaint.

3.    Mr. Ripps objects to the definition of "communication" to the extent the term includes information subject to the attorney-client privilege, work-product doctrine, or other applicable privilege.

4.    Mr. Ripps objects to Yuga's definition of "person" or "persons" as vague, ambiguous, overbroad, and unduly burdensome to the extent it includes "any natural person or legal entity, including, without limitation, any business or governmental entity or association."  Such definition is overbroad and would lead to unduly burdensome requests for information and documents not within Mr. Ripps's

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF INTERROGATORIES TO MR. RIPPS

possession, custody, or control.  For purposes of responding to the Interrogatories, Mr. Ripps interprets the terms as covering a natural person or business entity and the acts of that natural person or business entity.  Where the terms "person" or "persons" is used, Mr. Ripps will provide only such information and documents in his possession, custody, or control that can be reasonably identified as responsive to each Interrogatory.

5.      Mr. Ripps objects to the definition of "Identify" as defined by Yuga as overbroad, unduly burdensome, seeking information that is in the public domain, and would lead to unduly burdensome requests for information and documents not within Mr. Ripps's possession, custody, or control to the extent it includes a person's "full name, present or last-known address, and present or last-known employer;" and a legal entity's "name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity."

6.      Mr. Ripps objects to the definition of "concerning" as defined by Yuga on the ground that, in light of Yuga's definition of this term, the Interrogatories are overly broad, unduly burdensome, and seek documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

7.      Mr. Ripps objects to the definition of "regarding," "relating to," "related to," and /or "referring to" as defined by Yuga on the ground that, in light of Yuga's definition of these terms, the Interrogatories are overly broad, unduly burdensome, and seek documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

8.      Mr. Ripps objects to Yuga's Instruction No. 2.  Mr. Ripps's documents will be produced in accordance with the Order Regarding Discovery of Electronically Stored Information to be entered in this case.  Further, Mr. Ripps will produce documents under the format specified in the Order Regarding Discovery of

Electronically Stored Information only after there is a Protective Order entered in this case.

9.      Mr. Ripps objects to Yuga's Instruction No. 3 as it is overly broad and unduly burdensome and seeks information outside of Mr. Ripps's possession, custody, or control to the extent it requires for "any document identified in response…but is no longer in your possession, custody, or subject to your control…" that has been "otherwise disposed" Mr. Ripps must "explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or… identify the writings that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee, and the number of pages."

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the facts and circumstances concerning the conception and creation of the RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 1**:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the creation of RR/BAYC NFTs including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General

Objections, Mr. Ripps responds as follows:

At least two circumstances caused Mr. Ripps to create the RR/BAYC NFTs. First, Yuga embedded its BAYC NFTs with racist elements and then misled the public on its use of such elements.  Mr. Ripps publicized Yuga's use of racist elements on Twitter because he considered Yuga's behavior to be unethical and harmful to society. Mr. Ripps later chose to speak out against Yuga through the performance and appropriation art project known as RR/BAYC.  He created the RR/BAYC NFTs to bring attention to Yuga's use of hidden racist elements and to create a community of educators that would stand up against Yuga's offensive conduct.

Second, Mr. Ripps created RR/BAYC NFTs to educate the public on the non-fungible nature of NFTs.  RR/BAYC NFTs show that purchasing an NFT involves purchasing only a unique digital token recorded on the blockchain, and not the corresponding digital image.  Mr. Ripps demonstrated this fact by creating RR/BAYC NFTs that identify the same digital image as BAYC NFTs, but do not copy those digital images or their unique digital tokens.

**INTERROGATORY NO. 2:**

Describe in detail the facts and circumstances concerning the decision to associate the RR/BAYC NFTs with the same Bored Ape images that are associated with the BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the decision to associate RR/BAYC NFTs with the Bored Ape images that are associated with BAYC NFTS including details not relevant or only remotely relevant to this Litigation.  Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-

SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs" including details not relevant or only remotely relevant to this Litigation.  Mr. Ripps further objects to this Interrogatory to the extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC NFTs.  Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatory No. 1.

Mr. Ripps displayed modified versions of certain Asserted Marks—for example,

as incorporated into his project's title, RR/BAYC—to identify the BAYC NFT collection that the RR/BAYC project criticizes.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (11/3/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Mr. Ripps's RR/BAYC project displayed modified versions of certain Asserted Marks so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps' commentary.  Through his use of modified versions of certain BAYC marks, Mr. Ripps expressed his belief that Yuga's behavior was unethical and harmful to society, in particular because Yuga's website and specific BAYC NFTs contain racist and hateful elements.  Through the creation of the RR/BAYC project and use of modified versions of certain BAYC Marks, Mr. Ripps endeavored to raise social awareness of Yuga's problematic and offensive conduct and create a community of educated individuals that would stand up against it.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (12/28/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Mr. Ripps's RR/BAYC project in nearly all instances displayed modified versions of certain Asserted Marks, though in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps's commentary.  Through his use of modified and unmodified versions of certain BAYC marks, Mr. Ripps expressed his belief that Yuga's behavior was unethical and harmful to society, in particular because Yuga's website and specific BAYC NFTs contain racist and hateful elements.  Through the creation of the RR/BAYC project and

use of modified and unmodified versions of certain BAYC Marks, Mr. Ripps endeavored to raise social awareness of Yuga's problematic and offensive conduct and create a community of educated individuals that would stand up against it.

**INTERROGATORY NO. 4:**

Identify all RR/BAYC Marks.

**RESPONSE TO INTERROGATORY NO. 4:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "identify all RR/BAYC Marks" including RR/BAYC Marks that Yuga has not accused in this litigation, or marks that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps's performance and appropriation art project is titled RR/BAYC. "RR" stands for Mr. Ripps's name, Ryder Ripps, and "BAYC" references the abbreviated title of Yuga's NFT collection. Mr. Ripps does not claim ownership or interest in any Mark related to the RR/BAYC project, including RR/BAYC.

**INTERROGATORY NO. 5:**

Describe in detail the facts and circumstances concerning the selection and adoption of the RR/BAYC Marks, including without limitation when the Marks were selected, the reason the Marks were selected to identify your goods, services, or NFTs,

(e.g., the impression or meaning sought to convey to consumers), and the person(s) involved in the selection and adoption of the RR/BAYC Marks.

**RESPONSE TO INTERROGATORY NO. 5:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the adoption of RR/BAYC Marks to the extent the Interrogatory asks of details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "goods" and "services," and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

**INTERROGATORY NO. 6:**

Describe in detail how each RR/BAYC Mark relates to or describes your goods, services, or NFTs.

**RESPONSE TO INTERROGATORY NO. 6:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail" how "each RR/BAYC Mark" relates to Mr. Ripps goods, services, or NFTs, including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further

objects to this Interrogatory as vague and ambiguous because Yuga has not defined "goods" and "services," and Mr. Ripps is unable to determine how Yuga is using these terms.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Ms. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

**INTERROGATORY NO. 7:**

Identify all persons who were or are responsible for or participating in the conception or creation of the RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 7:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all persons" involved in the creation of RR/BAYC NFTs even if such persons are not relevant or only remotely relevant to this Litigation.  Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "participating" or "responsible for."  For purposes of responding to this Interrogatory, Mr. Ripps interprets "participating" to mean substantial involvement in the creation of RR/BAYC NFTs at the direction of Mr. Ripps and "responsible for" to mean those who directly contributed to the creation of RR/BAYC NFTs at the direction of Mr. Ripps.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege,

common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify persons that Mr. Ripps directed to participate in the creation of RR/BAYC NFTs.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents that identify the persons Mr. Ripps directed to participate in the creation of RR/BAYC NFTs can be located at: RIPPSCAHEN00000301; RIPPSCAHEN00000302-306; RIPPSCAHEN00001935-2281 [Bates to be added from the following outer folders of the new productions: RRBAYC – Telegram, RIPPSCAHEN00000301 – Embedded Documents, Discord - ApeMarket, Direct Messages.]

Further, the persons that Mr. Ripps directed to participate in the creation of RR/BAYC NFTs were as follows:

- Ryder Ripps
- Jeremy Cahen
- Ryan Hickman
- Tom Lehman
- Ian Garner

**INTERROGATORY NO. 8:**

Identify all persons who have invested in or contributed in any way to the creation of any good, service, or NFT offered for sale in connection with any RR/BAYC Mark, including but not limited to Ape Market.

**RESPONSE TO INTERROGATORY NO. 8:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all persons" that have contributed "in any way" to the creation of "any good, service, or NFT offered for sale in connection with any RR/BAYC Mark" including persons that are not relevant or only remotely relevant to this Litigation.  Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "good" and "service," and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Interrogatory as vague and ambiguous because Mr. Ripps is unable to determine how "Ape Market" is an example of a "good" or "service." Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (11/3/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF
INTERROGATORIES TO MR. RIPPS

and are located through a reasonably diligent search—sufficient to identify persons that substantively contributed to the RR/BAYC project. Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

- @ryder_ripps
- @JeremyCahen
- @Pauly0x
- @ApeMarketplace

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents that identify the persons that substantively contributed to the RR/BAYC project can be located at: RIPPSCAHEN00000301, RIPPSCAHEN00001935-2281; RIPPSCAHEN00002283-4137; RIPPSCAHEN00012333-14359; RIPPSCAHEN00014286-14521.

Further, the persons involved in the creation and launch of the RR/BAYC project were as follows:

- Ryder Ripps
- Jeremy Cahen
- Ryan Hickman
- Tom Lehman
- Ian Garner

**INTERROGATORY NO. 9:**

Identify all goods, services, and NFTs you have offered for sale, sold, provided under or in connection with any BAYC Mark or RR/BAYC Mark.

**RESPONSE TO INTERROGATORY NO. 9:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all goods, services, and NFTs" even if they are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory as vague and ambiguous because Yuga has not defined "goods" and "services," and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps further objects to this Interrogatory to the extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC Mark. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

**INTERROGATORY NO. 10:**

Identify all persons who were or are responsible for or participating in the marketing or advertising of any goods, services, or NFTs offered for sale or sold by or for you in connection with any BAYC Mark or RR/BAYC Mark, including but not limited to Ape Market.

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify all persons" that are responsible for or participating in the "marketing or advertising of any goods, services, or NFTs offered for sale or sold by you or for you in connection with any BAYC Mark or RR/BAYC Mark" including persons that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory

as vague and ambiguous because Yuga has not defined "goods," "services," and "participating" and Mr. Ripps is unable to determine how Yuga is using these terms. Mr. Ripps also objects to this Interrogatory as vague and ambiguous because Mr. Ripps is unable to determine how "Ape Market" is an example of a "goods" or "services." Mr. Ripps further objects to this Interrogatory to the extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC Mark. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatories Nos. 1 and 4.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (11/3/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify persons that were substantively involved in marketing the RR/BAYC project.

Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

- @ryder_ripps
- @JeremyCahen
- @Pauly0x
- @ApeMarketplace

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents that identify persons that were substantively involved in marketing the RR/BAYC project can be located at: RIPPSCAHEN00000001, RIPPSCAHEN00000291-300, RIPPSCAHEN00000301, RIPPSCAHEN00001935-2281; RIPPSCAHEN00002283-4137; RIPPSCAHEN00012333-14359; RIPPSCAHEN00014286-14521.

Further, the people involved in the marketing of the RR/BAYC project included the following:

- Ryder Ripps
- Jeremy Cahen
- Ryan Hickman
- Tom Lehman
- Ian Garner

**INTERROGATORY NO. 11:**

Describe all channels of trade through which you have offered for sale, sold, or provided RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 11:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.  For example, the Interrogatory is overbroad because it asks Mr. Ripps to "[d]escribe all channels of trade" for the RR/BAYC NFTs including channels of trade that are publicly available.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information

protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business, not publicly available, and are located through a reasonably diligent search—sufficient to identify channels of trade for RR/BAYC NFTs.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents that identify channels of trade for RR/BAYC NFTs can be located at: RIPPSCAHEN00000001, RIPPSCAHEN00000291-300, RIPPSCAHEN00000301 [Bates to be added from the following outer folders of the new productions: RRBAYC – Telegram, RIPPSCAHEN00000301 – Embedded Documents, Discord - ApeMarket, Direct Messages.]

**INTERROGATORY NO. 12:**

Describe all classes and/or types of customers that comprise the intended market for RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 12:**

Mr. Ripps objects to this Interrogatory as vague and ambiguous because Yuga has not defined "intended market." For purposes of answering this Interrogatory, Mr. Ripps interprets this term to mean the intended collectors of RR/BAYC NFTs. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are

protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

The intended collectors of RR/BAYC NFTs are art and NFT collectors who want to participate in criticizing Yuga's use of racist dog whistles and who expressly acknowledge that RR/BAYC NFTs are not affiliated with or sponsored by Yuga. Mr. Ripps also incorporates his response to Interrogatory No. 1.

**INTERROGATORY NO. 13:**

State the revenues derived from the sales of the RR/BAYC NFTs and an explanation of how such revenues were calculated.

**RESPONSE TO INTERROGATORY NO. 13:**

Mr. Ripps objects to this Interrogatory as vague and ambiguous because Yuga has not defined "revenues derived." For purposes of answering this Interrogatory, Mr. Ripps interprets the term to mean the gross income produced through sales. Mr. Ripps further objects to this interrogatory as vague and ambiguous because Yuga has requested an "explanation of how such revenues were calculated" without explain what would constitute an "explanation" that is adequately responsive to this request. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF INTERROGATORIES TO MR. RIPPS

and are located through a reasonably diligent search—sufficient to identify the sales revenue of RR/BAYC NFTs.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents sufficient to identify the sales revenue of RR/BAYC NFTs can be located at: RIPPSCAHEN00000301 [Bates to be added from the following outer folders of the new productions: RRBAYC – Telegram, RIPPSCAHEN00000301 – Embedded Documents, Discord - ApeMarket, Direct Messages.]

**INTERROGATORY NO. 14:**

Describe each and every instance of which you are aware in which any person has been in any way confused, mistaken, or deceived as to the origin, creator, affiliation, connection, or association of any RR/BAYC NFT or BAYC NFT.

**RESPONSE TO INTERROGATORY NO. 14:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[d]escribe each and every instance" of a person being confused regarding the origin of a RR/BAYC NFT or BAYC NFT, including instances of confusion that are not relevant or only remotely relevant to BAYC NFTs. Mr. Ripps also objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to the extent this Interrogatory seeks information outside of his possession, custody, or control. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF INTERROGATORIES TO MR. RIPPS

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

None.

**INTERROGATORY NO. 15:**

Identify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT.

**RESPONSE TO INTERROGATORY NO. 15:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "[i]dentify and describe the circumstances surrounding every instance in which a person asked to return, sell back to you, or receive a refund for a RR/BAYC NFT," even if such requests (if any exist) are not relevant or only remotely relevant to this Litigation. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

None.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (11/3/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is aware of one request for a return by twitter user @orchidmouth on June 27, 2022.  Mr. Ripps is not presently aware of any additional requests for returns.

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF INTERROGATORIES TO MR. RIPPS

and are located through a reasonably diligent search—sufficient to identify returns of RR/BAYC NFTs of which Mr. Ripps is aware.

Such documents include, but are not limited to, messages from the RR/BAYC Discord server and posts by the following social media accounts:

- @ryder_ripps
- @JeremyCahen
- @Pauly0x
- @ApeMarketplace

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

As reflected in the documents cited below, Mr. Ripps did correspond with various RR/BAYC community members concerning returns or exchanges of RR / BAYC NFTs. Mr. Ripps is unaware of any situation where a third party initiated such a communication based on any confusion between BAYC and RR / BAYC NFTs.

Documents sufficient to identify returns of RR/BAYC NFTs of which Mr. Ripps is aware can be located at: RIPPSCAHEN00000001, RIPPSCAHEN00000291-300, RIPPSCAHEN00000301; RIPPSCAHEN00001935-2281; RIPPSCAHEN00002283-4137; RIPPSCAHEN00012333-14359; RIPPSCAHEN00014286-14521.

**INTERROGATORY NO. 16:**

Identify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT or Mark or any RR/BAYC NFT or Mark.

**RESPONSE TO INTERROGATORY NO. 16:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. For example, the Interrogatory is overbroad

because it asks Mr. Ripps to "[i]dentify every transaction to which you were a party or beneficiary, including any secondary sales, involving any BAYC NFT" including transactions relating to BAYC NFTs that are not relevant or are only remotely relevant to this Litigation.  The Interrogatory is also overbroad to the extent it seeks information on transactions for RR/BAYC NFTs that are unrelated or only remotely related to the accused sales in this Litigation.  Mr. Ripps also objects to this Interrogatory to the extent it seeks disclosure of information that Mr. Ripps is under an obligation to a third party not to disclose.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents for which Mr. Ripps does not have an obligation to a third party to withhold from disclosure—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify whether Mr. Ripps was a beneficiary of transactions involving RR/BAYC NFT sales accused in this Litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents sufficient to identify whether Mr. Ripps was a beneficiary of transactions involving RR/BAYC NFT sales accused in this Litigation can be located at: RIPPSCAHEN00000301 [Bates to be added from the following outer folders of the

new productions: RRBAYC – Telegram, RIPPSCAHEN00000301 – Embedded Documents, Discord - ApeMarket, Direct Messages.]

**INTERROGATORY NO. 17:**

Identify all cryptographic public keys (i.e., the public address of every wallet) used by you to send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT.

**RESPONSE TO INTERROGATORY NO. 17:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks for "all cryptographic public keys," even though the public addresses of digital wallets are not relevant or are only remotely relevant to this Litigation. This Interrogatory is also overbroad to the extent it seeks the public address of every wallet involved in transactions of BAYC NFTs because Mr. Ripps's transactions relating to BAYC NFTs (if any exist) are not relevant or are only remotely relevant to this Litigation. Mr. Ripps also objects to this Interrogatory to the extent it seeks disclosure of information that Mr. Ripps is under an obligation to a third party not to disclose. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps is willing to meet and confer regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17 (11/3/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF INTERROGATORIES TO MR. RIPPS

Pursuant to Fed. R. Civ. P. 33(d), Mr. Ripps will produce and identify non-privileged documents—to the extent any are kept in the ordinary course of business and are located through a reasonably diligent search—sufficient to identify public wallet addresses controlled by Mr. Ripps that was used to send, receive, or transfer funds that were obtained from the RR/BAYC project.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17 (12/28/22):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Documents sufficient to identify public wallet addresses controlled by Mr. Ripps that was used to send, receive, or transfer funds that were obtained from the RR/BAYC project can be located at: RIPPSCAHEN00000301; RIPPSCAHEN00001935-2281; RIPPSCAHEN00002283-4137;                    RIPPSCAHEN00012333-14359; RIPPSCAHEN00014286-14521.

Dated:  December 28, 2022         By: /s/   Henry Nikogosyan

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF
INTERROGATORIES TO MR. RIPPS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail on December 28, 2022, on counsel of record for Yuga Labs, Inc.  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated:  December 28, 2022          */s/  Henry Nikogosyan*

Henry Nikogosyan

MR. RIPPS'S SECOND SUPPLEMENTAL RESPONSES TO YUGA'S FIRST SET OF INTERROGATORIES TO MR. RIPPS