ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>　　　　　　Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**PLAINTIFF YUGA LABS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Motion Hearing Date: January 17, 2023<br>Motion Hearing Time: 10:00 am<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date: June 27, 2023 |

# INTRODUCTION

Defendant Ripps has had more than five months to produce the discovery sought in Yuga Labs' motion to compel, has made multiple promises to do so, and repeatedly failed to honor his promises. Nevertheless, he asks the Court to withhold adjudication on these issues because he once again promises to comply with his discovery obligations. Yuga Labs has been persistently pursuing this discovery and appropriately brought its motion. More delay and general promises of compliance are not a sufficient answer from Defendant Ripps. Yuga Labs needs, and is entitled to, the certainty of Defendant Ripps' compliance with these discovery issues which have not been rendered moot as of this filing.

The discovery Yuga Labs seeks is straightforward and directly relevant to its federal trademark infringement case. Yet, even in his recent supplemental productions (commencing on December 23), Defendant Ripps still fails to produce the most basic information. For example, he has not produced documents and communications concerning the registration of the rrbayc.com and apemarket.com domains (RFP 22); nor has he produced his communications with Defendant Cahen or either software developer (Ryan Hickman and Thomas Lehman) engaged by Defendants regarding any BAYC Mark (RFP 2), even though each developer produced evidence that they communicated with Defendants Ripps and/or Cahen via text, direct Twitter messages, and/or direct Discord messages. Defendant Ripps also still refuses to identify the transactions to which he was a party or beneficiary that involved BAYC or RR/BAYC NFTs (ROG 16), and he refuses to properly identify the wallet addresses (analogous to account numbers) he uses (ROG 17)[1].

---

[1] Defendants identify a spreadsheet in their portion of the Joint Stipulation, which they did not produce until December 27. Even then, the spreadsheet does not specifically identify Ripps' wallet address, let alone specify whether Ripps uses other wallets to transact in BAYC NFTs, RR/BAYC NFTs, or funds derived therefrom. And, in written discovery, Ripps has **denied owing or controlling** the wallet address in this spreadsheet that might be assumed to belong to him. Defendants have therefore continued to avoid Yuga Labs' core question to identify every relevant wallet Ripps uses. This is but one reason why Ripps' interrogatory response (and

Defendant Ripps, tellingly, does not support his burden arguments with any evidence. *See* Fed. R. Civ. P. 26(b)(2)(B) (Defendants must make a showing that the information sought is not accessible because of undue burden or cost). Neither he nor Mr. Cahen declare how many "hours" they spent searching for responsive documents, what actions either of them took to gather responsive documents, or that the discovery Yuga Labs seeks is not reasonably accessible to them.[2] They also offer no evidence for their claim raised for the first time in the Joint Stipulation that a common interest privilege exists between them prior to the filing of the lawsuit, or with either of their third-party developers at any time. And, while Defendant Ripps attempts to paint a picture of David versus Goliath, this claim is not credible given his own actions. For instance, Defendants have notified Yuga Labs that they intend to take eight depositions of Yuga Labs and/or persons associated with it and issued three subpoenas seeking depositions from third parties (including Jimmy Fallon and Paris Hilton). Defendant Ripps cannot have it both ways by arguing that he should be relieved from the burdens of participating in discovery when it comes to Yuga Labs' case but can muster the resources to conduct expansive discovery in service of his own goals. The only plausible reason for Defendant Ripps' refusal to provide the most basic information in response to Yuga Labs' discovery requests is that he is withholding evidence or he is trying to make discovery difficult. Neither is a valid excuse.

## I. THE COURT SHOULD RESOLVE YUGA LABS' ISSUES

Yuga Labs' unrebutted evidence establishes that it raised the issues in its Joint Stipulation during two separate meet-and-confer calls with Defendants. *See* Thomas Decl. (ECF No. 67-1) ¶¶ 9, 15. Yuga Labs also brought Defendants' attention to these issues before those calls and in writing over a series of ongoing exchanges with

---

supplemental response) is insufficient. He should be ordered to specifically list the relevant wallet addresses and stop hiding the ball with his responses.
[2] Providing a wallet address is akin to listing a bank account number. Similarly, simple searches (such as by domain name and domain registrar) should readily reveal all domain registration-related documents.

them. *See e.g.*, *id.* ¶¶ 7, 10, 14. As a result of these efforts, Defendants repeatedly promised to comply with their discovery obligations, resulting in a final commitment to produce the "lion's share" of their documents by December 1, 2022. *Id.* ¶¶ 10–15. Defendants did not satisfy that commitment. *Id.* ¶¶ 16–25. There is no question that Defendant Ripps knows, and has known for months, what his discovery deficiencies are. Nor is there any question that he failed to comply with these obligations. Defendants' belated productions, only after the service of Yuga Labs' motion, is a tacit admission of their failures. Given his and Mr. Cahen's repeated failures to live up to promises to provide the discovery sought in the Joint Stipulation, the Court is appropriately positioned to order Defendant Ripps to finally comply with his discovery obligations.

With respect to Defendants' late-December productions, neither of these productions include all documents sought by Yuga Labs. While Yuga Labs is continuing to assess the deficiencies in this production, it is clear that Defendants are still withholding material documents. Likewise, Defendant Ripps served supplemental interrogatory responses but still refuses to provide compliant answers, directing Yuga Labs to review, among other things, "Embedded Documents" in a chat file that spans months of messages to find the answers to simple questions such as relevant accounts and transactions.

It is critical to Yuga Labs' preparation of its case that its discovery issues be resolved without further delay. The Parties are scheduled to attend mediation on January 19 and expert reports must be served on February 6. Defendant Ripps' continued withholding of evidence prejudices Yuga Labs' preparation of its case for each of these significant developments.

## II. YUGA LABS' DISCOVERY IS PROPORTIONATE TO THE NEEDS OF THE CASE

Without any evidence, Defendants claim that they have "limited resources to

support litigation,"[3] which they contend should excuse them from being required to produce relevant discovery or produce their documents in a usable format.[4] But, as Defendants have argued in their papers, their counterfeit NFTs abound on secondary marketplaces and their infringement has been a monetary success. While other projects have not been as commercially successful (perhaps because they did not trade so explicitly on Yuga Labs' trademarks to cause confusion in the marketplace), this lawsuit to establish that counterfeit NFTs infringe Yuga Labs' trademarks is important to its protection of its brand. A third party's production revealed that one of Defendants' software developers estimated that their scheme to sell counterfeit NFTs had by June 2022 (approximately six weeks after releasing RR/BAYC NFTs) already caused $10 million in harm to Yuga Labs. That harm is only compounded by the fact that Defendants continue to market and profit from sales of their counterfeit NFTs.

On the other hand, evidence Yuga Labs has obtained from third parties (which Defendants continue to withhold) reveals that Defendants have communicated with each other and other third parties regarding Yuga Labs, BAYC NFTs, RR/BAYC NFTs, and this litigation. The communications that remain concealed will speak to Defendants' intent in using Yuga Labs' marks, their knowledge of likely and/or actual confusion among Yuga Labs' and their customers, and additional information regarding finances that Defendants continue to keep hidden. In other words, the discovery at issue in the Joint Stipulation goes to the heart of Yuga Labs' trademark infringement claims and is proportionate to the needs of the case.

### III. NO EVIDENCE OF A COMMON INTEREST PRIVILEGE

One of the obvious categories of documents that Defendant Ripps (along with Defendant Cahen) refuses to produce are communications between Defendants

---

[3] Defendants have continued to profit off of Yuga Labs' trademarks since Yuga Labs initiated this trademark infringement lawsuit (at last count approximately $100,000).
[4] The very same day Defendants made that representation to the Court, they sought to dramatically expand the litigation into new and unrelated issues by filing meritless counterclaims (ECF No. 65).

and/or their software developers. Defendants' withholding of these critical communications appears to be based on a flawed interpretation of the common interest doctrine, raised for the first time in the Joint Stipulation.

Defendants' communications with each other are not *per se* privileged merely because they concern the issues in dispute (e.g., RR/BAYC NFTs, BAYC NFTs, Yuga Labs, Ape Market). "[W]hen a party withholds otherwise discoverable information by claiming that it is privileged, the party is required to make that claim expressly and to describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege." *Runway TV, LLC v. De Gray*, No. 2:18-CV-02503-FMO-JC, 2020 WL 6712253, at *5 (C.D. Cal. Sept. 15, 2020). Ripps has made no such showing.

The same is true for their communications with their software developers. The common interest privilege is a nonwaiver doctrine that is an "extension of the attorney-client privilege." *See Bruno v. Equifax Information Services, LLC*, No. 2:17-cv-327-WBS-EFB, 2019 WL 633454, at *10 (E.D. Cal. Feb. 14, 2019). But, "[a] person who is not represented by a lawyer and who is not himself a lawyer cannot participate in a common-interest arrangement." *Id.* at 11. Therefore, for example, when Ripps' assistant set up a new chat thread four days after Yuga Labs filed its lawsuit (and which chat included the assistant, Ripps, Cahen, Hickman, and Lehman), that chat was not and is not protected by any privilege doctrine. Moreover, what each of the Defendants said about the lawsuit to their key collaborators in the scam is highly relevant to this lawsuit. And although Defendants have served a (deficient) privilege log, these chats are not on that log. Defendants have no basis to withhold the chat thread or other similarly relevant communications in Defendant Ripps' possession, custody, or control (such as Defendants' text and Discord messages with each other or their software developers).

## CONCLUSION

Yuga Labs respectfully asks the Court to order Defendant Ripps to supplement his written responses and produce the requested documents sought the Joint Stipulation in support of this motion within ten (10) days of the Court's order.

Dated: January 3, 2023

FENWICK & WEST LLP

By: /s/ Ethan M. Thomas
      Ethan M. Thomas

Attorneys for Plaintiff
YUGA LABS, INC.