UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF YUGA LABS, INC.'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER** |

Having considered Plaintiff Yuga Labs, Inc.'s ("Yuga Labs") *Ex Parte* Application for a Protective Order and the accompanying declaration and exhibits [*and Defendants Ryder Ripps and Jeremy Cahen's response*], IT IS HEREBY ORDERED as follows:

Yuga Labs has satisfied the requirements of Local Rules 7-19 and 37-3 for bringing this *ex parte* application on a discovery matter, including because the premature depositions of Yuga Labs' co-founders and Co-Presidents Wylie Aronow and Greg Solano would cause irreparable injury and prejudice not attributable to the lack of diligence by Yuga Labs.

Under Fed. R. Civ. P. 26(c), courts may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "[F]or depositions of high-ranking executives or officials – so-called 'apex' witnesses – the burden is placed on the party seeking the deposition to show extraordinary circumstances justify the deposition.  This rule arises out of the 'tremendous potential for abuse or harassment' inherent in such a deposition." *Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 2134601, at *1 (S.D. Cal. June 14, 2022) (citation omitted); *Pilot, Inc. v. Cub Elecparts, Inc.*, No. CV 14-9647-GW-PLAx, 2015 WL 13918235, at *2 (C.D. Cal. Dec. 7, 2015) (same).  A party seeking apex depositions should therefore "first attempt to obtain the sought information through the less burdensome means of discovery . . ., including the Rule 30(b)(6) corporate deposition." *Gauthier v. Union Pac. R. Co.*, No. CIVA1:07CV12 (TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008); *see also Anderson v. Cnty. of Contra Costa*, No. 15-CV-01673-RS (MEJ), 2017 WL 930315, at *4 (N.D. Cal. Mar. 9, 2017) (requiring party ordered to "first depose a Rule 30(b)(6) witness . . ., then meet and confer . . . about the necessity and scope of [the apex witness's] deposition.").

Wylie Aronow and Greg Solano are apex employees of Yuga Labs.  They are the co-founders and Co-Presidents of an international corporation that operates multiple brands in addition to the one at issue in this litigation and currently employs over one hundred individuals.  Accordingly, it is well established that prior to taking their depositions, Defendants must first show that they have been unable to obtain the information they seek through less-burdensome means of discovery.  At minimum, Defendants must take the 30(b)(6) deposition of Yuga Labs that is already noticed and scheduled for January 24, 2023, and then meet and confer with Yuga Labs on whether (and to what extent) apex depositions remain necessary.

Accordingly, the Application is GRANTED.  Defendants are ORDERED not to proceed with the noticed depositions of Wylie Aronow or Greg Solano.

Defendants are further ORDERED not to serve deposition notices for either witness unless and until they have taken Yuga Labs' 30(b)(6) deposition and Defendants' Lead Counsel has met and conferred with Yuga Labs' Lead Counsel regarding the scope and necessity of depositions of these witnesses.

IT IS SO ORDERED.

Date: _____

_____
Honorable John E. McDermott