UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | January 8, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

| Present: The Honorable | JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | None |

**Proceedings:**     **ORDER RE PLAINTIFF YUGA LABS, INC.'S  
*EX PARTE* APPLICATION FOR A PROTECTIVE ORDER  
REGARDING APEX DEPOSITIONS (Dkt. No. 75)**

      On January 5, 2023, Plaintiff Yuga Labs, Inc. ("Yuga") filed an *Ex Parte* Application For Protective Order Regarding Apex Depositions ("Motion") set for January 9 and 11, 2023. (Dkt. 75.) On January 6, 2023, Defendants Cahen and Ripps ("Defendants") filed an Opposition. (Dkt. 76.) The Court DENIES the Motion and gives guidance on the setting of depositions.

      Local Rule 37-3 provides the governing legal standard for *ex parte* relief: "Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an *ex parte* basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. See Mission Power Engineering Company v. Continental Casualty Company, 883 F. Supp. 488, 490 (C.D. Cal. 1995) ("*Ex Parte* Motions are rarely justified"); In Re Intermagnetics America, Inc., 101 Bankr. 191,192 (C.D. Cal. 1989) ("*ex parte* motions are nearly always improper").

      Yuga's Motion does not come close to meeting these standards. The depositions were noticed on December 15, 2022, for January 9 and 11, 2023. Yuga's argument that it could not bring a timely, regularly noticed motion is meritless. It could have brought a regular motion with an application to shorten time back in December. Instead, Yuga waited until two business days before the January 9 Aranow deposition to seek relief, making it near impossible for the Court to issue a ruling before the January 9 deposition. Compounding Yuga's lack of diligence, it failed to respond to several requests by Defendants to discuss deposition scheduling. (Dkt. 76 at 3-4.) This failure to confer was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **January 8, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

a violation of Local Rule 37-1, itself sufficient to deny the Motion.  See So v. Land Base LLC, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009).  Yuga says it met and conferred on January 4, but this assertion ignores its prior repeated failure to confer.

    The Motion is also deficient on the merits.  There is no declaration from either of the purported apex witnesses on their availability.  Additionally, deposing the witnesses before a 30(b)(6) deposition hardly constitutes irreparable injury, especially here.  This is not a case where a CEO has limited or no knowledge of lower level activities.  Apple Inc. v. Samsung Electronics Co., Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012).  This is a case where the two purported apex witnesses are the only people who have knowledge of the creation of the marks such that exhaustion of other sources is not required.  See Ahlman v. Barnes, 2021WL 1570838, at *4 (C.D. Cal. Mar. 9, 2021) (exhaustion is not an absolute requirement); Rosales v. FitFlop USA, LLC, 2013 WL 12416060, at *4 (S.D. Cal. Jan. 4, 2013) ("Particularly given the admittedly small size of the company . . . there does not appear to be a viable reason why plaintiffs should be required to take the depositions of lower level executives or employees first.").

    Without a protective order, Mr. Aranow is obliged to appear for his deposition on January 9, 2023.  If he does not appear, Yuga will responsible for payment of any expenses associated with the failed deposition.  The parties must then meet and confer in good faith on an alternate date for the deposition of Mr. Aranow as soon as convenient.

    As to Mr. Solano's deposition scheduled for January 11, 2023, the Court directs the parties to meet and confer in good faith on the arrangements with due consideration for Mr. Solano's medical appointment.  The deposition may be by video.

    The Court reminds the parties of their mandatory duty under Rule 37-1 to confer in good faith to reduce or eliminate issues in dispute.

|  | : |
|---|---|
| Initials of Preparer | slo |