Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants
Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff Yuga Labs, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT RE LOCAL RULE 7-3 CONFERENCE**<br><br>Judge: Hon. John F. Walter |

Pursuant to this Court's Standing Order (Dkt. 14), Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") and Defendants Ryder Ripps and Jeremy Cahen ("Defendants") (collectively, the "Parties"), through their respective counsel of record, hereby submit the following joint statement regarding their meet and confer conference held pursuant to Local Rule 7-3 in connection with Plaintiff's Motion to Dismiss Defendants' Counterclaims:

### Issue to Be Resolved and Date and Duration of Conference

On December 27, 2022, Defendants filed their Answer to Plaintiff's Complaint asserting, among other things, six counterclaims against Plaintiff. (Dkt. 65). Defendants' counterclaims allege: (1) Plaintiff knowingly and materially misrepresented infringing activity in violation of 17 U.S.C. § 512(f); (2) Defendants are entitled to a declaratory judgment of no copyright under 17 U.S.C. § 102(a); (3) Defendants are entitled to a declaratory judgment of no copyright under 17 U.S.C. § 204(a); (4) Plaintiff has engaged in the intentional infliction of emotional distress against Defendants; (5) Plaintiff has engaged in the negligent infliction of emotional distress against Defendants; and (6) Defendants are entitled to a declaratory judgment of no defamation.

On January 2, 2022, counsel for the parties exchanged emails concerning the above counterclaims. Plaintiff's counsel notified Defendants' counsel that Plaintiff would move to dismiss Defendants' counterclaims under Rules 12(b)(1), 12(b)(6), 9(b) of the Federal Rules of Civil Procedure, and California's Anti-SLAPP law. Counsel agreed to meet and confer to further discuss these issues on behalf of the parties.

On January 4, 2023, the parties held a video conference of counsel to discuss, among other things, Plaintiff's Motion to Dismiss Defendants' Counterclaims. Louis Tompros, Henry Nikogosyan, and Derek Gosma attended the conference on behalf of the Defendants; Eric Ball attended the conference on behalf of the Plaintiff and was

joined by Katie Hauh, a law clerk at Fenwick & West. The conference lasted approximately forty-five (45) minutes in total, including discussion of the issues addressed in this stipulation, as well the potential to stay this action pending appeal and Defendants' 30(b)(1) and 30(b)(6) deposition notices.

## Issues Discussed and Resolved During Conference

With respect to count 1 (violation of 17 U.S.C. § 512(f)), counsel disagreed over whether Defendants sufficiently plead a claim and alleged harm under the statute. Counsel also disagreed over the number of takedown notices submitted by Yuga Labs to remove Defendants' content from various websites and whether the grounds for the takedown requests were on the basis of trademark or copyright infringement. Defendants' counsel, in a subsequent email on January 4, 2023, provided the bates number for a document that Yuga Labs produced (YUGALABS_00029256-77) of at least one DMCA takedown notice at issue in this litigation. Yuga Labs' position is that file is not a DMCA takedown notice.

With respect to counts 2 and 3 (declaratory judgment of no copyright under 17 U.S.C. § 102(a) and declaratory judgment of no copyright under 17 U.S.C. § 204(a)), counsel disagreed over whether Defendants' allegations amount to a valid case or controversy.

With respect to counts 4-6 (intentional infliction of emotional distress, negligent infliction of emotional distress, and declaratory judgment of no defamation), Plaintiff's counsel maintained that these claims are subject to California's Anti-SLAPP law, particularly the litigation privilege and the statute's protection for public statements made about matters of public concern. Plaintiff's counsel also disagreed that Defendants have been harmed under these counts in light of alleged statements made by Defendants in the course of this Litigation. Defendants' counsel disagreed about the application of the Anti-SLAPP law and asserted that claims 4-6 are

actionable in light of Plaintiff's alleged activity other than Plaintiff's statements made in the course of this litigation, and that the Court had discretion in affording appropriate relief. Counsel also disagreed on whether the pleading satisfied the applicable duty element for count 5 (negligent infliction of emotional distress). Counsel also disagreed as to whether Defendants had adequately plead these counts under Rule 12(b)(6).

The Parties were unable to come to a resolution regarding the merits of Defendants' counterclaims and therefore agreed that Plaintiff would proceed with filing a motion to dismiss all six of Defendants' counterclaims.

Dated: January 9, 2023

By: /s/  *Eric Ball*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff Yuga Labs, Inc.*

Dated: January 9, 2023

By: /s/  *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com

|   |   |
|---|---|
| 1 | Scott W. Bertulli (*pro hac vice*) |
| 2 | scott.bertulli@wilmerhale.com<br>**WILMER CUTLER PICKERING** |
| 3 | **  HALE AND DORR LLP**<br>60 State Street |
| 4 | Boston, MA 02109<br>Telephone: (617) 526-6000 |
| 5 | Fax: (617) 526-5000 |
| 6 | Derek Gosma (SBN 274515)<br>derek.gosma@wilmerhale.com |
| 7 | Henry Nikogosyan (SBN 326277)<br>henry.nikogosyan@wilmerhale.com |
| 8 | **WILMER CUTLER PICKERING**<br>**  HALE AND DORR LLP** |
| 9 | 350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071 |
| 10 | Telephone: (213) 443-5300<br>Fax: (213) 443-5400 |
| 11 | *Attorneys for Defendants* |
| 12 | *Ryder Ripps and Jeremy Cahen* |

-4-

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis Tompros.

Dated: January 9, 2023   By: /s/   *Eric Ball*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

*Attorneys for Plaintiff Yuga Labs, Inc.*