ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>　　　v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>　　　Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF YUGA LABS, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Motion Hearing Date: N/A<br>Motion Hearing Time: N/A<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date: June 27, 2023 |

## INTRODUCTION

The primary focus of Defendants' motion to compel is discovery into what they deem "Inflammatory Materials." As Judge Walter already held, this subject matter is not relevant to Yuga Labs' claims or Defendants' defenses; these requests are also patently overbroad, disproportionate, and harassing. To the extent Defendants rely on their newly asserted counterclaims (which Yuga Labs will move to dismiss and which include a non-existent cause of action for "no defamation") to justify those requests, that issue is not before the Court, and the parties' first meet and confer regarding discovery into the counterclaims is scheduled for January 10. Regardless, the first discovery issue seeks discovery that is objectionable for the reasons stated in Yuga Labs' objections even in light of the counterclaims.

The remainder of Defendants' issues are moot. Defendants served their portion of a Joint Stipulation while Yuga Labs was preparing supplemental discovery on the timeline promised to Defendants, and then continued with this motion even though the December 21 supplementation entirely mooted four of six issues they raised. Yuga Labs has produced everything promised in the parties' meet and confer regarding these disputes. Defendants' motion should be denied as to all issues.

### I. DEFENDANTS TACITLY ADMIT THAT DISCOVERY INTO INFLAMMATORY MATERIAL IS NOT RELEVANT TO YUGA LABS' TRADEMARK INFRINGEMENT COMPLAINT

Defendants do not want to litigate this trademark infringement lawsuit on which the parties' discovery disputes are based; they want to litigate a non-existent defamation lawsuit. However, as Judge Walter held in his December 16 Order, this is indeed a case about trademark infringement. *See* Joint Statement (ECF 69-1) at 30. The discovery requests raised in the first issue of their Joint Stipulation all relate to whether *their own claims* about "Inflammatory Material" are indeed false (and what Yuga Labs may have said about such Inflammatory Material). Defendants have never offered any legal authority that these issues are relevant to their attempt to proffer a *Rogers* defense to their trademark infringement — whether Defendants

believed they were making art, or not, is evidence *solely* within their possession, custody, and control. And they have neither contended nor provided any legal authority showing that a *Rogers* defense requires the claims made in a supposedly artistic spirit to be true. In other words, Yuga Labs' objections on Interrogatory 14 and Requests 5, 7–9, 32-34, 39, 51, and 53 should be sustained because that discovery is not relevant to the trademark infringement claims and not proportional to the needs of the case.

Defendants have essentially admitted as much, arguing that Yuga Labs should *now* agree to produce information related to Defendants' Inflammatory Material because of their newly filed counterclaims. Declaration of Eric Ball ("Ball Decl.") at ¶ 3. For instance, Defendants have argued that their Request for Production Nos. 34 and 39 and Interrogatory No. 14 (covered by Defendants' first issue in this Joint Stipulation) should *now* be supplemented in light of Defendants' counterclaims. This is necessarily a different argument than the one before the Court. Nevertheless, Defendants fail to establish that they are entitled to harassing discovery over counterclaims that have no basis in law — *i.e.*, a declaration of non-defamation. *See, e.g.*, *Dow Jones & Co. Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 402–03 (S.D.N.Y 2002).

## II. DEFENDANTS' FIRST DISCOVERY ISSUE IS OBJECTIONAL EVEN IN LIGHT OF THE COUNTERCLAIMS

To the extent Defendants' discovery raised in their first issue is even relevant to their counterclaims, it remains disproportionate to the needs of the case, as well as overbroad and intentionally harassing. For example, with their Request No. 5 Defendants seek "all" documents relating to Yuga Labs' decision to file its lawsuit. ECF 69-1 at 10. Not only has Judge Walter already held that Yuga Labs' claims do not arise out of Defendants' speech, but Yuga Labs' decision to file the lawsuit is protected by the attorney-client privilege and work product doctrine. If Defendants concede, as they allege in their counterclaims, that their own counterclaims arise out

of Yuga Labs' lawsuit, they have conceded an essential element of Yuga Labs' anti-SLAPP motion, and as a matter of the Court's and parties' resources, Yuga Labs should not be ordered to log every single attorney-client communication that went into its decision to sue Defendants. If Defendants are not conceding that point, then the issue of why Yuga Labs filed suit is not in question or relevant to the proceedings. Similarly, Defendants' effort to discover "all" documents in Yuga Labs' possession, however tangentially related, is not proportionate to the needs of the case and overbroad. Defendants' counterclaims do not mention, for example, the terms "Sunny," "Peterson," and "troll" among many others listed in Request No. 39. The discovery requests at issue related to the Inflammatory Material are much broader and further attenuated from the more-limited issues Defendants raise in their counterclaims.

### III. YUGA LABS PROMISED TO AND DID TIMELY SUPPLEMENT ITS DISCOVERY RESPONSES, BUT DEFENDANTS REFUSED TO REVIEW THEM BEFORE FILING THEIR JOINT STIPULATION

During the November 28, 2022 meet and confer, Yuga Labs promised to supplement certain responses (that are the subject of Defendants' Joint Stipulation) and to make a supplemental document production in December 2022. Declaration of Ethan Thomas (ECF 69-19) ("Thomas Decl.") at ¶ 22. Yuga Labs re-committed to making its supplemental production in December 2022 with its letter dated December 15, 2022. Declaration of Derek Gosma (ECF 69-2) ("Gosma Decl.") at ¶ 8, Ex. 9 (ECF 69-11) at 2. Exactly as and when it twice promised to do, Yuga Labs served a supplemental document production and supplemental written responses on December 21, 2022. Thomas Decl. ¶¶ 3-4, 24. Yuga Labs' supplemental responses and production mooted each of the issues on which it had made its commitments (*i.e.* four of the six issues Defendants put forward), and Defendants still filed this motion. *Id.*; *see also* Ball Decl. at ¶¶ 3 and 7.

To the extent Defendants now contend that Yuga Labs' supplemental responses and production did not moot those issues, Defendants have deprived the

Court and Yuga Labs of any explanation as to why. Had Defendants waited to receive the promised and timely provided supplement, they could have tailored their Joint Stipulation to the reasons why they contend a dispute remains, to which Yuga Labs would have been able to respond, then allowing the Court to rule on a fully fleshed-out argument.[1] Instead, Defendants made the tactical decision not to complete the meet and confer process because they wanted to get a discovery dispute on file while Yuga Labs' Joint Stipulation was pending. Defendants' rush of these premature issues to the Court deprives Yuga Labs and the Court of a full record and wastes the Court's and the parties' resources.

### IV. YUGA LABS' SUPPLEMENTAL PRODUCTION AND RESPONSES DO, IN FACT, MOOT ANY DISPUTE OTHER THAN AS PERTAINS TO INFLAMMATORY MATERIAL

Yuga Labs' supplemental document production was thorough and complete.[2] By raising no specific issue about the supplementation, Defendants impliedly admit that their disputes over Requests 28, 29, and 48 are moot. Ball Decl. ¶ 3. For Request 17, notwithstanding Yuga Labs' response that it supplemented its response to state that it "had no documents related to general document retention policies" (ECF 69-20 at 23), Defendants protest that Yuga Labs "must have" responsive materials. Ball. Decl. ¶ 3. That is not a legitimate dispute. The only dispute pending before the Court over Yuga Labs' document production pertains to the irrelevant, harassing, non-proportional, and otherwise objectionable requests about Defendants' Inflammatory Material.[3]

---

[1] By contrast, Yuga Labs waited until *after* Defendants completed their promised supplemental "lion's share" production (on December 1) to serve their Joint Stipulation. Thomas Decl. ¶ 20.

[2] In contrast, on December 29, Defendants updated their estimation that they will not complete their production until the end of January (Ball Decl. ¶ 4), nearly two months after they promised the "lion's share" of their documents.

[3] Defendants misleadingly tout the number of private communications they produced by failing to tell the Court that most of those communications are from group chats, including a group chat they twice produced which Yuga Labs only first obtained from a third party. Defendants count every row of a chat file as a separate internal "communication" for purposes of inflating their production. Moreover, as detailed in Yuga Labs' Joint Stipulation (ECF 67 at 45, 46-47), Defendants' initial production

Furthermore, Yuga Labs' supplemental interrogatory responses provide Defendants with the information they need to defend this trademark infringement lawsuit. For example, even though Defendants admit that they use Yuga Labs' trademarks, and therefore there is no dispute over the marks used by the parties, Yuga Labs provided a supplemental interrogatory response that lists the names of the Yuga Labs employees involved in the creation of those marks. To the extent Defendants argue they need the name of the third-party designer who performed the work at the direction of Yuga Labs (or communications with that designer), they are wrong. The origin of Yuga Labs' trademarks is not in dispute because Defendants admit that they use them. *See* ECF 69-1 at 43:2-25. "Defendants admit that they have used the BAYC Marks in the same marketplaces to identify and sell NFTs bearing the exact same images underlying the BAYC NFTs and without adding expressive content." Order (ECF 62) at 7. Thus, the designer's identity and communications with the designer are not relevant to prove any fact in dispute or proportional to the needs of the case (nor, even, were the names of the Yuga Labs employees). Rather, Defendants transparently seek the designer's identity and communications with the designer to further their narrative that Yuga Labs' logo was designed based on the Nazi SS Totenkopf, a baseless assertion that Yuga Labs has publicly denounced, including in court filings (ECF 54 at 1). Judge Walter's December 16 order confirms that these issues are not relevant to the trademark infringement claims at the core of this case.

---

of one chat was truncated and not usable. Defendants' comparison of their supposedly voluminous production, which remains inadequate (Ball Decl. ¶ 5), to Yuga Labs' is a red herring. Requests 48 and 17 do not seek communications. The primary responsive documents to requests 28 and 29, which seeks information about consumers distinguishing RR/BAYC NFTs and BAYC NFTs, are necessarily of a public nature. Regardless, in response to Request 28 and 29, Yuga Labs produced, among other things, enforcement materials related to Defendants' confusing use of Yuga Labs' marks, and communications about those enforcement efforts and social media captures showing consumer confusion. *Id.* ¶ 7.

## CONCLUSION

Yuga Labs asks the Court to deny Defendants' motion to compel in its entirety.

Dated: January 10, 2023　　　　　　FENWICK & WEST LLP

By: */s/ Eric Ball*
　　Eric Ball

Attorneys for Plaintiff
YUGA LABS, INC.