ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Telephone: 310.434.4300

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**PLAINTIFF YUGA LABS, INC.'S REQUEST FOR JUDICIAL NOTICE** |

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Special Motion to Strike Counterclaims and Motion to Dismiss Counterclaims, Plaintiff Yuga Labs ("Plaintiff" or "Yuga Labs") respectfully requests that the Court take judicial notice of the following exhibits, which are attached to the concurrently filed Declaration of Eric Ball in Support of Plaintiff's Special Motion to Strike Counterclaims and Motion to Dismiss Counterclaims:

**Exhibit 1**: A true and correct copy of a public post made by Defendant Ryder Ripps ("Ripps") on Twitter on December 6, 2021, available at https://twitter.com/ryder_ripps/status/1467851804654194693;

**Exhibit 2**: A true and correct copy of the image shown at the link https://i.imgur.com/sACpGCp.gif, referenced and linked to in Paragraph 62 of Defendants' Answer and Counterclaims (ECF 65);

**Exhibit 3**: A true and correct copy of Ripps' "Bored Ape Yacht Club" Foundation listing page at https://foundation.app/collection/bayc?tab=artworks captured by the Wayback Machine on May 21, 2022;

**Exhibit 4**: A true and correct copy of Yuga Labs' OpenSea listing page at https://opensea.io/collection/boredapeyachtclub captured by the Wayback Machine on May 17, 2022;

**Exhibit 6**: True and correct copies of public posts made by Ripps on Twitter on May 17, 2022, available at https://twitter.com/ryder_ripps/status/1526657894829109248 and https://twitter.com/ryder_ripps/status/1526692649691860992;

**Exhibit 8**: A true and correct copy of a public post made by Cahen on Twitter on June 8, 2022, available at https://twitter.com/Pauly0x/status/1534622052719775745;

**Exhibit 9**: A true and correct copy of a public post made by Ripps on Twitter on June 22, 2022, available at https://twitter.com/ryder_ripps/status/1539662151530741760;

**Exhibit 10**: True and correct copies of public posts made by Cahen on Twitter on September 27, 2022 and October 9, 2022, available at https://twitter.com/Pauly0x/status/1574853566648397824 and https://twitter.com/Pauly0x/status/1579195528008503297;

**Exhibit 11**: True and correct copies of a public post made by Cahen on Twitter on January 11, 2023, available at https://twitter.com/Pauly0x/status/1613378307935830017, and a public post made by Ripps on Twitter on January 12, 2023, available at https://twitter.com/ryder_ripps/status/1613740780816072704;

**Exhibit 12**: A true and correct copy of a public post made by Cahen on Twitter on November 10, 2022, available at https://twitter.com/Pauly0x/status/1590828300775358464;

**Exhibit 13**: A true and correct copy of a public post made by Ripps on Twitter on December 27, 2022, available at https://twitter.com/ryder_ripps/status/1607873778524258305;

**Exhibit 14**: A true and correct copy of a public post made by Ripps on Twitter on December 29, 2022, available at https://twitter.com/ryder_ripps/status/1608416010666926080;

**Exhibit 15**: A true and correct copy of a public post made by Ripps on Twitter on January 5, 2023, available at https://twitter.com/ryder_ripps/status/1610896849447317506;

**Exhibit 16**: A true and correct copy of a public post made by Cahen on Twitter on January 2, 2023, available at https://twitter.com/Pauly0x/status/1610117073228677120;

**Exhibit 17**: A true and correct copy of a public post made by Cahen on

Twitter on January 3, 2022, quoting a public post made by Ripps on the same day, available at https://twitter.com/Pauly0x/status/1610249751106052099;

**Exhibit 18**: A true and correct copy of a public post made by Ripps on Twitter on December 30, 2022, available at https://twitter.com/ryder_ripps/status/1608945758119813120;

**Exhibit 19**: A true and correct copy of public posts made by Ripps and Rodney Ripps on Twitter on October 18, 2022, available at https://twitter.com/rodneyripps/status/1582535062654160896;

**Exhibit 20**: A true and correct copy of public posts made by Cahen and Rodney Ripps on Twitter on October 25, 2022, available at https://twitter.com/rodneyripps/status/1585031753387094017.

## II.   ARGUMENT

On a motion to dismiss, courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" (or counterclaims) or documents that are proper subjects of judicial notice. *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).  Accordingly, in evaluating such a motion, courts are entitled to consider "evidence on which the complaint 'necessarily relies,'" even if it is not physically attached to the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also* *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th. Cir. 2005) (holding that under the "incorporation by reference doctrine," courts may "take into account documents whose contents are alleged in a complaint . . . but which are not physically attached to the pleading" (cleaned up)).  Additionally, Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Here, the Court should consider Exhibits 2–4 because they are incorporated by reference in Defendants' counterclaims.  Specifically, Defendants cite to and

hyperlink an image of Yuga Labs' May 17, 2022 DMCA takedown request to remove Ripps' "Bored Ape Yacht Club" collection from Foundation as well as its rescission of the request.  *See* Defendants' Answer and Counterclaims (ECF 65) ("Countercl.") ¶ 62.  The contents of this image, including the URLs therein, form the basis of Defendants' counterclaim under 17 U.S.C. § 512(f) that Yuga Labs allegedly "knowingly and materially misrepresented" in purported DMCA takedown notices "that the RR/BAYC NFTs and sales pages associated with RR/BAYC NFTs infringe a Yuga copyright."  Countercl. ¶ 75; *see Steinle v. City and County of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (The incorporation by reference doctrine allows a court to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  Further, the contents of the two website links (Exhibits 3 and 4) are necessarily relied on by Defendants in making their Section 512(f) counterclaim, as Defendants contend that Yuga Labs "falsely alleged in multiple DMCA takedown notices that RR/BAYC NFTs are copies of Yuga's BAYC NFTs and therefore infringe one or more of Yuga's copyrights in BAYC NFTs."  Countercl. ¶ 76.  These websites show Yuga Labs' content which was referenced in the DMCA takedown request and Defendant Ripps' content on Foundation that was the subject of the DMCA takedown request.  To be clear, both Exhibits 3 and 4 are expressly referenced in Exhibit 2.

Additionally, Exhibits 2–4 are appropriate for judicial notice even if the Court does not determine that they have been incorporated by reference in Defendants' counterclaims because their contents are publicly available and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  District courts in the Ninth Circuit have routinely taken judicial notice of content from the Internet Archive's "Wayback Machine" pursuant to this rule.  *See United States ex rel. Hong v. Newport Sensors, Inc.*, No. SACV 13-1164, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016); *In re Facebook,*

*Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019); *Erickson v. Nebraska Machinery Co.*, No. 15-cv-01147, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Similarly, the Court may take judicial notice of Exhibits 1, 6, and 8–20 under Rule 201(b) of the Federal Rules of Evidence because they consist of posts made on publicly available websites. *See Perkins v. LinkedIn Corp.*, 53 F.Supp.3d 1190, 1204 (N.D. Cal. 2014) (holding that publicly accessible websites are proper subjects of judicial notice when ruling on a motion to dismiss); *Lindora, LLC v. Limitless Longevity LLC*, No. 15-CV-2847, 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (granting plaintiff's request for judicial notice pursuant to Fed. R. Evid. 201(b) where the exhibits consisted of publicly accessible webpages, including defendants' social media accounts).

### III. CONCLUSION

Yuga Labs respectfully requests that the Court take judicial notice of Exhibits 1–4, 6, and 8–20 to the Declaration of Eric Ball in Support of Plaintiff's Special Motion to Strike Counterclaims and Motion to Dismiss Counterclaims and consider those exhibits in connection with its concurrently filed Special Motion to Strike Counterclaims and Motion to Dismiss Counterclaims.

Dated: January 16, 2023                     FENWICK & WEST LLP

By: /s/ Eric Ball
    Eric Ball
    Attorneys for Plaintiff
    YUGA LABS, INC.