# Exhibit 1

Exhibit 1
Pg. 3

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Monday, January 2, 2023 3:35 PM
**To:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Cc:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Grewal, Monica <Monica.Grewal@wilmerhale.com>; Bertulli, Scott <Scott.Bertulli@wilmerhale.com>
**Subject:** RE: Yuga Labs, Inc. v. Ripps et al, Case 2:22-cv-04355-JFW-JEM

Louis,

Happy New Year. In addition to the stay motion, we should meet and confer regarding Yuga Labs' Motion to Dismiss Mr. Cahen's and Mr. Ripps' counterclaims. We plan to move for dismissal under FRCP 12(b)(1) and (6), and 9(b). We also plan to move to dismiss under California's Anti-Slapp protection, in particular related to Yuga Labs' litigation privilege and the statute's protection from making public statements about matters of public concern.

More specifically, Mr. Cahen and Mr. Ripps have failed to plead their first counterclaim with the requisite particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). They have also failed to show any plausible harm and thus lack standing under 12(b)(1). Next, they have failed to sufficiently show a case or controversy as to their second and third counterclaims. *Rhoades v. Avon Products, Inc.*, 504 F. 3d 1151 (9th Cir. 2007); 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). They have likewise failed to plead the requisite elements of their fourth and fifth counterclaims. Yuga Labs owes no duty to Mr. Cahen or Mr. Ripps. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993). Nor has, or can, they plausibly plead any harm from Yuga Labs. And the allegations of the complaint do not meet the intentional infliction of emotional distress standard. *Cochran v. Cochran*, 65 Cal. App. 4th 488 (Ct. App. 1998); *McMahon v. Craig* (2009) 176 Cal.App.4th 1502, 1516. Indeed, Mr. Cahen's and Mr. Ripps' public statements where they promote the litigation establish that they have not been harmed. Finally, there is no claim for declaratory relief of non-defamation, the claim is currently non-justiciable, and the request is contrary to the purposes of the Declaratory Judgment Act and we intend to ask the Court dismiss it. If you have any authority for such a claim, we'd be happy to review it. Otherwise, we will move to dismiss Mr. Ripps' and Mr. Cahen's sixth counterclaim under Rule 12(b)(1) and 12(b)(6), as well as the Court's inherent authority to decline inappropriate

Exhibit 1
Pg. 4

declaratory judgment claims.

In addition to these issues, since Mr. Cahen's and Mr. Ripps' counterclaims concede that their claims are based on Yuga Labs' litigation, California's Anti-Slapp law and the litigation privilege bars Mr. Cahen's and Mr. Ripps' claims.  Civ. Code §47(b); Cal. Code of Civ. Proc §425.16; *Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 37; *Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 121.  In addition, the counter-claims are based on protected free speech made in a public forum and on matters of public concern.

I can be available after 2 on Wednesday.

Eric Ball

Fenwick | Partner | 650-335-7635 | eball@fenwick.com

---

**From:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Sent:** Monday, January 2, 2023 9:06 AM
**To:** Eric Ball <eball@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Cc:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Grewal, Monica <Monica.Grewal@wilmerhale.com>; Bertulli, Scott <Scott.Bertulli@wilmerhale.com>
**Subject:** RE: Yuga Labs, Inc. v. Ripps et al, Case 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

Following up on this: have you had a chance to talk with your client about agreeing to a stay?  And if not, when can we confer so we can get our motion on file?

---

**From:** Tompros, Louis W.
**Sent:** Thursday, December 22, 2022 2:29 PM
**To:** Eric Ball <eball@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Cc:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Grewal, Monica <Monica.Grewal@wilmerhale.com>; Bertulli, Scott <Scott.Bertulli@wilmerhale.com>
**Subject:** RE: Yuga Labs, Inc. v. Ripps et al, Case 2:22-cv-04355-JFW-JEM

Sure.  On the stay, take a look at these cases for the standard:
 *Tanedo v E. Baton Rouge Par. School Bd.*, LACV1001172JAKMLGX, 2012 WL 12920642, at \*2 [CD Cal Mar. 30, 2012].
 *Moser v Encore Capital Group, Inc.*, 04 CV 2085 LAB WMC, 2007 WL 1114113, at \*2-3 [SD Cal Mar. 27, 2007]

Exhibit 1
Pg. 5

*Tanedo v. E. Baton Rouge Parish Sch. Bd.*, No. LA CV10-01172 JAK (MLGx), 2011 WL 13101417 at * 2 (C.D. Cal. Oct. 24, 2011)

Here, the automatically-stayed state claims and the federal claims are obviously interrelated on the First Amendment issue that will be on appeal, so a stay surely will "promote economy of time and effort for itself, for counsel, and for litigants."

We're fine with you taking the time you need to discuss with Yuga whether you'll agree to a stay, assuming Yuga won't argue that the passage of time (from the point where we first told you we were seeking a stay) somehow counsels against a stay.

I'm out on vacation next week, but happy to meet and confer with you about the motion to stay the first week of January.  Let me know what might work.

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Thursday, December 22, 2022 7:15 PM
**To:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Cc:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Grewal, Monica <Monica.Grewal@wilmerhale.com>; Bertulli, Scott <Scott.Bertulli@wilmerhale.com>
**Subject:** RE: Yuga Labs, Inc. v. Ripps et al, Case 2:22-cv-04355-JFW-JEM

**EXTERNAL SENDER**

Louis,

You had five days to discuss your plans for an appeal and stay with your clients.  I will need the professional courtesy of the same time to discuss your request with my client.  I and my clients also have limited availability given the holidays.

Please also provide any support for your motion to stay the Federal and State law claims so that we can fully assess and meet and confer as needed.

We can pencil in a time on Wed next week to discuss the stay and Yuga Labs' December 19 letter.  Please let me know some times that you are available.

Eric Ball

Fenwick | Partner | 650-335-7635 | eball@fenwick.com

Exhibit 1
Pg. 6

**From:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Sent:** Wednesday, December 21, 2022 2:47 PM
**To:** Anthony Fares <AFares@fenwick.com>; Eric Ball <eball@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Cc:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Grewal, Monica <Monica.Grewal@wilmerhale.com>; Bertulli, Scott <Scott.Bertulli@wilmerhale.com>
**Subject:** Yuga Labs, Inc. v. Ripps et al, Case 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

Counsel,

As you likely saw, Mr. Ripps and Mr. Cahen have noticed the appeal of the denial of their anti-SLAPP motion. We plan to file a motion to stay all proceedings pending resolution of that appeal. Please let us know whether Yuga will agree so that that motion to stay can be filed jointly.

Thanks,
--Louis


**Louis W. Tompros | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6886 (t)
+1 617 526 5000 (f)
louis.tompros@wilmerhale.com

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Exhibit 1
Pg. 7