| | |
|---|---|
| Louis W. Tompros (*pro hac vice*)<br>louis.tompros@wilmerhale.com<br>Monica Grewal (*pro hac vice*)<br>monica.grewal@wilmerhale.com<br>Scott W. Bertulli (*pro hac vice*)<br>scott.bertulli@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Fax: (617) 526-5000<br><br>Derek Gosma (SBN 274515)<br>derek.gosma@wilmerhale.com<br>Henry Nikogosyan (SBN 326277)<br>henry.nikogosyan@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5300<br>Fax: (213) 443-5400<br><br>Attorneys for Defendants<br>*Ryder Ripps and Jeremy Cahen* | Eric Ball (CSB No. 241327)<br>eball@fenwick.com<br>Kimberly Culp (CSB No. 238839)<br>kculp@fenwick.com<br>**FENWICK & WEST LLP**<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: 650.988.8500<br>Fax: 650.938.5200<br><br>Anthony M. Fares (CSB No. 318065)<br>afares@fenwick.com<br>Ethan M. Thomas (CSB No. 338062)<br>ethomas@fenwick.com<br>**FENWICK & WEST LLP**<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: 415.875.2300<br>Fax: 415.281.1350<br><br>*Additional Counsel listed on next page*<br><br>*Attorneys for Plaintiff<br>Yuga Labs, Inc.* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-4355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**LOCAL RULE 37 JOINT STIPULATION RE DEFENDANTS RYDER RIPPS AND JEREMY CAHEN'S MOTION TO DE-DESIGNATE THE DEPOSITION OF RYAN HICKMAN**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Motion Hearing Date: March 21, 2023<br>Motion Hearing Time: 10:00 AM<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:     June 27, 2023 |

Melissa L. Lawton (CSB No. 225452)
mlawton@fenwick.com
**FENWICK & WEST LLP**
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310-434-5400
Fax: 650-938-5200

Megan L. Meier (*pro hac vice*)
megan@clarelocke.com
David Y. Sillers (*pro hac vice*)
david@clarelocke.com
Kathryn G. Humphrey (*pro hac vice*)
kathryn@clarelocke.com
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Telephone: 202-6288-7400
Fax:  N/A

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTORY STATEMENTS ................................................................. 1

    A. Mr. Ripps and Mr. Cahen's Introductory Statement ............................. 1

II. YUGA LABS' INTRODUCTORY STATEMENT ......................................... 3

III. ISSUES IN DISPUTE ....................................................................................... 5

    A. Confidentiality Designation of Ryan Hickman's Deposition Testimony ................................................................................................ 5

        1. Mr. Ripps and Mr. Cahen's Position ........................................... 5

        2. Yuga Labs' Position ..................................................................... 6

    B. Award of Expenses under the Court's Protective Order ..................... 10

        1. Mr. Ripps and Mr. Cahen's Position ......................................... 10

        2. Yuga Labs' Position ................................................................... 11

This Joint Stipulation is submitted by Defendants and Counterclaim Plaintiffs Ryder Ripps ("Mr. Ripps") and Jeremy Cahen ("Mr. Cahen") and Plaintiff and Counterclaim Defendant Yuga Labs, Inc. ("Yuga" or "Yuga Labs") pursuant to Local Rule 37-2 in connection with Mr. Ripps and Mr. Cahen's motion to de-designate Ryan Hickman's deposition testimony. The parties conferred regarding the designation of Mr. Hickman's testimony on February 6, 2023, and Defendants served their portion of this stipulation later that same day. The Court's order establishing the case schedule is attached as Exhibit 1 to the Declaration of Derek Gosma.

## I. INTRODUCTORY STATEMENTS

### A. Mr. Ripps and Mr. Cahen's Introductory Statement

This motion is unfortunately necessary to free a third party's testimony—which that third party very much believes should be public—from Yuga's baseless and pretextual claim that it should receive "Attorneys Eyes Only" protection under the protective order.

This lawsuit involves Mr. Ripps and Mr. Cahen's satirical RR/BAYC NFT project, which criticizes Yuga for, among other things, its use of racist imagery in connection with its "Bored Ape Yacht Club" collection of non-fungible tokens.

On December 7, 2022, Yuga took the deposition of *pro se* third party Ryan Hickman, who helped in the creation of the RR/BAYC satirical artwork that is the subject of this litigation. Mr. Hickman is a Black Jewish man. Mr. Hickman participated in the RR/BAYC project in part because he believes that the imagery in Yuga's "Bored Ape Yacht Club" collection is racist, anti-Semitic, and offensive.

Mr. Hickman's deposition did not involve any Yuga confidential materials. Nevertheless, on January 20, 2022, Yuga designated the entirety of his 308-page deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Court's protective order. Gosma Decl., Ex. 3 (Corr. with Yuga) at 11. Yuga initially did not provide any basis for its confidentiality designation and

instead vaguely stated that "multiple parties" have designated information from the deposition as confidential. *Id*. at 8. Yuga has since clarified that the supposed "parties" who may have a confidentiality interest in Mr. Hickman's designation are Mr. Hickman himself, the Defendants, and third-party Thomas Lehman (who had produced some of the documents about which Mr. Hickman was questioned). Yuga has never claimed that there was any Yuga confidential information discussed during Mr. Hickman's deposition (nor could there have been, since Mr. Hickman has never been affiliated in any way with Yuga).

No party with any potential claim of confidentiality in Mr. Hickman's testimony claims that his testimony includes any confidential information. Specifically, on December 22, 2022, Mr. Hickman had already communicated to all the parties in this litigation that, "I would ***not*** like to have my deposition confidential." Gosma Decl. Ex. 4 (Hickman Corr.) at 1 (emphasis added). Likewise, on January 30, 2022, counsel for Mr. Lehman also communicated that he "does not oppose treating all of Mr. Hickman's deposition testimony as non-confidential." Gosma Decl., Ex. 3 (Corr. with Yuga) at 7. And Defendants have also repeatedly confirmed that "they are fine treating all of Mr. Hickman's testimony as non-confidential." *Id*. at 6. But even after all relevant parties agreed that Mr. Hickman's testimony is non-confidential, Yuga has refused to withdraw its "Attorneys Eyes Only" confidentiality designation for the entirety of Mr. Hickman's deposition testimony.

Yuga should not be permitted to prevent Defendants' personal access (as opposed to merely outside counsel's access) to Mr. Hickman's highly relevant testimony by designating it "Attorneys Eyes Only." Nor should Yuga be allowed to preclude Mr. Hickman from speaking freely publicly regarding his own non-confidential testimony. This is precisely the kind of abuse of confidentiality designations that the Protective Order precludes.

## II. YUGA LABS' INTRODUCTORY STATEMENT

Defendants have mass-designated the majority of documents in their discovery production with the maximum level of confidentiality allowed under the Protective Order ("Highly Confidential – Attorneys' Eyes Only" OR "HC-AEO"). Gosma Decl. Ex. 2 (Protective Order) § 3.8.  Yet, despite their broad application of HC-AEO designations, Defendants seek to *de*-designate the entire deposition of Ryan Hickman, which is replete with direct quotes from, and detailed discussions of, Defendants' HC-AEO documents.  This request is inconsistent with the Protective Order's Requirement that HC-AEO material must be "clearly so designated." *Id.* § 6.2.  If Defendants have their way, their produced documents would still be marked HC-AEO while deposition testimony quoting those documents would be entirely public.  This absurd outcome would place Yuga Labs in an untenable position, forcing it to guess which documents and topics are actually designated confidential.  Yuga Labs opposes Defendants' motion because their motion seeks relief inconsistent with the Protective Order and Defendants' prior designations.

Contrary to being "baseless and pretextual," (*supra* at 1) Yuga Labs designated the Hickman transcript HC-AEO for consistency with Defendants' designation of material used in Mr. Hickman's deposition.  Gosma Decl. Ex. 3 (Email Correspondence) at 10-11.  When Defendants disputed this designation, Yuga Labs requested that Defendants re-designate the documents underlying Mr. Hickman's deposition so that it could reassess the confidentiality of the deposition.[1] *Id*. at 5.  Instead, Defendants offered to de-designate a vague set of documents "quoted or paraphrased" in Mr. Hickman's deposition.  *Id*. at 4.  However, Yuga Labs explained that a vague blanket designation like that is improper, and in order

---

[1] Indeed, this was not the first time Yuga Labs' counsel made this request.  As far back as December 2022, Yuga Labs asked Defendants to de-designate certain documents marked HC-AEO for consistency with their representation that Mr. Hickman's deposition was not confidential, but received no response.  Declaration of Anthony Fares ("Fares Decl.") Ex. 1 at 1-2.

to designate "a portion or portions" of a document confidential or HC-AEO, they must re-produce it and "clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins)." *Id*. Ex. 2 § 6.3(a); Ex. 3 at 3.  Next, on the February 6 meet and confer call, Defendants agreed to re-produce the documents they claim are no longer HC-AEO as non-confidential, only to retract their agreement without explanation and state their intention to serve this motion on Yuga Labs, which they did about five hours later.  Fares Decl. ¶ 3.  To date, Defendants have failed to comply with the Protective Order, they have failed to honor their proposals, and they have failed to identify what documents they consider quoted or paraphrased in Mr. Hickman's deposition.  Defendants' shifting sands of inconsistency continue to leave Yuga Labs to guess at their confidentiality positions.

In rushing to file this motion, Defendants further failed to provide a letter setting forth the specific issues in dispute and failed to confer in good faith, as required by L.R. 37-1.  Fares Decl. ¶¶ 3, 4.  These procedural violations alone warrant denial of the motion.

Defendants are aware of Yuga Labs' legitimate basis for designating the Hickman Deposition HC-AEO and the proper procedural steps required to avoid bringing these issues before the Court.  The only explanation for Defendants' frivolous motion, that they brought without following the Protective Order and the Local Rules, is to harass Yuga Labs.  This Court should award Yuga Labs sanctions and attorneys' fees under the Protective Order.  Gosma Decl. Ex. 2 § 7.3.  Likewise, the Court should reject Defendants' request for sanctions against Yuga Labs, who has complied with all of its obligations under the Protective Order, and is simply asking Defendants to comply with the Protective Order and Local Rules.  Instead, the Court should sanction Defendants for their "clearly unjustified" designation of protected materials.  *Id.* § 6.1.

### III. ISSUES IN DISPUTE

### A. Confidentiality Designation of Ryan Hickman's Deposition Testimony

#### 1. Mr. Ripps and Mr. Cahen's Position

There is "a strong presumption in favor of [public] access" to records of judicial proceedings. *Kamakana v. City & Cnty. Of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006). A party may designate records as non-public under a protective order only if there is "good cause" to withhold the document from the public. *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). Yuga has not shown good cause for designating the entirety of Mr. Hickman's 308-page deposition testimony as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

Yuga has made confidentiality designations on behalf of Mr. Lehman and the Defendants. But Mr. Lehman and the Defendants have not, at any point, asserted confidentiality over any portion of Mr. Hickman's deposition testimony. Third-party Mr. Lehman and the Defendants have all unequivocally stated that they do not oppose Mr. Hickman's request that his testimony be made public. Gosma Decl., Ex. 3 (Corr. with Yuga) at 6-7. Given that all parties with any arguably confidentiality interest in any part of Mr. Hickman's testimony agree that it should be non-confidential, Yuga refusal to withdraw its confidentiality designation is improper. *See L.A. Triumph, Inc. v. Ciccone*, C 10-06195-SJO-JCx, 2011 WL 13217377, at *2 (C.D. Cal. June 16, 2011) (declining to seal deposition testimony when the deponent did not oppose public disclosure).

Yuga incorrectly asserts that Mr. Hickman's testimony should be confidential because some confidential documents were used during his deposition. The parties are not requesting that the confidentiality designation for any ***document*** be changed. But all parties with any potential confidentiality interest in those documents (Hickman, Lehman, and the Defendants) have reviewed the actual

testimony and determined that even the parts of the testimony that includes discussion of confidential documents need not itself be kept confidential. The fact that testimony involves confidential materials does not make the testimony itself confidential. *See Beaulieu Group, LLC v. Bates*, 15-cv-01090-JGB-KKx, 2016 WL 7626471, at *4 (C.D. Cal. Oct. 18, 2016) (declining to seal deposition testimony even when testimony related non-public documents such as confidentiality agreements).

In light of the foregoing, Defendants request that this Court designate Mr. Hickman's deposition testimony as non-confidential, because (1) all relevant parties' agreement that the testimony should be non-confidential and (2) there is a strong policy in favor of public access to juridical records. *Kamakana*, 447 F.3d at 1178 (recognizing the "general history of access and the public policies favoring disclosures, such as the public interest in understanding the judicial process.").

### 2. Yuga Labs' Position

Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery." *Bond v. Utreras,* 585 F.23d 1061, 1073, 1075, n.8 (7th Cir. 2009) (emphasis in original); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827, 2011 WL 11736636, at *2 (N.D. Cal. May 5, 2011) (finding no "strong public right of access to 'raw discovery' documents produced in civil discovery that have not been filed in court or used in depositions.").

Defendants designated the vast majority of their document production as HC-AEO. Many of this material designated HC-AEO is directly quoted, used as exhibits, and otherwise featured prominently in Mr. Hickman's deposition. Fares Decl. ¶ 5; *see, e.g.*, Fares Decl. Exs. 2, 4. Yet Defendants' motion to de-designate

1  this deposition would result in inconsistencies between their broad designation of
2  HC-AEO documents and their broad *de*-designation of quotes and other
3  information from Mr. Hickman's deposition. This would obscure what documents
4  and topics are actually confidential, in violation of the Protective Order's
5  requirement that confidential documents be "clearly so designated." Gosma Decl.
6  Ex. 2 § 6.2.
7    To illustrate this point, Exhibit 53 to Mr. Hickman's deposition is an excerpt
8  of a document produced by Defendants as HC-AEO. Fares Decl. Ex. 2. This
9  exhibit is part of what Defendants have touted is a "production of 10,945
10 confidential communications with links to corresponding documents detailing the
11 creation, design, development, marketing, sales, returns, revenue, and costs
12 associated with RR/BAYC" known as Team Ape Market Discord. *Id*. Ex. 3 at 4. In
13 Exhibit 53, below Defendants' knowing reference to Yuga Labs' trademark
14 registration, Mr. Cahen states: "@ryder per our attorney we may just need to
15 change the skull If we want to fight trademark." *Id*. Ex. 2. This quote is almost
16 exactly transcribed in the transcript of Mr. Hickman's deposition, which Defendants
17 seek to de-designate. *Id*. Ex. 4 at 234:9-14. Yet even if the deposition were de-
18 designated, this quote would still be labeled HC-AEO as part of the "10,945
19 confidential communications" in Team Ape Market Discord. *Id*. Ex. 3 at 4. Yuga
20 Labs would be unable to determine which confidentiality designation applied,
21 forcing it to guess about confidentiality for future filings.
22   Defendants' proposal to de-designate all documents "quoted or paraphrased"
23 in Mr. Hickman's deposition, without re-producing these documents, is a non-
24 starter. Gosma Decl. Ex. 3 at 4. First, this does not comply with the Protective
25 Order, which requires that parties who wish to designate "a portion or portions" of a
26 document must re-produce the document and "clearly identify the protected
27 portion(s) (*e.g.*, by making appropriate markings in the margins)." *Id*. Ex. 2 §
28 6.3(a). Second, this clumsy application of de-designation results in more questions

than answers.  For example, it is unclear whether this de-designation would apply to statements by the attorney taking the deposition or to the exhibits used in the deposition.  Nor is it clear what constitutes "paraphrase[d]" material.  And third, Defendants do not explain why this specific material is confidential and other material is not.  For example, the quote in Exhibit 53 revealing formerly-privileged information about Defendants' knowledge of infringement, and other sensitive quotes, would be public, but under Defendants' proposal, a popular gif of Shaquille O'Neal that was *not* described in the deposition would remain HC-AEO.  Fares Decl. Ex. 5.  Defendants' motion should be denied to avoid absurd and confusing outcomes like the example above.[2]  Or, if the Court grants their motion, Defendants should be ordered to re-produce and re-designate their HC-AEO productions to "clearly identify the protected portion(s)."  Gosma Decl. Ex. 2 § 6.3.

Defendants' failure to comply with L.R. 37-1's letter requirement also warrants denial of their motion.  *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-07181, 2012 WL 12878325, at *3 (C.D. Cal. Jan. 30, 2012) (denying discovery motion due, in part, to failure to provide 37-1 letter).  This Rule requires that "[b]efore filing any motion relating to discovery . . . counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference."  L.R. 37-1.  The letter "must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  *Id.*  Defendants provided no such letter, despite being on notice of this deficiency.  Fares Decl. ¶ 4.  When

---

[2] If granted, Defendants' motion could possibly result in other absurd consequences.  For example, publicly quoting a document designated HC-AEO could result in "monetary sanctions of at least $10,000 for each violation against both the Parties and Counsel" (Gosma Decl. Ex. 2 § 16), but simply changing the cite to the section of Mr. Hickman's deposition that quotes the language would not warrant sanctions.

1  Defendants first raised the possibility of filing a de-designation motion, Yuga Labs
2  responded that such a motion would be premature due to their failure to provide a
3  37-1 letter.  Gosma Decl. Ex. 3 at 5.  Defendants ignored this requirement.  Nor at
4  any point did they provide any legal authority in support of their position that Mr.
5  Hickman's deposition should be de-designated or specify the terms of a discovery
6  order to be sought.  These are fatal flaws for their motion.  *See, e.g.*, *Gordium*
7  *Innovations, LLC v. Zyxel Comm. Inc.*, No. SACV 12-2014, 2013 WL 12153506, at
8  *2 (C.D. Cal. Dec. 9, 2013) (denying discovery motion due in part to the fact that
9  L.R. 37-1 letter did not cite any legal authority); *Arroyo v. Cervantes*, No. 8:19-
10 00182, 2019 WL 8755115, at *1 (C.D. Cal. Aug. 16, 2019) (denying discovery
11 motion due in part to party's failure to specify terms of discovery order sought in
12 L.R. 37-1 letter).
13        Defendants also failed to comply with Rule 37-1's requirement that they
14 "confer in a good-faith effort to eliminate the necessity for hearing the motion or to
15 eliminate as many of the disputes as possible."  L.R. 37-1; *Lehman Com. Paper Inc.*
16 *v. Fid. Nat'l Title Ins. Co.*, No. SACV 12-00570, 2013 WL 12114063, at *1 (C.D.
17 Cal. July 25, 2013) (denying discovery motion due in part to failure to meet and
18 confer in good faith).  Defendants approached the meet and confer without an intent
19 to negotiate in good faith, instead offering false promises to comply with the
20 Protective Order, which they then reneged on moments later.  Fares Decl. ¶ 3.
21 Approximately five hours after the meet and confer, they served Yuga Labs with
22 their motion to de-designate.  *Id*.  Their motion should be denied on these grounds.
23        Defendants' citations to *L.A. Triumph, Inc. v. Ciccone*, 2011 WL 13217377,
24 at *2 (C.D. Cal. June 16, 2011) and *Beaulieu Group, LLC v. Bates*, 2016 WL
25 7626471, at *4 (C.D. Cal. Oct. 18, 2016) are inapposite.  These were both rulings
26 on motions to seal, not to de-designate a confidential document under a protective
27 order.  *Id.*; *see In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 11736636, at
28 *3 ("The public right to access as to court-filed documents is much stronger than as

to unfiled raw discovery that is at issue here."). And most importantly, Yuga Labs does not contend that there are "compelling reasons" for designating Mr. Hickman's deposition HC-AEO, which was an important factor in these cases. *Id*. Yuga Labs merely seeks a consistent approach to Defendants' confidentiality designations.

### B. Award of Expenses under the Court's Protective Order

<u>6.1. Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

#### 1. Mr. Ripps and Mr. Cahen's Position

All parties with any even arguable confidentiality interest in Mr. Hickman's testimony, including Mr. Hickman himself, agree that Mr. Hickman's testimony should be non-confidential. Yuga's baseless refusal to withdraw its confidentiality designation under these circumstances is nothing more than gamesman-like use of the confidentiality designations process to silence Mr. Hickman, a *pro se* third party, and to place impediments in the way of Defendants' personal access to relevant testimony. Violations of this nature warrant the award of expenses for

several reasons.

***First***, the Court's Protective Order provides that any violation of the order should be punished by "monetary sanctions of at least $10,000 for each violation against both the Parties and Counsel." Gosma Decl. Ex. 2 (Protective Order) ¶ 16. The order prohibits designations "shown to be clearly unjustified." Gosma Decl. Ex. 2 (Protective Order) ¶ 6.1. Yuga designated the entirety of Mr. Hickman's 308-page testimony as highly confidential on behalf of Mr. Lehman and the Defendants when Mr. Lehman and Defendants themselves agree that the testimony should be non-confidential. This is precisely the kind of "clearly unjustified" designations that are prohibited and sanctionable under the Protective Order.

***Second***, when deciding whether to award expenses, Courts "properly consider all of a party's discovery misconduct …, including conduct which has been the subject of earlier sanctions." *In Heritage Bond Liti.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004) (citing *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). On January 8, 2023, this Court admonished Yuga for repeatedly ignoring Defendants requests to confer regarding deposition scheduling. Dkt. 77 at 1. The Court noted that Yuga's "failure to confer was a violation of Local Rule 37-1, itself sufficient to deny the Motion." *Id*. at 1-2. In that same order, the Court also order Yuga's employee Wylie Aronow to appear for deposition on January 9, 2023, and that "Yuga will be responsible for payment of any expenses associated with the failed deposition." *Id*. at 2. (Notably, Mr. Aronow did not appear, and Defendants are planning to seek payment of those expenses.)

Defendants accordingly request that the Court award expenses Defendants have incurred in having to file this motion, as this dispute could have been entirely avoided had Yuga taken a reasonable position consistent with the wishes of all relevant parties and the strong public policy in favor of public disclosure.

### 2. Yuga Labs' Position

The Protective Order provides that "[f]rivolous challenges, and those made

for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions." Gosma Decl. Ex. 2 § 7.3. Defendants base their confidentiality challenge on assertions that "Mr. Lehman and the Defendants have not, at any point, asserted confidentiality over any portion of Mr. Hickman's deposition testimony." *Supra* at 5. Yet this is demonstrably false, as both Mr. Lehman and Defendants have designated many of the documents used and quoted in Mr. Hickman's deposition as "confidential" or HC-AEO. Fares Decl. ¶ 5. Yuga Labs has explained this to Defendants at length, yet they still refused to de-designate these materials and insisted on bringing this motion. Gosma Decl. Ex. 3 at 3, 5, 10; Fares Decl. ¶ 3. Yuga Labs also informed Defendants that they failed to provide a Rule 37-1 Letter, yet they nonetheless filed this motion without one. Gosma Decl. Ex. 3 at 5. And they rushed to serve this motion, without meeting and conferring in good faith or including third parties like Mr. Lehman who have a demonstrated interest in the confidentiality of these documents. Fares Decl. ¶ 3. The only explanation for this behavior is harassment, and Defendants should be sanctioned for their frivolous conduct, and Yuga Labs should receive Attorneys' Fees for being forced to respond.

Defendants seek sanctions against Yuga Labs for designating Mr. Hickman's transcript HC-AEO, yet it is Defendants, not Yuga Labs, who have failed to "designate for protection only those parts of material, documents, items, or oral or written communications that qualify." Gosma Decl. Ex. 2 § 6.1. Defendants have admitted that they have over-designated documents by offering to de-designate portions of them. Gosma Decl. Ex. 3 at 4; Fares Decl. ¶ 3. The evidence shows that their indiscriminate HC-AEO designation is "clearly unjustified" and deserving of sanctions and an award of attorneys' fees. Gosma Decl. Ex. 2 § 6.1.

Given Defendants' mass-designation of discovery material as confidential, Yuga Labs should not be forced to divine what they would or would not consider HC-AEO in Mr. Hickman's deposition testimony. Likewise, Yuga Labs should not

be sanctioned for Defendants' own failure to properly designate documents in compliance with the Protective Order. Gosma Decl. Ex. 2 § 6.3. Indeed, Yuga Labs even proposed that Defendants remove their blanket designations, or portions thereof, so it could designate Mr. Hickman's deposition in accordance with these confidentiality designations, yet Defendants refused. Gosma Decl. Ex. 3 at 3; Fares Decl. ¶ 3.[3]

Yuga Labs asks that the Court deny Defendants' motion, which seeks to impose shifting and inconsistent confidentiality obligations on Yuga Labs. If the Court grants the motion, it should also order Defendants to re-produce the documents used in Mr. Hickman's Deposition to clearly identify the protected portions in compliance with Section 6.3 of the Protective Order.

Respectfully submitted,

Dated: February 14, 2023

By: /s/ Derek Gosma
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300

By: /s/ Anthony M. Fares
Eric Ball (CSB No. 241327)
eball@fenwick.com
Kimberly Culp (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

Anthony M. Fares (CSB No. 318065)
afares@fenwick.com
Ethan M. Thomas (CSB No. 338062)
ethomas@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

Melissa L. Lawton (CSB No. 225452)
mlawton@fenwick.com
**FENWICK & WEST LLP**

---

[3] Defendants' citation to a prior discovery order is unrelated to this motion, and Yuga Labs has diligently complied with its discovery obligations, including by properly designating documents under the Protective Order.

| | | |
|---|---|---|
| 1 | Fax: (213) 443-5400 | 228 Santa Monica Boulevard, Suite 300<br>Santa Monica, CA 90401 |
| 2 | Attorneys for Defendants<br>*Ryder Ripps and Jeremy Cahen* | Telephone: 310-434-5400<br>Fax: 650-938-5200 |

Megan L. Meier (*pro hac vice*)
megan@clarelocke.com
David Y. Sillers (*pro hac vice*)
david@clarelocke.com
Kathryn G. Humphrey (*pro hac vice*)
kathryn@clarelocke.com
**Clare Locke LLP**
10 Prince Street
Alexandria, VA 22314
Telephone: 202-6288-7400
Fax:  N/A

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Derek Gosma attests that concurrence in the filing of this document has been obtained from Anthony Fares.

Dated: February 14, 2023          */s/ Derek Gosma*

                                  Derek Gosma