# Exhibit 1

**Exhibit 1**
**Pg. 5**

| | |
|---|---|
| **From:** | Kimberly Culp |
| **Sent:** | Tuesday, December 27, 2022 4:45 PM |
| **To:** | Tompros, Louis W.; Ryan Hickman |
| **Cc:** | Ethan Thomas; Anthony Fares; Gosma, Derek; Nikogosyan, Henry; Eric Ball |
| **Subject:** | RE: Yuga Labs v. Ripps et al |

==Louis – We did make a specific request that you de-designate RIPPSCAHEN00000301-306 and any future document productions that cover the topics discussed by Mr. Hickman if Defendants' position is that Mr. Hickman's testimony is not confidential.==

In the meantime, we take the protective order seriously as we assess the transcript and its ongoing designation of confidentiality. Sections 8.2(h) and (i) of the Protective Order are clear that while Mr. Hickman can see documents at his deposition if he otherwise possessed or knew the information, that does not entitle him to receive a copy of that material through Plaintiff. If he wants a copy, he has our position on how he might proceed. But, again, we do not represent him and cannot help him best select his course of action.

Kimberly Culp
Fenwick | Counsel | +1 650-335-7138 | kculp@fenwick.com | Admitted to practice in California.

**From:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Sent:** Friday, December 23, 2022 6:17 PM
**To:** Kimberly Culp <KCulp@fenwick.com>; Ryan Hickman <kingsrborn@gmail.com>
**Cc:** Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>
**Subject:** RE: Yuga Labs v. Ripps et al

**\*\* EXTERNAL EMAIL \*\***

Ms. Culp,

Your email does not accurately represent our positions. To answer your questions:

No, we do not represent Mr. Hickman. We are nonetheless troubled that you, as the taking party, would refuse to give an unrepresented third-party witness a copy of his deposition transcript and video when he has requested it.

You are correct that, having participated in the deposition and reviewed the transcript, none of the testimony provided by Mr. Hickman is confidential to either Mr. Ripps or Mr. Cahen. Our position is not any broader than that. If you have specific requests that we alter the confidentiality designation on any particular documents, let us know and we'll happily consider those requests.

Finally, what third party confidentiality are you referring to in your email? Obviously, if you disclosed material to Mr. Hickman during his deposition that was the confidential information of a third party, Yuga may itself be in violation of the protective order. Please let us know right away what third party confidentiality you are asserting, on whose behalf you are asserting it, and why Yuga thought it was appropriate to disclose third party confidential information to Mr. Hickman, so that we can take appropriate steps.

Thanks,

--Louis

---

**From:** Kimberly Culp <KCulp@fenwick.com>
**Sent:** Friday, December 23, 2022 8:57 PM
**To:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Ryan Hickman <kingsrborn@gmail.com>
**Cc:** Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>
**Subject:** RE: Yuga Labs v. Ripps et al

**EXTERNAL SENDER**

Louis – So that I am clear, are you counsel for Mr. Hickman?

With respect to the transcript, pursuant to Section 6.3(b) of the Protective Order, the deadline to complete our review of Mr. Hickman's deposition transcript is thirty (30) days after receipt of the transcript proceeding. That time has clearly not passed and we are assessing the transcript, including how to treat the material designated confidential by a third party.

We understand then that Defendants' position is that none of the information discussed in Mr. Hickman's deposition is confidential. We understand then that none of Defendants' documents about their development of rrbayc.com, Ape Market, marketing of same or marketing of RR/BAYC NFTs, earnings from sales, knowledge that consumers would be confused by their activity are confidential. Consistent with your apparent position that none of the issues discussed in Mr. Hickman's deposition are confidential we expect that none of the documents Defendants produce in the future will be designated under the Protective Order and that Defendants will re-produce without any confidentiality all of your documents that covered those topics, including RIPPSCAHEN00000301-306, before the thirty (30) day review period has expired.

With respect to Rule 30(e), I am not aware whether Mr. Hickman requested of the Court Reporter a review copy of his transcript. He can ask the Court reporter for a copy or visit their offices. If he wants a copy, he must comply with Rule 30(f). You are also able to provide Mr. Hickman with a copy provided that the Defendants and Mr. Hickman comply with the Protective Order. I do not represent Mr. Hickman, so I cannot advise him on his best course of action. But, we are not refusing to comply with Rule 30(e) or otherwise.

Regards,
Kimberly

**From:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Sent:** Thursday, December 22, 2022 4:10 PM
**To:** Kimberly Culp <KCulp@fenwick.com>; Ryan Hickman <kingsrborn@gmail.com>
**Cc:** Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps et al

**\*\* EXTERNAL EMAIL \*\***

Ms. Culp,

As Mr. Gosma made clear at the deposition, we do not see why any part of Mr. Hickman's testimony would be confidential.  Neither Mr. Ripps nor Mr. Cahen is asserting any claim of confidentiality as to Mr. Hickman's deposition.  Is Yuga asserting that there is some confidential Yuga Labs material in the deposition (the confidentiality of which was somehow not waived when you revealed it to Mr. Hickman)?  If not, what basis do you have to assert any claim that any portion of Mr. Hickman's deposition is confidential?

I also note that in his email Mr. Hickman expressly requested "both written and video/media" of his deposition.  As I'm sure you know, FRCP 30(e) entitles him to that.  Is Yuga refusing to comply with Rule 30(e)?

Thanks,
--Louis

**From:** Kimberly Culp <KCulp@fenwick.com>
**Sent:** Thursday, December 22, 2022 7:00 PM
**To:** Ryan Hickman <kingsrborn@gmail.com>
**Cc:** Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps et al

**EXTERNAL SENDER**

Mr. Hickman,

Thank you for confirming; we will not ask the Court to seal the references to your description testimony in our section of the Joint Stipulation.  I assume since Defendants' counsel is copied on this that they agree that the references to your description testimony in our section of the Joint Stipulation are not confidential.

We continue to assess the confidentiality of your deposition transcript, as set forth in the protective order.  In addition, a third party has designated materials confidential in this case.  You may reach out to the Court reporter about your transcript.

This is a motion involving Defendants and it is not being brought against you.

Regards,
Kimberly

Kimberly Culp
Fenwick | Counsel | +1 650-335-7138 | kculp@fenwick.com | Admitted to practice in California.

**From:** Ryan Hickman <kingsrborn@gmail.com>
**Sent:** Thursday, December 22, 2022 8:31 AM
**To:** Kimberly Culp <KCulp@fenwick.com>
**Cc:** Ethan Thomas <EThomas@fenwick.com>; Anthony Fares <AFares@fenwick.com>; louis.tompros@wilmerhale.com; derek.gosma@wilmerhale.com
**Subject:** Re: Yuga Labs v. Ripps et al

**\*\* EXTERNAL EMAIL \*\***

Great day. I would not like to have my deposition confidential.

I would like a copy of my deposition, both written and video/media so I may review. There is information in the attachment (marked discovery matter) you shared (in this thread) that doesn't match my testimony. That is alarming and I would like to confirm.

Also, it is holiday week. I am traveling and the timeline provided is a burden. I will not have opportunity to review this attachment (marked discovery matter) without being stressed and rushed until Jan 1.

Thank you.

On Wed, Dec 21, 2022 at 4:27 PM Kimberly Culp <KCulp@fenwick.com> wrote:

> Mr. Hickman –
>
> Yuga Labs intends to file a motion in this litigation next week, which will refer to certain testimony you provided in your deposition, which deposition is currently designated as confidential under the Protective Order in this action.  These references include the highlighted portions of the attached document.
>
> We intend to file this motion early next week.  Under the Court's local rules, we are consulting with you to determine whether you would like us to file these references to your testimony under seal.  If you intend to file a declaration with the Court under Local Rule L.R. 79-5.2.2(b) within four days of our filing, please let us know, and we will file any references to this portion of your deposition testimony (including those references to this testimony in Defendants' response) under seal.  If you do not intend to file a declaration, please let us know that as well.
>
> We are happy to discuss this by phone any day this week.
>
> Thank you,
>
> Kimberly
>
> Kimberly Culp
>
> Fenwick | Counsel | +1 650-335-7138 | kculp@fenwick.com | Admitted to practice in California.