Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

Eric Ball (CSB No. 241327)
eball@fenwick.com
Kimberly Culp (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

Anthony M. Fares (CSB No. 318065)
afares@fenwick.com
Ethan M. Thomas (CSB No. 338062)
ethomas@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Additional attorneys listed on next page*

*Attorneys for Plaintiff
Yuga Labs, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                 Plaintiff and Counterclaim Defendant,<br><br>     v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                 Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-4355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**LOCAL RULE 37 JOINT STIPULATION RE YUGA LABS, INC.'S MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Motion Hearing Date: March 21, 2023<br>Motion Hearing Time: 10:00 AM<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:    June 27, 2023 |

Melissa L. Lawton (CSB No. 225452)
mlawton@fenwick.com
**FENWICK & WEST LLP**
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310-434-5400
Fax: 650-938-5200

Megan L. Meier (*pro hac vice*)
megan@clarelocke.com
David Y. Sillers (*pro hac vice*)
david@clarelocke.com
Kathryn G. Humphrey (*pro hac vice*)
kathryn@clarelocke.com
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Telephone: 202-6288-7400
Fax:  N/A

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

## TABLE OF CONTENTS

1. INTRODUCTORY STATEMENTS ................................................................. 4

A.    MR. RIPPS AND MR. CAHEN'S INTRODUCTORY STATEMENT ................................................................. 4

B.    YUGA'S INTRODUCTORY STATEMENT ................................ 6

2. ISSUES IN DISPUTE ................................................................. 9

    A.    **Requests for Production Nos. 1 and 2 (Discovery relating to Yuga's formation, corporate structure, and related business entities)** ................................................................. 9

    C.    **Request for Production Number 11 (Discovery Related to the Development of the Asserted Marks)** ................. 14

    E.    **Request for Production Number 12 (Discovery Related to the Release Schedule of BAYC NFTs)** ................. 18

    F.    **Request for Production Number 25 (Discovery Related to Yuga's use of "Ape Market" and Other Related Terms and Marks)** ................................................................. 23

    G.    **Request for Productions Number 30 and 31 (Discovery Related to Yuga's Marketing Activities Involving MoonPay and Celebrities)** ............................................... 26

    H.    **Request for Production Number 41 (Discovery Relating To Yuga's Awareness of Defendants' Artwork)** ................. 41

    I.    **Request for Production Number 50 (Discovery Related to Yuga's Promotion and Sale of BAYC NFTs)** ................. 44

    J.    **Request for Production Number 57 (Discovery Related to Appdetex Materials)** ....................................... 48

    K.    **Request for Admissions Numbers 1-36; 47-52; 55-58; 63-72; 80-84; 177-179 (Objections Primarily Premised on Definition of "You" or "Yuga")** ................. 51

    N.    **Request for Admission Numbers 37-46 (Objections based on Admissions about "Buyers" or "Consumers")** ................. 120

    O.    **Request for Admission Numbers 86-87 (Objections based on Vague Terms)** ................................................... 129

This Joint Stipulation is submitted by Defendants and Counterclaim Plaintiffs Ryder Ripps ("Mr. Ripps") and Jeremy Cahen ("Mr. Cahen") and Plaintiff and Counterclaim Defendant Yuga Labs, Inc. ("Yuga") pursuant to Local Rule 37-2 in connection with Mr. Ripps and Mr. Cahen's motion to compel Yuga to produce documents and supplement written discovery responses. Defendants served their portion of this stipulation on February 6, 2023. The Court's order establishing the case schedule is attached as Exhibit 1 to the Declaration of Derek Gosma.

**1. Introductory Statements**

**A.     Mr. Ripps and Mr. Cahen's Introductory Statement**

This lawsuit involves Mr. Ripps and Mr. Cahen's RR/BAYC NFT project, which criticizes Yuga for its fraud and use racist and neo-Nazi imagery. After the Defendants created their artwork, Yuga systematically bullied the defendants in an effort to silence their criticism, including by threatening to harm the Defendants' livelihood and their families. Yuga filed this lawsuit alleging that the RR/BAYC collection infringes Yuga's trademarks. Their First Amendment defenses to trademark infringement, Yuga's misconduct, and Yuga's unclean hands in attaining the asserted alleged trademark rights are among the expected central issues at trial.

Mr. Ripps and Mr. Cahen have long sought discovery in this case. Mr. Ripps and Mr. Cahen originally served Yuga its interrogatories, document requests, and requests for admission on September 6, 2022, *over five months* ago. Despite all this time, and several conferences between the parties' counsel, Yuga has failed to fully respond to a single discovery request. Counsel most recently met and conferred on January 23, 2023. See Gosma Decl. Ex. 7 (February 2, 2023, Nikogosyan email to Thomas) at 16. At the conference, Yuga stated that it would supplement its production by the end of January. Although Yuga made productions leading up to January 31, they were comprised almost entirely of public materials which were at best tangentially related to the issues in this case. See Gosma Decl.

Ex. 7 at 1.  Yuga has not produced a single email, text message, or chat communication addressing the selection and public deployment of the asserted trademarks—not even the emails that it expressly refers to in it its interrogatory responses.  Yuga also refused to confirm whether it has even searched for any electronically stored information at all in response to Defendants' discovery requests.   See Gosma Decl. Ex. 7 at 1.  As a result, as of today, Yuga has provided Defendants with essentially no substantive discovery responses at all.

The discovery cut-off is April 3, 2023.  Defendants (two individuals) have produced thousands upon thousands of emails, financial records, text messages, Discord chats, Telegram chats, and other documents covering over hundreds of thousands of communications.  But as of February 6, 2023, Yuga, a purportedly multi-billion-dollar company, has produced fewer than ***200 non-public documents***, most of which are only a few pages long.  Almost the entirety of Yuga's production consists of publicly available documents, including 10,000 publicly available ape cartoons and thousands of public Twitter and Tumblr posts that were made by the Defendants themselves.  Yuga has refused to produce any materials at all relating to Yuga's misleading activities in developing and marketing the trademarks at issue in this litigation, which is centrally relevant to Mr. Ripps and Mr. Cahen's unclean hands defenses.

The prejudice is clear.  Defendants have been handicapped in discovery by Yuga's noncompliance.  Defendants were forced to take the deposition of Yuga's second and third co-founders, Greg Solano and Kerem Atalay, as well as Yuga's 30(b)(6) witness,  without the benefit of any of the non-public documents that Yuga is obligated to provide in this litigation.  As discovery progresses, this prejudice will continue to compound as there are further depositions scheduled on March 1, March 6, and March 16, 2023.

The parties are nearing the close of discovery and Yuga's refusal to even

1  minimally comply with the Federal Rules shows that it has no intent to disclose

2  relevant and material information during unless forced to do so by the Court.

3  Defendants respectfully request the Court's assistance in obtaining Yuga's

4  compliance in discovery.  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1168 (9th Cir.

5  1994) (affirming dismissal sanction due to plaintiffs' non-participation in

6  discovery).

7          **B.     Yuga Labs' Introductory Statement**

8          This lawsuit is, and always has been, about Defendants' admitted use of

9  Yuga Labs' trademarks to sell counterfeit NFTs.  Despite Defendants' attempts to

10  shift the focus of the case — and discovery — to their fantastical claims about

11  "racist and neo-Nazi imagery," "[i]n this case, the Court conclude[d] that ***the***

12  ***Rogers test does not apply.***"  Declaration of Ethan M. Thomas ("Thomas Decl.")

13  Exhibit 1 at 6 (emphasis added).   Rather, "Defendants' sale of what is admittedly a

14  'collection of NFTs that point to the same online digital images as the BAYC

15  collection' [] is the ***only conduct at issue in this action*** and does not constitute an

16  expressive artistic work protected by the First Amendment."  *Id.* (emphasis added).

17  Nonetheless, as yet another attempt to create collateral and irrelevant litigation to

18  avoid their infringement, or simply to harass, Defendants plan to bring this motion

19  on a slew of topics which are either not in dispute, about which they have the

20  answer, or which are otherwise objectionable.  Their requests should be rejected.

21          First, Yuga Labs has already provided what Defendants asked for in response

22  to some topics (Topic A, F, and H), but they continued with this motion without

23  attempting to explain to Yuga Labs what more they want or why supplemental

24  discovery failed to resolve the issue.  Defendants also seek discovery into topics the

25  Court has already deemed irrelevant or inappropriate at this time (Topic C and

26  certain requests in Topics K, N, and O).  Those requests have no merit.

27          Second, as a general theme, Defendants repeatedly complain that Yuga Labs

28  has not produced enough confidential, internal communications.  But Defendants

never explain *why* such discovery is relevant or proportionate.  Defendants say that they believe materials regarding Yuga Labs' release of their NFTs to the public (Topic E), promotion and sale of the NFTs to the public (Topic I), and takedown requests against infringers (Topic J) are relevant to Yuga Labs' case; however, they do not even attempt to show why they need more than the voluminous discovery (including deposition testimony) provided to date sufficient to show the release of the BAYC NFTs, channels of trade and marketing to the public, and takedown communications to Defendants and third parties.  Defendants provide no justification for requiring, especially this late in discovery, that Yuga Labs' confidential, internal communications must be further reviewed and produced, aside from their belief that the number of such documents handed over to them should be higher.  That is a transparent attempt to increase the burden of discovery solely for that purpose.  If Defendants think there is *something* (though they do not say what) in Yuga Labs' internal communications that will somehow benefit their defense, they need to say what it is and show a legitimate need for it proportionate to claims and defenses actually in this case; but this kind of fishing expedition is not a justification for cumulative, disproportionate discovery.[1]

Third, Defendants seek discovery into complex, extensive, and collateral issues regarding alleged securities fraud and alleged celebrity endorsements.  This is the second time Defendants have served a Joint Stipulation containing these same demands, and in this version of their Joint Stipulation, they have shifted to justifying these requests under a claimed unclean hands defense, notwithstanding their admission that neither of these issues affects them.  This new argument is as meritless as the prior arguments; the unclean hands defense does not mean that *any*

---

[1] Defendants' claim that they are not sure Yuga Labs "even searched for any electronically stored information at all in response to Defendants' discovery requests" is unfounded.  Yuga Labs has produced thousands of electronic documents in response to Defendants' discovery requests and has supplemented its production multiple times when Defendants asked for additional materials.

prior alleged wrongdoing by a plaintiff forecloses all equitable relief against any party in the future.  The defense also does not permit a mini trial into any collateral issue.  Rather, the alleged wrongdoing must relate directly to the transaction giving rise to the plaintiff's cause of action, and neither of Defendants' unclean hands theories meet that requirement.  Nonetheless, the discovery sought is subject to a mandatory stay in the case that *actually* concerns securities law, and it is not relevant or proportionate to the current trademark infringement case.

Fourth, Defendants seek an unclear remedy as to their requests for admission. Yuga Labs denied several requests based on what they asked Yuga Labs to admit. Defendants first asked Yuga Labs to reconstrue the questions and to make more admissions.  Now, Defendants apparently ask the Court to compel Yuga Labs to admit these requests based on new, unspecified definitions.  Though these requests are objectionable for several reasons, the remedy Defendants seek has no basis. Defendants also have not served new or amended requests that make clear their latest position.  Yuga Labs should not be compelled to make admissions based on Defendants' latest, desired, reframing of their requests.  Yuga Labs' responses to Defendants' improper requests for admissions are accurate and complete.

In light of the above, Defendants' anticipated motion is an abuse of the discovery process that wastes the parties' and the Court's time.  It seeks relief on moot or unclear issues, contravenes prior orders of the Court, and fails to make reasonable requests based on the required cooperation under Local Rule 37-4. Indeed, Defendants served a version of this Joint Stipulation on January 17, 2023, hours after Yuga Labs promised to supplement its discovery and the Court denied their previous requests for discovery into "Inflammatory Material" and other topics. Thomas Decl. Exhibit 12.  Yuga Labs asked Defendants to withdraw that version, and they did.  Though this version eliminates some issues, it persists in seeking inappropriate discovery on the remaining issues without taking into account or even

attempting to reconcile the issues Yuga Labs raised.  *See* L.R. 37-4 ("The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.").  Defendants never attempted to meet and confer on the further documents Yuga Labs produced between their service of the first version of this Joint Stipulation and the second.  *See* Thomas Decl. ¶ 15.  Yuga Labs therefore respectfully requests its reasonable attorneys' fees under Local Rule 37-4 in responding to Defendants' motion to compel, should they proceed to file it.

**2. Issues in Dispute**

**A.    Requests for Production Nos. 1 and 2 (Discovery relating to Yuga's formation, corporate structure, and related business entities)**

Request for Production No. 1

All Documents and Communications relating to the formation of Yuga.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality

obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Request for Production No. 2:

Documents sufficient to show the current organizational and ownership structure of Yuga, including, but not limited to, any parents, affiliates, or other related Entities, as well as partners, partnerships, members, corporations, trusts (including but not limited to, any trust beneficiaries), or shareholders.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

### 1.    Mr. Ripps and Mr. Cahen's Position

Document Requests Nos. 1 and 2 seek materials relating to Yuga's formation, current organizational structure, and current ownership structure,

including but not limited to, any parents, affiliates, partners, partnerships, members, corporations, trusts (including but not limited to, any trust beneficiaries), or shareholders.  Yuga's withholding of these documents prejudices Defendants, and prevents them from adequately utilizing depositions and other discovery tools.

Defendant's Document Requests Nos. 1 and 2 are relevant on several grounds.  Yuga's formation, organizational structure, and ownership structure are relevant to Yuga's ability to own the asserted marks.  In order to establish a claim for trademark infringement, a plaintiff must demonstrate an ownership interest in the mark.  *Delta Forensic Eng'g, Inc. v. Delta V Biomechanics, Inc.*, 402 F. Supp. 3d 902, 906 (C.D. Cal. 2019).  Here, there are several entities that are using the Asserted Marks and it is unclear what relationship those other entities have to Yuga, if any at all.  For example, there is an entity named "ApeCoin DAO" that has been using Yuga's skull logo trademark *as its own trademark* since at least March 2022.  Defendants seek discovery into how "ApeCoin DAO" is related to Yuga to determine the status of Yuga's rights (if any) associated with the ape skull logo and marks including it, which Yuga has asserted in this litigation.  Discovery on these issues is relevant to if Yuga was in fact the first to use the Asserted Marks in commerce, whether it has retained the correct licenses to lawfully use the Asserted Marks, and whether it has acquiesced and permitted trademark dilution.

Yuga's assertion that these requests are not proportionate is baseless.  Yuga only produced roughly *200 non-public documents* total.  By comparison, Defendants have made extensive productions, including far more than 100,000 private communications.  This discrepancy between the productions of each party is astonishing because Defendants are two individuals with limited resources and Yuga has represented itself as a multi-billion-dollar, multi-national corporation.  Yuga has refused to make any substantial production of non-public documents and

will not even confirm that it has followed the routine practice of searching its electronic records at all.  See Gosma Decl. Ex. 7 at 1.

Further, Yuga's refusal to produce responsive materials has a compounding prejudicial impact on Defendant's abilities to properly take discovery.  For instance, Defendants have already taken the depositions of two co-founders and Yuga's 30(b)(6) witness.  Yuga's withholding responsive materials hindered Defendants from being able to ask all relevant questions in those depositions, and the prejudicial effect will continue with upcoming depositions of Yuga employees and officers scheduled in March.  The absence of information that those documents could have yielded has thus given Yuga an unfair tactical advantage.

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate productions that are responsive to Defendant's Requests for Production Nos. 1 and 2.  Defendants seek all document types which would properly satisfy this request, including, but not limited to, corporate filings; contracts; and organizational charts.

## 2.    Yuga Labs' Position

Yuga Labs raised valid  objections that these requests are not relevant to any claim or defense and are not proportionate to the needs of the case.  Nevertheless, it provided Defendants with documents responsive to these requests.  Both in Defendants' letter and during the parties' subsequent meet and confer correspondence, Defendants stated that they were only asking Yuga Labs to supplement its production as to "other entities that may have created, own, and/or use trademarks asserted in this litigation."  Yuga Labs produced all such documents it located through a reasonable search.  Believing its production to be complete, Yuga Labs asked Defendants to identify any additional materials they believed to exist (such as license agreements with other entities); Defendants were unable to identify any such missing materials, but instead asked whether Yuga Labs had any

summary documents or "charts" explaining the licensing relationship with such third parties.  Gosma Decl. Exhibit 13 at 3.  To this day — including during their January 10 and January 23, 2023 meet and confers, and in subsequent communications — Defendants have not raised any additional documents to Yuga Labs that they seek in response to this issue.

Yuga Labs agreed to conduct a reasonable search for these additional materials during the parties' January 10, 2023 meet and confer, and reiterated that agreement in writing on January 17, 2023.  Gosma Decl. Exhibit 13.  Yuga Labs has now conducted that search and determined that it has no such additional materials to produce — which Defendants would have known had they asked before serving this Joint Stipulation.  This issue is accordingly moot.

As to one specific issue, Defendants claim here that they "seek discovery into how 'ApeCoin DAO' is related to Yuga to determine the status of Yuga's rights (if any) associated with the ape skull logo and marks including it, which Yuga has asserted in this litigation."  Yuga Labs has **_already produced_** internal, highly confidential documents answering this question on December 21, 2022, and referred Defendants to those documents on at least January 17, 2023: "Yuga Labs has produced several documents (including those identified in its supplemental response to Interrogatory No. 12) showing license agreements regarding the BAYC Marks.  We have produced documents specific to Ape Foundation, including YUGALABS_00029252 and YUGALABS_00029146."  Gosma Decl. Exhibit 13; *see also* Thomas Decl. ¶ 12.  Defendants never responded or suggested why these documents were supposedly inadequate.  After Yuga Labs produced these documents, Defendants deposed Yuga Labs and asked questions about the ApeCoin logo.  Under oath, Yuga Labs explained the agreement related to the ApeCoin logo and how that logo is different from (intentionally so) Yuga Labs' Ape Skull logo.  Thomas Decl. Exhibit 22 at 207–15.  Defendants asked Yuga Labs five questions

about only one of the written documents Yuga Labs produced relating to the ApeCoin Logo, and Yuga Labs' witness answered each of those questions. *Id.* There are no *other* documents identified in that testimony — or by Defendants thereafter — that they require on this topic.

Yuga Labs respectfully requests attorneys' fees in connection with responding to Defendants' Joint Stipulation. Defendants willfully filed a moot and frivolous request in violation of Local Rule 37-4, after the Court's admonition that the parties cooperatively eliminate discovery disputes. *See* ECF No. 77 at 2 ("The Court reminds the parties of their mandatory duty under Rule 37-1 to confer in good faith to reduce or eliminate issues in dispute."). Defendants originally served this Joint Stipulation on January 17, 2023, and on January 19, 2023, Yuga Labs asked Defendants to withdraw this issue because it violated the Court's previous instructions to resolve issues through the meet and confer process. Thomas Decl. Exhibit 12. Defendants did so, but then re-served their Joint Stipulation without withdrawing this request or even attempting to further discuss why Yuga Labs had not cured this issue following the supplemental discovery served on Defendants. Yuga Labs also transparently disclosed to Defendants that it would seek attorneys' fees if Defendants did not withdraw the issue. *Id.* Defendants did not withdraw or amend their Joint Stipulation to remove this issue from dispute.

### C. Request for Production Number 11 (Discovery Related to the Development of the Asserted Marks)

<u>Request for Production No. 11:</u>

All Documents and Communications showing or relating to the conception, creation, design, or development of the BAYC NFTs and the Asserted Marks, including but not limited to the conception, creation, design, or development of the name "Yuga Labs"; the BA YC BORED APE YACHT CLUB logo referenced in Paragraph 38 of the Complaint; and websites, games, puzzles, awards, and Digital Platform posts relating to

BAYC NFTs, including but not limited to the Bored Ape Yacht Club metaverse known as "Otherside" and Jimmy the Monkey Puzzle.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case to the extent it seeks documents relating to "the conception, creation, design, or development of the BAYC NFTs and the Asserted Marks." Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show how the Asserted Marks were created or designed.

### 1.    Mr. Ripps and Mr. Cahen's Position

Document Request No. 11 seeks materials showing or relating to the conception, creation, design, or development of the BAYC NFTs and the Asserted

Marks. These materials are squarely within the scope of discovery because Yuga has asserted trademark claims and has alleged that Defendants' artwork is a knock-off of Yuga's BAYC NFTs. Accordingly, Defendants are entitled to take discovery into the creation of the Asserted Marks and BAYC NFTs as they form the core of Yuga's trademark infringement claims.

Yuga has admitted that the Asserted Marks were developed by Wylie Aronow and Greg Solano in collaboration with a third party. Gosma Decl. Ex. 12 (Yuga's First Supplemental Responses to Defendants' First Interrogatories) at 11. However, Yuga has failed to produce even a single document or communication relating to the development of the Asserted Marks (including documents excerpted in part in its interrogatory response). As a result, Defendants do not know if Yuga actually created the Asserted Marks at all, whether it appropriately retained rights to use the marks despite the involvement of a third party, or whether Yuga derived the marks from some other source that would undermine its ability to enforce them. By now Yuga should have produced numerous documents addressing these issues, including communications between Greg Solano and Wylie Aronow about the creation of the marks (which testimony suggests exists and was provided to counsel for Yuga), all communications with the third party that designed the Asserted Marks, and all source materials used for the design of the Asserted Marks.

Yuga has also failed to produce even a single document or communication concerning the creation of the BAYC NFT collection that is the subject of this case. That collection is the product at issue in Yuga's trademark claims. Thus, Defendants are entitled to discovery into its creation to understand how these products came into commerce as well as all rights and legal issues implicated in the creation and design process. For example, Yuga should have produced at least the communications between Wylie Aronow, Greg Solano, Zeshan Ali, and Kerem Atalay involving the creation and design of BAYC NFTs, including emails, text

messages, Telegram, Instagram, Twitter, Discord, and any medium they may have use to discuss BAYC NFTs during the creation process.  Testimony confirms that such documents exist.

Yuga's assertion that this request is not proportionate is baseless.  Yuga only produced **200 non-public documents** total and will not even confirm that it has conducted a search of its own electronic records at all.  See Gosma Decl. Ex. 7 at 1.

Moreover, Yuga's withholding of responsive materials has caused significant prejudice.  On January 17, 2023, Defendants took the deposition of Greg Solano, on January 24, 2023, Defendant toke the deposition of Yuga's 30(b)(6) witness, and on January 31, 2023, Defendants to the deposition of Kerem Atalay.  Defendants were unfairly deprived of the opportunity to probe fully into the creation and design of the Asserted Marks and BAYC NFTs because Defendants were not given any of the relevant documents.  As discovery progresses, Yuga's withholding of requested documents and communications will continue to have a prejudicial impact as it will continue to deprive Defendants of the ability to question Yuga's employees.

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate productions that are responsive to Defendant's Request for Production No. 11.  Defendants seek all documents and communications, including emails, texts, Discord chats, Telegram chats, Instagram chats, Twitter chats, blueprints, concept art or early drafts, letters, and all other material that would disclose the creation and design of the Asserted Marks and the BAYC NFT collection.

### 2.     Yuga Labs' Position

On January 17, 2023, the Court held that "**the origin of the marks is not in dispute and thus not relevant**" and "[t]he origin of the marks only has relevance to the Inflammatory Material," to which Defendants are not entitled to further pursue discovery until the Court rules on Yuga Labs' motion to strike and motion to

dismiss.  Thomas Decl. Exhibit 2.  Defendants served the Joint Stipulation anyway, directly contravening the Court's Order.  For the reasons stated in Yuga Labs' objections, and in the Court's Order, discovery on this topic is not relevant or proportionate to any claim or defense in this action.

Additionally, Defendants have obtained testimony from Yuga Labs' 30(b)(6) witness, and its co-founder and Co-President Greg Solano, on the development of the BAYC Marks, Thomas Decl. Exhibit 7 at 36–58, Exhibit 8 at 66–78 and 201–06, and Yuga Labs has provided sufficient documents and interrogatory responses for Defendants to determine that Yuga Labs "actually created the Asserted Marks" and was the first to use them in commerce.  *See, e.g.*, Thomas Decl. Exhibit 10.  Moreover, as discussed in the parties' prior briefing, Defendants have repeatedly admitted that Yuga Labs created and used the BAYC marks before Defendants.  *See, e.g.*, Thomas Decl. Exhibit 3 (December 28, 2022 Joint Stipulation (Dkt. 69-1)) at 43 (collecting admissions).  There is nothing more that Defendants require on this issue; further discovery is disproportionate to the needs of the case at least because these facts are not in dispute.

Yuga Labs respectfully requests attorneys' fees in connection with responding to Defendants' Joint Stipulation.  Defendants willfully served a moot and frivolous request contrary to the Court's January 17, 2022 Order and in violation of Local Rule 37-4, after the Court's admonition that the parties cooperatively eliminate discovery disputes.  *See* ECF No. 77 at 2 ("The Court reminds the parties of their mandatory duty under Rule 37-1 to confer in good faith to reduce or eliminate issues in dispute.").  Defendants originally served this Joint Stipulation on January 17, 2023, and on January 19, 2023, Yuga Labs asked Defendants to withdraw this issue because it violated the Court's previous instructions to resolve issues through the meet and confer process.  Thomas Decl. Exhibit 12.  Defendants did so, but then re-served their Joint Stipulation without

withdrawing this request or even attempting to further discuss why Yuga Labs had not cured this issue following the supplemental discovery served on Defendants and the additional deposition testimony that they received.  Yuga Labs also transparently disclosed to Defendants that it would seek attorneys' fees if Defendants did not withdraw the issue.  *Id.*  Defendants did not withdraw or amend their Joint Stipulation to remove this issue from dispute.

### E. Request for Production Number 12 (Discovery Related to the Release Schedule of BAYC NFTs)

Request for Production No. 12:

All Documents and Communications showing or relating to the release and release schedule for BAYC NFTs, including but not limited to the date the artwork corresponding to the newly-minted BAYC NFTs was revealed to respective owners, and the Bored Ape Yacht Clube metaverse "Otherside," including but not limited to the launch date for "Otherside."

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense and not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks.

### 1.      Mr. Ripps and Mr. Cahen's Position

Document Request No. 12 seeks materials showing or relating to the release and release schedule for BAYC NFTs.  This information is critical to the trademark issues in this case because it concerns how the Asserted Marks, which were used in conjunction with BAYC NFTs, entered into commerce.  *See* 15 U.S.C. § 1125(c)(1); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1010 (9th Cir. 2004).  Yuga has failed to produce any non-public documents regarding the release of BAYC NFTs.  At this late stage of discovery, Yuga's withholding of documents prejudices Defendants.

Defendants' Document Request No. 12 is relevant because the timeline of Yuga's BAYC NFTs and Otherside release is relevant to their use of their Asserted Marks in commerce.  *See Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.1996) ("To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.").

Yuga has refused to produce materials in response to this request, arguing that it is not proportionate to the needs of this case.  However, this request directly concerns the core issues in both Yuga's and Defendants' causes of action because it concerns the manner and timing in which the Asserted Marks and products at issue entered commerce, how they functioned in the market, and whether they were monitored for quality control by Yuga.

Defendants have already suffered prejudice due to Yuga's failure to produce these materials. Defendants have taken the deposition of Greg Solano, Kerem Atalay, and Yuga's 30(b)(6) witness.  However, Defendants were unfairly deprived of the opportunity to ask all relevant questions regarding the release of BAYC NFTs and Otherside, because Defendants were not given any of the relevant documents or communications that would have formed the basis for question regarding Yuga's release schedule and how Yuga planned for and organized the way in which these materials entered into commerce.  As discovery progresses, this prejudice continues to compound as there are further depositions scheduled in this case on March 1, March 6, and March 16, 2023.

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate productions that are responsive to Defendant's Request for Production No. 12.  Defendants seek all document and communications which would properly satisfy this request including emails, texts, Discord chats, Telegram chats, Instagram chats, Twitter chats, letters, and all other material that relate to the release of BAYC NFTs and Otherside.

### 2. Yuga Labs' Position

There is no factual dispute when BAYC NFTs entered the market — it is readily ascertained by reference to indisputable public records on the immutable blockchain, and much has been written about this very public release.  *See, e.g.*, https://etherscan.io/txs?a=0xbc4ca0eda7647a8ab7c2061c2e118a18a936f13d&f=5 (blockchain record showing creation of the first BAYC tokens on April 22, 2021); https://twitter.com/BoredApeYC/status/1385714969547878400 (announcement of "pre-sale" on April 23, 2021); https://www.rollingstone.com/culture/culture-news/bayc-bored-ape-yacht-club-nft-interview-1250461 (discussing launch and growth of BAYC NFTs, through November 2021).  Moreover, on January 17, 2023, the Court held that "the origin of the marks is not in dispute and thus not

relevant." ECF No. 87.

Regardless, there is also no dispute that Yuga Labs has produced, and identified for Defendants in interrogatory responses, documents sufficient to show the release date for BAYC NFTs in its document productions and written discovery responses — as promised — on January 21, 2023. *See* Thomas Decl. Exhibit 6 (response to Interrogatory No. 1). Further, Defendants have obtained testimony from Yuga Labs' co-founder and Co-President Greg Solano as to the release date of BAYC NFTs and testimony from Yuga Labs' 30(b)(6) witness as to the date the BAYC NFTs were minted. Thomas Decl. Exhibit 7 at 255, Exhibit 8 at 88–89.

Notwithstanding the absence of *any factual dispute*, Defendants seek "all documents and communications" internal to Yuga Labs that show this release date of BAYC NFTs. They have not been able to articulate any reason why they need internal company "emails, texts, Discord chats, Telegram chats, Instagram chats, Twitter chats, letters, and all other material" when there is no dispute that Yuga Labs uses the BAYC Marks and used them before Defendants did. The request for more information is not relevant or material, nor proportionate to the needs of the case; it is unduly cumulative and duplicative.

In this Joint Stipulation, Defendants also ask for release dates for Otherside. Defendants did not raise this issue in their December 31, 2022 letter or during the parties' meet and confer, so Yuga Labs is left guessing at the supposed relevance or need for such materials, or what specific materials Defendants seek. But, again, *when* Otherside was released to the public is a fact readily determinable by facts publicly available to Defendants. *See* https://etherscan.io/tx/0x2f3b642dbc7c44db1dd0e5d125e5eeb8007035d3cdacf1a28ec037f9f7c8c684 (showing first transaction of the Otherside smart contract). Yet again, notwithstanding that this fact is readily ascertained by immutable public data, on January 27, 2023, Yuga Labs produced documents sufficient to show the release

date of Otherside.  Thomas Decl. Exhibit 11.  It is demonstrably false that "Yuga
has refused to produce materials in response to this request."  Without even
acknowledging in their argument above that Yuga Labs supplemented its
production to address Defendants' concerns, Defendants chose to serve this Joint
Stipulation without meeting and conferring on that supplementation or explaining
what they believe they still need.

       Yuga Labs respectfully requests attorneys' fees in connection with
responding to Defendants' Joint Stipulation.  Defendants willfully served a moot
and frivolous request contrary to the Court's January 17, 2022 Order and in
violation of Local Rule 37-4, after the Court's admonition that the parties
cooperatively eliminate discovery disputes.  *See* ECF No. 77 at 2 ("The Court
reminds the parties of their mandatory duty under Rule 37-1 to confer in good faith
to reduce or eliminate issues in dispute.").  Defendants originally served this Joint
Stipulation on January 17, 2023, and on January 19, 2023, Yuga Labs asked
Defendants to withdraw this issue because it violated the Court's previous
instructions to resolve issues through the meet and confer process.  Thomas Decl.
Exhibit 12.  Defendants did so, but then re-served their Joint Stipulation without
withdrawing this request or even attempting to further discuss why Yuga Labs had
not cured this issue following the supplemental discovery served on Defendants.
Yuga Labs also transparently disclosed to Defendants that it would seek attorneys'
fees if Defendants did not withdraw the issue.  *Id.*  Defendants did not withdraw or
amend their Joint Stipulation to remove this issue from dispute.

      **F.**    **Request for Production Number 25 (Discovery Related to Yuga's
use of "Ape Market" and Other Related Terms and Marks)**

Request for Production No. 25:

      All Documents relating to Yuga's use of "Ape Market," "ApeMarket,"
"ApeMarketPlace" or any other similar term in connection with any domain
name, product, service or event.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not relevant to any claim or defense and not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks.

### 1.    Mr. Ripps and Mr. Cahen's Position

Document Request No. 25 seeks materials relating to Yuga's use of "Ape Market," "ApeMarket," "ApeMarketPlace" or any other similar term in connection with any domain name, product, service or event.  Yuga has failed to produce any documents relating to their use of "Ape Market" or similar terms.  Yuga's withholding of documents prejudices Defendants, and prevents Mr. Ripps and Mr. Cahen from adequately utilizing depositions and other discovery tools.

Defendants' Document Request No. 25 is relevant to Yuga's trademark

infringement claims.  Yuga has accused Defendants of infringing alleged trademarks including a "Bored Ape" mark and an "Ape" mark.  *See* Compl. (Dkt. 1) at 22-23.  Materials related to Yuga's use of "Ape Market," "ApeMarket," "ApeMarketPlace" or any other similar term is relevant to Yuga's commercial activity and its ownership of the asserted alleged marks (as Yuga does not have a registered trademark in either the "Bored Ape" mark of the "Ape" mark in any relevant class).[2]  *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996).

Yuga has failed to produce any documents relating to its use of "Ape Market," "ApeMarket," or "ApeMarketPlace" despite their clear relevance to Yuga's accusation that Defendants' artworks purportedly infringe Yuga's "Ape" mark.  Yuga's withholding of requested documents has a compounding prejudicial effect.  For instance, multiple depositions of Yuga employees/affiliated persons are scheduled in March, and Yuga withholding discovery is preventing Defendants from asking all relevant questions relating to documents discussing Yuga's use of "Ape Market," "ApeMarket," or "ApeMarketPlace."

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate productions that are responsive to Defendant's Request for Production No. 25.  Defendants seek all document types which would properly satisfy this request, including, but not limited to, product development materials; internal and external marketing materials; internal memoranda; instructional materials including employee training or onboarding resources; letters; emails; text messages; or other records and communications.

### 2. Yuga Labs' Position

Yuga Labs has explained, repeatedly, to Defendants that it does not allege Yuga Labs uses the terms "Ape Market," "ApeMarket," or "ApeMarketPlace."

---

[2] Example of Yuga asserting BORED APE and APE in this litigation shown on pages 122-123 of Exhibit 7.

Gosma Decl. Exhibits 12 ("Yuga has not produced any documents relating to Yuga's use of "Ape Market" and related terms/marks.  Please supplement your production or explain why nothing has been produced."), 13 ("It is not clear what you are seeking with this request, as Yuga Labs has not claimed it used 'Ape Market.'  If you disagree, we will consider whether any supplemental production is necessary on this basis.").  Yuga Labs has alleged ownership in the "APE" trademark, including through its family of APE-based marks, and has produced documents related to its use of the APE mark, and Defendants do not complain that Yuga Labs has failed to produce documents related to its use of the APE mark.

There is no discovery to compel on this topic.  Yuga Labs asked Defendants to explain what documents they were seeking; Defendants, again, repeatedly declined to explain what they are looking for and instead served this Joint Stipulation.  Then, after Yuga Labs asked Defendants to withdraw their Stipulation, they re-served this current version with this demand still intact, despite still never explaining what they want.

Yuga Labs respectfully requests attorneys' fees in connection with responding to Defendants' Joint Stipulation.  Defendants willfully served a moot and frivolous request contrary to the Court's January 17, 2022 Order and in violation of Local Rule 37-4, after the Court's admonition that the parties cooperatively eliminate discovery disputes.  *See* ECF No. 77 at 2 ("The Court reminds the parties of their mandatory duty under Rule 37-1 to confer in good faith to reduce or eliminate issues in dispute.").  Defendants originally served this Joint Stipulation on January 17, 2023, and on January 19, 2023, Yuga Labs asked Defendants to withdraw this issue because it violated the Court's previous instructions to resolve issues through the meet and confer process.  Thomas Decl. Exhibit 12.  Defendants did so, but then re-served their Joint Stipulation without withdrawing this request or even attempting to further discuss why Yuga Labs had

not cured this issue following the supplemental discovery served on Defendants. Yuga Labs also transparently disclosed to Defendants that it would seek attorneys' fees if Defendants did not withdraw the issue.  *Id.*  Defendants did not withdraw or amend their Joint Stipulation to remove this issue from dispute.

### G.    Request for Productions Number 30 and 31 (Discovery Related to Yuga's Marketing Activities Involving MoonPay and Celebrities)

Request for Production No. 30:

All Documents and Communications relating to Yuga's cooperation with third parties aimed at popularizing BAYC NFTs, including but not limited to entities such as MoonPay.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as vague and ambiguous, including as to the term "popularize."  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request's unfounded and argumentative assertion that sch documents, including concerning MoonPay, exist in possession, custody, or control, and Yuga Labs' objection are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to

the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks.

Request for Production No. 31:

All Documents and Communications relating to any agreements or efforts into agreements in which a BAYC NFT is given, exchanged, or sold to a celebrity, influencer, or any other public person, including but not limited to any non-disclosure agreements or arrangements with third parties/entities in furtherance of giving, exchanging, or selling a BAYC NFT to celebrity, influencer, or any other public person.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad and not relevant to any claim or defense. Yuga Labs objects to the terms "celebrity, influencer, or any other public person" and the phrase "efforts to enter into agreements" and the phrase "agreements" as vague and ambiguous. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it

seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody or control, Yuga Labs responds that it has no documents responsive to this request.

### 3.    Mr. Ripps and Mr. Cahen's Position

Document Requests No. 30 and 31 seek materials relating to Yuga's cooperation with third parties aimed at popularizing BAYC NFTs, including but not limited to celebrity endorsers and intermediate entities such as MoonPay.  These materials are relevant to Defendants' defenses to trademark infringement because they directly related to the "use in commerce" element of trademark infringement and Defendants' unclean hands defense.  *See* 15 U.S.C. § 1125(c)(1); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1010 (9th Cir. 2004).  Despite this, Yuga has failed to produce any documents relating to cooperation with third parties to popularize BAYC NFTs.

Defendants' Document Requests No. 30 and 31 are relevant to Yuga's trademark infringement claims in multiple ways.  Yuga has not registered any of the trademarks at issue in this litigation.  This means that public recognition through use in commerce is Yuga's sole basis for having enforceable rights (if any) in the Asserted Marks.  Thus, materials related to Yuga's cooperation with third parties to popularize BAYC NFTs are relevant to Yuga's commercial activity and their ownership of the asserted marks.  *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.1996).  In fact, Yuga ***specifically alleged exactly this in its complaint***.  *See* Complaint (Dkt. 1) ¶ 21 ("Adding to the BAYC brand's

popularity, major celebrities have publicly announced holding a Bored Ape NFT,
including TV host Jimmy Fallon; famous musicians such as Justin Bieber,
Madonna, Snoop Dogg, and Eminem; and famous athletes, including Stephen
Curry, Serena Williams, and Shaquille O'Neal.").  Yuga's cooperation with third
parties to popularize BAYC NFTs was also a marketing strategy relevant to
whether the Asserted Marks in the BAYC NFT collection are distinguished from
the RR/BAYC project under the applicable likelihood of confusion test.  *See
Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th
Cir.1999) ("[For a] trademark infringement claim under section 32 of the Lanham
Act or an unfair competition claim under section 43(a) of the Lanham Act,
Brookfield must establish that West Coast is using a mark confusingly similar to a
valid, protectable trademark.").

　　　　　Additionally, these document requests are also relevant to Defendants'
unclean hands defense to trademark infringement.  The Ninth Circuit has held that
"[t]he doctrine of unclean hands bars relief to a plaintiff who has violated
conscience, good faith or other equitable principles in his prior conduct as well as to
a plaintiff who has ***dirtied his hands in acquiring the right presently asserted***."
*Seller Agency Council, Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.*, 621 F.3d
981, 986 (9th Cir. 2010) (emphasis added).  Here, Yuga allegedly acquired the
rights it asserts in this litigation through public recognition of its trademarks.  But
Yuga has "dirtied his hands" in attaining that public recognition by (1) misleading
the public as to the securities nature of its products and (2) misleading the public by
failing to disclose that celebrities were paid endorsers for BAYC NFT.  Yuga has
engaged in misconduct by duping celebrities (apparently in connection with
transfers through the MoonPay system) into promoting unregistered securities by
disguising those securities as digital art.  Yuga also failed to inform celebrities of
their duty to disclose their status as paid endorses by conceal the true nature of the

BAYC NFTs they were tricked into promoting.  This type of misconduct shows that Yuga attained public recognition of its trademarks, through use of celebrity endorsements in commerce, in a dishonest and unlawful manner, triggering the unclean hands defense.  Defendants seek discovery into this issue to support their unclean hands defense in this litigation.

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate productions that are responsive to Defendant's Requests for Production Nos. 30 and 31.  Defendants seek all document types which would properly satisfy this request, including, but not limited to, contracts; agreements; product development materials; marketing materials; letters; emails; text messages; and all other communications involving Guy Oseary, MoonPay, celebrities or any agents/representatives of celebrities.

### 4.    Yuga Labs' Position

Defendants' request should be denied, because both of their justifications — "the securities nature of its products" and "failing to disclose that celebrities were paid endorsers for BAYC NFT" — are not relevant or proportionate to Yuga Labs' trademark claims or any legitimate unclean hands defense.  Defendants have also acknowledged that these requests are premised on an unrelated securities class action, *Real v. Yuga Labs*, No. 2:22-cv-08909-FMO-PLA, (C.D. Cal.) (the "*Real Action*"), in which discovery is subject to a mandatory stay.

(a)    <u>The Stay of Discovery in the *Real Action* Prohibits This Discovery, and Given Defendants' Statements, the Court Should Enter a Protective Order on These Topics</u>

The discovery sought from Yuga Labs in RFP Nos. 30 and 31 is subject to a mandatory stay of discovery under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B) ("PSLRA") and as ordered by Judge Olguin in the *Real Action*.  Thomas Decl. Exhibit 13 (*Real Action*, ECF No. 40, para 4 (C.D. Cal. Jan. 17, 2023)).  The *Real Action* was filed on December 8, 2022 and is in its

preliminary stages.  The PSLRA stay protects defendants (such as Yuga Labs) named in putative securities class actions such as the *Real Action* from the burdens of discovery until and unless a lead plaintiff can meet the high pleading standards applicable to such actions and the court "has sustained the legal sufficiency of the complaint."  *SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 911 (9th Cir. 1999).  Courts routinely limit discovery in non-securities cases to address "the risk that the purposes of the PSLRA stay . . . will be undermined if discovery even tangentially related to the securities fraud issues is allowed to continue" in a second case.  *Barney v. Zimmer Biomet Holdings, Inc.*, 2018 WL 11407332, at *3 (N.D. Ind. Aug. 21, 2018); *see also Leal v. Paramount Rest. Grp., Inc.*, 2013 WL 500447 (D. Colo. Feb. 11, 2013); *In re AOL Time Warner Inc. Sec. & ERISA Litig.*, 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003).

Allowing members of the putative class to seek and receive discovery directly related to the claims in a securities complaint undermines the fundamental purposes of the PSLRA stay.  *Moomjy v. HQ Sustainable Maritime Indus., Inc.*, 2011 WL 4048792, at *2 (W.D. Wash. Sept. 12, 2011).  This is true of Mr. Ripps, who, as an admitted holder of ApeCoin, is plainly within the definition of the putative class in the *Real Action*.  Thomas Decl. Exhibit 9 at 64–65.

The discovery sought by RFP Nos. 30 and 31 directly implicates the PSLRA stay and is an admitted and open effort by the Defendants to circumvent it.  Indeed, Defendants' stated rationale for seeking this information makes the connection explicit:  "Given the class action lawsuit against Yuga, it is clear that there should be significant responsive materials related to these marketing activities."  Gosma Decl. Exhibit 12.  Ripps himself is attempting to rally support for the class action as he seeks this discovery in this trademark case.  Thomas Decl. Exhibit 17.  And, as Defendants further admit above, they "seek materials relating to . . . celebrity endorsers and . . . MoonPay" in an effort to show that Yuga "misl[ed] the public as

to the securities nature of its products."  This is the precise conduct alleged in the
putative securities class action and that is subject to the discovery stay.  Thomas
Decl. Exhibit 14 (*Real Action* Amended Complaint) at ¶¶ 1–9.  Under these
circumstances, Judge Olguin's "jurisdiction to rule upon the motion to dismiss
Plaintiffs' federal securities claims . . . before any discovery has been conducted,
will have been circumvented by discovery in the [trademark] action, and therefore,
compromised."  *Buettgen v. Harless*, 2010 WL 2573463, at *2 (N.D. Tex. June 25,
2010).

   For these reasons alone, Defendants' requests for discovery into these topics
should be denied.

   Further, because Defendants state above that they intend to "utiliz[e]
depositions and other discovery tools" to pursue these topics, Yuga Labs
respectfully requests a protective order under Fed. R. Civ. P. 26(c) excusing it from
responding to RFP Nos. 30 and 31, and other discovery into these topics, until and
unless Judge Olguin lifts the PSLRA stay in the pending securities class action.

   (b)   Regardless of the PSLRA Stay, The Discovery Requested by
         Defendants Is Not Relevant or Proportionate to Yuga Labs' Claims

   Yuga Labs undisputedly uses its marks in commerce, and it has produced
substantial materials showing the same.  Defendants' position that specific alleged
promotion activities are "directly related to the 'use in commerce' element of
trademark infringement" is incorrect; were this the actual goal, this information
would be unnecessarily cumulative of discovery already provided on that topic and
therefore disproportionate to any legitimate need.  Especially where Defendants
demand "[a]ll Documents and Communications" relating to these broad issues, their
requests certainly are not proportionate to any legitimate need of the case.

   The authorities Defendants cite do not support their position either.  First,
Defendants cite *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th

Cir.1996) for the proposition that "materials related to [] cooperation with third parties to popularize [] NFTs are relevant to [] commercial activity and [] ownership of the asserted marks." *Sengoku* says nothing of the sort. That was a case in which a manufacturer and a marketer of a portable heater product "each claim[ed] ownership of the [] trademark" used in connection with the heater. *Id.* The court noted that in trademark law, "the standard test of ownership is priority of use." *Id.* Here, there is **no question whatsoever** that Yuga Labs used the BAYC Marks prior to any use by Defendants. As Defendants admit, they used the BAYC Marks **specifically to refer to** Yuga Labs and its NFTs sold under its BAYC Marks; Yuga Labs' use of the BAYC Marks necessarily has priority. *See generally* Thomas Decl. Exhibit 5 (Defendants' Answer and Counterclaims) (admitting throughout that the RR/BAYC NFTs were made to explicitly refer to, and allegedly criticize, Yuga Labs, BAYC, and the BAYC NFTs); *see also, e.g.*, Thomas Decl. Exhibit 3 (December 28, 2022 Joint Stipulation (Dkt. 69-1)) at 43 (collecting admissions). There is no further factfinding that needs to be done on this topic, and certainly none that warrants invasive and undefined probing into Yuga Labs' internal marketing communications. Second, Defendants cite *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir.1999) for the "likelihood of confusion" factor of the Ninth Circuit's trademark infringement test. But they provide no support, or even any attempt to argue, that Yuga Labs' alleged "cooperation with third parties to popularize BAYC NFTs" can somehow establish likelihood of confusion, and Yuga Labs has not articulated such a theory in this case. Defendants are reaching. They also have not met their burden to show the relevance, or proportionality, of broad discovery into these collateral issues.

In any event, Defendants already have ample evidence on this subject. Evidence of Yuga Labs' marketing and selling of its NFTs is publicly available and has been the subject of substantial document discovery provided by Yuga Labs —

1   which Defendants do not dispute. ████████████████████████████

2   ████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████

4   ████████████████████████

5       (c)     Defendants Should Not Be Permitted Yet Another Attempt at

6               Discovery into Inflammatory Material on Their Withdrawn

7               Counterclaim

8       What this topic is really about is another transparent attempt to seek

9   discovery on Defendants' counterclaims and Inflammatory Material allegations.

10  *See* Answer and Counterclaims (Thomas Decl. Exhibit 5) at ¶¶ 2 (counterclaim

11  allegation concerning "celebrity endorsements"), 44 (counterclaim allegation

12  concerning "activities including the use of unwitting celebrities and popular

13  brands"), 58 (counterclaim allegations concerning Guy Oseary), 46 (counterclaim

14  allegation concerning "celebrities whom Yuga had promoting its offensive

15  material"). The Court already held that Defendants were not entitled to sweeping

16  discovery on their requests concerning "Inflammatory Material," because those

17  requests are moot in light of Judge Walter's December 16, 2022 Order holding,

18  *inter alia*, that Yuga Labs' claims "do not arise out of Defendants' attempts to

19  publicize and criticize Plaintiff's purported use of" Inflammatory Material, but

20  instead "Plaintiff's claims are limited to and arise out of Defendant's unauthorized

21  use of the BAYC Marks for commercial purposes." Thomas Decl. Exhibit 1 at 11.

22  The Court also rejected Defendants' attempt to obtain the same sweeping discovery

23  "by the backdoor of a counterclaim." Thomas Dec. Exhibit 2 at 2. Because

24  Defendants' retaliatory counterclaims are subject to an anti-SLAPP motion to strike

25  and a motion to dismiss (including for lack of subject-matter jurisdiction), the Court

26  properly declined to compel Yuga Labs to produce discovery as to Defendants'

27  counterclaims until Judge Walter rules on Yuga Labs' pending motion. *Id.*

28

Additionally in response to the anti-SLAPP motion, Defendants have now withdrawn their "no defamation" claim — an admission that they knew they had no basis for the claim or to seek discovery they sought (and moved to compel) on this claim. Defendants' admission further narrows any relevance these requests ever could have had to the counterclaims. *See* Dkt. 96 at 21.

Nonetheless, Defendants seek a third bite at the apple for "Inflammatory Material" and a gambit to have the Court compel discovery on claims over which it has not even determined subject-matter jurisdiction. Indeed, though Defendants now claim that these discovery requests have nothing to do with their counterclaims, that position is a pivot from the stance explicitly taken in the letter initiating this dispute. *See* Gosma Decl. Exhibit 7 at 2 ("Given Mr. Ripps and Mr. Cahen's counterclaims, including their claims for intentional infliction of emotional distress and declaration of no defamation, Yuga's responses to accusations relating to Inflammatory Material are well within the scope of discovery.").

Defendants' persistent attempts at further discovery on topics beyond the trademarks central to this case should be denied as objectionable. Indeed, another case in the Central District of California resulted in a mistrial because of the defendants' repeated attempts in that case to make accusations of racism and cultural appropriation to distract from the merits of a trademark case. Thomas Decl. Exhibits 15, 16. This is Defendants' latest in a string of tactics to turn this trademark litigation into a tool for leveraging inappropriate and harassing discovery without regard for the Court's Orders.

    (d)    <u>The Discovery Requested by Defendants Is Not Relevant or Proportionate to Defendants' Latest Theory — Their Unclean Hands Defense</u>

Defendants have not brought a cancellation counterclaim or an affirmative defense of invalidity. They therefore do not challenge the validity of Yuga Labs'

BAYC Marks.  Nonetheless, Defendants argue that by alleging generalized misconduct by Yuga Labs (not related to Defendants in any way), Yuga Labs is barred from asserting its trademark rights against them (and by the same reasoning, anyone else).  This is not how the defense of unclean hands operates.

"The unclean hands maxim is not a search warrant authorizing the defendant to probe into all the possible types of inequitable conduct ever engaged in by the plaintiff."  6 J. McCarthy, McCarthy on Trademarks and Unfair Competition § 31:48 (5th ed. 2022).  A defendant asserting unclean hands most prove "the plaintiff's conduct directly relates to the claim which it has asserted against the defendant."  *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009), *aff'd*, 404 F. App'x 496 (Fed. Cir. 2010); *see also Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010) ("the 'misconduct that forms the basis for the unclean hands defense [must be] directly related to plaintiff's use or acquisition of the right in suit.'").  For Defendants' requests to be relevant, they must show that the discovery they seek into these collateral issues of securities laws and disclosures (which have nothing to do with Defendants' infringement of the BAYC Marks) could form the basis for a viable affirmative defense.  The defense cannot be supported by "insufficiently related conduct when the central issue is the trademark registration."  *McDonald's Corp. v. Hardee's Food Sys., Inc.*, No. 76 C 622, 1976 WL 20990, at *3 (N.D. Ill. Sept. 23, 1976) (striking unclean hands defense); *see also, e.g.*, *Kaiser Trading Co. v. Associated Metals and Minerals Corp.*, 321 F.Supp. 923, 936 (N.D. Cal. 1970) ("The misconduct which brings the clean hands doctrine into operation must relate directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants."); *Certified Nutraceuticals Inc. v. Clorox Co.*, No. 18-CV-0744 W (KSC), 2021 WL 4460806, at *3 (S.D. Cal. Sept. 29, 2021) ("For unclean

hands, it is fundamental to the operation of the doctrine that the alleged misconduct by the plaintiff relate directly to the transaction concerning which the complaint is made.'" (cleaned up)).

Defendants have not made this showing.  "What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts."  *Project Strategies Corp. v. National Comm. Corp.*, 948 F. Supp. 218, 227 (E.D.N.Y. 1996) (quoting *Republic Molding Corp. v. B.W. Photo Util.*, 319 F.2d 347, 349-50 (9th Cir. 1963)).  Defendants rely solely on *Seller Agency Council, Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) to support their unclean hands argument.  The Court there observed that the District Court applied the unclean hands doctrine where the plaintiff breached the stock purchase agreement with the defendant, and in so doing, the plaintiff diverted revenue from Defendants' program.  *Id.* at 984, 987.  Thus, the plaintiff's actions with respect to its agreement with the defendant prohibited the plaintiff from "enforce[ing] the agreement requiring [the defendants] to transfer the intellectual property."  *Id.* at 985.  Unlike this traditional application of the unclean hands doctrine, whereby for example a party wrongs the counterparty through the same legal relationship it asks the court to enforce, Defendants advocate for a novel, sweeping rule that any alleged wrongdoing (toward the general public) forever bars Yuga Labs from access to the courts to enforce their rights.  This position is unsupported and is incorrect.  As the Court held, "[u]nclean hands does not constitute misconduct in the abstract, unrelated to the claim to which it is asserted as a defense."  *Id.* at 986–87 (internal quotation marks omitted).

Specifically, neither Defendants' celebrity endorsement theory nor their securities fraud theory warrants burdensome and sweeping discovery into new, collateral topics.  Neither Defendant alleges they ever purchased or held a BAYC NFT.  These allegations have nothing to do with the trademark dispute between the

parties, and Defendants admit there is no nexus whatsoever between their securities/disclosure allegations and *their* trademark infringement causing confusion to consumers or any harm to *them*.  Defendants certainly cannot allege that it is somehow inequitable to hold them accountable for trademark infringement because of their theories about undisclosed celebrity endorsements or whether BAYC NFTs are actually investment contracts.  Rather, these are the kind of generalized claims of wrongdoing that any defendant could lodge against any plaintiff, derailing litigation and opening the floodgates to burdensome discovery on countless topics.  Defendants have no authority for this novel expansion of the unclean hands defense or its use as a nuclear option in discovery.  *See S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 932-33 (9th Cir. 2014) (finding, in a case where the defendant alleged plaintiff failed to register as a corporation, ***where "the misconduct alleged [by the plaintiff] does not bear any 'immediate and necessary relation'*** to the manner in which [the plaintiff] acquired its rights or to the equities of this case, ***the unclean hands doctrine is inapplicable***" (emphases added)); *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 849 (W.D. Tex. 2001) ("The unclean hands doctrine should not bar Lanham Act claims when the doctrine is premised on allegations of non-compliance with the FDCA because such a use of the doctrine would essentially permit a private enforcement action — a power reserved for the FDA.").

Finally, even if an alleged securities fraud theory or celebrity endorsement theory could ever establish unclean hands in a trademark case, the discovery Defendants seek in this case, at this stage, is irrelevant, disproportionate, cumulative, and merely harassing. ███████████████████████████████████
████████████████████████████████████████████████████████████
██████ Any more discovery on the issue is purely a fishing expedition and disproportionate to the needs of the case on this collateral issue.  Furthermore, as to

the very complicated securities fraud theory, on which Defendants would bear the burden of proof, Defendants have not served any expert report (let alone one on this issue).  Defendants have not explained how they intend to present such an expansive collateral issue at trial.  Thus, having failed to even put forth expert reports on either of these complex issues and in light of the sworn testimony, it is doubtful Defendants are serious about pursuing either of these theories at trial either and are just using them as a proxy to try to harass through discovery.  These arguments are not brought in good faith and should be squarely rejected.

> \* \* \*

Defendants' demands for discovery on these topics should be rejected as contrary to the PLSRA and the authority of the court in the *Real Action*, irrelevant to any claim or defense, and not proportionate to the needs of the case.

To the extent the Court finds that Defendants have contravened its prior order regarding discovery into counterclaims and Inflammatory material, Yuga Labs respectfully requests attorneys' fees in connection with responding to Defendants' Joint Stipulation.  Defendants have shown a pattern of seeking discovery into topics they believe will harm or embarrass Yuga Labs but have no intention of actually pursuing at trial.  For instance, Defendants brought a counterclaim for a declarative judgment of "no defamation," and on the basis of that claim they sought to compel discovery into baseless accusations that Yuga Labs and its founders supported racist, Nazi, alt-right, or other "Inflammatory" ideology.  *See* Thomas Decl. Exhibit 4.  Then, when that argument failed, they refused to defend the validity of their claim to the District Court.  *See* Dkt. 96 (withdrawing claim).  They have now concocted a new theory to get at the same discovery they were previously denied.  Having presented no expert opinion or other showing of the complex securities and disclosure issues they raise, Defendants have shown no indication that they are any more serious about actually pursuing this theory than they were their abandoned

counterclaim.  Worse still, now Defendants seek to stay all proceedings at the same time they are asking for an eleventh-hour dramatic expansion in the case and discovery.  Thomas Decl. Exhibit 18.  Their efforts to abuse discovery in this litigation as a vehicle to harass, now under the guise of an unclean hands defense that clearly does not enable the discovery they seek, needs to end.

### H.    Request for Production Number 41 (Discovery Relating To Yuga's Awareness of Defendants' Artwork)

Request for Production No. 41:

All Documents relating to Yuga's first awareness of the existence of RR/BAYC, or any other products/activities Yuga accuses of infringing the Asserted Marks in this Litigation.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, overbroad as to the timing of Yuga Labs' "awareness" of Defendants' infringement of the Asserted Marks. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll documents," where a subset of document would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, and subject to

the Protective Order in this Action (ECF No. 51), Yuga Labs will produce

non-privileged, relevant, responsive documents within its possession,

custody, or control, if any, located after a reasonable search proportional to

the needs of the case sufficient to support the allegations in the Complaint

regarding Defendants' infringement of the Asserted Marks.

### 5.   Mr. Ripps and Mr. Cahen's Position

Document Request No. 41 seeks materials relating to Yuga's first awareness

of the existence of RR/BAYC, or any other products or activities Yuga accuses of

infringing the Asserted Marks in this litigation.  This request directly relates to

Yuga's trademark claims.  On January 17, 2023, Yuga promised that it would

produce materials in response to this request.  But Yuga's supplemental production

contained no responsive materials.  Yuga has failed to produce any of its non-public

documents addressing any internal discussions of the RR/BAYC project, or of any

other products or activities Yuga accuses of infringing the Asserted Marks.  Yuga's

withholding of documents prejudices Defendants.

Defendants' Document Request No. 41 is relevant to this matter in several

ways.  First, Yuga's initial awareness of the RR/BAYC project is relevant to

Defendants' laches and acquiescence defenses.  Both defenses require establishing

that the delay between the plaintiff becoming aware of alleged trademark

infringement and filing suit prejudiced the defendant.  *See Jarrow Formulas, Inc. v.*

*Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002) ("As the party asserting

laches, Nutrition Now must show that (1) Jarrow's delay in filing suit was

unreasonable, and (2) Nutrition Now would suffer prejudice caused by the delay if

the suit were to continue."); *Seller Agency Council, Inc. v. Kennedy Ctr. For Real*

*Est. Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010) ("The elements of a prima facie

case for acquiescence are as follows: (1) the senior user actively represented that it

would not assert a right or a claim; (2) the delay between the active representation

and assertion of the right or claim was not excusable; and (3) the delay caused the
defendant undue prejudice.")

Yuga's assertion that this request is not proportionate is baseless. Yuga has
only produced roughly **200 non-public documents** total.  Moreover, Yuga will not
even confirm that it has followed the routine practice of searching its electronic
records at all in response to Defendants' discovery requests.  See Gosma Decl. Ex.
7 at 1.  Yuga's failure to comply with discovery and produce documents is causing
prejudice to the Defendants by depriving them of a fair opportunity to take
deposition in this case.

Defendants respectfully ask this Court to compel Yuga to comply with Rule
34 and make immediate productions that are responsive to Defendant's Request for
Production No. 41.  Defendants seek all document types which would properly
satisfy this request, including, but not limited to, internal memoranda; investigation
materials; emails, text messages, Discord chats, Twitter chats, Telegram chats,
Instagram chats, and all other records and communication regarding first awareness
of the Defendants' artwork.

### 6.    Yuga Labs' Position

Defendants claim that "Yuga's supplemental production contained no
responsive materials."  This is false.  Yuga Labs produced documents, and
supplemental written responses, providing the information Defendants seek in this
request.  *See* Thomas Decl. Exhibit 6.  Had Defendants met and conferred or asked
about this topic, as required, Yuga Labs would have directed Defendants to these
materials.

Yuga Labs' objections should be sustained to the extent Defendants still
believe they need more.  Defendants' only justification for seeking these materials
is relevance to their rejected *Rogers* defense.  The Court, taking Defendants'
positions and supporting evidence into consideration, has already held that "the

*Rogers* test does not apply." Order (ECF No. 62) at 6.[3]  Defendants' request for discovery into their *Rogers* defense "is now moot in view of the District Court's December 16, 2022 ruling."  Thomas Decl. Exhibit at 2.  Even so, *Yuga Labs'* "knowledge regarding Defendants' [alleged] fair use of the Asserted Marks for artistic expression" is not relevant to any claim or defense; no element of the *Rogers* test requires the plaintiff to know that Defendants purportedly had an artistic motive behind their infringement.  Yuga Labs explained the irrelevance of this request in the parties' meet and confer, but Defendants served the Joint Stipulation anyway and notwithstanding this Court's January 17 Order.  When the parties met and conferred on this issue on January 23, 2023, Defendants' counsel took the position that the *Rogers* test in fact *does* apply to this case and is a legitimate basis for discovery, but they did not intend to seek reconsideration of Judge Walter's December 16, 2022 Order that "the *Rogers* test does not apply in this case."  Order (ECF No. 62) at 5 n.2.

If there was any doubt that the *Rogers* test does not apply in this case, that doubt was put to rest in *Hermes International et al. v. Rothschild*, No. 1:22-cv-00384-JSR (S.D.N.Y.).  There, under nearly identical facts but with an artist who actually created some art (rather than just peddling knockoff digital goods), the jury *still* determined that *Rogers* was not a defense to trademark infringement.  Thomas Dec. Exhibits 19 (amended complaint), 20 (jury verdict).  The court there also concluded that, in a trademark infringement case relating to NFTs, such as this case, "[g]iven the centrality of consumer confusion to trademark law generally, it is best to view this issue from the perspective of the prospective consumer.  Individuals do not purchase NFTs to own a 'digital deed' divorced from any other

---

[3] Judge Walter reached this conclusion upon "considering the moving, opposing, and reply papers, and the arguments therein" Thomas Decl. Exhibit 1 at 6), which include Ripps' fact declaration (Dkt. 48-1) and the dozens of exhibits submitted in support of Defendants' *Rogers* argument.  Defendants have appealed the anti-SLAPP aspect of this Order but have not sought reconsideration or any other relief that prevents the Order from having full effect as to any purported *Rogers* defense.

asset: they buy them precisely so that they can exclusively own the content associated with the NFT." Thomas Decl. Exhibit 21 (order denying motions for summary judgment) at 14. Here, there is no dispute that Defendants point their counterfeit NFTs to the exact same images to which authentic BAYC NFTs point, use the same name ID for their tokens (e.g. RR/BAYC purchasers select an "Ape Id" when purchasing and that "Ape Id" is the BAYC NFT Ape Id), and use identical or nearly identical marks to sell their counterfeit NFTs. Judge Walter has already held, and the *Hermes* outcome supports that holding, that *Rogers* does not apply in this case.

Yuga Labs respectfully requests attorneys' fees in connection with responding to Defendants' Joint Stipulation. Defendants willfully served a moot and frivolous request contrary to the Court's January 17, 2022 Order and in violation of Local Rule 37-4, after the Court's admonition that the parties cooperatively eliminate discovery disputes. *See* ECF No. 77 at 2 ("The Court reminds the parties of their mandatory duty under Rule 37-1 to confer in good faith to reduce or eliminate issues in dispute."). Defendants originally served this Joint Stipulation on January 17, 2023, and on January 19, 2023, Yuga Labs asked Defendants to withdraw this issue because it violated the Court's previous instructions to resolve issues through the meet and confer process. Thomas Decl. Exhibit 12. Defendants did so, but then re-served their Joint Stipulation without withdrawing this request or even attempting to further discuss why Yuga Labs had not cured this issue following the supplemental discovery served on Defendants. Defendants have done so by repeatedly taking the position that Judge Walter's Order and this Court's January 17 Order do not mean what they say. Yuga Labs also transparently disclosed to Defendants that it would seek attorneys' fees if Defendants did not withdraw the issue. *Id.* Defendants did not withdraw or amend their Joint Stipulation to remove this issue from dispute.

### I.      Request for Production Number 50 (Discovery Related to Yuga's Promotion and Sale of BAYC NFTs)

<u>Request for Production No. 50:</u>

All Documents and Communications that detail Yuga's promotion, advertising, or sale of BAYC NFTs.

<u>Response:</u>

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague and ambiguous as to the term "detail."  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll documents," where a subset of document would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' marketing under the Asserted Marks.

### 7.     Mr. Ripps and Mr. Cahen's Position

Document Request No. 50 seeks materials that detail Yuga's promotion, advertising, or sale of BAYC NFTs.  These materials are relevant to the trademark claims at issue in this case because concern use of the Asserted Marks in commerce.  *See* 15 U.S.C. § 1125(c)(1); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1010 (9th Cir. 2004).  While Yuga has produced public materials regarding the promotion and sale of BAYC NFTs, Yuga has failed to produce any non-public documents called for by this request.  Yuga's withholding of these materials is inexcusable and is causing prejudice.

Defendants' Document Request No. 50 is relevant to Yuga's trademark infringement claims in multiple ways.  Yuga's promotion, advertising, and sale of BAYC NFTs is relevant to Yuga's commercial activity and its ownership of the asserted marks.  *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.1996).  Non-public documents regarding these activities are necessary to provide context to any use of the Asserted Marks in commerce.

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate productions that are responsive to Defendant's Request for Production No. 50.  Defendants seek all document types which would properly satisfy this request, including, but not limited to, product development materials; non-public marketing materials; receipts; contracts; letters; emails; text messages; or other non-public records and communications.

### 8.     Yuga Labs' Position

This request concerns Yuga Labs' "promotion, advertising, or sale of BAYC NFTs."  Yuga Labs has produced abundant materials on this topic, which Defendants do not dispute.  Instead, Defendants demand internal marketing plans in addition to Yuga Labs' actual marketing and use of the BAYC Marks.  They have provided no justification for this.  Indeed, it is what ***customers*** see — which is

publicly available material in this matter — that is relevant to any trademark claim.

The authority cited by Defendants states that "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd*., 96 F.3d 1217, 1219 (9th Cir.), as modified, 97 F.3d 1460 (9th Cir. 1996).  There is no dispute that Yuga Labs used the BAYC marks in connection with the sale of goods and/or services, and that it used those marks prior to Defendants.  The Court has also held that "the origin of the marks is not in dispute and thus not relevant."  ECF No. 87.  Defendants have also explicitly and repeatedly conceded that they used the BAYC Marks.  Defendants have offered no evidence (nor suggested why Yuga Labs would possess any evidence) to even suggest any other party first used those marks in commerce.

Defendants' request for additional discovery on this topic is irrelevant to any claim or defense, not proportionate to the needs of the case, and overbroad.  Yuga Labs' objections should be sustained.

### J.      Request for Production Number 57 (Discovery Related to Appdetex Materials)

Request for Production No. 57:

All Documents and Communications involving Focus IP, Inc. dba Appdetex regarding the Defendants, the RR/BAYC collection, Defendants' alleged use of the Asserted Marks, and Defendants' artwork corresponding to the BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague, ambiguous, and calling for a legal conclusion as to the phrase "Defendants' artwork corresponding to the BAYC NFTs."  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll

documents," where a subset of document would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

### 9.   Mr. Ripps and Mr. Cahen's Position

Document Request No. 57 seeks materials involving Focus IP, Inc. dba Appdetex regarding the Defendants, the RR/BAYC collection, Defendants' alleged use of the Asserted Marks, and Defendants' artwork corresponding to the BAYC NFTs.  Thus far, Yuga has produced only a few dozen documents relating to Appdetex, not the actual communication involving Appdetex's enforcement efforts relating to BAYC and RR/BAYC NFTs.

Yuga does not dispute the relevance of this Document Request, as Yuga has already produced a few dozen responsive documents, but that cannot possibly be the extent of the responsive materials in the company's possession.  For example,

Yuga has produced no internal emails or other electronic communications concerning Appdetex, nor has it confirmed that it has even conduced a search for them.

Defendants respectfully ask this Court to compel Yuga to comply with Rule 34 and make immediate complete productions that are responsive to Defendant's Request for Production No. 57.  Defendants seek all document types which would properly satisfy this request, including, but not limited to, internal memoranda; investigation materials; contracts; letters; emails; text messages; or other records and communications.

### 10.    Yuga Labs' Position

Yuga Labs has produced hundreds of documents related to its enforcement of its rights in the BAYC Marks, including representative takedown correspondences (via AppDetex) concerning other parties' infringing content and all takedowns related to Defendants' infringing RR/BAYC NFTs.  Yuga Labs has also produced a Letter of Authorization enabling AppDetex to request such takedowns on its behalf, an agreement between Yuga Labs and AppDetex, and an invoice showing the cost of engaging AppDetex.  Thomas Decl. ¶ 12.  Defendants now ask for private correspondence between Yuga Labs and AppDetex.  Without explaining how Yuga Labs' existing production is supposedly deficient or why Yuga Labs' internal conversations with AppDetex could be relevant to Yuga Labs' trademark claims, Defendants say only that this request relates to Yuga Labs' alleged "wrongful use of the DMCA process to take down materials based on trademark infringement (as opposed to copyright infringement)."  A request for "all" communications with AppDetex is not proportionate to the needs of the case concerning Defendants' counterfeit NFTs.

Moreover, the Court ruled on January 17, 2023 — before Defendants served this Joint Stipulation — that Defendants are not entitled to discovery into their counterclaims "until the District Court rules on the viability of those

counterclaims." Yuga Labs' alleged misuse of the DMCA takedown process is one such counterclaim (despite Defendants' attempts to circumvent the Court's order by the backdoor of an "unclean hands" defense to Yuga Labs' trademark claims). Notwithstanding all of the above, Defendants served their Joint Stipulation anyway.

### K.   Request for Admissions Numbers 1-36; 47-52; 55-58; 63-72; 80-84; 177-179 (Objections Primarily Premised on Definition of "You" or "Yuga")

Requests for Admission No. 1:

Admit that You were aware prior to commencing this Litigation that Mr. Ripps published or posted material explaining that RR/BAYC NFTs are satirical.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga Labs objects to this request as vague and ambiguous to the extent it refers generally to "material" without identifying any specific statements or

publications.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 2:

Admit that You were aware prior to commencing this Litigation that Mr. Ripps published or posted material explaining that RR/BAYC NFTs express commentary with regards to the Bored Ape Yacht Club.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002)))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact.

Yuga objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague and ambiguous to the extent it refers generally to "material" without identifying any specific statements or publications.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 3:

Admit that You were aware prior to commencing this Litigation that Mr. Ripps publicly stated that RR/BAYC NFTs are satirical.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad,

including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague and ambiguous to the extent it refers generally to "material" without identifying any specific statements or publications. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 4:

Admit that You were aware prior to commencing this Litigation that Mr. Ripps publicly stated that RR/BAYC NFTs express commentary with regards to the Bored Ape Yacht Club.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague and ambiguous to the extent it refers generally to what Mr. Ripps generally "stated" without identifying any specific statements.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.5:

Admit that You were aware prior to commencing this Litigation that newspapers had published articles commenting on the satirical nature of RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*,

1   474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

2   'harass the other side' or in the hope that the party's adversary will simply

3   concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

4   F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

5   sanctions for the Defendants' continued abuse of this litigation.

6           Yuga Labs objects to this request as irrelevant and overbroad,

7   including because it is not relevant to any claim or defense whether Yuga

8   Labs was "aware prior to commencing this Litigation" of this asserted fact.

9   Yuga objects to this request as calling for a legal conclusion.  Yuga Labs

10  objects to this request as vague and ambiguous to the extent it refers

11  generally to what Mr. Ripps generally "stated" without identifying any

12  specific statements.  Yuga Labs objects to this request as vague, ambiguous,

13  overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit

14  the asserted fact on behalf of all of the persons included in Defendants'

15  definition of "You," which includes people (and thus information) not within

16  Yuga Labs' control and dozens or potentially hundreds of individuals,

17  including for example, every person that worked at ApeFest.

18          Subject to and without waiving the foregoing objections, Yuga Labs

19  denies the objectionable and misleading request as phrased.

20  Request for Admission No. 6:

21          Admit that You were aware prior to commencing this Litigation that

22  newspapers had published articles commenting on the satirical nature of

23  RR/BAYC NFTs.

24  Response:

25          Yuga Labs incorporates by reference each of the General Objections

26  set forth above as if fully set forth herein.  Yuga Labs objects that the

27  requests in Defendant's First Set of Requests for Admission are made in bad

28

faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague and ambiguous to the extent it refers all "newspapers" and "articles," and as to the phrase "expressing commentary." Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 7:

Admit that You were aware prior to commencing this Litigation that newspapers had published articles commenting on the satirical nature of RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague and ambiguous to the extent it refers all "users" and "comment[s]" on Twitter.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 8:

Admit that You were aware prior to commencing this Litigation that

users on Twitter made posts or comments about RR/BAYC NFTs expressing commentary with regards to the Bored Ape Yacht Club.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague and ambiguous to the extent it refers generally to all "users" and "comment[s]" on Twitter.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs

denies the objectionable and misleading request as phrased.

Request for Admission No.9:

Admit that You were aware prior to commencing this Litigation that users on Instagram commented on the satirical nature of RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact. Yuga objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague and ambiguous to the extent it refers generally to all "users" and "comment[s]" on Instagram.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that

worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

Request for Admission No.10:

Admit that You were aware prior to commencing this Litigation that
users on Instagram commented on the satirical nature of RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad,
including because it is not relevant to any claim or defense whether Yuga
Labs was "aware prior to commencing this Litigation" of this asserted fact.
Yuga objects to this request as calling for a legal conclusion.  Yuga Labs
objects to this request as vague and ambiguous to the extent it refers
generally to all "users" and "comment[s]" on Instagram.  Yuga Labs objects
to this request as vague, ambiguous, overbroad, and unduly burdensome to
the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the
persons included in Defendants' definition of "You," which includes people

(and thus information) not within Yuga Labs' control and dozens or
potentially hundreds of individuals, including for example, every person that
worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

Request for Admission No. 11:

Admit that You were aware prior to commencing this Litigation that
users on https://youtube.com commented on the satirical nature of RR/BAYC
NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad,
including because it is not relevant to any claim or defense whether Yuga
Labs was "aware prior to commencing this Litigation" of this asserted fact.
Yuga objects to this request as calling for a legal conclusion.  Yuga Labs
objects to this request as vague and ambiguous to the extent it refers
generally to all "users" and "comment[s]" on youtube.com.  Yuga Labs

objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.12:

Admit that You were aware prior to commencing this Litigation that users on https://youtube.com made posts or comments on RR/BAYC NFTs expressing commentary with regards to the Bored Ape Yacht Club.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense whether Yuga Labs was "aware prior to commencing this Litigation" of this asserted fact.

Yuga objects to this request as calling for a legal conclusion.  Yuga Labs
objects to this request as vague and ambiguous to the extent it refers
generally to all "users" and "comment[s]" on youtube.com.  Yuga Labs
objects to this request as vague, ambiguous, overbroad, and unduly
burdensome to the extent it asks Yuga Labs to admit the asserted fact on
behalf of all of the persons included in Defendants' definition of "You,"
which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example,
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

Request for Admission No. 13:

Admit that You are not aware of any specific instance where a Person
or Entity purchased a BAYC NFT believing that it was an RR/BAYC NFT.

Response:

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and

unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact
on behalf of all of the persons included in Defendants' definition of "You,"
which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example,
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

Request for Admission No.14:

Admit that You are aware of any specific instance where a Person or
Entity purchased a BAYC NFT believing that it was an RR/BAYC NFT.

Response:

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and
unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact
on behalf of all of the persons included in Defendants' definition of "You,"
which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example,

every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.15:

Admit that You are not aware of any specific instance where a Person or Entity purchased a RR/BAYC NFT believing that it was a BAYC NFT.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.16:

Admit that You are aware of any specific instance where a Person or Entity purchased a RR/BAYC NFT believing that it was a BAYC NFT.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 17:

Admit that You are aware of any specific instance where a Person or Entity purchased a RR/BAYC NFT believing that it was a BAYC NFT.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 18:

Admit that You have used "RR/BAYC" in connection with any BAYC NFT.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this

stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous as to the terms "used" and "in connection with."  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 19:

Admit that You have never used "RR/BAYC" in connection with any product or service that You offered in connection with The Bored Ape Yacht Club.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay,

and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous as to the terms "used" and "in connection with."  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.20:

Admit that You have used "RR/BAYC" in connection with any product or service that You offered in connection with The Bored Ape Yacht Club.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*,

474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous as to the terms "used" and "in connection with."  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.21:

Admit that You have not engaged in corrective advertising to clarify that BAYC NFTs are different than RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply

concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion.
Yuga Labs objects to this request as vague, ambiguous, overbroad, and
unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact
on behalf of all of the persons included in Defendants' definition of "You,"
which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example,
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

Request for Admission No.22:

Admit that You have engaged in corrective advertising to clarify that
BAYC NFTs are different than RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.23:

Admit that You have not engaged in corrective advertising to clarify that BAYC NFTs are not Your products.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact

on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.24:

Admit that You have engaged in corrective advertising to clarify that BAYC NFTs are different than RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example,

1  every person that worked at ApeFest.

2      Subject to and without waiving the foregoing objections, Yuga Labs

3  denies the objectionable and misleading request as phrased.

4  Request for Admission No.25:

5      Admit that You have not paid to have corrective advertising to clarify

6  that BAYC NFTs are different than RR/BAYC NFTs.

7  Response:

8      Yuga Labs incorporates by reference each of the General Objections

9  set forth above as if fully set forth herein.  Yuga Labs objects that the

10  requests in Defendant's First Set of Requests for Admission are made in bad

11  faith and without factual basis to reasonably anticipate admissions at this

12  stage of discovery, and thus presented to harass, cause unnecessary delay,

13  and needlessly increase the cost of litigation.  *See Conlon v. United States*,

14  474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

15  'harass the other side' or in the hope that the party's adversary will simply

16  concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

17  F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

18  sanctions for the Defendants' continued abuse of this litigation.

19      Yuga Labs objects to this request as calling for a legal conclusion.

20  Yuga Labs objects to this request as vague, ambiguous, overbroad, and

21  unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact

22  on behalf of all of the persons included in Defendants' definition of "You,"

23  which includes people (and thus information) not within Yuga Labs' control

24  and dozens or potentially hundreds of individuals, including for example,

25  every person that worked at ApeFest.

26      Subject to and without waiving the foregoing objections, Yuga Labs

27  denies the objectionable and misleading request as phrased.

28  Request for Admission No.26:

Admit that You paid to have corrective advertising to clarify that BAYC NFTs are different than RR/BAYC NFTs.

<u>Response:</u>

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

<u>Request for Admission No.27:</u>

Admit that You have not paid for corrective advertising to clarify that BAYC NFTs are not Your products.

<u>Response:</u>

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.28:

Admit that You have paid for corrective advertising to clarify that BAYC NFTs are not Your products.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad

faith and without factual basis to reasonably anticipate admissions at this

stage of discovery, and thus presented to harass, cause unnecessary delay,

and needlessly increase the cost of litigation. *See Conlon v. United States*,

474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

'harass the other side' or in the hope that the party's adversary will simply

concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and

unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact

on behalf of all of the persons included in Defendants' definition of "You,"

which includes people (and thus information) not within Yuga Labs' control

and dozens or potentially hundreds of individuals, including for example,

every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs

denies the objectionable and misleading request as phrased.

Request for Admission No.29:

Admit that You have not requested that any RR/BAYC NFT-related

pages on OpenSea or Foundation be taken down for trademark infringement.

Response:

Yuga Labs incorporates by reference each of the General Objections

set forth above as if fully set forth herein.  Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad

faith and without factual basis to reasonably anticipate admissions at this

stage of discovery, and thus presented to harass, cause unnecessary delay,

and needlessly increase the cost of litigation. *See Conlon v. United States*,

474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.30:

Admit that You have requested that any RR/BAYC NFT-related pages on OpenSea or Foundation be taken down for trademark infringement.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.31:

Admit that You are not aware of any RR/BAYC NFT-related pages on OpenSea or Foundation be taken down for trademark infringement.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You,"

which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example,
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

<u>Request for Admission No.32:</u>

Admit that You are aware of RR/BAYC NFT-related pages on
OpenSea or Foundation be taken down for trademark infringement.

<u>Response:</u>

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and
unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact
on behalf of all of the persons included in Defendants' definition of "You,"
which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example,
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs

denies the objectionable and misleading request as phrased.

Request for Admission No.33:

Admit that all of Your requests to take down RR/BAYC NFT-related pages on OpenSea or Foundation were based on the Digital Millennium Copyright Act.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as not relevant to any claim or defense.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.34:

Admit that at least one of Your requests to take down RR/BAYC NFT-related pages on OpenSea or Foundation was not based on the Digital Millennium Copyright Act.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as not relevant to any claim or defense.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.35:

Admit that all instances of where RR/BAYC NFT-related pages on OpenSea or Foundation were taken down in response to Your requests were

based on the Digital Millennium Copyright Act.

Response:

        Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

        Yuga Labs objects to this request as not relevant to any claim or defense.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

        Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.36:

        Admit that You are aware of an instance where an RR/BAYC NFT-related page on OpenSea or Foundation was taken down in response to Your request without the take-down having been based on the Digital Millennium Copyright Act.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as not relevant to any claim or defense. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 47:

Admit that You do not currently sell BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad

faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 48:

Admit that You do not currently sell BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply

concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.49:

Admit that You have not sold a BAYC NFT since December 1, 2021.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact

on behalf of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.50:

Admit that You have sold a BAYC NFT since December 1, 2021.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs

denies the objectionable and misleading request as phrased.

Request for Admission No.51:

Admit that You no longer offer BAYC NFTs for sale other than on the secondary market or as secondary sales.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.52:

Admit that You offer BAYC NFTs for sale other than on the secondary market or as secondary sales.

Response:

        Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

        Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

        Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.55:

        Admit that you are not aware of any specific instance where a Person or Entity purchased an RR/BAYC NFT and did not understand that the NFT was created by Mr. Ripps.

Response:

        Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because Yuga Labs' "aware[ness]" is not relevant to any claim or defense. Yuga Labs objects to this request as premature, as discovery and its investigation are ongoing. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.56:

Admit that you are aware of specific instances where a Person or Entity purchased an RR/BAYC NFT and did not understand that the NFT was created by Mr. Ripps.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because Yuga Labs' "aware[ness]" is not relevant to any claim or defense.  Yuga Labs objects to this request as premature, as discovery and its investigation are ongoing.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs responds as follows: Yuga Labs is aware of facts supporting its claims of actual and likely confusion caused by Defendants' explicitly misleading and infringing acts; otherwise Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 57:

Admit that you are not aware of any specific instance where a Person purchased a BAYC NFT believing that the NFT was created by Mr. Ripps.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because Yuga Labs' "aware[ness]" is not relevant to any claim or defense.  Yuga Labs objects to this request as premature, as discovery and its investigation are ongoing.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 58:

Admit that you are aware of specific instances where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because Yuga Labs' "aware[ness]" is not relevant to any claim or defense.  Yuga Labs objects to this request as premature, as discovery and its investigation are ongoing.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.63:

Admit that there are Persons or Entities other than You and Defendants who have used the term "APE" in connection with the sale of NFTs during the past year.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague and ambiguous especially as to the term "used."  Yuga Labs objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 64:

Admit that there are no Persons or Entities other than You and Defendants who have used the term "APE" in connection with the sale of NFTs during the past year.

Response:

      Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

      Yuga Labs objects to this request as irrelevant and overbroad because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague and ambiguous especially as to the term "used."  Yuga Labs objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

      Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 65:

      Admit that there are at least a dozen Persons or Entities other than You and Defendants who have used the term "APE" in connection with the sale of

NFTs during the past year.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague and ambiguous especially as to the term "used."  Yuga Labs objects to this request as overbroad to the extent it concerns all "use[]" of any kind.  Yuga Labs objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.66:

1    Admit that there are not at least a dozen Persons or Entities other than

2    You and Defendants who have used the term "APE" in connection with the

3    sale of NFTs during the past year.

4    Response:

5    Yuga Labs incorporates by reference each of the General Objections

6    set forth above as if fully set forth herein.  Yuga Labs objects that the

7    requests in Defendant's First Set of Requests for Admission are made in bad

8    faith and without factual basis to reasonably anticipate admissions at this

9    stage of discovery, and thus presented to harass, cause unnecessary delay,

10   and needlessly increase the cost of litigation.  *See Conlon v. United States*,

11   474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

12   'harass the other side' or in the hope that the party's adversary will simply

13   concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

14   F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

15   sanctions for the Defendants' continued abuse of this litigation.

16   Yuga Labs objects to this request as irrelevant and overbroad because

17   it is not relevant to any claim or defense.  Yuga Labs objects to this request

18   as vague and ambiguous especially as to the term "used."  Yuga Labs objects

19   to this request as overbroad to the extent it concerns all "use[]" of any kind.

20   Yuga Labs objects to this request as calling for a legal conclusion.  Yuga

21   Labs objects to this request as vague, ambiguous, overbroad, and unduly

22   burdensome to the extent it asks Yuga Labs to admit the asserted fact on

23   behalf of all of the persons included in Defendants' definition of "You,"

24   which includes people (and thus information) not within Yuga Labs' control

25   and dozens or potentially hundreds of individuals, including for example

26   every person that worked at ApeFest.

27   Subject to and without waiving the foregoing objections, Yuga Labs

28

denies the objectionable and misleading request as phrased.

Request for Admission No.67:

Admit that there are Persons or Entities other than You and Defendants who have used the term "BORED APE" in connection with the sale of NFTs during the past year.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague and ambiguous especially as to the term "used."  Yuga Labs objects to this request as overbroad to the extent it concerns all "use[]" of any kind.  Yuga Labs objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example

1   every person that worked at ApeFest.

2       Subject to and without waiving the foregoing objections, Yuga Labs

3   denies the objectionable and misleading request as phrased.

4   <u>Request for Admission No.68:</u>

5       Admit that there are no Persons or Entities other than You and

6   Defendants who have used the term "BORED APE" in connection with the

7   sale of NFTs during the past year.

8   <u>Response:</u>

9       Yuga Labs incorporates by reference each of the General Objections

10   set forth above as if fully set forth herein.  Yuga Labs objects that the

11   requests in Defendant's First Set of Requests for Admission are made in bad

12   faith and without factual basis to reasonably anticipate admissions at this

13   stage of discovery, and thus presented to harass, cause unnecessary delay,

14   and needlessly increase the cost of litigation.  *See Conlon v. United States*,

15   474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

16   'harass the other side' or in the hope that the party's adversary will simply

17   concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

18   F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

19   sanctions for the Defendants' continued abuse of this litigation.

20       Yuga Labs objects to this request as irrelevant and overbroad because

21   it is not relevant to any claim or defense.  Yuga Labs objects to this request

22   as vague and ambiguous especially as to the term "used."  Yuga Labs objects

23   to this request as overbroad to the extent it concerns all "use[]" of any kind.

24   Yuga Labs objects to this request as calling for a legal conclusion.  Yuga

25   Labs objects to this request as vague, ambiguous, overbroad, and unduly

26   burdensome to the extent it asks Yuga Labs to admit the asserted fact on

27   behalf of all of the persons included in Defendants' definition of "You,"

28

which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs
denies the objectionable and misleading request as phrased.

Request for Admission No.69:

Admit that You are not aware of any specific business relationship that
Mr. Ripps or Mr. Cahen disrupted by selling RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections
set forth above as if fully set forth herein.  Yuga Labs objects that the
requests in Defendant's First Set of Requests for Admission are made in bad
faith and without factual basis to reasonably anticipate admissions at this
stage of discovery, and thus presented to harass, cause unnecessary delay,
and needlessly increase the cost of litigation.  *See Conlon v. United States*,
474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to
'harass the other side' or in the hope that the party's adversary will simply
concede essential elements." (quoting *Perez v. Miami-Dade County*, 297
F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek
sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion.
Yuga Labs objects to this request as vague, ambiguous, overbroad, and
unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact
on behalf of all of the persons included in Defendants' definition of "You,"
which includes people (and thus information) not within Yuga Labs' control
and dozens or potentially hundreds of individuals, including for example
every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.70:

Admit that You are aware of a specific business relationship that Mr. Ripps or Mr. Cahen disrupted by selling RR/BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.71:

Admit that You are not aware of any specific business relationship that Mr. Ripps or Mr. Cahen disrupted with any alleged use of the Asserted Marks.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.72:

Admit that You are aware of a specific business relationship that Mr. Ripps or Mr. Cahen disrupted with any alleged use of the Asserted Marks.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.80:

Admit that You have directly or indirectly facilitated the transfer of BAYC NFTs to celebrities at little or no cost to the celebrity receiving them.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous, especially as to the terms, "facilitate," "transfer," "celebrities," and "little to no cost." Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.81:

Admit that Guy Oseary was involved in your efforts to get celebrities to own BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous, especially as to the terms, "involved," "celebrities," and "get celebrities to own." Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.82:

Admit that Guy Oseary was involved in your efforts to get celebrities to promote BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous, especially as to the terms, "involved," "celebrities," and "get celebrities to promote." Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.83:

Admit that Guy Oseary was not involved in your efforts to get celebrities to own BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous, especially as to the terms, "involved," "celebrities," and "get celebrities to own."  Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.84:

Admit that Guy Oseary was not involved in your efforts to get celebrities to promote BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as vague and ambiguous, especially as to the terms, "involved," "celebrities," and "get celebrities to promote." Yuga Labs objects to this request as irrelevant and overbroad, including because it is not relevant to any claim or defense.  Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.177:

Admit that Yuga has not filed any other lawsuit, complaint, or litigation against any other NFT collection for trademark infringement.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the

requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as relevant to any claim or defense. Yuga Labs objects to this request as vague and ambiguous as to the terms, "NFT collection" and "other lawsuit, complaint, or litigation."  Yuga Labs objects to this request as vague, ambiguous, and unduly burdensome to the extent it asks Yuga Labs to admit that the asserted fact is true for all persons included in Defendants' definition of "Yuga" which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and irrelevant request as phrased.

Request for Admission No.178:

Admit that Yuga has filed any other lawsuit, complaint, or litigation against any other NFT collection for trademark infringement.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad

faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as relevant to any claim or defense. Yuga Labs objects to this request as vague and ambiguous as to the terms, "NFT collection" and "other lawsuit, complaint, or litigation."  Yuga Labs objects to this request as vague, ambiguous, and unduly burdensome to the extent it asks Yuga Labs to admit that the asserted fact is true for all persons included in Defendants' definition of "Yuga" which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and irrelevant request as phrased.

Request for Admission No.179:

Admit that You did not provide actual notice to either Mr. Ripps or Mr. Cahen of Yuga's allegation that Mr. Ripps and Mr. Cahen infringed the Asserted Marks.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad

faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague, ambiguous, and unduly burdensome to the extent it asks Yuga Labs to admit that the asserted fact is true for all persons included in Defendants' definition of "Yuga" which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example, every person that worked at ApeFest.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and irrelevant request as phrased; Defendants have admitted that they were on actual notice of their infringement of the Asserted Marks.

**11.    Mr. Ripps and Mr. Cahen's Position**

These numerous requests touch many of the issues underlying the claims and defenses in this case.  The common thread between them is that they all ask Yuga to admit something that "You" or "Yuga" either did or knew.  Likewise, a common thread in Yuga's responses is that the words "You" and "Yuga" are defined in a way which Yuga alleges rendered the requests "vague, ambiguous, overbroad, and unduly burdensome" based on the incredible claim that the words "You" and "Yuga" would include "every person that worked at ApeFest."  Yuga has not

provided any other basis for its refusal to answer these RFAs in any of the meet and confers between the parties.

As an initial matter, Defendants' provided definition for "You" and "Yuga" is reasonable, defined as meaning, "Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, Founder, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf."[4]  This is a standard definition of "You", and casts a reasonable scope as to what "you" means within the context of the case.

Most importantly, Defendants' definition of "You" is workable and provides Yuga sufficient information to fulfill the discovery request.  It does not require, as Yuga incorrectly argues, Yuga to cast such a broad net to include every single person who worked at its festival event.  Instead, it asks them to look within the company and produce relevant information about itself.  This standard definition of "you" is particularly manageable in this case since Yuga, while having very large resources, has only 11 full-time employees and only about 100 team members (when counting non-full-time workers).  See Dkt. 76 at 5.  Thus, Yuga can easily respond to the above RFAs.

However, even if Yuga felt that our provided definition of "You" was not workable Yuga could have solved the issue without involving the Court.  In Defendants' December 31, 2022, letter, Defendants informed Yuga that it is "free to propose what it considers to be a reasonable definition of the term" when answering these RFAs.  See Gosma Decl. Ex. 13 (Dec. 31, 2022, letter from H. Nikogosyan to Thomas) at 4.  Yuga could have taken the opportunity to re-define "You" in a

---

[4] "You" and "Yuga" were given the same definition, and, for simplicity's sake, we refer to their objection as one to the word "You."

reasonable manner and fulfill its discovery obligations.  Yuga refused.  And during the meet and confer on January 10, 2023, Yuga continued to object on the basis that it has no obligation to answer RFAs that use the Defendants' standard definition of "You."

Courts in this district have made clear that "counsel are expected to cooperate with each other . . . to facilitate the exchange of discoverable information, and to reduce the costs of discovery." *Edge Sys. LLC v. Ageless Serums LLC*, No. 20-cv-9669-FLA-PVCx, 2022 WL 2093850 at *7 (C.D. Cal. Feb.1, 2022).  Discovery gamesmanship is prohibited.  *See Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020) ("The 2015 Amendments to Rule 34 . . . marked an intentional break from the discovery gamesmanship of the past[.]").  Parties responding to document requests also have an "obligation to construe discovery requests in a reasonable manner." *Edge Sys. LLC*, 2022 WL 2093850 at *7.  The responding party must not "strain to find ambiguity." *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, No. 20-cv-3444-MEMF-PVCx, 2022 WL 17345909 at 5 (C.D. Cal. 2022) (ordering party to provide amended answers to RFAs because of spurious objection to the meaning of a standard term).  In upholding its legal obligation to reasonably construe terms and phrases, the responding party should "exercise reason and common sense to attribute ordinary definitions to terms and phrases." *Id.* at *4.  Only in situations where a term is truly beyond comprehension can a party claim that an RFA is too vague to answer.

Yuga's refusal to follow its legal obligation to construe the term "You" is precisely this kind of improper discovery gamesmanship.  The word "You" has a basic, ordinary definition which can be readily applied to each request that Yuga objects to on this basis.

Yuga's other bases for objecting to these Requests for Admission are boilerplate and unavailing.  Boilerplate objections of any kind are improper.  *Prolo*

*v. Blackmon*, No. 21-cv-5118-JFW-PVCx, 2022 WL 2189643 at *10 (C.D. Cal. 2022).  A boilerplate objection is one that is made without any support.  *Id.*  For each term objected to as "vague" and "ambiguous" a commonsense definition applies.  Instead, Yuga feigned ignorance of basic terms such as, "expressing commentary," "used," and in regard to social media sites, "users and comments" as a dilatory tactic aimed at preventing Defendants from taking discovery.  Further, unlike the "You" objection, Yuga has never attempted to explain why these terms and phrases are vague and this argument should be rejected as boilerplate.

Yuga also asserts that some of these RFAs are not relevant to any claim or defense.  Relevance in discovery is a low-bar, and for a request to be relevant it must only, "be relevant to a party's claim or defense." *Manufacturing Automation and Software Sys., Inc. v. Hughes*, No. 16-cv-8962-CAS-KSx, 2017 WL 5641120 at *3.  A discovery request is no relevant only if it, "the information sought has no conceivable bearing on the case." *Lofton v. Verizon Wireless (VAW), LLC*, 308 F.R.D. 276, 280 (C.D. Cal. 2015)  To assist the Court, we identify some ways these RFAs are relevant to claims or defenses in this case.  This list is of course not exhaustive, but it does demonstrate that these claims are all clearly relevant to the case:

- RFAs 1-12: affirmative defenses to trademark claims;
- 13-17, 55-58; trademark claims (confusion);
- 18-20: trademark claims (distinguishing accused products);
- 21-28: trademark claims (corrective advertising);
- 29-36: trademark enforcement/unclean hands;
- 47-52: use of marks in commerce;
- 63-68: trademark claims (use of APE and BORED APE marks);

- 69-72: trademark claims (damages);
- 80-84: trademark claims (unclean hands);
- 177-179: trademark enforcement activities.

Yuga also has never explained how these requests were irrelevant, and these objections should be rejected as boilerplate. *See A. Farber & Partner, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (explaining that "relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). All other objections, such as Yuga's complaint that the requests are compound, are made without explanation and should be rejected as boilerplate as well. *See id.*

Defendants accordingly request that this Court compel Yuga to immediately supplement the above RFAs applying a commonsense definition of "You" and answer the above RFAs by admitting or denying them on the merits.

**2.    Yuga Labs' Position**

Though the relief Defendants seek is not clear (as Yuga Labs cannot "supplement" its response to requests it has already denied, for instance), Defendants appear to ask the Court to review the sufficiency of Yuga Labs' objections and answers to many of Defendants' opening volley of 179 requests for admission under Fed. R. Civ. P. 36(a)(6). As Yuga Labs has explained to Defendants several times since it served its responses on October 6, 2022, Yuga Labs' objections and answers are sufficient. Defendants' arguments to the contrary misconstrue the record.

*First*, these requests were self-evidently improper and harassing. Requests for admission are not a discovery mechanism. "Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary

will simply concede essential elements.  Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citations omitted; citing *Perez v. Miami–Dade County,* 297 F.3d 1255, 1268 (11th Cir.2002)).  Defendants served these requests at the same time as their first discovery requests, without any basis from discovery received from Yuga Labs (because none had yet been sought) to ask Yuga Labs to concede issues in the case.  The intent to harass is evident from the timing and volume of the requests, but also from the substance.  Ranging from patently irrelevant requests about Yuga Labs' employees' internet-browsing habits (Request Nos. 99–146) to questions about their spouses who have nothing to do with this litigation (Request Nos. 159–162).[5]  Yuga Labs' objections to these abusive requests for admission should be sustained.

*Second*, Yuga Labs' other objections to the requests are valid and should be sustained.  Defendants only argue in summary form that the objections are improper, but the requests sought in this motion concern, for example Request Nos. 37–46, whether "the consumers of BAYC NFTs" are "are "typically knowledgeable about NFTs," "typically understand that NFTs are digital tokens comprising data stored on a blockchain," are "typically familiar with cryptocurrency," "typically own multiple NFTs," or "often own NFTs as a financial security."  These requests call for speculation and are vague, ambiguous, and of no legal materiality as to what any/some/all consumers "typically" or "often" do or think.

*Third*, ignoring orders from the Court on the relevance of "Inflammatory Material" or their counterclaims to this litigation, Defendants once again ask the Court to compel Yuga Labs to admit a variety of requests concerning the same material.  *See, e.g.*, Request Nos. 1–12 (concerning Yuga Labs' "aware[ness] prior

---

[5] Consistent with this objective of harassment, Defendants have also produced a "research" folder containing documents such as the wedding registry page of a Yuga Labs co-founder and co-President and his now-spouse.

to commencing this Litigation"); 33–36 (concerning takedown requests based on the "Digital Millennium Copyright Act"); 81–84 (concerning allegations about Guy Oseary asserted in counterclaims); 86–87 (concerning allegations about celebrity promotion asserted in counterclaims). As the Court already held, discovery on these issues is not proper at this time.

*Fourth*, there is no merit to Defendants' complaint that Yuga Labs did not redefine Defendants' requests for them and concede *different* issues than those presented in the written requests. To be clear, the issue is not that Yuga Labs cannot *understand* the terms Defendants use; it is that Defendants defined their requests a certain way, and Yuga Labs responded accordingly. The requests about which Defendants complain in this section ask Yuga Labs to admit statements on behalf of:

- Yuga Labs, Inc.
- All predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present
- Any companies that have a controlling interest in Plaintiff
- Any current or former employee, Founder, officer, director, principal, agent, consultant, representative
- Any attorney thereof
- Any anyone acting on their behalf

Such requests are overbroad, disproportionate to the needs of the case, and in many cases not relevant at all to any claim or defense. Even setting aside those objections, an admission to such requests would establish a fact as true on behalf of all such persons (e.g., paralegals and staff working at the law firms representing Yuga Labs, vendors and contractors at live events, and former employees with whom the company is no longer in contact) for purposes of the remainder of this

litigation.  This is hundreds if not thousands of people.  As Yuga Labs explained in a letter to Defendants:

> Taking for example Request for Admission No. 1 ("Admit that You were aware prior to commencing this Litigation that Mr. Ripps published or posted material explaining that RR/BAYC NFTs are satirical."), Yuga Labs denied this request because it has not established that "Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf" knew that Ripps purportedly "published or posted material explaining that RR/BAYC NFTs are satirical." Defendants have yet to explain why this denial is improper.

Gosma Decl. Exhibit 13 at 7.  Where such requests were reasonably not true on behalf of all such persons, Yuga Labs denied them.  Defendants argue that Yuga Labs' denials are insufficient and need to be "supplemented" (in an unspecified manner), apparently asking Yuga Labs to reframe the request in whatever way necessary to result in an admission rather than a denial.  Defendants have not corrected these requests for admission since serving them on August 15, 2022, and instead ask Yuga Labs to revise the requests and then provide an answer based on what counsel apparently intended to ask but has never clarified for Yuga Labs. Even in their section of the Joint Stipulation they do not define what they mean. Moreover, there is no merit to a demand that Yuga Labs re-define terms so that its response must then be an admission: it is not a remedy prescribed by Fed. R. Civ. P. 36, and it would prejudice Yuga Labs by forcing it to admit untrue statements.[6]

*Fifth*, as discussed in Yuga Labs' response to Issue G, a number of the requests raised by Defendants in these subsections now concern issues that are subject to the mandatory discovery stay in *Real et. al. v. Yuga Labs. Inc. et al.*, Case

---

[6] Defendants also repeat a claim in their submission that Yuga Labs has 11 full-time employees — a claim based on stale information which Defendants now know to be false.  *See* Declaration of Eric Ball (ECF 75-2) ¶ 2 ("Yuga Labs is an international company doing business in seven countries and with trademark filings in 120 countries. Yuga Labs operates six brands and today has ***128 employees and works directly with at least another 60 persons or companies internationally***." (emphasis added)).  There is no good-faith basis to continue making this false claim.

No. 2:22-cv-08909-FMO-PLA (C.D. Cal. Dec. 8, 2022).  *See e.g.* Requests Nos. 37-46 (concerning allegations about securities issues); 81–84 (concerning allegations about Guy Oseary's alleged "efforts to get celebrities to [own or promote] BAYC NFTs"); 86–87 (concerning allegations about celebrity promotion).

Yuga Labs' objections and answers to the requests for admission raised in this Joint Stipulation are sufficient and Defendants' request should be denied.

**N.     Request for Admission Numbers 37-46 (Objections based on Admissions about "Buyers" or "Consumers")**

Request for Admission No.37:

Admit that the consumers of BAYC NFTs are typically knowledgeable about NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an

admission about "consumers" generally, and because it seeks an admission regarding what such customers "typically" know.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.38:

Admit that the consumers of BAYC NFTs are not typically knowledgeable about NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an admission about "consumers" generally, and because it seeks an admission regarding what such customers "typically" know.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.39:

1    Admit that the consumers of BAYC NFTs typically understand that

2    NFTs are digital tokens comprising data stored on a blockchain.

3  Response:

4    Yuga Labs incorporates by reference each of the General Objections

5  set forth above as if fully set forth herein.  Yuga Labs objects that the

6  requests in Defendant's First Set of Requests for Admission are made in bad

7  faith and without factual basis to reasonably anticipate admissions at this

8  stage of discovery, and thus presented to harass, cause unnecessary delay,

9  and needlessly increase the cost of litigation.  *See Conlon v. United States*,

10  474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

11  'harass the other side' or in the hope that the party's adversary will simply

12  concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

13  F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

14  sanctions for the Defendants' continued abuse of this litigation.

15    Yuga Labs objects to this request as calling for a legal conclusion.

16  Yuga Labs objects to this request as vague, ambiguous, and calling for

17  information not in its possession, custody, or control, because it seeks an

18  admission about "consumers" generally, and because it seeks an admission

19  regarding what such customers "typically" know.

20    Subject to and without waiving the foregoing objections, Yuga Labs

21  denies the objectionable and misleading request as phrased.

22  Request for Admission No.40

23    Admit that the consumers of BAYC NFTs are typically do not

24  understand that NFTs are digital tokens comprising data stored on a

25  blockchain.

26  Response:

27    Yuga Labs incorporates by reference each of the General Objections

28

set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an admission about "consumers" generally, and because it seeks an admission regarding what such customers "typically" know.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.41:

Admit that the consumers of BAYC NFTs are typically familiar with cryptocurrency.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*,

1    474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

2    'harass the other side' or in the hope that the party's adversary will simply

3    concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

4    F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

5    sanctions for the Defendants' continued abuse of this litigation.

6         Yuga Labs objects to this request as calling for a legal conclusion.

7    Yuga Labs objects to this request as vague, ambiguous, and calling for

8    information not in its possession, custody, or control, because it seeks an

9    admission about "consumers" generally, and because it seeks an admission

10   regarding what such customers "typically" are "familiar with".

11        Subject to and without waiving the foregoing objections, Yuga Labs

12   denies the objectionable and misleading request as phrased.

13   Request for Admission No.42:

14        Admit that the consumers of BAYC NFTs are not typically familiar

15   with cryptocurrency.

16   Response:

17        Yuga Labs incorporates by reference each of the General Objections

18   set forth above as if fully set forth herein.  Yuga Labs objects that the

19   requests in Defendant's First Set of Requests for Admission are made in bad

20   faith and without factual basis to reasonably anticipate admissions at this

21   stage of discovery, and thus presented to harass, cause unnecessary delay,

22   and needlessly increase the cost of litigation.  *See Conlon v. United States*,

23   474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to

24   'harass the other side' or in the hope that the party's adversary will simply

25   concede essential elements." (quoting *Perez v. Miami-Dade County*, 297

26   F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek

27   sanctions for the Defendants' continued abuse of this litigation.

28

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an admission about "consumers" generally, and because it seeks an admission regarding what such customers "typically" are "familiar with".

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No. 43:

Admit that buyers of BAYC NFTs typically own multiple NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an admission about "consumers" generally, and because it seeks an admission regarding what such customers "typically" own.

Subject to and without waiving the foregoing objections, Yuga Labs

denies the objectionable and misleading request as phrased.

Request for Admission No.44:

Admit that the consumers of BAYC NFTs do not typically own multiple NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an admission about "consumers" generally, and because it seeks an admission regarding what such customers "typically" own.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission No.45:

Admit that the buyers of BAYC NFTs often own NFTs as a financial security.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant to any claim or defense and overbroad.  Yuga Labs objects to this request as vague, and ambiguous as to the term "often."  Yuga Labs objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, custody, or control, because it seeks an admission about "buyers" generally.

Subject to and without waiving the foregoing objections, Yuga Labs responds as follows: Yuga Labs denies the objectionable and irrelevant request as phrased; BAYC NFTs are not securities.

Request for Admission No.46:

Admit that the consumers of BAYC NFTs do not often own NFTs as a financial security.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad

faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant to any claim or defense and overbroad. Yuga Labs objects to this request as vague and ambiguous as to the term "often." Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as vague, ambiguous, and calling for information not in its possession, because it seeks an admission about "buyers" generally.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and irrelevant request as phrased; BAYC NFTs are not securities.

### 1.    Mr. Ripps and Mr. Cahen's Position

This series of RFAs all relate to the NFT market's typical consumers, and their understanding of NFTs, cryptocurrency, the blockchain, and how they behave. Yuga claims that these topics are not relevant to this case. These requests are clearly relevant. A key component of Yuga's trademark complaints is consumer confusion. Thus, understanding consumer sophistication and what Yuga knows about customers is relevant to Mr. Ripps and Mr. Cahen's defense.

Yuga provides no reasons to support its objection, and it can be rejected as an improper boilerplate objection. Relevance for discovery is liberally construed. A

discovery request is only irrelevant if, "the information sought has no conceivable bearing on the case." *Lofton v. Verizon Wireless (VAW), LLC*, 308 F.R.D. 276, 280 (C.D. Cal. 2015).

Yuga's refusal to answer is purportedly based on arguments about certain words being ambiguous including the word "often." But "often" has a common, everyday meaning that Yuga could have applied. Instead, it created ambiguity from a clear request. Their false confusion as to the meaning of basic words should be disregarded. This argument can also be rejected as boilerplate because it was made without explaining how "often" is vague. All other arguments are similarly made without any explanation and are therefore improper boilerplate arguments.

Additionally, as a company that interacts with its customer base, Yuga has the requisite knowledge to answer the above RFAs despite arguing that the RFA calls for "information not in its possession." Yuga clearly knows, and has documents which inform, its views on what NFT "consumers," its "buyers" and other market participants generally know and how they behave. In fact, Yuga is uniquely positioned to understand the market's participants general behavior and tastes as it proclaims to be the largest NFT company in the world.

Defendants accordingly request that the Court compel Yuga to immediately answer the above RFAs on the merits.

### 2.    Yuga Labs' Position

Yuga Labs' objections and answers to the Defendants' Requests for Admission are sufficient for the reasons explained above in response to Issue K. In particular, as discussed above, these requests are vague, ambiguous, and of no legal materiality as to what any/some/all consumers "typically" or "often" do or think, and Yuga Labs cannot reasonably be expected to provide a binding admission as to any of these topics. Defendants are entitled to no further response.

### O.    Request for Admission Numbers 86-87 (Objections based on Vague Terms)

Request for Admission No.86:

Admit that celebrities were compensated, in either monetary payments or non-monetary assets/property to promote BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as not relevant to any claim or defense and as compound.  Yuga Labs objects to this request as vague and ambiguous, including as to the terms, "were compensated," "celebrities." Yuga objects that this request calls for information not in its possession, custody or control.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

Request for Admission Number 87:

Admit that were celebrities who refused to take, accept, or receive ownership in BAYC NFTs.

Response:

Yuga Labs incorporates by reference each of the General Objections

set forth above as if fully set forth herein.  Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that the party's adversary will simply concede essential elements." (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))).  Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as not relevant to any claim or defense and as compound.  Yuga Labs objects to this request as vague and ambiguous, including as to the term, "celebrities."   Yuga objects that this request calls for information not in its possession, custody or control.

Subject to and without waiving the foregoing objections, Yuga Labs denies the objectionable and misleading request as phrased.

### 3.    Mr. Ripps and Mr. Cahen's Position

Yuga objects to this group of RFAs primarily because it finds ambiguity in various terms.  These terms include, "were compensated" and "celebrities."  As stated above, in order to facilitate discovery, responding parties have a duty to construe terms to a reasonable meaning, and not to "strain for ambiguity."  *See Skye Orthobiologics*, No. 20-cv-3444-MEMF-PVCx  2022 WL 17345909 at *4 (C.D. Cal. 2022).  This duty requires that Yuga give disputed terms their "ordinary" construction.  *Gold v. Kaplan*, No. 2:21-cv-03204-FLA-JDE, 2021 WL 6618643 at *3 (C.D. Cal. 2021).  Instead of giving these terms their everyday, commonsense meaning, Yuga refuses to answer.  It is beyond doubt that Yuga understands what these terms mean: in fact, Yuga's own complaint alleges "Adding to the BAYC

1  brand's popularity, major *celebrities* have publicly announced holding a Bored Ape

2  NFT, including TV host Jimmy Fallon; famous musicians such as Justin Bieber,

3  Madonna, Snoop Dogg, and Eminem; and famous athletes, including Stephen

4  Curry, Serena Williams, and Shaquille O'Neal."  Complaint (Dkt. 1)   6 (emphasis

5  added).

6      Even if Yuga did not understand the meaning of these terms, as with the

7  word "You," Yuga failed to try and offer a reasonable meaning for any of the above

8  terms.  And Yuga has never even attempted to explain why these terms are vague.

9  The responding party has the burden of explaining why the terms are vague, and

10  failure to do so is fatal to a vagueness objection.  *Id.* at *3.

11      Yuga also urges several other boilerplate arguments.  Boilerplate objections

12  of any kind are improper.  *Prolo v. Blackmon*, No. 21-cv-5118-JFW-PVCx, 2022

13  WL 2189643 at *10 (C.D. Cal. 2022).  A boilerplate objection is one that is made

14  without any support.  *Id.*  These arguments include that the requests are irrelevant.

15  The above RFAs are clearly relevant.  Further, Yuga has provided no support for its

16  relevance argument.  Therefore, the Court should reject these objections.

17      Defendants accordingly request that this Court compel Yuga to immediately

18  answer the above RFAs on the merits.

19  **2.    Yuga Labs' Position**

20      Yuga Labs' objections and answers to the Defendants' Requests for

21  Admission are sufficient for the reasons explained above in response to Issue K.

22  These two requests are particularly objectionable because Defendants do not even

23  attempt to explain how the fact of whether a celebrity was compensated (in any

24  way, by anyone, for any reason) or refused to accept a BAYC (offered by anyone,

25  for any reason) is relevant to this case.  These proposed facts do not establish any

26  element of any claim or defense.

27      Additionally, Defendants propose five new definitions in their Joint

28

Statement which have never been raised to or discussed with Yuga Labs — an issue that could have been avoided had Defendants either complied with the Court's discovery rules or served amended discovery requests.

Respectfully submitted,

Dated:  February 14, 2023

By: */s/   Derek Gosma*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

By: */s/   Ethan M. Thomas*
Eric Ball (CSB No. 241327)
eball@fenwick.com
Kimberly Culp (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

Anthony M. Fares (CSB No. 318065)
afares@fenwick.com
Ethan M. Thomas (CSB No. 338062)
ethomas@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

Melissa L. Lawton (CSB No. 225452)
mlawton@fenwick.com
**FENWICK & WEST LLP**
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310-434-5400
Fax: 650-938-5200

Megan L. Meier (*pro hac vice*)
megan@clarelocke.com
David Y. Sillers (*pro hac vice*)
david@clarelocke.com
Kathryn G. Humphrey (*pro hac vice*)
kathryn@clarelocke.com
**CLARE LOCKE LLP**

10 Prince Street
Alexandria, VA 22314
Telephone: 202-6288-7400
Fax:  N/A

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Derek Gosma attests that concurrence in the filing of this document has been obtained from Ethan Thomas.

Dated:  February 15, 2023          */s/ Derek Gosma*
                                   Derek Gosma