# Exhibit 8

# WILMERHALE

November 18, 2022

**Henry Nikogosyan**

+1 213 443 5300 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

*By Electronic Mail*
Kimberly Culp
Fenwick & West LLP
555 California Street 12th Floor
San Francisco, CA 94041
KCulp@fenwick.com

Re:  *Yuga Labs, Inc. v. Ripps*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Kimberly:

I write regarding Yuga Labs Inc.'s ("Yuga") deficient discovery responses as well as Yuga's failure to produce non-public documents in this litigation.  Please promptly provide us with Yuga's availability for a meet and confer pursuant to Local Rule 37-1.

**1.      Yuga's Failure to Produce Documents**

Yuga formally accepted service of my client's discovery requests more than seventy days ago and promised to produce documents in its October 6, 2022, discovery responses.  Yet, to date, Yuga has failed to produce even a single non-public document except for an excel sheet listing domain names.  Please provide a date certain for Yuga's supplemental production no later than December 1, 2022.

**2.      Interrogatories**

In addition to Yuga's failure to produce documents, its Interrogatory responses are also woefully deficient.  Specific examples are identified below, but Mr. Ripps and Mr. Cahen reserve the right to raise additional deficiencies at a later stage.  Please address at the least the examples below by December 1, 2022.

**Interrogatory No. 2** requests that Yuga "Identify all persons who were or are responsible for participating in the conception or creation of the BAYC NFTs and the Asserted Marks."  Yuga responded that it would disclose those persons once there is a protective order entered in this case.  Although the Court entered a protective order (Dkt. No. 51) on October 11, 2022, Yuga has not served a supplemental response identifying all persons and entities involved in the conception and creation of BAYC NFTs and the Asserted Marks.

**Interrogatory No. 4** requests that Yuga describe the intended customers for its goods and services, including "any market research relating to actual and/or intended consumers for goods

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

November 18, 2022
Page 2

and services associated with the Asserted mark." Yuga's response does not provide any information relating to market research. Nor has Yuga identified any documents responsive to this interrogatory.

**Interrogatory No. 8** requests that Yuga identify "all principal competitors in the business in which Yuga uses or intends to use the Asserted Marks." Yuga's response does not identify any competitors and instead generally stated that its competitors are "similar companies and individuals involved in selling and/or promoting NFTs." Such a generalized response provides essentially no real information. Nearly every company has competitors that are "similar" and in the same line of business. Please supplement this interrogatory and specifically identify Yuga's principal competitors.

**Interrogatory No. 11** requests that Yuga describe every instance where BAYC NFTs have been distinguished from RR/BAYC NFTs or vice versa. Yuga responded that it is not aware of any such instance. Yuga's response is clearly incorrect. Yuga has engaged in a campaign to scrub all discussion regarding RR/BAYC from its community discord, which shows that Yuga is aware of countless instances where individuals have distinguished RR/BAYC NFTs from BAYC NFTS.



Further, Yuga employees, including Yuga' community and partnership lead, have publicly commented on interactions with Defendants and their "fans" in connection with the RR/BAYC project (https://twitter.com/illadaproducer/status/1554587578158006272).

WILMERHALE

November 18, 2022
Page 3

In light of these facts, please serve a supplemental answer to Interrogatory No. 11 that complies with Yuga's discovery obligations.

**Interrogatory No. 13** requests that Yuga identify and explain all damages including any "lost profits" and costs associated with "corrective advertising." Despite the clear relevance of these issues to damages for trademark infringement, Yuga's response provides no relevant information. Accordingly, Defendants request that Yuga supplement its response explaining any lost profits and all expenses Yuga has incurred relating to corrective advertising.

**Interrogatory No. 14** requests that Yuga "identify and describe in detail all actions Yuga has taken in response to criticism of Yuga Founders and Yuga's actual or alleged use, display, or reference to Inflammatory Material…." Yuga refused to answer this interrogatory as "false, irrelevant, and improper material." Yuga's objection is improper because Interrogatory No. 14 directly relates to the Defendants' First Amendment defenses in this litigation. Defendants request that Yuga provide a supplemental response that answers Interrogatory No. 14 in compliance with Federal Rule 33(b).

Yuga also promised to produce documents pursuant to Fed. R. Civ. P. 33(d) in response to **Interrogatories Nos. 5, 6, 10, and 12**. Yuga has not produced any responsive documents to date, and therefore those Interrogatories essentially remain unanswered. Please either produce and identify the relevant documents or provide a supplemental written response.

3.   **Requests for Production**

**RFP No. 4** requests that Yuga produce documents pertaining to all judicial proceedings in relation to BAYC NFTs and the Asserted Marks. Yuga has improperly refused to produce these materials without articulating cognizable reason to do so. As Yuga is aware, there are many entities that sell knock off NFTs or NFTs that are derivative of BAYC NFTs without criticizing Yuga. Yuga has an obligation to disclose all judicial actions (if any) taken against those entities because those materials directly relate to Defendants' First Amendment defenses.

**RFP No. 5** requests that Yuga produce documents relating to Yuga's decision to file this lawsuit and **RFP No. 18** seeks documents relating to pre-use or pre-application clearance searches for the Asserted Marks. Yuga refused to produced documents in response to these requests on privilege grounds. However, Yuga is under obligation to provide all non-privileged materials responsive to these requests. Please confirm that there are no non-privileged documents responsive to this request that are being withheld.

**RFP Nos. 6, 7, 8, 9, 32, 33, 34, 39, 51, and 53** request documents and materials relating to Yuga's use, involvement with, or communications regarding inflammatory and racist materials or Yuga's efforts to silence Defendants' speech activity. Yuga has refused to produce

WILMERHALE

November 18, 2022
Page 4

documents on the grounds that the requests are irrelevant. However, these requests directly pertain to Defendants' First Amendment defenses and are properly within the scope of discovery under Federal Rule 26(b). Yuga must produce materials responsive to these requests.

**RFP No. 17** requests that Yuga produce materials relating to Yuga's "past and present procedures and policies for generating, maintaining, retaining, and disposing of Documents and Things." Yuga objected to this RFP as irrelevant. However, discovery about document retention is routinely provided in litigation.[1] Please provide responses immediately.

**RFP Nos. 28 and 29** requests that Yuga produce material relating to persons or entities that "distinguishes or differentiates RR/BAYC NFTs from BAYC NFT." Yuga responded that it will only produce "representative instances of confusion." This response violates Federal Rule 26(b), which allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Materials pertaining to persons or entities distinguishing RR/BAYC from BAYC NFTs directly related to lack of consumer confusion. Yuga must produce these materials under Federal Rule 34.

**RFP No. 48** requests that Yuga produce documents showing "revenues, profits, and losses from inception to present in relation to BAYC NFTS." Yuga has refused to produce documents in response to this request on the grounds that it is "objectionable and irrelevant." These requests directly pertain to damages and, accordingly, Defendants are entitled to discovery on this issue under Federal Rule 26(b).

**RFP No. 56** requests all documents and communications involving Focus IP, Inc. dba Appdetex regarding the alleged infringement. Yuga responded that it will only produce representative examples of Yuga's enforcement of its rights in the Asserted Marks. Producing representative samples of Yuga's enforcement activities does not satisfy Yuga's obligations under this request. Documents and communications in connection with Focus IP directly relate to the alleged infringement in this case and, therefore, must be produced.

4.  **Requests for Admission**

Yuga has denied nearly all of Defendants' RFAs as objectionable, irrelevant, or misleading. This is an improper attempt by Yuga to avoid complying with its discovery obligations. For example, RFA Nos. 13-16 and 55-58 request admission regarding persons or entities mistakenly purchasing an RR/BAYC NFT or BAYC NFT. Yuga did not provide answers and instead denied the RFAs as objectionable and irrelevant. However, these requests directly relate to Yuga's trademark infringement claims because they seek information regarding consumer confusion. Accordingly, under Federal Rule 36, Yuga must answer these RFAs.

---

[1] Moreover, here there is public material indicating that Yuga has undergone efforts to destroy evidence in other contexts. (https://waveninja.substack.com/p/the-potential-origins-of-the-name).

WILMERHALE

November 18, 2022
Page 5

These issues raised in this letter regarding Defendants' interrogatories, requests for documents, and requests for admissions do not address all deficiencies in Yuga's responses. Defendants retain the right to pursue all remaining issues during discovery in this litigation.

Very truly yours,

Henry Nikogosyan