# Exhibit 12

WILMERHALE

December 31, 2022

Henry Nikogosyan

+1 213 443 5300 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

**_By Electronic Mail_**
Ethan M. Thomas
Fenwick & West LLP
555 California Street 12th Floor
San Francisco, CA 94041
ethomas@fenwick.com

Re:   *Yuga Labs, Inc. v. Ripps*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Ethan:

I write this letter to follow up on our incomplete December 29, 2022, conference. The new information provided in your December 30, 2022, email makes clear that there is a lot of confusion regarding the topics you and Eric raised during our call. I believe both of you would benefit from discussing this in detail during our next call and proposing an efficient way to move forward. Please send us your availability when you can.

I also encourage efforts for counsel to be more cooperative. During our conference, I was accused of "hi-jacking" the call on four occasions when trying to ask questions or make proposals. These statements were unprofessional and offensive as it is never appropriate to repeatedly accuse someone of Middle Eastern descent of "hi-jacking" for simply trying to communicate during a Local Rule 37-1 conference. I do, however, appreciate Eric's apology and I hope that we can refrain from this kind of behavior in the future.

Below are several deficiencies regarding Yuga's interrogatory responses and document productions that we can also discuss during our next call.

1.      **Yuga's Supplemental Production and Responses**

As we have repeatedly noted before, Yuga served supplemental responses to interrogatories and document requests on December 21, 2022, that were formatted confusingly and misleadingly. The documents do not specify which portions are Yuga's original responses and which portions are Yuga's supplemental responses. This creates a confusing and unworkable record. We request that Yuga re-serve these supplements in a format that does not have these problems so that there will be a clear record for the parties and the Court.

2.      **Yuga's Deficient Interrogatory Responses**

WILMERHALE

December 31, 2022
Page 2

Several of Yuga's interrogatory responses omit information that Yuga has a legal obligation to disclose. Specifically, Yuga's response to Interrogatory No. 2 discloses that Wylie Aronow and Greg Solano worked with a third party to create the Asserted Marks. However, the response improperly omits the identity of that third party. The response also improperly omits the identities of all people involved in creating BAYC NFTs. These are all materials directly relevant to this case as Yuga is accusing confusion between BAYC NFTs and RR/BAYC NFTs.

Yuga's response to Interrogatory No. 7 also fails to identify specific channels of commerce. Please supplement this interrogatory with more accurate information that would be usable in a trademark infringement analysis, including specific marketplaces on which BAYC NFTs have been offered or sold by Yuga.

Yuga also did not provide any answer to Interrogatory No. 14. Given Mr. Ripps and Mr. Cahen's counterclaims, including their claims for intentional infliction of emotional distress and declaration of no defamation, Yuga's responses to accusations relating to Inflammatory Material are well within the scope of discovery. Please supplement accordingly.

3.      **Yuga's Deficient Document Production**

Yuga's document production to date is woefully inadequate as it involves fewer than 200 non-public documents and absolutely no communications. Please provide a supplemental production to all document requests (Requests Nos. 1-58) in this action before the schedule 30(B)(6) deposition to avoid causing any irreparable harm and prejudice to the Defendants.

Below are specific requests that Yuga should supplement. This list is provided for the benefit of Yuga and should not be treated as excluding any of the other Document Requests for which we are requesting supplemental productions.

RFP Nos. 1 and 2: These RFPs request documents relating to Yuga's formation, corporate structure, and related business entities. This information is necessary for Defendants to ensure that Yuga has all necessary intellectual property rights to assert the infringement claims in this litigation. Specifically, we are concerned with other entities that may have created, own, and/or use trademarks asserted in this litigation. The relationship of those entities with Yuga may lead to evidence relevant to trademark infringement defenses.

RFP No. 4: Yuga has produced documents relating to only a single DMCA takedown notice in response to this RFP. Please supplement productions to include all DMCA takedown notices that Yuga has pursued in relation to RR/BAYC NFTs, including notices sent to Foundation and OpenSea.

**WILMERHALE**

December 31, 2022
Page 3

RFP No. 11:   This request seeks documents related to the development of the Asserted Marks. Yuga has admitted that Greg Solano and Wylie Aronow created the Asserted Marks with a third party.  However, Yuga has produced absolutely no document or communication regarding those development activities.  Yuga should be in possession of thousands of documents and many more communications on this topic.  Yuga should not have withheld this information this far into the discovery process.  Please comply with your discovery obligations and supplement.

RFP No. 12:   Yuga has not produced any non-public documents regarding the release schedule of BAYC NFTs.  These materials are relevant to both Yuga's use of the marks in commerce and Defendants' counterclaims.  Please produce all documents and communications involving the planned release of BAYC NFTs, including discussions regarding the scheduled release of BAYC NFTs and any corresponding strategy Yuga was implementing with the release schedule of BAYC NFTs.

RFP No. 17:   Yuga has stated that it does not have any documents relating to its document retention policy.  However, Yuga must have sent out some communications for document preservation purposes.  Please provide those materials so that we may learn of Yuga's document retention practices.

RFP No. 25:   Yuga has not produced any documents relating to Yuga's use of "Ape Market" and related terms/marks.  Please supplement your production or explain why nothing has been produced.

RFP Nos. 30 and 31:   Yuga has not produced any documents or communications relating to Yuga's marketing activities involving MoonPay and celebrities. Given the class action lawsuit against Yuga, it is clear that there should be significant responsive materials relating to these marketing activities, including through Guy Oseary.  Please provide a supplemental production.

RFP No. 34:   Yuga has not produced any materials relating to efforts to remove content from the WaybackMachine or archive.org.  These materials are relevant to at least Defendants' newly asserted counterclaims for intentional infliction of emotional distress and declaration of no defamation.  Please supplement productions as soon as possible.

RFP No. 37:   Yuga has improperly refused to produce documents under this request.  Defendants have a right to know about Yuga's knowledge of a junior user's use of the Asserted Marks as those materials would be indicative of the circumstances and basis under which Yuga believes RR/BAYC artworks infringe any trademarks.  Please produce.

RFP No. 39:   Materials containing unique terms relevant to Yuga's use of Inflammatory Material is well-within the scope of discovery given Defendants' newly asserted counterclaims for intentional infliction of emotional distress and declaration of no defamation.  Please produce all

WILMERHALE

December 31, 2022
Page 4

documents containing the search terms identified in this RFP and please produce all communications using these search terms, including chat groups and emails (personal and Yuga emails), for the following custodians: Wylie Aronow, Greg Solano, Zeshan Ali, Kerem Atalay, Guy Oseary, Nicole Muniz, Ray Fraser, and Noah Davis.

RFP No. 41: Yuga has not produced documents relating to its first awareness of RR/BAYC NFTs. However, Yuga almost certainly has internal communications regarding the Defendants' artworks, especially when they first learned of the artworks and first formed opinions about the artworks. There is no excuse for these materials to have been withheld this far in the discovery process. Please comply with your discovery obligations and produce these materials.

RFP No. 47: Yuga has not produced any materials on corrective advertising or related costs. Please provide these materials or confirm that there are none.

RFP No. 50: Yuga has not produced any communications regarding Yuga's promotion and sale of BAYC NFTs. There is no doubt that Yuga has countless internal documents and materials regarding BAYC NFTs and Yuga is under a legal obligation to produce those materials. Please provide a supplemental production promptly.

RFP No. 57: Please confirm that all Appdetex materials have been produced, including all communications with Appdetex involving enforcement of the Asserted Marks with regards to Foundation and OpenSea. If all materials have not been produced, please comply with your discovery obligations and provide a supplemental production.

**4.    Yuga's Failure To Supplement Requests For Admission:**

Yuga has failed to supplement RFA Nos. 1-52, 55-60, 63-98, 99-176, and 177-179. Yuga's bases for withholding supplemental answers are entirely baseless.

Concerning RFA 1-52, 55-60, 63-98, and 177-179, Yuga is withholding answers that go beyond stating that the RFAs are objectionable as phrased because Defendants' definition of "You" is overbroad as Yuga has too many employees to be able to answer the RFA. This objection has no merit because Yuga is a small company with only 11 full-time employees. Moreover, if Yuga feels that the definition of "You" is not workable, it is free to propose what it considers to be a reasonable definition of the term when providing a supplemental answer. Please try to be cooperative and answer these RFAs as we know that Yuga has the ability to provide supplemental answers and we would prefer to avoid needless motion practice on this issue.

Yuga did not provide any answers at all with regard to RFA Nos. 99-176 on the ground that questions relating to Yuga's use of Inflammatory Material are not relevant to this litigation. We continue to maintain that it is relevant as it is part of our refutation of Yuga's argument that any

WILMERHALE

December 31, 2022
Page 5

First Amendment activity in this case is pretextual. However, these RFAs are also relevant based on Defendants' new counterclaims for intentional infliction of emotional distress and declaratory judgment of no defamation. Please provide supplement answers accordingly.

**5.    Identify of 30(b)(6) Witness:**

Yuga has not disclosed the identity of its 30(b)(6) witness. Please provide this information so that we can adequately prepare for the deposition.

Kind regards and Happy New Year,

*[signature]*

Henry Nikogosyan