# Exhibit 13



555 California Street  
12th Floor  
San Francisco, CA 94104

415.875.2300  
Fenwick.com

Ethan M. Thomas  
EThomas@fenwick.com | 415.875.2238

January 17, 2023

VIA EMAIL

Louis Tompros  
Monica Grewal  
Scott Bertulli  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, Massachusetts 02109  
louis.tompros@wilmerhale.com  
monica.grewal@wilmerhale.com  
scott.bertulli@wilmerhale.com

Derek Gosma  
Henry Nikogosyan  
Wilmer Cutler Pickering Hale and Dorr LLP  
350 South Grand Avenue Suite 2400  
Los Angeles, CA 90071  
derek.gosma@wilmerhale.com  
henry.nikogosyan@wilmerhale.com

Re:   *Yuga Labs, Inc. v. Ripps et al.*, No. 2:22-cv-04355-JFW-JEM (C.D. Cal.),  
       Response to Defendants' December 31, 2022 Letter

Counsel:

This letter addresses issues raised in our January 10, 2023 meet and confer regarding Defendants' proposed discovery matters and your December 31, 2022 letter regarding the same. We have addressed by email Yuga Labs' issues that we raised in our December 19, 2022 letter and discussed with you on December 29, 2022 and January 10, 2023.

Most of the issues raised by Defendants are resolved by the Court's Order today denying Defendants' motion to compel. In particular, to the extent any of the issues you raised concern "Inflammatory Material," those issues "are moot, irrelevant and not proportionate to the needs of the case in view of the District Court's December 16, 2022 ruling." Order (ECF No. 87). Further, regarding discovery concerning Defendants' counterclaims, "[t]he issue is premature and not properly before the Court yet" and "whether Defendants can introduce the Inflammatory Material by the backdoor of a counterclaim is a merits issue within the province of the District Court." *Id.* We trust that eliminates the need for further discussion or a motion on those issues at this time.

January 17, 2023
Page 2

### 1. Yuga Labs' Interrogatory Responses

<u>Interrogatory No. 2</u> asks Yuga Labs to identify persons who "are responsible for or participating [sic] in the conception or creation of the BAYC NFTs and the Asserted Marks." Our response identified Wylie Aronow and Greg Solano. Your letter asks for the identity of a third party involved in the creation of the Asserted Marks.

Per the Court's January 17 Order, Yuga Labs will not supplement its response at this time.

Though our previous discussions on this topic have concerned the design of the BAYC Marks, you said on the call that Defendants now request supplementation as to (1) the technical development of the actual BAYC NFTs and (2) the graphical design of the 10,000 ape images to which the NFTs point, because this is generally relevant to the "class of products" Yuga Labs offers. As we stated, the technical development of the NFTs has no relevance to any issue in dispute. To the extent Defendants contend the design of the ape images is relevant to their copyright counterclaims, discovery into that issue is premature as the Court determined; if necessary, we will meet and confer on this topic after the Court rules on Yuga Labs' pending motion to strike and dismiss.

<u>Interrogatory No. 7</u> asks Yuga Labs to identify "the channels of trade through which each of the products or services associated with the Asserted Mark reach or will reach the ultimate consumer." Yuga Labs' response identifies several channels, including "the Internet, the Ethereum blockchain, live events, music, games, entertainment, NFT marketplaces, and social media." Your letter does not explain why you believe this response is inadequate or inaccurate, but you asked during our meet and confer for a specific enumeration of specific places where BAYC NFTs are marketed or sold, and that you intend to move to exclude any specific places not identified in such a list. We do not believe that a complete enumeration, if even possible, is required in response to this interrogatory. Nonetheless, we will supplement our response to further explain the channels through which Yuga Labs has sold and marketed BAYC NFTs.

<u>Interrogatory No. 14</u> asks Yuga Labs to identify a variety of information, including "all actions" taken in response to criticism by any person of the company or its founders, regarding "all activities" on "any Digital Platform." You stated on our meet and confer that Defendants believe this is relevant to a theory of motivation so that Defendants can prove intent as to their counterclaims of emotional distress or "no defamation." Per the Court's January 17 Order, Yuga Labs will not supplement its response at this time.

### 2. Yuga Labs' Document Productions

Generally, we disagree that Yuga Labs' document production is in any way deficient or that Defendants are entitled to more burdensome, inefficient, and intrusive discovery simply to

January 17, 2023
Page 3

achieve a larger number of non-public documents.  We will address your arguments that any specific issue has not been adequately responded to, but there is no basis to the sweeping claim that Yuga Labs needs to produce a certain number of internal documents to comply with any discovery obligation.

We briefly address your specific arguments in turn:

Request for Production Nos. 1, 2: Your letter says "we are concerned with other entities that may have created, own, and/or use trademarks asserted in this litigation."  You identified Ape Foundation in particular during our meet and confer, as well as asked for charts or other summary documents showing business relationships with third parties using Yuga Labs' marks.

Yuga Labs has produced several documents (including those identified in its supplemental response to Interrogatory No. 12) showing license agreements regarding the BAYC Marks.  We have produced documents specific to Ape Foundation, including YUGALABS_00029252 and YUGALABS_00029146.  Subject to our objections, Yuga Labs will conduct a further reasonable search for any summary documents showing trademark licensing agreements with third parties.

Request for Production No. 4: This RFP concerns "any lawsuit, judicial proceeding, administrative proceeding, U.S. Patent & Trademark Office or foreign trademark office proceeding, or arbitration relating to BAYC NFTs."  It does not apply to DMCA takedown notices.  Defendants served new RFPs on December 29, 2022, including one that does concern DMCA takedown notices.  We will respond to those RFPs when our response is due.

Request for Production No. 11: The materials you ask for are not relevant or appropriate for the same reasons as Interrogatory No. 2.  Per the Court's January 17 Order, Yuga Labs will not supplement its production at this time.

Request for Production No. 12: Yuga Labs has produced documents sufficient to show the release date of BAYC NFTs, e.g., YUGALABS_00002040.  This information is also publicly available.

On our meet and confer, you explained that you believed Yuga Labs should produce all *internal* materials showing the "full story on how these [the BAYC NFTSs] came into commerce," because those would show "activity in commerce."  You also stated that there are "probably thousands and thousands of non-public documents," and Yuga Labs should be able to afford a review of these materials because it is a billion-dollar company.  We disagree that the entirety of Yuga Labs' internal planning materials for bringing its flagship product to launch is relevant or proportionate on the basis that Defendants believe it could possibly have some unexplained relevance to their case.  Indeed, it is still unclear why the

January 17, 2023
Page 4

launch of Yuga Labs' product is relevant to Defendants' infringement of Yuga Labs' marks, when both parties have admittedly used the BAYC Marks to market and sell NFTs.  We also disagree that irrelevant and disproportionate discovery is permissible on the basis of a party's size.  The many public materials we have provided are sufficient to show use in commerce; if you have a specific, relevant issue in dispute in this litigation and related to use in commerce that you believe Yuga Labs has not provided adequate documentation for, we will of course take that into consideration.

Request for Production No. 17: Per the Court's January 17 Order, Yuga Labs will not supplement its production at this time.

Request for Production No. 25:  It is not clear what you are seeking with this request, as Yuga Labs has not claimed it used "Ape Market."  If you disagree, we will consider whether any supplemental production is necessary on this basis.

Request for Production Nos. 30, 31: Your letter apparently assumes that the allegations asserted in an unrelated class-action lawsuit are all truthful.  That assumption is not correct.  Regardless, Yuga Labs has made substantial document productions sufficient to show its marketing channels.  If you believe this is not the case, please explain your basis for that belief and we will further review for responsive materials.  The allegations in that case have no bearing on discovery in this one, and any attempt to circumvent the automatic stay of discovery in the unrelated class-action is improper.

Request for Production No. 34: It is not clear what documents Defendants believe exist regarding "efforts to remove content from the WaybackMachine or archive.org."  Even so, Defendants have not explained how any such documents would be relevant to any claim or defense.  To the extent this relates to Defendants' counterclaims or Inflammatory Materials allegations, per the Court's January 17 Order, Yuga Labs will not supplement its production at this time.

Request for Production No. 37: This request asks for documents concerning Yuga Labs' "knowledge of Mr. Ripps's work *prior to or other than RR/BAYC*" (emphasis added).  Your letter asks for something completely different: Yuga Labs' "knowledge of a junior user's use of *the Asserted Marks*" (emphasis added).  Yuga Labs has produced substantial documents showing enforcement efforts regarding its marks and has responded adequately to this request.

On our meet and confer call, you stated that Defendants want "all materials made in connection with investigations into" the four principals of RR/BAYC, because Yuga Labs "obviously" put a lot of resources into such investigations based on publicly available material that you said you would provide for us to consider, but have not.

January 17, 2023
Page 5

We disagree that RFP No. 37 relates at all to the request made in your letter, and more generally dispute the relevance of this material. You stated that it is "jury trial content," which is not a basis for discovery absent any relevance to a claim or defense; if the hope is a fishing expedition for some tangentially relevant material of an unknown nature in this sought discovery, then that obviously fails the proportionality requirement.

You also stated these materials were required for Defendants' anti-SLAPP argument on a motion for summary judgment; however, Defendants' anti-SLAPP argument has been rejected by the Court. ECF No. 62 ("Defendants' sale of what is admittedly a 'collection of NFTs that point to the same online digital images as the BAYC collection' (Motion, 6:20-21) is the only conduct at issue in this action and does not constitute an expressive artistic work protected by the First Amendment"; Defendants' activities are "all commercial activities designed to sell infringing products, not expressive artistic speech protected by the First Amendment."). Successive anti-SLAPP motions are not permissible. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 402 F. Supp. 3d 615, 714–15 (N.D. Cal. 2019) ("Nothing in the structure or the history of the California anti-SLAPP statute countenances this approach."), *aff'd*, No. 20-16068, 2022 WL 13613963 (9th Cir. Oct. 21, 2022); *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003) ("[o]nce the plaintiff's case has survived the motion, the anti-SLAPP statute no longer applies . . ."), *superseded in part by statute on other grounds*.

Request for Production No. 39: Per the Court's January 17 Order, Yuga Labs will not supplement its production at this time.

Request for Production No. 41: This request asks for documents concerning Yuga Labs' first awareness of RR/BAYC NFTs. Yuga Labs will conduct a further reasonable search for such documents and supplement its production if necessary.

Request for Production No. 47: Yuga Labs has produced financial statements and is collecting additional documents on this topic. Yuga Labs also intends to claim 25% of Defendants' revenues and marketing for corrective advertising damages, *Adray v. Adry–Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995); *Int'l Oddities v. Record*, No. CV 12-3934-CAS VBKX, 2013 WL 3864050, at *14 (C.D. Cal. July 22, 2013) (citing *Quia Corp. v. Mattel, Inc.*, Case No. CV 10–1902, 2011 WL 2749576, at *5 (N.D. Cal. July 14, 2011), but Defendants have refused to sufficiently produce that information. Nonetheless, Yuga Labs will conduct a reasonable search for further documents regarding corrective advertising and supplement its production if necessary.

Request for Production No. 50: This request concerns Yuga Labs' "promotion, advertising, or sale of BAYC NFTs." Yuga Labs has produced abundant materials on this topic, but your letter asks for "internal documents and materials" and states Yuga Labs has a "legal obligation to produce those materials." If Defendants believe they have a need for internal

January 17, 2023
Page 6

communications regarding promotional materials that is not satisfied by documents Yuga Labs has already produced, we will consider that position, including what specifically Defendants seek and how it is proportional to the needs of the case.

Request for Production No. 57: Yuga Labs has produced documents sufficient to show takedown notices through AppDetex against Ripps and representative examples concerning other infringing parties. Your letter also asks for "communications with Appdetex involving enforcement of the Asserted Marks with regards to Foundation and OpenSea." When we discussed this topic previously, we asked Defendants to provide justification for seeking communications with AppDetex in addition to evidence of actual takedown activity and you have not yet provided any justification.

To the extent this further request relates to Defendants' counterclaims, per the Court's January 17 Order, Yuga Labs will not supplement its production at this time.

### 3. Yuga Labs' Responses to Defendants' 179 Requests for Admission

Your letter states that Yuga Labs "has failed to supplement RFA Nos. 1-52, 55-60, 63-98, 99-176, and 177-179." Defendants never asked Yuga Labs to supplement these requests or discussed them with Yuga Labs until this letter, so there has been no "failure to supplement."

In any event, per the Court's January 17 Order, Defendants' requests concerning "Inflammatory Material" are not appropriate at this time, and no supplementation is required.

Further, your letter mischaracterizes one of several objections Yuga Labs made to Defendants' Requests for Admission. Defendants ask Yuga Labs to admit or deny various statements on behalf of:

> Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

Where Yuga Labs denies such requests, its denials are appropriate. Defendants do not ask Yuga Labs to admit these claims on behalf of "11 full-time employees."[1] It asks for an admission to establish a statement on behalf of every present or former agent, employee,

---

[1] Though Defendants have repeatedly and incorrectly stated that Yuga Labs has 11 employees, this is incorrect. Yuga Labs has 128 full-time employees.

January 17, 2023
Page 7

consultant, and representative; and every attorney thereof; and every agent of every such person.

Taking for example Request for Admission No. 1 ("Admit that You were aware prior to commencing this Litigation that Mr. Ripps published or posted material explaining that RR/BAYC NFTs are satirical."), Yuga Labs denied this request because it has not established that "Yuga Labs, Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf" knew that Ripps purportedly "published or posted material explaining that RR/BAYC NFTs are satirical." Defendants have yet to explain why this denial is improper.

Your request for Yuga Labs "to propose what it considers to be a reasonable definition of the term" is not reasonable, as Yuga Labs cannot amend Defendants' requests and will not admit to Requests for Admission that are not true.

Finally, we reiterate our objection that these requests were patently improper as they did not seek to resolve issues that had been explored through discovery. Rather, Defendants served these 179 requests for admission at the same time as they served their first discovery requests. These were self-evidently served to create burden and as an attempt to improperly harass Yuga Labs' employees and their family members. This is part of a disturbing pattern of behavior by Defendants both within and outside of this litigation, including but not limited to their decision to archive and produce a wedding registry page of a Yuga Labs employee and his now-spouse. The requests were inappropriate when they were served, and they are inappropriate now.

4.     **Deposition of Yuga Labs**

Yuga Labs will respond to Defendants' 30(b)(6) deposition notice of Yuga Labs and designate a witness or witnesses as required.

5.     **Supplemental Responses and Objections**

We disagree that there is anything confusing or misleading about Yuga Labs' supplemental responses and objections, which have been served in a straightforward, legible, and standard form. Your original communication on this request said that Yuga Labs' supplemental responses "do not conform to the standards of practice in Federal Court." You never provided any such authority. As you acknowledged on our call, you are asking us to re-format and re-serve our responses as a courtesy. Going forward, for future responses,

January 17, 2023
Page 8


we will consider your request regarding the format of our supplemental responses differently.


        Sincerely,

        FENWICK & WEST LLP

        */s/ Ethan M. Thomas*

        Ethan M. Thomas