# Exhibit 4

Exhibit 4
Pg. 84

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MR. RIPPS AND MR. CAHEN'S MOTION TO COMPEL**<br><br>Hearing: Jan. 24, 2023, at 10:00 p.m. |

## I. INTRODUCTION

Yuga has twisted the Court's December 16, 2022, order to justify its refusal to cooperate in discovery. Contrary to Yuga's assertion, Judge Walter *did not* hold that "the *Rogers* test does not apply in this case." Dkt. No. 69-1 at 30. Rather, Judge Walter issued a decision on a motion at the pleadings stage in which he was required to assume that Yuga's allegations were true, to determine whether the Complaint alleged plausible claims for relief. Nothing about Judge Walter's decision limits the scope of this case or the scope of discovery. In fact, Judge Walter confirmed that Yuga's "pretextual expressive work" response to Defendants' First Amendment defenses is a key issue of dispute. *See* Dkt. No. 62 at 7. Defendants seek discovery that would refute Yuga's pretext theory.

Further, contrary to Yuga's assertions, ***this is not just a trademark case***. Defendants Ryder Ripps and Jeremy Cahen have counterclaims alleging actions under copyright law, the Declaratory Judgement Act, and California state law. Defendants have alleged a claim for intentional infliction of emotional distress based on Yuga's pattern of harassing behavior. Defendants have alleged that Yuga took these actions to punish and silence the Defendants for creating artworks criticizing Yuga's use of neo-Nazi messages and imagery. Defendants have also requested a declaration of no defamation based on Yuga's public accusations that Defendants used their artworks in a way that was "slanderous," to lie about Yuga's use of racist imagery. The scope of discovery is commensurate with these counterclaims and, thus, requires Yuga to produce information under Interrogatory No. 14 and Document Requests Nos. 5, 7-9, 32-34, 39, 51, and 53.

## II. ARGUMENT

### A. Defendants Are Entitled to Discovery on Yuga's Pretext Theory

Judge Walter made clear in his December 19, 2022, order that Yuga's trademark infringement claims depend on showing that Defendants engaged in First Amendment activity only as a pretext, as Yuga has alleged. Dkt. No. 62 at 7 (holding

that use of a mark "would not be artistically relevant for a pretextual expressive work meant only to disguise a business profiting from another's trademark, which is precisely what Plaintiff has *alleged* Defendants are doing in this case" (emphasis added)). Thus, if Yuga's pretext theory is incorrect as a factual matter, its trademark claims will not prevail at trial.

Courts in this jurisdiction have recognized that a pretext theory can be refuted by showing that the speech at issue is true. *See, e.g.*, *Daniels v. G4s Secure Solutions USA, Inc.*, 8:20-cv-00283-JGB-JDEx, 2021 WL 3742039, at *12-13 (C.D. Cal. Jan. 4, 202) (granting discovery on whether reasons for not hiring were truthful or pretextual). And this is exactly what Defendants intend to do with Interrogatory No. 14 and Document Requests Nos. 5, 7-9, 32-34, 39, 51, and 53. Defendants seek discovery that would confirm the truth of their criticism and disprove that their speech activity is pretextual in any way. This discovery would effectively foreclose Yuga's trademark infringement theory and is therefore well within the scope of discovery set forth in Federal Rule 26.

**B.     Defendants Seek Discovery on Yuga's Motive and Intent**

Defendants have asserted a counterclaim for intentional infliction of emotional distress ("IIED") based on Yuga's systematic retaliation and harassment of Defendants over the course of many months. Defendants have alleged that Yuga's pattern of misconduct includes using intimidation tactics to threaten the well-being of Defendants and their families, explicit death threats by a Yuga employee, lying to the media and on public platforms to make Defendants appear to be racist or criminal, and submitting fraudulent DMCA notices to purge the internet of Defendants' artworks. Yuga has engaged in this outrageous behavior to silence Defendants' artistic criticism regarding Yuga's use of neo-Nazi messages and imagery. Defendants seek to compel discovery that would confirm Yuga's motivation and intent behind its pattern of harassing and threatening behavior.

This court has previously held that an IIED claim permits parties to take discovery into the plaintiff's theory of motive. *Burke v. Basil*, No. 82-CV-0635-JVS-JDEx, 2020 WL 7872965, at *2 (C.D. Cal. Nov. 16, 2020). In *Burke*, the plaintiff alleged that the defendant inflicted emotional distress by making "false accusations of sexual abuse to silence Plaintiff's complaints [about defendant's sexually inappropriate conduct]." *Id*. The court granted discovery into the defendant's own sexual misconduct because the truth of the defendant's misconduct would prove the plaintiff's motivation theory for his IIED claim. *Id*. Yuga has in fact conceded that "*Burke* is about what discovery a plaintiff can get into the defendant's motives for the defendant's actions" and that it concerns "classic intent discovery." Dkt. No. 69-1 at 36.

Here, Defendants' interrogatories and document requests serve a similar purpose of proving Yuga's motive. Yuga's pattern of harassment and bullying was aimed at silencing Defendants' criticism relating to Yuga's use of neo-Nazi messages and imagery. With sufficient discovery, Defendants will demonstrate motive and intent by pointing to evidence that Yuga was aware of the truth behind Defendants' criticism and, therefore, attempted to conceal that truth by silencing Defendants. In Yuga's own words, this is "classic intent discovery."

### C. Defendants are Entitled to Discovery that Shows No Defamation

Defendants have also asserted a claim for declaratory judgment of no defamation based on Yuga's repeated statements that Defendants are using their artworks to lie about Yuga's use of racist imagery. For example, Yuga sent two of its four co-founders, Wylie Aronow and Greg Solano, on the Full Send Podcast where they associated Defendants' artworks with spreading a "conspiracy theory" and lying about Yuga's use of neo-Nazi messages and imagery. These statements alone reached an audience of at least 1.7 million people. Yuga has also publicly stated that

Defendants' statements are "slanderous." Accordingly, Defendants seek a declaratory judgment that the criticism associated with Defendants' artworks is not defamatory.

Defendants Interrogatory No. 14 and Document Requests Nos. 5, 7-9, 32-34, 39, 51, and 53. seek discovery that would show no defamation based on the affirmative defense of truth. The law is clear that "[t]ruth, of course, is an absolute defense to any libel action." *Campanelli v. Regents of Univ. of Cal.*, 44 Cal. App. 4th 572, 581-582 (Cal. 1996); *see also Eisenburg v. Alameda Newspapers*, 74 Cal. App. 4th 1359, 1382 (Cal. 1999) ("In defamation actions generally, factual truth is a defense which it is the defendant's burden to prove."). Discovery relating to Yuga's use of racist messages and imagery would provide the evidence necessary to show that Defendants' criticism is true and that no defamation has occurred.

### D. Yuga's Supplements Are Inadequate

Yuga incorrectly states that it has made adequate supplements to Interrogatory No. 2 and Document Requests Nos. 17, 28, 29, and 48. Yuga's production is woefully inadequate. As noted in Defendants' January 3, 2023, supplemental memorandum (Dkt. No. 70), even including its most recent supplement, Yuga has produced ***fewer than 200 non-public documents*** in this entire litigation to date. This extraordinary deficiency after four months of discovery suggests that Yuga is not complying in good faith with its discovery obligations.

With regards to Interrogatory No. 2, Yuga provided a supplemental response stating that "Wylie Aronow, Greg Solano, and a third-party designer engaged by Wylie Aronow and Greg Solano participated in the design or creation of the Asserted Marks." Dkt. No. 70-6 at 11. This response improperly omits the identity of the third party retained by Aronow and Solano. The response also omits all designers associated with the creation of the BAYC images, which Yuga admits were marketed in commerce together with the Asserted Marks and which also contain many of the racist traits subject to discovery in this litigation.

Document Request No. 17 requests documents relating to Yuga's document retention practices. But Yuga has produced absolutely no documents responsive to this request. Yuga notes that it does not have a "formal" document retention policy, but that does not excuse producing documents that disclose Yuga's document retention practices.

Document Requests Nos. 28 and 29 request documents on lack of consumer confusion. Here, Yuga has produced only a few samples. This is not the standard for discovery. Yuga is obligated to produce *all* responsive documents in its possession after conducting a reasonable investigation, and this Court should order Plaintiff to do so.

Finally, Document Request No. 48 seeks documents relating to damages. But again, Yuga has produced absolutely no documents associated with any damages that Yuga has suffered because of Defendants' artworks.

### III. CONCLUSION

Defendants request that this Court grant Defendants' motion to compel.

Dated: January 10, 2023

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**

| | |
|---|---|
| 1 | 350 South Grand Ave., Suite 2400 |
| 2 | Los Angeles, CA 90071<br>Telephone: (213) 443-5300 |
| 3 | Fax: (213) 443-5400 |
| 4 | Attorneys for Defendants<br>*Ryder Ripps and Jeremy Cahen* |

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on January 10, 2023.

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000