# Exhibit 6

Exhibit 6
Pg. 149

consistent with the Applicable Rules and ordinary usage.

21.     Yuga Labs objects to the terms "Identify" and "Describe" as overbroad and unduly burdensome.  Yuga Labs will interpret these terms consistent with the Applicable Rules and ordinary usage.

Subject to the above General Objections, Yuga Labs responds to Defendants' First Set of Interrogatories as follows:

### RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the facts and circumstances concerning the conception and creation of Yuga, its BAYC NFT collection, and the Asserted Marks.

**RESPONSE TO INTERROGATORY NO. 1:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "conception" and "creation."  Yuga Labs objects to this interrogatory as irrelevant and overbroad to the extent it seeks information regarding the "conception and creation" of Yuga Labs or its BAYC NFT collection.  Yuga Labs objects to this interrogatory to the extent it asks Yuga Labs to describe "in detail the facts and circumstances" of each listed topic.  Yuga Labs objects to this interrogatory to the extent it seeks information that is irrelevant, immaterial, and not proportional to the needs of this case.  Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete

FENWICK & WEST LLP
ATTORNEYS AT LAW

subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least three separate requests: (1) facts and circumstances concerning the conception and creation of Yuga Labs, (2) facts and circumstances concerning the conception and creation of Yuga Labs' BAYC NFT collection, and (3) facts and circumstances concerning the conception and creation of Yuga Labs' Asserted Marks.

Subject to and without waiving the foregoing objections, Yuga Labs incorporates by reference its Complaint and responds as follows:

In 2021, Yuga Labs was formed.  BAYC was started in 2021 as a blockchain-based project designed to stand out in the sea of NFT projects.  In particular, Yuga Labs conceived of an NFT that brought with it actual utility — where, among other things, the token doubles as a holder's key to an exclusive club of community members, providing access to merch drops, online games, in-person events, NFT drops, and more.  BAYC was officially launched on April 23, 2021, and each of the 10,000 unique Bored Ape NFTs were sold for approximately $200 each at the time.

Yuga Labs decided on the name "Bored Ape Yacht Club" for a variety of reasons.  Unlike many other NFT projects around that time, Yuga Labs did not want to merely launch a project and move on to the next thing — it wanted to capture and hold people's imaginations so that a real community would grow up around the idea.  The "Bored Ape" serves in part as an homage to the early pioneers of cryptotwitter who, despite being anonymized behind a random profile picture remained accessible to the broader community.  Bored and unimpressed with their newfound status, they still boldly buy into the world of digital assets.

At its core, the central premise of Bored Ape Yacht Club is simple: members are in it along with the rest of the community of apes.  Yuga Labs also wanted to have some fun with the euphoria taking ahold in the world of NFTs broadly and set the "yacht club" home of the BAYC NFTs in a swamp bar in the Everglades.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

The Ape Skull Logo and BA YC Logo drew inspiration from maritime club patches, punk rock designs, streetwear, and skating culture.  The design elements of a black and white logo with a skull in the center can be found in various logos for groups such as motorcycle or boating clubs.  Yuga Labs shared their inspirations with a designer who provided Yuga Labs with different logo options:

          

          

          

          

          

Yuga Labs settled on a design that looked like a patch evocative of old yacht club patches.  The angle of the skull was inspired by a photograph of a real ape skull, which came from a Google image search result for "ape skull."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW



The BAYC collection is irreverent, egalitarian, and a little bit weird.  Yuga Labs wanted the collection to capture the vibe of a radical 1969 Warhol Factory party where everyone, from bikers and beatniks to bankers, were invited.  The BAYC collection has everything from S&M hats to rainbow suspenders, punk rock jackets to togas, Hawaiian shirts to Cuban guayaberas, devil's horns to halos to cowboy hats, cigars to kazoos to pizza slices, and sunglasses to robot eyes to laser beams.  With over 170 mixing and matching traits in the collection, there is an Ape that almost anyone can find themselves in.  That also means that what any one Ape looks like is

the function of this mixing and matching, not any person's purported racism. The entire concept is eclectic:  a bunch of apes hanging out in a yacht club in a swamp, drawing on a bathroom wall.

Additionally, there are two inspirations for the name of the company, Yuga Labs. The term "yuga" itself means "era" in Sanskrit. Yuga Labs is building a company for a new era:  Web3. There is also a Zelda videogame character named Yuga that turns things into 2D art, which is similar to Yuga Labs' business.

**INTERROGATORY NO. 2:**

Identify all persons who were or are responsible for or participating in the conception or creation of the BAYC NFTs and the Asserted Marks.

**RESPONSE TO INTERROGATORY NO. 2:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "responsible for," "participating in," "conception," and "creation." Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to identify "all persons"; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory as irrelevant and overbroad to the extent it seeks information regarding the "conception and creation" of its BAYC NFT collection. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

FENWICK & WEST LLP
ATTORNEYS AT LAW

BA YC logo, the BA YC BORED APE YACHT CLUB logo, and the Ape Skull logo marks was on or around April 2021. Yuga Labs further states that it used each of the Asserted Marks prior to Defendants use of their infringing marks or Yuga Labs' marks.

**INTERROGATORY NO. 10:**

Separately identify and describe in detail the facts and circumstances of Yuga's first awareness of RR/BAYC NFTs and any other products or services accused of infringing the Asserted Marks in this Litigation, including but not limited to (i) when, where, and by whom Yuga first became aware; (ii) all Documents (by Bates numbers) constituting or referring to the same; and (iii) all Persons having knowledge of the same. Your response to this Interrogatory should include without limitation: identification of Documents (by Bates numbers) upon which Yuga based its allegations against Mr. Ripps and Mr. Cahen in filing its Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

December 21, 2022 Response and Objections:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and ambiguous as to the term "first awareness." Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to "identify and describe in detail the facts and circumstances; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or

FENWICK & WEST LLP
ATTORNEYS AT LAW

competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least three separate requests, as numbered by subpart. Yuga Labs objects that Defendants have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Yuga Labs states that it was aware of Defendants infringing NFTs in 2022 after Defendants launched their infringing products.

January 31, 2023 Supplemental Response and Objections:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and ambiguous as to the term "first awareness." Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to "identify and describe in detail the facts and circumstances; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for

FENWICK & WEST LLP
ATTORNEYS AT LAW

Defendants in this case.  Yuga Labs interprets this interrogatory to consist of at least three separate requests, as numbered by subpart.  Yuga Labs objects that Defendants have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Yuga Labs states that it was aware of Defendants' infringing NFTs in 2022 after Defendants launched their infringing collection of NFTs.  Yuga Labs was aware of Ryder Ripps on or around December 6, 2021.

Additionally, pursuant to Fed. R. Civ. P. 33(d), Yuga Labs has produced materials located after a reasonable search, proportional to the needs of the case, and that are sufficient to show the date on which Yuga Labs became aware of Ryder Ripps, including but not limited to YUGALABS_00000535 and YUGALABS_00030855.

**INTERROGATORY NO. 11:**

Describe each and every instance of which you are aware in which any person has in any way distinguished, differentiated, contrasted, compared, or recognized the different origin, creator, affiliation, connection, or association of any BAYC NFT from any RR/BAYC NFT or vice versa.

**RESPONSE TO INTERROGATORY NO. 11:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague, ambiguous, and unintelligible.  Yuga Labs objects to this interrogatory as calling for a legal conclusion.  Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it refers to "each and every instance" and "any person"; Yuga Labs will provide information that is representative, proportionate, and sufficient for the needs of the case.  Yuga Labs objects to this interrogatory as overbroad and calling for information not in Yuga

FENWICK & WEST LLP
ATTORNEYS AT LAW