# Exhibit 12

Exhibit 12
Pg. 217

| | |
|---|---|
| **From:** | Ethan Thomas |
| **Sent:** | Tuesday, February 7, 2023 5:23 PM |
| **To:** | Nikogosyan, Henry |
| **Cc:** | Eric Ball; Kimberly Culp; Anthony Fares; WH Ripps-Yuga Labs Team |
| **Subject:** | RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer |

Henry,

Could you please provide a response to my question about whether Defendants are pleading fraud as part of their affirmative defenses? If so, we need to know the specific statements that form the basis for that allegation so that we can appropriately respond. We understand your position on *Seller Agency* and disagree with Defendants' interpretation for the reasons we have repeatedly stated. If you have any examples of previous cases in which alleged securities fraud was a proper basis for a defense of unclean hands to a trademark infringement case (or to any other non-securities case, for that matter), we will of course consider it.

Regarding our supplemental document productions, I am surprised to hear your accusation that "Yuga's production was missing many items that Yuga said it would produce." Can you please identify those and when we said we would produce them? Defendants unfortunately proceeded to serve a joint stipulation without discussing or attempting to resolve these purported issues, contrary to their obligations under L.R. 37-4. As to the documents about "communications with the third-party designer," Judge McDermott explicitly denied Defendants' request for discovery into that issue, and Defendants did not seek review or reconsideration of that Order, so we consider it to be binding. Defendants are of course free to argue their interpretation should they proceed with their subsequent motion on these issues, but we consider any such argument to be frivolous.

We also object to your false statement that Yuga Labs' recent productions "almost entirely consisted of public materials and were loosely related to many of the discovery issues in dispute." We refer you to internal, highly confidential materials produced as of the time of your email, including for example at Bates numbers YUGALABS_00031203, YUGALABS_00031204, YUGALABS_00031205, YUGALABS_00031298, YUGALABS_00031302, YUGALABS_00031303, YUGALABS_00031317, YUGALABS_00031472, YUGALABS_00031473, YUGALABS_00031474, YUGALABS_00031554, YUGALABS_00031555, YUGALABS_00031562, YUGALABS_00031563, YUGALABS_00031564, YUGALABS_00031565, YUGALABS_00031566, YUGALABS_00031567, YUGALABS_00031568, YUGALABS_00031569, YUGALABS_00031570, YUGALABS_00031571, YUGALABS_00031572, YUGALABS_00031573, YUGALABS_00031574, YUGALABS_00031575, YUGALABS_00031576, YUGALABS_00031577, YUGALABS_00031578, YUGALABS_00031579, YUGALABS_00031580, YUGALABS_00031581, YUGALABS_00031582, YUGALABS_00031583, YUGALABS_00031584, YUGALABS_00031585, YUGALABS_00031586, YUGALABS_00031593, and YUGALABS_00031594. These materials concern topics such as Yuga Labs' finances, marketing and channels of commerce, and enforcement. Documents we produced that were not designated as confidential are directly relevant to the issues you specifically asked us to supplement and to the claims/defenses in this case. Other than the areas where we have been discussing our disagreements as to relevance and proportionality, if there are areas where you still believe our production is inadequate, we would appreciate if you would identify them.

We continue to disagree with your reading of the Court's prior orders; though Defendants waived an appeal of Judge McDermott's January 17, 2023 Order, if the Ninth Circuit agrees Defendants' position on their motion to strike/dismiss, we will of course revisit the Court's December 16, 2022 Order consistent with any such ruling.

Finally, Yuga Labs has conducted a reasonable and proportionate search for responsive materials and has made significant document productions based on those searches.

Regards,

Ethan Thomas

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Thursday, February 2, 2023 4:59 PM
**To:** Ethan Thomas <EThomas@fenwick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Ethan,

My prior email is raising the same point that we have raised on multiple occasions now, including during our prior call.  And to be clear, let me reiterate for the **third time**.  The law in the Ninth Circuit is clear that "[t]he doctrine of unclean hands bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Seller Agency Council, Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010).  Here, Yuga acquired the rights it asserts in this litigation through public recognition of its trademarks.  However, Yuga has "dirtied his hands" in attaining that public recognition by (1) misleading the public as to the securities nature of its products and (2) misleading the public by failing to disclose that celebrities were paid endorsers for BAYC NFT.  Yuga's repeated refusal to produce materials relevant to these issues is inconsistent with the standard for discovery set forth in Federal Rule 26.

Further, Defendants withdrew their joint-stipulation out of courtesy based on Yuga's promise to produce materials by the end of January.  However, that production, once again, almost entirely consisted of public materials and were loosely related to many of the discovery issues in dispute.  Yuga's production was missing many items that Yuga said it would produce, and that Yuga's witnesses testified were given to outside counsel.  For example, Yuga has not produced the documents that multiple Yuga witnesses have testified exist concerning the design of the asserted marks -- communications with the third-party designer, the "mood board," communications concerning the selection of the name "Bored Ape Yacht Club," etc.  Nor has Yuga produced any communications concerning corrective advertising that Yuga witnesses testified about.  The practical effect of Yuga's misleading promise was that the parties have wasted weeks that could have been spent cooperating and engaging in productive discovery.

We also disagree with your reading of Judge Walter's order.  Judge Walter was ruling on a motion to dismiss and it is without question that a ruling on a motion to dismiss does not alter the scope of discovery.  To the extent Yuga disagrees, it should file a motion seeking a protective order.  Otherwise, Defendants will continue to conduct discovery into their affirmative defenses, which Yuga elected not to move to strike or dismiss despite having an opportunity to do so.

Your characterization of our discovery disputes as falling within the purview of the Judge McDermott's discovery order is similarly incorrect.  Our discovery dispute deals with trademark issues.  At no point has Judge McDermott issued a ruling on these issues.

Lastly, based on your production, it appears that Yuga is withholding all of the email, text messages, slack messages, and other communications that its employees testified were provided to counsel.  Has counsel for Yuga made any effort at all to search those materials turned over by Yuga employees for responsive materials?  If not, why not?

Regards,

Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Wednesday, February 1, 2023 12:30 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**EXTERNAL SENDER**

Henry,

Your email again raises a number of brand new points, as well as inaccuracies about our positions, which we will attempt to address in part here for sake of seeing if we can reach a resolution. If you intend to pursue any of these newly raised issues, then we ask that follow Rule 37 and properly meet and confer.

In support of your assertion that Yuga Labs may have "improperly obtained" its trademarks, you quote McCarthy for the proposition that "[w]hen … the trademark registration on which plaintiff relies was obtained by fraud, it is clear that the unclean hands defense directly relates to the subject matter of plaintiff's claim." To be clear, are Defendants pleading fraud — and if so, as to which specific statements? More generally, we still do not see how generalized allegations of wrongdoing with respect to advertising disclosures or securities laws (again, with admittedly no nexus to Defendants) serves as an absolute bar to Yuga Labs ever enforcing its trademark rights against anyone. If that is Defendants' position, the Court will have to resolve that issue (though as we have previously stated, we object to discovery into issues previously rejected by the Court, whether under an affirmative defense theory rather than a counterclaim theory). We also object to Defendants' continued attempts at irrelevant and collateral litigation.

We do not agree with your newfound and unsupported assertion that Ms. Muniz was "inadequately prepared" for her deposition. That claim is not supported by the record. Ms. Muniz testified, on behalf of the company, that she was unaware of any payments or transactions of the nature described by Defendants' line of questioning. Defendants have their answer, and they are not entitled to a remedy merely because they are unhappy with it or want the facts to be different.

You also assert that Yuga Labs "refus[ed] to produce documents relating to unclean hands based on the public availability of some of those materials." What materials are you referring to? If there are relevant and proportionate publicly available materials you believe we have not produced, please identify them and we will follow up. This is the first time we are hearing this concern. And, to be clear, our objection to Defendants' discovery requests purportedly based on unclean hands is that those requests (1) contradict the Court's December 16, 2022 Order, (2) contradict the Court's January 17, 2023 Order, and/or (3) are well beyond the scope of what is relevant and proportionate to any appropriate construal of the affirmative defense. They also seek to circumvent the court's stay of discovery in the unrelated class action, which as you may know is mandatory under the PSLRA. *See* Defendants' Dec. 31, 2022 Letter ("Yuga has not produced any documents or communications relating to Yuga's marketing activities involving MoonPay and celebrities. Given the class action lawsuit against Yuga, it is clear that there should be significant responsive materials relating to these marketing activities, including through Guy Oseary.").

As to Judge Walter's Order and Judge McDermott's Order, we believe they speak for themselves and continue to disagree with your interpretations. Judge Walter, considering Defendants' two declarations and dozens of exhibits provided for factual "background," held (among other things) that "**the Court concludes that the *Rogers* test does not apply;**" "**the *Rogers* test does not apply in this case;**" and "**Defendants' sale of what is <u>admittedly</u> a 'collection of NFTs that point to the same online digital images as the BAYC collection' (Motion, 6:20-21) is the only conduct at issue in**

this action and does not constitute an expressive artistic work protected by the First Amendment." (emphases added). Those holdings took Defendants' submissions, arguments, and admissions into account. Even considering Defendants' argument that their commercial infringement was performance art, the Court held "**[t]hese are all commercial activities designed to sell infringing products, not expressive artistic speech protected by the First Amendment**." (emphasis added). We understand that you disagree with this holding and may disagree with the standard Judge Walter applied, and Defendants have appealed on that basis, but Defendants have not sought reconsideration of this Order and it remains in effect.

Judge McDermott's Order was similarly clear in holding that discovery requests seeking "**information about Inflammatory Material**" are "**moot in view of the District Court's December 16, 2022 ruling.**" (emphasis added). And, "**the issue of whether Defendants can introduce the Inflammatory Material by the backdoor of a counterclaim is a merits issue within the province of the District Court.**" (emphasis added). Even if the Order did not formally stay discovery, the directive is clear, and we believe that yet a third "backdoor" attempt at the same materials contradicts Judge McDermott's instruction. And, as to Defendants' counterclaims more generally, Judge McDermott held that he would not rule on discovery into counterclaims "**until the District Court rules on the viability of those counterclaims.**" (emphasis added). Yuga Labs' anti-SLAPP motion and motion to dismiss are still pending before the Court, and another motion as to an issue on which Judge McDermott already held he would not rule is a waste of resources.

Finally, we have supplemented our document production and interrogatory responses where promised in an attempt to resolve Defendants' concerns. We will continue to provide any responsive and proportionate materials located through reasonable searches proportionate to the needs of the case. You now raise the new issue of an overbroad, immaterial, and disproportionate ESI search. We object to any insinuation that such discovery is appropriate at this stage in the case and given the substantial discovery we have provided to date.

If you believe a motion is still necessary despite our promised supplementation and our positions as outlined above, we intend to oppose such a motion and reserve all rights, including our right to seek fees, where any such motion contradicts a prior order from the Court.

Regards,

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Monday, January 30, 2023 1:50 PM
**To:** Ethan Thomas <EThomas@fenwick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Defendants are not trying to "open up" any topics; discovery on these issues was " but instead are seeking reasonable discovery relevant to the unclean hands defenses that have been properly pleaded since December 27, 2022. As you know, Yuga does not have any registered United States trademarks, so any rights that Yuga is attempting to enforce only exist as a result of public recognition (as Yuga itself pled in its complaint). Yuga likewise pled in its own complaint that celebrity endorsements contributed to that recognition. Yuga has obtained public recognition through deceptive practices including Yuga's celebrity endorsement scheme, and its attempt to mislead the general public about the

security nature of BAYC NFTs.  The very treatise that your email cites confirms that the unclean hands defense applies when trademark rights were improperly obtained.  *See*  J. McCarthy, McCarthy on Trademarks and Unfair Competition § 31:48 (5th ed. 2022) ("When … the trademark registration on which plaintiff relies was obtained by fraud, it is clear that the unclean hands defense directly relates to the subject matter of plaintiff's claim.").  The Ninth Circuit has also confirmed this interpretation of the unclean hands defense.  *Seller Agency Council, Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) ("The doctrine of unclean hands bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted.").

Yuga's refusal to produce documents relating to unclean hands based on the public availability of some of those materials is also improper.  Whether materials are public or non-public, Yuga has an obligation under Rule 26 to produce all relevant requested materials.  And deposition testimony from one (inadequately prepared) Yuga employee that she is not aware of celebrities receiving payment for their endorsements is not an excuse for Yuga to refuse to even search for materials in Yuga's possession.

We also disagree with your accusation that we are trying to distract from trademark issues by alluding to allegations from the securities class action against Yuga.  We are not.  Although that case certainly provides relevant context here, we are independently seeking discovery into Yuga's misconduct associated with its efforts to achieve public recognition for its marks.  This is a valid defense to trademark infringement.

Defendants are also not, as you suggest, disregarding any language from either Judge Walter's or Judge McDermott's orders.  First, Judge Walter's order was a ruling at the pleadings stage and did not preclude discovery into Defendants' First Amendment defenses.  Judge Walter repeatedly made clear that he was making a ruling on only the allegations in the Complaint.  *See* Dkt. 62 at 5 ("In deciding a motion to dismiss, a court must accept as true the allegations of the complaint"); Dkt. 62 at 7 ("Thus, as Plaintiff alleges, Defendants used Plaintiff's BAYC Marks to make their competing product looked identical to Plaintiff's produce …").  Second, Judge McDermott's order did not issue any stay on discovery relating to counterclaims and did not preclude discovery on Defendants' First Amendment defenses.  The order rules on only a specific set of discovery requests.  *See* Dkt. 87 at 1 ("Yuga need not respond to the above discovery requests [Rog. 14, RFPs 5, 7, 9, 32-34, 39, 51, and 53] at this time.").

Yuga's has promised to produce the materials that Defendants have requested by January 31, 2023 and, in reliance on that promise, Defendants have agreed to defer their motion to compel until review of those materials are complete.  We expect that Yuga will have searched all relevant locations (including the email accounts and electronic repositories that Mr. Solano and Ms. Munez identified during their depositions), and that Yuga's production will be substantially complete by this date.  If Yuga is refusing to conduct such a search, please let us know immediately.

Thank you,
Henry

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Friday, January 27, 2023 10:44 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**EXTERNAL SENDER**

Henry,

We do not agree that Defendants can open up all of these topics to discovery by merely asserting unclean hands.  "The unclean hands maxim is not a search warrant authorizing the defendant to probe into all the possible types of inequitable conduct ever engaged in by the plaintiff."  6 J. McCarthy, McCarthy on Trademarks and Unfair Competition § 31:48 (5th ed. 2022).  Nor is it an excuse to engage in collateral litigation of subjects that are immaterial to this dispute.

Defendants already have evidence on each of their three supposed theories of unclean hands.  Evidence of Yuga Labs' marketing and selling of its NFTs is publicly available and has been the subject of substantial document discovery provided by Yuga Labs.  Yuga Labs' co-President and its former CEO (testifying for Yuga Labs) have each testified that they have no knowledge of Yuga Labs paying celebrities for their NFTs.  Further, these requests are not tailored to Defendants' supposed defense of unclean hands; they seek all of the same "Inflammatory Material" that Defendants have sought (and which efforts the Court has rejected), and we dispute any such additional, backdoor attempts to obtain the same invasive, irrelevant, and objectionable discovery.  And, "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts."  *Project Strategies Corp. v. National Comm. Corp.*, 948 F. Supp. 218, 227 (E.D.N.Y. 1996) (quoting *Republic Molding Corp. v. B.W. Photo Util.*, 319 F.2d 347, 349-50 (9th Cir. 1963)).  Yuga Labs acquired the BAYC marks *before* any celebrity publicly declared their acquisition of a BAYC NFT.  Therefore, although Defendants' three factual scenarios of unclean hands are baseless, they also are unrelated to Yuga Labs' acquisition of the BAYC Marks.

Additionally, we object to Defendants' attempts to detract from the issues in this case with unrelated allegations regarding securities laws.  Your December 31 letter relies on the allegations in *Real et. al. v. Yuga Labs. Inc. et al.*, Case No. 2:22-cv-08909-FMO-PLA (C.D. Cal. Dec. 8, 2022) as a basis for discovery.  Discovery in that case is automatically stayed under the Private Securities Litigation Reform Act (PSLRA) unless and until that matter survives a motion to dismiss.  *See* 15 U.S.C. § 78u–4(b)(3)(B).  Ripps has testified that he is an ApeCoin holder, and he is therefore a potential member of the putative class in the unrelated class-action litigation.  Even setting aside the irrelevance of those issues to the claims and defenses in this case, such attempts to circumvent the stay in that proceeding through this litigation is improper.

Finally, we understand that Defendants continue to reject the plain language of both Judge Walter's and Judge McDermott's orders.  We still intend to request Yuga Labs' attorneys' fees incurred in responding to any issue in an amended joint stipulation that Defendants might serve that disregards the Court's directives to the parties.  Of course, we will wait to see your revised stipulation (if you choose to proceed one after we complete our supplement on January 31) before making that determination.

Other than our commitments to supplement our discovery responses, which we made on January 10 and reiterated at least on January 17, Yuga Labs continues to maintain its objections to Defendants' discovery positions set forth in the now-withdrawn January 17 joint stipulation.

Regards,

Ethan Thomas

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Wednesday, January 25, 2023 4:38 PM
**To:** Ethan Thomas <EThomas@fenwick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Ethan,

We respectfully disagree regarding your characterization of the law and Defendants' position.   The defense of unclean hand requires the plaintiff's conduct to relate to the subject matter of **plaintiff's claims**. *Japan Telecom, Inc. v. Japan Telecom America*, Inc., 287 F.3d 866, 870 (9th Cir. 2002).  That is precisely the case here.  Yuga's Complaint alleges that the trademarks were obtained through various market activities, including marketing the rarity of Yuga's NFTs, selling Yuga's NFTs as digital art, and celebrity endorsements.  However, Yuga failed to register its assets as securities, failed to disclose to the public that its marketing efforts related to securities, and failed to disclose that celebrities were paid to publicly endorse Yuga's digital assets.  These false and misleading representations made in connection with Yuga's marks have a direct nexus to Yuga's claims because Yuga obtained its trademark rights through these deceptive practices.  In light of the foregoing, please let us know if Yuga will change its position regarding discovery requests relating to unclean hands.

We also disagree with Yuga's interpretation of Judge Walter's order on Defendants' motion to dismiss and motion to strike at the pleadings stage.   The order repeatedly references that the decision is based on the allegations of the complaint and did not make any substantive ruling that would alter the scope of discovery.  Moreover, the parties filed a joint-report stipulating that Defendants' motion was made at the pleadings stage under the Rule 12(B)(6) standard.  Any interpretation to the contrary contradicts both the parties' stipulation and the clear language of Judge Walter's order.   We also disagree with your reading of Judge McDermott's order, which was limited to the specific discovery requests at issue and did not stay discovery on counterclaims or Defendants' First Amendment defenses.  If Yuga would like a protective order barring discovery on these issues, it can file a motion.

We understand from our meet-and-confer that Yuga is prepared to complete its document production by January 31st.  Given this, we are willing to provide a revised joint stipulation following our review of Yuga's completion of its document production.  But we fully expect Yuga's production to comply with its discovery obligations in full on the issues of unclean hands and defendants' affirmative defenses.

Thank you,
Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Monday, January 23, 2023 5:02 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**EXTERNAL SENDER**

Henry,

Thank you for speaking today.

As to Defendants' unclean hands defense, we understand that Defendants' position is that Yuga Labs allegedly marketed in a way confusing to consumers more generally, and Defendants do not contend there is a nexus between them and the alleged conduct.  You asked us to provide authority that such allegations were inadequate to assert an unclean hands defense.  Some case law on this issue includes *Japan Telecom, Inc. v. Japan Telecom Am. Inc.,* 287 F.3d 866, 870 (9th Cir.2002) (for a trademark defendant to prevail on an unclean hands defense, it "must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims"); *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009) (defendant asserting unclean hands most prove "the plaintiff's conduct directly relates to the claim which it has asserted against the defendant"), *aff'd,* 404 F. App'x 496 (Fed.

Cir. 2010); and *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010) ("the 'misconduct that forms the basis for the unclean hands defense [must be] directly related to plaintiff's use or acquisition of the right in suit.'").

We also disagree generally with Defendants' narrow reading of the order by Judge Walter and Judge McDermott as to the propriety of discovery into Defendants' *Rogers* defense, Defendants' counterclaims, and "Inflammatory Material" through other avenues such as affirmative defenses.

As discussed, our view is that Defendants' raising their unclean hands defense as a basis for discovery for the first time in the Joint Stipulation renders the disputes unripe and inconsistent with the Local Rules. Further, our position thus remains that the issues raised in Defendants' Joint Statement are also inconsistent with the Court's previous orders. We again ask Defendants to withdraw or at least revise their requests in the Joint Stipulation to address these issues. Please let us know at your earliest convenience whether Defendants plan to withdraw or revise their statement; otherwise, we will serve our response by Friday and reserve all rights.

Regards,

Ethan Thomas

[Fenwick](Fenwick) | Associate | +1 415-875-2238 | [EThomas@fenwick.com](mailto:EThomas@fenwick.com) | Admitted to practice in California and New York.

---

**From:** Ethan Thomas
**Sent:** Monday, January 23, 2023 10:25 AM
**To:** Nikogosyan, Henry <[Henry.Nikogosyan@wilmerhale.com](mailto:Henry.Nikogosyan@wilmerhale.com)>
**Cc:** Eric Ball <[EBall@fenwick.com](mailto:EBall@fenwick.com)>; Kimberly Culp <[KCulp@fenwick.com](mailto:KCulp@fenwick.com)>; Anthony Fares <[AFares@fenwick.com](mailto:AFares@fenwick.com)>; WH Ripps-Yuga Labs Team <[WHRipps-YugaLabsTeam@wilmerhale.com](mailto:WHRipps-YugaLabsTeam@wilmerhale.com)>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

Thanks, Henry. 2:30 today works for us. I can send an invitation shortly.

Ethan Thomas

[Fenwick](Fenwick) | Associate | +1 415-875-2238 | [EThomas@fenwick.com](mailto:EThomas@fenwick.com) | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <[Henry.Nikogosyan@wilmerhale.com](mailto:Henry.Nikogosyan@wilmerhale.com)>
**Sent:** Monday, January 23, 2023 8:48 AM
**To:** Ethan Thomas <[EThomas@fenwick.com](mailto:EThomas@fenwick.com)>
**Cc:** Eric Ball <[eball@fenwick.com](mailto:eball@fenwick.com)>; Kimberly Culp <[KCulp@fenwick.com](mailto:KCulp@fenwick.com)>; Anthony Fares <[AFares@fenwick.com](mailto:AFares@fenwick.com)>; WH Ripps-Yuga Labs Team <[WHRipps-YugaLabsTeam@wilmerhale.com](mailto:WHRipps-YugaLabsTeam@wilmerhale.com)>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Ethan,

We can grant an extension to January 27 in order to not needlessly kick back the hearing date. We are available today at 2:30 pm for a meet and confer.

Kind regards,
Henry

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Sunday, January 22, 2023 9:38 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**EXTERNAL SENDER**

Henry,

Your email raises new arguments that Defendants have not previously articulated, which suggests that further meet and confer could be fruitful. Moreover, as we have now stated several times (during our meet and confer call on January 10 and in subsequent correspondences), Yuga Labs will be supplementing its discovery responses as a result of that call. For this reason, we maintain that it these issues are not ripe for resolution by Judge McDermott. Finally, the Parties obviously have not met and conferred on the implications of Judge McDermott's January 17 Order, as you served Defendants' joint stipulation later that same day. For at least these reasons, we think a further meet and confer would both be productive and is required.

Please confirm by noon tomorrow, January 23, whether Defendants will either withdraw their joint stipulation or provide Yuga Labs an extension to respond until January 31 so that we may meet and confer and supplement our responses as we have repeatedly said we will do.

I am available tomorrow after 12:00 noon and Wednesday before 3:00 PM to further meet and confer.

Regards,

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Saturday, January 21, 2023 2:09 PM
**To:** Ethan Thomas <EThomas@fenwick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Ethan,

We respectfully disagree with the statements in your earlier email and we will not be withdrawing any of the issues in the joint-stipulation.

- First and foremost, Defendants have been seeking discovery on topics A, B, C, and I for more than four months. With Yuga's 30(b)(6) deposition scheduled for next Tuesday, there is an issue of timing and Defendants cannot wait any longer because Yuga's delay is causing prejudice.

- Topic D does not seek materials relating to Yuga's use of offensive messages and imagery. Instead, this topic requests documents on the creation of the Asserted Marks and related products because it sheds light on, at

9

Exhibit 12
Pg. 226

least, the channel of commerce for which the Marks and products were intended and provides additional information on whether consumers are likely to be confused regarding the RR/BAYC project.

- Topic E was discussed during our meet and confer. This topic concerns discovery relating to Document Request No. 12, which concerns the release schedule of BAYC NFTS and the BAYC-related product named Otherside. This document request was discussed on page 3 of our December 31, 2022, discovery letter. During our conference, I asked whether we should discuss this document request in more detail and you responded that further discussion would be unnecessary.

- Topics G and K are not precluded by the Court's January 17, 2023, discovery order. First, Topics G and K are closely related to Defendants' affirmative defenses, including unclean hands. Second, to the extent these topics relate to counterclaims, at no point did the Magistrate Judge stay discovery on counterclaims and, in fact, Judge Walter's procedures are clear that discovery must proceed even when a motion to dismiss is pending.

- Topic H is not precluded by the Court's January 17, 2023 discovery order either. These discovery requests relate to Defendants' defenses under the First Amendment, including the *Rogers* test. The January 17, 2023 order did not exclude discovery relating to Defendants' First Amendment defenses. Further, Defendants have properly pleaded the *Rogers* test defense, and Yuga has not disputed the sufficiency of those allegations. Accordingly, the *Rogers* test defense is part of this case and within the scope of discovery.

- Topics L-O do not seek information regarding Yuga's use of offensive messages and imagery but instead seek admission on a wide variety of trademark issues including damages, consumer confusion, marketing, and consumer sophistication. To the extent Yuga contends that these requests relate to counterclaims, we remind Yuga that there is no discovery stay on Defendants' counterclaims and Judge Walter is clear that such discovery should proceed pending a motion to dismiss.

Thank you,
Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Thursday, January 19, 2023 7:46 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**EXTERNAL SENDER**

Henry,

The discovery issues inconsistent with the Court's previous orders include at least the following:

Topic A, which concerns a response we already agreed to supplement in our meet and confer and again in our January 17 letter;

Topic B, which concerns a request for which we already agreed to conduct an additional reasonable search in our meet and confer and again in our January 17 letter;

Topic C, which concerns a discovery request for which our response is not yet due (RFP No. 4 does not concern DMCA takedowns, as we explained), and for which we already agreed to produce materials in our meet and confer;

10

Exhibit 12
Pg. 227

Topic D, which is precluded by the Court's January 17 Order;

Topic E, which concerns issues (the release schedule for Otherside) not raised in the meet and confer or in your December 31 letter, and, therefore about which Defendants have not yet met and conferred with us;

Topic G, which concerns Defendants' counterclaims and is therefore precluded by the Court's January 17 Order;

Topic H, which concerns Defendants' *Rogers* defense and is therefore precluded by the Court's January 17 Order;

Topic I, which concerns a request for which we already agreed to conduct an additional reasonable search in our meet and confer and again in our January 17 letter;

Topic K, which concerns Defendants' counterclaims and is therefore precluded by the Court's January 17 Order;

Topics L–O, which include requests concerning "Inflammatory Material" and issues Defendants argue apply to their counterclaims, and are therefore precluded by the Court's January 17 Order.

Regards,

Ethan Thomas

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Thursday, January 19, 2023 10:07 AM
**To:** Ethan Thomas <EThomas@fenwick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Ethan,

Can you please identify which discovery issues are inconsistent with the Court's order so that we can consider your request that we withdraw any portions of the joint-statement?

Kind regards,
Henry

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Thursday, January 19, 2023 9:24 AM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**EXTERNAL SENDER**

Henry,

We intend to ask the Court for attorneys' fees under Local Rule 37-4 in connection with this Joint Statement. Defendants seek discovery specifically rejected by the Court in an Order issued hours before the Joint Statement was served. Additionally, Defendants seek to compel discovery of documents Yuga Labs already agreed to search for and produce, as well as discovery on topics Defendants have never before raised. This violates the Court's previous instruction to the parties to resolve these issues through the meet and confer process.

Please let us know by close of business on Friday if you intend to withdraw these requests.

Regards,

Ethan Thomas

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Tuesday, January 17, 2023 9:01 PM
**To:** Ethan Thomas <EThomas@fenwick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** RE: Yuga Labs v. Ripps - Dec. 29 Meet and Confer

**\*\* EXTERNAL EMAIL \*\***

Counsel,

Please see the attached.

Thank you,
Henry