Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>          Plaintiff and<br>          Counterclaim Defendant,<br><br>     v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>          Defendants and<br>          Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**EX PARTE MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT AND RELATED MATERIALS**<br><br>Critical Date:  March 2, 2023 deposition<br>Discovery cut-off: April 3, 2023<br>Judge: Hon. John E. McDermott |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1

II.  ISSUES PRESENTED ......................................................................... 1

    A.   Document Request Nos. 4, 13, 35 ............................................. 1

    i.   Factual Background ................................................................... 5

    ii.  Yuga Is Obligated to Produce the Settlement in the N.D.N.Y. case
         and Related Communications ................................................... 6

III. CONCLUSION ................................................................................... 8

## I.     INTRODUCTION

Yuga Labs, Inc. ("Yuga"), a multi-billion-dollar corporation, is using scorched earth litigation tactics to stonewall discovery by forcing Defendants, who are two individuals, to brief and litigate every frivolous discovery dispute that Yuga creates. Yuga has taken its discovery misconduct to a new level in recent days by creating an emergency necessitating the Court's intervention.  Defendants are scheduled to take the deposition of third-party Thomas Lehman on March 2, 2023 and intend to ask questions regarding an affidavit that was secured through a February 3, 2023, settlement in a case involving trademark claims over the same RR/BAYC Project implicated in this litigation.  Yuga itself has placed that settlement at issue in this case by citing the related affidavit in support of its motion to dismiss Mr. Ripps and Mr. Cahen's counterclaims, and by having all three of its experts rely on it in their expert reports.  Defendants therefore need the settlement agreement and related communications to conduct the deposition of Mr. Lehman, but Yuga has flatly refused to provide it, arguing that the documents are confidential and irrelevant.  Neither argument holds water, since the Court has entered a protective order in this case and Yuga has affirmatively relied on the affidavit.  Accordingly, the Court should order Yuga to immediately produce the settlement agreement and related communications.

## II.     ISSUES PRESENTED

### A.     Document Request Nos. 4, 13, 35

Document Request No. 4

All Documents and Things relating to any lawsuit, judicial proceeding, administrative proceeding, U.S. Patent & Trademark Office or foreign trademark office proceeding, or arbitration relating to BAYC NFTs. This includes, without limitation, all pleadings; applications; motions and supporting Documents and exhibits; written discovery requests and responses thereto; privilege logs; deposition, trial, hearing, or

-1-

other testimony; deposition, trial, hearing, or other exhibits; expert reports and materials; memoranda and points of authorities, including all supporting Documents and exhibits; rulings or orders; and all hearing transcripts.

Response to Document Request No. 4

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Things" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available from the U.S. Patent & Trademark Office.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its United States trademark applications for the Asserted Marks.

-2-

1    Subject to and without waiving the foregoing objections, after

2    conducting a reasonable search proportional to the needs of the case for

3    documents within its possession, custody, or control, Yuga Labs responds

4    that it has no documents related

5    to judicial proceedings, other than this litigation, which Yuga Labs has

6    initiated regarding BAYC NFTs.

7    Document Request No. 13

8    All Documents produced or made available to Yuga by any non-

9    party or Third Party relating to this Litigation.

10   Response to Document Request No. 13

11   Yuga Labs incorporates by reference each of the General Objections

12   set forth above as if fully set forth herein. Yuga Labs objects to this request

13   as overbroad, not relevant to any claim or defense and not proportionate to

14   the needs of the case as to the use of the term "relating to." Yuga Labs

15   objects to this request to the extent it seeks disclosure of information

16   protected by the attorney-client privilege, the work product doctrine, or

17   any other applicable privilege. Yuga Labs objects to this request to the

18   extent it seeks information that is subject to any protective order, privacy

19   interest, contractual obligation, other confidentiality obligation owed to

20   any third party, or competitively sensitive or proprietary financial or

21   business information.

22   Subject to and without waiving the foregoing objections, and subject

23   to the Protective Order in this Action (ECF No. 51), Yuga Labs will

24   produce all documents produced to Yuga Labs by third parties or non-

25   parties in response to subpoenas in this litigation.

26   Document Request No. 35:

27

28

-3-

All Documents relating to any determination, charge, contention, notification, negotiation, or assertion that any Person, Entity, logo, name, or product, infringes or might infringe any Asserted Mark. This includes, without limitation, all Documents relating to any meeting, discussion, or Communication with any Person or Entity relating to any Asserted Marks.

Response to Document Request No. 35:

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome to the extent it seeks "without limitation" documents and communications "relating to any Asserted Marks" in any way. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" and to the extent it qualifies categories of information with the term "any," where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search

Case No. 2:22-cv-04355-JFW-JEM                                    EX PARTE MOTION TO COMPEL

proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

### i.     Factual Background

Approximately seven months after Yuga initiated this litigation, Yuga filed a related case in the Northern District of New York against Mr. Lehman (*Yuga Labs, Inc. v. Thomas Lehman*, Case No. 1:23-cv-000850-MAD-TWD), alleging trademark infringement claims regarding the RR/BAYC Project.  Gosma Decl. Ex. 5.  On February 3, 2023, Mr. Lehman and Yuga entered into a settlement agreement and on February 7, 2023, the N.D.N.Y. case was dismissed.  Gosma Decl. Ex. 6 at 1.  In connection with that settlement, Yuga obtained an affidavit from Mr. Lehman making a litany of controversial, out of context, and factually incorrect statements.  Gosma Decl. Ex. 7.  Yuga has since then used the declaration in this litigation as evidence, including by relying on the affidavit in three separate expert reports (damages, consumer survey, and brand equity).  Gosma Decl. ¶ 3.  Yuga has also relied on Mr. Lehman affidavit in its briefing before this Court, including in its reply in support of its motion to dismiss.  Dkt. 97, 97-3.

Defendants promptly asked Yuga to produce the confidential settlement agreement and related communications under this Court's Protective Order because it is highly relevant to, for example, the credibility of the statements in the affidavit (which Yuga and its experts have now relied on repeatedly).  On February 6, 2024, Defendants contacted Yuga asking for the production of "all documents related to and communications with Mr. Lehman and/or his counsel … regarding the settlement[.]" Gosma Decl. Ex. 8 at 7.  Defendants made this request under Documents Requests Nos. 4 (documents regarding relevant lawsuits), 13 (documents produced by third parties), and 31 (documents relating to any determination/negotiation regarding trademark infringement), all of which plainly cover the document.  *Id*.  But Yuga refused to produce these materials, stating that the settlement "documents are not

1   relevant or proportionate to the needs of this case" and are confidential.  Gosma Decl.

2   Ex. 8 at 3.

3          On February 14 and 15 Defendants also requested that the parties confer under

4   Local Rule 37-1.  Gosma Decl. Ex. 8 at 4-5.  In response to both requests, Yuga

5   refused to confer.   *Id*. 3-5.  On February 16, Defendants contacted Yuga a third time,

6   asking for a conference on February 17 and stating that they would like to "take one

7   last run at resolving this before we involve the Court."  *Id*. at 2-3.  Yuga refused to

8   confer on the 17th and instead provided its availability for February 27 (just ***three***

9   ***days*** before Mr. Lehman's deposition).  *Id*. at 1.  Yuga, which has retained countless

10  attorneys for this case, did not need an additional ten days to discuss this simple

11  discovery request.  And, as Defendants explained to Yuga, waiting until "mere days

12  before Mr. Lehman's deposition … would leave essentially no time for the parties to

13  seek the Court's assistance[.]"  *Id*. at 1.

              **ii.    Yuga Is Obligated to Produce the Settlement in the N.D.N.Y.**
14            **case and Related Communications**

15         Yuga's delay tactics, discussed above, are aimed stalling out the meet and

16  confer process and forcing Defendants to go through the costly and time-consuming

17  process of submitting a joint stipulation that almost certainly cannot be resolved prior

18  to Mr. Lehman's March 2, 2023, deposition.[1]  The e-mail exchange between the

19  parties on this issue, which Defendants urge the Court to review, evidences Yuga's

20  clear intent to delay resolution of this issue for as long as possible (for example, by

21  waiting until days have passed to respond), rather than engage in good faith.[2]

22         Yuga has taken the perplexing position that their settlement agreement and

23  related communications with one of RR/BAYC's creators is not discoverable because

24  it is (1) not relevant and (2) confidential.  Yuga's positions ring hollow considering

25

26  _____

27  [1] The e-mail exchange confirming the March 2, 2023, date for Mr. Lehman's
    deposition can be found on as Exhibit 9 to the Gosma Declaration.

28  [2] The e-mail exchange can be found as Exhibit 8 to the Gosma Declaration.

that it repeatedly relies on a controversial affidavit that was secured through Mr.
Lehman's settlement (under what conditions, Defendants still do not know).  And
Yuga's confidentiality concerns are not a valid excuse for withholding highly relevant
documents especially when considering that the Court has entered a Protective Order
in this case precisely for this reason.  *See* Gosma Decl. Ex. 2.

As an initial matter, "there is no federal privilege preventing the discovery of
settlement agreements and related documents."  *Bd. Of Trustees of Leland Stanford
Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008).  Thus,
confidential settlement agreements must be produced upon a "particularized and/or
heightened showing that the settlement information sought is relevant and likely to
lead to admissible evidence."  *Peters v. Equifax Info. Servs. LLC*, No. 12-cv-01837-
TJH (OPx), 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013).  Further, the entry
of a protective order, as there is in this case, "substantially mitigates" privacy
concerns relating to disclosure of materials relating to a confidential settlement
agreement. *O'Brien v. Johnson & Johnson Medical Devices Co.*, 19-cv-00619-CJC-
(SPx), 2020 WL 5215384, at *5 (C.D. Cal. June 24, 2020).

Defendants' request for Mr. Lehman's settlement and related communications
satisfies these particularized relevance requirements because these materials shed light
on the credibility of the assertions Mr. Lehman made in his February 3, 2023,
affidavit.  Mr. Lehman's affidavit includes several controversial statements regarding
the purpose behind the RR/BAYC NFT Project, how the project came about,
consumer confusion, trademark infringement risks, and Defendants' promotion of the
RR/BAYC NFT Project.  Many of these statements have been taken out of context or
are simply incorrect.  Yuga, after securing this affidavit through a settlement in the
related N.D.N.Y. case, has repeatedly relied on the affidavit including in three expert
reports and in its motion practice in this litigation.  Yuga's systematic dependance on

1    the affidavit confirms its importance to this case and that the document's credibility is

2    a highly relevant issue.

3         Paradoxically, Yuga is now claiming that materials relating to Mr. Lehman's

4    settlement agreement, which was ***finalized on the same day*** as Mr. Lehman's

5    affidavit, is irrelevant to the contents of the affidavit.  Yuga will likely continue to use

6    Mr. Lehman's affidavit, including during summary judgement, and as things stand

7    Defendants will be unable to use Mr. Lehman's deposition to properly inquire

8    regarding the interplay between his settlement and his affidavit.

9         Moreover, Defendants request for settlement materials in a related case

10   involving trademark claims regarding the RR/BAYC Project is plainly relevant due to

11   significant overlap of issues.  Courts in this jurisdiction have routinely required

12   production of settlement agreements in related cases or among related parties. *See Bd.*

13   *of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 521, 522*

14   *(C.D. Cal. 2008); Lytel v. Simpson*, 2006 WL 8459764, at *2 (N.D. Cal. June 23,

15   2006); *Hem & Thread, Inc. v. Wholesalefashionsquare.com, Inc.*, 2:19-cv-00283-

16   CBM-AFMx, 2020 WL 5044610, at *3-4 (C.D. Cal. June 16, 2020); *In re Banc of*

17   *California Sec. Litig.*, 2018 WL 1726237, at *1 (C.D. Cal. Apr. 6, 2018).  Although

18   there is an interest in protecting the confidentiality of settlements, those privacy

19   interests are sufficiently protected in cases, like ours, where a protective order has

20   been entered.  *O'Brien*, 2020 WL 5215384, at *5.

21   **III.    CONCLUSION**

22        For the reasons set forth above, Yuga should be compelled to produce the

23   settlement agreement in *Yuga Labs, Inc. v. Thomas Lehman*, Case No. 1:23-cv-

24   000850-MAD-TWD and all related communications.

25

26   Dated: February 17, 2023            By: /s/  *Derek Gosma*

27                                            Louis W. Tompros (*pro hac vice*)
                                             louis.tompros@wilmerhale.com
28                                            Monica Grewal (pro hac vice)

                                        -8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

-9-

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that a copy of the foregoing document was served on all attorneys

3  of record via the Court's ECF system on February 17, 2023.

4

5  Dated: February 17, 2023        By: /s/ *Derek Gosma*

6                                          Derek Gosma (SBN 274515)
                                           derek.gosma@wilmerhale.com
7                                          **WILMER CUTLER PICKERING
                                             HALE AND DORR LLP**
8                                          350 South Grand Ave., Suite 2400
                                           Los Angeles, CA 90071
9                                          Telephone: (213) 443-5300
                                           Fax: (213) 443-5400
10

11

12

**CERTIFICATE OF COMPLIANCE**

13        The undersigned, counsel of record for Ryder Ripps and Jeremy Cahen, certifies

14  that this motion consists of 8 pages complying with requirements set forth in the Local

15  Rules.

16

17  Dated: February 17, 2023        By: /s/ *Derek Gosma*

18                                         Derek Gosma (SBN 274515)
                                           derek.gosma@wilmerhale.com
19                                         **WILMER CUTLER PICKERING
                                             HALE AND DORR LLP**
20                                         350 South Grand Ave., Suite 2400
                                           Los Angeles, CA 90071
21                                         Telephone: (213) 443-5300
                                           Fax: (213) 443-5400
22

23

24

25

26

27

28

Case No. 2:22-cv-04355-JFW-JEM                          EX PARTE MOTION TO COMPEL