# Exhibit 4

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
|---|---|
| Plaintiff, | **YUGA LABS, INC.'S FIRST SUPPLEMENTAL RESPONSE TO RYDER RIPPS' AND JEREMY CAHEN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-58)** |
| vs. | |
| RYDER RIPPS, JEREMY CAHEN, | |
| Defendants. | |
| | Honorable John F. Walter |

**PROPOUNDING PARTY:**    Ryder Ripps and Jeremy Cahen

**RESPONDING PARTY:**    Yuga Labs, Inc.

**SET NUMBER:**    One (Nos. 1-58)

Fenwick & West LLP
Attorneys at Law

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") hereby objects and responds to the First Set of Requests for Production of Documents and Things (Nos. 1-58) (the "Requests" or a "Request") of defendants Ryder Ripps ("Ripps") and Jeremy Cahen ("Cahen") (collectively "Defendants") as provided below.

## GENERAL OBJECTIONS

The following general objections are stated with respect to each and every Request whether or not specifically identified in response thereto. To the extent any of these general objections is not raised in any particular response, Yuga Labs does not waive those objections.

1.     Yuga Labs objects to each request, and to the definitions and instructions it incorporates, to the extent they seek to impose obligations on Yuga Labs broader than or inconsistent with those allowed by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case (collectively, the "Applicable Rules").

2.     Yuga Labs objects to each request, and to the definitions and instructions it incorporates, to the extent it seeks information that is overbroad, unduly burdensome, irrelevant to any party's claim or defense, or is not proportional to the needs of the case.

3.     Yuga Labs objects to each request to the extent it is unreasonably cumulative and/or redundant of any other request.

4.     Yuga Labs objects to the use of the phrase "including but not limited to" as overly broad and unduly burdensome.

5.     Yuga Labs objects to each request, and to the definitions and instructions it incorporates, to the extent it calls for a legal conclusion. Yuga Labs' responses to Defendants' requests shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any terms used in such

FENWICK & WEST LLP
ATTORNEYS AT LAW

request.

6.     Yuga Labs objects to each request, and to the definitions and instructions it incorporates, to the extent that the words and phrases used therein are vague, ambiguous, misleading and/or overbroad.

7.     Yuga Labs objects to Defendants' instruction to produce "every copy" of "Each Document" produced as overbroad, unduly burdensome, and inconsistent with the Applicable Rules.

8.     Yuga Labs objects to Defendants' instruction to produce "attachments, enclosures, cover letters, memoranda and appendices," without regard to the relevance of those separate documents, as requesting irrelevant information, overbroad, and unduly burdensome.

9.     Yuga Labs objects to Defendants' instructions nos. 4 and 5 as interrogatories and beyond the requirements of the Applicable Rules for requests for production.

10.     Yuga Labs objects to Defendants' instructions regarding the organization and format of document production as beyond the requirements of the Applicable Rules.  Yuga Labs will produce documents in the form in which they are ordinarily maintained or in a reasonably usable form.

11.     Yuga Labs objects to each request, and to the definitions and instructions it incorporates, to the extent they seek disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, including Defendants' instruction to produce documents in the possession, custody, or control of Yuga Labs' attorneys.  Yuga Labs will not provide this information and any inadvertent disclosure of such information is not a waiver of any applicable privilege or protection.  *See* Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5).  Yuga Labs objects to Defendants' instructions regarding assertions of privilege to the extent they purport to impose greater obligations on Yuga Labs than those required

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

by the Applicable Rules.  Yuga Labs proposes the parties meet and confer about a mutually agreeable date for the exchange of privilege logs after a substantial portion of the production has occurred.

12.     Yuga Labs objects to each request, and to the definitions and instructions that it incorporates, seeking the production of "all Documents," and any similar request, because they fail to provide the specificity required for Yuga Labs to perform a reasonable search proportional to the needs of this case.  Yuga Labs therefore understands "all Documents," and similar language, to refer to documents that might reasonably be located through a search of sufficient locations reasonably likely to contain sufficient non-privileged and relevant documents responsive to Defendant' requests.

13.     Yuga Labs objects to the requests to the extent that they request electronic documents which are not reasonably accessible or outweigh any need for the electronic information requested.  Where Yuga Labs agrees to produce documents in response to a request, it will produce those documents in accordance with terms agreed to by the parties and subject to Yuga Labs' objections against electronically stored information or an agreement on custodians and keywords for the production of electronically stored information.

14.     Yuga Labs objects to each request, and to the definitions and instructions that it incorporates, to the extent they seek information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Yuga Labs also objects to each request, and to the definitions and instructions included, to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive business information.  Yuga Labs will only provide such relevant, non-privileged confidential (as to a third-party privacy interest or to Yuga Labs) or competitively sensitive information subject to the Protective Order in this Action (ECF No. 51).

15.     Yuga Labs objects to each request to the extent that it seeks documents not within Yuga Labs' possession, custody, or control.  Yuga Labs will not produce documents that are not in its possession, custody, or control.

16.     Yuga Labs objects to each request, and to the definitions and instructions that it incorporates, to the extent that it seeks information already in Defendants' possession or is equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, including deposition testimony, publicly available sources such as Yuga Labs' website, U.S. Patent and Trademark Office records, and Defendants' own records.

17.     Yuga Labs objects to each request to the extent that its investigation and discovery in this proceeding are ongoing, and Yuga Labs reserves the right to rely on and introduce information in addition to any information provided herein at the trial of this proceeding or in other related proceedings.  Yuga Labs responds to these requests based on its current understanding and reserves the right to supplement its responses and/or productions, and to make any additional objections that may become apparent.

18.     Each of Yuga Labs' responses to these requests is made subject to and without waiving, limiting, or intending to waive:

a. each of the above-stated general objections and reservations;

b.  the right to object on the grounds of competency, privilege, relevancy, or materiality, or any other proper grounds, to the use of the information, for any purpose, in whole or in part, in any subsequent step or proceeding in this proceeding or any other action;

c.  the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of the present proceeding; and

1      d.  the right at any time to revise, correct, and add to or clarify

2          any of the responses herein.

3      19.    Yuga Labs' failure to object on a particular ground shall not be a waiver

4  of its right to object on additional grounds.  Yuga Labs expressly reserves the right to

5  alter, amend, modify or otherwise supplement the specific objections set forth in its

6  responses to the requests below.

7      20.    To the extent that Yuga Labs states that responsive, non-privileged

8  documents will be produced in response to a particular request, such statement is not

9  a representation that any such documents or information exist, but rather that

10 responsive, non-privileged documents or information will be produced if such

11 documents or information are located in the course of a reasonable and proportionate

12 search, consistent with the General Objections and based upon Yuga Labs'

13 understanding of the request.

14     21.    Yuga Labs objects to the definition of "BAYC NFT" as vague and

15 ambiguous.  Yuga Labs will interpret this term to mean any of the 10,000 NFTs in

16 the collection of NFTs on the Ethereum blockchain known as "Bored Ape Yacht

17 Club," referred to in Paragraph 16 of the Complaint.

18     22.    Yuga Labs objects to the definition of the terms "Yuga," "You," "Your,"

19 and "Plaintiff" as overbroad, unduly burdensome, unintelligible, vague, ambiguous,

20 requesting material protected by the attorney-client privilege and work product

21 privilege, and requesting irrelevant information.  Yuga Labs will interpret these terms

22 to mean Yuga Labs, Inc. only, and will use "Yuga Labs" to refer to the same.

23     23.    Yuga Labs objects to the definition of the term "Yuga Founders" as

24 vague, ambiguous, and overbroad to the extent it includes "any other person directly

25 involved in creating Yuga."  Yuga Labs will interpret this term to mean only the

26 enumerated individuals.

27

28

24.     Yuga Labs objects to the term "Inflammatory Material" as vague, ambiguous, and irrelevant to any claim or defense in this case.

25.     Yuga Labs objects to the term "Investor(s)" as vague and ambiguous to the extent it refers to "financial support."

26.     Yuga Labs objects to the terms "Document(s)," Communication(s)," and "Thing(s)" to the extent they purport to impose greater obligations on Yuga Labs than those required by the Applicable Rules.  Yuga Labs will interpret these terms consistent with the Applicable Rules and ordinary usage.

27.     Yuga Labs objects to the terms "Identify" and "Describe" as overbroad and unduly burdensome.  Yuga Labs will interpret these terms consistent with the Applicable Rules and ordinary usage.

Subject to the above General Objections, Yuga Labs responds to Defendants' First Set of Requests for Production as follows:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to the formation of Yuga.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs

Fenwick & West LLP
Attorneys at Law

objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the current organizational and ownership structure of Yuga, including, but not limited to, any parents, affiliates, or other related Entities, as well as partners, partnerships, members, corporations, trusts (including, but not limited to, any trust beneficiaries), or shareholders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case. Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all of: (a) Yuga's current officers, directors, and managing agents and (b) Yuga's current employees and their duties and responsibilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative individuals employed by Yuga Labs and their roles.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Things relating to any lawsuit, judicial proceeding, administrative proceeding, U.S. Patent & Trademark Office or foreign trademark office proceeding, or arbitration relating to BAYC NFTs. This includes, without limitation, all pleadings; applications; motions and supporting Documents and

FENWICK & WEST LLP
ATTORNEYS AT LAW

exhibits; written discovery requests and responses thereto; privilege logs; deposition, trial, hearing, or other testimony; deposition, trial, hearing, or other exhibits; expert reports and materials; memoranda and points of authorities, including all supporting Documents and exhibits; rulings or orders; and all hearing transcripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Things" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available from the U.S. Patent & Trademark Office.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its United States trademark applications for the Asserted Marks.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody, or control, Yuga Labs responds that it has no documents related

to judicial proceedings, other than this litigation, which Yuga Labs has initiated regarding BAYC NFTs.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to Yuga's decision to file this Litigation, including without limitation all Documents relating to plans, suggestions, decisions, discussions, or contemplated action regarding the bringing or institution of this or any action against Mr. Ripps and Mr. Cahen, including without limitation any Communication between Yuga and any other Person or Entity concerning the alleged infringement by Mr. Ripps and Mr. Cahen, all corporate minutes and all other Documents concerning meetings of the Board of Directors, Executive Committee, other board committees, stockholders or any other of Yuga's corporate boards, committees, or subcommittees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications between Yuga and Guy Oseary relating to Inflammatory Material, this Litigation, Mr. Ripps or Mr. Cahen, RR/BAYC NFTs, or any content relevant to any claim or defense in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and harassing. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request as presented for an improper purpose, including to harass. Yuga Labs will not produce documents in response to this objectionable and harassing request, and Yuga Labs' objections are not a representation that any responsive documents exist. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded and argumentative assertion regarding "Inflammatory Material." Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation. Yuga Labs will continue to debunk their lies in the public marketplace. Unlike Defendants though, Yuga Labs will not abuse

FENWICK & WEST LLP
ATTORNEYS AT LAW

this proceeding by submitting reams of false, irrelevant, and improper material.  Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to the relationship between Yuga and any person or entity involved in Yuga's response to RR/BAYC NFTs, Mr. Ripps's commentary regarding Yuga, or the use of Inflammatory Material in connection with the BAYC NFTs collection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague and ambiguous as to the terms "response" and "relationship."  Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case, especially to the extent it seeks all documents about relationships relating to issues irrelevant to any trademark claims.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively

FENWICK & WEST LLP
ATTORNEYS AT LAW

sensitive or proprietary financial or business information.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded and argumentative assertion regarding the "use of Inflammatory Material in connection with the BAYC NFTs collection."  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation.  Yuga Labs will continue to debunk their lies in the public marketplace.  Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material.  Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to Yuga's cooperation with third parties, including but not limited to press specialists, advertising agencies, and market research entities, for responding to the public criticism regarding Yuga's use of Inflammatory Material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague and ambiguous as to the term "cooperation."  Yuga Labs objects to the term "public criticism" as vague, ambiguous, and argumentative.  Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the

FENWICK & WEST LLP
ATTORNEYS AT LAW

case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the term "public criticism" as vague, argumentative, and calling for a legal conclusion.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded and argumentative assertion regarding "Yuga's use of Inflammatory Material."

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation.  Yuga Labs will continue to debunk their lies in the public marketplace.  Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material.  Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to Yuga's efforts to disprove, discredit, silence, or otherwise respond to persons or entities commenting on Yuga's use, or alleged use, of Inflammatory Material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague, ambiguous, and argumentative.  Yuga Labs objects to this request as not relevant to any claim or defense and as not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded assertion regarding "Yuga's use, or alleged use, of Inflammatory Material."

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation.  Yuga Labs will continue to debunk their lies in the public marketplace.  Unlike Defendants though, Yuga Labs will not abuse

FENWICK & WEST LLP
ATTORNEYS AT LAW

this proceeding by submitting reams of false, irrelevant, and improper material. Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims. Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to any actual or planned transfer of rights in any BAYC Mark or any BAYC NFT-related intellectual property, whether by license, assignment, covenant, sale, auction, divestiture, change of ownership, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, and not proportionate to the needs of the case to the extent it seeks documents relating to "any BAYC NFT-related intellectual property," "planned" transfers, or transfers to which Yuga Labs is not a party. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control. Yuga Labs objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show Yuga Labs' transfers or licenses of rights under the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications showing or relating to the conception, creation, design, or development of the BAYC NFTs and the Asserted Marks, including but not limited to the conception, creation, design, or development of the name "Yuga Labs"; the BA YC BORED APE YACHT CLUB Logo referenced in Paragraph 38 of the Complaint; and websites, games, puzzles, awards, and Digital Platform posts relating to BAYC NFTs, including but not limited to the Bored Ape Yacht Club metaverse known as "Otherside" and Jimmy the Monkey Puzzle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, and not proportionate to the needs of the case to the extent it seeks documents relating to "the conception, creation, design, or development of the BAYC NFTs and the Asserted Marks." Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual

FENWICK & WEST LLP
ATTORNEYS AT LAW

obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to  the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show how the Asserted Marks were created or designed.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications showing or relating to the release and release schedule for BAYC NFTs, including but not limited to the date the artwork corresponding to newly-minted BAYC NFTs was revealed to respective owners, and the Bored Ape Yacht Club metaverse "Otherside," including but not limited to the launch date for "Otherside."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not relevant to any claim or defense and not proportionate to the needs of the case.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents produced or made available to Yuga by any non-party or Third Party relating to this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not relevant to any claim or defense and not proportionate to the needs of the case as to the use of the term "relating to."  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce all documents produced to Yuga Labs by third parties or non-parties in response to subpoenas in this litigation.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Things that Yuga may seek to use or to examine or impeach any witness at a deposition, hearing, motion or brief, or the trial in this Litigation.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague and overbroad to the extent it seeks documents Yuga Labs "may seek to use . . . ."  Yuga Labs objects to this request as premature, as discovery and Yuga Labs' investigation are ongoing.

Subject to and without waiving the foregoing objections, and the Protective Order in this Action (ECF No. 51), Yuga Labs will produce documents it intends to rely on in this litigation.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Things that Yuga references, incorporates, or discusses in the Complaint, including but not limited to all images included in the Complaint and all websites referenced, incorporated, or discussed in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available, including in the Complaint.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce documents identified in the Complaint.  Yuga Labs will also produce non-privileged, relevant, responsive documents within its possession, custody, or control located after a reasonable search proportional to the needs of the case sufficient to support the material allegations identified in the Complaint.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Things identified in, requested to be identified in, or otherwise relating to any interrogatory served in this Litigation, or in any Yuga response or supplemental response to any interrogatory served in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague and overbroad to the extent it seeks documents "otherwise relating to any interrogatory." Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce documents identified in its responses to Defendants' interrogatories.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Things relating to Yuga's past and present procedures and policies for generating, maintaining, retaining, and disposing of Documents and Things (whether maintained in paper form or by other storage methods, such as electronically stored information).

FENWICK & WEST LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not relevant to any claim or defense and not proportionate to the needs of the case because Yuga Lab's "procedures and policies" sought by this request are not at issue in this litigation.   Yuga Labs objects to this request as seeking disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody, or control, Yuga Labs responds that prior to the filing of this lawsuit, it had no documents related to general document retention policies.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to any pre-use or pre-application clearance search conducted with respect to the Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request as vague and overbroad as to the use of the term "relating to" and "with respect to."  Yuga Labs objects to this request as irrelevant, especially to the extent that the Defendants admit that they copied and used Yuga Labs'

trademarks.  Yuga Labs objects to this request as seeking disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.   Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody, or control, Yuga Labs responds that it has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to the first use of each Asserted Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, and not proportionate to the needs of the case to the extent it seeks documents "relating to" the first use of each Asserted Mark.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents," where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request as irrelevant, especially to the extent that the Defendants admit that they copied and used Yuga Labs' trademarks.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial

FENWICK & WEST LLP
ATTORNEYS AT LAW

or business information.  Yuga Labs objects to this request to the extent it calls for a legal conclusion.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks before Defendants' use.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show all uses of the Asserted Marks after the first known use of each Asserted Mark, including but not limited to uses in advertisements, websites, products, and posts on Digital Platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, especially to the extent it is requesting documents sufficient to show "all uses" of the Asserted Marks. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request as irrelevant, especially to the extent that the Defendants admit that they copied and used Yuga Labs' trademarks.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, to the extent it seeks documents showing third-party and/or unauthorized uses of the Asserted Marks.  Yuga Labs objects to the

extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks prior to Defendants' use.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to Yuga's filing of applications to register trademarks, service marks or other indicia of origin for each of the Asserted Marks including federal, state, and foreign trademark registrations and/or applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available from the U.S. Patent & Trademark Office.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its United States trademark applications for the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications relating to Yuga's past and present trademark registrations and/or applications for trademarks other than the Asserted Marks including federal, state, and foreign trademark registrations and/or applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available from the U.S. Patent & Trademark Office.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its United States trademark applications for the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to all products, goods, services, events, and promotional materials that are identified or expected to be identified by the Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required, and to the extent it relates to "all" items requested. Yuga Labs objects to this request as overbroad and not relevant to any claim or defense to the extent it refers to "expected" "products, goods, services, events, and promotional materials" not yet in existence. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks and the goods and services offered by Yuga Labs in connection with the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to the adoption and use of any domain name including any of the Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required, and to the extent it relates to "all" items requested. Yuga Labs objects to this request as vague and overbroad as to the terms "adoption and use." Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available through a WHOIS search.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged,

FENWICK & WEST LLP
ATTORNEYS AT LAW

relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show the domain names used in connection with its Asserted Marks.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to Yuga's use of "Ape Market," "ApeMarket," "ApeMarketPlace" or any other similar term in connection with any domain name, product, service, or event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, and not proportionate to the needs of the case. Yuga Labs objects to the term "similar term" as vague and ambiguous. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the sophistication of the consuming public for BAYC NFTs or any other product, good, service, or event that the Asserted Marks identify.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to the request as vague and ambiguous, and as calling for a legal conclusion.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative categories of consumers of goods and services offered by Yuga Labs in connection with the Asserted Marks.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to any interaction with persons or entities who: (1) expressed any intention to contact Yuga or any of its employees, agents, representatives, or affiliated entities with regard to any of the Asserted Marks, (2) expressed any confusion about the origination of any goods or services identified by any of the Asserted Marks, (3) expressed any belief as to the association of any of the Asserted Marks with either BAYC NFTS or goods and services related to BAYC NFTs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad and disproportionate.  Yuga Labs objects to this request as calling for a legal conclusion.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required, and to the extent it is requesting all materials "relating to any interaction" concerning the three enumerated categories.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available

FENWICK & WEST LLP
ATTORNEYS AT LAW

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its use of the Asserted Marks and representative instances of confusion caused by Defendants' use of the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications in which any person or entity, including but not limited to Yuga's consumers and/or BAYC collectors, distinguishes or differentiates RR/BAYC NFTs from BAYC NFTs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as vague, ambiguous, and unintelligible. Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more

FENWICK & WEST LLP
ATTORNEYS AT LAW

convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative instances of confusion caused by Defendants' use of the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to any research on consumers distinguishing RR/BAYC NFTs from BAYC NFTs, including but not limited to surveys, market studies, data collection/analytics, and analyses from third-parties, agencies, firms, or other entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as a premature demand for expert discovery and an expert report; Yuga Labs will produce any expert evidence regarding damages as required by Fed. R. Civ. P. 26(a)(2). Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy

interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody, or control, Yuga Labs responds that it has no documents related to "research on consumers distinguishing RR/BAYC NFTs from BAYC NFTs."

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications relating to Yuga's cooperation with third parties aimed at popularizing BAYC NFTs, including but not limited to entities such as MoonPay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague and ambiguous, including as to the term "popularize."  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request's unfounded and argumentative assertion that such documents, including concerning MoonPay, exist in its possession, custody, or control, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show its marketing of the goods and services offered by Yuga Labs in connection with the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications relating to any agreements or efforts to enter into agreements in which a BAYC NFT is given, exchanged, or sold to a celebrity, influencer, or any other public person, including but not limited to any non-disclosure agreements or arrangements with third parties/entities in furtherance of giving, exchanging, or selling a BAYC NFT to a celebrity, influencer, or any other public person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad and not relevant to any claim or defense.  Yuga Labs objects to the terms "celebrity, influencer, or any other public person" and the phrase "efforts to enter into agreements" and the phrase "arrangements" as vague and ambiguous.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product

36

FENWICK & WEST LLP
ATTORNEYS AT LAW

doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody, or control, Yuga Labs responds that it has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications relating to Yuga Founders's activities on any Digital Platform, including but not limited to 4chan.org, Twitter, and Instagram, relating to Inflammatory Material, this Litigation, Mr. Ripps or Mr. Cahen, RR/BAYC NFTs, or any content relevant to any claim or defense in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and harassing.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" relating to all "activities" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are

FENWICK & WEST LLP
ATTORNEYS AT LAW

equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.  Yuga Labs objects to this request as presented for an improper purpose, including to harass.  Yuga Labs will not produce documents in response to this objectionable and harassing request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded and argumentative assertion that such documents concerning Inflammatory Material exist in its possession, custody, or control.

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation.  Yuga Labs will continue to debunk their lies in the public marketplace.  Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material.  Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications identifying the public usernames that Yuga Founders have used or currently use on Digital Platforms, including but not limited to 4chan.org, Twitter, and Instagram, including the usernames for anonymous posts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and harassing.  Yuga

FENWICK & WEST LLP
ATTORNEYS AT LAW

Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request as presented for an improper purpose, including to harass.  Yuga Labs will not produce documents in response to this objectionable and harassing request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation.  Yuga Labs will continue to debunk their lies in the public marketplace.  Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material.  Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications relating to requests with WaybackMachine, or archive.org/web/ relating to the removal of internet archives in connection with BAYC NFTs, Yuga Founders's User Accounts on Digital Platforms, Yuga Founders's anonymous posts on Digital Platforms, including archives of profiles, posts, and comments on Digital Platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and harassing. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation. Yuga Labs will continue to debunk their lies in the public marketplace. Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material. Nor

FENWICK & WEST LLP
ATTORNEYS AT LAW

will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to any determination, charge, contention, notification, negotiation, or assertion that any Person, Entity, logo, name, or product, infringes or might infringe any Asserted Mark. This includes, without limitation, all Documents relating to any meeting, discussion, or Communication with any Person or Entity relating to any Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome to the extent it seeks "without limitation" documents and communications "relating to any Asserted Marks" in any way.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" and to the extent it qualifies categories of information with the term "any," where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged,

FENWICK & WEST LLP
ATTORNEYS AT LAW

relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents relating to Mr. Ripps and Mr. Cahen, including, without limitation, all Documents relating to any alleged infringement or non-infringement of any Asserted Mark by Mr. Ripps or Mr. Cahen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" and to the extent it contains no limitation as to subject matter, where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to

FENWICK & WEST LLP
ATTORNEYS AT LAW

support the allegations in the Complaint regarding Defendants' infringement of the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to Yuga's knowledge of Mr. Ripps's work prior to or other than RR/BAYC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as vague, ambiguous, and unintelligible, including the failure to identify any prior work. Yuga Labs objects to this request as not relevant to any claim or defense, overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required and because it is not limited to any relevant time period. Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to Mr. Ripps work, experience, recognition, or accomplishments as an artist.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague, ambiguous, unintelligible, and argumentative, including as to how Mr. Ripps is considered  an "artist" or has "accomplishments."  Yuga Labs objects to this request as not relevant to any claim or defense, overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications using or relating to the use of any of the following terms: "RR/BAYC," "Ryder Ripps Bored Ape Yacht Club," "Ryder Ripps," "Ripps," "satire," "appropriation," "appropriation art," "conceptual art," "Philip Rusnack," "Rusnack," "Hyperborea," "Miguel Serrano," "Serrano," "Sunny," "Sonya," "Ariosophy," "Bronze Age Pervert," "Jordan Peterson," "Peterson," "Milady," "Charlie," "Brahmin," "Dugin," "Theozoology," "Thule," "Rudolf Hess," "Hess," "Online Ceramics," "Caste," "Manny," "Manual Marrero," "Marrero," "Churchill's," "Trump," "Peter Aufschnaiter," "Aufschnaiter," "Prussia,"

FENWICK & WEST LLP
ATTORNEYS AT LAW

"Reich," Kaliyug," "Andreessen," "Pearpop," "Bibles," "Terror House," "Matt Forney," "Forney," "Philion," "Kali Yuga," "Surf," "Guenon," "Sufi," "Indra," "Shiva," "Evola," "ride the tiger," "Kalki," "Cowabunga," "Boogaloo," "April 30," "Nazi," "neo-Nazi," "troll," or "#BURNBAYC."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense, harassing, overbroad, not proportionate to the needs of the case, and unduly burdensome, including to the extent it is requesting "[a]ll Documents and Communications" and to the extent it contains no limitation as to subject matter, where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to the phrase "using or relating to the use of" as vague, ambiguous, unintelligible, and overbroad. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Additionally, Yuga Labs objects to the terms "RR/BAYC," "Ryder Ripps Bored Ape Yacht Club," "Ryder Ripps," "Ripps," and "#BURNBAYC" as overbroad, not proportionate to the needs of the case, and unduly burdensome. Yuga Labs objects to the terms "satire," "appropriation," "appropriation art," "conceptual art," "Philip Rusnack," "Rusnack," "Hyperborea," "Miguel Serrano," "Serrano," "Sunny," "Sonya," "Ariosophy," "Bronze Age Pervert," "Jordan Peterson," "Peterson," "Milady," "Charlie," "Brahmin," "Dugin," "Theozoology," "Thule," "Rudolf Hess," "Hess," "Online Ceramics," "Caste," "Manny," "Manual Marrero," "Marrero," "Churchill's," "Trump," "Peter Aufschnaiter," "Aufschnaiter," "Prussia,"

FENWICK & WEST LLP
ATTORNEYS AT LAW

"Reich," Kaliyug," "Andreessen," "Pearpop," "Bibles," "Terror House," "Matt Forney," "Forney," "Philion," "Kali Yuga," "Surf," "Guenon," "Sufi," "Indra," "Shiva," "Evola," "ride the tiger," "Kalki," "Cowabunga," "Boogaloo," "April 30," "Nazi," "neo-Nazi," and "troll" as not relevant to any claim or defense, harassing, argumentative, based on false premises, overbroad, and not proportionate to the needs of the case.

Subject to and without waiving the foregoing objections, and following the parties' meet and confer in which Defendants did not identify a basis for this request that is not intended to harass or create misleading narratives and is calculated to lead to the discovery of documents relevant to this trademark litigation, proportional to the needs of the case, Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.

And as repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation. Yuga Labs will continue to debunk their lies in the public marketplace. Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material. Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims. Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents evidencing, demonstrating, or relating to Yuga's assertions that RR/BAYC NFTs or related product infringes any Asserted Mark including but not limited to all Documents and Things that Yuga intends or plans to use to support its allegations that Mr. Ripps and Mr. Cahen have infringed the Asserted Marks.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overboard and not proportionate to the needs of the case to the extent it seeks documents "evidencing, demonstrating, or relating to" Yuga Labs' assertions. Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and overbroad. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs also to this request as premature to the extent it seeks documents regarding Yuga Labs' "assertions" or documents Yuga Labs "plans to use," as discovery and Yuga Labs' investigation are ongoing. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to support the allegations in the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 41:**

All Documents relating to Yuga's first awareness of the existence of RR/BAYC, or any other products/activities Yuga accuses of infringing the Asserted Marks in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense and overbroad as to the timing of Yuga Labs' "awareness" of Defendants' infringement of the Asserted Marks.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents," where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to support the allegations in the Complaint regarding Defendants' infringement of the Asserted Marks.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 42:**

All Documents relating to, supporting, or contradicting each allegation stated in the Complaint, including without limitation all Documents Yuga contends support or refute each such allegation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this Request as vague, ambiguous, and unintelligible insofar as it fails to identify the documents sought by the Request. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents," where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available. Yuga Labs objects to this request to the extent it calls for a legal conclusion. Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to support the allegations in the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 43:**

All Documents relating to Communications within Yuga or between Yuga and any Person, Entity, or Third Party relating to any Asserted Mark in this Litigation. This request includes, without limitation, any Communications concerning (1) any licensing of the Asserted Mark, including covenants not to sue, and/or settlement of any claims, (2) any alleged infringement of the Asserted Marks, (3) any offer or plan to, sell or auction any interest in the Asserted Marks, (4) and any alleged notice provided by Yuga to any Third Parties about any Asserted Mark, including without limitation any notice reflecting Yuga's contention that any Third Party was or is infringing any of the Asserted Marks. This request also includes, without limitation, Communications between Yuga and any Entities that currently hold or previously held ownership or any interest in the Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to the term "Documents relating to Communications" as vague, ambiguous, and unintelligible.  Yuga Labs objects to this request as overbroad and duplicative of other requests, such that any response to this request would be duplicative and unreasonably cumulative, and to the extent the request is not duplicative of other requests it is vague, ambiguous, and unintelligible as to what documents it asks Yuga Labs to produce.  Yuga Labs objects to this request as not relevant to any claim or defense, overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents," where a subset of documents would be sufficient, should any response be required. Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product

FENWICK & WEST LLP
ATTORNEYS AT LAW

doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Things that Yuga has provided to actual or prospective Investors or business partners in connection with seeking any actual or potential investment in Yuga or business deals for Yuga, including, but not limited to, prospectuses, pitch books, pitch decks, financial overviews, and business models since December 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, overbroad, and not proportionate to the needs of the case, because documents and things provided to investors are not at issue in this litigation and because this request is unlimited as to subject matter of said documents and things.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Things" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and irrelevant request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the

FENWICK & WEST LLP
ATTORNEYS AT LAW

extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents constituting or concerning any license, sub-license, settlement, covenant not to sue, or any other agreement under which Yuga, or any other Person has granted or received any rights concerning the Asserted Marks, including without limitation Documents sufficient to identify any and all royalty or other payments made to Yuga under such license, sub-license, settlement, covenant, or other agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and calling for a legal conclusion. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to

Fᴇɴᴡɪᴄᴋ & Wᴇsᴛ LLP
Aᴛᴛᴏʀɴᴇʏs ᴀᴛ Lᴀᴡ

show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks and Yuga Labs' use of and marketing under the Asserted Marks and Yuga Labs' transfers or licenses of rights under the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify each product sold and/or process performed under license of the Asserted Marks, and any remuneration Yuga receives or has received for such sale or performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome to the extent it seeks "each product" and "process," and remuneration for each "such sale or performance," where representative documents would be sufficient, should any response be required. Yuga Labs objects to the term "remuneration" as vague and ambiguous. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to this request to the extent it calls for a legal conclusion. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to

FENWICK & WEST LLP
ATTORNEYS AT LAW

show representative examples of Yuga Labs' use of and marketing under the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning any alleged damage or injury that Yuga has suffered or will suffer as a consequence of Mr. Ripps and Mr. Cahen's RR/BAYC NFTs and any related products that Yuga accuses of infringing the Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as calling for a legal conclusion. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request as premature, as discovery, Yuga Labs' investigation, and Defendants' infringement and resulting harm therefrom are ongoing. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to

FENWICK & WEST LLP
ATTORNEYS AT LAW

show representative examples of Yuga Labs' harm caused by Defendants' infringement of the Asserted Marks and documents sufficient to support Yuga Labs' damages claims.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents, audited or un-audited, sufficient to show Yuga's revenues, profits, and losses from inception to present in relation to BAYC NFTS, including but not limited to all income statements, balance sheets, and cashflow statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense and overbroad. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control located after a reasonable search proportional to the needs of the case sufficient to show its profits and losses beginning on January 1, 2022.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents concerning any investor agreement, funding agreement, financing agreement, lending agreement, profit-sharing agreement, or any

FENWICK & WEST LLP
ATTORNEYS AT LAW

understanding, including any request and/or offer, to invest money in or lend money to Yuga or any other Person, relating to this Litigation, the enforcement of the Asserted Marks, and/or the maintenance of the Asserted Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense.

Subject to and without waiving the foregoing objections, after conducting a reasonable search proportional to the needs of the case for documents within its possession, custody, or control, Yuga Labs responds that it has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications that detail Yuga's promotion, advertising, or sale of BAYC NFTs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as vague and ambiguous as to the term "detail." Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to the extent that the requested

FENWICK & WEST LLP
ATTORNEYS AT LAW

documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' marketing under the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications of the Yuga Founders that involve or include Inflammatory Material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and harassing.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs will not produce documents in response to this objectionable and harassing request, and Yuga Labs' objections are not a representation that any responsive documents exist.  Yuga Labs objects to this request to the extent it seeks information that is subject to any privacy interest.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded and argumentative assertion that such documents concerning Inflammatory Material exist in its possession, custody, or control.

FENWICK & WEST LLP
ATTORNEYS AT LAW

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation. Yuga Labs will continue to debunk their lies in the public marketplace. Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material. Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims. Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications regarding NFT collections with artwork that depicts images similar to those depicted in the BAYC NFTs, including Grandpa Ape Country Club, Bored Ape Solana Club, or any of the other collections referenced in Exhibit 1 to the Declaration of Mr. Ripps in support of Defendants's anti-SLAPP motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as vague, ambiguous, and unintelligible. Yuga Labs objects to this request as overbroad, not relevant to any claim or defense, and calling for a legal conclusion. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively

FENWICK & WEST LLP
ATTORNEYS AT LAW

sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications that show the Yuga Founders association with any neo-Nazi, white power, or racist groups, including American National Socialist Party, American Nazi Party, National Socialist Movement, Aryan Freedom Network, the Proud Boys, the Boogaloo Boys, the Ku Klux Klan, Identity Evropa, League of the South.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, not proportionate to the needs of the case, and harassing.  Yuga Labs objects to this request as calling for information not in Yuga Labs' possession, custody, or control, and Yuga Labs objects to Defendants' unfounded and argumentative assertion that such documents concerning this subject matter exist in its possession, custody, or control.  Yuga Labs will not produce documents in response to this objectionable and harassing request, and Yuga Labs' objections are not a representation that any responsive documents exist.

FENWICK & WEST LLP
ATTORNEYS AT LAW

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation. Yuga Labs will continue to debunk their lies in the public marketplace. Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material. Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants' false claims. Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications regarding any claim or allegation that Yuga has infringed, diluted, or otherwise violated the Trademark rights of any Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this request as not relevant to any claim or defense and overbroad. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this request to the extent it calls for a legal conclusion. Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged,

FENWICK & WEST LLP
ATTORNEYS AT LAW

relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relating to any agreement between Yuga and another Person in which Yuga has agreed not to use any term identical to, similar to, or confusingly with any other term or Trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, overbroad, and calling for a legal conclusion.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications relating to any agreement between Yuga and another Person in which Yuga has acquired rights, whether by license or assignment, to any of the Asserted Marks, including any registrations or applications to register such marks anywhere in the world.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this request to the extent it calls for a legal conclusion.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available from the U.S. Patent & Trademark Office.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show Yuga Labs' ownership of rights in the Asserted Marks that it licensed rights in the Asserted Marks to third parties.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications involving Focus IP, Inc. dba Appdetex regarding the Defendants, the RR/BAYC NFT collection, Defendants' alleged use of the Asserted Marks, and Defendants' artwork corresponding to the BAYC NFTs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as vague, ambiguous, and calling for a legal conclusion as to the phrase "Defendants' artwork corresponding to the BAYC NFTs."  Yuga Labs objects to this request as overbroad. Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Communications" where a subset of documents would be sufficient, should any response be required.  Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to show representative examples of Yuga Labs' enforcement of its rights in the Asserted Marks.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Things showing what text and graphics Yuga displayed to Persons who minted or attempted to mint BAYC NFTs, including screenshots of any webpages to which such Persons connected their Ethereum-enabled wallets and any webpages such Persons used to effect minting or purchase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this request as not relevant to any claim or defense, overbroad, and not proportionate to the needs of the case.  Yuga Labs objects to this request as vague, ambiguous, and unintelligible.  Yuga Labs objects to this request as overbroad, not proportionate to the needs of the case, and unduly burdensome, including because it requests "[a]ll Documents and Things" where a subset of documents would be sufficient, should any response be required. Yuga Labs objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to the extent that the requested documents are equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, and subject to the Protective Order in this Action (ECF No. 51), Yuga Labs will produce non-privileged, relevant, responsive documents within its possession, custody, or control, if any, located after a reasonable search proportional to the needs of the case sufficient to

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    show its use of the Asserted Marks and the goods and services offered by Yuga Labs

2    in connection with the Asserted Marks.

3

4    Dated:  December 21, 2022          FENWICK & WEST LLP

5                         By:     */s/ Ethan M. Thomas*

6                             Ethan M. Thomas

7                   Attorneys for Plaintiff
                     YUGA LABS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in San Francisco County, State of California. I am over the age of eighteen years and not a party to this action. My business address is Fenwick & West LLP, 555 California Street, San Francisco, CA 94104.  On the date set forth below, I caused a copy of the following document:

**YUGA LABS, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO RYDER RIPPS' AND JEREMY CAHEN'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-58)**

to be served on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

Derek A. Gosma
derek.gosma@wilmerhale.com
Henry Nikogosyan
Wilmer Cutler Pickering
Hale and Dorr LLP
350 S. Grand Ave., Suite 2400
Los Angeles, CA 90071

henry.nikogosyan@wilmerhale.com

Louis W. Tompros
Monica Grewal
Scott Bertulli
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, MA 02109

louis.tompros@wilmerhale.com
monica.grewal@wilmerhale.com
scott.bertulli@wilmerhale.com

☑ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Dated: December 21, 2022

*/s/ Ethan M. Thomas*
Ethan M. Thomas