# Exhibit 7

Exhibit 7
Pg. 79



555 California Street  
12th Floor  
San Francisco, CA 94104

415.875.2300  
Fenwick.com

Ethan M. Thomas  
EThomas@fenwick.com  |  415.875.2238

January 25, 2023

VIA EMAIL

Louis Tompros  
Monica Grewal  
Scott Bertulli  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, Massachusetts 02109  
louis.tompros@wilmerhale.com  
monica.grewal@wilmerhale.com  
scott.bertulli@wilmerhale.com

Derek A. Gosma  
Henry Michael Nikogosyan  
Wilmer Cutler Pickering Hale and Dorr LLP  
350 South Grand Avenue Suite 2400  
Los Angeles, CA 90071  
derek.gosma@wilmerhale.com  
henry.nikogosyan@wilmerhale.com

Re: *Yuga Labs, Inc. v. Ripps et al.*, No. 2:22-cv-04355-JFW-JEM (C.D. Cal.), <u>Defendants' Document Productions</u>

Dear Counsel:

Pursuant to L.R. 37-1 and the Court's January 10, 2023 Order (ECF No. 79), we write to escalate to your attention the following issues that we have previously discussed with respect to Defendants' document productions. These issues are in addition to, and without waiver as to, issues raised in Yuga Labs' previous correspondence and issues with Defendants' written discovery responses, which we will address separately.

Please let us know your availability to meet and confer as soon as possible regarding these issues so that we may attempt to narrow or eliminate the issues that will require a discovery motion.

Exhibit 7  
Pg. 80

January 25, 2023
Page 2

1. **Documents Previously Requested and/or Ordered Produced**

Yuga Labs reiterates its request — to both Defendants — to produce responsive documents in their possession, custody, or control that have still not been produced. These include but are not limited to the following categories that we have raised multiple times:

- Text messages between Ripps and Cahen;
- Text messages between Cahen and Defendants' software developer, Tom Lehman;
- Text messages between Ripps/Cahen and Defendants' software developer, Ryan Hickman;
- Emails between Ripps and Lehman;
- Emails related to Defendants' registration of the domains in dispute, including rrbayc.com and apemarket.com;
- Private Discord channels relating to RR/BAYC, Ape Market, Yuga Labs, and/or BAYC NFTs, such as the private Discord channel between Cahen and Hickman;
- Private Twitter direct messages between Defendants; and
- Any other "relevant non-privileged documents" ordered produced by the Court but still not produced.

Discovery provided by third parties and Defendants themselves confirms that these documents and communications exist (or at least did at one point).

As you know, Ripps was ordered to produce these materials (ECF No. 79). He verified under penalty of perjury that he produced documents that resolved "all of Plaintiff's concerns noted in the parties' joint stipulation (Dkt. No. 67) and Plaintiff's supplemental memorandum (Dkt. No. 71)," but "do[es] not have any further documents left to produce in response to Plaintiff's discovery requests."

Cahen has a similar obligation to produce documents responsive to Yuga Labs relevant and proportionate discovery requests. You have previously confirmed that Defendants have searched for and produced all documents jointly and that they take the same position on all of Yuga Labs' discovery requests to the extent those requests overlap.

We understand your position is that Defendants have nothing further to produce, but that they are now conducting a search for any such materials. We ask Defendants to confirm they indeed have no additional documents to produce, or to promptly come into compliance with the Court's order and their discovery obligations.

2. **Spoliation**

Discovery in this case has demonstrated that each Ripps and Cahen *should* have documents in their possession, custody, or control for, at least, the categories enumerated above.

Exhibit 7
Pg. 81

January 25, 2023
Page 3

However, based on your previous correspondence, Defendants have "emptied their files" and produced everything still in their possession, custody, or control that is enumerated above. This is concerning, because it means that Defendants have deleted, destroyed, or concealed these documents during the course of this litigation. These materials likely contain — at least — probative evidence of Defendants' infringement of Yuga Labs' marks, the intentional nature of their infringement, and their knowledge that their infringement was likely to cause confusion. If these documents were in fact destroyed, Yuga Labs and the jury will have no way of knowing the nature or extent of the inculpatory information that may have now been permanently concealed. The result is irreparable and severe prejudice.

Accordingly, Yuga Labs intends to seek an appropriate remedy from the Court, up to and including an adverse inference, default judgement against both Defendants, and attorneys' fees. *See, e.g.*, *teamLab Inc. v. Museum of Dream Space, LLC*, No. 2:19-CV-6906-VAP-GJSX, 2022 WL 1590746, at *4 (C.D. Cal. Mar. 10, 2022) (issuing adverse inference instruction as a sanction for Defendants' spoliation of Telegram and WeChat messages following notice of potential lawsuit); *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, No. EDCV141926JAKSPX, 2016 WL 6609208, at *25 (C.D. Cal. July 12, 2016), *report and recommendation adopted*, No. EDCV1401926JAKSPX, 2016 WL 6901696 (C.D. Cal. Sept. 2, 2016) (recommending "an intermediate, mandatory presumption instruction be given to the jury" where party spoliated emails). If Defendants intend to oppose such a motion, we will provide a Joint Stipulation pursuant to Local Rule 37-2.

Sincerely,

FENWICK & WEST LLP

*/s/ Ethan M. Thomas*

Ethan M. Thomas

Exhibit 7
Pg. 82