Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                                        Plaintiff,<br><br>   v.<br><br>Ryder Ripps, Jeremy Cahen, Does 1-10,<br><br>                                        Defendants. | Case No.  2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF DEREK GOSMA IN SUPPORT OF DEFENDANTS' JOINT STIPULATION**<br><br>Judge: Hon. John F. Water |

1

**DECLARATION OF DEREK GOSMA REGARDING YUGA LABS, INC'S JOINT STIPULATION**

I, Derek Gosma, declare as follows:

1. I am an attorney with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, located at 350 South Grand Avenue, Suite 2400, Los Angeles, California 90071, counsel for Defendants Ryder Ripps and Jeremy Cahen.  I am licensed to practice law in the State of California.  I have personal knowledge of the facts set forth herein and with the proceedings in this case, and if called to testify as a witness thereto, I would do so competently under oath.

2. On February 6, 2023, the parties conferred regarding Defendants document production.  During that conference, Defendants noted that they had conducted three searches for responsive documents and had produced hundreds of thousands of private communications.  Defendant also represented that they produced all responsive materials that they were able to find in those prior searches.  Yuga stated that it believed that the production was deficient and stated that various materials have been destroyed.  Defendants asked Yuga to identify why it believed any evidence had been destroyed so that Defendants can investigate and provide a definitive answer.   Yuga refused to provide its basis for believing that materials had been destroyed and simply referenced general categories of documents that Defendants should produce.  Defendants, for a second time, asked Yuga to identify why it believes materials have been spoliated so that Defendants can check. Yuga, for second time, refused to provide is basis for believing that documents had been destroyed.

3. On the evening of February 6, 2023, after completion of the parties' conference, you served various materials from third party Thomas Lehman.  After corresponding with Mr. Lehman counsel, I learned that Mr. Lehman had produced

those materials to Yuga in mid-October, 2022, and that Yuga had withheld those materials from Defendants for more than three months.

4. On February 8, 2023, Yuga served its portion of its joint stipulation for its spoilation motion. That joint stipulation was the first time Defendants learned of Yuga basis for believing that documents had been spoliated. Moreover, Yuga's arguments substantively rely on documents from Mr. Lehman's production that Yuga had withheld form the Defendants for longer than three months. Defendants conducted a search and were able to confirm that no materials had been spoliated since their duty of preservation began. Defendants did, however, find a few more additional responsive documents and timely produced those materials.

5. A true and correct copy of the Court's Scheduling and Case Management Order (Dkt. 57) is attached as Exhibit 1.

6. A true and correct copy of the Court's discovery order on January 10, 2023, is attached as Exhibit 2.

7. A true and correct copy of Ryder Ripps' January 17, 2023, verification that he has conducted a reasonable search and produced all responsive document that he found in his investigation is attached as Exhibit 3.

8. Throughout the course of this litigation, Defendants have been professional in their communications with Plaintiff. A true and correct copy of the parties' correspondence from December 30, 2022, to February 3, 2023, is attached as Exhibit 4.

9. A true and correct copy of Plaintiff's Local Rule 37-1 letter regarding Defendants' document production is attached as Exhibit 5.

10. A true and correct copy of Defendants' letter in response to Plaintiff's Local Rule 37-1 letter is attached as Exhibit 6.

11. A true and correct copy of Plaintiff's correspondence providing Plaintiff's February 7, 2023, document production is attached as Exhibit 7.

12. A true and correct copy of Defendants' email to Plaintiff scheduling the mutual exchange of privilege logs is attached as Exhibit 8.

13. A true and correct copy of Third-Party Mr. Lehman's correspondence regarding his document production is attached as Exhibit 9.

14. A true and correct copy of Defendants' Telegram chat, which has been produced in this litigation, is attached as Exhibit 10.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in California on February 15, 2023.

*/s/   Derek Gosma*
Derek Gosma