# Exhibit 6

**WILMERHALE**

February 2, 2023

**Henry Nikogosyan**

+1 213 443 5316 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

**By E-mail**

Ethan M. Thomas
Fenwick & West LLP
555 California Street 12th Floor
San Francisco, CA 94104
EThomas@fenwick.com

Dear Ethan:

     I write to respond to your LR 37-1 letter of January 25, 2023.  That letter represents just the latest chapter in Yuga's ongoing attempts to use the legal process to harass Mr. Ripps and Mr. Cahen.

     As you know, the Federal Rules, this Court's local rules, and Magistrate Judge McDermott's prior cases require only that a party to litigation produce responsive documents obtained after a *reasonable* effort.  *See Addison v. Monarch & Assocs., Inc,* No. CV1400358GWJEMX, at *1 (C.D. Cal. Sept. 6, 2016) (ordering a party to "make a reasonable effort to search for and obtain" the requested materials).  I remind you that my clients are individual parties, not the large corporate clients you and your firm are accustomed to dealing with.  They do not have extensive document management systems or personnel whose job it is to maintain neatly-organized records.  As a result, searching their records is extremely time and labor intensive, requiring them not only to spend time considering the potential sources of information, but also actually searching for responsive documents through text searches and the like.

     In light of these considerations, the efforts that Mr. Ripps and Mr. Cahen have undertaken to search in this case have already extended far beyond what is reasonable.  Each of my clients has spent *at least* fifty hours searching their files for discoverable material over the course of this litigation.  That extraordinary effort has led my clients to their good-faith belief that they have provided the full universe of responsive materials within their possession.

     Your letter indicates that there are specific documents that our clients "should have" in their "possession, custody, or control" based on your "[d]iscovery in this case." Yet your letter only identifies broad categories of materials that you claim should have been produced.  "Meeting and conferring" without identifying the specific issues you are going to raise in your motion is not a good faith way to conduct discovery.  Should you file a motion before identifying the specific materials, we will raise your failure to meet and confer in good faith to the Court.

     Notwithstanding the above, Mr. Ripps and Mr. Cahen, in their desire to be fully transparent in discovery and comply with the Court's rules, have gone back to their files yet

WILMERHALE

February 2, 2023
Page 2

again to search for documents in the categories identified in your letter.  The results of their search were produced to you just before this letter was served.  Although my clients do not believe the documents that are produced are responsive to any valid discovery request in this case, we have produced the documents so that they can be a part of the fulsome collection of materials that my clients have already produced.

     I trust that the additional search efforts my clients have undertaken resolve your concerns.  If not, please identify the specific responsive documents you contend are missing so that we may meet and confer.

Best regards,

Henry Nikogosyan