# EXHIBIT 3

Ethan Jacobs (Bar No. 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Non-Party Tom Lehman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

YUGA LABS, INC.,

     Plaintiff,

v.

RYDER RIPPS, JEREMY CAHEN, and
DOES 1-10,

     Defendants.

**Case No.: 2:22-cv-04355-JFW-JEM**

## NON-PARTY TOM LEHMAN'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Federal Rule of Civil Procedure 45(d), non-party Tom Lehman ("Lehman") hereby serves these responses and objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises of a Civil Action served on Lehman at in the above-captioned action (the "Subpoena").

Lehman asserts the objections set forth below and reserves the right to supplement the information produced and the responses and objections set forth below with additional and/or different documents, responses, and objections, in conformity with the Federal Rules of Civil Procedure and the Local Rules of this Court.

1

In addition, Lehman will make any production in response to the Subpoena pursuant to the October 11, 2022 confidentiality protective order in the above-captioned action, and with the protections for inadvertent disclosure of privileged material in that order, Fed. R. Civ. P. 26(b)(5)(B), and Fed. R. Evid. 502. Thus, Lehman's inadvertent production of documents, information, and/or objects subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege shall not constitute a waiver of, or prejudice to, any claim that the material or related material is privileged or otherwise protected from disclosure. Lehman and Defendants shall follow the procedures set out in Fed. R. Civ. P. 26(b)(5)(B).

## GENERAL OBJECTIONS

1.      Lehman objects to each and every Definition, Instruction, and Document Request ("Request") to the extent it is unduly burdensome, annoying, harassing, oppressive, overly broad, or imposes burdens and duties beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

2.      Lehman objects to the Subpoena on the ground that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      Lehman objects to the Subpoena on the ground that Purports to require production of documents in response to the Subpoena, which was served on the afternoon of February 7, 2023, by 11:59 pm on February 10, 2023. Lehman objects that the Federal Rules of Civil Procedure do not require the recipient of a document subpoena to produce materials on three

2

days' notice. If Lehman agrees to produce documents in response to the Subpoena will do so at a reasonable date and time to be negotiated between him and Defendants.

4.      Lehman objects to the Subpoena and to each Request to the extent it fails to describe each item or category of documents with reasonable particularity on the ground that those Requests are overbroad, vague, ambiguous, unduly burdensome, and oppressive.

5.      Lehman objects to each Request in the Subpoena to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the right to privacy, and any other legally recognized privileges against disclosure, including but not limited to the privilege against disclosure of trade secrets, proprietary, confidential commercial, and/or economic information. All responses are provided without waiver of any such privileges. To the extent that any such information and/or materials are produced in response to the Subpoena, that information and/or materials shall be produced pursuant to a protective order in this action.

6.      Lehman objects to each Request to the extent it calls for production of documents and/or information within the scope of a protective order, confidentiality agreement, or similar agreement, and/or seeks confidential information of other parties or entities that Lehman is otherwise obligated to protect from disclosure.

7.      Lehman objects to each Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Lehman. All the Requests in the Subpoena seek materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

8.      Lehman objects to each Request to the extent it seeks production of documents that are not within his possession, custody, or control.

9.      For clarity, the objections set forth here do not necessarily indicate the existence of any responsive documents. In addition, to the extent Lehman agrees to produce any non-privileged, responsive document and/or material, it is not a representation that any such documents and/or information in that Request exist, are in Lehman's possession, custody, or control, or can be located though a reasonable search. Further, production of any such documents and/or material shall not be construed as an admission of the relevance and/or admissibility of any such document and/or material, or as a waiver of any applicable privilege.

10.      Lehman objects to each Request to the extent that it assumes certain facts regarding Lehman or others. By responding to the Request, Lehman does not admit or agree with any of the matters contained in the Request or that any fact is true or exists. Lehman's responses shall not be construed as a representation that Lehman adopts, accepts, affirms, or admits the assertions, claims, or contentions used in connection with the Request.

11.      The General Objections set forth herein are made with respect to each Request. The assertion of the same, similar, or additional objections to a specific Request does not waive any of Lehman's General Objections.

## **OBJECTIONS TO DEFINITIONS**

1.      Lehman objects to the definition of "Thomas Lehman," "Mr. Lehman," "You" and "Your" as overbroad, vague, and ambiguous to the extent it purports to require him to respond on behalf of and produce documents belonging to other individuals and entities. Without

4

disputing his obligation to produce documents in his possession, custody, or control, Lehman's responses treat these terms as referring to Tom Lehman.

2.      Lehman objects to the definition of "Yuga" and "Plaintiff" as overbroad, vague, and ambiguous. The Requests do not use either defined term, but to the extent the Subpoena intends the definition to apply to the Subpoena's use of "Yuga Labs, Inc.", the Subpoena employs that term in contexts that indicate they are seeking documents and information regarding Yuga Labs, Inc. The Subpoena's proposed definition, however, would require Lehman, in responding to the Requests, to determine whether individuals or entities are, for example, Yuga Labs, Inc.'s parents or if they were acting on behalf of its parents. Lehman's responses treat "Yuga Labs, Inc." to mean Yuga Labs, Inc. and any person or entity who identified itself to Lehman as acting for on behalf of Yuga Labs, Inc.

## OBJECTIONS TO INSTRUCTIONS

1.      Lehman objects to Instruction No. 1 to the extent its instruction for providing a privilege log is inconsistent with the agreement with Defendants that no privilege log is needed for communications entirely between Mr. Lehman and his counsel, Ethan Jacobs, and to the extent the information that Instruction purports to require in a privilege log exceeds that required to permit Defendants to evaluate a claim of privilege.

2.      Lehman objects to Instruction Nos. 4 and 5, which purport to require Lehman to identify and provide information regarding documents that are not in his possession, custody, or control. His obligation is to produce responsive documents he has, not to identify documents he is aware of that he does not have.

3.      Lehman objects to Instruction No. 10 to the extent it purports to impose a continuing obligation to identify and produce responsive documents in response to the Subpoena. Rule 26(e)(1) of the Federal Rules of Civil Procedure applies to parties, not to non-parties such as Lehman.

Without waiving any of the foregoing General Objections and incorporating each of them by reference into each response below, Lehman responds more specifically to Defendants' individual Request as follows.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 1:**

All documents constituting, referring to, or evidencing communications with any agent of Yuga Labs, Inc., including but not limited to any attorney at Fenwick & West and/or Claire Locke, concerning your declaration of February 3, 2023, in *Yuga Labs v. Ripps*, Case No. 2:22-CV-04355-JFW-JEM.

**Objections and Response to Request No. 1:**

Lehman incorporates by reference each and every one of his General Objections set forth above.

Lehman objects to the Request on the grounds that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Lehman objects to the Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Lehman. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Lehman objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Lehman objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.


**Request No. 2:**

All drafts of your declaration of February 3, 2023, in *Yuga Labs v. Ripps*, Case No. 2:22-CV-04355-JFW-JEM.

**Objections and Response to Request No. 2:**

Lehman incorporates by reference each and every one of his General Objections set forth above.

Lehman further responds that there are no responsive documents in his possession, custody, or control.

**Request No. 3:**

All documents constituting, referring to, or evidencing communications with any agent of

Yuga Labs, Inc., including but not limited to any attorney at Fenwick & West and/or Claire

Locke, concerning *Yuga Labs v. Ripps*, Case No. 2:22-CV-04355-JFW-JEM.

**Objections and Response to Request No. 3:**

Lehman incorporates by reference each and every one of his General Objections set forth

above.

Lehman objects to the Request on the grounds that it seeks documents that are not both

relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Lehman objects to the Request to the extent that it seeks production of documents and/or

information that are: (a) already in the possession of any one of the parties to the above-

captioned litigation, or (b) are equally available in a less burdensome manner from any one of

those parties and/or other sources besides Lehman. This Request seeks materials that, if they

exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Lehman objects to the request on the ground that documents responsive to the Request

are protected from discovery by the attorney-client privilege and/or the attorney work product

doctrine.

Lehman objects to the Request on the ground that communications and documents

exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against

discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.

Lehman objects to the Request on the ground that many of the responsive documents would disclose aspects of the settlement agreement, which Lehman agreed to keep confidential. Lehman does not object to producing the settlement agreement itself, designated Attorneys' Eyes Only under the protective order in this action, if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

**Request No. 4:**

All documents constituting, referring to, or evidencing communications with any agent of Yuga Labs, Inc., including but not limited to any attorney at Fenwick & West and/or Claire Locke, concerning *Yuga Labs v. Hickman*, Case No. 1:23-cv-0085-MAD-TWD.

**Objections and Response to Request No. 4:**

Lehman incorporates by reference each and every one of his General Objections set forth above.

Lehman objects to the Request on the grounds that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Lehman objects to the Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-

captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Lehman. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Lehman objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Lehman objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.

Lehman objects to the Request on the ground that many of the responsive documents would disclose aspects of the settlement agreement, which Lehman agreed to keep confidential. Lehman does not object to producing the settlement agreement itself, designated Attorneys' Eyes Only under the protective order in this action, if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

**Request No. 5:**

The settlement agreement in *Yuga Labs v. Lehman*, 1:23-cv-00085-MAD, including all prior drafts of the settlement agreement in *Yuga Labs v. Lehman*, 1:23-cv-00085-MAD-TWD.

**Objections and Response to Request No. 5:**

Lehman incorporates by reference each and every one of his General Objections set forth above.

Lehman objects to the Request on the ground that the settlement agreement is confidential. Lehman does not object to producing the settlement agreement designated Attorneys' Eyes Only under the protective order in this action if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

Lehman objects to the Request on the grounds that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Lehman objects to the Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Lehman. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Lehman objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Lehman objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.

Lehman objects to the Request on the ground that many of the responsive documents would disclose aspects of the settlement agreement, which Lehman agreed to keep confidential. Lehman does not object to producing the settlement agreement itself, designated Attorneys' Eyes Only under the protective order in this action, if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

Dated: February 9, 2023    ETHAN JACOBS LAW CORPORATION

      By: /s/ Ethan Jacobs
        Ethan Jacobs
        100 Pine Street, Suite 1250
        San Francisco, CA 94111
        Telephone: (415) 275-0845
        ethan@ejacobslaw.com

        *Attorneys for Non-Party Tom Lehman*

Ethan Jacobs (Bar No. 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, and DOES 1-10, <br><br> Defendants. | **Case No.: 2:22-cv-04355-JFW-JEM** |

**NON-PARTY ETHAN JACONBS LAW'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Federal Rule of Civil Procedure 45(d), non-party Ethan Jacobs Law ("Jacobs Law") hereby serves these responses and objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises of a Civil Action served on Jacobs Law at in the above-captioned action (the "Subpoena").

Jacobs Law asserts the objections set forth below and reserves the right to supplement the information produced and the responses and objections set forth below with additional and/or different documents, responses, and objections, in conformity with the Federal Rules of Civil Procedure and the Local Rules of this Court.

In addition, Jacobs Law will make any production in response to the Subpoena pursuant to the October 11, 2022 confidentiality protective order in the above-captioned action, and with

the protections for inadvertent disclosure of privileged material in that order, Fed. R. Civ. P. 26(b)(5)(B), and Fed. R. Evid. 502. Thus, Jacobs Law's inadvertent production of documents, information, and/or objects subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary privilege shall not constitute a waiver of, or prejudice to, any claim that the material or related material is privileged or otherwise protected from disclosure. Jacobs Law and Defendants shall follow the procedures set out in Fed. R. Civ. P. 26(b)(5)(B).

## **GENERAL OBJECTIONS**

1.     Jacobs Law objects to each and every Definition, Instruction, and Document Request ("Request") to the extent it is unduly burdensome, annoying, harassing, oppressive, overly broad, or imposes burdens and duties beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

2.     Jacobs Law objects to the Subpoena on the ground that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.     Jacobs Law objects to the Subpoena on the ground that Purports to require production of documents in response to the Subpoena, which was served on the afternoon of February 7, 2023, by 11:59 pm on February 10, 2023. Jacobs Law objects that the Federal Rules of Civil Procedure do not require the recipient of a document subpoena to produce materials on three days' notice. If Jacobs Law agrees to produce documents in response to the Subpoena will do so at a reasonable date and time to be negotiated between it and Defendants.

2

4.      Jacobs Law objects to the Subpoena and to each Request to the extent it fails to describe each item or category of documents with reasonable particularity on the ground that those Requests are overbroad, vague, ambiguous, unduly burdensome, and oppressive.

5.      Jacobs Law objects to each Request in the Subpoena to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the right to privacy, and any other legally recognized privileges against disclosure, including but not limited to the privilege against disclosure of trade secrets, proprietary, confidential commercial, and/or economic information. All responses are provided without waiver of any such privileges. To the extent that any such information and/or materials are produced in response to the Subpoena, that information and/or materials shall be produced pursuant to a protective order in this action.

6.      Jacobs Law objects to each Request to the extent it calls for production of documents and/or information within the scope of a protective order, confidentiality agreement, or similar agreement, and/or seeks confidential information of other parties or entities that Jacobs Law is otherwise obligated to protect from disclosure.

7.      Jacobs Law objects to each Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Jacobs Law. All the Requests in the Subpoena seek materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

8.      Jacobs Law objects to each Request to the extent it seeks production of documents that are not within its possession, custody, or control.

9.      For clarity, the objections set forth here do not necessarily indicate the existence of any responsive documents. In addition, to the extent Jacobs Law agrees to produce any non-privileged, responsive document and/or material, it is not a representation that any such documents and/or information in that Request exist, are in Jacobs Law's possession, custody, or control, or can be located though a reasonable search. Further, production of any such documents and/or material shall not be construed as an admission of the relevance and/or admissibility of any such document and/or material, or as a waiver of any applicable privilege.

10.     Jacobs Law objects to each Request to the extent that it assumes certain facts regarding Jacobs Law or others. By responding to the Request, Jacobs Law does not admit or agree with any of the matters contained in the Request or that any fact is true or exists. Jacobs Law's responses shall not be construed as a representation that Jacobs Law adopts, accepts, affirms, or admits the assertions, claims, or contentions used in connection with the Request.

11.     The General Objections set forth herein are made with respect to each Request. The assertion of the same, similar, or additional objections to a specific Request does not waive any of Jacobs Law's General Objections.

## OBJECTIONS TO DEFINITIONS

1.      Jacobs Law objects to the definition of "Ethan Jacobs Law Corporation," "Ethan Jacobs Law," "You" and "Your" as overbroad, vague, and ambiguous to the extent it purports to require it to respond on behalf of and produce documents belonging to other individuals and entities. Without disputing its obligation to produce documents in its possession, custody, or control, Jacobs Law's responses treat these terms as referring to Ethan Jacobs Law Corporation.

4

2.      Jacobs Law objects to the definition of "Yuga" and "Plaintiff" as overbroad, vague, and ambiguous. The Requests do not use either defined term, but to the extent the Subpoena intends the definition to apply to the Subpoena's use of "Yuga Labs, Inc.", the Subpoena employs that term in contexts that indicate they are seeking documents and information regarding Yuga Labs, Inc. The Subpoena's proposed definition, however, would require Jacobs Law, in responding to the Requests, to determine whether individuals or entities are, for example, Yuga Labs, Inc.'s parents or if they were acting on behalf of its parents. Jacobs Law's responses treat "Yuga Labs, Inc." to mean Yuga Labs, Inc. and any person or entity who identified itself to Jacobs Law as acting for on behalf of Yuga Labs, Inc.

## OBJECTIONS TO INSTRUCTIONS

1.      Jacobs Law objects to Instruction No. 1 to the extent its instruction for providing a privilege log is inconsistent with the agreement with Defendants that no privilege log is needed for communications entirely between Mr. Lehman and his counsel, Ethan Jacobs, and to the extent the information that Instruction purports to require in a privilege log exceeds that required to permit Defendants to evaluate a claim of privilege.

2.      Jacobs Law objects to Instruction Nos. 4 and 5, which purport to require it to identify and provide information regarding documents that are not in its possession, custody, or control. Jacobs Law's obligation is to produce responsive documents it has, not to identify documents it is aware of that it does not have.

3.      Jacobs Law objects to Instruction No. 10 to the extent it purports to impose a continuing obligation to identify and produce responsive documents in response to the Subpoena.

Rule 26(e)(1) of the Federal Rules of Civil Procedure applies to parties, not to non-parties such as Jacobs Law.

Without waiving any of the foregoing General Objections and incorporating each of them by reference into each response below, Jacobs Law responds more specifically to Defendants' individual Request as follows.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 1:**

All documents constituting, referring to, or evidencing communications with any agent of Yuga Labs, Inc., including but not limited to any attorney at Fenwick & West and/or Claire Locke, concerning your declaration of February 3, 2023, in *Yuga Labs v. Ripps*, Case No. 2:22-CV-04355-JFW-JEM.

**Objections and Response to Request No. 1:**

Jacobs Law incorporates by reference each and every one of its General Objections set forth above.

Jacobs Law objects to the Request on the grounds that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Jacobs Law objects to the Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-

captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Jacobs Law. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Jacobs Law objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Jacobs Law objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.


**Request No. 2:**

All drafts of your declaration of February 3, 2023, in *Yuga Labs v. Ripps*, Case No. 2:22-CV-04355-JFW-JEM.

**Objections and Response to Request No. 2:**

Jacobs Law incorporates by reference each and every one of its General Objections set forth above.

Jacobs Law further responds that there are no responsive documents in its possession, custody, or control.

**Request No. 3:**

All documents constituting, referring to, or evidencing communications with any agent of Yuga Labs, Inc., including but not limited to any attorney at Fenwick & West and/or Claire Locke, concerning *Yuga Labs v. Ripps*, Case No. 2:22-CV-04355-JFW-JEM.

**Objections and Response to Request No. 3:**

Jacobs Law incorporates by reference each and every one of its General Objections set forth above.

Jacobs Law objects to the Request on the grounds that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Jacobs Law objects to the Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Jacobs Law. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Jacobs Law objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Jacobs Law objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against

discovery by the mediation privilege, which applies to the negotiations in the period leading up
to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs
v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.

Jacobs Law objects to the Request on the ground that many of the responsive documents
would disclose aspects of the settlement agreement, which Lehman agreed to keep confidential.
Jacobs Law does not object to producing the settlement agreement itself, designated Attorneys'
Eyes Only under the protective order in this action, if the counterparty to the settlement
agreement, Yuga Labs, Inc., agrees.

**Request No. 4:**

All documents constituting, referring to, or evidencing communications with any agent of
Yuga Labs, Inc., including but not limited to any attorney at Fenwick & West and/or Claire
Locke, concerning *Yuga Labs v. Hickman*, Case No. 1:23-cv-0085-MAD-TWD.

**Objections and Response to Request No. 4:**

Jacobs Law incorporates by reference each and every one of its General Objections set
forth above.

Jacobs Law objects to the Request on the grounds that it seeks documents that are not
both relevant to any party's claim or defense and proportional to the needs of the case,
considering the importance of the issues at stake in the action, the amount in controversy, the
parties' relative access to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or expense of the proposed discovery
outweighs its likely benefit.

Jacobs Law objects to the Request to the extent that it seeks production of documents
and/or information that are: (a) already in the possession of any one of the parties to the above-

9

captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Jacobs Law. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Jacobs Law objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Jacobs Law objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.

Jacobs Law objects to the Request on the ground that many of the responsive documents would disclose aspects of the settlement agreement, which Lehman agreed to keep confidential. Jacobs Law does not object to producing the settlement agreement itself, designated Attorneys' Eyes Only under the protective order in this action, if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

**Request No. 5:**

The settlement agreement in *Yuga Labs v. Lehman*, 1:23-cv-00085-MAD, including all prior drafts of the settlement agreement in *Yuga Labs v. Lehman*, 1:23-cv-00085-MAD-TWD.

**Objections and Response to Request No. 5:**

Jacobs Law incorporates by reference each and every one of its General Objections set forth above.

Jacobs Law objects to the Request on the ground that the settlement agreement is confidential. Jacobs Law does not object to producing the settlement agreement designated Attorneys' Eyes Only under the protective order in this action if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

Jacobs Law objects to the Request on the grounds that it seeks documents that are not both relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Jacobs Law objects to the Request to the extent that it seeks production of documents and/or information that are: (a) already in the possession of any one of the parties to the above-captioned litigation, or (b) are equally available in a less burdensome manner from any one of those parties and/or other sources besides Jacobs Law. This Request seeks materials that, if they exist, are in the possession of plaintiff Yuga Labs, Inc. or its counsel.

Jacobs Law objects to the request on the ground that documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Jacobs Law objects to the Request on the ground that communications and documents exchanged between counsel for Lehman and counsel for Yuga Labs, Inc. are protected against discovery by the mediation privilege, which applies to the negotiations in the period leading up to the execution of the settlement agreement between Lehman and Yuga Labs, Inc. in *Yuga Labs v. Hickman*, Northern District of New York Case No. 1:23-cv-0085-MAD-TWD.

Jacobs Law objects to the Request on the ground that many of the responsive documents would disclose aspects of the settlement agreement, which Lehman agreed to keep confidential. Jacobs Law does not object to producing the settlement agreement itself, designated Attorneys' Eyes Only under the protective order in this action, if the counterparty to the settlement agreement, Yuga Labs, Inc., agrees.

Dated: February 9, 2023   ETHAN JACOBS LAW CORPORATION

     By: <u>/s/ Ethan Jacobs</u>
      Ethan Jacobs
      100 Pine Street, Suite 1250
      San Francisco, CA 94111
      Telephone: (415) 275-0845
      ethan@ejacobslaw.com

Ethan Jacobs (Bar No. 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Non-Party Tom Lehman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, and DOES 1-10, <br><br> Defendants. | **Case No.: 2:22-cv-04355-JFW-JEM** |

### NON-PARTY TOM LEHMAN'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Pursuant to Federal Rule of Civil Procedure 45(d), non-party Tom Lehman ("Lehman") hereby serves these responses and objections to the Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena").

The Deposition Subpoena purports to require Mr. Lehman to appear for deposition in Manhattan, over 100 miles from his home in Germantown, New York, in violation of Federal Rule of Civil Procedure 45(c)(1)(a). Further, Mr. Lehman's counsel is not available on the date noticed for the deposition, February 15, 2023. Mr. Lehman will make himself available for deposition at a mutually agreed location and date.

Dated: February 9, 2023      ETHAN JACOBS LAW CORPORATION

By: <u>/s/ Ethan Jacobs</u>
Ethan Jacobs
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

*Attorneys for Non-Party Tom Lehman*