Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　Plaintiff and<br>　　　　Counterclaim Defendant,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　Defendants and<br>　　　Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF WITHDRAWAL OF DEFENDANTS' EX PARTE MOTION TO COMPEL**<br><br>Critical Date: March 2, 2023 deposition<br>Discovery cut-off: April 3, 2023<br>Judge: Hon. John E. McDermott |

Case No. 2:22-cv-04355-JFW-JEM　　　　　　　　　　　　　NOTICE OF WITHDRAWAL

Based on Yuga Labs, Inc.'s ("Yuga") late-breaking agreement to confer before February 27, 2022, Defendants Ryder Ripps and Jeremy Cahen respectfully withdraw their *ex parte* motion to compel Yuga Labs, Inc. to produce the settlement agreement in *Yuga Labs, Inc. v. Thomas Lehman*, Case No. 1:23-cv-000850-MAD-TWD and related communications (Dkt. 108). Now that Yuga has agreed to a timely conference that would allow the dispute to be resolved ahead of the scheduled deposition of Mr. Lehman, there is no longer a need for emergency action from the Court. If the parties are unable to resolve this dispute at the upcoming February 21, 2023, conference, then the Defendants will re-file a motion to compel (and may need to seek an expedited briefing schedule).

Yuga's opposition to Defendants' motion incorrectly asserts that no emergency existed justifying Defendants' *ex parte* motion. Defendants have sought production of the settlement agreement and related documents from Mr. Lehman since February 6, 2023 (immediately after Yuga entered into an agreement with Mr. Lehman). Defendants made repeated requests for a good faith meet and confer (e-mails on February 14 and 15). DKt. 108-10 at 5-6. When those efforts went nowhere, Defendants provided notice of the urgency of the dispute and the possibility of Court intervention. Dkt. 108-10 at 3 ("I would like us to take one last run at resolving this before we involve the Court . . . Given the proximity of Mr. Lehman's deposition, we consider this to be an urgent matter so if you are not available, please have someone else on your team attend."). But the best Yuga could do was offer to meet and confer *ten days* later, on February 27, 2023. Dkt. 108-10 at 2 ("Our team will review our cases while I am out and we will be prepared to speak with you on Monday, February 27, after I return."). That date was obviously unworkable, since the deposition is scheduled for March 2, leaving insufficient time for Defendants to seek assistance from the Court (even on an expedited briefing schedule), if Yuga continued to refuse to produce the relevant documents ahead of the deposition.

1  Accordingly, Defendants filed their *ex parte* motion to allow the Court adequate
2  time to review the issue, adequate time for Yuga to produce documents, and adequate
3  time for Defendants to review the documents and prepare for Mr. Lehman's
4  deposition.[1]

5  Counsel for Yuga apparently recognized the problem with its position on Friday
6  afternoon and offered to meet and confer, but unfortunately only after Defendants had
7  already filed their *ex parte* motion. But now that Yuga has agreed to a timely
8  conference of counsel, Defendants respectfully withdraw their motion, so that the
9  Court does not need to spend resources addressing it.

10 Though Defendants are withdrawing their motion, Defendants strongly disagree
11 with the misstatements in Yuga's opposition. Yuga wrongly states that Defendants
12 did not follow Local Rule 7-19.1(a). The rule requires that counsel should "make
13 reasonable, good faith efforts ***orally to advise counsel***" regarding the substance of an
14 *ex parte* motion. Defendants offered to do precisely that, but counsel for Yuga
15 refused to have any oral communication regarding this issue until February 27, 2023.
16 Dkt. 108-10 at 20. Critically, Yuga refused to timely confer even ***after*** Defendants
17 informed Yuga, "***I would like to take one last run at resolving this before we involve***
18 ***the Court***." Dkt. 108-10. Under these circumstances, Defendants made "reasonable,
19 good faith efforts orally to advise counsel."

20 Defendants also satisfied Local Rule 7-19.1(b)'s requirement to "advise the
21 Court in writing and under oath of efforts to contact opposing counsel." Defendants'
22 *ex parte* motion provides in detail all efforts to confer with Yuga (including by
23 attaching copies of the relevant correspondence), including an explicit reference to

---

[1] Yuga's suggestion that Defendants could have waited until February 27 and, then file a motion along with a request to shorten time for briefing would undoubtedly have placed an even greater burden on the Court, potentially inconvenienced a third party, and prejudiced Defendants ability to obtain the documents with adequate time prepare for the deposition.

-2-

seeking the Court's intervention. Dkt. 108-1 at 8. Defendants also submitted a sworn declaration recounting their efforts to contact and confer with opposing counsel. Dkt. 108-2 ¶¶ 2-3. The declaration and its summary of Defendants' efforts to communicate satisfies Local Rule 7-19.1(b).

Defendants similarly made every effort to confer under Local Rule 37-1. Three times Defendants asked Yuga to confer over a simple discovery issue and, as Yuga's response admits, Defendant *did* provide legal authority in support of their discovery request. Despite this, Yuga refused to confer. All Yuga had to do was propose a reasonable time to confer (or pick up the phone at any point to call at its convenience). Yuga did not.

Defendant also did not violate the Court's procedures. First and foremost, Local Rule 37-3 authorizes filing *ex parte* discovery motions upon "a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." And, as Yuga notes, this Court's procedures similarly provides that "**absent an emergency**, *ex parte* applications may not be used to obtain a ruling on a discovery dispute."[2] Dkt. 113-3. Defendants' sworn declaration explain why and how Yuga had created the emergency that forced Defendants to file the instant motion. Dkt. 108-2 ¶¶ 2-3. Until Defendants filed, Yuga was refusing to even discuss this issue until February 27, 2023—which would have left absolutely no time for this issue to be orderly resolved in advance of Mr. Lehman's deposition. Yuga's suggestion that Defendants somehow created this emergency when it is Yuga that is refusing to produce highly relevant documents and it is Yuga that was refusing to confer until mere days before Mr. Lehman's deposition is simply wrong.

For the reasons set forth above, Defendants respectfully withdraw their *ex parte* motion but reserve the right to re-file a motion to compel (and a potential request for

---

[2] http://www.cacd.uscourts.gov/honorable-john-e-mcdermott.

expedited briefing) if the parties are unable to resolve this dispute at the February 21, 2023, conference.

Dated: February 18, 2023         By: /s/ *Derek Gosma*

    Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on February 18, 2023.

Dated: February 18, 2023      By: /s/ *Derek Gosma*

                                      Derek Gosma (SBN 274515)
                                      derek.gosma@wilmerhale.com
                                      **WILMER CUTLER PICKERING HALE AND DORR LLP**
                                      350 South Grand Ave., Suite 2400
                                      Los Angeles, CA 90071
                                      Telephone: (213) 443-5300
                                      Fax: (213) 443-5400

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Ryder Ripps and Jeremy Cahen, certifies that this notice consists of 4 pages complying with requirements set forth in the Local Rules.

Dated: February 18, 2023      By: /s/ *Derek Gosma*

                                      Derek Gosma (SBN 274515)
                                      derek.gosma@wilmerhale.com
                                      **WILMER CUTLER PICKERING HALE AND DORR LLP**
                                      350 South Grand Ave., Suite 2400
                                      Los Angeles, CA 90071
                                      Telephone: (213) 443-5300
                                      Fax: (213) 443-5400