Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants and Counterclaim Plaintiffs
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

YUGA LABS, INC.,

Plaintiff and Counterclaim Defendant,

v.

RYDER RIPPS, JEREMY CAHEN,

Defendants and Counterclaim Plaintiffs.

Case No.: 2:22-cv-04355-JFW-JEM

**DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Magistrate Judge: Hon. John E. McDermott
Motion Hearing Date: March 21, 2023
Motion Hearing Time: 10:00 AM
Discovery Cutoff Date: April 3, 2023
Pre-Trial Conference Date: June 9, 2023
Trial Date: June 27, 2023

**NOTICE OF APPLICATION AND APPLICATION**

PLEASE TAKE NOTICE that pursuant to Local Rules 7-19 and 37-3 Defendants Ryder Ripps and Jeremy Cahen, by and through its undersigned counsel, applies *ex parte* for an order shortening time for Plaintiff Yuga Labs, Inc. to respond to Defendants' request for production related to the Tom Lehman settlement materials, which Defendants served on Yuga today. This request covers the settlement and any written negotiations surrounding the settlement.

Defendants provided notice of this *ex parte* application to Defendants' counsel and on February 21, 2023. Defendants are also jointly serving a joint stipulation on the motion to compel on Plaintiffs with this application. As of the time of this filing, Plaintiffs have/have not provided their position on this application to shorten time. Plaintiffs' counsel's contact information is as follows:

Eric Ball
Fenwick & West LLP
801 California St., Mountain View, CA 94041
eball@fenwick.com

Kimberly Culp
Fenwick & West LLP
801 California St., Mountain View, CA 94041
kculp@fenwick.com

Ethan Thomas
Fenwick & West LLP
555 California St., #12, San Francisco, CA 94104
ethomas@fenwick.com

The undersigned counsel files this *ex parte* application under Local Rule 37-3. The undersigned counsel also certifies that Defendants have made reasonable efforts to apprise Plaintiff of the substance of this application, and Plaintiff stated that it opposes. *See generally* Gosma Decl.

**CONTENTS**


MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 2

III. ARGUMENT .......... 3

A. Good Cause Exists to Shorten Time For Hearing Motion .......... 3

IV. CONCLUSION .......... 4

# TABLE OF AUTHORITIES

**Cases**

*BF&W Assoc. v. Motorola, Inc.*, 2006 WL 8442394 (N.D. Cal. 2006)…………3

*Mission Power Engineering Co. v. Continental Casualty*, 883 F. Supp. 488 (C.D. Cal. 1995)……………………………………………………………………..2

*Zhang v. Dahua Technology, USA, Inc.*, No:l 8:22-cv-02174-FWS-ADS 2022 WL 17418621 at *2 (C.D. Cal. 2022)…………………………………………………..2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants hereby apply for an order shortening the time to respond their motion to compel production of materials related to the settlement agreement between Thomas Lehman and Yuga Labs.

## I. INTRODUCTION

Thomas Lehman is scheduled to be deposed by Defendants on March 2, 2023. On February 3, 2023, Mr. Lehman settled with Plaintiff Yuga Labs ("Yuga") and produced an affidavit. Defendants plan on seeking testimony Mr. Lehman about conversations that led to the production of the affidavit and his settlement with Yuga because those documents directly impact issues of Mr. Lehman's credibility. The declaration and its credibility matter in this case because Yuga has affirmatively relied upon it in briefing and in its expert reports. Defendants cannot take a complete deposition of Mr. Lehman without them.

On February 6, 2023, Defendants requested that Yuga produce the highly relevant settlement agreement information for the settlement agreement between Thomas Lehman and Yuga Labs. (See D. Gosma Decl. Ex. 1, Feb. 6 email from H. Nikogosyan to K. Culp). Defendants re-urged this request multiple times between February 6, 2023 and February 21, 2023. Yuga refused to answer this straightforward request, not even responding until February 10, 2023 (See D. Gosma Decl. Ex. 2, Feb. 10 email from D. Gosma email to E. Thomas email). Yuga continued to stall, and Defendants sent Yuga multiple emails before Yuga replied. (D. Gosma Decl. Ex. 3, Feb. 13 email from D. Gosma to E. Thomas) (D. Gosma Decl. Ex. 4, Feb. 14, 2023 email to E. Thomas). Defendants requested an immediate meet and confer on this issue on February 15, 2023. (D. Gosma Decl. Ex. 5 Feb. 15, 2023 email from L. Tompros to E. Thomas). Defendants made one final effort to avoid involving the court, asking for a meet and confer to resolve the issue well in advance of Mr. Lehman's deposition. (D. Gosma Decl. Ex. 6, Feb. 16, 2023 email from D. Gosma

to E. Thomas). Counsel for Yuga refused citing the unavailability of a single lawyer from its massive litigation team and instead offered to meet and confer February 27, 2023, mere days before Mr. Lehman's deposition. (D. Gosma Decl. Ex. 7, Feb. 17, 2023 K. Culp email to D. Gosma). When, in response to Defendants' *ex parte* motion, Yuga finally offered to meet and confer in a timely manner, Defendants withdrew their motion. The parties met and conferred earlier today, February 21, 2023. The parties were not able to resolve their dispute. (D. Gosma Decl. Ex. 8, Feb. 21, 2023 D. Gosma email to E. Thomas). Mr. Lehman's deposition is scheduled for March 2, 2023, only a little more than a week from today. Defendants need to access these vital documents to properly depose Mr. Lehman and therefore, request that this application to shorten time to submit a joint stipulation be granted.

Defendants propose that the following schedule for the motion to compel. Concurrently with this *ex parte motion*, Defendants have served on Yuga a joint stipulation. Defendants further propose that Plaintiffs file their response by Thursday February 23, and Defendants file the joint stipulation with the court on Friday February 24. Because the parties have already discussed their legal positions in depth, no supplemental memoranda is necessary. As set forth in more detail below, good cause exists to shorten time so that the Court can resolve the dispute early enough for Defendants to prepare their deposition of Mr. Lehman.

## II. LEGAL STANDARD

The court is permitted to grant ex parte relief upon a showing of "good cause." *Mission Power Engineering Co. v. Continental Casualty*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The moving party must demonstrate: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that required *ex parte* relief." *Zhang v. Dahua Technology, USA, Inc.*, No:1 8:22-cv-02174-FWS-ADS 2022 WL 17418621 at *2 (C.D. Cal. 2022).

## III. ARGUMENT

### A. Good Cause Exists to Shorten Time For Hearing Motion

The Court should grant the motion shorten time because absent such relief, Defendants' ability to effectuate their discovery rights and take a complete deposition of Mr. Lehman will be irreparably harmed. Mr. Lehman's deposition is scheduled for March 2, 2023. Mr. Lehman's settlement and the discussions surrounding the settlement likely contain highly relevant material regarding information Yuga has already affirmatively relied upon and is almost certainly going to bring at summary judgment and trial. Mr. Lehman worked with Defendants on the RR/BAYC project and provided an affidavit with his settlement which discusses disputed factual issues in this case. If the parties follow the normal local rules, the underlying discovery issue between the parties will not be resolved in time for Defendants to make use of any materials included in the settlement materials between Mr. Lehman and Yuga Labs. Mr. Lehman's deposition will be the only opportunity for Defendants to learn about how the affidavit was formed, and to do so Defendants need the documents related to it. Lastly, it bears noting that Mr. Lehman delayed his deposition several times, including from a noticed date of February 6, 2023. Defendants are merely requesting the Court move quickly on this matter so they could have a decision with enough time to depose Mr. Lehman properly.

Defendants have diligently pursued the discovery at issue. Defendants only recently learned of Mr. Lehman's settlement on February 6, 2023. That very day, Defendants reached out to Yuga's counsel seeking discovery on the matter. (See D. Gosma Decl. Ex. 1, Feb. 6 email). Defendants sought to work with opposing counsel on multiple occasions, sending emails back-to-back without response in the hopes of diligently solving this dispute. *See* (D. Gosma Decl. Ex. 1, Feb. 6 email; Ex. 2, Feb. 10 email). As detailed above, even through today, Defendants sought to solve this dispute expeditiously by working with Yuga's counsel. Defendants moved as quickly as they reasonably could while maintaining compliance with the Local Rules

requiring parties to work out discovery disputes among themselves. As such, Defendants are not the party at fault in creating the crisis that requires *ex parte* relief. Yuga instead dragged its feet and delayed responding to Defendants' reasonable requests for discovery and for meeting and conferring.

Courts are well-attuned to scenarios where the time required to respond to discovery must be shortened in order to maintain a just system of discovery. In these situations, courts have used their discretionary power to shorten the time to respond to discovery requests. *See BF&W Assoc. v. Motorola, Inc.*, No. C5-02381 JF HRL, 2006 WL 8442394 at *2 (N.D. Cal. 2006) (shortening the time to respond to discovery request to maintain the truth-seeking purpose of discovery).

Lastly, Defendants also note that its discovery request is not overly burdensome on Yuga. Defendants are requesting a narrow category of documents implicating Yuga's settlement with one individual. These documents were created recently, and therefore it should not be burdensome on Yuga to find and produce such documents.

## IV. CONCLUSION

For the foregoing reasons, Defendants request an order shortening the time for Defendants motion to produce the documents related to Tom Lehman's settlement with Yuga Labs.

Dated: February 21, 2023

By: /s/ *Derek Gosma*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on February 21, 2023

By: /s/ *Derek Gosma*____

Derek Gosma