UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | February 23, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

Present: The Honorable **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE**

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | None |

**Proceedings:** **ORDER RE DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS (Dkt. Nos. 115, 116)**

On February 21, 2023, Defendants Ryder Ripps and Jeremy Cahen ("Defendants") filed an *Ex Parte* Application for an Order Shortening Time on Motion to Respond to Request for Production of Documents. ("Application"). (Dkt. 115.) Plaintiff Yuga Labs, Inc. ("Yuga" or "Plaintiff") filed an Opposition on February 22, 2023. (Dkt. 116.)[1]

Defendants seek Confidential Settlement and related materials from another case before the deposition of third party Thomas Lehman scheduled for March 2, 2023. Defendants already have provided their portion of the Joint Stipulation regarding their Motion to Compel production of those materials. They request an order requiring Plaintiff to serve its portion of the Joint Stipulation by February 23, 2023 and submit the Joint Stipulation to the Court on February 24, 2023. (Dkt. 115-10.) Plaintiff opposes such a short briefing schedule which it asserts does not meet the legal standards for *ex parte* relief and would be unfair and prejudicial. The Court DENIES the Application but sets a briefing schedule on the Motion to Compel.

Local Rule 37-3 provides the governing legal standard for *ex parte* relief: "Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an *ex parte* basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. See Mission Power Engineering Company v. Continental

---

[1] Defendants previously filed an *Ex Parte* Application for Order for/to Compel Document Production ("First Application") on February 17, 2023, raising the same issues as the pending Application. (Dkt. 108.) Plaintiff filed an Opposition on February 18, 2023. (Dkt. 113.) Defendants then withdrew their Application. (Dkt. 114.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | February 23, 2023 |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

<u>Casualty Company</u>, 883 F. Supp. 488, 490 (C.D. Cal. 1995) ("*Ex Parte* Motions are rarely justified"); <u>In Re Intermagnetics America, Inc.</u>, 101 Bankr. 191,192 (C.D. Cal. 1989) ("*ex parte* motions are nearly always improper").

     Defendants' Application does not meet these rigorous standards. The major flaw in the Application is that they could have moved Mr. Lehman's deposition from March 2, 2023 to a later date and then brought a regularly noticed Motion to Compel. There was never any emergency or prejudice warranting *ex parte* relief. By insisting on proceeding with Mr. Lehman's deposition on March 2, 2023, Defendants essentially created their own non-existent emergency. Defendants' proposed order, moreover, would require Plaintiff to respond with its portion of the Joint Stipulation in but 2 days without any opportunity for supplemental briefing. (Dkt. 115-10.) Such a requirement would be unfair and prejudicial to Plaintiff.

     Thus, the Court DENIES Defendants' Application and proposed order. The Court, however, will set a briefing schedule for the Motion to Compel. The parties have met and conferred on the Motion and Defendants have provided Plaintiff with their portion of the Joint Stipulation. Also, the parties already have briefed the discoverability of Confidential Settlement materials issue in the prior *ex parte* Application that was withdrawn. Therefore, the Court will set a due date of **March 6, 2023** for Plaintiff to provide its portion of the Joint Stipulation and file it with the Court. The parties will have until **March 13, 2023** to file supplemental memoranda. The Court will then decide whether to have a hearing on the Motion or take it under submission.

     As for Mr. Lehman's deposition, Defendants may proceed with the March 2, 2023 deposition without the Confidential Settlement materials or reschedule it for the last week of March before the April 1, 2023 discovery cut-off date. By then, the Court will have ruled on the Motion.

|   | : |
|---|---|
| Initials of Preparer | slo |