# Exhibit 3

Exhibit 3
Pg. 14

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Friday, February 17, 2023 11:43 PM
**To:** Meghan Fenzel <mfenzel@jassyvick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kevin Vick <kvick@jassyvick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Subject:** RE: Yuga Labs v. Ripps - recent filings and SBS

**\*\* EXTERNAL EMAIL \*\***

Meghan,

Unfortunately, we cannot agree suspend our subpoena to SBS. The parties have yet to file any motion to stay proceedings, and resolution of that motion would occur days before the discovery cut-off on April 3, 2023. This means that Defendants will have no opportunity to take discovery after the stay is lifted and, as a result, suspending any non-party discovery would irreparably prejudice the Defendants.

We also note that Defendants have not moved to compel production on any counterclaims—all issues pending before the court strictly related to Plaintiff's claims. And, in fact, there has been ongoing discovery on counterclaims in this case since as early as January 11.
If your understanding of all this is different, please let me know. Perhaps I can be helpful.

I also note that during our prior call, we discussed the scope of document production to ensure that we can minimize the burden on SBS. Specifically, we discussed how many of the responsive materials would come from a single custodian and we also agreed to take the noticed deposition off calendar to help reduce costs and loss of time for SBS.

Granted these circumstances, it would be best to stay the course we agreed on during our prior call. If you have any question, I am always available to chat.

Kind regards,
Henry

Exhibit 3
Pg. 15