ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>          Plaintiff and<br>          Counterclaim Defendant,<br><br>     v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>          Defendants and<br>          Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**LOCAL RULE 37 YUGA LABS, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DE-DESIGNATE THE DEPOSITION OF RYAN HICKMAN**<br><br>Mag. Judge: Hon. John E. McDermott<br>Motion Hearing Date: March 21, 2023<br>Motion Hearing Time: 10:00 AM<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date: June 27, 2023 |

Lr 37 Suppl. Memorandum in Opposition to Defendants'
Motion to De-Designate the Deposition Of Ryan Hickman

Case No. 2:22-cv-04355-JFW-JEM

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I.   INTRODUCTION

Yuga Labs opposes Defendants' Motion to De-Designate the Deposition of Ryan Hickman ("Motion") not because Yuga Labs takes a position on whether this deposition should be confidential, but because this Motion is one of many attempts by Defendants to abuse the discovery process to bully Yuga Labs into untenable positions.   Mr. Hickman's deposition is rife with content taken directly from documents Defendants have designated Highly Confidential – Attorneys' Eyes Only ("HC-AEO").   De-designating the transcript would result in inconsistent confidentiality designations contrary to the Protective Order's requirement that HC-AEO information be "clearly so designated." Gosma Decl. Ex. 2 § 3.8.  If Defendants maintain that their documents, which are quoted verbatim in and throughout the Hickman transcript, are HC-AEO, then the transcript should also be treated as HC-AEO.  If Defendants de-designate their documents,[1] then the Hickman transcript should also be commensurately de-designated.  Yuga Labs has explained its position to Defendants numerous times.  Fares Decl. ¶ 3, Ex. 1 at 6-7; Gosma Decl. Ex. 3 at 3-5.  Defendants' position is untenable.

## II.   ARGUMENT

### A.   Defendants Failed to Comply with L.R. 37-1.

Defendants' Motion should be denied because it was filed without regard to L.R. 37-1's requirement that "the party contemplating a discovery motion" must provide a proper letter requesting a meet and confer and meet and confer "in good faith, to eliminate as many disputes as possible between the parties." *Goldwater Bank, N.A. v. Elizarov*, 2022 WL 17078950, at *2 (C.D. Cal. Oct. 7, 2022). Defendants act as if these requirements do not apply to them, ignoring them like a reckless driver ignores a speed limit sign.   The Court should hold Defendants

---

[1] There were 73 exhibits used at the deposition of Mr. Hickman, nearly all of which were designated under the Protective Order by either Defendants or Mr. Lehman. Mr. Lehman has been reasonable about designations, and we do not foresee any issues being able to resolve his designations once Defendants' are resolved.

FENWICK & WEST LLP
ATTORNEYS AT LAW

accountable for their failure to comply with L.R. 37-1 and deny their motion. *See Pina v. Lewis*, 717 F. App'x 739, 740 (9th Cir. 2018).

Defendants did not provide any L.R. 37-1 letter to Yuga Labs regarding this Motion, making it improper. Fares Decl. ¶ 4. Defendants cannot successfully claim that their email chain with Yuga Labs, in which they did not once reference or cite to L.R. 37-1, constitutes a "letter" for purposes of L.R. 37-1. *See* Gosma Decl. Ex. 3. Even if it did, Defendants still failed to provide the requisite legal authority or terms of the discovery order to be sought. *See, e.g.*, *Gordium Innovations, LLC v. Zyxel Comm. Inc.*, No. SACV 12-2014, 2013 WL 12153506, at *2 (C.D. Cal. Dec. 9, 2013) (denying discovery motion due in part to the fact that L.R. 37-1 letter did not cite any legal authority); *Arroyo v. Cervantes*, No. 8:19-00182, 2019 WL 8755115, at *1 (C.D. Cal. Aug. 16, 2019) (denying discovery motion due in part to party's failure to specify terms of discovery order sought in L.R. 37-1 letter). Even after Yuga Labs notified Defendants of these deficiencies and provided opportunities to comply, they still failed to do so. *See* Gosma Decl. Ex. 3 at 3-5.

Defendants also failed to make a good faith attempt to resolve the dispute with Yuga Labs before filing the present Motion. They stated during the conference that they would re-produce and re-designate the materials in question, only to quickly withdraw this offer and serve Yuga Labs with the Joint Stipulation five hours later. Fares Decl. ¶ 3. Their attitude demonstrates that their goal during the conference was not actually to resolve any dispute, but to affirm their intent to bring this Motion.

**B.     De-Designating the Hickman Deposition Would Violate the P.O.**

Yuga Labs designated Mr. Hickman's deposition as HC-AEO because it substantially involves information that Defendants designated as HC-AEO under the Court's Protective Order. These confidential documents are prominently featured throughout the deposition in the form of exhibits, direct quotes, and extensive questioning about HC-AEO topics. *See, e.g.*, Fares Decl. Exs. 2, 4. De-designating Mr. Hickman's deposition (and only his deposition) would give Defendants the

FENWICK & WEST LLP
ATTORNEYS AT LAW

power to determine whether and when to accuse Yuga Labs of violating the Protective Order if Yuga Labs uses certain information publicly.

Defendants confirmed their intent to maintain their confidentiality designations when they recently sought to seal one of the HC-AEO documents underlying numerous exhibits used and discussed during Mr. Hickman's deposition (their team Telegram chat).  Supplemental Declaration of Anthony Fares ("Fares Supp. Decl.") ¶ 3.  Sealing documents is governed by a more rigorous standard than designation under a protective order, and requires parties to "show[] good cause or demonstrat[e] compelling reasons why the strong presumption of public access in civil cases should be overcome."  L.R. 79-5.2.2(b)(i).  Defendants requested to seal their Telegram chat *in its entirety* on the grounds that it contains HC-AEO material, yet this very same material appears in Mr. Hickman's deposition as Exhibits 10, 33, 38, 40, and 44 (which are excerpts of that chat) and is quoted and discussed at length during the deposition.  Fares Supp. Decl. ¶ 3.  All Yuga Labs is seeking here is a consistent and reliable application of the Protective Order so that it knows what is and is not designated thereunder.  Defendants' lack of consistency in their designations is highly prejudicial to Yuga Labs, who relies on those designations to determine what it files publicly or not.  Defendants are well aware of the untenable situation de-designation of only the Hickman transcript would place Yuga Labs in. *See* Fares Decl. ¶ 3; Gosma Decl. Ex. 3.

When Yuga Labs proposed a reasonable compromise—de-designate Hickman's transcript but re-produce the documents involved in the deposition without designation and then "clearly identify the protected portion(s)"—Defendants rejected it.  Fares Decl. ¶ 3; Gosma Decl. Ex. 3 at 3-5.  Instead, they rushed to bring this dispute to the Court.  Fares Decl. ¶ 3.  Yuga Labs has been trying to find compromises for these discovery disputes, like this one, and Defendants have

FENWICK & WEST LLP
ATTORNEYS AT LAW

LR 37 SUPPL. MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DE-DESIGNATE THE DEPOSITION OF RYAN HICKMAN      3      Case No. 2:22-cv-04355-JFW-JEM

consistently rejected these efforts.[2]

Any argument that by filing portions of Mr. Hickman's deposition publicly, Yuga Labs has somehow acknowledged that it is not confidential misses the point. No rule requires a party to file something under seal merely because they designated it as confidential. *See* Gosma Decl. Ex. 2 § 1. More importantly, Defendants' actions in attempting to de-designate this deposition while maintaining, inconsistently, that most of the documents quoted within it are HC-AEO are impractical and prejudicial as Defendants seek to game Sections 6 and 16 of the Protective Order.

### C. The Court Should Sanction Defendants.

Defendants should be sanctioned for bringing this frivolous Motion and for failing to comply with L.R. 37-1. *See* Gosma Decl. Ex. 2 § 7.3 ("Frivolous challenges, and those made for an improper purpose . . . may expose the Challenging Party to sanctions."); L.R. 37-4 ("The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."). Yuga Labs pointed out the deficiencies in the Motion, proposed a reasonable compromise, and gave Defendants multiple opportunities to resolve these issues. Instead, Defendants rejected Yuga Labs' requests to compromise, failed to meet and confer in good faith, and manufactured a dispute that is a waste of both Yuga Labs' and this Court's time and resources.

As set forth above, Defendants' failure to send Yuga Labs a compliant L.R. 37-1 letter and to confer in good-faith constitutes a violation of L.R. 37-1 deserving of sanctions. *See* L.R. 37-4; *Poturich v. Allstate Insurance Co.*, 2015 WL 4334419, at *2-3 (C.D. Cal. July 15, 2015) (finding sanctions to be appropriate where counsel

---

[2] As another example, when Defendants sought confidential settlement communications and a confidential settlement agreement with a third party, Yuga Labs proposed a reasonable compromise to provide them with the agreement if they withdrew their request for communications. Fares Supp. Decl. Ex. 1. Defendants refused, stating that they "will not accept a 'compromise' . . ." *Id.* Instead, they rushed to file an *ex parte* application on that dispute without even meeting and conferring. *Id.*

violated L.R. 37-1). Defendants' violations are particularly egregious because Yuga Labs put Defendants on notice of their procedural deficiencies, yet they still failed to comply. Gosma Decl. Ex. 3 at 5. Therefore, the Court should award Yuga Labs its attorneys' fees.

In Defendants' request for sanctions, they accuse Yuga Labs of engaging in "gamesman-like use of the confidentiality designations process to silence Mr. Hickman." (ECF 98-1 at 10). This is as ironic as it is baseless. Defendants could have avoided this entire dispute simply by choosing a consistent approach to their own confidentiality designations as Yuga Labs proposed multiple times. Fares Decl. ¶ 3, Ex. 1 at 2-3; Gosma Decl. Ex. 3 at 3-5. They should not be rewarded for failing to comply with Local Rules and the Protective Order.

This disregard for the Local Rules is part of a pattern of misconduct. For example, in the confidential settlement dispute described above, Defendants sent emails without providing any legal authority or basis for seeking to compel those documents, instead resting on the argument that they are "undeniably relevant." Fares Supp Decl. Ex. 1. When they finally provided legal authority, they gave Yuga Labs less than 24 hours to review it before filing an *ex parte* application that violated several Local Rules, only to later withdraw it. *Id.* Notably, here, they first provided Yuga Labs their legal authority *after* they had served the Joint Stipulation.

## III.  CONCLUSION

Yuga Labs respectfully requests that the Court deny Defendants' Motion and award Yuga Labs' attorneys' fees. It further requests that the Court order Defendants to re-produce the documents used in Mr. Hickman's Deposition to clearly identify the protected portions in compliance with Section 6.3 of the Protective Order, and Yuga Labs will then review the transcript of Mr. Hickman and propose new designations based upon Defendants' re-designation of their own documents quoted and discussed in the deposition.

Fenwick & West LLP
Attorneys at Law

1

Dated:  March 7, 2023

FENWICK & WEST LLP

2

3

By:  _/s/ Anthony Fares_

4

Anthony Fares
Attorneys for Plaintiff
YUGA LABS, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW