# Exhibit 1

**Exhibit 1**
**Pg. 2**

| | |
|---|---|
| **From:** | Gosma, Derek |
| **To:** | Eric Ball; Kimberly Culp; Ethan Thomas; Tompros, Louis W.; Nikogosyan, Henry; Anthony Fares |
| **Cc:** | WH Ripps-Yuga Labs Team; Ethan Jacobs |
| **Subject:** | Re: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM |
| **Date:** | Saturday, February 18, 2023 2:06:22 PM |

**\*\* EXTERNAL EMAIL \*\***

Counsel,

==We have reviewed your response to our Ex Parte motion to compel.  While we disagree with your positions, we are encouraged that Yuga is finally taking this matter seriously and has agree to engage in a meet and confer sooner than ten days from now.  In light of that development, we plan to withdraw our ex parte motion and, if the parties cannot reach agreement on a compromise, we will file a motion to compel with shortened time.==  Let's plan to discuss at 3pm on Tuesday as your email Friday suggested.  I will send a calendar invite.

Derek

Get Outlook for iOS

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Friday, February 17, 2023 3:49:08 PM
**To:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Kimberly Culp <KCulp@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**EXTERNAL SENDER**

Derek,

I'll take a look at your cases over the weekend.  I can chat 3-5 on Tuesday or after 4 on Wednesday.  Let me know if either of those times work.

Eric Ball

Fenwick | Partner | 650-335-7635 | eball@fenwick.com

---

**From:** Gosma, Derek <Derek.Gosma@wilmerhale.com>
**Sent:** Friday, February 17, 2023 1:01 PM
**To:** Kimberly Culp <KCulp@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Anthony Fares <AFares@fenwick.com>

Exhibit 1
Pg. 3

**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

Kimberly,

Thank you for your response.  While I understand and appreciate that you have a planned vacation, we simply cannot wait until mere days before Mr. Lehman's deposition to meet and confer on this issue.  Your proposed timing would leave essentially no time for the parties to seek the Court's assistance in resolving any dispute before Mr. Lehman's scheduled deposition.  A firm of Fenwick's size and resources should have someone else who can talk through this issue without impinging on your vacation.

As I said last night, I remain available to discuss with you or any of the multiple other members of your litigation team from 2-3 pacific today.

Derek

---

**From:** Kimberly Culp <KCulp@fenwick.com>
**Sent:** Friday, February 17, 2023 10:56 AM
**To:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Ethan Thomas <EThomas@fenwick.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**EXTERNAL SENDER**

Derek – Thank you for providing your authority for seeking the confidential settlement communications and settlement agreement between Tom Lehman and Yuga Labs resolving the lawsuit in N.D.N.Y.  We are assessing the authority you have provided.

I am out of the office next week on a pre-planned vacation and, as you know, will be the attorney at Mr. Lehman's deposition.  So, I plan to attend this meet and confer.  Our team will review your cases while I am out and we will be prepared to speak with you on Monday, February 27, after I return. We can speak between 10 a.m. and 12 p.m., or in the early afternoon if the Court takes the hearing off-calendar.

Thank you,
Kimberly

**Exhibit 1**
**Pg. 4**

Kimberly Culp

Fenwick | Counsel | +1 650-335-7138 | kculp@fenwick.com | Admitted to practice in California.

---

**From:** Gosma, Derek <Derek.Gosma@wilmerhale.com>
**Sent:** Thursday, February 16, 2023 8:36 PM
**To:** Ethan Thomas <EThomas@fenwick.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

Ethan,

I would like us to take one last run at resolving this before we involve the Court. Please let me know your availability to meet and confer tomorrow. I am available before 11 and from 2-3pm pacific tomorrow. Given the proximity of Mr. Lehman's deposition, we consider this to be an urgent matter so if you are not available, please have someone else on your team attend.

Please be prepared to explain why the requested documents are irrelevant given Yuga's reliance on them in its motion to dismiss and expert reports.

Please also be prepared to explain why confidential documents cannot be produced subject to the Court's protective order.

The cases we intend to rely on are as follows:

*Bd. Of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) ("there is no federal privilege preventing the discovery of settlement agreements and related documents.").

*Peters v. Equifax Info. Servs. LLC*, No. 12-cv-01837-TJH (OPx), 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013) ("confidential settlement agreements must be produced upon a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence.")

*O'Brien v. Johnson & Johnson Medical Devices Co.*, 19-cv-00619-CJC-(SPx), 2020 WL 5215384, at *5 (C.D. Cal. June 24, 2020) ("the entry of a protective order, as there is in this case, "substantially mitigates" privacy concerns relating to disclosure of materials relating to a confidential settlement agreement.")

Exhibit 1
Pg. 5

Additional cases supporting production of settlement agreements and related documentation similar to that sought by Defendants here:

*Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 522 (C.D. Cal. 2008); *Lytel v. Simpson*, 2006 WL 8459764, at *2 (N.D. Cal. June 23, 2006); *Hem & Thread, Inc. v. Wholesalefashionsquare.com, Inc.*, 2:19-cv-00283-CBM-AFMx, 2020 WL 5044610, at *3-4 (C.D. Cal. June 16, 2020); *In re Banc of California Sec. Litig.*, 2018 WL 1726237, at *1 (C.D. Cal. Apr. 6, 2018).

Best Regards,

Derek

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Wednesday, February 15, 2023 5:03 PM
**To:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**EXTERNAL SENDER**

Louis – Defendants have not identified any case law or other authority in any of their emails, as they are obligated to do to meet the requirements of Rule 37-1. Moreover, a confidential settlement agreement and confidential settlement communications are not directly requested by Defendants' requests. But, even if they were, Yuga Labs objected to the three requests Defendants identified on the basis of relevance and proportionality (among other grounds). These documents are not relevant or proportionate to the needs of this case. If Defendants have any authority that Yuga Labs must, nevertheless, produce settlement materials that are covered by a bargained-for confidentiality provision, then please provide it. If Defendants are unable to locate any such authority, then please let us know that as well.

Once Defendants provide their authority, as required, we will consider it so that we can then have a productive meet and confer call. We need to know and be able to respond to Defendants' authority so that we are not meeting and conferring in the abstract.

We also note that this is not the first time Defendants have refused to observe the procedures of Local Rule 37 and ask, again, that they do so going forward.

Regards,

Exhibit 1
Pg. 6

Ethan Thomas

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Sent:** Wednesday, February 15, 2023 8:07 AM
**To:** Ethan Thomas <EThomas@fenwick.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

Ethan,

No.   Defendants will not accept a "compromise" in which Yuga produces the settlement agreement (which it is obligated to produce), in exchange for being relieved of its obligation to produce communications reflecting the negotiations with Mr. Lehman (which it is also obligated to produce).  This is yet another example of Yuga's litigation misconduct.

We have satisfied Local Rule 37-1 in this very email chain, on February 6, where we specifically asked for "all documents related to and communications with Mr. Lehman and/or his counsel concerning *Yuga Labs, Inc. v. Thomas Lehman*, Case No.1:23-cv-00085-MAD-TWD, including communications regarding settlement of that litigation."  Such material is obviously covered by Defendants' RFP Nos. 4, 13, and 35."  Yuga has never identified any reason why the agreement is not responsive to those requests.  And they are plainly relevant: Yuga secured a February 3 "Declaration of Thomas Lehman" in connection with that settlement, and Yuga chose to submit that declaration to the court in connection with this case.  The communications between Yuga and Mr. Lehman (and his counsel) are therefore plainly relevant.  You may of course produce it as confidential under the protective order.

Please provide a time to meet and confer immediately so that we can file a motion to compel.

Thanks,
--Louis

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Tuesday, February 14, 2023 8:35 PM
**To:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs

Exhibit 1
Pg. 7

<ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**EXTERNAL SENDER**

Derek,

The settlement agreement is confidential.  We understand Mr. Jacobs has proposed a compromise whereby Defendants cease seeking the — also confidential — communications reflecting the negotiations in exchange for Mr. Lehman and Yuga Labs agreeing to produce the otherwise confidential settlement agreement.  Although the settlement agreement is not otherwise discoverable, in the interest of reaching a compromise we can agree to share the confidential settlement agreement subject to Defendants' withdrawal of requests for any communications related to it.  Please let us know if Defendants will accept this compromise.

As we have explained before, Local Rule 37-1 requires service of a letter identifying "each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  Defendants have provided none of that.  If you wish to begin the discovery dispute process, please provide us with sufficient information to respond to the dispute, including your position on why this material is a proper subject of discovery.

Regards,

Ethan Thomas

Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Gosma, Derek <Derek.Gosma@wilmerhale.com>
**Sent:** Tuesday, February 14, 2023 10:37 AM
**To:** Ethan Thomas <EThomas@fenwick.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

It has now been more than a week since our initial request.  Consider yourselves on notice of this issue under Rule 37-1 as of February 6 and provide your availability for a meet and confer this week.

---

**From:** Gosma, Derek

**Exhibit 1**
**Pg. 8**

**Sent:** Monday, February 13, 2023 4:21 PM
**To:** Ethan Thomas <EThomas@fenwick.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

Ethan,

Have you completed your assessment of this straightforward request?  There is no valid basis to withhold the settlement agreement.

Derek

---

**From:** Ethan Thomas <EThomas@fenwick.com>
**Sent:** Friday, February 10, 2023 7:50 PM
**To:** Gosma, Derek <Derek.Gosma@wilmerhale.com>; Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**EXTERNAL SENDER**

Derek,

Thanks for your email.  We are assessing your request, as well as Mr. Lehman's objections to your subpoenas, and we will provide you with a response next week.

Regards,

Ethan Thomas
Fenwick | Associate | +1 415-875-2238 | EThomas@fenwick.com | Admitted to practice in California and New York.

---

**From:** Gosma, Derek <Derek.Gosma@wilmerhale.com>
**Sent:** Friday, February 10, 2023 11:57 AM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Eric Ball <eball@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Ethan Jacobs

**Exhibit 1**
**Pg. 9**

<ethan@ejacobslaw.com>
**Subject:** RE: Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

**\*\* EXTERNAL EMAIL \*\***

Counsel,

==There is no reason to delay production of these highly relevant documents, and your failure to do so is not only prejudicing my clients, but also Mr. Lehman.  For example, there is no reason you cannot immediately produce the settlement agreement between Yuga and Mr. Lehman.  The document is undeniably relevant to this case and subject to discovery.==  Every day you delay is prejudicing my clients' ability to take discovery.   Your production of that agreement would alleviate the burden on Mr. Lehman of having to negotiate about its production.  The same is true of the other documents and communications relating to the settlement sought by Henry's email below.  Because your continued delay in producing the agreement is prejudicing Mr. Lehman, I'm copying in his counsel to this email.

Please respond today by, at a minimum, producing the settlement agreement, and providing your response about the remaining related communications.

Best Regards,

Derek

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Monday, February 6, 2023 5:53 PM
**To:** eball@fenwick.com; ethomas@fenwick.com; KCulp@fenwick.com; AFares@fenwick.com
**Cc:** WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>
**Subject:** Yuga v. Ripps & Cahen, 2:22-cv-04355-JFW-JEM

Counsel,

Please immediately produce all documents related to and communications with Mr. Lehman and/or his counsel concerning *Yuga Labs, Inc. v. Thomas Lehman*, Case No.1:23-cv-00085-MAD-TWD, including communications regarding settlement of that litigation.  Such material is obviously covered by Defendants' RFP Nos. 4, 13, and 35.

Regards,

**Henry Nikogosyan | WilmerHale**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
+1 650 858 6004 (t)
+1 650 858 6100 (f)
henry.nikogosyan@wilmerhale.com

Exhibit 1
Pg. 10

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Exhibit 1
Pg. 11