Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>        Plaintiff and<br>        Counterclaim Defendant,<br><br>    v.<br><br>Ryder Ripps and Jeremy Cahen,<br><br>        Defendants and<br>        Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MR. RIPPS AND MR. CAHEN'S MOTION TO DE-DESIGNATE**<br><br>Hearing: Mar. 21, 2023, at 10:00 a.m.<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:  June 27, 2023 |

## I. INTRODUCTION

Plaintiff Yuga has improperly designated the entirety of third-party Ryan Hickman's 308-page deposition testimony as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY despite (1) all relevant parties agreeing that the testimony should be public and (2) a court order in another jurisdiction rejecting Yuga's attempt to seal a portion of the same deposition.

Mr. Hickman, who is a Black Jewish man, testified under oath regarding the RR/BAYC project at issue in this case, the racist tropes embedded in Yuga's brand that the project criticized, and various documents that the other participants in the RR/BAYC project (Thomas Lehman and the Defendants) had produced as confidential. Against Mr. Hickman's wishes, Yuga designated the entirety of his testimony as AEO, in an apparent effort to silence Mr. Hickman's criticism of Yuga and to force Defendants—who are individuals—to expend resources litigating this issue needlessly. Even now, Yuga refuses to withdraw its AEO designation despite: (1) Mr. Hickman, Mr. Lehman, and both Defendants stating that Mr. Hickman's testimony was not confidential; and (2) the District of Nevada, in a related proceeding, *rejecting the exact same* argument Yuga advances before this Court for withholding Mr. Hickman's testimony from the public. Yuga's AEO designation was wrong from the outset, and Yuga's continued refusal to withdraw it even after its failed attempt to conceal Mr. Hickman's testimony in the District of Nevada is clearly improper.

Yuga has also misrepresented to this Court the events relating to the February 6, 2023, conference of counsel. First, Defendants have sent e-mails under Local Rule 37-1 regarding Yuga's improper confidentiality designation. Second, contrary to Yuga's assertion, Defendants did not "retract their agreement without explanation" to de-designate and re-produce documents. Defendants in fact offered to re-produce all relevant documents making line-by-line designations if that would resolve the issue such that Yuga would withdraw of its AEO designation. Yuga refused. Instead, Yuga said that, regardless of Defendants' actions, it would continue to assert that the

1 entirety of Mr. Hickman's 308-page testimony is AEO.[1]  Thus, Defendants made a
2 generous offer to resolve this issue without involving the Court, but Yuga rejected that
3 offer.

## II.   ARGUMENT

### A.   Yuga's Designation Is Improper Because All Relevant Parties Agree Mr. Hickman's Testimony Should Be Public

Mr. Hickman's deposition did not involve any Yuga confidential materials. Despite this, Yuga designated the entirety of Mr. Hickman's testimony as AEO, purportedly on behalf of Mr. Lehman and the Defendants.  Dkt. 98-5 at 10.  But Counsel for Mr. Lehman had communicated to Yuga that he "does not oppose treating all of Mr. Hickman's deposition testimony as non-confidential." *Id*. at 7.  And Defendants have also repeatedly confirmed that "they are fine treating all of Mr. Hickman's testimony as non-confidential." *Id*. at 6.  Thus, all parties whose confidential information could possibly have been the subject of Mr. Hickman's testimony agree that the testimony should be public consistent with Mr. Hickman's wishes.  *See* Dkt. 98-6 at 1 ("I would ***not*** like to have my deposition confidential.") (emphasis added).

Yuga does not have "good cause" for designation the deposition testimony as non-public.  *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).  ***First***, Yuga has no legitimate grounds for making an AEO designation when all relevant parties agree that the testimony should be public.  *See L.A. Triumph, Inc. v. Ciccone*, C 10-06195-SJO-JCx, 2011 WL 13217377, at *2 (C.D. Cal. June 16, 2011) (declining to seal deposition testimony when the deponent did not oppose public disclosure).  ***Second***, the fact that Mr. Hickman discussed documents designated as confidential does not create "good cause' because the content of his testimony did not

---

[1] Defendants also requested that Yuga make similar de-designations since it has also categorically designated its documents as AEO.  Yuga refused.

reveal or implicate any of the confidential material in those documents. *See Beaulieu Group, LLC v. Bates*, 15-cv-01090-JGB-KKx, 2016 WL 7626471, at *4 (C.D. Cal. Oct. 18, 2016) (declining to seal deposition testimony even when testimony related non-public documents such as confidentiality agreements).

**Third**, Yuga's arguments for concealing Mr. Hickman's testimony appear to be pretextual. Defendants urge the Court to read the letter that Mr. Hickman recently wrote—Exhibit 1 to this brief—in which he explains that "Yuga Labs attorneys have aggressively burdened me, weaponizing hundreds of pages of paperwork even after complying with subpoenas and deposition." Nikogosyan Decl. Ex. 1. Mr. Hickman further explains,

> It appears to me that Yuga is trying to avoid allowing my deposition to be public given what I shared under oath. Specifically, my statements on the blatant racist tropes in Yuga's project, Yuga Labs' issuance of unlicensed securities and the misleading statements Yuga Labs made regarding the promises of artwork ownership and commercial IP rights to sell their token offering.

*Id*.

Mr. Hickman is a *pro se* third party. Mr. Hickman has no legal training and is not familiar with the technical process of making designations under a Protective Order. Nor is Mr. Hickman knowledgeable about how to go about ensuring his testimony remains public. Yuga exploited this vulnerability by designating Mr. Hickman's testimony as AEO, effectively silencing Mr. Hickman.

**B. A Court has Already Ruled That Mr. Hickman's Testimony is Public**

Yuga has once before attempted to seal a portion of Mr. Hickman's same deposition testimony and failed. On January 3, 2023, Yuga initiated a miscellaneous proceeding (*Yuga Labs, Inc. v. Ripps*, 2:23-cv-0010-APG-NJK (D. Nev.)) against Mr. Hickman in the District of Nevada. In that proceeding, Yuga moved to seal the portion of Mr. Hickman's deposition testimony that it submitted to the court, purportedly because "Protected Material was disclosed at Ryan's Hickman's

1  deposition." Nikogosyan Decl. Ex 2 at 4. Mr. Hickman, being a *pro se* litigant, did
2  not manage to file opposition papers. Still, the court denied Yuga's unopposed
3  motion to seal, because Yuga did not have "good cause as to any particular document
4  [discussed in the deposition]" and because Yuga failed to show that Mr. Hickman's
5  testimony is "confidential, sensitive, or otherwise worthy of secrecy[.]" Nikogosyan
6  Decl. Ex. 4 at 1-2. The court then unsealed the 63 pages of Mr. Hickman's testimony
7  that Yuga had lodged in that matter. *See* Nikogosyan Decl. Ex. 3. As in the District
8  of Nevada case, there is no need here to keep Mr. Hickman's testimony a secret.

        **C.    Yuga Misrepresents the Events of the February 6, 2023, Conference**

Yuga wrongly states that Defendant did not comply with Local Rule 37-1. The parties had extensive correspondence regarding this issue leading up to the February 6 conference, as Rule 37-1 requires. A portion of those e-mails have been filed before this Court showing an exchange from January 21 to February 5 that outlines each parties' position. Dkt. 98-5. This satisfies Local Rule 37-1's requirement to "identify each issue and/or discovery request in dispute" and "the moving party's position."[2]

Yuga also wrongly states that Defendants refused to de-designate documents without explanation. During the February 6, 2023, meet-and-confer call, Defendants offered to re-designate all relevant documents line-by-line if doing so would cause Yuga to withdraw its improper, pretextual AEO designation. Dkt. 98-2 ¶ 2. Yuga refused, stating that Yuga would <u>not</u> withdraw its AEO designation even if Defendants re-designated and re-produced the documents that Yuga complained about. *Id*.

---

[2] Yuga incorrectly contends that Defendants were obligated to cite some legal case in its Local Rule 37-1 emails. Rule 37-1 only requires the moving party to provide dispositive legal authority on this issue. There is no Ninth Circuit case as directly on point (due to the nature of Yuga's overbroad designation) and, thus, Defendants did not provide any dispositive citation to caselaw. Defendants did cite the (controlling) protective order, which is all that Rule 37-1 requires.

### D. Yuga Should Pay Defendants' Reasonable Expenses in Connection with this Motion

This litigation has been remarkably burdensome on the Defendants, who are two individuals with limited resources, largely because Yuga has used scorched earth litigation tactics to stonewall every discovery request, pushed Defendants to brief many discovery disputes, and refused even to pick up the phone to speak with counsel for Defendants. Forcing Defendants to file this motion to de-designate is another iteration of Yuga's oppressive litigation tactics.

There is no reason for Yuga to have designated the entirety of Mr. Hickman's transcript as AEO, especially when all relevant parties agreed that the testimony was not confidential. But even after the court in a related proceeding denied Yuga's unopposed motion to seal, Yuga has continued to maintain its clearly unjustified position. *See* Dkt. 98-4 ¶ 6.1 (Protective Order prohibiting "clearly unjustified" designations). Defendants should not have to bear the costs for this kind of abusive litigation behavior. Yuga should therefore pay Defendants' reasonable fees and expenses in connection with this motion. Dkt. 98-4 ¶ 16.

## III. CONCLUSION

Defendants request that this Court grant Defendants' motion to de-designate, and award fees and expenses.

Dated: March 7, 2023

By: /s/ *Derek Gosma*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

| | |
|---|---|
| 1 | Fax: (617) 526-5000 |
| 2 | Derek Gosma (SBN 274515) |
| | derek.gosma@wilmerhale.com |
| 3 | Henry Nikogosyan (SBN 326277) |
| | henry.nikogosyan@wilmerhale.com |
| 4 | **WILMER CUTLER PICKERING** |
| | **HALE AND DORR LLP** |
| 5 | 350 South Grand Ave., Suite 2400 |
| | Los Angeles, CA 90071 |
| 6 | Telephone: (213) 443-5300 |
| | Fax: (213) 443-5400 |
| 7 | |
| 8 | Attorneys for Defendants |
| | *Ryder Ripps and Jeremy Cahen* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 7, 2023.

By: /s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is in compliance with Local Rule 37-2.3 pertaining to the five-page limit for a supplemental memorandum.

By: /s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Case No. 2:22-cv-04355-JFW-JEM -1- SUPPLEMENTAL MEMORANDUM