# Exhibit 4

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS INC., <br>     Plaintiff(s), <br> v. <br> RYDER RIPPS, et al., <br>     Defendant(s). | Case No. 2:23-cv-00010-APG-NJK <br><br> **Order** <br><br> [Docket No. 9] |

This miscellaneous case involves a dispute regarding a subpoena for deposition testimony and documents related to a trademark infringement action pending in the Central District of California. Pending before the Court is Plaintiff's motion to seal various documents and to file redacted versions on the public docket. Docket No. 9. No response was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to seal is **DENIED**.

There is a strong presumption in favor of the public's access to judicial filings. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter must be supported by a particularized showing of good cause. *Id.* at 1180.[1] It is well-settled that confidential categorization of discovery documents under a stipulated protective order is not a guarantee of continued secrecy once those documents are filed with the Court. *Kamakana*, 447 F.3d at 1183. Such protective orders are over-inclusive by their nature and do not include any finding of good cause as to any particular document, so the fact that a party designates documents as confidential pursuant to a blanket protective order does not necessarily

---

[1] For sealing purposes, a matter is considered non-dipositive when it is tangentially related to the merits of the underlying claims. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). The Court applies the good cause standard to the instant motion to seal since the non-party discovery dispute is tangentially related to the underlying claims.

1

translate into a finding that good cause exists to seal those documents on the docket. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (discussing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).[2]

The instant motion to seal is predicated on the fact that the redacted information was designated as confidential pursuant to a protective order. Docket No. 9 at 3-4. No showing of any kind has been made that the information is confidential, sensitive, or otherwise worthy of secrecy in this judicial proceeding. Moreover, the Court has reviewed the instant material and it does not on its face appear to be sensitive.

Accordingly, the motion to seal is **DENIED**. The Clerk's Office is **INSTRUCTED** to unseal the filings at Docket Nos. 10 and 11, as well as the exhibits thereto.[3]

IT IS SO ORDERED.

Dated: February 14, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Because the Court is safeguarding the public interest in access to judicial filings, the fact that a motion to seal is unopposed does not relieve the Court of its duty to apply faithfully the governing standards. *E.g.*, *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

[3] In instructing the Clerk's Office to unseal these documents, the Court is cognizant that non-party Hickman's full address appears without redaction. *See, e.g.*, Docket No. 10 at 18. Given the local rules requiring redaction of personal identifying information, the Court would generally not unseal these documents without requiring redaction. *See* Local Rule IC 6-1(a)(5). In this case, however, Hickman's full address is already on the public docket several times, *see, e.g.*, Docket No. 9 at 6; Docket No. 12 at 18; Docket No. 13 at 6, so redacting that same information in the documents to be unsealed would be an exercise in futility, *cf. Victory Sports & Ent., LLC v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting cases that already-public information cannot be made secret).

2