1  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
2  KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone:   650.988.8500
5  Facsimile:    650.938.5200

6  ANTHONY M. FARES (CSB No. 318065)
   afares@fenwick.com
7  ETHAN M. THOMAS (CSB No. 338062)
   ethomas@fenwick.com
8  FENWICK & WEST LLP
   555 California Street, 12th Floor
9  San Francisco, CA  94104
   Telephone:  415.875.2300
10

11 *Additional Counsel listed on next page*

12 Attorneys for Plaintiff and
   Counterclaim Defendant
13 YUGA LABS, INC.

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17              WESTERN DIVISION – Los Angeles

18

19 YUGA LABS, INC.,                     | Case No.: 2:22-cv-04355-JFW-JEM

20      Plaintiff and                   | **DISCOVERY MOTION**
        Counterclaim Defendant,
21                                       | **PLAINTIFF YUGA LABS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**
22      v.
23 RYDER RIPPS, JEREMY CAHEN,
24      Defendants and                  | Mag. Judge: Hon. John E. McDermott
        Counterclaim Plaintiffs.        | Motion Hearing Date: March 21, 2023
25                                       | Motion Hearing Time: 10:00 AM
                                         | Discovery Cutoff Date: April 3, 2023
26                                       | Pre-Trial Conference Date: June 9, 2023
                                         | Trial Date:  June 27, 2023
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

YUGA LABS' SUPP. MEMORANDUM ISO.
MOTION FOR SANCTIONS

Case No. 2:22-cv-04355-JFW-JEM

1   MELISSA L. LAWTON (CSB No. 225452)
    mlawton@fenwick.com
2   FENWICK & WEST LLP
    228 Santa Monica Boulevard
3   Santa Monica, CA  90401
    Telephone:   310.434.4300
4

5   DAVID Y. SILLERS (*admitted pro hac vice*)
    david@clarelocke.com
6   KATHRYN HUMPHREY (*admitted pro hac vice*)
    kathryn@clarelocke.com
7   MEGAN L. MEIER (*admitted pro hac vice*)
    megan@clarelocke.com
8   CLARE LOCKE LLP
    10 Prince Street
9   Alexandria, VA  22314
    Telephone:   202.628.7400
10

11  Attorneys for Plaintiff and
    Counterclaim Defendant
12  YUGA LABS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

YUGA LABS' SUPP. MEMORANDUM ISO.
MOTION FOR SANCTIONS                                    Case No. 2:22-cv-04355-JFW-JEM

## I.   INTRODUCTION

Defendants take the remarkable position that they were "sandbagged" with responsive evidence ***in their possession that they were caught withholding***.[1]   Joint Stipulation (Dkt. 109) ("Joint Stip.").   This is despite Defendant Ripps' violation of the Court's January 10, 2023 order requiring him to "complete [his] document production" and produce "all relevant non-privileged documents . . . in his custody, control or possession."   Dkt. 79.   This is also despite a sworn, and now admittedly false, verification by Ripps that he produced "all relevant non-privileged documents" (Thomas Decl. Ex. 5).   And it is despite at least four (now admittedly false) written assurances that Defendants were not withholding evidence in the categories specifically outlined by Yuga Labs, only to be later contradicted as each of Defendants' assurances was followed up with more purportedly overlooked documents.[2]

Defendants pivot to say that, because ***now*** they have produced more documents, there is no reason to believe they are still concealing documents.   That position is simply not credible given Defendants' repeated conduct.   And worse, Yuga Labs has since uncovered additional evidence of concealment.   Moreover, although Cahen swears he has not destroyed evidence, ***Ripps refuses to say under oath that he has not destroyed evidence***.   Whatever the explanation, Defendants' concealment (be it spoliation or continued withholding) of material evidence is unacceptable.

---

[1] Defendants' claim that Yuga labs did not "adequately" confer is also contrary to the record.   *See, e.g.*, Joint Stip. at 2–3 (enumerating times documents were identified to Defendants); Dkt. 109-10 (L.R. 37-1 letter); Dkt. 109-6 (email listing documents). The documents presented by Yuga Labs in the Joint Stipulation were examples — not comprehensive — of evidence of Defendants' withholding or destruction of discovery material.

[2] *See* Defs. Jan 3., 2023 Mem. (Dkt. 70) at 2; Jan. 20, 2023 Letter from H. Nikogosyan (Dkt. 109-6); Feb. 2, 2023 Letter from H. Nikogosyan (Dkt. 109-11); Joint Stip. at, *e.g.*, 4–5.

FENWICK & WEST LLP
ATTORNEYS AT LAW

The Court should grant Yuga Labs' motion because there is no way to know what else Defendants are concealing.[3]  This motion originally centered on spoliation because Yuga Labs took Defendants at their word that they "emptied their files," complied with the Court's order, and produced everything relevant they had.  It is now clear that the Defendants' word is false.  Defendants' discovery misconduct is severe, and it interfered with the truth-finding function of the judicial process; the result is significant prejudice and an effort to put a thumb on the scales of the litigation by gaming discovery.  A substantial sanction (e.g., an adverse inference or forensic examination) to rebalance the scales is the only effective remedy, and the Court should award Yuga Labs its attorneys' fees for this motion.

## II.   YUGA LABS ESTABLISHED DEFENDANTS' SPOLIATION AND/OR WITHHOLDING OF MATERIAL EVIDENCE AND BAD FAITH

It is undisputed that Ripps did not comply with the Court's January 17, 2023 Order to produce "all relevant non-privileged documents."  Dkt. 79. The categories of documents at issue are summarized below for the Court's reference (Supplemental Declaration of Ethan M. Thomas ("Supp. Thomas Decl.") ¶¶ 8–13):

| Category of Materials | Current Status |
|---|---|
| Text messages between Ripps and Cahen | **Withheld or destroyed** |
| Text messages between Cahen and Tom Lehman | **Produced** (only after Yuga Labs served the Joint Stipulation and obtained text messages from Tom Lehman and produced them to |

---

[3] Defendants incorrectly argue the prevailing spoliation sanctions framework is the four-factor test they identify in *Gaina v. Northridge Hosp. Med. Ctr.*, No. CV 18- 177-DMG (RAOX), 2019 WL 1751825 (C.D. Cal. Feb. 25, 2019).  *See, e.g., teamLab Inc. v. Museum of Dream Space, LLC*, 2022 WL 1590746, at *2 & n.2 (C.D. Cal. Mar. 10, 2022) (rejecting defendants' argument that the amended Fed. R. Civ. P. 37(e) imposes additional requirements for spoliation sanctions and determining "[t]he three-factor [*Zubulake*] test is sufficient for the Court's analysis").  Additionally, the amended Fed. R. Civ. P. 37(e) does not abrogate the Court's power to issue sanctions for abusive litigation practices; it simply means that the Court relies on the codified rule (instead of inherent authority) for "certain measures" (e.g., adverse inference, default judgment) rather than inherent authority to address ESI spoliation.  The Court's sanction powers have the same reach.

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Category of Materials | Current Status |
|---|---|
| | Defendants) |
| Text messages between Ripps or Cahen, on the one hand, and Ryan Hickman | **Withheld or destroyed** |
| Emails between Ripps and Lehman | **Produced** (only after Yuga Labs served the Joint Stipulation and obtained an email Tom Lehman and produced it to Defendants) |
| Emails related to Defendants' registration of the domains in dispute | **Partially produced** (only after Yuga Labs served the Joint Stipulation and served a subpoena to the domain name registrar); **other documents withheld or destroyed** (such as email confirmations reflecting registration price for rrbayc.com) |
| Private Discord chats/channels between Defendants relating to parties, NFTs, or marks in dispute | **Withheld or destroyed** |
| Private Twitter direct messages between Defendants | **Withheld or destroyed** |
| Telegram messages between Cahen and Tom Lehman, newly discovered by Yuga Labs (*e.g.,* Supp. Thomas Decl. Exhibit 1) | **Withheld or destroyed** |
| Telegram messages among Cahen, Ryan Hickman, and Tom Lehman, newly discovered by Yuga Labs (*e.g.,* Supp. Thomas Decl. Exhibit 2) | **Withheld or destroyed** |

The relevance of the materials is obvious, as was Defendants' obligation to preserve and produce the evidence. As one example, Cahen represented to the Court in his declaration that he withheld text messages with Tom Lehman because "the vast majority" were "irrelevant messages such discussions about eating lunch, sending family pictures, and other ordinary day-to-day messages." Dkt. 109-41 ¶ 9. But, this is demonstrably false. Many of the withheld text messages concern the RR/BAYC NFTs and are clearly relevant to the litigation. Here are two examples:

- Supp. Thomas Decl. Exhibit 4 at 2–3:
  **Cahen**: RR/BAYC NFTs "aren't gonna be worth less than we paid"

- Supp. Thomas Decl. Exhibit 4 at 5:
  **Lehman**: "My personal POV is that we should go hard toward something that is clearly non-infringing and also abstract. E.g the logo could be 'RR' or something instead of a picture"
  …
  **Cahen**: "Ok I will talk to ryder about that"

As to Defendants' argument that the discovery is too burdensome, Defendants failed to raise that argument to the Court prior to the January 10, 2023 Order and have thus waived it as an excuse to feign compliance. But in any event, that argument is woefully insufficient. Defendants are not *pro se* parties and have sophisticated counsel that is more than capable of performing basic document collection and review. Defendants have, in fact, produced documents from Twitter, Telegram, Discord, and their texts and emails. What they have ***not*** produced are those internal communications between them or Mr. Hickman. Moreover, while Cahen describes the burden of "manually scrolling through a large text thread" (Joint Stip. at 19), he could have located them by using the phone's native search function for basic terms such as "Yuga" or "RR." *See* Dkt. 109-17.

Defendants' newfound privilege argument is also meritless. For the communications between Ripps and Cahen only, there could have been no privilege for communications that occurred before the lawsuit was filed and outside the presence of their attorney. *See Bruno v. Equifax Information Services, LLC*, No. 2:17-cv-327-WBS-EFB, 2019 WL 633454, at *10 (E.D. Cal. Feb. 14, 2019). No pre-litigation communications between Ripps and Cahen took place in the presence of counsel, as admitted by Defendants' only privilege log, served on December 1, 2022 (which was thereafter withdrawn). Supp. Thomas Decl. Exhibit 5. Defendants never suggested otherwise. In their counsel's February 26, 2023 letter, Defendants appear to recognize that their pre-litigation communications are not privileged. Supp. Thomas Decl. Exhibit 6 (acknowledging withdrawal of privilege claims in pre-litigation

FENWICK & WEST LLP
ATTORNEYS AT LAW

communications among Ripps, Cahen, Lehman, and Hickman).    However, ***Defendants still have not produced their communications between themselves before the lawsuit was filed, which are of the highest relevance in this intentional trademark infringement case.***  The reason is obvious: if they will admit their scam with Lehman and Hickman in a group chat (which they have), their private communications must be even more damning.  As to communications involving third parties — whether pre-litigation or post-litigation — Defendants already made a privilege argument, which the Court rejected.  Dkt. 67 at 49; Dkt. 79.  There is no good-faith basis for continuing to withhold these.

## III.   SIGNIFICANT SANCTIONS ARE WARRANTED

As set forth in the Joint Stipulation, the elements necessary to award sanctions are easily met here.  At least Defendant Ripps is in violation of a Court order.  Dkt. 79.  And, Defendants' continued withholding of evidence does not mitigate their culpability, but only exacerbates their failure to cooperate in discovery or comply with their obligations under L.R. 37-4 and Fed. R. Civ. P. 37.  "Rule 37 authorizes the Court to impose sanctions for a party's failure to obey discovery orders, including preclusion sanctions 'prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.'" *Genevieve Morton v. Twitter, Inc.*, No. 2:20-CV-10434-GW-JEMX, 2022 WL 18231784, at *1 (C.D. Cal. Mar. 21, 2022), *report and recommendation adopted* 2022 WL 18231676 (C.D. Cal. Mar. 22, 2022) (quoting Fed. R. Civ. P. 37(b)(2)(A)(ii)). Here, Defendants have obstructed and continue to obstruct Yuga Labs' access to evidence of their infringement, the intent behind their infringement, and the resulting likelihood of confusion.  It is also impossible to determine with precision what evidence Defendants have spoliated or continue to conceal.  The Court should grant Yuga Labs' motion.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Dated:  March 7, 2023

2

3                                                FENWICK & WEST LLP

4

5    By:  */s/ Ethan M. Thomas*
        Ethan M. Thomas
        Attorneys for Plaintiff and
        Counterclaim Defendant
        YUGA LABS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW