Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim Defendant,<br><br>　　v.<br><br>Ryder Ripps and Jeremy Cahen,<br><br>　　　　Defendants and<br>　　　　Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO YUGA LABS, INC.'S MOTION FOR SANCTIONS**<br><br>Hearing: Mar. 21, 2023, at 10:00 a.m.<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:  June 27, 2023 |

## I. INTRODUCTION

This motion is another example of Yuga Labs, Inc.'s ("Yuga") abusive litigation tactics aimed at unnecessarily increasing the costs of litigation for two individual Defendants with limited resources. *See* Dkt. 77. Defendants have collectively spent over 100 hours manually collecting documents and have produced hundreds of thousands of private communications. Defendants have not destroyed any documents and are willing to say so under oath if the Court requires. Despite this, Yuga asks this Court to impose the extraordinary sanction of default judgment, adverse inference, and forensic inspection based on false accusations of spoliation. Yuga hid from Defendants the specific reasons for alleging spoliation until it served its Joint Stipulation, and shortly thereafter Defendants produced the very documents that Yuga alleges to have been lost. Had Yuga merely asked for specific documents in the first place, this motion would never have been filed. Yuga's request for sanctions based on spoliation of documents that it already received from Defendants defies logic—and reveals that this motion serves only to exert financial and emotional pressure on two individual defendants.

Yuga has also engaged in improper conduct with the third-party materials that it relies on for its motion. Third party Thomas Lehman produced materials to Yuga in mid-October. But Yuga produced those materials to Defendants in piecemeal fashion over several months. Yuga sent the first tranche in December, then more in January, and more in February. Most recently, on February 23, 2023, (***after*** filing the Joint Stipulation on which its motion is based) Yuga produced a sixth tranche of Mr. Lehman documents (LEHMAN0000315 – LEHMAN0000385). Gosma Decl. ¶ x, Ex. 1. In other words, Yuga hid third-party documents from Defendants, asked Defendants to search for vague categories of documents, and then sprung a "gotcha" spoliation motion when Defendants' searches did not turn up the exact documents

Yuga already had. All this appears to have been done solely to exert an unfair tactical advantage on Defendants and artificially manufacture grounds to file this motion.

## II.  ARGUMENT

### A.  Yuga's Motion for Sanctions is Meritless

Yuga Labs has failed to establish that it is entitled to the extreme measures it requests, which include default judgment, adverse inferences, and attorneys' fees, or in the alternative forensic inspection of Mr. Ripps's and Mr. Cahen's personal electronic devices and accounts. Defendants, as two individuals, have undertaken a massive effort to manually identify, collect, and produce hundreds of thousands of private communications in response to Yuga's discovery requests. As they state in their sworn declarations, they have collectively spent over 100 hours searching for documents on multiple occasions and have produced all responsive, non-privileged materials they have found. Dkt. 109-30, ¶ 5; 109-41, ¶ 5; 109-42, ¶ 3. They have gone well beyond the "reasonable effort to search for and obtain" the rules require. *Addison v. Monarch & Ass., Inc.,* No. CV 14-00358-GW-JEM, 2016 WL 11530422, at *1 (C.D. Cal. Sep. 6, 2016); *In re Rivera*, No. CV 16-4676 JAK (SSx), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) (holding that Federal Rule 34(b)(2) requires only "a reasonable investigation to locate responsive materials").

Unsurprisingly, therefore, there is no support for Yuga's assertions that Defendants have destroyed or spoliated evidence in this litigation. Yuga cites to a narrow set of documents it received from third parties to try to establish its spoliation claim. Dkt. 109-1, p.7-9. But Yuga raised the specific spoliation concerns, however, for the first time in their Joint Stipulation for this motion and Defendants have produced the very documents Yuga claims have been lost. Dkt. 109-30, ¶ 3; 109-41, ¶ 5; 109-42, ¶ 8. These documents were never spoliated or destroyed as Yuga claims. Moreover, the documents contain largely innocuous content and what appears to be comical statements made ***on the same day this lawsuit was filed*** to "go hard towards

something that is clearly non-infringing" such as "RR/**** … Yuga doesn't want you to know the name of this collection." Dkt. 124-5 at 6 (also stating "Haha, I think that is very funny …" in response to another text).

Yuga has failed to prove the high standards required for the serious sanctions it seeks here.  *First*, it has not proven that Defendants intentionally deprived another party of information for use in litigation, which is a prerequisite for the adverse inference it seeks.  *Gaina v. Northridge Hosp. Med. Ctr.*, No. CV 18-177-DMG (RAOX), 2019 WL 1751825, at *2 (C.D. Cal. Feb. 25, 2019); *see also* Fed. R. Civ. P. 37, 2015 advisory committee note, stating that the 2015 amendment to Rule 37(e) makes clear, the rule "rejects cases … that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." (internal citation omitted).  Here, Mr. Ripps and Mr. Cahen have undertaken great efforts to produce all relevant materials and have found and produced the documents Yuga claims were spoiled (once Yuga actually identified what it was looking for).

*Second*, Yuga has not established that Defendants willfully deceived the Court, which is necessary for default judgment.  *See Leon v. IDX Systems Corp.,* 464 F.3d 951, 958 (9th Cir. 2006) (explaining that generally, dismissal is available only if a party "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice").  As described above, the very documents sought have been produced and Defendants have diligently undertaken a burdensome process to meet their ongoing discovery obligations.

*Third*, Yuga has not provided anywhere near the "substantial support" needed to require the invasive remedy of performing a forensic inspection of Mr. Ripps and Mr. Cahen personal devices, which is an extraordinary remedy courts generally avoid.  *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RSPSG, 2013 WL 1366041, at *2 (N.D. Cal. Apr. 3, 2013); *United States v. California Inst. of Tech.*, No. CV185964CASRAOX, 2020 WL 13547790, at *7 (C.D. Cal. Nov. 18, 2020)

(citing *Lincoln Benefit Life Co. v. Fundament,* Case No. SACV 18-00260-DOC (JDEx), 2018 WL 6133672, at *3 (C.D. Cal. Nov. 7, 2018)).

In sum, this is a frivolous discovery motion seeking sanctions for spoliation of materials that have already been produced.

### B. Mr. Ripps and Mr. Cahen are Entitled to Attorneys' Fees

Defendants are entitled to their attorneys' fees for two reasons.

*First*, the federal rules provide that the court must require the moving party of a discovery motion that was not "substantially justified" pay for "reasonable expenses incurred in opposing the motion." Fed. R. Civ. P. 37(a)(5)(B). Courts have "focused on the quality of the justification and the genuineness of the dispute [and whether] an impartial observer would agree that a party had good reason to withhold discovery[ ] when determining whether opposition is substantially justified." *Edge Sys. LLC v. Ageless Serums LLC,* No. CV209669FLAPVCX, 2022 WL 2093850, at *8 (C.D. Cal. Feb. 1, 2022) (citing *Brown v. State of Iowa*, 152 F.R.D. 168, 173 (S.D. Iowa 1993)) (internal citations and quotations omitted). As outlined above, Yuga has brought a motion seeking sanctions that include the severe consequence of default judgment based on a claim of spoliation or destruction of documents. As explained above, those documents have been produced to them and would have been identified and produced earlier if Yuga had properly met and conferred about the materials they sought. Accordingly, Yuga's Motion for Sanctions is not substantially justified, and Defendants should receive compensation for the reasonable expenses they incurred responding to this frivolous motion.

*Second*, Local Rule 37-4 provides for sanctions for the failure to cooperate in the procedures under Local Rule 37-1. Here, Defendants repeatedly asked Yuga during meet and confer correspondence and calls to identify what documents they thought were missing from their productions. Dkt. 190-30, ¶ 3. Repeatedly, Yuga refused to provide this information. *Id.* Instead, in what appears to be an attempt to

artificially manufacture grounds for this motion, Yuga (1) waited until the conference was over to identify what specific materials it believed were missing and then (2) used that belated disclosure to argue that any inconsistency between the production of a third party and Defendants' productions was evidence of spoliation. Dkt. 109-30 ¶ 4.

Compounding their misconduct, Yuga improperly withheld that very third-party's materials to deliberately create an unfair tactical advantage and to manufacture this discovery dispute. Third party Mr. Lehman produced his documents to Yuga in *mid-October*. Dkt. 109-39 at 1. Yuga should have promptly provided those materials to Defendants. But instead, Yuga produced them piecemeal over months. Yuga's misconduct has continued even after filing of the Joint Stipulation, including by producing 70 (out of 385 total) documents from Mr. Lehman's production on February 23, 2023. Gosma Decl., Ex. 1. There is no excuse for Yuga to have delayed its production of documents for *four months*, especially when Yuga is now relying on the documents it withheld to manufacture a baseless spoliation claim.

Yuga's motion is part of a broader context of Yuga inappropriately trying to increase the cost of this litigation against two individuals with limited resources through unnecessary motion practice. When deciding whether to impose sanctions, courts "properly consider all of a party's discovery misconduct …, including conduct which has been the subject of earlier sanctions." *In Heritage Bond Liti*., 223 F.R.D. 527, 530 (C.D. Cal. 2004) (citing *Payne v. Exxon Corp*., 121 F.3d 503, 508 (9th Cir. 1997). This Court has already recognized Yuga' prior violations of Local Rule 37-1. Dkt. 77. Therefore, the Court can rightly consider Yuga's continued improper use of burdensome motions in determining if Yuga should provide reasonable expenses here.

### III. Conclusion

Yuga's Motion for Sanctions should be dismissed and Defendants should be awarded reasonable expenses.

Dated: March 7, 2023

By: /s/ *Derek Gosma*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 7, 2023.

By: /s/ *Derek Gosma*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document is in compliance with Local Rule 37-2.3 pertaining to the five-page limit for a supplemental memorandum.

By: /s/ *Derek Gosma*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400