Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> Ryder Ripps and Jeremy Cahen, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **DISCOVERY MATTER** <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MR. RIPPS AND MR. CAHEN'S MOTION TO COMPEL** <br><br> Hearing: Mar. 21, 2023, at 10:00 am <br> Discovery Cut-off:  April 3, 2023 |

## I.   INTRODUCTION

Defendants Ryder Ripps and Jeremy Cahen seek discovery relevant to several substantive issues in this case: likelihood of confusion, trademark validity, acquiescence, laches, and unclean hands.  Despite the clear relevance of Defendants' discovery requests, Yuga continues to make the assertion that *all* of the documents sought in this motion are irrelevant and not subject to discovery.  Yuga's recalcitrance has already prejudiced Defendants by forcing them to take key depositions without access to relevant documents.  But this prejudice pales in comparison to the undue hardship Defendants will face at trial if Yuga is allowed to provide no discovery on these issues at all.  This Court should compel Yuga to produce the relevant documents Defendants have sought.

## II.   ARGUMENT

### A.   Defendants Are Entitled to Discover Documents Which Go to the Validity of the Asserted Marks

The parties agree that this case is ***at least*** a trademark dispute.  For discovery, "[r]elevance is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *City of Rialto v. United States Dept. of Defense*, 492 F. Supp. 2d 1192, 1202 (C.D. Cal. 2007).  Parties resisting discovery carry "a heavy burden" to demonstrate discovery should not be allowed.  *Blankenship v. Hearst Corp.*, 519 F.3d 418, 429 (9th Cir. 1975).

Whether the plaintiff owns a valid trademark is a "threshold issue" in trademark cases, because a party cannot assert a mark it does not own or a mark that is invalid. *Tie Tech, Inc. v. Kindedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).  Unclean hands, laches, and ownership of a mark are therefore always relevant in trademark matters. *See Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002) (unclean hands); *Delta Forensic Eng'g Inc. v. Delta V Biomechanics, Inc.,* 402 F. Supp. 3d 902, 906 (C.D. Cal. 2019) (ownership).  RFPs 1, 2, 11, 12, 25, 30, 31, and 50

all relate to whether Yuga has or does not have a "valid, protectable mark."  Failure to produce this discovery has already prejudiced Defendants by preventing use of these documents at deposition, any more delay may affect the trial itself.

For example, RFPs 1 and 2 seek information related to the Yuga's formation, corporate structure, and related business entities.  Whether Yuga has assigned any ownership interest that it might have had in the Asserted Marks or acquiesced to trademark dilution are defenses to its claim of infringement.  Numerous companies use Yuga's marks in commerce.  *See, e.g.*, Exs. 2 and 3 (Apecoin logo), (Apewear). Yuga has not sued any of these companies or otherwise policed its marks.  Yuga's relationship to these companies (potentially hundreds) is therefore relevant to, among other things, whether and to what extent Yuga has acquiesced in allowing others to use its marks.  Yuga's argument that this information is irrelevant is thus meritless.

Similarly, RFP 11 asks for documents related to the conception, creation and design of the Asserted Marks.  Yuga has admitted that the Asserted Marks were developed by an unnamed third party.  *See* Ex. 6, (Yuga's O&Rs to First Set of Interrogatories at 9).  To prove trademark infringement, Yuga must prove that ***it*** owns the Asserted Marks.  Yuga should have documents about the third party's work on the Marks, including vesting trademark ownership rights.  If the documents show that the third party owns the marks, Yuga cannot prevail at trial.

RFP 25 asks for documents that bear on the scope of the Asserted Marks.  Since the Asserted Marks are unregistered, Yuga must show public awareness of the marks. *See Globe Industries Inc. v. Lopez*, 252 F. Supp. 2d 962, 984 (C.D. Cal. 2002) (analyzing reputation of mark).  Which specific marks Yuga used in commerce define the breadth of their legal rights.  Hence, whether and how Yuga used terms—like the word "ape"—is directly relevant to whether any valid mark was infringed.

Likewise, RFP 50 is relevant to whether Yuga has protectable marks because it seeks information about how the Asserted Marks became publicly recognizable

(again, an element of Yuga's trademark infringement claim).  If Yuga gained this recognition wrongfully, then the unclean hands doctrine bars it from obtaining relief.  *See Worden v. Calif. Fig Syrup Co.*, 187 U.S. 516, 528 (1903) (denying protection due to deceptive advertising).  Yuga admits that the fame of its marks derives from celebrity endorsements.  *See* Complaint, Dkt. 1 at ¶1.  And Yuga has improperly paid for those endorsements, without instructing that those payments be disclosed.  For example, one of the "major celebrities [who has] publicly announced holding a Bored Ape NFT" as alleged in Yuga's Complaint ███████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████ This contract and other similar documents are vital to this defense.  Notably, Yuga is seeking summary judgment on unclean hands ***while refusing to provide discovery on the defense***.  *See* Exh. 5 (Mar. 2 email from E. Ball).  Refusing discovery when a party is seeking summary judgment on an issue is fundamentally unfair.  *See Bureerong v.Uvawas*, 922 F. Supp. 1450, 1481 (C. D. Cal. 1996) (denying summary judgment due to lack of discovery).  Yuga's documents about the promotion of BAYC NFTs are relevant to this defense, and the Court should compel their production.

### B.     Yuga Has Not Produced Documents Related to Its Response to the RR/BAYC Project That It Admits Exist

Yuga has failed to produce all of its documents responsive to RFPs 41 and 57, which seek information related to Defendants' laches and acquiescence defenses and their copyright counterclaim.  Yuga previously claimed that has already produced these documents—but that is simply untrue.  See Ex. 7 (Joint Stip. at 43).  RFP 41 seeks information concerning Yuga's response to the RR/BAYC project.  The timeline of Yuga's decision making is probative of whether Yuga promptly took

1   action to protect the Asserted Marks or acquiesced to any use.  Despite the relevance

2   of Yuga's response to the project, Yuga has not produced ***any*** internal documents

3   addressing its response to the RR/BAYC project at all.

4        Turning to RFP 57, Yuga promised to provide complete discovery related to its

5   use of Appdetex, an IP enforcement service.  Yuga's use of Appdetex is the subject of

6   Defendants' laches and acquiescence defenses and Defendants' counterclaim.

7   Although Yuga has produced a handful of documents, Yuga has not produced a single

8   email, text message, or other communication about its decision to hire Appdetex, or

9   the instructions it provided to Appdetex in asserting takedown notices and copyright

10  actions on Yuga's behalf.  Because discovery about Appdetex is relevant, the Court

11  should compel complete production.

12  **C.    Yuga Claims That It Does Not Understand the Meaning of "You" in**

13  **RFAs 1-36, 47-52, 55-58, 63-72, 80-84, 177-179**

14       Yuga argues that it cannot respond to dozens of relevant RFAs because the term

15  "You/Yuga" is vague.  This is gamesmanship.  Instead, of using any reasonable

16  definition, of "You", Yuga redefined the request to include, "vendors and contractors

17  at live events, and former employees with whom the company no longer has contact."

18  *See* Ex. 7 at 118.  Then, based on its own preposterous definition, Yuga refuses to

19  answer the RFAs as vague and overbroad.  Yuga's redefinition is absurd.  The terms

20  are only vague because Yuga intentionally makes them so.

21       The Court should compel Yuga to apply a reasonable definition and respond.

22  Each of these RFAs is plainly relevant.  RFAs 1-12 relate to trademark defenses, 13-

23  17 and 55-58 relate to consumer confusion, 18-20 relate to distinguishing accused

24  products, 21-28 relate to corrective advertising, 29-36 relate to trademark enforcement

25  and the unclean hands defense, 47-52, and 63-68 relate to the use of the marks in

26  commerce, 69-72 relate to damages, 80-84 relate to unclean hands, and 177-179 relate

27  to trademark enforcement.

28

**D.    RFAs 37-46 Seek Information Relevant to Likelihood of Confusion**

RFAs 37-46 seek documents in Yuga's possession about what Yuga knew about its consumers' thoughts and behaviors, which is plainly relevant to consumer confusion.  Every trademark case involves a question of consumer confusion.  Yet, Yuga claims that its consumers' thoughts and actions are irrelevant.  The "likelihood of confusion" test asks whether "a reasonably prudent consumer in the marketplace is likely to be confused" about the source or origin of goods bearing a mark.  *Rearden LLC v. Rearden Commerce, Inc.* 683 F.3d 1190, 1209 (9th Cir. 2012).  Because consumer confusion is a central issue in this case, Defendants are entitled to documents showing what Yuga knows about its own customers' knowledge about NFTs and if they were confused.

**E.    The Term "Celebrities" Is Not Vague**

RFAs 80-83 and 86-87 seek information about Yuga's use of celebrities to promote BAYC.  Yuga argues terms like "were compensated" and "celebrities" are vague and that these requests are irrelevant.  Exh. 7 at 131.  Yuga used the term "celebrities" in its own complaint.  *See* Complaint, Dkt. 1 ¶¶ 1, 21.  Yuga knows what "celebrities" means.  Yuga's position is unreasonable, and the Court should compel Yuga to produce responsive documents.

**III.    CONCLUSION**

Defendants request that this Court grant Defendants' motion to compel.

Dated: March 7, 2023                    By: /s/  *Derek Gosma*

                                        Louis W. Tompros (*pro hac vice*)
                                        louis.tompros@wilmerhale.com
                                        Monica Grewal (pro hac vice)
                                        monica.grewal@wilmerhale.com
                                        Scott W. Bertulli (pro hac vice)
                                        scott.bertulli@wilmerhale.com
                                        **WILMER CUTLER PICKERING**
                                        **  HALE AND DORR LLP**
                                        60 State Street

Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 7, 2023.

By: /s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document is in compliance with Local Rule 37-2.3 pertaining to the five-page limit for a supplemental memorandum.

By: /s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400