# Exhibit 6

1 | ERIC BALL (CSB No. 241327)
eball@fenwick.com
2 | KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
3 | FENWICK & WEST LLP
801 California Street
4 | Mountain View, CA 94041
Telephone:   650.988.8500
5 | Facsimile:   650.938.5200

6 | ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
7 | ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
8 | FENWICK & WEST LLP
555 California Street, 12th Floor
9 | San Francisco, CA 94104
Telephone:   415.875.2300
10 | Facsimile:   415.281.1350

11 | Attorneys for Plaintiff
YUGA LABS, INC.

12 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| Plaintiff, | **YUGA LABS, INC.'S RESPONSE TO RYDER RIPPS' AND JEREMY CAHEN'S FIRST SET OF INTERROGATORIES (NOS. 1-14)** |
| vs. | |
| RYDER RIPPS, JEREMY CAHEN, and DOES 1-10, | Honorable John F. Walter |
| Defendants. | |

**PROPOUNDING PARTY:**   Ryder Ripps and Jeremy Cahen

**RESPONDING PARTY:**   Yuga Labs, Inc.

**SET NUMBER:**   One (Nos. 1-14)

FENWICK & WEST LLP
ATTORNEYS AT LAW

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Yuga Labs, Inc. ("Yuga Labs"), by and through their attorneys, Fenwick & West LLP, hereby objects and responds to the First Set of Interrogatories ("Interrogatories" or an "Interrogatory") of defendants Ryder Ripps ("Ripps") and Jeremy Cahen ("Cahen") (collectively "Defendants") as follows:

## GENERAL OBJECTIONS

The following general objections are stated with respect to each and every interrogatory whether or not specifically identified in response thereto.  To the extent any of these general objections is not raised in any particular response, Yuga Labs does not waive those objections.

1.      Yuga Labs objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent it seeks to impose obligations on Yuga Labs broader than or inconsistent with those allowed by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case (collectively, the "Applicable Rules").

2.      Yuga Labs objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent it seeks information that is overbroad, unduly burdensome, irrelevant to any party's claim or defense, or is not proportional to the needs of the case.

3.      Yuga Labs objects to each interrogatory to the extent it is unreasonably cumulative and/or redundant of any other interrogatory.

4.      Yuga Labs objects to the use of the phrase "including but not limited to" as overly broad and unduly burdensome.

5.      Yuga Labs objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent it calls for a legal conclusion.  Yuga Labs' responses to Defendants' interrogatories shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any

FENWICK & WEST LLP
ATTORNEYS AT LAW

terms used in such interrogatories.

6.    Yuga Labs objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent that the words and phrases used therein are vague, ambiguous, misleading and/or overbroad.

7.    Yuga Labs objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs will not provide this information and any inadvertent disclosure of such information is not a waiver of any applicable privilege or protection. *See* Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5).

8.    Yuga Labs objects to each interrogatory, and to the definitions and instructions that it incorporates, to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Yuga Labs also objects to each interrogatory, and to the definitions and instructions included, to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive business information. Yuga Labs will only provide such relevant, non-privileged confidential (as to a third-party privacy interest or to Yuga Labs) or competitively sensitive information subject to an appropriate protective order.

9.    Yuga Labs objects to each interrogatory to the extent that it seeks information not within Yuga Labs' possession, custody, or control. Yuga Labs will not provide information that is not in its possession, custody, or control.

10.    Yuga Labs objects to each interrogatory, and to the definitions and instructions that it incorporates, to the extent that it seeks information already in Defendants' possession or is equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, including deposition testimony, publicly available sources such as Yuga Labs' website, U.S. Patent and

Trademark Office records, and Defendants' own records.

11.    Yuga Labs objects to each interrogatory to the extent that its investigation and discovery in this proceeding are ongoing, and Yuga Labs reserves the right to rely on and introduce information in addition to any information provided herein at the trial of this proceeding or in other related proceedings. Yuga Labs responds to these interrogatories based on its current understanding and reserves the right to supplement its responses and to make any additional objections that may become apparent.

12.    Each of Yuga Labs' responses to these interrogatories is made subject to and without waiving, limiting, or intending to waive:

    a.  each of the above-stated general objections and reservations;

    b.  the right to object on the grounds of competency, privilege, relevancy, or materiality, or any other proper grounds, to the use of the information, for any purpose, in whole or in part, in any subsequent step or proceeding in this proceeding or any other action;

    c.  the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of the present proceeding; and

    d.  the right at any time to revise, correct, and add to or clarify any of the responses herein.

13.    Yuga Labs' failure to object on a particular ground shall not be a waiver of its right to object on additional grounds. Yuga Labs expressly reserves the right to alter, amend, modify or otherwise supplement the specific objections set forth in its responses to the interrogatories below.

14.    To the extent that Yuga Labs states that responsive, non-privileged documents will be produced in response to a particular interrogatory, such statement is not a representation that any such documents or information exist, but rather that

FENWICK & WEST LLP
ATTORNEYS AT LAW

responsive, non-privileged documents or information will be produced if such documents or information are located in the course of a reasonable and proportionate search, consistent with the General Objections and based upon Yuga Labs' understanding of the interrogatory.

15.    Yuga Labs objects to the definition of "BAYC NFT" as vague and ambiguous.  Yuga Labs will interpret this term to mean any of the 10,000 NFTs in the collection of NFTs on the Ethereum blockchain known as "Bored Ape Yacht Club," referred to in Paragraph 16 of the Complaint.

16.    Yuga Labs objects to the definition of the terms "Yuga," "You," "Your," and "Plaintiff" as overbroad, unduly burdensome, unintelligible, vague, ambiguous, requesting material protected by the attorney-client privilege and work product privilege, and requesting irrelevant information.  Yuga Labs will interpret these terms to mean Yuga Labs, Inc. only, and will use "Yuga Labs" to refer to the same.

17.    Yuga Labs objects to the definition of the term "Yuga Founders" as vague, ambiguous, and overbroad to the extent it includes "any other person directly involved in creating Yuga."  Yuga Labs will interpret this term to mean only the enumerated individuals.

18.    Yuga Labs objects to the term "Inflammatory Material" as vague, ambiguous, and irrelevant to any claim or defense in this case.

19.    Yuga Labs objects to the term "Investor(s)" as vague and ambiguous to the extent it refers to "financial support."

20.    Yuga Labs objects to the terms "Document(s)," Communication(s)," and "Thing(s)" to the extent they purport to impose greater obligations on Yuga Labs than those required by the Applicable Rules.  Yuga Labs will interpret these terms consistent with the Applicable Rules and ordinary usage.

21.    Yuga Labs objects to the terms "Identify" and "Describe" as overbroad and unduly burdensome.  Yuga Labs will interpret these terms consistent with the

FENWICK & WEST LLP
ATTORNEYS AT LAW

Applicable Rules and ordinary usage.

Subject to the above General Objections, Yuga Labs responds to Defendants' First Set of Interrogatories as follows:

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the facts and circumstances concerning the conception and creation of Yuga, its BAYC NFT collection, and the Asserted Marks.

**RESPONSE TO INTERROGATORY NO. 1:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "conception" and "creation." Yuga Labs objects to this interrogatory as irrelevant and overbroad to the extent it seeks information regarding the "conception and creation" of Yuga Labs or its BAYC NFT collection. Yuga Labs objects to this interrogatory to the extent it asks Yuga Labs to describe "in detail the facts and circumstances" of each listed topic. Yuga Labs objects to this interrogatory to the extent it seeks information that is irrelevant, immaterial, and not proportional to the needs of this case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least three separate requests: (1) facts and circumstances concerning the conception and creation of Yuga

FENWICK & WEST LLP
ATTORNEYS AT LAW

Labs, (2) facts and circumstances concerning the conception and creation of Yuga Labs' BAYC NFT collection, and (3) facts and circumstances concerning the conception and creation of Yuga Labs' Asserted Marks.

Subject to and without waiving the foregoing objections, Yuga Labs incorporates by reference its Complaint and responds as follows:

In 2021, Yuga Labs was formed. BAYC was started in 2021 as a blockchain-based project designed to stand out in the sea of NFT projects. In particular, Yuga Labs conceived of an NFT that brought with it actual utility — where, among other things, the token doubles as a holder's key to an exclusive club of community members, providing access to merch drops, online games, in-person events, NFT drops, and more. BAYC was officially launched on April 23, 2021, and each of the 10,000 unique Bored Ape NFTs were sold for approximately $200 each at the time.

Yuga Labs decided on the name "Bored Ape Yacht Club" for a variety of reasons. Unlike many other NFT projects around that time, Yuga Labs did not want to merely launch a project and move on to the next thing — it wanted to capture and hold people's imaginations so that a real community would grow up around the idea. The "Bored Ape" serves in part as an homage to the early pioneers of cryptotwitter who, despite being anonymized behind a random profile picture remained accessible to the broader community. Bored and unimpressed with their newfound status, they still boldly buy into the world of digital assets.

At its core, the central premise of Bored Ape Yacht Club is simple: members are in it along with the rest of the community of apes. Yuga Labs also wanted to have some fun with the euphoria taking ahold in the world of NFTs broadly and set the "yacht club" home of the BAYC NFTs in a swamp bar in the Everglades.

The Ape Skull Logo and BA YC Logo drew inspiration from maritime club patches, punk rock designs, streetwear, and skating culture. The design elements of a black and white logo with a skull in the center can be found in various logos for

groups such as motorcycle or boating clubs.  Yuga Labs settled on a design that looked like a patch evocative of old yacht club patches.

**INTERROGATORY NO. 2:**

Identify all persons who were or are responsible for or participating in the conception or creation of the BAYC NFTs and the Asserted Marks.

**RESPONSE TO INTERROGATORY NO. 2:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "responsible for," "participating in," "conception," and "creation."  Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to identify "all persons"; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of the case.  Yuga Labs objects to this interrogatory as irrelevant and overbroad to the extent it seeks information regarding the "conception and creation" of its BAYC NFT collection.  Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least two separate requests: (1) "all persons who were or are responsible for or participating in the

FENWICK & WEST LLP
ATTORNEYS AT LAW

conception or creation of the BAYC NFTs" and (2) "all persons who were or are responsible for or participating in the conception or creation of . . . the Asserted Marks."

Subject to and without waiving the foregoing objections, Yuga Labs states that representatives of Yuga Labs and a third-party engaged by Yuga Labs participated in the design or creation of the Asserted Marks.  Subject to an appropriate protective order, Yuga Labs will amend its response to provide the names of such individuals.

**INTERROGATORY NO. 3:**

Identify all domain names Yuga uses, has registered, or plans to use or register in connection with BAYC, including but not limited to domain names associated with BAYC NFTs and the BAYC metaverse "Otherside."

**RESPONSE TO INTERROGATORY NO. 3:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "uses" and "plans to use or register."  Yuga Labs objects to this interrogatory as irrelevant to any claims or defenses, immaterial, overbroad, and not proportionate to the needs of this case, included but not limited to the extent it seeks information concerning domain names for "the BAYC metaverse 'Otherside.'"  Yuga Labs objects to this interrogatory to the extent it seeks information that is equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is in Defendants' possession or publicly available through a WHOIS search.  Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, pursuant to Fed. R.

Civ. P. 33(d), Yuga Labs will produce materials located after a reasonable search, proportional to the needs of the case, and that are sufficient to show domain names registered by Yuga Labs.

**INTERROGATORY NO. 4:**

Describe all actual and intended classes and/or types of customers, including third party distributors, to whom Yuga sells, distributes, or otherwise makes available each of the goods of services associated with the Asserted Marks, including but not limited to the BAYC NFTS. Your answer should identify any market research relating to actual and/or intended consumers for goods and services associated with the Asserted Marks.

**RESPONSE TO INTERROGATORY NO. 4:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "classes," "types," and "associated with the Asserted Marks." Yuga Labs objects to this interrogatory as irrelevant and overbroad, especially to the extent it seeks information regarding goods or services not proportional to the issues in dispute or information regarding "third party distributors." Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to identify "all" such customers; Yuga Labs will provide information that is representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or

10

FENWICK & WEST LLP
ATTORNEYS AT LAW

proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least two separate requests: (1) "Describe all actual and intended classes and/or types of customers . . ." and (2) "identify any market research relating to actual and/or intended consumers . . ."

Subject to and without waiving the foregoing objections, Yuga Labs responds that its trademark applications are not limited to any particular class or type of customers. Yuga Labs further responds that the BAYC NFTs were sold to the general public, including but not limited to individuals interested in NFTs, music, art, and games.

Additionally, pursuant to Fed. R. Civ. P. 33(d), Yuga Labs will produce materials located after a reasonable search, proportional to the needs of the case, and that are sufficient to show representative categories of customers to whom the BAYC NFTs were sold.

**INTERROGATORY NO. 5:**

Identify all persons or entities that, with or without Yuga's permission, have ever used the Asserted Marks, explaining each person or entities relationship to Yuga.

**RESPONSE TO INTERROGATORY NO. 5:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and overbroad as to the term "ever used." Yuga Labs objects to this interrogatory as overbroad and calling for information not in Yuga Labs' possession, custody, or control. Yuga Labs objects to this interrogatory as overbroad, unduly burdensome,

and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case.  Yuga Labs will provide information that is representative, proportionate, and sufficient for the needs of the case.  Additionally, Yuga Labs highlights that the Defendants admit that they are using Yuga Labs' marks without Yuga Labs permission.  Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, Yuga Labs responds that Ryder Ripps and Jeremy Cahen have used Yuga Labs' Asserted Marks without its permission, as identified in the Complaint.

Additionally, pursuant to Fed. R. Civ. P. 33(d), Yuga Labs will produce materials located after a reasonable search, proportional to the needs of the case, and that are sufficient to show representative examples of persons who have received written licenses to use Yuga Labs' Asserted Marks and/or who have used the Asserted Marks without Yuga Labs' permission.

**INTERROGATORY NO. 6:**

Separately identify and describe in detail each and every instance in which Yuga or anyone else has ever given notice to any other person or entity, including without limitation Mr. Ripps and Mr. Cahen, of the existence and/or the alleged infringement of the Asserted Marks, including without limitation: (i) the date of notice; (ii) the manner in which notice was given; (iii) the trademarks(s) at issue; (iv) the content of the notice; and (v) the identity of all Documents (by Bates numbers) or oral communications constituting such notice.

**RESPONSE TO INTERROGATORY NO. 6:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague

FENWICK & WEST LLP
ATTORNEYS AT LAW

and ambiguous as to the terms "given notice." Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to identify "each and every instance" and asks for all of the details enumerated; Yuga Labs will provide information that is representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information. Yuga Labs objects to this interrogatory to the extent it seeks information that is equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is in Defendants' possession or publicly available.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least five separate requests, as numbered by subpart.

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Yuga Labs will produce materials located after a reasonable search, proportional to the needs of the case, and that are sufficient to show representative examples of persons who have used the Asserted Marks without Yuga Labs' permission.

**INTERROGATORY NO. 7:**

Describe in detail the channels of trade through which each of the products

or services associated with the Asserted Mark reach or will reach the ultimate consumer.

**RESPONSE TO INTERROGATORY NO. 7:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as calling for a legal conclusion.  Yuga Labs objects to this request as vague and ambiguous as to the term "reach or will reach."  Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Subject to and without waiving the foregoing objections, Yuga Labs responds that goods or services sold under the Asserted Marks are sold and/or promoted through channels including but not limited to the Internet, the Ethereum blockchain, live events, music, games, entertainment, NFT marketplaces, and social media.

**INTERROGATORY NO. 8:**

Identify all principal competitors in the business in which Yuga uses or intends to use the Asserted Marks.  You answer should identify any market research relating to business competitors to goods and services that Yuga offers in connection with the Asserted Marks.

**RESPONSE TO INTERROGATORY NO. 8:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague and overbroad as to the term "principal competitors."  Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to identify "all principal competitors"; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of

FENWICK & WEST LLP
ATTORNEYS AT LAW

the case.  Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.  Yuga Labs objects to this interrogatory to the extent it seeks information that is equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is in Defendants' possession or publicly available.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least two separate requests: (1) "Identify all principal competitors" and (2) identify any market research."

Subject to and without waiving the foregoing objections, Yuga Labs responds that it is a media technology company and that its competitors include but are not limited to similar companies and individuals involved in selling and/or promoting NFTs, gaming, music, metaverse experiences, or other forms of entertainment or media.

**INTERROGATORY NO. 9:**

Separately for each Asserted Mark that Yuga contends Mr. Ripps and Mr. Cahen have infringed or are infringing, identify and describe in detail all facts and circumstances related to the earliest making and using of the Asserted Mark.

**RESPONSE TO INTERROGATORY NO. 9:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant,

immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to "identify and describe in detail all facts and circumstances"; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory to the extent it seeks information that is equally available to Defendants from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is in Defendants' possession or publicly available. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least seven separate requests, as it asks for a separate answer for each Asserted Mark, which are identified in the Complaint as (1) BORED APE YACHT CLUB, (2) BAYC, (3) BORED APE, (4) APE, (5) the BAYC logo, (6) the BAYC BORED APE YACHT CLUB logo, and (7) the Ape Skull logo. *See* Complaint at ¶¶ 26-30.

Subject to and without waiving the foregoing objections, Yuga Labs states that the first use of the BORED APE YACHT CLUB, BAYC, BORED APE, APE, the BAYC logo, the BAYC BORED APE YACHT CLUB logo, and the Ape Skull logo marks was on or around April 2021. Yuga Labs further states that it used each of the Asserted Marks prior to Defendants use of their infringing marks or Yuga Labs' marks.

**INTERROGATORY NO. 10:**

Separately identify and describe in detail the facts and circumstances of Yuga's first awareness of RR/BAYC NFTs and any other products or services accused of infringing the Asserted Marks in this Litigation, including but not limited to (i) when, where, and by whom Yuga first became aware; (ii) all Documents (by Bates numbers) constituting or referring to the same; and (iii) all Persons having knowledge of the same. Your response to this Interrogatory should include without limitation: identification of Documents (by Bates numbers) upon which Yuga based its allegations against Mr. Ripps and Mr. Cahen in filing its Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and ambiguous as to the term "first awareness." Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it asks Yuga Labs to "identify and describe in detail the facts and circumstances; Yuga Labs will provide identifications that are representative, proportionate, and sufficient for the needs of the case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  three separate requests, as numbered by subpart.  Yuga Labs objects that Defendants

2  have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

3      Subject to and without waiving the foregoing objections, Yuga Labs states that

4  it was aware of Defendants infringing NFTs in 2022 after Defendants launched their

5  infringing products.

6  **INTERROGATORY NO. 11:**

7      Describe each and every instance of which you are aware in which any person

8  has in any way distinguished, differentiated, contrasted, compared, or recognized

9  the different origin, creator, affiliation, connection, or association of any BAYC NFT

10  from any RR/BAYC NFT or vice versa.

11  **RESPONSE TO INTERROGATORY NO. 11:**

12      Yuga Labs incorporates by reference each of the General Objections set forth

13  above as if fully set forth herein.  Yuga Labs objects to this interrogatory as vague,

14  ambiguous, and unintelligible.  Yuga Labs objects to this interrogatory as calling for

15  a legal conclusion.  Yuga Labs objects to this interrogatory as overbroad, unduly

16  burdensome, and seeking information that is irrelevant, immaterial, and not

17  proportional to the needs of this case to the extent it refers to "each and every

18  instance" and "any person"; Yuga Labs will provide information that is

19  representative, proportionate, and sufficient for the needs of the case.  Yuga Labs

20  objects to this interrogatory as overbroad and calling for information not in Yuga

21  Labs' possession, custody, or control.  Yuga Labs objects to this interrogatory to the

22  extent it seeks disclosure of information protected by the attorney-client privilege,

23  the work product doctrine, or any other applicable privilege.  Yuga Labs objects to

24  this interrogatory to the extent it seeks information that is subject to any protective

25  order, privacy interest, contractual obligation, other confidentiality obligation owed

26  to any third party, or competitively sensitive or proprietary financial or business

27  information.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

Additionally, Yuga Labs objects that Defendants have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Yuga Labs states it is not aware of any instance as described by this interrogatory.

**INTERROGATORY NO. 12:**

Separately identify and describe in detail each license, agreement, or contract, including discussions for licenses, agreements, and contracts between Yuga and any third party to license, assign, or divest rights to or under any of Yuga's intellectual property rights, including but not limited to rights under the Asserted Marks. Such rights include licenses, sales, covenants not to sue, and/or settlements of any claims. Your response to this Interrogatory should include but not limited to: (a) any licenses (or other rights) that have been granted under the Yuga's general intellectual property rights, including any Documents (by Bates number) memorializing such licenses or grants, (b) the terms of such licenses or grants, and (c) the amount of money or other consideration that has been paid for such licenses or grants.

**RESPONSE TO INTERROGATORY NO. 12:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects to this interrogatory as vague and overbroad as to the terms "agreements" and "discussions". Yuga Labs objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case to the extent it is not limited to marks relevant to this case and to the extent it concerns "intellectual property rights" not relevant to this case. Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed

FENWICK & WEST LLP
ATTORNEYS AT LAW

to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case. Yuga Labs interprets this interrogatory to consist of at least three separate requests, as numbered by subpart. Yuga Labs objects that Defendants have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Yuga Labs will produce materials located after a reasonable search, proportional to the needs of the case, and that are sufficient to show representative examples of persons who have received written licenses to use Yuga Labs' Asserted Marks.

**INTERROGATORY NO. 13:**

Identify and explain all damages that Yuga claims it has suffered or will suffer as a consequence of Mr. Ripps and Mr. Cahen's accused infringement of the Asserted Marks, and all facts that support this contention, including the quantity of damages that You contend are appropriate and the methodology that You contend should be used to calculate damages. Your answer should include an identification and description of: any lost profits that You contend Yuga is entitled to and the corresponding apportionment that You use to determine lost profits, any loss of goodwill that You contend Yuga has suffered, any corrective advertising You contend is required by Yuga, any reasonable royalty that You contend Yuga is entitled to, and any circumstances You contend entitles Yuga to enhanced damages. Your answer should also include whether Yuga contends that it is entitled to disgorgement of profits and the reasons You contend Yuga is entitled to disgorgement of profits.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**RESPONSE TO INTERROGATORY NO. 13:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as a premature demand for expert discovery and an expert report; Yuga Labs will produce any expert evidence regarding damages as required by Fed. R. Civ. P. 26(a)(2).  Yuga Labs objects to this interrogatory as a premature contention interrogatory and as premature because Yuga Labs' investigation of the harm caused by Defendants' conduct is ongoing (as is the harm itself).  Yuga Labs objects to this interrogatory as vague, overbroad, unduly burdensome, and seeking information that is irrelevant, immaterial, and not proportional to the needs of this case, including because it requests information concerning "all damages" and "all facts" supporting damages.  Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Yuga Labs objects to this interrogatory as calling for a legal conclusion.  Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Additionally, Yuga Labs objects that Defendants have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Yuga Labs states that its investigation is ongoing, and Defendants' harm to Yuga Labs is ongoing.  The damages Yuga Labs seeks are those described in its Complaint and Prayer for Relief, and include any harm caused to Yuga Labs, disgorgement of Defendants' profits and unjust enrichment, restitution, reasonable royalties, costs of corrective advertising, treble damages, punitive damages, attorneys' fees, and costs.  Yuga Labs refers Defendants to, for example, Ryder Ripps' (now-deleted) August 19, 2022 tweet

claiming credit for "destroying the NFT market," a May 30, 2020 Instagram post by Ryder Ripps' admitting that profits from the RR/BAYC NFTs exceed $1,000,000, social media posts by Ryder Ripps acknowledging that his conduct causes harm to Yuga Labs' brand, and a July 18, 2022 tweet from Jeremy Cahen that he "made more money than Bill Gates off of RR/BAYC."  Additionally, published reports attributed to Defendants' counsel state that RR/BAYC has sold 9,500 of these NFTs for a total of approximately $1.6 million.

Yuga Labs also refers to the Defendants' agreement to split the revenues from their trademark infringement as shown below.

```
292
293 ▾    function withdraw() external nonReentrant() {
294          require(msg.sender == tx.origin, "No contracts");
295
296          uint balance = ethAvailableToWithdraw;
297
298          require(balance > 0, "Nothing to withdraw");
299
300          uint paulyShare = (balance * 15) / 100;
301          uint middleShare = (balance * 15) / 100;
302          uint hwonderShare = (balance * 15) / 100;
303          uint ryderShare = balance - paulyShare - middleShare - hwonderShare;
304
305          emit Withdraw(ethAvailableToWithdraw, paulyShare, middleShare, hwonderShare, ryderShare);
306
307          ethAvailableToWithdraw = 0;
308
309          Address.sendValue(payable(paulyPaymentAddress), paulyShare);
310          Address.sendValue(payable(middlePaymentAddress), middleShare);
311          Address.sendValue(payable(hwonderPaymentAddress), hwonderShare);
312          Address.sendValue(payable(ryderPaymentAddress), ryderShare);
313      }
314
315 ▾    function failsafeWithdraw() external onlyRole(DEFAULT_ADMIN_ROLE) {
316          emit FailsafeWithdraw(address(this).balance);
```

**INTERROGATORY NO. 14:**

Identify and describe in detail all actions Yuga has taken in response to criticism of Yuga Founders and Yuga's actual or alleged use, display, or reference to Inflammatory Material, including but not limited to responses to statements, social media influencers, newspapers, journals, legal experts, or otherwise posted on any Digital Platform.  Your answer should include all activities relating to third parties that Yuga has retained to respond or to develop strategy for responding to criticism of Yuga's actual or alleged use, display, or reference to Inflammatory

FENWICK & WEST LLP
ATTORNEYS AT LAW

Material.

**RESPONSE TO INTERROGATORY NO. 14:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein.  Yuga Labs objects to this interrogatory as irrelevant to any claim or defense in this case, overbroad, not proportionate to the needs of the case, and unduly burdensome.  Yuga Labs objects to this interrogatory as overbroad unduly burdensome, and not proportionate to the needs of the case to the extent it asks Yuga Labs to describe "in detail all actions taken."  Yuga Labs objects to this interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Yuga Labs objects to this interrogatory to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, other confidentiality obligation owed to any third party, or competitively sensitive or proprietary financial or business information.

Yuga Labs further objects to this interrogatory to the extent it contains subparts, or a compound, conjunctive, or disjunctive question, and will treat each discrete subpart as a separate interrogatory against the limit of interrogatories for Defendants in this case.  Yuga Labs interprets this interrogatory to consist of at least two separate requests: (1) "Identify and describe in detail all actions Yuga has taken . . ." and (2) "all activities relating to third parties that Yuga has retained . . ."  Yuga Labs objects that Defendants have exceeded the number of interrogatories permitted by Fed. R. Civ. P. 33.

As repeatedly explained to Defendants, their false and fantastical claims are not the basis for this trademark litigation.  Yuga Labs will continue to debunk their lies in the public marketplace.  Unlike Defendants though, Yuga Labs will not abuse this proceeding by submitting reams of false, irrelevant, and improper material.  Nor will Yuga Labs respond to harassing and irrelevant requests based on Defendants'

FENWICK & WEST LLP
ATTORNEYS AT LAW

false claims.  Defendants' attempt to abuse discovery on this topic is improper and serves only to harass and needlessly increase the cost of litigation, wasting the resources of Yuga Labs and the Court.


Dated:  October 6, 2022                    FENWICK & WEST LLP

                                           By:    */s/ Ethan M. Thomas*
                                                  Ethan M. Thomas

                                           Attorneys for Plaintiff
                                           YUGA LABS, INC.

1

## CERTIFICATE OF SERVICE

2      The undersigned declares as follows:

3      I am a citizen of the United States and employed in San Francisco County,

4   State of California. I am over the age of eighteen years and not a party to this action.

5   My business address is Fenwick & West LLP, 555 California Street, San Francisco,

6   CA 94104.  On the date set forth below, I caused a copy of the following document:

7   **YUGA LABS, INC.'S RESPONSES AND OBJECTIONS TO RYDER**
    **RIPPS' AND JEREMY CAHEN'S FIRST SET OF**
8   **INTERROGATORIES (NOS. 1-14)**

9   to be served on the interested parties in the subject action by placing a true copy

10  thereof as indicated below, addressed as follows:

11

12  Henry Nikogosyan                    Louis W. Tompros
    Wilmer Cutler Pickering             Monica Grewal
13  Hale and Dorr LLP                   Scott Bertulli
    350 S. Grand Ave., Suite 2400       Wilmer Cutler Pickering
14  Los Angeles, CA 90071               Hale and Dorr LLP
                                        60 State Street
15  henry.nikogosyan@wilmerhale.com     Boston, MA 02109

16                                      louis.tompros@wilmerhale.com
                                        monica.grewal@wilmerhale.com
17                                      scott.bertulli@wilmerhale.com

18  ☑  **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed
19     above to the addressee(s) at the e-mail address(es) listed above.

20      I declare under penalty of perjury under the laws of the State of California and

21  the United States that the above is true and correct.

22

23  Dated: October 6, 2022              */s/ Raymond Pelayo*
                                        Raymond Pelayo
24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW