UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **March 9, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

| Present: The Honorable | JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE |
|---|---|

S. Lorenzo
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:
None

**Proceedings:** **ORDER RE DEFENDANTS' MOTION TO DE-DESIGNATE THE DEPOSITION OF RYAN HICKMAN (Dkt. No. 98)**

On February 14, 2023, Defendants Ryder Ripps and Jeremy Cahen ("Defendants") filed a Motion to De-Designate the Deposition of Ryan Hickman ("Motion"). (Dkt. 98.) Plaintiff Yuga Labs, Inc. ("Yuga") opposes the Motion. (Dkt. 98-1.) Both parties filed a Supplemental Memorandum on March 7, 2023. (Dkt. 122, 123.) The Court GRANTS the Motion but also ORDERS Defendants to redesignate the documents discussed at the deposition and reproduce them to "clearly identify the protected portion(s) (e.g., by making the appropriate markings in the margins)" as required by the parties' agreed Protective Order. (Dkt. 98-4, Ex. 2, § 6.3(a).)[1]

De-Designation of Transcript

We must begin by noting that Defendants, not Yuga, designated the documents discussed at Ryan Hickman's deposition as highly confidential ("HC") and attorneys' eyes only ("AEO"). Yuga then designated the entire 308-page Ryan Hickman deposition transcript as HC/AEO because HC/AEO documents were discussed at the deposition.

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the March 21, 2023 hearing date on the Motion. See Fed. R. Civ. P. Rule 78(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | March 9, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

      Defendants seek de-designation of the transcript, as everyone with an arguable confidentiality interest in the issue has made clear they do not want the deposition treated as confidential. A court may decline to seal deposition testimony when the deponent does not oppose public disclosure. L.A. Triumph, Inc. v. Ciccone, 2011 WL 13217377, at *2 (C.D. Cal. June 16, 2011). Here, Mr. Hickman has stated, "I would not like to have my deposition confidential." (Dkt. 98-6 at 1.) Counsel for nonparty Thomas Lehman has indicated he "does not oppose treating all of Mr. Hickman's deposition as non-confidential." (Dkt. 98-5 at 10.) Defendants have repeatedly confirmed that "they are fine treating all of Mr. Hickman's testimony as non-confidential." (Dkt. 98-5 at 6.) Yuga does not contend that any Yuga confidential information was discussed. Indeed, Yuga does not even take a position on whether the deposition transcript should be confidential. (Dkt. 122 at 1:3-4.) As no one contends that the portions of the HC/AEO documents discussed at the deposition are confidential, the Court sees no reason why the deposition transcript should be treated as confidential.

      There also is a strong presumption in favor of the public's access to judicial filings. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). A party may designate records as confidential only on a particularized showing of "good cause." Id. at 1180. As no one contends that the portions of the HC/AEO documents discussed at the deposition are confidential, there is no good cause for continuing the HC/AEO designation for the transcript.

      The Court ORDERS the forthwith de-designation of the entire 308-page transcript of Ryan Hickman's deposition to non-confidential and public, to be completed within 7 days of this Order.

De-Designation of Documents

      The Court does not understand why Yuga designated the entire Hickman deposition transcript as HC/AEO, even the portions not discussing HC/AEO documents. The Court also faults Yuga for conditioning de-designation of the Hickman deposition transcript on obtaining de-designation of the HC/AEO documents discussed at the Hickman deposition. Yuga's remedy was to move to compel compliance with the Protective Order, not hold the transcript hostage over a collateral matter. The transcript was nonconfidential on the independent ground that all relevant parties regarded it as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **March 9, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

nonconfidential and that no good cause exists to override the public's right of access. Yuga, however, is not wrong that Defendants are obliged by the Protective Order to ensure HC/AEO material is "clearly so designated." (98-4, Ex. 2, § 6.2.)

    The Court, therefore, ORDERS Defendants to reproduce and redesignate the HC/AEO documents discussed at the deposition to "clearly identify the protected portion(s)." (Id., § 6.3(a).) This apparently will not be a problem for Defendants, as they stated in their Supplemental Memorandum that they "offered to redesignate all relevant documents line by line" (Dkt. 123 at 4:17-18) and to "de-designate and re-produce all relevant documents making line-by-line designations" (id. at 1:25-26). The Court, however, is concerned only with the documents discussed at the deposition. The redesignations are to be produced within 7 days of this Order. This is a result Yuga recommended if the Motion was granted. (Dkt. 98-1 at 13:8-11.)

|  | : |
|---|---|
| Initials of Preparer | slo |