1  Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
2  Monica Grewal (*pro hac vice*)
   monica.grewal@wilmerhale.com
3  Scott W. Bertulli (*pro hac vice*)
   scott.bertulli@wilmerhale.com
4  **WILMER CUTLER PICKERING
     HALE AND DORR LLP**
5  60 State Street
   Boston, MA 02109
6  Telephone: (617) 526-6000
   Fax: (617) 526-5000
7
   Derek Gosma (SBN 274515)
8  derek.gosma@wilmerhale.com
   Henry Nikogosyan (SBN 326277)
9  henry.nikogosyan@wilmerhale.com
   **WILMER CUTLER PICKERING
10    HALE AND DORR LLP**
   350 South Grand Ave., Suite 2400
11 Los Angeles, CA 90071
   Telephone: (213) 443-5300
12 Fax: (213) 443-5400

13 *Attorneys for Defendants
   Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Additional Counsel listed on next page*

*Attorneys for Plaintiff
Yuga Labs, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **JOINT STATEMENT RE LOCAL RULE 7-3 CONFERENCE REGARDING PLAINTIFF YUGA LABS, INC.'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. John F. Walter |

| | |
|---|---|
| 1 | Melissa L. Lawton (CSB No. 225452) |
| 2 | mlawton@fenwick.com<br>**FENWICK & WEST LLP** |
| 3 | 228 Santa Monica Boulevard, Suite 300<br>Santa Monica, CA 90401 |
| 4 | Telephone: 310-434-5400 |
| 5 | Fax: 650-938-5200 |
| 6 | Megan L. Meier (*pro hac vice*) |
| 7 | megan@clarelocke.com<br>David Y. Sillers (*pro hac vice*) |
| 8 | david@clarelocke.com<br>Kathryn G. Humphrey (*pro hac vice*) |
| 9 | kathryn@clarelocke.com<br>**CLARE LOCKE LLP** |
| 10 | 10 Prince Street<br>Alexandria, VA 22314 |
| 11 | Telephone: 202-6288-7400 |
| 12 | Fax:  N/A |
| 13 | *Attorneys for Plaintiff*<br>*Yuga Labs, Inc.* |

Pursuant to this Court's Standing Order (Dkt. 14), Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") and Defendants Ryder Ripps and Jeremy Cahen ("Defendants") (collectively, the "Parties"), through their respective counsel of record, hereby submit the following joint statement regarding their meet and confer conference held pursuant to Local Rule 7-3 in connection with Plaintiff's Motion for Summary Judgment:

### Issues to Be Resolved and Date and Duration of Conference

On March 2, 2023, Plaintiff's counsel informed Defendants' counsel of Plaintiff's intent to file a motion for summary judgment on the following six issues: (1) Plaintiff's First Cause of Action (False Designation of Origin under 15 U.S.C. § 1125(a)); (2) Plaintiff's Third Cause of Action (Cybersquatting under 15 U.S.C. § 1125(d)); (3) Defendants' Second Affirmative Defense (First Amendment); (4) Defendants' Third Affirmative Defense (Fair Use); (5) Defendants' Seventh Affirmative Defense (Unclean Hands); and (6) Defendants' First Counterclaim (Knowing Misrepresentation of Infringing Activity).

On March 8, 2023, counsel for the Parties held a video conference to discuss, among other things, Plaintiff's Motion for Summary Judgment. Louis Tompros, Henry Nikogosyan, Derek Gosma, and Tyler Carroll attended the conference on behalf of Defendants; Eric Ball, Kimberly Culp, and Katie Hauh attended the conference on behalf of Plaintiff. The conference lasted approximately one hour in total.

### Issues Discussed and Resolved During Conference

With respect to Plaintiff's First Cause of Action (False Designation of Origin under 15 U.S.C. § 1125(a)), counsel for the Parties clarified during the conference that Plaintiff would move only under subsection (a)(1)(A) of the statute. Plaintiff's position is that it owns the BAYC Marks (defined at Compl. ¶ 11), these marks are valid and protectable, and Defendants used the BAYC Marks, and marks confusingly similar to the BAYC Marks, to sell RR/BAYC NFTs in a manner that is likely to and

1  did cause confusion. Plaintiff stated that it will move for summary judgment on all
2  the marks identified in the complaint (defined at Compl. ¶ 11) BORED APE YACHT
3  CLUB, BAYC, BORED APE, APE, BAYC Logo, BAYC BORED APE YACHT
4  CLUB Logo, and Ape Skull Logo. Plaintiff acknowledged that it does not currently
5  have applicable valid United States trademark registrations for any of these marks,
6  and would instead move on the basis that it has common law rights in all of these
7  marks. Plaintiff also stated (for the first time during the conference) that it would seek
8  a declaration that Defendants' intentional infringement and their conduct during this
9  litigation makes this an exceptional case. Defendants' position is that Plaintiff does
10 not own valid trademark rights in any of the asserted the BAYC Marks, the evidence
11 does not support a finding of likelihood of confusion under the applicable *Sleekcraft*
12 test (or, at minimum, there are disputed issues of fact precluding summary judgment
13 on this fact-intensive issue). Defendants also expressed surprise at Plaintiff's
14 previously undisclosed exceptional case motion, and explained that this is not an
15 exceptional case (at least not in Plaintiff's favor).
16 With respect to Plaintiff's Third Cause of Action (Cybersquatting under 15
17 U.S.C. § 1125(d)), Plaintiff's position is that Defendants registered, trafficked in, and
18 used www.rrbayc.com and www.apemarket.com, which are confusingly similar to the
19 BAYC Marks, and had a bad faith intent to profit from these domain names.
20 Defendants' position is that Plaintiff is not the owner of the asserted marks, the
21 domain names are not identical or confusingly similar to any asserted mark, that the
22 asserted marks were not distinctive at the time of registration, and that bad faith
23 cannot be established—or that, at minimum, these are disputed issues of fact.
24 With respect to Defendants' Second Affirmative Defense (First Amendment),
25 Yuga Labs' position is that Defendants' use of the BAYC Marks is not part of an
26 expressive work; and even if it were, the sale of the RR/BAYC NFTs is not relevant to
27 Defendants' claimed artistic expression and is explicitly misleading. Defendants'
28

1  position is that the RR/BAYC project is an artistic statement (or, at least, this is a
2  disputed issue of fact) and the use of the asserted marks is part of that expressive work
3  and was not explicitly misleading (or, at least, these are disputed issues of fact).
4  Defendants' position is also that the sale of RR/BAYC NFTs does not diminish the
5  artistic expression involved, or, at least, the impact of any such sales on the artistic
6  expression of the RR/BAYC project is a disputed issue of fact.

7  With respect to Defendants' Third Affirmative Defense (Fair Use), Plaintiff's
8  position is that Defendants cannot claim the defense because Defendants have used
9  the BAYC Marks to sell a competing product.  Plaintiff also asserts that in some
10 instances Defendants are not using an exact "BAYC" Mark, but rather a confusingly
11 similar mark, and so they are not entitled to a fair use defense.   Plaintiff also asserts
12 that BAYC NFTs are readily identifiable without use of the BAYC Marks, Defendants
13 did not use the BAYC marks only to the extent reasonably necessary, and Defendants'
14 use of the BAYC Marks suggests sponsorship.  Defendants' position is that a part of
15 the purpose of the RR/BAYC Project was to criticize the Bored Ape Yacht Club
16 ("BAYC") collection, and that criticism could not exist without referencing and
17 identifying the BAYC collection, or that, at minimum, there are disputed issues of fact
18 surrounding each aspect of Plaintiff's claims.

19 With respect to Defendants' Seventh Affirmative Defense (Unclean Hands),
20 Plaintiff's position is that Defendants cannot show based on the evidence that Yuga
21 Labs' conduct relates to their legal claims and that Yuga Labs had a specific intent to
22 deceive.  Specifically, Plaintiff's position is that Yuga Labs owned the BAYC Marks
23 long before any alleged conduct Defendants claim to be improper took place.
24 Defendants' position is that any public recognition of any association between the
25 asserted marks and Yuga Labs was obtained through improper means giving rise to an
26 unclean hands defense, including because the BAYC NFTs are unregistered securities
27 (the value of which "arises from their rarity"), and including because Yuga "[a]dd[ed]
28

1 to the BAYC brand's popularity" by obtaining the endorsement of "major celebrities" for BAYC NFTs without instructing the celebrity owners of their obligation to disclose that they had been compensated for that endorsement.  During the conference, the parties also disagreed over the standard for unclean hands.  Plaintiff's position is that the conduct must directly relate to the legal claims and that Yuga Labs must have used the trademarks with specific intent to deceive, whereas Defendants' position is that it was not limited to Plaintiff's use of the asserted marks and could include any willful act concerning the cause of action or bad faith relative to the matter.

With respect to Defendants' First Counterclaim (Knowing Misrepresentation of Infringing Activity), Plaintiff's position is that Defendants cannot show that Yuga Labs made a material misrepresentation in this takedown notice or that the takedown notice was submitted in bad faith.  Further, Plaintiff's position is that any takedown notices alleging trademark infringement do not fall under the DMCA statute, nor did the purported takedown notices result in a takedown on the basis of a material misrepresentation of a copyright.  Defendants position is that Yuga has admitted Defendants' First Counterclaim by failing to timely answer Defendants' Counterclaims.  In addition, Defendants' position is that Yuga has issued multiple takedown notices asserting copyright infringement by invoking the Digital Millennium Copyright Act and including certifications under section 512(f).  Defendants position is that each such takedown notice materially misrepresented that Yuga Labs has copyright ownership.  Defendants also take the position that the takedown notices purporting to act under the Digital Millennium Copyright Act and including a certification pursuant to section 512(f) of the Digital Millennium Copyright Act but alleging trademark infringement violate section 512(f) of the DMCA.

During the conference, counsel also discussed whether, as a procedural matter, Plaintiff could move for summary judgment on a claim that is still pending in a

1  motion to dismiss.  Defendants asked whether Plaintiff was withdrawing its motion to
2  dismiss, and Plaintiff said that it was not.  Plaintiff's counsel maintained that it would
3  move for summary judgment on this claim unless it identified, or Defendants' counsel
4  provided, authority indicating otherwise.
5      The Parties were unable to come to a resolution regarding the merits of any of
6  the six issues.  Plaintiff represented that it planned to file a motion for summary
7  judgment on all six issues on Wednesday, March 15, or shortly thereafter, to allow the
8  Defendants' adequate time to respond and to allow the court extra time to review the
9  briefing.

11  Dated:  March 13, 2023            By: /s/ *Eric Ball*

    ERIC BALL (CSB No. 241327)
    eball@fenwick.com
    KIMBERLY CULP (CSB No. 238839)
    kculp@fenwick.com
    **FENWICK & WEST LLP**
    801 California Street
    Mountain View, CA 94041
    Telephone: 650.988.8500
    Fax: 650.938.5200

    ANTHONY M. FARES (CSB No. 318065)
    afares@fenwick.com
    ETHAN M. THOMAS (CSB No. 338062)
    ethomas@fenwick.com
    **FENWICK & WEST LLP**
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone: 415.875.2300
    Fax: 415.281.1350

    Melissa L. Lawton (CSB No. 225452)
    mlawton@fenwick.com
    **FENWICK & WEST LLP**
    228 Santa Monica Boulevard, Suite 300
    Santa Monica, CA 90401
    Telephone: 310-434-5400

|   |   |   |
|---|---|---|
| 1 | | Megan L. Meier (*pro hac vice*)<br>megan@clarelocke.com |
| 2 | | David Y. Sillers (*pro hac vice*)<br>david@clarelocke.com |
| 3 | | Kathryn G. Humphrey (*pro hac vice*)<br>kathryn@clarelocke.com |
| 4 | | **CLARE LOCKE LLP**<br>10 Prince Street |
| 5 | | Alexandria, VA 22314<br>Telephone: 202-6288-7400 |
| 6 | | |
| 7 | | *Attorneys for Plaintiff*<br>*Yuga Labs, Inc.* |
| 8 | | |
| 9 | Dated:  March 13, 2023 | By: /s/  *Louis W. Tompros* |
| 10 | | Louis W. Tompros (*pro hac vice*)<br>louis.tompros@wilmerhale.com |
| 11 | | Monica Grewal (*pro hac vice*)<br>monica.grewal@wilmerhale.com |
| 12 | | Scott W. Bertulli (*pro hac vice*)<br>scott.bertulli@wilmerhale.com |
| 13 | | **WILMER CUTLER PICKERING**<br>    **HALE AND DORR LLP** |
| 14 | | 60 State Street<br>Boston, MA 02109 |
| 15 | | Telephone: (617) 526-6000<br>Fax: (617) 526-5000 |
| 16 | | |
| 17 | | Derek Gosma (SBN 274515)<br>derek.gosma@wilmerhale.com |
| 18 | | Henry Nikogosyan (SBN 326277)<br>henry.nikogosyan@wilmerhale.com |
| 19 | | **WILMER CUTLER PICKERING**<br>    **HALE AND DORR LLP**<br>350 South Grand Ave., Suite 2400 |
| 20 | | Los Angeles, CA 90071<br>Telephone: (213) 443-5300 |
| 21 | | Fax: (213) 443-5400 |
| 22 | | *Attorneys for Defendants*<br>*Ryder Ripps and Jeremy Cahen* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis Tompros.

Dated: March 13, 2023

By: /s/ *Eric Ball*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

*Attorneys for Plaintiff Yuga Labs,*