1  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
2  KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone:   650.988.8500
5  Facsimile:   650.938.5200

6  ANTHONY M. FARES (CSB No. 318065)
   afares@fenwick.com
7  ETHAN M. THOMAS (CSB No. 338062)
   ethomas@fenwick.com
8  FENWICK & WEST LLP
   555 California Street, 12th Floor
9  San Francisco, CA  94104
   Telephone:   415.875.2300
10

11 *Additional Counsel listed on next page*

12 Attorneys for Plaintiff and
   Counterclaim Defendant
13 YUGA LABS, INC.

14

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17                WESTERN DIVISION – Los Angeles

18

19 YUGA LABS, INC.,                     | Case No.: 2:22-cv-04355-JFW-JEM

20         Plaintiff and
           Counterclaim Defendant,       | **DISCOVERY MATTER**

21                                       | **PLAINTIFF YUGA LABS, INC.'S
22    v.                                 | SUPPLEMENTAL MEMORANDUM
                                         | IN OPPOSITION TO DEFENDANTS'
23 RYDER RIPPS, JEREMY CAHEN,            | MOTION TO COMPEL**

24         Defendants and                | Mag. Judge:  Hon. John E. McDermott
           Counterclaim Plaintiffs.      | Motion Hearing Date:  N/A (Dkt. 119)
25                                       | Motion Hearing Time:  N/A (Dkt. 119)
                                         | Discovery Cutoff Date: April 3, 2023
26                                       | Pre-Trial Conference Date: June 9, 2023
                                         | Trial Date:   June 27, 2023
27

28

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA  90401
   Telephone:  310.434.4300
4
5  DAVID Y. SILLERS (*admitted pro hac vice*)
   david@clarelocke.com
6  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
7  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA  22314
   Telephone:  202.628.7400
10
11 Attorneys for Plaintiff and
   Counterclaim Defendant
12 YUGA LABS, INC.

Yuga Labs' Supp. Memorandum in Opp. to Defendants' Motion To Compel

Case No. 2:22-cv-04355-JFW-JEM

## I. INTRODUCTION

Defendants' motion represents yet another reach for intrusive discovery that the law does not permit. This time, Defendants seek Yuga Labs' confidential settlement agreement with Thomas Lehman and accompanying communications (collectively, "Confidential Settlement Materials"), based on Defendants' accusations that Mr. Lehman's February 3, 2023 declaration ("Declaration") is biased and inaccurate. The documents sought by this motion are irrelevant and not proportionate to the needs of the case, and Defendants offer no reason to depart from established case law and judicial policy protecting confidential settlement materials without a heightened showing — which Defendants have made no attempt to make. Even so, Defendants have always possessed all information necessary to assess Mr. Lehman's credibility and the accuracy of the statements made in his declaration. This includes all of Defendants' communications with Mr. Lehman, all evidence of their collaboration on the counterfeit NFTs, all documents about the "Ape Market" designed to sell Defendants' counterfeits and confuse consumers, and a scheduled deposition of Mr. Lehman. Further, judicial policy encourages settlement, and there is a concrete risk here that production of the Confidential Settlement Materials would chill settlement efforts in this and related litigation. Defendants cite no convincing precedent and fail to justify intruding upon the bargained-for confidentiality between Yuga Labs and the non-party Mr. Lehman.

Defendants have fought hard for these documents, breaking nearly every applicable local rule in their initial rush to file this motion, *see* Dkts. 113, 116, but the reality is that the facts are against them, the law is against them, and public policy is against them. This is another episode in Defendants' saga of meritless discovery disputes aimed to prejudice Yuga Labs and obfuscate the issues in this case.[1]

---

[1] Defendants have regularly sought to weaponize this litigation and discovery in support of their ongoing campaign of harassment. This is detailed further in Yuga Labs' motion to strike, which discusses how Defendants have used this litigation to make a mockery of the Court and attack counsel. ECF 89 at 18-19. More recently,

## II. DEFENDANTS' REQUESTS ARE MERITLESS

### A. Defendants Cannot Make a Heightened/Particularized Showing

Defendants concede that courts in this circuit protect the sensitivity of discovery into confidential settlement agreements and communications by requiring a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence." Joint Stip. (Dkt. 121-1) at 10 (quoting *Peters v. Equifax Info. Servs. LLC*, No. 12-cv-01837-TJH (OPx), 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013)). However, Defendants did not even attempt to provide such "particularized and/or heightened" reasons they would be entitled to these materials. The Confidential Settlement Materials are inadmissible to prove any claim or defense under Fed. R. Evid. 408. Defendants' threadbare allegations of credibility issues represent a generalized argument that any litigant would advance to attempt to intrude upon confidential settlement materials fishing for otherwise non-discoverable information. Despite sweeping accusations that the Declaration contains "controversial" and incorrect statements, Defendants have not identified a single such statement in any of their three filings on this issue. Accepting Defendants' deficient argument would eviscerate the "particularized and/or heightened showing" standard set out in *Peters* and essentially do away with confidentiality provisions in settlement agreements.[2]

---

they have escalated their conduct to posting a "demand" to Yuga Labs' counsel to "suck my dick" (https://twitter.com/ryder_ripps/status/1631884035587977217), claiming that counsel supports "racism, antisemitism, beastiality, pedophilia and using cartoons to market drugs to young children" (https://twitter.com/JeremyCahen/status/1633221679131553792), and claiming counsel are "criminal[s]" (https://twitter.com/Pauly0x/status/1593694280723271680). We have raised the issues of this harassment, false claims, and bad-faith litigation tactics with Defense counsel multiple times. Defendants offer no particularized justification for seeking discovery that neither Yuga Labs nor a third party want to or are required to produce, and the risk that Defendants will use any order granting them this discovery to further attack Yuga Labs, its counsel, or a third party is very real.

[2] Defendants have not advanced a theory of discovery based on damages, and that argument is therefore waived. In any event, the cases applying that justification do not apply here for the reasons discussed in the Joint Stipulation. Dkt. 121-1 at 15–17.

Even if Defendants had articulated some alleged flaw in the Declaration, they have always had the relevant documents to make such an argument,[3] and they have no separate need for the Confidential Settlement Materials. Since before the start of discovery, Defendants have had possession of all their own communications with Mr. Lehman, who was one of four participants in Defendants' own scam. That scam is the topic of the Declaration. They have also had all evidence that may exist of Mr. Lehman's participation, compensation, software developed for Defendants, or any other materials that could shed light on their supposed concerns with the declaration. Even if they believed something were missing, they have served Mr. Lehman with a document and a deposition subpoena through which they could pursue further evidence of Defendants' own scheme. Dkt. 121-1.

Defendants proffer vague and general justifications in support of an extreme discovery tool, even where they are the ones with an information advantage. Indeed, Mr. Lehman already produced the Discord and Telegram chats — which Defendants initially withheld from Yuga Labs — that Defendants used to plan and execute their infringing conduct. Defendants had knowledge of and access to all of these documents long before Yuga Labs even knew they existed. Their failure to offer reasons that they need discovery of the Confidential Settlement Materials should only leave the Court to conclude that there are no such reasons, and this is merely a fishing expedition designed to pursue more harassing and unwarranted discovery.

Defendants have made virtually no showing, let alone a heightened or particularized showing, that the Confidential Settlement Materials could lead to relevant, admissible evidence, and the motion should be denied on this basis alone.

**B.    Production of the Confidential Settlement Materials Would Violate Judicial Policy and Chill Settlement Efforts**

"Judicial policy favors settlements and confidentiality promotes settlement."

---

[3] Unless they spoliated those materials, which is the subject of a separate motion (Dkts. 109, 124), Defendants should still have all such evidence at their disposal.

*Ironhawk Tech. v. Dropbox*, No. CV 18-01481-DDP (JEMx), 2019 WL 13032152, at *1 (C.D. Cal. Mar. 20, 2019).  As courts in this district have noted, "the public policy favoring efficient settlements supports heightened scrutiny regarding their production."  *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198 SVW (SSx), 2010 WL 3955831, at *4 (C.D. Cal. Oct. 8, 2010).  In light of this policy, courts routinely protect confidential settlement materials from discovery.  *See, e.g.*, *id.*; *Peters*, 2013 WL 12169355, at *3 (holding settlement agreements with co-defendants not discoverable); *Contreras v. Kohl's Dep't Stores, Inc.*, No. EDCV 16-2678-JGB (KKx), 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017) (refusing to compel production of settlement agreements because not proportionate to needs of case); *Hem & Thread, Inc. v. Wholesalefashionsquare.com*, 2:19-cv-00283-CBM-AFMx, 2020 WL 5044610, at *3 (C.D. Cal. June 16, 2020) (protecting settlement negotiations and draft agreements because such disclosures "can have a 'chilling effect' on negotiations and may intrude into the settlement process").  Defendants have also failed to explain why their "need for such confidential documents outweighs the privacy interests of the parties who entered into them." *Marsh v. Bloomberg Inc*, No. 16-cv-02647-MEJ, 2017 WL 2224250, at *2 (N.D. Cal. May 22, 2017) (refusing to compel production of confidential settlement agreements).

  This sound judicial policy favoring candor and settlement is particularly salient here.  There were four participants in Defendants' scam including Mr. Lehman and another third party, Ryan Hickman, who has separately been sued. *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev.).  Productive settlement negotiations in this and related litigation will be impossible, or at least drastically chilled, if the parties' promises of confidentiality ring hollow.  Yuga Labs also has active disputes against other parties infringing or misusing its marks.  There too, revealing the Confidential Settlement Materials would impede settlement.

  Efficient settlement requires candor, and candor requires confidence.  To ensure this candor, Yuga Labs and Mr. Lehman expressly negotiated for a

confidentiality provision when they executed their settlement agreement.  *See* Dkt. 113-1 at ¶ 6.  If parties have no confidence that their confidential communications will stay hidden from prying eyes, they will not make the concessions necessary to find common ground.  Defendants cite *O'Brien v. Johnson & Johnson Med. Devices Co.*, No. ED CV 19-619-CJC (SPx), 2020 WL 5215384 (C.D. Cal. June 24, 2020) for the proposition that a protective order alleviates these concerns, but that is not the case here.  Yuga Labs will be prejudiced even if it is only Defendants and/or their counsel that have access to the Confidential Settlement Materials.  Giving Defendants full access into Yuga Labs' settlement strategy would give Defendants an unfair bargaining advantage, which would prejudice Yuga Labs and make efficient settlement unlikely or impossible.

### C.  If the Court Finds Defendants' Motion to Have Any Merit, An *in Camera* Review Should Precede Any Further Discovery

Defendants have not made and cannot make the required showing to obtain the highly intrusive discovery they seek.  The motion can be denied for this reason alone.  However, if the Court finds any reason that the Confidential Settlement Materials may be discoverable, it should first conduct an *in camera* review to determine whether the confidential settlement agreement can (as Defendants argue) discredit or disprove any of the claims in the Declaration — Defendants' proffered reason for this motion.  This additional protection is necessary to enforce the judicial policy protecting confidential settlement materials and to reduce the risk of settlement discussions being chilled.  *See Big Baboon Corp.*, 2010 WL 3955831, at *4 ("in recognition of the federal policy favoring settlement agreements, this Court ordered Plaintiff to file a sealed copy of its settlement agreement with Honda for *in camera* review to allow for a particularized determination of its relevancy.").  If any of the Confidential Settlement Materials justify disclosure, the Court should then order only the production of those materials necessary.  Yuga Labs is confident, however, that no such production is warranted.

Fenwick & West LLP
Attorneys At Law

Yuga Labs' Supp. Memorandum in Opp. to Defendants' Motion To Compel

5

Case No. 2:22-cv-04355-JFW-JEM

| | | |
|---|---|---|
| 1 | Dated: March 13, 2023 | FENWICK & WEST LLP |
| 2 | | |
| 3 | | By: */s/ Ethan M. Thomas* |
| 4 | | Ethan M. Thomas |
| 5 | | Attorneys for Plaintiff and Counterclaim Defendant |
| 6 | | YUGA LABS, INC. |