Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>   Plaintiff and<br>   Counterclaim Defendant,<br><br>   v.<br><br>Ryder Ripps and Jeremy Cahen,<br><br>   Defendants and<br>   Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**<br><br>Hearing: Mar. 28, 2023, at 10:00 a.m.<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:  June 27, 2023 |

## I. INTRODUCTION

Yuga has repeatedly relied—in this litigation—on a Yuga-drafted, highly misleading declaration by third party Thomas Lehman. Yuga appears to have forced Mr. Lehman to sign under duress as a condition of settling Yuga's litigation against him. Defendants seek to obtain Yuga's settlement agreement and communications with Mr. Lehman to establish, among other things, that the declaration is misleading and coerced.

The timing makes nearly certain that Mr. Lehman's Yuga-drafted declaration was a condition of Yuga's settlement with Mr. Lehman. The Consent Judgement which resolved Yuga's case against Mr. Lehman stated that the settlement agreement was finalized on February 3, 2023, the ***same day*** that Mr. Lehman's declaration was executed. And Yuga has cited the deceleration profusely in this case for the truth of its factual contents—in multiple filings, in its experts' reports, and even in the parties' joint stipulation on ***this very motion***, to characterize Mr. Lehman's relationship to the Defendants. Dkt 121 (Joint Stipulation) at 17. Thus, the accuracy of Mr. Lehman's Yuga-drafted declaration is of utmost relevance and the circumstances in which that declaration came into existence cannot be fully vetted at Mr. Lehman's deposition without production of the settlement agreement and communications between Mr. Lehman and Yuga.

Yuga's hollow concerns about confidentiality do not justify its decision to withhold these highly relevant materials. The Court has issued a Protective Order in this case, and, if there is a genuine concern about confidentiality, Yuga can designate the agreement confidential under that order. Moreover, Yuga's position on confidentiality is inconsistent at best. Yuga has pivoted from offering to produce the final agreement (but not the equally important negotiation correspondence) during the parties' February 21, 2023, conference, to now arguing that production of any materials should only occur after an *in camera* inspection by this Court. Yuga's confidentiality argument should be rejected.

At minimum, if Yuga is permitted to hold back the settlement agreement and correspondence with Mr. Lehman that led to his declaration, Yuga should be precluded from relying on that declaration for any purpose in this case—including in its forthcoming motions for summary judgment, and by striking any expert's reliance on the Lehman declaration. Yuga cannot have its cake and eat it too: it should not be permitted to engaged in strong-arm litigation settlement tactics to obtain a misleading declaration, then rely heavily on that declaration while hiding the communications and settlement agreement that gave rise to it.

## II. ARGUMENT

### A. Yuga's Settlement Materials are Relevant to Defendants' Case

Yuga's settlement materials, including its non-privileged communications with Mr. Lehman and his counsel, are relevant. *First*, relevance is broadly defined. The Ninth Circuit has explained that broad access to relevant facts serves "the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). Parties may obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Although the right of a party to obtain discovery is not unlimited, this motion to compel production of settlement materials is well within the boundaries of what is relevant. Here, the veracity of Mr. Lehman's declaration is relevant to Yuga's trademark infringement claims and Defendants' defenses.

*Second*, Yuga has made its settlement with Mr. Lehman particularly relevant to this case by heavily relying on the declaration it acquired through that settlement. Yuga used Mr. Lehman's declaration (as well as the Consent Judgement against him) in multiple filings and documents. For instance, Yuga cited the Consent Judgement in its Motion to Dismiss Counterclaims and its Opposition to Defendant's Motion to Stay. *See* Dkt. 97; Dkt. 120. In this very joint stipulation, Yuga cited Mr. Lehman's declaration to characterize Mr. Lehman's relationship with the Defendants.

Additionally, all three of Yuga's experts rely on Mr. Lehman's declaration (citing it multiple times). In other words, Yuga has itself made Mr. Lehman's declaration a central part of their infringement claims and damages calculations.

*Third*, Yuga's assertion that settlement materials are not admissible for certain purposes under Rule 408 does not bear on the relevance or discoverability of settlement materials. Rule 408 is not a discovery rule. *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148MMC(JCS), 2007 WL 963975, at *3 (N.D. Cal. Mar. 30, 2007). And in any event, Rule 408 provides that settlement materials are admissible for certain purposes, such as proving a witness's bias or prejudice. Fed. R. Evid. 408. Due to the highly relevant nature of these settlement materials, Defendants will likely be able to use them to obtain admissible deposition testimony. And much of Mr. Lehman's deposition testimony will be admissible.

*Finally*, Yuga incorrectly argues that production of settlement materials are not necessary to sufficiently depose Mr. Lehman regarding the accuracy of his declaration, because Defendants can simply use the declaration itself. But Defendants have information suggesting that Yuga obtained the declaration under duress and as a result of coercion by Yuga—and that the settlement agreement and associated communications will confirm (or at minimum allow Defendants to obtain testimony confirming) that Yuga put words in Mr. Lehman's mouth and compelled him to adopt them. It will be impossible for Defendants to depose Mr. Lehman as thoroughly as possible regarding whether and why he made inaccurate statements in his declaration without first having seen the settlement materials that explain how his declaration came into existence in the first place.

### B. Applicable Law Clearly Warrant Production of Mr. Lehman's Settlement Agreement and Surrounding Communications

There is no privilege preventing the discovery of settlement agreements and related documents. *Board of Trustees of the Leland Stanford Junior Univ. v. Tyco*

*Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008). Rather, Courts in this circuit have made clear that confidential settlement agreements ***must be produced*** upon a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence." *Peters v. Equifax Info. Servs. LLC*, No. 12-cv-01837-TJH (OPx), 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013). Here, Defendants have satisfied the requisite heightened showing by (1) demonstrating the relevance of Yuga's settlement materials, (2) showing Yuga's significant reliance on this settlement to support their case, and (3) pointing to overlapping issues between Mr. Lehman's settled case and this matter.

Defendants request for Mr. Lehman's settlement materials fall squarely within the common practice in this jurisdiction. For example, as noted in the joint stipulation, in *Stanford*, the defendant in an IP infringement suit moved to compel production of a "settlement agreement … as well as the underlying negotiation and drafting documents" that the plaintiff entered with another defendant in the case. *Stanford*, 253 F.R.D. at 522. The court granted the motion in full because (1) "plaintiffs have relied upon and cited past settlement agreements to support their claims" and (2) the documents' "confidentiality does not shield it from discovery." *Id*. And, although there is an interest in protecting the confidentiality of settlements, those privacy interests are sufficiently protected in cases, like ours, where a protective order has been entered. *O'Brien v. Johnson & Johnson Med. Devices Co.*, No. EDCV19619CJCSPX, 2020 WL 5215384, at *5 (C.D. Cal. June 24, 2020).

Yuga's suggestion that this Court need not follow similarly situated cases based our Protective Order's inability to protect privacy interests makes no sense. Yuga did not cite a single case where a court decided that a protective order was insufficient to protect a party's confidentiality interest in settlement materials. Instead, Yuga relies on *Big Baboon,* a case where the court did not address any existing protective orders. See *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198SVW, 2010 WL 3955831 (C.D.

Cal. Oct. 8, 2010). *Big Baboon* is easily distinguishable from this case, in which a protective order already provides adequate protections for genuinely confidential material.

In cases with an applicable protective order, courts routinely hold that the protective order is sufficient to protect privacy interests. *Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2020 WL 8483772, at *8 (C.D. Cal. Nov. 2, 2020) ("The Court finds it reasonable to assume that the Agreements and the Letters on the log implicate the privacy interests of defendants as well as of individuals who are not parties to this action… The fact that there is a protective order issued in this action (ECF No. 61), however, substantially mitigates these concerns."); *Hem & Thread, Inc. v. Wholesalefashionsquare.com, Inc.*, No. 219CV00283CBMAFMX, 2020 WL 5044610, at *3 (C.D. Cal. June 16, 2020) ("Because the amount is relevant to this case and disclosure under the protective order is not inconsistent with public policy, it is ordered that the amount in the settlement agreement shall be produced without redaction."). Courts have likewise held that a request for *in camera* review is moot in the instance where an existing protective order maintains confidentiality. *Racioppi v. Bosov*, No. 2:20-CV-03797-FMO-JC, 2020 WL 13064710, at *2 (C.D. Cal. Dec. 8, 2020) ("To the extent it requests that such agreement also be filed in camera, it is moot – as the Protective Order and order to produce the same to Heli pursuant thereto render it unnecessary for such document to provided to the Court in camera – and is denied as such.")

### III. CONCLUSION

Defendants respectfully request that Yuga be compelled to produce all relevant, non-privileged materials, including Mr. Lehman's settlement agreement and related communications. In the alternative, Yuga should be precluded from relying in any way on Mr. Lehman's declaration or consent judgment, and all expert opinions relying on it should be stricken.

Dated: March 13, 2023

By: /s/ *Derek Gosma*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 13, 2023.

By: /s/ *Derek Gosma*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is in compliance with Local Rule 37-2.3 pertaining to the five page limit for a supplemental memorandum.

By: /s/ *Derek Gosma*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400