UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | March 14, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

Present: The Honorable   JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | None |

**Proceedings:**     **ORDER RE YUGA LABS, INC.'S MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE (Dkt. No. 109)**

On February 17, 2023, Plaintiff Yuga Labs, Inc. ("Yuga") filed a Motion For Sanctions For Defendants' Spoliation Of Evidence ("Motion") against Defendants Ryder Ripps and Jeremy Cahen. (Dkt. 109.) The parties filed a Joint Stipulation on that same date. (Dkt. 109-1.) Both parties filed a Supplemental Memorandum on March 7, 2023. (Dkt. 124, 126.) The Court DENIES the Motion as to spoliation but enters an Order requiring Defendants to make a final production and verification.[1]

Yuga contends that materials have been "[w]ithheld or destroyed" in the following categories:

    1.    Text messages between Ripps and Cahen
    2.    Text messages between Cahen and Defendants' software developer Tom Lehman
    3.    Emails between Ripps and Lehman
    4.    Text messages between Ripps/Cahen and Defendants' software developer Ryan Hickman
    5.    Emails and other documents related to Defendants' registration of the domains in use

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the March 21, 2023 hearing date on the Motion. See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | March 14, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

      6.     Private Discord Communications between Cahen and Lehman, and Cahen and Hickman
      7.     Private Twitter direct messages between Defendants
      8.     Telegram messages between Cahen and Lehman
      9.     Telegram messages among Cahen, Hickman and Lehman.

(Dkt. 109-1 at 2, 7-9; Dkt. 124 at 2-3.) By the time Yuga filed its Supplemental Memorandum, documents were produced for categories 2 and 3, and partially for category 5.[2]

    Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009). If spoliation is proven, the burden shifts to the spoliating party to prove the lost information is not prejudicial. Youngevity Int'l v. Smith, 2020 WL 7048687*3 (S.D. Cal. 2020). For relief here, Yuga seeks default judgment or adverse inference; forensic inspection and expenses.

    The Court DENIES the Motion as to spoliation. Although Yuga presents some documents from other sources that should have been produced, there is no direct evidence of any spoliation. Yuga concedes as much by referring to the purportedly missing documents as "withheld or destroyed." Defendants have made clear that documents have now been produced as to some categories, or withheld as irrelevant or because of objections they consider valid. They state they are willing to say under oath that they have not destroyed any documents (Dkt. 126 at 1:6-7), which the Court requires below. There is no basis for the drastic relief sought by Yuga.

    The Court, however, will treat the Motion as a Rule 37(a) Motion to Compel, as Defendants plainly have withheld documents. The Court ORDERS the Defendants to do as follows:

      1.     Defendants shall produce any remaining relevant, nonprivileged documents responsive to categories 1, 4, 5, 6 and 7 in Yuga's Joint Stipulation (Dkt. 109-1 at 2, 7-9) **within 7 days of this Order**.

---

   [2] In its Supplemental Memorandum (Dkt. 124 at 3), Yuga belatedly added two additional categories (items 8 and 9) which the Court cannot consider.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **March 14, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

    2.    By that same date, both Ryder Ripps and Jeremy Cahen shall file a declaration under oath and subject to penalty of perjury that (a) each has not destroyed any documents in categories 1, 4, 5, 6 and 7, and (b) has produced all relevant, nonprivileged documents in categories 1, 4, 5, 6 and 7 in their custody, control or possession.

    The Court takes a dim view of Defendants' blanket withholding of pre-litigation communications between Ripps and Cahen (category 1) in the absence of counsel. See Bruno v. Equifax Information Services, LLC, 2019 WL 633454*10 (E.D. Cal.). If the communication contains or refers to legal advice, the passage should be redacted and the remainder of the communication produced. The Court regards the communications between Ripps and Cahen as critical documents, and will not hesitate to order in camera review if Defendants continue their blanket withholding of those documents. Yuga may file a Status Report after Defendants attempt compliance with the above Order. The Court also will not hesitate to impose monetary sanctions for failure to comply with this Order.

|  | : |  |
|---|---|---|
| Initials of Preparer | slo | |