**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING MR. RIPPS AND MR. CAHEN'S MOTION TO STAY**<br><br>Hearing Date: March 27, 2023<br>Time: 1:30 p.m.,<br>Courtroom: 7A<br>Judge: Hon. John F. Walter |

The Court has received a motion (Dkt. No. 118) from Defendants Ryder Ripps and Jeremy Cahen seeking a stay of all proceedings. Plaintiffs, Yuga Labs, filed a response (Dkt. No. 120) opposing the motion. Defendants filed a reply. (Dkt. No. 137). Having considered all of the papers before it, and for the following reasons, the Court GRANTS Defendants' Motion to Stay.

## I. Factual and Procedural Background

### A. Defendants' Anti-SLAPP Motion

On June 24, 2022, Yuga sued Defendants alleging various claims sounding in trademark infringement. Defendants moved to strike pursuant to California's Anti-SLAPP motion. Defendants claimed that Yuga's suit against it arose from protected expressive activity and that Yuga's suit was meritless.

On December 16, 2022, this Court denied Defendants' motion to strike. The Court held that on the face of Yuga's complaint, Defendants were not involved in protected expressive activity. Because this Court ruled that Defendants' motion to strike failed due to lack of expressive activity, it did not reach whether Yuga's complaint was meritless.

Decisions denying a party's motion to strike pursuant to California's anti-SLAPP motion are immediately appealable. Defendants timely appealed, filing their notice of appeal on December 21, 2022. Dkt. 64. The appeal is presently pending before the Ninth Circuit. An appeal divests the district court of their jurisdiction over the appealed aspects of the case. *See Peck v. Cnty of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021). An anti-SLAPP motion only applies to state law causes of action. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Because Yuga brought both federal and state law causes of action, this court retains jurisdiction only over Yuga's state law causes of action and

-1-

Case No. 2:22-cv-04355-JFW-JEM                   [PROPOSED] STATEMENT OF DECISION

Defendants' counterclaims.

## II. LEGAL STANDARD

The parties both argue this motion to stay using the *Landis* stay factors. *See* Dkt. 118 at 3; Dkt. 120 at 13.  Yuga Labs briefly mentions the possibility of using the *Nken* standards, but only makes its argument in a footnote.  Arguments only made in the footnotes are generally deemed waived. *Estate of Saunders v. C.I.R., 745 F.3d 953, 962 n.8 (9th Cir. 2016)*.  Regardless, courts have overwhelmingly applied the *Landis* test when there is a decision to stay proceedings. *See Kuang v. U.S. Dep't of Defense*, 2019 WL 1597495 at *3 (N.D. Cal. 2019).  Following the vast majority of other courts, this Court will also apply the *Landis* standard.

In deciding whether to stay proceedings pending appeal, courts weigh three factors: (1) "the possible damage which may result from granting a stay," (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## III. DISCUSSION

Each *Landis* factor favors a stay.  Neither party suffers significant harm from a stay.  At most, Yuga is harmed by having to wait months for potential recovery. The Ninth Circuit has held that a delay for monetary relief is inadequate.  On the other hand, both parties would suffer harms from conducting two trials.  Lastly, and most decisively, the orderly course of justice is served by a stay.  Holding two trials—especially where the result of the first may be mooted by the appeal—serves nobody well.  Further, the appeal will simplify legal issues before this court.

### A.   Neither Party is Harmed

The first *Landis* factor requires the court to consider whether a party is

harmed by the stay.  As an initial matter, the Court recognizes Defendants' offer to place royalty earnings of the accused NFT collection into escrow.  Because any royalty damages are in escrow, and there is no primary market for Defendants' NFT collection, Yuga's damages will not considerably expand.  As a result, Yuga's alleged harm is a delay in receiving potential recovery.

A delay for monetary recovery, standing alone, is insufficient harm to block a motion to stay.  See *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962).  However, there are some scenarios where a stay will be so long and indefinite that the plaintiff may be harmed.  Yuga claims this is one of those cases, claiming that Defendants are seeking a delay of "at least a year."  Dkt. 120 at 2.  This contention is false.  While this Court does not claim to know how quickly the Court of Appeals will act, it takes notice of the statistics provided by Defendants that if the anti-SLAPP appeal is an average case, the decision will be handed down in less than one year.  *See* Dkt. 136 at 8.  If the merits are as simple as Yuga argues, a decision could come much quicker.  Courts have also held that when an appeal is already pending, the risk of delay is mitigated.  See *Youngevity Int'l v. Smith*, 2018 WL 3426266 (S.D. Cal. 2018).  Because the case is already pending, Yuga's assertion of harms do not arise to the level necessary to avoid a motion to stay.

### B. Both Parties Will Be Harmed If Forced to Proceed

Both parties will be harmed by going forward with two trials.  Contrary to Yuga's assertion, where the case could be mooted on appeal, duplicative work is a harm.  See *Finder v. Leprino Foods Co.*, 2017 WL 1355104 at *4 (E.D. Cal. 2017).  Trials are expensive, stressful endeavors.  The parties have an interest in not having to pay for "substantial, unrecoverable, and wasteful" litigation costs

associated with claims which at the very least, could be narrowed due to the appeal.

Both parties serve to be harmed if forced to pay for two trials and all of the associated costs when one trial is enough. The harms clearly fall harder on Defendants, two individuals with fewer resources than Yuga Labs. While Yuga Labs may be able to bear the cost-burden of litigating actions which may not be necessary, individual Defendants cannot. Because the harm absent a stay to Defendants is severe, and Yuga Labs will be harmed as well, this factor weighs in favor of granting a stay.

**C.   The Orderly Course of Justice Demands a Stay**

The third *Landis* factor asks whether the "orderly course of justice" is served as measured by whether the appeal serves to simplify issues before this court. *See Lockyer v. Mirant, Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005). In short, this factor weighs in favor of a stay if the appeal "easier to decide." *Sakar v. Garland*, 39 F.4th 611, 619 (9th Cir. 2022). Defendants have asked the Court of Appeals to decide both prongs of the anti-SLAPP appeal. Yuga claims that the Court of Appeals will not decide both prongs, and therefore, judicial economy is not served by this factor.

Regardless of how the Court of Appeals decides, and what issues it ultimately decides, the case has the potential to become much "easier to decide." It is probable that the Court of Appeals decides some of the key legal issues in this case that apply to both Yuga's state and federal law causes of action. Even a narrow decision addressing only prong one of Defendants' anti-SLAPP appeal implicates hotly contested issues about the expressive activity is at issue in this case.

-4-

Case No. 2:22-cv-04355-JFW-JEM                              [PROPOSED] STATEMENT OF DECISION

Lastly, the Court takes notice of the immense overlap between Yuga's state and federal causes of action. They all stem from the same basic set of facts. Several of the claims require the same proof and have overlapping legal issues. In fact, the federal and state trademark claims which form the heart of Yuga's complaint are in all material respects identical. It is not an exaggeration to state that the state and federal trials, if kept separate from each other, would be nearly identical. Holding two separate trials, with all of the pre-trial motion practice and other litigation necessary, serves nobody well.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to stay pending appeal.

Dated: _____          _____
                                          Hon. John F. Walter
                                          United States District Judge