1  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
2  KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone:   650.988.8500
5  Facsimile:   650.938.5200

6
   ANTHONY M. FARES (CSB No. 318065)
7  afares@fenwick.com
   ETHAN M. THOMAS (CSB No. 338062)
8  ethomas@fenwick.com
   FENWICK & WEST LLP
9  555 California Street, 12th Floor
   San Francisco, CA  94104
10 Telephone:  415.875.2300

11 *Additional Counsel listed on next page*

12
   Attorneys for Plaintiff and
13 Counterclaim Defendant
   YUGA LABS, INC.
14

15           UNITED STATES DISTRICT COURT

16           CENTRAL DISTRICT OF CALIFORNIA

17           WESTERN DIVISION – Los Angeles

18

19 YUGA LABS, INC.,                          | Case No.: 2:22-cv-04355-JFW-JEM

20           Plaintiff and                     **PLAINTIFF YUGA LABS, INC.'S
             Counterclaim Defendant,           STATEMENT OF
21                                             UNCONTROVERTED FACTS AND
                                               CONCLUSIONS OF LAW IN
22      v.                                     SUPPORT OF YUGA LABS'S
                                               MOTION FOR SUMMARY
23 RYDER RIPPS, JEREMY CAHEN,                  JUDGMENT**

24           Defendants and
             Counterclaim Plaintiffs.          Date:        April 17, 2023
25                                             Time:        1:30 p.m.
                                               Courtroom:   7A
26                                             Judge:       Honorable John F. Walter

27                                             Trial Date:  June 27, 2023

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Pursuant to Civil Local Rule 56-1 and this Court's Scheduling and Case Management Order, ECF No. 57, Plaintiff and Counterclaim Defendant Yuga Labs, Inc. ("Yuga Labs") submits the following statement of uncontroverted facts and conclusions of law as to which there is no genuine issue or dispute in support of its Motion for Summary Judgment:

## I.    STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| **Yuga Labs' Creation of the Bored Ape Yacht Club NFT Collection** | |
| 1.  Yuga Labs created the Bored Ape Yacht Club ("BAYC") NFT collection. | Ball Decl. Ex. 35 at Rog. 1; Ex. 42 at 22:24-23:5<br><br>Solano Decl. Ex. 12 at YUGALABS_00030224 |
| 2.  Yuga Labs released the BAYC NFT collection in April 2021. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 89:13-17<br><br>Solano Decl. Ex. 12 at YUGALABS_00030224 |
| 3.  Only 10,000 BAYC NFTs exist. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 98:18-25<br><br>Solano Decl. Ex. 12 at YUGALABS_00030224; Ex. 13 at YUGALABS_00015993 |
| **Yuga Labs' Ownership in the BAYC Marks** | |
| 4.  Yuga Labs first publicly used the BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo mark (the "BAYC Marks") at least as early as April 17, 2021. | Solano Decl. Exs. 14, 15 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 5. Yuga Labs hired a third-party designer, who designed the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs. Yuga Labs owns the copyrights in those images. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 66:17-68:11<br><br>Solano Decl. ¶ 2 |
| 6. Yuga Labs has used the BAYC Marks to promote and sell the BAYC NFTs on its website, on NFT marketplaces, and on social media platforms. | Solano Decl. Exs. 14-17<br><br>Berger Decl. ¶ 15 |
| 7. Yuga Labs has pending trademark applications with the U.S. Patent & Trademark Office for the BAYC Marks. | Muniz Decl. Exs. 46-51 |
| **The Strength of the BAYC Marks** | |
| 8. The BAYC brand is considered by Yuga Labs to be its cornerstone brand. | Ball Decl. Ex. 42 at 169:12-20<br><br>Solano Decl. Ex. 12 at YUGALABS_00030224<br><br>Berger Decl. ¶ 15 |
| 9. BAYC NFTs are among the highest NFT collections in terms of all-time purchasing volume. | Solano Decl. Ex. 18<br><br>Berger Decl. ¶ 15 |
| 10. BAYC NFTs sell for a premium relative to nearly all other NFTs. | Berger Decl. ¶ 15 |
| 11. Yuga Labs has spent tens of millions of dollars on advertising and marketing its BAYC brand and related products. | Muniz Decl. ¶ 9 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 12. The majority of Yuga Labs' revenue in 2021 and 2022 derived from the BAYC brand. | Muniz Decl. ¶ 9 |
| 13. Since the release of BAYC NFTs in April 2021, the BAYC NFTs and BAYC brand have been featured by media outlets and in news articles. | Solano Decl. Exs. 19-24 |
| 14. Yuga Labs' has entered into marketing partnerships and collaborations with well-known brands to feature the BAYC brand. | Solano Decl. ¶ 3; Ex. 10<br><br>Berger Decl. ¶ 15 |
| 15. Holders of BAYC NFTs have exclusive access to membership perks, such as online games, in-person events, and new product launches. | Ball Decl. Ex. 35 at Rog. 1<br><br>Berger Decl. Ex. 106 ¶ 10 n.3 |
| 16. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BORED APE YACHT CLUB mark have not been refused for descriptiveness, have been noticed for publication as early as October 12, 2022, and have been noticed for allowance as early as December 27, 2022. | Muniz Decl. Ex. 46 |
| 17. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC mark have not been refused for descriptiveness, have been noticed for publication as early as March 16, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 47 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 18. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BORED APE mark have not been refused for descriptiveness, have been noticed for publication as early as March 9, 2022, and have been noticed for allowance as early as May 24, 2022. | Muniz Decl. Ex. 48 |
| 19. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC Logo mark have not been refused for descriptiveness, have been noticed for publication as early as March 16, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 49 |
| 20. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BA YC BORED APE YACHT CLUB Logo mark have not been refused for descriptiveness, have been noticed for publication as early as October 12, 2022, and have been noticed for allowance as early as December 27, 2022. | Muniz Decl. Ex. 50 |
| 21. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the Ape Skull Logo mark have not been refused for descriptiveness, have been noticed for publication as early as January 18, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 51 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| **Defendants' Same Product** ||
| 22. Defendants created the RR/BAYC NFTs, which point to the same online digital images as BAYC NFTS. | Ball Decl. Ex. 25 ¶ 8; Ex. 27 ¶ 5; Ex. 36 at Rog. 1; Ex. 37 at RFA 3; Ex. 39 at 106:23-107:3<br><br>Muniz Decl. Ex. 70 |
| 23. Some BAYC Images depict BAYC Marks. | Muniz Decl. Exs. 71, 72 |
| **Defendants' Use of the Same Marks** ||
| 24. Defendants first began to publicly use the BAYC Marks in association with the RR/BAYC NFTs on or around May 14, 2022. | Muniz Decl. Ex. 53 |
| 25. On May 13, 2022, Defendant Ripps created the Ethereum blockchain smart contract, 0x2ee6afildff3alce3f7e3414c52c48fd50d73691e, which contains the RR/BAYC NFTs. | Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 81:6-11, 106:2-14<br><br>Atalay Decl. Exs. 5-7 |
| 26. The Ethereum blockchain smart contract that contains the RR/BAYC NFTs has "Bored Ape Yacht Club" input as its name, and "BAYC" input as its symbol. | Ball Decl. Ex. 27 ¶ 8<br><br>Atalay Decl. Exs. 5-8 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 27. Etherscan, a website that gathers metadata from the blockchain to track NFT transactions, displays the name and symbol for the Ethereum blockchain smart contract that contains the RR/BAYC NFTs as "Bored Ape Yacht Club" and "BAYC," respectively. It also displays "Bored Ape Yacht Club (BAYC)" as the token tracker. | Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 81:6-11, 106:2-14; Ex. 39 at 37:23-38:6; Ex. 40 at 143:18-144:3<br><br>Atalay Decl. Exs. 5-8<br><br>O'Laughlin Decl. Ex. 105 ¶ 14 |
| 28. On Etherscan, for the Ethereum blockchain smart contract that contains the RR/BAYC NFTs, "*ryder-ripps.eth" did not appear in the contract creator field at the time Yuga Labs filed its Complaint. | *Compare* Atalay Decl. Ex. 7, *with* Atalay Decl. Ex. 6 |
| 29. Defendants registered and/or used the domain rrbayc.com. | Ball Decl. Ex. 26 ¶ 7; Ex. 27 ¶ 3; Ex. 34 at NAMECHEAP0000016<br><br>Muniz Decl. Ex. 77 |
| 30. Defendants registered and/or used the domain apemarket.com. | Ball Decl. Ex. 26 ¶ 7; Ex. 27 ¶ 3; Ex. 29; Ex. 34 at NAMECHEAP0000017; Ex. 40 at Hickman Ex. 64 |
| 31. Unmodified versions of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks, were displayed alongside the sale of RR/BAYC NFTs. | Ball Decl. Ex. 27 ¶ 18; Ex. 36 at Rog. 3<br><br>Atalay Decl. Ex. 9<br><br>Muniz Decl. Exs. 54, 55, 59, 60, 61 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 32. RR/BAYC NFTs were sold on Foundation alongside the display of unmodified versions of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks. | Ball Decl. Ex. 38 at 60:18-61:4, 82:8-13; Ex. 39 at 73:17-74:5<br><br>Muniz Decl. Exs. 54, 55, 59, 60 |
| 33. RR/BAYC NFTs were sold on OpenSea alongside the display of BAYC Marks, including Yuga Labs' "BAYC" and "Ape Skull Logo" Marks. | Ball Decl. Ex. 38 at 81:6-11<br><br>Muniz Decl. Ex. 62 |
| 34. RR/BAYC NFTs were sold on LooksRare alongside the display of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape Yacht Club", and "Ape Skull Logo" Marks. | Muniz Decl. Exs. 63, 64 |
| 35. Defendants posted on their social media accounts about the sale of RR/BAYC NFTs alongside the display of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks. | Muniz Decl. Exs. 56, 57, 58, 66, 78, 103, 104 |
| 36. Defendant Ripps posted on his Twitter account that he was minting RR/BAYC NFTs and told users: "send the ape number you want." | Ball Decl. Ex. 40 at 149:16-21<br><br>Muniz Decl. Ex. 79 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 37. Each RR/BAYC NFT had a token ID number designated to it when minted. Defendants did not label the RR/BAYC NFTs with that designated token ID number. Defendants labeled the RR/BAYC NFTs using the token ID number associated with the BAYC NFT that points to the same Bored Ape image. | Ball Decl. Ex. 40 at 146:21-147:10, 149:16-21, Hickman Ex. 40<br><br>Atalay Decl. Ex. 9<br><br>Muniz Decl. Ex. 70 |
| 38. Defendant Ripps has referred to the RR/BAYC NFTs as "Bored Ape Yacht Club V3" and "BAYC V3." | Muniz Decl. Exs. 73, 74 |
| **Defendants' Use of the Same Marketing Channels** | |
| 39. Defendants' RR/BAYC NFTs were sold on NFT marketplaces, such as OpenSea and X2Y2. Yuga Labs' BAYC NFTS were sold on those same NFT marketplaces. | Muniz Decl. Exs. 62, 65, 67, 68, 75, 76 |
| 40. Defendants posted on their Twitter accounts about RR/BAYC NFTs, rrbayc.com, apemarket.com, and NFT marketplaces where RR/BAYC NFTs could be purchased. | Muniz Decl. Exs. 55, 77, 78, 79, 80 |
| 41. Yuga Labs promotes its products using the BAYC Marks on its Twitter accounts. | Muniz Decl. Exs. 83, 84<br><br>Solano Decl. Exs. 15, 17 |
| 42. Defendants worked on developing and marketed an NFT Marketplace, Ape Market, where consumers could purchase and sell RR/BAYC NFTs and BAYC NFTs. | Ball Decl. Ex. 27 ¶ 15; Ex. 39 at 100:18-22; Ex. 40 at 207:23-212:7<br><br>Muniz Decl. Exs. 80, 81, 82 |
| 43. Defendant Cahen controls the Twitter account @ApeMarketplace. | Ball Decl. Ex. 39 at 99:2-23 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 44. The Ape Market Twitter account @ApeMarketplace tweeted a post stating "Listing requires an RRBAYC token: rrbayc.com."  It also has a June 2, 2022 tweet that states "Listing requires holding RR/BAYC." | Ball Decl. Ex. 27 ¶ 13<br><br>Muniz Decl. Ex. 80 |
| 45. The Twitter account @ApeMarketplace tweeted an image addressed to "Dear Yuga community" on June 2, 2022 and stated "ApeMarket will feature RR/BAYC, BAYC, MAYC, BAKC & Otherdeeds" and "0% royalties. 0% fees." | Ball Decl. Ex. 27 ¶ 13<br><br>Muniz Decl. Ex. 81 |
| 46. The Twitter account @ApeMarketplace tweeted on June 13, 2022:<br><br> | Muniz Decl. Ex. 80 |

Fenwick & West LLP<br>Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| **Actual Confusion from Defendants' Use of the Same Marks** | |
| 47. A survey conducted by Yuga Labs' expert, Laura O'Laughlin, evidenced that consumers who saw the BAYC Marks used in connection with Defendants' RR/BAYC NFT collection on the Foundation marketplace resulted in a 40.4% net confusion rate. | O'Laughlin Decl. ¶ 4 |
| 48. A survey conducted by Yuga Labs' expert, Laura O'Laughlin, evidenced that consumers who saw the BAYC Marks used in connection with Defendants' RR/BAYC NFT collection on the OpenSea marketplace resulted in a 20% net confusion rate. | O'Laughlin Decl. ¶ 5 |
| 49. Bloomberg News, a media outlet, referred to Defendants' RR/BAYC NFT collection as "Bored Ape Yacht Club V3." | Muniz Decl. Exs. 67, 68, 73, 74, 85, 86, 87 |
| 50. The Smart_NFT_News Twitter account at @Smart_NFT_News, which reports on NFTs, listed Defendants as two of the "Top 50 the Most Influential Accounts in BAYC." | Muniz Decl. Ex. 88 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 51. A Twitter bot, GemBot at @0xGem, which tracks blockchain transactions, falsely reported that an authentic BAYC NFT was purchased when it was actually an RR/BAYC NFT that was purchased.  In the "replies" to that tweet, Twitter users stated: "What a gold ape sold for 6eth must be a glitch!" and "damn I could have afforded this."  A Twitter user also reposted the tweet and stated: "Oh no…did a someone just fat fingers a gold ape for 5.99 ETH?!" | Muniz Decl. Exs. 89, 90, 91, 92 |
| 52. When Defendant Ripps' Twitter profile picture was an RR/BAYC NFT Bored Ape image, one Twitter user "replied" to one of Defendant Ripps' tweets and stated " . . . your profile pic is a BAYC, so I'm a bit confused here."  Another Twitter user "replied" and stated "You have a bayc pfp though haha?" | Muniz Decl. Exs. 93, 94 |
| 53. A Twitter user posted a picture of an RR/BAYC NFT and stated "#NewProfilePic" and, in response, another Twitter user wrote "? I'm so confused . . . this isn't real Jason ?  It's a collection of 179 created by @ryder_ripps although it says 'bored ape' it's not real dude." | Muniz Decl. Ex. 95 |
| 54. A Twitter user responded to a post by Defendant Ripps on his Twitter account stating: "i bought an rr bayc because i thought it was made by yuga." | Muniz Decl. Ex. 96 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 55. A Twitter user posted an image of an RR/BAYC NFT with an overlay of "possibly fake" posted on the image, and stated: "psa for everyone be careful what you buy.  i just bought BAYC #4255 but now I'm thinking that it could be fake?" | Muniz Decl. Ex. 97 |
| 56. Defendant Cahen's Twitter account, @Pauly0x, referred to a Twitter user's profile picture of a Bored Ape image as a "racist monkey pfp."  The Twitter user replied to Defendant Cahen stating that they were an RR/BAYC NFT holder. | Muniz Decl. Ex. 98 |
| 57. When asked to identify Defendants' sales page on the Foundation marketplace at his deposition, Defendants' software developer, Ryan Hickman, initially stated that it "Looks to be Bored Ape Yacht Club." | Ball Decl. Ex. 40 at 150:3-6 |
| 58. Defendants' software developer, Tom Lehman, has sworn under oath that he believed "purchasers of RR/BAYC NFTs on Foundation.app might think they were buying authentic BAYC NFTs if they did not conduct further research." | Ball Decl. Ex. 27 ¶ 25; Ex. 33 |
| 59. In a text exchange between Defendants' software developer, Tom Lehman, and a third party regarding RR/BAYC NFTs, the third party stated "This is quite crazy definitely some people will buy thinking they are buying originals!" | Ball Decl. Ex. 33 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 60. Defendants' software developer, Tom Lehman, has sworn under oath that he "repeatedly shared" his concern with Defendants that "using the 'BAYC' mark alongside the RR/BAYC NFTs could be confusing on Ape Market." | Ball Decl. Ex. 27 at ¶ 21; Ex. 28 at RIPPSCAHEN00002561 |
| 61. In a text message exchange with Defendant Cahen, Defendants' software developer, Tom Lehman, wrote that "a normal person could be like 'I could see where Yuga is coming from, it's confusing how close your logo is to theirs.'" | Ball Decl. Ex. 32 |
| 62. Defendant Ripps posted on his Twitter account: "we're seeing more 'RR/BAYC' titled collections on OpenSea, we're working on having these removed to avoid confusion" and "the only thing we ask is to avoid using the RR/BAYC name." | Muniz Decl. Ex. 99 |
| **Customers' Degree of Care** ||
| 63. Reading the blockchain and verifying the authenticity of an NFT involves some degree of technical skill and research. | Ball Decl. Ex. 39 at 37:25–38:17; Ex. 40 at 202:19–204:15 |
| 64. It can be challenging for consumers to establish provenance for NFTs. | Kindler Decl. ¶ 27<br><br>Berger Decl. ¶¶ 23, 34<br><br>Ball Decl. Ex. 39 at 37:25–38:17; Ex. 40 at 202:19–204:15; Ex. 41 at 117:25–119:11 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 65. Defendant Cahen and Defendants' software developer, Tom Lehman, discussed metadata for a potential wrapper and confusion it could cause. Defendant Cahen responded that "users are too unsophisticated by far." | Ball Decl. Ex. 28 at RIPPSCAHEN00002547 |
| 66. Defendants' software developer, Tom Lehman, stated that use of Defendants' logo alongside Yuga Labs' logo on Ape Market would be "too confusing to the 'average joe'" and that "we should not under-estimate how confusing it is." Immediately below, Defendant Cahen stated, "Yeah." | Ball Decl. Ex. 28 at RIPPSCAHEN00002561; Ex. 39 at 330:3-12 |
| 67. Defendants' software developer, Tom Lehman, in raising whether Defendants' smart contracts should be audited or open-sourced, stated, "Ah but do the SHEEPLE like it?" and "[p]pl will not read the contract." | Ball Decl. Ex. 28 at RIPPSCAHEN00002665 |
| 68. Defendants did not include a disclaimer to notify consumers that they were purchasing an RR/BAYC NFT rather than a BAYC NFT on any NFT marketplace or purchasing site, other than Defendants' rrbayc.com website. | Muniz Decl. Ex. 100<br><br>Ball Decl. Ex. 27 ¶ 25; Ex. 37 at RFA 27 |
| **Defendants' Intent** | |
| 69. Defendants' use of the BAYC Marks in connection with the RR/BAYC NFT collection was intentional. | Ball Decl. Ex. 27 ¶ 18; Ex. 36 at RFAs 1, 3, 4 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 70. Defendants have stated that "'BAYC' references the abbreviated title of Yuga's NFT collection." | Ball Decl. Ex. 36 at RFAs 3, 4 |
| 71. Defendants' software developer, Tom Lehman, raised concerns with Defendants that using the BAYC Marks in connection with the RR/BAYC NFT collection could cause confusion. | Ball Decl. Ex. 27 ¶¶ 21-25 |
| 72. Defendants' software developer, Ryan Hickman, suggested making the branding for the RR/BAYC NFTs and Ape Market design "ultra min" noting that the "real bayc is ultra min." | Ball Decl. Ex. 40 at Hickman Ex. 64 |
| 73. Defendants expected to make money from the sale and resale of RR/BAYC NFTs and from potentially generating transaction fees from the sale of NFTs on Ape Market. | Ball Decl. Ex. 27 ¶¶ 9-12; Ex. 40 at Hickman Exs. 49, 55 |
| 74. In discussing how to sell out the RR/BAYC NFTs, Defendant Ripps wrote "in order to get that we would need traditional methods of garbage influencers or new methods of unsourced hype from unexpected places . . . such as local news . . . controversy . . . law stuff . . . or someone unearths a shitload of yuga dirt . . . that's probably most likely tbh." | Ball Decl. Ex. 28 at RIPPSCAHEN00002683 |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 75. Defendants' software developer, Ryan Hickman, wrote in a chat that included Defendants, "We're closing in on $10 million impact to yuga." | Ball Decl. Ex. 27 ¶ 15; Ex. 40 at Hickman Ex. 58 |
| **Harm to Yuga Labs** | |
| 76. Yuga Labs has suffered harm to its brand equity, impacting its sales, profits, and future earnings. | Berger Decl. ¶¶ 35-39  Muniz Decl. ¶ 12 |
| 77. Yuga Labs has experienced changed dynamics with its prospective business partners. | Kindler Decl. ¶¶ 14-18  Muniz Decl. ¶ 12 |
| 78. Yuga Labs had to expend time and money to correct instances of confusion. | Ball Decl. Ex. 42 at 170:2-21  Muniz Decl. ¶ 12 |
| **Defendants' Cybersquatting Domain Names** | |
| 79. The domain name rrbayc.com does not consist of the legal names of either Defendant. | Ball Decl. Ex. 25 ¶ 8 |
| 80. The domain name apemarket.com does not consist of the legal names of either Defendant. | Ball Decl. Ex. 25 ¶ 8 |
| 81. The BAYC brand and NFTs had been featured by media outlets and in news articles before Defendant Ripps registered either https://rrbayc.com/ or https://apemarket.com/. | Solano Decl. Exs. 19, 22-24  Ball Decl. Ex. 29; Ex. 38 at 36:18-37:8 |
| 82. Defendant Ripps' registration of the domain names https://rrbayc.com/ and https://apemarket.com/ were hidden by a proxy registration service. | Ball Decl. Ex. 29; Ex. 34 at NAMECHEAP0000016-17 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 83. Yuga Labs has pending trademark applications for "Ape"-based marks. | Muniz Decl. Exs. 46, 48, 50 |
| **Defendants' *Rogers* Defense** | |
| 84. Defendant Ripps testified with respect to RR/BAYC that "the art is not anything besides the sum of what an NFT is because the artwork is an NFT." | Ball Decl. Ex. 38 at 105:17-18 |
| 85. The Twitter account @ApeMarketplace posted a tweet stating that "ApeMarket and RR/BAYC are registered trademarks." | Muniz Decl. Exs. 101, 102 |
| **Defendants' Fair Use Defense** | |
| 86. In December 2021, Adidas tweeted a Bored Ape image with the sole caption "#NewProfilePic" and no other text or BAYC Mark. | Solano Decl. Ex. 11 |
| 87. Defendant Ripps' Foundation page for the RR/BAYC NFT collection displayed, unmodified and in their entirety, Yuga Labs' BORED APE YACHT CLUB, BAYC, BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo marks. | Muniz Decl. Ex. 54 |
| 88. Defendants are not using the BAYC Marks to sell Yuga Labs' BAYC NFTs. | Muniz Decl. Exs. 54, 67, 68 |
| **Defendants' Unclean Hands Defense** | |
| 89. Yuga Labs did not compensate celebrities for endorsements. | Ball Decl. Ex. 43<br><br>Muniz Decl. ¶ 10 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 90. Yuga Labs' logo is disclosed in the end credits of Snoop Dogg and Eminem's music video featuring their Apes. | Muniz Decl. ¶ 11, Ex. 52 |
| 91. The BAYC brand and BAYC NFTs were featured by media outlets and in news articles before many celebrities publicly declared their acquisition of a BAYC NFT. | Muniz Decl. ¶ 10<br><br>Solano Decl. Exs. 19, 22-24 |
| **Yuga Labs' Takedown Requests** | |
| 92. Yuga Labs issued one takedown notice identifying copyright infringement as the basis of the request (the "May 17, 2022 Takedown"). | Williams Decl. ¶ 4; Exs. 1, 2, 3 |
| 93. The May 17, 2022 Takedown was sent to Foundation marketplace for the RR/BAYC NFT collection and stated: "[t]he infringing content uses copyrighted material from https://opensea.io/collection/boredap eyachtclub produced by Yuga Labs without authorization." | Williams Decl. Ex. 3 |
| 94. The Foundation marketplace page for the RR/BAYC NFT collection displayed Yuga Labs' Ape Skull logo. | Muniz Decl. Exs. 54, 59 |
| 95. The OpenSea page identified in the May 17, 2022 Takedown displayed Yuga Labs' Ape Skull logo. | Solano Decl. Ex. 16 |
| 96. Yuga Labs believes that it owns the copyright in the Ape Skull Logo. | Solano Decl. ¶ 2<br><br>Ball Decl. Ex. 35 at Rog. 1 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 97. Yuga Labs sent 25 takedown notices regarding Defendants' RR/BAYC NFT collection alleging trademark infringement. | Williams Decl. ¶ 5; Ex. 2 |
| 98. None of the 25 takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection alleging trademark infringement identified a copyrighted work as allegedly infringed as the basis for takedown. | Williams Decl. ¶ 5 |
| 99. Only three of the takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection alleging trademark infringement resulted in the removal of Defendants' RR/BAYC NFT collection page. | Williams Decl. ¶ 5; Ex. 4 |
| 100. On June 2, 2022, Foundation marketplace forwarded Yuga Labs' takedown notice alleging trademark infringement to Defendant Ripps, stating: "In accordance with a notice of trademark infringement we received from Yuga Labs, Inc., we have removed your Collection, Bored Ape Yacht Club, from public view." | Ball Decl. Ex. 30 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 101. In an email chain between Yuga Labs' counsel and X2Y2, dated June 25, 2022 - June 28, 2022, discussing a takedown notice alleging trademark infringement, Yuga Labs' counsel stated: "Yuga Labs' request for removal of Ripps' collections is based on infringement of its trademarks."  X2Y2 responded: "The action and our announcement on Twitter are our responses to our server providers' request, which is about trademark infringement…We'll remove Ripps' collection." | Ball Decl. Ex. 31 |
| **Exceptional Case** | |
| 102. On March 7, 2023, a post from Defendant Cahen's Twitter account stated "Eric Ball of @FenwickWest supports racism, antisemitism, beastiality, pedophilia and using cartoons to market drugs to young children."  The tweet included a picture of Mr. Ball. | Ball Decl. Ex. 45 |
| 103. On March 7, 2023, a post from Defendant Cahen's Twitter account stated "If you go around calling black athletes and celebrities 'apes', you are going to have a very bad time.  @yugalabs is trying to normalize this kind of sick behavior, by financially incentivizing it.  Eric Ball of @FenwickWest is the person who helps them perpetuate racism most."  The tweet included a picture of Mr. Ball. | Ball Decl. Ex. 45 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 104. On March 3, 2023, a post from Defendant Ripps' Twitter account stated "i have a personal message/demand for Eric Ball and Fenwick and West" followed by a picture stating "you can suck my dick." | Ball Decl. Ex. 45 |
| 105. [Intentionally omitted] | [Intentionally omitted] |
| 106. On November 18, 2022, a post from Defendant Cahen's Twitter account stated "Fenwick + West . . . are criminals." | Ball Decl. Ex. 45 |
| 107. On January 3, 2023, a post from Defendant Ripps' Twitter account stated that "sleezy fenwick and west . . . love[s] distorting facts and words in bad faith." | Ball Decl. Ex. 45 |
| 108. On March 7, 2023, a post from Defendant Ripps' Twitter account stated "yugalabs are demonic evil liars." | Ball Decl. Ex. 44 |
| 109. On February 22, 2023, a post from Defendant Ripps' Twitter account stated "dear wylie, greg, and guy . . . who hurt you?  how did you people get so evil?" | Ball Decl. Ex. 44 |
| 110. On March 1, 2023, a post from Defendant Cahen's Twitter account stated "Yuga is such a pathetic excuse of a company that I literally made their most successful product" with an image. | Ball Decl. Ex. 44 |

Fenwick & West LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 111.[Intentionally omitted] | [Intentionally omitted] |
| 112.[Intentionally omitted] | [Intentionally omitted] |
| 113.[Intentionally Omitted] | [Intentionally omitted] |
| 114.On November 17, 2022, a post from Defendant Ripps' Twitter account stated "the fact that wylie and greg simply cant admit they arent mouth breathing morons is wild behavior." | Ball Decl. Ex. 44 |
| 115.[Intentionally omitted] | [Intentionally omitted] |
| 116.[Intentionally omitted] | [Intentionally omitted] |
| 117.[Intentionally omitted] | [Intentionally omitted] |
| 118.[Intentionally omitted] | [Intentionally omitted] |
| 119.On July 31, 2022, a post from Defendant Cahen's Twitter account posted an image depicting Defendant Cahen's Twitter avatar over a gravestone labeled "YugaLabs 2021-2022" with a BAYC Mark. | Ball Decl. Ex. 44 |
| 120.On July 31, 2022, Defendant Cahen's Twitter account posted an image depicting Defendant Ripps pointing a gun and Defendant Cahen's Twitter avatar holding a knife towards a manipulated version of a BAYC Mark, and captioned "Don't play with fire." | Ball Decl. Ex. 44 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 121. On July 21, 2022, a post from Defendant Cahen's Twitter account stated "From here on out Wylie and Greg will plead the 5th and no longer comment on their actions . . . . They will no longer defend themselves" with a picture of Defendant Cahen's Twitter avatar holding a decapitated BAYC Ape head corresponding with a BAYC NFT held by Greg Solano, a Yuga Labs founder. | Ball Decl. Ex. 44 |

## II.    CONCLUSIONS OF LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| **Yuga Labs Is Entitled To Summary Judgment On Its Trademark Infringement Claim.** | |
| 122. Yuga Labs owns the BAYC Marks. | *Matal v. Tam*, 582 U.S. 218 (2017); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008); *JUUL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1053–54 (C.D. Cal. 2021); SUF ¶¶ 4, 6, 7. |
| 123. The BAYC Marks are distinctive, and therefore valid and protectable. | *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005); *CG Roxane LLC v. Fiji Water Co.*, 569 F. Supp. 2d 1019, 1030 (N.D. Cal. 2008); SUF ¶¶ 16-21. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 124. Defendants sold RR/BAYC NFTs in a manner that is likely to cause confusion with the BAYC Marks. | *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 989 (9th Cir. 2009); *GoTo.com, Inc. v. The Walt Disney Co.*, 202 F.3d 1199, 1205-07 (9th Cir. 2022); *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 874-875 (9th Cir. 2014); *ACI Int'l Inc. v. Adidas-Salomon AG*, 359 F. Supp. 2d 918, 921 (C.D. Cal. 2005); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999); *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 436 (9th Cir. 2017); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012); SUF ¶¶ 8-75. |
| **Yuga Labs Is Entitled To Actual Damages Caused By Defendants' Trademark Infringement.** | |
| 125. Yuga Labs is entitled to a judgment for actual damages as a result of Defendants' infringement of the BAYC Marks. | *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 989 (9th Cir. 1995), *as amended on denial of reh'g* (Feb. 15, 1996); *Monster Energy Co. v. Integrated Supply Network, LLC*, 533 F. Supp. 3d 928, 933 (C.D. Cal. 2021), *appeal dismissed*, No. 21-55361, 2021 WL 3028034 (9th Cir. June 28, 2021); SUF ¶¶ 76-78. |
| 126. Yuga Labs is entitled to injunctive relief as a result of Defendants' infringement of the BAYC Marks. | *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1074-1075 (C.D. Cal. 2004); Compl. ¶¶ 1-4; SUF ¶¶ 76-78. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 127. Yuga Labs is entitled to enhanced damages. | 15 U.S.C. § 1117; SUF ¶¶ 76-78. |
| 128. Yuga Labs is entitled to an award of its attorneys' fees because this is an exceptional case. | *Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator*, 392 F.3d 248, 263-64 (7th Cir. 2004); *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 17-7058, 2021 WL 2414856, at *1 (C.D. Cal. June 14, 2021), *aff'd*, No. 21-55678, 2022 WL 1486822 (9th Cir. May 11, 2022); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016); *Ketab Corp. v. Mesriani & Assocs., P.C.*, 734 F. App'x 401, 411-12 (9th Cir. 2018); SUF ¶¶ 1-78, 102-21. |
| **Yuga Labs Is Entitled To Summary Judgment On Its Anti-Cybersquatting Consumer Protection Act ("ACPA") Claims.** | |
| 129. Defendants' domain name https://rrbayc.com/ is confusingly similar to Yuga Labs' trademarks. | 15 U.S.C. § 1125(d)(1); *Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1031-32 (C.D. Cal. 2010); *DISC Intellectual Props. LLC v. Delman*, No. 07-5306, 2007 WL 4973849, at *5 (C.D. Cal. Sept. 17, 2007); *Haas Automation, Inc. v. Denny*, No. 12-04779, 2013 WL 6502876, at *3 (C.D. Cal. Dec. 4, 2013); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1093-94, 1097, 1105 (S.D. Cal. 2012); SUF ¶¶ 17, 79-83. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 130. Defendants' domain name https://apemarket.com/ is confusingly similar to Yuga Labs' trademarks. | 15 U.S.C. § 1125(d)(1); *Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1031–32 (C.D. Cal. 2010); *DISC Intellectual Props. LLC v. Delman*, No. 07-5306, 2007 WL 4973849, at *5 (C.D. Cal. Sept. 17, 2007); *Haas Automation, Inc. v. Denny*, No. 12-04779, 2013 WL 6502876, at *3 (C.D. Cal. Dec. 4, 2013); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1093–94, 1097, 1105 (S.D. Cal. 2012); SUF ¶¶ 79-83. |
| 131. Defendants had a bad faith intent to profit from the registration and use of the domain name https://rrbayc.com/. | 15 U.S.C. § 1125(d)(1); *United Artists Corp. v. United Artist Studios LLC*, No. 19-828, 2020 WL 4369778, at *42 (C.D. Cal. July 7, 2020); *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1033 (9th Cir. 2011); *Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1033 (C.D. Cal. 2010); SUF ¶¶ 73, 82. |
| 132. Defendants had a bad faith intent to profit from the registration and use of the domain name https://apemarket.com/. | 15 U.S.C. § 1125(d)(1); *United Artists Corp. v. United Artist Studios LLC*, No. 19-828, 2020 WL 4369778, at *42 (C.D. Cal. July 7, 2020); *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1033 (9th Cir. 2011); *Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1033 (C.D. Cal. 2010); SUF ¶¶ 73, 82. |
| 133. Defendants are not entitled to the ACPA's safe harbor defense, because Defendants did not have reasonable grounds to believe that their use of the domain name https://rrbayc.com/ was lawful. | 15 U.S.C. § 1125(d)(1); *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1203 (9th Cir. 2009); *Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1035 (C.D. Cal. 2010); SUF ¶¶ 17, 79-83. |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 134. Defendants are not entitled to the ACPA's safe harbor defense, because Defendants did not have reasonable grounds to believe that their use of the domain name https://apemarket.com/ was lawful. | 15 U.S.C. § 1125(d)(1); *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1203 (9th Cir. 2009); *Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1035 (C.D. Cal. 2010); SUF ¶¶ 79-83. |
| **Yuga Labs Is Entitled To Statutory Damages And Injunctive Relief For Defendants' Violations Of The ACPA.** | |
| 135. Yuga Labs is entitled to statutory damages for Defendants' violations of the ACPA, because Defendants' actions were egregious. | 15 U.S.C. § 1117(d); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1108 (S.D. Cal. 2012); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012); SUF ¶¶ 79-83. |
| 136. Yuga Labs is entitled to injunctive relief for Defendants' violations of the ACPA. | 15 U.S.C. § 1117(d); SUF ¶¶ 79-83. |
| **The *Rogers* Test Does Not Apply Because RR/BAYC NFTs Are Not Artistic Expression.** | |
| 137. RR/BAYC NFTs are not an expressive work protected by the First Amendment. | *Gordon v. Drape Creative, Inc.,* 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); ECF No. 62 at 6; SUF ¶¶ 22, 27, 31, 32, 84. |
| 138. Defendants' use of the BAYC Marks in the RR/BAYC NFTs is not artistically relevant. | *Gordon v. Drape Creative, Inc.,* 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); ECF No. 62 at 7; SUF ¶¶ 22, 27, 31, 32, 73, 84, 85. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 139. Defendants' use of the BAYC Marks was intended to explicitly mislead consumers. | *Gordon v. Drape Creative, Inc.,* 909 F.3d 257, 269–271 (9th Cir. 2018); *Rogers v. Grimaldi,* 875 F.2d 994, 999 (2d Cir. 1989); ECF No. 62 at 7; SUF ¶¶ 22-27, 31-34, 39, 70, 85. |
| **Defendants Have No Viable Nominative Fair Use Defense.** | |
| 140. Defendants' use of the BAYC Marks does not constitute nominative fair use because Defendants use the BAYC Marks to market and sell their own RR/BAYC NFTs.  Defendants' use of the BAYC Marks does not constitute nominative fair use because Defendants use nonidentical, modified versions of the BAYC Marks. | *New Kids on the Block v. News Am. Pub., Inc.,* 971 F.2d 302, 308 (9th Cir. 1992); *E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.,* 547 F.3d 1095, 1099 (9th Cir. 2008); *Toyota Motor Sales, U.S.A., Inc. v. Tabari,* 610 F.3d 1171, 1177, 1181 (9th Cir. 2010); *Brother Recs., Inc. v. Jardine,* 318 F.3d 900, 908 (9th Cir. 2003); ECF No. 62 at 8; SUF ¶¶ 13, 22-27, 31-35, 39, 42-46, 60, 66, 71, 86, 87, 88. |
| **Defendants Have No Viable Unclean Hands Defense.** | |
| 141. Defendants do not have an affirmative defense of unclean hands because none of the alleged misconduct is related to the claims that Yuga Labs has asserted against Defendants. | *Intamin, Ltd. v. Magnetar Techs. Corp.,* 623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009), *aff'd,* 404 F. App'x 496 (Fed. Cir. 2010); *Metal Jeans, Inc. v. Metal Sport, Inc.,* 843 F. App'x 898, 899-900 (9th Cir. 2021); *2Die4Kourt v. Hillair Cap. Mgmt., LLC,* No. 16-01304, 2016 WL 4487895, at *9 (C.D. Cal. Aug. 23, 2016), *aff'd,* 692 F. App'x 366 (9th Cir. 2017); *S. Cal. Darts Ass'n v. Zaffina,* 762 F.3d 921, 932-33 (9th Cir. 2014); SUF ¶¶ 89, 90, 91. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| **Yuga Labs Is Entitled To Summary Judgment On Defendants' 17 U.S.C. 512(f) Counterclaim.** | |
| 142. Yuga Labs did not misrepresent a copyright in a DMCA copyright takedown notice. | *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022); SUF ¶¶ 92-95, 98, 99-101. |
| 143. Yuga Labs did not submit any DMCA copyright takedown notice in bad faith. | *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co. Ltd.*, No. 21-06536, 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022); *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004); SUF ¶¶ 5, 96. |

Dated: March 15, 2023

FENWICK & WEST LLP

By: _/s/ Eric Ball_
Eric Ball

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.