# Exhibit 26

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| Yuga Labs, Inc., | : | Case No. 1:23-cv-00085-MAD-TWD |
| | : | |
| Plaintiff, | : | **CONSENT** |
| | : | **JUDGMENT AND ORDER FOR** |
| v. | : | **PERMANENT INJUNCTION** |
| | : | **AGAINST THOMAS LEHMAN** |
| Thomas Lehman, | : | |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff Yuga Labs, Inc. ("Yuga Labs") filed a Complaint for a permanent injunction and other equitable relief pursuant to the Lanham Act § 1051 *et seq*, and other causes of action, against Defendant Thomas Lehman ("Lehman") for his role in the design, development, marketing, promotion, sale, and offering for sale in interstate commerce of non-fungible tokens ("NFTs") known as "RR/BAYC NFTs"; a website at the domain www.rrbayc.com; and a website at the domain www.apemarket.com (the "Infringing Products and Services"). Plaintiff Yuga Labs and Defendant Lehman having been represented by attorneys in this matter, have agreed to entry of this Consent Judgment and Order for Permanent Injunction ("Consent Judgment") by the Court to resolve all matters in dispute in this action against Defendant Lehman.

Pursuant to stipulation between Plaintiff Yuga Labs and Defendant Lehman and for good cause shown, the Court hereby orders, adjudges, and decrees that:

**1.** The Court has subject matter and personal jurisdiction over this action and Defendant Lehman under the Lanham Act § 1051 *et seq*. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to the claims herein have occurred in this district.

2. Plaintiff Yuga Labs has used the BAYC Marks (collectively, the BAYC Marks are BORED APE YACHT CLUB, BAYC, BORED APE, APE, BA YC Logo, BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo) in commerce continuously since at least April 2021 for its logo, website, social media pages, marketing, and in connection with its partnerships, products and services.

3. As a result of its widespread, continuous, and exclusive use of the BAYC Marks to identify its partnerships, products, and services, and Plaintiff Yuga Labs as their source, Plaintiff Yuga Labs owns valid and subsisting rights to the BAYC Marks.

4. Defendant Lehman acknowledges Plaintiff Yuga Labs' ownership of and the validity of the BAYC Marks.

5. Without Plaintiff Yuga Labs' authorization, and upon information and belief, beginning after Plaintiff Yuga Labs acquired protectable exclusive rights in its BAYC Marks, Defendant Lehman adopted and began using the BAYC Marks to promote the Infringing Products and Services in US commerce.

6. Defendant Lehman's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Infringing Products and Services and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that the Infringing Products and Services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff Yuga Labs. For these and other reasons, Defendant Lehman's conduct has caused and, unless enjoined, will continue to cause damages and irreparable injury to Yuga Labs with an incalculable loss of goodwill.

7. The foregoing conduct by Defendant Lehman constitutes a violation of the Lanham Act's False Designation of Origin and False Advertising Laws (15 U.S.C. § 1125(a)). The Court

hereby enters judgment against Defendant Lehman on this claim for his role in the design, development, marketing, promotion, sale, and/or offering for sale in interstate commerce of:

    a.    non-fungible tokens known as "RR/BAYC NFTs";

    b.    a website at the domain www.rrbayc.com; and

    c.    a website at the domain www.apemarket.com.

**8.** Defendant Lehman is hereby permanently restrained and enjoined from, directly or indirectly, anywhere in the world:

    a.    Using in any manner any BAYC Mark and/or confusingly similar designation alone or in combination with other words or designs as a trademark, trade name component, or otherwise, to market, advertise, or identify any product and/or service not produced, offered, or authorized by Yuga Labs;

    b.    Using or counterfeiting any BAYC Mark or any confusingly similar marks, reproductions, counterfeit copies, or spurious imitations thereof, on or in connection with the offering of any goods and/or services, website, or social media, including but not limited to owning or operating www.rrbayc.com or www.apemarket.com;

    c.    Operating any other website, licensing business or other business, entity or store that purports to originate from Yuga Labs, or to be sponsored or licensed by, or affiliated with Yuga Labs, or contains any portion of the BAYC Marks within its name or d.b.a., when it is not;

    d.    Operating any social media account, including but not limited to www.discord.com or www.twitter.com account(s) that purport to originate from Yuga Labs, or to be sponsored or licensed by, or affiliated with Yuga

3

        Labs or contains any portion of the BAYC Marks within its name d.b.a., or username, when it is not;

e.    Registering, owning, or using any domain name that consists of any of the BAYC Marks, or includes "BAYC" or "bored" or "ape" in the domain portion of the domain name and is being used in connection with the BAYC Marks, or any other Yuga Labs source identifier, or that is confusingly similar thereto, or that is calculated to confuse consumers into thinking that the website(s) accessible via the domain name(s) originate with/from Yuga Labs, or is/are sponsored or licensed by, or affiliated with, Yuga Labs, when it is/they are not;

f.    Registering, owning, or using any entity whose name or d.b.a. consists of the BAYC Marks, or includes "BAYC", "Bored", "Ape", or "Yuga" or that is confusingly similar to any of the BAYC Marks, or that is calculated to or reasonably likely to confuse consumers into believing that the Defendant is Yuga Labs, affiliated with Yuga Labs, or sponsored by Yuga, when he is not;

g.    Using in connection with Defendant's activities, goods, or services (or purported goods or services) any false or deceptive designations, representations, or descriptions of Defendant or his activities, goods, or services (or purported goods or services) any false or deceptive designations, representations, or descriptions of Defendant or his activities, goods, or services (or purported goods or services), whether by symbols, words, designs, statements, photographs, or other devices which would damage or

4

    injure Yuga Labs or its customers, or would give Defendant an unfair competitive advantage or result in consumer deception;

  h. Committing other acts calculated to or reasonably likely to cause consumers to believe that Defendant's domain names, websites, web content, goods and/or services (including but not limited to any NFT or NFT collection) are offered under the authorization, sponsorship, supervision, or control of Yuga Labs, or otherwise are connected with Yuga Labs, when they are not;

  i. Further infringing any BAYC Mark and/or any other Yuga Labs source identifier, or damaging any of its or their associated goodwill;

  j. Using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing www.rrbayc.com or www.apemarket.com; and

  k. Using, transferring, exercising control over, or otherwise accessing any accounts used in the transfer of money or electronic currency, including but not limited to Bitcoin or Ethereum, or in the processing of card-based transactions associated with the Infringing Products or Services or any product or service that uses the BAYC Marks.

 **9.** Within fourteen (14) days after entry of this Consent Judgment, Defendant Lehman shall destroy any materials in his possession or control publicly displaying the BAYC Marks or any other mark confusingly similar with the BAYC Marks. If Defendant Lehman owns any RR/BAYC NFT, he shall "burn" (e.g., destroy) that NFT or provide it to Yuga Labs to burn.

 **10.** Each party shall pay their own attorneys' fees that have accrued on or before the execution of this Consent Judgment.

11. If Defendant Lehman breaches any term of this Consent Judgment, Defendant Lehman shall be responsible to pay Yuga Labs $25,000 in liquidated damages to help defray the costs to Yuga Labs incurred in connection with this action to stop Defendant Lehman's infringement of the BAYC Marks and to address the actual harm such infringement has caused and would cause in the future if such infringement resumed. Defendant Lehman shall also be responsible to reimburse Yuga Labs its reasonable attorneys' fees and costs incurred in connection with any future enforcement of this Consent Judgment.

12. Upon service of this Order for Permanent Injunction, Defendant Lehman shall be deemed to have actual notice of the issuance and terms of the permanent injunction, and any act in violation of any of the terms of the permanent injunction may be considered and prosecuted as contempt of Court, and such other, further relief this Court deems just and proper.

13. In the event Yuga Labs identifies additional infringing products or services in connection with Defendant Lehman's trademark infringement, Yuga Labs may move the Court for an order modifying this injunction as appropriate.

14. To the extent Yuga Labs identifies additional social media accounts or domains associated with Defendant Lehman, that purport to originate from Yuga Labs, or to be sponsored or licensed by, or affiliated with Yuga Labs or contains any portion of the BAYC Marks within its name d.b.a., or username, Yuga Labs may serve this Order for Permanent Injunction on the appropriate third party website or registrar responsible for services involved with keeping the social media account or domain online, in order to freeze and/or make such accounts or domains frozen and inaccessible to Defendant Lehman.

15. Defendant Lehman hereby waives any and all right to an appeal from this Consent Judgment.

16. Yuga Labs' second cause of action for cybersquatting (15 U.S.C. § 1125(d)) is dismissed without prejudice.

17. This Court shall retain jurisdiction over this Consent Judgment, and any applications with regard to enforcement of it shall be directed to this Court.

18. The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

**IT IS SO ORDERED.**

Dated: February 6, 2023

_____
Honorable Mae A. D'Agostino