# Exhibit 37

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Cahen and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>Ryder Cahen and Jeremy Cahen,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**JEREMY CAHEN'S SECOND SUPPLEMENTAL RESPONSES TO YUGA LABS, INC.'S REQUESTS FOR ADMISSION TO JEREMY CAHEN (NOS. 1-49)**<br><br>Judge: Hon. John F. Water |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Ryder Cahen hereby provides these second supplemental responses and objections to

Request for being duplicative and cumulative of other discovery requests, including at least Yuga's Interrogatory No. 17 to Mr. Ripps.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Cahen denies the objectionable Request as phrased.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2 (1/16/2023)**

Subject to and without waiving the prior Specific Objections and General Objections, Mr. Cahen admits that he holds the private keys to the wallet identified in this Request.

**REQUEST NO. 3:**

Admit that the RR/BAYC project is a collection of NFTs that point to the same online digital images as the BAYC collection.

**RESPONSE TO REQUEST NO. 3:**

Mr. Cahen incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Cahen further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. Mr. Cahen further objects to this Request because Yuga has made this Request in bad faith to continue its conduct of harassing and increasing costs of litigation for the purposes of silencing and bullying Mr. Cahen for use of his First Amendment rights. Mr. Cahen reserves the right to seek sanctions against Yuga for its abusive use of litigation. Mr. Cahen further objects to this Request to the extent it seeks information that is publicly available. Mr. Cahen also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Cahen also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Cahen further objects to this Request to the extent that it calls for information not

within Mr. Cahen's possession, custody, or control.  Mr. Cahen further objects to this Request for being duplicative and cumulative of other discovery requests, including at least Yuga's Request for Production No. 4 to Mr. Cahen.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Cahen denies the objectionable Request as phrased.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3 (1/16/2023)**

Subject to and without waiving the prior Specific Objections and General Objections, Mr. Cahen responds as follows:  Mr. Cahen assumes that "RR/BAYC project" refers to the NFT collection created by Defendants in dispute in this litigation and not any other NFT collections that may also have the name RR/BAYC.  Mr. Cahen admits the artwork at issue in this case includes an NFT collection that points to JSON files that link to IPFS pointers that link to the BAYC ape images.

**REQUEST NO. 4:**

Admit that the RR/BAYC project is not a collection of NFTs that point to the same online digital images as the BAYC collection.

**RESPONSE TO REQUEST NO. 4:**

Mr. Cahen incorporates his General Objections and Limitations to the extent applicable to the Request.  Mr. Cahen further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Mr. Cahen further objects to this Request because Yuga has made this Request in bad faith to continue its conduct of harassing and increasing costs of litigation for the purposes of silencing and bullying Mr. Cahen for use of his First Amendment rights. Mr. Cahen reserves the right to seek sanctions against Yuga for its abusive use of litigation.  Mr. Cahen further objects to this Request to the extent it seeks information that is publicly available.  Mr. Cahen also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Cahen also

objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Cahen further objects to this Request to the extent that it calls for information not within Mr. Cahen's possession, custody, or control. Mr. Cahen further objects to this Request for being duplicative and cumulative of other discovery requests, including at least Yuga's Request for Production No. 4 to Mr. Cahen.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Cahen denies the objectionable Request as phrased.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4 (1/16/2023)**

Subject to and without waiving the prior Specific Objections and General Objections, Mr. Cahen responds as follows: Mr. Cahen assumes that "RR/BAYC project" refers to the NFT collection created by Defendants in dispute in this litigation and not any other NFT collections that may also have the name RR/BAYC. Mr. Cahen admits the RR/BAYC project includes an NFT collection that points to JSON files that link to IPFS pointers that link to the BAYC ape images.

**REQUEST NO. 5:**

Admit that any artistic component of the RR/BAYC NFTs cannot be understood without reference to public commentary by you and/or Defendant Ryder Ripps.

**RESPONSE TO REQUEST NO. 5:**

Mr. Cahen incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Cahen further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. Mr. Cahen further objects to this Request because Yuga has made this Request in bad faith to continue its conduct of harassing and increasing costs of litigation for the purposes of silencing and bullying Mr. Cahen for use of his First

NFTs" refers to the NFT collection created by Defendants in dispute in this litigation and not any other NFT collections that may also have the name RR/BAYC. Mr. Cahen denies this Request.

**REQUEST NO. 27:**

Admit that a person could purchase an RR/BAYC NFT without seeing the following "disclaimer":



**RESPONSE TO REQUEST NO. 27:**

Mr. Cahen incorporates his General Objections and Limitations to the extent applicable to the Request. Mr. Cahen further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. Mr. Cahen further objects to this Request because Yuga has made this Request in bad faith to continue its conduct of harassing and increasing costs of litigation for the purposes of silencing and bullying Mr. Cahen for use of his First Amendment rights. Mr. Cahen reserves the right to seek sanctions against Yuga for its abusive use of litigation. Mr. Cahen further objects to this Request to the extent it

seeks information that is publicly available. Mr. Cahen also objects to this Request as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Cahen also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or immunity against disclosure. Mr. Cahen further objects to this Request to the extent that it calls for information not within Mr. Cahen's possession, custody, or control. Mr. Cahen further objects to this Request for being duplicative and cumulative of other discovery requests, including at least Yuga's Document Request No. 19 to Mr. Cahen.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Cahen denies the objectionable Request as phrased.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 27 (1/16/2023)**

Subject to and without waiving the prior Specific Objections and General Objections, Mr. Cahen responds as follows: Mr. Cahen assumes that "RR/BAYC NFTs" refers to the NFT collection created by Defendants in dispute in this litigation and not any other NFT collections that may also have the name RR/BAYC. Mr. Cahen denies that his artworks could be purchased from rrbayc.com without seeing this disclaimed. Mr. Cahen also denies that the artwork in dispute in this litigation could be purchased on any primary market without seeing the disclaimer or similar content identifying the artwork as satire.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 27 (3/9/2023)**

Subject to and without waiving the prior Specific Objections and General Objections, Mr. Cahen responds as follows: Mr. Cahen denies that a person could purchase an RR/BAYC without seeing disclaimers, including the disclaimer included in the request or other similar disclaiming content, for sales through Twitter, rrbayc.com, and sales on Foundation marketed via Twitter. Mr. Cahen cannot admit or deny what other people can or cannot do on other marketplaces.