UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | March 21, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

Present: The Honorable **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE**

S. Lorenzo
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:
None

**Proceedings:** **ORDER RE DEFENDANTS RYDER RIPPS AND JEREMY CAHEN'S MOTION TO COMPEL (Dkt. No. 121)**

On March 6, 2023, Defendants Ryder Ripps and Jeremy Cahen ("Defendants") filed a Motion To Compel ("Motion") production of third party Thomas Lehman's settlement agreement with Yuga and related communications. (Dkt. 121.) On that same date, Defendants and Plaintiff Yuga Labs, Inc. ("Yuga") filed a Joint Stipulation. (Dkt. 121-1.) Both parties filed a Supplemental Memorandum on March 13, 2023. The Court GRANTS the Motion and ORDERS Yuga to produce the Lehman settlement agreement, Consent Judgment and related communications **within 3 days of this Order**, subject to the Protective Order in this case.[1]

Non-party Thomas Lehman was one of four people who participated in the creation and commercialization of RR/BAYC NFTs that is the subject of this infringement suit. (Dkt. 121-9, Ex. 7.) Yuga filed a similar action against Lehman in the Northern District of New York on January 20, 2023. (Dkt. 121-7, Ex. 5.) On February 6, 2023, Lehman entered into a Consent Judgment and Order for Permanent Injunction and the case was dismissed. (Dkt. 121-8, Ex. 6.) Yuga obtained a declaration ("Declaration") from Lehman dated February 3, 2023. (Dkt. 121-9, Ex. 7.) Yuga has used the Declaration and Consent Judgment in this litigation as evidence, in particular in support of its motion to dismiss counterclaims and for summary judgment, and in its expert reports. (JS at 1:17-

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the March 28, 2023 hearing date on the Motion. See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | March 21, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

25.)  Defendants requested Yuga to produce the confidential settlement agreement and related communications pursuant to Requests For Production Nos. 4, 13, 35.  (JS 6-9.)  Defendants seek these documents for use in Lehman's upcoming deposition to assess Lehman's credibility and bias, and to explore whether the Declaration was coerced or was a condition of settlement as seems likely.  Although Yuga produced the Declaration, it refused to produce the confidential settlement agreement and related communications, asserting that those materials are confidential and irrelevant.

There is no federal privilege preventing discovery of settlement agreements and related documents.  Bd of Trustees of Leland Stanford Junior Univ. V. Tyco Int'l Ltd., 253 F.R.D. 521, 523 (C.D. Cal. 2008).  Nonetheless, as both parties acknowledge, many courts have granted protective orders to protect confidential settlement agreements which should not be lightly abrogated.  Peters v. Equifax Information Services LLC, 2013 WL 12169355*2 (C.D. Cal.).  Indeed, courts have held that "the burden is on the requester to make a particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence."  (Id.)  The entry of a protective order "substantially mitigates" privacy concerns about disclosure of confidential settlement agreements.  O'Brien v. Johnson Medical Devices Co., 2020 WL 5215384*5 (C.D. Cal.).

Yuga's confidentiality, relevance and other objections are fatally undermined by its unfettered use of Lehman's Declaration in the case which resolves any relevancy issue against Yuga.  See Board of Trustees, supra, 253 F.R.D. at 522 ("Since Plaintiffs have relied upon and cited past settlement agreements to support their claims, the Ciena agreement is clearly relevant").  Yuga cannot have it both ways, using a portion of the settlement materials (the Declaration) to its benefit while suppressing other portions of the settlement materials that may demonstrate bias or coercion.  See id. at 523 ("Simply put, [p]laintiff cannot have it both ways").  Yuga's assertion that Defendants do not need the settlement materials is plainly self-serving.  Tellingly, Yuga never addresses its use of Lehman's Declaration in either its portion of the Joint Stipulation or in its Supplemental Memorandum.

The fact that parties to a settlement agree to its confidentiality does not shield it from discovery.  (Id. at 523.)  That is especially true where a confidentiality order is in place (id.) as is true here.  (Dkt. 50, 51.)  Because of Yuga's frequent use of the Declaration and Consent Judgment and the existence of a Protective Order, there also is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **March 21, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

no need for the Court to undertake in camera review as requested by Yuga. Racioppi v. Bosov, 2020 WL 13064710*3 (C.D. Cal.) ("To the extent it requests that such agreement also be filed in camera, it is moot – as the Protective Order and order to produce the same to Heli pursuant thereto render it unnecessary for such document to be provided to the court in camera – and is denied as such").

The Court finds that Yuga's use of settlement materials without any opportunity to explore credibility, bias and coercion would cause substantial prejudice to Defendants. The Court further finds that Defendants have made a "particularized showing" that the settlement information is relevant and likely to lead to admissible evidence. Peters, 2013 WL 12169355*2 (C.D. Cal.). Rule 408(b) specifically provides that a court may admit settlement evidence to prove a witness' bias or prejudice.

The Court GRANTS Defendants' Motion and ORDERS Yuga to produce the Lehman Settlement Agreement, Consent Judgment and all related communications **within 3 days of this Order**, pursuant to the Protective Order in the case.

|  | : |  |
|---|---|---|
| Initials of Preparer | | slo |