Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                Plaintiff and Counterclaim<br>                Defendant,<br><br>        v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                Defendants and<br>                Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Memorandum of Evidentiary Objections**<br><br>Judge: John F. Walter<br>Hearing: April 17, 2023 at 1:30 p.m.<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date: June 27, 2023 |

## I.    General Objections and Introduction

Pursuant to Federal Rule of Civil Procedure 56, Local Rules 7-7 and 56-3, and paragraph 4(c) of the Court's Scheduling and Case Management Order (Dkt. 57), Defendants Ryder Ripps and Jeremy Cahen submit the following objections to evidence submitted by Plaintiffs in support of their Motion for Partial Summary Judgment (Dkt. 149).

Defendants' objections address the evidence cited in Yuga's Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), as it is improper for plaintiffs to rely on evidence outside of the four corners of their SUF in support of a motion for summary judgment.  *See, e.g.*, *Lushe v. Verengo, Inc.*, 2014 WL 5794627, at *3 & n.2 (C.D. Cal. 2014) ("Presenting all material facts in the []SUF is important: it safeguards against obfuscation and overreaching by the moving party … and ensures that the facts are parsed out reasonably and presented in a format the opposing party and the Court can easily examine.").  Defendants therefore object to all Exhibits, Declaration testimony, and any other evidence submitted that Yuga do not expressly cite in their SUF.

"In examining whether summary judgment is appropriate," courts "'consider only alleged facts that would be admissible in evidence.'" *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012); *see also Hermosillo v. County of Orange, 562 F. Supp. 3d 802, 810 (C.D. Cal. 2021)* ("Evidence presented at summary judgment must be admissible and have a proper foundation[.]"). Much of the evidence that Yuga submitted in support of its motion is inadmissible and, accordingly "cannot aid" Plaintiffs.  *Rosa, 684 F.3d at 948*.  The deficient evidence falls into several categories with the most common being: (1) hearsay evidence, (2) statements and documents which lack proper authentication, (3) statements that are incomplete and therefore misleading, and (4) improper opinion evidence.

## II.    Specific Objections

<u>Statement of Genuine Disputes of Material Fact Paragraph 1:</u>

Ball Decl. Ex. 35, at Interrogatory 1 is inadmissible hearsay and no exception applies because it is Yuga's own out-of-court interrogatory response.  Fed. R. Evid. 801, 802.  A party's "own interrogatory responses do not constitute admissible evidence but are hearsay."  *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008) (refusing to rely on party's own interrogatory responses at summary judgment stage); *Duff v. Lodell-Emery Manufacturing Co.*, 926 F. Supp. 799, 803 (N.D. Ind. 1996) (same).  Yuga has not shown the applicability of any exception to the hearsay rule.  Fed. R. Evid. 801, 802; *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Solano Decl. Ex. 12 (YugaLabs_00030224 website) contains inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  The contents of the website are being introduced to prove the date Yuga released BAYC.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

<u>Statement of Genuine Disputes of Material Fact Paragraph 2:</u>

Ball Decl. Ex. 35, at Interrogatory 1 is inadmissible hearsay and no exception applies because it is Yuga's own out-of-court interrogatory response.  Fed. R. Evid. 801, 802.  A party's "own interrogatory responses do not constitute admissible evidence but are hearsay."  *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008) (refusing to rely on party's own interrogatory responses at summary judgment stage); *Duff v. Lodell-Emery Manufacturing Co.*, 926 F. Supp. 799, 803 (N.D. Ind. 1996) (same).  Yuga has not shown the applicability of any exception to the

hearsay rule.  Fed. R. Evid. 801, 802; *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Solano Decl. Ex. 12 (YugaLabs_00030224 website) contains inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  The contents of the website are being introduced to prove the date Yuga released BAYC.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Statement of Genuine Disputes of Material Fact Paragraph 3:

Ball Decl. Ex. 35, at Interrogatory 1 is inadmissible hearsay and no exception applies because it is Yuga's own out-of-court interrogatory response.    Fed. R. Evid. 801, 802.  A party's "own interrogatory responses do not constitute admissible evidence but are hearsay." *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008) (refusing to rely on party's own interrogatory responses at summary judgment stage); *Duff v. Lodell-Emery Manufacturing Co.*, 926 F. Supp. 799, 803 (N.D. Ind. 1996) (same).  Yuga has not shown the applicability of any exception to the hearsay rule.  Fed. R. Evid. 801, 802; *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Solano Decl. Ex. 12 (YugaLabs_00030224 website) contains inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  The contents of the website are being introduced to prove the date Yuga released BAYC.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Solano Decl. Ex. 13 (website) is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. It is introduced to prove the truth of the statement that only 10,000 BAYC NFTs exist. Whether this is true relies on the truth value of statements asserted on the website.

Statement of Genuine Disputes of Material Fact Paragraph 4:

Solano Decl. Ex. 14 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability. Yuga has not authenticated the "Wayback Machine" gathered evidence.

Statement of Genuine Disputes of Material Fact, Paragraph 5:

Ball Decl. Ex. 35, at Interrogatory 1 is inadmissible hearsay and no exception applies because it is Yuga's own out-of-court interrogatory response. A party's "own interrogatory responses do not constitute admissible evidence but are hearsay." *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008) (refusing to rely on party's own interrogatory responses at summary judgment stage); *Duff v. Lodell-Emery Manufacturing Co.*, 926 F. Supp. 799, 803 (N.D. Ind. 1996) (same). Yuga has not shown the applicability of any exception to the hearsay rule. Fed. R. Evid. 801, 802; *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Statement of Genuine Disputes of Material Fact Paragraph 6:

Solano Decl. Ex. 14 ("Wayback Machine" website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by

-4-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

internet archives such as the "Wayback Machine" must be properly authenticated to be admissible.  *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021).  This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

Berger Declaration ¶ 15 which in relevant part states, "Yuga Labs has been able to leverage the BAYC brand in connection with Yuga Labs' website, events, social media pages, and marketing, and to secure marketing partnerships and collaborations, as well as expand its products and services, all due to the strength and popularity of its BAYC brand" personal knowledge of the facts asserted.  *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted).  Witness Jonah Berger states that BAYC is Yuga's "cornerstone brand" but fails to explain what basis he would have for that knowledge.  To the extent that Yuga asserts that Mr. Berger is offering his "cornerstone brand" testimony as an expert opinion , his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs and the market for NFTs.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 7:

No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 8:

Solano Decl. Ex. 12 (YugaLabs_00030224 website) contains inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  The contents of the website are being introduced to prove the date Yuga released BAYC.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay

exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).  Yuga has not shown the applicability of any exception to the hearsay rule.

Berger Declaration ¶ 15 which in relevant part states, "The BAYC brand is considered by Yuga Labs to be its focal or cornerstone brand.  It exhibits the characteristics that are indicative of a brand with high brand equity" is inadmissible because the witness lacks personal knowledge of the facts asserted.  *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted).  Fed. R. Evid. 701.  Witness Jonah Berger states that BAYC is Yuga's "cornerstone brand" but fails to explain what basis he would have for that knowledge.  To the extent that Yuga asserts that Mr. Berger is offering his "cornerstone brand" testimony as an expert opinion , his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs and the market for NFTs.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 9:

Solano Decl. Ex. 18 lacks proper authentication and foundation to prove Mr. Solano's personal knowledge of the website scrape.  Fed. R. Evid. 901.  Mr. Solano's declaration provides no information that demonstrate that Mr. Solano knows how the document was created and how the information came into Yuga's possession.  *See Garris v. FBI*, 937 F.3d 1284, 1292 (9th Cir. 2019) (explaining necessity of personal knowledge).  Beyond that, Solano Decl. Ex. 18 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  It is an out of court statement which is being used to prove the matter asserted which is that BAYC NFTs are among the highest NFT collections in terms of purchasing volume.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.

-6-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

*Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Berger Declaration ¶ 15 which in relevant part states, "Since their release, BAYC NFTs are among the most sought after NFTs in terms of all-time purchasing volume" is inadmissible because the witness lacks personal knowledge of the facts asserted. *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted). Witness Jonah Berger states that BAYC is Yuga's "cornerstone brand" but fails to explain what basis he would have for that knowledge. To the extent that Yuga asserts that Mr. Berger is offering his "cornerstone brand" testimony as an expert opinion, his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs and the market for NFTs. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 10:

Berger Declaration ¶ 15 which in relevant part states, "Price premiums and high volume purchases on NFTs associated with the BAYC brand are both consistent with BAYC constituting a strong brand" is inadmissible because the witness lacks personal knowledge of the facts asserted. *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted) Fed. R. Evid. 701. Witness Jonah Berger states that BAYC NFTs sell for a premium relative to nearly all other NFTs. To the extent that Yuga asserts that Mr. Berger is offering his "cornerstone brand" testimony as an expert opinion, his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs and the market for

-7-

NFTs.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 11: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 12: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 13:

Solano Declaration Exhibits 19, 20, 21, 22, 23 and 24 (news articles) all contain inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  Newspaper and magazine articles are generally considered inadmissible hearsay.  *In re Cypress Semiconductors Securities Litigation*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995). Yuga as the proponent bears the burden to demonstrate that the hearsay is inadmissible, and they do not carry their burden. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Statement of Genuine Disputes of Material Fact Paragraph 14:

Berger Declaration ¶ 15 which in relevant part states, "Yuga Labs has been able to leverage the BAYC brand in connection with Yuga Labs' website, events, social media pages, and marketing, and to secure marketing partnerships and collaborations, as well as expand its products and services, all due to the strength and popularity of its BAYC brand" is inadmissible because the witness lacks personal knowledge of the facts asserted.  *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted) Fed. R. Evid. 701.  Witness Jonah Berger states that Yuga Labs has entered into marketing partnerships and collaborations with well-known brands to feature the BAYC brand.  To the extent that Yuga asserts that Mr. Berger is offering his testimony about Yuga's business practices as an expert

-8-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

opinion, his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs and the market for NFTs.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 15:

  Ball Decl. Ex. 35 at Interrogatory 1 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  A party's "own interrogatory responses do not constitute admissible evidence but are hearsay."  *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008) (refusing to rely on party's own interrogatory responses at summary judgment stage); *Duff v. Lodell-Emery Manufacturing Co.*, 926 F. Supp. 799, 803 (N.D. Ind. 1996) (same).  Yuga has not shown the applicability of any exception to the hearsay rule.  Fed. R. Evid. 801, 802; *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Statement of Genuine Disputes of Material Fact Paragraph 16: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 17: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 18: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 19: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 20: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 21: No evidentiary objections.

Statement of General Facts Paragraph 22:

   MEMORANDUM OF EVIDENTIARY OBJECTIONS

1        Ball Decl. Ex. 27 ¶ 5 is not authenticated.  Fed. R. Evid. 901.  In fact, this Court

2  recently granted Defendants discovery into materials related to this declaration "to

3  explore whether the Declaration was coerced or was a condition of settlement as

4  seems likely."  Dkt. 159 at *2.  Because it is likely the product of coercion, the

5  Lehman declaration is not authenticated because Yuga has not proven that it truly

6  represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R.

7  Evid. 901.

8        Muniz Decl. Ex. 70 is inadmissible because it lacks proper authentication.  Fed.

9  R. Evid. 901.  Printouts of web pages must be authenticated pursuant to Federal Rule

10  of Evidence 901.  *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).  Without

11  further indicia of reliability, a mere declaration that the website printout is what the

12  proponent claims is insufficient.  *Estate of Konnell v. Allied Property and Casualty*

13  *Ins. Co.*, 2014 WL 11072219 at *1-2 (D. Ore. 2014).  This exhibit lacks the necessary

14  urls, dates, declaration of how the website was found, or other indicia of reliability

15  relied on by courts to determine the admissibility of websites.

16  Statement of Genuine Disputes of Material Fact Paragraph 23:

17        Muniz Decl. Exs. 71 and 72 are inadmissible because they lack proper

18  authentication.  Fed. R. Evid. 901.  Printouts of web pages must be authenticated

19  pursuant to Federal Rule of Evidence 901.  *United States v. Tank*, 200 F.3d 627, 630

20  (9th Cir. 2000).  Without further indicia of reliability, a mere declaration that the

21  website printout is what the proponent claims is insufficient.  *Estate of Konnell v.*

22  *Allied Property and Casualty Ins. Co.*, 2014 WL 11072219 at *1-2 (D. Ore. 2014).

23  This exhibit lacks the necessary urls, dates, declaration of how the website was found,

24  or other indicia of reliability relied on by courts to determine the admissibility of

25  websites.  Here, the exhibits show nothing to indicate the source of the website the

26  exhibits are purportedly taken from.

-10-

        MEMORANDUM OF EVIDENTIARY OBJECTIONS

Statement of General Facts Paragraph 24: No evidentiary objections.

Statement of General Facts Paragraph 25:

Ball Decl. Ex. 27 ¶ 8 is not authenticated.  Fed. R. Evid. 901.  In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2.  Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.

Atalay Decl. Ex. 6 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible.  Fed. R. Evid. 901.  Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021).  This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

Statement of Genuine Disputes of Material Fact Paragraph 26:

Ball Decl. Ex. 27 ¶ 8 is not authenticated.  Fed. R. Evid. 901.  In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2.  Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.

Atalay Decl. Ex. 6 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability. Yuga has not authenticated the "Wayback Machine" gathered evidence. Statement of Genuine Disputes of Material Fact Paragraph 27:

Ball Decl. Ex. 27 ¶ 8 is not authenticated. Fed. R. Evid. 901. In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R. Evid. 901.

Ball Decl. Ex. 39 at 37:23-38:6 where Mr. Cahen specifically states in response to the question, "What is the name of the token for the RR BAYC NFTs?" with "I would have to check the block explorer to explain to you. I believe it's Bored Ape Yacht Club" *Id.* at 37:23-38:2, should be excluded because of lack of personal knowledge. A party lacks personal knowledge if in answering they must speculate. *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009). Here Mr. Cahen's answers demonstrate that he is speculating with him stating that he "would need to check the block explorer" before answering. He then testified based on what he "believed" to be true, which is akin to a guess. *See Milton H. Greene*

-12-

1   *Archives v. CMG Worldwide, Inc.*, 2008 WL 11334030 at *15 (C.D. Cal. 2008)

2   (party's "understanding" insufficient to provide personal knowledge).

3        Ball Decl. Ex. 40 at 143:18-144:3 which states, "Q: The bottom right tracker

4   says Bored Ape Yacht Club. Do you sese that? A: Yes. Q: What does "Bored Ape

5   Yacht Club refer to? A: The name that's placed in the token tracker. Q: And the name

6   of this token tracker is Bored Ape Yacht Club? A: Correct" lacks foundation to show

7   what it is referencing and should be excluded.  On its face it is unclear what Mr.

8   Hickman is referring to and Exhibit 25 of the deposition is not included in the

9   deposition materials so the parties can understand what Mr. Hickman is referencing.

10       O'Laughlin Decl. Ex. 105 ¶ 14 which in relevant part states, "These meta-data

11  are publicly available on Etherscan, a platform that allows consumers to access

12  information within the Ethereum network, as well as other blockchain explorers,

13  which display the marks as a token tracker. Consumers may use the symbols and

14  labels associated with the token to verify its authenticity.  Regardless of whether a

15  consumer purchase an RR/BAYC NFT on Foundation, OpenSea, or elsewhere, I

16  understand that Etherscan and other blockchain explorers will display the collection

17  name as Bored Ape Yacht Club and the collection symbol as BAYC" is inadmissible

18  because the witness lacks personal knowledge of the facts asserted.  *See Smith v. Pac.*

19  *Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence

20  because witness's affidavit did not provide foundation for personal knowledge of fact

21  asserted).  Fed. R. Evid. 701.  Witness O'Laughlin lacks the personal knowledge to

22  attest to what Etherscan shows to consumers.  To the extent that Yuga asserts that Ms.

23  O'Laughlin is offering her etherscan testimony as an expert opinion, her opinions are

24  also inadmissible on the basis that she is unqualified to give opinions about NFTs and

25  the market for NFTs.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals,*

26

27

-13-

28

509 U.S. 579 (1993); Gosma Decl. Ex. 252 at 46:8-10 (explaining "survey expert" brings "methodological expertise").[1]

Statement of Genuine Disputes of Material Fact Paragraph 28:

Atalay Decl. Ex. 6 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible.  Fed. R. Evid. 901.  Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible.  *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021).  This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

Statement of Genuine Disputes of Material Fact Paragraph 29:

Ball Decl. 26 ¶ 7 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  Fed. R. Evid. 801, 802.  It contains facts as stipulated by non-party Thomas Lehman and Yuga to settle the dispute related to them.  Settlement documents from other cases constitute hearsay if they are admitted for the truth of the matter asserted.  *Liu v. Win Woo Trading, LLC*, 2016 WL 3231518 at *8 (N.D. Cal. 2016). Yuga enters the Southern District of New York order to prove the fact asserted, which is that Defendants registered or used the rrbayc.com domain name.  They are not asserting this for the fact that Mr. Lehman settled.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

---

[1] This is a citation to the rough transcript. Defendants took the deposition of Ms. O'Laughlin on March 22, and an official transcript has not yet been produced.

Case No. 2:22-cv-04355-JFW-JEM                                    MEMORANDUM OF EVIDENTIARY OBJECTIONS

Ball Decl. Ex. 27 ¶ 3 is not authenticated.  Fed. R. Evid. 901.  In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely."  Dkt. 159 at *2.  Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.

Statement of Genuine Disputes of Material Fact Paragraph 30:

Ball Decl. 26 ¶ 7 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802. It contains facts as stipulated by non-party Thomas Lehman and Yuga to settle the dispute related to them.  Settlement documents from other cases constitute hearsay if they are admitted for the truth of the matter asserted.  *Liu v. Win Woo Trading, LLC*, 2016 WL 3231518 at *8 (N.D. Cal. 2016).  Yuga enters the Southern District of New York order to prove the matter asserted, which is that Defendants registered or used the apemarket.com domain name.  They are not asserting this for the fact that Mr. Lehman settled. The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Ball Decl. Ex. 27 ¶ 3 is not authenticated.  Fed. R. Evid. 901.  In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely."  Dkt. 159 at *2.  Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.

Ball Decl. 40 at Deposition Ex. 64 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. This is an out of court conversation between two non-parties, Mr. Lehman and Mr. Hickman. Hearsay covers written assertions such as Discord chats. Fed. R. Evid. 801. This is clear hearsay because the statements of the non-parties in the chat are being used to prove the truth of the matter asserted, which is that Defendants registered and used the apemarket.com domain name. The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Statement of Genuine Disputes of Material Fact Paragraph 31:

Ball Decl. 27 ¶ 18 is not authenticated. Fed. R. Evid. 901. In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R. Evid. 901.

Atalay Decl. Ex. 9 is inadmissible for lack of authentication. Fed. R. Evid. 901. This exhibit lacks any evidence linking the to RR/BAYC and Mr. Atalay's declaration does not provide this link. Further, Mr. Atalay's foundation does not provide adequate information about how he found the website and what the website is.

Muniz Decl. Ex. 54 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL

<div align="center">-16-</div>

6536672 (C.D. Cal. 2021).   This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

Muniz Decl. Ex 59 is outside the personal knowledge of witness and has not been properly authenticated.  Fed. R. Evid. 701, 901. The only evidence about its origins is that it was posted on Twitter by a person with the username @Wssupdock. There is no evidence as to the date, or time of capture, or even @Wssupdock's real name.  Further, the Tweet this document is allegedly from is not produced anywhere. Printouts of web pages must be authenticated pursuant to Federal Rule of Evidence 901.  *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).  Without further indicia of reliability, a mere declaration that the website printout is what the proponent claims is insufficient.  *Estate of Konnell v. Allied Property and Casualty Ins. Co.*, 2014 WL 11072219 at *1-2 (D. Ore. 2014).  Gathered tweets from random, nameless people on the internet without more information about the person cannot serve as authentication of a document.

Muniz Decl. Ex 60 suffers from both authentication and hearsay issues.  First, it is hearsay because it relies on the truth of the matter asserted of a statement made by Twitter user @degenSpartan.  Yuga is relying on it for the fact that the Twitter user's snapshot is an accurate portrayal of the Foundation website.  This is a statement made for the truth of the matter asserted. Fed. R. Evid. 801.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Further, this screenshot is not authenticated.  Ms. Muniz cannot testify to what @degenSpartan saw or how he captured the screenshot.  How the contents that Yuga

MEMORANDUM OF EVIDENTIARY OBJECTIONS

relies on was generated is a mystery.  Web pages and their contents must be authenticated pursuant to Federal Rules of Evidence 901.  *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).  Without a statement from this nameless Twitter user discussing how he created the screenshot, Yuga fails to authenticate the underlying statement.

Statement of Genuine Disputes of Material Fact Paragraph 32:

Muniz Decl. Ex. 54 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible.  Fed. R. Evid. 901.  Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible.  *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021).  This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

Muniz Decl. Ex 59 is outside the personal knowledge of witness and has not been properly authenticated.  Fed. R. Evid. 701; Fed. R. Evid. 901.  The only evidence about its origins are that it was posted on Twitter by a person with the username @Wssupdock.  There is no evidence as to the date, or time of capture, or even @Wssupdock's real name.  Further, the Tweet this document is allegedly from is not produced anywhere. Printouts of web pages must be authenticated pursuant to Federal Rule of Evidence 901.  *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Without further indicia of reliability, a mere declaration that the website printout is what the proponent claims is insufficient.  *Estate of Konnell v. Allied Property and Casualty Ins. Co.*, 2014 WL 11072219 at *1-2 (D. Ore. 2014).  Gathered tweets from random, nameless people on the internet without more information about the person cannot serve as authentication of a document.

-18-

Muniz Decl. Ex 60 suffers is inadmissible hearsay evidence and is not properly authenticated. Fed. R. Evid. 801, 802, 901. First, it is hearsay because it relies on the truth of the matter asserted of a statement made by Twitter user @degenSpartan. Fed. R. Evid. 801, 802. Yuga is relying on it for the fact that the Twitter user's snapshot is an accurate portrayal of the Foundation website. This is a statement made for the truth of the matter asserted. Fed. R. Evid. 801. Beyond that, there are no indicia of reliability present nor has Yuga as its proponent made the foundation that this is non hearsay or within an exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Further, this screenshot is not authenticated. Fed. R. Evid. 901. Ms. Muniz cannot testify to what @degenSpartan saw or how he captured the screenshot. How the contents that Yuga relies on was generated is a mystery. Web pages and their contents must be authenticated pursuant to Federal Rules of Evidence 901. *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Without a statement from this nameless Twitter user discussing how he created the screenshot, Yuga fails to authenticate the underlying statement.

Statement of Genuine Disputes of Material Fact Paragraph 33:

Muniz Decl. Ex. 62 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability. Yuga has not authenticated the "Wayback Machine" gathered evidence.

Statement of Genuine Disputes of Material Fact Paragraph 34:

Case No. 2:22-cv-04355-JFW-JEM                                    MEMORANDUM OF EVIDENTIARY
                                                                                      OBJECTIONS

Muniz Decl. Ex. 63 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability. Yuga has not authenticated the "Wayback Machine" gathered evidence.

Statement of Genuine Disputes of Material Fact Paragraph 35: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 36: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 37:

Atalay Decl. Ex. 9 is inadmissible for lack of authentication. This exhibit lacks any evidence linking it to RR/BAYC and Mr. Atalay's declaration does not provide this link. Further, Mr. Atalay's foundation does not provide adequate information about how he found the website and what the website is.

Muniz Decl. Ex. 70 is inadmissible because it lacks proper authentication. Fed. R. Evid. 901. Printouts of web pages must be authenticated pursuant to Federal Rule of Evidence 901. *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Without further indicia of reliability, a mere declaration that the website printout is what the proponent claims is insufficient. *Estate of Konnell v. Allied Property and Casualty Ins. Co.*, 2014 WL 11072219 at *1-2 (D. Ore. 2014). This exhibit lacks the necessary urls, dates, declaration of how the website was found, or other indicia of reliability relied on by courts to determine the admissibility of websites.

Statement of Genuine Disputes of Material Fact Paragraph 38:

-20-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Muniz Decl. Ex. 74: is inadmissible because it lacks foundation to prove that Mr. Ripps said what is being attributed to him and that this was within Yuga's knowledge. Fed. R. Evid. 701. The alleged statement is a link to a website that is neither owned nor operated by Mr. Ripps. A document which lacks proper foundation is inadmissible at the summary judgment stage. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1989). At minimum, this requires an understanding of how this website creates domain names. It is equally possible that the website link at issue generates domain names without any input from artists. Without the foundation linking the speech to Mr. Ripps, this exhibit is inadmissible for the purposes for which Yuga is using it.

Statement of Genuine Disputes of Material Fact Paragraph 39:

Muniz Decl. Ex. 62("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability. Yuga has not authenticated the "Wayback Machine" gathered evidence.

Muniz Decl. Ex. 65 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents,

MEMORANDUM OF EVIDENTIARY
OBJECTIONS

1  this requires an explanation of how the archive works and some evidence of its

2  reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

3  <u>Statement of Genuine Disputes of Material Fact Paragraph 40</u>: No Evidentiary

4  objections.

5  <u>Statement of Genuine Disputes of Material Fact Paragraph 41</u>: No evidentiary

6  objections

7  <u>Statement of Genuine Disputes of Material Fact Paragraph 42</u>:

8      Ball Decl. Ex. 27 ¶ 15 is not authenticated.  Fed. R. Evid. 901.  In fact, this

9  Court recently granted Defendants discovery into materials related to this declaration

10  "to explore whether the Declaration was coerced or was a condition of settlement as

11  seems likely." Dkt. 159 at *2.  Because it is likely the product of coercion, the

12  Lehman declaration is not authenticated because Yuga has not proven that it truly

13  represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R.

14  Evid. 901.

15      Beyond that, this paragraph is hearsay to which no exception applies because it

16  mentions "when we discussed cutting Yuga to 0" and then explained what the parties

17  to the conversation meant within the conversation.  Fed. R. Evid. 801, 802.  This is

18  used to prove the matter asserted, which is that Defendants meant to "cut Yuga to 0."

19  The proponent of hearsay evidence bears the burden to prove that the hearsay falls

20  within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305

21  F.3d 924, 934 (9th Cir. 2002).  Yuga has not shown the applicability of any exception

22  to the hearsay rule.

23      Ball Decl. Ex. 40 at 207:23-212:7 is inadmissible as containing hearsay

24  evidence.  Fed. R. Evid. 801, 802.  Yuga is using the statements of non-party Ryan

25  Hickman to prove the underlying matter asserted, which is that Defendants were

26  developing an NFT marketplace. To do so, they used text messages between Mr.

27

28

-22-

Lehman and Mr. Hickman, which "Q: So I first want direct your attention to a 6th of June message from Mr. Lehman on the second page. A: Yes. Q: Towards the bottom, at 12:35 p.m. he says, 'How do you want to handle the next phase of Ape Market? I want to help work on it, but I don't have the code of course.' Do you see that? A: Yes. Q: So as of the 6th of June, from a coding perspective you were still the primary person responsible for putting it together? *See* 207:23-208:10. Hickman does not answer this question except to mention that they were "discussing different strategies" regarding a marketplace. *See* 210:5-9. Because this part of the deposition relies on the underlying messages to prove the fact asserted, it is impermissible hearsay. The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

<u>Statement of Genuine Disputes of Material Fact Paragraph 43</u>: No evidentiary objections

<u>Statement of Genuine Disputes of Material Fact Paragraph 44</u>:

Ball Decl. Ex. 27 ¶ 13 is not authenticated. Fed. R. Evid. 901. In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R. Evid. 901.

<u>Statement of Genuine Disputes of Material Fact Paragraph 45</u>:

Ball Decl. Ex. 27 ¶ 13 is not authenticated. Fed. R. Evid. 901. In fact, this Court recently granted Defendants discovery into materials related to this declaration

-23-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

"to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R. Evid. 901.

Statement of Genuine Disputes of Material Fact Paragraph 46: No Evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 47:

O'Laughlin Decl. ¶ 4. which in relevant part states, "There is a meaningful likelihood of confusion for consumers who saw the BAYC marks used in connection with the at-issue RR/BAYC NFT collection on Foundation marketplace" is inadmissible because the witness lacks personal knowledge of the facts asserted. *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted). Fed. R. Evid. 701. O'Laughlin asserts the fact that there is confusion, but does not provide any reason to believe this is in her personal knowledge. To the extent that Yuga asserts that Ms. O'Laughlin is offering her likelihood of confusion testimony as an expert opinion, her opinions are also inadmissible on the basis that she is unqualified to give opinions about NFTs, the market for NFTs, and the possibility of confusion in the market. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); Gosma Decl. Ex. 252 at 46:8-10 (explaining "survey expert" brings "methodological expertise"). Further, her Eveready survey that serves as the basis of this statement suffers from critical design failures which render it scientifically suspect, including but not limited to a fatally flawed panel design which does not reflect the NFT market.

Statement of Genuine Disputes of Material Fact Paragraph 48:

-24-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

O'Laughlin Decl. ¶ 5.  which in relevant part states, "There is a meaningful likelihood of confusion for consumers who saw the BAYC marks used in connection with the at-issue RR/BAYC NFT collection on the OpenSea marketplace" is inadmissible because the witness lacks personal knowledge of the facts asserted.  *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted).  Fed. R. Evid. 701.  O'Laughlin asserts the fact that there is confusion but does not provide any reason to believe this is in her personal knowledge.  To the extent that Yuga asserts that Ms. O'Laughlin is offering her likelihood of confusion testimony as an expert opinion, her opinions are also inadmissible on the basis that she is unqualified to give opinions about NFTs, the market for NFTs, and the possibility of fonfusion in the market.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); Gosma Decl. Ex. 252 at 46:8-10 (explaining "survey expert" brings "methodological expertise").  Further, her Squirt survey that serves as the basis of this statement suffers from critical design failures which render it scientifically suspect, including but not limited to a fatally flawed panel design which does not reflect the NFT market.

Statement of Genuine Disputes of Material Fact Paragraph 49:

Muniz Decl. Exhibit 85 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  It is being entered for the truth of the matter asserted, which is that Defendants' NFT collection was called Bored Ape Yacht Club V3 and that caused confusion for Bloomberg.  As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).  Yuga has not shown the applicability of any exception to the hearsay rule.

-25-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

To the extent this is not hearsay evidence, it violates the rule of completeness because the screenshot alone is misleading without the actual video providing context. Fed. R. Evid. 106. The screenshot does not capture the actual statements made by the Bloomberg news anchors which do not reference the screen at all except to talk about the general volume of NFT trading without reference to "BAYC v3". Using the screenshot alone gives the misimpression that the specific NFT collections on the list were the main purpose and discussion point by the anchors. This misleading impression is belied by the fact that the words "Bored Ape Yacht Club Version 3" or any variant are never said by any of the Bloomberg anchors during this or any other news piece.

Muniz Decl. Ex. 86 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. Fed. R. Evid. 801, 802. It is a statement from an unknown person admitted for the fact that this unknown person saying that Bloomberg called the RR/BAYC collection "Bored Ape Yacht Club V3." The statement of this unknown Discord user is hearsay because it is admitted for the underlying truth that Bloomberg made the statement the unknown user claims it did. As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Beyond that, this statement lacks any indicia of credibility as a statement made by an anonymous source.

Muniz Decl. Ex. 87 fails to show that the statement is within the speaker's personal knowledge. Fed. R. 701. The identity of the person making the Tweet is not established, and therefore any basis for this person's knowledge is merely speculative. Statement of Genuine Disputes of Material Fact Paragraph 50:

Muniz Decl. Ex. 88 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. Yuga seeks to assert this Tweet, an out of court statement, for the

-26-

MEMORANDUM OF EVIDENTIARY
OBJECTIONS

truth of the matter asserted which is that Defendants are two of the most influential accounts that tweet about BAYC.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Statement of Genuine Disputes of Material Fact Paragraph 51:

Muniz Decl. Ex. 89 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  There are several statements from various speakers admitted for the truth of the matter asserted including, "damn I could have afforded this," "What a gold ape sold for 6eth must be a glitch!" and "Oh no, did a someone just fat fingers a gold ape for 5.99 ETH?!".   Fed. R. Evid. 801, 802.  These statements are being used to demonstrate that users believed that this was a BAYC ape and that it was an affordable Ape.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Muniz Decl. Ex. 90 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  This tweet is clearly an out of court statement.  Further, it is being admitted to show the truth of the matter asserted which is that a "gold ape" selling for 6eth "must be a glitch!" The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Muniz Decl. Ex. 91: contains inadmissible hearsay from Twitter user "@NFTBuffet" claiming "damn I could have afforded this."  Fed. R. Evid. 801, 802.  This is clearly an out of court statement.  It is being admitted to show the truth of the

MEMORANDUM OF EVIDENTIARY OBJECTIONS

matter asserted which is that this user believes he could have afforded this "Ape." The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Muniz Decl. Ex. 92: contains inadmissible hearsay from Twitter user @Farokh stating that somebody had "fat fingers" a "gold ape." Fed. R. Evid. 801, 802. This statement is clearly an out of court statement, made to show the truth of the matter asserted which is a belief that a BAYC NFT sold for 5.99 ETH. The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Statement of Genuine Disputes of Material Fact Paragraph 52:

Muniz Decl. Ex. 93 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. This is a statement from a Twitter user with 16 followers only known as "Tom." The statement is clearly out of court. It is also admitted for the truth of the matter asserted which is that Tom is actually confused by Ryder's profile picture. As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Beyond that, Yuga fails to make the necessary foundation to authenticate this Tweet. Fed. R. Evid. 901. At the very least, information leading to the conclusion that Tom is an actual person who was confused by Ryder's profile picture is necessary to introduce his statements into evidence. Otherwise, it is purely speculative that this Tweet is "what the proponent claims it is." Fed. R. Evid. 901(a).

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Statement of Genuine Disputes of Material Fact Paragraph 53:

Muniz Decl. Ex. 95 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  This Tweet is clearly an out of court statement made by a Twitter user.  This is admitted for the following truths asserted: (1) that the user was confused; (2) that although the NFT pictured says "bored ape" the NFT is not "real."  As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).  Yuga has not shown the applicability of any exception to the hearsay rule.

Statement of Genuine Disputes of Material Fact Paragraph 54:

Muniz Decl. Ex. 96 contains inadmissible hearsay in the form of a Tweet from Twitter user @streetoshi stating that "i bought an rr bayc because i thought it was made by yuga." Fed. R. Evid. 801, 802.  This is an out of court statement made by this Twitter user being introduced for the truth of the matter asserted which is that this Twitter user actually bought the rrbayc because he believed it was made from Yuga. The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Beyond that, Yuga fails to make the necessary foundation to authenticate this Tweet. Fed. R. Evid. 901. At the very least, information leading to the conclusion that @streetoshi is an actual person who considered purchasing an RR/BAYC because it was made by Yuga is necessary to introduce his statements into evidence.  Otherwise, it is purely speculative that this Tweet is "what the proponent claims it is."  Fed. R. Evid. 901(a).

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Further, this Tweet is inadmissible to the extent it is not hearsay because without greater context, it is unduly misleading pursuant to Fed. R. Evid. 106. A quick glance at this user's Twitter account demonstrates biting, sarcastic, anti-NFT and anti-Yuga statements made in connection with Apefest. Without this context, the Tweet is inherently misleading because the content demonstrates that this user would almost certainly never buy a product from Yuga

Statement of Genuine Disputes of Material Fact Paragraph 56:

Muniz Decl. Ex. 98 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. The exhibit is the statement of Twitter user @SachDana that he is an "RR/BAYC holder" is admitted for the truth of the matter asserted which is that this Twitter user is an "RR/BAYC holder." As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has provided no reason why this is not inadmissible hearsay.

Beyond that, Yuga fails to make the necessary foundation for this Tweet. Fed. R. Evid. 901. At the very least, information leading to the conclusion that @SachDana is an actual person who holds RR/BAYC NFTs is necessary to introduce his statements into evidence. Otherwise, it is purely speculative that this Tweet is "what the proponent claims it is." Fed. R. Evid. 901(a).

Statement of Genuine Disputes of Material Fact Paragraph 57:

Ball Decl. Ex. 40 at 150: 3-6, which states, "Q: What is Exhibit 28 an image of? A: This is the Foundation Website. Q: For what? A: Looks to be the Bored ape Yacht Club" is inadmissible under the Rule of Completion. Fed. R. Evid. 106. Yuga takes only one portion of his answer, whereas the rest of the answer provides necessary context without which admission is fundamentally unfair. Specifically, it omits the following, "No, this is the—this is the—it looks like it's Ryder's page. Yeah. This is

-30-

MEMORANDUM OF EVIDENTIARY
OBJECTIONS

the Foundation of Ryder's—the beginning of cannot copy an NFT."  Decl. Ex. 40 at
150: 7-10.  Beyond immediately clarifying that he could identify the page as Ryder's,
Mr. Hickman provided several reasons for why he believed it to be Ryder's page
including the lack of volume.  *Id.* at 150: 19.  Without Hickman's full statement, Yuga
is creating the misimpression of genuine confusion.

Statement of Genuine Disputes of Material Fact Paragraph 58:

     Ball Decl. Ex. 27 ¶ 25 is not authenticated.  Fed. R. Evid. 901.  In fact, this
Court recently granted Defendants discovery into materials related to this declaration
"to explore whether the Declaration was coerced or was a condition of settlement as
seems likely."  Dkt. 159 at *2.  Because it is likely the product of coercion, the
Lehman declaration is not authenticated because Yuga has not proven that it truly
represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R.
Evid. 901.

     Ball Decl. Ex. 33 (text message chain) is inadmissible hearsay and no exception
applies.  Fed. R. Evid. 801, 802.  Out of court text messages are covered by the
hearsay rule.  Fed. R. Evid. 801; *United States v. Vo*, 766 F. App'x 547, 549 (9th Cir.
2019).  Here, the text message chain at issue is being used to assert the underlying
truth that people on Foundation were buying RR/BAYC thinking that they were
BAYC.  This is classic hearsay because the declaration is an out of court statement
that Yuga is admitting it for its factual truth.  Fed. R. Evid. 801.  As the proponent of
hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a
hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d
924, 934 (9th Cir. 2002).  Yuga provided no reasons why a hearsay exception applies
or that Lehman's declaration is non-hearsay.

Statement of Genuine Disputes of Material Fact Paragraph 59:

Case No. 2:22-cv-04355-JFW-JEM                             MEMORANDUM OF EVIDENTIARY
OBJECTIONS

Ball Decl. Ex. 33 is a text message chain between Mr. Lehman and an undisclosed third party and is inadmissible as hearsay. Fed. R. Evid. 801, 802. Out of court text messages are covered by the hearsay rule. Fed. R. Evid. 801; *United States v. Vo*, 766 F. App'x 547, 549 (9th Cir. 2019). Here, the text message by an unidentified third party is being used to assert the underlying truth that people "will buy thinking they are originals!" This is classic hearsay because the declaration is an out of court statement that Yuga is admitting it for its factual truth. Fed. R. Evid. 801. As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga provided no reasons why a hearsay exception applies or that Lehman's declaration is non-hearsay. Notably, none of the indicia of reliability needed to admit hearsay is present either because the declarant of this statement is left unidentified preventing Defendants from assessing whether the speaker has bias against them.

Statement of Genuine Disputes of Material Fact Paragraph 60:

Ball Decl. Ex. 27 ¶ 21 is not authenticated. Fed. R. Evid. 901. In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R. Evid. 901.

Ball Decl. Ex. 28 at RIPPSCAHEN_0002561 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. This contains a Discord chat, which is an out of court statement. It is being admitted for the truth of the matter asserted, which is that the collection was allegedly confusing. This is classic hearsay because the

declaration is an out of court statement that Yuga is admitting it for its factual truth. Fed. R. Evid. 801.  As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir 2002).  Yuga provided no reasons why a hearsay exception applies or that Lehman's declaration is non-hearsay.

Statement of Genuine Disputes of Material Fact Paragraph 61:

Ball Decl. Ex. 32 (Lehman texts) is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  Out of court text messages are covered by the hearsay rule, even if they involve one of the parties to a suit.  Fed. R. Evid. 801, *United States v. Vo*, 766 F. App'x 547, 549 (9th Cir. 2019).  This out of court statement by Mr. Lehman is being used to prove that a normal person could be confused by the closeness of the logos which relies on the statement being true. This is classic hearsay because the declaration is an out of court statement that Yuga is admitting it for its factual truth.  Fed. R. Evid. 801.  As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).  Yuga provided no reasons why a hearsay exception applies or that Lehman's declaration is non-hearsay.

Statement of Genuine Disputes of Material Fact Paragraph 62: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 63: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 64:

Kindler Decl. ¶ 27 which in relevant part states, "Academic research suggests that it is challenging for most consumers to establish provenance for NFTs" is inadmissible because the witness lacks personal knowledge of the facts asserted.  *See*

-33-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

*Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted).  Fed. R. Evid. 701.  Ms. Kindler asserts the fact that "academic research suggests" that establishing provenance is difficult for consumers.  On its face, this shows that it is not within her personal knowledge.  Fed. R. Evid. 701.  To the extent that Yuga asserts that Ms. Kindler is offering her testimony about the difficulty for consumers to establish provenance for NFTs as an expert opinion, her opinions are also inadmissible on the basis that she is unqualified to give opinions about NFTs, the market for NFTs, and the possibility of confusion in the market.  Fed. R. Evid. 702; Gosma Decl. Ex. 253 at 47:01-48:09; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Berger Decl. ¶¶ 23, 34 which state in relevant part, "The literature supports the notion that authenticating NFTs is difficult."¶23 and "It appears that this type of NFT collection—with identical images and similar (and sometimes identical) naming—was consistent with patterns of general abuses in the NFT market, as shown by Das et al. (2022). Such prevalence of counterfeit NFTs in the secondary market make it more difficult for even sophisticated purchasers to know with certainty that the NFTs they are purchasing are authentic" are inadmissible because the witness lacks personal knowledge of the facts asserted.  *See Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted) Fed. R. Evid. 701.  In fact, by citing to authority, Mr. Berger admits as much and that his notion that establishing provenance for NFTs is difficult is not within his personal knowledge.  To the extent that Yuga asserts that Mr. Berger is offering his difficulty to establish provenance testimony as an expert opinion, his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs and the market for NFTs.

-34-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Gosma Decl. Ex. 255 at 28:20-29:1, 82:3-13, 128:15-18; Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 65: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 66:

Bell Decl. Ex. 28 at RIPPSCAHEN00002561 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. Nowhere does Mr. Cahen reply "Yeah" to any statement about confusion. *See* Ball. Decl. Ex. 28. In fact, the word "Yeah" is not said by Mr. Cahen at all during that conversation. To the extent this relies solely on the statements of non-party Mr. Lehman, it is inadmissible hearsay because it is not a party admission. Fed. R. Evid. 801, 803. This contains a Discord chat, which is an out of court statement. It is being admitted for the truth of the matter asserted, which is that the collection was allegedly confusing to the "average Joe." This is classic hearsay because the declaration is an out of court statement that Yuga is admitting it for its factual truth. Fed. R. Evid. 801. As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga provided no reasons why a hearsay exception applies or that Lehman's declaration is non-hearsay.

Ball Decl. Ex. 39 at 330:3-12 is the only way that the word "Yeah" featured from the above objection comes into focus, which states, "Q: And its says here that you should—Mr Lehman said, 'My only vibe from last night is that we should not underestimate how confusion.' A: Which line is that? Oh I see here. Yeah. I see what it says. It's unclear what that means. Q: And you say 'Yeah' A: Yeah, I said 'Yeah'". This is unduly confusing pursuant to Federal Rule of Evidence 106 and should not be admitted without its full context. After saying the word "Yeah" in the actual

-35-

MEMORANDUM OF EVIDENTIARY
                                                                                      OBJECTIONS

exchange referenced by the deposition testimony, Mr. Cahen discusses how the important part of the issue is that it is an "artistic statement" and that the RRBAYC is "truly very important conceptual art." Without this context, the word "yeah" as said by Mr. Cahen within a much larger conversation is grossly misleading and inadmissible under the rule of completion. Fed. R. Evid. 106.

Statement of Genuine Disputes of Material Fact Paragraph 67:

Bell Decl. Ex. 28 (Discord Chat) at RIPPSCAHEN00002665 is inadmissible hearsay and no exception applies. Fed. R. Evid. 801, 802. This exhibit contains a Discord chat, which is an out of court statement. It is being admitted for the truth of the matter asserted, which is that "people will not read the contract." This is classic hearsay because the declaration is an out of court statement that Yuga is admitting it for its factual truth. Fed. R. Evid. 801. As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga provided no reasons why a hearsay exception applies or that Lehman's declaration is non-hearsay.

Beyond that, to the extent that it is not hearsay, the statement is purely speculative and outside the witness's knowledge. Fed. R. Evid. 701. Speculative evidence, such as guessing whether people would do something in the future, is generally not admissible because it is not based on the witness's personal knowledge. *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1268 (N.D. Ala. 2011). Mr. Lehman has no basis for his belief that nobody would read the contracts beyond a guess.

Statement of Genuine Disputes of Material Fact Paragraph 68:

Ball Decl. Ex. 27 ¶ 25 is not authenticated. Fed. R. Evid. 901. In fact, this Court recently granted Defendants discovery into materials related to this declaration

-36-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

"to explore whether the Declaration was coerced or was a condition of settlement as
seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the
Lehman declaration is not authenticated because Yuga has not proven that it truly
represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R.
Evid. 901.

Ball Decl. Ex. 37 at ¶ 27 is inadmissible because Yuga grossly mischaracterizes
the statement of the RFA. The response says, "Mr. Cahen cannot admit or deny what
other people can or cannot do on other marketplaces." This cannot support the
assertion that only rrbayc.com carried the disclaimer.

Statement of Genuine Disputes of Material Fact Paragraph 69:

Ball Decl. Ex. 27 ¶ 18 is not authenticated. Fed. R. Evid. 901. In fact, this
Court recently granted Defendants discovery into materials related to this declaration
"to explore whether the Declaration was coerced or was a condition of settlement as
seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the
Lehman declaration is not authenticated because Yuga has not proven that it truly
represents the thoughts and words of Mr. Lehman and not Yuga's attorneys. Fed. R.
Evid. 901.

Statement of Genuine Disputes of Material Fact Paragraph 70: No evidentiary
objections

Statement of Genuine Disputes of Material Fact Paragraph 71:

Ball Decl. Ex. 27 ¶¶ 21-25 is not authenticated. Fed. R. Evid. 901. In fact, this
Court recently granted Defendants discovery into materials related to this declaration
"to explore whether the Declaration was coerced or was a condition of settlement as
seems likely." Dkt. 159 at *2. Because it is likely the product of coercion, the
Lehman declaration is not authenticated because Yuga has not proven that it truly

-37-

represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.

Statement of Genuine Disputes of Material Fact Paragraph 72:

Ball Decl. 40 Deposition Ex. 64 is inadmissible hearsay and no exception applies.  Fed. R. Evid. 801, 802.  It is being offered to prove that the design of "Ape Market" will be ultra min and that the design of "real bayc is ultra min."  This qualifies it as an out of court statement admitted for the truth of the matter asserted.  The proponent of hearsay evidence bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002). Yuga has not shown the applicability of any exception to the hearsay rule.

Statement of Genuine Disputes of Material Fact Paragraph 73:

Ball Decl. Ex. 27 ¶¶ 9-12 is not authenticated.  Fed. R. Evid. 901.  In fact, this Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely."  Dkt. 159 at *2.  Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.  To the extent it purports to know Defendants' inner thought processes, Lehman's statements are outside his personal knowledge and should be not admitted on that ground as well.  Fed. R. 701.

Statement of Genuine Disputes of Material Fact Paragraph 74: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 75:

Defendants object to Ball Decl. Ex. 27 ¶ 16 as lacking authentication.  Fed. R. Evid. 901. First, Defendants note that the asserted statement is in Ball Decl. Ex. 27

-38-

¶16 not 15.  Court recently granted Defendants discovery into materials related to this declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely."  Dkt. 159 at *2.  Because it is likely the product of coercion, the Lehman declaration is not authenticated because Yuga has not proven that it truly represents the thoughts and words of Mr. Lehman and not Yuga's attorneys.  Fed. R. Evid. 901.

Ball Decl. Ex. 40 at Deposition Exhibit 58 is inadmissible hearsay.  Fed. R. Evid. 801, 802.  Hearsay covers written assertions such as Discord chats.  Fed. R. 801.  This is clear hearsay because the statements of the non-parties in the chat are being used to prove the truth of the matter asserted, which is that Defendants caused millions of dollars in damage to Yuga.  As the proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a hearsay exception.  *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).  Yuga provides no support that this should not be excluded as hearsay.

Beyond that, Yuga has failed to lay a foundation for Mr. Hickman's knowledge and ability to make assessments of how much money this is causing Yuga.  Fed. R. Evid. 701.  As a result, it is purely speculative evidence and should be excluded as such.  Lastly, to the extent it is admissible, Yuga only presents an unduly misleading portion of the conversation, and it should be excluded pursuant to Federal Rule of Evidence 106.

Statement of Genuine Disputes of Material Fact Paragraph 76:

Berger Decl. ¶¶ 35-39 which state in relevant part, "the findings of the literature and examples of documented brand confusion described above provide qualitative evidence that the introduction of RR/BAYC NFTs harmed BAYC brand equity,"¶ 35, "Using Twitter data obtained from BrandWatch, I examined attitudes towards the BAYC brand right before the release of the RR/BAYC NFTs….I find that around the

time Defendants' initial minting of RR/BAYC NFTs and again during the accelerated minting in June 2022, the proportion of tweets with text associated with the BAYC brand that also include references to Mr. Ripps or RR/BAYC NFTs increased notably." ¶ 36 "Taken together, these facts suggest that consumer sentiment toward the BAYC brand became less positive and more negative following the minting and sales of RR/BAYC NFTs," ¶ 37, and "Consistent with the findings of the literature, BAYC's brand value appears to be harmed by the minting and sales of RR/BAYC NFTs" are inadmissible because the witness lacks personal knowledge of the facts asserted.  *See* *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88 (E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted) Fed. R. Evid. 701.  In fact, by citing to authority, and survey data, Mr. Berger admits that the basis of his statement is from sources besides his own senses.  To the extent that Yuga asserts that Mr. Berger is offering brand equity testimony as an expert opinion, his opinions are also inadmissible on the basis that he is unqualified to give opinions about NFTs, the market for NFTs, and complicated issues of brand value surrounding NFT collections.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 77:

Kindler Decl. ¶¶ 14-18 which in relevant part states, "The confusion caused damage to Yuga Lab's business. Evidence of this may manifest in multiple ways, including decreased interest in and sales of authentic BAYC NFTs and BAYC branded merchandise, resulting in loss of creator fees and other revenues for Yuga Labs," ¶ 16, and "Testimony from Yuga Labs' CEO indicates that the wrongful conduct likely resulted in Yuga Labs' loss of a least one valuable partnership opportunity" ¶ 17 are inadmissible because the witness lacks personal knowledge of the facts asserted.  *See* *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087-88

-40-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

(E.D. Cal. 2009) (rejecting evidence because witness's affidavit did not provide foundation for personal knowledge of fact asserted).  Fed. R. Evid. 701.  Ms. Kindler in fact uses Ms. Muniz's testimony as the basis for her fact, rendering this hearsay without an exception as well.  Fed. R. Evid. 801, 802.  On its face, this shows that it is not within her personal knowledge, and is perhaps only in Ms. Muniz's personal knowledge.  Fed. R. Evid. 701. To the extent that Yuga asserts that Ms. Kindler is offering her testimony about brand harm as an expert opinion, her opinions are also inadmissible on the basis that she is unqualified to give opinions about NFTs, the market for NFTs, and the possibility of confusion in the market.  Gosma Decl. Ex. 253 at 47:01-48:09; Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Statement of Genuine Disputes of Material Fact Paragraph 78: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 79: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 80: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 81: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 82: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 83: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 84: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 85: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 86: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 87: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 88:

Muniz Decl. Ex. 54 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901. Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible. *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021). This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3. For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability. Yuga has not authenticated the "Wayback Machine" gathered evidence.

Statement of Genuine Disputes of Material Fact Paragraph 89: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 90: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 91: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 92: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 93: No evidentiary objections.

Statement of Genuine Disputes of Material Fact Paragraph 94:

-42-

Muniz Decl. Ex. 54 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible.  Fed. R. Evid. 901.  Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible.  *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021).  This requires a witness knowledgeable about the website to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents, this requires an explanation of how the archive works and some evidence of its reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

Muniz Decl. Ex 59 is outside the personal knowledge of witness and has not been properly authenticated.  Fed. R. Evid. 701, Fed. R. Evid. 902. The only evidence about its origins are that it was posted on Twitter by a person with the username @Wssupdock.  There is no evidence as to the date, or time of capture, or even @Wssupdock's real name.  Further, the Tweet this document is allegedly from is not produced anywhere. Printouts of web pages must be authenticated pursuant to Federal Rule of Evidence 901.  *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Without further indicia of reliability, a mere declaration that the website printout is what the proponent claims is insufficient.  *Estate of Konnell v. Allied Property and Casualty Ins. Co.*, 2014 WL 11072219 at *1-2 (D. Ore. 2014).  Gathered tweets from random, nameless people on the internet without more information about the person cannot serve as authentication of a document.

Statement of Genuine Disputes of Material Fact Paragraph 95:

Solano Decl. Ex. 16 ("Wayback Machine" generated website) is not properly authenticated and therefore inadmissible.  Fed. R. Evid. 901.  Documents produced by internet archives such as the "Wayback Machine" must be properly authenticated to be admissible.  *Hansen Cold Storage Construction v. Cold Sys. Inc.*, 2021 WL 6536672 (C.D. Cal. 2021).  This requires a witness knowledgeable about the website

-43-

MEMORANDUM OF EVIDENTIARY OBJECTIONS

1    to testify to its accuracy and contents. *Id.* at *3.  For "Wayback Machine" documents,

2    this requires an explanation of how the archive works and some evidence of its

3    reliability.   Yuga has not authenticated the "Wayback Machine" gathered evidence.

4    Statement of Genuine Disputes of Material Fact Paragraph 96:

5        Solano Decl. ¶ 2 is inadmissible hearsay. Fed. R. Evid. 801, 802.  Written

6    declarations can be hearsay. *Current v. Perry*, 178 F. App'x 686, 687 (9th Cir. 2006).

7    Yuga is using the declaration of Mr. Solano to prove the matter asserted which is that

8    believes it owns the Ape Skull.  This is classic hearsay because the declaration is an

9    out of court statement and Yuga is admitting it for its truth.  Fed. R. Evid. 801.  As the

10    proponent of hearsay evidence, Yuga bears the burden to prove that the hearsay falls

11    within a hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305

12    F.3d 924, 934 (9th Cir. 2002).  Yuga provided no reasons why a hearsay exception

13    applies or that this declaration is non-hearsay.

14        Ball Decl. Ex. 35 at Interrogatory 1 is inadmissible hearsay and no exception

15    applies.  A party's "own interrogatory responses do not constitute admissible evidence

16    but are hearsay." *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D.

17    Cal. 2008) (refusing to rely on party's own interrogatory responses at summary

18    judgment stage); *Duff v. Lodell-Emery Manufacturing Co.*, 926 F. Supp. 799, 803

19    (N.D. Ind. 1996) (same).  Yuga has not shown the applicability of any exception to the

20    hearsay rule.  Fed. R. Evid. 801, 802; *Los Angeles News Service v. CBS Broadcasting,*

21    *Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

22    Statement of Genuine Disputes of Material Fact Paragraph 97:

23    Likewise, Williams Decl. Ex. 2 contains inadmissible hearsay.  Fed. R. Evid. 801,

24    802. Summary charts can be inadmissible hearsay when used to prove the truth of the

25    matter asserted.  *See Siqueiros v. General Motors LLC*, 2022 WL 3974752 at *8 (N.D.

26    Cal. 2022).  Here this summary chart is submitted for the matter asserted in the chart,

27

28

-44-

MEMORANDUM OF EVIDENTIARY
OBJECTIONS

which is a summary of takedown notices according to Yuga. As the proponent of

hearsay evidence, Yuga bears the burden to prove that the hearsay falls within a

hearsay exception. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d

924, 934 (9th Cir. 2002). Yuga provided no reasons why a hearsay exception applies

or that this declaration is non-hearsay.

Statement of Genuine Disputes of Material Fact Paragraph 98: No evidentiary

objections.

Statement of Genuine Disputes of Material Fact Paragraph 99: No evidentiary

objections.

Statement of Genuine Disputes of Material Fact Paragraph 100: No evidentiary

objections.

Statement of Genuine Disputes of Material Fact Paragraph 101: No evidentiary

objections.

Statement of Genuine Disputes of Material Fact Paragraph 102:

        Ball Decl. Ex. 45: Defendants' tweets about Mr. Ball and Fenwick and West are

irrelevant to this dispute, and only relevant evidence can be considered. Fed. R.

Evidence 401, 402. Even if these Tweets—which contain a mixture of basic criticism

about Fenwick and West's involvement with the FTX scandal and criticism of their

attorneys—were relevant they are of such small relevance that they should be

excluded pursuant to Federal Rule of Evidence 403 because the potential to confuse

the issues or inflame the jury far outweighs any possible relevant value. Fed. R. Evid.

403. This is especially true because "one man's vulgarity is another's lyric". *Cohen*

*v. California*, 403 U.S. 15, 25 (1971).

        To the extent that these Tweets are relevant and otherwise admissible, they are

inadmissible under the Rule of Completion. Fed. R. Evid. 106. These tweets do not

MEMORANDUM OF EVIDENTIARY
                                                                    OBJECTIONS

show the full context of the Tweets including replies and surrounding parts of the
conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 103:

Ball Decl. Ex. 45. Defendants' tweets about Mr. Ball and Fenwick and West are
irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid.
401, 402.  Even if these Tweets—which contain a mixture of basic criticism about
Fenwick and West's involvement with the FTX scandal and criticism of their
attorneys—were relevant they are of such small relevance that they should be
excluded pursuant to Federal Rule of Evidence 403 because the potential to confuse
the issues or inflame the jury far outweighs any possible relevant value. Fed. R. Evid.
403. This is especially true because "one man's vulgarity is another's lyric". *Cohen v.*
*California*, 403 U.S. 15, 25 (1971).

To the extent that these Tweets are relevant and otherwise admissible, they are
inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not
show the full context of the Tweets including replies and surrounding parts of the
conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 104:

Ball Decl. Ex. 45 Defendants' tweets about Mr. Ball and Fenwick and West are
irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid.
401, 402.  Even if this Tweet is relevant, it is of such small relevance that it should be
excluded pursuant to Federal Rule of Evidence 403 because the potential to confuse
the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid.
403.  This is especially true because "one man's vulgarity is another's lyric". *Cohen*
*v. California*, 403 U.S. 15, 25 (1971).

To the extent that this Tweet is relevant, it is inadmissible under the Rule of
Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the

MEMORANDUM OF EVIDENTIARY
OBJECTIONS

Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 106:

Ball Decl. Ex. 45: Defendants' tweets about Mr. Ball and Fenwick and West are irrelevant to this dispute, and only relevant evidence can be considered. Fed. R. Evid. 401, 402. Even if these Tweets—which contain a mixture of basic criticism about Fenwick and West's involvement with the FTX scandal and criticism of their attorneys—were relevant they are of such small relevance that they should be excluded pursuant to Federal Rule of Evidence because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value. Fed. R. Evid. 403. This is especially true because "one man's vulgarity is another's lyric". *Cohen v. California*, 403 U.S. 15, 25 (1971).

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion. Fed. R. Evid. 106. These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 107:

Ball Decl. Ex. 45: Defendants' tweets about Mr. Ball and Fenwick and West are irrelevant to this dispute, and only relevant evidence can be considered. Fed. R. Evid. 401, 402. Even if these Tweets—which contain a mixture of basic criticism about Fenwick and West's involvement with the FTX scandal and criticism of their attorneys—were relevant they are of such small relevance that they should be excluded pursuant to Federal Rule of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value. Fed. R. Evid. 403. This is especially true because "one man's vulgarity is another's lyric". *Cohen v. California*, 403 U.S. 15, 25 (1971).

MEMORANDUM OF EVIDENTIARY
OBJECTIONS

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 108:

Ball Decl. Ex. 44: Defendants' tweets about Yuga Labs as a company are irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid. 401, 402.  Even if this Tweet, which contains basic criticism of Yuga Labs as a company and its ethics is relevant it is of such small relevance that it should be excluded pursuant to Federal Rules of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid. 403

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 109:

Ball Decl. Ex. 44: Defendants' tweets about Yuga Labs as a company are irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid. 401, 402.  Even if this Tweet, which contains basic criticism of Yuga Labs as a company and its ethics is relevant it is of such small relevance that it should be excluded pursuant to Federal Rules of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid. 403.

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the

Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 114:

Ball Decl. Ex. 44: Defendants' tweets about Yuga Labs as a company are irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid. 401, 402.  Even if this Tweet, which contains basic criticism of Yuga Labs' co-founders and their ethics is relevant, it is of such small relevance that it should be excluded pursuant to Federal Rules of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid. 403.

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 119:

Ball Decl. Ex. 44: Defendants' tweets about Yuga Labs as a company are irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid. 401, 402.  Even if this Tweet, which contains a common meme used to criticize adversaries, is relevant it is of such small relevance that it should be excluded pursuant to Federal Rules of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid. 403.

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 120:

-49-

Ball Decl. Ex. 44: Defendants' tweets about Yuga Labs as a company are irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid. 401, 402.  Even if this Tweet, which contains a common meme used to criticize Nazi-affiliated adversaries from the World War II movie "Inglorious Basterds", is relevant it is of such small relevance that it should be excluded pursuant to Federal Rules of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid. 403.

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Statement of Genuine Disputes of Material Fact Paragraph 121:

Ball Decl. Ex. 44: Defendants' tweets about Yuga Labs as a company are irrelevant to this dispute, and only relevant evidence can be considered.  Fed. R. Evid. 401, 402.  Even if this Tweet, which contains a common meme referencing the Biblical story of David and Goliath, is relevant, it is of such small relevance that it should be excluded pursuant to Federal Rules of Evidence 403 because the potential to confuse the issues or inflame the jury far outweighs any possible relevant value.  Fed. R. Evid. 403.

To the extent that this Tweet is relevant, it is inadmissible under the Rule of Completion.  Fed. R. Evid. 106.  These tweets do not show the full context of the Tweets including replies and surrounding parts of the conversation without which the snippets are unduly misleading.

Case No. 2:22-cv-04355-JFW-JEM

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Dated: March 27, 2023

By: /s/ *Derek Gosma*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 27, 2023.

By: /s/ *Derek Gosma*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Case No. 2:22-cv-04355-JFW-JEM                    MEMORANDUM OF EVIDENTIARY
                                                                          OBJECTIONS