Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim Defendant,<br><br>　　v.<br><br>Ryder Ripps and Jeremy Cahen,<br><br>　　　　Defendants and<br>　　　　Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**<br><br>Judge: Hon. John F. Walter<br>Hearing: April 17, 2023, at 1:30 p.m.<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:  June 27, 2023 |

Case No. 2:22-cv-04355-JFW-JEM　　　　　　　　　　　　REQUEST FOR JUDICIAL NOTICE

1    Federal Rule of Evidence 201(b) provides that the court may take judicial
2 notice of facts which "can be accurately and readily determined from sources whose
3 accuracy cannot reasonably be questioned." Additionally, Federal Rule of Evidence
4 201(c) clarifies that the court "must take judicial notice if a party requests it and the
5 court is supplied with the necessary information." Under this standard, courts may
6 take judicial notice of "undisputed matters of public record." *Lee v. City of Los*
7 *Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Defendants request three categories of
8 facts to be judicially noticed: (1) public records; (2) documents filed with the United
9 States Patent and Trademark Office; and (3) the existence of certain news articles.

10   Public records, including documents filed in legal proceedings, are considered
11 to be not subject to reasonable dispute and are proper for judicial notice. See *Botelho*
12 *v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citing *Rothman v.*
13 *Gregor*, 220 F.3d 81, 82 (2d Cir. 2000) (taking judicial notice of a filed complaint as a
14 public record)); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We
15 may take judicial notice of undisputed matters of public record (citation), including
16 documents on file in federal or state courts."). Defendants seek judicial notice of the
17 filing of the class action, *Real v. Yuga Labs, Inc.*, Case No. 2:22-cv-08909.

18   The Ninth Circuit has also included documents filed with the United States
19 Patent and Trademark Office as proper subjects of judicial notice. See *United States*
20 *v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *Au-Tomotive Gold, Inc. v. Volkswagen*
21 *of Am., Inc.*, 457 F.3d 1062, 1064 n.2 (9th Cir. 2006) (taking notice of United States
22 Patent and Trademark Office trademark registrations). Courts within this district have
23 routinely held that trademark filings with the United States Patent and Trademark
24 office are proper subjects of judicial notice. *Cookies SF LLC v. Cake Distro, Inc.*,
25 2022 WL 18228278, at *2 (C.D. Cal. Nov. 22, 2022) ("Cookies request the court take
26 judicial notice of status and title printouts reflecting Cookies' trademark filings from
27 the United States Patent & Trademark online database…The Court GRANTS judicial
28 notice of the existence of the foregoing documents because they are matters of public

record."); *Jones v. Hollywood Unlocked, Inc.*, 2022 WL 18674460, at *4 (C.D. Cal. Nov. 22, 2022).

Courts may also take judicial notice of internet records from reliable government websites. *Anderson v. Holder*, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies."); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information made publicly available by a government entity on its website).

Courts may also take judicial notice of news articles as long as the requirements for judicial notice are met. *Valentino S.P.A. v. Mario Valentino s.P.A.*, 2020 WL 7382765 at *4 (C.D. Cal. 2020). Courts routinely take judicial notice of the fact of the existence of an article. *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1063 (C.D. Cal. 2012); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Defendants request that this Court notice that the attached articles existed, were publicly available when published, and the dates of their publications.

Accordingly, Defendants Mr. Ripps and Mr. Cahen respectfully request that the Court take judicial notice of the following documents in support of their Opposition to Plaintiff's Motion for Summary Judgement:

## PUBLIC DOCUMENTS

1. Adonis Real and Adam Titcher's Class Action Complaint, *Real v. Yuga Labs, Inc.*, Case No. 2:22-cv-08909, filed on December 8, 2022, a true and correct copy of

which is attached hereto as Exhibit 108.

## DOCUMENTS FILED WITH THE USPTO

2. Excerpts from Yuga Labs, Inc.'s abandoned Trademark Application No. 97106855 (for mark "Ape"), a true and correct copy of which is attached hereto as Exhibit 109.

3. The search result for Trademark Application No. 97106855 (for mark "Ape") in the United States Patent and Trademark Office's Trademark Electronic Search System (TESS), a true and correct copy of which is attached hereto as Exhibit 110.

4. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 90739977 (for mark "Bored Ape Yacht Club"), a true and correct copy of which is attached hereto as Exhibit 111.

5. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 90739987 (for logo ape skull logo with BA and YC flanking it), a true and correct copy of which is attached hereto as Exhibit 112.

6. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 90739994 (for ape skull logo with BA and YC flanking it), a true and correct copy of which is attached hereto as Exhibit 113.

7. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 90837138 (for BAYC mark), a true and correct copy of which is attached hereto as Exhibit 114.

8. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 90903954 (for logo mark of ape skull), a true and correct copy of which is attached hereto as Exhibit 115.

9. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 97132870 (for "Bored Ape Yacht Club" in text), a true and correct copy of which is attached hereto as Exhibit 116.

10. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 97132874 (for "Ape Skull" logo in the patch), a true and correct copy of which is attached hereto as Exhibit 117.

11. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 97132877 (for skull mark flanked with BA and YC), a true and correct copy of which is attached hereto as Exhibit 118.

12. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 97132880 (for ape skull), a true and correct copy of which is attached hereto as Exhibit 119.

13. Excerpts from Yuga Labs, Inc.'s Trademark Application No. 97313551 (for letters BAYC), a true and correct copy of which is attached hereto as Exhibit 120.

## PUBLICLY AVAILABLE NEWSPAPER ARTICLES

14. A true and correct copy of TodayNFTNews's article, titled "SEC investigates Yuga Lab's offering of unregistered securities," which is attached hereto as Exhibit 136.

15. A true and correct copy of CoinTelegraph's article, titled "Bored Ape creators and other NFT projects investigated by SEC probe," which is attached hereto as Exhibit 137.

16. A true and correct copy of Artnews's article, titled "SEC to Probe Bored Ape Yacht Club's Parent Company, Yuga Labs, Over web3 Offerings," which is attached hereto as Exhibit 138.

17. A true and correct copy of Bloomberg's article, titled "Bored-Ape Creator Yuga Labs Faces SEC Probe Over Unregistered Offerings," which is attached hereto as Exhibit 139.

18. A true and correct copy of Decrypt's article, titled "ApeCoin Launches for Bored Ape Ethereum NFT Holders With Reddit, FTX, Animoca Execs on Board," which is attached hereto as Exhibit 140.

19. A true and correct copy of Forbes' profile article, titled "Ryder Ripps," which is attached hereto as Exhibit 141.

Dated: March 27, 2023

By: /s/ *Derek Gosma*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 27, 2023.

By: /s/ *Derek Gosma*
Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400