ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.como
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **DECLARATION OF ERIC BALL IN SUPPORT OF YUGA LABS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(a)** <br><br> Date:         April 17, 2023 <br> Time:        1:30 p.m. <br> Courtroom: 7A <br> Judge:       Honorable John F. Walter <br><br> Trial Date: June 27, 2023 |

| | |
|---|---|
| 1 | MELISSA L. LAWTON (CSB No. 225452) |
|   | mlawton@fenwick.com |
| 2 | FENWICK & WEST LLP |
|   | 228 Santa Monica Boulevard |
| 3 | Santa Monica, CA  90401 |
|   | Telephone:   310.434.4300 |
| 4 | |
| 5 | DAVID Y. SILLERS (*admitted pro hac vice*) |
|   | david@clarelocke.com |
| 6 | KATHRYN HUMPHREY (*admitted pro hac vice*) |
|   | kathryn@clarelocke.com |
| 7 | MEGAN L. MEIER (*admitted pro hac vice*) |
|   | megan@clarelocke.com |
| 8 | CLARE LOCKE LLP |
|   | 10 Prince Street |
| 9 | Alexandria, VA  22314 |
|   | Telephone:   202.628.7400 |
| 10 | |
| 11 | Attorneys for Plaintiff and Counterclaim Defendant |
| 12 | YUGA LABS, INC. |

I, Eric Ball, declare as follows:

1. I am an attorney admitted to practice in California and a partner at the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. ("Yuga Labs") in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here. I make this declaration pursuant to Local Rule 79-5.2.2(a) and submit this declaration in support of Yuga Labs' Application for Leave to File Under Seal.

2. On March 8, 2023, the parties conducted a Local Rule 7-3 conference for Yuga Labs' Motion for Summary Judgment. *See* Dkt. 139. Neither party indicated at that conference that they intended to file more than three documents under seal in connection with the motion.

3. Yuga Labs filed its Motion for Summary Judgment on March 15, 2023. Dkt. 149.

4. On March 20, 2023, Defendants informed Yuga Labs that they intended to file certain documents in connection with their opposition to the Motion for Summary Judgment that Yuga Labs had designated under the Protective Order (Dkt. 51). Defendants identified 10 documents and over 440 pages of deposition transcripts (from seven depositions).

5. Yuga Labs diligently reviewed Defendants' proposed exhibits to determine which portions qualified for filing under seal pursuant to Local Rule 79-5.2.2(a) and the Court's Standing Order (Dkt. 14). Yuga Labs identified those materials to Defendants on March 24, 2023. Defendants filed their Opposition to Yuga Labs' Motion for Summary Judgment on March 27, 2023 (Dkt. 163), as well as an Application to Seal and a supporting declaration (Dkts. 164, 165). Defendants refiled their Application to Seal on March 28, 2023 (Dkts. 171, 172). Unfortunately, Defendants' Opposition filing included multiple pages of exhibits that it did not raise with Yuga Labs before filing the motion. Defendants' failure to provide notice

violates L.R. 79-5.2.2(b).  Nevertheless, Yuga Labs has done its best to assess Defendants exhibits to identify the materials that should be filed under seal.

6. The documents that Defendants sought leave to file under seal are:

- Excerpts from 30(b)(6) Deposition of Yuga Labs (**Exhibit 245**)
- Excerpts from Deposition of Wylie Aronow (**Exhibit 246**)
- Excerpts from Deposition of Guy Oseary (**Exhibit 249**)
- Excerpts from Deposition of Gregory Solano (**Exhibit 250**)
- Excerpts from Deposition of Kerem Atalay (**Exhibit 251**)
- Excerpts from Deposition of Laura O'Laughlin (**Exhibit 252**)

Yuga Labs did not request that the portions of the deposition transcript used in Exhibit 252 be filed under seal, and consents to the public filing of that exhibit. Otherwise, Yuga Labs respectfully submits that compelling reasons exist to seal the materials identified in the attached **Exhibit 1** and the Proposed Order and asks the Court to grant its application in full.

7. Pursuant to the Court's Standing Order, documents filed in connection with a dispositive motion should be sealed if Yuga Labs "demonstrate[s] compelling reasons for the sealing." ECF 14 at 16.  A compelling reason exists "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Protecting proprietary business information" is also a justification for the heightened "compelling reason" standard. *W. Air Charter, Inc. v. Sojitz Corp.*, No. 18-CV-7361, 2019 WL 4509304, at *4 (C.D. Cal. May 2, 2019).

8. Yuga Labs diligently reviewed the materials proposed by Defendants so that only the appropriate portions with compelling need for sealing are included in this application.  For several materials initially identified by Defendants, Yuga Labs did not propose to seal them, and therefore the parties were able to minimize

the amount of materials to be sealed through conferral. Compelling reasons exist to seal the remaining materials, which are the subject of this application.

9. Yuga Labs would suffer severe prejudice if the materials covered by this application were filed publicly. Already, Defendants have violated the Protective Order and prejudiced Yuga Labs by filing significant amounts of information in their public filing that was designated "Highly Confidential — Attorneys' Eyes Only" under the Protective Order and already ordered sealed by the Court. *See* Dkt. 167; *see also* Dkt. 153 (sealing Exhibit 43 to Yuga Labs' motion). This includes information that Defendants never proposed to Yuga Labs for filing, as well as information Defendants did propose and Yuga Labs asked Defendants to keep under seal. *See* **Exhibit 2** (Letter to Defendants). Defendants have also disclosed this Protected Material in their public filings, which Yuga Labs has asked Defendants to separately rectify. *Id.* Further disclosure of Yuga Labs' confidential material would result in more severe prejudice.

10. Yuga Labs discusses each category of materials below. For the Court's convenience, a summary of the materials submitted for sealing and the corresponding categories is attached as Exhibit 1.

**A. Materials Subject to a Stay of Discovery Under the PSLRA**

11. Defendants have made certain allegations in this litigation based on and overlapping with allegations made in an otherwise unrelated litigation, *Real v. Yuga Labs*, No. 2:22-cv-08909-FMO-PLA, (C.D. Cal.), which is subject to a mandatory stay of discovery under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B) ("PSLRA"). That case is in the preliminary stages. The PSLRA stay protects defendants (such as Yuga Labs and Mr. Oseary) named in putative securities class actions such as *Real* from the burdens of discovery until and unless a lead plaintiff can meet the high pleading standards applicable to such actions and the court "has sustained the legal sufficiency of the complaint." *SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 911 (9th Cir. 1999). Courts routinely limit discovery

in non-securities cases to address "the risk that the purposes of the PSLRA stay . . . will be undermined if discovery even tangentially related to the securities fraud issues is allowed to continue" in a second case. *Barney v. Zimmer Biomet Holdings, Inc.*, No. 17-cv-616, 2018 WL 11407332, at *3 (N.D. Ind. Aug. 21, 2018); *see also Leal v. Paramount Rest. Grp.*, No. 12-cv-03335, 2013 WL 500447 (D. Colo. Feb. 11, 2013); *In re AOL Time Warner Inc. Sec. & ERISA Litig.*, No. 02-cv-8853, 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003).

12. The Court has already sealed portions of Mr. Oseary's deposition transcript for this reason. Dkt. 153.

13. Additionally, Yuga Labs contends that these allegations are not relevant to any claim or defense in this trademark litigation (nor are they plausibly related to Defendants' DMCA counterclaim). Thus, the proposed sealing does not materially impact the public's right access to the proceedings in this litigation.

**B. Materials Containing Proprietary Business Information of Yuga Labs, Including Sensitive Technical Information, Business Strategy, and Brand Valuation Data**

14. Certain materials Defendants seek to use as exhibits contain Yuga Labs' sensitive proprietary information. This includes materials related to sensitive technical information, business strategy (including Yuga Labs' financials, future business plans, relationships with third parties, and intellectual property enforcement strategies), and information about the value of the brand. These include the following non-exhaustive examples:

- Portions of the deposition of Wylie Aronow regarding licensing agreements with third parties. Exhibit 246 at 190–206.
- Portions of the deposition of Guy Oseary regarding agreements and business relationships (or lack thereof) with certain identified third parties. Exhibit 249 at 83-85.

- Portions of the deposition of Greg Solano concerning contractual relationships (or lack thereof) with certain identified third parties. Exhibit 250 at 113, 138.
- Portions of the deposition of Kerem Atalay that discuss Yuga Labs' work with certain identified third parties on promotional activities. Exhibit 251 at 134–137.

15. "Protecting proprietary business information" is a justification for the heightened "compelling reason" standard. *W. Air Charter, Inc. v. Sojitz Corp.*, 2019 WL 4509304, at *4. Yuga Labs is a leading business in the emerging field of NFTs, and the risk of disclosure of confidential information regarding Yuga Labs' relationships with third parties is particularly high. *See Bauer Bros. LLC v. Nike, Inc.*, No. 09-cv-500, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting application to seal — under the higher compelling reason standard — because "public disclosure of [company's] confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate [company's] business practices and circumvent the considerable time and resources necessary in product and marketing development") (emphasis added); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (finding compelling reason to seal documents including contracts with third parties because the "documents could give non-party competitors an unfair advantage in the development or marketing of rival products."). The risk is especially acute here where the Defendants are known competitors in the NFT space. Yuga Labs' Statement of Uncontroverted Facts and Conclusions of Law (Dkt. 149-1) at 5-9 (the parties offer the same product, using the same marks, through the same marketing channels).

16. Additionally, these documents do not relate to the core issue in this case of whether Defendants infringed Yuga Labs' trademarks (nor are they related to Defendants' DMCA counterclaim). Thus, the proposed sealing does not materially impact the public's right access to the proceedings in this litigation.

### C. Materials Containing Private Personal Information

17. Finally, Defendants refer to some materials that contain private, sensitive personal information of Yuga Labs' employees and third parties. It is not clear from Defendants' correspondence whether they are willing to redact this information or intend to rely on it. In any event, this information should be sealed.

18. "The Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest . . . ." *Activision Publ'g, Inc. v. EngineOwning UG, et al.*, No. CV-2:22CV-00051-MWF-JCX, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023). Those concerns are heightened here where Defendants have a history of harassing Yuga Labs' employees and publicizing their private information. *See* Compl. (Dkt. 1) ¶¶ 49 ("Since early 2022, Ripps has harassed and personally attacked Yuga Labs and its founders through baseless accusations of racism over social media networks like Twitter and Instagram."), 50 (Ryder Ripps "effectively doxxed Yuga Labs' founders by providing their personal identities to a well-known media, news, and entertainment publication, which subsequently published this information."); Dkt. 149-50 (selection of Defendants' tweets about Yuga Labs during the litigation); Dkt. 149-51 (selection of Defendants' tweets about Yuga Labs' counsel).

19. The public disclosure of private information of persons associated with Yuga Labs is especially problematic when the Defendants' own witnesses are making active death threats against Yuga Labs representatives.

20. The private information covered in this category does not materially impact the public's right access to the proceedings in this litigation, because such personal information has no bearing on any claim of defense in this litigation.

21. For the reasons stated above, there exist compelling reasons to seal these documents (and the portion of Defendants' documents that quote, paraphrase, or summarize sealed materials).[1]

I declare under penalty of perjury under the laws of California and the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed in California on March 29, 2023.

/s/ Eric Ball
Eric Ball

---

[1] *See* Dkt. 171 (applying for leave to seal Defendants' Opposition to Yuga Labs' Motion for Summary Judgment and Defendants' Statement of Genuine Disputes of Material Fact).

FENWICK & WEST LLP
ATTORNEYS AT LAW