# Exhibit 2

Exhibit 2
Page 12

# FENWICK

801 California Street  
Mountain View, CA 94041

650.988.8500  
Fenwick.com

Eric Ball  
eball@fenwick.com | 650.335.7635

March 28, 2023

VIA EMAIL

Louis Tompros  
Monica Grewal  
Scott Bertulli  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, Massachusetts 02109  
louis.tompros@wilmerhale.com  
monica.grewal@wilmerhale.com  
scott.bertulli@wilmerhale.com

Derek A. Gosma  
Henry Michael Nikogosyan  
Wilmer Cutler Pickering Hale and Dorr LLP  
350 South Grand Avenue Suite 2400  
Los Angeles, CA 90071  
derek.gosma@wilmerhale.com  
henry.nikogosyan@wilmerhale.com

Re:     *Yuga Labs, Inc. v. Ripps et al.*, No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Dear Counsel:

We write concerning Defendants' nearly three dozen violations of the Court's orders that have arisen this week. These actions, whether accidental, negligent, or the result of misconduct, continue to prejudice Yuga Labs, and we demand Defendants immediately address the issues below. If Defendants do not provide the necessary information, make the required refiling, and take all steps to rectify their admitted violations of the Court's orders, Yuga Labs will seek sanctions against the Defendants and Defense counsel.

As Defendants have acknowledged, Defendants filed Dkts. 163-1 and 164-3 publicly, even though these documents contain information designated as Highly Confidential — Attorneys' Eyes Only under the Protective Order (Dkt. 51) and ordered sealed by the Court (Dkt. 153).

**Exhibit 2**  
**Page 13**

March 28, 2023
Page 2

Despite this acknowledgment, the refiled version of Defendants' Statement of Facts (Dkt. 167-2) **inexplicably still quotes in ¶ 89 directly from Ball Decl. Exhibit 43**, which has been sealed by the Court. Please explain Defendants' basis for violating the Court's sealing order.

Worse yet, the remainder of Defendants' refiled versions do not attempt to address the dozens of other violations of the Court's orders. For example, Defendants included several pages of deposition exhibits in their Opposition to Yuga Labs' Motion for Summary Judgement that are designated under the Protective Order and which Defendants **never raised to Yuga Labs before filing**. These include pages 102–103 of Guy Oseary's deposition (Dkt. 163-146), which your client Ryder Ripps is **sharing with others on Twitter even today**, committing a new violation of the Protective Order each time he does so. Even a cursory review reveals that Defendants similarly included references to or actual portions of protected deposition testimony by Wylie Aronow, Greg Solano, Nicole Muniz, Kerem Atalay, Jonah Berger, Laura O'Laughlin, and Lauren Kindler, without consulting Yuga Labs as to various portions Defendants filed. Defendants' failure to provide notice violates L.R. 79-5.2.2(b).

Defendants' Statement of Facts (Dkt. 167-2) also includes other direct quotes from Protected Material, including highly sensitive information like Yuga Labs' highly confidential financial information. *See, e.g.*, Defendants' response, ¶ 11. There is no basis for this repeated disclosure of Protected Material.

Remarkably, Defendants have also included deposition pages in their filing which they do not even cite to in their Statement of Facts, raising serious concerns about the good-faith basis for including such voluminous Protected Material in their public filing in the first place. Defendants' actions violate not only the Protective Order but also specifically violate the Court's order (Dkt. 57 § 4(b) at 13).

The volume of violations of the Court's orders, the nature and materiality of the information improperly disclosed, and the fact the violations pervade nearly every single deposition taken by Defendants, strains credulity that Defendants exercised nearly the diligence required by the Protective Order.

Whatever the reason for Defendants' violations, Defendants' continued failure to comply with the Protective Order and to provide the required remedies under Paragraph 12 of the Protective Order have already caused severe prejudice, including media inquiries directed to Yuga Labs regarding the Protected Material that Defendants filed publicly (and fail to fix).

To avoid further damage to Plaintiff, please immediately take the following remedial actions and provide us with your assurance you will complete the same by 11:59 AM PT on Wednesday March 29, 2023:

Exhibit 2
Page 14

March 28, 2023
Page 3

1. Specifically identify any Protected Material that Defendants did not file under seal and the basis for doing so. This includes any summaries or quotations from any Protected Material.

2. Remove the documents identified above from the public docket, in addition to any other Confidential or Highly Confidential — Attorneys' Eyes Only material you have filed without obtaining Yuga Labs' permission.

3. Instruct Defendants not to share these documents with anyone, and provide a list of everyone to whom these Protected Materials have been shared.

4. Provide us with the steps you have taken with respect to #2–4 in Paragraph 12 of the Protective Order, including specifically with respect to docket aggregation services such as Recap, Courtlistener, and PacerPro. Please provide any copies of correspondence with any third parties regarding your compliance with #2-4 in Paragraph 12 of the Protective Order.

5. Confirm that Defendants, their counsel, their agents, or anyone acting for or on behalf of the Defendants have not had any communications with any third parties other than the Court relating to Yuga Labs' Protected Material. In particular, confirm that your clients did not receive copies of Dkt. 161-1 or Dkt. 164-3; if they did, confirm with respect to Dkt. 161-1 and Dkt. 164-3 each person they provided or made accessible such documents, including but not limited to, any attorneys other than Counsel, any media (including CNN), and all other non-parties to this action. Without limiting the above request, Counsel is expected to review Defendants social media communications in relation to the above request.

6. To the extent that Defendants, their counsel, their agents, or anyone acting for or on behalf of the Defendants, have had any communications relating to the public filing of Yuga Labs' Protected Material with any third parties (other than the Court), please provide copies of all such communications, including the time of such communication and all attached, linked or related materials. These documents are essential to assessing and remediating the harm created by the Defendants' admitted violation of the Court's orders in Dkt. 51 and Dkt. 153.

In addition to the above, we note that the text Defendants filed publicly mischaracterizes Guy Oseary's testimony, which is still subject to his errata. It is especially concerning that sealed material has not only been shared to the media, but has been shared in a blatantly inaccurate manner. If Defendants do not correct their mischaracterization in their refiled documents, we will have to raise this further impropriety to the Court as well.

Exhibit 2
Page 15

March 28, 2023
Page 4

Finally, we note that these violations of the Protective Order are part of a pattern by Defendants and Counsel. We have previously alerted Counsel to the suspicious timing of Defense Counsel's actions compared to statements and disclosures by Defendants — including in connection with the deposition of Kerem Atalay. And, there is concern that Counsel and Defendants have also violated the Protective Order in connection with disclosures to Mr. Alfred Steiner, who, as Counsel knows, is prohibited from viewing or learning of any Highly Confidential — Attorneys' Eyes Only material. Nonetheless, Counsel has provided no assurances from the Defendants or Counsel that Mr. Steiner has not been provided or received access to Highly Confidential — Attorneys' Eyes Only information. Please immediately investigate these potential violations, confirm if they occurred, and comply with the Protective Order in such case.

Please confirm you will comply with the above **no later than 11:59 am PT on Wednesday 29, 2023**. Yuga Labs reserves all rights.

        Sincerely,

        FENWICK & WEST LLP

        */s/ Eric Ball*

        Eric Ball

Exhibit 2
Page 16