Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
Ryder Ripps and Jeremy Cahen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>  v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants and<br>    Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DEFENDANTS' OPPOSITION TO YUGA LABS' APPLICATION TO SEAL**<br><br>Judge: John F. Walter<br>Discovery Cutoff Date: April 3, 2023<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:  June 27, 2023 |

## I. INTRODUCTION

Defendants Ryder Ripps and Jeremy Cahen respectfully oppose Plaintiff Yuga Labs' ("Yuga") Application to File Under Seal Exhibits 245, 246, 249, 250, 251 (Dkt. 173). Yuga's application is flawed in multiple respects including because (1) Yuga seeks to seal public materials that have been erroneously designated as confidential, (2) Yuga waived any right to file materials associated with Defendants' opposition brief under seal by its violations of the Court's Standing Order, and (3) the application itself is procedurally deficient as it fails to inform the Court of Defendants' opposition under L.R. 79-5.2.2(i)(2) and is not limited to three documents as required under the Court's Standing Order.

## II. BACKGROUND

This Court has set clear and unambiguous procedures that parties should follow when they intend to file documents, or portions of documents, under seal. The Standing Order Provides that "[if] a party wishes to file a document that has been designated by another party, the submitting party must give any designating party five calendar days notice of intent to file. ***If the designating party objects, it should notify the submitting party and file an application to file documents under seal within two days.***" Dkt. 14 at 18 (emphasis added). And if the designating party objects to more than three documents, then the parties must work together to "file a joint application and lodge a proposed order to file under seal all such documents with the required showing as to each document." Dkt. 14 at 18.

Defendants' opposition to summary judgment was due on March 27, 2023. Although the Standing Order requires only 5 days of notice, the Defendants noticed Yuga of its intent to file designated documents on March 20, 2023—7 days before the filing date. Gosma Decl. Ex. 2 at 8. Defendants identified not only the exhibits it would rely on, but also provided its best good faith identification of *the specific testimony that it intended to rely on*. Defendants also explained that "***Defendants' position is that none of this material meets the high bar for sealing. Please let us***

*know if Yuga intends to file an application to seal.*" *Id*. (emphasis added).

Under the Standing order, Yuga was required to "notify" Defendants that it "objects" and "file an application to file documents under seal within two court days." Dkt. 14 at 18. But Yuga did not provide Defendants notice of *anything* within two days, nor did it file an application to file under seal prior to the due date for Defendants' opposition. Yuga also never reached out to Defendants or suggested that the parties prepare a joint application to identify a finalized set of documents (and critically pages of those documents) that Defendants would use. Defendants accordingly prepared their opposition papers to be filed publicly, consistent with the Standing Order instruction that "there is a strong presumption of the public's right of access to judicial proceedings and records in civil cases." Dkt. 14 at 16.

Two more days passed. And while Defendants diligently prepared their opposition brief (consisting of over 150 documents and thousands of pages), Yuga raised no concerns regarding the public filing of Defendants' opposition. On Friday, March 24, 2024, Defendants sent a confirmatory email stating that "[w]e note that Yuga has elected to not file an application to file documents under seal pursuant to paragraph 9 of the Protective Order for these materials." Gosma Decl. Ex. 2 at 7.

After close of business on the evening of Friday, March 24, 2023 (four days after it received notice from Defendants), Yuga **for the first time** raised its objections to the public filing of Defendant's opposition and supporting materials. Gosma Decl. Ex. 2 at 1-4. Yuga sought voluminous redactions, including of facially public materials such as testimony regarding the contents of public websites. Yuga's e-mail did not request a conference on filing a joint application to file under seal or otherwise suggest how the parties should proceed. Yuga simply lobbed their objection at the last minute—creating a crisis that prejudiced Defendants' ability to prepare redactions to their long, complicated opposition

2

papers over the weekend.

Compounding this crisis, Yuga also made its court-ordered production of highly-relevant documents at 10:30 p.m. on Friday, March 24, 2023, that Defendants needed for a deposition scheduled in Poughkeepsie, New York on the same day that the opposition papers were due. Gosma Decl. Ex. 3 at 1. Specifically, this deposition was scheduled weeks ago, but Defendant had to move the deposition to March 27, 2023, because Yuga was improperly withholding critical materials showing that Yuga had coerced the deponent (Mr. Lehman) into signing a misleading affidavit. *See* Dkt. 119 at 2. Yuga could have produced those materials earlier, but instead chose to wait until the last minute—forcing the Defendants to undergo emergency document review and deposition preparation as counsel was traveling across the country.

Defendants faced an untenable circumstance. They attempted their best to go through thousands of pages and make redactions, rapidly prepare an application to seal non-exhibit documents, and complete all other tasks associated with finalizing Defendants complex opposition papers. The filing that Defendants made, though not perfect, represented defense counsel's best efforts under the circumstances.[1]

### III. ARGUMENT

#### A. Yuga Wrongly Seeks to File Under Seal Public Deposition Testimony

This Court's Standing Order makes clear that requests to file under seal "shall be narrowly tailored to serve the specific interest sought to be protected" and must "articulate compelling reasons supported by specific facts or legal justification

---

[1] Yuga's application to seal attaches a letter sent to Defense counsel on the evening of March 28 concerning inadvertent disclosures of alleged confidential information in Defendants' opposition papers. Dkt. 173-4. Defendants responded to that letter in detail on the morning of March 29. Gosma Decl. Ex. 4. Despite receiving the letter several hours before their application to seal was filed, Yuga did not attach Defendants' responsive letter to their motion to seal. As the Court is aware, the parties requested, and the Court granted, an emergency motion to temporarily seal certain documents while the sealing issues are adjudicated. Dkt. 175.

1  that the document or type of information should be protected." Dkt. 14 at 16-17.
2  And this Court's Protective Order provides that "[m]ass, indiscriminate, or
3  routinized designations are prohibited." Dkt. 51 at 8. Yuga's application to seal is
4  contrary to the Court's order because it seeks to file under seal sweeping portions of
5  deposition testimony that plainly concerns public information. There is no
6  reasonable basis to deny the public (including the Defendants themselves, who are
7  less than 3 months from trial) access to this kind of public material.

8       *First*, Yuga contends that it seeks to file under seal testimony relating to
9  proprietary information. But a cursory review of that testimony clearly shows that
10 much of it is not proprietary at all. For example, Yuga states Exhibit 251 (Kerem
11 Atalay Deposition) at 38:1-39:25, 127:4-133:1, 134:4-137:25, and 147:1-15
12 concerns proprietary business information. Dkt. 173-3 at 4. But (1) 38:1-39:25
13 concerns the date and circumstances of the public pre-sale of BAYC NFTs (an
14 event in which hundreds of people participated and the records of which are
15 recorded on the blockchain), (2) 127:4-133:1 and 136:24-137:25 relates to material
16 displayed on Yuga's own public website, (3) 134:4-136:23 relates to the designer of
17 a Yuga treasure hunt puzzle whom Yuga has publicly recognized on Twitter[2], and
18 (4) 147:1-15 relates to the public release date for Otherdeed NFTs, which Yuga has
19 also publicly recognized on Twitter.[3] Surely, the contents of a public website, the
20 public release of NFTs, and public information regarding the creator of a puzzle
21 does not satisfy the "compelling need" requirement for sealing documents.

22      Exhibit 251 is not the only document with these kinds of improper
23 designations. Yuga also designates Ex. 250 (Greg Solano Deposition) at 62:25-
24 66:16; 113:1-20; 138:1-25; 158:13-25; 160:1-162:25; 229:1-230:25. Dkt. 173-3 at

---

[2] In the following tweet (https://twitter.com/boredapeyc/status/1468284690960420868), Yuga publicly recognizes that Greg Pliska is the designer of its treasure hunt puzzle.

[3] In the following tweet (https://twitter.com/OthersideMeta/status/1518733999405137920), Yuga publicly recognizes the April 30 release for Otherdeed NFTs.

3-4. A simple review shows that (1) 62:25-66:16 is testimony confirming the publicly known designers of Yuga's marks and refusing to identify non-public designers (which is information already appearing on this Court's public docket, *see* Dkt. 70-6 at 11), (2) 113:1-20 relates to the existence of public sales, (3) 138:1-25 concerns an entity unrelated to Yuga and a series of "I don't know" answers, (4) 158:13-25, 160:1-162:25, and 229:24-230:25 relate to public terms and conditions that Yuga's officers have publicly spoken about at-length[4], and (5) 229:1-23 relates to Defendants own activities. Again, there is no "compelling need" to seal any of this material.

For the convenience of the Court, Defendants file with this opposition a chart that goes through every single designation and provides a brief explanation on whether the material is properly designated and why it relates to public content. *See* Gosma Decl., Ex. 1. This chart makes clear that Yuga's application fails to seek the "narrowly tailored" relief required by this Court's Standing Order.

***Second***, Yuga also seeks to seal some testimony under a PSLRA stay. Dkt. 173-2 ¶11. Yuga itself admits that that a PSLRA stay is simply when courts "limit discovery in non-securities cases." *Id.* But this is not a discovery motion. Yuga does not even argue that the PSLRA alters the standard for sealing documents or otherwise comprises a "compelling reason" to withhold legal proceedings from the public. This is no surprise because, as a result of the PSLRA stay, Defendants did not take any discovery into securities issues and relied entirely on public information. Thus, the evidentiary record does not contain any non-public securities related information and, therefore, there categorically cannot be any PSLRA-barred evidence that should be withheld from public access.

In light of the foregoing, there are numerous designations that improperly

---

[4] The following twitter video (https://twitter.com/ryder_ripps/status/1625659104617238528) compiles public statements from multiple Yuga officers discussing the intent and purpose behind Yuga's terms and conditions.

and unnecessarily seek to seal public information and testimony on public materials. The Court should accordingly deny Yuga's application for failure to seek "narrowly tailored" relief.

### B. Yuga Waived Any Right to File Under Seal Documents Associated With Defendants' Opposition

In addition to simply over-designating material as confidential, Yuga also failed to follow the Court's sealing procedures in advance of Defendants' filing and therefore waived its right to seek confidential treatment of the documents filed in Defendants opposition.

Section 9 of the Standing Order requires that, following a filing party's identification of its intention to file material designated as confidential by another party, a designating party must "notify" the filing party of any objection to the filing of documents and to file an application to file under seal "within two court days" of receiving notice of intent to file designated documents. Dkt. 14 at 18. The Standing Order sets forth this procedure due to the strong presumption in favor of public access to legal proceedings. *See id*. at 16. Thus, when the designating party makes no objection and elects to not file an application to seal within two days, the public filing of documents is permitted.

Defendants more than followed the Standing Orders' procedures by providing notice of intent to file on March 20, 2023—seven days before its opposition was due. Yuga did not object or file an application to file under seal within two court days. Defendants accordingly relied on Yuga's decision and prepared for the public filing of their vast and complicated opposition papers. Thus, by the close of March 22, Yuga acquiesced by choosing to not assert any confidentiality claims in connection with Defendants' opposition to summary judgment, and thereby waived the confidentiality claims that it now seeks to assert (and that are at issue in Defendant's letter, Dkt. 173-4).

Further complicating matters, after two more days passed, Yuga raised for

the first time its objections on the Friday evening before a large Monday filing. And, while Yuga sought the redaction of at least 10 different documents, it did not initiate or even suggest any process with the Defendants to prepare a joint application to file under seal as required under Section 9 of the Standing Order. Dkt. 14 at 17-18 (requiring a joint application when more than 3 documents should be filed under seal). Yuga's decision to not work with Defendants was a critical mistake, as the preparation of a joint application would have (1) allowed the parties to determine the final the set of documents and pages at issue, (2) agree on redactions that are narrowly tailored, and (3) alleviate the need for Defendants to unilaterally address a crisis that Yuga itself had created. But instead, Yuga chose to drop its problems on Defendants and look away even though its own (waived) confidentiality claims and alleged proprietary information were at stake.

Yuga's violations of the Standing Order placed Defendants in an untenable situation because they had to rapidly sort through thousands of pages to apply a large amount of improper and overbroad confidentiality designations (while at the same time dealing with an emergency document review and traveling to take a deposition on the opposite side of the country). Yuga's indifference toward the Court's sealing procedures and its violations of the Standing Order undermines its claim of confidentiality in its application.

### C. Yuga's Application To File Under Seal Is Procedurally Deficient

Yuga's application should also be denied for failure to comply with the applicable Local Rules and the requirements of the Court's Standing Order.

Local Rule 79-5.2.2(i)(2) requires that an application to file under seal must be accompanied by a declaration "informing the Court whether anyone opposes the Application." Here, Yuga was well-aware that Defendants oppose the application because Defendants' March 20, 2023, correspondence states in no uncertain terms that "Defendants' position is that none of this material meets the high bar for sealing. Please let us know if Yuga intends to file an application to seal." Gosma

7

Decl., Ex. 2 at 8. But Yuga's application does not identify for the Court Defendant's opposition. To the contrary, Yuga's application wrongly states that "Defendants requests that Yuga Labs file this application but have not indicated whether they intend to oppose the sealing of these materials." Dkt. 173 at 1. Notably, the application does explain why Yuga believes that Defendants have requested the filing of an application to file under seal. And Defendants do in fact oppose the application and do in fact believe that the vast majority of the deposition exhibits should be publicly available because they do not meet this Court's high bar for sealing. *See* Section III.A, *supra*.

Section 9 of the Standing Order also requires that "an application to file documents under seal must meet the requirements of the Local Rules and shall be limited to three documents by a party, unless otherwise ordered by the Court." Dkt. 14 at 16. Yuga's application fails to comply with this rule because it seeks to file under seal at least five documents: Exhibits 245, 246, 249, 250, and 251. Again, an application of this scale is supposed be made with a joint application. Yuga did not even bother to attempt to work with Defendants to file a joint application for materials as required by the Standing Order.

### D.     **Exhibits That Yuga Does Not Seek To Seal Should Be Made Public**

Yuga Labs does not seek to seal Exhibit 252, which includes excerpts of a deposition that took place of March 22, 2023. Yuga initially designated the entire transcripts as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, but has now withdrawn its entire claim of confidentiality with respect to this document. This is yet another sweeping, overbroad designation that unnecessarily contributed to a crisis precipitated by Yuga's failure to comply with the clear sealing procedures set forth in the Court's Standing Order. Defendants accordingly request that the Court order the entirety of Exhibit 252 to be filed publicly.

### IV.    **CONCLUSION**

For the foregoing reasons, Defendants request that the Court:

1. Deny Yuga's application to file under seal and order the public filing of Exhibits 245, 246, 249, 250, 251, and 252; and

2. Order the public filing of Defendant's opposition brief (Dkt. 163) and Defendants' statement of genuine disputes of material fact (Dkt. 163-1), which Defendants redacted based on Yuga's waived objections to Exhibits 245, 246, 249, 250, 251, and 252.

Even if the Court does not order the public filing of Yuga confidential information, the Court should at least order Yuga to re-file its application with significantly narrowed confidentiality designations.

Dated: March 30, 2023

By: /s/ *Derek Gosma*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on March 30, 2023

By: /s/ *Derek Gosma*
Derek Gosma

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is in compliance with the word limit Local Rule 11-6.1

By: /s/ *Derek Gosma*
Derek Gosma