# Exhibit 4

**WILMERHALE**

March 29, 2023

Henry Nikogosyan

+1 213 443 5300 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

***By Electronic Mail***
Eric Ball
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
eball@fenwick.com

Re:   *Yuga Labs, Inc. v. Ripps*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Eric:

We received your March 28, 2023, letter.  We take the Protective Order in this matter and the issues raised in your letter very seriously.  As such, as soon as we received your e-mail last night, we began further investigating and taking the required remedial steps and have responded before the 11:59am deadline set forth in your letter.

To the extent there have been any disclosures of Yuga Labs confidential information, any such disclosures were entirely inadvertent and directly precipitated by Yuga's over-designation of confidential information in the first instance and failure to follow the local rules and Court's Standing Order.  In particular, there is no dispute that after we identified the materials we intended to rely on in our motion for summary determination on March 20, 2023, Yuga failed to respond until five days later—after the close of business on the evening of Friday March 25, 2023.  Your service of that information after the close of business on a Friday when the brief was due on Monday materially prejudiced our ability to prepare our redactions to our long, complicated, opposition brief.  As we have explained, since Yuga apparently believed that the materials we were going to rely on were confidential, the proper procedure under the Court's standing order was for Yuga to "object," "notify the submitting party" and "file an application to file documents under seal **within two court days**" as required by the Court's Standing Order.  Yuga did not do so.  As such, Yuga has waived any claim of confidentiality over the information included in Defendants' opposition brief.

Despite Yuga's waiver, we are moving as expeditiously as possible to address the issues you have raised.  At the outset, your contention that there have been "three dozen" violations of the protective order is baseless and not supported by your letter.  At most, your letter identifies 3 specific issues, all of which we are addressing this morning.

With respect to Yuga Labs' complaint regarding paragraphs 11 and 89 of Dkt. 167-2, in our desire to move as quickly as possible to address the issue, a quote from Guy Oseary's deposition was inadvertently left unredacted in the document.  We have already contacted the court to

**WilmerHale**

March 29, 2023
Page 2

request that the document (Dkt. 167-2) be frozen until an application to seal can be filed. We note that the financial information associated with paragraph 11 was fully redacted in Gosma Decl. Ex. 245. At around 10:50 am PST today, the courtroom deputy directed us to file an emergency stipulation and proposed order seeking temporary sealing. We will prepare a stipulation for your review today.

I turn next to Yuga's complaint concerning pages 102-103 of Mr. Oseary's deposition transcript. Our March 20, 2023 email inadvertently omitted those pages because at the time we did not intend to cite that page range. We note, however, that Yuga Labs has no reasonable basis to designate that material confidential since Mr. Oseary is only testifying about things that did not happen. Notwithstanding, we will have asked the Court to freeze Mr. Oseary's deposition transcript (Dkt. 163-146) until there is an opportunity to file a further application to seal. As noted above, the Courtroom deputy directed us to file a stipulation seeking temporary sealing. We will prepare a stipulation for your review today.

Page 2 of your letter appears to list deposition excerpts without noting any specific confidential information that was disclosed. Should Yuga identify any specific references or quotations of those transcripts that should have been redacted, please let us know so that we may take the appropriate remedial action. Notably, your list of depositions inaccurately suggests that portions of Laura O'Laughlin's testimony were filed unredacted, but the entirety of her testimony is, in fact, redacted (*see* Dkt. 163-149). Notwithstanding the lack of specificity in your request, we have also requested that the Court freeze the docket entries associated with each of the Yuga Labs deposition transcripts (163-142 to 163-150 and 163-152). As noted above, the Courtroom deputy directed us to file a stipulation seeking temporary sealing. We will prepare a stipulation for your review today.

With respect to your statement that Defendants included with their filing deposition pages which are not cited, your letter does not identify any such pages. Consistent with the Court's order, Defendants endeavored to file only portions of deposition transcripts on which they relied in their opposition and statement of genuine disputes of material fact. Any additional pages that were included are merely incidental to the finalization of the opposition and citations therein. Defendants did not intentionally include any additional pages in their filing. Notwithstanding, as stated above, we have already requested freezing of those transcripts, and will prepare the required stipulation to seal.

We have reviewed the six requested remedial actions on page 3 of your letter. With respect to point 1, our understanding is the inadvertent disclosures consist of paragraphs 11 and 89 of the statement of facts and pages 102-103 of the Oseary deposition excerpts (Dkt. 163-146). We further understand that Yuga contends that some unidentified pages of various deposition transcripts are confidential. We once again reviewed our filing and are not aware of any further inadvertent disclosures. To the extent you become aware of any, please let us know so that we

WilmerHale

March 29, 2023
Page 3

can prepare a joint application to file under seal that captures all information that Yuga contends is confidential.

With respect to point 2, we already reached out to chambers on March 28 regarding freezing our initial filing (Dkts. 163-1 and 164-3) and we again reached out on March 29 (Dkt. 167-2, 163-142 to 163-150, 163-152 and 171-3).

With respect to points 3-6, we respond as follows:

- We understand that Mr. Ripps and Mr. Cahen accessed the publicly filed versions of our opposition papers when they were filed;
- Immediately upon learning of the inadvertent disclosure on March 27, 2023, we instructed our clients to destroy all copies of our opposition brief and related papers and further instructed them not to share anything about those documents or discuss them with anyone for any purpose and they agreed to follow our instructions;
- We determined that Mr. Ripps provided a download link containing those publicly filed versions to three third parties:
    - Elle Reeve (CNN)
    - Setty Reddy (Bloomberg)
    - Joe Bernstein (New York Times)
- We further instructed Mr. Ripps to delete the documents from the google drive link, which he did;
- Consistent with paragraph 12 of the protective order, we immediately contacted each of these third parties and instructed them to (1) destroy any materials they may have received, (2) not to disseminate any confidential material, and (3) requested that they execute the acknowledgement in appendix A of the protective order.
- As of the time of this letter, counsel for Bloomberg News (Eric Feder of Davis Wright and Tremaine) responded to let us know that Setty Reddy never accessed the opposition brief and that the download link was no longer active. We have not had any further communication with any of the aforementioned third parties.
- Upon receipt of your March 28, 2023 letter, we also submitted requests to Courtlistener, PacerPro, RECAP/FreeLawProject, and Docket Navigator citing the protective order and requesting that they remove all documents relating to Defendants' opposition. At the time of this letter, RECAP/FreeLawProject has confirmed that the docket entries related to our opposition have been removed. DocketNavigator likewise confirmed that it does not believe it has have the documents and we have not been able to locate them either. We have not yet heard anything from the other third parties but will continue to follow up until all of the documents have been removed.

In various places, your letter references social media posts by our clients which you say relate to these filings. We have reviewed our clients' social media postings since our brief was filed and

WILMERHALE

March 29, 2023
Page 4

have not located any postings about our opposition brief or that otherwise discuss its contents or even Yuga Labs.  We have also asked our clients if they are aware of any such communications and they are not.  If you are aware of any specific postings, please let us know and we will investigate further.

Your letter also refers to an alleged mischaracterization of Mr. Oseary's testimony without actually identifying what testimony was mischaracterized or in what way.  We do not believe we have mischaracterized any testimony in our opposition.  Please provide more specificity so that we may consider your request.  We note that whether a statement mischaracterizes testimony is an issue you can (and no doubt will) raise in your reply brief, where it can be addressed in due course by the Court.

Your letter also vaguely references alleged "suspicious timing" of actions taken by defense counsel and statements and disclosures by Defendants in connection with the Atalay deposition.  As we have explained to you previously, we take the Protective Order seriously and have not disclosed Yuga Labs' confidential information to our clients in connection with that deposition or any other.  Your letter also refers to Mr. Alfred Steiner, who is another attorney retained by our clients.  We are unaware of any disclosure of Yuga Labs' confidential information to Mr. Steiner.  Should you have any specific concerns, we are of course happy to investigate further.

Very truly yours,

*Henry Nikogosyan*
Henry Nikogosyan