ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
|---|---|
| Plaintiff and Counterclaim Defendant, | **DECLARATION OF MEGAN L. MEIER IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS** |
| v. | |
| RYDER RIPPS, JEREMY CAHEN, | Date:        May 1, 2023 |
| Defendants and Counterclaim Plaintiffs. | Time:        1:30 p.m. |
| | Courtroom:  7A |
| | Judge:       Honorable John F. Walter |
| | Trial Date: June 27, 2023 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

I, Megan L. Meier, declare as follows:

1.      My name is Megan L. Meier, and I am a partner at the law firm Clare Locke LLP.  I submit this declaration based on my personal knowledge in support of Yuga Labs Inc. ("Yuga Labs") application for fees under the California anti-SLAPP statute in the above-captioned matter.

2.      I submit this declaration based on my personal knowledge.  If called as a witness, I could testify competently to the facts set forth here.

3.      To the best of my knowledge, information, and belief, all of the facts stated in this declaration are true and correct.  My declaration is based on a review of Clare Locke's time records and the invoices sent to Yuga Labs for this case, my personal knowledge and familiarity with the work performed by Clare Locke professionals at my direction and under my supervision, and my review of the record in this case.

### Background

4.      Clare Locke is a boutique law firm in the Washington, D.C. metropolitan area that specializes in torts with significant reputational components. We have litigated and won numerous high profile cases in court and in arbitrations across the country.

5.      We have earned a national reputation for the quality of the legal services we provide.  For example, our firm has repeatedly won the *National Law Journal*'s Elite Trial Lawyers Award for Sports, Entertainment, and Media Law.  In 2020, the *National Law Journal* recognized me as one of Washington, D.C.'s 40 Under 40.  I have also received nominations to *America's Top 100 High Stakes Litigators* and *The Best of the Bar*, an exclusive recognition bestowed on less than 1% of licensed attorneys nationwide.  Our work and matters have been regularly featured in the news, including in *The New York Times*, *The Wall Street Journal*, and *The Washington Post.*

6.      Notwithstanding our small size, we routinely litigate against, or have

matters adverse to, national Am Law 100 and 200 firms—most recently against Latham & Watkins, Skadden, Williams & Connolly, Kirkland & Ellis, WilmerHale, Gibson Dunn & Crutcher, Davis Wright Tremaine, and Ballard Spahr.  Our results prove that we have the experience and skill to go toe-to-toe with other top-notch firms.  Our firm is extremely selective in our recruiting efforts, and we have recruited some of the best lawyers from large law firms.  For example, I started my career at Kirkland & Ellis, and David Y. Sillers spent his career litigating at large law firms, including Sidley Austin, before choosing to join Clare Locke.  Because we are former big law firm lawyers who have highly successful practices in a unique area of the law, we are able to command similar rates as other top law firms.

7.     As lead counsel for the anti-SLAPP motion, I had responsibility for submissions to the Court and reviewed and substantively edited all filings related to the anti-SLAPP issues.  Below, I set forth a summary of my relevant professional qualifications and those of Clare Locke attorneys David Y. Sillers and Kathryn Humphrey.

8.     I became a partner at Clare Locke in June 2016.  After graduating from Michigan Law School in 2008, I started my career at Kirkland & Ellis, where I worked on billion-dollar transactions, securities litigation, complex commercial litigation, and defamation matters for corporate clients.  In 2014, I left Kirkland to help launch Clare Locke.  I manage many of the firm's high profile matters in both federal and state courts.  For example, I was the primary drafter of the highly praised defamation complaints filed by Dominion Voting Systems against Sidney Powell, Rudy Giuliani, MyPillow, Inc., Mike Lindell, Patrick Byrne, Fox News, and others who broadcast the lie that Dominion stole the 2020 election with a vote-flipping algorithm designed to rig elections for the Venezuelan dictator Hugo Chavez.  A copy of my biography from the firm's website is attached as **Exhibit 1.**

9.     David Sillers is a 2008 graduate from Michigan Law School. Mr. Sillers joined Clare Locke LLP as Counsel after spending a decade litigating

bet-the-company cases for Sidley Austin LLP and Cravath Swain & Moore, two of the county's most respected law firms.  He clerked for the former Chief Judge of the Northern District of Texas, Hon. Barbara M.G. Lynn.  Mr. Sillers has secured multi-million dollar wins on the plaintiff's side and multiple complete defense verdicts on the defendant's side, including dismissals in 12(b) motions, summary judgments, and other similar procedures.  He most recently secured a more than $300 million dollar settlement in a confidential arbitration on behalf of an international energy company.

10.     Kathryn Humphrey is a 2014 graduate of Washington & Lee University School of Law.  A former prosecutor, her experience includes over two hundred bench trials and jury trials.  She also has experience in reputation-related suits from the drafting of the complaint through the merits hearing.

### Anti-SLAPP Litigation

11.     I was the managing partner for the anti-SLAPP briefing.  Yuga Labs hired Clare Locke LLP for this portion of this case because Clare Locke has a national reputation for excellence in reputation-related torts and has experience with anti-SLAPP briefing.  This specific anti-SLAPP briefing was factually and legally complex, and of the highest importance to our client.

12.     Defendants have repeatedly sought to transform this straightforward trademark lawsuit into a sweeping dispute entitling them to impose massive reputational harm and discovery costs on Yuga Labs.  Because of the high stakes involved, Yuga Labs retained Clare Locke LLP to take the lead on the anti-SLAPP briefing, while Yuga's counsel at Fenwick & West took the lead in integrating that briefing with Yuga's Rule 12 motion to dismiss and overall litigation strategy, and in fighting Defendants' sweeping Counterclaim-based discovery requests.

13.     In terms of the factual complexity, the Counterclaims involved approximately a dozen alleged incidents requiring extensive investigation to sort fact from fiction and to develop the factual underpinnings supporting the conclusion

FENWICK & WEST LLP
ATTORNEYS AT LAW

that the Counterclaims were properly covered by the anti-SLAPP statute.  It also required researching the Defendants' voluminous Twitter accounts, which revealed that their behavior on Twitter refuted their claims of "emotional distress."

14.     In terms of legal complexity, there were both procedural and substantive complexities involved in the anti-SLAPP motion, which involved multiple areas of law.  The anti-SLAPP statute is itself nuanced, as it encompasses not just public communications but also petitioning activities, which the caselaw has expanded to court filings and related documents.  Substantively, the IIED/NIED claims have a vast body of caselaw in California, and the fact patterns are themselves complex and often lengthy.  Finding on-point cases for this important matter therefore took time, such as finding cases that were highly factually analogous to the facts of this dispute.  There was also legal research performed into how to respond to causes of action that were effectively defamation claims dressed up as IIED/NIED claims.

15.     As the managing partner of the anti-SLAPP briefing, I exercised my discretion to assign lawyers and staff on this matter to roles appropriate for their level of experience and their unique skillset, in an effort to minimize costs.  I assigned David Sillers, who is an excellent and efficient legal researcher and writer, to research and draft the majority of the briefing in this case.  Because Mr. Sillers has extensive experience in defense-side work, and has a lower hourly billing rate than I do, the cost for the time associated with this work was significantly less than if I had performed it myself.

16.     Similarly, I assigned Kat Humphrey to do much of the legal research related to this case.  Mr. Sillers and I provided strategic guidance and direction regarding the appropriate research for the case and how the briefs should be drafted. Because Ms. Humphrey bills at a significantly reduced hourly rate from both myself and Mr. Sillers, the cost for the time associated with researching caselaw and preparing initial drafts of certain sections of the pleadings was significantly less

FENWICK & WEST LLP
ATTORNEYS AT LAW

than had Mr. Sillers or I performed this work.

17.     Clare Locke attorneys record their time in quarter hour increments in daily in billing entries with detailed descriptions of the work performed.

18.     I reviewed every monthly invoice in this matter before they were sent to Yuga Labs for payment.  During that review, I evaluated the specific work performed by each attorney and paralegal and compared their individual time and the total amount of time and fees the firm billed to Yuga Labs for the services rendered.

19.     Since the beginning of the anti-SLAPP engagement in December 2022, Yuga Labs has timely paid each invoice in full for attorneys' fees for services rendered related to the anti-SLAPP matter.  Yuga Labs had us create a separate "anti-SLAPP" billing code for work on this specific dispute, and I reviewed all time entries to ensure that they were directly related to the anti-SLAPP litigation before sending bills out.  There is one bill issued covering February 2023 that is outstanding, and a "pre-bill" for work performed in March that accurately reflects Clare Locke's time records through March 30, 2023.  As **Exhibit 2** to my declaration, I have provided invoices (redacted to protect privilege) for each timekeeper, including the hours worked and billing rate for each attorney or paralegal.

20.     In sum, Yuga Labs incurred the following attorneys' fees it has incurred from December 2022 – March 30, 2023, for Clare Locke LLP to litigate the anti-SLAPP issues:

Fenwick & West LLP
Attorneys at Law

| Attorney | Hours Billed | Rate | Value |
|---|---|---|---|
| Megan Meier | 51.75 | $1,250.00 | $59,375.00 |
| David Sillers | 88.45 | $1,000.00 | $90,137.50 |
| Kathryn Humphrey | 85 | $810.00 | $68,850.00 |
| Jennifer Roberts | 2.25 | $425.00 | $ 956.25 |
| Page McKinstry | 1.5 | $400.00 | $600.00 |
| Jonathan Tkachuk | 0.5 | $375.00 | $187.50 |
| Total | 229.45 | N/A | $220,106.25 |

21.     The fact that Yuga Labs has timely paid these fees renders them presumptively reasonable, but Courts have also routinely approved fee requests for higher hourly rates and larger numbers of hours for less complicated matters. *See, e.g., In re: NORDIC AVIATION CAPITAL DESIGNATED ACTIVITY COMPANY, et al.*, No. 21-33693-KRH, 2022 WL 10716251 (Bankr. E.D. Va. Oct. 18, 2022) (approving an award for partner rates of $1,845 per hour and Junior Associate rates of $1,000 per hour for attorneys at Kirkland & Ellis—the firm where I previously worked—as reasonable); *Brazile v. Comm'r of Social Sec.*, NO. C18-5914, 2022 WL 503779, at *3-4 (W.D. Wash. Feb. 18, 2022) (approving rate of $2,000 per hour for partner). Additional authority is cited in our motion. Courts have cited the National Law Journal Billing Survey to calculate appropriate market rates. A copy of the 2017 Survey is attached as **Exhibit 3** to my Declaration.

22.     Yuga Labs also incurred significant attorneys' fees and costs that it is statutorily entitled to recover, but which it has elected not to pursue. Specifically, Fenwick & West LLP also provided valuable legal services in relation to the anti-SLAPP motion and invested substantial resources combatting Defendants' expansive and unduly burdensome Counterclaim-related discovery requests. However, Yuga Labs does not seek to recoup those attorneys' fees and costs.

23.     I declare under penalty of perjury that, under the laws of the United States to the best of my knowledge, the foregoing is true and correct.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Executed in Virginia on March 31, 2023.

2

3

4                                Megan L. Meier

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW