ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF ERIC BALL IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date:    May 1, 2023<br>Time:    1:30 p.m.<br>Courtroom:  7A<br>Judge:   Honorable John F. Walter<br><br>Trial Date: June 27, 2023 |

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA  90401
   Telephone:  310.434.4300
4
5  DAVID Y. SILLERS (*admitted pro hac vice*)
   david@clarelocke.com
6  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
7  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA  22314
   Telephone:  202.628.7400
10
11 Attorneys for Plaintiff and
   Counterclaim Defendant
12 YUGA LABS, INC.

I, Eric Ball, declare as follows:

1. I am an attorney admitted to practice in California and a partner at the law firm of Fenwick & West LLP ("Fenwick"), counsel for Plaintiff Yuga Labs, Inc. ("Yuga Labs") in the above-captioned matter and for other matters, including as to trademark and copyright issues. I am Lead Counsel for Yuga Labs in this action. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2. I submit this declaration in support of Yuga Labs' Motion for an Award of Attorneys' Fees and Costs.

3. Fenwick's attorneys keep detailed, contemporaneous time records for all time billed to client matters handled by the firm. Attorneys record their time to the nearest tenth of an hour in an electronic time record system. Each timekeeper also includes an explanation of the work performed. Fenwick's electronic time record system, common among comparable law firms, enables Fenwick to track fees incurred by the firm on behalf of its clients and further allows for generation of monthly invoices describing the hours worked on a particular matter, the nature of the work performed, and the fees incurred for that work.

4. On January 2, 2023, I communicated with Defendants' counsel by email to notify them of Yuga Labs' intent to move to dismiss and strike Defendants' counterclaims. In this email, I stated the various grounds on which Yuga Labs intended to move for dismissal, one being that "there is no claim for declaratory relief of non-defamation, the claim is currently non-justiciable, and the request is contrary to the purposes of the Declaratory Judgment Act." Attached hereto as **Exhibit 1**, is a true and correct copy of this email.

5. On January 4, 2023, I met and conferred with Defendants' counsel to discuss Plaintiff's Special Motion to Strike ("Motion to Strike"). During this conference, Defendants' counsel stated that Defendants would not drop or amend their counterclaims, despite the arguments I raised before and during the

conference. Pursuant to Local Rule 7-3, Fenwick's attorneys drafted a joint statement regarding the conference and filed it with the Court (ECF No. 78).

6. Between December 27, 2023 and January 16, 2023, I, along with one attorney of counsel, one senior associate, and one junior associate ("the Fenwick attorneys") worked with the attorneys at Clare Locke to craft and finalize arguments for the Motion to Strike (ECF No. 89), pull exhibits into the Ball Declaration in support of the Motion to Strike (ECF No. 89-3), and file the papers with the Court.

7. On January 18, 2023, two days after Yuga Labs first filed its Motion to Strike with the Court, Defendants' counsel communicated with me by email requesting an explanation regarding the alleged untimeliness of our Motion to Strike. In response, the Fenwick attorneys researched and briefed a response to the purported untimeliness allegations. Attached hereto as **Exhibit 2** is a true and correct copy of the January 18 email from Defendants' counsel.

8. Between February 4, 2023 and February 13, 2023, the Fenwick attorneys worked with the attorneys at Clare Locke to craft and finalize arguments for the Reply in support of the Motion to Strike (ECF No. 97) and pull exhibits into the Supplemental Ball Declaration in support of the Reply (ECF No. 97-1).

9. Between February 13, 2023 and February 15, 2023, the Fenwick attorneys worked with the attorneys at Clare Locke to prepare the Proposed Statement of Decision for the Motion to Strike (ECF No. 102-1).

10. At my request, Fenwick's finance personnel exported the time entries record for the time period December 27, 2022 – February 15, 2023 into an excel spreadsheet for my review for the four Fenwick attorneys. I then reviewed the entries to determine which ones were specific to or necessarily related to Defendants' stricken counterclaims. I also discussed with the timekeepers the work they did relating to the stricken counterclaims exclusive of the work they did on the motion to dismiss the copyright claims. From my review of the written billing

records, my personal knowledge of the work that the Fenwick attorneys performed on the Motion to Strike, and my conversations with the Fenwick attorneys, I have determined that the Fenwick attorneys' work in connection with the arguments to strike the state law claims under California's anti-SLAPP statute (as distinct from the work they performed for the arguments to dismiss the copyright claims) totals no less than $50,000.00 in fees billed to Yuga Labs. Since Yuga Labs is only seeking Clare Locke's attorneys' fees in connection with the Motion for an Award of Attorneys' Fees and Costs, this amount has been discounted from the fee award Yuga Labs is seeking in its Motion for an Award of Attorneys' Fees and Costs. Yuga Labs thus will not receive all fees and costs incurred in connection with the Defendants' dismissed claims.

11. Defendants submitted numerous discovery requests premised on their stricken counterclaims. On December 31, 2022, Defendants' counsel sent a letter to my colleague (who shared the letter with me) requesting, among other things, information relating to "Inflammatory Material" and Defendants' state-law counterclaims. Specifically, Defendants' counsel stated in this letter: "[g]iven Mr. Ripps and Mr. Cahen's counterclaims, including their claims for intentional infliction of emotion distress and declaration of no defamation, Yuga's responses to accusations relating to Inflammatory Material are well within the scope of discovery."

12. Fenwick was required to spend a significant amount of time conferring with Defendants' counsel about these discovery requests, drafting a joint stipulation, and briefing the issues to the Court (ECF No. 80). I reviewed the billing records related to the work performed in connection with rebuffing Defendants' attempts to obtain discovery on the stricken counterclaims and have determined that Fenwick billed Yuga Labs no less than $100,000.00 in attorneys' fees for the work performed by myself, an of counsel, a senior associate, and a junior associate. The fees incurred in connection with this work have also been

discounted from the fee award Yuga Labs is seeking in its Motion for an Award of Attorneys' Fees and Costs.

13.     On March 23, 2023, I met and conferred with Defendants' counsel to discuss Yuga Labs' intent to seek fees and costs pursuant to the Court's Order granting Yuga Labs' Special Motion to Strike (ECF No. 62).  That same day, Fenwick's attorneys drafted a joint statement, pursuant to Local Rule 7-3, regarding the conference and sent it to Defendants' counsel by email to get their stipulation to the joint statement.  Between March 24, 2023 and March 30, 2023, counsel for the parties exchanged numerous emails and drafts of the joint statement.  Defendants' versions of the joint statement were sent by, and apparently edited by, a WilmerHale attorney who was not in attendance at the March 23 conference.  Attached hereto as **Exhibit 3** are true and correct copies of these emails.

I declare under penalty of perjury under the laws of California that, to the best of my knowledge, the foregoing is true and correct.

Executed on March 31, 2023.

                    /s/ Eric Ball
                    Eric Ball