# Exhibit 1

**Exhibit 1**
**Page 5**

| | |
|---|---|
| **From:** | Eric Ball |
| **Sent:** | Monday, January 2, 2023 3:35 PM |
| **To:** | Tompros, Louis W.; Anthony Fares; Ethan Thomas; Kimberly Culp |
| **Cc:** | Gosma, Derek; Nikogosyan, Henry; Grewal, Monica; Bertulli, Scott |
| **Subject:** | RE: Yuga Labs, Inc. v. Ripps et al, Case 2:22-cv-04355-JFW-JEM |

Louis,

Happy New Year.  In addition to the stay motion, we should meet and confer regarding Yuga Labs' Motion to Dismiss Mr. Cahen's and Mr. Ripps' counterclaims.  We plan to move for dismissal under FRCP 12(b)(1) and (6), and 9(b).  We also plan to move to dismiss under California's Anti-Slapp protection, in particular related to Yuga Labs' litigation privilege and the statute's protection from making public statements about matters of public concern.

More specifically, Mr. Cahen and Mr. Ripps have failed to plead their first counterclaim with the requisite particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  They have also failed to show any plausible harm and thus lack standing under 12(b)(1).  Next, they have failed to sufficiently show a case or controversy as to their second and third counterclaims.  *Rhoades v. Avon Products, Inc.*, 504 F. 3d 1151 (9th Cir. 2007); 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007).  They have likewise failed to plead the requisite elements of their fourth and fifth counterclaims.  Yuga Labs owes no duty to Mr. Cahen or Mr. Ripps.  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993).  Nor has, or can, they plausibly plead any harm from Yuga Labs.  And the allegations of the complaint do not meet the intentional infliction of emotional distress standard.  *Cochran v. Cochran*, 65 Cal. App. 4th 488 (Ct. App. 1998); *McMahon v. Craig* (2009) 176 Cal.App.4th 1502, 1516.  Indeed, Mr. Cahen's and Mr. Ripps' public statements where they promote the litigation establish that they have not been harmed.  Finally, there is no claim for declaratory relief of non-defamation, the claim is currently non-justiciable, and the request is contrary to the purposes of the Declaratory Judgment Act and we intend to ask the Court dismiss it.  If you have any authority for such a claim, we'd be happy to review it.  Otherwise, we will move to dismiss Mr. Ripps' and Mr. Cahen's sixth counterclaim under Rule 12(b)(1) and 12(b)(6), as well as the Court's inherent authority to decline inappropriate declaratory judgment claims.

In addition to these issues, since Mr. Cahen's and Mr. Ripps' counterclaims concede that their claims are based on Yuga Labs' litigation, California's Anti-Slapp law and the litigation privilege bars Mr. Cahen's and Mr. Ripps' claims.  Civ. Code §47(b); Cal. Code of Civ. Proc §425.16; *Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 37; *Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 121.  In addition, the counter-claims are based on protected free speech made in a public forum and on matters of public concern.

I can be available after 2 on Wednesday.


Eric Ball
Fenwick | Partner | 650-335-7635 | eball@fenwick.com

Exhibit 1
Page 6