# Exhibit 36

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>  Plaintiff and<br>  Counterclaim Defendant,<br><br>  v.<br><br>Ryder Ripps and Jeremy Cahen,<br><br>  Defendants and<br>  Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**RYDER RIPPS'S THIRD SUPPLEMENTAL RESPONSES TO YUGA LABS, INC.'S FIRST SET OF INTERROGATORIES TO RYDER RIPPS (NOS. 1-17)** |

Stored Information to be entered in this case. Further, Mr. Ripps will produce documents under the format specified in the Order Regarding Discovery of Electronically Stored Information only after there is a Protective Order entered in this case.

9. Mr. Ripps objects to Yuga's Instruction No. 3 as it is overly broad and unduly burdensome and seeks information outside of Mr. Ripps's possession, custody, or control to the extent it requires for "any document identified in response…but is no longer in your possession, custody, or subject to your control…" that has been "otherwise disposed" Mr. Ripps must "explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or… identify the writings that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee, and the number of pages."

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail the facts and circumstances concerning the conception and creation of the RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 1**:

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the creation of RR/BAYC NFTs including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any

other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

At least two circumstances caused Mr. Ripps to create the RR/BAYC NFTs. First, Yuga embedded its BAYC NFTs with racist elements and then misled the public on its use of such elements. Mr. Ripps publicized Yuga's use of racist elements on Twitter because he considered Yuga's behavior to be unethical and harmful to society. Mr. Ripps later chose to speak out against Yuga through the performance and appropriation art project known as RR/BAYC. He created the RR/BAYC NFTs to bring attention to Yuga's use of hidden racist elements and to create a community of educators that would stand up against Yuga's offensive conduct.

Second, Mr. Ripps created RR/BAYC NFTs to educate the public on the non-fungible nature of NFTs. RR/BAYC NFTs show that purchasing an NFT involves purchasing only a unique digital token recorded on the blockchain, and not the corresponding digital image. Mr. Ripps demonstrated this fact by creating RR/BAYC NFTs that identify the same digital image as BAYC NFTs, but do not copy those digital images or their unique digital tokens.

**INTERROGATORY NO. 2:**

Describe in detail the facts and circumstances concerning the decision to associate the RR/BAYC NFTs with the same Bored Ape images that are associated with the BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the facts and circumstances" of the decision to associate RR/BAYC NFTs with the Bored Ape images that are associated with BAYC NFTS including details not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this

Interrogatory to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information on facts or circumstances that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "describe in detail the reasons for using the BAYC Marks in connection with the RR/BAYC NFTs" including details not relevant or only remotely relevant to this Litigation.  Mr. Ripps further objects to this Interrogatory to the extent it assumes that Mr. Ripps has infringed Yuga's trademark rights associated with the BAYC NFTs.  Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available.  Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity.  Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps incorporates his response to Interrogatory No. 1.

Mr. Ripps displayed modified versions of certain Asserted Marks—for example, as incorporated into his project's title, RR/BAYC—to identify the BAYC NFT collection that the RR/BAYC project criticizes.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (11/3/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Mr. Ripps's RR/BAYC project displayed modified versions of certain Asserted Marks so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps' commentary. Through his use of modified versions of certain BAYC marks, Mr. Ripps expressed his belief that Yuga's behavior was unethical and harmful to society, in particular because Yuga's website and specific BAYC NFTs contain racist and hateful elements. Through the creation of the RR/BAYC project and use of modified versions of certain BAYC Marks, Mr. Ripps endeavored to raise social awareness of Yuga's problematic and offensive conduct and create a community of educated individuals that would stand up against it.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (12/28/2022):**

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps further responds as follows:

Mr. Ripps's RR/BAYC project in nearly all instances displayed modified versions of certain Asserted Marks, though in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps's commentary. Through his use of modified and unmodified versions of certain BAYC marks, Mr. Ripps expressed his belief that Yuga's behavior was unethical and

harmful to society, in particular because Yuga's website and specific BAYC NFTs contain racist and hateful elements. Through the creation of the RR/BAYC project and use of modified and unmodified versions of certain BAYC Marks, Mr. Ripps endeavored to raise social awareness of Yuga's problematic and offensive conduct and create a community of educated individuals that would stand up against it.

**INTERROGATORY NO. 4:**

Identify all RR/BAYC Marks.

**RESPONSE TO INTERROGATORY NO. 4:**

Mr. Ripps objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case in that it asks Mr. Ripps to "identify all RR/BAYC Marks" including RR/BAYC Marks that Yuga has not accused in this litigation, or marks that are not relevant or only remotely relevant to this Litigation. Mr. Ripps further objects to this Interrogatory to the extent it seeks information that is publicly available. Mr. Ripps also objects to this Interrogatory as premature to the extent it is inconsistent with anti-SLAPP immunity. Mr. Ripps further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing Specific Objections and General Objections, Mr. Ripps responds as follows:

Mr. Ripps's performance and appropriation art project is titled RR/BAYC. "RR" stands for Mr. Ripps's name, Ryder Ripps, and "BAYC" references the abbreviated title of Yuga's NFT collection. Mr. Ripps does not claim ownership or interest in any Mark related to the RR/BAYC project, including RR/BAYC.

**INTERROGATORY NO. 5:**

Describe in detail the facts and circumstances concerning the selection and adoption of the RR/BAYC Marks, including without limitation when the Marks were