# EXHIBIT 109

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Monday, October 17, 2022 06:12 PM |
| **To:** | trademarks@fenwick.com |
| **Subject:** | Official USPTO Notification: U.S. Trademark SN 97106855 -- Docket/Reference No. 39048-00070 |

OFFICIAL USPTO NOTICE OF ABANDONMENT

**TRADEMARK APPLICATION ABANDONED FAILURE TO TIMELY RESPOND TO OFFICE ACTION**

**U.S. Application Serial No.** 97106855
**Mark:** APE
**Owner:** YUGA LABS, INC.
**Docket/Reference No.** 39048-00070

**Issue Date:** October 17, 2022

**The application above is abandoned** because we did not receive a response to the previous Office action within the six-month response period.

If you did not receive the Office action or if the delay in filing your response was unintentional, you can file a Petition to Revive Abandoned Application - Failure to Respond Timely to Office Action form. **You must file the petition within two months of the issue date of this notice. The petition must include the following:**

   (1) A signed statement by someone with firsthand knowledge of the facts, stating that the delay in responding by the due date was unintentional;

   (2) A complete response to the Office action if the Office action was received, or, if the Office action was not received, a clear statement of this fact; and

   (3) A petition fee.

If you have proof that the application was abandoned due to USPTO error, you can file a Request for Reinstatement of the application and include the proof (such as a copy of an email confirmation issued by the USPTO that includes the date of receipt and a summary of the online submission). You must file the request **within two months of the issue date of this notice**. There is no fee for this request.

For more information on filing a petition, see our webpage on petitions.

For questions about this notice, filing a petition, or filing a request for reinstatement, contact the Trademark Assistance Center at 1-800-786-9199 (select option 1) or at TrademarkAssistanceCenter@uspto.gov.

View this notice and other documents for this application online in the Trademark Status and Document Retrieval (TSDR) database.

| | |
|---|---|
| **From:** | tmng.notices@uspto.gov |
| **Sent:** | Monday, October 17, 2022 03:03:34 PM EDT |
| **To:** | trademarks@fenwick.com |
| **Subject:** | Official USPTO Notification: U.S. Trademark Application SN 97106855 -- Docket/Reference No. 39048-00070 |

**OFFICIAL USPTO NOTICE OF ABANDONMENT**

**TRADEMARK APPLICATION ABANDONED**
**FAILURE TO RESPOND TIMELY TO OFFICE ACTION**

**U.S. Application Serial No.** 97106855
**Mark:** APE
**Owner:** YUGA LABS, INC.
**Docket/Reference No.** 39048-00070

**Issue date:** October 17, 2022

**The application above is abandoned** because we did not receive a response to the previous Office action within the six-month response period.

If you did not receive the Office action or if the delay in filing your response was unintentional, you can file a Petition to Revive Abandoned Application - Failure to Respond Timely to Office Action form. **You must file the petition within two months of the issue date of this notice. The petition must include the following:**

(1)  A signed statement by someone with firsthand knowledge of the facts, stating that the delay in responding by the due date was unintentional;

(2)  A complete response to the Office action if the Office action was received, or, if the Office action was not received, a clear statement of this fact; and

(3)  A petition fee.

If you have proof that the application was abandoned due to USPTO error, you can file a Request for Reinstatement of the application and include the proof (such as a copy of an email confirmation issued by the USPTO that includes the date of receipt and a summary of the online submission). You must file the request **within two months of the issue date of this notice.** There is no fee for this request.

For more information on filing a petition, see our webpage on petitions.

**Direct questions** about this notice, filing a petition, or filing a request for reinstatement to the Trademark Assistance Center at 1-800-786-9199 (select option 1) or TrademarkAssistanceCenter@uspto.gov.

**View this notice** and other documents for this application in the Trademark Status and Document Retrieval (TSDR) database.

| | |
|---|---|
| **To:** | Mark A. Jansen(trademarks@fenwick.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97106855 - APE - 39048-00070 |
| **Sent:** | April 01, 2022 12:04:44 PM EDT |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

Snag_15556270.png

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 97106855

**Mark:** APE

**Correspondence Address:**
Mark A. Jansen
Fenwick & West LLP
801 California Street
Mountain View CA 94041 UNITED STATES

**Applicant:** Yuga Labs LLC

**Reference/Docket No.** 39048-00070

**Correspondence Email Address:** trademarks@fenwick.com

# NONFINAL OFFICE ACTION

**The USPTO must receive applicant's response to this letter within <u>six months</u> of the issue date below or the application will be <u>abandoned.</u>** Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:** April 01, 2022

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SEARCH OF USPTO DATABASE OF MARKS**

The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

**SUMMARY OF ISSUES:**
- Unacceptable Specimen
- Mark on Drawing Differs from Mark on Specimen
- Identification of Goods and Services
- Multiple-Class Application Requirements

**UNACCEPTABLE SPECIMEN**

**Specimen does not show use in specific class(es).** Registration is refused because the specimen does not show the applied-for mark as actually used in commerce in connection with any of the goods and/or services specified in International Class(es) 42. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); *In re Keep A Breast Found.*, 123 USPQ2d 1869, 1876-79 (TTAB 2017); TMEP §§904, 904.07(a), 1301.04(d), (g)(i). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods and/or services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a); *see In re Gulf Coast Nutritionals, Inc.*, 106 USPQ2d 1243, 1247 (TTAB 2013).

Specifically, applicant has indicated use with respect to the identification for "Providing on-line non-downloadable virtual goods, namely, digital art; providing online digital artwork and images; non-fungible tokens (nfts) or other digital tokens based on blockchain technology". However, the specimen states "BUY AN APE" followed by "To get a Bored Ape, check out the collection on OpenSea" above a link that states "BUY AN APE ON OPENSEA". Thus, OpenSea appears to be the source of applicant's services. As a result, the specimen does not show use of the applied-for mark in connection with the identified services.

**Examples of specimens.** Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

**Response options.** Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

> (1)  Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce

for the goods and/or services identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

(2) Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Applicant should note the following additional ground for refusal.

**MARK ON DRAWING DIFFERS FROM MARK ON SPECIMEN**

**Mark shown on drawing does not match mark on specimen.** Registration is refused because the specimen does not show the mark in the drawing in use in commerce in International Class(es) 42, which is required in the application or amendment to allege use. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i). The mark appearing on the specimen and in the drawing must match; that is, the mark in the drawing "must be a substantially exact representation of the mark" on the specimen. *See* 37 C.F.R. §2.51(a)-(b); TMEP §807.12(a).

In this case, the drawing displays the mark as APE. However, the specimen displays the following marks: BA YC with design, BA YC BORED APE YACHT CLUB with design, BAYC, and BORED APE YACHT CLUB. Further, the specimen states "To get your **Bored Ape** check out the collection on OpenSea" below the statement BUY AN APE. This suggests BORED APE is the source identifier of applicant's goods. Applicant has thus failed to provide the required evidence of use of the mark in commerce. *See* TMEP §807.12(a).

**Response options.** Applicant may respond to this refusal by satisfying one of the following:

(1) **Submit a different specimen** (a verified "substitute" specimen) for each applicable international class that (a) shows the mark in the drawing in actual use in commerce for the goods and/or services in the application or amendment to allege use, and (b) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use.

**Examples of specimens.** Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP

§1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

(2) **Submit a request to amend the filing basis** to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

The USPTO will not accept an amended drawing submitted in response to this refusal because the changes would materially alter the drawing of the mark in the original application or as previously acceptably amended. *See* 37 C.F.R. §2.72(a)-(b); TMEP §807.14. Specifically, the marks on the specimen create a separable commercial impression from the mark on the drawing.

For more information about drawings and instructions on how to satisfy these response options using the online Trademark Electronic Application System (TEAS) form, see the Drawing webpage.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration. However, if applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

**IDENTIFICATION OF GOODS AND SERVICES**

Applicant has identified the following goods and services:

Class 9:
Computer software **platforms for developing, building, and operating distributed applications**

Class 36: **Cryptocurrency, namely, providing a digital currency or digital token for use by members of an on-line community via a global computer network; Cryptocurrency services in the nature of providing a digital currency or digital token incorporating cryptographic protocols used to operate and build applications and blockchains on a decentralized computer platform and as a method of payment for goods and services**

Class 41:
**Providing online game services**

Class 42:
Design, development, and implementation **of software for distributed computing platforms**; Design, development, and implementation **of software for blockchain software**; Developing customized software **in the field of distributed computing platforms for others**; Developing customized software **in the field of blockchain software for others**; Software development and product development consulting **in the field of distributed computing platforms**; Software development and product development consulting **in the field of blockchain software**;

**Providing on-line non-downloadable virtual goods, namely, digital art; providing online digital artwork and images; non-fungible tokens (nfts) or other digital tokens based on blockchain technology**

The above bolded wording must be clarified because it is too broad and could include goods and/or services in other international classes. Specifically, in Class 9, applicant must specify that the computer software is downloadable. Similarly, in Class 41 applicant must specify the type of game being provided. In Class 42, applicant must clarify the purpose of the software being provided. Further, the identifications for "providing on-line non-downloadable virtual goods, namely, digital art; providing online digital artwork and images; non-fungible tokens (nfts) or other digital tokens based on blockchain technology" must be clarified because these identifications could encompass goods and/or services in Classes 9 or 41 as indicated below.

Lastly, with respect to Class 36, the identification for "Cryptocurrency services in the nature of providing a digital currency or digital token incorporating cryptographic protocols used to operate and build applications and blockchains on a decentralized computer platform and as a method of payment for goods and services" is indefinite and must be clarified because it is merely a variation of the definition of cryptocurrency. *See attached webpage.* Similarly, the identification for "Cryptocurrency, namely, providing a digital currency or digital token for use by members of an on-line community via a global computer network" is indefinite and must be clarified because the identification could encompass marketplace services in Class 35 as indicated in bold below.

Applicant may adopt the following identification, if accurate:

*Class 9*
Computer software platforms, **downloadable**, for **application development and operation; Downloadable image files containing {indicate subject matter or field, e.g., trading cards, artwork, memes, sneakers, etc.} authenticated by** non-fungible tokens (NFTs) **utilizing** blockchain technology

**Class 35**
**Provision of an online marketplace for buyers and sellers of** digital tokens **in the nature of downloadable digital {indicate type of downloadable digital goods, e.g., art images, music, video clips, etc.} authenticated by non-fungible tokens (NFTs)**

*Class 36*
Cryptocurrency **exchange services using blockchain technology**

*Class 41*
**Entertainment services, namely,** providing online **{specify e.g., video, augmented reality, computer} game**s; **Entertainment services, namely, providing online** non-downloadable virtual goods, namely, digital art **authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes**; providing online **non-downloadable** digital artwork and images **authenticated by non-fungible tokens (NFTs)**

*Class 42*
Design, development, and implementation of software for **{indicate purpose} for use with** distributed computing platforms; Design, development, and implementation of software **for {indicate purpose} using** blockchain **technology**; Developing customized software in the field

of **{specify} for other for use with** distributed computing platforms; Developing customized software in the field of **{specify} for others for use with** blockchain **technology**; Software development and product development consulting in the field of **{specify} for use with** distributed computing platforms; Software development and product development consulting in the field of blockchain **technology** software

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted goods and/or services may not later be reinserted. *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

**MULTIPLE-CLASS APPLICATION REQUIREMENTS**

The application references goods and/or services based on use in commerce in more than one international class; therefore, applicant must satisfy all the requirements below for each international class:

(1) **List the goods and/or services by their international class number** in consecutive numerical order, starting with the lowest numbered class (for example, International Class 3: perfume; International Class 18: cosmetic bags sold empty).

(2) **Submit a filing fee for each international class** not covered by the fee(s) already paid (view the USPTO's current fee schedule). Specifically, the application identifies goods and/or services based on use in commerce that are classified in at least **five** classes; however, applicant submitted a fee(s) sufficient for only **four** class(es). Applicant must either (a) submit the filing fees for the classes not covered by the submitted fees or (b) restrict the application to the number of classes covered by the fees already paid.

(3) **Submit verified dates of first use of the mark** anywhere and in commerce **for each international class**. See more information about verified dates of use.

(4) **Submit a specimen for each international class**. The current specimen is not acceptable for Class 42. The remainder of the application remains under Section 1(b) and does not require a specimen at this time. See more information about specimens.

**Examples of specimens.** Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C.

§1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

   (5) **Submit a verified statement** that "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**" See more information about verification.

*See* 37 C.F.R. §2.86(a); TMEP §§1403.01, 1403.02(c).

For an overview of the requirements for a Section 1(a) multiple-class application and how to satisfy the requirements online using the Trademark Electronic Application System (TEAS) form, see the Multiple-class Application webpage.

**ASSISTANCE**

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond. Click to file a response to this nonfinal Office action.**

/Megan Clifford/
Megan Clifford
Trademark Examining Attorney
Law Office 111
(571) 272-9322
megan.clifford@uspto.gov


**RESPONSE GUIDANCE**

- **Missing the response deadline to this letter will cause the application to abandon.** The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon**. If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.



