# EXHIBIT 111

Generated on: This page was generated by TSDR on 2023-03-14 09:39:27 EDT

Mark: BORED APE YACHT CLUB

Bored Ape Yacht Club

| | | | |
|---|---|---|---|
| US Serial Number: | 90739977 | Application Filing Date: | May 27, 2021 |
| Register: | Principal | | |
| Mark Type: | Trademark, Service Mark | | |
| TM5 Common Status Descriptor: | | LIVE/APPLICATION/Opposition Pending | |
| | | The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided. | |
| Status: | | An opposition after publication is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page. | |
| Status Date: | Feb. 09, 2023 | | |
| Publication Date: | Jan. 17, 2023 | | |

## Mark Information

| | |
|---|---|
| Mark Literal Elements: | BORED APE YACHT CLUB |
| Standard Character Claim: | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| Mark Drawing Type: | 4 - STANDARD CHARACTER MARK |
| Disclaimer: | "CLUB" |

## Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | Digital collectibles in the nature of downloadable multimedia file containing digitally-created artwork authenticated by non-fungible tokens (NFTs); Digital collectibles in the nature of downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs) | | |
| International Class(es): | 009 - Primary Class | U.S Class(es): | 021, 023, 026, 036, 038 |
| Class Status: | ACTIVE | | |
| Basis: | 1(b) | | |
| For: | Maintaining and recording ownership of art prints comprised of digital illustrations originating from photographs; Maintaining and recording ownership of downloadable digital illustrations authenticated by nonfungible tokens; Provision of an online marketplace for buyers and sellers of downloadable digital collectibles in the nature of artwork, memes, trading cards, pictures, movie clips, music videos, interviews, books, newsletters, magazines, music, podcasts, and soundbites authenticated by non-fungible tokens (NFTs) | | |
| International Class(es): | 035 - Primary Class | U.S Class(es): | 100, 101, 102 |
| Class Status: | ACTIVE | | |
| Basis: | 1(b) | | |
| For: | Computer services, namely, creating an online community for registered users to access a collaborative graffiti board | | |
| International | 042 - Primary Class | U.S Class(es): | 100, 101 |

RIPPSCAHEN00023102

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 90739977 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 111 |
| **MARK SECTION** | |
| MARK | [mark](mark) |
| LITERAL ELEMENT | BORED APE YACHT CLUB |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **OWNER SECTION (current)** | |
| NAME | YUGA LABS, INC. |
| INTERNAL ADDRESS | 1430 S. DIXIE HWY |
| MAILING ADDRESS | STE. 105 1075 |
| CITY | CORAL GABLES |
| STATE | Florida |
| ZIP/POSTAL CODE | 33146-3108 |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| **OWNER SECTION (proposed)** | |
| NAME | YUGA LABS, INC. |
| INTERNAL ADDRESS | 1430 S. DIXIE HWY |
| MAILING ADDRESS | STE. 105 1075 |
| CITY | CORAL GABLES |
| STATE | Florida |
| ZIP/POSTAL CODE | 33146-3108 |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| EMAIL | XXXX |
| **GOODS AND/OR SERVICES SECTION (016)(class deleted)** | |
| **GOODS AND/OR SERVICES SECTION (009) (class added)Original Class (016)** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | |
| Digital collectibles in the nature of downloadable multimedia file containing digitally-created artwork authenticated by non-fungible tokens | |

RIPPSCAHEN00023140

(NFTs); Digital collectibles in the nature of downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs)

| WEBPAGE URL | None Provided |
|---|---|
| WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |

## GOODS AND/OR SERVICES SECTION (035) (current)

| INTERNATIONAL CLASS | 035 |
|---|---|
| DESCRIPTION | |

maintain and record ownership of digital illustrations; maintain and record ownership of digital illustrations represented by non-fungible tokens; providing a website featuring an online marketplace for exchanging digital collectibles

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 04/23/2021 |
| FIRST USE IN COMMERCE DATE | At least as early as 04/23/2021 |

## GOODS AND/OR SERVICES SECTION (035) (proposed)

| INTERNATIONAL CLASS | 035 |
|---|---|
| TRACKED TEXT DESCRIPTION | |

~~maintain and record ownership of digital illustrations;~~ Maintaining and recording ownership of art prints comprised of digital illustrations originating from photographs; ~~maintain and record ownership of digital illustrations represented by non-fungible tokens;~~ Maintaining and recording ownership of downloadable digital illustrations authenticated by nonfungible tokens; ~~providing a website featuring an online marketplace for exchanging digital collectibles;~~ Provision of an online marketplace for buyers and sellers of downloadable digital collectibles in the nature of artwork, memes, trading cards, pictures, movie clips, music videos, interviews, books, newsletters, magazines, music, podcasts, and soundbites authenticated authenticated by non-fungible tokens (NFTs)

| FINAL DESCRIPTION | |
|---|---|

Maintaining and recording ownership of art prints comprised of digital illustrations originating from photographs; Maintaining and recording ownership of downloadable digital illustrations authenticated by nonfungible tokens; Provision of an online marketplace for buyers and sellers of downloadable digital collectibles in the nature of artwork, memes, trading cards, pictures, movie clips, music videos, interviews, books, newsletters, magazines, music, podcasts, and soundbites authenticated authenticated by non-fungible tokens (NFTs)

| WEBPAGE URL | None Provided |
|---|---|
| WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |
| DELETED FILING BASIS | 1(a); |

## GOODS AND/OR SERVICES SECTION (045) (current)

| INTERNATIONAL CLASS | 045 |
|---|---|
| DESCRIPTION | |

online social networking services provided through a members-only website; computer services, namely, creating an online community for registered users to access a collaborative graffiti board

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 04/23/2021 |
| FIRST USE IN COMMERCE DATE | At least as early as 04/23/2021 |

## GOODS AND/OR SERVICES SECTION (045) (proposed)

| INTERNATIONAL CLASS | 045 |
|---|---|
| DESCRIPTION | |

RIPPSCAHEN00023141

online social networking services provided through a members-only website; computer services, namely, creating an online community for registered users to access a collaborative graffiti board

| | |
|---|---|
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **FILING BASIS** | Section 1(b) |
| **DELETED FILING BASIS** | 1(a); |
| **ADDITIONAL STATEMENTS SECTION** | |
| **DISCLAIMER** | No claim is made to the exclusive right to use CLUB apart from the mark as shown. |
| **CORRESPONDENCE INFORMATION (current)** | |
| **NAME** | Mark A. Jansen |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | trademarks@fenwick.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER** | 39048-00070 |
| **CORRESPONDENCE INFORMATION (proposed)** | |
| **NAME** | Mark A. Jansen |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | trademarks@fenwick.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER** | 39048-00070 |
| **SIGNATURE SECTION** | |
| **DECLARATION SIGNATURE** | /alongobucco/ |
| **SIGNATORY'S NAME** | Anne Marie Longobucco |
| **SIGNATORY'S POSITION** | Attorney of Record, New York bar member |
| **SIGNATORY'S PHONE NUMBER** | 12124302741 |
| **DATE SIGNED** | 09/21/2022 |
| **SIGNATURE METHOD** | Sent to third party for signature |
| **RESPONSE SIGNATURE** | /alongobucco/ |
| **SIGNATORY'S NAME** | Anne Marie Longobucco |
| **SIGNATORY'S POSITION** | Attorney of Record, N.Y. Bar Member |
| **SIGNATORY'S PHONE NUMBER** | 12124302741 |
| **DATE SIGNED** | 09/22/2022 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |
| **SIGNATURE METHOD** | Sent to third party for signature |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Thu Sep 22 11:19:56 ET 2022 |
| **TEAS STAMP** | USPTO/ROA-XX.XXX.XXX.XXX-20220922111956145554-9073 9977-800617fac775a78e814e 389b349c55ab2d665ab8d5f53 1d51e2c643bb816dfb2d-N/A-N/A-20220921150030465795 |

RIPPSCAHEN00023142

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **90739977** BORED APE YACHT CLUB(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/90739977/large) has been amended as follows:

## CLASSIFICATION AND LISTING OF GOODS/SERVICES

**Applicant hereby deletes the following class of goods/services from the application.**
Class 016 for digital collectibles; digital collectibles sold as non-fungible tokens

**Applicant proposes to amend the following:**

**Current:**
Class 035 for maintain and record ownership of digital illustrations; maintain and record ownership of digital illustrations represented by non-fungible tokens; providing a website featuring an online marketplace for exchanging digital collectibles
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 04/23/2021 and first used in commerce at least as early as 04/23/2021 , and is now in use in such commerce.

**Proposed:**

**Tracked Text Description:** ~~maintain and record ownership of digital illustrations~~; Maintaining and recording ownership of art prints comprised of digital illustrations originating from photographs; ~~maintain and record ownership of digital illustrations represented by non-fungible tokens~~; Maintaining and recording ownership of downloadable digital illustrations authenticated by nonfungible tokens; ~~providing a website featuring an online marketplace for exchanging digital collectibles~~; Provision of an online marketplace for buyers and sellers of downloadable digital collectibles in the nature of artwork, memes, trading cards, pictures, movie clips, music videos, interviews, books, newsletters, magazines, music, podcasts, and soundbites authenticated authenticated by non-fungible tokens (NFTs)

Class 035 for Maintaining and recording ownership of art prints comprised of digital illustrations originating from photographs; Maintaining and recording ownership of downloadable digital illustrations authenticated by nonfungible tokens; Provision of an online marketplace for buyers and sellers of downloadable digital collectibles in the nature of artwork, memes, trading cards, pictures, movie clips, music videos, interviews, books, newsletters, magazines, music, podcasts, and soundbites authenticated by non-fungible tokens (NFTs)
Deleted Filing Basis: 1(a)
**Filing Basis: Section 1(b), Intent to Use: *For a trademark or service mark application:*** The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. ***For a collective trademark, collective service mark, collective membership mark, or certification mark application:*** The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. ***For a certification mark application:*** The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant proposes to amend the following:**

**Current:**
Class 045 for online social networking services provided through a members-only website; computer services, namely, creating an online community for registered users to access a collaborative graffiti board

RIPPSCAHEN00023143

**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 04/23/2021 and first used in commerce at least as early as 04/23/2021 , and is now in use in such commerce.

**Proposed:**
Class 045 for online social networking services provided through a members-only website; computer services, namely, creating an online community for registered users to access a collaborative graffiti board
Deleted Filing Basis: 1(a)
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant hereby adds the following class of goods/services to the application:**
**New:** Class 009 (Original Class: 016 ) for Digital collectibles in the nature of downloadable multimedia file containing digitally-created artwork authenticated by non-fungible tokens (NFTs); Digital collectibles in the nature of downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs)
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**OWNER AND/OR ENTITY INFORMATION**
**Applicant proposes to amend the following:**
**Current:** YUGA LABS, INC., a corporation of Delaware, having an address of

    1430 S. DIXIE HWY      STE. 105 1075
CORAL GABLES, Florida 33146-3108
United States

**Proposed:** YUGA LABS, INC., a corporation of Delaware, having an address of
1430 S. DIXIE HWY
STE. 105 1075
CORAL GABLES, Florida 33146-3108
United States
Email Address: XXXX

**ADDITIONAL STATEMENTS**
**Disclaimer**
No claim is made to the exclusive right to use CLUB apart from the mark as shown.

**Correspondence Information (current):**
    Mark A. Jansen

RIPPSCAHEN00023144

PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@fenwick.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 39048-00070.

**Correspondence Information (proposed):**
Mark A. Jansen
PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@fenwick.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 39048-00070.

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**SIGNATURE(S)**
**Declaration Signature**

**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU:** If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

Signature: /alongobucco/     Date: 09/21/2022
Signatory's Name: Anne Marie Longobucco
Signatory's Position: Attorney of Record, New York bar member
Signatory's Phone Number: 12124302741

Signature method: Sent to third party for signature

**Response Signature**
Signature: /alongobucco/     Date: 09/22/2022
Signatory's Name: Anne Marie Longobucco
Signatory's Position: Attorney of Record, N.Y. Bar Member

Signatory's Phone Number: 12124302741 Signature method: Sent to third party for signature

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   Mark A. Jansen
  Fenwick & West LLP

  801 California Street
  Mountain View, California 94041
Mailing Address:   Mark A. Jansen
  Fenwick & West LLP
  801 California Street
  Mountain View, California 94041

Serial Number: 90739977
Internet Transmission Date: Thu Sep 22 11:19:56 ET 2022
TEAS Stamp: USPTO/ROA-XX.XXX.XXX.XXX-202209221119561
45554-90739977-800617fac775a78e814e389b3
49c55ab2d665ab8d5f531d51e2c643bb816dfb2d
-N/A-N/A-20220921150030465795

RIPPSCAHEN00023146

| To: | Yuga Labs LLC (trademarks@fenwick.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 90739977 - BORED APE YACHT CLUB - 39048-00070 |
| Sent: | March 23, 2022 10:34:06 AM |
| Sent As: | ecom111@uspto.gov |
| Attachments: | Attachment - 1 |

## United States Patent and Trademark Office (USPTO)
### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 90739977

**Mark:** BORED APE YACHT CLUB

**Correspondence Address:**
Mark A. Jansen
Fenwick & West LLP
801 California Street
Mountain View CA 94041

**Applicant:** Yuga Labs LLC

**Reference/Docket No.** 39048-00070

**Correspondence Email Address:**
 trademarks@fenwick.com

# NONFINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within  six months of the issue date below or the application will be **abandoned**. Respond using the Trademark Electronic Application System (TEAS).  A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:  March 23, 2022**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SEARCH OF USPTO DATABASE OF MARKS**

The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d).  15 U.S.C. §1052(d); TMEP §704.02.

**SUMMARY OF ISSUES:**
- Premature Use (Class 45)
- Unacceptable Specimens
- Mark on Drawing Differs from Mark on Specimen
- Amended Identification of Goods and Services Required (Classes 16 and 35 Only)
- Disclaimer Required

**PREMATURE USE (Class 45)**

RIPPSCAHEN00023151

Registration is refused because the specimen shows that applicant has not used the applied-for mark in commerce in connection with the identified goods and/or services as of the application filing date.  Trademark Act Sections 1(a) and 45, 15 U.S.C. §§1051(a), 1127; 37 C.F.R. §2.34(a)(1)(i); *see* TMEP §§904, 1301.03(a).  Specifically, applicant's Class 45 identification includes "computer services, namely, creating an online community for registered users to access a collaborative graffiti board".  However, page 5 of the specimen indicates that "The Bathroom", applicant's online graffiti board, **"will become operative once the presale is over".**  Accordingly, applicant is not using the applied-for mark in connection with the identified Class 45 services.

The use or display of a mark in the sale or advertising of goods and/or services before the goods are actually created or provided or the services rendered does not show use in commerce.  *See Couture v. Playdom, Inc.*, 778 F.3d 1379, 1380-82, 113 USPQ2d 2042, 2043-44 (Fed. Cir. 2015); *In re Cedar Point, Inc.*, 220 USPQ 533 (TTAB 1983); TMEP §§904, 1301.03(a).

If applicant's goods were being sold or transported or the services were being rendered in commerce as of the application filing date, applicant must submit the following:

(1)    A different specimen (a verified "substitute" specimen ) showing the applied-for mark in use in commerce for the goods and/or services specified in the application.  Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

(2)    The following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20:  "**The substitute specimen was in use in commerce at least as early as the application filing date.**"  37 C.F.R. §2.59(a); TMEP §904.05; *see* 37 C.F.R. §2.193(e)(1).  If submitting a substitute specimen requires an amendment to the dates of use, applicant must also verify the amended dates.  37 C.F.R. §2.71(c); TMEP §904.05.

If applicant did not use the applied-for mark in commerce on or before the filing date, applicant may substitute a different basis for filing if applicant can meet the requirements for the new basis.  In this case, applicant may wish to amend the application to assert a Section 1(b) basis.  *See* TMEP §806.03(c).  However, if applicant amends the basis to Section 1(b), registration will not be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen.  *See* 15 U.S.C. §1051(c), (d); 37 C.F.R. §§2.76, 2.88; TMEP §1103.  If the same specimen is submitted with an allegation of use, the same refusal will issue.

To amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20:  "**Applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date.**"  37 C.F.R. §2.34(a)(2); TMEP §806.01(b); *see* 15 U.S.C. §1051(b); 37 C.F.R. §§2.35(b)(1), 2.193(e)(1).

Applicant should note the following additional ground for refusal.

**UNACCEPTABLE SPECIMENS**

*Class 16*

**Specimen does not show use in specific class(es).**  Registration is refused because the specimen does not show the applied-for mark as actually used in commerce in connection with any of the goods specified in International Class 16.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); *In re Keep A Breast Found.*, 123 USPQ2d 1869, 1876-79 (TTAB 2017); TMEP §§904, 904.07(a), 1301.04(d), (g)(i).  An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods and/or services identified in the application or amendment to allege use.  15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a); *see In re Gulf Coast Nutritionals, Inc.*, 106 USPQ2d 1243, 1247 (TTAB 2013).

Specifically, applicant's Class 16 identification includes "digital collectibles" and "digital collectibles sold as non-fungible tokens".  However, applicant's specimen does not indicate that applicant is providing these goods.  For example, page 2 of the specimen states " **BAYC** is a collection of 10,000 **Bored Ape** NFTs – unique **digital collectibles** living on the Ethereum blockchain".  However, this is merely informational matter.  Further, page 3 the specimen provides a link to an external third party for the purpose of purchasing a piece of applicant's collection but does not show the applied-for mark being used in connection with the goods.  Specifically, the individual pieces of the collection are referred to as APE and/or BORED APE.  As a result, the specimen of record is merely informational matter and does not show the applied-for mark as actually used in commerce in International Class 16.

*Classes 35 and 45*

RIPPSCAHEN00023152

**Specimen does not show direct association between mark and services.**  Registration is refused because the specimen does not show a direct association between the mark and the services and fails to show the applied-for mark as actually used in commerce with the identified services in International Class 45.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a), (b)(2); TMEP §§904, 904.07(a), 1301.04(f)(ii), (g)(i).  An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of services identified in the application or amendment to allege use.  15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

When determining whether a mark is used in connection with the services in the application, a key consideration is the perception of the user.  *In re JobDiva, Inc.*, 843 F.3d 936, 942, 121 USPQ2d 1122, 1126 (Fed. Cir. 2016) (citing *Lens.com, Inc. v. 1-800 Contacts, Inc.*, 686 F.3d 1376, 1381-82, 103 USPQ2d 1672, 1676 (Fed Cir. 2012)).  A specimen must show the mark used in a way that would create in the minds of potential consumers a sufficient nexus or direct association between the mark and the services being offered.  *See* 37 C.F.R. §2.56(b)(2); *In re Universal Oil Prods. Co.*, 476 F.2d 653, 655, 177 USPQ2d 456, 457 (C.C.P.A. 1973); TMEP §1301.04(f)(ii).

To show a direct association, specimens consisting of advertising or promotional materials must (1) explicitly reference the services and (2) show the mark used to identify the services and their source.  *In re The Cardio Grp., LLC*, 2019 USPQ2d 227232, at *2 (TTAB 2019) (quoting *In re WAY Media, LLC*, 118 USPQ2d 1697, 1698 (TTAB 2016)); TMEP §1301.04(f)(ii).  Although the exact nature of the services does not need to be specified in the specimen, there must be something that creates in the mind of the purchaser an association between the mark and the services.  *In re Adair*, 45 USPQ2d 1211, 1215 (TTAB 1997) (quoting *In re Johnson Controls Inc.*, 33 USPQ2d 1318, 1320 (TTAB 1994)).

In the present case, applicant's Class 35 services include "maintain and record ownership of digital illustrations; maintain and record ownership of digital illustrations represented by non-fungible tokens; providing a website featuring an online marketplace for exchanging digital collectibles".  Page 9 of the specimen features a provenance record of each of applicant's non-fungible tokens, however this record of ownership appears to be incidental to applicant's business.  Thus, applicant does not appear to be providing this service *for others*.  Further, applicant's specimen does not indicate that applicant sells digital collectibles.  As previously discussed, page 3 of the specimen provides a link to an external third party for the purpose of purchasing a piece of applicant's collection.  Accordingly, the specimen does not indicate that applicant is providing an online marketplace for exchanging digital collectibles.  As a result, the specimen does not show a direct association between the mark and services in Class 35.

With respect to Class 45, applicant has applied to register "online social networking services provided through a members-only website; computer services, namely, creating an online community for registered users to access a collaborative graffiti board".  Page 2 of the specimen states: "Your Bored Ape doubles as your Yacht Club membership card, and grants access to members-only benefits, the first of which is access to **THE BATHROOM**, a collaborative graffiti board."  No additional information is provided that indicates applicant is providing online-social networking services.  Page 5 of the specimen provides information regarding applicant's graffiti board however, the "collaborative graffiti board" is referred to as **THE BATHROOM**.  Accordingly, THE BATHROOM is perceived as the source for these services, not BORED APE YACHT CLUB.  Lastly, this page merely provides information about how the graffiti board will operate and who will have access to it.  As a result, the specimen fails to show the applied for mark being used in connection with applicant's Class 45 services.

**Examples of specimens.**  Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods.  *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m).  A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering them.  TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include:  (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services.  *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

**Response options.**  Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1)     Submit a different specimen (a verified "substitute" specimen ) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use.  A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20:  "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use."  The substitute specimen cannot be

accepted without this statement.

(2)   Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Applicant should note the following additional ground for refusal.

**MARK ON DRAWING DIFFERS FROM MARK ON SPECIMEN**

**Mark shown on drawing does not match mark on specimen.** Registration is refused because the specimen does not show the mark in the drawing in use in commerce in International Class(es) 16, 35, and 45 which is required in the application or amendment to allege use. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i). The mark appearing on the specimen and in the drawing must match; that is, the mark in the drawing "must be a substantially exact representation of the mark" on the specimen. *See* 37 C.F.R. §2.51(a)-(b); TMEP §807.12(a).

In this case, the drawing displays the mark as BORED APE YACHT CLUB. However, the specimen displays the following marks: BAYC with design; BAYC in standard character; THE BATHROOM; and BAYC BORED APE YACHT CLUB with design. The applied-for mark only appears twice, on pages 2 and 9 stating: "WELCOME TO THE BORED APE YACHT CLUB" and "BORED APE YACHT CLUB PROVENANCE RECORD", respectively. Accordingly, the mark on the drawing does not match the specimen because the mark on the drawing does not appear in connection with the identified goods and services. Applicant has thus failed to provide the required evidence of use of the mark in commerce. *See* TMEP §807.12(a).

**Response options.** Applicant may respond to this refusal by satisfying one of the following:

(1)   **Submit a different specimen** (a verified "substitute" specimen ) for each applicable international class that (a) shows the mark in the drawing in actual use in commerce for the goods and/or services in the application or amendment to allege use, and (b) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use.

   **Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

   Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §1301.04(a), (h)(iv)(C).

   Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

(2)   **Submit a request to amend the filing basis** to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

The USPTO will not accept an amended drawing submitted in response to this refusal because the changes would materially alter the drawing of the mark in the original application or as previously acceptably amended. *See* 37 C.F.R. §2.72(a)-(b); TMEP §807.14. Specifically, the marks on the specimen create a separable commercial impression from the applied-for mark.

For more information about drawings and instructions on how to satisfy these response options using the online Trademark Electronic Application System (TEAS) form, see the Drawing webpage.

RIPPSCAHEN00023154

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.  However, if applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

**AMENDED IDENTIFICATION OF GOODS AND SERVICES REQUIRED  (Classes 16 and 35 Only)**

The wording "digital collectibles" in the identification of goods is indefinite and must be clarified because it does not make clear what the nature of the goods are.  *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01.  For example, "collectibles" could encompass a wide variety of goods in multiple classes.  Additionally, the nature of the goods as "digital" must be clarified because Class 16 encompasses **paper** goods and **printed** matter.  Accordingly, applicant must amend this wording to specify the common commercial or generic name of the goods.  *See* TMEP §1402.01.  If the goods have no common commercial or generic name, applicant must describe the product, its main purpose, and its intended uses.  *See id.*

Further, the wording "digital illustrations" and "providing a website featuring an online marketplace for exchanging digital collectibles" in the identification of services in Class 35 is indefinite and must be clarified because it does not sufficiently indicate the nature of the goods and/or services.  *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01.

**Applicant may adopt the following identification, if accurate:**

> ### Class 9
> Digital collectibles **in the nature of downloadable multimedia file containing artwork relating to {indicate field or subject matter of file} authenticated by non-fungible tokens (NFTs);** Digital collectibles **in the nature of downloadable image files containing {indicate subject matter or field, e.g., trading cards, artwork, memes, sneakers, etc.} authenticated by** non-fungible tokens (NFTs)

> ### ~~Class 16~~
> ~~digital collectibles; digital collectibles sold as non-fungible tokens~~

> ### Class 35
> Maintai**ning** and recor**ding** ownership of **art prints comprised of**  digital illustrations **originating from photographs**; maintai**ning** and recor**ding** ownership of **downloadable image files featuring** digital illustrations **authenticated** by nonfungible tokens; **Provision of** an online marketplace **for buyers and sellers of downloadable** digital collectibles **in the nature of {indicate type of downloadable digital goods, e.g., art images, music, video clips, etc.} authenticated by non-fungible tokens (NFTs)**

> ### Class 45
> {Acceptable as written}

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended.  *See* 37 C.F.R. §2.71(a); TMEP §1402.06.  Generally, any deleted goods and/or services may not later be reinserted.  *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable  *U.S. Acceptable Identification of Goods and Services Manual*.  *See* TMEP §1402.04.

**DISCLAIMER REQUIRED**

Applicant must disclaim the wording "CLUB" because it is merely descriptive of a characteristic, or feature of applicant's goods and/or services.  *See* 15 U.S.C. §1052(e)(1); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a).

The attached evidence from Oxford Dictionary shows this wording means "an association or organization dedicated to a particular interest or activity."  Page 2 of applicant's specimen states: "BAYC is   **a collection** of 10,000 Bored Ape NFTs—**unique digital collectibles** living on the Ethereum blockchain.  **Your Bored Ape doubles as your Yacht Club membership card, and grants access to members-only benefits**".  *See attached webpage.*  Thus, the wording is merely descriptive as applied to applicant's goods and services because it describes membership to an exclusive organization dedicated to a particular collection of NFTs.

Applicant may respond to this issue by submitting a disclaimer in the following format:

**No claim is made to the exclusive right to use "CLUB" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

**ASSISTANCE**

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**

/Megan Clifford/
Megan Clifford
Examining Attorney
Law Office 111
(571) 272-9322
megan.clifford@uspto.gov

**RESPONSE GUIDANCE**
- **Missing the response deadline to this letter will cause the application to abandon.** A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

RIPPSCAHEN00023156



RIPPSCAHEN00023171



RIPPSCAHEN00023172



RIPPSCAHEN00023173



RIPPSCAHEN00023174



RIPPSCAHEN00023175



RIPPSCAHEN00023176



RIPPSCAHEN00023177



RIPPSCAHEN00023178



RIPPSCAHEN00023179



RIPPSCAHEN00023180





RIPPSCAHEN00023182



RIPPSCAHEN00023184



RIPPSCAHEN00023185



RIPPSCAHEN00023186



RIPPSCAHEN00023187



RIPPSCAHEN00023188



**ROADMAP ACTIVATIONS**

We're in this for the long haul.

We've set up some goalposts for ourselves. Once we hit a target sell through percentage, we will begin to work on realizing the stated goal.

**10% SOLD** — We pay back our moms.

**20% SOLD** — We release the Caged Apes. 5 Caged Apes (tokens held back from the sale) are airdropped to random Apeholders.

**40% SOLD** — BAYC gets its own YouTube channel, BAYC LoFi Radio - Beats to Ape into Shitcoins To.

**60% SOLD** — Member-Exclusive BAYC Merch Store gets unlocked, featuring Limited Edition tees, hoodies, and other goodies.

**80% SOLD** — The clubhouse image becomes interactive and the Mysterious Note becomes legible, beginning a treasure hunt. The first to solve the mystery will be rewarded 5 ETH and a Bored Ape.

**90% SOLD** — The Bored Ape liquidity pool is initiated.

**100% SOLD** — The Mutant Ape (NFT Breeding) Arcade Machine gets fixed. And we cook up new ways to ape with our friends.

RIPPSCAHEN00023189



RIPPSCAHEN00023190



RIPPSCAHEN00023191





RIPPSCAHEN00023193



RIPPSCAHEN00023194



RIPPSCAHEN00023195