# EXHIBIT 118

Generated on: This page was generated by TSDR on 2023-03-14 09:29:25 EDT

Mark: BA YC



US Serial Number: 97132877

Application Filing Date: Nov. 18, 2021

Register: Principal

Mark Type: Trademark, Service Mark

TM5 Common Status Descriptor: LIVE/APPLICATION/Opposition Pending

The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided.

Status: An opposition after publication is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

Status Date: Feb. 09, 2023

**Publication Date:** Jan. 10, 2023

# Mark Information

Mark Literal Elements: BA YC

Standard Character Claim: No

Mark Drawing Type: 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S)

Description of Mark: The mark consists of an ape skull facing left, with the stylized letters "BA" appearing to the left of the skull and the letters "YC" appearing to the right of the skull. The black rectangle represents background only and is not claimed as a feature of the mark.

Color(s) Claimed: Color is not claimed as a feature of the mark.

Design Search Code(s): 03.11.01 - Primates other than humans; Apes; Baboons; Chimpanzees; Gorillas; Lemurs; Monkeys; Orangutans
03.11.16 - Heads of primates
03.13.02 - Dog bones; Bones of mammals other than humans; Skeletons of mammals other than humans; Skulls of mammals other than humans; Fossils of mammals other than humans

# Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

International Class(es): 009 - Primary Class

U.S Class(es): 021, 023, 026, 036, 038

Class Status: ACTIVE

Basis: 1(b)

For: Retail store services featuring virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, non-downloadable electronic versions of printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures,

RIPPSCAHEN00024380

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 97132877 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 111 |
| **MARK SECTION** | |
| MARK FILE NAME | https://tmng-al.uspto.gov/resting2/api/img/97132877/large |
| LITERAL ELEMENT | BAYC |
| STANDARD CHARACTERS | NO |
| USPTO-GENERATED IMAGE | NO |
| COLOR(S) CLAIMED<br>(If applicable) | Color is not claimed as a feature of the mark. |
| DESCRIPTION OF THE MARK<br>(and Color Location, if applicable) | The mark consists of an image of an ape skull facing left, with the letters B A appearing to the left of the skull and the letters Y C appearing to the right of the skull. |
| **OWNER SECTION (current)** | |
| NAME | YUGA LABS, INC. |
| INTERNAL ADDRESS | 1430 S. DIXIE HWY |
| MAILING ADDRESS | STE. 105 1075 |
| CITY | CORAL GABLES |
| STATE | Florida |
| ZIP/POSTAL CODE | 33146-3108 |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| **OWNER SECTION (proposed)** | |
| NAME | YUGA LABS, INC. |
| INTERNAL ADDRESS | 1430 S. DIXIE HWY |
| MAILING ADDRESS | STE. 105 1075 |
| CITY | CORAL GABLES |
| STATE | Florida |
| ZIP/POSTAL CODE | 33146-3108 |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| EMAIL | XXXX |
| **GOODS AND/OR SERVICES SECTION (009) (current)** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | |

RIPPSCAHEN00024413

non-fungible tokens (NFTs); downloadable art image files authenticated by non-fungible tokens; downloadable computer software in the nature of non-fungible tokens; non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable digital art

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 04/23/2021 |
| FIRST USE IN COMMERCE DATE | At least as early as 04/23/2021 |

## GOODS AND/OR SERVICES SECTION (009) (proposed)

| INTERNATIONAL CLASS | 009 |
|---|---|

| TRACKED TEXT DESCRIPTION |
|---|
| non-fungible tokens (NFTs); Downloadable computer game software for use on mobile and cellular phones; downloadable art image files authenticated by non-fungible tokens; downloadable game software; downloadable computer software in the nature of non-fungible tokens; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable digital art; downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs) |

| FINAL DESCRIPTION |
|---|
| Downloadable computer game software for use on mobile and cellular phones; downloadable game software; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs) |

| WEBPAGE URL | None Provided |
|---|---|
| WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |
| DELETED FILING BASIS | 1(a); |

## GOODS AND/OR SERVICES SECTION (042) (current)

| INTERNATIONAL CLASS | 042 |
|---|---|

| DESCRIPTION |
|---|
| Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain |

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 04/23/2021 |
| FIRST USE IN COMMERCE DATE | At least as early as 04/23/2021 |

## GOODS AND/OR SERVICES SECTION (042) (proposed)

| INTERNATIONAL CLASS | 042 |
|---|---|

| TRACKED TEXT DESCRIPTION |
|---|
| Non-downloadable virtual goods, namely, non-fungible tokens; Class 42: Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non- |

RIPPSCAHEN00024414

~~fungible tokens and blockchain technology;~~ ~~authentication and certification of data relating to non-fungible tokens via blockchain~~

| FINAL DESCRIPTION | |
|---|---|
| Class 42: Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology | |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **FILING BASIS** | Section 1(b) |
| **DELETED FILING BASIS** | 1(a); |

## GOODS AND/OR SERVICES SECTION (035)(class added)

| INTERNATIONAL CLASS | 035 |
|---|---|

| DESCRIPTION | |
|---|---|
| Retail store services featuring virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens (NFTs) for use in online virtual worlds; Provision of an online marketplace for buyers and sellers of downloadable digital art images authenticated by non-fungible tokens (NFTs) | |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **FILING BASIS** | Section 1(b) |

## GOODS AND/OR SERVICES SECTION (041)(class added)

| INTERNATIONAL CLASS | 041 |
|---|---|

| DESCRIPTION | |
|---|---|
| Entertainment services, namely, providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series of images authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non- | |

alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing distributed ledger technology (DLT) for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online non-downloadable virtual goods, namely, digital collectible artwork and digitally-generated images authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes

| WEBPAGE URL | None Provided |
|---|---|
| WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |

## ADDITIONAL STATEMENTS SECTION

| DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of an ape skull facing left, with the stylized letters "BA" appearing to the left of the skull and the letters "YC" appearing to the right of the skull. The black rectangle represents background only and is not claimed as a feature of the mark. |
|---|---|

## CORRESPONDENCE INFORMATION (current)

| NAME | Mark A. Jansen |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | trademarks@fenwick.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| DOCKET/REFERENCE NUMBER | 39048-00070 |

## CORRESPONDENCE INFORMATION (proposed)

| NAME | Mark A. Jansen |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | trademarks@fenwick.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| DOCKET/REFERENCE NUMBER | 39048-00070 |

## PAYMENT SECTION

| APPLICATION FOR REGISTRATION PER CLASS | 350 |
|---|---|
| NUMBER OF CLASSES | 2 |
| TOTAL FEES DUE | 700 |

## SIGNATURE SECTION

| DECLARATION SIGNATURE | /alongobucco/ |
|---|---|
| SIGNATORY'S NAME | Anne Marie Longobucco |
| SIGNATORY'S POSITION | Attorney of Record, New York bar member |
| SIGNATORY'S PHONE NUMBER | 12124302741 |
| DATE SIGNED | 09/21/2022 |
| SIGNATURE METHOD | Sent to third party for signature |
| RESPONSE SIGNATURE | /alongobucco/ |
| SIGNATORY'S NAME | Anne Marie Longobucco |
| SIGNATORY'S POSITION | Attorney of Record, N.Y. Bar Member |

RIPPSCAHEN00024416

| | |
|---|---|
| **SIGNATORY'S PHONE NUMBER** | 12124302741 |
| **DATE SIGNED** | 09/22/2022 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |
| **SIGNATURE METHOD** | Sent to third party for signature |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Thu Sep 22 11:22:55 ET 2022 |
| **TEAS STAMP** | USPTO/ROA-XX.XXX.XXX.XXX-20220922112255963742-9713 2877-8004c4f54b6274e2fb48 53e7ddeb12a8c8e6359eb429e c6dfc49781215fae816de3-DA -22552199-202209211411587 87136 |

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Response to Office Action

**To the Commissioner for Trademarks:**

Application serial no. **97132877** BAYC (Stylized and/or with Design, see https://tmng-al.uspto.gov /resting2/api/img/9713287 7/large) has been amended as follows:

## CLASSIFICATION AND LISTING OF GOODS/SERVICES

**Applicant proposes to amend the following:**

**Current:**
Class 009 for non-fungible tokens (NFTs); downloadable art image files authenticated by non-fungible tokens; downloadable computer software in the nature of non-fungible tokens; non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable digital art
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 04/23/2021 and first used in commerce at least as early as 04/23/2021 , and is now in use in such commerce.

**Proposed:**

**Tracked Text Description:** ~~non-fungible tokens (NFTs)~~; Downloadable computer game software for use on mobile and cellular phones; ~~downloadable art image files authenticated by non-fungible tokens~~; downloadable game software; ~~downloadable computer software in the nature of non-fungible tokens~~; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); ~~non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork~~; downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); ~~downloadable digital art~~; downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

Class 009 for Downloadable computer game software for use on mobile and cellular phones; downloadable game software; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

RIPPSCAHEN00024417

Deleted Filing Basis: 1(a)

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant proposes to amend the following:**

**Current:**
Class 042 for Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 04/23/2021 and first used in commerce at least as early as 04/23/2021 , and is now in use in such commerce.

**Proposed:**

**Tracked Text Description:** ~~Non-downloadable virtual goods, namely, non-fungible tokens;~~ Class 42: Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology; ~~non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain~~

Class 042 for Class 42: Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology
Deleted Filing Basis: 1(a)
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant hereby adds the following class of goods/services to the application:**
New: Class 035 for Retail store services featuring virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens (NFTs) for use in online virtual worlds; Provision of an online marketplace for buyers and sellers of downloadable digital art images authenticated by non-

RIPPSCAHEN00024418

fungible tokens (NFTs)

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant hereby adds the following class of goods/services to the application:**
**New:** Class 041 for Entertainment services, namely, providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series of images authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing distributed ledger technology (DLT) for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online non-downloadable virtual goods, namely, digital collectible artwork and digitally-generated images authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

RIPPSCAHEN00024419

Webpage URL: None Provided
Webpage Date of Access: None Provided

**OWNER AND/OR ENTITY INFORMATION**
**Applicant proposes to amend the following:**
Current: YUGA LABS, INC., a corporation of Delaware, having an address of

    1430 S. DIXIE HWY    STE. 105 1075
CORAL GABLES, Florida 33146-3108
United States

Proposed: YUGA LABS, INC., a corporation of Delaware, having an address of
1430 S. DIXIE HWY
STE. 105 1075
CORAL GABLES, Florida 33146-3108
United States
Email Address: XXXX

**ADDITIONAL STATEMENTS**
**Description of mark**
The mark consists of an ape skull facing left, with the stylized letters "BA" appearing to the left of the skull and the letters "YC" appearing to the right of the skull. The black rectangle represents background only and is not claimed as a feature of the mark.

**Correspondence Information (current):**
    Mark A. Jansen
    PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@fenwick.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 39048-00070.

**Correspondence Information (proposed):**
    Mark A. Jansen
    PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@fenwick.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 39048-00070.

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**FEE(S)**
Fee(s) in the amount of $700 is being submitted.

**SIGNATURE(S)**
**Declaration Signature**

**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU**: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark*

RIPPSCAHEN00024420

*application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

Signature: /alongobucco/     Date: 09/21/2022
Signatory's Name: Anne Marie Longobucco
Signatory's Position: Attorney of Record, New York bar member
Signatory's Phone Number: 12124302741

Signature method: Sent to third party for signature

**Response Signature**
Signature: /alongobucco/     Date: 09/22/2022
Signatory's Name: Anne Marie Longobucco
Signatory's Position: Attorney of Record, N.Y. Bar Member

Signatory's Phone Number: 12124302741 Signature method: Sent to third party for signature

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   Mark A. Jansen
    Fenwick & West LLP

    801 California Street
    Mountain View, California 94041
Mailing Address:   Mark A. Jansen
    Fenwick & West LLP
    801 California Street
    Mountain View, California 94041

PAYMENT: 97132877
PAYMENT DATE: 09/22/2022

Serial Number: 97132877

RIPPSCAHEN00024421

| | |
|---|---|
| **To:** | Mark A. Jansen(trademarks@fenwick.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97132877 - BAYC - 39048-00070 |
| **Sent:** | March 23, 2022 09:33:13 AM EDT |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

## United States Patent and Trademark Office (USPTO)
## Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 97132877

**Mark:** BAYC

**Correspondence Address:**
Mark A. Jansen
Fenwick & West LLP
801 California Street
Mountain View CA 94041 UNITED STATES

**Applicant:** Yuga Labs LLC

**Reference/Docket No.** 39048-00070

**Correspondence Email Address:** trademarks@fenwick.com

# NONFINAL OFFICE ACTION

**The USPTO must receive applicant's response to this letter within <u>six months</u> of the issue date below or the application will be <u>abandoned.</u>** Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:** March 23, 2022

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SEARCH OF USPTO DATABASE OF MARKS

RIPPSCAHEN00024428

The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

**SUMMARY OF ISSUES:**
- Unacceptable Specimen
- Amended Identification of Goods a nd Services Required
- Multiple-Class Application Requirements
- Amended Description of Mark Required

**UNACCEPTABLE SPECIMEN**

**Specimen does not show use in specific class(es).** Registration is refused because the specimen does not show the applied-for mark as actually used in commerce in connection with any of the goods and/or services specified in International Class(es) 9 and 42. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); *In re Keep A Breast Found.*, 123 USPQ2d 1869, 1876-79 (TTAB 2017); TMEP §§904, 904.07(a), 1301.04(d), (g)(i). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods and/or services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a); *see In re Gulf Coast Nutritionals, Inc.*, 106 USPQ2d 1243, 1247 (TTAB 2013).

Specifically, applicant's Class 9 identification includes various non-fungible tokens. Similarly, applicant's Class 42 services include the nearly identical identifications for non-downloadable non-fungible tokens. However, the specimen does not indicate that applicant is providing these goods or services. Specifically, page 2 of the specimen states "BAYC is a collection of 10,000 Bored Ape NFTs – unique digital collectibles living on the Ethereum blockchain". This is merely informational matter and there is no additional information provided on the specimen indicating that applicant is providing downloadable or non-downloadable non-fungible tokens. Additionally, page 3 the specimen provides a link to an external third party for the purpose of purchasing a piece of applicant's collection. Specifically, the page states "**BUY AN APE ON OPENSEA**". This suggests that OpenSea is source of applicant's goods and/or services, *not applicant*. Lastly, applicant's Class 42 identification includes "authentication and certification of data relating to non-fungible tokens via blockchain". Page 9 of the specimen includes a provenance record of each of applicant's non-fungible tokens. However, this does not qualify as authentication and certification services because this record is merely a record of ownership and appears to be incidental to applicant's business. As a result, the specimen does not show the applied-for mark being used in commerce in connection with the identified good and services in Classes 9 and 42.

**Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or

RIPPSCAHEN00024429

(3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

**Response options.** Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

> (1)     Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

> (2)     Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration. However, if applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

## AMENDED IDENTIFICATION OF GOODS AND SERVICES REQUIRED

Applicant has identified the following in Classes 9 and 42:

> **Class 9**
> **Non-fungible tokens (NFTs);** downloadable **art image files** authenticated by non-fungible tokens; downloadable computer software **in the nature of non-fungible tokens; non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable digital art**

> **Class 42**
> **Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-**

RIPPSCAHEN00024430

**downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain**

The above bolded wording must be clarified because it is too broad and could include goods and services in other International Classes. With respect to Class 9, the wording "non- fungible tokens (NFT)" could encompass goods in Class 9 as well as services in Class 35, as indicated in bold below. Further, applicant must clarify the type of goods that are authenticated by non-fungible tokens. Lastly, applicant must specify the function of the downloadable software in Class 9.

With respect to Class 42, the wording "Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology" could encompass online retail store services or marketplaces services in Class 35 or entertainment services in Class 41. Further, the wording "virtual goods" and "non-fungible tokens" must be clarified because this wording does not sufficiently specify the nature of the goods. Lastly, the identification for "authentication and certification of data relating to non-fungible tokens via blockchain" must be clarified because the wording "certification" indicates that applicant is providing a specialized activity in U.S. Classes A or B.

**Applicant may adopt the following identification, if accurate:**

**Class 9**

**Downloadable image files containing {indicate subject matter or field, e.g., trading cards, artwork, memes, sneakers, etc.} authenticated by** non-fungible tokens (NFTs); downloadable image files **containing artwork** authenticated by non-fungible tokens **(NFTs);** downloadable computer software **for {specify the function of the software, e.g., use as a spreadsheet, word processing, etc. and, if software is content- or field-specific, the content or field of use} in the field of** non-fungible tokens **(NFTs);** downloadable image and multimedia files containing artwork **relating to {indicate field or subject matter of file} authenticated by** non-fungible tokens (NFTs) **utilizing** blockchain technology; downloadable digital art **images authenticated by non-fungible tokens (NFTs)**

*Class 35*

**Retail store services featuring virtual goods, namely, {specify type, e.g., artwork, clothing} authenticated by non-fungible tokens (NFTs) for use in online virtual worlds; Provision of an online marketplace for buyers and sellers of downloadable digital art images authenticated by non-fungible tokens (NFTs)**

*Class 41*

**Entertainment services, namely, providing online** non-downloadable virtual goods, **namely,**

RIPPSCAHEN00024431

___ {specify} **authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online** non-downloadable virtual goods, **namely, ___ {specify} in the nature of a** collectible series **authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online** non-downloadable virtual goods, **namely, ___ {specify e.g. artwork} in the nature of** a collectible series of images **authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes**; Entertainment services, namely providing online non-downloadable virtual goods, **namely, ___ {specify} authenticated by** non-fungible tokens **utilizing** blockchain technology **for use in virtual environments created for entertainment purposes**; Entertainment services, namely providing online non-downloadable virtual goods, **namely, ___ {specify} authenticated by** non-fungible tokens **utilizing distributed ledger technology (DLT) for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online** non-downloadable virtual goods, namely, digital collectible {specify type, e.g., artwork} images **authenticated by** non-fungible tokens **utilizing** blockchain technology **for use in virtual environments created for entertainment purposes**

### Class 42

Authentication and **validation** of data **in the field of {indicate field, e.g., works of art, financial transactions, medical records, etc.} authenticated** by non-fungible tokens (NFTs) **using** blockchain technology

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted goods and/or services may not later be reinserted. *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

## MULTIPLE-CLASS APPLICATION REQUIREMENTS

The application references goods and/or services based on use in commerce in more than one international class; therefore, applicant must satisfy all the requirements below for each international class:

(1) **List the goods and/or services by their international class number** in consecutive numerical order, starting with the lowest numbered class (for example, International Class 3: perfume; International Class 18: cosmetic bags sold empty).

(2) **Submit a filing fee for each international class** not covered by the fee(s) already paid (view the USPTO's current fee schedule). Specifically, the application identifies goods and/or services based on use in commerce that are classified in at least four classes; however, applicant submitted a fee(s) sufficient for only two class(es). Applicant must either (a) submit the filing fees for the classes not covered by the submitted fees or (b) restrict the application to the number of classes covered by the fees already

RIPPSCAHEN00024432

paid.

(3) **Submit verified dates of first use of the mark** anywhere and in commerce **for each international class**. See more information about verified dates of use.

(4) **Submit a specimen for each international class**. The current specimen is not acceptable for any international class. See more information about specimens.

**Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

(5) **Submit a verified statement** that "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**" See more information about verification.

*See* 37 C.F.R. §2.86(a); TMEP §§1403.01, 1403.02(c).

For an overview of the requirements for a Section 1(a) multiple-class application and how to satisfy the requirements online using the Trademark Electronic Application System (TEAS) form, see the Multiple-class Application webpage.

**AMENDED DESCRIPTION OF MARK REQUIRED**

Applicant must submit an amended description of the mark because the current one is incomplete and does not describe all the significant aspects of the mark. 37 C.F.R. §2.37; *see* TMEP §§808.01, 808.02. Descriptions must be accurate and identify all the literal and design elements in the mark. *See* 37 C.F.R. §2.37; TMEP §§808 *et seq*. Specifically, applicant must clarify whether the black rectangle is claimed as a feature of the mark.

The following description is suggested, if accurate:

The mark consists of an ape skull facing left, with the stylized letters "BA" appearing to the left of the skull and the letters "YC" appearing to the right of the skull. **The black rectangle represents background only and is not claimed as a feature of the mark.**

RIPPSCAHEN00024433

**ASSISTANCE**

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**

> /Megan Clifford/
> Megan Clifford
> Trademark Examining Attorney
> Law Office 111
> (571) 272-9322
> megan.clifford@uspto.gov

## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.** The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon**.  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant.  If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

RIPPSCAHEN00024434



RIPPSCAHEN00024451



RIPPSCAHEN00024452



RIPPSCAHEN00024453



RIPPSCAHEN00024454



RIPPSCAHEN00024455



RIPPSCAHEN00024456





RIPPSCAHEN00024458



RIPPSCAHEN00024459



RIPPSCAHEN00024460



RIPPSCAHEN00024461



RIPPSCAHEN00024462



RIPPSCAHEN00024463





RIPPSCAHEN00024465



RIPPSCAHEN00024466



RIPPSCAHEN00024467



RIPPSCAHEN00024468



RIPPSCAHEN00024470



RIPPSCAHEN00024471



RIPPSCAHEN00024472



RIPPSCAHEN00024473



RIPPSCAHEN00024474



RIPPSCAHEN00024475



RIPPSCAHEN00024476



RIPPSCAHEN00024477





RIPPSCAHEN00024479



RIPPSCAHEN00024480



RIPPSCAHEN00024481



RIPPSCAHEN00024482



RIPPSCAHEN00024483



RIPPSCAHEN00024484



RIPPSCAHEN00024485



RIPPSCAHEN00024486



RIPPSCAHEN00024487