# EXHIBIT 119

Generated on: This page was generated by TSDR on 2023-03-14 09:28:50 EDT

Mark:



| | |
|---|---|
| **US Serial Number:** | 97132880 |
| **Register:** | Principal |
| **Mark Type:** | Trademark, Service Mark |

**Application Filing Date:** Nov. 18, 2021

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Opposition Pending

The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided.

**Status:** An opposition after publication is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Feb. 09, 2023

**Publication Date:** Feb. 07, 2023

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | None |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of an ape skull facing left. The black square represents background only and is not claimed as a feature of the mark. |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Design Search Code(s):** | 03.11.01 - Primates other than humans; Apes; Baboons; Chimpanzees; Gorillas; Lemurs; Monkeys; Orangutans<br>03.11.16 - Heads of primates<br>03.13.02 - Dog bones; Bones of mammals other than humans; Skeletons of mammals other than humans; Skulls of mammals other than humans; Fossils of mammals other than humans |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

| | |
|---|---|
| **International Class(es):** | 009 - Primary Class |
| **U.S Class(es):** | 021, 023, 026, 036, 038 |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(b) |

**For:** Retail store services featuring virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, non-downloadable electronic versions of printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures,

RIPPSCAHEN00024488

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 97132880 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 111 |
| **MARK SECTION** | |
| **MARK FILE NAME** | https://tmng-al.uspto.gov/resting2/api/img/97132880/large |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **COLOR(S) CLAIMED**<br>(If applicable) | Color is not claimed as a feature of the mark. |
| **DESCRIPTION OF THE MARK**<br>(and Color Location, if applicable) | The mark consists of an ape skull facing left. |
| **OWNER SECTION (current)** | |
| **NAME** | YUGA LABS, INC. |
| **INTERNAL ADDRESS** | 1430 S. DIXIE HWY |
| **MAILING ADDRESS** | STE. 105 1075 |
| **CITY** | CORAL GABLES |
| **STATE** | Florida |
| **ZIP/POSTAL CODE** | 33146-3108 |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **OWNER SECTION (proposed)** | |
| **NAME** | YUGA LABS, INC. |
| **INTERNAL ADDRESS** | 1430 S. DIXIE HWY |
| **MAILING ADDRESS** | STE. 105 1075 |
| **CITY** | CORAL GABLES |
| **STATE** | Florida |
| **ZIP/POSTAL CODE** | 33146-3108 |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **EMAIL** | XXXX |
| **GOODS AND/OR SERVICES SECTION (009) (current)** | |
| **INTERNATIONAL CLASS** | 009 |
| **DESCRIPTION** | |

non-fungible tokens (NFTs); downloadable art image files authenticated by non-fungible tokens; downloadable computer software in the nature of non-fungible tokens; non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable digital art

RIPPSCAHEN00024539

| FILING BASIS | Section 1(a) |
|---|---|
| **FIRST USE ANYWHERE DATE** | At least as early as 04/23/2021 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 04/23/2021 |

## GOODS AND/OR SERVICES SECTION (009) (proposed)

| INTERNATIONAL CLASS | 009 |
|---|---|

**TRACKED TEXT DESCRIPTION**

~~non-fungible tokens (NFTs);~~ Downloadable computer game software for use on mobile and cellular phones; ~~downloadable art image files authenticated by non-fungible tokens;~~ downloadable game software; ~~downloadable computer software in the nature of non-fungible tokens;~~ Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); ~~non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork;~~ downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); ~~downloadable digital art;~~ downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

**FINAL DESCRIPTION**

Downloadable computer game software for use on mobile and cellular phones; downloadable game software; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

| **WEBPAGE URL** | None Provided |
|---|---|
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **FILING BASIS** | Section 1(b) |
| **DELETED FILING BASIS** | 1(a); |

## GOODS AND/OR SERVICES SECTION (042) (current)

| INTERNATIONAL CLASS | 042 |
|---|---|

**DESCRIPTION**

Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain

| FILING BASIS | Section 1(a) |
|---|---|
| **FIRST USE ANYWHERE DATE** | At least as early as 04/23/2021 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 04/23/2021 |

## GOODS AND/OR SERVICES SECTION (042) (proposed)

| INTERNATIONAL CLASS | 042 |
|---|---|

**TRACKED TEXT DESCRIPTION**

~~Non-downloadable virtual goods, namely, non-fungible tokens;~~ Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology; ~~non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain~~

**FINAL DESCRIPTION**

RIPPSCAHEN00024540

Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology

| WEBPAGE URL | None Provided |
|---|---|
| WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |
| DELETED FILING BASIS | 1(a); |

**GOODS AND/OR SERVICES SECTION (035)(class added)**

| INTERNATIONAL CLASS | 035 |
|---|---|

| DESCRIPTION |
|---|

Retail store services featuring virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens (NFTs) for use in online virtual worlds; Provision of an online marketplace for buyers and sellers of downloadable digital art images authenticated by non-fungible tokens (NFTs)

| WEBPAGE URL | None Provided |
|---|---|
| WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |

**GOODS AND/OR SERVICES SECTION (041)(class added)**

| INTERNATIONAL CLASS | 041 |
|---|---|

| DESCRIPTION |
|---|

Entertainment services, namely, providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series of images authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards,

RIPPSCAHEN00024541

magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing distributed ledger technology (DLT) for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online non-downloadable virtual goods, namely, digital collectible artwork and digitally-generated images authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes

| | |
|---|---|
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **FILING BASIS** | Section 1(b) |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| **DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of an ape skull facing left. The black square represents background only and is not claimed as a feature of the mark. |

## CORRESPONDENCE INFORMATION (current)

| | |
|---|---|
| **NAME** | Mark A. Jansen |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | trademarks@fenwick.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER** | 39048-00070 |

## CORRESPONDENCE INFORMATION (proposed)

| | |
|---|---|
| **NAME** | Mark A. Jansen |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | trademarks@fenwick.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER** | 39048-00070 |

## PAYMENT SECTION

| | |
|---|---|
| **APPLICATION FOR REGISTRATION PER CLASS** | 350 |
| **NUMBER OF CLASSES** | 2 |
| **TOTAL FEES DUE** | 700 |

## SIGNATURE SECTION

| | |
|---|---|
| **DECLARATION SIGNATURE** | /alongobucco/ |
| **SIGNATORY'S NAME** | Anne Marie Longobucco |
| **SIGNATORY'S POSITION** | Attorney of Record, New York bar member |
| **SIGNATORY'S PHONE NUMBER** | 12124302741 |
| **DATE SIGNED** | 09/21/2022 |
| **SIGNATURE METHOD** | Sent to third party for signature |
| **RESPONSE SIGNATURE** | /alongobucco/ |
| **SIGNATORY'S NAME** | Anne Marie Longobucco |
| **SIGNATORY'S POSITION** | Attorney of Record, N.Y. Bar Member |
| **SIGNATORY'S PHONE NUMBER** | 12124302741 |
| **DATE SIGNED** | 09/22/2022 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |

RIPPSCAHEN00024542

| SIGNATURE METHOD | Sent to third party for signature |
|---|---|
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Thu Sep 22 11:21:12 ET 2022 |
| TEAS STAMP | USPTO/ROA-XX.XXX.XXX.XXX-<br>20220922112113039447-9713<br>2880-80097924fb1932032788<br>99a3d8bdf932d1e1a79d741b2<br>81d41cf6b0cc60043-DA-2112<br>2170-20220921140424841803 |

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **97132880**  (Stylized and/or with Design, see https://tmng-al.uspto.gov /resting2/api/img/9713288 0/large) has been amended as follows:

## CLASSIFICATION AND LISTING OF GOODS/SERVICES

**Applicant proposes to amend the following:**

**Current:**
Class 009 for non-fungible tokens (NFTs); downloadable art image files authenticated by non-fungible tokens; downloadable computer software in the nature of non-fungible tokens; downloadable tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable digital art
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 04/23/2021 and first used in commerce at least as early as 04/23/2021 , and is now in use in such commerce.

**Proposed:**

**Tracked Text Description:** ~~non-fungible tokens (NFTs)~~; Downloadable computer game software for use on mobile and cellular phones; ~~downloadable art image files authenticated by non-fungible tokens~~; downloadable game software; ~~downloadable computer software in the nature of non-fungible tokens~~; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs) ~~non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork~~; downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); ~~downloadable digital art~~; downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)

Class 009 for Downloadable computer game software for use on mobile and cellular phones; downloadable game software; Downloadable image files containing artwork, memes, pictures, and trading cards authenticated by non-fungible tokens (NFTs); downloadable image files containing artwork authenticated by non-fungible tokens (NFTs); downloadable computer software for managing and conducting electronic transactions in the field of non-fungible tokens (NFTs); downloadable image and multimedia files containing digitally-generated artwork authenticated by non-fungible tokens (NFTs) utilizing blockchain technology; downloadable digital art images authenticated by non-fungible tokens (NFTs)
Deleted Filing Basis: 1(a)
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control

RIPPSCAHEN00024543

over the use of the mark in commerce as of the application filing date. ***For a certification mark application:*** The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant proposes to amend the following:**

**Current:**
Class 042 for Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 04/23/2021 and first used in commerce at least as early as 04/23/2021 , and is now in use in such commerce.

**Proposed:**

**Tracked Text Description:** ~~Non-downloadable virtual goods, namely, non-fungible tokens~~ <u>Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology</u>; ~~non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain~~

Class 042 for Authentication and validation of data in the field of financial and digital transactions authenticated by non-fungible tokens (NFTs) using blockchain technology
Deleted Filing Basis: 1(a)
**Filing Basis: Section 1(b), Intent to Use:** ***For a trademark or service mark application:*** The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. ***For a collective trademark, collective service mark, collective membership mark, or certification mark application:*** The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. ***For a certification mark application:*** The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant hereby adds the following class of goods/services to the application:**
**New:** Class 035 for Retail store services featuring virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens (NFTs) for use in online virtual worlds; Provision of an online marketplace for buyers and sellers of downloadable digital art images authenticated by non-fungible tokens (NFTs)
**Filing Basis: Section 1(b), Intent to Use:** ***For a trademark or service mark application:*** The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. ***For a collective trademark, collective service mark, collective membership mark, or certification mark application:*** The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. ***For a certification mark application:*** The applicant will not engage in the

RIPPSCAHEN00024544

production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant hereby adds the following class of goods/services to the application:**
New: Class 041 for Entertainment services, namely, providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails in the nature of a collectible series of images authenticated by non-fungible tokens for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online nondownloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online non-downloadable virtual goods, namely, jewelry, imitation jewelry, watches, keychains, key rings, printed publications, books, game cards, magazines, pictures, posters, stationery, trading cards, bags, backpacks, luggage, wallets, blankets, bedspreads, clothing, hats, headwear, jackets, jerseys, pants, shirts, t-shirts, sweaters, sweatshirts, shoes, scarves, sneakers, socks, rugs, carpets, mats, toys, games, playthings, toy figurines, plush toys, action figures, balls, basketballs, playing cards, trading cards, skateboards, skateboard decks, gaming devices, amusement game machines, decorations for christmas trees, body-building apparatus, exercise machines, beer, energy drinks, non-alcoholic beverages, soft drinks, alcoholic beverages, wine, liquor, spirits, liqueurs and cocktails authenticated by non-fungible tokens utilizing distributed ledger technology (DLT) for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online non-downloadable virtual goods, namely, digital collectible artwork and digitally-generated images authenticated by non-fungible tokens utilizing blockchain technology for use in virtual environments created for entertainment purposes

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* The applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods or services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date. *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**OWNER AND/OR ENTITY INFORMATION**
**Applicant proposes to amend the following:**
**Current:** YUGA LABS, INC., a corporation of Delaware, having an address of

RIPPSCAHEN00024545

1430 S. DIXIE HWY    STE. 105 1075
CORAL GABLES, Florida 33146-3108
United States

**Proposed:** YUGA LABS, INC., a corporation of Delaware, having an address of
1430 S. DIXIE HWY
STE. 105 1075
CORAL GABLES, Florida 33146-3108
United States
Email Address: XXXX

## ADDITIONAL STATEMENTS
### Description of mark
The mark consists of an ape skull facing left. The black square represents background only and is not claimed as a feature of the mark.

### Correspondence Information (current):
Mark A. Jansen
PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@fenwick.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 39048-00070.

### Correspondence Information (proposed):
Mark A. Jansen
PRIMARY EMAIL FOR CORRESPONDENCE: trademarks@fenwick.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 39048-00070.

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

### FEE(S)
Fee(s) in the amount of $700 is being submitted.

### SIGNATURE(S)
### Declaration Signature


**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a)

RIPPSCAHEN00024546

**COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**


Signature: /alongobucco/     Date: 09/21/2022
Signatory's Name: Anne Marie Longobucco
Signatory's Position: Attorney of Record, New York bar member
Signatory's Phone Number: 12124302741

Signature method: Sent to third party for signature

**Response Signature**
Signature: /alongobucco/     Date: 09/22/2022
Signatory's Name: Anne Marie Longobucco
Signatory's Position: Attorney of Record, N.Y. Bar Member

Signatory's Phone Number: 12124302741 Signature method: Sent to third party for signature

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   Mark A. Jansen
   Fenwick & West LLP

   801 California Street
   Mountain View, California 94041
Mailing Address:   Mark A. Jansen
   Fenwick & West LLP
   801 California Street
   Mountain View, California 94041

PAYMENT: 97132880
PAYMENT DATE: 09/22/2022

Serial Number: 97132880
Internet Transmission Date: Thu Sep 22 11:21:12 ET 2022
TEAS Stamp: USPTO/ROA-XX.XXX.XXX.XXX-202209221121130
39447-97132880-80097924fb193203278899a3d
8bdf932d1e1a79d741b281d41cf6b0cc60043-DA
-21122170-20220921140424841803

RIPPSCAHEN00024547

| To: | Mark A. Jansen(trademarks@fenwick.com) |
|---|---|
| **Subject:** | U.S. Trademark Application Serial No. 97132880 - - 39048-00070 |
| **Sent:** | March 23, 2022 03:50:48 PM EDT |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

<br>

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 97132880

**Mark:**

**Correspondence Address:**
Mark A. Jansen
Fenwick & West LLP
801 California Street
Mountain View CA 94041 UNITED STATES

**Applicant:** Yuga Labs LLC

**Reference/Docket No.** 39048-00070

**Correspondence Email Address:** trademarks@fenwick.com

# NONFINAL OFFICE ACTION

**The USPTO must receive applicant's response to this letter within <u>six months</u> of the issue date below or the application will be <u>abandoned.</u>** Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:** March 23, 2022

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SEARCH OF USPTO DATABASE OF MARKS**

RIPPSCAHEN00024553

The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

**SUMMARY OF ISSUES:**
- Unacceptable Specimen
- Mark on Drawing Differs from Mark on Specimen
- Amended Identification of Goods a nd Services Required
- Multiple-Class Application Requirements
- Amended Description of Mark Required


**UNACCEPTABLE SPECIMEN**

**Specimen does not show use in specific class(es).** Registration is refused because the specimen does not show the applied-for mark as actually used in commerce in connection with any of the goods and/or services specified in International Class(es) 9 and 42. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); *In re Keep A Breast Found.*, 123 USPQ2d 1869, 1876-79 (TTAB 2017); TMEP §§904, 904.07(a), 1301.04(d), (g)(i). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods and/or services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a); *see In re Gulf Coast Nutritionals, Inc.*, 106 USPQ2d 1243, 1247 (TTAB 2013).

Specifically, applicant's Class 9 identification includes various non-fungible tokens. Similarly, applicant's Class 42 services include the nearly identical identifications for non-downloadable non-fungible tokens. However, the specimen does not indicate that applicant is providing these goods or services. Specifically, page 2 of the specimen states "BAYC is a collection of 10,000 Bored Ape NFTs – unique digital collectibles living on the Ethereum blockchain". This is merely informational matter and there is no additional information provided on the specimen that indicates applicant is providing downloadable or non-downloadable non-fungible tokens. Additionally, page 3 of the specimen provides a link to an external third party for the purpose of purchasing a piece of applicant's NFT collection. Specifically, the page states "**BUY AN APE ON OPENSEA**". This suggests that OpenSea is the source of applicant's goods and/or services, *not applicant*. Lastly, applicant's Class 42 identification includes "authentication and certification of data relating to non-fungible tokens via blockchain". Page 9 of the specimen includes a provenance record of each of applicant's non-fungible tokens. However, this does not qualify as authentication and certification services because this record is merely a record of ownership and appears to be incidental to applicant's business. As a result, the specimen does not show the applied-for mark being used in commerce in connection with the identified good and services in Classes 9 and 42.

**Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

**Response options.** Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

> (1)     Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

> (2)     Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Applicant should note the following additional ground for refusal.


**MARK ON DRAWING DIFFERS FROM MARK ON SPECIMEN**

**Mark shown on drawing does not match mark on specimen.** Registration is refused because the specimen does not show the mark in the drawing in use in commerce in International Class(es) 9 and 42, which is required in the application or amendment to allege use. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i). The mark appearing on the specimen and in the drawing must match; that is, the mark in the drawing "must be a substantially exact representation of the mark" on the specimen. *See* 37 C.F.R. §2.51(a)-(b); TMEP §807.12(a).

In this case, the specimen displays the mark between the letters BA YC. However, the drawing displays the mark as a standalone design. The mark on the specimen does not match the mark in the drawing because the mark on the drawing is fully integrated within the stylized letters BA YC. Applicant has

RIPPSCAHEN00024555

thus failed to provide the required evidence of use of the mark in commerce. *See* TMEP §807.12(a).

**Response options.** Applicant may respond to this refusal by satisfying one of the following:

> (1)     **Submit a different specimen** (a verified "substitute" specimen) for each applicable international class that (a) shows the mark in the drawing in actual use in commerce for the goods and/or services in the application or amendment to allege use, and (b) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use.

> **Examples of specimens.**  Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods.  *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m).  A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods.  TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

> Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services.  *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §1301.04(a), (h)(iv)(C).

> Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

> (2)     **Submit a request to amend the filing basis** to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

The USPTO will not accept an amended drawing submitted in response to this refusal because the changes would materially alter the drawing of the mark in the original application or as previously acceptably amended. *See* 37 C.F.R. §2.72(a)-(b); TMEP §807.14. Specifically, the mark on the specimen creates a separable commercial impression from the mark on the drawing.

For more information about drawings and instructions on how to satisfy these response options using the online Trademark Electronic Application System (TEAS) form, see the Drawing webpage.

Although applicant's mark has been refused registration, applicant may respond to the refusals by submitting evidence and arguments in support of registration. However, if applicant responds to the refusals, applicant must also respond to the requirements set forth below.

## AMENDED IDENTIFICATION OF GOODS AND SERVICES REQUIRED

Applicant has identified the following in Classes 9 and 42:

RIPPSCAHEN00024556

## Class 9

**Non-fungible tokens (NFTs)**; downloadable **art image files** authenticated by non-fungible tokens; downloadable computer software **in the nature of non-fungible tokens; non-fungible tokens used with blockchain technology, namely, downloadable image and multimedia files containing artwork; downloadable digital art**

## Class 42

**Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology; authentication and certification of data relating to non-fungible tokens via blockchain**

The above bolded wording must be clarified because it is too broad and could include goods and services in other International Classes. With respect to Class 9, the wording "non- fungible tokens (NFT)" could encompass goods in Class 9 as well as services in Class 35, as indicated in bold below. Further, applicant must clarify the type of goods that are authenticated by non-fungible tokens. Lastly, applicant must specify the function of the downloadable software in Class 9.

With respect to Class 42, the wording "Non-downloadable virtual goods, namely, non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of non-fungible tokens; non-downloadable virtual goods, namely, a collectible series of images as embodied in non-fungible tokens; non-downloadable virtual goods, namely, non-fungible tokens used with blockchain technology; non-downloadable virtual goods, namely, non-fungible tokens used with a distributed ledger; non-downloadable virtual goods, namely, digital collectible images using non-fungible tokens and blockchain technology" could encompass online retail store services or marketplaces services in Class 35 or entertainment services in Class 41. Further, the wording "virtual goods" and "non-fungible tokens" must be clarified because this wording does not sufficiently specify the nature of the goods. Lastly, the identification for "authentication and certification of data relating to non-fungible tokens via blockchain" must be clarified because the wording "certification" indicates that applicant is providing a specialized activity in U.S. Classes A or B.

**Applicant may adopt the following identification, if accurate:**

## Class 9

**Downloadable image files containing {indicate subject matter or field, e.g., trading cards, artwork, memes, sneakers, etc.} authenticated by** non-fungible tokens (NFTs); downloadable image files **containing artwork** authenticated by non-fungible tokens **(NFTs);** downloadable computer software **for {specify the function of the software, e.g., use as a spreadsheet, word processing, etc. and, if software is content- or field-specific, the content or field of use}** in the field of non-fungible tokens **(NFTs);** downloadable image and multimedia files containing artwork **relating to {indicate field or subject matter of file} authenticated by** non-fungible tokens (NFTs) **utilizing** blockchain technology; downloadable digital art **images authenticated by non-fungible tokens (NFTs)**

RIPPSCAHEN00024557

*Class 35*

**Retail store services featuring virtual goods, namely, {specify type, e.g., artwork, clothing} authenticated by non-fungible tokens (NFTs) for use in online virtual worlds; Provision of an online marketplace for buyers and sellers of** downloadable digital art images **authenticated by non-fungible tokens (NFTs)**

*Class 41*

**Entertainment services, namely, providing online** non-downloadable virtual goods, **namely, ___ {specify} authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online** non-downloadable virtual goods, **namely, ___ {specify} in the nature of a** collectible series **authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online** non-downloadable virtual goods, **namely, ___ {specify e.g. artwork} in the nature of** a collectible series of images **authenticated by** non-fungible tokens **for use in virtual environments created for entertainment purposes; Entertainment services, namely providing online** non-downloadable virtual goods, **namely, ___ {specify} authenticated by** non-fungible tokens **utilizing** blockchain technology **for use in virtual environments created for entertainment purposes**; **Entertainment services, namely providing online** non-downloadable virtual goods, **namely, ___ {specify} authenticated by** non-fungible tokens **utilizing distributed ledger technology (DLT) for use in virtual environments created for entertainment purposes; Entertainment services, namely, providing online** non-downloadable virtual goods, namely, digital collectible **{specify type, e.g., artwork}** images **authenticated by** non-fungible tokens **utilizing** blockchain technology **for use in virtual environments created for entertainment purposes**

**Class 42**

Authentication and **validation** of data **in the field of {indicate field, e.g., works of art, financial transactions, medical records, etc.} authenticated** by non-fungible tokens (NFTs) **using** blockchain technology

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted goods and/or services may not later be reinserted. *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.


**MULTIPLE-CLASS APPLICATION REQUIREMENTS**

The application references goods and/or services based on use in commerce in more than one international class; therefore, applicant must satisfy all the requirements below for each international

RIPPSCAHEN00024558

class:

      (1)    **List the goods and/or services by their international class number** in consecutive numerical order, starting with the lowest numbered class (for example, International Class 3: perfume; International Class 18: cosmetic bags sold empty).

      (2)    **Submit a filing fee for each international class** not covered by the fee(s) already paid (view the USPTO's current fee schedule). Specifically, the application identifies goods and/or services based on use in commerce that are classified in at least **four** classes; however, applicant submitted a fee(s) sufficient for only **two** class(es). Applicant must either (a) submit the filing fees for the classes not covered by the submitted fees or (b) restrict the application to the number of classes covered by the fees already paid.

      (3)    **Submit verified dates of first use of the mark** anywhere and in commerce **for each international class**. See more information about verified dates of use.

      (4)    **Submit a specimen for each international class**. **The current specimen is not acceptable for any international class.** See more information about specimens.

**Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

      (5)    **Submit a verified statement** that "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**" See more information about verification.

*See* 37 C.F.R. §2.86(a); TMEP §§1403.01, 1403.02(c).

For an overview of the requirements for a Section 1(a) multiple-class application and how to satisfy the requirements online using the Trademark Electronic Application System (TEAS) form, see the Multiple-class Application webpage.

RIPPSCAHEN00024559

**AMENDED DESCRIPTION OF MARK REQUIRED**

Applicant must submit an amended description of the mark because the current one is incomplete and does not describe all the significant aspects of the mark. 37 C.F.R. §2.37; *see* TMEP §§808.01, 808.02. Descriptions must be accurate and identify all the literal and design elements in the mark. *See* 37 C.F.R. §2.37; TMEP §§808 *et seq*. Specifically, applicant must clarify whether the black square is claimed as a feature of the mark.

The following description is suggested, if accurate:

> The mark consists of an ape skull facing left. **The black square represents background only and is not claimed as a feature of the mark.**

**ASSISTANCE**

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**


> /Megan Clifford/
> Megan Clifford
> Trademark Examining Attorney
> Law Office 111
> (571) 272-9322
> megan.clifford@uspto.gov


**RESPONSE GUIDANCE**

- **Missing the response deadline to this letter will cause the application to abandon.** The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon**. If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

RIPPSCAHEN00024560



RIPPSCAHEN00024578



RIPPSCAHEN00024579



RIPPSCAHEN00024580



RIPPSCAHEN00024581



RIPPSCAHEN00024582



**ROADMAP ACTIVATIONS**

We're in this for the long haul.

We've set up some goalposts for ourselves. Once we hit a target sell through percentage, we will begin to work on realizing the stated goal.

| | |
|---|---|
| 10% SOLD | We pay back our moms. |
| 20% SOLD | We release the Caged Apes. 5 Caged Apes (tokens held back from the sale) are airdropped to random Apeholders. |
| 40% SOLD | BAYC gets its own YouTube channel, BAYC LoFi Radio - Beats to Ape into Shitcoins To. |
| 60% SOLD | Member-Exclusive BAYC Merch Store gets unlocked, featuring Limited Edition tees, hoodies, and other goodies. |
| 80% SOLD | The clubhouse image becomes interactive and the Mysterious Note becomes legible, beginning a treasure hunt. The first to solve the mystery will be rewarded 5 ETH and a Bored Ape. |
| 90% SOLD | The Bored Ape liquidity pool is initiated. |
| 100% SOLD | The Mutant Ape (NFT Breeding) Arcade Machine gets fixed. And we cook up new ways to ape with our friends. |

RIPPSCAHEN00024583





RIPPSCAHEN00024585



RIPPSCAHEN00024586



RIPPSCAHEN00024587



RIPPSCAHEN00024588



RIPPSCAHEN00024589



RIPPSCAHEN00024590



RIPPSCAHEN00024591





RIPPSCAHEN00024593



RIPPSCAHEN00024594



RIPPSCAHEN00024595



RIPPSCAHEN00024597



RIPPSCAHEN00024598



RIPPSCAHEN00024599



RIPPSCAHEN00024600



BAYC

← → C 🔒 https://boredapeyachtclub.com/#/home#buy-an-ape

Not syncing

B A YC    BUY AN APE    GALLERY    BATHROOM    PROVENANCE    ROADMAP    TEAM

## ROADMAP ACTIVATIONS

We're in this for the long haul.

We've set up some goalposts for ourselves. Once we hit a target sell through percentage, we will begin to work on realizing the stated goal.



| | |
|---|---|
| 10% SOLD | We pay back our moms. |
| 20% SOLD | We release the Caged Apes. 5 Caged Apes (tokens held back from the sale) are airdropped to random Apeholders. |
| 40% SOLD | BAYC gets its own YouTube channel, BAYC LoFi Radio - Beats to Ape into Shitcoins To. |
| 60% SOLD | Member-Exclusive BAYC Merch Store gets unlocked, featuring Limited Edition tees, hoodies, and other goodies. |
| 80% SOLD | The clubhouse image becomes interactive and the Mysterious Note becomes legible, beginning a treasure hunt. The first to solve the mystery will be rewarded 5 ETH and a Bored Ape. |
| 90% SOLD | The Bored Ape liquidity pool is initiated. |
| 100% SOLD | The Mutant Ape (NFT Breeding) Arcade Machine gets fixed. And we cook up new ways to ape with our friends. |

RIPPSCAHEN00024602





RIPPSCAHEN00024604



RIPPSCAHEN00024605



RIPPSCAHEN00024606



RIPPSCAHEN00024607



RIPPSCAHEN00024608



RIPPSCAHEN00024609



RIPPSCAHEN00024610



## ROADMAP ACTIVATIONS

We're in this for the long haul.

We've set up some goalposts for ourselves. Once we hit a target sell through percentage, we will begin to work on realizing the stated goal.

| | |
|---|---|
| **10% SOLD** | We pay back our moms. |
| **20% SOLD** | We release the Caged Apes. 5 Caged Apes (tokens held back from the sale) are airdropped to random Apeholders. |
| **40% SOLD** | BAYC gets its own YouTube channel, BAYC LoFi Radio - Beats to Ape into Shitcoins To. |
| **60% SOLD** | Member-Exclusive BAYC Merch Store gets unlocked, featuring Limited Edition tees, hoodies, and other goodies. |
| **80% SOLD** | The clubhouse image becomes interactive and the Mysterious Note becomes legible, beginning a treasure hunt. The first to solve the mystery will be rewarded 5 ETH and a Bored Ape. |
| **90% SOLD** | The Bored Ape liquidity pool is initiated. |
| **100% SOLD** | The Mutant Ape (NFT Breeding) Arcade Machine gets fixed. And we cook up new ways to ape with our friends. |

RIPPSCAHEN00024611



RIPPSCAHEN00024612



RIPPSCAHEN00024613

