# EXHIBIT 120

| **To:** | Mark A. Jansen(trademarks@fenwick.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97313551 - BAYC - 39048-00070 |
| **Sent:** | March 07, 2023 05:17:07 PM EST |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

5225126
6763223

### United States Patent and Trademark Office (USPTO)
#### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 97313551

**Mark:** BAYC

**Correspondence Address:**
Mark A. Jansen
FENWICK & WEST LLP
801 CALIFORNIA STREET
MOUNTAIN VIEW CA 94041 UNITED STATES

**Applicant:** Yuga Labs, Inc.

**Reference/Docket No.** 39048-00070

**Correspondence Email Address:** trademarks@fenwick.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** March 7, 2023

This Office action is in response to applicant's communication filed on September 22, 2022. The identification of goods and services in Classes 14, 16, 24, 27,  28, 43 and 45 is accepted. However, the identification of goods and services in Classes 9, 18, 25, 32, 33, 35, 36, 38, 41, 42  remains partially

RIPPSCAHEN00024927

indefinite. This requirement is continued and maintained so that the examining attorney can provide further guidance and clarify the requirements for amendment.

**Identification of Goods and Services Amendment Requirement Continued and Maintained**

Applicant must clarify some of the wording in the identification of goods and services because it is indefinite.  *See* 37 C.F.R. §2.32(a)(6); TMEP §§1402.01, 1402.03.  This wording is indefinite because it does not make clear the exact nature of the goods  and services.  Further, some of the goods and services appear to be misclassified.

Applicant must amend this wording to specify the common commercial or generic name of the goods and  services. *See* TMEP §1402.01. If the goods have no common commercial or generic name, applicant must describe the product, its main purpose, and its intended uses. *See id.* If the services have no common commercial or generic name, applicant must describe or explain the nature of the services using clear and succinct language. *See id.*

As a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade. Further, NFTs are not non-downloadable. NFTs are downloadable units of data stored on a blockchain (a digital database, or ledger, that can be simultaneously used and shared within a large decentralized, publicly accessible network) that authenticate and prove ownership rights to digital or physical items. An NFT is not the digital or physical item itself, nor does it contain the digital or physical item; rather, it only contains information about the item. It is comparable to a certificate of authenticity/ownership for a physical item.  Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification.

Similarly, applicant must clarify references to "blockchain", "NFT", "digital assets, digital tokens, crypto-tokens, utility tokens, non-fungible tokens (NFTs), digital collectibles, crypto-collectibles" through the application.

In Class 33, applicant included the word "scotch" and "tequila" in its identification of goods.  However, these words registered marks that are not owned by applicant and must be deleted from the identification and replaced with the common commercial or generic name of these goods, such as "whisky" or "whisky produced in {insert geographic name or region} in accordance with specific standards," for "scotch" and "distilled blue agave liquor" for tequila, if not already included in the identification.  *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.09.  See attached information about U.S. Registration Nos. 6763223 and 5225126.

Proprietary wording, such as a registered term, should not be used in identifications, which should be comprised of generic everyday wording for the goods and/or services.  *See* TMEP §§1402.01, 1402.09. The misspelling or phonetic equivalent of a registered mark similarly should not be used, unless it is the common name of the goods and/or services.  *Id.*

Applicant must must clarify the identification of services in Class 35 to clarify the nature of the goods featured by the retail services. In addition, applicant must amend the services to replace the semi-colons separating the goods with commas. The semi-colons have the effect of rendering the goods as separate items on their own, rather than goods featured by the retail store services.

Applicant must correct the punctuation in the identification to clarify the individual items in the list of goods and/or services.  *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01(a).  Proper punctuation in

RIPPSCAHEN00024928