# EXHIBIT 254

| | |
|---|---|
| 1 | ERIC BALL (CSB No. 241327) |
| | eball@fenwick.com |
| 2 | KIMBERLY CULP (CSB No. 238839) |
| | kculp@fenwick.com |
| 3 | FENWICK & WEST LLP |
| | 801 California Street |
| 4 | Mountain View, CA 94041 |
| | Telephone: 650.988.8500 |
| 5 | Facsimile: 650.938.5200 |
| 6 | |
| | ANTHONY M. FARES (CSB No. 318065) |
| 7 | afares@fenwick.com |
| | ETHAN M. THOMAS (CSB No. 338062) |
| 8 | ethomas@fenwick.com |
| | FENWICK & WEST LLP |
| 9 | 555 California Street, 12th Floor |
| | San Francisco, CA 94104 |
| 10 | Telephone: 415.875.2300 |

*Additional Counsel listed on next page*

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| Plaintiff and Counterclaim Defendant, | **YUGA LABS, INC.'S SUPPLEMENTAL RESPONSES TO RYDER RIPPS' AND JEREMY CAHEN'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-179)** |
| v. | |
| RYDER RIPPS, JEREMY CAHEN, | |
| Defendants and Counterclaim Plaintiffs. | |

worked at ApeFest. Yuga Labs will interpret "You" to mean only Yuga Labs.

Subject to and without waiving the forgoing objections, Yuga Labs responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 57:**

Admit that You are not aware of any specific instance where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Yuga Labs incorporates by reference each of the General Objections set forth above as if fully set forth herein. Yuga Labs objects that the requests in Defendant's First Set of Requests for Admission are made in bad faith and without factual basis to reasonably anticipate admissions at this stage of discovery, and thus presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36 "is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." (quoting *Perez v. Miami–Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002))). Yuga Labs reserves its right to seek sanctions for the Defendants' continued abuse of this litigation.

Yuga Labs objects to this request as irrelevant and overbroad, including because Yuga Labs' "aware[ness]" is not relevant to any claim or defense. Yuga Labs objects to this request as premature, as discovery and its investigation are ongoing. Yuga Labs objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Yuga Labs to admit the asserted fact on behalf of all of the persons included in Defendants' definition of "You," which includes people (and thus information) not within Yuga Labs' control and dozens or potentially hundreds of individuals, including for example every person that worked at ApeFest. Yuga Labs will interpret "You" to mean only Yuga Labs.

Subject to and without waiving the forgoing objections, Yuga Labs responds as follows: Admitted.