1  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
2  KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone:   650.988.8500
5  Facsimile:   650.938.5200

6
   ANTHONY M. FARES (CSB No. 318065)
7  afares@fenwick.com
   ETHAN M. THOMAS (CSB No. 338062)
8  ethomas@fenwick.com
   FENWICK & WEST LLP
9  555 California Street, 12th Floor
   San Francisco, CA  94104
10 Telephone:  415.875.2300

11 *Additional Counsel listed on next page*

12
   Attorneys for Plaintiff and
13 Counterclaim Defendant
   YUGA LABS, INC.
14

15            UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17            WESTERN DIVISION – Los Angeles

18

19 YUGA LABS, INC.,                        Case No.: 2:22-cv-04355-JFW-JEM

20              Plaintiff and             **COMBINED STATEMENT OF FACTS**
                Counterclaim Defendant,   **RE YUGA LABS, INC.'S MOTION**
21                                        **FOR SUMMARY JUDGMENT**

22         v.                             Date:       April 17, 2023
                                          Time:       1:30 p.m.
23 RYDER RIPPS, JEREMY CAHEN,             Courtroom:  7A
                                          Judge:      Honorable John F. Walter
24              Defendants and
                Counterclaim Plaintiffs.  Trial Date: June 27, 2023
25

26

27          **REDACTED VERSION OF THE DOCUMENT**
            **PROPOSED TO BE FILED UNDER SEAL**
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

Pursuant to Civil Local Rule 56-1 and this Court's Scheduling and Case Management Order (ECF 57), Plaintiff and Counterclaim Defendant Yuga Labs, Inc. ("Yuga Labs") submits the following Combined Statement of Facts as to which there is no genuine issue or dispute in support of its Motion for Summary Judgment:

## I.   UNDISPUTED AND DISPUTED FACTS AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| **Yuga Labs' Creation of the Bored Ape Yacht Club NFT Collection** | |
| 1.   Yuga Labs created the Bored Ape Yacht Club ("BAYC") NFT collection. | Ball Decl. Ex. 35 at Rog. 1; Ex. 42 at 22:24-23:5<br><br>Solano Decl. Ex. 12 at YUGALABS 00030224<br><br>**DISPUTED:**<br><br>a) **Incorrect. Third parties were involved in the creation of traits for artwork for BAYC NFTs. The artwork itself was programmatically generated.**<br>b) **Evid. Obj. Ground - Ball Decl. Exhibit 35 is Hearsay. (Fed. R. Evid. 801, 802)**<br>c) **Evid. Obj. Ground-Solano Decl. Exhibit 12 is Hearsay. (Fed. R. Evid. 801, 802).**<br><br>**Controverting Evidence:**<br><br>a)   Fed. R. Evid. 801, 802.<br>b)   Gosma Dec. Ex. 245 at 68:22- 70:4, 71:2-73:3, Depo. Ex. 223.<br><br>**Yuga Labs' Evidentiary Objections**<br>•   Defendants include improper argument in violation of the Scheduling Order § |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | 4(a). <br> • Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading. <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact.  Defendants have repeatedly admitted to Yuga Labs' creation of the BAYC NFT Collection. *See* Defendants' Counterclaims (ECF 65) ¶¶ 1, 2, 24. |
| 2.    Yuga Labs released the BAYC NFT collection in April 2021. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 89:13-17 <br><br> Solano Decl. Ex. 12 at YUGALABS 00030224. <br><br> **DISPUTED** <br><br> **a)     Evid. Obj. Ground - Ball Decl. Exhibit 35 is Hearsay (Fed. R. Evid. 801, 802)** <br> **b)     Evid. Obj. Ground - Solano Decl. Exhibit 12 is Hearsay (Fed. R. Evid. 801, 802).** <br><br> **Controverting Evidence** <br><br> a)     Fed. R. Evid. 801, 802. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 3.   Only 10,000 BAYC NFTs exist. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 98:18-25<br><br>Solano Decl. Ex. 12 at YUGALABS 00030224; Ex. 13 at YUGALABS 00015993<br><br>**DISPUTED**<br><br>**a)   Incorrect. More than 10,000 NFTs purporting to be BAYC NFTs exist.**<br>**b)   Evid. Obj. Ground - Ball Decl. Exhibit 35 is Hearsay.**<br>**c)   Evid. Obj. Ground-Solano Decl. Exhibit 12 is Hearsay Fed. R. Evid. 801, 802. Evid. Obj. Ground-Solano Decl. Exhibit 13 is hearsay Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence**<br><br>a)   Fed R. Evid. 801, 802<br>b)   Gosma Decl. Ex. 246 at 169:18- 176:4, 191:10-202:6, 203:21-206:9, Depo. Exs. 281, 282, 288, 289, 290, 291, 293.<br>c)   Gosma Decl. Ex. 245 at Dep. 156:12-161:8, 163:16-165:25, Depo Exs. 234, 235, 236.<br><br>**Yuga Labs' Evidentiary Objections**<br><br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact.  And in any event, Defendants have admitted this fact. *See* Answer (ECF 65) at ¶ 1.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and testimony have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair |

Fenwick & West LLP<br>Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | prejudice and confusing the issues. |
| **Yuga Labs' Ownership in the BAYC Marks** | |
| 4.   Yuga Labs first publicly used the BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo mark (the "BAYC Marks") at least as early as April 17, 2021. | Solano Decl. Exs. 14, 15<br><br>**DISPUTED**<br><br>**a)   Incorrect. Defining "BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo" as "Marks" implies that they are valid trademarks, which is incorrect.**<br>**b)   Evid. Obj. Ground- Solano Decl. Exhibit 14 is not properly authenticated. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)   Solano Decl. Ex. 12 at YUGALABS 00030224 ("Most notably, Yuga decentralized the IP rights of Bored Apes, Punks, and Meebits, granting holders rights to the underlying art.").<br>b)   Gosma Decl. Ex. 245 at Depo. Ex. 230 (the BAYC Terms and Conditions, stating "You Own the NFT. Each Bored Ape is an NFT on the Ethereum blockchain. When you purchase and NFT, you own the underlying Bored Ape, the Art, completely…Yuga Labs |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | LLC grants you a worldwide, royalty-free license to use, copy, and display the purchased Art, along with any extensions that you choose to create or use…”). <br> c) Gosma Decl. Ex. 245 at 131:5-17. <br> d) Gosma Decl. Ex. 245 at Depo. Exs. 232, 233 (BAYC NFTs that include the alleged BAYC Marks in the images). <br> e) Gosma Decl. Ex. 245 at 144:19- 145:23. <br> f) Ripps Decl. Ex. 238 (Nicole Muniz states “All IP rights are actually granted to the member and to the owner. We have none of those rights, and we don’t actually take a licensing fee. So it’s a completely novel idea and new to – in general.” <br> g) Fed. R. Evid. 901. <br><br> **Yuga Labs’ Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading. <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. <br> • Fed. R. Evid. 401, 402, 403: The cited documents and testimony have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. |
| 5. Yuga Labs hired a third-party designer, who designed the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs. Yuga Labs owns the copyrights in those images. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 66:17-68:11 <br><br> Solano Decl. ¶ 2 <br><br> **DISPUTED** <br><br> a) Incorrect. Yuga Labs does not own the copyrights in the images for the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) Evid. Obj. Ground-Ball Decl. Exhibit 35 is Hearsay. Fed. R. Evid. 801, 802. **Controverting Evidence** a)   Solano Decl. Ex. 12 at YUGALABS 00030224 ("Most notably, Yuga decentralized the IP rights of Bored Apes, Punks, and Meebits, granting holders rights to the underlying art."). b)   Gosma Decl. Ex. 245 at Depo. Ex. 230 (The BAYC Terms and Conditions, stating "You Own the NFT. Each Bored Ape is an NFT on the Ethereum blockchain. When you purchase and NFT, you own the underlying Bored Ape, the Art, completely…Yuga Labs LLC grants you a worldwide, royalty-free license to use, copy, and display the purchased Art, along with any extensions that you choose to create or use…"). c)   Gosma Decl. Ex. 245 at 131:5-17. d)   Gosma Decl. Ex. 245 at 71:2-73:3. e)   Gosma Decl. Exs. 232, 233 (BAYC NFTs that include the alleged BAYC Marks in the images). f)   Gosma Decl. Ex. 245 at 144:19- 145:23. g)   Ripps Decl. Ex. 238 (Nicole Muniz states "All IP rights are actually granted to the member and to the owner. We have none of those rights, and we don't actually take a licensing fee. So it's a completely novel idea and new to – in general."). h)   Fed. R. Evid. 801, 802. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading. • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. • Fed. R. Evid. 401, 402, 403: The cited |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | documents and testimony have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. |
| 6. Yuga Labs has used the BAYC Marks to promote and sell the BAYC NFTs on its website, on NFT marketplaces, and on social media platforms. | Solano Decl. Exs. 14-17<br><br>Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>**a) The USPTO has rejected that Yuga has used the BAYC Marks in commerce with BAYC NFTs.**<br>**b) Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' brand and use and promotion of the alleged BAYC Marks are inadmissible under _Daubert_. Fed. R. Evid. 702. To the extent this is being offered as non-expert testimony, it is outside of the witness's personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 702.<br>b) Ripps Decl., Exs. 109 at 5-6; 111 at RIPPSCAHEN00023152-53; 112 at RIPPSCAHEN00023249-50; 113 at RIPPSCAHEN00023364-65; 114 at RIPPSCAHEN00023449-50; 115 at RIPPSCAHEN00023570-72; 116 at RIPPSCAHEN00024188-89; 117 at RIPPSCAHEN00024317-18; 118 at RIPPSCAHEN00024429-30; 119 at RIPPSCAHEN00024554-55.<br><br>**Yuga Labs' Evidentiary Objections**<br><br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901: The cited documents do not controvert the |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | asserted fact. |
| 7.   Yuga Labs has pending trademark applications with the U.S. Patent & Trademark Office for the BAYC Marks. | Muniz Decl. Exs. 46-51 <br><br> **DISPUTED** <br><br> a) **Yuga Labs has withdrawn their application for the "APE" Mark.** <br> b) **All the alleged BAYC Marks have applications for trademarks that are opposed and are, therefore, properly classified as "Opposition Pending" not "pending." Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."** <br><br> **Controverting Evidence** <br><br> a)   Gosma Decl. Ex. 245 at Depo. Ex. 227 (stating an "Abandonment Date" for the "APE" mark of "October 3, 2022"). <br> b)   Gosma Decl. Ex. 245 at 46-51. (*See, e.g.*, Ex. 46 at YUGALABS 00040559 "LIVE/APPLICATION/Opposition Pending…The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided."). <br> c)   Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. <br><br> **Yuga Labs' Evidentiary Objections** <br> •   Defendants include improper argument |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 106: The cited documents are incomplete and misleading. <br> • Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. <br> • Fed. R. Evid. 901: One or more citations are incorrect and misleading. The quoted language is not found at Ex. 245 at 46-51. |
| **The Strength of the BAYC Marks** | |
| 8.   The BAYC brand is considered by Yuga Labs to be its cornerstone brand. | Ball Decl. Ex. 42 at 169:12-20 <br><br> Solano Decl. Ex. 12 at YUGALABS 00030224 <br><br> Berger Decl. ¶ 15 <br><br> **DISPUTED** <br><br> **a)   Evid. Obj. Ground-Solano Decl. Exhibit 12 is Hearsay. Fed. R. Evid. 801, 802.** <br> **b)   Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' brand are inadmissible under Daubert. Fed. R. Evid. 702. To the extent they are not expert opinions, they are on matters outside of his personal knowledge. Fed. R. Evid. 701.** <br><br> **Controverting Evidence** <br><br> a)   Fed. R. Evid. 801, 802. <br> b)   Fed. R. Evid. 701, 702. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 9. BAYC NFTs are among the highest NFT collections in terms of all-time purchasing volume. | Solano Decl. Ex. 18<br><br>Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground – Solano Decl. Exhibit 18 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' purchasing volume are inadmissible under Daubert. Fed. R. Evid. 702. To the extent Yuga is not offering this as expert testimony, it is outside of his personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 702.<br>b) Fed. R. Evid. 801, 802. |
| 10. BAYC NFTs sell for a premium relative to nearly all other NFTs. | Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' price relative to other NFTs are inadmissible under Daubert. Fed. R. Evid. 702. To the extent he is giving non-expert testimony it is on matters outside of his personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 702. |
| 11. Yuga Labs has spent tens of millions of dollars on advertising and marketing its BAYC brand and related products. | Muniz Decl. ¶ 9<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' price** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Incorrect.** ███████████████ ████████████████████ ████████████████████ ████████████ <br><br> **Controverting Evidence** <br><br> a)    Gosma Decl. Ex. 245 at Exs. 238, 239 ( ███████████████████ ████████████████████ ████████████████████ ████████████████ ). <br><br> b)    Gosma Decl. Ex. 245 at 188:7-17, Depo. Ex. 239 ( ██████████████ ████████████████████ ████████████████████ █████████████ . <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 12.   The majority of Yuga Labs' revenue in 2021 and 2022 derived from the BAYC brand. | Muniz Decl. ¶ 9 <br><br> **UNDISPUTED** |
| 13.   Since the release of BAYC NFTs in April 2021, the BAYC NFTs and BAYC brand have been featured by media outlets and in news articles. | Solano Decl. Exs. 19-24 <br><br> **DISPUTED** <br><br> a)   **Evid. Obj. Ground - Solano Decl. Exs. 19-24 are Hearsay. Fed. R. Evid. 801, 802.** <br><br> **Controverting Evidence** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | a)    Fed. R. Evid. 801, 802. |
| 14.   Yuga Labs' has entered into marketing partnerships and collaborations with well-known brands to feature the BAYC brand. | Solano Decl. 3; Ex. 10<br><br>Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>**a)    Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' marketing partnerships and the BAYC brand are inadmissible under Daubert. Fed. R. Evid. 702. To the extent it is not expert testimony, it is testimony outside the personal knowledge of the witness. Fed. R. Evid. 701**<br><br>**Controverting Evidence**<br><br>a)    Fed. R. Evid. 701, 702. |
| 15.   Holders of BAYC NFTs have exclusive access to membership perks, such as online games, in person events, and new product launches. | Ball Decl. Ex. 35 at Rog. 1<br><br>Berger Decl. Ex. 106 ¶ 10 n.3<br><br>**DISPUTED**<br><br>**a)    Evid. Obj. Ground-Ball Decl. Exhibit 35 is Hearsay. Fed. R. Evid. 801, 802.**<br>**b)    Evid. Obj. Ground – Berger's expert opinions on benefits of holding BAYC NFTs are inadmissible under Daubert. Fed. R. Evid. 702.**<br>**c)    Evid. Obj. Ground-Berger relies on matters outside his personal knowledge and conveys these as fact. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a)    Fed. R. Evid. 702.<br>b)    Fed. R. Evid. 701. |
| 16.   Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BORED APE YACHT | Muniz Decl. Ex. 46 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| CLUB mark have not been refused for descriptiveness, have been noticed for publication as early as October 12, 2022, and have been noticed for allowance as early as December 27, 2022. | **DISPUTED** <br><br> **a)** **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."** <br><br> **Controverting Evidence** <br><br> a)   Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 106: The cited document is incomplete and misleading. <br> • Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. <br> • Fed. R. Evid. 901: One or more citations are incorrect and misleading. RIPPSCAHEN00021340 is not included in Ripps Decl., Ex. 120. |
| 17.   Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC mark have not | Muniz Decl. Ex. 47 <br><br> **DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| been refused for descriptiveness, have been noticed for publication as early as March 16, 2022, and have been noticed for allowance as early as May 31, 2022. | **a)** **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."** <br><br> <u>**Controverting Evidence**</u> <br><br> a)   Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. <br><br> <u>**Yuga Labs' Evidentiary Objections**</u> <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 106: The cited document is incomplete and misleading. <br> • Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 18.   Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BORED APE mark have not been refused for descriptiveness, have been noticed for publication as early as March 9, 2022, and have been noticed for allowance as early as May 24, 2022. | Muniz Decl. Ex. 48 <br><br> <u>**DISPUTED**</u> <br><br> **a)** **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued** |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."**<br><br>**Controverting Evidence**<br><br>a)   Ripps Decl., Ex. 120 at RIPPSCAHEN00021340.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 19.   Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC Logo mark have not been refused for descriptiveness, have been noticed for publication as early as March 16, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 49<br><br>**DISPUTED**<br><br>**(a) Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership** |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification.**" |
| | **Controverting Evidence**<br><br>a) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 20. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BA YC BORED APE YACHT CLUB Logo mark have not been refused for descriptiveness, have been noticed for publication as early as October 12, 2022, and have been noticed for allowance as early as December 27, 2022. | Muniz Decl. Ex. 50<br><br>**DISPUTED**<br><br>a) **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **and identification."**<br><br>**Controverting Evidence**<br><br>a)   Ripps Decl., Ex. 120 at RIPPSCAHEN00021340.<br><br>**Yuga Labs' Evidentiary Objections**<br><br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 21.  Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the Ape Skull Logo mark have not been refused for descriptiveness, have been noticed for publication as early as January 18, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 51<br><br>**DISPUTED**<br><br>a)   **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."**<br><br>**Controverting Evidence**<br><br>a)   Ripps Decl. Ex. 120 at |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | RIPPSCAHEN00021340. **Yuga Labs' Evidentiary Objections** <br>• Defendants include improper argument in violation of the Scheduling Order § 4(a). <br>• Fed. R. Evid. 106: The cited document is incomplete and misleading. <br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| **Defendants' Same Product** | |
| 22. Defendants created the RR/BAYC NFTs, which point to the same online digital images as BAYC NFTS. | Ball Decl. Ex. 25 ¶ 8; Ex. 27 ¶ 5; Ex. 36 at Rog. 1; Ex. 37 at RFA 3; Ex. 39 at 106:23-107:3 <br><br> Muniz Decl. Ex. 70 <br><br> **DISPUTED** <br><br> **a)   Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901** <br> **b)   Evid. Obj. Ground-Muniz Decl. Exhibit 70 is not properly authenticated. Fed. R. Evid. 901.** <br><br> **Controverting Evidence** <br><br> a)   Fed. R. Evid. 901. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 23. Some BAYC Images depict BAYC Marks. | Muniz Decl. Exs. 71, 72<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground-Muniz Declaration Exhibits 71 and 72 are not properly authenticated. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 901. |
| **Defendants' Use of the Same Marks** | |
| 24. Defendants first began to publicly use the BAYC Marks in association with the RR/BAYC NFTs on or around May 14, 2022. | Muniz Decl. Ex. 53<br><br>**DISPUTED**<br><br>a) **Misleading as to "BAYC Marks" as Muniz Decl. Ex. 53 only includes reference to "RR/BAYC" which is a modified version of one of the alleged BAYC Marks.**<br><br>**Controverting Evidence**<br><br>a) Muniz Decl. Ex. 53.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 25. On May 13, 2022, Defendant Ripps created the Ethereum blockchain smart contract, 0x2ee6afildff3alce3f7e3414c52c48fd 50d73691e, which contains the RR/BAYC NFTs. | Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 81:6-l 1, 106:2-14<br><br>Atalay Decl. Exs. 5-7<br><br>**DISPUTED**<br><br>a) **Incorrect as to address of "Ethereum blockchain smart contract." Ball Decl. Ex. 27 states** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | "0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e" not "0x2ee6af1dff3a1ce3f7e3414c52c 48fd 50d73691e" |
| | b)  **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.** |
| | c)  **Evid. Obj. Ground-Atalay Decl. Exhibit 6 is not properly authenticated. Fed. R. Evid. 901.** |
| | **Controverting Evidence** |
| | a)      Ball Decl. Ex. 27. |
| | b)      Fed. R. Evid. 901. |
| | **Yuga Labs' Evidentiary Objections** |
| | • Defendants include improper argument in violation of the Scheduling Order § 4(a). |
| | • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 26.   The Ethereum blockchain smart contract that contains the RR/BAYC NFTs has "Bored Ape Yacht Club" input as its name, and "BAYC" input as its symbol. | Ball Decl. Ex. 27 ¶ 8 Atalay Decl. Exs. 5-8 |
| | **DISPUTED** |
| | a)  **Misleading as partial citation to the information included in the smart contract. The Ethereum blockchain smart contract includes a "Contract Creator" that appears as "ryder-ripps.eth"** |
| | c)  **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901.<br>**d)** Atalay Decl. Exhibit 6 is not properly authenticated. Fed. R. Evid. 901.<br><br>**Controverting Evidence**<br><br>a) Atalay Decl. Exs. 7<br>b) Fed. R. Evid. 901<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 27. Etherscan, a website that gathers metadata from the blockchain to track NFT transactions, displays the name and symbol for the Ethereum blockchain smart contract that contains the RR/BAYC NFTs as "Bored Ape Yacht Club" and "BAYC," respectively. It also displays "Bored Ape Yacht Club (BAYC)" as the token tracker. | Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 81:6-11, 106:2-14; Ex. 39 at 37:23-38:6; Ex. 40 at 143:18-144:3<br><br>Atalay Decl. Exs. 5-8<br><br>O'Laughlin Decl. Ex. 105 ¶14<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground – O'Laughlin's expert opinions on the names and symbols used in the Ethereum blockchain are inadmissible under Daubert. Fed. R. Evid. 702. To the extent they are not expert opinions, they are inadmissible as matters outside her personal knowledge. Fed. R. Evid. 701.**<br>b) **Misleading as partial citation to the information included in the smart contract. The Ethereum blockchain smart contract includes a "Contract Creator" that appears as "ryder-ripps.eth" Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that** |

Fenwick & West LLP<br>Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 701, 702.<br>b)   Fed. R. Evid. 901.<br>c)   Atalay Decl. Exs. 7; Ball Decl. Ex. 106:2-14.<br><br>**Yuga Labs' Evidentiary Objections**<br><br>•   Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>•   Fed. R. Evid. 901: The cited document does not controvert the asserted fact.<br>•   Fed. R. Evid. 901: The citation to Ball Decl. Ex. 106:2-14 is incorrect and misleading because there is no exhibit cite included; the cite should be Ball Decl. Ex. 38 at 106:2-14. |
| 28.   On Etherscan, for the Ethereum blockchain smart contract that contains the RR/BAYC NFTs, "*ryder-ripps.eth" did not appear in the contract creator field at the time Yuga Labs filed its Complaint. | _Compare_ Atalay Decl. Ex. 7, _with_ Atalay Decl. Ex. 6<br><br>**DISPUTED**<br><br>a)   **Misleading as information included in the contract creator field for the smart contract. While the example included in Atalay Decl. Ex. 6 does not state "ryder-ripps.eth" in the contract creator field, it does include a link to Mr. Ripps' wallet.**<br>b)   **Evid. Obj. Ground-Atalay Decl. Exhibit 6 is not properly authenticated and is therefore inadmissible. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)   Atalay Decl. Ex. 6.<br>b)   Ripps Decl. Exs. 195, 196. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | c)    Fed. R. Evid. 901.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 29.    Defendants registered and/or used the domain rrbayc.com. | Ball Decl. Ex. 26 ¶ 7; Ex. 27 ¶ 3; Ex. 34 at NAMECHEAP0000016<br>Muniz Decl. Ex. 77<br><br>**DISPUTED**<br><br>a)    **Evid. Obj. Ground-Ball Decl. Exhibit 26 ¶ 7 is inadmissible Hearsay. Fed. R. Evid. 801, 802.**<br>b)    **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement *as seems likely*." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)    Fed. R. Evid. 801, 802, 901 |
| 30.    Defendants registered and/or used the domain apemarket.com. | Ball Decl. Ex. 26 ¶ 7; Ex. 27 ¶ 3; Ex. 29; Ex. 34 at NAMECHEAP0000017; Ex. 40 at Hickman Ex. 64<br><br>**DISPUTED**<br><br>a)    **Evid. Obj. Ground-Ball Decl. Exhibit 26 ¶ 7 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br>b)    **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement *as seems likely*." Dkt. 159 at 2. Fed. R. Evid. 901. <br><br> c)  Ball Decl. Exhibit 40 at Deposition Exhibit 64 is inadmissible hearsay. Fed. R. Evid. 801, 802. <br><br> **Controverting Evidence** <br><br> a)  Fed. R. Evid. 901. <br> b)  Fed. R. Evid. 801, 802. |
| 31.  Unmodified versions of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks, were displayed alongside the sale of RR/BAYC NFTs. | Ball Decl. Ex. 27 ¶ 18; Ex. 36 at Rog. 3 <br><br> Atalay Decl. Ex. 9 <br><br> Muniz Decl. Exs. 54, 55, 59, 60, 61 <br><br> **DISPUTED** <br><br> a)  **Misleading as to characterization of evidence cited. Specifically, Ball Decl. Ex. 36 does not state Mr. Ripps and Mr. Cahen used "[u]nmodified versions of BAYC Marks." Instead it says that "Mr. Ripps's RR/BAYC project in nearly all instances displayed modified versions of certain Asserted Marks, though in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps's commentary."** <br> b)  **Misleading characterization as evidence suggests RR/BAYC NFTs were not displayed for sale alongside "[u]nmodified versions of BAYC Marks" and included modified versions of the alleged BAYC Marks. For example, "rrbayc.com;" a modified logo that states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH"; and "RR/BAYC."** <br> c)  **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.**<br>d) **Evid. Obj. Ground-Muniz Exhibit 54 is not properly authenticated. Fed. R. Evid. 901.**<br>e) **Evid. Obj. Ground-Muniz Decl. Exhibit 59 is inadmissible as outside Ms. Muniz's personal knowledge and as not authenticated. Fed. R. Evid. 701, 901**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 36 at Rog. 3.<br>b) Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50.<br>c) Fed. R. Evid. 901.<br>d) Fed. R. Evid. 801, 802.<br>e) Fed. R. Evid. 701.<br><br>**Yuga Labs' Evidentiary Objections**<br><br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 32.  RR/BAYC NFTs were sold on Foundation alongside the display of unmodified versions of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks. | Ball Decl. Ex. 38 at 60:18-61:4, 82:813; Ex. 39 at 73:17-74:5<br><br>Muniz Decl. Exs. 54, 55, 59, 60<br><br>**DISPUTED**<br><br>a) **Misleading as to characterization of evidence cited. Specifically, Ball Decl. Ex. 38 at 60:18-61:4, does not state that "unmodified versions of BAYC Marks" were used to sell RR/BAYC NFTs on Foundation. Instead it states "Ryder Ripps/Bored Ape Yacht Club** |

FENWICK & WEST LLP · ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | is the name of the art piece…" which is a modified version of an alleged BAYC Mark. <br> b) **Muniz Decl. Exhibit 54 is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901.** <br> c) **Muniz Decl. Exhibit 59 is outside the personal knowledge of the witness and not properly authenticated. Fed. R. Evid. 701, Fed. R. Evid. 901.** <br> d) **Muniz Decl. Exhibit 60 is not properly authenticated and is inadmissible. Fed. R. Evid. 901. It is also inadmissible hearsay evidence. Fed. R. Evid. 801, 802.** <br><br> **Controverting Evidence** <br><br> a)   Ball Decl. Ex. 38 at 60:18-61:4. <br> b)   Fed. R. Evid. 901. <br> c)   Fed. R. Evid. 701. <br> d)   Fed. R. Evid. 801, 802. <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 33.   RR/BAYC NFTs were sold on OpenSea alongside the display of BAYC Marks, including Yuga Labs' "BAYC" and "Ape Skull Logo" Marks. | Ball Decl. Ex. 38 at 81:6-11 <br><br> Muniz Decl. Ex. 62 <br><br> **DISPUTED** <br><br> a) **Misleading as to characterization of evidence cited. Specifically, Muniz Decl. Ex. 62 includes modified versions of alleged BAYC Marks not the "display of BAYC Marks" including a banner entitled "RRBAYC.com;" a modified logo that states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH;" "By ryder_ripps"; and says "RR/BAYC."** <br> b) **Muniz Decl. Exhibit 62 is inadmissible because it is not properly** |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | authenticated. Fed. R. Evid. 901. **Controverting Evidence** a) Muniz Decl. Ex. 62. b) Fed. R. Evid. 901. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 34. RR/BAYC NFTs were sold on LooksRare alongside the display of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape Yacht Club", and "Ape Skull Logo" Marks. | Muniz Decl. Exs. 63, 64 **DISPUTED** a) **Misleading as to characterization of evidence cited. Specifically, Muniz Decl. Ex. 64 includes modified versions of alleged BAYC Marks not the "display of BAYC Marks" including a banner entitled "RRBAYC.com" and a modified logo that states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH".** b) **Evid. Obj. Ground-Muniz Decl. Exhibit 63 is not properly authenticated and is inadmissible. Fed. R. Evid. 901.** **Controverting Evidence** a) Muniz Decl. Ex. 64. b) Fed. R. Evid. 901. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 35. Defendants posted on their social media accounts about the sale of RR/BAYC NFTs alongside the | Muniz Decl. Exs. 56, 57, 58, 66, 78, 103, 104 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| display of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks. | **DISPUTED**<br><br>**a)  Misleading characterization as defendants have distinct social media accounts and describing them as "their social media accounts" is misleading.**<br>**b)  Misleading as to characterization of evidence cited. Specifically, Muniz Decl. Exs. 66, 78 includes modified versions of the alleged BAYC Marks not the "display of BAYC Marks" including "RR/BAYC."**<br><br>**Controverting Evidence**<br><br>a)  Compare Muniz Decl. Ex. 77 and 78.<br>b)  Muniz Decl. Ex. 66, 78.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 36.  Defendant Ripps posted on his Twitter account that he was minting RR/BAYC NFTs and told users: "send the ape number you want." | Ball Decl. Ex. 40 at 149:16-21<br><br>Muniz Decl. Ex. 79<br><br>**UNDISPUTED** |
| 37.  Each RR/BAYC NFT had a token ID number designated to it when minted. Defendants did not label the RR/BAYC NFTs with that designated token ID number. Defendants labeled the RR/BAYC NFTs using the token ID number associated with the BAYC NFT that points to the same Bored Ape image. | Ball Decl. Ex. 40 at 146:21-147:10, 149:16-21, Hickman Ex. 40<br><br>Atalay Decl. Ex. 9<br><br>Muniz Decl. Ex. 70<br><br>**DISPUTED**<br><br>**a)  Misleading characterization as evidence. Defendants did not label RR/BAYC NFTs with the token ID for BAYC NFTs. Documents cited by** |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Plaintiff refer to a finder tool that uses a BAYC Token ID to retrieve corresponding a RR/BAYC NFT.Plaintiff also cites to a cut-out of an OpenSea page that Defendants did not create and have misleadingly removed portions of that page that would show the RR/BAYC Token ID. Plaintiff also cites to testimony for Mr. Hickman that simply testifies as to what documents are showing (not on whether RR/BAYC NFTs have been labeled a certain manner and even admittedly testifies that "data from OpenSea populated in the form." <br> b) **Evid. Obj. Ground-Atalay Decl. Exhibit 9 is not properly authenticated. Fed. R. Evid. 901.** <br> c) **Evid. Obj. Ground-Muniz Decl. Exhibit 70 is inadmissible because it is not properly authenticated. Fed. R. Evid. 901.** <br><br> **Controverting Evidence** <br><br> a) Ball Decl. Ex. 40 at 146:21- 147:10, 149:16-21, Hickman Ex. 40. <br> b) Atalay Decl. Ex. 9. <br> c) Muniz Decl. Ex. 70. <br> d) Fed. R. Evid. 401, 402. <br> e) Fed. R. Evid. 901. <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 38.  Defendant Ripps has referred to the RR/BAYC NFTs as "Bored Ape Yacht Club V3" and "BAYC V3." | Muniz Decl. Exs. 73, 74 <br><br> **DISPUTED** <br><br> a) **Misleading characterization of Evidence. Muniz Decl. Ex. 73 is a tweet where the context shows no relation at all to RR/BAYC. Muniz** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Decl. Ex. 74 is a tweet of a URL to an NFT aggregator that includes in the URL "bored-ape-yacht-club-v3." Defendant Ripps did not create the URL.**<br>b)  **Bored Ape Yacht Club V3 and BAYC V3 was a name the crypto community gave to RR/BAYC NFTs as it is a common manner of referring to unique NFTs to that point to the BAYC digital images.**<br>c)  **Muniz Decl. Exhibit 74 is inadmissible because the fact asserted is outside Yuga's personal knowledge and rests on speculation. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a)  Muniz Decl. Exs. 73, 74.<br>b)  Ripps Decl., Ex. 226 YUGALABS0040400).<br>c)  Fed. R. Evid. 701.<br>d)  Ripps Decl., Ex.<br><br>**Yuga Labs' Evidentiary Objections**<br>•  Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>•  Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| **Defendants' Use of the Same Marketing Channels** | |
| 39.  Defendants' RR/BAYC NFTs were sold on NFT marketplaces, such as OpenSea and X2Y2. Yuga Labs' BAYC NFTS were sold on those same NFT marketplaces. | Muniz Decl. Exs. 62, 65, 67, 68, 75, 76<br><br>**DISPUTED**<br><br>a)  **Evid. Obj. Ground-Muniz Decl. Exhibit 62 is not properly authenticated. Fed. R. Evid. 901.**<br>b)  **Evid. Obj. Ground-Muniz Decl. Exhibit 65 is not properly authenticated. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)  Ripps Decl. ¶ 4. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b)   Gosma Decl., Ex 247 at 13:12-25.<br>c)   Fed. R. Evid. 901.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 40.   Defendants posted on their Twitter accounts about RR/BAYC NFTs, rrbayc.com, apemarket.com, and NFT marketplaces where RR/BAYC NFTs could be purchased. | Muniz Decl. Exs. 55, 77, 78, 79, 80<br><br>**DISPUTED**<br><br>**a)   Misleading as to statement that "RR/BAYC NFTs could be purchased" on apemarket.com. Apemarket.com was never launched and no NFTs were ever available for purchase on it.**<br>**b)   Evid. Obj. Ground-Muniz Decl. 80 is inadmissible because it lacks foundation to prove that it is within her personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a)   Gosma Decl. Ex. 248 at 194:7-10; 197:9-10. (Mr. Cahen stating "Apemarket.com was never launched. There's nothing on that website.").<br>b)   Fed. R. Evid. 701.<br>    Muniz Decl. 80 is inadmissible because it lacks foundation to prove that it is within Yuga's personal knowledge. Fed. R. Evid. 801.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited documents does not controvert the asserted fact. |
| 41.   Yuga Labs promotes its products using the BAYC Marks on its Twitter accounts. | Muniz Decl. Exs. 83, 84<br><br>Solano Decl. Exs. 15, 17 |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **DISPUTED**<br><br>a)   **Misleading because Yuga Labs only promotes some products using some asserted marks.**<br><br>**Controverting Evidence**<br><br>a)   Muniz Decl. Exs. 83, 84.<br>b)   Solano Decl. Exs. 15, 17.<br><br>**Yuga Labs' Evidentiary Objections**<br>•  Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>•  Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 42.   Defendants worked on developing and marketed an NFT Marketplace, Ape Market, where consumers could purchase and sell RR/BAYC NFTs and BAYC NFTs. | Ball Decl. Ex. 27 ¶ 15; Ex. 39 at 100:18-22; Ex. 40 at 207:23-212:7<br><br>Muniz Decl. Exs. 80, 81, 82<br><br>**DISPUTED**<br><br>a)   **Misleading as to statement that "consumers could purchase and sell RR/BAYC NFTs and BAYC NFTs" on Apemarket as Apemarket was never released and so consumers could never "purchase and sell RR/BAYC NFTs and BAYC NFTs" on it.**<br>b)   **Evid. Obj. Ground – Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)   Gosma Decl. Ex. 248 at 194:7-10 (Mr. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Cahen stating "Apemarket.com was never launched. There's nothing on that website."). <br> b)    Fed. R. Evid. 901 <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 43.    Defendant Cahen controls the Twitter account @ApeMarketplace. | Ball Decl. Ex. 39 at 99:2-23 <br><br> **UNDISPUTED** |
| 44.    The Ape Market Twitter account @ApeMarketplace tweeted a post stating "Listing requires an RRBAYC token: rrbayc.com." It also has a June 2, 2022 tweet that states "Listing requires holding RR/BAYC." | Ball Decl. Ex. 27 ¶ 13 <br> Muniz Decl. Ex. 80 <br><br> **DISPUTED** <br><br> **a)    Evid. Obj. Ground – Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement *as seems likely*." Dkt. 159 at 2. Fed. R. Evid. 901.** <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 901. |
| 45.    The Twitter account @ApeMarketplace tweeted an image addressed to "Dear Yuga community" on June 2, 2022 and stated "ApeMarket will feature RR/BAYC, BAYC, MAYC, BAKC & Otherdeeds" and "0% royalties. 0% fees." | Ball Decl. Ex. 27 ¶ 13 <br><br> Muniz Decl. Ex. 81 <br><br> **DISPUTED** <br><br> **a)    Evid. Obj. Ground –Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 901 |
| 46.  The Twitter account @ApeMarketplace tweeted on June 13, 2022:<br><br> | Muniz Decl. Ex. 80<br><br>**UNDISPUTED** |
| **Actual Confusion from Defendants' Use of the Same Marks** ||
| 47.  A survey conducted by Yuga Labs' expert, Laura O'Laughlin, evidenced that consumers who saw the BAYC Marks used in connection with Defendants' RR/BAYC NFT collection on the Foundation marketplace resulted in a 40.4% net confusion rate. | O'Laughlin Decl. ¶ 4<br><br>**DISPUTED**<br><br>a)   **O'Laughlin's opinion about confusion rates are inadmissible under Daubert. Fed. R. Evid. 702.**<br>b)   **O'Laughlin's entire declaration is inadmissible under Daubert. Fed. R. Evid. 702. To the extent that this is not expert testimony, O'Laughlin asserts facts not in her personal knowledge. Fed. R. Evid. 701.**<br>c)   **To the extent that this is not expert** |

Fenwick & West LLP
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | testimony, O'Laughlin asserts facts not in her personal knowledge. **Fed. R. Evid. 701.** **Controverting Evidence** a)     Fed. R. Evid. 701,702. |
| 48.    A survey conducted by Yuga Labs' expert, Laura O'Laughlin, evidenced that consumers who saw the BAYC Marks used in connection with Defendants' RR/BAYC NFT collection on the OpenSea marketplace resulted in a 20% net confusion rate. | O'Laughlin Decl. ¶ 5 **DISPUTED** a)   **O'Laughlin's opinion about confusion rates are inadmissible under Daubert. Fed. R. Evid. 702.** b)   **O'Laughlin's entire declaration is inadmissible under Daubert. Fed. R. Evid. 702. To the extent that this is not expert testimony, O'Laughlin asserts facts not in her personal knowledge. Fed. R. Evid. 701.** c)   **To the extent that this is not expert testimony, O'Laughlin asserts facts not in her personal knowledge. Fed. R. Evid. 701.** **Controverting Evidence** a)     Fed. R. Evid. 701 702. |
| 49.    Bloomberg News, a media outlet, referred to Defendants' RR/BAYC NFT collection as "Bored Ape Yacht Club V3." | Muniz Decl. Exs. 67, 68, 73, 74, 85, 86, 87 **DISPUTED** a)   **Incorrect. The cited news story does not indicate that Bloomberg News was actually referring to the RR/BAYC NFT collection.** b)   **Evid. Obj. Ground - Muniz Decl. Ex 85 is a video clip of a Bloomberg Television segment and is Hearsay. Fed. R. Evid. 801, 802.** c)   **Evid. Obj. Ground-Muniz Decl. Exhibit 85 is misleading as the video contains no discussion at all about RR/BAYC NFTs or what is meant by Bored Ape Yacht Club V3 (it is just a graphic in the background). Fed. R.** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Evid. 106.<br>**d)** Evid. Obj. Ground-Muniz Decl. Exhibit 86 is Hearsay. Fed. R. Evid. 801, 802.<br>**e)** Evid. Obj. Ground-Muniz Decl. Exhibit 87 is not within the witness's personal knowledge. Fed. R. Evid. 701.<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 701, 801, 802.<br>b)   Fed. R. Evid. 106. |
| 50.   The Smart NFT News Twitter account at @Smart_NFT_News, which reports on NFTs, listed Defendants as two of the "Top 50 the Most Influential Accounts in BAYC." | Muniz Decl. Ex. 88<br><br>**DISPUTED**<br><br>**a)** Evid. Obj. Ground - Muniz Decl. Ex. 88 is Hearsay. Fed. R. Evid. 801, 802.<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 801, 802. |
| 51.   A Twitter bot, GemBot at @0xGem, which tracks blockchain transactions, falsely reported that an authentic BAYC NFT was purchased when it was actually an RR/BAYC NFT that was purchased. In the "replies" to that tweet, Twitter users stated: "What a gold ape sold for 6eth must be a glitch!" and "damn I could have afforded this." A Twitter user also reposted the tweet and stated: "Oh no... did a someone just fat fingers a gold ape for 5.99 ETH?!" | Muniz Decl. Exs. 89, 90, 91, 92<br><br>**DISPUTED**<br><br>**a)** Evid. Obj. Ground - Muniz Decl. Exs. 89, 90, 91, 92 are Hearsay. Fed. R. Evid. 801, 802.<br>**b)** Misleading characterization of evidence. GemBot is not a person, and commentators on this post readily identified that the bot was posting about an RR/BAYC NFT. Those comments making that point clear have been omitted from Plaintiff's characterization.<br><br>**Controverting Evidence**<br><br>a)   Muniz Decl. Exs. 89, 90, 91, 92.<br>b)   Fed. R. Evid. 801, 802.<br>c)   Ripps Decl., Exs. 211-215. |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | d)　　SUF ¶ 225.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106, 901: The cited documents do not controvert the asserted fact. |
| 52.　When Defendant Ripps' Twitter profile picture was an RR/BAYC NFT Bored Ape image, one Twitter user "replied" to one of Defendant Ripps' tweets and stated " . . . your profile pic is a BAYC, so I'm a bit confused here." Another Twitter user "replied" and stated "You have a bayc pfp though haha?" | Muniz Decl. Exs. 93, 94<br><br>**DISPUTED**<br>**a)　Evid. Obj. Ground - Muniz Decl. Exs. 93, 94 are Hearsay. Fed. R. Evid. 801, 802.**<br>**b)　Evid. Obj. Ground – Muniz Decl. Ex. 93 is not properly authenticated. Fed. R. Evid. 901.**<br>**c)　Evid. Obj. Ground-Muniz Decl. Ex. 93 is not properly authenticated. Fed. R. 901.**<br>**d)　Misleading characterization of evidence. The comments quoted in Plaintiff's characterization are satirical and joking comments, showing that they understood that the image was not referencing a BAYC NFT. That context is omitted from the description.**<br><br>**Controverting Evidence**<br>a)　Fed. R. Evid. 801, 802, 901.<br>e)　Fed. R. Evid. 901.<br>b)　Muniz Decl. Exs. 93, 94.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 53.　A Twitter user posted a picture of an RR/BAYC NFT and stated | Muniz Decl. Ex. 95 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| "#NewProfilePic" and, in response, another Twitter user wrote "? I'm so confused . . . this isn't real Jason ? It's a collection of 179 created by @ryder_ripps although it says 'bored ape' it's not real dude." | **DISPUTED**<br><br>a) **Evid. Obj. Ground— Muniz Decl. Ex. 96 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Misleading characterization of evidence. The comment quoted in Plaintiff's characterization is a satirical and joking comment, showing that they understood that RR/BAYC NFTs was the subject of discussion. That context is omitted from the description.**<br><br>**Controverting Evidence**<br><br>a)  Fed. R. Evid. 801, 802.<br>b)  Muniz Decl. Exs. 93, 94.<br>c)  Ripps Decl., Exs. 216-217.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 54.   A Twitter user responded to a post by Defendant Ripps on his Twitter account stating: "I bought an rr bayc because i thought it was made by yuga." | Muniz Decl. Ex. 96<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground— Muniz Decl. Ex. 96 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground-Muniz Decl. Ex. 96 is not properly authenticated. Fed. R. Evid. 901.**<br>c) **Evid. Obj. Ground-Muniz Decl. Ex. 96 is misleadingly incomplete. Fed. R. Evid. 106.**<br>d) **Misleading characterization of evidence. The comment quoted in Plaintiff's characterization is a satirical and joking comment, showing that they understood that** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | RR/BAYC NFTs was the subject of discussion. That context is omitted from the description.<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 801, 802, 901.<br>b)   Fed. R. Evid. 106.<br>c)   Fed. R. Evid. 901<br>d)   Fed. R. Evid. 106<br>e)   Muniz Decl. Ex. 96.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 55.   A Twitter user posted an image of an RR/BAYC NFT with an overlay of "possibly fake" posted on the image, and stated: "psa for everyone be careful what you buy. i just bought BAYC #4255 but now I'm thinking that it could be fake?" | Muniz Decl. Ex. 97<br><br>**DISPUTED**<br><br>a)   **Evid. Obj. Ground - Muniz Decl. Ex. 97 is Hearsay. Fed. R. Evid. 801, 802.**<br>b)   **Misleading characterization of evidence. The comment quoted in Plaintiff's characterization is a satirical and joking comment (because there is no such thin as a fake NFT), showing that they understood that RR/BAYC NFTs was the subject of discussion. That context is omitted from the description.**<br>c)   **Evid. Obj. Ground – Muniz Decl. Ex. 97 is misleadingly incomplete. Fed. R. Evid. 106.**<br>d)   **Evid. Obj. Ground-Muniz Decl. 97 is misleadingly incomplete as it omits further comments showing that Twitter users were joking and making sarcastic comments. Fed. R. Evid. 106.**<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 801, 802.<br>b)   Muniz Decl. Ex. 97.<br>c)   Ball Decl. Ex. 36 at Rog. 1. |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | d)     Fed. R. Evid. 106. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 56.   Defendant Cahen's Twitter account, @PaulyOx, referred to a Twitter user's profile picture of a Bored Ape image as a "racist monkey pfp." The Twitter user replied to Defendant Cahen stating that they were an RR/BAYC NFT holder. | Muniz Decl. Ex. 98 **DISPUTED** a)     **Evid. Obj. Ground - Muniz Decl. Ex. 98 is Hearsay. Fed. R. Evid. 801, 802.** b)     **Evid. Obj. Ground-Muniz Decl. Ex. 98 lacks authentication. Fed. R. Evid. 901.** c)     **Misleading as citation is incomplete. Specifically in Muniz Decl. Ex. 98 @Pauly0x responds to the user stating they were an RR/BAYC NFT holder and writes, "Yes. The iconography of BAYC is racist and Nazi. Full stop. We use NFTs as a means to draw attention to that."** **Controverting Evidence** a)     Fed. R. Evid. 801, 802. b)     Fed. R. Evid. 901 c)     Muniz Decl. Ex. 98. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 57.   When asked to identify Defendants' sales page on the Foundation marketplace at his deposition, Defendants' software developer, Ryan Hickman, initially stated that it "Looks to be Bored Ape Yacht Club." | Ball Decl. Ex. 40 at 150:3-6 **DISPUTED** a)     **Ball Decl. Ex. 40 at 150:3-6 is inadmissible as misleadingly** |

FENWICK & WEST LLP ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | complete. Fed. R. Evid. 106.<br><br>b) **Misleading as citation is incomplete. Specifically, Mr. Hickman's complete answer to the question was "Looks to be Bored Ape Yacht Club. No, this is the -- this is the – it looks like it's Ryder's page. Yeah. This is the Foundation of Ryder's – the beginning of cannot copy an NFT."**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 106<br>b) Ball Decl. Ex. 40 at 150:3-10.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 58. Defendants' software developer, Tom Lehman, has sworn under oath that he believed "purchasers of RR/BAYC NFTs on Foundation.app might think they were buying authentic BAYC NFTs if they did not conduct further research." | Ball Decl. Ex. 27 ¶ 25; Ex. 33<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Exhibit Ball Decl. Ex. 33 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground - Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901**<br>c) **Ball Decl. Ex. 33 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br>d) **Misleading as evidence cited is incomplete. Specifically, Ball Decl. Ex. 33 includes text messages from Mr. Lehman that state "Well ppl should do their Researxh!" and writing that buyers should "[c]heck the chain."** |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a)   Fed. R. Evid. 801, 802, 901.<br>b)   Ball Decl. Ex. 33.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 59.   In a text exchange between Defendants' software developer, Tom Lehman, and a third party regarding RR/BAYC NFTs, the third party stated "This is quite crazy definitely some people will buy thinking they are buying originals!" | Ball Decl. Ex. 33<br><br>**DISPUTED**<br><br>**a)   Evid. Obj. Ground - Ball Decl. Ex. 33 is Hearsay. Fed. R. Evid. 801, 802.**<br>**b)   Misleading as evidence cited is incomplete. Specifically, Ball Decl. Ex. 33 includes text messages from Mr. Lehman that state "Well ppl should do their Researxh!" and writing that buyers should "[c]heck the chain."**<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 801, 802.<br>b)   Ball Decl. Ex. 33.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 60.   Defendants' software developer, Tom Lehman, has sworn under oath that he "repeatedly shared" his concern with Defendants that "using the 'BAYC' mark alongside the RR/BAYC NFTs could be confusing on Ape Market." | Ball Decl. Ex. 27 at ¶ 21; Ex. 28 at RIPPSCAHEN00002561<br><br>**DISPUTED**<br><br>**a)   Evid. Obj. Ground - Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that** |

42

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901. <br> b) Misleading as characterization of statement as omitting context that Ape Market was never released and Mr. Lehman was discussing potential future designs. <br> c) Evid Obj. Ground-Ball Decl. Ex. 28 is inadmissible as hearsay. Fed. R. Evid. 801, 802. <br> d) Evid. Obj. Ground-Ball Decl. Ex. 28 is inadmissible hearsay. Fed. R. Evid. 801, 802. <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 801, 802, 901. <br> b) Gosma Decl. Ex. 248 at 324:13- 325:03; 328:09-330:02. <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 61. In a text message exchange with Defendant Cahen, Defendants' software developer, Tom Lehman, wrote that "a normal person could be like T could see where Yuga is coming from, it's confusing how close your logo is to theirs.'" | Ball Decl. Ex. 32 <br><br> **DISPUTED** <br><br> a) Evid. Obj. Ground - Ball Decl. Ex. 32 is Hearsay. Fed. R. Evid. 801, 802. <br> b) Misleading characterization of evidence and incomplete quote of evidence. Yugo omits that Mr. Lehman is talking about people that are unfamiliar with crypto or NFTs. Mr. Lehman goes on to state "if Yuga came at us it would be ideal for the normal person to say 'WTF they are doing something messed up" in reference to optics for the undiscerning person. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a)   Fed. R. Evid. 801, 802.<br>b)   Ball Decl. Ex. 32<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 62.   Defendant Ripps posted on his Twitter account: "we're seeing more 'RR/BAYC' titled collections on OpenSea, we're working on having these removed to avoid confusion" and "the only thing we ask is to avoid using the RR/BAYC name." | Muniz Decl. Ex. 99<br><br>**DISPUTED**<br><br>**a)   Mischaracterization of evidence as the description omits context that Defendant Ripps was posting about copycat RR/BAYC collection (collections that were trying to copy the RR/BAYC Project).**<br><br>**Controverting Evidence**<br><br>a)   Muniz Decl. Ex. 99<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| **Customers' Degree of Care** | |
| 63.   Reading the blockchain and verifying the authenticity of an NFT involves some degree of technical skill and research. | Ball Decl. Ex. 39 at 37:25-38:17; Ex. 40 at 202:19-204:15<br><br>**UNDISPUTED**<br><br>Although Defendants do not dispute that some skill and research is required, how much skill and research is required, and what level of skill a reasonable consumer would have are in dispute. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 64. It can be challenging for consumers to establish provenance for NFTs. | Kindler Decl. ¶ 27<br>Berger Decl. ¶¶ 23, 34<br>Ball Decl. Ex. 39 at 37:25-38:17; Ex. 40 at 202:19-204:15; Ex. 41 at 117:25119:11<br><br>**DISPUTED**<br><br>a)   **Evid. Obj. Ground – Berger's expert opinions on the difficulty consumers have in establishing provenance of NFTs are inadmissible under Daubert. To the extent these are not expert opinions, they are inadmissible as not within the witness's personal knowledge. Fed. R. Evid. 701, 702.**<br>b)   **Evid. Obj. Ground – Kindler's expert opinions on the difficulty consumers have in establishing provenance of NFTs are inadmissible under Daubert. To the extent these are not expert opinions, they are inadmissible as not within the witness's personal knowledge. Fed. R. Evid. 701, 702.**<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 701, 702.<br>b)   Gosma Decl. Ex. 253 at 47:1-48:9.<br>c)   Ripps Decl. ¶ 3.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Fed. R. Evid. 701: The cited testimony from Defendant Ripps falls beyond the scope of a lay witness opinion and is inadmissible.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 65. Defendant Cahen and Defendants' software developer, Tom Lehman, discussed metadata for a potential wrapper and confusion it could cause. Defendant Cahen responded that "users are too unsophisticated by far." | Ball Decl. Ex. 28 at RIPPSCAHEN00002547<br><br>**DISPUTED**<br><br>a)   **Misleading characterization of evidence because it omits context that Defendant Cahen and Mr. Lehman were discussing possible designs for a** |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | website (apemarket.com) that was never launched and were discussing whether would be able to handle and understand the use of wrapper displayed on the website. **b)** Irrelevant because the subject matter of the discussion has nothing to do with purchasing BAYC or RR/BAYC NFTs. **Controverting Evidence** a) Ball Decl. Ex. 28 at RIPPSCAHEN00002547. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 66. Defendants' software developer, Tom Lehman, stated that use of Defendants' logo alongside Yuga Labs' logo on Ape Market would be "too confusing to the 'average joe'" and that "we should not underestimate how confusing it is." Immediately below, Defendant Cahen stated, "Yeah." | Ball Decl. Ex. 28 at RIPPSCAHEN00002561; Ex. 39 at 330:3-12 **DISPUTED** **a)** Misleading as evidence cited is incomplete. Specifically, in Ball Decl. Ex. 28, after Mr. Lehman writes it may be too confusing Mr. Cahen responds to Mr. Lehman's comment directly and provides a solution, stating "I think we could also have a label under the logo [t]hat denotes which collection you are viewing or something." Also misleading characterization of evidence as it omits context that this comments were regarding the design for a future website that was never launched. **b)** Ball Decl. Ex. 28 is inadmissible hearsay. Fed. R. Evid. 801, 802. **c)** Ball Dec. Ex. 39 at 330:3-12 is inadmissible because it is misleadingly incomplete. Fed. R. Evid. 106. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting** Evidence<br><br>a)   Ball Decl. Ex. 28 at RIPPSCAHEN00002561<br>b)   Fed. R. Evid. 106, 402, 403, 801, 802.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 67.   Defendants' software developer, Tom Lehman, in raising whether Defendants' smart contracts should be audited or open-sourced, stated, "Ah but do the SHEEPLE like it?" and "[p]pl will not read the contract." | Ball Decl. Ex. 28 at RIPPSCAHEN00002665<br><br>**DISPUTED**<br><br>a)   **Misleading as evidence cited is incomplete. Specifically, in Ball Decl. Ex. 28, Mr. Lehman's more full response is "[p]pl will not read the contract. And those who do will not trust an audit anyway. And no rubber stamp will appease the haters." Also misleading characterization of evidence as it omits context that this comments were regarding the design for a future website that was never launched.**<br>b)   **Evid. Obj. Ground-Ball Decl. Ex. 28 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br>c)   **Evid. Obj. Ground-Ball Decl. Ex. 28 contains speculative statements outside the declarant's personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a)   Ball Decl. Ex. 28 at RIPPSCAHEN00002665.<br>b)   Fed. R. Evid. 701.<br>c)   Fed. R. Evid. 801, 802.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a). |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 68. Defendants did not include a disclaimer to notify consumers that they were purchasing an RR/BAYC NFT rather than a BAYC NFT on any NFT marketplace or purchasing site, other than Defendants' rrbayc.com website. | Muniz Decl. Ex. 100<br><br>Ball Decl. Ex. 27 ¶ 25; Ex. 37 at RFA 27<br><br>**DISPUTED**<br><br>a) **Misleading as evidence cited does not support the statement that there was not a disclaimer "on any NFT marketplace or purchasing site, other than Defendants' rrbayc.com website." Defendants used the Disclaimer on Twitter, which facilitated direct sales and sales via Foundation. Ball Decl. Ex. 37 at RFA 27 states that "Mr. Cahen denies that a person could purchase an RR/BAYC without seeing disclaimers, including the disclaimer included in the request or other similar disclaiming content, for sales through Twitter, rrbayc.com, and sales on Foundation marketed via Twitter."**<br>b) **Evid. Obj. Ground–Ball Decl. Ex. 27 is Hearsay Evid. Obj. Ground – Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 37 at RFA 27<br>b) Fed. R. Evid. 901<br>c) Ripps Decl., Exs. 203-209.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a). |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
|  | • Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact.<br>• Fed. R. Evid. 106 as to Ripps Decl., Exs. 203-209: The cited documents are incomplete and misleading. |
| **Defendants' Intent** ||
| 69.  Defendants' use of the BAYC Marks in connection with the RR/BAYC NFT collection was intentional. | Ball Decl. Ex. 27 ¶ 18; Ex. 36 at RFAs 1,3,4<br><br>**DISPUTED**<br><br>a)  **Misleading as it mischaracterizes evidence cited. Specifically, Ball Decl. Ex. 36 at ROG 3 does not state that the RR/BAYC project used alleged BAYC Marks. Instead it states "Mr. Ripps's RR/BAYC project in nearly all instances displayed modified versions of certain Asserted Marks, though in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps's commentary."**<br>b)  **Evid. Obj. Ground– Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)  Ball Decl. Ex. 36 at ROG 3. |

Fenwick & West LLP
Attorneys at Law

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b)    Fed. R. Evid. 901. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 70.    Defendants have stated that "'BAYC' references the abbreviated title of Yuga's NFT collection." | Ball Decl. Ex. 36 at RFAs 3, 4 **UNDISPUTED** |
| 71.    Defendants' software developer, Tom Lehman, raised concerns with Defendants that using the BAYC Marks in connection with the RR/BAYC NFT collection could cause confusion. | Ball Decl. Ex. 27 ¶¶ 21-25 **DISPUTED** a)    **Misleading as it mischaracterizes the evidence. Specifically, Ball Decl. Ex. 27 ¶¶ 21-25 predominantly include alleged concerns raised about Ape Market, which was an idea that was never launched and did not sell any RR/BAYC NFTs.** b)    **Evid. Obj. Ground– Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2.** **Controverting Evidence** a)    Fed. R. Evid. 901 b)    Ball Decl. Ex. 27 ¶¶ 21-25 c)    Gosma Decl. Ex. 248 at 194:7-10 (Mr. Cahen stating "Apemarket.com was never launched. There's nothing on that website."). **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | 4(a). <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 72. Defendants' software developer, Ryan Hickman, suggested making the branding for the RR/BAYC NFTs and Ape Market design "ultra min" noting that the "real bayc is ultra min." | Ball Decl. Ex. 40 at Hickman Ex. 64 <br><br> **DISPUTED** <br><br> a) **Misleading as it mischaracterizes the evidence by interpreting the statement as "noting" without any evidence supporting such a characterization. And, in fact, Yuga's BAYC does not have a minimal design.** <br> b) **Evid. Obj. Ground – Ball Decl. Ex. 40 at Ex. 64 is Hearsay. Fed. R. Evid. 801, 802** <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 801, 802 <br> b) Ball Decl. Ex. 40 <br> c) Gosma Decl. Ex. 247 at 213:23- 215:07. <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 701: The cited testimony falls beyond the scope of a lay witness opinion and is inadmissible. <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 73. Defendants expected to make money from the sale and resale of RR/BAYC NFTs and from potentially generating transaction fees from the sale of NFTs on Ape Market. | Ball Decl. Ex. 27 ¶¶ 9-12; Ex. 40 at Hickman Exs. 49, 55 <br><br> **DISPUTED** <br><br> a) **Incorrect that Mr. Ripps and Mr. Cahen "expected to make money from the …resale of RR/BAYC NFTs" as the evidence shows they took steps to turn off the royalty fees** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | from all of the secondary marketplaces they could. |
| | b)   **Evid. Obj. Ground - Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901.** |
| | c)   **Evid. Obj. Ground-Ball Decl. Ex. 27 ¶¶ 9-12 testifies to matters outside the declarant's personal knowledge. Fed. R. Evid. 701.** |
| | d)   **Evid. Obj. Gournd-Ball Decl. Ex. 27 ¶¶ 9-12 testifies to matters outside the declarant's personal knowledge. Fed. R. Evid. 701.** |
| | **Controverting Evidence** |
| | a)   Fed. R. Evid. 701, 801, 802, 901. |
| | b)   Gosma Decl. Ex. 248 at 202:24- 204:16 (Mr. Cahen states "My recollection is that as soon as we were able to set all of [the royalties] to zero, it was executed."). |
| | **Yuga Labs' Evidentiary Objections** |
| | • Defendants include improper argument in violation of the Scheduling Order § 4(a). |
| | • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 74.   In discussing how to sell out the RR/BAYC NFTs, Defendant Ripps wrote "in order to get that we would need traditional methods of garbage influencers or new methods of unsourced hype from unexpected places . . . such as local news .. . controversy . . . law stuff... or someone unearths a shitload of yuga dirt. . . that's probably most likely tbh." | Ball Decl. Ex. 28 at RIPPSCAHEN00002683 <br><br> **UNDISPUTED** |

Fenwick & West LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 75. Defendants' software developer, Ryan Hickman, wrote in a chat that included Defendants, "We're closing in on $10 million impact to yuga." | Ball Decl. Ex. 27 ¶ 15; Ex. 40 at Hickman Ex. 58 <br><br>**DISPUTED** <br><br> a) **Incomplete quote of conversation. Mr. Mr. Hickman states that "We're closing in on a $10 million impact on Yuga," Mr. Ripps responds "it doesn't impact yuga" and "the clients buy rrbayc are legit the opposite." Mr. Cahen then respondes "Right I'm think maybe he just meant 10 million volume total."** <br> b) **Ball. Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court hasheld that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901.** <br> c) **Evid. Obj. Ground-Ball Decl. Ex. 40 at Ex. 58 is inadmissible hearsay. Fed. R. Evid. 801, 802.** <br> d) **Evid. Obj. Ground-Ball Decl. Ex. 40 at Ex. 58 includes statements made outside the personal knowledge of the speaker. Fed. R. Evid. 701.** <br><br>**Controverting Evidence** <br><br> a)  Fed. R. Evid. 701, 801, 802, 901 <br> b)  Ripps Decl. Ex. 240. <br><br>**Yuga Labs' Evidentiary Objections** <br> • Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| **Harm to Yuga Labs** | |
| 76. Yuga Labs has suffered harm to its brand equity, impacting its sales, profits, and future earnings. | Berger Decl. ¶¶ 35-39 <br> Muniz Decl. ¶ 12 <br><br>**DISPUTED** <br><br> a) Evid. Obj. Ground – Berger's expert opinions on harm Yuga Labs has |

FENWICK & WEST LLP <br> ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | suffered to its brand equity, sales, profits, and future earnings are inadmissible under Daubert. Fed. R. Evid. 702. To the extent he is not giving expert he is testifying to matters outside his personal knowledge. Fed. R. Evid. 701.<br>b)    False that Yuga has suffered harm to its brand as a result of the RR/BAYC Project because there are countless NFT collections that point the same or nearly identical images as the BAYC NFT collection.<br><br>**Controverting Evidence**<br><br>a)    Fed. R. Evid. 701, 702<br>b)    Ripps Decl. Exs. 151-173.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 77.    Yuga Labs has experienced changed dynamics with its prospective business partners. | Kindler Decl. ¶¶ 14-18<br>Muniz Decl. ¶ 12 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **DISPUTED** <br><br> a)    **Evid. Obj. Ground – Kindler's expert opinions on changed dynamics with Yuga Labs' prospective business partners are inadmissible under Daubert. Fed. R. Evid. 702. To the extent Kindler is not offering expert testimony, she is testifying to matters outside of her personal knowledge. Fed. R. Evid. 701.** <br> b)    **To the extent she is relying on Ms. Muniz's testimony, Kindler's statements are hearsay. Fed. R. Evid. 801, 802.** <br> c)    **False that Yuga has experienced changed dynamics as a result of the sale of RR/BAYC NFTs because there are countless copycat BAYC NFT collections** <br> d)    **Evid. Obj. Ground – Kindler's expert opinions on changed dynamics with Yuga Labs' prospective business partners are inadmissible under Daubert. Fed. R. Evid. 702. To the extent Kindler is not offering expert testimony, she is testifying to matters outside of her personal knowledge. Fed. R. Evid. 701.** <br> e)    **To the extent she is relying on Ms. Muniz's testimony, Kindler's statements are hearsay. Fed. R. Evid. 801, 802.** <br><br> **Controverting Evidence** <br><br> a)    Fed. R. Evid., 701, 702. <br> b)    Ripps Decl., Exs. 151-173. <br> c)    Fed. R. Evid. 801, 802. <br><br> **Yuga Labs' Evidentiary Objections** <br> •   Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> •   Fed. R. Evid. 106: The cited documents are incomplete and misleading. <br> •   Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 78.   Yuga Labs had to expend time and money to correct instances of confusion. | Ball Decl. Ex. 42 at 170:2-21<br>Muniz Decl. ¶ 12<br><br>**DISPUTED**<br><br>a)    **False that Yuga has to spend any resources to correct confusion as a result of the sale of RR/BAYC NFTs because there are countless copycat BAYC NFT collections and could not identify a single instance of confusion**<br><br>**Controverting Evidence**<br><br>a)    Ripps Decl., Exs. 151-173.<br>b)    Gosma Decl. Ex. 245 at 260:09- 19.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | documents are inadmissible hearsay. |
| | • Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation. |
| | • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact and mischaracterizes the plain testimony ("I believe and know directly of confusion."). |
| **Defendants' Cybersquatting Domain Names** ||
| 79. The domain name rrbayc.com does not consist of the legal names of either Defendant. | Ball Decl. Ex. 25 ¶ 8<br><br>**DISPUTED**<br><br>a)   **Incorrect. The "RR" from the RR/BAYC project "stands for Mr. Ripps's name, Ryder Ripps" Ball Decl. Ex. 36 at ROG 4.**<br><br>**Controverting Evidence**<br><br>a)   Ball Decl. Ex. 36 at ROG 4.<br>b)   Gosma Decl. Ex. 247 at 61:01-61- 09.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 80. The domain name apemarket.com does not consist of the legal names of either Defendant. | Ball Decl. Ex. 25 ¶ 8<br><br>**UNDISPUTED** |
| 81. The BAYC brand and NFTs had been featured by media outlets and in news articles before Defendant Ripps registered either https://rrbayc.com/ or https://apemarket.com/. | Solano Decl. Exs. 19, 22-24<br><br>Ball Decl. Ex. 29; Ex. 38 at 36:18-37:8<br><br>**UNDISPUTED** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 82. Defendant Ripps' registration of the domain names https://rrbayc.com/ and https://apemarket.com/ were hidden by a proxy registration service. | Ball Decl. Ex. 29; Ex. 34 at NAMECHEAP0000016-17<br><br>**DISPUTED**<br><br>a) **Mischaracterizes evidence of registration information to state Mr. Ripps' registration was "hidden" by using a proxy registration service.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 29; Ex. 34 at NAMECHEAP0000016-17<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 83. Yuga Labs has pending trademark applications for "Ape"-based marks. | Muniz Decl. Exs. 46, 48, 50<br><br>**DISPUTED**<br><br>a) **Mischaracterizes the evidence as Yuga Labs has abandoned its application for "APE" with the PTO.**<br><br>**Controverting Evidence**<br><br>a) Muniz Deposition Ex. 227.<br>b) Ripps Decl., Ex. 110 at RIPPSCAHEN00020732.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | foundation.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| **Defendants' *Rogers* Defense** ||
| 84.  Defendant Ripps testified with respect to RR/BAYC that "the art is not anything besides the sum of what an NFT is because the artwork is an NFT." | Ball Decl. Ex. 38 at 105:17-18<br><br>**DISPUTED**<br><br>a)  **Mischaracterizes testimony by omitting relevant statement. The full testimony is, "So to understand any single thing on the blockchain, you have to understand – it's like – it would be like reading a book and then taking out a sentence. Like, that's not the book. So, like, the NFT is not any one of these things. The NFT is the entirety of the things. The creator, the date it was created, the owner of the token, the current token, the block at which it existed on, all of these very contextual elements make up what an NFT is. And the RR/BAYC NFT art piece, the Ryder Ripps/Bored Ape Yacht Club art piece is —cannot be understood. And the art is not anything besides the sum of what an NFT is because the artwork is an NFT. So in order to understand one of the artworks, you have to – you have to see the NFT. And to my understanding, there was around 9,000-something artworks that I created under RR/BAYC, and each one you would have to understand the context and the – the specific – the specifics of that token because what we're talking about here are tokens."** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a)    Gosma Decl. Ex. 247 at 105:5– 106:1.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited document does not controvert the asserted fact. |
| 85.    The Twitter account @ApeMarketplace posted a tweet stating that "ApeMarket and RR/BAYC are registered trademarks." | Muniz Decl. Exs. 101, 102<br><br>**DISPUTED**<br><br>a)    **Mischaracterizes the evidence. Specifically Muniz Decl. Ex. 101 is a publicly available tweet that includes a sarcastic footnote that states "For Internal use only. Do not distribute. Copyright © 2022 ApeMarket. All rights reserved. ApeMarket and RR/BAYC are registered trademarks."**<br><br>**Controverting Evidence**<br><br>a)    Muniz Decl. Exs. 101.<br>b)    Gosma Decl. Ex. 248 at 126:14- 128:07.<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| **Defendants' Fair Use Defense** | |
| 86.    In December 2021, Adidas tweeted a Bored Ape image with the sole caption "#NewProfilePic" and no | Solano Decl. Ex. 11 |

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| other text or BAYC Mark. | **UNDISPUTED** |
| 87.  Defendant Ripps' Foundation page for the RR/BAYC NFT collection displayed, unmodified and in their entirety, Yuga Labs' BORED APE YACHT CLUB, BAYC, BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo marks. | Muniz Decl. Ex. 54<br><br>**DISPUTED**<br><br>a)   **Mischaracterizes exhibit as "Defendant Ripps' Foundation page for the RR/BAYC NFT Collection" as he did not create the page or choose the words displayed on the page. He simply chose to name his art Ryder Ripps/Bored Ape Yacht Club, and had no control over how Foundation would represent the name of the RR/BAYC Project.**<br><br>**Controverting Evidence**<br><br>a)   Gosma Decl. Exs. 247 at 69:22- 77:8, 267:4-12.<br>b)   Gosma Decl. Ex. 245 at Depo. Ex. 227.<br><br>**Yuga Labs' Evidentiary Objections**<br>•   Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>•   Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>•   Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 88.  Defendants are not using the BAYC Marks to sell Yuga Labs' BAYC NFTs. | Muniz Decl. Exs. 54, 67, 68<br><br>**UNDISPUTED** |
| **Defendants' Unclean Hands Defense** | |
| 89.  Yuga Labs did not compensate celebrities for endorsements. | Ball Decl. Ex. 43<br><br>Muniz Decl. ¶ 10<br><br>**DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **a)** **Incorrect.** ▮▮▮<br><br>▮ **Specifically.** ▮▮▮<br><br>**Controverting Evidence**<br><br>a) Gosma Decl. Ex. 249 at 83:2-85:5 ▮▮▮ ).<br><br>b) Ball Decl. Ex. 43 at 102:18-103:8<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 90.   Yuga Labs' logo is disclosed in the end credits of Snoop Dogg and Eminem's music video featuring their Apes. | Muniz Decl. ¶ 11, Ex. 52<br><br>**UNDISPUTED** |
| 91.   The BAYC brand and BAYC NFTs were featured by media outlets and in news articles before many celebrities publicly declared their acquisition of a BAYC NFT. | Muniz Decl. ¶10<br><br>Solano Decl. Exs. 19, 22-24 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **UNDISPUTED** |
| **Yuga Labs' Takedown Requests** | |
| 92. Yuga Labs issued one takedown notice identifying copyright infringement as the basis of the request (the "May 17, 2022 Takedown"). | Williams Decl. ¶ 4; Exs. 1, 2, 3 <br><br> **DISPUTED** <br><br> a) **Incorrect. Yuga Labs has issued more than one takedown notice identifying copyright infringement as the basis of the request. Several takedown notices specifically cite to the DMCA, which stands for the Digital Millennium Copyright Act, and thus the takedowns are in fact alleging copyright infringement as a basis for the takedown by citing to the DMCA.** <br> b) **Each certification for the takedown is made under 17 U.S.C. 512(f) and infringement under that statute is copyright infringement. Accordingly, the takedown is alleging copyright infringement even where it also mentions trademark.** <br><br> **Controverting Evidence** <br><br> a) Ripps Decl., Ex. 187 at RIPPSCAHEN00015313 (Takedown request from Yuga Labs that they "are contacting you as the DMCA Agent;" that "We…have a good faith belief that the use of the Infringing Content in the manner described above is not authorized by the copyright owner, Yuga Labs..;" and cites to "17 U.S.C. 512(f)."). <br> b) Ripps Decl., Ex. 190 at RIPPSCAHEN00015319 (Takedown request from Yuga Labs that has a subject line of "Yuga Labs, Inc. Notice Under DMCA/ rrbayc.com" and cites to "17 U.S.C. 512(f)."). <br> c) Ripps Decl., Ex. 191 at RIPPSCAHEN00015320 ("Letter of Authorization for Appdetex" signed by Nicole Muniz that states "Yuga Labs, Inc. has granted to Appdetex…the |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | authority to represent Yuga Labs, Inc.'s interest with your organization, in protection of Yuga Labs, Inc.'s intellectual property assets, including protection of Yuga Labs, Inc.'s…copyrights…"). |
| | d)  Williams Decl., Ex. 4 at 21 and 35 (In an exemplary takedown, titled "Yuga Labs, Inc., Notice Under **DMCA**" Yuga Labs stated, "We are contacting you as the **DMCA Agent** regarding content offered on your platform." Yuga Ex. 4 at 21. Yugas Labs claimed trademark in that material. These would include a 512(f) acknowledgement which stated that Yuga Labs "acknowledge that we may be subject to liability for damages" under 17 U.S.C. 512(f)). |
| | **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 401, 402, 403: Portions of the cited Exhibits attached to the Ripps' Declaration have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited documents do not controvert asserted fact. |
| 93.  The May 17, 2022 Takedown was sent to Foundation marketplace for the RR/BAYC NFT collection and stated: "[t]he infringing content uses copyrighted material from https://opensea.io/collection/boredap eyachtclub produced by Yuga Labs without authorization." | Williams Decl. Ex. 3 <br><br> **UNDISPUTED** |
| 94.  The Foundation marketplace page for the RR/BAYC NFT collection displayed Yuga Labs' Ape Skull logo. | Muniz Decl. Exs. 54, 59 <br><br> **DISPUTED** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **a)** **Mischaracterizes that the Foundation marketplace page for the RR/BAYC NFT Collection was created to display the Ape Skull logo as Defendant Ripps did not create the page or choose the words displayed on the page. He simply chose to name his art Ryder Ripps/Bored Ape Yacht Club, and had no control over how Foundation would represent the name of the RR/BAYC Project.** **b)** **Evid. Obj. Ground-Muniz Decl. Ex. 54 is not properly authenticated. Fed. R. Evid. 901.** **c)** **Evid. Obj. Ground-Muniz Decl. Ex. 59 is not properly authenticated and is not within the witness's personal knowledge. Fed. R. Evid. 901, 701.** <br><br> **Controverting Evidence** <br><br> a) Gosma Decl. Ex. 247 at 69:22- 77:8, 267:4-12, Ex. 245 at Depo. Ex. 227. <br> b) Fed. R. Evid. 901 <br> c) Fed. R. Evid. 701 <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 106: The cited testimony is incomplete and misleading. <br> • Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 95.    The OpenSea page identified in the May 17, 2022 Takedown displayed Yuga Labs' Ape Skull logo. | Solano Decl. Ex. 16 <br><br> **DISPUTED** <br><br> **a)** **Evid. Obj. Ground-Solano Decl. Ex. 16 is inadmissible hearsay. Fed. R.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Evid. 801, 802** |
| | **CONTROVERTING EVIDENCE** |
| | a)    Fed. R. Evid. 801, 802 |
| 96.    Yuga Labs believes that it owns the copyright in the Ape Skull Logo. | Solano Decl. ¶ 2 |
| | Ball Decl. Ex. 35 at Rog. 1 |
| | **DISPUTED** |
| | a)    **Yuga retained a third party to create the Ape Skull logo and that third party has never transferred copyright to Yuga.** |
| | b)    **Evid. Obj. Ground-Ball Decl. Ex. 35 at ROG 1 is inadmissible hearsay. Fed. R. Evid. 801, 802.** |
| | b)    **Ball Decl. Ex. 35 at ROG 1 is inadmissible hearsay. Fed. R. Evid. 801, 802.** |
| | **Controverting Evidence** |
| | a)    Gosma Decl. Ex. 250 at 72:3-5 (claiming ignorance of skull logo origins). |
| | d)    Fed. R. Evid. 402, 403 801, 802. |
| | b)    Solano Decl. Ex. 12 at YUGALABS 00030224 ("Most notably, Yuga decentralized the IP rights of Bored Apes, Punks, and Meebits, granting holders rights to the underlying art.") |
| | c)    Gosma Decl. Ex. 245 at Depo. Ex. 230 (the BAYC Terms and Conditions, stating "You Own the NFT. Each Bored Ape is an NFT on the Ethereum blockchain. When you purchase and NFT, you own the underlying Bored Ape, the Art, completely…Yuga Labs LLC grants you a worldwide, royalty-free license to use, copy, and display the purchased Art, along with any extensions that you choose to create or use…"). |
| | d)    Gosma Decl. Ex. 245 at 71:2-73:3. |
| | e)    Gosma Decl. Ex. 245 at Depo. Ex. 232, 233 (BAYC NFTs that include the |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | alleged BAYC Marks in the images.).<br><br>f)  Gosma Decl. Ex. 245 at 144:19- 145:23.<br><br>g)  Ripps Decl., Ex. 238 (Nicole Muniz states "All IP rights are actually granted to the member and to the owner. We have none of those rights, and we don't actually take a licensing fee. So it's a completely novel idea and new to – in general.").<br><br>h)  Fed. R. Evid. 801, 802.<br><br>**Yuga Labs' Evidentiary Objections**<br><br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br><br>• Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading.<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents and testimony have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br><br>• Fed. R. Evid. 901: The cited documents do not controvert the asserted fact. |
| 97.  Yuga Labs sent 25 takedown notices regarding Defendants' RR/BAYC NFT collection alleging trademark infringement. | Williams Decl. ¶ 5; Ex. 2<br><br>**DISPUTED**<br><br>a)  **Evid. Obj. Ground – Williams Decl. Ex. 2 is Hearsay. Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence:**<br><br>a)  Fed. R. Evid. 801, 802 |
| 98.  None of the 25 takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection alleging trademark infringement identified a copyrighted work as allegedly | Williams Decl. ¶ 5<br><br>**DISPUTED**<br><br>a)  **Misleading. The takedown notices specifically cite to the DMCA, which** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| infringed as the basis for takedown. | **stands for the Digital Millennium Copyright Act, and thus the takedowns are in fact alleging copyright infringement as a basis for the takedown by citing to the DMCA.** b) **Each certification for the takedown is made under 17 USC512(f) and infringement under that statute is copyright infringement. Accordingly, the takedown is alleging copyright infringement even where it also mentions trademark.** **Controverting Evidence** a) Ripps Decl., Ex. 187 at RIPPSCAHEN00015313 (Takedown request from Yuga Labs that they "are contacting you as the DMCA Agent;" that "We…have a good faith belief that the use of the Infringing Content in the manner described above is not authorized by the copyright owner, Yuga Labs..;" and cites to "17 U.S.C. 512(f)."). b) Ripps Decl., Ex. 190 at RIPPSCAHEN00015319 (Takedown request from Yuga Labs that has a subject line of "Yuga Labs, Inc. Notice Under DMCA/ rrbayc.com" and cites to "17 U.S.C. 512(f)."). c) Ripps Decl., Ex. 191 at RIPPSCAHEN00015320 ("Letter of Authorization for Appdetex" signed by Nicole Muniz that states "Yuga Labs, Inc. has granted to Appdetex…the authority to represent Yuga Labs, Inc.'s interest with your organization, in protection of Yuga Labs, Inc.'s intellectual property assets, including protection of Yuga Labs, Inc.'s…copyrights…"). d) Williams Decl., Ex. 4 at 21 and 35 (In an exemplary takedown, titled "Yuga Labs, Inc., Notice Under DMCA" Yuga Labs stated, "We are contacting you as the DMCA Agent regarding content offered on your platform." Yuga Ex. 4 at 21. Yugs Labs claimed trademark in that material. These would include a 512(f) acknowledgement which stated |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | that Yuga Labs "acknowledge that we may be subject to liability for damages" under 17 U.S.C. 512(f) (35 of Yuga 4). **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 401, 402, 403: Portions of the cited Exhibits attached to the Ripps' Declaration have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited documents do not controvert asserted fact. |
| 99.   Only three of the takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection alleging trademark infringement resulted in the removal of Defendants' RR/BAYC NFT collection page. | Williams Decl. ¶ 5; Ex. 4 <br><br> **UNDISPUTED** |
| 100.   On June 2, 2022, Foundation marketplace forwarded Yuga Labs' takedown notice alleging trademark infringement to Defendant Ripps, stating: "In accordance with a notice of trademark infringement we received from Yuga Labs, Inc., we have removed your Collection, Bored Ape Yacht Club, from public view." | Ball Decl. Ex. 30 <br><br> **DISPUTED** <br><br> a)   **Mischaracterizes the evidence by not providing a complete citation of the materials. Specifically, Ball Decl. Ex. 30 also states "We are contacting you as the DMCA Agent regarding content" and "As applicable under 17 U.S.C. 512(f), we acknowledge that we may be subject to liability for damages." The takedown notices specifically cite to the DMCA, which stands for the Digital Millennium Copyright Act, and thus the takedowns are in fact alleging copyright infringement as a basis for the takedown by citing to the DMCA. Additionally, the certification for the takedown is made under 17 U.S.C.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **512(f) and infringement under that statute is copyright infringement. Accordingly, the takedown is alleging copyright infringement even where it also mentions trademark.**<br><br>**Controverting Evidence**<br><br>a)   Ball Decl. Ex. 30<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 101.  In an email chain between Yuga Labs' counsel and X2Y2, dated June 25, 2022 - June 28, 2022, discussing a takedown notice alleging trademark infringement, Yuga Labs' counsel stated: "Yuga Labs' request for removal of Ripps' collections is based on infringement of its trademarks." X2Y2 responded: "The action and our announcement on Twitter are our responses to our server providers' request, which is about trademark infringement...We'll remove Ripps' collection." | Ball Decl. Ex. 31<br><br>**UNDISPUTED** |
| **Exceptional Case** | |
| 102.  On March 7, 2023, a post from Defendant Cahen's Twitter account stated "Eric Ball of @FenwickWest supports racism, antisemitism, beastiality, pedophilia and using cartoons to market drugs to young children." The tweet included a picture of Mr. Ball. | Ball Decl. Ex. 45<br><br>**UNDISPUTED**<br><br>a)   **Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b)   **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a)   Fed. R. Evid. 401, 402, 403<br>b)   Fed. R. Evid. 106 |
| 103.   On March 7, 2023, a post from Defendant Cahen's Twitter account stated "If you go around calling black athletes and celebrities 'apes', you are going to have a very bad time. @yugalabs is trying to normalize this kind of sick behavior, by financially incentivizing it. Eric Ball of @FenwickWest is the person who helps them perpetuate racism most." The tweet included a picture of Mr. Ball. | Ball Decl. Ex. 45<br><br>**UNDISPUTED**<br><br>**a)   Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>**b)   These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a)   Fed. R. Evid. 401, 402, 403<br>b)   Fed. R. Evid. 106. |
| 104.   On March 3, 2023, a post from Defendant Ripps' Twitter account stated "i have a personal message/demand for Eric Ball and Fenwick and West" followed by a picture stating "you can suck my dick." | Ball Decl. Ex. 45<br><br>**DISPUTED**<br><br>**a)   Mischaracterizes the evidence by not providing a complete description of the materials. Specifically, Ball Decl. Ex. 45 copies a prior tweet from Yuga founder Wylie Aronow, and the sentence "you can suck my dick" appears in the tweet written by Mr. Aronow, not in the portion written by Mr. Ripps.**<br>**b)   Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>**c)   These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.** |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a)   Ball Decl. Ex. 45<br>b)   Fed. R. Evid. 401, 402, 403<br>c)   Fed. R. Evid. 106<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 105.   [Intentionally omitted] | [Intentionally omitted] |
| 106.   On November 18, 2022, a post from Defendant Cahen's Twitter account stated "Fenwick + West. .. are criminals." | Ball Decl. Ex. 45<br><br>**DISPUTED**<br><br>a)   **Mischaracterizes the evidence by not providing a complete description of the materials. Specifically, Ball Decl. Ex. 45 includes a post from Jeremy Cahen that in full says "Fenwick + Wet, the law firm who is representing YugaLabs signed off on the FTX.US audit. They are criminals, make no mistake about it. assets.website-files.com/625f3cf193eb0bdbf6469cba/628eab2f96fde347cc283675 _FTX%20Regulation%20and% 20Licensure%20Information.pd f"**<br>b)   **Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>c)   **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a)   Ball Decl. Ex. 45<br>b)   Fed. R. Evid. 401, 402, 403.<br>c)   Fed. R. Evid. 401, 402, 403 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | d)     Fed. R. Evid. 106 **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 107.   On January 3, 2023, a post from Defendant Ripps' Twitter account stated that "sleezy fenwick and west . . . love[s] distorting facts and words in bad faith." | Ball Decl. Ex. 45 **DISPUTED** **a)    Mischaracterizes the evidence by not providing a complete description of the materials. Specifically, Ball Decl. Ex. 45 includes a post from Ryder Ripps that in full says "dear sleezy fenwick and west (ftx lawfirm) since you love distorting facts and words in bad faith use this tweet : RR/BAYC CAUSED 500 TRILLION DOLLARS OF HARM TO THE US GOVERNMENT."** **b)    Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.** **c)    These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106** **Controverting Evidence** a)     Ball Decl. Ex. 45. b)     Fed. R. Evid. 401, 402, 403. c)     Fed. R. Evid. 106. **Yuga Labs' Evidentiary Objections** • Defendants include improper argument in violation of the Scheduling Order § 4(a). • Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 108.   On March 7, 2023, a post from | Ball Decl. Ex. 44 |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| Defendant Ripps' Twitter account stated "yugalabs are demonic evil liars." | **DISPUTED**<br><br>a)  **Mischaracterizes the evidence by not providing a complete description of the materials. Specifically, Ball Decl. Ex. 44 includes a post from Ryder Ripps that in full says "yugalabs are demonic evil liars and they definitely dont have enough money to hide it forever, they dont have epstein money."**<br>b)  **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>c)  **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106**<br>d)  **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>e)  **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br><br>**Controverting Evidence**<br><br>a)  Ball Decl. Ex. 44.<br>b)  Fed. R. Evid. 401, 402, 403.<br>c)  Fed. R. Evid. 106.<br>d)  Fed. R. Evid. 401, 402, 403<br>e)  Fed. R. Evid. 106<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 109.  On February 22, 2023, a post from Defendant Ripps' Twitter account stated "dear wylie, greg, and guy . . . | Ball Decl. Ex. 44 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| who hurt you? how did you people get so evil?" | **UNDISPUTED**<br><br>a)   **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b)   **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br><br>**CONTROVERTING EVIDENCE**<br><br>a)   Fed. R. Evid. 401, 402, 403.<br>b)   Fed. R. Evid. 106. |
| 110.  On March 1, 2023, a post from Defendant Cahen's Twitter account stated "Yuga is such a pathetic excuse of a company that I literally made their most successful product" with an image. | Ball Decl. Ex. 44<br><br>**UNDISPUTED**<br><br>a)   **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b)   **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br><br>**CONTROVERTING EVIDENCE**<br><br>a)   Fed. R. Evid. 401, 402, 403.<br>b)   Fed. R. Evid. 106.<br>c)   Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.<br>d)   These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106. |
| II.   [Intentionally omitted] | [Intentionally omitted] |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 111.  [Intentionally omitted] | [Intentionally omitted] |
| 112.  [Intentionally Omitted] | [Intentionally omitted] |
| 113.  On November 17, 2022, a post from Defendant Ripps' Twitter account stated "the fact that wylie and greg simply cant admit they arent mouth breathing morons is wild behavior." | Ball Decl. Ex. 44<br><br>**UNDISPUTED**<br><br>a)  **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b)  **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br>a)  **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b)  **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a)  Fed. R. Evid. 401, 402, 403<br>b)  Fed. R. Evid. 106 |
| 114.  [Intentionally omitted] | [Intentionally omitted] |
| 115.  [Intentionally omitted] | [Intentionally omitted] |
| 116.  [Intentionally omitted] | [Intentionally omitted] |
| 117.  [Intentionally omitted] | [Intentionally omitted] |
| 118.  On July 31, 2022, a post from Defendant Cahen's Twitter account posted an image depicting Defendant | Ball Decl. Ex. 44 |

Fenwick & West LLP
Attorneys at Law

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| Cahen's Twitter avatar over a gravestone labeled "YugaLabs 2021-2022" with a BAYC Mark. | **DISPUTED**<br><br>a) **Mischaracterizes the evidence. The Logo included in the tweet states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH" and is not an alleged BAYC Mark.**<br>b) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>c) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>d) **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 44<br>b) Fed. R. Evid. 401, 402, 403<br>c) Fed. R. Evid. 106<br><br>**Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 119. On July 31, 2022, Defendant Cahen's Twitter account posted an image depicting Defendant Ripps pointing a gun and Defendant Cahen's Twitter avatar holding a knife towards a manipulated version of a BAYC Mark, and captioned "Don't play with fire." | Ball Decl. Ex. 44<br><br>**DISPUTED**<br><br>a) **Mischaracterizes the evidence. The Logo included in the tweet states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH" and is not an alleged BAYC Mark.**<br>b) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.** |

77

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **c)** **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.** <br> **d)** **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106** <br><br> **Controverting Evidence** <br><br> a)   Ball Decl. Ex. 44 <br> b)   Fed. R. Evid. 401, 402, 403 <br> c)   Fed. R. Evid. 106 <br><br> **Yuga Labs' Evidentiary Objections** <br> • Defendants include improper argument in violation of the Scheduling Order § 4(a). <br> • Fed. R. Evid. 901: The cited document does not controvert asserted fact. |
| 120.   On July 21, 2022, a post from Defendant Cahen's Twitter account stated "From here on out Wylie and Greg will plead the 5th and no longer comment on their actions . . . . They will no longer defend themselves" with a picture of Defendant Cahen's Twitter avatar holding a decapitated BAYC Ape head corresponding with a BAYC NFT held by Greg Solano, a Yuga Labs founder. | Ball Decl. Ex. 44 <br><br> **DISPUTED** <br><br> **a)** **Mischaracterizes Exhibit. It shows a modified version of a Gustav Dore painting (David hoisting the severed head of Goliath) and places Mr. Cahen's Twitter avatar above the head of David in reference to his struggle against a much larger adversary (Yuga Labs).** <br> **b)** **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.** <br> **c)** **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106** <br><br> **Controverting Evidence** <br><br> a)   Fed. R. Evid. 401, 402, 403 <br> b)   Fed. R. Evid. 106 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | c)    Ball Decl Ex. 44 |
| | **Yuga Labs' Evidentiary Objections**<br>• Defendants include improper argument in violation of the Scheduling Order § 4(a).<br>• Fed. R. Evid. 901: The cited document does not controvert asserted fact. |

## II.    DISPUTED FACTS AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S CONCLUSIONS OF LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| **Yuga Labs Is Entitled To Summary Judgment On Its Trademark Infringement Claim.** | |
| 121.   Yuga Labs owns the BAYC Marks. | *Matal v. Tam.* 582 U.S. 218 (2017); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008); *JUUL Labs, Inc, v. Chou*, 557 F. Supp. 3d 1041, 1053-54 (C.D. Cal. 2021); SUF ¶¶ 4, 6, 7.<br><br>**DISPUTED**<br><br>**a) Yuga does not have ownership of the BAYC Marks because (1) cannot have trademark rights over NFTs as they are intangible goods, (2) BAYC Marks were never used in commerce in connections with BAYC NFTs, or were not continuously used, or were used in connection with illegal goods, (3) Yuga transferred All Trademark Rights to NFT Purchasers, (4) Yuga abandoned all BAYC Marks through naked licensing, (5) Yuga abandoned all BAYC Marks by failure to police, and (6) Yuga lack priority use for the APE mark, and (7) Yuga transferred all rights to the BA YC Logo, BA YC Bored Ape Yacht Club logo, and the Ape Skull Logo to the ApeCoin DAO.** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **Controverting Law** |
| | *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 122.   The BAYC Marks are distinctive, and therefore valid and protectable. | *Kendall-Jackson Winery, Ltd, v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005); *CG Roxane LLC v. Fiji Water Co.*, 569 F. Supp. 2d 1019, 1030 (N.D. Cal. 2008); SUF ¶¶ 16-21. <br><br> **DISPUTED** <br><br> a)    **Yuga does not have valid and protectable BAYC Marks for NFTs because (1) cannot have trademark rights over NFTs as they are intangible goods, (2) BAYC Marks were never used in commerce in connections with BAYC NFTs, or were not continuously used, or were used in connection with illegal goods, (3) Yuga transferred All Trademark Rights to NFT Purchasers, (4) Yuga abandoned all BAYC Marks through naked licensing, (5) Yuga abandoned all BAYC Marks by failure to police, and (6) Yuga lack priority use for the** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **APE mark, and (7) Yuga transferred all rights to the BA YC Logo, BA YC Bored Ape Yacht Club logo, and the Ape Skull Logo to the ApeCoin DAO.** |
| | **Controverting Law** |
| | *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 123. Defendants sold RR/BAYC NFTs in a manner that is likely to cause confusion with the BAYC Marks. | *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *Internet Specialties West. Inc, v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985. 989 (9th Cir. 2009); *GoTo.com, Inc, v. The Walt Disney Co.*, 202 F.3d 1199. 1205-07 (9th Cir. 2022); *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867. 874-875 (9th Cir. 2014); *AC I Int'l Inc, v. Adidas-Salomon AG*, 359 T. Supp. 2d 918. 921 (C.D. Cal. 2005); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999); *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426. 436 (9th Cir. 2017); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012); SUF ¶¶ 8-75. |
| | **DISPUTED** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | a) **Sale of RR/BAYC NFTs were not done in a manner that is likely to cause confusion.**<br>b) **First, RR/BAYC and BAYC are neither the same product nor are the marks identical. RR/BAYC NFTs are part of a broader aristic statement and criticism of Yuga Labs. Also RR/BAYC NFTs are different products in different markets.**<br>c) **Second, Yuga has not established a likelihood of confusion among typical NFT consumers. Evidence shows that consumers were not confused and bought RR/BAYC NFTs to support the project. On the other hand, Yuga does not provide evidence of actual consumer confusion and their expert's opinion is deficient.**<br>d) **Third, Defendants took numerous steps to prevent confusion and certainly did not intend for consumers to be confused.**<br><br>**Controverting Law**<br><br>*New Kids on the Block v. News America Pub., Inc., 971 F.2d 302, 309 (9th Cir. 1992)*; *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013). |
| **Yuga Labs Is Entitled To Actual Damages Caused By Defendants' Trademark Infringement.** | |
| 124.  Yuga Labs is entitled to a judgment for actual damages as a result of Defendants' infringement of the BAYC Marks. | *Adray v. Adry-Mart, Inc.. 16 F.3d 984, 989 (9th Cir. 1995), as amended on denial of reh'g (Feb. 15, 1996); Monster Energy Co. v. Integrated Supply Network, LLC.* 533 F. Supp. 3d 928, 933 (C.D. Cal. 2021), appeal dismissed, No. 21-55361, 2021 WL 3028034 (9th Cir. June 28, 2021); SUF ¶¶ 76-78. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **DISPUTED**<br><br>a) **Yuga Labs is not entitled to damages because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible trademarks, there has been no infringement, (3) the RR/BAYC Project is protected use of the alleged marks, and (4) Yuga has suffered no damages as a result of the RR/BAYC Project's use the alleged marks.**<br><br>**Controverting Law**<br><br>a) *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW- MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).<br><br>b) *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. 1992); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013). <br><br> c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). <br><br> d) 15 U.S.C. § 1177 |
| 125. Yuga Labs is entitled to injunctive relief as a result of Defendants' infringement of the BAYC Marks. | *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1074-1075 (C.D. Cal. 2004); Compl. 1-4; SUF ¶¶ 76-78. <br><br> **DISPUTED** <br><br> a) **Yuga Labs is not entitled to injunctive because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible trademarks, there has bee no infringement, (3) the RR/BAYC Project is protected use of the alleged marks and (4) Yuga has suffered no irreparable/non- monetary harm.** <br><br> **Controverting Law** <br><br> a) *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW- MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, |

FENWICK & WEST LLP ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).<br><br>b) *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, *309 (9th Cir. 1992)*; *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013).<br><br>c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | d)    15 U.S.C. § 1177 |
| 126.   Yuga Labs is entitled to enhanced damages. | 15 U.S.C. § 1117; SUF ¶¶ 76-78.<br><br>**DISPUTED**<br><br>**b) Yuga Labs is not entitled to injunctive because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible trademarks, there has bee no infringement, (3) the RR/BAYC Project is protected use of the alleged marks and (4) no circumstances exist warranting enhanced damages.**<br><br>**Controverting Law**<br><br>a)    *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW- MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).<br><br>b)    *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. 1992); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013). |
| | c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). |
| | d)  15 U.S.C. § 1177 |
| 127.  Yuga Labs is entitled to an award of its attorneys' fees because this is an exceptional case. | *Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator*, 392 F.3d 248, 263-64 (7th Cir. 2004); *Arcona, Inc. v. Farmacy Beauty, LLC*, No, 17-7058, 2021 WL 2414856, at *1 (C.D. Cal. June 14, 2021), aff'd, No. 2155678, 2022 WL 1486822 (9th Cir. May 1 L 2022); *SunEarth, Inc, v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016); *Ketab Corp, v. Mesriani & Assocs., P.C.*, 734 F. App'x 401, 411-12 (9th Cir. 2018); SUF ¶¶ 178, 102-21.  **DISPUTED**  **a)  Yuga Labs is not entitled to injunctive because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible trademarks, there has bee no infringement, (3) the RR/BAYC Project is protected use of the alleged** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **marks and (4) no exceptional circumstances exist.** <br><br> **Controverting Law** <br><br> a) *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW- MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). <br> b) *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. 1992); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013). <br> c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire* |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020).<br><br>d)   *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000). |

| **Yuga Labs Is Entitled To Summary Judgment On Its Anti-Cybersquatting Consumer Protection Act ("ACPA") Claims.** ||
|---|---|
| 128.   Defendants' domain name https://rrbayc.com/ is confusingly similar to Yuga Labs' trademarks. | 15 U.S.C. § 1125(d)(1); *Super-Krete IntT, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1031-32 (C.D. Cal. 2010); *DISC Intellectual Provs. LLC v. Delman*, No. 07-5306, 2007 WL 4973 849, at *5 (C.D. Cal. Sept. 17, 2007); *Haas Automation. Inc, v. Denny*, No. 1204779, 2013 WL 6502876, at *3 (C.D. Cal. Dec. 4, 2013); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1093-94, 1097, 1105 (S.D. Cal. 2012); SUF ¶¶ 17, 79-83.<br><br>**DISPUTED**<br><br>a)     **rrbayc.com is not confusingly similar to Yuga's Marks because (1) Yuga does not have valid, enforceable marks, (2) Yuga's experts do not even attempt to explain that rrbayc is confusing similar to BAYC or any other BAYC mark, and (3) no evidence suggests that anyone ever thought rrbayc was confusingly similar to a BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 129. Defendants' domain name https://apemarket.com/ is confusingly similar to Yuga Labs' trademarks. | 15 U.S.C. § 1125(d)(1) *Super-Krete In fl, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1031-32 (CD. Cal. 2010): *DISC Intellectual Props. LLC v. Delman*, No. 07-5306, 2007 WL 4973 849, at *5 (C D. Cal. Sept. 17, 2007); *Haas Automation, Inc. v. Denny*, No. 12-04779, 2013 WL 6502876, at *3 (C.D. Cal. Dec. 4, 2013); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1093-94, 1097, 1105 (S.D. Cal. 2012); SUF ¶¶ 79-83.<br><br>**DISPUTED**<br><br>a)   **rrbayc.com is not confusingly similar to Yuga's Marks because (1) Yuga does not have valid, enforceable marks, (2) Yuga's experts don't even attempt to explain that apemarket is confusing similar to APE or any other BAYC mark, and (3) no evidence suggests that anyone ever thought apemarket was confusingly similar to a BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, |

| **CONCLUSION OF LAW** | **SUPPORTING CASE LAW AND EVIDENCE** |
|---|---|
| | 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu,* 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.,* 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera,* 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.,* 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey,* 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.,* 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 130.  Defendants had a bad faith intent to profit from the registration and use of the domain name https://rrbayc.com/. | 15 U.S.C. § 1125(d)(1); *United Artists Corp, v. United Artist Studios LLC,* No. 19-828, 2020 WL 4369778, at *42 (C.D. Cal. July 7, 2020): GoPets Ltd, v. Hise, 65 7 F.3d 1024, 1033 (9th Cir. 2011); *Super-Krete Int '1, Inc, v. Sadleir,* 712 F. Supp. 2d 1023, 1033 (C.D. Cal. 2010); SUF ¶¶ 73, 82. <br><br>**DISPUTED** <br><br>a)   **Defendants did not have any bad faith intent because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) rrbayc is not confusingly similar to any BAYC Mark, and (4) no evidence of bad faith intent.** <br><br>**Controverting Law** <br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David,* No. 2:14- cv-04732-SVW- MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.,* 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu,* 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.,* 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera,* |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 131. Defendants had a bad faith intent to profit from the registration and use of the domain name https://apemarket.com/. | 15 U.S.C. § 1125(d)(1); *United Artists Corp. v. United Artist Studios LLC*, No. 19-828, 2020 WL 4369778, at *42 (C.D. Cal. July 7, 2020); *GoPets Ltd, v. Hise*, 657 F.3d 1024, 1033 (9th Cir. 2011); *Super-Krete Int 7, Inc, v. Sadlier*, 712 F. Supp. 2d 1023, 1033 (C.D. Cal. 2010); SUF ¶¶ 73, 82.<br><br>**DISPUTED**<br><br>a)   **Defendants did not have bad faith intent because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, (3) no evidence that apemarket is confusingly similar to APE, and (4) there is no evidence of any bad faith intent.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | 1190, 1202 (9th Cir. 2012) |
| 132.  Defendants are not entitled to the ACPA's safe harbor defense, because Defendants did not have reasonable grounds to believe that their use of the domain name https://rrbayc.com/ was lawful. | 15 U.S.C. § 1125(d)(1); See *Lahotiv. PeriCheck, Inc.*, 5 86 F.3d 1190, 1203 (9th Cir. 2009); *Super-Krete Inf 1, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1035 (C D. Cal. 2010); SUF ¶¶ 17, 79-83.<br><br>**DISPUTED**<br><br>a)     **Defendants are entitled to the safe harbor defense because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) rrbayc is not confusingly similar to any BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 133.  Defendants are not entitled to the ACPA's safe harbor defense, because Defendants did not have reasonable grounds to believe that their use of the domain name https://apemarket.com/ was lawful. | 15 U.S.C. § 1125(d)(1); See *Lahotiv. VeriCheck, Inc.*, 5 86 F.3d 1190, 1203 (9th Cir. 2009); *Super-Krete hit 7, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1035 (C.D. Cal. 2010); SUF ¶¶ 79-83. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | **DISPUTED**<br><br>a)  **Defendants are entitled to the safe harbor defense because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) apemarket is not confusingly similar to any BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| **Yuga Labs Is Entitled To Statutory Damages And Injunctive Relief For Defendants' Violations Of The ACPA.** | |
| 134.  Yuga Labs is entitled to statutory damages for Defendants' violations of the ACPA, because Defendants' actions were egregious. | 15 U.S.C. § 1117(d); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1108 (S.D. Cal. 2012): Wecosign, Inc, v. 1FG Holdings, Inc., 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012); SUF ¶¶ 79-83.<br><br>**DISPUTED**<br><br>a)  **Yuga is not entitled to statutory damages because (1) Yuga has an open-source IP business model, (2)** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **Yuga does not have valid, enforceable marks, and (3) the website domain names are not confusingly similar to any BAYC Mark.** |
| | **Controverting Law** |
| | *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 135.  Yuga Labs is entitled to injunctive relief for Defendants' violations of the ACPA. | 15 U.S.C. § 1117(d); SUF ¶¶ 79-83.<br><br>**DISPUTED**<br><br>a)   **Yuga is not entitled to injunctive relief because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) the website domain names are not confusingly similar to any BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14- cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) |
| **The Rogers Test Does Not Apply Because RR/BAYC NFTs Are Not Artistic Expression.** | |
| 136.  RR/BAYC NFTs are not an expressive work protected by the First Amendment. | *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); ECF No. 62 at 6; SUF ¶¶ 1122, 27,31,32, 84. **DISPUTED** a)   **The RR/BAYC NFTs are part of the broader RR/BAYC Project which uses appropriation art to criticize Yuga's offensive conduct and educate the public about the nature of NFTs and are appropriately considered expressive work protected by the First Amendment. SUF ¶¶206-08.** **Controverting Law** *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | (C.D. Cal. Dec. 9, 2020). |
| 137. Defendants' use of the BAYC Marks in the RR/BAYC NFTs is not artistically relevant. | *Gordon v. Drape Creative, Inc.,* 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi,* 875 F.2d 994, 999 (2d Cir. 1989);* ECF No. 62 at 7; SUF ¶¶ 1122, 27,31,32, 73,84, 85.<br><br>**DISPUTED**<br><br>a)  **Defendants' use of the modified versions of the marks were artistically relevant as they allowed Defendants to identify the subject of their criticism and to criticize the marks themselves. SOF-¶-216**<br><br>**Controverting Law**<br><br>a)  *Gordon v. Drape Creative, Inc,* 909 F.3d 257, 268 (9th Cir. 2018); *VIRAG, S.R.L. v. Sony Computer Ent. Am. LLC,* No. 3:15-CV- 01729-LB, 2015 WL 5000102, at *2 (N.D. Cal. Aug. 21, 2015), aff'd, 699 F. App'x 667 (9th Cir. 2017); *New Kids on the Block v. News Am. Pub., Inc.,* 971 F.2d 302, 306–07 (9th Cir. 1992). |

Fenwick & West LLP<br>Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 138. Defendants' use of the BAYC Marks was intended to explicitly mislead consumers. | *Gordon v. Drove Creative, Inc.,* 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi,* 875 F.2d 994, 999 (2dCir. 1989);* ECF No. 62 at 7; SUF ¶¶ 1122-27,31-34, 39, 70, 85. <br><br> **DISPUTED** <br><br> a) **Defendants use of modified versions of the marks adds expressive content. Defendants also have made clear that the RR/BAYC Project is not associated with BAYC through their use of a diclaimer, modified versions of the marks, and cites to rrbayc.com, which includes context about the RR/BAYC Project. SOF-¶¶-202- 03; 214.** <br><br> **Controverting Law** <br><br> a) *Dr. Seuss Enterprises, L.P. v. ComicMix LLC,* 983 F.3d 443, 462–63 (9th Cir. 2020); *Gordon v. Drape Creative, Inc.,* 909 F.3d 257, 271 (9th Cir. 2018). |
| **Defendants Have No Viable Nominative Fair Use Defense.** | |
| 139. Defendants' use of the BAYC Marks does not constitute nominative fair use because Defendants use the BAYC Marks to market and sell their own RR/BAYC NFTs. Defendants' use of the BAYC Marks does not constitute nominative fair use because Defendants use nonidentical, modified versions of the BAYC Marks. | *New Kids on the Block v. News Am. Pub., Inc.,* 971 F.2d 302, 308 (9th Cir. 1992); *E.S.S. Ent. 2000, Inc, v. Rock Star Videos, Inc.,* 547 F.3d 1095, 1099 (9th Cir. 2008); *Toyota Motor Sales, U.S.A., Inc, v. Tabari,* 610 F.3d 1171, 1177, 1181 (9th Cir. 2010); *Brother Rees., Inc. v. Jardine,* 318 F.3d 900, 908 (9th Cir. 2003);* ECF No. 62 at 8; SUF ¶¶ 11 13, 22-27, 31-35, 39, 42-46, 60, 66, 71, 86, 87, 88. <br><br> **DISPUTED** <br><br> a) **Nominative fair use applies to the RR/BAYC Project. First, Defendants could not have identified the BAYC NFTs as the target of the criticism without using the marks. Second, Defendants did not want any suggested sponsorship. SOF-¶¶- 202-** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | 04. |
| | **Controverting Law** |
| | *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 893–94 (9th Cir. 2019); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1154 (9th Cir. 2002). |
| **Defendants Have No Viable Unclean Hands Defense.** | |
| 140.   Defendants do not have an affirmative defense of unclean hands because none of the alleged misconduct is related to the claims that Yuga Labs has asserted against Defendants. | *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009), aff'd, 404 F. App'x 496 (Fed. Cir. 2010); *Metal Jeans, Inc, v. Metal Sport, Inc.*, 843 F. App'x 898, 899-900 (9th Cir. 2021); *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No. 16-01304, 2016 WL 4487895, at *9 (C.D. Cal. Aug. 23, 2016), aff'd, 692 F. App'x 366 (9th Cir. 2017); *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 932-33 (9th Cir. 2014); SUF ¶¶ H 89, 90,91.<br><br>**DISPUTED**<br><br>a)   **Defendants' unclean hands defenses directly relate to the claims Yuga Labs has asserted against Defendants. Yuga Labs has asserted only unregistered trademarks. Unregistered trademarks are only protectable through recognition. Yuga Labs acted inequitably through promoting unregistered securities and through participating in a scheme to endorse their products without proper disclosure.**<br><br>**Controverting Law**<br><br>*Worden v. California Fig Syrup Co.*, 187 U.S. 516, 535 (1903); *Glow Industries, Inc. v. Lopez*, 252 F. Supp. 2d 962, 983 (C.D. Cal. 2002); *Pom Wonderful v. Coca-Cola*, 166 F. Supp. 3d 1085, 1097 (C.D. Cal. 2016).. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| **Yuga Labs Is Entitled To Summary Judgment On Defendants' 17 U.S.C. 512(f) Counterclaim.** | |
| 141. Yuga Labs did not misrepresent a copyright in a DMCA copyright takedown notice. | *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (ND. Cal. Feb. 25, 2022); SUF ¶¶ H 92-95, 98, 99-101.<br><br>**DISPUTED**<br><br>a)   **Yuga Labs misrepresented that it was seeking copyright protection by invoking the DMCA in its takedown measures. By invoking the DMCA in its takedown measures, it leveraged copyright protections for other forms of IP wrongfully.**<br><br>**Controverting Law**<br><br>*Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (ND. Cal. Feb. 25, 2022), *ISE Entertainment Corp. v. Longarzo*, 2018 WL 1569803 at *3 (C.D. Cal. 2018), *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016). |
| 142. Yuga Labs did not submit any DMCA copyright takedown notice in bad faith. | *Moonbus Ent. Ltd. v. Babybus (Fujian) Network Tech. Co. Ltd.*, No. 21-06536, 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022); *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004); SUF ¶¶ H 5, 96.<br><br>**DISPUTED**<br><br>a)   Bad faith is supported by knowingly submitting a request pursuant to the DMCA without having protectable copyrights or the intention to protect copyrights.<br><br>**Controverting Law**<br><br>*ISE Entertainment Corp. v. Longarzo*, 2018 WL 1569803 at *3 (C.D. Cal. 2018); *Lenz v.* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *Universal Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016); *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (ND. Cal. Feb. 25, 2022), Rossi v. Motion Picture Ass'n of Am. Inc., 391 F.3d 1000, 1005 (9th Cir. 2004) |

## III.   ADDITIONAL MATERIAL FACTS

| Additional Material Facts | Evidence |
|---|---|
| 143.   The USPTO has held that "Applicant [Yuga] should note that a non-fungible token or NFT is not a good in trade. . . . NFTs are downloadable units of data stored on a blockchain (a digital database, or ledger, that can be simultaneously used and shared within a large decentralized, publicly accessible network) that authenticate and prove ownership rights to digital or physical items.  An NFT is not the digital or physical item itself, nor does it contain the digital or physical item; rather, it only contains information about the item. It is comparable to a certificate of authenticity/ownership for a physical item. . . .  NFTs are not goods in trade and are similar to a certificate of ownership and authenticity . . . . " | Ripps Decl., Ex. 120 at RIPPSCAHEN00021340.  **DISPUTED** regarding a USPTO "holding" and the full context of that statement here and elsewhere by the USPTO; further disputed regarding how consumers view NFTs; **UNDISPUTED** regarding partial except of a quote.  **Yuga Labs' Objections to Evidence**  • Fed. R. Evid. 106: The cited document and quotation are incomplete and misleading.  • Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  • Fed. R. Evid. 901: The citation is incorrect and misleading. RIPPSCAHEN00021340 is not part of Ripps Decl., Ex. 120.  • *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023) (holding that a trademark "should be understood to refer to both the NFT and the digital image with which it is associated" and that "[i]ndividuals do |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | not purchase NFTs to own a 'digital deed' divorced from any other asset: they buy them precisely so that they can exclusively own the content associated with the NFT."). |
| 144.  Yuga has admitted, in its branding experts report, that "An NFT is an ownership record stored on a blockchain analogous to a conventional proof-of-purchase." | Berger Decl. Ex. 106 at 20 (Berger Report at 3 n.2).<br><br>**DISPUTED** as to Defendants interpretation and that Yuga Labs "has admitted" the quoted statement, but **UNDISPUTED** that the statement appears in Jonah Berger's expert report.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited statement is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited document(s) do not support the asserted statement.<br>• Fed. R. Evid. 901: The quoted language within the asserted statement is not quoted accurately.<br>• Fed. R. Evid. 901: The citation is incorrect and misleading.<br>• *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023) (holding that a trademark "should be understood to refer to both the NFT and the digital image with which it is associated" and that "[i]ndividuals do not purchase NFTs to own a 'digital deed' divorced from any other asset: they buy them precisely so that they can exclusively own the content associated with the NFT.").<br><br>**Yuga Labs' Controverting Evidence**<br><br>• Compl. ¶ 16<br>• Berger Decl. Ex. 106 at 19 (Berger Report at 3 n.2), 20<br>• Ball Decl. Ex. 25 ¶ 8; Ex. 27 ¶ 5; Ex. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
|  | 36 at Rog. 1; Ex. 37 at RFA 3; Ex. 39 at 106:23-107:3<br>• Muniz Decl. Ex. 70 |
| 145.  Yuga originally filed trademark registration applications alleging its marks were "in-use," but the trademark office rejected all of Yuga's alleged specimens of use for all ten of Yuga's "in-use" trademark registration applications. | Ripps Decl., Exs. 109 at 5-6; 111 at RIPPSCAHEN00023152-53; 112 at RIPPSCAHEN00023249-50; 113 at RIPPSCAHEN00023364-65; 114 at RIPPSCAHEN00023449-50; 115 at RIPPSCAHEN00023570-72; 116 at RIPPSCAHEN00024188-89; 117 at RIPPSCAHEN00024317-18; 118 at RIPPSCAHEN00024429-30; 119 at RIPPSCAHEN00024554-55.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement. |
| 146.  In response to the trademark office's rejection of Yuga's "in-use" applications for the BAYC Marks, Yuga gave up on its ten "in-use" applications and amended them to assert only applications based on intent to use in the future. | Ripps Decl., Exs. 111 at RIPPSCAHEN00023143; 112 at RIPPSCAHEN00023240; 113 at RIPPSCAHEN00023355; 114 at RIPPSCAHEN00023440; 115 at RIPPSCAHEN00023562-63; 116 at RIPPSCAHEN00024177-78; 117 at RIPPSCAHEN00024305-06; 118 at RIPPSCAHEN00024417-18; 119 at RIPPSCAHEN00024543-44.<br><br>**UNDISPUTED** to the extent that Yuga Labs amended its trademark applications to assert intent to use and that those application have now been accepted as published or allowed.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case for the purposes cited, and any probative value is substantially outweighed by a danger of unfair |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | prejudice and confusing the issues. |
| 147. The goods at issue in this trademark case are NFTs (non-fungible tokens) | Dkt. 1. (generally) **UNDISPUTED** that NFTs are one of the goods "at issue" in this action. **DISPUTED** to the extent that the asserted statement characterizes NFTs as solely the token on the blockchain or as the sole good "at issue" in this action. Yuga Labs uses its BAYC Marks for a variety of products and services and Defendants used Yuga Labs' Marks to promote a marketplace and other products. **Yuga Labs' Objections to Evidence** <ul><li>Fed. R. Evid. 401, 402, 403: This fact is not used to support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).</li><li>Fed. R. Evid. 401, 402, 403: Yuga Labs alleges that the "NFTs" are "unique collectible works of digital art (each an NFT) when executed on the Ethereum blockchain." Compl. ¶ 16.</li></ul> **Yuga Labs' Controverting Evidence** <ul><li>Ball Decl. Ex. 27 ¶¶ 13, 15; Ex. 39 at 100:18-22; Ex. 40 at 207:23-212:7; Ex. 42 at 169:7-170:1</li><li>Muniz Decl. Exs. 80, 81, 82</li><li>Solano Decl. ¶ 3, Ex. 10</li></ul> |
| 148. BAYC NFTs were sold out on May 1, 2021. | Ripps Decl., Ex. 229. **UNDISPUTED** **Yuga Labs' Objections to Evidence** <ul><li>Fed. R. Evid. 401, 402, 403: This fact is not used to support any argument in Defendants' brief in opposition to</li></ul> |

| Additional Material Facts | Evidence |
|---|---|
| | Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403:  Yuga Labs has continuously used BAYC Marks with its goods and services since 2021. |
| 149.   Yuga Labs has never sold BAYC NFTs since May 1, 2021. | Ripps Decl., Ex. 229; Gosma Decl., Exs. 245 at 102:21-24; 250 at 113:21-114:2.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403:  Yuga Labs has continuously used BAYC Marks with its goods and services since 2021.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted fact. |
| 150.  Yuga Labs has no plans to make any more BAYC NFTs or honorary BAYC NFTs | Ripps Decl., Ex. 243.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403:  Yuga Labs has continuously used BAYC Marks with its goods and services since 2021.<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact. |
| 151.   BAYC NFTs were sold with Terms and Conditions | Ripps Decl., Ex. 192.<br><br>**UNDISPUTED** that the BAYC website contained Terms and Conditions for BAYC NFTs.<br><br>**Yuga Labs' Objections to Evidence** |

Fenwick & West LLP<br>Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 401, 402, 403: This fact is not used to support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403: BAYC NFTs contain a copyright, not a trademark, license.<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact. |
| 152.  The Terms and Conditions were written by Gregory Solano | Gosma Decl., Ex. 250 at 157:09-158:15.<br><br>**UNDISPUTED** |
| 153.  The Terms and Conditions for BAYC NFTs provides "When you purchase an NFT, you own the underlying Bored Ape, the Art, completely" | Ripps Decl., Ex. 192; Gosma Decl., Ex. 250 at 160:8-162:1; 229:24-230:13.<br><br>**UNDISPUTED** that the quoted language appears in Terms and Conditions for BAYC NFTs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document and testimony are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: BAYC NFTs contain a copyright, not a trademark, license.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl., Ex. 192 at RIPPSCAHEN00020804; Gosma Decl., Ex. 250 at 162:13-15. |
| 154.  The Terms and Conditions for BAYC NFTs provides BAYC NFT holders with "an unlimited, worldwide license to use, copy, and display the purchased Art for the purpose of creating derivative works based upon | Ripps Decl., Ex. 192.<br><br>**UNDISPUTED** that the quoted language appears in terms and conditions for BAYC NFTs. |

| Additional Material Facts | Evidence |
|---|---|
| the Art ('Commercial Use')" and explains that "[e]xamples of such Commercial Use would e.g. be the use of the Art to produce and sell merchandise products (T-shirts etc.) displaying copies of the Art." | **Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: BAYC NFTs contain a copyright, not a trademark, license.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl., Ex. 192. |
| 155.  Hundreds of BAYC NFTs are associated with ape images that display Yuga's trademarks. | Gosma Decl., Ex. 245 at 144:17-145:23; Dkt 1 ¶ 34.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This fact is not used to support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403: BAYC NFTs contain a copyright, not a trademark, license.<br>• Fed. R. Evid. 401, 402, 403: Defendants' asserted fact is irrelevant or immaterial to their infringement. Products sold routinely include trademarks on the product.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited testimony does not support the asserted fact. |
| 156.  BAYC NFT holders have prominently used ape images depicting Yuga's trademarks. Three examples are | Ripps Decl., Exs. 175, 182, 241. |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| WAKE & BAYC, Bored Coffee, And North Pier Brewing Company. | **DISPUTED** to the extent the evidence is being used to prove use of a BAYC Mark or that that any of these examples are from BAYC NFT holders.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 401, 402, 403: Defendants' asserted fact is irrelevant or immaterial to their infringement. Products sold routinely include trademarks on the product.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation. |
| 157. BAYC NFT holders have created their own brands that use Yuga's trademarks without using ape images that display the trademarks. | Ripps Decl., Exs. 174, 176, 177, 179, 180, 181, 183.<br><br>**DISPUTED** to the extent the evidence is being used to prove use of a BAYC Mark or that that any of these examples are from BAYC NFT holders.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger |

| Additional Material Facts | Evidence |
|---|---|
| | of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 401, 402, 403: Defendants' asserted fact is irrelevant or immaterial to their infringement. Products sold routinely include trademarks on the product.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation. |
| 158. Companies that do not hold BAYC NFTs have used Yuga's trademarks to sell products. | Ripps Decl., Ex. 174, 178.<br><br>**DISPUTED** to the extent the evidence is being used to prove use of a BAYC Mark or that that any of these examples are from BAYC NFT holders.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 401, 402, 403: Defendants' asserted fact is irrelevant or immaterial to their infringement. Products sold routinely include trademarks on the product.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation. |
| 159.  Yuga has not exercised quality control | **No evidence in the record of Yuga** |

Fenwick & West LLP
Attorneys At Law

| Additional Material Facts | Evidence |
|---|---|
| over products using its marks. | **exercising any quality control over any of the off-shoot brands identified in paragraphs 154-156.**<br><br>Gosma Decl. Ex. 245 at 138:10-21, Ex. 246 at 232:5-14.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their purported fact.  In any case, lack of evidence in the record does not require the Court to make an adverse inference that no such evidence exists. Defendants cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  They must provide evidence to support their arguments. *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)).<br>• Fed. R. Evid. 401, 402, 403:  Yuga Labs has no obligation to exercise quality control over unlicensed uses of its marks.  *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1077 (N.D. Cal. Aug. 20, 2020). |

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 901: The cited documents do not support the asserted fact. **Yuga Labs' Controverting Evidence** Gosma Decl. Ex. 245 at 138:10-21, Ex. 246 at 232:5-14 |
| 160. NFT collections not created or owned by Yuga Labs also use Yuga's trademarks. | Ripps Decl., Exs. 151-172. Gosma Decl., Ex. 245 at 157:06-159:02, 160:12 -162:25; Gosma Decl. Ex. 246 at 202:11-206:16. **UNDISPUTED** that the cited exhibits depict potential use of the BAYC Marks. **Yuga Labs' Objections to Evidence** • Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. • Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay. • Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation. |
| 161. Yuga has not licensed any non-Yuga NFT collection that uses the asserted marks. | **No evidence in the record of any trademark licenses to these NFT collections.** **DISPUTED** **Yuga Labs' Objections to Evidence** • Fed. R. Evid. 401, 402, 403: This fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | all facts with citations to the paragraph number in the SUF).<br><br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.  In any case, lack of evidence in the record does not require the court to make an adverse inference that no such evidence exists.  Defendants cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  They must provide evidence to support their arguments.  *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04355ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)). |
| 162.  Yuga has not taken any enforcement actions against any of the NFT collections identified in SOF paragraph 161. | **No evidence in the record of Yuga taking any enforcement actions against any of the NFT collections.**<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.  In any case, lack of evidence in the record does not require the court to make an adverse inference that no such evidence exists.  Defendants cannot simply rest on the pleadings or argue that any disagreement or |

| Additional Material Facts | Evidence |
|---|---|
| | "metaphysical doubt" about a material issue of fact precludes summary judgment.  They must provide evidence to support their arguments.  See *Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021)* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)).<br>• Fed. R. Evid. 401, 402, 403: The purported fact has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br><br>**Yuga Labs' Controverting Evidence**<br>Gosma Decl., Ex. 245 at 157:06-158:02, 160:12-161:2; Ex. 246 at 202:11-204:10 |
| 163.   Yuga's former CEO, when still acting as Yuga's CEO, has publicly declared that "All IP rights are actually granted to the member and to the owner. We have none of those rights, and we don't actually take a licensing fee." | Ripps Decl., Ex. 238.<br><br>**UNDISPUTED** that Yuga Labs' CEO stated this.  **DISPUTED** that this statement applied to any rights beyond a copyright license to use the BAYC image associated with each NFT.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited exhibit is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed R. Evid. 1002:  The BAYC NFT |

| Additional Material Facts | Evidence |
|---|---|
| | Terms and Conditions are the best evidence of the intellectual property rights that Yuga Labs licenses to its BAYC NFT holders. |
| | **Yuga Labs' Controverting Evidence**<br>Ripps Decl., Ex. 192 at RIPPSCAHEN00020804; Gosma Decl., Ex. 250 at 162:13-15; Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 66:17-68:11; Solano Decl. ¶ 2 |
| 164. On March 16, 2022, Yuga transferred a 1/1 NFT to the ApeCoin DAO. | Ripps Decl., Ex. 145.<br><br>**DISPUTED** to the extent that this statement characterizes the gift as a licensing of rights and mischaracterizes the gift.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited document does not support the purported fact.<br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating. Lacks foundation. |
| 165. The NFT that Yuga transferred to the ApeCoin DAO on March 16, 2022, provided, "A one of one NFT gifted from Yuga Labs to ApeCoin DAO. This NFT conveys along with it all rights and privileges of the logo's intellectual property to the ApeCoin DAO. The ApeCoin DAO will decided how the IP is used." The NFT included an identical Ape Skull logo set on a blue background. | Ripps Decl., Ex. 146.<br><br>**DISPUTED** to the extent that this statement characterizes the gift as a licensing of rights, mischaracterizes the gift, or implies the logos are "identical."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited document does not support the purported fact. <br> • Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay. <br> • Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks foundation. <br> • The final sentence of the statement is vague and unintelligible. <br><br> **Yuga Labs' Controverting Evidence** <br> Ripps Decl. Ex. 146; Solano Decl. Ex. 16 |
| 166.   Yuga does not own or control the ApeCoin Dao. | Gosma Decl. Exs. 245 at 208:23-209:06; 250 at 138:4-138:10; 246 at 212:09-212:24. <br><br> **UNDISPUTED** |
| 167.   ApeCoin DAO never assigned or licensed back to Yuga its intellectual property in the logo associated with the NFT transferred to ApeCoin DAO on March 16, 2022. | **No evidence in the record of any assignment or license back to Yuga.** <br><br> **DISPUTED** that Yuga Labs ever licensed its trademark rights along with this NFT. <br><br> **Yuga Labs' Objections to Evidence** <br><br> • Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.  In any case, lack of evidence in the record does not require the court to make an adverse inference that no such evidence exists.  Defendants cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  They must provide |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| | Additional Material Facts | Evidence |
|---|---|---|
| | | evidence to support their arguments. *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021)* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)). |
| 168. | On October 3, 2022, Yuga abandoned its trademark application for the APE mark. | Ripps Decl., Ex. 110 at RIPPSCAHEN00020732.<br><br>**UNDISPUTED** that Yuga Labs is not pursuing registration of the APE mark with the USPTO. **DISPUTED** to the extent this statement characterizes this as an abandonment of all rights to the APE mark. Yuga Labs continues to assert common law rights in this mark.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl. Ex. 110 at RIPPSCAHEN00020732 |
| 169. | Wylie Aronow has publicly admitted that prior to the launch of BAYC "many crypto traders thought of themselves as 'apes.' To 'ape' meant | Gosma Decl. Ex. 246 at 26:19-21.<br><br>**UNDISPUTED** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| to go apes\*\*t and buy something without any due diligence. Ape, as in, I just aped into this s\*\*tcoin." | **Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The citation is incorrect and misleading.<br>• Fed. R. Evid. 1002: The document is the best evidence of what was written. |
| 170. Before Yuga released BAYC NFTs, ApeSwap was using APE in its company name, website domain, and on its website. | Ripps Decl., Ex. 143.<br><br>**UNDISPUTED** that the word "ape" is included in the URL and on the website depicted in the cited exhibit.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating. Lacks foundation.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 171. Before Yuga released BAYC NFTs, the entity associated with ApeCoin.dev was using APE in its name, website domain, and on its website. | Ripps Decl., Ex. 142.<br><br>**UNDISPUTED** that the word "ape" is included in the URL and on the website depicted in the cited exhibit.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 172.  Before Yuga released BAYC NFTs, there were already NFT collections using APE in their name. | Ripps Decl., Ex. 144.<br><br>**UNDISPUTED** that the word "ape" is included on the OpenSea webpage depicted in the cited exhibit.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 173.  When Yuga released BAYC NFTs, it also displayed a roadmap on the website boredapeyachtclub.com. | Gosma Decl. Ex. 251 at Depo. Ex. 254.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 174.   The roadmap is still displayed on boredapeyachtclub.com (with a strikethrough showing that the goals on the list no longer need to be completed). | Ripps Decl., Ex. 244 at RIPPSCAHEN00016196.<br><br>**DISPUTED** as to Defendants' interpretation.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 175.   The roadmap for BAYC NFTs states "we are in this for the long haul." | Gosma Decl. Ex. 251 at Depo. Ex. 254.<br><br>**UNDISPUTED** that the cited exhibit includes the statement.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited quote is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | foundation.<br>• Fed. R. Evid. 901: The quoted language within the asserted statement is not quoted accurately. |
| 176. The roadmap for BAYC NFTS also stated that one of its goals was to initiate a "Bored Ape liquidity pool." | Gosma Decl. Ex. 251 at 127:4-138:21, Depo. Ex. 254.<br><br>**UNDISPUTED** that the cited exhibit contains the statement.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited quote is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating. Lacks foundation. |
| 177. On June 18, 2021, Yuga allowed BAYC NFT holders to claim a Bored Ape Kennel Club NFT. | Ripps Decl., Exs. 230, 231<br><br>**UNDISPUTED.**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement. Moreover, the terminology used is misleading. |
| 178. On August 28, 2021, Yuga allowed BAYC holders to use a Mutant Serum to claim Mutant Ape Yacht Club | Ripps Decl., Ex. 232, 233. |

Fenwick & West LLP<br>Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| NFTs. | **UNDISPUTED**.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. |
| 179.  On March 17, 2022, Yuga allowed each BAYC NFT holder to claim 10,000 ApeCoin. | Ripps Decl., Exs. 234, 140.<br><br>**DISPUTED** that BAYC NFT holders could claim ApeCoin from Yuga Labs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.  Moreover, the terminology used is misleading. |
| 180.  On or around March 17, 2022, 10,000 ApeCoins were worth approximately $130,000. | Ripps Decl., Ex. 147.<br><br>**UNDISPUTED** that the price of ApeCoin on March 18, 2022 is shown in the cited exhibit as $13.08, which when multiplied by 10,000 is $130,800.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited document does not support the asserted statement. |
| 181.  On April 30, 2022, Yuga allowed BAYC NFT holders to claim Otherdeed NFTs. | Ripps Decl. Exs. 235, 236; Gosma Decl. Ex. 251 at 147:13-17.<br><br>**DISPUTED** that Yuga Labs allowed BAYC NFT holders to claim Otherdeed NFTs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.  Moreover, the terminology used is misleading. |
| 182.  There are multiple reports of an ongoing Securities and Exchange Commission probe investigation the securities nature of BAYC NFTs. | Ripps Decl., Ex. 136, 137, 138, 139.<br><br>**DISPUTED** to the extent that this statement characterizes the existence of any such investigation and whether any such investigation has any merit.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The statements within these articles are inadmissible hearsay. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | <ul><li>Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.</li><li>Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.</li><li>The purported fact is vague and unintelligible.</li></ul> |
| 183.   There is a securities fraud class actions lawsuit pending against Yuga based on Yuga's Bored Ape Yacht Club NFTs. | Ripps Decl., Ex. 108.<br><br>**UNDISPUTED** that the lawsuit in the cited exhibit was filed against Yuga Labs. **DISPUTED** to the extent that this statement characterizes the lawsuit, which is subject to a forthcoming motion to dismiss, as having any merit.<br><br>**Yuga Labs' Objections to Evidence**<br><ul><li>Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.</li><li>Fed. R. Evid. 801, 802: The statements within this exhibit are inadmissible hearsay.</li></ul> |
| 184.   Months before Yuga filed this lawsuit, consumers wrote letters regarding RR/BAYC NFTs. They include statements such as "I love the protest art and I love everything you've done," "I love the conceptual art and the principle behind all of this, so I hope to be able to support as a collector," "Just wanted to say thank you, for brining all this to light! I minted a few to support the cause!" "i [sic] did reserve two of your educational art …," "I think the rrbayc collection is great and the message is fantastic," ""I bought one of yours on the secondary, and it is a protest purchase," "I actually picked up an RRBAYC off looksrare this week | Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135.<br><br>**UNDISPUTED** that the cited exhibits show emails with the quoted language (with some inaccuracies).  **DISPUTED** that these emails were sent "months before Yuga filed this lawsuit[.]"  Further disputed as to the impact or interpretation of the exhibits.<br><br>**Yuga Labs' Objections to Evidence**<br><ul><li>Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no</li></ul> |

Fenwick & West LLP
Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| because I fully believe what you guys are standing up for," "I would like a RR/BAYC just to be part of this movement that finally represents me …," "You've got a fascinating approach to appropriation art. Well done," "I need to get a RR/BAYC to support the cause and BURNBAYC," "I love what you've done and are doing with this! People need to be educated! Thank you," "Let me know if there is any place I can get one. I will love to be in the right side of history," "The ultimate protest release!," "Thank you for your work looking into the reality of BAYC…Wanted to be a part of this so I just reserved RR/bayc #9508…," "I saw your project, your intentions today on twitter and I liked the kick in the anthill. The questioning of some parameters of the NFT ecosystem, the rights related…[a]nd I like this artistic parallel movement," | relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. The cited documents do not address or disprove post-sale confusion or even that other purchasers were actually or likely to be confused.<br>• Fed. R. Evid. 801, 802: The cited communications are inadmissible hearsay.<br>• Fed. R. Evid. 901: The quoted language within the asserted statement is not quoted accurately.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135 |
| 185.  Etherscan is a tool that allows for the verification of NFTs by using NFT-specific pages to check the contract address and Token ID. | Gosma Decl., Exs. 247 at 95:14-98:7, 251 at 38:20-39:03; 68:01-17; 69:09-17; 71:01-08.<br><br>**UNDISPUTED** that NFTs can be potentially verified on Etherscan by viewing, among other things, the contract address and token ID.  **DISPUTED** to the extent the fact implies that verification is simple.  Further disputed to the extent the fact ignores Defendants' actions in confusingly using Yuga Labs' trademarks in connection with Etherscan or that verification negates infringement as to sponsorship, affiliation, or source.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). <br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading. <br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement. <br><br>**Yuga Labs' Controverting Evidence** <br>Kindler Decl. ¶ 27; Berger Decl. ¶¶ 23, 34; Ball Decl. Ex. 39 at 37:25-38:17; Ex. 40 at 202:19-204:15; Ex. 41 at 117:25-119:11; Atalay Decl. Exs. 6, 7 |
| 186.  RR/BAYC NFTs and BAYC NFTs had NFT specific pages that would display different contract address, different token ides, different smart contract names, and different creators. | Ripps Decl. Exs. 195, 196. <br><br>**UNDISPUTED** that BAYC NFTs and RR/BAYC NFTs are associated with non-identical contract addresses, token IDs, and creators.  **DISPUTED** that they had "NFT specific pages that would display" these attributes and "different smart contract names" because it is unclear what these terms mean.  **DISPUTED** that these exhibits have different "names" because they each show "Bored Ape Yacht Club" at the very top of the page. <br><br>**Yuga Labs' Objections to Evidence** <br><br>• Fed. R. Evid. 401, 402, 403: This statement is immaterial and does not support any factual assertion in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). <br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading. <br>• Fed. R. Evid. 901: The cited documents do not support the asserted |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| | statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 106:2-14; Ex. 39 at 37:23-38:6; Ex. 40 at 143:18-144:3; Atalay Decl. Exs. 5-8 |
| 187.   Almost the entirety of RR/BAYC NFT Sales occurred on the primary market | Kindler Decl. Ex. 107 at 52 (Kindler Report ¶ 76) ($1,366,090 in alleged primary sales compared to $117,309 in alleged secondary sales).<br><br>**DISPUTED** that the evidence supports a "primary market" or that sales on a "primary market" constitute "almost the entirety of RR/BAYC NFT sales." **DISPUTED** that Defendants' "primary sales" were only $1,366,090.  Revenue from initial sales was approximately $1,920,933.  **DISPUTED** that Defendants' secondary sales only amounted to $117,309. Millions in secondary sales occurred as has been admitted and highlighted by the Defendants.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 106: The purported fact is incomplete and the statement is misleadingly taken out of context.<br>• Fed. R. Evid. 901: The cited document does not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Kindler Decl. Ex. 107 at 52, 101 (Kindler Report ¶ 76); Ball Decl. Ex. 27 ¶ 15; Ex. 40 at |

| Additional Material Facts | Evidence |
|---|---|
| | Hickman Ex. 58 |
| 188. Primary market sales for RR/BAYC NFTs occurred on Twitter and rrbayc.com. | Gosma Decl. Ex. 247 at 191:3-18; Gosma Decl. Ex. 248 at 241:11-19, 297:15-298:02.<br><br>**UNDISPUTED** that some sales of RR/BAYC NFTs occurred on Twitter and rrbayc.com. **DISPUTED** to the extent that the evidence supports a "primary market" or to the extent this fact implies that these were the sole platforms for sales of RR/BAYC NFTs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited testimony does not support the asserted statement.<br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br><br>**Yuga Labs' Controverting Evidence**<br>Gosma Decl. Ex. 247 at 82:8-13, 240:05-09; Ball Decl. Ex. 37 at RFA 27 |
| 189. RR/BAYC NFTs were minted on Foundation under the Foundation Contract. | Gosma Decl. Ex. 247 at 82:08-13, 240:05-09.<br><br>**UNDISPUTED** that Defendants referred to the RR/BAYC NFT contract as the Foundation contract. **DISPUTED** that they were minted "on Foundation" as opposed to being minted on the blockchain, and that there were no other contracts involved in minting RR/BAYC NFTs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This statement is immaterial and does not support any factual assertion in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | number in the SUF).<br>• Fed. R. Evid. 901: The cited document(s) do not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Gosma Decl. Ex. 247 at 82:8-13, 240:5-9; Ball Decl. Ex. 27 ¶¶ 3, 8 |
| 190.  Foundation generated a page for RR/BAYC NFTs that identified Ryder Ripps as the creator. | Ripps Decl., Ex. 186; Gosma Decl., Ex. 247 at 60:18-61:09, 76:10-22.<br><br>**UNDISPUTED** that Defendants' RR/BAYC NFT sales page on Foundation included the username "@ryder_ripps" as well as Yuga Labs' BAYC Marks.  **DISPUTED** that this page identified Ryder Ripps as the creator of the RR/BAYC NFTs.  **DISPUTED** to the extent this implies that Foundation was solely responsible for the generation of the RR/BAYC NFT sales page.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl., Ex. 186; Gosma Decl., Ex. 247 at 60:18-61:09, 76:10-22; **B**all Decl. Ex. 27 ¶ 8; Atalay Decl. Exs. 5-8 (Ex. 8 at page 15: "Now that your contract is deployed, you can navigate to the Collection page and begin customizing it.  Make your collection stand out by adding a unique logo, header image, |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | and a description.") |
| 191. The Foundation Page for RR/BAYC NFTs was delisted due to a takedown notice in June 2022. | Ripps Decl., Exs. 186, 187, 188.<br><br>**UNDISPUTED** that the Foundation page for RR/BAYC NFTs was removed from public view in response to a takedown notice in June 2022.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). |
| 192. Foundation was an artists-only marketplace where collections were organized by creators. | Gosma Decl., Ex. 247 at 79:22-80:08.<br><br>**UNDISPUTED** that Foundation was an NFT marketplace. **DISPUTED** that it was "artists-only" and that collections are necessarily "organized by creators."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 701: The cited testimony falls beyond the scope of a lay witness opinion and is inadmissible.<br>• Fed. R. Evid. 901: The cited document does not support the asserted statement. |
| 193. On January 26, 2023, (seven months | Ripps Decl., Ex. 237. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| after the RR/BAYC Foundation page was delisted) Foundation changed its marketplace to allow the import of external NFT collections. | **DISPUTED** the date of Defendants' purported exhibit is from 2022, *before* they launched their Scam NFT.  It is not from 2023.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited documents does not support the purported fact. |
| 194.  On January 26, 2023, Foundation had a collection page for the Bored Ape Yacht Club for the very first time. | Ripps Decl., Exs. 193, 194.<br><br>**DISPUTED** to the extent it implies that no BAYC NFTs were sold before January 26, 2023 or that no NFTs using Yuga Labs' trademarks were sold before January 26, 2023.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| | Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating. Lacks foundation.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact. |
| 195.  Defendant Ripps sold RR/BAYC NFTs for a price between $100 and $200 dollars (in Ethereum). | Gosma Decl., Ex. 247 at 123:10-17, 194:10-12, 123:10-17; Gosma Decl. Ex. 248 at 255:25-256:08.<br><br>**UNDISPUTED** that some of the initial sales of RR/BAYC NFTs cost .1 or .15 ETH. **DISPUTED** to the extent that the cited evidence fails to establish the conversion from ETH to dollars at the time each RR/BAYC NFT was minted. Further disputed to the extent it implies any difference with BAYC NFTs which also originally sold for a similar price.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact. |
| 196.  BAYC NFTs sell for hundreds of thousands of dollars, and in some | Gosma Decl. Ex. 248 at 195:5-8; Gosma Decl. Ex. 245 at 58:13-22, 226:23- |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| case, millions of dollars. | 227:11.<br><br>**DISPUTED** to the extent that the cited evidence implies that this has been the only sales price of BAYC NFTs.  BAYC NFTs originally sold for 0.08 ETH.<br><br>**Yuga Labs' Controverting Evidence**<br>Gosma Dec. Ex. 245 at Ex. 223 |
| 197.  The website rrbayc.com displays an artist statement that users must scroll past before being able to purchase an RR/BAYC NFT | Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50.<br><br>**UNDISPUTED** that the statement depicted in the cited document is currently on rrbayc.com.  **DISPUTED** that it is an "artist statement" or that users must scroll past it before purchasing an RR/BAYC NFT.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited document does not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Muniz Decl. Exs. 54, 55, 57-60, 62-65, 70; Gosma Decl. Ex. 186 |
| 198.  The rrbayc.com artist statement explains that "RR/BAYC uses satire and appropriation to protest and educate people regarding The Bored Ape Yacht Club and the framework of NFTs. The work is an extension of and in the spirit of other artists who have worked within the field of appropriation art." | Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50.<br><br>**UNDISPUTED** that the quoted language is currently on rrbayc.com.  **DISPUTED** to the extent this fact "explains" RR/BAYC. |
| 199.  The website rrbayc.com links to gordongoner.com. | Ripps Decl., Ex. 184 at RIPPSCAHEN00021149.<br><br>**UNDISPUTED** |
| 200.  The website gordongoner.com | Ripps Decl., Ex. 242 at |

| | Additional Material Facts | Evidence |
|---|---|---|
| | presents research on the offensive and controversial tropes in the Bored Ape Yacht Club collection. | RIPPSCAHEN00016301-08.<br><br>**UNDISPUTED** that gordongoner.com presents fantastical theories regarding the Bored Ape Yacht Club collection. **DISPUTED** to the extent this statement implies those accusations have any merit or factual basis to them.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 801, 802: The cited testimony is inadmissible hearsay.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br><br>**Yuga Labs' Controverting Evidence**<br>ECF 54 at 1-5; Ball Decl. Ex. 35 at ROG 1; Gosma Decl. Ex. 246 at 39:11-40:21 |
| 201. | The website rrbayc.com required purchasers to click through a disclaimer explaining that RR/BAYC NFTs are part of a satirical NFT collection, that stated "you understand that this is a new mint of BAYC imagery, re-contextualizing it for educational purposes, as protest and satirical commentary." | Ripps Decl., Ex. 185.<br><br>**UNDISPUTED** that the statement depicted in the cited document was on rrbayc.com at some period in time. **DISPUTED** to the extent this statement implies it was shown to all purchasers of RR/BAYC NFTs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited document does not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 27 ¶ 25; Ex. 37 at RFA 27; Muniz Decl. Exs. 54, 55, 57-60, 62-65, 70; Gosma Decl. Ex. 186; Ex. 247 at 82:8-13, 240:5-9 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| 202. Defendants advertised the RR/BAYC disclaimer on Twitter | Ripps Decl., Exs. 203, 204, 205, 206, 207, 208, 209.<br><br>**UNDISPUTED** that the cited examples show the disclaimer as posted by Defendants on Twitter.  **DISPUTED** to the extent this statement implies the disclaimer was viewed by all, or even a majority, of those who bought RR/BAYC NFTs through Twitter or elsewhere.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 27 ¶ 25; Ex. 37 at RFA 27; Muniz Decl. Exs. 54, 55, 57-60, 62-65, 70; Gosma Decl. Ex. 186; Ex. 247 at 82:8-13, 240:5-9 |
| 203. Defendants used advertising/marketing material on Twitter that made clear that RR/BAYC NFTs were a satirical NFT collection that is critical of the Bored Ape Yacht Club. | Ripps Decl., Ex. 198, 199, 200, 201, 202.<br><br>**DISPUTED** that the tweets shown in the cited documents "made clear that RR/BAYC NFTs were a satirical NFT collection that is critical of the Bored Ape Yacht Club."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl. Exs. 198, 199, 200, 202; Muniz Decl. Exs. 53, 55, 66, 67, 69, 73, 74, 78, 79, 104 |
| 204.  The RR/BAYC Project was launched to protest and criticize Yuga Labs. | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 242 at RIPPSCAHEN00016301-08, Ex. 197 at RIPPSCAHEN00016832.<br><br>**DISPUTED** that the RR/BAYC Project was launched for this purpose.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact. |
| 205.  The RR/BAYC Project was launched to educate the public on the meaning of NFTs. | Ripps Decl. Exs. 184 at RIPPSCAHEN00021149-50, 197 at RIPPSCAHEN00016832; 242 at RIPPSCAHEN00016301-08; Gosma Decl. Ex. 247 at 136:1-10.<br><br>**DISPUTED** that the RR/BAYC Project was launched for this purpose.<br><br>**Yuga Labs' Objections to Evidence** |

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact. |
| 206.  Ryder Ripps is a well-known conceptual artist. | Ripps Decl., Ex. 141 at RIPPSCAHEN00000866.<br><br>**DISPUTED** that Ryder Ripps is a "well-known" conceptual artist.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 801, 802: The cited testimony is inadmissible hearsay.<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact. |
| 207.  The protest and criticism against Yuga Labs was closely tied to the sale of RR/BAYC NFTs. For example, Yuga's expert has testified: "Q. And so, your statement in your report that 'Defendants built their promotion of RR/BAYC NFT and Ape Market around their negative commentary about Yuga Labs.' And that includes those racist and Naziism allegations; correct? A. Yeah, I mean, I think it would." | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 197 at RIPPSCAHEN00016832; 242 at RIPPSCAHEN00016301-08.<br><br>Gosma Decl. Ex. 247 at 174:22-177:10; Gosma Decl. Ex. 253 at 72:11-16 ("Q. And so, your statement in your report that 'Defendants built their promotion of RR/BAYC NFT and Ape Market around their negative commentary about Yuga Labs.' And that includes those racist and Naziism allegations; correct? A. Yeah, I mean, I think it would.")<br><br>**UNDISPUTED** that the cited language is included in Gosma Decl. Ex. 253 at 72:11-16. **DISPUTED** as to Defendants interpretation and that the criticism against Yuga Labs was |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | closely tied to the sale of RR/BAYC NFTs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents and testimony do not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Gosma Decl. Ex. 253 at 72:11-25; Berger Decl ¶¶ 27-39 |
| 208. Twitter users made posts supporting the satirical nature of the project and criticism of Yuga Labs. | Ripps Decl., Ex. 198 at RIPPSCAHEN00016868, 202 at RIPPSCAHEN00019521.<br><br>**UNDISPUTED** that the cited documents contain images of tweets discussing RR/BAYC NFTs.  **DISPUTED** that these posts are "posts supporting the satirical nature of the project and criticism of Yuga Labs."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation.<br>• Fed. R. Evid. 901: The cited |

Fenwick & West LLP
Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| | documents do not support the purported fact. |
| 209. [Intentionally omitted] | [Intentionally omitted] |
| 210. [Intentionally omitted] | [Intentionally omitted] |
| 211. Consumers sent emails to the rrbayc ProtonMail account supporting the satirical nature of the project and criticism of Yuga Labs. | Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135.<br><br>**UNDISPUTED** that the cited documents contain images of emails discussing RR/BAYC NFTs.  **DISPUTED** that these posts are necessarily "supporting the satirical nature of the project and criticism of Yuga Labs."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 401, 402, 403: Portions of the cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited communications are inadmissible hearsay. |

| Additional Material Facts | Evidence |
|---|---|
| 212. Consumers sent emails to the rrbayc ProtonMail account that show they understood the RR/BAYC NFTs were not associated with Yuga Labs. | Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135.<br><br>**UNDISPUTED** that the cited documents contain images of emails discussing RR/BAYC NFTs.  **DISPUTED** that these posts necessarily show that customers "understood the RR/BAYC NFTs were not associated with Yuga Labs."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 401, 402, 403: Portions of the cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited communications are inadmissible hearsay. |
| 213. RR/BAYC NFTs sold on OpenSea list the creator as "ryder_ripps," do not use the BA YC Logo, include the name "RR/BAYC," and direct consumers to rrbayc.com. | Muniz Decl. Ex. 62<br><br>**UNDISPUTED** that Defendants' sold RR/BAYC NFTs on OpenSea.  **DISPUTED** that this page identified Ryder Ripps as the "creator" of the RR/BAYC NFTs, that the webpage does not show the BA YC Logo, or |

| Additional Material Facts | Evidence |
|---|---|
| | that the webpage "directs" consumers to rrbayc.com.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited document does not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Muniz Decl. Exs. 62, 69, 70 |
| 214. BAYC NFTs sold on OpenSea state the creator as "Bored Ape Yacht Club" and use the BA YC Logo. | Muniz Decl. Ex. 75<br><br>**UNDISPUTED** |
| 215. As part of the RR/BAYC Project, Defendants created modified versions of certain of Yuga's asserted marks to highlight and criticize offensive content in the alleged marks. | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50<br><br>**UNDISPUTED** that the trademarks asserted in this lawsuit refer to Yuga Labs as their source, that the logo depicted at the top of the cited document is a modified version of Yuga Labs' BORED APE YACHT CLUB BA YC Logo mark and contains an unmodified Ape Skull Logo, and that RR/BAYC and rrbayc are modified versions of Yuga Labs' BAYC mark. **DISPUTED** that these were created to "highlight and criticize offensive content in the alleged marks."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents does not support the purported fact. |
| 216. RR/BAYC NFTs originated from an Ethereum wallet address with the Contract Creator "ryder-ripps.eth." | Atalay Decl. Ex. 7.<br><br>**UNDISPUTED** that the username "*ryder-ripps.eth" is listed on Etherscan as the contract creator for the RR/BAYC smart contract on the date that the cited document was captured. |

Fenwick & West LLP<br>Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| | **DISPUTED** that this name appeared on Etherscan in the contract creator field in May and June 2022 when the majority of the RRBAYC NFTs were first sold. |
| | **Yuga Labs' Objections to Evidence** |
| | • Fed. R. Evid. 106: The purported fact is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| | **Yuga Labs' Controverting Evidence**<br>Atalay Decl. Ex. 6 |
| 217.   BAYC NFTs were never sold on Foundation alongside RR/BAYC NFTs. | Gosma Decl., Ex. 252 at 77:16-22, 77:24-78:11; Ripps Decl., Exs. 186, 187, 188, 193, 194.<br><br>**DISPUTED** to the extent it implies, without providing evidence, that no BAYC NFTs were sold on Foundation.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited documents do not support the purported fact.<br>• Fed. R. Evid. 106: The cited documents and testimony are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 802: The cited documents are inadmissible hearsay.<br>• Fed. R. Evid. 901, 902: The cited documents have not been authenticated and are not self-authenticating.  Lacks foundation. |
| 218.   RR/BAYC NFTs and BAYC NFTs | Gosma Decl., Ex. 248 at 93:24-94:9. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| are different tokens on the blockchain. | **UNDISPUTED;** however they both have Bored Ape Yacht Club as their token tracker.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: This fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 701: The cited testimony falls beyond the scope of a lay witness opinion and is inadmissible.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 219.  BAYC NFTs were minted from a contract with a different address than the RR/BAYC NFTs. | Ripps Decl., Exs. 195 at RIPPSCAHEN00020829 contrast with 196 at RIPPSCAHEN00025264.<br><br>**UNDISPUTED**; however, they both have Bored Ape Yacht Club as their token tracker. |
| 220.  The BAYC NFT collection has more NFTs minted than the RR/BAYC NFT collection. | Kindler Decl. Ex. 107 (Kindler Report) ¶ 71 (stating 9,546 RR/BAYC NFTs have been minted).<br><br>Ripps Decl., Ex. 244 at RIPPSCAHEN00016193.<br><br>**UNDISPUTED**; however, Defendants stated intent and ability was to mint the exact same number of NFTs as the BAYC NFTs. |
| 221.  Anyone with access to the public internet can differentiate the RR/BAYC NFT collection from the BAYC NFT collection using Etherscan. | Gosma Decl. Ex. 253 at 89:15-18 (("Q. So in performing your analysis, you were able to identify with a high degree of certainty which NFTs were RR/BAYC NFTs; correct? A. Yes…"). |

| Additional Material Facts | Evidence |
|---|---|
| | **DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Kindler Decl. ¶ 27; Berger Decl. ¶¶ 23, 34; Ball Decl. Ex. 27 ¶ 25; Ex. 39 at 37:25-38:17; Ex. 41 at 117:25119:11 |
| 222.  Typical NFT purchasers are familiar with blockchain technology and the tools needed to determine the provenance of NFT collections. | Ripps Decl. ¶ 3.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 701: The cited testimony falls beyond the scope of a lay witness opinion and is inadmissible.<br>• Fed. R. Evid. 801, 803:  The exhibit is hearsay for which there is no exception.<br>• Fed. R. Evid. 901: Ryder Ripps lacks any foundation to testify about "typical" NFT purchasers.<br><br>**Yuga Labs' Controverting Evidence**<br>Kindler Decl. ¶ 27; Berger Decl. ¶¶ 23, 34; Ball Decl. Ex. 27 ¶ 25; Ex. 39 at 37:25-38:17; Ex. 41 at 117:25119:11 |
| 223.  There has never been an instance in which a consumer bought an RR/BAYC NFT mistaking it for a BAYC NFT. | Gosma Decl., Ex. 254 (Yuga's R&Os to RFA 57 ("Admit that You are not aware of any specific instance where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps… Yuga Labs responds as follows: Admitted.").<br><br>**DISPUTED** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | **Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited document does not support the purported fact.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their purported fact.  In any case, lack of evidence in the record does not require the court to make an adverse inference that no such evidence exists. Defendants cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  They must provide evidence to support their arguments.  *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021)* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)). |
| 224. There has never been an instance in which a consumer bought a BAYC NFT mistaking it for an RR/BAYC NFT. | Gosma Decl., Ex. 254 (Yuga's R&Os to RFA 57 ("Admit that You are not aware of any specific instance where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps… Yuga Labs responds as follows: Admitted.").<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited document does not support the purported fact.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | evidence to support their purported fact.  In any case, lack of evidence in the record does not require the court to make an adverse inference that no such evidence exists. Defendants cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  They must provide evidence to support their arguments. *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)). |
| 225.  Twitter users' responses to a Twitter bot, GemBot at @0xGem, show that they were able to identify that the NFT was an RR/BAYC NFT not a BAYC NFT with comments such as "RRBAYC > BAYC," "Even as an RR ape. 6 eth pretty insane," "is this a RR ape [pinched fingers emoji]," "It's a RR ape," and "#RRBAYC." | Ripps Decl. Exs. 211, 212, 213, 214, 215. **DISPUTED** to the extent that this implies all Twitter users were able to distinguish RR/BAYC NFTs from BAYC NFTs. **Yuga Labs' Objections to Evidence** • Fed. R. Evid. 106: The purported fact is incomplete and misleading. **Yuga Labs' Controverting Evidence** Ripps Decl Ex 211 ("false alarm not real"); ("what?"); (👀); ("damn I could have afforded this"), etc.; Muniz Decl. Exs. 89-92 |
| 226.  Twitter user @streetoshi direct messaged Defendant Ripps stating that he was "picking fights" with Defendant Ripps as a game and stated "I thought you were enjoying it as | Ripps Decl., Ex. 218 at RIPPSCAHEN00015350. **DISPUTED** to the extent that it implies that @streetoshi reached out to Defendant Ripps first and stated that he was "picking fights" |

Fenwick & West LLP
Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| much as I was." | with Defendant Ripps.<br><br>**Yuga Labs' Objections to Evidence**<br><br>- Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>- Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>- Fed. R. Evid. 801, 802: The cited document is inadmissible hearsay.<br>- Fed. R. Evid. 901, 902: The cited document has not been authenticated and is not self-authenticating.   Lacks foundation.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl., Ex. 218 at RIPPSCAHEN00015350 |
| 227.  Twitter user @streetoshi tweeted a meme distinguishing RR/BAYC NFTs from BAYC NFTs and also posted comments stating that "now this I do agree with even thou r project is ass air" in response to Yuga fraudulently using DMCA notices to take down RR/BAYC NFTs. | Ripps Decl., Exs. 219 at RIPPSCAHEN00015351, 220 at RIPPSCAHEN00015353.<br><br>**DISPUTED** that the meme was "distinguishing RR/BAYC NFTs from BAYC NFTs" or that the comment was "in response to Yuga fraudulently using DMCA notices to take down RR/BAYC NFTs."<br><br>**Yuga Labs' Objections to Evidence**<br><br>- Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>- Fed. R. Evid. 401, 402, 403: The cited documents have no relevance to the fact, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>- Fed. R. Evid. 901: The cited |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | documents do not support the purported fact. |
| 228.  A *Bloomberg* news cast that includes a chart entitled "Top NFT Collections: Price by volume" lists as separate entries "Bored Ape Yacht Club V3" and "Bored Ape Yacht Club." | Muniz Decl. Ex. 85.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: This fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). |
| 229.  Defendants took steps in designing apemarket.com to prevent possible consumer confusion. | Ball Decl. Ex. 28.<br><br>Gosma Decl., Ex. 248 at 328:09-330:02.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited deposition testimony is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 27 ¶ 8; Atalay Decl. Exs. 5-8; Ball Decl. Ex. 40 at Hickman Ex. 64 |
| 230.  Defendants took steps in designing RR/BAYC NFTs to prevent consumer confusion. | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 185 at RIPPSCAHEN0021219.<br><br>Gosma Decl., Ex. 248 at 328:09-330:02.<br><br>**DISPUTED** |

| Additional Material Facts | Evidence |
|---|---|
| | **Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document and testimony are incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 25 ¶ 8; Ex. 27 ¶¶ 5, 8; Ex. 36 at Rog. 1; Ex. 37 at RFA 3; Ex. 39 at 106:23-107:3; Ex. 40 at 146:21-147:6, 149:16-21; Muniz Decl. Exs. 70; Atalay Decl. Exs. 5-9 |
| 231.   Yuga Labs has not pursued an action enforcing their alleged rights to the trademark "APE" against ApeSwap or their website apeswap.finance | Gosma Decl., Ex. 246 at 189:20-191:3.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited testimony is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.<br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 232.   [Intentionally omitted] | [Intentionally omitted] |
| 233.   [Intentionally omitted] | [Intentionally omitted] |
| 234.   [Intentionally omitted] | [Intentionally omitted] |
| 235.   [Intentionally omitted] | [Intentionally omitted] |

Fenwick & West LLP<br>Attorneys at Law

| Additional Material Facts | Evidence |
|---|---|
| 236.  RR/BAYC and BAYC pages on secondary markets have token displays that use different names. | Berger Decl. Ex. 106 53; Muniz Decl. Ex. 62, 75; Dkt 1 ¶ 33.<br><br>**DISPUTED** that this is true of all secondary market pages; they both have Bored Ape Yacht Club as their token tracker.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The purported fact has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Muniz Decl. Exs. 63, 75 |
| 237.  Yuga's survey expert, Laura O'Laughlin, could not identify which of her two mutually exclusive survey methodologies was appropriate for this case. | Gosma Decl., Ex. 252 at 88:1-07.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.<br>• Fed. R. Evid. 901: The cited document does not support the purported fact. One or more citations are incorrect and misleading because 88:1-07 of Ms. Laughlin's deposition is not included within Gosma Decl., Ex. 252. Exhibit 252 does not contain page 88.<br><br>**Yuga Labs' Controverting Evidence**<br>O'Laughlin Decl. ¶¶ 4-14 |
| 238.  Defendants listed Ryder Ripps as the | Atalay Decl. Ex. 7; Muniz Decl. Ex. 62; Ripps |

| Additional Material Facts | Evidence |
|---|---|
| creator of RR/BAYC NFTs. | Decl., Ex. 186.<br><br>**DISPUTED** that the name "*ryder.ripps-eth" was always displayed as the Content Creator.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The purported fact is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact.<br><br>**Yuga Labs' Controverting Evidence**<br>Atalay Decl. Ex. 6 |
| 239.  Yuga Labs titled takedown requests as "Notice Under DMCA." | Williams Decl. Ex. 4 at 21.<br><br>**UNDISPUTED** that a line contained in the takedown request, dated June 21, 2022, on page 21 of Williams Decl. Ex. 4 is "Yuga Labs, Inc. Notice Under DMCA/foundation.app."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: The purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 901: The cited documents do not support the purported fact. |
| 240.  Yuga Labs's takedown requests resulted in takedowns. | Williams Decl. Ex. 4.<br><br>**UNDISPUTED** that certain takedown requests resulted in content being taken down.<br><br>**Yuga Labs' Objections to Evidence** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 401, 402, 403: The fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). |
| 241. In making these successful takedown requests, Yuga sent an attestation to the relevant Internet Service Providers acknowledging that they were subject to liability under the DMCA's anti-fraudulent takedown section. | Willaims Decl. Ex. 4<br><br>**UNDISPUTED** that takedown notices contained in Williams Decl. Ex. 4 contain the statement "512(f) Acknowledgement: As applicable under 17 U.S.C. 512(f), we acknowledge that we may be subject to liability for damages if we knowingly materially misrepresent the material or activity is infringing." **DISPUTED** to the extent that it states that Yuga Labs sent an attestation acknowledging that they were subject to liability under the DMCA and implies that the attestation was included in more than one successful trademark takedown request.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The cited document does not support the purported fact. |
| 242. In its June 21, 2022 takedown request, Yuga Labs stated "We are contacting you as the **DMCA** agent regarding content (the Infringing Content") offered on your platform which infringes on the Trademark owned by Yuga Labs, Inc." | Williams Decl. Ex. 4 at 21-22.<br><br>**UNDISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 901: The evidence is not accurately copied into the fact. |
| 243. In its June 21, 2022 takedown request, Yuga Labs attested to a "512(f) acknowledgment" under the Copyright Act. | Williams Decl. Ex. 4 at 22.<br><br>**UNDISPUTED** that the June 21, 2022 takedown contained in Williams Decl. Ex. 4 at pages 21-23 contains the statement "512(f) Acknowledgement: As applicable under 17 |

| Additional Material Facts | Evidence |
|---|---|
| | U.S.C. 512(f), we acknowledge that we may be subject to liability for damages if we knowingly materially misrepresent the material or activity is infringing." |
| 244.  On June 21, 2022 Foundation Trust and Safety informed Yuga that it could not make a trademark takedown through the DMCA. | Williams Decl. Ex. 4 at 24.<br><br>**UNDISPUTED** that the Foundation Trust & Safety team stated that "Foundation has adopted a general policy regarding copyright in accordance with the [DMCA]" and noted that "you have made a claim against this collection regarding the trademark, which only cover the listing name and collection icon, but not the entire collection.  If you would like to proceed with a trademark claim let us know and we will provide you the requirements to complete our trademark takedown notification."  **DISPUTED** to the extent that it states that Foundation Trust and Safety informed Yuga that it could not make its trademark takedown. |
| 245.  In its June 23, 2022 takedown request to x2y2, which Yuga acknowledges was successful, Yuga Labs made a 512(f) attestation acknowledging that it is subject to liability for damages pursuant to 512(f) of the Copyright Act. | Williams Decl. Ex. 4 at 35.<br><br>**DISPUTED** that the June 23, 2022 takedown was successful.  *See* Williams Ex. 2. |
| 246.  The June 23, 2022 was made pursuant to alleged "trademark infringement." | Williams Decl. Ex. 4 at 35.<br><br>**UNDISPUTED** that the June 23, 2022 takedown contained in Williams Decl. Ex. 4 at pages 34-36 is based on infringement of "Trademarks owned by Yuga Labs, Inc." |
| 247.  The June 21, 2022 takedown from OpenSea includes a section on the form which asks for "Copyrighted works link(s)." | Williams Decl. Ex. 4 at 19.<br><br>**UNDISPUTED** |
| 248.  Yuga Labs did not assert any copyrights in the June 21, 2022 Opensea takedown request despite | Williams Decl. Ex. 4 at 19. |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| using the copyright takedown process. | **UNDISPUTED** that Yuga Labs did not assert any copyrights in the June 21, 2022 OpenSea takedown request.  **DISPUTED** to the extent that it asserts that Yuga Labs used the copyright takedown process in its June 21, 2022 OpenSea takedown request. |
| 249.  Yuga Labs approved the takedown requests through its agent Appdetex. | Gosma Decl., Ex. 245 at 87:13-24.<br><br>**UNDISPUTED** that Yuga Labs granted Appdetex, a vendor for Yuga Labs, the authority to enforce Yuga Labs' intellectual property rights. |
| 250.  The June 23, 2022 successful takedown request came after Foundation explained to Yuga that the DMCA only applied to copyright. | Williams Decl. Ex. 4.<br><br>**DISPUTED** that the June 23, 2022 takedown request was successful (*see* Williams Ex. 2) and that such document establishes that the "takedown request came after Foundation explained to Yuga that the DMCA only applied to copyright." |
| 251.  Snoop Dogg (Calvin Broadus) owns a stake in Yuga Labs. | Ripps Decl., Ex. 149 at RIPPSCAHEN00020226.<br><br>**UNDISPUTED** that Snoop Dog (Calvin Broadus) is an investor in Yuga Labs.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 803:  The exhibit is hearsay for which there is no exception.<br>• Fed. R. Evid. 901, 902: The cited |

| Additional Material Facts | Evidence |
|---|---|
| | document has not been authenticated and is not self-authenticating.<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact.  One or more citations are incorrect and misleading because RIPPSCAHEN00020226 is not included in Ripps Decl., Ex. 149. |
| 252. Snoop Dogg (Calvin Broadus) has never disclosed his investment positions in Yuga while promoting Yuga's products. | Muniz Decl. Ex. 52.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.<br>• Fed. R. Evid. 401, 402, 403: The purported fact has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited document does not support the asserted statement.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 43; Muniz Decl. ¶¶ 10, 11, Ex. 52 |
| 253. ███████████████████████ | Gosma Decl. Ex. 249 at 83:2-85:5, 102:18-103:8.<br><br>**DISPUTED**<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim. <br> • Fed. R. Evid. 401, 402, 403: The purported fact has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. <br> • Fed. R. Evid. 901: The cited documents does not support the asserted statement. <br><br> **Yuga Labs' Controverting Evidence** <br> Ball Decl. Ex. 43; Muniz Decl. ¶¶ 10, 11, Ex. 52 |
| 254.  Snoop Dogg (Calvin Broadus) publicly bought a Bored Ape Yacht Club NFT and promoted his ownership in a Tweet. | Ripps Decl., Ex. 239 at RIPPSCAHEN00025331. <br><br> **UNDISPUTED** that the Snoop Dogg Twitter account posted a tweet containing images of BAYC NFTs.  **DISPUTED** that the tweet contained in RIPPSCAHEN00025331 establishes that Snoop Dogg purchased a Bored Ape Yacht Club NFT and promoted that ownership. <br><br> **Yuga Labs' Objections to Evidence** <br><br> • Fed. R. Evid. 106: The cited documents are incomplete and misleading. <br> • Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim. <br> • Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. |
| 255.  There is a securities fraud class actions lawsuit pending against Yuga based in part on celebrities' (including | Ripps Decl., Ex. 109. |

| Additional Material Facts | Evidence |
|---|---|
| Snoop Dogs) failure to disclose his financial incentives in promoting the Bored Ape Yacht Club in violation of 16 CFR 255.5. | **DISPUTED** including because the Class Action Complaint does not cite "16 CFR 255.5."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.<br>• Fed. R. Evid. 401, 402, 403: The cited document and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 801, 803:  The exhibit is hearsay for which there is no exception.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted statement.  One or more citations are incorrect and misleading because Ripps Decl. Ex. 9 does not reference the alleged filing.<br>• Exhibit 109 to the Ripps Declaration contains Yuga Labs' Trademark Application No. 97106855, not a Class Action Complaint.<br><br>**Yuga Labs' Controverting Evidence**<br>Ripps Decl., Ex. 109 |
| 256. Yuga's asserted marks obtained customer recognition as a result of celebrity endorsements. | Dkt. 1 ¶ 19<br><br>**UNDISPUTED** that Yuga Labs' BAYC Marks obtained customer recognition.  **DISPUTED** to the extent that Yuga Labs' BAYC Marks obtained customer recognition as a result of celebrity endorsements.<br><br>**Yuga Labs' Objections to Evidence** |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 106: The cited document is incomplete and misleading. <br> • Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim. <br> • Fed. R. Evid. 401, 402, 403: The purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). <br> • Fed. R. Evid. 801, 803: The exhibit is hearsay for which there is no exception. <br> • Fed. R. Evid. 901: The cited document does not support the asserted statement. One or more citations are incorrect and misleading because the cited paragraph of the Complaint does not "customer recognition as a result of celebrity endorsements." <br><br> **Yuga Labs' Controverting Evidence** <br> Berger Decl. ¶¶ 13-17; Ex. 106 at ¶¶ 38-46; Muniz Decl. ¶ 10; Solano Decl. Exs. 19, 22-24 |
| 257. Yuga made dozens of such takedown requests where they signed an attestation acknowledging liability under the DMCA's anti-fraudulent takedown provision. Most of these takedowns were unsuccessful. | See Williams Decl. Ex. 2. <br><br> **DISPUTED** that "dozens" of Yuga Labs' takedown requests contained an "attestation acknowledging liability under the DMCA's anti-fraudulent takedown provision." <br> **UNDISPUTED** that Yuga Labs sent 25 takedown notices regarding Defendants' RR/BAYC NFT collection alleging trademark infringement and that only three of those takedown notices resulted in the removal of Defendants' RR/BAYC NFT collection page. <br><br> **Yuga Labs' Objections to Evidence** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | • Fed. R. Evid. 401, 402, 403: The purported fact does not support any factual assertion in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact. |
| 258. Yuga Labs' counsel email with x2y2 was on June 25, 2022 and after Foundation warned them that the DMCA was inapplicable. | Ball Decl. Ex. 31 at YugaLabs_000029726.<br><br>**UNDISPUTED** that the email from Yuga Labs' counsel to x2y2.io bearing bates number YugaLabs_00029726 is dated June 25, 2022. **DISPUTED** that such email establishes that "Foundation warned them that the DMCA was inapplicable."<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their purported fact.<br>• Fed. R. Evid. 401, 402, 403: The purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact.<br>• Fed. R. Evid. 1002: The document is the best evidence of what was written. |
| 259. In that email, Yuga Labs' counsel raises the spectre of safe harbor defenses even while disclaiming the DMCA. | BALL Decl. Ex. 31 at YugaLabs_0000292726.<br><br>**UNDISPUTED** that, in the June 25, 2022 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| | email from Yuga Labs' counsel to x2y2.io, Yuga Labs' counsel states, in part, that "The Digital Millennium Copyright Act, 17 U.S.C. §512 ("DMCA"), provides no legal justification for reinstatement of Ripps' collections.  The DMCA applies only to takedown notices based on copyright infringement. Yuga Labs' request for removal of Ripps' collections is based on infringement of its trademarks, including BORED APE YACHT CLUB, BAYC, BORED APE KENNEL CLUB, BAKC, MUTANT APE YACHT CLUB, MAYC, OTHERSIDE, and the Ape Skull Logo, and the resulting consumer confusion and deception."  Yuga Labs' counsel further states that, "Of course, even if the DMCA applied, it would offer no protection to x2y2." **DISPUTED** to the extent that Defendants mischaracterize the contents of the email by stating that Yuga Labs' counsel "raises the spectre of safe harbor defenses." <br><br>**Yuga Labs' Objections to Evidence** <br><br>• Fed. R. Evid. 401, 402, 403: The purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  *Cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). <br>• Fed. R. Evid. 901: The cited document does not support the asserted fact. <br>• Fed. R. Evid. 1002:  The document is the best evidence of what was written. |
| 260.  Yuga has a history of claiming logos does it does not actually own. For example, the skull logo for the Bored Ape Kennel Club was taken from a drawing book without first obtaining permission for a license to use the | Ripps Decl., Exs. 210 at RIPPSCAHEN 00025209, 227 at RIPPSCAHEN00017539. <br><br>**DISPUTED** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
| wolf skull drawing. | **Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: Defendants cite no admissible evidence to support their claim.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted fact. |
| 261.  Yuga has refused to identify the third party that designed the asserted marks. | Gosma Decl., Ex. 250 at 62:18-66:3; Ex. 246 at 69:16-70:3; Ex. 245 at 39:25-40:15.<br><br>**UNDISPUTED** that Yuga Labs has not identified the third party designer who assisted in the design of the BORED APE YACHT CLUB BA YC and Ape Skull Logos, consistent with the Court's order that it was not required to disclose the person's identity. **DISPUTED** that the third party designer designed all of the asserted marks.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited documents are incomplete and misleading.<br>• Fed. R. Evid. 401, 402, 403: The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.<br>• Fed. R. Evid. 901: The cited documents do not support the asserted |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Additional Material Facts | Evidence |
|---|---|
|  | statement.  One or more citations are incorrect and misleading.<br>• Defendants failed to include pages 39 and 40 of Exhibit 245.<br><br>**Yuga Labs' Controverting Evidence**<br>Ball Decl. Ex. 35 at Rog 1; Ex. 41 at 66:17-68:11; Solano Decl. ¶ 2 |
| 262.  Yuga's survey expert, Laura O'Laughlin, coded consumers as confused if they copied the text "BORED APE YACHT CLUB" from the survey stimulus into their response to survey questions. | O'Laughlin Decl. Ex. 105 ¶ 47 & p.241<br><br>**DISPUTED** to the extent that Defendants mischaracterize Laura O'Laughlin's expert report by stating that a consumer who enters "BORED APE YACHT CLUB" into their response "copied the text "from the survey stimulus."  **UNDISPUTED** to the extent that, in the Foundation Eveready Survey discussed in Laura O'Laughlin's expert report, respondents who entered "BORED APE YACHT CLUB" (including "BAYC," "Bored Ape," "Yuga Labs," "Mutant Ape Yacht Club," etc.) in response to Q4/Q8 were considered confused.<br><br>**Yuga Labs' Objections to Evidence**<br><br>• Fed. R. Evid. 106: The cited document is incomplete and misleading.<br>• Fed. R. Evid. 901: The cited document does not support the asserted fact.  One or more citations are incorrect and misleading because the O'Laughlin Declaration does not contain Exhibit 105.<br><br>**Yuga Labs' Controverting Evidence**<br>O'Laughlin Decl. Ex. 105 ¶¶ 42-52 |

Fenwick & West LLP
Attorneys at Law

1    Dated:  April 3, 2023                    FENWICK & WEST LLP

2

3                                             By:  /s/ Eric Ball

4                                                  Eric Ball

5                                             Attorneys for Plaintiff and
                                              Counterclaim Defendant
6                                             YUGA LABS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28