ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff and
Counterclaim Defendant
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants and Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **PLAINTIFF YUGA LABS, INC.'S MEMORANDUM OF EVIDENTIARY OBJECTIONS** <br><br> Date:      April 17, 2023 <br> Time:      1:30 p.m. <br> Courtroom: 7A <br> Judge:     Honorable John F. Walter <br><br> Trial Date: June 27, 2023 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA  90401
   Telephone:  310.434.4300
4
5  DAVID Y. SILLERS (*admitted pro hac vice*)
   david@clarelocke.com
6  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
7  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA  22314
   Telephone:  202.628.7400
10
11 Attorneys for Plaintiff and
   Counterclaim Defendant
12 YUGA LABS, INC.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFF'S MEMORANDUM OF EVIDENTIARY                    Case No. 2:22-cv-04355-JFW-JEM
OBJECTIONS

1

## TABLE OF CONTENTS

2

**Page**

3

I.    INTRODUCTION AND GENERAL OBJECTIONS .................................... II

4

II.    SPECIFIC OBJECTIONS ................................................................. 3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Are-east River Science Park, LLC v. Lexington Insurance Company*,
  2014 WL 12587051 (C.D. Cal. March 27, 2014) .................................................. 2

*Beyene v. Coleman Sec. Services, Inc.*,
  854 F.2d 1179 (9th Cir. 1988) .............................................................................. 1

*Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*,
  818 F.2d 1466 (9th Cir. 1987) ........................................................... 41, 49, 52, 84

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ......................................................................... 41, 49, 52, 84

*Harlow v. Chaffey Community College District*,
  2021 WL 2384702 (C.D. Cal. March 15, 2021) .................................................. 2

*Hermes Int'l v. Rothschild*,
  No. 22-CV-384 (JSR), 2023 WL 1458126 (S.D.N.Y. Feb. 2, 2023).........*passim*

*In re Herbalife, Ltd. Sec. Litig.*,
  2015 WL 12732428 (C.D. Cal. Mar. 27, 2015) .................................................. 61

*International Unions, Security Police and Fire Professionals of
  America v. Maritas*, No. 2:19-cv-10743,
  2023 WL 2726030 (E.D. Mich. Mar. 30, 2023)................................................. 35

*Klamath Water Users Protective Ass'n v. Patterson*,
  204 F.3d 1206 (9th Cir. 1999) ..................................................................... 43, 44

*Loos v. Immersion Corp.*,
  762 F.3d 880 (9th Cir. 2014) .............................................................................. 61

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ......................................................................... 41, 49, 52, 84

*Mendel v. Southern Mono Healthcare District*,
  2022 WL 4237724 (E.D. Cal. Sept. 14, 2022) .................................................... 2

*MGA Entertainment v. Harris et al.*,
  No. 2:20-cv-11548-JVS-AGR (C.D. Cal. Jan. 25, 2023) ............................ 72, 74

*Mission Fitness Center, LLC v. Newsom*,
  2021 WL 1856552 (C.D. Cal. May 10, 2021)...................................................... 2

*Neo4j, Inc. v. PureThink, LLC*,
  480 F. Supp. 3d 1071 (N.D. Cal. Aug. 20, 2020).................................. 46, 47, 48

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*,
  No. 219CV04755ODWEX, 2021 WL 3511200
  (C.D. Cal. Aug. 10, 2021) ...............................................................*passim*

*Paddock v. Dreamworks Animation SKG, Inc.*,
  2015 WL 12711653 (C.D. Cal. Apr. 1, 2015).................................. 61

*Rosebrock v. Beiter*,
  2011 WL 13214270 (C.D. Cal. May 26, 2011)................................... 2

*S. California Darts Ass'n v. Zaffina*,
  762 F.3d 921 (9th Cir. 2014) ..........................................................*passim*

*Twelve Inches Around Corp v. Cisco Systems Inc.*,
  No. 08 Civ. 6896(WHP), 2009 WL 928077
  (S.D.N.Y. March 12, 2009) ............................................................ 35

**STATUTES AND RULES**

17 U.S.C. 512(c)(3)(A) ......................................................................... 34

17 U.S.C. 512(c)(3)(A)(ii) .................................................................... 34

Fed. R. Civ. P. 26................................................................................25, 76

Fed. R. Civ. P. 37...................................................................................... 25

Fed. R. Evid. 101 ....................................................................................... 2

Fed. R. Evid. 106 ..............................................................................*passim*

Fed. R. Evid. 401 ..............................................................................*passim*

Fed. R. Evid. 402 ..............................................................................*passim*

Fed. R. Evid. 403 ..............................................................................*passim*

Fed. R. Evid. 701 ..............................................................................*passim*

Fed. R. Evid. 702 ................................................................................25, 75

Fed. R. Evid. 801 ..............................................................................*passim*

Fed. R. Evid. 801(d)(2)......................................................................22, 23

Fed. R. Evid. 801 (d)(2)(C) ...............................................................23, 25

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

Fed. R. Evid. 802 ................................................................................................ 7, 6

Fed. R. Evid. 803 ....................................................................................... 76, 81, 83

Fed. R. Evid. 804 ..................................................................................................... 2

Fed. R. Evid. 901 ............................................................................................. *passim*

Fed. R. Evid. 902 ............................................................................................. *passim*

Fed. R. Evid. 1002 ....................................................................................... 51, 53, 85

Fed. R. Evid. 1101 ................................................................................................... 2

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I.   INTRODUCTION AND GENERAL OBJECTIONS

Pursuant to Paragraph 4(c) of the Scheduling Order (ECF 57), Plaintiff Yuga Labs, Inc. makes the following objections to certain evidence submitted by Defendants Ryder Ripps and Jeremy Cahen in Opposition to Yuga Labs' Motion for Summary Judgment.

Defendants' Opposition brief and Statement of Genuine Disputes of Material Fact ("SOF") purport to rely on reams of objectionable evidence in an attempt to manufacture feeble "disputes" over the facts at issue in Yuga Labs' Motion for Summary Judgment.[1]  To illustrate this point, much of the evidence included in Defendants' SOF is ***not even cited*** in their Opposition brief, and many of the exhibits attached to their declarations ***are not cited*** in the SOF.  These are violations of the Court's Scheduling and Case Management Order and the Local Rules.  *See* ECF 57 at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF); L.R. 56-2 (requiring parties opposing motions for summary judgment to submit a "concise" Statement of Genuine Disputes setting forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.").  Defendants' repeated violations of this Court's orders continues to needlessly increase the cost of this lawsuit.  Defendants' overinclusion of evidence they do not cite to or rely on also demonstrates that their Opposition is nothing more than an attempt to hide the fact that there is no material dispute as to the facts necessary to enter summary judgment in Yuga Labs' favor.  Indeed, in response to Yuga Labs' facts, although Defendants often contend the fact is "controverted" they ***cite no evidence*** from their reams of exhibits that supposedly controvert the fact.  That is because Yuga Labs' facts are uncontroverted.

The Federal Rules of Evidence apply to evidence submitted to the Court on motion practice.  *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-1182

---

[1] Yuga Labs reserves the right to seek sanctions for "unwarranted factual denials" pursuant to the Court's Scheduling Order (ECF 57) at 11.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   (9th Cir. 1988); *Mission Fitness Center, LLC v. Newsom*, 2021 WL 1856552, at *5

2   (C.D. Cal. May 10, 2021); *Harlow v. Chaffey Community College District*, 2021

3   WL 2384702, at *7 (C.D. Cal. March 15, 2021); *see also* Fed. R. Evid. 101 (Rules

4   of Evidence apply to all proceedings in the courts of the United States); Fed. R.

5   Evid. 1101 (listing exceptions to Rule 101).  Such evidence must be complete, as

6   well as relevant to the claims and defenses of the case.  Fed. R. Evid. 106; 401;

7   403; *Rosebrock v. Beiter*, 2011 WL 13214270, at *1 (C.D. Cal. May 26, 2011);

8   *Are-east River Science Park, LLC v. Lexington Insurance Company*, 2014 WL

9   12587051, at *3 (C.D. Cal. March 27, 2014); *Mendel v. Southern Mono Healthcare*

10  *District*, 2022 WL 4237724, at *4 (E.D. Cal. Sept. 14, 2022).

11          Testimonial evidence from a lay witness must be rationally based on the

12  witness's perception, helpful to clearly understanding the witness's testimony or to

13  determining a fact in issue, and not based on scientific technical, or other

14  specialized knowledge.  Fed. R. Evid. 701.  Hearsay evidence is inadmissible

15  unless it has been defined as non-hearsay or the proponent establishes eligibility for

16  one or more exceptions under the Rules.  Fed. R. Evid. 801-804.  Documentary

17  evidence must be properly authenticated and support a finding that the item is what

18  the proponent claims it is.  Fed. R. Evid. 901.  The declarations and accompanying

19  exhibits filed by Defendants in Opposition to Yuga Labs' Motion for Summary

20  Judgment introduce vast amounts of inadmissible evidence.

21          As summarized below, Defendants' evidence relies on incomplete evidence

22  and misleading citations.  Much of their evidence is unrelated to the material issues

23  raised by Yuga Labs' motion, have no probative value, and instead were merely

24  submitted to harass and distract.  Defendants' deposition testimony is often outside

25  the scope of a lay witness, which fails to compensate for the fact that Defendants

26  did not submit any expert testimony in this case.  Other documents submitted by

27  Defendants are inadmissible hearsay or not properly authenticated.  Many of

28  Defendants' citations do not even contain evidence speaking to the "facts" they

FENWICK & WEST LLP
ATTORNEYS AT LAW

purportedly support.  This is exacerbated by numerous citation errors, misquoting, and unintelligible statements throughout the SOF.  And Defendants' SOF is replete with evidentiary argument, despite the Court's request that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).  Yuga Labs respectfully requests that the Court sustain the objections set forth below, strike the exhibits from the record, and disregard the objectionable facts within Defendants' SOF in its determination of Yuga Labs' Motion for Summary Judgment.

## II.     SPECIFIC OBJECTIONS [2]

Combined Statement of Facts Paragraph 1:

Objection to Defendants' citation to Gosma Dec. Ex. 245 at 68:22-70:4, 71:2-73:3 on the grounds the cited testimony is incomplete and misleading. Fed. R. Evid. 106.

In Defendants' Statement of Genuine Disputes of Material Fact, Defendants state: "Incorrect. Third parties were involved in the creation of traits for artwork for BAYC NFTs. The artwork itself was programmatically generated." This is a violation of the Court's Order that "**No argument should be set forth in this document**." Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection that Gosma Dec. Ex. 245 at 68:22-70:4, 71:2-73:3, Depo. Ex. 223 do not controvert the asserted fact that "Yuga Labs created the Bored Ape Yacht Club ("BAYC") NFT collection."  Fed. R. Evid. 901.  In Gosma Dec. Ex. 245 at 68:22- 69:23, Ms. Muniz discusses how Yuga Labs hired a "group of designers"

---

[2]  The paragraph numbering herein is based on the numbering set forth in Defendants' Statement of Genuine Disputes of Material Fact (ECF 163-1). Defendants' document included a typo that caused the numbering to deviate from the numbering from Yuga Labs' Statement of Facts.  Specifically, on page 82, Defendants included "II." instead of "111.", causing the paragraph numbers following it to be one lower than they would have otherwise been.

FENWICK & WEST LLP
ATTORNEYS AT LAW

and an artist to help Yuga Labs' creative directors design the images underlying the BAYC NFTs. Yuga Labs' use of designers and computer programs to create the images underlying the BAYC NFTs does not controvert that Yuga Labs created the actual BAYC NFTs. Moreover, their assistance was within the scope of Yuga Labs' agency, and their involvement does not undermine the fact that Yuga Labs created these images.

Combined Statement of Facts Paragraph 2:

In Defendants' Statement of Genuine Disputes of Material Fact, they state: "Incorrect. More than 10,000 NFTs purporting to be BAYC NFTs exist." This is a violation of the Court's Order that "**No argument should be set forth in this document**." Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Dec. Gosma Decl. Ex. 246 at 169:18- 176:4, 191:10-202:6, 203:21-206:9 and Gosma Decl. Ex. 245 at Dep. 156:12-161:8, 163:16-165:25 on the grounds the cited testimony is incomplete and misleading. Fed. R. Evid. 106.

Gosma Decl. Ex. 246 at 169:18-176:4, 191:10-202:6, 203:21-206:9, Depo. Exs. 281, 282, 288, 289, 290, 291, 293 and Gosma Decl. Ex. 245 at Dep. 156:12-161:8, 163:16-165:25, Depo Exs. 234, 235, 236 do not controvert the asserted fact that "Only 10,000 BAYC NFTs exist." Fed. R. Evid. 901. Whether or not these other NFTs are "purporting to be BAYC NFTs," they are nonetheless not part of the collection of 10,000 BAYC NFTs.

Gosma Decl. Ex. 246 at 169:18-176:4, 191:10-202:6, 203:21-206:9, Depo. Exs. 281, 282, 288, 289, 290, 291, 293 and Gosma Decl. Ex. 245 at Dep. 156:12-161:8, 163:16-165:25, Depo Exs. 234, 235, 236 are irrelevant, and any probative value of these documents is substantially outweighed by a danger of unfair prejudice and confusing the issues. FRE 401, 402, 403. To the extent that

Fenwick & West LLP
Attorneys at Law

Defendants seek to use these exhibits to argue that more than 10,000 BAYC NFTs exist, the fact that other NFTs may purport to be BAYC NFTs is irrelevant to whether they are part of the authentic collection of 10,000 BAYC NFTs.

Combined Statement of Facts Paragraph 3:

In Defendants' Statement of Genuine Disputes of Material Fact, they state: "Incorrect. Defining "BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo" as "Marks" implies that they are valid trademarks, which is incorrect." This is a violation of the Court's Order that "**No argument should be set forth in this document**." Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citations to Gosma Decl. Ex. 245 at 131:5-17; Gosma Decl. Ex. 245 at 144:19-145:23; Ripps Decl. Ex. 238 on the grounds the cited testimony and video are incomplete and misleading. Fed. R. Evid. 106.

Solano Decl. Ex. 12 at YUGALABS 00030224; Gosma Decl. Ex. 245 at Depo. Ex. 230; Gosma Decl. Ex. 245 at 131:5-17; Gosma Decl. Ex. 245 at Depo. Exs. 232, 233; Gosma Decl. Ex. 245 at 144:19-145:23; and Ripps Decl. Ex. 238 do not controvert the asserted fact that "Yuga Labs first publicly used the BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo mark (the "BAYC Marks") at least as early as April 17, 2021." Fed. R. Evid. 901.  Defendants do not deny that April 17, 2021 was Yuga Labs' first date of use for the BAYC Marks, and the cited evidence does not controvert this fact.  Defendants' citation of these documents is an attempt to argue that the BAYC Marks are incorrectly described as trademarks, but this argument is unavailing because BAYC NFT holders are granted a *copyright* license to use their BAYC Ape Image, not a *trademark* license to use the BAYC Marks independently.  Accordingly, Yuga Labs retains its trademark rights

FENWICK & WEST LLP
ATTORNEYS AT LAW

in the asserted BAYC Marks based on its widespread and continuous use since April 2021.

Gosma Decl. Ex. 245 at Depo. Ex. 230; Gosma Decl. Ex. 245 at 131:5-17; Gosma Decl. Ex. 245 at Depo. Exs. 232, 233; Gosma Decl. Ex. 245 at 144:19-145:23; and Ripps Decl. Ex. 238 are irrelevant, and any probative value of these exhibits is substantially outweighed by a danger of unfair prejudice and confusing the issues. FRE 401, 402, 403.  There is no evidence to suggest that Yuga Labs gave away or licensed its trademarks to BAYC holders.

<u>Combined Statement of Facts Paragraph 4</u>:

In Defendants' Statement of Genuine Disputes of Material Fact, they state: "Incorrect. Yuga Labs does not own the copyrights in the images for the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs. b) Evid. Obj. Ground-Ball Decl. Exhibit 35 is Hearsay.  Fed. R. Evid. 801, 802." This is a violation of the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citations to Gosma Decl. Ex. 245 at 131:5-17; Gosma Decl. Ex. 245 at 71:2-73:3; Gosma Decl. Ex. 245 at 144:19-145:23; Ripps Decl. Ex. 238 on the grounds the cited testimony and video are incomplete and misleading. Fed. R. Evid. 106.

Solano Decl. Ex. 12 at YUGALABS 00030224; Gosma Decl. Ex. 245 at Depo. Ex. 230; Gosma Decl. Ex. 245 at 131:5-17; Gosma Decl. Ex. 245 at Depo. Exs. 232, 233; Gosma Decl. Ex. 245 at 144:19-145:23; and Ripps Decl. Ex. 238 do not controvert the asserted fact that "Yuga Labs hired a third-party designer, who designed the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs. Yuga Labs owns the copyrights in those images." Fed. R. Evid. 901.  Defendants do not deny that Yuga Labs hired a third-party

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  designer to design these marks and logos.  Defendants' citation of these documents

2  is an attempt to argue that Yuga Labs does not own the copyrights in the BAYC

3  Ape Images, but this argument is irrelevant to the issues in dispute (it is also false).

4  Fed. R. Evid. 401, 402, 403.

5

6  Combined Statement of Facts Paragraph 5:

7       In Defendants' Statement of Genuine Disputes of Material Fact, they state:

8  "The USPTO has rejected that Yuga has used the BAYC Marks in commerce with

9  BAYC NFTs."  This is a violation of the Court's Order that "**No argument should**

10  **be set forth in this document.**" Scheduling and Case Management Order (ECF 57)

11  at 11 (emphasis in original).

12       Ripps Decl., Exs. 109 at 5-6; 111 at RIPPSCAHEN00023152-53; 112 at

13  RIPPSCAHEN00023249-50; 113 at RIPPSCAHEN00023364-65; 114 at

14  RIPPSCAHEN00023449-50; 115 at RIPPSCAHEN00023570-72; 116 at

15  RIPPSCAHEN00024188-89; 117 at RIPPSCAHEN00024317-18; and 118 at

16  RIPPSCAHEN00024429-30; 119 at RIPPSCAHEN00024554-55 do not controvert

17  the asserted fact that "Yuga Labs has used the BAYC Marks to promote and sell the

18  BAYC NFTs on its website, on NFT marketplaces, and on social media platforms."

19  Fed. R. Evid. 901.  The cited documents consist of trademark application filings,

20  and Defendants specifically cite to sections where the USPTO found that Yuga

21  Labs had submitted "unacceptable specimens" for the BAYC Marks.  Yuga Labs

22  has since revised its applications for these marks.  The USPTO finding Yuga Labs'

23  initial specimens to be "unacceptable" does not constitute a "rejection that Yuga

24  has used the BAYC Marks in commerce with BAYC NFTs."  Fed. R. Evid. 801,

25  802, 901.  And in any event, the findings of the USPTO on the validity of

26  specimens do not control whether or not Yuga Labs has used the BAYC Marks to

27  promote and sell the BAYC NFTs.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 6:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Gosma Decl. Ex. 245 at Depo. Ex. 227 as not relevant to this motion.  Fed. R. Evid. 401, 402, 403.

Objection to Gosma Decl. Ex. 245 "at 46-51" and "Ex 46" as no such pages or exhibits are included in Exhibit 245 to the Gosma declaration.  Fed. R. Evid. 106, 901.

Objection to Ripps Decl., Ex. 120 on the grounds the citation to RIPPSCAHEN00021340 is incorrect and misleading.  Fed. R. Evid. 106, 901.  No such page number exists in the document.  The USPTO document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the underlying digital items represented by the NFT" for compliance.  Yuga Labs has not alleged that the "NFT" at issue in this case is merely the "units of data stored on a blockchain."  Rather, there is no dispute in this case that the digital artworks associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT" in this litigation to refer both to the token *and* the digital art sold with it because that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A trademark "should be understood to refer to both the NFT and the digital image with which it is associated."  *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

Combined Statement of Facts Paragraph 7:

2

In their response to this fact, Defendants violate the Court's Order that "**No**

3

**argument should be set forth in this document.**" Scheduling and Case

4

Management Order (ECF 57) at 11 (emphasis in original).

5

Defendants' exhibits do not controvert this fact; they prove it.  Fed. R. Evid.

6

901.

7

8

Combined Statement of Facts Paragraph 8:

9

In their response to this fact, Defendants violate the Court's Order that "**No**

10

**argument should be set forth in this document.**" Scheduling and Case

11

Management Order (ECF 57) at 11 (emphasis in original).

12

Objection to Ripps Decl., Ex. 120 on the grounds the citation to

13

RIPPSCAHEN00021340 is incorrect and misleading.  Fed. R. Evid. 106, 901.  No

14

such page number exists in the document.  The USPTO document has no relevance

15

to the case, and any probative value is substantially outweighed by a danger of

16

unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The

17

USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the

18

underlying digital items represented by the NFT" for compliance.  Yuga Labs has

19

not alleged that the "NFT" at issue in this case is merely the "units of data stored on

20

a blockchain."  Rather, there is no dispute in this case that the digital artworks

21

associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT"

22

in this litigation to refer both to the token *and* the digital art sold with it because

23

that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga

24

Labs created, and developed the smart contract behind, the Bored Ape Yacht Club

25

(a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each**

26

**an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A

27

trademark "should be understood to refer to both the NFT and the digital image

28

with which it is associated." *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR),

1    [2023 WL 1458126, at \*6 (S.D.N.Y. Feb. 2, 2023)](.).

2

3    <u>Combined Statement of Facts Paragraph 9</u>:

4            In their response to this fact, Defendants violate the Court's Order that "**No**

5    **argument should be set forth in this document.**" Scheduling and Case

6    Management Order (ECF 57) at 11 (emphasis in original).

7            Objection to Ripps Decl., Ex. 120 on the grounds the citation to

8    RIPPSCAHEN00021340 is incorrect and misleading.  Fed. R. Evid. 106, 901.  No

9    such page number exists in the document.  The USPTO document has no relevance

10   to the case, and any probative value is substantially outweighed by a danger of

11   unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The

12   USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the

13   underlying digital items represented by the NFT" for compliance.  Yuga Labs has

14   not alleged that the "NFT" at issue in this case is merely the "units of data stored on

15   a blockchain."  Rather, there is no dispute in this case that the digital artworks

16   associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT"

17   in this litigation to refer both to the token *and* the digital art sold with it because

18   that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga

19   Labs created, and developed the smart contract behind, the Bored Ape Yacht Club

20   (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each**

21   **an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A

22   trademark "should be understood to refer to both the NFT and the digital image

23   with which it is associated."  [*Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR),](.)

24   [2023 WL 1458126, at \*6 (S.D.N.Y. Feb. 2, 2023)](.).

25

26   <u>Combined Statement of Facts Paragraph 10</u>:

27           In their response to this fact, Defendants violate the Court's Order that "**No**

28   **argument should be set forth in this document.**" Scheduling and Case

Management Order (ECF 57) at 11 (emphasis in original).

Objection to Ripps Decl., Ex. 120 on the grounds the citation to RIPPSCAHEN00021340 is incorrect and misleading. Fed. R. Evid. 106, 901. No such page number exists in the document. The USPTO document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403. The USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the underlying digital items represented by the NFT" for compliance. Yuga Labs has not alleged that the "NFT" at issue in this case is merely the "units of data stored on a blockchain." Rather, there is no dispute in this case that the digital artworks associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT" in this litigation to refer both to the token *and* the digital art sold with it because that is what a reasonable consumer of NFTs is purchasing. *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each an NFT)** when executed on the Ethereum blockchain.") (emphasis added). A trademark "should be understood to refer to both the NFT and the digital image with which it is associated." *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).

Combined Statement of Facts Paragraph 11:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Ripps Decl., Ex. 120 on the grounds the citation to RIPPSCAHEN00021340 is incorrect and misleading. Fed. R. Evid. 106, 901. No such page number exists in the document. The USPTO document has no relevance to the case, and any probative value is substantially outweighed by a danger of

unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the underlying digital items represented by the NFT" for compliance.  Yuga Labs has not alleged that the "NFT" at issue in this case is merely the "units of data stored on a blockchain."  Rather, there is no dispute in this case that the digital artworks associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT" in this litigation to refer both to the token *and* the digital art sold with it because that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A trademark "should be understood to refer to both the NFT and the digital image with which it is associated." *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).

<u>Combined Statement of Facts Paragraph 12</u>:

        In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

        Objection to Ripps Decl., Ex. 120 on the grounds the citation to RIPPSCAHEN00021340 is incorrect and misleading.  Fed. R. Evid. 106, 901. No such page number exists in the document.  The USPTO document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the underlying digital items represented by the NFT" for compliance.  Yuga Labs has not alleged that the "NFT" at issue in this case is merely the "units of data stored on a blockchain."  Rather, there is no dispute in this case that the digital artworks

associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT" in this litigation to refer both to the token *and* the digital art sold with it because that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A trademark "should be understood to refer to both the NFT and the digital image with which it is associated."  *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).

Combined Statement of Facts Paragraph 13:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Ripps Decl., Ex. 120 on the grounds the citation to RIPPSCAHEN00021340 is incorrect and misleading.  Fed. R. Evid. 106, 901.  No such page number exists in the document.  The USPTO document has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the underlying digital items represented by the NFT" for compliance.  Yuga Labs has not alleged that the "NFT" at issue in this case is merely the "units of data stored on a blockchain."  Rather, there is no dispute in this case that the digital artworks associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT" in this litigation to refer both to the token *and* the digital art sold with it because that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each**

FENWICK & WEST LLP
ATTORNEYS AT LAW

**an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A trademark "should be understood to refer to both the NFT and the digital image with which it is associated." *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).

Combined Statement of Facts Paragraph 14:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 15:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 16:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 17:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 18:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 19:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibits do not controvert this fact.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 20:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 21:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 22:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 23:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 24:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

These exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 25:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

These exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 26:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

These exhibits do not controvert this fact.  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 27:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

This exhibit does not controvert this fact.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 28:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

These exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 29:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

This exhibit does not controvert this fact.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 30:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

These exhibits do not controvert this fact.  Fed. R. Evid. 901.

Objection to Ripps Decl., Exs. 211-215 on the grounds that Defendants' improper argument about the evidence is a misleading representation of what the exhibits show.  Fed. R. Evid. 106, 901.  While the quoted users were themselves able to identify the NFT was a RRBAYC NFT, there are multiple exchanges in Exhibit 211 showing users were unable to discern that it was a RRBAYC NFT,

such as "Something fishiy…..wtf 6 eth for this golden #BAYC ?" and "What a gold
ape sold for 6eth must be a glitch!"  This proves Yuga Labs' point that *some*
reasonable consumers were confused; Yuga Labs does not need to prove that *all*
consumers were confused (or, indeed, that anyone was actually confused).

Combined Statement of Facts Paragraph 31:

  In their response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

  These exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 32:

  In their response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

  These exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

  Objection to Ripps Decl., Exs. 216-217 on the grounds that Defendants'
improper argument about the evidence is a misleading representation of what the
exhibits show.  Fed. R. Evid. 106, 901.

Combined Statement of Facts Paragraph 33:

  In their response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

  The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 34:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

These exhibits do not controvert this fact; they prove it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 35:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 36:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 37:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 38:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Ball Decl. Ex. 33 does not controvert the asserted fact that "In a text exchange between Defendants' software developer, Tom Lehman, and a third party regarding RR/BAYC NFTs, the third party stated 'This is quite crazy definitely some people will buy thinking they are buying originals!'" Fed. R. Evid. 901. Defendants do not deny that Ball Decl. Ex. 33 includes this quote, merely that it is "incomplete." The additional quotes they cite ("Well ppl should do their Researxh!" and "Check the chain") only further demonstrate Defendants' and their associates' attitude that consumers are at fault for being confused by Defendants' use of the BAYC Marks. Indeed, right before these quotes, Lehman agrees ("Ah true") that people who visit "the foundation site" will think they are buying originals.

Combined Statement of Facts Paragraph 39:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection that Gosma Decl. Ex. 248 at 324:13-325:03; 328:09-330:02 does not controvert the asserted fact that "Defendants' software developer, Tom Lehman, has sworn under oath that he "repeatedly shared" his concern with Defendants that "using the 'BAYC' mark alongside the RR/BAYC NFTs could be confusing on Ape Market." Fed. R. Evid. 901. The documents cited in addition to Lehman's testimony show the truth of his testimony. The cited testimony from Cahen's deposition transcript confirms that Lehman communicated to Cahen: "Like a normal person could be like 'I see where Yuga is coming from. It's confusing how close your logo is to theirs'" and "I would not in the marketing show screenshots like the one H showed because it's too confusing to the average Joe." Defendants do not deny the quoted statements.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 40:

In their response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

Objection that Ball Decl. Ex. 32 does not controvert the asserted fact that "In
a text message exchange with Defendant Cahen, Defendants' software developer,
Tom Lehman, wrote that "a normal person could be like T could see where Yuga is
coming from, it's confusing how close your logo is to theirs." Fed. R. Evid. 901.
The cited document includes a text conversation between Lehman and Cahen
(Pauly Shore) depicting the exact quoted language from Lehman. Defendants do
not deny that the quoted language appears in Ball Decl. Ex. 32.

Combined Statement of Facts Paragraph 41:

In their response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

Objection that Muniz Decl. Ex. 99 does not controvert the asserted fact that
Defendant Ripps posted on his Twitter account: "we're seeing more 'RR/BAYC'
titled collections on OpenSea, we're working on having these removed to avoid
confusion" and "the only thing we ask is to avoid using the RR/BAYC name." Fed.
R. Evid. 901. The cited document includes a post made from Ripps' Twitter
account depicting the exact quoted language. Defendants do not deny that the
quoted language appears in Muniz Decl. Ex. 99.

Combined Statement of Facts Paragraph 42:

Objection that Gosma Decl. Ex. 253 at 47:1-48:9 and Ripps Decl. ¶ 3 do not
controvert the asserted fact that "It can be challenging for consumers to establish
provenance for NFTs." Fed. R. Evid. 901. In Gosma Decl. Ex. 253 at 47:1-48:9,

Ms. Kindler does not refute that it can be challenging for consumers to establish provenance.  In Ripps Decl. ¶ 3, Ripps states: "Based on my years working with NFTs and interacting with people who purchase NFTs, it is my understanding that NFT purchasers are generally familiar with blockchain technology and online tools required to trace the origins of particular NFTs."  This statement does not controvert the fact that it *can* be challenging for consumers to establish provenance for NFTs.

Yuga Labs further objects that Ripps Decl. ¶ 3 includes testimony that falls beyond the scope of a lay witness opinion and is inadmissible.  Fed. R. Evid. 701.

Combined Statement of Facts Paragraph 43:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection that Ball Decl. Ex. 28 at RIPPSCAHEN00002547 does not controvert the asserted fact that "Defendant Cahen and Defendants' software developer, Tom Lehman, discussed metadata for a potential wrapper and confusion it could cause. Defendant Cahen responded that "users are too unsophisticated by far." Fed. R. Evid. 901.  The cited document includes excerpts from Defendants' Team Ape Market Discord channel in which Lehman states: "Few thoughts in the wrapper as it was posted in the telegram.  If we were to do it I think we would want different metadata in some way so it was less confusing (could perhaps include the word "wrapped") But overall I think we should be very careful about doing this in terms of the confusion it will create."  In this same excerpt, Cahen states: "I don't want to start implementing a wrapper…these users are too unsophisticated by far." Defendants do not deny that the quoted language appears in Ball Decl. Ex. 28 at RIPPSCAHEN00002547.  Cahen and Lehman's statements are admissible as party admissions.  Fed. R. Evid. 801(d)(2).

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Combined Statement of Facts Paragraph 44:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection that Ball Decl. Ex. 28 at RIPPSCAHEN00002561 does not controvert the asserted fact that "Defendants' software developer, Tom Lehman, stated that use of Defendants' logo alongside Yuga Labs' logo on Ape Market would be "too confusing to the 'average joe'" and that "we should not underestimate how confusing it is." Immediately below, Defendant Cahen stated, "Yeah." Fed. R. Evid. 901. Defendants do not deny that the statements made by Cahen or Lehman appear in Ball Decl. Ex. 28 at RIPPSCAHEN00002561. Cahen and Lehman's statements are admissible as party admissions. Fed. R. Evid. 801(d)(2).

Combined Statement of Facts Paragraph 45:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Ball Decl. Ex. 28 at RIPPSCAHEN00002665 does not controvert the asserted fact that "Defendants' software developer, Tom Lehman, in raising whether Defendants' smart contracts should be audited or open-sourced, stated, 'Ah but do the SHEEPLE like it?' and '[p]pl will not read the contract.'" Fed. R. Evid. 901. Lehman's statements are admissible as party admissions. Fed. R. Evid. 801(d)(2)(C) or (D) or (E).

Combined Statement of Facts Paragraph 46:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case

Management Order (ECF 57) at 11 (emphasis in original).

Objection to Ripps Decl., Exs. 203-209 on the grounds the cited documents are incomplete and misleading. Fed. R. Evid. 106.

Objection to Ripps Decl., Exs. 203-209 on the grounds that the statements in those documents are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802. Ripps Decl., Exs. 203-209 have not been authenticated and are not self-authenticating. Fed. R. Evid. 901, 902.

Ball Decl. Ex. 37 at RFA 27 and Ripps Decl., Exs. 203-209 do not controvert the asserted fact that "Defendants did not include a disclaimer to notify consumers that they were purchasing an RR/BAYC NFT rather than a BAYC NFT on any NFT marketplace or purchasing site, other than Defendants' rrbayc.com website." Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 47:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The cited documents do not controvert the asserted fact that "Defendants' use of the BAYC Marks in connection with the RR/BAYC NFT collection was intentional."

Combined Statement of Facts Paragraph 48:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The cited documents and testimony do not controvert the asserted fact that "Defendants' software developer, Tom Lehman, raised concerns with Defendants that using the BAYC Marks in connection with the RR/BAYC NFT collection

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    could cause confusion."  Fed. R. Evid. 901.

2

3    <u>Combined Statement of Facts Paragraph 49</u>:

4            In their response to this fact, Defendants violate the Court's Order that "**No**

5    **argument should be set forth in this document.**" Scheduling and Case

6    Management Order (ECF 57) at 11 (emphasis in original).

7            Ball Decl. Ex. 40 and Gosma Decl. Ex. 247 at 213:23- 215:07 do not

8    controvert the asserted fact that "Defendants' software developer, Ryan Hickman,

9    suggested making the branding for the RR/BAYC NFTs and Ape Market design

10   'ultra min' noting that the 'real bayc is ultra min.'"  Fed. R. Evid. 901.  Defendants

11   do not deny this fact, merely claiming that Yuga Labs does not provide support for

12   the characterization that Mr. Hickman was "noting" this fact.  This semantic

13   distinction is immaterial, but to alleviate any dispute, "noting" can be interpreted to

14   have the same meaning as "writing" for this asserted fact.  And Hickman's

15   statements are admissible as party admissions.  Fed. R. Evid. 801(d)(2)(C) or (D) or

16   (E).

17           Gosma Decl. Ex. 247 at 213:23-215:07, which is an excerpt from Mr. Ripps'

18   deposition, contains improper lay witness and unfounded expert witness testimony.

19   Fed. R. Evid. 701, 702.  Specifically, Defendants rely on Mr. Ripps' statement, "I

20   would say BAYC is the opposite of ultra min, personally, and I'm a professional

21   designer, so..." to support their claim that "Yuga's BAYC does not have a minimal

22   design."  Gosma Decl. Ex. 247 at 214:9-11.  Defendants have not provided the

23   foundation that Mr. Ripps is qualified to offer expert opinion testimony. Fed. R.

24   Evid. 702; Fed. R. Civ. P. 26, 37.  His conclusory statements are irrelevant,

25   unhelpful, and misleading, and any probative value is substantially outweighed by

26   unfair prejudice. Fed. R. Evid. 402, 403.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 50:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Gosma Decl. Ex. 248 at 202:24-204:16 does not controvert the asserted fact that "Defendants expected to make money from the sale and resale of RR/BAYC NFTs and from potentially generating transaction fees from the sale of NFTs on Ape Market."  Fed. R. Evid. 901.  This deposition testimony from Mr. Cahen states "My recollection is that as soon as we were able to set all of [the royalties] to zero, it was executed," which Defendants use to support their claim that "the evidence shows they took steps to turn off the royalty fees from all of the secondary marketplaces they could."  Whether or not Mr. Cahen's statement is true, it does not controvert the fact that they expected to make money off the sale of RR/BAYC NFTs because, as they admit, they sold them for .1 ETH and .15 ETH.  *See* Gosma Decl., Ex. 247 at 123:10-17, 194:10-12; Gosma Decl. Ex. 248 at 255:25-256:08. Nor does it controvert the fact that they expected to make money off resales of RR/BAYC NFTs because, as Mr. Cahen testified, they discussed how to split royalties.  *See* Gosma Decl. Ex. 248 at 204:4-11.

Combined Statement of Facts Paragraph 51:

Ripps Decl. Ex. 240 does not controvert the asserted fact that "Defendants' software developer, Ryan Hickman, wrote in a chat that included Defendants, 'We're closing in on $10 million impact to yuga.'"  Fed. R. Evid. 901.  The cited portions of this document do not deny Mr. Hickman's statement, just include details regarding what was said.

Fenwick & West LLP
Attorneys at Law

Combined Statement of Facts Paragraph 52:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Ripps Decl. Exs. 151-173 are incomplete and misleading. Fed. R. Evid. 106. The exhibits do not capture the entire webpage, and many of the captures are poor and not acceptable for evidentiary purposes.

Ripps Decl. Exs. 151-173 are irrelevant, and any probative value of these documents is substantially outweighed by a danger of unfair prejudice and confusing the issues. FRE 401, 402, 403. To the extent that Defendants seek to use these exhibits to argue "there are countless NFT collections that point the same or nearly identical images as the BAYC NFT collection," this is irrelevant to the fact that "Yuga Labs has suffered harm to its brand equity, impacting its sales, profits, and future earnings."

Ripps Decl. Exs. 151-173 contain inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802.

Ripps Decl. Exs. 151-173 have not been authenticated and are not self-authenticating. Fed. R. Evid. 901, 902.

Moreover, Ripps Decl. Exs. 151-173 do not controvert the asserted fact that "Yuga Labs has suffered harm to its brand equity, impacting its sales, profits, and future earnings." Fed. R. Evid. 901. Even if these other NFT collections use Yuga Labs' BAYC images as Defendants contend, this does not somehow disprove that RR/BAYC NFTs, the NFTs at issue, do not harm Yuga Labs.

Combined Statement of Facts Paragraph 53:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Fenwick & West LLP
Attorneys at Law

Ripps Decl. Exs. 151-173 are incomplete and misleading.  Fed. R. Evid. 106. The exhibits do not capture the entire webpage, and many of the captures are poor and not acceptable for evidentiary purposes.

Ripps Decl. Exs. 151-173 are irrelevant, and any probative value of these documents is substantially outweighed by a danger of unfair prejudice and confusing the issues.  FRE 401, 402, 403.  To the extent that Defendants seek to use these exhibits to argue "there are countless copycat BAYC NFT collections," this is irrelevant to the fact that "Yuga Labs has experienced changed dynamics with its prospective business partners."

Ripps Decl. Exs. 151-173 contain inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.

Ripps Decl. Exs. 151-173 have not been authenticated and are not self-authenticating.  Fed. R. Evid. 901, 902.

Moreover, Ripps Decl. Exs. 151-173 do not controvert the asserted fact that "Yuga Labs has experienced changed dynamics with its prospective business partners."  Fed. R. Evid. 901.  Even if the cited NFT collections are "copycat[s]" as Defendants contend, this does not somehow disprove that Yuga Labs has not experienced changed dynamics with prospective business partners.


Combined Statement of Facts Paragraph 54:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Ripps Decl. Exs. 151-173 and Gosma Decl. Ex. 245 at 260:09-19 are incomplete and misleading.  Fed. R. Evid. 106.  For example, the exhibits do not capture the entire webpage, and many of the captures are poor and not acceptable for evidentiary purposes.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Ripps Decl. Exs. 151-173 and Gosma Decl. Ex. 245 at 260:09-19 are irrelevant, and any probative value of these documents is substantially outweighed by a danger of unfair prejudice and confusing the issues.  FRE 401, 402, 403.  To the extent that Defendants seek to use these documents to argue "there are countless copycat BAYC NFT collections and [Yuga Labs] could not identify a single instance of confusion" this is irrelevant to the fact that "Yuga Labs had to expend time and money to correct instances of confusion."

Ripps Decl. Exs. 151-173 contain inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.

Ripps Decl. Exs. 151-173 have not been authenticated and are not self-authenticating.  Fed. R. Evid. 901, 902.

Moreover, Ripps Decl. Exs. 151-173 and Gosma Decl. Ex. 245 at 260:09-19 do not controvert the asserted fact that "Yuga Labs had to expend time and money to correct instances of confusion."  Fed. R. Evid. 901.  Even if the cited NFT collections are "copycat[s]" as Defendants contend, this does not somehow disprove that Yuga Labs did not have to expend time and money to prevent confusion.  Indeed, it reinforces it.  Moreover, Ms. Muniz' testimony does not controvert this fact.  *See* Gosma Decl. Ex. 245 at 260:15-16.

Combined Statement of Facts Paragraph 55:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Gosma Decl. Ex. 247 at 61:01-61:09 does not controvert the asserted fact that "The domain name rrbayc.com does not consist of the legal names of either Defendant."  Fed. R. Evid. 901.  Defendants use this testimony to claim that the "'RR' from the RR/BAYC project 'stands for Mr. Ripps's name, Ryder Ripps.'"  This misses the point – the asserted fact does not state that rrbayc.com "stands for"

FENWICK & WEST LLP
ATTORNEYS AT LAW

Mr. Ripps' name.  It says the domain does not "consist of" his legal name, which is

Ryder Ripps.  And Defendants do not deny that it does not consist of Mr. Cahen's

legal name.

Combined Statement of Facts Paragraph 56:

In response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

Ball Decl. Ex. 29; Ex. 34 at NAMECHEAP0000016-17 does not controvert
the asserted fact that "Defendant Ripps' registration of the domain names
https://rrbayc.com/ and https://apemarket.com/ were hidden by a proxy registration
service" as the cited exhibits provide no evidence that the domain names were not
"hidden."  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 57:

In response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**"  Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

Objection to Ripps Decl., Ex. 110 at RIPPSCAHEN00020732 on the grounds
that the statements in the document are inadmissible hearsay and no exception is
applicable.  Fed. R. Evid. 801, 802.  Ripps Decl., Ex. 110 at
RIPPSCAHEN00020732 has not been authenticated and is not self-authenticating.
Fed. R. Evid. 901, 902.

The cited documents do not controvert the asserted fact that "Yuga Labs has
pending trademark applications for 'Ape'-based marks."  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 58:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Decl. Ex. 247 at 105:5– 106:1 on the grounds the cited testimony is incomplete and misleading.  Fed. R. Evid. 106.

The cited testimony does not controvert the asserted fact that "Defendant Ripps testified with respect to RR/BAYC that 'the art is not anything besides the sum of what an NFT is because the artwork is an NFT.'"  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 59:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Decl. Ex. 248 at 126:14-128:07 on the grounds the cited testimony is incomplete and misleading.  Fed. R. Evid. 106.

The cited documents do not controvert the asserted fact that "The Twitter account @ApeMarketplace posted a tweet stating that 'ApeMarket and RR/BAYC are registered trademarks.'"  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 60:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Decl. Exs. 247 at 69:22- 77:8, 267:4-12 and Gosma Decl. Ex. 245 at Depo. Ex. 227 on the grounds the cited testimony is incomplete and misleading.  Fed. R. Evid. 106.

The cited documents do not controvert the asserted fact that "Defendant Ripps' Foundation page for the RR/BAYC NFT collection displayed, unmodified and in their entirety, Yuga Labs' BORED APE YACHT CLUB, BAYC, BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo marks."  Fed. R. Evid. 901.

<u>Combined Statement of Facts Paragraph 61</u>:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Decl. Ex. 249 at 83:2-85:5 and Ball Decl. Ex. 43 at 102:18-103:8 on the grounds the cited testimony is incomplete and misleading.  Fed. R. Evid. 106.

Objection to Defendants' citations as irrelevant, and any probative value of these exhibits is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

The cited documents do not controvert the asserted fact that "Yuga Labs did not compensate celebrities for endorsements."  Fed. R. Evid. 901.

<u>Combined Statement of Facts Paragraph 62</u>:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Ripps Decl., Ex. 187 at RIPPSCAHEN00015313, Ripps Decl., Ex. 190 at RIPPSCAHEN00015319, Ripps Decl., Ex. 191 at RIPPSCAHEN00015320 on the grounds the cited testimony is incomplete and misleading.  Fed. R. Evid. 106.

Objection to portions of the cited exhibits as irrelevant, and any probative value of these exhibits is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

The cited documents do not controvert the asserted fact that "Yuga Labs issued one takedown notice identifying copyright infringement as the basis of the request (the 'May 17, 2022 Takedown')." Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 63:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Decl. Ex. 247 at 69:22-77:8, 267:4-12, Ex. 245 at Depo. Ex. 227 on the grounds the cited testimony and exhibit are incomplete and misleading.  Fed. R. Evid. 106.

Objection to portions of the cited testimony and exhibit as irrelevant, and any probative value of these exhibits is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

The cited documents do not controvert the asserted fact that "The Foundation marketplace page for the RR/BAYC NFT collection displayed Yuga Labs' Ape Skull logo."  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 64:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Gosma Decl. Ex. 250 at 72:3-5; Gosma Decl. Ex. 245 at Depo. Ex. 230; Gosma Decl. Ex. 245 at 71:2-73:3; Gosma Decl. Ex. 245 at Depo. Exs. 232, 233; Gosma Decl. Ex. 245 at 144:19-145:23; Ripps

FENWICK & WEST LLP
ATTORNEYS AT LAW

Decl., Ex. 238 on the grounds the cited documents are incomplete and misleading.
Fed. R. Evid. 106.

Objection to the cited exhibits as irrelevant, and any probative value of these
exhibits is substantially outweighed by a danger of unfair prejudice and confusing
the issues. Fed. R. Evid. 401, 402, 403.

The cited documents do not controvert the asserted fact that "Yuga Labs
believes that it owns the copyright in the Ape Skull Logo." Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 65:

In response to this fact, Defendants violate the Court's Order that "**No
argument should be set forth in this document.**" Scheduling and Case
Management Order (ECF 57) at 11 (emphasis in original).

Objection to Defendants' citation to Ripps Decl., Ex. 187 at
RIPPSCAHEN00015313; Ripps Decl., Ex. 190 at RIPPSCAHEN00015319; and
Ripps Decl., Ex. 191 at RIPPSCAHEN00015320 on the grounds the cited
documents are incomplete and misleading. Fed. R. Evid. 106.

Objection to Defendants' citation to the exhibits as irrelevant, and any
probative value of these exhibits is substantially outweighed by a danger of unfair
prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

The cited documents do not controvert the asserted fact that "None of the 25
takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection
alleging trademark infringement identified a copyrighted work as allegedly
infringed as the basis for takedown." Fed. R. Evid. 901. Defendants do not deny
that none of the cited documents identifies a copyrighted work. Defendants
confirm that the three successful takedown notices asserting trademark (not
copyright) infringement lack an essential element of 17 U.S.C. 512(c)(3)(A)—none
of them identified a copyrighted work as allegedly infringed. *See* 17 U.S.C.
512(c)(3)(A)(ii); Opp. at 21; CSOF ¶¶ 98, 99. This alone ends the 512(f) inquiry as

FENWICK & WEST LLP
ATTORNEYS AT LAW

to these three notices.  "A notification is not a DMCA notice under § 512 if the above elements are not 'substantially' included. [§512(c)(3)(A)]  And without a DMCA notice, § 512(f) does not apply." *International Unions, Security Police and Fire Professionals of America v. Maritas*, No. 2:19-cv-10743, 2023 WL 2726030, at *12 (E.D. Mich. Mar. 30, 2023) (dismissing § 512(f) claim because "[m]issing from the copyright note" were two critical elements, including that it did not identify the "copyrighted work[s] claimed to have been infringed"); *see also Twelve Inches Around Corp v. Cisco Systems Inc.*, No. 08 Civ. 6896(WHP), 2009 WL 928077, at *3 (S.D.N.Y. March 12, 2009).

Combined Statement of Facts Paragraph 66:

In response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**"  Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

The cited documents do not controvert the asserted fact that "On June 2, 2022, Foundation marketplace forwarded Yuga Labs' takedown notice alleging trademark infringement to Defendant Ripps, stating: 'In accordance with a notice of trademark infringement we received from Yuga Labs, Inc., we have removed your Collection, Bored Ape Yacht Club, from public view.'"  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 67:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 45 in an attempt to controvert the asserted fact that "[o]n March 3, 2023, a post from Defendant Ripps' Twitter account stated 'i have a personal message/demand for Eric Ball and Fenwick and West' followed by a picture stating 'you can suck my dick.'"  The exhibit does not controvert this

FENWICK & WEST LLP
ATTORNEYS AT LAW

fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 68:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 45 in an attempt to controvert the asserted fact that "[o]n November 18, 2022, a post from Defendant Cahen's Twitter account stated 'Fenwick + West. .. are criminals.'"  The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 69:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 45 in an attempt to controvert the asserted fact that "[o]n January 3, 2023, a post from Defendant Ripps' Twitter account stated that 'sleezy fenwick and west . . . love[s] distorting facts and words in bad faith.'"  The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 70:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 44 in an attempt to controvert the asserted fact that "[o]n March 7, 2023, a post from Defendant Ripps' Twitter account stated 'yugalabs are demonic evil liars.'"  The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 71:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 44 in an attempt to controvert the asserted fact that "[o]n July 31, 2022, a post from Defendant Cahen's Twitter account posted an image depicting Defendant Cahen's Twitter avatar over a gravestone labeled 'YugaLabs 2021- 2022' with a BAYC Mark." The exhibit does not controvert this fact; it proves it. Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 72:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 44 in an attempt to controvert the asserted fact that "[o]n July 31, 2022, Defendant Cahen's Twitter account posted an image depicting Defendant Ripps pointing a gun and Defendant Cahen's Twitter avatar holding a knife towards a manipulated version of a BAYC Mark, and captioned 'Don't play with fire.'" The exhibit does not controvert this fact; it proves it. Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 73:

In their response to this fact, Defendants violate the Court's Order that "**No argument should be set forth in this document.**" Scheduling and Case Management Order (ECF 57) at 11 (emphasis in original).

Defendants cite to Ball Decl. Ex. 44 in an attempt to controvert the asserted fact that "[o]n July 21, 2022, a post from Defendant Cahen's Twitter account stated "From here on out Wylie and Greg will plead the 5th and no longer comment on

Fenwick & West LLP
Attorneys at Law

1   their actions . . . . They will no longer defend themselves" with a picture of

2   Defendant Cahen's Twitter avatar holding a decapitated BAYC Ape head

3   corresponding with a BAYC NFT held by Greg Solano, a Yuga Labs founder."

4   The exhibit does not controvert this fact; it proves it.  Fed. R. Evid. 901.

5

6   Combined Statement of Facts Paragraph 74:

7       Objection to Ripps Decl., Ex. 120 on the grounds the citation to

8   RIPPSCAHEN00021340 is incorrect and misleading.  Fed. R. Evid. 901. No such

9   page number exists in the document.

10      Further, the quotation is incomplete and misleading.  Fed. R. Evid. 106.  The

11  full text of the paragraph states, "As a general matter, Applicant should note that a

12  non-fungible token or NFT is not a good in trade. Further, NFTs are not non-

13  downloadable. NFTs are downloadable units of data stored on a blockchain (a

14  digital database, or ledger, that can be simultaneously used and shared within a

15  large decentralized, publicly accessible network) that authenticate and prove

16  ownership rights to digital or physical items.  An NFT is not the digital or physical

17  item itself, nor does it contain the digital or physical item; rather, it only contains

18  information about the item.  It is comparable to a certificate of

19  authenticity/ownership for a physical item.  Since NFTs are not goods in trade and

20  are similar to a certificate of ownership and authenticity, **applicants must**

21  **specifically identify the underlying digital or physical items represented by the**

22  **NFT for proper classification and identification.**"  (Emphasis added.)  The

23  document is also incomplete and cuts off in the middle of a sentence.  Fed. R. Evid.

24  106.

25      Since then and in this litigation specifically, Yuga Labs has identified the

26  "underlying digital" item – the BAYC Image.  Therefore, for at least this reason,

27  the USPTO quotation has no relevance to the case, and any probative value is

28  substantially outweighed by a danger of unfair prejudice and confusing the issues.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fed. R. Evid. 401, 402, 403.  The USPTO non-final notice explicitly specifies that Yuga Labs need only "identify the underlying digital items represented by the NFT" for compliance.  Yuga Labs has not alleged that the "NFT" at issue in this case is merely the "units of data stored on a blockchain."  Rather, there is no dispute in this case that the digital artworks associated with the BAYC NFTs are digital goods and Yuga Labs has used "NFT" in this litigation to refer both to the token *and* the digital art sold with it because that is what a reasonable consumer of NFTs is purchasing.  *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  A trademark "should be understood to refer to both the NFT and the digital image with which it is associated." *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).

Combined Statement of Facts Paragraph 75:

Objection to Berger Decl., Ex. 106 at 20 on the grounds the citation is incomplete and misleading.  Fed. R. Evid. 106.

Yuga Labs objects to Defendants' citation to the Berger report as inaccurate and misleading because the quoted statement appears on page 19, not page 20.  Fed. R. Evid. 901.  Additionally, the quotation within the asserted statement is inaccurate; it is missing a semi-colon.  The proper quotation states, "An NFT is an ownership record stored on a blockchain; analogous to a conventional proof-of-purchase."  The quotation is also taken out of context of the entire declaration.

Yuga Labs further objects to Defendants' mischaracterization of the evidence as an admission.  Mr. Berger's expert testimony is not an admission by Yuga Labs.  Defendants also take the quote out of context.  Therefore, Defendants' citation does not support the assertion.  Fed. R. Evid. 901.

1

2     Combined Statement of Facts Paragraph 76:

3          Objection to Ripps Decl., Exs. 109 at 5-6; 111 at RIPPSCAHEN00023152-

4     53; 112 at RIPPSCAHEN00023249-50; 113 at RIPPSCAHEN00023364-65; 114 at

5     RIPPSCAHEN00023449-50; 115 at RIPPSCAHEN00023570-72; 116 at

6     RIPPSCAHEN00024188-89; 117 at RIPPSCAHEN00024317-18; 118 at

7     RIPPSCAHEN00024429-30; and 119 at RIPPSCAHEN00024554-55 on the ground

8     that the cited pages of the documents do not support the asserted statement that

9     Yuga Labs "originally filed trademark registration applications" for these marks.

10    Fed. R. Evid. 901.

11

12    Combined Statement of Facts Paragraph 77:

13         Objection to Defendants' use of Ripps Decl., Exs. 111 at

14    RIPPSCAHEN00023143; 112 at RIPPSCAHEN00023240; 113 at

15    RIPPSCAHEN00023355; 114 at RIPPSCAHEN00023440; 115 at

16    RIPPSCAHEN00023562-63; 116 at RIPPSCAHEN00024177-78; 117 at

17    RIPPSCAHEN00024305-06; 118 at RIPPSCAHEN00024417-18; and 119 at

18    RIPPSCAHEN00024543-44 on the ground that the cited documents do not support

19    the asserted statement. Fed. R. Evid. 901.  The cited pages of the documents do not

20    show that Yuga Labs "gave up" on its Trademark applications for these marks.

21    They also do not show that Yuga Labs "gave up" on these applications "in

22    response" to the trademark office's rejection.

23

24    Combined Statement of Facts Paragraph 78:

25         Objection to Defendants' citation to the complaint for the asserted fact

26    because it does not support any argument in Defendants' brief in opposition to

27    Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.*

28    Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with

FENWICK & WEST LLP
ATTORNEYS AT LAW

citations to the paragraph number in the SUF).

The complaint does not support the assertion that the only goods at issue in this trademark case are NFTs.  Fed. R. Evid. 106.  First, the purported fact misleadingly defines "NFT" to exclude the BAYC Image (digital art) purchased with the NFTs, which are digital goods.  *See* Compl. ¶ 16 ("Yuga Labs created, and developed the smart contract behind, the Bored Ape Yacht Club (a.k.a. "BAYC"), which consists of **unique collectible works of digital art (each an NFT)** when executed on the Ethereum blockchain.") (emphasis added).  Second, a trademark "should be understood to refer to both the NFT and the digital image with which it is associated."  *Hermes Int'l v. Rothschild*, No. 22-CV-384 (JSR), 2023 WL 1458126, at *6 (S.D.N.Y. Feb. 2, 2023).  Finally, the undisputed evidence in this case shows that Yuga Labs has used its BAYC Marks continuously since April 2021 with other goods and services (such as digital games, events, and merchandise), and not just the digital art in the BAYC NFT good.

Defendants' citation to the Complaint also fails to raise a genuine dispute as to this issue.  "Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or 'metaphysical doubt' about a material issue of fact precludes summary judgment."  *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)).

Combined Statement of Facts Paragraph 79:

Objection to Ripps Decl., Ex. 229 on the grounds the asserted fact is not used to support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt.

FENWICK & WEST LLP
ATTORNEYS AT LAW

57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Moreover, the date that Bored Ape Yacht Club announced it "sold out" on Twitter is immaterial.  Fed. R. Evid. 401, 402, 403.  Yuga Labs has continuously used BAYC Marks with its goods and services since April 2021.

Combined Statement of Facts Paragraph 80:

Objection to Ripps Decl., Ex. 229 on the grounds that the cited document does not support the asserted fact.  Fed. R. Evid. 901.  The date that Bored Ape Yacht Club announced it "sold out" on Twitter does not support the purported fact that "Yuga Labs has never sold BAYC NFTs since May 1, 2021."  *Id.*  Moreover, it is undisputed, that Yuga Labs has continuously used its BAYC Marks with its goods and services since April 2021.  Fed. R. Evid. 401, 402, 403.  The purported fact is also immaterial.

Yuga Labs further objects to Defendants' misleading use of Ms. Muniz's deposition testimony at 102:21-24 and Mr. Solano at 113:21-114:2.  Fed. R. Evid. 901.  The testimony does not establish that there were no sales of BAYC NFTs between May 1, 2021 and the dates of the depositions or that Yuga Labs is not using the BAYC Marks in conjunction with the marketing, promotion, or sale of other goods and services (because it is and has been, continuously since April 2021).

Combined Statement of Facts Paragraph 81:

Objection to Ripps Decl., Ex. 243 on the grounds that it does not support the asserted fact.  Fed. R. Evid. 901.  Exhibit 243 includes a March 6, 2023 Tweet from @CryptoGarga's Twitter account stating "not making any more apes, honorary or not."   Even if it those were Yuga Labs "plans" on March 6, 2023, Defendants have not established that those remain Yuga Labs' plans forever.  Moreover, it is

Fenwick & West LLP
Attorneys at Law

undisputed that Yuga Labs has continuously used its BAYC Marks with its goods and services since April 2021.  Fed. R. Evid. 401, 402, 403.  The purported fact is also immaterial because it is undisputed that Yuga Labs has used its BAYC Marks continuously in conjunction with the marketing, promotion, or sale of other goods and services since April 2021.

Combined Statement of Facts Paragraph 82:

Objection to Defendants' use of the BAYC website Terms and Conditions in Ripps Decl., Ex 192 on the grounds the asserted fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).  The Terms and Conditions on the BAYC website are a for a copyright license, not a trademark license, and Yuga Labs' copyright licenses for the BAYC images are not in dispute.  Fed. R. Evid. 401, 402, 403; *see Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Contract terms are to be given their ordinary meaning").  This purported fact is immaterial.

Further, Yuga Labs objects to Defendants' misleading use of Exhibit 192 on the basis that the BAYC website Terms and Conditions do not establish the asserted statement.  Fed. R. Evid. 901.  Exhibit 192 establishes only that there are Terms and Conditions on the BAYC website.

Combined Statement of Facts Paragraph 83:

Objection to Defendants' citation to a statement on the BAYC website Terms and Conditions in Ripps Decl., Ex 192 as incomplete and misleading.  Fed. R. Evid. 901.  Exhibit 192 is misleadingly cited as an incomplete quotation of the referenced terms, which go on to describe the copyright license conferred on BAYC NFTs holders, such as: "Yuga Labs LLC grants you a worldwide, royalty-free license to

use, copy, and display the Purchased Art . . ."  Ripps Decl., Ex. 192 at RIPPSCAHEN00020804.  That the quoted language (misleadingly excised out from the Terms and Conditions) appears in the Terms and Conditions on the BAYC website is immaterial because the Terms and Conditions convey a copyright license, not a trademark license.  Fed. R. Evid. 401, 402, 403; *see Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Contract terms are to be given their ordinary meaning").

Yuga labs objects to Defendants' misleading and incomplete characterization of Mr. Solano's deposition testimony at 160:8-162:1 Fed. R. Evid. 106; *see* Gosma Decl., Ex. 250 at 162:13-15.  The testimony and plain language of the Terms and Conditions are clear that it is a copyright license, not a trademark license.  Fed. R. Evid. 401, 402, 403; *see Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Contract terms are to be given their ordinary meaning").

Combined Statement of Facts Paragraph 84:

Objection to Defendants' reliance on the BAYC website Terms and Conditions in Ripps Decl., Ex 192, for the purported fact on the ground the purported fact contains an incomplete and misleading quotation.  Fed. R. Evid. 106.  Exhibit 192 is cited misleadingly as an incomplete quotation of the referenced Terms and Conditions, which go on to describe the copyright license conferred on BAYC NFTs holders, such as: "Yuga Labs LLC grants you a worldwide, royalty-free license to use, copy, and display the Purchased Art . . ."  Ripps Decl., Ex. 192 at RIPPSCAHEN00020804.  That the quoted language (misleadingly excised out from the Terms and Conditions) appears in the Terms and Conditions on the BAYC website is immaterial because the Terms and Conditions convey a copyright license, not a trademark license. Fed. R. Evid. 401, 402, 403; *see Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)

FENWICK & WEST LLP
ATTORNEYS AT LAW

("Contract terms are to be given their ordinary meaning").

Combined Statement of Facts Paragraph 85:

Objection to Defendants' use of Ms. Muniz's deposition testimony at 144:17-145:23 and the Complaint on the grounds that this purported fact is not used to support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Yuga Labs also objects to Defendants' use of Ms. Muniz's deposition testimony at 144:17-145:23 and the Complaint on the ground the referenced testimony and cited document do not support the asserted fact.  Fed. R. Evid. 901. Neither Ms. Muniz's deposition at the referenced quotation nor the Complaint at ¶ 34 support the assertion that "**hundreds** of BAYC NFTs" are associated with digital images displaying Yuga Labs' trademarks because they both concern only two digital images associated with BAYC NFTs, not the "hundreds" that Defendants assert.

The Complaint is hearsay.  Fed. R. Evid. 801, 802.

Additionally, this fact is immaterial. Fed. R. Evid. 401, 402, 403.  The Terms and Conditions on the BAYC website confer a copyright license, not a trademark license.

Combined Statement of Facts Paragraph 86:

Objection to Defendants' use of Ripps Decl., Exs. 175, 182, and 241 on the ground that the cited documents do not support the assertion that "BAYC NFT holders" were responsible for referenced uses or that they used the BAYC Marks "prominently." Fed. R. Evid. 901, 902.  There is also no foundation laid for these exhibits. *Id.*

Yuga Labs objects to Defendants' use of these exhibits on the basis that the cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.  Yuga Labs has no obligation to exercise quality control over unlicensed uses of its marks.  *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1077 (N.D. Cal. Aug. 20, 2020).

Ripps Decl., Exs. 175, 182, and 241 also contain inadmissible hearsay.  Fed. R. Evid. 801, 802.

Combined Statement of Facts Paragraph 87:

Objection to Defendants' use of Ripps Decl., Exs. 174, 176, 177, 179, 180, 181, and 183 on the ground that the cited documents do not support the assertion that "BAYC NFT holders" were responsible for the referenced uses.  Fed. R. Evid. 901.  There is also no foundation laid for these unauthenticated exhibits.  *Id.*

Yuga Labs also objects to Defendants' use of these exhibits on the basis that the cited documents have no re levance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.  Yuga Labs has no obligation to exercise quality control over unlicensed uses of its marks.  *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1077 (N.D. Cal. Aug. 20, 2020).

Yuga Labs further objects to Defendants' mischaracterization of Exhibit 174, which depicts some BAYC ape images that include Yuga Labs' BAYC Marks in their entirety without modification.  Fed. R. Evid. 106, 401, 402, 403. Certain images in Exhibit 174, including the skateboard, and the image in Exhibit 176 do not establish that the BAYC NFT holders "created their own brands," but only that the BAYC ape images were placed on products with no indication whether these products were sold commercially to others.

Ripps Decl., Exs. 174, 176, 177, 179, 180, 181, and 183 also contain

FENWICK & WEST LLP
ATTORNEYS AT LAW

inadmissible hearsay.  Fed. R. Evid. 801, 802.

Exhibit 174 includes several irrelevant and immaterial digital images associated with Mutant Ape Yacht Club (MAYC) NFTs that do not support the assertion, which relates only to "BAYC NFT holders."  Fed. R. Evid. 106, 401, 402, 403.

Combined Statement of Facts Paragraph 88:

Objection to Defendants use of Ripps Decl., Exs. 174 and 178 on the ground that the cited documents do not support the assertion that "Companies that do not hold BAYC NFTs" were responsible for referenced uses.  Fed. R. Evid. 901.  There is also no foundation laid for these unauthenticated exhibits.  *Id.*

Defendants do not cite to any evidence that indicates whether any of the uses in Exhibit 174 or 178 were by companies that hold or do not hold a BAYC NFT.  Yuga Labs objects to Defendants' use of these exhibits on the basis that the cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  Yuga Labs has no obligation to exercise quality control over unlicensed uses of its marks.  *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1077 (N.D. Cal. Aug. 20, 2020).  These exhibits also contain inadmissible hearsay.  Fed. R. Evid. 801, 802.

Exhibit 174 also includes several irrelevant and immaterial digital images associated with Mutant Ape Yacht Club (MAYC) NFTs that do not support the assertion, which concerns only "BAYC NFT holders."  Fed. R. Evid. 106, 401, 402, 403.

Combined Statement of Facts Paragraph 89:

Defendants cannot simply rest on an absence of evidence to support their supposed fact.  "Once the moving party satisfies its burden, the nonmoving party

FENWICK & WEST LLP
ATTORNEYS AT LAW

cannot simply rest on the pleadings or argue that any disagreement or 'metaphysical doubt' about a material issue of fact precludes summary judgment." *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)).

Objection to Defendants' use of Ms. Muniz's deposition testimony at 138:10-21 on the ground the referenced testimony does not support the asserted fact.  Fed. R. Evid. 901.

Yuga Labs similarly objects to Defendants' use of Mr. Aronow's deposition testimony at 232:5-14 on the ground that the referenced testimony does not support the asserted fact. Fed. R. Evid. 901.  Yuga Labs objects to Defendants' misleading and incomplete use of this testimony.  Fed. R. Evid. 106.

The purported fact is irrelevant as Defendants offer no evidence of Yuga Labs licensing its trademarks.  Fed. R. Evid. 401, 402, 403.  The purported fact asserted is also immaterial.  Yuga Labs has no obligation to exercise quality control over unlicensed uses of its marks.  *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1077 (N.D. Cal. Aug. 20, 2020).

Combined Statement of Facts Paragraph 90:

Objection to Defendants' use of Ripps Decl., Exs. 151-172 because the cited documents have not been authenticated, lack foundation, have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice, wasting time, needlessly presenting cumulative evidence, and confusing the issues.  Fed. R. Evid. 401, 402, 403, 901, 902.  These documents are also inadmissible hearsay.  Fed. R. Evid. 801, 802.

The use of Yuga Labs' trademarks by non-parties, whether authorized or not,

FENWICK & WEST LLP
ATTORNEYS AT LAW

is immaterial to this lawsuit, which Yuga Labs filed against Defendants, not the persons or entities referenced in the cited exhibits. Defendants have not shown that Yuga Labs extended a trademark license to any of these uses. Therefore, on the basis of Fed. R. Evid. 401, 402, and 403 Yuga Labs objects to the use of Muniz 157:06-159:02, 160:12-162:25, and Aronow 202:12-206:16.

Combined Statement of Facts Paragraph 91:

Defendants do not support this purported fact with any evidence. Defendants must provide evidence to support their arguments. *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)). On that basis alone, the Court should disregard Fact 161.

Furthermore, this purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF). The use of Yuga Labs' trademarks by non-parties, whether authorized or not, is immaterial to this lawsuit, which Yuga Labs filed against Defendants, not the persons or entities referenced in the cited exhibits. Fed. R. Evid. 401, 402, 403. The supposed fact, even if it could be proven, is inadmissible. *Id.*

Defendants' supposed fact is also vague about which of Yuga Labs' many NFT collections the supposed fact concerns.

Combined Statement of Facts Paragraph 92:

Defendants do not support this purported fact with any evidence. Defendants

Fenwick & West LLP
Attorneys at Law

1   must provide evidence to support their arguments.  *See Pac. Packaging Concepts,*
2   *Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2
3   (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23
4   (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586
5   (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818
6   F.2d 1466, 1468 (9th Cir. 1987)).  On that basis alone, the Court should disregard
7   Fact 162.

8         Furthermore, this purported fact does not support any argument in
9   Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.
10   Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring
11   parties to support all facts with citations to the paragraph number in the SUF).  The
12   use of Yuga Labs' trademarks by non-parties, whether authorized or not, is
13   immaterial to this lawsuit, which Yuga Labs filed against Defendants, not the
14   persons or entities referenced in the cited exhibits. Fed. R. Evid. 401, 402, 403.

15         The supposed fact, even if it could be proven, is inadmissible because Yuga
16   Labs has no obligation to take any enforcement action.  Fed. R. Evid. 401, 402,
17   403.

18         Defendants' supposed fact is also vague about which of Yuga Labs' many
19   NFT collections the supposed fact concerns.

20

21   Combined Statement of Facts Paragraph 93:

22         Objection to Defendants' incomplete and misleading use of the quotation by
23   Ms. Muniz in Ripps' Decl., Ex. 238 which is taken out of context and misleadingly
24   used by Defendants.  Fed. R. Evid. 106.  The question posed to Ms. Muniz by the
25   interviewer in the cited interview is, "And to be clear, how does Yuga Labs make
26   money from Bored Ape Yacht Club? -- I know Yuga Labs doesn't take a cut of any
27   projects **started based on an ape**, right?" (emphasis added).  Ms. Muniz is not
28   responding in the context of all of Yuga Labs' intellectual property rights; her

Fenwick & West LLP
Attorneys at Law

comments concern only the copyright license for the BAYC Image (which BAYC Images Yuga Labs sometimes refer to as "an ape" or "the ape") associated with each BAYC NFT.

The cited quotation has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. 401, 402, 403. The quotation is taken out of context by Defendants and, in context, it is clear that Ms. Muniz was referring to the copyright license on the BAYC website, and not a trademark license and any comments regarding Ms. Muniz about the Terms and Conditions are needlessly cumulative and confusing. The BAYC website Terms and Conditions are the best evidence of the intellectual property rights that Yuga Labs licenses to its BAYC NFT holders. Fed. R. Evid. 1002.

Combined Statement of Facts Paragraph 94:

Objection to Defendants' use of Ripps Decl., Ex. 145 on the ground that the cited document does not support the asserted fact and is not authenticated. Fed. R. Evid. 901. Exhibit 145 does not establish that the wallet address that sent the NFT is controlled by Yuga Labs, that the receiving wallet address is controlled by the ApeCoin DAO, or that the transferred NFT is "a 1/1 NFT." The exhibit further contains inadmissible hearsay. Fed. R. Evid. 801, 802.

Yuga Labs further objects to Defendants' use of Exhibit 145 and purported fact because it has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403. Defendants have no evidence of any trademark license and the ApeCoin logo is not the same as Yuga Labs' Ape Skull Logo.

Combined Statement of Facts Paragraph 95:

Objection to Defendants' use of Ripps Decl., Ex. 146 on the ground that the

Fenwick & West LLP
Attorneys at Law

cited and unauthenticated document does not support the purported fact.  Fed. R.
Evid. 901.  Exhibit 146 does not show that the "NFT provided" the statement; the
"description" for the NFT contained within the metadata associated with the NFT
states the quoted statement.  Nor does it establish that the sending wallet address is
controlled by Yuga Labs, that the receiving wallet address is controlled by ApeCoin
DAO, or that the transfer occurred on March 16, 2022.  Finally, it also fails to
establish that the quoted statement is accurate or a representation from Yuga Labs.

The exhibit further contains inadmissible hearsay.  Fed. R. Evid. 801, 802.

Yuga Labs further objects to Defendants' use of Exhibit 146 because it has
no relevance to the case, and any probative value is substantially outweighed by a
danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.
Defendants have no evidence of any trademark license and the ApeCoin logo is not
the same as Yuga Labs' Ape Skull Logo.

Additionally, the final sentence of Defendants' statement is vague and
unintelligible insofar as it does not describe what the logo was "identical" to.

Combined Statement of Facts Paragraph 96:

Defendants do not support this purported fact with any evidence.  Defendants
must provide evidence to support their arguments.  *See Pac. Packaging Concepts,
Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2
(C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23
(1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
(1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818
F.2d 1466, 1468 (9th Cir. 1987)).  On that basis alone, the Court should disregard
Fact 167.  Fed. R. Evid. 401, 402, 403.

Defendants' supposed fact is also vague about which of Yuga Labs' many
NFT collections the supposed fact concerns.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 97:

Objection to Defendants' use of Ripps Decl., Ex. 110 at RIPPSCAHEN00020732 on the ground the cited document has no relevance to the motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.

Yuga Labs further objects to the cited document because it does not support the asserted statement.  Fed. R. Evid. 901.  Defendants' citation to RIPPSCAHEN00020732 is misleading and does not support the asserted fact that Yuga Labs abandoned its trademark application on October 3, 2022.

Additionally, defendants' assertion implies Yuga Labs abandoned its rights to the asserted mark beyond the trademark application with the serial number 97106855.  Yuga Labs continues to assert common law rights in this mark.

Combined Statement of Facts Paragraph 98:

Objection to Defendants' incorrect and misleading use of Mr. Aronow's deposition at 26:19-21.  Fed. R. Evid. 901. (Q. Is everything you said in your article true? A. To the best of my knowledge, yes.).  Defendants do not include the article with their evidence, ask about its contents in this excerpt, or otherwise use it to support this purported fact.  The cited testimony does not include the quoted language.  The article is the best evidence of what was written.  Fed. R. Evid. 1002.

The referenced testimony has no relevance to the motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 99:

Objection to Ripps Decl., Exhibit 143 on the ground the cited document does not support the purported fact and lacks authentication.  Fed. R. Evid. 901, 902.  The cited document does not show "ApeSwap was using APE in its company

FENWICK & WEST LLP
ATTORNEYS AT LAW

name" because there is no such company logo or name on the page.  Defendants offer no other admissible evidence to support that conclusion.  It is also inadmissible hearsay.  Fed. R. Evid. 801, 802.

The cited document has no relevance to the Motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 100:

Objection to Ripps Decl., Exhibit 142 on the ground the cited document does not support the purported fact and is not authenticated.  Fed. R. Evid. 901, 902. The cited document does not show the "entity associated with ApeCoin.dev was using APE in its name" because there is no named entity on the cited page.  It is not evident from the page what the name of the entity behind the URL "apecoin.dev" is.  Defendants offer no other admissible evidence to support that conclusion.  The document also contains inadmissible hearsay.  Fed. R. Evid. 801, 802.

The cited document has no relevance to the Motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 101:

Objection to Ripps Decl., Exhibit 144 on the ground the cited document does not have any relevance to the cited Motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  Defendants fail to cite to any admissible evidence to establish the date Yuga Labs released BAYC NFTs or authenticate this exhibit.  Fed. R. Evid. 901, 902.  The field in the cited document showing "Created March 2021" is a reference to the month in which the NFT collection was created; it does not establish that any NFTs were minted from the "Pixel of the Apes [LEGACY]"

FENWICK & WEST LLP
ATTORNEYS AT LAW

collection in March 2021.  The document also contains inadmissible hearsay.  Fed.
R. Evid. 801, 802.

Combined Statement of Facts Paragraph 102:

Objection to Defendants' citation to Exhibit 254 from Mr. Atalay's
deposition (at Gosma Decl. Ex. 251).  First, this purported fact is immaterial and,
therefore, the exhibit has no relevance and any probative value it is substantially
outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid.
401, 402, 403.  Whether Yuga Labs displayed a roadmap on the BAYC website at
the time of the BAYC NFT release is irrelevant to the claims at issue in this
case.  To the extent Defendants seek to use the purported fact to support their
unclean hands defense, the alleged wrongdoing of securities fraud is wholly
unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the
unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33
(9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary
relation" to plaintiff's acquisition of its rights).

Yuga Labs further objects to Defendants' citation to the Exhibit because the
cited document has not been authenticated and is not self-authenticating.  Fed. R.
Evid. 901, 902; *see* Gosma Decl. Ex. 251 at 127:4-12; 128:1-8; 129:6-13.

Additionally, the cited document does not even establish the purported fact.
Fed. R. Evid. 901.  The document does not establish the date "[w]hen Yuga [Labs]
released BAYC NFTs" as asserted.  It also fails to show that the "Roadmap
Activations" depicted were displayed on the Bored Ape Yacht Club website
"[w]hen Yuga [Labs] released BAYC NFTs."

Combined Statement of Facts Paragraph 103:

Objection to Defendants' use of Ripps Decl., Ex. 244 at
RIPPSCAHEN00016196.  The purported fact is immaterial, and the cited document

FENWICK & WEST LLP
ATTORNEYS AT LAW

has no relevance and any probative value it is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  Whether Yuga Labs had a strikethrough on a roadmap on the BAYC website is irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Additionally, the cited document does not even establish the purported fact. Fed. R. Evid. 901.  Defendants have failed to establish that "a strikethrough showing the goals on the list no longer need to be completed."   There is no support for Defendants' argumentative interpretation of what a strikethrough indicated.

Combined Statement of Facts Paragraph 104:

Objection to Defendants' citation to Exhibit 254 from Mr. Atalay's deposition.  The purported fact is immaterial, and the cited document has no relevance and any probative value it is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.   Whether the BAYC website states "We're in this for the long haul" is irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Yuga Labs further objects to Defendants' citation to the Exhibit because the cited document has not been authenticated and is not self-authenticating.  Fed. R.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Evid. 901, 902; *see* Gosma Decl. Ex. 251 at 127:4-12; 128:1-8; 129:6-13. Additionally, the cited document is improperly quoted. Fed. R. Evid. 901. The statement in Exhibit 254 is, "We're in this for the long haul." Further, the quotation is also incomplete and misleading. Fed. R. Evid. 106.

Combined Statement of Facts Paragraph 105:

Objection to Defendants' citation to Exhibit 254 from Mr. Atalay's deposition on the grounds that the purported fact is immaterial, the cited document has no relevance, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403. Whether the BAYC website lists a reference to a theoretical "Bored Ape liquidity pool" is irrelevant to the claims at issue in this case. To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense. *See S. California Darts Ass'n v. Zaffina, 762 F.3d 921, 33 (9th Cir. 2014)* (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Yuga Labs further objects to Defendants' citation to Exhibit 254 from Mr. Atalay's deposition because the cited document has not been authenticated and is not self-authenticating. Fed. R. Evid. 901, 902; *see* Gosma Decl. Ex. 251 at 127:4-12; 128:1-8; 129:6-13.

Combined Statement of Facts Paragraph 106:

Objection to Defendants' citation to Ripps Decl., Exs. 230 and 231 on the grounds that the purported fact is immaterial, the cited documents have no relevance, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

The date that Yuga Labs launched the Bored Ape Kennel Club (BAKC) NFT

FENWICK & WEST LLP
ATTORNEYS AT LAW

collection and the asserted fact are irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Further, neither Exhibit 230 nor Exhibit 231 support the assertion that Yuga Labs allowed "BAYC NFT holders to claim a Bored Ape Kennel Club NFT" on June 18, 2021.  Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 107:

Objection to Defendants' citation to Ripps Decl., Exs. 232 and 233 on the grounds that the purported fact is immaterial, the cited documents have no relevance, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.

The date that Yuga Labs launched the Mutant Ape Yacht Club (MAYC) NFT collection and the asserted fact are irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Further, neither Exhibit 232 nor Exhibit 233 support the assertion that Yuga Labs allowed "BAYC NFT holders to use a Mutant Serum to claim Mutant Ape Yacht NFTs" on August 28, 2021.  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 108:

Objection to Defendants' citation to Ripps Decl., Exs. 234 and 140 on the grounds that the purported fact is immaterial, the cited documents have no relevance, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.

The purported fact is irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Further, neither Exhibit 232 nor Exhibit 233 establishes the assertion that "Yuga [Labs] allowed each BAYC NFT holder to claim 10,000 ApeCoin" on March 17, 2021.  Fed. R. Evid. 901.  Exhibit 140 also does not state that Yuga Labs was the entity responsible for "allow[ing] each BAYC NFT holder to claim" ApeCoin.  It also does not state that each BAYC holder could "claim 10,000 ApeCoin" but rather that "BAYC holders can claim **about 10,000 APE per BAYC NFT**." (emphasis added).

Combined Statement of Facts Paragraph 109:

Objection to Defendants' citation to Ripps Decl., Ex. 147 on the grounds that the purported fact is immaterial, the cited documents have no relevance, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.

The approximate price of 10,000 ApeCoins "[o]n or around March 17, 2022" is irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing

of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense. *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Further, the cited document does not support the purported fact and has not been authenticated. Fed. R. Evid. 901. The time shown on the price chart states "March 18, 2022 at 5:00 PM." The document also contains inadmissible hearsay. Fed. R. Evid. 801, 802.

Combined Statement of Facts Paragraph 110:

Objection to Defendants' citation to Ripps Decl., Exs. 235 and 236 on the grounds that the purported fact is immaterial, the cited documents have no relevance, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

The purported fact is irrelevant to the claims at issue in this case. To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense. *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Defendants' citation to Mr. Atalay's deposition testimony at 147:13-17 is improper and misleading. Fed. R. Evid. R. 106, 901.

Further, neither the cited documents nor the referenced testimony support the purported fact. Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 111:

Objection to Defendants' citation to Ripps Decl., Exs. 136-139 on the

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  grounds that the purported fact is immaterial, the cited documents have no

2  relevance, and any probative value is substantially outweighed by a danger of unfair

3  prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403, 901, 902.  The fact

4  is plainly based on inadmissible hearsay.  Fed. R. Evid. 801, 802.

5      The purported fact that there are hearsay reports that Yuga Labs is under a

6  "probe investigation" by the Securities and Exchange Commission is irrelevant to

7  the claims at issue in this case.  Regardless, an announcement of a government

8  investigation does not establish an allegation of securities fraud.  *See Loos v.*

9  *Immersion Corp.*, 762 F.3d 880, 889-90 (9th Cir. 2014) ("[T]he announcement of

10 an [SEC] investigation does not 'reveal' fraudulent practices to the market.");

11 *Paddock v. Dreamworks Animation SKG, Inc.*, 2015 WL 12711653, at *14 (C.D.

12 Cal. Apr. 1, 2015) ("[T]he announcement of the SEC investigation … does not

13 reveal to the market the pertinent truth of anything."); *In re Herbalife, Ltd. Sec.*

14 *Litig.*, 2015 WL 12732428, at *2-3 (C.D. Cal. Mar. 27, 2015) (announcement of

15 FTC investigation did not reveal alleged fraud).

16     To the extent Defendants seek to use the purported fact to support their

17 unclean hands defense, the alleged wrongdoing of securities fraud is wholly

18 unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the

19 unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33

20 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary

21 relation" to plaintiff's acquisition of its rights).

22     Additionally, the purported fact is vague and unintelligible insofar as it fails

23 to specify the relationship between the probe investigation and BAYC NFTs (i.e.,

24 "probe investigation the securities" is incomprehensible).

25

26 Combined Statement of Facts Paragraph 112:

27     Objection to Defendants' citation to Ripps Decl., Ex. 108 on the grounds that

28 the purported fact is immaterial, the cited document has no relevance, and any

probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  Defendants' citation to the entire complaint rather than a specific statement is substantially prejudicial given the numerous unsubstantiated accusations in the pleading.

The fact that Yuga Labs has been sued in a class action lawsuit is irrelevant to the claims at issue in this case.  To the extent Defendants seek to use the purported fact to support their unclean hands defense, the alleged wrongdoing of securities fraud is wholly unrelated to Yuga Labs' acquisition of its rights, and thus beyond the scope of the unclean hands defense.  *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 33 (9th Cir. 2014) (alleged misconduct must bear an "immediate and necessary relation" to plaintiff's acquisition of its rights).

Further, Yuga Labs objects on the basis that a complaint filed in an unrelated litigation is not admissible evidence.  The complaint contained in Exhibit 108 contains statements that are inadmissible hearsay and Defendants cite to the entire complaint rather than any specific page or statement.  Fed. R. Evid. 801, 802.

Combined Statement of Facts Paragraph 113:

Objection to Defendants' citation to Ripps Decl., Ex. 121-135 on the ground that the cited documents do not support the assertion.  Fed. R. Evid. 901.  First, the cited documents do not support the assertion that Mr. Ripps received the referenced emails "[m]onths before Yuga [Labs] filed this lawsuit."  Yuga Labs filed this lawsuit on June 24, 2022.  The earliest send date from the cited emails is May 24, 2022 in Exhibit 121 and only one other email was sent in May (Exhibit 122 shows an email from May 30, 2022).  Exhibits 123-133 show emails sent between June 20, 2022 and June 22, 2022.  Exhibit 134 shows an email sent one day after the lawsuit was filed, and Exhibit 135 shows an email on July 21, 2022, almost a month after the lawsuit was filed.  Second, these exhibits show emails, not "letters" as asserted.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Yuga Labs further objects to these Exhibits containing emails from third-parties as inadmissible hearsay to the extent Defendants are offering them for the truth of the matter asserted.  Fed. R. Evid. 801, 802.

Combined Statement of Facts Paragraph 114:

Objection to Defendants' use of this fact on the ground that it does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; cf. Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Also, Defendants' use of Mr. Ripps deposition testimony at 95:14-98:7 is inaccurate and misleading.  Fed. R. Evid. 901. His conclusory statements about Etherscan and grievances with a specific exhibit are irrelevant, unhelpful, and misleading.  Fed. R. Evid. 401, 402, 403.

Defendants' citation to Mr. Atalay's deposition testimony is misleading and incomplete. Fed. R. Evid. 106.  Further, the cited testimony does not support the purported fact.  Fed. R. Evid. 901; see at Gosma Decl., Ex. 251 at 38:20-39:03; 68:01-17; 69:09-17; and 71:01-08.

Combined Statement of Facts Paragraph 115:

Objection to Defendants' use of this statement on the ground that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; cf. Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).  Whether RR/BAYC NFTs and BAYC NFTs had different pages on Etherscan is not related to any issue in dispute. Fed. R. Evid. 401, 402, 403.

In his declaration, Mr. Ripps fails to explain the steps that he took to get to

FENWICK & WEST LLP
ATTORNEYS AT LAW

these "NFT specific pages," thereby failing to properly authenticate the cited documents, which are not self-authenticating.  Fed. R. Evid. 106, 901, 902.  Further, Mr. Ripps fails to authenticate the BAYC NFT "specific page" in his declaration; he labels it as a page for "BoredApeYachtClub #3721."  *See* Ripps Decl. ¶ 95.  ("A true and correct copy of an Etherscan NFT listing, titled "BoredApeYachtClub #3721," is attached as Exhibit 195.").

Furthermore, Yuga Labs objects to Defendants' use of Ripps Decl., Exs. 196 and 196 on the grounds the documents do not support the asserted statement and are misleading.  Fed. R. Evid. 901.  First, the assertion implies that these pages have always looked this way, but Exhibit 195 is undated and Exhibit 196 appears to have been captured on March 1, 2023.  Second, there is no such field as "smart contract name" on the pages in either of the cited documents.  Finally, both cited documents feature the words "Bored Ape Yacht Club" at the top.

Combined Statement of Facts Paragraph 116:

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).  The number of sales of RR/BAYC NFTs on the "primary market" is not at issue in the Motion.

Objection to Ripps Decl., Exhibit 143 on the ground the cited portion of the report does not support the purported fact.  Fed. R. Evid. 901.  Ms. Kindler's report categorizes Defendants' profits from initial sales ("mint") or secondary sales of RR/BAYC NFTs.  Defendants fail to explain what a "primary market" is and which of the two types of sales they are including in it.  Further, the data in the report is limited exclusively to profits, not the number of sales.  There is no indication whether there were more NFTs sold through initial sales or by secondary sales in the cited section of the report to establish Defendants' assertion.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Further, the purported fact is incomplete and the statement is misleadingly taken out of context.  Fed. R. Evid. 106.  The cited data in Ms. Kindler's report is current as of February 1, 2023, which Defendants fail to note or consider.

Combined Statement of Facts Paragraph 117:

Objection to Defendants' use of Mr. Ripps' deposition testimony at 191:3-18 and Mr. Cahen's deposition testimony at 241:11-19 and 297:15-298:2 on the ground the referenced testimony does not support the asserted fact.  Fed. R. Evid. 901.  None of the cited testimony excerpts establish that any RR/BAYC NFT "primary market sales" (whatever those are) occurred on Twitter as Defendants assert.  The words "Twitter" and "social media" are entirely absent from all of the cited references for this purported fact.

The "primary market sales" that Defendants reference are ambiguous and undefined.  It is not obvious which types of sales Defendants refer to and whether their individual sales of RR/BAYCs they minted for themselves are included in the purported fact.

Further, Mr. Ripps' deposition testimony at 191:3-18 and Mr. Cahen's deposition testimony at 241:11-19 and 297:15-298:2 are incomplete and misleading. Fed. R. Evid. 106.

Combined Statement of Facts Paragraph 118:

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Defendants' use of Mr. Ripps' deposition testimony at 82:8-13 and 240:5-9 on the ground the cited testimony does not support the asserted fact.  Fed. R. Evid. 901.  In both referenced testimony excerpts, Mr. Ripps confirms that

Fenwick & West LLP
Attorneys at Law

RR/BAYC NFTs were sold "through Foundation," not that the NFTs were "minted on Foundation."

Combined Statement of Facts Paragraph 119:

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Defendants' use of Ripps Decl., Ex. 186 and Mr. Ripps' deposition testimony at 60:18-61:9 and 76:10-22 on the ground the cited document and testimony do not support the asserted fact. Fed. R. Evid. 901. None of Defendants' citations support that "Foundation generated" any page related to RR/BAYC NFTs, let alone the entire page. Fed. R. Evid. 401, 402, 403, 901. Further, Exhibit 186 shows the Foundation page for RR/BAYC NFTs on June 21, 2022, over a month after Mr. Ripps minted the collection. Additionally, Exhibit 186 does not reveal a specific "creator" field that identifies Mr. Ripps as the collection's "creator" as asserted.

Combined Statement of Facts Paragraph 120:

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Combined Statement of Facts Paragraph 121:

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts

FENWICK & WEST LLP
ATTORNEYS AT LAW

with citations to the paragraph number in the SUF).

Objection to Defendants' use of Mr. Ripps deposition testimony at 95:14-98:7 on the ground that it is inaccurate and misleading.  Fed. R. Evid. 901.  The cited portion of Mr. Ripps testimony does not establish any part of the purported fact.  All Mr. Ripps states regarding artists on Foundation is that "the very nature of the platform Foundation is based on one of one artist creations."  There is no mention of any purported "artist-only" restriction on Foundation nor any indication that collections on Foundation "were organized by creators."

The cited testimony falls beyond the scope of a lay witness opinion and is inadmissible insofar as the portion of Mr. Ripps testimony is used to establish a fact.  Fed. R. Evid. 701.

Whether Foundation **was** once an "artist-only marketplace where collections **were** organized by creators" is immaterial.  Fed. R. Evid. 401, 402, 403.  Defendants cite no admissible evidence to establish that Foundation "**was** an artists-only marketplace" but is not one any longer or that collections on Foundation "**were** organized by creators" but are no longer organized that way.

Combined Statement of Facts Paragraph 122:

The fact is immaterial and does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf*. Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Defendants' use of Ripps Decl., Ex. 237 on the ground that the cited document has no relevance to the Motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The document is entirely unrelated to Defendants' assertion and contains 28 pages of Tweets from over a year before the asserted event took place, which are also hearsay.  Fed. R. Evid. 801, 802.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Yuga Labs also objects to Exhibit 237 because the cited document does not establish the purported fact.   Fed. R. Evid. 901, 902.  All 28 pages of Tweets by Foundation and replies by third-parties are from January, 2022.  There is not a single tweet in Exhibit 237 from January 2023 to establish Defendants' assertion. None of the Tweets from January 2022 are related to the assertion that Foundation began allowing the "import of external NFT collections" and nor could they because no such announcement took place in 2022.  The exhibit is also not authenticated or self-authenticating.

Combined Statement of Facts Paragraph 123:

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Defendants' use of Ripps Decl., Ex. 237 on the ground that the cited document has no relevance to the Motion, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.  The cited documents do not establish any part of the assertion, and are inadmissible hearsay.  Fed. R. Evid. 801, 802.

Yuga Labs further objects to Exhibits 193 and 194 because the cited documents do not establish the purported fact. Fed. R. Evid. 901, 902.  Exhibit 193 shows the Foundation page for Bored Ape Yacht Club NFTs on January 26, 2023 on the Wayback Machine; it does not reveal that the collection was not on the site before.  Exhibit 194 shows six Wayback Machine URL captures dated January 26, 2023, which also fails to establish that the collection did not exist on Foundation before then.  The exhibit is also not authenticated or self-authenticating.

Fenwick & West LLP
Attorneys at Law

Combined Statement of Facts Paragraph 124:

Objection to Defendants' use of Mr. Ripps' deposition testimony at 123:10-17, 194:10-12 and Mr. Cahen's deposition testimony at 255:25-256:08 on the grounds that the referenced testimony does not support the asserted fact.  Fed. R. Evid. 901.  The referenced deposition testimony for Mr. Ripps and Mr. Cahen only discuss the price of RR/BAYC NFTs in terms of Ethereum and do not establish that Defendant Ripps sold RR/BAYC NFTs for a price between $100 and $200.

Yuga Labs further objects to Defendants' incomplete and misleading use of the cited deposition transcripts.  Fed. R. Evid. 106.

Combined Statement of Facts Paragraph 125:

Objection to Defendants' incorrect and misleading use of Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50 on the grounds that the cited document does not support the assertion that the statement depicted on the rrbayc.com website is an "artist statement" or that users "must" scroll past it before being able to purchase an RR/BAYC NFT.  Fed. R. Evid. 901.  The cited document merely shows the statement as depicted rrbayc.com homepage, and Defendants do not cite to any evidence that indicates whether users were required to scroll past the statement every time they purchased an RR/BAYC NFT from rrbayc.com or elsewhere.

Combined Statement of Facts Paragraph 126:

Objection to Ripps Decl., Ex. 242 at RIPPSCAHEN00016301-08 on the grounds that that the statements in the document constitute inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  To the extent the document is offered for any other reason, it is irrelevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.  Fed. R. Evid. 401, 402, 403.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

Combined Statement of Facts Paragraph 127:

2       Objection to Ripps Decl., Ex. 185 on the grounds that the document is an

3   incomplete depiction of Ryder Ripps' website where he sold infringing NFTs.  Fed.

4   R. Evid. 106.

5       Further, the cited document does not support the purported fact.  Fed. R.

6   Evid. 901.  The document does not establish that the rrbayc.com website "required

7   purchasers to click through a disclaimer."  Nor does the document establish that the

8   "disclaimer" appeared on the rrbayc.com website.  And the document does not

9   establish that the "disclaimer" was shown to all purchasers of RR/BAYC NFTs.

10

11  Combined Statement of Facts Paragraph 128:

12      Objection to Ripps Decl., Exs. 203-205, 207-209 on the grounds that the

13  unauthenticated documents are incomplete and misleading.  Fed. R. Evid. 106, 901.

14  The captures of the "disclaimer" shown in the tweets are misleading and incomplete

15  depictions of Ryder Ripps' website where he sold infringing NFTs.  The exhibits

16  are also inadmissible hearsay.  Fed. R. Evid. 801, 802.

17

18  Combined Statement of Facts Paragraph 129:

19      Objection to Ripps Decl., Exs. 198-202 on the grounds that that the

20  documents are incomplete and misleading.  Fed. R. Evid. 106, 901.  The captures

21  shown in the Tweets are misleading and incomplete depictions of Ryder Ripps'

22  rrbayc.com website where he sold infringing NFTs.  Further, the Tweets do not

23  establish that "RR/BAYC NFTs were a satirical NFT collection that is critical of

24  the Bored Ape Yacht Club."  Many of the Tweets do not mention RR/BAYC and

25  many of the Tweets are not "critical" of Bored Ape Yacht Club (e.g. Ex. 200).

26      Objection on the grounds that the purported fact is immaterial, the cited

27  documents have no relevance, and any probative value is substantially outweighed

28  by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402,

1    403.

2

3    Combined Statement of Facts Paragraph 130:

4         Objection to Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 197 at

5    RIPPSCAHEN00016832, 242 at RIPPSCAHEN00016301-08 on the grounds that

6    the documents are incomplete, misleading, and do not establish that the "RR/BAYC

7    Project was launched to protest and criticize Yuga Labs."  Fed. R. Evid. 106, 901.

8    Ex. 242 does not even mention RR/BAYC.

9         Objection on the grounds that the purported fact is immaterial, the cited

10   documents have no relevance, and any probative value is substantially outweighed

11   by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402,

12   403.

13

14   Combined Statement of Facts Paragraph 131:

15        Objection to Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 197 at

16   RIPPSCAHEN00016832, 242 at RIPPSCAHEN00016301-08 and Gosma Decl. Ex.

17   247 at 136:1-10 on the grounds that the documents and testimony are incomplete,

18   misleading, and do not establish that the "RR/BAYC Project was launched to

19   educate the public on the meaning of NFTs."  Fed. R. Evid. 106, 901.

20        Objection on the grounds that the purported fact is immaterial, the cited

21   documents have no relevance, and any probative value is substantially outweighed

22   by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402,

23   403.

24

25   Combined Statement of Facts Paragraph 132:

26        Objection to Ripps Decl., Ex. 141 at RIPPSCAHEN00000866 on the grounds

27   that the statements within the article are inadmissible hearsay and no exception is

28   applicable.  Fed. R. Evid. 801, 802.  Further objection on the grounds that that the

Fenwick & West LLP
Attorneys at Law

document is incomplete and misleading.  Fed. R. Evid. 901.  The document does not support the Defendants' statement that Ryder Ripps is "well-known" as a conceptual artist.  There is nothing in the document indicating that Ryder Ripps is "well-known."

Combined Statement of Facts Paragraph 133:

Objection to Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 197 at RIPPSCAHEN00016832, 242 at RIPPSCAHEN00016301-08, Gosma Decl. Exs. 247 at 174:22-177:10, 253 at 72:11-16 on the grounds that the documents and testimony are incomplete, misleading, and do not establish that "The protest and criticism against Yuga Labs was closely tied to the sale of RR/BAYC NFTs."  Fed. R. Evid. 106, 901.

This purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Combined Statement of Facts Paragraph 134:

Objection to Ripps Decl., Ex. 198 at RIPPSCAHEN00016868 and Ex. 202 at RIPPSCAHEN00019521 on the grounds that the unauthenticated documents are incomplete, misleading, and do not establish that these Twitter posts are "posts supporting the satirical nature of the project and criticism of Yuga Labs."  Fed. R. Evid. 106, 901.  None of the comments mention satire, BAYC NFTs, or Yuga Labs.

Further objection on the grounds that the statements in the documents constitute inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  To the extent the evidence is offered for any other reason, it is irrelevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.  Fed. R. Evid. 401, 402, 403; *see*

Fenwick & West LLP
Attorneys at Law

*MGA Entertainment v. Harris et al.*, No. 2:20-cv-11548-JVS-AGR (C.D. Cal. Jan. 25. 2023) (Dkts. 565, 569) (declaring mistrial because of defendants' repeated attempts to make accusations of racism and cultural appropriation to distract from the merits of a trademark case).  The contents of the image capture within the tweet have not been authenticated and are not self-authenticating.  Fed. R. Evid. 901, 902.

Combined Statement of Facts Paragraph 135:

Objection to this purported fact because it does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Ripps Decl., Exs. 121-135 on the ground that these third-party emails are all irrelevant to the asserted fact.  Fed. R. Evid. 401, 402.  Any probative value of these exhibits is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 402, 403.

Further, portions of these emails contain irrelevant and hearsay statements. Fed. R. Evid. 401, 801, 802.

Combined Statement of Facts Paragraph 136:

Objection to this purported fact because it does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Ripps Decl., Exs. 121-135 on the ground that these third-party emails are all either partially or entirely irrelevant to the asserted fact and any probative value is substantially outweighed by unfair prejudice.  Fed. R. Evid. 401, 402, 403.

None of the statements in any of these exhibits mention Yuga Labs either

FENWICK & WEST LLP
ATTORNEYS AT LAW

directly or indirectly and therefore cannot support the assertion that these third parties "understood" the lack of association between RR/BAYC NFTs and Yuga Labs.  Fed. R. Evid. 401, 801, 802.

Combined Statement of Facts Paragraph 137:

Objection to Defendants' mischaracterization of and misleading use of Muniz Decl., Ex. 62, which does not support the assertion that all RR/BAYC NFTs sold on OpenSea were sold in the asserted fashion before or after that date.   The exhibit is an image from the Wayback Machine of opensea.io/collection/rrbayc taken on June 13, 2022, but Ripps had been selling RR/BAYC NFTs for nearly one month preceding that date.  Further, the exhibit does not support the assertion that the collection page "direct[s] consumers" to rrbayc.com.   Fed. R. Evid. 901.

Combined Statement of Facts Paragraph 138:

Objection to Ripps Decl., Exhibit 184 at RIPPSCAHEN00021149-50.   The exhibit contains Mr. Ripps' personal narrative statements on the rrbayc.com website.  Exhibit 184 is an incomplete example of Ripps' infringing rrbayc.com website.  Fed. R. Evid. 106, 901.

Any probative value of this exhibit is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 402, 403; *see MGA Entertainment v. Harris et al.*, No. 2:20-cv-11548-JVS-AGR (C.D. Cal. Jan. 25, 2023) (Dkts. 565, 569) (declaring mistrial because of defendants' repeated attempts to make accusations of racism and cultural appropriation to distract from the merits of a trademark case).

This exhibit does not support the purported fact as to Mr. Ripps' intent in creating the RR/BAYC NFTs.  Fed. R. Evid. 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 139:

Defendants' fact 216 is misleading and objectionable to the extent it is vague as to the timeframe.  Fed. R. Evid. 106, 901.  Mr. Ripps changed his ENS name to "ryder-ripps.eth" *after* he created the RR/BAYC smart contract and *after* Yuga Labs filed this lawsuit.  Atalay Decl. Ex. 6.

Combined Statement of Facts Paragraph 140:

Objection to Defendants' improper and misleading use of Laura O'Laughlin's deposition testimony at 77:16-24 because she does not discuss NFT sales or listings on Foundation.  Fed. R. Evid. 106, 901.  Moreover, Defendants omit 77:23 for no valid reason and the exclusion is unnecessarily prejudicial.  Fed. R. Evid. 401, 402, 403.

Objection to Ripps Decl., Exs. 186, 187, 188, 193, and 194 on the ground that, absent any context or explanation by Defendants, these exhibits are misleading, unhelpful, unauthenticated, and any probative value is substantially outweighed by unfair prejudice.  Fed. R. Evid. 106, 401, 402, 403, 901.  Defendants fail to indicate which parts if any of these Foundation screenshots are relevant to their assertion.  Exhibit 194 is just an image of six URLs on Foundation.  They are also inadmissible hearsay.  Fed. R. Evid. 801, 802.

Combined Statement of Facts Paragraph 141:

Objection to the misleading and improper use of Mr. Cahen's deposition testimony at 93:4-94:9. Fed. R. Evid. 106, 401, 402, 403, 701, 702, 901.  The quoted testimony constitutes improper lay witness and unfounded expert witness testimony regarding the alleged token uniqueness of RRBAYC NFTs.  Fed. R. Evid. 701, 702.  Further, Mr. Cahen does not say "RR/BAYC NFTs and BAYC NFTs are different tokens on the blockchain" as asserted, but rather that each individual RR/BAYC NFT has a "different specific address."  There is no mention

of BAYC NFTs in the cited testimony and the "art project" testimony is irrelevant and prejudicial.   Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 142:

Objection to Defendants' use of Lauren Kindler's deposition testimony at 89:15-18 on the grounds that Defendants' citation is incomplete, out of context, and misleading as a result of Defendants' omission of 89:18-90:7.  Fed. R. Evid. 106, 401, 403, 901.  Ms. Kindler actual testimony directly contradicts Defendants' assertion.

Combined Statement of Facts Paragraph 143:

Objection to Ripps' Decl. ¶ 3 on the basis that it is an improper lay witness testimony and unfounded expert testimony.  Fed. R. Evid. 701, 901.  Mr. Ripps is not an expert witness, and he has not provided a foundation that he is qualified to offer expert opinion testimony.  Fed. R. Civ. P. 26, 37.

The testimony about statements by other, unidentified third parties constitutes hearsay within hearsay, for which no exception is applicable.  Fed. R. Evid. 801, 803.

Combined Statement of Facts Paragraph 144:

Objection to Defendants' misleading use of Gosma Decl. Ex. 254 on the grounds it does not support the asserted fact.  Fed. R. Evid. 901, 401, 402, 403. Whether Yuga Labs is aware "of any specific instance where a Person or Entity purchased a RR/BAYC NFT believing that the NFT was a BAYC does not mean there has "never" been an instance of mistake as Defendants assert.  Further, the admission cited by Defendants concerns purchases of BAYC NFTs, not RR/BAYC NFTs.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

Combined Statement of Facts Paragraph 145:

Objection to Defendants' misleading use of Gosma Decl., Ex. 254 on the grounds it does not support the asserted fact. Fed. R. Evid. 901, 401, 402, 403. Whether Yuga Labs is aware "of any specific instance where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps" does not mean there has "never" been an instance of mistake as Defendants assert.

Combined Statement of Facts Paragraph 146:

Objection to Ripps Decl., Exs. 211-215 on the grounds the fact is a misleading representation of what the exhibits show.  Fed. R. Evid. 106.  While the quoted users were themselves able to identify the NFT was a RRBAYC NFT, there are multiple exchanges in Exhibit 211 showing users were unable to discern that it was a RRBAYC NFT, such as "Something fishiy…..wtf 6 eth for this golden #BAYC ?" and "What a gold ape sold for 6eth must be a glitch!"

Combined Statement of Facts Paragraph 147:

Objection to Ripps Decl., Ex. 218 at RIPPSCAHEN00015350 on the grounds it is incomplete and unauthenticated.  Fed. R. Evid. 106, 901, 902.  Contrary to Defendants' assertion that @streetoshi "messaged Defendant Ripps stating that he was 'picking fights' with Defendant Ripps as a game," the evidence clearly indicates Ripps messaged @streetoshi.  Fed. R. Evid. 401, 402, 403.  The exhibit is also inadmissible hearsay.  Fed. R. Evid. 801, 802.

Combined Statement of Facts Paragraph 148:

Objection to Ripps Decl., Ex. 219 on the ground it is incomplete, irrelevant to establish the any fact, and prejudicial.  Fed. R. Evid. 106, 901.  Defendants incorrectly refer to the contents of Exhibit 219 as a "meme" where it is a video. Defendants refer to multiple "comments" by @streetoshi in the asserted fact but

Exhibit 220 contains only one Twitter reply by the user.  Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 149:

Objection to Defendants' citation to the use of Ball Decl., Ex. 28 to support this purported fact on the ground that Defendants fail to indicate which messages or even Bates numbers are relevant to their asserted fact.  The Exhibit consists of 5 pages and over 100 messages.  None of the messages support the asserted fact that Defendants took any steps to prevent possible consumer confusion.  Defendants do not identify any steps that were taken.  Fed. R. Evid. 106, 901.

Objection to Gosma Decl., Ex. 248 at 328:09-330:02, which does not support that those steps were actually taken.  Fed. R. Evid. 106, 901.

Combined Statement of Facts Paragraph 150:

Objection to Defendants' citation to Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 185 at RIPPSCAHEN0021219, Gosma Decl., Ex. 248 at 328:09-330:02 on the grounds that the cited documents are incomplete, misleading, and fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The documents do not establish that "Defendants took steps in designing RR/BAYC NFTs to prevent consumer confusion."

Combined Statement of Facts Paragraph 151:

Objection to Defendants' citation to Gosma Decl., Ex. 246 at 189:20-191:3 on the grounds that the cited testimony is incomplete, misleading, and fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The testimony does not establish that "Yuga Labs has not pursued an action enforcing their alleged rights to the trademark 'APE' against ApeSwap or their website apeswap.finance."

The cited documents have no relevance to the case, and any probative value

Fenwick & West LLP
Attorneys at Law

is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 152:

Objection to Defendants' citation to Berger Decl. Ex. 106 53; Muniz Decl. Ex. 62, 75; Dkt 1 ¶ 33 on the grounds that the cited documents are incomplete, misleading, and fail to support the purported fact.  Fed. R. Evid. 106.  The documents do not establish that "RR/BAYC and BAYC pages on secondary markets have token displays that use different names."

The purported fact has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 153:

Objection to Defendants' citation to Gosma Decl., Ex. 252 at 88:1-07 on the grounds that the cited testimony is incomplete, misleading, and fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The testimony does not establish that Laura O'Laughlin "could not identify which of her two mutually exclusive survey methodologies was appropriate for this case."  Further, Ex. 252 does not contain page 88.

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 154:

Objection to Defendants' citation to Atalay Decl. Ex. 7; Muniz Decl. Ex. 62; Ripps Decl., Ex. 186 on the grounds that the cited documents fail to support the asserted fact.  Fed. R. Evid. 106, 901.  The exhibits do not establish that Ryder Ripps was and/or was always listed as the creator of the RR/BAYC NFTs on the

FENWICK & WEST LLP
ATTORNEYS AT LAW

Etherscan, Opensea, and/or Foundation pages.

Combined Statement of Facts Paragraph 155:

Objection to Defendants' citation to Williams Decl. Ex. 4 at 21 on the grounds that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection to Defendants' citation to Williams Decl. Ex. 4 on the grounds that the cited document fails to support the asserted fact. Fed. R. Evid. 901. The exhibit does not establish that "Yuga Labs titled takedown requests as 'Notice Under DMCA.'" The "Subject" line contained in the one takedown request, dated June 21, 2022, on page 21 of Williams Decl. Ex. 4 is "Yuga Labs, Inc. Notice Under DMCA/foundation.app."

Combined Statement of Facts Paragraph 156:

Objection to Defendants' citation to Williams Decl. Ex. 4 on the grounds that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Combined Statement of Facts Paragraph 157:

Objection to Defendants' citation to Williams Decl. Ex. 4 on the grounds that the cited document fails to support the asserted fact. Fed. R. Evid. 901. The exhibit does not state that Yuga Labs sent an attestation acknowledging that they were subject to liability under the DMCA. Nor does it imply that any supposed attestation was included in more than one successful trademark takedown requests.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

2    Combined Statement of Facts Paragraph 158:

3        Objection to Defendants' citation to Williams Decl. Ex. 4 on the grounds that

4    the purported fact does not support any argument in Defendants' brief in opposition

5    to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.*

6    Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with

7    citations to the paragraph number in the SUF).

8

9    Combined Statement of Facts Paragraph 159:

10        Objection to Defendants' citation to Ripps Decl., Ex. 149 at

11    RIPPSCAHEN00020226 on the grounds that the cited document fails to support the

12    asserted fact.  Fed. R. Evid. 106, 901.  Exhibit Ripps Decl. Ex. 149 does not contain

13    RIPPSCAHEN00020226.

14        The exhibit has no relevance to the case, and any probative value is

15    substantially outweighed by a danger of unfair prejudice and confusing the issues.

16    Fed. R. Evid. 401, 402, 403.

17        The exhibit is hearsay for which there is no exception.  Fed. R. Evid. 801,

18    803.  The exhibit not been authenticated and is not self-authenticating.  Fed. R.

19    Evid. 901, 902.

20

21    Combined Statement of Facts Paragraph 160:

22        Objection to Defendants' citation to Muniz Decl. Ex. 52 on the grounds that

23    the cited document fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The

24    cited document does not establish that "Snoop Dogg (Calvin Broadus) has never

25    disclosed his investment positions in Yuga while promoting Yuga's products."

26        The exhibit cited has no relevance to the case, and any probative value is

27    substantially outweighed by a danger of unfair prejudice and confusing the issues.

28    Fed. R. Evid. 401, 402, 403.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 161:

Objection to Defendants' citation to Gosma Decl. Ex. 249 at 83:2-85:5, 102:18-103:8 on the grounds that the cited testimony fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The cited testimony does not establish the purported fact.

The exhibit cited has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 162:

Objection to Defendants' citation to Ripps Decl., Ex. 239 at RIPPSCAHEN00025331 on the grounds that the cited document fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The tweet contained in RIPPSCAHEN00025331 does not establish that Snoop Dogg purchased a Bored Ape Yacht Club NFT and promoted that ownership.

The exhibit cited has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Fed. R. Evid. 401, 402, 403.

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Combined Statement of Facts Paragraph 163:

Objection to Defendants' citation to Ripps Decl., Ex. 109 on the grounds that the cited document fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The Class Action Complaint does not cite "16 CFR 255.5."  Further, Ripps Decl., Ex. 109 contains Yuga Labs' Trademark Application No. 97106855, not a Class Action Complaint.

The Class Action Complaint has no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.

The exhibit is hearsay for which there is no exception.  Fed. R. Evid. 801, 803.

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

Combined Statement of Facts Paragraph 164:

Objection to Defendants' citation to Paragraph 19 of the Complaint on the grounds that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection on the grounds that the cited document fails to support the asserted fact.  Fed. R. Evid. 106, 901.  Paragraph 19 of the Complaint does not state that Yuga Labs' BAYC Marks obtained customer recognition as a result of celebrity endorsements.

The exhibit is hearsay for which there is no exception.  Fed. R. Evid. 801, 803.

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Defendants' citation to the Complaint also fails to raise a genuine dispute as to this issue.  "Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or 'metaphysical doubt' about a material issue of fact precludes summary judgment."  *See Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. 219CV04755ODWEX, 2021 WL 3511200, at *2 (C.D. Cal. Aug. 10, 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987)).

Combined Statement of Facts Paragraph 165:

Objection to Defendants' use of Williams Decl. Ex. 2 on the grounds that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection on the grounds that the cited document fails to support the asserted fact.  Fed. R. Evid. 901.  The cited document does not establish that "dozens" of Yuga Labs' takedown requests contained an "attestation acknowledging liability under the DMCA's anti-fraudulent takedown provision."

Combined Statement of Facts Paragraph 166:

Objection to Defendant's use of Ball Decl. Ex. 31 at YugaLabs_0000292726 on the grounds that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment.  Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection on the grounds that the cited document fails to support the asserted fact.  Fed. R. Evid. 901.  Defendants mischaracterize the contents of the email by stating that the email establishes that "Foundation warned them that the DMCA was inapplicable."

Defendants cite no admissible evidence to support their purported fact.  Fed. R. Evid. 401, 402, 403.

The June 25, 2022, email contained in YugaLabs_00029726 is the best evidence of what was written.  Fed. R. Evid. 1002.

Combined Statement of Facts Paragraph 167:

Objection to Defendant's use of Ball Decl. Ex. 31 at YugaLabs_0000292726 on the grounds that the purported fact does not support any argument in Defendants' brief in opposition to Yuga Labs' Motion for Summary Judgment. Fed. R. Evid. 401, 402, 403; *cf.* Scheduling Order (Dkt. 57) at 4(d) (requiring parties to support all facts with citations to the paragraph number in the SUF).

Objection on the grounds that the citation fails to support the asserted fact. Fed. R. Evid. 901.  Defendants mischaracterize the contents of the email by stating that Yuga Labs' counsel "raises the spectre of safe harbor defenses" when no such statement exists in the email.  Defendants also cite "YugaLabs_0000292726" (which is not contained in Ball Decl. Ex. 31), instead of YugaLabs_00029726.

The June 25, 2022, email contained in YugaLabs_00029726 is the best evidence of what was written.  Fed. R. Evid. 1002.

Combined Statement of Facts Paragraph 168:

Objection to Ripps Decl., Exs. 210 at RIPPSCAHEN 00025209, 227 at RIPPSCAHEN00017539 on the grounds that the citation is incomplete and misleading and fails to support the asserted fact.  Fed. R. Evid. 106, 901.  The documents do not establish the asserted fact that "Yuga has a history of claiming

FENWICK & WEST LLP
ATTORNEYS AT LAW

logos it does not own."

The cited documents and purported fact have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 401, 402, 403.  The Bored Ape Kennel Club trademark is immaterial to this lawsuit as it is not at issue in this case.

Combined Statement of Facts Paragraph 169:

Objection to Defendants' misleading and incomplete use of the Gosma Decl., Ex. 250 at 62:18-66:3; Ex. 246 at 69:16-70:3; Ex. 245 at 39:25-40:15.  Fed. R. Evid. 106, 901.  Defendants failed to include pages 39 and 40 of Exhibit 245. These documents do not establish that the third-party designer designed all of the BAYC Marks.

Yuga Labs further objects on the basis that the cited documents have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice, wasting time, needlessly presenting cumulative evidence, and confusing the issues.  Fed. R. Evid. 401, 402, 403.  Yuga Labs has not identified the third-party designer who assisted in the design of the BORED APE YACHT CLUB BA YC and Ape Skull Logos, consistent with the Court's Order that it was not required to disclose the person's identity.

Combined Statement of Facts Paragraph 170:

Objection to Defendants' use of Laura O'Laughlin's declaration and report on the ground the referenced declaration and report do not support the asserted fact. Fed. R. Evid. 901.  Yuga Labs also objects to Defendants' misleading and incomplete use of these documents.  Fed. R. Evid. 106.  Defendants mischaracterize Laura O'Laughlin's expert report by stating that a consumer who enters "BORED APE YACHT CLUB" into their response "*copied the text*" "from the survey stimulus" when her report does not state that purported fact.

1    Dated:  April 3, 2023                    FENWICK & WEST LLP

2

3                                             By:    /s/ Kimberly Culp
4                                                  Kimberly Culp
                                              Attorneys for Plaintiff and
5                                             Counterclaim Defendant
                                              YUGA LABS, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW