Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> Ryder Ripps and Jeremy Cahen, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **MR. RIPPS AND MR. CAHEN'S LR 56-2 STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. John F. Walter <br> Hearing: April 17, 2023, at 1:30 p.m. <br> Discovery Cutoff Date: April 3, 2023 <br> Pre-Trial Conference Date: June 9, 2023 <br> Trial Date:  June 27, 2023 |

Pursuant to Local Rule 56-2, Defendants Ryder Ripps and Jeremy Cahen ("Defendants") respectfully submits the following Statement of Genuine Disputes of Material Fact ("SGD").

# I. DISPUTED FACTS AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| **Yuga Labs' Creation of the Bored Ape Yacht Club NFT Collection** ||
| 1. Yuga Labs created the Bored Ape Yacht Club ("BAYC") NFT collection. | Ball Decl. Ex. 35 at Rog. 1; Ex. 42 at 22:24-23:5<br><br>Solano Decl. Ex. 12 at YUGALABS 00030224<br><br>**DISPUTED:**<br><br>    **a) Incorrect. Third parties were involved in the creation of traits for artwork for BAYC NFTs. The artwork itself was programmatically generated.**<br>    **b) Evid. Obj. Ground - Ball Decl. Exhibit 35 is Hearsay. (Fed. R. Evid. 801, 802)**<br>    **c) Evid. Obj. Ground-Solano Decl. Exhibit 12 is Hearsay. (Fed. R. Evid. 801, 802).**<br><br>**Controverting Evidence:**<br><br>    a) Fed. R. Evid. 801, 802.<br>    b) Gosma Dec. Ex. 245 at 68:22-70:4, 71:2-73:3, Depo. Ex. 223. |
| 2. Yuga Labs released the BAYC NFT collection in April 2021. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 89:13-17 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Solano Decl. Ex. 12 at YUGALABS 00030224. **DISPUTED** **a) Evid. Obj. Ground - Ball Decl. Exhibit 35 is Hearsay (Fed. R. Evid. 801, 802)** **b) Evid. Obj. Ground – Solano Decl. Exhibit 12 is Hearsay (Fed. R. Evid. 801, 802).** **Controverting Evidence** a) Fed. R. Evid. 801, 802. |
| 3.  Only 10,000 BAYC NFTs exist. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 98:18-25 Solano Decl. Ex. 12 at YUGALABS 00030224; Ex. 13 at YUGALABS 00015993 **DISPUTED** **a) Incorrect.  More than 10,000 NFTs purporting to be BAYC NFTs exist.** **b) Evid. Obj. Ground – Ball Decl. Exhibit 35 is Hearsay.** **c) Evid. Obj. Ground-Solano Decl. Exhibit 12 is Hearsay Fed. R. Evid. 801, 802. Evid. Obj. Ground-Solano Decl. Exhibit 13 is hearsay Fed. R. Evid. 801, 802.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a) Fed R. Evid. 801, 802<br>b) Gosma Decl. Ex. 246 at 169:18-176:4, 191:10-202:6, 203:21-206:9, Depo. Exs. 281, 282, 288, 289, 290, 291, 293.<br>c) Gosma Decl. Ex. 245 at Dep. 156:12-161:8, 163:16-165:25, Depo Exs. 234, 235, 236. |
| **Yuga Labs' Ownership in the BAYC Marks** | |
| 4.  Yuga Labs first publicly used the BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo mark (the "BAYC Marks") at least as early as April 17, 2021. | Solano Decl. Exs. 14, 15<br><br>**DISPUTED**<br><br>**a)  Incorrect.  Defining "BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo" as "Marks" implies that they are valid trademarks, which is incorrect.**<br>**b)  Evid. Obj. Ground- Solano Decl. Exhibit 14 is not properly authenticated.  Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a)  Solano Decl. Ex. 12 at YUGALABS 00030224 ("Most notably, Yuga decentralized the IP rights of Bored Apes, Punks, and Meebits, granting holders rights to the underlying art."). |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) Gosma Decl. Ex. 245 at Depo. Ex. 230 (the BAYC Terms and Conditions, stating "You Own the NFT.  Each Bored Ape is an NFT on the Ethereum blockchain.  When you purchase and NFT, you own the underlying Bored Ape, the Art, completely…Yuga Labs LLC grants you a worldwide, royalty-free license to use, copy, and display the purchased Art, along with any extensions that you choose to create or use…").<br>c) Gosma Decl. Ex. 245 at 131:5-17.<br>d) Gosma Decl. Ex. 245 at Depo. Exs. 232, 233 (BAYC NFTs that include the alleged BAYC Marks in the images).<br>e) Gosma Decl. Ex. 245 at 144:19-145:23.<br>f) Ripps Decl. Ex. 238 (Nicole Muniz states "All IP rights are actually granted to the member and to the owner.  We have none of those rights, and we don't actually take a licensing fee.  So it's a completely novel idea and new to – in general."<br>g) Fed. R. Evid. 901. |
| 5.  Yuga Labs hired a third-party designer, who designed the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs. Yuga Labs owns the copyrights in those images. | Ball Decl. Ex. 35 at Rog. 1; Ex. 41 at 66:17-68:11<br><br>Solano Decl. ¶ 2<br><br>**DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
|  | a) **Incorrect.  Yuga Labs does not own the copyrights in the images for the BAYC Logo, the BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo for Yuga Labs.**<br>b) **Evid. Obj. Ground-Ball Decl. Exhibit 35 is Hearsay.  Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence**<br><br>a) Solano Decl. Ex. 12 at YUGALABS 00030224 ("Most notably, Yuga decentralized the IP rights of Bored Apes, Punks, and Meebits, granting holders rights to the underlying art.").<br>b) Gosma Decl. Ex. 245 at Depo. Ex. 230 (The BAYC Terms and Conditions, stating "You Own the NFT.  Each Bored Ape is an NFT on the Ethereum blockchain. When you purchase and NFT, you own the underlying Bored Ape, the Art, completely…Yuga Labs LLC grants you a worldwide, royalty-free license to use, copy, and display the purchased Art, along with any extensions that you choose to create or use…").<br>c) Gosma Decl. Ex. 245 at 131:5-17.<br>d) Gosma Decl. Ex. 245 at 71:2-73:3.<br>e) Gosma Decl. Exs. 232, 233 (BAYC NFTs that include the alleged BAYC Marks in the images). |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
|  | f) Gosma Decl. Ex. 245 at 144:19-145:23.<br>g) Ripps Decl. Ex. 238 (Nicole Muniz states "All IP rights are actually granted to the member and to the owner.  We have none of those rights, and we don't actually take a licensing fee.  So it's a completely novel idea and new to – in general.").<br>h) Fed. R. Evid. 801, 802. |
| 6.  Yuga Labs has used the BAYC Marks to promote and sell the BAYC NFTs on its website, on NFT marketplaces, and on social media platforms. | Solano Decl. Exs. 14-17<br><br>Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>**a) The USPTO has rejected that Yuga has used the BAYC Marks in commerce with BAYC NFTs.**<br>**b) Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' brand and use and promotion of the alleged BAYC Marks are inadmissible under _Daubert_. Fed. R. Evid. 702.  To the extent this is being offered as non-expert testimony, it is outside of the witness's personal knowledge.  Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 702.<br>b) Ripps Decl., Exs. 109 at 5-6; 111 at RIPPSCAHEN00023152-53; 112 at RIPPSCAHEN00023249- |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | 50; 113 at RIPPSCAHEN00023364-65; 114 at RIPPSCAHEN00023449-50; 115 at RIPPSCAHEN00023570-72; 116 at RIPPSCAHEN00024188-89; 117 at RIPPSCAHEN00024317-18; 118 at RIPPSCAHEN00024429-30; 119 at RIPPSCAHEN00024554-55. |
| 7. Yuga Labs has pending trademark applications with the U.S. Patent & Trademark Office for the BAYC Marks. | Muniz Decl. Exs. 46-51<br><br>**DISPUTED**<br><br>a) **Yuga Labs has withdrawn their application for the "APE" Mark.**<br>b) **All the alleged BAYC Marks have applications for trademarks that are opposed and are, therefore, properly classified as "Opposition Pending" not "pending." Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."** <br><br> **Controverting Evidence** <br><br> a) Gosma Decl. Ex. 245 at Depo. Ex. 227 (stating an "Abandonment Date" for the "APE" mark of "October 3, 2022"). <br> b) Gosma Decl. Ex. 245 at 46-51. (*See, e.g.,* Ex. 46 at YUGALABS 00040559 "LIVE/APPLICATION/Opposition Pending…The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided."). <br> c) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |
| **The Strength of the BAYC Marks** | |
| 8. The BAYC brand is considered by Yuga Labs to be its cornerstone brand. | Ball Decl. Ex. 42 at 169:12-20 <br><br> Solano Decl. Ex. 12 at YUGALABS 00030224 <br><br> Berger Decl. ¶ 15 <br><br> **DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **a) Evid. Obj. Ground–Solano Decl. Exhibit 12 is Hearsay. Fed. R. Evid. 801, 802.** <br> **b) Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' brand are inadmissible under Daubert. Fed. R. Evid. 702. To the extent they are not expert opinions, they are on matters outside of his personal knowledge. Fed. R. Evid. 701.** <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 801, 802. <br> b) Fed. R. Evid. 701, 702. |
| 9. BAYC NFTs are among the highest NFT collections in terms of all-time purchasing volume. | Solano Decl. Ex. 18 <br><br> Berger Decl. ¶ 15 <br><br> **DISPUTED** <br><br> **a) Evid. Obj. Ground – Solano Decl. Exhibit 18 is Hearsay. Fed. R. Evid. 801, 802.** <br> **b) Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' purchasing volume are inadmissible under Daubert. Fed. R. Evid. 702. To the extent Yuga is not offering this as expert testimony, it is outside of his personal knowledge. Fed. R. Evid. 701.** <br><br> **Controverting Evidence** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | a) Fed. R. Evid. 701, 702.<br>b) Fed. R. Evid. 801, 802. |
| 10. BAYC NFTs sell for a premium relative to nearly all other NFTs. | Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' price relative to other NFTs are inadmissible under Daubert. Fed. R. Evid. 702. To the extent he is giving non-expert testimony it is on matters outside of his personal knowledge.  Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 702. |
| 11. Yuga Labs has spent tens of millions of dollars on advertising and marketing its BAYC brand and related products. | Muniz Decl. ¶ 9<br><br>**DISPUTED**<br><br>a) ██████████████████<br>██████████████████<br>██████████████████<br>██████████████████<br>██████████████████<br>██████████████████<br><br>**Controverting Evidence** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | a) ███████████████████ b) ███████████████████ |
| 12. The majority of Yuga Labs' revenue in 2021 and 2022 derived from the BAYC brand. | Muniz Decl. ¶ 9 <br><br> **UNDISPUTED** |
| 13. Since the release of BAYC NFTs in April 2021, the BAYC NFTs and BAYC brand have been featured by media outlets and in news articles. | Solano Decl. Exs. 19-24 <br><br> **DISPUTED** <br><br> **a) Evid. Obj. Ground - Solano Decl. Exs. 19-24 are Hearsay. Fed. R. Evid. 801, 802.** <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 801, 802. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 14. Yuga Labs' has entered into marketing partnerships and collaborations with well-known brands to feature the BAYC brand. | Solano Decl. 3; Ex. 10<br><br>Berger Decl. ¶ 15<br><br>**DISPUTED**<br><br>  a) **Evid. Obj. Ground – Berger's expert opinions on Yuga Labs' marketing partnerships and the BAYC brand are inadmissible under Daubert. Fed. R. Evid. 702.  To the extent it is not expert testimony, it is testimony outside the personal knowledge of the witness. Fed. R. Evid. 701**<br><br>**Controverting Evidence**<br><br>  a) Fed. R. Evid. 701, 702. |
| 15. Holders of BAYC NFTs have exclusive access to membership perks, such as online games, in person events, and new product launches. | Ball Decl. Ex. 35 at Rog. 1<br><br>Berger Decl. Ex. 106 ¶ 10 n.3<br><br>**DISPUTED**<br><br>  a) **Evid. Obj. Ground-Ball Decl. Exhibit 35 is Hearsay. Fed. R. Evid. 801, 802.**<br>  b) **Evid. Obj. Ground – Berger's expert opinions on benefits of holding BAYC NFTs are inadmissible under Daubert. Fed. R. Evid. 702.**<br>  c) **Evid. Obj. Ground-Berger relies on matters outside his personal** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | knowledge and conveys these as fact.  Fed. R. Evid. 701.<br><br>**Controverting Evidence**<br><br>  a) Fed. R. Evid. 702.<br>  b) Fed. R. Evid. 701. |
| 16. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BORED APE YACHT CLUB mark have not been refused for descriptiveness, have been noticed for publication as early as October 12, 2022, and have been noticed for allowance as early as December 27, 2022. | Muniz Decl. Ex. 46<br><br>**DISPUTED**<br><br>  **a) Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."**<br><br>**Controverting Evidence**<br><br>  a) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 17. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC mark have not been refused for descriptiveness, have been noticed for publication as early as March 16, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 47<br><br>**DISPUTED**<br><br>a) **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."**<br><br>**Controverting Evidence**<br><br>a) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |
| 18. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BORED APE mark have not been refused for descriptiveness, have been noticed for publication as early as March 9, 2022, | Muniz Decl. Ex. 48<br><br>**DISPUTED**<br><br>a) **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| and have been noticed for allowance as early as May 24, 2022. | informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification." <br><br> **Controverting Evidence** <br><br> a) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |
| 19. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC Logo mark have not been refused for descriptiveness, have been noticed for publication as early as March 16, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 49 <br><br> **DISPUTED** <br><br> a) **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."<br><br>**Controverting Evidence**<br><br>a) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |
| 20. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the BAYC BORED APE YACHT CLUB Logo mark have not been refused for descriptiveness, have been noticed for publication as early as October 12, 2022, and have been noticed for allowance as early as December 27, 2022. | Muniz Decl. Ex. 50<br><br>**DISPUTED**<br><br>a) **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | for proper classification and identification." **Controverting Evidence** a) Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |
| 21. Yuga Labs' trademark applications with the U.S. Patent & Trademark Office for the Ape Skull Logo mark have not been refused for descriptiveness, have been noticed for publication as early as January 18, 2022, and have been noticed for allowance as early as May 31, 2022. | Muniz Decl. Ex. 51 **DISPUTED** **a)** **Misleading regarding the status of Yuga Labs' trademark applications as the United States Patent and Trademark Office informed Yuga Labs in a letter regarding continued indefiniteness in its applications on March 7, 2023 that "[a]s a general matter, Applicant should note that a non-fungible token or NFT is not a good in trade….Since NFTs are not goods in trade and are similar to a certificate of ownership and authenticity, applicants must specifically identify the underlying digital or physical items represented by the NFT for proper classification and identification."** **Controverting Evidence** a) Ripps Decl. Ex. 120 at RIPPSCAHEN00021340. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | |
| **Defendants' Same Product** ||
| 22. Defendants created the RR/BAYC NFTs, which point to the same online digital images as BAYC NFTS. | Ball Decl. Ex. 25 ¶ 8; Ex. 27 ¶ 5; Ex. 36 at Rog. 1; Ex. 37 at RFA 3; Ex. 39 at 106:23-107:3<br><br>Muniz Decl. Ex. 70<br><br>**DISPUTED**<br><br>    **a) Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2.  Fed. R. Evid. 901**<br>    **b) Evid. Obj. Ground-Muniz Decl. Exhibit 70 is not properly authenticated.  Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>    a)    Fed. R. Evid. 901. |
| 23. Some BAYC Images depict BAYC Marks. | Muniz Decl. Exs. 71, 72<br><br>**DISPUTED**<br><br>    **a) Evid. Obj. Ground-Muniz Declaration Exhibits 71 and 72** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | are not properly authenticated. **Fed. R. Evid. 901.** **Controverting Evidence**    a)   Fed. R. Evid. 901. |
| **Defendants' Use of the Same Marks** | |
| 24. Defendants first began to publicly use the BAYC Marks in association with the RR/BAYC NFTs on or around May 14, 2022. | Muniz Decl. Ex. 53 **DISPUTED**    a) **Misleading as to "BAYC Marks" as Muniz Decl. Ex. 53 only includes reference to "RR/BAYC" which is a modified version of one of the alleged BAYC Marks.** **Controverting Evidence**    a) Muniz Decl. Ex. 53. |
| 25. On May 13, 2022, Defendant Ripps created the Ethereum blockchain smart contract, 0x2ee6afildff3alce3f7e3414c52c48fd50d73691e, which contains the RR/BAYC NFTs. | Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 81:6-l 1, 106:2-14 Atalay Decl. Exs. 5-7 **DISPUTED**    a) **Incorrect as to address of "Ethereum blockchain smart contract."  Ball Decl. Ex. 27 states "0x2ee6af0dff3alce3f7e3414c52c48fd50d73691e" not** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | "0x2ee6afildff3alce3f7e3414c52c 48fd 50d73691e"<br><br>b) **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement *as seems likely*." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>c) **Evid. Obj. Ground-Atalay Decl. Exhibit 6 is not properly authenticated. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 27.<br>b) Fed. R. Evid. 901. |
| 26. The Ethereum blockchain smart contract that contains the RR/BAYC NFTs has "Bored Ape Yacht Club" input as its name, and "BAYC" input as its symbol. | Ball Decl. Ex. 27 ¶ 8<br><br>Atalay Decl. Exs. 5-8<br><br>**DISPUTED**<br><br>a) **Misleading as partial citation to the information included in the smart contract. The Ethereum blockchain smart contract includes a "Contract Creator" that appears as "ryder-ripps.eth"**<br><br>c) **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.<br>d) **Atalay Decl. Exhibit 6 is not properly authenticated. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>   a) Atalay Decl. Exs. 7<br>   b) Fed. R. Evid. 901 |
| 27. Etherscan, a website that gathers metadata from the blockchain to track NFT transactions, displays the name and symbol for the Ethereum blockchain smart contract that contains the RR/BAYC NFTs as "Bored Ape Yacht Club" and "BAYC," respectively. It also displays "Bored Ape Yacht Club (BAYC)" as the token tracker. | Ball Decl. Ex. 27 ¶ 8; Ex. 38 at 81:6-11, 106:2-14; Ex. 39 at 37:23-38:6; Ex. 40 at 143:18-144:3<br><br>Atalay Decl. Exs. 5-8<br><br>O'Laughlin Decl. Ex. 105 ¶14<br><br>**DISPUTED**<br><br>  a) **Evid. Obj. Ground – O'Laughlin's expert opinions on the names and symbols used in the Ethereum blockchain are inadmissible under Daubert. Fed. R. Evid. 702. To the extent they are not expert opinions, they are inadmissible as matters outside her personal knowledge. Fed. R. Evid. 701.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **b) Misleading as partial citation to the information included in the smart contract. The Ethereum blockchain smart contract includes a "Contract Creator" that appears as "ryder-ripps.eth"** Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement *as seems likely*." Dkt. 159 at 2. Fed. R. Evid. 901. **Controverting Evidence** a) Fed. R. Evid. 701, 702. b) Fed. R. Evid. 901. c) Atalay Decl. Exs. 7; Ball Decl. Ex. 106:2-14. |
| 28. On Etherscan, for the Ethereum blockchain smart contract that contains the RR/BAYC NFTs, "*ryder-ripps.eth" did not appear in the contract creator field at the time Yuga Labs filed its Complaint. | *Compare* Atalay Decl. Ex. 7, *with* Atalay Decl. Ex. 6 **DISPUTED** a) **Misleading as information included in the contract creator field for the smart contract. While the example included in Atalay Decl. Ex. 6 does not state "ryder-ripps.eth" in the contract** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | creator field, it does include a link to Mr. Ripps' wallet. <br> **b) Evid. Obj. Ground-Atalay Decl. Exhibit 6 is not properly authenticated and is therefore inadmissible.  Fed. R. Evid. 901.** <br><br> **Controverting Evidence** <br><br> a)  Atalay Decl. Ex. 6. <br> b)  Ripps Decl. Exs. 195, 196. <br> c)  Fed. R. Evid. 901. |
| 29. Defendants registered and/or used the domain rrbayc.com. | Ball Decl. Ex. 26 ¶ 7; Ex. 27 ¶ 3; Ex. 34 at NAMECHEAP0000016 <br><br> Muniz Decl. Ex. 77 <br><br> **DISPUTED** <br><br> **a) Evid. Obj. Ground-Ball Decl. Exhibit 26 ¶ 7 is inadmissible Hearsay.  Fed. R. Evid. 801, 802.** <br> **b) Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_."  Dkt. 159 at 2.  Fed. R. Evid. 901.** <br><br> **Controverting Evidence** <br><br> a)     Fed. R. Evid. 801, 802, 901 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | |
| 30. Defendants registered and/or used the domain apemarket.com. | Ball Decl. Ex. 26 ¶ 7; Ex. 27 ¶ 3; Ex. 29; Ex. 34 at NAMECHEAP0000017; Ex. 40 at Hickman Ex. 64 **DISPUTED** **a) Evid. Obj. Ground-Ball Decl. Exhibit 26 ¶ 7 is inadmissible hearsay. Fed. R. Evid. 801, 802.** **b) Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.** **c) Ball Decl. Exhibit 40 at Deposition Exhibit 64 is inadmissible hearsay. Fed. R. Evid. 801, 802.** **Controverting Evidence** a)    Fed. R. Evid. 901. b)    Fed. R. Evid. 801, 802. |
| 31. Unmodified versions of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull | Ball Decl. Ex. 27 ¶ 18; Ex. 36 at Rog. 3 Atalay Decl. Ex. 9 Muniz Decl. Exs. 54, 55, 59, 60, 61 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| Logo" Marks, were displayed alongside the sale of RR/BAYC NFTs. | **DISPUTED**<br><br>a) **Misleading as to characterization of evidence cited. Specifically, Ball Decl. Ex. 36 does not state Mr. Ripps and Mr. Cahen used "[u]nmodified versions of BAYC Marks." Instead it says that "Mr. Ripps's RR/BAYC project in nearly all instances displayed modified versions of certain Asserted Marks, though in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps's commentary."**<br><br>b) **Misleading characterization as evidence suggests RR/BAYC NFTs were not displayed for sale alongside "[u]nmodified versions of BAYC Marks" and included modified versions of the alleged BAYC Marks. For example, "rrbayc.com;" a modified logo that states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH"; and "RR/BAYC."**<br><br>c) **Evid. Obj. Ground - Ball Decl. Exhibit 27 is not an authentic declaration of Mr. Lehman. Further, this Court has** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement *as seems likely*." Dkt. 159 at 2.  Fed. R. Evid. 901. |
| | d) **Evid. Obj. Ground-Muniz Exhibit 54 is not properly authenticated.  Fed. R. Evid. 901.** |
| | e) **Evid. Obj. Ground-Muniz Decl. Exhibit 59 is inadmissible as outside Ms. Muniz's personal knowledge and as not authenticated.  Fed. R. Evid. 701, 901** |
| | **Controverting Evidence** |
| | a)  Ball Decl. Ex. 36 at Rog. 3. |
| | b)  Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50. |
| | c)  Fed. R. Evid. 901. |
| | d)  Fed. R. Evid. 801, 802. |
| | e)  Fed. R. Evid. 701. |
| 32. RR/BAYC NFTs were sold on Foundation alongside the display of unmodified versions of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks. | Ball Decl. Ex. 38 at 60:18-61:4, 82:813; Ex. 39 at 73:17-74:5<br><br>Muniz Decl. Exs. 54, 55, 59, 60<br><br>**DISPUTED**<br><br>a) **Misleading as to characterization of evidence cited.  Specifically, Ball Decl. Ex.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | 38 at 60:18-61:4, does not state that "unmodified versions of BAYC Marks" were used to sell RR/BAYC NFTs on Foundation. Instead it states "Ryder Ripps/Bored Ape Yacht Club is the name of the art piece…" which is a modified version of an alleged BAYC Mark.<br>b) Muniz Decl. Exhibit 54 is not properly authenticated and therefore inadmissible. Fed. R. Evid. 901.<br>c) Muniz Decl. Exhibit 59 is outside the personal knowledge of the witness and not properly authenticated. Fed. R. Evid. 701, Fed. R. Evid. 901.<br>d) Muniz Decl. Exhibit 60 is not properly authenticated and is inadmissible. Fed. R. Evid. 901. It is also inadmissible hearsay evidence. Fed. R. Evid. 801, 802.<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 38 at 60:18-61:4.<br>b) Fed. R. Evid. 901.<br>c) Fed. R. Evid. 701.<br>d) Fed. R. Evid. 801, 802. |
| 33. RR/BAYC NFTs were sold on OpenSea alongside the display of BAYC Marks, including Yuga Labs' "BAYC" and "Ape Skull Logo" Marks. | Ball Decl. Ex. 38 at 81:6-11<br><br>Muniz Decl. Ex. 62<br><br>**DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
|  | a) Misleading as to characterization of evidence cited.  Specifically, Muniz Decl. Ex. 62 includes modified versions of alleged BAYC Marks not the "display of BAYC Marks" including a banner entitled "RRBAYC.com;" a modified logo that states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH;" "By ryder_ripps"; and says "RR/BAYC." <br> b) Muniz Decl. Exhibit 62 is inadmissible because it is not properly authenticated.  Fed. R. Evid. 901. <br><br> **Controverting Evidence** <br><br> a) Muniz Decl. Ex. 62. <br> b) Fed. R. Evid. 901. |
| 34. RR/BAYC NFTs were sold on LooksRare alongside the display of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape Yacht Club", and "Ape Skull Logo" Marks. | Muniz Decl. Exs. 63, 64 <br><br> **DISPUTED** <br><br> a) Misleading as to characterization of evidence cited.  Specifically, Muniz Decl. Ex. 64 includes modified versions of alleged BAYC Marks not the "display of BAYC Marks" including a banner entitled "RRBAYC.com" and a modified logo that states "THIS |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH".**<br>b) **Evid. Obj. Ground-Muniz Decl. Exhibit 63 is not properly authenticated and is inadmissible.  Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a) Muniz Decl. Ex. 64.<br>b) Fed. R. Evid. 901. |
| 35. Defendants posted on their social media accounts about the sale of RR/BAYC NFTs alongside the display of BAYC Marks, including Yuga Labs' "BAYC", "Bored Ape", "Bored Ape Yacht Club", "BA YC Bored Ape Yacht Club Logo", and "Ape Skull Logo" Marks. | Muniz Decl. Exs. 56, 57, 58, 66, 78, 103, 104<br><br>**DISPUTED**<br><br>a) **Misleading characterization as defendants have distinct social media accounts and describing them as "their social media accounts" is misleading.**<br>b) **Misleading as to characterization of evidence cited.  Specifically, Muniz Decl. Exs. 66, 78 includes modified versions of the alleged BAYC Marks not the "display of BAYC Marks" including "RR/BAYC."**<br><br>**Controverting Evidence**<br><br>a) Compare Muniz Decl. Ex. 77 and 78.<br>b) Muniz Decl. Ex. 66, 78. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 36. Defendant Ripps posted on his Twitter account that he was minting RR/BAYC NFTs and told users: "send the ape number you want." | Ball Decl. Ex. 40 at 149:16-21<br><br>Muniz Decl. Ex. 79<br><br>**UNDISPUTED** |
| 37. Each RR/BAYC NFT had a token ID number designated to it when minted. Defendants did not label the RR/BAYC NFTs with that designated token ID number. Defendants labeled the RR/BAYC NFTs using the token ID number associated with the BAYC NFT that points to the same Bored Ape image. | Ball Decl. Ex. 40 at 146:21-147:10, 149:16-21, Hickman Ex. 40<br><br>Atalay Decl. Ex. 9<br><br>Muniz Decl. Ex. 70<br><br>**DISPUTED**<br><br>a) **Misleading characterization as evidence. Defendants did not label RR/BAYC NFTs with the token ID for BAYC NFTs. Documents cited by Plaintiff refer to a finder tool that uses a BAYC Token ID to retrieve corresponding a RR/BAYC NFT. Plaintiff also cites to a cut-out of an OpenSea page that Defendants did not create and have misleadingly removed portions of that page that would show the RR/BAYC Token ID. Plaintiff also cites to testimony for Mr. Hickman that simply testifies as to what documents are showing (not on whether RR/BAYC NFTs have been labeled a certain manner and even admittedly testifies that** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | "data from OpenSea populated in the form." |
| | b) **Evid. Obj. Ground-Atalay Decl. Exhibit 9 is not properly authenticated.  Fed. R. Evid. 901.** |
| | c) **Evid. Obj. Ground-Muniz Decl. Exhibit 70 is inadmissible because it is not properly authenticated.  Fed. R. Evid. 901.** |
| | **Controverting Evidence** |
| | a) Ball Decl. Ex. 40 at 146:21-147:10, 149:16-21, Hickman Ex. 40. |
| | b) Atalay Decl. Ex. 9. |
| | c) Muniz Decl. Ex. 70. |
| | d) Fed. R. Evid. 401, 402. |
| | e) Fed. R. Evid. 901. |
| 38. Defendant Ripps has referred to the RR/BAYC NFTs as "Bored Ape Yacht Club V3" and "BAYC V3." | Muniz Decl. Exs. 73, 74 |
| | **DISPUTED** |
| | a) **Misleading characterization of Evidence.  Muniz Decl. Ex. 73 is a tweet where the context shows no relation at all to RR/BAYC.  Muniz Decl. Ex. 74 is a tweet of a URL to an NFT aggregator that includes in the URL "bored-ape-yacht-club-v3."  Defendant Ripps did not create the URL.** |
| | b) **Bored Ape Yacht Club V3 and BAYC V3 was a name the** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | crypto community gave to RR/BAYC NFTs as it is a common manner of referring to unique NFTs to that point to the BAYC digital images. <br> c) Muniz Decl. Exhibit 74 is inadmissible because the fact asserted is outside Yuga's personal knowledge and rests on speculation.  Fed. R. Evid. 701. <br><br> **Controverting Evidence** <br><br> a) Muniz Decl. Exs. 73, 74. <br> b) Ripps Decl., Ex. 226 YUGALABS0040400). <br> c) Fed. R. Evid. 701. <br> d) Ripps Decl., Ex. |
| **Defendants' Use of the Same Marketing Channels** | |
| 39. Defendants' RR/BAYC NFTs were sold on NFT marketplaces, such as OpenSea and X2Y2. Yuga Labs' BAYC NFTS were sold on those same NFT marketplaces. | Muniz Decl. Exs. 62, 65, 67, 68, 75, 76 <br><br> **DISPUTED** <br><br> a) Evid. Obj. Ground–Muniz Decl. Exhibit 62 is not properly authenticated.  Fed. R. Evid. 901. <br> b) Evid. Obj. Ground–Muniz Decl. Exhibit 65 is not properly authenticated.  Fed. R. Evid. 901. <br><br> **Controverting Evidence** <br><br> a) Ripps Decl. ¶ 4. <br> b) Gosma Decl., Ex 247 at 13:12-25. <br> c) Fed. R. Evid. 901. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 40. Defendants posted on their Twitter accounts about RR/BAYC NFTs, rrbayc.com, apemarket.com, and NFT marketplaces where RR/BAYC NFTs could be purchased. | Muniz Decl. Exs. 55, 77, 78, 79, 80<br><br>**DISPUTED**<br><br>a) **Misleading as to statement that "RR/BAYC NFTs could be purchased" on apemarket.com. Apemarket.com was never launched and no NFTs were ever available for purchase on it.**<br>b) **Evid. Obj. Ground-Muniz Decl. 80 is inadmissible because it lacks foundation to prove that it is within her personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Gosma Decl. Ex. 248 at 194:7-10; 197:9-10. (Mr. Cahen stating "Apemarket.com was never launched. There's nothing on that website.").<br>b) Fed. R. Evid. 701. Muniz Decl. 80 is inadmissible because it lacks foundation to prove that it is within Yuga's personal knowledge. Fed. R. Evid. 801. |
| 41. Yuga Labs promotes its products using the BAYC Marks on its Twitter accounts. | Muniz Decl. Exs. 83, 84<br><br>Solano Decl. Exs. 15, 17<br><br>**DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **a) Misleading because Yuga Labs only promotes some products using some asserted marks.**<br><br>**Controverting Evidence**<br><br>a) Muniz Decl. Exs. 83, 84.<br>b) Solano Decl. Exs. 15, 17. |
| 42. Defendants worked on developing and marketed an NFT Marketplace, Ape Market, where consumers could purchase and sell RR/BAYC NFTs and BAYC NFTs. | Ball Decl. Ex. 27 ¶ 15; Ex. 39 at 100:18-22; Ex. 40 at 207:23-212:7<br><br>Muniz Decl. Exs. 80, 81, 82<br><br>**DISPUTED**<br><br>a) **Misleading as to statement that "consumers could purchase and sell RR/BAYC NFTs and BAYC NFTs" on Apemarket as Apemarket was never released and so consumers could never "purchase and sell RR/BAYC NFTs and BAYC NFTs" on it.**<br>b) **Evid. Obj. Ground – Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | a) Gosma Decl. Ex. 248 at 194:7-10 (Mr. Cahen stating "Apemarket.com was never launched. There's nothing on that website."). <br> b) Fed. R. Evid. 901 |
| 43. Defendant Cahen controls the Twitter account @ApeMarketplace. | Ball Decl. Ex. 39 at 99:2-23 <br><br> **UNDISPUTED** |
| 44. The Ape Market Twitter account @ApeMarketplace tweeted a post stating "Listing requires an RRBAYC token: rrbayc.com." It also has a June 2, 2022 tweet that states "Listing requires holding RR/BAYC." | Ball Decl. Ex. 27 ¶ 13 <br><br> Muniz Decl. Ex. 80 <br><br> **DISPUTED** <br><br> **a) Evid. Obj. Ground – Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2.  Fed. R. Evid. 901.** <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 901. |
| 45. The Twitter account @ApeMarketplace tweeted an image | Ball Decl. Ex. 27 ¶ 13 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| addressed to "Dear Yuga community" on June 2, 2022 and stated "ApeMarket will feature RR/BAYC, BAYC, MAYC, BAKC & Otherdeeds" and "0% royalties. 0% fees." | Muniz Decl. Ex. 81<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground –Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 901 |
| 46. The Twitter account @ApeMarketplace tweeted on June 13, 2022:<br><br> | Muniz Decl. Ex. 80<br><br>**UNDISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| **Actual Confusion from Defendants' Use of the Same Marks** ||
| 47. A survey conducted by Yuga Labs' expert, Laura O'Laughlin, evidenced that consumers who saw the BAYC Marks used in connection with Defendants' RR/BAYC NFT collection on the Foundation marketplace resulted in a 40.4% net confusion rate. | O'Laughlin Decl. ¶ 4<br><br>**DISPUTED**<br><br>a) **O'Laughlin's opinion about confusion rates are inadmissible under Daubert. Fed. R. Evid. 702.**<br>b) **O'Laughlin's entire declaration is inadmissible under Daubert. Fed. R. Evid. 702. To the extent that this is not expert testimony, O'Laughlin asserts facts not in her personal knowledge. Fed. R. Evid. 701.**<br>c) **To the extent that this is not expert testimony, O'Laughlin asserts facts not in her personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701,702. |
| 48. A survey conducted by Yuga Labs' expert, Laura O'Laughlin, evidenced that consumers who saw the BAYC Marks used in connection with Defendants' RR/BAYC NFT collection on the OpenSea marketplace resulted in a 20% net confusion rate. | O'Laughlin Decl. ¶ 5<br><br>**DISPUTED**<br><br>a) **O'Laughlin's opinion about confusion rates are inadmissible under Daubert. Fed. R. Evid. 702.**<br>b) **O'Laughlin's entire declaration is inadmissible under Daubert. Fed. R. Evid. 702. To the extent that this is not expert testimony, O'Laughlin asserts facts not in** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | her personal knowledge.  Fed. R. Evid. 701.<br><br>c)  To the extent that this is not expert testimony, O'Laughlin asserts facts not in her personal knowledge.  Fed. R. Evid. 701.<br><br>**Controverting Evidence**<br><br>a)  Fed. R. Evid. 701 702. |
| 49. Bloomberg News, a media outlet, referred to Defendants' RR/BAYC NFT collection as "Bored Ape Yacht Club V3." | Muniz Decl. Exs. 67, 68, 73, 74, 85, 86, 87<br><br>**DISPUTED**<br><br>a)  **Incorrect.  The cited news story does not indicate that Bloomberg News was actually referring to the RR/BAYC NFT collection.**<br>b)  **Evid. Obj. Ground - Muniz Decl. Ex 85 is a video clip of a Bloomberg Television segment and is Hearsay.  Fed. R. Evid. 801, 802.**<br>c)  **Evid. Obj. Ground-Muniz Decl. Exhibit 85 is misleading as the video contains no discussion at all about RR/BAYC NFTs or what is meant by Bored Ape Yacht Club V3 (it is just a graphic in the background). Fed. R. Evid. 106.**<br>d)  **Evid. Obj. Ground-Muniz Decl. Exhibit 86 is Hearsay.  Fed. R. Evid. 801, 802.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **e) Evid. Obj. Ground-Muniz Decl. Exhibit 87 is not within the witness's personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 801, 802.<br>b) Fed. R. Evid. 106. |
| 50. The Smart NFT News Twitter account at @Smart_NFT_News, which reports on NFTs, listed Defendants as two of the "Top 50 the Most Influential Accounts in BAYC." | Muniz Decl. Ex. 88<br><br>**DISPUTED**<br><br>**a) Evid. Obj. Ground - Muniz Decl. Ex. 88 is Hearsay. Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802. |
| 51. A Twitter bot, GemBot at @0xGem, which tracks blockchain transactions, falsely reported that an authentic BAYC NFT was purchased when it was actually an RR/BAYC NFT that was purchased. In the "replies" to that tweet, Twitter users stated: "What a gold ape sold for 6eth must be a glitch!" and "damn I could have afforded this." A Twitter user also reposted the tweet and stated: "Oh no... did a someone just fat fingers a gold ape for 5.99 ETH?!" | Muniz Decl. Exs. 89, 90, 91, 92<br><br>**DISPUTED**<br><br>**a) Evid. Obj. Ground - Muniz Decl. Exs. 89, 90, 91, 92 are Hearsay. Fed. R. Evid. 801, 802.**<br>**b) Misleading characterization of evidence. GemBot is not a person, and commentators on this post readily identified that the bot was posting about an RR/BAYC NFT. Those comments making that point clear have been omitted from Plaintiff's characterization.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>a) Muniz Decl. Exs. 89, 90, 91, 92.<br>b) Fed. R. Evid. 801, 802.<br>c) Ripps Decl., Exs. 211-215.<br>d) SUF ¶ 225. |
| 52. When Defendant Ripps' Twitter profile picture was an RR/BAYC NFT Bored Ape image, one Twitter user "replied" to one of Defendant Ripps' tweets and stated " . . . your profile pic is a BAYC, so I'm a bit confused here." Another Twitter user "replied" and stated "You have a bayc pfp though haha?" | Muniz Decl. Exs. 93, 94<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Muniz Decl. Exs. 93, 94 are Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground – Muniz Decl. Ex. 93 is not properly authenticated. Fed. R. Evid. 901.**<br>c) **Evid. Obj. Ground-Muniz Decl. Ex. 93 is not properly authenticated. Fed. R. 901.**<br>d) **Misleading characterization of evidence. The comments quoted in Plaintiff's characterization are satirical and joking comments, showing that they understood that the image was not referencing a BAYC NFT. That context is omitted from the description.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802, 901.<br>e) Fed. R. Evid. 901.<br>b) Muniz Decl. Exs. 93, 94. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 53. A Twitter user posted a picture of an RR/BAYC NFT and stated "#NewProfilePic" and, in response, another Twitter user wrote "? I'm so confused . . . this isn't real Jason ? It's a collection of 179 created by @ryder_ripps although it says 'bored ape' it's not real dude." | Muniz Decl. Ex. 95<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground— Muniz Decl. Ex. 96 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Misleading characterization of evidence. The comment quoted in Plaintiff's characterization is a satirical and joking comment, showing that they understood that RR/BAYC NFTs was the subject of discussion. That context is omitted from the description.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802.<br>b) Muniz Decl. Exs. 93, 94.<br>c) Ripps Decl., Exs. 216-217. |
| 54. A Twitter user responded to a post by Defendant Ripps on his Twitter account stating: "I bought an rr bayc because i thought it was made by yuga." | Muniz Decl. Ex. 96<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground— Muniz Decl. Ex. 96 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground-Muniz Decl. Ex. 96 is not properly authenticated. Fed. R. Evid. 901.**<br>c) **Evid. Obj. Ground-Muniz Decl. Ex. 96 is misleadingly incomplete. Fed. R. Evid. 106.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **d) Misleading characterization of evidence.  The comment quoted in Plaintiff's characterization is a satirical and joking comment, showing that they understood that RR/BAYC NFTs was the subject of discussion.  That context is omitted from the description.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802, 901.<br>b) Fed. R. Evid. 106.<br>c) Fed. R. Evid. 901<br>d) Fed. R. Evid. 106<br>e) Muniz Decl. Ex. 96. |
| 55. A Twitter user posted an image of an RR/BAYC NFT with an overlay of "possibly fake" posted on the image, and stated: "psa for everyone be careful what you buy. i just bought BAYC #4255 but now I'm thinking that it could be fake?" | Muniz Decl. Ex. 97<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Muniz Decl. Ex. 97 is Hearsay.  Fed. R. Evid. 801, 802.**<br>b) **Misleading characterization of evidence.  The comment quoted in Plaintiff's characterization is a satirical and joking comment (because there is no such thin as a fake NFT), showing that they understood that RR/BAYC NFTs was the subject of discussion.  That context is omitted from the description.**<br>c) **Evid. Obj. Ground – Muniz Decl. Ex. 97 is misleadingly incomplete.  Fed. R. Evid. 106.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
|  | **d) Evid. Obj. Ground-Muniz Decl. 97 is misleadingly incomplete as it omits further comments showing that Twitter users were joking and making sarcastic comments.  Fed. R. Evid. 106.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802.<br>b) Muniz Decl. Ex. 97.<br>c) Ball Decl. Ex. 36 at Rog. 1.<br>d) Fed. R. Evid. 106. |
| 56. Defendant Cahen's Twitter account, @PaulyOx, referred to a Twitter user's profile picture of a Bored Ape image as a "racist monkey pfp." The Twitter user replied to Defendant Cahen stating that they were an RR/BAYC NFT holder. | Muniz Decl. Ex. 98<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Muniz Decl. Ex. 98 is Hearsay.  Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground-Muniz Decl. Ex. 98 lacks authentication. Fed. R. Evid. 901.**<br>c) **Misleading as citation is incomplete.  Specifically in Muniz Decl. Ex. 98 @Pauly0x responds to the user stating they were an RR/BAYC NFT holder and writes, "Yes. The iconography of BAYC is racist and Nazi.  Full stop.  We use NFTs as a means to draw attention to that."**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) Fed. R. Evid. 901<br>c) Muniz Decl. Ex. 98. |
| 57. When asked to identify Defendants' sales page on the Foundation marketplace at his deposition, Defendants' software developer, Ryan Hickman, initially stated that it "Looks to be Bored Ape Yacht Club." | Ball Decl. Ex. 40 at 150:3-6<br><br>**DISPUTED**<br><br>a) **Ball Decl. Ex. 40 at 150:3-6 is inadmissible as misleadingly complete. Fed. R. Evid. 106.**<br>b) **Misleading as citation is incomplete. Specifically, Mr. Hickman's complete answer to the question was "Looks to be Bored Ape Yacht Club. No, this is the -- this is the – it looks like it's Ryder's page. Yeah. This is the Foundation of Ryder's – the beginning of cannot copy an NFT."**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 106<br>b) Ball Decl. Ex. 40 at 150:3-10. |
| 58. Defendants' software developer, Tom Lehman, has sworn under oath that he believed "purchasers of RR/BAYC NFTs on Foundation.app might think they were buying authentic BAYC NFTs if they did not conduct further research." | Ball Decl. Ex. 27 ¶ 25; Ex. 33<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Exhibit Ball Decl. Ex. 33 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Evid. Obj. Ground - Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement _as seems likely_." Dkt. 159 at 2. Fed. R. Evid. 901<br>c) Ball Decl. Ex. 33 is inadmissible hearsay. Fed. R. Evid. 801, 802.<br>d) Misleading as evidence cited is incomplete. Specifically, Ball Decl. Ex. 33 includes text messages from Mr. Lehman that state "Well ppl should do their Researxh!" and writing that buyers should "[c]heck the chain."<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802, 901.<br>b) Ball Decl. Ex. 33. |
| 59. In a text exchange between Defendants' software developer, Tom Lehman, and a third party regarding RR/BAYC NFTs, the third party stated "This is quite crazy definitely some people will buy thinking they are buying originals!" | Ball Decl. Ex. 33<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Ball Decl. Ex. 33 is Hearsay. Fed. R. Evid. 801, 802.**<br>b) **Misleading as evidence cited is incomplete. Specifically, Ball Decl. Ex. 33 includes text messages from Mr. Lehman that state "Well ppl should do their Researxh!" and writing that buyers should "[c]heck the chain."** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Controverting Evidence**<br><br>   a) Fed. R. Evid. 801, 802.<br>   b) Ball Decl. Ex. 33. |
| 60. Defendants' software developer, Tom Lehman, has sworn under oath that he "repeatedly shared" his concern with Defendants that "using the 'BAYC' mark alongside the RR/BAYC NFTs could be confusing on Ape Market." | Ball Decl. Ex. 27 at ¶ 21; Ex. 28 at RIPPSCAHEN00002561<br><br>**DISPUTED**<br><br>   a) **Evid. Obj. Ground - Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901.**<br>   b) **Misleading as characterization of statement as omitting context that Ape Market was never released and Mr. Lehman was discussing potential future designs.**<br>   c) **Evid Obj. Ground-Ball Decl. Ex. 28 is inadmissible as hearsay. Fed. R. Evid. 801, 802.**<br>   d) **Evid. Obj. Ground-Ball Decl. Ex. 28 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence**<br><br>   a) Fed. R. Evid. 801, 802, 901. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) Gosma Decl. Ex. 248 at 324:13-325:03; 328:09-330:02. |
| 61. In a text message exchange with Defendant Cahen, Defendants' software developer, Tom Lehman, wrote that "a normal person could be like T could see where Yuga is coming from, it's confusing how close your logo is to theirs.'" | Ball Decl. Ex. 32<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground - Ball Decl. Ex. 32 is Hearsay.  Fed. R. Evid. 801, 802.**<br>b) **Misleading characterization of evidence and incomplete quote of evidence.  Yugo omits that Mr. Lehman is talking about people that are unfamiliar with crypto or NFTs. Mr. Lehman goes on to state "if Yuga came at us it would be ideal for the normal person to say 'WTF they are doing something messed up" in reference to optics for the undiscerning person.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 801, 802.<br>b) Ball Decl. Ex. 32 |
| 62. Defendant Ripps posted on his Twitter account: "we're seeing more 'RR/BAYC' titled collections on OpenSea, we're working on having these removed to avoid confusion" and "the only thing we ask is to avoid using the RR/BAYC name." | Muniz Decl. Ex. 99<br><br>**DISPUTED**<br><br>a) **Mischaracterization of evidence as the description omits context that Defendant Ripps was posting about copycat RR/BAYC collection (collections** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | that were trying to copy the RR/BAYC Project). **Controverting Evidence** a) Muniz Decl. Ex. 99 |
| **Customers' Degree of Care** | |
| 63. Reading the blockchain and verifying the authenticity of an NFT involves some degree of technical skill and research. | Ball Decl. Ex. 39 at 37:25-38:17; Ex. 40 at 202:19-204:15 **UNDISPUTED** Although Defendants do not dispute that some skill and research is required, how much skill and research is required, and what level of skill a reasonable consumer would have are in dispute. |
| 64. It can be challenging for consumers to establish provenance for NFTs. | Kindler Decl. ¶ 27 Berger Decl. ¶¶ 23, 34 Ball Decl. Ex. 39 at 37:25-38:17; Ex. 40 at 202:19-204:15; Ex. 41 at 117:25119:11 **DISPUTED** a) **Evid. Obj. Ground – Berger's expert opinions on the difficulty consumers have in establishing provenance of NFTs are inadmissible under Daubert. To the extent these are not expert opinions, they are inadmissible as not within the witness's** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | personal knowledge.  Fed. R. Evid. 701, 702.<br><br>b) **Evid. Obj. Ground – Kindler's expert opinions on the difficulty consumers have in establishing provenance of NFTs are inadmissible under Daubert. To the extent these are not expert opinions, they are inadmissible as not within the witness's personal knowledge.  Fed. R. Evid. 701, 702.**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 702.<br>b) Gosma Decl. Ex. 253 at 47:1-48:9.<br>c) Ripps Decl. ¶ 3. |
| 65. Defendant Cahen and Defendants' software developer, Tom Lehman, discussed metadata for a potential wrapper and confusion it could cause. Defendant Cahen responded that "users are too unsophisticated by far." | Ball Decl. Ex. 28 at RIPPSCAHEN00002547<br><br>**DISPUTED**<br><br>a) **Misleading characterization of evidence because it omits context that Defendant Cahen and Mr. Lehman were discussing possible designs for a website (apemarket.com) that was never launched and were discussing whether would be able to handle and understand the use of wrapper displayed on the website.**<br>b) **Irrelevant because the subject matter of the discussion has** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **nothing to do with purchasing BAYC or RR/BAYC NFTs.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 28 at RIPPSCAHEN00002547. |
| 66. Defendants' software developer, Tom Lehman, stated that use of Defendants' logo alongside Yuga Labs' logo on Ape Market would be "too confusing to the 'average joe'" and that "we should not underestimate how confusing it is." Immediately below, Defendant Cahen stated, "Yeah." | Ball Decl. Ex. 28 at RIPPSCAHEN00002561; Ex. 39 at 330:3-12<br><br>**DISPUTED**<br><br>a) **Misleading as evidence cited is incomplete. Specifically, in Ball Decl. Ex. 28, after Mr. Lehman writes it may be too confusing Mr. Cahen responds to Mr. Lehman's comment directly and provides a solution, stating "I think we could also have a label under the logo [t]hat denotes which collection you are viewing or something." Also misleading characterization of evidence as it omits context that this comments were regarding the design for a future website that was never launched.**<br>b) **Ball Decl. Ex. 28 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br>c) **Ball Dec. Ex. 39 at 330:3-12 is inadmissible because it is misleadingly incomplete. Fed. R. Evid. 106.**<br><br>**Controverting Evidence** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | a) Ball Decl. Ex. 28 at RIPPSCAHEN00002561<br>b) Fed. R. Evid. 106, 402, 403, 801, 802. |
| 67. Defendants' software developer, Tom Lehman, in raising whether Defendants' smart contracts should be audited or open-sourced, stated, "Ah but do the SHEEPLE like it?" and "[p]pl will not read the contract." | Ball Decl. Ex. 28 at RIPPSCAHEN00002665<br><br>**DISPUTED**<br><br>a) **Misleading as evidence cited is incomplete.  Specifically, in Ball Decl. Ex. 28, Mr. Lehman's more full response is "[p]pl will not read the contract. And those who do will not trust an audit anyway. And no rubber stamp will appease the haters." Also misleading characterization of evidence as it omits context that this comments were regarding the design for a future website that was never launched.**<br>b) **Evid. Obj. Ground-Ball Decl. Ex. 28 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br>c) **Evid. Obj. Ground-Ball Decl. Ex. 28 contains speculative statements outside the declarant's personal knowledge. Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 28 at RIPPSCAHEN00002665.<br>b) Fed. R. Evid. 701. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | c) Fed. R. Evid. 801, 802. |
| 68. Defendants did not include a disclaimer to notify consumers that they were purchasing an RR/BAYC NFT rather than a BAYC NFT on any NFT marketplace or purchasing site, other than Defendants' rrbayc.com website. | Muniz Decl. Ex. 100<br><br>Ball Decl. Ex. 27 ¶ 25; Ex. 37 at RFA 27<br><br>**DISPUTED**<br><br>a) **Misleading as evidence cited does not support the statement that there was not a disclaimer "on any NFT marketplace or purchasing site, other than Defendants' rrbayc.com website." Defendants used the Disclaimer on Twitter, which facilitated direct sales and sales via Foundation. Ball Decl. Ex. 37 at RFA 27 states that "Mr. Cahen denies that a person could purchase an RR/BAYC without seeing disclaimers, including the disclaimer included in the request or other similar disclaiming content, for sales through Twitter, rrbayc.com, and sales on Foundation marketed via Twitter."**<br>b) **Evid. Obj. Ground–Ball Decl. Ex. 27 is Hearsay Evid. Obj. Ground – Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman.  Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. Fed. R. Evid. 901 **Controverting Evidence** a) Ball Decl. Ex. 37 at RFA 27 b) Fed. R. Evid. 901 c) Ripps Decl., Exs. 203-209. |
| **Defendants' Intent** | |
| 69. Defendants' use of the BAYC Marks in connection with the RR/BAYC NFT collection was intentional. | Ball Decl. Ex. 27 ¶ 18; Ex. 36 at RFAs 1,3,4 **DISPUTED** a) **Misleading as it mischaracterizes evidence cited. Specifically, Ball Decl. Ex. 36 at ROG 3 does not state that the RR/BAYC project used alleged BAYC Marks. Instead it states "Mr. Ripps's RR/BAYC project in nearly all instances displayed modified versions of certain Asserted Marks, though in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs that were the target of Mr. Ripps's commentary."** b) **Evid. Obj. Ground– Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2.  Fed. R. Evid. 901.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 36 at ROG 3.<br>b) Fed. R. Evid.901. |
| 70. Defendants have stated that "'BAYC' references the abbreviated title of Yuga's NFT collection." | Ball Decl. Ex. 36 at RFAs 3, 4<br><br>**UNDISPUTED** |
| 71. Defendants' software developer, Tom Lehman, raised concerns with Defendants that using the BAYC Marks in connection with the RR/BAYC NFT collection could cause confusion. | Ball Decl. Ex. 27 ¶¶ 21-25<br><br>**DISPUTED**<br><br>a) **Misleading as it mischaracterizes the evidence. Specifically, Ball Decl. Ex. 27 ¶¶ 21-25 predominantly include alleged concerns raised about Ape Market, which was an idea that was never launched and did not sell any RR/BAYC NFTs.**<br>b) **Evid. Obj. Ground– Exhibit Ball Decl. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2. **Controverting Evidence** a) Fed. R. Evid. 901 b) Ball Decl. Ex. 27 ¶¶ 21-25 c) Gosma Decl. Ex. 248 at 194:7-10 (Mr. Cahen stating "Apemarket.com was never launched. There's nothing on that website."). |
| 72. Defendants' software developer, Ryan Hickman, suggested making the branding for the RR/BAYC NFTs and Ape Market design "ultra min" noting that the "real bayc is ultra min." | Ball Decl. Ex. 40 at Hickman Ex. 64 **DISPUTED** a) Misleading as it mischaracterizes the evidence by interpreting the statement as "noting" without any evidence supporting such a characterization.  And, in fact, Yuga's BAYC does not have a minimal design. b) Evid. Obj. Ground – Ball Decl. Ex. 40 at Ex. 64 is Hearsay. Fed. R. Evid. 801, 802 **Controverting Evidence** a) Fed. R. Evid. 801, 802 b) Ball Decl. Ex. 40 c) Gosma Decl. Ex. 247 at 213:23-215:07. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 73. Defendants expected to make money from the sale and resale of RR/BAYC NFTs and from potentially generating transaction fees from the sale of NFTs on Ape Market. | Ball Decl. Ex. 27 ¶¶ 9-12; Ex. 40 at Hickman Exs. 49, 55<br><br>**DISPUTED**<br><br>a) **Incorrect that Mr. Ripps and Mr. Cahen "expected to make money from the …resale of RR/BAYC NFTs" as the evidence shows they took steps to turn off the royalty fees from all of the secondary marketplaces they could.**<br>b) **Evid. Obj. Ground - Ball Decl. Ex. 27 is not an authentic declaration of Mr. Lehman. Further, this Court has previously held that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2.  Fed. R. Evid. 901.**<br>c) **Evid. Obj. Ground-Ball Decl. Ex. 27 ¶¶ 9-12 testifies to matters outside the declarant's personal knowledge.  Fed. R. Evid. 701.**<br>d) **Evid. Obj. Gournd-Ball Decl. Ex. 27 ¶¶ 9-12 testifies to matters outside the declarant's personal knowledge.  Fed. R. Evid. 701.**<br><br>**Controverting Evidence**<br><br>a) **Fed. R. Evid. 701, 801, 802, 901.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) Gosma Decl. Ex. 248 at 202:24-204:16 (Mr. Cahen states "My recollection is that as soon as we were able to set all of [the royalties] to zero, it was executed."). |
| 74. In discussing how to sell out the RR/BAYC NFTs, Defendant Ripps wrote "in order to get that we would need traditional methods of garbage influencers or new methods of unsourced hype from unexpected places . . . such as local news ... . controversy . . . law stuff... or someone unearths a shitload of yuga dirt. . . that's probably most likely tbh." | Ball Decl. Ex. 28 at RIPPSCAHEN00002683<br><br>**UNDISPUTED** |
| 75. Defendants' software developer, Ryan Hickman, wrote in a chat that included Defendants, "We're closing in on $10 million impact to yuga." | Ball Decl. Ex. 27 ¶ 15; Ex. 40 at Hickman Ex. 58<br><br>**DISPUTED**<br><br>a) **Incomplete quote of conversation.  Mr. Mr. Hickman states that "We're closing in on a $10 million impact on Yuga," Mr. Ripps responds "it doesn't impact yuga" and "the clients buy rrbayc are legit the opposite."  Mr. Cahen then respondes "Right I'm think maybe he just meant 10 million volume total."**<br>b) **Ball. Decl. Ex. 27 is not an authentic declaration of Mr.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Lehman.  Further, this Court hasheld that Defendants are entitled to further discovery regarding the declaration "to explore whether the Declaration was coerced or was a condition of settlement as seems likely." Dkt. 159 at 2.  Fed. R. Evid. 901.<br><br>c) Evid. Obj. Ground–Ball Decl. Ex. 40 at Ex. 58 is inadmissible hearsay.  Fed. R. Evid. 801, 802.<br><br>d) Evid. Obj. Ground–Ball Decl. Ex. 40 at Ex. 58 includes statements made outside the personal knowledge of the speaker.  Fed. R. Evid. 701.<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 701, 801, 802, 901<br>b) Ripps Decl. Ex. 240. |
| **Harm to Yuga Labs** | |
| 76. Yuga Labs has suffered harm to its brand equity, impacting its sales, profits, and future earnings. | Berger Decl. ¶¶ 35-39<br><br>Muniz Decl. ¶ 12<br><br>**DISPUTED**<br><br>a) Evid. Obj. Ground – Berger's expert opinions on harm Yuga Labs has suffered to its brand equity, sales, profits, and future earnings are inadmissible under Daubert. Fed. R. Evid. 702. To the extent he is not giving expert he is testifying to matters outside |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | his personal knowledge.  Fed. R. Evid. 701.<br>b) **False that Yuga has suffered harm to its brand as a result of the RR/BAYC Project because there are countless NFT collections that point the same or nearly identical images as the BAYC NFT collection.**<br><br>**Controverting Evidence**<br><br>a)  Fed. R. Evid. 701, 702<br>b)  Ripps Decl. Exs. 151-173. |
| 77. Yuga Labs has experienced changed dynamics with its prospective business partners. | Kindler Decl. ¶¶ 14-18<br><br>Muniz Decl. ¶ 12<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground – Kindler's expert opinions on changed dynamics with Yuga Labs' prospective business partners are inadmissible under Daubert. Fed. R. Evid. 702.  To the extent Kindler is not offering expert testimony, she is testifying to matters outside of her personal knowledge.  Fed. R. Evid. 701.**<br>b) **To the extent she is relying on Ms. Muniz's testimony, Kindler's statements are hearsay.  Fed. R. Evid. 801, 802.**<br>c) **False that Yuga has experienced changed dynamics as a result of the sale of RR/BAYC NFTs** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | because there are countless copycat BAYC NFT collections<br>d) Evid. Obj. Ground – Kindler's expert opinions on changed dynamics with Yuga Labs' prospective business partners are inadmissible under Daubert. Fed. R. Evid. 702.  To the extent Kindler is not offering expert testimony, she is testifying to matters outside of her personal knowledge.  Fed. R. Evid. 701.<br>e) To the extent she is relying on Ms. Muniz's testimony, Kindler's statements are hearsay.  Fed. R. Evid. 801, 802.<br><br>**Controverting Evidence**<br><br>a)  Fed. R. Evid., 701, 702.<br>b)  Ripps Decl., Exs. 151-173.<br>c)  Fed. R. Evid. 801, 802. |
| 78. Yuga Labs had to expend time and money to correct instances of confusion. | Ball Decl. Ex. 42 at 170:2-21<br><br>Muniz Decl. ¶ 12<br><br>**DISPUTED**<br><br>a)  **False that Yuga has to spend any resources to correct confusion as a result of the sale of RR/BAYC NFTs because there are countless copycat BAYC NFT collections and could not identify a single instance of confusion**<br><br>**Controverting Evidence** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | a) Ripps Decl., Exs. 151-173.<br>b) Gosma Decl. Ex. 245 at 260:09-19. |
| **Defendants' Cybersquatting Domain Names** ||
| 79. The domain name rrbayc.com does not consist of the legal names of either Defendant. | Ball Decl. Ex. 25 ¶ 8<br><br>**DISPUTED**<br><br>**a) Incorrect. The "RR" from the RR/BAYC project "stands for Mr. Ripps's name, Ryder Ripps" Ball Decl. Ex. 36 at ROG 4.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 36 at ROG 4.<br>b) Gosma Decl. Ex. 247 at 61:01-61-09. |
| 80. The domain name apemarket.com does not consist of the legal names of either Defendant. | Ball Decl. Ex. 25 ¶ 8<br><br>**UNDISPUTED** |
| 81. The BAYC brand and NFTs had been featured by media outlets and in news articles before Defendant Ripps registered either https://rrbayc.com/ or https://apemarket.com/. | Solano Decl. Exs. 19, 22-24<br><br>Ball Decl. Ex. 29; Ex. 38 at 36:18-37:8<br><br>**UNDISPUTED** |
| 82. Defendant Ripps' registration of the domain names https://rrbayc.com/ and | Ball Decl. Ex. 29; Ex. 34 at NAMECHEAP0000016-17<br><br>**DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| https://apemarket.com/ were hidden by a proxy registration service. | **a) Mischaracterizes evidence of registration information to state Mr. Ripps' registration was "hidden" by using a proxy registration service.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 29; Ex. 34 at NAMECHEAP0000016-17 |
| 83. Yuga Labs has pending trademark applications for "Ape"-based marks. | Muniz Decl. Exs. 46, 48, 50<br><br>**DISPUTED**<br><br>**a) Mischaracterizes the evidence as Yuga Labs has abandoned its application for "APE" with the PTO.**<br><br>**Controverting Evidence**<br><br>a) Muniz Deposition Ex. 227.<br>b) Ripps Decl., Ex. 110 at RIPPSCAHEN00020732. |
| **Defendants' *Rogers* Defense** | |
| 84. Defendant Ripps testified with respect to RR/BAYC that "the art is not anything besides the sum of what an NFT is because the artwork is an NFT." | Ball Decl. Ex. 38 at 105:17-18<br><br>**DISPUTED**<br><br>**a) Mischaracterizes testimony by omitting relevant statement. The full testimony is, "So to understand any single thing on the blockchain, you have to understand – it's like – it would** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | be like reading a book and then taking out a sentence.  Like, that's not the book.  So, like, the NFT is not any one of these things.  The NFT is the entirety of the things.  The creator, the date it was created, the owner of the token, the current token, the block at which it existed on, all of these very contextual elements make up what an NFT is.  And the RR/BAYC NFT art piece, the Ryder Ripps/Bored Ape Yacht Club art piece is —cannot be understood.  And the art is not anything besides the sum of what an NFT is because the artwork is an NFT.  So in order to understand one of the artworks, you have to – you have to see the NFT.  And to my understanding, there was around 9,000-something artworks that I created under RR/BAYC, and each one you would have to understand the context and the – the specific – the specifics of that token because what we're talking about here are tokens." <br><br> **Controverting Evidence** <br><br> a) Gosma Decl. Ex. 247 at 105:5–106:1. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 85. The Twitter account @ApeMarketplace posted a tweet stating that "ApeMarket and RR/BAYC are registered trademarks." | Muniz Decl. Exs. 101, 102 **DISPUTED** <br><br> a) **Mischaracterizes the evidence. Specifically Muniz Decl. Ex. 101 is a publicly available tweet that includes a sarcastic footnote that states "For Internal use only. Do not distribute. Copyright © 2022 ApeMarket. All rights reserved. ApeMarket and RR/BAYC are registered trademarks."** <br><br> **Controverting Evidence** <br><br> a) Muniz Decl. Exs. 101 <br> b) Gosma Decl. Ex. 248 at 126:14-128:07. |
| **Defendants' Fair Use Defense** | |
| 86. In December 2021, Adidas tweeted a Bored Ape image with the sole caption "#NewProfilePic" and no other text or BAYC Mark. | Solano Decl. Ex. 11 **UNDISPUTED** |
| 87. Defendant Ripps' Foundation page for the RR/BAYC NFT collection displayed, unmodified and in their entirety, Yuga Labs' BORED APE YACHT CLUB, BAYC, BA YC BORED APE YACHT CLUB Logo, and Ape Skull Logo marks. | Muniz Decl. Ex. 54 **DISPUTED** <br><br> a) **Mischaracterizes exhibit as "Defendant Ripps' Foundation page for the RR/BAYC NFT Collection" as he did not create the page or choose the words displayed on the page. He** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **simply chose to name his art Ryder Ripps/Bored Ape Yacht Club, and had no control over how Foundation would represent the name of the RR/BAYC Project.**<br><br>**Controverting Evidence**<br><br>a) Gosma Decl. Exs. 247 at 69:22-77:8, 267:4-12.<br>b) Gosma Decl. Ex. 245 at Depo. Ex. 227. |
| 88. Defendants are not using the BAYC Marks to sell Yuga Labs' BAYC NFTs. | Muniz Decl. Exs. 54, 67, 68<br><br>**UNDISPUTED** |
| **Defendants' Unclean Hands Defense** | |
| 89. Yuga Labs did not compensate celebrities for endorsements. | Ball Decl. Ex. 43<br><br>Muniz Decl. ¶ 10<br><br>**DISPUTED**<br><br>a) █████████████████<br><br>b) █████████████████ |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | ██████████████████ ████████ **Controverting Evidence** a) ████████████████ ████████████████ ████████████████ b) Ball Decl. Ex. 43 at 102:18-103:8 |
| 90. Yuga Labs' logo is disclosed in the end credits of Snoop Dogg and Eminem's music video featuring their Apes. | Muniz Decl. ¶ 11, Ex. 52 **UNDISPUTED** |
| 91. The BAYC brand and BAYC NFTs were featured by media outlets and in news articles before many celebrities publicly declared their acquisition of a BAYC NFT. | Muniz Decl. ¶10 Solano Decl. Exs. 19, 22-24 **UNDISPUTED** |
| **Yuga Labs' Takedown Requests** | |
| 92. Yuga Labs issued one takedown notice identifying copyright infringement as the basis of the request (the "May 17, 2022 Takedown"). | Williams Decl. ¶ 4; Exs. 1, 2, 3 **DISPUTED** a) **Incorrect. Yuga Labs has issued more than one takedown notice identifying copyright infringement as the basis of the request. Several takedown notices specifically cite to the DMCA, which stands for the** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | **Digital Millennium Copyright Act, and thus the takedowns are in fact alleging copyright infringement as a basis for the takedown by citing to the DMCA.** |
| | **b) Each certification for the takedown is made under 17 U.S.C. 512(f) and infringement under that statute is copyright infringement.  Accordingly, the takedown is alleging copyright infringement even where it also mentions trademark.** |
| | **Controverting Evidence** |
| | a) Ripps Decl., Ex. 187 at RIPPSCAHEN00015313 (Takedown request from Yuga Labs that they "are contacting you as the DMCA Agent;" that "We…have a good faith belief that the use of the Infringing Content in the manner described above is not authorized by the copyright owner, Yuga Labs..;" and cites to "17 U.S.C. 512(f)."). |
| | b) Ripps Decl., Ex. 190 at RIPPSCAHEN00015319 (Takedown request from Yuga Labs that has a subject line of "Yuga Labs, Inc. Notice Under DMCA/ rrbayc.com" and cites to "17 U.S.C. 512(f)."). |
| | c) Ripps Decl., Ex. 191 at RIPPSCAHEN00015320 ("Letter of Authorization for Appdetex" |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | signed by Nicole Muniz that states "Yuga Labs, Inc. has granted to Appdetex…the authority to represent Yuga Labs, Inc.'s interest with your organization, in protection of Yuga Labs, Inc.'s intellectual property assets, including protection of Yuga Labs, Inc.'s…copyrights…"). <br><br> d) Williams Decl., Ex. 4 at 21 and 35 (In an exemplary takedown, titled "Yuga Labs, Inc., Notice Under **DMCA**" Yuga Labs stated, "We are contacting you as the **DMCA Agent** regarding content offered on your platform." Yuga Ex. 4 at 21. Yugas Labs claimed trademark in that material. These would include a 512(f) acknowledgement which stated that Yuga Labs "acknowledge that we may be subject to liability for damages" under 17 U.S.C. 512(f)). |
| 93. The May 17, 2022 Takedown was sent to Foundation marketplace for the RR/BAYC NFT collection and stated: "[t]he infringing content uses copyrighted material from https://opensea.io/collection/boredapeyachtclub produced by Yuga Labs without authorization." | Williams Decl. Ex. 3 <br><br> **UNDISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 94. The Foundation marketplace page for the RR/BAYC NFT collection displayed Yuga Labs' Ape Skull logo. | Muniz Decl. Exs. 54, 59<br><br>**DISPUTED**<br><br>a) **Mischaracterizes that the Foundation marketplace page for the RR/BAYC NFT Collection was created to display the Ape Skull logo as Defendant Ripps did not create the page or choose the words displayed on the page. He simply chose to name his art Ryder Ripps/Bored Ape Yacht Club, and had no control over how Foundation would represent the name of the RR/BAYC Project.**<br>b) **Evid. Obj. Ground-Muniz Decl. Ex. 54 is not properly authenticated. Fed. R. Evid. 901.**<br>c) **Evid. Obj. Ground-Muniz Decl. Ex. 59 is not properly authenticated and is not within the witness's personal knowledge. Fed. R. Evid. 901, 701.**<br><br>**Controverting Evidence**<br><br>a) Gosma Decl. Ex. 247 at 69:22-77:8, 267:4-12, Ex. 245 at Depo. Ex. 227.<br>b) Fed. R. Evid. 901<br>c) Fed. R. Evid. 701 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 95. The OpenSea page identified in the May 17, 2022 Takedown displayed Yuga Labs' Ape Skull logo. | Solano Decl. Ex. 16<br><br>**DISPUTED**<br><br>a) **Evid. Obj. Ground-Solano Decl. Ex. 16 is inadmissible hearsay. Fed. R. Evid. 801, 802**<br><br>**CONTROVERTING EVIDENCE**<br><br>a) Fed. R. Evid. 801, 802 |
| 96. Yuga Labs believes that it owns the copyright in the Ape Skull Logo. | Solano Decl. ¶ 2<br><br>Ball Decl. Ex. 35 at Rog. 1<br><br><br>**DISPUTED**<br><br>a) **Yuga retained a third party to create the Ape Skull logo and that third party has never transferred copyright to Yuga.**<br>b) **Evid. Obj. Ground-Ball Decl. Ex. 35 at ROG 1 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br>b) **Ball Decl. Ex. 35 at ROG 1 is inadmissible hearsay. Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence**<br><br>a) Gosma Decl. Ex. 250 at 72:3-5 (claiming ignorance of skull logo origins).<br>d) Fed. R. Evid. 402, 403 801, 802. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) Solano Decl. Ex. 12 at YUGALABS 00030224 ("Most notably, Yuga decentralized the IP rights of Bored Apes, Punks, and Meebits, granting holders rights to the underlying art.") |
| | c) Gosma Decl. Ex. 245 at Depo. Ex. 230 (the BAYC Terms and Conditions, stating "You Own the NFT.  Each Bored Ape is an NFT on the Ethereum blockchain. When you purchase and NFT, you own the underlying Bored Ape, the Art, completely…Yuga Labs LLC grants you a worldwide, royalty-free license to use, copy, and display the purchased Art, along with any extensions that you choose to create or use…"). |
| | d) Gosma Decl. Ex. 245 at 71:2-73:3. |
| | e) Gosma Decl. Ex. 245 at Depo. Ex. 232, 233 (BAYC NFTs that include the alleged BAYC Marks in the images.). |
| | f) Gosma Decl. Ex. 245 at 144:19-145:23. |
| | g) Ripps Decl., Ex. 238 (Nicole Muniz states "All IP rights are actually granted to the member and to the owner.  We have none of those rights, and we don't actually take a licensing fee.  So it's a completely novel idea and new to – in general."). |
| | h) Fed. R. Evid. 801, 802. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| 97. Yuga Labs sent 25 takedown notices regarding Defendants' RR/BAYC NFT collection alleging trademark infringement. | Williams Decl. ¶ 5; Ex. 2<br><br>**DISPUTED**<br><br>    **a) Evid. Obj. Ground – Williams Decl. Ex. 2 is Hearsay. Fed. R. Evid. 801, 802.**<br><br>**Controverting Evidence:**<br><br>    a) Fed. R. Evid. 801, 802 |
| 98. None of the 25 takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection alleging trademark infringement identified a copyrighted work as allegedly infringed as the basis for takedown. | Williams Decl. ¶ 5<br><br>**DISPUTED**<br><br>    **a) Misleading. The takedown notices specifically cite to the DMCA, which stands for the Digital Millennium Copyright Act, and thus the takedowns are in fact alleging copyright infringement as a basis for the takedown by citing to the DMCA.**<br>    **b) Each certification for the takedown is made under 17 USC512(f) and infringement under that statute is copyright infringement. Accordingly, the takedown is alleging copyright infringement even where it also mentions trademark.**<br><br>**Controverting Evidence**<br><br>    a) Ripps Decl., Ex. 187 at RIPPSCAHEN00015313 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | (Takedown request from Yuga Labs that they "are contacting you as the DMCA Agent;" that "We…have a good faith belief that the use of the Infringing Content in the manner described above is not authorized by the copyright owner, Yuga Labs..;" and cites to "17 U.S.C. 512(f).").<br><br>b) Ripps Decl., Ex. 190 at RIPPSCAHEN00015319 (Takedown request from Yuga Labs that has a subject line of "Yuga Labs, Inc. Notice Under DMCA/ rrbayc.com" and cites to "17 U.S.C. 512(f).").<br><br>c) Ripps Decl., Ex. 191 at RIPPSCAHEN00015320 ("Letter of Authorization for Appdetex" signed by Nicole Muniz that states "Yuga Labs, Inc. has granted to Appdetex…the authority to represent Yuga Labs, Inc.'s interest with your organization, in protection of Yuga Labs, Inc.'s intellectual property assets, including protection of Yuga Labs, Inc.'s…copyrights…").<br><br>d) Williams Decl., Ex. 4 at 21 and 35 (In an exemplary takedown, titled "Yuga Labs, Inc., Notice Under DMCA" Yuga Labs stated, "We are contacting you as the **DMCA Agent** regarding content offered on your platform." Yuga Ex. 4 at 21. Yugs Labs claimed trademark in that material. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | These would include a 512(f) acknowledgement which stated that Yuga Labs "acknowledge that we may be subject to liability for damages" under 17 U.S.C. 512(f) (35 of Yuga 4). |
| 99. Only three of the takedown notices that Yuga Labs sent regarding the RR/BAYC NFT collection alleging trademark infringement resulted in the removal of Defendants' RR/BAYC NFT collection page. | Williams Decl. ¶ 5; Ex. 4<br><br>**UNDISPUTED** |
| 100.   On June 2, 2022, Foundation marketplace forwarded Yuga Labs' takedown notice alleging trademark infringement to Defendant Ripps, stating: "In accordance with a notice of trademark infringement we received from Yuga Labs, Inc., we have removed your Collection, Bored Ape Yacht Club, from public view." | Ball Decl. Ex. 30<br><br>**DISPUTED**<br><br>a) **Mischaracterizes the evidence by not providing a complete citation of the materials. Specifically, Ball Decl. Ex. 30 also states "We are contacting you as the DMCA Agent regarding content" and "As applicable under 17 U.S.C. 512(f), we acknowledge that we may be subject to liability for damages." The takedown notices specifically cite to the DMCA, which stands for the Digital Millennium Copyright Act, and thus the takedowns are in fact alleging copyright infringement as a basis for the takedown by citing to the** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | DMCA.  Additionally, the certification for the takedown is made under 17 U.S.C. 512(f) and infringement under that statute is copyright infringement.  Accordingly, the takedown is alleging copyright infringement even where it also mentions trademark.  **Controverting Evidence**  a)  Ball Decl. Ex. 30 |
| 101.   In an email chain between Yuga Labs' counsel and X2Y2, dated June 25, 2022 - June 28, 2022, discussing a takedown notice alleging trademark infringement, Yuga Labs' counsel stated: "Yuga Labs' request for removal of Ripps' collections is based on infringement of its trademarks." X2Y2 responded: "The action and our announcement on Twitter are our responses to our server providers' request, which is about trademark infringement...We'll remove Ripps' collection." | Ball Decl. Ex. 31  **UNDISPUTED** |
| **Exceptional Case** | |
| 102.   On March 7, 2023, a post from Defendant Cahen's Twitter account stated "Eric Ball of @FenwickWest supports racism, antisemitism, beastiality, pedophilia and using cartoons to market drugs to young | Ball Decl. Ex. 45  **UNDISPUTED**  a)  **Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| children." The tweet included a picture of Mr. Ball. | is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.<br>b) **These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 401, 402, 403<br>b) Fed. R. Evid. 106 |
| 103.   On March 7, 2023, a post from Defendant Cahen's Twitter account stated "If you go around calling black athletes and celebrities 'apes', you are going to have a very bad time. @yugalabs is trying to normalize this kind of sick behavior, by financially incentivizing it. Eric Ball of @FenwickWest is the person who helps them perpetuate racism most." The tweet included a picture of Mr. Ball. | Ball Decl. Ex. 45<br><br>**UNDISPUTED**<br><br>a) **Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.**<br>b) **These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 401, 402, 403<br>b) Fed. R. Evid. 106. |
| 104.   On March 3, 2023, a post from Defendant Ripps' Twitter account stated "i have a personal | Ball Decl. Ex. 45<br><br>**DISPUTED** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| message/demand for Eric Ball and Fenwick and West" followed by a picture stating "you can suck my dick." | a) **Mischaracterizes the evidence by not providing a complete description of the materials. Specifically, Ball Decl. Ex. 45 copies a prior tweet from Yuga founder Wylie Aronow, and the sentence "you can suck my dick" appears in the tweet written by Mr. Aronow, not in the portion written by Mr. Ripps.**<br>b) **Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>c) **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 45<br>b) Fed. R. Evid. 401, 402, 403<br>c) Fed. R. Evid. 106 |
| 105.   [Intentionally omitted] | [Intentionally omitted] |
| 106.   On November 18, 2022, a post from Defendant Cahen's Twitter account stated "Fenwick + West. .. are criminals." | Ball Decl. Ex. 45<br><br>**DISPUTED**<br><br>a) **Mischaracterizes the evidence by not providing a complete description of the materials.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | Specifically, Ball Decl. Ex. 45 includes a post from Jeremy Cahen that in full says "Fenwick + Wet, the law firm who is representing YugaLabs signed off on the FTX.US audit.  They are criminals, make no mistake about it. assets.website-files.com/625f3cf193eb0bdbf6469cba/628eab2f96fde347cc283675_FTX%20Regulation%20and%20Licensure%20Information.pdf"<br><br>b) Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.<br>c) These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 45<br>b) Fed. R. Evid. 401, 402, 403.<br>c) Fed. R. Evid. 401, 402, 403<br>d) Fed. R. Evid. 106 |
| 107.   On January 3, 2023, a post from Defendant Ripps' Twitter account stated that "sleezy fenwick and west . . . love[s] distorting facts and words in bad faith." | Ball Decl. Ex. 45<br><br>**DISPUTED**<br><br>a) Mischaracterizes the evidence by not providing a complete |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | description of the materials. Specifically, Ball Decl. Ex. 45 includes a post from Ryder Ripps that in full says "dear sleezy fenwick and west (ftx lawfirm) since you love distorting facts and words in bad faith use this tweet : RR/BAYC CAUSED 500 TRILLION DOLLARS OF HARM TO THE US GOVERNMENT." <br> b) Evid. Obj. Ground-Ball Decl. Ex. 45 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403. <br> c) These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106 <br><br> **Controverting Evidence** <br><br> a) Ball Decl. Ex. 45. <br> b) Fed. R. Evid. 401, 402, 403. <br> c) Fed. R. Evid. 106. |
| 108.   On March 7, 2023, a post from Defendant Ripps' Twitter account stated "yugalabs are demonic evil liars." | Ball Decl. Ex. 44 <br><br> **DISPUTED** <br><br> a) Mischaracterizes the evidence by not providing a complete description of the materials. Specifically, Ball Decl. Ex. 44 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | includes a post from Ryder Ripps that in full says "yugalabs are demonic evil liars and they definitely dont have enough money to hide it forever, they dont have epstein money." |
| | b) Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403. |
| | c) These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106 |
| | d) Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403. |
| | e) These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106. |
| | **Controverting Evidence** |
| | a) Ball Decl. Ex. 44. b) Fed. R. Evid. 401, 402, 403. c) Fed. R. Evid. 106. d) Fed. R. Evid. 401, 402, 403 e) Fed. R. Evid. 106 |
| 109.  On February 22, 2023, a post from Defendant Ripps' Twitter account | Ball Decl. Ex. 44 |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| stated "dear wylie, greg, and guy . . . who hurt you? how did you people get so evil?" | **UNDISPUTED**<br><br>a) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b) **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br><br>**CONTROVERTING EVIDENCE**<br><br>a) Fed. R. Evid. 401, 402, 403.<br>b) Fed. R. Evid. 106. |
| 110.  On March 1, 2023, a post from Defendant Cahen's Twitter account stated "Yuga is such a pathetic excuse of a company that I literally made their most successful product" with an image. | Ball Decl. Ex. 44<br><br>**UNDISPUTED**<br><br>a) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant. Fed. R. Evid. 401, 402. To the extent it is relevant it is far more prejudicial than probative. Fed. R. Evid. 403.**<br>b) **These are misleadingly incomplete conversations and inadmissible without more context. Fed. R. Evid. 106.**<br><br>**CONTROVERTING EVIDENCE**<br><br>a) Fed. R. Evid. 401, 402, 403.<br>b) Fed. R. Evid. 106. |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | c) Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403. <br> d) These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106 |
| **II.**    [Intentionally omitted] | [Intentionally omitted] |
| 111.   [Intentionally omitted] | [Intentionally omitted] |
| 112.   [Intentionally Omitted] | [Intentionally omitted] |
| 113.   On November 17, 2022, a post from Defendant Ripps' Twitter account stated "the fact that wylie and greg simply cant admit they arent mouth breathing morons is wild behavior." | Ball Decl. Ex. 44 <br><br> **<u>UNDISPUTED</u>** <br><br> **a) Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.** <br> **b) These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106.** <br> **a) Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | b) **These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106** <br><br> **Controverting Evidence** <br><br> a) Fed. R. Evid. 401, 402, 403 <br> b) Fed. R. Evid. 106 |
| 114.   [Intentionally omitted] | [Intentionally omitted] |
| 115.   [Intentionally omitted] | [Intentionally omitted] |
| 116.   [Intentionally omitted] | [Intentionally omitted] |
| 117.   [Intentionally omitted] | [Intentionally omitted] |
| 118.   On July 31, 2022, a post from Defendant Cahen's Twitter account posted an image depicting Defendant Cahen's Twitter avatar over a gravestone labeled "YugaLabs 2021-2022" with a BAYC Mark. | Ball Decl. Ex. 44 <br><br> **DISPUTED** <br><br> a) **Mischaracterizes the evidence. The Logo included in the tweet states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH" and is not an alleged BAYC Mark.** <br> b) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
|  | c) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.** <br> d) **These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106** <br><br> **Controverting Evidence** <br><br> a)  Ball Decl. Ex. 44 <br> b)  Fed. R. Evid. 401, 402, 403 <br> c)  Fed. R. Evid. 106 |
| 119.   On July 31, 2022, Defendant Cahen's Twitter account posted an image depicting Defendant Ripps pointing a gun and Defendant Cahen's Twitter avatar holding a knife towards a manipulated version of a BAYC Mark, and captioned "Don't play with fire." | Ball Decl. Ex. 44 <br><br> **DISPUTED** <br><br> a) **Mischaracterizes the evidence. The Logo included in the tweet states "THIS LOGO IS BASED ON THE SS TOTENKOPF, 18 TEETH" and is not an alleged BAYC Mark.** <br> b) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.** <br> c) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | prejudicial than probative.  Fed. R. Evid. 403.<br>d) **These are misleadingly incomplete conversations and inadmissible without more context.  Fed. R. Evid. 106**<br><br>**Controverting Evidence**<br><br>a) Ball Decl. Ex. 44<br>b) Fed. R. Evid. 401, 402, 403<br>c) Fed. R. Evid. 106 |
| 120.   On July 21, 2022, a post from Defendant Cahen's Twitter account stated "From here on out Wylie and Greg will plead the 5th and no longer comment on their actions . . . . They will no longer defend themselves" with a picture of Defendant Cahen's Twitter avatar holding a decapitated BAYC Ape head corresponding with a BAYC NFT held by Greg Solano, a Yuga Labs founder. | Ball Decl. Ex. 44<br><br>**DISPUTED**<br><br>a) **Mischaracterizes Exhibit.  It shows a modified version of a Gustav Dore painting (David hoisting the severed head of Goliath) and places Mr. Cahen's Twitter avatar above the head of David in reference to his struggle against a much larger adversary (Yuga Labs).**<br>b) **Evid. Obj. Ground-Ball Decl. Ex. 44 is irrelevant.  Fed. R. Evid. 401, 402.  To the extent it is relevant it is far more prejudicial than probative.  Fed. R. Evid. 403.**<br>c) **These are misleadingly incomplete conversations and** |

| UNCONTROVERTED FACTS | EVIDENCE ESTABLISHING UNCONTROVERTED FACTS |
|---|---|
| | inadmissible without more context.  Fed. R. Evid. 106<br><br>**Controverting Evidence**<br><br>a) Fed. R. Evid. 401, 402, 403<br>b) Fed. R. Evid. 106<br>c) Ball Decl Ex. 44 |

## III.   DISPUTED FACTS AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S CONCLUSIONS OF LAW

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| **Yuga Labs Is Entitled To Summary Judgment On Its Trademark Infringement Claim.** | |
| 121.   Yuga Labs owns the BAYC Marks. | *Matal v. Tam.* 582 U.S. 218 (2017); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008); *JUUL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1053-54 (C.D. Cal. 2021); SUF ¶¶ 4, 6, 7.<br><br>**DISPUTED**<br><br>a) **Yuga does not have ownership of the BAYC Marks because (1) cannot have trademark rights over NFTs as they are intangible goods, (2) BAYC Marks were never used in commerce in connections with BAYC NFTs, or were not continuously used, or were used in connection with illegal goods, (3) Yuga transferred All Trademark** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **Rights to NFT Purchasers, (4) Yuga abandoned all BAYC Marks through naked licensing, (5) Yuga abandoned all BAYC Marks by failure to police, and (6) Yuga lack priority use for the APE mark, and (7) Yuga transferred all rights to the BA YC Logo, BA YC Bored Ape Yacht Club logo, and the Ape Skull Logo to the ApeCoin DAO.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 122.   The BAYC Marks are distinctive, and therefore valid and protectable. | *Kendall-Jackson Winery, Ltd, v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005); *CG Roxane LLC v. Fiji Water Co.*, 569 F. Supp. 2d 1019, 1030 (N.D. Cal. 2008); SUF ¶¶ 16-21.<br><br>**DISPUTED**<br><br>   a) **Yuga does not have valid and protectable BAYC Marks for NFTs because (1) cannot have trademark rights over NFTs as they are intangible goods, (2) BAYC Marks were never used in commerce in connections with BAYC NFTs, or were not continuously used, or were used in connection with illegal goods, (3) Yuga transferred All Trademark Rights to NFT Purchasers, (4) Yuga abandoned all BAYC Marks through naked licensing, (5) Yuga abandoned all BAYC Marks by failure to police, and (6)  Yuga lack priority use for the APE mark, and (7) Yuga transferred all rights to the BA YC Logo, BA YC Bored Ape Yacht Club logo, and the Ape Skull Logo to the ApeCoin DAO.**<br><br>**Controverting Law** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 123.   Defendants sold RR/BAYC NFTs in a manner that is likely to cause confusion with the BAYC Marks. | *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *Internet Specialties West. Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985. 989 (9th Cir. 2009); *GoTo.com, Inc, v. The Walt Disney Co.*, 202 F.3d 1199. 1205-07 (9th Cir. 2022); *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867. 874-875 (9th Cir. 2014); *AC I Int'l Inc, v. Adidas-Salomon AG*, 359 T. Supp. 2d 918. 921 (C.D. Cal. 2005); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999); *Stone Creek, Inc. v. Omnia Italian* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *Design, Inc.*, 875 F.3d 426. 436 (9th Cir. 2017); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012);* SUF ¶¶ 8-75.<br><br>**DISPUTED**<br><br>a) **Sale of RR/BAYC NFTs were not done in a manner that is likely to cause confusion.**<br>b) **First, RR/BAYC and BAYC are neither the same product nor are the marks identical. RR/BAYC NFTs are part of a broader aristic statement and criticism of Yuga Labs. Also RR/BAYC NFTs are different products in different markets.**<br>c) **Second, Yuga has not established a likelihood of confusion among typical NFT consumers. Evidence shows that consumers were not confused and bought RR/BAYC NFTs to support the project. On the other hand, Yuga does not provide evidence of actual consumer confusion and their expert's opinion is deficient.**<br>d) **Third, Defendants took numerous steps to prevent confusion and certainly did not intend for consumers to be confused.**<br><br>**Controverting Law**<br><br>*New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *1992)*; *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010)*; *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989)*; *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993)*; *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013)*. |
| **Yuga Labs Is Entitled To Actual Damages Caused By Defendants' Trademark Infringement.** | |
| 124.   Yuga Labs is entitled to a judgment for actual damages as a result of Defendants' infringement of the BAYC Marks. | *Adrav v. Adrv-Mart, Inc.. 16 F.3d 984, 989 (9th Cir. 1995), as amended on denial of reh 'g* (Feb. 15, 1996)*; Monster Energy' Co. v. Integrated Supply Network, LLC.* 533 F. Supp. 3d 928, 933 (C.D. Cal. 2021),* appeal dismissed, No. 21-55361, 2021 WL 3028034 (9th Cir. June 28, 2021);* SUF ¶¶ 76-78.<br><br>**DISPUTED**<br><br>a) **Yuga Labs is not entitled to damages because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible trademarks, there has been no infringement, (3) the RR/BAYC Project is protected use of the alleged marks, and (4) Yuga has suffered no damages as a result** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | of the RR/BAYC Project's use the alleged marks. |
|  | **Controverting Law** |
|  | a) *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
|  | b) *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. 1992); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A.* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013). |
|  | c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). |
|  | d) 15 U.S.C. § 1177 |
| 125.   Yuga Labs is entitled to injunctive relief as a result of Defendants' infringement of the BAYC Marks. | *Phillip Morris USA Inc. v. Shalabi,* 352 F. Supp. 2d 1067, 1074-1075 (C.D. Cal. 2004); Compl. 1-4; SUF ¶¶ 76-78.<br><br>**DISPUTED**<br><br>a) **Yuga Labs is not entitled to injunctive because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | trademarks, there has bee no infringement, (3) the RR/BAYC Project is protected use of the alleged marks and (4) Yuga has suffered no irreparable/non-monetary harm. |

**Controverting Law**

a) *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).

b) *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. 1992); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013).<br><br>c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020).<br><br>d) 15 U.S.C. § 1177 |
| 126.   Yuga Labs is entitled to enhanced damages. | 15 U.S.C. § 1117; SUF ¶¶ 76-78.<br><br>**DISPUTED**<br><br>**b) Yuga Labs is not entitled to injunctive because (1) it does not have valid and protectible** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | trademarks, (2) to the extent it has valid and protectible trademarks, there has bee no infringement, (3) the RR/BAYC Project is protected use of the alleged marks and (4) no circumstances exist warranting enhanced damages.<br><br>**Controverting Law**<br><br>a) *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).<br>b) *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 309 (9th Cir. 1992)*; Fortune* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013). <br><br> c) *Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). <br><br> d) 15 U.S.C. § 1177 |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 127. Yuga Labs is entitled to an award of its attorneys' fees because this is an exceptional case. | *Te-Ta-Ma Truth Found.-Family of Uri, Inc, v. World Church of the Creator,* 392 F.3d 248, 263-64 (7th Cir. 2004); Arcona, Inc. v. Farmacy Beauty, LLC, No, 17-7058, 2021 WL 2414856, at *1 (C.D. Cal. June 14, 2021), *aff'd*, No. 2155678, 2022 WL 1486822 (9th Cir. May 1 L 2022); *SunEarth, Inc, v. Sun Earth Solar Power Co.,* 839 F.3d 1179, 1181 (9th Cir. 2016); *Ketab Corp, v. Mesriani & Assocs., P.C.,* 734 F. App'x 401, 411-12 (9th Cir. 2018); SUF ¶¶ 178, 102-21.<br><br>**DISPUTED**<br><br>**a) Yuga Labs is not entitled to injunctive because (1) it does not have valid and protectible trademarks, (2) to the extent it has valid and protectible trademarks, there has bee no infringement, (3) the RR/BAYC Project is protected use of the alleged marks and (4) no exceptional circumstances exist.**<br><br>**Controverting Law**<br><br>a) *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David,* No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.,* 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu,* 403 F.3d 645, 654 (9th Cir. 2005); |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.,* 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera,* 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.,* 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey,* 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.,* 683 F.3d 1190, 1202 (9th Cir. 2012).<br><br>b) *New Kids on the Block v. News America Pub., Inc.,* 971 F.2d 302, 309 (9th Cir. 1992); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1038 (9th Cir. 2010); *Accuride Int'l, Inc. v. Accuride Corp.,* 871 F.2d 1531, 1537 (9th Cir. 1989); *Health Net v. U.S.A. Healthnet, Inc.,* No. CV 92-3925 KN, 1993 WL 209558, at *1 (C.D. Cal. May 12, 1993); *Stonefire Grill, Inc. v. FGF Brands, Inc.,* 987 F. Supp. 2d 1023, 1054 (C.D. Cal. 2013).<br><br>c) *Punchbowl, Inc. v. AJ Press LLC,* 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.,* 875 F.3d 1192, 1196 (9th Cir. 2017);* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002)* (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). <br> d) *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000). |
| **Yuga Labs Is Entitled To Summary Judgment On Its Anti-Cybersquatting Consumer Protection Act ("ACPA") Claims.** | |
| 128.  Defendants' domain name https://rrbayc.com/ is confusingly similar to Yuga Labs' trademarks. | 15 U.S.C. § 1125(d)(1); *Super-Krete IntT, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1031-32 (C.D. Cal. 2010); *DISC Intellectual Provs. LLC v. Delman*, No. 07-5306, 2007 WL 4973 849, at *5 (C.D. Cal. Sept. 17, 2007); *Haas Automation. Inc, v. Denny*, No. 1204779, 2013 WL 6502876, at *3 (C.D. Cal. Dec. 4, 2013); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1093-94, 1097, 1105 (S.D. Cal. 2012); SUF ¶¶ 17, 79-83. <br><br> **DISPUTED** <br><br> **a)  rrbayc.com is not confusingly similar to Yuga's Marks because (1) Yuga does not have valid, enforceable marks, (2) Yuga's experts do not even attempt to explain that rrbayc is confusing similar to BAYC or any other** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | **BAYC mark, and (3) no evidence suggests that anyone ever thought rrbayc was confusingly similar to a BAYC Mark.** |
| | **Controverting Law** |
| | *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 129.   Defendants' domain name https://apemarket.com/ is confusingly similar to Yuga Labs' trademarks. | 15 U.S.C. § 1125(d)(1) *Super-Krete In fl, Inc. v. Sadleir,* 712 F. Supp. 2d 1023, 1031-32 (CD. Cal. 2010); *DISC Intellectual Props. LLC v. Delman,* No. 07-5306, 2007 WL 4973 849, at \*5 (C D. Cal. Sept. 17, 2007); *Haas Automation, Inc. v. Denny,* No. 12-04779, 2013 WL 6502876, at \*3 (C.D. Cal. Dec. 4, 2013); *City of Carlsbad v. Shah,* 850 F. Supp. 2d 1087, 1093-94, 1097, 1105 (S.D. Cal. 2012); SUF ¶¶ 79-83. **DISPUTED** **a) rrbayc.com is not confusingly similar to Yuga's Marks because (1) Yuga does not have valid, enforceable marks, (2) Yuga's experts don't even attempt to explain that apemarket is confusing similar to APE or any other BAYC mark, and (3) no evidence suggests that anyone ever thought apemarket was confusingly similar to a BAYC Mark.** **Controverting Law** *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David,* No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.,* 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu,* 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc.* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 130.  Defendants had a bad faith intent to profit from the registration and use of the domain name https://rrbayc.com/. | 15 U.S.C. § 1125(d)(1); *United Artists Corp, v. United Artist Studios LLC*, No. 19-828, 2020 WL 4369778, at \*42 (C.D. Cal. July 7, 2020): GoPets Ltd, v. Hise, 65 7.F.3d 1024, 1033 (9th Cir. 2011); *Super-Krete Int '1, Inc, v. Sadleir,* 712 F. Supp. 2d 1023, 1033 (C.D. Cal. 2010); SUF ¶¶ 73, 82.<br><br>**DISPUTED**<br><br>a)  **Defendants did not have any bad faith intent because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) rrbayc is not confusingly similar to any BAYC Mark, and (4) no evidence of bad faith intent.**<br><br>**Controverting Law** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 131.  Defendants had a bad faith intent to profit from the registration and use of the domain name https://apemarket.com/. | 15 U.S.C. § 1125(d)(1); *United Artists Corp. v. United Artist Studios LLC,* No. 19-828, 2020 WL 4369778, at *42 (C.D. Cal. July 7, 2020); *GoPets Ltd, v. Hise,* 657 F.3d 1024, 1033 (9th Cir. 2011); *Super-Krete Int 7, Inc, v. Sadleir,* 712 F. Supp. 2d 1023, 1033 (C.D. Cal. 2010); SUF ¶¶ 73, 82.  **DISPUTED** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | a) **Defendants did not have bad faith intent because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, (3) no evidence that apemarket is confusingly similar to APE, and (4) there is no evidence of any bad faith intent.** <br><br> **Controverting Law** <br><br> *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| 132.  Defendants are not entitled to the ACPA's safe harbor defense, because Defendants did not have reasonable grounds to believe that their use of the domain name https://rrbayc.com/ was lawful. | 15 U.S.C. § 1125(d)(1); See *Lahotiv. PeriCheck, Inc.,* 5 86 F.3d 1190, 1203 (9th Cir. 2009); *Super-Krete Inf 1, Inc. v. Sadleir,* 712 F. Supp. 2d 1023, 1035 (C D. Cal. 2010); SUF ¶¶ 17, 79-83.<br><br>**DISPUTED**<br><br>a) **Defendants are entitled to the safe harbor defense because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) rrbayc is not confusingly similar to any BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com.*, |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 133.   Defendants are not entitled to the ACPA's safe harbor defense, because Defendants did not have reasonable grounds to believe that their use of the domain name https://apemarket.com/ was lawful. | 15 U.S.C. § 1125(d)(1); See *Lahotiv. VeriCheck, Inc.,* 5 86 F.3d 1190, 1203 (9th Cir. 2009); *Super-Krete hit 7, Inc. v. Sadleir,* 712 F. Supp. 2d 1023, 1035 (C.D. Cal. 2010); SUF ¶¶ 79-83.<br><br>**DISPUTED**<br><br>    **a)  Defendants are entitled to the safe harbor defense because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) apemarket is not confusingly similar to any BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| **Yuga Labs Is Entitled To Statutory Damages And Injunctive Relief For Defendants' Violations Of The ACPA.** | |
| 134.   Yuga Labs is entitled to statutory damages for Defendants' violations of the ACPA, because Defendants' actions were egregious. | 15 U.S.C. § 1117(d); *City of Carlsbad v. Shah,* 850 F. Supp. 2d 1087, 1108 (S.D. Cal. 2012): Wecosign, Inc. v. 1FG Holdings, Inc., 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012): SUF ¶¶ 79-83.  <br><br>**DISPUTED** <br><br>   a) **Yuga is not entitled to statutory damages because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) the website domain names are not confusingly similar to any BAYC Mark.** <br><br>**Controverting Law** <br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). |
| 135.  Yuga Labs is entitled to injunctive relief for Defendants' violations of the ACPA. | 15 U.S.C. § 1117(d); SUF ¶¶ 79-83.<br><br>**DISPUTED**<br><br>    a)  **Yuga is not entitled to injunctive relief because (1) Yuga has an open-source IP business model, (2) Yuga does not have valid, enforceable marks, and (3) the website domain names are not confusingly similar to any BAYC Mark.**<br><br>**Controverting Law**<br><br>*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Pulse Entm't Corp. v. David*, No. 2:14-cv-04732-SVW-MRW, Dkt. 19 at 4 (C.D. Cal. Sept. 17, 2014); *Social Techs.* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | *LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996); *Kiva Health Brands v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 888 (N.D. Cal. 2019); *S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595–96 (9th Cir. 2002); *Freecycle Network, Inc.v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) |
| **The Rogers Test Does Not Apply Because RR/BAYC NFTs Are Not Artistic Expression.** | |
| 136.   RR/BAYC NFTs are not an expressive work protected by the First Amendment. | *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi,* 875 F.2d 994, 999 (2d Cir. 1989);* ECF No. 62 at 6; SUF ¶¶ 1122, 27,31,32, 84.<br><br>**DISPUTED**<br><br>a) **The RR/BAYC NFTs are part of the broader RR/BAYC Project which uses appropriation art to criticize Yuga's offensive conduct and educate the public about the nature of NFTs and are appropriately considered expressive work protected by the First Amendment. SUF ¶¶206-08.** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | **Controverting Law**<br><br>*Punchbowl, Inc. v. AJ Press LLC*, 549 F. Supp. 3d 1061, 1066 (C.D. Cal. 2021), aff'd, 52 F.4th 1091 (9th Cir. 2022); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1136 (C.D. Cal. 1998), aff'd, 296 F.3d 894 (9th Cir. 2002) (citing *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 760 (1976)); *Jackson v. Netflix, Inc.*, No. 220CV06354MCSGJS, 2020 WL 8028615 (C.D. Cal. Dec. 9, 2020). |
| 137. Defendants' use of the BAYC Marks in the RR/BAYC NFTs is not artistically relevant. | *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); ECF No. 62 at 7; SUF ¶¶ 1122, 27,31,32, 73,84, 85.<br><br>**DISPUTED**<br><br>   **a) Defendants' use of the modified versions of the marks were artistically relevant as they allowed Defendants to identify the subject of their criticism and to criticize the marks themselves.** SOF-¶-216<br><br>**Controverting Law** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | a) *Gordon v. Drape Creative, Inc,* 909 F.3d 257, 268 (9th Cir. 2018); *VIRAG, S.R.L. v. Sony Computer Ent. Am. LLC,* No. 3:15-CV-01729-LB, 2015 WL 5000102, at *2 (N.D. Cal. Aug. 21, 2015), aff'd, 699 F. App'x 667 (9th Cir. 2017); *New Kids on the Block v. News Am. Pub., Inc.,* 971 F.2d 302, 306–07 (9th Cir. 1992). |
| 138.  Defendants' use of the BAYC Marks was intended to explicitly mislead consumers. | *Gordon v. Drove Creative, Inc.,* 909 F.3d 257, 269-271 (9th Cir. 2018); *Rogers v. Grimaldi,* 875 F.2d 994, 999 (2dCir. 1989);* ECF No. 62 at 7; SUF ¶¶ 1122-27,31-34, 39, 70, 85.<br><br>**DISPUTED**<br><br>a) **Defendants use of modified versions of the marks adds expressive content.  Defendants also have made clear that the RR/BAYC Project is not associated with BAYC through their use of a diclaimer, modified versions of the marks, and cites to rrbayc.com, which includes context about the RR/BAYC Project. SOF-¶¶-202-03; 214.**<br><br>**Controverting Law**<br><br>a) *Dr. Seuss Enterprises, L.P. v. ComicMix LLC,* 983 F.3d 443, |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | 462–63 (9th Cir. 2020); *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 271 (9th Cir. 2018). |
| **Defendants Have No Viable Nominative Fair Use Defense.** ||
| 139.  Defendants' use of the BAYC Marks does not constitute nominative fair use because Defendants use the BAYC Marks to market and sell their own RR/BAYC NFTs. Defendants' use of the BAYC Marks does not constitute nominative fair use because Defendants use nonidentical, modified versions of the BAYC Marks. | *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992); *E.S.S. Ent. 2000, Inc, v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1099 (9th Cir. 2008); *Toyota Motor Sales, U.S.A., Inc, v. Tabari*, 610 F.3d 1171, 1177, 1181 (9th Cir. 2010); *Brother Rees., Inc. v. Jardine*, 318 F.3d 900, 908 (9th Cir. 2003); ECF No. 62 at 8; SUF ¶¶ 11 13, 22-27, 31-35, 39, 42-46, 60, 66, 71, 86, 87, 88.<br><br>**DISPUTED**<br><br>    **a) Nominative fair use applies to the RR/BAYC Project. First, Defendants could not have identified the BAYC NFTs as the target of the criticism without using the marks. Second, Defendants did not want any suggested sponsorship.** SOF-¶¶-202-04.<br><br>**Controverting Law**<br><br>*Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 893–94 (9th Cir. 2019); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1154 (9th Cir. 2002). |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | |
| **Defendants Have No Viable Unclean Hands Defense.** | |
| 140.   Defendants do not have an affirmative defense of unclean hands because none of the alleged misconduct is related to the claims that Yuga Labs has asserted against Defendants. | *Intamin, Ltd. v. Magnetar Techs. Corp.,* 623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009),* aff'd, 404 F. App'x 496 (Fed. Cir. 2010); *Metal Jeans, Inc, v. Metal Sport, Inc.,* 843 F. App'x 898, 899-900 (9th Cir. 2021); *2Die4Kourt v. Hillair Cap. Mgmt., LLC,* No. 16-01304, 2016 WL 4487895, at *9 (C.D. Cal. Aug. 23, 2016),* aff'd, 692 F. App'x 366 (9th Cir. 2017); *S. Cal. Darts Ass'n v. Zaffina,* 762 F.3d 921, 932-33 (9th Cir. 2014); SUF ¶¶ H 89, 90,91.<br><br>**DISPUTED**<br><br>    a) **Defendants' unclean hands defenses directly relate to the claims Yuga Labs has asserted against Defendants.  Yuga Labs has asserted only unregistered trademarks.  Unregistered trademarks are only protectable through recognition.  Yuga Labs acted inequitably through promoting unregistered securities and through participating in a scheme to** |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
| | endorse their products without proper disclosure.<br><br>**Controverting Law**<br><br>*Worden v. California Fig Syrup Co.*, 187 U.S. 516, 535 (1903); *Glow Industries, Inc. v. Lopez*, 252 F. Supp. 2d 962, 983 (C.D. Cal. 2002); *Pom Wonderful v. Coca-Cola*, 166 F. Supp. 3d 1085, 1097 (C.D. Cal. 2016).. |
| **Yuga Labs Is Entitled To Summary Judgment On Defendants' 17 U.S.C. 512(f) Counterclaim.** | |
| 141.   Yuga Labs did not misrepresent a copyright in a DMCA copyright takedown notice. | *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (ND. Cal. Feb. 25, 2022); SUF ¶¶ H 92-95, 98, 99-101.<br><br>**DISPUTED**<br><br>a) **Yuga Labs misrepresented that it was seeking copyright protection by invoking the DMCA in its takedown measures.  By invoking the DMCA in its takedown measures, it leveraged copyright protections for other forms of IP wrongfully.**<br><br>**Controverting Law**<br><br>*Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (ND. Cal. Feb. 25, 2022), *ISE Entertainment Corp. v.* |

| CONCLUSION OF LAW | SUPPORTING CASE LAW AND EVIDENCE |
|---|---|
|  | *Longarzo*, 2018 WL 1569803 at *3 (C.D. Cal. 2018), *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016). |
| 142.  Yuga Labs did not submit any DMCA copyright takedown notice in bad faith. | *Moonbus Ent. Ltd. v. Babvbus (Fujian) Network Tech. Co. Ltd.*. No. 21-06536, 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022); *Rossi v. Motion Picture Ass'n of Am. Inc.,* 391 F.3d 1000, 1005 (9th Cir. 2004); SUF ¶¶ H 5, 96.<br><br>**DISPUTED**<br><br>a)  Bad faith is supported by knowingly submitting a request pursuant to the DMCA without having protectable copyrights or the intention to protect copyrights.<br><br>**Controverting Law**<br><br>*ISE Entertainment Corp. v. Longarzo,* 2018 WL 1569803 at *3 (C.D. Cal. 2018); *Lenz v. Universal Music Corp.,* 815 F.3d 1145, 1155 (9th Cir. 2016); *Moonbug Ent. Ltd. v. Babvbus (Fujian) Network Tech. Co.*, No. 21-06536, 2022 WL 580788, at *7 (ND. Cal. Feb. 25, 2022), Rossi v. Motion Picture Ass'n of Am. Inc., 391 F.3d 1000, 1005 (9th Cir. 2004) |

# IV.   ADDITIONAL MATERIAL FACTS

| Additional Material Facts | Evidence |
|---|---|
| 143.   The USPTO has held that "Applicant [Yuga] should note that a non-fungible token or NFT is not a good in trade. . . .  NFTs are downloadable units of data stored on a blockchain (a digital database, or ledger, that can be simultaneously used and shared within a large decentralized, publicly accessible network) that authenticate and prove ownership rights to digital or physical items.  An NFT is not the digital or physical item itself, nor does it contain the digital or physical item; rather, it only contains information about the item.  It is comparable to a certificate of authenticity/ownership for a physical item. . . . NFTs are not goods in trade and are similar to a certificate of ownership and authenticity . . . ." | Ripps Decl., Ex. 120 at RIPPSCAHEN00021340. |
| 144.   Yuga has admitted, in its branding experts report, that "An NFT is an ownership record stored on a blockchain analogous to a conventional proof-of-purchase." | Berger Decl. Ex. 106 at 20 (Berger Report at 3 n.2). |

| | |
|---|---|
| 145.   Yuga originally filed trademark registration applications alleging its marks were "in-use," but the trademark office rejected all of Yuga's alleged specimens of use for all ten of Yuga's "in-use" trademark registration applications. | Ripps Decl., Exs. 109 at 5-6; 111 at RIPPSCAHEN00023152-53; 112 at RIPPSCAHEN00023249-50; 113 at RIPPSCAHEN00023364-65; 114 at RIPPSCAHEN00023449-50; 115 at RIPPSCAHEN00023570-72; 116 at RIPPSCAHEN00024188-89; 117 at RIPPSCAHEN00024317-18; 118 at RIPPSCAHEN00024429-30; 119 at RIPPSCAHEN00024554-55. |
| 146.   In response to the trademark office's rejection of Yuga's "in-use" applications for the BAYC Marks, Yuga gave up on its ten "in-use" applications and amended them to assert only applications based on intent to use in the future. | Ripps Decl., Exs. 111 at RIPPSCAHEN00023143; 112 at RIPPSCAHEN00023240; 113 at RIPPSCAHEN00023355; 114 at RIPPSCAHEN00023440; 115 at RIPPSCAHEN00023562-63; 116 at RIPPSCAHEN00024177-78; 117 at RIPPSCAHEN00024305-06; 118 at RIPPSCAHEN00024417-18; 119 at RIPPSCAHEN00024543-44. |
| 147.   The goods at issue in this trademark case are NFTs (non-fungible tokens) | Dkt. 1. (generally) |
| 148.   BAYC NFTs were sold out on May 1, 2021. | Ripps Decl., Ex. 229. |

| | |
|---|---|
| 149.   Yuga Labs has never sold BAYC NFTs since May 1, 2021. | Ripps Decl., Ex. 229; Gosma Decl., Exs. 245 at 102:21-24; 250 at 113:21-114:2. |
| 150.   Yuga Labs has no plans to make any more BAYC NFTs or honorary BAYC NFTs | Ripps Decl., Ex. 243. |
| 151.   BAYC NFTs were sold with Terms and Conditions | Ripps Decl., Ex. 192. |
| 152.   ██████████████████ | Gosma Decl., Ex. 250 at 157:09-158:15. |
| 153.   ██████████████████ | Ripps Decl., Ex. 192; Gosma Decl., Ex. 250 at 160:8-162:1; 229:24-230:13. |

| | |
|---|---|
| 154.   The Terms and Conditions for BAYC NFTs provides BAYC NFT holders with "an unlimited, worldwide license to use, copy, and display the purchased Art for the purpose of creating derivative works based upon the Art ('Commercial Use')" and explains that "[e]xamples of such Commercial Use would e.g. be the use of the Art to produce and sell merchandise products (T-shirts etc.) displaying copies of the Art." | Ripps Decl., Ex. 192 |
| 155.   Hundreds of BAYC NFTs are associated with ape images that display Yuga's trademarks. | Gosma Decl., Ex. 245 at 144:17-145:23; Dkt 1 ¶ 34. |
| 156.   BAYC NFT holders have prominently used ape images depicting Yuga's trademarks.  Three examples are WAKE & BAYC, Bored Coffee, And North Pier Brewing Company. | Ripps Decl., Exs. 175, 182, 241. |
| 157.   BAYC NFT holders have created their own brands that use Yuga's trademarks without using ape images that display the trademarks. | Ripps Decl., Exs. 174, 176, 177, 179, 180, 181, 183. |

| | |
|---|---|
| 158.   Companies that do not hold BAYC NFTs have used Yuga's trademarks to sell products. | Ripps Decl., Ex. 174, 178. |
| 159.   ███████████████ | **No evidence in the record of** ████████████████████ <br><br> Gosma Decl. Ex. 245 at 138:10-21, Ex. 246 at 232:5-14. |
| 160.   ███████████████ | Ripps Decl., Exs. 151-172. <br><br> Gosma Decl., Ex. 245 at 157:06-159:02, 160:12 -162:25; Gosma Decl. Ex. 246 at 202:11-206:16**.** |
| 161.   Yuga has not licensed any non-Yuga NFT collection that uses the asserted marks. | **No evidence in the record of any trademark licenses to these NFT collections.** |
| 162.   Yuga has not taken any enforcement actions against any of the NFT collections identified in SOF paragraph 161. | **No evidence in the record of Yuga taking any enforcement actions against any of the NFT collections.** |

| | |
|---|---|
| 163.   Yuga's former CEO, when still acting as Yuga's CEO, has publicly declared that "All IP rights are actually granted to the member and to the owner.  We have none of those rights, and we don't actually take a licensing fee." | Ripps Decl., Ex. 238. |
| 164.   On March 16, 2022, Yuga transferred a 1/1 NFT to the ApeCoin DAO. | Ripps Decl., Ex. 145. |
| 165.   The NFT that Yuga transferred to the ApeCoin DAO on March 16, 2022, provided, "A one of one NFT gifted from Yuga Labs to ApeCoin DAO.  This NFT conveys along with it all rights and privileges of the logo's intellectual property to the ApeCoin DAO.  The ApeCoin DAO will decided how the IP is used." The NFT included an identical Ape Skull logo set on a blue background. | Ripps Decl., Ex. 146. |
| 166.   ███████████████ | Gosma Decl. Exs. 245 at 208:23-209:06; 250 at 138:4-138:10; 246 at 212:09-212:24. |

| | |
|---|---|
| 167.   ApeCoin DAO never assigned or licensed back to Yuga its intellectual property in the logo associated with the NFT transferred to ApeCoin DAO on March 16, 2022. | **No evidence in the record of any assignment or license back to Yuga.** |
| 168.   On October 3, 2022, Yuga abandoned its trademark application for the APE mark. | Ripps Decl., Ex. 110 at RIPPSCAHEN00020732. |
| 169.   Wylie Aronow has publicly admitted that prior to the launch of BAYC "many crypto traders thought of themselves as 'apes.' To 'ape' meant to go apes**t and buy something without any due diligence. Ape, as in, I just aped into this s**tcoin." | Gosma Decl. Ex. 246 at 26:19-21. |
| 170.   Before Yuga released BAYC NFTs, ApeSwap was using APE in its company name, website domain, and on its website. | Ripps Decl., Ex. 143. |
| 171.   Before Yuga released BAYC NFTs, the entity associated with ApeCoin.dev was using APE in its name, website domain, and on its website. | Ripps Decl., Ex. 142. |

| | |
|---|---|
| 172.   Before Yuga released BAYC NFTs, there were already NFT collections using APE in their name. | Ripps Decl., Ex. 144. |
| 173.   When Yuga released BAYC NFTs, it also displayed a roadmap on the website boredapeyachtclub.com. | Gosma Decl. Ex. 251 at Depo. Ex. 254. |
| 174.   The roadmap is still displayed on boredapeyachtclub.com (with a strikethrough showing that the goals on the list no longer need to be completed). | Ripps Decl., Ex. 244 at RIPPSCAHEN00016196. |
| 175.   The roadmap for BAYC NFTs states "we are in this for the long haul." | Gosma Decl. Ex. 251 at Depo. Ex. 254. |
| 176.   ███████████████████████ ███████████████████████ | Gosma Decl. Ex. 251 at 127:4-138:21, Depo. Ex. 254. |
| 177.   On June 18, 2021, Yuga allowed BAYC NFT holders to claim a Bored Ape Kennel Club NFT. | Ripps Decl., Exs. 230, 231 |

| | |
|---|---|
| 178.   On August 28, 2021, Yuga allowed BAYC holders to use a Mutant Serum to claim Mutant Ape Yacht Club NFTs. | Ripps Decl., Ex. 232, 233. |
| 179.   On March 17, 2022, Yuga allowed each BAYC NFT holder to claim 10,000 ApeCoin. | Ripps Decl., Exs. 234, 140. |
| 180.   On or around March 17, 2022, 10,000 ApeCoins were worth approximately $130,000. | Ripps Decl., Ex. 147. |
| 181.  ███████████████ | Ripps Decl. Exs. 235, 236; Gosma Decl. Ex. 251 at 147:13-17. |
| 182.   There are multiple reports of an ongoing Securities and Exchange Commission probe investigation the securities nature of BAYC NFTs. | Ripps Decl., Ex. 136, 137, 138, 139. |
| 183.   There is a securities fraud class actions lawsuit pending against Yuga based on Yuga's Bored Ape Yacht Club NFTs. | Ripps Decl., Ex. 108. |

| | |
|---|---|
| 184.   Months before Yuga filed this lawsuit, consumers wrote letters regarding RR/BAYC NFTs.  They include statements such as "I love the protest art and I love everything you've done," "I love the conceptual art and the principle behind all of this, so I hope to be able to support as a collector," "Just wanted to say thank you, for brining all this to light! I minted a few to support the cause!" "i [sic] did reserve two of your educational art …," "I think the rrbayc collection is great and the message is fantastic," ""I bought one of yours on the secondary, and it is a protest purchase," "I actually picked up an RRBAYC off looksrare this week because I fully believe what you guys are standing up for," "I would like a RR/BAYC just to be part of this movement that finally represents me …," "You've got a fascinating approach to appropriation art. Well done," "I need to get a RR/BAYC to support the cause and BURNBAYC," "I love what you've done and are doing with this! People need to be educated! Thank you," "Let me know if there is any place I can get one. I will love to be in the right side of history,"  "The ultimate protest release!," "Thank you for your work looking into the reality of BAYC…Wanted to be a part of this so I just reserved RR/bayc #9508…," "I saw your project, your intentions today on twitter and I liked the kick in the anthill. The questioning of some | Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135. |

| | |
|---|---|
| parameters of the NFT ecosystem, the rights related…[a]nd I like this artistic parallel movement," | |
| 185. ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ | Gosma Decl., Exs. 247 at 95:14-98:7, 251 at 38:20-39:03; 68:01-17; 69:09-17; 71:01-08. |
| 186.   RR/BAYC NFTs and BAYC NFTs had NFT specific pages that would display different contract address, different token ides, different smart contract names, and different creators. | Ripps Decl. Exs. 195, 196. |
| 187.   Almost the entirety of RR/BAYC NFT Sales occurred on the primary market | Kindler Decl. Ex. 107 at 52 (Kindler Report ¶ 76) ($1,366,090 in alleged primary sales compared to $117,309 in alleged secondary sales). |
| 188.   Primary market sales for RR/BAYC NFTs occurred on Twitter and rrbayc.com. | Gosma Decl. Ex. 247 at 191:3-18; Gosma Decl. Ex. 248 at 241:11-19, 297:15-298:02. |
| 189.   RR/BAYC NFTs were minted on Foundation under the Foundation Contract. | Gosma Decl. Ex. 247 at 82:08-13, 240:05-09. |

| | |
|---|---|
| 190. Foundation generated a page for RR/BAYC NFTs that identified Ryder Ripps as the creator. | Ripps Decl., Ex. 186; Gosma Decl., Ex. 247 at 60:18-61:09, 76:10-22. |
| 191. The Foundation Page for RR/BAYC NFTs was delisted due to a takedown notice in June 2022. | Ripps Decl., Exs. 186, 187, 188. |
| 192. Foundation was an artists-only marketplace where collections were organized by creators. | Gosma Decl., Ex. 247 at 79:22-80:08. |
| 193. On January 26, 2023, (seven months after the RR/BAYC Foundation page was delisted) Foundation changed its marketplace to allow the import of external NFT collections. | Ripps Decl., Ex. 237. |
| 194. On January 26, 2023, Foundation had a collection page for the Bored Ape Yacht Club for the very first time. | Ripps Decl., Exs. 193, 194. |
| 195. Defendant Ripps sold RR/BAYC NFTs for a price between $100 and $200 dollars (in Ethereum). | Gosma Decl., Ex. 247 at 123:10-17, 194:10-12, 123:10-17; Gosma Decl. Ex. 248 at 255:25-256:08. |

| | |
|---|---|
| 196.   BAYC NFTs sell for hundreds of thousands of dollars, and in some case, millions of dollars. | Gosma Decl. Ex. 248 at 195:5-8; Gosma Decl. Ex. 245 at 58:13-22, 226:23-227:11. |
| 197.   The website rrbayc.com displays an artist statement that users must scroll past before being able to purchase an RR/BAYC NFT | Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50. |
| 198.   The rrbayc.com artist statement explains that "RR/BAYC uses satire and appropriation to protest and educate people regarding The Bored Ape Yacht Club and the framework of NFTs.  The work is an extension of and in the spirit of other artists who have worked within the field of appropriation art." | Ripps Decl., Ex. 184 at RIPPSCAHEN00021149-50. |
| 199.   The website rrbayc.com links to gordongoner.com. | Ripps Decl., Ex. 184 at RIPPSCAHEN00021149. |
| 200.   The website gordongoner.com presents research on the offensive and controversial tropes in the Bored Ape Yacht Club collection. | Ripps Decl., Ex. 242 at RIPPSCAHEN00016301-08. |

| | |
|---|---|
| 201.   The website rrbayc.com required purchasers to click through a disclaimer explaining that RR/BAYC NFTs are part of a satirical NFT collection, that stated "you understand that this is a new mint of BAYC imagery, re-contextualizing it for educational purposes, as protest and satirical commentary." | Ripps Decl., Ex. 185. |
| 202.   Defendants advertised the RR/BAYC disclaimer on Twitter | Ripps Decl., Exs. 203, 204, 205, 206, 207, 208, 209. |
| 203.   Defendants used advertising/marketing material on Twitter that made clear that RR/BAYC NFTs were a satirical NFT collection that is critical of the Bored Ape Yacht Club. | Ripps Decl., Ex. 198, 199, 200, 201, 202. |
| 204.   The RR/BAYC Project was launched to protest and criticize Yuga Labs. | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 242 at RIPPSCAHEN00016301-08, Ex. 197 at RIPPSCAHEN00016832. |

| | |
|---|---|
| 205.   The RR/BAYC Project was launched to educate the public on the meaning of NFTs. | Ripps Decl. Exs. 184 at RIPPSCAHEN00021149-50, 197 at RIPPSCAHEN00016832; 242 at RIPPSCAHEN00016301-08; Gosma Decl. Ex. 247 at 136:1-10. |
| 206.   Ryder Ripps is a well-known conceptual artist. | Ripps Decl., Ex. 141 at RIPPSCAHEN00000866. |
| 207.   The protest and criticism against Yuga Labs was closely tied to the sale of RR/BAYC NFTs.  For example, Yuga's expert has testified: "Q. And so, your statement in your report that 'Defendants built their promotion of RR/BAYC NFT and Ape Market around their negative commentary about Yuga Labs.' And that includes those racist and Naziism allegations; correct? A. Yeah, I mean, I think it would." | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 197 at RIPPSCAHEN00016832; 242 at RIPPSCAHEN00016301-08.<br><br>Gosma Decl. Ex. 247 at 174:22-177:10; Gosma Decl. Ex. 253 at 72:11-16 ("Q. And so, your statement in your report that 'Defendants built their promotion of RR/BAYC NFT and Ape Market around their negative commentary about Yuga Labs.' And that includes those racist and Naziism allegations; correct? A. Yeah, I mean, I think it would.") |
| 208.   Twitter users made posts supporting the satirical nature of the project and criticism of Yuga Labs. | Ripps Decl., Ex. 198 at RIPPSCAHEN00016868, 202 at RIPPSCAHEN00019521. |

| | |
|---|---|
| 209.   [Intentionally omitted] | [Intentionally omitted] |
| 210.   [Intentionally omitted] | [Intentionally omitted] |
| 211.   Consumers sent emails to the rrbayc ProtonMail account supporting the satirical nature of the project and criticism of Yuga Labs. | Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135. |
| 212.   Consumers sent emails to the rrbayc ProtonMail account that show they understood the RR/BAYC NFTs were not associated with Yuga Labs. | Ripps Decl., Exs. 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135. |
| 213.   RR/BAYC NFTs sold on OpenSea list the creator as "ryder_ripps," do not use the BA YC Logo, include the name "RR/BAYC," and direct consumers to rrbayc.com. | Muniz Decl. Ex. 62 |
| 214.   BAYC NFTs sold on OpenSea state the creator as "Bored Ape Yacht Club" and use the BA YC Logo. | Muniz Decl. Ex. 75 |

| | |
|---|---|
| 215.   As part of the RR/BAYC Project, Defendants created modified versions of certain of Yuga's asserted marks to highlight and criticize offensive content in the alleged marks. | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50 |
| 216.   RR/BAYC NFTs originated from an Ethereum wallet address with the Contract Creator "ryder-ripps.eth." | Atalay Decl. Ex. 7. |
| 217.   BAYC NFTs were never sold on Foundation alongside RR/BAYC NFTs. | Gosma Decl., Ex. 252 at 77:16-22, 77:24-78:11; Ripps Decl., Exs. 186, 187, 188, 193, 194. |
| 218.   RR/BAYC NFTs and BAYC NFTs are different tokens on the blockchain. | Gosma Decl., Ex. 248 at 93:24-94:9. |
| 219.   BAYC NFTs were minted from a contract with a different address than the RR/BAYC NFTs. | Ripps Decl., Exs. 195 at RIPPSCAHEN00020829 contrast with 196 at RIPPSCAHEN00025264. |
| 220.   The BAYC NFT collection has more NFTs minted than the RR/BAYC NFT collection. | Kindler Decl. Ex. 107 (Kindler Report) ¶ 71 (stating 9,546 RR/BAYC NFTs have been minted).<br><br>Ripps Decl., Ex. 244 at RIPPSCAHEN00016193. |

| | |
|---|---|
| 221.   Anyone with access to the public internet can differentiate the RR/BAYC NFT collection from the BAYC NFT collection using Etherscan. | Gosma Decl. Ex. 253 at 89:15-18 (("Q. So in performing your analysis, you were able to identify with a high degree of certainty which NFTs were RR/BAYC NFTs; correct? A. Yes…"). |
| 222.   Typical NFT purchasers are familiar with blockchain technology and the tools needed to determine the provenance of NFT collections. | Ripps Decl. ¶ 3. |
| 223.   There has never been an instance in which a consumer bought an RR/BAYC NFT mistaking it for a BAYC NFT. | Gosma Decl., Ex. 254 (Yuga's R&Os to RFA 57 ("Admit that You are not aware of any specific instance where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps… Yuga Labs responds as follows: Admitted."). |
| 224.   There has never been an instance in which a consumer bought a BAYC NFT mistaking it for an RR/BAYC NFT. | Gosma Decl., Ex. 254 (Yuga's R&Os to RFA 57 ("Admit that You are not aware of any specific instance where a Person or Entity purchased a BAYC NFT believing that the NFT was created by Mr. Ripps… Yuga Labs responds as follows: Admitted."). |

| | |
|---|---|
| 225.   Twitter users' responses to a Twitter bot, GemBot at @0xGem, show that they were able to identify that the NFT was an RR/BAYC NFT not a BAYC NFT with comments such as "RRBAYC > BAYC," "Even as an RR ape. 6 eth pretty insane," "is this a RR ape [pinched fingers emoji]," "It's a RR ape," and "#RRBAYC." | Ripps Decl. Exs. 211, 212, 213, 214, 215. |
| 226.   Twitter user @streetoshi direct messaged Defendant Ripps stating that he was "picking fights" with Defendant Ripps as a game and stated "I thought you were enjoying it as much as I was." | Ripps Decl., Ex. 218 at RIPPSCAHEN00015350. |
| 227.   Twitter user @streetoshi tweeted a meme distinguishing RR/BAYC NFTs from BAYC NFTs and also posted comments stating that "now this I do agree with even thou r project is ass air" in response to Yuga fraudulently using DMCA notices to take down RR/BAYC NFTs. | Ripps Decl., Exs. 219 at RIPPSCAHEN00015351, 220 at RIPPSCAHEN00015353. |
| 228.   A *Bloomberg* news cast that includes a chart entitled "Top NFT Collections: Price by volume" lists as separate entries "Bored Ape Yacht Club V3" and "Bored Ape Yacht Club." | Muniz Decl. Ex. 85. |

| | |
|---|---|
| 229.   Defendants took steps in designing apemarket.com to prevent possible consumer confusion. | Ball Decl. Ex. 28.<br><br>Gosma Decl., Ex. 248 at 328:09-330:02. |
| 230.   Defendants took steps in designing RR/BAYC NFTs to prevent consumer confusion. | Ripps Decl., Exs. 184 at RIPPSCAHEN00021149-50, 185 at RIPPSCAHEN0021219.<br><br>Gosma Decl., Ex. 248 at 328:09-330:02. |
| 231.   ███████████████████████ | Gosma Decl., Ex. 246 at 189:20-191:3. |
| 232.   [Intentionally omitted] | [Intentionally omitted] |
| 233.   [Intentionally omitted] | [Intentionally omitted] |
| 234.   [Intentionally omitted] | [Intentionally omitted] |
| 235.   [Intentionally omitted] | [Intentionally omitted] |

| | |
|---|---|
| 236.   RR/BAYC and BAYC pages on secondary markets have token displays that use different names. | Berger Decl. Ex. 106 53; Muniz Decl. Ex. 62, 75; Dkt 1 ¶ 33. |
| 237.   Yuga's survey expert, Laura O'Laughlin, could not identify which of her two mutually exclusive survey methodologies was appropriate for this case. | Gosma Decl., Ex. 252 at 88:1-07. |
| 238.   Defendants listed Ryder Ripps as the creator of RR/BAYC NFTs. | Atalay Decl. Ex. 7; Muniz Decl. Ex. 62; Ripps Decl., Ex. 186. |
| 239.   Yuga Labs titled takedown requests as "Notice Under DMCA." | Williams Decl. Ex. 4 at 21. |
| 240.   Yuga Labs's takedown requests resulted in takedowns. | Williams Decl. Ex. 4. |
| 241.   In making these successful takedown requests, Yuga sent an attestation to the relevant Internet Service Providers acknowledging that they were subject to liability under the DMCA's anti-fraudulent takedown section. | Willaims Decl. Ex. 4 |

| | |
|---|---|
| 242.  In its June 21, 2022 takedown request, Yuga Labs stated "We are contacting you as the **DMCA** agent regarding content (the Infringing Content") offered on your platform which infringes on the Trademark owned by Yuga Labs, Inc." | Williams Decl. Ex. 4 at 21-22. |
| 243.  In its June 21, 2022 takedown request, Yuga Labs attested to a "512(f) acknowledgment" under the Copyright Act. | Williams Decl. Ex. 4 at 22. |
| 244.  On June 21, 2022 Foundation Trust and Safety informed Yuga that it could not make a trademark takedown through the DMCA. | Williams Decl. Ex. 4 at 24. |
| 245.  In its June 23, 2022 takedown request to x2y2, which Yuga acknowledges was successful, Yuga Labs made a 512(f) attestation acknowledging that it is subject to liability for damages pursuant to 512(f) of the Copyright Act. | Williams Decl. Ex. 4 at 35. |
| 246.  The June 23, 2022 was made pursuant to alleged "trademark infringement." | Williams Decl. Ex. 4 at 35. |

| | |
|---|---|
| 247. The June 21, 2022 takedown from OpenSea includes a section on the form which asks for "Copyrighted works link(s)." | Williams Decl. Ex. 4 at 19. |
| 248. Yuga Labs did not assert any copyrights in the June 21, 2022 Opensea takedown request despite using the copyright takedown process. | Williams Decl. Ex. 4 at 19. |
| 249. ███████████████ | Gosma Decl., Ex. 245 at 87:13-24. |
| 250. The June 23, 2022 successful takedown request came after Foundation explained to Yuga that the DMCA only applied to copyright. | Williams Decl. Ex. 4. |
| 251. Snoop Dogg (Calvin Broadus) owns a stake in Yuga Labs. | Ripps Decl., Ex. 149 at RIPPSCAHEN00020226. |
| 252. Snoop Dogg (Calvin Broadus) has never disclosed his investment positions in Yuga while promoting Yuga's products. | Muniz Decl. Ex. 52. |
| 253. ███████████████ | Gosma Decl. Ex. 249 at 83:2-85:5, 102:18-103:8. |

| | |
|---|---|
| 254.   Snoop Dogg (Calvin Broadus) publicly bought a Bored Ape Yacht Club NFT and promoted his ownership in a Tweet. | Ripps Decl., Ex. 239 at RIPPSCAHEN00025331. |
| 255.   There is a securities fraud class actions lawsuit pending against Yuga based in part on celebrities' (including Snoop Dogs) failure to disclose his financial incentives in promoting the Bored Ape Yacht Club in violation of 16 CFR 255.5. | Ripps Decl., Ex. 109. |
| 256.   Yuga's asserted marks obtained customer recognition as a result of celebrity endorsements. | Dkt. 1 ¶ 19 |
| 257.   Yuga made dozens of such takedown requests where they signed an attestation acknowledging liability under the DMCA's anti-fraudulent takedown provision.  Most of these takedowns were unsuccessful. | See Williams Decl. Ex. 2. |
| 258.   Yuga Labs' counsel email with x2y2 was on June 25, 2022 and after Foundation warned them that the DMCA was inapplicable. | Ball Decl. Ex. 31 at YugaLabs_000029726. |

| | |
|---|---|
| 259.   In that email, Yuga Labs' counsel raises the spectre of safe harbor defenses even while disclaiming the DMCA. | BALL Decl. Ex. 31 at YugaLabs_0000292726. |
| 260.   Yuga has a history of claiming logos does it does not actually own. For example, the skull logo for the Bored Ape Kennel Club was taken from a drawing book without first obtaining permission for a license to use the wolf skull drawing. | Ripps Decl., Exs. 210 at RIPPSCAHEN 00025209, 227 at RIPPSCAHEN00017539. |
| 261.   ██████████████████████ ██████████████ . | Gosma Decl., Ex. 250 at 62:18-66:3; Ex. 246 at 69:16-70:3; Ex. 245 at 39:25-40:15. |
| 262.   Yuga's survey expert, Laura O'Laughlin, coded consumers as confused if they copied the text "BORED APE YACHT CLUB" from the survey stimulus into their response to survey questions. | O'Laughlin Decl. Ex. 105 ¶ 47 & p.241 |

**CONCLUSION**

Based on the foregoing, the Court should deny Plaintiff's Motion for Summary Judgment (Dkt. 149).

Dated: March 27, 2023

By: /s/ _Derek Gosma_____
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*