Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Judge: Hon. John F. Walter <br> Hearing: April 17, 2023, at 1:30 p.m. <br> Pre-Trial Conference Date: June 9, 2023 <br> Trial Date: June 27, 2023 |

## NOTICE OF EX PARTE APPLICATION

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Ryder Ripps and Jeremy Cahen ("Defendants") hereby apply *ex parte* for an order granting Defendants' leave to file a sur-reply and a supplemental declaration of Derek Gosma in response to Plaintiff Yuga Labs's ("Yuga") motion for summary judgment.

On March 15, 2023, Yuga filed a motion for summary judgment (Dkt. 149) that repeatedly relied on an affidavit executed by Thomas Lehman. On March 27, Defendants filed their opposition to Yuga's motion for summary judgment. On that same day (March 27, 2023), Defendants' also deposed Mr. Lehman regarding the credibility of his affidavit and therefore did not have an opportunity to address the credibility of the affidavit in their opposition papers. Defendants seek leave to file a sur-reply that addresses this new evidence so that Defendants can fairly oppose Yuga's motion for summary judgment.

*Ex parte* relief is necessary because in light of the April 17, 2023, hearing date for Yuga's motion for summary judgment, a regularly noticed motion for leave to file a sur-reply and supplemental declaration cannot be addressed prior to the hearing date on Yuga's motion for summary judgment. In the absence of *ex parte* relief, Defendants will be prejudiced by being unable to address Yuga's repeated reliance on the Lehman Declaration. This is particularly true given that Defendants were forced to reschedule Mr. Lehman's deposition to March 27, 2023, due to Yuga's own improper withholding to highly relevant documents for the deposition (which Yuga refused to produce until March 24, 2023, when compelled to do so pursuant to an order of this Court).

This Court has held that an *ex parte* application is the appropriate procedural vehicle for seeking leave to file a sur-reply. *Walden v. Merck & Co., Inc.*, 09-cv-

08674-JFW-MAN, 2010 WL 11596746, at *1 (C.D. Cal. Jan. 21, 2010) ("On January 11, 2010, the Court granted Marck's Ex Parte Application for Leave to file a Sur-Reply."); *Ponce v. Neufeld*, 05-cv-02418-JFW-VBK, Dkt. 23 (C.D. Cal. Sept. 27, 2005); *Pino v. Cardone Capital, LLC*, 20-cv-08499-JFW-KS, 2021 WL 3502493, at *1 n.1 (C.D. Cal. Apr. 27, 2021); *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 05-cv-03459-JFW_EX, 2015 WL 12672087, at *1 n.1 (C.D. Cal. Mar. 13, 2015).

On April 7, 2023, lead counsel for Defendants conferred with lead counsel for Yuga via video conference pursuant to Local Rule 7-3. Louis Tompros, Derek Gosma, and Ambroise Decilap attended on behalf of Defendants and Eric Ball and Kimberly Culp attended on behalf of Yuga. Yuga declined to stipulate to leave to file a sur-reply. Yuga's counsel was informed of Defendants' intent to file this application. Gosma Decl. Ex. 1. Yuga's counsel advised that it opposed the application. *Id*. In accordance with the Court's standing order, Defendants' counsel also informed counsel for Yuga that any response to the application would be due within 24 hours of filing. *Id*.

Yuga is represented in this action by the law firm Fenwick and West LLP, and Clare Locke LLP. Yuga Labs' counsel can be contacted as follows:

> FENWICK & WEST LLP
> ERIC BALL (CSB No. 241327)
> eball@fenwick.com
> KIMBERLY CULP (CSB No. 238839)
> kculp@fenwick.com
> 801 California Street
> Mountain View, CA 94041
> Telephone: 650.988.8500
> Fax: 650.938.5200

FENWICK & WEST LLP
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

FENWICK & WEST LLP
Melissa L. Lawton (CSB No. 225452)
mlawton@fenwick.com
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310-434-5400

CLARE LOCKE LLP
Megan L. Meier (*pro hac vice*)
megan@clarelocke.com
David Y. Sillers (*pro hac vice*)
david@clarelocke.com
Kathryn G. Humphrey (*pro hac vice*)
kathryn@clarelocke.com
10 Prince Street
Alexandria, VA 22314
Telephone: 202-6288-7400

    This *ex parte* application is based on this application, Defendants' memorandum of points and authorities, the declaration of Derek Gosma, the proposed order, and recording in this proceeding.

Dated: April 7, 2023        By: /s/ *Derek Gosma*

                                Louis W. Tompros (*pro hac vice*)
                                louis.tompros@wilmerhale.com
                                Monica Grewal (*pro hac vice*)
                                monica.grewal@wilmerhale.com
                                Scott W. Bertulli (*pro hac vice*)

-iii-

scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Yuga Labs, Inc. ("Yuga") cited to the Declaration of Thomas Lehman ("Declaration") **more than sixty times** in its summary judgment briefing in support of its argument that the accused RR/BAYC Project infringed various purported Yuga trademarks. In fact, Yuga cited to and relied on the Declaration more than any other document.

But a March 27, 2023, deposition of Mr. Lehman (which occurred on the same day Defendants' opposition was due) confirmed that the Declaration was entered into under duress, drafted by Yuga's lawyers, and replete with statements that are taken out of context in a misleading manner. Because Yuga improperly withheld critical documents, Defendants were forced to reschedule the deposition on March 27 (*see* Dkt. 119 (Court order denying shortening time)), and did not have any opportunity to take the deposition earlier so that it could be used in Defendants' opposition briefing. Defendants accordingly seek leave to file a sur-reply that addresses Mr. Lehman's testimony.

## II. BACKGROUND

Yuga's motion for summary judgment relies heavily on the Declaration to argue that Defendants' RR/BAYC Project was likely to cause consumer confusion. Likewise, all three of Yuga's hired experts relied on the Declaration. Dkt. 149-113 at 10 n.28, 12 n.35, 16 n.44, 18 n.55, 110; Dkt. 149-115 at 40 n.158, 45 n.185, 45 n. 186, 47 n. 190, B-1; Dkt. 149-117 at 20 n.17, B-7. And Yuga's statement of uncontroverted facts cites to the Declaration at least seventeen times. Dkt. 149-1 ¶¶ 22, 25, 26, 27, 28, 30, 31, 42, 44, 45, 58, 60, 68, 69, 71, 73, 75). Likewise, Yuga's summary judgment briefing is replete with citations to facts derived from the Declaration. *See* Dkt. 149 at 1, 4, 6, 7, 10, 12-15, 17-19; Dkt. 193 at 2, 5-9. In total, Yuga's summary judgment briefing references the Declaration **more than sixty times**.

-2-

Defendants sought to depose Mr. Lehman on March 2, 2023 (weeks before summary judgment) to inquire into the credibility of the Declaration, because the document was signed on the same day that Yuga entered into a settlement agreement with Mr. Lehman. But Yuga refused to produce its settlement agreement with Mr. Lehman or settlement-related documents, forcing Defendants to file a motion to compel and delay the deposition until after the Court ruled on that motion.

On March 21, 2023, the Court granted Defendants' motion to compel. Dkt. 159. The Court recognized Yuga's "unfettered use of Lehman's Declaration in this case…" Dkt. 159 at 2; *see also id.* (discussing "Yuga's frequent use of the Declaration"). The Court recognized that the settlement materials and Mr. Lehman's deposition would be critical to determining "whether the Declaration was coerced or was a condition of a settlement as seems likely." *Id*. The Court recognized that, contrary to Yuga's arguments for withholding the materials, Rule 408(b) likely render the settlement and related deposition testimony admissible in this case. *Id*. at 3.

Mr. Lehman's deposition took place on March 27, 2023—the first business day after Yuga produced the improperly withheld materials, and the last day on which Defendants could file their opposition to Yuga's summary judgment motion. Defendants therefore had no way to incorporate the deposition into their opposition materials. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

-3-

1  █████████████████████████████████████
2 ██████████████████████████████████████████
3 ██████████████████████████████████████████
4 ██████████████████████████████████████████
5 ██████████████████████████████████████████
6 ██████████████████████████████████████████
7 ████████████████████
8   ████████████████████████████████████
9 ██████████████████████████████████████
10 ██████████████████████████████████████████
11 ██████████████████████████████████████████
12 ██████████████████████████████████████████
13 ██████████████████████████████████████████
14 ██████████████████████████████████████████
15 ████████
16   ████████████████████████████████████
17 ██████████████████████████████████████████
18 ██████████████████████████████████████████
19 ██████████████████████████████████████████
20 ██████████████████████████████████████████
21 ██████████████████████████████████████████
22 ██████████████████████████████████████████
23 ██████████████████████████████████████████
24 ██████████████████████████████████████████
25 ██████████████████████████████████████████
26 ██████████████████████████████████████████
27 ██████████████████████████
28

1 ████████████████████████████████████████
2 ████████████████████████████████████████████
3 ███████████████████████████████████████
4 ██████████████████████████████████████████████
5 █████████████████████████████████████████████
6 ████████████████████████████████████████████
7 ███████████████████████████████████████
8 ██████████████████████████████████████████
9 █████████████████████
10   ████████████████████████████████████
11 ██████████████████████████████████████████████
12 █████████████████████████████████████████████
13 ████████████████████████████████████████████
14 ███████████████████████████████████████████
15 ████████████████████████████████████████████
16 ██████████████████████████████████████████████
17 █████████████████████████████████████████████
18 ██████████████████████████████████████████████
19 ██████████████████
20   ██████████████████████████████████████████
21 ███████████████████████████████████
22 █████████████████████████████████████████████
23 ██████████████████████████████████████
24 ██████████████████████████████████████████████
25 █████████████████████████████████████████████
26 ████████████████████████████████████████
27
28

Each of these facts—which became known to Defendants only on March 27, 2023—significantly undermine Yuga's reliance on the Declaration. Defendants were never given an opportunity to address the credibility of the Declaration—***which Yuga has cited and relied on more than any other document in this case***—on any of these bases. Defendants accordingly seek leave to file a sur-reply so that Defendants can fairly respond to Yuga's reliance on the Declaration.

## III. ARGUMENT

### A. New Evidence Is Proper Grounds For Granting Leave to File a Sur-reply

Defendants request leave to file a sur-reply because new evidence has come to light after Defendants filed their opposition to Yuga's motion for summary judgement and have not had a fair chance to use that evidence for summary judgment briefing.

Courts routinely recognize that new evidence relevant to a pending motion is sufficient grounds for leave to file a sur-reply. *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 15-cv-08864-CJC-SH, 2017 WL 11646874, at *3 (C.D. Cal. Nov. 9, 2017) (holding that a new judgment was sufficient grounds for "an *ex parte* application alerting the Court to the Italian Judgment or seek leave to file a sur-reply or file a motion for reconsideration…"); *Nolan LLC v. TDC Intern. Corp.*, 06-cv-14907, 2009 WL 1583893, at *2 (E.D. Mich. June 5, 2009) ("Because this is an instance where new evidence comes to light subsequent to all papers being filed … a sur-reply is appropriate."); *BNSF RR. Co. v. Tri-City & Olympia RR. Co. LLC*, 09-cv-05062-EFS, 2011 WL 2607162, at *6 (E.D. Wa. July 1, 2011) ("The Court granted TCRY leave to file a sur-reply, ruling that '[g]iven newly discovered evidence which may bear on the interpretation of the Lease, the Court finds good cause to allow TCRY to file a sur-reply to the Port of Benton's ('Port') Motion for Summary Judgment.'").

The sur-reply Defendants seek to file concerns precisely the kind of new evidence that warrant supplemental briefing. Mr. Lehman was deposed on the same

-5-

day Defendants' opposition was due.  Thus, Defendants could not have possibly used the information learned in that deposition, including testimony that calls into question the credibility of the Declaration.

Moreover, fault for the belated discovery of this new evidence falls squarely on Yuga's shoulders.  Defendants originally planned to depose Mr. Lehman on March 2, 2023, but were forced to reschedule the deposition to March 27, 2023, because Yuga was improperly withholding highly relevant documents, requiring Defendants to file a motion to compel.  Yuga eventually produced the withheld materials, but only on March 24, 2023, *after* a Court order required the production.  See Dkt. 159.  Thus, without leave to file a sur-reply, Defendants will be deprived of any opportunity to address this new evidence and the credibility of the Declaration.

### B. The Court Should Also Grant Leave Because the New Evidence Precludes Summary Judgment

The new evidence that Defendants seek to address in a sur-reply bears heavily on the merits of Yuga's motion for summary judgment.  Yuga relies on Mr. Lehman's Declaration more than sixty times in its summary judgment briefing, and Mr. Lehman's deposition testimony calls into question the credibility of the document. ██████████████████████████████████████████████████████████████████████████████

Based on Mr. Lehman's testimony, accepting Mr. Lehman's Declaration as true would require the Court to make a credibility determination in Yuga's favor.  But summary judgment is inappropriate when this kind of credibility issue exists.  *S.E.C. v. Koracorp Industries, Inc.*, 575 F.3d 692, 699 (9th Cir. 1978) ("The courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue."); *United States v. Two Tracts of Land in Cascade County, Mont.*, 5 F.3d 1360, 1362 (9th Cir. 1993) ("Where the veracity of an affiant is at issue, summary judgment is inappropriate because the court should not make such judgments without live

testimony."); *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.3d 626, 630 (9th Cir. 1987) ("Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions or depositions. These determinations are within the province of the factfinder at trial."); *Uschold v. Carriage Services, Inc.*, 17-cv-04424-JSW, 2020 WL 1466172, at *6 (N.D. Cal. Mar. 6 2020) ("[A] court may not make an affirmative determination of credibility on summary judgment, it is entirely appropriate for a court to decline to grant summary where there are questions about witness credibility.").

Thus, the new evidence that Defendants seek to address is material to any summary judgment ruling. And because Yuga's reliance on the Declaration for summary judgment is endemic (as this Court as already recognized, Dkt. 159 at 2), the credibility issues associated with the Declaration require denial of summary judgment. Defendants accordingly request leave to file a sur-reply to allow the Court to consider this new, important evidence.

## IV. CONCLUSION

For the reasons set forth above, Mr. Ripps and Mr. Cahen respectfully request that the Court grant leave for Defendants to file a sur-reply in support of their opposition to summary judgment.

Dated: April 7, 2023

By: /s/ *Derek Gosma*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**

-7-

|    |                                                                                     |
|----|-------------------------------------------------------------------------------------|
| 1  | 60 State Street                                                                     |
| 2  | Boston, MA 02109<br>Telephone: (617) 526-6000<br>Fax: (617) 526-5000                |
| 3  |                                                                                     |
| 4  | Derek Gosma (SBN 274515)<br>derek.gosma@wilmerhale.com                              |
| 5  | Henry Nikogosyan (SBN 326277)<br>henry.nikogosyan@wilmerhale.com                    |
| 6  | **WILMER CUTLER PICKERING HALE AND DORR LLP**                                       |
| 7  | 350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071                           |
| 8  | Telephone: (213) 443-5300<br>Fax: (213) 443-5400                                    |
| 9  | Attorneys for Defendants                                                            |
| 10 | *Ryder Ripps and Jeremy Cahen*                                                      |
| 11 |                                                                                     |
| 12 |                                                                                     |
| 13 |                                                                                     |
| 14 |                                                                                     |
| 15 |                                                                                     |
| 16 |                                                                                     |
| 17 |                                                                                     |
| 18 |                                                                                     |
| 19 |                                                                                     |
| 20 |                                                                                     |
| 21 |                                                                                     |
| 22 |                                                                                     |
| 23 |                                                                                     |
| 24 |                                                                                     |
| 25 |                                                                                     |
| 26 |                                                                                     |
| 27 |                                                                                     |
| 28 |                                                                                     |

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on April 7, 2023.

/s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400