# Exhibit 2

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **DEFENDANTS SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. John F. Walter <br><br> Hearing: April 17, 2023, at 1:30 p.m. <br> Pre-Trial Conference Date: June 9, 2023 <br> Trial Date: June 27, 2023 |

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................... 1

II.  BACKGROUND ................................................................................................ 1

III. ARGUMENT ...................................................................................................... 4

IV.  CONCLUSION ................................................................................................... 6

## I.   INTRODUCTION

In Yuga Labs, Inc.'s ("Yuga") motion for summary judgment, Yuga asks this Court to make a number of credibility determinations in its favor, including by relying on specific statements from Declaration of Thomas Lehman ("Declaration").  *See* *S.E.C. v. Koracorp Industries, Inc.*, 575 F.3d 692, 699 (9th Cir. 1978) ("The courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue.").  In fact, Yuga cites the Declaration ***more than sixty times*** in support of its motion.  This Court has expressly recognized Yuga's "unfettered use of Lehman's Declaration in this case."  Dkt. 159 at 2; *see also id*. (discussing "Yuga's frequent use of the Declaration").

[redacted]

## II.   BACKGROUND

Yuga's motion for summary judgment relies heavily on the Declaration to argue that Defendants' RR/BAYC Project was likely to cause consumer confusion.  All three of Yuga's hired experts relied on the Declaration. Dkt. 149-113 at 10 n.28, 12 n.35, 16 n.44, 18 n.55, 110; Dkt. 149-115 at 40 n.158, 45 n.185, 45 n. 186, 47 n. 190,

1   B-1; Dkt. 149-117 at 20 n.17, B-7.  And Yuga's statement of uncontroverted facts
2   cites to the Declaration at least seventeen times.  Dkt. 149-1 ¶¶ 22, 25, 26, 27, 28, 30,
3   31, 42, 44, 45, 58, 60, 68, 69, 71, 73, 75).  Likewise, Yuga's summary judgment
4   briefing is replete with citations to facts derived from the Declaration.  *See* Dkt. 149 at
5   1, 4, 6, 7, 10, 12-15, 17-19; Dkt. 193 at 2, 5-9.  In total, Yuga's summary judgment
6   briefing references the Declaration ***more than sixty times***.

[Lines 7–26: redacted]

1 █████████████████████████████████████
2 ███████████████████████████████████████
3 ███████████████████████████████████████
4 █████████████████████████████████████
5 ████████████████████████████████████████
6 ██████████████████████████████████████
7 ██████████████████████████████████████
8 █████
9    ████████████████████████████████████
10 ██████████████████████████████████████
11 ██████████████████████████████████████
12 ██████████████████████████████████████
13 ██████████████████████████████████████
14 █████████████████████████████████████
15 ███████████████████████████████████████
16 ███████████████████████████████████████
17 ████████████████████████████████
18    ██████████████████████████████████
19 ███████████████████████████████████████
20 ███████████████████████████████████████
21 ██████████████████████████████████████
22 ██████████████████████████████████████
23 ██████████████████████████████████████
24 ███████████████████████████████████████
25 ███████████████████████████████████████
26 ███████████████████████████████████████
27 ██████████████
28

1 ████████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████████
4 ██████████████████████████████████████
5 ████████████████████████████████████████████
6 ████████████████████████████████████████████
7 ████████████████████████████████████████████

8      Each of these facts significantly undermine Yuga's reliance on the Declaration—which Yuga has cited and relied on more than any other document in this case.

**III. ARGUMENT**

████████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████ This Court already expressed doubts about the accuracy of the Declaration. Dkt. 159 at 2. ████████████████████████
██████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

1  █████████████████████████████████████████████
2 █████████████████████████████████████████████
3 █████████████████████████████████████████████
4 █████████████████████████████████████████████

5    Courts have recognized that declarations executed as a condition of settlement
6 to avoid harmful consequences are inherently unreliable. *In re Wank*, 505 B.R. 878,
7 890 (9th Cir. Br. 2018) (reversing grant of summary judgment).  The fact that Mr.
8 Lehman **admitted** that he signed the Declaration to avoid "disastrous" effects on his
9 family confirms that the problems at issue in *Wank* are also present here.

10 █████████████████████████████████████
11 █████████████████████████████████████
12 ███████████████████████████████████████████
13 █████████████████████████████████████████████
14 ████████████████████████████████████████
15 ███████████████████████████████████████████
16 █████████████████████████████████████████████
17 ████████████████████████████████████████████
18 ████████████████████████

19    These facts cast material doubt on the accuracy of the statements in the
20 Declaration on which Yuga relies.  Thus, any reliance on the document would require
21 that the Court make a credibility determination in Yuga's favor, which is prohibited at
22 summary judgment.  *Uschold v. Carriage Services, Inc.*, 17-cv-04424-JSW, 2020 WL
23 1466172, at *6 (N.D. Cal. Mar. 6 2020) ("[A] court may not make an affirmative
24 determination of credibility on summary judgment, it is entirely appropriate for a
25 court to decline to grant summary where there are questions about witness
26 credibility."); see also *S.E.C. v. Koracorp Industries, Inc.*, 575 F.3d 692, 699 (9th Cir.
27 1978) ("The courts have long recognized that summary judgment is singularly
28

inappropriate where credibility is at issue."); *United States v. Two Tracts of Land in Cascade County, Mont.*, 5 F.3d 1360, 1362 (9th Cir. 1993) ("Where the veracity of an affiant is at issue, summary judgment is inappropriate because the court should not make such judgments without live testimony.").

## IV.   CONCLUSION

For the reasons articulated in its opposition and the additional reasons above, Defendants respectfully request that the Court deny Yuga's motion for summary judgment.

Dated: April 7, 2023

By: /s/ *Derek Gosma*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on April 7, 2023.

By: /s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

**CERTIFICATE OF COMPLIANCE**

I hereby certify that a copy of the foregoing document complies with the word limit requirements of Local Rule 11-6.1.

By: /s/ *Derek Gosma*

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400