Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC.,<br><br>       Plaintiff and<br>       Counterclaim Defendant,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>       Defendants and<br>       Counterclaim Plaintiffs. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF DEREK GOSMA ISO EX PARTE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Judge: Hon. John F. Walter<br><br>Hearing: April 17, 2023, at 1:30 p.m.<br>Pre-Trial Conference Date: June 9, 2023<br>Trial Date:  June 27, 2023 |

**DECLARATION OF DEREK GOSMA IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY**

1

I, Derek Gosma, declare as follows:

1. I am an attorney at the law firm Wilmer, Cutler, Hale, Pickering and Dorr LLP. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Defendants' *ex parte* application (the "Application") is necessary because a regularly noticed motion for leave to file a sur-reply would not be sufficiently timely for the Court to consider necessary evidence to decide Yuga's motion for summary judgment.

3. The Application is also proper because this Court has recognized that an *ex parte* application is the appropriate procedure for requesting leave to file a sur-reply. *Walden v. Merck & Co., Inc.*, 09-cv-08674-JFW-MAN, 2010 WL 11596746, at *1 (C.D. Cal. Jan. 21, 2010) ("On January 11, 2010, the Court granted Marck's Ex Parte Application for Leave to file a Sur-Reply."); *Ponce v. Neufeld*, 05-cv-02418-JFW-VBK, Dkt. 23 (C.D. Cal. Sept. 27, 2005); *Pino v. Cardone Capital, LLC*, 20-cv-08499-JFW-KS, 2021 WL 3502493, at *1 n.1 (C.D. Cal. Apr. 27, 2021); *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 05-cv-03459-JFW_EX, 2015 WL 12672087, at *1 n.1 (C.D. Cal. Mar. 13, 2015).

4. The Application is also proper because new evidence has come to light after completion of Defendants' briefing. Courts have recognized that new evidence is valid grounds for leave to file a sur-reply. *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 15-cv-08864-CJC-SH, 2017 WL 11646874, at *3 (C.D. Cal. Nov. 9, 2017) (holding that a new judgment was sufficient grounds for "an *ex parte* application alerting the Court to the Italian Judgment or seek leave to file a sur-reply or file a motion for reconsideration…"); *Nolan LLC v. TDC Intern. Corp.*, 06-cv-14907,

2

2009 WL 1583893, at *2 (E.D. Mich. June 5, 2009) ("Because this is an instance where new evidence comes to light subsequent to all papers being filed … a sur-reply is appropriate."); BNSF RR. Co. v. Tri-City & Olympia RR. Co. LLC, 09-cv-05062-EFS, 2011 WL 2607162, at *6 (E.D. Wa. July 1, 2011) ("The Court granted TCRY leave to file a sur-reply, ruling that '[g]iven newly discovered evidence which may bear on the interpretation of the Lease, the Court finds good cause to allow TCRY to file a sur-reply to the Port of Benton's ('Port') Motion for Summary Judgment.'").

5. Defendants would be prejudiced if the Court considers Yuga's motion for summary judgment without reviewing Thomas Lehman's deposition testimony, because that deposition testimony raises credibility issues associated with a declaration that Yuga relies on more than sixty times in its summary judgment briefing. The Ninth Circuit has recognized that this kind of credibility issue precludes summary judgment. S.E.C. v. Koracorp Industries, Inc., 575 F.3d 692, 699 (9th Cir. 1978) ("The courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue."); United States v. Two Tracts of Land in Cascade County, Mont., 5 F.3d 1360, 1362 (9th Cir. 1993) ("Where the veracity of an affiant is at issue, summary judgment is inappropriate because the court should not make such judgments without live testimony."); T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.3d 626, 630 (9th Cir. 1987) ("Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions or depositions. These determinations are within the province of the factfinder at trial.").

6. Defendants could not have brought this deposition testimony to the attention of the Court at an earlier point because the deposition did not occur until March 27, 2023, the same date on which Defendants' opposition was filed.

5. On April 6, 2023, Defendants' counsel contacted counsel for Yuga by email to inform them of Defendants intention to file the *ex parte* Application and that counsel for Yuga would have only 24 hours to respond. On April 7, 2023, the parties held a conference of counsel but were not able to reach an agreement to stipulate to the filing of a sur-reply. Yuga's counsel indicated that Yuga opposes the granting of the *ex parte* Application. It is my understanding that Yuga intends to oppose the relief requested.

6. Attached hereto as Exhibit 1 is a true and correct copy of the email exchange with Yuga Labs' counsel concerning the *ex parte* application and setting a conference to discuss these issues.

7. Attached hereto as Exhibit 2 is the sur-reply that Plaintiffs seek leave to file in opposition to Yuga's motion for summary judgment.

8. Attached hereto as Exhibit 3 are excerpts of the Thomas Lehman deposition that directly bear on the credibility of Mr. Lehman's February 3, 2023 declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in California on April 7, 2023.

/s/ Derek Gosma
Derek Gosma