# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br>         Plaintiff and Counterclaim Defendant, <br><br>   v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br>         Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **[PROPOSED] STATEMENT OF DECISION ON YUGA'S MOTION FOR ATTORNEY'S FEES** <br><br> Judge: Hon. John F. Walter <br><br> Hearing Date: May 1, 2023 <br> Time: 1:30 p.m., <br> Courtroom: 7A <br> Trial Date: June 27, 2023 |

1
2
3
4
5
6

The Court has received a motion (Dkt. No. 118) from Plaintiff Yuga Labs,

Inc. seeking attorneys' fees related to Clare Locke's work on its anti-SLAPP

motion and subsequent fees request.  Defendants filed a response challenging the

amount of fees claimed by Plaintiffs.  Yuga filed a reply.  Having considered all of

the papers before it, and for the following reasons, the Court grants Yuga attorney

fees in the amount of $26,400.

## I.      Factual and Procedural Background

7
8
9
10
11
12
13

Defendants filed an answer to Yuga's complaint with several counterclaims.

These counterclaims included three state law causes of action and three federal

counterclaims.  Yuga filed a mixed Motion to Strike pursuant to California's anti-

SLAPP statute and a federal Rule 12 Motion to Dismiss.  This Court granted

Yuga's motion to strike on all three state-law causes of action and its motion to

dismiss on two of the three federal causes of action.

14
15
16
17
18

Yuga hired Clare Locke to respond to the counterclaims.  Clare Locke is a

firm specializing in defamation law.  *See* Dkt. 182 at 1.  Clare Locke claims it

worked 197.5 hours on the anti-SLAPP motion and a further 32 hours on the fees

award.  Decl. of M. Meier at 6.  In support of their requested award, Clare Locke

submitted invoices.  Dkt. 182-2.

## II.     LEGAL STANDARD

19
20
21
22
23
24
25

California law applies to fee awards pursuant to the California anti-SLAPP

statute.  *Robertson v. Rodriguez* 36 Cal. App. 4th 347, 362 (1995).  California

courts employ the lodestar method to determine the reasonable amount of

attorney's fees to award to a successful anti-SLAPP applicant.  *See Frym v. 601

Main Street LLC*, 82 Cal. App. 5th 613, 621 (2022).  For the lodestar rate, courts

apply a reasonable amount of hours worked and multiply it by a reasonable hourly

26
27
28

-1-

rate for the forum in which the district court sits.  *Laub v. Horbaczewski*, No. CV 17-6210-JAK (KS), 2020 WL 10817257, at *4 (C.D. Cal. Nov. 23, 2020).  Courts have broad discretion to set this lodestar rate, and can use a variety of sources to set these two factors.  *See Robertson*, 36 Cal. App. 4th at 361.  As the party moving for fees, Yuga bears the burden to demonstrate that their claimed award is reasonable.  *See Hyan v. Liberty Surplus Ins. Corp.*, No. CV 14-2004-JVS-FFMx, 2020 WL 5092448 at *3 (C.D. Cal. Jan. 15, 2022).

## III.  DISCUSSION

### A.  Yuga's Hour Request is Unreasonable

Yuga Labs makes the astonishing claim that it spent 197.75 hours on the anti-SLAPP motion and 32 hours on the fees motion.  Generally speaking, 40-75 hours is the standard amount of hours spent on an anti-SLAPP motion and accompanying fees motion.  *See Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. S-14-0660-KJM-CKD, 2014 WL 5698448 at *4 (E.D. Cal. 2014) (collecting cases).  Courts, however, have awarded more than the standard amount when the fee seeker has been awarded more by proving through both its invoices and its briefing that the anti-SLAPP matter was especially complicated.  *See Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1327 (2008).

Yuga does not make the argument that this case was particularly complicated, nor could it.  First, the fees motion involves no unique situations or odd legal issues.  Courts have noted that five to ten hours is standard for the fees motion portion.  32 hours is facially excessive and without *any* support as to its complexity, that number is rejected.  It is unreasonable to request almost the amount of a normal fees for an anti-SLAPP motion on the fees portion alone.  This is especially troubling because Clare Locke claims to be an expert in defamation

1  and states in its own motion that it has filed several of these fee motions. This
2  Court would expect Clare Locke to take less time to file such motions, not
3  significantly more.

4      Yuga's request for 197.75 hours on the anti-SLAPP motion fares no better.
5  It offers no reasoning for why the motion is especially complicated.  The anti-
6  SLAPP motion itself relied on hornbook issues of California tort law and the most
7  common argument against declaratory judgment actions.  Neither Defendants'
8  counterclaims nor Plaintiff's responses required novel or unusual arguments.  On
9  its face, there is nothing that would indicate such a massive deviation above the
10  typical 40-75 hour range.

11      Looking at Clare Locke's invoices, the problems of the claimed amount of
12  hours deepens.  Clare Locke claims compensation for work that is facially
13  irrelevant, for work that is clerical in nature and not subject to fees awards, and
14  countless hours of duplicative work including entire working days where two
15  attorneys were doing the same task at the same time.  Clare Locke's billing
16  practices also leave much to be desired.  Defendants have identified over 100 hours
17  of block billing which inflates legal bills.  Clare Locke also bills by the .25 hour
18  interval instead of the industry standard .1 hour interval, which courts have
19  recognized merits a reduction in the amount of hours granted.  *See Welch v. Met.*
20  *Life Ins. Co.*, 480 F.3d 942, 948-49 (9th Cir. 2007).  Lastly, the billing invoices do
21  not make it clear whether the claimed hours were on only state law causes of
22  action.  Yuga is entitled to *only* those hours spent on the state law claims.  As the
23  party with the burden, it is incumbent on Yuga to make this division clear.
24  However, references merely to "the motion" are insufficient to prove that the work
25  was not on the federal aspects of "the motion."  In total, Yuga fails to carry the

26
27                                          -3-
28  Case No. 2:22-cv-04355-JFW-JEM              [PROPOSED] STATEMENT OF DECISION

burden for their claimed number of hours, and therefore the Court will not award the over 200 hours requested.

## B.    Yuga's Rates Are Unreasonable

Yuga argues that the rates are reasonable because Defendants' law firm is a big firm and that Yuga had to answer in kind.  This misapprehends the legal standard.  The standard is not whether Clare Locke charges a reasonable amount for a firm of its caliber, but instead requires a reasonable amount for Los Angeles.  Yuga supplies no forum-specific evidence.  Once again, Yuga bears the burden to prove the reasonableness of its attorney's rates.

Defendants by contrast, focus on a reasonable rate for a Los Angeles attorney.  Dkt. 212 at 12.  They point to the "Real Rate Report" a document other courts across this district have relied upon in the past.  *Id.* at 13.  Using the reasonable rate report, Defendants propose rates within the normal rate for Los Angeles attorneys of $725 for Megan Meier, $675 for David Sillers, $615 for Kathryn Humphrey.  Although Defendants did not have the burden on this issue, they produced adequate evidence for the court to accept those rates as the reasonable rates controlling this action.

## C.    The Court Need Not Engage in Itemized Reductions and Deductions of Hours To Set Reasonable Fee Award

The Court has broad discretion to set a reasonable fee award.  Though this Court acknowledges the attached exhibit detailing reasonable deductions and reductions to Yuga's claimed fee award based on a multitude of issues in its billing practices, the Court does not need to go through the complicated mathematical inquiry.  Instead, it has the power to use its own experience to award a reasonable fee award.  Here, Yuga submitted a heavily inflated fee request meant to create a windfall for its attorneys.  That was improper.  As such, the Court sets the amount

-4-

of hours at 40 reflecting 16 hours of work each by David Sillers and Kathryn Humphrey, and eight hours of work by Megan Meier. This Court accepts Defendants' proposed rates as reasonable. Therefore, the reasonable amount of time worked at Defendants' proposed rate yields an award of $26,400.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Yuga Labs attorneys' fees in the amount of $26,400.

Dated: _____        _____
                                        Hon. John F. Walter
                                        United States District Judge

Case No. 2:22-cv-04355-JFW-JEM          [PROPOSED] STATEMENT OF DECISION