**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 22-4355-JFW(JEMx)**                                            Date: April 26, 2023

Title:   Yuga Labs, Inc. -v- Ripps, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                                                       None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER RE: PLAINTIFF YUGA LABS, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS [filed 3/31/23; Docket No. 182]**

On March 31, 2023, Plaintiff Yuga Labs, Inc. ("Yuga") filed a Motion for an Award of Attorneys' Fees and Costs ("Motion"). On April 10, 2023, Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants") filed their Opposition. On April 17, 2023, Yuga filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 1, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

In its Motion, Yuga seeks pursuant to the mandatory fee-shifting provision in California's anti-SLAPP statute, California Code of Civil Procedure §425.16(c), $242,543.75 in attorneys' fees and costs incurred in connection with Yuga's Special Motion to Strike Counterclaims ("Motion to Strike"). *See* Reply, 9:9-13. In their Opposition, Defendants argue that Yuga's attorneys' fees award should be reduced to $26,400.00. In the Court's Order granting Yuga's Motion to Strike, filed March 17, 2023 (Docket No. 156), the Court concluded that, for purposes of California Code of Civil Procedure §425.16(c), Yuga was the prevailing party and entitled to recover its attorneys' fees and costs in connection with bringing its Motion to Strike. As a result, the only issue remaining for the Court to determine is the reasonableness of the attorneys' fees and costs requested by Yuga.

In this case, because Defendants dispute the reasonableness of the amount of attorneys' fees and costs requested by Yuga, the Court orders the parties to meet and confer in good faith and agree on the amount of reasonable attorneys' fees and costs that should be awarded to Yuga, keeping in mind that a contested request for attorneys' fees "should not result in a second major

litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates").

Yuga has apparently provided Defendants with all billing records and other documents that it relies on in support of its request for reasonable attorneys' fees and costs. If there are any billing records or other documents relied on by Yuga in support of its request for reasonable attorneys' fees and costs that have not been provided to Defendants, Yuga shall provide those documents to Defendants by **May 1, 2023.**

On or before **May 15, 2023**, lead counsel for the parties shall meet and confer ***in person*** and shall specifically identify all hours, billing rates and costs, or other items that ***will*** and ***will not*** be objected to, the basis of any objections, and the specific hours, billing rates and costs that in the parties respective views are reasonable and should be compensated.[1] The parties shall in good faith attempt to resolve any remaining disputes.

In the unlikely event that any matters remain in dispute, the parties shall, on or before **May 22, 2023**, file a joint statement which includes the following:

1)  the total amount of attorneys' fees and costs claimed by Yuga with a summary table identifying the name, claimed hours, claimed rates, and claimed totals for each biller;

2)  the total amount of attorneys' fees and costs that Defendants agree should be awarded; and

3)  a description of each specific item in dispute, with a separate statement of Defendants' objections and Yuga's response. The parties shall also file two summary tables (one for attorneys' fees and one for costs) in the format shown in Exhibit A to this Order.

If the Court concludes that counsel have not acted in good faith or if the Court determines that it is in the interest of judicial economy to do so, the Court will refer the matter to a special master at the expense of the parties pursuant to Federal Rule of Civil Procedure 54(d)(2)(D).

IT IS SO ORDERED.

---

[1] Yuga shall not increase the amount of attorneys' fees requested to include time spent by Yuga's counsel on the meet and confer process or, if necessary, the preparation of the joint statement.

# Exhibit A

| Attorney | Date | Description | Time/Amt Challenged | Reduce by | Objection | Reason for Objection | Response to Objection |
|---|---|---|---|---|---|---|---|
| J. DOE | 1/2/08 | T/C w/ Consultant | 3.0 ($450) | 3.0 ($450) | | | |
| S. ROE | 2/1/08 | Research Notice of Related Cases | 2.0 ($300) | 1.0 ($150) | | | |
| J. DOE | 2/7/08 | Calendar dates | 1.0 ($150) | 1.0 ($150) | | | |