ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>                    Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Judge:  Hon. John F. Walter<br><br>Pre-Trial Conference Date: June 9, 2023<br><br>Trial Date:  June 27, 2023 |

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA  90401
   Telephone:   310.434.4300
4
5  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
6  DAVID Y. SILLERS (*admitted pro hac ice*)
   david@clarelocke.com
7  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA  22314
   Telephone:   202.628.7400
10
11 Attorneys for Plaintiff
   YUGA LABS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

| No. | Description | Authority | Page |
|-----|-------------|-----------|------|
| 1 | Duty of Jury (Court Reads and Provides Written Instruction at End of Case) (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4 (modified) | 1 |
| 2 | Burden of Proof—Preponderance of the Evidence (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 (modified) | 2 |
| 3 | What is Evidence (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9 (modified) | 3 |
| 4 | What is Not Evidence (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10 (modified) | 4 |
| 5 | Direct and Circumstantial Evidence (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12 | 5 |
| 6 | Inferences from the Evidence (undisputed) | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 104:20 (6th ed.) | 6 |
| 7 | Credibility of Witnesses (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14 | 7 |
| 8 | Stipulations of Fact (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2 | 9 |
| 9 | Judicial Notice (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3 | 10 |
| 10 | Deposition in Lieu of Live Testimony (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.4 (modified) | 11 |
| 11 | Impeachment Evidence—Witness (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.9 (modified) | 12 |
| 12 | Use of Interrogatories (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.11 (modified) | 13 |

| No. | Description | Authority | Page |
|---|---|---|---|
| 13 | Use of Requests for Admission (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12 (modified) | 14 |
| 14 | P: Expert Opinion | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 (modified) | 15 |
| | D: Expert Opinion | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 (modified) | 16 |
| 15 | Charts and Summaries Not Received in Evidence (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.14 (modified) | 17 |
| 16 | Charts and Summaries Received in Evidence (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15 (modified) | 18 |
| 17 | Evidence in Electronic Format (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.16 | 19 |
| 18 | Duty to Deliberate (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 | 21 |
| 19 | Consideration of Evidence—Conduct of The Jury (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2 | 22 |
| 20 | Communications with Court (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 | 24 |
| 21 | Return of Verdict (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5 | 25 |
| 22 | Wealth of Parties (undisputed) | Judicial Council of California Civil Jury Instructions, No. 117 | 26 |
| 23 | Corporations And Partnerships—Fair Treatment (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1 | 27 |
| 24 | Definition—Trademark (15 U.S.C. § 1127) (undisputed) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.2 (modified) | 28 |

| No. | Description | Authority | Page |
|-----|-------------|-----------|------|
| 25 | P: Prior Findings | ECF 225; *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1221 n. 22 (9th Cir. 2010); *Peliculas Y Videos Internacionales, S.A. de C.V. v. Harriscope of Los Angeles, Inc.*, 302 F. Supp. 2d 1131, 1133 (C.D. Cal. 2004); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1051 (C.D. Cal. 2011); *Singh v. George Washington Univ. Sch. of Med. & Health Scis.*, 508 F.3d 1097, 1106 (D.C. Cir. 2007) | 29 |
| | D: Prior Findings | ECF 225; *Asberry v. City of Sacramento/Sanitation Dep't*, 156 F. App'x 889, 890 (9th Cir. 2005) (nonprecedential); *Moore v. Richmond Police Dep't*, 497 F. App'x 702, 704 (9th Cir. 2012) (nonprecedential); *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) | 31 |
| 26 | P: False Advertising—Instruction on Elements | 15 U.S.C. § 1125(a)(1)(B); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Prager Univ. v. Google LLC*, 951 F.3d 991, 999 (9th Cir. 2020); *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003); *Wells Fargo & Co. v. ABD Ins. & Fin. Services., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014); *Upper Deck Co. v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 976 (S.D. Cal. June 29, 2020) | 33 |

| No. | Description | Authority | Page |
|---|---|---|---|
| | D: False Advertising—Instruction on Elements | Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.2 (modified as shown); comment to Ninth Circuit Model Jury Instruction 15.5; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) | 35 |
| 27 | D: Trademark infringement—Deliberate or Willful | *Romag Fasteners, Inc v. Fossil, Inc.*, No. 3:10-cv-1827 (D. Conn. 2014), *subsequent history at* 206 L. Ed. 2d 672, 140 S. Ct. 1492, 1494, 1497 (2020) Plaintiff's original proposed jury instruction 32 (Apr. 14, 2023); ECF 225 at 13 | 37 |
| | P: 27(a) Trademark Infringement—Willfulness (proposed in the alternative) | *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A.*, Inc., 778 F.3d 1059, 1074 (9th Cir. 2015), cert. denied, 136 S. Ct. 410, 193 L. Ed. 2d 317 (2015); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-06 (9th Cir. 1993). | 38 |
| | P: 27(b) False Advertising—Willfulness (proposed in the alternative) | *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A.*, Inc., 778 F.3d 1059, 1074 (9th Cir. 2015), cert. denied, 136 S. Ct. 410, 193 L. Ed. 2d 317 (2015); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-06 (9th Cir. 1993). | 40 |
| 28 | P: Damages—Plaintiff's Actual Damages | Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.27 (modified); ECF 225 at 13; *Bellagio Jewelry, Inc. v. Croton Watch Co.*, No. CV 06-6672ODWRZX, 2008 WL 3905895, at *11 (C.D. Cal. Aug. 20, 2008) | 41 |

| No. | Description | Authority | Page |
|---|---|---|---|
| | D: Damages—Plaintiff's Actual Damages (proposed in the alternative) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.27 (modified); *TriPharma, LLC v. First Fruits Business Ministry*, SACV 12-4-4 JVS (ANx), 2013 WL 12129386, at *4 n.10 (C.D. Cal. Apr. 2, 2013); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994); Comment to Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.27 | 43 |
| 29 | P: Loss of Goodwill | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 129:32 (6th ed.) | 45 |
| | D: No Competing Instruction Proposed | N/A | |
| 30 | P: Damages—Defendants' Profit | Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.29 (modified); ECF 225 | 47 |
| | D: Damages—Defendants' Profits | Ninth Circuit Model Jury Instruction 15.29 (modified); *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994); *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492, 1494, 1497 (2020) | 49 |
| 31 | Anti-Cybersquatting Damages—Statutory Damages (undisputed) | 15 U.S.C. § 1117(d); Dkt. 225 | 51 |

**Stipulated Instruction No. 1**

**Re Duty of Jury (Court Reads and Provides**

**Written Instruction at End of Case)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.


Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 2**

**Re Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim ~~[or affirmative defense]~~ by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim ~~[or affirmative defense]~~ is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 (modified)

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

1

**Stipulated Instruction No. 3**

2

**Re What is Evidence**

3

The evidence you are to consider in deciding what the facts are consists of:

4

1. the sworn testimony of any witness;

5

2. the exhibits that are admitted into evidence;

6

3. any facts to which the lawyers have agreed; and

7

4. any facts that I [may instruct] [have instructed] you to accept as

8

proved.

9

10

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9 (modified)

11

<u>Claims for Relief</u>:  All claims

12

<u>PTCO Cite</u>: § 7(a)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 4**

**Re What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 5**

**Re Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 6**

**Re Inferences from the Evidence**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.  "Inferences" are simply deductions or conclusions that reason and common sense lead you to draw from the evidence in the case.

<u>Source</u>: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 104:20 (6th ed.)

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Stipulated Instruction No. 7**

**Re Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

1   number of witnesses who testify.  What is important is how believable the witnesses

2   were, and how much weight you think their testimony deserves.

3

4   <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14

5   <u>Claims for Relief</u>:  All claims

6   <u>PTCO Cite</u>: § 7(a)

**Stipulated Instruction No. 8**

**Re Stipulations of Fact**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you].  You must therefore treat these facts as having been proved.


<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

1

2

**Stipulated Instruction No. 9**

**Re Judicial Notice**

3

4

The court has decided to accept as proved the fact that [*state fact*].  You must
accept this fact as true.

5

6

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3

7

<u>Claims for Relief</u>:  All claims

8

<u>PTCO Cite</u>: § 7(a)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 10**

**Re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.   The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.4 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 11**

**Re Impeachment Evidence —Witness**

The evidence that a witness lied under oath ~~[e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.]~~ may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.9 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 12**

**Re Use of Interrogatories**

Evidence ~~[will now be]~~ [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.11 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 13**

**Re Use of Requests for Admission**

Evidence ~~[will now be]~~ [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12 (modified)

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Disputed Instruction No. 14**

**Re Expert Opinion**

**Proposed By Plaintiff**

You [have heard] [are about to hear] testimony from Jonah Berger*[name]* who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

You [have heard] [are about to hear] testimony from Lauren Kindler*[name]* who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

You [have heard] [are about to hear] testimony from Laura O'Laughlin*[name]* who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Disputed Instruction No. 14**

**Re Expert Opinion**

**Proposed By Defendants**

You [have heard] [are about to hear] testimony from Jonah Berger[name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

You [have heard] [are about to hear] testimony from Lauren Kindler[name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 (modified)

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 15**

**Re Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence ~~[may be]~~ [have been~~]~~ shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.14 (modified)

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Stipulated Instruction No. 16**

**Re Charts and Summaries Received in Evidence**

Certain charts and summaries ~~[may be]~~ [have been~~]~~ admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15 (modified)

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Stipulated Instruction No. 17**

**Re Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to

obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.16

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 18**

**Re Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 19**

**Re Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the

lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 20**

**Re Communications with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 21**

**Re Return of Verdict**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.


<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Stipulated Instruction No. 22**

**Re Wealth of Parties**

You may not consider the wealth or poverty of any party in reaching your verdict.  The parties' wealth or poverty is not relevant to any of the issues that you must decide.

<u>Source</u>: Judicial Council of California Civil Jury Instructions, No. 117

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Stipulated Instruction No. 23**

**Re Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.


Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1

Claims for Relief:  All claims

PTCO Cite: § 7(a)

**Stipulated Instruction No. 24**

**Re Definition—Trademark (15 U.S.C. § 1127)**

A trademark is any word, name, symbol, device [, or any combination thereof,] used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods [, even if that source is generally unknown].

[A person who uses the trademark of another may be liable for damages.]

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.2

<u>Claims for Relief</u>:  All claims

<u>PTCO Cite</u>: § 7(a)

**Disputed Instruction No. 25**

**Prior Findings**

**Proposed by Plaintiff**

It was determined in a prior proceeding that Defendants intentionally infringed Plaintiff's BORED APE YACHT CLUB, BAYC, BORED APE, BAYC Logo, BAYC BORED APE YACHT CLUB Logo, and Ape Skull Logo trademarks ("the BAYC Marks"), and you must accept that determination as true. It was also determined in a prior proceeding that Defendants committed cybersquatting with respect to their www.rrbayc.com and www.apemarket.com domains, and you must accept that determination as true. Cybersquatting occurs when a person other than the owner of a well-known trademark registers that trademark as an internet domain name and then attempts to profit from it.

It was further determined in a prior proceeding that Yuga Labs is entitled to monetary damages for Defendants' trademark infringement and for their cybersquatting, and you must accept that determination as true. Therefore, you must award Yuga Labs damages for Defendants' trademark infringement and cybersquatting.

In making these determinations, these findings were also established, which you must accept as true and not reconsider in your deliberations:

- Yuga Labs owns the BAYC Marks.
- Yuga Labs' BAYC Marks are valid and protectable marks.
- Yuga Labs has used the BAYC Marks in interstate commerce.
- Yuga Labs has not transferred or abandoned its trademark rights in the BAYC Marks.
- Defendants' use of Yuga Labs' BAYC Marks is likely to cause consumer confusion.
- Defendants knowingly and intentionally used Yuga Labs' BAYC Marks.

- Defendants' RR/BAYC NFTs are not "expressive works" and do not express an idea or point of view.
- Defendants' Ape Market website contains no artistic expression or critical commentary.
- Defendants used the BAYC Marks to sell and promote their own products.
- Defendants used the rrbayc.com and apemarket.com domains with a bad faith intent to profit from Yuga Labs' BAYC Marks.

Source: Dkt. 225; *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1221 n. 22 (9th Cir. 2010); *Peliculas Y Videos Internacionales, S.A. de C.V. v. Harriscope of Los Angeles, Inc.*, 302 F. Supp. 2d 1131, 1133 (C.D. Cal. 2004); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1051 (C.D. Cal. 2011); *Singh v. George Washington Univ. Sch. of Med. & Health Scis.*, 508 F.3d 1097, 1106 (D.C. Cir. 2007).

Claims for Relief:  Claims 1 and 3

PTCO Cite: § 7(a)

**Disputed Instruction No. 25**

**Prior Findings**

**Proposed by Defendants**

It was determined in a prior proceeding that Defendants infringed Plaintiff's BORED APE YACHT CLUB, BAYC, BORED APE, the BA YC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo (the "BAYC Marks"), and you must accept that determination as true.

It was also determined in a prior proceeding that Defendants' registration and use of the domain names domain names https://rrbayc.com/ and https://apemarket.com/ constituted cybersquatting under the Anti-Cybersquatting Consumer Protection Act, and you must accept that determination as true.

It was also determined in a prior proceeding that Yuga Labs is entitled to monetary damages for trademark infringement and cybersquatting, and you must accept that determination as true.  You must determine the amount of Yuga Labs's damages.

Source: ECF 225, at 2 ("Yuga claims that it owns several unregistered trademarks, including 'BORED APE YACHT CLUB,' 'BAYC,' 'BORED APE,' the BAYC Logo, the BAYC BORED APE YACHT CLUB Logo, and the Ape Skull Logo (collectively, the "BAYC Marks")"); *id.* at 13 ("Yuga is entitled to monetary damages"); *id.* ("Yuga has reserved the issue of damages for trial"); *id.* at 14 ("In this case, it is undisputed that Defendants registered, used, and continue to use the domain names https://rrbayc.com/ and https://apemarket.com/."); *Asberry v. City of Sacramento/Sanitation Dep't*, 156 F. App'x 889, 890 (9th Cir. 2005) (nonprecedential) (explaining that "facts that a district court finds to be undisputed for purposes of summary judgment are not undisputed for all purposes"); *Moore v. Richmond Police Dep't*, 497 F. App'x 702, 704 (9th Cir. 2012) (nonprecedential) (finding no error where "statements from an earlier summary judgment ruling" were

not "incorporated in the jury instructions"); *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) ("the law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment").

Claims for Relief:  Claims 1 and 3

PTCO Cite: § 7(a)

**Disputed Instruction No. 26**

**Re False Advertising—Instruction on Elements**

**Proposed by Plaintiff**

Yuga Labs claims that Defendants engaged in false or misleading advertising in violation of the federal Lanham Act.  To prove this claim, Yuga Labs must prove the following:

1.    Defendant Ripps or Defendant Cahen made a false or misleading representation of fact in commercial advertising or promotion that misrepresents the nature, characteristics or qualities of their or Yuga Labs' goods, services or commercial activities;

2.    The false or misleading representation actually deceived or had the tendency to deceive a substantial segment of its audience;

3.    The deception was material in that it is likely to influence the purchasing decision;

4.    Defendant Ripps or Defendant Cahen caused the false or misleading representation or the advertised good or service to enter interstate commerce; and

5.    Yuga Labs was or is likely to be damaged by the false or misleading representation, either by direct diversion of sales from itself to Defendants or by a lessening of the goodwill associated with Yuga Labs' goods, services, or commercial activities.

If you find that Yuga Labs has proven each of these things by a preponderance of the evidence, then you must find for Yuga Labs.  If, on the other hand, Yuga Labs has failed to prove any of these elements, your verdict should be for the Defendants.

<u>Source</u>: 15 U.S.C. § 1125(a)(1)(B) ("in commercial advertising or promotion, misrepresents the ***nature, characteristics, qualities***, or geographic origin of his or her or another person's ***goods, services, or commercial activities***") (emphasis added);

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Prager Univ. v. Google LLC*, 951 F.3d 991, 999 (9th Cir. 2020); comment to Ninth Circuit Model Jury Instruction 15.5 ("Elements required for a false advertising claim, cognizable under 15 U.S.C. § 1125(a)(1)(B), are set forth in *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003)."); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) ("In order to prove a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a claimant must establish: 1) in advertisements, defendant made false statements of fact about its own or another's product; 2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; 3) such deception is material, in that it is likely to influence the purchasing decision; 4) defendant caused its falsely advertised goods to enter interstate commerce; and 5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the goodwill which its products enjoy with the buying public."); *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) ("the defendant caused its false statement to enter interstate commerce"); *Upper Deck Co. v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 976 (S.D. Cal. June 29, 2020) ("These cards also misrepresent the 'nature, characteristics, qualities or origin of [Defendant's] product, services, or commercial activities and/or [Plaintiff's] authorized products, services, or commercial activities.'  Plaintiff's allegations state an actionable false statement . . . .") (citation omitted).

Claims for Relief:  Claim 2

PTCO Cite: § 7(a)

**Disputed Instruction No. 26**

**Re False Advertising—Instruction on Elements**

**Proposed by Defendants**

In order to prove a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), Yuga Labs ~~a claimant~~ must establish:

1) in advertisements, ~~D~~defendant~~s~~ made a false or misleading statement of fact about their ~~its~~ own or another's product;

2) that false or misleading statement of fact actually deceived or had the tendency to deceive a substantial segment of their audience;

3) such deception is material, in that it was likely to influence the purchasing decision;

4) ~~D~~defendant~~s~~ caused their falsely advertised goods to enter interstate commerce; and

5) Yuga Labs ~~plaintiff~~ has been ~~or is likely to be~~ injured as the result of the foregoing either by direct diversion of sales from itself to ~~D~~defendants, or by lessening of the goodwill which its products enjoy with the buying public.

If you find that each of the elements on which Yuga Labs ~~the plaintiff~~ has the burden of proof has been proved, your verdict should be for Yuga Labs ~~the plaintiff~~. If, on the other hand, Yuga Labs ~~the plaintiff~~ has failed to prove any of these elements, your verdict should be for the ~~D~~defendant~~s~~.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.2 (modified as shown); comment to Ninth Circuit Model Jury Instruction 15.5 ("Elements required for a false advertising claim, cognizable under 15 U.S.C. § 1125(a)(1)(B), are set forth in *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003)."); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) ("In order to prove a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a claimant must establish: 1) in advertisements, defendant made false statements of

fact about its own or another's product; 2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; 3) such deception is material, in that it is likely to influence the purchasing decision; 4) defendant caused its falsely advertised goods to enter interstate commerce; and 5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the goodwill which its products enjoy with the buying public.") (modified as shown); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) ("In a suit for damages under section 43(a), however, actual evidence of some injury resulting from the deception is an essential element of the plaintiff's case.").

<u>Claims for Relief</u>:  Claim 2

<u>PTCO Cite</u>: § 7(a)

**Disputed Instruction No. 27**

**Re Trademark infringement—Deliberate or Willful**

**Proposed by Defendants**

It was determined in a prior proceeding that Defendants infringed the BAYC Marks, and you must accept that determination as true. You must determine whether Defendants acted willfully or deliberately.

Separately, if you find for the Plaintiff on the Plaintiff's false advertising claim, you must determine whether defendants acted willfully or deliberately.

To prove willfulness, Plaintiff must show (1) that Defendants were actually aware of the infringing activity, or (2) that Defendants' actions were the result of willful blindness. Willful blindness means that Defendants knew they might be selling infringing goods but nevertheless intentionally shielded themselves from discovering the truth.

Source: Jury Instruction in *Romag Fasteners, Inc v. Fossil, Inc.*, No. 3:10-cv-1827 (D. Conn. 2014), *subsequent history at* 140 S. Ct. 1492, 1494, 1497 (2020) ("Without question, a defendant's state of mind may have a bearing on what relief a plaintiff should receive."); Plaintiff's original proposed jury instruction 32 (Apr. 14, 2023); ECF 225 at 13 ("[T]he Court denies Yuga's Motion as to whether this is an exceptional case entitling Yuga to enhanced damages and attorneys' fees because Yuga has reserved the issue of damages for trial.").

Claims for Relief: Claims 1 and 2

PTCO Cite: § 7(a)

**Disputed Instruction No. 27(a)**

**Re Trademark Infringement—Willfulness**

**Proposed by Plaintiff**

*[Plaintiff's position is that the jury should not be instructed on willfulness – Plaintiff is not seeking a jury determination of willfulness and Defendants do not have the right to force Plaintiff to put on a willfulness case.  If the Court gives an instruction on willfulness, Plaintiff proposes that this Instruction 27(a) be given immediately after Instruction 25 (Prior Findings) and that Instruction 27(b) be given immediately after Instruction 26 (False Advertising Elements).]*

It was determined in a prior proceeding that Defendants intentionally infringed the BAYC Marks, and you must accept that determination as true.  You must now determine whether Defendants acted willfully.

To prove willfulness, Plaintiff must show (1) that Defendants were aware of Yuga Labs and attempting to gain the value of the BAYC Marks, or (2) that Defendants' infringement was deliberate, false, misleading, or fraudulent, or (3) that Defendants' actions were the result of willful blindness.  Willful blindness means that Defendants knew they might be selling infringing goods but nevertheless intentionally shielded themselves from discovering the truth.

Source: *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 410 (2015) (willfulness requires "a connection between a defendant's awareness of its competitors and its actions at those competitors' expense'" and willfulness is found "where the defendant is 'attempting to gain the value of an established name of another.'") (citations omitted); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-06 (9th Cir. 1993) ("Willful infringement carries a connotation of deliberate intent to deceive.  Courts generally

apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard.") (citation omitted).

<u>Claims for Relief</u>:  Claim 1

<u>PTCO Cite</u>: § 7(a)

**Disputed Instruction No. 27(b)**

**Re False Advertising—Willfulness**

**Proposed by Plaintiff**

If you find for the Plaintiff on the Plaintiff's false advertising claim, you must determine whether Defendants acted willfully.

To prove willfulness, Plaintiff must show (1) that Defendants were actually aware that their representation was false, or (2) that Defendants' false advertising was deliberate, false, misleading, or fraudulent, or (3) that Defendants' actions were the result of willful blindness to whether their representation was false or misleading. Willful blindness means that Defendants knew they might be making false or misleading representations but nevertheless intentionally shielded themselves from discovering the truth.

Source: *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 410 (2015) (willfulness requires "a connection between a defendant's awareness of its competitors and its actions at those competitors' expense'" and willfulness is found "where the defendant is 'attempting to gain the value of an established name of another.'") (citations omitted); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-06 (9th Cir. 1993) ("Willful infringement carries a connotation of deliberate intent to deceive.  Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard.") (citation omitted).

Claims for Relief:  Claim 2

PTCO Cite: § 7(a)

**Disputed Instruction No. 28**

**Re Damages —Plaintiff's Actual Damages**

**Proposed by Plaintiff**

It was determined in a prior proceeding that plaintiff has proven Defendants' infringement of the BAYC Marks and is entitled to monetary damages, and you must accept that determination as true. You must determine the plaintiff's actual damages from defendants' trademark infringement.

Separately, iIf you find for the plaintiff on the plaintiff's false advertising [infringement] [unfair competition] claim [and find that the defendant had statutory notice or actual notice of the plaintiff's registered trademark], you must determine the plaintiff's actual damages from Defendants' false advertising.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any [injury] [and] [or] [property damage] you find was caused by the defendants' defendant's infringement of the plaintiff's registered trademarks and/or Defendants' false advertising.

You should consider the following:

1.    [The [injury to] [loss of] the plaintiff's reputation][;]

2.    [The [injury to] [loss of] plaintiff's goodwill, including injury to the plaintiff's general business reputation][;]

3.    [The expense of preventing customers from being deceived][;]

4.    [The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement and/or false advertising][;] [and]

5.    The cost to Yuga Labs to purchase RR/BAYC NFTs on the secondary market [*Insert any other factors that bear on plaintiff's actual damages*].

When considering prospective costs (e.g., cost of future advertising, expense

of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's marks at the time of the infringement and/or false advertising by the defendants.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.27 (modified); Dkt. 225 at 13 ("The Court concludes that Yuga is entitled to monetary damages and injunctive relief."); *Bellagio Jewelry, Inc. v. Croton Watch Co.*, No. CV 06-6672ODWRZX, 2008 WL 3905895, at *11 (C.D. Cal. Aug. 20, 2008) ("Defendant argues that, in order to avoid double recovery, Plaintiffs must elect only one of the three forms of recover under § 1117(a).  The Court feels the language of the statute speaks for itself, however.  Plaintiffs can recover Defendant's profits, any damages sustained, *and* the costs of the action.") (emphasis in original).

Claims for Relief:  Claims 1 and 2

PTCO Cite: § 7(a)

**Disputed Instruction No. 28**

**Re Damages —Plaintiff's Actual Damages**

**Proposed by Defendants**

*[Defendants' position is that this instruction should not be given. If the Court gives an instruction on actual damages, Defendants propose the following instruction in the alternative:]*

It was determined in a prior proceeding that Defendants infringed the BAYC Marks and that Yuga Labs is entitled to monetary damages for trademark infringement, and you must accept that determination as true. You must determine the amount of Yuga Labs's damages for trademark infringement.

Separately, i~~I~~f you find for the plaintiff on the plaintiff's false advertising ~~[infringement] [unfair competition]~~ claim ~~[and find that the defendant had statutory notice or actual notice of the plaintiff's registered trademark]~~, you must determine the plaintiff's actual damages you find was caused by the defendants' false advertising.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any [injury] ~~[and] [or] [property damage]~~ you find was caused by the defendants' ~~defendant's~~ infringement of the plaintiff's ~~registered~~ trademark and/or defendants' false advertising.

You should consider the following:

1. [The [injury to] ~~[loss of]~~ the plaintiff's reputation]~~[;]~~

2. [The [injury to] ~~[loss of]~~ plaintiff's goodwill, including injury to the plaintiff's general business reputation]~~[;]~~

3. [The lost profits that the plaintiff would have earned but for the defendants' ~~defendant's~~ infringement. Profit is determined by deducting all expenses from gross revenue]~~[;]~~

4. [The expense of preventing customers from being deceived]~~[;]~~ and

5.     [The cost of future corrective advertising reasonably required to
correct any public confusion caused by the infringement][;] [and].

When calculating plaintiff's actual damages, you may not include any loss
caused by other market factors and not as a result of defendants' infringement or false
advertising.

When considering prospective costs (e.g., cost of future advertising, expense
of preventing customers from being deceived), you must not overcompensate.
Accordingly, your award of such future costs should not exceed the actual damage to
the value of the plaintiff's marks at the time of the infringement by the defendants.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.27 (modified);
*TriPharma, LLC v. First Fruits Business Ministry*, SACV 12-404 JVS (ANx), 2013
WL 12129386, at *4 n.10 (C.D. Cal. Apr. 2, 2013) ("Notwithstanding the statutory
language that appears to allow both 'defendant's profits' and plaintiff's actual
'damages' to be recovered, it is clear that both may not be recovered in the same
action. . . .  Likely recognizing this, TriPharma seeks either 'Defendants' profits *or*
actual damages' in specified ranges." (citations omitted)); *Nintendo of Am., Inc. v.
Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("[R]ecovery of both plaintiff's
lost profits and disgorgement of defendant's profits is generally considered a double
recovery under the Lanham Act."); Comment to Ninth Circuit Manual of Model Civil
Jury Instructions, No. 15.27 ("Defendant may argue that plaintiff's loss in sales may
be caused by other market factors and not as a result of defendant's infringement.  If
defendant makes such an argument, an appropriate instruction should be drafted.").
Claims for Relief:  Claims 1 and 2
PTCO Cite: § 7(a)

**Disputed Instruction No. 29**

**Re Loss of Goodwill**

**Proposed by Plaintiff**

In determining general compensatory damages, you may consider whether plaintiff suffered any measurable loss to its goodwill.  The goodwill of a business is an intangible business value reflecting the basic human tendency to do business with a merchant who offers products of the type and quality the customer desires and expects.  Service to the customer and a willingness to stand behind a warranty and other representations about the quality of the products sold by a merchant are all factors in the goodwill of that business.

The goodwill attached to a particular product or a business may be symbolized in whole or in part by the consuming public's acceptance and recognition of the business.  The goodwill attached to a product is a part of the overall business value that is the goodwill of the that business.  It is possible, therefore, that the general goodwill of a business may be damaged by the loss of goodwill to a particular product.  Whether this has occurred is a question of fact for you to determine.

If you find plaintiff's goodwill has been damaged either by damage to the goodwill associated with a particular product or injury to its general business reputation, you may assess such compensatory damages as you may find shown by the evidence.  The measure of plaintiff's damage is the difference between such goodwill before and after the acts of the defendant.


Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 129:32 (6th ed.)

Claims for Relief:  Claims 1 and 2

PTCO Cite: § 7(a)

**DEFENDANTS' POSITION IS THAT THIS INSTRUCTION SHOULD NOT BE GIVEN AND DO NOT PROPOSE A COMPETING INSTRUCTION**

**Disputed Instruction No. 30**

**Re Damages—Defendants' Profits**

**Proposed by Plaintiff**

It was determined in a prior proceeding that plaintiff has proven Defendants' intentional infringement of the BAYC Marks, and you must accept that determination as true.  You must determine defendants' profits from their infringement of Yuga Labs' marks.

Separately, if you find for plaintiff on plaintiff's false advertising claim, you must determine defendants' profits from their false advertising.

In addition to actual damages, the plaintiff is entitled to any profits earned by the defendants that are attributable to the infringement and/or false advertising, which the plaintiff proves by a preponderance of the evidence.  You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of defendants' ~~defendant's~~ receipts from using the trademarks and/or false advertising in the sale of their ~~a [product]~~.  The plaintiff has the burden of proving the defendants' ~~a defendant's~~ gross revenue by a preponderance of the evidence.

Expenses are all ~~[operating] [~~overhead~~]~~ and production costs incurred in producing the gross revenue.  The defendants have ~~has~~ the burden of proving the expenses ~~[~~and the portion of the profit attributable to factors other than use of the infringed trademarks~~]~~ and/or false advertising by a preponderance of the evidence.

Unless you find that a portion of the profit from the sales of the RR/BAYC NFTs ~~[specify goods]~~ using the trademarks and/or false advertising is attributable to factors other than use of the trademarks and/or false advertising, you should find that the total profit is attributable to the infringement and/or false advertising.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.29 (modified); Dkt. 225; *Bellagio Jewelry, Inc. v. Croton Watch Co.*, No. CV 06-6672ODWRZX, 2008 WL 3905895, at *11 (C.D. Cal. Aug. 20, 2008) ("Defendant argues that, in order to avoid double recovery, Plaintiffs must elect only one of the three forms of recover under § 1117(a). The Court feels the language of the statute speaks for itself, however.  Plaintiffs can recover Defendant's profits, any damages sustained, *and* the costs of the action.  *See* 15 U.S.C. § 1117(a).") (emphasis in original).

Claims for Relief:  Claims 1 and 2

PTCO Cite: § 7(a)

**Disputed Instruction No. 30**

**Re Damages—Defendants' Profits**

**Proposed by Defendants**

It was determined in a prior proceeding that Defendants infringed the BAYC Marks and that Yuga Labs is entitled to monetary damages for trademark infringement, and you must accept that determination as true.  You must determine the amount of Yuga Labs's damages for trademark infringement.

~~In addition to actual damages, t~~The plaintiff may be ~~is~~ entitled to any profits earned by the defendant that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence.  ~~You may not, however, include in any award of profits any amount that you took into account in determining actual damages.~~

Separately, if you find for plaintiff on plaintiff's false advertising claim, the plaintiff may be entitled to any profits earned by the defendant that are attributable to the false advertising, which the plaintiff proves by a preponderance of the evidence.

A trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of defendant's receipts from using the trademark in the sale of a [product].  The plaintiff has the burden of proving a defendant's gross revenue by a preponderance of the evidence.

Expenses are all [operating], [overhead], and production costs incurred in producing the gross revenue.  The defendant has the burden of proving the expenses [and the portion of the profit attributable to factors other than use of the infringed trademark] by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the RR/BAYC Project NFTs [specify goods] using the trademark is attributable to factors other than

use of the trademark, you should find that the total profit is attributable to the infringement.

Source: Ninth Circuit Model Jury Instruction 15.29 (modified as shown). The justification for the modification is that plaintiff is seeking defendants' profits and is not entitled to double recovery. *See Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("Recovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."); *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1494, 1497 (2020) ("Without question, a defendant's state of mind may have a bearing on what relief a plaintiff should receive. An innocent trademark violator often stands in very different shoes than an intentional one. . . . Given these traditional principles, we do not doubt that a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate.").

Claims for Relief: Claims 1 and 2

PTCO Cite: § 7(a)

**Stipulated Instruction No. 31**

**Re Anti-Cybersquatting Damages—Statutory Damages**

It was determined in a prior proceeding that Defendants' registration and use of the domain names https://rrbayc.com/ and https://apemarket.com/ constituted cybersquatting under the Anti-Cybersquatting Consumer Protection Act, and you must accept that determination as true.

Yuga Labs has elected statutory damages for these violations.  You must award statutory damages to Yuga Labs in the amount of not less than $1,000 and not more than $100,000 for each of the two violations.

Source: 15 U.S.C. § 1117(d) ("In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just."); Dkt. 225 at 14 ("In this case, it is undisputed that Defendants registered, used, and continue to use the domain names https://rrbayc.com/ and https://apemarket.com/.").

Claims for Relief:  Claim 3

PTCO Cite: § 7(a)

Dated:  May 25, 2023                    FENWICK & WEST LLP


By:  _/s/ Eric Ball_
         Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

1  Dated:  May 25, 2023          WILMER CUTLER PICKERING HALE & DORR LLP

2

3

4              By:  _/s/ Louis W. Tompros_
                   Louis W. Tompros
5              Attorneys for Defendants
               RYDER RIPPS and JEREMY CAHEN

6

7

8          **ATTESTATION OF CONCURRENCE IN FILING**

9          Pursuant to the United States District Court for the Central District of

10  California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing

11  of this document has been obtained from Louis W. Tompros.

12

13                   _/s/ Eric Ball_
                     Eric Ball

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28