ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

YUGA LABS, INC.,

Plaintiff,

v.

RYDER RIPPS, JEREMY CAHEN,

Defendants.

Case No.: 2:22-cv-04355-JFW-JEM

**DECLARATION OF KIMBERLY CULP IN SUPPORT OF YUGA LABS, INC.'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFLAMMATORY MATERIAL**

Date: June 16, 2023
Time: 8 a.m.
Courtroom: 7A
Judge: Honorable John F. Walter

Pretrial Conf. Date: June 9, 2023
Trial Date: June 27, 2023

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

I, Kimberly Culp, declare as follows:

1. I am an attorney admitted to practice in California and am an attorney with the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2. I submit this declaration in support of Yuga Labs' Motion *in limine* No. 1 to Exclude Inflammatory Material. On May 3, 2023, I sent a letter to Louis Tompros, Monica Grewal, Scott Bertulli, Tyler P. Carroll, Derek A. Gosma, and Henry Michael Nikogosyan, counsel for Defendants identifying, among other topics, the exclusion of the Inflammatory Material (defined below) as a potential topic for a motion *in limine*.

3. On May 9, 2023, lead counsel for Yuga Labs, Eric Ball, along with myself and Anthony Fares, counsel of record for Yuga Labs, met and conferred via videoconference with lead counsel for Defendants Ryder Ripps and Jeremy Cahen, Louis Tompros, who was accompanied by Derek Gosma, Henry Nikogosyan, and Ambroise Decilap about the subject of my May 3, 2023 letter, among other issues. During their meet and confer, lead counsel discussed the substance of this motion and confirmed that a dispute exists. Specifically, lead counsel for Defendants confirmed that Defendants intend to put forward evidence and argument that Defendants honestly believed, among other things, that Yuga Labs' Bored Ape images are neo-Nazi and racist iconography, and were intended to be such, and that Yuga Labs has engaged in fraud and/or violations of law (up to and including criminal activity) or has been accused of such conduct in other litigation at least as to securities and endorsements issues. Counsel for Defendants did agree that Defendants would not attempt to offer evidence or argument that Yuga Labs or its founders are or support pedophilia, disparage the health of Wylie Aronow (subject to the parties reaching an agreement on a prepared statement for the Court to read to the

jury about Mr. Aronow's health should his health preclude his in-person testimony), or make any attacks on Yuga Labs' counsel.

4. Therefore, through this motion *in limine* Yuga Labs seeks the exclusion of any evidence or argument relating to false accusations that Yuga Labs is connected with, endorses, or spreads hidden messages about white supremacy or neo-Nazism, that it or its founders have committed any fraud and/or violations of law at least as to securities and endorsements issues, or that it or its founders are "criminals" (collectively, "Inflammatory Material"). Yuga Labs moves to exclude this evidence because it is inadmissible under Fed. R. Evid. 401, 402, 403, 404 and because Defendants are estopped from introducing evidence of their intent in creating the RR/BAYC NFT collection because they have successfully argued in this litigation that their communications before that date are not relevant to this litigation; for Defendants to reverse course at trial and rely on such arguments as a factor in their defense would constitute an undue advantage to Defendants and an unfair detriment to Yuga Labs. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (a party is estopped from asserting an inconsistent position if that party "succeeded in persuading a court to accept that party's earlier position" and "would derive an unfair advantage or impose an unfair detriment on the opposing party.").

5. Yuga Labs would be unfairly prejudiced by the introduction of, or attempt to introduce through questioning, evidence or argument relating to the Inflammatory Materials because the Inflammatory Materials would bias the jury against Yuga Labs by allowing them to draw improper inferences about the character of Yuga Labs. Specifically, the Inflammatory Materials have the power to inflame the jury into a verdict against Yuga Labs purely because of animus. Additionally, the introduction of the Inflammatory Materials is likely to confuse the issues in this case because the falsity of these materials is not in dispute during trial (this is not a defamation case) and because Defendants' supposed state of mind does not relate to any issue the jury will be asked to consider. Moreover, if the Court permits the jury

to hear the Inflammatory Materials, Yuga Labs will be required to prove the falsity of these issues. Yuga Labs would likewise be unfairly prejudiced by the introduction of the Inflammatory Materials because Defendants successfully argued to Judge McDermott that their pre-May 14, 2022 communications with each other were not relevant, and much of the supposed intent that Defendants formed pre-dates May 14, 2022 (i.e., the date of creation of the RR/BAYC NFT collection), and therefore, Yuga Labs was denied discovery into evidence that would help rebut or disprove Defendants' supposed state of mind.

6. Given the volume of exhibits Defendants intend to introduce on this topic, Yuga Labs will identify Defendants' exhibits subject to this motion *in limine* by lodging with the Court a USB drive, consistent with the Notice of Lodging filed with the Court today, that includes on it true and correct copies of the Defendants' proposed trial exhibits that are the subject of Yuga Labs' five motions in *limine*. Included therein, and referenced as **Exhibit 1** to this motion *in limine* in Yuga Labs' memorandum in support of its motion *in limine*, is a folder entitled "MIL 1 (Exhibit 1) Defendants' Exhibits to Exclude."

7. Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' witness summaries from May 3, 2023.

8. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from Wylie Aronow's deposition transcript.

9. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from Gregory Solano's deposition transcript.

10. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from Nicole Muniz's deposition transcript.

11. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from Defendant Jeremy Cahen's deposition transcript.

12. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from Defendant Ryder Ripps' deposition transcript.

13. Attached hereto as **Exhibit 8** is a true and correct copy of the Minutes of Order re Motions in *Limine* in *MGA Ent. v. Harris*, No. 2:20-cv-11548 (C.D. Cal. Jan. 13, 2023) (Dkt. 502).

14. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiff and Counter-Defendants' Memorandum in Support of Oral Motion for Mistrial in *MGA Ent. v. Harris*, No. 2:20-cv-11548 (C.D. Cal. Jan. 25, 2023) (Dkt. 565).

15. Attached hereto as **Exhibit 10** is a true and correct copy of the Minutes of Order Granting Plaintiff and Counter-Defendants' Motion for Mistrial in *MGA Ent. v. Harris*, No. 2:20-cv-11548 (C.D. Cal. Jan. 25, 2023) (Dkt. 569).

I declare under penalty of perjury under the laws of the State of California and of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed in California on May 25, 2023.

*/s/ Kimberly Culp*
Kimberly Culp