ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| Plaintiff, | **JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS** |
| v. | |
| RYDER RIPPS, JEREMY CAHEN, | Judge:  Hon. John F. Walter |
| Defendants. | Pre-Trial Conference Date:  June 9, 2023 |
| | Trial Date:  June 27, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

# TABLE OF CONTENTS

**Page**

ARGUMENT ..................................................................................................... 1

    A.    Plaintiff's Position ..................................................................... 1

           1.    Defendants' Proposed Verdict Form Poses Improper Questions ..................................................................... 1

           2.    Defendants' Proposed Verdict Form Will Confuse the Jury ..................................................................................... 1

           3.    Defendants' Proposed Verdict Form Misstates the Law ........... 2

           4.    Defendants' Proposed Verdict Form is Contrary to the Undisputed Facts ..................................................................... 2

    B.    Defendants' Position ..................................................................... 2

PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM ..................................... 5

DEFENDANTS' PROPOSED SPECIAL VERDICT FORM ................................. 6

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps, Jeremy Cahen (collectively the "Parties"), by and through their respective counsel, respectfully submit this Joint Memorandum Regarding the Parties' Proposed Verdict Forms, pursuant to Section 6 of the Court's Scheduling and Case Management Order (Dkt. 57).

## ARGUMENT

### A.    Plaintiff's Position

#### 1.    Defendants' Proposed Verdict Form Poses Improper Questions

Yuga Labs has not sought and does not seek a jury finding on whether Defendants' Lanham Act violations were willful.  Defendants have no right to force Yuga Labs to try a willfulness case.  *See*, *e.g.*, *Feemster v. Dehntjer*, 661 F.2d 87, 90 (8th Cir. 1981) ("The plaintiff is master of his claim. He may abandon a theory of liability during the trial, and if he does the jury should be clearly instructed only on those issues that it will consider.").  Yuga Labs' position on this issue is laid out in the concurrently filed joint memorandum on disputed jury instructions.  Therefore, the jury should not be asked any questions about willful trademark infringement or willful false advertising.

#### 2.    Defendants' Proposed Verdict Form Will Confuse the Jury

Defendants' proposed verdict form interlineates questions about Yuga Labs' first and second claims in a manner that is confusing.  If the jury will be asked a question on willfulness, they should first be asked whether Yuga Labs proved that Defendants' trademark infringement was willful (claim 1), then whether Yuga Labs proved its second claim for false advertising (claim 2), and then whether Yuga Labs proved that claim was willful (claim 2).  The confusion in Defendants' verdict form is exemplified by the need to have an instruction on when to answer Question 2.  Defendants' proposed verdict form is even more confusing because it does not tell the jury when to move on to Question 3.  If the Court instructs on willfulness over

Yuga Labs' objection, Yuga Labs' proposed ordering would sequence the issues in a logical manner that is clear and easy to follow.

### 3.  Defendants' Proposed Verdict Form Misstates the Law

Yuga Labs is entitled to have the jury answer a question on Yuga Labs' damages *and* a question on Defendants' profits. 15 U.S.C. § 1117(a).  Yuga Labs' position on this issue is laid out in the concurrently filed joint memorandum on disputed jury instructions.  Defendants erroneously omit a question about the amount of their profits (although they have confusingly objected to an instruction on damages and instead ask the Court to instruct the jury on their profits only).

### 4.  Defendants' Proposed Verdict Form is Contrary to the Undisputed Facts

Yuga Labs should be identified in the verdict form as "Yuga Labs," not "Yuga."

## B.  Defendants' Position

Defendants' proposed verdict form differs from Plaintiff's proposal in three material respects: (1) Defendants' form includes a question addressing the disputed issue of willful infringement; (2) Defendants' form makes clear that the jury may not award a double-recovery and must award either Yuga's actual damages, or defendants' profits, but not both; and (3) Plaintiff's form fails to list the low end of the statutory damages range and provides only the high end.

As to willfulness: Plaintiff has represented multiple times, including in its motion for summary judgment and as recently as its motions *in limine*, that it will seek enhanced damages and fees from Defendants on the basis of a claim of willful and intentional infringement. *See, e.g.*, Dkt. 149, at 13 (Plaintiff arguing that "this is an exceptional case *of intentional infringement*" (emphasis added)); *see also* ECF 225 at 13 ("[T]he Court denies Yuga's Motion as to whether this is an exceptional case entitling Yuga to enhanced damages and attorneys' fees because Yuga has reserved the issue of damages for trial.").

The Lanham Act makes clear that an exceptional case finding depends in part on whether Defendants conduct was willful and intentional (*see* 15 U.S.C. §1117(b)(1)-(2)), and there is no dispute that willfulness is a factual question within the province of the jury.  *See Stone Brewing Co LLC v. MillerCoors LLC, Slip Op., Case No. 3:18-cv-00331-BEN-MDD (July 29, 2022)* (declining to enhance damages under Lanham Act based in part on defendant's subjective belief that it did not infringe); *Grasshopper House LLC v. Clean and Sober Media, LLC,* 2021 WL 3702243 at *3 (9th Cir. 2021)* ("On remand, the district court should consider Defendants' mental state — whatever that may be — when determining what award of profits is appropriate.").  In fact, in an earlier iteration of its jury instructions, Plaintiff proposed the exact willfulness instruction that Defendants offer above.  *See* Plaintiff's Proposed Jury Instruction No. 32 (Apr. 14, 2023).  Accordingly, because Plaintiffs intend to seek enhanced damages and fees under the Lanham Act, Defendants are entitled to a jury finding on the question of willfulness to inform the Court's eventual ruling on the question of enhanced damages.

Apparently recognizing that proving willfulness to the jury will be exceedingly difficult given the facts of this case, Plaintiff now states that it is "*not seeking a jury determination of willfulness*" and that "*Defendant does not have the right to force Plaintiff to put on a willfulness case.*"  But that characterization turns the issue on its head.  The question is not whether Defendants can *"force"* Plaintiff to try willfulness, but rather whether Plaintiff can, without consequence, avoid presenting to the jury the factual question of willfulness that is the basis for its claim of enhanced damages.  But it is well-settled that where a party chooses not to present a claim or defense at trial, the unpursued claim is "eliminated from the action".  *So. Cal. Retail Clerks Union & Food Employers Join Pension Trust Fund v. Bjorklund,* 728 F.2d 1262, 1262 (9th Cir. 1984)* (applying rule to claims not preserved in pretrial order); *Asfall v. LAUSD,* No. 18-CV-00505-CBM, 2020 WL 2951920 at *2 (C.D. Cal. Feb. 11, 2020)* (same).  Accordingly, if Plaintiff no longer intends to argue to the jury that

Defendants' conduct was willful, then the issue of willfulness is no longer part of the case and it is established as true for purposes of any exceptional case analysis that Defendants' conduct was not willful or intentional.  Plaintiff should not be allowed to have their proverbial cake (avoid trying the issue of willfulness to the jury) and eat it too (seek enhanced damages for a purportedly "exceptional case of intentional infringement").

As to Plaintiff's questions on damages: they would, in the words of the Ninth Circuit allow "a double recovery under the Lanham Act."  *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994).  Instead, Plaintiff must elect which form of damages it wishes to pursue at trial.  *See TriPharma, LLC v. First Fruits Business Ministry*, SACV 12-4-4 JVS (ANx), 2013 WL 12129386, at *4 n.10 (C.D. Cal. Apr. 2, 2013) ("Notwithstanding the statutory language that appears to allow both 'defendant's profits' and plaintiff's actual 'damages' to be recovered, it is clear that both may not be recovered in the same action … Likely recognizing this, TriPharma seeks either 'Defendants' profits or actual damages' in specified ranges." (emphasis in original)).  Whichever measure of damages Plaintiff selects, the jury should be asked to decide only those damages and not any others.

Finally, Yuga's proposed question 4 misleadingly only lists the maximum possible statutory damages ($200,000) without mentioning the minimum ($2,000).  Listing only the maximum amount of damages will misleadingly skew the damages horizon toward the maximum amount.  Moreover, by failing to mention the minimum amount of damages, Yuga's proposed question could lead the jury to erroneously award less than the statutory minimum amount of damages.  Defendants' question 5, which provides the both endpoints of the range of permissible damages, is therefore more appropriate.

# PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM

## Verdict Form

*Please answer each question.*

1. Has Yuga Labs proven its claim for false advertising by a preponderance of the evidence?

    _____ Yes        _____ No

2. On the line below, write out the dollar amount of Defendants' profits from sales of RR/BAYC NFTs that you award to Yuga Labs.

    $_____

3. On the line below, write out the dollar amount of Yuga Labs' actual damages that you award to Yuga Labs.

    $_____

4. On the line below, write the dollar amount of statutory damages you award to Yuga Labs (not to exceed $200,000).

    $_____

_____        _____
Date                                                                    Jury Foreperson

## DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

### Verdict Form

1. Has Yuga proven its claim for false advertising by a preponderance of the evidence?

   a. _____ YES (for Yuga)              b. _____ NO (for Defendants)

2. If you answered "YES" to Question 1, has Yuga proven by a preponderance of the evidence that Defendants' false advertising was willful?

   a. _____ YES (for Yuga)              b. _____ NO (for Defendants)

3. Has Yuga proven by a preponderance of the evidence that Defendants' trademark infringement was willful?

   a. _____ YES (for Yuga)              b. _____ NO (for Defendants)

4. What amount of damages should Defendants be required to pay Yuga for trademark infringement and false advertising?

   $_____

5. What amount of statutory cybersquatting damages, between $2,000 and $200,000, should Defendants be required to pay Yuga?

   $_____

_____          _____
Date                                                            Jury Foreperson

1    Dated:  May 25, 2023                    FENWICK & WEST LLP

2

3                                            By:  _/s/ Eric Ball_____
                                                  Eric Ball
4                                            Attorneys for Plaintiff
                                             YUGA LABS, INC.
5

6

7    Dated:  May 25, 2023                    WILMER CUTLER PICKERING HALE &
                                             DORR LLP
8

9                                            By:  _/s/ Louis W. Tompros_____
                                                  Louis W. Tompros
10                                           Attorneys for Defendants
                                             RYDER RIPPS and JEREMY CAHEN
11

12

13

14                **ATTESTATION OF CONCURRENCE IN FILING**

15        Pursuant to the United States District Court for the Central District of

16   California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing

17   of this document has been obtained from Louis W. Tompros.

18

19                                           _/s/ Eric Ball_____
                                                  Eric Ball
20

21

22

23

24

25

26

27

28