# Exhibit 9

Exhibit 9
Pg. 63

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
Tyler.Carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
Derek.Gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>  v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>  Defendants and Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>Judge: Hon. John F. Walter<br>Pre-Trial Conference: June 9, 2023<br>MIL Hearing Date: June 16, 2023<br>Trial Date: June 27, 2023 |

1

MR. RIPPS AND MR. CAHEN'S OBJECTIONS TO YUGA'S PROPOSED JURY
INSTRUCTIONS

Exhibit 9
Pg. 64

**PROPOSED INSTRUCTION NO. 32:**

**TRADEMARK INFRINGEMENT— DELIBERATE OR WILLFUL**

If you decide that Defendants infringed upon a Yuga Labs trademark, then you must consider whether Defendants acted willfully or deliberately. Willful infringement implies a deliberate intent to deceive consumers and can be inferred from deliberate, false, misleading, or fraudulent conduct.

Defendants' conduct may be considered deliberate and/or willful if:

1.     There is a connection between Defendants' awareness of Yuga Labs and Defendants' infringement of a Yuga Labs trademark.

2.     The Defendants were attempting to gain the value of an established mark belonging to Yuga Labs.

3.     The Defendants willfully blinded themselves to facts that would put them on notice that they were using a Yuga Labs trademark;

4.     The Defendants knew or should have known that Yuga Labs was already using the trademark; or

5.     The Defendants acted with intent to deceive purchasers or potential purchasers and influence their purchasing decisions.

Source: 15 U.S.C. § 1117(a); *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("[A] trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate."); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015), cert. denied, 136 S. Ct. 410, 193 L. Ed. 2d 317 (2015) (willfulness requires "a connection between a defendant's awareness of its competitors and its actions at those competitors' expense'" and willfulness is found "where the defendant is 'attempting to gain the value of an established name of another.'"); *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, No. EDCV1401926JAKSPX, 2016 WL 6948339, at *18 (C.D.

Cal. Mar. 31, 2016); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007)

Claims for Relief:

PTCO Cite: §

**OBJECTIONS TO INSTRUCTION 32:**

Defendants object to this instruction because it unnecessarily and confusingly deviates from the Ninth Circuit Manual of Model Jury Instructions. The Ninth Circuit Manual of Model Civil Jury Instructions do not provide an instruction for willfulness because the Supreme Court has equivocally held that willfulness is not necessary for determining infringement or damages in trademark matters. *Romag Fasteners, Inc. v. Fossil Group, Inc. f/k/a Fossil, Inc.*, 140 S.Ct. 1492, 1495 (2020) ("the statutory language has *never* required a showing of willfulness to win a defendant's profits."). Notably, the Ninth Circuit and district court cases that Plaintiff cites in support of this instruction hold that a showing of willfulness is necessary for an award of lost profits. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015), cert. denied, 136 S. Ct. 410, 193 L. Ed. 2d 317 (2015); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007). These cases are, however, inconsistent with and rejected by later Supreme Court authority in *Romag Fasteners*. *Romag Fasteners*, 140 S.Ct. at 1495 (2020).

Moreover, the Lanham Act requires willfulness for unfair competition and false advertising claims only when determining whether to increase the cap for statutory damages. *Id*; 17 U.S.C. § 1117(c). Here, Plaintiff does not seek statutory damages for its unfair competition and false advertising claims, and thus an instruction for willfulness is irrelevant.

'defendant's profits' and plaintiff's actual 'damages' to be recovered, it is clear that both may not be recovered in the same action … Likely recognizing this, TriPharma seeks either 'Defendants' profits or actual damages' in specified ranges." (emphasis in original)); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("[R]ecovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."). Defendants further object to this instruction because Plaintiff is improperly seeking double recovery by seeking statutory damages based on the same underlying conduct. 15 U.S.C. § 1117(a) (providing that recovery under the Lanham Act is "subject to the principles of equity"); *Media Lab, Inc. v. Collis*, No. C08–04732 HRL, 2010 WL 3893582, at *6 (N.D. Cal. Sept. 30, 2010) (denying plaintiff's request for actual damages in addition to statutory damages for cyberpiracy where the claims were based on the same underlying conduct); *Rolex Watch U.S.A., Inc. v. Zeotech Diamonds, Inc.*, No. CV 02-01089 GAF (VBKx), 2003 WL 23705746, *4 (C.D. Cal. Mar. 7, 2003) (in awarding statutory damages courts a court should "consider the defendant's profits, as well as saved expenses, the plaintiff's lost revenues, and the defendant's state of mind.").

Dated: April 21, 2023         By: */s/ Louis W. Tompros*

          Louis W. Tompros (*pro hac vice*)
          louis.tompros@wilmerhale.com
          Monica Grewal (*pro hac vice*)
          monica.grewal@wilmerhale.com
          Scott W. Bertulli (*pro hac vice*)
          scott.bertulli@wilmerhale.com
          Tyler Carroll (*pro hac vice*)
          tyler.carroll@wilmerhale.com
          **WILMER CUTLER PICKERING**
            **HALE AND DORR LLP**
          60 State Street

Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
Derek.Gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail on April 21, 2023, on counsel of record for Yuga Labs, Inc. I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 21, 2023          /s/ Louis W. Tompros

                 Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000