# Exhibit 10

**Exhibit 10**
**Pg. 70**

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants Ryder Ripps and Jeremy Cahen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Judge: Hon. John F. Walter<br><br>Pre-Trial Conference Date: June 9, 2023<br><br>Trial Date: June 27, 2023 |

## Disputed Instruction No. 32
## Re Trademark infringement—Deliberate or Willful
## Proposed by Defendants

It has previously been determined that Defendants infringed the BAYC Marks. You must determine whether Defendants acted willfully or deliberately.

Separately, if you find for the Plaintiff on the Plaintiff's false advertising claim, you must determine whether defendants acted willfully or deliberately.

To prove willfulness, Plaintiff must show (1) that Defendants were actually aware of the infringing activity, or (2) that Defendants' actions were the result of willful blindness. Willful blindness means that Defendants knew they might be selling infringing goods but nevertheless intentionally shielded themselves from discovering the truth.

Source: Jury Instruction in *Romag Fasteners, Inc v. Fossil, Inc.*, No. 3:10-cv-1827 (D. Conn. 2014), *subsequent history at* 206 L. Ed. 2d 672, 140 S. Ct. 1492, 1494, 1497 (2020) ("Without question, a defendant's state of mind may have a bearing on what relief a plaintiff should receive."); Plaintiff's original proposed jury instruction 32 (Apr. 14, 2023); ECF 225 at 13 ("[T]he Court denies Yuga's Motion as to whether this is an exceptional case entitling Yuga to enhanced damages and attorneys' fees because Yuga has reserved the issue of damages for trial.").

Claims for Relief:

PTCO Cite: §

**NO COMPETING INSTRUCTION PROPOSED BY PLAINTIFF**

| | |
|---|---|
| Dated: May 8, 2023 | FENWICK & WEST LLP |
| | By: /s/ Eric Ball |
| | Eric Ball |
| | Attorneys for Plaintiff |
| | YUGA LABS, INC. |
| Dated: May 15, 2023 | WILMER CUTLER PICKERING HALE & DORR LLP |
| | By: /s/ Louis W. Tompros |
| | Louis Tompros |
| | Attorneys for Defendants |
| | RYDER RIPPS and JEREMY CAHEN |