1   ERIC BALL (CSB No. 241327)           Louis W. Tompros (*pro hac vice*)
    eball@fenwick.com                    louis.tompros@wilmerhale.com
2   KIMBERLY CULP (CSB No. 238839)       Monica Grewal (*pro hac vice*)
    kculp@fenwick.com                    monica.grewal@wilmerhale.com
3   FENWICK & WEST LLP                   Scott W. Bertulli (*pro hac vice*)
    801 California Street                scott.bertulli@wilmerhale.com
4   Mountain View, CA  94041             Tyler Carroll (*pro hac vice*)
    Telephone:   650.988.8500            tyler.carroll@wilmerhale.com
5   Facsimile:    650.938.5200           **WILMER CUTLER PICKERING**
                                           **HALE AND DORR LLP**
6   ANTHONY M. FARES (CSB No. 318065)    60 State Street
7   afares@fenwick.com                   Boston, MA 02109
    ETHAN M. THOMAS (CSB No. 338062)     Telephone: (617) 526-6000
8   ethomas@fenwick.com                  Fax: (617) 526-5000
    FENWICK & WEST LLP
9   555 California Street, 12th Floor    Derek Gosma (SBN 274515)
    San Francisco, CA  94104             derek.gosma@wilmerhale.com
10  Telephone:   415.875.2300            Henry Nikogosyan (SBN 326277)
                                         henry.nikogosyan@wilmerhale.com
11  *Additional Counsel listed on next page*   **WILMER CUTLER PICKERING**
                                           **HALE AND DORR LLP**
12  Attorneys for Plaintiff              350 South Grand Ave., Suite 2400
13  YUGA LABS, INC.                      Los Angeles, CA 90071
                                         Telephone: (213) 443-5300
14                                       Fax: (213) 443-5400

15                                       Attorneys for Defendants
                                         RYDER RIPPS and JEREMY CAHEN
16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19              WESTERN DIVISION – LOS ANGELES

20

21   YUGA LABS, INC.,                    Case No.: 2:22-cv-04355-JFW-JEM

22              Plaintiff,               **JOINT STATUS REPORT**
                                         **REGARDING SETTLEMENT**
23       v.
                                         Judge: Hon. John F. Walter
24   RYDER RIPPS, JEREMY CAHEN,
                                         Pretrial Conference Date:  June 9, 2023
25              Defendants.
                                         Trial Date:  June 27, 2023
26

27

28

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
DAVID Y. SILLERS (*admitted pro hac ice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

The parties have thoroughly discussed the possibility of settlement but have not yet found a mutually acceptable resolution.  On January 19, 2023, the parties conducted an all-day, in-person mediation session with the Honorable Suzanne H. Segal (Ret.) ((866) 208-5359).  The parties explored a range of potential resolutions but were unable to agree on a settlement.

Since the mediation, counsel for the parties have had additional settlement discussions, including further written communications through the mediator and during the April 28, 2023 L.R. 16-2 conference.  Those discussions continue; however, the gap between the parties' settlement positions is still substantial.

Plaintiff's position is that it is negotiating in good faith to resolve this dispute prior to trial, and has, during the course of negotiations, put forth reasonable conditions for settlement, especially considering the Court's Order finding that Yuga Labs is entitled to summary judgment on its trademark infringement and cybersquatting claims; denying Defendants' first amendment, fair use, and unclean hands affirmative defenses; and dismissing Defendants' only remaining counterclaim.  *See* Dkt. 225.  However, Defendants' settlement position has not significantly changed following the Court's Summary Judgment Order.  Any settlement must take into account the Court's Summary Judgment Order and end the ongoing harm to Yuga Labs and consumers.  Plaintiff disagrees with Defendants' description of the parties' settlement negotiations.

Defendants' position is that they have been negotiating in good faith to resolve this dispute prior to trial, and have, during the course of negotiations, put forth reasonable conditions for settlement, taking into account all proceedings between the parties.  During the course of the mediation, Defendants made multiple different settlement offers using multiple different frameworks, but the parties were unable to reach agreement.  Contrary to Plaintiff's characterization above, Defendants substantially modified their final mediation settlement offer in a way favorable to Plaintiffs following entry of the Court's Summary Judgment Order.  By contrast,

1  Plaintiffs made their first complete written settlement demand to Defendants' only

2  on April 20, 2023, and withdrew it shortly thereafter.  Defendants' view is that any

3  settlement must be global and must account for the currently-pending appeal of the

4  Court's denial of their anti-SLAPP motion (which is now fully briefed), the strength

5  of Defendant Cahen's challenges to Plaintiff's trademark registrations before the

6  United States Patent Trial and Appeal Board, and the strong likelihood of appeal of

7  the Court's Summary Judgment Order.  Defendants disagree with the Plaintiff's

8  description of the parties' settlement negotiations.

9

10  Dated:  May 25, 2023                    FENWICK & WEST LLP

11

12                                         By:  */s/ Eric Ball*
                                                Eric Ball
13                                         Attorneys for Plaintiff
14                                         YUGA LABS, INC.

15  Dated:  May 25, 2023                    WILMER CUTLER PICKERING HALE &
                                           DORR LLP
16

17

18                                         By:  */s/ Louis W. Tompros*
                                                Louis W. Tompros
19                                         Attorneys for Defendants
                                           RYDER RIPPS and JEREMY CAHEN
20

21                    **ATTESTATION OF CONCURRENCE IN FILING**

22          Pursuant to the United States District Court for the Central District of

23  California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing

24  of this document has been obtained from Louis W. Tompros.

25

26                                              */s/ Eric Ball*
                                                Eric Ball
27

28