ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF KIMBERLY CULP IN SUPPORT OF YUGA LABS, INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF ALLEGED THIRD-PARTY USE OF MARKS**<br><br>Date:　　　June 16, 2023<br>Time:　　　8:00 a.m.<br>Courtroom:　7A<br>Judge:　　　Honorable John F. Walter<br><br>Pretrial Conf. Date: June 9, 2023<br>Trial Date:　June 27, 2023 |

| | |
|---|---|
| 1 | MELISSA L. LAWTON (CSB No. 225452) |
| | mlawton@fenwick.com |
| 2 | FENWICK & WEST LLP |
| | 228 Santa Monica Boulevard |
| 3 | Santa Monica, CA  90401 |
| | Telephone:   310.434.4300 |
| 4 | |
| 5 | DAVID Y. SILLERS (*admitted pro hac vice*) |
| | david@clarelocke.com |
| 6 | KATHRYN HUMPHREY (*admitted pro hac vice*) |
| | kathryn@clarelocke.com |
| 7 | MEGAN L. MEIER (*admitted pro hac vice*) |
| | megan@clarelocke.com |
| 8 | CLARE LOCKE LLP |
| | 10 Prince Street |
| 9 | Alexandria, VA  22314 |
| | Telephone:   202.628.7400 |
| 10 | |
| 11 | Attorneys for Plaintiff |
| | YUGA LABS, INC. |

Fenwick & West LLP
Attorneys at Law

Decl of Kimberly Culp ISO
Motion *in Limine* No. 3

Case No. 2:22-cv-04355-JFW-JEM

I, Kimberly Culp, declare as follows:

1. I am an attorney admitted to practice in California and am an attorney with the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2. I submit this declaration in support of Yuga Labs' Motion *in limine* No. 3 to Exclude Evidence of Alleged Third-Party Use of Marks.

3. On May 3, 2023, I sent a letter to Louis Tompros, Monica Grewal, Scott Bertulli, Tyler P. Carroll, Derek A. Gosma, and Henry Michael Nikogosyan, counsel for Defendants, identifying, among other topics, the exclusion of evidence or argument regarding alleged third-party use of marks as a potential topic for a motion *in limine*.

4. On May 9, 2023, lead counsel for Yuga Labs, Eric Ball, along with myself and Anthony Fares, counsel of record for Yuga Labs, met and conferred by videoconference with lead counsel for Defendants, Louis Tompros, who was accompanied by Derek Gosma, Henry Nikogosyan, and Ambroise Decilap about the subject of my May 3, 2023 letter, among other issues. During the meet and confer, lead counsel discussed the substance of this motion *in limine* and confirmed that a dispute exists. Specifically, lead counsel for Defendants confirmed they plan to present evidence and argument regarding alleged third-party use of marks. After discussion, Yuga Labs expressed its intent to move *in limine* on this topic.

5. Therefore, through this motion *in limine*, Yuga Labs seeks the exclusion of argument or evidence relating to alleged third-party use of marks. Yuga Labs moves to exclude this evidence because it is inadmissible under Fed. R. Evid. 401, 402, 403, 602, 901, 902, 801, and 802.

6. Yuga Labs would be unfairly prejudiced by the introduction of evidence or argument regarding alleged third-party use of marks. The jury may be confused

or misled into believing that the alleged third-party use is somehow relevant to the issues at trial, and contrary to what this Court already concluded in ruling on Yuga Labs' motion for summary judgment. *See* Dkt. 225 at 6-10. Allowing Defendants to re-litigate these issues, which have already been decided by the Court, would also prejudice Yuga Labs because it would be forced to respond with counterarguments and prepare evidence as to these alleged third-party uses and Yuga Labs' enforcement actions to successfully take down hundreds of unauthorized third-party uses. This would waste the parties' and this Court's time and would improperly insinuate to the jury that such arguments have merit when they do not. Moreover, during Defendants' depositions of Yuga Labs' witnesses, these issues were repeatedly raised by asking a witness if they were familiar with a certain NFT collection. Yuga Labs' witnesses had no personal knowledge of many of these alleged third-party uses. Defendants also did not subpoena or depose any of these third parties. Yuga Labs requires an order *in limine* to preclude Defendants' counsel from even asking questions about other third-party uses because the question itself will have a tendency to confuse the issues and cast doubt on Defendants' already established trademark infringement.

7. Given the volume of exhibits Defendants intend to introduce on this topic, Yuga Labs will identify Defendants' exhibits subject to this motion *in limine* by lodging with the Court a single USB drive, consistent with the Notice of Lodging filed with the Court today, that includes on it true and correct copies of the Defendants' proposed trial exhibits that are the subject of Yuga Labs' five motions *in limine*. Included therein, and referenced as **Exhibit 1** to this motion *in limine*, is a folder entitled "MIL 3 (Exhibit 1) Defendants' Exhibits to Exclude."

8. Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' witness summaries from May 3, 2023.

I declare under penalty of perjury under the laws of the State of California and of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed in California on May 25, 2023.

                                            */s/ Kimberly Culp*
                                            Kimberly Culp