ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF KIMBERLY CULP IN SUPPORT OF YUGA LABS, INC.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE THAT THE BAYC TERMS DEVALUED THE BAYC MARKS**<br><br>Date:　　　　June 16, 2023<br>Time:　　　　8:00 a.m.<br>Courtroom:　7A<br>Judge:　　　Honorable John F. Walter<br><br>Pretrial Conf. Date: June 9, 2023<br>Trial Date:　　June 27, 2023 |

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA 90401
   Telephone: 310.434.4300
4
5  DAVID Y. SILLERS (*admitted pro hac vice*)
   david@clarelocke.com
6  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
7  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA 22314
   Telephone: 202.628.7400
10
11 Attorneys for Plaintiff
   YUGA LABS, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Kimberly Culp, declare as follows:

1.  I am an attorney admitted to practice in California and am Counsel with the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth here.

2.  I submit this declaration in support of Yuga Labs' Motion *in limine* No. 5 to Exclude Evidence that the BAYC Terms Devalued the BAYC Marks.

3.  On May 3, 2023, I caused to be sent a letter ("MIL Letter") to counsel for Defendants identifying, among other topics, the exclusion of documents underlying Defendants' Licensing Argument (defined below) as a potential topic for a motion *in limine*. Specifically, the MIL Letter sought to exclude evidence related to Defendants' naked licensing argument in light of the Court's Order on Summary Judgment (Dkt. 225) ("Order") denying this argument, "[b]ecause Yuga has not granted BAYC NFT holders a trademark license. . . ." Order at 9-10.

4.  On May 9, 2023, lead counsel for Yuga Labs, Eric Ball, along with myself and Anthony Fares, counsel of record for Yuga Labs, met and conferred via videoconference with lead counsel for Defendants Ryder Ripps and Jeremy Cahen, Louis Tompros, who was accompanied by Derek Gosma, Henry Nikogosyan, and Ambroise Decilap, about the subject of my MIL Letter, among other issues.

5.  During this meet and confer, lead counsel discussed the substance of this motion and confirmed that a dispute exists. Defendants voiced their disagreement that the Court's Order excluded naked licensing evidence, expressing their intent to introduce such evidence at trial, but under a new legal theory. Specifically, Defendants confirmed their intent to put forward evidence and argument that (a) the BAYC Terms and Conditions ("BAYC Terms") provide for commercial use of the BAYC Marks because some of the BAYC ape images include some BAYC Marks within the images; (b) Yuga Labs failed to control BAYC NFT holders' uses

of these images; and (c) the harm resulting from Defendants' infringement is outweighed or nullified because Yuga Labs' failure to control the quality of the goods and services sold using BAYC ape images devalued the BAYC Marks. Parts (a) and (b) of this argument necessarily rely on the same evidence previously relied on in Defendants' naked licensing argument, which was rejected by the Court. After discussion, Yuga Labs expressed its intent to move *in limine* on this topic.

6. Therefore, through this motion *in limine*, Yuga Labs seeks the exclusion of any evidence or argument that Yuga Labs' alleged failure to control BAYC NFT holders' use of their BAYC NFTs has devalued the BAYC Marks and reduces or nullifies the harm caused by Defendants' infringement of Yuga Labs' Trademarks ("Licensing Argument").

7. Yuga Labs moves to exclude this evidence because it is inadmissible under Fed. R. Evid. 401, 402, 403, and 602. The Court has already rejected Defendants' argument that the BAYC Terms confer trademark rights on BAYC NFT holders. *See* Order at 9 ("Under its Terms and Conditions, Yuga grants each BAYC NFT holder a copyright license for both personal use and commercial use with respect to their respective BAYC ape image, ***but not a trademark license to use the BAYC Marks.***") (emphasis added). Moreover, there is no evidence or expert testimony in the record from which a jury could conclude that Yuga Labs has been harmed by BAYC NFT holders' use of their commercial license granted through the BAYC Terms.

8. Yuga Labs would be unfairly prejudiced by the introduction of evidence or argument relating to the Licensing Argument because it would "encourage a decision on improper reasoning." *McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 258 (D. Ariz. 2022). For instance, it might imply that, contrary to this Court's rulings, Yuga Labs does not actually have any ownership rights in its BAYC Marks, that Yuga Labs had an obligation to or has not protected its marks (and by proxy, Yuga Labs should not be protected from Defendants' infringement), and/or that

BAYC NFT holders' compliance or noncompliance with the BAYC Terms is relevant to this case. Moreover, it could confuse the issues and indirectly invite the jury to re-litigate the naked licensing claim, which was dismissed at summary judgment. And, given the lack of evidence showing harm, it would require Yuga Labs to prove a negative – that all uses of BAYC Marks present in the ape images did not devalue the BAYC Marks.

9. Given the volume of exhibits Defendants intend to introduce on this topic, Yuga Labs will identify Defendants' exhibits subject to this motion *in limine* by lodging with the Court a USB drive, consistent with the Notice of Lodging filed with the Court today, that includes on it true and correct copies of the Defendants' proposed trial exhibits that are the subject of Yuga Labs' five motions *in limine*. Included therein, and referenced as **Exhibit 1** to this motion *in limine* in Yuga Labs' memorandum in support of its motion *in limine*, is a folder entitled "MIL 5 (Exhibit 1) Defendants' Exhibits to Exclude."

10. Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' witness summaries from May 3, 2023.

11. Attached hereto as **Exhibit 3** is a true and correct excerpt of testimony from the Deposition of Nicole Muniz.

12. Attached hereto as **Exhibit 4** is a true and correct copy of Exhibit 231 from the Deposition of Nicole Muniz.

I declare under penalty of perjury under the laws of the State of California and of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed in California on May 25, 2023.

                             */s/ Kimberly Culp*
                             Kimberly Culp