Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                     Plaintiff,<br><br>    v.<br><br>Ryder Ripps, Jeremy Cahen;<br><br>                     Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DECLARATION OF LOUIS W. TOMPROS IN OPPOSITION TO MOTION IN LIMINE NO. 1 BY YUGA LABS** |

1    I, Louis W. Tompros, declare as follows:

2        1.    I am an attorney with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, located at 60 State Street, Boston Massachusetts, 02109, counsel for Defendants Ryder Ripps and Jeremy Cahen. I am licensed to practice law in the State of Massachusetts and have been granted permission to participate in this litigation on behalf of Mr. Ripps and Mr. Cahen (Dkt. 18). I have personal knowledge of the facts set forth herein and with the proceedings in this case, and if called to testify as a witness thereto, I would do so competently under oath.

    2.    Yuga Labs, Inc. ("Yuga") filed its motion *in limine* no. 1, which seeks to exclude evidence of Yuga's behavior and problematic imagery.

    3.    On May 9, 2023, the parties held a conference of counsel and discussed the admissibility of evidence relating Yuga's use of problematic messages and imagery. Derek Gosma, Henry Nikogosyan, and I attended on behalf of Defendants. Eric Ball, Kimberly Culp, and Anthony Fares attended on behalf of Yuga Labs. During the conference, Defendants explained that evidence of publicly criticized tropes in Yuga's brand are relevant and critical context for Defendants' mental state in creating the RR/BAYC Project and why they chose to speak out against Yuga's behavior. Defendants explained that intent is not only relevant to damages, under *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492 (2020), but also to Yuga's false advertising claim which requires Defendants to have intentionally misled consumers. Defendants also explained that the public criticism of Yuga (and the basis for that criticism) is material to showing that Yuga's alleged harm did not arise from Defendants' infringement, but from the public criticism of Yuga's behavior and use of hateful imagery.

    4.    If Yuga's motion were granted, exclusion of evidence on Defendants' mental states in creating the RR/BAYC Project and Defendants' criticism of Yuga would cause significant prejudice because it would limit Defendants' ability to present

-1-

DECL. OF LOUIS W. TOMPROS
Case No. 2:22-cv-04355-JFW-JEM

evidence on (1) their subject beliefs and intent, and (2) alternative sources for Yuga's alleged harm (Defendants' criticism) that is unrelated to the RR/BAYC Project's infringement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Massachusetts on May 23, 2023.

/s/ *Louis W. Tompros*
Louis W. Tompros