ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
Ryder Ripps and Jeremy Cahen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| Plaintiff, | **JOINT PRETRIAL EXHIBIT STIPULATION** |
| v. | Pretrial Conference Date: June 9, 2023, 8:00 a.m. |
| RYDER RIPPS, JEREMY CAHEN, | |
| Defendants. | Hearings on Motions *in Limine*: June 16, 2023, 8:00 a.m. |
| | Trial Date: June 27, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to Section 6(e) of the Court's Scheduling and Case Management Order (*see* Dkt. 57 at 25-26), Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") and Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants"), submit this Pre-Trial Exhibit Stipulation.

The full Pre-Trial Exhibit Stipulation follows this cover pleading in table form. Defendants' objections use abbreviations to save space.   A key of Defendants' objections is included on page 2.

**Exhibit Objection Code Key**

| Code | Objection |
|------|-----------|
| A | **Authenticity.**  The document does not appear regular on its face, and Yuga has not established that it is a true and correct copy of the document through proper foundation testimony (Fed. R. Evid. 901 & 902). |
| BRPL | **Brief, Pleading, or Order.**  Defendants object to this exhibit because it is a brief, pleading, order, or discovery request and is not evidence. |
| C | **Cumulative.**  Defendants object to this exhibit on the ground that it is duplicative and/or cumulative of other exhibits. |
| D | **Not Produced During Discovery.**  Defendants object to this exhibit because it is encompassed by one or more of Defendants' discovery requests but the document and/or underlying data was not produced during the course of discovery (i.e., by April 3, 2023). |
| NEV | **Not Evidence.**  Defendants object to this exhibit because it is not evidence in the case (e.g., deposition transcript, expert report). |
| NEX | **No Expert Opinion.**  Defendants object to the exhibit as outside the scope of the expert's opinions. |
| F | **Foundation.**  Defendants object to this exhibit on the ground that the foundation necessary for its admission has not been laid and is not laid in the exhibit itself. (Fed. R. Evid. 602). |
| FRE 1002 | **Original Document.**  Defendants object to this exhibit on the ground that an original writing is required to prove the content thereof.  (Fed. R. Evid. 1002). |
| FRE 1004 | **Other Content Evidence.**  Defendants object to this exhibit on the ground that it is not an original writing, and an exception does not apply.  (Fed. R. Evid. 1004). |
| H | **Hearsay.**  Defendants object to this exhibit because it constitutes or contains hearsay and no exception applies.  (Fed. R. Evid. 801 & 802). |
| I | **Incomplete.**  Defendants object to this exhibit because the exhibit, as submitted, does not contain the complete document.  (Fed. R. Evid. 106). |
| IR | **Not Relevant.**  Defendants object to this exhibit because it is not relevant to any issue to be decided in this Investigation.  (Fed. R. Evid. 401 & 402). |
| LC | **Legal Conclusion.**  Defendants object to this exhibit because it contains conclusions of law. |

| Code | Objection |
|------|-----------|
| LO | **Opinion Testimony By Lay Witness.** Defendants object to this exhibit because it constitutes or contains improper opinion by a lay witness. (Fed. R. Evid. 701 & 702). |
| M | **Multiple Documents.** Defendants object to this exhibit because it contains more than one document. |
| MIL | **Motion in Limine.** Defendants object to this exhibit because it is inadmissible on a ground asserted in Defendants' motions in limine. |
| PHYS | **Physical Exhibit.** Defendants reserve all objections until time of inspection. |
| Q | **Quality.** Defendants object to this exhibit because the exhibit, as submitted, is illegible or otherwise of low quality. Defendants reserve all other objections |
| S | **Speculative.** Defendants object to this exhibit because it includes statements that are speculative as to matters of fact or law. |
| T | **Translation.** Defendants object to this exhibit because it is in a foreign language and no translation has been provided. Defendants reserve all other objections. |
| UP | **Unfair Prejudice.** Defendants object to this exhibit because its probative value is substantially outweighed by unfair prejudice and/or confusion of the issues. (Fed. R. Evid. 403) |
| VA | **Vague and Ambiguous.** Defendants object to this exhibit because it includes vague and indefinite statements |

Pre-Trial Exhibit Stipulation

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|-----------------------|
| JTX-1 | Lehman Depo Exhibit 1 | Lehman, Kindler | H, UP, S | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants, especially given that this document relates to the Defendants' own actions and statements directly relevant to the damages and false advertising in this case<br><br>Defendants have not explained how the party admissions are speculative, nor have they explained what is speculative in the Exhibit  The Exhibit is under oath, based on the witness's knowledge |
| JTX-2 | Hickman Depo Exhibit 2 | Hickman, Kindler | BRPL | The Exhibit is relevant for context for the deposition and Defendants' cooperation with third parties to fail to comply with their discovery obligations |
| JTX-7 | Hickman Depo Exhibit 7 | Hickman, Kindler | D, H | Defendants' objection that the Exhibit was not produced during discovery is frivolous  This is an exhibit to a deposition<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) |
| JTX-8 | Hickman Depo Exhibit 8 | Lehman, Hickman, Cahen, Ripps | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-9 | Hickman Depo Exhibit 9 | Lehman, Hickman, Kindler | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-10 | Hickman Depo Exhibit 10 | Cahen, Hickman, Lehman, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility  A full copy of the record is available at JTX-802, JTX-803, and JTX-804<br><br>The Exhibit is relevant as a party admission, and because it shows Defendants' coordination with their business associates |
| JTX-11 | Hickman Depo Exhibit 11 | Lehman, Hickman, Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-12 | Hickman Depo Exhibit 12 | Hickman, Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-13 | Hickman Depo Exhibit 13 | Hickman, Kindler | H, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers |
| JTX-15 | Hickman Depo Exhibit 15 | Hickman, Cahen, Lehman | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-16 | Hickman Depo Exhibit 16 | Hickman, Lehman, Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-17 | Hickman Depo Exhibit 17 | Hickman, Kindler | H, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' damages |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-20 | Hickman Depo Exhibit 20 | Hickman, Cahen, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility  A full copy of the record is available at JTX-800 and JTX-801<br><br>The Exhibit is relevant as a party admission and because it shows Defendants' advertisements of their NFTs and potential confusion |
| JTX-21 | Hickman Depo Exhibit 21 | Cahen, Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-22 | Hickman Depo Exhibit 22 | Cahen, Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-23 | Hickman Depo Exhibit 23 | Cahen, Ripps | F, Q | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-24 | Hickman Depo Exhibit 24 | Lehman, Hickman, Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-25 | Hickman Depo Exhibit 25 | Hickman, Cahen, Ripps, Kindler | H | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-26 | Hickman Depo Exhibit 26 | Hickman, Cahen, O'Laughlin, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial |
| JTX-27 | Hickman Depo Exhibit 27 | Hickman; Ripps; Cahen | F, UP | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from their own website |
| JTX-28 | Hickman Depo Exhibit 28 | Hickman, Ripps, Cahen | H, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-29 | Hickman Depo Exhibit 29 | Hickman, Ripps, Cahen | H, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-31 | Hickman Depo Exhibit 31 | Hickman, Ripps, Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-32 | Hickman Depo Exhibit 32 | Cahen, Hickman | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-33 | Hickman Depo Exhibit 33 | Cahen, Hickman | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-34 | Hickman Depo Exhibit 34 | Hickman, Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-36 | Hickman Depo Exhibit 36 | Hickman, Ripps, Cahen | H | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-38 | Hickman Depo Exhibit 38 | Lehman, Hickman, Ripps | H, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of any prejudice to Defendants from an admission of their false advertising |
| JTX-39 | Hickman Depo Exhibit 39 | Lehman, Hickman, Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-40 | Hickman Depo Exhibit 40 | Lehman, Hickman, Cahen, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even if so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant as a party admissions and confusion and damages |
| JTX-41 | Hickman Depo Exhibit 41 | Lehman, Hickman, Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-42 | Hickman Depo Exhibit 42 | Cahen, Hickman | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-44 | Hickman Depo Exhibit 44 | Hickman, Garner, Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-49 | Hickman Depo Exhibit 49 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-50 | Hickman Depo Exhibit 50 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-51 | Hickman Depo Exhibit 51 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-52 | Hickman Depo Exhibit 52 | Hickman, O'Laughlin Kindler | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-54 | Hickman Depo Exhibit 54 | Ripps, Hickman | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-55 | Hickman Depo Exhibit 55 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-56 | Hickman Depo Exhibit 56 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-58 | Hickman Depo Exhibit 58 | Ripps, Cahen | C, H | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-59 | Hickman Depo Exhibit 59 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-60 | Hickman Depo Exhibit 60 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-61 | Hickman Depo Exhibit 61 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-63 | Hickman Depo Exhibit 63 | Cahen, Hickman | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-64 | Hickman Depo Exhibit 64 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-66 | Hickman Depo Exhibit 66 | Hickman; Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-67 | Hickman Depo Exhibit 67 | Hickman; Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-68 | Hickman Depo Exhibit 68 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-69 | Hickman Depo Exhibit 69 | Hickman, Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-71 | Hickman Depo Exhibit 71 | Hickman, Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-72 | Hickman Depo Exhibit 72 | Hickman; Kindler | H | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-80 | Cahen Depo Exhibit 80 | Cahen; Ripps | H | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-81 | Cahen Depo Exhibit 81 | Cahen, Ripps | BRPL | Withdrawn; subject to motion in limine rulings |
| JTX-82 | Cahen Depo Exhibit 82 | Cahen | H, Q, F | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit was established through deposition  Foundation can be further laid at trial |
| JTX-84 | Cahen Depo Exhibit 84 | Cahen | H, Q | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-85 | Cahen Depo Exhibit 85 | Cahen | H, Q | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-86 | Cahen Depo Exhibit 86 | Cahen | H, Q | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-87 | Cahen Depo Exhibit 87 | Cahen | H, Q | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-88 | Cahen Depo Exhibit 88 | Cahen | H, Q | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-89 | Cahen Depo Exhibit 89 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-90 | Cahen Depo Exhibit 90 | Cahen | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility  A full copy of the record is available at JTX-800 and JTX-801<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-91 | Cahen Depo Exhibit 91 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-92 | Cahen Depo Exhibit 92 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-94 | Cahen Depo Exhibit 94 | Cahen | A (document was improperly modified by Plaintiff's counsel and was no longer recognizable by the deponent), H, UP | Authenticity can be established at trial<br><br>The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-95 | Cahen Depo Exhibit 95 | Cahen | A (document was improperly modified by Plaintiff's counsel and was no longer recognizable by the deponent), H, UP | Authenticity can be established at trial<br><br>The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-96 | Cahen Depo Exhibit 96 | Cahen; Lehman; Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions |
| JTX-97 | Cahen Depo Exhibit 97 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-98 | Cahen Depo Exhibit 98 | Cahen; Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-99 | Cahen Depo Exhibit 99 | Cahen, Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-100 | Cahen Depo Exhibit 100 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-101 | Cahen Depo Exhibit 101 | Cahen, Ripps | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-102 | Cahen Depo Exhibit 102 | Cahen, Ripps | Q | Defendants' objection as to quality is frivolous as they produced this document  The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-103 | Cahen Depo Exhibit 103 | Cahen, Ripps, Lehman, Kindler | F | Defendants' objection regarding foundation is frivolous as they produced this document  Foundation can be further established at trial |
| JTX-104 | Cahen Depo Exhibit 104 | Cahen, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-105 | Cahen Depo Exhibit 105 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-107 | Cahen Depo Exhibit 107 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-108 | Cahen Depo Exhibit 108 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-109 | Cahen Depo Exhibit 109 | Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-110 | Cahen Depo Exhibit 110 | Hickman, Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-111 | Ripps Depo Exhibit 111 | Ripps, Cahen | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-113 | Ripps Depo Exhibit 113 | Cahen, Ripps | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-114 | Ripps Depo Exhibit 114 | Ripps | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-115 | Ripps Depo Exhibit 115 | Ripps, Cahen | BRPL | The Exhibit is a party admission and thus relevant and admissible  See Rule 801(d)(2); Rule 807

The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case |
| JTX-116 | Ripps Depo Exhibit 116 | Solano | BRPL | The Exhibit is relevant to, at least, show Defendants' use of Yuga Labs' marks in their false advertising

This is Exhibit is relevant and necessary to complete multiple deposition exhibits from Defendants' depositions of Yuga Labs' witnesses |
| JTX-117 | Ripps Depo Exhibit 117 | Ripps, Cahen, Hickman | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-118 | Ripps Depo Exhibit 118 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-119 | Ripps Depo Exhibit 119 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-120 | Ripps Depo Exhibit 120 | Ripps, O'Laughlin | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-123 | Ripps Depo Exhibit 123 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-124 | Ripps Depo Exhibit 124 | Ripps | UP | The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-125 | Ripps Depo Exhibit 125 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-126 | Ripps Depo Exhibit 126 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-127 | Ripps Depo Exhibit 127 | Ripps, Lehman | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-128 | Ripps Depo Exhibit 128 | Ripps | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-129 | Ripps Depo Exhibit 129 | Ripps | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-130 | Ripps Depo Exhibit 130 | Ripps | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-131 | Ripps Depo Exhibit 131 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-132 | Ripps Depo Exhibit 132 | Ripps | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-133 | Ripps Depo Exhibit 133 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-134 | Ripps Depo Exhibit 134 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-135 | Ripps Depo Exhibit 135 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-136 | Ripps Depo Exhibit 136 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-137 | Ripps Depo Exhibit 137 | Ripps | Q, F | The Exhibit is legible and constitutes the best evidence under Rule 1002

The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-138 | Ripps Depo Exhibit 138 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-141 | Garner Depo Exhibit 141 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-144 | Garner Depo Exhibit 144 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-145 | Garner Depo Exhibit 145 | Ripps | H, Q | The Exhibit is legible and constitutes the best evidence under Rule 1002

The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-146 | Garner Depo Exhibit 146 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-147 | Garner Depo Exhibit 147 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-148 | Garner Depo Exhibit 148 | Garner, Kindler | BRPL | The Exhibit is relevant for context for the deposition and Defendants' cooperation with third parties to fail to comply with their discovery obligations |
| JTX-151 | Garner Depo Exhibit 151 | Garner, Kindler | F | The foundation for the Exhibit can be laid at trial |
| JTX-152 | Garner Depo Exhibit 152 | Garner, Kindler | F | The foundation for the Exhibit can be laid at trial |
| JTX-153 | Garner Depo Exhibit 153 | Ripps, Cahen, Garner | F | The foundation for the Exhibit can be laid at trial |
| JTX-154 | Garner Depo Exhibit 154 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-155 | Garner Depo Exhibit 155 | Garner, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-157 | Garner Depo Exhibit 157 | Ripps, Cahen, Garner | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-158 | Garner Depo Exhibit 158 | Ripps, Garner | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-159 | Garner Depo Exhibit 159 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-160 | Garner Depo Exhibit 160 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-161 | Garner Depo Exhibit 161 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-162 | Garner Depo Exhibit 162 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-163 | Garner Depo Exhibit 163 | Ripps, Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-165 | Garner Depo Exhibit 165 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-166 | Garner Depo Exhibit 166 | Ripps, Cahen, Garner | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-167 | Garner Depo Exhibit 167 | Ripps, Cahen, Garner | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-169 | Garner Depo Exhibit 169 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-170 | Garner Depo Exhibit 170 | Ripps, Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-171 | Garner Depo Exhibit 171 | Ripps, Cahen, Garner | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-172 | Garner Depo Exhibit 172 | Ripps, Cahen | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-173 | Garner Depo Exhibit 173 | Ripps, Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-174 | Garner Depo Exhibit 174 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-175 | Garner Depo Exhibit 175 | Ripps, Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-176 | Garner Depo Exhibit 176 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-177 | Garner Depo Exhibit 177 | Ripps, Garner | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-178 | Garner Depo Exhibit 178 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-179 | Garner Depo Exhibit 179 | Ripps | IR, Q | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-180 | Garner Depo Exhibit 180 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-181 | Garner Depo Exhibit 181 | Ripps, Garner | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-182 | Garner Depo Exhibit 182 | Ripps, Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-183 | Garner Depo Exhibit 183 | Garner, Kindler | BRPL | The Exhibit is relevant to show the witness's required attendance at trial |
| JTX-502 | Cline Depo Exhibit 502 | Cline, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-504 | Cline Depo Exhibit 504 | Cline; Berger | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 |
| JTX-505 | Cline Depo Exhibit 505 | Cline; Berger | H | The Exhibit is admissible as a business record under Rule 803(6) or under Rule 807 |
| JTX-513 | Cline Depo Exhibit 513 | Ripps, Cahen | IR, H | The Exhibit shows an ape image used by Yuga Labs and by Defendants, which is relevant to the scope of confusion and harm to Yuga Labs<br><br>The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-520 | Cline Depo Exhibit 520 | Cahen, O'Laughlin, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-521 | Cline Depo Exhibit 521 | Cahen, O'Laughlin, Kindler | H | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-522 | Cline Depo Exhibit 522 | Kindler | H | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-523 | Cline Depo Exhibit 523 | Kindler | H, Q | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-524 | Cline Depo Exhibit 524 | Kindler | H | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-525 | Cline Depo Exhibit 525 | Kindler | H | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-600 | YUGALABS_00031370 | Berger, Kindler, Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-601 | YUGALABS_00040355 | Solano, Muniz, Atalay | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-603 | YUGALABS_00036186 - YUGALABS_00036199 | Ripps,  Cahen | F | The foundation for the Exhibit can be laid at trial |
| JTX-604 | YUGALABS_00036595 | Cahen, Lehman, Hickman, Berger, Kindler, Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-605 | YUGALABS_00032572 | Solano, Aronow, Muniz | IR | The Exhibit is relevant to, at least, the value of Yuga Labs' brand and damages |
| JTX-606 | YUGALABS_00002244 | Solano, Aronow, Muniz | H, IR | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is relevant to, at least, the value of Yuga Labs' brand and damages |
| JTX-607 | YUGALABS_00030223 - YUGALABS_00030230 | Solano, Aronow, Muniz | IR | The Exhibit is relevant to, at least, the value of Yuga Labs' brand |
| JTX-608 | YUGALABS_00015993 - YUGALABS_00015995 | Solano, Aronow, Muniz | IR | The Exhibit is relevant to, at least, the value of Yuga Labs' brand |
| JTX-611 | YUGALABS_00027531 | Solano, Aronow, Muniz | H, F | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-612 | YUGALABS_00002269 | Solano, Aronow, Muniz | H, F | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-613 | YUGALABS_00029704 - YUGALABS_00029719 | Solano, Aronow, Muniz | F, Q | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-614 | YUGALABS_00002049 - YUGALABS_00002060 | Solano, Aronow, Muniz | H, Q | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-616 | YUGALABS_00002094 - YUGALABS_00002107 | Solano, Muniz | H, Q | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-617 | YUGALABS_00033962 - YUGALABS_00033974 | Solano, Aronow, Muniz | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-618 | YUGALABS_00040362 - YUGALABS_00040368 | Solano, Aronow, Muniz | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-619 | YUGALABS_00040369 - YUGALABS_00040372 | Solano, Aronow, Muniz | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-620 | Yuga Labs' Motion for Summary Judgment Exhibit 25 | Ripps | | Withdrawn; subject to motion in limine rulings |
| JTX-621 | Yuga Labs' Motion for Summary Judgment Exhibit 26 | Lehman, Muniz | BRPL | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, the standard for an exceptional case |
| JTX-627 | Yuga Labs' Motion for Summary Judgment Exhibit 29 | Ripps | H,F | The Exhibit is not a statement by a person and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-630 | LEHMAN0000047 - LEHMAN0000049 | Lehman, Cahen | H,F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-631 | LEHMAN0000077 | Lehman; Berger; Kindler | H,F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-633 | Yuga Labs' Motion for Summary Judgment Exhibit 35 | Solano, Muniz | BRPL, H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-642 | Yuga Labs' Motion for Summary Judgment Exhibit 44 | Ripps, Cahen | IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-643 | Yuga Labs' Motion for Summary Judgment Exhibit 45 | Ripps, Cahen | IR, UP | Withdrawn; subject to exceptional case motion post-trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-644 | YUGALABS_00040559 - YUGALABS_00040562 | Solano, Muniz | H, R | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-645 | YUGALABS_00040563 - YUGALABS_00040565 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-646 | YUGALABS_00040566 - YUGALABS_00040572 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-647 | YUGALABS_00040573 - YUGALABS_00040576 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-648 | YUGALABS_00040577 - YUGALABS_00040588 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-649 | YUGALABS_00040513 - YUGALABS_00040518 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-650 | YUGALABS_00040519 - YUGALABS_00040524 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-651 | YUGALABS_00040525 - YUGALABS_00040532 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-652 | YUGALABS_00040533 - YUGALABS_00040542 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-653 | YUGALABS_00040543 - YUGALABS_00040545 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-654 | YUGALABS_00040546 - YUGALABS_00040553 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-655 | YUGALABS_00040554 - YUGALABS_00040558 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-656 | YUGALABS_00040495 - YUGALABS_00040498 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-657 | YUGALABS_00040499 - YUGALABS_00040502 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-658 | YUGALABS_00040503 - YUGALABS_00040506 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-659 | YUGALABS_00040507 - YUGALABS_00040512 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-660 | YUGALABS_00040479 - YUGALABS_00040482 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-661 | YUGALABS_00040483 - YUGALABS_00040485 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-662 | YUGALABS_00040486 - YUGALABS_00040489 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-663 | YUGALABS_00040490 - YUGALABS_00040494 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-664 | YUGALABS_00040461 - YUGALABS_00040465 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-665 | YUGALABS_00040466 - YUGALABS_00040469 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-666 | YUGALABS_00040470 - YUGALABS_00040473 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-667 | YUGALABS_00040474 - YUGALABS_00040478 | Solano, Muniz | H,F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-669 | YUGALABS_00030121 | Ripps | N/A (No objection) | |
| JTX-670 | YUGALABS_00030104 | Ripps, O'Laughlin | C, F, H, I, UP | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The foundation for the Exhibit can be laid at trial

The Exhibit is not a statement by a person and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' Foundation webpage; even so, this is not a basis for inadmissibility

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-671 | YUGALABS_00031325 | Ripps | C, UP | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-672 | YUGALABS_00002602 | Ripps | C, UP | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers |
| JTX-673 | YUGALABS_00015424 | Ripps, O'Laughlin | C, H, I, UP | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were sold and advertised |
| JTX-675 | YUGALABS_00030346 | Ripps,  Cahen | C, H, I, UP | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were sold and advertised |
| JTX-676 | YUGALABS_00029889 | Ripps, O'Laughlin | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made part of Rule 26 disclosures, and it is therefore not hearsay

The foundation for the Exhibit can be laid at trial |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-677 | YUGALABS_00015439 | Solano, Muniz | H, I | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-682 | YUGALABS_00040374 | Cahen | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-683 | YUGALABS_00036242 - YUGALABS_00036244 | Cahen | H,F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-684 | YUGALABS_00015425 | Ripps,  Cahen | H,F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-685 | YUGALABS_00040429 | Cahen | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-686 | YUGALABS_00015999 | Solano, Muniz, Ripps, Cahen | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete demonstrative; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were sold and advertised |
| JTX-687 | YUGALABS_00000617 | Solano, Aronow, Muniz, Ripps, Cahen | C | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-688 | YUGALABS_00000619 | Solano, Aronow, Muniz, Ripps, Cahen | C | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-689 | YUGALABS_00000541 | Ripps, Solano | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-690 | YUGALABS_00000565 | Ripps, Solano, Aronow, Muniz | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-691 | YUGALABS_00002417 | Solano, Muniz | H,F | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-692 | YUGALABS_00031173 | Solano, Muniz | H,F | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-696 | YUGALABS_00014079 - YUGALABS_00014082 | Cahen | H, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-697 | YUGALABS_00000536 | Cahen | C | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-698 | YUGALABS_00000542 | Ripps,  Cahen | IR | The Exhibit is relevant to, at least, Defendants' confusion of consumers and damages |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-699 | YUGALABS_00015399 | Solano, Muniz | IR | The Exhibit is relevant to, at least, background on Yuga Labs, the BAYC brand, and use of the BAYC Marks |
| JTX-701 | YUGALABS_00040375 | Muniz; O'Laughlin; Kindler | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The foundation for the Exhibit can be laid at trial |
| JTX-704 | YUGALABS_00031334 | Muniz; O'Laughlin; Kindler | H, IR | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant to, at least, damages and confusion |
| JTX-705 | YUGALABS_00002625 - YUGALABS_00002634 | Kindler | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The foundation for the Exhibit can be laid at trial |
| JTX-706 | YUGALABS_00040377 | Kindler | C, H | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-707 | YUGALABS_00040376 | Kindler | C, H | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-709 | YUGALABS_00002033 | Kindler | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The foundation for the Exhibit can be laid at trial |
| JTX-710 | YUGALABS_00027520 | Kindler | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The foundation for the Exhibit can be laid at trial |
| JTX-713 | YUGALABS_00027491 | Kindler | H,F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The foundation for the Exhibit can be laid at trial |
| JTX-715 | YUGALABS_00027523 | Kindler | IR | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703 |
| JTX-719 | YUGALABS_00040410 | Ripps | IR, UP | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about this dispute |
| JTX-721 | Yuga Labs' Motion for Summary Judgment Exhibit 105 | O'Laughlin | NEV, MIL | The Exhibit is material relied upon under Rule 703 (Rule 26 disclosure) |
| JTX-722 | Yuga Labs' Motion for Summary Judgment Exhibit 106 | Berger | NEV | The Exhibit is material relied upon under Rule 703 (Rule 26 disclosure) |
| JTX-723 | Yuga Labs' Motion for Summary Judgment Exhibit 107 | Kindler | NEV | The Exhibit is material relied upon under Rule 703 (Rule 26 disclosure) |
| JTX-800 | LEHMAN0000294 | Ripps, Cahen | | N/A (No objection) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-801 | Team ApeMarket Discord (PDF) | Ripps, Cahen | | N/A (No objection) |
| JTX-802 | LEHMAN0000314 | Ripps, Cahen | | N/A (No objection) |
| JTX-803 | RRBAYC Telegram Messages html (PDF) | Ripps, Cahen | | N/A (No objection) |
| JTX-804 | RRBAYC Telegram Messages2 html (PDF) | Ripps, Cahen | | N/A (No objection) |
| JTX-805 | 10,000 Ape Images | Solano, Muniz | | N/A (No objection) |
| JTX-806 | LEHMAN0000308 | Kerem, Lehman, Hickman, Cahen | H, M, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit constitutes a single thread of Discord messages and is therefore one document; as Defendants have objected to the completeness of excerpts of this thread, Defendants cannot also object to the complete thread<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-807 | YUGALABS_00043404 | Kerem, Lehman, Hickman, Cahen | F, H, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-808 | YUGALABS_00043484 | Kerem, Lehman, Hickman, Cahen | F, H, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-809 | YUGALABS_00043490 | Kerem, Lehman, Hickman, Cahen | F, H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-812 | YUGALABS_00002334 | Ripps | F, H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-813 | YUGALABS_00030108 | Solano, Muniz | H, F, IR | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, damages and confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-814 | YUGALABS_00000538 | Ripps | H, F, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers |
| JTX-817 | RIPPSCAHEN00002252 | Ripps | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-818 | RIPPSCAHEN00030078 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-831 | RIPPSCAHEN00000304 | Ripps | H, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-832 | YUGALABS_00029814 - YUGALABS_00029819 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions |
| JTX-841 | YUGALABS_00029089 | Ripps | IR | The Exhibit is relevant to, at least, Defendants' false advertising to consumers, confusion, and damages |
| JTX-857 | YUGALABS_00030109 | Ripps | H, F, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, Defendants' false advertising to consumers, confusion, and damages |
| JTX-869 | YUGALABS_00030069 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-871 | YUGALABS_00027522 | Ripps | IR, UP | The Exhibit is relevant to, at least, confusion and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about their NFTs and consumer confusion |
| JTX-874 | YUGALABS_00030233 | Ripps | H, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, the reach of Defendants' false advertisements and thus confusion and damages |
| JTX-876 | YUGALABS_00029977 - YUGALABS_00029978 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-877 | YUGALABS_00029990 - YUGALABS_00029991 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-878 | YUGALABS_00030058 - YUGALABS_00030059 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-879 | YUGALABS_00030079 - YUGALABS_00030080 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-880 | YUGALABS_00030092 - YUGALABS_00030093 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-881 | YUGALABS_00030099 - YUGALABS_00030100 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-882 | YUGALABS_00030106 - YUGALABS_00030107 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-883 | YUGALABS_00030114 - YUGALABS_00030115 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-884 | YUGALABS_00030118 - YUGALABS_00030119 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-885 | YUGALABS_00030129 - YUGALABS_00030130 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-886 | YUGALABS_00030134 - YUGALABS_00030135 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-887 | YUGALABS_00030138 - YUGALABS_00030139 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-888 | YUGALABS_00030142 - YUGALABS_00030143 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-889 | YUGALABS_00030146 - YUGALABS_00030147 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-890 | YUGALABS_00030150 - YUGALABS_00030151 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-891 | YUGALABS_00030155 - YUGALABS_00030156 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-892 | YUGALABS_00030160 - YUGALABS_00030162 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-893 | YUGALABS_00030166 - YUGALABS_00030168 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-894 | YUGALABS_00030172 - YUGALABS_00030174 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-895 | YUGALABS_00030177 - YUGALABS_00030179 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-896 | YUGALABS_00030182 - YUGALABS_00030184 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-897 | YUGALABS_00030187 - YUGALABS_00030194 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-898 | YUGALABS_00030195 - YUGALABS_00030202 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-899 | YUGALABS_00030205 - YUGALABS_00030207 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-906 | YUGALABS_00030152 - YUGALABS_00030153 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-908 | YUGALABS_00030208 - YUGALABS_00030209 | Ripps, Cahen | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-909 | YUGALABS_00030157 - YUGALABS_00030158 | Ripps | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-911 | YUGALABS_00030163 - YUGALABS_00030164 | Cahen | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-912 | YUGALABS_00030185 - YUGALABS_00030186 | Kerem, Solano, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-914 | YUGALABS_00000586 | Cahen; Kindler | H, I, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the sales of their NFTs |
| JTX-915 | RIPPSCAHEN00013270 | Ripps, Cahen, Lehman | F, H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The foundation objection is frivolous, as these are Defendants' own financials  In any event, foundation can be laid at trial <br><br> The Exhibit is material relied upon under Rule 703 and made part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-916 | YUGALABS_00030132 | Ripps, Cahen | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-917 | YUGALABS_00015423 | Ripps, Cahen, Kindler | F | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-918 | LEHMAN0000013 - LEHMAN0000066 | Cahen | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-919 | YUGALABS_00000610 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about their NFTs and consumer confusion |
| JTX-922 | YUGALABS_00029821 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-923 | YUGALABS_00029829 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-924 | YUGALABS_00029831 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-938 | YUGALABS_00029900 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-943 | YUGALABS_00002737 | Cahen, Kindler | H, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is relevant to, at least, the reach of Defendants' false advertisements and thus damages <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the reach and audience of their advertisements |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-957 | RIPPSCAHEN00001294 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-958 | RIPPSCAHEN00001295 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-959 | RIPPSCAHEN00001297 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-960 | RIPPSCAHEN00001299 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-961 | RIPPSCAHEN00001300 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-962 | RIPPSCAHEN00001302 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-963 | RIPPSCAHEN00001304 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-964 | RIPPSCAHEN00001309 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-965 | RIPPSCAHEN00001310 | Garner, Ripps | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-966 | LEHMAN0000207 | Lehman, Hickman, Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of confusion |
| JTX-967 | LEHMAN0000214 | Lehman, Hickman, Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of confusion |
| JTX-968 | LEHMAN0000215 | Lehman, Hickman, Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of confusion |
| JTX-969 | YUGALABS_00032047 | Hickman; Kindler | H, H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-970 | LEHMAN0000241 | Hickman, Cahen, Lehman | F, H, IR | In any event, foundation can be laid at trial

The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is relevant to, at least, confusion and damages |
| JTX-971 | LEHMAN0000203 | Lehman, Hickman; Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-972 | YUGALABS_00043510 | Ripps, Cahen | H, I, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-973 | YUGALABS_00043514 | Ripps, Cahen, Hickman | H, I, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-974 | YUGALABS_00043519 | Ripps, Cahen, Hickman | H, I, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-975 | YUGALABS_00043524 | Ripps, Cahen, Hickman | H, I, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-977 | LEHMAN0000159 | Lehman; Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages |
| JTX-978 | LEHMAN0000160 | Lehman; Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages |
| JTX-979 | LEHMAN0000171 | Lehman; Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages and confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-980 | LEHMAN0000134 | Lehman; Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages and confusion |
| JTX-981 | LEHMAN0000135 | Lehman; Kindler | H, I, IR | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages and confusion |
| JTX-982 | LEHMAN0000302 | Lehman; Kindler | Q, I | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility |
| JTX-985 | LEHMAN0000078 | Lehman; Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-986 | LEHMAN0000081 | Lehman; Kindler | H | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-1002 | LEHMAN0000166 - LEHMAN0000169 | Lehman; Ripps | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1003 | LEHMAN0000141 | Lehman; Kindler | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1008 | LEHMAN0000108 - LEHMAN0000110 | Lehman; Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1009 | LEHMAN0000111 | Lehman; Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1010 | LEHMAN0000112 | Lehman; Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1011 | LEHMAN0000113 | Lehman; Berger | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1012 | LEHMAN0000114 | Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1013 | LEHMAN0000115 | Lehman; Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1014 | LEHMAN0000116 | Lehman; Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1015 | LEHMAN0000117 | Lehman; Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1016 | LEHMAN0000118 | Lehman; Berger | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1017 | LEHMAN0000119 | Lehman; Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1018 | LEHMAN0000120 | Lehman; Berger | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1019 | LEHMAN0000121 | Lehman; Berger | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1020 | LEHMAN0000158 | Berger, Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1021 | LEHMAN0000196 | Berger, Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1022 | LEHMAN0000197 | Berger, Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|-----------------------|
| JTX-1023 | LEHMAN0000208 | Berger, Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1024 | LEHMAN0000209 | Berger, Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1027 | YUGALABS_00000545 | Kindler; O' Laughlin | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1028 | YUGALABS_00000569 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1029 | YUGALABS_00002683 - YUGALABS_00002686 | Solano, Muniz, Ripps, Cahen | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1030 | YUGALABS_00000570 | Berger, Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1031 | YUGALABS_00000580 | Berger, Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1032 | YUGALABS_00000589 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1033 | YUGALABS_00000605 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1034 | YUGALABS_00000624 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1035 | YUGALABS_00000629 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1037 | YUGALABS_00002041 | Ripps, Kindler | I, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1038 | YUGALABS_00002247 | Berger | H, I | The Exhibit is not hearsay as the Exhibit is not being offered for the truth of the matter asserted  Alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1039 | YUGALABS_00015413 | Kindler | H, I, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the LooksRare page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility;<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1040 | YUGALABS_00015414 | Kindler | H, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility;<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1041 | YUGALABS_00015417 | Kindler | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales |
| JTX-1042 | YUGALABS_00015996 | Kindler | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1043 | YUGALABS_00027693 | Kindler | H, I, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of consumer confusion |
| JTX-1045 | YUGALABS_00030050 | Ripps, Kindler | I, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1046 | YUGALABS_00030068 | Kindler | I | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1047 | YUGALABS_00030236 | Solano, Muniz, O'Laughlin, Kindler | H, IR, F | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1048 | YUGALABS_00030238 | Kindler | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1049 | YUGALABS_00030243 | Solano, Muniz, O'Laughlin, Kindler | H, UP, I | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of confusion caused by Defendants<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a news segment; even so, this is not a basis for inadmissibility |
| JTX-1050 | YUGALABS_00031204 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)), admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a communication; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of confusion caused by Defendants |
| JTX-1052 | YUGALABS_00031302 | Kindler, Muniz | H, IR, F | The Exhibit is not inadmissible hearsay as the Exhibit is a business record under Rule 803(6); The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant for damages and responding to Defendants' purported defenses  It is also relevant as material relied on under Rule 703<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1053 | YUGALABS_00031303 - YUGALABS_00031316 | Kindler, Muniz | H, IR, F | The Exhibit is not inadmissible hearsay as the Exhibit is a business record under Rule 803(6)  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant for damages and responding to Defendants' purported defenses  It is also relevant as material relied on under Rule 703<br><br>The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1054 | YUGALABS_00031324 | Ripps, Kindler | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1055 | YUGALABS_00031326 | Kindler | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1056 | YUGALABS_00031327 | Kindler; Berger | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1057 | YUGALABS_00031328 | Kindler; Berger | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1058 | YUGALABS_00031329 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1059 | YUGALABS_00031330 | Kindler; Berger | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1060 | YUGALABS_00031333 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1061 | YUGALABS_00031335 | Kindler | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1062 | YUGALABS_00031357 | O'Laughlin, Kindler | H, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and potential consumer confusion |
| JTX-1063 | YUGALABS_00031359 | Kindler | H, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and potential consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-1064 | YUGALABS_00031367 | O'Laughlin, Kindler | H, I, IR, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the listing for one of Defendants' infringing NFTs on DappRadar; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, damages, confusion, and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the listing of Defendants' own infringing NFTs<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1065 | YUGALABS_00031397 | Ripps, Kindler | H, IR, F | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a governmental record under Rule 803(8), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, false advertising claims and Defendants' false statements re Live9000  It is also relevant as material relied on under Rule 703<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1066 | YUGALABS_00031432 | O'Laughlin, Kindler | H, I, IR, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the listing for one of Defendants' infringing NFTs on DappRadar; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, damages, confusion, and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the listing of Defendants' own infringing NFTs<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1068 | YUGALABS_00031596 | O'Laughlin | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1069 | YUGALABS_00031597 | O'Laughlin | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1070 | YUGALABS_00031601 - YUGALABS_00031602 | O'Laughlin | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1071 | YUGALABS_00031603 - YUGALABS_00031604 | O'Laughlin | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1072 | YUGALABS_00031605 - YUGALABS_00031609 | O'Laughlin | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1073 | YUGALABS_00031610 - YUGALABS_00031611 | O'Laughlin | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1074 | YUGALABS_00031617 | Berger | H, I, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1075 | YUGALABS_00031620 | Kindler, Muniz | H,F | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1076 | YUGALABS_00031633 | Berger | I, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|-----------------------|
| JTX-1077 | YUGALABS_00031635 | Berger | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1078 | YUGALABS_00031636 | Berger | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1079 | YUGALABS_00031637 | Berger | I, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1085 | YUGALABS_00032602 - YUGALABS_00032613 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1086 | YUGALABS_00032620 - YUGALABS_00032629 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1087 | YUGALABS_00032630 - YUGALABS_00032653 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1088 | YUGALABS_00032665 - YUGALABS_00032681 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1089 | YUGALABS_00032685 - YUGALABS_00032735 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1090 | YUGALABS_00032736 - YUGALABS_00032760 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1091 | YUGALABS_00032761 - YUGALABS_00032773 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1092 | YUGALABS_00032774 - YUGALABS_00032789 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1093 | YUGALABS_00032790 - YUGALABS_00032801 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1094 | YUGALABS_00032802 - YUGALABS_00032828 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1095 | YUGALABS_00032829 - YUGALABS_00032845 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1096 | YUGALABS_00032846 - YUGALABS_00032857 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1097 | YUGALABS_00032858 - YUGALABS_00032878 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1098 | YUGALABS_00032879 - YUGALABS_00032908 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1099 | YUGALABS_00032909 - YUGALABS_00032917 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1100 | YUGALABS_00032918 - YUGALABS_00032936 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1101 | YUGALABS_00032937 - YUGALABS_00032959 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1102 | YUGALABS_00032960 - YUGALABS_00032976 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1103 | YUGALABS_00032977 - YUGALABS_00033003 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1104 | YUGALABS_00033004 - YUGALABS_00033022 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1105 | YUGALABS_00033036 - YUGALABS_00033048 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1106 | YUGALABS_00033049 - YUGALABS_00033071 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1107 | YUGALABS_00033072 - YUGALABS_00033084 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1108 | YUGALABS_00033085 - YUGALABS_00033101 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1109 | YUGALABS_00033102 - YUGALABS_00033115 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1110 | YUGALABS_00033116 - YUGALABS_00033127 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1111 | YUGALABS_00033128 - YUGALABS_00033148 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1112 | YUGALABS_00033149 - YUGALABS_00033170 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1113 | YUGALABS_00033171 - YUGALABS_00033190 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1114 | YUGALABS_00033191 - YUGALABS_00033209 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1115 | YUGALABS_00033210 - YUGALABS_00033221 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1116 | YUGALABS_00033222 - YUGALABS_00033231 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1117 | YUGALABS_00033232 - YUGALABS_00033246 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|-----------------------|
| JTX-1118 | YUGALABS_00033247 - YUGALABS_00033266 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1119 | YUGALABS_00033267 - YUGALABS_00033284 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1120 | YUGALABS_00033285 - YUGALABS_00033299 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1121 | YUGALABS_00033998 - YUGALABS_00034050 | O'Laughlin | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1122 | YUGALABS_00034051 - YUGALABS_00034055 | O'Laughlin | H, I, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1123 | YUGALABS_00034056 - YUGALABS_00034059 | O'Laughlin | H, I, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1124 | YUGALABS_00035095 - YUGALABS_00035913 | O'Laughlin | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1125 | YUGALABS_00035914 - YUGALABS_00035922 | O'Laughlin | H, I, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1126 | YUGALABS_00041594 - YUGALABS_00041609 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1127 | YUGALABS_00041636 - YUGALABS_00041648 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1128 | YUGALABS_00041654 - YUGALABS_00041678 | Berger | H, I, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1129 | YUGALABS_00041684 - YUGALABS_00042494 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1130 | YUGALABS_00042505 - YUGALABS_00043352 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1131 | YUGALABS_00043358 - YUGALABS_00043368 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1132 | YUGALABS_00043373 - YUGALABS_00043383 | Berger | H, IR, F | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1133 | LEHMAN0000309 - LEHMAN0000311 | Cahen | H, I, IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1134 | LEHMAN0000312 - LEHMAN0000313 | Cahen | H, I, IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1135 | LEHMAN0000330 | Cahen | H, I, IR, UP, F | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1139 | YUGALABS_00000547 - YUGALABS_00000549 | Ripps, Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility <br><br> The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1142 | YUGALABS_00000621 | Ripps, Cahen | H, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1143 | YUGALABS_00000644 - YUGALABS_00000646 | Ripps, Cahen | H, I, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility; <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1145 | YUGALABS_00027472 | Ripps, Cahen | H, I, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the LooksRare page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility; <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1146 | YUGALABS_00031595 | Ripps, Cahen | H, I, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales <br><br> The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1147 | YUGALABS_00031619 | Ripps, Cahen | H, I, UP, F | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1148 | YUGALABS_00040325 | Ripps, Cahen | IR, F, UP | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1152 | YUGALABS_00002040 | Solano, Muniz | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand and associated NFT collection are, as well as launch timing  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1153 | YUGALABS_00015987 - YUGALABS_00015990 | Solano, Muniz | H, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1154 | YUGALABS_00029419 | Muniz | H, F, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1155 | YUGALABS_00029428 | Muniz | H, F, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1156 | YUGALABS_00029474 | Muniz | H, F, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1157 | YUGALABS_00029507 | Muniz | H, IR, F | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1158 | YUGALABS_00031402 - YUGALABS_00031421 | Ripps | H, UP, Q | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|----------------------|
| JTX-1159 | YUGALABS_00036535 - YUGALABS_00036559 | Aronow, Solano | H, IR, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1160 | YUGALABS_00036560 - YUGALABS_00036574 | Ripps | IR, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1161 | YUGALABS_00041591 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand and associated NFT collection are, as well as launch timing  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1162 | YUGALABS_00041611 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand and associated NFT collection are, as well as launch timing  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1163 | YUGALABS_00041616 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1164 | YUGALABS_00041629 | Ripps | H, I, IR, UP | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the damages and false advertising, including to show that Ripps was in the same market as Yuga Labs<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1165 | YUGALABS_00041633 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1166 | YUGALABS_00041651 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1167 | YUGALABS_00041680 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1168 | YUGALABS_00043387 | Solano, Muniz | H, I, IR | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1170 | YUGALABS_00043485 | Ripps | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1171 | YUGALABS_00043488 | Cahen, Kindler | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' profits from their infringement and false advertising, and thus disgorgement and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1172 | YUGALABS_00043512 | Solano, Muniz | IR, UP | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' conference and related logos |
| JTX-1174 | YUGALABS_00043517 | Solano, Muniz | F, H | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807 |
| JTX-1175 | YUGALABS_00043522 | Solano, Muniz | F, H | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807 |
| JTX-1176 | YUGALABS_00043527 | Solano, Muniz | F, H | Withdrawn; subject to motion in limine rulings |
| JTX-1177 | YUGALABS_00043530 | Solano, Muniz | F, H | Withdrawn; subject to motion in limine rulings |
| JTX-1178 | YUGALABS_00043533 | Solano, Muniz | F, H | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807 |
| JTX-1179 | YUGALABS_00043536 | Solano, Muniz | IR, Q, F | Withdrawn; subject to motion in limine rulings |
| JTX-1192 | YUGALABS_00031203 | Berger | H, I, IR | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)), admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a communication; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1193 | YUGALABS_00041682 | Berger | H, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|-----------------------|
| JTX-1194 | YUGALABS_00042499 | Berger | H, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1195 | YUGALABS_00043353 | Berger | H, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1232 | YUGALABS_00041291 - YUGALABS_00041352 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, the BAYC brand and its value  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1233 | YUGALABS_00041354 - YUGALABS_00041418 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, the BAYC brand and its value  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1234 | YUGALABS_00043520 - YUGALABS_00043521 | Solano, Muniz | H, I, F, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility  The foundation for the Exhibit can be laid at trial  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1235 | YUGALABS_00043486 | Solano, Muniz, Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility  The foundation for the Exhibit can be laid at trial  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|-----------------------|
| JTX-1236 | YUGALABS_00043525 - YUGALABS_00043526 | Solano, Muniz | H, I, F, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1237 | YUGALABS_00043491 | Solano, Muniz, Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1238 | YUGALABS_00043515 - YUGALABS_00043516 | Solano, Muniz | H, I, F, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1239 | YUGALABS_00043481 | Solano, Muniz, Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1240 | YUGALABS_00043528 - YUGALABS_00043529 | Solano, Muniz | H, I, F, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1241 | YUGALABS_00043511 | Solano, Muniz, Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1242 | YUGALABS_00043539 | Ripps | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1243 | YUGALABS_00043540 | Ripps | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1249 | YUGALABS_00043537 | Ripps | UP | The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements of their NFTs and evidence that their NFTs were sold under the name "Bored Ape Yacht Club V3" |
| JTX-1250 | YUGALABS_00039532 - YUGALABS_00039545 | Solano, Muniz | H, T, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1251 | YUGALABS_00039559 - YUGALABS_00039574 | Solano, Muniz | H, T, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1252 | YUGALABS_00039584 - YUGALABS_00039586 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1253 | YUGALABS_00039623 - YUGALABS_00039637 | Solano, Muniz | H, T, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1254 | YUGALABS_00039663 - YUGALABS_00039678 | Solano, Muniz | H, T, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1255 | YUGALABS_00039679 - YUGALABS_00039681 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1256 | YUGALABS_00039688 - YUGALABS_00039703 | Solano, Muniz | H, T, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1257 | YUGALABS_00039755 - YUGALABS_00039757 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1258 | YUGALABS_00039780 - YUGALABS_00039782 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1259 | YUGALABS_00039786 - YUGALABS_00039788 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1260 | YUGALABS_00039979 - YUGALABS_00039993 | Solano, Muniz | H, T, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1261 | YUGALABS_00039994 - YUGALABS_00040002 | Solano, Muniz | H, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1262 | YUGALABS_00043513 | Ripps,  Cahen | H, I, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1263 | YUGALABS_00043518 | Ripps, Cahen | H, I, IR, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1264 | YUGALABS_00043523 | Ripps, Cahen | H, I, IR, UP | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1265 | YUGALABS_00043397 | Ripps, Cahen | H, IR, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs

The foundation for the Exhibit can be laid at trial

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1266 | YUGALABS_00043402 | Ripps, Cahen | H, IR, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1267 | YUGALABS_00043482 - YUGALABS_00043483 | Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1268 | YUGALABS_00043489 | Ripps | H, F | The Exhibit does not contain hearsay as it is not a statement by a person; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1270 | RIPPSCAHEN00015850 | Ripps | H, F | The Exhibit does not contain hearsay as it is not a statement by a person; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1272 | YUGALABS_00043509 | Ripps, Cahen | H, Q, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1273 | YUGALABS_00000602 | Cahen | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1274 | YUGALABS_00000615 | Cahen | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1275 | YUGALABS_00002189 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1276 | YUGALABS_00002203 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1277 | YUGALABS_00002215 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1279 | YUGALABS_00002224 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1280 | YUGALABS_00002232 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1281 | YUGALABS_00002240 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|------------------------|
| JTX-1282 | YUGALABS_00002266 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1283 | YUGALABS_00002277 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1284 | YUGALABS_00002357 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1285 | YUGALABS_00002363 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1286 | YUGALABS_00002369 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1287 | YUGALABS_00002390 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1288 | YUGALABS_00002401 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|-----------------------|
| JTX-1289 | YUGALABS_00002406 | Muniz, Solano | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1291 | YUGALABS_00002426 | Solano, Muniz | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1292 | YUGALABS_00002432 | Solano, Muniz | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1293 | YUGALABS_00002439 | Solano, Muniz | IR, UP, F | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1294 | YUGALABS_00002635 - YUGALABS_00002648 | Ripps | H, IR, UP, C | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, purported characterization of their NFTs as "art" to consumers, confusion, and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1296 | YUGALABS_00029866 | Cahen | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, purported characterization of their NFTs as "art" to consumers, confusion, and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1297 | YUGALABS_00031639 - YUGALABS_00031642 | Ripps | H, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-1298 | YUGALABS_00032562 - YUGALABS_00032567 | Solano, Muniz | H, IR | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions |
| JTX-1299 | YUGALABS_00033310 - YUGALABS_00033318 | Muniz, Solano | H, IR, F | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1300 | YUGALABS_00036531 | Solano, Muniz | H, I | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the relevant frequently asked questions; even so, this is not a basis for inadmissibility |
| JTX-1302 | YUGALABS_00014135 - YUGALABS_00014673 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1303 | YUGALABS_00014674 - YUGALABS_00014851 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1304 | YUGALABS_00014852 - YUGALABS_00015304 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1305 | YUGALABS_00015305 - YUGALABS_00015394 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1306 | YUGALABS_00015395 - YUGALABS_00015409 | Solano, Muniz | H, I, IR, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1308 | YUGALABS_00041649 | Solano, Muniz | H, IR, UP, D | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>Defendants experienced no prejudice from the timing of the production of this publicly available Exhibit that was otherwise known to them |
| JTX-1309 | YUGALABS_00042500 | Solano, Muniz | H, IR, UP, D | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>Defendants experienced no prejudice from the timing of the production of this publicly available Exhibit that was otherwise known to them |
| JTX-1310 | YUGALABS_00041541 - YUGALABS_00041542 | Cahen | H, I, IR, Q, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1311 | YUGALABS_00043369 - YUGALABS_00043370 | Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1312 | YUGALABS_00043384 - YUGALABS_00043385 | Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1313 | YUGALABS_00043398 - YUGALABS_00043399 | Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1315 | YUGALABS_00041610 | Cahen, O'Laughlin, Kindler | I, I, H, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1316 | YUGALABS_00041620 - YUGALABS_00041628 | Ripps, Cahen | H, I, F, UP | Withdrawn subject to use to further complete exhibit 1317 |
| JTX-1317 | YUGALABS_00041650 | Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' infringing NFTs; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from listings of their own NFTs |
| JTX-1318 | YUGALABS_00041683 | Cahen | I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' continued promotion of their NFTs, and thus damages and injunctive relief<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1319 | YUGALABS_00042498 | Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' continued promotion of their NFTs, and thus damages and injunctive relief<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1320 | YUGALABS_00042502 | Ripps, Cahen | Q, F | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1412 | RIPPSCAHEN00016009 - RIPPSCAHEN00016011 | Solano, Muniz | F, H, IR | Withdrawn; subject to motion in limine rulings |
| JTX-1413 | RIPPSCAHEN00017141 - RIPPSCAHEN00017143 | Solano, Muniz | F, H, IR | Withdrawn; subject to motion in limine rulings |
| JTX-1414 | RIPPSCAHEN00017176 | Solano, Muniz | F, H, IR | Withdrawn; subject to motion in limine rulings |
| JTX-1415 | RIPPSCAHEN00018468 | Solano, Muniz | IR | The Exhibit is relevant to, at least, the BAYC brand and permitted uses of the marks |
| JTX-1416 | RIPPSCAHEN00022706 | Solano, Muniz | F, H, IR | Withdrawn; subject to motion in limine rulings |
| JTX-1417 | YUGALABS_00030055 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1418 | YUGALABS_00030131 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1419 | YUGALABS_00030137 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1420 | YUGALABS_00030149 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1421 | YUGALABS_00030154 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1422 | YUGALABS_00030159 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1423 | YUGALABS_00041289 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1424 | YUGALABS_00041426 | Solano, Muniz | F, H, IR | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807<br><br>The Exhibit is relevant to, at least, the BAYC brand and permitted uses of the marks |
| JTX-1425 | YUGALABS_00041429 | Solano, Muniz | F, H, IR | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807<br><br>The Exhibit is relevant to, at least, the BAYC brand and permitted uses of the marks |
| JTX-1426 | YUGALABS_00041436 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1427 | YUGALABS_00041463 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1428 | YUGALABS_00040593 | Solano, Muniz, Atalay, Aronow | IR, UP | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1429 | YUGALABS_00040594 | Solano, Muniz | IR, UP | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1430 | YUGALABS_00040596 | Solano, Muniz, Atalay | IR, UP | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1431 | YUGALABS_00040598 | Solano, Muniz, Aronow | IR, UP | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1432 | YUGALABS_00040599 | Solano, Muniz | IR, UP | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1433 | YUGALABS_00030244 - YUGALABS_00030337 | Ripps, Cahen | UP | The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own website advertising and selling their NFTs |
| JTX-1434 | YUGALABS_00041280 | Solano, Muniz | IR, Q | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to create an Otherside-like metaverse<br><br>We are happy to meet and confer regarding any quality issues and provide additional versions |
| JTX-1435 | YUGALABS_00002015 | Solano, Muniz | IR | The Exhibit is relevant to, at least, explaining the BAYC brand and its value |
| JTX-1436 | YUGALABS_00002024 | Solano, Muniz | IR | The Exhibit is relevant to, at least, the BAYC brand and its value, and damages |
| JTX-1437 | YUGALABS_00002036 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1438 | YUGALABS_00002043 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1439 | YUGALABS_00002045 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1440 | YUGALABS_00002046 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1441 | YUGALABS_00002047 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1442 | YUGALABS_00002048 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1443 | YUGALABS_00032569 - YUGALABS_00032571 | Solano, Muniz | H, F | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1444 | YUGALABS_00041004 | Solano, Muniz | H, F | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1450 | YUGALABS_00041015 | Solano, Muniz | Q, IR | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is relevant to, at least, the BAYC brand and damages |
| JTX-1451 | YUGALABS_00041016 | Solano, Muniz | H, F | The Exhibit is not inadmissible hearsay as the Exhibit is a business record under Rule 803(6); alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1453 | YUGALABS_00041019 - YUGALABS_00041020 | Solano, Muniz | H, F | The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1454 | YUGALABS_00041021 - YUGALABS_00041022 | Solano, Muniz | H, F | The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1456 | YUGALABS_00041525 | Cahen | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about their reasons for minting NFTs |
| JTX-1457 | YUGALABS_00041526 | Ripps | I | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1458 | YUGALABS_00041527 | Ripps | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1459 | YUGALABS_00041528 | Ripps | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1460 | YUGALABS_00041529 | Solano, Muniz, Ripps, Cahen | H, I, UP | The Exhibit is admissible as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1461 | YUGALABS_00041530 | Solano, Muniz | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1462 | YUGALABS_00041531 | Solano, Muniz | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1463 | YUGALABS_00041532 | Solano, Muniz | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1464 | YUGALABS_00041533 | Solano, Muniz | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1467 | YUGALABS_00041536 | Cahen | I | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1469 | YUGALABS_00041538 | Cahen | I, IR | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers |
| JTX-1470 | YUGALABS_00041539 | Cahen | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about potential for profit from crypto sales |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1471 | YUGALABS_00041540 | Cahen | I, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about potential for profit from crypto sales |
| JTX-1472 | YUGALABS_00041543 | Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' profits, trading, and Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own transactions |
| JTX-1473 | YUGALABS_00041544 - YUGALABS_00041571 | Ripps, Cahen | IR, UP | The Exhibit is relevant to, at least, Defendants' ongoing advertising, confusion, and harm<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1474 | YUGALABS_00041572 | Cahen | I, IR | The Exhibit is not misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, The Exhibit is relevant to, at least, the reach of Defendants' false advertisements and thus damages |
| JTX-1475 | YUGALABS_00041573 | Ripps | H, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1476 | YUGALABS_00043543 | Cahen | H, I, Q, UP | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1477 | YUGALABS_00030056 | Ripps | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1478 | YUGALABS_00031654 | Lehman; Kindler | H, I, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1479 | RIPPSCAHEN00014543 - RIPPSCAHEN00014546 | Ripps, Cahen | IR, Q, UP | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own website |
| JTX-1480 | YUGALABS_00041287 | Berger | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and its value, and therefore damages |
| JTX-1482 | YUGALABS_00002422 | Solano, Muniz | H, I | The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-1483 | DOR000001 - DOR000042 | Cahen | H, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' profits<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1484 | NAMECHEAP0000015 - NAMECHEAP0000025 | Ripps, Cahen | IR, H | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-1485 | SAWON0000004 - SAWON0000006 | Solano, Aronow, Ripps | H, IR, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1486 | SAWON0000007 - SAWON0000009 | Solano, Aronow, Ripps | H, IR, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1487 | SAWON0000010 - SAWON0000013 | Solano, Aronow, Ripps | H, IR, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1488 | SAWON0000026 | Solano, Aronow, Ripps | H, IR, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1489 | YUGALABS_00041575 | Ripps, Cahen | H, I, IR, F | The Exhibit does not contain hearsay as it is not a statement by a person; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' infringing NFTs; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' ongoing advertising, confusion, and harm<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1490 | YUGALABS_00041614 | Ripps, Cahen | H, I, F, UP | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' infringing NFTs; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from listings of their own NFTs |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1491 | YUGALABS_00041617 | Solano, Aronow, Ripps, Cahen | H, I, IR | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1492 | YUGALABS_00041632 | Solano, Aronow, Ripps | H, I, IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1493 | YUGALABS_00041652 | Solano, Aronow, Ripps, Cahen | H, I, IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1494 | YUGALABS_00041679 | Solano, Aronow, Ripps, Cahen | H, I, IR, S, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The Exhibit is not speculative as the author claims to have firsthand knowledge of the facts stated  Defendants have not identified how the Exhibit is speculative, especially regarding the Defendants' own actions  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants  There is no unfair prejudice as the Defendants identified Mr  Fine as a relevant witness in support of their defense and have used him in the promotion of their infringing NFTs |
| JTX-1495 | YUGALABS_00042496 | Solano, Aronow, Ripps | H, I | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1496 | YUGALABS_00042504 | Solano, Aronow, Ripps | H, I | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1497 | YUGALABS_00043371 | Solano, Aronow, Ripps | H, I, IR, Q | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1498 | YUGALABS_00043388 | Solano, Aronow, Ripps | H, I, IR | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1510 | 2022 12 05 Cahen's Objections and Responses to First Set of Interrogatories (Nos  1-8) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1511 | 2022 12 05 Ripps' Objections and Responses to Second Set of RFPs (Nos  35-44) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1512 | 2022 12 05 Ripps' Objections and Responses to Second Set of Interrogatories (No  18) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1513 | 2022 12 16 Cahen's Objections and Responses to RFAs (Nos  1-49) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1514 | 2022 12 16 Ripps' Objections and Responses to RFA's (Nos 1-49) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1515 | 2022 12 28 Ripps Second Supplemental Objections and Responses to First Set of Interrogatories (Nos 1-17) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1516 | 2023 01 17 Cahen's Supplemental Objections and Responses to RFAs (Nos 1-49) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1517 | 2023 01 17 Cahen's Supplemental Objections and Responses to First set of Interrogatories (Nos 1-8) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1518 | 2023 01 17 Ripps' Supplemental Objections and Responses to RFAs (Nos 1-49) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1519 | 2023 03 09 Cahen's Second Supplemental Objections and Responses to RFAs (Nos 1-49) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1520 | 2023 03 09 Cahen's Supplemental Objections and Responses to First RFPs (Nos 1-34) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1521 | 2023 03 09 Ripps' Second Supplemental Objections and Responses to RFAs (Nos 1-49) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1522 | 2023 03 09 Ripps' Second Supplemental Objections and Responses to First RFPs (Nos 1-34) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1523 | 2023 03 09 Ripps' Third Supplemental Objections and Responses to First set of Interrogatories (Nos 1-17) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1524 | 2023 04 03 Cahen's Objections and Responses to First RFPs (Nos 44-57) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1525 | 2023 04 03 Cahen's Objections and Responses to Second RFPs (Nos 40-137) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1526 | 2023 04 03 Cahen's Objections and Responses to Second Set of Interrogatories (Nos 9-12) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1527 | 2023 04 03 Ripps' Objections and Responses to Third RFPs (Nos 45-57) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1528 | 2023 04 03 Ripps' Objections and Responses to Second RFAs (Nos 50-128) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1529 | 2023 04 03 Ripps' Objections and Responses to Second Interrogatories (No 19-22) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1530 | 2022 08 15 Ripps' Objections and Responses to First RFPs (Nos 1-34) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1531 | 2022 08 15 Ripps' Objections and Responses to First Interrogatories (Nos 1-17) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1532 | 2022 11 03 Ripps' Supplemental Objections and Responses to First RFPs (Nos 1-34) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1533 | 2022 11 03 Ripps' Supplemental Objections and Responses to First Interrogatories (Nos 1-17) | Ripps | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1534 | 2022 11 28 Cahen's Objections and Resposnes to First RFPs (Nos 1-34) | Cahen | BRPL, C | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1537 | 2022 10 03 [Dkt 48] Defendants' Motion to Strike and Dismiss | Ripps, Cahen | BRPL, C, H, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, including as to the description of the Defendants' use of Yuga Labs' BAYC Marks

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1538 | 2022 10 03 [Dkt 48-1] Declaration of Ryder Ripps | Ripps | BRPL, C | Withdrawn; subject to motion in limine rulings |
| JTX-1539 | 2022 12 27 [Dkt 65] Defendants' Answer, Defenses, and Counterclaims to Complaint | Ripps, Cahen | BRPL, C, UP | Withdrawn; subject to motion in limine rulings |
| JTX-1540 | 2023 02 21 [Dkt 11] Appellants' Opening Brief | Ripps, Cahen | BRPL, C, H, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, including as to the description of the Defendants' use of Yuga Labs' BAYC Marks

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1541 | 2023 01 17 Ryder Ripps Verification | Ripps | BRPL, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1542 | 2023 03 21 [Dkt 157] Declaration of Jeremy Cahen | Cahen | BRPL, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1543 | 2023 03 21 [Dkt  158] Declaration of Ryder Ripps | Ripps | BRPL, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1544 | 2023 04 05 [Dkt  200] Declaration of Ryder Ripps | Ripps | BRPL, IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1545 | 2023 04 05 [Dkt  200] Declaration of Jeremy Cahen | Cahen | BRPL, IR, UP | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1546 | 2023 04 19 [Dkt  221] Declaration of Jeremy Cahen | Cahen | BRPL, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1547 | 2023 04 19 [Dkt  222] Declaration of Ryder Ripps | Ripps | BRPL, IR, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1548 | YUGALABS_00043545 | Solano, Aronow, Ripps, Cahen | D, F, H, IR, S, UP, I | This document did not exist until after the close of discovery  Defendants experienced no prejudice from the timing of the production of this publicly available Exhibit that was otherwise known to them<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The Exhibit is not speculative as the author claims to have firsthand knowledge of the facts stated  Defendants have not identified how the Exhibit is speculative, especially regarding the Defendants' own actions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants  There is no unfair prejudice as the Defendants identified Mr  Fine as a relevant witness in support of their defense and have used him in the promotion of their infringing NFTs<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1549 | LEHMAN0000227 | Kindler | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1550 | LEHMAN0000228 | Kindler | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1551 | LEHMAN0000229 | Kindler | H, I, IR | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1552 | LEHMAN0000230 | Kindler | Q | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1553 | LEHMAN0000231 | Kindler | H, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages  It is also relevant as material relied on under Rule 703 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1554 | LEHMAN0000232 | Kindler | H, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages  It is also relevant as material relied on under Rule 703 |
| JTX-1555 | LEHMAN0000233 | Kindler | H, IR | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages  It is also relevant as material relied on under Rule 703 |
| JTX-1556 | YUGALABS_00029080 - YUGALABS_00029086 | Kindler | H, IR, UP | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1557 | YUGALABS_00030057 | Berger | I, Q, H, UP, F | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' Foundation webpage; even so, this is not a basis for inadmissibility<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>*Not inadmissible hearsay as the Exhibit is a business record under Rule 803(6); alternatively, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own Foundation webpage<br><br>The foundation for the Exhibit has been established through Defendant and can be established at trial |
| JTX-1558 | YUGALABS_00031331 | Solano, Muniz, Ripps, Cahen | I, H, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is not hearsay as the Exhibit is not being offered for the truth of the matter asserted  Alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants' |
| JTX-1559 | YUGALABS_00031368 | O'Laughlin, Kindler | H, IR, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1560 | YUGALABS_00031433 | O'Laughlin, Kindler | H, IR, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |
| JTX-1561 | YUGALABS_00031434 | O'Laughlin, Kindler | H, IR, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |
| JTX-1562 | YUGALABS_00031435 | O'Laughlin, Kindler | H, IR, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |
| JTX-1563 | YUGALABS_00031436 - YUGALABS_00031437 | O'Laughlin, Kindler | H, IR, I, UP, F | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility<br><br>Foundation can be laid at trial through Defendants or experts |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1564 | YUGALABS_00036423 - YUGALABS_00036424 | Ripps, Cahen | I, Q, H, UP, F | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' Foundation webpage; even so, this is not a basis for inadmissibility<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own Foundation webpage<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-1565 | YUGALABS_00043544 | Ripps | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and false advertising<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1566 | YUGALABS_00043546 | Cahen; Kindler | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1567 | YUGALABS_00043547 | Cahen; Kindler | I, IR, UP | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1568 | YUGALABS_00043548 | Cahen; Kindler | H, IR, I, UP | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers and exceptional case  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1569 | YUGALABS_00043549 - YUGALABS_00043550 | Solano; Muniz | H, F, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Labs's ownership of its BAYC Marks |
| JTX-1570 | YUGALABS_00043551 - YUGALABS_00043552 | Solano; Muniz | H, F, IR | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Labs's ownership of its BAYC Marks |
| JTX-1571 | YUGALABS_00043553 | Solano; Muniz | H, F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1572 | YUGALABS_00043554 | Solano; Muniz | H, F | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1573 | YUGALABS_00043559 | Ripps, Kindler | UP, IR | The Exhibit is relevant to, at least, confusion and false advertising<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1574 | RIPPSCAHEN00026004 | Ripps, Cahen, Kindler | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme and their advertising |
| JTX-1575 | RIPPSCAHEN00026023 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme and their advertising |
| JTX-1576 | RIPPSCAHEN00026024 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme and their advertising |
| JTX-1577 | RIPPSCAHEN00026034 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme and their website where they sold and advertised their products |
| JTX-1578 | RIPPSCAHEN00026037 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme<br><br>The Exhibit is relevant to, at least, the value of Defendants' infringing NFTs and bearing on the issue of damages in this case |
| JTX-1579 | RIPPSCAHEN00026040 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme<br><br>The Exhibit is relevant to, at least, the value of Defendants' infringing NFTs and bearing on the issue of damages in this case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-1580 | RIPPSCAHEN00026041 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light // | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements relating to their NFT schemes and false advertising issues in this case |
| JTX-1581 | RIPPSCAHEN00026047 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1582 | RIPPSCAHEN00026048 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1583 | RIPPSCAHEN00026057 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1584 | RIPPSCAHEN00026062 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the valuation and promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising in this case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1585 | RIPPSCAHEN00026068 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case   In fact, it does not appear to have any bearing on outward facing statements made by Defendants | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1586 | RIPPSCAHEN00026069 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case   Whether Defendants had a profit motive along with other motives is irrelevant | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1587 | RIPPSCAHEN00026070 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1588 | RIPPSCAHEN00026076 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1589 | RIPPSCAHEN00026077 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising in this case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1590 | RIPPSCAHEN00026147 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby depriving Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1591 | RIPPSCAHEN00026148 | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby depriving Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme<br><br>The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1592 | YUGALABS_00036090 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///FRE 702: This exhibit which is the survey data for one of Ms  O'Laughlin's surveys should be excluded pursuant to Daubert ///UP FRE 403: Because of manifest errors in survey methodology, this exhibit is much more likely to be prejudicial than probative | Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and is relevant to issues in this case  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the reliable confusion survey data  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony |
| JTX-1593 | YUGALABS_00036097 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///FRE 702: This exhibit which is the survey data for one of Ms  O'Laughlin's surveys should be excluded pursuant to Daubert ///UP FRE 403: Because of manifest errors in survey methodology, this exhibit is much more likely to be prejudicial than probative | Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and is relevant to issues in this case  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the reliable confusion survey data  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony |
| JTX-1594 | YUGALABS_00036124 - YUGALABS_00036126 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807 |
| JTX-1595 | YUGALABS_00036146 | O'Laughlin, Ripps | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely /// | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections |
| JTX-1596 | YUGALABS_00036216 - YUGALABS_00036222 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1597 | YUGALABS_00036223 - YUGALABS_00036224 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807\n\nThe Exhibit is relevant to, at least, Defendants' website used to sell and advertise their infringing NFTs and how consumers encountered them |
| JTX-1598 | YUGALABS_00036245 - YUGALABS_00036256 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807\n\nThe Exhibit is relevant to, at least, Defendants' website used to sell and advertise their infringing NFTs and how consumers encountered them |
| JTX-1599 | YUGALABS_00036412 - YUGALABS_00036420 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue  ///Completeness: (FRE 106): The rendering of the website excludes most of the content of the page rendering the exhibit misleadingly incomplete | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807\n\nThe Exhibit is relevant to, at least, Defendants' website used to sell and advertise their infringing NFTs and how consumers encountered them\n\nThe Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-1600 | YUGALABS_00036421 - YUGALABS_00036422 | Ripps | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue  ///Completeness: (FRE 106): The rendering of the website excludes most of the content of the page rendering the exhibit misleadingly incomplete | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers\n\nThe Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-1601 | YUGALABS_00043561 | Ripps | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency  ///UP FRE 403: As lacking in relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is relevant to, at least, Defendants' false advertising, intended NFT marketplace, and harm and confusion to consumers\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements and consumer statements regarding their conduct |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1602 | YUGALABS_00043564 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery and the parties' exchange of exhibit lists   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, false advertising, and harm and confusion to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct |
| JTX-1603 | YUGALABS_00043563 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency  ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery and the parties' exchange of exhibit lists   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, promotions, false advertising, and harm and confusion to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct |
| JTX-1604 | YUGALABS_00043566 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency  ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery and the parties' exchange of exhibit lists   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, false advertising, harm and confusion to consumers, and profits from that conduct

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct and profits from that conduct |
| JTX-1605 | YUGALABS_00043568 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency  ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, false advertising, and harm and confusion to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct |
| JTX-1606 | YUGALABS_00043570 - YUGALABS_00043572 | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency  ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1607 | YUGALABS_00043574 - YUGALABS_00043576 | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency  ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1608 | YUGALABS_00043578 - YUGALABS_00043579 | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1609 | YUGALABS_00043580 - YUGALABS_00043581 | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1610 | YUGALABS_00043582 - YUGALABS_00043584 | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1611 | YUGALABS_00043585 - YUGALABS_00043587 | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1612 | YUGALABS_00034060 - YUGALABS_00035094 | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted //FRE 702: To the extent this is being used to support the testimony of Ms  O'Laughlin it should be excluded pursuant to Defendants' motion-in-limine ///IR FRE 401, 402: This exhibit is irrelevant to the claims and defenses at issue | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807   The Exhibit is material relied upon under Rule 703 and is relevant to issues in this case   Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony |
| JTX-1613 | YUGALABS_00043588 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The Exhibit is relevant to, at least, the valuation of Defendants' infringing product, Defendants' promotion of their infringing product, and the harm and confusion to consumers   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and statements |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1614 | YUGALABS_00043589 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue  ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is relevant to, at least, the valuation of Defendants' infringing product, Defendants' promotion of their infringing product, and the harm and confusion to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and statements |
| JTX-1615 | YUGALABS_00043590 | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue  ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is relevant to, at least, the valuation of Defendants' infringing product, Defendants' promotion of their infringing product, and the harm and confusion to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and statements |
| JTX-1616 | YUGALABS_00033714 - YUGALABS_00033718 | Kindler | ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue  ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit is relevant to, at least, the valuation of Defendants' infringing product and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from information about the profitability and valuation of Defendants' NFT scheme |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-201 | Solano Depo Exhibit 201 | Solano | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-202 | Solano Depo Exhibit 202 | Solano | No objection | |
| JTX-203 | Solano Depo Exhibit 203 | Solano | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-204 | Solano Depo Exhibit 204 | Solano | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-205 | Solano Depo Exhibit 205 | Solano | This exhibit is incomplete and misleading as presented  FRE 106 | The document is a printout of the BAYC website and is not incomplete |
| JTX-206 | Solano Depo Exhibit 206 | Solano | No objection | |
| JTX-207 | Solano Depo Exhibit 207 | Solano | No objection | |
| JTX-208 | Solano Depo Exhibit 208 | Solano | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-209 | Solano Depo Exhibit 209 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106 | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered  Moreover, it is relevant to the subject of Mr Ripps and Mr Cahen's critcisim, which goes to willfulness |
| JTX-210 | Solano Depo Exhibit 210 | Solano | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document  Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-211 | Solano Depo Exhibit 211 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation  This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein   FRE 801, 802, 803 | The RR/BAYC logo is plainly relevant to the case  Mr Ripps plainly can lay the foundation for the image because he created it  The image is not hearsay if not offered for the truth  Its existence is relevant to Mr Ripps purpose for creating RR/BAYC which goes to willfulness/damages |
| JTX-212 | Solano Depo Exhibit 212 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation  This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein  FRE 801, 802, 803 | The RR/BAYC logo and the BAYC logo together are plainly relevant to the case  Mr Ripps plainly can lay the foundation for the image because he created it  The image is not hearsay if not offered for the truth  Its existence is relevant to Mr Ripps purpose for creating RR/BAYC which goes to willfulness/damages |
| JTX-213 | Solano Depo Exhibit 213 | Solano | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document  Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-214 | Solano Depo Exhibit 214 | Solano | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document  Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-215 | Solano Depo Exhibit 215 | Solano | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-216 | Solano Depo Exhibit 216 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | This image is relevant to background relating to investing in crypto |
| JTX-217 | Solano Depo Exhibit 217 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | The BAYC Roadmap is relevant to damages issues in this case, including hte extent to which any damage Yuga suffered is attributable to its own conduct   The roadmap itself is a complete capture of one page from Plaintiff's website   Other pages are in the record, as are numerous other individual webpages   Therefore it is not incomplete |
| JTX-0218 | Solano Depo Exhibit 218 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | This image is relevant to background relating to investing in crypto |
| JTX-219 | Muniz Depo Exhibit 219 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-220 | Muniz Depo Exhibit 220 | Muniz | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-221 | Muniz Depo Exhibit 221 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Yuga posted articles that BAYC has problematic imagery   /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-222 | Muniz Depo Exhibit 222 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-223 | Muniz Depo Exhibit 223 | Muniz | No objection | |
| JTX-224 | Muniz Depo Exhibit 224 | Muniz | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-225 | Muniz Depo Exhibit 225 | Muniz | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-226 | Muniz Depo Exhibit 226 | Muniz | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-227 | Muniz Depo Exhibit 227 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-230 | Muniz Depo Exhibit 230 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered   Moreover, it is relevant to the suject of Mr  Ripps and Mr  Cahen's critcisim, which goes to willfulness |
| JTX-231 | Muniz Depo Exhibit 231 | Muniz | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is plainly relevant to background of the BAYC project and to RR/BAYC and the reasons for its creation  /// Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, such as to provide context for Yuga's business and place in the market |
| JTX-232 | Muniz Depo Exhibit 232 | Muniz | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks   It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-233 | Muniz Depo Exhibit 233 | Muniz | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks   It is plainly relevant and the image itself is not "incomplete" or "misleading" |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-234 | Muniz Depo Exhibit 234 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-235 | Muniz Depo Exhibit 235 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-236 | Muniz Depo Exhibit 236 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This is the BAYC page from Opensea  It is plainly relevant to issues including damages and willfulness  The document represents a complete webpage from opensea and is not incomplete  Ms Muniz can plainly lay foundation for the secondary sale location for Yuga's "flagship" product  The document contains statements by a party opponent and can be offered for a non hearsay purpose such as general background without offering the document for its truth |
| JTX-237 | Muniz Depo Exhibit 237 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-238 | Muniz Depo Exhibit 238 | Muniz | No objection | |
| JTX-239 | Muniz Depo Exhibit 239 | Muniz | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-240 | Muniz Depo Exhibit 240 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception   The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-241 | Muniz Depo Exhibit 241 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages |
| JTX-242 | Muniz Depo Exhibit 242 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages  /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception   The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-244 | Muniz Depo Exhibit 244 | Muniz | No objection | |
| JTX-245 | Muniz Depo Exhibit 245 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga's engagement of celebrities is relevant to the nature of its brand as well as alternative sourcesof harm, which are relevant to damages  /// Hearsay: The document can be offered for a non-hearsay purpose, namely that articles were written about celebrity endorsements for BAYC |
| JTX-247 | Muniz Depo Exhibit 247 | Muniz | No objection | |
| JTX-248 | Muniz Depo Exhibit 248 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation  FRE 106, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901 | Relevance: The price at which RR/BAYCs were sold on the secondary market is directly relevant to damages  The document is not incomplete because it shows the relevant portions of a foundation page   Ms Muniz is aware of secondary sales of RR/BAYC as eivdenced by her depostiion testimony and can lay an appropriate foundation |
| JTX-249 | Muniz Depo Exhibit 249 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase  FRE 106, 901, 403 | Mr Ripps disclaimer statement goes directly to willfulness and damages issues |
| JTX-250 | Muniz Depo Exhibit 250 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document goes directly to the extent of the confusion and extent of harm to Yuga, which is a damages issue   The document will not be offered for the truth, but rather the state of mind of consumers |
| JTX-251 | Atalay Depo Exhibit 251 | Atalay | This exhibit is incomplete and misleading as presented  FRE 106   Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-252 | Atalay Depo Exhibit 252 | Atalay | No objection | |
| JTX-253 | Atalay Depo Exhibit 253 | Atalay | No objection | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-254 | Atalay Depo Exhibit 254 | Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented FRE 106  It is missing other pages from the website | The BAYC Roadmap is relevant to damages issues in this case, including hte extent to which any damage Yuga suffered is attributable to its own conduct  The roadmap itself is a complete capture of one page from Plaintiff's website  Other pages are in the record, as are numerous other individual webpages  Therefore it is not incomplete |
| JTX-255 | Atalay Depo Exhibit 255 | Atalay | This exhibit is irrelevant; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-256 | Oseary Depo Exhibit 256 | Oseary | No objection | |
| JTX-257 | Oseary Depo Exhibit 257 | Oseary | No objection | |
| JTX-258 | Oseary Depo Exhibit 258 | Oseary | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-259 | Oseary Depo Exhibit 259 | Oseary | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-260 | Oseary Depo Exhibit 260 | Oseary | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-261 | Oseary Depo Exhibit 261 | Oseary | No objection | |
| JTX-262 | Oseary Depo Exhibit 262 | Oseary | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-263 | Oseary Depo Exhibit 263 | Oseary | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-264 | Oseary Depo Exhibit 264 | Oseary | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-265 | Oseary Depo Exhibit 265 | Oseary | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-266 | Aronow Depo Exhibit266 | Aronow | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document, and depending on the outcome of Plaintiff's motion in limine no 1 | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-267 | Aronow Depo Exhibit 267 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Foundation/Incompleteness:  Yuga's founders have personal knowledge about the origin of the name Yuga and can testify as to that relative to the contents of thsi document   The document is not incomplete as it is a complete copy of the online article  /// Relevance  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill  ///  Hearsay: The document is not being offered for the truth of the matter asserted, but the fact that others have raised concerns about the origin of Yuga's name |
| JTX-268 | Aronow Depo Exhibit 268 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-269 | Aronow Depo Exhibit 269 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-270 | Aronow Depo Exhibit 270 | Aronow | This exhibit is incomplete and misleading as presented  FRE 106   Exhibit A to the complaint is missing from this exhibit | Incomplete:  Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-271 | Aronow Depo Exhibit 271 | Aronow | No objection | |
| JTX-272 | Aronow Depo Exhibit 272 | Aronow | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-273 | Aronow Depo Exhibit 273 | Aronow | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-274 | Aronow Depo Exhibit 274 | Aronow | No objection | |
| JTX-275 | Aronow Depo Exhibit 275 | Aronow | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-276 | Aronow Depo Exhibit 276 | Aronow | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-277 | Aronow Depo Exhibit 277 | Aronow | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-278 | Aronow Depo Exhibit 278 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-279 | Aronow Depo Exhibit 279 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-280 | Aronow Depo Exhibit 280 | Aronow | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-281 | Aronow Depo Exhibit 281 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-282 | Aronow Depo Exhibit 282 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-283 | Aronow Depo Exhibit 283 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-284 | Aronow Depo Exhibit 284 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-285 | Aronow Depo Exhibit 285 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|-----------------------|
| JTX-286 | Aronow Depo Exhibit 286 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-287 | Aronow Depo Exhibit 287 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-288 | Aronow Depo Exhibit 288 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-289 | Aronow Depo Exhibit 289 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-290 | Aronow Depo Exhibit 290 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-291 | Aronow Depo Exhibit 291 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-292 | Aronow Depo Exhibit 292 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-293 | Aronow Depo Exhibit 293 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-294 | Aronow Depo Exhibit 294 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception   The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-295 | Aronow Depo Exhibit 295 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO ///  Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception   The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-296 | Aronow Depo Exhibit 296 | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered  Moreover, it is relevant to the suject of Mr  Ripps and Mr  Cahen's critcsim, which goes to willfulness |
| JTX-297 | Aronow Depo Exhibit 297 | Aronow | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception   The document can also be used for a non-hearsay purpose, such as to provide context for Yuga's business and place in the market |
| JTX-298 | Aronow Depo Exhibit 298 | Aronow | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-299 | Aronow Depo Exhibit 299 | Aronow | This exhibit is incomplete and misleading as presented  FRE 106  Defendants have modified the exhibit to hide and obscure their infringement as they have admitted during depositions  For those reasons, the exhibit as is, is further misleading and objectionable under FRE 403 | The nature of the objection is unclear as written; Defendants are willing to meet and confer to discuss the substance |
| JTX-300 | Berger Depo Exhibit 01 | Berger | No objection | |
| JTX-301 | Berger Depo Exhibit 03 | Berger | No objection | |
| JTX-302 | Berger Depo Exhibit 04 | Berger | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   This is not an authentic exhibit as it is a document created by counsel or Defendants   It is not evidence that exists independently of counsel's or Defendants' creation | The SS Totenkopf logo goes directly to the purpose for RR/BAYC, criticisms of Yuga, and damages and willfulness issues generally |
| JTX-303 | Berger Depo Exhibit 05 | Berger | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   This is not an authentic exhibit as it is a document created by counsel or Defendants   It is not evidence that exists independently of counsel's or Defendants' creation   This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein   FRE 801, 802, 803 | The SS Totenkopf logo (and its comparison to the BAYC logo) goes directly to the purpose for RR/BAYC, criticisms of Yuga, and damages and willfulness issues generally |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-304 | Berger Depo Exhibit 07 | Berger | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third- party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-305 | Berger Depo Exhibit 09 | Berger | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-306 | Berger Depo Exhibit 22 | Berger | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Hearsay: The document is not being offered for the truth, but only for the existence of commentary on the decline in crypto prices |
| JTX-307 | Berger/Cahen Depo Exhibit 28 | Berger | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the controversy surrounding the NYC artowkr // Incomplete: The document is a fully incorporated news article and is not incomplete   ///  Hearsay: The document is not being offered for the truth, but shows |
| JTX-308 | Kindler Depo Exhibit 01 | Kindler | No objection | |
| JTX-309 | Kindler Depo Exhibit 02 | Kindler | This exhibit is incomplete and misleading as presented  FRE 106   Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-310 | O'Laughlin Depo Exhibit 01 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-311 | O'Laughlin Depo Exhibit 02 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-312 | O'Laughlin Depo Exhibit 03 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete ///  Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-313 | O'Laughlin Depo Exhibit 04 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete ///  Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-314 | O'Laughlin Depo Exhibit 05 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete ///  Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-315 | O'Laughlin Depo Exhibit 06 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete ///  Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-316 | O'Laughlin Depo Exhibit 07 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-317 | O'Laughlin Depo Exhibit 08 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-318 | O'Laughlin Depo Exhibit 09 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-319 | O'Laughlin Depo Exhibit 10 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-320 | O'Laughlin Depo Exhibit 11 | O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602 <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-401 | Ehrlund Depo Exhibit 401 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602 <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-402 | Ehrlund Depo Exhibit 402 | Ehrlund | No objection | |
| JTX-403 | Ehrlund Depo Exhibit 403 | Ehrlund | No objection | |
| JTX-404 | Ehrlund Depo Exhibit 404 | Ehrlund | No objection | |
| JTX-405 | Ehrlund Depo Exhibit 405 | Ehrlund | No objection | |
| JTX-406 | Ehrlund Depo Exhibit 406 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As set forth in Ms  O'Laughlin's deposition transcript, this exhibit is relevant to alternative sources of harm to Yuga, namely the problematic nature of some of the Ape images  The twwet is hearsay subject to an exception because it is offered for its effect on the listener  Moreover, teh tweet can also be offered for a non-hearsay purpose, such as to show the existence of tweets criticizing Yuga labs |
| JTX-407 | Ehrlund Depo Exhibit 407 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Mr  Ripps stature as an artist goes directly to willfulness among other issues  The article can be offered for a nonhearsay purpose, such as that there are articles stating that Mr  Ripps is an artist |
| JTX-408 | Ehrlund Depo Exhibit 408 | Ehrlund | No objection | |
| JTX-409 | Ehrlund Depo Exhibit409 | Ehrlund | This exhibit is incomplete and misleading as presented  FRE 106   Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-410 | Ehrlund Depo Exhibit 410 | Ehrlund | No objection | |
| JTX-411 | Ehrlund Depo Exhibit 411 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit is incomplete and misleading as presented, especially as the image as presented to consumers is not static  FRE 106 | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Incomplete:  Whether the logo is spinning is not material to any issue in this case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-412 | Ehrlund Depo Exhibit 412 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-413 | Ehrlund Depo Exhibit 413 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-414 | Ehrlund Depo Exhibit 414 | Ehrlund | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on the listener |
| JTX-2000 | YUGALABS_00027407-YUGALABS_00027412 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants claims have been dismissed | This document is relevant as Yuga has indicated they might consider claiming these expenditures in damages |
| JTX-2001 | YUGALABS_00040355-YUGALABS_00040355 | Atalay, Ripps, Cahen, Muniz | This exhibit is misleading as presented  FRE 401, 611(a), 403 | The exhibit is not misleading   It contains appdetex invoices that are relevant to damages |
| JTX-2002 | YUGALABS_00030081-YUGALABS_00030082 | Atalay, Ripps, Cahen, Muniz, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | This is just an etherscan page, there is nothing misleading about it |
| JTX-2003 | YUGALABS_00030223-YUGALABS_00030230 | Atalay, Aronow, Solano, Muniz, Oseary, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | This is just a webpage and there is nothing misleading about it |
| JTX-2004 | YUGALABS_00027531-YUGALABS_00027531 | Atalay, Aronow, Solano, Muniz, Oseary, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | This is just a webpage and there is nothing misleading about it |
| JTX-2005 | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 25 | Muniz, Ripps | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403 | Document contains relevant information about a variety of topics   Nothing misleading about the document |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2006 | YUGALABS_00030348-YUGALABS_00030348 | Muniz, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2007 | YUGALABS_00030346-YUGALABS_00030346 | Muniz, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2008 | YUGALABS_00015439-YUGALABS_00015439 | Muniz | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2009 | YUGALABS_00030072-YUGALABS_00030072 | Muniz, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2010 | YUGALABS_00030112-YUGALABS_00030112 | Muniz, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2011 | YUGALABS_00002279-YUGALABS_00002326 | Muniz, Ripps, Cahen, Lehman, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2012 | YUGALABS_00029886-YUGALABS_00029888 | Ripps, Cahen, Lehman, Muniz, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2013 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 109 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Defendants will only seek to introduce this evidence if Yuga asserts the Ape Mark, since its registration has been abandoned |
| JTX-2014 | RIPPSCAHEN00020732-RIPPSCAHEN00020733 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Defendants will only seek to introduce this evidence if Yuga asserts the Ape Mark, since its registration has been abandoned |
| JTX-2015 | RIPPSCAHEN00023102-RIPPSCAHEN00023195 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2016 | RIPPSCAHEN00023196-RIPPSCAHEN00023310 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2017 | RIPPSCAHEN00023311-RIPPSCAHEN00023405 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2018 | RIPPSCAHEN00023406-RIPPSCAHEN00023489 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2019 | RIPPSCAHEN00023543-RIPPSCAHEN00023607 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2020 | RIPPSCAHEN00024142-RIPPSCAHEN00024249 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2021 | RIPPSCAHEN00024250-RIPPSCAHEN00024379 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2022 | RIPPSCAHEN00024380-RIPPSCAHEN00024487 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2023 | RIPPSCAHEN00024488-RIPPSCAHEN00024614 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2024 | RIPPSCAHEN00024927-RIPPSCAHEN00024928 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation   To the extent Defendants rely on only portions of this exhibit containing statements from the USPTO, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues   FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2025 | RIPPSCAHEN00001370-RIPPSCAHEN00001370 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC   They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2026 | RIPPSCAHEN00001410-RIPPSCAHEN00001410 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC   They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2027 | RIPPSCAHEN00001485-RIPPSCAHEN00001485 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC   They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2028 | RIPPSCAHEN00001496-RIPPSCAHEN00001496 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC   They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2029 | RIPPSCAHEN00001500-RIPPSCAHEN00001500 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC   They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2030 | RIPPSCAHEN00001509-RIPPSCAHEN00001509 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2031 | RIPPSCAHEN00001517-RIPPSCAHEN00001517 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2032 | RIPPSCAHEN00001558-RIPPSCAHEN00001558 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2033 | RIPPSCAHEN00001577-RIPPSCAHEN00001577 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2034 | RIPPSCAHEN00001622-RIPPSCAHEN00001622 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2035 | RIPPSCAHEN00001655-RIPPSCAHEN00001655 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2036 | RIPPSCAHEN00001687-RIPPSCAHEN00001687 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2037 | RIPPSCAHEN00001737-RIPPSCAHEN00001737 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2038 | RIPPSCAHEN00001786-RIPPSCAHEN00001786 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2039 | RIPPSCAHEN00001869-RIPPSCAHEN00001869 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2040 | RIPPSCAHEN00015992-RIPPSCAHEN00015993 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403   This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed   FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete   /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |
| JTX-2041 | RIPPSCAHEN00016204-RIPPSCAHEN00016208 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403   This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed   FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete   /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2042 | RIPPSCAHEN00016955-RIPPSCAHEN00016956 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403   This exhibit is misleading as presented  FRE 401, 611(a), 403  This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed   FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete   /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |
| JTX-2043 | RIPPSCAHEN00017064-RIPPSCAHEN00017065 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403   This exhibit is misleading as presented  FRE 401, 611(a), 403  This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed   FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete   /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |
| JTX-2044 | RIPPSCAHEN00025221-RIPPSCAHEN00025229 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is misleading as presented  FRE 401, 611(a), 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information about benefits provided to BAYC holders, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2045 | RIPPSCAHEN00000866-RIPPSCAHEN00000869 | Ripps, Cahen, Lehman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant as it shows public information about Defendant Ripps, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in creating art and have an expectation that his work is received as art //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2046 | RIPPSCAHEN00025244-RIPPSCAHEN00025244 | Muniz, Aronow, Atalay, Oseary, Solano, Ripps, Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information about the use of BAYC Marks before Yuga's first use, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a  public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2047 | RIPPSCAHEN00025245-RIPPSCAHEN00025245 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information about the use of BAYC Marks before Yuga's first use, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a  public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2048 | RIPPSCAHEN00025325-RIPPSCAHEN00025329 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information about the use of BAYC Marks before Yuga's first use, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a  public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2049 | RIPPSCAHEN00020734-RIPPSCAHEN00020734 | Ripps, Cahen, Hickman, Muniz, Oseary, Aronow, Solano, Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602  This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information on etherscan about the transfer of rights in BAYC Marks to the ApeCoin DAO, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a  a public website //Hearsay: This document is not hearsay as it is being used to show effect on the listener, and not for the truth of the matter asserted |
| JTX-2050 | RIPPSCAHEN00020735-RIPPSCAHEN00020736 | Ripps, Cahen, Hickman, Muniz, Oseary, Aronow, Solano, Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information on an NFT transfer that purports to transfer rights in BAYC Marks to the ApeCoin DAO, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use  of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show effect on the listener, and not for the truth of the matter asserted |
| JTX-2051 | RIPPSCAHEN00025312-RIPPSCAHEN00025312 | Ripps, Cahen, Hickman, Lehman, Oseary, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows public information about the value of benefits provided to BAYC holders, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2052 | RIPPSCAHEN00020821-RIPPSCAHEN00020824 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2053 | RIPPSCAHEN00020919-RIPPSCAHEN00020919 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2054 | RIPPSCAHEN00025210-RIPPSCAHEN00025211 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2055 | RIPPSCAHEN00025252-RIPPSCAHEN00025253 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2056 | RIPPSCAHEN00025254-RIPPSCAHEN00025259 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2057 | RIPPSCAHEN00025260-RIPPSCAHEN00025261 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2058 | RIPPSCAHEN00025262-RIPPSCAHEN00025263 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2059 | RIPPSCAHEN00025299-RIPPSCAHEN00025303 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2060 | RIPPSCAHEN00025282-RIPPSCAHEN00025283 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2061 | RIPPSCAHEN00025284-RIPPSCAHEN00025286 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2062 | RIPPSCAHEN00025289-RIPPSCAHEN00025290 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2063 | RIPPSCAHEN00025287-RIPPSCAHEN00025288 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2064 | RIPPSCAHEN00025291-RIPPSCAHEN00025292 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2065 | RIPPSCAHEN00025293-RIPPSCAHEN00025294 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2066 | RIPPSCAHEN00025295-RIPPSCAHEN00025296 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2067 | RIPPSCAHEN00025346-RIPPSCAHEN00025348 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2068 | RIPPSCAHEN00025297-RIPPSCAHEN00025298 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2069 | RIPPSCAHEN00025289-RIPPSCAHEN00025290 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2070 | RIPPSCAHEN00025319-RIPPSCAHEN00025324 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2071 | RIPPSCAHEN00025306-RIPPSCAHEN00025307 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2072 | RIPPSCAHEN00025308-RIPPSCAHEN00025309 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2073 | RIPPSCAHEN00025310-RIPPSCAHEN00025311 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2074 | RIPPSCAHEN00025351-RIPPSCAHEN00025370 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2075 | RIPPSCAHEN00018890-RIPPSCAHEN00018890 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901    This is not an authentic exhibit as it is a document created by counsel or Defendants   It is not evidence that exists independently of counsel's or Defendants' creation   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and well as widescale third party use of the BAYC Marks which goes to Defendants state of mind   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the document // Incomplete: The document is a fully incorporated image   /// Hearsay: The document is not being offered for the truth, but only for showing the statement mind as evidenced in the creation of this document and effect on state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2076 | RIPPSCAHEN00017081-RIPPSCAHEN00017081 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundatio  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated website and is not incomplete  ///  Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2077 | RIPPSCAHEN00017194-RIPPSCAHEN00017194 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2078 | RIPPSCAHEN00017246-RIPPSCAHEN00017246 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  ///  Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2079 | RIPPSCAHEN00017224-RIPPSCAHEN00017226 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  ///  Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2080 | RIPPSCAHEN00017210-RIPPSCAHEN00017210 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2081 | RIPPSCAHEN00018547-RIPPSCAHEN00018547 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2082 | RIPPSCAHEN00017258-RIPPSCAHEN00017267 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated webpage and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2083 | RIPPSCAHEN00018558-RIPPSCAHEN00018558 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2084 | RIPPSCAHEN00018559-RIPPSCAHEN00018559 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind   /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image/tweet and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2085 | RIPPSCAHEN00021149-RIPPSCAHEN00021175 | Ripps, Cahen, Hickman, Lehman Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode: This document is an accurate capture of the first few pages of rrbayc com in a manner that resembles how the website actually appears on the internet and, thus, there is nothing misleading or prejudicial |
| JTX-2086 | RIPPSCAHEN00021219-RIPPSCAHEN00021219 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase  FRE 106, 901, 403 | Relevance:  this document is relevant to Defendants state of mind and ot the extent of damages  /// Completeness:  This document is a full capture of the disclaimer and there is evidence in the record showing that the disclaimer was shown to purchasers on rrbayc com and Twitter, where nearly all sales occurred |
| JTX-2087 | RIPPSCAHEN00019988-RIPPSCAHEN00019988 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode:  The exhibit is not misleading because it is a full screen capture of the the Foundation page for RR/BAYC NFTs as shown on the Wayback Machine |
| JTX-2088 | RIPPSCAHEN00020804-RIPPSCAHEN00020805 | Ripps, Cahen, Hickman, Lehman, Muniz, Atalay, Aronow, Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevant:  The exhibit is relevant because it shows the terms for BAYC NFTs that informed Defendants' and the publics' state of mind regarding rights associated with RR/BAYC NFTs  This exhibit is further relevant as to damages  /// Completeness:  This exhibit is a full and accurate capture of the terms and conditions for BAYC NFTs |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2089 | RIPPSCAHEN00019869-RIPPSCAHEN00019869 | Ripps, Cahen, Hickman, Lehman, Muniz, Atalay, Aronow, Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901 | Relevances:  This exhibit is relevant to damages as is relates to overlapping markets // Completeness:  This exhibit is a full and accurate screenshot of the Wayback Machin page for the initial list of BAYC NFTs on Foundation  // Foundation:  Yuga's founders and the Defendants can lay Foundation regarding this pubicly available information on a public website that at least the Defendants have accessed in the past |
| JTX-2090 | RIPPSCAHEN00020596-RIPPSCAHEN00020597 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901 | Relevances:  This exhibit is relevant to damages as is relates to overlapping markets // Completeness:  This exhibit is a full and accurate screenshot of the Wayback Machin page for BAYC NFTs on Foundation  // Foundation:  Yuga's founders and the Defendants can lay Foundation regarding this pubicly available information on a public website that at least the Defendants have accessed in the past |
| JTX-2091 | RIPPSCAHEN00020829-RIPPSCAHEN00020830 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Misleading:  This exhibit is not misleading because it is a accurate capture of the Etherscan NFT page for BAYC 3721 /// Relevance:  This exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  // Hearsay:  This document isn not hearsy because it is not being offered for the truth of the matter asserted   It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind |
| JTX-2092 | RIPPSCAHEN00025264-RIPPSCAHEN00025264 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, images from the exhibit appear to be missing  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Misleading:  This exhibit is not misleading because it is a accurate capture of the Etherscan NFT page for RR?BAYC 193 /// Relevance:  This exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  // Hearsay:  This document isn not hearsy because it is not being offered for the truth of the matter asserted   It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind |
| JTX-2093 | RIPPSCAHEN00016832-RIPPSCAHEN00016844 | Ripps, Cahen, Muniz, Hickman, Aronow, Solano, Oseary | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 403  This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation   FRE 401, 402, 611(a), 602  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary   No unrelated tweets are included in this document   This document presents tweets that are presented together on the same webpage on twitter  /// Hearsay:  This document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2094 | RIPPSCAHEN00016868-RIPPSCAHEN00016872 | Ripps, Cahen, Hickman, Lehman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary   No unrelated tweets are included in this document   This document presents tweets that are presented together on the same webpage on twitter  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2095 | RIPPSCAHEN00018818-RIPPSCAHEN00018818 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2096 | RIPPSCAHEN00019015-RIPPSCAHEN00019015 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2097 | RIPPSCAHEN00019017-RIPPSCAHEN00019017 | Ripps, Cahen, Hickman, Lehman, Solano, Aronow, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2098 | RIPPSCAHEN00019521-RIPPSCAHEN00019526 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents tweets that are presented together on the same webpage on Twitter  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2099 | RIPPSCAHEN00017520-RIPPSCAHEN00017520 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase   FRE 106, 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2100 | RIPPSCAHEN00017521-RIPPSCAHEN00017521 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase    FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2101 | RIPPSCAHEN00017522-RIPPSCAHEN00017522 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase    FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2102 | RIPPSCAHEN00017523-RIPPSCAHEN00017523 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase    FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2103 | RIPPSCAHEN00017526-RIPPSCAHEN00017526 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase    FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2104 | RIPPSCAHEN00017525-RIPPSCAHEN00017525 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase  FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2105 | RIPPSCAHEN00017524-RIPPSCAHEN00017524 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase  FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2106 | RIPPSCAHEN00022427-RIPPSCAHEN00022451 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2107 | RIPPSCAHEN00022452-RIPPSCAHEN00022452 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2108 | RIPPSCAHEN00022513-RIPPSCAHEN00022513 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2109 | RIPPSCAHEN00022684-RIPPSCAHEN00022684 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2110 | RIPPSCAHEN00022685-RIPPSCAHEN00022685 | Muniz, Ripps, Cahen, O'Laughlin, Kindler, Berger | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2111 | RIPPSCAHEN00022453-RIPPSCAHEN00022454 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2112 | RIPPSCAHEN00022455-RIPPSCAHEN00022473 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2113 | RIPPSCAHEN00015350-RIPPSCAHEN00015350 | Ripps, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of Twitter messages  /// Foundation:  Defendants can lay foundation for  based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2114 | RIPPSCAHEN00015351-RIPPSCAHEN00015351 | Ripps, Cahen, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2115 | RIPPSCAHEN00015353-RIPPSCAHEN00015353 | Ripps, Cahen, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post   No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2116 | RIPPSCAHEN00015356-RIPPSCAHEN00015356 | Ripps, Cahen, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post   No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2117 | RIPPSCAHEN00015335-RIPPSCAHEN00015335 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post   No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2118 | RIPPSCAHEN00022479-RIPPSCAHEN00022479 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post   No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2119 | RIPPSCAHEN00022493-RIPPSCAHEN00022493 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post   No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2120 | RIPPSCAHEN00022686-RIPPSCAHEN00022686 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  ///  Completeness:  This exhibit is an accurate capture of a comment on a Twitter post   This document shows a full and accurate depiction of the comment and related tweets, as shown on Twitter  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2121 | RIPPSCAHEN00040400-RIPPSCAHEN00040400 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  ///  Completeness:  This exhibit is an accurate depiction of the comment and related tweets, as shown on Twitter  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2122 | RIPPSCAHEN00017539-RIPPSCAHEN00017539 | Ripps, Cahen, Solano, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a comment on a Twitter post  ///  Foundation:  Greg Solano and Defendants can lay foundation for this public post based on their personal knowledge  ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2123 | RIPPSCAHEN00025330-RIPPSCAHEN00025330 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen, | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  ///  Foundation:  Yuga, through its corporate representative and founders, as well as Defendants can lay foundation for this public post based on their personal knowledge  ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2124 | RIPPSCAHEN00017268-RIPPSCAHEN00017269 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  ///  Foundation:  Yuga, through its corporate representative and founders, as well as Defendants can lay foundation for this public post based on their personal knowledge  ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2125 | RIPPSCAHEN00020426-RIPPSCAHEN00020426 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2126 | RIPPSCAHEN00020425-RIPPSCAHEN00020425 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2127 | RIPPSCAHEN00020427-RIPPSCAHEN00020427 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2128 | RIPPSCAHEN00020428-RIPPSCAHEN00020428 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2129 | RIPPSCAHEN00020414-RIPPSCAHEN00020414 | Muniz, Solano, Aronow, Atalay, Oseary, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance:  This exhibit is relevant to Defendants' state of mind/willfulness  ///  Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2130 | RIPPSCAHEN00020423-RIPPSCAHEN00020423 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance:  This exhibit is relevant to Defendants' state of mind/willfulness  ///  Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2131 | RIPPSCAHEN00020422-RIPPSCAHEN00020422 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance/Prejudice/Mode:  This exhibit is not misleading   It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2132 | RIPPSCAHEN00019960-RIPPSCAHEN00019987 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is misleading as presented  FRE 401, 611(a), 403  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  ///  Misleading:  This exhibit is an accurate capture of a public Twitter post  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2133 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 238 | Muniz, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)   Indeed, this exhibit contains only a portion of the full video  This exhibit contains nonparty information for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to damages and willfullness  ///  Foundation:  Yuga's corporate representative and Defendants can both lay foundation for this public video based on their personal knowledge  ///  Authentication:  Yuga's corporate respresentative and Defendants can both confirm/verify the authenticity of the video and that the events in the video in fact did take place  ///  Hearsay: this exhibit is not being brough in for the truth of the matter asserted   It is evidence of public activity that occured and also evidence of effect on listeners and state of mind of Defendants |
| JTX-2134 | RIPPSCAHEN00021022-RIPPSCAHEN00021022 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessced because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevant: This exhibit is relevant to damages and willfulness  ///  Foundation:  Defendants can lay foundation for this exhibit based on their personal knowledge  ///  Incompleteness:  This exhibits is a true and accurate version of publicly available third party materials created/displayed in connection with a third party brand and/or product  ///  Hearsay:  This exhibit is not being brough in for the truth of the matter asserted   It is evidence of pubilcy activity and brought in to show effect on the listener |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2135 | RIPPSCAHEN00016301-RIPPSCAHEN00016308 | Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Oseary, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market //  Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2136 | RIPPSCAHEN00025314-RIPPSCAHEN00025314 | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is related to damages and willfullness as supporting that Yuga was no longer released Bored Ape NFTs under the marks  /// Misleading:  The exhibits is an accurate capture of a twitter post made by Greg Solano /// The statement is not hearsay because it is not being brought in for truth of the matter asserted   It is being brought in to shows the existence of public activity and effect on the listeners  It is also a party admission |
| JTX-2137 | RIPPSCAHEN00016193-RIPPSCAHEN00016198 | Muniz, Aronow, Solano, Atalay, Ripps, Cahen, Hickman | This exhibit is misleading as presented  FRE 401, 611(a), 403 | Misleading:  This exhibit is an accurate capture |
| JTX-2138 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 1 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales, how the information was compiled, or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit includes multiple unrelated links to websites, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit  FRE 801, 802, 803  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevance to damages as evidence of third party use of the BAYC Marks  ///  Foundation:  This exhibit is part of Defendant Ryder Ripps prior declaration and Defendant Ripps can lay foundation as to the document, the links in the document, its reliability, how it was created, and its relevance to the issues for trial  /// Hearsay:  This document is not being brough in to proved teh truth of the matter asserted in an out of cout statement   This document is being brought in to show Defendants' state of mind and the existence of public activity |
| JTX-2139 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 3 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay: this document is not being brought in to offer the truth of teh matter asserted   It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2140 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 4 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay: this document is not being brought in to offer the truth of teh matter asserted   It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2141 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 5 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay: this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2142 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 6 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay: this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2143 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 7 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay: this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2144 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 8 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay: this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2145 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 9 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public website  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available webpage  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2146 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 11 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public webpage/article  /// Hearsay:  Defendants can lay foundation regarding this record of a publicly available webpage  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2147 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 12 | Ripps, Cahen, | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public website  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available webpage  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2148 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 13 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public post  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2149 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 14 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public post  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2150 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 15 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public post  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2151 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 16 | Ripps, Cahen, Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be created by an entity or individual that has hidden its identity

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2152 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 17 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be created by an entity or individual that has hidden its identity

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2153 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 18 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2154 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 19 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of public posts that have been compiled together  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2155 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 20 | Ripps, Cahen, Muniz, Solano, Aronow, Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage // Foundation: Yuga's corporate representative, co-founders, and Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind  ///  Prejudice: this document has no false statements and further is being presented to show state of mind and public activity, and not for the truth of teh matter asserted |
| JTX-2156 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 21 | Ripps, Cahen | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document

This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance: The document is relevant because, for example, it evidences how BAYC NFTs appeared in the market how that appearance was different than RR/BAYC NFTs, which is relevant to damages and relevance  Exhbit is also relevant to showing the fact that people other than the Defendants posted information that BAYC has problematic imagery  ///  Misleading:  The exhibits is an accurate caputer of a public listing for a BAYC NFT |
| JTX-2157 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 22 | Ripps, Cahen | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document

This exhibit is misleading as presented  FRE 401, 611(a), 403 | Relevance: The document is relevant because, for example, it evidences how BAYC NFTs appeared in the market how that appearance was different than RR/BAYC NFTs, which is relevant to damages and relevance  The exhibit is also relevant to the fact that people other than the Defendants posted information that BAYC has problematic imagery  ///  Misleading:  The exhibits is an accurate caputer of a public listing for a BAYC NFT |
| JTX-2158 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 23 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)

This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to damages and willfulness because it shows the basis for Defendants' state of mind and the content of the criticism they made  ///  Yuga's corporate representative and as well as Defendants can lay foundation of this publicly available activity recorded on a public webpage  ///  Hearsay:  The exhibit is not being brought in for the truth of teh matter asserted   The exhibits is used to show existence of the statement, effect on listeners, and Defendants' state of mind |
| JTX-2159 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 24 | Ripps, Cahen, Aronow, Solano, Muniz | This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is misleading as presented  FRE 401, 611(a), 403

This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation: Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted   It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2160 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 25 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind  ///  Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps  ///  Hearsay:  Statement is not being brought in to show the truth of the matter asserted   It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2161 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 27 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is misleading as presented  FRE 401, 611(a), 403  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind  /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps  /// Hearsay:  Statement is not being brought in to show the truth of the matter asserted   It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind |
| JTX-2162 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 28 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is misleading as presented  FRE 401, 611(a), 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind  /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps  /// Hearsay:  Statement is not being brought in to show the truth of the matter asserted   It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind |
| JTX-2163 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 29 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2164 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 30 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2165 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 31 | Ripps, Muniz, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2166 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 32 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2167 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 33 | Ripps, Cahen, Aronow, Solano, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2168 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 34 | Ripps, Cahen, Solano, Aronow, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted   It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2169 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 35 | Ripps, Cahen, Hickman, Lehman | This exhibit is incomplete and misleading as presented, especially as the image as presented to consumers is not static  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Completeness/Misleading: This document is a true and accurate capture of the webpage apemarket com /// Hearsay:  Statement is not being brought in for the truth of the matter asserted   It is being brought in to show the existence of the website and the contents that it displayed |
| JTX-2170 | Expert Report of Laura O'Laughlin, Feb  6, 2023 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2171 | Bitscrunch, NFTs: Who's buying them and why? - All questions answered!, Aug  12, 2022 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2172 | O'Laughlin Expert Report Exhibit 1-2 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2173 | O'Laughlin Expert Report Exhibit 3 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2174 | O'Laughlin Expert Report Exhibit 4-7 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2175 | O'Laughlin Expert Report Exhibit 8-9 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2176 | O'Laughlin Expert Report Exhibit 10-13 | O'Laughlin | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2177 | Expert Report of Lauren Kindler, Feb 6, 2023 | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2178 | Kindler Exh Addresses json | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2179 | Kindler Exh All BAYC Logs Data | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2180 | Kindler Exh Cahen Transactions | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2181 | Kindler Exh Calculation | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2182 | Kindler Exh Creator Fees | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2183 | Kindler Exh DF Transactions Complete | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2184 | Kindler Exh Export of Ether Price | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2185 | Kindler Exh Held NFTs | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2186 | Kindler Exh Initial Sales by Type | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2187 | Kindler Exh Initial Sales Profits | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2188 | Kindler Exh RR Transactions | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2189 | Kindler Exh RSVP Profits | Kindler | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2190 | Expert Report of Jonah Berger, Feb 6, 2023 | Berger | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2191 | Yuga Labs, Inc 's First Supplemental Response to Ryder Ripps's and Jeremy Cahen's First Set of Request for Production of Documents and Things (Nos 1-58), Dec 21, 2022 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2192 | Yuga Labs, Inc 's Responses and Objections to Ryder Ripps's and Jeremy Cahen's Second Set of Request for Production of Documents and Things (Nos 59-73), Jan 30, 2023 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2193 | Yuga Labs, Inc 's Second Supplemental Response to Ryder Ripps's and Jeremy Cahen's First Set of Interrogatories (Nos 1-14), Jan 31, 2023 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2194 | Yuga Labs, Inc 's Supplemental Responses to Ryder Ripps's and Jeremy Cahen's First Set of Request for Admission (Nos 1-179), Mar 21, 2023 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2195 | RIPPSCAHEN00020732 - RIPPSCAHEN00020733 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance:  This exhibit is relevance to willfulness as it is publicly activity that reinforces Defendants' state of mind and the public perception around the BAYC Marks |
| JTX-2196 | RIPPSCAHEN00021339 - RIPPSCAHEN00021468 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to willfulness as it shows public activity supporting Defendants' state of mind  /// Heasary: The exhibit is not hearsay because it is not being brought in for the truth of the matter asserted  It is being used to show that the statement existed, effect on the listener, and Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2197 | RIPPSCAHEN00026207 - RIPPSCAHEN00026237 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: This exhibit is relevant to willfulness as it shows public activity supporting Defendants' state of mind  /// Heasary:  The exhibit is not hearsay because it is not being brought in for the truth of the matter asserted   It is being used to show that the statement existed, effect on the listener, and Defendants' state of mind |
| JTX-2198 | RIPPSCAHEN00022452- RIPPSCAHEN00022453 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2199 | RIPPSCAHEN00022474- RIPPSCAHEN00022474 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness: This exhibit is an accurate capture of a Tweet shown on the same webpage as this post  /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2200 | RIPPSCAHEN00022475- RIPPSCAHEN00022475 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2201 | RIPPSCAHEN00022476- RIPPSCAHEN00022476 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2202 | RIPPSCAHEN00022477-RIPPSCAHEN00022477 | Ripps, Cahen, Aronow, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2203 | RIPPSCAHEN00022480-RIPPSCAHEN00022492 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a Tweet  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2204 | RIPPSCAHEN00022494-RIPPSCAHEN00022508 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2205 | RIPPSCAHEN00022509-RIPPSCAHEN00022509 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2206 | RIPPSCAHEN00022510-RIPPSCAHEN00022510 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2207 | RIPPSCAHEN00022512-RIPPSCAHEN00022512 | Ripps, Cahen, Hickman | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2208 | RIPPSCAHEN00022550-RIPPSCAHEN00022550 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2209 | RIPPSCAHEN00022551-RIPPSCAHEN00022551 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2210 | RIPPSCAHEN00022552-RIPPSCAHEN00022552 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  ///  Foundation:  Defendants can lay foundation for this public post based on their personal knowledge ///  Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2211 | RIPPSCAHEN00022687-RIPPSCAHEN00022703 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2212 | RIPPSCAHEN00016014-RIPPSCAHEN00016020 | Ripps, Cahen, Oseary, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to damages and willfulness  //// Foundation:  Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity   /// Incomplete:  This exhibit is a full and accurate print out of a publicly available webpage  ///Hearsay:  This exhibit is not being used to prove the truth of the matter asserted   It is evidence of public activity that occured, the existence of the statements, and effect on the listener |
| JTX-2213 | RIPPSCAHEN00016021-RIPPSCAHEN00016022 | Ripps, Cahen, Oseary, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages   /// Foundation:  Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO  /// Incomplete:  The document is an opensea printout and is not incomplete  /// Hearsay:  The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-2214 | RIPPSCAHEN00017580-RIPPSCAHEN00017580 | Ripps, Cahen, Muniz, Oseary, Aronow, Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein   FRE 801, 802, 803 | Relevance:  The Apecoin DAO's use of the Ape Skull Logo is relevant ot damages   /// Foundation:  Yuga's founders and Defendants can lay foundation for Apecoin DAO's use of teh logo  /// Incomplete:  The document is an is a full and correct depiction of both Yuga's and Apecoin DAO's use of the ape skull logo  // Hearsay:  The document contains no statements and certainly does not purport to offer any statements brought in to prove the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2215 | RIPPSCAHEN00018447-RIPPSCAHEN00018447 | Ripps, Cahen, Muniz, Oseary | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to damages and willfulness  ////  Foundation:  Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity  ///  Incomplete:  This exhibit is a full and accurate print out of a publicly available webpage  ///Hearsay:  The exhibit is not being used to prove the truth of the matter asserted  It is evidence of public activity that occured, the existence of the statements, and effect on the listener |
| JTX-2216 | RIPPSCAHEN00020643-RIPPSCAHEN00020646 | Ripps, Cahen, Muniz, Oseary | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The Apecoin DAO's use of the Ape Skull Logo is relevant ot damages   ///  Foundation: Yuga's founders and Defendants can lay foundation for this public tweet made bay Yuga Labs on Twitter  /// Incomplete: The document is an is a full and correct of Yuga's post  // Hearsay:  The exhibit is a party admission, and further is used to show effect on the listener |
| JTX-2217 | RIPPSCAHEN00021478-RIPPSCAHEN00021480 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2218 | RIPPSCAHEN00025213-RIPPSCAHEN00025220 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticism  /// Completeness: The exhibit is a full and accurate capture of a public website  /// Foundation:  Defendants can lay foundation for this website based on thier personal knowledge /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show effect on listener and Defendants' state of mind |
| JTX-2219 | RIPPSCAHEN00025230-RIPPSCAHEN00025233 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Foundation/Incompleteness:  Mr  Ripps and Mr  Cahen have personal knowledge about this document, and other similar documents from the internet, including general knowledge about the source "Opensea"  The document is not incomplete as it is a complete copy of a website selling an "Ape" branded NFTs  /// Relevance  The document is relevant at least because it goes to whether "Ape" is a generic term in the Crypto-space which would render Yuga's mark invalid  The term "Ape's" validity as a non-generic term is a necessary component of Yuga's false advertising claim  /// Hearsay: The document is not being offered for the truth of the matter asserted, but the fact that others routinely use the "Ape" term to market NFTs |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2220 | RIPPSCAHEN00025235-RIPPSCAHEN00025242 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks any witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  That is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" predated Yuga's use of the term Ape ///Lack of Foundation: Mr  Ripps and Mr  Cahen can lay foundation to this document, including the operation of the "Wayback Machine" and familiarity with "meme coins", crypto-culture, and the use of the word "Ape " Likewise, Mr  Ripps and Mr  Cahen can authenticate the document ///Hearsay: The document is not hearsay because it is not being offered for the truth of the matter asserted, but rather to prove the fact that others routinely use the "Ape term in the crypto market |
| JTX-2221 | YUGALABS_00029146-YUGALABS_00029159 | Muniz, Oseary, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: This exhibit is relevant as it relates to whether Yuga owned the marks at issue in their False Advertising complaint |
| JTX-2222 | YUGALABS_00029252-YUGALABS_00029255 | Muniz, Oseary, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: This exhibit is relevant as it relates to whether Yuga owned the marks or if they assigned those rights to another related entity at issue in their False Advertising complaint |
| JTX-2223 | RIPPSCAHEN00019846-RIPPSCAHEN00019846 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's false advertising claim invalid  It is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by other predated Yuga's use of the term Ape ///Lack of Foundation: Mr  Ripps and Mr  Cahen can lay the foundation to this document, including the operation of the "Wayback Machine", familiarity with "meme coins," familiarity with crypto culture and the use of the word "Ape" within that culture  Likewise Mr  Ripps and Mr  Cahen can authenticate the document through their knowledge of the Wayback Machine ///Hearsay: The document is not hearsay because it is not being offered for the truth of the matter asserted, but rather to prove that others were using the "Ape" mark in the broader "crypto" industry |
| JTX-2224 | RIPPSCAHEN00021477-RIPPSCAHEN00021477 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's false advertising claim invalid  That is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by others predated Yuga's use of the term Ape ///Lack of Foundation: Mr Ripps and Mr  Cahen can lay foundation to this document, including operation of the "Wayback Machine", familiarity with "meme coins", familiarity with crypto culture and the use of "Ape" within that culture ///Hearsay: The document is not hearsay because it is not being used to prove the truth of the matter asserted, but rather is being used to show that others used the term "Ape", which goes to whether a word was said |
| JTX-2225 | RIPPSCAHEN00025243-RIPPSCAHEN00025243 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  That is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by others in the cryptocurrency market predated Yuga's use of the term Ape ///Lack of Foundation: Mr  Ripps and Mr  Cahen can lay the foundation to the document, including operation of the Wayback Machine, familiarity with crypto currency and the use of the term "Ape" within that culture  //Hearsay: It is not being used to prove the truth of the matter asserted, but instead it is being used to demonstrate that the statement was said |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2226 | RIPPSCAHEN00025246-RIPPSCAHEN00025246 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  That is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by others in the cryptocurrency market predated Yuga's use of the term Ape ///Lack of foundation: Mr Ripps and Mr Cahen can lay the foundation to the document, including operation of the Wayback Machine, familiarity with "meme coins", familiarity with crypto currency and the use of the term "Ape" within that culture  //Hearsay: It is not being used to prove the truth of the matter asserted, but instead it is being used to demonstrate that the statement was said |
| JTX-2227 | RIPPSCAHEN00025927-RIPPSCAHEN00025932 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Intent, damages and willfulness is at issue in this trial   Therefore, Defendants' good faith belief that they were engaging in criticism of a company they found immoral is at issue  As a result, media coverage about Yuga is relevant to show Defendants' subjective opinion of Yuga based on information they consumed at the time  Foundation: Mr Ripps and Mr Cahen can lay foundation to this document by attesting that they are familiar with it and the accusations included in it  Hearsay: This is not hearsay because it is being introduced as evidence of Defendants' mental state at the time  Because willfulness is at issue, Defendants' thoughts about Yuga Labs are at issue and this article helped form their mental states leading to their criticism of the company, it also goes to other sources of damages |
| JTX-2228 | RIPPSCAHEN00025933-RIPPSCAHEN00025938 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Intent, damages and willfulness is at issue in this trial   Therefore, Defendants' good faith belief that they were engaging in criticism of a company they found immoral is at issue  As a result, media coverage about Yuga is relevant to show Defendants' subjective opinion of Yuga based on information they consumed at the time  Foundation: Mr Ripps and Mr Cahen can lay foundation to this document by attesting that they are familiar with it and the accusations included in it  Hearsay: This is not hearsay because it is being introduced as evidence of Defendants' mental state at the time  Because willfulness is at issue, Defendants' thoughts about Yuga Labs are at issue and this article helped form their mental states leading to their criticism of the company, it also goes to other sources of damages |
| JTX-2229 | RIPPSCAHEN00025939-RIPPSCAHEN00025945 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Intent, damages and willfulness is at issue in this trial   Therefore, Defendants' good faith belief that they were engaging in criticism of a company they found immoral is at issue  As a result, media coverage about Yuga is relevant to show Defendants' subjective opinion of Yuga based on information they consumed at the time  Foundation: Mr Ripps and Mr Cahen can lay foundation to this document by attesting that they are familiar with it and the accusations included in it  Hearsay: This is not hearsay because it is being introduced as evidence of Defendants' mental state at the time  Because willfulness is at issue, Defendants' thoughts about Yuga Labs are at issue and this article helped form their mental states leading to their criticism of the company, it also goes to other sources of damages |
| JTX-2230 | RIPPSCAHEN00019870-RIPPSCAHEN00019874 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts  //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2231 | RIPPSCAHEN00019885-RIPPSCAHEN00019889 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106  This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved  It is also judicially noticeable |
| JTX-2232 | RIPPSCAHEN00019890-RIPPSCAHEN00019894 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106  This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved  It is also judicially noticeable |
| JTX-2233 | RIPPSCAHEN00019914-RIPPSCAHEN00019914 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106  This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved  It is also judicially noticeable |
| JTX-2234 | YUGALABS_00031302-YUGALABS_00031302 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants' claims have been dismissed | This document is relevant as Yuga has indicated they might consider claiming these expenditures in damages |
| JTX-2235 | YUGALABS_00031303-YUGALABS_00031316 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants' claims have been dismissed | This document is relevant to damages as Yuga has indicated it might consider claiming Appdetex's work in damages |
| JTX-2236 | RIPPSCAHEN00019902-RIPPSCAHEN00019903 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as a screenshot of a website containing all of the relevant information //Relevance: This document is relevant as it goes to whether Defendants acted willfully as one of the most offensive Apes in the BAYC collection  //Foundation: Mr Ripps, Mr Cahen, Yuga's co-founders, Ms Muniz and others can all lay the foundation for this screenshot through their familiarity with Opensea, cryptomarkets, and BAYC in general //Hearsay: This document is not being used to prove the truth of the matter asserted  It is being used to show that BAYC with offensive characteristics were being sold in the open market |
| JTX-2237 | RIPPSCAHEN00020900-RIPPSCAHEN00020901 | Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it contains information about BAYC contracts in an account controlled by K  Atalay  It is relevant to show BAYC's business activities //Rule of Completion: This is a full webpage screen grab and therefore there is no risk of it being misleadingly incomplete  Foundation and Authentication://Mr Ripps and Mr Cahen can authenticate what the website is through their knowledge of on-chain transactions, and cryptocurrency generally //Hearsay: Defendants do not seek to introduce this for the truth of the matter asserted, but for the fact that the document was made  To the extent it is hearsay, it qualifies under the Market Report exception |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2238 | RIPPSCAHEN00020902-RIPPSCAHEN00020903 | Ripps, Cahen, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it contains the actual "res" of the Bored Ape Yacht Club which is the underlying contract for the NFT  ///Rule of Completeness: The whole contract is shown, therefore it is not misleadingly incomplete  ///Foundation: Multiple witnesses including Defendants and Yuga's co-founders can lay the foundation to identify that this is a copy of Yuga's contract //Authentication: Likewise, the same witnesses who can lay the foundation for the document can authenticate the document through familiarity with the website it is hosted on and basic knowledge about the crypto-space ///Hearsay: This is not hearsay because there is no "truth value" to any statement and therefore it cannot be used for the truth of the matter asserted |
| JTX-2239 | RIPPSCAHEN00020904-RIPPSCAHEN00020905 | Ripps, Cahan, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it involves on-chain activity related to Yuga Labs and the BAYC collection  //Rule of Completeness: This document shows the entire website as captured and therefore is not misleadingly incomplete  ///Lack of Foundation: Multiple witnesses including Defendants, Yuga co-founders, and Ms Muniz can lay the foundation for this document through their knowledge of Etherscan and on-chain transactions //Authentication: The same witnesses who can lay the foundation for the document can authenticate it through their knowledge of Etherscan and the blockchain //Hearsay: Defendants are not relying on the document for the truth of the matter asserted, but rather for the fact that it was said |
| JTX-2240 | RIPPSCAHEN00020908-RIPPSCAHEN00020909 | Ripps, Cahen, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it involves on-chain activity related to Yuga Labs and the BAYC collection  //Rule of Completeness: This document shows the entire website as captured and therefore is not misleadingly incomplete  ///Lack of Foundation: Multiple witnesses including Defendants, Yuga co-founders, and Ms Muniz can lay the foundation for this document through their knowledge of Etherscan and on-chain transactions //Authentication: The same witnesses who can lay the foundation for the document can authenticate it through their knowledge of Etherscan and the blockchain //Hearsay: Defendants are not relying on the document for the truth of the matter asserted, but rather for the fact that it was said |
| JTX-2241 | RIPPSCAHEN00020912-RIPPSCAHEN00020913 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relvant as it goes to intent and willfulness including the fact that Defendants were targeted by Yuga for their criticism  It is also evidence of abandonment of any IP rights to the world by Yuga //Foundation: Several witnesses including Defendants, Ms  Muniz, and the Yuga co-founders can law the foundation for on-chain transactions and Etherscan documents through their knowlege of both  // Authentication: Likewise, those same witnesses can authenticate the document through their knowledge of on-chain transactions and Etherscan documents  //Hearsay: Defendants are not relying on teh document for the truth of the matter asserted, but instead are relying on it to show that the document was created |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2242 | RIPPSCAHEN00020914-RIPPSCAHEN00020914 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This list of on-chain transactions is relevant to this case as it involves transactions involved in this case ///Completeness: This exhibit is substantially complete and therefore there are no completeness concerns present //Foundation: Defendants can lay the foundation to this document//Heasay: This is within the hearsay exceptions for business records kept in the regular course of business and reports kept for the market |
| JTX-2243 | RIPPSCAHEN00026242-RIPPSCAHEN00026242 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant as it shows that the term "Ape" is common and generic term in the Crypto space used by thousands of different crypto entities, which goes to whether Yuga can protect that term  It also goes to willfulness because it demonstrates that Yuga targeted Defendants for their free speech criticisms of the company //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for this document through their knowledge of the Etherscan system and website //Hearsay: This document is not hearsay as it is being used to show that a statement was made, and not for the truth of the matter asserted |
| JTX-2244 | RIPPSCAHEN00026243-RIPPSCAHEN00026243 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "BAYC" in the crypto space, Yuga only targeted Defendants for suit // Rule of Completeness:The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defenants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |
| JTX-2245 | RIPPSCAHEN00026244-RIPPSCAHEN00026244 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "Bored Ape" in the crypto space, Yuga only targeted Defendants for suit // Rule of Completeness:The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defendants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2246 | RIPPSCAHEN00026253-RIPPSCAHEN00026253 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602 <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "Bored Ape Yacht Club" in the crypto space, Yuga only targeted Defendants for suit  It is also relevant to show abandonment of IP rights to the world by Yuga  // Rule of Completeness:The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defenants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |
| JTX-2247 | RIPPSCAHEN00026260-RIPPSCAHEN00026260 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602 <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "Bored Ape Yacht Club" in the crypto space, Yuga only targeted Defendants for suit  It is also relevant to show abandonment of IP rights to the world by Yuga  // Rule of Completeness:The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defenants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |
| JTX-2248 | RIPPSCAHEN00020826-RIPPSCAHEN00020826 | Ripps, Cahen, Hickman, Lehman | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403  Indeed, images from the exhibit appear to be missing <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This is an etherscan page for one of the accused products in this false advertising complaint  It is necessarily relevant to the underlying claims and defenses //Foundation: Defendants can lay the foundation for this document as it relates to the accused Project and they have knowledge of Etherscan //Hearsay: The document is not being used for the truth of the matter asserted, but rather to demonstrate that it was asserted |
| JTX-2249 | RIPPSCAHEN00020900-RIPPSCAHEN00020901 | Ripps, Cahen, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 <br><br> This exhibit is incomplete and misleading as presented  FRE 106 <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602 <br><br> This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it contains information about BAYC contracts in an account controlled by K  Atalay  It is relevant to show BAYC's business activities  //Rule of Completion: This is a full webpage screen grab and therefore there is no risk of it being misleadingly incomplete  Foundation and Authentication://Mr Ripps and Mr  Cahen can authenticate what the website is through their knowledge of on-chain transactions, and cryptocurrency generally  //Hearsay: Defendants do not seek to introduce this for the truth of the matter asserted, but for the fact that the document was made  To the extent it is hearsay, it qualifies under the Market Report exception |
| JTX-2250 | RIPPSCAHEN00021220-RIPPSCAHEN00021221 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403 <br><br> This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901 <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completeness: As a screenshot of the entire webpage, there is no completeness problem present //Foundation: Defendants can lay the foundation through their knowledge of Etherscan, on-chain transactions and the RR/BAYC project //Hearsay: Defendants are using the document for the truth of the matter asserted, but rather that it was stated |

**140**

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2251 | RIPPSCAHEN00025212-RIPPSCAHEN00025212 | Ripps, Cahen | This exhibit is incomplete and misleading as presented and is an improper compilation FRE 106, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is not the best evidence for the information therein  FRE 1002, 1003<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit  FRE 801, 802, 803<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  Indeed, this exhibit contains statements directly contradicting judgments already made by the Court | Rule of Completeness: The document is complete  FRE 611(a) does not deal with compilations   To the extent this is a compilation, there is nothing about it that would make it improper as it is not misleading //Foundation: Defendants can provide the foundation to the document by explaining how it was created and the factual bases for the document //Best Evidence: There is no dispute as to the originality of the document nor are there indications that if this is a copy that there is a geniune dispute about its authenticity //Hearsay: No unknown third party made this document  Further it is not being asserted for the truth of the matter asserted but rather to show comparisons between statements made by the parties and to demonstrate the effect on the listener of statements in the blockchain |
| JTX-2252 | YUGALABS_00040863-YUGALABS_00040864 | Ripps, Cahen | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completeness: The document is complete, it shows the entire etherscan webpage for the at-issue token // Foundation: Defendants, Yuga's co-founders, and Ms Muniz can all identify this document through their familiarity with Etherscan and the RR/BAYC project //Hearsay: This document is not being used to prove the truth of the matter asserted  Any statements also fall into the Market report exception of 803(17) |
| JTX-2253 | YUGALABS_00040601-YUGALABS_00040601 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2254 | YUGALABS_00040602-YUGALABS_00040602 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2255 | YUGALABS_00040603-YUGALABS_00040612 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2256 | YUGALABS_00040613-YUGALABS_00040613 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2257 | YUGALABS_00040618-YUGALABS_00040619 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2258 | YUGALABS_00040627-YUGALABS_00040629 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2259 | YUGALABS_00040630-YUGALABS_00040630 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies  Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2260 | YUGALABS_00040631-YUGALABS_00040636 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully  Several terms of the agreement show that the lawsuit was actually about the criticisms against Yuga levied by Defendants// Lack of Foundation:Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2261 | YUGALABS_00040637-YUGALABS_00040642 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2262 | YUGALABS_00040648-YUGALABS_00040649 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2263 | YUGALABS_00040650-YUGALABS_00040651 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2264 | YUGALABS_00040652-YUGALABS_00040659 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including evidence that this lawsuit was primarily brought by Yuga to silence speech  // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2265 | YUGALABS_00040660-YUGALABS_00040666 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2266 | YUGALABS_00040667-YUGALABS_00040668 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2267 | YUGALABS_00040669-YUGALABS_00040676 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2268 | YUGALABS_00040677-YUGALABS_00040683 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2269 | YUGALABS_00040690-YUGALABS_00040692 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  //  Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2270 | YUGALABS_00040693-YUGALABS_00040695 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  //  Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2271 | YUGALABS_00040696-YUGALABS_00040697 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  //  Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2272 | YUGALABS_00040698-YUGALABS_00040705 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully, including statements that indicate that Yuga's true motivation for the lawsuit was to stifle criticism  //  Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2273 | YUGALABS_00040707-YUGALABS_00040713 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  //  Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2274 | YUGALABS_00040723-YUGALABS_00040726 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2275 | YUGALABS_00040731-YUGALABS_00040734 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2276 | YUGALABS_00040735-YUGALABS_00040735 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2277 | YUGALABS_00040736-YUGALABS_00040745 | Muniz, Lehman | No objection | |
| JTX-2278 | YUGALABS_00040746-YUGALABS_00040762 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including because it contains evidence that the true motivation behind the suit was to silence Yuga's critics // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2279 | YUGALABS_00040763-YUGALABS_00040763 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  //  Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2280 | RIPPSCAHEN00015922-RIPPSCAHEN00015923 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant because the term "Ape" was used in a generic manner by other cryptocurrency sellers, and on the willfulness issue because it goes to Yuga's wrongful intent for filing suit  ///Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document //Foundation and Authentication: Defendants can lay the foundation for authenticate the screenshot through their familiarity with the website, the crypto industry and other "Ape" collections  //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2281 | RIPPSCAHEN00017192-RIPPSCAHEN00017192 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant because the term "Ape" was used in a generic manner by other cryptocurrency sellers, and on the willfulness issue because it goes to Yuga's wrongful intent for filing suit  ///Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document //Foundation and Authentication: Defendants can lay the foundation for authenticate the screenshot through their familiarity with the website, the crypto industry and other "Ape" collections  //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2282 | RIPPSCAHEN00017228-RIPPSCAHEN00017236 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2283 | RIPPSCAHEN00017447-RIPPSCAHEN00017447 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed   // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated //Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements  //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated  Defendants seek to introduce the statement to prove that it was said, not that what it said is true |
| JTX-2284 | RIPPSCAHEN00017581-RIPPSCAHEN00017583 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2285 | RIPPSCAHEN00017615-RIPPSCAHEN00017615 | Ripps, Cahen | This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed   // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated //Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements  //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated  Defendants seek to introduce the statement to prove that it was said, not that what it said is true |
| JTX-2286 | RIPPSCAHEN00017752-RIPPSCAHEN00017753 | Ripps | This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Foundation: This document contains a statement of one of the Defendants  He can lay the foundation as to his statements and his beliefs about any conversation  Defendants are not seeking to use this for the truth of the matter asserted, but rather to demonstrate that the statement was said |
| JTX-2287 | RIPPSCAHEN00020141-RIPPSCAHEN00020148 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2288 | RIPPSCAHEN00020648-RIPPSCAHEN00020649 | Ripps, Cahen, Hickman, Lehman | This exhibit is incomplete and misleading as presented  FRE 106  Defendants have modified the exhibit to hide and obscure their infringement as they have admitted during depositions  For those reasons, the exhibit as is, is further misleading and objectionable under FRE 403 | Rule of Completion: As a complete screenshot of how the RRBAYC collection appeared on Looksrare  Defendants did not "modif[y] the exhibit to hid and obscure their infringement" nor did they admit to doing so in their depositions  ///FRE 403: This is a highly relevant document to Yuga's claim because it shows the RR/BAYC mark in commerce  The allegation that Defendants "modified" the exhibit and admitted doing so is untrue  As such, Yuga's objection and the salacious accusation supporting it should be disregarded  It is how the webpage appears |
| JTX-2289 | RIPPSCAHEN00020817-RIPPSCAHEN00020819 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to the issues of wilfulness, Defendants' intent, and whether Yuga surrendered its IP rights to the world  Defendants' motivations are at issue, and as a result evidence that Yuga sued Defendants specifically due to their criticism of Yuga's marks is relevant  /// Rule of Completeness: As a complete screengrab of a webpage there is no completeness problem with the exhibit //Foundation and Authentication: Defendants can lay the foundation for and authenticate the document  Defendnatsa can testify to their familiarity with the Bored Ape Solana Club and the marketplaces it sold NFTS on  Likewise there is no dispute that the document is, in fact, authentic // Hearsay: Defendants are not seeking to use the exhibit for the truth of the matter asserted, but rather to show that any involved statements were made |
| JTX-2290 | RIPPSCAHEN00020825-RIPPSCAHEN00020825 | Ripps, Cahen, Hickman, Lehman, Muniz, Aronow, Solano, Atalay | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document  Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: Evidence of Yuga's use of the market to sell their BAYC NFTs is clearly relevant to this case  Yuga's objection acknowledges as much  //Rule of Completion: As a full screenshot of a webpage, there is no concern that the exhibit is misleadingly incomplete |
| JTX-2291 | RIPPSCAHEN00021226-RIPPSCAHEN00021227 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2292 | RIPPSCAHEN00021228-RIPPSCAHEN00021229 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2293 | RIPPSCAHEN00021230-RIPPSCAHEN00021231 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2294 | RIPPSCAHEN00026269-RIPPSCAHEN00026269 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: Yuga's use of the market is plainly relevant to their claims and Defendants' defenses //Rule of Completion: As a full screenshot from a webpage there are no completeness worries |
| JTX-2295 | YUGALABS_00027472-YUGALABS_00027472 | Ripps, Cahen, Hickman, Lehman | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete  How Defendants displayed the RRBAYC collection is clearly relevant  //Foundation: Defendants and Ms  Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold  // Hearsay: Defendants are not using the document to prove the "truth of teh matter asserted" but rather are using it for other purposes such as showing the layout of a website |
| JTX-2296 | YUGALABS_00027473-YUGALABS_00027473 | Ripps, Cahen, Hickman, Lehman | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete  How Defendants displayed the RRBAYC collection is clearly relevant  //Foundation: Defendants and Ms  Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold  // Hearsay: Defendants are not using the document to prove the "truth of teh matter asserted" but rather are using it for other purposes such as showing the layout of a website |
| JTX-2297 | YUGALABS_00040390-YUGALABS_00040390 | Ripps, Cahen, Hickman, Lehman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: Yuga concedes that this document is relevant, which is correct as it directly pertains to the false advertising claim // Rule of Completeness: As a complete screenshot of a webpage, there are no completeness concerns with this document |
| JTX-2298 | YUGALABS_00040406-YUGALABS_00040406 | Ripps, Cahen, Hickman, Lehman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: Yuga concedes that this document is relevant, which is correct as it directly pertains to the false advertising claim // Rule of Completeness: As a complete screenshot of a webpage, there are no completeness concerns with this document |
| JTX-2299 | YUGALABS_00040408-YUGALABS_00040408 | Ripps, Cahen, Hickman, Lehman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: Yuga concedes that this document is relevant, which is correct as it directly pertains to the false advertising claim // Rule of Completeness: As a complete screenshot of a webpage, there are no completeness concerns with this document |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2300 | YUGALABS_00040849-YUGALABS_00040849 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action  //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document  Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper  It only turns on whether statements asserted are presented for the truth of the matter asserted  Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show what the webpage looked like |
| JTX-2301 | YUGALABS_00040850-YUGALABS_00040850 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action  //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document  Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper  It only turns on whether statements asserted are presented for the truth of the matter asserted  Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show what the webpage looked like |
| JTX-2302 | RIPPSCAHEN00017510-RIPPSCAHEN00017517 | Ripps, Cahen, Hickman, | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: How people used and purchased Yuga BAYC NFTs is relevant to whether BAYC NFTs are securities  It is also relevant to willfulness because one of the main criticisms Defendants have of Yuga is that they are engaged in widespread security fraud  //Rule of Completeness: As a screenshot of a full tweet there are no completeness concerns presented by this document  Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper  It only turns on whether statements asserted are presented for the truth of the matter asserted  Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show that the statement was used |
| JTX-2303 | RIPPSCAHEN00017625-RIPPSCAHEN00017641 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: How people used and purchased Yuga BAYC NFTs is relevant to whether BAYC NFTs are securities  It is also relevant to willfulness because one of the main criticisms Defendants have of Yuga is that they are engaged in widespread security fraud  //Rule of Completeness: As a screenshot of a full tweet there are no completeness concerns presented by this document  Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper  It only turns on whether statements asserted are presented for the truth of the matter asserted  Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show that the statement was used |
| JTX-2304 | RIPPSCAHEN00019895-RIPPSCAHEN00019901 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: How people used and purchased Yuga BAYC NFTs and their motivations for doing so is relevant to whether BAYC NFTs are securities  It is also relevant to willfulness because one of the main criticisms Defendants have of Yuga is that they are engaged in widespread security fraud  //Rule of Completeness: As a screenshot of a full tweet there are no completeness concerns presented by this document  Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper  It only turns on whether statements asserted are presented for the truth of the matter asserted  Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show that the statement was used |
| JTX-2305 | RIPPSCAHEN000024028-RIPPSCAHEN00002028 | Ripps, Cahen, Muniz | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2306 | RIPPSCAHEN00017138-RIPPSCAHEN00017140 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it   /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents   //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2307 | RIPPSCAHEN00017604-RIPPSCAHEN00017604 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it   /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents   //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2308 | RIPPSCAHEN00018506-RIPPSCAHEN00018508 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it   /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents   //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2309 | RIPPSCAHEN00018641-RIPPSCAHEN00018662 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated posts, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it   /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents   //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said and that there was substantial discussion about this event in the relevant community |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2310 | RIPPSCAHEN00018942-RIPPSCAHEN00018950 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City  Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2311 | RIPPSCAHEN00018975-RIPPSCAHEN00018975 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City  Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it  /// Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2312 | RIPPSCAHEN00018976-RIPPSCAHEN00018976 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City  Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it  ////Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2313 | RIPPSCAHEN00019443-RIPPSCAHEN00019447 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City  This is also relevant as to willfulness as it pertains to Defendants respect of and support of artists and art generally  Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for their own Tweets  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  Further, they can lay the foundation for their own Tweets  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted "  Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were made |
| JTX-2314 | RIPPSCAHEN00016967-RIPPSCAHEN00016985 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to wilfullness and Defendants' intent which is directly at issue   Whether Defendants were engaged in good faith criticism of Yuga and its co-founders effects whether Defendants acted wilfully  ///Rule of Completion: Defendants can lay the foundation to this document and it is substantially complete to not be misleading  ///Hearsay: The intended use of a document as supporting Defendants' case has no bearing on the hearsay analysis  Defendants do not intend to introduce this document for the truth of the matter asserted, but rather the fact that the statements were made |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2315 | RIPPSCAHEN00016990-RIPPSCAHEN00016990 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfullness and Defendants' intent which is directly at issue because whether Mr Ripps is a recognized and bona fide artist has bearing on his intent  ///Hearsay: The intended use of a document as supporting Defendants' case is irrelevant to the hearsay analysis  Defendants do not intend to introduce this document for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2316 | RIPPSCAHEN00017086-RIPPSCAHEN00017091 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to Defendants' intent and whether they acted with willfullness  Mr Ripps' history of criticism and being a recognized bona fide artists direclty bears on why he made the RR/BAYC project  ///Hearsay: Whether Defendants are using a document to support their advantage is irrelevant to the hearsay analysis  Defendants do not plan on introducing the document for the truth of the matter asserted, but rather because it was said |
| JTX-2317 | RIPPSCAHEN00017092-RIPPSCAHEN00017099 | Ripps, Cahen, Hickman, Lehman, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant as this case involves issues related to on-chain transactions recorded by Etherscan  /// Foundation: Defendants can lay foundation for this document through their familiarity with it  /// Hearsay: This document is not being introduced for the truth of the matter asserted, but rather to demonstrate the availability of this knowledge to the general public and the simplicity of accessing the knowledge |
| JTX-2318 | RIPPSCAHEN00017100-RIPPSCAHEN00017111 | Ripps, Cahen, Hickman, Lehman, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant as this case involves issues related to on-chain transactions recorded by Etherscan  /// Rule of Completeness: The document is functionally complete as it contains all of the necessary text and therefore there is no completeness issue  // Foundation: Defendants can lay foundation for this document through their familiarity with it  /// Hearsay: This document is not being introduced for the truth of the matter asserted, but rather to demonstrate the availability of this knowledge to the general public and the simplicity of accessing the knowledge |
| JTX-2319 | RIPPSCAHEN00017199-RIPPSCAHEN00017209 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This article is relevant as to whether Yuga has surrendered their IP rights to the world which is a necessary component of their false advertising claim  //Rule of Completeness: The article contains the entire text of the article and is therefore not misleadingly incomplete  ///Foundation: Defendants can lay the foundation for this document through their familiarity with it  ///Hearsay: Whether Defendants use this document to support their defenses is irrelevant to the hearsay analysis  Defendants do not intend to use the article for the truth of the matter asserted, but rather for the fact that the document was said, and that it was released publicly with wide circulation |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2320 | RIPPSCAHEN00019827-RIPPSCAHEN00019836 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness  /// FRE 403: It is misleading to state that the article includes "false and misleading information", Yuga at no point has disproven the allegations underlying this document Further, it is a probative document in that it explains motivations behind Defendants' intentions in the RR/BAYC project ///Rule of Completeness: This article is a complete screengrab and therefore there is no completeness issue ///Foundation: All parties are familiar with this article and can lay the foundation to it through their familiarity with the document ///Hearsay: Whether Defendants intend to use the document to support their defenses is irrelevant to the hearsay analysis  Defendants do not intend to use the document for the truth of the matter asserted, but rather to show that the statements were said |
| JTX-2321 | RIPPSCAHEN00020082-RIPPSCAHEN00020082 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness  /// FRE 403: It is misleading to state that the article includes "false and misleading information", Yuga at no point has disproven the allegations underlying this document Further, it is a probative document in that it explains motivations behind Defendants' intentions in the RR/BAYC project ///Rule of Completeness: This article is a complete screengrab and therefore there is no completeness issue ///Foundation: All parties are familiar with this article and can lay the foundation to it through their familiarity with the document ///Hearsay: Whether Defendants intend to use the document to support their defenses is irrelevant to the hearsay analysis  Defendants do not intend to use the exhibit for the truth of the matter asserted, but rather to show that the statements were said |
| JTX-2322 | RIPPSCAHEN00020814-RIPPSCAHEN00020816 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901   Indeed, the article appears to be missing images and appears to be from a publication outside the US<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity  Whether the publication was from outside the United States is irrelevant to this objection //Hearsay: Whether Defendants intend to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2323 | RIPPSCAHEN00020876-RIPPSCAHEN00020879 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity  //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2324 | RIPPSCAHEN00020932-RIPPSCAHEN00020940 | Ripps, Cahen, Hickman, Lehman, Muniz, Aronow, Solano, Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is relevant to Defendants' intent and wilfullness //FRE 403: There is no information which has been "confirmed" to be false by any source  Further, Defendants' accusations and Yuga's response are all relevant to wilfullness and intent //Rule of Completeness: The article is substantively complete and there is no present completeness concerns //Foundation: Defendants and several Yuga witnesses can lay the foundation for the article, especially their own statements ///Hearsay: Any statements made by Yuga affiliates including Ms  Muniz, Yuga's social media accounts, or its co-founders are non-hearsay as admissions by party opponents  Further, there are several aspects of the article which Defendants do not seek to admit for the truth of the matter asserted, but rather because the statement was made |
| JTX-2325 | RIPPSCAHEN00020985-RIPPSCAHEN00020987 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901   Indeed, the article appears to be missing images<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity  //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2326 | RIPPSCAHEN00021469-RIPPSCAHEN00021476 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901   Indeed, the article appears to be created by an entity or individual that has hidden its identity and location<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity  //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2327 | RIPPSCAHEN00022417-RIPPSCAHEN00022419 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga's involvement with FTX  and the public perception that Yuga is involved with FTX is relevant as a possibility of another source of harm for their damages claim //Rule of Completeness: The article is complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity with the article, as can Ms  Muniz //Hearsay: Whether Defendants intend to use a document to support their defense is irrelevant to the hearsay analysis  Defendants do not plan on using the document to prove the truth of the matter asserted, but rather to show that the article was written in a place the public coudl consume it |
| JTX-2328 | RIPPSCAHEN00022514-RIPPSCAHEN00022529 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated litigations, such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This article is relevant to Yuga's damages claim and to Defendants' intent/willfulness  // FRE 403: There is no false or misleading information in this article, and the fact of other pending litigation is not inherently prejudicial //Rule of Completeness: The article is substantially complete and does not suffer from a completeness problem //Foundation: Both Defendants and several Yuga witnesses including Ms  Muniz can lay foundation as to the existence of the article  //Hearsay: Defendants' use of the article to support their defense is not a reason why a document would be hearsay  The article is not being preferred for the truth of the matter asserted, but instead for the fact that it was written |
| JTX-2329 | RIPPSCAHEN00022793-RIPPSCAHEN00022797 | Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevant: This exhibit is relevant to damages, willfulness, and Defendants' intent //FRE 403: Contrary to Yuga's argument, nothing has been "corrected or confirmed to be false" regarding the accusations in this letter  Further, because Defendants' good faith intent is directly at issue, this is a highly probative document  Foundation: Defendants and Yuga's witnesses can lay foundation to this article through familiarity, further Yuga's co-founders can lay foundation to statements attributed to them  ///Rule of Completeness: The entire article is presented and thus there are no completeness concerns present  //Hearsay: Whether Defendants intend to use the exhibit in support of their defense is irrelevant to the hearsay analysis  The document is not being introduced for the truth of the matter but instead that it was written and consumed by the public |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2330 | RIPPSCAHEN00022964-RIPPSCAHEN00022978 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be created by an entity or individual that has hidden its identity and location<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent Foundation: Defendants can lay the foundation to this article through their knowledge of it  Hearsay: Whether Defendants intend to use the exhibit in support of their defense is irrelevant to the hearsay analysis  Further, this document is not being introduced for the truth of the matter but instead to show that it was written and published publicly |
| JTX-2331 | RIPPSCAHEN00025276-RIPPSCAHEN00025281 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be missing images<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent ///Rule of Completion: The article is substantially complete and therefore there are no completeness concerns present /// Foundation: Defendants can lay the foundation for this article through knowledge of its existence ///Hearsay: Whether Defendants intend to use the article to support their defenses is irrelevant to the hearsay analysis  To the extent it is being used to prove the truth of the matter asserted, the document falls within the hearsay exception in FRE 803(17)  Defendants plan on using the document also to prove that the statements were made and viewed by the public |
| JTX-2332 | RIPPSCAHEN00026277-RIPPSCAHEN00026291 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>Any description regarding Mr  Ripps, Mr  Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury  FRE 403<br><br>This exhibit contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr  Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project ///FRE 403-description: This is a massively broad claim that "any discription" of Defendants is per se a 403 problem  Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue ///FRE 403-Yuga placed Defendants' motivation and intent at issue  Defendants claims, which have not been proven false, are patently relevant to that issue, as is how the marketplace reacted to Defendants' claims //Hearsay: Whether Defendants use a document to their advantage is irrelevant to the hearsay analysis  Defendants also intend to use this document not to prove the truth of the matter asserted but to establish that the document was written publicly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim |
| JTX-2333 | RIPPSCAHEN00026292-RIPPSCAHEN00026299 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>Any description regarding Mr  Ripps, Mr  Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury  FRE 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr  Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project ///FRE 403-description: This is a massively broad claim that "any discription" of Defendants is per se a 403 problem  Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue ///FRE 403-Yuga placed Defendants' motivation and intent at issue  Defendants claims, which have not been proven false, are patently relevant to that issue, as is how the marketplace reacted to Defendants' claims //Hearsay: Whether Defendants use a document to their advantage is irrelevant to the hearsay analysis  Defendants also intend to use this document not to prove the truth of the matter asserted but to establish that the document was written publicly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim |
| JTX-2334 | RIPPSCAHEN00020786-RIPPSCAHEN00020786 | Ripps, Cahen, Hickman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2335 | RIPPSCAHEN00020787-RIPPSCAHEN00020787 | Ripps, Cahen, Hickman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2336 | RIPPSCAHEN00020788-RIPPSCAHEN00020788 | Ripps, Cahen, Hickman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2337 | RIPPSCAHEN00020789-RIPPSCAHEN00020789 | Ripps, Cahen, Hickman | Subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2338 | SENECA0001-SENECA0013 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to Defendants' intent and willfulness  It is also relevant to show that others recognized problematic features in Yuga's products which could point to other sources of brand harm //FRE 403: None of the claims at issue have been falsified including those pertaining to problematic imagery in Yuga's marks //Unrelated Conversations: This exhibit includes conversation between one of the Defendants and the artist responsible for some of the art at issue marks  That she acknowledged problematic imagery in Yuga's products is necessarily relevant //Foundation: Mr  Cahen can lay the foundation as he was a party to the conversation //Hearsay: Whether Defendants intend to use an exhibit to their benefit is irrelevant to the hearsay analysis  Defendants do not intend to introduce the statements for the truth of the matter asserted, but rather because they were said and who said them  This is relevant as to whether people who saw Yuga's products agreed that problematic imagery was involved pointing to other sources of brand harm |
| JTX-2339 | RIPPSCAHEN00016000-RIPPSCAHEN00016001 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this document through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2340 | RIPPSCAHEN00016009-RIPPSCAHEN00016011 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfullness |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2341 | RIPPSCAHEN00016923-RIPPSCAHEN00016923 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2342 | RIPPSCAHEN00016924-RIPPSCAHEN00016924 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2343 | RIPPSCAHEN00016925-RIPPSCAHEN00016925 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2344 | RIPPSCAHEN00016940-RIPPSCAHEN00016940 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2345 | RIPPSCAHEN00016941-RIPPSCAHEN00016941 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2346 | RIPPSCAHEN00016942-RIPPSCAHEN00016942 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2347 | RIPPSCAHEN00016943-RIPPSCAHEN00016943 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2348 | RIPPSCAHEN00016944-RIPPSCAHEN00016944 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2349 | RIPPSCAHEN00016949-RIPPSCAHEN00016949 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2350 | RIPPSCAHEN00017039-RIPPSCAHEN00017053 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2351 | RIPPSCAHEN00017144-RIPPSCAHEN00017146 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2352 | RIPPSCAHEN00017147-RIPPSCAHEN00017151 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2353 | RIPPSCAHEN00017154-RIPPSCAHEN00017163 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2354 | RIPPSCAHEN00017187-RIPPSCAHEN00017187 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2355 | RIPPSCAHEN00017188-RIPPSCAHEN00017188 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2356 | RIPPSCAHEN00017195-RIPPSCAHEN00017195 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2357 | RIPPSCAHEN00017196-RIPPSCAHEN00017196 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming their belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2358 | RIPPSCAHEN00017197-RIPPSCAHEN00017198 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming their belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2359 | RIPPSCAHEN00017220-RIPPSCAHEN00017220 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming their belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2360 | RIPPSCAHEN00017245-RIPPSCAHEN00017245 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming their belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2361 | RIPPSCAHEN00017250-RIPPSCAHEN00017250 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2362 | RIPPSCAHEN00017251-RIPPSCAHEN00017251 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2363 | RIPPSCAHEN00017252-RIPPSCAHEN00017252 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2364 | RIPPSCAHEN00017292-RIPPSCAHEN00017322 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT/crypto space  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2365 | RIPPSCAHEN00017543-RIPPSCAHEN00017543 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2366 | RIPPSCAHEN00017547-RIPPSCAHEN00017550 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602  Additionally, this purported company appears to operate only outside the US<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to demonstrate that others used the term "Ape" in commerce in the NFT space before Yuga and that Ape is a generic term in the crypto space //Completeness: This is a screen grab of an entire webpage and therefore there are no completeness concerns with the exhibit  //Foundation: Defendants can lay the foundation for this exhibit through personal knowledge //Hearsay: Defendants do not intend to use this exhibit for the truth of the matter asserted, but rather, for the fact that it was stated wheih is a relevant fact to Yuga's use of the term "Ape" |
| JTX-2367 | RIPPSCAHEN00017679-RIPPSCAHEN00017681 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant to Defendants' intent and wilfulness  This exhibit goes to whether people understood that Yuga surrendered its IP to the world, which is relevant to Defendants' state of mind  //Completeness: The exhibit shows the entire tweet and therefore there are no completeness concerns persent ///Foundation: Defendants can lay foundation to the document through personal knowledge of the Tweet //Authentication: There is no dispute that the exhibit is not an authentic copy, and Defendants can authenticate the tweet through their personal knowledge //Hearsay: Defendants do not intend to rely on the statements for the truth of the matter asserted, but rather that it was said which is relevant as to whether people understood Yuga has having surrendered its IP rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2368 | RIPPSCAHEN00018424-RIPPSCAHEN00018424 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant to damages, wilfulness and whether BAYC owned the mark because it is relevant to whether BAYC were goods and whether Defendants had a good faith belief that BAYC were unregistered securities //Completeness: The exhibit is a complete webpage screen grab and therefore there are no completeness concerns present //Foundation: Yuga's witnesses including Ms  Muniz can lay foundation through familiarity with this partnership, Defendants can lay foundation for the fact that they were familiar with the partnership //Authentication: There is no dispute that the document is not what it purports to be, further Defendants or Ms  Muniz can authenticate the document through personal knowledge //Herasay: Defendants are not intending to use the exhibit for the truth of the matter asserted, but rather for the fact that it was asserted |
| JTX-2369 | RIPPSCAHEN00018560-RIPPSCAHEN00018560 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: The entire statement at issue is included in the exhibit and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2370 | RIPPSCAHEN00018561-RIPPSCAHEN00018561 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: This is a complete screen grab of a webpage and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2371 | RIPPSCAHEN00018562-RIPPSCAHEN00018562 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: This is a complete screen grab of a webpage and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2372 | RIPPSCAHEN00018567-RIPPSCAHEN00018567 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of the beer //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2373 | RIPPSCAHEN00018588-RIPPSCAHEN00018588 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602 To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the Tweet and sweatshirt //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2374 | RIPPSCAHEN00018599-RIPPSCAHEN00018606 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602 To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: This is a complete screen grab of a webpage and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2375 | RIPPSCAHEN00018616-RIPPSCAHEN00018616 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602 To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2376 | RIPPSCAHEN00018625-RIPPSCAHEN00018628 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming this belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2377 | RIPPSCAHEN00018629-RIPPSCAHEN00018638 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website and lemonade //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2378 | RIPPSCAHEN00018663-RIPPSCAHEN00018693 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2379 | RIPPSCAHEN00018694-RIPPSCAHEN00018694 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2380 | RIPPSCAHEN00018698-RIPPSCAHEN00018698 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets, even involving the "ape skull" logo  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2381 | RIPPSCAHEN00018907-RIPPSCAHEN00018907 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2382 | RIPPSCAHEN00018922-RIPPSCAHEN00018937 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2383 | RIPPSCAHEN00018938-RIPPSCAHEN00018938 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2384 | RIPPSCAHEN00018939-RIPPSCAHEN00018939 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2385 | RIPPSCAHEN00018961-RIPPSCAHEN00018971 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2386 | RIPPSCAHEN00018985-RIPPSCAHEN00018985 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2387 | RIPPSCAHEN00019794-RIPPSCAHEN00019794 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2388 | RIPPSCAHEN00019795-RIPPSCAHEN00019795 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant to damages, wilfulness and whether BAYC owned the mark because it is relevant to whether BAYC were goods and whether Defendants had a good faith belief that BAYC were unregistered securities //Completeness: The exhibit is a complete webpage screen grab and therefore there are no completeness concerns present //Foundation: Yuga's witnesses including Ms  Muniz can lay foundation through familiarity with this partnership, Defendants can lay foundation for the fact that they were familiar with the partnership //Authentication: There is no dispute that the document is not what it purports to be, further Defendants or Ms  Muniz can authenticate the document through personal knowledge //Herasay: Defendants are not intending to use the exhibit for the truth of the matter asserted, but rather for the fact that it was asserted |
| JTX-2389 | RIPPSCAHEN00019796-RIPPSCAHEN00019796 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant to damages, wilfulness and whether BAYC owned the mark because it is relevant to whether BAYC were goods and whether Defendants had a good faith belief that BAYC were unregistered securities //Completeness: The exhibit is a complete webpage screen grab and therefore there are no completeness concerns present //Foundation: Yuga's witnesses including Ms  Muniz can lay foundation through familiarity with this partnership, Defendants can lay foundation for the fact that they were familiar with the partnership //Authentication: There is no dispute that the document is not what it purports to be, further Defendants or Ms  Muniz can authenticate the document through personal knowledge //Herasay: Defendants are not intending to use the exhibit for the truth of the matter asserted, but rather for the fact that it was asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2390 | RIPPSCAHEN00019803-RIPPSCAHEN00019803 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to damages, wilfulness and whether BAYC surrendered its IP to the world  It could point to alternative sources of harm to Yuga's brand //Foundation: Both Yuga's witnesses and Defendants can lay the foundation for this document through personal knowledge //Completeness: The entire Tweet is shown and therefore there are no completeness issues //Hearsay: Defendants do not intend to introduce the Tweet for the truth of the matter asserted, but rather to prove that the statement was made |
| JTX-2391 | RIPPSCAHEN00019817-RIPPSCAHEN00019817 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This photograph contains all of the necessary parts to it and as such no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of this brand //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2392 | RIPPSCAHEN00020820-RIPPSCAHEN00020820 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2393 | RIPPSCAHEN00021019-RIPPSCAHEN00021019 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This photograph contains all of the necessary parts to it and as such no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of this brand //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2394 | RIPPSCAHEN00021289-RIPPSCAHEN00021294 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete listing and description of an apparel product and complete pictures of other apparel products for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's marks |
| JTX-2395 | RIPPSCAHEN00025247-RIPPSCAHEN00025251 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a full googdle search screenshot, including several different vendors selling relevant apparel and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2396 | RIPPSCAHEN00026256-RIPPSCAHEN00026259 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a full listing and description of an apparel product and pictures of other apparel for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's marks |
| JTX-2397 | Physical exhibit RIPPSCAHEN00018454 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a poster for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's alleged marks |
| JTX-2398 | Physical exhibit RIPPSCAHEN00018455 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2399 | Physical exhibit RIPPSCAHEN00018456 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's alleged marks |
| JTX-2400 | Physical exhibit RIPPSCAHEN00018457 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2401 | Physical exhibit RIPPSCAHEN00018458 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a pillow for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2402 | Physical exhibit RIPPSCAHEN00018459 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a patch and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2403 | Physical exhibit RIPPSCAHEN00018460 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a box for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2404 | Physical exhibit RIPPSCAHEN00018461 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a phone case for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2405 | Physical exhibit RIPPSCAHEN00018462 | Ripps, cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a mug for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2406 | Physical exhibit RIPPSCAHEN00018463 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a disposable nicotine device for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2407 | Physical exhibit RIPPSCAHEN00018464 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a mug for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2408 | Physical exhibit RIPPSCAHEN00018465 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2409 | Physical exhibit RIPPSCAHEN00018466 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2410 | Physical exhibit RIPPSCAHEN00018467 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2411 | Physical exhibit RIPPSCAHEN00018468 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2412 | Physical exhibit RIPPSCAHEN00018469 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2413 | Physical exhibit RIPPSCAHEN00018470 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2414 | Physical exhibit RIPPSCAHEN00018471 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2415 | Physical exhibit RIPPSCAHEN00018472 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2416 | Physical exhibit RIPPSCAHEN00018473 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a clock for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2417 | Physical exhibit RIPPSCAHEN00018474 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a bottle of wine for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2418 | Physical exhibit RIPPSCAHEN00018475 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a bottle of wine for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2419 | Physical exhibit RIPPSCAHEN00022704 | Ripps, and Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2420 | Physical exhibit RIPPSCAHEN00022705 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2421 | Physical exhibit RIPPSCAHEN00022706 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of coffee for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2422 | Physical exhibit RIPPSCAHEN00026203 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2423 | Physical exhibit RIPPSCAHEN00026204 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of footwear for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2424 | Physical exhibit RIPPSCAHEN00026272 | Ripps, Cahen Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a framed print for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2425 | Physical exhibit RIPPSCAHEN00026273 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a phone case for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2426 | Physical exhibit RIPPSCAHEN00026274 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a t-shirt for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2427 | Physical exhibit RIPPSCAHEN00026275 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a backpack for sale and use of Yuga's alleged marks   // Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2428 | Physical exhibit RIPPSCAHEN00026276 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   The authenticity of this exhibit cannot be confirmed or assessed because its origin and sourcing information are unknown   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of beverages for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2429 | RIPPSCAHEN00019913-RIPPSCAHEN00019913 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403    This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602    This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901    This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This ichart provides data regarding BAYC NFT floor price over time  This document is relevant to damages  // Completeness: This is a complete picture of the chart as it appears on CoinGecko  //Foundation: Defendants can lay the foundation for the document through familiarity  //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2430 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It is missing multiple images and some images are blacked out    This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2431 | Direct Messages- vasa and hwonder et al , June 23, 2022 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It is missing multiple images    This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat  There is nothing misleading about the presentation of this group chat  /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind  Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2432 | LEHMAN0000291-LEHMAN0000291 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It is missing multiple images    This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat  There is nothing misleading about the presentation of this group chat  /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind  Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2433 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It is missing multiple images    This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2434 | Chat between middlemarch eth and Pauly Shore, May 24, 2022 | Hickman, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   It is missing multiple images, and it is only part of a conversation  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbaye project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat  There is nothing misleading about the presentation of this group chat  /// Foundation:  Defendants can provide foundation for their messages within the group chat and the timeline of the group chat  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbaye project development timeline or Defendants' state of mind  Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2435 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2436 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2437 | LEHMAN0000315-LEHMAN0000315 | Cahen and Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2438 | Withdrawn  Defendants reserve all rights | N/A | No objection | Withdrawn  Defendants reserve all rights |
| JTX-2439 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2440 | LEHMAN0000318-LEHMAN0000318 | Lehman, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding the NFT market during the relevant time period and alternate sources of harm to Yuga  This is relevant to damages   /// Completeness:  This exhibit is an accurate representation of group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of the NFT market |
| JTX-2441 | LEHMAN0000319-LEHMAN0000319 | Lehman, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticism of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2442 | LEHMAN0000321-LEHMAN0000321 | Lehman, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding the NFT market, third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2443 | LEHMAN0000322-LEHMAN0000322 | Lehman, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga  /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2444 | LEHMAN0000323-LEHMAN0000323 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay:  The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2445 | LEHMAN0000324-LEHMAN0000324 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga  /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2446 | LEHMAN0000325-LEHMAN0000325 | Cahen, Lehman | No objection | |
| JTX-2447 | LEHMAN0000326-LEHMAN0000326 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga  /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2448 | LEHMAN0000327-LEHMAN0000327 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2449 | LEHMAN0000328-LEHMAN0000328 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2450 | LEHMAN0000329-LEHMAN0000329 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages   /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2451 | LEHMAN0000332-LEHMAN0000332 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2452 | LEHMAN0000333-LEHMAN0000333 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages   /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2453 | LEHMAN0000334-LEHMAN0000334 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2454 | LEHMAN0000335-LEHMAN0000335 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2455 | LEHMAN0000336-LEHMAN0000336 | Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp /// Foundation: The speakers in the document can lay foundation based on personal knowledge  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2456 | LEHMAN0000337-LEHMAN0000337 | Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp /// Foundation:  the speakers in the document can lay foundation based on personal knowledge  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2457 | LEHMAN0000340-LEHMAN0000340 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2458 | LEHMAN0000341-LEHMAN0000341 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages   /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2459 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2460 | LEHMAN0000344-LEHMAN0000344 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2461 | LEHMAN0000345-LEHMAN0000345 | Cahen, Lehman | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2462 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2463 | LEHMAN0000347-LEHMAN0000347 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind  /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2464 | LEHMAN0000348-LEHMAN0000348 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2465 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2466 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2467 | LEHMAN0000351-LEHMAN0000351 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2468 | LEHMAN0000352-LEHMAN0000352 | Ripps, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2469 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2470 | LEHMAN0000354-LEHMAN0000354 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding the rrbayc project during the relevant time period   /// Completeness:  This exhibit is an accurate representation of the group chat, including authors and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of the rrbayc project |
| JTX-2471 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2472 | LEHMAN0000356-LEHMAN0000356 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' criticisms of Yuga |
| JTX-2473 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2474 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2475 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2476 | LEHMAN0000360-LEHMAN0000360 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' criticisms of Yuga |
| JTX-2477 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2478 | LEHMAN0000362-LEHMAN0000362 | Cahen, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   /// Completeness:  This exhibit includes complete and accurate group chat messages, including authors and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2479 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2480 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2481 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2482 | LEHMAN0000366-LEHMAN0000366 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga during the relevant time period  /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of Yuga |
| JTX-2483 | LEHMAN0000367-LEHMAN0000367 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2484 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2485 | LEHMAN0000369-LEHMAN0000369 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamps   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2486 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2487 | LEHMAN0000371-LEHMAN0000371 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2488 | LEHMAN0000372-LEHMAN0000372 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2489 | LEHMAN0000373-LEHMAN0000373 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it relates to Defendants' criticisms of Yuga  /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp  /// Hearsay:  the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the purpose of the rrbayc project |
| JTX-2490 | LEHMAN0000374-LEHMAN0000374 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it relates to Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat message, including authors and timestamps   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the purpose of the rrbayc project |
| JTX-2491 | LEHMAN0000375-LEHMAN0000375 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed   FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to willfullness  It demonstrates events that were impacting Defendants' state of mind during the relevant time period |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2492 | LEHMAN0000376-LEHMAN0000376 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed   FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga  Thus,  it is relevant to damages and intent  // Completeness: The document contains a complete tweet, including author and timestamp  /// Hearsay: The document is not being offered for the truth, but only for the existence of other occurrences that were impacting Yuga financially during the relevant time period |
| JTX-2493 | LEHMAN0000377-LEHMAN0000377 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2494 | LEHMAN0000378-LEHMAN0000378 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2495 | LEHMAN0000379-LEHMAN0000379 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed   FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2496 | LEHMAN0000380-LEHMAN0000380 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2497 | LEHMAN0000381-LEHMAN0000381 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfullness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2498 | LEHMAN0000382-LEHMAN0000382 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2499 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear who is being referred to<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2500 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear who is being referred to<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2501 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear who is being referred to<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2502 | RIPPSCAHEN00013404-RIPPSCAHEN00013404 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear if this image was ever even shown to the public<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2503 | RIPPSCAHEN00013438-RIPPSCAHEN00013438 | Ripps, Cahen, Hickman, Lehman | No objection; except for relevance FRE 401 as the source and date of the exhibit is unclear | |
| JTX-2504 | RIPPSCAHEN00014222-RIPPSCAHEN00014222 | Ripps, Cahen, Hickman, Lehman | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2505 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It lacks many of the associated images or attachments

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2506 | RIPPSCAHEN00013249-RIPPSCAHEN00013250 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it shows reservation procedures for the rrbayc project, which is relevant to willfulness and confusion  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project reservation procedures |
| JTX-2507 | RIPPSCAHEN00013255-RIPPSCAHEN00013255 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It lacks many of the associated text

This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901    This is not an authentic exhibit as it is a document created by counsel or Defendants   It is not evidence that exists independently of counsel's or Defendants' creation | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   ///  Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat  There is nothing misleading |
| JTX-2508 | RIPPSCAHEN00013341-RIPPSCAHEN00013341 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2509 | RIPPSCAHEN00013479-RIPPSCAHEN00013479 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2510 | RIPPSCAHEN00013504-RIPPSCAHEN00013504 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2511 | RIPPSCAHEN00013545-RIPPSCAHEN00013545 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2512 | RIPPSCAHEN00013899-RIPPSCAHEN00013899 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2513 | RIPPSCAHEN00013976-RIPPSCAHEN00013976 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to damages as it demonstrates a partial accounting for RR/BAYC   ///  Completeness:  This exhibit is an accurate representation of the relevant accounting document  There is nothing misleading  ///  Hearsay: the document is not hearsay because it is a business record created during regularly conducted activity |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2514 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2515 | RIPPSCAHEN00015811-RIPPSCAHEN00015811 | Lehman, Ripps, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the spearkers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   /// Completeness:  This exhibit includes complete and accurate direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2516 | RIPPSCAHEN00015812-RIPPSCAHEN00015812 | Lehman, Ripps, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   /// Completeness:  This exhibit includes complete and accurate direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2517 | RIPPSCAHEN00015813-RIPPSCAHEN00015813 | Lehman, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   /// Completeness:  This exhibit is a complete email, and includes the sender's email address  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2518 | RIPPSCAHEN00015814-RIPPSCAHEN00015814 | Lehman, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   /// Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2519 | RIPPSCAHEN00015815-RIPPSCAHEN00015815 | Lehman, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2520 | RIPPSCAHEN00015816-RIPPSCAHEN00015816 | Lehman, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2521 | RIPPSCAHEN00018489-RIPPSCAHEN00018489 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisims of Yuga  /// 403:  This document is probative with respect to willfullness and intent  Thus, the court has not ruled on these issues and they shoul be resolved by the jury /// Completeness:  This exhibit is an accurate representation of direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions creating the rrbayc project |
| JTX-2522 | RIPPSCAHEN00018490-RIPPSCAHEN00018490 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisims of Yuga   /// 403:  This document is probative with respect to willfullness and intent  Thus, the court has not ruled on these issues and they shoul be resolved by the jury /// Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2523 | SENECA0001-0013-SENECA0001-0013 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisims of Yuga   /// 403:  This document is probative with respect to willfullness and intent  Thus, the court has not ruled on these issues and they shoul be resolved by the jury /// Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2524 | RIPPSCAHEN00025497-RIPPSCAHEN00025497 | Hickman, Cahen | No objection | |
| JTX-2525 | RIPPSCAHEN00025498-RIPPSCAHEN00025498 | Hickman, Cahen | No objection | |
| JTX-2526 | RIPPSCAHEN00025499-RIPPSCAHEN00025499 | Hickman, Cahen | No objection | |
| JTX-2527 | RIPPSCAHEN00025500-RIPPSCAHEN00025500 | Hickman, Cahen | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2528 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2529 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2530 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2531 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2532 | RIPPSCAHEN00025505-RIPPSCAHEN00025505 | Hickman, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbaye project and their criticisms of Yuga   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbaye project |
| JTX-2533 | RIPPSCAHEN00025514-RIPPSCAHEN00025514 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbaye project and their criticisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness: This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbaye project |
| JTX-2534 | RIPPSCAHEN00025515-RIPPSCAHEN00025515 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbaye project and their criticisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness: This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbaye project |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2535 | RIPPSCAHEN00025516-RIPPSCAHEN00025516 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403    This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are    This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2536 | RIPPSCAHEN00025517-RIPPSCAHEN00025517 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403    This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are    This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2537 | RIPPSCAHEN00025518-RIPPSCAHEN00025518 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403    This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are    This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2538 | RIPPSCAHEN00025519-RIPPSCAHEN00025519 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403    This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403    This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are    This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2539 | RIPPSCAHEN00025520-RIPPSCAHEN00025520 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403:  The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2540 | RIPPSCAHEN00025521-RIPPSCAHEN00025521 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403:  The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2541 | RIPPSCAHEN00025522-RIPPSCAHEN00025522 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfullness and intent   /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat  There is nothing misleading about the presentation of this group chat  /// Foundation:  Defendants can provide foundation for their messages within the group chat and the timeline of the group chat  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind  Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2542 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2543 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2544 | RIPPSCAHEN00025525-RIPPSCAHEN00025525 | Cahen, Hickman | No objection | |
| JTX-2545 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2546 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2547 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2548 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2549 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2550 | RIPPSCAHEN00025531-RIPPSCAHEN00025531 | Cahen, Lehman | No objection | |
| JTX-2551 | RIPPSCAHEN00025532-RIPPSCAHEN00025532 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2552 | RIPPSCAHEN00025533-RIPPSCAHEN00025533 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2553 | RIPPSCAHEN00025534-RIPPSCAHEN00025534 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2554 | RIPPSCAHEN00025535-RIPPSCAHEN00025535 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect rrbayc project development timeline or Defendants' state of mind |
| JTX-2555 | RIPPSCAHEN00025537-RIPPSCAHEN00025537 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2556 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2557 | RIPPSCAHEN00025539-RIPPSCAHEN00025539 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2558 | RIPPSCAHEN00025540-RIPPSCAHEN00025540 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2559 | RIPPSCAHEN00025541-RIPPSCAHEN00025541 | Cahen, Lehman | No objection | |
| JTX-2560 | RIPPSCAHEN00025542-RIPPSCAHEN00025542 | Cahen, Lehman | No objection | |
| JTX-2561 | RIPPSCAHEN00025543-RIPPSCAHEN00025543 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2562 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2563 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2564 | RIPPSCAHEN00025546-RIPPSCAHEN00025546 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments in the apemarket project, which is relevant to damages, willfulness, and intent  ///  Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the apemarket project development timeline or Defendants' state of mind |
| JTX-2565 | RIPPSCAHEN00025547-RIPPSCAHEN00025547 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments in the apemarket project, which is relevant to damages, willfulness, and intent  ///  Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the apemarket project development timeline or Defendants' state of mind |
| JTX-2566 | RIPPSCAHEN00025548-RIPPSCAHEN00025548 | Cahen, Lehman | No objection | |
| JTX-2567 | RIPPSCAHEN00025549-RIPPSCAHEN00025549 | Cahen, Lehman | No objection | |
| JTX-2568 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2569 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2570 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2571 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2572 | RIPPSCAHEN00025554-RIPPSCAHEN00025554 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document provides information about Yuga's contact with the Defendants' family members, which are relevant to wilfulness  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2573 | RIPPSCAHEN00025555-RIPPSCAHEN00025555 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document provides information about Defendants' reaction to the current litigation, which are relevant to wilfulness  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2574 | RIPPSCAHEN00025556-RIPPSCAHEN00025556 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document provides information about Yuga's statements about the meaning of the symbolism it uses, which is relevant to wilfulness  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  ///Hearsay: This document  is not hearsay and includes statements by a party opponent |
| JTX-2575 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2576 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2577 | RIPPSCAHEN00025559-RIPPSCAHEN00025559 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about updates Defendants wanted to make to rrbayc com, which is relevant to willfulness and intent and confusion:  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  /// Hearsay: the document may be offered not for the truth |
| JTX-2578 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant and misleading to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2579 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant and misleading to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2580 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2581 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2582 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2583 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2584 | Withdrawn  Defendants reserve all rights | N/A | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Withdrawn  Defendants reserve all rights |
| JTX-2585 | RIPPSCAHEN00025981- RIPPSCAHEN00025981 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document provides information about the removal of RR/BAYC NFTs from a marketplace and Defendant and third parties reactions, which are relevant to confusion and willfulness  ///  Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread  /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |
| JTX-2586 | RIPPSCAHEN00026089- RIPPSCAHEN00026089 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness  ///  Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread  /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |
| JTX-2587 | RIPPSCAHEN00026300- RIPPSCAHEN00026300 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness  ///  Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread  /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2588 | RIPPSCAHEN00001374-RIPPSCAHEN00001374 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2589 | RIPPSCAHEN00001380-RIPPSCAHEN00001380 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2590 | RIPPSCAHEN00001396-RIPPSCAHEN00001396 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are  One speaker appears to be outside the US<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2591 | RIPPSCAHEN00001397-RIPPSCAHEN00001397 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2592 | RIPPSCAHEN00001408-RIPPSCAHEN00001408 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2593 | RIPPSCAHEN00001448-RIPPSCAHEN00001448 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2594 | RIPPSCAHEN00001449-RIPPSCAHEN00001449 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2595 | RIPPSCAHEN00001475-RIPPSCAHEN00001475 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2596 | RIPPSCAHEN00001479-RIPPSCAHEN00001479 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2597 | RIPPSCAHEN00001482-RIPPSCAHEN00001482 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2598 | RIPPSCAHEN00001495-RIPPSCAHEN00001495 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2599 | RIPPSCAHEN00001523-RIPPSCAHEN00001523 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace   These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2600 | Withdrawn  Defendants reserve all rights | N/A | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Withdrawn  Defendants reserve all rights |
| JTX-2601 | RIPPSCAHEN00018702-RIPPSCAHEN00018702 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on a marketplace which is relevant to willfulness and intent and confusion   ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2602 | RIPPSCAHEN00018984-RIPPSCAHEN00018984 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on a marketplace which is relevant to willfulness and intent and confusion   /// Completeness: This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete   ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2603 | RIPPSCAHEN00018986-RIPPSCAHEN00018986 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on OpenSea marketplace which is relevant to willfulness and intent and confusion  /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2604 | LEHMAN0000241_CONFIDENTIAL-LEHMAN0000241_CONFIDENTIAL | Lehman | No objection | |
| JTX-2605 | LEHMAN0000242_CONFIDENTIAL-LEHMAN0000242_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2606 | LEHMAN0000243_CONFIDENTIAL-LEHMAN0000243_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2607 | LEHMAN0000246_CONFIDENTIAL-LEHMAN0000246_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2608 | Live9000-00000014-Live9000-00000014 | Ripps | No objection | |
| JTX-2609 | Live9000-00000015-Live9000-00000015 | Ripps | No objection | |
| JTX-2610 | Live9000-00000016-Live9000-00000016 | Ripps | No objection | |
| JTX-2611 | Live9000-00000017-Live9000-00000017 | Ripps | No objection | |
| JTX-2612 | Live9000-00000018-Live9000-00000018 | Ripps | No objection | |
| JTX-2613 | Live9000-00000019-Live9000-00000019 | Ripps | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2614 | RIPPSCAHEN00015592-RIPPSCAHEN00015592 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis   FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages   ///  Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation   ///  Expert:  The lay person analysis of the revenue received is appropriate and relevant here   ////  Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2615 | RIPPSCAHEN00015594-RIPPSCAHEN00015594 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis   FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages   ///  Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation   ///  Expert:  The lay person analysis of the revenue received is appropriate and relevant here   ///  Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2616 | RIPPSCAHEN00015595-RIPPSCAHEN00015595 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis   FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages   ///  Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation   ///  Expert:  The lay person analysis of the revenue received is appropriate and relevant here   ///  Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2617 | RIPPSCAHEN00015596-RIPPSCAHEN00015596 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis   FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages   ///  Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation   ///  Expert:  The lay person analysis of the revenue received is appropriate and relevant here   ///  Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2618 | RIPPSCAHEN00015643-RIPPSCAHEN00015643 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis   FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages   ///  Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation   ///  Expert:  The lay person analysis of the revenue received is appropriate and relevant here   ///  Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2619 | RIPPSCAHEN00015644-RIPPSCAHEN00015644 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages   /// Completeness:  This exhibit is an accurate representation of the spreadsheet and includes the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2620 | RIPPSCAHEN00017694-RIPPSCAHEN00017694 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides information about royalties received from RR/BAYC NFTs, which are relevant for damages and willfulness and intent   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete   Additionally, speakers are identified by their usernames  /// Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2621 | RIPPSCAHEN00023101-RIPPSCAHEN00023101 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about transactions for the RR/BAYC NFTs, which are relevant for damages   /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2622 | RIPPSCAHEN00017185-RIPPSCAHEN00017186 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant because, for example, it provides informaiton about BAYC consumer's thoughts on its price which are relevant to damages   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete   Additionally, speakers are identified by their usernames   ///Hearsay:  This document may be offered not for the truth, but merely the existence of BAYC consumers'thoughts on prices (independent of its veracity) |
| JTX-2623 | RIPPSCAHEN00017448-RIPPSCAHEN00017509 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is unclear who the speakers are<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga including the fact that people other than Defendants posted information criticizing Yuga's assets   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete   Additionally, speakers are identified by their usernames   /// Expert:  The information provided as a lay person's opinion about Yuga selling unregistered securities is relevant to damages   /// Hearsay:  This document may be offered not for the truth, but merely the existence of people's thoughts on whether Yuga sold unregistered securities (independent of its veracity) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2624 | RIPPSCAHEN00017603-RIPPSCAHEN00017603 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant because, for example, it provides informaiton about the history of BAYC NFT prices which are relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  ///Hearsay: This document may be offered not for the truth, but merely the existence of BAYC consumers'thoughts on prices (independent of its veracity) |
| JTX-2625 | RIPPSCAHEN00017606-RIPPSCAHEN00017608 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are  It also contains unrelated Tweets not connected to the original Tweet<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga including the fact that people other than Defendants posted information criticizing Yuga's assets as unregistered securities which are relevant to damages   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames   The "More Tweets" section is how the information appeared on the website and is an accurate capture   /// Hearsay: This document may be offered not for the truth, but merely the existence of people's thoughts on whether Yuga sold unregistered securities (independent of its veracity) |
| JTX-2626 | RIPPSCAHEN00018881-RIPPSCAHEN00018888 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant because, for example, it provides information about the history of Yuga's product's prices which is relevant to damages   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  ///Hearsay: This document may be offered not for the truth, but merely the existence of statements about BAYC NFT prices (independent of its veracity) |
| JTX-2627 | RIPPSCAHEN00018955-RIPPSCAHEN00018956 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga including the fact that people other than Defendants posted information criticizing Yuga's assets as unregistered securities which are relevant to damages   /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  /// Expert:  The information provided as a lay person's opinion about Yuga selling unregistered securities is relevant to damages   /// Hearsay: This document may be offered not for the truth, but merely the existence of people's thuoghts on whether Yuga sold unregistered securities (independent of its veracity) |
| JTX-2628 | RIPPSCAHEN00018974-RIPPSCAHEN00018974 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant because, for example, it provides informaiton about the history of BAYC NFT prices which are relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  ///Hearsay: This document may be offered not for the truth, but merely the existence of statements about BAYC NFT prices (independent of its veracity) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2629 | RIPPSCAHEN00019847-RIPPSCAHEN00019868 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides informaiton about the history of BAYC NFT prices which are relevant to damages  /// Completeness and Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  The exhibit is the complete article and is not misleading  /// Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on BAYC NFTs |
| JTX-2630 | RIPPSCAHEN00020034-RIPPSCAHEN00020063 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be missing images and appears to be from a publication outside the US<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides background on what NFTs are and crypto generally  Given NFTs are a global item that can be purchased in any country, the locaiton of the publication is not relevant  /// Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  Additionally, Defendants will provide an updated version that includes the images ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on NFTs |
| JTX-2631 | RIPPSCAHEN00020064-RIPPSCAHEN00020076 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides background on what NFTs are and crypto generally  /// Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on NFTs |
| JTX-2632 | RIPPSCAHEN00020630-RIPPSCAHEN00020642 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides background on what NFTs are and crypto generally  /// Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on NFTs |
| JTX-2633 | RIPPSCAHEN00020737-RIPPSCAHEN00020737 | Ripps, Cahen, Hickman, Solano, Aronow, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106  It is missing other pages from the website | Relevance:  The BAYC Roadmap is relevant to damages issues in this case, including the extent to which any damage Yuga suffered is attributable to its own conduct  /// Completeness: The roadmap itself is a complete capture of one page from Plaintiff's website  Other pages are in the record, as are numerous other individual webpages  Therefore it is not incomplete |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2634 | RIPPSCAHEN00022414-RIPPSCAHEN00022415 | Ripps, Cahen, Hickman, Solano, Aronow, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga's transfer of NFTs is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages  Additionally, this exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  /// Completeness and Foundation: This exhibit is an accurate capture of the Etherscan transaction and is complete  Defendants can lay foundation for this public post based on their personal knowledge  ///Hearsay:  This document is not hearsy because it is not being offered for the truth of the matter asserted  It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind |
| JTX-2635 | RIPPSCAHEN00022420-RIPPSCAHEN00022426 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Defendants posted information criticizing Yuga's connection to FTX  /// Completeness and Foundation: This exhibit is an accurate capture of the article and is complete  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay: This document may be offered not for the truth, but merely the existence of criticsm from others (independent of its veracity) |
| JTX-2636 | RIPPSCAHEN00022549-RIPPSCAHEN00022549 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information about Yuga's connection to FTX   /// Completeness and Foundation: This exhibit is an accurate capture of a Twitter post and is complete  Defendants can lay foundation for this public post based on their personal knowledge  ///Hearsay: This document may be offered not for the truth, but merely the existence of criticsm from others (independent of its veracity) |
| JTX-2637 | RIPPSCAHEN00022553-RIPPSCAHEN00022553 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602 | Relevance:  This document is relevant because, for example it evidences a source of criticism against Yuga and goes towards willfulness and intent  /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete  Defendants can lay foundation for this public post based on their personal knowledge  Yuga can also lay foundation for the statements it made |
| JTX-2638 | RIPPSCAHEN00018889-RIPPSCAHEN00018889 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences criticsim the Defendants received which show a lack of confusion and are relevant to damages and willfulless  /// Completeness and Foundation: This exhibit is an accurate capture of a Twitter post and is complete  Defendants can lay foundation for this public post based on their personal knowledge  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticsm from others (independent of its veracity) |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2639 | RIPPSCAHEN00000291– RIPPSCAHEN00000291 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2640 | RIPPSCAHEN00000292– RIPPSCAHEN00000292 | Ripps, Cahen, Hickman | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2641 | RIPPSCAHEN00000293– RIPPSCAHEN00000293 | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2642 | RIPPSCAHEN00000294– RIPPSCAHEN00000294 | Aronow, Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2643 | RIPPSCAHEN00000295– RIPPSCAHEN00000295 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2644 | RIPPSCAHEN00000296– RIPPSCAHEN00000296 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2645 | RIPPSCAHEN00000297–RIPPSCAHEN00000297 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  ///  Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2646 | RIPPSCAHEN00000298–RIPPSCAHEN00000298 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  ///  Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2647 | RIPPSCAHEN00000299–RIPPSCAHEN00000299 | Ali, Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2648 | RIPPSCAHEN00000300–RIPPSCAHEN00000300 | Atalay, Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2649 | RIPPSCAHEN00016788–RIPPSCAHEN00016791 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted criticizing BAYC and the problematic imagery  /// This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2650 | RIPPSCAHEN00016855–RIPPSCAHEN00016856 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2651 | RIPPSCAHEN00017330–RIPPSCAHEN00017330 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  Additionally, the RR/BAYC logo is plainly relevant  ///  Completeness: This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2652 | RIPPSCAHEN00017542-RIPPSCAHEN00017542 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2653 | RIPPSCAHEN00017624-RIPPSCAHEN00017624 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness: This exhibit is an accurate capture of a Twitter post   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2654 | RIPPSCAHEN00017779-RIPPSCAHEN00017787 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness: This exhibit is an accurate capture of a Twitter post   The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2655 | RIPPSCAHEN00017830-RIPPSCAHEN00017835 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goals in creating ApeMarket which goes to willfulness and intent   ///  Completeness: This exhibit is an accurate capture of a Twitter post   The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2656 | RIPPSCAHEN00017836-RIPPSCAHEN00017839 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness: This exhibit is an accurate capture of a Twitter post   The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2657 | RIPPSCAHEN00017871-RIPPSCAHEN00017874 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' process for creating the RR/BAYC NFTs which goes to willfulness and intent   ///  Completeness: This exhibit is an accurate capture of a Twitter post   The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2658 | RIPPSCAHEN00017985-RIPPSCAHEN00017988 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///   Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2659 | RIPPSCAHEN00018035-RIPPSCAHEN00018053 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///   Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2660 | RIPPSCAHEN00018894-RIPPSCAHEN00018894 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///   Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2661 | RIPPSCAHEN00018897-RIPPSCAHEN00018897 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2662 | RIPPSCAHEN00018913-RIPPSCAHEN00018913 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///   Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2663 | RIPPSCAHEN00018995-RIPPSCAHEN00018995 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///   Completeness:  This exhibit is an accurate capture of a Twitter post  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2664 | RIPPSCAHEN00019026-RIPPSCAHEN00019030 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  ///  Completeness: This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2665 | RIPPSCAHEN00019039-RIPPSCAHEN00019040 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  Additionally it evidences others using the alleged marks, which goes to willfulness and intent  ///  Completeness: This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2666 | RIPPSCAHEN00019220-RIPPSCAHEN00019223 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2667 | RIPPSCAHEN00020105-RIPPSCAHEN00020108 | Cahen, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences sources of income from RR/BAYC, which is relevant for damages  Additionally the document provides evidence that goes to willfulness and intent  ///  Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2668 | RIPPSCAHEN00021585-RIPPSCAHEN00021585 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga ///  Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  ///  Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity)  Additionally, the statements made by Yuga are an exception to hearsay for party opponents |
| JTX-2669 | RIPPSCAHEN00021586-RIPPSCAHEN00021587 | Ripps, Cahen ,Muniz, Aronow, Solano, Atalay, Oseary | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|----------------------|
| JTX-2670 | RIPPSCAHEN00026238-RIPPSCAHEN00026238 | Ripps, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403    It is also unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information that BAYC has problematic imagery  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speaker is user @Ivan87403  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2671 | RIPPSCAHEN00002282-RIPPSCAHEN00002282 | Ripps, Cahen, Aronow, Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant |
| JTX-2672 | RIPPSCAHEN00017611-RIPPSCAHEN00017611 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule  FRE 106, 403, 602, 1002   The exhibit appears to be only a clip of a fuller recording<br><br>This exhibit contains nonparty information for which there is no foundation  FRE 602   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant  /// Completeness/ Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge   Additionally, Yuga can testify about the statements they made  /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception |
| JTX-2673 | RIPPSCAHEN00017612-RIPPSCAHEN00017612 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule  FRE 106, 403, 602, 1002   The exhibit appears to be only a clip of a fuller recording<br><br>This exhibit contains nonparty information for which there is no foundation  FRE 602   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant   /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge   Additionally, Yuga can testify about the statements they made  /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception |
| JTX-2674 | RIPPSCAHEN00022848-RIPPSCAHEN00022848 | Ripps, Cahen, Muniz, Solano, Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant   /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge   Additionally, Yuga can testify about the statements they made  /// Hearsay: The evidence is not offered for the truth, but merely the existence of discussion about Yuga's transference of rights from others (independent of its veracity)   Additionally, the evidence includes statements made by Yuga, which are admissible as party opponent exception |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2675 | RIPPSCAHEN00022940-RIPPSCAHEN00022940 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported claims or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party or Defendants' information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This evidence is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga /// Completeness and Foundation: The evidence shows the entire video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  // Hearsay: The evidence is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2676 | YUGALABS_00030243-YUGALABS_00030243 | Ripps, Cahen, Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document  In particular, the video should be limited to the relevant segment discussing the Bored Ape Yacht Club and Defendants' infringement | |
| JTX-2677 | YUGALABS_00030338-YUGALABS_00030338 | Muniz | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2678 | YUGALABS_00027791-YUGALABS_00027971 | Muniz, Atalay | No objection | |
| JTX-2679 | YUGALABS_00027972-YUGALABS_00028012 | Muniz, Atalay | No objection | |
| JTX-2680 | YUGALABS_00028013-YUGALABS_00028022 | Muniz, Atalay | No objection | |
| JTX-2681 | YUGALABS_00028023-YUGALABS_00028088 | Muniz, Atalay | No objection | |
| JTX-2682 | YUGALABS_00028089-YUGALABS_00028108 | Muniz, Atalay | No objection | |
| JTX-2683 | YUGALABS_00028109-YUGALABS_00029075 | Muniz, Atalay | No objection | |
| JTX-2684 | YUGALABS_00031208-YUGALABS_00031297 | Muniz, Aronow, Solano, Atalay, Oseary | No objection; subject to relevance FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2685 | YUGALABS_00031474-YUGALABS_00031553 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  Yuga's stock valuation is relevant to alternative sources of harm and damages /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business |
| JTX-2686 | RIPPSCAHEN00019875-RIPPSCAHEN00019875 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfullness and intent   Additionally the United States is included in the information provided and is, therefore, relevant  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document is not being brought in for the truth of the matter asserted   It is evidence of public activity that occurred |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2687 | RIPPSCAHEN00019876-RIPPSCAHEN00019876 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes only Los Angeles information  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent   Additionally, Los Angeles is in the United States and the information provided is, therefore, relevant  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted   It is evidence of public activity that occurred |
| JTX-2688 | RIPPSCAHEN00019877-RIPPSCAHEN00019877 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent   Additionally the United States is included  in the information provided and is, therefore, relevant   /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted   It is evidence of public activity that occurred |
| JTX-2689 | RIPPSCAHEN00019883-RIPPSCAHEN00019883 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent   Additionally the United States is included  in the information provided and is, therefore, relevant   /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted   It is evidence of public activity that occurred |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2690 | RIPPSCAHEN00019884-RIPPSCAHEN00019884 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfullness and intent  Additionally the United States is included  in the information provided and is, therefore, relevant  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted   It is evidence of public activity that occurred |
| JTX-2691 | YUGALABS_00031555-YUGALABS_00031561 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages  /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status |
| JTX-2692 | YUGALABS_00031562-YUGALABS_00031562 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages  /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status |
| JTX-2693 | YUGALABS_00031565-YUGALABS_00031565 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages  /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status |
| JTX-2694 | RIPPSCAHEN00018813-RIPPSCAHEN00018816 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation   FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including whether Yuga's terms and conditions transferred rights to its holders and possible impact on the damages suffered  /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge  /// Completeness:  This exhibit is an accurate capture of a Twitter post   No unrelated tweets are included in this document   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post   /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2695 | RIPPSCAHEN00018817-RIPPSCAHEN00018817 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including whether Yuga's terms and condifitions transferred rights to its holders and possible impact on the damages suffered  /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2696 | Deposition Transcript of Wylie Aronow, Mar 6, 2023 | Aronow | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2697 | Deposition Transcript of Kerem Atalay, Jan 20, 2023 | Atalay | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2698 | Deposition Transcript of Jonah Berger, Mar 9, 2023 | Berger | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2699 | Deposition Transcript of Jeremy Cahen, Jan 11, 2023 | Cahen | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2700 | Deposition Transcript of Patrick Ehrlund, Mar 16, 2023 | Ehrlund | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2701 | Deposition Transcript of Ryan Hickman, Dec 7, 2022 | Hickman | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2702 | Deposition Transcript of Jason Cline, Mar 24, 2023 | Cline | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2703 | Deposition Transcript of Lauren Kindler, Mar 17, 2023 | Kindler | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2704 | Deposition Transcript of Thomas Lehman, Mar 27, 2023 | Lehman | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2705 | Deposition Transcript of Nicole Muniz, Jan 24, 2023 | Muniz | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2706 | Deposition Transcript of Laura O'Laughlin, Mar 22, 2023 | O'Laughlin | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2707 | Deposition Transcript of Guy Oseary, Mar 1, 2023 | Oseary | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2708 | Deposition Transcript of Ryder Ripps, Jan 12, 2023 | Ripps | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2709 | Deposition Transcript of Greg Solano, Jan 17, 2023 | Solano | This exhibit is improper use of deposition testimony   FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule   This deposition transcript is included for identification purposes only   Deposition designations will be entered in accordance with the limitations in FRCP 32 |

1    Dated:  May 25, 2023        FENWICK & WEST LLP

2

3                                          By: _/s/ Eric Ball_____
                                               Eric Ball
4                                          Attorneys for Plaintiff
                                           YUGA LABS, INC.
5

6

7    Dated:  May 25, 2023        WILMER CUTLER PICKERING HALE &
                                           DORR LLP
8

9                                          By: _/s/ Louis W. Tompros_____
10                                             Louis W. Tompros
                                           Attorneys for Defendants
11                                         RYDER RIPPS and JEREMY CAHEN

12

13

14                    **ATTESTATION OF CONCURRENCE IN FILING**

15          Pursuant to the United States District Court for the Central District of

16   California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing

17   of this document has been obtained from Louis W. Tompros.

18

19                                          ___/s/ Eric Ball_____
                                               Eric Ball
20

21

22

23

24

25

26

27

28