# Exhibit A

It was determined previously by the Court that Yuga Labs proved its trademark infringement and cybersquatting claims against Defendants, and you must accept that determination as true. The following facts were determined in that prior ruling, and you must also accept them as true.

- Yuga Labs' BAYC NFT collection consists of 10,000 NFTs and is consistently one of the top-selling and highest-valued NFT collections, and Yuga Labs has used its BAYC Marks to brand this success in connection with Yuga Labs' website, events, social media pages, marketing, partnerships, products, and services.[1]

- Holders of BAYC NFTs have exclusive access to membership perks, including access to the online "Bored Ape Yacht Club," a collaborative community art canvas, various online games, in person events (such as the music festival Ape Fest), and new product launches and merchandise, all of which incorporate and feature the BAYC Marks.[2]

- Yuga Labs has used the BAYC Marks since approximately April 2021 in connection with advertising, marketing, and promotion of its products and services nationwide and internationally through multiple platforms, including the BAYC website, NFT markets such as OpenSea, and social media platforms, such as Facebook, Instagram, and Twitter.[3]

- Yuga Labs and the BAYC Marks have been featured in various media articles, including Rolling Stone, which featured BAYC NFT art on the cover and included the article "How Four NFT Novices Created a Billion-Dollar Ecosystem of Cartoon Apes."[4]

- Yuga Labs has entered into marketing partnerships and collaborations with various brands, including Arizona Iced Tea and Adidas, which incorporate and feature the BAYC Marks.[5]

---

[1] Order on Summary Judgment (Dkt. 225) ("SJ Order") at 9, 11.
[2] SJ Order at 9.
[3] SJ Order at 2.
[4] SJ Order at 9.
[5] *Id.*

- As a result of its advertising, promotion, and use of the BAYC Marks, Yuga Labs has developed recognition for its goods and services under the BAYC Marks and has acquired significant goodwill from its BAYC Marks.[6]

- Yuga Labs owns the BAYC Marks, and those marks are valid and protectable.[7]

- The BAYC Marks are both conceptually and commercially strong.[8]

- Yuga Labs used the BAYC Marks in commerce and continues to use the BAYC Marks in commerce.[9]

- Yuga Labs has not transferred or abandoned its trademark rights in the BAYC Marks.[10]

- The filing of this action is strong evidence that Yuga Labs enforces its trademark rights in the BAYC Marks against infringing third-party users.[11]

It was determined that Defendants infringed on Yuga Labs' BAYC Marks. You must accept the following facts related to this finding as true.

- In approximately May 2022, Defendant Ripps, along with Defendant Cahen, created their own NFT collection, known as the Ryder Ripps Bored Ape Yacht Club ("RR/BAYC").[12]

- Defendants are selling the exact same product as Yuga Labs – NFTs that point to Yuga Labs' BAYC images – and Defendants marketed their RR/BAYC NFTs using the same corresponding BAYC Ape ID number used by Yuga Labs for the BAYC NFTs.[13]

---

[6] SJ Order at 11.
[7] SJ Order at 6.
[8] SJ Order at 11.
[9] SJ Order at 9.
[10] *Id.*
[11] SJ Order at 10.
[12] SJ Order at 2.
[13] SJ Order at 11.

- Yuga Labs used the BAYC Marks prior to Defendants' use of the BAYC Marks in connection with its RR/BAYC NFT collection.[14]

- Defendants used the BAYC Marks in an effort to confuse consumers.[15]

- Defendants' intentional use of the BAYC Marks in their RR/BAYC NFTs is likely to cause confusion.[16]

- Yuga Labs has presented evidence of actual confusion resulting from Defendants' RR/BAYC NFTs.[17]

- Defendants used Yuga Labs' BAYC Marks to make their competing product look identical to Yuga Labs' product and ensure that the consumer will be explicitly misled in the token tracker, which is the place where a consumer should be able to authenticate and verify who created the NFT.[18]

- Defendants frequently used the entirety of the BAYC Marks without modification, including the "visual trappings" of Yuga Labs' brand.[19]

- Defendants intentionally designed the RR/BAYC NFTs and sales websites to resemble Yuga Labs' branding.[20]

- Defendants' use of the BAYC Marks "prominently and boldly," to market their RR/BAYC NFTs clearly "suggest[s] sponsorship" by Yuga Labs.[21]

- Yuga Labs and Defendants promoted and sold their NFTs through the same online NFT marketplaces – OpenSea and x2y2.[22]

- Yuga Labs and Defendants used Twitter to promote their respective NFT collections.[23]

---

[14] SJ Order at 6.
[15] SJ Order at 12.
[16] SJ Order at 11, 13.
[17] SJ Order at 12.
[18] SJ Order at 17.
[19] SJ Order at 18.
[20] SJ Order at 12.
[21] SJ Order at 18.
[22] SJ Order at 12.
[23] *Id.*

- Authenticating NFTs requires specialized knowledge and, because of the specialized knowledge required, Defendants knew that their RR/BAYC NFTs were likely to be confused with Yuga Labs' BAYC NFTs and that at least some purchasers of their RR/BAYC NFTs would have difficulty identifying the RR/BAYC NFTs as a different and distinct product from Yuga Labs' BAYC NFTs.[24]

- Defendants' use of the BAYC Marks is explicitly misleading.[25]

- Defendants' use of the BAYC Marks was a pretextual expressive work meant only to disguise a business profiting from another's trademark.[26]

- Defendants' sale of RR/BAYC NFTs is no more artistic than the sale of a counterfeit handbag.[27]

- Yuga Labs is entitled to monetary damages and injunctive relief on its trademark infringement claim.[28]

It was determined that Defendants are liable for cybersquatting for using Yuga Labs' BAYC Marks. You must accept the following facts related to this finding as true.

- Defendants registered, used, and continue to use multiple domain names – https://rrbayc.com, https://apemarket.com, and pages within OpenSea and Foundation – knowing that they were identical or confusingly similar to the BAYC Marks.[29]

- The domain names https://rrbayc.com/ or https://apemarket.com/ are identical or confusingly similar to the BAYC Marks.[30]

---

[24] SJ Order at 12-13.
[25] SJ Order at 17.
[26] SJ Order at 16-17.
[27] SJ Order at 16.
[28] SJ Order at 13.
[29] SJ Order at 14, 15.
[30] SJ Order at 15.

- The domain names https://rrbayc.com/ and https://apemarket.com/ incorporate Yuga Labs' trademarks.  Specifically, the domain https://rrbayc.com/ consists of Yuga Labs' "BAYC" mark (and corresponding domain https://bayc.com) with two additional letters – rr.  In addition, https://apemarket.com/ uses Yuga Labs' "BORED APE" and other "APE"-based marks and merely adds the descriptive word "market."  These additions do not change the fact that Defendants' domain names are confusingly similar to Yuga Labs' trademarks.[31]

- An internet user who encountered the website www.rrbayc.com would undoubtedly be confused about its affiliation, given its substantial similarity to Yuga Labs' mark.[32]

- In registering or using these domain names, Defendants acted with a bad faith intent to profit from Yuga Labs' marks.[33]

- Defendants do not have any trademark or other intellectual property rights in the domain names and the domain names do not consist of the legal names of Defendants.[34]

- Defendants did not have a bona fide prior use of the domains because they registered the domains after Yuga Labs had already launched its BAYC NFT collection.[35]

- Defendants' websites were not for a noncommercial or fair use purpose.  Instead, Defendants registered their domains, which included Yuga Labs' marks, for commercial gain to divert customers from purchasing BAYC NFTs.[36]

- Defendants concealed their registration of the domain names through the use of a proxy registration service.[37]

---

[31] SJ Order at 14.
[32] *Id.*
[33] SJ Order at 15.
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*

- Yuga Labs is entitled to damages and injunctive relief on its cybersquatting claim.[38]

---

[38] *Id.*