ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
       HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
       HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>             Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**REVISED<br>JOINT PRE-TRIAL EXHIBIT<br>STIPULATION**<br><br>Pretrial Conference Date:<br>             June 9, 2023, 8:00 a.m.<br><br>Hearings on Motions *in Limine*:<br>             June 16, 2023, 8:00 a.m.<br><br>Trial Date:  June 27, 2023 |

1   MELISSA L. LAWTON (CSB No. 225452)
    mlawton@fenwick.com
2   FENWICK & WEST LLP
    228 Santa Monica Boulevard
3   Santa Monica, CA  90401
    Telephone:   310.434.4300
4
5   DAVID Y. SILLERS (*admitted pro hac vice*)
    david@clarelocke.com
6   KATHRYN HUMPHREY (*admitted pro hac vice*)
    kathryn@clarelocke.com
7   MEGAN L. MEIER (*admitted pro hac vice*)
    megan@clarelocke.com
8   CLARE LOCKE LLP
    10 Prince Street
9   Alexandria, VA  22314
    Telephone:   202.628.7400
10
11  Attorneys for Plaintiff
    YUGA LABS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Pursuant to Section 6(e) of the Court's Scheduling and Case Management
2  Order (*see* Dkt. 57 at 25-26) and the Court's Order re exhibit lists (*see* Dkt 256),
3  Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") and Defendants Ryder Ripps
4  and Jeremy Cahen (collectively, "Defendants"), submit this Revised Joint Pre-Trial
5  Exhibit Stipulation.
6  The full Revised Joint Pre-Trial Exhibit Stipulation follows this cover pleading
7  in table form.   The parties are continuing to meet and confer to narrow their
8  objections to the parties' respective exhibits.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiff's Exhibits**

Revised Pre-Trial Exhibit Stipulation

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1 | 2022 02 03 Thomas Lehman Declaration (Lehman Depo Exhibit 1) | Lehman, Kindler | Document is hearsay, unduly prejudicial and speculative | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants, especially given that this document relates to the Defendants' own actions and statements directly relevant to the damages and false advertising in this case<br><br>Defendants have not explained how the party admissions are speculative, nor have they explained what is speculative in the Exhibit  The Exhibit is under oath, based on the witness's knowledge |
| JTX-2 | 2022 09 08 Subpoena for Documents (Ryan Hickman) (Hickman Depo Exhibit 2) | Hickman, Kindler | This is a brief or pleading that should not be admitted into evidence | The Exhibit is relevant for context for the deposition and Defendants' cooperation with third parties to fail to comply with their discovery obligations |
| JTX-7 | 2022 09 29 Email from R  Hickman to A  Fares re discovery responses (Hickman Depo Exhibit 7) | Hickman, Kindler | Document is hearsay not subject to any exception | Defendants' objection that the Exhibit was not produced during discovery is frivolous  This is an exhibit to a deposition<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) |
| JTX-8 | Excerpts from Team ApeMarket Discord - First Page (Hickman Depo Exhibit 8) | Lehman, Hickman, Cahen, Ripps | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-9 | 2022 05 23 - 2022 07 27 Discord chat (Lehman and Hickman) (Hickman Depo Exhibit 9) | Lehman, Hickman, Kindler | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-10 | First Page of RRBAYC Telegram (Hickman Depo Exhibit 10) | Cahen, Hickman, Lehman, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility  A full copy of the record is available at JTX-802, JTX-803, and JTX-804<br><br>The Exhibit is relevant as a party admission, and because it shows Defendants' coordination with their business associates |
| JTX-11 | 2022 06 20 Twitter Direct Messages (Lehman and Hickman) (Hickman Depo Exhibit 11) | Lehman, Hickman, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-12 | 2022 06 21 Twitter Direct Messages (Hickman) (Hickman Depo Exhibit 12) | Hickman, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-13 | 2022 05 16 Hickman Tweet (Hickman Depo Exhibit 13) | Hickman, Kindler | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers |
| JTX-15 | 2022 05 24 Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 15) | Hickman, Cahen, Lehman | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-16 | 2022 06 28 06:33 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 16) | Hickman, Lehman, Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-17 | 2022 09 08 Twitter Direct Message (Hickman) (Hickman Depo Exhibit 17) | Hickman, Kindler | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' damages |
| JTX-20 | 2022 06 13 4 51 PM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 20) | Hickman, Cahen, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility  A full copy of the record is available at JTX-800 and JTX-801<br><br>The Exhibit is relevant as a party admission and because it shows Defendants' advertisements of their NFTs and potential confusion |
| JTX-21 | 2022 05 19 10:46 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 21) | Cahen, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-22 | 2022 05 20 7:08 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 22) | Cahen, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-23 | 2022 06 15 6 08 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 23) | Cahen, Ripps | Document lacks foundation and is illegible | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-24 | 2022 06 03 8:07 AM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 24) | Lehman, Hickman, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-25 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Hickman Depo Exhibit 25) | Hickman, Cahen, Ripps, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-26 | ApeMarket Twitter Page (Hickman Depo Exhibit 26) | Hickman, Cahen, O'Laughlin, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial |
| JTX-27 | rrbayc com webpage (captured at 2022 11 08) (Hickman Depo Exhibit 27) | Hickman; Ripps; Cahen | Document lacks foundation and is unduly prejudicial | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from their own website |
| JTX-28 | RRBAYC Foundation webpage (Hickman Depo Exhibit 28) | Hickman, Ripps, Cahen | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-29 | 2022 06 13 (Wayback) RRBAYC Opensea webpage (Hickman Depo Exhibit 29) | Hickman, Ripps, Cahen | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-31 | Excerpts from Team ApeMarket Discord - 22-May-22 11:47 AM (Hickman Depo Exhibit 31) | Hickman, Ripps, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-32 | Excerpts from Team ApeMarket Discord - 23-May-22 04:48 PM (Hickman Depo Exhibit 32) | Cahen, Hickman | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-33 | 2022 05 25 22:01 RRBAYC Telegram Messages (Hickman Depo Exhibit 33) | Cahen, Hickman | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-34 | 2022 10 12 Public Discord (Hickman) (Hickman Depo Exhibit 34) | Hickman, Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-36 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Hickman Depo Exhibit 36) | Hickman, Ripps, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-38 | 2022 05 25 12:44 RRBAYC Telegram Messages PM (Hickman Depo Exhibit 38) | Lehman, Hickman, Ripps | Document is hearsay and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The probative value of the Exhibit is not "substantially outweighed" by risk of any prejudice to Defendants from an admission of their false advertising |
| JTX-39 | Excerpts from Team ApeMarket Discord - 20-May-22 (Hickman Depo Exhibit 39) | Lehman, Hickman, Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-40 | 2022 05 22 2:44 RRBAYC Telegram Messages (Hickman Depo Exhibit 40) | Lehman, Hickman, Cahen, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant as a party admissions and confusion and damages |
| JTX-41 | Excerpts from Team ApeMarket Discord - 23-May-22 06:40 PM (Hickman Depo Exhibit 41) | Lehman, Hickman, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-42 | Excerpts from Team ApeMarket Discord - 22-May-22 08:59 AM (Hickman Depo Exhibit 42) | Cahen, Hickman | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-44 | 2022 05 26 5:44 RRBAYC Telegram 2 Messages (Hickman Depo Exhibit 44) | Hickman, Garner, Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-49 | 2022 05 30 12:58 PM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 49) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-50 | 2022 05 26 10:45 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 50) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-51 | 2022 06 01 10:28 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 51) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-52 | 2022 07 03 Twitter Direct Messages (Hickman) (Hickman Depo Exhibit 52) | Hickman, O'Laughlin Kindler | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-54 | 2022 06 02 3:42 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 54) | Ripps, Hickman | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-55 | 2022 05 26 10 06 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 55) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-56 | 2022 05 26 11 01 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 56) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-58 | 2022 06 24 4 01 PM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 58) | Ripps, Cahen | Documet is cumulative and is hearsay not subject to any exception | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-59 | 2022 05 25 4 59 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 59) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-60 | 2022 06 01 2:23 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 60) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-61 | 2022 05 31 7 06 PM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 61) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-63 | 2022 06 08 1:08 AM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 63) | Cahen, Hickman | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-64 | 2022 05 19 11:26 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 64) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-66 | 2022 06 08 10:58 PM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 66) | Hickman; Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-67 | 2022 05 23 10:42 AM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 67) | Hickman; Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-68 | 2022 05 23 6:31 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 68) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-69 | 2022 05 30 10:47 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 69) | Hickman, Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-71 | 2022 05 27 12:24 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 71) | Hickman, Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-72 | Etherscan - 0xF9C2Ba78aE44ba98888B0e9EB27EB63d576F261B (Hickman) (Hickman Depo Exhibit 72) | Hickman; Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-80 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Cahen Depo Exhibit 80) | Cahen; Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-81 | 2022 12 27 Ryder Ripps and Jeremy Cahen's Answer, Defenses, and Counterclaims to Complaint (Cahen Depo Exhibit 81) | Cahen, Ripps | This is a brief or pleading that should not be admitted into evidence | Withdrawn; subject to motion in limine rulings |
| JTX-82 | RRBAYC nftx io webpage (Cahen Depo Exhibit 82) | Cahen | Document is hearsay, illegible and lacks foundation | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002\n\nThe foundation for the Exhibit was established through deposition  Foundation can be further laid at trial |
| JTX-84 | ApeMarket Webpage 1 (Cahen Depo Exhibit 84) | Cahen | Document is hearsay and illegible | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-85 | ApeMarket Webpage 2 (Cahen Depo Exhibit 85) | Cahen | Document is hearsay and illegible | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-86 | ApeMarket Webpage 3 (Cahen Depo Exhibit 86) | Cahen | Document is hearsay and illegible | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-87 | ApeMarket Flow Chart (Cahen Depo Exhibit 87) | Cahen | Document is hearsay and illegible | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-88 | 2022 06 02 ApeMarket Tweet - ApeMarket Flow Chart (Cahen Depo Exhibit 88) | Cahen | Document is hearsay and illegible | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807\n\nThe Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-89 | 2022 06 23 9:12 AM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 89) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-90 | 2022 06 23 12:50 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 90) | Cahen | Document is hearsay, incomplete and unduly prejducial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807\n\nThe Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility  A full copy of the record is available at JTX-800 and JTX-801\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-91 | 2022 06 21 Hickman Tweet (Cahen Depo Exhibit 91) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-92 | 2022 05 31 7:20 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 92) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-94 | RR/BAYC Browser Tab and Favicon (Cahen Depo Exhibit 94) | Cahen | Authenticity (document was improperly modified by Plaintiff's counsel and was no longer recognizable by the deponent), Hearsay and Unduly Prejudicial | Authenticity can be established at trial<br><br>The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-95 | Ape Market Browser Tab and Favicon (Cahen Depo Exhibit 95) | Cahen | Authenticity (document was improperly modified by Plaintiff's counsel and was no longer recognizable by the deponent), Hearsay and Unduly Prejudicial | Authenticity can be established at trial<br><br>The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-96 | RR/BAYC Revenue, Gas, and Profit Share (Cahen Depo Exhibit 96) | Cahen; Lehman; Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions |
| JTX-97 | 2022 05 21 6:15 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 97) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-98 | 2022 05 30 11:42 RRBAYC Telegram 2 messages between Ryder Ripps and Pauly Shore (Cahen Depo Exhibit 98) | Cahen; Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-99 | RRBAYC Telegram 2 Messages on 19-56 - 20-04 (Cahen Depo Exhibit 99) | Cahen, Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-100 | 2022 05 21 12:21 AM Excerpts from Team ApeMarket Discord  (Cahen Depo Exhibit 100) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-101 | RRBAYC Telegram - 14-32 - 15-08 (Cahen Depo Exhibit 101) | Cahen, Ripps | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-102 | RRBAYC Telegram (Cahen Depo Exhibit 102) | Cahen, Ripps | Document is illegible | Defendants' objection as to quality is frivolous as they produced this document  The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-103 | RR/BAYC Recent Financials (Cahen Depo Exhibit 103) | Cahen, Ripps, Lehman, Kindler | Document lacks foundation | Defendants' objection regarding foundation is frivolous as they produced this document  Foundation can be further established at trial |
| JTX-104 | Cahen Twitter Header (Cahen Depo Exhibit 104) | Cahen, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-105 | 2022 06 02 1:23 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 105) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-107 | 2022 06 07 6 00 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 107) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-108 | 2022 06 24 Text Messages (Lehman and Cahen) (Cahen Depo Exhibit 108) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-109 | 2022 05 31 9:25 AM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 109) | Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-110 | 2022 06 03 5 58 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 110) | Hickman, Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-111 | RRBAYC Telegram 2 messages between Ryder Ripps and Pauly Shore (Ripps Depo Exhibit 111) | Ripps, Cahen | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-113 | 2022 05 30 3:40 PM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 113) | Cahen, Ripps | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-114 | 2022 06 09 1 52 PM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 114) | Ripps | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), or a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes best evidence under Rule 1002 |
| JTX-115 | 2022 12 28 Ryder Ripps's Second Supplemental Responses to Yuga's First Set of Interrogatories to Ryder Ripps (Ripps Depo Exhibit 115) | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence | The Exhibit is a party admission and thus relevant and admissible  See Rule 801(d)(2); Rule 807<br><br>The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case |
| JTX-116 | Exhibit A to Yuga Labs' Complaint (Ripps Depo Exhibit 116) | Solano | This is a brief or pleading that should not be admitted into evidence | The Exhibit is relevant to, at least, show Defendants' use of Yuga Labs' marks in their false advertising<br><br>This is Exhibit is relevant and necessary to complete multiple deposition exhibits from Defendants' depositions of Yuga Labs' witnesses |
| JTX-117 | 2022 07 15 (Wayback) Etherscan - 0x2ee6af8dff3a1ce3f7e3414c52e48fd50d73691e; Hickman Ex  53; Hickman Ex  28 (Ripps Depo Exhibit 117) | Ripps, Cahen, Hickman | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-118 | Etherscan - 0x2ee6af8dff3a1ce3f7e3414c52e48fd50d73691e (Ripps Depo Exhibit 118) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-119 | 2021 12 06 Ripps Tweet (Ripps Depo Exhibit 119) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-120 | RR/BAYC #8774 on Foundation webpage (Ripps Depo Exhibit 120) | Ripps, O'Laughlin | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-123 | 2021 12 06 Ripps Tweet (Ripps Depo Exhibit 123) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-124 | rrbayc com webpage (captured at 2022 11 08) (Ripps Depo Exhibit 124) | Ripps | Document is irrelevant and therefore unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-125 | 2022 05 17 Twitter Direct Messages (Ripps and Claire0x) (Ripps Depo Exhibit 125) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-126 | 2022 05 20 text messages with Ian Garner (Ripps Depo Exhibit 126) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-127 | RRBAYC Telegram - 20-21 - 20-36 (Ripps Depo Exhibit 127) | Ripps, Lehman | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-128 | 2022 05 16 Ripps Tweet (Ripps Depo Exhibit 128) | Ripps | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-129 | RRBAYC Telegram 2 messages - 17-21  (Ripps Depo Exhibit 129) | Ripps | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-130 | 2022 06 08 4 02 PM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 130) | Ripps | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-131 | 2022 05 16 Ripps Tweet (Ripps Depo Exhibit 131) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-132 | 2022 05 16 (WayBack) Ripps Tweet (Ripps Depo Exhibit 132) | Ripps | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-133 | 2022 05 21 Messages with DoTheMath (Ripps Depo Exhibit 133) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-134 | 2022 05 31 8:10 AM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 134) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-135 | 2022 06 25 Twitter Direct Messages (Ripps and X2Y2) (Ripps Depo Exhibit 135) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-136 | Redacted (RRBAYC) LooksRare webpage (captured on 2023 01 05) (Ripps Depo Exhibit 136) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-137 | 2022 06 22 (Wayback) RRBAYC Looksrare webpage (Ripps Depo Exhibit 137) | Ripps | Document is illegible and lacks foundation | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-138 | RRBAYC nftx io webpage (Ripps Depo Exhibit 138) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-141 | 2022 05 24 to 25 Text messages (Garner and Ripps) (Garner Depo Exhibit 141) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2), the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-144 | 2022 05 17 Text messages (Garner and Ripps) (Garner Depo Exhibit 144) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2), the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-145 | RRBAYC Telegram 2 messages - 4-01 to 6-06 (Garner Depo Exhibit 145) | Ripps | Document is hearsay and illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-146 | Text messages (Garner and Ripps) (Garner Depo Exhibit 146) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-147 | 2022-05-31 Twitter Direct Messages (Garner Depo Exhibit 147) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-148 | 2023 02 22 Subpoena for Documents (Ian Garner) (Garner Depo Exhibit 148) | Garner, Kindler | This is a brief or pleading that should not be admitted into evidence | The Exhibit is relevant for context for the deposition and Defendants' cooperation with third parties to fail to comply with their discovery obligations |
| JTX-151 | Etherscan - Garner wallet (Garner Depo Exhibit 151) | Garner, Kindler | Document lacks foundation | The foundation for the Exhibit can be laid at trial |
| JTX-152 | Etherscan - transaction records for Garner wallet (Garner Depo Exhibit 152 | Garner, Kindler | Document lacks foundation | The foundation for the Exhibit can be laid at trial |
| JTX-153 | Etherscan - transaction details for oxc456e938df5ee2ec378f708ce714c54b0f6a3c6b24 3e0e40d5aa6c0c508a8b58 (Garner Depo Exhibit 153) | Ripps, Cahen, Garner | Document lacks foundation | The foundation for the Exhibit can be laid at trial |
| JTX-154 | 2022 06 20 to 25 Text messages (Garner and Ripps) (Garner Depo Exhibit 154) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-155 | 2022 07 15 (Wayback) Etherscan - 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d7369 1e (Garner Depo Exhibit 155) | Garner, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-157 | Etherscan - 0xee969b68842c2d5843ad75f9117b3ab04b14960 RRBAYCRSVP) (Transactions) (Garner Depo Exhibit 157) | Ripps, Cahen, Garner | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-158 | 2022 05 18 Text messages (Garner and Ripps) (Garner Depo Exhibit 158) | Ripps, Garner | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-159 | 2022 05 23 Text messages (Garner and Ripps) (Garner Depo Exhibit 159) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-160 | Text messages (Garner and Ripps) (Garner Depo Exhibit 160) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-161 | 2022 05 22 Text messages (Garner and Ripps) (Garner Depo Exhibit 161) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-162 | 2022 06 04 Text messages (Garner and Ripps) (Garner Depo Exhibit 162) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-163 | RRBAYC Telegram 2 messages - 16-13 to 19-22 (Garner Depo Exhibit 163) | Ripps, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-165 | 2022 05 28 to 30 Text messages (Garner and Ripps) (Garner Depo Exhibit 165) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-166 | RRBAYC Netlify (captured on 2023 02 21) (Garner Depo Exhibit 166) | Ripps, Cahen, Garner | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-167 | RRBAYC Netlify Ape #1376 (captured on 2023 02 21) (Garner Depo Exhibit 167) | Ripps, Cahen, Garner | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-169 | Text messages (Garner and Ripps) (Garner Depo Exhibit 169) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-170 | RRBAYC Telegram 2 messages - 19-56 to 20-04 (Garner Depo Exhibit 170) | Ripps, Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-171 | RRBAYC Netlify (Garner Depo Exhibit 171) | Ripps, Cahen, Garner | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-172 | RRBAYC Telegram 2 messages - 10-52 to 18-18 (Garner Depo Exhibit 172) | Ripps, Cahen | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-173 | RRBAYC Telegram 2 messages - 12-47 to 18-04 (Garner Depo Exhibit 173) | Ripps, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind (Rule 803(3)), or under Rule 807 |
| JTX-174 | Text messages between1 Garner and R Ripps (Garner Depo Exhibit 174) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-175 | RRBAYC Telegram 2 messages - 8-16 to 14-39 (Garner Depo Exhibit 175) | Ripps, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-176 | 2022 05 23 Text messages (Garner and Ripps) (Garner Depo Exhibit 176) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-177 | 2022 05 24 Text messages (Garner and Ripps) (Garner Depo Exhibit 177) | Ripps, Garner | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-178 | 2022 05 24 Text messages (Garner and Ripps) (Garner Depo Exhibit 178) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-179 | rrbayc com webpage (Garner Depo Exhibit 179) | Ripps | Document is irrelevant and illegible | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-180 | Text messages (Garner and Ripps) (Garner Depo Exhibit 180) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-181 | 2022 06 27 Text messages (Garner and Ripps) (Garner Depo Exhibit 181) | Ripps, Garner | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-182 | RRBAYC Telegram 2 messages - 13-09 to 15-13 (Garner Depo Exhibit 182) | Ripps, Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-183 | 2023 03 08 Subpoena to Appear at Trial (Ian Garner) (Garner Depo Exhibit 183) | Garner, Kindler | This is a brief or pleading that should not be admitted into evidence | The Exhibit is relevant to show the witness's required attendance at trial |
| JTX-502 | Etherscan - 0x2a878245B52a2d46Cb4327541 CBc96E403a84791 (Cline Depo Exhibit 502) | Cline, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-504 | Cline response to document requests (Cline Depo Exhibit 504) | Cline; Berger | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 |
| JTX-505 | Cline Twitter Header (Jclineshow) (Cline Depo Exhibit 505) | Cline; Berger | Document is hearsay not subject to any exception | The Exhibit is admissible as a business record under Rule 803(6) or under Rule 807 |
| JTX-513 | Gold ape image (Cline Depo Exhibit 513) | Ripps, Cahen | Document is irrelevant and hearsay | The Exhibit shows an ape image used by Yuga Labs and by Defendants, which is relevant to the scope of confusion and harm to Yuga Labs<br><br>The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-520 | 2022 05 31 Discord Messages (Cline and Cahen) (Cline Depo Exhibit 520) | Cahen, O'Laughlin, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-521 | 2022 05 31 Discord Messages (Cline and Cahen) (Cline Depo Exhibit 521) | Cahen, O'Laughlin, Kindler | Document is hearsay not subject to any exception | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-522 | 2022 05 16 Twitter Direct Messages (Cline and the dude_86) (Cline Depo Exhibit 522) | Kindler | Document is hearsay not subject to any exception | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-523 | 2022 05 16 Cline Tweet (Cline Depo Exhibit 523) | Kindler | Document is hearsay and illegible | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-524 | 2022 05 13 Cline Tweet (Cline Depo Exhibit 524) | Kindler | Document is hearsay not subject to any exception | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-525 | 2022 05 13 Cline Tweet (Cline Depo Exhibit 525) | Kindler | Document is hearsay not subject to any exception | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807. The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-600 | Etherscan - Transaction 0xec6a7bd2b1 46bd89b214d 1b514650afc20462dddefc04a7d65fb219534041015 (YUGALABS_00031370) | Berger, Kindler, Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions. Foundation can be further laid at trial |
| JTX-601 | 2022 06 28 (Wayback) Etherscan - 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d7369 1e (YUGALABS_00040355) | Solano, Muniz, Atalay | Document is illegible | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-603 | Foundation webpage - How to create a Collection (YUGALABS_00036186 - YUGALABS_00036199) | Ripps, Cahen | Document lacks foundation | The foundation for the Exhibit can be laid at trial |
| JTX-604 | RRBAYC Netlify Ape 4092 (captured on 2023 02 21) (YUGALABS_00036595) | Cahen, Lehman, Hickman, Berger, Kindler, Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions. Foundation can be further laid at trial |
| JTX-605 | 2022 10 19 BAYC Tweet (YUGALABS_00032572) | Solano, Aronow, Muniz | Document is irrelevant | The Exhibit is relevant to, at least, the value of Yuga Labs' brand and damages |
| JTX-606 | 2021 12 02 adidasoriginals Tweet (YUGALABS_00002244) | Solano, Aronow, Muniz | Document is hearsay not subject to any exception and irrelevant | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is relevant to, at least, the value of Yuga Labs' brand and damages |
| JTX-607 | Yuga's website - About page (YUGALABS_00030223 - YUGALABS_00030230) | Solano, Aronow, Muniz | Document is irrelevant | The Exhibit is relevant to, at least, the value of Yuga Labs' brand |
| JTX-608 | Bored Ape Yacht Club homepage (YUGALABS_00015993 - YUGALABS_00015995) | Solano, Aronow, Muniz | Document is irrelevant | The Exhibit is relevant to, at least, the value of Yuga Labs' brand |
| JTX-611 | Yuga Labs OpenSea listing page (YUGALABS_00027531) | Solano, Aronow, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-612 | BAYC Twitter Header (YUGALABS_00002269) | Solano, Aronow, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-613 | Website scrape of OpenSea data conducted by Yuga Labs (YUGALABS_00029704 - YUGALABS_00029719) | Solano, Aronow, Muniz | Document lacks foundation and is illegible | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-614 | Samantha Hissong, "How Four NFT Novices Created a Billion-Dollar Ecosystem of Cartoon Apes," Rolling Stone (November 1, 2021) (YUGALABS_00002049 - YUGALABS_00002060) | Solano, Aronow, Muniz | Document is hearsay and illegible | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807. The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-616 | KC Ifeanyi, "The Bored Ape Yacht Club apes into Hollywood," Fast Company (January 18, 2022) (YUGALABS_00002094 - YUGALABS_00002107) | Solano, Muniz | Document is hearsay and illegible | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-617 | Kyle Chayka, "Why Bored Ape Avatars are Taking Over Twitter," The New Yorker (July 30, 2021) (YUGALABS_00033962 - YUGALABS_00033974) | Solano, Aronow, Muniz | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807. The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-618 | Jacob Kastrenakes, "A bunch of ape NFTs just sold for $24.4 million," The Verge (September 9, 2021) (YUGALABS_00040362 - YUGALABS_00040368) | Solano, Aronow, Muniz | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807. The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-619 | "Bored Ape Yacht Club: The Latest NFT Collectable Craze?" NFT Culture (May 10, 2021) (YUGALABS_00040369 - YUGALABS_00040372) | Solano, Aronow, Muniz | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay. Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807. The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-620 | 2022 10 03 [48-1] Ripps Decl ISO Motion to Strike, Dismiss (Yuga Labs' Motion for Summary Judgment Exhibit 25 | Ripps | 0 | Withdrawn; subject to motion in limine rulings |
| JTX-621 | 2023 02 06 [12] Consent Judgment and Order in Yuga v Lehman (Yuga Labs' Motion for Summary Judgment Exhibit 26) | Lehman, Muniz | This is a brief or pleading that should not be admitted into evidence | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807. The Exhibit is relevant under 607 and 608 regarding Defendants' credibility. The Exhibit is also relevant to, at least, the standard for an exceptional case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-627 | Emails re the registration of the domain apemarket com (Yuga Labs' Motion for Summary Judgment Exhibit 29) | Ripps | Document is hearsay and lacks foundation | The Exhibit is not a statement by a person and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-630 | 2022 06 24 Text Messages (Lehman and Cahen) (LEHMAN0000047 - LEHMAN0000049) | Lehman, Cahen | Document is hearsay and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-631 | 2022 05 25 Text Messages (Lehman and third party) (LEHMAN0000077) | Lehman; Berger; Kindler | Document is hearsay and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-633 | Yuga 1st Supp Resps to ROGs Set One (Yuga Labs' Motion for Summary Judgment Exhibit 35) | Solano, Muniz | This is a brief or pleading that should not be admitted into evidence  Document is Hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-642 | Selection of Defts Tweets re Yuga Labs During the Litigation (Yuga Labs' Motion for Summary Judgment Exhibit 44) | Ripps, Cahen | Document is irrelevant and therefore unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-643 | Selection of Defts Tweets re Yuga Labs Counsel (Yuga Labs' Motion for Summary Judgment Exhibit 45) | Ripps, Cahen | Document is irrelevant and therefore unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-644 | USPTO Application - BORED APE YACHT CLUB (90739977) (YUGALABS_00040559 - YUGALABS_00040562) | Solano, Muniz | Document is hearsay | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-645 | USPTO Application - BORED APE YACHT CLUB (97015925) (YUGALABS_00040563 - YUGALABS_00040565) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-646 | USPTO Application - BORED APE YACHT CLUB (97125945) (YUGALABS_00040566 - YUGALABS_00040572) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-647 | USPTO Application - BORED APE YACHT CLUB (97132870) (YUGALABS_00040573 - YUGALABS_00040576) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-648 | USPTO Application - BORED APE YACHT CLUB (97313550) (YUGALABS_00040577 - YUGALABS_00040588) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-649 | USPTO Application - BAYC (90837138) (YUGALABS_00040513 - YUGALABS_00040518) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-650 | USPTO Application - BAYC (97126372) (YUGALABS_00040519 - YUGALABS_00040524) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-651 | USPTO Application - BAYC (97132886) (YUGALABS_00040525 - YUGALABS_00040532) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-652 | USPTO Application - BAYC (97313551) (YUGALABS_00040533 - YUGALABS_00040542) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-653 | USPTO Application - BORED APE (90884286) (YUGALABS_00040543 - YUGALABS_00040545) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-654 | USPTO Application - BORED APE (97126376) (YUGALABS_00040546 - YUGALABS_00040553) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-655 | USPTO Application - BORED APE (97132892) (YUGALABS_00040554 - YUGALABS_00040558) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-656 | USPTO Application - BAYC Logo (90739994) (YUGALABS_00040495 - YUGALABS_00040498) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-657 | USPTO Application - BAYC Logo (97015921) (YUGALABS_00040499 - YUGALABS_00040502) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-658 | USPTO Application - BAYC Logo (97125954) (YUGALABS_00040503 - YUGALABS_00040506) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-659 | USPTO Application - BAYC Logo (97132877) (YUGALABS_00040507 - YUGALABS_00040512) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-660 | USPTO Application - BA YC BORED APE YACHT CLUB Logo (90739987) (YUGALABS_00040479 - YUGALABS_00040482) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-661 | USPTO Application - BA YC BORED APE YACHT CLUB Logo (90739931) (YUGALABS_00040483 - YUGALABS_00040485) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-662 | USPTO Application - BA YC BORED APE YACHT CLUB Logo (97125951) (YUGALABS_00040486 - YUGALABS_00040489) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-663 | USPTO Application - BA YC BORED APE YACHT CLUB Logo (97132874) (YUGALABS_00040490 - YUGALABS_00040494) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-664 | USPTO Application - Ape Skull Logo (90903954) (YUGALABS_00040461 - YUGALABS_00040465) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-665 | USPTO Application - Ape Skull Logo (97015915) (YUGALABS_00040466 - YUGALABS_00040469) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-666 | USPTO Application - Ape Skull Logo (97125958) (YUGALABS_00040470 - YUGALABS_00040473) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-667 | USPTO Application - Ape Skull Logo (97132880) (YUGALABS_00040474 - YUGALABS_00040478) | Solano, Muniz | Document is hearsay and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-669 | 2022 05 14 Ripps Tweet (YUGALABS_00030121) | Ripps | 0 | N/A (No objection) |
| JTX-670 | 2022 05 21 (Wayback) - RRBAYC Foundation webpage (YUGALABS_00030104) | Ripps, O'Laughlin | Documet is cumulative, lacks foundation, is hearsay not subject to any exception, and is incomplete and misleading | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The foundation for the Exhibit can be laid at trial

The Exhibit is not a statement by a person and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' Foundation webpage; even so, this is not a basis for inadmissibility

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-671 | 2022 15 17 Ripps Tweet (YUGALABS_00031325) | Ripps | Document is cumulative and unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-672 | 2022 05 15 Ripps Tweet (YUGALABS_00002602) | Ripps | Document is cumulative and unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers |
| JTX-673 | RRBAYC Foundation Webpage (YUGALABS_00015424) | Ripps, O'Laughlin | Documet is cumulative and is hearsay not subject to any exception   It is also incomplete and therefore unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were sold and advertised |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-675 | RRBAYC Foundation mobile page (YUGALABS_00030346) | Ripps, Cahen | Documet is cumulative and is hearsay not subject to any exception  It is also incomplete and therefore unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit  The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were sold and advertised |
| JTX-676 | 2022 05 19 DegenSpartan Tweet (YUGALABS_00029889) | Ripps, O'Laughlin | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The foundation for the Exhibit can be laid at trial |
| JTX-677 | Google Search - BAYC Foundation app (YUGALABS_00015439) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-682 | 2022 06 20 Cahen Tweet (YUGALABS_00040374) | Cahen | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-683 | 2022 06 20 Cahen Tweet (YUGALABS_00036242 - YUGALABS_00036244) | Cahen | Document is hearsay and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-684 | OpenSea 24 hour Sales Rankings (YUGALABS_00015425) | Ripps, Cahen | Document is hearsay and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The foundation for the Exhibit can be laid at trial |
| JTX-685 | 2022 06 21 Cahen Tweet (YUGALABS_00040429) | Cahen | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-686 | Side-by-side of BAYC #1058 and RR/BAYC #1058 on OpenSea (YUGALABS_00015999) | Solano, Muniz, Ripps, Cahen | Document is hearsay, incomplete and unduly prejducial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete demonstrative; even so, this is not a basis for inadmissibility  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were sold and advertised |
| JTX-687 | RRBAYC No  362 (YUGALABS_00000617) | Solano, Aronow, Muniz, Ripps, Cahen | Document is cumulative and unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-688 | RRBAYC No  863 (YUGALABS_00000619) | Solano, Aronow, Muniz, Ripps, Cahen | Document is cumulative and unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-689 | 2022 05 13 Ripps Tweet (YUGALABS_00000541) | Ripps, Solano | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-690 | 2022 05 17 - Ripps Tweet (YUGALABS_00000565) | Ripps, Solano, Aronow, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-691 | BAYC OpenSea Sales Page (YUGALABS_00002417) | Solano, Muniz | Document is hearsay and lacks foundation | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-692 | BAYC x2y2 webpage (YUGALABS_00031173) | Solano, Muniz | Document is hearsay and lacks foundation | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-696 | ApeMarket Twitter Account (YUGALABS_00014079 - YUGALABS_00014082) | Cahen | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation for the Exhibit can be laid at trial |
| JTX-697 | 2022 06 02 ApeMarket Tweet (YUGALABS_00000536) | Cahen | Document is cumulative and unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-698 | Apemarket com Webpage (YUGALABS_00000542) | Ripps, Cahen | Document is irrelevant | The Exhibit is relevant to, at least, Defendants' confusion of consumers and damages |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-699 | 2022 10 05 Yuga Labs Tweet (YUGALABS_00015399) | Solano, Muniz | Document is irrelevant | The Exhibit is relevant to, at least, background on Yuga Labs, the BAYC brand, and use of the BAYC Marks |
| JTX-701 | 2022 06 21 Bloomberg Crypto News Segment (YUGALABS_00040375) | Muniz; O'Laughlin; Kindler | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-704 | 2022 08 31 Smart_NFT_News Tweet (YUGALABS_00031334) | Muniz; O'Laughlin; Kindler | Document is hearsay not subject to any exception and irrelevant | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages and confusion |
| JTX-705 | 2022 07 08 0xGem Tweet (YUGALABS_00002625 YUGALABS_00002634) | Kindler | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), or under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-706 | 2022 07 08 apeuniverse_eth Tweet (YUGALABS_00040377) | Kindler | Documet is cumulative and is hearsay not subject to any exception | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit<br><br>The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-707 | 2022 07 08 NFTBuffet Tweet (YUGALABS_00040376) | Kindler | Documet is cumulative and is hearsay not subject to any exception | The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit<br><br>The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-709 | 2022 10 21 Tom22110616 Tweet (YUGALABS_00002033) | Kindler | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-710 | 2022 05 19 Cryptoverse520 Tweet (YUGALABS_00027520) | Kindler | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-713 | 2022 06 22 johnny0x_ Tweet (YUGALABS_00027491) | Kindler | Document is hearsay and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-715 | 2022 05 27 Ripps Tweet (YUGALABS_00027523) | Kindler | Document is irrelevant | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703 |
| JTX-719 | 2022 05 18 Ripps Tweet (YUGALABS_00040410) | Ripps | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about this dispute |
| JTX-721 | Expert Report of Laura O'Laughlin (Yuga Labs' Motion for Summary Judgment Exhibit 105) | O'Laughlin | Document is not evidence and subject to defendants MIL | The Exhibit is material relied upon under Rule 703 (Rule 26 disclosure) |
| JTX-722 | Expert Report of Jonah Berger (Yuga Labs' Motion for Summary Judgment Exhibit 106) | Berger | Document is not evidence | The Exhibit is material relied upon under Rule 703 (Rule 26 disclosure) |
| JTX-723 | Expert Report of Lauren Kindler (Yuga Labs' Motion for Summary Judgment Exhibit 107) | Kindler | Document is not evidence | The Exhibit is material relied upon under Rule 703 (Rule 26 disclosure) |
| JTX-800 | Team ApeMarket Discord (HTML) (LEHMAN0000294) | Ripps, Cahen | 0 | N/A (No objection) |
| JTX-801 | Team ApeMarket Discord (PDF) | Ripps, Cahen | 0 | N/A (No objection) |
| JTX-802 | RRBAYC Telegram (HTML) (LEHMAN0000314) | Ripps, Cahen | 0 | N/A (No objection) |
| JTX-803 | 2022 05 20 RRBAYC Telegram Messages html (PDF) | Ripps, Cahen | 0 | N/A (No objection) |
| JTX-804 | 2022 05 26 RRBAYC Telegram Messages2 html (PDF) | Ripps, Cahen | 0 | N/A (No objection) |
| JTX-805 | 10,000 Ape Images | Solano, Muniz | 0 | N/A (No objection) |
| JTX-806 | Lehman's Source Code Files (ZIP) (LEHMAN0000308) | Kerem, Lehman, Hickman, Cahen | Document is hearsay, and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit constitutes a single thread of Discord messages and is therefore one document; as Defendants have objected to the completeness of excerpts of this thread, Defendants cannot also object to the complete thread<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-807 | Lehman ApeMarket Source Code (Home) (YUGALABS_00043404) | Kerem, Lehman, Hickman, Cahen | Document lacks foundation, is hearsay and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-808 | Lehman ApeMarket Source Code (Dropdown menu) (YUGALABS_00043484) | Kerem, Lehman, Hickman, Cahen | Document lacks foundation, is hearsay and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-809 | Lehman ApeMarket Source Code (Bored Ape Yacht Club) (YUGALABS_00043490) | Kerem, Lehman, Hickman, Cahen | Document lacks foundation, is hearsay not subject to any exception, is incomplete and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-812 | RRBAYC x2y2 webpage (YUGALABS_00002334) | Ripps | Document lacks foundation, is hearsay not subject to any exception, is incomplete and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' (and their business partners') admissions  Foundation can be further laid at trial<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of where Defendants' NFTs were planned to be sold and advertised |
| JTX-813 | BAYC BORED APE YACHT CLUB Logo (YUGALABS_00030108) | Solano, Muniz | Document is hearsay not subject to any exception and lacks foundation Document is also irrelevant | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, damages and confusion |
| JTX-814 | 2022 05 15 Ripps Tweet (YUGALABS_00000538) | Ripps | Document is hearsay not subject to any exception and lacks foundation Document is also irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers |
| JTX-817 | 2022 05 18 Messages (Ripps and baggybydesign) (RIPPSCAHEN00002252) | Ripps | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-818 | Etherscan - Ape #8774 (YUGALABS_00030078) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-831 | 2022 05 22 Twitter Direct Messages (Pregueiro and Ripps) (RIPPSCAHEN000000304) | Ripps | Document is hearsay and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-832 | Etherscan - Ripps transfer 5 rrbayc to Pregueiro (YUGALABS_00029814 - YUGALABS_00029819) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions |
| JTX-841 | 2022 05 18 Ripps Tweet (YUGALABS_00029089) | Ripps | Document is irrelevant | The Exhibit is relevant to, at least, Defendants' false advertising to consumers, confusion, and damages |
| JTX-857 | 2022 06 17 Ripps Tweet (YUGALABS_00030109) | Ripps | Document is hearsay not subject to any exception and lacks foundation Document is also irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, Defendants' false advertising to consumers, confusion, and damages |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-869 | 2023 01 03 Cahen Tweet (YUGALABS_00030069) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-871 | 2022 06 22 Ripps Tweet (YUGALABS_00027522) | Ripps | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, confusion and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about their NFTs and consumer confusion |
| JTX-874 | 2021 12 10 Ripps Tweet (YUGALABS_00030233) | Ripps | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, the reach of Defendants' false advertisements and thus confusion and damages |
| JTX-876 | USPTO TESS BORED APE YACHT CLUB (90739977) (YUGALABS_00029977 - YUGALABS_00029978) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-877 | USPTO TESS BA YC BORED APE YACHT CLUB Logo (90739987) (YUGALABS_00029990 - YUGALABS_00029991) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-878 | USPTO TESS BA YC Logo (90739994) (YUGALABS_00030058 - YUGALABS_00030059) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-879 | USPTO TESS BAYC (90837138) (YUGALABS_00030079 - YUGALABS_00030080) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-880 | USPTO TESS BORED APE (90884286) (YUGALABS_00030092 - YUGALABS_00030093) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-881 | USPTO TESS Ape Skull Logo (90903540) (YUGALABS_00030099 - YUGALABS_00030100) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-882 | USPTO TESS Ape Skull Logo (97015915) (YUGALABS_00030106 - YUGALABS_00030107) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-883 | USPTO TESS BA YC Logo (97015921) (YUGALABS_00030114 - YUGALABS_00030115) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-884 | USPTO TESS BORED APE YACHT CLUB (97015925) (YUGALABS_00030118 - YUGALABS_00030119) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-885 | USPTO TESS BA YC BORED APE YACHT CLUB Logo (97015931) (YUGALABS_00030129 - YUGALABS_00030130) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-886 | USPTO TESS BORED APE YACHT CLUB (97125945) (YUGALABS_00030134 - YUGALABS_00030135) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-887 | USPTO TESS BA YC BORED APE YACHT CLUB Logo (97125951) (YUGALABS_00030138 - YUGALABS_00030139) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-888 | USPTO TESS BA YC Logo (97125954) (YUGALABS_00030142 - YUGALABS_00030143) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-889 | USPTO TESS Ape Skull Logo (97125958) (YUGALABS_00030146 - YUGALABS_00030147) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-890 | USPTO TESS BAYC (97126372) (YUGALABS_00030150 - YUGALABS_00030151) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-891 | USPTO TESS BORED APE (97126376) (YUGALABS_00030155 - YUGALABS_00030156) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-892 | USPTO TESS BORED APE YACHT CLUB (97132870) (YUGALABS_00030160 - YUGALABS_00030162) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-893 | USPTO TESS BA YC BORED APE YACHT CLUB Logo (97132874) (YUGALABS_00030166 - YUGALABS_00030168) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-894 | USPTO TESS BA YC Logo (97132877) (YUGALABS_00030172 - YUGALABS_00030174) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-895 | USPTO TESS BAYC (97132886) (YUGALABS_00030177 - YUGALABS_00030179) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-896 | USPTO TESS BORED APE (97132892) (YUGALABS_00030182 - YUGALABS_00030184) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-897 | USPTO TESS BORED APE YACHT CLUB (97313550) (YUGALABS_00030187 - YUGALABS_00030194) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-898 | USPTO TESS BAYC (97313551) (YUGALABS_00030195 - YUGALABS_00030202) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-899 | USPTO TESS Ape Skull Logo (97132880) (YUGALABS_00030205 - YUGALABS_00030207) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-906 | Etherscan - Address 0x592814ff14e030b51f6087032db0f88f4214f254 (ryder - ripps eth) (YUGALABS_00030152 - YUGALABS_00030153) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-908 | Etherscan - 0xee969b688442c2d5843ad75f9117b3ab04b14960 RRBAYCRSVP) (Contract) (YUGALABS_00030208 - YUGALABS_00030209) | Ripps, Cahen | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-909 | Etherscan - Address 0xbaf287cb2281841d9f5ba929d7dde87048fcaf1b (Ripps) (YUGALABS_00030157 - YUGALABS_00030158) | Ripps | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-911 | Etherscan - Address 0x7D2550161E8A31D0b9585Bb9c88E63E9644af740 (Cahen) (YUGALABS_00030163 - YUGALABS_00030164) | Cahen | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-912 | Etherscan - Address 0xbc4ca0eda7647a8ab7c2061c2e118a18a936f13d (BoredApeYachtClub (BAYC)) (YUGALABS_00030185 - YUGALABS_00030186) | Kerem, Solano, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-914 | 2022 07 08 rrbayc_bot Tweet (YUGALABS_00000586) | Cahen; Kindler | Document is hearsay, incomplete and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the sales of their NFTs |
| JTX-915 | RR/BAYC Financials (RIPPSCAHEN00013270) | Ripps, Cahen, Lehman | Document lacks foundation and is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The foundation objection is frivolous, as these are Defendants' own financials  In any event, foundation can be laid at trial  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay |
| JTX-916 | Etherscan - 0x7D2550161E8A31D0b9585Bb9c88E63E9644af740 (Transactions from Ripps to Cahen) (YUGALABS_00030132) | Ripps, Cahen | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-917 | Etherscan - Comparison 0x2ee6af0dff3a1ce3f7e3414c52e48fd50d73691e and 0xBC4CA0EdA7647A8aB7C2061c2E118A18a936f13D (YUGALABS_00015423) | Ripps, Cahen, Kindler | Document lacks foundation | The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-918 | 2022 05 18 to 2022 09 22 Text Messages (Lehman and Cahen) (LEHMAN0000013 - LEHMAN0000066) | Cahen | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-919 | 2022 07 14 Cahen Tweet (YUGALABS_00000610) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about their NFTs and consumer confusion |

17

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-922 | 2021 07 20 Cahen Tweet (YUGALABS_00029821) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-923 | 2021 12 17 Cahen Tweet (YUGALABS_00029829) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-924 | 2021 12 20 Cahen Tweet (YUGALABS_00029831) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-938 | 2022 11 29 Cahen Tweet (YUGALABS_00029900) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers, and it is relevant to the extent Defendants intend to argue good faith or dispute their intent to deceive consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about the profitability of their NFT schemes |
| JTX-943 | 2021 12 11 Cahen Tweet (YUGALABS_00002737) | Cahen, Kindler | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is relevant to, at least, the reach of Defendants' false advertisements and thus damages

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the reach and audience of their advertisements |
| JTX-957 | Text messages between I  Garner and R Ripps (RIPPSCAHEN00001294) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-958 | 05 23 Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001295) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-959 | Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001297) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-960 | Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001299) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-961 | Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001300) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-962 | 05 24 Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001302) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-963 | 05 25 Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001304) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-964 | 06 18 Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001309) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-965 | Text messages between I  Garner and R  Ripps (RIPPSCAHEN00001310) | Garner, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of the falsity of Defendants' advertising |
| JTX-966 | 2022 06 17 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000207) | Lehman, Hickman, Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of confusion |
| JTX-967 | 2022 06 23 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000214) | Lehman, Hickman, Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of confusion |
| JTX-968 | 2022 06 23 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000215) | Lehman, Hickman, Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of confusion |
| JTX-969 | 2022 06 15 Hickman Tweet (YUGALABS_00032047) | Hickman; Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-970 | Google Sheet re Reserved Ape Ids (LEHMAN0000241) | Hickman, Cahen, Lehman | Document lacks foundation, is hearsay and is irrelevant | In any event, foundation can be laid at trial<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, confusion and damages |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-971 | 2022 08 26 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000203) | Lehman, Hickman; Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-972 | Etherscan - Token Bored Ape Yacht Club (YUGALABS_00043510) | Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2));

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-973 | Etherscan - Transaction 0xb987ad523a314785ff965870ea82d46411fc58f28a 9a8863235f4e0c0dde7314 (from Hickman) (YUGALABS_00043514) | Ripps, Cahen, Hickman | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-974 | Etherscan Txhash 0x6f1a39025c91b4ff4774aadb21f8d6acae9f59507f1 81cb62b0628861c4c5f30 (to Hickman) (YUGALABS_00043519) | Ripps, Cahen, Hickman | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-975 | Etherscan Txhash 0x86255876d49c7d2ad041348b89892dbc12bc0bc6e 4287f4ee7d5753ad4f82541 (from Hickman) (YUGALABS_00043524) | Ripps, Cahen, Hickman | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs |
| JTX-977 | 2022 05 17 Twitter direct messages (Lehman and piv_piv) (LEHMAN0000159) | Lehman; Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages |
| JTX-978 | 2022 05 17 Twitter direct messages (Lehman and piv_piv) (LEHMAN0000160) | Lehman; Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages |
| JTX-979 | 2022 06 27 Twitter direct messages (Lehman and piv_piv) (LEHMAN0000171) | Lehman; Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages and confusion |
| JTX-980 | 2022 06 27 Twitter direct messages (Lehman and piv_piv) (LEHMAN0000134) | Lehman; Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of damages and confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-981 | 2022 06 27 Twitter direct messages (Lehman and piv_piv (LEHMAN0000135) | Lehman; Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' partner's communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages and confusion |
| JTX-982 | Discord (Lehman and jimdrang) (LEHMAN0000302) | Lehman; Kindler | Document is illegible and incomplete | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility |
| JTX-985 | 2022 05 25 Text Messages (Lehman and B  Gross) (LEHMAN0000078) | Lehman; Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-986 | 2022 06 24 Text Messages (Lehman and B  Gross) (LEHMAN0000081) | Lehman; Kindler | Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 |
| JTX-1002 | April - June 2022 Twitter Direct Messages (Lehman and Ripps) (LEHMAN0000166 - LEHMAN0000169) | Lehman; Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1003 | 2022 06 01 to 02 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000141) | Lehman; Kindler | Document is hearsay, incomplete and unduly prejdicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1008 | 2022 06 05 Text Messages (Lehman, D  Berger, and R  Berger) (LEHMAN0000108 - LEHMAN0000110) | Lehman; Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1009 | 2022 05 26 Twitter Direct Message (Lehman and M  Hirsch) (LEHMAN0000111) | Lehman; Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1010 | 2022 06 02 to 03 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000112) | Lehman; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1011 | 2022 06 03 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000113) | Lehman; Berger | Document is hearsay, incomplete and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1012 | 2022 06 03 to 05 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000114) | Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1013 | 2022 06 06 Twitter Direct Message (Lehman and M Hirsch) LEHMAN0000115) | Lehman; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1014 | 2022 06 06 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000116) | Lehman; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1015 | 2022 06 07 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000117) | Lehman; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1016 | 2022 06 07 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000118) | Lehman; Berger | Document is hearsay, incomplete and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1017 | 2022 06 07 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000119) | Lehman; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1018 | 2022 06 07 to 08 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000120) | Lehman; Berger | Document is hearsay, incomplete and unduly prejdicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1019 | 2022 05 26 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000121) | Lehman; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1020 | 2022 05 17 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000158) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1021 | 2022 07 07 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000196) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1022 | 2022 07 07 Twitter Direct Message (Lehman and M Hirsch) (LEHMAN0000197) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1023 | 2022 06 20 Twitter Direct Message (Lehman and Hickman) (LEHMAN0000208) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1024 | 2022 06 20 Twitter Direct Message (Lehman and Hickman) (LEHMAN0000209) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1027 | 2022 06 20 ApeMarket Tweet (YUGALABS_00000545) | Kindler; O' Laughlin | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' communications; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the issue of damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1028 | 2022 01 03 dlbrows Tweet (YUGALABS_00000569) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1029 | 2022 07 08 0xQuit Tweet (YUGALABS_00002683 - YUGALABS_00002686 | Solano, Muniz, Ripps, Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1030 | 2022 07 08 0xToven Tweet (YUGALABS_00000570) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1031 | 2022 07 08 apeuniverse_eth Tweet (YUGALABS_00000580) | Berger, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1032 | 2022 07 08 Cryptonidis Tweet (YUGALABS_00000589) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1033 | 2022 07 08 FTMROSE Tweet (YUGALABS_00000605) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1034 | 2022 07 08 joergloo Tweet (YUGALABS_00000624) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1035 | 2022 07 08 NFTBuffet Tweet (YUGALABS_00000629) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1037 | 2022 05 26 Ripps Tweet (YUGALABS_00002041) | Ripps, Kindler | Document is incomplete and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1038 | 2021 08 20 Arizona Iced Tea Tweet (YUGALABS_00002247) | Berger | Document is hearsay not subject to any exception and incomplete | The Exhibit is not hearsay as the Exhibit is not being offered for the truth of the matter asserted  Alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1039 | LooksRare - RRBAYC #5277 (YUGALABS_00015413) | Kindler | Document is hearsay, incomplete, unduly prejudicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) as is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the LooksRare page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility;<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1040 | Opensea - BAYC #5277 (YUGALABS_00015414) | Kindler | Document is hearsay, unduly prejudicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility;<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1041 | Etherscan - Transaction 0xd6787edd130dffc37006884013d118bfe3d7e8bf319468e3eab793c6760f8bce (YUGALABS_00015417) | Kindler | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales |
| JTX-1042 | Etherscan - Transaction 0X79b3bc7e029ae9fe423Cbf29C75bf6787e64fa7e0b8bb61e62166510c7e4dd6 (YUGALABS_00015996) | Kindler | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1043 | 2022 05 16 Joey_tartz Tweet (YUGALABS_00027693) | Kindler | Document is hearsay, incomplete and unduly prejducial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of consumer confusion |
| JTX-1045 | 2022 06 23 Ripps Tweet (YUGALABS_00030050) | Ripps, Kindler | Document is incomplete and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1046 | 2022 05 16 Ripps Tweet (YUGALABS_00030068) | Kindler | Document is incomplete | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1047 | YouTube - 2022 06 21 Bloomberg Crypto News Segment (YUGALABS_00030236) | Solano, Muniz, O'Laughlin, Kindler | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1048 | 2023 01 18 ApeMarket Tweet (YUGALABS_00030238) | Kindler | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1049 | 2022 06 21 Bloomberg Crypto News Segment (Full Clip) (YUGALABS_00030243) | Solano, Muniz, O'Laughlin, Kindler | Document is hearsay, unduly prejudicial and incomplete | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)) and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of confusion caused by Defendants<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a news segment; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1050 | 2022 06 21 BAYC Discord (YUGALABS_00031204) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)), admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a communication; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of confusion caused by Defendants |
| JTX-1052 | 2022 03 24 Appdetex Invoice # INV5966 (YUGALABS_00031302) | Kindler, Muniz | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is not inadmissible hearsay as the Exhibit is a business record under Rule 803(6); The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant for damages and responding to Defendants' purported defenses  It is also relevant as material relied on under Rule 703

The foundation for the Exhibit can be laid at trial |
| JTX-1053 | Appdetex Master Services Agreement (YUGALABS_00031303 - YUGALABS_00031316) | Kindler, Muniz | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is not inadmissible hearsay as the Exhibit is a business record under Rule 803(6)  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant for damages and responding to Defendants' purported defenses  It is also relevant as material relied on under Rule 703

The foundation for the Exhibit can be laid at trial |
| JTX-1054 | 2022 05 16 Ripps Tweet (YUGALABS_00031324) | Ripps, Kindler | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1055 | 2022 06 15 0xGem Tweet (YUGALABS_00031326) | Kindler | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1056 | 2022 06 18 0xGem Tweet (YUGALABS_00031327) | Kindler; Berger | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1057 | 2022 06 20 0xGem Tweet (YUGALABS_00031328) | Kindler; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1058 | 2022 06 23 0xGem Tweet (YUGALABS_00031329) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1059 | 2022 06 25 0xGem Tweet (YUGALABS_00031330) | Kindler; Berger | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1060 | 2022 08 13 0xGem Tweet (YUGALABS_00031333) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1061 | 2022 12 28 0xGem Tweet (YUGALABS_00031335) | Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1062 | 2023 01 13 Exme007 Tweet (YUGALABS_00031357) | O'Laughlin, Kindler | Document is hearsay and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is relevant to, at least, confusion and damages  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and potential consumer confusion |
| JTX-1063 | 2023 01 19 DSET555 Tweet (YUGALABS_00031359) | Kindler | Document is hearsay and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is relevant to, at least, confusion and damages  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and potential consumer confusion |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1064 | DappRadar - Bored Ape Yacht Club V3 #537 (YUGALABS_00031367) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, incomplete, irrelevant, unduly prejudicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the listing for one of Defendants' infringing NFTs on DappRadar; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, damages, confusion, and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the listing of Defendants' own infringing NFTs<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1065 | LIVE9000 LLC Business Information (YUGALABS_00031397) | Ripps, Kindler | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a governmental record under Rule 803(8), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, false advertising claims and Defendants' false statements re Live9000  It is also relevant as material relied on under Rule 703<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1066 | DappRadar - Bored Ape Yacht Club V3 #8664 (YUGALABS_00031432) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, incomplete, irrelevant, unduly prejudicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the listing for one of Defendants' infringing NFTs on DappRadar; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, damages, confusion, and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the listing of Defendants' own infringing NFTs<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1068 | 2022 06 15 0xGem Tweet (YUGALABS_00031596) | O'Laughlin | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1069 | 2022 06 18 0xGem Tweet (YUGALABS_00031597) | O'Laughlin | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1070 | 2022 06 23 0xGem Tweet (YUGALABS_00031601 YUGALABS_00031602) | O'Laughlin | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1071 | 2022 06 25 0xGem Tweet (YUGALABS_00031603 YUGALABS_00031604) | O'Laughlin | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1072 | 2022 08 13 0xGem Tweet (YUGALABS_00031605 YUGALABS_00031609) | O'Laughlin | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1073 | 2022 12 28 0xGem Tweet (YUGALABS_00031610 YUGALABS_00031611) | O'Laughlin | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion and damages  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1074 | 2022 07 22 Discord (YUGALABS_00031617) | Berger | Document is hearsay, incomplete and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how Defendants advertised their NFTs and consumer confusion |
| JTX-1075 | Yuga Labs Income Statement (January - December 2022) (YUGALABS_00031620) | Kindler, Muniz | Document is hearsay and lacks foundation | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1076 | 2022 05 16 Ripps Tweet (YUGALABS_00031633) | Berger | Document is incomplete and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1077 | 2022 05 16 Ripps Tweet (YUGALABS_00031635) | Berger | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1078 | 2022 06 06 Ripps Tweet (YUGALABS_00031636) | Berger | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1079 | 2022 06 12 Ripps Tweet (YUGALABS_00031637) | Berger | Document is incomplete and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1085 | Aaker, David A , and Robert Jacobson, "The Financial Information Content of Perceived Quality," Journal of Marketing Research 31, no  2 (1994) (YUGALABS_00032602 - YUGALABS_00032613) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1086 | Aaker, David A , and Robert Jacobson, "The Value Relevance of Brand Attitude in High-Technology Markets," Journal of Marketing Research 38, no  4 (2001) (YUGALABS_00032620 - YUGALABS_00032629) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1087 | Agrawal, Deepak  "Effect of Brand Loyalty on Advertising and Trade Promotions: A Game Theoretic Analysis with Empirical Evidence," Marketing Science 15, no  1 (1996) (YUGALABS_00032630 - YUGALABS_00032653) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1088 | Berger, Jonah and Katy Milkman, "What Makes Online Content Viral?" Journal of Marketing Research, 49, no 2, 2012 (YUGALABS_00032665 - YUGALABS_00032681) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1089 | Berger, Jonah, Wendy Moe, and David Schweidel, "What Holds Attention: Linguistic Drivers of Content Consumption," Journal of Marketing, forthcoming (2023) (YUGALABS_00032685 - YUGALABS_00032735) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1090 | Berger, Jonah et al , "Uniting the Tribes: Using Text for Marketing Insight," Journal of Marketing 84, no 1, 2020 (YUGALABS_00032736 - YUGALABS_00032760) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1091 | Joao Niza Braga and Sofia Jacinto, "Effortless online shopping? How online shopping contexts prime heuristic processing," Journal of Consumer Behaviour 21(4), 2022 (YUGALABS_00032761 - YUGALABS_00032773) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1092 | Cheban, Jean-Charles et al , "A Sensory Approach to Brand Confusion," Journal of Brand Strategy 5, no 1, 2015 (YUGALABS_00032774 - YUGALABS_00032789) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1093 | Jacqueline K  Eastman et al , "Status Consumption in Consumer Behavior: Scale Development and Validation," Journal of Marketing Theory and Practice, 7(3), 1999 (YUGALABS_00032790 - YUGALABS_00032801) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1094 | Tülin Erdem and Joffre Swait, "Brand Equity as a Signaling Phenomenon," Journal of Consumer Psychology 7(2), 1998 (YUGALABS_00032802 - YUGALABS_00032828) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1095 | Tülin Erdem et al , "Brands as Signals: A Cross-Country Validation Study," Journal of Marketing, 70, 2006 (YUGALABS_00032829 - YUGALABS_00032845) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1096 | Falkowski, Andrzej et al , "Are Look-Alikes Confusing? The Application of the DRM Paradigm to Test Consumer Confusion in Counterfeit Cases," Marketing Letters 26 (2015) (YUGALABS_00032846 - YUGALABS_00032857) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1097 | Foxman, Ellen R  et al , "An Investigation of Factors Contributing to Consumer Brand Confusion," The Journal of Consumer Affairs 24, no  1, 1990 (YUGALABS_00032858 - YUGALABS_00032878) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1098 | Frieder, Laura, and Avanidhar Subrahmanyam, "Brand Perceptions and the Market for Common Stock," Journal of Financial and Quantitative Analysis 40, no  1 (2005) (YUGALABS_00032879 - YUGALABS_00032908) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1099 | Bruno Godey et al , "Social Media Marketing Efforts of Luxury Brands: Influence on Brand Equity and Consumer Behavior," Journal of Business Research 69, no  12, 2016 (YUGALABS_00032909 - YUGALABS_00032917) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1100 | Robert T  Green and Tasman Smith, "Executive Insights: Countering Brand Counterfeiters," Journal of International Marketing, 10(4), 2002 (YUGALABS_00032918 - YUGALABS_00032936) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1101 | Gene M  Grossman and Carl Shapiro, "Foreign Counterfeiters of Status Goods," The Quarterly Journal of Economics, 103(1), 1988 (YUGALABS_00032937 - YUGALABS_00032959) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1102 | Young Jee Han et al , "Signaling Status with Luxury Goods: The Role of Brand Prominence," Journal of Marketing, 74, no  4 (2010) (YUGALABS_00032960 - YUGALABS_00032976) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1103 | Hem, Leif E  et al , "Factors Influencing Successful Brand Extensions," Journal of Marketing Management 19, no 7-8 (2003) (YUGALABS_00032977 - YUGALABS_00033003) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1104 | Hopkins, Daniel J  and Gary King, "A Method of Automated Nonparametric Content Analysis for Social Science," American Journal of Political Science 54, no 1, 2010 (YUGALABS_00033004 - YUGALABS_00033022) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1105 | Jean-Noël Kapferer and Vincent Bastien, "The Specificity of Luxury Management: Turning Marketing Upside Down," Journal of Brand Management 16, no  5/6, 2009 (YUGALABS_00033036 - YUGALABS_00033048) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1106 | Kevin Lane Keller, "Conceptualizing, Measuring, and Managing Customer-Based Brand Equity," Journal of Marketing 57(1), 1993 (YUGALABS_00033049 - YUGALABS_00033071) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1107 | Kevin Lane Keller, "Managing the Growth Tradeoff: Challenges and Opportunities in Luxury Branding," Brand Management, 16(5/6), 2009 (YUGALABS_00033072 - YUGALABS_00033084) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1108 | Kevin Lane Keller and David A  Aaker, "The Effects of Sequential Introduction of Brand Extensions," Journal of Marketing Research 29, 1992 (YUGALABS_00033085 - YUGALABS_00033101) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1109 | Ed Lebar et al , "Brand Equity Implications of Joint Branding Programs," Journal of Advertising Research, 45, no  4, 2005 (YUGALABS_00033102 - YUGALABS_00033115) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1110 | Mitchell, Vincent-Wayne and Vassilios Papavassiliou, "Exploring Consumer Confusion in the Watch Market," Marketing Intelligence and Planning, 15, no  4, 1997 (YUGALABS_00033116 - YUGALABS_00033127) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1111 | Michell, Vincent-Wayne and Vassilios Papavassiliou, "Marketing Causes and Implications of Consumer Confusion," Journal of Product & Brand Management 8, no  4, 1999 (YUGALABS_00033128 - YUGALABS_00033148) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1112 | Aron O'Cass and Hmily Frost, "Status Brands: Examining the Effects of Non-Product-Related Brand Associations on Status and Conspicuous Consumption," Journal of Product and Brand Management, 11(2), 2002 (YUGALABS_00033149 - YUGALABS_00033170) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1113 | Packard, Grant and Jonah Berger "How Concrete Language Shapes Customer Satisfaction," Journal of Consumer Research, 47, no  5, 2021 (YUGALABS_00033171 - YUGALABS_00033190) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1114 | Chan Su Park, and V  Srinivasan, "A Survey-Based Method for Measuring and Understanding Brand Equity and Its Extendibility," Journal of Marketing Research 31(2), 1994 (YUGALABS_00033191 - YUGALABS_00033209) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1115 | C  Whan Park et al , "Strategic Brand Concept-Image Management," Journal of Marketing 50(4), 1986 (YUGALABS_00033210 - YUGALABS_00033221) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1116 | C  Whan Park et al , "Evaluation of Brand Extensions: The Role of Product Feature Similarity and Brand Concept Consistency," Journal of Consumer Research 18(2), 1991 (YUGALABS_00033222 - YUGALABS_00033231) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1117 | Arvind Rangaswamy et al , "Brand Equity and the Extendibility of Brand Names," International Journal of Research in Marketing 10(3), 1993 (YUGALABS_00033232 - YUGALABS_00033246) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1118 | Joffre Swait and Tülin Erdem, "Brand Effects on Choice and Choice Set Formation Under Uncertainty," Marketing Science 26(5), 2007 (YUGALABS_00033247 - YUGALABS_00033266) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1119 | Das, Dipanjan et al , "Understanding Security Issues in the NFT Ecosystem," In Proceedings of ACM Conference on Computer and Communications Security (2022) (YUGALABS_00033267 - YUGALABS_00033284) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1120 | Keith Wilcox, et al  "Why Do Consumers Buy Counterfeit Luxury Brands?," Journal of Marketing Research Vol  XLVI (April 2009) (YUGALABS_00033285 - YUGALABS_00033299) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1121 | Beebe, Barton, Roy Germano, Christopher Jon Sprigman, and Joel Steckel, "The Role of Consumer Uncertainty in Trademark Law: An Experimental and Theoretical Investigation," New York University School of Law, May 2021 (YUGALABS_00033998 - YUGALABS_00034050) | O'Laughlin | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1122 | Diamond, Shari Seidman, Jerre B  Swann, Trademark and Deceptive Advertising Surveys: Law, Science, and Design, American Bar Association, 2012 (YUGALABS_00034051 - YUGALABS_00034055) | O'Laughlin | Document is hearsay not subject to any exception, incomplete, and irrelevant and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1123 | Diamond, Shari Seidman, Jerre B  Swann, Trademark and Deceptive Advertising Surveys: Law, Science, and Design, American Bar Association, 2022 (YUGALABS_00034056 - YUGALABS_00034059) | O'Laughlin | Document is hearsay not subject to any exception, incomplete, and irrelevant and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1124 | Federal Judicial Center's Manual for Complex Litigation, Federal Judicial Center, 2004 (YUGALABS_00035095 - YUGALABS_00035913) | O'Laughlin | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1125 | Jacoby, Jacob, Trademark Surveys Volume 1: Designing, Implementing, and Evaluating Surveys, American Bar Association, 2013 (YUGALABS_00035914 - YUGALABS_00035922) | O'Laughlin | Document is hearsay not subject to any exception, incomplete, and irrelevant and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1126 | David A Aaker and Kevin Lane Keller, "Consumer Evaluations of Brand Extensions," Journal of Marketing 54(1), 1990 (YUGALABS_00041594 - YUGALABS_00041609) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1127 | Joo-Eon Jeon, "The Impact of Brand Concept on Brand Equity," Asia Pacific Journal of Innovation and Entrepreneurship, 11(2), 2017 (YUGALABS_00041636 - YUGALABS_00041648) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1128 | Kevin Lane Keller, Strategic Brand Management, Fourth Edition, 2013 YUGALABS_00041654 - YUGALABS_00041678) | Berger | Document is hearsay not subject to any exception, incomplete, and irrelevant and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1129 | Philip Kotler and Kevin Lane Keller, Marketing Management, Fourteenth Edition, 2011 (YUGALABS_00041684 - YUGALABS_00042494) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1130 | William D Perreault, Jr  and E  Jerome McCarthy, Basic Marketing: A global Managerial Approach, 2002 (YUGALABS_00042505 - YUGALABS_00043352) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1131 | Yang, H  and K  Li (2022), "Improving Implicit Sentiment Learning via Local Sentiment Aggregation " (YUGALABS_00043358 - YUGALABS_00043368) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1132 | Yang, H  and K  Li (2022), "PyABSA: Open Framework for Aspect-based Sentiment Analysis " (YUGALABS_00043373 - YUGALABS_00043393) | Berger | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relied on under Rule 703 and relevant to damages<br><br>The foundation for the Exhibit was established through the expert report  Foundation can be further laid at trial |
| JTX-1133 | 10 04 Text messages (Lehman and Cahen) (LEHMAN0000309 - LEHMAN0000311) | Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1134 | Text messages (Lehman and Cahen) (LEHMAN0000312 - LEHMAN0000313) | Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1135 | 2023 01 25 Text messages (Lehman and Cahen) (LEHMAN0000330) | Cahen | Document is hearsay not subject to any exception, incomplete, irrelevant, unduly prejudicial and lacks foundation | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1139 | 2022 05 16 (Wayback) Ripps Twitter (YUGALABS_00000547 - YUGALABS_00000549) | Ripps, Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1142 | atomic0 com - RRBAYC #6944 (YUGALABS_00000621) | Ripps,  Cahen | Document is hearsay, unduly prejudicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1143 | atomic0 com - RRBAYC Collection (YUGALABS_00000644 - YUGALABS_00000646) | Ripps, Cahen | Document is hearsay, incomplete, unduly prejducial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility;<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1145 | Redacted (RRBAYC) LooksRare webpage (YUGALABS_00027472) | Ripps, Cahen | Document is hearsay, incomplete, unduly prejdicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the LooksRare page for Defendants' own infringing NFT; even so, this is not a basis for inadmissibility;<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT advertisements and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1146 | Etherscan - 0x2EEBAFOdFf5A1CE3F7E3414C52c48fd50d73691e (YUGALABS_00031595) | Ripps, Cahen | Document is hearsay, incomplete, unduly prejdicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1147 | Etherscan - 0xec6a7bd2b146bd89b214d1b5f4650afc20462dddefe04a7d65fb2f9534041015 (YUGALABS_00031619) | Ripps, Cahen | Document is hearsay, incomplete, unduly prejdicial and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own NFT transactions and sales<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1148 | rrbayc-v0 netlify app and Favicon (YUGALABS_00040325) | Ripps, Cahen | Document is irrelevant, lacks foundation, and is unduly prejudicial | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1152 | 2023 04 23 BAYC Tweet (YUGALABS_00002040) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand and associated NFT collection are, as well as launch timing  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1153 | Gordon Goner, "A letter from the Founders," Medium (June 24, 2022) (YUGALABS_00015987 - YUGALABS_00015990) | Solano, Muniz | Document is hearsay and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1154 | Apelandsdrop com (YUGALABS_00029419) | Muniz | Document is hearsay not subject to any exception and lacks foundation Document is also irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1155 | BAYC_LANDS (YUGALABS_00029428) | Muniz | Document is hearsay not subject to any exception and lacks foundation Document is also irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1156 | Creepy Bored Ape Club (YUGALABS_00029474) | Muniz | Document is hearsay not subject to any exception and lacks foundation Document is also irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |
| JTX-1157 | _yugalabs on Instagram (YUGALABS_00029507) | Muniz | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The foundation for the Exhibit can be laid at trial<br><br>The Exhibit is relevant to, at least, the BAYC brand and Yuga Labs' enforcement of its marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1158 | 2022 05 15 Ripps Tweet (YUGALABS_00031402 - YUGALABS_00031421) | Ripps | Document is hearsay, unduly prejudicial and illegible | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1159 | Wylie Aronow, "Setting the Record Straight," CoinDesk (February 9  2023) (YUGALABS_0036535 - YUGALABS_0036559) | Aronow, Solano | Document is hearsay unduly prejudicial | Withdrawn; subject to motion in limine rulings |
| JTX-1160 | Ryder Ripps, "New Media and the 'Reality' Superstar," April 2008 (YUGALABS_00036560 - YUGALABS_00036574) | Ripps | Document is hearsay unduly prejudicial | Withdrawn; subject to motion in limine rulings |
| JTX-1161 | 2021 05 01 BAYC Tweet (YUGALABS_00041591) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand and associated NFT collection are, as well as launch timing  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1162 | 2021 05 29 BAYC Tweet (YUGALABS_00041611) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand and associated NFT collection are, as well as launch timing  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1163 | 2021 06 18 BAYC Tweet (YUGALABS_00041616) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1164 | 2021 07 08 Ripps Instagram (YUGALABS_00041629) | Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the damages and false advertising, including to show that Ripps was in the same market as Yuga Labs<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1165 | 2021 08 28 BAYC Tweet (YUGALABS_00041633) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1166 | 2021 09 13 BAYC Tweet (YUGALABS_00041651) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1167 | 2021 09 21 BAYC Tweet (YUGALABS_00041680) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |
| JTX-1168 | 2021 10 28 BAYC Tweet (YUGALABS_00043387) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is admissible as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, establishing the what the Bored Ape Yacht Club brand is  These issues are relevant to Defendants' false advertising that they sold equivalent NFTs |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1170 | 2022 06 20 Ripps Tweet (YUGALABS_00043485) | Ripps | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1171 | 2023 04 14 Cahen Tweet (YUGALABS_00043488) | Cahen, Kindler | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' profits from their infringement and false advertising, and thus disgorgement and damages

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1172 | ApeFest 2022 Photo of Ehrlund, Ali, Atalay, Muniz, Aronow, Solano, Oseary (YUGALABS_00043512) | Solano, Muniz | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' conference and related logos |
| JTX-1174 | Ape Water (YUGALABS_00043517) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception | The foundation for the Exhibit can be laid at trial

The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807 |
| JTX-1175 | Bored & Hungry 2 (YUGALABS_00043522) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception | The foundation for the Exhibit can be laid at trial

The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807 |
| JTX-1176 | Bored & Hungry (YUGALABS_00043527) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception | Withdrawn; subject to motion in limine rulings |
| JTX-1177 | Bored Breakfast Club (YUGALABS_00043530) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception | Withdrawn; subject to motion in limine rulings |
| JTX-1178 | Bored Coffee 2 (YUGALABS_00043533) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception | The foundation for the Exhibit can be laid at trial

The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807 |
| JTX-1179 | Bored Coffee (YUGALABS_00043536) | Solano, Muniz | Document is irrelevant | Withdrawn; subject to motion in limine rulings |
| JTX-1192 | 2022 06 21 BAYC Discord (YUGALABS_00031203) | Berger | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a commercial publication (Rule 803(17)), admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a communication; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1193 | 2022 05 10 apebayc Tweet (YUGALABS_00041682) | Berger | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1194 | 2022 05 10 Cryptogeenie Tweet (YUGALABS_00042499) | Berger | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1195 | 2022 06 16 CryptoJooj Tweet (YUGALABS_00043353) | Berger | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay

The Exhibit is relevant to, at least, the issue of confusion  It is also relevant as material relied on under Rule 703 |
| JTX-1232 | Twitter from_boredapeyc until_2021-09-30 since_2006-01-01 (YUGALABS_00041291 - YUGALABS_00041352) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, the BAYC brand and its value

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1233 | Twitter from _BoredApeYC until_2023-03-31 since_2021-09-30 (YUGALABS_00041354 - YUGALABS_00041418) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and its value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1234 | 2022 06 13 (Wayback) Opensea - BAYC #5308 (YUGALABS_00043520 - YUGALABS_00043521) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1235 | 2022 06 21 (Wayback) Opensea - RRBAYC #5308 (YUGALABS_00043486) | Solano, Muniz, Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1236 | 2022 06 21 (Wayback) Opensea - BAYC #6520 (YUGALABS_00043525 - YUGALABS_00043526) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1237 | 2022 06 21 (Wayback) Opensea - RRBAYC #6520 (YUGALABS_00043491) | Solano, Muniz, Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1238 | 2022 07 03 (Wayback) Opensea - BAYC #2775 (YUGALABS_00043515 - YUGALABS_00043516) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1239 | 2022 06 21 (Wayback) Opensea - RRBAYC #2775 (YUGALABS_00043481) | Solano, Muniz, Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1240 | 2022 07 29 (Wayback) Opensea - BAYC #8357 (YUGALABS_00043528 - YUGALABS_00043529) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing on OpenSea; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1241 | 2022 06 21 (Wayback) Opensea - RRBAYC #8357 (YUGALABS_00043511) | Solano, Muniz, Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a listing for Defendants' infringing product on OpenSea; even so, this is not a basis for inadmissibility The foundation for the Exhibit can be laid at trial The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1242 | 2023 04 10 Ripps Tweet (YUGALABS_00043539) | Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility The Exhibit is relevant to, at least, the issue of damages The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1243 | 2023 04 10 Ripps Tweet (YUGALABS_00043540) | Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility The Exhibit is relevant to, at least, the issue of damages The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1249 | 2022 05 14 Ripps Tweet (YUGALABS_00043537) | Ripps | Document is irrelevant and therefore unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements of their NFTs and evidence that their NFTs were sold under the name "Bored Ape Yacht Club V3" |
| JTX-1250 | BA YC (and design) (EM) [018593826] (YUGALABS_00039532 - YUGALABS_00039545) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1251 | BA YC BORED APE YACHT CLUB (and design) (EM) [018594676] (YUGALABS_00039559 - YUGALABS_00039574) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1252 | BA YC (and design) (GB) [UK00003718326] (YUGALABS_00039584 - YUGALABS_00039586) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1253 | BORED APE (EM) [018593781] (YUGALABS_00039623 - YUGALABS_00039637) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1254 | BAYC (EM) [018593774] (YUGALABS_00039663 - YUGALABS_00039678) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1255 | BORED APE (GB) [UK00003802169] (YUGALABS_00039679 - YUGALABS_00039681) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1256 | BORED APE YACHT CLUB (EM) [018594677] (YUGALABS_00039688 - YUGALABS_00039703) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1257 | BA YC BORED APE YACHT CLUB (and design) (GB) [UK00003718322] (YUGALABS_00039755 - YUGALABS_00039757) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1258 | BAYC (GB) [UK00003718333] (YUGALABS_00039780 - YUGALABS_00039782) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1259 | BORED APE YACHT CLUB (GB) [UK00003718316] (YUGALABS_00039786 - YUGALABS_00039788) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1260 | Ape Skull Logo (EM) [018593822] (YUGALABS_00039979 - YUGALABS_00039993) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1261 | Ape Skull Logo (GB) [UK00003761344] (YUGALABS_00039994 - YUGALABS_00040002) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order   Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1262 | 2022 11 02 CryptoPhunksV2 Tweet (YUGALABS_00043513) | Ripps, Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1263 | 2021 11 12 PhunkBot Tweet (YUGALABS_00043518) | Ripps, Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1264 | 2021 11 16 PhunkBot Tweet (YUGALABS_00043523) | Ripps, Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807

The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility

The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1265 | Etherscan - Transaction 0x48db643b9ee37de131e23456ecf35c3a270cba12b4e952f02fe7e5af0bb2a0cc (2021 06 14) (YUGALABS_00043397) | Ripps, Cahen | Document is hearsay not subject to any exception, irrelevant, lacks foundation and is unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs

The foundation for the Exhibit can be laid at trial

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1266 | Etherscan - Transaction 0xa31537ad2ddefd8e21897c41bb7412038dc6b7b1e4d83dbc08ce06f49b9e42f6 (2021 07 03) (YUGALABS_00043402) | Ripps, Cahen | Document is hearsay not subject to any exception, irrelevant, lacks foundation and is unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs

The foundation for the Exhibit can be laid at trial

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1267 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (2022 06 20) (YUGALABS_00043482 - YUGALABS_00043483) | Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is relevant to, at least, Defendants' and their business partners' creation, purchases, sales, and promotion of their NFTs

The foundation for the Exhibit can be laid at trial

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1268 | 2022 01 14 registration of https://who is/whois/gordongoner com (YUGALABS_00043489) | Ripps | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The foundation for the Exhibit can be laid at trial |
| JTX-1270 | 2022 05 18 rrbayc com domain registration (RIPPSCAHEN00015850) | Ripps | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The foundation for the Exhibit can be laid at trial |
| JTX-1272 | Etherscan - 0xee969b688442c2d5843ad75f917b3ab04b14960RRBAYCRSVP) (Analytics) (2022 06 20) (YUGALABS_00043509) | Ripps, Cahen | Document is hearsay, illegible, lacks foundation and is unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807

The Exhibit is legible and constitutes the best evidence under Rule 1002

The foundation for the Exhibit can be laid at trial

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1273 | 2022 05 07 SolminingpunkV2 Tweet (YUGALABS_00000602) | Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1274 | 2022 06 20 markaclouds Tweet (YUGALABS_00000615) | Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1275 | ApeFest Logo - APEFEST graffiti (YUGALABS_00002189) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1276 | ApeFest Logo - APE (YUGALABS_00002203) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1277 | ApeFest Logo - APEFEST2022 (YUGALABS_00002215) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1279 | ApeFest Logo - APEFEST2022 stacked (YUGALABS_00002224) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1280 | ApeFest 2022 - The Rooftop at Pier 17 (YUGALABS_00002232) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1281 | ApeFest 2022 - Night Stage (YUGALABS_00002240) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1282 | ApeFest 2022 - Mutant Ape Skull Logo neon (YUGALABS_00002266) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1283 | ApeFest 2022 - Ape wall (YUGALABS_00002277) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1284 | ApeFest 2022 - Ape tattoo (YUGALABS_00002357) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1285 | ApeFest 2022 - Ape screen wall (YUGALABS_00002363) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1286 | ApeFest 2022 - Jimmy the Monkey inflatable (YUGALABS_00002369) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1287 | ApeFest 2022 - Ape outfits (YUGALABS_00002390) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1288 | ApeFest 2022 - Night Stage (YUGALABS_00002401) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1289 | ApeFest 2022 - Website page (YUGALABS_00002406) | Muniz, Solano | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1291 | ApeFest 2022 - Snoop Dogg (YUGALABS_00002426) | Solano, Muniz | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1292 | ApeFest 2022 - Concert (YUGALABS_00002432) | Solano, Muniz | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1293 | ApeFest 2022 - Eminem and Snoop Dogg (YUGALABS_00002439) | Solano, Muniz | Document is irrelevant, unduly prejudicial and lacks foundation | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1294 | 2022 01 03 dlbrows Tweet (YUGALABS_00002635 - YUGALABS_00002648) | Ripps | Document is hearsay, cumulative, unduly prejudicial and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, purported characterization of their NFTs as "art" to consumers, confusion, and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1296 | 2022 05 13 Cahen Tweet (YUGALABS_00029866) | Cahen | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, purported characterization of their NFTs as "art" to consumers, confusion, and damages<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1297 | 2022 09 14 ZamArtist Tweet (YUGALABS_00031639 - YUGALABS_00031642) | Ripps | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, confusion and damages as well as Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1298 | ApeFest 2022 - Full webpage (captured 2023 01 14) (YUGALABS_00032562 - YUGALABS_00032567) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions |
| JTX-1299 | ApeFest 2022 - Full webpage (capture 2023 02 05) (YUGALABS_00033310 - YUGALABS_00033318) | Muniz, Solano | Document is hearsay not subject to any exception, irrelevant, and lacks foundation | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1300 | BAYC Discord - FAQ (YUGALABS_00036531) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit is not a statement by a person and not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the relevant frequently asked questions; even so, this is not a basis for inadmissibility |
| JTX-1302 | BoredApeYC Twitter - Full (YUGALABS_00014135 - YUGALABS_00014673) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1303 | CryptoPunksNFTs Twitter - Full (YUGALABS_00014674 - YUGALABS_00014851) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1304 | MeebitsDAO Twitter - Full (YUGALABS_00014852 - YUGALABS_00015304) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1305 | OthersideMeta Twitter - Full (YUGALABS_00015305 - YUGALABS_00015394) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1306 | Yugalabs Twitter - Full (YUGALABS_00015395 - YUGALABS_00015409) | Solano, Muniz | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Yuga Labs' brands and their value<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|------------------------|
| JTX-1308 | YouTube - ApeFest 2021 (https://www.youtube com/watch?v=MpMR9HBXX 5A) (YUGALABS_00041649) | Solano, Muniz | Document is hearsay, unduly prejudicial, irrelevant, and produced after the close of fact discovery | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>Defendants experienced no prejudice from the timing of the production of this publicly available Exhibit that was otherwise known to them |
| JTX-1309 | YouTube - ApeFest 2022 (https://www.youtube com/watch?v=yhsEHRNuYB w) (YUGALABS_00042500) | Solano, Muniz | Document is hearsay, unduly prejudicial, irrelevant, and produced after discovery | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to hold Apefest-like promotions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants<br><br>Defendants experienced no prejudice from the timing of the production of this publicly available Exhibit that was otherwise known to them |
| JTX-1310 | Etherscan - 0x7D2550161E8A31D0b9585Bb9c88E63E9644af7 40 (Cahen PEPE) (YUGALABS_00041541 - YUGALABS_00041542) | Cahen | Document is hearsay not subject to any exception, irrelevant, incomplete, poor quality, lacks foundation and is unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1311 | Etherscan - Transaction 0x0cae66a609ae2ff22935fe767f8fc1b3244a51b6832 c393bf14664b340b0c30a (Cahen 2022 11 09) (YUGALABS_00043369 - YUGALABS_00043370) | Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1312 | Etherscan - Transaction 0x42ea6aa1c4d79ab57962ee723abb43c0104fb4bea5 6b65cc1bf4bc6fb7982b2e (Cahen 2022 10 11) (YUGALABS_00043384 - YUGALABS_00043385) | Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1313 | Etherscan - Transaction 0xe1a29d7df090d0c90bee1731e3af039ec333ba4ac1 020666cee59f09f6dc8595 (Cahen 2023 01 04) (YUGALABS_00043398 - YUGALABS_00043399) | Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1315 | 2023 04 04 Cahen Tweet (YUGALABS_00041610) | Cahen, O'Laughlin, Kindler | Document is incomplete, hearsay, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1316 | RRBAYC on Opensea Pro (list view) (YUGALABS_00041620 - YUGALABS_00041628) | Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | Withdrawn subject to use to further complete exhibit 1317 |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1317 | RRBAYC on Opensea Pro (grid view) (YUGALABS_00041650) | Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' infringing NFTs; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from listings of their own NFTs |
| JTX-1318 | 2023 04 04 Cahen Tweet (YUGALABS_00041683) | Cahen | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' continued promotion of their NFTs, and thus damages and injunctive relief<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1319 | 2023 04 04 Cahen Tweet (YUGALABS_00042498) | Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' continued promotion of their NFTs, and thus damages and injunctive relief<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1320 | RRBAYC on Opensea Pro (list view) (YUGALABS_00042502) | Ripps, Cahen | Document lacks foundation and is poor quality | The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1412 | Ape Water Ape #5382 (RIPPSCAHEN00016009 - RIPPSCAHEN00016011) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant | Withdrawn; subject to motion in limine rulings |
| JTX-1413 | Bored & Hungry hat (RIPPSCAHEN00017141 - RIPPSCAHEN00017143) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant | Withdrawn; subject to motion in limine rulings |
| JTX-1414 | Ape Water 12 pack (RIPPSCAHEN00017176) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant | Withdrawn; subject to motion in limine rulings |
| JTX-1415 | NFTyy FIGs (RIPPSCAHEN00018468) | Solano, Muniz | Doument is irrelevant | The Exhibit is relevant to, at least, the BAYC brand and permitted uses of the marks |
| JTX-1416 | Bored Coffee (RIPPSCAHEN00022706) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant | Withdrawn; subject to motion in limine rulings |
| JTX-1417 | 2022 12 05 nullinger Tweet (YUGALABS_00030055) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1418 | 2022 12 23 bud_eth Tweet (YUGALABS_00030131) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1419 | 2022 12 26 iamAsifR Tweet (YUGALABS_00030137) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1420 | 2023 01 06 OG_Slick1 Tweet (YUGALABS_00030149) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1421 | 2023 01 06 TheMiamiApe Tweet (YUGALABS_00030154) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1422 | 2023 01 07 WatchNiBe Tweet (YUGALABS_00030159) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1423 | 2023 03 39 ApeBeverages Tweet (YUGALABS_00041289) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1424 | Bored & Hungry Food Truck (YUGALABS_00041426) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807<br><br>The Exhibit is relevant to, at least, the BAYC brand and permitted uses of the marks |
| JTX-1425 | Bored Breakfast Club Food Truck (YUGALABS_00041429) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant | The foundation for the Exhibit can be laid at trial<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible under Rule 807<br><br>The Exhibit is relevant to, at least, the BAYC brand and permitted uses of the marks |
| JTX-1426 | 2022 09 22 boredcaviar Tweet (YUGALABS_00041436) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1427 | 2023 02 07 17ikoola Tweet (YUGALABS_00041463) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1428 | Founders Wedding Photo (YUGALABS_00040593) | Solano, Muniz, Atalay, Aronow | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1429 | Greg Solano Photo (YUGALABS_00040594) | Solano, Muniz | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1430 | Kerem Atalay Photo (YUGALABS_00040596) | Solano, Muniz, Atalay | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1431 | Wylie Aronow Photo (YUGALABS_00040598) | Solano, Muniz, Aronow | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1432 | Zeshan Ali Photo (YUGALABS_00040599) | Solano, Muniz | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, background on Yuga Labs' and its brand, and Defendants' defenses<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from photos of Yuga Labs' founders |
| JTX-1433 | rrbayc com - Full webpage (YUGALABS_00030244 - YUGALABS_00030337) | Ripps, Cahen | Document is unduly prejudicial | The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own website advertising and selling their NFTs |
| JTX-1434 | Otherside Video (YUGALABS_00041280) | Solano, Muniz | Document is illegible and irrelevant | The Exhibit is relevant to, at least, Yuga Labs' and its brand, Defendants' false advertising regarding equivalence of their infringing products to Yuga Labs' products, and Defendants' stated plans to create an Otherside-like metaverse<br><br>We are happy to meet and confer regarding any quality issues and provide additional versions |
| JTX-1435 | BAYC and McBess merchandise (YUGALABS_00002015) | Solano, Muniz | Document is irrelevant | The Exhibit is relevant to, at least, explaining the BAYC brand and its value |
| JTX-1436 | Bored Ape Yacht Club McBess & The Dudes label (YUGALABS_00002024) | Solano, Muniz | Document is irrelevant | The Exhibit is relevant to, at least, the BAYC brand and its value, and damages |
| JTX-1437 | 2022 01 03 YugaLabs Tweet (YUGALABS_00002036) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1438 | 2021 04 16 BAYC Tweet (YUGALABS_00002043) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1439 | 2021 04 17 BAYC Tweet (YUGALABS_00002045) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1440 | 2021 04 17 BAYC Tweet (YUGALABS_00002046) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1441 | 2021 04 17 BAYC Tweet (YUGALABS_00002047) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1442 | 2021 04 17 BAYC Tweet (YUGALABS_00002048) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1443 | BAYC x McBess x The Dudes: Fall Capsules Drop the 26th - Yuga Labs website (YUGALABS_00032569 - YUGALABS_00032571) | Solano, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1444 | 2022 08 25 BAYC Tweet (YUGALABS_00041004) | Solano, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1450 | 2022 VMAs Eminem and Snoop Dogg (YUGALABS_00041015) | Solano, Muniz | Document is poor quality and irrelevant | The Exhibit is legible and constitutes the best evidence under Rule 1002 <br><br> The Exhibit is relevant to, at least, the BAYC brand and damages |
| JTX-1451 | Yuga Labs Seed Round March 2022 poster (YUGALABS_00041016) | Solano, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit is not inadmissible hearsay as the Exhibit is a business record under Rule 803(6); alternatively, the Exhibit is admissible hearsay under Rule 807 <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1453 | Chris Katje, "Bored Ape Yacht Club Parent Yuga Labs valued at $4B," Benzinga (March 23, 2022) (YUGALABS_00041019 - YUGALABS_00041020) | Solano, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807 <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1454 | Brandon Hoffman, "Why we invested in Yuga Labs, creators of the Bored Ape Yacht Club NFTs," Samsung Next (May 25, 2022) (YUGALABS_00041021 - YUGALABS_00041022) | Solano, Muniz | Document is hearsay not subject to any exception and lacks foundation | The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807 <br><br> The foundation for the Exhibit can be laid at trial |
| JTX-1456 | 2022 05 23 Cahen Tweet (YUGALABS_00041525) | Cahen | Document is hearsay, incomplete and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record (Rule 803(6)), a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807 <br><br> The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own public statements about their reasons for minting NFTs |
| JTX-1457 | 2022 05 29 Ripps Tweet (YUGALABS_00041526) | Ripps | Document is incomplete | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1458 | 2022 06 14 Ripps Tweet (YUGALABS_00041527) | Ripps | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility <br><br> The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers and damages <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1459 | 2022 06 16 Ripps Tweet (YUGALABS_00041528) | Ripps | Document is incomplete, irrelevant, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility <br><br> The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers and damages <br><br> The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1460 | 2022 06 21 ghost_818 Tweet (YUGALABS_00041529) | Solano, Muniz, Ripps, Cahen | Document is hearsay, incomplete and unduly prejducial | The Exhibit is admissible as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1461 | 2023 04 03 alexisohanian Tweet (YUGALABS_00041530) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to at least, the BAYC brand and value, and therefore damages |
| JTX-1462 | 2023 04 03 CitronButter Tweet (YUGALABS_00041531) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1463 | 2023 04 05 davincithreads Tweet (YUGALABS_00041532) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1464 | 2023 04 03 OthersideMeta Tweet (YUGALABS_00041533) | Solano, Muniz | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and value, and therefore damages |
| JTX-1467 | 2023 04 04 Cahen Tweet (YUGALABS_00041536) | Cahen | Document is incomplete | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1469 | 2023 04 22 Cahen Tweet (YUGALABS_00041538) | Cahen | Document is incomplete and irrelevant | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers |
| JTX-1470 | 2023 04 22 Cahen Tweet (YUGALABS_00041539) | Cahen | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about potential for profit from crypto sales |
| JTX-1471 | 2023 04 20 Cahen Tweet (YUGALABS_00041540) | Cahen | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about potential for profit from crypto sales |
| JTX-1472 | Cahen Etherscan Txns 12 01 21 - 4 19 21 (YUGALABS_00041543) | Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' profits, trading, and Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own transactions |
| JTX-1473 | OpenSea Pro Profile 0x7d2550161e8a31d0b9585bb9c88e63e9644af740 (Cahen) (YUGALABS_00041544 - YUGALABS_00041571) | Ripps, Cahen | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, Defendants' ongoing advertising, confusion, and harm<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1474 | Cahen Twitter - Pauly0x Verified account (YUGALABS_00041572) | Cahen | Document is incomplete and irrelevant | The Exhibit is not misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, The Exhibit is relevant to, at least, the reach of Defendants' false advertisements and thus damages |
| JTX-1475 | Ripps Tweet (YUGALABS_00041573) | Ripps | Document is hearsay, incomplete and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1476 | 2022 06 21 exitLiquidity Tweet (YUGALABS_00043543) | Cahen | Document is hearsay, incompelte, illegible, and unduly prejudicial | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from evidence of how defendants advertised their NFTs and potential consumer confusion |
| JTX-1477 | 2022 05 11 Ripps Tweet (YUGALABS_00030056) | Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1478 | 2022 05 13 Lehman Tweet (YUGALABS_00031654) | Lehman; Kindler | Document is hearsay, incomplete, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1479 | NotLarvaLabs com - FAQ (RIPPSCAHEN00014543 - RIPPSCAHEN00014546) | Ripps, Cahen | Document is irrelevant, illegible, and unduly prejudicial | The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants' own website |
| JTX-1480 | 2023 03 27 Blockworks Tweet (YUGALABS_00041287) | Berger | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, the BAYC brand and its value, and therefore damages |
| JTX-1482 | BAYC Website (YUGALABS_00002422) | Solano, Muniz | Document is hearsay not subject to any exception and incomplete | The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-1483 | Yoram Dor document production (DOR000001 - DOR000042) | Cahen | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' profits<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1484 | NameCheap - domain registration information for rrbayc com and apemarket com (NAMECHEAP0000015 - NAMECHEAP0000025) | Ripps, Cahen | Document is irrelevant and hearsay | The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The Exhibit does not contain hearsay as it is not a statement by a person and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807 |
| JTX-1485 | Karen Archey, "Ryder Ripps" Frieze, PostMasters (SAWON000004 - SAWON000006) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial | Withdrawn; subject to motion in limine rulings |
| JTX-1486 | Paddy Johnson, "Ryder Ripps Uses Jeff Koons Assistants for His Own Banality Series," PostMasters (January 28, 2015) (SAWON0000007 - SAWON0000009) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial | Withdrawn; subject to motion in limine rulings |
| JTX-1487 | Taylor Dafoe, "Artists Ryder Ripps and Maggie West Teamed Up with Pornhub to Create an Interactive Sci-Fi Installation Set in 2069," PostMasters (June 14, 2018 (SAWON0000010 - SAWON0000013) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial | Withdrawn; subject to motion in limine rulings |
| JTX-1488 | Taylor Dafoe, "Ryder Ripps Ho," PostMasters (January 24 - February 28, 2015) (SAWON0000026) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial | Withdrawn; subject to motion in limine rulings |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1489 | NFTCamOfficial OpenSea Pro (YUGALABS_00041575) | Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, and irrelevant and lacks foundation | The Exhibit does not contain hearsay as it is not a statement by a person; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' infringing NFTs; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' ongoing advertising, confusion, and harm<br><br>The foundation for the Exhibit can be laid at trial |
| JTX-1490 | RR/BAYC OpenSea Pro (YUGALABS_00041614) | Ripps, Cahen | Document is hearsay, incomplete, lacks foundation and is unduly prejduicial | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of the OpenSea page for Defendants' infringing NFTs; even so, this is not a basis for inadmissibility<br><br>The foundation for the Exhibit can be laid at trial<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from listings of their own NFTs |
| JTX-1491 | 2023 04 19 tfine Tweet (YUGALABS_00041617) | Solano, Aronow, Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, and irrelevant | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1492 | 2023 04 19 tfine Tweet (YUGALABS_00041632) | Solano, Aronow, Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1493 | 2023 04 19 tfine Tweet (YUGALABS_00041652) | Solano, Aronow, Ripps, Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1494 | 2023 04 19 tfine Tweet (YUGALABS_00041679) | Solano, Aronow, Ripps, Cahen | Document is hearsay, incomplete, irrelevant, speculative and unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The Exhibit is not speculative as the author claims to have firsthand knowledge of the facts stated  Defendants have not identified how the Exhibit is speculative, especially regarding the Defendants' own actions<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants  There is no unfair prejudice as the Defendants identified Mr  Fine as a relevant witness in support of their defense and have used him in the promotion of their infringing NFTs |
| JTX-1495 | 2023 04 19 tfine Tweet (YUGALABS_00042496) | Solano, Aronow, Ripps | Document is hearsay not subject to any exception and incomplete | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1496 | 2022 02 25 Todd Fine chat (YUGALABS_00042504) | Solano, Aronow, Ripps | Document is hearsay not subject to any exception and incomplete | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1497 | 2023 01 21 Todd Fine chat (YUGALABS_00043371) | Solano, Aronow, Ripps | Document is hearsay | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1498 | 2023 01 22 Todd Fine chat (YUGALABS_00043388) | Solano, Aronow, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1510 | 2022 12 05 Cahen's Objections and Responses to First Set of Interrogatories (Nos  1-8) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1511 | 2022 12 05 Ripps' Objections and Responses to Second Set of RFPs (Nos  35-44) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1512 | 2022 12 05 Ripps' Objections and Responses to Second Set of Interrogatories (No  18) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1513 | 2022 12 16 Cahen's Objections and Responses to RFAs (Nos  1-49) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1514 | 2022 12 16 Ripps' Objections and Responses to RFA's (Nos  1-49) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1515 | 2022 12 28 Ripps Second Supplemental Objections and Responses to First Set of Interrogatories (Nos  1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1516 | 2023 01 17 Cahen's Supplemental Objections and Responses to RFAs (Nos  1-49) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1517 | 2023 01 17 Cahen's Supplemental Objections and Responses to First set of Interrogatories (Nos  1-8) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1518 | 2023 01 17 Ripps' Supplemental Objections and Responses to RFAs (Nos  1-49) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1519 | 2023 03 09 Cahen's Second Supplemental Objections and Responses to RFAs (Nos  1-49) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1520 | 2023 03 09 Cahen's Supplemental Objections and Responses to First RFPs (Nos  1-34) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1521 | 2023 03 09 Ripps' Second Supplemental Objections and Responses to RFAs (Nos  1-49) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1522 | 2023 03 09 Ripps' Second Supplemental Objections and Responses to First RFPs (Nos  1-34) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1523 | 2023 03 09 Ripps' Third Supplemental Objections and Responses to First set of Interrogatories (Nos  1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1524 | 2023 04 03 Cahen's Objections and Responses to First RFPs (Nos  44-57) | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case   The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1525 | 2023 04 03 Cahen's Objections and Responses to Second RFPs (Nos 40-137) | Cahen | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1526 | 2023 04 03 Cahen's Objections and Responses to Second Set of Interrogatories (Nos 9-12) | Cahen | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1527 | 2023 04 03 Ripps' Objections and Responses to Third RFPs (Nos 45-57) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1528 | 2023 04 03 Ripps' Objections and Responses to Second RFAs (Nos 50-128) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1529 | 2023 04 03 Ripps' Objections and Responses to Second Interrogatories (No 19-22) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1530 | 2022 08 15 Ripps' Objections and Responses to First RFPs (Nos 1-34) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1531 | 2022 08 15 Ripps' Objections and Responses to First Interrogatories (Nos 1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1532 | 2022 11 03 Ripps' Supplemental Objections and Responses to First RFPs (Nos 1-34) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1533 | 2022 11 03 Ripps' Supplemental Objections and Responses to First Interrogatories (Nos 1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1534 | 2022 11 28 Cahen's Objections and Responses to First RFPs (Nos 1-34) | Cahen | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit |
| JTX-1537 | 2022 10 03 [Dkt 48] Defendants' Motion to Strike and Dismiss | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list Document is also more prejudicial than probative Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807 The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, including as to the description of the Defendants' use of Yuga Labs' BAYC Marks

The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1538 | 2022 10 03 [Dkt 48-1] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence Document is also cumulative of other documents on exhibit list | Withdrawn; subject to motion in limine rulings |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1539 | 2022 12 27 [Dkt 65] Defendants' Answer, Defenses, and Counterclaims to Complaint | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list Document is also more prejudicial than probative | Withdrawn; subject to motion in limine rulings |
| JTX-1540 | 2023 02 21 [Dkt 11] Appellants' Opening Brief | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also cumulative of other documents on exhibit list Document is also more prejudicial than probative  Document is hearsay not subject to any exception | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, including as to the description of the Defendants' use of Yuga Labs' BAYC Marks  The probative value of the Exhibit is not "substantially outweighed" by risk of "needlessly presenting cumulative evidence," especially where Defendants dispute one or more issues relevant to the Exhibit  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1541 | 2023 01 17 Ryder Ripps Verification | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1542 | 2023 03 21 [Dkt 157] Declaration of Jeremy Cahen | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1543 | 2023 03 21 [Dkt 158] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1544 | 2023 04 05 [Dkt 200] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1545 | 2023 04 05 [Dkt 200] Declaration of Jeremy Cahen | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | Withdrawn; subject to exceptional case motion post-trial |
| JTX-1546 | 2023 04 19 [Dkt 221] Declaration of Jeremy Cahen | Cahen | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1547 | 2023 04 19 [Dkt 222] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence  Document is also irrelevant and therefore unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility, and to Defendants' discovery abuses and the standard for an exceptional case  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1548 | 2023 04 17 tfine Tweet (YUGALABS_00043545) | Solano, Aronow, Ripps, Cahen | Document was produced after the close of fact discovery, lacks foundation, is hearsay not subject to any exception, is irrelevant and unduly prejudicial, and is incomplete | This document did not exist until after the close of discovery  Defendants experienced no prejudice from the timing of the production of this publicly available Exhibit that was otherwise known to them  The foundation for the Exhibit can be laid at trial  The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is relevant under 607 and 608 regarding Defendants' credibility  The Exhibit is also relevant to, at least, Defendants' discovery abuses and the standard for an exceptional case  The Exhibit is not speculative as the author claims to have firsthand knowledge of the facts stated  Defendants have not identified how the Exhibit is speculative, especially regarding the Defendants' own actions  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants  There is no unfair prejudice as the Defendants identified Mr  Fine as a relevant witness in support of their defense and have used him in the promotion of their infringing NFTs  The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility |
| JTX-1549 | LEHMAN0000227 json - bayc_ids_to_img_uri-E18F8 2 json (LEHMAN0000227) | Kindler | Document lacks foundation and is poor quality | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1550 | LEHMAN0000228 json - bayc_ids_to_img_uri-E18F8 json (LEHMAN0000228) | Kindler | Document lacks foundation and is poor quality | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1551 | 2022 05 17 Foundation Trust & Safety emails (LEHMAN0000229) | Kindler | Document is hearsay not subject to any exception, incomplete, and irrelevant | The Exhibit does not contain hearsay as it is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility  The Exhibit is relevant to, at least, confusion  It is also relevant as material relied on under Rule 703 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1552 | 2022 05 17 Foundation Trust & Safety emails (LEHMAN0000230) | Kindler | Document lacks foundation and is poor quality | The Exhibit is legible and constitutes the best evidence under Rule 1002 |
| JTX-1553 | export-address-token-nft-0xc2172a6315c1d7f6855768f843c420ebb36eda97 csv (LEHMAN0000231) | Kindler | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages  It is also relevant as material relied on under Rule 703 |
| JTX-1554 | export-address-token-nft-0xc650f01cb5b8f267ad3e18282e649afa0158b188 csv (LEHMAN0000232) | Kindler | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages  It is also relevant as material relied on under Rule 703 |
| JTX-1555 | export-address-token-nft-0xe64f07d9d151ea7286b8470c8f38691baf2e146e csv (LEHMAN0000233) | Kindler | Document is hearsay not subject to any exception and irrelevant | The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages  It is also relevant as material relied on under Rule 703 |
| JTX-1556 | 2022 05 13 Jclineshow Tweet (YUGALABS_00029080 - YUGALABS_00029086) | Kindler | Document is hearsay, irrelevant and unduly prejudicial | The Exhibit is not offered for the truth of the matter asserted, and therefore is not hearsay  Alternatively, the Exhibit is admissible hearsay as a present sense impression (Rule 803(1)), a state of mind statement (Rule 803(3)), or under Rule 807  The Exhibit is admissible hearsay upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, confusion  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1557 | 2022 05 19 (Wayback) - RRBAYC Foundation webpage (YUGALABS_00030057) | Berger | Document is incomplete, illegible, hearsay, unduly prejudicial and lacks foundation | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' Foundation webpage; even so, this is not a basis for inadmissibility<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>*Not inadmissible hearsay as the Exhibit is a business record under Rule 803(6); alternatively, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2)<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own Foundation webpage<br><br>The foundation for the Exhibit has been established through Defendant and can be established at trial |
| JTX-1558 | 2022 07 03 AllCityBAYC Tweet (YUGALABS_00031331) | Solano, Muniz, Ripps, Cahen | Document is incomplete, hearsay, and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility<br><br>The Exhibit is not hearsay as the Exhibit is not being offered for the truth of the matter asserted  Alternatively, the Exhibit is admissible hearsay under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants' |
| JTX-1559 | DappRadar - #537 - Bored Ape Yacht Club V3 (YUGALABS_00031368) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, irrelevant, lacks foundation, incomplete, and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |
| JTX-1560 | DappRadar - #8664 - Bored Ape Yacht Club V3 (YUGALABS_00031433) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, irrelevant, lacks foundation, incomplete, and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1561 | DappRadar - #885 - Bored Ape Yacht Club V3 (YUGALABS_00031434) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, irrelevant, lacks foundation, incomplete, and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |
| JTX-1562 | DappRadar - #885 - Bored Ape Yacht Club V3 (2) (YUGALABS_00031435) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, irrelevant, lacks foundation, incomplete, and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility |
| JTX-1563 | DappRadar - Bored Ape Yacht Club V3 NFT Collection (YUGALABS_00031436 - YUGALABS_00031437) | O'Laughlin, Kindler | Document is hearsay not subject to any exception, irrelevant, lacks foundation, incomplete, and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is relevant to, at least, damages, confusion, impeachment, and false advertising relating to Defendants' actions and statements that their infringing products were a replacement or new version of Yuga Labs' products  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and representations to the market<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of a page listing Defendants infringing products; even so, this is not a basis for inadmissibility<br><br>Foundation can be laid at trial through Defendants or experts |
| JTX-1564 | 2022 06 21 (Wayback) RRBAYC Foundation webpage (YUGALABS_00036423 - YUGALABS_00036424) | Ripps, Cahen | Document is incomplete, illegible, irrelevant and unduly prejudicial, foundation | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete excerpt of Defendants' Foundation webpage; even so, this is not a basis for inadmissibility<br><br>The Exhibit is legible and constitutes the best evidence under Rule 1002<br><br>The Exhibit does not contain hearsay as it is not a statement by a person (or alternatively is a party admission under Rule 801(d)(2)) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own Foundation webpage<br><br>The foundation for the Exhibit was established through deposition and Defendants' admissions  Foundation can be further laid at trial |
| JTX-1565 | 2023 04 30 Ripps Tweet - Pauly0x and I created apecoin (YUGALABS_00043544) | Ripps | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and false advertising<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1566 | 2023 04 28 Cahen Tweet (YUGALABS_00043546) | Cahen; Kindler | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1567 | 2023 03 01 Cahen Tweet (YUGALABS_00043547) | Cahen; Kindler | Document is incomplete, irrelevant and unduly prejudicial | The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, confusion and false advertising  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1568 | 2023 05 01 Cahen Tweet (YUGALABS_00043548) | Cahen; Kindler | Document is hearsay not subject to any exception, irrelevant, lacks foundation, incomplete, and is unduly prejudicial | The Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2) and is not offered for the truth of the matter asserted; alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807  The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading, and it is a complete tweet; even so, this is not a basis for inadmissibility<br><br>The Exhibit is relevant to, at least, Defendants' purported characterization of their NFTs as "art" to consumers and exceptional case  It is also relevant as material relied on under Rule 703<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants |
| JTX-1569 | USPTO TESS BAYC (97975535) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation  Document is also irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1570 | USPTO TESS Ape Skull Logo (97975542) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation  Document is also irrelevant | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Lab's ownership of its BAYC Marks |
| JTX-1571 | USPTO Notice of Acceptance of Statement of Use - Ape Skull Logo - 97975542 (YUGALABS_00043553) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Labs' ownership of its BAYC Marks |
| JTX-1572 | USPTO Notice of Acceptance of Statement of Use - BAYC - 97975535 (YUGALABS_00043554) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation | Withdrawn per parties' stipulation re Yuga Labs' Ownership of the BAYC Marks per MSJ Order  Neither party will discuss Yuga Labs' trademark applications or foreign registrations to show Yuga Labs' ownership of its BAYC Marks |
| JTX-1573 | 2023 05 04 (Wayback) Ripps Twitter Header (YUGALABS_00043559) | Ripps, Kindler | Document is irrelevant and therefore unduly prejudicial | The Exhibit is relevant to, at least, confusion and false advertising<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own advertisements and statements to consumers |
| JTX-1574 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026004) | Ripps, Cahen, Kindler | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the profitability and valuation of their NFT scheme and their advertising |
| JTX-1575 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026023) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the profitability and valuation of their NFT scheme and their advertising |
| JTX-1576 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026024) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the profitability and valuation of their NFT scheme and their advertising |
| JTX-1577 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026034) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the profitability and valuation of their NFT scheme and their website where they sold and advertised their products |
| JTX-1578 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026037) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertsing the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own statements about the profitability and valuation of their NFT scheme<br><br>The Exhibit is relevant to, at least, the value of Defendants' infringing NFTs and bearing on the issue of damages in this case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-1579 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026040) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme   The Exhibit is relevant to, at least, the value of Defendants' infringing NFTs and bearing on the issue of damages in this case |
| JTX-1580 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026041) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light // | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements relating to their NFT schemes and false advertising issues in this case |
| JTX-1581 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026047) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability and valuation of their NFT scheme   The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1582 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026048) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme   The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1583 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026057) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme   The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1584 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026062) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the valuation and promotion of their NFT scheme   The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1585 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026068) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to adverting the RRBAYC project or contain any statements to consumers and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case  In fact, it does not appear to have any bearing on outward facing statements made by Defendants | The Exhibit contains material ordered to produce earlier in the case   Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list   Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections   The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme   The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1586 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026069) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case  Whether Defendants had a profit motive along with other motives is irrelevant | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme  The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1587 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026070) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme  The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1588 | 2022 05 20 8:54 AM Cahen-Ripps Text Messages (RIPPSCAHEN00026076) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme  The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1589 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026077) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme  The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1590 | Text Message (Ripps and Cahen) (RIPPSCAHEN00026147) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the promotion of their NFT scheme  The Exhibit is relevant to, at least, Defendants' false advertising in this case |
| JTX-1591 | 2022 06 08 5 59 PM Cahen-Ripps Text Messages (RIPPSCAHEN00026148) | Ripps, Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///UP FRE 403: This document's probative value is far outweighed by its potential for unfair prejudice as it does not relate to advertising the RRBAYC project or contain any statements to consumers but instead focuses on internal conversations, and can be used to paint Defendants in a bad light //IR FRE 401-402: This document is irrelevant to the remaining claims at issue  It contains no discussions which bear on the remaining issues in the case | The Exhibit contains material ordered to produce earlier in the case  Defendants violated court orders and failed to produce such material, thereby prejudicing Yuga Labs' creation of its exhibit list  Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements about the profitability, valuation, and promotion of their NFT scheme  The Exhibit is relevant to, at least, Defendants' false advertising and the value of Defendants' infringing NFTs bearing on the issue of damages in this case |
| JTX-1592 | 1245083_013123_Foundation_Excel_Qual+Term+Partial xlsx (Foundation Eveready Survey Data) (YUGALABS_00036090) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///FRE 702: This exhibit which is the survey data for one of Ms  O'Laughlin's surveys should be excluded pursuant to Daubert ///UP FRE 403: Because of manifest errors in survey methodology, this exhibit is much more likely to be prejudicial than probative | Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections  The Exhibit is material relied upon under Rule 703 and is relevant to issues in this case  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony  The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the reliable confusion survey data  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1593 | 1245083_013123_NFT OS_All_Touch_Excel.xlsx (OpenSea Squirt Survey Data) (YUGALABS_00036097) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////FRE 702: This exhibit which is the survey data for one of Ms O'Laughlin's surveys should be excluded pursuant to Daubert ///UP FRE 403: Because of manifest errors in survey methodology, this exhibit is much more likely to be prejudicial than probative | Defendants experienced no prejudice from the timing of disclosure of the Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and is relevant to issues in this case  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from the reliable confusion survey data  Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony |
| JTX-1594 | "Why Did OpenSea Become the Most Widely Used NFT Marketplace?" Crypto Conduct Authority, August 18, 2022 (YUGALABS_00036124 - YUGALABS_00036126) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807 |
| JTX-1595 | Etherscan - ryder-ripps.eth #1956 Bored Ape Yacht Club (YUGALABS_00036146) | O'Laughlin, Ripps | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely /// | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections |
| JTX-1596 | Rivera-Herrera, Daniela, "10 Best NFT Marketplaces," Nasdaq, October 27, 2022 (YUGALABS_00036216 - YUGALABS_00036222) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807 |
| JTX-1597 | "OpenSea Learn," OpenSea (YUGALABS_00036223 - YUGALABS_00036224) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' website used to sell and advertise their infringing NFTs and how consumers encountered them |
| JTX-1598 | Trinetra Paul, "The 8 Most Popular NFT Marketplaces in the World," Prestige, February 3, 2022 (YUGALABS_00036245 - YUGALABS_00036256) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' website used to sell and advertise their infringing NFTs and how consumers encountered them |
| JTX-1599 | "Discover, collect, and sell extraordinary NFTs," OpenSea, June 20, 2022 (YUGALABS_00036412 - YUGALABS_00036420) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue ///Completeness: (FRE 106): The rendering of the website excludes most of the content of the page rendering the exhibit misleadingly incomplete | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' website used to sell and advertise their infringing NFTs and how consumers encountered them<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-1600 | Ripps' character logo obtained from "@ryder_ripps Foundation Page," Foundation, January 20, 2022 (YUGALABS_00036421 - YUGALABS_00036422) | Ripps | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue ///Completeness: (FRE 106): The rendering of the website excludes most of the content of the page rendering the exhibit misleadingly incomplete | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay  Additionally, the Exhibit does not contain hearsay as it is a party admission under Rule 801(d)(2); alternatively, the Exhibit is admissible hearsay as a business record under Rule 803(6), and under Rule 807<br><br>The Exhibit is relevant to, at least, Defendants' advertisement of their NFTs and confusion of consumers<br><br>The Exhibit is not incomplete, as there are no omissions causing it to be misleading; even so, this is not a basis for inadmissibility |
| JTX-1601 | 2023 04 23 mongoman_eth Tweet (YUGALABS_00043561) | Ripps | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery  Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them  Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections<br><br>The Exhibit is relevant to, at least, Defendants' false advertising, intended NFT marketplace, and harm and confusion to consumers<br><br>The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements and consumer statements regarding their conduct |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1602 | 2023 05 01 Cahen Tweet (YUGALABS_00043564) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery and the parties' exchange of exhibit lists   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, false advertising, and harm and confusion to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct |
| JTX-1603 | 2023 05 01 Cahen Tweet (YUGALABS_00043563) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery and the parties' exchange of exhibit lists   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, promotions, false advertising, and harm and confusion to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct |
| JTX-1604 | 2023 05 09 Cahen Tweet (YUGALABS_00043566) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery and the parties' exchange of exhibit lists   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, false advertising, harm and confusion to consumers, and profits from that conduct

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct and profits from that conduct |
| JTX-1605 | Cahen Twitter Header (YUGALABS_00043568) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Defendants' related conduct, false advertising, and harm and confusion to consumers

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants own statements regarding their conduct |
| JTX-1606 | TTAB Opposition (No  91278161) against BORED APE (YUGALABS_00043570 - YUGALABS_00043572) | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1607 | TTAB Opposition (No  91280387) against BORING APE (YUGALABS_00043574 - YUGALABS_00043576) | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely //////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with a wholly unrelated cryptocurrency ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1608 | TTAB Opposition (No  91282655) against MAYC 2529 (YUGALABS_00043578 - YUGALABS_00043579) | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1609 | TTAB Opposition (No  91282657) against MAYC 2529 (YUGALABS_00043580 - YUGALABS_00043581) | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it has prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections

The Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks

The probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1610 | TTAB Opposition (No 91283579) against BAKED APE (YUGALABS_00043582 - YUGALABS_00043584) | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it as prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1611 | TTAB Opposition (No 91283581) against BAYCED APE (YUGALABS_00043585 - YUGALABS_00043587) | Solano, Muniz | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ////IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue that Yuga voluntarily withdrew ///UP FRE 403: As lacking an relevance, it as prejudicial potential and must be excluded for its undue prejudice | The Exhibit contains material that did not exist until after the close of discovery   Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is relevant to, at least, Yuga Labs' enforcement of its trademarks\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from relevant evidence as to Yuga Labs' enforcement of its trademarks |
| JTX-1612 | Diamond, Shari S , "Reference Guide on Survey Research," in Reference Manual on Scientific Evidence, Third Edition, Federal Judicial Center (YUGALABS_00034060 - YUGALABS_00035094) | O'Laughlin | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///H (FRE 801): This exhibit is hearsay to the extent Yuga intends to introduce it for the truth of the matter asserted  // FRE 702: To the extent this is being used to support the testimony of Ms  O'Laughlin it should be excluded pursuant to Defendants' motion-in-limine ///IR FRE 401, 402: This exhibit is irrelevant to the claims and defenses at issue | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is material relied upon under Rule 703 and made as part of Rule 26 disclosures, and it is therefore not hearsay   The Exhibit is admissible as a commercial publication (Rule 803(17)) and under Rule 807\n\nThe Exhibit is material relied upon under Rule 703 and is relevant to issues in this case   Defendants provide no rebuttal expert and cannot question the reliability of Yuga Labs' expert testimony |
| JTX-1613 | 2023 02 20 Cahen Retweet (rrbayc_bot) (YUGALABS_00043588) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is relevant to, at least, the valuation of Defendants' infringing product, Defendants' promotion of their infringing product, and the harm and confusion to consumers\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and statements |
| JTX-1614 | 2023 02 17 Cahen Retweet (rrbayc_bot) (YUGALABS_00043589) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue as it deals with an issue  ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is relevant to, at least, the valuation of Defendants' infringing product, Defendants' promotion of their infringing product, and the harm and confusion to consumers\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and statements |
| JTX-1615 | 2023 02 24 Cahen Retweet (rrbayc_bot) (YUGALABS_00043590) | Cahen | LR Violation: This exhibit was disclosed after the Parties had already exchanged exhibit lists and objections and therefore is untimely ///IR FRE 401, 402: This exhibit is irrelevant to any of the claims or defenses still at issue ///UP FRE 403: As lacking any relevance, it has prejudicial potential and must be excluded for its undue prejudice | Defendants experienced no prejudice from the timing of disclosure of the publicly available Exhibit that was otherwise known to them   Additionally, disclosure of this Exhibit was more than a month before trial, and Defendants had the time and opportunity to present any valid objections\n\nThe Exhibit is relevant to, at least, the valuation of Defendants' infringing product, Defendants' promotion of their infringing product, and the harm and confusion to consumers\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from Defendants' own actions and statements |
| JTX-1616 | Coingecko, RR/BAYC NFT Floor Price Data (YUGALABS_00033714 - YUGALABS_00033718) | Kindler | ///FRE 401/402: This exhibit is irrelevant to any of the claims or defenses still at issue  /// FRE 403: As lacking any relevance, it is unduly prejudicial | The Exhibit is relevant to, at least, the valuation of Defendants' infringing product and damages\n\nThe probative value of the Exhibit is not "substantially outweighed" by risk of unfair prejudice, if any, to Defendants from information about the profitability and valuation of Defendants' NFT scheme |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-201* | Solano Deposition Exhibit 201- Yuga Labs, Inc 's Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Solano | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-202* | Solano Deposition Exhibit 202- Photo of Bored Ape Yacht Club Logo | Solano | No objection | |
| JTX-203* | Solano Deposition Exhibit 203- Yuga Labs, Inc 's First Supplemental Response to Ryder Ripps' and Jeremery Cahen's First Set of Interrogatories (Nos 1-14), Dec  21, 2022 | Solano | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-204* | Solano Deposition Exhibit 204- Screenshot of Discord chat between @Godhasmy sol and @NGBxBen et al , discussing custom made NGB apes, April 29, 2021 | Solano | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-205* | Solano Deposition Exhibit 205- Photo of Welcome to the Bored Ape Yacht Club homepage | Solano | This exhibit is incomplete and misleading as presented  FRE 106  It is blurry and unreadable  Otherwise, no objection to the Bored Ape Yacht Club homepage | The document is a printout of the BAYC website and is not incomplete |
| JTX-206 | Solano Deposition Exhibit 206- Copy of Yuga Labs LLC Income Statement Jan-Dec  2021, YUGALABS_00029725-YUGALABS_00029725 | Solano | No objection | |
| JTX-207 | Solano Deposition Exhibit 207- Copy of Yuga Labs LLC Income Statement Jan -Nov  2022, YUGALABS_00029724-YUGALABS_00029724 | Solano | No objection | |
| JTX-208* | Solano Deposition Exhibit 208- Tweet from @yugalabs regarding the "outpouring support from our community  ", Jun  24, 2022 | Solano | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-209 | Solano Deposition Exhibit 209- Copy of Bored Ape Yacht Club Terms and Conditions | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106  It is blurry and unreadable | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered  Moreover, it is relevant to the suject of Mr  Ripps and Mr  Cahen's criticsim, which goes to willfulness |
| JTX-210* | Solano Deposition Exhibit 210- Photo of ape with bullets starpped to chest | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented   It is one image out of context of 10,000 images | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-211 | Solano Deposition Exhibit 211- Photo of logo syaing "This logo is based on the SS Totenkopf" | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation in this form  At most this is an objectionable demonstrative  As such, it is irrelevant and prejudicial in its current form as a misleading if introduced as an exhibit  FRE 401, 403, 901<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein  FRE 801, 802, 803 | The RR/BAYC logo is plainly relevant to the case  Mr  Ripps plainly can lay the foundation for the image because he created it  The image is not hearsay if not offered for the truth  Its existence is relevant to Mr  Ripps purpose for creating RR/BAYC which goes to willfulness/damages |
| JTX-212 | Solano Deposition Exhibit 212- Photo comparing the Bored Ape Yacht Club logo to Waffen Totenkopf logo | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   In particular, the court has repeatedly ruled that this litigation is about Defendants' commercial trademark infringement and not about their false claims  Defendants' false claims represented by this exhibit are thus irrelevant and highly prejudicial to Plaintiff<br><br>This exhibit is incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  Solano cannot testify to the foundation or authentication<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation  At most this is an objectionable demonstrative<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein  FRE 801, 802, 803 | The RR/BAYC logo and the BAYC logo together are plainly relevant to the case  Mr  Ripps plainly can lay the foundation for the image because he created it  The image is not hearsay if not offered for the truth  Its existence is relevant to Mr  Ripps purpose for creating RR/BAYC which goes to willfulness/damages |
| JTX-213 | Solano Deposition Exhibit 213- Photo of a pink ape with a gold grill and chain | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented   It is one image out of context of 10,000 images | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-214* | Solano Deposition Exhibit 214- Photo of a grey ape with lasers coming out of it's eyes | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented  It is one image out of context of 10,000 images | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-215* | Solano Deposition Exhibit 215- Email from Simmons to Escalante, Aug  4, 2022 | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Otherwise, Yuga Labs has no objection, subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-216* | Solano Deposition Exhibit 216- Reddit thread "Press F to Pay Respects" | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Investing in crypto is not at issue in this trial | This image is relevant to background relating to investing in crypto |
| JTX-217* | Solano Deposition Exhibit 217- Reddit thread "The Bored Ape Yacht Club-- 10k Ape NFTs @ 1 ETH  Club Opening Soon-- Giveaway Going NOW!" | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Contrary to Defendants' response, this exhibit is not a roadmap for Plaintiff's website  It is an irrelevant Reddit post  Defendants have failed to explain the need to waste the jury's time with this irrelevant information | The BAYC Roadmap is relevant to damages issues in this case, including hte extent to which any damage Yuga suffered is attributable to its own conduct  The roadmap itself is a complete capture of one page from Plaintiff's website  Other pages are in the record, as are numerous other individual webpages  Therefore it is not incomplete |
| JTX-0218* | Solano Deposition Exhibit 218- Reddit thread "Middle of the bell curve is a bad place to be in a buull market dogecoin" | Solano | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Investing in crypto is not at issue in this trial | This image is relevant to background relating to investing in crypto |
| JTX-219* | Muniz Deposition Exhibits 219- Ryder Ripps and Jeremy Cahen's 30(b)(6) Deposition Notice, Dec  9, 2022 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Otherwise, Yuga Labs has no objection, subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-220* | Muniz Deposition Exhibits 220- Yuga Labs, Inc  Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference | Muniz | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-221 | Muniz Deposition Exhibits 221- Ripps,Article criticizing Bored Ape Yacht Club, Jan  2022, RIPPSCAHEN00000408-RIPPSCAHEN00000417 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  In particular, the court has repeatedly ruled that this litigation is about Defendants' commercial trademark infringement and not about their false claims  Defendants' false claims represented by this exhibit are thus irrelevant and highly prejudicial to Plaintiff, including for the reasons set forth in motion in limine number 1  Worse still, Defendants' concession that they are not offering this exhibit for the truth of the matter serves only to prejudice the jury to rule not on the facts but instead on Defendants' bad faith claims<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Yuga posted articles that BAYC has problematic imagery   /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-222* | Muniz Deposition Exhibits 222- Yuga Labs, Inc 's First Supplemental Response to Ryder Ripps and Jeremy Cahen's First Set of Interrogatories (NOS  1-14), Dec  21, 2022 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-223* | Muniz Deposition Exhibits 223- BAYC webpage titled "Welcome to the Bored Ape Yacht Club" | Muniz | No objection | |
| JTX-224 | Muniz Deposition Exhibits 224- Bored Ape Yacht Club webpage with Ape #150 , RIPPSCAHEN00000310-RIPPSCAHEN00000311 | Muniz | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-225 | Muniz Deposition Exhibits 225- Bored Ape Yacht Club webpage with Ape #3721, RIPPSCAHEN00000312-RIPPSCAHEN00000313 | Muniz | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-226* | Muniz Deposition Exhibits 226- Bored Ape Yacht Club webpage on OpenSea with Ape #4968, RIPPSCAHEN00000316-RIPPSCAHEN00000317 | Muniz | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-227* | Muniz Deposition Exhibits 227- United States Patent and Trademark Office webpage with word mark "Ape" | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants appear to acknowledge that this exhibit is irrelevant | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-230 | Muniz Deposition Exhibits 230- Terms and Conditions of Bored Ape Yacht Club | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that any transference of copyright rights is not at issue in this trademark litigation and rejected the Defendants' defenses  The Defendants cannot continue to relitigate settled issues<br><br>Defendants' continued reference to the terms of conditions and misleading of the jury regarding settled issues will serve to only waste time during the trial and mislead the jury regarding irrelevant issues | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered  Moreover, it is relevant to the suject of Mr  Ripps and Mr  Cahen's criticism, which goes to willfulness |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-231* | Muniz Deposition Exhibits 231- @tsf, How Four Friends Sold $2 8M Worth of Bored Apes In Less Than 24 Hours on the Blockchain, May 6, 2021 | Muniz | No objection | Relevance: The document is plainly relevant to background of the BAYC project and to RR/BAYC and the reasons for its creation /// Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, such as to provide context for Yuga's business and place in the market |
| JTX-232* | Muniz Deposition Exhibits 232- Photo of ape wearing a "BAYC" hat on, YUGALABS_00026336- YUGALABS_00026336 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No_5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-233* | Muniz Deposition Exhibits 233- Photo of ape with aviator hat on, YUGALABS_00026375- YUGALABS_00026375 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No_5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented | This is an image associated with a BAYC NFT which was sold using the asserted marks  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| JTX-234 | Muniz Deposition Exhibits 234- Grandpa Ape Country Club homepage on OpenSea | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No_3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-235 | Muniz Deposition Exhibits 235- Bored Ape Solana Club homepage on OpenSea | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No_3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-236* | Muniz Deposition Exhibits 236- Bored Yacht Ape Club homepage on OpenSea | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No_3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | This is the BAYC page from Opensea  It is plainly relevant to issues including damages and willfulness  The document represents a complete webpage from opensea and is not incomplete  Ms  Muniz can plainly lay foundation for the secondary sale location for Yuga's "flagship" product  The document contains statements by a party opponent and can be offered for a non hearsay purpose such as general background without offering the document for its truth |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-237* | Muniz Deposition Exhibits 237- Bored Ape Yacht Club T-shirt design | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D Cal Oct 7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without context of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-238 | Muniz Deposition Exhibits 238- Yuga Labs LLC Income Statement from Jan-Dec 2021, YUGALABS_00029725-YUGALABS_00029725 | Muniz | No objection | |
| JTX-239 | Muniz Deposition Exhibits 239- Yuga Labs LLC Income Statement from Jan-Nov 2022, YUGALABS_00029724-YUGALABS_00029724 | Muniz | No objection | |
| JTX-240 | Muniz Deposition Exhibits 240- ApeCoinNFT homepage on OpenSea | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D Cal. Oct. 7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception. The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-241 | Muniz Deposition Exhibits 241- Transaction details of Block 14399761 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. The court has already ruled that Yuga Labs has not abandoned its trademarks and rejected the Defendants' defenses. It would waste the court's time to continue to relitigate settled issues | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages |
| JTX-242 | Muniz Deposition Exhibits 242- Copyright Assignment and Enforcement Agreement , YUGALABS 00029252-YUGALABS_00029255 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception. The document can also be used for a non-hearsay purpose, namely the fact of a separate opensea page for the Apecoin logo |
| JTX-244* | Muniz Deposition Exhibits 244- Bored Ape Yacht Club homepage on OpenSea | Muniz | No objection | |
| JTX-245* | Muniz Deposition Exhibits 245- @swensonk7, That's Hot: Paris Hilton Joined The Bored Ape Yacht Club, Feb. 8, 2022 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that Yuga Labs' relationships with celebrities are not at issue in this trademark litigation and rejected the Defendants' defenses. The Defendants cannot continue to relitigate settled issues

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803 | Relevance: Yuga's engagement of celebrities is relevant to the nature of its brand as well as alternative sourcesof harm, which are relevant to damages /// Hearsay: The document can be offered for a non-hearsay purpose, namely that articles were written about celebrity endorsements for BAYC |
| JTX-247* | Muniz Deposition Exhibits 247- Contract Source Code by BoredApeYachtClub | Muniz | No objection | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-248* | Muniz Deposition Exhibits 248- Screenshot of #7454 within the Bored Ape Yacht Club listed for 30 ETH, RIPPSCAHEN00013346-RIPPSCAHEN00013346 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  It is a confusing match up of multiple images into a single document<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation  FRE 106, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  At most this could be a demonstrative of a separate exhibit  But it is not an evidence standing alone | Relevance: The price at which RR/BAYCs were sold on the secondary market is relevant to damages  The document is not incomplete because it shows the relevant portions of a foundation page  Ms  Muniz is aware of secondary sales of RR/BAYC as evidenced by her depostiion testimony and can lay an appropriate foundation |
| JTX-249 | Muniz Deposition Exhibits 249- Photo of Apes #6969 and #832 with Ryder Ripps artwork agreement | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has already ruled that the Defendants intentionally infringed and did confuse consumers regardless of the disclaimer<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to each consumers at the time of purchase  FRE 106, 901, 403  In particular the image as shown was not shown to each consumer at the time of purchase  At most this could be a demonstrative of a separate exhibit  But it is not an evidence standing alone | Mr  Ripps disclaimer statement goes directly to willfulness and damages issues |
| JTX-250* | Muniz Deposition Exhibits 250- Copy of a chat log from June 29, 2022 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has already ruled that the Defendants intentionally infringed and  did confuse consumers regardless of the disclaimer  Additionally, these communications appear to have occurred after Plaintiff filed the litigation and are reactive to the litigation  The post-hoc reasoning, does not negate that consumers were confused  As such, the probative value of this misleading exhibit of unknown commenters outweighs any minimal relevance and would be a waste of time for the jury<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation, including in that it appears to remove chats from individuals who were confused  FRE 106, 611(a) | This document goes directly to the extent of the confusion and extent of harm to Yuga, which is a damages issue  The document will not be offered for the truth, but rather the state of mind of consumers |
| JTX-251* | Atalay Deposition Exhibit 251 - Yuga Labs, Inc 's Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Atalay | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-252* | Atalay Deposition Exhibit 252 - Screenshot of webpage page titled "Welcome to the Bored Ape Yacht Club" | Atalay | No objection | |
| JTX-253* | Atalay Deposition Exhibit 253 - Tweet from @BoredApeYC saying "The Bored Ape Yacht Club #NFT Pre-Sale is now LIVE!" | Atalay | No objection | |
| JTX-254* | Atalay Deposition Exhibit 254 - Screenshot of "Roadmap Activations" from boredapeyachtclub com | Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Defendants have no evidence that Yuga Labs' website or roadmap contributed any harm  Defendants' false conspiracies have already been rejected, and to relitigate this issue would be a significant waste of the parties', Court's and jury's time to assess irrelevant, false, and unsupported claims<br><br>This exhibit is incomplete and misleading as presented  FRE 106  It is missing other pages from the website | The BAYC Roadmap is relevant to damages issues in this case, including hte extent to which any damage Yuga suffered is attributable to its own conduct  The roadmap itself is a complete capture of one page from Plaintiff's website  Other pages are in the record, as are numerous other individual webpages  Therefore it is not incomplete |
| JTX-255* | Atalay Deposition Exhibit 255 - Screenshot of tweet from "yugalabs" regarding the "outpouring support from our community  " | Atalay | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-256* | Oseary Deposition Exhibit 256- Guy Oseary Subpoena to Testify at a Deposition in a Civil Action, Oct  11, 2022 | Oseary | No objection | |
| JTX-257* | Oseary Deposition Exhibit 257- Guy Oseary Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action | Oseary | No objection | |
| JTX-258* | Oseary Deposition Exhibit 258- Article about Guy Oseary | Oseary | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-259* | Oseary Deposition Exhibit 259- @guyoseary, AIP-36: Guy Oseary as ApeCoin Treasurer -Ecosystem Fund Allocation, May 12, 2022 | Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt  225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-260* | Oseary Deposition Exhibit 260- Yuga Labs, Inc 's Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Oseary | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-261* | Oseary Deposition Exhibit 261- Hissong, How Four NFT Novices Created a Billion-Dollar Ecosystem of Cartoon Apes, Nov 1, 2021 | Oseary | No objection | |
| JTX-262* | Oseary Deposition Exhibit 262- Ryder Ripps and Jeremy Cahen's Answer, Defenses, and Counterclaims to Complaint, Dec 27, 2022 | Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence | |
| JTX-263* | Oseary Deposition Exhibit 263- Tweet from @guyoseary saying "I'm proud and grateful to be a contributor to ApeCoin" | Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id  at 9, eliminating any potential relevance for this exhibit

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-264 | Oseary Deposition Exhibit 264- Webpage of ApeCoinNFT on OpenSea by 3c2B43 | Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id  at 9, eliminating any potential relevance for this exhibit

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-265* | Oseary Deposition Exhibit 265- Tweet from @yugalabs saying "The outpouring of support from our community today  ", June 24, 2022 | Oseary | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-266* | Aronow Deposition Exhibit 266- Aronow, Setting the Record Straight, Feb  9, 2023 | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally no objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document, and depending on the outcome of Plaintiff's motion in limine no  1 | |
| JTX-267* | Aronow Deposition Exhibit 267 - Wave, The (Potential) Origins of the Name "Yuga Labs", Jul  12, 2022 | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The origin of the name Yuga Labs is not at issue in this litigation, and Defendants have yet to explain any relevance  Even still, any relevance would be substantially outweighed by the waste of time and prejudice to the Yuga Labs through Defendants sideshows

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Foundation/Incompleteness:  Yuga's founders have personal knowledge about the origin of the name Yuga and can testify as to that relative to the contents of this document   The document is not incomplete as it is a complete copy of the online article  /// Relevance  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill  /// Hearsay: The document is not being offered for the truth of the matter asserted, but the fact that others have raised concerns about the origin of Yuga's name |
| JTX-268* | Aronow Deposition Exhibit 268 - Screenshot of reddit page discussing the "artist formerly known as hotpot" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants false, heinous, and irrelevant attacks on religion have no place in this trial about their intentional confusion of consumers  Plaintiff reserves the right to seek sanctions if Defendants continue to pursue overtly irrelevant, confusing, and misleading tactics at trial

Defendants have failed to establish any relevance of this exhibit to this trial, or their infringing use of the BAYC Marks | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-269* | Aronow Deposition Exhibit 269- Screenshot of "Kali Yuga Surfing Club" channel | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants false, heinous, and irrelevant attacks on religion have no place in this trial about their intentional confusion of consumers  Plaintiff reserves the right to seek sanctions if Defendants continue to pursue overtly irrelevant, confusing, and misleading tactics at trial<br><br>Defendants have failed to establish any relevance of this exhibit to this trial, or their infringing use of the BAYC Marks | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-270* | Aronow Deposition Exhibit 270 - Yuga Labs, Inc.'s Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Aronow | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-271* | Aronow Deposition Exhibit 271 - Photo of "Bored Ape Yacht Club" logo | Aronow | No objection | |
| JTX-272* | Aronow Deposition Exhibit 272 - Yuga Labs, Inc.'s First Supplemental Response to Ryder Ripps' and Jermey Cahen's First Set of Interrogatories (Nos. 1-14), Dec. 21, 2022 | Aronow | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-273* | Aronow Deposition Exhibit 273 - Screenshot of reddit page "Bored Ape Yacht Club" discussing custom made NGB apes | Aronow | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-274* | Aronow Deposition Exhibit 274 - Screenshot of "Welcome to the Bored Ape Yacht Club" webpage | Aronow | No objection | |
| JTX-275* | Aronow Deposition Exhibit 275 - Bored Ape Yacht Club webpage with Ape #150, RIPPSCAHEN00000310-RIPPSCAHEN00000311 | Aronow | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-276* | Aronow Deposition Exhibit 276 - Screenshot of "Bored Ape Yacht Club" webpage with #3271 priced at $141,542.76, RIPPSCAHEN00000312-RIPPSCAHEN00000313 | Aronow | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-277* | Aronow Deposition Exhibit 277 - Screenshot of "Bored Ape Yacht Club" webpage with #4968 with an offer of $125,823.70, RIPPSCAHEN00000316-RIPPSCAHEN00000317 | Aronow | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-278* | Aronow Deposition Exhibit 278 - Screenshot of deleted tweets for "pushthebully" | Aronow | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants objection response is frivolous and demonstrates their failure to engage with the facts of the case  A Twitter account that pre-existed the creation of Yuga Labs is wholly irrelevant to this trial | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-279* | Aronow Deposition Exhibit 279 - Screenshot of tweet from "pushthebully" saying "this is so good" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants objection response is frivolous and demonstrates their failure to engage with the facts of the case  A Twitter account that pre-existed the creation of Yuga Labs is wholly irrelevant to this trial | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-280* | Aronow Deposition Exhibit 280 - Tweet from @yugalabs regarding the "outpouring support from our community.", Jun. 24, 2022 | Aronow | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-281* | Aronow Deposition Exhibit 281 - Screenshot of webpage on OpenSea titled "Grandpa Ape Country Club" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation   FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

68

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-282* | Aronow Deposition Exhibit 282 - Screenshot of webpage on OpenSea titled "Bored Ape Solana Club" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-283 | Aronow Deposition Exhibit 283 - Photos of "Bored Ape Yacht Club" t-shirt designs | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-284 | Aronow Deposition Exhibit 284 - Photo of "Half Baycd" pass | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-285 | Aronow Deposition Exhibit 285 - Photo of "Bored Ape Wear" Logo | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-286 | Aronow Deposition Exhibit 286 - Screenshot of google search and description of "Bored Ape Wear: Bored Ape Yacht Club" website | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and thus Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-287 | Aronow Deposition Exhibit 287 - Screenshot of apeswap finance homepage | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and thus Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-288 | Aronow Deposition Exhibit 288 - Screenshot of "Bored Ape Yacht Club" webpage with "OFFICIAL Shouting Bored Ape Yacht Club" #2344 | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and thus Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-289 | Aronow Deposition Exhibit 289 - Screenshot of webpage on OpenSea titled "Bestt Boredd Apee Yacht Clubb" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and thus Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-290* | Aronow Deposition Exhibit 290 - Screenshot of webpage on OpenSea titled "Bored Ape Yacht Club" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-291* | Aronow Deposition Exhibit 291 - Screenshot of webpage on OpenSea titled "JRs Bored Ape Yacht Club  Crew" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-292 | Aronow Deposition Exhibit 292 - Screenshot of bascado net and the homepage "Bored Ape Solana Club" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-293 | Aronow Deposition Exhibit 293 - Screenshot of "Bored Ape Tron Club" Minting Event homepage | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-294 | Aronow Deposition Exhibit 294 - Screenshot of webpage on OpenSea with ApeCoin NFT | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: / Hearsay: The document is an opensea printout and is not incomplete  // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-295* | Aronow Deposition Exhibit 295 - Coinbase, What is ApeCoin?, 2023 | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO ///  Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-296 | Aronow Deposition Exhibit 296 - Terms and Conditions of Bored Ape Yacht Club | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403 | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered  Moreover, it is relevant to the suject of Mr Ripps and Mr Cahen's criticism, which goes to willfulness |
| JTX-297* | Aronow Deposition Exhibit 297 - @topshotfund, How Four Friends Sold $2 8M Worth of Bored Apes in Less than 24 Hours on the Blockchain, May 6, 2021 | | No objection | Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception  The document can also be used for a non-hearsay purpose, such as to provide context for Yuga's business and place in the market |
| JTX-298* | Aronow Deposition Exhibit 298 - Screenshot of webpage on OpenSea titled "BoredApeYachtClub" #3721 | Aronow | subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-299* | Aronow Deposition Exhibit 299 - Screenshot of lookstrare org with ape #3721 | Aronow | This exhibit is incomplete and misleading as presented  FRE 106  Defendants have modified the exhibit to hide and obscure their infringement as they have admitted during depositions  For those reasons, the exhibit as is, is further misleading and objectionable under FRE 403 | The nature of the objection is unclear as written; Defendants are willing to meet and confer to discuss the substance |
| JTX-300* | Berger Deposition Exhibit 01- Yuga Labs, Inc v Ripps, Expert Report of Professor Jonah Berger, Feb 6, 2023 | Berger | No objection | |
| JTX-301* | Berger Deposition Exhibit 03 - Photo of "Bored Ape Yacht Club" logo | Berger | No objection | |
| JTX-302* | Berger Deposition Exhibit 04 - Photo of logo labeled "waffen totenkopf" with a skull in the middle | Berger | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit contains nonparty data for which there is no foundation or authentication FRE 602, 901   This is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation | The SS Totenkopf logo goes directly to the purpose for RR/BAYC, criticisms of Yuga, and damages and willfulness issues generally |
| JTX-303 | Berger Deposition Exhibit 05 - Photo of "Bored Ape Yacht Club" logo compared to "Waffen Totenkopf" logo | Berger | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901   This is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation  This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein  FRE 801, 802, 803 | The SS Totenkopf logo (and its comparison to the BAYC logo) goes directly to the purpose for RR/BAYC, criticisms of Yuga, and damages and willfulness issues generally |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-304* | Berger Deposition Exhibit 07 - Search results of "bored ape yacht club" on OpenSea | Berger | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-305* | Berger Deposition Exhibit 09 - Chen and Berger, When, Why, and How Controversy Causes Conversation, Oct  2013 | Berger | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-306* | Berger Deposition Exhibit 22 - Bellany et al , Cryptocurrencies Melt Down in a 'Perfect Storm' of Fear and Panic, May, 12, 2022 | Berger | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have no expert testimony to demonstrate harm from sources other than themselves  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Hearsay: The document is not being offered for the truth, but only for the existence of commentary on the decline in crypto prices |
| JTX-307 | Berger/Cahen Deposition Exhibit 28 - Goncharenko, Bored Apes desecrated a famous piece of New York graffiti art, July 18, 2022 | Berger | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand  Defendants' random allegations and conspiracy theories cannot support a relevance argument  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the controversy surrounding the NYC artowkr // Incomplete: The document is a fully incorporated news article and is not incomplete  /// Hearsay: The document is not being offered for the truth, but shows |
| JTX-308* | Kindler Deposition Exhibit 01- Expert Report of Lauren R  Kindler, Feb  6, 2023 | Kindler | No objection | |
| JTX-309* | Kindler Deposition Exhibit 02- Tweet from @ryder_ripps discussing the Ryder Ripps Ape #8774, YUGALABS_00000535-YUGALABS_00000535 | Kindler | No objection | |
| JTX-310* | O'Laughlin Deposition Exhibit 01- Expert Report of Laura O'Laughlin, Feb  6, 2023 | O'Laughlin | No objection | |
| JTX-311 | O'Laughlin Deposition Exhibit 02- Tweet from @streetoshi saying "I bought an rr bayc because I thought it was made by yuga", June 21, 2022, YUGALABS_00015411-YUGALABS_00015411 | O'Laughlin | No objection | |
| JTX-312 | O'Laughlin Deposition Exhibit 03- Tweet from @streetoshi replying to @yugalabs and @ryder_ripps, RIPPSCAHEN00015349-RIPPSCAHEN00015349 | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The context of Defendants' implied meaning is not even clear from the excerpt  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | As set forth in Ms  O'Laughlin's deposition transcript, this exhibit is relevant to alternative sources of harm to Yuga, namely the problematic nature of some of the Ape images  The twwet is hearsay subject to an exception because it is offered for its effect on the listener  Moreover, teh tweet can also be offered for a non-hearsay purpose, such as to show the existence of tweets criticizing Yuga labs |
| JTX-313* | O'Laughlin Deposition Exhibit 04- Chen, Ryder Ripps: An Artist of the Internet, July 8, 2014, RIPPSCAHEN00000870-RIPPSCAHEN00000870 | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Nearly decade old articles about the Defendant have zero to minimal probative value  Even if Defendant considers himself an artist, that is not a license to confuse consumers or steal Yuga Labs' trademark rights  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Mr  Ripps stature as an artist goes directly to willfulness among other issues  The article can be offered for a nonhearsay purpose, such as that there are articles stating that Mr  Ripps is an artist |
| JTX-314* | O'Laughlin Deposition Exhibit 05- O'Laughlin et al , Which Method is for you? Not All Surveys Are Made the Same | O'Laughlin | No objection | |
| JTX-315* | O'Laughlin Deposition Exhibit 06- Yuga Labs, Inc  Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference | O'Laughlin | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-316* | O'Laughlin Deposition Exhibit 07- Letter from RR/BAYC website from Ryder Ridds discussing CryptoPunk #3100, June 14, 2021 | O'Laughlin | No objection | |
| JTX-317* | O Laughlin Deposition Exhibit 08- Screenshot of ApeCoin logo | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id  at 9, eliminating any potential relevance for this exhibit

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible fordamages  /// Incomplete: Whether the logo is spinning is not material to any issue in this case |
| JTX-318* | O'Laughlin Deposition Exhibit 09- Homepage of Grandpa Ape Country Club on OpenSea with updated items | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market  /// Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-319* | O'Laughlin Deposition Exhibit 10- Webpage of Bored Ape Yacht Club on OpenSea with Ape listed for 0 05 ETH | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market  /// Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-320* | O'Laughlin Deposition Exhibit 11-Webpage of #The Best Boredd Apee Yacht Clubb on OpenSea with updated items | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market  /// Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on the listener |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-401* | Ehrlund Deposition Exhibit 401- Plaintiff Yuga Labs, Inc 's Supplemental Initial Disclosures, Feb  22, 2023 | Ehrlund | No objection | |
| JTX-402* | Ehrlund Deposition Exhibit 402- Yuga Labs, Inc 's Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Ehrlund | This exhibit is incomplete and misleading as presented  FRE 106  Exhibit A to the complaint is missing from this exhibit | Incomplete: Because this is a deposition exhibit, we propose leaving as is, but if the Complaint is used for any purpose outside of displaying it alongside the deposition, the parties should use the full Complaint with all exhibits |
| JTX-403* | Ehrlund Deposition Exhibit 403- Grandpa Ape Country Club homepage on OpenSea with total volume, floor price, and best offer | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-404* | Ehrlund Deposition Exhibit 404- Bored Ape Solana Club page with list of apes filtered by "Hip hop" | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-405* | Ehrlund Deposition Exhibit 405- Superplastic BAYC flyer with images of apes wearing sailor hats | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-406 | Ehrlund Deposition Exhibit 406- Bored Ape Wear- Officially Licensed BAYC Merch logo | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-407 | Ehrlund Deposition Exhibit 407- Google search result of "Bored Ape Wear: Bored Ape Yacht Club" | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-408 | Ehrlund Deposition Exhibit 408- Photo of several "Ape Water" cans | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-409 | Ehrlund Deposition Exhibit 409- Homepage of apeswap finance with "Total Value Locked $72,368,012 and Market Cap $12,557,182" | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-410 | Ehrlund Deposition Exhibit 410- "Welcome all Apes" webpage discussing "$Banana meme sharing fiesta" | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-411 | Ehrlund Deposition Exhibit 411- Webpage of Bored Ape Tron Club with minting event information | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-412* | Ehrlund Deposition Exhibit 412- Bored Ape Yacht Club page on OpenSea with Ape priced at 0.05 ETH | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |
| JTX-413* | Ehrlund Deposition Exhibit 413- Webpage titled "#The Bestt Boredd Apee Yacht Clubb" with various Apes for sale, created Feb. 2022 | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-414 | Ehrlund Deposition Exhibit 414- Photo of "Bored Coffee #9006 Rise and Grind" with Bored Coffee mug | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403 and 602, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation   FRE 401, 402   This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt  225 at 10   Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce   See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation   FRE 602   Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales   See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent its statements are proffered for the truth of the matter asserted   FRE 801, 802, 803   See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court   FRE 403   Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent   But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks |
| JTX-2000 | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 1 - March 21, 2022 Yuga Letter of Authorization for Appdetex, YUGALABS_00027407-YUGALABS_00027412 | Muniz | No objection | This document is relevant as Yuga has indicated they might consider claiming these expenditures in damages |
| JTX-2001* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 6 - Ethereum blockchain smart contract for RRBAYC Foundation, YUGALABS_00040355-YUGALABS_00040355 | Atalay, Ripps, Cahen, Muniz | No objection | The exhibit is not misleading  It contains appdetex invoices that are relevant to damages |
| JTX-2002* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 7 - Ethereum blockchain smart contract containing RRBAYC NFTs, YUGALABS_00030081-YUGALABS_00030082 | Atalay, Ripps, Cahen, Muniz, Lehman, Hickman | No objection | This is just an etherscan page, there is nothing misleading about it |
| JTX-2003* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 12 - Yuga's website About page, YUGALABS_00030223-YUGALABS_00030230 | Atalay, Aronow, Solano, Muniz, Oseary, Ripps, Cahen, Lehman, Hickman | No objection | This is just a webpage and there is nothing misleading about it |
| JTX-2004* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 16 - Yuga Labs OpenSea listing page, YUGALABS_00027531-YUGALABS_00027531 | Atalay, Aronow, Solano, Muniz, Oseary, Ripps, Cahen, Lehman, Hickman | No objection | This is just a webpage and there is nothing misleading about it |
| JTX-2005* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 25 - Declaration of Ripps in Support of Anti-SLAPP Motion to Strike, Dismiss, Aug  31, 2022 | Muniz, Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is inadmissible hearsay pursuant to FRE 801 and 803 | Document contains relevant information about a variety of topics  Nothing misleading about the document |
| JTX-2006* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 58 - RRBAYC Foundation Webpage, YUGALABS_00030348-YUGALABS_00030348 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2007* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 59 - RRBAYC Foundation app Mobile Page, YUGALABS_00030346-YUGALABS_00030346 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2008* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 61 - BAYC Foundation app Google Search, YUGALABS_00015439-YUGALABS_00015439 | Muniz | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2009* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 63 - LooksRare Webpage, June 22, 2022, YUGALABS_00030072-YUGALABS_00030072 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2010* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 64 - LooksRare Webpage, January 5, 2023, YUGALABS_00030112-YUGALABS_00030112 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2011* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 65 - x2y2 Webpage, June 23, 2022, YUGALABS_00002279-YUGALABS_00002326 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2012 | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 77 - Twitter post by Ripps, May 24, 2022, YUGALABS_00029886-YUGALABS_00029888 | Ripps, Cahen, Lehman, Muniz, Hickman | No objection | Nothing about these exhibits is misleading   To the extent that the inclusion of slipsheet or ECF headers is a problem, they can be removed |
| JTX-2013* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 109 - Notice of Abandonment 97106855 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Defendants will only seek to introduce this evidence if Yuga asserts the Ape Mark, since its registration has been abandoned |
| JTX-2014* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 110 - Record of Abandonment 97106855, RIPPSCAHEN00020732-RIPPSCAHEN00020733 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Defendants will only seek to introduce this evidence if Yuga asserts the Ape Mark, since its registration has been abandoned |
| JTX-2015* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 111 - Trademark Application 90739977, RIPPSCAHEN00023102-RIPPSCAHEN00023195 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2016* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 112 - Trademark Application 90739987, RIPPSCAHEN00023196-RIPPSCAHEN00023310 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2017* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 113 - Trademark Application 90739994, RIPPSCAHEN00023311-RIPPSCAHEN00023405 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2018* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 114 - Trademark Application 90837138, RIPPSCAHEN00023406-RIPPSCAHEN00023489 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2019* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 115 - Trademark Application 90903954, RIPPSCAHEN00023543-RIPPSCAHEN00023607 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2020* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 116 - Trademark Application 97132870, RIPPSCAHEN00024142-RIPPSCAHEN00024249 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2021* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 117 - Trademark Application 97132874, RIPPSCAHEN00024250-RIPPSCAHEN00024379 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2022* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 118 - Trademark Application 97132877, RIPPSCAHEN00024380-RIPPSCAHEN00024487 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2023* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 119 - Trademark Application 97132880, RIPPSCAHEN00024488-RIPPSCAHEN00024614 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2024* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 120 - Trademark Application 97313551, RIPPSCAHEN00024927-RIPPSCAHEN00024928 | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit   Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | As discussed during our teleconference concerning MILs, Defendants will offer evidence concerning trademark oppositions only if Yuga opens the door by offering its own trademark registrations |
| JTX-2025 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 121 - Email from Lallement to RRBAYC, May 24, 2022, RIPPSCAHEN00001370-RIPPSCAHEN00001370 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2026 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 122 - Email from Jindo to RRBAYC, May 30, 2022, RIPPSCAHEN00001410- RIPPSCAHEN00001410 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2027 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 123 - Email from Ape I9 to RRBAYC, June 20, 2022, RIPPSCAHEN00001485- RIPPSCAHEN00001485 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2028 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 124 - Email from Washington to RRBAYC, June 20, 2022, RIPPSCAHEN00001496- RIPPSCAHEN00001496 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2029 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 125 - Email from Tenneti to RRBAYC, June 20, 2022, RIPPSCAHEN00001500- RIPPSCAHEN00001500 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2030 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 126 - Email from Lopez to RRBAYC, June 20, 2022, RIPPSCAHEN00001509- RIPPSCAHEN00001509 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2031 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 127 - Email from Biermann to RRBAYC, June 20, 2022, RIPPSCAHEN00001517- RIPPSCAHEN00001517 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2032 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 128 - Email from Hefte to RRBAYC, June 20, 2022, RIPPSCAHEN00001558- RIPPSCAHEN00001558 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2033 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 129 - Email from Andriske to RRBAYC, June 20, 2022, RIPPSCAHEN00001577- RIPPSCAHEN00001577 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2034 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 130 - Email from Masini to RRBAYC, June 21, 2022, RIPPSCAHEN00001622- RIPPSCAHEN00001622 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2035 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 131 - Email from Attar to RRBAYC, June 21, 2022, RIPPSCAHEN00001655- RIPPSCAHEN00001655 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2036 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 132 - Email from Bailey to RRBAYC, June 21, 2022, RIPPSCAHEN00001687- RIPPSCAHEN00001687 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2037 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 133 - Email from Michael W  to RRBAYC, June 22, 2022, RIPPSCAHEN00001737- RIPPSCAHEN00001737 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2038 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 134 - Email from Stringle to RRBAYC, June 25, 2022, RIPPSCAHEN00001786-RIPPSCAHEN00001786 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2039 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 135 - Email from Winterstein to RRBAYC, June 21, 2022, RIPPSCAHEN00001869-RIPPSCAHEN00001869 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness |
| JTX-2040* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 136 - Christopher, SEC Investigates Yuga Labs' Offering of Unregistered Securities, Dec  10, 2022, RIPPSCAHEN00015992-RIPPSCAHEN00015993 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403  This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |
| JTX-2041* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 137 - CoinTelegraph, Bored Ape Creators and Other NFT Projects Investigated by SEC Probe, Oct  12, 2022, RIPPSCAHEN00016204-RIPPSCAHEN00016208 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403  This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |
| JTX-2042* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 138 - Villa, SEC to Probe Bored Ape Yacht Club's Parent Company, Yuga Labs, Over Web3 Offerings, Oct  13, 2022, RIPPSCAHEN00016955-RIPPSCAHEN00016956 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403  This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |
| JTX-2043* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 138 - Robinson, Bored-Ape Creator Yuga Labs Faces SEC Probe Over Unregistered Offerings, Oct  13, 2022, RIPPSCAHEN00017064-RIPPSCAHEN00017065 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value  FRE 403  This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed  FRE 401, 402, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2044* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 140 - Irwin, ApeCoin Launches for Bored Ape Ethereum NFT Holders with Reddit, FTX, Animoca Execs on Board, Mar 16, 2022, RIPPSCAHEN00025221-RIPPSCAHEN00025229 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it shows public information about benefits provided to BAYC holders, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2045* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 141 - Twitter Profile of Ryder Ripps, RIPPSCAHEN00000866-RIPPSCAHEN00000869 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant as it shows public information about Defendant Ripps, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in creating art and has an expectation that his work is received as art //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2046* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 142 - ApeCoin Webpage, RIPPSCAHEN00025244-RIPPSCAHEN00025244 | Muniz, Aronow, Atalay, Oseary, Solano, Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it shows public information about the use of BAYC Marks before Yuga's first use, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a  public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2047 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 143 - All Apes Webpage, RIPPSCAHEN00025245-RIPPSCAHEN00025245 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant as it shows public information about the use of BAYC Marks before Yuga's first use, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a  public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2048 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 144 - Pixel Apes Opensea Page, RIPPSCAHEN00025325-RIPPSCAHEN00025329 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Without evidence of actual use, the relevance of any alleged third party use is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant as it shows public information about the use of BAYC Marks before Yuga's first use, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2049 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 145 - ApeCoin Transaction, RIPPSCAHEN00020734-RIPPSCAHEN00020734 | Ripps, Cahen, Hickman, Muniz, Oseary, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it shows public information on etherscan about the transfer of rights in BAYC Marks to the ApeCoin DAO, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show effect on the listener, and not for the truth of the matter asserted |
| JTX-2050* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 146 - ApeCoin OpenSea Page, RIPPSCAHEN00020735-RIPPSCAHEN00020736 | Ripps, Cahen, Hickman, Muniz, Oseary, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it shows public information on an NFT transfer that purports to transfer rights in BAYC Marks to the ApeCoin DAO, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website: This document is not hearsay as it is being used to show effect on the listener, and not for the truth of the matter asserted |
| JTX-2051* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 147 - ApeCoin Price, RIPPSCAHEN00025312-RIPPSCAHEN00025312 | Ripps, Cahen, Hickman, Lehman, Oseary, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 The Court also specifically held "Yuga did not license any trademark rights to the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it shows public information about the value of benefits provided to BAYC holders, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2052* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 151 - Bored Ape Tron Club, RIPPSCAHEN00020821-RIPPSCAHEN00020824 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2053* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 152 - Grandpa Ape Country Club, RIPPSCAHEN00020919-RIPPSCAHEN00020919 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2054* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 153 - Bored ape yacht clubs, RIPPSCAHEN00025210-RIPPSCAHEN00025211 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |
| JTX-2055 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 154 - Bored Ape Slave, RIPPSCAHEN00025252-RIPPSCAHEN00025253 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website //Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2056 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 155 - Bored Ape Solana Club OpenSea, RIPPSCAHEN00025254-RIPPSCAHEN00025259 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless" Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2057* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 156 - SslUdGmuLw Collection, RIPPSCAHEN00025260-RIPPSCAHEN00025261 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless" Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2058* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 157 - I6O0QyVjmt OpenSea Collection, RIPPSCAHEN00025262-RIPPSCAHEN00025263 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless" Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2059* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 158 - I6O0QyVjmt Ape #2170, RIPPSCAHEN00025299-RIPPSCAHEN00025303 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless" Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2060* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 159 - Bored Yacht Ape Club OpenSea, RIPPSCAHEN00025282-RIPPSCAHEN00025283 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2061* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 160 - Bored Ape Cousins OpenSea, RIPPSCAHEN00025284-RIPPSCAHEN00025286 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2062* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 161 - Untitled Collection 124763295, RIPPSCAHEN00025289-RIPPSCAHEN00025290 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2063* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 162 - Boredapes Yacht Club NFTs OpenSea, RIPPSCAHEN00025287-RIPPSCAHEN00025288 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2064* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 163 - Untitled Collection #194427640, RIPPSCAHEN00025291-RIPPSCAHEN00025292 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2065* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 164 - Untitled Collection #204722463, RIPPSCAHEN00025293-RIPPSCAHEN00025294 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2066* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 165 - Untitled Collection #246284442, RIPPSCAHEN00025295-RIPPSCAHEN00025296 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2067* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 166 - TradeCenter Collection OpenSea, RIPPSCAHEN00025346-RIPPSCAHEN00025348 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2068* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 167 - TradeCenter Ape #12, RIPPSCAHEN00025297-RIPPSCAHEN00025298 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v  Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2069* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 168 - Untitled Collection #124763295, RIPPSCAHEN00025289-RIPPSCAHEN00025290 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v  Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2070* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 169 - MineablePunk Collection OpenSea, RIPPSCAHEN00025319-RIPPSCAHEN00025324 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v  Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2071* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 170 - MineablePunk Ape #7591, RIPPSCAHEN00025306-RIPPSCAHEN00025307 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v  Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-2072* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 171 - MineablePunk Ape #12571, RIPPSCAHEN00025308-RIPPSCAHEN00025309 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. /// Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2073* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 172 - Bored Ape Violet Collection, RIPPSCAHEN00025310-RIPPSCAHEN00025311 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. /// Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2074 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 173 - World Cup BAYC Collection OpenSea, RIPPSCAHEN00025351-RIPPSCAHEN00025370 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. /// Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2075* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 174 - Dilution Image, RIPPSCAHEN00018890-RIPPSCAHEN00018890 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged-third party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and well as widescale third party use of the BAYC Marks which goes to Defendants state of mind /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the document // Incomplete: The document is a fully incorporated image /// Hearsay: The document is not being offered for the truth, but only for showing the statement mind as evidenced in the creation of this document and effect on state of mind |
| JTX-2076 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 175 - Wake & BAYC Website, RIPPSCAHEN00017081-RIPPSCAHEN00017081 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged-third party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated website and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2077 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 176 - Bored Ape Express Card, RIPPSCAHEN00017194-RIPPSCAHEN00017194 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged-third party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2078 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 177 - Bored Ape Wear, Officially Licensed Merch, RIPPSCAHEN00017246-RIPPSCAHEN00017246 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind   ///   Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete   ///   Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2079 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 178 - Bored Ape T-shirt, RIPPSCAHEN00017224-RIPPSCAHEN00017226 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind   ///   Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete   ///   Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2080* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 179 - Li, Bored & Hungry, The First Bored Ape Yacht Club Restaurant Has Officially Opened, Apr 11, 2022, RIPPSCAHEN00017210-RIPPSCAHEN00017210 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind   ///   Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete   ///   Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2081 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 180 - Apewater Image, RIPPSCAHEN00018547-RIPPSCAHEN00018547 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless" Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  ///  Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2082 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 181 - Bored Ape Blueberry CBD Lemonade, RIPPSCAHEN00017258-RIPPSCAHEN00017267 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  ///  Incomplete: The document is a fully incorporated webpage and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2083* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 182 - North Pier IPA Image, RIPPSCAHEN00018558-RIPPSCAHEN00018558 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  ///  Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete  ///  Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2084 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 183 - Bored Ape Beer, Cranky Ranky IPA Tweet, RIPPSCAHEN00018559-RIPPSCAHEN00018559 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v BuzzBox Beverages, Inc , No EDI4CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc  v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image/tweet and is not incomplete /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind |
| JTX-2085* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 184 - RRBAYC Website, RIPPSCAHEN00021149-RIPPSCAHEN00021175 | Ripps, Cahen, Hickman, Lehman Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website  FRE 106, 901, 403 | Relevance/Prejudice/Mode: This document is an accurate capture of the first few pages of rrbayc com in a manner that resembles how the website actually appears on the internet and, thus, there is nothing misleading or prejudicial |
| JTX-2086 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 185 - RRBAYC Purchase Disclaimer, RIPPSCAHEN00021219-RIPPSCAHEN00021219 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Atalay, Aronow, Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase  FRE 106, 901, 403 | Relevance:  this document is relevant to Defendants state of mind and of the extent of damages  /// Completeness:  This document is a full capture of the disclaimer and there is evidence in the record showing that the disclaimer was shown to purchasers on rrbayc com and Twitter, where nearly all sales occurred |
| JTX-2087* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 186 - RRBAYC Foundation Page, RIPPSCAHEN00019988-RIPPSCAHEN00019988 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | No objection | Relevance/Prejudice/Mode:  The exhibit is not misleading because it is a full screen capture of the the Foundation page for RR/BAYC NFTs as shown on the Wayback Machine |
| JTX-2088 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 192 - BAYC Terms & Conditions, RIPPSCAHEN00020804-RIPPSCAHEN00020805 | Ripps, Cahen, Muniz, Atalay, Aronow, Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevant: The exhibit is relevant because it shows the terms for BAYC NFTs that informed Defendants' and the publics' state of mind regarding rights associated with RR/BAYC NFTs  This exhibit is further relevant as to damages  /// Completeness: This exhibit is a full and accurate capture of the terms and conditions for BAYC NFTs |
| JTX-2089* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 193 - BAYC Foundation Page, RIPPSCAHEN00019869-RIPPSCAHEN00019869 | Ripps, Cahen, Hickman, Lehman, Muniz, Atalay, Aronow, Solano | No objection | Relevances: This exhibit is relevant to damages as is relates to overlapping markets  // Completeness:  This exhibit is a full and accurate screenshot of the Wayback Machin page for the initial list of BAYC NFTs on Foundation  // Foundation:  Yuga's founders and the Defendants can lay Foundation regarding this pubicly available information on a public website that at least the Defendants have accessed in the past |
| JTX-2090* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 194 - BAYC First Day Foundation, RIPPSCAHEN00020596-RIPPSCAHEN00020597 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevances:  This exhibit is relevant to damages as is relates to overlapping markets  // Completeness:  This exhibit is a full and accurate screenshot of the Wayback Machin page for the initial list of BAYC NFTs on Foundation  // Foundation:  Yuga's founders and the Defendants can lay Foundation regarding this pubicly available information on a public website that at least the Defendants have accessed in the past |
| JTX-2091* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 195 - Etherscan BAYC #3721, RIPPSCAHEN00020829-RIPPSCAHEN00020830 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Misleading:  This exhibit is not misleading because it is a accurate capture of the Etherscan NFT page for BAYC 3721  /// Relevance:  This exhibit is relevant to damages as it shows how BAYC NFTs appeared on the market and to consumers  // Hearsay:  This document isn not hearsay because it is not being offered for the truth of the matter asserted  It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2092* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 196 - Ethersean RRBAYC #193, RIPPSCAHEN00025264-RIPPSCAHEN00025264 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Objection under FRE 106 as this exhibit is incomplete and misleading as presented<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using document<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Misleading:  This exhibit is not misleading because it is a accurate capture of the Ethersean NFT page for RR'BAYC 193  ///  Relevance:  This exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  //  Hearsay:  This document isn not hearsy because it is not being offered for the truth of the matter asserted  It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind |
| JTX-2093 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 197 - Twitter post by Ripps, Dec 31, 2022, RIPPSCAHEN00016832-RIPPSCAHEN00016844 | Ripps, Cahen, Muniz, Hickman, Aronow, Solano, Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents tweets that are presented together on the same webpage on twitter  ///  Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2094* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 198 - Twitter post by Ripps, May 24, 2022, RIPPSCAHEN00016868-RIPPSCAHEN00016872 | Ripps, Cahen, Hickman, Lehman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents tweets that are presented together on the same webpage on twitter  ///  Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2095 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 199 - Twitter post by Ripps, RIPPSCAHEN00018818-RIPPSCAHEN00018818 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin | No objection | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a Tweet by Defendants  ///  Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2096* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 200 - Twitter post by Ripps, May 20, 2022, RIPPSCAHEN00019015-RIPPSCAHEN00019015 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  ///  Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2097* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 201 - Twitter post by Ripps, May 15, 2022, RIPPSCAHEN00019017-RIPPSCAHEN00019017 | Ripps, Cahen, Hickman, Lehman, Solano, Aronow, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  ///  Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2098 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 202 - Twitter post by Ripps, July 12, 2022, RIPPSCAHEN00019521-RIPPSCAHEN00019526 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  ///  Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents tweets that are presented together on the same webpage on Twitter  ///  Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2099* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 203 - Twitter post by Ripps, May 24, 2022 (Ripps Disclaimer Tweet 1), RIPPSCAHEN00017520-RIPPSCAHEN00017520 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented FRE 106, 401, 602, 611(a), 901, 403 Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase FRE 106, 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a tweet by Defendants and response commentary No unrelated tweets are included in this document This document presents a full and accurate depiction of a Tweet by Defendants /// Hearsay: this document not being brought in for the truth of the matter asserted It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2100* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 204 - Twitter post by Ripps, May 24, 2022 (Ripps Disclaimer Tweet 2), RIPPSCAHEN00017521-RIPPSCAHEN00017521 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented FRE 106, 401, 602, 611(a), 901, 403 Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase FRE 106, 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a tweet by Defendants and response commentary No unrelated tweets are included in this document This document presents a full and accurate depiction of a Tweet by Defendants /// Hearsay: this document not being brought in for the truth of the matter asserted It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2101 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 205 - Twitter post by Ripps, May 21, 2022 (Ripps Disclaimer Tweet 3), RIPPSCAHEN00017522-RIPPSCAHEN00017522 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented FRE 106, 401, 602, 611(a), 901, 403 Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase FRE 106, 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Tweet by Defendants /// Hearsay: this document not being brought in for the truth of the matter asserted It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2102 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 206 - Twitter post by Ripps, June 18, 2022 (Ripps Disclaimer Tweet 4), RIPPSCAHEN00017523-RIPPSCAHEN00017523 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented FRE 106, 401, 602, 611(a), 901, 403 Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase FRE 106, 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a tweet by Defendants and response commentary No unrelated tweets are included in this document This document presents a full and accurate depiction of a Tweet by Defendants /// Hearsay: this document not being brought in for the truth of the matter asserted It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2103* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 207 - Twitter post by Ripps, June 1, 2022 (Ripps Disclaimer Tweet 5), RIPPSCAHEN00017526-RIPPSCAHEN00017526 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented FRE 106, 401, 602, 611(a), 901, 403 Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase FRE 106, 901, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a tweet by Defendants and response commentary No unrelated tweets are included in this document This document presents a full and accurate depiction of a Tweet by Defendants /// Hearsay: this document not being brought in for the truth of the matter asserted It is evidence of public activity that occured and of Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2104* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 208 - Twitter post by Ripps, June 7, 2022 (Ripps Disclaimer Tweet 6), RIPPSCAHEN00017525-RIPPSCAHEN00017525 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase   FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2105* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 209 - Twitter post by Ripps, June 8, 2022 (Ripps Disclaimer Tweet 7), RIPPSCAHEN00017524-RIPPSCAHEN00017524 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase   FRE 106, 901, 403  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness  /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet by Defendants  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured and of Defendants' state of mind |
| JTX-2106 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 211 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022427-RIPPSCAHEN00022451 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | No objection | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2107* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 212 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022452-RIPPSCAHEN00022452 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | No objection | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2108* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 213 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022513-RIPPSCAHEN00022513 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2109* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 214 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022684-RIPPSCAHEN00022684 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2110* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 215 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022685-RIPPSCAHEN00022685 | Muniz, Ripps, Cahen, O'Laughlin, Kindler, Berger | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2111 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 216 - Twitter post by Cline, May 16, 2022, RIPPSCAHEN00022453-RIPPSCAHEN00022454 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2112 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 217 - Twitter post by Cline, May 16, 2022, RIPPSCAHEN00022455-RIPPSCAHEN00022473 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2113* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 218 - Direct Message from Ripps to @Streetoshi, May 30, 2022, RIPPSCAHEN00015350-RIPPSCAHEN00015350 | Ripps, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of Twitter messages  /// Foundation:  Defendants can lay foundation for  based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2114* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 219 - Twitter post by @streetoshi, June 21, 2022, RIPPSCAHEN00015351-RIPPSCAHEN00015351 | Ripps, Cahen, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2115* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 220 - Twitter post by @streetoshi, June 21, 2022, RIPPSCAHEN00015353-RIPPSCAHEN00015353 | Ripps, Cahen, O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2116* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 221 - Twitter post by @streetoshi, June 9, 2022, RIPPSCAHEN00015356-RIPPSCAHEN00015356 | Ripps, Cahen, O'Laughlin | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2117* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 222 - Twitter post by @johnny0x, Aug  17, 2022, RIPPSCAHEN00015335-RIPPSCAHEN00015335 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2118* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 223 - Twitter post by @johnny0x, June 16, 2022, RIPPSCAHEN00022479-RIPPSCAHEN00022479 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document being brought in for the truth of the matter asserted  It is evidence of public activity that occured |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2119* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 224 - Twitter post by @johnny0x, May 26, 2022, RIPPSCAHEN00022493- RIPPSCAHEN00022493 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document   FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2120* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 225 - Twitter post by @Joey_tartz, May 16, 2022, RIPPSCAHEN00022686- RIPPSCAHEN00022686 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document   FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a comment on a Twitter post  This document shows a full and accurate depiction of the comment and related tweets, as shown on Twitter  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2121* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 226 - Twitter post by @plasticaverns, May 17, 2022, RIPPSCAHEN00040400- RIPPSCAHEN00040400 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document   FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a comment on a Twitter post  This document shows a full and accurate depiction of the comment and related tweets, as shown on Twitter  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2122* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 227 - Twitter post by @CryptoGarga, Feb  17, 2023, RIPPSCAHEN00017539- RIPPSCAHEN00017539 | Ripps, Cahen, Solano, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)  This exhibit is irrelevant, and lacks foundation as to how the document was created  FRE 106, 401, 402, 602, 901  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document   FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a comment on a Twitter post  /// Foundation:  Greg Solano and Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2123* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 228 - Twitter post by @yugalabs, June 24, 2022, RIPPSCAHEN00025330- RIPPSCAHEN00025330 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen, | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  Additionally  subject to FRE 401 and 403 depending on Defendants' purpose for using the document  This exhibit is incomplete and misleading as presented  FRE 106, 401, 602, 611(a), 901, 403  This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803  This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document   FRE 401, 403 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of  a Twitter post  /// Foundation:  Yuga, through its corporate representative and founders, as well as Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2124* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 229 - Twitter post by @BoredApeYC, May 1, 2021, RIPPSCAHEN00017268- RIPPSCAHEN00017269 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of  a Twitter post  /// Foundation:  Yuga, through its corporate representative and founders, as well as Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2125* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 230 - Twitter post by @BoredApeYC, June 18, 2021, RIPPSCAHEN00020426- RIPPSCAHEN00020426 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | Relevance/Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2126* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 231 - Twitter post by @BoredApeYC, June 21, 2021, RIPPSCAHEN00020425- RIPPSCAHEN00020425 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | Relevance/Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2127* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 232 - Twitter post by @BoredApeYC, Aug  27, 2021, RIPPSCAHEN00020427- RIPPSCAHEN00020427 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | Relevance/Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2128* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 233 - Twitter post by @BoredApeYC, Aug 28, 2021, RIPPSCAHEN00020428- RIPPSCAHEN00020428 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | Relevance/Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2129* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 234 - Twitter post by @BoredApeYC, Mar  16, 2022, RIPPSCAHEN00020414- RIPPSCAHEN00020414 | Muniz, Solano, Aronow, Atalay, Oseary, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to Defendants' state of mind/willfulness  /// Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2130* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 235 - Twitter post by @BoredApeYC, Apr 30, 2022, RIPPSCAHEN00020423- RIPPSCAHEN00020423 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness  /// Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2131* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 236 - Twitter post by @BoredApeYC, May 19, 2022, RIPPSCAHEN00020422- RIPPSCAHEN00020422 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | Relevance/Prejudice/Mode:  This exhibit is not misleading  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account |
| JTX-2132* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 237 - Twitter post by @foundation, Jan  26, 2022, RIPPSCAHEN00019960- RIPPSCAHEN00019987 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This evidence is relevant to damages  /// Misleading: This exhibit is an accurate capture of a public Twitter post /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2133 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 238 - Muniz WebSummit Video | Muniz, Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 401, 403, 602, 611(a)   Indeed, this exhibit contains only a portion of the full video<br><br>This exhibit contains nonparty information for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to damages and willfullness /// Foundation:  Yuga's corporate representative and Defendants can both lay foundation for this public video based on their personal knowledge /// Authentication:  Yuga's corporate representative and Defendants can both confirm/verify the authenticity of the video and that the events in the video in fact did take place /// Hearsay: this exhibit is not being brough in for the truth of the matter asserted  It is evidence of public activity that occured and also evidence of effect on listeners and state of mind of Defendants |
| JTX-2134* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 241 - Bored Coffee, RIPPSCAHEN00021022- RIPPSCAHEN00021022 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt  225 at 10   Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v Am Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged third-party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevant: This exhibit is relevant to damages and willfullness /// Foundation:  Defendants can lay foundation for this exhibit based on their personal knowledge /// Incompleteness:  This exhibits is a true and accurate version of publicly available third party materials created/displayed in connection with a third party brand and/or product /// Hearsay:  This exhibit is not being brought in for the truth of the matter asserted  It is evidence of publicly activity and brought in to show effect on the listener |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2135 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 242 - GordonGoner Website, Ripps, Bored Ape Yacht Club is Racist and Contains Nazi Dog Whistles, Jan 2022, RIPPSCAHEN00016301-RIPPSCAHEN00016308 | Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Oseary, Muniz | This exhibit is subject to Yuga's Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation and highly prejudicial as it contains a compilation of images attempting to associate the Bored Ape images with offensive imagery for which there is no foundation FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market  // Incomplete: The document is a fully incorporated opensea page and is not incomplete  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind |
| JTX-2136* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 243 - Twitter post by Solano, Mar 6, 2023, RIPPSCAHEN00025314-RIPPSCAHEN00025314 | Solano | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is misleading as presented FRE 401, 611(a), 403<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document FRE 401, 403 | Relevance:  This document is related to damages and willfulness as supporting that Yuga was no longer released Bored Ape NFTs under the marks  /// Misleading: The exhibits is an accurate capture of a twitter post made by Greg Solano ///  The statement is not hearsay because it is not being brought in for truth of the matter asserted  It is being brought in to shows the existence of public activity and effect on the listeners  It is also a party admission |
| JTX-2137* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 244 - BAYC Website, RIPPSCAHEN00016193-RIPPSCAHEN00016198 | Muniz, Aronow, Solano, Atalay, Ripps, Cahen, Hickman | No objection | Misleading:  This exhibit is an accurate capture |
| JTX-2138* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 1 - List of NFT projects that use BAYC NFT images | Ripps | This exhibit is subject to Yuga's Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10   Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am Prod Corp , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  Further, there is no witness with personal knowledge of the nonparty's purported sales, how the information was compiled, or how the document was created<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted,  especially to the extent some unknown third party created the exhibit  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga's enforcement actions to successfully take down unauthorized third-party uses | Relevance:  This exhibit is relevance as damages as evidence of third party use of the BAYC Marks  /// Foundation:  This exhibit is part of Defendant Ryder Ripps prior declaration and Defendant Ripps can lay foundation as to the document, the links in the document, its reliability, how it was created, and its relevance to the issues for trial  /// Hearsay:  This document is not being brought in to proved teh truth of the matter asserted in an out of cout statement  This document is being brought in to show Defendants' state of mind and the existence of public activity |
| JTX-2139 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 3 - New York Times, Ryder Ripps: An Artist of the Internet, July 8, 2014 | Ripps | This exhibit is subject to Yuga's Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay:  this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2140* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 4 - Forbes profile for Ryder Ripps | Ripps | This exhibit is subject to Yuga's Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay:  this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2141 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 5 - Brooklyn Rail review of Mr  Ripps Ho exhibition, March 2015 | Ripps | This exhibit is subject to Yuga's Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness  /// Misleading:  The document is a full and accurate capture of a publicly available publication  /// Hearsay:  this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2142 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 6 - Postmasters Gallerys online listing | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness  ///  Misleading:  The document is a full and accurate capture of a publicly available publication  ///  Hearsay:  this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2143* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 7 - Complex, Chayka, URL to IRL: Controversial Artist Ryder Ripps Captures the Struggle of Existing on the Internet, Mar  3, 2015 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness  ///  Misleading:  The document is a full and accurate capture of a publicly available publication  ///  Hearsay:  this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2144* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 8 - yahoo!finance, Kuhn, CryptoPunks Get Punked, July 6, 2021 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness  ///  Misleading:  The document is a full and accurate capture of a publicly available publication  ///  Hearsay:  this document is not being brought in to offer the truth of teh matter asserted  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind |
| JTX-2145 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 9 - Anti-Defamation Leagues webpage for the hate symbol 18 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public website  ///  Foundation:  Defendants can lay foundation regarding this record of a publicly available webpage  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2146* | Withdrawn  Defendants reserve all rights | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public webpage/article  ///  Foundation:  Defendants can lay foundation regarding this record of a publicly available webpage  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2147* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 12 - Arginalia, the Alt-Right Apocalypse, Aug  17, 2017 | Ripps, Cahen, | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public website  ///  Foundation:  Defendants can lay foundation regarding this record of a publicly available webpage  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2148 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 13 - Twitter post by Richard Spencer, July 31, 2022 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public post  ///  Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2149* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 14 - Twitter post by Frederick Brennans, August 22, 2022 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public post  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2150 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 15 - Direct messages between Richard Spencer and Frederick Brennan | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public post  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2151* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 16 - Wave Ninja, Thousand of Lies: Wylie Aronow Acknowledges Longtime Friendship with "Alt-Write" Publisher, July 31, 2022 | Ripps, Cahen, Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2152* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 17 - Matthew Robert Warner: From GamerGate to Identiy Evropa, March 31, 2019 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2153 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 18 - GH Records page for the Surf The Kali Yuga T-Shirt | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2154* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 19 - Compiled Twitter posts criticizing Yuga Labs, Inc | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading:  The exhibit is an full and accurate capture of public posts that have been compiled together  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  ///  Hearsay:  The exhibit is not being brough in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|----------------------|
| JTX-2155* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 20 - Input Magazine, Bored Ape Yacht Club Finally Responds to Neo-Nazism Accusations, February 1, 2022 | Ripps, Cahen, Muniz, Solano, Aronow, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Yuga's corporate representative, co-founders, and Defendants can lay foundation regarding this exhibit of publicly available activity  /// Hearsay: The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind  /// Prejudice: this document has no false statements and further is being presented to show state of mind and public activity, and not for the truth of teh matter asserted |
| JTX-2156* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 21 - OpenSea listing for BAYC #3721 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: The document is relevant because, for example, it evidences how BAYC NFTs appeared in the market how that appearance was different than RR/BAYC NFTs, which is relevant to damages and relevance  Exhibit is also relevant to showing the fact that people other than the Defendants posted information that BAYC has problematic imagery /// Misleading:  The exhibits is an accurate caputer of a public listing for a BAYC NFT |
| JTX-2157* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 22 - OpenSea listing for BAYC #6281 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: The document is relevant because, for example, it evidences how BAYC NFTs appeared in the market how that appearance was different than RR/BAYC NFTs, which is relevant to damages and relevance  The Exhibit is also relevant to the fact that people other than the Defendants posted information that BAYC has problematic imagery /// Misleading:  The exhibits is an accurate caputer of a public listing for a BAYC NFT |
| JTX-2158* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 23 - Mirror xyz page displaying metadata provenance information | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance:  This exhibit is relevant to damages and willfulness because it shows the basis for Defendants' state of mind and the content of the criticism they made  /// Yuga's corporate representative and as well as Defendants can lay foundation of this publicly available activity recorded on a public webpage /// Hearsay: The exhibit is not being brought in for the truth matter asserted  The exhibits is used to show existence of the statement, effect on listeners, and Defendants' state of mind |
| JTX-2159* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 24 - Coindesk, Wilser, The Bored Ape Founders Haven't Yet Jointed the Yacht Club, Sept  1, 2021 | Ripps, Cahen, Aronow, Solano, Muniz | This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  /// Misleading:  The exhibit is an full and accurate capture of a public webpage  /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity  /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind |
| JTX-2160* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 25 - Twitter post by Ripps, May 14, 2022 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete  FRE 106<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind  /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter by Defendant Ripps  /// Hearsay: Statement is not being brought in to show the truth of the matter asserted  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind |
| JTX-2161 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 27 - Twitter post by Ripps, May 14, 2022 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind  /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps  /// Hearsay: Statement is not being brought in to show the truth of the matter asserted  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind |
| JTX-2162 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 28 - Twitter post by Ripps, May 15, 2022 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind  /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps  /// Hearsay: Statement is not being brought in to show the truth of the matter asserted  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2163* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 29 - The Coin Republic, Bored Ape Yacht Club (BAYC) Propagating NFT Racism?, June 24, 2022 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2164* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 30 - Decrypt, Lutz, Bored Ape Yacht Club's Creators Declared War on a Vocal Critic  Could it Backfire?, July 3, 2022 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2165* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 31 - The Manual, Denis, Bored Ape Yacht Club Wants Ryder Ripps to Cease and Desist, July 14, 2022 | Ripps, Muniz, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2166* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 32 - Muchai, BAYC caught in a public opinion storm over Nazi club NFT racism, July 23, 2022 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2167* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 33 - Radmillac, BAYC Founders Call Nazi Conspiracy Video 'Crazy Disinformation Campaign', July 24, 2022 | Ripps, Cahen, Aronow, Solano, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803<br><br>This exhibit also contains the Court's docketing stamping, which is a false depiction of the true document  FRE 401, 403 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2168* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 34 - Levin, Yuga Fires Back at #BURNBAYC Creator, July 27, 2022 | Ripps, Cahen, Solano, Aronow, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is misleading as presented  FRE 401, 611(a), 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages and willfulness  ///  Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage  ///  Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity  ///  Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2169* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 35 - https://apemarket.com front webpage | Ripps, Cahen, Hickman, Lehman | No objection | Compleeness/Misleading: This document is a true and accurate capture of the webpage apemarket.com /// Hearsay:  Statement is not being brought in for the truth of the matter asserted  It is being brought in to show the existence of the website and the contents that it displayed |
| JTX-2170* | Expert Report of Laura O'Laughlin, Feb  6, 2023 | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2171* | Bitscrunch, NFTs: Who's buying them and why? - All questions answered!, Aug  12, 2022 | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2172* | O'Laughlin Exhibit 1-2 - Foundation Survey Respondent Statistics | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2173* | O'Laughlin Exhibit 3 - Foundation Survey Responses | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2174* | O'Laughlin Exhibit 4-7 - Foundation Survey Confusion Analysis | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2175* | O'Laughlin Exhibit 8-9 - OpenSea Survey Respondent Statistics | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2176* | O'Laughlin Exhibit 10-13 - OpenSea Survey Confusion Analysis | O'Laughlin | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2177* | Expert Report of Lauren Kindler, Feb  6, 2023 | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2178* | Kindler Exh Addresses json | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2179* | Kindler Exh All BAYC Logs Data | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2180* | Kindler Exh Cahen Transactions | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2181* | Kindler Exh Calculation | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2182* | Kindler Exh Creator Fees | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2183* | Kindler Exh DF Transactions Complete | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2184* | Kindler Exh Export of Ether Price | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2185* | Kindler Exh Held NFTs | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2186* | Kindler Exh Initial Sales by Type | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2187* | Kindler Exh Initial Sales Profits | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2188* | Kindler Exh RR Transactions | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2189* | Kindler Exh RSVP Profits | Kindler | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2190* | Expert Report of Jonah Berger, Feb  6, 2023 | Berger | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2191* | Yuga Labs, Inc 's First Supplemental Response to Ryder Ripps's and Jeremy Cahen's First Set of Request for Production of Documents and Things (Nos  1-58), Dec  21, 2022 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2192* | Yuga Labs, Inc 's Responses and Objections to Ryder Ripps's and Jeremy Cahen's Second Set of Request for Production of Documents and Things (Nos  59-73), Jan  30, 2023 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2193* | Yuga Labs, Inc 's Second Supplemental Response to Ryder Ripps's and Jeremy Cahen's First Set of Interrogatories (Nos  1-14), Jan  31, 2023 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2194* | Yuga Labs, Inc 's Supplemental Responses to Ryder Ripps's and Jeremy Cahen's First Set of Request for Admission (Nos  1-179), Mar  21, 2023 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2195 | Trademark search of the word "Ape" with word mark and goods and services listed , Oct  3, 2022, RIPPSCAHEN00020732 - RIPPSCAHEN00020733 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants creation of a search *after*  the have been sued for their infringing activity is not relevant to their intent for their infringing activity  Regardless, the court has already found that Defendants are bad faith cybersquaters and intentional infringers | Relevance:  This exhibit is relevance to willfulness as it is publicly activity that reinforces Defendants' state of mind and the public perception around the BAYC Marks |
| JTX-2196 | Email from tmng notices@uspto gov to Jansen, March 7, 2023, RIPPSCAHEN00021339 - RIPPSCAHEN00021468 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have elsewhere agreed to withdraw their exhibits regarding Yuga Labs' trademark applications<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to willfulness as it shows public activity supporting Defendants' state of mind  /// Hearsay:  The exhibit is not hearsay because it is not being brought in for the truth of the matter asserted  It is being used to show that the statement existed, effect on the listener, and Defendants' state of mind |
| JTX-2197* | Email from TMOfficialNotices@USPTO GOV to trademarks@fenwick com, Oct  17, 2022, RIPPSCAHEN00026207 - RIPPSCAHEN00026237 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The APE mark is not at issue in the trial  Defendants have also elsewhere agreed to withdraw their exhibits regarding Yuga Labs' trademark applications | Relevance:  This exhibit is relevant to willfulness as it shows public activity supporting Defendants' state of mind  /// Hearsay:  The exhibit is not hearsay because it is not being brought in for the truth of the matter asserted  It is being used to show that the statement existed, effect on the listener, and Defendants' state of mind |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2198* | Twitter post from @0xGem, July 8, 2023, RIPPSCAHEN00022452-RIPPSCAHEN00022453 | Ripps, Cahen | No objection | Relevance: This evidence is relevant to damages /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2199 | Twitter post from @Jclineshow, May 16, 2022, RIPPSCAHEN00022474-RIPPSCAHEN00022474 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2200* | Twitter post from @Pauly0x, Aug  21, 2022, RIPPSCAHEN00022475-RIPPSCAHEN00022475 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation and unduly prejudicial in that it reflects condesending comments by Defendant about Yuga Labs' founders  FRE 401, 402, 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2201* | Twitter post from @ryder_ripps, Aug 21, 2022, RIPPSCAHEN00022476-RIPPSCAHEN00022476 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation and unduly prejudicial in that it reflects condesending comments by Defendant about Yuga Labs' founders  FRE 401, 402, 403

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2202* | Twitter post from @ryder_ripps, Aug 18, 2022, RIPPSCAHEN00022477-RIPPSCAHEN00022477 | Ripps, Cahen, Aronow, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2203* | Twitter post from @johnny0x_, June 16, 2022, RIPPSCAHEN00022480-RIPPSCAHEN00022492 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2204* | Twitter post from @johnny0x_, June 22, 2022, RIPPSCAHEN00022494-RIPPSCAHEN00022508 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |
| JTX-2205* | Twitter post from @johnny0x_, May 30, 2022, RIPPSCAHEN00022509-RIPPSCAHEN00022509 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This evidence is relevant to damages and willfulness /// Completeness: This exhibit is an accurate capture of a Twitter post   This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge /// Hearsay: this document not being brought in for the truth of the matter asserted   It is evidence of public activity that occured |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2206* | Twitter post from @johnny0x_, June 1, 2022, RIPPSCAHEN00022510-RIPPSCAHEN00022510 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2207* | Twitter post from @enjoyoor, June 29, 2022, RIPPSCAHEN00022512-RIPPSCAHEN00022512 | Ripps, Cahen, Hickman | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2208* | Twitter post from @Helloimmorgan, June 1, 2022, RIPPSCAHEN00022550-RIPPSCAHEN00022550 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2209* | Twitter post from @streetoshi, June 7, 2022, RIPPSCAHEN00022551-RIPPSCAHEN00022551 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2210* | Twitter post from @streetoshi, June 12, 2022, RIPPSCAHEN00022552-RIPPSCAHEN00022552 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2211 | Twitter post from @Jclineshow, May 16, 2022, RIPPSCAHEN00022687-RIPPSCAHEN00022703 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This evidence is relevant to damages and willfulness /// Completeness:  This exhibit is an accurate capture of a Twitter post  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document not being brought in for the truth of the matter asserted  It is evidence of public activity that occured |
| JTX-2212* | ApeCoin is for the WEB3 Economy webpage, 2023, RIPPSCAHEN00016014-RIPPSCAHEN00016020 | Ripps, Cahen, Oseary, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id  at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance:  This exhibit is relevant to damages and willfulness //// Foundation:  Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity /// Incomplete:  This exhibit is a a full and accurate print out of a publicly available webpage  ///Hearsay:  This exhibit is not being used to prove the truth of the matter asserted  It is evidence of public activity that occured, the existence of the statements, and effect on the listener |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2213* | ApeCoin NFT listed on OpenSea, RIPPSCAHEN00016021-RIPPSCAHEN00016022 | Ripps, Cahen, Oseary, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation. See Icon Enters Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: Yuga's transfer of the Apecoin Logo to Apecoin DAO is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages /// Foundation: Yuga's founders can lay foundation for the transfer of the Ape Skull to Apecoin DAO /// Incomplete: The document is an opensea printout and is not incomplete // Hearsay: The document contains statements of a party opponent that are subject to a hearsay exception. The document can also be used for a non-hearsay purpose, namely the fact of the existence of a separate opensea page for the Apecoin logo |
| JTX-2214 | Comparison of ApeCoin ($APE) and Ape (BAYC) logos, RIPPSCAHEN00017580-RIPPSCAHEN00017580 | Ripps, Cahen, Muniz, Oseary, Aronow, Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin, Ape Foundation, or the context of this document. See Icon Enters Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: The Apecoin DAO's use of the Ape Skull Logo is relevant to damages /// Foundation: Yuga's founders and Defendants can lay foundation for Apecoin DAO's use of teh logo /// Incomplete: The document is an is a full and correct depiction of both Yuga's and Apecoin DAO's use of the ape skull logo // Hearsay: The document contains no statements and certainly does not purport to offer any statements brought in to prove the truth of the matter asserted |
| JTX-2215* | Table 3- Summary of funded projects for the period, May 4, 2022, RIPPSCAHEN00018447-RIPPSCAHEN00018447 | Ripps, Cahen, Muniz, Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin, Ape Foundation, or the context of this document. See Icon Enters Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This exhibit is relevant to damages and willfulness //// Foundation: Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity // Incomplete: This exhibit is a a full and accurate print out of a publicly available webpage ///Hearsay: This exhibit is not being used to prove the truth of the matter asserted. It is evidence of public activity that occured, the existence of the statements, and effect on the listener |
| JTX-2216 | Twitter post from @yugalabs, Mar. 16, 2022, RIPPSCAHEN00020643-RIPPSCAHEN00020646 | Ripps, Cahen, Muniz, Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented. FRE 106<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803 | Relevance: The Apecoin DAO's use of the Ape Skull Logo is relevant to damages /// Foundation: Yuga's founders and Defendants can lay foundation for this public tweet made bay Yuga Labs on Twitter /// Incomplete: The document is an is a full and correct of Yuga's post // Hearsay: This exhibit is a party admission, and further is used to show effect on the listener |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2217* | Coinbase, What is ApeCoin?, 2023, RIPPSCAHEN00021478-RIPPSCAHEN00021480 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This exhibit is relevant to damages and willfulness /// Misleading/Completenesss: The exhibit is an full and accurate capture of a public webpage /// Foundation:  Defendants can lay foundation regarding this exhibit of publicly available activity /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind |
| JTX-2218* | ApeCoinAPE Market Statistics , RIPPSCAHEN00025213-RIPPSCAHEN00025220 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticism /// Completeness: The exhibit is a full and accurate printout of a public website /// Foundation:  Defendants can lay foundation for this website based on thier personal knowledge /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show effect on listener and Defendants' state of mind |
| JTX-2219* | ApeCoin Powers Collaboratice Ecosystems webpage , RIPPSCAHEN00025230-RIPPSCAHEN00025233 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Foundation/Incompleteness:  Mr  Ripps and Mr  Cahen have personal knowledge about this document, and other similar documents from the internet, including general knowledge about the source "Opensea"  The document is not incomplete as it is a complete copy of a website selling an "Ape" branded NFTs /// Relevance  The document is relevant at least because it goes to whether "Ape" is a generic term in the Crypto-space which would render Yuga's mark invalid  The term "Ape's" validity as a non-generic term is a necessary component of Yuga's false advertising claim ///  Hearsay: The document is not being offered for the truth of the matter asserted, but the fact that others routinely use the "Ape" term to market NFTs |
| JTX-2220* | APEcoin webpage introducing "meme farm", RIPPSCAHEN00025235-RIPPSCAHEN00025242 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  It is necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" predated Yuga's use of the term Ape ///Lack of Foundation: Mr  Ripps and Mr  Cahen can lay foundation to this document, including the operation of the "Wayback Machine" and familiarity with "meme coins", crypto-culture, and the use of the word "Ape " Likewise, Mr  Ripps and Mr  Cahen can authenticate the document ///Hearsay: The document is not hearsay because it is not being offered for the truth of the matter asserted, but rather to prove the fact that others routinely used the "Ape term in the crypto market |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2221 | Services Agreement, Mar 17, 2022, YUGALABS_00029146-YUGALABS_00029159 | Muniz, Oseary, Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it relates to whether Yuga owned the marks at issue in their False Advertising complaint |
| JTX-2222 | Copyright Assignment and Enforcement Agreement, Mar  16, 2022, YUGALABS_00029252-YUGALABS_00029255 | Muniz, Oseary, Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant as it relates to whether Yuga owned the marks or if they assigned those rights to another related entity at issue in their False Advertising complaint |
| JTX-2223 | Apeswap- Welcome all Apes homepage , RIPPSCAHEN00019846-RIPPSCAHEN00019846 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  It is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by other predated Yuga's use of the term Ape ///Lack of Foundation: Mr  Ripps and Mr  Cahen can lay the foundation to this document, including the operation of the "Wayback Machine", familiarity with "meme coins," familiarity with crypto culture and the use of the word "Ape" within that culture  Likewise Mr  Ripps and Mr  Cahen can authenticate the document through their knowledge of the Wayback Machine //Hearsay: The document is not hearsay because it is not being offered for the truth of the matter asserted, but rather to prove that others were using the "Ape" mark in the broader "crypto" industry |
| JTX-2224* | Apeswap- Welcome to the Most Connected DeFi Hub webpage, RIPPSCAHEN00021477-RIPPSCAHEN00021477 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  That is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by others predated Yuga's use of the term Ape ///Lack of Foundation: Mr  Ripps and Mr  Cahen can lay the foundation to this document, including operation of the "Wayback Machine", familiarity with "meme coins", familiarity with crypto culture and the use of "Ape" within that culture //Hearsay: The document is not hearsay because it is not being used to prove the truth of the matter asserted, but rather is being used to show that others used the term "Ape", which goes to whether a word was said |
| JTX-2225* | Apecoin FAQ page , RIPPSCAHEN00025243-RIPPSCAHEN00025243 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation  See Icon Enters  Int'l, Inc  v  Am Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid  That is a necessary component of Yuga's false advertising claim  It is also relevant to show that the use of the term "Ape" by others in the cryptocurrency market predated Yuga's use of the term Ape ///Lack of foundation: Mr  Ripps and Mr  Cahen can lay the foundation to the document, including operation of the Wayback Machine, familiarity with "meme coins", familiarity with crypto currency and the use of the term "Ape" within that culture //Hearsay: It is not being used to prove the truth of the matter asserted, but instead it is being used to demonstrate that the statement was said |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2226* | Apeswap multichain DeFi Hub webpage, RIPPSCAHEN00025246-RIPPSCAHEN00025246 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid. That is a necessary component of Yuga's false advertising claim. It is also relevant to show that the use of the term "Ape" by others in the cryptocurrency market predated Yuga's use of the term Ape ///Lack of foundation: Mr. Ripps and Mr. Cahen can lay the foundation to the document, including operation of the Wayback Machine, familiarity with "meme coins", familiarity with crypto currency and the use of the term "Ape" within that culture. //Hearsay: It is not being used to prove the truth of the matter asserted, but instead it is being used to demonstrate that the statement was said |
| JTX-2227* | Wright, Yuga Labs to change Bored Ape Kennel Club Logo after copyright claim, Feb 19, 2023, RIPPSCAHEN00025927-RIPPSCAHEN00025932 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803 | Relevance: Intent, damages and willfulness is at issue in this trial. Therefore, Defendants' good faith belief that they were engaging in criticism of a company they found immoral is at issue. As a result, media coverage about Yuga is relevant to show Defendants' subjective opinion of Yuga based on information they consumed at the time. Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document by attesting that they are familiar with it and the accusations included in it. Hearsay: This is not hearsay because it is being introduced as evidence of Defendants' mental state at the time. Because willfulness is at issue, Defendants' thoughts about Yuga Labs are at issue and this article helped form their mental states leading to their criticism of the company, it also goes to other sources of damages |
| JTX-2228* | Kimathi, Yuga Labs to change Copyrighted Bored Ape Kennel Club, Feb 21, 2023, RIPPSCAHEN00025933-RIPPSCAHEN00025938 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented. FRE 106<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803 | Relevance: Intent, damages and willfulness is at issue in this trial. Therefore, Defendants' good faith belief that they were engaging in criticism of a company they found immoral is at issue. As a result, media coverage about Yuga is relevant to show Defendants' subjective opinion of Yuga based on information they consumed at the time. Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document by attesting that they are familiar with it and the accusations included in it. Hearsay: This is not hearsay because it is being introduced as evidence of Defendants' mental state at the time. Because willfulness is at issue, Defendants' thoughts about Yuga Labs are at issue and this article helped form their mental states leading to their criticism of the company, it also goes to other sources of damages |
| JTX-2229* | Weijers, Yuga sues over Nazi accusation Bored Apes, 2023, RIPPSCAHEN00025939-RIPPSCAHEN00025945 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803 | Relevance: Intent, damages and willfulness is at issue in this trial. Therefore, Defendants' good faith belief that they were engaging in criticism of a company they found immoral is at issue. As a result, media coverage about Yuga is relevant to show Defendants' subjective opinion of Yuga based on information they consumed at the time. Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document by attesting that they are familiar with it and the accusations included in it. Hearsay: This is not hearsay because it is being introduced as evidence of Defendants' mental state at the time. Because willfulness is at issue, Defendants' thoughts about Yuga Labs are at issue and this article helped form their mental states leading to their criticism of the company, it also goes to other sources of damages |
| JTX-2230* | BAYC Vault (NFTX) webpage, RIPPSCAHEN00019870-RIPPSCAHEN00019874 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented. FRE 106<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2231 | CoinGecko Bored Ape Yacht Club (BAYC) webpage, RIPPSCAHEN00019885-RIPPSCAHEN00019889 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts  //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved  It is also judicially noticeable |
| JTX-2232 | CoinGecko Bored Ape Yacht Club (BAYC) webpage, RIPPSCAHEN00019890-RIPPSCAHEN00019894 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts  //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved  It is also judicially noticeable |
| JTX-2233 | BAYC Market Statistics, RIPPSCAHEN00019914-RIPPSCAHEN00019914 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission //Foundation: Mr Ripps and Mr Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts  //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity  There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved  It is also judicially noticeable |
| JTX-2234* | Appdetex Invoice, Mar  24, 2022, YUGALABS_00031302-YUGALABS_00031302 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | This document is relevant as Yuga has indicated they might consider claiming these expenditures in damages |
| JTX-2235* | Appdetex Master Services Agreement , YUGALABS_00031303-YUGALABS_00031316 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | This document is relevant to damages as Yuga has indicated it might consider claiming Appdetex's work in damages |
| JTX-2236* | BoredApeYachtClub #3721 with listed price, RIPPSCAHEN00019902-RIPPSCAHEN00019903 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is incomplete and misleading as presented   FRE 106, 901, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as a screenshot of a website containing all of the relevant information //Relevance: This document is relevant as it goes to whether Defendants acted willfully as one of the most offensive Apes in the BAYC collection //Foundation: Mr Ripps, Mr Cahen, Yuga's co-founders, Ms Muniz and others can all lay the foundation for this screenshot through their familiarity with Opensea, cryptomarkets, and BAYC in general //Hearsay: This document is not being used to prove the truth of the matter asserted  It is being used to show that BAYC with offensive characteristics were being sold in the open market |
| JTX-2237* | List of  Txn Hash and transfers , RIPPSCAHEN00020900-RIPPSCAHEN00020901 | Atalay | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant becauit it contains information about BAYC contracts in an account controlled by K Atalay  It is relevant to show BAYC's business activities  //Rule of Completion: This is a full webpage screen grab and therefore there is no risk of it being misleadingly incomplete  Foundation and Authentication://Mr Ripps and Mr Cahen can authenticate what the website is through their knowledge of on-chain transactions, and cryptocurrency generally  //Hearsay: Defendants do not seek to introduce this for the truth of the matter asserted, but for the fact that the document was made  To the extent it is hearsay, it qualifies under the Market Report exception |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2238* | BoredApeYachtClub Contract Source Code, RIPPSCAHEN00020902-RIPPSCAHEN00020903 | Ripps, Cahen, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it contains the actual "res" of the Bored Ape Yacht Club which is the underlying contract for the NFT ///Rule of Completeness: The whole contract is shown, therefore it is not misleadingly incomplete ///Foundation: Multiple witnesses including Defendants and Yuga's co-founders can lay the foundation to identify that this is a copy of Yuga's contract //Authentication: Likewise, the same witnesses who can lay the foundation for the document can authenticate the document through familiarity with the website it is hosted on and basic knowledge about the crypto-space //Hearsay: This is not hearsay because there is no "truth value" to any statement and therefore it cannot be used for the truth of the matter asserted |
| JTX-2239 | Contract Overview of BoredApeYachtClub: BAYC Token, RIPPSCAHEN00020904-RIPPSCAHEN00020905 | Ripps, Cahan, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it involves on-chain activity related to Yuga Labs and the BAYC collection ///Rule of Completeness: This document shows the entire website as captured and therefore is not misleadingly incomplete ///Lack of Foundation: Multiple witnesses including Defendants, Yuga co-founders, and Ms  Muniz can lay the foundation for this document through their knowledge of Etherscan and on-chain transactions //Authentication: The same witnesses who can lay the foundation for the document can authenticate it through their knowledge of Etherscan and the blockchain //Hearsay: Defendants are not relying on the document for the truth of the matter asserted, but rather for the fact that it was said |
| JTX-2240* | Contract Overview and transactions of BoredApeYachtClub: BAYC Token, RIPPSCAHEN00020908-RIPPSCAHEN00020909 | Ripps, Cahen, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602  This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because it involves on-chain activity related to Yuga Labs and the BAYC collection ///Rule of Completeness: This document shows the entire website as captured and therefore is not misleadingly incomplete ///Lack of Foundation: Multiple witnesses including Defendants, Yuga co-founders, and Ms  Muniz can lay the foundation for this document through their knowledge of Etherscan and on-chain transactions //Authentication: The same witnesses who can lay the foundation for the document can authenticate it through their knowledge of Etherscan and the blockchain //Hearsay: Defendants are not relying on the document for the truth of the matter asserted, but rather for the fact that it was said |
| JTX-2241* | Contract Overview and transactions of Grandpa Ape Country Club, RIPPSCAHEN00020912-RIPPSCAHEN00020913 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relvant as it goes to intent and willfulness including the fact that Defendants were targeted by Yuga for their criticism  It is also evidence of abandonment of any IP rights to the world by Yuga //Foundation: Several witnesses including Defendants, Ms  Muniz, and the Yuga co-founders can lay the foundation for on-chain transactions and Etherscan documents through their knowlege of both  // Authentication: Likewise, those same witnesses can authenticate the document through their knowledge of on-chain transactions and Etherscan documents //Hearsay: Defendants are not relying on teh document for the truth of the matter asserted, but instead are relying on it to show that the document was created |
| JTX-2242* | List of block transactions, Mar  6, 2023, RIPPSCAHEN00020914-RIPPSCAHEN00020914 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This list of on-chain transactions is relevant to this case as it involves transactions involved in this case ///Completeness: This exhibit is substantially complete and therefore there are no completeness concerns present //Foundation: Defendants can lay the foundation to this document//Hearsay: This is within the hearsay exceptions for business records kept in the regular course of business and reports kept for the market |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2243* | Etherscan token tracker (ERC-20), RIPPSCAHEN00026242-RIPPSCAHEN00026242 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant as it shows that the term "Ape" is common and generic term in the Crypto space used by thousands of different crypto entities, which goes to whether Yuga can protect that term  It also goes to willfulness because it demonstrates that Yuga targeted Defendants for their free speech criticisms of the company //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for this document through their knowledge of the Etherscan system and website //Hearsay: This document is not hearsay as it is being used to show that a statement was made, and not for the truth of the matter asserted |
| JTX-2244* | Etherscan token tracker (ERC-20) BAYC, RIPPSCAHEN00026243-RIPPSCAHEN00026243 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "BAYC" in the crypto space, Yuga only targeted Defendants for suit // Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defendants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |
| JTX-2245* | Etherscan token tracker (ERC-20) BACC, RIPPSCAHEN00026244-RIPPSCAHEN00026244 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "Bored Ape" in the crypto space, Yuga only targeted Defendants for suit // Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |
| JTX-2246* | Etherscan token tracker (ERC-20) BAYC, RIPPSCAHEN00026253-RIPPSCAHEN00026253 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "Bored Ape Yacht Club" in the crypto space, Yuga only targeted Defendants for suit  It is also relevant to show abandonment of IP rights to the world by Yuga // Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defeants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2247* | Etherscan token tracker (ERC-20) BACC, RIPPSCAHEN00026260-RIPPSCAHEN00026260 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc  v Am Prod Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant for willfullness to demonstrate that out of hundreds of users of "Bored Ape Yacht Club" in the crypto space, Yuga only targeted Defendants for suit  It is also relevant to show abandonment of IP rights to the world by Yuga  // Rule of Completeness:The document shows the entire webpage and therefore there is no completeness problem  Foundation: Defendants can lay the foundation for this document through their knowledge of the Etherscan system and website // Hearsay: Defendants are not going to use this document to prove the truth of the matter asserted, just to show that the statement was said |
| JTX-2248* | Bored Ape Yacht Club #193, RIPPSCAHEN00020826-RIPPSCAHEN00020826 | Ripps, Cahen, Hickman, Lehman | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403  Indeed, images from the exhibit appear to be missing<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This is an etherscan page for one of the accused products in this false advertising complaint  It is necessarily relevant to the advertising claims and defenses  //Foundation: Defendants can lay the foundation for this document as it relates to the accused Project and they have knowledge of Etherscan //Hearsay: The document is not being used for the truth of the matter asserted, but rather to demonstrate that it was asserted |
| JTX-2249* | List of transactions to Bored Ape Yacht Club, RIPPSCAHEN00020900-RIPPSCAHEN00020901 | Ripps, Cahen, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801-803 | Relevance: This document is relevant because it contains information about BAYC contracts in an account controlled by K Atalay  It is relevant to show BAYC's business activities  //Rule of Completion: This is a full webpage screen grab and therefore there is no risk of it being misleadingly incomplete  Foundation and Authentication://Mr  Ripps and Mr  Cahen can authenticate what the website is through their knowledge of on-chain transactions, and cryptocurrency generally  //Hearsay: Defendants do not seek to introduce this for the truth of the matter asserted, but for the fact that the document was made  To the extent it is hearsay, it qualifies under the Market Report exception |
| JTX-2250* | List of block transactions with creator ryder-ripps eth, RIPPSCAHEN00021220-RIPPSCAHEN00021221 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completeness: As a screenshot of the entire webpage, there is no completeness problem present  //Foundation: Defendants can lay the foundation through their knowledge of Etherscan, on-chain transactions and the RR/BAYC project //Hearsay: Defendants are using the document for the truth of the matter asserted, but rather that it was stated |
| JTX-2251 | RR/BAYC -BAYC NFT Comparison, RIPPSCAHEN00025212-RIPPSCAHEN00025212 | Ripps, Cahen | This exhibit is incomplete and misleading as presented and is an improper compilation FRE 106, 611(a)<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is not the best evidence for the information therein  FRE 1002, 1003<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit  FRE 801, 802, 803<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  Indeed, this exhibit contains statements directly contradicting judgments already made by the Court | Rule of Completeness: The document is complete  FRE 611(a) does not deal with compilations  To the extent this is a compilation, there is nothing about it that would make it improper as it is not misleading //Foundation: Defendants can provide the foundation to the document by explaining how it was created and the factual bases for the document //Best Evidence: There is no dispute as to the originality of the document nor are there indications that it is a copy that there is a genuine dispute about its authenticity //Hearsay: No unknown third party made this document  Further it is not being asserted for the truth of the matter asserted but rather to show comparisons between statements made by the parties and to demonstrate the effect on the listener of statements in the blockchain |
| JTX-2252* | Ape #8824 with listing price , YUGALABS_00040863-YUGALABS_00040864 | Ripps, Cahen | This exhibit is incomplete and misleading as presented  FRE 106, 901, 403<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted  FRE 801, 802, 803 | Rule of Completeness: The document is complete, it shows the entire etherscan webpage for the at-issue token // Foundation: Defendants, Yuga's co-founders, and Ms  Muniz can all identify this document through their familiarity with Etherscan and the RR/BAYC project  //Hearsay: This document is not being used to prove the truth of the matter asserted  Any statements also fall into the Market report exception of 803(17) |

115

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2253* | Email from Jacobs to Culp, Jan 13, 2023, YUGALABS_00040601-YUGALABS_00040601 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not established how their intent relates to a consent judgment against one of their business partners   Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2254* | Email from Culp to Jacobs, Feb 1, 2023, YUGALABS_00040602-YUGALABS_00040602 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not established how their intent relates to a consent judgment against one of their business partners   Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2255* | Judgement and Order Granting Plaintiff's Motion for Default Judgement and Related Brief, YUGALABS_00040603-YUGALABS_00040612 | Muniz, Lehman | No objection | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2256* | Zoom meeting invitation From Jacobs to Yuga Labs, Feb 1, 2023, YUGALABS_00040613-YUGALABS_00040613 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not established how their intent relates to a consent judgment against one of their business partners   Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2257* | Email from Jacobs to Culp, Feb 10, 2023, YUGALABS_00040618-YUGALABS_00040619 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not established how their intent relates to a consent judgment against one of their business partners   Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2258* | Email from Culp to Jacobs, Feb 1, 2023, YUGALABS_00040627-YUGALABS_00040629 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not established how their intent relates to a consent judgment against one of their business partners   Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2259* | Email from Culp to Jacobs, Feb 2, 2023, YUGALABS_00040630-YUGALABS_00040630 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not established how their intent relates to a consent judgment against one of their business partners   Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully //  Lack of Foundation:Mr  Lehman can lay the foundation to this email if need be because it involves him  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2260 | Confidential Settlement Agreement, YUGALABS_00040631-YUGALABS_00040636 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully  Several terms of the agreement show that the lawsuit was actually about the criticisms against Yuga levied by Defendants// Lack of Foundation:Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2261 | Consent Judgement and Order for Permanent Injunction Against Thomas Lehman with formatting comments, YUGALABS_00040637-YUGALABS_00040642 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2262* | Email from Culp to Jacobs, Feb  2, 2023, YUGALABS_00040648-YUGALABS_00040649 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2263* | Email from Jacobs to Culp, Feb  2, 2023, YUGALABS_00040650-YUGALABS_00040651 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2264* | Confidential Setlement Agreement with formatting comments, YUGALABS_00040652-YUGALABS_00040659 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including evidence that this lawsuit was primarily brought by Yuga to silence speech  // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2265* | Consent Judgement and Order for Permanent Injunction Against Thomas Lehman with formatting comments, YUGALABS_00040660-YUGALABS_00040666 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully  // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge  // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|-----------------------|
| JTX-2266* | Email from Jacobs to Culp, Feb 2, 2023, YUGALABS_00040667-YUGALABS_00040668 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2267* | Confidential Settlement Agreement draft with formatting comments, YUGALABS_00040669-YUGALABS_00040676 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2268* | Consent Judgement and Order for Permanent Injunction Against Thomas Leham with continued formatting comments, YUGALABS_00040677-YUGALABS_00040683 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2269* | Email from Jacobs to Culp, Feb 2, 2023, YUGALABS_00040690-YUGALABS_00040692 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2270* | Email from Jacobs to Culp, Feb 3, 2023, YUGALABS_00040693-YUGALABS_00040695 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2271* | Email from Jacobs to Culp, Feb 3, 2023, YUGALABS_00040696-YUGALABS_00040697 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2272* | Confidential Settlement Agreement draft with formatting comments, YUGALABS_00040698-YUGALABS_00040705 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation // This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully, including statements that indicate that Yuga's true motivation for the lawsuit was to stifle criticism // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2273* | Consent Judgement and Order for Permanent Injunction Against Thomas Leham draft with formatting comments, YUGALABS_00040707-YUGALABS_00040713 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation // This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2274* | Email from Culp to Jacobs, Feb  3, 2023, YUGALABS_00040723-YUGALABS_00040726 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation // This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated // This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901 // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2275* | Email from Jacobs to Culp, Feb  3, 2023, YUGALABS_00040731-YUGALABS_00040734 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation // This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated // This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901 // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2276* | Email from Kwock to Jacobs, Feb  3, 2023, YUGALABS_00040735-YUGALABS_00040735 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation // This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent relates to a consent judgment against one of their business partners  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated // This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602, 901 // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2277* | Declararation of Thomas Leham, Feb  3, 2023, YUGALABS_00040736-YUGALABS_00040745 | Muniz, Lehman | No objection | |
| JTX-2278* | Confidential Settlement Agreement, Feb  3, 2023, YUGALABS_00040746-YUGALABS_00040762 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation // This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have not established how their intent is relevant in the trial as their intent has already been adjudicated  Moreover, Defendants have also not established how their supposed intent relates to a consent judgment against one of their business partners // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr  Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness  It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including because it contains evidence that the true motivation behind the suit was to silence Yuga's critics // Lack of Foundation: Mr  Lehman and Ms  Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2279* | Email from Jacobs to Kwock, Feb 3, 2023, YUGALABS_00040763-YUGALABS_00040763 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403 Defendants have not established how their intent relates to a consent judgment against one of their business partners Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr Lehman testifies // Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully // Lack of Foundation: Mr Lehman and Ms Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2280* | #The Bestt Boredd Apee Yacht Clubb webpage on OpenSea, RIPPSCAHEN00015922-RIPPSCAHEN00015923 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world, that the term "Ape" was used in a generic manner by other cryptocurrency sellers, and on the willfulness issue because it goes to Yuga's wrongful intent for filing suit ///Rule of Completion: A complete screenshot of a webpage, there are no completeness problems raised by the document //Foundation and Authentication: Defendants can lay the foundation for authenticate the screenshot through their familiarity with the website, the crypto industry and other "Ape" collections //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2281* | Bored Ape Vodka Club webpage on OpenSea, RIPPSCAHEN00017192-RIPPSCAHEN00017192 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world, that the term "Ape" was used in a generic manner by other cryptocurrency sellers, and on the willfulness issue because it goes to Yuga's wrongful intent for filing suit ///Rule of Completion: A complete screenshot of a webpage, there are no completeness problems raised by the document //Foundation and Authentication: Defendants can lay the foundation for authenticate the screenshot through their familiarity with the website, the crypto industry and other "Ape" collections //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2282 | Bored Ape Tron Club webpage, RIPPSCAHEN00017228-RIPPSCAHEN00017236 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402 This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10 Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation FRE 602 Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted FRE 801, 802, 803 See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court FRE 403 Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document //Foundataion and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2283* | Twitter post from @ryder_ripps, RIPPSCAHEN00017447-RIPPSCAHEN00017447 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed  // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated //Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements  //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated  Defendants seek to introduce the statement to prove that it was said, not what it said is true |
| JTX-2284* | Bored Ape Solana Club webpage on Magic Eden, RIPPSCAHEN00017581-RIPPSCAHEN00017583 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document //Foundation and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2285* | Twitter post from @ryder_ripps, June 13, 2022, RIPPSCAHEN00017615-RIPPSCAHEN00017615 | Ripps, Cahen | This exhibit is incomplete and misleading as presented  FRE 106<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed  // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated //Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements  //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated  Defendants seek to introduce the statement to prove that it was said, not that what it said is true |
| JTX-2286 | Twitter post from @ryder_ripps, May 14, 2022, RIPPSCAHEN00017752-RIPPSCAHEN00017753 | Ripps | This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of  a statement is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Foundation: This document contains a statement of one of the Defendants  He can lay the foundation as to his statements and his beliefs about any conversation  Defendants are not seeking to use this for the truth of the matter asserted, but rather to demonstrate that the statement was said |
| JTX-2287* | Phunky Ape Yacht Club webpage on OpenSea, RIPPSCAHEN00020141-RIPPSCAHEN00020148 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v Am Prod Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world  It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document //Foundation and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay  Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2288* | Token ID #193 on Looks Rare, RIPPSCAHEN00020648-RIPPSCAHEN00020649 | Ripps, Cahen, Hickman, Lehman | This exhibit is incomplete and misleading as presented  FRE 106  Defendants have modified the exhibit to hide and obscure their infringement as they have admitted during depositions  For those reasons, the exhibit as is, is further misleading and objectionable under FRE 403 | Rule of Completion: As a complete screenshot of how the RRBAYC collection appeared on Looksrare  Defendants did not "modif[y] the exhibit to hid and obscure their infringement" nor did they admit to doing so in their depositions   //FRE 403: This is a highly relevant document to Yuga's claim because it shows the RR/BAYC mark in commerce  The allegation that Defendants "modified" the exhibit and admitted doing so is untrue  As such, Yuga's objection and the salacious accusation supporting it should be disregarded  It is how the webpage appears |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2289 | Bored Ape Solana Club webpage on OpenSea, RIPPSCAHEN00020817-RIPPSCAHEN00020819 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to the issues of wilfulness, Defendants' intent, and whether Yuga surrendered its IP rights to the world. Defendants' motivations are at issue, as a result evidence that Yuga sued Defendants specifically due to their criticism of Yuga's marks is relevant. //Rule of Completeness: As a complete screengrab of a webpage there is no completeness problem with the exhibit. //Foundation and Authentication: Defendants can lay the foundation for and authenticate the document. Defendantsa can testify their familiarity with the Bored Ape Solana Club and the marketplaces it sold NFTS on. Likewise there is no dispute that the document is, in fact, authentic // Hearsay: Defendants are not seeking to use the exhibit for the truth of the matter asserted, but rather to show that any involved statements were made |
| JTX-2290* | Bored Ape Yacht Club webpage on OpenSea, RIPPSCAHEN00020825 | Ripps, Cahen, Hickman, Lehman, Muniz, Aronow, Solano, Atalay | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | Relevance: Evidence of Yuga's use of the market to sell their BAYC NFTs is clearly relevant to this case. Yuga's objection acknoweldges as much. //Rule of Completion: As a full screenshot of a webpage, there is no concern that the exhibit is misleadingly incomplete |
| JTX-2291* | Bored Ape Yacht Club page with listing price on OpenSea, RIPPSCAHEN00021226-RIPPSCAHEN00021227 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2292* | Bored Ape Yacht Club webpage on OpenSea with Ape owned by HughMo, RIPPSCAHEN00021228-RIPPSCAHEN00021229 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2293* | Official Shouting Bored Ape Yacht Club #2344 on OpenSea, RIPPSCAHEN00021230-RIPPSCAHEN00021231 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this exhibit, but instead decided to sue the only critical collection //Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document //Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2294* | YugaLabs homepage on OpenSea, RIPPSCAHEN00026269-RIPPSCAHEN00026269 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | No objection | Relevance: Yuga's use of the market is plainly relevant to their claims and Defendants' defenses //Rule of Completion: As a full screenshot from a webpage there are no completeness worries |
| JTX-2295* | Listed items on RRBAYC.com., YUGALABS_00027472-YUGALABS_00027472 | Ripps, Cahen, Hickman, Lehman | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803 | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete. How Defendants displayed the RRBAYC collection is clearly relevant //Foundation: Defendants and Ms. Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold // Hearsay: Defendants are not using the document to prove the "truth of teh matter asserted" but rather are using it for other purposes such as showing the layout of a website |
| JTX-2296 | RR/BAYC webpage with 108 items listed., YUGALABS_00027473-YUGALABS_00027473 | Ripps, Cahen, Hickman, Lehman | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803 | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete. How Defendants displayed the RRBAYC collection is clearly relevant //Foundation: Defendants and Ms. Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold // Hearsay: Defendants are not using the document to prove the "truth of teh matter asserted" but rather are using it for other purposes such as showing the layout of a website |
| JTX-2297* | Bored Ape Yacht Club collection on foundation., YUGALABS_00040390-YUGALABS_00040390 | Ripps, Cahen, Hickman, Lehman | No objection | Relevance: Yuga concedes that this document is relevant, which is correct as it directly pertains to the false advertising claim // Rule of Completeness: As a complete screenshot of a webpage, there are no completeness concerns with this document |
| JTX-2298* | Trending Collections webpage., YUGALABS_00040406-YUGALABS_00040406 | Ripps, Cahen, Hickman, Lehman | No objection | Relevance: Yuga concedes that this document is relevant, which is correct as it directly pertains to the false advertising claim // Rule of Completeness: As a complete screenshot of a webpage, there are no completeness concerns with this document |
| JTX-2299* | Bored Ape Yacht Club NFT collection, YUGALABS_00040408-YUGALABS_00040408 | Ripps, Cahen, Hickman, Lehman | No objection | Relevance: Yuga concedes that this document is relevant, which is correct as it directly pertains to the false advertising claim // Rule of Completeness: As a complete screenshot of a webpage, there are no completeness concerns with this document |
| JTX-2300 | RRBAYC.COM webpage, June 22, 2022, YUGALABS_00040849-YUGALABS_00040849 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. It is merely a partial document and does not show all instances of infringement by Defendants on this page<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803 | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document. Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper. It only turns on whether statements asserted are presented for the truth of the matter asserted. Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show what the webpage looked like |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2301* | RR/Black Square page on X2Y2, YUGALABS_00040850-YUGALABS_00040850 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented FRE 106, 403, 602 It is merely a partial document and does not show all instances of infringement by Defendants on this page<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper It only turns on whether statements asserted are presented for the truth of the matter asserted Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show what the webpage looked like |
| JTX-2302* | Twitter post from @CryptoTeLuguO, Jan 26, 2023, RIPPSCAHEN00017510-RIPPSCAHEN00017517 | Ripps, Cahen, Hickman, | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403 Whether an NFT is a security is wholly irrelevant to this trial, as the court has already ruled Defendants' repeated failure to accept this Court's rulings is in bad faith Defendants' exhibit also includes a compilation of other random and irrelevant statements that can only serve to mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit lacks foundation and is incomplete and misleading as presented FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 What was the statement used for? There is no relevant purpose provided by Defendants Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: How people used and purchased Yuga BAYC NFTs is relevant to whether BAYC NFTs are securities It is also relevant to willfulness because one of the main criticisms Defendants have of Yuga is that they are engaged in widespread security fraud //Rule of Completeness: As a screenshot of a full tweet there are no completeness concerns presented by this document Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper It only turns on whether statements asserted are presented for the truth of the matter asserted Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show that the statement was used |
| JTX-2303* | Twitter post from @rossmason, Mar 30, 2022, RIPPSCAHEN00017625-RIPPSCAHEN00017641 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403 Whether an NFT is a security is wholly irrelevant to this trial, as the court has already ruled Defendants' repeated failure to accept this Court's rulings is in bad faith Defendants' exhibit also includes a compilation of other random and irrelevant statements that can only serve to mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit lacks foundation and is incomplete and misleading as presented FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 What was the statement used for? There is no relevant purpose provided by Defendants Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: How people used and purchased Yuga BAYC NFTs is relevant to whether BAYC NFTs are securities It is also relevant to willfulness because one of the main criticisms Defendants have of Yuga is that they are engaged in widespread security fraud //Rule of Completeness: As a screenshot of a full tweet there are no completeness concerns presented by this document Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper It only turns on whether statements asserted are presented for the truth of the matter asserted Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show that the statement was used |
| JTX-2304* | Geno, Bored Ape Yacht Club Sells $96 Million of Mutant Ape NFTs in One Hour, Aug 29, 2021, RIPPSCAHEN00019895-RIPPSCAHEN00019901 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403 Whether an NFT is a security is wholly irrelevant to this trial, as the court has already ruled Defendants' repeated failure to accept this Court's rulings is in bad faith Defendants' exhibit also includes a compilation of other random and irrelevant statements that can only serve to mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit lacks foundation and is incomplete and misleading as presented FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 What was the statement used for? There is no relevant purpose provided by Defendants Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: How people used and purchased Yuga BAYC NFTs and their motivations for doing so is relevant to whether BAYC NFTs are securities It is also relevant to willfulness because one of the main criticisms Defendants have of Yuga is that they are engaged in widespread security fraud //Rule of Completeness: As a screenshot of a full tweet there are no completeness concerns presented by this document Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper It only turns on whether statements asserted are presented for the truth of the matter asserted Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show that the statement was used |
| JTX-2305* | Tweet from @BoredApeYC announcing MAYC giveaway to BAYC holders, RIPPSCAHEN000024028-RIPPSCAHEN00002028 | Ripps, Cahen, Muniz | No objection | |
| JTX-2306* | Twitter post from @LilMoonLambo, June 15, 2022, RIPPSCAHEN00017138-RIPPSCAHEN00017140 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403 Defendants have no expert testimony regarding any impact of their allegations on the BAYC brand<br><br>This exhibit lacks foundation and is incomplete and misleading as presented FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim If so, every document would be hearsay Instead, it only excludes documents used for the "truth of the matter asserted" Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2307* | Twitter post form @seabonner, June 15, 2022, RIPPSCAHEN00017604-RIPPSCAHEN00017604 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403. Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand. Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation.//Defendants are aware of the event and conversation surrounding it, and can lay foundation for it.  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other.  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents.  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2308* | Goncharenko, Bored Apes desecrated a famous piece of New York graffiti art, Jul. 18, 2022, RIPPSCAHEN00018506-RIPPSCAHEN00018508 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403. Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand. Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation.//Defendants are aware of the event and conversation surrounding it, and can lay foundation for it.  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other.  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents.  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2309* | Reddit thread, Bored Ape Yacht Club stencils their logo over legendary Nekst tag on Bowey in NYC, RIPPSCAHEN00018641-RIPPSCAHEN00018662 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403. Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand. Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated posts, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation. FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation.//Defendants are aware of the event and conversation surrounding it, and can lay foundation for it.  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other.  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents.  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said and that there was substantial discussion about this event in the relevant community |
| JTX-2310* | Twitter post from @LilMoonLambo, June 15, 2022, RIPPSCAHEN00018942-RIPPSCAHEN00018950 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403. Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand. Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation. FRE 401, 402, 611(a), 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation.//Defendants are aware of the event and conversation surrounding it, and can lay foundation for it.  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other.  All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents.  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2311* | Twitter post form @seabonner, June 15, 2022, RIPPSCAHEN00018975-RIPPSCAHEN00018975 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand  Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it  ///Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be used for the "truth of the matter asserted" Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2312* | Twitter post from @LilMoonLambo, June 15, 2022, RIPPSCAHEN00018976-RIPPSCAHEN00018976 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand  Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it  ///Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted" Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2313* | Twitter post from @ryder_ripps, June 16, 2022, RIPPSCAHEN00019443-RIPPSCAHEN00019447 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand  Defendants' random allegations and conspiracy theories cannot support a relevance argument<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City  This is also relevant as it pertains to Defendants respect of and support of artists and is generally  Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it  Further, they can lay the foundation for their own Tweets  //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim  If so, every document would be hearsay  Instead, it only excludes documents used for the "truth of the matter asserted" Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said |
| JTX-2314* | Withdrawn  Defendants reserve all rights | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  An article about Stereolab has no relevance to this trial  Defendants must withdraw this exhibit<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfulness and Defendants' intent which is directly at issue  Whether Defendants were engaged in good faith artistic belief as to Yuga and its co-founders effects whether Defendants acted willfully  //Rule of Completion: Defendants can lay the foundation to this document and it is substantially complete to not be misleading  ///Hearsay: The intended use of a document as supporting Defendants' case has no bearing on the hearsay analysis  Defendants do not intend to introduce this document for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2315* | Turner, Ryder Ripps, Sept 13, 2016, RIPPSCAHEN00016990-RIPPSCAHEN00016990 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Years old articles about the Defendant have no relevance to this trial  Defendants must withdraw the exhibit  The Defendants' history, including their claims to being an artist do not provide them a license to steal  The Court has already rejected Defendants' arguments and found Defendants to be intentional infringers<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfulness and Defendants' intent which is directly at issue because whether Mr Ripps is a recognized and bona fide artist has bearing on his intent  ///Hearsay: The intended use of a document as supporting Defendants' case is irrelevant to the hearsay analysis  Defendants do not intend to introduce this document for the truth of the matter asserted, but rather for the fact that the statements were made |
| JTX-2316* | Vice, Rydr Ripps Turns Instagram into Virtual Reality ar Venice Biennale, May 17, 2017, RIPPSCAHEN00017086-RIPPSCAHEN00017091 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Years old articles about the Defendant have no relevance to this trial  Defendants must withdraw the exhibit  The Defendants' history, including their claims to being an artist do not provide them a license to steal  The Court has already rejected Defendants' arguments and found Defendants to be intentional infringers<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to Defendants' intent and whether they acted with wilfulness  Mr Ripps' history of criticism and being a recognized bona fide artists directly bears on why he made the RR/BAYC project  //Hearsay: Whether Defendants are using a document to their advantage is irrelevant to the hearsay analysis  Defendants do not intend on introducing the document for the truth of the matter asserted, but rather because it was said |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2317* | NFT Plazas, What is Etherscan & How Can You Use it for NFT Data?, Mar 26, 2012, RIPPSCAHEN00017092-RIPPSCAHEN00017099 | Ripps, Cahen, Hickman, Lehman, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Random articles do not support Defendants' argument re access or that consumers even accessed the material  Defendants' own testimony is that use of the blockchain and Etherscan can be difficult<br><br>This exhibit is lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted FRE 801, 802, 803 | Relevance: This document is relevant as this case involves issues related to on-chain transactions recorded by Etherscan /// Foundation: Defendants can lay foundation for this document through their familiarity with it /// Hearsay: This document is not being introduced for the truth of the matter asserted, but rather to demonstrate the availability of this knowledge to the general public and the simplicity of accessing the knowledge |
| JTX-2318* | Bybit Learn, What is Etherscan and How is it Used?, Jul 29, 2022, RIPPSCAHEN00017100-RIPPSCAHEN00017111 | Ripps, Cahen, Hickman, Lehman, Atalay, Muniz | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Random articles do not support Defendants' argument re access or that consumers even accessed the material  Defendants' own testimony is that use of the blockchain and Etherscan can be difficult<br><br>This exhibit lacks foundation and is incomplete and misleading as presented FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted FRE 801, 802, 803 | Relevance: This document is relevant as this case involves issues related to on-chain transactions recorded by Etherscan /// Rule of Completeness: The document is functionally complete as it contains all of the necessary text and therefore there is no completeness issue // Foundation: Defendants can lay foundation for this document through their familiarity with it /// Hearsay: This document is not being introduced for the truth of the matter asserted, but rather to demonstrate the availability of this knowledge to the general public and the simplicity of accessing the knowledge |
| JTX-2319* | Hypebeast, Bored & Hungry, The First Bored Ape Yacht Club Restaurant Has Officially Opened, Apr 11, 2022, RIPPSCAHEN00017199-RIPPSCAHEN00017209 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate that actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This article is relevant as to whether Yuga has surrendered their IP rights to the world which is a necessary component of their false advertising claim  /Rule of Completeness: The article contains the entire text of the article and is therefore not misleadingly incomplete ///Foundation: Defendants can lay the foundation for this document through their familiarity with it ///Hearsay: Whether Defendants use this document to support their defenses is irrelevant to the hearsay analysis  Defendants do not intend to use the article for the truth of the matter asserted, but rather for the fact that the document was said, and that it was released publicly with wide circulation |
| JTX-2320* | Reeve and Guff, A twisted tale of celebrity promotions, opaque transactions and allegations of racist tropes, Feb  10, 2023, RIPPSCAHEN00019827-RIPPSCAHEN00019836 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness  /// FRE 403: It is misleading to state that the article includes "false and misleading information", Yuga at no point has disproven the allegations underlying this document  Further, it is a probative document in that it explains motivations behind Defendants' intentions in the RR/BAYC project ///Rule of Completeness: This article is a complete screengrab and therefore there is no completeness issue ///Foundation: All parties are familiar with this article and can lay the foundation to it through their familiarity with the document ///Hearsay: Whether Defendants intend to use the document to support their defenses is irrelevant to the hearsay analysis  Defendants do not intend to use the document for the truth of the matter asserted, but rather to show that the statements were said |
| JTX-2321* | CNN clip, NFT That Lured Celebrities Facing Legal Challenged, Was it a Scheme?, RIPPSCAHEN00020082-RIPPSCAHEN00020082 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness  /// FRE 403: It is misleading to state that the article includes "false and misleading information", Yuga at no point has disproven the allegations underlying this document  Further, it is a probative document in that it explains motivations behind Defendants' intentions in the RR/BAYC project ///Rule of Completeness: This article is a complete screengrab and therefore there is no completeness issue ///Foundation: All parties are familiar with this article and can lay the foundation to it through their familiarity with the document ///Hearsay: Whether Defendants intend to use the document to support their defenses is irrelevant to the hearsay analysis  Defendants do not intend to use the exhibit for the truth of the matter asserted, but rather to show that the statements were said |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2322* | Bhardwaj, Bored Ape floor drops below $100K as NFT market takes a huge hit, RIPPSCAHEN00020814-RIPPSCAHEN00020816 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have no expert witness to assess the veracity or impact of this article<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be missing images and appears to be from a publication outside the US<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity  Whether the publication was from outside the United States is irrelevant to this objection //Hearsay: Whether Defendants intend to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2323* | Borg, Crypto Crash Drags NFT Floor Prices Down: BAYC PFPs Now Under 100l, June 14, 2022, RIPPSCAHEN00020876-RIPPSCAHEN00020879 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have no expert witness to assess the veracity or impact of this article<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2324* | Wille, Bored Ape Yacht Club finally responds to neo-Nazism accusations, RIPPSCAHEN00020932-RIPPSCAHEN00020940 | Ripps, Cahen, Hickman, Lehman, Muniz, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This is relevant to Defendants' intent and willfulness //FRE 403: There is no information which has been "confirmed" to be false by any source  Further, Defendants' accusations and Yuga's response are all relevant to willfulness and intent //Rule of Completeness: The article is substantively complete and there is no present completeness concerns //Foundation: Defendants and several Yuga witnesses can lay the foundation for the article, especially their own statements //Hearsay: Any statements made by Yuga affiliates including Ms  Muniz, Yuga's social media accounts, or its co-founders are non-hearsay as admissions by party opponents  Further, there are several aspects of the article which Defendants do not seek to admit for the truth of the matter asserted, but rather because the statement was made |
| JTX-2325* | NFT Prices Drop Steeply, As Crypto Bear Market Continues to Thrive , RIPPSCAHEN00020985-RIPPSCAHEN00020987 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants have no expert witness to assess the veracity or impact of this article<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be missing images<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity  //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2326* | Wave, The (Potential) Origins of the Name "Yuga Labs", Jul  12, 2022, RIPPSCAHEN00021476 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be created by an entity or individual that has hidden its identity and location<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This issue is directly relevant to Yuga's damages claims //Rule of Completeness: The article is substantially complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2327* | Rea K , FTX Bought 101 Bored Apes at the Record-Breaking Sotheby's Auction for $24M, RIPPSCAHEN00022417-RIPPSCAHEN00022419 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  FTX is not at issue in this litigation and Defendants attempts to spin a story - well after their infringement serves only to mislead the jury  Even more, a mini-trial on FTX is not feasible in a three day trial  It is clear that the Defendants want to use FTX merely to hide from their own bad faith and intentional infringement  The rules of evidence do not permit Defendants tactics<br><br>This exhibit is incomplete, irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: Yuga's involvement with FTX  and the public perception that Yuga is involved with FTX is relevant as a possibility of another source of harm for their damages claim //Rule of Completeness: The article is complete and no completeness concerns are present //Foundation: Defendants can lay the foundation for the document through familiarity with the article, as can Ms  Muniz //Hearsay: Whether Defendants intend to use a document to support their defense is irrelevant to the hearsay analysis  Defendants do not plan on using the document to prove the truth of the matter asserted, but rather to show that the article was written in a place the public coud consume it |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2328* | Freeman, SBF, Bored Ape Yacht Club, and the Spectacular Hangover After the Art World's NFT Gold Rush, Jan. 18, 2023, RIPPSCAHEN00022514-RIPPSCAHEN00022529 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury  Even more, a mini-trial on FTX is not feasible in a three day trial  It is clear that the Defendants want to use FTX merely to hide from their own bad faith and intentional infringement  The rules of evidence do not permit Defendants tactics<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated litigations, such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This article is relevant to Yuga's damages claim and to Defendants' intent/willfulness  // FRE 403: There is not false or misleading information in this article, and the fact of other pending litigation is not inherently prejudicial //Rule of Completeness: The article is substantially complete and does not suffer from a completeness problem //Foundation: Both Defendants and several Yuga witnesses including Ms. Muniz can lay foundation as to the existence of the article  //Hearsay: Defendants' use of the article would be hearsay  The article is not being proffered for the truth of the matter asserted, but instead for the fact that it was written |
| JTX-2329* | Prospero, Bored Ape Yacht Club Creators Respond to Racists Iconography Allegations Kind of , RIPPSCAHEN00022793-RIPPSCAHEN00022797 | Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising<br><br>This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value  FRE 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent //FRE 403: Contrary to Yuga's argument, nothing has been "corrected or confirmed to be false" regarding the accusations in this letter  Further, because Defendants' good faith intent is directly at issue, this is a highly probative document  Foundation: Defendants and Yuga's witnesses can lay foundation to this article through familiarity, further Yuga's co-founders can lay foundation to statements attributed to them  ///Rule of Completeness: The entire article is presented and thus there are no completeness concerns present  ///Hearsay: Whether Defendants intend to use the exhibit in support of their defense is irrelevant to the hearsay analysis  The document is not being introduced for the truth of the matter but instead that it was written and consumed by the public |
| JTX-2330* | Wave, The Pickelhaube Problem Bored Ape Yacht Club's Nazi Dogwhistle (Part 1), Oct. 28, 2022, RIPPSCAHEN00022964-RIPPSCAHEN00022978 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be created by an entity or individual that has hidden its identity and location<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent  Foundation: Defendants can lay the foundation to this article through their knowledge of it  Hearsay: Whether Defendants intend to use the article to support their defense is irrelevant to the hearsay analysis  Further, this document is not being used for the truth of the matter but instead to show that it was written and published publicly |
| JTX-2331* | Howard, Bored Ape Yacht Club NFT Prices Fall After FTX Sinks Crypto Market, Nov 10, 2022, RIPPSCAHEN00025276-RIPPSCAHEN00025281 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury  Even more, a mini-trial on FTX is not feasible in a three day trial  It is clear that the Defendants want to use FTX merely to hide from their own bad faith and intentional infringement  The rules of evidence do not permit Defendants tactics<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be missing images<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent  ///Rule of Completion: This exhibit is substantially complete and therefore there are no completeness concerns present  /// Foundation: Defendants can lay the foundation for this article through knowledge of its existence //Hearsay: Whether Defendants intend to use the article to support their defenses is irrelevant to the hearsay analysis  To the extent it is being used to prove the truth of the matter asserted, the document falls within the hearsay exception in FRE 803(17)  Defendants also rely on using this document also to prove that the statements were made and viewed by the public |
| JTX-2332* | Bernstein, What's More Provacative Than Sincerity?, Mar 30, 2023, RIPPSCAHEN00026277-RIPPSCAHEN00026291 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Articles about Defendants' history are a waste of the jury's time, especially when the Court has already found them to be intentional infringers, who are acting in bad faith  Defendants' claim to have an artist does not provide them a license to steal<br><br>Any description regarding Mr. Ripps, Mr. Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury  FRE 403<br><br>This exhibit contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr. Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project ///FRE 403-description: This is a massively broad claim that "any discription" of Defendants is per se a 403 problem  Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue  ///FRE 403-Yuga placed Defendants' motivation and intent at issue  Defendants claims, which have not been proven false, are relevant to Defendants' claims //Hearsay: Whether someone a document to their advantage is irrelevant to the hearsay analysis  Defendants also intend to use this document not to prove the truth of the matter asserted but to establish that the document was written properly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim |

129

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2333* | Bernstein, What's More Provacative Than Sincerity?, Mar 30, 2023, RIPPSCAHEN00026292-RIPPSCAHEN00026299 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

Any description regarding Mr Ripps, Mr Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury  FRE 403

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project //FRE 403-description: This is a massively broad claim that "any description" of Defendants is per se a 403 problem  Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue  //FRE 403-Yuga placed Defendants' motiviation and intent at issue  Defendants claims, which have not been proven false, are patently relevant to that issue, as is how the marketplace reacted to Defendants' claims //Hearsay: Whether Defendants used a document to their advantage is irrelevant to the hearsay analysis  Defendants also intend to use this document not to prove the truth of the matter asserted but to establish that the document was written publicly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim |
| JTX-2334* | BAYC Ape image, RIPPSCAHEN00020786-RIPPSCAHEN00020786 | Ripps, Cahen, Hickman | subject to FRE 401 and 403 depending on Defendants' purpose for using the document

Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2335 | BAYC Ape image, RIPPSCAHEN00020787-RIPPSCAHEN00020787 | Ripps, Cahen, Hickman | subject to FRE 401 and 403 depending on Defendants' purpose for using the document

Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2336 | BAYC Ape image, RIPPSCAHEN00020788-RIPPSCAHEN00020788 | Ripps, Cahen, Hickman | subject to FRE 401 and 403 depending on Defendants' purpose for using the document

Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2337* | BAYC Ape image, RIPPSCAHEN00020789-RIPPSCAHEN00020789 | Ripps, Cahen, Hickman | subject to FRE 401 and 403 depending on Defendants' purpose for using the document

Objection under FRE 106 as this exhibit is incomplete and misleading as presented | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including that Yuga uses problematic imagery //Rule of Completeness: This document is the entire picture of a BAYC jpg and therefore there are not completeness issues |
| JTX-2338* | Messages with @Pauly0x, Jan 2, 2022, SENECA0001-SENECA0013 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising

This exhibit contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  FRE 403

This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This exhibit is relevant to Defendants' intent and willfulness  It is also relevant to show that others recognized problematic features in Yuga's products which could point to other sources of brand harm //FRE 403: None of the claims at issue have been falsified including those pertaining to problematic imagery in Yuga's marks //Unrelated Conversations: This exhibit includes conversation between one of the Defendants and the artist responsible for some of the at issue marks  That the acknowledged problematic imagery in Yuga's products is necessarily relevant //Foundation: Mr Cahen can lay the foundation as he was a party to the conversation //Hearsay: Whether Defendants intend to use an exhibit to their benefit is irrelevant to the hearsay analysis  Defendants do not intend to introduce the statements for the truth of the matter asserted, but rather because they were said and who said them  This is relevant as to whether people who saw Yuga's products agreed that problematic imagery was involved pointing to other sources of brand harm |
| JTX-2339* | Bored Ape Wear- About page , RIPPSCAHEN00016000-RIPPSCAHEN00016001 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am Prod Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Nov  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this document through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2340* | Ape Water homepage- Ape #5382, RIPPSCAHEN00016009-RIPPSCAHEN00016011 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2341* | NovaMen webpage with BoredApe t-shirt in black for sale, RIPPSCAHEN00016923-RIPPSCAHEN00016923 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2342* | NovaMen webpage with BoredApe t-shirt in black for sale, RIPPSCAHEN00016924-RIPPSCAHEN00016924 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2343* | NovaMen webpage with BoredApe t-shirt in cream for sale, RIPPSCAHEN00016925-RIPPSCAHEN00016925 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C v BuzzBox Beverages, Inc , No ED14CV01725, 2016 WL 7496769, at *3 (C D Cal Apr 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc v Am Prod Co , No 04-cv-1240, 2004 WL 5644805, at *29 (C D Cal Oct 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2344* | NovaMen webpage Wake & BAYC - Black Logo Custom Tee, RIPPSCAHEN00016940-RIPPSCAHEN00016940 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief. //Completeness: This is a full screenshot of a webpage and no completeness issues are present. //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit. //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website. //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfullness |
| JTX-2345 | Wake & BAYC homepage, RIPPSCAHEN00016941-RIPPSCAHEN00016941 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief. //Completeness: This is a full screenshot of a webpage and no completeness issues are present. //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit. //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website. //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2346* | Bored Coffee homepage, RIPPSCAHEN00016942-RIPPSCAHEN00016942 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief. //Completeness: This is a full screenshot of a webpage and no completeness issues are present. //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit. //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website. //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfullness |
| JTX-2347 | Bored Ape Gaming homepage, RIPPSCAHEN00016943-RIPPSCAHEN00016943 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief. //Completeness: This is a full screenshot of a webpage and no completeness issues are present. //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit. //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website. //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2348* | Boredjobs homepage, RIPPSCAHEN00016944-RIPPSCAHEN00016944 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2349* | Bend Ape Staking webpage on BendDAO, RIPPSCAHEN00016949-RIPPSCAHEN00016949 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2350* | Bored ape yacht club "degenerates only" shirts , RIPPSCAHEN00017039-RIPPSCAHEN00017053 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2351* | 6184 Circle Trucker hat-White , RIPPSCAHEN00017144- RIPPSCAHEN00017146 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2352* | 6184 Bored & Hungry Circle T-shirt- Black, RIPPSCAHEN00017147- RIPPSCAHEN00017151 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2353* | Apetropic Genius Chews on Amazon , RIPPSCAHEN00017154- RIPPSCAHEN00017163 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2354 | Photo of Bored Ape IPA, RIPPSCAHEN00017187-RIPPSCAHEN00017187 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2355* | Twitter post from @cranky_ranky, Jul. 2, 2021, RIPPSCAHEN00017188-RIPPSCAHEN00017188 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2356* | Twitter post from @richyrich, Feb. 4, 2023, RIPPSCAHEN00017195-RIPPSCAHEN00017195 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2357 | Photo of Unhitched Brewing Co -Bored Ape Berry Saison, RIPPSCAHEN00017196-RIPPSCAHEN00017196 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2358* | Twitter post form @BoredmHungry, Apr  9, 2022, RIPPSCAHEN00017197-RIPPSCAHEN00017198 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2359* | Twitter post from @jawe_eth, Dec  26, 2022, RIPPSCAHEN00017220-RIPPSCAHEN00017220 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2360 | Twitter post from @BoredApeWine, Apr 4, 2022, RIPPSCAHEN00017245-RIPPSCAHEN00017245 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2361 | Google search of Bored Ape Wear , RIPPSCAHEN00017251-RIPPSCAHEN00017250 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2362* | Google image search of Bored Ape Wear , RIPPSCAHEN00017252-RIPPSCAHEN00017251 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2363* | Twitter post from @ParadoxCycle505, RIPPSCAHEN00017252-RIPPSCAHEN00017252 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2364* | Twitter page of @BAYCTron, RIPPSCAHEN00017292-RIPPSCAHEN00017322 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr. 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters. Int'l, Inc  v  Am Prod Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W., Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT/crypto space  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2365* | Photo of Half BAYCD - BAYCD Pass, RIPPSCAHEN00017543-RIPPSCAHEN00017543 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr. 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters. Int'l, Inc  v  Am Prod Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal Oct. 7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W., Inc  v  ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal Sept. 19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W., Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness |
| JTX-2366* | Home page of ApeSwap: Your One-Stop DeFi Hub, RIPPSCAHEN00017547-RIPPSCAHEN00017550 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr. 12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters. Int'l, Inc  v  Am Prod Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal Oct. 7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W., Inc  v  ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal Sept 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This exhibit is relevant to demonstrate that others used the term "Ape" in commerce in the NFT space before Yuga and that Ape is a generic term in the crypto space //Completeness: This is a screen grab of an entire webpage and therefore there are no completeness concerns with the exhibit //Foundation: Defendants can lay the foundation for this exhibit through personal knowledge //Hearsay: Defendants do not intend to use this exhibit for the truth of the matter asserted, but rather, for the fact it was stated which is a relevant fact to Yuga's use of the term "Ape" |
| JTX-2367* | Twitter post from @hWonderofWorld, Jul  15, 2022, RIPPSCAHEN00017679-RIPPSCAHEN00017681 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  It should also be excluded for the reasons identified in Yuga Labs' Motion in Limine No 1<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  One of Defendants' business partners' post-litigation justifications has limited probative value  Indeed, in the exhibit Defendants' business partner contemplates ways to further harm Yuga Labs, creating further confusion as to the relevant issues for the jury  None of this relates to Defendants trademark infringement, cybersquatting, or false advertising<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant to Defendants' intent and wilfulness  This exhibit goes to whether people understood that Yuga surrendered its IP to the world, which is relevant to Defendants' state of mind  //Completeness: The exhibit shows the entire tweet and therefore there are no completeness concerns present //Foundation: Defendants can lay foundation to the document through personal knowledge of the Tweet //Authentication: There is no dispute that the exhibit is not an authentic copy, and Defendants can authenticate the tweet through their personal knowledge //Hearsay: Defendants do not intend to rely on the statements for the truth of the matter asserted, but rather that it was said which is relevant as to whether people understood Yuga having surrendered its IP rights |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2368* | Superplastic X BAYC webpage , RIPPSCAHEN00018424- RIPPSCAHEN00018424 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This exhibit is relevant to damages, wilfulness and whether BAYC owned the mark because it is relevant to whether BAYC were goods and whether Defendants had a good faith belief that BAYC were unregistered securities //Completeness: The exhibit is a complete webpage screen grab and therefore there are no completeness concerns present //Foundation: Yuga's witnesses including Ms  Muniz can lay foundation through familiarity with this partnership, Defendants can lay foundation for the fact that they were familiar with the partnership //Authentication: There is no dispute that the document is not what it purports to be, further Defendants or Ms  Muniz can authenticate the document through personal knowledge //Hearsay: Defendants are not intending to use the exhibit for the truth of the matter asserted, but rather for the fact that it was asserted |
| JTX-2369* | "Welcome Primates" Standard Collection page , RIPPSCAHEN00018560- RIPPSCAHEN00018560 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: The entire statement at issue is included in the exhibit and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2370* | Mutant Ape Tron Club Collection webpage, RIPPSCAHEN00018561- RIPPSCAHEN00018561 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: This is a complete screen grab of a webpage and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2371* | Bored Ape Tron Club webpage, RIPPSCAHEN0018562- RIPPSCAHEN00018562 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: This is a complete screen grab of a webpage and therefore no completeness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2372* | Photo of Unhitched Brewing Co -Bored Ape Berry Saison, RIPPSCAHEN00018567-RIPPSCAHEN00018567 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt 225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of the beer //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2373* | Twitter post from @jawe_eth, Dec  26, 2022, RIPPSCAHEN00018588-RIPPSCAHEN00018588 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the Tweet and sweatshirt //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2374* | Bored Ape Tron Club Minting Event Webpage , RIPPSCAHEN00018599-RIPPSCAHEN00018606 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This document is relevant to damages, wilfulness, and Defendants' intent because it goes to whether they could believe that Yuga surrendered its IP to the world //Completeness: This is a complete screen grab of a webpage and therefore no completness concerns are present ///Foundation: Defendants can lay foundation to this document through personal knowledge of its existence //Authentication: Likewise Defendants can authenticate this document //Hearsay: Defendants do not intend to introduce this exhibit to prove the truth of the matter asserted, but rather to show that the statement was made |
| JTX-2375* | Twitter post from @BoredApeWine, Apr  4, 2022, RIPPSCAHEN00018616-RIPPSCAHEN00018616 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2376* | Bored Ape X Club Home Page, RIPPSCAHEN00018625-RIPPSCAHEN00018628 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2377 | Bored Ape Yacht Club CBD Lemonade webpage , RIPPSCAHEN00018629-RIPPSCAHEN00018638 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website and knowledge //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2378* | Twitter page of @BAYCTron, RIPPSCAHEN00018663-RIPPSCAHEN00018693 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2379* | Twitter post from @BAYCTron, May 2, 2022, RIPPSCAHEN00018694-RIPPSCAHEN00018694 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2380* | "BO RING SKULL" Webpage, RIPPSCAHEN00018698-RIPPSCAHEN00018698 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets, even involving the "ape skull" logo  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2381* | Full Body Ape #498 on OpenSea, RIPPSCAHEN00018907-RIPPSCAHEN00018907 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2382* | IVAC- Island Voyage Ape Club home page, RIPPSCAHEN00018922-RIPPSCAHEN00018937 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2383* | Welcome to the Island Voyage Ape Club page , RIPPSCAHEN00018938-RIPPSCAHEN00018938 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crypto markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2384* | IVAC- "Purchase an IVAC from the Secondary Market" webpage , RIPPSCAHEN00018939-RIPPSCAHEN00018939 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2385* | Twitter page of @BAYCMoonriver, RIPPSCAHEN00018961-RIPPSCAHEN00018971 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |
| JTX-2386* | Gender Neutral Bored Ape Yacht Club- Graphic Tshirt for kids, RIPPSCAHEN00018985-RIPPSCAHEN00018985 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2387* | Photo of Apes vs Mutants toy, RIPPSCAHEN00019794-RIPPSCAHEN00019794 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless "  Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world  It is also relevant to willfulness and Defendants' intent in forming that belief //Completeness: This is a full screenshot of a webpage and no completeness issues are present //Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit //Authentication: Defendants can authenticate this exhibit through personal knowledge of the website //Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2388* | Superplastic x BAYC flyer, RIPPSCAHEN00019795-RIPPSCAHEN00019795 | Ripps, Cahen, Muniz | No objection | Relevance: This is relevant to damages, wilfulness and whether BAYC owned the mark because it is relevant to whether BAYC were goods and whether Defendants had a good faith belief that BAYC were unregistered securities //Completeness: The exhibit is a complete webpage screen grab and therefore there are no completeness concerns present //Foundation: Yuga's witnesses including Ms  Muniz can lay foundation through familiarity with this partnership, Defendants can lay foundation for the fact that they were familiar with the partnership //Authentication: There is no dispute that the document is not what it purports to be, further Defendants or Ms  Muniz can authenticate the document through personal knowledge //Hearsay: Defendants are not intending to use the exhibit for the truth of the matter asserted, but rather for the fact that it was asserted |
| JTX-2389* | Photo of Superplastic x BAYC box, RIPPSCAHEN00019796-RIPPSCAHEN00019796 | Ripps, Cahen, Muniz | No objection | Relevance: This is relevant to damages, wilfulness and whether BAYC owned the mark because it is relevant to whether BAYC were goods and whether Defendants had a good faith belief that BAYC were unregistered securities //Completeness: The exhibit is a complete webpage screen grab and therefore there are no completeness concerns present //Foundation: Yuga's witnesses including Ms  Muniz can lay foundation through familiarity with this partnership, Defendants can lay foundation for the fact that they were familiar with the partnership //Authentication: There is no dispute that the document is not what it purports to be, further Defendants or Ms  Muniz can authenticate the document through personal knowledge //Hearsay: Defendants are not intending to use the exhibit for the truth of the matter asserted, but rather for the fact that it was asserted |
| JTX-2390* | Twitter post from @SlamDiegoZoo, Jun 20, 2021, RIPPSCAHEN00019803-RIPPSCAHEN00019803 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants improperly attempt to attack third parties to then bias the jury against Yuga Labs  Such tactics violate Rule 403  And Defendants have no evidence that this exhibit actually impacted Yuga Labs brand in any material or negative way  Finally, the Court has already rejected Defendants arguments regarding Yuga Labs surrendering any IP rights  Indeed, Defendants have now admitted that Yuga Labs owns the BAYC Marks<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to damages, wilfulness and whether BAYC surrendered its IP to the world  It could point to alternative sources of harm to Yuga's brand //Foundation: Both Yuga's witnesses and Defendants can lay the foundation for this document through personal knowledge //Completeness: The entire Tweet is shown and therefore there are no completeness issues //Hearsay: Defendants do not intend to introduce the Tweet for the truth of the matter asserted, but rather to prove that the statement was made |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2391* | Photo of Ape Towing truck, RIPPSCAHEN00019817-RIPPSCAHEN00019817 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)

This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This photograph contains all of the necessary parts to it and as such no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of this brand.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2392* | Bored Ape Solana Club- Apes Together Strong webpage, RIPPSCAHEN00020820-RIPPSCAHEN00020820 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world, including in the NFT and crytpo markets. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |
| JTX-2393 | Photo of several cans of Ape Water, RIPPSCAHEN00021019-RIPPSCAHEN00021019 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)

This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This photograph contains all of the necessary parts to it and as such no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of this brand.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness |

145

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2394* | Bored Ape yacht Club t-shirt designs, RIPPSCAHEN00021289- RIPPSCAHEN00021294 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete listing and description of an apparel product and complete pictures of other apparel products for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's marks |
| JTX-2395* | Google search of Bored Ape clothes, RIPPSCAHEN00025247- RIPPSCAHEN00025251 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Potential third party infringers do not excuse Defendants' infringement  Even more, Defendants have no evidence of the impact of these images on Yuga Labs' brand  Unlike Defendants, none of these images were used to promote themselves as the number one competitor to Yuga Labs<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a full google search screenshot, including several different vendors selling relevant apparel and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's marks |
| JTX-2396* | Bored Ape Yacht Club Inspired NFT Attire, Copy/Paste Crypto Baby Bodysuit, RIPPSCAHEN00026256- RIPPSCAHEN00026259 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a full listing and description of an apparel product and pictures of other apparel for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2397* | Physical exhibit RIPPSCAHEN00018454 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of a poster for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's alleged marks |
| JTX-2398* | Physical exhibit RIPPSCAHEN00018455 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's alleged marks |
| JTX-2399* | Physical exhibit RIPPSCAHEN00018456 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga   // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2400* | Physical exhibit RIPPSCAHEN00018457 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2401* | Physical exhibit RIPPSCAHEN00018458 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a pillow for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2402* | Physical exhibit RIPPSCAHEN00018459 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence

This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)

This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)

This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a patch for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2403* | Physical exhibit RIPPSCAHEN00018460 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a box for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2404* | Physical exhibit RIPPSCAHEN00018461 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a phone case for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2405* | Physical exhibit RIPPSCAHEN00018462 | Ripps, cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a mug for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2406 | Physical exhibit RIPPSCAHEN00018463 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)   This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)   This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers   This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)   This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a disposible nicotine device for sale and use of Yuga's alleged marks /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2407* | Physical exhibit RIPPSCAHEN00018464 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)   This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)   This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers   This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)   This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a mug for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2408 | Physical exhibit RIPPSCAHEN00018465 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No , ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)   This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)   This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers   This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)   This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2409* | Physical exhibit RIPPSCAHEN00018466 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2410* | Physical exhibit RIPPSCAHEN00018467 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2411* | Physical exhibit RIPPSCAHEN00018468 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2412* | Physical exhibit RIPPSCAHEN00018469 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus, it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2413* | Physical exhibit RIPPSCAHEN00018470 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus, it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2414* | Physical exhibit RIPPSCAHEN00018471 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)  This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)  This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus, it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2415* | Physical exhibit RIPPSCAHEN00018472 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks   /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2416* | Physical exhibit RIPPSCAHEN00018473 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a clock for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2417 | Physical exhibit RIPPSCAHEN00018474 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a bottle of wine for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2418* | Physical exhibit RIPPSCAHEN00018475 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc v Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006) to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a bottle of wine for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2419* | Physical exhibit RIPPSCAHEN00022704 | Ripps, and Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc v Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2420* | Physical exhibit RIPPSCAHEN00022705 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016)<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc v Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2421* | Physical exhibit RIPPSCAHEN00022706 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of coffee for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2422* | Physical exhibit RIPPSCAHEN00026203 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of apparel for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2423* | Physical exhibit RIPPSCAHEN00026204 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of footwear for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2424* | Physical exhibit RIPPSCAHEN00026272 | Ripps, Cahen Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a framed print for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2425* | Physical exhibit RIPPSCAHEN00026273 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a phone case for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2426* | Physical exhibit RIPPSCAHEN00026274 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am  Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  // Completeness: The document contains a complete picture of a t-shirt for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2427* | Physical exhibit RIPPSCAHEN00026275 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  /// Completeness: The document contains a complete picture of a backpack for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2428* | Physical exhibit RIPPSCAHEN00026276 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence<br><br>This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless " Dkt  225 at 10  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce  See BuzzBallz, L L C  v  BuzzBox Beverages, Inc , No  ED14CV01725, 2016 WL 7496769, at *3 (C D  Cal  Apr  12, 2016)<br><br>This exhibit lacks foundation  FRE 602  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales  See Icon Enters  Int'l, Inc  v  Am Prod  Co , No  04-cv-1240, 2004 WL 5644805, at *29 (C D  Cal  Oct  7, 2004)<br><br>This exhibit lacks authenticity  FRE 901, 902  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted  FRE 801, 802, 803  See Internet Specialties W , Inc  v  ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006)<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court  FRE 403  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others  Thus,  it is relevant to damages and intent  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga  /// Completeness: The document contains a complete picture of beverages for sale and use of Yuga's alleged marks  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks |
| JTX-2429* | CoinGecko chart, Apr  30, 2022, RIPPSCAHEN00019913-RIPPSCAHEN00019913 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created  FRE 106, 401, 402, 602, 901  The chart misleadingly omits data before August 19, 2021 and data after November 19, 2022, despite the apparent availability of data for those months<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This exhibit lacks any identifying date or URL to authenticate  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This ichart provides data regarding BAYC NFT floor price over time  This document is relevant to damages  // Completeness: This is a complete picture of the chart as it appears on CoinGecko  //Foundation: Defendants can lay the foundation for the document through familiarity  //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis  To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants |
| JTX-2430 | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2431* | Direct Messages- vasa and hwonder et al , June 23, 2022 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This technical discussion with a third party is unrelated to any issue in dispute and would serve to only mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is missing multiple images<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, is inadmissible hearsay for which no exception applies  FRE 801–803  The reference in the messages to external communications is hearsay within hearsay for which no exception is applicable  FRE 801-803 | Relevance: This document is relevant as it shows information about developments Defendants wanted to make to rrbaye project, which is relevant to willfulness and intent  /// Completeness: This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat  There is nothing misleading about the presentation of this group chat  /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbaye project development timeline or Defendants' state of mind  Furthermore, some direct messages fall under the present sense impression hearsay exception |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2432* | Direct Messages- FenXx andd jimdrang et al , May 22, 2022, LEHMAN0000291-LEHMAN0000291 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403 This technical discussion with third parties lacks context, is unrelated to any issue in dispute, and would serve to only mislead the jury and waste the time of the parties, court, and jury

This exhibit is incomplete and misleading as presented FRE 106, 403 It is missing multiple images

This exhibit contains nonparty data for which there is no foundation FRE 602 To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies FRE 801–803 The reference in the messages to external communications is hearsay within hearsay for which no exception is applicable FRE 801-803 | Relevance: This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent /// Completeness: This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat There is nothing misleading about the presentation of this group chat /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2433 | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2434* | Chat between middlemarch eth and Pauly Shore, May 24, 2022 | Hickman, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  A technical discussion regarding a feature of the RR/BAYC smart contract is unrelated to any issue in dispute and would serve to only mislead the jury and waste the time of the parties, court, and jury

This exhibit is incomplete and misleading as presented  FRE 106, 403  It is missing multiple images, and it is only part of a conversation

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness: This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat There is nothing misleading about the presentation of this group chat /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect rrbayc project development timeline or Defendants' state of mind Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2435* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2436* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2437* | Message from Pauly Shore discussing Yuga case update, LEHMAN0000315-LEHMAN0000315 | Cahen and Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  These messages contain no relevant information, they merely reference information and events external to this communication

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies FRE 801–803 | Relevance: This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticisms of Yuga /// Completeness: This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay: The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2438* | Withdrawn  Defendants reserve all rights | N/A | No objection | Withdrawn  Defendants reserve all rights |
| JTX-2439* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2440* | Chat between YS and Ryder Ripps , LEHMAN0000318-LEHMAN0000318 | Lehman, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  Messages by third parties regarding unrelated activities by other parties are irrelevant to this dispute

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant as it demonstrates third party sentiment regarding the NFT market during the relevant time period and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness: This exhibit is an accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of the NFT market |
| JTX-2441* | Message from Pauly Shore, LEHMAN0000319-LEHMAN0000319 | Lehman, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticism of Yuga /// Completeness: This exhibit is an accurate representation of group chat message, including authors and timestamps /// Hearsay: The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2442* | Chat between YS and ghost et al , Dec  22, 2022, LEHMAN0000321-LEHMAN0000321 | Lehman, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  This exhibit contains irrelevant messages and unsubstantiated allegations that would only mislead the jury and waste the time of the parties, court, and jury

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant as it demonstrates third party sentiment regarding the NFT market, third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness: This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2443* | Message from Hwonder , LEHMAN0000322-LEHMAN0000322 | Lehman, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications  This exhibit contains messages discussing subject matter that is omitted from the exhibit

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness: This exhibit is an accurate representation of group chat message, including author and timestamp /// Hearsay: The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2444* | Chat between Pauly Shore and Matt, LEHMAN0000323-LEHMAN0000323 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages contain unsubstantiated allegations and references to unrelated third party activities that would only serve to mislead the jury

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications  The subject matter of the communications with the third party is not evident

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2445* | Message from Pauly Shore, LEHMAN0000324-LEHMAN0000324 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The messages in this exhibit regarding unrelated, third party projects could serve no purpose other than to mislead the jury

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2446* | Message from Pauly Shore, LEHMAN0000325-LEHMAN0000325 | Cahen, Lehman | No objection | |
| JTX-2447* | Message from Hwonder, LEHMAN0000326-LEHMAN0000326 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The messages concern unrelated activities by other actors unaffiliated with Yuga Labs  One message disclaims Yuga Labs' role in these alleged activities  This exhibit would mislead the jury

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2448* | Chat between Ben0x and Hwonder , LEHMAN0000327-LEHMAN0000327 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications  The subject matter that the comments are responding to was omitted

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2449* | Message from Hwonder, LEHMAN0000328-LEHMAN0000328 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications  The subject matter that the messages are responsive to was omitted

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2450* | Chat between Pauly Shore and Jack Diddly , LEHMAN0000329-LEHMAN0000329 | Cahen, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The message from the third party is wholly unrelated to any issue in dispute

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2451* | Message from Hwonder, LEHMAN0000332-LEHMAN0000332 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages lack any information regarding the subject matter of the alleged criticism  This exhibit would only mislead the jury

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2452* | Chat between Hwonder and ghost , LEHMAN0000333-LEHMAN0000333 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This conversation has no context to indicate it is about Yuga Labs and would  mislead the jury

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403

This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2453* | Message from Hwonder, LEHMAN0000334-LEHMAN0000334 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages are unsubstantiated allegations and would serve no purpose other than to mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2454* | Message from Hwonder , LEHMAN0000335-LEHMAN0000335 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   The messages at the top are entirely unrelated to this dispute and would serve only to mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2455* | Message from Hwonder , LEHMAN0000336-LEHMAN0000336 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  These messages are speculative, unsubstantiated allegations and would serve no purpose other than to mislead the jury<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp /// Foundation:  the speakers in the document can lay foundation based on personal knowledge /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2456* | Message from Hwonder , LEHMAN0000337-LEHMAN0000337 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  These messages are speculative, unsubstantiated allegations and would serve no purpose other than to mislead the jury<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Foundation:  the speakers in the document can lay foundation based on personal knowledge /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2457* | Message from Hwonder , LEHMAN0000340-LEHMAN0000340 | Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   These messages are speculative, unsubstantiated allegations and would serve no purpose other than to mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2458* | Message from Pauly Shore, LEHMAN0000341-LEHMAN0000341 | Cahen, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications  There is no identification of the speaker or any information about the referenced statement<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803  The reference to a statement made by a third party is hearsay within hearsay for which no exception is applicable | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga  This is relevant to damages  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps   /// Hearsay:  The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga |
| JTX-2459* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2460* | Message from Hwonder , LEHMAN0000344-LEHMAN0000344 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit features a technical discussion with speculative conclusions and is wholly unrelated to any issue in dispute  It would serve to only mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications  The identity of the first speaker is entirely omitted in this exhibit<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2461* | Chat between ghost and Pauly Shore et al , LEHMAN0000345-LEHMAN0000345 | Cahen, Lehman | No objection | |
| JTX-2462* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2463* | Message from Pauly Shore, LEHMAN0000347-LEHMAN0000347 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The message is devoid of any context and fails to indicate the identity of the party referenced in the message  It would only mislead the jury<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  4<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind  ///  Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp  ///  Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2464* | Message from Hwonder , LEHMAN0000348-LEHMAN0000348 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  Messages regarding third party projects are entirely unrelated to this dispute and would serve only to mislead the jury and waste the time of the parties, court, and jury<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  3<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga  ///  Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  ///  Hearsay:  This exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2465* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2466* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2467* | Message from Pauly Shore, LEHMAN0000351-LEHMAN0000351 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages are wholly unrelated to any issue in this dispute and would mislead the jury  Defendants' personal information is unrelated to any issue in this dispute<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications  The subject matter of these messages is unclear and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project  ///  Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamp  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2468* | Message from Ryder Ripps , LEHMAN0000352-LEHMAN0000352 | Ripps, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit does not concern Defendants' intentions for the RRBAYC project or their criticisms of Yuga Labs  Rather, these messages are unsubstantiated allegations<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803  The reference to a third-party message is hearsay within hearsay for which no exception is applicable | Relevance:  This document is relevant as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2469* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2470* | Message from Hwonder , LEHMAN0000354-LEHMAN0000354 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages do not reveal any sentiment, either positive or negative, regarding RR/BAYC NFTs or Ape Market  These messages are entirely divorced from any context and would serve to only mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding the rrbayc project during the relevant time period  ///  Completeness:  This exhibit is an accurate representation of the group chat, including authors and timestamps  There is nothing misleading  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of the rrbayc project |
| JTX-2471* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2472* | Message from Pauly Shore , LEHMAN0000356-LEHMAN0000356 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages are entirely unrelated to any issue in this dispute  They are unsubstantiated allegations by a Defendant<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications  There is no context regarding the meaning of the messages or the subject matter of the discussion<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  ///  Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' criticisms of Yuga |
| JTX-2473* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2474* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2475* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2476* | Message from Pauly Shore , LEHMAN0000360-LEHMAN0000360 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages regarding unrelated third parties are wholly irrelevant to any issue in this dispute  They are unsubstantiated allegations by a Defendant<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications  The identity of the party that sent the first message is omitted while the message remains legible<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  ///  Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' criticisms of Yuga |
| JTX-2477* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2478* | Chat between Pauly Shore and Hwonder, LEHMAN0000362-LEHMAN0000362 | Cahen, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages would only mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications  The subject matter of these messages is not evident<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project   ///  Completeness:  This exhibit includes complete and accurate group chat messages, including authors and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2479* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2480* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2481* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2482* | Message from Hwonder, LEHMAN0000366-LEHMAN0000366 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages are unrelated to this dispute because they are concern a third party collection<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No 3<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers or the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga during the relevant time period   ///  Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of Yuga |
| JTX-2483* | Message from Pauly Shore, LEHMAN0000367-LEHMAN0000367 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This message by Defendants contains unsubstantiated allegations and would serve to only mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps  There is nothing misleading   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2484* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2485* | Message from Ryder Ripps, LEHMAN0000369-LEHMAN0000369 | Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages by Defendants contain unsubstantiated allegations and would serve to only mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the date of the communications<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2486* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2487* | Chat between hwonder and middlemarch eth, Oct  19, 2022, LEHMAN0000371-LEHMAN0000371 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The last message indicates the referenced messages are unrelated to Yuga Labs  Also, this exhibit contains entirely irrelevant messages to this dispute and would mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is only part of a conversation<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfullness and intent as it sheds light on Defendants' criticisms of Yuga  /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2488* | Chat between hwonder and middlemarch eth, Nov  10, 2022, LEHMAN0000372-LEHMAN0000372 | Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The technical developments discussed in these messages are unrelated to any issue in this dispute and would only mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is only part of a conversation<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfullness and intent as it sheds light on Defendants' criticisms of Yuga  /// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2489* | Message from Hwonder, LEHMAN0000373-LEHMAN0000373 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  These messages are unsubstantiated allegations and are unrelated to any issue in this dispute<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803  The reference to external communications is hearsay within hearsay for which no exception is applicable | Relevance:  This document is relevant to willfullness and intent as it relates to Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of the group chat message, including authors and timestamp   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the purpose of the rrbayc project |
| JTX-2490* | Chat between docetail and hwonder, Dec  30, 2022, LEHMAN0000374-LEHMAN0000374 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit contains messages regarding unrelated third parties that are wholly irrelevant to this dispute and would only mislead the jury<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  There is no clear indication of the speakers<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it relates to Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of the group chat message, including authors and timestamps  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the purpose of the rrbayc project |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2491* | Message from Pauly0x, Oct 28, 2022, LEHMAN0000375-LEHMAN0000375 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  These messages are wholly unrelated to this dispute and would serve to only mislead the jury<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  Several of the messages displayed are disproportionately small and difficult to read<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant to willfullness  It demonstrates events that were impacting Defendants' state of mind during the relevant time period |
| JTX-2492* | Message from Pauly0x, Dec 8, 2022, LEHMAN0000376-LEHMAN0000376 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   Unrelated lawsuits brought by third parties are irrelevant to this dispute and would only mislead the jury<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga  Thus,  it is relevant to damages and intent  // Completeness: The document contains a complete tweet, including author and timestamp  /// Hearsay: The document is not being offered for the truth, but only for the existence of other occurences that were impacting Yuga financially during the relevant time period |
| JTX-2493* | Message from Pauly0x, Dec 13, 2022, LEHMAN0000377-LEHMAN0000377 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   Messages concerning depositions that were never taken in connection with this lawsuit are wholly irrelevant to the jury's decisions at trial and would mislead the jury<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2494* | Message from Pauly0x, Jan 9, 2023, LEHMAN0000378-LEHMAN0000378 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The subject matter of these messages has been resolved and these messages would only mislead the jury<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2495* | Message from Pauly0x, Jan 16, 2023, LEHMAN0000379-LEHMAN0000379 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit contains information that is further irrelevant as Defendants' claims on this issue have been dismissed  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness: This exhibit is an accurate representation of the group chat message, including author and timestamp  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2496* | Message from Pauly0x, Jan 16, 2023, LEHMAN0000380-LEHMAN0000380 | Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit contains no indication what the underlying subject matter of this message is or the identity of the party discussed<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' criticisms of Yuga   /// Completeness: This exhibit is an accurate representation of the group chat message, including author and timestamp  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2497* | Message from hwonder, Dec 22, 2022, LEHMAN0000381-LEHMAN0000381 | Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2498* | Message from hwonder, Dec 22, 2022, LEHMAN0000382-LEHMAN0000382 | Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The subject matter of these messages has already been resolved and is wholly unrelated to any issues in dispute<br><br>To the extent Defendants attempt to rely on this exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps  /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind |
| JTX-2499* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2500* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2501* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2502* | Blue Ape with bunny ears, RIPPSCAHEN00013404-RIPPSCAHEN00013404 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear if this image was ever even shown to the public<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803  See Internet Specialties W , Inc v ISPWest, No  CV 05-3296, 2006 WL 4568796, at *2 (C D  Cal  Sept  19, 2006) | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their cristicisms of Yuga  /// Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2503* | List of NFTs with floor prices, RIPPSCAHEN00013438-RIPPSCAHEN00013438 | Ripps, Cahen, Hickman, Lehman | No objection; except for relevance FRE 401 as the source and date of the exhibit is unclear | |
| JTX-2504* | UK Intellectual Property Office Trademark number UK00003718328, RIPPSCAHEN00014222-RIPPSCAHEN00014222 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2505 | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2506* | Twitter post from @0xSlykx, May 27, 2022, RIPPSCAHEN00013249-RIPPSCAHEN00013250 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant as it shows reservation procedures for the rrbayc project, which is relevant to willfullness and confusion  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project reservation procedures |
| JTX-2507* | RR/BAYC logo , RIPPSCAHEN00013255-RIPPSCAHEN00013255 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated text and is presented entirely without context<br><br>This exhibit contains nonparty data for which there is no foundation or authentication  FRE 602, 901  This is not an authentic exhibit as it is a document created by counsel or Defendants  It is not evidence that exists independently of counsel's or Defendants' creation | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  /// Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat  There is nothing misleading |
| JTX-2508* | Spreadsheet of Ape IDs and their status, RIPPSCAHEN00013341-RIPPSCAHEN00013341 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2509* | ApeMarket homepage , RIPPSCAHEN00013479-RIPPSCAHEN00013479 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2510* | Spreadsheet of Ape IDs and their status, RIPPSCAHEN00013504-RIPPSCAHEN00013504 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2511* | BAYC Holder diagram , RIPPSCAHEN00013545-RIPPSCAHEN00013545 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2512* | Spreadsheet of Ape IDs and their status, RIPPSCAHEN00013899-RIPPSCAHEN00013899 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2513* | Withdraws, Calculations, and Mints spreadsheet, RIPPSCAHEN00013976-RIPPSCAHEN00013976 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit represents an incomplete accounting that provides at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting and is therefore misleading as to the full amount<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to damages as it demonstrates a partial accounting for RR/BAYC  /// Completeness:  This exhibit is an accurate representation of the relevant accounting document  There is nothing misleading  /// Hearsay: the document is not hearsay because it is a business record created during regularly conducted activity |
| JTX-2514* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2515* | Messages with Middlemarch, June 20, 2022, RIPPSCAHEN00015811-RIPPSCAHEN00015811 | Lehman, Ripps, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project  /// Completeness:  This exhibit includes complete and accurate direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2516* | Messages with Middlemarch, June 20, 2022, RIPPSCAHEN00015812-RIPPSCAHEN00015812 | Lehman, Ripps, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project   ///  Completeness:  This exhibit includes complete and accurate direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2517* | Email from Lehman to Ryder, RIPPSCAHEN00015813-RIPPSCAHEN00015813 | Lehman, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project   ///  Completeness:  This exhibit is a complete email, and includes the sender's email address  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project |
| JTX-2518* | Messages re BAYC, Apr  12, 2022, RIPPSCAHEN00015814-RIPPSCAHEN00015814 | Lehman, Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2519* | Messages from Middlemarch, June 20, 2022, RIPPSCAHEN00015815-RIPPSCAHEN00015815 | Lehman, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2520* | Messages from Middlemarch, Aug  12, 2022, RIPPSCAHEN00015816-RIPPSCAHEN00015816 | Lehman, Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga   ///  Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind |
| JTX-2521* | Messages from @allseeingseneca, Dec  23, 2021, RIPPSCAHEN0018489-RIPPSCAHEN0018489 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury  Asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403: This document is probative with respect to willfulness and intent  Thus, the court has not ruled on these issues and they shoul be resolved by the jury ///  Completeness:  This exhibit is an accurate representation of direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2522* | Messages from @allseeingseneca, Dec  23, 2021, RIPPSCAHEN0018490-RIPPSCAHEN0018490 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury  Asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga   /// 403: This document is probative with respect to willfulness and intent  Thus, the court has not ruled on these issues and they shoul be resolved by the jury ///  Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2523* | Messages with @Pauly0x, Jan 2, 2022, SENECA0001-0013-SENECA0001-0013 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403  FRE 403  This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their cristicisms of Yuga   /// 403: This document is probative with respect to willfullness and intent  Thus, the court has not ruled on these issues and they should be resolved by the jury  /// Completeness: This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project |
| JTX-2524* | Chat between Pauly Shore and Hwonder, RIPPSCAHEN00025497-RIPPSCAHEN00025497 | Hickman, Cahen | No objection | |
| JTX-2525* | Messages from Pauly Shore, RIPPSCAHEN00025498-RIPPSCAHEN00025498 | Hickman, Cahen | No objection | |
| JTX-2526* | Chat between Hwonder and Pauly Shore, RIPPSCAHEN00025499-RIPPSCAHEN00025499 | Hickman, Cahen | No objection | |
| JTX-2527* | Messages from Hwonder , RIPPSCAHEN00025500-RIPPSCAHEN00025500 | Hickman, Cahen | No objection | |
| JTX-2528* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2529* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2530* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2531* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2532* | Chat between Pauly Shore and Hwonder, RIPPSCAHEN00025505-RIPPSCAHEN00025505 | Hickman, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their cristicisms of Yuga   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2533* | Messages with Sen, Jan 2, RIPPSCAHEN00025514-RIPPSCAHEN00025514 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their cristicisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness: This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2534* | Messages with Sen, Jan 2, RIPPSCAHEN00025515-RIPPSCAHEN00025515 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rrbayc project and their cristicisms of Yuga   /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness: This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2535* | Messages with Sen, Jan 2, RIPPSCAHEN00025516-RIPPSCAHEN00025516 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2536* | Messages with Sen, Jan 3, RIPPSCAHEN00025517-RIPPSCAHEN00025517 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, asking the jury to decide the merits of these false claims would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2537* | Messages with Sen, Jan 5, RIPPSCAHEN00025518-RIPPSCAHEN00025518 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2538* | Messages with Sen, Jan 6, RIPPSCAHEN00025519-RIPPSCAHEN00025519 | Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |
| JTX-2539* | Messages with Sen, Jan 26, RIPPSCAHEN00025520-RIPPSCAHEN00025520 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga  /// 403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2540* | Messages with Sen, Jan 30, RIPPSCAHEN00025521-RIPPSCAHEN00025521 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time  FRE 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant to willfullness and intent as it demonstrates Defendants' intentions for the rebaye project and their criticisms of Yuga   ///  403: The Court did not rule of the willfullness element of Plaintiff's remaining claim  Willfullness and intent can also play a role in determining damages  Thus, willfullness should be decided by the jury  ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps  There is nothing misleading  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rebaye project |
| JTX-2541* | Chat between middlemarch eth and Pauly Shore, May 24, 2022, RIPPSCAHEN00025522-RIPPSCAHEN00025522 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rebaye project, which is relevant to willfulness and intent   /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat  There is nothing misleading about the presentation of this group chat  /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rbayc project development timeline or Defendants' state of mind  Furthermore, some direct messages fall under the present sense impression hearsay exception |
| JTX-2542* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2543* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2544* | Chat between middlemarch eth and Pauly Shore, Feb  7, 2022, RIPPSCAHEN00025525-RIPPSCAHEN00025525 | Cahen, Hickman | No objection | |
| JTX-2545* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2546* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2547* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2548* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2549* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2550* | Messages from May 22, RIPPSCAHEN00025531-RIPPSCAHEN00025531 | Cahen, Lehman | No objection | |
| JTX-2551* | Messages from May 22, RIPPSCAHEN00025532-RIPPSCAHEN00025532 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbaye project, which is relevant to willfulness and intent   /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2552* | Messages from May 24, RIPPSCAHEN00025533-RIPPSCAHEN00025533 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbaye project, which is relevant to willfulness and intent   /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2553* | Messages from May 26, RIPPSCAHEN00025534-RIPPSCAHEN00025534 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2554* | Messages to Tom Genius com , May 26, RIPPSCAHEN00025535-RIPPSCAHEN00025535 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect rrbayc project development timeline or Defendants' state of mind |
| JTX-2555* | Messages to Tom Genius com , RIPPSCAHEN00025537-RIPPSCAHEN00025537 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation lacking any indication of when the conversation took place  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages  /// Hearsay: the document may be offered for other purposes, outside of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2556* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2557* | Messages to Tom Genius com , RIPPSCAHEN00025539-RIPPSCAHEN00025539 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation lacking any indication of when the conversation took place  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2558* | Messages to Tom Genius com , RIPPSCAHEN00025540-RIPPSCAHEN00025540 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation lacking any indication of when the conversation took place  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2559* | Messages to Tom Genius com , RIPPSCAHEN00025541-RIPPSCAHEN00025541 | Cahen, Lehman | No objection | |
| JTX-2560* | Messages to Tom Genius com , RIPPSCAHEN00025542-RIPPSCAHEN00025542 | Cahen, Lehman | No objection | |
| JTX-2561* | Messages to Tom Genius com , RIPPSCAHEN00025543-RIPPSCAHEN00025543 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind |
| JTX-2562* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2563* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2564* | Messages to Tom Genius com , RIPPSCAHEN00025546-RIPPSCAHEN00025546 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments in the apemarket project, which is relevant to damages, willfulness, and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the apemarket project development timeline or Defendants' state of mind |
| JTX-2565* | Messages to Tom Genius com , RIPPSCAHEN00025547-RIPPSCAHEN00025547 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented FRE 106, 403  It's only part of a conversation lacking any indication of when the conversation took place  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about developments in the apemarket project, which is relevant to damages, willfulness, and intent  /// Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange  There is nothing misleading about the presentation of these messages  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the apemarket project development timeline or Defendants' state of mind |
| JTX-2566* | Messages to Tom Genius com , RIPPSCAHEN00025548-RIPPSCAHEN00025548 | Cahen, Lehman | No objection | |
| JTX-2567* | Messages to Tom Genius com , RIPPSCAHEN00025549-RIPPSCAHEN00025549 | Cahen, Lehman | No objection | |
| JTX-2568* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2569* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2570* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2571* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2572* | Messages to Tom Genius com , RIPPSCAHEN00025554-RIPPSCAHEN00025554 | Cahen, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore any alleged contact with Defendants' family members is irrelevant to Yuga Labs' claims  Dkt  89 at 5  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document provides information about Yuga's contact with the Defendants' family members, which are relevant to willfulness  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2573* | Messages to Tom Genius com , RIPPSCAHEN00025555-RIPPSCAHEN00025555 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore Defendants' were allegedly distraught about this litigation is irrelevant to Yuga Labs' claims  Dkt  89 at 5  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document provides information about Defendants' reaction to the current litigation, which are relevant to willfulness  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2574* | Messages to Tom Genius com , RIPPSCAHEN00025556-RIPPSCAHEN00025556 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The Yuga Labs name is not a mark at issue in this case, so the origins of the name are irrelevant to any of Yuga Labs claims  Further, The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document provides information about Yuga's statements about the meaning of the symbolism it uses, which is relevant to willfulness  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  ///Hearsay: This document  is not hearsay and includes statements by a party opponent |
| JTX-2575* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2576* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2577* | Messages to Tom Genius com , RIPPSCAHEN00025559-RIPPSCAHEN00025559 | Cahen, Lehman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document is relevant as it shows information about updates Defendants wanted to make to rbaye com, which is relevant to willfulness and intent and confusion:  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation  One of the speakers is listed at the top of the document  /// Hearsay: the document may be offered not for the truth |
| JTX-2578* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2579* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2580* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2581* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit, Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2582* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit, Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2583* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit, Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2584* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit, Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2585* | Messages to Jeremy Cohen , RIPPSCAHEN00025981- RIPPSCAHEN00025981 | Ripps, Cohen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already held that Yuga Labs "is entitled to summary judgment on Defendants' counterclaim alleging a knowing misrepresentation of infringing activity" and therefore that Defendants' infringing collection was removed from a third-party NFT marketplace is irrelevant to Yuga Labs' remaining claims or damages  Dkt  225 at 21

This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document provides information about the removal of RR/BAYC NFTs from a marketplace and Defendant and third parties reactions, which are relevant to confusion and willfulness /// Completeness: This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread  /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |
| JTX-2586* | Messages to Jeremy Cohen , RIPPSCAHEN00026089- RIPPSCAHEN00026089 | Ripps, Cohen | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness  /// Completeness: This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread  /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |
| JTX-2587* | Direct Messages from June 21, 2022, RIPPSCAHEN00026300- RIPPSCAHEN00026300 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It's only part of a conversation  And it is unclear who the speakers are

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness  /// Completeness: This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread  /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |
| JTX-2588* | Email from Gonzales to  rrbayc, May 24, 2022, RIPPSCAHEN00001374- RIPPSCAHEN00001374 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2589* | Email from arthouse_editor@proton me to rrbayc@protonmail com, May 25, 2022, RIPPSCAHEN00001380- RIPPSCAHEN00001380 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2590* | Email from easywrld@protonmail ch to rrbayc@protonmail com, May 28, 2022, RIPPSCAHEN00001396- RIPPSCAHEN00001396 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are  One speaker appears to be outside the US

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2591* | Email from Tarakcioglu to rrbayc, May 28, 2022, RIPPSCAHEN00001397- RIPPSCAHEN00001397 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2592* | Email from Cook to rrbayc, May 31, 2022, RIPPSCAHEN00001408-RIPPSCAHEN00001408 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2593* | Email from Downey to rrbayc, June 8, 2022, RIPPSCAHEN00001448-RIPPSCAHEN00001448 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2594* | Email from rrbayc to Downey, June 8, 2022, RIPPSCAHEN00001449-RIPPSCAHEN00001449 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2595* | Email from smu66xg0dd to rrbayc, June 17, 2022, RIPPSCAHEN00001475-RIPPSCAHEN00001475 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is incomplete and misleading as presented  FRE 106, 403  It is unclear who the speakers are // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2596* | Email from Bader to rrbayc, June 18, 2022, RIPPSCAHEN00001479-RIPPSCAHEN00001479 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2597* | Email from Crotty to rrbayc, June 19, 2022, RIPPSCAHEN00001482-RIPPSCAHEN00001482 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403 // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2598* | Email from Heintze to rrbayc, June 20, 2022, RIPPSCAHEN00001495-RIPPSCAHEN00001495 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2599* | Email from Stango to rrbayc, June 20, 2022, RIPPSCAHEN00001523-RIPPSCAHEN00001523 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence // Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  This document represents commentary from third parties about RR/BAYC  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity) |
| JTX-2600* | Withdrawn  Defendants reserve all rights | N/A | Defendants appear to have withdrawn this exhibit  Subject to Defendants withdrawal of the exhibit; Plaintiff withdraws its objections | Withdrawn  Defendants reserve all rights |
| JTX-2601* | Screenshot of Ryder Ripps Bored Ape Yacht Club page on X2Y2, RIPPSCAHEN00018702-RIPPSCAHEN00018702 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers " Dkt 225 at 12  It would waste the court's time to relitigate settled issues // To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803  See Internet Specialties W , Inc v ISPWest, No CV 05-3296, 2006 WL 4568796, at *2 (C D Cal Sept 19, 2006) | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on a marketplace which is relevant to willfulness and intent and confusion ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2602* | Twitter post by @ryder_ripps, June 22, 2022, RIPPSCAHEN00018984-RIPPSCAHEN00018984 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on a marketplace which is relevant to willfulness and intent and confusion  ///  Completeness: This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2603* | Twitter post by @ryder_ripps, June 13, 2022, RIPPSCAHEN00018986-RIPPSCAHEN00018986 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on OpenSea marketplace which is relevant to willfulness and intent and confusion  /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2604* | Spreadsheet of Ape IDs and their status, LEHMAN0000241_CONFIDENTIAL-LEHMAN0000241_CONFIDENTIAL | Lehman | No objection | |
| JTX-2605* | Withdraws, Calculations, and Mints spreadsheet, LEHMAN0000242_CONFIDENTIAL-LEHMAN0000242_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  The exhibit represents an incomplete accounting that provides at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting and is therefore misleading as to the full amount<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2606* | Spreadsheet of total gas paid and total infra cost , LEHMAN0000243_CONFIDENTIAL-LEHMAN0000243_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  The exhibit represents only a snapshot of one source of revenue to Defendants and is thus at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2607* | Spreadsheet of Method and Batch Create RSVP, LEHMAN0000246_CONFIDENTIAL-LEHMAN0000246_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation FRE 401, 402, 403  The exhibit represents only a snapshot of one source of revenue to Defendants and is thus at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2608* | Ledger spreadsheet on Kraken, June 24, 2022, Live9000-00000014-Live9000-00000014 | Ripps | No objection | |
| JTX-2609* | Ledger spreadsheet on Kraken, Dec  30, 2022, Live9000-00000015-Live9000-00000015 | Ripps | No objection | |
| JTX-2610* | Ledger spreadsheet on Kraken, Dec  30, 2022, Live9000-00000016-Live9000-00000016 | Ripps | No objection | |
| JTX-2611* | Ledger spreadsheet on Kraken, Nov  27, 2022, Live9000-00000017-Live9000-00000017 | Ripps | No objection | |
| JTX-2612* | Ledger spreadsheet on Kraken, Dec  3, 2022, Live9000-00000018-Live9000-00000018 | Ripps | No objection | |
| JTX-2613* | Ledger spreadsheet on Kraken, Nov  27, 2022, Live9000-00000019-Live9000-00000019 | Ripps | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2614* | Spreadsheet including method and sum of TxnFee(ETH), May 18, 2022, RIPPSCAHEN00015592-RIPPSCAHEN00015592 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing

This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation   /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2615* | Spreadsheet with date and sum of TxnFee(ETH), May 24, 2022, RIPPSCAHEN00015594-RIPPSCAHEN00015594 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing

This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation   /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2616* | Final: First Draw RR/BAYC Accounting spreadsheet, RIPPSCAHEN00015595-RIPPSCAHEN00015595 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing

This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation   /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2617* | Post RSVP spreadsheet , RIPPSCAHEN00015596-RIPPSCAHEN00015596 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology likely to be unfamiliar to the jury and is therefore of minimal probative value, but is substantially likely to be confusing

This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation   /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2618 | Revenue share spreadsheet , RIPPSCAHEN00015643-RIPPSCAHEN00015643 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing

This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation   /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2619 | Profit share spreadsheet, RIPPSCAHEN00015644-RIPPSCAHEN00015644 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing

This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount

This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages  /// Completeness:  This exhibit is an accurate representation of the spreadsheet and includes the entire spreadsheet   /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2620 | Tweet from @ryder_ripps, June 21, 2022, RIPPSCAHEN00017694-RIPPSCAHEN00017694 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues  Further, the document does not demonstrate any actual revenue amounts and is therefore irrelevant to proving damages<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it provides information about royalties received from RR/BAYC NFTs, which are relevant for damages and willfulness and intent /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  /// Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2621* | Smart contract spreadsheet, RIPPSCAHEN00023101-RIPPSCAHEN00023101 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant, because, for example, it provides information about transactions for the RR/BAYC NFTs, which are relevant for damages  /// Completeness: This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation  /// Expert: The lay person analysis of the revenue received is appropriate and relevant here /// Hearsay: This document is an exception to hearsay as a record of regularly conducted activity |
| JTX-2622* | Twitter post from @AustinRivers25, Dec 4, 2021, RIPPSCAHEN00017185-RIPPSCAHEN00017186 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  What Twitter users thought of the price of Bored Ape Yacht Club NFTs is irrelevant to the damages Yuga Labs suffered as a result of Defendants' infringement<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it provides information about BAYC consumer's thoughts on its price which are relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  ///Hearsay: This document may be offered not for the truth, but merely the existence of BAYC consumers'thoughts on prices (independent of its veracity) |
| JTX-2623* | Twitter post from @cryptonesy, May 3, 2022, RIPPSCAHEN00017448-RIPPSCAHEN00017509 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Whether or not NFTs are securities is irrelevant in this trademark infringement action and the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt 225 at 19<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Whether or not NFTs meet the *Howey*  test requires expert analysis, and the credentials of the Twitter user cannot be ascertained from the exhibit<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga including the fact that people other than Defendants posted information criticizing Yuga's assets  /// Completeness: This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  /// Expert: The information provided as a lay person's opinion about Yuga selling unregistered securities is relevant to damages  /// Hearsay: This document may be offered not for the truth, but merely the existence of people's thoughts on whether Yuga sold unregistered securities (independent of its veracity) |
| JTX-2624* | Twitter post from @mrghostinvblog, Oct 29, 2022, RIPPSCAHEN00017603-RIPPSCAHEN00017603 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Speculation from anonymous Twitter users on the future price of Bored Ape Yacht Clubs NFTs has no relevance to the damages that Yuga Labs has already suffered as a result of Defendants' infringement  To the extent Defendants wish to offer the exhibit as evidence for their baseless theory that Bored Ape Yacht Club NFTs are unregistered securities the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt 225 at 19<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it provides information about the history of BAYC NFT prices which are relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  ///Hearsay: This document may be offered not for the truth, but merely the existence of BAYC consumers'thoughts on prices (independent of its veracity) |
| JTX-2625* | Twitter post from @BtcPromoter_Nft, Oct 12, 2022, RIPPSCAHEN00017606-RIPPSCAHEN00017608 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Whether or not NFTs are securities is irrelevant in this trademark infringement action and the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt 225 at 19<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga including the fact that people other than Defendants posted information criticizing Yuga's assets as unregistered securities which are relevant to damages   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  The "More Tweets" section is how the information appeared on the website and is an accurate capture /// Hearsay: This document may be offered not for the truth, but merely the existence of people's thoughts on whether Yuga sold unregistered securities (independent of its veracity) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2626* | Twitter post from @CryptoTeluguO, Jan 26, 2023, RIPPSCAHEN00018881-RIPPSCAHEN00018888 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Speculation from anonymous Twitter users on the future price of Bored Ape Yacht Clubs NFTs, or whether that user considered their NFT purchase an investment, has no relevance to the damages that Yuga Labs already suffered as a result of Defendants' infringement  To the extent Defendants wish to offer the exhibit as evidence for their baseless theory that Bored Ape Yacht Club NFTs are unregistered securities the court has already ruled that these unproven allegations do not "relate to the damages between the parties "  Dkt  225 at 19<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  The document is relevant because, for example, it provides information about the history of Yuga's product's prices which is relevant to damages  /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  /// Hearsay:  This document may be offered not for the truth, but merely the existence of statements about BAYC NFT prices (independent of its veracity) |
| JTX-2627* | Twitter post from @matt_levine, May 7, 2022, RIPPSCAHEN00018955-RIPPSCAHEN00018956 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Defendants' unproven allegations that Yuga Labs offered unregistered securities has no bearing on Yuga Labs damages in this trademark infringement action and the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt  225 at 19<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>This exhibit lacks scientific reliability or is improper expert analysis  FRE 702, 703, 103(c), 602, 1006  Whether or not NFTs meet the *Howey*  test requires expert analysis and represents a legal conclusion, and the credentials of the Twitter user cannot be ascertained from the exhibit<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga including the fact that people other than Defendants posted information criticizing Yuga's assets as unregistered securities which are relevant to damages   /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  /// Expert:  The information provided as a lay person's opinion about Yuga selling unregistered securities is relevant to damages  /// Hearsay:  This document may be offered not for the truth, but merely the existence of people's thoughts on whether Yuga sold unregistered securities (independent of its veracity) |
| JTX-2628* | Twitter post from @mrghostinvblog, Oct  29, 2022, RIPPSCAHEN00018974-RIPPSCAHEN00018974 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  Speculation from anonymous Twitter users on the future price of Bored Ape Yacht Clubs NFTs has no relevance to the damages that Yuga Labs has already suffered as a result of Defendants' infringement  To the extent Defendants wish to offer the exhibit as evidence for their baseless theory that Bored Ape Yacht Club NFTs are unregistered securities the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt  225 at 19<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  The usernames of the third-party Twitter users may not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: The document is relevant because, for example, it provides informaiton about the history of BAYC NFT prices which are relevant to damages  ///  Completeness:  This exhibit is an accurate capture of a Twitter post and is complete  Additionally, speakers are identified by their usernames  ///Hearsay: This document may be offered not for the truth, but merely the existence of statements about BAYC NFT prices (independent of its veracity) |
| JTX-2629* | Ashmore, Are Bored Ape NFTs A Good Investment?, RIPPSCAHEN00019847-RIPPSCAHEN00019868 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The price claims in the article lack substantiation and, in any event, to offer the article to show pricing of NFTs would violate the rule against hearsay as it would be offered for the truth of the matter asserted<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  The article is blurry and certain information is cut off, for example on page 3<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803  Defendants claim that they are offering the exhibit to prove historical pricing of NFTs, which would constitute "the truth of the matter asserted " | Relevance:  The document is relevant because, for example, it provides informaiton about the history of BAYC NFT prices which are relevant to damages  /// Completeness and Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  The exhibit is the complete article and is not misleading  /// Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on BAYC NFTs |
| JTX-2630* | Brooke, How to Invest in NFT Tokens-Beginner's Guide, Jan  15, 2023, RIPPSCAHEN00020034-RIPPSCAHEN00020063 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The article only cursorily discusses Yuga Labs' NFTs, and contains no information relevant to the facts of this trademark action<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901  Indeed, the article appears to be missing images and appears to be from a publication outside the US<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides background on what NFTs are and crypto generally  Given NFTs are a global item that can be purchased in any country, the locaiton of the publication is not relevant  /// Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  Additionally, Defendants will provide an updated version that includes the images ///Hearsay: This document is not hearsay because it is not being offered for the truth of the matter asserted but background on NFTs |
| JTX-2631* | Zoldan, How to Invest in NFTs, Feb  2, 2022, RIPPSCAHEN00020064-RIPPSCAHEN00020076 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The article is at best duplicative of information that can be provided to the jury from more reliable sources and contains no information relevant to the facts or issues in this trademark dispute<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides background on what NFTs are and crypto generally  /// Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on NFTs |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2632 | CoinRivet, Would it Be A Good Move To Invest In NftS?, Aug. 26, 2022, RIPPSCAHEN00020630-RIPPSCAHEN00020642 | Ripps, Cahen, Hickman | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The article is at best duplicative of information that can be provided to the jury from more reliable sources and contains no information relevant to the facts or issues in this trademark dispute

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  The document is relevant because, for example, it provides background on what NFTs are and crypto generally  /// Foundation:  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted but background on NFTs |
| JTX-2633 | Roadmap Activations, Apr  17, 2021, RIPPSCAHEN00020737-RIPPSCAHEN00020737 | Ripps, Cahen, Hickman, Solano, Aronow, Muniz | This exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  Yuga Labs future plans are irrelevant to the damages suffered as a result of Defendants' infringement

This exhibit is incomplete and misleading as presented  FRE 106  It is missing other pages from the website | Relevance:  The BAYC Roadmap is relevant to damages issues in this case, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages  /// Completeness:  The roadmap itself is a complete capture of one page from Plaintiff's website  Other pages are in the record, as are numerous other individual webpages  Therefore it is not incomplete |
| JTX-2634 | Transaction details of block #1327655, RIPPSCAHEN00022414-RIPPSCAHEN00022415 | Ripps, Cahen, Hickman, Solano, Aronow, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights  Defendants must stop relitigating decided issues  Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims  Further, to the extent Defendants intend to use the exhibit to advance their baseless claims of fraud, the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt  225 at 19

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created  FRE 106, 401, 402, 602, 901

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance:  Yuga's transfer of NFTs is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages  Additionally, this exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  /// Completeness and Foundation:  This exhibit is an accurate capture of the Etherscan transaction and is complete  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted  It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind |
| JTX-2635* | Wave, FTX Bought 101 Bored Apes at the Record-Breaking Sotheby's Auction  Securities Fraud Alert?, Jan  12, RIPPSCAHEN00022420-RIPPSCAHEN00022426 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement  Further, Defendants have not explained the alternative sources of harm  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand and the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt  225 at 19

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay  For which no exception applies  FRE 801-803 | Relevance:  This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Defendants posted information criticizing Yuga's connection to FTX  /// Completeness and Foundation:  This exhibit is an accurate capture of the article and is complete  Defendants can lay foundation for this public article based on their personal knowledge  ///Hearsay:  This document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2636* | Twitter post from @jconorgrogan, Dec  21, 2022, RIPPSCAHEN00022549-RIPPSCAHEN00022549 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement  Further, Defendants have not explained the alternative sources of harm  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand and the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt  225 at 19

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay  For which no exception applies  FRE 801-803 | Relevance:  This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Defendants posted information about Yuga's connection to FTX  /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete  Defendants can lay foundation for this public post based on their personal knowledge  ///Hearsay:  This document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2637 | Twitter post from @BoredApeYC, Sept  9, 2021, RIPPSCAHEN00022553-RIPPSCAHEN00022553 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation FRE 401, 402, 403  To the extent Defendants seek to introduce the exhibit to substantiated their baseless allegations the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties "  Dkt  225 at 19  To the extent Defendants seek to offer the exhibit to prove their intent, the court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602 | Relevance:  This document is relevant because, for example it evidences a source of criticism against Yuga and goes towards willfulness and intent  /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete  Defendants can lay foundation for this public post based on their personal knowledge  Yuga can also lay foundation for the statements it made |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2638* | Twitter post from @ryder_ripps, June 23, 2022, RIPPSCAHEN00018889-RIPPSCAHEN00018889 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403  The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore that Defendants' were allegedly distraught about this litigation is irrelevant to Yuga Labs' claims  Dkt  89 at 5  Further, the court has already found a likelihood of confusion  Dkt  225 at 13  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant because, for example, it evidences criticism the Defendants received which show a lack of confusion and are relevant to damages and willfulness  ///  Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete  Defendants can lay foundation for this public post based on their personal knowledge  ///Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2639* | Apemarketplace tweets spreadsheet , RIPPSCAHEN00000291-RIPPSCAHEN00000291 | Ripps, Cahen, Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2640* | Cryptogarga tweets spreadsheet, RIPPSCAHEN00000292-RIPPSCAHEN00000292 | Ripps, Cahen, Hickman | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2641* | Dumbnamenumbers tweets spreadsheet, RIPPSCAHEN00000293-RIPPSCAHEN00000293 | Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2642* | Gordongoner tweets spreadsheet, RIPPSCAHEN00000294-RIPPSCAHEN00000294 | Aronow, Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2643* | Hwonderofworld tweets spreadsheet, RIPPSCAHEN00000295-RIPPSCAHEN00000295 | Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2644* | Jeremeycahen tweets spreadsheet, RIPPSCAHEN00000296-RIPPSCAHEN00000296 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2645* | Pauly0x tweets spreadsheet, RIPPSCAHEN00000297-RIPPSCAHEN00000297 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2646* | Ryder_ripps tweets spreadsheet, RIPPSCAHEN00000298-RIPPSCAHEN00000298 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It lacks many of the associated images or attachments  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references  The column "screen_name" includes the username of the person that posted the tweet  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2647* | Sassbayc tweets spreadsheet, RIPPSCAHEN00000299-RIPPSCAHEN00000299 | Ali, Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2648* | Tomatobayc tweets spreadsheet, RIPPSCAHEN00000300-RIPPSCAHEN00000300 | Atalay, Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2649* | Twitter post from @ryder_ripps, June 11, 2022, RIPPSCAHEN00016788-RIPPSCAHEN00016791 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  That others made similar, baseless allegations has no relevance to the damages suffered by Yuga Labs as a result of Defendants' infringement

This exhibit is incomplete and misleading as presented  FRE 106, 403  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted criticizing BAYC and the problematic imagery  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2650* | Twitter post from @ryder_ripps, June 25, 2022, RIPPSCAHEN00016855-RIPPSCAHEN00016856 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2651 | Twitter post from @ryder_ripps, June 24, 2022, RIPPSCAHEN00017330-RIPPSCAHEN00017330 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt 225 at 12  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  Additionally, the RR-BAYC logo is plainly relevant  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2652* | Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00017542-RIPPSCAHEN00017542 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues  Further, adding Nazi imagery to Yuga Labs' products is likely to bias the jury and thus the exhibit is substantially more prejudicial than probative<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2653* | Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00017624-RIPPSCAHEN00017624 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2654* | Twitter post from @ryder_ripps, May 24, 2022, RIPPSCAHEN00017787-RIPPSCAHEN00017787 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2655* | Twitter post from @ryder_ripps, June 2, 2022, RIPPSCAHEN00017830-RIPPSCAHEN00017835 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goals in creating ApeMarket which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2656* | Twitter post from @ryder_ripps, Dec  27, 2021, RIPPSCAHEN00017836-RIPPSCAHEN00017839 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2657* | Twitter post from @ryder_ripps, May 24, 2022, RIPPSCAHEN00017871-RIPPSCAHEN00017874 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' process for creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2658* | Twitter post from @ryder_ripps, May 19, 2022, RIPPSCAHEN00017985-RIPPSCAHEN00017988 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence   Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12   It would waste the court's time to relitigate settled issues   This exhibit is incomplete and misleading as presented  FRE 106, 403   As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2659* | Twitter post from @ryder_ripps, June 20, 2022, RIPPSCAHEN00018035-RIPPSCAHEN00018053 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence   Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12   It would waste the court's time to relitigate settled issues   This exhibit is incomplete and misleading as presented  FRE 106, 403   As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted   Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2660* | Twitter post from @ryder_ripps, June 18, 2022, RIPPSCAHEN00018894-RIPPSCAHEN00018894 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence   Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter  The speakers are identified by their user names, which are complete   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2661 | Twitter post from @ryder_ripps, June 1, 2022, RIPPSCAHEN00018897-RIPPSCAHEN00018897 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence   Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   ///Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2662* | Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00018913-RIPPSCAHEN00018913 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No  1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence   Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12   It would waste the court's time to relitigate settled issues   Further, adding Nazi imagery to Yuga Labs' products is likely to bias the jury and thus the exhibit is substantially more prejudicial than probative   This exhibit is incomplete and misleading as presented  FRE 106, 403   It is also often unclear as to who the speaker is   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter   //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2663 | Twitter post from @ryder_ripps, June 15, 2022, RIPPSCAHEN00018995-RIPPSCAHEN00018995 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No  2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence   Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403   The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12   It would waste the court's time to relitigate settled issues   This exhibit is incomplete and misleading as presented  FRE 106, 403   To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent   /// Completeness:  This exhibit is an accurate capture of a Twitter post  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2664* | Twitter post from @ryder_ripps, June 24, 2022, RIPPSCAHEN00019026-RIPPSCAHEN00019030 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence This exhibit is also subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay as it contains a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted |
| JTX-2665* | Twitter post from @ryder_ripps, July 10, 2022, RIPPSCAHEN00019039-RIPPSCAHEN00019040 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence This exhibit is also subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  Additionally it evidences others using the alleged marks, which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2666 | Twitter post from @ryder_ripps, June 18, 2022, RIPPSCAHEN00019220-RIPPSCAHEN00019223 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence This exhibit is also subject to Yuga Labs' Motion in Limine No 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  This exhibit is incomplete and misleading as presented  FRE 106, 403  It is also often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay as it contains a then-existing mental, emotional, or physcial condition  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2667 | Twitter post from @Pauly0x, Jul  15, 2022, RIPPSCAHEN00020105-RIPPSCAHEN00020108 | Cahen, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers "  Dkt  225 at 12  Asking the court to relitigate this issue would waste the court's time  Further, that Defendants purportedly sought to recoup royalties on one website has no bearing on the actual damages that Yuga Labs suffered as a result of Defendants' infringement  This exhibit is incomplete and misleading as presented  FRE 106, 403  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences sources of income from RR/BAYC, which is relevant for damages  Additionally the document provides evidence that goes to willfulness and intent  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physcial condition |
| JTX-2668* | Twitter post from @yugalabs, June 24, 2022, RIPPSCAHEN00021585-RIPPSCAHEN00021585 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement  Further, Defendants have not explained the alternative sources of harm  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand  This exhibit is incomplete and misleading as presented  FRE 106, 403  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speakers are identified by their user names, which are complete  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity)  Additionally, the statements made by Yuga are an exception to hearsay for party opponents |
| JTX-2669* | Twitter post from @yugalabs, Jan 3, 2022, RIPPSCAHEN00021586-RIPPSCAHEN00021587 | Ripps, Cahen ,Muniz, Aronow, Solano, Atalay, Oseary | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2670* | Twitter post from @Ivan87403, Mar  23, 2023, RIPPSCAHEN00026238-RIPPSCAHEN00026238 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence  Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation  FRE 401, 402, 403  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement  Further, Defendants have not explained the alternative sources of harm  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand  This exhibit is incomplete and misleading as presented  FRE 106, 403  As Twitter users' usernames often do not accurately identify the author, it is unclear as to who the speaker is  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information that BAYC has problematic imagery  /// Completeness:  This exhibit is an accurate capture of a Twitter post  The speaker is user @Ivan87403  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2671* | FullSend Podcast Clip, RIPPSCAHEN00002282-RIPPSCAHEN00002282 | Ripps, Cahen, Aronow, Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights. Defendants must stop relitigating decided issues. Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims. | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant. |
| JTX-2672 | Web Summit clip, RIPPSCAHEN00017611-RIPPSCAHEN00017611 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights. Defendants must stop relitigating decided issues. Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims.<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule. FRE 106, 403, 602, 1002. The exhibit appears to be only a clip of a fuller recording.<br><br>This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant. /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception |
| JTX-2673 | Web Summit Day 2 clip, RIPPSCAHEN00017612-RIPPSCAHEN00017612 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights. Defendants must stop relitigating decided issues. Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims.<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule. FRE 106, 403, 602, 1002. The exhibit appears to be only a clip of a fuller recording.<br><br>This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant. /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception |
| JTX-2674 | Von Shiller Clip, RIPPSCAHEN00022848-RIPPSCAHEN00022848 | Ripps, Cahen, Muniz, Solano, Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803 | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant. /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence is not offered for the truth, but merely the existence of discussion about Yuga's transference of rights from others (independent of its veracity). Additionally, the evidence includes statements made by Yuga, which are admissible as party opponent exception |
| JTX-2675* | VE clip, RIPPSCAHEN00022940-RIPPSCAHEN00022940 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement. Further, Defendants have not explained the alternative sources of harm. Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported claims or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party or Defendants' information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803 | Relevance: This evidence is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga. /// Completeness and Foundation: The evidence shows the entire video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. // Hearsay: The evidence is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2676 | Bloomberg Crypto clip, YUGALABS_00030243-YUGALABS_00030243 | Ripps, Cahen, Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document. In particular, the video should be limited to the relevant segment discussing the Bored Ape Yacht Club and Defendants' infringement. | |
| JTX-2677* | D3 clip, YUGALABS_00030338-YUGALABS_00030338 | Muniz | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2678* | Yuga Blockchain Spreadsheet, YUGALABS_00027791-YUGALABS_00027971 | Muniz, Atalay | No objection | |
| JTX-2679* | Yuga Blockchain Spreadsheet, YUGALABS_00027972-YUGALABS_00028012 | Muniz, Atalay | No objection | |
| JTX-2680* | Yuga Blockchain Spreadsheet, YUGALABS_00028013-YUGALABS_00028022 | Muniz, Atalay | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2681* | Yuga Blockchain Spreadsheet, YUGALABS_0028023-YUGALABS_00028088 | Muniz, Atalay | No objection | |
| JTX-2682* | Yuga Blockchain Spreadsheet, YUGALABS_00028089-YUGALABS_00028108 | Muniz, Atalay | No objection | |
| JTX-2683* | Yuga Blockchain Spreadsheet, YUGALABS_00028109-YUGALABS_00029075 | Muniz, Atalay | No objection | |
| JTX-2684 | Yuga Labs Company BAYC Future & Roadmap Financials, YUGALABS_00031208-YUGALABS_00031297 | Muniz, Aronow, Solano, Atalay, Oseary | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document | |
| JTX-2685 | Yuga Labs Common Stock Valuation, Nov 30, 2022, YUGALABS_00031474-YUGALABS_00031553 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Defendants have not explained the alternative sources of harm   Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  Yuga's stock valuation is relevant to alternative sources of harm and damages  ///  Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business |
| JTX-2686* | "Bored Ape" Worldwide Google trends, RIPPSCAHEN00019875-RIPPSCAHEN00019875 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   Indeed it primarily focuses on information outside the US   Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602   It lacks the further information that is provided, including topics 1-5  It also lacks the context of the percentages<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent  Additionally the United States is included in the information provided and is, therefore, relevant  ///  Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted  It is evidence of public activity that occurred |
| JTX-2687* | "Bored Ape" Los Angeles, CA Google trends, RIPPSCAHEN00019876-RIPPSCAHEN00019876 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1   Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes only Los Angeles information  FRE 401, 402, 403<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602   It is unclear as to the timing of the information provided<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent  Additionally, Los Angeles is in the United States and the information provided is, therefore, relevant  ///  Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted  It is evidence of public activity that occurred |
| JTX-2688* | "Bored Ape" Worldwide Google trends, RIPPSCAHEN00019877-RIPPSCAHEN00019877 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403   Indeed it primarily focuses on information outside the US   Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602   It also lacks the context of the percentages<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent  Additionally the United States is included in the information provided and is, therefore, relevant  ///  Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted  It is evidence of public activity that occurred |
| JTX-2689* | "Bored Ape Yacht Club" Worldwide Google trends, RIPPSCAHEN00019883-RIPPSCAHEN00019883 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403   Indeed it primarily focuses on information outside the US   Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1<br><br>This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602   It also lacks the context of the percentages<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602<br><br>This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent  Additionally the United States is included in the information provided and is, therefore, relevant  ///  Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted  It is evidence of public activity that occurred |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2690* | "Bored Ape Yacht Club" Worldwide Google trends, RIPPSCAHEN00019884-RIPPSCAHEN00019884 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information  FRE 401, 402, 403  Indeed it primarily focuses on information outside the US  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No  1

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602  It also lacks the context of the percentages

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created  FRE 106, 401, 402, 602

This exhibit contains nonparty data for which there is no foundation  FRE 602  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and wilfullness and intent  Additionally the United States is included in the information provided and is, therefore, relevant  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay:  this document is not being brought in for the truth of the matter asserted  It is evidence of public activity that occurred |
| JTX-2691* | Bored Ape Yacht Club Social Media Statistics, Dec 1 2021-Jan 22, 2023, YUGALABS_00031555-YUGALABS_00031561 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages  /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status |
| JTX-2692* | Bored Ape Yacht Club Social Media Mentions, Jan 28, 2022-Jan 22, 2023, YUGALABS_00031562 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages  /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status |
| JTX-2693* | Bored Ape Yacht Club Number of Mentions/Social Media reach/Non Social Reach, Dec 1, 2021-Jan 22, 2023, YUGALABS_00031565-YUGALABS_00031565 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies  FRE 801–803 | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages  /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status |
| JTX-2694* | Twitter post by @Jdotcolombo, Feb 15, 2023, RIPPSCAHEN00018813-RIPPSCAHEN00018816 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement   Further, Defendants have not explained the alternative sources of harm  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation  FRE 401, 402, 611(a), 602

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including whether Yuga's terms and conditions transferred rights to its holders and possible impact on the damages suffered  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Completeness: This exhibit is an accurate capture of a Twitter post  No unrelated tweets are included in this document  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2695* | Twitter post by @Jdotcolombo, Feb 15, 2023, RIPPSCAHEN00018817-RIPPSCAHEN00018817 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No  5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence

Additionally, this exhibit is irrelevant to the claims at issue in this litigation  FRE 401, 402, 403   That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement   Further, Defendants have not explained the alternative sources of harm  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand

This exhibit lacks foundation and is incomplete and misleading as presented  FRE 106, 403, 602

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted  FRE 801, 802, 803 | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including whether Yuga's terms and conditions transferred rights to its holders and possible impact on the damages suffered  /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity) |
| JTX-2696 | Deposition Transcript of Wylie Aronow, Mar 6, 2023 | Aronow | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2697 | Deposition Transcript of Kerem Atalay, Jan 20, 2023 | Atalay | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2698 | Deposition Transcript of Jonah Berger, Mar 9, 2023 | Berger | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2699 | Deposition Transcript of Jeremy Cahen, Jan 11, 2023 | Cahen | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2700 | Deposition Transcript of Patrick Ehrlund, Mar 16, 2023 | Ehrlund | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2701 | Deposition Transcript of Ryan Hickman, Dec 7, 2022 | Hickman | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2702 | Deposition Transcript of Jason Cline, Mar 24, 2023 | Cline | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2703 | Deposition Transcript of Lauren Kindler, Mar 17, 2023 | Kindler | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2704 | Deposition Transcript of Thomas Lehman, Mar 27, 2023 | Lehman | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2705 | Deposition Transcript of Nicole Muniz, Jan 24, 2023 | Muniz | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2706 | Deposition Transcript of Laura O'Laughlin, Mar 22, 2023 | O'Laughlin | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2707 | Deposition Transcript of Guy Oseary, Mar 1, 2023 | Oseary | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2708 | Deposition Transcript of Ryder Ripps, Jan 12, 2023 | Ripps | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |
| JTX-2709 | Deposition Transcript of Greg Solano, Jan 17, 2023 | Solano | This exhibit is improper use of deposition testimony  FRCP 32 | This deposition testimony will be entered in accordance with the limitations in FRCP 32 and is not in violation of said rule  This deposition transcript is included for identification purposes only  Deposition designations will be entered in accordance with the limitations in FRCP 32 |

1    Dated:  May 29, 2023                FENWICK & WEST LLP

2

3                                        By: _/s/ Eric Ball_____
                                             Eric Ball
4                                        Attorneys for Plaintiff
                                         YUGA LABS, INC.
5

6

7    Dated:  May 29, 2023                WILMER CUTLER PICKERING HALE &
                                         DORR LLP
8

9
                                         By: _/s/ Louis W. Tompros_____
10                                           Louis W. Tompros
                                         Attorneys for Defendants
11                                       RYDER RIPPS and JEREMY CAHEN

12

13

14              **ATTESTATION OF CONCURRENCE IN FILING**

15         Pursuant  to  the  United  States  District  Court  for  the  Central  District  of

16   California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing

17   of this document has been obtained from Louis W. Tompros.

18

19                                       ___/s/ Eric Ball_____
                                         Eric Ball
20

21

22

23

24

25

26

27

28