1  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
2  KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone:   650.988.8500
5  Facsimile:   650.938.5200

6  ANTHONY M. FARES (CSB No. 318065)
7  afares@fenwick.com
   ETHAN M. THOMAS (CSB No. 338062)
8  ethomas@fenwick.com
   FENWICK & WEST LLP
9  555 California Street, 12th Floor
   San Francisco, CA  94104
10 Telephone:  415.875.2300

11 *Additional Counsel listed on next page*

12 Attorneys for Plaintiff
13 YUGA LABS, INC.

   Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
   Monica Grewal (*pro hac vice*)
   monica.grewal@wilmerhale.com
   Scott W. Bertulli (*pro hac vice*)
   scott.bertulli@wilmerhale.com
   Tyler Carroll (*pro hac vice*)
   tyler.carroll@wilmerhale.com
   **WILMER CUTLER PICKERING
   HALE AND DORR LLP**
   60 State Street
   Boston, MA  02109
   Telephone: (617) 526-6000
   Fax: (617) 526-5000

   Derek Gosma (SBN 274515)
   derek.gosma@wilmerhale.com
   Henry Nikogosyan (SBN 326277)
   henry.nikogosyan@wilmerhale.com
   **WILMER CUTLER PICKERING
   HALE AND DORR LLP**
   350 South Grand Ave., Suite 2400
   Los Angeles, CA  90071
   Telephone: (213) 443-5300
   Fax: (213) 443-5400

   Attorneys for Defendants
   RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| Plaintiff, | **JOINT STATEMENT RE OBJECTIONS IN REVISED PRE-TRIAL EXHIBIT STIPULATION** |
| v. | |
| RYDER RIPPS, JEREMY CAHEN, | |
| Defendants. | |

1 | MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
2 | FENWICK & WEST LLP
228 Santa Monica Boulevard
3 | Santa Monica, CA  90401
Telephone:   310.434.4300
4 |
5 | DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
6 | KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
7 | MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
8 | CLARE LOCKE LLP
10 Prince Street
9 | Alexandria, VA  22314
Telephone:   202.628.7400
10 |
11 | Attorneys for Plaintiff
YUGA LABS, INC.
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

The parties were able to resolve the objections identified in the Revised Pre-Trial Exhibit Stipulation as to Exhibit Nos. 7-13, 15-17, 20, 21, 22-29, 31-34, 36, 38-42, 44, 49-52, 54-56, 58-61, 63-64, 66-69, 71-72, 80, 82, 84-92, 94-105, 107-111, 113-114, 117-120, 123-138, 141, 144-147, 151-154, 157-163, 165-167, 169-182, 201, 204-205, 212, 215-220, 245, 251, 258, 259, 260, 262-263, 270, 273, 295, 299, 303, 305, 315, 402, 502, 504-505, 513, 520-525, 600-601, 603-608, 611-614, 616-619, 627, 630-631, 669-673, 675-677, 682-692, 696-699, 701, 704-707, 709-710, 715, 719, 721-723, 801-809, 812-814, 817-818, 831-832, 841, 857, 869, 871, 874, 906, 908-909, 911-912, 914- 916, 918-919, 922-924, 938, 943, 957-975, 977-982, 985-986, 1002-1003, 1008-1024, 1027-1035, 1037-1043, 1045-1050, 1052-1066, 1068-1079, 1085-1132, 1139, 1142-1143, 1145-1148, 1152-1158, 1161-1168, 1170-1172, 1174-1175, 1178, 1192-1195, 1232-1241, 1243, 1249, 1262-1268, 1270, 1272-1277, 1280-1289, 1291-1294, 1296-1300, 1302-1304, 1306, 1308-1313, 1315, 1317-1320, 1415, 1417-1423, 1425-1444, 1450-1451, 1453-1454, 1456-1464, 1467, 1469-1480, 1482-1484, 1489-1490, 1550-1568, 1573-1596, 1613-1616, 2005, 2044, 2049, 2051, 2136, 2144-2145, 2147-2153, 2158, 2170-2190, 2195, 2199, 2217, 2218, 2225, 2227, 2228, 2229, 2234-2235, 2237-2240, 2290, 2302-2304, 2306, 2307, 2310-2312, 2317-2318, 2321, 2355-2356, 2358, 2390, 2395, 2442, 2450, 2526, 2622-2625, 2627-2632, 2635, 2636, 2640-2642, 2647-2648, 2670-2671, 2694, 2695-2709

The parties have further resolved issues in the Revised Pre-Trial Exhibit Stipulation as to Exhibit Nos. 2, 81, 115-116, 148, 183, 203, 208, 210, 213-214, 222, 224-227, 234-237, 240-242, 255, 264-265, 272, 275-277, 280-283, 287-294, 298, 304, 317-320, 403-405, 409-413, 620, 633, 642-667, 876-899, 1133-1135, 1159, 1160, 1176, 1177, 1179, 1250-1261, 1316, 1412-1414, 1416, 1485-1488, 1491-1493, 1494-1498, 1510-1534, 1537-1547, 1569-1572, 2013-2024, 2046,-2048, 2052-2060, 2062-2073, 2076-2080, 2082, 2084-2092, 2138, 2156, 2191-2194, 2196, 2197, 2213, 2220-2223, 2226, 2236, 2241, 2243-2248, 2281, 2287, 2291-2293, 2334-2337, 2341-2343, 2347-2350, 2353, 2357, 2359-2364, 2366, 2368-2372, 2374-2387, 2391-2392,

2394, 2396-2409, 2411, 2413, 2416-2417, 2422-2427, 2464, 2482, 2503, 2669, 2676-2677, with both parties reserving the right to seek leave to reintroduce or object to withdrawn exhibits from this group subject to the presentation of evidence at trial.

The parties were not able to resolve the objections identified in the Revised Pre-Trial Exhibit Stipulation as to the following Exhibits:

## PLAINTIFF'S EXHIBITS

| Plaintiff's Exhibit **JTX-1** | Description: 2022 02 03 Thomas Lehman Declaration (Lehman Depo Exhibit 1)<br>Witness: Lehman, Kindler |
|---|---|
| **Defendants' Grounds for the Objection:** | Fed. R. Evid. 403, 801, 1002 |
| **Plaintiff's Response to the Objection:** | Exhibit 1 is an under-oath statement signed by Thomas Lehman that relates directly to the issues in this case and which Mr. Lehman repeatedly affirmed during Defendants' deposition of him did in fact constitute his truthful testimony.  Here is but one of many examples of Mr. Lehman affirming that his sworn statement is truthful:<br><br>Q.    Does Exhibit 1 reflect your truthful testimony?<br>A.    That's the declaration?<br>Q.    Yes.<br>A.    Yes, it does.<br>Deposition of Thomas Lehman at 251:14-17.<br><br>Although Defendants do not object to Exhibit 1 on the grounds of relevance, Exhibit 1 is relevant to the issues the jury will decide because it relates to the amount of money Mr. Lehman was paid and how Defendants promoted their RR/BAYC NFTs.  To the extent the Court allows Defendants to argue that they did not intend to confuse consumers, contrary to the Court's order on Yuga Labs' motion for summary judgment, then Mr. Lehman's declaration is also relevant to that issue.<br><br>Exhibit 1 is not unduly prejudicial to Defendants because Mr. Lehman has testified that it is truthful.  Defendants had an opportunity to depose Mr. Lehman about Exhibit 1 and |

| | | |
|---|---|---|
| | | they have designated testimony from that deposition. Therefore, the highly probative nature of Exhibit 1 is not outweighed by any prejudice to Defendants.<br><br>Exhibit 1 is admissible pursuant to Federal Rule of Evidence 801(d)(2)(C) and (D) because Defendants have repeatedly affirmed that Mr. Lehman is their partner in their RR/BAYC business venture.  *See* Dkt. 235 at 12:2-3 ("Mr. Lehman is a software programmer and a partner in the RR/BAYC Project.").<br><br>Yuga Labs is in possession of the original Exhibit 1 and therefore it is not inadmissible pursuant to Federal Rule of Evidence 1002.<br><br>Although Defendants do not object to Exhibit 621 on the grounds of relevance, it is plainly relevant to the issue of the scope of injunctive relief to be awarded to Yuga Labs as it shows the injunction another federal judge entered against one of Defendants' co-conspirators.  Moreover, Exhibit 621 is relevant to the issue of damages as it shows that Yuga Labs has sought to destroy the RR/BAYC NFTs and one of the measures of damages Yuga Labs seeks from Defendants is the cost to destroy the remaining infringing NFTs. |
| | **Defendants' Response:** | These exhibits are settlement-acquired documents in connection with a different litigation involving a third party, Thomas Lehman.  Exhibit 1, a declaration from Mr. Lehman, was admittedly authored by Yuga Labs and contains verbatim statements written by Yuga Labs that Mr. Lehman admitted he merely adopted.  Mr. Lehman also admitted that he signed the declaration under duress and as a condition of settling litigation which he admitted made him fearful and which was disrupting his life.  As a result, rather than admitting his written declaration, the jury should hear Mr. Lehman's live testimony subject to cross examination (if they hear from him at all). Admission of these lawyer-created legal-documents would be unfairly prejudicial because they would improperly confuse the jury. The documents are also hearsay that will be offered for the truth of the matter asserted and are not |

| | |
|---|---|
| | subject to any exception.  Further, use of lawyer-created, court documents is not compliant with the best evidence rule under the Federal Rules of Evidence.  Mr. Lehman's direct testimony subject to cross-examination is the superior form of evidence.<br><br>To the extent Yuga Labs intends to introduce any evidence regarding Thomas Lehman's knowledge of the RR/BAYC Project or agreements reached with Yuga Labs, it can do so by introducing direct testimony from Mr. Lehman to avoid confusing the jury with complicated, lawyer-created, court documents.  This is particularly true since Yuga Labs has secured Mr. Lehman's attendance at trial via the settlement agreement itself. |
| **Plaintiff's Exhibit JTX-621** | Description: 2023 02 06 [12] Consent Judgment and Order in Yuga v. Lehman (Yuga Labs' Motion for Summary Judgment Exhibit 26)<br>Witness: Lehman, Muniz |
| **Defendants' Grounds for the Objection:** | Fed. R. Evid. 403, 801, 1002 |
| **Plaintiff's Response to the Objection:** | The relevance of Exhibit 621 is not outweighed by any undue prejudice.  This Court has already determined Defendants' intent and that Yuga Labs is entitled to an injunction, so there is no prejudice to Defendants if the jury concludes that their culpability has already been determined or that Yuga Labs is entitled to an injunction – those are resolved issues that the jury is not being asked to decide at trial.  The jury will be asked to decide whether Defendants should pay to remove the infringing RR/BAYC NFTs from the marketplace and the relevance of Exhibit 621 on that key issue outweighs any prejudice concerning issues the jury is not being asked to decide.<br><br>Exhibit 621 is not inadmissible hearsay because it is a Court record admissible under Federal Rule of Evidence 803(6), (8), (14), (15) or 807.<br><br>Exhibit 621 is an original of the signed consent judgment insofar as the document filed with the Court and publicly accessible to everyone through, at least, PACER is the |

| | original pursuant to Federal Rule of Evidence 1002. The Court can also take judicial notice that Exhibit 621 is a carbon copy of what appears on the Court's docket in *Yuga Labs v. Thomas Lehman*. |
|---|---|
| **Defendants' Response:** | Exhibit 621, a consent judgment again agreed to under duress and as a condition of settlement, is equally or more prejudicial because it contains lawyer-written statements about alleged "facts" Mr. Lehman felt compelled to admit to avoid further litigation. From seeing a legal document titled consent judgment, the jury may be inappropriately led to believe that the issue of damages or the level of culpability has already been determined by a Court. Admission of these lawyer-created legal-documents would be unfairly prejudicial because they would improperly confuse the jury. The documents are also hearsay that will be offered for the truth of the matter asserted and are not subject to any exception. Further, use of lawyer-created, court documents is not compliant with the best evidence rule under the Federal Rules of Evidence. Mr. Lehman's direct testimony subject to cross-examination is the superior form of evidence.<br><br>To the extent Yuga Labs intends to introduce any evidence regarding Thomas Lehman's knowledge of the RR/BAYC Project or agreements reached with Yuga Labs, it can do so by introducing direct testimony from Mr. Lehman to avoid confusing the jury with complicated, lawyer-created, court documents. This is particularly true since Yuga Labs has secured Mr. Lehman's attendance at trial via the settlement agreement itself. |

## DEFENDANTS' EXHIBITS

| **Defendants' Exhibit JTX-209** | Description: Solano Deposition Exhibit 209- Copy of Bored Ape Yacht Club Terms and Conditions<br>Witness: Solano |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, and 602). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Evid. 106. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered. Moreover, it is relevant to the subject of Mr. Ripps and Mr. Cahen's criticism, which goes to willfulness. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from January 6, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106.  It is blurry and unreadable.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-211** | Description: Solano Deposition Exhibit 211- Photo of logo saying "This logo is based on the SS Totenkopf" Witness: Solano |

| | | |
|---|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. | |
| **Defendants' Response to the Objection:** | The RR/BAYC logo is plainly relevant to the case.  Mr. Ripps plainly can lay the foundation for the image because he created it.  The image is not hearsay if not offered for the truth. Its existence is relevant to Mr. Ripps purpose for creating RR/BAYC which goes to willfulness/damages. | |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this is not an authentic exhibit as it is a document created by counsel or Defendants.  It is not evidence that exists independently of counsel's or Defendants' creation in this form.  At most this is an objectionable demonstrative.  As such, it is irrelevant and prejudicial in its current form as a misleading if introduced as an exhibit. FRE 401, 403, 901.<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein.  FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | |
| **Defendants' Exhibit JTX-221** | Description: Muniz Deposition Exhibits 221-  Ripps, Article criticizing Bored Ape Yacht Club, Jan. 2022, RIPPSCAHEN00000408-RIPPSCAHEN00000417<br>Witness: Muniz | |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).   Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. | |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Yuga posted articles that BAYC has problematic imagery.  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  In particular, the court has repeatedly ruled that this litigation is about Defendants' commercial trademark infringement and not about their false claims.  Defendants' false claims represented by this exhibit are thus irrelevant and highly prejudicial to Plaintiff, including for the reasons set forth in motion in limine number 1.  Worse still, Defendants' concession that they are not offering this exhibit for the truth of the matter serves only to prejudice the jury to rule not on the facts but instead on Defendants' bad faith claims.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-230** | Description: Muniz Deposition Exhibits 230- Terms and Conditions of Bored Ape Yacht Club
Witness: Muniz |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).   Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered. Moreover, it is relevant to the subject of Mr. Ripps and Mr. Cahen's criticism, which goes to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.

Defendants' continued reference to the terms of conditions and misleading of the jury regarding settled issues will serve to only waste time during the trial and mislead the jury regarding irrelevant issues.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-232** | Description: Muniz Deposition Exhibits 232- Photo of ape wearing a "BAYC" hat on, YUGALABS_00026336-YUGALABS_00026336
Witness: Muniz |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).   Incomplete and misleading under Fed. R. Civ. P. 106. |
| **Defendants' Response to the Objection:** | This is an image associated with a BAYC NFT which was sold using the asserted marks.  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document.

Objection under FRE 106 as this exhibit is incomplete and misleading as presented. |
| **Defendants' Exhibit JTX-233** | Description: Muniz Deposition Exhibits 233- Photo of ape with aviator hat on, YUGALABS_00026375-YUGALABS_00026375
Witness: Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).   Incomplete and misleading under Fed. R. Civ. P. 106. |
| **Defendants' Response to the Objection:** | This is an image associated with a BAYC NFT which was sold using the asserted marks.  It is plainly relevant and the image itself is not "incomplete" or "misleading" |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.
Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document.

Objection under FRE 106 as this exhibit is incomplete and misleading as presented. |
| **Defendants' Exhibit JTX-248** | Description: Muniz Deposition Exhibits 248- Screenshot of #7454 within the Bored Ape Yacht Club listed for .30 ETH, RIPPSCAHEN00013346-RIPPSCAHEN00013346
Witness: Muniz |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106.  Misleading as presented under Fed. R. Evid. 611(a).  Lacks foundation under Fed. R. Evid. 602. |
| **Defendants' Response to the Objection:** | Relevance: The price at which RR/BAYCs were sold on the secondary market is directly relevant to damages.  The document is not incomplete because it shows the relevant portions of a foundation page.   Ms. Muniz is aware of secondary sales of RR/BAYC as evidenced by her deposition testimony and can lay an appropriate foundation. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  It is a confusing match up of multiple images into a single document.<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation. FRE 106, 611(a).<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.  At most this could be a demonstrative of a separate exhibit. But it is not an evidence standing alone. |
| **Defendants' Exhibit JTX-249** | Description: Muniz Deposition Exhibits 249- Photo of Apes #6969 and #832 with Ryder Ripps artwork agreement<br>Witness: Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. |
| **Defendants' Response to the Objection:** | Mr. Ripps disclaimer statement goes directly to willfulness and damages issues. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |

| | |
|---|---|
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that the Defendants intentionally infringed and did confuse consumers regardless of the disclaimer. It would therefore confuse the issues and waste the jury's time to admit the exhibit.<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to each consumers at the time of purchase. FRE 106, 901, 403. In particular the image as shown was not shown to each consumer at the time of purchase. At most this could be a demonstrative of a separate exhibit. But it is not an evidence standing alone. |
| **Defendants' Exhibit JTX-250** | Description: Muniz Deposition Exhibits 250- Copy of a chat log from June 29, 2022<br>Witness: Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). |
| **Defendants' Response to the Objection:** | This document goes directly to the extent of the confusion and extent of harm to Yuga, which is a damages issue. The document will not be offered for the truth, but rather the state of mind of consumers. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that the Defendants intentionally infringed and did confuse consumers regardless of the disclaimer. Additionally, these communications appear to have occurred after Plaintiff filed the litigation and are reactive to the litigation. The post-hoc reasoning, does not negate that consumers were confused. As such, the probative value of this misleading exhibit of unknown commenters outweighs any minimal relevance and would be a waste of time for the jury. |

| | |
|---|---|
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation, including in that it appears to remove chats from individuals who were confused. FRE 106, 611(a).<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-254** | Description: Atalay Deposition Exhibit 254 - Screenshot of "Roadmap Activations" from boredapeyachtclub.com Witness: Atalay |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. |
| **Defendants' Response to the Objection:** | The BAYC Roadmap is relevant to damages issues in this case, including hte extent to which any damage Yuga suffered is attributable to its own conduct.  The roadmap itself is a complete capture of one page from Plaintiff's website.  Other pages are in the record, as are numerous other individual webpages.  Therefore it is not incomplete. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Defendants have no evidence that Yuga Labs' website or roadmap contributed any harm.  Defendants' false conspiracies have already been rejected, and to relitigate this issue would be a significant waste of the parties', Court's and jury's time to assess irrelevant, false, and unsupported claims.<br><br>This exhibit is incomplete and misleading as presented. FRE 106.  It is missing other pages from the website.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is |

| | |
|---|---|
| | outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-266** | Description: Aronow Deposition Exhibit 266-  Aronow, Setting the Record Straight, Feb. 9, 2023<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from February 9, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally no objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document, and depending on the outcome of Plaintiff's motion in limine no. 1. |
| **Defendants' Exhibit JTX-267** | Description: Aronow Deposition Exhibit 267 - Wave, The (Potential) Origins of the Name "Yuga Labs", Jul. 12, 2022<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).   Irrelevant under Fed. R. Evid. 401, 402.   Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Foundation/Incompleteness: Yuga's founders have personal knowledge about the origin of the name Yuga and can testify as to that relative to the contents of thsi document. The document is not incomplete as it is a complete copy of the online article. /// Relevance The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill /// Hearsay: The document is not being offered for the truth of the matter asserted, but the fact that others have raised concerns about the origin of Yuga's name. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The origin of the name Yuga Labs is not at issue in this litigation, and Defendants have yet to explain any relevance. Even still, any relevance would be substantially outweighed by the waste of time and prejudice to the Yuga Labs through Defendants sideshows.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues |

| | |
|---|---|
| | or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-268** | Description: Aronow Deposition Exhibit 268 - Screenshot of reddit page discussing the "artist formerly known as hotpot"<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402.   Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants false, heinous, and irrelevant attacks on religion have no place in this trial about their intentional confusion of consumers. The exhibit is substantially likely to bias the jury, and would certainly confuse the issues and waste the jury's time.  Plaintiff reserves the right to seek sanctions if Defendants continue to pursue overtly irrelevant, confusing, and misleading tactics at trial.<br><br>Defendants have failed to establish any relevance of this exhibit to this trial, or their infringing use of the BAYC Marks.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| | |
|---|---|
| **<u>Defendants' Exhibit JTX-269</u>** | Description: Aronow Deposition Exhibit 269- Screenshot of "Kali Yuga Surfing Club" channel<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402.   Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants false, heinous, and irrelevant attacks on religion have no place in this trial about their intentional confusion of consumers. The exhibit is substantially likely to bias the jury, and would certainly confuse the issues and waste the jury's time.  Plaintiff reserves the right to seek sanctions if Defendants continue to pursue overtly irrelevant, confusing, and misleading tactics at trial.<br><br>Defendants have failed to establish any relevance of this exhibit to this trial, or their infringing use of the BAYC Marks.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **<u>Defendants' Exhibit JTX-278</u>** | Description: Aronow Deposition Exhibit 278 - Screenshot of deleted tweets for "pushthebully"<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants objection response is frivolous and demonstrates their failure to engage with the facts of the case.  A Twitter account that pre-existed the creation of Yuga Labs is wholly irrelevant to this trial.  It would therefore confuse the issues and waste the jury's time to admit the exhibit, and with no counterbalancing probative value it should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **<u>Defendants' Exhibit JTX-279</u>** | Description: Aronow Deposition Exhibit 279 - Screenshot of tweet from "pushthebully" saying "this is so good" Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants objection response is frivolous and demonstrates their failure to engage with the facts of the case.  A Twitter account that pre-existed the creation of Yuga Labs is wholly irrelevant to this trial.  It would therefore confuse the issues and |

| | |
|---|---|
| | waste the jury's time to admit the exhibit, and with no counterbalancing probative value it should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-284** | Description: Aronow Deposition Exhibit 284 - Photo of "Half Baycd" pass<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this |

litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| | |
|---|---|
| **Defendants' Exhibit JTX-285** | Description: Aronow Deposition Exhibit 285 - Photo of "Bored Ape Wear" Logo<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have |

no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-286** | Description: Aronow Deposition Exhibit 286 - Screenshot of google search and description of "Bored Ape Wear: Bored Ape Yacht Club" website<br>Witness: Aronow |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |
| | This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). |
| | This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). |
| | This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| | |
|---|---|
| **Defendants' Exhibit JTX-296** | Description: Aronow Deposition Exhibit 296 - Terms and Conditions of Bored Ape Yacht Club<br>Witness: Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered. Moreover, it is relevant to the subject of Mr. Ripps and Mr. Cahen's criticism, which goes to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' |

| | |
|---|---|
| | holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-302** | Description: Berger Deposition Exhibit 04 - Photo of logo labeled "waffen totenkopf" with a skull in the middle<br>Witness: Berger |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 401, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402.  Lacks foundation under Fed. R. Evid. 602.  Lacks authentication under Fed. R. Evid. 602, 901. |
| **Defendants' Response to the Objection:** | The SS Totenkopf logo goes directly to the purpose for RR/BAYC, criticisms of Yuga, and damages and willfulness issues generally. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit contains nonparty data for which there is no foundation or authentication. FRE 602, 901.   This is not an authentic exhibit as it is a document created by counsel or Defendants.  It is not evidence that exists independently of counsel's or Defendants' creation. |
| **Defendants' Exhibit JTX-306** | Description: Berger Deposition Exhibit 22 - Bellany et al., Cryptocurrencies Melt Down in a 'Perfect Storm' of Fear and Panic, May, 12, 2022<br>Witness: Berger |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Hearsay: The document is not being offered for the truth, but only for the existence of commentary on the decline in crypto prices. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony to demonstrate harm from sources other than themselves.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-307** | Description: Berger/Cahen Deposition Exhibit 28 - Goncharenko, Bored Apes desecrated a famous piece of New York graffiti art, July 18, 2022
Witness: Berger |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the controversy surrounding the NYC artowkr // Incomplete: The document is a fully incorporated news article and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but shows |

| | | |
|---|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. | |
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument. | |
| | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. | |
| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds. | |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | |
| **Defendants' Exhibit JTX-312** | Description: O'Laughlin Deposition Exhibit 03- Tweet from @streetoshi replying to @yugalabs and @ryder_ripps, RIPPSCAHEN00015349-RIPPSCAHEN00015349<br>Witness: O'Laughlin | |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. | |

| | |
|---|---|
| **Defendants' Response to the Objection:** | As set forth in Ms. O'Laughlin's deposition transcript, this exhibit is relevant to alternative sources of harm to Yuga, namely the problematic nature of some of the Ape images. The tweet is hearsay subject to an exception because it is offered for its effect on the listener. Moreover, the tweet can also be offered for a non-hearsay purpose, such as to show the existence of tweets criticizing Yuga labs. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The context of Defendants' implied meaning is not even clear from the excerpt.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-313** | Description: O'Laughlin Deposition Exhibit 04- Chen, Ryder Ripps: An Artist of the Internet, July 8, 2014, RIPPSCAHEN00000870-RIPPSCAHEN00000870 Witness: O'Laughlin |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Mr. Ripps stature as an artist goes directly to willfulness among other issues. The article can be offered for a nonhearsay purpose, such as that there are articles stating that Mr. Ripps is an artist. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, |

| | |
|---|---|
| | and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Nearly decade old articles about the Defendant have zero to minimal probative value.  Even if Defendant considers himself an artist, that is not a license to confuse consumers or steal Yuga Labs' trademark rights.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-406** | Description: Ehrlund Deposition Exhibit 406- Bored Ape Wear- Officially Licensed BAYC Merch logo<br>Witness: Ehrlund |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the |

reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no

| | |
|---|---|
| | expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-407** | Description: Ehrlund Deposition Exhibit 407- Google search result of "Bored Ape Wear: Bored Ape Yacht Club" Witness: Ehrlund |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are questionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. |

ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-408** | Description: Ehrlund Deposition Exhibit 408- Photo of several "Ape Water" cans<br>Witness: Ehrlund |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. |

| | | |
|---|---|---|
| | | R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801,

| | |
|---|---|
| | 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |
| | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-414** | Description: Ehrlund Deposition Exhibit 414- Photo of "Bored Coffee #9006 Rise and Grind" with Bored Coffee mug<br>Witness: Ehrlund |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The |

| | | document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |
| | | This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).* |
| | | This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).* |
| | | This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).* |
| | | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties |

| | |
|---|---|
| | and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2025** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 121 - Email from Lallement to RRBAYC, May 24, 2022, RIPPSCAHEN00001370-RIPPSCAHEN00001370<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third- |

party comments are proffered for the truth of the matter
asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is
speculative, lacks causation, and any probative value is
outweighed by the prejudice of either confusing the issues
or biasing the jury against Yuga Labs. Defendants have no
expert opinion or analysis supporting their inadmissible
speculation.

| **Defendants' Exhibit JTX-2026** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 122 - Email from Jindo to RRBAYC, May 30, 2022, RIPPSCAHEN00001410-RIPPSCAHEN00001410<br>Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2027** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 123 - Email from Ape I9 to RRBAYC, June 20, 2022, RIPPSCAHEN00001485-RIPPSCAHEN00001485<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2028** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 124 - Email from Washington to RRBAYC, June 20, 2022, RIPPSCAHEN00001496-RIPPSCAHEN00001496 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. |
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is |

|  | outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2029** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 125 - Email from Tenneti to RRBAYC, June 20, 2022, RIPPSCAHEN00001500-RIPPSCAHEN00001500<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no |

| | expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2030** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 126 - Email from Lopez to RRBAYC, June 20, 2022, RIPPSCAHEN00001509-RIPPSCAHEN00001509<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| **Defendants' Exhibit JTX-2031** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 127 - Email from Biermann to RRBAYC, June 20, 2022, RIPPSCAHEN00001517-RIPPSCAHEN00001517 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC. They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2032** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 128 - Email from Hefte to |

| | |
|---|---|
| | RRBAYC, June 20, 2022, RIPPSCAHEN00001558-RIPPSCAHEN00001558<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2033** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 129 - Email from Andriske to RRBAYC, June 20, 2022, RIPPSCAHEN00001577- |

| | RIPPSCAHEN00001577<br>Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC. They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2034** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 130 - Email from Masini to RRBAYC, June 21, 2022, RIPPSCAHEN00001622-RIPPSCAHEN00001622<br>Witness: Ripps |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2035** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 131 - Email from Attar to RRBAYC, June 21, 2022, RIPPSCAHEN00001655-RIPPSCAHEN00001655<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant |

|  | under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2036** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 132 - Email from Bailey to RRBAYC, June 21, 2022, RIPPSCAHEN00001687-RIPPSCAHEN00001687
Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under |

| | |
|---|---|
| | Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2037** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 133 - Email from Michael W. to RRBAYC, June 22, 2022, RIPPSCAHEN00001737-RIPPSCAHEN00001737
Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC. They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. |
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2038** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 134 - Email from Stringle to RRBAYC, June 25, 2022, RIPPSCAHEN00001786-RIPPSCAHEN00001786 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under |

| | |
|---|---|
| | Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. |
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2039** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 135 - Email from Winterstein to RRBAYC, June 21, 2022, RIPPSCAHEN00001869-RIPPSCAHEN00001869 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |

| | | |
|---|---|---|
| **Defendants' Response to the Objection:** | This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. | |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. | |
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. | |
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | |
| **Defendants' Exhibit JTX-2040** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 136 - Christopher, SEC Investigates Yuga Lab's Offering of Unregistered Securities, Dec. 10, 2022, RIPPSCAHEN00015992-RIPPSCAHEN00015993 Witness: Ripps, Cahen, Lehman, Hickman, Muniz | |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602. Misleading as presented under Fed. R. Evid. 611(a). | |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from December 10, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value.  FRE 403.  This exhibit is misleading as presented. FRE 401, 611(a), 403.

This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed. FRE 401, 402, 403. |

| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2041** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 137 - CoinTelegraph, Bored Ape Creators and Other NFT Projects Investigated by SEC Probe, Oct. 12, 2022, RIPPSCAHEN00016204-RIPPSCAHEN00016208

Witness: Ripps, Cahen, Lehman, Hickman, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Misleading as presented under Fed. R. Evid. 611(a). |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore |

| | | |
|---|---|---|
| | | because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from October 12, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value.  FRE 403.  This exhibit is misleading as presented. FRE 401, 611(a), 403.

This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed. FRE 401, 402, 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is |

| | |
|---|---|
| | outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2042** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 138 - Villa, SEC to Probe Bored Ape Yacht Club's Parent Company, Yuga Labs, Over Web3 Offerings, Oct. 13, 2022, RIPPSCAHEN00016955-RIPPSCAHEN00016956 Witness: Ripps, Cahen, Lehman, Hickman, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Misleading as presented under Fed. R. Evid. 611(a). |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from October 13, 2022. Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022. |

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value.  FRE 403.  This exhibit is misleading as presented. FRE 401, 611(a), 403.

This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed. FRE 401, 402, 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2043** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 139 - Robinson, Bored-Ape Creator Yuga Labs Faces SEC Probe Over Unregistered Offerings, Oct. 11, 2022, RIPPSCAHEN00017064-RIPPSCAHEN00017065<br>Witness: Ripps, Cahen, Lehman, Hickman, Muniz |

| | | |
|---|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Misleading as presented under Fed. R. Evid. 611(a). | |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including its offering of unregistered securities and investigation by the SEC.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated webpage page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of articles tying Yuga to an SEC Investigation. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant | |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from October 11, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated proceedings, such that any relevance outweighs its prejudicial value.  FRE 403.  This exhibit is misleading as | |

presented. FRE 401, 611(a), 403.

This exhibit contains information that is further irrelevant as Defendants' claims on these issues have been dismissed. FRE 401, 402, 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2045** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 141 - Forbes Profile of Ryder Ripps, RIPPSCAHEN00000866-RIPPSCAHEN00000869<br>Witness: Ripps, Cahen, Lehman, Hickman, Muniz |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant as it shows public information about Defendant Ripps, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in creating art and have an expectation that his work is received as art.//Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem.//Foundation: Defendants can lay the foundation |

| | |
|---|---|
| | for and authenticate this document through their knowledge of and interaction with a public website.//Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that defendants acted with the intent to deceive, therefore Defendants' state of mind is irrelevant to any triable issues in this case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2061** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 160 - Bored Ape Cousins OpenSea, RIPPSCAHEN00025284-RIPPSCAHEN00025286<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated |

| | | |
|---|---|---|
| | | opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. |
| | | This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). |
| | | This exhibit is from March 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022. |
| | | This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). |
| | | This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |

|  | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2074** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 173 - World Cup BAYC Collection OpenSea, RIPPSCAHEN00025351-RIPPSCAHEN00025370
Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind. Yuga itself has argued that harm is |

| | | |
|---|---|---|
| | | continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit is from March 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or

non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2075** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 174 - Dilution Image, RIPPSCAHEN00018890-RIPPSCAHEN00018890 Witness: Ripps, Cahen, Hickman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803.  Lacks authentication under Fed. R. Evid. 901. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and well as widescale third party use of the BAYC Marks which goes to Defendants state of mind.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the document // Incomplete: The document is a fully incorporated image.  /// Hearsay: The document is not being offered for the truth, but only for showing the statement mind as evidenced in the creation of this document and effect on state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this |

litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga

Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2081** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 180 - Apewater Image, RIPPSCAHEN00018547-RIPPSCAHEN00018547 Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803.  Lacks authentication under Fed. R. Evid. 901. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional

| | |
|---|---|
| | issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2083** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 182 - North Pier IPA Image, RIPPSCAHEN00018558-RIPPSCAHEN00018558<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803.  Lacks authentication under Fed. R. Evid. 901. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional

| | | |
|---|---|---|
| | | issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2085** | | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 184 - RRBAYC Website, RIPPSCAHEN00021149-RIPPSCAHEN00021175<br>Witness: Ripps, Cahen, Hickman, Lehman Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Incomplete and misleading under Fed. R. Civ. P. 106. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | | Relevance/Prejudice/Mode: This document is an accurate capture of the first few pages of rrbayc.com in a manner that resembles how the website actually appears on the internet and, thus, there is nothing misleading or prejudicial. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website. FRE 106, 901, 403. Without the full context, the exhibit is likely to confuse the issues and waste the jury's time and should therefore be barred under FRE 403. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2086** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 185 - RRBAYC Purchase Disclaimer, RIPPSCAHEN00021219-RIPPSCAHEN00021219<br>Witness: Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  this document is relevant to Defendants state of mind and to the extent of damages. /// Completeness: This document is a full capture of the disclaimer and there is evidence in the record showing that the disclaimer was shown to purchasers on rrbayc.com and Twitter, where nearly all sales occurred. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, so their mental state is not relevant to any remaining issue in the case.  The exhibit would confuse the issues and waste the jury's time and should therefore be barred under FRE 403.<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403. |
| **Defendants' Exhibit JTX-2088** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 192 - BAYC Terms & Conditions, RIPPSCAHEN00020804-RIPPSCAHEN00020805<br>Witness: Ripps, Cahen, Hickman, Lehman, Muniz, Atalay, Aronow, Solano |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed. R. Evid. 401, 402, 403, 602).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevant:  The exhibit is relevant because it shows the terms for BAYC NFTs that informed Defendants' and the publics' state of mind regarding rights associated with RR/BAYC NFTs.  This exhibit is further relevant as to damages. /// Completeness: This exhibit is a full and accurate capture of the terms and conditions for BAYC NFTs. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2093** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 197 - Twitter post by Ripps, Dec. 31, 2022, RIPPSCAHEN00016832-RIPPSCAHEN00016844<br>Witness: Ripps, Cahen, Muniz, Hickman, Aronow, Solano, Oseary |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for |

| | |
|---|---|
| | reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Incomplete and misleading under Fed. R. Civ. P. 106.   Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents tweets that are presented together on the same webpage on twitter. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from December 31, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2094** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 198 - Twitter post by Ripps, May 24, 2022, RIPPSCAHEN00016868-RIPPSCAHEN00016872<br>Witness: Ripps, Cahen, Hickman, Lehman, Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106.  Misleading as presented under Fed. R. Evid. 611(a).  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents tweets that are presented together on the same webpage on twitter. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2096** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 200 - Twitter post by Ripps, May 20, 2022, RIPPSCAHEN00019015-RIPPSCAHEN00019015<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. |

| | |
|---|---|
| | Evid. 403.  Misleading as presented under Fed. R. Evid. 611(a).  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2097** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 201 - Twitter post by Ripps, May 15, 2022, RIPPSCAHEN00019017-RIPPSCAHEN00019017<br>Witness: Ripps, Cahen, Hickman, Lehman, Solano, Aronow, Atalay, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter |

| | |
|---|---|
| | asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2098** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 202 - Twitter post by Ripps, July 12, 2022, RIPPSCAHEN00019521-RIPPSCAHEN00019526<br>Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Misleading as presented under Fed. R. Evid. 611(a).  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents tweets that are presented together on the same webpage on Twitter. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' |

Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2099** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 203 - Twitter post by Ripps, May 24, 2022 (Ripps Disclaimer Tweet 1), RIPPSCAHEN00017520-RIPPSCAHEN00017520 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant to damages and willfulness. /// Completeness: This exhibit is an accurate capture of a tweet by Defendants and response commentary. No unrelated tweets are included in this document. This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2100** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 204 - Twitter post by Ripps, May 24, 2022 (Ripps Disclaimer Tweet 2), RIPPSCAHEN00017521-RIPPSCAHEN00017521 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2101** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 205 - Twitter post by Ripps, May 21, 2022 (Ripps Disclaimer Tweet 3), RIPPSCAHEN00017522-RIPPSCAHEN00017522 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2102** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 206 - Twitter post by Ripps, June 18, 2022 (Ripps Disclaimer Tweet 4), RIPPSCAHEN00017523-RIPPSCAHEN00017523 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded |

from evidence.  This exhibit is subject to Yuga Labs'
Motion in Limine No. 2, on the grounds of FRE 401, 402,
403, 701, and 702, and for the reasons set forth in the
motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue
in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented.
FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image
contained in this exhibit is incomplete and misleading as
presented, especially to the extent it is not the complete
website and there is no evidence this image was shown to
consumers at the time of purchase.   FRE 106, 901, 403.

This exhibit is hearsay to the extent Defendants intend to
use it to support their purported defenses or is otherwise
proffered for the truth of the matter asserted. FRE 801,
802, 803.

| **Defendants' Exhibit JTX-2103** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 207 - Twitter post by Ripps, June 1, 2022 (Ripps Disclaimer Tweet 5), RIPPSCAHEN00017526-RIPPSCAHEN00017526 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter |

| | |
|---|---|
| | asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2104** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 208 - Twitter post by Ripps, June 7, 2022 (Ripps Disclaimer Tweet 6), RIPPSCAHEN00017525-RIPPSCAHEN00017525 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2105** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 209 - Twitter post by Ripps, June 8, 2022 (Ripps Disclaimer Tweet 7), RIPPSCAHEN00017524-RIPPSCAHEN00017524 Witness: Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading |

| | | |
|---|---|---|
| | | under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | | Relevance: This evidence is relevant to damages and willfulness. /// Completeness: This exhibit is an accurate capture of a tweet by Defendants and response commentary. No unrelated tweets are included in this document. This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured and of Defendants' state of mind. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |
| | | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. |
| | | This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403. Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403. Therefore, the exhibit is likely to confuse the issues and waste the jury's time and should be barred under FRE 403. |
| | | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2108** | | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 213 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022513-RIPPSCAHEN00022513<br>Witness: Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler |

| **Plaintiff's Grounds for the Objection:** | Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2109** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 214 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022684-RIPPSCAHEN00022684<br>Witness: Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler |
| **Plaintiff's Grounds for the Objection:** | Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this |

| | document. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured. |
|---|---|
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2110** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 215 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022685-RIPPSCAHEN00022685<br>Witness: Muniz, Ripps, Cahen, O'Laughlin, Kindler, Berger |
| **Plaintiff's Grounds for the Objection:** | Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant to damages. /// Completeness: This exhibit is an accurate capture of a Twitter post. No unrelated tweets are included in this document. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). |

| | |
|---|---|
| | This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. |
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2111** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 216 - Twitter post by Cline, May 16, 2022, RIPPSCAHEN00022453-RIPPSCAHEN00022454<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2112** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 217 - Twitter post by Cline, May 16, 2022, RIPPSCAHEN00022455-RIPPSCAHEN00022473 <br> Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). <br><br> This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. <br><br> This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2113** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 218 - Direct Message from Ripps to @Streetoshi, May 30, 2022, RIPPSCAHEN00015350-RIPPSCAHEN00015350 <br> Witness: Ripps, O'Laughlin |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. |

| | |
|---|---|
| | R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of Twitter messages.  /// Foundation:  Defendants can lay foundation for  based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2114** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 219 - Twitter post by @streetoshi, June 21, 2022, RIPPSCAHEN00015351-RIPPSCAHEN00015351<br>Witness: Ripps, Cahen, O'Laughlin |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. |

| | |
|---|---|
| | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2115** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 220 - Twitter post by @streetoshi, June 21, 2022, RIPPSCAHEN00015353-RIPPSCAHEN00015353<br>Witness: Ripps, Cahen, O'Laughlin |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. |

| | |
|---|---|
| | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). Therefore, the exhibit is likely to confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2116** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 221 - Twitter post by @streetoshi, June 9, 2022, RIPPSCAHEN00015356-RIPPSCAHEN00015356<br>Witness: Ripps, Cahen, O'Laughlin |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). |

| | This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2117** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 222 - Twitter post by @johnny0x, Aug. 17, 2022, RIPPSCAHEN00015335-RIPPSCAHEN00015335<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third- |

| | |
|---|---|
| | party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2118** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 223 - Twitter post by @johnny0x, June 16, 2022, RIPPSCAHEN00022479-RIPPSCAHEN00022479<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2119** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 224 - Twitter post by @johnny0x, May 26, 2022, RIPPSCAHEN00022493-RIPPSCAHEN00022493<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under |

|  | Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| --- | --- |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant to damages. /// Completeness: This exhibit is an accurate capture of a Twitter post. No unrelated tweets are included in this document. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **<u>Defendants' Exhibit JTX-2120</u>** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 225 - Twitter post by @Joey_tartz, May 16, 2022, RIPPSCAHEN00022686-RIPPSCAHEN00022686<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant to damages. /// Completeness: This exhibit is an accurate capture of a comment on a Twitter post. This document shows a full and accurate depiction of the comment and related tweets, as shown on Twitter. /// Foundation: Defendants can lay foundation for this public post based on their personal |

92

| | |
|---|---|
| | knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2121** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 226 - Twitter post by @plasticaverns, May 17, 2022, RIPPSCAHEN00040400-RIPPSCAHEN00040400
Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a comment on a Twitter post.  This document shows a full and accurate depiction of the comment and related tweets, as shown on Twitter. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. |

Additionally, this exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2122** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 227 - Twitter post by @CryptoGarga, Feb. 17, 2023, RIPPSCAHEN00017539-RIPPSCAHEN00017539<br>Witness: Ripps, Cahen, Solano, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106.  Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a comment on a Twitter post. /// Foundation: Greg Solano and Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  It is about marks and issues not present in the trial.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2123** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 228 - Twitter post by @yugalabs, June 24, 2022, RIPPSCAHEN00025330-RIPPSCAHEN00025330<br>Witness: Muniz, Solano, Aronow, Atalay, Ripps, Cahen, |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Misleading as presented under Fed. R. Evid. 611(a). Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of  a Twitter post. /// Foundation:  Yuga, through its corporate representative and founders, as well as Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally  subject to FRE 401 and 403 depending on Defendants' purpose for using the document.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2129** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 234 - Twitter post by @BoredApeYC, Mar. 16, 2022, RIPPSCAHEN00020414-RIPPSCAHEN00020414<br>Witness: Muniz, Solano, Aronow, Atalay, Oseary, Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Misleading as presented under Fed. R. Evid. 611(a). Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to Defendants' state of mind/willfulness. /// Prejudice/Mode:  This exhibit is not misleading.  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is misleading as presented. FRE 401, 611(a), 403.  It is missing the full thread. |
| **Defendants' Exhibit JTX-2130** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 235 - Twitter post by @BoredApeYC, Apr. 30, 2022, RIPPSCAHEN00020423-RIPPSCAHEN00020423<br>Witness: Muniz, Solano, Aronow, Atalay, Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Misleading as presented under Fed. R. Evid. 611(a). Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness. /// Prejudice/Mode:  This exhibit is not misleading.  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2132** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 237 - Twitter post by @foundation, Jan. 26, 2022, RIPPSCAHEN00019960-RIPPSCAHEN00019987<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Misleading as presented under Fed. R. Evid. 611(a). Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages. /// Misleading:  This exhibit is an accurate capture of a public Twitter post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is misleading as presented. FRE 401, 611(a), 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2133** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 238 - Muniz WebSummit |

| | |
|---|---|
| | Video<br>Witness: Muniz, Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Misleading as presented under Fed. R. Evid. 611(a). Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfullness. /// Foundation:  Yuga's corporate representative and Defendants can both lay foundation for this public video based on their personal knowledge. /// Authentication:  Yuga's corporate respresentative and Defendants can both confirm/verify the authenticity of the video and that the events in the video in fact did take place. /// Hearsay: this exhibit is not being brough in for the truth of the matter asserted.  It is evidence of public activity that occured and also evidence of effect on listeners and state of mind of Defendants. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). Indeed, this exhibit contains only a portion of the full video.<br><br>This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is |

| | |
|---|---|
| | outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2134** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 241 - Bored Coffee, RIPPSCAHEN00021022-RIPPSCAHEN00021022 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevant: This exhibit is relevant to damages and willfulness. /// Foundation:  Defendants can lay foundation for this exhibit based on their personal knowledge. /// Incompleteness:  This exhibits is a true and accurate version of publicly available third party materials created/displayed in connection with a third party brand and/or product. ///  Hearsay:  This exhibit is not being brough in for the truth of the matter asserted.  It is evidence of pubilcy activity and brought in to show effect on the listener. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged |

third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is

| | |
|---|---|
| | outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2135** | Description: Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 242 - GordonGoner Website, Ripps, Bored Ape Yacht Club is Racist and Contains Nazi Dog Whistles, Jan. 2022, RIPPSCAHEN00016301-RIPPSCAHEN00016308 Witness: Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Oseary, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation and highly prejudicial as it contains a compilation of images attempting to associate the Bored Ape images with offensive imagery for which there is no foundation. FRE 401, 402, 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2139** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 3 - New York Times, Ryder Ripps: An Artist of the Internet, July 8, 2014 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2140** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 4 - Forbes profile for Ryder Ripps Witness: Ripps |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2141** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 5 - Brooklyn Rail review of Mr. Ripps Ho exhibition, March 2015<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2142** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 6 - Postmasters Gallerys online listing<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has |

| | already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2143** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 7 - Complex, Chayka, URL to IRL: Controversial Artist Ryder Ripps Captures the Struggle of Existing on the Internet, Mar. 3, 2015<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2154** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 19 - Compiled Twitter posts criticizing Yuga Labs, Inc.<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading:  The exhibit is an full and accurate capture of public posts that have been compiled together. /// Foundation:  Defendants can lay foundation regarding this record of a publicly available activity. /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE |

106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2155** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 20 - Input Magazine, Bored Ape Yacht Club Finally Responds to Neo-Nazism Accusations, February 1, 2022<br>Witness: Ripps, Cahen, Muniz, Solano, Aronow, Atalay |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:  Yuga's corporate representative, co-founders, and Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. /// Prejudice: this document has no false statements and further is being presented to show state of mind and public activity, and not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be |

| | |
|---|---|
| | barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2159** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 24 - Coindesk, Wilser, The Bored Ape Founders Haven't Yet Jointed the Yacht Club, Sept. 1, 2021<br>Witness: Ripps, Cahen, Aronow, Solano, Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading:  The exhibit is an full and accurate capture of a public webpage. /// Foundation: Defendants can lay foundation regarding this record of a publicly available activity. /// Hearsay:  The exhibit is not being brough in for the truth of the matter asserted.  It is used to show that the statement existed and the effect it had on the listener and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2160** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 25 - Twitter post by Ripps, May 14, 2022<br>Witness: Ripps |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind. /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps. /// Hearsay:  Statement is not being brought in to show the truth of the matter asserted.  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not and cannot put forth any evidence of harm, and the exhibit is therefore irrelevant.  As such, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.

This exhibit is incomplete. FRE 106.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| **Defendants' Exhibit JTX-2161** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 27 - Twitter post by Ripps, May 14, 2022<br>Witness: Ripps, Cahen, Hickman, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind. /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps. /// Hearsay: Statement is not being brought in to show the truth of the matter asserted.  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants have not and cannot put forth any evidence of harm, and the exhibit is therefore irrelevant.  As such, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2162** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 28 - Twitter post by Ripps, May 15, 2022<br>Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant |

| | |
|---|---|
| | under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind. /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps. /// Hearsay:  Statement is not being brought in to show the truth of the matter asserted.  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not and cannot put forth any evidence of harm, and the exhibit is therefore irrelevant.  As such, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2163** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 29 - The Coin Republic, Bored Ape Yacht Club (BAYC) Propagating |

| | NFT Racism?, June 24, 2022<br>Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|---|
| **Defendants' Exhibit JTX-2164** | | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 30 - Decrypt, Lutz, Bored Ape Yacht Club's Creators Declared War on a Vocal Critic. Could it Backfire?, July 3, 2022<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's |

| | |
|---|---|
| | representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2165** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 31 - The Manual, Denis, Bored Ape Yacht Club Wants Ryder Ripps to Cease and Desist, July 14, 2022<br>Witness: Ripps, Muniz, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's |

| | |
|---|---|
| | representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2166** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 32 - Muchai, BAYC caught in a public opinion storm over Nazi club NFT racism, July 23, 2022<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's |

| | |
|---|---|
| | representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2167** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 33 - Radmillac, BAYC Founders Call Nazi Conspiracy Video 'Crazy Disinformation Campaign', July 24, 2022<br>Witness: Ripps, Cahen, Aronow, Solano, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Further, Defendants have not and cannot put forth any evidence of harm to Yuga Labs. Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is |

| | |
|---|---|
| | no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2168** | Description: Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 34 - Levin, Yuga Fires Back at #BURNBAYC Creator, July 27, 2022<br>Witness: Ripps, Cahen, Solano, Aronow, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Misleading as presented under Fed. R. Evid. 611(a). Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:   Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is misleading as presented. FRE 401, 611(a), |

117

| | 403. |
|---|---|
| | This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. |
| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2200** | Description: Twitter post from @Pauly0x, Aug. 21, 2022, RIPPSCAHEN00022475-RIPPSCAHEN00022475 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation and unduly prejudicial in that it reflects condescending comments by Defendant about Yuga Labs' founders. FRE 401, 402, 403.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2201** | Description: Twitter post from @ryder_ripps, Aug. 21, 2022, RIPPSCAHEN00022476-RIPPSCAHEN00022476 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under |

| | |
|---|---|
| | Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation and unduly prejudicial in that it reflects condescending comments by Defendant about Yuga Labs' founders. FRE 401, 402, 403.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2202** | Description: Twitter post from @ryder_ripps, Aug. 18, 2022, RIPPSCAHEN00022477-RIPPSCAHEN00022477 Witness: Ripps, Cahen, Aronow, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay |

| | | |
|---|---|---|
| | | foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that Defendants acted with the intent to deceive consumers, therefore the exhibit is not relevant to any remaining issues in the case. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2203** | | Description: Twitter post from @johnny0x_, June 16, 2022, RIPPSCAHEN00022480-RIPPSCAHEN00022492<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: This evidence is relevant to damages and willfulness. /// Completeness: This exhibit is an accurate capture of a Twitter post. This document presents a full |

| | |
|---|---|
| | and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2204** | Description: Twitter post from @johnny0x_, June 22, 2022, RIPPSCAHEN00022494-RIPPSCAHEN00022508<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Misleading as presented under Fed. R. Evid. 611(a).  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in |

| | |
|---|---|
| | for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2205** | Description: Twitter post from @johnny0x_, May 30, 2022, RIPPSCAHEN00022509-RIPPSCAHEN00022509 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive |

consumers, therefore the exhibit is not relevant to any remaining issue in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2206** | Description: Twitter post from @johnny0x_, June 1, 2022, RIPPSCAHEN00022510-RIPPSCAHEN00022510 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive consumers, therefore the exhibit is not relevant to any remaining issue in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2207** | Description: Twitter post from @enjoyoor, June 29, 2022, RIPPSCAHEN00022512-RIPPSCAHEN00022512 Witness: Ripps, Cahen, Hickman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant to damages and willfulness. /// Completeness: This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should therefore be barred under FRE 403.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third- |

| | party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2208** | Description: Twitter post from @Helloimmorgan, June 1, 2022, RIPPSCAHEN00022550-RIPPSCAHEN00022550 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2209** | Description: Twitter post from @streetoshi, June 7, 2022, RIPPSCAHEN00022551-RIPPSCAHEN00022551 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.   Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2210** | Description: Twitter post from @streetoshi, June 12, 2022, RIPPSCAHEN00022552-RIPPSCAHEN00022552<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |

126

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2211** | Description: Twitter post from @Jclineshow, May 16, 2022, RIPPSCAHEN00022687-RIPPSCAHEN00022703<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant to damages and willfulness. /// Completeness: This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation: Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay: this document not being brought in for the truth of the matter asserted. It is evidence of public activity that occured. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2212** | Description: ApeCoin is for the WEB3 Economy webpage, 2023, RIPPSCAHEN00016014-RIPPSCAHEN00016020 Witness: Ripps, Cahen, Oseary, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. //// Foundation:  Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity.  /// Incomplete: This exhibit is a a full and accurate print out of a publicly available webpage. ///Hearsay:  This exhibit is not being used to prove the truth of the matter asserted.  It is evidence of public activity that occured, the existence of the statements, and effect on the listener. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit.

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation. See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments.

| **Defendants' Exhibit JTX-2214** | Description: Comparison of ApeCoin ($APE) and Ape (BAYC) logos, RIPPSCAHEN00017580-RIPPSCAHEN00017580<br>Witness: Ripps, Cahen, Muniz, Oseary, Aronow, Solano |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under |

| | |
|---|---|
| | Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: The Apecoin DAO's use of the Ape Skull Logo is relevant to damages.  /// Foundation: Yuga's founders and Defendants can lay foundation for Apecoin DAO's use of the logo. /// Incomplete: The document is an is a full and correct depiction of both Yuga's and Apecoin DAO's use of the ape skull logo. // Hearsay: The document contains no statements and certainly does not purport to offer any statements brought in to prove the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin, Ape Foundation, or the context of this document.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2215** | Description: Table 3- Summary of funded projects for the period, May 4, 2022, RIPPSCAHEN00018447-RIPPSCAHEN00018447<br>Witness: Ripps, Cahen, Muniz, Oseary |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to damages and willfulness. //// Foundation:  Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity.  /// Incomplete: This exhibit is a a full and accurate print out of a publicly available webpage. ///Hearsay:  This exhibit is not being used to prove the truth of the matter asserted.  It is evidence of public activity that occured, the existence of the statements, and effect on the listener. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' |

Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin, Ape Foundation, or the context of this document.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004)*.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)*.

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments.

The exhibit lacks authenticity and is modified by Counsel or party.

| | |
|---|---|
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2216** | Description: Twitter post from @yugalabs, Mar. 16, 2022, RIPPSCAHEN00020643-RIPPSCAHEN00020646 Witness: Ripps, Cahen, Muniz, Oseary |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: The Apecoin DAO's use of the Ape Skull Logo is relevant to damages. /// Foundation: Yuga's founders and Defendants can lay foundation for this public tweet made bay Yuga Labs on Twitter. /// Incomplete: The document is an is a full and correct of Yuga's post. // Hearsay: The exhibit is a party admission, and further is used to show effect on the listener. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit is incomplete and misleading as presented. FRE 106.  This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| | |
|---|---|
| **Defendants' Exhibit JTX-2219** | Description: ApeCoin Powers Collaboratice Ecosystems webpage , RIPPSCAHEN00025230-RIPPSCAHEN00025233<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Foundation/Incompleteness: Mr. Ripps and Mr. Cahen have personal knowledge about this document, and other similar documents from the internet, including general knowledge about the source "Opensea". The document is not incomplete as it is a complete copy of a website selling an "Ape" branded NFTs. /// Relevance The document is relevant at least because it goes to whether "Ape" is a generic term in the Crypto-space which would render Yuga's mark invalid. The term "Ape's" validity as a non-generic term is a necessary component of Yuga's false advertising claim /// Hearsay: The document is not being |

134

| | | offered for the truth of the matter asserted, but the fact that others routinely use the "Ape" term to market NFTs. |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation.  See _Icon Enters. Int'l, Inc. v. Am. Prod. Co._, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See _Internet Specialties W., Inc. v. ISPWest_, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments. |

| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2224** | Description: Apeswap- Welcome to the Most Connected DeFi Hub webpage, RIPPSCAHEN00021477-RIPPSCAHEN00021477<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because it goes to whether "Ape" is a generic term in the Crypto industry which would render Yuga's claim to the "Ape" mark invalid. That is a necessary component of Yuga's false advertising claim. It is also relevant to show that the use of the term "Ape" by others predated Yuga's use of the term Ape. ///Lack of Foudnation: Mr Ripps and Mr. Cahen can lay the foundation to this document, including operation of the "Wayback Machine", familiarity with "meme coins", familiarity with crypto culture and the use of "Ape" within that culture. //Hearsay: The document is not hearsay because it is not being used to prove the truth of the matter asserted, but rather is being used to show that others used the term "Ape", which goes to whether a word was said. |
| **Plaintiff's Response:** | Defendants concede that Yuga Labs owns the marks at issue in this litigation and should withdraw this unnecessary exhibit.<br><br>This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this |

litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

| **Defendants' Exhibit JTX-2230** | Description: BAYC Vault (NFTX) webpage , RIPPSCAHEN00019870-RIPPSCAHEN00019874 Witness: Ripps, Cahen, Hickman |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |

| Defendants' Response to the Objection: | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved. |
|---|---|
| Plaintiff's Response: | This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2231** | Description: CoinGecko Bored Ape Yacht Club (BAYC) webpage, RIPPSCAHEN00019885-RIPPSCAHEN00019889<br>Witness: Ripps, Cahen, Hickman |
| Plaintiff's Grounds for the Objection: | Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| Defendants' Response to the Objection: | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved.  It is also judicially noticeable. |

| **Plaintiff's Response:** | This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2232** | Description: CoinGecko Bored Ape Yacht Club (BAYC) webpage, RIPPSCAHEN00019890-RIPPSCAHEN00019894<br>Witness: Ripps, Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved. It is also judicially noticeable. |
| **Plaintiff's Response:** | This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2233** | Description: BAYC Market Statistics, RIPPSCAHEN00019914-RIPPSCAHEN00019914 Witness: Ripps, Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved. It is also judicially noticeable. |
| **Plaintiff's Response:** | This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2242** | Description: List of block transactions, Mar. 6, 2023, RIPPSCAHEN00020914-RIPPSCAHEN00020914 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803.  Lacks authentication under Fed. R. Evid. 901. |
| **Defendants' Response to the Objection:** | Relevance: This list of on-chain transactions is relevant to this case as it involves transactions involved in this case.///Completeness: This exhibit is substantially complete and therefore there are no completeness concerns |

| | |
|---|---|
| | present.//Foundation: Defendants can lay the foundation to this document//Heasay: This is within the hearsay exceptions for business records kept in the regular course of business and reports kept for the market. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. These transactions do not demonstrate harm to Yuga Labs and are therefore irrelevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit contains nonparty data for which there is no foundation or authentication. FRE 602, 901.  This exhibit lacks any identifying date or URL to authenticate.  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| **Defendants' Exhibit JTX-2249** | Description: List of transactions to Bored Ape Yacht Club, RIPPSCAHEN00020900-RIPPSCAHEN00020901
Witness: Ripps, Cahen, Atalay, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because it contains information about BAYC contracts in an account controlled by K. Atalay. It is relevant to show BAYC's business activities. //Rule of Completion: This is a full webpage screen grab and therefore there is no risk of it being misleadingly incomplete.  Foundation and Authentication://Mr. Ripps and Mr. Cahen can authenticate |

| | | what the website is through their knowledge of on-chain transactions, and cryptocurrency generally. //Hearsay: Defendants do not seek to introduce this for the truth of the matter asserted, but for the fact that the document was made. To the extent it is hearsay, it qualifies under the Market Report exception. |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Assets controlled by K. Atalay are not relevant to any remaining issues in this case and to the extent Defendants' intend to offer the exhibit to prove their baseless conspiracy theories, the Court has already held that these theories are irrelevant to this trademark dispute.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2250** | | Description: List of block transactions with creator ryder-ripps.eth, RIPPSCAHEN00021220-RIPPSCAHEN00021221
Witness: Ripps, Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | | Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |

| Defendants' Response to the Objection: | Rule of Completeness: As a screenshot of the entire webpage, there is no completeness problem present. //Foundation: Defendants can lay the foundation through their knowledge of Etherscan, on-chain transactions and the RR/BAYC project.//Hearsay: Defendants are using the document for the truth of the matter asserted, but rather that it was stated. |
|---|---|
| Plaintiff's Response: | This exhibit is incomplete and misleading as presented. FRE 106, 901, 403.  Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2251** | Description: RR/BAYC -BAYC NFT Comparison, RIPPSCAHEN00025212-RIPPSCAHEN00025212 Witness: Ripps, Cahen |
| Plaintiff's Grounds for the Objection: | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803.  Misleading as presented under Fed. R. Evid. 611(a).  Violates the best evidence rule under Fed. R. Evid. 1002. |
| Defendants' Response to the Objection: | Rule of Completeness: The document is complete. FRE 611(a) does not deal with compilations.  To the extent this is a compilation, there is nothing about it that would make it improper as it is not misleading.//Foundation: Defendants can provide the foundation to the document by explaining how it was created and the factual bases for the document.//Best Evidence: There is no dispute as to the originality of the document nor are there indications that if this is a copy that there is a geniune dispute about its authenticity.//Hearsay: No unknown third party made this document. Further it is not being asserted for the truth of |

| | the matter asserted but rather to show comparisons between statements made by the parties and to demonstrate the effect on the listener of statements in the blockchain. |
|---|---|
| **Plaintiff's Response:** | This exhibit is incomplete and misleading as presented and is an improper compilation. FRE 106, 611(a).  Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is not the best evidence for the information therein.  FRE 1002, 1003.<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit.  FRE 801, 802, 803.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.  Indeed, this exhibit contains statements directly contradicting judgments already made by the Court. |
| **Defendants' Exhibit JTX-2252** | Description: Ape #8824 with listing price , YUGALABS_00040863-YUGALABS_00040864<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Rule of Completeness: The document is complete, it shows the entire etherscan webpage for the at-issue token.// Foundation: Defendants, Yuga's co-founders, and Ms. Muniz can all identify this document through their familiarity with Etherscan and the RR/BAYC project.//Hearsay: This document is not being used to |

| | |
|---|---|
| | prove the truth of the matter asserted. Any statements also fall into the Market report exception of 803(17) |
| **Plaintiff's Response:** | This exhibit is incomplete and misleading as presented. FRE 106, 901, 403.  Therefore, it would confuse the issues and mislead the jury and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2253** | Description: Email from Jacobs to Culp, Jan. 13, 2023, YUGALABS_00040601-YUGALABS_00040601<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.//  Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their |

intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2254** | Description: Email from Culp to Jacobs, Feb. 1, 2023, YUGALABS_00040602-YUGALABS_00040602 Witness: Muniz, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.//  Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit |

| | |
|---|---|
| | would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2256** | Description: Zoom meeting invitation From Jacobs to Yuga Labs, Feb. 1, 2023, YUGALABS_00040613-YUGALABS_00040613<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.//  Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit |

| | |
|---|---|
| | would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901. |
| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2257** | Description: Email from Jacobs to Culp, Feb. 10, 2023, YUGALABS_00040618-YUGALABS_00040619 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.//  Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation. |
| | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and |

| | |
|---|---|
| | should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2258** | Description: Email from Culp to Jacobs, Feb. 1, 2023, YUGALABS_00040627-YUGALABS_00040629<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.//  Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2259** | Description: Email from Culp to Jacobs, Feb. 2, 2023, YUGALABS_00040630-YUGALABS_00040630<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.//  Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would waste the jury's time and confuse the issues and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation |

| | |
|---|---|
| | as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2260** | Description: Confidential Settlement Agreement, YUGALABS_00040631-YUGALABS_00040636<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully. Several terms of the agreement show that the lawsuit was actually about the criticisms against Yuga levied by Defendants//  Lack of Foundation:Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2261** | Description: Consent Judgement and Order for Permanent Injunction Against Thomas Lehman with formatting comments, YUGALABS_00040637-YUGALABS_00040642<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2262** | Description: Email from Culp to Jacobs, Feb. 2, 2023, YUGALABS_00040648-YUGALABS_00040649 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2263** | Description: Email from Jacobs to Culp, Feb. 2, 2023, YUGALABS_00040650-YUGALABS_00040651 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE |

106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2264** | Description: Confidential Setlement Agreement with formatting comments, YUGALABS_00040652-YUGALABS_00040659<br>Witness: Muniz, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including evidence that this lawsuit was primarily brought by Yuga to silence speech. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants have not established how their intent relates to a consent judgment against one of their business partners. Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2265** | Description: Consent Judgement and Order for Permanent Injunction Against Thomas Lehman with formatting comments, YUGALABS_00040660-YUGALABS_00040666<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | |
|---|---|
| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2266** | Description: Email from Jacobs to Culp, Feb. 2, 2023, YUGALABS_00040667-YUGALABS_00040668 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation. |
| | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2267** | Description: Confidential Settlement Agreement draft with formatting comments, YUGALABS_00040669-YUGALABS_00040676<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2268** | Description: Consent Judgement and Order for Permanent Injunction Against Thomas Leham with continued formatting comments, YUGALABS_00040677-YUGALABS_00040683<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully.  //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2269** | Description: Email from Jacobs to Culp, Feb. 2, 2023, YUGALABS_00040690-YUGALABS_00040692<br>Witness: Muniz, Lehman |

| | Plaintiff's Grounds for the Objection: | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|---|
| | Defendants' Response to the Objection: | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| | Plaintiff's Response: | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| **Defendants' Exhibit JTX-2270** | Description: Email from Jacobs to Culp, Feb. 3, 2023, YUGALABS_00040693-YUGALABS_00040695<br>Witness: Muniz, Lehman |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2271** | Description: Email from Jacobs to Culp, Feb. 3, 2023, YUGALABS_00040696-YUGALABS_00040697 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2272** | Description: Confidential Settlement Agreement draft with formatting comments, YUGALABS_00040698-YUGALABS_00040705<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully, including statements that indicate that Yuga's true motivation for the lawsuit was to stifle criticism. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2273** | Description: Consent Judgement and Order for Permanent Injunction Against Thomas Leham draft with formatting comments, YUGALABS_00040707-YUGALABS_00040713<br>Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| **Defendants' Exhibit JTX-2274** | Description: Email from Culp to Jacobs, Feb. 3, 2023, YUGALABS_00040723-YUGALABS_00040726 Witness: Muniz, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully.  //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | |
|---|---|
| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2275** | Description: Email from Jacobs to Culp, Feb. 3, 2023, YUGALABS_00040731-YUGALABS_00040734 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2276** | Description: Email from Kwock to Jacobs, Feb. 3, 2023, YUGALABS_00040735-YUGALABS_00040735 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE |

| | |
|---|---|
| | 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2278** | Description: Confidential Settlement Agreement, Feb. 3, 2023, YUGALABS_00040746-YUGALABS_00040762 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including because it contains evidence that the true motivation behind the suit was to silence Yuga's critics. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent is relevant in the trial as their intent has already been adjudicated.  Moreover, Defendants have also not established how their supposed intent relates to a consent judgment against one of their business partners. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2279** | Description: Email from Jacobs to Kwock, Feb. 3, 2023, YUGALABS_00040763-YUGALABS_00040763 Witness: Muniz, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible as part of a settlement offer or negotiation under Fed. R. Evid. 408.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE |

| | |
|---|---|
| | 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2280** | Description: #The Bestt Boredd Apee Yacht Clubb webpage on OpenSea, RIPPSCAHEN00015922-RIPPSCAHEN00015923<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world, that the term "Ape" was used in a generic manner by other cryptocurrency sellers, and on the willfulness issue because it goes to Yuga's wrongful intent for filing suit. ///Rule of Completion: As a complete screenshot of a webpage, there are no completeness problems raised by the document. //Foundation and Authentication: Defendants can lay the foundation for authenticate the screenshot through their familiarity with the website, the crypto industry and other "Ape" collections. //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit that Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time. |

1

2   This exhibit is subject to Yuga Labs' Motion in Limine

3   No. 3, on the grounds of FRE 401, 402, 403, 602, 801,
    802, 901, and 902, and for the reasons set forth in the

4   motion should be excluded from evidence.

5   This exhibit is irrelevant to the claims at issue in this

6   litigation.  FRE 401, 402.  This Court has held "despite
    Defendants' attempt to argue abandonment through third

7   party use or failure to police, these arguments are

8   unquestionably meritless." Dkt. 225 at 10.  Any alleged
    third-party use of marks is irrelevant because Defendants

9   cannot demonstrate their actual use in commerce.  See

10  *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No.
    ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr.

11  12, 2016).

12  This exhibit is from January 2023.  Defendants offer no

13  explanation how this exhibit relates to the harm Yuga Labs

14  suffered from RR/BAYC sales in May or June 2022.

15  This exhibit lacks foundation.  FRE 602.  Defendants have

16  no proof or witness with personal knowledge of the alleged
    third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am.*

17  *Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29

18  (C.D. Cal. Oct. 7, 2004).

19  This exhibit is hearsay to the extent any statements are

20  proffered for the truth of the matter asserted.  FRE 801,
    802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No.

21  CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19,

22  2006).

23  This exhibit is inadmissible because any probative value is

24  substantially outweighed by undue prejudice, misleading
    the jury, undue delay, and wasting the time of the parties

25  and this Court.  FRE 403.  Without evidence of actual use,

26  the relevance of any alleged-third party use is minimal or
    non-existent.  But if this exhibit were admitted, the parties

27  and this Court would be required to address additional

28  issues and evidence, including but not limited to Yuga

| | |
|---|---|
| | Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| **Defendants' Exhibit JTX-2282** | Description: Bored Ape Tron Club webpage, RIPPSCAHEN00017228-RIPPSCAHEN00017236 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection.//Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document.//Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections.//Hearsay. Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit that Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time. <br><br> This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. <br><br> This exhibit is irrelevant to the claims at issue in this |

litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit is from February 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

| **Defendants' Exhibit JTX-2283** | Description: Twitter post from @ryder_ripps, RIPPSCAHEN00017447-RIPPSCAHEN00017447 Witness: Ripps |
| --- | --- |

| | | |
|---|---|---|
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Incomplete and misleading under Fed. R. Civ. P. 106.  Unfairly prejudicial under Fed. R. Evid. 403.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed.  // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated.//Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements. //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated. Defendants seek to introduce the statement to prove that it was said, not that what it said is true. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers and therefore the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would waste the jury's time and confuse the issues and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a |

| | |
|---|---|
| | statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2284** | Description: Bored Ape Solana Club webpage on Magic Eden, RIPPSCAHEN00017581-RIPPSCAHEN00017583 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Incomplete and misleading under Fed. R. Civ. P. 106.  Unfairly prejudicial under Fed. R. Evid. 403.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection.//Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document.//Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections.//Hearsay. Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit that Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time.

This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue |

in this litigation. FRE 401, 402, 403. The Court has already ruled that Defendants acted with the intent to deceive consumers and therefore the exhibit is not relevant to any remaining issue in the case. Therefore, the exhibit would waste the jury's time and confuse the issues and should be excluded under FRE 403.

This exhibit is from February 2023. Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit is incomplete and misleading as presented. FRE 106.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2285** | Description: Twitter post from @ryder_ripps, June 13, 2022, RIPPSCAHEN00017615-RIPPSCAHEN00017615 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed. // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated.//Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements. //Hearsay: The Tweet contains no statements which have a truth value, and therefore it |

| | |
|---|---|
| | cannot be asserted for the truth of the matter stated. Defendants seek to introduce the statement to prove that it was said, not that what it said is true. |
| **Plaintiff's Response:** | This exhibit is incomplete and misleading as presented. FRE 106.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created. FRE 106, 401, 402, 602, 901. |
| | This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2286** | Description: Twitter post from @ryder_ripps, May 14, 2022, RIPPSCAHEN00017752-RIPPSCAHEN00017753 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Foundation: This document contains a statement of one of the Defendants. He can lay the foundation as to his statements and his beliefs about any conversation. Defendants are not seeking to use this for the truth of the matter asserted, but rather to demonstrate that the statement was said. |
| **Plaintiff's Response:** | This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. |
| | This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2288** | Description: Token ID #193 on Looks Rare, RIPPSCAHEN00020648-RIPPSCAHEN00020649 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106. Unfairly prejudicial under Fed. R. Evid. 403. |

| Defendants' Response to the Objection: | Rule of Completion: As a complete screenshot of how the RRBAYC collection appeared on Looksrare. Defendants did not "modif[y] the exhibit to hid and obscure their infringement" nor did they admit to doing so in their depositions.  ///FRE 403: This is a highly relevant document to Yuga's claim because it shows the RR/BAYC mark in commerce. The allegation that Defendants "modified" the exhibit and admitted doing so is untrue. As such, Yuga's objection and the salacious accusation supporting it should be disregarded. It is how the webpage appears. |
|---|---|
| Plaintiff's Response: | This exhibit is incomplete and misleading as presented. FRE 106.  Defendants have modified the representation in the exhibit to hide and obscure their infringement as they have admitted during depositions.  For those reasons, the exhibit as is, is further misleading and objectionable under FRE 403. |
| **Defendants' Exhibit JTX-2289** | Description: Bored Ape Solana Club webpage on OpenSea, RIPPSCAHEN00020817-RIPPSCAHEN00020819<br>Witness: Ripps, Cahen |
| Plaintiff's Grounds for the Objection: | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| Defendants' Response to the Objection: | Relevance: This document is relevant to the issues of wilfulness, Defendants' intent, and whether Yuga surrendered its IP rights to the world. Defendants' motivations are at issue, and as a result evidence that Yuga sued Defendants specifically due to their criticism of Yuga's marks is relevant. /// Rule of Completeness: As a complete screengrab of a webpage there is no completeness problem with the exhibit.//Foundation and Authentication: Defendants can lay the foundation for and authenticate the document. Defendnatsa can testify to their familiarity with the Bored Ape Solana Club and the marketplaces it sold NFTS on. Likewise there is no dispute that the document is, in fact, authentic.// Hearsay: |

| | | Defendants are not seeking to use the exhibit for the truth of the matter asserted, but rather to show that any involved statements were made. |
|---|---|---|
| | **Plaintiff's Response:** | Defendants must withdraw this unnecessary exhibit and their response. Defendants admit that Yuga Labs owns the marks at issue in the trial. Defendants have further been adjudicated to be intentional infringers. Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time.<br><br>This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties |

|  |  |
|---|---|
| | and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| **Defendants' Exhibit JTX-2295** | Description: Listed items on RRBAYC.com , YUGALABS_00027472-YUGALABS_00027472 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete.  How Defendants displayed the RRBAYC collection is clearly relevant. //Foundation: Defendants and Ms. Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold.  // Hearsay: Defendants are not using the document to prove the "truth of the matter asserted" but rather are using it for other purposes such as showing the layout of a website. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2296** | Description: RR/BAYC webpage with 108 items listed , YUGALABS_00027473-YUGALABS_00027473 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Incomplete and misleading under Fed. R. Civ. P. 106.  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly |

| | |
|---|---|
| | prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete. How Defendants displayed the RRBAYC collection is clearly relevant. //Foundation: Defendants and Ms. Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold.  // Hearsay: Defendants are not using the document to prove the "truth of the matter asserted" but rather are using it for other purposes such as showing the layout of a website. |
| **Plaintiff's Response:** | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2300** | Description: RRBAYC.COM webpage, June 22, 2022, YUGALABS_00040849-YUGALABS_00040849<br>Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action. //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document. Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection |

|  | based on what defenses a document could be used for is improper. It only turns on whether statements asserted are presented for the truth of the matter asserted. Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show what the webpage looked like. |
|---|---|
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. It is merely a partial document and does not show all instances of infringement by Defendants on this page.  Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2301** | Description: RR/Black Square page on X2Y2, YUGALABS_00040850-YUGALABS_00040850<br>Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action. //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document. Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper. It only turns on whether statements asserted are presented for the truth of the matter asserted. Defendants plan to use the document not to prove the truth of any |

| | |
|---|---|
| | matter asserted, but instead to show what the webpage looked like. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. It is merely a partial document and does not show all instances of infringement by Defendants on this page. Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2308** | Description: Goncharenko, Bored Apes desecrated a famous piece of New York graffiti art, Jul. 18, 2022, RIPPSCAHEN00018506-RIPPSCAHEN00018508<br>Witness: Ripps, Cahen, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City. Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it.  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other. All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents. //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, |

| | |
|---|---|
| | every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds. |
| **Defendants' Exhibit JTX-2309** | Description: Reddit thread, Bored Ape Yacht Club stencils their logo over legendary Nekst tag on Bowey in NYC, RIPPSCAHEN00018641-RIPPSCAHEN00018662<br>Witness: Ripps, Cahen, Muniz |

| Plaintiff's Grounds for the Objection: | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Misleading as presented under Fed. R. Evid. 611(a). Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|
| Defendants' Response to the Objection: | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City. Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it.  /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other. All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents. //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said and that there was substantial discussion about this event in the relevant community. |
| Plaintiff's Response: | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit includes multiple unrelated posts, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds.

| **Defendants' Exhibit JTX-2313** | Description: Twitter post from @ryder_ripps, June 16, 2022, RIPPSCAHEN00019443-RIPPSCAHEN00019447 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City. This is also relevant as to willfulness as it pertains to Defendants respect of and support of artists and art generally. Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it. Further, they can lay the foundation for |

| | | |
|---|---|---|
| | | their own Tweets.  ///Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said. |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2315** | | Description: Turner, Ryder Ripps, Sept. 13, 2016, RIPPSCAHEN00016990-RIPPSCAHEN00016990<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant |

| | |
|---|---|
| | under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to willfulness and Defendants' intent which is directly at issue because whether Mr. Ripps is a recognized and bona fide artist has bearing on his intent. ///Hearsay: The intended use of a document as supporting Defendants' case is irrelevant to the hearsay analysis.  Defendants do nto intend to introduce this document for the truth of the matter asserted, but rather for the fact that the statements were made. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Years old articles about the Defendant have no relevance to this trial. Defendants must withdraw the exhibit.  The Defendants' history, including their claims to being an artist do not provide them a license to steal.  The Court has already rejected Defendants' arguments and found Defendants to be intentional infringers. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2316** | Description: Vice, Rydr Ripps Turns Instagram into Virtual Reality ar Venice Biennale, May 17, 2017, RIPPSCAHEN00017086-RIPPSCAHEN00017091 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to Defendants' intent and whether they acted with wilfullness.  Mr. Ripps' history of criticism and being a recognized bona fide artists direclty bears on why he made the RR/BAYC project. ///Hearsay: Whether Defendants are using a document to their advantage is irrelevant to the hearsay analysis. Defendants do not plan on introducing the document for the truth of the matter asserted, but rather because it was said. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Years old articles about the Defendant have no relevance to this trial. Defendants must withdraw the exhibit.  The Defendants' history, including their claims to being an artist do not provide them a license to steal.  The Court has already rejected Defendants' arguments and found Defendants to be intentional infringers. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit <u>JTX-2319</u>** | Description: Hypebeast, Bored & Hungry, The First Bored Ape Yacht Club Restaurant Has Officially Opened, Apr. 11, 2022, RIPPSCAHEN00017199-RIPPSCAHEN00017209<br>Witness: Ripps, Cahen, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under |

| | |
|---|---|
| | Fed. R. Evid. 403.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This article is relevant as to whether Yuga has surrendered their IP rights to the world which is a necessary component of their false advertising claim. //Rule of Completeness: The article contains the entire text of the article and is therefore not misleadingly incomplete.///Foundation: Defendants can lay the foundation for this document through their familiarity with it.///Hearsay: Whether Defendants use this document to support their defenses is irrelevant to the hearsay analysis. Defendants do not intend to use the article for the truth of the matter asserted, but rather for the fact that the document was said, and that it was released publicly with wide circulation. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| | |
|---|---|
| | This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004). |
| | This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |
| | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| **Defendants' Exhibit JTX-2320** | Description: Reeve and Guff, A twisted tale of celebrity promotionn, opaque transactions and allegations of racist tropes, Feb. 10, 2023, RIPPSCAHEN00019827-RIPPSCAHEN00019836<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness. /// FRE 403: It is misleading to state that the article includes "false and misleading information", Yuga at no point has disproven the allegations underlying this document. Further, it is a probative document in that it explains motivations behind Defendants' intentions in the RR/BAYC project.///Rule of Completeness: This article is a complete screengrab and therefore there is no completeness issue.///Foundation: All parties are familiar with this article and can lay the foundation to it through their familiarity with the document.///Hearsay: Whether Defendants intend to use the document to support their defenses is irrelevant to the hearsay analysis. Defendants do not intend to use the document for the truth of the matter asserted, but rather to show that the statements were said. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from February 10, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be |

excluded under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value.  FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no
witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2322** | Description: Bhardwa, Bored Ape floor drops below $100K as NFT market takes a huge hit, RIPPSCAHEN00020814-RIPPSCAHEN00020816 Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This issue is directly relevant to Yuga's damages claims.//Rule of Completeness: The article is substantially complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity. Whether the publication was from outside the United States is irrelevant to this objection.//Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within |

| | | the Rule 803(17) exception as a market report relied on by market participants. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert witness to assess the veracity or impact of this article. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  Indeed, the article appears to be missing images and appears to be from a publication outside the US.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| | **Defendants' Exhibit JTX-2323** | Description: Borg, Crypto Crash Drags NFT Floor Prices Down: BAYC PFPs Now Under 100l, June 14, 2022, RIPPSCAHEN00020876-RIPPSCAHEN00020879<br>Witness: Ripps, Cahen, Muniz |
| | **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: This issue is directly relevant to Yuga's damages claims.//Rule of Completeness: The article is substantially complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity. //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert witness to assess the veracity or impact of this article. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2324** | Description: Wille, Bored Ape Yacht Club finally responds to neo-Nazism accusations, RIPPSCAHEN00020932-RIPPSCAHEN00020940<br>Witness: Ripps, Cahen, Hickman, Lehman, Muniz, Aronow, Solano, Atalay |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant to Defendants' intent and wilfulness.//FRE 403: There is no information which has been "confirmed" to be false by any source. Further, Defendants' accusations and Yuga's response are all relevant to willfulness and intent.//Rule of Completeness: The article is substantively complete and there is no present completeness concerns.//Foundation: Defendants and several Yuga witnesses can lay the foundation for the article, especially their own statements.///Hearsay: Any statements made by Yuga affiliates including Ms. Muniz, Yuga's social media accounts, or its co-founders are non-hearsay as admissions by party opponents. Further, there are several aspects of the article which Defendants do not seek to admit for the truth of the matter asserted, but rather because the statement was made. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims. It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value. FRE 403.

This exhibit lacks foundation and is incomplete and |

misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2325** | Description: NFT Prices Drop Steeply, As Crypto Bear Market Continues to Thrive , RIPPSCAHEN00020985-RIPPSCAHEN00020987<br>Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This issue is directly relevant to Yuga's damages claims.//Rule of Completeness: The article is substantially complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity. //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert witness to assess the veracity or impact of this article. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no |

expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  Indeed, the article appears to be missing images.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2326** | Description: Wave, The (Potential) Origins of the Name "Yuga Labs", Jul. 12, 2022, RIPPSCAHEN00021469-RIPPSCAHEN00021476<br>Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This issue is directly relevant to Yuga's damages claims.//Rule of Completeness: The article is substantially complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity. //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. |

198

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  Indeed, the article appears to be created by an entity or individual that has hidden its identity and location.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2327** | Description: Rea K., FTX Bought 101 Bored Apes at the Record-Breaking Sotheby's Auction for $24M, RIPPSCAHEN00022417-RIPPSCAHEN00022419 Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: Yuga's involvement with FTX  and the public perception that Yuga is involved with FTX is relevant as a possibility of another source of harm for their damages |

| | | |
|---|---|---|
| | | claim.//Rule of Completeness: The article is complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity with the article, as can Ms. Muniz.//Hearsay: Whether Defendants intend to use a document to support their defense is irrelevant to the hearsay analysis. Defendants do not plan on using the document to prove the truth of the matter asserted, but rather to show that the article was written in a place the public coudl consume it. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit is from January 13, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury.  Even more, a mini-trial on FTX is not feasible in a three day trial.  It is clear that the Defendants want to use FTX merely to hide from their own bad faith and intentional infringement.  The rules of evidence do not permit Defendants tactics. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | This exhibit is incomplete, irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2328** | Description: Freeman, SBF, Bored Ape Yacht Club, and the Spectacular Hangover After the Art World's NFT Gold Rush, Jan. 18, 2023, RIPPSCAHEN00022514-RIPPSCAHEN00022529<br>Witness: Ripps, Cahen, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This article is relevant to Yuga's damages claim and to Defendants' intent/willfulness. // FRE 403: There is no false or misleading information in this article, and the fact of other pending litigation is not inherently prejudicial.//Rule of Completeness: The article is substantially complete and does not suffer from a completeness problem.//Foundation: Both Defendants and several Yuga witnesses including Ms. Muniz can lay foundation as to the existence of the article. //Hearsay: Defendants' use of the article to support their defense is not a reason why a document would be hearsay. The article is not being proferred for the truth of the matter asserted, but instead for the fact that it was written. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and |

for the reasons set forth in the motion should be excluded from evidence.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit is from January 18, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury.  Even more, a mini-trial on FTX is not feasible in a three day trial.  It is clear that the Defendants want to use FTX merely to hide from their own bad faith and intentional infringement.  The rules of evidence do not permit Defendants tactics. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated litigations, such that any relevance outweighs its prejudicial value.  FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no
witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to

| | |
|---|---|
| | use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2329** | Description: Prospero, Bored Ape Yacht Club Creators Respond to Racists Iconography Allegations. Kind of..., RIPPSCAHEN00022793-RIPPSCAHEN00022797 Witness: Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevant: This exhibit is relevant to damages, willfulness, and Defendants' intent.//FRE 403: Contrary to Yuga's argument, nothing has been "corrected or confirmed to be false" regarding the accusations in this letter. Further, because Defendants' good faith intent is directly at issue, this is a highly probative document. Foundation: Defendants and Yuga's witnesses can lay foundation to this article through familiarity, further Yuga's co-founders can lay foundation to statements attributed to them. ///Rule of Completeness: The entire article is presented and thus there are no completeness concerns present. //Hearsay: Whether Defendants intend to use the exhibit in support of their defense is irrelevant to the hearsay analysis. The document is not being introduced for the truth of the matter but instead that it was written and consumed by the public. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.  Additionally, this exhibit is irrelevant to the claims at issue |

in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value.  FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2330** | Description: Wave, The Pickelhaube Problem:Bored Ape Yacht Club's Nazi Dogwhistle (Part 1), Oct. 28, 2022, RIPPSCAHEN00022964-RIPPSCAHEN00022978 Witness: Ripps, Cahen, Hickman, Lehman |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. |

| | |
|---|---|
| | P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent. Foundation: Defendants can lay the foundation to this article through their knowledge of it. Hearsay: Whether Defendants intend to use the exhibit in support of their defense is irrelevant to the hearsay analysis. Further, this document is not being introduced for the truth of the matter but instead to show that it was written and published publicly. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from October 28, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  Indeed, the article appears to be created by an entity or individual that has hidden its identity and location.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2331** | Description: Howard, Bored Ape Yacht Club NFT Prices Fall After FTX Sinks Crypto Market, Nov. 10, 2022, RIPPSCAHEN00025276-RIPPSCAHEN00025281 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to damages, willfulness, and Defendants' intent. ///Rule of Completion: The article is substantially complete and therefore there are no completeness concerns present./// Foundation: Defendants can lay the foundation for this article through knowledge of its existence.///Hearsay: Whether Defendants intend to use the article to support their defenses is irrelevant to the hearsay analysis. To the extent it is being used to prove the truth of the matter asserted, the document falls within the hearsay exception in FRE 803(17). Defendants plan on using the document also to prove that the statements were made and viewed by the public. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury.  Even more, a mini-trial on FTX is not feasible in a three day trial.  It is clear that the Defendants want to use FTX merely to hide from their own bad faith and intentional infringement.  The rules of evidence do not permit Defendants tactics. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no |

expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  Indeed, the article appears to be missing images.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2332** | Description: Bernstein, What's More Provacative Than Sincerity?, Mar. 30, 2023, RIPPSCAHEN00026277-RIPPSCAHEN00026291<br>Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).   Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr. Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project.///FRE 403-description: This is a massively broad claim that "any discription" of Defendants is per se a 403 problem. Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue. ///FRE 403-Yuga placed Defendants' motiviation and intent at issue. Defendants claims, which have not been proven false, are patently relevant to that issue, as is how the marketplace reacted to Defendants' claims.//Hearsay: Whether Defendants use a document to their advantage is irrelevant to the hearsay analysis. Defendants also intend to use this document not |

| | | |
|---|---|---|
| | | to prove the truth of the matter asserted but to establish that the document was written pubicly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from March 30, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Articles about Defendants' history are a waste of the jury's time, especially when the Court has already found them to be intentional infringers, who are acting in bad faith. Defendants' claim to being an artist does not provide them a license to steal. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Any description regarding Mr. Ripps, Mr. Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury.  FRE 403.

This exhibit contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | |
|---|---|
| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2333** | Description: Bernstein, What's More Provacative Than Sincerity?, Mar. 30, 2023, RIPPSCAHEN00026292-RIPPSCAHEN00026299<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).   Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr. Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project.///FRE 403-description: This is a massively broad claim that "any discription" of Defendants is per se a 403 problem. Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue. ///FRE 403-Yuga placed Defendants' motiviation and intent at issue. Defendants claims, which have not been proven false, are patently relevant to that issue, as is how the marketplace reacted to Defendants' claims.//Hearsay: Whether Defendants use a document to their advantage is irrelevant to the hearsay analysis. Defendants also intend to use this document not to prove the truth of the matter asserted but to establish that the document was written pubicly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from March 30, 2023.  Defendants offer no |

explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

Any description regarding Mr. Ripps, Mr. Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury.  FRE 403.

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  FRE 403. Additionally, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| | |
|---|---|
| **Defendants' Exhibit JTX-2338** | Description: Messages with @Pauly0x, Jan. 2, 2022, SENECA0001-SENECA0013<br>Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Misleading as presented under Fed. R. Evid. 611(a). Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to Defendants' intent and willfulness. It is also relevant to show that others recognized problematic features in Yuga's products which could point to other sources of brand harm.//FRE 403: None of the claims at issue have been falsified including those pertaining to problematic imagery in Yuga's marks.//Unrelated Conversations: This exhibit includes conversation between one of the Defendants and the artist responsible for some of the at issue marks. That she acknowledged problematic imagery in Yuga's products is |

| | | necessarily relevant.//Foundation: Mr. Cahen can lay the foundation as he was a party to the conversation.//Hearsay: Whether Defendants intend to use an exhibit to their benefit is irrelevant to the hearsay analysis. Defendants do not intend to introduce the statements for the truth of the matter asserted, but rather becasue they were said and who said them. This is relevant as to whether people who saw Yuga's products agreed that problematic imagery was involved pointing to other sources of brand harm. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  FRE 403.

This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.

This exhibit is hearsay to the extent Defendants intend to |

| | |
|---|---|
| | use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2339** | Description: Bored Ape Wear- About page , RIPPSCAHEN00016000-RIPPSCAHEN00016001 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this document through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit is from February 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties

| | |
|---|---|
| | and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| **Defendants' Exhibit JTX-2340** | Description: Ape Water homepage- Ape #5382, RIPPSCAHEN00016009-RIPPSCAHEN00016011 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite |

Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

| **Defendants' Exhibit JTX-2344** | Description: NovaMen webpage Wake & BAYC - Black Logo Custom Tee, RIPPSCAHEN00016940- |
| --- | --- |

| | RIPPSCAHEN00016940 |
|---|---|
| | Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. <br><br> This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. |

| | |
|---|---|
| | ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2345** | Description: Wake & BAYC homepage, RIPPSCAHEN00016941-RIPPSCAHEN00016941<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. |

| | | |
|---|---|---|
| | | R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 |

| | |
|---|---|
| | (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2346** | Description: Bored Coffee homepage, RIPPSCAHEN00016942-RIPPSCAHEN00016942<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are |

| | | present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |

| | |
|---|---|
| | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2351** | Description: 6184 Circle Trucker hat-White , RIPPSCAHEN00017144-RIPPSCAHEN00017146<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published |

| | | this belief which is relevant to the issue of, for example, wilfullness. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional

| | | |
|---|---|---|
| | | issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2352** | | Description: 6184 Bored & Hungry Circle T-shirt- Black, RIPPSCAHEN00017147-RIPPSCAHEN00017151<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfullness. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |

| | | |
|---|---|---|
| 1 | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine |
| 2 | | No. 3, on the grounds of FRE 401, 402, 403, 602, 801, |
| | | 802, 901, and 902, and for the reasons set forth in the |
| 3 | | motion should be excluded from evidence.  This exhibit is |
| 4 | | subject to Yuga Labs' Motion in Limine No. 5, on the |
| | | grounds of FRE 401, 402, 403, and 602, and for the |
| 5 | | reasons set forth in the motion should be excluded from |
| 6 | | evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit is from February 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or

non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2354** | Description: Photo of Bored Ape IPA, RIPPSCAHEN00017187-RIPPSCAHEN00017187 Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901, 902. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, |

802, 901, and 902, and for the reasons set forth in the
motion should be excluded from evidence.  This exhibit is
subject to Yuga Labs' Motion in Limine No. 5, on the
grounds of FRE 401, 402, 403, and 602, and for the
reasons set forth in the motion should be excluded from
evidence.

This exhibit is irrelevant to the claims at issue in this
litigation.  FRE 401, 402.  This Court has held "despite
Defendants' attempt to argue abandonment through third
party use or failure to police, these arguments are
unquestionably meritless." Dkt. 225 at 10.  Any alleged
third-party use of marks is irrelevant because Defendants
cannot demonstrate their actual use in commerce.  See
*BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No.
ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr.
12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have
no proof or witness with personal knowledge of the alleged
third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am.
Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29
(C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants
have no witness with personal knowledge of how the
exhibit was created or the accuracy of its contents.  See
*Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296,
2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is hearsay to the extent any statements are
proffered for the truth of the matter asserted.  FRE 801,
802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No.
CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19,
2006).

This exhibit is inadmissible because any probative value is
substantially outweighed by undue prejudice, misleading
the jury, undue delay, and wasting the time of the parties
and this Court.  FRE 403.  Without evidence of actual use,
the relevance of any alleged-third party use is minimal or

non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2365** | Description: Photo of Half BAYCD - BAYCD Pass, RIPPSCAHEN00017543-RIPPSCAHEN00017543 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901, 902. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, |

802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is

228

substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2367** | Description: Twitter post from @hWonderofWorld, Jul. 15, 2022, RIPPSCAHEN00017679-RIPPSCAHEN00017681<br>Witness: Ripps, Cahen, Hickman |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant to Defendants' intent and wilfulness. This exhibit goes to whether people understood that Yuga surrendered its IP to the world, which is relevant to Defendants' state of mind. //Completeness: The exhibit shows the entire tweet and therefore there are no completeness concerns persent.///Foundation: Defendants can lay foundation to the document through personal knowledge of the Tweet.//Authentication: There is no dispute that the exhibit is not an authentic copy, and Defendants can authenticate the tweet through their personal knowledge.//Hearsay: Defendants do not intend to rely on the statements for the truth of the matter asserted, but rather that it was said which is relevant as to whether |

| | | people understood Yuga has having surrendered its IP rights. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  It should also be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  One of Defendants' business partners' post-litigation justifications has limited probative value.  Indeed, in the exhibit Defendants' business partner contemplates ways to further harm Yuga Labs, creating further confusion as to the relevant issues for the jury.  None of this relates to Defendants trademark infringement, cybersquatting, or false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| **Defendants' Exhibit JTX-2373** | Description: Twitter post from @jawe_eth, Dec. 26, 2022, RIPPSCAHEN00018588-RIPPSCAHEN00018588 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the Tweet and sweatshirt.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that Defendants acted to deceive consumers and that Yuga Labs did not abandon its marks, therefore |

the exhibit is not relevant to any remaining issues.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2393** | Description: Photo of several cans of Ape Water, RIPPSCAHEN00021019-RIPPSCAHEN00021019 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901, 902. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that |

| | | belief.//Completeness: This photograph contains all of the necessary parts to it and as such no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of this brand.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See |

| | |
|---|---|
| | *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at \*2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers. |
| | This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at \*2 (C.D. Cal. Sept. 19, 2006). |
| | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2410** | Description: Physical exhibit RIPPSCAHEN00018467 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |

| | | |
|---|---|---|
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga.  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. | |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the | |

source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2412** | Description: Physical exhibit RIPPSCAHEN00018469 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a |

foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga.  // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks.

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are |

| | |
|---|---|
| | proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |
| | This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2414** | Description: Physical exhibit RIPPSCAHEN00018471 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga.  // Completeness: The document contains a complete picture of a hat for sale and |

| | | use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, |

802, 803.  See _Internet Specialties W., Inc. v. ISPWest_, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| | |
|---|---|
| **Defendants' Exhibit JTX-2415** | Description: Physical exhibit RIPPSCAHEN00018472 <br> Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga.  // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks.  /// Hearsay: The document is |

| | | not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is |

substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| Defendants' Exhibit JTX-2418 | Description: Physical exhibit RIPPSCAHEN00018475 Witness: Ripps, Cahen |
|---|---|
| Plaintiff's Grounds for the Objection: | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| Defendants' Response to the Objection: | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a bottle of wine for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| Plaintiff's Response: | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional

| | |
|---|---|
| | issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2419** | Description: Physical exhibit RIPPSCAHEN00022704<br>Witness: Ripps, and Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga.  // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional

| | |
|---|---|
| | issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2420** | Description: Physical exhibit RIPPSCAHEN00022705 Witness: Ripps, Cahen, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

246

1  This exhibit is irrelevant to the claims at issue in this
2  litigation.  FRE 401, 402.  This Court has held "despite
   Defendants' attempt to argue abandonment through third
3  party use or failure to police, these arguments are
   unquestionably meritless." Dkt. 225 at 10.  Any alleged
4  third-party use of marks is irrelevant because Defendants
5  cannot demonstrate their actual use in commerce.  See
   *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No.
6  ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr.
7  12, 2016).

8  This exhibit lacks foundation.  FRE 602.  Defendants have
9  no proof or witness with personal knowledge of the alleged
   third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am.*
10 *Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29
11 (C.D. Cal. Oct. 7, 2004).

12 This exhibit lacks authenticity.  FRE 901, 902.  Defendants
13 have no witness with personal knowledge of how the
   exhibit was created or the accuracy of its contents.  See
14 *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296,
15 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga
   Labs objects to the authenticity of the exhibit to the extent
16 defendants purport to make any representation about the
17 source of the exhibit or whether the exhibit was sold or
18 offered for sale to consumers.

19 This exhibit is hearsay to the extent any statements are
20 proffered for the truth of the matter asserted.  FRE 801,
   802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No.
21 CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19,
22 2006).

23 This exhibit is inadmissible because any probative value is
24 substantially outweighed by undue prejudice, misleading
   the jury, undue delay, and wasting the time of the parties
25 and this Court.  FRE 403.  Without evidence of actual use,
26 the relevance of any alleged-third party use is minimal or
   non-existent.  But if this exhibit were admitted, the parties
27 and this Court would be required to address additional
28 issues and evidence, including but not limited to Yuga

| | Labs' enforcement actions to successfully take down unauthorized third-party uses. |
| --- | --- |
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2421** | Description: Physical exhibit RIPPSCAHEN00022706<br>Witness: Ripps, Cahen, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of coffee for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga

| | |
|---|---|
| | Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2428** | Description: Physical exhibit RIPPSCAHEN00026276<br>Witness: Ripps, Cahen, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 3 (Fed. R. Evid. 401, 402, 403, 602, 801, 802, 901, 902). Irrelevant under Fed. R. Evid. 401, 402. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga.  // Completeness: The document contains a complete picture of beverages for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged |

1   third-party use of marks is irrelevant because Defendants
2   cannot demonstrate their actual use in commerce.  See
3   *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No.
    ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr.
4   12, 2016).

5   This exhibit lacks foundation.  FRE 602.  Defendants have
6   no proof or witness with personal knowledge of the alleged
    third-party use or sales.  See *Icon Enters. Int'l, Inc. v. Am.*
7   *Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *29
8   (C.D. Cal. Oct. 7, 2004).

9   This exhibit lacks authenticity.  FRE 901, 902.  Defendants
10  have no witness with personal knowledge of how the
    exhibit was created or the accuracy of its contents.  See
11  *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296,
12  2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga
    Labs objects to the authenticity of the exhibit to the extent
13  defendants purport to make any representation about the
14  source of the exhibit or whether the exhibit was sold or
    offered for sale to consumers.
15

16  This exhibit is hearsay to the extent any statements are
17  proffered for the truth of the matter asserted.  FRE 801,
    802, 803.  See *Internet Specialties W., Inc. v. ISPWest*, No.
18  CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19,
    2006).
19

20  This exhibit is inadmissible because any probative value is
21  substantially outweighed by undue prejudice, misleading
    the jury, undue delay, and wasting the time of the parties
22  and this Court.  FRE 403.  Without evidence of actual use,
    the relevance of any alleged-third party use is minimal or
23  non-existent.  But if this exhibit were admitted, the parties
24  and this Court would be required to address additional
    issues and evidence, including but not limited to Yuga
25  Labs' enforcement actions to successfully take down
26  unauthorized third-party uses.

27  Defendants' claimed alternative harm argument is
28  speculative, lacks causation, and any probative value is

| | |
|---|---|
| | outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2429** | Description: CoinGecko chart, Apr. 30, 2022, RIPPSCAHEN00019913-RIPPSCAHEN00019913 Witness: Ripps, Cahen, Lehman, Hickman, Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: This ichart provides data regarding BAYC NFT floor price over time. This document is relevant to damages. // Completeness: This is a complete picture of the chart as it appears on CoinGecko.  //Foundation: Defendants can lay the foundation for the document through familiarity. //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. |
| | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901. The chart misleadingly omits data before August 19, 2021 and data after November 19, 2022, despite the apparent availability of data for those months. |
| | This exhibit contains nonparty data for which there is no foundation or authentication. FRE 602, 901. This exhibit |

lacks any identifying date or URL to authenticate.  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2431** | Description: Direct Messages- vasa and hwonder et al., June 23, 2022<br>Witness: Hickman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. This technical discussion with a third party is unrelated to any issue in dispute and would serve to only mislead the jury and waste the time of the parties, court, |

and jury.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is missing multiple images.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.  The reference in the messages to external communications is hearsay within hearsay for which no exception is applicable.   FRE 801-803.

| **Defendants' Exhibit JTX-2432** | Description: Direct Messages- FenXx andd jimdrang et al., May 22, 2022, LEHMAN0000291-LEHMAN0000291 Witness: Cahen, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. This technical discussion with third parties lacks context, is unrelated to any issue in dispute, and |

would serve to only mislead the jury and waste the time of the parties, court, and jury.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is missing multiple images.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. The reference in the messages to external communications is hearsay within hearsay for which no exception is applicable.   FRE 801-803.

| **Defendants' Exhibit JTX-2434** | Description: Chat between middlemarch.eth and Pauly Shore, May 24, 2022<br>Witness: Hickman, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  A technical discussion regarding a feature |

of the RR/BAYC smart contract is unrelated to any issue in dispute and would serve to only mislead the jury and waste the time of the parties, court, and jury.

This exhibit is incomplete and misleading as presented. FRE 106, 403. It is missing multiple images, and it is only part of a conversation.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2437** | Description: Message from Pauly Shore discussing Yuga case update, LEHMAN0000315-LEHMAN0000315 Witness: Cahen and Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticisms of Yuga./// Completeness: This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay: The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. These messages contain no relevant information, they merely reference information and events external to this communication.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2440** | Description: Chat between YS and Ryder Ripps , LEHMAN0000318-LEHMAN0000318 Witness: Lehman, Cahen |

| | | |
|---|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. | |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding the NFT market during the relevant time period and alternate sources of harm to Yuga. This is relevant to damages.  /// Completeness:  This exhibit is an accurate representation of the group chat messages, including authors and timestamps.  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of the NFT market. | |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  Messages by third parties regarding unrelated activities by other parties are irrelevant to this dispute.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | |
| **Defendants' Exhibit JTX-2441** | Description: Message from Pauly Shore, LEHMAN0000319-LEHMAN0000319
Witness: Lehman, Cahen | |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind and criticism of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2443** | Description: Message from Hwonder , LEHMAN0000322-LEHMAN0000322
Witness: Lehman, Hickman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Incomplete and misleading under Fed. R. Civ. P. 106. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga. /// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE |

|   |   |
|---|---|
|   | 401, 402.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.  This exhibit contains messages discussing subject matter that is omitted from the exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2444** | Description: Chat between Pauly Shore and Matt, LEHMAN0000323-LEHMAN0000323<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga. This is relevant to damages.  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps.  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages contain unsubstantiated allegations and references to unrelated third party activities that would only serve to mislead the jury.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.  The subject matter of the communications with the third party is not evident. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2445** | Description: Message from Pauly Shore, LEHMAN0000324-LEHMAN0000324
Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The messages in this exhibit regarding unrelated, third party projects could serve no purpose other than to mislead the jury.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | |
|---|---|
| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2447** | Description: Message from Hwonder, LEHMAN0000326-LEHMAN0000326<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Incomplete and misleading under Fed. R. Civ. P. 106. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The messages concern unrelated activities by other actors unaffiliated with Yuga Labs. One message disclaims Yuga Labs' role in these alleged activities.  This exhibit would mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2448** | Description: Chat between Ben0x and Hwonder , LEHMAN0000327-LEHMAN0000327<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga. This is relevant to damages.  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps.  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.  The subject matter that the comments are responding to was omitted. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no |

| | |
|---|---|
| | expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2449** | Description: Message from Hwonder, LEHMAN0000328-LEHMAN0000328<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.  The subject matter that the messages are responsive to was omitted. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2450** | Description: Chat between Pauly Shore and Jack Diddly , LEHMAN0000329-LEHMAN0000329<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | | |
|---|---|---|
| 1 | **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga. This is relevant to damages.  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps.  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga. |
| 6 | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The message from the third party is wholly unrelated to any issue in dispute. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| 25 | **Defendants' Exhibit JTX-2451** | Description: Message from Hwonder, LEHMAN0000332-LEHMAN0000332<br>Witness: Hickman, Lehman |
| 27 | **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under |

| | Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. These messages lack any information regarding the subject matter of the alleged criticism.  This exhibit would only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2452** | Description: Chat between Hwonder and ghost , LEHMAN0000333-LEHMAN0000333 Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga. This is relevant to damages.  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps.  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This conversation has no context to indicate it is about Yuga Labs and would  mislead the jury.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2453** | Description: Message from Hwonder, LEHMAN0000334-LEHMAN0000334<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and |

| | |
|---|---|
| | misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. These messages are unsubstantiated allegations and would serve no purpose other than to mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2454** | Description: Message from Hwonder , LEHMAN0000335-LEHMAN0000335<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The messages at the top are entirely unrelated to this dispute and would serve only to mislead the jury and waste the time of the parties, court, and jury.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.<br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2455** | Description: Message from Hwonder , LEHMAN0000336-LEHMAN0000336<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga. ///  Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamp. ///  Foundation:  The speakers in the document can lay foundation based on personal knowledge. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. |

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. These messages are speculative, unsubstantiated allegations and would serve no purpose other than to mislead the jury.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| | |
|---|---|
| **Defendants' Exhibit JTX-2456** | Description: Message from Hwonder , LEHMAN0000337-LEHMAN0000337<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Lacks foundation under Fed. R. Evid. 602. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga.///  Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Foundation:  the speakers in the document can lay foundation based on personal knowledge. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. These messages are speculative, unsubstantiated allegations and would serve no purpose other than to mislead the jury.<br><br>This exhibit lacks foundation and is incomplete and |

| | misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
|---|---|
| **Defendants' Exhibit JTX-2457** | Description: Message from Hwonder , LEHMAN0000340-LEHMAN0000340<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages are speculative, unsubstantiated allegations and would serve no purpose other than to mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | |
|---|---|
| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2458** | Description: Message from Pauly Shore, LEHMAN0000341-LEHMAN0000341<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding Yuga, and alternate sources of harm to Yuga. This is relevant to damages.  /// Completeness:  This exhibit is a complete and accurate representation of the group chat messages, including authors and timestamps.  /// Hearsay: The document may be offered for other purposes, outside of the truth of the matter, such as to show alternate souces of harm to Yuga. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation.  FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.  There is no identification of the speaker or any information about the referenced statement. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. The reference to a statement made by a third party is |

| | |
|---|---|
| | hearsay within hearsay for which no exception is applicable.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2460** | Description: Message from Hwonder , LEHMAN0000344-LEHMAN0000344<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit features a technical discussion with speculative conclusions and is wholly unrelated to any issue in dispute.  It would serve to only mislead the jury and waste the time of the parties, court, and jury.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.  The identity of the first speaker is entirely omitted in this exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | |
|---|---|
| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2463** | Description: Message from Pauly Shore, LEHMAN0000347-LEHMAN0000347<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' state of mind ./// Completeness: This exhibit is an accurate representation of group chat message, including author and timestamp. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The message is devoid of any context and fails to indicate the identity of the party referenced in the message.  It would only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 4.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2467** | Description: Message from Pauly Shore, LEHMAN0000351-LEHMAN0000351<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and |

| | |
|---|---|
| | misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project.   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages are wholly unrelated to any issue in this dispute and would mislead the jury. Defendants' personal information is unrelated to any issue in this dispute. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications. The subject matter of these messages is unclear and misleading.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2468** | Description: Message from Ryder Ripps , LEHMAN0000352-LEHMAN0000352<br>Witness: Ripps, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// Completeness:  This exhibit is an accurate representation |

| | |
|---|---|
| | of the group chat, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. This exhibit does not concern Defendants' intentions for the RRBAYC project or their criticisms of Yuga Labs.  Rather, these messages are unsubstantiated allegations. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. The reference to a third-party message is hearsay within hearsay for which no exception is applicable. |
| **Defendants' Exhibit JTX-2470** | Description: Message from Hwonder  , LEHMAN0000354-LEHMAN0000354<br>Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it demonstrates third party sentiment regarding the rrbayc project during the relevant time period.  /// Completeness:  This exhibit is an accurate representation of the group chat, including |

| | |
|---|---|
| | authors and timestamps. There is nothing misleading. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect third party impressions of the rrbayc project. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages do not reveal any sentiment, either positive or negative, regarding RR/BAYC NFTs or Ape Market. These messages are entirely divorced from any context and would serve to only mislead the jury.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2472** | Description: Message from Pauly Shore , LEHMAN0000356-LEHMAN0000356 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' criticisms of Yuga. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. These messages are entirely unrelated to |

any issue in this dispute.  They are unsubstantiated allegations by a Defendant. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.  There is no context regarding the meaning of the messages or the subject matter of the discussion.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| Defendants' Exhibit JTX-2476 | Description: Message from Pauly Shore , LEHMAN0000360-LEHMAN0000360 Witness: Cahen |
|---|---|
| Plaintiff's Grounds for the Objection: | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| Defendants' Response to the Objection: | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' criticisms of Yuga. |
| Plaintiff's Response: | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages regarding unrelated third parties are wholly irrelevant to any issue in this dispute. They are unsubstantiated allegations by a Defendant. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. 

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.  The identity of the party that sent the |

| | first message is omitted while the message remains legible. |
| | |
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| **Defendants' Exhibit JTX-2478** | Description: Chat between Pauly Shore and Hwonder, LEHMAN0000362-LEHMAN0000362<br>Witness: Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project.   /// Completeness:  This exhibit includes complete and accurate group chat messages, including authors and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages would only mislead the jury.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers or the date of the communications.  The subject matter of these messages is not evident. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2483** | Description: Message from Pauly Shore, LEHMAN0000367-LEHMAN0000367<br>Witness: Cahen |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. /// Completeness:  This exhibit is an accurate representation of the group chat, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  This message by Defendants contains unsubstantiated allegations and would serve to only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2485** | Description: Message from Ryder Ripps, LEHMAN0000369-LEHMAN0000369 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and |

| | misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamps.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages by Defendants contain unsubstantiated allegations and would serve to only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the date of the communications.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2487** | Description: Chat between hwonder and middlemarch.eth, Oct. 19, 2022, LEHMAN0000371-LEHMAN0000371 Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The last message indicates the referenced messages are unrelated to Yuga Labs.  Also, this exhibit contains entirely irrelevant messages to this dispute and would mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is only part of a conversation.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2488** | Description: Chat between hwonder and middlemarch.eth, Nov. 10, 2022, LEHMAN0000372-LEHMAN0000372 Witness: Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including authors and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation.  FRE 401, 402, 403.  The technical developments discussed in these messages are unrelated to any issue in this dispute and would only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is only part of a conversation. |

| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
|---|---|
| **Defendants' Exhibit JTX-2489** | Description: Message from Hwonder, LEHMAN0000373-LEHMAN0000373<br>Witness: Hickman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it relates to Defendants' criticisms of Yuga.  /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the purpose of the rrbayc project. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  These messages are unsubstantiated allegations and are unrelated to any issue in this dispute. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. The reference to external communications is hearsay within hearsay for which no exception is applicable. |
| **Defendants' Exhibit JTX-2490** | Description: Chat between docetail and hwonder, Dec. 30, 2022, LEHMAN0000374-LEHMAN0000374<br>Witness: Hickman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and |

| | |
|---|---|
| | misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it relates to Defendants' criticisms of Yuga.   /// Completeness:  This exhibit is an accurate representation of the group chat message, including authors and timestamps.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the purpose of the rrbayc project. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit contains messages regarding unrelated third parties that are wholly irrelevant to this dispute and would only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  There is no clear indication of the speakers.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2491** | Description: Message from Pauly0x, Oct. 28, 2022, LEHMAN0000375-LEHMAN0000375 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant to willfullness. It demonstrates events that were impacting Defendants' state of mind during the relevant time period. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |

| | | |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence. |
| | | This exhibit is from October 28, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022. |
| | | Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. These messages are wholly unrelated to this dispute and would serve to only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | | This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed. FRE 401, 402, 403. |
| | | This exhibit is incomplete and misleading as presented. FRE 106, 403.  Several of the messages displayed are disproportionately small and difficult to read. |
| | | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2492** | | Description: Message from Pauly0x, Dec. 8, 2022, LEHMAN0000376-LEHMAN0000376 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga. Thus,  it is relevant to damages and intent. // Completeness: The document |

| | | contains a complete tweet, including author and timestamp. /// Hearsay: The document is not being offered for the truth, but only for the existence of other occurences that were impacting Yuga financially during the relevant time period. |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  Unrelated lawsuits brought by third parties are irrelevant to this dispute and would only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is from December 8, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit contains information that is further irrelevant as Defendants' claims on this issues have been dismissed.  FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2493** | Description: Message from Pauly0x, Dec. 13, 2022, LEHMAN0000377-LEHMAN0000377<br>Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, Yuga showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  Messages concerning depositions that were never taken in connection with this lawsuit are wholly irrelevant to the jury's decisions at trial and would mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is from December 13, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| **Defendants' Exhibit JTX-2494** | Description: Message from Pauly0x, Jan. 9, 2023, LEHMAN0000378-LEHMAN0000378 Witness: Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.  The subject matter of these messages has been resolved and these messages would only mislead the jury. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. <br><br> To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2495** | Description: Message from Pauly0x, Jan. 16, 2023, LEHMAN0000379-LEHMAN0000379 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE |

401, 402, 403.

This exhibit contains information that is further irrelevant as Defendants' claims on this issue have been dismissed. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2496** | Description: Message from Pauly0x, Jan. 16, 2023, LEHMAN0000380-LEHMAN0000380<br>Witness: Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. /// Completeness:  This exhibit is an accurate representation of the group chat message, including author and timestamp.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit contains no indication what the underlying subject matter of this message is or the identity of the party discussed. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2497** | Description: Message from hwonder, Dec. 22, 2022, LEHMAN0000381-LEHMAN0000381<br>Witness: Hickman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from January 22, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. |

| | |
|---|---|
| | FRE 106, 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2498** | Description: Message from hwonder, Dec. 22, 2022, LEHMAN0000382-LEHMAN0000382<br>Witness: Hickman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This exhibit is relevant to willfulness as it sheds light on Defendants' criticisms of Yuga./// Completeness:  This exhibit is an accurate representation of group chat message, including author and timestamps. /// Hearsay:  The exhibit is not being used to prove the truth of the matter asserted, but instead to show Defendants' state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from December 22, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The subject matter of these messages has already been resolved and is wholly unrelated to any issues in dispute. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
|---|---|
| **Defendants' Exhibit JTX-2502** | Description: Blue Ape with bunny ears, RIPPSCAHEN00013404-RIPPSCAHEN00013404 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear if this image was ever even shown to the public.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | |
|---|---|
| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |
| **Defendants' Exhibit JTX-2506** | Description: Twitter post from @0xSlykx, May 27, 2022, RIPPSCAHEN00013249-RIPPSCAHEN00013250 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows reservation procedures for the rrbayc project, which is relevant to willfulness and confusion. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project reservation procedures. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2507** | Description: RR/BAYC logo , RIPPSCAHEN00013255-RIPPSCAHEN00013255 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Lacks authentication under Fed. R. Evid. 901. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// |

| | |
|---|---|
| | Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat. There is nothing misleading. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. |
| | Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.  It lacks many of the associated text and is presented entirely without context. |
| | This exhibit contains nonparty data for which there is no foundation or authentication. FRE 602, 901.  This is not an authentic exhibit as it is a document created by counsel or Defendants.  It is not evidence that exists independently of counsel's or Defendants' creation. |
| **Defendants' Exhibit JTX-2513** | Description: Withdraws, Calculations, and Mints spreadsheet, RIPPSCAHEN00013976-RIPPSCAHEN00013976<br>Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Improper summary under Fed. R. Evid. 1006 |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to damages as it demonstrates a partial accounting for RR/BAYC.   ///<br>Completeness:  This exhibit is an accurate representation |

| | |
|---|---|
| | of the relevant accounting document. There is nothing misleading.  /// Hearsay: the document is not hearsay because it is a business record created during regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents an incomplete accounting that provides at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2515** | Description: Messages with Middlemarch, June 20, 2022, RIPPSCAHEN00015811-RIPPSCAHEN00015811<br>Witness: Lehman, Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project.   /// Completeness:  This exhibit includes complete and accurate direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project. |

| | | |
|---|---|---|
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. | |
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are. | |
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | |
| **Defendants' Exhibit JTX-2516** | Description: Messages with Middlemarch, June 20, 2022, RIPPSCAHEN00015812-RIPPSCAHEN00015812 Witness: Lehman, Ripps, Cahen | |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. | |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project.   /// Completeness:  This exhibit includes complete and accurate direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project. | |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. | |
| | This exhibit is incomplete and misleading as presented. | |

| | |
|---|---|
| | FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2517** | Description: Email from Lehman to Ryder, RIPPSCAHEN00015813-RIPPSCAHEN00015813
Witness: Lehman, Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project.   /// Completeness:  This exhibit is a complete email, and includes the sender's email address. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for the rrbayc project. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2518** | Description: Messages re BAYC, Apr. 12, 2022, RIPPSCAHEN00015814-RIPPSCAHEN00015814
Witness: Lehman, Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under |

| | |
|---|---|
| | Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. ///  Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps. There is nothing misleading.  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.
This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2519** | Description: Messages from Middlemarch, June 20, 2022, RIPPSCAHEN00015815-RIPPSCAHEN00015815
Witness: Lehman, Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga. ///  Completeness:  This exhibit is an accurate |

|  | representation of each Defendant's direct message conversation, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
|---|---|
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation.  FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented.  FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2520** | Description: Messages from Middlemarch, Aug. 12, 2022, RIPPSCAHEN00015816-RIPPSCAHEN00015816 Witness: Lehman, Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' criticisms of Yuga.  ///  Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be |

excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2521** | Description: Messages from @allseeingseneca, Dec. 23, 2021, RIPPSCAHEN00018489-RIPPSCAHEN00018489 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// 403: This document is probative with respect to willfulness and intent. Thus, the court has not ruled on these issues and they shoul be resolved by the jury./// Completeness:  This exhibit is an accurate representation of direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and |

for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury.  Asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2522** | Description: Messages from @allseeingseneca, Dec. 23, 2021, RIPPSCAHEN00018490-RIPPSCAHEN00018490 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// 403: This document is probative with respect to willfulness and intent. Thus, the court has not ruled on these issues and they shoul be resolved by the jury./// Completeness:  This exhibit is an accurate representation of each Defendant's |

<table>
<tr><td></td><td>direct message conversation with Seneca, including timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project.</td></tr>
<tr><td><strong>Plaintiff's Response:</strong></td><td>This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury.  Asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.</td></tr>
<tr><td><strong><u>Defendants' Exhibit JTX-2523</u></strong></td><td>Description: Messages with @Pauly0x, Jan. 2, 2022, SENECA0001-0013-SENECA0001-0013<br>Witness: Ripps, Cahen</td></tr>
<tr><td><strong>Plaintiff's Grounds for the Objection:</strong></td><td>Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Misleading as presented under Fed. R. Evid.</td></tr>
</table>

| | |
|---|---|
| | 611(a). Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// 403: This document is probative with respect to willfulness and intent. Thus, the court has not ruled on these issues and they shoul be resolved by the jury./// Completeness:  This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403. FRE 403.

This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.

This exhibit is hearsay to the extent Defendants intend to |

| | |
|---|---|
| | use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2532** | Description: Chat between Pauly Shore and Hwonder, RIPPSCAHEN00025505-RIPPSCAHEN00025505 Witness: Hickman, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2533** | Description: Messages with Sen, Jan. 2, RIPPSCAHEN00025514-RIPPSCAHEN00025514 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// 403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness: This exhibit is a |

| | | complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. <br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403. <br><br>This exhibit is incomplete and misleading as presented.  FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are. <br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2534** | | Description: Messages with Sen, Jan. 2, RIPPSCAHEN00025515-RIPPSCAHEN00025515 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   ///  403: The |

| | | |
|---|---|---|
| 1 | | Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| 8 | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| **Defendants' Exhibit JTX-2535** | Description: Messages with Sen, Jan. 2, RIPPSCAHEN00025516-RIPPSCAHEN00025516 Witness: Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   ///  403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  <br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.  <br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.  <br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | |
|---|---|
| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2536** | Description: Messages with Sen, Jan. 3, RIPPSCAHEN00025517-RIPPSCAHEN00025517 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   ///  403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  Additionally, asking the jury to decide the merits of these false claims would waste the court's time.  FRE 403.<br><br>This exhibit is incomplete and misleading as presented.  FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are. |

| | |
|---|---|
| | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2537** | Description: Messages with Sen, Jan. 5, RIPPSCAHEN00025518-RIPPSCAHEN00025518 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   /// 403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for |

the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| | |
|---|---|
| **Defendants' Exhibit JTX-2538** | Description: Messages with Sen, Jan. 6, RIPPSCAHEN00025519-RIPPSCAHEN00025519 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   ///  403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2539** | Description: Messages with Sen, Jan. 26, RIPPSCAHEN00025520-RIPPSCAHEN00025520 Witness: Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.  /// 403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct messages, including author and timestamps. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded |

from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time.  FRE 403.

This exhibit is incomplete and misleading as presented.  FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.
This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2540** | Description: Messages with Sen, Jan. 30, RIPPSCAHEN00025521-RIPPSCAHEN00025521 Witness: Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.   ///  403: The Court did not rule of the willfulness element of Plaintiff's remaining claim. Willfulness and intent can also play a role in determining damages. Thus, willfulness should be decided by the jury. ///Completeness:  This exhibit is a complete and accurate representation of the direct |

| | | |
|---|---|---|
| | | messages, including author and timestamps. There is nothing misleading. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind and their intentions for creating the rrbayc project. |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury. Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time. FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2541** | | Description: Chat between middlemarch.eth and Pauly Shore, May 24, 2022, RIPPSCAHEN00025522-RIPPSCAHEN00025522<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2551** | Description: Messages from May 22, RIPPSCAHEN00025532-RIPPSCAHEN00025532 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent. /// Completeness:   This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. The messages include timestamps and can be read alongside Defendants' other exhibits to determine the |

| | |
|---|---|
| | authors of the messages.   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2552** | Description: Messages from May 24, RIPPSCAHEN00025533-RIPPSCAHEN00025533 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:   This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages.   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2553** | Description: Messages from May 26, RIPPSCAHEN00025534-RIPPSCAHEN00025534<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent. /// Completeness: This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to |

| | |
|---|---|
| | use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2554** | Description: Messages to Tom Genius.com , May 26, RIPPSCAHEN00025535-RIPPSCAHEN00025535 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:   This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages.   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2555** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025537-RIPPSCAHEN00025537 Witness: Cahen, Lehman |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent. /// Completeness:   This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. The messages include timestamps and can be read alongside Defendants' other exhibits to determine the authors of the messages.   /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation lacking any indication of when the conversation took place.  And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2557** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025539-RIPPSCAHEN00025539<br>Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:   This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. There is nothing misleading about the presentation of these messages.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. <br><br> This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation lacking any indication of when the conversation took place.  And it is unclear who the speakers are. <br><br> This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2558** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025540-RIPPSCAHEN00025540 <br> Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent. /// Completeness:   This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. There is nothing misleading about the |

| | | |
|---|---|---|
| | | presentation of these messages. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | | This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation lacking any indication of when the conversation took place. And it is unclear who the speakers are. |
| | | This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2561** | | Description: Messages to Tom Genius.com , RIPPSCAHEN00025543-RIPPSCAHEN00025543 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent. /// Completeness: This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. There is nothing misleading about the presentation of these messages. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled |

| | |
|---|---|
| | that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2564** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025546-RIPPSCAHEN00025546 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant as it shows information about developments in the apemarket project, which is relevant to damages, willfulness, and intent. /// Completeness: This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. There is nothing misleading about the presentation of these messages. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the apemarket project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is |

unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2565** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025547-RIPPSCAHEN00025547<br>Witness: Cahen, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about developments in the apemarket project, which is relevant to damages, willfulness, and intent.  ///  Completeness:  This exhibit is an accurate representation of the text messages and is a complete inclusion of the text messages during the relevant exchange. There is nothing misleading about the presentation of these messages.  ///  Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the apemarket project development timeline or Defendants' state of mind. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation lacking any indication of when the conversation took place.  And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2572** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025554-RIPPSCAHEN00025554 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 4 (Fed. R. Evid. 401, 402, 403). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document provides information about Yuga's contact with the Defendants' family members, which are relevant to wilfulness. /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation.  One of the speakers is listed at the top of the document.  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore any alleged contact with Defendants' family members is irrelevant to Yuga Labs' claims.  Dkt. 89 at 5. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2573** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025555-RIPPSCAHEN00025555 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document provides information about Defendants' reaction to the current litigation, which are relevant to wilfulness.  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation.  One of the speakers is listed at the top of the document.  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore that Defendants' were allegedly distraught about this litigation is irrelevant to Yuga Labs' claims.  Dkt. 89 at 5.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented.  FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2574** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025556-RIPPSCAHEN00025556 Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and |

| | |
|---|---|
| | misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document provides information about Yuga's statements about the meaning of the symbolism it uses, which is relevant to wilfulness.  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion along with the other exhibits of the conversation.  One of the speakers is listed at the top of the document.  ///Hearsay: This document  is not hearsay and includes statements by a party opponent. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Yuga Labs name is not a mark at issue in this case, so the origins of the name are irrelevant to any of Yuga Labs claims.  Further, The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  <br><br> This exhibit is incomplete and misleading as presented.  FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.  <br><br> This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2577** | Description: Messages to Tom Genius.com , RIPPSCAHEN00025559-RIPPSCAHEN00025559  Witness: Cahen, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant as it shows information about updates Defendants wanted to make to rrbayc.com, which is relevant to willfulness and intent and confusion:  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete |

| | inclusion of the relevant portion along with the other exhibits of the conversation.  One of the speakers is listed at the top of the document.  /// Hearsay: the document may be offered not for the truth. |
|---|---|
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.<br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2585** | Description: Messages to Jeremy Cahen , RIPPSCAHEN00025981-RIPPSCAHEN00025981<br>Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document provides information about the removal of RR/BAYC NFTs from a marketplace and Defendant and third parties reactions, which are relevant to confusion and willfulness.  ///  Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion.  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread. /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity) |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already held that Yuga Labs "is entitled to summary judgment on Defendants' counterclaim alleging a knowing |

325

misrepresentation of infringing activity" and therefore that Defendants' infringing collection was removed from a third-party NFT marketplace is irrelevant to Yuga Labs' remaining claims or damages.  Dkt. 225 at 21.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2586** | Description: Messages to Jeremy Cahen , RIPPSCAHEN00026089-RIPPSCAHEN00026089 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness.  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion.  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread. /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already |

found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2587** | Description: Direct Messages from June 21, 2022, RIPPSCAHEN00026300-RIPPSCAHEN00026300 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness.  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion.  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread. /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. |

| | |
|---|---|
| | FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2588** | Description: Email from Gonzales to  rrbayc, May 24, 2022, RIPPSCAHEN00001374-RIPPSCAHEN00001374 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.  Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise |

| | |
|---|---|
| | proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2589** | Description: Email from arthouse_editor@proton.me to rrbayc@protonmail.com, May 25, 2022, RIPPSCAHEN00001380-RIPPSCAHEN00001380 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear who the speakers are.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| **Defendants' Exhibit JTX-2590** | Description: Email from easywrld@protonmail.ch to rrbayc@protonmail.com, May 28, 2022, RIPPSCAHEN00001396-RIPPSCAHEN00001396<br>Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear who the speakers are.  One speaker appears to be outside the US.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| **Defendants' Exhibit JTX-2591** | Description: Email from Tarakcioglu to rrbayc, May 28, 2022, RIPPSCAHEN00001397-RIPPSCAHEN00001397 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2592** | Description: Email from Cook to rrbayc, May 31, 2022, RIPPSCAHEN00001408-RIPPSCAHEN00001408 Witness: Ripps |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2593** | Description: Email from Downey to rrbayc, June 8, 2022, RIPPSCAHEN00001448-RIPPSCAHEN00001448 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2594** | Description: Email from rrbayc to Downey, June 8, 2022, RIPPSCAHEN00001449-RIPPSCAHEN00001449<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2595** | Description: Email from smu66xg0dd to rrbayc, June 17, 2022, RIPPSCAHEN00001475-RIPPSCAHEN00001475<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues |

| | |
|---|---|
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2596** | Description: Email from Bader to rrbayc, June 18, 2022, RIPPSCAHEN00001479-RIPPSCAHEN00001479<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2597** | Description: Email from Crotty to rrbayc, June 19, 2022, RIPPSCAHEN00001482-RIPPSCAHEN00001482 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not and cannot put forth any evidence of alternative sources of harm to Yuga Labs and therefore the exhibit is not relevant. Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2598** | Description: Email from Heintze to rrbayc, June 20, 2022, RIPPSCAHEN00001495-RIPPSCAHEN00001495 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |

| **Defendants' Exhibit JTX-2599** | Description: Email from Stango to rrbayc, June 20, 2022, RIPPSCAHEN00001523-RIPPSCAHEN00001523 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document represents commentary from third parties about RR/BAYC.  They are not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness./// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts  (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. |
| **Defendants' Exhibit JTX-2601** | Description: Screenshot of Ryder Ripps Bored Ape Yacht Club page on X2Y2, RIPPSCAHEN00018702-RIPPSCAHEN00018702 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on a marketplace which is relevant to willfulness and intent and confusion . ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. It would waste the court's time to relitigate settled issues

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. See *Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). |
| **Defendants' Exhibit JTX-2602** | Description: Twitter post by @ryder_ripps, June 22, 2022, RIPPSCAHEN00018984-RIPPSCAHEN00018984 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on a marketplace which is relevant to willfulness and intent and confusion . /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. |

It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2603** | Description: Twitter post by @ryder_ripps, June 13, 2022, RIPPSCAHEN00018986-RIPPSCAHEN00018986 Witness: Ripps, Cahen, Hickman, Lehman |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences what RR/BAYC NFTs looked like on OpenSea marketplace which is relevant to willfulness and intent and confusion . /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter. ///Hearsay: This document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. It would waste the court's time to relitigate settled issues

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit |

confusing and misleading.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2605** | Description: Withdraws, Calculations, and Mints spreadsheet, LEHMAN0000242_CONFIDENTIAL-LEHMAN0000242_CONFIDENTIAL<br>Witness: Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents an incomplete accounting that provides at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting and is therefore misleading as to the full amount. |

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2606** | Description: Spreadsheet of total gas paid and total infra cost , LEHMAN0000243_CONFIDENTIAL-LEHMAN0000243_CONFIDENTIAL<br>Witness: Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents only a snapshot of one source of revenue to Defendants and is thus at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2607** | Description: Spreadsheet of  Method and Batch Create RSVP, LEHMAN0000246_CONFIDENTIAL-LEHMAN0000246_CONFIDENTIAL<br>Witness: Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents only a snapshot of one source of revenue to Defendants and is thus at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the |

exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2614** | Description: Spreadsheet including method and sum of TxnFee(ETH), May 18, 2022, RIPPSCAHEN00015592-RIPPSCAHEN00015592 <br> Witness: Ripps, Cahen, Hickman, Lehman |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |

| | | |
|---|---|---|
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. | |
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount. | |
| | This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis. | |
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | |
| **Defendants' Exhibit JTX-2615** | Description: Spreadsheet with date and sum of TxnFee(ETH), May 24, 2022, RIPPSCAHEN00015594-RIPPSCAHEN00015594<br>Witness: Ripps, Cahen, Hickman, Lehman | |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. | |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a | |

| | | complete representation. /// Expert: The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay: This document is an exception to hearsay as a record of regularly conducted activity. |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis. FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2616** | | Description: Final: First Draw RR/BAYC Accounting spreadsheet, RIPPSCAHEN00015595-RIPPSCAHEN00015595<br>Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here.  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2617** | Description: Post RSVP spreadsheet , RIPPSCAHEN00015596-RIPPSCAHEN00015596 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks |

| | | foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|---|
| **Defendants' Response to the Objection:** | | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here.  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology likely to be unfamiliar to the jury and is therefore of minimal probative value, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. <br><br> This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount. <br><br> This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis. <br><br> To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2618** | | Description: Revenue share spreadsheet , RIPPSCAHEN00015643-RIPPSCAHEN00015643 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and |

| | | misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|---|
| **Defendants' Response to the Objection:** | | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. <br><br> This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount. <br><br> This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis. <br><br> To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2619** | Description: Profit share spreadsheet, RIPPSCAHEN00015644-RIPPSCAHEN00015644 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of the spreadsheet and includes the entire spreadsheet.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here.  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | |
|---|---|
| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2620** | Description: Tweet from @ryder_ripps, June 21, 2022, RIPPSCAHEN00017694-RIPPSCAHEN00017694 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant because, for example, it provides information about royalties received from RR/BAYC NFTs, which are relevant for damages and willfulness and intent.   /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete. Additionally, speakers are identified by their usernames. /// Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.   Further, the document does not demonstrate any actual revenue amounts and is therefore irrelevant to proving damages. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading. |
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
|---|---|
| **Defendants' Exhibit JTX-2621** | Description: Smart contract spreadsheet, RIPPSCAHEN00023101-RIPPSCAHEN00023101 Witness: Ripps, Cahen, Hickman, Lehman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Improper expert testimony under Fed. R. Evid. 701, 702, 703. Assumes facts not in evidence under Fed. R. Evid. 103(c). Lacks foundation under Fed. R. Evid. 602. Improper summary under Fed. R. Evid. 1006.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  The document is relevant, because, for example, it provides information about transactions for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. <br><br> This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount. <br><br> This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006. Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis. |

| | |
|---|---|
| | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2633** | Description: Roadmap Activations, Apr. 17, 2021, RIPPSCAHEN00020737-RIPPSCAHEN00020737 Witness: Ripps, Cahen, Hickman, Solano, Aronow, Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. |
| **Defendants' Response to the Objection:** | Relevance:  The BAYC Roadmap is relevant to damages issues in this case, including the extent to which any damage Yuga suffered is attributable to its own conduct. /// Completeness: The roadmap itself is a complete capture of one page from Plaintiff's website.  Other pages are in the record, as are numerous other individual webpages. Therefore it is not incomplete. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Yuga Labs future plans are irrelevant to the damages suffered as a result of Defendants' infringement. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. This exhibit is incomplete and misleading as presented. FRE 106.  It is missing other pages from the website. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2634** | Description: Transaction details of block #1327655, RIPPSCAHEN00022414-RIPPSCAHEN00022415 Witness: Ripps, Cahen, Hickman, Solano, Aronow, Atalay, Muniz |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under |

| | |
|---|---|
| | Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: Yuga's transfer of NFTs is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages.  Additionally, this exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  /// Completeness and Foundation:  This exhibit is an accurate capture of the Etherscan transaction and is complete. Defendants can lay foundation for this public article based on their personal knowledge.  ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted.  It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights.  Accordingly, the Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403. Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims.  Further, to the extent Defendants intend to use the exhibit to advance their baseless claims of fraud, the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties." Dkt. 225 at 19. Therefore, the exhibit would |

354

confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.

| **Defendants' Exhibit JTX-2637** | Description: Twitter post from @BoredApeYC, Sept. 9, 2021, RIPPSCAHEN00022553-RIPPSCAHEN00022553 Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant because, for example it evidences a source of criticism against Yuga and goes towards willfulness and intent.  /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete. Defendants can lay foundation for this public post based on their personal knowledge.  Yuga can also lay foundation for the statements it made. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and |

| | |
|---|---|
| | for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  To the extent Defendants seek to introduce the exhibit to substantiated their baseless allegations the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties." Dkt. 225 at 19.  To the extent Defendants seek to offer the exhibit to prove their intent, the court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. |
| **Defendants' Exhibit JTX-2638** | Description: Twitter post from @ryder_ripps, June 23, 2022, RIPPSCAHEN00018889-RIPPSCAHEN00018889<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This document is relevant because, for example, it evidences criticism the Defendants received which show a lack of confusion and are relevant to damages and willfulless.  /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete. Defendants can lay foundation for this public post based on their personal knowledge.  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore that Defendants' were allegedly distraught about this litigation is irrelevant to Yuga Labs' claims.  Dkt. 89 at 5.  Further, the court has already found a likelihood of confusion.  Dkt. 225 at 13.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2639** | Description: Apemarketplace tweets spreadsheet , RIPPSCAHEN00000291-RIPPSCAHEN00000291<br>Witness: Ripps, Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references. The column "screen_name" includes the username of the person that posted the tweet.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It lacks many of the associated images or attachments. It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2643** | Description: Hwonderofworld tweets spreadsheet, RIPPSCAHEN00000295-RIPPSCAHEN00000295<br>Witness: Hickman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references. The column "screen_name" includes the username of the person that posted the tweet.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |

| | |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. This exhibit is incomplete and misleading as presented. FRE 106, 403.  It lacks many of the associated images or attachments. It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2644** | Description: Jeremeycahen tweets spreadsheet, RIPPSCAHEN00000296-RIPPSCAHEN00000296 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through |

| | |
|---|---|
| | its references. The column "screen_name" includes the username of the person that posted the tweet.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It lacks many of the associated images or attachments. It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2645** | Description: Pauly0x tweets spreadsheet, RIPPSCAHEN00000297-RIPPSCAHEN00000297 Witness: Cahen |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. |

| | |
|---|---|
| | Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness: This exhibit includes links to the corresponding images and is, therefore, complete through its references. The column "screen_name" includes the username of the person that posted the tweet. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403. It lacks many of the associated images or attachments. It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| Defendants' Exhibit JTX-2646 | Description: Ryder_ripps tweets spreadsheet, RIPPSCAHEN00000298-RIPPSCAHEN00000298 Witness: Ripps |
|---|---|
| Plaintiff's Grounds for the Objection: | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| Defendants' Response to the Objection: | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit includes links to the corresponding images and is, therefore, complete through its references. The column "screen_name" includes the username of the person that posted the tweet.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| Plaintiff's Response: | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. |

| | | |
|---|---|---|
| | | FRE 106, 403.  It lacks many of the associated images or attachments. It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2649** | | Description: Twitter post from @ryder_ripps, June 11, 2022, RIPPSCAHEN00016788-RIPPSCAHEN00016791<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted criticizing BAYC and the problematic imagery . /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  That others made similar, baseless allegations has no relevance to the damages suffered by Yuga Labs as a result of Defendants' |

| | |
|---|---|
| | infringement. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2650** | Description: Twitter post from @ryder_ripps, June 25, 2022, RIPPSCAHEN00016855-RIPPSCAHEN00016856<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness: This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |

| | Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2651** | Description: Twitter post from @ryder_ripps, June 24, 2022, RIPPSCAHEN00017330-RIPPSCAHEN00017330<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. Additionally, the RR/BAYC logo is plainly relevant. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete.  //Hearsay: This document |

| | |
|---|---|
| | is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2652** | Description: Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00017542-RIPPSCAHEN00017542<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |

| | Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
|---|---|
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  Further, adding Nazi imagery to Yuga Labs' products is likely to bias the jury and thus the exhibit is substantially more prejudicial than probative.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2653** | Description: Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00017624-RIPPSCAHEN00017624<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// |

| | |
|---|---|
| | Completeness:  This exhibit is an accurate capture of a Twitter post.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2654** | Description: Twitter post from @ryder_ripps, May 24, 2022, RIPPSCAHEN00017779-RIPPSCAHEN00017787<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document |

| | | is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
|---|---|---|
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| | **Defendants' Exhibit JTX-2655** | Description: Twitter post from @ryder_ripps, June 2, 2022, RIPPSCAHEN00017830-RIPPSCAHEN00017835<br>Witness: Ripps, Cahen, Hickman, Lehman |
| | **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| | **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goals in creating ApeMarket which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a |

| | |
|---|---|
| | Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2656** | Description: Twitter post from @ryder_ripps, Dec. 27, 2021, RIPPSCAHEN00017836-RIPPSCAHEN00017839 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |

| | |
|---|---|
| | Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2657** | Description: Twitter post from @ryder_ripps, May 24, 2022, RIPPSCAHEN00017871-RIPPSCAHEN00017874 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' process for creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness: This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing |

| | | mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. . |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It is also often unclear as to who the speaker is. As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2658** | | Description: Twitter post from @ryder_ripps, May 19, 2022, RIPPSCAHEN00017985-RIPPSCAHEN00017988<br>Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. ///<br>Completeness: This exhibit is an accurate capture of a |

| | | Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| --- | --- | --- |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2659** | | Description: Twitter post from @ryder_ripps, June 20, 2022, RIPPSCAHEN00018035-RIPPSCAHEN00018053 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant |

| | | under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
|---|---|---|
| **Defendants' Response to the Objection:** | | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| | |
|---|---|
| **Defendants' Exhibit JTX-2660** | Description: Twitter post from @ryder_ripps, June 18, 2022, RIPPSCAHEN00018894-RIPPSCAHEN00018894 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness: This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403. It is also often unclear as to who the speaker is. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party |

| | comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
|---|---|
| **Defendants' Exhibit JTX-2661** | Description: Twitter post from @ryder_ripps, June 1, 2022, RIPPSCAHEN00018897-RIPPSCAHEN00018897 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. ///Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the |

speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2662** | Description: Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00018913-RIPPSCAHEN00018913 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness: This exhibit is an accurate capture of a Twitter post as it appears on Twitter. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. Further, adding Nazi imagery to Yuga Labs' products is likely to bias the jury and thus the exhibit is substantially more prejudicial |

| | |
|---|---|
| | than probative.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2663** | Description: Twitter post from @ryder_ripps, June 15, 2022, RIPPSCAHEN00018995-RIPPSCAHEN00018995<br>Witness: Ripps, Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| | This exhibit is incomplete and misleading as presented. FRE 106, 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2664** | Description: Twitter post from @ryder_ripps, June 24, 2022, RIPPSCAHEN00019026-RIPPSCAHEN00019030<br>Witness: Ripps, Cahen, Hickman |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702). Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness: This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | | |
|---|---|---|
| | | This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2665** | | Description: Twitter post from @ryder_ripps, July 10, 2022, RIPPSCAHEN00019039-RIPPSCAHEN00019040 Witness: Ripps |
| **Plaintiff's Grounds for the Objection:** | | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. Additionally it evidences others using the alleged marks, which goes to willfulness and intent.  /// Completeness: This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |
| **Plaintiff's Response:** | | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would |

confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2666** | Description: Twitter post from @ryder_ripps, June 18, 2022, RIPPSCAHEN00019220-RIPPSCAHEN00019223 Witness: Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 2 (Fed. R. Evid. 401, 402, 403, 701, 702).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.   Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the |

motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

| **Defendants' Exhibit JTX-2667** | Description: Twitter post from @Pauly0x, Jul. 15, 2022, RIPPSCAHEN00020105-RIPPSCAHEN00020108 Witness: Cahen, Ripps |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences sources of income from RR/BAYC, which is relevant for damages. Additionally the document provides evidence that goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |
| **Plaintiff's Response:** | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. Further, that Defendants purportedly sought to eliminate royalties on one website |

| | |
|---|---|
| | has no bearing on the actual damages that Yuga Labs suffered as a result of Defendants' infringement.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2668** | Description: Twitter post from @yugalabs, June 24, 2022, RIPPSCAHEN00021585-RIPPSCAHEN00021585<br>Witness: Ripps, Cahen, Muniz, Aronow, Solano, Atalay |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity).  Additionally, the statements made by Yuga are an exception to hearsay for party opponents. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement. |

Further, Defendants have not explained the alternative sources of harm.  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.
To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2672** | Description: Web Summit clip, RIPPSCAHEN00017611-RIPPSCAHEN00017611<br>Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Violates the best evidence rule under Fed. R. Evid. 1002. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant.  ///  Completeness/ Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. |

| | | |
|---|---|---|
| | | Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception. |
| | **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence. |
| | | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights.  Accordingly, The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403. |
| | | This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule. FRE 106, 403, 602, 1002.  The exhibit appears to be only a clip of a fuller recording. |
| | | This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| | | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |

| **Defendants' Exhibit JTX-2673** | Description: Web Summit Day 2 clip, RIPPSCAHEN00017612-RIPPSCAHEN00017612 Witness: Ripps, Cahen, Muniz |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Violates the best evidence rule under Fed. R. Evid. 1002. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant.  /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge.  Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights.  Defendants must stop relitigating decided issues.  Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims.<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule. FRE 106, 403, 602, 1002.  The exhibit appears to be only a clip of a fuller recording.<br><br>This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants |

| | |
|---|---|
| | attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2674** | Description: Von Shiller Clip, RIPPSCAHEN00022848-RIPPSCAHEN00022848<br>Witness: Ripps, Cahen, Muniz, Solano, Aronow |
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 5 (Fed R. Evid. 401, 402, 403, 602).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant.   /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge.  Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence is not offered for the truth, but merely the existence of discussion about Yuga's transference of rights from others (independent of its veracity).   Additionally, the evidence includes statements made by Yuga, which are admissible as party opponent exception. |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue |

in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2675** | Description: VE clip, RIPPSCAHEN00022940-RIPPSCAHEN00022940<br>Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |

| | |
|---|---|
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga /// Completeness and Foundation: The evidence shows the entire video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. // Hearsay: The evidence is not offered for the truth, but merely the existence of criticism from others (independent of its veracity). |
| **Plaintiff's Response:** | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. |
| | Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement.  Further, Defendants have not explained the alternative sources of harm.  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |
| | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. |
| | This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported claims or how the document was created. FRE 106, 401, 402, 602. |
| | This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party or Defendants' information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
|---|---|
| **Defendants' Exhibit JTX-2684** | Description: Yuga Labs Company BAYC Future & Roadmap Financials, YUGALABS_00031208-YUGALABS_00031297<br>Witness: Muniz, Aronow, Solano, Atalay, Oseary |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402.  Unfairly prejudicial under Fed. R. Evid. 403. |
| **Defendants' Response to the Objection:** | Relevance: Yuga's future roadmap and financials is relevant to alternative sources of harm and damages |
| **Plaintiff's Response:** | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document.<br><br>Yuga Labs future plans (especially out of date plans) are irrelevant to the damages suffered as a result of Defendants' infringement. |
| **Defendants' Exhibit JTX-2685** | Description: Yuga Labs Common Stock Valuation, Nov. 30, 2022, YUGALABS_00031474-YUGALABS_00031553<br>Witness: Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  Yuga's stock valuation is relevant to alternative sources of harm and damages. /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not explained the alternative sources of harm.  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2686** | Description: "Bored Ape" Worldwide Google trends, RIPPSCAHEN00019875-RIPPSCAHEN00019875 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent. Additionally the United States is included in the information provided and is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay: this document is not being brought in for the truth of the matter asserted. It is evidence of public activity that occurred. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403. Indeed it primarily focuses on information outside the US. Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time |

and should be excluded under FRE 403.

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It lacks the further information that is provided, including topics 1-5.  It also lacks the context of the percentages.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2687** | Description: "Bored Ape" Los Angeles, CA Google trends, RIPPSCAHEN00019876-RIPPSCAHEN00019876 Witness: Ripps, Cahen |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm |

392

| | | and damages and willfulness and intent.  Additionally, Los Angeles is in the United States and the information provided is, therefore, relevant.  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
|---|---|---|
| **Plaintiff's Response:** | | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.

This exhibit is irrelevant to the claims at issue in this litigation as it includes only Los Angeles information. FRE 401, 402, 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It is unclear as to the timing of the information provided.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

| | |
|---|---|
| | Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2688** | Description: "Bored Ape" Worldwide Google trends, RIPPSCAHEN00019877-RIPPSCAHEN00019877 Witness: Ripps, Cahen |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally the United States is included  in the information provided and is, therefore, relevant.  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403.  Indeed it primarily focuses on information outside the US.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.

This exhibit lacks foundation and is incomplete and |

misleading as presented. FRE 106, 403, 602. It also lacks the context of the percentages.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.
This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

| **Defendants' Exhibit JTX-2689** | Description: "Bored Ape Yacht Club" Worldwide Google trends, RIPPSCAHEN00019883-RIPPSCAHEN00019883 Witness: Ripps, Cahen |
| --- | --- |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403. Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404). Incomplete and misleading under Fed. R. Civ. P. 106. Lacks foundation under Fed. R. Evid. 602. Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance: This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent. Additionally the United States is included in the information provided and is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay: this document is not being |

| | |
|---|---|
| | brought in for the truth of the matter asserted. It is evidence of public activity that occurred. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403. Indeed it primarily focuses on information outside the US. Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. It also lacks the context of the percentages.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2690** | Description: "Bored Ape Yacht Club" Worldwide Google trends, RIPPSCAHEN00019884-RIPPSCAHEN00019884 Witness: Ripps, Cahen |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Inadmissible for reasons in Yuga Labs' Motion in Limine No. 1 (Fed. R. Evid. 401, 402, 403, 404).  Incomplete and misleading under Fed. R. Civ. P. 106.  Lacks foundation under Fed. R. Evid. 602.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally the United States is included  in the information provided and is, therefore, relevant.  /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403.  Indeed it primarily focuses on information outside the US.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It also lacks the context of the percentages.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to |

| | |
|---|---|
| | rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. |
| **Defendants' Exhibit JTX-2691** | Description: Bored Ape Yacht Club Social Media Statistics, Dec. 1 2021-Jan. 22, 2023, YUGALABS_00031555-YUGALABS_00031561 Witness: Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages. ///  Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Yuga Labs social media presence has no bearing on the damages Yuga Labs suffered as a result of Defendants' infringement. Therefore, the exhibit is not relevant to any remaining issue in the case. Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2692** | Description: Bored Ape Yacht Club Social Media Mentions, Jan. 28, 2022-Jan. 22, 2023, YUGALABS_00031562-YUGALABS_00031562 Witness: Muniz |

| | |
|---|---|
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages. ///  Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Yuga Labs' social media presence has no bearing on the damages it suffered as a result of Defendants' infringement, therefore the exhibit is not relevant to any remaining issue in this case. Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |
| **Defendants' Exhibit JTX-2693** | Description: Bored Ape Yacht Club Number of Mentions/Social Media reach/Non Social Reach, Dec. 1, 2021-Jan. 22, 2023, YUGALABS_00031565-YUGALABS_00031565
Witness: Muniz |
| **Plaintiff's Grounds for the Objection:** | Irrelevant under Fed. R. Evid. 401, 402. Unfairly prejudicial under Fed. R. Evid. 403.  Hearsay under Fed. R. Evid. 801, 802, 803. |
| **Defendants' Response to the Objection:** | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages. ///  Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status. |
| **Plaintiff's Response:** | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Yuga Labs' social media presence is not relevant to the damages it suffered as a result of Defendants' infringement.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. |

| | |
|---|---|
| 1<br>2<br>3 | To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. |

Dated:  June 1, 2023        FENWICK & WEST LLP


By:  /s/ Eric Ball
Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

Dated:  June 1, 2023        WILMER CUTLER PICKERING HALE
AND DORR LLP


By:  /s/ Louis W. Tompros
Louis W. Tompros
Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN


## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.


/s/ Eric Ball
Eric Ball