ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **PLAINTIFF YUGA LABS, INC.'S OFFER OF PROOF FOR LAURA O'LAUGHLIN** |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:  310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:  202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to the Court's May 30, 2023 Order (Dkt. 260), Plaintiff Yuga Labs, Inc. ("Yuga Labs") submits the following offer of proof for its expert witness Laura O'Laughlin.

## I. Opinion No. 1

### a. Opinion from Ms. O'Laughlin

Based on Ms. O'Laughlin's expertise and experience, her review of the relevant materials produced in this matter, and the results of the Eveready likelihood of confusion survey she designed, conducted, and analyzed, she reached the opinion that there is a meaningful likelihood of confusion for consumers who saw the BAYC Marks used in connection with the at-issue RR/BAYC NFT collection on the Foundation marketplace.

Specifically, using an appropriately designed "Eveready"-style survey with relevant marketplace context and control stimuli, she found a net confusion rate of 40.4%. That is, using an experimental design to control for any potential survey noise or bias, she found that 49.2% of respondents in the BAYC Group (test group) associated the at-issue RR/BAYC NFT collection with Bored Ape Yacht Club, and 8.8% of respondents in the CGBC Group (control group) associated the at-issue RR/BAYC NFT collection with Bored Ape Yacht Club. The net effect demonstrates likelihood of confusion among relevant consumers on the Foundation marketplace.

### b. Relevance

This opinion is relevant to damages for Yuga Labs' first claim for false designation of origin, which remains an issue for trial, and to both liability and damages for Yuga Labs third claim for false advertising.

Ms. O'Laughlin's testimony, among other evidence, will show that Defendants' use of the BAYC Marks to sell the same underlying products (NFTs), using the same underlying images as authentic BAYC NFTs, and marketing them with the same "Ape ID" identifying numbers was likely to and did cause confusion as to source, affiliation, or sponsorship, even when sold on different NFT

marketplaces, and as a result, harmed Yuga Labs. Yuga Labs alleges that Defendants' "false and misleading implied factual claim in their advertising that their RR/BAYC NFTs are equivalent to authentic Bored Ape NFTs" (Complaint (Dkt. 1) ¶ 72) contributed to consumer confusion, including on the Foundation marketplace.

Ms. O'Laughlin's testimony, among other evidence, will also show that Yuga Labs suffered harm to its brand equity and goodwill as a result of the confusion caused by Defendants' deception and that consumer confusion was not dispelled at the point of sale on Foundation.

### c. Basis for Opinion

#### 1. Report (Exhibit A)

The basis for Ms. O'Laughlin's opinion is contained in her report at ¶¶ 1-4 (Qualifications); ¶ 5 (Assignment); ¶¶ 6-7 (Materials Considered); ¶¶ 8-15 (Background); ¶¶ 16(a), 17 (Summary of Opinions); ¶¶ 18-20, 22-52 (Assessment of Likelihood of Consumer Confusion); Exhibits 1-7; Appendices A-C, D.1-D.4; Supplemental Expert Report, Appendices A-B.

#### 2. Deposition Testimony (Exhibit B)

Ms. O'Laughlin testified about her opinion in her deposition at:

- 12:7-20
- 16:18-23
- 26:2-27:7
- 83:21-85:12
- 87:25-88:24
- 90:13-92:5
- 95:6-20
- 98:19-99:16
- 120:11-15
- 145:13-151:1
- 155:20-157:9

- 159:2-160:18

**3. Materials Relied On (Exhibit C)**

In forming her opinion, Ms. O'Laughlin relied on the documents and statements contained in Exhibit C.

## II. Opinion No. 2

### a. Opinion from Ms. O'Laughlin

Based on Ms. O'Laughlin's expertise and experience, her review of the relevant materials produced in this matter, and the results of the Squirt likelihood of confusion survey she designed, conducted, and analyzed, she reached the opinion that there is also a meaningful likelihood of confusion for consumers who saw the BAYC Marks used in connection with the at-issue RR/BAYC NFT collection on the OpenSea marketplace.

Specifically, using an appropriately designed "Squirt"-style survey with relevant marketplace context and control stimuli, she found a net confusion rate of 20.0%. That is, using an experimental design to control for any potential survey noise or bias, she found that 21.2% of respondents in the BAYC Group (test group) associated the at-issue RR/BAYC NFT collection with Bored Ape Yacht Club, and 1.2% of respondents in the CGBC Group (control group) associated the at-issue RR/BAYC NFT collection with Bored Ape Yacht Club. The net effect demonstrates likelihood of confusion among relevant consumers on the OpenSea marketplace.

### b. Relevance

This opinion is relevant to damages for Yuga Labs first claim for false designation of origin, which remains an issue for trial, and to both liability and damages for Yuga Labs third claim for false advertising.

Ms. O'Laughlin's testimony, among other evidence, will show that Defendants' use of the BAYC Marks to sell the same underlying products (NFTs), using the same underlying images as authentic BAYC NFTs, marketing them with the same "Ape ID" identifying numbers, and selling them in the same NFT

marketplaces was likely to and did cause confusion as to source, affiliation, or sponsorship and, as a result, harmed Yuga Labs. Yuga Labs alleges that Defendants' "false and misleading implied factual claim in their advertising that their RR/BAYC NFTs are equivalent to authentic Bored Ape NFTs" (Complaint (Dkt. 1) ¶ 72) contributed to consumer confusion, including on the Foundation marketplace.

Ms. O'Laughlin's testimony, among other evidence, will also show that Yuga Labs suffered harm to its brand equity and goodwill as a result of the confusion caused by Defendants' deception and that consumer confusion was not dispelled at the point of sale on OpenSea.

### c. Basis for Opinion

#### 1. Report (Exhibit A)

The basis for Ms. O'Laughlin's opinion is contained in her report at ¶¶ 1-4 (Qualifications); ¶ 5 (Assignment); ¶¶ 6-7 (Materials Considered); ¶¶ 8-15 (Background); ¶¶ 16(b), 17 (Summary of Opinions); ¶¶ 18-19, 21, 29-33, 53-78 (Assessment of Likelihood of Consumer Confusion); Exhibits 8-13; Appendices A-C, E.1-E.3b; Supplemental Expert Report, Appendices A-B.

#### 2. Deposition Testimony (Exhibit B)

Ms. O'Laughlin testified about her opinion in her deposition at:

- 12:7-20
- 16:18-23
- 26:2-27:7
- 83:21-85:12
- 87:25-88:24
- 90:13-92:5
- 95:6-20
- 163:23-164:23
- 171:22-172:23
- 181:1-9

### 3. Materials Relied On (Exhibit D)

In forming her opinion, Ms. O'Laughlin relied on the documents and statements contained in Exhibit D.

## III. Opinion No. 3

### a. Opinion from Ms. O'Laughlin

To the extent that Yuga Labs' Motion *in Limine* No. 1 and/or 2 is denied and Defendants are entitled to discuss the purported "satirical" nature of the RR/BAYC NFT project, Yuga Labs will rely on the following opinion.

With the strong overlap and similarities in Defendants Ripps' and Cahen's use of the BAYC Marks and Defendants Ripps' and Cahen's claim that NFT consumers are aware of the "satirical" nature of the project, Ms. O'Laughlin took additional measures in both of her likelihood of confusion surveys to ensure that her net confusion findings were not an artifact of guessing or weakly held beliefs. Ms. O'Laughlin found the majority of confused respondents exhibited strongly held beliefs as to the source as to the source, affiliation, or sponsorship of the at issue RR/BAYC NFT collection. These results confirm her findings of a meaningful likelihood of confusion in both the Foundation and OpenSea contexts and undermine Defendants Ripps' and Cahen's claims that confusion was "impossible."

### b. Relevance

To the extent Defendants are permitted to dispute consumer confusion or damages on the basis that consumers allegedly believed their RR/BAYC NFTs to be "satirical," this opinion is relevant to refuting that claim. Therefore, for the same reasons as above, this opinion is relevant to damages for Yuga Labs first claim for false designation of origin, which remains an issue for trial, and to both liability and damages for Yuga Labs third claim for false advertising.

### c. Basis for Opinion

#### 1. Report (Exhibit A)

The basis for Ms. O'Laughlin's opinion is contained in her report at ¶¶ 1-4

(Qualifications); ¶ 5 (Assignment); ¶¶ 6-7 (Materials Considered); ¶¶ 8-15 (Background); ¶¶ 16(c), 17 (Summary of Opinions); ¶¶ 18-21, 38-41, 48-52, 69-70, 74-78 (Assessment of Likelihood of Consumer Confusion); Exhibits 1-13; Appendices A-E; Supplemental Expert Report, Appendices A-B.

### 2. Deposition Testimony (Exhibit B)

Ms. O'Laughlin testified about her opinion in her deposition at:

- 47:2-48:5
- 187:25-189:19
- 204:10-205:20

### 3. Materials Relied On (Exhibit E)

In forming her opinion, Ms. O'Laughlin relied on the documents and statements contained in Exhibit E.

Dated: June 2, 2023　　　　　　　　　　FENWICK & WEST LLP

By: /s/ Eric Ball
　　Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.