Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>   Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT ON MOTION IN LIMINE 6**<br><br>Date:  June 16, 2023<br>Time:  8 a.m.<br>Courtroom: 7A<br>Judge:  Honorable John F. Walter<br><br>Pretrial Conf. Date:  June 9, 2023<br>Trial Date: June 27, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:  310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:  202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

The parties held an in-person conference of counsel on June 1, 2023, to discuss Motion *in Limine* No. 6 filed by Defendants. Louis Tompros, Derek Gosma, and Henry Nikogosyan attended on behalf of Defendants Ryder Ripps and Jeremy Cahen, and Eric Ball, Ethan Thomas, and Zack Kalinowski attended on behalf of Plaintiff Yuga Labs.

The parties agreed that the dispute regarding Motion in Limine No. 6 is a principled disagreement concerning the admissibility of Laura O'Laughin's expert testimony. The parties agreed that there is no legal authority directly on the specific issue that Defendants raise in their Motion in Limine No. 6, but the parties did discuss the general case law regarding the standards for admissibility of expert survey evidence, case law that Defendants contend supports excluding internally inconsistent expert opinion at trial, and case law that Yuga Labs contends supports admitting evidence of both Eveready and Squirt surveys. Below are the respective positions that the parties were not able to reconcile at the June 1, 2023, conference of counsel.

## I. Defendants' Position

As discussed in the parties' Joint Statement on Yuga's Offer of Proof (Dkt. 266), the opinions of Yuga's survey expert Laura O'Laughin should be excluded under *Daubert* because they apply methodologies that are internally inconsistent. The Federal Rules of Evidence require that an expert's opinion be "not only relevant, but reliable." Fed. R. Evid. 702; *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). The reliability component requires the court to probe the methods used by the specific expert in the case. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 153-54 (1999).

Survey experts must be careful to present surveys that are fit for the job at hand. Choosing the wrong version of a survey is grounds for exclusion. *See Kargo Global, Inc. v. Advance Magazine Publishers, Inc.*, No. 06-Civ.-550-JFK, 2007 WL 2258688 at *8 (S.D.N.Y. 2007) (excluding *Squirt* survey employed in incorrect

context). *Squirt* surveys apply where the mark is **weak** and sold in close proximity with the alleged infringing mark. Jerre B. Swan & R. Charles Henn Jr., *Likelihood of Confusion Surveys: The Ever Constant Eveready Format; The Ever-Evolving Squirt Format*, 109 The Trademark Rptr. 671, 676 (2019). *Eveready* surveys apply when the mark is **strong**. Laura O'Laughlin et.al, *Which Method is for You? Not All Surveys are Made the Same*, Law Journal Newsletters: The Intellectual Property Strategist, Sept. 2020 at *2. The surveys are, therefore, mutually exclusive.

Here, Ms. O'Laughlin seeks to present both a *Squirt* and an *Eveready* survey, and has no predicate opinion on whether the asserted marks are strong or weak (thus preventing an assessment of the validity of either methodology). Ms. O'Laughlin then bases her confusion opinion on **both** surveys. O'Laughlin Dep. Tr. 91:24-92:5 ("As I mentioned, the right survey methodology to address my assignment was to conduct two surveys.") Her failure to choose rendered her opinion inherently unreliable because it was based on internally contradictory surveys that cannot co-exist.

## II.  Plaintiff's Position

Ms. O'Laughlin's expert testimony is undisputedly relevant to the issues remaining for trial. "[S]urvey evidence should be admitted 'as long as [it is] conducted according to accepted principles and [is] relevant.'" *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1037 (9th Cir. 2010) (alterations in original, emphasis added) (citation omitted) (finding district court abused discretion in excluding expert survey); *Sports Mktg. Monterrey Grp., LLC v. Socios Servs. US Inc.*, No. 22-cv-08939-SI, 2023 WL 2671379, at *19 (N.D. Cal. Mar. 27, 2023) ("The Ninth Circuit has not decided whether the *Eveready* or *Squirt* survey formats are more appropriate to use to test for likelihood of confusion in reverse confusion cases but has held broadly that **any type of survey evidence should be admitted 'as long as [it is] conducted according to accepted principles and [is] relevant**.'") (alterations in original, emphasis added) (citation omitted).

Defendants argue that the Squirt and Eveready survey methodologies are "mutually exclusive" but fail to recognize that Ms. O'Laughlin surveyed two different contexts in which Defendants misappropriated the BAYC Marks. She used accepted principles in choosing which survey methodology to use in which context. On the Foundation marketplace where the parties' NFT collections were not sold at the same time, she used an Eveready survey, which presents participants with only the junior mark. On the OpenSea marketplace, where the parties NFT collections were sold at the same time, she used a Squirt survey, which presents participants with both the junior and the senior mark. There is nothing inconsistent about using the appropriate survey in the appropriate context to best replicate market conditions, and that approach certainly does not warrant exclusion under the authority Defendants advance. Cf. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (affirming exclusion of expert testimony about a "visual and tactile inspection" of a tire, where the expert admitted the inspection was "subjective[]" and where "the expert seemed to deny the sufficiency of his own simple visual-inspection methodology").

To the extent Defendants argue that Ms. O'Laughlin chose the *wrong* survey methodology in either or both contexts, that question goes to the weight of her testimony—not the admissibility. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001) ("[I]ssues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility. These are issues for a jury . . . .") (citation omitted). But even so, that argument is incorrect. As set forth in the parties' Joint Statement on Yuga's Offer of Proof (Dkt. 266), marketplace proximity informs the choice between an Eveready or Squirt survey.

Though strength of the marks is another factor that can guide the choice of survey methodology, it is not determinative as Defendants suggest. *See, e.g.*, Jerre B. Swann, *Eveready and Squirt-Cognitively Updated*, 106 Trademark Rep. 727, 737 (2016) ("Where, in sum, marks are not *proximate*, an Eveready is likely the only

format available; and even as to proximate marks, an Eveready may always be offered (possibly in response to complaint allegations of trademark strength) in conjunction with a Squirt to negate the reach capabilities of a brand.") (footnote omitted).  In fact, the principal reason the court excluded the Squirt survey in the case relied on by Defendants was because the survey failed to account for the lack of proximity of the marks in the relevant marketplace. *Kargo Glob., Inc. v. Advance Mag. Publishers, Inc.*, No. 06 CIV 550 JFK, 2007 WL 2258688, at *7 (S.D.N.Y. Aug. 6, 2007) ("Here, the back-to-back, or seriatim, display of the *Cargo* and Kargo marks did not approximate conditions that consumers would encounter in the marketplace. The products at issue . . . were not competing."). Defendants' argument that Ms. O'Laughlin should have based her choice of methodology on strength of the marks alone is not only insufficient to exclude the testimony—it is contrary to established principles.

Dated:  June 6, 2023                     FENWICK & WEST LLP


                                         By: */s/ Eric Ball*
                                             Eric Ball
                                         Attorneys for Plaintiff
                                         YUGA LABS, INC.

Dated:  June 6, 2023                     WILMER CUTLER PICKERING HALE AND DORR LLP


                                         By: */s/ Louis W. Tompros*
                                             Louis W. Tompros
                                         Attorneys for Defendants
                                         RYDER RIPPS and JEREMY CAHEN

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on June 6, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000