1  ERIC BALL (CSB No. 241327)
   eball@fenwick.com
2  KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone:  650.988.8500
5  Facsimile:  650.938.5200

6
   ANTHONY M. FARES (CSB No. 318065)
7  afares@fenwick.com
   ETHAN M. THOMAS (CSB No. 338062)
8  ethomas@fenwick.com
   FENWICK & WEST LLP
9  555 California Street, 12th Floor
   San Francisco, CA  94104
10 Telephone:  415.875.2300

11 *Additional Counsel listed on next page*

12 Attorneys for Plaintiff
   YUGA LABS, INC.
13

   Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
   Monica Grewal (*pro hac vice*)
   monica.grewal@wilmerhale.com
   Scott W. Bertulli (*pro hac vice*)
   scott.bertulli@wilmerhale.com
   Tyler Carroll (*pro hac vice*)
   tyler.carroll@wilmerhale.com
   WILMER CUTLER PICKERING
        HALE AND DORR LLP
   60 State Street
   Boston, MA  02109
   Telephone: (617) 526-6000
   Fax: (617) 526-5000

   Derek Gosma (SBN 274515)
   derek.gosma@wilmerhale.com
   Henry Nikogosyan (SBN 326277)
   henry.nikogosyan@wilmerhale.com
   WILMER CUTLER PICKERING
        HALE AND DORR LLP
   350 South Grand Ave., Suite 2400
   Los Angeles, CA  90071
   Telephone: (213) 443-5300
   Fax: (213) 443-5400

   Attorneys for Defendants
   RYDER RIPPS and JEREMY CAHEN

14

15

16                 UNITED STATES DISTRICT COURT

17                 CENTRAL DISTRICT OF CALIFORNIA

18                 WESTERN DIVISION – Los Angeles

19

20  YUGA LABS, INC.,                    Case No.: 2:22-cv-04355-JFW-JEM

21            Plaintiff,                **JOINT STATEMENT RE ISSUES
                                        THAT HAVE BEEN RESOLVED OR
22       v.                             THAT REQUIRE A RULING BY THE
                                        COURT RE YUGA LABS, INC.'S
23  RYDER RIPPS, JEREMY CAHEN,          MOTION *IN LIMINE* NO. 1**

24            Defendants.

25

26

27

28

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA  90401
   Telephone:   310.434.4300
4
5  DAVID Y. SILLERS (*admitted pro hac vice*)
   david@clarelocke.com
6  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
7  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA  22314
   Telephone:   202.628.7400
10
11 Attorneys for Plaintiff
   YUGA LABS, INC.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit their joint statement as to those issues that will require a ruling by the Court relating to Yuga Labs' Motion *In Limine* No. 1 to Exclude Inflammatory Material (Dkt. 232) ("MIL 1"). The parties were unable to resolve the issues set forth in MIL 1, and their respective positions on these issues are set forth below. A list of trial exhibits at issue is attached hereto as **Exhibit A**.

## I.   YUGA LABS' POSITION

Without re-stating the arguments set forth in Yuga Labs' MIL 1, which are expressly reserved, Yuga Labs further adds that Yuga Labs' motion should be granted for the following reasons. Yuga Labs seeks the exclusion of Inflammatory Material to avoid the jury hearing irrelevant and highly prejudicial matters that would waste time and confuse the issues. The Inflammatory Material is of ***no probative value*** because Defendants cannot trace Yuga Labs' identified harms to Defendants' conspiracy theories, and Defendants' state of mind is not an issue for the jury.

### A.   The Proposed Exclusion Order Is Narrowly Tailored.

Unlike the motion in *Deckers Outdoor*, Yuga Labs' motion and proposed order specifically laid out what evidence Yuga Labs asks the Court to exclude, all of which pertain to Defendants' baseless allegations of either racism or fraud and criminality. *McCoy v. Kazi*, No. CV08-07244 SJO (CWx), 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) (denying motion to exclude "problems with and/or complaints about witnesses"). Indeed, the subject matter of the motion is unambiguous, and nearly all of Defendants' prior briefing incorporates exactly the type of evidence and argument that Yuga Labs seeks the exclusion of.

### B.   Defendants Identify No Disputed Issue Of Intent, Let Alone One That The Jury Must Decide.

The Court has already decided the issue of intent. None of Defendants' cases support re-opening a decided issue. To the contrary, in each case, the Court found ***the denial*** of a motion for summary judgment not binding because denials "result

from a factual dispute at the time" that may disappear after further fact-finding. *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014); *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (magistrate judge's denial of summary judgment not binding on renewed motion). When the Court **granted** Yuga Labs' motion for summary judgment, it resolved the issue of intent by finding that Defendants intended to infringe and intentionally designed their products and marketing to resemble Yuga Labs' branding. Further, if the Court does not stand on its prior order, disgorgement is an equitable remedy for the judge not the jury. *See* 15 U.S.C. § 1117(a); *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, No. SACV 17-01613-CJC (DFMx), 2023 WL 2652855, at *4 (C.D. Cal. Mar. 13, 2023). And contrary to Defendants' assertion, "intent is not an element of a Lanham Act false advertising claim." *POM Wonderful LLC v. Purely Juice, Inc.*, 362 F. App'x. 577, 579 (9th Cir. 2009).

### C.   Defendants Have No Evidence That The Harm To The BAYC Brand That Yuga Labs And Its Experts Identified Was Caused By Factors Other Than Their Infringement.

Defendants' newest argument is that they harmed Yuga Labs by making outrageous accusations and not by their trademark infringement. This is rank speculation. Defendants have no evidence that Yuga Labs' trademark harms stem from anything but their infringement. And Defendants' reliance on *Garcoa* is misplaced. *Garcoa, Inc. v. All Clean Natural Ltd.*, No. 2:20-CV-09827-VAP-(SKx), 2021 WL 5994532, at *11 (C.D. Cal. Nov. 5, 2021) (no triable issue on damages where plaintiff could not show harm was directly attributable to infringement and defendant cited evidence of other issues such as "falling customer demand"). Yuga Labs' experts have testified that they saw no evidence that other market factors caused the harm that they identify. By contrast, Defendants lack the personal knowledge of Yuga Labs' internal documents to testify that their theories harmed Yuga Labs' goodwill and have identified no expert who would testify that other actions caused duplicative harm to Yuga Labs' BAYC brand. Nor do they have any

evidence as to the amount of harm to subtract from the damage caused by Defendants. Without the causal link and specific amount of alleged duplicative harm, the Inflammatory Material is of no probative value.

### D. Whatever Relevance The Inflammatory Material Might Have, There Is No Legitimate Dispute That Its Presentation To The Jury Would Be Highly Prejudicial To Yuga Labs.

Defendants' false[1] allegations of racism, fraud, and criminality are of minimal, if any, probative value, but the risk of prejudice is extraordinarily high, and the allegations would waste time and confuse the issues. Defendants' cases to the contrary are inapposite. *See New Show Studios LLC v. Needle*, No. 2:14-CV-01250-CAS (MRWX), 2016 WL 5745078, at *6 (C.D. Cal. Sept. 29, 2016) (allegations of murder probative of defendants' knowledge in defamation case); *Bassett v. City of Burbank*, No. 2:14-CV-01348-SVW-CW, 2014 WL 12573395, at *4-5 (C.D. Cal. Nov. 14, 2014) (arresting officer's racially charged comments about what he hoped would happen to plaintiff in prison probative in suit for framing plaintiff); *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (racially charged statements probative in case for racial discrimination). Rather, like in *Johnson*, Defendants' baseless allegations have no tendency to prove or disprove any elements of Yuga Labs' claims. *United States v. Johnson*, No. 14-CR-00412-TEH, 2015 WL 4747309, at *9 (N.D. Cal. Aug. 11, 2015), order clarified, No. 14-CR-00412-TEH, 2015 WL 4999461 (N.D. Cal. Aug. 20, 2015) (excluding evidence of police officer's racist text messages that "could not have affected either of [the] elements" at issue and thus of "very low probative value").

Throughout this case, Defendants have tried to make this case about something other than their trademark infringement. They have tried to make it a defamation case. It is not. They have tried to make it a securities fraud case. It is not. They

---

[1] Defendants even admit that they are not offering their accusations for the truth (and claim that by doing so they can avoid mini-trials on these issues). But if Defendants do not even intend to prove the truth of their baseless accusations, any probative value is even lower.

1  have tried to make it a referendum on the First Amendment.  It is not.  In response,
2  the Court has repeatedly rejected Defendants' contortions and focused on their
3  heavily commercial activity designed to confuse consumers.  We ask the Court to
4  again reaffirm its prior rulings and exclude Defendants' Inflammatory Material.

5  For the foregoing reasons, Yuga Labs respectfully requests that the Court grant
6  Yuga Labs' MIL 1.

7  **II.   DEFENDANTS' POSITION**

8  Yuga seeks to exclude what it calls "Inflammatory Material," which it defines
9  as any "evidence that Plaintiff Yuga Labs, Inc. … is connected with, endorses, or
10  spreads hidden messages about white supremacy, neo-Nazism, securities
11  investigations, other lawsuits, or fraud" or any evidence that "Yuga Labs'
12  employees" are called "criminals" and "fraudsters," and have had "allegations of
13  harassment and threats…" Dkt 232 at 9.  Its motion fails for several reasons.

14  *First*, the evidence Yuga seeks to exclude is described in a "vague and
15  overbroad" way and, therefore, its motion should be denied in favor of addressing
16  specific objections case-by-case.  *McCoy v. Kazi*, No. CV0807244SJOCWX, 2010
17  WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010); *Deckers Outdoor Corp. v. Romeo
18  & Juliette, Inc.,* No. 215CV02812ODWPLA, 2017 WL 5634993, at *1 (C.D. Cal.
19  Oct. 6, 2017) (explaining that "motions in limine that exclude broad categories of
20  evidence are disfavored, and such issues are better dealt with during trial as the
21  admissibility of evidence arises.") (internal quotation marks and citations omitted).
22  Contrary to Yuga's assertions, the evidence it seeks to exclude is not unambiguous
23  or narrowly tailored and still purports to encompass 109 possible exhibits.[2]

24  *Second*, despite Yuga's arguments to the contrary, the evidence it seeks to

[2] Confirming the vagueness of the relief it seeks, in the filing accompanying this joint
statement, Yuga removed dozens of exhibits from its list of "Inflammatory Material"
from its initial motion, and then added 11 new exhibits for the first time with this
joint statement.  Defendants object to the inclusion of these new additional 11
exhibits as untimely: JTX-210; JTX-213; JTX-214; JTX-2214; JTX-2367; JTX-
2447; JTX-2454; JTX-2687-2690.

exclude is highly relevant to several outstanding key issues. Yuga claims as damages harm to its brand purportedly caused by consumer confusion resulting from the Defendants' use of Yuga's marks. Defendants have long argued that a large part of the damage to Yuga's brand came not from confusion, but from consumers learning that the BAYC NFT collection includes racist and other hateful tropes, and learning that Yuga misled consumers about what they get when they buy a BAYC NFT. There is nothing "new" about this argument as Yuga suggests; Defendants deposed Yuga's damages and brand experts at length about it. Evidence of Defendants' critiques of Yuga proves both Defendants' intent in creating the RR/BAYC Project, and shows other likely causes for the harm for which Yuga seeks damages. The issues of intent and other causes for harm are open questions in the case. *See, e.g.*, *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020); *San Miguel Pure Foods v. Ramar Int'l Corp.*, 625 F. App'x 322, 325 (9th Cir. 2015) (nonprecedential); *Talent Mobile Development Group, Inc. v. Headios Group*, 382 F. Supp. 3d 953, 959 (C.D. Cal. 2019); *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989); *Lindy Pen Co., v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993). (Despite Yuga's new assertion that disgorgement is for the Court alone, Yuga itself submitted jury instructions for disgorgement and included disgorgement in its experts' offer of proof.)

  ***Third***, contrary to Yuga's suggestion, the Court has not previously decided Defendants' mental state for purposes of damages, willfulness, or false advertising. Under the "law of the case" doctrine, factual decisions made by the Court in pretrial rulings, such as motions for summary judgment, are not binding on other issues— including here on the matter of intent as applied to damages, false advertising, and willful infringement/exceptional case. *See* *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986); *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014). Yuga has pointed to no precedent that limits the rule announced in *Shouse,* that "the law of the

case doctrine does not apply to pretrial rulings such as motions for summary judgment," *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986), in the manner that they propose. And contrary to Yuga's contention, Defendants' intent is relevant to false advertising—Yuga has no consumer survey showing consumer deception, and thus can only prove consumer deception by proving that Defendants' intentionally misled consumers. *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995).

**Finally**, Yuga's prejudice argument under Rule 403 falls well short. Rule 403 provides for the exclusion of relevant evidence only "if its probative value is **substantially** outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Here, any prejudicial impact to Yuga is well outweighed by the importance of evidence of both alternative explanations for the harm Yuga claims to have suffered, as well as to Defendants' intent in launching the RR/BAYC Project that was found to infringe. *See e.g., Bassett v. City of Burbank*, No. 2:14-CV-01348-SVW-CW, 2014 WL 12573395, at *4-5 (C.D. Cal. Nov. 14, 2014) (denying a motion to exclude evidence of defendants "racially inflammatory statements" because "the remarks are central to Plaintiff's theory of the case…"). Despite Yuga's assertions, the fact Defendants do not plan to argue the truth of whether Yuga's content is or is not racist or fraudulent (though Defendants themselves genuinely believe them) does not diminish its probative value. Accusations of racism and fraud associated with Yuga's BAYC brand (by Defendants and others) can cause harm irrespective of their truth.

Ultimately, Yuga seeks to present the false narrative that Defendants' infringement was solely motivated by financial gain, and solely responsible for Yuga's losses. Defendants must be allowed to rebut that with contrary evidence both as to their intent, and as to the impact of the content of Yuga's own product.

1    Dated:  June 6, 2023           FENWICK & WEST LLP

2

3                                   By:  */s/ Eric Ball*
                                       Eric Ball

4                                   Attorneys for Plaintiff
                                   YUGA LABS, INC.

5

6    Dated:  June 6, 2023           WILMER CUTLER PICKERING HALE
                                   AND DORR LLP

7

8                                     By:  */s/ Louis W. Tompros*

9                                   Louis W. Tompros
                                   Attorneys for Defendants

10                                 RYDER RIPPS and JEREMY CAHEN

11

12          **ATTESTATION OF CONCURRENCE IN FILING**

13        Pursuant to the United States District Court for the Central District of

14   California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing

15   of this document has been obtained from Louis W. Tompros.

16

17                              */s/ Eric Ball*
                                 Eric Ball

18

19

20

21

22

23

24

25

26

27

28