| | |
|---|---|
| ERIC BALL (CSB No. 241327)<br>eball@fenwick.com<br>KIMBERLY CULP (CSB No. 238839)<br>kculp@fenwick.com<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: 650.988.8500<br>Facsimile: 650.938.5200<br><br>ANTHONY M. FARES (CSB No. 318065)<br>afares@fenwick.com<br>ETHAN M. THOMAS (CSB No. 338062)<br>ethomas@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: 415.875.2300<br><br>*Additional Counsel listed on next page*<br><br>Attorneys for Plaintiff<br>YUGA LABS, INC. | Louis W. Tompros (*pro hac vice*)<br>louis.tompros@wilmerhale.com<br>Monica Grewal (*pro hac vice*)<br>monica.grewal@wilmerhale.com<br>Scott W. Bertulli (*pro hac vice*)<br>scott.bertulli@wilmerhale.com<br>Tyler Carroll (*pro hac vice*)<br>tyler.carroll@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Fax: (617) 526-5000<br><br>Derek Gosma (SBN 274515)<br>derek.gosma@wilmerhale.com<br>Henry Nikogosyan (SBN 326277)<br>henry.nikogosyan@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>HALE AND DORR LLP**<br>350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5300<br>Fax: (213) 443-5400<br><br>Attorneys for Defendants<br>RYDER RIPPS and JEREMY CAHEN |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT RE ISSUES THAT HAVE BEEN RESOLVED OR THAT REQUIRE A RULING BY THE COURT RE YUGA LABS, INC.'S MOTION *IN LIMINE* NO. 2** |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit their joint statement as to those issues that will require a ruling by the Court relating to Yuga Labs' Motion *In Limine* No. 2 to Exclude Reference to Defendants' Purported Artistic Intent (Dkt. 236) ("MIL 2"). The parties were unable to resolve the issues set forth in MIL 2, and their respective positions on these issues are set forth below. A list of trial exhibits at issue is attached hereto as **Exhibit A**.

## I.    YUGA LABS' POSITION

Without re-stating the arguments set forth in Yuga Labs' MIL 2, which are expressly reserved, Yuga Labs further adds that its Motion should be granted for the following reasons.

### A.    Defendants' Intent Is Not Relevant To Any Issue That The Jury Will Decide.

The main thrust of Defendants' opposition is that Defendants' intent is directly relevant to damages, the "exceptional case" determination, and false advertising. This argument fails for several reasons:

***First***, evidence relating to Defendants' subjective artistic intent is not relevant to any of these issues because intent and artistic expression were already adjudicated on summary judgment. Defendants boldly suggest in their opposition that they are not bound by the Court's decisions. However, both cases Defendants cite in support of this assertion found that ***denials*** of motions for summary judgment were not binding because there were still factual disputes. See *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986); *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014). Here, the Court ***granted*** Yuga Labs' motion for summary judgment precisely because it found no legitimate factual disputes. Defendants offer no authority to suggest that a Court's findings on a grant of summary judgment are not binding on the parties for the remainder of the case.

***Second***, the only live issues for the jury are a calculation of damages and false advertising, neither of which turns on Defendants' subjective intent.

1. **Evidence Or Testimony Relating To Defendants' Intent Is Irrelevant To The Jury's Calculation Of Damages.**

Defendants argue under *Romag* that their intent is relevant to damages. *See Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). However, *Romag* merely holds that a Defendants' mental state is but one of many considerations for a ***court*** in determining whether an award of disgorgement damages is appropriate. Defendants cite no authority holding that mental state is necessary for a ***jury's*** calculation of a defendant's profits, especially where, as here, the court has already ruled on Defendants' mental state.

Yuga Labs acknowledges that intent may be relevant to the Court's determination of whether to disgorge Defendants' profits and whether this is an exceptional case. However, these are both equitable issues for the Court that are appropriate for resolution in post-trial briefing, and Yuga Labs does not intend to ask the jury to decide them at trial. In Yuga Labs' Memorandum of Contentions of Fact and Law (Dkt. 253), Yuga Labs expressly listed these issues under the section "Court Issues." Defendants' own cases acknowledge that these are issues for the Court, not the jury. *See*, *e.g.*, *Grasshopper House, LLC v. Clean & Sober Media, LLC*, No. 19-56008, 2021 WL 3702243, at *3 (9th Cir. Aug. 20, 2021) ("On remand, ***the district court*** should consider Defendants' mental state—whatever that may be—when determining what award of profits is appropriate.") (emphasis added).

2. **Evidence Or Testimony Relating To Defendants' Intent Is Irrelevant To The Jury's Award Of Statutory Damages.**

Defendants inappropriately rely on *Digby Adler Group LLC v. Image Rent a Car* to argue that an award of statutory damages for cybersquatting necessarily turns on Defendants' intent. 79 F. Supp. 3d 1095, 1108 (N.D. Cal. 2015). *Digby* only stands for the proposition that egregiousness or willfulness may be factors to consider in determining an appropriate award. Here, the Court's findings on summary judgment eliminate any need for the jury to re-examine evidence of Defendants'

intent because the Court concluded that Defendants acted with a bad faith intent to profit and found that the "sale of RR/BAYC NFTs is no more artistic than the sale of a counterfeit handbag." Dkt. 225 at 15, 16.

### 3.  Defendants' Intent Is Irrelevant To The Jury's Determination of False Advertising.

Subjective intent is not relevant to Yuga Labs' false advertising claims. *See POM Wonderful LLC v. Purely Juice, Inc.*, 362 F. App'x. 577, 579 (9th Cir. 2009) ("[I]ntent is not an element of a Lanham Act false advertising claim."). Contrary to Defendants' assertions, a defendant's intent is not necessary or relevant to prove that consumers were deceived where, as here, Defendant's advertisements were literally false. *See Nichia America Corp. v. Seoul Semiconductor Co.,* No. CV 07–8354 PA (CWx), 2008 WL 11342571, at *5 (C.D. Cal. Oct. 7, 2008) ("[C]onsumer deception is presumed when the statement in question is literally false.").

### B.  Testimony Regarding Defendants' Subjective Artistic Intent Is Not Helpful To The Jury.

Defendants agree that they cannot testify as to whether the RR/BAYC NFTs are "actually art," but insist that they can testify as to their ***belief*** that the NFTs were art. Here, whether or not Defendants believed their RR/BAYC NFTs to be art or criticism is not helpful to the jury's assessment of the issues that will be put forward at trial; Defendants' intent is not one of those issues.

### C.  Evidence Or Testimony Regarding Defendants' Subjective Artistic Intent Will Unfairly Prejudice Yuga Labs.

Defendants do not meaningfully dispute that presenting the jury with evidence regarding Defendants' purported artistic intent would be highly prejudicial to Yuga Labs. Instead, they simply state in a conclusory fashion that there is no unfair prejudice because the jury will follow the Court's instructions. Defendants should not minimize the fact that testimony or argument regarding their purported artistic intent would undermine the Court's instructions to the jury about what facts are

relevant and what facts have already been determined to be true.  In turn, this would impact the jury's ability to make reasoned decisions by improperly suggesting that there is something to determine about Defendants' state of mind when there is not.

For the foregoing reasons, Yuga Labs respectfully requests that the Court grant Yuga Labs' MIL 2.

## II. DEFENDANTS' POSITION

Preliminary, Yuga has pointed to no precedent that limits the rule announced in *Shouse*, that "the law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment," *Shouse v. Ljunggren*, 792 F.3d 902, 904 (9th Cir. 1986), in the manner that they propose.  Nothing in *Shouse* limits its holdings to denials vs. grants of summary judgment.  *Shouse* forecloses Yuga's argument that the Court's statements about intent in its summary judgment determination on infringement preclude any consideration of Defendants' intent for purposes of false advertising, damages, and willfulness.  Yuga would preclude Defendants from answering even the most basic questions about their intent, going so far as to asking for an order precluding Defendants from being asked even "Why did you create the RR/BAYC NFT collection?"  But Defendants' motivations, mental state, and intent—including their artistic intent—are directly relevant to false advertising, damages, willfulness, and exceptional case.  *See, e.g.*, *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020); *San Miguel Pure Foods v. Ramar Int'l Corp.*, 625 F. App'x 322, 325 (nonprecedential) (9th Cir. 2015); *Talent Mobile Development Group, Inc. v. Headios Group*, 382 F. Supp. 3d 953, 959 (C.D. Cal. 2019).

Contrary to Yuga's contention, Defendants' intent is relevant to false advertising—Yuga has no consumer survey showing consumer deception, and thus its only avenue to proving consumer deception is proving that Defendants' ***intentionally*** misled consumers.  *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995).

As to damages, post-*Romag* Ninth Circuit panels have cast the consideration of intent as a **mandatory** factor when determining whether a trademark defendant is entitled to disgorgement of profits (which Yuga seeks here). See *Grasshopper House, LLC v. Clean & Sober Media, LLC*, 2021 WL 3702243 at *3 (9th Cir. 2021). And despite Yuga's new assertion that disgorgement is for the Court alone, Yuga itself submitted jury instructions for disgorgement and included disgorgement in its experts' offer of proof. Defendants' mental state is an important factor in assessing disgorgement damages, and statutory damages for cybersquatting. Each of these issues directly relate to Defendants subjective intent, including questions like "Why did you create the RR/BAYC NFT collection?"—as well as whether the Defendants believed they were creating art, and whether they subjectively believed that the purpose of the project was understandable. Yuga itself seems to understand as much, conceding that for cybersquatting damages, "that egregiousness or willfulness" are relevant factors. See supra. at 2; *Digby Adler Grp. v. Image Rent a Car, Inc.* 79 F. Supp. 3d 1095, 1108 (N.D. Cal. 2015) (considering Defendants' motivations and whether they were pernicious). Yuga also acknowledges that mental state evidence is important to the damages that they seek. *See id.* In short, having sought damages that are inextricably intertwined with issues of intent, Yuga cannot now preclude Defendants from introducing evidence of their intent.

Yuga itself elected not to seek a determination on damages at summary judgment, and rightly so—because there remain significant factual disputes concerning damages. See Dkt. 149 at *3 n.2. Yuga did, however, ask the Court to make an "exceptional case" determination at summary judgment (which involves questions of willful infringement), and the Court rejected Yuga's request, precisely because of the disputed damages questions to be resolved at trial. Dkt. 255 at *13. As a result, exceptional case—with underlying facts concerning willful infringement—is still a live issue in the case.

Ultimately, Yuga seeks to present the false narrative that Defendants'

infringement was solely motivated by financial gain. But Yuga cannot carry its burden to exclude every mention of Defendants' artistic intent, given its decision to preserve false advertising and damages for trial.

Dated: June 6, 2023                     FENWICK & WEST LLP

                                        By: */s/ Eric Ball*
                                        Eric Ball
                                        Attorneys for Plaintiff
                                        YUGA LABS, INC.

Dated: June 6, 2023                     WILMER CUTLER PICKERING HALE
                                        AND DORR LLP

                                        By: */s/ Louis W. Tompros*
                                        Louis W. Tompros
                                        Attorneys for Defendants
                                        RYDER RIPPS and JEREMY CAHEN

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.

                                         */s/ Eric Ball*
                                        Eric Ball