ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT RE ISSUES THAT HAVE BEEN RESOLVED OR THAT REQUIRE A RULING BY THE COURT RE YUGA LABS, INC.'S MOTION *IN LIMINE* NO. 3** |

| | |
|---|---|
| 1 | MELISSA L. LAWTON (CSB No. 225452) |
| | mlawton@fenwick.com |
| 2 | FENWICK & WEST LLP |
| | 228 Santa Monica Boulevard |
| 3 | Santa Monica, CA  90401 |
| | Telephone:   310.434.4300 |
| 4 | |
| 5 | DAVID Y. SILLERS (*admitted pro hac vice*) |
| | david@clarelocke.com |
| 6 | KATHRYN HUMPHREY (*admitted pro hac vice*) |
| | kathryn@clarelocke.com |
| 7 | MEGAN L. MEIER (*admitted pro hac vice*) |
| | megan@clarelocke.com |
| 8 | CLARE LOCKE LLP |
| | 10 Prince Street |
| 9 | Alexandria, VA  22314 |
| | Telephone:   202.628.7400 |
| 10 | |
| 11 | Attorneys for Plaintiff |
| | YUGA LABS, INC. |

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit their joint statement as to those issues that will require a ruling by the Court relating to Yuga Labs' Motion *In Limine* No. 3 to Exclude Evidence of Alleged Third-Party use of Marks (Dkt. 239) ("MIL 3"). The parties were unable to resolve the issues set forth in MIL 3, and their respective positions on these issues are set forth below. A list of trial exhibits at issue is attached hereto as **Exhibit A**.

A. **Yuga Labs' Position**

Without re-stating the arguments set forth in Yuga Labs' MIL 3, which are expressly reserved, Yuga Labs further adds that the motion should be granted for the following reasons.

***Third-party use of the BAYC Marks is not relevant.*** Defendants admit that they plan to re-litigate the issues the Court already decided on Yuga Labs' motion for summary adjudication by, among other things, seeking to argue that Yuga Labs' failure to police third-party use of the BAYC Marks harmed or diminished these marks.[1] MIL 3 at 16, 18-19. The Court rejected this argument in its Order on Yuga Labs' Motion for Summary Judgment (Dkt. 225) ("Order"), holding that "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Order at 10. This finding alone is sufficient to exclude this argument and evidence as irrelevant. Fed. R. Evid. 401, 402; *Mag Instrument, Inc. v. Dollar Tree Stores Inc.*, No. CV 03-6215 RSWL (SHx), 2005 WL 5957825, at *2 (C.D. Cal. Apr. 14, 2005). Defendants broadly assert that "third-party use is admissible at trial," yet the cases they cite in support

---

[1] Defendants' responses to Yuga Labs' objections to their exhibits make clear that they included third-party marks because they intend to re-litigate issues that have already been admitted or decided. For example, even though the Court has found that Yuga Labs owns the BAYC Marks and that Defendants were intentional infringers, Defendants attempt to justify exhibits purporting to show third-party use of BAYC Marks because they are "relevant to demonstrate that Yuga has surrendered its IP to the world" or because "it goes to Yuga's wrongful intent for filing suit." *See, e.g.*, Dkt. 261 JTX-2280, JTX-2282, JTX-2284, JTX-2289.

are inapposite. MIL 3 at 15 (citing *Moose Creek*, *Novadaq Techs., Inc.*, and *Positive Ions, Inc.*). All three cases found that evidence of third-party use of marks was admissible to refute the strength of a mark, *not* that such use diminished the harm caused by infringement. *Id.* The strength of the BAYC Marks is not in dispute here because the Court already held that "the BAYC Marks are both conceptually and commercially strong." Order at 11.

***Defendants cannot show actual use in commerce or harm.*** The exhibits Defendants plan to introduce at trial only purport to show third-party use of marks that Defendants claim are similar to BAYC marks. MIL 3 at 17. However, there are no exhibits or testimony showing that any of these third parties *actually used* the marks in commerce, as required by Courts in this district. See *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016); *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *30 (C.D. Cal. Oct. 7, 2004). Defendants also do not have evidence or an expert witness who can testify that the alleged third-party uses harmed Yuga Labs' goodwill. To the contrary, Professor Berger testified that he saw no evidence that his assessment of harm to Yuga Labs' goodwill, *caused by Defendants,* was inaccurate, and that Defendants would need their own expert to make their claims. Instead, Defendants assert that "Defendants themselves and multiple third parties" can testify about their exhibits. MIL 3 at 18. But any attempt to testify to actual use or harm by lay witnesses would be rank speculation. Fed. R. Evid. 602. Without evidence of actual use or harm, evidence of third-party use is irrelevant. Fed. R. Evid. 402.

***Defendants' evidence lacks foundation and authentication.*** Defendants claim they can establish foundation for third-party uses of marks. MIL 3 at 19. But they do not claim that they have knowledge to establish foundation for the alleged third-party use, such as (a) when the use began, (b) whether the word is actually used as a mark, (c) whether the third-party sells products in the U.S., and (d) how widespread use of the mark is. See *Icon*, 2004 WL 5644805, at *29. Nor have they

subpoenaed or deposed any of the third parties who would have such knowledge. Defendants also claim testimony from two of Yuga Labs' former employees establishes foundation for a few examples of third-party uses. MIL 3 at 20. But in both deposition excerpts, the former employees disclaim awareness of the alleged third-party uses, making this testimony insufficient to establish foundation. And Defendants fail to identify "someone with knowledge of the accuracy of the contents of the internet print-outs" to authenticate them. *See Internet Specialties W., Inc. v. ISPWest*, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

***Defendants' evidence is inadmissible hearsay.*** In their opposition and during the parties' meet and confer, Defendants claimed that the exhibits at issue will only be used to show that "certain text and images—including the asserted BAYC marks—appeared on specific websites or marketing materials." MIL 3 at 21. This contradicts their earlier assertions that these exhibits will be used to show that third parties are using the BAYC marks and the amount of sales related to those third-party uses, which thereby allegedly causes harm to Yuga Labs. *Id.* at 16, 18-19. If the former is true, they cannot show harm or actual use, and thus the exhibits are irrelevant. *See supra* at 2. If the latter is true, they offer the exhibits for the truth of the matter asserted—i.e., that the exhibits demonstrate that actual marketing and sales were occurring—which is hearsay. Fed. R. Evid. 801. Either way, they must be excluded.

***Defendants' evidence is unfairly prejudicial to Yuga Labs.*** Defendants do not deny that admission of the evidence at issue would result in wasteful mini-trials, but they claim that the evidence is nonetheless relevant. MIL 3 at 22-23. Even if such evidence were slightly relevant (it is not), it would not justify the prejudice to Yuga Labs and the Court by stealing away time from a three-day trial. Introducing any such slightly relevant evidence could confuse the issues and lead the jury to assume, contrary to the Court's rulings, that Yuga Labs does not own the BAYC Marks, or to speculate as to the consumer impression of these claimed third-party

1 marks. *See* Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135 (9th. Cir. 1998). Such evidence would also require a response from Yuga Labs explaining its enforcement activities against third parties not in this case.

For the foregoing reasons, Yuga Labs respectfully requests that the Court grant Yuga Labs' MIL 3.

### B. Defendants' Position

Yuga seeks to exclude evidence of third-party use of the marks at issue in this case by arguing that evidence of third-party use is categorically irrelevant, hearsay, lacking foundation, inauthentic, and prejudicial. None of Yuga's arguments justify the wholesale exclusion of all evidence of third-party use.

***First***, Yuga's relevance argument hinges entirely on the fact that this Court has concluded that its marks are valid and enforceable. *See* Yuga Mot. at *13. But Yuga ignores that third-party use is also relevant to damages. Yuga seeks to attribute ***all*** the market harm it claims to have suffered to Defendants. But the Court's summary judgment order addressed only the merits of a trademark abandonment defense, not the broader question of whether third-party use is relevant to alternative sources of Yuga's alleged harm. Defendants seek to introduce evidence of third-party use to show the extent of Yuga's alleged harm that is unrelated to the Defendants' activities. It is well-accepted that this kind of third-party use is admissible at trial to show the diminished value of a mark. *See*, *e.g.*, *Positive Ions, Inc. v. Ion Media Networks, Inc.*, No. 06-cv-04296-ABC-FFM, 2007 WL 9701734, at *10 (C.D. Cal. Nov. 7, 2007) ("[E]vidence of third-party uses of the mark 'ion' in internet domain names consisting of the formula 'www.ion[].[]" is relevant and admissible."); *see also Moose Creek*, 331 F. Supp. 2d at 1224.

***Second***, Yuga mischaracterizes Defendants' third-party use evidence by suggesting that none of the exhibits show actual use of the marks in commerce. That is facially untrue: several of the screenshots, images, physical objects display actual use of the pertinent marks on or in association with products. Yuga also relies on the

*BuzzBallz* case for the assertion that screenshots of websites, alone, cannot show commercial use. Yuga misreads the case. In *BuzzBallz*, the court held screenshots of ***a homepage alone*** were insufficient to show actual use. *BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc.*, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016). This Court has held that screenshots of websites ***displaying third party use of marks in products*** for sale online is sufficient to show actual use. *Monster Energy Co. v. Integrated Supply Network*, LLC, 2018 WL 6136780, at *2 (C.D. Cal. Aug. 23, 2018) ("In contrast, here, some of Defendant's exhibits (e.g., Trial Exhibits 48, 59, 66, 2048-55, 2062-64, 2066-74, 2092, and 2118-19) appear to be screenshots of websites showing third party use of the term "monster" or "beast" in products for sale online, and therefore demonstrate actual use of the term "monster" or "beast" in commerce."). Like the screenshots in *Monster Energy*, Defendants' screenshots demonstrate actual use and are admissible for that purpose.

***Third***, Defendants will lay proper foundation for this evidence through Defendants' testimony and through testimony from Yuga's own employees (many of whom testified about third-party use at their depositions). Under Rule 602, ***any*** witness with personal knowledge can lay foundation for evidence. *See* Fed. R. Evid. 602. As market participants, Defendants have personal knowledge concerning pertinent third-party commercial activity they personally experienced. Additionally, Yuga's employees are familiar with the marks, Yuga's authorization of third-party use, and public market activity relating to the marks. Yuga is wrong to claim that ***factual*** evidence of third party use somehow requires expert testimony or testimony from the vendor. Yuga also overreaches by suggesting that ***all*** evidence of third-party use, regardless of its form, lacks authenticity. Defendants seek to introduce screenshots of websites, images of third-party products, documents created by the parties, physical objects, and live testimony. Yuga's suggestion that none of it can be authentic is speculation at best, if not outright frivolous.

***Fourth***, Yuga's hearsay argument wrongly suggests that all screenshots and

website printouts should be excluded as hearsay, regardless of the purpose for which they are offered. This contradicts several previous decisions in this jurisdiction. Screenshots and website printouts are routinely found not to be hearsay when used to show that images and text can be found on the website. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002) ("To the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all—and thus fall outside the ambit of the hearsay rule."); *Mckee v. Audible*, 17-cv-01941-GW, 2017 WL 7388530, at *4 (C.D. Cal. Oct. 26, 2017) ("Plaintiffs' hearsay objections lack merit because the screenshots are not hearsay."). The mere presence of unauthorized third-party use of the marks on vendor websites provides probative value concerning alternative harm to Yuga's marks.

***Finally***, Yuga has failed to explain how evidence of third-party use would cause them unfair prejudice under Federal Rule of Evidence 403. "Unfair" prejudice signifies that the evidence has an "undue tendency to suggest a jury decision based on an improper basis, usually an emotional one." *S10 Ent. & Media LLC v. Samsung Elecs. Co.*, 2023 WL 2090703, at *2 (C.D. Cal. Feb. 14, 2023). Here, evidence of third-party use is squarely relevant to quantifying damages and does not urge a jury decision on an improper basis. Furthermore, this evidence would not waste the court's time, or result in a "mini-trial" of unrelated issues, as determining damages is one of the central aims of this trial. Defendants should be allowed to offer evidence which contextualizes Yuga's excessive damages allegations.

Dated: June 6, 2023                         FENWICK & WEST LLP


By: /s/ Eric Ball
    Eric Ball
    Attorneys for Plaintiff
    YUGA LABS, INC.

| | |
|---|---|
| Dated: June 6, 2023 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By: */s/ Louis W. Tompros* |
| | Louis W. Tompros |
| | Attorneys for Defendants |
| | RYDER RIPPS and JEREMY CAHEN |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.

*/s/ Eric Ball*
Eric Ball