## <u>Plaintiff's Designations</u>

### Plaintiff's Designations – Wylie Aronow

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 6:5–7:5 | 6:5–25 Witness not shown to be unavailable<br><br>5:14–18 nonresponsive, FRE 403 | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Defendants' further objection to these sections as non-responsive, unfairly prejudicial, waste of time, confusing, and misleading because the witness' answers are unrelated to the questions asked and do not in any way answer the questions asked. |
| 15:19–15:22 | Witness not shown to be unavailable | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose. |
| 84:6–84:11 | Witness not shown to be unavailable | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose. |
| 234:7–234:9 | Witness not shown to be unavailable; Foundation, Hearsay, Irrelevant, Speculation | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness does not have first-hand knowledge and did not articulate any reliable basis to support his answer, meaning that the witness lacked foundation, was relying on hearsay, was speculating, and/or making a general remark that is so unsubstantial that the answer becomes irrelevant to any issue in the case. |
| 234:15–234:18 | Witness not shown to be unavailable; | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | Foundation, Hearsay, Irrelevant, Speculation | appearance at trial and, thus, should not be used for that purpose. Witness does not have first-hand knowledge and did not articulate any reliable basis to support his answer, meaning that the witness lacked foundation, was relying on hearsay, was speculating, and/or making a general remark that is so unsubstantial that the answer becomes irrelevant to any issue in the case |
| 238:11–238:13 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose. Witnesses' answer is speculation and vague/ambiguous statement on Yuga's promotion activities and Yuga's collaborations with third parties. Witness fails to give any specific concrete answers, expressly states that he doesn't remember, and appears to be articulating lawyer arguments that had been explained to the witnesses prior to the deposition. |
| 238:15–239:15 | 238:15-25 Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy  239:1-15 Witness not shown to be | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose. Witnesses' answer is speculation and vague/ambiguous statement on Yuga's promotion activities and Yuga's collaborations with third parties. Witness fails to give any specific concrete answers, expressly states that he doesn't remember, and appears to be articulating lawyer arguments that had been explained to the witnesses prior to the deposition. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | unavailable; Speculation, Vague or ambiguous | |
| 240:22–241:20 | 240:22-25 Witness not shown to be unavailable; Speculation, Vague or Ambiguous<br><br>241:1-20 Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 241:23–241:24 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 246:17–246:18 | Witness not shown to be unavailable; | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 246:21–246:25 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 262:11–262:17 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 262:19–263:12 | Witness not shown to be unavailable; | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 263:15–264:15 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |
| 265:4–265:10 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy, Foundation, Legal Conclusion | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements, vague and ambiguous comments that are too generalized to have any meaningful value as evidence, and articulates lawyer arguments provided to the witnesses prior to the deposition. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | Witness' answer also suggest lack of foundation in support of the answer provided and instead articulates improper legal conclusions. |
| 265:13–265:17 | Witness not shown to be unavailable; Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy, Foundation, Legal Conclusion | Defendants' object to this designation as it does not demonstrate that the witness is unavailable for appearance at trial and, thus, should not be used for that purpose.<br><br>Witness' answer also fails to give any concrete information in response to the question and instead makes speculative statements and articulates lawyer arguments provided to the witnesses prior to the deposition.  The answer is also vague and ambiguous. |

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *5:17–5:22* | No objection. | |
| *12:24–12:25* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This designation is misleading and incomplete.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *13:2–13:3* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This designation is misleading and incomplete. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| *13:22–13:24* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *14:8–14:12* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *16:23–17:3* | FRE 401-404; AEO | Mr. Aronow's ownership interest in Yuga Labs is not relevant to any issue in dispute and the jury's knowledge of that fact could prejudice them against Mr. Aronow.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *20:7–20:22* | FRE 401-403 (subject to purpose for use) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent this testimony is offered for that purpose, Yuga Labs objects. |
| *26:19–27:9* | 26:19–25 FRE 401-404  27:1–9 FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *27:23–27:25* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *30:2–30:8* | FRE 401-403; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *36:8–36:15* | FRE 401-403; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *36:22–37:3* | 36:22-25 FRE 401-404; 602  37:1-3 FRE 106; 401-404; 602; 611(a) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The question as phrased is also misleading, harassing or would cause undue embarrassment. |
| *37:21–38:7* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *39:11–39:12* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *39:15–39:16* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *40:23–41:2* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *41:10–41:11* | No objection | |
| *41:13–41:16* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *42:22* | FRE 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  The question is misleading.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *42:25–43:1* | FRE 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *43:10–43:11* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *43:13* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *46:24–47:3* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *52:7–52:16* | FRE 401-403; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *52:20–52:22* | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *54:2–54:6* | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *54:18–54:25* | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *55:10–55:17* | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *58:25–59:9* | FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *59:15–60:6* | 59:15-25 FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 60:1-6 FRE 401-404; 611(a); 801-802; Conf. | prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:14–62:17 | FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:20–62:21 | FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 66:10–66:11 | No objection | |
| 66:14–66:15 | No objection | |
| 66:17–66:18 | No objection | |
| 66:21–66:22 | No objection | |
| 66:24–66:25 | No objection | |
| 67:3–67:4 | No objection | |
| 67:6–67:7 | No objection | |
| 67:10–67:11 | No objection | |
| 67:19–67:20 | No objection | |
| 67:23–67:24 | No objection | |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *68:1–68:2* | No objection | |
| *68:5–68:6* | No objection | |
| *68:8–68:9* | No objection | |
| *68:23–69:2* | No objection | |
| *68:15–68:20* | No objection | |
| *69:16–70:13* | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *71:14–74:15* | 71:14-25 FRE 401-403; AEO  72:1-74:15 FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *75:13–75:24* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *76:8–76:20* | No objection | |
| *77:8–77:13* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *77:16–78:5* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *79:4–79:10* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *79:25–80:1* | No objection | |
| *80:3–80:3* | No objection | |
| *82:10–82:12* | No objection | |
| *82:15–82:16* | No objection | |
| *82:18–82:18* | No objection | |
| *85:4* | No objection | |
| *85:6–85:7* | No objection | |
| *85:9* | No objection | |
| *85:11–85:12* | No objection | |
| *85:21–85:22* | No objection | |
| *85:25* | No objection | |
| *86:2* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *86:5–86:6* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *86:8–86:21* | No objection | |
| *88:13–88:17* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *90:13–90:21* | No objection | |
| *91:4–91:5* | FRE 401-403; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *91:8–91:12* | FRE 103(c); 106; 401-403; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *91:15–91:16* | FRE 103(c); 106; 401-403; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *91:24–91:25* | FRE 106; 401-403; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *92:3–92:4* | FRE 106; 401-403; 602; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *96:7–96:24* | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| *97:20–97:23* | FRE 401-403; AEO | The direction that any Yuga Labs employee gave to a designer is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *98:2–98:10* | FRE 401-403; AEO | The direction that any Yuga Labs employee gave to a designer is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *98:20–99:16* | No objection | |
| *100:1–100:21* | No objection | |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *103:11–103:19* | No objection | |
| *104:9–104:23* | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| *104:25–105:9* | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| *106:11–107:8* | 107:6-8 FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *107:21–107:25* | FRE 401-403; 611(a) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is also intended to harass or unduly embarrass the witness. |
| *108:2–108:3* | FRE 401-403; 602; 611(a); AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is also intended to harass or unduly embarrass the witness on a topic about which the witness has no personal knowledge.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *108:5* | FRE 401-403; 602; 611(a); AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is also intended to harass or unduly embarrass the witness on a topic about which the witness has no personal |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *108:8–108:23* | No objection | |
| *108:25–109:10* | 109:2-10 FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *109:23–110:8* | 109:23-25 FRE 401-404  110:1-8 FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *110:11–110:18* | FRE 401-404; 611(a); 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is intended to harass or unduly embarrass the witness.  The question also purports to testify about an inadmissible statement made by a third party.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *110:21–111:5* | FRE 401-403; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  The question seeks testimony about an inadmissible statement made by a third party.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:8–111:9 | FRE 401-403; 602; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question seeks testimony about an inadmissible statement made by a third party and about which counsel is testifying.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:11–111:12 | FRE 401-403; 611(a); AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:16–111:22 | FRE 106; 401-403; 611(a); 801-802; Conf.; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is intended to harass or unduly embarrass the witness.  The question also purports to testify about an inadmissible statement made by a third party.  Yuga Labs has also designated this testimony as either Confidential and Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *111:24– 111:25* | FRE 401-403; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.   The question seeks testimony about an inadmissible statement made by a third party. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *112:1–112:3* | FRE 401-403; 602; 611(a); Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.   The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *112:7–112:8* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *112:10– 112:11* | FRE 401-403; 602; 611(a); Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *112:14–112:15* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *112:17–112:18* | FRE 401-403; 602; 611(a); Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *112:21–113:8* | 112:21-25 FRE 401-403; 602; Conf.  113:1-8 FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *113:15–113:24* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *114:12–114:19* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *115:17–115:22* | No objection | |
| *116:5–116:7* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *116:10–116:21* | 116:10-17 FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:23 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *118:8-14* | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *119:7–120:4* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *120:14–121:1* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | are not relevant to this case and are unduly prejudicial. |
| *121:4–122:1* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *122:5–122:15* | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *122:19–122:22* | FRE 401-404; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The questioner also purports to recite inadmissible hearsay by a third party.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *123:22–124:10* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *124:14–124:15* | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| *126:25–127:4* | FRE 401-403; 602; AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *127:8–127:9* | FRE 401-403; 602; AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *127:11–127:12* | FRE 401-403; 602; AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *127:16–127:17* | FRE 401-403; 602; AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *128:11–128:13* | FRE 401-403; 602; AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *129:19–129:20* | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *129:23–129:24* | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *130:1–130:2* | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *130:5–130:6* | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *130:8–130:12* | FRE 401-403; 602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness also testifies to their lack of knowledge on the topic. |
| *130:16* | FRE 401-403; 602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness also testifies to their lack of knowledge on the topic. |
| *132:25–133:1* | FRE 401-403; Conf. | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *133:4–133:6* | FRE 401-403; Conf. | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  Yuga Labs has also |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *133:22– 133:23* | FRE 401-403; 602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness also testifies to their lack of knowledge on the topic. |
| *134:1–134:4* | FRE 401-403; 602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness also testifies to their lack of knowledge on the topic. |
| *137:19– 137:20* | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| *137:23– 138:1* | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| *142:1–142:3* | FRE 602; 701-702; AEO | The witness also testifies to their lack of knowledge on the topic that seeks an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *142:7– 142:10* | FRE 602; 701-702; AEO | The witness testifies to their lack of knowledge on the topic that seeks an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *142:13* | FRE 602; 701-702; AEO | The witness testifies to their lack of knowledge on the topic that seeks an expert opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *145:7–145:8* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *145:10–145:10* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *145:12–145:16* | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| *146:6–146:8* | FRE 401-403; 602; 701-702; Conf. | Yuga Labs' smart contract is not relevant to the issues in dispute. The witness testifies to their lack of knowledge on the topic that seeks an expert opinion. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *146:11–146:12* | FRE 401-403; 602; 701-702; Conf. | Yuga Labs' smart contract is not relevant to the issues in dispute. The witness testifies to their lack of knowledge on the topic that seeks an expert opinion. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *148:1–148:3* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *148:5–148:6* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  This topic is also relevant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *153:21–153:23* | FRE 401-404; 611(a); Conf. | The witness's Twitter statements are not relevant to any issue in dispute and are likely to mislead the jury.  The subject matter is intended to harass or unduly embarrass the witness.   Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *153:25–154:1* | 153:25 FRE 401-404; 611(a); Conf. | The witness's Twitter statements are not relevant to any issue in dispute and are likely to mislead the jury.  The subject matter is intended to harass or unduly embarrass the witness.   Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | to its designation for the purpose of circumventing that protection. |
| 154:3–154:15 | FRE 401-404; Conf. | The witness's Twitter statements are not relevant to any issue in dispute and are likely to mislead the jury. The subject matter is intended to harass or unduly embarrass the witness. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:7–162:9 | No objection | |
| 163:4–163:22 | FRE 602; 801-802 | The witness testifies to their lack of knowledge on the topic. The questioner quotes a hearsay statement for which there is no exception. |
| 164:16–164:25 | FRE 602; 801-802 | The witness testifies to their lack of knowledge on the topic. The questioner quotes a hearsay statement for which there is no exception. |
| 165:3–165:4 | FRE 602; 801-802 | The witness testifies to their lack of knowledge on the topic. The questioner quotes a hearsay statement for which there is no exception. |
| 169:3–169:5 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. |
| 169:7 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. |
| 169:12–169:14 | FRE 106; 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is also misleading. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 169:17–170:3 | 169:17-25 FRE 103(c); 106; 401-403; 602; 801-802<br><br>170:1-3 FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| 170:6–170:10 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| 170:13 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| 171:9–171:21 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| 171:24–171:25 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| 174:15–174:17 | 174:17 FRE 103(c); 106; 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness. |
| *174:20–174:21* | FRE 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay. |
| *175:6–175:8* | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| *175:16–175:20* | FRE 103(c); 106; 401-403; 602; 611(a); 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is also misleading, testimony by counsel, and intended to harass or embarrass the witness.  The question also recites inadmissible hearsay. |
| *176:5–176:17* | FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is also testimony by counsel.  The question also recites inadmissible hearsay. |
| *177:3–177:4* | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | their lack of knowledge on the topic.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *177:6–177:17* | FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *177:20–177:22* | FRE 103(c); 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *180:23–181:10* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. |
| *181:14–182:5* | 181:14-25 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; 801-802; AEO<br><br>182:1-5<br>FRE 401-403; 602; AEO | mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *182:8–182:24* | FRE 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay. |
| *183:4–183:6* | FRE 401-403; 602; 701-702 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion. |
| *183:19–183:21* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *183:25–184:3* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *184:12– 185:11* | 184:12-25 FRE 103(c); 106; 401-403; 602; 801-802; AEO<br><br>185:1-11 FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *185:13– 185:14* | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading and testimony by counsel. The question also recites inadmissible hearsay. |
| *185:23– 185:25* | FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading and testimony by counsel. The question also recites inadmissible hearsay. |
| *186:4–186:5* | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 186:8– 186:12 | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 187:5– 187:14 | FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 187:17– 188:4 | FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 188:7– 188:25 | FRE 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *189:20– 190:7* | 189:20-25 FRE 103(c); 106; 401-403; 602; 701-702; 801-802<br><br>190:1-7 FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *190:10– 190:14* | FRE 103(c); 106; 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *190:17– 190:20* | FRE 103(c); 106; 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *190:23– 191:3* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *191:10– 192:2* | 191:10-25 FRE 103(c); 106; 401-403; 602; 801-802<br><br>192:1-2 FRE 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *192:4* | FRE 103(c); 106; 401-403; 602; 701-702; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion. |
| *192:7– 192:16* | FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | question is testimony by counsel.  The question also recites inadmissible hearsay. |
| 192:18–192:19 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 192:22 | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 192:24–193:1 | 192:24-25 FRE 401-403; 602; AEO  193:1 FRE 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 193:9–193:25 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | question is misleading testimony by counsel. The question also recites inadmissible hearsay. |
| 195:4– 195:18 | FRE 103(c); 106; 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is misleading testimony by counsel. The question also recites inadmissible hearsay. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 195:21– 196:3 | 195:21-25 FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO<br><br>196:1-3 FRE 103(c); 106; 401-403; 602; 701-702; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is misleading testimony by counsel. The question also recites inadmissible hearsay. The question seeks an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 197:12– 197:13 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is misleading testimony by counsel. The question seeks an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *197:16* | FRE 103(c); 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *198:3–199:6* | 198:3-25 FRE 103(c); 106; 401-403; 602; 801-802<br><br>199:1-6 FRE 103(c); 401-403; 602; 701-702 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question seeks an expert legal opinion. |
| *199:9– 199:10* | FRE 103(c); 401-403; 602; 701-702 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Counsel is testifying.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion. |
| *199:12* | FRE 103(c); 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Counsel is testifying.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion.   Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| *199:15– 200:5* | 199:15-25 FRE 401-403; 602; 801-802; AEO<br><br>200:1-5 FRE 103(c); 106; 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is testifying.   Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *200:17– 201:17* | 200:17-25 FRE 401-403; 602; 801-802; AEO<br><br>201:17-25 FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *201:22– 201:25* | FRE 103(c); 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *202:3–202:6* | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *202:17–202:21* | FRE 401-403 | The definition of a DAO is not relevant to the issues the jury will decide in this case. |
| *203:21–203:23* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *204:1* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *204:11–204:18* | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *204:23–205:2* | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| *205:4–205:5* | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| *205:10* | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| *207:11–207:13* | No objection | |
| *209:1–209:11* | FRE 103(c); 106; 401-403; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| *209:13–209:14* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 211:20–211:22 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 212:16–212:18 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 220:8–220:14 | FRE 401-403 (subject to purpose for use) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent this testimony is offered for that purpose, Yuga Labs objects. |
| 222:16–222:19 | FRE 401-403 | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury. |
| 226:5–226:8 | FRE 401-403; 602; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| *226:11* | FRE 401-403; 602; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider. The witness also testifies to their lack of knowledge on the topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *227:1–227:8* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. |
| *227:14–227:15* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *228:2–228:3* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *228:6* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. Yuga Labs has also designated this testimony as Attorneys' Eyes |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *228:19–228:22* | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. |
| *229:12–229:16* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *229:19* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *230:12–230:14* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *230:20–230:22* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *230:25* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *231:2– 231:21* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *232:5– 232:10* | FRE 103(c); 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel is also testifying.  The question calls for an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *232:14– 232:14* | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *232:23–232:25* | FRE 103(c); 401-403; 602; 701-702; AEO | Yuga Labs' copyrights are not relevant to any issue in dispute and therefore this is likely to confuse the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel is also testifying.  The question calls for an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *236:1–236:8* | FRE 401-403; AEO | Yuga Labs' copyrights are not relevant to any issue in dispute and therefore this is likely to confuse the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *237:5–237:10* | FRE 401-403; 602; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question also purports to testify about an inadmissible statement made by a third party.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *237:19–237:22* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *253:16– 253:19* | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *254:2–254:5* | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *254:18– 254:22* | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *265:19– 265:22* | FRE 404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *265:24–266:1* | FRE 404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| *266:7–266:8* | FRE 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *266:12–266:13* | FRE 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *266:15–266:21* | FRE 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *267:1–267:2* | FRE 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *273:2–273:4* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *273:8–273:8* | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

## Plaintiff's Designations – Jeremy Cahen

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 23:17–24:25 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 37:23–38:17 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | alleged false advertising) and is therefore irrelevant.  This testimony is also speculative as it is forcing the witnesses to guess an answer. |
| 39:18–40:3 | 39:18–25 Irrelevant, Speculation<br><br>40:1–3 Irrelevant, Speculation, Vague, Form | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also speculative as it is forcing the witnesses to guess an answer.  The question designated is also improperly compound and too vague to reasonably lead to a substantive answer. |
| 40:6–40:23 | Irrelevant, Speculation, Vague, Form | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also speculative as it is forcing the witnesses to guess an answer.  The question designated is also improperly compound and too vague to reasonably lead to a substantive answer. |
| 42:11–42:12 | Irrelevant, Speculation, Vague, Form | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also speculative as it is forcing the witnesses to guess an answer.  The question designated is also improperly compound and too vague to reasonably lead to a substantive answer. |
| 42:14–42:25 | Irrelevant, Speculation, Vague, Form | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also speculative as it is forcing the witnesses to guess an answer.  The question designated is also improperly compound and too vague to reasonably lead to a substantive answer. |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 51:16–52:14 | Irrelevant, Speculation, Vague | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also speculative as it is forcing the witnesses to guess an answer.  The question designated is also too vague to reasonably lead to a substantive answer. |
| 59:7–59:16 | No Objection | |
| 73:17–74:5 | Foundation | The witness did not have foundation to answer the question. |
| 80:14–81:16 | Foundation, Speculation | The witness did not have foundation necessary to answer the question and therefore was forced to speculate in response to the question. |
| 89:18–90:2 | No Objection | |
| 94:16–95:9 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 99:2–99:23 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 100:18–100:22 | No objection | |
| 106:23–107:3 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 121:19–121:22 | No objection | |
| 125:20–126:7 | No objection | |
| 127:12–128:4 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 130:11–131:5 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | alleged false advertising) and is therefore irrelevant. |
| 131:15–132:25 | Irrelevant, Speculation; Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation.<br><br>Plaintiff further improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 133:17–134:16 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation. |
| 134:17–134:18 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation. |
| 136:9–138:6 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation. |
| 140:18–140:21 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation. |
| 140:22–141:15 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 141:24– 143:23 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness' answer is also speculation.<br><br>Plaintiff further improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 145:17–146:2 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 148:10– 148:13 | No objection. | |
| 157:16– 157:23 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 158:8–158:13 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 159:18– 159:22 | No objection | |
| 162:24– 163:12 | Speculation | The witness' answer is speculation and not based on any personal knowledge. |
| 172:18– 174:10 | No objection | |
| 185:8–185:18 | Foundation | The witness did not have foundation for the answer and identifies that other team members were involved. |
| 207:21– 208:16 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 213:8–213:23 | Foundation | Plaintiff did not lay foundation for these questions, and the transcript does not indicate that the witness had the requisite personal knowledge to provide admissible answers. |
| 224:2–224:22 | Foundation, Hearsay | The witness did not have foundation for providing these answers and no questions were asked to determine whether the witness had the requisite personal knowledge to provide admissible answers.  The witness also references hearsay to answer this question, for which plaintiff did not lay foundation to answer in the first place. |
| 228:25–230:2 | Foundation | Plaintiff did not lay foundation for these questions, and the transcript does not indicate that the witness had the requisite personal knowledge to provide admissible answers. |
| 232:12–234:6 | Foundation, Speculation | Plaintiff did not lay foundation for these questions, and the transcript does not indicate that the witness had the requisite personal knowledge to provide admissible answers.  The Witness' answer is also speculation. |
| 237:10–237:13 | Incomplete (fails to designate full answer), Irrelevant, Legal Conclusion, Speculation, Vague or Ambiguous | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading.<br><br>This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The answer is also speculative question about intellectual property rights and involves legal conclusions, and in response to a question that in vague and ambiguous. |
| 243:9–243:10 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 243:12–243:13 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 254:19–255:24 | 254:19–255:14 Irrelevant, Speculation, Foundation<br><br>255:15–24 Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 257:15–258:16 | Foundation, Speculation | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 261:5–261:10 | Incomplete (fails to designate full answer), Foundation, Speculation | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 262:4–262:16 | Foundation, Speculation, Vague or Ambiguous | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.  The question is also vague and ambiguous, leading to a question that is not reasonably answerable. |
| 264:1–264:20 | Foundation, Speculation, Vague or Ambiguous | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.  The question is also vague |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | and ambiguous, leading to a question that is not reasonably answerable. |
| 270:17–271:7 | 270:17–271:5 Foundation, Speculation, Vague or Ambiguous<br><br>271:6–7 Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.  The question is also vague and ambiguous, leading to a question that is not reasonably answerable.  Plaintiff's questioning also improperly inserts lawyer arguments/colloquy regarding disputed issues in the case. |
| 271:9–271:19 | 271:9–10 Foundation, Speculation, Vague or Ambiguous, Lawyer Argument or Colloquy<br><br>271:11–19 Foundation, Speculation, Vague or Ambiguous | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.  The question is also vague and ambiguous, leading to a question that is not reasonably answerable.  Plaintiff's questioning also improperly inserts lawyer arguments/colloquy regarding disputed issues in the case. |
| 273:20–274:22 | Foundation, Speculation, Vague or Ambiguous | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.  The question is also vague and ambiguous, leading to a question that is not reasonably answerable. |
| 275:16–275:25 | Foundation, Speculation | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | not have foundation and also gave a speculative answer. |
| 277:20–278:4 | Foundation, Speculation | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 278:10–278:24 | Foundation, Speculation | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 279:24–280:3 | Foundation, Speculation | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 281:20–282:14 | Foundation, Speculation | Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *10:14–16* | FRE 401-403 | This instruction by counsel is not testimony and its admission would confuse the jury. |
| *11:5–11:9* | No objection | |
| *15:4–15:12* | No objection | |
| *52:24–53:2* | No objection | |
| *53:5–53:6* | No objection | |
| *81:17–82:16* | 81:17–25 FRE 401-404; 602; 701-702   82:1–16 FRE 401-404; 602; 701-702; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  The witness also lacks foundation |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | for the testimony.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *83:6–83:12* | FRE 401-403; 701-702 | Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *90:9–90:17* | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks foundation for the testimony. |
| *91:25–92:15* | FRE 401-404; 602; 701-702; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  The witness also lacks foundation for the testimony.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *93:24–94:5* | FRE 401-403; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *101:7–102:4* | FRE 103(c); 401-404; 602; 701-702; MIL 1; MIL 4 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This testimony should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs' Motion *In Limine* No. 4.  The witness also lacks foundation for the testimony. The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *110:17–111:12* | FRE 103(c); 602; 701-702 | The witness lacks foundation for the testimony. The witness is also purporting to offer an expert opinion which he is not qualified to offer. |
| *112:21–112:23* | FRE 401-404 | Defendants' trademark infringement and cybersquatting have already been established and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *123:17–124:4* | 123:17–25 FRE 401-403; 602

124:1–4 FRE 401-403 | The witness's testimony is non-responsive and irrelevant and lacks foundation for the testimony he provides. |
| *126:14–126:23* | FRE 401-403; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *127:3–127:11* | FRE 401-403; 602; 701-702 | The witness's testimony is non-responsive and irrelevant and lacks foundation for the testimony he provides.  The witness is also purporting to offer an expert opinion which he is not qualified to offer. |
| *138:7–138:13* | FRE 401-403; 701-702 | The witness's testimony is non-responsive and irrelevant.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *146:7–146:22* | FRE 401-403; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | adjudicated, and are unduly prejudicial.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| 149:10–149:16 | No objection | |
| 158:19–158:22 | FRE 401-403; 801-802 | The witness's testimony is non-responsive and irrelevant.  This designation also refers to inadmissible hearsay. |
| 159:9–159:17 | FRE 401-404; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  Moreover, Defendants' trademark infringement and cybersquatting have been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| 163:13–163:23 | FRE 103(c); 401-404; 701-702; MIL 1; MIL 2; MIL 4 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  This testimony should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| 164:6–164:11 | FRE 401-403; 701-702; 801-802; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  The |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | witness is also purporting to offer an expert opinion for which he is not qualified to offer. The witness also offers inadmissible hearsay. |
| 165:5–165:8 | FRE 401-403; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial. The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| 167:12–167:14 | No objection | |
| 174:11–175:4 | FRE 401-403; 602; 701-702 | The witness's testimony is non-responsive and irrelevant. Moreover, Defendants' trademark infringement and cybersquatting have been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. The witness has no foundation to offer the opinion he provides. The witness is also purporting to offer an expert opinion which he is not qualified to offer. |
| 183:8–184:6 | FRE 401-404; 701-702; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial. The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| 185:19–185:23 | FRE 106; 401-403 | Defendants' trademark infringement and cybersquatting have been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. The witness's testimony is also misleading. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *201:23– 203:14* | 201:23–25 FRE 401-404; 602; 701-702; MIL 2<br><br>202:1–25 FRE 401-404; 602; 701-702; MIL 1; MIL 2<br><br>203:1–14 FRE 401-404; 602; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  Moreover, Defendants' trademark infringement and cybersquatting have been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness has no foundation to offer the opinion he provides.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *204:4– 204:16* | FRE 401-403; 602; 801-802; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial.  Moreover, Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness has no foundation to offer the opinion he provides.  The witness is also testifying to inadmissible hearsay. |
| *207:11– 207:14* | FRE 401-403 | Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *208:18– 209:8* | FRE 401-403; 801-802 | Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness is also testifying to inadmissible hearsay. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *213:24–214:6* | FRE 401-403 | Defendants' trademark infringement and cybersquatting have been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *219:18–220:5* | FRE 401-403; 602; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, have already been adjudicated, and are unduly prejudicial. Moreover, Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. The witness has no foundation to offer the opinion he provides. The witness is also purporting to offer an expert opinion for which he is not qualified to offer. |
| *265:9–265:17* | FRE 401-404; 801-802; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Moreover, Defendants' trademark infringement and cybersquatting have been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. The witness is also testifying to inadmissible hearsay. |
| *273:8–273:16* | FRE 401-403 | Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| *274:23–275:3* | No objection | |
| *276:12–276:15* | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Moreover, Defendants' trademark infringement has been established already and |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | so this testimony is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness is lacks foundation for their testimony. |
| *278:5–278:9* | No objection | |

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| *95:10–86:3* [Counter to: 94:16–95:9] | FRE 401–403; 701-702 | The undesignated portion of this answer contains Mr. Cahen's narrative regarding token creation on blockchains and hypothetical situations and is not responsive to the question asked regarding a clarification of a term on a specific exhibit. It is also improper unqualified expert testimony regarding the technical details. This narrative is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. |
| *107:4–9* [Counter to: 106:23–107:3] | FRE 103(c); 401-404; MIL 1; MIL 2 | This undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Cahen's inflammatory commentary is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs.  Mr. Cahen is not a qualified expert regarding the designated subject matter. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| *128:5–7* [Counter to: 127:12– 128:4] | FRE 103(c); 401-403; 701-702 | The undesignated portion of Mr. Cahen's answer concerns his awareness of Yuga Labs' trademark application status.  Mr. Cahen's knowledge of this fact is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs. Mr. Cahen is not a qualified expert regarding the designated subject matter and his opinion is not helpful lay witness testimony regarding any fact or issue in dispute. |
| *146:3–6* [Counter to: 145:17– 146:2] | FRE 401-404; 701-702; MIL 1; MIL 2 | This undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Cahen's inflammatory commentary is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs.  Mr. Cahen is not a qualified expert regarding the designated subject matter and his opinion is not helpful lay witness testimony regarding any fact or issue in dispute. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *208:16–17* [Counter to: 207:21– 208:16] | FRE 401-403; 701-702; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic purpose is not relevant to this case and is unduly prejudicial. Whether Mr. Cahen considers Mr. Ripps to be an artist is not responsive to the question asked regarding whether who has control over a specific wallet address.  Mr. Cahen is not a qualified expert regarding the designated subject matter and his opinion is not helpful lay witness testimony regarding any fact or issue in |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | dispute. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *237:10–16* [Counter to: 237:10–237:13] | FRE 103(c); 701-702; MIL 5 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 5 because whether NFT intellectual property devalue intellectual property is not relevant to this case and is unduly prejudicial. Mr. Cahen is not a qualified expert regarding the designated subject matter of the legal requirements of intellectual property rights and his opinion is not helpful lay witness testimony regarding any fact or issue in dispute. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *243:14–24* [Counter to: 243:9–243:10 & 243:12–243:13] | FRE 401-404; MIL 1 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Cahen's inflammatory commentary is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *261:11–14* [Counter to: 261:5–261:10] | FRE 602; 701-702; 801-802; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic purpose is not relevant to this case and is unduly prejudicial. Whether Mr. Cahen interprets an NFT transfer from Mr. Ripps as a transfer of artwork is not responsive to the question asked regarding his interpretation of a request to transfer NFTs.  Mr. Cahen is not a qualified expert regarding the designated subject matter and his opinion is not helpful lay witness testimony regarding any fact |

**Plaintiff's Designations**

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | or issue in dispute. It is also inadmissible hearsay for which no exception is applicable. |

| Plaintiff's Counter-Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *124:5–125:19* | No objection | |
| *126:8–126:13* | No objection | |
| *214:7–215:23* | No objection | |
| *220:6–220:10* | No objection | |

**Plaintiff's Designations – Jason Cline**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 17:16–18:17 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 26:5–27:8 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 29:7–29:11 | FRE 901, Irrelevant | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witnesses suggests authenticity. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 29:20–30:4 | FRE 901, Irrelevant | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witnesses suggests authenticity.

This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 31:9–32:2 | FRE 901, Irrelevant | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witnesses suggests authenticity.

This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 34:17–35:25 | 35:1–25 901, Irrelevant | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witnesses suggests authenticity.

This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 37:13–38:3 | 901, Irrelevant | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | testimony from the witnesses suggests authenticity.<br><br>This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 45:20–45:23 | Irrelevant, Vague or Ambiguous | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff's question was also vague and ambiguous, and thus did not lead to an answer that provides any substantive information other than a general remark. |
| 46:6–46:25 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 47:4–47:8 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 47:13–47:18 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This questioning is also impermissible under Fed. R. Evid. 403 as it concerns a side-issue unrelated to this case and thus is confusing, wastes time, and improperly mislead to jury as to the pertinent issues. |
| 50:1–50:6 | Irrelevant, Vague or Ambiguous | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff's question was also vague and ambiguous, and thus did not lead to an answer that provides any substantive information other than a general remark. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 50:8–50:11 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 72:18–73:2 | Irrelevant, Foundation, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 73:6–73:10 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 73:13–73:25 | Irrelevant, Foundation, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 74:12–74:25 | FRE 901, Irrelevant, Foundation, Speculation | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witnesses suggests authenticity.<br><br>This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer. |
| 77:3–77:25 | Irrelevant, Speculation, FRE 403, 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | testimony from the witnesses suggests authenticity.<br><br>This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.<br><br>This questioning is also impermissible under Fed. R. Evid. 403 as it concerns a side-issue unrelated to this case and thus is confusing, wastes time, and improperly mislead to jury as to the pertinent issues. |
| 79:8–80:4 | 901, Irrelevant, Speculation, Hearsay, FRE 403 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witnesses suggests authenticity.<br><br>This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff did not ask any questions to lay foundation, and it appears that the witness did not have foundation and also gave a speculative answer.<br><br>This questioning also uses inadmissible hearsay because it relies on an out of court statement by @StingNFT to prove the truth of the matter asserted.<br><br>This questioning is also impermissible under Fed. R. Evid. 403 as it concerns a side-issue unrelated to this case and thus is confusing, |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | wastes time, and improperly mislead to jury as to the pertinent issues. |

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *58:13–58:22* | FRE 401-403; 801-802; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Testimony is inadmissible hearsay for which no exception applies. |
| *60:14–60:22* | FRE 401-403 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. |
| *67:17–67:19* | FRE 401-404; 701-702 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Testimony is not helpful to understanding the witness's testimony or a fact in issue based on witness's perception. |
| *67:22–67:25* | FRE 401-404; 701-702; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Testimony is not helpful to understanding the witness's testimony or a fact in issue based on witness's perception. |
| *74:1–74:3* | FRE 106; 401-403 | Testimony is incomplete and misleading.  Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. |
| *80:5–80:8* | FRE 401-403 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 90:3–90:15 | FRE 401-403; 602; 701-702 | How the Etherscan website operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements. Further, the Court has already found a likelihood of confusion, so testimony about whether a hypothetical third-party could differentiate between NFTs on Etherscan is irrelevant and would confuse the issues. Cross examination is improperly outside the scope of the direct examination. Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony is speculative. |
| 90:18 | FRE 401-403; 602; 701-702 | How the Etherscan website operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements. Further, the Court has already found a likelihood of confusion, so testimony about whether a hypothetical third-party could differentiate between NFTs on Etherscan is irrelevant and would confuse the issues. Cross examination is improperly outside the scope of the direct examination. Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony is speculative. |
| 91:6–91:10 | FRE 401-403; 602; 701-702; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  Cross examination is improperly outside the scope of the direct examination.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *91:14–91:15* | FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is improperly outside the scope of the direct examination.   Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *91:17–91:19* | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is improperly outside the scope of the direct examination.   Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *91:23* | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | improperly outside the scope of the direct examination.   Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *91:25–92:2* | FRE 401-403; 602; 701-702; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is improperly outside the scope of the direct examination.   Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *92:15* | FRE 401-403; 602; 701-702; MIL1; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is improperly outside the scope of the direct examination.   Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *93:14–94:2* | FRE 401-403; 602; 701-702; MIL 2 | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | improperly outside the scope of the direct examination.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *94:5–94:9* | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Cross examination is improperly outside the scope of the direct examination.   Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. |
| *94:25–95:9* | 94:25 FRE 401-403; 602; 701-702; 801-802<br><br>95:1–9 FRE 103(c); 401-403; 602; 701-702; 801-802 | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative. Testimony is inadmissible hearsay for which no exception applies. |
| *95:16–96:6* | 95:16–25 FRE 401-403; 602; 701-702; 801-802 | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Testimony is not relevant to any |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 96:1-6 FRE 103(c); 401-403; 602; 701-702; 801-802 | issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative.  Testimony is inadmissible hearsay for which no exception applies. |
| 96:8 | FRE 103(c); 401-403; 602; 701-702; 801-802 | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Form of question is improper and testimony is speculative.  Testimony is inadmissible hearsay for which no exception applies. |

## Plaintiff's Designations – Ian Garner

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 36:14–37:18 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits. Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |
| 48:20–49:24 | 48:20–25 Speculation, 901<br><br>49:1-24 Speculation | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits. |
| 50:2–50:17 | Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits. |
| 53:15–53:21 | No objection | |
| 63:11–64:24 | 63:11–25 Foundation, Irrelevant, Speculation, FRE 403, 901<br><br>64:1–24 Foundation, Irrelevant, Speculation, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.<br><br>Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits. Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers.<br><br>This testimony is also inadmissible under Fed. R. Evid. 403 because it includes testimony regarding commentary on Plaintiff's decision to file suit.  The parties have already reached an agreement that no such evidence will be presented at trial as it is a waste of time, confusing, and misleading for the jury. |
| 67:14–68:4 | Irrelevant Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.<br><br>The witness was also asked questions forcing him to speculate regarding the third-party website Foundation.app. |
| 73:2–73:21 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits. Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 75:2–75:4 | Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   Further, the witness provided speculative answer, and even noting in earlier testimony that this line of questioning is forcing him to speculate. |
| 83:2–84:4 | 83:2–25 Speculation, FRE 901<br><br>84:1–4 Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   Further, the witness provided speculative answer, and even noting in earlier testimony that this line of questioning is forcing him to speculate. |
| 90:14–90:24 | Speculation, Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.<br><br>The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.<br><br>This testimony is also inadmissible under Fed. R. Evid. 403 as it is confusing, misleading, and waste of time.  The witness, in the course of the deposition, repeatedly testified that he did not mint any RR/BAYC NFT.  The questions in this designation include argumentative questions assuming that the witness was minting NFTs |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | (and notably neither the question nor answer address the minting issue).  This line of questioning thus serves to place the attorney questions in front of the jury to effectively have Plaintiff's counsel testify to the jury rather than the witness.  Just evidence is inadmissible under Rule 403 for being misleading, confusing, waste of time, and including improper lawyer argument. |
| 95:2–96:2 | Irrelevant, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.  Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |
| 107:24–109:3 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.  Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 111:16–112:8 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.  Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |
| 143:6–144:1 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.  Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |
| 146:17–148:1 | Foundation, Speculation, FRE 403, 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers.<br><br>This testimony is also inadmissible under Fed. R. Evid. 403 because it confusingly and misleading takes statements out of context (and the witnesses testifies as to this fact and is unable to give answers because of it).  Such testimony would only serve to waste time, confuse the issues, and mislead the jury. |
| 155:1–156:7 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.  Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did not have the requisite foundation necessary to provide non-speculative answers. |
| 160:3–160:17 | Foundation, Speculation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness also confirmed that the documents had been improperly modified, taken out of context, and used in a misleading manner.   The witness was also asked questions forcing him to speculate on the contents of this lawyer-modified, out-of-context exhibits.  Plaintiff also failed to ask any questions to lay foundation, and it appears that the witnesses did |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | not have the requisite foundation necessary to provide non-speculative answers. |

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *17:15–18:23* | No objection | |
| *19:20–19:24* | No objection | |
| *45:21–46:4* | FRE 106; 602; FRCP 32(a)(6) | The testimony regarding an ETH wallet is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. In fairness, this testimony must be considered with other parts of the witness's testimony, including 45:9-20 and 46 5-14.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony. |
| *49:25–50:1* | FRE 401-403 | The testimony regarding whether the witness owns a Bored Ape NFT is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. |
| *53:22–54:7* | FRE 106; 401-403 | The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered.  The testimony regarding errands the witness ran for Mr. Ripps is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. |
| *55:9–55:24* | No objection | |
| *59:4–60:11* | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony. |
| *67:12–67:13* | FRE 106; 602 | The testimony regarding minting NFTs is misleadingly incomplete and may only be |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | introduced along with other exhibits and testimony that ought to be considered. Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony. |
| *69:5–70:2* | FRE 401-403; 602; 701-702 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is speculative.  The testimony is based on technical or specialized knowledge, and the witness is not qualified as an expert.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *70:3–70:9* | FRE 401-404; 602; 701-702; MIL 2 | The testimony should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 2, including because the topic of whether RR/BAYC NFTs are an "art piece" is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Further, it is improper character evidence.  The testimony is speculative.  The testimony is based on technical or specialized knowledge, and the witness is not qualified as an expert. |
| *71:2–71:6* | FRE 401-404; 701-702; MIL 2 | The testimony should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 2, including because the topic of whether Ryder Ripps is an "artist" is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Further, it is improper character evidence.  The testimony is based on technical or specialized knowledge, and the witness is not qualified as an expert. |
| *72:1–72:8* | FRE 401-403 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *73:22–74:23* | 73:22–25 FRE 401-403; 701-702<br><br>74:1–23 FRE 401-403; 602; 701-702 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is speculative.  The testimony is based on technical or specialized knowledge, and the witness is not qualified as an expert.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *75:5–76:3* | 75:5–25 FRE 401-403; 602; 701-702<br><br>76:1–3 FRE 401-403; 602; 701-702 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is speculative.  The testimony is based on technical or specialized knowledge, and the witness is not qualified as an expert.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *78:22–80:15* | 78:22–25 FRE 401-403; 602; 701<br><br>79:1–25 401-403; 602; 701; 801-802; MIL 1; MIL 2 | The testimony should be excluded for the reasons identified in Yuga Labs' Motions in Limine Nos. 1 and 2, including because the topic of "what the project's MO was" is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony is speculative.  The testimony is not helpful to a fact in issue and based on the witness's perception. The testimony is inadmissible |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 80:1–15 401-403; 602; 701; 801-802; MIL 1; MIL 2 | hearsay for which no exception applies. The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *82:4–82:24* | No objection | |
| *90:7–90:13* | No objection | |
| *91:4–91:18* | No objection | |
| *92:7–92:16* | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony is speculative. Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony. The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *93:5–94:1* | 93:5–25 FRE 401-403; 701; 801-802; MIL 1<br><br>94:1 FRE 401-403; 701; 801-802 | The testimony should be excluded for the reasons identified in Yuga Labs' Motions in Limine Nos. 1 and 2, including because the topic of "Ryder's initiative" is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony is not helpful to a fact in issue and based on the witness' perception. The testimony regarding Mr. Ripps' statements is inadmissible hearsay for which no exception applies. |
| *94:5–94:12* | FRE 401-403; 602; 701; 801-802; MIL 1 | The testimony should be excluded for the reasons identified in Yuga Labs' Motions in Limine Nos. 1 and 2, including because the topic of "speaking against Yuga Labs" is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony is not helpful to a fact in issue and based on the witness' perception. The testimony is inadmissible hearsay for which no exception applies. Additionally, the witness |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testifies to his lack of knowledge and therefore there is no foundation for this testimony. |
| *94:25–95:1* | No objection | |
| *106:6–107:3* | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is speculative.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *107:18–107:23* | No objection | |
| *109:10–109:24* | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *112:12–112:22* | No objection | |
| *142:24–143:5* | No objection | |
| *144:2–144:11* | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| *148:2–148:7* | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| 156:8– 156:18 | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is speculative.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| 159:12– 160:2 | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is speculative.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The testimony is misleadingly incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| 160:18– 160:25 | FRE 401-403; 602 | The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony. |
| 187:19– 188:4 | FRE 103(c); 401-403; 611(a) | Counsel is mischaracterizing the witness' prior testimony regarding his employment with Ryder Ripps.  The testimony regarding the witness' employment is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony is inappropriate and admission would only waste the court and parties' time.  The testimony is misleadingly |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | incomplete and may only be introduced along with other exhibits and testimony that ought to be considered. |
| 188:5–188:11 | FRE 103(c); 401-403; 602; 611(a) | Counsel calls for a legal conclusion in asking what the witness' relevance to the lawsuit is. The form of counsel's question is improper and leading. The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony about the witness' role and relevance is speculative. The testimony is inappropriate and admission would only waste the court and parties' time. |
| 188:14 | FRE 103(c); 401-403; 602; 611(a) | Counsel's related question (see above) calls for a legal conclusion. The testimony is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony about the witness' relevance is speculative. The testimony is inappropriate and admission would only waste the court and parties' time. |
| 188:18–190:2 | FRE 103(c); 401-403; 602; 611(a-c); MIL 4 | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including the questions about whether this deposition was a "burden" and "stressful." The testimony, including about the witness' burden and stress, is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony is speculative. The testimony is inappropriate and admission would only waste the court and parties' time. |
| 190:3–190:23 | FRE 103(c); 401-403; 602; | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 611(a-c); MIL 4 | Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including the questions about whether the deposition is "strange" or "fair." The testimony, including about the framing or fairness of the deposition is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony, including about the framing or fairness of the deposition and the witness' relevance, is speculative. The testimony is inappropriate and admission would only waste the court and parties' time. |
| *191:19–191:21* | FRE 103(c); 401-403; 602; 611(a-c); MIL 4 | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including the question about Yuga Labs' decision to take his deposition. The testimony, including about the witness' role, is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs. The testimony, including about Yuga Labs' decision to take the deposition, is speculative. The testimony is inappropriate and admission would only waste the court and parties' time. |
| *191:23–192:7* | FRE 103(c); 401-403; 602; 611(a-c); MIL 4 | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including the prior question about Yuga Labs' decision to take his deposition. The testimony, including about the witness' role, is not relevant to any issue the |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | jury will decide and will unduly prejudice Yuga Labs.  The testimony, including about Yuga Labs' decision to take the deposition, is speculative.  The testimony is inappropriate and admission would only waste the court and parties' time. |
| *192:20–192:23* | FRE 103(c); 401-403; 602; 611(a-c); MIL 4 | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including about Yuga Labs' reasons for filing the lawsuit.  The testimony, including about Yuga Labs' reasons for filing the lawsuit, is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony, including Yuga Labs' reasons for filing the lawsuit, is speculative.  The testimony is inappropriate and admission would only waste the court and parties' time. |
| *193:1–193:3* | FRE 103(c); 401-403; 602; 611(a-c); MIL 4 | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including about Yuga Labs' reasons for filing the lawsuit.  The testimony, including about Yuga Labs' reasons for filing the lawsuit, is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony, including Yuga Labs' reasons for filing the lawsuit, is speculative.  The testimony is inappropriate and admission would only waste the court and parties' time. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *193:5– 193:13* | FRE 103(c); 401-403; 602; 611(a-c); MIL 4 | This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion In Limine No. 4. Counsel is testifying, asks questions outside the scope of the deposition, and asks leading questions, including about Yuga Labs' reasons for filing the lawsuit.  The testimony, including about Yuga Labs' reasons for filing the lawsuit, is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  The testimony, including Yuga Labs' reasons for filing the lawsuit, is speculative.  The testimony is inappropriate and admission would only waste the court and parties' time. |

| Plaintiff's Counter-Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *45:9–45:20* | No objection | |
| *46:5–46:14* | No objection | |

## Plaintiff's Designations – Ryan Hickman

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 35:2–35:9 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 41:23–44:13 | Speculation | The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 128:4–130:2 | Speculation | The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. |
| 131:15–133:12 | Speculation, Hearsay | The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge.  This testimony is also inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 133:13–133:24 | Hearsay | This testimony is inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 139:22–141:5 | Speculation, Hearsay | The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. This testimony is also inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 141:6–142:5 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 143:15–144:16 | Speculation, Foundation, FRE 901 | Plaintiff did not ask any questions to confirm or deny that the exhibit is question is a true, accurate, and authentic document, and no testimony from the witness suggests authenticity.  The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. The Plaintiff also failed to ask any questions to lay foundation, and the witness' answer shows |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | that the witness did not have the requisite foundation to provide a non-speculative answer. |
| 144:19–146:2 | Irrelevant, Hearsay | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 148:15–148:19 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 149:16–149:21 | Hearsay | This testimony is also inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 149:24–150:10 | FRE 403 | This testimony is inadmissible under Fed. R. Evid. 403 because it is confusing, misleading, a waste of time, and unfairly prejudicial.  The line of question asks about "Ape ID" without clarifying to the witness what is meant by the term (as it can have several different meanings). The testimony does not indicate what interpretation the witness adopted, making his answer unintelligible.  This testimony would thus unfairly prejudice the Defendants by wasting time in unpacking why this question was misleading and clarifying how token ID numbers were actually employed on various platforms.  Delving into this unnecessary issues would waste time and needlessly confuse the jury. |
| 152:4–153:19 | Speculation, FRE 403 | The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. This |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | testimony is also inadmissible under Fed. R. Evid. 403 because it is confusing, misleading, a waste of time, and unfairly prejudicial.  The line of question asks about "Ape ID" without clarifying to the witness what is meant by the term (as it can have several different meanings).  The testimony does not indicate what interpretation the witness adopted, making his answer unintelligible.  This testimony would thus unfairly prejudice the Defendants by wasting time in unpacking why this question was misleading and clarifying how token ID numbers were actually employed on various platforms.  Delving into this unnecessary issues would waste time and needlessly confuse the jury. |
| 221:24–223:11 | Foundation, Hearsay | This testimony is also inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. The Plaintiff also failed to ask any questions to lay foundation, and the witness' answer shows that the witness did not have the requisite foundation to provide a non-speculative answer. |
| 227:2–228:3 | No objection | |
| 228:24–229:12 | No objection | |
| 232:2–233:19 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also inadmissible under Fed. R. Evid. 403 because it involves testimony about individuals speculating/brainstorming on how to design and create ApeMarket.  In reality, ApeMarket was never created, never launched, and thus never publicly available.  Presenting testimony about |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | individual thinking about a non-existent, unreleased marketplace serves no purpose other than to flood the jury with large quantities of unnecessary information that would only waste time, confuse the issues, and mislead the parties as to the reality that ApeMarket was never an actual service and was never provided to anyone at any time. |
| 233:22–234:6 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also inadmissible under Fed. R. Evid. 403 because it involves testimony about individuals speculating/brainstorming on how to design and create ApeMarket.  In reality, ApeMarket was never created, never launched, and thus never publicly available.  Presenting testimony about individual thinking about a non-existent, unreleased marketplace serves no purpose other than to flood the jury with large quantities of unnecessary information that would only waste time, confuse the issues, and mislead the parties as to the reality that ApeMarket was never an actual service and was never provided to anyone at any time. |
| 238:12–240:8 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 240:11–240:20 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. This testimony is also inadmissible under Fed. R. Evid. 403 because it involves testimony about individuals speculating/brainstorming on how to design and create ApeMarket.  In reality, ApeMarket was |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | never created, never launched, and thus never publicly available.  Presenting testimony about individual thinking about a non-existent, unreleased marketplace serves no purpose other than to flood the jury with large quantities of unnecessary information that would only waste time, confuse the issues, and mislead the parties as to the reality that ApeMarket was never an actual service and was never provided to anyone at any time. |
| 250:5–250:20 | Hearsay, Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 256:24–257:10 | Hearsay | This testimony is inadmissible hearsay because the witness is testifying about the existence of out of court statement by another individual and testifying as to the truth or falsity of those out of court statements. |
| 262:19–263:16 | Speculation | The witness was asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. |
| 264:24–265:15 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also inadmissible under Fed. R. Evid. 403 because it involves testimony about individuals speculating/brainstorming on how to design and create ApeMarket.  In reality, ApeMarket was never created, never launched, and thus never publicly available.  Presenting testimony about individual thinking about a non-existent, unreleased marketplace serves no purpose other |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | than to flood the jury with large quantities of unnecessary information that would only waste time, confuse the issues, and mislead the parties as to the reality that ApeMarket was never an actual service and was never provided to anyone at any time. |
| 266:16–267:15 | Irrelevant, FRE 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  This testimony is also inadmissible under Fed. R. Evid. 403 because it involves testimony about individuals speculating/brainstorming on how to design and create ApeMarket.  In reality, ApeMarket was never created, never launched, and thus never publicly available.  Presenting testimony about individual thinking about a non-existent, unreleased marketplace serves no purpose other than to flood the jury with large quantities of unnecessary information that would only waste time, confuse the issues, and mislead the parties as to the reality that ApeMarket was never an actual service and was never provided to anyone at any time. |
| 271:2–271:12 | Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness was aslo asked questions forcing him to speculate as to materials that the witness does not have any personal knowledge. |

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *44:14–44:22* | FRE 401-403; 602 | Testimony is not relevant to any issue for trial because Defendants have agreed to admit this |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | exhibit into evidence and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Witness lacks personal knowledge regarding the matter. |
| *45:14–46:3* | FRE 103(c); 401-403; 602 | Quoted portion contains no witness testimony and is thus irrelevant and unduly prejudicial. Witness lacks personal knowledge regarding the matter. |
| *47:11–47:14* | FRE 401-403; 602; 701 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Witness lacks personal knowledge regarding the matter. Testimony is not helpful to a fact in issue and based on witness's perception. |
| *59:20–61:13* | 59:20–25 FRE 401-403; 602; 801-802<br><br>60:1–25 FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2<br><br>61:1–13 FRE 401-403; 602; 701-702; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony is inadmissible hearsay for which no exception applies. |
| *61:14–62:5* | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is based on technical or |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | specialized knowledge, and witness is not qualified as an expert. |
| *73:1–74:5* | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial.  Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *74:6–75:6* | FRE 401-403; 602; 701-702; MIL 1 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *76:5–79:13* | 76:5–25 FRE 103(c); 401-403; 602; 701-702; MIL 1; MIL 2<br><br>77:1–78:25 FRE 103(c); 401-403; 602; 701-702; 801-802; MIL 1; MIL 2<br><br>79:1–13 FRE 103(c); 401-403; 602; 701-702; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *97:19–99:8* | 97:19–25 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 1 and 2 because issues of |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 103(c); 401-403; 602; 701-702; 801-802; MIL 1<br><br>98:1–25<br>FRE 103(c); 401-403; 602; 701-702; 801-802; MIL 1<br>99:1–8<br>FRE 103(c); 401-403; 602; 701-702; 801-802; MIL 1; MIL 2 | Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *99:9–100:11* | 99:9–25<br>FRE 401-403; 602; 701-702; 801-802; MIL 2<br><br>100:1–11<br>FRE 103(c); 401-403; 801-802; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *100:16–100:20* | FRE 103(c); 401-403; 801-802; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic intent is not relevant and is unduly prejudicial.  Testimony is inadmissible hearsay for which no exception applies. |
| *130:3–131:14* | FRE 401-403; 602; 701-702 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Witness lacks personal knowledge regarding the matter.  Testimony is based on technical or |

104

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | specialized knowledge, and witness is not qualified as an expert. |
| *133:25– 135:12* | 133:25– 134:25 FRE 401-403; 602; 801-802

135:1–12 FRE 401-403; 602; 801-802; MIL 4 | Testimony is subject to Yuga Labs' Motion In Limine No. 4 because claims that Yuga Labs harassed Defendants is not relevant and is unduly prejudicial.  Testimony is speculative.  Testimony is inadmissible hearsay for which no exception applies. |
| *146:5– 148:14* | 146:18–25 FRE 401-403; 801-802; MIL 1; MIL 2 147:1–25 FRE 401-403; 602; 801-802

148:1–14 FRE 401-403; 602; 801-802; MIL 1 | Testimony is subject to Yuga Labs' Motion In Limine Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial.  Testimony is speculative.  Testimony is inadmissible hearsay for which no exception applies. |
| *148:19– 149:15* | 148:19–25 FRE 401-403; 602; 701-702; 801-802; MIL 1

149:1–15 FRE 401-403; 602; 701-702; 801-802 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony is inadmissible hearsay for which no exception applies. |
| *150:11– 152:3* | 150:11– 151:25 | The Court has already found that Defendants' use of the BAYC Marks was likely to deceive consumers and so this testimony is not relevant to an issue that the jury will decide and may |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; 701-702; 801-802<br><br>152:1–3<br>FRE 401-403; 602; 701-702 | cause confusion, waste time, and mislead the jury. The witness's testimony about what other people might do or see is speculative. The witness purports to offer an opinion based on technical or specialized knowledge, and the witness is not qualified as an expert. Testimony is inadmissible hearsay for which no exception applies. |
| 153:21–154:20 | 153:21–25<br>FRE 401-403<br><br>154:1–20<br>FRE 401-403; 602; 701-702; MIL 1 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| 220:2–220:11 | No objection | |
| 228:4–228:23 | FRE 401-403; 602; 801-802; MIL 1 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is inadmissible hearsay for which no exception applies. |
| 229:13–231:23 | 229:13–25<br>FRE 401-403; 602; 701-702; 801-802; MIL 2<br><br>230:1–231:23<br>FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony is inadmissible hearsay for which no exception applies. |
| 240:21–241:8 | No objection | |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *244:21–245:8* | FRE 401-403; 701-702; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *257:11–258:11* | FRE 401-403; 602; 701-702; 801-802 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *265:16–266:15* | No objection | |
| *267:18–268:17* | FRE 401-403; 602; 701-702 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *271:13–271:25* | FRE 401-403; 602; 611(a); 701-702 | Testimony is not relevant to any issue for trial and any probative value is substantially outweighed by danger of wasting time, confusing the issues, and misleading the jury. Testimony is speculative.  Testimony is inappropriate and admission would only waste time.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *275:24–276:16* | FRE 401-403; 701-702 | Testimony is not relevant to any issue for trial and any probative value is substantially |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | outweighed by danger of wasting time, confusing the issues, and misleading the jury. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *277:7– 287:12* | 277:7–25 FRE 401-404; 611(c); 701-702; MIL 2<br><br>278:1–25 FRE 401-403; 602; 701-702<br><br>279:1–25 FRE 401-404; 602; 611(a); 701-702; 801-802; MIL 1<br><br>280:1–25 FRE 401-404; 602; 701-702; 801-802; MIL 1<br><br>281:1–282:25 FRE 401-404; 602; 701-702; 801-802; MIL 1; MIL 2<br><br>283:1–25 FRE 401-404; 602; 611(a); 701-702; 801- | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is inappropriate and admission would only waste time. Question is outside scope of deposition. Question is leading. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony is inadmissible hearsay for which no exception applies. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 802; MIL 1; MIL 2 | |
| | 284:1–25 FRE 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | |
| | 285:1–25 FRE 401-404; 602; 611(a); 701-702; 801-802; MIL 1; MIL 2 | |
| | 286:1–25 FRE 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | |
| | 287:1–12 FRE 401-404; 602; 611(a), (c); 701-702; 801-802; MIL 1; MIL 2 | |
| *287:13– 293:20* | 287:1–13 FRE 401-403; 602; 611(c); 701-702<br><br>288:1–25 FRE 401-403; 602; 701-702; | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1, 2, and 3 because issues of Inflammatory Material, Defendants' purported intent, and evidence of alleged third party use of marks, are not relevant to this case and are unduly prejudicial.  Testimony is inappropriate and admission would only waste time.  Question is outside scope of deposition.  Question is leading.  Testimony is based on |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 801-802; MIL 1; MIL 3<br><br>289:1–25 FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2; MIL 3<br><br>290:1–9; 15–25 FRE 401-403; 602; 611(c); 701-702<br><br>291:1–293:20 FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2 | technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *293:24–294:7* | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative. Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| *296:20–297:2* | 296:20–25 FRE 401-403; 602; 801-802; MIL 1; MIL 2<br><br>297:1–2 FRE 401-403; 602; 611(a); | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial. Testimony is speculative.  Testimony is inappropriate and admission would only waste |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 801-802; MIL 1; MIL 2 | time.  Testimony is inadmissible hearsay for which no exception applies. |
| *297:7–298:9* | 297:7–25 FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2 <br><br> 298:1–9 FRE 401-404; 602; 801-802; MIL 1 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial.  Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *298:14– 299:22* | FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2; MIL 3 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1, 2, and 3 because issues of Inflammatory Material, Defendants' purported intent, and evidence of alleged third party use of marks, are not relevant to this case and are unduly prejudicial.  Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *300:1– 300:21* | FRE 401-403; 602; 701-702; 801-802; MIL 4 | Testimony is subject to Yuga Labs' Motion *In Limine* No. 4 because argument that Yuga Labs harassed Defendants is not relevant and is unduly prejudicial.  Testimony is speculative.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *301:5– 301:17* | FRE 401-403; 602; 701-702; 801-802; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial.  Testimony is speculative.  Testimony is based on technical or specialized knowledge, and |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |
| *304:24–306:1* | 304:24–25 FRE 401-404; 602; 611(c); 701-702; 801-802; MIL 1; MIL 2 <br><br> 305:1–306:1 FRE 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | Testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and references to Defendants' purported artistic intent are not relevant to this case and are unduly prejudicial.  Testimony is speculative.  Question is leading.  Testimony is based on technical or specialized knowledge, and witness is not qualified as an expert.  Testimony is inadmissible hearsay for which no exception applies. |

| Plaintiff's Counter-Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *258:12–258:15* | No objection | |
| *304:20–304:23* | No objection | |

**Plaintiff's Version – Thomas Lehman**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 123:25 | No objection | |
| 124:2–9 | No objection | |
| 128:3–10 | No objection | |
| 237:19–238:1 | 237:19–25 LEADING | These questions are leading as the question contains the substance of the answer. |
| 238:4–239:24 | No objection | |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 240:1–19 | No objection | |
| 240:21–241:13 | 241:11-13 LEADING | These questions are leading as the question contains the substance of the answer. |
| 241:16–242:13 | 241:16-20 LEADING | These questions are leading as the question contains the substance of the answer. |
| 250:7–251:17 | No objection | |

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *5:1–5:3* | No objection | |
| *5:10–5:11* | No objection | |
| *7:10–7:11* | No objection | |
| *7:19–7:25* | No objection | |
| *8:10–8:11* | No objection | |
| *9:22–10:3* | No objection | |
| *11:10–11:12* | FRE 401-403; AEO | Whether or not Mr. Lehman works in the cryptocurrency space is irrelevant to any issue in this case. This testimony is likely to confuse the issues. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *13:6–13:25* | FRE 401-403; AEO | How Mr. Lehman met Mr. Ripps several years before the events giving rise to this trademark dispute is irrelevant. This testimony is likely to confuse the issues and waste the jury's time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *14:5–15:8* | FRE 401-404; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | the issues.  Further, the Mr. Lehman's testimony about Mr. Ripps' character is improper character evidence.  Mr. Lehman lacks personal knowledge regarding Mr. Ripps' intentions or the purpose behind his artwork. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 20:1–20:7 | FRE 401-403; 701-702; AEO | Mr. Lehman's understanding of what an NFT is is irrelevant to the trademark and false advertising issues.  This case is about Yuga Labs' marks, not its NFTs.  Its admission would confuse the issues and waste the jury's time. Mr. Lehman's explanation of the concept of an NFT is based on technical or specialized knowledge, and he is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 21:7–21:17 | FRE 401-403; 602; 701-702; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman is testifying to the actions and intentions of third-parties not before the court and therefore lacks personal knowledge regarding the matter. Mr. Lehman's testimony pertaining to the art world and its overlap with the NFT space is based on technical or specialized knowledge, and witness is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| *22:13–22:15* | FRE 401-403; 602; 701-702; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge regarding the matter. Mr. Lehman's testimony pertaining to what an NFT is or is not is based on technical or specialized knowledge, and witness is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *25:12–25:23* | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial. The Court has already found a likelihood of confusion.  Its admission would confuse the issues and waste the jury's time. Mr. Lehman is testifying about the BAYC project which he was not involved in and therefore lacks personal knowledge regarding the matter. Mr. Lehman's testimony on the ERC-721 standard is based on technical or specialized knowledge, and witness is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *27:16–29:8* | 28:2–25 FRE 401-403; 701-702 | 28:2-25 How Mr. Lehman uses Twitter is irrelevant to the issues to be decided at trial.  Its admission would be confuse the issues and waste the |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 29:1–8 FRE 401-403; 602; 701-702; AEO | jury's time.  Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. |
| | | 29:1-8 How Mr. Lehman uses Twitter is irrelevant to the issues to be decided at trial.  Its admission would be confuse the issues and waste the jury's time.  Witness lacks personal knowledge regarding how others use Twitter and whether two groups of Twitter users overlap.  Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 29:23–29:24 | FRE 401-403; 602; 701-702; AEO | Mr. Lehman's personal experience with Twitter is irrelevant to any remaining issue in this case.  Mr. Lehman lacks knowledge of which Twitter users make up "NFT Twitter" therefore the question calls for speculation.  Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 30:2–32:2 | FRE 401-403; 602; 701-702; AEO | Mr. Lehman's personal experience with Twitter is irrelevant to any remaining issue in this case.  Mr. Lehman lacks knowledge of which Twitter |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | users make up "NFT Twitter" therefore his testimony as to what type of person is on "NFT Twitter" is speculative and Mr. Lehman lacks personal knowledge on the matter.  Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *32:22–33:25* | FRE 401-403; 602; 701-702; AEO | Mr. Lehman's personal experience with Twitter is irrelevant to any remaining issue in this case.  Mr. Lehman lacks knowledge of how any individual uses Twitter or incorporates sarcasm into their Twitter posts his testimony on the matter is speculative.  Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *34:6–37:9* | 34:6–35:17 FRE 401-403; 602; 701-702; AEO<br><br>35:24–25 FRE 401-403; 602; 701-702; AEO<br><br>36:1–37:9 | 34:6–35:17 Whether Mr. Lehman believes "NFT Twitter" would be confusing to a layperson is speculative and irrelevant to the remaining issues in this case.  Mr. Lehman lacks the personal knowledge to know whether "NFT Twitter" would be confusing to hypothetical third-parties is speculative.  Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-404; 602; 701-702; 801-802; AEO | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>36:1–37:9<br>Aside from the Tweets relevant to Yuga Labs' false advertising claims, Mr. Lehman's interpretation of how Mr. Ripps uses his Twitter account is irrelevant.  Its admission would confuse the issues and waste time.  Further, testimony about Mr. Ripps' and Mr. Cahen's propensity to tweet about certain topics is improper character evidence.  Witness lacks personal knowledge regarding Mr. Cahen or Mr. Ripps' intentions behind their Tweets. Testimony on a third-party's "persona" is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony pertaining to the content of Mr. Ripps and Mr. Cahen's Tweets is inadmissible hearsay for which no exception applies.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *38:8–43:25* | 38:22–25<br>FRE 401-403; 602; 801-802; AEO<br><br>39:1–12<br>FRE 401-403; 602; 801-802; AEO<br><br>40:21–41:25 | 38:22-25<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' personal intentions in creating the infringing NFT collection. Testimony as to Mr. Ripps' intentions is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; AEO<br><br>42:1–43:25<br>FRE 401-403; 602; 701-702; AEO | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>39:1-12<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' personal intentions in creating the infringing NFT collection. Testimony as to Mr. Ripps' intentions is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>40:21-41:25<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' or XCopy's personal intentions.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>42:1-43:25<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman's testimony as to what "proponents of NFTs" believe is speculative.  Testimony is based on technical or specialized knowledge on NFTs, and witness is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *44:3–44:14* | FRE 401-403; 602; 701-702; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge as to why Mr. Ripps created the infringing NFT collection.  Testimony is based on technical or specialized knowledge on NFTs, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *46:12–49:22* | 46:12–23 FRE 401-404; AEO  47:20–25 FRE 401-403; 602; AEO  48:1–49:22 FRE 401-403; 602; 801-802; AEO | 46:12–23 This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Further, the Court has already found that Defendants' intentionally infringed upon Yuga Labs' marks, so Defendants' intent is already decided and therefore irrelevant.  This testimony would confuse the issues and waste the jury's time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| | | 47:20-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony would confuse the issues and waste the jury's time. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| | | 48:1-49:22<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Further testimony about "hidden messages" in Yuga Labs' NFTs is highly prejudicial and of no probative value. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection. Mr. Lehman's testimony as to what Mr. Ripps has previously said about Yuga Labs s inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 50:1–56:24 | 50:1–22 FRE 401-403; 602; 801-802; AEO<br><br>52:5–53:25 FRE 401-403; 602; AEO<br><br>54:1–56:24 FRE 401-403; 602; 801-802; AEO | 50:1-22<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony would confuse the issues and waste the jury's time. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection or website. Mr. Lehman's testimony about previous discussions is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>52:5-53:25<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony would confuse the issues and waste the jury's time. Further, testimony that Yuga Labs' logo purportedly resembles an SS logo is highly prejudicial and of no probative value. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection or website. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection.<br><br>54:1-56:24<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection or website or Yuga Labs' intent in designing its NFT collection. Mr. Lehman's testimony as to Mr. Ripps' critique of Yuga Labs is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 57:15–60:24 | 57:15–59:25<br>FRE 401-403; 602; AEO<br><br>60:1–60:24<br>FRE 401-403; 602; 801-802; AEO | 57:15-59:25<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony is likely to confuse the issues and waste time.  Mr. Lehman lacks personal knowledge about how consumers perceived the infringing collection or whether it was successful in achieving its purported goals. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | 60:1-60:24<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Whether the disclaimer made the website less user friendly is irrelevant to the issues in this case.  This testimony is likely to waste time and confuse the issues.  Mr. Lehman lacks personal knowledge of why Mr. Ripps' chose to include the disclaimer.  MR. Lehman's testimony about Mr. Ripps' past statements on the disclaimer is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *70:10–71:17* | 70:10–70:25<br>FRE 801-802; AEO<br><br>71:1–17<br>FRE 401-403; 801-802; AEO | 70:10-70:25<br>Mr. Lehman's testimony about what Mr. Ripps said or tweeted is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>71:1-17<br>How Mr. Ripps created the infringing collection or when his associates joined the project is irrelevant.  This testimony would confuse the issues and waste time.  Mr. Lehman's testimony |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | about what Mr. Ripps said or tweeted is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *71:25–72:12* | 72:4–12 FRE 401-403; 602; 701-702; AEO | 72:4-12 This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Testimony that no other NFT collection uses a similar reservation system is necessarily speculative.  Testimony about how NFTs are minted is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *72:22–72:23* | FRE 401-403; 602; 701-702; 801-802; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of how individual twitter users responded to Defendants' infringing NFT collection, the question therefore calls for speculation.  Testimony about how a group of Twitter users has reacted to events over time is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony about what unnamed Twitter users said or did in response to Defendants' infringing NFT collection is inadmissible hearsay for |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 73:1–73:16 | FRE 401-403; 602; 701-702; 801-802; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of how individual twitter users responded to Defendants' infringing NFT collection, the question therefore calls for speculation. Testimony about how a group of Twitter users has reacted to events over time is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony about what unnamed Twitter users said or did in response to Defendants' infringing NFT collection is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 79:7–80:12 | 79:10–80:12 FRE 401-403; 602; 701-702; 801-802; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge on the internal mechanics or intent behind the Foundation website. Testimony about how the Foundation website operates is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony about how the Foundation website or its employees have describe themselves is |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 80:22–80:25 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  Mr. Lehman lacks personal knowledge of every NFT listed on the Foundation website. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 81:2–81:4 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  Mr. Lehman lacks personal knowledge of every NFT listed on the Foundation website. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 84:14–84:16 | FRE 401-403; 602; 701-702; AEO | Testimony about the term "aping in" is irrelevant.  This testimony would confuse the issues and waste time.  Mr. Lehman lacks personal knowledge about how third parties used the term.  Testimony about how the NFT community uses a technical term is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *84:18–85:17* | FRE 401-403; 602; 701-702; AEO | Testimony about the term "aping in" is irrelevant.  This testimony would confuse the issues and waste time.  Mr. Lehman lacks personal knowledge about how third parties used the term.  Testimony about how the NFT community uses a technical term is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *87:5–88:25* | 87:5–87:25 FRE 401-403; 602; 701-702; AEO<br><br>88:1–14 FRE 401-403; 602; 701-702; AEO | 87:5-87:25<br>How an Ethereum smart contract operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements.  Mr. Lehman lacks personal knowledge about how "almost all" source codes are formatted or where they can be found.  Mr. Lehman's testimony about the technical details of an Ethereum smart contract is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>88:1-14<br>How an Ethereum smart contract or the Etherscan website operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements.  Mr. Lehman lacks personal knowledge about the |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | technical details of the Etherscan website.  Mr. Lehman's testimony about the technical details of a Blockchain or the Etherscan website is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 89:4–89:12 | 89:6–12 FRE 401-403; 602; 701-702; AEO | How the Etherscan website operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements.  Further, the Court has already found a likelihood of confusion, so testimony about whether a hypothetical third-party could differentiate between NFTs on Etherscan is irrelevant and would confuse the issues.  Mr. Lehman lacks personal knowledge about hypothetical third-parties would perceive information on the Etherscan website.  Mr. Lehman's testimony about the technical details of the Etherscan website is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 90:1–90:24 | FRE 401-404; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman's testimony about the propriety of |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs' business model and instances of criticism of Yuga Labs is speculative. Mr. Lehman's testimony about the propriety of Yuga Labs' business model is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:21–91:24 | No objection | |
| 92:1–92:25 | 92:4–25 FRE 401-403; 602; AEO | Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant.  This testimony would confuse the issues and is highly prejudicial to Yuga Labs.  Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 93:3–93:19 | FRE 401-403; 602; AEO | Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant.  This testimony would confuse the issues and is highly prejudicial to Yuga Labs.  Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 94:3–95:13 | 94:6–95:13 FRE 401-403; 602; AEO | Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs.  Mr. Lehman |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *96:3–96:20* | No objection | |
| *97:15–98:8* | No objection | |
| *98:9–100:17* | FRE 401-404; 602; 801-802; AEO | Mr. Lehman's discussions with his investor Mr. Oseary are irrelevant. This testimony would confuse the issues and prejudice Yuga Labs. Mr. Lehman lacks personal knowledge as to Mr. Oseary's intentions in contacting him. Mr. Lehman's testimony as to what Mr. Oseary told him is inadmissible hearsay for which no exception applies. |
| *108:14–109:20* | 108:14–17; 24–25 FRE 401-403; 602; AEO<br><br>109:1–20 FRE 401-403; 602; AEO | 108:14-17; 24-25<br>Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>109:1-20<br>Mr. Lehman's reaction to being sued for his part in Defendants' infringement or his motivations for settlement are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *110:21–111:5* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection |
| *115:10–116:6* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *116:21–116:25* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *117:3–117:15* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *118:2–118:15* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *119:10–119:23* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *120:16–120:18* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *122:5–122:11* | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 123:5–123:24 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 124:10–124:13 | No objection | |
| 126:11–126:15 | FRE 401-403; AEO | The process of drafting Mr. Lehman's sworn testimony is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 126:20–127:3 | FRE 401-403; AEO | The process of drafting Mr. Lehman's sworn testimony is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:15–128:10 | 127:15–128:2 FRE 401-403; 602; AEO | How the wording of Mr. Lehman's sworn declaration was chosen is irrelevant and the Court has already found a likelihood of confusion. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman's testimony about what word he would have chosen is speculative. Yuga Labs has also designated this testimony as Attorneys' |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *129:16–129:19* | No objection | |
| *132:9–133:15* | 133:3–15 FRE 401-403; AEO | The Court has already found that Defendants' used their marks in commerce and found a likelihood of confusion so this testimony is not relevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *136:23–138:22* | No objection | |
| *139:9–139:24* | 139:9–22 FRE 401-403; 701-702; 801-802; AEO | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Testimony is based on technical or specialized knowledge of art and art criticism, and witness is not qualified as an expert. Testimony about what third-parties said about Mr. Ripps or his project is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *140:5–141:15* | No objection | |
| *142:9–142:17* | FRE 401-403; AEO | The Court has already found that Defendants' used their marks in commerce and found a likelihood of confusion so this testimony is not relevant. The testimony would confuse the |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *142:21–143:11* | No objection | |
| *145:3–145:22* | No objection | |
| *146:18–147:13* | 147:1–13 FRE 401-403; 801-802; AEO | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Testimony about what Mr. Ripps told Mr. Lehman to do is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *147:21–148:9* | FRE 401-403; 602; 801-802; AEO | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Mr. Lehman lacks personal knowledge of the intentions of Mr. Ripps in adding the disclaimer to the website. Testimony about what Mr. Ripps told Mr. Lehman to do is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *151:5–151:25* | FRE 401-403; 602; AEO | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Mr. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Lehman's testimony about how hypothetical third-parties would understand a document is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *152:5–153:1* | 152:21–153:1 FRE 401-403; 602; 701-702; AEO | The Court has already found a likelihood of confusions so whether it is ascertainable that Mr. Ripps created the RR/BAYC smart contract is irrelevant. Mr. Lehman's testimony about how a hypothetical third-party would understand an Etherscan page is speculative. Testimony about the technical details of Etherscan is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *155:12–156:14* | 156:1–14 FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so that information such as the date of mint is ascertainable on Etherscan is irrelevant. Mr. Lehman's testimony about how a hypothetical third-party would understand an Etherscan page is speculative.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *157:22–158:2* | FRE 401-404; 602; AEO | Mr. Lehman's state of mind is not at issue and the Court has already adjudicated Defendants' state of mind.  There is no issue related to state of mind that the jury will decide and this testimony will only confuse the jury as to the issues they must decide. This testimony is |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial to Yuga Labs and likely to confuse the issues. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *164:14–165:12* | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. Mr. Lehman's testimony about discord conversations from before he joined the project are speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *170:18–171:24* | FRE 401-404; 602; AEO | This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman's testimony about why third-parties purchase NFTs is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *174:19–179:13* | 174:23–25 FRE 401-404; 602; AEO<br><br>175:1–22 FRE 401-404; 602; AEO<br><br>176:5–25 FRE 401-403; 602; AEO | 174:23-25 Whether Yuga Labs has "focused" on a statement is irrelevant.  This testimony would confuse the issues and prejudice Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' internal discussions or legal strategy so this testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 177:1–18 FRE 401-403; 602; 801-802; AEO<br><br>178:1–179:13 FRE 401-404; 602; AEO | 175:1-22<br>Defendants' beliefs about the financial impact they have had on Yuga Labs is irrelevant. Yuga Labs' experts can present reliable calculations. This testimony would confuse the issues and prejudice Yuga Labs. Mr. Lehman admittedly lacks personal knowledge of Mr. Cahen's intent or the meaning of his statement. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>176:5-25<br>This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of why consumers were purchasing RR/BAYC NFTs so this testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>177:1-18<br>This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of his business associate's intent in making commentary. Mr. Lehman's recollection of his associate's comments is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>178:1-179:13<br>This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman's testimony as to Mr. Ripps' intent is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *181:21–182:7* | 182:3–7<br>FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. Mr. Lehman lacks personal knowledge of Yuga Labs' marks so this testimony is speculative. |
| *184:19–184:23* | FRE 401-403; 602; AEO | The Court has already found that Defendants' acted with the intent to infringe so this testimony is irrelevant. It would confuse the issues and prejudice Yuga Labs. Mr. Lehman lacks personal knowledge of Defendants' intent so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *188:13–188:21* | FRE 401-403; AEO | The Court has already found a likelihood of confusion and that Defendants' used Yuga Labs' marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *193:13–196:21* | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion and that Defendants' used Yuga Labs' marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Mr. Lehman's testimony about how third-party consumers perceive information on Etherscan is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *200:20–200:25* | FRE 401-403; AEO | The Court has already found a likelihood of confusion and that Defendants' used Yuga Labs' marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *203:23–203:25* | FRE 401-404; 602; AEO | Whether RR/BAYC NFTs were ever given away for free is irrelevant. The Court has already found that Defendants' infringed on Yuga Labs' marks. This testimony would confuse the issues and waste time. Mr. Lehman lacks personal knowledge as to whether any NFTs were given away for free so this testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *210:16–214:7* | 211:17–25 FRE 401-403; 602; AEO  212:1–214:7 | 211:17-25 Mr. Lehman's ill-gotten profits are irrelevant. This testimony would waste time and confuse the issues. Mr. Lehman admittedly lacks personal knowledge of the amount for this |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; AEO | transaction so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>212:1-214:7<br>Mr. Lehman's ill-gotten profits are irrelevant. This testimony would waste time and confuse the issues. Mr. Lehman admittedly lacks personal knowledge of the amount for this transaction so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *214:15– 217:6* | 214:23–217:6 FRE 401-403; 602; AEO | This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Mr. Lehman lacks personal knowledge of why Defendants' chose to market and collect fees from their infringing NFTs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *219:14– 220:3* | 219:23–25 FRE 401-403; 602; AEO | The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| *221:12–222:16* | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *223:8–225:15* | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *226:6–227:13* | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *229:20–230:25* | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *231:4– 231:22* | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *246:13– 247:25* | 246:13–25 FRE 401-403; 602<br><br>247:12–25 FRE 401-403; 602; AEO | 246:13-25<br>The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>247:12-25<br>The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *248:3– 249:24* | 248:3; 12–15 FRE 401-403; 602; AEO<br><br>249:1–24 FRE 401-403; 602; AEO | 248:3; 12-15<br>The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>249:1-24<br>The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *250:2* | FRE 401-403; 602; AEO | The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *251:23– 252:7* | FRE 401-403; 602; AEO | The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Plaintiff's Designations**

| Plaintiff's Counter-Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *7:8–7:9* | No objection | |
| *7:12–7:15* | No objection | |
| *8:9* | No objection | |
| *19:19–19:22* | No objection | |
| *19:25* | No objection | |
| *29:9–29:22* | No objection | |
| *32:20–32:21* | No objection | |
| *116:7–116:20* | No objection | |
| *117:16–118:1* | No objection | |
| *119:2–119:9* | No objection | |
| *124:14–124:15* | No objection | |
| *124:18–125:9* | No objection | |
| *125:1–9* | No objection | |
| *152:4* | No objection | |
| *153:23–155:11* | No objection | |
| *202:24* | No objection | |
| *203:2–203:8* | No objection | |
| *203:17–203:22* | No objection | |

## Plaintiff's Designations – Ryder Ripps

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 12:22–12:25 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | appears the witness did not in fact have the requisite foundation to answer. |
| 13:1–13:3 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 24:16–24:19 | No objection | |
| 25:12–26:5 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 26:20–26:23 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 32:18–33:6 | No objection | |
| 34:9–34:15 | Foundation, Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 34:20–35:1 | No objection | |
| 36:18–37:8 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 40:6–40:19 | Irrelevant, Foundation, Incomplete (fails to | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | designate full answer) | foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 41:19–42:18 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 42:19–43:25 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 45:23–46:1 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 46:2–46:7 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | appears the witness did not in fact have the requisite foundation to answer. |
| 54:10–54:23 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 60:18–60:25 | No objection | |
| 61:1–61:4 | No objection | |
| 61:10–61:15 | No objection | |
| 62:19–62:22 | Foundation, Vague and Ambiguous, Speculative | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.   The questions themselves were also vague and ambiguous, leading to an unintelligible question that could not lead to substantive answer or answers that were not similarly unintelligible. |
| 62:24–62:25 | Foundation, Vague and Ambiguous, Speculative | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.   The questions themselves were also vague and ambiguous, leading to an unintelligible question that could not lead to substantive answer or answers that were not similarly unintelligible. |
| 65:10–65:14 | No objection | |
| 66:18–67:2 | No objection | |
| 69:6–69:11 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 69:25–70:1 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 70:3–70:10 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 71:9–71:12 | No objection | |
| 72:21–72:23 | No objection | |
| 73:4–73:7 | No objection | |
| 75:21–75:23 | Foundation | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 76:2–76:9 | Foundation | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 77:9–77:15 | No objection | |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 80:13–80:21 | Irrelevant, Speculative | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness was also asked question for which he did not have personal knowledge and thus was forced to give a speculative response. |
| 81:3–81:14 | Irrelevant, Speculative | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The witness was also asked question for which he did not have personal knowledge and thus was forced to give a speculative response. |
| 82:8–82:13 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 83:20–84:11 | No objection | |
| 90:11–91:8 | Foundation, Speculative | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers. |
| 92:15–94:3 | Foundation, Speculative | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers. |
| 94:6–94:13 | Foundation, Speculative | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers. |
| 94:20–94:25 | Foundation, Speculative, | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | Incomplete (fails to designate full answer) | appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 97:22–98:9 | 97:22–98:7 Foundation, Irrelevant<br><br>98:8–9 Foundation, Speculative, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.<br><br>The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 98:11–98:23 | Foundation, Speculative, Incomplete (fails to designate full answer) | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 99:25–100:6 | Speculative, Incomplete (fails to | The witness was asked questions for which he did not have personal knowledge, requiring speculation.  The witness confirmed this fact by |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | designate full answer) | explaining that he would have to research to determine the answer to Plaintiff's question.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 102:15–102:18 | No objection | |
| 102:19–103:10 | No objection | |
| 103:11–103:13 | No objection | |
| 103:14–103:21 | No objection | |
| 103:22–104:4 | No objection | |
| 104:5–104:13 | No objection | |
| 106:2–106:14 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 106:15–107:6 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 108:14–108:16 | No objection | |
| 109:9–109:11 | Foundation, Speculative | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers. |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 109:15–109:20 | 109:15–18 Foundation, Speculative<br><br>109:19–20 Incomplete (fails to designate full answer) | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 111:19–111:23 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 114:15–115:3 | 114:15–17 Foundation, Speculative<br><br>114:18–115:3 Foundation, Speculative, Incomplete (fails to designate full answer) | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  The witness, as a result, was asked questions forcing him to give speculative answers.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 116:24–117:4 | No objection | |
| 124:25–125:4 | No objection | |
| 125:10–125:20 | Incomplete (fails to designate full answer) | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 127:7–127:18 | No objection | |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 131:4–131:12 | Foundation, Incomplete (fails to designate full answer) | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 134:12–134:13 | No objection | |
| 135:2–135:16 | Foundation | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 138:10–138:14 | Foundation | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 143:19–144:8 | 143:19–25 Foundation<br><br>144:1–8 Incomplete (fails to designate full answer) | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 145:6 | No objection | |
| 147:10–147:15 | 147:13–15 Foundation, Vague or Ambiguous | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  Plaintiff's question was also improperly vague and ambiguous by not being clear as to what number BAYC token ID meant, and it is not clear as to |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | what the witness understood the term to mean when answering. |
| 147:17–147:22 | 147:17–18 Vague and Ambiguous, Foundation<br><br>147:19–22 Foundation, Incomplete (fails to designate full answer) | The Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. Plaintiff's question was also improperly vague and ambiguous by not being clear as to what number BAYC token ID meant, and it is not clear as to what the witness understood the term to mean when answering.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 149:9–149:15 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 149:18–150:10 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | in an incomplete answer that is improper, confusing, and misleading. |
| 150:14–150:16 | No objection | |
| 150:17–150:19 | No objection | |
| 158:1–158:24 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 159:25–160:18 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 160:20 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 161:24–162:6 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 162:19–163:6 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 163:15–164:11 | 163:15–164:8 Irrelevant, Foundation<br><br>164:9–11 Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 165:22–166:6 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 166:13–166:25 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 167:17–167:23 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 169:4–169:6 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 170:7–170:11 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 170:21–171:24 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 174:3–174:7 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 177:15–177:24 | No objection | |
| 177:25–178:4 | No objection | |
| 178:5–178:11 | No objection | |
| 178:12–178:15 | No objection | |
| 182:20–182:24 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 184:14–186:19 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 193:14–193:24 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.  The Plaintiff also failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 196:6–196:9 | No objection | |
| 198:8–198:22 | Foundation | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 202:25–203:13 | 202:25–203:6 Foundation  203:7–13 | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | Foundation, Hearsay | This testimony is also inadmissible hearsay because the witness is testifying regarding an out of court statement from a different party and the testimony is being used to bearing on the truthfulness of that out of court statement. |
| 203:15–204:3 | 203:15–24 Foundation, Hearsay<br><br>203:25–204:3 Foundation | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>This testimony is also inadmissible hearsay because the witness is testifying regarding an out of court statement from a different party and the testimony is being used to bearing on the truthfulness of that out of court statement. |
| 208:10–208:15 | Foundation, Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 209:23–210:18 | 209:23–210:15 Foundation, Irrelevant<br><br>210:16–18 Foundation, Irrelevant; Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  As a result, and as confirmed by the testimony, the witness was improperly asked to speculate. |
| 210:21–210:24 | Foundation, Irrelevant, Speculation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  As a result, and |

Plaintiff's Designations

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | as confirmed by the testimony, the witness was improperly asked to speculate. |
| 215:8–215:13 | Foundation, Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 227:23–227:25 | Foundation, Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  As a result, and as confirmed by the testimony, the witness was improperly asked to speculate. |
| 228:1–228:7 | Foundation, Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  As a result, and as confirmed by the testimony, the witness was improperly asked to speculate. |
| 228:8–228:9 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  As a result, and as confirmed by the testimony, the witness was improperly asked to speculate. |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 236:23–238:17 | 236:23–238:10 Foundation<br><br>238:11–17 Foundation; Irrelevant, Unfair Prejudice 403 | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>This testimony is also inadmissible under Fed. R. Evid. 403 because it improperly asks questions relating to a parties wealth and Plaintiff has itself has confirmed that just answer are inappropriate by asking for a jury instruction to disregard the wealth of parties. |
| 241:8–241:11 | No objection | |
| 243:1–243:17 | No objection | |
| 249:14–249:21 | Foundation | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 265:11–266:3 | Foundation | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 268:13–268:15 | No objection | |
| 268:17–268:18 | No objection | |
| 274:23–275:7 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 276:18–277:15 | Foundation, Hearsay | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | appears the witness did not in fact have the requisite foundation to answer.  This testimony is also inadmissible hearsay because it concerns and out of court statement by Mr. Hickman and is being offered as evidence on the truthfulness of that out of court statement. |
| 279:14–280:19 | Foundation, Hearsay | Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.  This testimony is also inadmissible hearsay because it concerns and out of court statement by Mr. Hickman and is being offered as evidence on the truthfulness of that out of court statement. |
| 282:19–282:23 | Irrelevant | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. |
| 284:12–284:21 | No objection | |
| 286:15–287:21 | No objection | |
| 288:6–288:11 | No objection | |
| 289:7–290:12 | No objection | |
| 291:9–291:11 | Irrelevant, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 291:13–291:18 | Irrelevant, Foundation, Incomplete (fails to | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it |

**Plaintiff's Designations**

| Plaintiff's Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | designate full answer) | appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |
| 294:1–294:14 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 294:17–295:7 | Irrelevant, Foundation | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer. |
| 295:9 | Irrelevant, Foundation, Incomplete (fails to designate full answer) | This testimony does not bear on any of the issues at trial (damages, intent/willfulness, or alleged false advertising) and is therefore irrelevant. Plaintiff failed to ask any questions to lay foundation and, based on the witness' answer, it appears the witness did not in fact have the requisite foundation to answer.<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *11:2–11:4* | No objection | |
| *12:3–12:8* | FRE 401–403; 602 | Mr. Ripps' OKFocus corporation is unrelated to any issues in this litigation. |
| *22:2–22:19* | FRE 401–404; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' narrative explanation regarding NFT verification and his background experience with NFTs and digital are not responsive to the question asked regarding a clarification of what he meant by "artwork" in a prior undesignated narrative. This answer is not responsive and is misleading. It is also improper unqualified expert testimony regarding the technical details. It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *26:24–27:19* | 26:24–25 FRE 401-403  27:1–19 FRE 106; 401-404; 602; 611(a); 701-702; 801-802; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' narrative explanation regarding Twitter activity and the actions of unrelated third parties are non-responsive to the question asked of how Mr. Garner helped him mint RR/BAYC NFTs. It is also improper unqualified expert testimony. It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' statements regarding his |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | statements on Twitter and any alleged statements by Yuga Labs are inadmissible hearsay for which no exception applies. |
| *33:7–33:8* | FRE 401–403 | This testimony in response to this question is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' narrative explanation regarding NFT verification and his background experience with NFTs and digital are not responsive to the question asked regarding a clarification of what he meant by "artwork" in a prior undesignated narrative. This answer is not responsive and is misleading. It is also improper unqualified expert testimony regarding the technical details.  It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *33:10–33:18* | FRE 106; 401-404; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' narrative explanation regarding NFT verification and his background experience with NFTs and digital are not responsive to the question asked regarding a clarification of what he meant by "artwork" in a prior undesignated narrative. This answer is not responsive and is misleading. It is also improper unqualified expert testimony regarding the technical details.  It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. To the extent Defendants seek to proffer this testimony as |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | character evidence, it is inadmissible for that purpose. |
| 35:2–35:11 | FRE 106; 401-404; 602; MIL 1; MIL 2; FRCP 26 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. This answer is not responsive and is misleading.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 35:12–36:17 | 35:12–25 FRE 401-403; 611(a)  36:1–17 FRE 106; 401-404; 602; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial.  Mr. Ripps' answer is not responsive to the question and is misleading. It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 37:22–38:3 | No objection | |
| 44:19–45:22 | 44:19–25 FRE 106; 401-404; MIL 2  45:1–22 FRE 106; 401-404; 602; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' narrative explanation answer is not responsive to the question and is misleading. It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. |
| 59:10–59:17 | FRE 401-404; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | purported artistic purpose are not relevant to this case and are unduly prejudicial. |
| | | Mr. Ripps' comments regarding alleged critiques he's made constitute inadmissible hearsay for which no exception is applicable. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *61:5–61:9* | No objection | |
| *62:13–62:18* | FRE 401-404; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial.<br><br>Mr. Ripps' comments regarding alleged critiques he's made constitute inadmissible hearsay for which no exception is applicable. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *65:15–66:4* | 65:15–25 FRE 106; 602; 401-404<br><br>66:1–4 FRE 106; 401-404; 602; MIL 1; MIL 2 | 65:15–25 Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Ripps' instructions regarding the removal of the favicon and his impressions of it are irrelevant, unduly prejudicial, and misleading. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.<br><br>66:1–4 This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' instructions regarding the removal of the favicon and his impressions of it are irrelevant, unduly prejudicial, and misleading. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 67:3–67:19 | FRE 401-403; 602; 701-702; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Ripps' instructions regarding his personal opinion of the favicon and his impressions of how others view favicons generally are irrelevant, unduly prejudicial, unqualified expert testimony, and misleading.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 68:20–69:3 | FRE 401-404; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' timeline for his criticisms is irrelevant, unduly prejudicial, and misleading. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 70:19–70:25 | FRE 106; 401-404; 602 | Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Ripps' claim that Foundation created the page for RR/BAYC NFTs is irrelevant, misleading, and unduly prejudicial.  To the extent Defendants |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *71:13–72:13* | 71:13–25 FRE 106; 401-404; 602; 701-702; MIL 1; MIL 2<br><br>72:1–13 FRE 106; 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' personal impressions regarding the views of other unrelated third parties and his explanations of his critiques are irrelevant and misleading.  Mr. Ripps is not a qualified expert regarding the designated subject matter. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' testimony regarding alleged statements others have made in response to his statements is inadmissible hearsay for which no exception is applicable. |
| *74:14–74:16* | FRE 401-404 | This testimony in response to this question is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial.<br><br>Mr. Ripps' inflammatory personal narratives and criticisms of Yuga Labs are not responsive to the confirmational question asked regarding whether he changed a logo on a specific webpage. Mr. Ripps is not a qualified expert regarding the designated subject matter. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | purpose. Mr. Ripps' testimony regarding alleged statements others have made in response to his statements is inadmissible hearsay for which no exception is applicable. |
| *74:20–75:17* | 74:20–25 FRE 106; 401-404; 602; 701-702; MIL 1; MIL 2<br><br>75:1–17 FRE 106; 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial.<br><br>Mr. Ripps' inflammatory personal narratives and criticisms of Yuga Labs are not responsive to the confirmational question asked regarding whether he changed a logo on a specific webpage. Mr. Ripps is not a qualified expert regarding the designated subject matter. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' testimony regarding alleged statements others have made in response to his statements is inadmissible hearsay for which no exception is applicable. |
| *76:10–76:22* | FRE 106; 401-403; 801-802 | Defendants' trademark infringement has been established already and so this testimony is not relevant to the issues the jury will decide and will confuse them and waste time. This testimony is unresponsive to the question asked regarding whether Mr. Ripps changed text on a given page.  Mr. Ripps' response concerns only what he sees on the page at that moment in the deposition.  It is misleading and unfairly prejudicial.  The testimony regarding statements on the referenced webpage is inadmissible hearsay for which no exception is applicable. |
| *79:8–80:9* | FRE 106; 401-403; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | unduly prejudicial.  Mr. Ripps' answer is not responsive to the question asked regarding whether a certain search result would yield a specified result, and is, therefore, misleading and unfairly prejudicial. Mr. Ripps is not a qualified expert regarding the designated subject matter, and his testimony concerning Foundation and Andy Warhol is improper unqualified expert testimony. |
| 81:22–82:7 | 81:22–25 FRE 401-404; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial.  Mr. Ripps' answer is not responsive to the question asked regarding whether he has taken images of how the RR/BAYC NFT collection appeared on OpenSea before it was delisted, and is, therefore, misleading and unfairly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter. The testimony regarding alleged statements on the referenced webpage is inadmissible hearsay for which no exception is applicable. |
| | 82:1–7 FRE 106; 401-404; 602; 701-702; 801-802; MIL 2 | |
| 89:14–89:24 | FRE 106; 401-404; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. The testimony regarding alleged communications is inadmissible hearsay for which no exception is applicable. |
| 91:14–91:16 | No objection | |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *125:5–125:9* | FRE 106; 401-403; 602; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' testimony regarding criticisms through a website is unrelated to the question asked of whether individuals could reserve a RR/BAYC NFT based on the BAYC token ID on the website. This testimony is misleading and unduly prejudicial. |
| *126:20–126:23* | FRE 106; 401-404; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. because issues of Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. This testimony is misleading and unduly prejudicial. |
| *139:20–140:18* | 139:20–25 FRE 106; 401-404; MIL 2<br><br>140:1–18 FRE 106; 401-404; 602; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' testimony regarding his explanation of a tweet from an undesignated portion of the deposition is misleading and unduly prejudicial. |
| *145:20–146:10* | 145:20–25 FRE 401-403<br><br>146:1–10 FRE 106; 401-404; 602; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' testimony concerning his disapproval of how a website appears on a printout or whether others aided him in the drafting of a statement is misleading, unduly prejudicial, and would only waste the time of the parties, jury, and court. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *150:11–150:13* | FRE 106; 401-404; 602; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' testimony concerning his disinterest in trademark applications as an artist is misleading and unduly prejudicial. |
| *150:20–151:6* | 150:20–25 FRE 106; 401-404; 602; MIL 2<br><br>151:1–6 FRE 106; 401-403; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter.  Mr. Ripps' testimony concerning his beliefs regarding hypothetical statements and the scope of trademark rights is misleading and unduly prejudicial. |
| *161:13–161:14* | No objection | |
| *161:16–161:23* | FRE 106; 401-404; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter. Mr. Ripps' narrative testimony regarding his performance is unrelated to the clarifying question asked of whether he referred to RR/BAYC NFTs in a prior sentence.  This testimony is misleading and unduly prejudicial. |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *163:7– 163:14* | FRE 106; 401-403; 602 | Mr. Ripps' understanding of how car insurance works is unrelated to the clarifying question asked concerning the LLC.  This testimony is misleading and unduly prejudicial. |
| *172:12– 172:20* | FRE 401-403; 602; 701-702; 801-802 | Mr. Ripps' testimony is not relevant to any issue in dispute in this litigation.  It is also misleading.  Mr. Ripps is not a qualified expert regarding the designated subject matter. The testimony regarding a saying is inadmissible hearsay for which no exception is applicable. |
| *178:16– 178:21* | FRE 401-403; 602; 701-702 | Mr. Ripps' testimony is not relevant to any issue in dispute in this litigation.  It is also misleading and unduly prejudicial.   Mr. Ripps is not a qualified expert regarding the designated subject matter. |
| *180:2–182:3* | 180:2–25 FRE 401-404; 602; MIL 2; MIL 4<br><br>181:1–182:3 FRE 106; 401-404; 602; 611(a); 801-802; MIL 2; MIL 4 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter.<br><br>Mr. Ripps' testimony concerning his father's understanding of cryptocurrency, his father's opinions on his artwork, his father's artwork and other information about his father, are irrelevant to any issues in this litigation and unduly prejudicial. This testimony would mislead the jury and waste the time of the parties, jury, and court.<br><br>This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *192:24– 193:6* | 193:1–6 FRE 401-403; 602; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial.<br><br>Mr. Ripps' speculative testimony regarding third parties and conversations with them is misleading, unduly prejudicial, and inadmissible hearsay for which no exception is applicable. |
| *193:8– 193:13* | FRE 401-403; 602; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial.<br><br>Mr. Ripps' commentary is unrelated to any issue in this litigation and unresponsive to the clarifying question asked. |
| *193:25– 195:5* | 194:1–25 FRE 106; 401-404; 602; 701-702; 801-802; MIL 2<br><br>195:1–5 FRE 401-404; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter concerning NFT transfers. This testimony is cumulative of other evidence in this case, incomplete, misleading, unduly prejudicial. It also contains inadmissible hearsay for which no exception is applicable. |
| *196:10– 196:22* | FRE 106; 401-404; 602; MIL 2; MIL 4 | The Court has granted Yuga Labs summary judgment on Defendants' counterclaim related to the DMCA and so this testimony is irrelevant to any issue the jury will decide.  This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 197:20–198:7 | 197:20–25 FRE 401-403; 602; MIL 2<br><br>198:1–7 FRE 106; 401-404; 602; MIL 4 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  It also contains inadmissible hearsay for which no exception is applicable.  Mr. Ripps' inflammatory comments are unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs.<br><br>The Court has granted Yuga Labs summary judgment on Defendants' counterclaim related to the DMCA and so this testimony is irrelevant to any issue the jury will decide.  This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 231:15–231:19 | FRE 401-403; 602; 701-702 | Mr. Ripps is not a qualified expert regarding the designated subject matter concerning NFT royalties and his testimony is speculative. He indicates his lack of knowledge concerning the referenced royalties. This testimony is cumulative of other evidence in this case, incomplete, misleading, and unduly prejudicial. |
| 249:22–249:25 | FRE 401-403; 602 | Mr. Ripps' testimony is irrelevant and unhelpful to any issue in dispute in this litigation.  His response indicates his lack of knowledge concerning the date of the exhibit. This testimony is cumulative of other evidence in |

**Plaintiff's Designations**

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | this case, incomplete, misleading, and unduly prejudicial. |
| *263:13–263:23* | FRE 401-403 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This testimony concerning Mr. Ripps' logo is incomplete, misleading, and unrelated to any issue in dispute in this litigation. |
| *264:4–265:10* | 264:1–25 FRE 106; 401-404; 602; 701-702; 801-802; MIL 1; MIL 2<br><br>265:1–10 FRE 401-403; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' inflammatory narrative is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs. Mr. Ripps is not a qualified expert regarding the designated subject matter. Additionally, this testimony includes inadmissible hearsay for which no exception is applicable. |
| *268:8–268:11* | FRE 401-403; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps is not a qualified expert regarding the designated subject matter. This testimony is cumulative of other evidence in this case, incomplete, misleading, and unduly prejudicial. |
| *268:21–268:23* | No objection | |
| *269:4–270:7* | 269:4–25 FRE 401-404; 602; 611(a); 701-702; 801-802; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 270:1–7 FRE 401-403; 602; 611(a); 701-702; 801-802; MIL 2 | To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  It also contains inadmissible hearsay for which no exception is applicable.  Mr. Ripps is not a qualified expert regarding the designated subject matter.  Mr. Ripps' answer is unresponsive to the question asked, which asked for the name of the collection represented in a specific exhibit.  Mr. Ripps' narrative and mental impressions regarding Foundation, Joe Biden, and Donald Trump are entirely unresponsive and would serve to mislead the jury and waste the time of the parties, jury, and court. |
| 280:23–281:10 | 280:23–25 FRE 106; 401-403; 602  281:1–10 FRE 106; 401-403; 602; 701-702; 801-802 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps is not a qualified expert regarding the designated subject matter. This testimony is misleading and would waste the time of the parties, jury, and court. Mr. Ripps' personal opinions regarding the complaint are neither responsive to the question nor relevant to any issue in dispute. |
| 288:23–289:6 | FRE 401-403; 602; 701-702 | Mr. Ripps' testimony is irrelevant and unhelpful to any issue in dispute in this litigation.  His response indicates his lack of knowledge concerning the question. This testimony is cumulative of other evidence in this case, incomplete, misleading, and unduly prejudicial. |
| 293:13–293:21 | FRE 106; 401-404; 801-802; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial.  Mr. Ripps' answer is not responsive to the question asked regarding whether he has reviewed the RR/BAYC NFT collection on other NFT marketplaces, and is, |

Plaintiff's Designations

| Defendants' Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | therefore, misleading and unfairly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter. The testimony regarding alleged statements on the referenced webpage is inadmissible hearsay for which no exception is applicable. |
| *298:3–299:3* | 298:3–25 FRE 401-403; 602; 701-702; MIL 1; MIL 2<br><br>299:1–3 FRE 401-403; 602; MIL 1; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' inflammatory narrative is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs.  Mr. Ripps is not a qualified expert regarding the designated subject matter. Additionally, this testimony includes inadmissible hearsay for which no exception is applicable. |

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| *26:6–19* [Counter to: 25:12–26:5 & 26:20–26:23] | FRE 401-404; 602; 611(a); 701-702; MIL 1; MIL 2 | The omitted portion of the counter-designated testimony is irrelevant to any issue in dispute in this litigation.  The undesignated portion of the answer is not responsive to the question asked and is unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| *37:9–13* [Counter to: 36:18–37:8] | FRE 106; 401-403; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. It is also not responsive to the question asked and is unduly prejudicial. The Court has already determined Defendants are liable to Yuga Labs for cybersquatting on ApeMarket.com.  This testimony would only mislead the jury. |
| *40:20–41:18* [Counter to 40:6–40:19] | FRE 106; 401-404; 602; 701-702; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' narrative regarding prior art projects is irrelevant to issues in this litigation and his testimony about prior, unrelated works would only serve to mislead the jury from the evaluating issues relevant to this litigation. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *70:11–18* [Counter to: 69:25–70:1 and 70:3-70:10] | FRE 106; 401-403; 602; 801-802; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' comments regarding his Twitter community are not responsive to the question asked.  This testimony is misleading because it is an incomplete analysis of the exhibit, which is a screenshot from an early date of the RR/BAYC collection.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *82:14–19* [Counter to: 82:8–82:13] | FRE 401-403; 602 ;701-702 | The undesignated portions of this answer are not responsive to any issue in this dispute and are misleading. It is also improper unqualified |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | expert testimony regarding the technical details of how NFT transfers function.  It is unhelpful and confusing testimony and would only mislead the jury. |
| 94:25–95:13 [Counter to: 94:20–94:25] | FRE 106; 401-403; 602; 701-702; MIL 1 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Ripps' mental impressions regarding the exhibit are also irrelevant and would only serve to mislead the jury and prejudice Yuga Labs. Mr. Ripps also lacks foundation for his comments about Yuga Labs. |
| 98:24–99:15 [Counter to: 97:22–98:9 & 98:11–98:23] | FRE 401-403; 602; 701-702 | Mr. Ripps' narrative explanation regarding internet domain functionalities and Ethereum Name Service technicalities are not responsive to the question asked regarding whether he created the smart contract for RR/BAYC NFTs. The undesignated portions of this answer regarding are not responsive to any issue in this dispute and are misleading. It is also improper unqualified expert testimony regarding the technical details.  It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. |
| 100:7–101:15 [Counter to: 99:25–100:6] | FRE 401-403; 602; 701-702; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' narrative explanation regarding internet domain functionalities and Ethereum blockchain technicalities are not responsive to the question asked regarding whether he created the smart contract for RR/BAYC NFTs. The undesignated portions of this answer regarding are not responsive to any issue in this dispute and are |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | misleading. It is also improper unqualified expert testimony regarding the technical details. It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. |
| *107:7–21* [Counter to: 106:2–106:14 & 106:15–107:6] | FRE 401-403; 602; 701-702 | Mr. Ripps' narrative explanation regarding Ethereum blockchain technicalities are not responsive to the question asked regarding where on the blockchain it shows that the name of the RR/BAYC NFT collection is "Ryder Ripps/Bored Ape Yacht Club." The undesignated portions of this answer regarding Mr. Ripps' impressions of the Ethereum blockchains and his comparisons with private servers are not responsive to any issue in this dispute and are misleading. It is also improper unqualified expert testimony regarding the technical details.  It is unhelpful and confusing testimony that would only mislead the jury and waste the time of the parties, jury, and court. |
| *109:21–111:18* [Counter to: 109:15–20 & 111:19–111:23] | FRE 106; 401-403; 602; 701-702; 801-802; MIL 1 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Ripps' long narrative explanation regarding topics, such as his beliefs concerning the behavior of people and companies; various entities' incentives for committing actions; and his understanding and experience with Ethereum Name Service are entirely unrelated to whether Mr. Ripps has changed any information related to the smart contract for RR/BAYC NFTs. It is also improper unqualified expert testimony regarding the technical details.  It is unhelpful and confusing testimony that would only |

**Plaintiff's Designations**

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | mislead the jury and waste the time of the parties, jury, and court. |
| *125:21–126:9* [Counter to: 125:10–125:20] | FRE 106; 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial.  Mr. Ripps' narrative explanation concerning his theories regarding celebrity ownership and promotion are unresponsive to the question asked, unhelpful to any issue in dispute and would waste the time of the parties, jury, and court.  It is also improper unqualified expert testimony. |
| *131:13–25* [Counter to: 131:4–131:12] | FRE 106; 401-404; 602; 701-702; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' thoughts on comedy are irrelevant to issues in this litigation and his testimony about prior, unrelated works would only serve to mislead the jury from the evaluating issues relevant to this litigation. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. It is also improper unqualified expert testimony. |
| *144:9–22* [Counter to: 143:19–144:8] | FRE 401-404; 602; 701-702; MIL 4; MIL 1 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Furthermore, the Court granted Yuga Labs' summary judgment on Defendants' DMCA counterclaim, so this is not relevant to any issue remaining in the case. Mr. Ripps' personal views regarding DMCAs and prior DMCA takedowns are irrelevant and would only serve to mislead the |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | jury and prejudice Yuga Labs. It is also improper unqualified expert testimony.<br><br>This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| *147:23–148:7* [Counter to: 147:17–147:22] | FRE 401-403; 602; 701-702; MIL 1; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Ripps' commentary and analogies are irrelevant and would only serve to mislead the jury and prejudice Yuga Labs. It is also improper unqualified expert testimony. |
| *149:16–17* [Counter to: 149:9–149:15 & 149:18–150:10] | FRE 401-404; 602; MIL 1 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Ripps' speculative inflammatory remark is neither relevant to any issues in this litigation nor responsive to the question asked.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *164:12–165:4* [Counter to: 163:15–164:11] | FRE 401-403; 801-802; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. Mr. Ripps' personal views regarding Limited Liability Corporations and his prior experience with them are irrelevant and would only serve to mislead the jury and prejudice Yuga Labs. It is also improper unqualified expert testimony and unhelpful opinion testimony regarding the functionality of LLCs. |

186

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| *167:1–5* [Counter to: 166:13–166:25] | FRE 401-403 | The undesignated portion concerns Mr. Ripps' lack of knowledge regarding Limited Liability Corporations.  This testimony is irrelevant to any issues in this litigation.  Mr. Ripps' acknowledgement that he should talk to his lawyer about LLCs is irrelevant and would only serve to mislead the jury and prejudice Yuga Labs. It is also improper unqualified expert testimony and unhelpful opinion testimony regarding LLCs. |
| *169:7–25* [Counter to: 169:4–169:6] | FRE 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 | This undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case and are unduly prejudicial. Mr. Ripps' inflammatory narrative is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs.  Mr. Ripps is not a qualified expert regarding the designated subject matter. Additionally, this testimony includes inadmissible hearsay for which no exception is applicable.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *228:10–231:2* [Counter to: 228:8–228:9] | FRE 106; 401-404; 602; 611(a); 701-702; 801-802; MIL 1; MIL 2; MIL 3; MIL 4; MIL 5 | This undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1, 2, 3, and 5 because issues of Inflammatory Material, Mr. Ripps' purported artistic purpose, and alleged third party infringers are not relevant to this case and are unduly prejudicial.  Mr. Ripps' inflammatory narrative is unrelated to any issue in dispute in this litigation and would serve to only mislead the jury and prejudice Yuga Labs. Mr. Ripps is not a qualified expert regarding the |

Plaintiff's Designations

| Defendants' Specific Counter Designations | Plaintiff's Objections | Plaintiff's Grounds for Objection |
|---|---|---|
| | | designated subject matter. Additionally, this testimony includes inadmissible hearsay for which no exception is applicable.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Mr. Ripps' long unresponsive narrative comprising almost three full three pages of deposition testimony is not appropriate for counter-designation to the question of whether Mr. Ripps has donated royalties to charity.  This would only waste the time of the parties, jury, and court.<br><br>This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| *291:19–24* [Counter to: 291:9–291:11 & 291:13–291:18] | FRE 106; 401-403; 602; 701-702; MIL 2 | The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case and is unduly prejudicial. The undesignated portion concerns Mr. Ripps' lack of control over unrelated third parties, including Facebook, is irrelevant to any issues in this litigation.  This testimony would only serve to mislead the jury and prejudice Yuga Labs. It is also improper unqualified expert testimony and unhelpful lay testimony. |
| *295:13* [Counter to: 295:9] | FRE 401-403; 602; 701-702 | The undesignated portion concerns Mr. Ripps' lack of control over unrelated third parties, including Facebook, is irrelevant to any issues in this litigation.  This testimony would only serve to mislead the jury and prejudice Yuga Labs. It is also improper unqualified expert testimony and unhelpful lay testimony. |

## Defendants' Designations

**Defendants' Designations – Wylie Aronow**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 3:18–3:19 | No objection. | |
| 5:17–5:21 | No objection. | |
| 6:5–6:13 | No objection. | |
| 12:24–12:25 | FRE 401-404, AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This designation is misleading and incomplete.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 13:2–13:3 | FRE 401-404, AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This designation is misleading and incomplete. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 13:22–13:24 | FRE 401-404, AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 14:8–14:12 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 15:19–15:22 | No objection. | |
| 16:23–17:3 | FRE 401-404, AEO | Mr. Aronow's ownership interest in Yuga Labs is not relevant to any issue in dispute and the jury's knowledge of that fact could prejudice them against Mr. Aronow.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 17:8–17:10 | No objection. | |
| 20:7–20:22 | FRE 401-403 (subject to purpose for use) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent this testimony is offered for that purpose, Yuga Labs objects. |
| 26:19–27:9 | 26:19-25 FRE 401-404  27:1-9 FRE 401-404, AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

190

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 27:23–27:25 | FRE 401-404, AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.   To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 30:2–30:8 | FRE 401-403, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 36:8–36:15 | FRE 401-403, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 36:22–37:3 | 36:22-25 FRE 401-404; 602  37:1-3 FRE 106; 401-404; 602; 611(a) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.   To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  Additionally, the witness testifies to his lack of knowledge and therefore there is no foundation for this testimony.  The question as phrased is also misleading, harassing or would cause undue embarrassment. |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 37:21–38:7 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.   To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 39:11–39:12 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 39:15–39:16 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 40:23–41:2 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 41:10–41:11 | No objection. | |
| 41:13–41:16 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 42:22 | FRE 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  The question is misleading.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 42:25–43:1 | FRE 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 43:10–43:11 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 43:13–43:13 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 46:24–47:3 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 52:7–52:16 | FRE 401-403; 801-802, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 52:20–52:22 | FRE 401-404, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:2–54:6 | FRE 401-404, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:18–54:25 | FRE 401-404, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 55:10–55:17 | FRE 401-404, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 58:25–59:9 | FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | for the purpose of circumventing that protection. |
| 59:15–60:6 | 59:15-25 FRE 401-404; 801-802; Conf.<br><br>60:1-6 FRE 401-404; 611(a); 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:14–62:17 | FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:20–62:21 | FRE 401-404; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question also quotes inadmissible hearsay for which there is no exception.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 66:10–66:11 | No objection. | |
| 66:14–66:15 | No objection | |
| 66:17–66:18 | No objection | |
| 66:21–66:22 | No objection | |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 66:24–66:25 | No objection | |
| 67:3–67:4 | No objection | |
| 67:6–67:7 | No objection | |
| 67:10–67:11 | No objection | |
| 67:19–67:20 | No objection | |
| 67:23–67:24 | No objection | |
| 68:1–68:2 | No objection | |
| 68:5–68:6 | No objection | |
| 68:8–68:9 | No objection | |
| 68:15–68:20 | No objection | |
| 68:23–69:2 | No objection | |
| 69:16–70:13 | FRE 401-404, Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:14–74:15 | 71:14-25 FRE 401-403; AEO<br><br>72:1-74:15 FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 75:13–75:25 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 76:8–76:20 | No objection. | |
| 77:8–77:13 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 77:16–78:5 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 79:4–79:10 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 79:25–80:1 | No objection | |
| 80:3 | No objection | |
| 82:10–82:12 | No objection | |
| 82:15–82:16 | No objection | |
| 85:4 | No objection | |
| 85:6–85:7 | No objection | |
| 85:9 | No objection | |
| 85:11–85:12 | No objection | |
| 85:21–85:22 | No objection | |
| 85:25 | No objection | |
| 86:2–86:2 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 86:5–86:6 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 86:8–86:21 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 88:13–88:17 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 90:13–90:21 | No objection | |
| 91:4–91:5 | FRE 401-403; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:8–91:12 | FRE 103(c); 106; 401-403; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:15–91:16 | FRE 103(c); 106; 401-403; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 91:24–91:25 | FRE 106; 401-403; 602; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 92:3–92:4 | FRE 106; 401-403; 602; 701-702; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial.  The question as framed is misleading, counsel is testifying, and it seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 96:7–96:24 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 97:20–97:23 | FRE 401-403; AEO | The direction that any Yuga Labs employee gave to a designer is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 98:2–98:10 | FRE 401-403; AEO | The direction that any Yuga Labs employee gave to a designer is not relevant to any issue the jury will decide and will unduly prejudice Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 98:20–99:16 | No objection | |
| 100:1–100:20 | No objection | |
| 103:11–103:19 | No objection | |
| 104:9–104:23 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 104:25–105:9 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 106:11–107:8 | 107:6-8 FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 107:21–107:25 | FRE 401-403; 611(a) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is also intended to harass or unduly embarrass the witness. |
| 108:2–108:3 | FRE 401-403; 602; 611(a); AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is also intended to harass or unduly embarrass the witness on a topic about which the witness has no personal knowledge.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 108:5 | FRE 401-403; 602; 611(a); AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is also intended to harass or unduly embarrass the witness on a topic about which the witness has no personal knowledge.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 108:8–108:23 | No objection | |
| 108:25–109:10 | 109:2–10 FRE 401-404  AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 109:23–110:8 | 109:23–25 FRE 401-404  110:1–8 FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 110:11–110:18 | FRE 401-404; 611(a); 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is intended to harass or unduly embarrass the witness.  The question also purports to testify about an inadmissible statement made by a third party. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 110:21–111:5 | FRE 401-403; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question seeks testimony about an inadmissible statement made by a third party. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:8–111:9 | FRE 401-403; 602; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The question seeks testimony about an inadmissible statement made by a third party and about which counsel is testifying.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:11–111:12 | FRE 401-403; 611(a); AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:16–111:22 | FRE 106; 401-403; 611(a); 801-802; Conf.; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The subject matter is intended to harass or unduly embarrass the witness.  The question also purports to testify about an inadmissible statement made by a third party. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs has also designated this testimony as either Confidential and Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:24–111:25 | FRE 401-403; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.   The question seeks testimony about an inadmissible statement made by a third party.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:2–112:3 | FRE 401-403; 602; 611(a); Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.   The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:7–112:8 | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 112:10–112:11 | FRE 401-403; 602; 611(a); Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:14–112:15 | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:17–112:18 | FRE 401-403; 602; 611(a); Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The subject matter is intended to harass or unduly embarrass the witness.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:21–113:8 | 112:21–25 FRE 401-403; 602; Conf.  113:1–8 FRE | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 401-403 | Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 113:15–113:24 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 114:12–114:19 | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 115:17–115:22 | No objection | |
| 116:5–116:7 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 116:10–116:21 | 116:10–17 FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:23 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 118:8–118:14 | FRE 401-404; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:7–120:4 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 120:14–121:1 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 121:4–122:1 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 122:5–122:15 | FRE 401-404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 122:19–122:22 | FRE 401-404; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The questioner also purports to recite inadmissible hearsay by a third party. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:22–124:10 | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 124:14–124:15 | FRE 401-404; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 126:25–127:4 | FRE 401-403; 602 AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:8–127:9 | FRE 401-403; 602 AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:11–127:12 | FRE 401-403; 602 AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:16–127:17 | FRE 401-403; 602 AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 128:11–128:13 | FRE 401-403; 602 AEO | This line of questioning is not relevant because the witness testifies to their lack of knowledge to the subject matter.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 129:19–129:20 | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| 129:23–129:24 | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| 130:1–130:2 | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| 130:5–130:6 | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. |
| 130:8–130:13 | FRE 401-403; 602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness also testifies to their lack of knowledge on the topic. |
| 130:16 | FRE 401-403;602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them.  The witness also testifies to their lack of knowledge on the topic. |
| 132:25–133:1 | FRE 401-403; Conf. | Defendants' trademark infringement has been established already and so this question is not |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | relevant to the issues the jury will decide and will, therefore, also confuse them. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 133:4–133:6 | FRE 401-403; Conf. | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 133:22–133:23 | FRE 401-403;602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. The witness also testifies to their lack of knowledge on the topic. |
| 134:1–134:4 | FRE 401-403;602 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will, therefore, also confuse them. The witness also testifies to their lack of knowledge on the topic. |
| 137:19–137:20 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. |
| 137:23–138:1 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 142:1–142:3 | FRE 602; 701-702; AEO | The witness also testifies to their lack of knowledge on the topic that seeks an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 142:7–142:10 | FRE 602; 701-702; AEO | The witness testifies to their lack of knowledge on the topic that seeks an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 142:13–142:13 | FRE 602; 701-702; AEO | The witness testifies to their lack of knowledge on the topic that seeks an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 145:7–145:8 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 145:10 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 145:12–145:16 | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| 146:6–146:8 | FRE 401-403; 602; 701-702; Conf. | Yuga Labs' smart contract is not relevant to the issues in dispute.  The witness testifies to their lack of knowledge on the topic that seeks an expert opinion.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | designation for the purpose of circumventing that protection. |
| 146:11–146:12 | FRE 401-403; 602; 701-702; Conf. | Yuga Labs' smart contract is not relevant to the issues in dispute. The witness testifies to their lack of knowledge on the topic that seeks an expert opinion. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:1–148:3 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:5–148:6 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. This topic is also relevant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 153:21–153:23 | FRE 401-404; 611(a); Conf. | The witness's Twitter statements are not relevant to any issue in dispute and are likely to mislead the jury. The subject matter is intended to harass or unduly embarrass the witness. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 153:25–154:1 | FRE 401-404; 611(a); Conf. | The witness's Twitter statements are not relevant to any issue in dispute and are likely to mislead the jury.  The subject matter is intended to harass or unduly embarrass the witness. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 154:3–154:15 | FRE 401-404; Conf. | The witness's Twitter statements are not relevant to any issue in dispute and are likely to mislead the jury.  The subject matter is intended to harass or unduly embarrass the witness. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:7–162:9 | No objection | |
| 163:4–163:22 | FRE 602; 801-802 | The witness testifies to their lack of knowledge on the topic.  The questioner quotes a hearsay statement for which there is no exception. |
| 164:16–164:25 | FRE 602; 801-802 | The witness testifies to their lack of knowledge on the topic.  The questioner quotes a hearsay statement for which there is no exception. |
| 165:3–165:4 | FRE 602; 801-802 | The witness testifies to their lack of knowledge on the topic.  The questioner quotes a hearsay statement for which there is no exception. |
| 169:3–169:5 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| 169:7 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| 169:12–169:14 | FRE 106; 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is also misleading. |
| 169:17–170:3 | 169:17-25 FRE 103(c); 106; 401-403; 602; 801-802<br><br>170:1-3 FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| 170:6–170:10 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| 170:13 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| 171:9–171:21 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | witness.  The question also recites inadmissible hearsay. |
| 171:24–171:25 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic. |
| 174:15–174:17 | 174:17 FRE 103(c); 106; 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness. |
| 174:20–174:21 | FRE 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay. |
| 175:6–175:8 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* Nos. 3 and 5 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay. |
| 175:16–175:20 | FRE 103(c); 106; 401-403; 602; 611(a); 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is also misleading, testimony by counsel, and intended to harass or embarrass the witness.  The question also recites inadmissible hearsay. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 176:5–176:17 | FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is also testimony by counsel.  The question also recites inadmissible hearsay. |
| 177:3–177:4 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 177:6–177:17 | FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 177:20–177:22 | FRE 103(c); 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  The question also recites inadmissible hearsay.  Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 180:23–181:10 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. |
| 181:14–182:5 | FRE 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 182:8–182:24 | FRE 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay. |
| 183:4–183:6 | FRE 401-403; 602; 701-702 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion. |
| 183:19–183:22 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 183:25–184:3 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 184:12–185:11 | 184:12-25 FRE 103(c); 106; 401-403; 602; 801-802 AEO<br><br>185:1-11 FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel misleadingly testifies in their questioning of the witness.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 185:13–185:14 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading and testimony by counsel.  The question also recites inadmissible hearsay. |
| 185:23–185:25 | FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading and testimony by |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | counsel.  The question also recites inadmissible hearsay. |
| 186:4–186:5 | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 186:8–186:12 | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 187:5–187:14 | FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 187:17–188:4 | FRE 103(c); 106; 401-403; | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 602; 701-702; 801-802; AEO | mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is misleading testimony by counsel. The question also recites inadmissible hearsay. The question seeks an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 188:7–188:25 | FRE 401-403; 602; 701-702; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is misleading testimony by counsel. The question also recites inadmissible hearsay. The question seeks an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 189:20–190:7 | 189:20-25 FRE 103(c); 106; 401-403; 602; 701-702; 801-802 <br><br> 190:1-7 FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question is misleading testimony by counsel. The question also recites inadmissible hearsay. The question seeks an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 190:10–190:14 | FRE 103(c); 106; 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | their lack of knowledge on the topic.  The question is misleading testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 190:17– 190:20 | FRE 103(c); 106; 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 190:23–191:3 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 191:10–192:2 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

220

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 192:4 | FRE 103(c); 106; 401-403; 602; 701-702; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion. |
| 192:7–192:16 | FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  The question also recites inadmissible hearsay. |
| 192:18–192:19 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 192:22 | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is testimony by counsel.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 192:24–193:1 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 193:9–193:25 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay. |
| 195:4–195:18 | FRE 103(c); 106; 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 195:21–196:3 | 195:21-25 FRE 103(c); 106; 401-403; 602; 701-702; 801-802; AEO  196:1-3 FRE 103(c); 106; 401-403; 602; 701-702; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question also recites inadmissible hearsay.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 197:12–197:13 | FRE 103(c); 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 197:16 | FRE 103(c); 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 198:3–199:6 | 198:3-25 FRE 103(c); 106; 401-403; 602; 801-802<br><br>199:1-6 FRE 103(c); 401-403; 602; 701-702 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question is misleading testimony by counsel.  The question seeks an expert legal opinion. |
| 199:9–199:10 | FRE 103(c); 401-403; 602; 701-702 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Counsel is testifying.  The witness also testifies to their lack of knowledge |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | on the topic.  The question seeks an expert legal opinion. |
| 199:12 | FRE 103(c); 401-403; 602; 701-702 AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Counsel is testifying.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 199:15–200:5 | 199:15-25 FRE 401-403; 602; 801-802; AEO<br><br>200:1-5 FRE  103(c); 106; 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is testifying.   Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 200:17–201:17 | 200:17-25 FRE 401-403; 602; 801-802; AEO<br><br>201:1-17 FRE 103(c); 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 201:22–201:25 | FRE 103(c); 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 202:3–202:6 | FRE 103(c); 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 202:17–202:21 | FRE 401-403 | The definition of a DAO is not relevant to the issues the jury will decide in this case. |
| 203:21–203:23 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 204:1 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 204:11–204:18 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| 204:23–205:2 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| 205:4–205:4 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| 205:10 | FRE 103(c); 106; 401-403; 602; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| 207:11–207:13 | No objection | |
| 209:1–209:11 | FRE 103(c); 106; 401-403; 801-802 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question recites inadmissible hearsay and counsel is misleadingly testifying. |
| 209:13–209:14 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 211:20–211:22 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 212:16–212:18 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  The question seeks an expert legal opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 220:8–220:14 | FRE 401-403 (subject to purpose for use) | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  To the extent this testimony is offered for that purpose, Yuga Labs objects. |
| 222:16–222:19 | FRE 401-403 | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and this testimony will, therefore, confuse the jury. |
| 226:5–226:8 | FRE 401-403; 602; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 226:11 | FRE 401-403; 602; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider. The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 227:1–227:8 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. |
| 227:14–227:15 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 228:2–228:3 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 228:6 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 228:19–228:22 | FRE 401-403 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. |
| 229:12–229:16 | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 229:19 | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 230:12–230:14 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 230:20–230:22 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 230:25–230:25 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 231:2–231:21 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 232:5–232:10 | FRE 103(c); 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury.  The witness also testifies to their lack of knowledge on the topic.  Counsel is also testifying.  The question calls for an expert legal opinion.  Yuga Labs has also designated this |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 232:14 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the BAYC Terms are not relevant to any issue in dispute and likely to mislead the jury. The witness also testifies to their lack of knowledge on the topic. The question calls for an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 232:23– 232:25 | FRE 103(c); 401-403; 602; 701-702; AEO | Yuga Labs' copyrights are not relevant to any issue in dispute and therefore this is likely to confuse the jury. The witness also testifies to their lack of knowledge on the topic. Counsel is also testifying. The question calls for an expert legal opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 236:1–236:8 | FRE 401-403; AEO | Yuga Labs' copyrights are not relevant to any issue in dispute and therefore this is likely to confuse the jury. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 237:5–237:10 | FRE 401-403; 602; 801-802; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness also testifies to their lack of knowledge on the topic. The question also purports to testify about an inadmissible |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | statement made by a third party. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 237:19–237:22 | FRE 401-403; 602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness also testifies to their lack of knowledge on the topic. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 253:16–253:19 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness also testifies to their lack of knowledge on the topic. The question calls for an expert opinion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 254:2–254:5 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 254:18–254:22 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness also testifies to their lack of knowledge on the topic. The question |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 265:19–265:22 | FRE 404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 265:24–266:2 | FRE 404 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 266:7–266:8 | FRE  602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 266:12–266:13 | FRE  602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 266:15–266:21 | FRE  602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 267:1–267:2 | FRE  602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  The question calls for an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 273:2–273:4 | FRE  401- 403;602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 273:8 | FRE  401- 403;602; Conf. | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also testifies to their lack of knowledge on the topic.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *5:22–6:4* | 5:23–6:2 Nonresponsive, 403 | Mr. Aronow's answer is non-responsive until he was forced to clarify it. The reasons for his sabbatical are irrelevant to this litigation but could be used to spark animus against Defendants or spur sympathy for Plaintiff.  As such, it should be excluded under Fed. R. Evid. 403. |
| *6:14–7:5* | 6:14–18 Nonresponsive, 403 | Mr. Aronow's answer from 6:14-18 is irrelevant to the question. Mr. Aronow's health issues are irrelevant to this litigation but could be used to spark animus against Defendants or spur sympathy for Plaintiff.  As such, it should be excluded under Fed. R. Evid. 403. |
| *12:14–12:23* | No objection | |
| *13:4–13:7* | No objection | |
| *13:25–14:7* | No objection | |
| *21:7–21:25* | 21:21–23 Nonresponsive, 403 | Mr. Aronow's answer from 6:14-18 is irrelevant to the question. Mr. Aronow's health issues are irrelevant to this litigation but could be used to spark animus against Defendants or spur sympathy for Plaintiff.  As such, it should be excluded under Fed. R. Evid. 403. |
| *22:1–22:18* | 22:5–15 Irrelevant, Unfair Prejudice 403 | Mr. Aronow's personal attacks against Mr. Ripps are irrelevant to the litigation. They could serve to sow animus against him and should be excluded for extreme prejudice.  Fed. R. Evid. 403. |
| *22:21–22:23* | Irrelevant, Unfair Prejudice 403 | Mr. Aronow's personal attacks against Mr. Ripps are irrelevant to the litigation. They could serve to sow animus against him and should be excluded for extreme prejudice.  Fed. R. Evid. 403. |
| *22:25–23:12* | Irrelevant, Unfair Prejudice 403 | Mr. Aronow's personal attacks against Mr. Ripps are irrelevant to the litigation. They could serve to sow animus against him and should be |

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | excluded for extreme prejudice.  Fed. R. Evid. 403. |
| *38:8–39:2* | No objection | |
| *39:5–39:7* | No objection | |
| *40:10–40:11* | No objection | |
| *40:14–40:21* | No objection | |
| *53:4–53:18* | No objection | |
| *58:20–58:24* | No objection | |
| *60:7–60:12* | No objection | |
| *74:17–75:3* | No objection | |
| *82:18* | No objection | |
| *84:6–84:11* | No objection | |
| *122:16–122:18* | No objection | |
| *124:11–124:13* | No objection | |
| *124:16–124:20* | No objection | |
| *134:9–134:13* | No objection | |
| *136:4–136:11* | No objection | |
| *142:19–142:24* | Incomplete (fails to designate full answer); designates lawyer's objection | This response is incomplete as it fails to designate a question but only the lawyer's objection.  As such, it should be excluded as an incomplete answer. |
| *143:1–143:4* | No objection | |
| *154:1* | No objection | |
| *164:1–164:11* | No objection | |
| *164:14–164:14* | No objection | |

## Defendants' Designations

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
| --- | --- | --- |
| *175:22* | No objection | |
| *175:24– 176:4* | No objection | |
| *201:19– 201:20* | No objection | |
| *207:8– 207:10* | No objection | |
| *222:8–222:9* | No objection | |
| *222:12– 222:15* | No objection | |
| *234:7–234:9* | Irrelevant, Speculative, knowledge based entirely on purportedly privileged communicatio ns with counsel resulting in waiver of privilege as to subject matter of copyrights; not related to any designated testimony | The answer is irrelevant to any claim or defense at issue. It is speculative and outside the witness's personal knowledge with Mr. Aronow only testifying as to his "belief." |
| *234:15– 234:18* | Irrelevant, Speculative , knowledge based entirely on purportedly privileged communicatio ns with | The answer is irrelevant to any claim or defense at issue. It is speculative and outside the witness's personal knowledge with Mr. Aronow only testifying as to his "belief." |

### Defendants' Designations

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | counsel resulting in waiver of privilege as to subject matter of copyrights; not related to any designated testimony | |
| 238:11–238:13 | No objection | |
| 238:15–239:15 | No objection | |
| 240:22–241:20 | Speculative, Vague and ambiguous, Lawyer Argument | This answer is too vague as to answer the question and at no point substantively responds to the question. It contains speculation which is outside of the personal knowledge. Fed. R. Evid. 611. It also designates the lawyer's objection. |
| 241:23–241:24 | Speculative, Vague and ambiguous, Lawyer Argument | This answer is too vague as to answer the question and at no point substantively responds to the question. It contains speculation which is outside of the personal knowledge. Fed. R. Evid. 611. It also designates the lawyer's objection. |
| 246:17–246:18 | Speculative, Vague and ambiguous, Lawyer Argument | This answer is too vague as to answer the question and at no point substantively responds to the question. It contains speculation which is outside of the personal knowledge. Fed. R. Evid. 611. It also designates the lawyer's objection. |
| 246:21–246:25 | Speculative, Vague and ambiguous, | This answer is too vague as to answer the question and at no point substantively responds to the question. It contains speculation which is outside of the personal knowledge. Fed. R. |

### Defendants' Designations

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | Lawyer Argument | Evid. 611. It also designates the lawyer's objection. |
| 262:11–262:17 | Speculative, Vague and ambiguous, Lawyer Argument | This answer is too vague as to answer the question and at no point substantively responds to the question. It contains speculation which is outside of the personal knowledge. Fed. R. Evid. 611. It also designates the lawyer's objection. |
| 262:19–263:12 | Speculative, Vague and ambiguous, Lawyer Argument | This answer is too vague as to answer the question and at no point substantively responds to the question. It contains speculation which is outside of the personal knowledge. Fed. R. Evid. 611. It also designates the lawyer's objection. |
| 263:15 | Speculative, Vague and ambiguous, Lawyer Argument | This is incomplete, and only part of an answer. This renders is unduly vague and is very speculative. |
| 265:4–265:10 | Speculative, Vague and ambiguous, Foundation, Legal Conclusion | This answer contains speculation outside the witness's personal knowledge, therefore he cannot lay the foundation for the answer. This also includes a legal conclusion about the asserted marks. |
| 265:13–265:17 | Speculative, Vague and ambiguous, Foundation, Legal Conclusion | This answer contains speculation outside the witness's personal knowledge, therefore he cannot lay the foundation for the answer. This also includes a legal conclusion about the asserted marks. |

**Defendants' Designations**

| Defendants' Counter-Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *23:13–23:17* | No objection | |
| *24:1–24:7* | FRE 401-404; 602 | Mr. Aronow's statement regarding his lack of familiarity with alleged explanatory statements regarding certain images is irrelevant to any issue in dispute, misleading, and unduly prejudicial. He testifies to his lack of knowledge on the topic, and it is, therefore, unhelpful lay witness testimony regarding any fact or issue in dispute in this litigation.   To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *60:18–60:20* | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony regarding the origin of the Bored Ape Yacht Club collection is unrelated to any issue in dispute in this litigation and would only serve to unduly prejudice the jury against the witness.  To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| *60:23–60:24* | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Testimony regarding the origin of the Bored Ape Yacht Club collection is unrelated to any issue in dispute in this litigation and would only serve to unduly prejudice the jury against the witness. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |

240

**Defendants' Designations**

| Defendants' Counter-Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| _134:14–134:16_ | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| _134:18–134:21_ | No objection; Conf. | Yuga Labs has designated this testimony as Confidential under the protective order and Yuga Labs only objects to the designation if Defendants use it to circumvent that protection. |
| _136:13–136:16_ | FRE 401-403; MIL 1; AEO | This is subject to Yuga Labs' Motion _In Limine_ No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Aronow's response to the question is unrelated to any issue in dispute. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| _143:5_ | FRE 401-403; 602; 701-702; AEO | Mr. Aronow's answer to this question indicates his lack of expertise.  He testifies to his lack of expert knowledge on the topic, and it is, therefore, unhelpful lay witness testimony regarding any fact or issue in dispute in this litigation.   Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| _143:10_ | FRE 401-403; 602; 701-702; AEO | Mr. Aronow's answer to this question indicates his lack of expertise.  He testifies to his lack of expert knowledge on the topic, and it is, therefore, unhelpful lay witness testimony regarding any fact or issue in dispute in this litigation.   Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Counter-Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| _240:6–240:8_ | FRE 401-403; AEO | Mr. Aronow's responses asking for clarification of a specialized term is irrelevant to any issue in dispute and unhelpful lay witness testimony regarding any fact or issue in dispute in this litigation.   Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| _240:12–240:21_ | FRE 401-403; AEO | Mr. Aronow's responses asking for clarification of a specialized term is irrelevant to any issue in dispute and unhelpful lay witness testimony regarding any fact or issue in dispute in this litigation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations – Kerem Atalay**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 6:3–6:6 | No objection | |
| 7:4–7:17 | No objection | |
| 8:9–9:19 | 9:1–19 AEO | Yuga Labs has designated the testimony at 9:1-19 as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 9:21–9:24 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 26:12–26:14 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 26:17–26:22 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 26:25–27:15 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 27:18–27:23 | 27:18–19 FRE 401-403; 602; AEO  27:20–27:23 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; AEO; MIL 1 | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 32:18–33:5 | 32:18–25 FRE 401-403; AEO  33:1–5 FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 33:8–33:10 | FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 33:13–33:16 | FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 33:19–33:21 | FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 33:24–34:22 | 33:24–25 FRE 401-404; 602; AEO; MIL 1<br><br>34:1–22 FRE 103(c);401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question is also vague and calls for speculation and a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 34:25–35:3 | FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 35:6–35:8 | FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 35:10–35:16 | FRE 401-404; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' |

245

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 37:9–37:17 | 37:16–17 FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 37:19–37:21 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 37:24–38:3 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 38:5–39:15 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 39:17–41:7 | 39:17–25 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; AEO 40:1–41:7 FRE 401-403; 602; 701-703; AEO | are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question seeks an expert opinion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:10–41:14 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:17–41:19 | FRE 401-404; 602; Rule 11; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question is harassing.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:23–42:11 | 41:23–25 FRE 401-404; 602; Rule 11; AEO 42:1–11 FRE 401-404, AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question is harassing.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 42:14–42:23 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 43:1–43:13 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 49:15–50:14 | No objection | |
| 50:16–50:22 | No objection | |
| 50:25–51:12 | 50:25 AEO<br><br>51:1–12 FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The design of the marks at issue is irrelevant to the issues remaining in this case as the Court has ruled that Yuga Labs owns the BAYC Marks and those marks are valid and protectable.  Order on Summary Judgment (Dkt. 225) at 6.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 52:21–53:6 | FRE 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 53:9–53:20 | FRE 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:9–54:10 | FRE 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:13–54:14 | FRE 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 56:14–56:22 | No objection | |
| 56:24–57:16 | No objection | |
| 57:18–58:11 | No objection | |
| 58:13–58:16 | No objection | |
| 58:19–58:23 | No objection | |
| 59:1–59:6 | No objection | |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 59:24–59:24 | FRE 103(c); 106; 401-403;602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to any issue in dispute and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:2–60:5 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to any issue in dispute and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:8–60:12 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:16–60:17 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to any issue in dispute and the topic is unduly prejudicial.  The question also asks |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:18–60:19 | No objection | |
| 60:21–61:3 | 60:21–25 AEO<br><br>61: 2–3 FRE 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 61:7–61:17 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 61:20–61:22 | FRE 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 61:25–62:10 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion and mischaracterizes the witness' prior testimony.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:14–63:11 | 62:14–25 FRE 401-403; 602; 701-702; AEO  63:1–11 FRE 103(c); 106; 401-403;602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 66:13–66:14 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question as framed is vague, an incomplete hypothetical, and calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 66:18–66:23 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 67:2–67:7 | 67:2–3 FRE 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 67:10–67:22 | No objection | |
| 67:24–68:19 | No objection | |
| 68:22–69:1 | No objection | |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 69:5–69:13 | FRE 401-403; AEO | Defendants' mischaracterization of prior testimony regarding token names is not relevant to this case and is unduly prejudicial. The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 69:16–69:19 | No objection | |
| 69:21–69:21 | No objection | |
| 69:24–70:2 | No objection | |
| 70:5–70:8 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. The question also asks the witness for an expert opinion about which there is no foundation. The question as framed is vague, an incomplete hypothetical, and also calls for a legal conclusion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:11–70:23 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. The question also asks the witness for an expert opinion about which there is no foundation. The question also calls for a legal conclusion. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:1–71:10 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question also calls for a legal conclusion.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:12–71:21 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:23–72:10 | 71:23–25 FRE 106; 401-403; 602; 701-702; AEO<br><br>72:1–10 FRE 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 72:13–73:5 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 73:8–74:13 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 74:15–75:19 | FRE 106; 401-403; 602; 701-702; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 75:23–75:24 | FRE 103(c); 401-403; 602; 701-702; Incomplete | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | hypothetical; AEO | waste time.  The question also asks the witness for an expert opinion about which there is no foundation.  The question as framed is also an incomplete hypothetical.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 76:3–76:4 | No objection | |
| 76:6–76:16 | No objection | |
| 78:25–79:12 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 79:14–79:19 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 79:21–80:1 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 80:4–80:13 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 80:16–80:21 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 81:10–81:12 | FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  This testimony would confuse the issues and waste time.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 81:14–82:1 | FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 83:6–83:24 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 84:1–84:16 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 84:19–84:20 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 90:8–90:8 | FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 90:11–91:2 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:11–91:13 | FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:17–91:22 | FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:25–92:2 | 91:25 FRE 401-403; 602  92:1–2 FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 92:5–92:7 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 92:11–92:15 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 92:17–93:11 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 93:13–93:18 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 93:21–94:4 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 94:6–94:6 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 94:8–94:11 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 94:16–94:25 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 95:3–95:5 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 100:20–101:2 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 101:4–101:11 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 101:15–101:23 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 101:25–102:2 | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 102:5–102:16 | 102:8–16 FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 102:19–103:7 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 103:10–103:18 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 103:21–103:23 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 104:1–104:11 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Details regarding the creation of or description of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 104:14–104:19 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Details regarding the creation of or description of the BAYC NFT collection are irrelevant and |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 104:22–105:1 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of or description of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 105:4–105:13 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of or description of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  The question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 105:17–105:24 | FRE 401-403; 602; 611(a); AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of or |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | description of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  The subject matter is intended to harass the witness.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 106:2–106:2 | FRE 401-403; 602; 611(a); AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of or description of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  The subject matter is intended to harass the witness.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 108:3–108:8 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 108:11–108:13 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 108:16–108:19 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 108:22–109:6 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 109:9–109:11 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant.  Technical details regarding the creation of the BAYC NFT collection are irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:3–111:12 | 111:11–12 FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant and would only mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:16–111:23 | FRE 401-403, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant and would only mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:25–112:10 | 111:25 AEO 112:7–10 FRE 401-403; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant and would only mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:14–113:21 | FRE 401-403; 602, AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant and would only mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 113:24–114:2 | FRE 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant and would only mislead the jury.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 114:6–114:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 114:15–114:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 115:2–115:6 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 115:10–115:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:1–116:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:17–116:23 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 117:2–117:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 117:16–117:24 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 118:5–118:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 118:23–118:24 | AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:1–119:3 | 119:2–3 FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 119:6–119:7 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and the witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:10–119:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and the witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:15–119:18 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and the witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:21–119:24 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and the witness testifies to their lack of knowledge on this irrelevant topic. Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 120:2–120:6 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 120:10–120:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 120:15–120:19 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | its designation for the purpose of circumventing that protection. |
| 120:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 121:3–121:8 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 121:12–121:16 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | its designation for the purpose of circumventing that protection. |
| 121:21–122:1 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 122:8–122:16 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 122:18–122:23 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, as Mr. Atalay lacks the personal knowledge of the other assets BAYC NFT holders possess or how they come to possess those assets.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
|  |  | its designation for the purpose of circumventing that protection. |
| 123:1–123:9 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and Mr. Atalay testifies to his lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:12–123:15 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and Mr. Atalay testifies to his lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:18–123:21 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation, and Mr. Atalay testifies to his lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:24–124:10 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 124:14–124:15 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 124:19–124:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 124:25–125:7 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 125:10–125:15 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 125:19–126:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:2–127:7 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:10–127:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 127:25–128:3 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 128:6–128:11 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 128:16–129:8 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 129:11–129:16 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 129:19–129:23 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge on this irrelevant topic and the question as framed calls for speculation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 130:1–130:9 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 130:12–130:18 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 131:5–131:14 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 131:17–132:1 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 132:4–132:13 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 132:15–132:23 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 133:1–133:2 | AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 133:4–133:8 | MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 133:11 | MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 136:24–137:4 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 137:11–19 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 137:24–138:4 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 138:6–138:21 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 140:13–140:17 | 140:16–17 FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 140:21–140:24 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 141:3–141:9 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 141:12–141:14 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 141:17–141:25 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 142:4–142:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 145:10–145:13 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 145:16–146:6 | 145:15–25 FRE 401-403; 602; AEO; MIL 1<br><br>146:1–3 FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 146:8–146:15 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 146:17 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 146:24–146:25 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

285

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | designation for the purpose of circumventing that protection. |
| 147:13–147:20 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 147:24–148:1 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:4–148:5 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:9–148:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic and the question as framed calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:18–149:8 | 148:18–25 FRE 401-403; 602; AEO; MIL 1 <br><br> 149:1–4 FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:10–149:11 | MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 150:18–150:19 | FRE 401-403; 602; AEO | This testimony is irrelevant and would confuse the issues and waste time.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 150:22–150:23 | FRE 401-403; 602; AEO | This testimony is irrelevant and would confuse the issues and waste time.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 151:17–151:20 | FRE 401-403; 602; 701-702; AEO | This testimony is irrelevant and would confuse the issues and waste time.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 151:23–152:11 | FRE 401-403; 602; 701-702; AEO | This testimony is irrelevant and would confuse the issues and waste time.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 152:14–153:5 | 152:14–17 FRE 401-403; AEO  153:2–5 FRE 401-403; 602; AEO | This testimony is irrelevant and will mislead the jury. This line of questioning calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 153:8–153:11 | FRE 401-403; 602; AEO | This testimony is irrelevant and will mislead the jury. This line of questioning calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 154:5–154:7 | FRE 401-403; 602; AEO | Quoted portion contains no witness testimony and is thus irrelevant and unduly prejudicial. This line of questioning calls for speculation. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 154:10–154:12 | FRE 401-403; 602; AEO | This testimony is irrelevant and will mislead the jury. This line of questioning calls for speculation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 154:15–155:19 | 154:15–25 FRE 401-403; 602; AEO; MIL 1<br><br>155:1–19 FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Atalay testifies to his lack of knowledge on this irrelevant topic. This line of questioning calls for speculation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 155:22–156:4 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This line of questioning calls for speculation. |
| 161:6–161:8 | FRE 602; AEO | The quoted portion contains no witness testimony and is thus irrelevant and unduly prejudicial. This line of questioning calls for speculation. Yuga Labs has also designated this as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 161:10–161:14 | FRE 602; AEO | This line of questioning calls for speculation. Yuga Labs has also designated this as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 161:17–162:6 | FRE 602; AEO | Mr. Atalay testifies to his lack of knowledge on this irrelevant topic. This line of questioning calls for speculation. Yuga Labs has also designated this as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:9–162:9 | FRE 602; AEO | Mr. Atalay testifies to his lack of knowledge on this irrelevant topic. This line of questioning calls for speculation. Yuga Labs has also designated this as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:20–162:21 | AEO | The quoted portion contains no witness testimony and is thus irrelevant and unduly prejudicial.  Yuga Labs has also designated this as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:24–163:4 | 162:24–25 AEO  163:3–4 FRE 401-403; AEO | This testimony is irrelevant and will mislead the jury.  Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 163:7–163:21 | FRE 401-403; AEO | This testimony, including testimony regarding unrelated NFT projects, is irrelevant and will mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 163:23–163:25 | FRE 401-403; AEO | This testimony, including testimony related to unrelated NFT projects, is irrelevant and will mislead the jury.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 166:13–166:14 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation. This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 166:17–166:21 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Atalay testifies to his lack of knowledge on this irrelevant topic.  This line of questioning calls for speculation.  This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 166:24–167:4 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation.  This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 167:7–167:11 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation.  This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 167:16–167:23 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Atalay testifies to his lack of personal knowledge on this irrelevant topic. This line of questioning calls for speculation. This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 168:2–168:6 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This line of questioning calls for speculation. This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| 168:10–168:17 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation.  This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 168:18–169:6 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This line of questioning calls for speculation.  This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 169:9–169:16 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Atalay testifies to his lack of personal knowledge on this irrelevant topic.  This line of questioning calls for speculation.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 169:19–170:3 | 169:19–25 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; AEO; MIL 1<br><br>170:1–3<br>FRE 401-403; 602; 701-702; AEO; MIL 1 | prejudicial.  Mr. Atalay testifies to his lack of knowledge on this irrelevant topic.  This line of questioning calls for speculation.  This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 170:6–19 | FRE 401-403; 602; 701-702; AEO | This topic should be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4.  Mr. Atalay is not an attorney and testifies that he has no personal knowledge of this irrelevant topic.  This line of questioning calls for speculation. This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 170:23–171:19 | FRE  401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Atalay is not an attorney and testifies that he has no personal knowledge of the topic.  This line of questioning calls for speculation. This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 171:23–172:3 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Atalay is not an attorney and testifies that he has no personal knowledge of the topic. This line of questioning requires specialized knowledge, and Mr. Atalay is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 172:5–172:13 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 172:15–172:21 | 172:15–19 FRE 401-403; 602; AEO

172:19–21 FRE 401-403; 602; AEO; MIL 2 | This is subject to Yuga Labs' Motions *In Limine* No. 2 because any testimony that Defendants' actions constituted criticism is not relevant to this case and is unduly prejudicial. Mr. Atalay lacks personal knowledge of Defendants' accusations about Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 172:25–173:3 | 172:25 FRE 401-403; 602; AEO; MIL 1; MIL 2 173:1–3 FRE 401-403; 602; MIL 1; MIL 2 | This is subject to Yuga Labs' Motions *In Limine* No. 1 and No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Atalay lacks personal knowledge of Defendants' accusations about Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 173:6–173:8 | FRE  401-403; 602; MIL 1, MIL 2 | This is subject to Yuga Labs' Motions *In Limine* No. 1 and No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Atalay lacks personal knowledge of Defendants' accusations about Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *63:12–63:20* | Speculative, Unfair Prejudice 403, Foundation | The answer relies on speculation with the witness himself saying that "It's possible" and "I'm not sure" when responding substantively. This is outside of his personal knowledge as speculative.  Fed. R. Evid. 602.  As outside his personal knowledge, the witness cannot lay |

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | | foundation. *Id.* The low relevance combined with prejudicial impact of this statement made it excludable under Rule 403. |
| *75:20–75:22* | No objection | |
| *94:12–94:15* | No objection | |
| *95:6–95:8* | Relevance, Speculative, Foundation, Unfair Prejudice 403 | This statement from the witness is speculative because the witness disclaims personal knowledge.  For similar reasons he cannot lay foundation. It is not relevant to any claims or defenses remaining before the court, and the prejudicial impact of the statement is heightened given the lack of relevance. |
| *95:11–95:15* | Relevance, Speculative, Foundation, Unfair Prejudice 403 | This statement from the witness is speculative because the witness disclaims personal knowledge.  For similar reasons he cannot lay foundation. It is not relevant to any claims or defenses remaining before the court, and the prejudicial impact of the statement is heightened given the lack of relevance. |
| *95:18–95:22* | Relevance, Speculative, Foundation, Unfair Prejudice 403 | This statement from the witness is speculative because the witness disclaims personal knowledge.  For similar reasons he cannot lay foundation. It is not relevant to any claims or defenses remaining before the court, and the prejudicial impact of the statement is heightened given the lack of relevance. |
| *164:1–164:1* | | |

| Defendants' Counter-Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| *63:21–64:8* | AEO | Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Counter-Counter Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *75:23–75:24* | FRE 103(c); 401-403; 602; 701-702; AEO; Incomplete hypothetical | This testimony is irrelevant and would confuse the issues and waste time.  The question as framed calls for speculation and is an incomplete hypothetical.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| *76:2–76:2* | FRE 103(c); 401-403; 602; 701-702; AEO; Incomplete hypothetical | This testimony is irrelevant and would confuse the issues and waste time.  The question as framed calls for speculation and is an incomplete hypothetical.  The witness testifies to their lack of knowledge on this irrelevant topic.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

## Defendants' Designations – Patrick Ehrlund

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 7:2–7:5 | No objection | |
| 9:8–9:12 | No objection | |
| 9:23–10:6 | No objection | |
| 10:8–10:12 | No objection | |
| 10:6–10:22 | No objection | |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 10:4–11:4 | No objection | |
| 11–11:13 | No objection | |
| 16:2–17:6 | FRE 401-403; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 17:9–18:4 | 17:9–25 FRE 401-403; 602 \n\n 18:1–4 FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 18:7–18:12 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 18:14–18:20 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 18:23–19:7 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 19:13–19:19 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 19:22–20:2 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |
| 20:5–20:18 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury. The witness also testifies to his lack of knowledge of the document. |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| 20:21–21:7 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury.  The witness also testifies to his lack of knowledge of the document. |
| 21:10–21:14 | FRE 401-404; 602 | Yuga Labs' initial disclosures are not relevant to the issues in the case and would confuse the jury.  The witness also testifies to his lack of knowledge of the document. |
| 29:2–29:13 | No objection | |
| 29:15–29:24 | No objection | |
| 30:2–30:5 | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 30:9–30:10 | FRE 401-403 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 31:1–31:12 | FRE 401-404; 602 | The witness's lack of knowledge of when trial is schedule is irrelevant and likely to confuse the issues, and the witness testifies that they do not know the answer to the question. |
| 31:14–31:17 | FRE 401-404; 602; Conf. | The witness's lack of knowledge of when trial is schedule is irrelevant and likely to confuse the issues, and the witness testifies that they do not know the answer to the question. |
| 31:20–31:22 | 31:20 FRE 401-404; 602; Conf. | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 31:25–32:4 | No objection | |
| 32:7–32:10 | No objection | |
| 32:13–32:15 | No objection | |
| 32:19–32:20 | No objection | |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 34:1 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>To the extent this is offered for any other purpose, Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 34:5–34:7 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>To the extent this is offered for any other purpose, Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 34:11–34:22 | 34:11–25 FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>To the extent this is offered for any other purpose, Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 34:25–35:4 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>To the extent this is offered for any other purpose, Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. |
| 37:1–37:11 | FRE 401-403; 602; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. |
| 39:4–39:10 | FRE 401-403; 602; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 39:13–39:15 | FRE 401-403; 602; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. |
| 39:18–39:23 | FRE 401-403; 602; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 40:1–40:11 | FRE 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is also not relevant because Yuga Labs' "APE" trademark is not at issue in this trial.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 40:13–40:16 | FRE 401-403; 602; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is also not relevant because Yuga Labs' "APE" trademark is not at issue in this trial.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 40:22–40:24 | FRE 401-403; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in* |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | *Limine* No. 3.  The question also recites inadmissible hearsay. |
| 41:2–41:3 | FRE 401-403; 802-801; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:5–41:7 | FRE 401-403; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:10–41:15 | FRE 401-403; 801-802; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:18–41:19 | FRE 103(c); 401-403; 602; 701-702; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is also not relevant because Yuga Labs' "APE" trademark is not at issue in this trial.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 41:22–41:25 | FRE 401-403; 602; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is also not relevant because Yuga Labs' "APE" trademark is not at issue in this trial.  The witness also lacks knowledge to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | answer the question. The question also recites inadmissible hearsay. |
| 42:2–42:8 | FRE 401-403; 602; 701-702; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 42:12–42:25 | FRE 401-403; 602; 701-702; 801-802; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 43:4–43:7 | FRE 103(c); 401-403; 602; 801-802; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 43:9–43:16 | FRE 103(c); 401-403; 602; 801-802; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 43:20–44:9 | FRE 103(c); 401-403; 602; 801-802; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 44:13–44:16 | FRE 401-403; 602; 801-802; Conf.; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Confidential under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 44:20–44:25 | FRE 103(c); 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  The witness also lacks knowledge to answer the question.  The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 45:4–45:9 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 45:12–45:13 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 45:16–45:22 | FRE 103(c); 401-403; 602; 701-702; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 46:2–46:3 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 48:15–48:24 | FRE 401-403; 602; 801-802; 901-902; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 49:2–49:6 | FRE 401-403; 602; 801-802; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 49:8–49:23 | FRE 401-403; 602; 701-702; 801-802; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 50:1–50:10 | FRE 401-403; 602; 701-702; 801-802; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 50:14–50:19 | FRE 103(c); 401-403; 602; 701-702; 801-802; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 50:23–50:25 | FRE 103(c); 401-403; | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in* |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 602; 701-702; AEO; MIL 3; MIL 5 | *Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 51:13–52:7 | 51:13–25 FRE 401-403; 602; 801-802; MIL 3; MIL 5<br><br>52:1–7 FRE 401-403; 602; 801-802; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 52:10–52:14 | FRE 103(c); 401-403; 602; 801-802; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 52:17–52:18 | FRE 103(c); 401-403; 602; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 53:10–54:12 | 53:10–25 FRE 401-403; 602; 801-802; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 54:1–12<br>FRE 103(c); 401-403; 602; 801-802; AEO; MIL 3; MIL 5 | also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:15–54:19 | FRE 103(c); 401-403; 602; 801-802; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:24–55:2 | FRE 401-403; 602; 801-802; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 55:5–55:12 | FRE 401-403; 602; 701-702; 801-802; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 55:15–55:16 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 3; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* Nos. 3 and 5.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 55:19–56:2 | FRE 401-403; 602; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. |
| 56:4–56:8 | FRE 401-403; 602; 701-702; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  The witness also testifies that they lack the specialized knowledge to answer the question. |
| 56:11–56:15 | FRE 401-403; 602; 701-702; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay.  The witness also testifies that they lack the specialized knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 56:18–56:20 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The witness also testifies that they lack the specialized knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 56:24–57:3 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The witness also testifies that they lack the specialized knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 57:7–57:11 | FRE 401-403; 602; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 57:14–57:21 | FRE 103(c); 401-403; 602; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 57:23–57:25 | FRE 401-403; 602; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question. |
| 58:3–58:4 | FRE 401-403; 602; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  This is not relevant because |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question. |
| 59:1–59:21 | 59:10–21 FRE 401-403; 602; 801-802 | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question.  The question also recites inadmissible hearsay. |
| 59:24–59:25 | FRE 401-403; 602; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:2–60:3 | FRE 401-403; 602; 701-702; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:7–60:9 | FRE 401-403; 602; 701-702; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 60:12–60:14 | FRE 401-403; 602; 701-702; 801-802; AEO | This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  The witness also lacks knowledge to answer the question.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  The question also recites inadmissible hearsay. |
| 60:18–60:21 | FRE 103(c); 401-403; 602; 701-702; 801-802; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1.  This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question.  The question also recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 60:25–61:9 | 60:25 FRE 103(c); 401-403; 602; 701-702; AEO<br><br>61:1–9 FRE 401-403; 602; 701-702; 801-802; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| 61:12–62:1 | 61:12–24 FRE 103(c); 401-403; 602; 611(c); 701-702; 801-802<br><br>61:25–62:1 FRE 103(c); 401-403; 602; 611(c); 701-702; 801-802 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. Counsel is testifying. |
| 62:4–62:8 | FRE 401-403; 602; 701-702; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:10–62:12 | FRE 401-403; 602; 701-702; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 62:16–62:18 | 62:16<br>FRE 103(c);401-403; 602; 701-702; 801-802; AEO<br><br>62:17–18<br>FRE 103(c);401-403; 602; 701-702; 801-802; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 62:21–62:25 | FRE 401-403; 602; 701-702; 801-802; AEO; | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. The question also recites inadmissible hearsay. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 63:3–63:5 | FRE 401-403; 602 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 63:9–63:14 | FRE 103(c); 401-403; 602; 701-702; 801-802; AEO | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 1. This is not relevant because Yuga Labs' "Ape" trademark is not an issue the jury will consider and this testimony will, therefore, confuse the jury.  This is further irrelevant because NFTs are not "crypto."  The witness also lacks knowledge to answer the question.  The question also recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 63:18–63:25 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 64:3–64:10 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 64:13–64:15 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 64:18–64:25 | FRE 103(c); 401-403; 602; 701-702; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 65:3–65:8 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 65:12–65:20 | FRE 401-403; 602; 701-702; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. |
| 65:23–66:6 | FRE 401-403; 602; 701-702; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. |
| 66:10–66:18 | FRE 401-403; 602; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. |
| 66:21–67:7 | 66:21–25 FRE 103(c); 401-403; 602; | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 801-802; MIL 3<br><br>67:1–7<br>FRE 401-403; 602; 701-702; 801-802; AEO; MIL 3 | knowledge to answer the question. The question recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 67:10–67:16 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 67:19–68:3 | 67:19–25<br>FRE 103(c); 401-403; 602; 701-702; 801-802; AEO; MIL 3<br><br>68:1–3<br>FRE 401-403; 602; 701-702; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 68:5–68:14 | FRE 401-403; 602; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. |
| 68:16–69:5 | 68:16–25<br>FRE 401-403; 602; 801-802; MIL 3<br><br>69:1–5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; 701-702; AEO; MIL 3 | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 69:8–69:16 | FRE 401-403; 602; 701-702; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 69:19–69:22 | FRE 103(c); 401-403; 602; 801-802; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Counsel is testifying. |
| 69:25–70:8 | 69:25 FRE 401-403; 602; 801-802; MIL 3<br><br>70:1–8 FRE 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:11–70:16 | FRE 103(c); 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 70:19–70:24 | FRE 103(c); 401-403; 602; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3. The witness also lacks knowledge to answer the question. Counsel is testifying. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:4–71:23 | FRE 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3. The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 72:1–72:5 | FRE 103(c); 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3. The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. Counsel is testifying. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 72:8–72:12 | FRE 401-403; 602; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3. The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 72:15–72:23 | FRE 401-403; 602; 701-702; 801-802; AEO; MIL 3 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 3.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 73:4–73:8 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 5.  The witness also lacks knowledge to answer the question. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 73:14–73:25 | 73:14–16 FRE 401-403; 602; AEO; MIL 5<br><br>73:17–25 FRE 401-403; 602; AEO; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 5.  The witness also lacks knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 74:3–74:4 | FRE 401-403; 602; 701-702; AEO; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 5.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay.  Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 74:7–75:2 | 74:7–25 FRE 401-403; 602; 801-802; AEO; MIL 5 <br><br> 75:1–2 FRE 401-403; 701-702; AEO; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 5.  The witness also lacks knowledge to answer the question. The question recites inadmissible hearsay. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 75:5–75:8 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 5.  The witness also lacks knowledge to answer the question. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 75:12–75:15 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 5 | This testimony should be excluded for the reasons identified in Yuga Labs' Motion *in Limine* No. 5.  The witness also lacks knowledge to answer the question. Counsel is testifying.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *10:14–10:15* | No objection | |

**Defendants' Designations**

## Defendants' Designations – Thomas Lehman

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 5:1–5:3 | No objection | |
| 5:10–5:11 | No objection | |
| 7:10–7:11 | No objection | |
| 7:19–7:25 | No objection | |
| 8:10–8:11 | No objection | |
| 9:22–10:3 | No objection | |
| 11:10–11:12 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material because NFTs are not cryptocurrency.  Whether or not Mr. Lehman works in the cryptocurrency space is irrelevant to any issue in this case. This testimony is likely to confuse the issues. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 13:6–13:25 | FRE 401-403; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Ripps' work as an artist is not relevant to the issues in dispute.  This testimony is likely to confuse the issues and waste the jury's time.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection |
| 14:5–15:8 | FRE 401-404; 602; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Further, Mr. Lehman's testimony about Mr. Ripps' character is improper character evidence.  Mr. Lehman lacks personal |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge regarding Mr. Ripps' intentions or the purpose behind his artwork. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 20:1–20:7 | FRE 401-403; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Lehman's understanding of what an NFT is irrelevant to the issues the jury will decide.  Its admission would confuse the issues and waste the jury's time. Mr. Lehman's explanation of the concept of an NFT is based on technical or specialized knowledge, and he is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 21:7–21:17 | FRE 401-403; 602; 701-702; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues.  Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Lehman is testifying to the actions and intentions of third-parties not before the court and therefore lacks personal knowledge regarding the matter. Mr. Lehman's testimony pertaining to the art world and its overlap with the NFT space is based on technical or specialized knowledge, and witness is not qualified as an expert.  Yuga Labs has also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 22:13–22:15 | FRE 401-403; 602; 701-702; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Lehman lacks personal knowledge regarding the matter. Mr. Lehman's testimony pertaining to what an NFT is or is not is based on technical or specialized knowledge, and witness is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 25:12–25:23 | FRE 401-403; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial. The Court has already found a likelihood of confusion.  Its admission would confuse the issues and waste the jury's time.  Mr. Lehman is testifying about the BAYC project which he was not involved in and therefore lacks personal knowledge regarding the matter. Mr. Lehman's testimony on the ERC-721 standard is based on technical or specialized knowledge, and witness is not qualified as an expert.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| 27:16–29:8 | 28:2–25 FRE 401-403; 701-702  29:1–8 FRE 401-403; 602; 701-702; AEO | How Mr. Lehman uses Twitter is irrelevant to the issues to be decided at trial. Its admission would be confuse the issues and waste the jury's time. Witness lacks personal knowledge regarding how others use Twitter and whether two groups of Twitter users overlap. Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 29:23–29:24 | FRE 401-403; 602; 701-702; AEO | Mr. Lehman's personal experience with Twitter is irrelevant to any remaining issue in this case. Mr. Lehman lacks knowledge of which Twitter users make up "NFT Twitter" therefore the question calls for speculation. Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 30:2–32:2 | FRE 401-403; 602; 701-702; AEO | Mr. Lehman's personal experience with Twitter is irrelevant to any remaining issue in this case. Mr. Lehman lacks knowledge of which Twitter users make up "NFT Twitter" therefore his testimony as to what type of person is on "NFT Twitter" is speculative and Mr. Lehman lacks personal knowledge on the matter. Testimony pertaining to Twitter generally and how others |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 32:22–33:25 | FRE 401-403; 602; 701-702; AEO | Mr. Lehman's personal experience with Twitter is irrelevant to any remaining issue in this case. Mr. Lehman lacks knowledge of how any individual uses Twitter or incorporates sarcasm into their Twitter posts his testimony on the matter is speculative. Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 34:6–37:9 | 34:6–35:17 FRE 401-403; 602; 701-702; AEO  35:24–25 FRE 401-403; 602; 701-702; AEO  36:1–37:9 FRE 401-404; 602; 701-702; 801-802; AEO | 34:6–35:17 Whether Mr. Lehman believes "NFT Twitter" would be confusing to a layperson is speculative and irrelevant to the remaining issues in this case. Mr. Lehman lacks the personal knowledge to know whether "NFT Twitter" would be confusing to hypothetical third-parties is speculative. Testimony pertaining to Twitter generally and how others use it is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  36:1–37:9 |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Mr. Lehman's interpretation of Mr. Ripps' intent when Mr. Ripps uses his Twitter account is irrelevant.  Its admission would confuse the issues and waste time.  Further, testimony about Mr. Ripps' and Mr. Cahen's propensity to tweet about certain topics is improper character evidence. Witness lacks personal knowledge regarding Mr. Cahen or Mr. Ripps' intentions behind their Tweets. Testimony on a third-party's "persona" is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony pertaining to the content of Mr. Ripps and Mr. Cahen's Tweets is inadmissible hearsay for which no exception applies.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 38:8–43:25 | 38:22–25 FRE 401-403; 602; 801-802; AEO, MIL 2<br><br>39:1–12 FRE 401-403; 602; 801-802; AEO, MIL 2<br><br>40:21–41:25 FRE 401-403; 602; AEO, MIL 2<br><br>42:1–43:25 | 38:22-25 This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' personal intentions in creating the infringing NFT collection. Testimony as to Mr. Ripps' intentions is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | FRE 401-403; 602; 701-702; AEO, MIL 2 | **39:1-12** <br> This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' personal intentions in creating the infringing NFT collection. Testimony as to Mr. Ripps' intentions is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. <br><br> **40:21-41:25** <br> This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' or personal intentions. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. <br><br> **42:1-43:25** <br> This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman's testimony as to what "proponents of NFTs" believe is speculative. Testimony is based on technical or specialized knowledge on NFTs, and witness is |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 44:3–44:14 | FRE 401-403; 602; 701-702; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge as to why Mr. Ripps created the infringing NFT collection. Testimony is based on technical or specialized knowledge on NFTs, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 46:12–49:22 | 46:12–23 FRE 401-404; AEO, MIL 2<br><br>47:20–25 FRE 401-403; 602; AEO, MIL 2<br><br>48:1–49:22 FRE 401-403; 602; 801-802; AEO, MIL 2 | 46:12-23<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Further, the Court has already found that Defendants' intentionally infringed upon Yuga Labs' marks, so Defendants' intent is already decided and therefore irrelevant. This testimony would confuse the issues and waste the jury's time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>47:20-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony would confuse the issues and waste the jury's time. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| | | 48:1-49:22 This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Further testimony about "hidden messages" in Yuga Labs' NFTs is highly prejudicial and of no probative value. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection. Mr. Lehman's testimony as to what Mr. Ripps has previously said about Yuga Labs is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 50:1–56:24 | 50:1–22 FRE 401-403; 602; 801-802; AEO, MIL 2 | 50:1-22 This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 52:5–53:25 FRE 401-403; 602; AEO, MIL 2<br><br>54:1–56:24 FRE 401-403; 602; 801-802; AEO, MIL 2 | confuse the issues. This testimony would confuse the issues and waste the jury's time. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection or website. Mr. Lehman's testimony about previous discussions is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>52:5-53:25<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony would confuse the issues and waste the jury's time. Further, testimony that Yuga Labs' logo purportedly resembles an SS logo is highly prejudicial and of no probative value. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection or website. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>54:1-56:24<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of Mr. Ripps' intent in creating the infringing NFT collection or website or Yuga Labs' intent in designing its NFT collection. Mr. Lehman's testimony as to Mr. Ripps' critique of Yuga Labs is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 57:15–60:24 | 57:15–59:25 FRE 401-403; 602; AEO, MIL 2<br><br>60:1–60:24 FRE 401-403; 602; 801-802; AEO, MIL 2 | 57:15-59:25<br>This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. This testimony is likely to confuse the issues and waste time. Mr. Lehman lacks personal knowledge about how consumers perceived the infringing collection or whether it was successful in achieving its purported goals. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>60:1-60:24<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Whether the disclaimer made the website less user friendly is irrelevant to the issues in this case. This testimony is likely to waste time and confuse the issues. Mr. Lehman lacks personal knowledge of why Mr. Ripps' chose to include the disclaimer. MR. Lehman's testimony about Mr. Ripps' past statements on the disclaimer is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:10–71:17 | 70:10–70:25 FRE 801-802; AEO<br><br>71:1–17 FRE 401-403; 801-802; AEO | 70:10-70:25 Mr. Lehman's testimony about what Mr. Ripps said or tweeted is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>71:1-17 How Mr. Ripps created the infringing collection or when his associates joined the project is irrelevant.  The Court has already found Defendants liable for trademark infringement. This testimony would confuse the issues and waste time. Mr. Lehman's testimony about what Mr. Ripps said or tweeted is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
|  |  | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:25–72:12 | 72:4–12 FRE 401-403; 602; 701-702; AEO | 72:4-12 This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues.  The Court has already found Defendants liable for trademark infringement. Testimony that no other NFT collection uses a similar reservation system is necessarily speculative. Testimony about how NFTs are minted is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 72:22–72:23 | FRE 401-403; 602; 701-702; 801-802; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of how individual twitter users responded to Defendants' infringing NFT collection, the question therefore calls for speculation. Testimony about how a group of Twitter users has reacted to events over time is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony about what unnamed Twitter users said or did in response to Defendants' infringing NFT collection is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| 73:1–73:16 | FRE 401-402; 602; 701-702; 801-802; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge of how individual twitter users responded to Defendants' infringing NFT collection, the question therefore calls for speculation. Testimony about how a group of Twitter users has reacted to events over time is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony about what unnamed Twitter users said or did in response to Defendants' infringing NFT collection is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 79:7–80:12 | 79:10–80:12 FRE 401-403; 602; 701-702; 801-802; AEO, MIL 2 | This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman lacks personal knowledge on the internal mechanics or intent behind the Foundation website. Testimony about how the Foundation website operates is based on technical or specialized knowledge, and witness is not qualified as an expert. Testimony about how the Foundation website or its employees have describe themselves is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 80:22–80:25 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Mr. Lehman lacks personal knowledge of every NFT listed on the Foundation website. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 81:2–81:4 | FRE 401-403; 602; AEO | The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. Mr. Lehman lacks personal knowledge of every NFT listed on the Foundation website. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 84:14–84:16 | FRE 401-403; 602; 701-702; AEO | Testimony about the term "aping in" is irrelevant because Yuga Labs' "APE" trademark is not at issue in the trial. The Court has also already found Defendants liable on the trademark claims. This testimony would confuse the issues and waste time. Mr. Lehman lacks personal knowledge about how third parties used the term. Testimony about how the NFT community uses a technical term is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 84:18–85:17 | FRE 401-403; 602; 701-702; AEO | Testimony about the term "aping in" is irrelevant because Yuga Labs' "APE" trademark is not at issue in the trial.  The Court has also already found Defendants liable on the trademark claims. This testimony would confuse the issues and waste time. Mr. Lehman lacks personal knowledge about how third parties used the term. Testimony about how the NFT community uses a technical term is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 87:5–88:25 | 87:5–87:25 FRE 401-403; 602; 701-702; AEO<br><br>88:1–14 FRE 401-403; 602; 701-702; AEO | 87:5-87:25<br>How an Ethereum smart contract operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements. Mr. Lehman lacks personal knowledge about how "almost all" source codes are formatted or where they can be found. Mr. Lehman's testimony about the technical details of an Ethereum smart contract is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>88:1-14<br>How an Ethereum smart contract or the Etherscan website operates is irrelevant to |

339

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Defendants' trademark infringement or dissemination of false advertisements. Mr. Lehman lacks personal knowledge about the technical details of the Etherscan website. Mr. Lehman's testimony about the technical details of a Blockchain or the Etherscan website is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 89:4–89:12 | 89:6–12 FRE 401-403; 602; 701-702; AEO | How the Etherscan website operates is irrelevant to Defendants' trademark infringement or dissemination of false advertisements. Further, the Court has already found a likelihood of confusion, so testimony about whether a hypothetical third-party could differentiate between NFTs on Etherscan is irrelevant and would confuse the issues. Mr. Lehman lacks personal knowledge about hypothetical third-parties would perceive information on the Etherscan website. Mr. Lehman's testimony about the technical details of the Etherscan website is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 90:1–90:24 | FRE 401-404; 602; 701-702; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is the subject of Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' status as an artist or his purported artistic or |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | critical intent is irrelevant to this case and likely to waste time or confuse the issues. Mr. Lehman's testimony about the propriety of Yuga Labs' business model and instances of criticism of Yuga Labs is speculative. Mr. Lehman's testimony about the propriety of Yuga Labs' business model is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:21–91:24 | No objection | |
| 92:1–92:25 | 92:4–25 FRE 401-403; 602; AEO | Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 93:3–93:19 | FRE 401-403; 602; AEO | Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 94:3–95:13 | 94:6–95:13 FRE 401-403; 602; AEO | Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 96:3–96:20 | No objection | |
| 97:15–98:8 | No objection | |
| 98:9–100:17 | FRE 401-404; 602; 801-802; AEO | This topic should be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. Mr. Lehman's discussions with his investor are irrelevant. This testimony would confuse the issues and prejudice Yuga Labs. Mr. Lehman lacks personal knowledge as to Mr. Oseary's intentions in contacting him. Mr. Lehman's testimony as to what Mr. Oseary told him is inadmissible hearsay for which no exception applies. |
| 108:14–109:20 | 108:14–17; 24–25 FRE 401-403; 602; AEO<br><br>109:1–20 FRE 401-403; 602; AEO | 108:14-17; 24-25<br>Mr. Lehman's reaction to being sued for his part in Defendants' infringement is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | 109:1-20<br>Mr. Lehman's reaction to being sued for his part in Defendants' infringement or his motivations for settlement are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' intentions in this lawsuit and such testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 110:21–111:5 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection |
| 115:10–116:6 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:21–116:25 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 117:3–117:15 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 118:2–118:15 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:10–119:23 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 120:16–120:18 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 122:5–122:11 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:5–123:24 | FRE 401-403; AEO | The chronology of and motivations behind Mr. Lehman's settlement and the drafting of his declaration are irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 124:10–124:13 | No objection | |
| 126:11–126:15 | FRE 401-403; AEO | The process of drafting Mr. Lehman's sworn testimony is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 126:20–127:3 | FRE 401-403; AEO | The process of drafting Mr. Lehman's sworn testimony is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 127:15–128:10 | 127:15–128:2 FRE 401-403; 602; AEO | How the wording of Mr. Lehman's sworn declaration was chosen is irrelevant and the Court has already found a likelihood of confusion. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman's testimony about what word he would have chosen is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 129:16–129:19 | No objection | |
| 132:9–133:15 | 133:3–15 FRE 401-403; AEO | The Court has already found that Defendants' used their marks in commerce and found a likelihood of confusion so this testimony is not relevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 136:23–138:22 | No objection | |
| 139:9–139:24 | 139:9–22 FRE 401-403; 701-702; 801-802; AEO, MIL 2 | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Testimony is based on technical or specialized knowledge of art and art criticism, and witness is not qualified as an expert. Testimony about what third-parties said about Mr. Ripps or his project is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 140:5–141:15 | No objection | |
| 142:9–142:17 | FRE 401-403; AEO | The Court has already found that Defendants used their marks in commerce and found a likelihood of confusion so this testimony is not relevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 142:21–143:11 | No objection | |
| 145:3–145:22 | No objection | |
| 146:18–147:13 | 147:1–13 FRE 401-403; 801-802; AEO, MIL 2 | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Testimony about what Mr. Ripps told Mr. Lehman to do is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 147:21–148:9 | FRE 401-403; 602; 801-802; AEO, MIL 2 | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Mr. Lehman lacks personal knowledge of the intentions of Mr. Ripps in adding the disclaimer to the website. Testimony about what Mr. Ripps told Mr. Lehman to do is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 151:5–151:25 | FRE 401-403; 602; AEO, MIL 2 | This testimony is subject to Yuga Labs' *Motion In Limine* No. 2 because Mr. Ripps purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Mr. Lehman's testimony about how hypothetical third-parties would understand a document is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 152:5–153:1 | 152:21–153:1 FRE 401-403; 602; 701-702; AEO | The Court has already found a likelihood of confusion so whether it is ascertainable that Mr. Ripps created the RR/BAYC smart contract is irrelevant. Mr. Lehman's testimony about how a hypothetical third-party would understand an Etherscan page is speculative. Testimony about the technical details of Etherscan is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 155:12–156:14 | 156:1–14 FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so that information such as the date of mint is ascertainable on Etherscan is irrelevant. Mr. Lehman's testimony about how a hypothetical third-party would understand an Etherscan page is speculative.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
|  |  |  |
| 157:22–158:2 | FRE 401-404; 602; AEO | Mr. Lehman's state of mind is not at issue and the Court has already adjudicated Defendants' state of mind.  There is no issue related to state of mind that the jury will decide and this testimony will only confuse the jury as to the issues they must decide. This testimony is prejudicial to Yuga Labs and likely to confuse the issues. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 164:14–165:12 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. Mr. Lehman's testimony about discord conversations from before he joined the project are speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 170:18–171:24 | FRE 401-404; 602; AEO | This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman's testimony about why third-parties purchase NFTs is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 174:19–179:13 | 174:23–25 FRE 401-404; 602; AEO  175:1–22 | 174:23-25 Whether Yuga Labs has "focused" on a statement is irrelevant and counsel is testifying. This testimony would confuse the issues and prejudice Yuga Labs. Mr. Lehman lacks |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | FRE 401-404; 602; AEO<br><br>176:5–25<br>FRE 401-403; 602; AEO, MIL 2<br><br>177:1–18<br>FRE 401-403; 602; 801-802; AEO, MIL 2<br><br>178:1–179:13<br>FRE 401-404; 602; AEO, MIL 2 | personal knowledge of Yuga Labs' internal discussions or legal strategy so this testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>175:1-22<br>Mr. Lehman's beliefs about Mr. Hickman's intentions when making an out-of-court statement are irrelevant. This testimony would confuse the issues and prejudice Yuga Labs. Mr. Lehman admittedly lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>176:5-25<br>The Court has already found a likelihood of confusion so this testimony is irrelevant. This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of why consumers were purchasing RR/BAYC NFTs so this testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | 177:1-18<br>This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of his business associate's intent in making commentary. Mr. Lehman's recollection of his associate's comments is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>178:1-179:13<br>The Court has already found a likelihood of confusion so this testimony is irrelevant. This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is not relevant and prejudicial to Yuga Labs. Mr. Lehman's testimony as to Mr. Ripps' intent is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 181:21–182:7 | 182:3–7<br>FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. Mr. Lehman lacks personal knowledge of Yuga Labs' marks so this testimony is speculative. |
| 184:19–184:23 | FRE 401-403; 602; AEO | The Court has already found that Defendants acted with the intent to infringe so this testimony is irrelevant. It would confuse the issues and prejudice Yuga Labs. Mr. Lehman lacks personal knowledge of Defendants' intent |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 188:13–188:21 | FRE 401-403; AEO | The Court has already found a likelihood of confusion and that Defendants used Yuga Labs' marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 193:13–196:21 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion and that Defendants used Yuga Labs' marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Mr. Lehman's testimony about how third-party consumers perceive information on Etherscan is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 200:20–200:25 | FRE 401-403; AEO | The Court has already found a likelihood of confusion and that Defendants' used Yuga Labs' marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 203:23–203:25 | FRE 401-404; 602; AEO | Whether RR/BAYC NFTs were ever given away for free is irrelevant. The Court has already found that Defendants' infringed on |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs' marks. This testimony would confuse the issues and waste time. Mr. Lehman lacks personal knowledge as to whether any NFTs were given away for free so this testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 210:16–214:7 | 211:17–25 FRE 401-403; 602; AEO  212:1–214:7 FRE 401-403; 602; AEO | 211:17-25 Mr. Lehman's ill-gotten profits are irrelevant. This testimony would waste time and confuse the issues. Mr. Lehman admittedly lacks personal knowledge of the amount for this transaction so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  212:1-214:7 Mr. Lehman's ill-gotten profits are irrelevant. This testimony would waste time and confuse the issues. Mr. Lehman admittedly lacks personal knowledge of the amount for this transaction so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 214:15–217:6 | 214:23–217:6 FRE 401-403; 602; AEO | This testimony is the subject of Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic or critical intent is irrelevant and would confuse the issues and waste time. Mr. Lehman lacks personal knowledge of why Defendants chose to market and collect fees from their infringing NFTs. Yuga Labs has also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 219:14–220:3 | 219:23–25 FRE 401-403; 602; AEO | The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 221:12–222:16 | FRE 401-403; 602; AEO | Mr. Lehman lacks personal knowledge of Yuga Labs' state of mind and so his testimony is irrelevant, likely to confuse the issues, and lacks foundation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 223:8–225:15 | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 226:6–227:13 | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
|  |  | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 229:20–230:25 | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' state of mind and so his testimony is irrelevant, likely to confuse the issues, and lacks foundation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 231:4–231:22 | FRE 401-403; 602; AEO | This is the subject of Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 246:13–247:25 | 246:13–25 FRE 401-403; 602  247:12–25 FRE 401-403; 602; AEO | 246:13-25 The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  247:12-25 The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 248:3–249:24 | 248:3; 12–15 FRE 401-403; 602; AEO  249:1–24 FRE 401-403; 602; AEO | 248:3; 12-15 The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  249:1-24 The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 250:2 | FRE 401-403; 602; AEO | The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 251:23–252:7 | FRE 401-403; 602; AEO | The process of drafting Mr. Lehman's sworn declaration is irrelevant. This testimony would confuse the issues and is highly prejudicial to Yuga Labs. Mr. Lehman lacks personal knowledge of Yuga Labs' legal strategy. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| 7:8–7:9 | No objection | |
| 7:12–7:15 | No objection | |
| 8:9 | No objection | |
| 19:19–19:22 | No objection | |
| 19:25 | No objection | |
| 29:9–29:22 | No objection | |
| 32:20–32:21 | No objection | |
| 116:7–116:20 | No objection | |
| 117:16–118:1 | No objection | |
| 119:2–119:9 | No objection | |
| 123:25 | No objection | |
| 124:2–9 | No objection | |
| 124:14–124:15 | No objection | |
| 124:18–125:9 | No objection | |
| 125:1–9 | No objection | |
| 152:4–152:4 | No objection | |
| 153:23–155:11 | No objection | |

## Defendants' Designations

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *202:24* | No objection | |
| *203:2–203:8* | No objection | |
| *203:17–203:22* | No objection | |
| *237:19–25* | LEADING | This answer was asked in a leading manner by counsel.  The answer is wholly contained in the question.  Fed. R. Evid. 611. |
| *238:1* | No objection | |
| *238:4–240:19* | No objection | |
| *241:1–13* | LEADING | This answer was asked in a leading manner by counsel.  The answer is wholly contained in the question.  Fed. R. Evid. 611. |
| *241:16–242:13* | 241:16–25 LEADING | This answer was asked in a leading manner by counsel.  The answer is wholly contained in the question.  Fed. R. Evid. 611. |
| *250:7–251:17* | No objection | |

## Defendants' Designations – Nicole Muniz

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 10:5–10:7 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 10:21–10:25 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 12:1–12:6 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 15:4–15:10 | FRE 401-403; AEO | Whether or not Ms. Muniz's review of documents refreshed her recollection of the subjects of the deposition is irrelevant.  Such testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 17:5–17:7 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 17:21–17:23 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 20:19–20:19 | FRE 401-403; AEO | That a complaint was filed in this case is wholly unremarkable and irrelevant.  This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 21:16–21:20 | FRE 401-403; 602 | That a complaint was filed in this case is wholly unremarkable and irrelevant.  This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 23:6–23:8 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 25:14–26:12 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of how each of the founders understood and decided upon the name Yuga Labs and in any event the Yuga Labs mark is not at issue in this case so such testimony is irrelevant. |
| 28:4–28:7 | FRE 401-403; AEO | Who Ms. Muniz spoke to while preparing for her deposition is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 31:15–31:18 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of whether other founders were aware of the phrase "Kali Yuga" prior to naming the company. |
| 31:20–32:11 | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of whether other founders were familiar with a Legend of Zelda game. |
| 35:20–37:10 | FRE 401-404; 602 | The Court has already found that Yuga Labs owns and has not abandoned the trademarks that Defendants infringed upon so this testimony is irrelevant. Ms. Muniz is not a lawyer and therefore her testimony as to the issue is speculative. |
| 39:25–40:4 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz was not directly |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | involved in the design of the logos so she lacks personal knowledge of exactly how it was designed. |
| 40:13–40:15 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 40:17–40:17 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 41:6–41:9 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 41:12–41:13 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 44:8–44:10 | FRE 401-404; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 44:13–44:18 | FRE 401-404; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 48:21–48:23 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the various boating clubs in existence and the question therefore calls for speculation. |
| 49:16–49:18 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the various boating clubs in existence and the question therefore calls for speculation. |
| 51:20–52:8 | 51:20–25 FRE 401-403; 602; MIL 1 <br><br> 52:1–8 FRE 401-403; 602; 801-802; MIL 1 | 51:20-25 <br> This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz was not present when the Google search was conducted and therefore lacks personal knowledge about the details of that search. <br><br> 52:1-8 <br> This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz was not present when the Google search was conducted and therefore lacks personal knowledge about the details of that search. Her own testimony indicates that she was only told of the search. Out of court statements by the designer of the logo are inadmissible hearsay for which no exception applies. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 52:10–52:16 | FRE 401-403; 602; 801-802; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz was not present when the google search was conducted and therefore lacks personal knowledge about the details of that search, nor does she have personal knowledge of everyone who was told about the Google search. Her own testimony indicates that she was only told of the search. Out of court statements by the designer of the logo are inadmissible hearsay for which no exception applies. |
| 59:23–60:4 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 68:8–68:19 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 69:24–69:25 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:2–70:12 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 70:14 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:21–71:2 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:4–71:11 | FRE 106; 401-403; 602; AEO | The exhibit used at the deposition was formatted in a way that makes it misleading and some information was covered up. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:19–71:22 | FRE 401-403; 602; AEO | The front page of the Bored Ape Yacht Club webpage is irrelevant to the damages Yuga Labs suffered as a result of Defendants' infringement or the Defendants' dissemination of false advertisements on their own websites and in their own Tweets. Ms. Muniz lacks personal knowledge of the exhibit as it had been altered. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 71:25–72:4 | FRE 401-403; 602; AEO | Whether Yuga Labs' website is truthful is irrelevant to the Defendants' dissemination of false advertisements on their own websites and in their own Tweets. Ms. Muniz lacks personal knowledge of the exhibit as it had been altered. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 75:11–75:11 | No objection | |
| 76:7–77:2 | 76:7–25 FRE 103(c); 401-403; 602; 611(a); MIL 1<br><br>77:1–2 FRE 401-403; 602; 701-702; MIL 1 | 76:7-25 This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of what third-parties have called similar headbands so the line of questioning calls for speculation. Counsel is testifying when he asserts that the headband is called a "kamikaze headband" despite Ms. Muniz testifying otherwise. The line of questioning is intended to harass or unduly embarrass the witness. Counsel must accept the witness's testimony and cannot testify on her behalf.<br><br>77:1-2 This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the Japanese language. Ms. Muniz is not an expert in Japanese or an interpreter and testimony on what Japanese text says is based on technical or specialized |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge, and witness is not qualified as an expert. |
| 78:21–78:25 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of every meme that may have featured the headband or similar headbands, the question calls for speculation. |
| 81:7–81:15 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of how the exhibit was prepared. |
| 81:17–81:20 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 82:2–82:6 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 83:2–83:3 | FRE 401-403; 602; 801-802; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of everything that the Anti-Defamation League has commented on.  The statement by the Anti-Defamation League is inadmissible hearsay for which no exception applies. |
| 83:8–83:19 | FRE 401-403; 602; 801-802; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of everything that the Anti-Defamation League has commented on.  The |

### Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | statement by the Anti-Defamation League is inadmissible hearsay for which no exception applies. |
| 84:1–84:11 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of how the exhibit was prepared or where the image came from. |
| 84:15–84:18 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of how the exhibit was prepared or where the image came from. |
| 85:1–85:2 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz has already testified that she did not design the traits for the BAYC NFTs and therefore lacks personal knowledge of how traits were selected or where they came from. |
| 85:12–85:14 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz has already testified that she did not design the traits for the BAYC NFTs and therefore lacks personal knowledge of how traits were selected or where they came from. |
| 86:20–86:22 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 88:9–88:11 | FRE 401-403; 602 | The Court has already found Defendants' counterclaim based on Yuga Labs' DMCA notices to lack merit so this testimony is irrelevant. Ms. Muniz did not personally send |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | the DMCA notices so she lacks personal knowledge of the exhibit. |
| 88:14–88:14 | FRE 401-403; 602 | The Court has already found Defendants' counterclaim based on Yuga Labs' DMCA notices to lack merit so this testimony is irrelevant. Ms. Muniz did not personally send the DMCA notices so she lacks personal knowledge of the exhibit. |
| 89:16–89:22 | FRE 401-403; 602; AEO | The Court has already found Defendants' counterclaim based on Yuga Labs' DMCA notices to lack merit so this testimony is irrelevant. Ms. Muniz lacks personal knowledge of every Tweet Mr. Ripps has sent. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:2–91:4 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge as to when each of the founders learned of Defendants' conspiracy theories. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 91:6–91:11 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge as to when each of the founders learned of Defendants' conspiracy theories. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 91:14–91:15 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge as to when each of the founders learned of Defendants' conspiracy theories. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 95:11–95:14 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 95:17–95:22 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 96:3–96:4 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 97:1–97:4 | FRE 401-403; 602; AEO | Whether Defendants specifically appeared in Yuga Labs' financial documents is irrelevant and the Court has already found that Defendants infringed upon Yuga Labs marks. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 97:9–97:14 | FRE 401-403; 602; AEO | Whether Defendants specifically appeared in Yuga Labs' financial documents is irrelevant and the Court has already found that Defendants infringed upon Yuga Labs marks. Ms. Muniz lacks personal knowledge of how Defendants' infringement may have affected Yuga Labs' bottom line. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 99:25–100:3 | FRE 401-403; AEO | This topic should be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 100:16–101:1 | 100:16–25 FRE 401-403; 602; 801-802; AEO 101:1 FRE 401-403; 602; AEO | 100:16-25 That there may have been a typo in Yuga Labs' complaint is irrelevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge of how the complaint or other legal documents were drafted. The quote from Fortune is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>101:1<br>That there may have been a typo in Yuga Labs' complaint is irrelevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge of how the complaint or other legal documents were drafted. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 101:16–101:18 | No objection | |
| 102:21–102:24 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 106:22–106:23 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 107:1–107:3 | No objection; AEO | No objection.  However, Yuga Labs designated this testimony as Attorneys' Eyes Only under the protective order and objects to it being filed publicly on the docket. |
| 111:1–111:2 | FRE 401-403; 602; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 111:5 | FRE 401-403; 602; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 111:6–111:15 | FRE 401-403; 602; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:6–112:17 | FRE 401-403; 602; 701-702; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  The question asks the witness for a legal opinion and she is not a lawyer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 112:20–112:25 | FRE 401-403; 602; 701-702; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testified to a lack of knowledge related to the exhibit.  The question asks the witness for a legal opinion and she is not a lawyer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 114:13–114:18 | FRE 401-403; 602; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 114:20–114:23 | FRE 401-403; 602; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 115:3–115:4 | FRE 401-403; 602; 701-702; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  The question asks the witness for a legal opinion and she is not a lawyer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 115:7–115:10 | FRE 401-403; 602; 701-702; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  The question asks the witness for a legal opinion and she is not a lawyer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 115:12–116:4 | FRE 103(c); 401-403; 602; 611(a); 701-702; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  The question asks the witness for a legal opinion and she is not a lawyer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:7–116:11 | FRE 103(c); 401-403; 602; 701-702; AEO | This testimony is irrelevant because Yuga Labs' "APE" mark is not a mark in dispute at this trial and introduction of this testimony will waste time and confuse the jury.  The witness also testified to a lack of knowledge related to the exhibit.  The question asks the witness for a legal opinion and she is not a lawyer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 116:19–116:25 | FRE 103(c); 401-403; 602; 701-702; AEO | The question calls for a legal conclusion as to the ownership of a copyright. This case is a trademark dispute, copyright matters are not relevant to any of Yuga Labs claims and the Court has dismissed or summarily adjudicated Defendants' copyright claims against them. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge of copyright law. This testimony deals with complicated legal issues that are based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 117:3–117:7 | FRE 106; 401-403; 602; AEO | The designation is incomplete as it leaves off Ms. Muniz's answer. The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 118:9–118:17 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 118:22–118:24 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:2–119:13 | FRE 106; 401-403; 602; AEO | The exhibit was "cut off at the bottom" and therefore incomplete and misleading. The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 119:20–119:21 | FRE 106; 401-403; 602; AEO | The exhibit was "cut off at the bottom" and therefore incomplete and misleading. The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 120:11–120:17 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 120:22–120:24 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 121:1–121:9 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 121:11–121:12 | FRE 103(c); 106; 401-403; 602; AEO | The question calls for a legal conclusion as to what basis the third-party notice was sent. The exhibit was "cut off at the bottom" and therefore incomplete and misleading. The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 121:23–122:5 | 121:23–25 FRE 401-403; 602; AEO<br><br>122:1–5 FRE 103(c); 106; 401-403; 602; AEO | 121:23-25<br>The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>122:1-5<br>The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 122:8–122:17 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:2–123:5 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:7–123:9 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:12–123:14 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 123:21–123:21 | FRE 401-403; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz lacks personal knowledge of who the third-party notice was referring to. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| 124:10–124:15 | FRE 401-403; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 125:12–125:15 | FRE 103(c); 106; 401-403; 602; AEO | The question calls for a legal conclusion as to a legal document. The exhibit was incomplete and misleading as presented. The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz was not personally responsible for sending DMCA notices. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 126:14–126:15 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz was not personally responsible for sending DMCA notices so she lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 126:18–126:18 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz was not personally responsible for sending DMCA notices so she lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 128:3–128:5 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz was not personally responsible for sending DMCA notices so she lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 129:2–129:8 | FRE 401-403; 602; AEO | The Court has already ruled in Yuga Labs' favor on Defendants' counterclaim pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz was not personally responsible for sending DMCA notices so she lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 130:2–130:17 | FRE 401-403; 602; MIL 5; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Further, the Court has already ruled in Yuga Labs' favor on Defendants' counterclaim |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | pertaining to DMCA notices, so this testimony is not relevant. This testimony would confuse the issues and waste time. Ms. Muniz was not personally responsible for sending DMCA notices so she lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 130:19–141:13 | 130:1–131:17 FRE 401-403; 602; AEO<br><br>131:18–133:25 FRE 401-403; 602; AEO; MIL 5<br><br>134:1–141:13 FRE 103(c); 401-403; 602; AEO; MIL 5 | 131:1-131:17<br>This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz is not an attorney and lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>131:18-133:25<br>This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz is not an attorney and lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>134:1-141:13<br>This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | scope of the license is unduly prejudicial. These questions call for a legal conclusion. Ms. Muniz is not an attorney and lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 143:8–143:15 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz is not an attorney and lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 143:19–143:21 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz is not an attorney and lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 144:17–145:25 | 144:17–25 AEO; MIL 5<br><br>145:5–10; 24–25 FRE 106; 401-403; 602; AEO<br><br>145:1–25 | 144:17-25 This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | MIL 5 | 145:5-10; 24-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The image was shown out of context in a manner that is incomplete and misleading. Ms. Muniz lacks personal knowledge of how the exhibit was created or where the image came from. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>145:1-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. |
| 146:3–146:16 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal or legal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:8–149:10 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:14–149:17 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:19–149:20 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:22–149:25 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 151:19–151:21 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 151:25 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 152:10– 152:15 | FRE 103(c); 401-403; 602; 611(a); AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to the legal rights of Bored Ape holders. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. The line of questioning is intended to harass or unduly embarrass the witness, Ms. Muniz had already answered the question several times.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 152:20– 152:24 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Ms. Muniz lacks personal knowledge of how all Bored Ape holders have used their ape images. Yuga Labs has also designated this testimony as |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 154:5–154:7 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 154:24–155:1 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to this case and argument about the scope of the license is unduly prejudicial.  Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 155:4–155:13 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to this case and argument about the scope of the license is unduly prejudicial.  Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 155:16 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to this case and argument about the scope of the license is unduly prejudicial.  Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 156:12–157:8 | 156:12–21 FRE 106; 401-403; 602; 801-802; AEO; MIL 3 | 156:12-21 This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The exhibit is out of context |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 157:1–8<br>FRE 106; 401-403; 602; AEO; MIL 3 | and misleading and incomplete as presented. Ms. Muniz lacks personal knowledge of all infringing collections on NFT marketplaces. To the extent Defendants' seek to offer statements from the website for their truth, such testimony is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>157:1-8<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The exhibit is out of context and misleading and incomplete as presented. Ms. Muniz lacks personal knowledge of all infringing collections on NFT marketplaces. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 157:13–157:24 | FRE 103(c); 106; 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The question calls for a legal conclusion as to what counsel or other third-parties have done to enforce Yuga Labs' intellectual property rights. The exhibit is out of context and misleading and incomplete as presented. Ms. Muniz had never heard of the infringing collection prior to the deposition and therefore lacks personal knowledge of any enforcement actions taken against it. Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 158:1–158:5 | FRE 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz had never heard of the infringing collection prior to the deposition and therefore lacks personal knowledge of any enforcement actions taken against it. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 159:17–160:13 | 159:17–25 FRE 106; 401-403; 602; 801-802; AEO; MIL 3<br><br>160:1–13 FRE 103(c); 106; 401-403; 602; 701-702; AEO; MIL 3 | 159:17-25 This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The exhibit is incomplete and misleading as presented. Ms. Muniz lacks personal knowledge of every infringing product on the market. To the extent Defendants seek to introduce any statements from the website for their truth, this testimony would be inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>160:1-13 This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The question of whether the collection at issue infringes on Yuga Labs marks calls for a legal conclusion. The exhibit is |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | incomplete and misleading as presented. Ms. Muniz lacks personal knowledge of every infringing product on the market. Testimony about whether a mark infringes upon Yuga's marks is based on technical or specialized knowledge, and witness is not qualified as an expert. To the extent Defendants seek to introduce any statements from the website for their truth, this testimony would be inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 160:16–161:4 | 160:16–25 FRE 103(c); 106; 401-403; 602; 701-702; AEO; MIL 3<br><br>161:1–4 FRE 401-403; 602; 701-702; AEO; MIL 3 | 160:16-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The question of whether the collection at issue infringes on Yuga Labs marks calls for a legal conclusion. The exhibit is incomplete and misleading as presented. Ms. Muniz lacks personal knowledge of every infringing product on the market. Testimony about whether a mark infringes upon Yuga's marks is based on technical or specialized knowledge, and witness is not qualified as an expert. To the extent Defendants seek to introduce any statements from the website for their truth, this testimony would be inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | 161:1-4<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of every infringing product on the market. Testimony about whether a mark infringes upon Yuga's marks is based on technical or specialized knowledge, and witness is not qualified as an expert. To the extent Defendants seek to introduce any statements from the website for their truth, this testimony would be inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 161:7–161:11 | FRE 401-403; 602; 701-702; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of every infringing product on the market. Testimony about whether a mark infringes upon Yuga's marks is based on technical or specialized knowledge, and witness is not qualified as an expert. To the extent Defendants seek to introduce any statements from the website for their truth, this testimony would be inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 161:15–161:19 | FRE 103(c); 106; 401-403; | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 602; 701-702; AEO; MIL 3 | not relevant to any issue in dispute and likely to mislead the jury. The exhibit is incomplete and misleading as presented. Ms. Muniz lacks personal knowledge of every product listed on OpenSea. Testimony about whether products infringe upon Yuga Labs' marks or how OpenSea or other marketplaces operate is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 161:21–162:8 | 161:21–25 FRE 103(c); 106; 401-403; 602; 701-702; AEO; MIL 3<br><br>162:1–8 FRE 103(c); 106; 401-403; 802-802; AEO; MIL 1; MIL 3 | 161:21-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The exhibit is incomplete and misleading as presented. Ms. Muniz lacks personal knowledge of every product listed on OpenSea. Testimony about whether products infringe upon Yuga Labs' marks or how OpenSea or other marketplaces operate is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>162:1-8<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | dispute and likely to mislead the jury. The exhibit is incomplete and misleading as presented. Any statement offered from this document is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:10–162:25 | FRE 103(c); 106; 401-403; 802-802; AEO; MIL1; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The exhibit is incomplete and misleading as presented. Any statement offered from this document is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 163:16–164:1 | 163:16–25 FRE 401-403; 602; 801-802; AEO; MIL 3 164:1 FRE 401-403; 602; AEO; MIL 3 | 163:16-25 This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of every page listed on OpenSea. Any statements offered from the exhibit is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | 164:1<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of every page listed on OpenSea. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 164:3–165:2 | 164:3–25<br>FRE 103(c); 401-403; 602; 802-802; AEO; MIL 3<br><br>165:1–2<br>FRE 103(c); 401-403; 602; AEO; MIL 3 | 164:3-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Counsel is testifying to the contents of the exhibit. Ms. Muniz lacks personal knowledge of every collection listed on OpenSea. Statements offered from the website are inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>165:1-2<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Counsel is testifying to the contents of the exhibit. Ms. Muniz lacks personal knowledge of every collection listed on OpenSea. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 165:5–165:9 | FRE 103(c); 106; 401-403; 602; 611(a); AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Counsel is testifying as to whether or not Yuga Labs has taken action against this infringing collection. Ms. Muniz lacks personal knowledge of every collection listed on OpenSea. Defendants' question is harassing and argumentative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 165:13–165:23 | FRE 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of the answer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 165:25 | FRE 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of the answer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 167:8–167:10 | FRE 401-403; 602; AEO; MIL 3; MIL 4 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge of the answer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 167:13–167:15 | FRE 401-403; 602; AEO; MIL 3; MIL 4 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Ms. Muniz lacks personal knowledge of the answer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 167:17–168:5 | 167:17–25<br>FRE 103(c); 401-403; 602; 802-802; AEO; MIL 3<br><br>168:1–5<br>FRE 103(c); 401-403; 602; AEO; MIL 3 | 167:17-25<br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Counsel is testifying as to what is contained in the exhibit. Ms. Muniz lacks personal knowledge of every infringer. Statements offered from the exhibit are inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| | | 168:1-5 |
| | | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. Counsel is testifying as to what is contained in the exhibit. Ms. Muniz lacks personal knowledge of every infringer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 168:8–168:11 | FRE 103(c); 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. This question calls for a legal conclusion. Ms. Muniz lacks personal knowledge of every infringer. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 168:13–168:19 | FRE 103(c); 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. This question calls for a legal conclusion. Ms. Muniz lacks personal knowledge of every infringing collection. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 174:22–174:23 | FRE 401-403; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant to any open issues in this case. Yuga Labs has also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 174:25–174:25 | FRE 401-403; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant to any open issues in this case. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 180:17–180:17 | FRE 401-403; 602; AEO | The Court has already ruled that Yuga Labs has used its marks in commerce so this testimony is irrelevant to any open issues in this case. Ms. Muniz lacks personal knowledge of what every BAYC holder does with their NFTs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 180:19–180:20 | FRE 401-403; AEO | The Court has already ruled that Yuga Labs has used its marks in commerce so this testimony is irrelevant to any open issues in this case. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 182:6–182:10 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 183:10–183:11 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the third-party. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 183:23–184:5 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the third-party. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 184:8 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the third-party. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 185:15–186:1 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 186:8–186:11 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 186:13–186:23 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 192:23–192:25 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 193:3–193:3 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 194:5–194:8 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 195:2–195:5 | No objection; AEO | No objection.  However, Yuga Labs has designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 203:5–203:13 | FRE 401-403; 602; AEO; MIL 1 | The identity of Yuga Labs' investors is not relevant to any issue in dispute in this case and is likely to confuse the jury. Ms. Muniz lacks personal knowledge. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 203:22–203:24 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Furthermore, the identity of Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs' investors is not relevant. Ms. Muniz lacks personal knowledge of the exact share that any shareholder owns of Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 207:7–207:9 | FRE 401-403; AEO | This subject is not relevant to any issue in dispute and the testimony is likely to confuse the issues. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 207:25–208:1 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge or expert qualifications to opine about a third-party's operations. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 208:6–208:7 | FRE 103(c); 106; 401-403; 602; 701-702; 1002; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge or expert qualifications to opine about a third-party's operations. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. The designation is an incomplete and misleading representation of Ms. Muniz's testimony. Evidence about how the third party operates be |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | in articles of incorporation or similar documents that would indicate a business relationship or the lack thereof. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 208:15–208:18 | FRE 103(c); 106; 401-403; 602; 701-702; 1002; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge or expert qualifications to opine about a third-party's operations. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. The designation is an incomplete and misleading representation of Ms. Muniz's testimony. Evidence about how the third party operates be in articles of incorporation or similar documents that would indicate a business relationship or the lack thereof. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 208:21–208:23 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge or expert qualifications to opine about a third-party's operations. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. The |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation is an incomplete and misleading representation of Ms. Muniz's testimony. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 209:1–209:6 | FRE 103(c); 106; 401-403; 602; 701-702; 1002; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge or expert qualifications to opine about a third-party's operations. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. The designation is an incomplete and misleading representation of Ms. Muniz's testimony. Evidence about how the third party operates be in articles of incorporation or similar documents that would indicate a business relationship or the lack thereof. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 209:7–209:13 | FRE 106; 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The exhibit is incomplete and misleading as presenting, it lacks context. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 209:17–210:9 | FRE 103(c); 106; 401-403; | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 602; 1002; AEO; MIL 1 | are not relevant to this case and are unduly prejudicial. The question calls for a legal conclusion. Ms. Muniz lacks personal knowledge of intellectual property law. The best evidence would be the website itself. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 210:12–211:4 | FRE 103(c); 106; 401-403; 602; 1002; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The question calls for a legal conclusion. Ms. Muniz lacks personal knowledge of intellectual property law. The best evidence would be the website itself. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 211:6–211:8 | FRE 103(c); 106; 401-403; 602; 1002; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The question calls for a legal conclusion. Ms. Muniz lacks personal knowledge of intellectual property law. The best evidence would be the website itself. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 211:10–211:19 | FRE 103(c); 106; 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The question calls for a legal conclusion. Ms. Muniz lacks personal knowledge of intellectual property law. Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 212:25–213:6 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 213:23–214:1 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of when the NFT was minted. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 214:22–215:17 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of the details and legal effect of the transaction. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 223:12–223:18 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of pricing trends. Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 223:21–223:25 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of pricing trends. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 227:19 | FRE 401-403; 602; 611(a); AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge to answer the question. The line of question is meant to harass or unduly embarrass Ms. Muniz. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 227:23–228:1 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz lacks personal knowledge of whether any NFT is a good investment, or an investment in the first place. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 255:19–255:20 | FRE 401-403; 602; AEO; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz is not affiliated and |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | therefore lacks personal knowledge of how the third party is organized or for what purpose. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 255:23–256:6 | FRE 401-403; 602; AEO; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Ms. Muniz is not affiliated and therefore lacks personal knowledge of how the third party is organized or for what purpose. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 256:8–258:11 | FRE 401-403; 602; AEO; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Ms. Muniz is not affiliated and therefore lacks personal knowledge of how the third pary is organized or how its search functionality operates.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 257:9–257:14 | FRE 401-403; AEO | This testimony is irrelevant because the Court has already determined that Defendants' sale of infringing NFTs was likely to confuse consumers.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 259:25–260:19 | 259:25 | The Court has already found a likelihood of confusion, so this testimony is irrelevant to any |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
|  | FRE 401-403; 602; AEO<br><br>260:1–19<br>FRE 103(c); 401-403; 602; 611(a); AEO | issues at trial.  Ms. Muniz is not an attorney and lacks personal knowledge.  This question calls for a legal conclusion on one of the likelihood of confusion factors.  The line of questioning is intended to harass or unduly embarrass the witness, Ms. Muniz had already answered the question several times.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 260:25–261:17 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion, so this testimony is irrelevant to any open issues in this case.  Ms. Muniz lacks personal knowledge and therefore her testimony is speculative.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 262:4–262:8 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion, so this testimony is irrelevant to any open issues in this case.  Ms. Muniz lacks personal knowledge.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *12:7–12:7* | No objection |  |
| *31:5–31:14* | No objection |  |
| *37:11–37:11* | No objection |  |
| *59:15–59:17* | No objection |  |

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *59:19–59:22* | No objection | |
| *70:15–70:20* | No objection | |
| *96:5–96:7* | No objection | |
| *96:10–96:23* | No objection | |
| *96:25–96:25* | No objection | |
| *97:5–97:8* | No objection | |
| *98:1–98:3* | No objection | |
| *98:6–99:15* | No objection | |
| *117:13–117:19* | No objection | |
| *169:7–169:9* | Improper counter-designation (not related to designated material) | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope. |
| *169:12–170:4* | Improper counter-designation (not related to designated material) | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope. |
| *170:7–170:21* | Improper counter-designation (not related to designated material); incomplete (fails to designate complete answer) | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope.<br><br>This answer is also woefully incomplete, as the entire answer is until 172:14 including much of the most substantive parts of the answer. |
| *170:24–173:25* | Improper counter-designation | Counter designations are limited to the scope of designations because they are meant to rebut the |

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| | (not related to designated material); incomplete (fails to designate complete answer) | subject matter of designations. This counter-designation goes beyond the scope.<br><br>This designation is incomplete as it includes the latter section of the answer to one question, followed by several other answers. This would lead to confusion from the jury as the designation is wholly unconnected to the regular stopping and starting points of questions and answers. |
| 174:7–174:8 | Improper counter-designation (not related to designated material) | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope. |
| 174:10–174:17 | Improper counter-designation (not related to designated material) | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope. |
| 188:7–188:12 | Foundation, Improper counter-designation (not related to designated material) | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope.<br><br>This also only contains a question from counsel which is beyond the personal knowledge of the witness and is not knowledge. |
| 188:15–188:17 | Foundation, Improper counter-designation (not related to | Counter designations are limited to the scope of designations because they are meant to rebut the subject matter of designations. This counter-designation goes beyond the scope. |

## Defendants' Designations

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
| --- | --- | --- |
| | designated material) | Within the answer Ms. Muniz disclaims any personal knowledge and therefore cannot lay foundation.  Fed. R. Evid. 602. |
| 206:8–206:13 | No objection | |
| 206:16–206:24 | No objection | |
| 207:2–207:6 | No objection | |
| 211:20–211:22 | No objection | |
| 262:9–262:11 | Hearsay, Speculative, improper expert opinion | Ms. Muniz's answer contains hearsay from unknown speakers asserted for the truth of the matter—that the speaker was confused—without an exception.  Fed. R. Evid. 801, 802.  Ms. Muniz's answer relies on speculation as to how consumers behave, which is both outside her personal knowledge and an issue requiring specialized knowledge. |
| 262:14–262:23 | Hearsay, Speculative, improper expert opinion | Ms. Muniz's answer contains hearsay from unknown speakers asserted for the truth of the matter—that the speaker was confused—without an exception.  Fed. R. Evid. 801, 802.  Ms. Muniz's answer relies on speculation as to how consumers behave, which is both outside her personal knowledge and an issue requiring specialized knowledge. |

## Defendants' Designations – Guy Oseary

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| 7:4–7:8 | No objection | |
| 12:3–12:6 | FRE 401-403; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Material are not relevant to this case and are unduly prejudicial.<br><br>Mr. Oseary's ownership interest and his relationship to the Yuga Labs Board of Directors is not relevant to any issue in dispute and the jury's knowledge of that fact could prejudice them against the witness or Yuga Labs. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 16:23–17:9 | FRE 401-403 | Whether Mr. Oseary was subpoenaed in connection with this litigation and brought documents to the deposition is irrelevant to any issue in dispute and is likely to mislead the jury. This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 17:16–18:7 | FRE 401-403 | Counsel's reading of the subpoena to Mr. Oseary and his acknowledgment of it is irrelevant to any claims in dispute and is likely to mislead the jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 19:14–19:18 | FRE 401-403 | Whether Mr. Oseary was subpoenaed in connection with this litigation and brought documents to the deposition is irrelevant to any issue in dispute and is likely to mislead the jury. This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 19:22–19:24 | FRE 401-403 | This testimony concerning whether Mr. Oseary has provided documents to his lawyers is irrelevant to this dispute and will waste the time of the parties, court, and jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 20:2–20:8 | FRE 401-403 | This testimony concerning whether Mr. Oseary has provided documents to his lawyers is irrelevant to this dispute and will waste the time of the parties, court, and jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 20:11 | FRE 401-403 | This testimony concerning whether Mr. Oseary has provided documents to his lawyers is irrelevant to this dispute and will waste the time of the parties, court, and jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 21:1–21:2 | FRE 401-403 | This testimony concerning whether Mr. Oseary has provided documents to his lawyers is irrelevant to this dispute and will waste the time of the parties, court, and jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 21:5–21:10 | FRE 401-403 | This testimony concerning whether Mr. Oseary has provided documents to his lawyers is irrelevant to this dispute and will waste the time of the parties, court, and jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. |
| 21:25–22:24 | 21:25 FRE 401-403 | This testimony concerning whether Mr. Oseary has provided documents to his lawyers is |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 22:1–24<br>FRE 401-403;<br>AEO | irrelevant to this dispute and will waste the time of the parties, court, and jury.  This topic is also covered by the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 27:18–27:23 | FRE 401-403;<br>602; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  Mr. Oseary's personal understanding of RR/BAYC NFTs and Ape Market is irrelevant. |
| 30:5–30:12 | FRE 401-403;<br>602; 701-702;<br>MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  Counsel's hypothetical questions and Mr. Oseary's personal opinions regarding whether the work of musical artists can be copied or critiqued online are entirely unrelated to any issue in dispute.  Mr. Oseary is not designated as a qualified expert on the copying of musical works.  This designation is unfairly prejudicial and would only waste the time of the parties, court, and jury. |
| 30:15–31:4 | 30:15–25<br>FRE 106; 401-403; 602; 701-702; MIL 2<br><br>31:1–4<br>FRE 106; 401-403; 602; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because whether an NFT can be copied is not relevant to this case and the topic is unduly prejudicial.  Counsel's hypothetical questions and Mr. Oseary's personal opinions regarding whether the work of musical artists can be copied or critiqued online are entirely unrelated to any issue in dispute. This designation is unfairly prejudicial and would only waste the time of the parties, court, and jury. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 35:14–35:22 | FRE 401-403 | Testimony concerning the Variety article published about Mr. Oseary and its contents is irrelevant to this litigation and would serve to only waste the time of the parties, court, and jury. |
| 36:10–37:4 | 36:10–37:2 FRE 401-403; 602; 801-802 | Testimony concerning the Variety article published about Mr. Oseary and its contents is irrelevant to this litigation and would serve to only waste the time of the parties, court, and jury. The question also quotes inadmissible hearsay for which there is no exception. |
| 37:12–38:3 | FRE 103(c); 106; 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal opinions regarding the technical details of NFTs are irrelevant.  Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. |
| 44:18–44:24 | FRE 106; 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal opinions regarding the technical details of smart contracts are irrelevant.  Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. |
| 45:2–45:4 | FRE 106; 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal opinions regarding the technical details of smart contracts are irrelevant.  Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. |
| 45:14–45:15 | FRE 103(c); 106; 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal opinions regarding the technical details of NFTs are irrelevant.  Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. |
| 45:18–46:1 | 45:18–25 FRE 103(c); 106; 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal opinions regarding the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 46:1 FRE 103(c); 106; 401-403; 602; 701-702; AEO | technical details of NFTs are irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 46:4–46:5 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's understanding of the technical details of NFTs is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 50:7–50:10 | FRE 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's understanding of Ethereum is irrelevant.  Mr. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Oseary is not a qualified expert on the technical or specialized subject matter. |
| 50:12–50:15 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal familiarity with this subject matter is irrelevant.  Mr. Oseary is not a qualified expert on the technical or specialized subject matter. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 50:17–50:18 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's personal familiarity with this subject matter is irrelevant.  Mr. Oseary is not a qualified expert on the technical or specialized subject matter. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation for the purpose of circumventing that protection. |
| 50:23–51:9 | FRE 401-403; 602; 701-702; AEO | Mr. Oseary's personal experience with this subject matter is irrelevant.  Mr. Oseary is not a qualified expert on the technical or specialized subject matter. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 51:23–52:4 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  This testimony regarding unrelated third-party uses of Mr. Oseary's Bored Ape is irrelevant.  Mr. Oseary is not a qualified expert on the technical or specialized subject matter. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 52:20–52:24 | FRE 103(c); 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's understanding of the technical details of NFTs is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 53:1 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's understanding of the technical details of NFTs is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 55:19–55:21 | FRE 401-403; 602; 701-702 | Counsel's question calls for speculation and Mr. Oseary indicates his lack of knowledge.  Mr. Oseary's understanding of the technical details of NFTs is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. |
| 55:24–55:24 | FRE 401-403; 602; 701-702 | Counsel's question calls for speculation and Mr. Oseary indicates his lack of knowledge on this subject matter.  Mr. Oseary's understanding of the technical details of NFTs is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. |
| 56:23–56:25 | FRE 401-403; 602; 701-702; AEO | Mr. Oseary's lack of familiarity with this subject matter is irrelevant and unhelpful to any issue or fact in this litigation.  Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 59:22–60:9 | FRE 401-403; 602; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Oseary's affiliation with unrelated third-parties is irrelevant and unhelpful to any issue or fact in this litigation. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 61:10–61:15 | FRE 401-403; 602; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Mr. Oseary's awareness of the term "ApeCoin DAO" and his definition of it are unrelated to any fact or issue in this dispute. |
| 62:22–62:23 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls speculation and a legal conclusion.  Mr. Oseary's lack of familiarity with this subject matter is irrelevant and unhelpful to any issue or fact in this litigation.   Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 63:2–63:7 | FRE 401-403; 602; 701-702; FRCP 32; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls for speculation and a legal conclusion.  Mr. Oseary's lack of familiarity with this subject matter is irrelevant and unhelpful to any issue or fact in this litigation.   Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 65:13–65:17 | FRE 103(c); 401-403; 602; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls for |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | speculation. Mr. Oseary's awareness the ApeCoin logo and its appearance is irrelevant and unhelpful to any issue or fact in this litigation.  Defendants' designation is unduly harassing of the witness. |
| 68:19–68:23 | FRE 401-403; 602; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls for speculation. Mr. Oseary's relationship to the subject matter in 68:19– 21 and his understanding of the subject matter in 58:22– 23 are irrelevant and unhelpful to any issue or fact in this litigation.  Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 69:1 | FRE 103(c); 401-403; 602; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls for speculation. Mr. Oseary's personal opinion regarding this subject matter is irrelevant and unhelpful to any issue or fact in this litigation. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:16–70:18 | FRE 401-403; 602; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls for speculation. Mr. Oseary's relationship to the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | subject matter is irrelevant and unhelpful to any issue or fact in this litigation.   Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 70:23–71:3 | 70:23–25 FRE 103(c); 401-403; 602; AEO; MIL 1<br><br>71:1–3 FRE 401-403; 602; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's question calls for speculation. Mr. Oseary's relationship and involvement with the subject matter is irrelevant and unhelpful to any issue or fact in this litigation.   Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 72:9 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This designation lacks foundation.  Mr. Oseary's understanding of the subject matter is irrelevant and unhelpful to any issue or fact in this litigation.   Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 72:12 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This designation lacks foundation.  Mr. Oseary's understanding of the |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | subject matter is irrelevant and unhelpful to any issue or fact in this litigation. Whether Mr. Oseary is able to explain this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 76:7–76:9 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's knowledge of this subject matter is irrelevant. Mr. Oseary has indicated his lack of personal knowledge regarding this subject matter, so his testimony is unhelpful to any fact in dispute. Whether Mr. Oseary has knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 76:17–76:20 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's understanding of this technical and specialized subject matter is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 76:23–77:1 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's understanding of this technical and specialized subject matter is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 77:3–77:3 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's understanding of this technical and specialized subject matter is irrelevant. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Mr. Oseary is not a qualified expert on the technical or specialized subject |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | matter pertaining to NFTs. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 87:15–88:3 | 87:15–25 FRE 401-403; 602; 701-702; AEO<br><br>88:1–3 FRE 401-403; 602; 701-702 | Mr. Oseary's personal familiarity or experience with this subject matter is irrelevant. Mr. Oseary is not a qualified expert on the technical or specialized subject matter. Where Mr. Oseary has indicated his lack of personal knowledge regarding the technical details of the subject matter, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 161:12–161:22 | 161:12–13 FRE 401-403; 602; 701-702 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. Oseary's knowledge of this subject matter is irrelevant. Mr. Oseary has indicated his lack of personal knowledge regarding this subject matter, so his testimony is unhelpful to any fact in dispute. Whether Mr. Oseary has knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. |
| 162:16–162:18 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time.  Mr. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Oseary's preferred term for this subject matter is irrelevant. Mr. Oseary's knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:20 | FRE 401-403; 602; 701-702; AEO | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's preferred term for this subject matter is irrelevant. Mr. Oseary's knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 172:11–172:13 | FRE 103(c); 106; 401-403; 602; 701-702; AEO; MIL 1; MIL 3 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks are not relevant to any issue in dispute and likely to mislead the jury. This designation lacks foundation.  Counsel's question calls for speculation and a legal conclusion. Mr. Oseary's understanding of the subject matter is irrelevant and unhelpful to any issue or fact in this litigation. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Labs objects to its designation for the purpose of circumventing that protection. |
| 176:3–176:7 | FRE 103(c); 401-403; 602; MIL 1; MIL 3 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks are not relevant to any issue in dispute and likely to mislead the jury. This designation lacks foundation.  Counsel's question calls for speculation. Mr. Oseary's description of the ApeCoin logo's appearance is irrelevant and unhelpful to any issue or fact in this litigation.   Defendants' designation is unduly harassing of the witness. |
| 187:1–187:5 | FRE 401-403; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because it purports to describe the RR/BAYC NFTs and ApeMarket in an unfairly prejudicial manner.  Counsel's question lacks foundation.  Whether Mr. Oseary has personally seen unspecified statements is irrelevant and, as phrased, unfairly prejudicial. It is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. |
| 187:7–187:10 | FRE 401-403; 602; 701-702; MIL 2 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because it purports to describe the RR/BAYC NFTs and ApeMarket in an unfairly prejudicial manner.  Counsel's question lacks foundation.  Whether Mr. Oseary has personally seen unspecified statements is irrelevant and, as phrased, unfairly prejudicial. It is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. |
| 199:14–199:16 | FRE 103(c); 106; 401-403; | This question is irrelevant to any issue the jury will decide because Yuga Labs is not seeking |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | 602; 701-702; AEO | damages for past corrective advertising.  Mr. Oseary's knowledge of this subject matter is irrelevant. Mr. Oseary has indicated his lack of personal knowledge regarding this subject matter, so his testimony is unhelpful to any fact in dispute. Whether Mr. Oseary has knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 199:19– 199:23 | FRE 103(c); 106; 401-403; 602; 701-702; AEO | This question is irrelevant to any issue the jury will decide because Yuga Labs is not seeking damages for past corrective advertising. Mr. Oseary's knowledge of this subject matter is irrelevant. Mr. Oseary has indicated his lack of personal knowledge regarding this subject matter, so his testimony is unhelpful to any fact in dispute. Whether Mr. Oseary has knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 200:1–200:8 | FRE 401-403; 602; 701-702; MIL 1 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. Mr. Oseary's personal familiarity with Foundation or Bored Ape Yacht Club NFT listings on the website is irrelevant to any issue in this dispute. Mr. |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Oseary has indicated his lack of personal knowledge regarding this subject matter, so his testimony is unhelpful to any fact in dispute. Whether Mr. Oseary has knowledge of this subject matter is neither admissible lay witness testimony nor expert testimony. Defendants' designation is unduly harassing of the witness. |
| 200:22–201:7 | FRE 401-403; 602; 701-702; AEO; MIL 1 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  Counsel's questions are phrased as hypotheticals and call for speculation. Where Mr. Oseary has indicated his lack of personal knowledge regarding the subject matter in 201:5–7, his testimony is both unhelpful to any fact in dispute and inadmissible lay witness testimony. Defendants' designation is unduly harassing. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 202:4–202:6 | FRE 401-403; 602; 701-702; AEO; MIL 1 | Defendants' trademark infringement has been established already and so this question is not relevant to the issues the jury will decide and will confuse them and waste time. This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial.  This question lacks foundation. Defendants' only basis for foundation are the inadmissible hypothetical questions asked in 200:22–201:5. Defendants' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designation of Mr. Oseary's response is misleading. Defendants have not established that Mr. Oseary has taken this action in connection with the NFTs that are the subject matter of this dispute. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 217:11– 217:12 | FRE 401-403; 602; 701-702; AEO; MIL 1 | This testimony is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Whether Mr. Oseary is aware of this subject matter is irrelevant. Defendants' designation is unduly harassing of the witness. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *11:25–12:2* | No objection | |
| *50:19–50:22* | No objection | |
| *88:4–88:12* | No objection | |
| *158:11* | No objection | |
| *159:13– 159:25* | Incomplete (fails to designate full answer) | This designation fails to capture Mr. Oseary's entire answer which from 159:13-161:2. As a result, the designation is misleading because it only contains a small portion of the answer. *See* Fed. R. Evid. 106. |
| *172:16* | No objection | |

432

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *208:3–208:4* | Not Relevant, Fed. R. Evid. 401, 402. | This is irrelevant as it only captures the question from counsel. Questions from counsel are not evidence. |
| *208:7–209:25* | Not Relevant Fed. R. Evid. 401, 402. | This question is irrelevant as it discusses Mr. Oseary's personal feelings about social media spaces and does not implicate any issues in the case. |

## Defendants' Designations – Greg Solano

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 8:21–8:23 | No objection | |
| 10:1–10:2 | No objection | |
| 10:5–10:12 | No objection | |
| 21:14–21:18 | No objection | |
| 24:14–24:16 | No objection | |
| 27:9–27:10 | FRE 401-403; AEO | Mr. Oseary's role at Yuga Labs is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 27:13–27:14 | FRE 401-403; AEO | Mr. Oseary's role at Yuga Labs is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 27:16–27:17 | FRE 401-403; AEO | Mr. Oseary's role at Yuga Labs is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 27:20–27:21 | FRE 401-403; AEO | Mr. Oseary's role at Yuga Labs is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 30:10–30:12 | FRE 401-403; 602; AEO; MIL 1 | Mr. Oseary's role at Yuga Labs is irrelevant. This testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 30:21–30:22 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 30:25 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 31:10–31:13 | No objection | |
| 31:20–31:24 | No objection | |
| 32:4–32:6 | No objection | |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 32:23 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 32:25–33:6 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 35:13–35:15 | No objection | |
| 36:24–37:1 | No objection | |
| 37:8–37:9 | No objection | |
| 37:11–37:12 | No objection | |
| 39:5–39:6 | No objection | |
| 39:8–39:10 | No objection | |
| 45:11 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano testified that he lacks personal knowledge to the answer to the question. |
| 45:14–45:18 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano testified that he lacks personal knowledge to the answer to the question. |
| 45:21–45:22 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | are not relevant to this case and are unduly prejudicial. Mr. Solano testified that he lacks personal knowledge to the answer to the question. |
| 46:3–46:4 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano testified that he lacks personal knowledge to the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 47:18–47:19 | FRE 401-404; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 47:22–47:25 | FRE 401-404; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 48:19–48:20 | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of the term "surf the Kali Yuga." |
| 48:23–48:25 | FRE 401-404; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of the term "surf the Kali Yuga." |
| 51:3–51:9 | FRE 401-403; AEO | That Yuga Labs filed a complaint in this action is unremarkable and irrelevant to the issues to be decided at trial. This testimony will confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 51:19–51:21 | FRE 401-403; AEO | That Yuga Labs filed a complaint in this action is unremarkable and irrelevant to the issues to be decided at trial. This testimony will confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 54:6–54:8 | No objection | |
| 54:11–54:11 | No objection | |
| 56:20–56:21 | FRE 103(c); 602; 801-802; AEO | This question calls for a legal conclusion in that it requires Mr. Solano to discuss intellectual property rights and business organizations. Mr. Solano lacks personal knowledge of the answer to the question. The question calls for testimony as to out of court statements that would be inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 56:24–57:1 | FRE 106; 602; 801-802; AEO | The designation is incomplete because it fails to incorporate the entire answer. Mr. Solano lacks personal knowledge the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 57:4–57:4 | FRE 106; 602; 801-802; AEO | The designation is incomplete because it fails to incorporate the entire answer. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 58:1–58:5 | FRE 401-403; 602; AEO | The Court has already held that Defendants infringed upon Yuga Labs' trademarks so this testimony is irrelevant. It would confuse the issues and waste time. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 58:8–58:10 | No objection | |
| 58:13–58:16 | No objection | |
| 61:1–61:3 | No objection | |
| 62:18–62:20 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 62:23–62:24 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 66:17–67:4 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 67:7–67:8 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 68:5–68:7 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 68:9–68:11 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 70:18–70:23 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 71:7–71:13 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 72:19–72:22 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 73:21–73:22 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. The question calls for an answer that Mr. Solano lacks personal knowledge of and therefore calls for speculation. |
| 73:25 | FRE 401-403; 602; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of all boating clubs, or even a substantial portion of all boating clubs, so the testimony is speculative. |
| 83:14–83:15 | No objection | |
| 83:18–83:18 | No objection | |
| 88:17–88:23 | No objection | |
| 92:21–92:22 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 92:25–93:8 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 93:10–94:18 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 95:21–95:23 | No objection | |
| 95:25–96:1 | No objection | |
| 96:4–96:5 | No objection | |
| 96:7–96:8 | No objection | |
| 96:25–97:4 | No objection | |
| 97:5–97:13 | No objection | |
| 98:1–98:7 | FRE 602; AEO | Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.  Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 98:18–98:25 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 99:9–99:13 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 100:3–100:4 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 100:7–100:13 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 108:1–108:4 | FRE 103(c); 106; 401-403; 602 | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. The testimony is |

441

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | incomplete and misleading as it leaves out a substantial portion of Mr. Solano's answer. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. |
| 108:6–108:6 | FRE 103(c); 106; 401-403; 602 | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. The testimony is incomplete and misleading as it leaves out a substantial portion of Mr. Solano's answer. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. |
| 108:9–108:11 | FRE 106; 401-403; 602 | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The testimony is incomplete and misleading as it leaves out a substantial portion of Mr. Solano's answer. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. |
| 108:19–108:20 | FRE 103(c); 401-403; 602 | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 108:22–109:2 | 108:22–25 FRE 401-403; 602<br><br>109:1–2 FRE 401-403; 602; AEO | 108:22-25<br>The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative.<br><br>109:1-2<br>The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 109:4–109:6 | FRE 103(c); 401-403; 602; AEO | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 109:11–109:13 | FRE 103(c); 401-403; 602; AEO | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 109:16–109:19 | FRE 103(c); 401-403; 602; AEO | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 109:24–110:5 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 113:21–113:23 | FRE 401-403; AEO | The Court has already ruled that Yuga Labs uses its marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Yuga Labs has also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 114:1–114:2 | FRE 401-403; AEO | The Court has already ruled that Yuga Labs uses its marks in commerce so this testimony is irrelevant. The testimony would confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 114:7–114:12 | No objection | |
| 115:1–115:3 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. It would confuse the issues and waste time. Mr. Solano lacks personal knowledge as to the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 115:6–115:11 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. It would confuse the issues and waste time. Mr. Solano lacks personal knowledge as to the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 116:5–116:6 | FRE 401-403; 602; AEO | The Court has already found a likelihood of confusion so this testimony is irrelevant. It would confuse the issues and waste time. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 117:16–117:21 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Counsel's question about truthfulness calls for speculation. |
| 117:23–117:24 | FRE 401-403; 602 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Counsel's question about truthfulness calls for speculation. |
| 131:12–131:13 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 131:16–131:17 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 131:22–131:23 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 132:1–132:5 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 132:8–132:10 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 134:2–134:3 | FRE 401-403; 602; AEO; MIL 1; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 134:6–134:7 | FRE 401-403; 602; AEO; MIL 1; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 134:19–134:21 | FRE 401-403; 602; AEO; MIL 1; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 137:16–137:18 | FRE 401-403; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 138:4–138:5 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 138:8–138:10 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 142:8–142:15 | No objection | |
| 147:17–147:18 | FRE 103(c); 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The question calls for a legal conclusion. Mr. Solano lacks personal knowledge of to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 147:21–147:25 | FRE 103(c); 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury. The question calls for a legal conclusion. Mr. Solano lacks personal knowledge of to answer the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:10–148:12 | FRE 401-403; AEO | That Yuga Labs filed a complaint in this action is unremarkable and irrelevant to the issues to be decided at trial. This testimony will confuse the issues and waste time. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 148:25–149:9 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:18–149:20 | FRE 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of the article that counsel is questioning him about. The quote from the article is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 149:23–149:23 | FRE 401-403; 602; 801-802; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge of the article that counsel is questioning him about. The quote from the article is inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 156:22–156:23 | FRE 401-403; 602; AEO; MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 156:25–157:2 | 156:25 FRE 401-403; 602; AEO; MIL 2<br><br>157:1–2 FRE 401-403; 602; 801-802; AEO; MIL 2 | 156:25<br>This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection.<br><br>157:1-2<br>This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. The testimony pertains to statements outside of court that are inadmissible hearsay for which no exception applies. Yuga Labs has also |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 157:5–157:6 | FRE 401-403; 602; 801-802; AEO, MIL 2 | This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge of to answer the question. The testimony pertains to statements outside of court that are inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 157:9–157:20 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 158:6–158:7 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 158:10–158:13 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 158:15–158:15 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 158:20–158:22 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 158:24–158:24 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 159:15–159:19 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 160:4–160:16 | FRE 401-403; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:21–162:22 | FRE 401-403; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The testimony includes legal conclusions and technical terminology that is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 162:25–163:3 | 162:25 FRE 401-403; 701-702; AEO; MIL 5  163:1–163:3 FRE 401-403; 701-702; AEO; MIL 5 | 162:25 This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The testimony includes legal conclusions and technical terminology that is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | 163:1-3<br>This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The testimony includes legal conclusions and technical terminology that is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 163:24–163:25 | FRE 401-403; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The testimony includes legal conclusions and is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 164:3–164:15 | FRE 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion In Limine No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. The testimony includes legal conclusions and technical terminology that is based on technical or specialized knowledge, and witness is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 164:18–164:24 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion In Limine No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 166:5–166:9 | FRE 401-403; AEO | Testimony representing the presentation of an exhibit is irrelevant. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 170:19–170:20 | FRE 401-403; AEO; MIL 5 | This is subject to Yuga Labs' Motion In Limine No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 170:23–170:25 | FRE 401-403; AEO; MIL 5 | This is subject to Yuga Labs' Motion In Limine No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 174:5–174:7 | FRE 103(c); 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion In Limine No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | steps Yuga Labs has taken to protect its intellectual property rights. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 174:10– 174:13 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion In Limine No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what steps Yuga Labs has taken to protect its intellectual property rights. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 174:15 | FRE 401-403; 602; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what steps Yuga Labs has taken to protect its intellectual property rights. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 176:4–176:7 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what steps Yuga Labs has taken to protect its |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | intellectual property rights. Mr. Solano lacks personal knowledge to answer the question. The testimony is based on technical or specialized knowledge of how to enforce intellectual property rights, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 176:14–176:15 | FRE 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what steps Yuga Labs has taken to protect its intellectual property rights. Mr. Solano lacks personal knowledge to answer the question. The testimony is based on technical or specialized knowledge of how to enforce intellectual property rights, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 178:16–178:18 | FRE 103(c); 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what rights are granted to BAYC holders through the BAYC Terms. Mr. Solano lacks personal knowledge of to answer the question. The testimony is based on technical or specialized knowledge of intellectual property rights, and Mr. Solano is not qualified as an expert. Yuga |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
| --- | --- | --- |
| | | Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 178:21–178:22 | FRE 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. The question calls for a legal conclusion as to what rights are granted to BAYC holders through the BAYC Terms. Mr. Solano lacks personal knowledge to answer the question. The testimony is based on technical or specialized knowledge of intellectual property rights, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 180:17–180:19 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 180:21–180:21 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 181:11–181:13 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 181:15–181:19 | FRE 401-403; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 182:4–182:5 | FRE 401-403; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 182:7–182:9 | FRE 401-403; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 183:21–184:7 | No objection | |
| 184:19–184:24 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 185:1 | FRE 401-403; 602; 801-802; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. The testimony reflects a third-party's out of court statement that constitutes inadmissible hearsay for which no exception applies. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 186:10–186:13 | FRE 401-403; 602; AEO; MIL 3 | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  This subject is also not relevant and likely to confuse the jury because Yuga Labs' "APE" trademark is not at issue in the trial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 186:15–186:15 | FRE 401-403; 602; AEO | This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue in dispute and likely to mislead the jury.  This subject is also not relevant and likely to confuse the jury because Yuga Labs' "APE" trademark is not at issue in the trial. Mr. Solano lacks personal knowledge to answer the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs |

## Defendants' Designations

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | objects to its designation for the purpose of circumventing that protection. |
| 206:17–206:20 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks first-hand knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 206:23–207:2 | FRE 401-403; 602; AEO; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. Mr. Solano lacks first-hand knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 208:8–208:13 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 208:22–208:23 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 209:7–209:10 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 212:1 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| 212:4–212:6 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 212:8–212:16 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 212:19–212:20 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 212:23–213:4 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 213:23–214:3 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 214:6–214:7 | FRE 401-403; MIL 1 | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and are unduly prejudicial. |
| 229:24–230:8 | FRE 401-403; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 230:24–230:25 | FRE 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | question. The question calls for a legal opinion based on technical or specialized knowledge, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 231:3–231:4 | FRE 401-403; 602; 701-702; AEO; MIL 5 | This is subject to Yuga Labs' Motion *In Limine* No. 5 because the license in the BAYC Terms is not relevant to this case and argument about the scope of the license is unduly prejudicial. Mr. Solano lacks personal knowledge to answer the question. The question calls for a legal opinion based on technical or specialized knowledge, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 231:23–231:23 | FRE 401-403; 602; 701-702; AEO | The Court granted Yuga Labs' motion for summary judgment on Defendants' DMCA counterclaim and so this subject is not relevant to any issue the jury will consider and will confuse them. Mr. Solano lacks personal knowledge to answer the question. The question calls for a legal opinion based on technical or specialized knowledge, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 232:1–232:1 | FRE 401-403; 602; 701-702; AEO | The Court granted Yuga Labs' motion for summary judgment on Defendants' DMCA counterclaim and so this subject is not relevant to any issue the jury will consider and will confuse them. Mr. Solano lacks personal |

**Defendants' Designations**

| Defendants' Designations | Plaintiff's Objections | Grounds for Objection |
|---|---|---|
| | | knowledge to answer the question. The question calls for a legal opinion based on technical or specialized knowledge, and Mr. Solano is not qualified as an expert. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 248:18–249:7 | No objection | |
| 256:11–256:15 | FRE 401-403; 602; AEO | Questioning about compliance with discovery requirements is irrelevant to any issues at trial. It would confuse the issues and prejudice Yuga Labs. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |
| 256:18–256:19 | FRE 401-403; 602; AEO | Questioning about compliance with discovery requirements is irrelevant to any issues at trial. It would confuse the issues and prejudice Yuga Labs. Mr. Solano lacks personal knowledge of the answer to the question. Yuga Labs has also designated this testimony as Attorneys' Eyes Only under the protective order and Yuga Labs objects to its designation for the purpose of circumventing that protection. |

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *21:19–21:20* | No objection | |
| *51:10–51:14* | No objection | |
| *52:13–52:14* | No objection | |
| *52:17–52:20* | No objection | |
| *52:23–53:10* | No objection | |

**Defendants' Designations**

| Plaintiff's Counter Designations | Defendants' Objections | Grounds for Objection |
|---|---|---|
| *53:14–53:16* | No objection | |
| *53:19–53:23* | No objection | |
| *54:1–54:5* | No objection | |
| *54:12–54:14* | No objection | |
| *54:17–54:20* | No objection | |
| *57:5–57:6* | No objection | |
| *57:9–57:13* | No objection | |
| *57:16–57:16* | No objection | |
| *58:17–58:18* | No objection | |
| *58:22–58:24* | No objection | |
| *59:2–59:7* | No objection | |
| *59:10–59:16* | No objection | |
| *59:19–59:24* | No objection | |
| *117:25–118:2* | No objection | |
| *118:6–119:13* | No objection | |
| *119:16–120:2* | No objection | |
| *120:5–120:24* | No objection | |
| *124:13–124:25* | Improper counter-designation (not related to designated material); Incomplete (fails to designate full answer) | Counter designations are only allowed to cover the scope of the direct designations. This is outside the scope. This is also incomplete as to be misleading, Mr. Solano's actual answer to counsel's question is at lines 125:1-2 which is not counter-designated. |
| *142:17* | No objection | |