Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **JOINT STATEMENT RE YUGA LABS, INC.'S OFFER OF PROOF FOR JONAH BERGER, PH.D.** |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:  310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:  202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit their joint statement as to Yuga Labs' Offer of Proof (Dkt. 267) for its expert Jonah Berger.

Dr. Berger's testimony will consist of the following opinions, which are also set forth in Yuga Labs' Offer of Proof.

**Opinion No. 1:** Based on Dr. Berger's expertise and experience and his review of the relevant materials produced in this matter, he reached the opinion that brand equity refers to the additional value endowed to a company's products and services owing to them being from that particular brand.  Brand equity is derived from brand awareness, perceived quality, and brand associations or perceptions that consumers have of that brand.  Brand equity is established using significant time, money, and effort.  Brand equity can be damaged through negative associations.  This is especially true of symbolic goods, or things consumers purchase for their prestige or status, such as BAYC NFTs.

**Proffering Party (Yuga Labs):**

The basis for Dr. Berger's Opinion No. 1 is contained in his February 6, 2023, expert report at ¶¶ 1-5 (Qualifications); ¶¶ 6-8 (Assignment); ¶ 9 (Summary of Opinions); ¶¶ 13-37 (Brand Equity is a Valuable Asset); ¶¶ 47-63 (Counterfeit and Imitation Products Can Diminish Brand Equity by Changing Brand Perception and Associations); ¶¶ 93, 95 (Conclusion); Appendix A (CV and prior testimony); and Appendix B (Materials Considered List).  The basis for Dr. Berger's Opinion No. 1 is also contained in his May 19, 2023 Supplemental Expert Report at ¶ 1 (Qualifications); ¶ 2 (Materials Considered); Appendix A (CV and prior testimony); and Appendix B (Supplemental Materials Considered List).

Dr. Berger testified about Opinion No. 1 in his deposition at: 42:7-45:1, 45:20-46:14, 46:23-48:9, 87:2-88:8, 92:1-93:3, 96:11-98:4.

In forming his opinion, Dr. Berger relied on the documents and statements contained in Dkt. 267-4 (Exhibit C).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Dr. Berger's Opinion No. 1 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Dr, Berger relies for his opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 1" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 1" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Dr. Berger is allowed to testify about the materials relied on in forming the opinions outlined in his report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

**Opinion No. 2:** Based on Dr. Berger's expertise and experience, and his review of the relevant materials produced in this matter, he reached the conclusion that authentic BAYC NFTs are a high-end symbolic good. Their values are derived not just from the artwork and endowed features of each unique NFT, but also from associations with the BAYC brand.

**Proffering Party (Yuga Labs):**

The basis for Dr. Berger's Opinion No. 2 is contained in his February 6, 2023, expert report at ¶ 10 (Summary of Opinions); ¶¶ 38-46 (Yuga Labs' BAYC Brand has the Characteristics of a Brand with High Brand Equity), and ¶ 94 (Conclusion).

Additionally, Opinion No. 2 is based on the sections of Dr. Berger's February 6, 2023, expert report set forth in Opinion No. 1, specifically at ¶¶ 1-5, 6-8, 9, 13-37, 93, 95, and Appendices A and B, as well as Dr. Berger's May 19, 2023, Supplemental Expert Report at ¶¶ 1, 2 and Appendices A and B.

Dr. Berger testified about Opinion No. 2 in his deposition at: 48:17-49:14, 54:25-55:14, 269:3-270:2, 272:6-273:10, 274:23-277:8, 279:20-281:3, and 281:8-283:18.

In forming his opinion, Dr. Berger relied on the documents and statements contained in Dkt. 267-5 (Exhibit D).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Dr. Berger's Opinion No. 2 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Dr. Berger relies for his opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 2" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 2" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Dr. Berger is allowed to testify about the materials relied on in forming the opinions outlined in his report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

**Opinion No. 3:** Based on Dr. Berger's expertise and experience and his review of the relevant materials produced in this matter, he reached the opinion that the promotion, marketing, and sales of RR/BAYC NFTs harmed the brand equity of BAYC for multiple reasons.  First, the introduction of RR/BAYC NFTs increased perceived supply and decreased the perceived exclusivity of authentic BAYC NFTs.  Second, there is evidence of marketplace confusion following the promotion, marketing, and sales of RR/BAYCs.  Third, the promotion, marketing, and sales of RR/BAYC NFTs led to a shift in discourse regarding the BAYC brand. Automated textual analysis illustrates that consumer attitudes toward the BAYC brand became less positive and more negative during Defendants' promotion, marketing, and sales of RR/BAYC NFTs.  Because consumer attitudes are directly related to brand equity, Defendants' promotion, marketing, and sales of RR/BAYC NFTs likely damages BAYC's brand equity.

**Proffering Party (Yuga Labs):**

The basis for Dr. Berger's Opinion No. 3 is contained in his February 6, 2023, expert report at ¶ 11 (Summary of Opinions); ¶¶ 64-92 (The Minting and Sales of RR/BAYC NFTs Harmed BAYC Brand Equity); ¶ 96 (Conclusion); Appendix C (sample tweets); Appendix D (Data Appendix); Appendix E (Weekly Proportion of tweets referencing "BAYC" or "Bored Ape" that also include a reference to Mr. Ripps or RR/BAYC). Additionally, Opinion No. 3 is based on the sections of Dr. Berger's February 6, 2023, expert report set forth in Opinion Nos. 1 and 2, specifically ¶¶ 1-10, 13-63, 93-95, and Appendices A and B, as well as Dr. Berger's May 19, 2023, Supplemental Expert Report at ¶¶ 1, 2 and Appendices A and B.

Dr. Berger testified about Opinion No. 3 in his deposition at: 84:5-14, 89:21-90:14, 99:6-22, 100:10-103:4, 103:23-104:8, 104:20-105:16, 106:19-107:24, 108:14-109:18, 111:4-114:25, 115:14-117:11, 118:7-119:13, 121:4-128:1, 133:11-134:21, 135:16-137:4, 138:8-140:6, 141:4-13, 143:5-146:6, 153:10-156:20, 163:9-170:16,

171:1-179:24, 181:9-190:7, 190:8-191:23, 192:13-193:9, 195:17-196:6, 196:17-198:9, 200:3-207:14, 207:23-210:15, 211:8-213:6, 215:2-217:2, 217:12-220:16, 222:9-229:2, 230:18-231:25, 234:5-237:20, 239:16-253:11, and 259:23-269:2.

In forming his opinion, Dr. Berger relied on the documents and statements contained in Dkt. 267-6 (Exhibit E).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Dr. Berger's Opinion No. 3 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Dr. Berger relies for his opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 3" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 3" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Dr. Berger is allowed to testify about the materials relied on in forming the opinions outlined in his report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

**Opinion No. 4:** Based on Dr. Berger's expertise and experience and his review of the relevant materials produced in this matter, he reached the opinion that harm to BAYC brand equity reduced BAYC's brand value and goodwill. Products associated with the BAYC brand account for the vast majority of Yuga Labs'

earnings and profits. The decrease in BAYC brand value would likely cause a decrease in Yuga Labs' sales, profits, and future earnings associated with the BAYC brand.

**Proffering Party (Yuga Labs):**

The basis for Dr. Berger's Opinion No. 4 is contained in his February 6, 2023, expert report at ¶ 12 (Summary of Opinions) and ¶ 97 (Conclusion). Additionally, Opinion No. 4 is based on the sections of Dr. Berger's February 6, 2023, expert report set forth in Opinion Nos. 1, 2, and 3, specifically ¶¶ 1-11, 13-96, and Appendices A-E, as well as Dr. Berger's May 19, 2023, Supplemental Expert Report at ¶¶ 1, 2 and Appendices A and B.

Dr. Berger testified about Opinion No. 4 in his deposition at: 190:8-191:23, 195:17-196:6, 196:17-198:9, 217:12-220:16, and 230:18-231:25.

In forming his opinion, Dr. Berger relied on the documents and statements contained in Dkt. 267-7 (Exhibit F).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Dr. Berger's Opinion No. 4 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Dr. Berger relies for his opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 4" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Dr. Berger in his "Materials Relied Upon for Opinion No. 4" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility

of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial.  Yuga Labs' position is that Dr. Berger is allowed to testify about the materials relied on in forming the opinions outlined in his report, which were disclosed in the report, regardless of whether those materials are admitted into evidence.  See Fed. R. Evid. 703, 705.

Dated:  June 7, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Louis W. Tomrpos
Louis W. Tompros
Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated:  June 7, 2023

FENWICK & WEST LLP

By: /s/ Eric Ball
Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on June 7, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000