
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT RE YUGA LABS, INC.'S OFFER OF PROOF FOR LAUREN KINDLER** |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit their joint statement as to Yuga Labs' Offer of Proof (Dkt. 268) for its expert Lauren Kindler.

Ms. Kindler's testimony will consist of the following opinions, which are also set forth in Yuga Labs' Offer of Proof.

**Opinion No. 1:** Based on Ms. Kindler's expertise and experience, her review of the relevant materials produced in this matter, and an analysis of transactions on the Ethereum blockchain, she reached the opinion that, as of February 1, 2023, Defendants earned $1,589,455 in profits associated with their wrongful conduct (the promotion and sale of RR/BAYC NFTs). These profits were generated by 1) Defendants' sales of the infringing RR/BAYC NFTs that they minted and began to sell in May 2022, 2) creator fees that Defendants collected from resales of infringing RR/BAYC NFTs on secondary markets, and 3) the value of infringing RR/BAYC NFTs that Defendants hold or did not mint. Defendants' profits of $1,589,455 likely underestimate Yuga Labs' economic harm, in terms of lost profits, because had Yuga Labs, as opposed to Defendants, minted additional NFTs with its marks, they likely would have sold at higher prices. Profits continue to accrue to Defendants, as resales on secondary markets are ongoing.

**Proffering Party (Yuga Labs):**

The basis for Ms. Kindler's opinion is contained in her report at ¶ 1 (Introduction and Assignment); ¶¶ 2-5 (Qualifications and Experience); ¶¶ 6-7 (Information Reviewed and Considered); ¶¶ 8, 9(a), 9(b) (Summary of Opinions); ¶¶ 11-40 (Background); ¶¶ 41-54 (Evidence of Consumer Confusion Resulting from the Wrongful Conduct); ¶¶ 57-78 (Evaluation of Yuga Labs' Damages Due to Defendants' Wrongful Conduct); Appendices A-C; Supplemental Expert Report, Appendices A-B.

Ms. Kindler testified about her opinion in her deposition at: 14:3-16, 19:20-20:5, 20:12-14, 20:19-22, 25:8-27:2, 33:11-34:7, 36:10-23, 56:25-58:18, 74:17-23,

75:4-76:10, 85:15-87:12, 87:21-88:7, 88:11-89:21, 91:5-17, 92:22-93:22, 94:1-97:17, 107:9-113:14, 114:24-116:6, 117:14-119:5, 120:15-121:13, 126:19-128:16, 133:9-134:4, 134:22-135:9, 138:8-140:11, 141:1-141:24, and 170:6-171:22.

In forming her opinion, Ms. Kindler relied on the documents and statements contained in Dkt. 268-4 (Exhibit C).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Ms. Kindler's Opinion No. 1 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Ms. Kindler relies for her opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 1" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 1" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Ms. Kindler is allowed to testify about the materials relied on in forming the opinions outlined in her report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

**Opinion No. 2:** Based on Ms. Kindler's expertise and experience, her review of the relevant materials produced in this matter, and an analysis of relevant transactions on the Ethereum blockchain, she reached the opinion that Yuga Labs could, as an effort to mitigate further harm, purchase and destroy all infringing

RR/BAYC NFTs and Yuga Labs' cost to do so would be $1,792,704.  Ms. Kindler opined that this estimate is very likely understated, as some RR/BAYC NFT owners (including the Defendants themselves) may be "holdouts" in this hypothetical buyback effort and drive up costs to Yuga Labs by charging above-market prices. Any increase in the value of RR/BAYC NFTs would result in further unjust enrichment to Defendants.

**Proffering Party (Yuga Labs):**

The basis for Ms. Kindler's opinion is contained in her report at ¶ 1 (Introduction and Assignment); ¶¶ 2-5 (Qualifications and Experience); ¶¶ 6-7 (Information Reviewed and Considered); ¶¶ 8, 9(c)(ii) (Summary of Opinions); ¶¶ 11-40 (Background); ¶¶ 41-54 (Evidence of Consumer Confusion Resulting from the Wrongful Conduct); ¶¶ 57, 85-86 (Evaluation of Yuga Labs' Damages Due to Defendants' Wrongful Conduct); Appendices A-C; Supplemental Expert Report, Appendices A-B.

Ms. Kindler testified about her opinion in her deposition at: 14:3-16, 19:20-20:5, 20:12-14, 20:19-22, 25:8-27:2, 33:11-34:7, 37:23-38:20, 56:25-58:18, 74:17-23, 75:4-76:10, 167:14-168:14, 169:19-170:5, and 170:6-171:22.

In forming her opinion, Ms. Kindler relied on the documents and statements contained in Dkt. 268-5 (Exhibit D).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Ms. Kindler's Opinion No. 2 as articulated in Yuga's offer of proof, subject to cross examination.  Defendants do not concede that the opinion is accurate or that the factual predicates on which Ms. Kindler relies for her opinion will be established at trial.  Additionally, Defendants object to the use at trial of any document identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 2" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261).

1  Defendants also maintain their objections to the use at trial of deposition testimony
2  identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 2" for the
3  reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Ms. Kindler is allowed to testify about the materials relied on in forming the opinions outlined in her report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

**Opinion No. 3:** Based on Ms. Kindler's expertise and experience and her review of the relevant materials produced in this matter, she reached the opinion that, in addition to the measures of harm quantified above, Defendants' wrongful conduct caused (and continues to cause) additional types of unjust enrichment to Defendants that are significant, yet more difficult to quantify. Specifically, Defendants have been able to "free ride" on Yuga Labs' investments in creating the BAYC brand.

**Proffering Party (Yuga Labs):**

The basis for Ms. Kindler's opinion is contained in her report at ¶ 1 (Introduction and Assignment); ¶¶ 2-5 (Qualifications and Experience); ¶¶ 6-7 (Information Reviewed and Considered); ¶¶ 8, 10 (Summary of Opinions); ¶¶ 11-40 (Background); ¶¶ 41-54 (Evidence of Consumer Confusion Resulting from the Wrongful Conduct); ¶¶ 57, 89 (Evaluation of Yuga Labs' Damages Due to Defendants' Wrongful Conduct); Appendices A-B; Supplemental Expert Report, Appendices A-B.

Ms. Kindler testified about her opinion in her deposition at: 14:3-16, 19:20-20:5, 20:12-14, 20:19-22, 25:8-27:2, 33:11-34:7, 74:17-23, 75:4-76:10, 128:24-131:1, and 132:22-133:8.

In forming her opinion, Ms. Kindler relied on the documents and statements

contained in Dkt. 268-6 (Exhibit E).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Ms. Kindler's Opinion No. 3 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Ms. Kindler relies for her opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 3" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 3" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Ms. Kindler is allowed to testify about the materials relied on in forming the opinions outlined in her report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

**Opinion No. 4:** Based on Ms. Kindler's expertise and experience and her review of the relevant materials produced in this matter, she reached the opinion that, in addition to the measures of harm quantified above, Defendants' wrongful conduct caused (and continues to cause) additional types of harm to Yuga Labs that are significant, yet more difficult to quantify. Specifically, (1) the confusion created by the wrongful conduct caused damage to Yuga Labs' business; (2) testimony from Yuga Labs' former CEO indicates that the wrongful conduct likely resulted in Yuga Labs' loss of at least one valuable partnership opportunity with another firm; (3) the

wrongful conduct likely harmed Yuga Labs' goodwill. In sum, Yuga Labs has suffered (and continues to suffer) harm as a result of Defendants' wrongful conduct, beyond the damages amounts calculated in Ms. Kindler's report.

**Proffering Party (Yuga Labs):**

The basis for Ms. Kindler's opinion is contained in her report at ¶ 1 (Introduction and Assignment); ¶¶ 2-5 (Qualifications and Experience); ¶¶ 6-7 (Information Reviewed and Considered); ¶¶ 8, 10 (Summary of Opinions); ¶¶ 11-40 (Background); ¶¶ 41-54 (Evidence of Consumer Confusion Resulting from the Wrongful Conduct); ¶¶ 57, 90-93 (Evaluation of Yuga Labs' Damages Due to Defendants' Wrongful Conduct); Appendices A-B; Supplemental Expert Report, Appendices A-B.

Ms. Kindler testified about her opinion in her deposition at: 14:3-16, 19:20-20:5, 20:12-14, 20:19-22, 25:8-27:2, 33:11-34:7, 74:17-23, 75:4-76:10, 177:2-178:24, 185:9-186:2, and 186:15-190:14.

In forming her opinion, Ms. Kindler relied on the documents and statements contained in Dkt. 268-7 (Exhibit F).

**Non-Proffering Party (Defendants):**

Defendants do not object to the admissibility of Ms. Kindler's Opinion No. 4 as articulated in Yuga's offer of proof, subject to cross examination. Defendants do not concede that the opinion is accurate or that the factual predicates on which Ms. Kindler relies for her opinion will be established at trial. Additionally, Defendants object to the use at trial of any document identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 4" that Yuga did not include in its exhibit list, as well as to Exhibits JTX-1 and JTX-621 (for the reasons identified in the Parties' Joint Statement RE: Objections in Revised Pre-trial Exhibit Stipulation, Dkt. 261). Defendants also maintain their objections to the use at trial of deposition testimony identified by Ms. Kindler in her "Materials Relied Upon for Opinion No. 4" for the reasons identified in the Parties' Joint Deposition Designation Index, Dkt. 279.

**Proffering Party's (Yuga Labs') Response:**

Because Defendants have not objected, and do not object, to the admissibility of this opinion, and because of its probative value as set forth above, the testimony should be admitted at trial. Yuga Labs' position is that Ms. Kindler is allowed to testify about the materials relied on in forming the opinions outlined in her report, which were disclosed in the report, regardless of whether those materials are admitted into evidence. See Fed. R. Evid. 703, 705.

Dated: June 7, 2023                                     WILMER CUTLER PICKERING HALE AND DORR LLP


By: */s/ Louis W. Tompros*
    Louis W. Tompros
    Attorneys for Defendants
    RYDER RIPPS and JEREMY CAHEN


Dated: June 7, 2023                                     FENWICK & WEST LLP


By: */s/ Eric Ball*
    Eric Ball
    Attorneys for Plaintiff
    YUGA LABS, INC.

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on June 7, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000