Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants
Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                         Plaintiff,<br><br>        v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                         Defendants. | CASE NO. 2:22-cv-04355-JFW-JEM<br><br>**DEFENDANTS' RESPONSE TO YUGA'S NOTICE FOLLOWING PRE-TRIAL CONFERENCE**<br><br>Judge: Hon. John F. Walter<br><br>MIL Hearing Date:  June 16, 2023<br>Trial Date:  July 7, 2023 |

1    Defendants respectfully submit this statement in response to Plaintiff Yuga
2   Labs, Inc.'s ("Yuga") Notice Following the Pre-Trial Conference Regarding the
3   Remaining Claims and Issues for Trial, Dkt. 309 (June 12, 2023).  Yuga states in its
4   notice that it has withdrawn its second cause of action (False Advertising) and its
5   demand for a jury trial.  Dkt. 309 at 3.

6    Defendants maintain their Seventh Amendment jury trial demand on all
7   remaining issues, and submit that Yuga's request to withdraw its demand for a jury
8   trial should be denied.

9    Defendants are entitled to a jury trial under the Seventh Amendment on several
10   issues.  ***First***, Yuga seeks to recover actual damages, which the Ninth Circuit has
11   recognized to be a legal (not equitable) issue that entails a right to a jury trial.  *F21
12   OpCo, L v. Airwair Int'l Ltd.*, 2:22-cv-01684-SB-MAA, 2023 WL 2626368, at *2
13   (C.D. Cal. Feb. 17, 2023) ("A claim to recover a plaintiff's actual damages caused by a
14   defendant's infringement of the plaintiff's trademark is legal."); *Dairy Queen, Inc. v.
15   Wood*, 369 U.S. 469 (1962) ("[A]n action for damages based upon a charge of
16   trademark infringement [is] no less subject to cognizance by a court of law."); *Jarrow
17   Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 n.5 (9th Cir. 2002)
18   ("[C]ertain trademark infringement actions trigger a Seventh Amendment right to a
19   jury trial, which pertains to actions at law." (citing *Dairy Queen*, 369 U.S.at 477–78)).
20   Yuga's actual damages claim must be tried to a jury.

21    ***Second***, Yuga seeks statutory damages for its anti-cybersquatting claim under
22   the ACPA, and Defendants have a right to a jury determination of the amount of
23   statutory damages.  *Black v. Irving Materials, Inc.,* 17-cv-06734-LHK, 2019 WL
24   13199612, at *3 (N.D. Cal. May 29, 2019) ("Thus, the Court finds that there is ample
25   authority for trying ACPA claims and the determination of whether to award statutory
26   damages to a jury."); *Versace v. Awada*, 03-CB-3254-GAF, 2009 WL 10673371, at *7
27
28

(C.D. Cal. Sep. 4, 2009) ("Strictly construing Rule 38, the Court will not permit Plaintiff to withdraw its demand for a jury trial because Defendants do not consent, and because the law holds clearly that Defendant has a right to a jury determination of statutory damages."); *see also Fetner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("And there is historical evidence that cases involving discretionary monetary relief were tried before juries . . . Accordingly, we must conclude that the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recovery statutory damages.").

*Third*, willfulness remains a central issue of dispute in this case, given Yuga's request for a finding that the case is exceptional based on "intentional infringement," warranting enhanced damages and attorneys' fees. *See* Dkt. 149, at 13 (Yuga requesting a finding that ""this is an exceptional case of intentional infringement"); *see also SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (adopting "totality of the circumstances" analysis for exceptional case analysis under Lanham Act, in which willful infringement is a consideration). The Seventh Amendment guarantees Defendants a right to a jury trial on willfulness. *See, e.g.*, *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. 13-cv-05167-BRO (MANx), 2015 WL 4517846, at *8 (C.D. Cal. July 24, 2015) (submitting willfulness to the jury in a trademark action); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1337-38 (Fed. Cir. 2018) (". . . the standard articulated in *Halo*, which mandates that willfulness is an issue for the jury, not the district court." (citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016)); *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 104-07 (2015); *Unicolors, Inc. v. H&M Hennes & Mauritz L.P.*, No. 16-cv-02322-AB (SKx), 2018 WL 10307045, at *6 (C.D. Cal. Aug. 1, 2018) (holding in the context of copyright "that willfulness was a factual issue for the jury to decide.").

1     Defendants therefore respectfully submit that they remain entitled to a jury trial

2   on damages for count 1, damages for count 3, and willful infringement for purposes of

3   Yuga's claim that the case is exceptional.

4

5

6   Dated: June 13, 2023                    By: /s/ *Louis W. Tompros*

                                            Louis W. Tompros (*pro hac vice*)
7                                           louis.tompros@wilmerhale.com
                                            Monica Grewal (*pro hac vice*)
8                                           monica.grewal@wilmerhale.com
                                            Scott W. Bertulli (*pro hac vice*)
9                                           scott.bertulli@wilmerhale.com
                                            Tyler Carroll (*pro hac vice*)
10                                          tyler.carroll@wilmerhale.com
                                            **WILMER CUTLER PICKERING**
11                                          **HALE AND DORR LLP**
                                            60 State Street
12                                          Boston, MA 02109
                                            Telephone: (617) 526-6000
13                                          Fax: (617) 526-5000

14                                          Derek Gosma (SBN 274515)
                                            derek.gosma@wilmerhale.com
15                                          Henry Nikogosyan (SBN 326277)
                                            henry.nikogosyan@wilmerhale.com
16                                          **WILMER CUTLER PICKERING**
                                            **HALE AND DORR LLP**
17                                          350 South Grand Ave., Suite 2400
                                            Los Angeles, CA 90071
18                                          Telephone: (213) 443-5300
                                            Fax: (213) 443-5400

19                                          Attorneys for Defendants
20                                          *Ryder Ripps and Jeremy Cahen*

21

22

23

24

25

26

27

28   CASE NO. 2:22-CV-04355-JFW-JEM         -4-        DEFENDANTS' RESPONSE TO YUGA'S
                                                                            NOTICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via email June 13, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000