ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**SECOND REVISED JOINT PRE-TRIAL EXHIBIT STIPULATION**<br><br>Trial Date:  July 7, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to Section 6(e) of the Court's Scheduling and Case Management Order (*see* Dkt. 57 at 25-26) and the Pre-Trial Conference held on June 9, 2023, Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") and Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants"), submit this Second Revised Joint Pre-Trial Exhibit Stipulation.

The full Second Revised Joint Pre-Trial Exhibit Stipulation follows this cover pleading in table form.  For the convenience of the Court, the following describes the various ranges of exhibits within the Second Revised Joint Pre-Trial Exhibit Stipulation:

- JTX-1 relates to the deposition of Thomas Lehman;
- JTX-2 – 72 relate to the deposition of Ryan Hickman;
- JTX-80 – 110 relate to the deposition of Jeremy Cahen;
- JTX-111 – 138 relate to the deposition of Ryder Ripps;
- JTX-141 – 183 relate to the deposition of Ian Garner;
- JTX-201 – 218 relate to the deposition of Greg Solano;
- JTX-219 – 250 relate to the deposition of Nicole Muniz;
- JTX-251 – 255 relate to the deposition of Kerem Atalay;
- JTX-256 – 265 relate to the deposition of Guy Oseary;
- JTX-266 – 299 relate to the deposition of Wylie Aronow;
- JTX-300 – 307 relate to the deposition of Jonah Berger;
- JTX-308 – 309 relate to the deposition of Lauren Kindler;
- JTX-310 – 320 relate to the deposition of Laura O'Laughlin;
- JTX-401 – 414 relate to the deposition of Patrick Ehrlund;
- JTX-502 – 525 relate to the deposition of Jason Cline;
- JTX-600 – 1628 contain Yuga Labs' exhibits; and
- JTX-2000 – 2709 contain Defendants' exhibits.

Revised Pretrial Exhibit Stipulation

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1 | 2022 02 03 Thomas Lehman Declaration (Lehman Depo Exhibit 1) | Lehman, Kindler | Document is hearsay, unduly prejudicial and speculative. Fed. R. Evid. 403, 801, 1002.<br><br>These exhibits are settlement-acquired documents in connection with a different litigation involving a third party, Thomas Lehman. Exhibit 1, a declaration from Mr. Lehman, was admittedly authored by Yuga Labs and contains verbatim statements written by Yuga Labs that Mr. Lehman admitted he merely adopted. Mr. Lehman also admitted that he signed the declaration under duress and as a condition of settling litigation which he admitted made him fearful and which was disrupting his life. As a result, rather than admitting his written declaration, the jury should hear Mr. Lehman's live testimony subject to cross examination (if they hear from him at all).<br><br>Admission of these lawyer-created legal-documents would be unfairly prejudicial because they would improperly confuse the jury. The documents are also hearsay that will be offered for the truth of the matter asserted and are not subject to any exception. Further, use of lawyer-created, court documents is not compliant with the best evidence rule under the Federal Rules of Evidence. Mr. Lehman's direct testimony subject to cross-examination is the superior form of evidence. To the extent Yuga Labs intends to introduce any evidence regarding Thomas Lehman's knowledge of the RR/BAYC Project or agreements reached with Yuga Labs, it can do so by introducing direct testimony from Mr. Lehman to avoid confusing the jury with complicated, lawyer-created, court documents. This is particularly true since Yuga Labs has secured Mr. Lehman's attendance at trial via the settlement agreement itself. | Exhibit 1 is an under-oath statement signed by Thomas Lehman that relates directly to the issues in this case and which Mr. Lehman repeatedly affirmed during Defendants' deposition of him did in fact constitute his truthful testimony. Here is but one of many examples of Mr. Lehman affirming that his sworn statement is truthful:<br><br>Q.Does Exhibit 1 reflect your truthful testimony?<br>A.That's the declaration?<br>Q.Yes.<br>A.Yes, it does.<br>Deposition of Thomas Lehman at 251:14-17.<br><br>Although Defendants do not object to Exhibit 1 on the grounds of relevance, Exhibit 1 is relevant to the issues the jury will decide because it relates to the amount of money Mr. Lehman was paid and how Defendants promoted their RR/BAYC NFTs. To the extent the Court allows Defendants to argue that they did not intend to confuse consumers, contrary to the Court's order on Yuga Labs' motion for summary judgment, then Mr. Lehman's declaration is also relevant to that issue.<br><br>Exhibit 1 is not unduly prejudicial to Defendants because Mr. Lehman has testified that it is truthful. Defendants had an opportunity to depose Mr. Lehman about Exhibit 1 and they have designated testimony from that deposition. Therefore, the highly probative nature of Exhibit 1 is not outweighed by any prejudice to Defendants.<br><br>Exhibit 1 is admissible pursuant to Federal Rule of Evidence 801(d)(2)(C) and (D) because Defendants have repeatedly affirmed that Mr. Lehman is their partner in their RR/BAYC business venture. See Dkt. 235 at 12:2-3 ("Mr. Lehman is a software programmer and a partner in the RR/BAYC Project.").<br><br>Yuga Labs is in possession of the original Exhibit 1 and therefore it is not inadmissible pursuant to Federal Rule of Evidence 1002.<br><br>Although Defendants do not object to Exhibit 621 on the grounds of relevance, it is plainly relevant to the issue of the scope of injunctive relief to be awarded to Yuga Labs as it shows the injunction another federal judge entered against one of Defendants' co-conspirators. Moreover, Exhibit 621 is relevant to the issue of damages as it shows that Yuga Labs has sought to destroy the RR/BAYC NFTs and one of the measures of damages Yuga Labs seeks from Defendants is the cost to destroy the remaining infringing NFTs. |
| JTX-2 | 2022 09 08 Subpoena for Documents (Ryan Hickman) (Hickman Depo Exhibit 2) | Hickman, Kindler | This is a brief or pleading that should not be admitted into evidence. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-7 | 2022 09 29 Email from R. Hickman to A. Fares re discovery responses (Hickman Depo Exhibit 7) | Hickman, Kindler | Objections withdrawn. | |
| JTX-8 | Excerpts from Team ApeMarket Discord - First Page (Hickman Depo Exhibit 8) | Lehman, Hickman, Cahen, Ripps | Objections withdrawn. | |
| JTX-9 | 2022 05 23 - 2022 07 27 Discord chat (Lehman and Hickman) (Hickman Depo Exhibit 9) | Lehman, Hickman, Kindler | Objections withdrawn. | |
| JTX-10 | First Page of RRBAYC Telegram (Hickman Depo Exhibit 10) | Cahen, Hickman, Lehman, Ripps | Objections withdrawn. | |
| JTX-11 | 2022 06 20 Twitter Direct Messages (Lehman and Hickman) (Hickman Depo Exhibit 11) | Lehman, Hickman, Kindler | Objections withdrawn. | |
| JTX-12 | 2022 06 21 Twitter Direct Messages (Hickman) (Hickman Depo Exhibit 12) | Hickman, Kindler | Objections withdrawn. | |
| JTX-13 | 2022 05 16 Hickman Tweet (Hickman Depo Exhibit 13) | Hickman, Kindler | Objections withdrawn. | |
| JTX-15 | 2022 05 24 Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 15) | Hickman, Cahen, Lehman | Objections withdrawn. | |
| JTX-16 | 2022 06 28 06:33 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 16) | Hickman, Lehman, Ripps | Objections withdrawn. | |
| JTX-17 | 2022 09 08 Twitter Direct Message (Hickman) (Hickman Depo Exhibit 17) | Hickman, Kindler | Objections withdrawn. | |
| JTX-20 | 2022 06 13 4:51 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 20) | Hickman, Cahen, Ripps | Objections withdrawn. | |
| JTX-21 | 2022 05 19 10:46 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 21) | Cahen, Kindler | Objections withdrawn. | |
| JTX-22 | 2022 05 20 7:08 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 22) | Cahen, Kindler | Objections withdrawn. | |
| JTX-23 | 2022 06 15 6:08 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 23) | Cahen, Ripps | Objections withdrawn. | |
| JTX-24 | 2022 06 03 8:07 AM Excerpts from Team ApeMarket Discord  (Hickman Depo Exhibit 24) | Lehman, Hickman, Kindler | Objections withdrawn. | |
| JTX-25 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Hickman Depo Exhibit 25) | Hickman, Cahen, Ripps, Kindler | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-26 | ApeMarket Twitter Page (Hickman Depo Exhibit 26) | Hickman, Cahen, O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-27 | rrbayc.com Webpage (captured at 2022 11 08) (Hickman Depo Exhibit 27) | Hickman; Ripps; Cahen | Objections withdrawn. | |
| JTX-28 | RRBAYC Foundation webpage (Hickman Depo Exhibit 28) | Hickman, Ripps, Cahen | Objections withdrawn. | |
| JTX-29 | 2022 06 13 (Wayback) RRBAYC Opensea webpage (Hickman Depo Exhibit 29) | Hickman, Ripps, Cahen | Objections withdrawn. | |
| JTX-31 | Excerpts from Team ApeMarket Discord - 22-May-22 11:47 AM (Hickman Depo Exhibit 31) | Hickman, Ripps, Cahen | Objections withdrawn. | |
| JTX-32 | Excerpts from Team ApeMarket Discord - 23-May-22 04:48 PM (Hickman Depo Exhibit 32) | Cahen, Hickman | Objections withdrawn. | |
| JTX-33 | 2022 05 25 22:01 RRBAYC Telegram Messages (Hickman Depo Exhibit 33) | Cahen, Hickman | Objections withdrawn. | |
| JTX-34 | 2022 10 12 Public Discord (Hickman) (Hickman Depo Exhibit 34) | Hickman, Kindler | Objections withdrawn. | |
| JTX-36 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414e52c48fd50d73691e (Hickman Depo Exhibit 36) | Hickman, Ripps, Cahen | Objections withdrawn. | |
| JTX-38 | 2022 05 25 12:44 RRBAYC Telegram Messages PM Hickman Depo Exhibit 38) | Lehman, Hickman, Ripps | Objections withdrawn. | |
| JTX-39 | Excerpts from Team ApeMarket Discord - 20-May-22 (Hickman Depo Exhibit 39) | Lehman, Hickman, Cahen | Objections withdrawn. | |
| JTX-40 | 2022 05 22 2:44 RRBAYC Telegram Messages (Hickman Depo Exhibit 40) | Lehman, Hickman, Cahen, Ripps | Objections withdrawn. | |
| JTX-41 | Excerpts from Team ApeMarket Discord - 23-May-22 06:40 PM (Hickman Depo Exhibit 41) | Lehman, Hickman, Cahen | Objections withdrawn. | |
| JTX-42 | Excerpts from Team ApeMarket Discord - 22-May-22 08:59 AM (Hickman Depo Exhibit 42) | Cahen, Hickman | Objections withdrawn. | |
| JTX-44 | 2022 05 26 5:44 RRBAYC Telegram 2 Messages (Hickman Depo Exhibit 44) | Hickman, Garner, Ripps | Objections withdrawn. | |
| JTX-49 | 2022 05 30 12:58 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 49) | Cahen | Objections withdrawn. | |
| JTX-50 | 2022 05 26 10:45 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 50) | Cahen | Objections withdrawn. | |
| JTX-51 | 2022 06 01 10:28 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 51) | Cahen | Objections withdrawn. | |
| JTX-52 | 2022 07 03 Twitter Direct Messages (Hickman) (Hickman Depo Exhibit 52) | Hickman, O'Laughlin Kindler | Objections withdrawn. | |
| JTX-54 | 2022 06 02 3:42 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 54) | Ripps, Hickman | Objections withdrawn. | |
| JTX-55 | 2022 05 26 10:06 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 55) | Cahen | Objections withdrawn. | |
| JTX-56 | 2022 05 26 11:01 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 56) | Cahen | Objections withdrawn. | |
| JTX-58 | 2022 06 24 4:01 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 58) | Ripps, Cahen | Objections withdrawn. | |
| JTX-59 | 2022 05 25 4:59 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 59) | Cahen | Objections withdrawn. | |
| JTX-60 | 2022 06 01 2:23 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 60) | Cahen | Objections withdrawn. | |
| JTX-61 | 2022 05 31 7:06 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 61) | Cahen | Objections withdrawn. | |
| JTX-63 | 2022 06 08 1:08 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 63) | Cahen, Hickman | Objections withdrawn. | |
| JTX-64 | 2022 05 19 11:26 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 64) | Cahen | Objections withdrawn. | |
| JTX-66 | 2022 06 08 10:58 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 66) | Hickman; Kindler | Objections withdrawn. | |
| JTX-67 | 2022 05 23 10:42 AM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 67) | Hickman; Kindler | Objections withdrawn. | |
| JTX-68 | 2022 05 23 6:31 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 68) | Cahen | Objections withdrawn. | |
| JTX-69 | 2022 05 30 10:47 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 69) | Hickman, Cahen | Objections withdrawn. | |
| JTX-71 | 2022 05 27 12:24 PM Excerpts from Team ApeMarket Discord (Hickman Depo Exhibit 71) | Hickman, Cahen | Objections withdrawn. | |
| JTX-72 | Etherscan - 0xF9C2Ba78aE44ba98888B0e9EB27EB63d576F261B (Hickman) (Hickman Depo Exhibit 72) | Hickman; Kindler | Objections withdrawn. | |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-80 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Cahen Depo Exhibit 80) | Cahen; Ripps | Objections withdrawn. | |
| JTX-81* | 2022 12 27 Ryder Ripps and Jeremy Cahen's Answer, Defenses, and Counterclaims to Complaint (Cahen Depo Exhibit 81) | Cahen, Ripps | This is a brief or pleading that should not be admitted into evidence. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-82 | RRBAYC nftx.io Webpage (Cahen Depo Exhibit 82) | Cahen | Objections withdrawn. | |
| JTX-84 | ApeMarket Webpage 1 (Cahen Depo Exhibit 84) | Cahen | Objections withdrawn. | |
| JTX-85 | ApeMarket Webpage 2 (Cahen Depo Exhibit 85) | Cahen | Objections withdrawn. | |
| JTX-86 | ApeMarket Webpage 3 (Cahen Depo Exhibit 86) | Cahen | Objections withdrawn. | |
| JTX-87 | ApeMarket Flow Chart (Cahen Depo Exhibit 87) | Cahen | Objections withdrawn. | |
| JTX-88 | 2022 06 02 ApeMarket Tweet - ApeMarket Flow Chart (Cahen Depo Exhibit 88) | Cahen | Objections withdrawn. | |
| JTX-89 | 2022 06 23 9:12 AM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 89) | Cahen | Objections withdrawn. | |
| JTX-90 | 2022 06 23 12:50 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 90) | Cahen | Objections withdrawn. | |
| JTX-91 | 2022 06 21 Hickman Tweet (Cahen Depo Exhibit 91) | Cahen | Objections withdrawn. | |
| JTX-92 | 2022 05 31 7:20 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 92) | Cahen | Objections withdrawn. | |
| JTX-94 | RR/BAYC Browser Tab and Favicon (Cahen Depo Exhibit 94) | Cahen | Objections withdrawn. | |
| JTX-95 | Ape Market Browser Tab and Favicon (Cahen Depo Exhibit 95) | Cahen | Objections withdrawn. | |
| JTX-96 | RR/BAYC Revenue, Gas, and Profit Share (Cahen Depo Exhibit 96) | Cahen; Lehman; Kindler | Objections withdrawn. | |
| JTX-97 | 2022 05 21 6:15 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 97) | Cahen | Objections withdrawn. | |
| JTX-98 | 2022 05 30 11:42 RRBAYC Telegram 2 messages between Ryder Ripps and Pauly Shore (Cahen Depo Exhibit 98) | Cahen; Ripps | Objections withdrawn. | |
| JTX-99 | RRBAYC Telegram 2 Messages on 19-56 - 20-04 (Cahen Depo Exhibit 99) | Cahen, Ripps | Objections withdrawn. | |
| JTX-100 | 2022 05 21 12:21 AM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 100) | Cahen | Objections withdrawn. | |
| JTX-101 | RRBAYC Telegram - 14-32 - 15-08 (Cahen Depo Exhibit 101) | Cahen, Ripps | Objections withdrawn. | |
| JTX-102 | RRBAYC Telegram (Cahen Depo Exhibit 102) | Cahen, Ripps | Objections withdrawn. | |
| JTX-103 | RR/BAYC Recent Financials (Cahen Depo Exhibit 103) | Cahen, Ripps, Lehman, Kindler | Objections withdrawn. | |
| JTX-104 | Cahen Twitter Header (Cahen Depo Exhibit 104) | Cahen, Kindler | Objections withdrawn. | |
| JTX-105 | 2022 06 02 1:23 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 105) | Cahen | Objections withdrawn. | |
| JTX-107 | 2022 06 07 6:00 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 107) | Cahen | Objections withdrawn. | |
| JTX-108 | 2022 06 24 Text Messages (Lehman and Cahen) (Cahen Depo Exhibit 108) | Cahen | Objections withdrawn. | |
| JTX-109 | 2022 05 31 9:25 AM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 109) | Cahen | Objections withdrawn. | |
| JTX-110 | 2022 06 03 5:58 PM Excerpts from Team ApeMarket Discord (Cahen Depo Exhibit 110) | Hickman, Cahen | Objections withdrawn. | |
| JTX-111 | 2022 06 03 5:58 PM RRBAYC Telegram 2 messages between Ryder Ripps and Pauly Shore (Ripps Depo Exhibit 111) | Ripps, Cahen | Objections withdrawn. | |
| JTX-113 | 2022 05 30 3:40 PM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 113) | Cahen, Ripps | Objections withdrawn. | |
| JTX-114 | 2022 06 09 1:52 PM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 114) | Ripps | Objections withdrawn. | |
| JTX-115* | 2022 12 28 Ryder Ripps's Second Supplemental Responses to Yuga's First Set of Interrogatories to Ryder Ripps (Ripps Depo Exhibit 115) | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-116 | Exhibit A to Yuga Labs' Complaint (Ripps Depo Exhibit 116) | Solano | This is a brief or pleading that should not be admitted into evidence. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-117 | 2022 07 15 (Wayback) Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Ripps Depo Exhibit 117) | Ripps, Cahen, Hickman | Objections withdrawn. | |
| JTX-118 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (Ripps Depo Exhibit 118) | Ripps | Objections withdrawn. | |
| JTX-119 | 2021 12 06 Ripps Tweet (Ripps Depo Exhibit 119) | Ripps; Kindler | Objections withdrawn. | |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-120 | RR/BAYC #8774 on Foundation webpage (Ripps Depo Exhibit 120) | Ripps, O'Laughlin | Objections withdrawn. | |
| JTX-123 | 2021 12 06 Ripps Tweet (Ripps Depo Exhibit 123) | Ripps | Objections withdrawn. | |
| JTX-124 | rrbayc.com Webpage (captured at 2022 11 08) (Ripps Depo Exhibit 124) | Ripps | Objections withdrawn. | |
| JTX-125 | 2022 05 17 Twitter Direct Messages (Ripps and Claire0x) (Ripps Depo Exhibit 125) | Ripps | Objections withdrawn. | |
| JTX-126 | 2022.05.20 Text Messages (Ripps and Ian Garner) (Ripps Depo Exhibit 126) | Ripps | Objections withdrawn. | |
| JTX-127 | RRBAYC Telegram - 20-21 - 20-36 (Ripps Depo Exhibit 127) | Ripps, Lehman | Objections withdrawn. | |
| JTX-128 | 2022 05 16 Ripps Tweet (Ripps Depo Exhibit 128) | Ripps, Kindler | Objections withdrawn. | |
| JTX-129 | RRBAYC Telegram 2 messages - 17-21  (Ripps Depo Exhibit 129) | Ripps | Objections withdrawn. | |
| JTX-130 | 2022 06 08 4:02 PM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 130) | Ripps | Objections withdrawn. | |
| JTX-131 | 2022 05 16 Ripps Tweet (Ripps Depo Exhibit 131) | Ripps | Objections withdrawn. | |
| JTX-132 | 2022 05 16 (WayBack) Ripps Tweet (Ripps Depo Exhibit 132) | Ripps | Objections withdrawn. | |
| JTX-133 | 2022 05 21 Twitter Direct Messages (Ripps and DoTheMath) (Ripps Depo Exhibit 133) | Ripps | Objections withdrawn. | |
| JTX-134 | 2022 05 31 8:10 AM Excerpts from Team ApeMarket Discord (Ripps Depo Exhibit 134) | Ripps | Objections withdrawn. | |
| JTX-135 | 2022 06 25 Twitter Direct Messages (Ripps and X2Y2) (Ripps Depo Exhibit 135) | Ripps | Objections withdrawn. | |
| JTX-136 | Redacted (RRBAYC) LooksRare webpage (captured on 2023 01 05) (Ripps Depo Exhibit 136) | Ripps | Objections withdrawn. | |
| JTX-137 | 2022 06 22 (Wayback) RRBAYC Looksrare webpage (Ripps Depo Exhibit 137) | Ripps | Objections withdrawn. | |
| JTX-138 | RRBAYC nftx.io webpage (Ripps Depo Exhibit 138) | Ripps | Objections withdrawn. | |
| JTX-141 | 2022 05 24 to 25 Text Messages (Garner and Ripps) (Garner Depo Exhibit 141) | Ripps, Garner | Objections withdrawn. | |
| JTX-144 | 2022 05 17 Text Messages (Garner and Ripps) (Garner Depo Exhibit 144) | Ripps, Garner | Objections withdrawn. | |
| JTX-145 | RRBAYC Telegram 2 messages - 4-01 to 6-06 (Garner Depo Exhibit 145) | Ripps | Objections withdrawn. | |
| JTX-146 | 2022 06 26 to 10 11 Text Messages (Garner and Ripps) (Garner Depo Exhibit 146) | Ripps, Garner | Objections withdrawn. | |
| JTX-147 | 2022-05-31 Twitter Direct Messages (Garner Depo Exhibit 147) | Ripps, Garner | Objections withdrawn. | |
| JTX-148 | 2023 02 22 Subpoena for Documents (Ian Garner) (Garner Depo Exhibit 148) | Garner, Kindler | This is a brief or pleading that should not be admitted into evidence. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-151 | Etherscan - 0xA4695c9E5D2e3d42EBc655c29786954699eb2864 (Garner Wallet) (Garner Depo Exhibit 151) | Garner, Kindler | Objections withdrawn. | |
| JTX-152 | Etherscan - Transaction Records for Garner Wallet (Garner Depo Exhibit 152 | Garner, Kindler | Objections withdrawn. | |
| JTX-153 | Etherscan - Transaction Details for 0xc456e938df5ec2ec3787f08ce714c54b0f6a3c6b243e0e40d5aa6e0c508a8b58 (Garner Depo Exhibit 153) | Ripps, Cahen, Garner | Objections withdrawn. | |
| JTX-154 | 2022 06 20 to 25 Text messages (Garner and Ripps) (Garner Depo Exhibit 154) | Ripps, Garner | Objections withdrawn. | |
| JTX-155 | 2022 07 15 (Wayback) Etherscan - 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e (Garner Depo Exhibit 155) | Garner, Kindler | Objections withdrawn. | |
| JTX-157 | Etherscan - 0xee969b68442c2d5843ad75f9117b3ab04b14960 RRBAYCRSVP) (Transactions) (Garner Depo Exhibit 157) | Ripps, Cahen, Garner | Objections withdrawn. | |
| JTX-158 | 2022 05 18 Text Messages (Garner and Ripps) (Garner Depo Exhibit 158) | Ripps, Garner | Objections withdrawn. | |
| JTX-159 | 2022 05 23 Text Messages (Garner and Ripps) (Garner Depo Exhibit 159) | Ripps, Garner | Objections withdrawn. | |
| JTX-160 | No Date Text Messages (Garner and Ripps) (Garner Depo Exhibit 160) | Ripps, Garner | Objections withdrawn. | |
| JTX-161 | 2022 05 22 Text Messages (Garner and Ripps) (Garner Depo Exhibit 161) | Ripps, Garner | Objections withdrawn. | |
| JTX-162 | 2022 06 04 Text messages (Garner and Ripps) (Garner Depo Exhibit 162 | Ripps, Garner | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-163 | RRBAYC Telegram 2 messages - 16-13 to 19-22 (Garner Depo Exhibit 163) | Ripps, Cahen | Objections withdrawn. | |
| JTX-165 | 2022 05 28 to 06 04 Text Messages (Garner and Ripps) (Garner Depo Exhibit 165) | Ripps, Garner | Objections withdrawn. | |
| JTX-166 | RRBAYC Netlify (captured on 2023 02 21) (Garner Depo Exhibit 166) | Ripps, Cahen, Garner | Objections withdrawn. | |
| JTX-167 | RRBAYC Netlify Ape #1376 (captured on 2023 02 21) (Garner Depo Exhibit 167) | Ripps, Cahen, Garner | Objections withdrawn. | |
| JTX-169 | No Date Text Messages (Garner and Ripps) (Garner Depo Exhibit 169) | Ripps, Garner | Objections withdrawn. | |
| JTX-170 | RRBAYC Telegram 2 messages - 19-56 to 20-04 (Garner Depo Exhibit 170) | Ripps, Cahen | Objections withdrawn. | |
| JTX-171 | RRBAYC Netlify (Garner Depo Exhibit 171) | Ripps, Cahen, Garner | Objections withdrawn. | |
| JTX-172 | RRBAYC Telegram 2 messages - 10-52 to 18-18 (Garner Depo Exhibit 172) | Ripps, Cahen | Objections withdrawn. | |
| JTX-173 | RRBAYC Telegram 2 messages - 12-47 to 18-04 (Garner Depo Exhibit 173) | Ripps, Cahen | Objections withdrawn. | |
| JTX-174 | 2022 05 26 to 28 Text Messages (Garner and Ripps) (Garner Depo Exhibit 174) | Ripps, Garner | Objections withdrawn. | |
| JTX-175 | RRBAYC Telegram 2 messages - 8-16 to 14-39 (Garner Depo Exhibit 175) | Ripps, Cahen | Objections withdrawn. | |
| JTX-176 | 2022 05 23 Text messages (Garner and Ripps) (Garner Depo Exhibit 176) | Ripps, Garner | Objections withdrawn. | |
| JTX-177 | 2022 05 24 Text messages (Garner and Ripps) (Garner Depo Exhibit 177) | Ripps, Garner | Objections withdrawn. | |
| JTX-178 | 2022 05 24 Text messages (Garner and Ripps) (Garner Depo Exhibit 178) | Ripps, Garner | Objections withdrawn. | |
| JTX-179 | rrbayc.com webpage (Garner Depo Exhibit 179) | Ripps | Objections withdrawn. | |
| JTX-180 | 2022 06 04 to 06 18 Text Messages (Garner and Ripps) (Garner Depo Exhibit 180) | Ripps, Garner | Objections withdrawn. | |
| JTX-181 | 2022 06 27 Text Messages (Garner and Ripps) (Garner Depo Exhibit 181) | Ripps, Garner | Objections withdrawn. | |
| JTX-182 | RRBAYC Telegram 2 messages - 13-09 to 15-13 (Garner Depo Exhibit 182) | Ripps, Cahen | Objections withdrawn. | |
| JTX-183 | 2023 03 08 Subpoena to Appear at Trial (Ian Garner) (Garner Depo Exhibit 183) | Garner, Kindler | This is a brief or pleading that should not be admitted into evidence. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-502* | Etherscan - 0x2a878245B52a2d46Cb4327541 CBc96E403a84791 (Cline Depo Exhibit 502) | Cline, Kindler | Objections withdrawn. | |
| JTX-504* | Cline Response to Document Requests (Cline Depo Exhibit 504) | Cline; Berger | Objections withdrawn. | |
| JTX-505* | Cline Twitter Header (Jclineshow) (Cline Depo Exhibit 505) | Cline; Berger | Objections withdrawn. | |
| JTX-513* | Gold Ape Image (Cline Depo Exhibit 513) | Ripps, Cahen | Objections withdrawn. | |
| JTX-520* | 2022 05 31 Discord Messages (Cline and Cahen) (Cline Depo Exhibit 520) | Cahen, O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-521* | 2022 05 31 Discord Messages (Cline and Cahen) (Cline Depo Exhibit 521) | Cahen, O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-522* | 2022 05 16 Twitter Direct Messages (Cline and the dude_86) (Cline Depo Exhibit 522) | Kindler | Objections withdrawn. | |
| JTX-523* | 2022 05 16 Cline Tweet (Cline Depo Exhibit 523) | Kindler | Objections withdrawn. | |
| JTX-524* | 2022 05 13 Cline Tweet (Cline Depo Exhibit 524) | Ripps | Objections withdrawn. | |
| JTX-525* | 2022 05 13 Cline Tweet (Cline Depo Exhibit 525) | Kindler | Objections withdrawn. | |
| JTX-600 | Etherscan - Transaction Details 0xec6a7bd2b146bd89b214d1b5f4650afc20462dddefe04 a7d65fb2f953404f015 (YUGALABS_00031370) | Berger, Kindler, Ripps | Objections withdrawn. | |
| JTX-601 | 2022 06 28 (Wayback) Etherscan - 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e (YUGALABS_00040355) | Solano, Muniz, Atalay | Objections withdrawn. | |
| JTX-603 | Foundation Webpage - How to Create a Collection (YUGALABS_00036186 - YUGALABS_00036199) | Ripps,  Cahen | Objections withdrawn. | |
| JTX-604 | RRBAYC Netlify Ape #4092 (captured on 2023 02 21) (YUGALABS_00036995) | Cahen, Lehman, Hickman, Berger, Kindler, Ripps | Objections withdrawn. | |
| JTX-605 | 2022 10 19 BAYC Tweet (YUGALABS_00032572) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-606 | 2021 12 02 adidasoriginals Tweet (YUGALABS_00002244) | Solano, Aronow, Muniz | Objections withdrawn. | |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-607 | Yuga Labs Website - About Page (YUGALABS_00030223 - YUGALABS_00030230) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-608 | Bored Ape Yacht Club Homepage (YUGALABS_00015993 - YUGALABS_00015995) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-611 | Yuga Labs OpenSea Bored Ape Yacht Club Listing Page (YUGALABS_00027531) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-612 | BAYC Twitter Header (YUGALABS_00002269) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-613 | Website Scrape of OpenSea Data Conducted by Yuga Labs (YUGALABS_00029704 - YUGALABS_00029719) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-614 | Samantha Hissong, "How Four NFT Novices Created a Billion-Dollar Ecosystem of Cartoon Apes," Rolling Stone (November 1, 2021) (YUGALABS_00002049 - YUGALABS_00002060) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-616 | KC Ifeanyi, "The Bored Ape Yacht Club apes into Hollywood," Fast Company (January 18, 2022) (YUGALABS_00002094 - YUGALABS_00002107) | Solano, Muniz | Objections withdrawn. | |
| JTX-617 | Kyle Chayka, "Why Bored Ape Avatars are Taking Over Twitter," The New Yorker (July 30, 2021) (YUGALABS_00033962 - YUGALABS_00033974) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-618 | Jacob Kastrenakes, "A bunch of ape NFTs just sold for $24.4 million," The Verge (September 9, 2021) (YUGALABS_00040362 - YUGALABS_00040368) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-619 | "Bored Ape Yacht Club: The Latest NFT Collectable Craze?" NFT Culture (May 10, 2021) (YUGALABS_00040369 - YUGALABS_00040372) | Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-620* | 2022 10 03 [48-1] Ripps Decl. ISO Motion to Strike, Dismiss (Yuga Labs' Motion for Summary Judgment Exhibit 25 | Ripps | No objection | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-621 | 2023 02 06 [12] Consent Judgment and Order in Yuga Labs v. Lehman (Yuga Labs' Motion for Summary Judgment Exhibit 26) | Lehman, Muniz | This is a brief or pleading that should not be admitted into evidence. Fed. R. Evid. 403, 801, 1002.\n\nExhibit 621, a consent judgment again agreed to under duress and as a condition of settlement, is equally or more prejudicial because it contains lawyer-written statements about alleged "facts" Mr. Lehman felt compelled to admit to avoid further litigation. From seeing a legal document titled consent judgment, the jury may be inappropriately led to believe that the issue of damages or the level of culpability has already been determined by a Court.\n\nAdmission of these lawyer-created legal-documents would be unfairly prejudicial because they would improperly confuse the jury. The documents are also hearsay that will be offered for the truth of the matter asserted and are not subject to any exception. Further, use of lawyer-created, court documents is not compliant with the best evidence rule under the Federal Rules of Evidence. Mr. Lehman's direct testimony subject to cross-examination is the superior form of evidence.\n\nTo the extent Yuga Labs intends to introduce any evidence regarding Thomas Lehman's knowledge of the RR/BAYC Project or agreements reached with Yuga Labs, it can do so by introducing direct testimony from Mr. Lehman to avoid confusing the jury with complicated, lawyer-created, court documents. This is particularly true since Yuga Labs has secured Mr. Lehman's attendance at trial via the settlement agreement itself. | The relevance of Exhibit 621 is not outweighed by any undue prejudice. This Court has already determined Defendants' intent and that Yuga Labs is entitled to an injunction, so there is no prejudice to Defendants if the jury concludes that their culpability has already been determined or that Yuga Labs is entitled to an injunction – those are resolved issues that the jury is not being asked to decide at trial. The jury will be asked to decide whether Defendants should pay to remove the infringing RR/BAYC NFTs from the marketplace and the relevance of Exhibit 621 on that key issue outweighs any prejudice concerning issues the jury is not being asked to decide.\n\nExhibit 621 is not inadmissible hearsay because it is a Court record admissible under Federal Rule of Evidence 803(6), (8), (14), (15) or 807.\n\nExhibit 621 is an original of the signed consent judgment insofar as the document filed with the Court and publicly accessible to everyone through, at least, PACER is the original pursuant to Federal Rule of Evidence 1002. The Court can also take judicial notice that Exhibit 621 is a carbon copy of what appears on the Court's docket in Yuga Labs v. Thomas Lehman. |
| JTX-627 | Emails re the Registration of the Domain apemarket.com (Yuga Labs' Motion for Summary Judgment Exhibit 29) | Ripps | Objections withdrawn. | |
| JTX-630 | 2022 06 24 Text Messages (Lehman and Cahen) (LEHMAN0000047 - LEHMAN0000049) | Lehman, Cahen | Objections withdrawn. | |
| JTX-631 | 2022 05 25 Text Messages (Lehman and third party) (LEHMAN0000077) | Lehman; Berger; Kindler | Objections withdrawn. | |
| JTX-633* | Yuga 1st Supp Resps to ROGs Set One (Yuga Labs' Motion for Summary Judgment Exhibit 35) | Solano, Muniz | This is a brief or pleading that should not be admitted into evidence. Document is Hearsay not subject to any exception. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-642* | Selection of Defts Tweets re Yuga Labs During the Litigation (Yuga Labs' Motion for Summary Judgment Exhibit 44) | Ripps, Cahen | Document is irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-643* | Selection of Defts Tweets re Yuga Labs Counsel (Yuga Labs' Motion for Summary Judgment Exhibit 45) | Ripps, Cahen | Document is irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-644* | USPTO Application - BORED APE YACHT CLUB (90739977) (YUGALABS_00040559 - YUGALABS_00040562) | Solano, Muniz | Document is hearsay | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-645* | USPTO Application - BORED APE YACHT CLUB (97015925) (YUGALABS_00040563 - YUGALABS_00040565) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-646* | USPTO Application - BORED APE YACHT CLUB (97125945) (YUGALABS_00040566 - YUGALABS_00040572) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-647* | USPTO Application - BORED APE YACHT CLUB (97132870) (YUGALABS_00040573 - YUGALABS_00040576) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-648* | USPTO Application - BORED APE YACHT CLUB (97313550) (YUGALABS_00040577 - YUGALABS_00040588) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-649* | USPTO Application - BAYC (90837138) (YUGALABS_00040513 - YUGALABS_00040518) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-650* | USPTO Application - BAYC (97126372) (YUGALABS_00040519 - YUGALABS_00040524) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-651* | USPTO Application - BAYC (97132886) (YUGALABS_00040525 - YUGALABS_00040532) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-652* | USPTO Application - BAYC (97313551) (YUGALABS_00040533 - YUGALABS_00040542) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-653* | USPTO Application - BORED APE (90884286) (YUGALABS_00040543 - YUGALABS_00040545) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-654* | USPTO Application - BORED APE (97126376) (YUGALABS_00040546 - YUGALABS_00040553) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-655* | USPTO Application - BORED APE (97132892) (YUGALABS_00040554 - YUGALABS_00040558) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-656* | USPTO Application - BAYC Logo (90739994) (YUGALABS_00040495 - YUGALABS_00040498) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-657* | USPTO Application - BAYC Logo (97015921) (YUGALABS_00040499 - YUGALABS_00040502) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-658* | USPTO Application - BAYC Logo (97125954) (YUGALABS_00040503 - YUGALABS_00040506) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-659* | USPTO Application - BAYC Logo (97132877) (YUGALABS_00040507 - YUGALABS_00040512) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-660* | USPTO Application - BA YC BORED APE YACHT CLUB Logo (90739987) (YUGALABS_00040479 - YUGALABS_00040482) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-661* | USPTO Application - BA YC BORED APE YACHT CLUB Logo (97015931) (YUGALABS_00040483 - YUGALABS_00040485) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-662* | USPTO Application - BA YC BORED APE YACHT CLUB Logo (97125951) (YUGALABS_00040486 - YUGALABS_00040489) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-663* | USPTO Application - BA YC BORED APE YACHT CLUB Logo (97132874) (YUGALABS_00040490 - YUGALABS_00040494) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-664* | USPTO Application - Ape Skull Logo (90903954) (YUGALABS_00040461 - YUGALABS_00040465) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-665* | USPTO Application - Ape Skull Logo (97015915) (YUGALABS_00040466 - YUGALABS_00040469) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-666* | USPTO Application - Ape Skull Logo (97125958) (YUGALABS_00040470 - YUGALABS_00040473) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-667* | USPTO Application - Ape Skull Logo (97132880) (YUGALABS_00040474 - YUGALABS_00040478) | Solano, Muniz | Document is hearsay and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-669 | 2022 05 14 Ripps Tweet (YUGALABS_00030121) | Ripps | No objection | |
| JTX-670 | 2022 05 21 (Wayback) - RRBAYC Foundation webpage (YUGALABS_00030104) | Ripps, O'Laughlin | Objections withdrawn. | |
| JTX-671 | 2022 05 17 Ripps Tweet (YUGALABS_00031325) | Ripps | Objections withdrawn. | |
| JTX-672 | 2022 05 15 Ripps Tweet (YUGALABS_00002602) | Ripps | Objections withdrawn. | |
| JTX-673 | RRBAYC Foundation Webpage (YUGALABS_00015424) | Ripps, O'Laughlin | Objections withdrawn. | |
| JTX-675 | RRBAYC Foundation mobile page (YUGALABS_00030346) | Ripps, Cahen | Objections withdrawn. | |
| JTX-676 | 2022 05 19 DegenSpartan Tweet (YUGALABS_00029889) | Ripps, O'Laughlin | Objections withdrawn. | |
| JTX-677 | Google Search - BAYC Foundation.app (YUGALABS_00015439) | Solano, Muniz | Objections withdrawn. | |
| JTX-682 | 2022 06 20 Cahen Tweet (YUGALABS_00040374) | Cahen | Objections withdrawn. | |
| JTX-683 | 2022 06 20 Cahen Tweet (YUGALABS_00036242 - YUGALABS_00036244) | Cahen | Objections withdrawn. | |
| JTX-684 | OpenSea 24 Hour Sales Rankings (YUGALABS_00015425) | Ripps, Cahen | Objections withdrawn. | |
| JTX-685 | 2022 06 21 Cahen Tweet (YUGALABS_00040429) | Cahen | Objections withdrawn. | |
| JTX-686 | Side-by-Side of BAYC #1058 and RR/BAYC #1058 on OpenSea (YUGALABS_00015999) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-687 | RRBAYC No. 362 (YUGALABS_00000617) | Solano, Aronow, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-688 | RRBAYC No. 863 (YUGALABS_00000619) | Solano, Aronow, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-689 | 2022 05 13 Ripps Tweet (YUGALABS_00000541) | Ripps, Solano | Objections withdrawn. | |
| JTX-690 | 2022 05 17 Ripps Tweet (YUGALABS_00000565) | Ripps, Solano, Aronow, Muniz | Objections withdrawn. | |
| JTX-691 | BAYC OpenSea Sales Page (YUGALABS_00002417) | Solano, Muniz | Objections withdrawn. | |
| JTX-692 | BAYC X2Y2 Webpage (YUGALABS_00031173) | Solano, Muniz | Objections withdrawn. | |
| JTX-696 | ApeMarket Twitter Account (YUGALABS_00014079 - YUGALABS_00014082) | Cahen | Objections withdrawn. | |
| JTX-697 | 2022 06 02 ApeMarket Tweet (YUGALABS_00000536) | Cahen | Objections withdrawn. | |
| JTX-698 | Apemarket.com Webpage (YUGALABS_00000542) | Ripps, Cahen | Objections withdrawn. | |
| JTX-699 | 2022 10 05 Yuga Labs Tweet (YUGALABS_00015399) | Solano, Muniz | Objections withdrawn. | |
| JTX-701 | 2022 06 21 Bloomberg Crypto News Segment (YUGALABS_00040375) | Muniz; O'Laughlin; Kindler | Objections withdrawn. | |
| JTX-704 | 2022 08 31 Smart_NFT_News Tweet (YUGALABS_00031334) | Muniz; O'Laughlin; Kindler | Objections withdrawn. | |
| JTX-705 | 2022 07 08 0xGem Tweet (YUGALABS_00002625 - YUGALABS_00002634) | Kindler | Objections withdrawn. | |
| JTX-706 | 2022 07 08 apeuniverse_eth Tweet (YUGALABS_00040377) | Kindler | Objections withdrawn. | |
| JTX-707 | 2022 07 08 NFTBuffet Tweet (YUGALABS_00040376) | Kindler | Objections withdrawn. | |
| JTX-709 | 2022 10 21 Tom22110616 Tweet (YUGALABS_00002033) | Kindler | Objections withdrawn. | |
| JTX-710 | 2022 05 19 Cryptoverse520 Tweet (YUGALABS_00027520) | Kindler | Objections withdrawn. | |
| JTX-713 | 2022 06 22 johnny0x_ Tweet (YUGALABS_00027491) | Kindler | Objections withdrawn. | |
| JTX-715 | 2022 05 27 Ripps Tweet (YUGALABS_00027523) | Kindler | Objections withdrawn. | |
| JTX-719 | 2022 05 18 Ripps Tweet (YUGALABS_00040410) | Ripps | Objections withdrawn. | |
| JTX-721* | Expert Report of Laura O'Laughlin (Yuga Labs' Motion for Summary Judgment Exhibit 105) | O'Laughlin | Objections withdrawn. | |
| JTX-722* | Expert Report of Jonah Berger (Yuga Labs' Motion for Summary Judgment Exhibit 106) | Berger | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-723* | Expert Report of Lauren Kindler (Yuga Labs' Motion for Summary Judgment Exhibit 107) | Kindler | Objections withdrawn. | |
| JTX-800 | Team ApeMarket Discord (HTML) (LEHMAN0000294) | Ripps, Cahen, Kindler | No objection | |
| JTX-801 | Team ApeMarket Discord (PDF) | Ripps, Cahen | No objection | |
| JTX-802 | RRBAYC Telegram (HTML) (LEHMAN0000314) | Ripps, Cahen | No objection | |
| JTX-803 | 2022 05 20 RRBAYC Telegram Messages.html (PDF) | Ripps, Cahen | No objection | |
| JTX-804 | 2022 05 26 RRBAYC Telegram Messages2.html (PDF) | Ripps, Cahen | No objection | |
| JTX-805 | 10,000 Ape Images | Solano, Muniz | No objection | |
| JTX-806 | Lehman's Source Code Files (ZIP) (LEHMAN0000308) | Kerem, Lehman, Hickman, Cahen | Objections withdrawn. | |
| JTX-807 | Lehman ApeMarket Source Code (Home) (YUGALABS_00043404) | Kerem, Lehman, Hickman, Cahen | Objections withdrawn. | |
| JTX-808 | Lehman ApeMarket Source Code (Dropdown menu) (YUGALABS_00043484) | Kerem, Lehman, Hickman, Cahen | Objections withdrawn. | |
| JTX-809 | Lehman ApeMarket Source Code (Bored Ape Yacht Club) (YUGALABS_00043490) | Kerem, Lehman, Hickman, Cahen | Objections withdrawn. | |
| JTX-812 | RRBAYC X2Y2 webpage (YUGALABS_00002334) | Ripps | Objections withdrawn. | |
| JTX-813 | BAYC BORED APE YACHT CLUB Logo (YUGALABS_00030108) | Solano, Muniz | Objections withdrawn. | |
| JTX-814 | 2022 05 15 Ripps Tweet (YUGALABS_00000538) | Ripps | Objections withdrawn. | |
| JTX-817 | 2022 05 18 Messages (Ripps and baggybydesign) (RIPPSCAHEN00002252) | Ripps | Objections withdrawn. | |
| JTX-818 | Etherscan - Ape #8774 (YUGALABS_00030078) | Ripps | Objections withdrawn. | |
| JTX-831 | 2022 05 22 Twitter Direct Messages (Pregueiro and Ripps) (RIPPSCAHEN00000304) | Ripps | Objections withdrawn. | |
| JTX-832 | Etherscan - Ripps Transfer of 5 RR/BAYC NFTs to Pregueiro (YUGALABS_00029814 - YUGALABS_00029819) | Ripps | Objections withdrawn. | |
| JTX-841 | 2022 05 18 Ripps Tweet (YUGALABS_00029089) | Ripps | Objections withdrawn. | |
| JTX-857 | 2022 06 17 Ripps Tweet (YUGALABS_00030109) | Ripps | Objections withdrawn. | |
| JTX-869 | 2023 01 03 Cahen Tweet (YUGALABS_00030069) | Cahen | Objections withdrawn. | |
| JTX-871 | 2022 06 22 Ripps Tweet (YUGALABS_00027522) | Ripps | Objections withdrawn. | |
| JTX-874 | 2021 12 10 Ripps Tweet (YUGALABS_00030233) | Ripps | Objections withdrawn. | |
| JTX-876* | USPTO TESS BORED APE YACHT CLUB (90739977) (YUGALABS_00029977 - YUGALABS_00029978) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-877* | USPTO TESS BA YC BORED APE YACHT CLUB Logo (90739987) (YUGALABS_00029990 - YUGALABS_00029991) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-878* | USPTO TESS BA YC Logo (90739994) (YUGALABS_00030058 - YUGALABS_00030059) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-879* | USPTO TESS BAYC (90837138) (YUGALABS_00030079 - YUGALABS_00030080) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-880* | USPTO TESS BORED APE (90884286) (YUGALABS_00030092 - YUGALABS_00030093) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-881* | USPTO TESS Ape Skull Logo (909039540) (YUGALABS_00030099 - YUGALABS_00030100) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-882* | USPTO TESS Ape Skull Logo (97015915) (YUGALABS_00030106 - YUGALABS_00030107) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-883* | USPTO TESS BA YC Logo (97015921) (YUGALABS_00030114 - YUGALABS_00030115) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-884* | USPTO TESS BORED APE YACHT CLUB (97015925) (YUGALABS_00030118 - YUGALABS_00030119) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-885* | USPTO TESS BA YC BORED APE YACHT CLUB Logo (97015931) (YUGALABS_00030129 - YUGALABS_00030130) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-886* | USPTO TESS BORED APE YACHT CLUB (97125945) (YUGALABS_00030134 - YUGALABS_00030135) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-887* | USPTO TESS BA YC BORED APE YACHT CLUB Logo (97125951) (YUGALABS_00030138 - YUGALABS_00030139) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-888* | USPTO TESS BA YC Logo (97125954) (YUGALABS_00030142 - YUGALABS_00030143) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-889* | USPTO TESS Ape Skull Logo (97125958) (YUGALABS_00030146 - YUGALABS_00030147) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-890* | USPTO TESS BAYC (97126372) (YUGALABS_00030150 - YUGALABS_00030151) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-891* | USPTO TESS BORED APE (97126376) (YUGALABS_00030155 - YUGALABS_00030156) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-892* | USPTO TESS BORED APE YACHT CLUB (97132870) (YUGALABS_00030160 - YUGALABS_00030162) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-893* | USPTO TESS BA YC BORED APE YACHT CLUB Logo (97132874) (YUGALABS_00030166 - YUGALABS_00030168) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-894* | USPTO TESS  BA YC Logo (97132877) (YUGALABS_00030172 - YUGALABS_00030174) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-895* | USPTO TESS BAYC (97132886) (YUGALABS_00030177 - YUGALABS_00030179) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-896* | USPTO TESS BORED APE (97132892) (YUGALABS_00030182 - YUGALABS_00030184) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-897* | USPTO TESS BORED APE YACHT CLUB (97313550) (YUGALABS_00030187 - YUGALABS_00030194) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-898* | USPTO TESS BAYC (97313551) (YUGALABS_00030195 - YUGALABS_00030202) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-899* | USPTO TESS Ape Skull Logo (97132880) (YUGALABS_00030205 - YUGALABS_00030207) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-906 | Etherscan - Address 0x592814f1f14e030b51f6087032db0f88f4214f254 (ryder - ripps.eth) (YUGALABS_00030152 - YUGALABS_00030153) | Ripps | Objections withdrawn. | |
| JTX-908 | Etherscan - 0xee969b688442c2d5843ad75f9117b3ab04b14960 RRBAYCRSVP) (Contract) (YUGALABS_00030208 - YUGALABS_00030209) | Ripps, Cahen | Objections withdrawn. | |
| JTX-909 | Etherscan - Address 0xbaf287cb2281841d9f5ba929d7dde87048fcaf1b (Ripps) (YUGALABS_00030157 - YUGALABS_00030158) | Ripps | Objections withdrawn. | |
| JTX-911 | Etherscan - Address 0x7D2550161E8A31D0b9585Bb9c88E63E9644af740 (Cahen) (YUGALABS_00030163 - YUGALABS_00030164) | Cahen | Objections withdrawn. | |
| JTX-912 | Etherscan - Address 0xbc4ca0eda7647a8ab7c2061c2e118a18a936f13d (BoredApeYachtClub (BAYC)) (YUGALABS_00030185 - YUGALABS_00030186) | Kerem, Solano, Kindler | Objections withdrawn. | |
| JTX-914 | 2022 07 08 rrbayc_bot Tweet (YUGALABS_00000586) | Cahen; Kindler | Objections withdrawn. | |
| JTX-915 | RR/BAYC Financials (RIPPSCAHEN00013270) | Ripps, Cahen, Lehman | Objections withdrawn. | |
| JTX-916 | Etherscan - 0x7D2550161E8A31D0b9585Bb9c88E63E9644af740 (Transactions from Ripps to Cahen) (YUGALABS_00030132) | Ripps, Cahen | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|----------------------------|----------------------|
| JTX-917 | Etherscan - Comparison 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e and 0xBC4CA0Ed A7647A8aB7C2061c2E118A18a936f13D (YUGALABS_00015423) | Ripps, Cahen, Kindler | Objections withdrawn. | |
| JTX-918 | 2022 05 18 to 2022 09 22 Text Messages (Lehman and Cahen) (LEHMAN0000013 - LEHMAN0000066) | Cahen | Objections withdrawn. | |
| JTX-919 | 2022 07 14 Cahen Tweet (YUGALABS_00000610) | Cahen | Objections withdrawn. | |
| JTX-922 | 2021 07 20 Cahen Tweet (YUGALABS_00029821) | Cahen | Objections withdrawn. | |
| JTX-923 | 2021 12 17 Cahen Tweet (YUGALABS_00029829) | Cahen | Objections withdrawn. | |
| JTX-924 | 2021 12 10 Cahen Tweet (YUGALABS_00029831) | Cahen | Objections withdrawn. | |
| JTX-938 | 2022 11 29 Cahen Tweet (YUGALABS_00029900) | Cahen | Objections withdrawn. | |
| JTX-943 | 2021 12 11 Cahen Tweet (YUGALABS_00002737) | Cahen, Kindler | Objections withdrawn. | |
| JTX-957 | 2022 05 23 Text Messages (Garner and Ripps) (RIPPSCAHEN00001294) | Garner, Ripps | Objections withdrawn. | |
| JTX-958 | 2022 05 23 Text Messages (Garner and Ripps) (RIPPSCAHEN00001295) | Garner, Ripps | Objections withdrawn. | |
| JTX-959 | No Date Text Messages (Garner and Ripps) (RIPPSCAHEN00001297) | Garner, Ripps | Objections withdrawn. | |
| JTX-960 | No Date Text Messages (Garner and Ripps) (RIPPSCAHEN00001299) | Garner, Ripps | Objections withdrawn. | |
| JTX-961 | No Date Text Messages (Garner and Ripps) (RIPPSCAHEN00001300) | Garner, Ripps | Objections withdrawn. | |
| JTX-962 | 2022 05 24 Text Messages (Garner and Ripps) (RIPPSCAHEN00001302) | Garner, Ripps | Objections withdrawn. | |
| JTX-963 | 2022 05 25 Text Messages (Garner and Ripps) (RIPPSCAHEN00001304) | Garner, Ripps | Objections withdrawn. | |
| JTX-964 | 2022 06 08 to 19 Text Messages (Garner and Ripps) (RIPPSCAHEN00001309) | Garner, Ripps | Objections withdrawn. | |
| JTX-965 | 2022 06 19 Text Messages (Garner and Ripps) (RIPPSCAHEN00001310) | Garner, Ripps | Objections withdrawn. | |
| JTX-966 | 2022 06 17 to 20 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000207) | Lehman, Hickman, Kindler | Objections withdrawn. | |
| JTX-967 | 2022 06 23 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000214) | Lehman, Hickman, Kindler | Objections withdrawn. | |
| JTX-968 | 2022 06 23 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000215) | Lehman, Hickman, Kindler | Objections withdrawn. | |
| JTX-969 | 2022 06 14 to 15 Hickman Tweets (YUGALABS_00032047) | Hickman; Kindler | Objections withdrawn. | |
| JTX-970 | Google Sheet re Reserved Ape IDs (LEHMAN0000241) | Hickman, Cahen, Lehman | Objections withdrawn. | |
| JTX-971 | 2022 08 26 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000203) | Lehman, Hickman; Kindler | Objections withdrawn. | |
| JTX-972 | Etherscan - Token Bored Ape Yacht Club (YUGALABS_00043510) | Ripps, Cahen | Objections withdrawn. | |
| JTX-973 | Etherscan - Transaction 0xb987ad523a314785ff965870ea82d46411fc58f28a9a88 63235f4e0c0dde7314 (from Hickman) (YUGALABS_00043514) | Ripps, Cahen, Hickman | Objections withdrawn. | |
| JTX-974 | Etherscan - Transaction 0x6f1a39025c91b4ff4774aadb21f8d6acae9f59507f181eb 62b062886 1c4c5f30 (to Hickman) (YUGALABS_00043519) | Ripps, Cahen, Hickman | Objections withdrawn. | |
| JTX-975 | Etherscan - Transaction 0x86255876d49c7d2ad041348b89892dbc12bc0bc6e428 7f4ee7d5753ad4f82541 (from Hickman) (YUGALABS_00043524) | Ripps, Cahen, Hickman | Objections withdrawn. | |
| JTX-977 | 2022 05 17 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000159) | Lehman; Kindler | Objections withdrawn. | |
| JTX-978 | 2022 05 17 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000160) | Lehman; Kindler | Objections withdrawn. | |
| JTX-979 | 2022 06 27 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000171) | Lehman; Kindler | Objections withdrawn. | |
| JTX-980 | 2022 06 27 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000134) | Lehman; Kindler | Objections withdrawn. | |
| JTX-981 | 2022 06 27 Twitter Direct Messages (Lehman and piv_piv (LEHMAN0000135) | Lehman; Kindler | Objections withdrawn. | |
| JTX-982 | 2022 05 22 to 23 Discord Direct Messages (Lehman and jimdrang) (LEHMAN0000302) | Lehman; Kindler | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-985 | 2022 05 25 Text Messages (Lehman and B. Gross) (LEHMAN0000078) | Lehman; Kindler | Objections withdrawn. | |
| JTX-986 | 2022 06 24 Text Messages (Lehman and B. Gross) (LEHMAN0000081) | Lehman; Kindler | Objections withdrawn. | |
| JTX-1002 | April - June 2022 Twitter Direct Messages (Lehman and Ripps) (LEHMAN0000166 - LEHMAN0000169) | Lehman; Ripps | Objections withdrawn. | |
| JTX-1003 | 2022 06 01 to 02 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000141) | Lehman; Kindler | Objections withdrawn. | |
| JTX-1008 | 2022 06 05 Text Messages (Lehman, D. Berger, and R. Berger) (LEHMAN0000108 - LEHMAN0000110) | Lehman; Kindler | Objections withdrawn. | |
| JTX-1009 | 2022 05 26 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000111) | Lehman; Kindler | Objections withdrawn. | |
| JTX-1010 | 2022 06 02 to 03 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000112) | Lehman; Berger | Objections withdrawn. | |
| JTX-1011 | 2022 06 03 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000113) | Lehman; Berger | Objections withdrawn. | |
| JTX-1012 | 2022 06 03 to 05 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000114) | Berger | Objections withdrawn. | |
| JTX-1013 | 2022 06 06 Twitter Direct Message (Lehman and M. Hirsch) LEHMAN0000115) | Lehman; Berger | Objections withdrawn. | |
| JTX-1014 | 2022 06 06 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000116) | Lehman; Berger | Objections withdrawn. | |
| JTX-1015 | 2022 06 07 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000117) | Lehman; Berger | Objections withdrawn. | |
| JTX-1016 | 2022 06 07 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000118) | Lehman; Berger | Objections withdrawn. | |
| JTX-1017 | 2022 06 07 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000119) | Lehman; Berger | Objections withdrawn. | |
| JTX-1018 | 2022 06 07 to 08 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000120) | Lehman; Berger | Objections withdrawn. | |
| JTX-1019 | 2022 05 26 Twitter Direct Message (Lehman and M. Hirsch) (LEHMAN0000121) | Lehman; Berger | Objections withdrawn. | |
| JTX-1020 | 2022 05 17 Twitter Direct Messages (Lehman and piv_piv) (LEHMAN0000158) | Berger; Kindler | Objections withdrawn. | |
| JTX-1021 | 2022 07 07 Twitter Direct Messages (Lehman and M. Hirsch) (LEHMAN0000196) | Berger, Kindler | Objections withdrawn. | |
| JTX-1022 | 2022 07 07 Twitter Direct Messages (Lehman and M. Hirsch) (LEHMAN0000197) | Berger, Kindler | Objections withdrawn. | |
| JTX-1023 | 2022 06 20 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000208) | Berger, Kindler | Objections withdrawn. | |
| JTX-1024 | 2022 06 20 Twitter Direct Messages (Lehman and Hickman) (LEHMAN0000209) | Berger, Kindler | Objections withdrawn. | |
| JTX-1027 | 2022 06 20 ApeMarket Tweet (YUGALABS_00000545) | Kindler; O'Laughlin | Objections withdrawn. | |
| JTX-1028 | 2022 01 03 dlbrows Tweet (YUGALABS_00000569) | Kindler | Objections withdrawn. | |
| JTX-1029 | 2022 07 08 0xQuit Tweet (YUGALABS_00002683 - YUGALABS_00002686 | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1030 | 2022 07 08 0xToven Tweet (YUGALABS_00000570) | Berger, Kindler | Objections withdrawn. | |
| JTX-1031 | 2022 07 08 apeuniverse_eth Tweet (YUGALABS_00000580) | Berger, Kindler | Objections withdrawn. | |
| JTX-1032 | 2022 07 08 Cryptonidis Tweet (YUGALABS_00000589) | Kindler | Objections withdrawn. | |
| JTX-1033 | 2022 07 08 FTMROSE Tweet (YUGALABS_00000605) | Kindler | Objections withdrawn. | |
| JTX-1034 | 2022 07 08 joergloo Tweet (YUGALABS_00000624) | Kindler | Objections withdrawn. | |
| JTX-1035 | 2022 07 08 NFTBuffet Tweet (YUGALABS_00000629) | Kindler | Objections withdrawn. | |
| JTX-1037 | 2022 05 26 Ripps Tweet (YUGALABS_00002041) | Ripps, Kindler | Objections withdrawn. | |
| JTX-1038 | 2021 08 20 Arizona Iced Tea Tweet (YUGALABS_00002247) | Berger | Objections withdrawn. | |
| JTX-1039 | LooksRare - RRBAYC #5277 (YUGALABS_00015413) | Kindler | Objections withdrawn. | |
| JTX-1040 | Opensea - BAYC #5277 (YUGALABS_00015414) | Kindler | Objections withdrawn. | |

13

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1041 | Etherscan - Transaction 0xd6787edd130dffc37006884013d118bfe3d7e8bf31946 8e3eab793c6760f8bee (YUGALABS_00015417) | Kindler | Objections withdrawn. | |
| JTX-1042 | Etherscan - Transaction 0X79b3bc7e029ae9fe423Cbf29C75bf6787e64fa7e0b8bb 61e62166510c7e4dd6 (YUGALABS_00015996) | Kindler | Objections withdrawn. | |
| JTX-1043 | 2022 05 16 Joey_tartz Tweet (YUGALABS_00027693) | Kindler | Objections withdrawn. | |
| JTX-1045 | 2022 06 23 Ripps Tweet (YUGALABS_00030050) | Ripps, Kindler | Objections withdrawn. | |
| JTX-1046 | 2022 05 16 Ripps Tweet (YUGALABS_00030068) | Kindler | Objections withdrawn. | |
| JTX-1047 | YouTube - 2022 06 21 Bloomberg Crypto News Segment (YUGALABS_00030236) | Solano, Muniz, O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1048 | 2023 01 18 ApeMarket Tweet (YUGALABS_00030238) | Kindler | Objections withdrawn. | |
| JTX-1049 | 2022 06 21 Bloomberg Crypto News Segment (Full Clip) (YUGALABS_00030243) | Solano, Muniz, O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1050 | 2022 06 21 BAYC Discord (YUGALABS_00031204) | Kindler | Objections withdrawn. | |
| JTX-1052 | 2022 03 24 Appdetex Invoice # INV5966 (YUGALABS_00031302) | Kindler, Muniz | Objections withdrawn. | |
| JTX-1053 | Appdetex Master Services Agreement (YUGALABS_00031303 - YUGALABS_00031316) | Kindler, Muniz | Objections withdrawn. | |
| JTX-1054 | 2022 05 16 Ripps Tweet (YUGALABS_00031324) | Ripps, Kindler | Objections withdrawn. | |
| JTX-1055 | 2022 06 15 0xGem Tweet (YUGALABS_00031326) | Kindler | Objections withdrawn. | |
| JTX-1056 | 2022 06 18 0xGem Tweet (YUGALABS_00031327) | Kindler; Berger | Objections withdrawn. | |
| JTX-1057 | 2022 06 20 0xGem Tweet (YUGALABS_00031328) | Kindler; Berger | Objections withdrawn. | |
| JTX-1058 | 2022 06 23 0xGem Tweet (YUGALABS_00031329) | Kindler | Objections withdrawn. | |
| JTX-1059 | 2022 06 25 0xGem Tweet (YUGALABS_00031330) | Kindler; Berger | Objections withdrawn. | |
| JTX-1060 | 2022 08 13 0xGem Tweet (YUGALABS_00031333) | Kindler | Objections withdrawn. | |
| JTX-1061 | 2022 12 28 0xGem Tweet (YUGALABS_00031335) | Kindler | Objections withdrawn. | |
| JTX-1062 | 2023 01 13 Exme007 Tweet (YUGALABS_00031357) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1063 | 2023 01 19 DSET555 Tweet (YUGALABS_00031359) | Kindler | Objections withdrawn. | |
| JTX-1064 | DappRadar - Bored Ape Yacht Club V3 #537 (YUGALABS_00031367) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1065 | LIVE9000 LLC Business Information (YUGALABS_00031397) | Ripps, Kindler | Objections withdrawn. | |
| JTX-1066 | DappRadar - Bored Ape Yacht Club V3 #8664 (YUGALABS_00031432) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1068 | 2022 06 15 0xGem Tweet (YUGALABS_00031596) | O'Laughlin | Objections withdrawn. | |
| JTX-1069 | 2022 06 18 0xGem Tweet (YUGALABS_00031597) | O'Laughlin | Objections withdrawn. | |
| JTX-1070 | 2022 06 23 0xGem Tweet (YUGALABS_00031601 - YUGALABS_00031602) | O'Laughlin | Objections withdrawn. | |
| JTX-1071 | 2022 06 25 0xGem Tweet (YUGALABS_00031603 - YUGALABS_00031604) | O'Laughlin | Objections withdrawn. | |
| JTX-1072 | 2022 08 13 0xGem Tweet (YUGALABS_00031605 - YUGALABS_00031609) | O'Laughlin | Objections withdrawn. | |
| JTX-1073 | 2022 12 28 0xGem Tweet (YUGALABS_00031610 - YUGALABS_00031611) | O'Laughlin | Objections withdrawn. | |
| JTX-1074 | 2022 07 22 Discord (YUGALABS_00031617) | Berger | Objections withdrawn. | |
| JTX-1075 | Yuga Labs Income Statement (January - December 2022) (YUGALABS_00031620) | Kindler, Muniz | Objections withdrawn. | |
| JTX-1076 | 2022 05 16 Ripps Tweet (YUGALABS_00031633) | Berger | Objections withdrawn. | |
| JTX-1077 | 2022 05 16 Ripps Tweet (YUGALABS_00031635) | Berger | Objections withdrawn. | |
| JTX-1078 | 2022 06 06 Ripps Tweet (YUGALABS_00031636) | Berger | Objections withdrawn. | |
| JTX-1079 | 2022 06 12 Ripps Tweet (YUGALABS_00031637) | Berger | Objections withdrawn. | |
| JTX-1085 | Aaker, David A., and Robert Jacobson, "The Financial Information Content of Perceived Quality," Journal of Marketing Research 31, no. 2 (1994) (YUGALABS_00032602 - YUGALABS_00032613) | Berger | Objections withdrawn. | |
| JTX-1086 | Aaker, David A., and Robert Jacobson, "The Value Relevance of Brand Attitude in High-Technology Markets," Journal of Marketing Research 38, no. 4 (2001) (YUGALABS_00032620 - YUGALABS_00032629) | Berger | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1087* | Agrawal, Deepak. "Effect of Brand Loyalty on Advertising and Trade Promotions: A Game Theoretic Analysis with Empirical Evidence," Marketing Science 15, no. 1 (1996) (YUGALABS_00032630 - YUGALABS_00032653) | Berger | Objections withdrawn. | |
| JTX-1088* | Berger, Jonah and Katy Milkman, "What Makes Online Content Viral?" Journal of Marketing Research, 49, no. 2, 2012 (YUGALABS_00032665 - YUGALABS_00032681) | Berger | Objections withdrawn. | |
| JTX-1089* | Berger, Jonah, Wendy Moe, and David Schweidel, "What Holds Attention: Linguistic Drivers of Content Consumption," Journal of Marketing, forthcoming (2023) (YUGALABS_00032685 - YUGALABS_00032735) | Berger | Objections withdrawn. | |
| JTX-1090* | Berger, Jonah et al., "Uniting the Tribes: Using Text for Marketing Insight," Journal of Marketing 84, no. 1, 2020 (YUGALABS_00032736 - YUGALABS_00032760) | Berger | Objections withdrawn. | |
| JTX-1091* | Joao Niza Braga and Sofia Jacinto, "Effortless online shopping? How online shopping contexts prime heuristic processing," Journal of Consumer Behaviour 21(4), 2022 (YUGALABS_00032761 - YUGALABS_00032773) | Berger | Objections withdrawn. | |
| JTX-1092* | Cheban, Jean-Charles et al., "A Sensory Approach to Brand Confusion," Journal of Brand Strategy 5, no. 1, 2015 (YUGALABS_00032774 - YUGALABS_00032789) | Berger | Objections withdrawn. | |
| JTX-1093* | Jacqueline K. Eastman et al., "Status Consumption in Consumer Behavior: Scale Development and Validation," Journal of Marketing Theory and Practice, 7(3), 1999 (YUGALABS_00032790 - YUGALABS_00032801) | Berger | Objections withdrawn. | |
| JTX-1094* | Tülin Erdem and Joffre Swait, "Brand Equity as a Signaling Phenomenon," Journal of Consumer Psychology 7(2), 1998 (YUGALABS_00032802 - YUGALABS_00032828) | Berger | Objections withdrawn. | |
| JTX-1095* | Tülin Erdem et al., "Brands as Signals: A Cross-Country Validation Study," Journal of Marketing, 70, 2006 (YUGALABS_00032829 - YUGALABS_00032845) | Berger | Objections withdrawn. | |
| JTX-1096* | Falkowski, Andrzej et al., "Are Look-Alikes Confusing? The Application of the DRM Paradigm to Test Consumer Confusion in Counterfeit Cases," Marketing Letters 26 (2015) (YUGALABS_00032846 - YUGALABS_00032857) | Berger | Objections withdrawn. | |
| JTX-1097* | Foxman, Ellen R. et al., "An Investigation of Factors Contributing to Consumer Brand Confusion," The Journal of Consumer Affairs 24, no. 1, 1990 (YUGALABS_00032858 - YUGALABS_00032878) | Berger | Objections withdrawn. | |
| JTX-1098* | Frieder, Laura, and Avanidhar Subrahmanyam, "Brand Perceptions and the Market for Common Stock," Journal of Financial and Quantitative Analysis 40, no. 1 (2005) (YUGALABS_00032879 - YUGALABS_00032908) | Berger | Objections withdrawn. | |
| JTX-1099* | Bruno Godey et al., "Social Media Marketing Efforts of Luxury Brands: Influence on Brand Equity and Consumer Behavior," Journal of Business Research 69, no. 12, 2016 (YUGALABS_00032909 - YUGALABS_00032917) | Berger | Objections withdrawn. | |
| JTX-1100* | Robert T. Green and Tasman Smith, "Executive Insights: Countering Brand Counterfeiters," Journal of International Marketing, 10(4), 2002 (YUGALABS_00032918 - YUGALABS_00032936) | Berger | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-1101* | Gene M. Grossman and Carl Shapiro, "Foreign Counterfeiters of Status Goods," The Quarterly Journal of Economics, 103(1), 1988 (YUGALABS_00032937 - YUGALABS_00032959) | Berger | Objections withdrawn. | |
| JTX-1102* | Young Jee Han et al., "Signaling Status with Luxury Goods: The Role of Brand Prominence," Journal of Marketing, 74, no. 4 (2010) (YUGALABS_00032960 - YUGALABS_00032976) | Berger | Objections withdrawn. | |
| JTX-1103* | Hem, Leif E. et al., "Factors Influencing Successful Brand Extensions," Journal of Marketing Management 19, no.7-8 (2003) (YUGALABS_00032977 - YUGALABS_00033003) | Berger | Objections withdrawn. | |
| JTX-1104* | Hopkins, Daniel J. and Gary King, "A Method of Automated Nonparametric Content Analysis for Social Science," American Journal of Political Science 54, no. 1, 2010. (YUGALABS_00033004 - YUGALABS_00033022) | Berger | Objections withdrawn. | |
| JTX-1105* | Jean-Noël Kapferer and Vincent Bastien, "The Specificity of Luxury Management: Turning Marketing Upside Down," Journal of Brand Management 16, no. 5/6, 2009 (YUGALABS_00033036 - YUGALABS_00033048) | Berger | Objections withdrawn. | |
| JTX-1106* | Kevin Lane Keller, "Conceptualizing, Measuring, and Managing Customer-Based Brand Equity," Journal of Marketing 57(1), 1993 (YUGALABS_00033049 - YUGALABS_00033071) | Berger | Objections withdrawn. | |
| JTX-1107* | Kevin Lane Keller, "Managing the Growth Tradeoff: Challenges and Opportunities in Luxury Branding," Brand Management, 16(5/6), 2009 (YUGALABS_00033072 - YUGALABS_00033084) | Berger | Objections withdrawn. | |
| JTX-1108* | Kevin Lane Keller and David A. Aaker, "The Effects of Sequential Introduction of Brand Extensions," Journal of Marketing Research 29, 1992 (YUGALABS_00033085 - YUGALABS_00033101) | Berger | Objections withdrawn. | |
| JTX-1109* | Ed Lebar et al., "Brand Equity Implications of Joint Branding Programs," Journal of Advertising Research, 45, no. 4, 2005 (YUGALABS_00033102 - YUGALABS_00033115) | Berger | Objections withdrawn. | |
| JTX-1110* | Mitchell, Vincent-Wayne and Vassilios Papavassiliou, "Exploring Consumer Confusion in the Watch Market," Marketing Intelligence and Planning, 15, no. 4, 1997 (YUGALABS_00033116 - YUGALABS_00033127) | Berger | Objections withdrawn. | |
| JTX-1111* | Michell, Vincent-Wayne and Vassilios Papavassiliou, "Marketing Causes and Implications of Consumer Confusion," Journal of Product & Brand Management 8, no. 4, 1999 (YUGALABS_00033128 - YUGALABS_00033148) | Berger | Objections withdrawn. | |
| JTX-1112* | Aron O'Cass and Hmily Frost, "Status Brands: Examining the Effects of Non-Product-Related Brand Associations on Status and Conspicuous Consumption," Journal of Product and Brand Management, 11(2), 2002 (YUGALABS_00033149 - YUGALABS_00033170) | Berger | Objections withdrawn. | |
| JTX-1113* | Packard, Grant and Jonah Berger "How Concrete Language Shapes Customer Satisfaction," Journal of Consumer Research, 47, no. 5, 2021 (YUGALABS_00033171 - YUGALABS_00033190) | Berger | Objections withdrawn. | |
| JTX-1114* | Chan Su Park, and V. Srinivasan, "A Survey-Based Method for Measuring and Understanding Brand Equity and Its Extendibility," Journal of Marketing Research 31(2), 1994 (YUGALABS_00033191 - YUGALABS_00033209) | Berger | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1115* | C. Whan Park et al., "Strategic Brand Concept-Image Management," Journal of Marketing 50(4), 1986 (YUGALABS_00033210 - YUGALABS_00033221) | Berger | Objections withdrawn. | |
| JTX-1116* | C. Whan Park et al., "Evaluation of Brand Extensions: The Role of Product Feature Similarity and Brand Concept Consistency," Journal of Consumer Research 18(2), 1991 (YUGALABS_00033222 - YUGALABS_00033231) | Berger | Objections withdrawn. | |
| JTX-1117* | Arvind Rangaswamy et al., "Brand Equity and the Extendibility of Brand Names," International Journal of Research in Marketing 10(3), 1993 (YUGALABS_00033232 - YUGALABS_00033246) | Berger | Objections withdrawn. | |
| JTX-1118* | Joffre Swait and Tülin Erdem, "Brand Effects on Choice and Choice Set Formation Under Uncertainty," Marketing Science 26(5), 2007 (YUGALABS_00033247 - YUGALABS_00033266) | Berger | Objections withdrawn. | |
| JTX-1119* | Das, Dipanjan et al., "Understanding Security Issues in the NFT Ecosystem," In Proceedings of ACM Conference on Computer and Communications Security (2022) (YUGALABS_00033267 - YUGALABS_00033284) | Berger | Objections withdrawn. | |
| JTX-1120* | Keith Wilcox, et al. "Why Do Consumers Buy Counterfeit Luxury Brands?," Journal of Marketing Research Vol. XLVI (April 2009) (YUGALABS_00033285 - YUGALABS_00033299) | Berger | Objections withdrawn. | |
| JTX-1121* | Beebe, Barton, Roy Germano, Christopher Jon Sprigman, and Joel Steckel, "The Role of Consumer Uncertainty in Trademark Law: An Experimental and Theoretical Investigation," New York University School of Law, May 2021 (YUGALABS_00033998 - YUGALABS_00034050) | O'Laughlin | Objections withdrawn. | |
| JTX-1122* | Diamond, Shari Seidman, Jerre B. Swann, Trademark and Deceptive Advertising Surveys: Law, Science, and Design, American Bar Association, 2012 (YUGALABS_00034051 - YUGALABS_00034055) | O'Laughlin | Objections withdrawn. | |
| JTX-1123* | Diamond, Shari Seidman, Jerre B. Swann, Trademark and Deceptive Advertising Surveys: Law, Science, and Design, American Bar Association, 2022 (YUGALABS_00034056 - YUGALABS_00034059) | O'Laughlin | Objections withdrawn. | |
| JTX-1124* | Federal Judicial Center's Manual for Complex Litigation, Federal Judicial Center, 2004 (YUGALABS_00035095 - YUGALABS_00035913) | O'Laughlin | Objections withdrawn. | |
| JTX-1125* | Jacoby, Jacob, Trademark Surveys Volume 1: Designing, Implementing, and Evaluating Surveys, American Bar Association, 2013 (YUGALABS_00035914 - YUGALABS_00035922) | O'Laughlin | Objections withdrawn. | |
| JTX-1126* | David A. Aaker and Kevin Lane Keller, "Consumer Evaluations of Brand Extensions," Journal of Marketing 54(1), 1990 (YUGALABS_00041594 - YUGALABS_00041609) | Berger | Objections withdrawn. | |
| JTX-1127* | Joo-Eon Jeon, "The Impact of Brand Concept on Brand Equity," Asia Pacific Journal of Innovation and Entrepreneurship, 11(2), 2017 (YUGALABS_00041636 - YUGALABS_00041648) | Berger | Objections withdrawn. | |
| JTX-1128* | Kevin Lane Keller, Strategic Brand Management, Fourth Edition, 2013 YUGALABS_00041654 - YUGALABS_00041678) | Berger | Objections withdrawn. | |
| JTX-1129* | Philip Kotler and Kevin Lane Keller, Marketing Management, Fourteenth Edition, 2011 (YUGALABS_00041684 - YUGALABS_00042494) | Berger | Objections withdrawn. | |

17

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1130* | William D. Perreault, Jr. and E. Jerome McCarthy, Basic Marketing: A global Managerial Approach, 2002 (YUGALABS_00042505 - YUGALABS_00043352) | Berger | Objections withdrawn. | |
| JTX-1131* | Yang, H. and K. Li (2022), "Improving Implicit Sentiment Learning via Local Sentiment Aggregation." (YUGALABS_00043358 - YUGALABS_00043368) | Berger | Objections withdrawn. | |
| JTX-1132* | Yang, H. and K. Li (2022), "PyABSA: Open Framework for Aspect-based Sentiment Analysis." (YUGALABS_00043373 - YUGALABS_00043383) | Berger | Objections withdrawn. | |
| JTX-1133 | 2022 10 04 Text Messages (Lehman and Cahen) (LEHMAN0000309 - LEHMAN0000311) | Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1134 | No Date Text Messages (Lehman and Cahen) (LEHMAN0000313 - LEHMAN0000330) | Cahen | Document is hearsay, incomplete, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1135 | 2023 01 25 Text messages (Lehman and Cahen) (LEHMAN0000330) | Cahen | Document is hearsay not subject to any exception, incomplete, irrelevant, unduly prejudicial and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1139 | 2022 05 16 (Wayback) Ripps Twitter (YUGALABS_00000547 - YUGALABS_00000549) | Ripps, Kindler | Objections withdrawn. | |
| JTX-1142 | atomic0.com - RRBAYC #6944 (YUGALABS_00000621) | Ripps,  Cahen | Objections withdrawn. | |
| JTX-1143 | atomic0.com - RRBAYC Collection (YUGALABS_00000644 - YUGALABS_00000646) | Ripps,  Cahen | Objections withdrawn. | |
| JTX-1145 | Redacted (RRBAYC) LooksRare webpage (YUGALABS_00027472) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1146 | Etherscan - 0x2EEBAFOdFf3A1CE3F7E3414C52c48fd50d73691e (YUGALABS_00031595) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1147 | Etherscan - 0xec6a7bd2b146bd89b214d1b5f4650afc20462dddefe04 a7d65fb2f9534041015 (YUGALABS_00031619) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1148 | rrbayc-v0.netlify.app and Favicon (YUGALABS_00040325) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1152 | 2023 04 23 BAYC Tweet (YUGALABS_00002040) | Solano, Muniz | Objections withdrawn. | |
| JTX-1153 | Gordon Goner, "A letter from the Founders," Medium (June 24, 2022) (YUGALABS_00015987 - YUGALABS_00015990) | Solano, Muniz | Objections withdrawn. | |
| JTX-1154 | Apelandsdrop.com (YUGALABS_00029419) | Muniz | Objections withdrawn. | |
| JTX-1155 | BAYC_LANDS (YUGALABS_00029428) | Muniz | Objections withdrawn. | |
| JTX-1156 | Creepy Bored Ape Club (YUGALABS_00029474) | Muniz | Objections withdrawn. | |
| JTX-1157 | _yugalabs on Instagram (YUGALABS_00029507) | Muniz | Objections withdrawn. | |
| JTX-1158 | 2022 05 15 Ripps Tweets and Responses (YUGALABS_00031402 - YUGALABS_00031421) | Ripps | Objections withdrawn. | |
| JTX-1159* | Wylie Aronow, "Setting the Record Straight," CoinDesk (February 9, 2023) (YUGALABS_00036535 - YUGALABS_00036559) | Aronow, Solano | Document is hearsay unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1160* | Ryder Ripps, "New Media and the 'Reality' Superstar," April 2008 (YUGALABS_00036560 - YUGALABS_00036574) | Ripps | Document is hearsay unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1161 | 2021 05 01 BAYC Tweet (YUGALABS_00041591) | Solano, Muniz | Objections withdrawn. | |
| JTX-1162 | 2021 05 29 BAYC Tweet (YUGALABS_00041611) | Solano, Muniz | Objections withdrawn. | |
| JTX-1163 | 2021 06 18 BAYC Tweet (YUGALABS_00041616) | Solano, Muniz | Objections withdrawn. | |
| JTX-1164 | 2021 07 08 Ripps Instagram (YUGALABS_00041629) | Ripps | Objections withdrawn. | |
| JTX-1165 | 2021 08 28 BAYC Tweet (YUGALABS_00041633) | Solano, Muniz | Objections withdrawn. | |
| JTX-1166 | 2021 09 13 BAYC Tweet (YUGALABS_00041651) | Solano, Muniz | Objections withdrawn. | |
| JTX-1167 | 2021 09 21 BAYC Tweet (YUGALABS_00041680) | Solano, Muniz | Objections withdrawn. | |
| JTX-1170 | 2021 10 28 BAYC Tweet (YUGALABS_00043387) | Solano, Muniz | Objections withdrawn. | |
| JTX-1170 | 2022 06 20 Ripps Tweet (YUGALABS_00043485) | Ripps | Objections withdrawn. | |
| JTX-1171 | 2023 04 14 Cahen Tweet (YUGALABS_00043488) | Cahen, Kindler | Objections withdrawn. | |
| JTX-1172 | ApeFest 2022 Photo of Ehrlund, Ali, Atalay, Muniz, Aronow, Solano, Oseary (YUGALABS_00043512) | Solano, Muniz | Objections withdrawn. | |
| JTX-1174 | Ape Water (YUGALABS_00043517) | Solano, Muniz | Objections withdrawn. | |
| JTX-1175 | Bored & Hungry 2 (YUGALABS_00043522) | Solano, Muniz | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1176 | Bored & Hungry (YUGALABS_00043527) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1177 | Bored Breakfast Club (YUGALABS_00043530) | Solano, Muniz | Document lacks foundation and is hearsay not subject to any exception. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1178 | Bored Coffee 2 (YUGALABS_00043533) | Solano, Muniz | Objections withdrawn. | |
| JTX-1179 | Bored Coffee (YUGALABS_00043536) | Solano, Muniz | Document is irrelevant. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1192 | 2022 06 21 BAYC Discord (YUGALABS_00031203) | Berger | Objections withdrawn. | |
| JTX-1193 | 2022 05 10 apebayc Tweet (YUGALABS_00041682) | Berger | Objections withdrawn. | |
| JTX-1194 | 2022 05 10 Cryptogeenie Tweet (YUGALABS_00042499) | Berger | Objections withdrawn. | |
| JTX-1195 | 2022 06 16 CryptoJooj Tweet (YUGALABS_00043353) | Berger | Objections withdrawn. | |
| JTX-1232 | Twitter from_boredapeyc until_2021-09-30 since_2006-01-01 (YUGALABS_00041291 - YUGALABS_00041352) | Solano, Muniz | Objections withdrawn. | |
| JTX-1233 | Twitter from_BoredApeYC until_2023-03-31 since_2021-09-30 (YUGALABS_00041354 - YUGALABS_00041418) | Solano, Muniz | Objections withdrawn. | |
| JTX-1234 | 2022 06 13 (Wayback) Opensea - BAYC #5308 (YUGALABS_00043520 - YUGALABS_00043521) | Solano, Muniz | Objections withdrawn. | |
| JTX-1235 | 2022 06 21 (Wayback) Opensea - RRBAYC #5308 (YUGALABS_00043486) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1236 | 2022 06 21 (Wayback) Opensea - BAYC #6520 (YUGALABS_00043525 - YUGALABS_00043526) | Solano, Muniz | Objections withdrawn. | |
| JTX-1237 | 2022 06 21 (Wayback) Opensea - RRBAYC #6520 (YUGALABS_00043491) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1238 | 2022 07 03 (Wayback) Opensea - BAYC #2775 (YUGALABS_00043515 - YUGALABS_00043516) | Solano, Muniz | Objections withdrawn. | |
| JTX-1239 | 2022 06 21 (Wayback) Opensea - RRBAYC #2775 (YUGALABS_00043481) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1240 | 2022 07 29 (Wayback) Opensea - BAYC #8357 (YUGALABS_00043528 - YUGALABS_00043529) | Solano, Muniz | Objections withdrawn. | |
| JTX-1241 | 2022 06 21 (Wayback) Opensea - RRBAYC #8357 (YUGALABS_00043511) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1242 | 2023 04 10 Ripps Tweet (YUGALABS_00043539) | Ripps | Objections withdrawn. | |
| JTX-1243 | 2023 04 10 Ripps Tweet (YUGALABS_00043540) | Ripps | Objections withdrawn. | |
| JTX-1249 | 2022 05 14 Ripps Tweet (YUGALABS_00043537) | Ripps | Objections withdrawn. | |
| JTX-1250 | BA YC (and design) (EM) [018593826] (YUGALABS_00039532 - YUGALABS_00039545) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1251 | BA YC BORED APE YACHT CLUB (and design) (EM) [018594676] (YUGALABS_00039559 - YUGALABS_00039574) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1252 | BA YC (and design) (GB) [UK0003718326] (YUGALABS_00039584 - YUGALABS_00039586) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1253 | BORED APE (EM) [018593781] (YUGALABS_00039623 - YUGALABS_00039637) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1254 | BAYC (EM) [018593774] (YUGALABS_00039663 - YUGALABS_00039678) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1255 | BORED APE (GB) [UK00003802169] (YUGALABS_00039679 - YUGALABS_00039681) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1256 | BORED APE YACHT CLUB (EM) [018594677] (YUGALABS_00039688 - YUGALABS_00039703) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1257 | BA YC BORED APE YACHT CLUB (and design) (GB) [UK00003718322] (YUGALABS_00039755 - YUGALABS_00039757) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1258 | BAYC (GB) [UK00003718333] (YUGALABS_00039780 - YUGALABS_00039782) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1259 | BORED APE YACHT CLUB (GB) [UK00003718316] (YUGALABS_00039786 - YUGALABS_00039788) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1260* | Ape Skull Logo (EM) [018593822] (YUGALABS_00039979 - YUGALABS_00039993) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1261* | Ape Skull Logo (GB) [UK00003761344] (YUGALABS_00039994 - YUGALABS_00040002) | Solano, Muniz | Document is hearsay not subject to any exception and irrelevant. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1262 | 2022 11 02 CryptoPhunksV2 Tweet (YUGALABS_00043513) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1263 | 2021 11 12 PhunkBot Tweet (YUGALABS_00043518) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1264 | 2021 11 16 PhunkBot Tweet (YUGALABS_00043523) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1265 | Etherscan - Transaction 0x48db643b9ec37de131e23456eecf35c3a270cba12b4e95 2f02fe7e5af0bb2a0cc (2021 06 14) (YUGALABS_00043397) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1266 | Etherscan - Transaction 0xa31537ad2dde6d8e21897e41bb7412038dc6b7b1e4d8 3dbc08ce06f49b9e42f6 (2021 07 03) (YUGALABS_00043402) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1267 | Etherscan - 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e (2022 06 20) (YUGALABS_00043482 - YUGALABS_00043483) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1268 | 2022 01 14 registration of https://who.is/whois/gordongoner.com (YUGALABS_00043489) | Ripps | Objections withdrawn. | |
| JTX-1270 | 2022 05 18 rrbayc.com Domain Registration (RIPPSCAHEN00015850) | Ripps | Objections withdrawn. | |
| JTX-1272 | Etherscan - 0xee969b688442c2d5843ad75f9117b3ab04b14960 RRBAYCRSVP) (Analytics) (2022 06 20) (YUGALABS_00043509) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1273 | 2022 05 07 SolminingpunkV2 Tweet (YUGALABS_00000602) | Cahen | Objections withdrawn. | |
| JTX-1274 | 2022 06 20 markaclouds Tweet (YUGALABS_00000615) | Cahen | Objections withdrawn. | |
| JTX-1275 | ApeFest Logo - APEFEST graffiti (YUGALABS_00002189) | Muniz, Solano | Objections withdrawn. | |
| JTX-1276 | ApeFest Logo - APE (YUGALABS_00002203) | Muniz, Solano | Objections withdrawn. | |
| JTX-1277 | ApeFest Logo - APEFEST2022 (YUGALABS_00002215) | Muniz, Solano | Objections withdrawn. | |
| JTX-1279 | ApeFest Logo - APEFEST2022 Stacked (YUGALABS_00002224) | Muniz, Solano | Objections withdrawn. | |
| JTX-1280 | ApeFest 2022 - The Rooftop at Pier 17 (YUGALABS_00002232) | Muniz, Solano | Objections withdrawn. | |
| JTX-1281 | ApeFest 2022 - Night Stage (YUGALABS_00002240) | Muniz, Solano | Objections withdrawn. | |
| JTX-1282 | ApeFest 2022 - Mutant Ape Skull Logo Neon (YUGALABS_00002266) | Muniz, Solano | Objections withdrawn. | |
| JTX-1283 | ApeFest 2022 - Ape Wall (YUGALABS_00002277) | Muniz, Solano | Objections withdrawn. | |
| JTX-1284 | ApeFest 2022 - Ape Tattoo (YUGALABS_00002357) | Muniz, Solano | Objections withdrawn. | |
| JTX-1285 | ApeFest 2022 - Ape Screen Wall (YUGALABS_00002363) | Muniz, Solano | Objections withdrawn. | |
| JTX-1286 | ApeFest 2022 - Jimmy the Monkey Inflatable (YUGALABS_00002369) | Muniz, Solano | Objections withdrawn. | |
| JTX-1287 | ApeFest 2022 - Ape Outfits (YUGALABS_00002390) | Muniz, Solano | Objections withdrawn. | |
| JTX-1288 | ApeFest 2022 - Night Stage (YUGALABS_00002401) | Muniz, Solano | Objections withdrawn. | |
| JTX-1289 | ApeFest 2022 - Website Page (YUGALABS_00002406) | Muniz, Solano | Objections withdrawn. | |
| JTX-1291 | ApeFest 2022 - Snoop Dogg (YUGALABS_00002426) | Solano, Muniz | Objections withdrawn. | |
| JTX-1292 | ApeFest 2022 - Concert (YUGALABS_00002432) | Solano, Muniz | Objections withdrawn. | |
| JTX-1293 | ApeFest 2022 - Eminem and Snoop Dogg (YUGALABS_00002439) | Solano, Muniz | Objections withdrawn. | |
| JTX-1294 | 2022 01 03 dlbrows Tweet (YUGALABS_00002635 - YUGALABS_00002648) | Ripps | Objections withdrawn. | |

Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1296 | 2022 05 13 Cahen Tweet (YUGALABS_00029866) | Cahen | Objections withdrawn. | |
| JTX-1297 | 2022 09 14 ZamArtist Tweet (YUGALABS_00031639 - YUGALABS_00031642) | Ripps | | |
| JTX-1298 | ApeFest 2022 - Full Webpage (captured 2023 01 14) (YUGALABS_00032562 - YUGALABS_00032567) | Solano, Muniz | Objections withdrawn. | |
| JTX-1299 | ApeFest 2022 - Full Webpage (capture 2023 02 05) (YUGALABS_00033310 - YUGALABS_00033318) | Muniz, Solano | Objections withdrawn. | |
| JTX-1300 | BAYC Discord - FAQ (YUGALABS_00036531) | Solano, Muniz | Objections withdrawn. | |
| JTX-1302 | BoredApeYC Twitter - Full (YUGALABS_00014135 - YUGALABS_00014673) | Solano, Muniz | Objections withdrawn. | |
| JTX-1303 | CryptoPunksNFTs Twitter - Full (YUGALABS_00014674 - YUGALABS_00014851) | Solano, Muniz | Objections withdrawn. | |
| JTX-1304 | MeebitsDAO Twitter - Full (YUGALABS_00014852 - YUGALABS_00015304) | Solano, Muniz | Objections withdrawn. | |
| JTX-1305 | OthersideMeta Twitter - Full (YUGALABS_00015305 - YUGALABS_00015394) | Solano, Muniz | Objections withdrawn. | |
| JTX-1306 | Yugalabs Twitter - Full (YUGALABS_00015395 - YUGALABS_00015409) | Solano, Muniz | Objections withdrawn. | |
| JTX-1308 | YouTube - ApeFest 2021 (https://www.youtube.com/watch?v=MpMR9HBXX5A) (YUGALABS_00041649) | Solano, Muniz | Objections withdrawn. | |
| JTX-1309 | YouTube - ApeFest 2022 (https://www.youtube.com/watch?v=yhsEHRNuYBw) (YUGALABS_00042500) | Solano, Muniz | Objections withdrawn. | |
| JTX-1310 | Etherscan - 0x7D2550161E8A31D0b9585Bb9c88E63E9644af740 (Cahen PEPE) (YUGALABS_00041541 - YUGALABS_00041542) | Cahen | Objections withdrawn. | |
| JTX-1311 | Etherscan - Transaction 0x0cae66a609ae2ff22935fe767f8fc1b3244a51b6832c39 3bf14664b340b6c30a (Cahen 2022 11 09) (YUGALABS_00043369 - YUGALABS_00043370) | Cahen | Objections withdrawn. | |
| JTX-1312 | Etherscan - Transaction 0x42ea6aa1c4d79ab57962ee723abb43e0104fb4bea56b6 5cc1bf4bc6fb7982b2e (Cahen 2022 10 11) (YUGALABS_00043384 - YUGALABS_00043385) | Cahen | Objections withdrawn. | |
| JTX-1313 | Etherscan - Transaction 0xe1a29d7df090d0c90bee1731e3af039ec333ba4ac10206 66cee59f09f6dc8595 (Cahen 2023 01 04) (YUGALABS_00043398 - YUGALABS_00043399) | Cahen | Objections withdrawn. | |
| JTX-1315 | 2023 04 04 Cahen Tweet (YUGALABS_00041610) | Cahen, O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1316 | RRBAYC on Opensea Pro (list view) (YUGALABS_00041620 - YUGALABS_00041628) | Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, lacks foundation, and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1317 | RRBAYC on Opensea Pro (grid view) (YUGALABS_00041650) | Ripps,  Cahen | Objections withdrawn. | |
| JTX-1318 | 2023 04 04 Cahen Tweet (YUGALABS_00041683) | Cahen | Objections withdrawn. | |
| JTX-1319 | 2023 04 04 Cahen Tweet (YUGALABS_00042498) | Cahen | Objections withdrawn. | |
| JTX-1320 | RRBAYC on Opensea Pro (view) (YUGALABS_00042502) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1412 | Ape Water Ape #5382 (RIPPSCAHEN00016009 - RIPPSCAHEN00016011) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1413 | Bored & Hungry Hat (RIPPSCAHEN00017141 - RIPPSCAHEN00017143) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1414 | Ape Water 12 pack (RIPPSCAHEN00017176) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1415 | NFTTy FIGs (RIPPSCAHEN00018468) | Solano, Muniz | Objections withdrawn. | |
| JTX-1416 | Bored Coffee (RIPPSCAHEN00022706) | Solano, Muniz | Document lacks foundation, is hearsay and is irrelevant. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1417 | 2022 12 05 nullinger Tweet (YUGALABS_00030055) | Solano, Muniz | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1418 | 2022 12 23 bud_eth Tweet (YUGALABS_00030131) | Solano, Muniz | Objections withdrawn. | |
| JTX-1419 | 2022 12 26 iamAsifR Tweet (YUGALABS_00030137) | Solano, Muniz | Objections withdrawn. | |
| JTX-1420 | 2023 01 06 OG_Slick1 Tweet (YUGALABS_00030149) | Solano, Muniz | Objections withdrawn. | |
| JTX-1421 | 2023 01 06 TheMiamiApe Tweet (YUGALABS_00030154) | Solano, Muniz | Objections withdrawn. | |
| JTX-1422 | 2023 01 07 WatchNiBe Tweet (YUGALABS_00030159) | Solano, Muniz | Objections withdrawn. | |
| JTX-1423 | 2023 03 39 ApeBeverages Tweet (YUGALABS_00041289) | Solano, Muniz | Objections withdrawn. | |
| JTX-1424 | Bored & Hungry Food Truck (YUGALABS_00041426) | Solano, Muniz | Objections withdrawn. | |
| JTX-1425 | Bored Breakfast Club Food Truck (YUGALABS_00041429) | Solano, Muniz | Objections withdrawn. | |
| JTX-1426 | 2022 09 22 boredcaviar Tweet (YUGALABS_00041436) | Solano, Muniz | Objections withdrawn. | |
| JTX-1427 | 2023 02 07 17ikoola Tweet (YUGALABS_00041463) | Solano, Muniz | Objections withdrawn. | |
| JTX-1428 | Founders Wedding Photo (YUGALABS_00040593) | Solano, Muniz, Atalay, Aronow | Objections withdrawn. | |
| JTX-1429 | Greg Solano Photo (YUGALABS_00040594) | Solano, Muniz | Objections withdrawn. | |
| JTX-1430 | Kerem Atalay Photo (YUGALABS_00040596) | Solano, Muniz, Atalay | Objections withdrawn. | |
| JTX-1431 | Wylie Aronow Photo (YUGALABS_00040598) | Solano, Muniz, Aronow | Objections withdrawn. | |
| JTX-1432 | Zeshan Ali Photo (YUGALABS_00040599) | Solano, Muniz | Objections withdrawn. | |
| JTX-1433 | rrbayc.com - Full webpage (YUGALABS_00030244 - YUGALABS_00030337) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1434 | Otherside Video (YUGALABS_00041280) | Solano, Muniz | Objections withdrawn. | |
| JTX-1435 | BAYC and McBess Merchandise (YUGALABS_00002015) | Solano, Muniz | Objections withdrawn. | |
| JTX-1436 | Bored Ape Yacht Club McBess & The Dudes label (YUGALABS_00002024) | Solano, Muniz | Objections withdrawn. | |
| JTX-1437 | 2022 01 03 YugaLabs Tweet (YUGALABS_00002036) | Solano, Muniz | Objections withdrawn. | |
| JTX-1438 | 2021 04 16 BAYC Tweet (YUGALABS_00002043) | Solano, Muniz | Objections withdrawn. | |
| JTX-1439 | 2021 04 17 BAYC Tweet (YUGALABS_00002045) | Solano, Muniz | Objections withdrawn. | |
| JTX-1440 | 2021 04 17 BAYC Tweet (YUGALABS_00002046) | Solano, Muniz | Objections withdrawn. | |
| JTX-1441 | 2021 04 17 BAYC Tweet (YUGALABS_00002047) | Solano, Muniz | Objections withdrawn. | |
| JTX-1442 | 2021 04 17 BAYC Tweet (YUGALABS_00002048) | Solano, Muniz | Objections withdrawn. | |
| JTX-1443 | BAYC x McBess x The Dudes: Fall Capsules Drop the 26th - Yuga Labs website (YUGALABS_00032569 - YUGALABS_00032571) | Solano, Muniz | Objections withdrawn. | |
| JTX-1444 | 2022 08 25 BAYC Tweet (YUGALABS_00041004) | Solano, Muniz | Objections withdrawn. | |
| JTX-1450 | 2022 VMAs Eminem and Snoop Dogg (YUGALABS_00041015) | Solano, Muniz | Objections withdrawn. | |
| JTX-1451 | Yuga Labs Seed Round March 2022 poster (YUGALABS_00041016) | Solano, Muniz | Objections withdrawn. | |
| JTX-1453 | Chris Katje, "Bored Ape Yacht Club Parent Yuga Labs valued at $4B," Benzinga (March 23, 2022) (YUGALABS_00041019 - YUGALABS_00041020) | Solano, Muniz | Objections withdrawn. | |
| JTX-1454 | Brandon Hoffman, "Why we invested in Yuga Labs, creators of the Bored Ape Yacht Club NFTs," Samsung Next (May 25, 2022) (YUGALABS_00041021 - YUGALABS_00041022) | Solano, Muniz | Objections withdrawn. | |
| JTX-1456 | 2022 05 23 Cahen Tweet (YUGALABS_00041525) | Cahen | Objections withdrawn. | |
| JTX-1457 | 2022 05 29 Ripps Tweet (YUGALABS_00041526) | Ripps | Objections withdrawn. | |
| JTX-1458 | 2022 06 14 Ripps Tweet (YUGALABS_00041527) | Ripps | Objections withdrawn. | |
| JTX-1459 | 2022 06 16 Ripps Tweet (YUGALABS_00041528) | Ripps | Objections withdrawn. | |
| JTX-1460 | 2022 06 21 ghost_818 Tweet (YUGALABS_00041529) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1461 | 2023 04 03 alexisohanian Tweet (YUGALABS_00041530) | Solano, Muniz | Objections withdrawn. | |
| JTX-1462 | 2023 04 03 CitronButter Tweet (YUGALABS_00041531) | Solano, Muniz | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1463 | 2023 04 05 davincithreads Tweet (YUGALABS_00041532) | Solano, Muniz | Objections withdrawn. | |
| JTX-1464 | 2023 04 03 OthersideMeta Tweet (YUGALABS_00041533) | Solano, Muniz | Objections withdrawn. | |
| JTX-1467 | 2023 04 04 Cahen Tweet (YUGALABS_00041536) | Cahen | Objections withdrawn. | |
| JTX-1469 | 2023 04 22 Cahen Tweet (YUGALABS_00041538) | Cahen | Objections withdrawn. | |
| JTX-1470 | 2023 04 22 Cahen Tweet (YUGALABS_00041539) | Cahen | Objections withdrawn. | |
| JTX-1471 | 2023 04 20 Cahen Tweet (YUGALABS_00041540) | Cahen | Objections withdrawn. | |
| JTX-1472 | Cahen Etherscan Txns 12.01.21 - 4.19.21 (YUGALABS_00041543) | Cahen | Objections withdrawn. | |
| JTX-1473 | OpenSea Pro Profile 0x7d2550161c8a31d0b9585bb9c88e63e9644af740 (Cahen) (YUGALABS_00041544 - YUGALABS_00041571) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1474 | Cahen Twitter - Pauly0x Verified account (YUGALABS_00041572) | Cahen | Objections withdrawn. | |
| JTX-1475 | Ripps Tweet (YUGALABS_00041573) | Ripps | Objections withdrawn. | |
| JTX-1476 | 2022 06 21 exitLiquidity Tweet (YUGALABS_00043543) | Cahen | Objections withdrawn. | |
| JTX-1477 | 2022 05 11 Ripps Tweet (YUGALABS_00030056) | Ripps | Objections withdrawn. | |
| JTX-1478 | 2022 05 13 Lehman Tweet (YUGALABS_00031654) | Lehman; Kindler | Objections withdrawn. | |
| JTX-1479 | NotLarvaLabs.com - FAQ (RIPPSCAHEN00014543 - RIPPSCAHEN00014546) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1480 | 2023 03 27 Blockworks Tweet (YUGALABS_00041287) | Berger | Objections withdrawn. | |
| JTX-1482 | BAYC Website (YUGALABS_00002422) | Solano, Muniz | Objections withdrawn. | |
| JTX-1483 | Yoram Dor Document Production (DOR000001 - DOR000042) | Cahen | Objections withdrawn. | |
| JTX-1484 | NameCheap - Domain Registration Information for rrbayc.com and apemarket.com (NAMECHEAP0000015 - NAMECHEAP0000025) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1485* | Karen Archey, "Ryder Ripps" Frieze, PostMasters (SAWON000004 - SAWON0000006) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1486* | Paddy Johnson, "Ryder Ripps Uses Jeff Koons Assistants for His Own Banality Series," PostMasters (January 28, 2015) (SAWON0000007 - SAWON0000009) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1487* | Taylor Dafoe, "Artists Ryder Ripps and Maggie West Teamed Up with Pornhub to Create an Interactive Sci-Fi Installation Set in 2069," PostMasters (June 14, 2018 (SAWON0000010 - SAWON0000013) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1488* | Taylor Dafoe, "Ryder Ripps Ho," PostMasters (January 24 - February 28, 2015) (SAWON0000026) | Solano, Aronow, Ripps | Document is hearsay, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1489 | NFTCamOfficial OpenSea Pro (YUGALABS_00041575) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1490 | RR/BAYC OpenSea Pro (YUGALABS_00041614) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1491* | 2023 04 19 tfine Tweet (YUGALABS_00041617) | Solano, Aronow, Ripps, Cahen | Document is hearsay not subject to any exception, incomplete, and irrelevant | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1492* | 2023 04 19 tfine Tweet (YUGALABS_00041632) | Solano, Aronow, Ripps | Document is hearsay, incomplete, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1493* | 2023 04 19 tfine Tweet (YUGALABS_00041652) | Solano, Aronow, Ripps, Cahen | Document is hearsay, irrelevant and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1494 | 2023 04 19 tfine Tweet (YUGALABS_00041679) | Solano, Aronow, Ripps, Cahen | Document is hearsay, incomplete, irrelevant, speculative and unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1495* | 2023 04 19 tfine Tweet (YUGALABS_00042496) | Solano, Aronow, Ripps | Document is hearsay not subject to any exception and incomplete. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1496* | 2022 02 25 Todd Fine chat (YUGALABS_00042504) | Solano, Aronow, Ripps | Document is hearsay not subject to any exception and incomplete. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1497* | 2023 01 21 Todd Fine chat (YUGALABS_00043371) | Solano, Aronow, Ripps | Document is hearsay. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1498* | 2023 01 22 Todd Fine chat (YUGALABS_00043388) | Solano, Aronow, Ripps | Document is hearsay not subject to any exception, incomplete, and irrelevant | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1510* | 2022 12 05 Cahen's Objections and Responses to First Set of Interrogatories (Nos. 1-8) | Cahen | This is a brief or pleading that should not be admitted into evidence.  Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1511* | 2022 12 05 Ripps' Objections and Responses to Second Set of RFPs (Nos. 35-44) | Ripps | This is a brief or pleading that should not be admitted into evidence.  Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |

**Plaintiff's Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1512 | 2022 12 05 Ripps' Objections and Responses to Second Set of Interrogatories (No. 18) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1513 | 2022 12 16 Cahen's Objections and Responses to RFAs (Nos. 1-49) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1514 | 2022 12 16 Ripps' Objections and Responses to RFA's (Nos. 1-49) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1515 | 2022 12 28 Ripps Second Supplemental Objections and Responses to First Set of Interrogatories (Nos. 1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1516 | 2023 01 17 Cahen's Supplemental Objections and Responses to RFAs (Nos. 1-49) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1517 | 2023 01 17 Cahen's Supplemental Objections and Responses to First set of Interrogatories (Nos. 1-8) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1518 | 2023 01 17 Ripps' Supplemental Objections and Responses to RFAs (Nos. 1-49) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1519 | 2023 03 09 Cahen's Second Supplemental Objections and Responses to RFAs (Nos. 1-49) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1520 | 2023 03 09 Cahen's Supplemental Objections and Responses to First RFPs (Nos. 1-34) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1521 | 2023 03 09 Ripps' Second Supplemental Objections and Responses to RFAs (Nos. 1-49) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1522 | 2023 03 09 Ripps' Second Supplemental Objections and Responses to First RFPs (Nos. 1-34) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1523 | 2023 03 09 Ripps' Third Supplemental Objections and Responses to First set of Interrogatories (Nos. 1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1524 | 2023 04 03 Cahen's Objections and Responses to First RFPs (Nos. 44-57) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1525 | 2023 04 03 Cahen's Objections and Responses to Second RFPs (Nos. 40-137) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1526 | 2023 04 03 Cahen's Objections and Responses to Second Set of Interrogatories (Nos. 9-12) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1527 | 2023 04 03 Ripps' Objections and Responses to Third RFPs (Nos. 45-57) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1528 | 2023 04 03 Ripps' Objections and Responses to Second RFAs (Nos. 50-128) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1529 | 2023 04 03 Ripps' Objections and Responses to Second Interrogatories (No. 19-22) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1530 | 2022 08 15 Ripps' Objections and Responses to First RFPs (Nos. 1-34) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1531 | 2022 08 15 Ripps' Objections and Responses to First Interrogatories (Nos. 1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1532 | 2022 11 03 Ripps' Supplemental Objections and Responses to First RFPs (Nos. 1-34) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1533 | 2022 11 03 Ripps' Supplemental Objections and Responses to First Interrogatories (Nos. 1-17) | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1534 | 2022 11 28 Cahen's Objections and Responses to First RFPs (Nos. 1-34) | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1537 | 2022 10 03 [Dkt. 48] Defendants' Motion to Strike and Dismiss | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. Document is also more prejudicial than probative. Document is hearsay not subject to any exception. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1538 | 2022 10 03 [Dkt. 48-1] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1539 | 2022 12 27 [Dkt. 65] Defendants' Answer, Defenses, and Counterclaims to Complaint | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. Document is also more prejudicial than probative. | Withdrawn per parties' agreement in Dkt. 261, and subject to motion in limine rulings. |
| JTX-1540 | 2023 02 21 [Dkt. 11] Appellants' Opening Brief | Ripps, Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also cumulative of other documents on exhibit list. Document is also more prejudicial than probative. Document is hearsay not subject to any exception. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1541 | 2023 01 17 Ryder Ripps Verification | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1542 | 2023 03 21 [Dkt. 157] Declaration of Jeremy Cahen | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1543 | 2023 03 21 [Dkt. 158] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1544 | 2023 04 05 [Dkt. 200] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence. Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1545 | 2023 04 05 [Dkt. 200] Declaration of Jeremy Cahen | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1546 | 2023 04 19 [Dkt. 221] Declaration of Jeremy Cahen | Cahen | This is a brief or pleading that should not be admitted into evidence. Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-1547* | 2023 04 19 [Dkt. 222] Declaration of Ryder Ripps | Ripps | This is a brief or pleading that should not be admitted into evidence.  Document is also irrelevant and therefore unduly prejudicial. | Withdrawn per parties' agreement in Dkt. 261, and subject to exceptional case motion post-trial. |
| JTX-1548 | 2023 04 17 tfine Tweet (YUGALABS_00043545) | Solano, Aronow, Ripps, Cahen | Objections withdrawn. | |
| JTX-1549 | JSON file of BAYC IDs associated with image URIs (LEHMAN0000227) | Kindler | Objections withdrawn. | |
| JTX-1550 | JSON file of BAYC IDs associated with image URIs (LEHMAN0000228) | Kindler | Objections withdrawn. | |
| JTX-1551 | 2022 05 17 Foundation Trust & Safety emails (LEHMAN0000229) | Kindler | Objections withdrawn. | |
| JTX-1552 | 2022 05 17 Foundation Trust & Safety emails (LEHMAN0000230) | Kindler | Objections withdrawn. | |
| JTX-1553 | export-address-token-nft-0xc2172a6315c1d7f685768f843c420ebb36eda97.csv (LEHMAN0000231) | Kindler | Objections withdrawn. | |
| JTX-1554 | export-address-token-nft-0xc650f01eb5b8f267ad3e18282e649afa0158b188.csv (LEHMAN0000232) | Kindler | Objections withdrawn. | |
| JTX-1555 | export-address-token-nft-0xe64f07d9d151ea7286b8470c8f38691baf2c146e.csv (LEHMAN0000233) | Kindler | Objections withdrawn. | |
| JTX-1556 | 2022 05 13 Jclineshow Tweet (YUGALABS_00029080 - YUGALABS_00029086) | Kindler | Objections withdrawn. | |
| JTX-1557 | 2022 05 19 (Wayback) - RRBAYC Foundation webpage (YUGALABS_00030057) | Berger | Objections withdrawn. | |
| JTX-1558 | 2022 07 03 AllCityBAYC Tweet (YUGALABS_00031331) | Solano, Muniz, Ripps, Cahen | Objections withdrawn. | |
| JTX-1559 | DappRadar - #537 - Bored Ape Yacht Club V3 (YUGALABS_00031368) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1560 | DappRadar - #8664 - Bored Ape Yacht Club V3 (YUGALABS_00031433) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1561 | DappRadar - #885 - Bored Ape Yacht Club V3 (YUGALABS_00031434) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1562 | DappRadar - #885 - Bored Ape Yacht Club V3 (2) (YUGALABS_00031435) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1563 | DappRadar - Bored Ape Yacht Club V3 NFT Collection (YUGALABS_00031436 - YUGALABS_00031437) | O'Laughlin, Kindler | Objections withdrawn. | |
| JTX-1564 | 2022 06 21 (Wayback) RRBAYC Foundation webpage (YUGALABS_00036423 - YUGALABS_00036424) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1565 | 2023 04 30 Ripps Tweet (YUGALABS_00043544) | Ripps | Objections withdrawn. | |
| JTX-1566 | 2023 04 28 Cahen Tweet (YUGALABS_00043546) | Cahen; Kindler | Objections withdrawn. | |
| JTX-1567 | 2023 03 01 Cahen Tweet (YUGALABS_00043547) | Cahen; Kindler | Objections withdrawn. | |
| JTX-1568 | 2023 05 01 Cahen Tweet (YUGALABS_00043548) | Cahen; Kindler | Objections withdrawn. | |
| JTX-1569* | USPTO TESS BAYC (97975535) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation.  Document is also irrelevant | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1570* | USPTO TESS Ape Skull Logo (97975542) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation.  Document is also irrelevant | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1571* | USPTO Notice of Acceptance of Statement of Use - Ape Skull Logo - 97975542 (YUGALABS_00043553) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1572* | USPTO Notice of Acceptance of Statement of Use - BAYC - 97975535 (YUGALABS_00043554) | Solano; Muniz | Document is hearsay not subject to any exception and lacks foundation. | Withdrawn per parties' agreement in Dkt. 261. |
| JTX-1573 | 2023 05 04 (Wayback) Ripps Twitter Header (YUGALABS_00043559) | Ripps, Kindler | Objections withdrawn. | |
| JTX-1574 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026004) | Ripps, Cahen, Kindler | Objections withdrawn. | |
| JTX-1575 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026023) | Ripps, Cahen, Kindler | Objections withdrawn. | |
| JTX-1576 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026024) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1577 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026034) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1578 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026037) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1579 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026040) | Ripps, Cahen | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1580 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026041) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1581 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026047) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1582 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026048) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1583 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026057) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1584 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026062) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1585 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026068) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1586 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026069) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1587 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026070) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1588 | 2022 05 20 Text Messages (Ripps and Cahen) (RIPPSCAHEN00026076) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1589 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026077) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1590 | No Date Text Messages (Ripps and Cahen) (RIPPSCAHEN00026147) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1591 | 2022 06 08 Text Messages (Ripps and Cahen) (RIPPSCAHEN00026148) | Ripps, Cahen | Objections withdrawn. | |
| JTX-1592 | 1245083_013123_Foundation_Excel_Qual+Term+Partial.xlsx (Foundation Eveready Survey Data) (YUGALABS_00036090) | O'Laughlin | Objections withdrawn. | |
| JTX-1593 | 1245083_013123_NFT OS_All_Touch_Excel.xlsx (OpenSea Squirt Survey Data) (YUGALABS_00036097) | O'Laughlin | Objections withdrawn. | |
| JTX-1594 | "Why Did OpenSea Become the Most Widely Used NFT Marketplace?" Crypto Conduct Authority, August 18, 2022 (YUGALABS_00036124 - YUGALABS_00036126) | O'Laughlin | Objections withdrawn. | |
| JTX-1595 | Etherscan - ryder-ripps.eth #1956 Bored Ape Yacht Club (YUGALABS_00036146) | O'Laughlin, Ripps | Objections withdrawn. | |
| JTX-1596 | Rivera-Herrera, Daniela, "10 Best NFT Marketplaces," Nasdaq, October 27, 2022 (YUGALABS_00036216 - YUGALABS_00036222) | O'Laughlin | Objections withdrawn. | |
| JTX-1597 | "OpenSea Learn," OpenSea (YUGALABS_00036223 - YUGALABS_00036224) | O'Laughlin | Objections withdrawn. | |
| JTX-1598 | Trinetra Paul, "The 8 Most Popular NFT Marketplaces in the World," Prestige, February 3, 2022 (YUGALABS_00036245 - YUGALABS_00036256) | O'Laughlin | Objections withdrawn. | |
| JTX-1599 | "Discover, collect, and sell extraordinary NFTs," OpenSea, June 20, 2022 (YUGALABS_00036412 - YUGALABS_00036420) | O'Laughlin | Objections withdrawn. | |
| JTX-1600 | Ripps' character logo obtained from "@ryder_ripps Foundation Page," Foundation, January 20, 2022 (YUGALABS_00036421 - YUGALABS_00036422) | Ripps | Objections withdrawn. | |
| JTX-1601 | 2023 04 23 mongoman_eth Tweet (YUGALABS_00043561) | Ripps | Objections withdrawn. | |
| JTX-1602 | 2023 05 01 Cahen Tweet (YUGALABS_00043564) | Cahen | Objections withdrawn. | |
| JTX-1603 | 2023 05 01 Cahen Tweet (YUGALABS_00043563) | Cahen | Objections withdrawn. | |
| JTX-1604 | 2023 05 09 Cahen Tweet (YUGALABS_00043566) | Cahen | Objections withdrawn. | |
| JTX-1605 | Cahen Twitter Header (YUGALABS_00043568) | Cahen | Objections withdrawn. | |
| JTX-1606 | TTAB Opposition (No. 91278161) against BORED APE (YUGALABS_00043570 - YUGALABS_00043572) | Solano, Muniz | Objections withdrawn. | |
| JTX-1607 | TTAB Opposition (No. 91280387) against BORING APE (YUGALABS_00043574 - YUGALABS_00043576) | Solano, Muniz | Objections withdrawn. | |
| JTX-1608 | TTAB Opposition (No. 91282655) against MAYC 2529 (YUGALABS_00043578 - YUGALABS_00043579) | Solano, Muniz | Objections withdrawn. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-1609 | TTAB Opposition (No. 91282657) against MAYC 2529 (YUGALABS_00043580 - YUGALABS_00043581) | Solano, Muniz | Objections withdrawn. | |
| JTX-1610 | TTAB Opposition (No. 91283579) against BAKED APE (YUGALABS_00043582 - YUGALABS_00043584) | Solano, Muniz | Objections withdrawn. | |
| JTX-1611 | TTAB Opposition (No. 91283581) against BAYCED APE (YUGALABS_00043585 - YUGALABS_00043587) | Solano, Muniz | Objections withdrawn. | |
| JTX-1612 | Diamond, Shari S., "Reference Guide on Survey Research," in Reference Manual on Scientific Evidence, Third Edition, Federal Judicial Center (YUGALABS_00043060 - YUGALABS_00035094) | O'Laughlin | Objections withdrawn. | |
| JTX-1613 | 2023 02 20 Cahen Retweet (rrbayc_bot) (YUGALABS_00043588) | Cahen | Objections withdrawn. | |
| JTX-1614 | 2023 02 17 Cahen Retweet (rrbayc_bot) (YUGALABS_00043589) | Cahen | Objections withdrawn. | |
| JTX-1615 | 2023 02 24 Cahen Retweet (rrbayc_bot) (YUGALABS_00043590) | Cahen | Objections withdrawn. | |
| JTX-1616 | Coingecko, RR/BAYC NFT Floor Price Data (YUGALABS_00033714 - YUGALABS_00033718) | Kindler | Objections withdrawn. | |
| JTX-1617 | 2023 06 06 Cahen Tweet Thread (YUGALABS_00043606 - YUGALABS_00043614) | Cahen, Kindler | | |
| JTX-1618 | 2023 06 06 CHristophrP_ Tweet (Cahen Retweeted) (YUGALABS_00043592) | Cahen, Kindler | | |
| JTX-1619 | 2023 06 06 potatoeggtacos Tweet (Cahen Retweeted) (YUGALABS_00043593) | Cahen, Kindler | | |
| JTX-1620 | 2023 06 06 Cahen Tweet (Ripps Retweeted) (YUGALABS_00043594) | Ripps, Cahen, Kindler | | |
| JTX-1621 | NFTGO BAYC Analytics (YUGALABS_00043596 - YUGALABS_00043597) | Kindler | | |
| JTX-1622 | NFTGO BAYC Overview (YUGALABS_00043598 - YUGALABS_00043599) | Kindler | | |
| JTX-1623 | NFTGO RRBAYC Analytics - General (YUGALABS_00043600) | Kindler | | |
| JTX-1624 | NFTGO RRBAYC Overview - Short (YUGALABS_00043601) | Kindler | | |
| JTX-1625 | NFTGO RRBAYC Overview (YUGALABS_00043602 - YUGALABS_00043603) | Kindler | | |
| JTX-1626 | OpenSea BAYC Analytics (YUGALABS_00043604 - YUGALABS_00043605) | Kindler | | |
| JTX-1627 | Yougetnothin.com (captured at 2023 06 07) (YUGALABS_00043595) | Cahen, Kindler | | |
| JTX-1628 | 2023 06 05 Cahen Tweet (YUGALABS_00043591) | Cahen, Kindler | | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-201* | Solano Deposition Exhibit 201- Yuga Labs, Inc.'s Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Solano | Objections withdrawn. | |
| JTX-202* | Solano Deposition Exhibit 202- Photo of Bored Ape Yacht Club Logo | Solano | No objection | |
| JTX-203* | Solano Deposition Exhibit 203- Yuga Labs, Inc.'s First Supplemental Response to Ryder Ripps' and Jeremeny Cahen's First Set of Interrogatories (Nos. 1-14), Dec. 21, 2022 | Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-204* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-205* | Solano Deposition Exhibit 205- Photo of Welcome to the Bored Ape Yacht Club homepage | Solano | Objections withdrawn. | |
| JTX-206 | Solano Deposition Exhibit 206- Copy of Yuga Labs LLC Income Statement Jan-Dec. 2021, YUGALABS_00029725- YUGALABS_00029725 | Solano | No objection | |
| JTX-207 | Solano Deposition Exhibit 207- Copy of Yuga Labs LLC Income Statement Jan.-Nov. 2022, YUGALABS_00029724- YUGALABS_00029724 | Solano | No objection | |
| JTX-208* | Solano Deposition Exhibit 208- Tweet from @yugalabs regarding the "outpouring support from our community...", Jun. 24, 2022 | Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-209 | Solano Deposition Exhibit 209- Copy of Bored Ape Yacht Club Terms and Conditions | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from January 6, 2023. Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders. Dkt. 225 at 10. As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106. It is blurry and unreadable.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered. Moreover, it is relevant to the subject of Mr. Ripps and Mr. Cahen's criticism, which goes to willfulness. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-210* | Solano Deposition Exhibit 210- Photo of ape with bullets starpped to chest | Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-211 | Solano Deposition Exhibit 211-Photo of logo syaing "This logo is based on the SS Totenkopf" | Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this is not an authentic exhibit as it is a document created by counsel or Defendants.  It is not evidence that exists independently of counsel's or Defendants' creation in this form.  At most this is an objectionable demonstrative.  As such, it is irrelevant and prejudicial in its current form as a misleading if introduced as an exhibit. FRE 401, 403, 901.<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit and the image therein.  FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | The RR/BAYC logo is plainly relevant to the case.  Mr. Ripps plainly can lay the foundation for the image because he created it.  The image is not hearsay if not offered for the truth. Its existence is relevant to Mr. Ripps purpose for creating RR/BAYC which goes to willfulness/damages. |
| JTX-212 | Solano Deposition Exhibit 212-Photo comparing the Bored Ape Yacht Club logo to Waffen Totenkopf logo | Solano | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-213 | Solano Deposition Exhibit 213-Photo of a pink ape with a gold grill and chain | Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-214* | Solano Deposition Exhibit 214-Photo of a grey ape with lasers coming out of it's eyes | Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-215* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-216* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-217* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-218* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-219* | Muniz Deposition Exhibits 219-Ryder Ripps and Jeremy Cahen's 30(b)(6) Deposition Notice, Dec. 9, 2022 | Muniz | Objections withdrawn. | |
| JTX-220* | Muniz Deposition Exhibits 220-Yuga Labs, Inc. Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference | Muniz | Objections withdrawn. | |
| JTX-221 | Muniz Deposition Exhibits 221-Ripps,Article criticizing Bored Ape Yacht Club, Jan. 2022, RIPPSCAHEN00000408-RIPPSCAHEN00000417 | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  In particular, the court has repeatedly ruled that this litigation is about Defendants' commercial trademark infringement and not about their false claims.  Defendants' false claims represented by this exhibit are thus irrelevant and highly prejudicial to Plaintiff, including for the reasons set forth in motion in limine number 1.  Worse still, Defendants' concession that they are not offering this exhibit for the truth of the matter serves only to prejudice the jury to rule not on the facts but instead on Defendants' bad faith claims.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than Yuga posted articles that BAYC has problematic imagery.  /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-222* | Muniz Deposition Exhibits 222-Yuga Labs, Inc's First Supplemental Response to Ryder Ripps' and Jeremy Cahen's First Set of Interrogatories (NOS. 1-14), Dec. 21, 2022 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-223* | Muniz Deposition Exhibits 223-BAYC webpage titled "Welcome to the Bored Ape Yacht Club" | Muniz | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-224 | Muniz Deposition Exhibits 224-Bored Ape Yacht Club webpage with Ape #150 , RIPPSCAHEN00000310-RIPPSCAHEN00000311 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-225 | Muniz Deposition Exhibits 225-Bored Ape Yacht Club webpage with Ape #3721, RIPPSCAHEN00000312-RIPPSCAHEN00000313 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-226* | Muniz Deposition Exhibits 226-Bored Ape Yacht Club webpage on OpenSea with Ape #4968, RIPPSCAHEN00000316-RIPPSCAHEN00000317 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-227* | Withdrawn. Defendants reserve all rights. | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-230 | Muniz Deposition Exhibits 230-Terms and Conditions of Bored Ape Yacht Club | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders. Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.<br><br>Defendants' continued reference to the terms of conditions and misleading of the jury regarding settled issues will serve to only waste time during the trial and mislead the jury regarding irrelevant issues.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered.  Moreover, it is relevant to the subject of Mr. Ripps and Mr. Cahen's criticism, which goes to willfulness. |
| JTX-231* | Muniz Deposition Exhibits 231-@tsf, How Four Friends Sold $2.8M Worth of Bored Apes In Less Than 24 Hours on the Blockchain, May 6, 2021 | Muniz | No objection | |
| JTX-232* | Muniz Deposition Exhibits 232-Photo of ape wearing a "BAYC" hat on, YUGALABS_00026336-YUGALABS_00026336 | Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-233* | Muniz Deposition Exhibits 233-Photo of ape with aviator hat on, YUGALABS_00026375-YUGALABS_00026375 | Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-234 | Muniz Deposition Exhibits 234-Grandpa Ape Country Club homepage on OpenSea | Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-235 | Muniz Deposition Exhibits 235-Bored Ape Solana Club homepage on OpenSea | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-236* | Muniz Deposition Exhibits 236-Bored Yacht Ape Club homepage on OpenSea | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-237* | Muniz Deposition Exhibits 237-Bored Ape Yacht Club T-shirt design | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-238 | Muniz Deposition Exhibits 238-Yuga Labs LLC Income Statement from Jan-Dec 2021, YUGALABS_00029725-YUGALABS_00029725 | Muniz | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-239 | Muniz Deposition Exhibits 239-Yuga Labs LLC Income Statement from Jan-Nov 2022, YUGALABS_00029724-YUGALABS_00029724 | Muniz | No objection | |
| JTX-240 | Muniz Deposition Exhibits 240-ApeCoinNFT homepage on OpenSea | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-241 | Muniz Deposition Exhibits 241-Transaction details of Block 14399761 | Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-242 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-244* | Muniz Deposition Exhibits 244-Bored Ape Yacht Club homepage on OpenSea | Muniz | No objection | |
| JTX-245* | Muniz Deposition Exhibits 245-@swensonk7, That's Hot: Paris Hilton Joined The Bored Ape Yacht Club, Feb. 8, 2022 | Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-247* | Muniz Deposition Exhibits 247-Contract Source Code by BoredApeYachtClub | Muniz | No objection | |
| JTX-248* | Muniz Deposition Exhibits 248-Screenshot of #7454 within the Bored Ape Yacht Club listed for .30 ETH, RIPPSCAHEN00013346-RIPPSCAHEN00013346 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  It is a confusing match up of multiple images into a single document.<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation. FRE 106, 611(a).<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.  At most this could be a demonstrative of a separate exhibit.  But it is not an evidence standing alone. | Relevance: The price at which RR/BAYCs were sold on the secondary market is directly relevant to damages.  The document is not incomplete because it shows the relevant portions of a foundation page.  Ms. Muniz is aware of secondary sales of RR/BAYC as evidenced by her deposition testimony and can lay an appropriate foundation. |
| JTX-249 | Muniz Deposition Exhibits 249-Photo of Apes #6969 and #832 with Ryder Ripps artwork agreement | Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that the Defendants intentionally infringed and did confuse consumers regardless of the disclaimer.  It would therefore confuse the issues and waste the jury's time to admit the exhibit.<br><br>This exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to each consumers at the time of purchase.  FRE 106, 901, 403.  In particular the image as shown was not shown to each consumer at the time of purchase.  At most this could be a demonstrative of a separate exhibit.  But it is not an evidence standing alone. | Mr. Ripps disclaimer statement goes directly to willfulness and damages issues. |
| JTX-250* | Muniz Deposition Exhibits 250-Copy of a chat log from June 29, 2022 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that the Defendants intentionally infringed and did confuse consumers regardless of the disclaimer.  Additionally, these communications appear to have occurred after Plaintiff filed the litigation and are reactive to the litigation.  The post-hoc reasoning, does not negate that consumers were confused.  As such, the probative value of this misleading exhibit of unknown commenters outweighs any minimal relevance and would be a waste of time for the jury.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>This exhibit is incomplete and misleading as presented and is an improper compilation, including in that it appears to remove chats from individuals who were confused. FRE 106, 611(a).<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document goes directly to the extent of the confusion and extent of harm to Yuga, which is a damages issue.  The document will not be offered for the truth, but rather the state of mind of consumers. |
| JTX-251* | Atalay Deposition Exhibit 251 - Yuga Labs, Inc.'s Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Atalay | Objections withdrawn. | |
| JTX-252* | Atalay Deposition Exhibit 252 - Screenshot of webpage page titled "Welcome to the Bored Ape Yacht Club" | Atalay | No objection | |

31

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-253* | Atalay Deposition Exhibit 253 - Tweet from @BoredApeYC saying "The Bored Ape Yacht Club #NFT Pre-Sale is now LIVE!" | Atalay | No objection | |
| JTX-254* | Atalay Deposition Exhibit 254 - Screenshot of "Roadmap Activations" from boredapeyachtclub.com | Atalay | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Defendants have no evidence that Yuga Labs' website or roadmap contributed any harm.  Defendants' false conspiracies have already been rejected, and to relitigate this issue would be a significant waste of the parties', Court's and jury's time to assess irrelevant, false, and unsupported claims.

This exhibit is incomplete and misleading as presented. FRE 106.  It is missing other pages from the website.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | The BAYC Roadmap is relevant to damages issues in this case, including hte extent to which any damage Yuga suffered is attributable to its own conduct.  The roadmap itself is a complete capture of one page from Plaintiff's website.  Other pages are in the record, as are numerous other individual webpages.  Therefore it is not incomplete. |
| JTX-255* | Withdrawn. Defendants reserve all rights. | Atalay | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-256* | Oseary Deposition Exhibit 256- Guy Oseary Subpoena to Testify at a Deposition in a Civil Action, Oct. 11, 2022 | Oseary | No objection | |
| JTX-257* | Oseary Deposition Exhibit 257- Guy Oseary Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action | Oseary | No objection | |
| JTX-258* | Oseary Deposition Exhibit 258- Article about Guy Oseary | Oseary | Objections withdrawn. | |
| JTX-259* | Oseary Deposition Exhibit 259- @guyoseary, AIP-36: Guy Oseary as ApeCoin Representative - Ecosystem Fund Allocation, May 12, 2022 | Oseary | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-260* | Oseary Deposition Exhibit 260- Yuga Labs, Inc.'s Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Oseary | Objections withdrawn. | |
| JTX-261* | Oseary Deposition Exhibit 261- Hissong, How Four NFT Novices Created a Billion-Dollar Ecosystem of Cartoon Apes, Nov. 1, 2021 | Oseary | No objection | |
| JTX-262* | Oseary Deposition Exhibit 262- Ryder Ripps and Jeremy Cahen's Answer, Defenses, and Counterclaims to Complaint, Dec. 27, 2022 | Oseary | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-263* | Oseary Deposition Exhibit 263- Tweet from @guyoseary saying "I'm proud and grateful to be a contributor to ApeCoin" | Oseary | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-264 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-265* | Oseary Deposition Exhibit 265- Tweet from @yugalabs saying "The outpouring of support from our community today...", June 24, 2022 | Oseary | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-266* | Aronow Deposition Exhibit 266- Aronow, Setting the Record Straight, Feb. 9, 2023 | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from February 9, 2023. Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally no objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document, and depending on the outcome of Plaintiff's motion in limine no. 1. | Relevance: The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant |
| JTX-267* | Aronow Deposition Exhibit 267 - Wave, The (Potential) Origins of the Name "Yuga Labs", Jul. 12, 2022 | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The origin of the name Yuga Labs is not at issue in this litigation, and Defendants have yet to explain any relevance. Even still, any relevance would be substantially outweighed by the waste of time and prejudice to the Yuga Labs through Defendants sideshows.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Foundation/Incompleteness: Yuga's founders have personal knowledge about the origin of the name Yuga and can testify as to that relative to the contents of this document. The document is not incomplete as it is a complete copy of the online article. /// Relevance The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill /// Hearsay: The document is not being offered for the truth of the matter asserted, but the fact that others have raised concerns about the origin of Yuga's name. |
| JTX-268* | Aronow Deposition Exhibit 268 - Screenshot of reddit page discussing the "artist formerly known as hotpot" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants false, heinous, and irrelevant attacks on religion have no place in this trial about their intentional confusion of consumers. The exhibit is substantially likely to bias the jury, and would certainly confuse the issues and waste the jury's time. Plaintiff reserves the right to seek sanctions if Defendants continue to pursue overtly irrelevant, confusing, and misleading tactics at trial.<br><br>Defendants have failed to establish any relevance of this exhibit to this trial, or their infringing use of the BAYC Marks.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-269* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-270* | Aronow Deposition Exhibit 270 - Yuga Labs, Inc.'s Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Aronow | Objections withdrawn. | |
| JTX-271* | Aronow Deposition Exhibit 271 - Photo of "Bored Ape Yacht Club" logo | Aronow | No objection | |
| JTX-272* | Aronow Deposition Exhibit 272 - Yuga Labs, Inc.'s First Supplemental Response to Ryder Ripps and Jermey Cahen's First Set of Interrogatories (Nos. 1-14), Dec. 21, 2022 | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-273* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-274* | Aronow Deposition Exhibit 274 - Screenshot of "Welcome to the Bored Ape Yacht Club" webpage | Aronow | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-275* | Aronow Deposition Exhibit 275 - Bored Ape Yacht Club webpage with Ape #150, RIPPSCAHEN00000310-RIPPSCAHEN00000311 | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-276* | Aronow Deposition Exhibit 276 - Screenshot of "Bored Ape Yacht Club" webpage with #3271 priced at $141,542.76, RIPPSCAHEN00000312-RIPPSCAHEN00000313 | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-277* | Aronow Deposition Exhibit 277 - Screenshot of "Bored Ape Yacht Club" webpage with #4968 with an offer of $125,823.70 , RIPPSCAHEN00000316-RIPPSCAHEN00000317 | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-278* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-279* | Aronow Deposition Exhibit 279 - Screenshot of tweet from "pushthebully" saying "this is so good" | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants objection response is frivolous and demonstrates their failure to engage with the facts of the case.  A Twitter account that pre-existed the creation of Yuga Labs is wholly irrelevant to this trial.  It would therefore confuse the issues and waste the jury's time to admit the exhibit, and with no counterbalancing probative value it should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  The document is relevant at least because it goes to alternative causes of any damage to Yuga or loss of goodwill |
| JTX-280* | Withdrawn. Defendants reserve all rights. | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-281* | Aronow Deposition Exhibit 281 - Screenshot of webpage on OpenSea titled "Grandpa Ape Country Club" | Aronow | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-282* | Aronow Deposition Exhibit 282 - Screenshot of webpage on OpenSea titled "Bored Ape Solana Club" | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-283 | Aronow Deposition Exhibit 283 - Photos of "Bored Ape Yacht Club" t-shirt designs | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-284 | Aronow Deposition Exhibit 284 - Photo of "Half Bayed" pass | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market. /// Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-285 | Aronow Deposition Exhibit 285 - Photo of "Bored Ape Wear" Logo | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks. |
| JTX-286 | Aronow Deposition Exhibit 286 - Screenshot of google search and description of "Bored Ape Wear: Bored Ape Yacht Club" website | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks. |
| JTX-287 | Aronow Deposition Exhibit 287 - Screenshot of apeswap.finance homepage | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-288 | Aronow Deposition Exhibit 288 - Screenshot of "Bored Ape Yacht Club" webpage with "OFFICIAL Shouting Bored Ape Yacht Club" #2344 | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-289 | Aronow Deposition Exhibit 289 - Screenshot of webpage on OpenSea titled "Bestt Boredd Apee Yacht Clubb" | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-290* | Aronow Deposition Exhibit 290 - Screenshot of webpage on OpenSea titled "Bored Ape Yacht Club" | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-291* | Aronow Deposition Exhibit 291 - Screenshot of webpage on OpenSea titled "JRs Bored Ape Yacht Club  Crew" | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-292 | Aronow Deposition Exhibit 292 - Screenshot of bascado.net and the homepage "Bored Ape Solana Club" | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-293 | Aronow Deposition Exhibit 293 - Screenshot of "Bored Ape Tron Club" Minting Event homepage | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-294 | Aronow Deposition Exhibit 294 - Screenshot of webpage on OpenSea with ApeCoin NFT | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-295* | Aronow Deposition Exhibit 295 - Coinbase, What is ApeCoin?, 2023 | Aronow | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-296 | Aronow Deposition Exhibit 296 - Terms and Conditions of Bored Ape Yacht Club | Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders. Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: Yuga's terms and conditions are relevant to damages issues, including whether Yuga's transference of rights to its holders impacted the damage it suffered.  Moreover, it is relevant to the subject of Mr. Ripps and Mr. Cahen's criticism, which goes to willfulness. |
| JTX-297* | Aronow Deposition Exhibit 297 - @topshotfund, How Four Friends Sold $2.8M Worth of Bored Apes in Less than 24 Hours on the Blockchain, May 6, 2021 | Aronow | No objection | |
| JTX-298* | Aronow Deposition Exhibit 298 - Screenshot of webpage on OpenSea titled "BoredApeYachtClub" #3721 | Aronow | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-299* | Aronow Deposition Exhibit 299 - Screenshot of looksrare.org with ape #3721 | Aronow | Objections withdrawn. | |
| JTX-300* | Berger Deposition Exhibit 01 - Yuga Labs, Inc. v. Ripps, Expert Report of Professor Jonah Berger, Feb. 6, 2023 | Berger | No objection | |
| JTX-301* | Berger Deposition Exhibit 03 - Photo of "Bored Ape Yacht Club" logo | Berger | No objection | |
| JTX-302* | Berger Deposition Exhibit 04 - Photo of logo labeled "waffen totenkopf" with a skull in the middle | Berger | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit contains nonparty data for which there is no foundation or authentication. FRE 602, 901.   This is not an authentic exhibit as it is a document created by counsel or Defendants.  It is not evidence that exists independently of counsel's or Defendants' creation. | The SS Totenkopf logo goes directly to the purpose for RR/BAYC, criticisms of Yuga, and damages and willfulness issues generally. |
| JTX-303 | Berger Deposition Exhibit 05 - Photo of "Bored Ape Yacht Club" logo compared to "Waffen Totenkopf" logo | Berger | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-304* | Berger Deposition Exhibit 07 - Search results of "bored ape yacht club" on OpenSea | Berger | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-305* | Berger Deposition Exhibit 09 - Chen and Berger, When, Why, and How Controversy Causes Conversation, Oct. 2013 | Berger | Objections withdrawn. | |

36

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-306* | Berger Deposition Exhibit 22 - Bellany et al., Cryptocurrencies Melt Down in a 'Perfect Storm' of Fear and Panic, May, 12, 2022 | Berger | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony to demonstrate harm from sources other than themselves.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Hearsay: The document is not being offered for the truth, but only for the existence of commentary on the decline in crypto prices. |
| JTX-307 | Berger/Cahen Deposition Exhibit 28 - Goncharenko, Bored Apes desecrated a famous piece of New York graffiti art, July 18, 2022 | Berger | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the controversy surrounding the NYC artowkr // Incomplete: The document is a fully incorporated news article and is not incomplete. /// Hearsay: The document is not being offered for the truth, but shows |
| JTX-308* | Kindler Deposition Exhibit 01- Expert Report of Lauren R. Kindler, Feb. 6, 2023 | Kindler | No objection | |
| JTX-309* | Kindler Deposition Exhibit 02- Tweet from @ryder_ripps discussing the Ryder Ripps Ape #8774, YUGALABS_00000535-YUGALABS_00000535 | Kindler | No objection | |
| JTX-310* | O'Laughlin Deposition Exhibit 01- Expert Report of Laura O'Laughlin, Feb. 6, 2023 | O'Laughlin | No objection | |
| JTX-311 | O'Laughlin Deposition Exhibit 02- Tweet from @streetoshi saying "I bought an rr bayc because I thought it was made by yuga", June 21, 2022, YUGALABS_00015411-YUGALABS_00015411 | O'Laughlin | No objection | |
| JTX-312 | O'Laughlin Deposition Exhibit 03- Tweet from @yugalabs and @ryder_ripps, RIPPSCAHEN00015349-RIPPSCAHEN00015349 | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The context of Defendants' implied meaning is not even clear from the excerpt.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | As set forth in Ms. O'Laughlin's deposition transcript, this exhibit is relevant to alternative sources of harm to Yuga, namely the problematic nature of some of the Ape images.  The tweet is hearsay subject to an exception because it is offered for its effect on the listener.  Moreover, the tweet can also be offered for a non-hearsay purpose, such as to show the existence of tweets criticizing Yuga Labs. |
| JTX-313* | O'Laughlin Deposition Exhibit 04- Chen, Ryder Ripps: An Artist of the Internet, July 8, 2014, RIPPSCAHEN00000870-RIPPSCAHEN00000870 | O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Nearly decade old articles about the Defendant have zero to minimal probative value.  Even if Defendant considers himself an artist, that is not a license to confuse consumers or steal Yuga Labs' trademark rights.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Mr. Ripps stature as an artist goes directly to willfulness among other issues. The article can be offered for a nonhearsay purpose, such as that there are articles stating that Mr. Ripps is an artist. |
| JTX-314* | O'Laughlin Deposition Exhibit 05- O'Laughlin et al., Which Method is for you? Not All Surveys Are Made the Same | O'Laughlin | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-315* | O'Laughlin Deposition Exhibit 06- Yuga Labs, Inc. Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference | O'Laughlin | Objections withdrawn. | |
| JTX-316* | O'Laughlin Deposition Exhibit 07- Letter on RR/BAYC website from Ryder Ridds discussing CryptoPunk #3100, June 14, 2021 | O'Laughlin | No objection | |
| JTX-317* | O'Laughlin Deposition Exhibit 08- Screenshot of ApeCoin logo | O'Laughlin | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-318* | O'Laughlin Deposition Exhibit 09- Homepage of Grandpa Ape Country Club on OpenSea with updated items | O'Laughlin | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-319* | O'Laughlin Deposition Exhibit 10- Webpage of Bored Ape Yacht Club on OpenSea with Ape listed for 0.05 ETH | O'Laughlin | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-320* | O'Laughlin Deposition Exhibit 11- Webpage of #The Best Boredd Apee Yacht Clubb on OpenSea with updated items | O'Laughlin | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-401* | Ehrlund Deposition Exhibit 401- Plaintiff Yuga Labs, Inc.'s Supplemental Initial Disclosures, Feb. 22, 2023 | Ehrlund | No objection | |
| JTX-402* | Ehrlund Deposition Exhibit 402- Yuga Labs, Inc.'s Complaint for False Designation of Origin, False Advertising, Cybersquatting, Trademark Infringement, Unfair Competition, Unjust Enrichment, Conversion, and Tortious Interference, June 24, 2022 | Ehrlund | Objections withdrawn. | |
| JTX-403* | Ehrlund Deposition Exhibit 403- Grandpa Ape Country Club homepage on OpenSea with total volume, floor price, and best offer | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-404* | Ehrlund Deposition Exhibit 404- Bored Ape Solana Club page with list of apes filtered by "Hip hop" | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-405* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-406 | Ehrlund Deposition Exhibit 406- Bored Ape Wear- Officially Licensed BAYC Merch logo | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
| JTX-407 | Ehrlund Deposition Exhibit 407- Google search result of "Bored Ape Wear: Bored Ape Yacht Club" | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
| JTX-408 | Ehrlund Deposition Exhibit 408- Photo of several "Ape Water" cans | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete. /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-409 | Ehrlund Deposition Exhibit 409- Homepage of apeswap.finance with "Total Value Locked $72,368,012 and Market Cap $12,557,182" | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-410 | Ehrlund Deposition Exhibit 410- "Welcome all Apes" webpage discussing "$Banana meme sharing fiesta" | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-411 | Ehrlund Deposition Exhibit 411- Webpage of Bored Ape Tron Club with minting event information | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-412* | Ehrlund Deposition Exhibit 412- Bored Ape Yacht Club page on OpenSea with Ape priced at 0.05 ETH | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-413* | Ehrlund Deposition Exhibit 413- Webpage titled "#The Bestt Boredd Ape Yacht Clubb" with various Apes for sale, created Feb. 2022 | Ehrlund | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-414 | Ehrlund Deposition Exhibit 414- Photo of "Bored Coffee #9006 Rise and Grind" with Bored Coffee mug | Ehrlund | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless."Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting its inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other commercial products using Yuga's marks. |
| JTX-2000 | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 1 - March 21, 2022 Yuga Letter of Authorization for Appdetex, YUGALABS_00027407- YUGALABS_00027412 | Muniz | No objection | |
| JTX-2001* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 6 - Ethereum blockchain smart contract for RRBAYC Foundation, YUGALABS_00040355- YUGALABS_00040355 | Atalay, Ripps, Cahen, Muniz | No objection | |
| JTX-2002* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 7 - Ethereum blockchain smart contract containing RRBAYC NFTs, YUGALABS_00030081- YUGALABS_00030082 | Atalay, Ripps, Cahen, Muniz, Lehman, Hickman | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2003* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 12 - Yuga's website About page, YUGALABS_00030223-YUGALABS_00030230 | Atalay, Aronow, Solano, Muniz, Oseary, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2004* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 16 - Yuga Labs OpenSea listing page, YUGALABS_00027531-YUGALABS_00027531 | Atalay, Aronow, Solano, Muniz, Oseary, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2005* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2006* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 58 - RRBAYC Foundation Webpage, YUGALABS_00030348-YUGALABS_00030348 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2007* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 59 - RRBAYC Foundation.app Mobile Page, YUGALABS_00030346-YUGALABS_00030346 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2008* | Withdrawn. Defendants reserve all rights. | Muniz | No objection | |
| JTX-2009* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 63 - LooksRare Webpage, June 22, 2022, YUGALABS_00030072-YUGALABS_00030072 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2010* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 64 - LooksRare Webpage, January 5, 2023, YUGALABS_00030112-YUGALABS_00030112 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2011* | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 65 - x2y2 Webpage, June 23, 2022, YUGALABS_00002279-YUGALABS_00002326 | Muniz, Ripps, Cahen, Lehman, Hickman | No objection | |
| JTX-2012 | Plaintiff's Exhibit to Motion for Summary Judgment Exhibit 77 - Twitter post by Ripps, May 24, 2022, YUGALABS_00029886-YUGALABS_00029888 | Ripps, Cahen, Lehman, Muniz, Hickman | No objection | |
| JTX-2013* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2014* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2015* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2016* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2017* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2018* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2019* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2020* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2021* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2022* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2023* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2024* | Withdrawn. Defendants reserve all rights. | Muniz, Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2025 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 121 - Email from Lallement to RRBAYC, May 24, 2022, RIPPSCAHEN00001370-RIPPSCAHEN00001370 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs. They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC. These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2026 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 122 - Email from Jindo to RRBAYC, May 30, 2022, RIPPSCAHEN00001410-RIPPSCAHEN00001410 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs. They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC. These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2027 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 123 - Email from Ape 19 to RRBAYC, June 20, 2022, RIPPSCAHEN00001485-RIPPSCAHEN00001485 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs. They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC. These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2028 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 124 - Email from Washington to RRBAYC, June 20, 2022, RIPPSCAHEN00001496-RIPPSCAHEN00001496 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs. They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC. These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2029 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 125 - Email from Tenneti to RRBAYC, June 20, 2022, RIPPSCAHEN00001500-RIPPSCAHEN00001500 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant. Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs. They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC. These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace. These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2030 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 126 - Email from Lopez to RRBAYC, June 20, 2022, RIPPSCAHEN00001509-RIPPSCAHEN00001509 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2031 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 127 - Email from Biermann to RRBAYC, June 20, 2022, RIPPSCAHEN00001517-RIPPSCAHEN00001517 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2032 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 128 - Email from Hefte to RRBAYC, June 20, 2022, RIPPSCAHEN00001558-RIPPSCAHEN00001558 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2033 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 129 - Email from Andriske to RRBAYC, June 20, 2022, RIPPSCAHEN00001577-RIPPSCAHEN00001577 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2034 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 130 - Email from Masini to RRBAYC, June 21, 2022, RIPPSCAHEN00001622-RIPPSCAHEN00001622 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2035 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 131 - Email from Attar to RRBAYC, June 21, 2022, RIPPSCAHEN00001655-RIPPSCAHEN00001655 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2036 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 132 - Email from Bailey to RRBAYC, June 21, 2022, RIPPSCAHEN00001687-RIPPSCAHEN00001687 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2037 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 133 - Email from Michael W. to RRBAYC, June 22, 2022, RIPPSCAHEN00001737-RIPPSCAHEN00001737 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2038 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 134 - Email from Stringle to RRBAYC, June 25, 2022, RIPPSCAHEN00001786-RIPPSCAHEN00001786 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2039 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 135 - Email from Winterstein to RRBAYC, June 21, 2022, RIPPSCAHEN00001869-RIPPSCAHEN00001869 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants cannot and do not put forth any evidence of harm to Yuga Labs and this exhibit is therefore irrelevant.  Admitting the exhibit would confuse the issues and waste the jury's time and it should therefore be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2040* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2041* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2042* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2043* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2044* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2045* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 141 - Forbes Profile of Ryder Ripps, RIPPSCAHEN00000866-RIPPSCAHEN00000869 | Ripps, Cahen, Lehman, Hickman, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The Court has already ruled that defendants acted with the intent to deceive, therefore Defendants' state of mind is irrelevant to any triable issues in this case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant as it shows public information about Defendant Ripps, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in creating art and have an expectation that his work is received as art.//Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem.//Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and interaction with a public website.//Hearsay: This document is not hearsay as it is being used to show that a statement was made and effect on the listener, and not for the truth of the matter asserted. |
| JTX-2046* | Withdrawn. Defendants reserve all rights. | Muniz, Aronow, Atalay, Oseary, Solano, Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2047 | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2048 | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2049 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2050* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 146 - ApeCoin OpenSea Page, RIPPSCAHEN00020735-RIPPSCAHEN00020736 | Ripps, Cahen, Hickman, Muniz, Oseary, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt 225 at 10. The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id at 9, eliminating any potential relevance for this exhibit.<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation. See Icon Enters Int'l, Inc v Am Prod Co , No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal Oct 7, 2004). This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal Sept 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the partiesand this Court. FRE 403. Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or nonexistent. But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments. | Relevance: This document is relevant as it shows public information on an NFT transfer that purports to transfer rights in BAYC Marks to the ApeCoin DAO, which goes to willfulness and intent because it demonstrates the basis for Defendants state of mind in criticizing Yuga and use of BAYC Marks //Rule of Completeness: The document shows the entire webpage and therefore there is no completeness problem //Foundation: Defendants can lay the foundation for and authenticate this document through their knowledge of and  interaction with a public website //Hearsay: This document is not hearsay as it is being used to show effect on the listener, and not for the truth of the matter asserted. |
| JTX-2051* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2052* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 151 - Bored Ape Tron Club, RIPPSCAHEN00020821-RIPPSCAHEN00020824 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2053* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 152 - Grandpa Ape Country Club, RIPPSCAHEN00020919-RIPPSCAHEN00020919 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2054* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 153 - Bored ape yacht clubs, RIPPSCAHEN00025210-RIPPSCAHEN00025211 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2055 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 154 - Bored Ape Slave, RIPPSCAHEN00025252-RIPPSCAHEN00025253 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2056 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 155 - Bored Ape Solana Club OpenSea, RIPPSCAHEN00025254-RIPPSCAHEN00025259 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2057* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 156 - SsIUdGmuLw Collection, RIPPSCAHEN00025260-RIPPSCAHEN00025261 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2058* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 157 - I6OOQyVjmt OpenSea Collection, RIPPSCAHEN00025262-RIPPSCAHEN00025263 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2059* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 158 - I6OOQyVjmt Ape #2170, RIPPSCAHEN00025299-RIPPSCAHEN00025303 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2060* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 159 - Bored Yacht Ape Club OpenSea, RIPPSCAHEN00025282-RIPPSCAHEN00025283 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2061* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 160 - Bored Ape Cousins OpenSea, RIPPSCAHEN00025284-RIPPSCAHEN00025286 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit is from March 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2062* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 161 - Untitled Collection 124763295, RIPPSCAHEN00025289-RIPPSCAHEN00025290 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2063* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 162 - Boredapes Yacht Club NFTs OpenSea, RIPPSCAHEN00025287-RIPPSCAHEN00025288 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2064* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 163 - Untitled Collection #194427640, RIPPSCAHEN00025291-RIPPSCAHEN00025292 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2065* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 164 - Untitled Collection #204722463, RIPPSCAHEN00025293-RIPPSCAHEN00025294 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2066* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 165 - Untitled Collection #246284442, RIPPSCAHEN00025295-RIPPSCAHEN00025296 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2067* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 166 - TradeCenter Collection OpenSea, RIPPSCAHEN00025346-RIPPSCAHEN00025348 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2068* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 167 - TradeCenter Ape #12, RIPPSCAHEN00025297-RIPPSCAHEN00025298 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2069* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 168 - Untitled Collection #124763295, RIPPSCAHEN00025289-RIPPSCAHEN00025290 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2070* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 169 - MineablePunk Collection OpenSea, RIPPSCAHEN00025319-RIPPSCAHEN00025324 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2071* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 170 - MineablePunk Ape #7591, RIPPSCAHEN00025306-RIPPSCAHEN00025307 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2072* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 171 - MineablePunk Ape #12571, RIPPSCAHEN00025308-RIPPSCAHEN00025309 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2073* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 172 - Bored Ape Violet Collection, RIPPSCAHEN00025310-RIPPSCAHEN00025311 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2074 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 173 - World Cup BAYC Collection OpenSea, RIPPSCAHEN00025351-RIPPSCAHEN00025370 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit is from March 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2075* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 174 - Dilution Image, RIPPSCAHEN00018890-RIPPSCAHEN00018890 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).  This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).  This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.  This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.  Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and well as widescale third party use of the BAYC Marks which goes to Defendants state of mind. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the document // Incomplete: The document is a fully incorporated image. /// Hearsay: The document is not being offered for the truth, but only for showing the statement mind as evidenced in the creation of this document and effect on state of mind. |
| JTX-2076 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 175 - Wake & BAYC Website, RIPPSCAHEN00017081-RIPPSCAHEN00017081 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2077 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 176 - Bored Ape Express Card, RIPPSCAHEN00017194-RIPPSCAHEN00017194 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2078 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 177 - Bored Ape Wear, Officially Licensed Merch, RIPPSCAHEN00017246-RIPPSCAHEN00017246 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2079 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 178 - Bored Ape T-shirt, RIPPSCAHEN00017224-RIPPSCAHEN00017226 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2080* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 179 - Li, Bored & Hungry, The First Bored Ape Yacht Club Restaurant Has Officially Opened, Apr. 11, 2022, RIPPSCAHEN00017210-RIPPSCAHEN00017210 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2081 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 180 - Apewater Image, RIPPSCAHEN00018547-RIPPSCAHEN00018547 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind. |
| JTX-2082 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 181 - Bored Ape Blueberry CBD Lemonade, RIPPSCAHEN00017258-RIPPSCAHEN00017267 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2083* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 182 - North Pier IPA Image, RIPPSCAHEN00018558-RIPPSCAHEN00018558 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others and Defendants' state of mind.  /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge use of BAYC Marks // Incomplete: The document is a fully incorporated image and is not incomplete.  /// Hearsay: The document is not being offered for the truth, but only for the existence of third party use of BAYC Marks and effect on state of mind. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2084 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 183 - Bored Ape Beer, Cranky Ranky IPA Tweet, RIPPSCAHEN00018559-RIPPSCAHEN00018559 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2085* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 184 - RRBAYC Website, RIPPSCAHEN00021149-RIPPSCAHEN00021175 | Ripps, Cahen, Hickman, Lehman Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2086 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 185 - RRBAYC Purchase Disclaimer, RIPPSCAHEN00021219-RIPPSCAHEN00021219 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2087* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 186 - RRBAYC Foundation Page, RIPPSCAHEN00019988-RIPPSCAHEN00019988 | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin, Kindler, Berger, Atalay, Aronow, Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2088 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 192 - BAYC Terms & Conditions, RIPPSCAHEN00020804-RIPPSCAHEN00020805 | Ripps, Cahen, Hickman, Lehman, Muniz, Atalay, Aronow, Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2089* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 193 - BAYC Foundation Page, RIPPSCAHEN00019869-RIPPSCAHEN00019869 | Ripps, Cahen, Hickman, Lehman, Muniz, Atalay, Aronow, Solano | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2090* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 194 - BAYC First Day Foundation, RIPPSCAHEN00020596-RIPPSCAHEN00020597 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2091* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 195 - Etherscan BAYC #3721, RIPPSCAHEN00020829-RIPPSCAHEN00020830 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2092* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 196 - Etherscan RRBAYC #193, RIPPSCAHEN00025264-RIPPSCAHEN00025264 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2093 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 197 - Twitter post by Ripps, Dec. 31, 2022, RIPPSCAHEN00016832-RIPPSCAHEN00016844 | Ripps, Cahen, Muniz, Hickman, Aronow, Solano, Oseary | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from December 31, 2022.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 403, 611(a), 602.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents tweets that are presented together on the same webpage on twitter. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2094* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 198 - Twitter post by Ripps, May 24, 2022, RIPPSCAHEN00016868-RIPPSCAHEN00016872 | Ripps, Cahen, Hickman, Lehman, Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents tweets that are presented together on the same webpage on twitter. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2095 | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman, Muniz, O'Laughlin | No objection | |
| JTX-2096* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 200 - Twitter post by Ripps, May 20, 2022, RIPPSCAHEN00019015-RIPPSCAHEN00019015 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2097* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 201 - Twitter post by Ripps, May 15, 2022, RIPPSCAHEN00019017-RIPPSCAHEN00019017 | Ripps, Cahen, Hickman, Lehman, Solano, Aronow, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2098 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 202 - Twitter post by Ripps, July 12, 2022, RIPPSCAHEN00019521-RIPPSCAHEN00019526 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents tweets that are presented together on the same webpage on Twitter. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2099* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 203 - Twitter post by Ripps, May 24, 2022 (Ripps Disclaimer Tweet 1), RIPPSCAHEN00017520- RIPPSCAHEN00017520 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2100* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 204 - Twitter post by Ripps, May 24, 2022 (Ripps Disclaimer Tweet 2), RIPPSCAHEN00017521- RIPPSCAHEN00017521 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2101 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 205 - Twitter post by Ripps, May 21, 2022 (Ripps Disclaimer Tweet 3), RIPPSCAHEN00017522- RIPPSCAHEN00017522 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2102 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2103* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 207 - Twitter post by Ripps, June 1, 2022 (Ripps Disclaimer Tweet 5), RIPPSCAHEN00017526- RIPPSCAHEN00017526 | Ripps, Cahen, Hickman, Lehman, O'Laughlin, Berger, Kindler | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.  Indeed, an image contained in this exhibit is incomplete and misleading as presented, especially to the extent it is not the complete website and there is no evidence this image was shown to consumers at the time of purchase.   FRE 106, 901, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a tweet by Defendants and response commentary.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet by Defendants. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and of Defendants' state of mind. |
| JTX-2104* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2105* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2106 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 211 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022427- RIPPSCAHEN00022451 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | No objection | |
| JTX-2107* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | No objection | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2108* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 213 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022513-RIPPSCAHEN00022513 | Ripps, Cahen, Muniz, O'Laughlin, Berger, Kindler | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2109* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2110* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 215 - Twitter post by @0xGem, July 8, 2022, RIPPSCAHEN00022685-RIPPSCAHEN00022685 | Muniz, Ripps, Cahen, O'Laughlin, Kindler, Berger | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2111 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2112 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 217 - Twitter post by Cline, May 16, 2022, RIPPSCAHEN00022455-RIPPSCAHEN00022473 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2113* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2114* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2115* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 220 - Twitter post by @streetoshi, June 21, 2022, RIPPSCAHEN00015353-RIPPSCAHEN00015353 | Ripps, Cahen, O'Laughlin | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). Therefore, the exhibit is likely to confuse the issues and waste the jury's time and should be barred under FRE 403. This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2116* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2117* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 222 - Twitter post by @johnny0x, Aug. 17, 2022, RIPPSCAHEN00015335-RIPPSCAHEN00015335 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a). This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901. This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a Twitter post.  No unrelated tweets are included in this document.  This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2118* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2119* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2120* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2121* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 226 - Twitter post by @plasticaverns, May 17, 2022, RIPPSCAHEN00040400-RIPPSCAHEN00040400 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages. /// Completeness:  This exhibit is an accurate capture of a comment on a Twitter post.  This document shows a full and accurate depiction of the comment and related tweets, as shown on Twitter. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge/// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2122* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 227 - Twitter post by @CryptoGarga, Feb. 17, 2023, RIPPSCAHEN00017539-RIPPSCAHEN00017539 | Ripps, Cahen, Solano, Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  It is about marks and issues not present in the trial.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant to damages and willfulness. /// Foundation:  Greg Solano and Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2123* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 228 - Twitter post by @yugalabs, June 24, 2022, RIPPSCAHEN00025330-RIPPSCAHEN00025330 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen, | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally  subject to FRE 401 and 403 depending on Defendants' purpose for using the document.

This exhibit is incomplete and misleading as presented. FRE 106, 401, 602, 611(a), 901, 403.

This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant to damages and a complete capture of a Twitter post. /// Completeness:  This exhibit is an accurate capture of a Twitter post. /// Foundation:  Yuga, through its corporate representative and founders, as well as Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2124* | Withdrawn. Defendants reserve all rights. | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | |
| JTX-2125* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 230 - Twitter post by @BoredApeYC, June 18, 2021, RIPPSCAHEN00020426-RIPPSCAHEN00020426 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | |
| JTX-2126* | Withdrawn. Defendants reserve all rights. | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | |
| JTX-2127* | Withdrawn. Defendants reserve all rights. | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | |
| JTX-2128* | Withdrawn. Defendants reserve all rights. | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | |
| JTX-2129* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 234 - Twitter post by @BoredApeYC, Mar. 16, 2022, RIPPSCAHEN00020414-RIPPSCAHEN00020414 | Muniz, Solano, Aronow, Atalay, Oseary, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is misleading as presented. FRE 401, 611(a), 403.  It is missing the full thread. | Relevance:  This exhibit is relevant to Defendants' state of mind/willfulness. /// Prejudice/Mode:  This exhibit is not misleading.  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2130* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 235 - Twitter post by @BoredApeYC, Apr. 30, 2022, RIPPSCAHEN00020423-RIPPSCAHEN00020423 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness. /// Prejudice/Mode:  This exhibit is not misleading.  It is a correct and accurate capture of a public Twitter post made by Yuga offical Twitter account. |
| JTX-2131* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 236 - Twitter post by @BoredApeYC, May 19, 2022, RIPPSCAHEN00020422-RIPPSCAHEN00020422 | Muniz, Solano, Aronow, Atalay, Ripps, Cahen | No objection | |
| JTX-2132* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2133 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 238 - Muniz WebSummit Video | Muniz, Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 401, 403, 602, 611(a).  Indeed, this exhibit contains only a portion of the full video.

This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This exhibit is relevant to damages and willfullness. /// Foundation:  Yuga's corporate representative and Defendants can both lay foundation for this public video based on their personal knowledge. /// Authentication: Yuga's corporate respresentative and Defendants can both confirm/verify the authenticity of the video and that the events in the video in fact did take place. /// Hearsay: this exhibit is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured and also evidence of effect on listeners and state of mind of Defendants. |
| JTX-2134* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 241 - Bored Coffee, RIPPSCAHEN00021022-RIPPSCAHEN00021022 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevant: This exhibit is relevant to damages and willfullness. /// Foundation:  Defendants can lay foundation for this exhibit based on their personal knowledge. /// Incompleteness:  This exhibits is a true and accurate version of publicly available third party materials created/displayed in connection with a third party brand and/or product. /// Hearsay:  This exhibit is not being brought in for the truth of the matter asserted.  It is evidence of publicy activity and brought in to show effect on the listener. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2135 | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 242 - GordonGoner Website, Ripps, Bored Ape Yacht Club is Racist and Contains Nazi Dog Whistles, Jan. 2022, RIPPSCAHEN00016301-RIPPSCAHEN00016308 | Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Oseary, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation and highly prejudicial as it contains a compilation of images attempting to associate the Bored Ape images with offensive imagery for which there is no foundation. FRE 401, 402, 403.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because, for example, it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders or through Defendants themselves who have personal knowledge of the NFT market // Incomplete: The document is a fully incorporated opensea page and is not incomplete. // Hearsay: The document is not being offered for the truth, but only for the existence of other NFT collections using Yuga's marks and effect on state of mind. |
| JTX-2136* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 243 - Twitter post by Solano, Mar. 6, 2023, RIPPSCAHEN00025314-RIPPSCAHEN00025314 | Solano | Objections withdrawn. | |
| JTX-2137* | Defendants' Exhibit to Opposition to Motion for Summary Judgment Exhibit 244 - BAYC Website, RIPPSCAHEN00016193-RIPPSCAHEN00016198 | Muniz, Aronow, Solano, Atalay, Ripps, Cahen, Hickman | No objection | |
| JTX-2138* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2139 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 3 - New York Times, Ryder Ripps: An Artist of the Internet, July 8, 2014 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| JTX-2140* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2141 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 5 - Brooklyn Rail review of Mr. Ripps Ho exhibition, March 2015 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| JTX-2142 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 6 - Postmasters Gallerys online listing | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |
| JTX-2143* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 7 - Complex, Chayka, URL to IRL: Controversial Artist Ryder Ripps Captures the Struggle of Existing on the Internet, Mar. 3, 2015 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This exhibit is relevant to damages and willfulness. /// Misleading:  The document is a full and accurate capture of a publicly available publication. /// Hearsay:  this document is not being brought in to offer the truth of the matter asserted.  It is evidence for the existence of certain public activity and as evidence supporting Defendnats' state of mind. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2144* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 8 - yahoo!finance, Kuhn, CryptoPunks Get Punked, July 6, 2021 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2145 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2146* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2147* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2148 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2149* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 14 - Twitter post by Frederick Brennans, August 22, 2022 | Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2150 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2151* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2152* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2153 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2154* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2155* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 20 - Input Magazine, Bored Ape Yacht Club Finally Responds to Neo-Nazism Accusations, February 1, 2022 | Ripps, Cahen, Muniz, Solano, Aronow, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers, thus the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.
This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage. /// Foundation:  Yuga's corporate representative, co-founders, and Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. /// Prejudice: this document has no false statements and further is being presented to show state of mind and public activity, and not for the truth of the matter asserted. |
| JTX-2156* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 21 - OpenSea listing for BAYC #3721 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2157* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 22 - OpenSea listing for BAYC #6281 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, subject to FRE 401 and 403 depending on Defendants' purpose for using the document. | Relevance: The document is relevant because, for example, it evidences how BAYC NFTs appeared in the market how that appearance was different than RR/BAYC NFTs, which is relevant to damages and relevance The exhibit is also relevant to the fact that people other than the Defendants posted information that BAYC has problematic imagery /// Misleading: The exhibits is an accurate capture of a public listing for a BAYC NFT. |
| JTX-2158* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 23 - Mirror.xyz page displaying metadata provenance information | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2159* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2160* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 25 - Twitter post by Ripps, May 14, 2022 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not and cannot put forth any evidence of harm, and the exhibit is therefore irrelevant.  As such, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is incomplete. FRE 106.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind. /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps. /// Hearsay: Statement is not being brought in to show the truth of the matter asserted.  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind. |
| JTX-2161 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 27 - Twitter post by Ripps, May 14, 2022 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Defendants have not and cannot put forth any evidence of harm, and the exhibit is therefore irrelevant.  As such, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind. /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps. /// Hearsay: Statement is not being brought in to show the truth of the matter asserted.  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind. |
| JTX-2162 | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 28 - Twitter post by Ripps, May 15, 2022 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not and cannot put forth any evidence of harm, and the exhibit is therefore irrelevant.  As such, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of statements are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This exhibit is relevant to damages and willfulness because it evidences alternative sources of harm unrelated to any alleged infringement and Defendants' state of mind. /// Completeness/Misleading: This exhibit is a full and accurate capture of a Twitter comment by Defendant Ripps. /// Hearsay: Statement is not being brought in to show the truth of the matter asserted.  It is being brought in to show existence of the statement, effect on listener, and Defendants' state of mind. |
| JTX-2163* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 29 - The Coin Republic, Bored Ape Yacht Club (BAYC) Propagating NFT Racism?, June 24, 2022 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage. /// Foundation: Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| JTX-2164* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 30 - Decrypt, Lutz, Bored Ape Yacht Club's Creators Declared War on a Vocal Critic. Could it Backfire?, July 3, 2022 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completeness:  The exhibit is an full and accurate capture of a public webpage. /// Foundation: Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2165* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 31 - The Manual, Denis, Bored Ape Yacht Club Wants Ryder Ripps to Cease and Desist, July 14, 2022 | Ripps, Muniz, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants' acted with the intent to deceive, therefore the exhibit is not relevant to any remaining issues in the case.  Thus, the exhibit would confuse the issues and waste the jury's time and should be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses, or any portion of third-party comments are otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This exhibit is relevant to damages and willfulness. /// Misleading/Completenesss:  The exhibit is an full and accurate capture of a public webpage. /// Foundation: Defendants can lay foundation regarding this exhibit of publicly available activity. /// Hearsay:  The exhibit is not being brought in for the truth of the matter asserted.  It is used to show the existence of public activity, effect on the listener, and Defendants' state of mind. |
| JTX-2166* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2167* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2168* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2169* | Defendants' Exhibit to Anti-SLAPP Motion to Strike and Motion to Dismiss Exhibit 35 - https://apemarket.com front webpage | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2170* | Expert Report of Laura O'Laughlin, Feb. 6, 2023 | O'Laughlin | Objections withdrawn. | |
| JTX-2171* | Bitscrunch, NFTs: Who's buying them and why? - All questions answered!, Aug. 12, 2022 | O'Laughlin | Objections withdrawn. | |
| JTX-2172* | O'Laughlin Exhibit 1-2 - Foundation Survey Respondent Statistics | O'Laughlin | Objections withdrawn. | |
| JTX-2173* | O'Laughlin Exhibit 3 - Foundation Survey Responses | O'Laughlin | Objections withdrawn. | |
| JTX-2174* | O'Laughlin Exhibit 4-7 - Foundation Survey Confusion Analysis | O'Laughlin | Objections withdrawn. | |
| JTX-2175* | O'Laughlin Exhibit 8-9 - OpenSea Survey Respondent Statistics | O'Laughlin | Objections withdrawn. | |
| JTX-2176* | O'Laughlin Exhibit 10-13 - OpenSea Survey Confusion Analysis | O'Laughlin | Objections withdrawn. | |
| JTX-2177* | Expert Report of Lauren Kindler, Feb. 6, 2023 | Kindler | Objections withdrawn. | |
| JTX-2178* | Kindler Exh Addresses.json | Kindler | Objections withdrawn. | |
| JTX-2179* | Kindler Exh All BAYC Logs Data | Kindler | Objections withdrawn. | |
| JTX-2180* | Kindler Exh Cahen Transactions | Kindler | Objections withdrawn. | |
| JTX-2181* | Kindler Exh Calculation | Kindler | Objections withdrawn. | |
| JTX-2182* | Kindler Exh Creator Fees | Kindler | Objections withdrawn. | |
| JTX-2183* | Kindler Exh DF Transactions Complete | Kindler | Objections withdrawn. | |
| JTX-2184* | Kindler Exh Export of Ether Price | Kindler | Objections withdrawn. | |
| JTX-2185* | Kindler Exh Held NFTs | Kindler | Objections withdrawn. | |
| JTX-2186* | Kindler Exh Initial Sales by Type | Kindler | Objections withdrawn. | |
| JTX-2187* | Kindler Exh Initial Sales Profits | Kindler | Objections withdrawn. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2188* | Kindler Exh RR Transactions | Kindler | Objections withdrawn. | |
| JTX-2189* | Kindler Exh RSVP Profits | Kindler | Objections withdrawn. | |
| JTX-2190* | Expert Report of Jonah Berger, Feb. 6, 2023 | Berger | Objections withdrawn. | |
| JTX-2191* | Yuga Labs, Inc.'s First Supplemental Response to Ryder Ripps's and Jeremy Cahen's First Set of Request for Production of Documents and Things (Nos. 1-58), Dec. 21, 2022 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2192* | Yuga Labs, Inc.'s Responses and Objections to Ryder Ripps's and Jeremy Cahen's Second Set of Request for Production of Documents and Things (Nos. 59-73), Jan. 30, 2023 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2193* | Yuga Labs, Inc.'s Second Supplemental Response to Ryder Ripps's and Jeremy Cahen's First Set of Interrogatories (Nos. 1-14), Jan. 31, 2023 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2194* | Yuga Labs, Inc.'s Supplemental Responses to Ryder Ripps's and Jeremy Cahen's First Set of Request for Admission (Nos. 1-179), Mar. 21, 2023 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2195 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2196 | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2197* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2198* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen | No objection | |
| JTX-2199 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2200* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2201* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2202* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2203* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2204* | Twitter post from @johnny0x_, June 22, 2022, RIPPSCAHEN00022494-RIPPSCAHEN00022508 | Ripps, Cahen | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2205* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2206* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2207* | Twitter post from @enjoyoor, June 29, 2022, RIPPSCAHEN00022512-RIPPSCAHEN00022512 | Ripps, Cahen, Hickman | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should therefore be barred under FRE 403.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  this document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2208* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2209* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2210* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2211 | Twitter post from @Jclineshow, May 16, 2022, RIPPSCAHEN00022687-RIPPSCAHEN00022703 | Ripps | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit includes multiple unrelated Tweets, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation. FRE 401, 402, 611(a), 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance:  This evidence is relevant to damages and willfulness. /// Completeness:  This exhibit is an accurate capture of a Twitter post. This document presents a full and accurate depiction of a Tweet shown on the same webpage as this post. /// Foundation:  Defendants can lay foundation for this public post based on their personal knowledge./// Hearsay:  This document not being brought in for the truth of the matter asserted.  It is evidence of public activity that occured. |
| JTX-2212* | ApeCoin is for the WEB3 Economy webpage, 2023, RIPPSCAHEN00016014-RIPPSCAHEN00016020 | Ripps, Oseary, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of facts regarding ApeCoin or Ape Foundation.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments. | Relevance:  This exhibit is relevant to damages and willfulness. //// Foundation:  Yuga's corporate representative and Defendants can lay foundation of this public website and confirm its authenticity. /// Incomplete:  This exhibit is a a full and accurate print out of a publicly available webpage. ///Hearsay:  This exhibit is not being used to prove the truth of the matter asserted. It is evidence of public activity that occured, the existence of the statements, and effect on the listener. |
| JTX-2213* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Oseary, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2214 | Comparison of ApeCoin ($APE) and Ape (BAYC) logos, RIPPSCAHEN00017580-RIPPSCAHEN00017580 | Ripps, Cahen, Muniz, Oseary, Aronow, Solano | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  The Court also specifically held "Yuga did not license any trademark rights to APE Foundation, which administers the ApeCoin DAO," id. at 9, eliminating any potential relevance for this exhibit.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Because the Court has already considered and ruled on this topic, the relevance of evidence about ApeCoin or Ape Foundation is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to relitigate these same issues and distract the jury with irrelevant arguments.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The Apecoin DAO's use of the Ape Skull Logo is relevant to damages. /// Foundation: Yuga's founders and Defendants can lay foundation for Apecoin DAO's use of the logo. /// Incomplete: The document is an is a full and correct depiction of both Yuga's and Apecoin DAO's use of the ape skull logo. // Hearsay: The document contains no statements and certainly does not purport to offer any statements brought in to prove the truth of the matter asserted. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2215* | Table 3- Summary of funded projects for the period, May 4, 2022, RIPPSCAHEN00018447-RIPPSCAHEN00018447 | Ripps, Cahen, Muniz, Oseary | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2216 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2217* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2218* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2219* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2220* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2221 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2222 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2223 | Withdrawn. Defendants reserve all rights. | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2224* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2225* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2226* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2227* | Wright, Yuga Labs to change Bored Ape Kennel Club Logo after copyright claim, Feb. 19, 2023, RIPPSCAHEN00025927-RIPPSCAHEN00025932 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2228* | Kimathi, Yuga Labs to change Copyrighted Bored Ape Kennel Club, Feb. 21, 2023, RIPPSCAHEN00025933-RIPPSCAHEN00025938 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2229* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2230* | BAYC Vault (NFTX) webpage , RIPPSCAHEN00019870-RIPPSCAHEN00019874 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented. FRE 106.  This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved. |
| JTX-2231 | CoinGecko Bored Ape Yacht Club (BAYC) webpage, RIPPSCAHEN00019885-RIPPSCAHEN00019889 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented. FRE 106.  This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.  This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts. //Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved.  It is also judicially noticeable. |
| JTX-2232 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2233 | BAYC Market Statistics, RIPPSCAHEN00019914-RIPPSCAHEN00019914 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completion: The exhibit is complete and does not contain anything that renders it "misleadingly incomplete" as to preclude admission.//Foundation: Mr. Ripps and Mr. Cahen can lay foundation to this document through their familiarity with this price chart and similar price charts.//Hearsay: This falls within a hearsay exception for a record kept of a regularly conducted activity. There is no dispute that the record was made at or near the time of an event (the recording of the price of a BAYC), that it was kept in the regular course of business to record prices, and there is no evidence of untrustworthiness involved. It is also judicially noticeable. |
| JTX-2234* | Appdetex Invoice, Mar. 24, 2022, YUGALABS_00031302-YUGALABS_00031302 | Muniz | Objections withdrawn. | |
| JTX-2235* | Appdetex Master Services Agreement , YUGALABS_00031303-YUGALABS_00031316 | Muniz | Objections withdrawn. | |
| JTX-2236* | BoredApeYachtClub #3721 with listed price, RIPPSCAHEN00019902-RIPPSCAHEN00019903 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2237* | List of Txn Hash and transfers , RIPPSCAHEN00020900-RIPPSCAHEN00020901 | Atalay | Objections withdrawn. | |
| JTX-2238* | Withdrawn. Defendants reserve all rights. | N/A | Objections withdrawn. | |
| JTX-2239 | Withdrawn. Defendants reserve all rights. | N/A | Objections withdrawn. | |
| JTX-2240* | Withdrawn. Defendants reserve all rights. | N/A | Objections withdrawn. | |
| JTX-2241* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2242* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2243* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2244* | Etherscan token tracker (ERC-20) BAYC, RIPPSCAHEN00026243-RIPPSCAHEN00026243 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2245* | Etherscan token tracker (ERC-20) BACC, RIPPSCAHEN00026244-RIPPSCAHEN00026244 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2246* | Etherscan token tracker (ERC-20) BAYC, RIPPSCAHEN00026253-RIPPSCAHEN00026253 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2247* | Etherscan token tracker (ERC-20) BACC, RIPPSCAHEN00026260-RIPPSCAHEN00026260 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2248* | Bored Ape Yacht Club #193, RIPPSCAHEN00020826-RIPPSCAHEN00020826 | Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2249* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2250* | List of block transactions with creator ryder-ripps.eth, RIPPSCAHEN00021220-RIPPSCAHEN00021221 | Ripps, Cahen, Hickman | This exhibit is incomplete and misleading as presented. FRE 106, 901, 403. Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completeness: As a screenshot of the entire webpage, there is no completeness problem present. //Foundation: Defendants can lay the foundation through their knowledge of Etherscan, on-chain transactions and the RR/BAYC project.//Hearsay: Defendants are using the document for the truth of the matter asserted, but rather that it was stated. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2251 | RR/BAYC -BAYC NFT Comparison, RIPPSCAHEN00025212-RIPPSCAHEN00025212 | Ripps, Cahen | This exhibit is incomplete and misleading as presented and is an improper compilation. FRE 106, 611(a).  Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is not the best evidence for the information therein.  FRE 1002, 1003.<br><br>This exhibit is hearsay, especially to the extent some unknown third party created the exhibit.  FRE 801, 802, 803.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803.  Indeed, this exhibit contains statements directly contradicting judgments already made by the Court. | Rule of Completeness: The document is complete. FRE 611(a) does not deal with compilations.  To the extent this is a compilation, there is nothing about it that would make it improper as it is not misleading.//Foundation: Defendants can provide the foundation to the document by explaining how it was created and the factual bases for the document.//Best Evidence: There is no dispute as to the originality of the document nor are there indications that if this is a copy that there is a geniune dispute about its authenticity.//Hearsay: No unknown third party made this document. Further it is not being asserted for the truth of the matter asserted but rather to show comparisons between statements made by the parties and to demonstrate the effect on the listener of statements in the blockchain. |
| JTX-2252* | Ape #8824 with listing price , YUGALABS_00040863-YUGALABS_00040864 | Ripps, Cahen | This exhibit is incomplete and misleading as presented.  FRE 106, 901, 403.  Therefore, it would confuse the issues and mislead the jury and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of third-party comments are proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completeness: The document is complete, it shows the entire etherscan webpage for the at-issue token.// Foundation: Defendants, Yuga's co-founders, and Ms. Muniz can all identify this document through our familiarity with Etherscan and the RR/BAYC project.//Hearsay: This document is not being used to prove the truth of the matter asserted.  Any statements also fall into the Market report exception of 803(17) |
| JTX-2253* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2254* | Email from Culp to Jacobs, Feb. 1, 2023, YUGALABS_00040602-YUGALABS_00040602 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.// Lack of Foundation: Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2255* | Withdrawn. Defendants reserve all rights. | Muniz, Lehman | No objection | |
| JTX-2256* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2257* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2258* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2259* | Email from Culp to Jacobs, Feb. 2, 2023, YUGALABS_00040630-YUGALABS_00040630 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would waste the jury's time and confuse the issues and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the information therein or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully.// Lack of Foundation:Mr. Lehman can lay the foundation to this email if need be because it involves him. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2260 | Confidential Settlement Agreement, YUGALABS_00040631-YUGALABS_00040636 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevance because Yuga's litigation conduct is relevant to whether Defendants acted willfully. Several terms of the agreement show that the lawsuit was actually about the criticisms against Yuga levied by Defendants// Lack of Foundation:Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2261 | Consent Judgement and Order for Permanent Injunction Against Thomas Lehman with formatting comments, YUGALABS_00040637-YUGALABS_00040642 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully.  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2262* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2263* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2264* | Confidential Setlement Agreement with formatting comments, YUGALABS_00040652-YUGALABS_00040659 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including evidence that this lawsuit was primarily brought by Yuga to silence speech. // Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2265* | Consent Judgement and Order for Permanent Injunction Against Thomas Lehman with formatting comments, YUGALABS_00040660-YUGALABS_00040666 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent relates to a consent judgment against one of their business partners.  Nor have they established how their intent is relevant in the trial as their intent has already been adjudicated. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as is shows Yuga's litigation conduct is relevant to whether Defendants acted willfully.  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2266* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2267* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2268* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2269* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2270* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2271* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2272* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2273* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2274* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2275* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2276* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2277 | Declaration of Thomas Leham, Feb. 3, 2023, YUGALABS_00040736-YUGALABS_00040745 | Muniz, Lehman | No objection | |
| JTX-2278 | Confidential Settlement Agreement, Feb. 3, 2023, YUGALABS_00040746-YUGALABS_00040762 | Muniz, Lehman | This exhibit is subject to FRE 408 as part of a settlement offer or negotiation.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not established how their intent is relevant in the trial as their intent has already been adjudicated.  Moreover, Defendants have also not established how their supposed intent relates to a consent judgment against one of their business partners. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | FRE 408: Defendants may use the statement pursuant to FRE 408(b) if Mr. Lehman testifies.// Relevance: This is relevant as impeachment evidence as it shows Lehman's bias as a witness. It is also relevant because Yuga's litigation conduct is relevant to whether Defendants acted willfully including because it contains evidence that the true motivation behind the suit was to silence Yuga's critics. //  Lack of Foundation: Mr. Lehman and Ms. Muniz can lay the foundation to this document if need be because it involves him and involves a document to which the company has knowledge. // Hearsay: Defendants' use of the document would not be for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2279* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2280* | #The Bestt Boredd Apee Yacht Clubb webpage on OpenSea, RIPPSCAHEN00015922-RIPPSCAHEN00015923 | Ripps, Cahen | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit that Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time.

This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit is from January 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world, that the term "Ape" was used in a generic manner by other cryptocurrency sellers, and on the willfulness issue because it goes to Yuga's wrongful intent for filing suit. ///Rule of Completion: As a complete screenshot of the document. //Foundation and Authentication: Defendants can lay the foundation for authenticate the screenshot through their familiarity with the website, the crypto industry and other "Ape" collections. //Hearsay: Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2281* | Bored Ape Vodka Club webpage on OpenSea, RIPPSCAHEN00017192-RIPPSCAHEN00017192 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2282 | Bored Ape Tron Club webpage, RIPPSCAHEN00017228-RIPPSCAHEN00017236 | Ripps, Cahen | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit that Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time.<br><br>This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit is from February 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection.//Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document.//Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections.//Hearsay. Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2283* | Twitter post from @ryder_ripps, RIPPSCAHEN00017447-RIPPSCAHEN00017447 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers and therefore the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would waste the jury's time and confuse the issues and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed. // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated.//Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements. //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated. Defendants seek to introduce the statement to prove that it was said, not that what it said is true. |
| JTX-2284* | Bored Ape Solana Club webpage on Magic Eden, RIPPSCAHEN00017581-RIPPSCAHEN00017583 | Ripps, Cahen | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit that Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time.<br><br>This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402, 403.  The Court has already ruled that Defendants acted with the intent to deceive consumers and therefore the exhibit is not relevant to any remaining issue in the case.  Therefore, the exhibit would waste the jury's time and confuse the issues and should be excluded under FRE 403.<br><br>This exhibit is from February 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>This exhibit is incomplete and misleading as presented. FRE 106.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to demonstrate that Yuga had surrendered its IP to the world. It is also relevant to demonstrate willfulness because Yuga did not sue this collection, but instead decided to sue the only critical collection.//Rule of Completion: As a complete screenshot of a wepage, there are no completeness problems raised by the document.//Foundaiotn and Authentication: Defendants can lay the foundation and authenticate the screenshot through their familiarity with the website and other similar NFT collections.//Hearsay. Defendants are not admitting the document for the truth of the matter asserted, but rather to show that the statement was made. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2285* | Twitter post from @ryder_ripps, June 13, 2022, RIPPSCAHEN00017615-RIPPSCAHEN00017615 | Ripps, Cahen | This exhibit is incomplete and misleading as presented. FRE 106. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's data or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant because it goes to Defendants' motivation which is directly relevant to the issue of whether Defendants willfully infringed. // Rule of Completeness: As a full screenshot there are no rule of completeness issues implicated.//Foundation and Authentication: Defendants can authenticate the documents through their familiarity with their own Tweets, likewise they can lay foundation for personal knowledge of their own statements. //Hearsay: The Tweet contains no statements which have a truth value, and therefore it cannot be asserted for the truth of the matter stated. Defendants seek to introduce the statement to prove that it was said, not that what it said is true. |
| JTX-2286 | Twitter post from @ryder_ripps, May 14, 2022, RIPPSCAHEN00017752-RIPPSCAHEN00017753 | Ripps | This exhibit lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Foundation: This document contains a statement of one of the Defendants. He can lay the foundation as to his statements and his beliefs about any conversation. Defendants are not seeking to use this for the truth of the matter asserted, but rather to demonstrate that the statement was said. |
| JTX-2287* | Phunky Ape Yacht Club webpage on OpenSea, RIPPSCAHEN00020141-RIPPSCAHEN00020148 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2288* | Token ID #193 on Looks Rare, RIPPSCAHEN00020648-RIPPSCAHEN00020649 | Ripps, Cahen, Hickman, Lehman | This exhibit is incomplete and misleading as presented. FRE 106.  Defendants have modified the representation in the exhibit to hide and obscure their infringement as they have admitted during depositions.  For those reasons, the exhibit as is, is further misleading and objectionable under FRE 403. | Rule of Completion: As a complete screenshot of how the RRBAYC collection appeared on Looksrare. Defendants did not "modif[y] the exhibit to hid and obscure their infringement" nor did they admit to doing so in their depositions. ///FRE 403: This is a highly relevant document to Yuga's claim because it shows the RR/BAYC mark in commerce. The allegation that Defendants "modified" the exhibit and admitted doing so is untrue. As such, Yuga's objection and the salacious accusation supporting it should be disregarded. It is how the webpage appears. |
| JTX-2289 | Bored Ape Solana Club webpage on OpenSea, RIPPSCAHEN00020817-RIPPSCAHEN00020819 | Ripps, Cahen | Defendants must withdraw this unnecessary exhibit and their response.  Defendants admit Yuga Labs owns the marks at issue in the trial.  Defendants have further been adjudicated to be intentional infringers.  Defendants' claim of wrongful intent in suing intentional infringers is a waste of the parties' and Court's time.<br><br>This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. JusticeBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This document is relevant to the issues of wilfulness, Defendants' intent, and whether Yuga surrendered its IP rights to the world. Defendants' motivations are at issue, and as a result evidence that Yuga sued Defendants specifically due to their criticism of Yuga's marks is relevant. /// Rule of Completeness: As a complete screengrab of a webpage there is no completeness problem with the exhibit.//Foundation and Authentication: Defendants can lay the foundation for and authenticate the document. Defendnatsa can testify their familiarity with the Bored Ape Solana Club and the marketplaces it sold NFTS on. Likewise there is no dispute that the document is, in fact, authentic.// Hearsay: Defendants are not seeking to use the exhibit for the truth of the matter asserted, but rather to show that any involved statements were made. |
| JTX-2290* | Bored Ape Yacht Club webpage on OpenSea, RIPPSCAHEN00020825-RIPPSCAHEN00020825 | Ripps, Cahen, Hickman, Lehman, Muniz, Aronow, Solano, Atalay | Objections withdrawn. | |
| JTX-2291* | Bored Ape Yacht Club page with listing price on OpenSea, RIPPSCAHEN00021226-RIPPSCAHEN00021227 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2292* | Bored Ape Yacht Club webpage on OpenSea with Ape owned by HughMo, RIPPSCAHEN00021228-RIPPSCAHEN00021229 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2293* | Official Shouting Bored Ape Yacht Club #2344 on OpenSea, RIPPSCAHEN00021230-RIPPSCAHEN00021231 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2294* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | No objection | |
| JTX-2295* | Listed items on RRBAYC.com , YUGALABS_00027472-YUGALABS_00027472 | Ripps, Cahen, Hickman, Lehman | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete. How Defendants displayed the RRBAYC collection is clearly relevant. //Foundation: Defendants and Ms. Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold.  // Hearsay: Defendants are not using the document to prove the "truth of the matter asserted" but rather are using it for other purposes such as showing the layout of a website. |
| JTX-2296 | RR/BAYC webpage with 108 items listed , YUGALABS_00027473-YUGALABS_00027473 | Ripps, Cahen, Hickman, Lehman | This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent any portion of a statement is proffered for the truth of the matter asserted. FRE 801, 802, 803. | Rule of Completion/403: As a complete screenshot of a webpage, it is not unduly misleading for being incomplete. How Defendants displayed the RRBAYC collection is clearly relevant. //Foundation: Defendants and Ms. Muniz can lay the foundation for the document by testifying to their knowledge of the RRBAYC project and the places it was sold.  // Hearsay: Defendants are not using the document to prove the "truth of the matter asserted" but rather are using it for other purposes such as showing the layout of a website. |
| JTX-2297* | Bored Ape Yacht Club collection on foundation , YUGALABS_00040390-YUGALABS_00040390 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2298* | Trending Collections webpage , YUGALABS_00040406-YUGALABS_00040406 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2299* | Bored Ape Yacht Club NFT collection, YUGALABS_00040408-YUGALABS_00040408 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2300 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2301* | RR/Black Square page on X2Y2, YUGALABS_00040850-YUGALABS_00040850 | Ripps, Cahen, Hickman, Lehman | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. It is merely a partial document and does not show all instances of infringement by Defendants on this page. Therefore, it would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or claimed non-commercial speech or attacks on Yuga Labs or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: How the RRBAYC project appeared in the market, including after DMCA takedowns from Yuga Labs is directly relevant to Yuga's causes of action. //Rule of Completeness: As a screenshot of a full webpage there are no completeness concerns presented by this document. Hearsay://Hearsay does not implicate what Defendants intend to use the document for, therefore an objection based on what defenses a document could be used for is improper. It only turns on whether statements asserted are presented for the truth of the matter asserted. Defendants plan to use the document not to prove the truth of any matter asserted, but instead to show what the webpage looked like. |
| JTX-2302* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2303* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2304* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2305* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Muniz | No objection | |
| JTX-2306* | Twitter post from @LilMoonLambo, June 15, 2022, RIPPSCAHEN00017138-RIPPSCAHEN00017140 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2307* | Twitter post form @seabonner, June 15, 2022, RIPPSCAHEN00017604-RIPPSCAHEN00017604 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2308* | Goncharenko, Bored Apes desecrated a famous piece of New York graffiti art, Jul. 18, 2022, RIPPSCAHEN00018506-RIPPSCAHEN00018508 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds. | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City. Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it. /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other. All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs's agents. //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said. |
| JTX-2309* | Reddit thread, Bored Ape Yacht Club stencils their logo over legendary Nekst tag on Bowey in NYC, RIPPSCAHEN00018641-RIPPSCAHEN00018662 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit includes multiple unrelated posts, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. Random commentary by third parties wholly divorced from the relevance of trial are exactly the type of documents that should excluded on hearsay and relevance grounds. | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City. Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it. /// Multiple Tweets Objection: The Tweets are in reply to each other and therefore related to each other. All cover the same topic, which was the NEKST mark and community outrage surrounding its tagging by Yuga Labs and Yuga's agents. //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said and that there was substantial discussion about this event in the relevant community. |
| JTX-2310* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2311* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2312* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2313* | Twitter post from @ryder_ripps, June 16, 2022, RIPPSCAHEN00019443-RIPPSCAHEN00019447 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert testimony regarding the impact of any Tweets or actions on the BAYC brand.  Defendants' random allegations and conspiracy theories cannot support a relevance argument. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: Yuga Labs has indicated that they are planning to use "corrective advertising" as a measure of damages, including damage control advertising done in response to painting the ape skull over late artist NEKST's mark in New York City. This is also relevant as to willfulness as it pertains to Defendants respect of and support of artists and art generally. Foundation://Defendants are aware of the event and conversation surrounding it, and can lay foundation for it. Further, they can lay the foundation for their own Tweets. //Hearsay: Whether the hearsay rule applies does not turn on whether Defendants will use a document to serve their claim. If so, every document would be hearsay. Instead, it only excludes documents used for the "truth of the matter asserted." Defendants plan to use this document not for the truth of the matter asserted but to show that the statements were said. |
| JTX-2314* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2315* | Turner, Ryder Ripps, Sept. 13, 2016, RIPPSCAHEN00016990-RIPPSCAHEN00016990 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Years old articles about the Defendant have no relevance to this trial. Defendants must withdraw the exhibit.  The Defendants' history, including their claims to being an artist do not provide them a license to steal. The Court has already rejected Defendants' arguments and found Defendants to be intentional infringers. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to willfulness and Defendants' intent which is directly at issue because whether Mr. Ripps is a recognized bona fide artist has bearing on his intent. ///Hearsay: The intended use of a document as supporting Defendants' case is irrelevant to the hearsay analysis. Defendants do nto intend to introduce this document for the truth of the matter asserted, but rather for the fact that the statements were made. |
| JTX-2316* | Vice, Rydr Ripps Turns Instagram into Virtual Reality at Venice Biennale, May 17, 2017, RIPPSCAHEN00017086-RIPPSCAHEN00017091 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Years old articles about the Defendant have no relevance to this trial. Defendants must withdraw the exhibit.  The Defendants' history, including their claims to being an artist do not provide them a license to steal. The Court has already rejected Defendants' arguments and found Defendants to be intentional infringers. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to Defendants' intent and whether they acted with wilfullness.  Mr. Ripps' history of criticism and being a recognized bona fide artists direclty bears on why he made the RR/BAYC project. ///Hearsay: Whether Defendants are using a document to their advantage is irrelevant to the hearsay analysis.  Defendants do not plan on introducing the document for the truth of the matter asserted, but rather because it was said. |
| JTX-2317* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2318* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2319* | Hypebeast, Bored & Hungry, The First Bored Ape Yacht Club Restaurant Has Officially Opened, Apr. 11, 2022, RIPPSCAHEN00017199-RIPPSCAHEN00017209 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This article is relevant as to whether Yuga has surrendered their IP rights to the world which is a necessary component of their false advertising claim. //Rule of Completeness: The article contains the entire text of the article and is therefore not misleadingly incomplete.///Foundation: Defendants can lay the foundation for this document through their familiarity with it.///Hearsay: Whether Defendants use this document as supporting their claims is irrelevant to the hearsay analysis.  Defendants do not intend to use the article for the truth of the matter asserted, but rather for the fact that the document was said, and that it was released publicly with wide circulation. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2320* | Reeve and Guff, A twisted tale of celebrity promotion, opaque transactions and allegations of racist tropes, Feb. 10, 2023, RIPPSCAHEN00019827-RIPPSCAHEN00019836 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is from February 10, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value.  FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This exhibit is relevant to Defendants' state of mind/willfulness. /// FRE 403: It is misleading to state that the article includes "false and misleading information", Yuga at no point has disproven the allegations underlying this document. Further, it is a probative document in that it explains motivations behind Defendants' intentions in the RR/BAYC project.///Rule of Completeness: This article is a complete screengrab and therefore there is no completeness issue.///Foundation: All parties are familiar with this article and can lay the foundation to it through their familiarity with the document.///Hearsay: Whether Defendants intend to use the document to support their defenses is irrelevant to the hearsay analysis. Defendants do not intend to use the document for the truth of the matter asserted, but rather to show that the statements were said. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2321* | CNN clip, NFT That Lured Celebrities Facing Legal Challenged, Was it a Scheme?, RIPPSCAHEN00020082-RIPPSCAHEN00020082 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2322* | Bhardwa, Bored Ape floor drops below $100K as NFT market takes a huge hit, RIPPSCAHEN00020814-RIPPSCAHEN00020816 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert witness to assess the veracity or impact of this article.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  Indeed, the article appears to be missing images and appears to be from a publication outside the US.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This issue is directly relevant to Yuga's damages claims.//Rule of Completeness: The article is substantially complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity. Whether the publication was from outside the United States is irrelevant to this objection.//Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants. |
| JTX-2323* | Borg, Crypto Crash Drags NFT Floor Prices Down: BAYC PFPs Now Under 100l, June 14, 2022, RIPPSCAHEN00020876-RIPPSCAHEN00020879 | Ripps, Cahen, Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have no expert witness to assess the veracity or impact of this article.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.

This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This issue is directly relevant to Yuga's damages claims.//Rule of Completeness: The article is substantially complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity. //Hearsay: Whether Defendants intent to use a document to support their claim is irrelevant to the hearsay analysis. To the extent Defendants intend to use the document for truth of the matter asserted, it falls within the Rule 803(17) exception as a market report relied on by market participants. |
| JTX-2324* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2325* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2326* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2327* | Rea K., FTX Bought 101 Bored Apes at the Record-Breaking Sotheby's Auction for $24M, RIPPSCAHEN00022417-RIPPSCAHEN00022419 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.  This exhibit is from January 13, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.  Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury.  Even more, a mini-trial on FTX is not feasible in a three day trial.  It is clear that the Defendants want to use FTX merely to hide their own bad faith and intentional infringement.  The rules of evidence do not permit Defendants tactics. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  This exhibit is incomplete, irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: Yuga's involvement with FTX  and the public perception that Yuga is involved with FTX is relevant as a possibility of another source of harm for their damages claim.//Rule of Completeness: The article is complete and no completeness concerns are present.//Foundation: Defendants can lay the foundation for the document through familiarity with the article, as can Ms. Muniz.//Hearsay: Whether Defendants intend to use a document to support their defense is irrelevant to the hearsay analysis. Defendants do not plan on using the document to prove the truth of the matter asserted, but rather to show that the article was written in a place the public could consume it. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2328* | Freeman, SBF, Bored Ape Yacht Club, and the Spectacular Hangover After the Art World's NFT Gold Rush, Jan. 18, 2023, RIPPSCAHEN00022514-RIPPSCAHEN00022529 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.  This exhibit is from January 18, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.  Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  FTX is not at issue in this litigation and Defendants attempts to spin a story -- well after their infringement serves only to mislead the jury.  Even more, a mini-trial on FTX is not feasible in a three day trial.  It is clear that the Defendants want to use FTX merely to hide their own bad faith and intentional infringement.  The rules of evidence do not permit Defendants tactics. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  This exhibit is prejudicial in that it includes false and misleading information, including regarding unrelated litigations, such that any relevance outweighs its prejudicial value.  FRE 403.  This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This article is relevant to Yuga's damages claim and to Defendants' intent/willfulness. // FRE 403: There is no false or misleading information in this article, and the fact of other pending litigation is not inherently prejudicial.//Rule of Completeness: The article is substantially complete and does not suffer from a completeness problem.//Foundation: Both Defendants and several Yuga witnesses including Ms. Muniz can lay foundation as to the existence of the article. //Hearsay: Defendants' use of the article to support their defense is not a reason why a document would be hearsay. The article is not being proffered for the truth of the matter asserted, but instead for the fact that it was written. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2329* | Prospero, Bored Ape Yacht Club Creators Respond to Racists Iconography Allegations. Kind of..., RIPPSCAHEN00022793-RIPPSCAHEN00022797 | Ripps, Cahen, Hickman, Lehman, Aronow, Solano, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 4, on the grounds of FRE 401, 402, and 403, and for the reasons set forth in the motion should be excluded from evidence.  Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.  This exhibit is prejudicial in that it includes false and misleading information that has since been corrected or confirmed to be false such that any relevance outweighs its prejudicial value.  FRE 403.  This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.  This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevant: This exhibit is relevant to damages, willfulness, and Defendants' intent.//FRE 403: Contrary to Yuga's argument, nothing has been "corrected or confirmed to be false" regarding the accusations in this letter. Further, because Defendants' good faith intent is directly at issue, this is a highly probative document. Foundation: Defendants and Yuga's witnesses can lay foundation to this article through familiarity, further Yuga's co-founders can lay foundation to statements attributed to them. ///Rule of Completeness: The entire article is presented and thus there are no completeness concerns present. //Hearsay: Whether Defendants intend to use the exhibit in support of their defense is irrelevant to the hearsay analysis. The document is not being introduced for the truth of the matter but instead that it was written and consumed by the public. |
| JTX-2330* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2331* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2332* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2333* | Bernstein, What's More Provacative Than Sincerity?, Mar. 30, 2023, RIPPSCAHEN00026292-RIPPSCAHEN00026299 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is from March 30, 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.<br><br>Any description regarding Mr. Ripps, Mr. Cahen, and the litigation by a third party in this exhibit is more prejudicial than probative for the jury.  FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury.  FRE 403. Additionally, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This exhibit is relevant to willfulness and Defendants' intent as Mr. Ripps's stature as an artist directly implicates his intentions in creating the RRBAYC project.///FRE 403-description: This is a massively broad claim that "any discription" of Defendants is per se a 403 problem. Further, how Defendants are received in the public is at issue in this case because Defendants' motivation and intent is at issue. ///FRE 403-Yuga placed Defendants' motivation and intent at issue. Defendants claims, which have not been proven false, are patently relevant to that issue, as is how the marketplace reacted to Defendants' claims.//Hearsay: Whether Defendants use a document to their advantage is irrelevant to the hearsay analysis. Defendants also intend to use this document not to prove the truth of the matter asserted but to establish that the document was written pubicly and establishes Ryder as an artist and points to another possible avenue for Yuga's brand damages claim. |
| JTX-2334* | BAYC Ape image, RIPPSCAHEN00020786-RIPPSCAHEN00020786 | Ripps, Cahen, Hickman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2335 | BAYC Ape image, RIPPSCAHEN00020787-RIPPSCAHEN00020787 | Ripps, Cahen, Hickman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2336 | BAYC Ape image, RIPPSCAHEN00020788-RIPPSCAHEN00020788 | Ripps, Cahen, Hickman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2337* | BAYC Ape image, RIPPSCAHEN00020789-RIPPSCAHEN00020789 | Ripps, Cahen, Hickman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2338* | Messages with @Pauly0x, Jan. 2, 2022, SENECA0001-SENECA0013 | Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has repeatedly found that this litigation is not about Plaintiff's heinous claims.  It is about remedying Defendants trademark infringement, cybersquatting, and ending Defendants' false advertising. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are more prejudicial than probative for the jury. FRE 403.<br><br>This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation.  FRE 401, 402, 611(a), 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to Defendants' intent and willfulness. It is also relevant to show that others recognized problematic features in Yuga's products which could point to other sources of brand harm.//FRE 403: None of the claims at issue have been falsified including those pertaining to problematic imagery in Yuga's marks.//Unrelated Conversations: This exhibit includes conversation between one of the Defendants and the artist responsible for some of the at issue marks. That she acknowledged problematic imagery in Yuga's products is necessarily relevant.//Foundation: Mr. Cahen can lay the foundation as he was a party to the conversation.//Hearsay: Whether Defendants intend to use an exhibit to their benefit is irrelevant to the hearsay analysis. Defendants do not intend to introduce the statements for the truth of the matter asserted, but rather because they were said and who said them. This is relevant as to whether people who saw Yuga's products agreed that problematic imagery was involved pointing to other sources of brand harm. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|------------------------------|------------------------|
| JTX-2339* | Bored Ape Wear- About page , RIPPSCAHEN00016000-RIPPSCAHEN00016001 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit is from February 2023.  Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this document through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2340* | Ape Water homepage- Ape #5382, RIPPSCAHEN00016009-RIPPSCAHEN00016011 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| JTX-2341* | NovaMen webpage with BoredApe t-shirt in black for sale, RIPPSCAHEN00016923-RIPPSCAHEN00016923 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2342* | NovaMen webpage with BoredApe t-shirt in black for sale, RIPPSCAHEN00016924-RIPPSCAHEN00016924 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2343* | NovaMen webpage with BoredApe t-shirt in cream for sale, RIPPSCAHEN00016925-RIPPSCAHEN00016925 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2344* | NovaMen webpage Wake & BAYC - Black Logo Custom Tee, RIPPSCAHEN00016940-RIPPSCAHEN00016940 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| JTX-2345* | Wake & BAYC homepage, RIPPSCAHEN00016941-RIPPSCAHEN00016941 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| JTX-2346* | Bored Coffee homepage, RIPPSCAHEN00016942-RIPPSCAHEN00016942 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2347 | Bored Ape Gaming homepage, RIPPSCAHEN00016943-RIPPSCAHEN00016943 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2348* | Boredjobs homepage, RIPPSCAHEN00016944-RIPPSCAHEN00016944 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2349* | Bend Ape Staking webpage on BendDAO, RIPPSCAHEN00016949-RIPPSCAHEN00016949 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2350* | Bored ape yacht club "degenerates only" shirts , RIPPSCAHEN00017039-RIPPSCAHEN00017053 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2351* | 6184 Circle Trucker hat-White , RIPPSCAHEN00017144-RIPPSCAHEN00017146 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness. |
| JTX-2352* | 6184 Bored & Hungry Circle T-shirt- Black, RIPPSCAHEN00017147-RIPPSCAHEN00017151 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit is from February 2023. Defendants offer no explanation how this exhibit relates to the harm Yuga Labs suffered from RR/BAYC sales in May or June 2022.

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness. Yuga itself has argued that harm is continuing beyond May or June 2022, and therefore because Yuga is seeking damages beyond May and June 2022, evidence showing other sources of harm beyond that timeframe is relevant. |
| JTX-2353* | Aetropic Genius Chews on Amazon , RIPPSCAHEN00017154-RIPPSCAHEN00017163 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2354 | Photo of Bored Ape IPA, RIPPSCAHEN00017187-RIPPSCAHEN00017187 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfullness. |
| JTX-2355* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2356* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2357 | Photo of Unhitched Brewing Co. - Bored Ape Berry Saison, RIPPSCAHEN00017196-RIPPSCAHEN00017196 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2358* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2359* | Twitter post from @jawe_eth, Dec. 26, 2022, RIPPSCAHEN00017220-RIPPSCAHEN00017220 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2360 | Twitter post from @BoredApeWine, Apr. 4, 2022, RIPPSCAHEN00017245-RIPPSCAHEN00017245 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2361 | Google search of Bored Ape Wear , RIPPSCAHEN00017250-RIPPSCAHEN00017250 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2362* | Google image search of Bored Ape Wear , RIPPSCAHEN00017251-RIPPSCAHEN00017251 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2363* | Twitter post from @ParadoxCycle505, RIPPSCAHEN00017252-RIPPSCAHEN00017252 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2364* | Twitter page of @BAYCTron, RIPPSCAHEN00017292-RIPPSCAHEN00017322 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2365* | Photo of Half BAYCD - BAYCD Pass, RIPPSCAHEN00017543-RIPPSCAHEN00017543 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the website.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfulness. |
| JTX-2366* | Home page of ApeSwap: Your One-Stop DeFi Hub, RIPPSCAHEN00017547-RIPPSCAHEN00017550 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2367* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2368* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2369* | "Welcome Primates" Standard Collection page , RIPPSCAHEN00018560-RIPPSCAHEN00018560 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2370* | Mutant Ape Tron Club Collection webpage, RIPPSCAHEN00018561-RIPPSCAHEN00018561 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2371* | Bored Ape Tron Club webpage, RIPPSCAHEN00018562-RIPPSCAHEN00018562 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2372* | Photo of Unhitched Brewing Co. - Bored Ape Berry Saison, RIPPSCAHEN00018567-RIPPSCAHEN00018567 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2373* | Twitter post from @jawe_eth, Dec. 26, 2022, RIPPSCAHEN00018588-RIPPSCAHEN00018588 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Defendants acted to deceive consumers and that Yuga Labs did not abandon its marks, therefore the exhibit is not relevant to any remaining issues.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.

This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created. FRE 106, 401, 402, 602.

This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This is a full screenshot of a webpage and no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through their knowledge of the Tweet and sweatshirt.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, wilfullness. |
| JTX-2374* | Bored Ape Tron Club Minting Event Webpage , RIPPSCAHEN00018599-RIPPSCAHEN00018606 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2375* | Twitter post from @BoredApeWine, Apr. 4, 2022, RIPPSCAHEN00018616-RIPPSCAHEN00018616 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2376* | Bored Ape X Club Home Page, RIPPSCAHEN00018625-RIPPSCAHEN00018628 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2377 | Bored Ape Yacht Club CBD Lemonade webpage , RIPPSCAHEN00018629-RIPPSCAHEN00018638 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2378* | Twitter page of @BAYCTron, RIPPSCAHEN00018663-RIPPSCAHEN00018693 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2379* | Twitter post from @BAYCTron, May 2, 2022, RIPPSCAHEN00018694-RIPPSCAHEN00018694 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2380* | "BO RING SKULL" Webpage, RIPPSCAHEN00018698-RIPPSCAHEN00018698 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2381* | Full Body Ape #498 on OpenSea, RIPPSCAHEN00018907-RIPPSCAHEN00018907 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2382* | IVAC- Island Voyage Ape Club home page, RIPPSCAHEN00018922-RIPPSCAHEN00018937 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2383* | Welcome to the Island Voyage Ape Club page , RIPPSCAHEN00018938-RIPPSCAHEN00018938 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2384* | IVAC- "Purchase an IVAC from the Secondary Market" webpage , RIPPSCAHEN00018939-RIPPSCAHEN00018939 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2385* | Twitter page of @BAYCMoonriver, RIPPSCAHEN00018961-RIPPSCAHEN00018971 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2386* | Gender Neutral Bored Ape Yacht Club- Graphic Tshirt for kids, RIPPSCAHEN00018985-RIPPSCAHEN00018985 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2387* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2388* | Superplastic x BAYC flyer, RIPPSCAHEN00019795-RIPPSCAHEN00019795 | Ripps, Cahen, Muniz | No objection | |
| JTX-2389* | Photo of Superplastic x BAYC box, RIPPSCAHEN00019796-RIPPSCAHEN00019796 | Ripps, Cahen, Muniz | No objection | |
| JTX-2390* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2391* | Photo of Ape Towing truck, RIPPSCAHEN00019817-RIPPSCAHEN00019817 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2392* | Bored Ape Solana Club- Apes Together Strong webpage, RIPPSCAHEN00020820-RIPPSCAHEN00020820 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2393 | Photo of several cans of Ape Water, RIPPSCAHEN00021019-RIPPSCAHEN00021019 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the admissibility of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This is relevant as to whether Yuga surrendered its IP to the world. It is also relevant to willfulness and Defendants' intent in forming that belief.//Completeness: This photograph contains all of the necessary parts to it and as such no completeness issues are present.//Foundation: Defendants can lay foundation for this exhibit through their knowledge of the exhibit.//Authentication: Defendants can authenticate this exhibit through personal knowledge of the existence of this brand.//Hearsay: Defendants do not intend to rely on this document for the truth of the matter, instead they intend to rely on the document to show that others formed the belief that Yuga surrendered their IP and that people published this belief which is relevant to the issue of, for example, willfulness. |
| JTX-2394* | Bored Ape yacht Club t-shirt designs, RIPPSCAHEN00021289-RIPPSCAHEN00021294 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2395* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2396* | Bored Ape Yacht Club Inspired NFT Attire, Copy/Paste Crypto Baby Bodysuit, RIPPSCAHEN00026256-RIPPSCAHEN00026259 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2397* | Physical exhibit RIPPSCAHEN00018454 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2398* | Physical exhibit RIPPSCAHEN00018455 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2399* | Physical exhibit RIPPSCAHEN00018456 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2400* | Physical exhibit RIPPSCAHEN00018457 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2401* | Physical exhibit RIPPSCAHEN00018458 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2402* | Physical exhibit RIPPSCAHEN00018459 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2403* | Physical exhibit RIPPSCAHEN00018460 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2404* | Physical exhibit RIPPSCAHEN00018461 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2405* | Physical exhibit RIPPSCAHEN00018462 | Ripps, cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2406 | Physical exhibit RIPPSCAHEN00018463 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2407* | Physical exhibit RIPPSCAHEN00018464 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2408 | Physical exhibit RIPPSCAHEN00018465 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2409* | Physical exhibit RIPPSCAHEN00018466 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2410* | Physical exhibit RIPPSCAHEN00018467 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| JTX-2411* | Physical exhibit RIPPSCAHEN00018468 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2412* | Physical exhibit RIPPSCAHEN00018469 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a notebook for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| JTX-2413* | Physical exhibit RIPPSCAHEN00018470 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2414* | Physical exhibit RIPPSCAHEN00018471 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402. This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10. Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce. See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation. FRE 602. Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity. FRE 901, 902. Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted. FRE 801, 802, 803. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court. FRE 403. Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent. But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus, it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks. /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2415* | Physical exhibit RIPPSCAHEN00018472 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a hat for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| JTX-2416* | Physical exhibit RIPPSCAHEN00018473 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2417 | Physical exhibit RIPPSCAHEN00018474 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2418* | Physical exhibit RIPPSCAHEN00018475 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of a bottle of wine for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2419* | Physical exhibit RIPPSCAHEN00022704 | Ripps, and Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| JTX-2420* | Physical exhibit RIPPSCAHEN00022705 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).<br><br>This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales.  See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).<br><br>This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was sold or offered for sale to consumers.<br><br>This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).<br><br>This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of stickers for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2421* | Physical exhibit RIPPSCAHEN00022706 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was offered or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of coffee for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |
| JTX-2422* | Physical exhibit RIPPSCAHEN00026203 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2423* | Physical exhibit RIPPSCAHEN00026204 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2424* | Physical exhibit RIPPSCAHEN00026272 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2425* | Physical exhibit RIPPSCAHEN00026273 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2426* | Physical exhibit RIPPSCAHEN00026274 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2427* | Physical exhibit RIPPSCAHEN00026275 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2428* | Physical exhibit RIPPSCAHEN00026276 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 3, on the grounds of FRE 401, 402, 403, 602, 801, 802, 901, and 902, and for the reasons set forth in the motion should be excluded from evidence.

This exhibit is irrelevant to the claims at issue in this litigation.  FRE 401, 402.  This Court has held "despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless." Dkt. 225 at 10.  Any alleged third-party use of marks is irrelevant because Defendants cannot demonstrate their actual use in commerce.  See BuzzBallz, L.L.C. v. BuzzBox Beverages, Inc., No. ED14CV01725, 2016 WL 7496769, at *3 (C.D. Cal. Apr. 12, 2016).

This exhibit lacks foundation.  FRE 602.  Defendants have no proof or witness with personal knowledge of the alleged third-party use or sales. See Icon Enters. Int'l, Inc. v. Am. Prod. Co., No. 04-cv-1240, 2004 WL 5644805, at *29 (C.D. Cal. Oct. 7, 2004).

This exhibit lacks authenticity.  FRE 901, 902.  Defendants have no witness with personal knowledge of how the exhibit was created or the accuracy of its contents. See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Yuga Labs objects to the authenticity of the exhibit to the extent defendants purport to make any representation about the source of the exhibit or whether the exhibit was offered or offered for sale to consumers.

This exhibit is hearsay to the extent any statements are proffered for the truth of the matter asserted.  FRE 801, 802, 803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

This exhibit is inadmissible because any probative value is substantially outweighed by undue prejudice, misleading the jury, undue delay, and wasting the time of the parties and this Court.  FRE 403.  Without evidence of actual use, the relevance of any alleged-third party use is minimal or non-existent.  But if this exhibit were admitted, the parties and this Court would be required to address additional issues and evidence, including but not limited to Yuga Labs' enforcement actions to successfully take down unauthorized third-party uses.

Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: The document is relevant because it evidences alternative sources of harm to Yuga and Yuga's failure to enforce its marks against others. Thus,  it is relevant to damages and intent. /// Foundation: Defendants can lay a foundation for the document through Yuga's founders, who can speak to the use of alleged marks and whether the product was sold by Yuga. // Completeness: The document contains a complete picture of beverages for sale and use of Yuga's alleged marks.  /// Hearsay: The document is not being offered for the truth, but only for the existence of other entities or individuals using Yuga's alleged marks. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2429* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2430 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2431* | Direct Messages- vasa and hwonder et al., June 23, 2022 | Hickman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. This technical discussion with a third party is unrelated to any issue in dispute and would serve to only mislead the jury and waste the time of the parties, court, and jury. This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is missing multiple images. This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.  The reference in the messages to external communications is hearsay within hearsay for which no exception is applicable.   FRE 801-803. | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| JTX-2432* | Direct Messages- FenXx andd jimdrang et al., May 22, 2022, LEHMAN0000291-LEHMAN0000291 | Cahen, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. This technical discussion with third parties lacks context, is unrelated to any issue in dispute, and would serve to only mislead the jury and waste the time of the parties, court, and jury. This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is missing multiple images. This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.  The reference in the messages to external communications is hearsay within hearsay for which no exception is applicable.   FRE 801-803. | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| JTX-2433 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2434* | Chat between middlemarch.eth and Pauly Shore, May 24, 2022 | Hickman, Cahen | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  A technical discussion regarding a feature of the RR/BAYC smart contract is unrelated to any issue in dispute and would serve to only mislead the jury and waste the time of the parties, court, and jury. This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is missing multiple images, and it is only part of a conversation. This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  This document is relevant as it shows information about developments Defendants wanted to make to rrbayc project, which is relevant to willfulness and intent.  /// Completeness:  This exhibit is an accurate representation of the direct message and is a complete inclusion of the relevant time period for this group chat. There is nothing misleading about the presentation of this group chat. /// Foundation: Defendants can provide foundation for their messages within the group chat and the timeline of the group chat. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect the rrbayc project development timeline or Defendants' state of mind.  Furthermore, some direct messages fall under the present sense impression hearsay exception. |
| JTX-2435* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2436* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2437* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2438* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2439* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2440* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2441* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2442* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2443* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2444* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2445* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2446* | Withdrawn. Defendants reserve all rights. | Cahen, Lehman | No objection | |
| JTX-2447* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2448* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2449* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2450* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2451* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2452* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2453* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2454* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2455* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2456* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2457* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2458* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2459* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2460* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2461* | Withdrawn. Defendants reserve all rights. | Cahen, Lehman | No objection | |
| JTX-2462* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2463* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2464* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2465* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2466* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2467* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2468* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2469* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2470* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2471* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2472* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2473* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2474* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2475* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2476* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2477* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2478* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2479* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2480* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2481* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2482* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2483* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2484* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2485* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2486* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2487* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2488* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2489* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2490* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2491* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2492* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2493* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2494* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2495* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2496* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2497* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2498* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2499* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2500* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2501* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2502* | Blue Ape with bunny ears, RIPPSCAHEN00013404-RIPPSCAHEN00013404 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear if this image was ever even shown to the public.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.  See Internet Specialties W., Inc. v. ISPWest, No. CV 05-3296, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). | Relevance:  This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga.  /// Completeness:  This exhibit is a complete picture, as it appeared in the Discord group chat. There is nothing misleading.  /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' state of mind. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2503* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2504* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2505 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2506* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2507* | RR/BAYC logo , RIPPSCAHEN00013255-RIPPSCAHEN00013255 | Ripps, Cahen, Hickman, Lehman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation, except to the extent to establish that this is an exceptional case. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It lacks many of the associated text and is presented entirely without context.<br><br>This exhibit contains nonparty data for which there is no foundation or authentication. FRE 602, 901. This is not an authentic exhibit as it is a document created by counsel or Defendants. It is not evidence that exists independently of counsel's or Defendants' creation. | Relevance: This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbaye project and their criticisms of Yuga. /// Completeness: This exhibit is a complete picture, as it appeared in the Discord group chat. There is nothing misleading. |
| JTX-2508* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2509* | ApeMarket homepage , RIPPSCAHEN00013479-RIPPSCAHEN00013479 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2510* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2511* | BAYC Holder diagram , RIPPSCAHEN00013545-RIPPSCAHEN00013545 | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2512* | Withdrawn. Defendants reserve all rights. | Ripps, Cahen, Hickman, Lehman | No objection | |
| JTX-2513* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2514* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2515* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2516* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2517* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2518* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2519* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2520* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2521* | Messages from @allseeingseneca, Dec. 23, 2021, RIPPSCAHEN00018489-RIPPSCAHEN00018489 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury. Asking the jury to make findings on these irrelevant and already decided issues would waste the court's time. FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga. /// 403: This document is probative with respect to willfulness and intent. Thus, the court has not ruled on these issues and they shoud be resolved by the jury./// Completeness: This exhibit is an accurate representation of direct messages, including author and timestamps. There is nothing misleading. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| JTX-2522* | Messages from @allseeingseneca, Dec. 23, 2021, RIPPSCAHEN00018490-RIPPSCAHEN00018490 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury. Asking the jury to make findings on these irrelevant and already decided issues would waste the court's time. FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. It's only part of a conversation. And it is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga. /// 403: This document is probative with respect to willfulness and intent. Thus, the court has not ruled on these issues and they shoud be resolved by the jury./// Completeness: This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps. There is nothing misleading. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| JTX-2523* | Messages with @Pauly0x, Jan. 2, 2022, SENECA0001-0013-SENECA0001-0013 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibits contains Defendants' false claims regarding Yuga Labs which the Court has ruled are not at issue in this case and thus are substantially more prejudicial than probative for the jury. Additionally, unsubstantiated claims or racism or fraud would bias the jury and asking the jury to make findings on these irrelevant and already decided issues would waste the court's time. FRE 403. FRE 403.<br><br>This exhibit includes multiple unrelated conversations, not relevant to this case, all combined together in single document, which is misleading and an improper exhibit to which there is no foundation. FRE 401, 402, 611(a), 602.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document is relevant to willfulness and intent as it demonstrates Defendants' intentions for the rrbayc project and their criticisms of Yuga. /// 403: This document is probative with respect to willfulness and intent. Thus, the court has not ruled on these issues and they shoud be resolved by the jury./// Completeness: This exhibit is an accurate representation of each Defendant's direct message conversation with Seneca, including timestamps. There is nothing misleading. /// Hearsay: the document may be offered for other purposes, outside of the truth of the matter, such as to reflect Defendants' intentions for creating the rrbayc project. |
| JTX-2524* | Withdrawn. Defendants reserve all rights. | Hickman, Cahen | No objection | |
| JTX-2525* | Withdrawn. Defendants reserve all rights. | Hickman, Cahen | No objection | |
| JTX-2526* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2527* | Withdrawn. Defendants reserve all rights. | Hickman, Cahen | No objection | |
| JTX-2528* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2529* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2530* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2531* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2532* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2533* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2534* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2535* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2536* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2537* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2538* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2539* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2540* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2541* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2542* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2543* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2544* | Withdrawn. Defendants reserve all rights. | Cahen, Hickman | No objection | |
| JTX-2545* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2546* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2547* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2548* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2549* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2550* | Withdrawn. Defendants reserve all rights. | Cahen, Lehman | No objection | |
| JTX-2551* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2552* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2553* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2554* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2555* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2556* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2557* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2558* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2559* | Withdrawn. Defendants reserve all rights. | Cahen, Lehman | No objection | |
| JTX-2560* | Withdrawn. Defendants reserve all rights. | Cahen, Lehman | No objection | |
| JTX-2561* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2562* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2563* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2564* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2565* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit. Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2566* | Withdrawn. Defendants reserve all rights. | Cahen, Lehman | No objection | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2567* | Withdrawn. Defendants reserve all rights. | Cohen, Lehman | No objection | |
| JTX-2568* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2569* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2570* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2571* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2572* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2573* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2574* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2575* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2576* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2577* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2578* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2579* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2580* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2581* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2582* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2583* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2584* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2585* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2586* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2587* | Direct Messages from June 21, 2022, RIPPSCAHEN00026300-RIPPSCAHEN00026300 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.\n\nThis exhibit is incomplete and misleading as presented. FRE 106, 403.  It's only part of a conversation.  And it is unclear who the speakers are.\n\nThis exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: This document represents commentary from third parties about RR/BAYC and is relevant toward confusion and willfulness.  /// Completeness:  This exhibit is an accurate representation of the direct message and is complete inclusion of the relevant portion.  One of the speakers is listed at the top of the document and Defendants can lay foundation for the others in the thread. /// Hearsay: the document may be offered not for the truth, but merely the existence of third parties thoughts about RR/BAYC (independent of its veracity). |
| JTX-2588* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2589* | Email from arthouse_editor@proton.me to rrbayc@protonmail.com, May 25, 2022, RIPPSCAHEN00001380-RIPPSCAHEN00001380 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.\n\nAdditionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues\n\nThis exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear who the speakers are.\n\nThis exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2590* | Email from easywrld@protonmail.ch to rrbayc@protonmail.com, May 28, 2022, RIPPSCAHEN00001396-RIPPSCAHEN00001396 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear who the speakers are.  One speaker appears to be outside the US.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2591* | Email from Tarakcioglu to rrbaye, May 28, 2022, RIPPSCAHEN00001397-RIPPSCAHEN00001397 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2592* | Email from Cook to rrbayc, May 31, 2022, RIPPSCAHEN00001408-RIPPSCAHEN00001408 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2593* | Email from Downey to rrbayc, June 8, 2022, RIPPSCAHEN00001448-RIPPSCAHEN00001448 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2594* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2595* | Email from smu66xg0dd to rrbaye, June 17, 2022, RIPPSCAHEN00001475-RIPPSCAHEN00001475 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is unclear who the speakers are.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2596* | Email from Bader to rrbaye, June 18, 2022, RIPPSCAHEN00001479-RIPPSCAHEN00001479 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2597* | Email from Crotty to rrbayc, June 19, 2022, RIPPSCAHEN00001482-RIPPSCAHEN00001482 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not and cannot put forth any evidence of alternative sources of harm to Yuga Labs and therefore the exhibit is not relevant. Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2598* | Email from Heintze to rrbayc, June 20, 2022, RIPPSCAHEN00001495-RIPPSCAHEN00001495 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2599* | Email from Stango to rrbayc, June 20, 2022, RIPPSCAHEN00001523-RIPPSCAHEN00001523 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  It would waste the court's time to relitigate settled issues<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | This document represents commentary from third parties that were customers that purchased RR/BAYC NFTs.  They are admissible business records because these are records of regularly conducted activity of communications/reviews received from customers of Defendants and Live9000 LLC.  These documents are also not offered for the truth, but to show the impact the project had and the way it was understood by others in the marketplace.  These factors are relevant to damages, both in terms of the harm to Yuga's brand and to willfulness. |
| JTX-2600* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2601* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2602* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2603* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2604* | Withdrawn. Defendants reserve all rights. | Lehman | No objection | |
| JTX-2605* | Withdraws, Calculations, and Mints spreadsheet, LEHMAN0000242_CONFIDENTIAL-LEHMAN0000242_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents an incomplete accounting that provides at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here.  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2606* | Spreadsheet of total gas paid and total infra cost , LEHMAN0000243_CONFIDENTIAL-LEHMAN0000243_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents only a snapshot of one source of revenue to Defendants and is thus at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received and transactions for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here.  /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2607* | Spreadsheet of Method and Batch Create RSVP, LEHMAN0000246_CONFIDENTIAL-LEHMAN0000246_CONFIDENTIAL | Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit represents only a snapshot of one source of revenue to Defendants and is thus at most minimal probative value but is substantially likely to confuse the jury without expert testimony to support the exhibit. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a spreadsheet and provides the entire spreadsheet. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2608* | Ledger spreadsheet on Kraken, June 24, 2022, Live9000-0000014-Live9000-00000014 | Ripps | No objection | |
| JTX-2609* | Ledger spreadsheet on Kraken, Dec. 30, 2022, Live9000-00000015-Live9000-00000015 | Ripps | No objection | |
| JTX-2610* | Ledger spreadsheet on Kraken, Dec. 30, 2022, Live9000-00000016-Live9000-00000016 | Ripps | No objection | |
| JTX-2611* | Ledger spreadsheet on Kraken, Nov. 27, 2022, Live9000-00000017-Live9000-00000017 | Ripps | No objection | |
| JTX-2612* | Ledger spreadsheet on Kraken, Dec. 3, 2022, Live9000-00000018-Live9000-00000018 | Ripps | No objection | |
| JTX-2613* | Ledger spreadsheet on Kraken, Nov. 27, 2022, Live9000-00000019-Live9000-00000019 | Ripps | No objection | |
| JTX-2614* | Spreadsheet including method and sum of TxnFee(ETH), May 18, 2022, RIPPSCAHEN00015592-RIPPSCAHEN00015592 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2615* | Spreadsheet with date and sum of TxnFee(ETH), May 24, 2022, RIPPSCAHEN00015594-RIPPSCAHEN00015594 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2616* | Final: First Draw RR/BAYC Accounting spreadsheet, RIPPSCAHEN00015595-RIPPSCAHEN00015595 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.<br><br>This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2617* | Post RSVP spreadsheet , RIPPSCAHEN00015596-RIPPSCAHEN00015596 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology likely to be unfamiliar to the jury and is therefore of minimal probative value, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of a chart and along with other exhibits is a complete representation.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2618 | Revenue share spreadsheet , RIPPSCAHEN00015643-RIPPSCAHEN00015643 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages. /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2619 | Profit share spreadsheet, RIPPSCAHEN00015644-RIPPSCAHEN00015644 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about revenue received for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of the spreadsheet and includes the entire spreadsheet. /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2620 | Tweet from @ryder_ripps, June 21, 2022, RIPPSCAHEN00017694-RIPPSCAHEN00017694 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already found a likelihood of confusion and ruled that "Defendants used the BAYC Marks in an effort to confuse consumers."  Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  Further, the document does not demonstrate any actual revenue amounts and is therefore irrelevant to proving damages. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The usernames of the third-party Twitter users do not identify the actual speakers and it is therefore unclear who the speakers are in context, making the exhibit confusing and misleading.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant because, for example, it provides information about royalties received from RR/BAYC NFTs, which are relevant for damages and willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post and is complete.  Additionally, speakers are identified by their usernames.  /// Hearsay:  This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| JTX-2621* | Smart contract spreadsheet, RIPPSCAHEN00023101-RIPPSCAHEN00023101 | Ripps, Cahen, Hickman, Lehman | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The exhibit uses technical terminology and an unfamiliar currency and is therefore of minimal probative value to the jury, but is substantially likely to be confusing. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  The exhibit is only a partial accounting of Defendants' revenues and is therefore misleading as to the full amount.

This exhibit lacks scientific reliability or is improper expert analysis.  FRE 702, 703, 103(c), 602, 1006.  Defendants are not calling any experts that could testify to the reliability or accuracy of this technical analysis.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  The document is relevant, because, for example, it provides information about transactions for the RR/BAYC NFTs, which are relevant for damages.  /// Completeness:  This exhibit is an accurate representation of the spreadsheet and along with other exhibits is a complete representation.  /// Expert:  The lay person analysis of the revenue received is appropriate and relevant here. /// Hearsay:  This document is an exception to hearsay as a record of regularly conducted activity. |
| JTX-2622* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2623* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2624* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2625* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2626* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2627* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2628* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2629* | Ashmore, Are Bored Ape NFTs A Good Investment?, RIPPSCAHEN00019847-RIPPSCAHEN00019868 | Ripps, Cahen, Hickman | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2630* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2631* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2632 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2633 | Roadmap Activations, Apr. 17, 2021, RIPPSCAHEN00020737-RIPPSCAHEN00020737 | Ripps, Cahen, Hickman, Solano, Aronow, Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Yuga Labs future plans are irrelevant to the damages suffered as a result of Defendants' infringement. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106.  It is missing other pages from the website.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  The BAYC Roadmap is relevant to damages issues in this case, including the extent to which any damage Yuga suffered is attributable to its own conduct. /// Completeness: The roadmap itself is a complete capture of one page from Plaintiff's website.  Other pages are in the record, as are numerous other individual webpages.  Therefore it is not incomplete. |
| JTX-2634 | Transaction details of block #1327655, RIPPSCAHEN00022414-RIPPSCAHEN00022415 | Ripps, Cahen, Hickman, Solano, Aronow, Atalay, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights.  Accordingly, the Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.  Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims.  Further, to the extent Defendants intend to use the exhibit to advance their baseless claims of fraud, the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties." Dkt. 225 at 19.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, and lacks foundation as there is no witness with personal knowledge of the nonparty's representations or how the document was created. FRE 106, 401, 402, 602, 901.<br><br>This exhibit is hearsay to the extent Defendants intend to use it to support their purported defenses or is otherwise proffered for the truth of the matter asserted. FRE 801, 802, 803. | Relevance: Yuga's transfer of NFTs is relevant to damages, including the extent to which Yuga has policed its marks and whether its own conduct is responsible for damages.  Additionally, this exhibit is relevant to damages as it shows how BAYC NFTs appeared in the market and to consumers  /// Completeness and Foundation:  This exhibit is an accurate capture of the Etherscan transaction and is complete. Defendants can lay foundation for this public article based on their personal knowledge. ///Hearsay:  This document is not hearsay because it is not being offered for the truth of the matter asserted.  It is being offered as a record of the marketplace of NFTs as well as for effect on state of mind. |
| JTX-2635* | Wave, FTX Bought 101 Bored Apes at the Record-Breaking Sotheby's Auction. Securities Fraud Alert?, Jan. 12, RIPPSCAHEN00022420-RIPPSCAHEN00022426 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2636* | Twitter post from @jconorgrogan, Dec. 21, 2022, RIPPSCAHEN00022549-RIPPSCAHEN00022549 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2637 | Twitter post from @BoredApeYC, Sept. 9, 2021, RIPPSCAHEN00022553-RIPPSCAHEN00022553 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  To the extent Defendants seek to introduce the exhibit to substantiate their baseless allegations the court has already ruled that these unproven allegations do not "relate to the trademark dispute between the parties." Dkt. 225 at 19.  To the extent Defendants seek to offer the exhibit to prove their intent, the court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602. | Relevance:  This document is relevant because, for example it evidences a source of criticism against Yuga and goes towards willfulness and intent. /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete. Defendants can lay foundation for this public post based on their personal knowledge.  Yuga can also lay foundation for the statements it made. |
| JTX-2638* | Twitter post from @ryder_ripps, June 23, 2022, RIPPSCAHEN00018889-RIPPSCAHEN00018889 | Ripps | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already held that Defendants' counterclaims for emotional distress fail to "come[] close to being "extreme and outrageous" enough to sustain a claim for emotional distress" and therefore that Defendants' were allegedly distraught about this litigation is irrelevant to Yuga Labs' claims.  Dkt. 89 at 5.  Further, the court has already found a likelihood of confusion.  Dkt. 225 at 13.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. This exhibit is incomplete and misleading as presented. FRE 106, 403, 602. This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  This document is relevant because, for example, it evidences criticism the Defendants received which show a lack of confusion and are relevant to damages and willfulness. /// Completeness and Foundation:  This exhibit is an accurate capture of a Twitter post and is complete. Defendants can lay foundation for this public post based on their personal knowledge.  ///Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2639* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2640* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2641* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2642* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2643* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2644* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2645* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2646* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2647* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2648* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2649* | Twitter post from @ryder_ripps, June 11, 2022, RIPPSCAHEN00016788-RIPPSCAHEN00016791 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence. Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  That others made similar, baseless allegations has no relevance to the damages suffered by Yuga Labs as a result of Defendants' infringement. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted criticizing BAYC and the problematic imagery. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |

100

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2650* | Twitter post from @ryder_ripps, June 25, 2022, RIPPSCAHEN00016855-RIPPSCAHEN00016856 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2651 | Twitter post from @ryder_ripps, June 24, 2022, RIPPSCAHEN000017330-RIPPSCAHEN000017330 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent.  Additionally, the RR/BAYC logo is plainly relevant. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| JTX-2652* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2653* | Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00017624-RIPPSCAHEN00017624 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This document is an accurate capture of a Twitter post. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| JTX-2654* | Twitter post from @ryder_ripps, May 24, 2022, RIPPSCAHEN00017779-RIPPSCAHEN00017787 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403. As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This document is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2655* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2656* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2657* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2658* | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2659* | Twitter post from @ryder_ripps, June 20, 2022, RIPPSCAHEN00018035-RIPPSCAHEN00018053 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be offered not for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2660* | Twitter post from @ryder_ripps, June 18, 2022, RIPPSCAHEN00018894-RIPPSCAHEN00018894 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also unclear as to who the speaker is.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |
| JTX-2661 | Twitter post from @ryder_ripps, June 1, 2022, RIPPSCAHEN00018897-RIPPSCAHEN00018897 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. ///Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2662* | Twitter post from @ryder_ripps, June 6, 2022, RIPPSCAHEN00018913-RIPPSCAHEN00018913 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  Further, adding Nazi imagery to Yuga Labs' products is likely to bias the jury and thus the exhibit is substantially more prejudicial than probative.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post as it appears on Twitter.  //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2663 | Withdrawn. Defendants reserve all rights. | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2664* | Twitter post from @ryder_ripps, June 24, 2022, RIPPSCAHEN00019026-RIPPSCAHEN00019030 | Ripps, Cahen, Hickman | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence. This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.

Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.

This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.

To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted. |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2665* | Twitter post from @ryder_ripps, July 10, 2022, RIPPSCAHEN00019039-RIPPSCAHEN00019040 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent.  Additionally it evidences others using the alleged marks, which goes to willfulness and intent. /// Completeness: This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |
| JTX-2666 | Twitter post from @ryder_ripps, June 18, 2022, RIPPSCAHEN00019220-RIPPSCAHEN00019223 | Ripps | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.  This exhibit is subject to Yuga Labs' Motion in Limine No. 2, on the grounds of FRE 401, 402, 403, 701, and 702, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  It is also often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences Defendants' goal in creating the RR/BAYC NFTs which goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition.  Additionally, this document may be used for the effect it had on those who viewed it, not for the truth of the matter asserted.  Finally, the document may be offered not for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2667 | Twitter post from @Pauly0x, Jul. 15, 2022, RIPPSCAHEN00020105-RIPPSCAHEN00020108 | Cahen, Ripps | This exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403. The court has already ruled that "Defendants used the BAYC Marks in an effort to confuse consumers." Dkt. 225 at 12.  Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403. Further, that Defendants purportedly sought to eliminate royalties on one website has no bearing on the actual damages that Yuga Labs suffered as a result of Defendants' infringement.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance: This document is relevant because, for example, it evidences sources of income from RR/BAYC, which is relevant for damages. Additionally the document provides evidence that goes to willfulness and intent. /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. //Hearsay: This document is an exception to hearsay and includes a then-existing mental, emotional, or physical condition. |
| JTX-2668* | Twitter post from @yugalabs, June 24, 2022, RIPPSCAHEN00021585-RIPPSCAHEN00021585 | Ripps, Cahen, Muniz, Aronow, Solano, Atalay | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit contains information that is irrelevant or cumulative to the claims at issue in this litigation. FRE 401, 402, 403.  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement. Further, Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit is incomplete and misleading as presented. FRE 106, 403.  As the Twitter users' usernames often do not accurately identify the author, it is often unclear as to who the speaker is.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given Defendants' or third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This document is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga /// Completeness:  This exhibit is an accurate capture of a Twitter post. The speakers are identified by their usernames, which are complete. /// Hearsay: The document is not offered for the truth, but merely the existence of criticism from others (independent of its veracity).  Additionally, the statements made by Yuga are an exception to hearsay for party opponents. |
| JTX-2669* | Twitter post from @yugalabs, Jan.3, 2022, RIPPSCAHEN00021586-RIPPSCAHEN00021587 | Ripps, Cahen ,Muniz, Aronow, Solano, Atalay, Oseary | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2670* | Twitter post from @Ivan87403, Mar. 23, 2023, RIPPSCAHEN00026238-RIPPSCAHEN00026238 | Ripps, Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2671* | FullSend Podcast Clip, RIPPSCAHEN00002282-RIPPSCAHEN00002282 | Ripps, Cahen, Aronow, Solano | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---------|-------------|---------|-----------------------------|------------------------|
| JTX-2672 | Web Summit clip, RIPPSCAHEN00017611- RIPPSCAHEN00017611 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights.  Accordingly, The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule. FRE 106, 403, 602, 1002.  The exhibit appears to be only a clip of a fuller recording.<br><br>This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant.  /// Completeness/ Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge.  Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception. |
| JTX-2673 | Web Summit Day 2 clip, RIPPSCAHEN00017612- RIPPSCAHEN00017612 | Ripps, Cahen, Muniz | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already rejected Defendants' false claims regarding failure to police or transference of any rights.  Defendants must stop relitigating decided issues.  Otherwise, they are substantially wasting the parties', Court's, and jury's time to assess irrelevant, false, and unsupported claims.<br><br>This exhibit lacks foundation, is incomplete and misleading as presented, and violates the best evidence rule. FRE 106, 403, 602, 1002.  The exhibit appears to be only a clip of a fuller recording.<br><br>This exhibit contains nonparty information for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant. /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge.  Additionally, Yuga can testify about the statements they made. /// Hearsay: The evidence includes statements made by Yuga, which are admissible as party opponent exception. |
| JTX-2674 | Von Shiller Clip, RIPPSCAHEN00022848- RIPPSCAHEN00022848 | Ripps, Cahen, Muniz, Solano, Aronow | This exhibit is subject to Yuga Labs' Motion in Limine No. 5, on the grounds of FRE 401, 402, 403, and 602, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  The Court has already ruled that Yuga Labs did not transfer any relevant intellectual property rights, and Defendants therefore cannot and have not put forth any evidence of harm due to any purported transference of rights to Yuga Labs' holders.  Dkt. 225 at 10.  As such, it would be confusing and would waste the jury's time to admit this exhibit and it should therefore be barred under FRE 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported sales or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This evidence is relevant because, for example, whether Yuga's transference of rights to its holders impacted the damage it suffered is relevant. /// Completeness and Foundation: The evidence shows the entire relevant portion of the video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay: The evidence is not offered for the truth, but merely the existence of discussion about Yuga's transference of rights from others (independent of its veracity). Additionally, the evidence includes statements made by Yuga, which are admissible as party opponent exception. |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2675* | VE clip, RIPPSCAHEN00022940-RIPPSCAHEN00022940 | Ripps, Cahen | This exhibit is subject to Yuga Labs' Motion in Limine No. 1, on the grounds of FRE 401, 402, 403, and 404, and for the reasons set forth in the motion should be excluded from evidence.<br><br>Additionally, this exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  That others were critical of Yuga Labs is not relevant to the actual damages suffered by Yuga Labs as a result of Defendants' infringement.  Further, Defendants have not explained the alternative sources of harm.  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported claims or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party or Defendants' information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance: This evidence is relevant because, for example, it evidences alternative sources of harm to Yuga, including the fact that people other than the Defendants posted information critical of Yuga /// Completeness and Foundation: The evidence shows the entire video and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. // Hearsay: The evidence is not offered for the truth, but merely the existence of criticism from others (independent of its veracity). |
| JTX-2676 | Bloomberg Crypto clip, YUGALABS_00030243-YUGALABS_00030243 | Ripps, Cahen, Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2677* | D3 clip, YUGALABS_00030338-YUGALABS_00030338 | Muniz | Defendants appear to have withdrawn this exhibit per parties' agreement in Dkt. 261.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2678* | Withdrawn. Defendants reserve all rights. | Muniz, Atalay | No objection | |
| JTX-2679* | Withdrawn. Defendants reserve all rights. | Muniz, Atalay | No objection | |
| JTX-2680* | Withdrawn. Defendants reserve all rights. | Muniz, Atalay | No objection | |
| JTX-2681* | Withdrawn. Defendants reserve all rights. | Muniz, Atalay | No objection | |
| JTX-2682* | Withdrawn. Defendants reserve all rights. | Muniz, Atalay | No objection | |
| JTX-2683* | Withdrawn. Defendants reserve all rights. | Muniz, Atalay | No objection | |
| JTX-2684 | Yuga Labs Company BAYC Future & Roadmap Financials, YUGALABS_00031208-YUGALABS_00031297 | Muniz, Aronow, Solano, Atalay, Oseary | No objection; subject to FRE 401 and 403 depending on Defendants' purpose for using the document.<br><br>Yuga Labs future plans (especially out of date plans) are irrelevant to the damages suffered as a result of Defendants' infringement. | Relevance: Yuga's future roadmap and financials is relevant to alternative sources of damages and damages |
| JTX-2685 | Yuga Labs Common Stock Valuation, Nov. 30, 2022, YUGALABS_00031474-YUGALABS_00031553 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Defendants have not explained the alternative sources of harm.  Defendants also have no expert testimony or foundational witness testimony that can address how the stock valuation relates to Defendants' infringement or the BAYC brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  Yuga's stock valuation is relevant to alternative sources of harm and damages. /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2686* | "Bored Ape" Worldwide Google trends, RIPPSCAHEN00019875-RIPPSCAHEN00019875 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403.  Indeed it primarily focuses on information outside the US.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It lacks the further information that is provided, including topics 1-5. It also lacks the context of the percentages.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally the United States is included in the information provided and is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
| JTX-2687* | "Bored Ape" Los Angeles, CA Google trends, RIPPSCAHEN00019876-RIPPSCAHEN00019876 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.<br><br>This exhibit is irrelevant to the claims at issue in this litigation as it includes only Los Angeles information. FRE 401, 402, 403.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It is unclear as to the timing of the information provided.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally, Los Angeles is in the United States and the information provided is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
| JTX-2688* | "Bored Ape" Worldwide Google trends, RIPPSCAHEN00019877-RIPPSCAHEN00019877 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403.  Indeed it primarily focuses on information outside the US.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.<br><br>This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.<br><br>This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It also lacks the context of the percentages.<br><br>This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.<br><br>This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.<br><br>Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally the United States is included in the information provided and is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |

**Defendants' Exhibits**

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2689* | "Bored Ape Yacht Club" Worldwide Google trends, RIPPSCAHEN00019883-RIPPSCAHEN00019883 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403.  Indeed it primarily focuses on information outside the US.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.  This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It also lacks the context of the percentages.  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.  This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.  Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally the United States is included in the information provided and is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
| JTX-2690* | "Bored Ape Yacht Club" Worldwide Google trends, RIPPSCAHEN00019884-RIPPSCAHEN00019884 | Ripps, Cahen | This exhibit is irrelevant to the claims at issue in this litigation as it includes worldwide information. FRE 401, 402, 403.  Indeed it primarily focuses on information outside the US.  Defendants have no expert witness to assess this information, provide its proper context, or identify any impact on Yuga Labs' brand. Therefore, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  This exhibit should be excluded for the reasons identified in Yuga Labs' Motion in Limine No. 1.  This exhibit lacks foundation and is incomplete and misleading as presented. FRE 106, 403, 602.  It also lacks the context of the percentages.  This exhibit is irrelevant, incomplete, and lacks foundation as there is no witness with personal knowledge of the nonparty's purported information or how the document was created. FRE 106, 401, 402, 602.  This exhibit contains nonparty data for which there is no foundation. FRE 602. To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the third-party comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803.  Defendants' claimed alternative harm argument is speculative, lacks causation, and any probative value is outweighed by the prejudice of either confusing the issues or biasing the jury against Yuga Labs. Defendants have no expert opinion or analysis supporting their inadmissible speculation. | Relevance:  This evidence is relevant because, for example, it evidence trends associated with BAYC Google searches, which is relevant to alternative sources of harm and damages and willfulness and intent.  Additionally the United States is included in the information provided and is, therefore, relevant. /// Completeness and Foundation: The document shows the entire webpage and therefore there is no completeness problem and Defendants can lay foundation for this public post based on their personal knowledge. /// Hearsay:  this document is not being brought in for the truth of the matter asserted.  It is evidence of public activity that occurred. |
| JTX-2691* | Bored Ape Yacht Club Social Media Statistics, Dec. 1 2021-Jan. 22, 2023, YUGALABS_00031555-YUGALABS_00031561 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403. Yuga Labs social media presence has no bearing on the damages Yuga Labs suffered as a result of Defendants' infringement. Therefore, the exhibit is not relevant to any remaining issue in the case. Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages. /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status. |
| JTX-2692* | Bored Ape Yacht Club Social Media Mentions, Jan. 28, 2022-Jan. 22, 2023, YUGALABS_00031562-YUGALABS_00031563 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Yuga Labs' social media presence has no bearing on the damages it suffered as a result of Defendants' infringement, therefore the exhibit is not relevant to any remaining issue in this case. Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages. /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status. |
| JTX-2693* | Bored Ape Yacht Club Number of Mentions/Social Media reach/Non Social Reach, Dec. 1, 2021-Jan. 22, 2023, YUGALABS_00031564-YUGALABS_00031565 | Muniz | This exhibit is irrelevant to the claims at issue in this litigation. FRE 401, 402, 403.  Yuga Labs' social media presence is not relevant to the damages it suffered as a result of Defendants' infringement.  Thus, the exhibit would confuse the issues and waste the jury's time and should be excluded under FRE 403.  To the extent Defendants attempt to rely on the exhibit for the truth of the matter, given the comments and information in the exhibit, it is inadmissible hearsay for which no exception applies. FRE 801–803. | Relevance:  This evidence is relevant because, for example, it evidences BAYC's social media impact which is relevant to damages. /// Hearsay:  The document can be used for a non-hearsay purpose, such as to provide context for Yuga's business and social media status. |
| JTX-2694* | Twitter post by @Jdotcolombo, Feb. 15, 2023, RIPPSCAHEN00018813-RIPPSCAHEN00018816 | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2695* | Twitter post by @Jdotcolombo, Feb. 15, 2023, RIPPSCAHEN00018817-RIPPSCAHEN00018817 | N/A | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2696 | Deposition Transcript of Wylie Aronow, Mar. 6, 2023 | Aronow | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2697 | Deposition Transcript of Kerem Atalay, Jan. 20, 2023 | Atalay | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2698 | Deposition Transcript of Jonah Berger, Mar. 9, 2023 | Berger | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

| Ex. No. | Description | Witness | If Objection, State Grounds | Response to Objection |
|---|---|---|---|---|
| JTX-2699 | Deposition Transcript of Jeremy Cahen, Jan. 11, 2023 | Cahen | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2700 | Deposition Transcript of Patrick Ehrlund, Mar. 16, 2023 | Ehrlund | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2701 | Deposition Transcript of Ryan Hickman, Dec. 7, 2022 | Hickman | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2702 | Deposition Transcript of Jason Cline, Mar. 24, 2023 | Cline | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2703 | Deposition Transcript of Lauren Kindler, Mar. 17, 2023 | Kindler | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2704 | Deposition Transcript of Thomas Lehman, Mar. 27, 2023 | Lehman | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2705 | Deposition Transcript of Nicole Muniz, Jan. 24, 2023 | Muniz | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2706 | Deposition Transcript of Laura O'Laughlin, Mar. 22, 2023 | O'Laughlin | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2707 | Deposition Transcript of Guy Oseary, Mar. 1, 2023 | Oseary | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2708 | Deposition Transcript of Ryder Ripps, Jan. 12, 2023 | Ripps | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |
| JTX-2709 | Deposition Transcript of Greg Solano, Jan. 17, 2023 | Solano | Defendants appear to have withdrawn this exhibit.  Subject to Defendants' withdrawal of the exhibit; Plaintiff withdraws its objections. | |

Dated:  June 14, 2023                FENWICK & WEST LLP


By:  */s/ Eric Ball*
    Eric Ball
    Attorneys for Plaintiff
    YUGA LABS, INC.


Dated:  June 14, 2023                WILMER CUTLER PICKERING HALE &
                                     DORR LLP


By:  */s/ Louis W. Tompros*
    Louis W. Tompros
    Attorneys for Defendants
    RYDER RIPPS and JEREMY CAHEN


## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.


*/s/ Eric Ball*
Eric Ball