1 Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
2 Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
3 Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
4 Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
5 **WILMER CUTLER PICKERING
   HALE AND DORR LLP**
6 60 State Street
Boston, MA 02109
7 Telephone: (617) 526-6000
Fax: (617) 526-5000
8
Derek Gosma (SBN 274515)
9 derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
10 henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
11   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
12 Los Angeles, CA 90071
Telephone: (213) 443-5300
13 Fax: (213) 443-5400

14 Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                    Plaintiff<br><br>   v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                    Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION TO CONTINUE TRIAL DATE**<br><br>Judge: Hon. John F. Walter<br><br>Hearing on<br>Motions *in Limine*: June 23, 2023<br><br>Trial Date: July 7, 2023 |

Case No. 2:22-cv-04355-JFW-JEM                                                      DEFENDANTS' RESPONSE

In its after-hours filing yesterday, Plaintiff Yuga Labs Inc. ("Yuga") has: (1) abandoned "all legal remedies"; (2) requested a continuance of the July 7 trial; and (3) specified three particular windows between late July and October as its requested date for that continued trial. Dkt. 315-1, at 2, 3. (Although Yuga represents in its filing that lead counsel "met and conferred regarding" Yuga's application, *id.* at 3, that conference was a five-minute phone call from Yuga's counsel less than two hours before Yuga's filing, in which Yuga stated that it was moving immediately for a continuance, but did not reveal its plan to abandon all legal remedies or any specific proposed dates. Those matters came as a surprise to Defendants and their counsel when they saw Yuga's filing yesterday evening.)

Defendants are prepared to proceed with trial as scheduled on July 7 and would prefer to move forward as scheduled, but Defendants of course defer entirely to the Court on all matters of scheduling. Defendants thus take no position on Yuga's motion, and Defendants will be prepared to try this case at the Court's convenience.

Defendants respectfully submit this response to Yuga's application to address three issues.

***First***, as a consequence of Yuga's decision to abandon "all legal remedies," Yuga's available relief is substantially narrower. Specifically, Yuga's abandonment of all legal remedies entitles Defendants to judgment of: (1) no actual damages; (2) the statutory minimum of $2,000 in statutory damages for cybersquatting; and (3) no willful infringement. *See* Dkt. 310 at 2-3.

Yuga had claimed actual damages that its expert witness has identified as at least $1,792,704 and "up to $797,183,838." *See* Dkt. 287-10, at 3-4. By abandoning all legal remedies, Yuga has forfeited any claim to all such actual damages, whether in the $1.7 million range or its newer $800 million range. *See F21 OpCo, L v. Airwair Int'l Ltd.*, 2:22-cv-01684-SB-MAA, 2023 WL 2626368, at *2 (C.D. Cal. Feb. 17, 2023) ("A claim to recover a plaintiff's actual damages caused by a defendant's

| | |
|---|---|
| 1 | infringement of the plaintiff's trademark is legal."); *Dairy Queen, Inc. v. Wood*, 369 |
| 2 | U.S. 469 (1962) ("[A]n action for damages based upon a charge of trademark |
| 3 | infringement [is] no less subject to cognizance by a court of law."). Defendants are |
| 4 | thus entitled to judgment of $0 in actual damages. |
| 5 |     Yuga's abandonment of all legal remedies also precludes it from recovering |
| 6 | anything above the minimum amount of statutory damages for Defendants' |
| 7 | adjudicated cybersquatting, because any amount above the statutory minimum is a |
| 8 | legal issue. See *Black v. Irving Materials, Inc.*, 17-cv-06734-LHK, 2019 WL |
| 9 | 13199612, at *3 (N.D. Cal. May 29, 2019) ("Thus, the Court finds that there is ample |
| 10 | authority for trying ACPA claims and the determination of whether to award statutory |
| 11 | damages to a jury."); *Versace v. Awada*, 03-CB-3254-GAF, 2009 WL 10673371, at *7 |
| 12 | (C.D. Cal. Sep. 4, 2009) ("Strictly construing Rule 38, the Court will not permit |
| 13 | Plaintiff to withdraw its demand for a jury trial because Defendants do not consent, |
| 14 | and because the law holds clearly that Defendant has a right to a jury determination of |
| 15 | statutory damages."). Yuga is thus entitled only to the statutory minimum of $1,000 |
| 16 | per domain, for a total of $2,000 for the two domains that the Court has found were |
| 17 | registered in violation of the ACPA. See 15 U.S.C. § 1117(d); *see also GoPets Ltd. v.* |
| 18 | *Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011) (holding that there is right to jury trial on |
| 19 | amount of statutory damages unless "a judge awards the minimum statutory |
| 20 | damages"). |
| 21 |     Yuga's abandonment of all legal remedies also entitles Defendants to a |
| 22 | judgment of no willful infringement, because willfulness is a legal issue for the jury. |
| 23 | *See, e.g.*, *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. 13-cv-05167-BRO (MANx), |
| 24 | 2015 WL 4517846, at *8 (C.D. Cal. July 24, 2015) (willfulness decided by jury as |
| 25 | question of law); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group,* |
| 26 | *LLC*, 879 F.3d 1332, 1337-38 (Fed. Cir. 2018) (explaining that "the standard |
| 27 | articulated in *Halo* . . . mandates that willfulness is an issue for the jury, not the |
| 28 | |

1 district court" (citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016)); *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 104-07 (2015); *see also* Dkt. 149, at 13 (Yuga requesting a finding that "this is an exceptional case of intentional infringement").  By abandoning all legal remedies, Yuga forfeits its claim of willful infringement, and Defendants are entitled to judgment on that issue.

*Second*, Defendants respectfully submit that—given Yuga's abandonment of its false advertising claim and all of its other legal remedies, coupled with Yuga's inherent concession in proposing a delay of as much as three months that an immediate trial is not necessary—the Court should consider whether it is appropriate to enter judgment under Rule 54(b) on its summary judgment determination, issue an injunction as appropriate, and defer a costly and time-consuming trial on what portion of defendants' profits is attributable to market confusion until after an appeal on the merits.  By abandoning its false advertising claim and its request for actual damages in the hundreds of millions of dollars, Yuga has conceded that its remedies will be limited to: (1) some portion of what Yuga alleges is Defendants' $1,589,455 in total project profits (*see* Dkt. 287-10, at 1); and (2) injunctive relief.  The Court has already concluded that injunctive relief is appropriate (*see* Dkt. 225 at 13), and Defendants are of course expecting (and willing to stipulate to) an injunction precluding them from using the disputed domain names and from selling or promoting the sale of RR/BAYC NFTs.  There is no reason, ahead of an appeal on the merits of the complex trademark ownership and confusion issues that the Court addressed at summary judgment, to proceed with a damages trial that will consume the Court's and the parties' resources, and which is apparently particularly challenging from a scheduling standpoint for Yuga's various witnesses.

The Ninth Circuit has approved of such a process in cases in which liability issues will be central to an appeal, and only the calculation of damages remains in dispute.  *See, e.g.*, *Pauly v. U.S. Dep't of Agriculture*, 348 F.3d 1143, 1148 (9th Cir.

1  2003) (concluding that district court's that resolved merits was "practically final"
2  despite open issue of calculation of damages); *Union, Local 102 v. County of San*
3  *Diego*, 60 F.3d 1346, 1350 (9th Cir. 1994) (concluding "calculation of damages 'will
4  not affect the potentially dispositive and obviously central issue' in this case").

   ***Third***, Yuga's surprising abandonment of all of its legal remedies coupled with its request for a continuance plainly creates administrative confusion concerning the timing and substance of the parties' remaining pretrial filings.  Defendants are conscious of the importance of complying precisely with the Court's pretrial orders, and at the same time wary of making submissions that will waste the Court's time unnecessarily.  For example, Yuga's abandonment of its legal remedies would seem to have rendered unnecessary most of the work that the parties and Court recently put into motions *in limine*, jury instructions, the pretrial order, and related filings.  Yuga's abandonment of its legal remedies also renders irrelevant many of the exhibits and much of the deposition testimony (submitted yesterday and today).

   Defendants respectfully request any guidance that the Court is willing to provide for the timing and substance of re-submitted materials to reduce the burden on the Court in view of Yuga's action.

Dated: June 16, 2023

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (pro hac vice)
monica.grewal@wilmerhale.com
Scott W. Bertulli (pro hac vice)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com

|    |    |
|----|----|
| 1  | Henry Nikogosyan (SBN 326277) |
| 2  | henry.nikogosyan@wilmerhale.com |
|    | **WILMER CUTLER PICKERING** |
| 3  | **HALE AND DORR LLP** |
|    | 350 South Grand Ave., Suite 2400 |
| 4  | Los Angeles, CA 90071 |
|    | Telephone: (213) 443-5300 |
| 5  | Fax: (213) 443-5400 |
| 6  | Attorneys for Defendants |
|    | *Ryder Ripps and Jeremy Cahen* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on June 16, 2023.

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

## CERTIFICATE OF COMPLIANCE

I hereby certify that a copy of the foregoing document complies with the word limit requirements of Local Rule 11-6.1.

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000