1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10         WESTERN DIVISION – Los Angeles

11

12 | YUGA LABS, INC.,                    Case No.: 2:22-cv-04355-JFW-JEM

13 |            Plaintiff,               **[PROPOSED] REVISED FINAL PRETRIAL CONFERENCE ORDER**

14 |     v.

15 | RYDER RIPPS, JEREMY CAHEN,

16 |            Defendants.

17

18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

1.   PARTIES AND PLEADINGS ................................................................. 1

2.   JURISDICTION AND VENUE ............................................................. 2

3.   TRIAL DURATION ............................................................................. 2

4.   NON-JURY TRIAL .............................................................................. 2

5.   ADMITTED FACTS ............................................................................. 2

6.   STIPULATED FACTS .......................................................................... 3

     A.   EVIDENTIARY STIPULATIONS ............................................ 4

7.   CLAIMS AND DEFENSES OF THE PARTIES .................................. 5

8.   REMAINING TRIABLE ISSUES ...................................................... 16

9.   DISCOVERY ..................................................................................... 16

10.  DISCLOSURES AND EXHIBIT LISTS ............................................ 16

11.  WITNESS LISTS ............................................................................... 17

12.  MOTIONS IN LIMINE ...................................................................... 18

13.  BIFURCATION OF ISSUES .............................................................. 19

14.  ADMISSIONS .................................................................................... 19

Pursuant to the Court's oral order at the June 16, 2023 status conference and the Scheduling and Case Management Order (Dkt. No. 57) and the Court's June 15, 2023 Order (Dkt. No. 313), the parties met and conferred on June 22, 2023, attended by Eric Ball, Kimberly Culp, and Anthony Fares for Yuga Labs, Inc. ("Yuga Labs") and Louis Tompros, Derek Gosma, and Henry Nikogosyan for Defendants Ryder Ripps and Jeremy Cahen.

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

## 1.     PARTIES AND PLEADINGS

The parties are: Yuga Labs (Plaintiff) and Ryder Ripps and Jeremy Cahen (Defendants).

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph have been dismissed.

The pleadings which raise the issues are:

Plaintiff's Complaint (Docket No. 1); Defendants' Answer (Docket No. 65).

The following claims, counterclaims, and defenses have been dismissed, stricken, or abandoned:

<u>Plaintiff</u>: Plaintiff's Second Cause of Action (False Advertising under 15 U.S.C. § 1125(A)) and Eighth Cause of Action (Unjust Enrichment).

<u>Defendants</u>: Defendants' First Counterclaim (Knowing Misrepresentation of Infringing Activity); Second Counterclaim (Declaratory Judgment of No Copyright Under 17 U.S.C. § 102(a)); Third Counterclaim (Declaratory Judgment of No Copyright Under 17 U.S.C. § 204(a)); Fourth Counterclaim (Intentional Infliction of Emotional Distress); Fifth Counterclaim (Negligent Infliction of Emotional Distress); Sixth Counterclaim (Declaratory Judgment of No Defamation); Defendants' First Defense (Failure to State a Claim); Defendants' Second Defense (First Amendment); Defendants' Third Defense (Fair Use); and Defendants' Seventh

Defense (Unclean Hands).

The following claims have been stayed pending Defendants' appeal in *Yuga Labs, Inc. v. Ryder Ripps, et al.*, No. 22-56199 (9th Cir. 2023): Plaintiff's Fourth Cause of Action (Common Law Trademark Infringement); Fifth Cause of Action (Common Law Unfair Competition); Sixth Cause of Action (Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*); Seventh Cause of Action (False Advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*); Ninth Cause of Action (Conversion); Tenth Cause of Action (Intentional Interference with Prospective Economic Advantage); and Eleventh Cause of Action (Negligent Interference with Prospective Economic Advantage).

## 2.    JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the grounds:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Yuga Labs' claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq.*  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Defendants do not dispute that the Court has personal jurisdiction over them for this matter.

## 3.    TRIAL DURATION

The court trial is estimated to take one trial day.

## 4.    NON-JURY TRIAL

The trial is to be a non-jury trial.  At least fourteen (14) days prior to the trial date, the parties shall lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by the Civil Trial order (Dkt. No. 284) § 6(b).

## 5.    ADMITTED FACTS

The following facts are admitted and require no proof:

- Yuga Labs is the creator of the Non-Fungible Token ("NFT") collection known as the Bored Ape Yacht Club ("BAYC").

- Yuga Labs' "BAYC Marks" are BORED APE YACHT CLUB, BAYC, BORED APE, the BA YC Logo, the BA YC BORED APE YACHT CLUB Logo, and the Ape Skull Logo.

- Yuga Labs' BA YC Logo is:



- Yuga Labs' BA YC BORED APE YACHT CLUB Logo is:



- Yuga Labs' Ape Skull Logo is:



## 6.   STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

- Yuga Labs released the BAYC NFT collection in April 2021.

- On May 13, 2022, Defendant Ripps created the Ethereum blockchain smart contract, 0x2ee6af0dff3alce3f7e3414c52c48fd50d73691e, which is the smart contract for the RR/BAYC NFTs.

- Defendants have never registered or applied to register any trademarks associated with the RR/BAYC NFTs.

- Ryder Ripps holds the private keys to the wallet associated with the following

address on the Ethereum blockchain: 0x592814ff14e030b51f6087032db0f88f4214f254.

- Ryder Ripps holds the private keys to the wallet associated with the following address on the Ethereum blockchain: 0xbaf287cb2281841d9f5ba929d7dde87048fcaf1b.

- Jeremy Cahen holds the private keys to the wallet corresponding to the following address on the Ethereum blockchain: 0x7D2550161E8A31D0b9585Bb9c88E63E9644af740.

## A.   EVIDENTIARY STIPULATIONS

In addition to the admitted and stipulated facts above, the parties hereby make the following evidentiary stipulations.

- YUGALABS_00000018 through YUGALABS_00000532, YUGALABS_00016914, YUGALABS_00016916 through YUGALABS_00026398, and YUGALABS_00029251 are Bored Ape images.

- All captures of Twitter posts and messages produced in discovery do not require authentication.

- Exhibits 800-804 are authentic.

- Neither party will introduce evidence or argument on the following topics: pedophilia, pedobear, the username "Emperor Tomato Ketchup," 4chan, 8chan, Fredrick Brennan, Richard Spencer, Yuga Labs' founders' family members or supposed family members, Manuel Marrero, Hawaiian shirts, and Roberto Bolano.  To the extent that any otherwise admissible exhibit includes reference to any of these topics, the parties will meet and confer regarding an appropriate way to present any admissible evidence.

- Neither party will introduce evidence or argument personally attacking or criticizing opposing counsel, including their respective law firms, in an *ad hominem* way.  Both parties reserve the right to challenge or criticize the

factual statements and legal arguments made by opposing counsel on behalf of their respective clients.

- Plaintiff will not introduce evidence or argument that it owns a copyright in the BAYC Marks or the images associated with the BAYC NFTs.  Defendants will not introduce evidence or argument that Yuga Labs does not own a copyright in the BAYC Marks or the images associated with the BAYC NFTs.

- Neither party will introduce evidence or argument that any of Yuga Labs' DMCA takedown notices previously issued to NFT marketplaces for the RR/BAYC NFTs were either lawful or unlawful.  The parties may still introduce evidence or argument regarding these takedowns without reference to their lawfulness or unlawfulness.

- Neither party will introduce evidence or argument relevant only to Defendants' emotional distress counterclaims, which were dismissed by the Court.

## 7.   CLAIMS AND DEFENSES OF THE PARTIES

### Plaintiff's Position

(a)     Plaintiff plans to pursue the following claims against all defendants at trial:[1]

**Claim 1** (False Designation of Origin (15 U.S.C. § 1125(a))): The Court determined that Defendants used Yuga Labs' BAYC Marks without authorization to falsely suggest that their RR/BAYC NFTs are connected with, sponsored by, affiliated with, or related to Yuga Labs in a way that was likely to and did cause confusion.  Yuga Labs withdrew all legal remedies (Dkt. No. 315), and the issue of Yuga Labs' equitable remedies is all that remains;

**Claim 3** (Cybersquatting (15 U.S.C. § 1125(d))): The Court determined that Defendants registered and used the domain names rrbayc.com and apemarket.com

---

[1] Given Defendants' pending appeal (*Yuga Labs, Inc. v. Ryder Ripps, et al.*, No. 22-56199 (9th Cir. 2023)), Yuga Labs is not currently pursuing the state law claims (Causes of Action 4-7, 9-11) set forth in its Complaint for this trial.  The non-inclusion of these claims here does not constitute waiver of the claims.

with a bad faith intent to profit from their confusing similarity to Yuga Labs' BAYC Marks.  Yuga Labs withdrew all legal remedies (Dkt. No. 315), and the issue of Yuga Labs' equitable remedies is all that remains.

The Court found for Yuga Labs on Claims 1 and 3 in its Order on Yuga Labs' Motion for Summary Judgment.  Dkt. No. 225.  On Claims 1 and 3, the Court concluded that Yuga Labs is entitled to monetary remedies and injunctive relief.  The issues of a just award of Defendants' profits, the statutory damages to award Yuga Labs, the scope of injunctive relief, and whether this is an exceptional case entitling Yuga Labs to an award of attorneys' fees under 15 U.S.C. § 1117 are reserved for trial.

This Court has already determined that Defendants acted here with the intent to deceive consumers.  *See* Dkt. No. 225 at 12.  Even more, the Court has already found that the Defendants were intentional infringers and bad faith cybersquatters.  *Id.* at 12, 15.  As Defendants' own citations explain, "[w]illful infringement carries a connotation of a deliberate intent to deceive," which in this case, the Court has already determined.  *Id.*; *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993), *abrogated by* *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016); *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV1305167BROMANX, 2015 WL 4517846, at *18 (C.D. Cal. July 24, 2015).  It will waste time to re-litigate these issues at trial.

Even if the willfulness issue were not previously determined, the fact that Yuga Labs is pursuing solely equitable remedies does not entitle Defendants to "a finding that their infringement was ***not*** willful."  *See, infra* at 12 (emphasis in original). Facts, such as those pertaining to whether infringement is willful are not *ipso facto* legal; here all facts are equitable because the only remaining issues are equitable remedies.  *See* 6 McCarthy on Trademarks and Unfair Competition § 32:123 (5th ed. 2019) ("[T]here is no such thing as a legal fact or an equitable fact. Facts are neutral and change their legal or equitable complexion according to the remedy which is

requested. . . . . If the remedy requested is 100% equitable, there is equally no doubt that no party has the right to a jury trial and the judge decides both facts and law.). Here, the Court has already found that Defendants acted willfully.  But, even if it had not, Defendants' willfulness is an equitable issue because the only remaining issues for trial are equitable remedies.

Statutory damages are an equitable remedy and the Court can award Yuga Labs the maximum statutory damages provided by the ACPA.  15 U.S.C. § 1117(d) (providing for statutory damages in an amount of $1,000 to $100,000 per domain name, "as the court considers just.").  Defendants' contention that Yuga Labs cannot obtain more than the minimum of statutory damages is false.  Indeed, courts are given "wide discretion" in determining the appropriate amount of ACPA damages.  *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09-08982 MMM (MANx), 2010 WL 11597623, at *10 (C.D. Cal. Nov. 19, 2010).  Moreover, courts are not required to refer the issue of statutory damages to a jury.  *See Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014) ("The district court did not err in calculating statutory damages rather than holding a jury trial on that issue because the ACPA allows for statutory damages between $1,000 and $100,000, 'as the court considers just.' 15 U.S.C. § 1117(d)."); *Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc.*, No. CV 10-3738-AB (CWX), 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) ("[T]here is no right to a jury trial for the assessment of statutory damages.").

(b)   The elements required to establish Plaintiff's claims are:

**Claim 1:** False Designation of Origin.  Yuga Labs has the burden of proving:

- Yuga Labs' BAYC Marks are valid, protectable trademarks;
- Yuga Labs owns the BAYC Marks; and
- Defendants used a BAYC Mark, or a mark similar to a BAYC Mark,

without the consent of Yuga Labs in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.6 (modified).

The Court granted summary judgment in favor of Yuga Labs as to its first claim for false designation of origin and concluded that Yuga Labs is entitled to injunctive and monetary relief (Dkt. No. 225 at 13). Accordingly, the only remaining issues to be proven at trial with respect to Yuga Labs' first cause of action are the scope of injunctive relief, the just award of Defendants' profits to Yuga Labs, and whether this is an exceptional case entitling Yuga Labs to an award of attorneys' fees under 15 U.S.C. § 1117.

**Claim 3:** Cybersquatting. Yuga Labs has the burden of proving:

- Defendant Ripps or Defendant Cahen registered, trafficked in, or used a domain name;
- The domain name is identical or confusingly similar to a protected mark owned by Yuga Labs; and
- Defendant Ripps or Defendant Cahen acted with bad faith intent to profit from Yuga Labs' mark.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, Comment to No. 15.31; 15 U.S.C. § 1125(d); *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1219 (9th Cir. 2010).

The Court granted summary judgment in favor of Yuga Labs as to its third cause of action for cybersquatting and concluded that Yuga Labs is entitled to injunctive relief and damages (Dkt. No. 225 at 15). Accordingly, the only remaining issues to be proven at trial with respect to Yuga Labs' third cause of action are the just award of statutory damages to which Yuga Labs is entitled, the scope of injunctive relief, and whether this is an exceptional case entitling Yuga Labs to an

1  award of attorneys' fees under 15 U.S.C. § 1117.  *Academy of Motion Picture Arts*

2  *& Sciences v. GoDaddy, Inc.*, No.: CV 10-3738-AB (CWx), 2015 WL 12697732, at

3  *4 (C.D. Cal. Apr. 10, 2015) ("[T]he ACPA, as discussed above, is not based on

4  common law principles.  [Citation omitted.]  Additionally, as demonstrated by the

5  Ninth Circuit's more recent ruling in *Two Plus Two Publishing*, there is no right to a

6  jury trial for the assessment of statutory damages.").

7

8     (c)  In brief, the key evidence Plaintiff relies on for each of the claims is:

9

10  **Claim 1:** False Designation of Origin.

11     The Court has already found that Yuga Labs successfully proved each element

12  of its False Designation of Origin claim on summary judgment.  *See* Dkt No. 225.

13  To prove Yuga Labs' remedies with regard to this claim, Yuga Labs intends to use

14  the following evidence.

15      • Evidence showing that Defendants' use of the BAYC Marks to sell

16       the same underlying products (NFTs), using the same underlying

17       images as authentic BAYC NFTs, marketing them with the same

18       "Ape ID" identifying numbers, and selling them in the same NFT

19       marketplaces was likely to and did cause confusion, including but

20       not limited to surveys conducted by an independent expert, public

21       statements by third parties, private communications among

22       Defendants and their business partners, and witness testimony;

23      • Evidence that Yuga Labs suffered harm to its brand equity and

24       goodwill as a result of Defendants' infringement and the resulting

25       confusion, impacting its sales, profits, and future earnings, including

26       but not limited to testimony and findings from independent experts

27       and testimony from a founder of Yuga Labs and the former CEO of

28       Yuga Labs;

- Evidence that Yuga Labs has experienced injury to its general business reputation, such as changed dynamics with its prospective business partners as a result of Defendants' infringement, including but not limited to testimony and findings from independent experts and testimony from a founder of Yuga Labs and the former CEO of Yuga Labs;

- Evidence showing Defendants' profits from the sales of the RR/BAYC NFTs, including but not limited to testimony and findings from an independent expert in the field;

- Evidence showing measures Yuga Labs would have to take in the future to correct and mitigate instances of confusion caused by Defendants' infringement, including but not limited to testimony and findings from an independent expert in the field;

Evidence showing the additional unjust enrichment to Defendants as a result of their infringement, including but not limited to testimony and findings from an independent expert in the field.

**Claim 3:** Cybersquatting.

The Court has already found that Yuga Labs successfully proved each element of its cybersquatting claim on summary judgment based on evidence in the record showing that: Yuga Labs owns the BAYC Marks, which are valid and enforceable; Defendants registered or used rrbayc.com and apemarket.com, which incorporate the BAYC Marks; and Defendants had a bad faith intent to profit from their use of the BAYC Marks. *See* Dkt. No. 225 at 6-10, 14, 15. Yuga Labs does not intend to present further evidence as to its entitlement to statutory damages; it will rely on the record on its motion for summary judgment and the Court's Order on that motion. To prove Yuga Labs' remaining remedies with regard to this claim, Yuga Labs intends to use the following evidence.

- Evidence that Yuga Labs is entitled to injunctive relief and the scope

1   of the relief necessary to prevent future harm to Yuga Labs and

2   whether this is an exceptional case entitling Yuga Labs to an award

3   of attorneys' fees under 15 U.S.C. § 1117.

4   **<u>Defendants' Position</u>**

5   (a)     Claims at issue:[2]

6       Yuga Labs has "withdraw[n] all legal remedies" and elected to "proceed to

7   trial solely on its prayer for equitable remedies" for Claims 1 and 3. *See* Dkt. 315 at

8   2. The remaining issues for trial are therefore:

9       (1) whether Yuga Labs is entitled to disgorgement of Defendants' profits;

10      (2) if so, what portion of Defendants profits is attributable to the use of Yuga

11  Labs's trademarks, as distinct from other factors;

12      (3) the scope of an appropriate injunction; and

13      (4) whether this is an "exceptional case" warranting an award of attorneys'

14  fees notwithstanding the lack of willful infringement.

15      Defendants dispute two aspects of Yuga Labs's statement of the claims at

16  issue. ***First***, Yuga states in connection with its request that the Court find this to be

17  "an exceptional case of intentional infringement," Dkt. 149, at 13, that it would be a

18  "waste of time" to litigate the issue of willful infringement for purposes of

19  exceptionality. But the issue of willful infringement is a question of law for the jury,

20  and an issue that Yuga abandoned when it expressly "withdr[ew] all legal remedies"

21  ───────────────

[2] The Court entered summary judgment in Yuga's favor on claims 1 and 3 and concluded that Yuga is entitled to monetary damages and injunctive relief. *See* Dkt. No. 225 at 22. The Court also rejected Defendants' defense that Yuga's complaint failed to state a claim on which relief could be granted (*see* Dkt. No. 62), dismissed or struck each of Defendants' counterclaims (*see* Dkt. No. 156), and entered summary judgment in Yuga's favor on Defendants' second defense (First Amendment), third defense (fair use); and seventh defense (unclean hands). Defendants expect to appeal these determinations following entry of final judgment. The non-inclusion of these claims and defenses here does not constitute waiver of the appealability of the Court's Order (Dkt. No. 225) regarding these claims or defenses, nor does it constitute waiver of any of those claims or defenses for purposes of a retrial if the Court's Order (Dkt. No. 225) is reversed or vacated in whole or in part on appeal.

and elected to "proceed to trial solely on its prayer for equitable remedies."  Dkt. 315 at 2; *see also* Dkt. 229-1, at 10 ("Yuga Labs is not pursuing a finding of willful trademark infringement").  *See, e.g.*, *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. 13-cv-05167-BRO (MANx), 2015 WL 4517846, at *8 (C.D. Cal. July 24, 2015) (willfulness decided by jury as question of law); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1337-38 (Fed. Cir. 2018) (explaining that "the standard articulated in *Halo* . . . mandates that willfulness is an issue for the jury, not the district court" (citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016) and *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 104-07 (2015).  By electing trial "solely on its prayer for equitable remedies," Yuga Labs has waived its claim of willful infringement, and Defendants are entitled to a finding that their infringement was ***not*** willful.

**Second**, Defendants dispute Yuga Labs's contention that the amount of statutory damages for Yuga Labs's Claim 3 (cybersquatting) remains at issue for trial. Yuga Labs's abandonment of all legal remedies also precludes it from recovering anything above the minimum amount of statutory damages for cybersquatting, because any amount above the statutory minimum is a legal issue.  *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011) (holding that there is right to jury trial on amount of statutory damages unless "a judge awards the minimum statutory damages"); *Black v. Irving Materials, Inc.*, 17-cv-06734-LHK, 2019 WL 13199612, at *3 (N.D. Cal. May 29, 2019) ("Thus, the Court finds that there is ample authority for trying ACPA claims and the determination of whether to award statutory damages to a jury."); *Versace v. Awada*, 03-CB-3254-GAF, 2009 WL 10673371, at *7 (C.D. Cal. Sep. 4, 2009) ("Strictly construing Rule 38, the Court will not permit Plaintiff to withdraw its demand for a jury trial because Defendants do not consent, and because the law holds clearly that Defendant has a right to a jury determination of statutory damages.").  Yuga Labs's waiver of all legal remedies thus forecloses it from recovering anything above the minimum statutory damages for cybersquatting

($1,000 per domain, for a total of $2,000).

(b)     The elements required to establish Plaintiff's claims are:

**Claim 1:** False Designation of Origin. The Court has determined that Defendants infringed the BAYC Marks.

Source: Dkt. No. 225 at 22.

**Claim 3:** Cybersquatting.   The Court has determined that Defendants' registration and use of the domain names domain names https://rrbayc.com/ and https://apemarket.com/ constituted cybersquatting under the Anti-Cybersquatting Consumer Protection Act.

Source: Dkt. No. 225 at 22.

**Disgorgement of Profits:** Yuga Labs may be entitled to any profits earned by the Defendants that are attributable to the infringement (as opposed to factors other than use of the trademarks), which Yuga Labs proves by a preponderance of the evidence are equitably recoverable.  A trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 15.29; *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492, 1494, 1497 (2020); *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 478 (1962).

**Statutory Damages for Cybersquatting:** Yuga is entitled to the statutory minimum of $1,000 for each of the two violations, for a total of $2,000.

Source: Dkt. No. 225 at 22; *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011); *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998); *Black v. Irving Materials, Inc.*, 17-cv-06734-LHK, 2019 WL 13199612, at *3 (N.D. Cal. May 29, 2019); *Versace v. Awada*, 03-CB-3254-GAF, 2009 WL 10673371, at *7 (C.D. Cal. Sep. 4, 2009).

**Injunctive Relief:** The Court has determined that Defendants have infringed the BAYC Marks.  The Court may grant an injunction according to the principles of

equity and upon such terms as the court may deem reasonable, to prevent the violation" of trademark rights and to prevent unfair competition.

Source: Dkt. No. 225 at 22; 15 U.S.C. § 1116(a); *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 948 (9th Cir. 2002).

**Exceptional Case:** A court determines if a case is exceptional by considering the totality of the circumstances and evaluating whether the case is one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated, based on a preponderance of the evidence. Traditionally, the term "exceptional case" generally has been taken to mean cases in which the trademark infringement is "willful" (though Yuga Labs withdrew its claim of willful infringement and is not pursuing a finding of willfulness).

Source: *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1223 (9th Cir. 2023); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993).

(c)     Defendants expect to refute the evidence that plaintiff has identified in support of each of its claim. In addition, the key evidence Defendants rely on for each of the disputed claims is:

**Disgorgement of Profits:**

- Evidence, including the testimony of Defendants, concerning their mental state;
- Evidence, including the testimony of Defendants and third parties, concerning the reasons for customers' purchases of RR/BAYC NFTs, including as a protest against Yuga Labs and/or in support of the artistic work of Mr. Ripps;
- Evidence, including the testimony of Yuga Labs employees and Yuga Labs's expert witnesses, that sales of RR/BAYC NFTs were

not attributable to confusion with BAYC NFTs;

- Evidence, including the testimony of defendants, concerning costs associated with the RR/BAYC NFTs.
- Evidence that defendants had a good faith belief that their activity was not improper;
- Evidence that defendants had a good faith belief that their activity was artistic expression.

**Injunctive Relief:**

- Evidence, including the testimony of Defendants and third parties, concerning the reasons for customers' purchases of RR/BAYC NFTs, including as a protest against Yuga Labs and/or in support of the artistic work of Mr. Ripps;
- Evidence, including the testimony of Yuga Labs employees and Yuga Labs's expert witnesses, that sales of RR/BAYC NFTs were not attributable to confusion with BAYC NFTs

**Exceptional Case:**

- Evidence, including the testimony of Defendants, concerning their mental state;
- Evidence, including the testimony of Yuga Labs employees, concerning Yuga Labs's litigation conduct;
- Evidence, including the testimony of Yuga Labs employees and Yuga Labs's expert witnesses, that sales of RR/BAYC NFTs were not attributable to confusion with BAYC NFTs;
- Evidence, including the testimony of defendants, concerning costs associated with the RR/BAYC NFTs.
- Evidence that defendants had a good faith belief that their activity was not improper;
- Evidence that defendants had a good faith belief that their activity

was artistic expression

## 8.   REMAINING TRIABLE ISSUES

In view of the Summary Judgment Order, the admitted and stipulated facts, and elements required to establish the remaining claims and remedies, the Parties agree that the following issues remain to be tried:

- Whether Yuga Labs is entitled to disgorgement of Defendants' profits from their infringing activity, and if so the dollar amount of any such disgorgement;
- The amount of statutory damages to which Yuga Labs is entitled to remedy Defendants' cybersquatting;[3]
- The scope of injunctive relief for trademark infringement and cybersquatting to which Yuga Labs is entitled to prevent and remedy harm caused by Defendants' actions; and

Whether this is an exceptional case entitling Yuga Labs to an award of attorneys' fees under 15 U.S.C. § 1117.

## 9.   DISCOVERY

All discovery is complete.

## 10.   DISCLOSURES AND EXHIBIT LISTS

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of parties has been filed under separate cover, as Dkt. No. 312, as required by L.R. 16-6.1.  The Parties are continuing to narrow the exhibits prior to trial and, pursuant to the Civil Trial Order, will prepare and file a final pre-trial exhibit stipulation on July 24, 2023.

---

[3] Yuga Labs contends that the Court may determine statutory damages under the ACPA and it is entitled to the maximum amount of statutory damages.  Defendants contend that, by seeking only equitable remedies, Yuga Labs has also abandoned the right to statutory damages above the minimum.

Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:[4]

Plaintiff objects to Exhibit (JTX) Nos. JTX-209, JTX-211, JTX-221, JTX-230, JTX-248–250, JTX-254, JTX-266–68, JTX-279, JTX-284–286, JTX-296, JTX-302, JTX-306, JTX-307, JTX-312, JTX-313, JTX-406–408, JTX-414, JTX-2025–39, JTX-2045, JTX-2050, JTX-2061, JTX-2074, JTX-2075, JTX-2081, JTX-2083, JTX-2093, JTX-2094, JTX-2096–101, JTX-2103, JTX-2108, JTX-2110, JTX-2112, JTX-2115, JTX-2117, JTX-2121–2123, JTX-2129, JTX-2130, JTX-2133–35, JTX-2139, JTX-2141–43, JTX-2155, JTX-2157, JTX-2160–65, JTX-2204, JTX-2207, JTX-2211, JTX-2212, JTX-2214, JTX-2230, JTX-2231, JTX-2233, JTX-2250–2252, JTX-2254, JTX-2259–61, JTX-2264, JTX-2265, JTX-2278, JTX-2280, JTX-2282–86, JTX-2288, JTX-2289, JTX-2295, JTX-2296, JTX-2301, JTX-2308, JTX-2309, JTX-2313, JTX-2315, JTX-2316, JTX-2319, JTX-2320, JTX-2322, JTX-2323, JTX-2327–29, JTX-2333, JTX-2338–40, JTX-2344–46, JTX-2351, JTX-2352, JTX-2354, JTX-2365, JTX-2373, JTX-2393, JTX-2410, JTX-2412, JTX-2414, JTX-2415, JTX-2418–21, JTX-2428, JTX-2431, JTX-2432, JTX-2434, JTX-2502, JTX-2507, JTX-2521–23, JTX-2587, JTX-2589–93, JTX-2595–99, JTX-2605–07, JTX-2614–21, JTX-2633, JTX-2634, JTX-2637, JTX-2638, JTX-2649–51, JTX-2653, JTX-2654, JTX-2659–62, JTX-2664–68, JTX-2672–75, JTX-2684–93.

Defendants object to Exhibit (JTX) Nos. JTX-1, and JTX-621.

The objections and grounds therefor are set forth in the Parties' Pre-Trial Exhibit Stipulation, filed under separate cover as Dkt. No. 312.

## 11.   WITNESS LISTS

Witness lists and related objections of the parties have been filed with the Court as Dkt. Nos. 235, 237 and 249.  Plaintiff no longer intends to call Wylie

---

[4] Per the parties' agreement under the Joint Statement re Objections in Revised Pre-Trial Exhibit Stipulation (Dkt. No. 261), both parties have reserved the right to seek leave to reintroduce or object to those withdrawn exhibits listed in the Joint Statement and subject to the presentation of evidence at trial.

Aronow or Thomas Lehman.  Defendants no longer intend to call Damon Dash, Patrick Ehrlund or Guy Oseary.  Pursuant to the Civil Trial Order, the parties will prepare and file witness declarations on July 17, 2023.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  Following the June 16, 2023 hearing, the Parties met and conferred and agreed that they will file their revised joint submissions regarding deposition designations on June 30, 2023.  For this purpose, the following depositions have been lodged with the Clerk as required by L.R. 32-1:

Thomas Lehman, Wylie Aronow, Kerem Atalay, Jeremy Cahen, Nicole Muniz, Ryder Ripps, Gregory Solano, Ryan Hickman.

Yuga Labs intends to call the following expert witnesses at trial: Jonah Berger, Lauren Kindler, and Laura O'Laughlin.

Plaintiff objects to the presentation of testimony on certain topics by: Wylie Aronow, Kerem Atalay, Thomas Lehman, Nicole Muniz, Gregory Solano, Jeremy Cahen, Ryan Hickman, and Ryder Ripps.  Plaintiff has objected to certain deposition designations made by Defendants for the following witnesses:  Ryder Ripps, Jeremy Cahen, Ryan Hickman, Wylie Aronow, Kerem Atalay, Thomas Lehman, Nicole Muniz, and Gregory Solano.

Defendants object to the presentation of any testimony by the following witnesses: Laura O'Laughlin.  Defendants also object to the presentation of testimony on certain topics by: Kerem Atalay.  Defendants have further objected to certain deposition designations made by Plaintiffs for the following witnesses: Kerem Atalay, Jeremy Cahen, Ryan Hickman, Nicole Muniz, Ryder Ripps, and Gregory Solano.

## 12.    MOTIONS IN LIMINE

The following law and motion matters and motions *in limine*, and no others,

are pending or contemplated:

The parties have filed joint briefing on the following motions by Plaintiff:

Motion *in Limine* No. 1 to Exclude "Inflammatory Material"

Motion *in Limine* No. 2 to Exclude References to Defendants' Purported Artistic Intent

Motion *in Limine* No. 3 to Exclude Evidence of Alleged Third-Party Use of Marks

Motion *in Limine* No. 5 to Exclude Evidence that the BAYC Terms Devalued the BAYC Marks

The parties have filed joint briefing on the following motion by Defendant:

Motion *in Limine* No. 6 to Exclude the Testimony of Laura O'Laughlin

## 13.    BIFURCATION OF ISSUES

Bifurcation of the following issues for trial is ordered: None.

## 14.    ADMISSIONS

The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues remaining to be litigated, this revised final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Date: _____, 2023        _____
                                             Honorable John F. Walter
                                             UNITED STATES DISTRICT JUDGE

1   Approved as to form and content.

2

3   By: /s/ Eric Ball
        Eric Ball
4       Attorneys for Plaintiff
        YUGA LABS, INC.
5

6

7   By: /s/ Louis W. Tompros
        Louis W. Tompros
8       Attorneys for Defendants
        RYDER RIPPS and JEREMY CAHEN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28