ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
WILMER CUTLER PICKERING
       HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
       HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>        Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT NOTICE OF PLAINTIFF'S REVISED DESIGNATED WITNESS TESTIMONY OF JEREMY CAHEN**<br><br>Trial Date:  July 31, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to the Court's Civil Trial Order of June 7, 2022 (Dkt. 284) and the Court's June 16, 2023 hearing (Dkt. 317), Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Plaintiff's designated deposition testimony of Jeremy Cahen.

**Jeremy Cahen – Plaintiff's Designations**

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>10:14–16</u> *[Defendants' Counter Designation]*<br><br>*14 If you don't understand a question, let me*<br>*15 know, and we can see if there is any clarity that*<br>*16 will be helpful for you.* | FRE 401-403<br><br>This instruction by counsel is not testimony.<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | This statement from counsel provides context for testimony that Yuga has designated in which the witness asks for clarification and says that he does not understand a question. Yuga has designated testimony below in which the witness says he does not understand, which could leave the misleading impression that the witness was being uncooperative; in fact, the witness was asking for clarification just as counsel requested. |
| <u>11:5–11:9</u> *[Defendants' Counter Designation]*<br><br>*5 Q Will you please state your full name for*<br>*6 the record.*<br>*7 A You want my middle name as well?* | No objection<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it | Defendants' counter-designation allows the witness to introduce himself, to provide context for the remaining designated testimony. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *8 Q Yes, sir.*<br><br>*9 A Okay. Jeremy Jaques Cahen* | is not being offered for completeness under Fed. R. Evid. 106. | |
| <u>*15:4–15:12*</u> *[Defendants' Counter Designation]*<br><br>*4 Q Have you received any income in 2022?*<br>*5 A I think the reason that that question is*<br>*6 confusing to me is because I'm not sure how you*<br>*7 would define "income." That's what I'm having*<br>*8 trouble with. I'm not -- I don't really understand*<br>*9 that question because income is a term that like I*<br>*10 would discuss with like an accountant or something*<br>*11 like that, and it's just unclear to me what that*<br>*12 means.* | No objection<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | Yuga's following designation ("What are your sources of income") uses the word "income" which the witness had previously (in this counter-designated testimony) said was being used confusingly. This testimony explains that confusion and explains why the witness's answer was confused. |
| <u>23:17–24:25</u><br><br>Q What are your sources of income, sir?<br>18 A What are my sources of income? I don't<br>19 understand the question.<br>20 Q You just said you have various sources of<br>21 income. What are those sources?<br>22 A I still don't understand how you would | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 23 define "income." I think that in order -- and I use<br>24 the word because I'm responding to you.<br>25 But like I stated before, I don't<br>1 understand what our working definition of "income"<br>2 is. And I'm happy to answer the question. But it<br>3 would be helpful if we could define what that means.<br>4 Q Money coming to you.<br>5 A Sources of money coming to me. Friends<br>6 have sent me money. I've made money from trading<br>7 digital assets. I've made money from real estate<br>8 that I own. Those are things that come to mind.<br>9 Q Anything else?<br>10 A Not that comes to mind.<br>11 Q And how much money have you made from<br>12 trading assets in the last year?<br>13 A I don't know.<br>14 Q Approximately?<br>15 A I couldn't guess.<br>16 Q More or less than $100,000?<br>17 A I don't know.<br>18 Q You don't know if you made more or less<br>19 than $100,000?<br>20 A I would have to check. You know, there's<br>21 so many different factors that go into that in terms<br>22 of expenses, business expenses. | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 23 Like I said, I think that would probably be<br>24 an easier question for my accountant or someone like<br>25 that. | | |
| <u>37:23–38:17</u><br><br>23 Q. What is the name of the token for the<br>24 RR BAYC NFT's?<br>25 A. I would have to check the block explorer to<br>1 explain to you. I believe it's Bored Ape Yacht<br>2 Club. And when I say "Bored Ape Yacht Club," what<br>3 I'm referring to very specifically is I believe that<br>4 the name of the RR BAYC NFT contract that this<br>5 dispute is about is Bored Ape Yacht Club on<br>6 Etherscan.IO, E-T-H-E-R-S-C-A-N, dot IO.<br>7 On Etherscan.IO, there will be what is<br>8 called a token tracker for a given contract. And<br>9 that should have -- my recollection of that is that<br>10 the name of that is Bored Ape Yacht Club on the<br>11 Etherscan Ethereum blockchain Explorer.<br>12 I'm going to have to try to speak slow<br>13 because I take for granted that a lot of this stuff | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 14 is very technical.<br>15 But that's, you know -- that's what a lot<br>16 of this is about. We want to educate people about<br>17 how this stuff functions. | | |
| <u>42:11–42:25</u><br><br>11 Q You are not familiar with the tracker Bored<br>12 Ape Yacht Club on Etherscan?<br>13 MR. TOMPROS: Same objection.<br>14 THE WITNESS: Yeah, I still don't understand the<br>15 question. I don't understand what you mean when you<br>16 say "tracker."<br>17 BY MR. BALL:<br>18 Q It says there "tracker."<br>19 A Yes. But I'm not sure what this is. I<br>20 don't know if -- this is just words on a piece of<br>21 paper. It's not meaningful to me in the context of<br>22 electronic assets.<br>23 Q Why not?<br>24 A Because it's a organic piece of paper with<br>25 ink printed on it. | No objection | |
| <u>51:16–52:14</u><br><br>16 Q What is your role in connection with the<br>17 sale of RR BAYC NFT's?<br>18 A I don't understand how to | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| answer that<br>19 question without more context. The sale of<br>20 RR BAYC's? Yeah, that's -- I can't -- I don't know<br>21 how to answer that question.<br>22 Q I'm asking you to provide the context.<br>23 What is your role in the sale of the RR BAYC's?<br>24 A I'm not sure what you mean when you say the<br>25 "RR BAYC's."<br>1 Q The RR BAYC NFT's that are at issue in this<br>2 dispute.<br>3 A Still not clear to me what that is<br>4 referring to.<br>5 Q Why not?<br>6 A Well, like I explained before, there is<br>7 different blockchain networks. And I would need a<br>8 specific contract address in order to reference a<br>9 specific token.<br>10 Q And we provided you a specific contract<br>11 address referencing a specific token, and you still<br>12 had no idea what we were talking about?<br>13 A What you showed me before, I can verify.<br>14 It was a piece of paper. | | |
| 52:24–53:2 *[Defendants' Counter Designation]* | No objection<br><br>Defendants' counter- | This counter-designation is a follow up question |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *24 Q How can we make you comfortable that we are*<br>*25 talking about the sales of what you and Mr. Ripps*<br>*1 have been selling and promoting for the last six*<br>*2 months --* | designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | that directly responds to the testimony designated immediately above concerning the witness's discomfort with answering the question as asked. |
| 53:5–53:6 *[Defendants' Counter Designation]*<br><br>*5 Q -- that are at issue in this dispute?*<br>*6 A I feel comfortable.* | No objection<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | This counter-designation is a follow up question that directly responds to the testimony designated immediately above concerning the witness's discomfort with answering the question as asked. |
| 59:7–59:16<br><br>7 Q And what is an RR BAYC NFT?<br>8 A I don't know. Without context, I don't<br>9 know what that means. Just the same way that I<br>10 don't know what a BAYC NFT is without context. I --<br>11 you -- yeah.<br>12 It's -- it's -- the blockchain is<br>13 complicated. A lot of people don't have the<br>14 technical expertise or knowledge | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| to be able to have<br>15 a conversation about crypto technology and<br>16 blockchain technology. | | |
| 73:17–74:5<br><br>17 Q And you see below that, it says "Bored Ape<br>18 Yacht Club." Correct?<br>19 A Yes.<br>20 Q It doesn't say Ryder Ripps Bored Ape Yacht<br>21 Club?<br>22 A What I'm looking at says "Bored Ape Yacht<br>23 Club."<br>24 Q It doesn't say RR BAYC?<br>25 A What I'm looking at says "Bored Ape Yacht<br>1 Club."<br>2 Q And above that, it says "BAYC." Not<br>3 RR BAYC. Correct?<br>4 A What I'm reading is the letters B-A-Y-C and<br>5 below that, Bored Ape Yacht Club. | No objection | |
| 80:14–81:16<br><br>14 Q You see there in the upper left-hand<br>15 corner, "RR" and then slash?<br>16 A The white square?<br>17 Q Yes.<br>18 A Yes, I see that.<br>19 Q And next to that, it says "RR | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| BAYC" on<br>20 Exhibit 82?<br>21 A Next to the white square?<br>22 Q Yes.<br>23 A It says "RR" -- this is in bold, white<br>24 letters. It says "RR BAYC." And then below that,<br>25 in that small font that's hard to read, it says –<br>1 looks like it says "RR/BAYC."<br>2 Q Okay. What does RR BAYC refer to?<br>3 A I don't know. Without context, I can't<br>4 tell you. It could mean all kinds of things.<br>5 Q What is one thing that it can refer to?<br>6 A It could mean Ronald Reagan bought apples<br>7 yesterday classy. I don't know. It could mean --<br>8 it could mean -- that acronym could mean anything.<br>9 Q Have you ever used that acronym before?<br>10 A Yes. I have used that acronym before.<br>11 Q And what have you used it to refer to?<br>12 A When I've used that acronym, it refers to<br>13 Ryder Ripps Bored Ape Yacht Club. 5<br>14 Q And what is that?<br>15 A Without context, I need you to be more | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 16 specific. | | |
| 81:17–82:16 *[Defendants' Counter Designation]*<br><br>*17 Q I need your testimony, not mine. And you 7*<br>*18 just said you've used that acronym to refer to -- 0*<br>*19 you used acronym RR BAYC to refer to Ryder Ripps 5*<br>*20 Bored Ape Yacht Club?*<br>*21 A Correct. That's what I've used it for.*<br>*22 Q So in what context have you used that*<br>*23 acronym?*<br>*24 A In what context have I used the acronym*<br>*25 RR BAYC?*<br>*1 Q Correct.*<br>*2 A The context that I typically use that*<br>*3 acronym for would be in reference for an art project*<br>*4 that was created by Ryder Ripps. And that art*<br>*5 project is a piece of conceptual art which is a*<br>*6 powerful criticism of Nazism, racism, financial*<br>*7 fraud, pedophilia. And it also involves*<br>*8 institutions such as FTX, who has perpetuated the*<br>*9 greatest fraud in the history of United States*<br>*10 finance, and also OpenSea, who's* | 81:1782:16<br><br>FRE 401-404; 602; 701-702; MIL 1; MIL 2<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. The witness also lacks foundation for the testimony. The witness is also purporting to offer an expert opinion for which he is not qualified to offer.<br><br>Defendants' counter- | This counter-designation is proper because it is a direct follow-up question and answer to the testimony designated above, where the witness asks for additional context, and then answers fully when that context is provided.<br><br>The testimony is relevant because it directly discusses the RR/BAYC project that has been found to infringe and is at issue for purposes of disgorgement of profits. As a defendant and one of the contributors to the project, Mr. Cahen should be allowed to testify about what it is (particularly given Yuga's own designation above of testimony about the nature of the project).<br><br>Yuga's Motions *in* |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *business partners* *11 with them, and law firm known as Fenwick & West, who* *12 is also business partners with them.* *13 So that's what I refer to typically when I* *14 use the acronym RR BAYC.* *15 Q Anything else?* *16 A Not that comes to mind right now.* | designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | *Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). This is not character evidence and it is not meant to draw an inference that anyone has any character trait, nor that they acted in conformity with that character trait. The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. The evidence does not include any expert opinion.  It includes information within the witness's personal knowledge. |
| 89:18–90:2 | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 18 Q Mr. Ian, who is a friend of yours that you<br>19 don't know his last name --<br>20 A Correct.<br>21 Q -- what is his role in the RR BAYC project?<br>22 A He has no role in the RR BAYC project. The<br>23 RR BAYC project involved four people. And Ryder is<br>24 one of them. I am one of them. Tom Lehman is<br>25 another one of them. And Ryan Hickman is the<br>1 fourth. Those are the people that are on the team<br>2 of the project. It's a small team. | | |
| 93:24–94:5 *[Defendants' Counter Designation]*<br><br>*24 Q There are tokens that are involved in the*<br>*25 RR BAYC project. Correct?*<br>*1A Yes. Tokens are part of the art project.*<br>*2 Yes. That's correct.*<br>*3 Q Okay.*<br>*4 A And they are a very important part of the*<br>*5 art project.* | FRE 401-403; 701-702; MIL 2<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. The witness is also purporting to offer an expert opinion for which he is not qualified to offer.<br><br>Defendants' counter- | This counter-designation is proper because it provides the antecedent basis and context for the "tokens" asked about in the immediately following testimony that Yuga has designated.<br><br>The testimony is relevant because it directly discusses the RR/BAYC project that has been found to infringe and is at issue for purposes of disgorgement of |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | profits.  As a defendant and one of the contributors to the project, Mr. Cahen should be allowed to testify about what it is (particularly given Yuga's own designation below of testimony about the nature of the project).  The testimony is not prejudicial and any prejudice is outweighed by the probative value (particularly given the fact that Yuga has abandoned all legal remedies and jury issues).<br><br>Yuga's Motions *in Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>The evidence does not include any |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | expert opinion. It includes information within the witness's personal knowledge. |
| <u>94:16–95:9</u><br><br>16 Q And what is a token tracker associated with<br>17 those tokens that are part of the RR BAYC project?<br>18 A My understanding is that the token tracker<br>19 which displays on Etherscan.IO for the RR BAYC<br>20 nonfungible tokens -- the token tracker I believe is<br>21 Bored Ape Yacht Club and then parentheses BAYC.<br>22 It -- it is what is on this document. However, this<br>23 is just an image. So -- like this lettering here.<br>24 Q Okay. And by "this document," you are<br>25 referring to Exhibit 80?<br>A Just to be clear, when it says just the<br>2 No. 80 -- it doesn't need to say exhibit. Just the<br>3 number is the number of the exhibit. Yeah.<br>4 So this is Exhibit 80, where it says here<br>5 "tracker," and then it has this -- it's not a great<br>6 copy. But on the Etherscan.IO website, that would<br>7 usually be the Ethereum | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | Response to Incomplete Objection [95:10-96:3]:<br>FRE 401–403; 701-702<br><br>The undesignated portion of this answer contains Mr. Cahen's narrative regarding token creation on blockchains and hypothetical situations and is not responsive to the question asked regarding a clarification of a term on a specific exhibit. It is also improper unqualified expert testimony regarding the technical details. This narrative is unhelpful and confusing testimony. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| blockchain logo, and then<br>8 next to that. It has the name of the token<br>9 contract. | | |
| 99:2–99:23<br><br>2 Q What are -- what Twitter accounts do you<br>3 have?<br>4 A Me? Gosh, I have more than I can remember.<br>5 Q What is the one that you use in connection<br>6 with the RR BAYC project?<br>7 A The -- I think the ones that are relevant<br>8 to litigation would be at -- at symbol Pauly,<br>9 P-A-U-L-Y, 0X. And the other one would be at, at<br>10 symbol, Ape, A-P-E, Marketplace,<br>11 M-A-R-K-E-T-P-L-A-C-E. Those two.<br>12 Q Does anyone else have control of the Ape<br>13 Marketplace Twitter account?<br>14 A I haven't used it in quite a while. But my<br>15 understanding is that I'm the sole administrator of<br>16 that account.<br>17 Q So anything posted on that account would<br>18 be -- come from you?<br>19 A Correct. If my understanding is correct,<br>20 which is -- which is old. Like I | No objection. | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| said, I haven't<br>21 used it in months. But I don't recall anyone else<br>22 ever* having control over that Twitter. My understanding<br>23 is that it was 100 percent under my administration.<br>*Subject to errata | | |
| <u>100:18–100:22</u><br><br>18 I'm asking about* in your knowledge, what does the Ape<br>19 Marketplace refer to?<br>20 A. Ape Marketplace refers to a -- a NFT -- a<br>21 nonfungible token marketplace that was in<br>22 development prior to being sued by Yuga Labs.<br>*Subject to errata | No objection | |
| <u>101:7–102:4</u> *[Defendants' Counter Designation]*<br><br>*7 Q You were just in the ideation stage?*<br>*8 A Yes. Ideation in terms of testing*<br>*9 different models. Testing different structures.*<br>*10 Discussing and sort of bouncing ideas off of one*<br>*11 another.*<br>*12 That's probably the most fun part about*<br>*13 being part of a development process is getting to*<br>*14 experiment and try different* | FRE 103(c); 401-404; 602; 701-702; MIL 1; MIL 4<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. This testimony should also be | This counter-designation is proper because it is a follow-up question that allows Mr. Cahen to explain his answer in the prior question that Yuga has designated.<br><br>The testimony is relevant because it directly discusses the apemarket.com website and project that is at issue for |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *things. It's great.*<br>*15 But we never got to the point of releasing*<br>*16 the thing because we were sued by Yuga Labs.*<br>*17 Q Why didn't you release it?*<br>*18 A Well, some of the people that were involved*<br>*19 with the lawsuit felt very threatened by a*<br>*20 multi-billion-dollar company suing them for no*<br>*21 reason.*<br>*22 So I think that -- you know, for example,*<br>*23 some of the people that I work with and who were*<br>*24 working on Ape Marketplace, they have children.*<br>*25 They have families. And they don't want to risk*<br>*1 their families' safety, security and well-being*<br>*2 because of threats from a Neo-Nazi and racist*<br>*3. company that is also guilty of significant financial*<br>*4 fraud. That's pretty intimidating to most people.* | excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. The witness also lacks foundation for the testimony.  The witness is also purporting to offer an expert opinion for which he is not qualified to offer.<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | cybersquatting and is at issue for purposes of Yuga's cybersquatting damages claim (to the extent that Yuga is allowed to pursue any damages above the statutory minimum).  As a defendant and one of the contributors to the project, Mr. Cahen should be allowed to testify about its status (particularly given Yuga's own designation above of testimony about the status of the project).<br><br>There is no expert opinion; Mr. Cahen is testifying as to facts related to his own actions.<br><br>This is not character evidence and it is not meant to draw an inference that anyone has any character trait, nor that they acted in conformity with that character trait. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | Yuga's Motion *in Limine* No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). Yuga's Motion *in Limine* No. 4 has been resolved. |
| <u>106:23–107:3</u><br><br>23 Q. So the URI involved with the RR BAYC art<br>24 project --<br>25 A. Yeah. Sure. Go ahead.<br>1 Q. -- that points to the same images that BAYC<br>2 uses --<br>3 A. Yes. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | Response to Incomplete Objection [107:4-9]:<br><br>FRE 103(c); 401-404; MIL 1; MIL 2<br><br>The undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Defendants' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. To the extent Defendants seek to proffer this |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | testimony as character evidence, it is inadmissible for that purpose. |
| <u>110:17–111:12</u> *[Defendants' Counter Designation]*<br><br>*17 Q And how much ETH or Ethereum did you*<br>*18 receive from -- in connection with the RR BAYC*<br>*19 nonfungible tokens?*<br>*20 A I don't have that memorized off the top of*<br>*21 my head. But we produced some accounting of the*<br>*22 project. So you guys should have the whole record*<br>*23 of that.*<br>*24 Q Is that accounting that you produced -- is*<br>*25 that all of the Ethereum or ETH that you received?*<br>*A Yeah. We provided a complete accounting*<br>*2 based on our best good faith efforts of everything*<br>*3 that we could produce.*<br>*4 And in addition to that, it's all*<br>*5 completely public on the blockchain locker. So*<br>*6 anyone has access to it. There's absolutely no way*<br>*7 that I could secretly receive anything on the ETH*<br>*8 network.*<br>*9 Q Outside of the Ethereum network, did you* | FRE 103(c); 602; 701-702<br><br>The witness lacks foundation for the testimony.  The witness is also purporting to offer an expert opinion which he is not qualified to offer.<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | The counter-designation directly responds to Yuga's own designation of testimony about the amount of profit that Mr. Cahen made from RR/BAYC NFTs, which Yuga designated below at 232:12–234:6.<br><br>The testimony is not expert testimony.  It is the witness's factual testimony about his own accounting records. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *10 receive any cash from Mr. Ripps in connection with*<br>*11 the -- in connection with the RR BAYC project?*<br>*12 A No.* | | |
| <u>112:21–112:23</u> *[Defendants' Counter Designation]*<br><br>*21 Q Ape Market was intended to be a profitable 8*<br>*22 platform for yourself? 1*<br>*23 A That is incorrect.* | No objection<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | The testimony is relevant to the amount of statutory damages Yuga should be awarded for Defendants' registration of "apemarket.com." The fact that the website was not intended to be profitable goes to intent and is a factor in the totality of the circumstances that counsels in favor of statutory damages toward the lower end of the range (to the extent that Yuga is allowed to pursue any damages above the statutory minimum).  The evidence is not prejudicial and any prejudice is outweighed by its probative value (particularly given the fact that Yuga has abandoned all |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | legal remedies and jury issues).<br><br>This is not character evidence and it is not meant to draw an inference that anyone has any character trait, nor that they acted in conformity with that character trait. |
| 125:20–126:7<br>20 Q You remember this image but not the<br>21 specific tweets?<br>22 A Correct.<br>23 Q So you don't remember promoting to the<br>24 public that RR BAYC and Ape Market are registered<br>25 trademarks?<br>1 A No. I've never done that myself. I've<br>2 never promoted that.<br>3 Q It's got a tweet here from Ape Marketplace.<br>4 A Yeah, I see that on this page.<br>5 Q And you are the sole operator of the Ape<br>6 Marketplace account?<br>7 A That is correct, yes. | No objection | |
| 126:8–126:13 *[Plaintiff's counter-counter designation]*<br><br>*8 Q And so that's not a promotion to the*<br>*9 public, this tweet?* | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *10 A Image with words on it is not necessarily a*<br>*11 promotion of anything.*<br>*12 Q Statement?*<br>*13 A This is not a statement.* | | |
| <u>130:11–131:5</u><br><br>11 Q You see there the third from the bottom, it<br>12 says, "Per our" -- it says "at Ryder."<br>13 "Per our attorney, we may just need to<br>14 change the skull if we want to fight<br>15 trademark."<br>16 What did you mean by that, sir?<br>17 A I don't know. This is -- this is from many<br>18 months ago, and I would need more context in order<br>19 to understand what this is.<br>20 Q What context would you need?<br>21 A Well, the easiest way for me to know is if<br>22 I could go back to that period of time and be<br>23 totally up to speed with everything that was going<br>24 on at that moment.<br>25 One thing about crypto is that things<br>1 happen quite fast. And if you're trying to keep up<br>2 with that environment, you will notice that. That's<br>3 how it functions. There's a lot that | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| goes on, and<br>4 it's impossible to retain a memory of all these<br>5 things. | | |
| 131:15–132:25<br><br>15 Q And what did your -- do you recall speaking<br>16 to an attorney about Yuga Labs' trademarks?<br>17 A I don't.<br>18 Q Do you know -- do you recall why you may<br>19 just need to change the skull?<br>20 A No. I don't recall that.<br>21 Q And what do you think that the skull refers<br>22 to here from your own statement of "may just need to<br>23 change the skull"?<br>24 A I could guess, but I don't think that would<br>25 be helpful.<br>1 Q I'm asking for your best recollection, sir.<br>2 A I don't have a best recollection.<br>3 Q I'm asking for your -- you have no idea<br>4 what "may just need to change the skull" means?<br>5 A Without context, I have no idea what that<br>6 means.<br>7 Q And the context meaning for you, it would<br>8 just be going back in time?<br>9 A No. I think that there's -- I could | Irrelevant, Speculation, Incomplete (fails to designate full answer)<br><br>Plaintiff further improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | This testimony concerns Defendants' use of the BAYC Ape Skull Logo mark for the marketing and sale of RR/BAYC NFTs and is relevant to Yuga Labs' remedies.<br><br>Mr. Cahen has personal knowledge of his best recollection of his own conversations, so the testimony is not speculative.<br><br>The designation includes all responsive testimony and the only portion not included simply repeats Mr. Cahen's statement that he does not recall what was meant by his own statement, so the designation is not incomplete or misleading. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 10 probably read, you know, a few days' worth of the<br>11 chat. This is a chat that has hundreds of thousands<br>12 of communications in it, I believe.<br>13 Q Did you prepare for this deposition?<br>14 A I would say so, yes.<br>15 Q And did you go back and look at any of your<br>16 chats?<br>17 A I had to go back and look through<br>18 everything in order to produce it as part of the<br>19 litigation, yes.<br>20 Q But you are not familiar with what you<br>21 meant here by,<br>22 "Per our attorney, we may just need to<br>23 change the skull if we want to fight<br>24 trademark"?<br>25 A No, I don't recall -- sorry. | | |
| <u>133:17–134:16</u><br><br>17 Q You have in front of you Exhibit 90?<br>18 A Yes, sir. Yeah. Oh, single -- oh, no.<br>19 There's a little bit on the back side. I see this.<br>20 Yes. Exhibit 90.<br>21 Q You see there it has that same phrase, | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 22 "Per our attorney, we may just need to<br>23 change the skull if we want to fight 9<br>24 trademark"?<br>25 A Yes.<br>1 Q Okay.<br>2 A Oh, this helps it. Now there's context --<br>3 a little bit of additional context here.<br>4 Q And the context being the U.K. registered<br>5 trademark there?<br>6 A I'm not sure what that is. But it looks --<br>7 it's an image certainly of something. There's no<br>8 URL here.<br>9 So yeah. There's an image attached to it.<br>10 That provides additional context certainly.<br>11 Q Do you recall posting that image to the<br>12 chat with Mr. Hwonder and Mr. Ryder Ripps?<br>13 A I don't recall, no.<br>14 Q You don't recall discussing that image with<br>15 an attorney?<br>16 A No, I have no recollection of that. | | |
| <u>148:10–148:13</u><br><br>10 Q Are you aware of people referring to<br>11 collections based on the token | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| name?<br>12 A Oh, yes. I believe that it's very common<br>13 for people to do that. | | |
| 149:10–149:16 [Defendants' Counter Designation]<br><br>10 Q Have you used a token tracker in connection<br>11 with the RR BAYC project?<br>12 A No. Never. Because if I recall correctly,<br>13 the token tracker on the block explorer is Bored Ape<br>14 Yacht Club. So I would refer to Ryder Ripps Bored<br>15 Ape Yacht Club using something like RR BAYC would<br>16 make much more sense. | No objection | |
| 157:16–157:23<br><br>16 Q And you go on in Exhibit 92 to say you want<br>17 to have -- or "getting BAYC and MAYC users to call<br>18 our marketplace their new home."<br>19 A Is that a question?<br>20 Q Is that your statement there, sir, in<br>21 Exhibit 92?<br>22 A Anything that says Pauly Shore was written<br>23 by myself. | No objection | |
| 158:8–158:13 | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 8 Q Is this your statement?<br>9 "And collecting royalties at a<br>10 fraction of what the other big dogs are<br>11 charging"?<br>12 A Anything that is below the user name Pauly<br>13 Shore is a statement that was written by me. | | |
| 158:19–158:22 *[Defendants' Counter Designation]*<br><br>*19 Q Was one of your priorities collecting*<br>*20 royalties at a fraction of what the other big dogs*<br>*21 are charging?*<br>*22 A No. That's not what it says here.* | FRE 401-403; 801-802<br><br>The witness's testimony is non-responsive and irrelevant.  This designation also refers to inadmissible hearsay. | If Yuga's own designation above concerning the "other big dogs" statement is relevant, then this immediately following testimony explaining that statement is equally relevant. The hearsay objection makes no sense, because Yuga itself designated the supposed hearsay statement in its immediately preceding designation. |
| 159:9–159:17 *[Defendants' Counter Designation]*<br><br>*9 Q Was collecting royalties one of your*<br>*10 priorities in the RR BAYC project?*<br>*11 A My priorities have very little to do with* | FRE 401-404; MIL 1; MIL 2<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not | If Yuga's own designation above concerning the "other big dogs" statement is relevant, then this immediately following testimony explaining that |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *12 collecting money or financial anything. My*<br>*13 priorities have more to do with educating people*<br>*14 with examining the truth and with, you know,*<br>*15 stimulating dialogues that lead to a further and*<br>*16 deeper understanding of how this stuff actually*<br>*17 works.* | relevant to this case, waste time, cause undue delay, and are unduly prejudicial. This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Moreover, this testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial. The testimony serves only to waste time and cause undue delay. | statement is equally relevant.<br><br>Yuga's prior designation about the "other big dogs" statement puts Defendants' intent and the context of making that statement at issue.<br><br>There is nothing "inflammatory" in the designated testimony, nor does it refer to "artistic intent."<br><br>Yuga's Motions *in Limine* Nos. 1 and 2 should be denied (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This is not character evidence and it is not meant to draw an inference that anyone has any character trait, nor that they acted in conformity with that character trait. |
| 159:18–159:22 | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 18 Q Were you trying to get a considerable<br>19 passive income in connection with the RR BAYC<br>20 project?<br>21 A I can't answer that question without<br>22 context. | | |
| <u>162:24–163:12</u><br><br>24 Q How many RR BAYC NFT's did you mint?<br>25 A I don't recall.<br>1 Q Approximately?<br>2 A I don't recall.<br>3 Q How many did you buy?<br>4 A I don't recall.<br>5 Q Approximately?<br>6 A Don't recall.<br>7 Q More than ten?<br>8 A I believe so.<br>9 Q More than 100?<br>10 A I don't recall.<br>11 Q More than 50?<br>12 A Don't recall. | No objection | |
| <u>163:13–163:23</u> *[Defendants'<br>Counter Designation]*<br><br>*13 Q Why would you buy an RR BAYC NFT?*<br>*14 A Well, I'm a big fan of Ryder Ripps as an*<br>*15 artist. He's been a huge inspiration to me as an*<br>*16 individual. And I've been a major collector of his* | FRE 103(c); 401-404; 701-702; MIL 1; MIL 2; MIL 4<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, | This designation is immediately responsive to the prior testimony designated by Yuga, addressing why Mr. Cahen would not know precisely how many RR/BAYC NFTs he purchased, and is thus a proper |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *17 art since I first began exploring nonfungible tokens*<br>*18 because I find what he does as a creative and as a*<br>*19 human being is remarkable. And it's an incredible*<br>*20 display of courage and willingness to speak his*<br>*21 truth even if it means he's going to be threatened*<br>*22 by multi-million-dollar Nazi ponzi schemes like Yuga*<br>*23 Labs.* | waste time, cause undue delay, and are unduly prejudicial. This is also subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. This testimony should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. The witness is also purporting to offer an expert opinion for which he is not qualified to offer.<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | counter-designation.<br><br>This testimony is relevant because it explains Mr. Cahen's intent.<br><br>Yuga's Motions *in Limine* Nos. 1 and 2 should be denied (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). Yuga's Motion *in Limine* No. 4 has been resolved.<br><br>This is not character evidence and it is not meant to draw an inference that anyone has any character trait, nor that they acted in conformity with that character trait.<br><br>The evidence does not include any expert opinion. It includes information within the witness's personal knowledge. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>172:18–174:10</u><br><br>18 Q Did you ever -- or sorry.<br>19 Was the RR BAYC project ever on OpenSea?<br>20 A Yes, it was -- the RR BAYC project created<br>21 by Ryder Ripps was on OpenSea for a period of time.<br>22 Q And what did the page look like on OpenSea<br>23 where the RR BAYC project was on?<br>24 A It looked like any collection page on the<br>25 OpenSea website.<br>1 Q Was the RR BAYC project on other<br>2 marketplaces?<br>3 A The way that the blockchain functions is<br>4 very much automated in many ways. And a lot of<br>5 these marketplaces -- for example, OpenSea being<br>6 probably the prime* example -- the way it works is<br>7 if a new token gets published onto the blockchain,<br>8 it will automatically display on all these markets.<br>9 And it will take -- sometimes there's some latency<br>10 in terms of how quickly the metadata will start to<br>11 show, but it will read the blockchain, and it will | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 12 display them.<br>13 So RR BAYC could have been on hundreds of<br>14 thousands of marketplaces. I just wouldn't be able<br>15 to tell you because there's many more marketplaces<br>16 that exist than I'm aware of.<br>17 Q What other marketplaces are you aware of<br>18 that RR BAYC NFT's were on?<br>19 A The ones that come to mind are Foundation.<br>20 Foundation.app where it started. And then there's<br>21 OpenSea.IO.<br>22 The other two, I believe -- don't quote me<br>23 on the exact suffix, but LooksRare is the name of<br>24 one of the primary marketplaces. I believe that one<br>25 is LooksRare.org if I'm not mistaken.<br>1 And then x2y2 is another one. I think that<br>2 one is x2y2.com. You could certainly verify this by<br>3 doing a search. But if you do so, be careful for<br>4 fake ones because there's fake marketplaces that are<br>5 trying to sort of get users to use them. For what<br>6 purposes, I couldn't tell you.<br>7 But those are the primary ones that come to<br>8 mind, I believe. Foundation, | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| OpenSea, LooksRare and 9 x2y2. Those are what I recall. There may be 10 others. But those are the primary ones.<br>*Subject to errata | | |
| <u>174:11–175:4</u> *[Defendants' Counter Designation]*<br><br>*11 Q And you said it started on the -- the*<br>*12 RR BAYC NFT started on Foundation?*<br>*13 A Yeah. It's a Foundation contract.*<br>*14 Q And what did the page look like when it*<br>*15 started on Foundation?*<br>*16 A There's no way to customize the way that*<br>*17 the page layouts work as far as I understand. It's*<br>*18 a standard layout, and then the metadata populates*<br>*19 the corresponding fields.*<br>*20 So it will -- the way that it works is it's*<br>*21 sort of a front-end user interface that will take*<br>*22 data on chain, and it will try to translate it into*<br>*23 an interface that is usable by less sophisticated*<br>*24 consumers. And -- yeah.*<br>*25 It's quite interesting. You can -- you can*<br>*1 interact with a smart contract* | FRE 401-403; 602; 701-702<br><br>The witness's testimony is non-responsive and irrelevant. Moreover, this testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial.  The testimony serves only to waste time and cause undue delay.  The witness has no foundation to offer the opinion he provides.  The witness is also purporting to offer an expert opinion which he is not qualified to offer. | This testimony provides context to the designated immediately previous testimony, in which the witness was asked about "other marketplaces are you aware of 18 that RR BAYC NFT's were on"<br><br>It is relevant because the Foundation marketplace is one of the marketplaces that underlies Yuga's damages claim (and was the basis for one of Yuga's surveys). The testimony is not prejudicial and any prejudice is outweighed by its probative value (particularly given the fact that Yuga has abandoned all legal remedies and jury issues). |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *directly on the block*<br>*2 explorer. But most users who are less sophisticated*<br>*3 will interact with them through a user interface*<br>*4 like OpenSea or like LooksRare or like x2y2.* | | The testimony is a factual explanation of how the RR/BAYC page appeared on the Foundation website, not expert opinion and is within the witness's personal knowledge. |
| 185:19–185:23 *[Defendants' Counter Designation]*<br><br>*19 Q So Ape Market is not part of the RR BAYC*<br>*20 project?*<br>*21 A Ape Market is not an existing project. It*<br>*22 doesn't exist. It's a -- I'm not sure what -- how*<br>*23 it could possibly be part of a project if it doesn't* | FRE 106; 401-403<br><br>This testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial.  The testimony serves only to waste time and cause undue delay.  The witness's testimony is also misleading.<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | The testimony is directly relevant to the appropriate amount of statutory damages for cybersquatting related to "apemarket.com" (to the extent that Yuga is allowed to pursue any damages above the statutory minimum)—the witness's testimony is that that project does not exist.  The testimony is not prejudicial and any prejudice is outweighed by its probative value (particularly given the fact that Yuga has abandoned all legal remedies and jury issues).<br><br>The testimony is |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | directly responsive to testimony that Yuga designated above at <u>100:18–100:22</u> ("Ape Marketplace refers to a -- a NFT -- a nonfungible token marketplace that was in development prior to being sued by Yuga Labs") |
| <u>204:4–204:16</u> *[Defendants' Counter Designations]*<br><br>*4 Were there discussions among yourselves,*<br>*5 Mr. Ripps, Mr. Lehman and Mr. Hickman about*<br>*6 splitting the royalties from the sales of RR BAYC*<br>*7 NFT's?*<br>*8 A If I recall correctly, discussions that we*<br>*9 would have had about royalties would be about*<br>*10 splitting royalties from further developments or*<br>*11 things like that.*<br>*12 But the intention of the Ryder Ripps Bored*<br>*13 Ape Yacht Club art project was always to be zero*<br>*14 royalties. And there was just some technical things*<br>*15 that made that more difficult or harder to achieve*<br>*16 than we wanted to. For example,* | FRE 401-403; 602; 801-802; MIL 2<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of artistic intent are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Moreover, this testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial. The testimony serves only to waste time and cause undue delay. The witness has no foundation to | This counter-designation is proper because it provides the antecedent basis and context for the "LooksRare sales" asked about in the testimony that Yuga has designated below (<u>207:21–208:16</u>).<br><br>The testimony is relevant because it directly addresses Defendants' profits from RR/BAYC NFT sales, which is relevant both to disgorgement of profits and to intent (which is in turn relevant to damages and willfulness). As a defendant and one of the contributors to the project, Mr. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *LooksRare.* | offer the opinion he provides.  The witness is also testifying to inadmissible hearsay.

Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | Cahen should be allowed to testify about how royalties were distributed. The testimony is not prejudicial and its probative value outweighs any prejudice (particularly given the fact that Yuga has abandoned all legal remedies and jury issues).

There is no hearsay implicated by this testimony, and Yuga's hearsay objection is baseless.

Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). |
| 207:11–207:14 *[Defendants' Counter Designation]*

*11 Q And when those were sold on LooksRare,* | FRE 401-403

This testimony is not relevant to the issue of remedies for Yuga | This counter-designation is proper because it provides the antecedent basis and context for the |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *12 those NFT's, you benefited from the secondary sales*<br>*13 of those NFT's. Correct?*<br>*14 A No. I did not.* | Labs' trademark infringement claim and is therefore not relevant for any purpose at trial.  The testimony serves only to waste time and cause undue delay. | "tokens" asked about in the immediately following testimony that Yuga has designated.<br><br>The testimony is relevant because it directly discusses the RR/BAYC project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and one of the contributors to the project, Mr. Cahen should be allowed to testify about what it is (particularly given Yuga's own designation below of testimony about the nature of the project). The testimony is not prejudicial and any prejudice is outweighed by its probative value (particularly given the fact that Yuga has abandoned all legal remedies and jury issues). |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>207:21–208:16</u><br><br>21 Q Who received the royalties from the<br>22 LooksRare sales?<br>23 A The way that -- the way that these<br>24 contracts work is royalties will go to the contract<br>25 creator. So it would go to the address associated<br>1 with the deployment of that contract. And that<br>2 potentially could be changed, but I think that<br>3 that's how it functions typically.<br>4 Q And who is the contract creator of RR BAYC<br>5 NFT's?<br>6 A The wallet address I don't have memorized.<br>7 But if you look on the block explorer and you are<br>8 looking at the correct contract, it should display.<br>9 Q And I'm asking who the contract creator is.<br>10 A The contract's creator is an address on the<br>11 blockchain.<br>12 Q And who is behind that address?<br>13 A When you say "behind," can you define that?<br>14 Q Who has control over that address?<br>15 A I believe that that would be | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | Response to Incomplete Objection [208:16-17]:<br>FRE 401-403; 701-702; MIL 2<br><br>Defendants do not object to the designated testimony on the basis of relevance; it is relevant to remedies.<br><br>The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Defendants' purported artistic purpose is not relevant to this case, wastes time, cause undue delay, and is unduly prejudicial. Whether Mr. Cahen considers Mr. Ripps to be an artist is not responsive to the question asked regarding who has control over a specific wallet address. Mr. Cahen is not a qualified expert regarding the designated subject |

| | Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|---|
| | Ryder Ripps 16 himself, | | matter and his opinion is not helpful lay witness testimony regarding any fact or issue in dispute. To the extent Defendants seek to proffer the undesignated testimony as character evidence, it is inadmissible for that purpose. |
| | <u>208:18–209:8</u> *[Defendants' Counter Designation]*<br><br>*18 Q So Ryder Ripps has received royalties from*<br>*19 LooksRare sales?*<br>*20 A We have no intention of receiving royalties*<br>*21 as I explained earlier. We've contacted LooksRare*<br>*22 multiple times. We've had many people in the*<br>*23 community try to aid us in that effort.*<br>*24 For whatever reason, LooksRare is in a*<br>*25 unique category. They are the only marketplace that*<br>*1 did not delist the collection of the ones mentioned*<br>*2 prior -- the main ones mentioned prior. And they*<br>*3 also refuse to set the royalty to zero.* | FRE 401-403; 801-802<br><br>This testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial. The testimony serves only to waste time and cause undue delay. The witness is also testifying to inadmissible hearsay. | The testimony is relevant because it directly addresses Defendants' profits from RR/BAYC NFT sales, which is relevant both to disgorgement of profits and to intent (which is in turn relevant to damages and willfulness). As a defendant and one of the contributors to the project, Mr. Cahen should be allowed to testify about how royalties were distributed. This testimony is not prejudicial and any prejudice is outweighed by its probative value |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *4 So there is something different about*<br>*5 LooksRare. I'm not sure what -- what their*<br>*6 operation is behind the scenes. But I was surprised*<br>*7 that they wouldn't honor our request to make it zero*<br>*8 royalties.* | | (particularly given the fact that Yuga has abandoned all legal remedies and jury issues).<br><br>There is no hearsay implicated by this testimony—the witness is discussing actions by LooksRare, not any statement by LooksRare or any third party being offered for its truth. |
| <u>213:8–213:23</u><br><br>8 Q So would you say that there's any utility<br>9 with RR BAYC NFT's based on the definition you just<br>10 gave?<br>11 A I think that there was -- we discussed<br>12 ideas for potential utility. But where we are at in<br>13 terms of what has been produced so far is an art<br>14 project.<br>15 Q What were the ideas for the potential<br>16 utility?<br>17 A One idea that was discussed was a<br>18 marketplace that was token gated. | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 19 Q And what was that token-gated marketplace?<br>20 A It was just ideas. So I have an existing<br>21 marketplace called Notlarvalabs.com. But in the<br>22 context of RR BAYC, that would be referring to the<br>23 idea of apemarket.com. | | |
| <u>228:25–230:2</u><br><br>25 Q Okay. And on the bottom right-hand corner<br>1 of Exhibit 96, it has an alphanumeric reference<br>2 after your name Pauly -- or your name that has been<br>3 referred to yourself.<br>4 A Nickname I suppose. Right?<br>5 Q Nickname works.<br>6 A Okay.<br>7 Q What is that alphanumeric number?<br>8 A I would think it's a wallet address.<br>9 Q Is that the only wallet address that you<br>10 have used in connection with RR BAYC NFT's?<br>11 A I would have to confirm by having my<br>12 machine to tell you if that's the exact address<br>13 because there could be many different numbers that<br>14 are incorrect or could just be the wrong one.<br>15 But I think that's what it is. That's | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| --<br>16 I'm assuming so. I just can't tell you for sure.<br>17 Q And did you use any other wallet addresses<br>18 to trade RR BAYC's NFT's?<br>19 A I may have, but I don't recall. That's --<br>20 if it's what I think it is, then it would be my<br>21 primary wallet address. But I just need -- I'm not<br>22 able to verify these long addresses with no records<br>23 of my own.<br>24 Q Do you believe that you received 49.019 ETH<br>25 in connection with the RR BAYC sales?<br>1 A I don't have any recollection of exact<br>2 numbers. | | |
| <u>232:12–234:6</u><br><br>12 Do you think you made more or less than<br>13 49.09 ETH --<br>14 A I don't know.<br>15 Q -- as part of --<br>16 A I don't know.<br>17 Q You don't know if you made more than<br>18 49.09 ETH as part of your profit share?<br>19 A Correct.<br>20 Q How many times were you paid out a profit | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
| --- | --- | --- |
| 21 share for the RR BAYC project?<br>22 A I don't know.<br>23 Q More -- more than once?<br>24 A I certainly think it was more than once. I<br>25 don't think that -- I don't think that distributions<br>1 were made in one lump sum.<br>2 If I recall correctly, there was a system<br>3 designed that automatically distributed based on the<br>4 percentage share that each team member had.<br>5 Q What was your percentage share?<br>6 A If I recall correctly, it was 15 percent.<br>7 Q And why did you receive 15 percent?<br>8 A I think we just decided as a team that<br>9 those numbers were what made sense to us. I wish I<br>10 received 100 percent though.<br>11 Q Why do you want to receive 100 percent?<br>12 A I was being a little silly.<br>13 Q Why would you want to receive 100 percent?<br>14 A I don't.* To correct myself -- I've been very serious<br>15 today. To correct myself, I don't actually wish<br>16 that I received 100 percent.<br>17 Q What was the percent that you all agreed to<br>18 for you to receive of the royalties | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| for RR BAYC's?<br>19 A I think what we discussed was that we would<br>20 have a very similar arrangement if -- if there was<br>21 like more capital generated or cryptocurrency<br>22 generated.<br>23 But it was -- you know, we are friends<br>24 first and foremost. So yeah. I think that it's --<br>25 you know, doing business with friends is awesome<br>1 when it works. But it's also good to have at least<br>2 some kind of established agreements.<br>3 So I think that that was more of like a<br>4 let's have a understanding -- a mutual understanding<br>5 so that there's no, you know, arguments or confusion<br>6 moving forward.<br>*Subject to errata | | |
| <u>257:15–258:16</u><br><br>15 Q Have you ever used the phrase "shilling"<br>16 relating to the RR BAYC NFT projects?<br>17 A It's very possible.<br>18 Q And what did you mean then?<br>19 A I don't recall because I'm not thinking of<br>20 a specific conversation. But | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| shilling is also<br>21 commonly used in the context of other things.<br>22 MR. BALL: I'll mark Exhibit 98 please.<br>23 (Whereupon Plaintiff's Exhibit 98<br>24 was marked for identification)<br>25 ///<br>1 BY MR. BALL:<br>2 Q I'd say about halfway down the page, you<br>3 say,<br>4 "I think shilling will be more<br>5 impactful for sure."<br>6 A I see.<br>7 Q What did you mean there, sir?<br>8 A Well, I would need more context to tell you<br>9 what I meant in that specific sentence.<br>10 Q And what context would you need?<br>11 A Well, it's -- it's -- this looks like it's<br>12 from the Telegram chat. So that probably has<br>13 50,000, 100,000, 200,000 messages in it. So it<br>14 would help to maybe see more than 20 messages to<br>15 have a full understanding of the context of the<br>16 discussion. | | |
| <u>264:1–264:20</u><br><br>1 Q Well, you start with,<br>2 "Everyone in my group was like brooo, | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 3 @you got to get bitlord."<br>4 A I see that, yeah.<br>5 Q Okay. And then later you say,<br>6 "And I'm like okay@whatev. Some<br>7 shitcoin shiller."<br>8 A Yeah. I see what you are saying, yeah.<br>9 Q Okay. And then you go down a few lines.<br>10 "We just talked for an hour and became<br>11 buds, and he shilled it for half of what we<br>12 agreed."<br>13 Do you see that?<br>14 A I see what you are saying, yeah.<br>15 Q So in Exhibit 100, does that refresh your<br>16 recollection of an individual you know as bitlord<br>17 shilling?<br>18 A No. It does not.<br>19 Q What do you believe is shilled?<br>20 A I don't recall, based on this conversation. | | |
| 265:9–265:17 *[Defendants' Counter Declarations]*<br><br>*9 Q Did you provide him anything to shill the*<br>*10 RR BAYC NFT's?*<br>*11 A A I don't believe that bitlord ever shilled*<br>*12 any RR BAYC NFT's. I simply recall that he voiced*<br>*13 the fact that he believes that Yuga* | FRE 401-404; 801-802; MIL 1<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause | If the above-designated testimony concerning "bitlord" is relevant and non-hearsay, then this further contextual testimony is for the same reasons.<br><br>This is not character |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *Labs is a*<br>*14 fraudulent company and he*<br>*agrees that it's racist,*<br>*15 anti-Semitic, and full of*<br>*pedophile-themed*<br>*16 subversion which is really*<br>*terrible. But he's*<br>*17 smart. So of course he agrees.* | undue delay, and are unduly prejudicial. Moreover, this testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial.  The testimony serves only to waste time and cause undue delay-.  The witness is also testifying to inadmissible hearsay. | evidence and it is not meant to draw an inference that anyone has any character trait, nor that they acted in conformity with that character trait.<br><br>Yuga's Motions *in Limine* No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). |
| <u>270:17–271:19</u><br><br>17 Q Do you see the line 1435 there on<br>18 Exhibit 101?<br>19 A There's four lines that say that.<br>20 Q The first one, sir.<br>21 A Okay. "I think it's a great idea." That<br>22 one?<br>23 Q Uh-huh.<br>24 A I see it, yes.<br>25 Q You say,<br>1 "I think it's a great idea to give<br>2 Lauren a budget of 15 apes and see what she<br>3 can do to help promote this and get the | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 4 RSVP's filled." <br> 5 A I see that, yeah. <br> 6 Q Is that another example of you working to <br> 7 shill the RR BAYC NFT's? <br> 8 MR. TOMPROS: Object to the form. <br> 9 THE WITNESS: Is me saying that I think it's a <br> 10 great idea me working to shill something? No. It's <br> 11 not. <br> 12 BY MR. BALL: <br> 13 Q "A great idea to give Lauren a budget <br> 14 of 15 apes to see what she can do to help <br> 15 promote this"? <br> 16 A Yeah, I can read the words. Yeah. <br> 17 Q Is that an example of you helping shill the <br> 18 RR BAYC NFT's? <br> 19 A No. | | |
| 273:8–273:16 *[Defendants' Counter Designation]* <br><br> *8 Q Did you give Lauren Adelstein a budget of* <br> *9 15 apes and see what she can do to help promote?* <br> *10 A No.* <br> *11 Q Did Lauren receive any apes from you or* <br> *12 Mr. Ripps?* <br> *13 A I don't believe that I've ever given Lauren* <br> *14 Adelstein anything. I think that* | FRE 401-403 <br><br> This testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial. The testimony serves only to waste time and cause undue delay. | If the above-designated testimony concerning Lauren Adelstein is relevant and non-hearsay, then this further contextual testimony is for the same reasons. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *we've had lunch*<br>*15 together. Maybe I paid for lunch because she's my*<br>*16 friend.* | | |
| 273:20–274:22<br><br>20 Q If you turn to the next page -- just flip<br>21 it on over.<br>22 A Okay.<br>23 Q And you say there at line 14:46, starting<br>24 with "karbon based dot ETH," and that's karbon with<br>25 a K –<br>1 A I see. Yeah.<br>2 Q It says,<br>3 "This guy is helping promote. So far<br>4 the only guy we are using. He is tweeting.<br>5 He has been tweeting. We owe him five<br>6 apes. "<br>7 Why did you owe him five apes?<br>8 A It doesn't say that I owe him anything.<br>9 Q It says, "We owe him five apes."<br>10 A Yeah. It doesn't say that I owe him<br>11 anything as I said.<br>12 Q Does "we" not refer to yourself and<br>13 somebody else?<br>14 A Yeah. And that's very different than I.<br>15 Q Who does the "we" refer to? | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 16 A I couldn't tell you without more context.<br>17 Q What is the context you need, sir?<br>18 A Well, this conversation is probably from<br>19 eight months ago. So in order for me to tell you<br>20 what we are talking about, I would need to<br>21 understand where we were at this point in time. And<br>22 that's not possible given a few sentences. | | |

Dated:  June 30, 2023           FENWICK & WEST LLP


                                By:  /s/ Eric Ball
                                Eric Ball
                                Attorneys for Plaintiff
                                YUGA LABS, INC.


Dated:  June 30, 2023           WILMER CUTLER PICKERING HALE AND DORR LLP


                                By:  /s/ Louis W. Tompros
                                Louis W. Tompros
                                Attorneys for Defendants
                                RYDER RIPPS and JEREMY CAHEN

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.

*/s/ Eric Ball*
Eric Ball