1   ERIC BALL (CSB No. 241327)
eball@fenwick.com
2   KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
3   FENWICK & WEST LLP
801 California Street
4   Mountain View, CA 94041
Telephone: 650.988.8500
5   Facsimile: 650.938.5200
6   MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
7   ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
8   ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
9   FENWICK & WEST LLP
555 California Street, 12th Floor
10  San Francisco, CA 94104
Telephone: 415.875.2300
11
12  *Additional Counsel listed on next page*
13  Attorneys for Plaintiff
14  YUGA LABS, INC.

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

15

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18              WESTERN DIVISION – Los Angeles

19

20  YUGA LABS, INC.,

21              Plaintiff,

22          v.

23  RYDER RIPPS, JEREMY CAHEN,

24              Defendants.

25

Case No.: 2:22-cv-04355-JFW-JEM

**JOINT NOTICE OF PLAINTIFF'S
DESIGNATED WITNESS REVISED
TESTIMONY OF RYDER RIPPS**

Trial Date: July 31, 2023

26

27

28

1  MELISSA L. LAWTON (CSB No. 225452)
   mlawton@fenwick.com
2  FENWICK & WEST LLP
   228 Santa Monica Boulevard
3  Santa Monica, CA  90401
   Telephone:   310.434.4300
4
5  DAVID Y. SILLERS (*admitted pro hac vice*)
   david@clarelocke.com
6  KATHRYN HUMPHREY (*admitted pro hac vice*)
   kathryn@clarelocke.com
7  MEGAN L. MEIER (*admitted pro hac vice*)
   megan@clarelocke.com
8  CLARE LOCKE LLP
   10 Prince Street
9  Alexandria, VA  22314
   Telephone:   202.628.7400
10
11 Attorneys for Plaintiff
   YUGA LABS, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's Civil Trial Order of June 7, 2022 (Dkt. 284) and the Court's June 16, 2023 hearing (Dkt. 317), Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Plaintiff's designated deposition testimony of Ryder Ripps.

**Ryder Ripps – Plaintiff's Designations**

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>11:2–11:4</u> *[Defendants' Counter Designation]*<br><br>*2 Q. Can you please state your full name for*<br>*3 the record.*<br>*4 A. My name is Ryder Andrew Ripps.* | No objection<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | Defendants' counter-designation allows the witness to introduce himself, to provide context for the remaining designated testimony. |
| <u>22:2–22:19</u> *[Defendants' Counter Designation]*<br><br>*2 Q. What is that artwork you refer to here?*<br>*3 A. It's an NFT project, which is a*<br>*4 non-fungible token, called "RR/BAYC." In order to*<br>*5 identify the work itself, I'll have to verify the*<br>*6 blockchain and verify the contract address of that*<br>*7 work because by nature, NFTs are non-fungible, which*<br>*8 means that one is not equal to the other; so they*<br>*9 can't be copied. And I've actually been involved in* | FRE 401–404; 602; 701-702; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case is not relevant to this case, wastes time, causes undue delay, and is unduly prejudicial.  Mr. Ripps' narrative explanation regarding NFT verification and | The testimony is relevant to explain the nature of the "RR/BAYC NFT" project that is at issue in this case. The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *10 digital art for, quote, "some time." Probably* *11 professionally since 2009, and I was at the* *12 conference where NFTs were invented by Kevin McCoy* *13 and Anil Dash.* *14 And to me, the power of NFT has always* *15 been the same power that they put forth in that* *16 conference, which was the power of provenance and* *17 showing what things mean based on their context.* *18 So -- sorry. Does that answer your* *19 question?* | his background experience with NFTs and digital art are not responsive to the question asked regarding a clarification of what he meant by "artwork" in a prior undesignated narrative. This answer is not responsive and is misleading. It is also improper unqualified expert testimony regarding the technical details. It is unhelpful and confusing testimony. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.<br><br>Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness | should be allowed to testify about what it is (particularly given Yuga's own designation below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and is in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This counter-designation is proper because it provides the antecedent basis and context for the "RR/BAYC NFT" referred to in the following question, which Yuga has designated. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | under Fed. R. Evid. 106. | |
| <u>34:20–35:1</u><br><br>20 Q. How about -- when did you first discuss<br>21 RR/BAYC with Mr. Cahen?<br>22 A. Hmm. Huh?<br>23 Q. When did you first discuss RR/BAYC with<br>24 Mr. Cahen?<br>25 A. Probably the first day. Probably before<br>1 it even was RR/BAYC. | No objection | |
| <u>35:2–35:11</u> *[Defendants' Counter Designation]*<br><br>*2 Q. What was it before RR/BAYC?*<br>*3 A. RR/BAYC is an extension of a protest*<br>*4 and -- and an idea, an expression that -- that we*<br>*5 have, I think, been engaging with for a long time*<br>*6 now, for two years or so. So, I mean, RR/BAYC is*<br>*7 very much in viewed with all of the discussions and*<br>*8 all of the statements and all of the protesting of*<br>*9 the vile imagery, of the vile practices, of the*<br>*10 rampant fraud facilitated by Yuga Labs and their*<br>*11 partners, FTX.* | FRE 106; 401-404; 602; MIL 1; MIL 2; FRCP 26<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. This answer is not responsive and is misleading.  To the extent Defendants seek to proffer this | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* Nos. 1 and 2 |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | testimony as character evidence, it is inadmissible for that purpose. | should be denied for the reasons explained in Defendants' oppositions.<br><br>This counter-designation is proper because it provides the explanation for "before RR/BAYC" addressed in the previous question designated by Yuga. |
| 36:18–37:8<br><br>18 Q. What domains have you registered in<br>19 connection with the RR/BAYC project?<br>20 A. RRBAYC.com.<br>21 Q. And when did you register that domain?<br>22 A. I don't remember the exact date, but I<br>23 think it was right around some of the first mints of<br>24 it. So I think mid-may or something like that.<br>25 Q. Did you also register ApeMarket.com?<br>1 A. I did register that but not in conjunction<br>2 with RR/BAYC.<br>3 Q. When did you register ApeMarket.com? | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | [37:9–13] FRE 106; 401- 403; MIL 2<br><br>The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes undue delay, and is unduly prejudicial. It is also not responsive to the question asked regarding the chronology of the registration.  The Court has already determined Defendants are liable |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 4 A. I think the very, very end of December of 5 2021. 6 Q. So you registered ApeMarket.com before 7 RRBAYC.com? 8 A. Yeah. | | to Yuga Labs for cybersquatting on ApeMarket.com.. The designated answer is complete and responsive and is not confusing or misleading. |
| 37:22–38:3 *[Defendants' Counter Designation]* 22 Q. Do you have a present intent to launch Ape 23 Market? 24 A. Presently? As I sit here right now, no. 25 And I don't even know what launching it is because I 1 don't even know what it is. We -- Ape Market -- I 2 never decided what it would be. I never decided 3 what it even could be. | No objection | |
| 41:19–42:18 19 Mark as exhibit 113, please. 20 (Exhibit 113 marked.) 21 BY MR. BALL: 22 Q. You see the fourth entry down in Exhibit 23 113 which has been produced as "Ripps Cahen 24 00002548" from a Mr. Pauly Shore, which you have 25 identified as Mr. Cahen - the defendant in the | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 1 action - it says, "Ryder wants to release BAYC and<br>2 Mutants on the marketplace."<br>3 Is that an accurate statement?<br>4 A. No. I don't know what he's talking about.<br>5 Q. You didn't want to release BAYC and<br>6 Mutants on the marketplace?<br>7 A. I mean, I can't -- I have no idea what<br>8 Jeremy is saying. You know what I mean? So "on the<br>9 marketplace," what marketplace is he talking about?<br>10 Q. Did you want to release BAYC on the Ape<br>11 Marketplace?<br>12 A. I don't remember. I don't -- I mean --<br>13 no, I don't necessarily -- I don't -- not any more<br>14 than anything else.<br>15 Q. Did you want to release Mutants on the Ape<br>16 Marketplace?<br>17 A. Absolutely not. I think the Mutants are<br>18 disgusting. | | |
| <u>44:19–45:22</u> *[Defendants' Counter Designation]*<br>*19 Q. What did you mean there, sir?*<br>*20 A. Well, this hypothetical marketplace that*<br>*21 never was released, Ape Market or whatever, it was*<br>*22 an idea, and it was an extension* | 44:19–25<br>FRE 106; 401–404; MIL 2<br><br>45:1–22<br>FRE 106; 401–404; 602; MIL 1; MIL 2 | The testimony is relevant because it directly discusses the apemarket.com website that is at issue for purposes damages.  As a defendant and the |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *of an art project, 23 just like I was explaining -- that's why I wanted to 24 give you the context before about dump.fm and how I 25 believe platforms themselves can be art pieces in a 1 sense that they can facilitate expression. 2 So I think the idea with this statement 3 is -- is let's facilitate this expression of RR/BAYC 4 that is going on through the marketplace and release 5 something of a marketplace when RR/BAYC mints out. 6 I think that's what it was, but what the marketplace 7 is, I don't even know. It could have just had one 8 button that, you know, goes to gordongoner.com and 9 explains what -- you know, all of the corrupt 10 disgusting messaging of Yuga Labs. So I'm not -- 11 what this means is vague. 12 I think it's the idea of when the artwork 13 is -- is completed, let's extend the artwork, 14 perhaps. But like I said, it never -- the 15 marketplace never had any real design or 16 finalized -- finalized aspect. And these guys who 17 were really excited about it,* | This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' narrative explanation answer is not responsive to the question and is misleading. It is unhelpful and confusing testimony. | owner of the website, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the website)<br><br>Yuga's Motion *in Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' oppositions (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This counter-designation is proper because it provides the explanation for "the Ape Marketplace" addressed in the next question designated by Yuga. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *although they were 18 excited, they didn't have the domain name, which I 19 own: ApeMarket.com. So I have no idea what they had 20 in mind. I had no idea what they wanted to do, but 21 I can tell you I didn't know what I wanted to do 22 with it.* | | |
| 45:23–46:7<br>23 Q. Do you recall ever tying the release of<br>24 the Ape Marketplace to the RR/BAYC NFTs minting out?<br>25 A. Well, this statement that you just asked<br>1 me to read, I suppose ties that.<br>2 Q. Do you recall ever publicly making those<br>3 type of statements? Saying that "We'll release the<br>4 RR- -- we will release the Ape Marketplace when<br>5 RR/BAYC mints out"?<br>6 A. It's possible. I -- I might have said<br>7 something along those lines. | No objection | |
| 46:2–46:7<br><br>2 Q. Do you recall ever publicly making those<br>3 type of statements? Saying that "We'll release the<br>4 RR- -- we will release the Ape Marketplace when<br>5 RR/BAYC mints out"? | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 6 A. It's possible. I -- I might have said<br>7 something along those lines. | | |
| 59:10–59:17 [Defendants' Counter Designation]<br><br>10 Q. You see the phrase there, "Bored Ape Yacht<br>11 Club," in bold?<br>12 A. Yes, I see that.<br>13 Q. Have you used that term in connection with<br>14 the RR/BAYC NFTs?<br>15 A. I have made many, many, many critiques. I<br>16 have discussed at length, and I will continue to<br>17 discuss at length, the Bored Ape Yacht Club. | FRE 401-404; MIL 1; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion In Limine Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial.<br><br>Mr. Ripps' comments regarding alleged critiques he's made constitute inadmissible hearsay for which no exception is applicable.<br><br>To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>Yuga's Motion in Limine Nos. 1 and 2 should be denied for the reasons explained in Defendants' oppositions (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | Defendants' counter-designation is an improper designation under the Court's Civil Trial Order (Dkt. 284) because it is not being offered for completeness under Fed. R. Evid. 106. | This counter-designation is proper because it provides the explanation for the discussion of a particular use of "Bored Ape Yacht Club" addressed in the following question designated by Yuga. |
| 60:18–61:4<br><br>18 Q. And did you use the term "Bored Ape Yacht 19 Club" on Foundation in connection with RR/BAYC NFTs? 20 A. Well, RR/BAYC NFTs says -- it stands for 21 "RR/BAYC Bored Ape Yacht Club," and they were first 22 minted on Foundation. So on my Foundation page, 23 which is Ryder Ripps Foundation page, their part of 24 the work which was created there is -- is Bored Ape 25 Yacht Club, RR/BAYC is the artwork. 1 Q. So you use BAYC on the Foundation page? 2 A. In addition to Ryder Ripps. Ryder 3 Ripps/Bored Ape Yacht Club is the name of the art 4 piece that subject of this | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| litigation, I believe. | | |
| 61:5–61:9 *[Defendants' Counter Designation]*<br><br>*5 Q. And you use the phrase "Bored Ape Yacht*<br>*6 Club"?*<br>*7 A. Not by itself ever. It's always been in*<br>*8 the context of Ryder Ripps. Just like the name of*<br>*9 the project is Ryder Ripps/Bored Ape Yacht Club.* | No objection | |
| 61:10–61:15<br><br>8 10 Q. You've never used the phrase "Bored Ape<br>11 Yacht Club" without Ryder Ripps right next to it?<br>12 A. No.<br>13 Q. Have you ever used the letters BAYC<br>14 without the RR next to it?<br>15 A. To discuss BAYC perhaps. | No objection | |
| 62:13–62:18 *[Defendants' Counter Designation]*<br><br>*13 Q. And what is the -- have you ever used that*<br>*14 unmodified version of that logo anywhere?*<br>*15 A. I'm -- have I used it -- I've definitely*<br>*16 criticized the Bored Ape Yacht Club logo* | FRE 401-404; MIL 1; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported | The testimony is relevant because it directly discusses the BAYC logo that is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project critiquing that logo, Mr. Ripps should be |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *17 extensively. So in the scope of that criticism, I'm*<br>*18 sure I have used it.* | artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial.<br><br>Mr. Ripps' comments regarding alleged critiques he's made constitute inadmissible hearsay for which no exception is applicable.<br><br>To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. | allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' oppositions (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This counter-designation is proper because it provides the explanation for the discussion of a particular use of the RR/BAYC logo addressed in the following question designated by Yuga. |
| <u>65:15–66:4</u> *[Defendants' Counter Designation]*<br><br>*15 Q. Approximately.* | 65:15–25<br><br>FRE 106; 602; 401-404 | The testimony is relevant because it directly discusses a logo that is at issue |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *16 A. I honestly don't remember. I think I* <br> *17 asked for it to be removed because I didn't put it* <br> *18 there in the first place.* <br> *19 Q. Who did you ask for it to be removed?* <br> *20 A. I think I just said it into the -- if I* <br> *21 remember correctly, the chat, but I asked for it to* <br> *22 be removed because I thought it was -- it's ugly,* <br> *23 and I don't even know what I was looking at. 16 by* <br> *24 16 -- if you design a favicon, it's good to design* <br> *25 it well, and you want it to be legible. And that* <br> *1 particular favicon was not legible, and I did not* <br> *2 want to have something so -- hideous design attached* <br> *3 to a website or art project that I made. I didn't* <br> *4 set it there in the first place.* | 66:1–4 <br><br> FRE 106; 401-404; 602; MIL 1; MIL 2 <br> 65:15–25 <br><br> To the extent Defendants maintain this counter-designation, Yuga Labs objects because it has withdrawn the underlying designation. <br><br> This testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial.  The testimony serves only to waste time and cause undue delay.  Mr. Ripps' instructions regarding the removal of the favicon and his impressions of it are irrelevant, unduly prejudicial, and misleading. <br><br> To the extent Defendants seek to | for purposes of disgorgement of profits.  As a defendant and the creator of the RR/BAYC Project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project) <br><br> Yuga's Motion *in Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' oppositions (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). <br><br> This counter-designation is proper because it is the follow-up question to the prior question about timing of the logo removal ("Approximately?") to which the witness |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | proffer this testimony as character evidence, it is inadmissible for that purpose.<br><br>66:1–4<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' instructions regarding the removal of the favicon and his impressions of it are irrelevant, unduly prejudicial, and misleading. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. | previously said "I could not remember." |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 67:3–67:19 [Defendants' Counter Designations]<br><br>3 Q. And a favicon in the browser tab?<br>4 A. News to me. And I don't know what a<br>5 favicon does for anyone. I don't know anyone who<br>6 likes favicons or cares about them. It's a funny<br>7 thing -- it's a funny thing because it's a 16-pixel<br>8 by 16-pixel icon that, just for reference, is, like,<br>9 more than half the size of a -- or about half of the<br>10 size of a CryptoPunk, which is a teeny, teeny<br>11 pixellated guy.<br>12 So it's -- in order to design those things<br>13 well, you have to be really -- you have to really<br>14 know how to design it that small size, and, to be<br>15 honest, both of those things that you're -- just<br>16 mentioned, I don't -- I haven't seen them, but, you<br>17 know, I do know that this -- this particular skull<br>18 with 18 teeth, I'm not sure you would even read at<br>19 that fidelity. | FRE 401-403; 602; 701-702; MIL 1<br><br>To the extent Defendants maintain this counter-designation, Yuga Labs objects because it has withdrawn the underlying designation.<br><br>This testimony is subject to Yuga Labs' Motion In Limine No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' instructions regarding his personal opinion of the favicon and his impressions of how others view favicons generally are irrelevant, unduly prejudicial, unqualified expert testimony, and misleading.  To the extent Defendants seek to proffer this testimony as | The testimony is relevant because it directly discusses a "favicon" that is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the RR/BAYC Project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' oppositions (and is in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This counter-designation is proper because it is the follow-up question to the prior question |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | character evidence, it is inadmissible for that purpose. | about the "favicon" for apemarket.com |
| 68:20–69:3 [*Defendants' Counter Designation*]<br><br>*20 Q. You were aware of Bored Ape Yacht Club*<br>*21 before you started the RR/BAYC Project; correct?*<br>*22 A. Well, RR/BAYC – the NFT project, which was*<br>*23 minted, I think, mid-May or something like that –*<br>*24 was really an extension of criticism that had been*<br>*25 going on since, like, November of 2021. So, yes, I*<br>*1 was definitely aware of the Bored Ape Yacht Club,*<br>*2 and the project itself is – is very much about the*<br>*3 Bored Ape Yacht Club as a critique of it.* | FRE 401-404; MIL 1; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' timeline for his criticisms is irrelevant, unduly prejudicial, and misleading. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about how it came about (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' oppositions (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | There is nothing "inflammatory" about Mr. Ripps's testimony. |
| 69:6–69:11<br><br>6 Q. You're familiar with Yuga Labs's ApeFest?<br>7 A. I am familiar with it. I don't know how<br>8 it -- I don't know much -- you know, I don't know<br>9 the nature of their event. I haven't attended it<br>10 but I'm familiar that Yuga Labs has an event called<br>11 ApeFest. | No objection | |
| 69:25–70:10<br><br>25 Q. Can you please identify Exhibit 28 for me,<br>1 sir.<br>2 Mr. Tompros: I object. Lacks Foundation.<br>3 A. It looks like an exhibit produced by<br>4 someone named -- my friend named Ryan Hickman.<br>5 is actually my lucky number, so -- but it looks like<br>6 -- if I was to describe what I think this is, this<br>7 looks like a screenshot of my Foundation -- of my<br>8 Foundation -- my project on Foundation, Ryder | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | This testimony is relevant to remedies because it concerns Defendants' marketing and sales of RR/BAYC NFTs.<br><br>The designation includes all relevant information; Mr. Ripps was only asked to identify the exhibit, and therefore the designation is not misleading.<br><br>[70:11–18] FRE 106; 401- 403; 602; 801-802; MIL 2 |

17

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 9 Ripps/Bored Ape Yacht Club. I know that because it<br>10 says "Ryder Ripps" right there. | | The undesignated portion is subject to Yuga Labs' Motion In Limine No. 2 because issues of Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' comments regarding his Twitter community are not responsive to the question asked. This testimony is misleading because it is an incomplete analysis of the exhibit, which is a screenshot from an early date of the RR/BAYC collection. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| <u>70:19–70:25</u> *[Defendants' Counter Designation]*<br><br>*19 Q. And who created this page for* | FRE 106; 401-404; 602 | The testimony is relevant because it directly discusses the RR/BAYC Project |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *you?*<br>*20 A. Who created this page for me?*<br>*21 Q. Uh-huh.*<br>*22 A. I guess Foundation helped make it because*<br>*23 I didn't design. Like, that's not my logo in the*<br>*24 corner, and I, you know, probably would have*<br>*25 designed it bit different. So Foundation.* | This testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial. The testimony serves only to waste time and cause undue delay. Mr. Ripps' claim that Foundation created the page for RR/BAYC NFTs is irrelevant, misleading, and unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. | that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically the way that RR/BAYC NFTs appeared on the Foundation website (which Yuga relies on for purposes of its damages case). As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project) |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>71:9–71:12</u><br><br>9 Q. Did you promote it?<br>10 A. Promote my own profile on Foundation? I<br>11 mean, sure. I don't know promote -- I probably sent<br>12 a link. I don't know. | No objection | |
| <u>76:10–76:22</u> *[Defendants' Counter Designation]*<br><br>*10 Q. Do you recall changing the Bored Ape Yacht*<br>*11 Club to "Ryder Ripps" or "RR" Bored Ape Yacht Club?*<br>*12 A. In what?*<br>*13 Q. On this Foundation page.*<br>*14 A. Well, this is my Foundation page. So it*<br>*15 already says "Ryder Ripps/Bored Ape Yacht Club."*<br>*16 You can see it right there, Ryder Ripps/Bored Ape*<br>*17 Yacht Club. So I wouldn't write "Ryder Ripps, Ryder*<br>*18 Ripps, Ryder Ripps/Bored Ape Yacht Club." It*<br>*19 already says "Ryder Ripps/Bored Ape Yacht Club."*<br>*20 Q. Can you show me where it says "Ryder*<br>*21 Ripps/Bored Ape Yacht Club."*<br>*22 A. Ryder Ripps/Bored Ape Yacht Club.* | FRE 106; 401-403; 801-802<br><br>To the extent Defendants maintain this counter-designation, Yuga Labs objects because it has withdrawn the underlying designation.<br><br>This testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial.  The testimony serves only to waste time and cause undue delay. This testimony is unresponsive to the question asked regarding whether Mr. Ripps changed text on a given page. | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically the way that RR/BAYC NFTs appeared on the Foundation website (which Yuga relies on for purposes of its damages case).  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project) |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | Mr. Ripps' response concerns only what he sees on the page at that moment in the deposition. It is misleading and unfairly prejudicial. The testimony regarding statements on the referenced webpage is inadmissible hearsay for which no exception is applicable. | There is no statement being offered for the truth of the matter, so the hearsay objections are baseless.<br><br>This counter-designation is proper because it is the follow-up question to the prior question about Mr. Ripps's changes to the Foundation webpage. |
| 77:9–77:15<br><br>9 Q. You see in the URL there, after<br>10 "collection," the collection name is BAYC?<br>11 A. Uh-huh.<br>12 Q. And at the top for the browser tab, it<br>13 says "Bored Ape Yacht Club" there?<br>14 A. That's the way Foundation designed it, I<br>15 guess. | No objection | |
| 81:3–81:14<br><br>3 Q. Were – were RR/BAYC NFTs available for<br>4 transfer on OpenSea?<br>5 A. Not by me.<br>6 Q. But you had a page on | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| OpenSea?<br>7 A. I had a page? Did I have a page? No.<br>8 Perhaps RR/BAYC collection had a page on OpenSea.<br>9 Q. And who ran that collection?<br>10 A. Who ran that collection? I did because I<br>11 have the keys to the RR/BAYC.<br>12 Q. And what did the RR/BAYC collection on<br>13 OpenSea look like?<br>14 A. I'm not sure. | | |
| 81:22–82:7 *[Defendants' Counter Designation]*<br><br>*22 Q. Do you have any images of what the RR/BAYC*<br>*23 NFT page looked like on OpenSea?*<br>*24 A. I do remember at one point making the*<br>*25 background image the banner, if you will, to say*<br>*1 "Long Live Conceptual Art," or something like that,*<br>*2 or "You can't copy an NFT," or something along those*<br>*3 lines, or -- and I do remember making sure that*<br>*4 people had a link to RRBAYC.com, which is the artist*<br>*5 statement at which all the RR/BAYCs -- or, I would*<br>*6 say, the vast majority of them were sold through*<br>*7 RRBAYC.com.* | 81:22–25<br><br>FRE 401-404; MIL 2<br><br>82:1–7<br><br>FRE 106; 401-404; 602; 701-702; 801-802; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' answer is not responsive to the question asked regarding whether he has taken images of | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically the way that RR/BAYC NFTs appeared on the OpenSea website (which Yuga relies on for purposes of its damages case). As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | how the RR/BAYC NFT collection appeared on OpenSea before it was delisted, and is, therefore, misleading and unfairly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter. The testimony regarding alleged statements on the referenced webpage is inadmissible hearsay for which no exception is applicable. | testimony about the nature of the project) <br><br> The statements "Long Live Conceptual Art" and "You can't copy an NFT" are not being offered for their truth, so the hearsay objections are baseless. <br><br> This counter-designation is proper because it is the follow-up question to the prior question about Mr. Ripps's changes to the Foundation webpage. |
| <u>82:8–82:13</u> <br><br> 8 Q. How many of the RR/BAYC NFTs were sold <br> 9 through RRBAYC.com? <br> 10 A. I can't give you an exact figure. <br> 11 Q. How many were sold through Foundation? <br> 12 A. Well, technically, all of them were | Incomplete (fails to designate full answer) <br><br> Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer | The designation includes all responsive testimony and is therefore complete and not misleading. <br><br> The undesignated portions of this answer [82:14–19] are not responsive to |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 13 because it was a Foundation contract, so... | that is improper, confusing, and misleading. | any issue in this dispute and are misleading. It is also improper unqualified expert testimony regarding the technical details of how NFT transfers function. It is unhelpful and confusing testimony. |
| 83:20–84:11<br><br>20 Q. Did you offer to change the name and logo<br>21 of the RR/BAYC project?<br>22 A. I believe I did ask that.<br>23 Q. And did you change it?<br>24 A. No. It doesn't exist on OpenSea.<br>25 Q. So you didn't change the name or logo?<br>1 A. I can't do something that's impossible.<br>2 Q. Did you change the name or logo anywhere<br>3 else?<br>4 A. Did I change the name or logo anywhere<br>5 else? Well, I will say that the RR/BAYC project's<br>6 home and the art in its entirety is on RRBAYC.com,<br>7 which the logo and all that is the same.<br>8 Q. You haven't -- have you changed the logo | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 9 in response to any other trademark issues?<br>10 A. No, I don't think I changed the logo<br>11 anywhere. | | |
| <u>89:14–89:24</u> *[Defendants' Counter Designation]*<br><br>*14 Q. Do you recall discussing the royalties*<br>*15 from LooksRare that you received for the RR/BAYC*<br>*16 NFTs?*<br>*17 A. We did not want to accept royalties for*<br>*18 RR/BAYC. I didn't think it was in the spirit of the*<br>*19 art piece. And for some reason, LooksRare was the*<br>*20 only platform that wouldn't edit the royalties of*<br>*21 the project, and so, I think -- I actually don't*<br>*22 remember who reached out. I remember voicing that*<br>*23 concern and -- yeah, I didn't want the royalties of*<br>*24 LooksRare to be accrued.* | FRE 106; 401-404; 602; 701-702; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes undue delay, and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. The testimony regarding alleged communications is inadmissible hearsay for which no exception is applicable. | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically royalties from the LooksRare website (which Yuga relies on for purposes of its damages case). As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>No statements of others are being offered for their truth, so the hearsay objection is baseless. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | This counter-designation is proper because it is the provides the necessary antecedent basis for the following question designated by Yuga about royalties from "LooksRare." |
| 90:11–91:8<br><br>11 Q. And how much in royalty have you received<br>12 through LooksRare?<br>13 A. I believe that's in the accounting. I<br>14 think it was around 70 ETH from LooksRare royalties* of<br>15 my artwork, RR/BAYC went into my wallet, something<br>16 like that.<br>17 But, you know, that's also very hard to<br>18 calculate. So that figure is -- could be off by a<br>19 few -- by a margin, not a big margin, but it is not<br>20 -- the royalties, from my understanding, are -- are<br>21 sent in this other cryptocurrency, and it's<br>22 converted. So it's a whole thing that I can't -- I<br>23 can't give you an exact precise number. | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 24 So that's an estimate. It might be a<br>25 really high estimate actually, but it's an estimate<br>1 based on my wallet activity, which is on a public<br>2 ledger. So if you wanted the exact number, it's<br>3 possible probably to -- to figure out, but there's a<br>4 lot of factors involved, such as the gas, for<br>5 instance, and many other transaction fees and<br>6 slippage and aspects of the blockchain that most<br>7 people don't pay attention to but in terms of<br>8 accounting can be huge factors.<br>*Subject to errata | | |
| <u>91:14–91:16</u> *[Defendants' Counter Designation]*<br><br>*14 Q. Who authored the code for the contract for*<br>*15 the RR/BAYC NFTs?*<br>*16 A. Foundation.* | No objection | |
| <u>102:15–104:13</u><br><br>15 Q. Can you please identify Exhibit 118 for<br>16 me.<br>17 A. It looks like a capture of the website<br>18 etherscan.io.<br>19 Q. And what is the smart | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| contract that this<br>20 is a capture of?<br>21 A. The smart contract address is<br>22 0X2EE6AF0dF -- I think maybe E –<br>23 f3A1CE3F73414C52c48fd5 -- I think this is a 0; it<br>24 might be an O. I don't know -- 0d73691e.<br>25 Q. And are you familiar with what that smart<br>1 contract address is?<br>2 A. As I said in previous statements, I don't<br>3 have any smart contract or wallet ID or anything<br>4 like that memorized for the blockchain, for obvious<br>5 reasons. It's incredibly long and cumbersome. I<br>6 don't think -- I think you'd be hard-pressed to find<br>7 any human being who can memorize that or cares to.<br>8 Q. Do you see under the contract creator it<br>9 says "Ryder_Ripps.ETH"?<br>10 A. Yes.<br>11 Q. And under the token tracker it says "Bored<br>12 Ape Yacht Club?"<br>13 A. I see that.<br>14 Q. Open pren, close pren?<br>15 A. Uh-huh, yeah.<br>16 Q. So are you the contract creator for a<br>17 token named "(Bored Ape Yacht Club)"? | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 18 A. I wouldn't characterize it like that,<br>19 though. I am the creator of an artwork called<br>20 "RR/BAYC," which stands for "Ryder Ripps/Bored Ape<br>21 Yacht Club."<br>22 Q. And what is the name of that token on the<br>23 Ethereum blockchain?<br>24 A. To be honest, I don't even really know<br>25 what a token tracker is. I'm not -- I don't – I<br>1 know that there are tokens, and I know that an NFT<br>2 is a non-fungible token, but what a tracker is, I<br>3 think that's actually pretty -- pretty vague terms,<br>4 and I don't know.<br>5 Q. Are you familiar with –<br>6 A. But, yeah, I have created an artwork<br>7 called "Ryder Ripps/Bored Ape Yacht Club" and –<br>8 yeah.<br>9 Q. And what is the name of the token for the<br>10 artwork that you said is called "Ryder Ripps/Bored<br>11 Ape Yacht Club"?<br>12 A. I call it "Ryder Ripps/Bored Ape Yacht<br>13 Club." | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>106:2–107:6</u><br><br>2 Q. And -- question was: What is the name of<br>3 that token?<br>4 A. Ryder Ripps/Bored Ape Yacht Club.<br>5 Q. Where does it say that on the Ethereum<br>6 blockchain?<br>7 A. It says "contract creator" -- on this<br>8 thing, I'm looking at "Contract Creator: Ryder<br>9 Ripps," and then, it says "Bored Ape Yacht Club."<br>10 But it doesn't -- that Etherscan version of this<br>11 doesn't have to say that. That's not what – that's<br>12 not what the NFT is. The NFT is a verifiable set of<br>13 data, a large set of data, and that is what the NFT<br>14 is.<br>15 So Etherscan is not a website I designed.<br>16 It's a tool that is -- that is used to verify<br>17 things. And as I said earlier, this tool is not<br>18 used as a piece of paper printout. It's used as a<br>19 website, which has links, and you can copy and paste<br>20 things, and you can do -- do things with it. You<br>21 can interact with it. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | Response to Incomplete Objection [107:7–21]:<br><br>FRE 401-403; 602; 701-702; MIL 2<br><br>The undesignated portion is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, would waste time, cause undue delay, and is unduly prejudicial. Mr. Ripps' narrative explanation regarding internet domain functionalities and Ethereum blockchain technicalities are not responsive to the question asked regarding whether he created the smart contract for RR/BAYC NFTs. The undesignated portions of this answer regarding are not responsive to any issue in this dispute |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 22 And so, you know, I don't know – like, I 23 don't know why Etherscan does what it does. It's 24 not my website, but if you were to look at the raw 25 data on the blockchain, it would display completely 1 different, for instance, and it wouldn't say -- it 2 wouldn't say any of this. It wouldn't say 3 "Ryder-Ripps.ETH." That is a decision that this 4 website has made. It wouldn't say "Bored Ape Yacht 5 Club." That's a decision that this website has 6 made. | | and are misleading. It is also improper unqualified expert testimony regarding the technical details. It is unhelpful and confusing testimony. |
| <u>108:14–108:16</u> <br><br> 14 So I'm trying to understand how would you 15 find out the information on the Ethereum blockchain? 16 A. One might go to Etherscan, for instance. | No objection | |
| <u>109:9–109:20</u> <br><br> 9 Q. When was there a change from the 10 alphanumeric in Exhibit 117 to the Ryder-Ripps.ETH 11 in 118? 12 Mr. Tompros: Objection to form. Calls | Incomplete (fails to designate full answer) <br><br> Plaintiff has improperly designated a limited portion of the | The question pertains to the contract that Mr. Ripps has testified that he owns and runs and therefore its format is within his |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 13 for speculation.<br>14 But you can answer.<br>15 A. I have no idea. It's not my website.<br>16 Q. Did you change the contract for the<br>17 RR/BAYC NFTs at any time?<br>18 A. No. 54<br>19 Q. You never changed the information in the<br>20 contract for the RR/BAYC NFTs? | witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | personal knowledge and does not call for speculation.<br><br>The designation includes all responsive testimony and is therefore not incomplete and misleading.<br><br>Response to Incomplete Objection [109:21–111:18]:<br><br>FRE 106; 401- 403; 602; 701- 702; 801-802; MIL 1<br><br>The undesignated portion is subject to Yuga Labs' *Motion In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause undue delay, and are unduly. Mr. Ripps' long narrative explanation regarding topics, such as his beliefs concerning the behavior of people and companies; |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | various entities' incentives for committing actions; and his understanding and experience with Ethereum Name Service are entirely unrelated to whether Mr. Ripps has changed any information related to the smart contract for RR/BAYC NFTs. It is also improper unqualified expert testimony regarding the technical details. It is unhelpful and confusing testimony. |
| 111:19–23<br><br>19 So at some point, it seems like Etherscan<br>20 maybe has changed it from being just a long string<br>21 to being a -- the domain version, but I have no idea<br>22 really. I cannot tell you when or why or who or how<br>23 or anything. It's not my website. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | The designation includes all responsive testimony and is therefore not incomplete and misleading.<br><br>Response to Incomplete Objection [109:21– 111:18]:<br><br>FRE 106; 401- 403; 602; 701- 702; 801- 802; MIL 1<br><br>The undesignated portion is subject to |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | Yuga Labs' *Motion In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' long narrative explanation regarding topics, such as his beliefs concerning the behavior of people and companies; various entities' incentives for committing actions; and his understanding and experience with Ethereum Name Service are entirely unrelated to whether Mr. Ripps has changed any information related to the smart contract for RR/BAYC NFTs. It is also improper unqualified expert testimony regarding the technical details. It is unhelpful and confusing testimony. |
| <u>116:24–117:4</u> | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 24 Q. In Exhibit 117, can you please identify<br>25 your wallet.<br>1 A. Like I -- I don't know how to -- I don't<br>2 remember my wallet address. It's so long that<br>3 number, and not only is it so long, that number is<br>4 cut off, so... | | |
| <u>124:25–125:4</u><br><br>25 Q. Do you ever reference the RR/BAYCs by the<br>1 BAYC token ID?<br>2 A. Well, the project is a critique of Bored<br>3 Ape Yacht Club. So I would imagine that we have<br>4 done that including on the website. | No objection | |
| <u>127:7–127:18</u><br><br>7 Q. Have you ever promoted the sale of<br>8 clothing in associations with the RR/BAYC NFTs?<br>9 A. I don't sell clothing.<br>10 Q. Have you ever promoted the sale of<br>11 clothing in associations with the RR/BAYC NFTs?<br>12 A. I don't believe so.<br>13 Q. Have you ever offered for sale clothing in | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 14 association with the RR/BAYC NFTs?<br>15 A. No, I don't believe I have. Offered<br>16 clothing for sale? No, I don't have any means to do<br>17 that. I don't have an e-com site or anything like<br>18 that; so, no, I haven't. | | |
| <u>145:6; 147:10–147:22</u><br><br>6 Q. You have in front of you Exhibit 124.<br>10 Q. And you see about the middle of the page<br>11 there it says "enter Ape ID"?<br>12 A. Uh-huh.<br>13 Q. And you could enter a BAYC token ID there;<br>14 correct ?<br>15 A. I mean –<br>16 Mr. Tompos: I object. Vague.<br>17 A. I don't know if you could. I guess -- I<br>18 guess you could enter a number there, sure.<br>19 Q. And by "Ape ID," if you entered a BAYC Ape<br>20 ID, would it pull up the BAYC ape associated with<br>21 that ID number?<br>22 A. It would pull up the -- yes. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | The term BAYC token ID is neither vague nor ambiguous and the witness understood the term in context and testifies to his understanding.<br><br>The designation includes all responsive testimony and is therefore not incomplete and misleading.<br><br>Response to Incomplete Objection [147:23–148:70]<br><br>FRE 401-403; 602; 701-702; MIL 1; MIL 2<br><br>The undesignated portion is subject to Yuga Labs' *Motion |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | *In Limine* Nos. 1 and 2 because issues of Inflammatory Material not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' commentary and analogies are irrelevant and would only serve to waste time, cause undue delay, and prejudice Yuga Labs. It is also improper unqualified expert testimony. |
| <u>149:18–150:10</u><br><br>18 Q. And the number 5, does that refer to the<br>19 Bored Ape Yacht Club ID number for the -- the Ape<br>20 ID?<br>21 A. Yes.<br>22 Q. And up at the top there, the "RR/BAYC."<br>23 Do you see that, sir?<br>24 A. Yes.<br>25 Q. And the "RR"* refers to Ryder Ripps?<br>1 A. That's correct.<br>2 Q. And the Bored Ape Yacht Club -- or "BAYC"<br>3 refers to Bored Ape Yacht Club?<br>4 A. Yup. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | The testimony is relevant to the issue of equitable relief, especially to the extent Defendants contend that the extent of confusion they caused warrants a reduction in remedies.<br><br>The designation includes all responsive testimony and is therefore not incomplete and misleading. |

| | Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 | 5 Q. And Bored Ape Yacht Club is associated<br>6 with Yuga Labs?<br>7 A. Yes.<br>8 Q. Did you ever apply for a trademark<br>9 registration in RR/BAYC?<br>10 A. No.<br>*Subject to errata | | Response to Incomplete Objection [149:16–17]<br><br>FRE 401-404; 602; MIL 1<br><br>The undesignated portion is subject to Yuga Labs' *Motion In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' speculative inflammatory remark is neither relevant to any issues in this litigation nor responsive to the question asked. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. |
| 26 27 28 | <u>150:11–150:13</u> *[Defendants' Counter Designation]* | FRE 106; 401-404; 602; MIL 2 | The testimony is relevant because it directly discusses the |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *11 Q. Why not?*<br>*12 A. Because I'm an artist. I don't have any*<br>*13 reason to trademark things.* | This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes undue delay, and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps' testimony concerning his disinterest in trademark applications as an artist is misleading and unduly prejudicial. | use of trademarks in connection with the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designation below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and is in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This counter-designation is proper because it provides the context ("Why not?") for the prior answer, which Yuga has designated. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | |
| <u>158:1–158:24</u> | No objection | |
| 1 Q. We can go to the last page of Exhibit 124. | | |
| 2 And do you see that phrase there at the | | |
| 3 bottom – | | |
| 4 A. Yes. | | |
| 5 Q. -- "Artwork by Ryder Ripps for LIVE – | | |
| 6 LIVE9000, LLC"? | | |
| 7 A. Yes, I do. | | |
| 8 Q. Is that on the RRBAYC.com website? | | |
| 9 A. I believe that was added at some point, | | |
| 10 yes. | | |
| 11 Q. And why was that added, sir? | | |
| 12 A. Because I have -- usually, with my art | | |
| 13 practice, with -- I do through an LLC for tax | | |
| 14 reasons, for legal reasons. And a long time ago, I | | |
| 15 was told that LLCs offer people sort of protections. | | |
| 16 And so, I – with crypto project, I think LIVE9000 | | |
| 17 was created when I launched a crypto project called | | |
| 18 "Million Token Website," which allowed people to | | |
| 19 publish their art and interact in a very novel way. | | |
| 20 And it was -- you know, it utilized the blockchain. | | |
| 21 And so, I had this LLC for | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| crypto-related<br>22 artwork that I have made, and I decided it might be<br>23 a good idea to – to put, you know, the fact that<br>24 this was affiliated with that LLC. | | |
| 166:13–166:25<br><br>13 Q. You'll see there from yourself in<br>14 Exhibit 138, it says, "I think we should add on the<br>15 site somewhere 'LIVE9000, LLC.' I don't want to get<br>16 sued personally."<br>17 A. Yeah. That goes back to what I said<br>18 earlier about, you know, like, having car insurance<br>19 kind of thing. So I came to understand that, you<br>20 know, having an LLC -- having an LLC, you know,<br>21 is -- offers some kind of protection. I mean, I<br>22 could be -- like I said, I'm not a lawyer or an<br>23 accountant or anything like that. And it's not<br>24 something that I'm an expert in at all by any means,<br>25 so I could be completely wrong. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | This testimony is relevant to remedies because Defendants transferred profits from the sale of RR/BAYC NFTs to Live9000.<br><br>The designation includes all responsive testimony and is therefore not incomplete and misleading.<br><br>Response to Incomplete Objection [167:1–13]<br><br>FRE 401-403<br><br>Mr. Ripps' commentary regarding topics he should discuss with his lawyer regarding the purpose of corporations is neither relevant to any remaining issues |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | in this litigation nor responsive to the question asked. |
| 169:4–6<br><br>4 Q. And this individual was referring to the<br>5 BAYC number to purchase an RR/BAYC?<br>6 A. Yeah. | Incomplete (fails to designate full answer)<br><br>Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | This testimony is relevant to the scope of equitable relief because it explains confusion in the marketplace from Defendants' trademark infringement, the scope of Defendants' trademark infringement, and the remedies Yuga Labs is entitled to from Defendants' intentional trademark infringement.<br><br>The designation includes all responsive testimony and is therefore not incomplete and misleading.<br><br>Response to Incomplete Objection [169:7–25]<br><br>FRE 401-404; 602; 701-702; 801-802; MIL 1; MIL 2 |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | This undesignated portion is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial. Mr. Ripps' inflammatory narrative is unrelated to any issue in dispute in this litigation and would serve to prejudice Yuga Labs. Mr. Ripps is not a qualified expert regarding the designated subject matter. Additionally, this testimony includes inadmissible hearsay for which no exception is applicable. To the extent Defendants seek to proffer this testimony as character evidence, it |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | is inadmissible for that purpose. |
| 177:15–178:15<br><br>15 Q. And before we go there, when did you<br>16 transfer ETH relating to -- try that again.<br>17 When did you transfer ETH relating to the<br>18 RR/BAYC NFT to LIVE9000, LLC?<br>19 A. I'm not sure.<br>20 Q. You're not sure when you transferred, and<br>21 you're not sure how much you transferred?<br>22 A. That's correct. I mean, I definitely made<br>23 transfers. I don't – I can't tell you the amounts<br>24 or the dates right now.<br>25 Q. And what bank does the LLC -- LIVE9000,<br>1 LLC, operate with?<br>2 A. Chase.<br>3 Q. What bank account do you operate with?<br>4 A. Chase.<br>5 Q. Did you transfer to LIVE9000, LLC, any ETH<br>6 associated with RR/BAYC NFT before or after the<br>7 lawsuit was filed?<br>8 A. I can't remember.<br>9 Q. Both? Could it have been both before and | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 10 after the lawsuit was filed?<br>11 A. It's possible.<br>12 Q. So you've transferred money to the LLC<br>13 after the lawsuit was filed?<br>14 A. I've transferred ETH to crypto exchanges<br>15 at different points in my life. | | |
| <u>184:14–186:19</u><br><br>14 Q. Going back to what we were discussing a<br>15 second ago about the overlaid IDs --<br>16 A. Yes.<br>17 Q. -- or the IDs placed below.<br>18 What does the IDs refer to there?<br>19 A. I guess the number in which the Bored Ape<br>20 Yacht Club image corresponds to it or something like<br>21 that.<br>22 Q. And you select "a"; is that -- am I<br>23 understanding you -- that correct?<br>24 It says, "Ryder Ripps," "a."<br>25 A. I guess, yeah.<br>1 Q. And overlaid IDs is how the RR/BAYC<br>2 website is currently designed; correct?<br>3 A. I'd have to look at it again. I think so.<br>4 I think it just takes up less room that way. Easier<br>5 to -- easier to see the -- the | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| features of the 6 disgusting art when they're -- you can see more of 7 them. 8 Also, it kind of changes -- yeah, it makes 9 it less about the -- the IDs, anyways. 10 Q. And if you go to the next page. 11 A. Uh-huh. 12 Q. You say, "I still think it should list 13 both nobers" – 14 A. Uh-huh, yeah. 15 Q. Do you think that's supposed to be 16 "numbers" ? 17 A. I do, yeah. 18 Q. -- "for the ones that are taken, "RR and 19 BAYC. " 20 Does "BAYC" there refer to the Bored Ape 21 Yacht Club number? 22 A. Yeah. 23 Q. And then, Hwonder, Mr. Hickman, says, 24 "cool... we have the data... we'll come up with the 25 layout for it." 1 And you give an example of something 2 that -- maybe it would work. 3 Is that my understanding of this 4 conversation? 5 A. Yeah. I think -- I mean, this was an idea | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 6 that I had that I think is a pretty good idea. And<br>7 I think we're just talking about it, yup.<br>8 Q. Why wasn't this idea implemented?<br>9 A. Well, first of all, I don't know when<br>10 this -- what's the date? Oh, May... I can't tell<br>11 you. I don't -- I don't think that we had maybe<br>12 come up with a design that was good enough or maybe<br>13 it was too long to write on top of the image, like<br>14 how they were written before in a way that -- there<br>15 was probably several reasons, but I can't give you a<br>16 specific reason why.<br>17 Q. So the only number that's on the RR/BAYC<br>18 website is the BAYC ID number?<br>19 A. Yeah, I believe that's true. | | |
| <u>192:24–193:6</u> *[Defendants' Counter Designation]*<br><br>*24 Q. Are you aware that individuals were*<br>*25 profiting off of RR/BAYC NFTs through resales?*<br>*1 A. I can't really tell you because I -- I*<br>*2 haven't had, like, long conversations with anyone* | 193:1–6<br><br>FRE 401-403; 602; MIL 2<br><br>This is an improper counter-designation, as this testimony about third-party profits from Defendants' | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 3 about that. But I do know that there was -- there<br>4 have been -- people who bought my artwork have<br>5 resold my artwork.<br>6 Q. And your artwork is a token? | infringement are not relevant.<br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes undue delay, and are unduly prejudicial.<br><br>Mr. Ripps' speculative testimony regarding third parties and conversations with them is misleading, unduly prejudicial, and inadmissible hearsay for which no exception is applicable. | project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designation below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and is in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>There is no third-party statement being offered for its truth, so the hearsay objection is baseless. |
| <u>193:8–193:13</u> *[Defendants Counter Designation]*<br><br>8 A. My -- like, I've -- I feel like I've --<br>9 you know, we've spoken now for, like, four hours,<br>10 and I feel like I've kind of laid out what the<br>11 artwork of RR/BAYC is. It's many things: It's an | FRE 401-403; 602; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *12 NFT; it's a performance; it's a statement. So* <br> *13 it's -- it's a lot of things.* | undue delay, and is unduly prejudicial. <br><br> Mr. Ripps' commentary is unrelated to any issue in this litigation and unresponsive to the clarifying question asked. | project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designation below of testimony about the nature of the project) <br><br> Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and is in any event moot because Yuga has abandoned all legal remedies and jury issues). <br><br> There is no third-party statement being offered for its truth, so the hearsay objection is baseless. |
| <u>193:14–193:24</u> <br><br> 14 Q. Did you ever highlight that people were <br> 15 flipping your RR/BAYC NFTs? <br> 16 A. I might have. <br> 17 Q. You might have? <br> 18 A. It's possible. <br> 19 Q. For a profit? <br> 20 A. I don't know. I can't -- you know, I | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 21 don't know what anyone is profiting. So I don't<br>22 think, if I have, that -- I don't really know anyone<br>23 else's business, to be honest with you. So I can<br>24 only speak for my own. | | |
| <u>193:25–195:5</u> *[Defendants' Counter Designation]*<br><br>*25 Q. What did you originally sell the RR/BAYCs*<br>*1 for?*<br>*2 A. Well, originally, I think the first -- the*<br>*3 very first one besides the one that I minted, which*<br>*4 would -- I -- you could call an artist proof or*<br>*5 something like that - which is, like, the very first*<br>*6 version - was transferred to my friend for -- for*<br>*7 free, my friend Leander, who loved the idea and the*<br>*8 statement. And -- and so, you know, if you --*<br>*9 technically, free.*<br>*10 Q. After that?*<br>*11 A. I think the first few were free. And*<br>*12 then, maybe 0.1 ETH.*<br>*13 Q. How many did you give away for free?*<br>*14 A. I can't tell you. I mean, I don't have*<br>*15 the exact number, but quite a few* | 194:1–25<br><br>FRE 106; 401-404; 602; 701-702; 801-802; MIL 2<br><br>195:1–5<br><br>FRE 401-404; 602; 701-702; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes undue delay, and is unduly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the | The testimony is relevant because it directly discusses profits from the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what profits he generated from it.<br><br>Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and is in any event moot because Yuga has abandoned all legal remedies and jury issues). |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *I gave away for*<br>*16 free.*<br>*17 And with that, when I - when you give --*<br>*18 actually, it's interesting. When you give an NFT*<br>*19 away for free, it actually costs money -- or costs*<br>*20 ETH, technically. So it's actually not even free.*<br>*21 Giving -- giving -- or transferring an NFT to*<br>*22 somebody -- or minting and transferring, which are*<br>*23 two different interactions with the blockchain, both*<br>*24 cost gas in the form of ethereum. So, in fact, you*<br>*25 could give away your artwork in cryptocurrency and*<br>*1 lose a significant amount of money, which is an*<br>*2 interesting thing.*<br>*3 So just so you know that that is -- that*<br>*4 is a -- when you give art away on -- as an NFT, it*<br>*5 actually ends up costing money in the form of ETHs.* | designated subject matter concerning NFT transfers. This testimony is cumulative of other evidence in this case, incomplete, misleading, and unduly prejudicial. It also contains inadmissible hearsay for which no exception is applicable. | There is no third-party statement being offered for its truth, so the hearsay objection is baseless.<br><br>This counter-designation is proper because it provides necessary detail following the prior question concerning sales prices for the RR/BAYC NFTs, which Yuga designated. |
| <u>196:6–196:9</u><br><br>6 Q. Have you, on your Twitter account,<br>7 highlighted where individuals could buy or sell or<br>8 transfer RR/BAYCs after the initial mint process?<br>9 A. I might have. | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>197:20–198:7</u> *[Defendants' Counter Designation]*<br><br>*20 Q. So you supported the secondary sales of*<br>*21 the RR/BAYC NFTs?*<br>*22 A. No, I don't -- I don't -- what people do*<br>*23 with -- with my art, how they sell it, how they*<br>*24 collect it, is their own free will. And I don't*<br>*25 really have any control over it, nor do I attempt to*<br>*1 intervene in it.*<br>*2 Like I said, if I have -- if I have*<br>*3 promoted -- not even promoted, but stated that*<br>*4 RR/BAYC is available on -- on another marketplace,*<br>*5 it was definitely in reaction to the fact that it*<br>*6 was delisted fraudulently from Foundation, which was*<br>*7 its original home.* | 197:20–25<br><br>FRE 401-403; 602; MIL 2<br><br>198:1–7<br><br>FRE 106; 401-404; 602; MIL 4<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* Nos. 1 and 2 because issues of Inflammatory Material and Mr. Ripps' purported artistic purpose are not relevant to this case, waste time, cause undue delay, and are unduly prejudicial.<br><br>To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose.  It also contains inadmissible hearsay for which no exception is applicable.  Mr. Ripps' inflammatory | The testimony is relevant because it directly discusses sales of NFTs from the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits.  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about those sales.<br><br>Yuga's Motion *in Limine* Nos. 1 and 2 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This counter-designation is proper because it provides necessary detail following the prior |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | comments are unrelated to any issue in dispute in this litigation and would serve to only waste time and prejudice Yuga Labs.<br><br>The Court has granted Yuga Labs summary judgment on Defendants' counterclaim related to the DMCA, so this testimony is not relevant to the issue of remedies for Yuga Labs' trademark infringement claim and is therefore not relevant for any purpose at trial. The testimony serves only to waste time and cause undue delay. This topic should also be excluded pursuant to the Parties' agreement to exclude testimony of this nature pursuant to Yuga Labs' Motion *In Limine* No. 4. | question concerning sales prices for the RR/BAYC NFTs, which Yuga designated. |
| <u>198:8–198:22</u><br><br>8 Q. Can we go to -- back to Exhibit | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 127. Do<br>9 you see at the top it says, "ya,"<br>"where do u think<br>10 we should point people for secondary?"<br>11 Is that referring to pointing people for<br>12 secondary sales of the RR/BAYC NFTs?<br>13 A. (Reading.)<br>14 I don't know what this means.<br>15 Q. And Mr. Hickman responds, "foundation rn."<br>16 Do you understand that means "right now"?<br>17 A. "That is what powers the contract."<br>18 (Reporter clarification.)<br>19 A. No, I'm just reading what he -- what<br>20 Hickman said. He said, "foundation," "(that is what<br>21 powers the contract)."<br>22 And so, I said, "ok." | | |
| <u>202:25–204:3</u><br><br>25 Q. I want to go to the third page of<br>1 Exhibit 111.<br>2 A. Okay. I think I'm on the third page.<br>3 They're not numbered but...<br>4 Q. You see there from Mr. Ripps, yourself, at<br>5 1 1 : 4 3 ?<br>6 A. Uh-huh.<br>7 Q. It says, "I dont think the | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| marketplace<br>8 will do anything for this mint,"<br>"0."<br>9 And then, Mr. Cahen, says, "I think<br>10 shilling will be more impactful for sure."<br>11 Did you think shilling would be more<br>12 impactful ?<br>13 A. I –<br>14 Mr. Tompros: Object to form.<br>15 A. First of all, I hate that word. So I<br>16 don't -- I hate "shilling." I don't know what<br>17 that -- I don't like that word at all. So I<br>18 definitely don't even know what he's talking about.<br>19 He might be saying it even ironically, like, he's<br>20 being sarcastic because shilling is something that<br>21 myself, Mr. Cahen, other people are extremely<br>22 opposed to, at least the way that term is used<br>23 generally in the NFT world. So this could be a<br>24 sarcastic comment.<br>25 Q. You say maybe it'll sell, like, 20 more.<br>1 Is that what you said there?<br>2 A. Yeah. That's also, I believe, a sarcastic<br>3 comment. | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 231:15–231:19 *[Defendants' Counter Designation]*<br><br>*15 A. I don't think so. I don't think there's*<br>*16 many royalties in LooksRare. I mean, if it's*<br>*17 increasing, if you want to look on the blockchain*<br>*18 right now, maybe there's $3, $5, or something like*<br>*19 that.* | FRE 401-403; 602; 701-702<br>Mr. Ripps is not a qualified expert regarding the designated subject matter concerning NFT royalties and his testimony is speculative. He indicates his lack of knowledge concerning the referenced royalties. This testimony is cumulative of other evidence in this case, incomplete, misleading, and unduly prejudicial. | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically royalties from the LooksRare website (which Yuga relies on for purposes of its damages case).  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>No statements of others are being offered for their truth, so the hearsay objection is baseless.<br><br>This counter-designation is proper because it is the provides the necessary context for |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | | prior testimony designated by Yuga about royalties from "LooksRare." |
| 236:23–238:17<br><br>23 Q. And so, you provided her the information<br>24 that you made over $500,000 off of the RR/BAYC NFTs?<br>25 A. I don't know if I gave her an exact<br>1 figure.<br>2 Q. Did you give her any figures?<br>3 A. I'm not sure. She has access so she might<br>4 have looked in my account. I can't guarantee<br>5 anything, but she – I don't know exactly, and like<br>6 I said, my understanding is that I have a bunch of<br>7 other money that is through, you know, my creative<br>8 direction and things like that that she's accounting<br>9 for as well. So I'm not -- you know, I can't tell<br>10 you exactly what she is working on or has done.<br>11 Q. When you say you "have a bunch of other<br>12 money," how much other money are you referring to?<br>13 A. I mean, you want to know how much money I<br>14 have so you can try to sue me | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| until it's all gone?<br>15 Q. You just said you had a bunch of other<br>16 money. So I'm trying to –<br>17 A. I make other -- I make money through other<br>18 means such as creative direction that I do, which I<br>19 have done less of, you know, since I've had to<br>20 defend myself. But the previous year, 2021, that<br>21 was -- that was, you know, a focus of my life.<br>22 Q. And how much money did you make there?<br>23 A. In 2021?<br>24 Q. Uh-huh.<br>25 A. I don't remember exactly. | | |
| 241:8–241:11<br><br>8 Q. And under your line item, you received<br>9 more money than anyone else in connection with the<br>10 RR/BAYC NFTs; correct?<br>11 A. Yeah. It's my art. So that's why. | No objection | |
| 243:1–243:17<br><br>1 Q. Hand you what's been previously marked as<br>2 Exhibit 7.<br>3 (Exhibit 7 previously marked.)<br>4 BY MR. BALL:<br>5 Q. Go to page 9. | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 6 A. Okay.<br>7 Q. You see where Mr. Hickman states that he<br>8 was -- received 158.28 ETH?<br>9 A. Yeah, I'm seeing that.<br>10 Q. Why is there a disconnect between that and<br>11 Exhibit 103, prepared with your counsel for<br>12 Mr. Hickman, where he says that he -- where it says<br>13 that he only received 126.642 ETH?<br>14 A. I couldn't tell you. Maybe Ryan's<br>15 accounting is wrong or something like that. It's a<br>16 pretty small discrepancy, though. He's also maybe<br>17 not accounting for the gas or something like that. | | |
| <u>249:14–249:21</u><br><br>14 Q. So it's your testimony that the $500,000<br>15 that you received here, 510,789.40, is the sum total<br>16 that you received in connection with the RR/BAYC<br>17 NFTs?<br>18 A. I believe that to be accurate.<br>19 Q. And your statement that you made over<br>20 a million dollars on Twitter is false?<br>21 A. That is absolutely false. | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| <u>282:19–282:23</u><br><br>19 Q. So X2Y2, one of the marketplaces were –<br>20 RR/BAYC NFTs were transferred between users. They<br>21 labeled the RR/BAYC NFTs as "possibly fake"?<br>22 A. At one point, I believe that was something<br>23 that they did. | No objection | |
| <u>284:12–284:21</u><br><br>12 Q. So people using your name and mimicking<br>13 you would be a scam?<br>14 A. People using my name to -- to create -- to<br>15 make it seem like it's my art, definitely. I mean,<br>16 if you -- people could use my name, obviously, and<br>17 say, you know, "Ryder Ripps sucks" or something like<br>18 that, and that wouldn't be -- that would be<br>19 commentary, but someone saying, "This is an<br>20 authentic Ryder Ripps artwork," would definitely be<br>21 problematic with me. | No objection | |
| <u>286:15–287:21</u><br><br>15 Q. Hand you what's been marked as | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 16 Exhibit 136.<br>17 (Exhibit 136 marked.)<br>18 BY MR. BALL:<br>19 Q. Are you familiar with the LooksRare page<br>20 that facilitates the transfer of RR/BAYC NFTs on<br>21 secondary markets?<br>22 A. I'm familiar that RR/BAYC amongst probably<br>23 millions of other NFTs are listed on LooksRare.<br>24 Q. And is there a page dedicated to RR/BAYC<br>25 NFTs?<br>1 A. I suppose there is, yeah. Yeah, I mean, I<br>2 guess -- I mean, there's a page dedicated to -- I<br>3 think LooksRare lists almost everything, so yeah.<br>4 Q. And why does it say "Redacted" there next<br>5 to the logo you created?<br>6 A. I believe that it was changed after the<br>7 lawsuit, I believe, to try to, you know -- because<br>8 you guys seem to not understand Yuga Labs or – this<br>9 predatory lawsuit, in general, seems to have some<br>10 kind of problem, which I don't agree with, with me<br>11 talking about Bored Ape Yacht Club and criticizing<br>12 Bored Ape Yacht Club.<br>13 So in order -- I think at some | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| point –<br>14 and I remember -- now I remember that that was<br>15 something that perhaps was changed early on. I mean<br>16 early in terms of this litigation and is just –<br>17 Q. And who changed that?<br>18 A. I believe I did.<br>19 Q. And what did it say before it said<br>20 "Redacted" ?<br>21 A. I believe it said "RR/BAYC." | | |
| 288:6–288:11<br><br>6 Q. How did you change it to "Redacted"?<br>7 A. I believe it's a -- if you're the contract<br>8 owner and this is a contract on the Ethereum<br>9 blockchain, I believe LooksRare allows you to change<br>10 a few things such as the logo and the name and stuff<br>11 like that. | No objection | |
| 288:23–289:6 *[Defendants' Counter Designation]*<br><br>*23 Q. What can you change that you just referred*<br>*24 to?*<br>*25 A. Well, anyone can make a website that can*<br>*1 do anything. So LooksRare is a website that someone* | FRE 401-403; 602; 701-702<br><br>Mr. Ripps' testimony is irrelevant and unhelpful to any issue in dispute in this litigation.  His response indicates his lack of knowledge | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically royalties |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| *2 else made. I have no idea of their names or*<br>*3 anything about them. And they allow changes on*<br>*4 certain things, I guess, if you are the contract*<br>*5 owner, and in order to do that, you'd have to sign*<br>*6 with a wallet and stuff like that.* | concerning the question. This testimony is cumulative of other evidence in this case, incomplete, misleading, and unduly prejudicial | from the LooksRare website (which Yuga relies on for purposes of its damages case).  As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>No statements of others are being offered for their truth, so the hearsay objection is baseless. |
| 289:7–290:12<br><br>7 Q. So you signed in with a wallet to<br>8 LooksRare, and they permitted you to make changes to<br>9 the page dedicated to the RR/BAYC NFTs?<br>10 A. The change of this redacted thing, it's<br>11 something that I have done, yeah.<br>12 MR. BALL: Can we mark as Exhibit 137.<br>13 (Exhibit 137 marked.) | No objection | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 14 BY MR. BALL:<br>15 Q. You have there what's been marked as<br>16 Exhibit 137, a printout from the Wayback Machine or<br>17 the Internet Archive, which we discussed that you<br>18 are familiar with.<br>19 Do you see at the top of Exhibit 137 on<br>20 the right-hand corner, it says this was captured as<br>21 of June 22nd, 2022?<br>22 A. Uh-huh.<br>23 Q. And it says there "Bored Ape Yacht Club."<br>24 A. Uh-huh.<br>25 Q. Not Ryder Ripps.<br>1 A. Yeah, at this point, I probably didn't<br>2 even know LooksRare existed or cared about it, so –<br>3 or I don't know. So maybe -- I'm not sure.<br>4 Q. Why is it labeling the RR/BAYC NFTs as<br>5 "Bored Ape Yacht Club"?<br>6 A. I don't know. That's just the way it<br>7 pulls data.<br>8 Q. Where is it pulling the data from?<br>9 A. The blockchain, I imagine. So why is it<br>10 listing the contract address? Why does it not say<br>11 my name? Why does it not -- there is a lot of | | |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| 12 questions. Here I didn't design the website. | | |
| 293:13–293:21[*Defendants' Counter Designation*]<br><br>*13 Q. Beyond LooksRare, have you reviewed any*<br>*14 other websites to revise them to make sure that they*<br>*15 are within your expectation of what you want your*<br>*16 artwork to look like?*<br>*17 A. I remember at one time, I changed the*<br>*18 banner on OpenSea to say "Long live conceptual art,"*<br>*19 and I think I provided a link to RR/BAYC on OpenSea,*<br>*20 which was, you know, within the design parameters of*<br>*21 what you can do on that website.* | FRE 106; 401-404; 801-802; MIL 2<br><br>This testimony is subject to Yuga Labs' Motion *In Limine* No. 2 because Mr. Ripps' purported artistic purpose is not relevant to this case, wastes time, causes undue delay, and is unduly prejudicial. Mr. Ripps' answer is not responsive to the question asked regarding whether he has reviewed the RR/BAYC NFT collection on other NFT marketplaces, and is, therefore, misleading and unfairly prejudicial. To the extent Defendants seek to proffer this testimony as character evidence, it is inadmissible for that purpose. Mr. Ripps is not a qualified expert regarding the designated subject matter. The | The testimony is relevant because it directly discusses the RR/BAYC Project that has been found to infringe and is at issue for purposes of disgorgement of profits, and specifically the way that RR/BAYC NFTs appeared on the OpenSea website (which Yuga relies on for purposes of its damages case). As a defendant and the creator of the project, Mr. Ripps should be allowed to testify about what it is (particularly given Yuga's own designations above and below of testimony about the nature of the project)<br><br>Yuga's Motion *in Limine* No. 2 should be denied for the reasons explained in Defendants' opposition (and is in any event moot |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| | testimony regarding alleged statements on the referenced webpage is inadmissible hearsay for which no exception is applicable. | because Yuga has abandoned all legal remedies and jury issues).

The statement "Long Live Conceptual Art" is not being offered for their truth, so the hearsay objections are baseless.

This counter-designation is proper because it is the follow-up question to the prior question about Mr. Ripps's requested changes to LooksRare. |
| 294:1–295:9

1 Q. Hand you what's been marked as
2 Exhibit 138.
3 (Exhibit 138 marked.)
4 BY MR. BALL:
5 Q. You have Exhibit 138.
6 Have you seen this NFTX website featuring
7 the RR/BAYC NFTs before?
8 A. I'm not sure if I've seen this website.
9 Q. You see there on the right-hand side it
10 says, "You're Buying," and it has | Incomplete (fails to designate full answer)

Plaintiff has improperly designated a limited portion of the witness' answer, thereby resulting in an incomplete answer that is improper, confusing, and misleading. | This testimony is relevant to the scope of equitable relief because it explains confusion in the marketplace from Defendants' trademark infringement, the scope of Defendants' trademark infringement, and the remedies Yuga Labs is entitled to from Defendants' |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| as six -- six<br>11 numbered apes?<br>12 A. Uh-huh.<br>13 Q. And they all say "Bored Ape Yacht Club."<br>14 Is that accurate?<br>15 Mr. Tompros: I object. Well, hold on. I<br>16 withdraw that objection<br>17 A. I mean, is that accurate? I don't know –<br>18 first of all, like I said about all of these things,<br>19 these are not my websites. So how these websites<br>20 show things, not how I would necessarily show<br>21 things; so, yeah, if this website looks like this, I<br>22 got a lot to say about this website. It fucking<br>23 s u c k s .<br>24 This website, why does it say "Connect"<br>25 twice, you know? Why does it have, like, an<br>1 orphaned item at the bottom of the website with,<br>2 like, an empty row? Why -- I mean, why does it have<br>3 a whole drop-down menu that says "None" for nothing?<br>4 So there's a lot about this website that I would say<br>5 is bad.<br>6 Q. Those are your concerns, not that your<br>7 NFTs are labeled as "Bored Ape | | intentional trademark infringement.<br><br>This designation includes Defendants entire answer and is therefore not incomplete and misleading.<br><br>Response to Incomplete Objection [295:13]<br><br>FRE 401-403; 602; 701-702<br><br>The undesignated portion concerns Mr. Ripps' lack of control over unrelated third parties, including Facebook, is irrelevant to this litigation. This testimony would only serve to waste time, cause undue delay, and unduly prejudice Yuga Labs. It is also improper unqualified expert testimony and unhelpful lay testimony. |

| Plaintiff's Designations | Objection(s) | Response to Objection(s) |
|---|---|---|
| Yacht Club"?<br>8 Mr. Tompros. I object. Vague –<br>9 A. I'm not looking at NFTs here. | | |

Dated:  June 30, 2023            FENWICK & WEST LLP


By: _/s/ Eric Ball_____
Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

Dated:  June 30, 2023            WILMER CUTLER PICKERING HALE AND DORR LLP


By: _/s/ Louis W. Tompros_____
Louis W. Tompros
Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.


_/s/ Eric Ball_____
Eric Ball