Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**JOINT NOTICE OF DEFENDANTS' DESIGNATED WITNESS TESTIMONY OF NICOLE MUNIZ**<br><br>Judge:  John F. Walter<br><br>Trial Date: July 31, 2023 |

1

MELISSA L. LAWTON (CSB No. 225452)

2

mlawton@fenwick.com
FENWICK & WEST LLP

3

228 Santa Monica Boulevard
Santa Monica, CA  90401

4

Telephone:   310.434.4300

5

DAVID Y. SILLERS (*admitted pro hac*

6

*vice*)
david@clarelocke.com

7

KATHRYN HUMPHREY (*admitted pro hac vice*)

8

kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac*

9

*vice*)
megan@clarelocke.com

10

CLARE LOCKE LLP
10 Prince Street

11

Alexandria, VA  22314
Telephone:   202.628.7400

12

13

Attorneys for Plaintiff
YUGA LABS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Civil Trial Order of June 7, 2023 (Dkt. 284), Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Defendants' designation deposition testimony of Nicole Muniz.

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 10:5–10:7<br>5         NICOLE MUNIZ,<br>6  having declared under penalty of perjury to tell<br>7  the truth, was examined and testified as follows: | No objection | |
| 10:21–10:25<br>21    Q.  Good morning, Ms. Muniz.<br>22    A.  Good morning.<br>23    Q.  You are testifying here today as the<br>24  corporate representative of Yuga Labs; right?<br>25    A.  Yes. | No objection | |
| 12:1–12:6<br>1    Q.  What is your current title with respect to<br>2  Yuga Labs?<br>3    A.  I'm currently on the board of directors<br>4  and an advisor.<br>5    Q.  You were formerly the chief executive<br>6  officer; right? | No objection | |
| ████████████████<br>████████ | No objection | |

---

[1] Objections stated on the record and included in the text of the designations are maintained. No party intends to waive objections on the record by not restating them.

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 17:5–17:7<br>5        One of Yuga's categories of products is<br>6 NFT collections; right?<br>7     A.  Yes.<br>8 MR. BALL: Objection. | No objection. | |
| 17:21–17:23<br>21      Q.  Yuga Labs is a privately held corporation;<br>22  correct?<br>23     A.  Yes. | No objection | |
| 20:19–20:19<br>19        (Exhibit 220 marked.) | No objection | |
| 21:16–21:20<br>16      Q.  This is the Complaint that Yuga filed;<br>17 correct?<br>18     A.  I believe so.<br>19     Q.  Did you review it before it was filed?<br>20     A.  Probably. | No objection | |
| 23:6–23:8<br>6      Q.  Did the four founders of the Yuga Labs<br>7 work on the Bored Ape Yacht Club?<br>8     A.  Yes. | No objection | |
| 40:17–40:17<br>17        (Exhibit 221 marked.) | No objection | |
| 41:6–41:9<br>6      Q.  Yeah.  Is Yuga Labs aware of the web page<br> 7 gordongoner.com?<br>8     A.  Yes. | FRE 401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 9     Q.   And Exhibit 221 is a printout of<br>41:12–41:13<br>11 MR. BALL: Objection. Vague.<br>12     A.   I believe so.  I can't say for certain.  I<br>13  don't have it memorized. | because issues of Inflammatory Material are not relevant to this case and cause undue delay.<br><br>Whether Yuga Labs is aware of or familiar with gordongoner.com is not relevant to any issues remaining for trial and would only serve to waste time. | Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products explained in detail in the discussed exhibit), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | |
| 75:11–75:11<br>11        (Exhibit 224 marked.) | No objection | |
| 76:7–77:2<br>  7     Q.  Under -- on -- there's an ape depicted<br>  8  here on the first page of Exhibit 224; right?<br>  9     A.  Yes.<br>10     Q.  And what is the headband on that ape?<br>11     A.  It is called the sushi chef headband.<br>12     Q.  And is it a sushi chef headband?<br>13        MR. BALL: Objection. Asked and answered.<br>14  Vague.<br>15     A.  That's what it's called.<br>16     Q.  It is, in fact, a kamikaze headband;<br>17  correct?<br>18        MR. BALL: Objection. Argumentative.<br>19     A.  I know it as the sushi -- the sushi chef<br>20  headband.<br>21     Q.  Is it also referred to as a kamikaze<br>22  headband?<br>23        MR. BALL: Objection. Calls for<br>24  speculation.<br>25     A.  Possibly.<br>  1     Q.  What does the Japanese text on | FRE 103(c); 401-403; 602; 611(a)<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. Ms. Muniz lacks personal knowledge of what third-parties have called similar headbands so the line of questioning calls for speculation. Counsel is testifying when he asserts that the headband is called a "kamikaze headband" despite Ms. Muniz testifying otherwise. The line of questioning is intended to harass or unduly embarrass the | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| it say?<br>2      A.  I don't know.  I don't speak Japanese. | witness. Counsel must accept the witness's testimony and cannot testify on her behalf.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial.<br><br>Ms. Muniz lacks personal knowledge of the Japanese language. Ms. Muniz is not an expert in Japanese or an interpreter and testimony on what Japanese text says is based on technical or specialized knowledge, and witness is not qualified as an expert. | testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. Yuga's own products are not a topic of undue embarrassment or harassment as it pertains to the company. |
| 81:7–81:15<br>7         (Exhibit 225 marked.)<br>8  BY MR. TOMPROS:<br>9      Q.  You have been handed what is marked as<br>10  Exhibit 225, a two-page document with the control<br>11  numbers RIPPSCAHEN0000312 through 313. | FRE 401-403; 602<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 12      Do you have that in front of you?<br>13     A.  Yes.<br>14     Q.  And the image on the front is a BAYC NFT<br>15  image; correct?<br>16 MR. BALL: Objection. | and cause undue delay. Ms. Muniz lacks personal knowledge of how the exhibit was prepared. | remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 81:17–81:20<br>17     A.  I believe so.<br>18     Q.  And what type of clothing is the ape<br>19  wearing in this image?<br>20     A.  Hip-hop. | FRE  401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are |

| | Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | Inflammatory Material are not relevant to this case and cause undue delay. | in any event moot because Yuga has abandoned all legal remedies and jury issues). |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion. |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 82:2–82:6<br>2    Q.   And this ape has gold teeth; correct?<br>3    A.   Yes.  Though, that is not hip-hop.<br>4    Q.   What is that gold teeth characteristic<br>5  called?<br>6    A.   Grin gold grill. | FRE 401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's |

| | Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|---|
| 1 | | | |
| 2 | | | probative value outweighs any prejudice. |
| 3 | | | |
| 4 | | | |
| 5 | 83:2–83:3 | FRE 401-403; 602; 801-802 | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). |
| 6 | 2   Q.  And the hip-hop trait has been called | This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. Ms. Muniz lacks personal knowledge of everything that the Anti- Defamation League has commented on. The statement by the Anti-Defamation League is inadmissible hearsay for which no exception applies. | |
| 7 | 3  "problematic" by the Anti-Defamation League; right? | | |
| 8 | 4 MR. BALL: Vague.<br>83:8–83:19 | | |
| 9 | 8   A.  I mean, I know what you're talking about, | | |
| 10 | 9  and I will also say that all of where you're going | | |
| 11 | 10  with this is bullshit.  They also said that, like, | | |
| 12 | 11  most of these allegations are not true. And they | | |
| 13 | 12  said if anything, this is considered a little | | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion. |
| 14 | 13  problematic but that the overall accusations of your | | |
| 15 | 14  client are incorrect.  That's also true. | | |
| 16 | 15   Q.  Has Yuga Labs done anything to change | | |
| 17 | 16  either the sushi chef headband, the hip-hop trait, | This testimony regarding a BAYC NFT trait and what an unrelated third party may have said is not relevant to any issues remaining for trial. | |
| 18 | 17  or the grin gold grill? | | |
| 19 | 18   A.  No. | | |
| 20 | 19   Q.  Why not? | | |
| 21 | 20 MR BALL: Again 30(d) in the sense of | | |
| 22 | 21  this is all irrelevant and harassing and a waste of | | There is no undue prejudice or undue delay that could result from this testimony (particularly where |
| 23 | 22  everybody's time considering you client's obvious | | |
| 24 | 23  infringement, which the Court has already | | |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 24 highlighted. | | Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 84:1–84:11<br>1    A.   Why would we?<br>2        (Exhibit 226 marked.)<br>3 BY MR. TOMPROS:<br>4    Q.   You've been handed what has been marked as<br>5 Exhibit 226, a two-page document with the control<br>6 numbers RIPPSCAHEN00000316 through 317.<br>7        Do you have that document in front of you?<br>8    A.   Yes.<br>9    Q.   And at the top left of that document is an<br>10  image associated with a Bored Ape Yacht Club NFT;<br>11  correct?<br>12 MR. BALL: Objection. Vague. Calls for<br>13 speculation. Still doesn't have the full<br>14 information expanded in any way.<br>84:15–84:18<br>15    A.   I believe so.<br>16    Q.   Okay.  And what kind of hat is that ape<br>17  wearing?<br>18    A.   Prussian helmet. | FRE 401-403; 602<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. Ms. Muniz lacks personal knowledge of how the exhibit was prepared or where the image came from.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 91:2–91:4<br>2    Q.  At what point did Yuga Labs become aware<br>3  of Mr. Ripps's criticisms about the content of the<br>4  BAYC collection?<br><br>91:6–91:11<br>6    A.  I mean, I think he started in December<br>7  of -- the year before.  I think he started in 2021<br>8  when the Adidas collaboration happened.<br>9    Q.  So Yuga was aware of Mr. Ripps's<br>10  criticisms of the BAYC collection in December of<br>11  2021; correct?<br>12 MR. BALL: Objection. Mischaracterizes<br>13 testimony. Vague.<br><br>91:14–91:15<br>14    A.  If you mean by "aware" we, like, knew that<br>15  it existed, yeah, we, like, heard about | FRE 401-403; 602<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. Ms. Muniz lacks personal knowledge as to when each of the founders learned of Defendants' conspiracy theories.<br><br>Yuga Labs' awareness of Defendants' specific conspiracy theories is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| it. | | confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 98:1–99:15 [Plaintiff's Counter-Designation] | No objection | |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|



| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ████████████████████████ | | |
| 99:25–100:3<br>25      Q.   And who ultimately was responsible for the<br><br>1   decision that Yuga Labs would sue Ryder Ripps and<br>2   Jeremy Cahen?<br>3      A.   Me. | No objection | |
| 100:16–101:1<br>16      Q.   The statement that Bored Ape NFTs were<br>17   "dubbed the epitome of coolness" by Forbes is not<br>18   true, is it?<br>19      A.   I think it was a typo.  They meant<br>20   "Fortune."<br>21      Q.   Has Yuga Labs taken any steps to correct<br>22   that in the Complaint?<br>23      A.   I leave that to counsel.<br>24      Q.   As far as you know, you're not aware of<br>25   any steps taken to correct that?<br><br>1      A.   I don't know. | FRE 401-403; 602<br><br>That there may have been a typo in Yuga Labs' complaint is irrelevant. Ms. Muniz lacks personal knowledge as to why there is a typo in the complaint. | The designated deposition testimony is relevant because it goes to the credibility of the witness's other testimony.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | prejudice. |
| 101:16–101:18<br>16    Q.   The lawsuit seeks millions of dollars from<br>17  two individuals; correct?<br>18     A.   I believe so. | No objection | |
| 167:8–167:10<br>8     Q.   Is there any NFT collection that you have<br>9  sued whose creators have not been critical of Yuga<br>10  Labs?<br>11 MR. BALL: Objection. Calls for a legal<br>12 conclusion. Vague.<br>167:13–167:15<br>13     A.   As you know, we have only -- we have only<br>14  done one lawsuit.<br>15        (Exhibit 237 marked.) | FRE 401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 3 because other uses of the BAYC Marks is not relevant to any issue remaining for trial and causes undue delay. | The designated deposition testimony is relevant because it pertains to sales of RR/BAYC NFTs unrelated to confusion by demonstrates that the RR/BAYC Project was unique in its criticism of Yuga and that it inspired protest of Yuga's brand.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | testimony's probative value outweighs any prejudice. Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). |
| 195:2–195:5<br>2    Q.  Is there such a thing as a released<br>3  ApeMarket.com?<br>4    A.  Not to my knowledge.  But aren't -- isn't<br>5  it still being promoted? | No objection | |
| 259:25–260:19<br>25    Q.  I just want to make sure I give you a full<br>1  opportunity because the -- the Judge and the jury<br>2  may hear it.  If you can do it, I want Yuga to<br>3  identify anyone, just one person, who was ever<br>4  confused and purchased an RR/BAYC believing it to be<br>5  sponsored by Yuga Labs.  And if the | FRE 103(c); 401-403; 602; 611(a)<br><br>The Court has already found a likelihood of confusion, so this testimony is irrelevant to any remaining issues for  trial.  Ms. Muniz is not an | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Aronow was co-President of Yuga Labs, and he cannot identify a single instance of |

| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| answer is there<br> 6 is not one, that's fine, but I want to make sure I<br> 7 give you a full opportunity.  So let me ask the<br> 8 question one more time.<br> 9      Can Yuga Labs identify anyone who ever<br>10 purchased an RR/BAYC NFT believing it to be<br>11 sponsored by Yuga Labs.<br>12      MR. BALL:  Same objections:  Asked and<br>13 answered.  Calls for speculation.  Vague.  Calls for<br>14 legal conclusion.<br>15    A.  I am not a lawyer.  I believe and know<br>16 directly of confusion.  Whether there is a specific<br>17 person that was confused and purchased, I don't know<br>18 of any at this exact time.  That is not to say that<br>19 they do not exist. | attorney and lacks personal knowledge.  This question calls for a legal conclusion on one of the likelihood of confusion factors.  The line of questioning is intended to harass or unduly embarrass the witness, Ms. Muniz had already answered the question several times. | actual confusion.  This evidence is probative for disgorgement because it indicates that sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |



| Defendants' Designations of Nicole Muniz | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | FRE 401-403<br><br>The Court has already found a likelihood of confusion, so this testimony is irrelevant to any remaining issues in this case.<br><br>it has hired a qualified expert who conducted two well-designed surveys, each of which found substantial confusion. | The designated deposition testimony is relevant and would not cause undue prejudice because it pertains to disgorgement and intent.<br><br>Further, there is no undue prejudice that could result from this testimony. The testimony's probative value outweighs any prejudice. It does not contain any information which could inflame the Court against Plaintiff or could cause the Court to decide the issues for reasons not included in the case. |

1    Dated:  June 30, 2023                 WILMER CUTLER PICKERING HALE
2                                          AND DORR LLP

3                                          By: /s/ Louis W. Tompros
4                                              Louis W. Tompros (*pro hac vice*)
                                               louis.tompros@wilmerhale.com
5                                              **WILMER CUTLER PICKERING
                                                HALE AND DORR LLP**
6                                              60 State Street
                                               Boston, MA 02109
7                                              Telephone: (617) 526-6000
                                               Fax: (617) 526-5000
8
                                           Attorneys for Defendants
9                                          RYDER RIPPS and JEREMY CAHEN

10

11   Dated:  June 30, 2023                 FENWICK & WEST LLP

12

13                                         By: /s/ Eric Ball
14                                             Eric Ball
                                               Attorneys for Plaintiff
                                               YUGA LABS, INC.
15

16
                  **ATTESTATION OF CONCURRENCE IN FILING**
17
            Pursuant to the United States District Court for the Central District of
18
     California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence
19
     in the filing of this document has been obtained from Eric Ball.
20

21                                             /s/ Louis Tompros
22                                             Louis W. Tompros (*pro hac vice*)
                                               louis.tompros@wilmerhale.com
23                                             **WILMER CUTLER PICKERING
                                                HALE AND DORR LLP**
24                                             60 State Street
                                               Boston, MA 02109
25                                             Telephone: (617) 526-6000
                                               Fax: (617) 526-5000
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via email June 30, 2023.

By: /s/  *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000