1  Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
2  Monica Grewal (*pro hac vice*)
   monica.grewal@wilmerhale.com
3  Scott W. Bertulli (*pro hac vice*)
   scott.bertulli@wilmerhale.com
4  Tyler Carroll (*pro hac vice*)
   tyler.carroll@wilmerhale.com
5  **WILMER CUTLER PICKERING**
     **HALE AND DORR LLP**
6  60 State Street
   Boston, MA  02109
7  Telephone: (617) 526-6000
   Fax: (617) 526-5000
8
   Derek Gosma (SBN 274515)
9  derek.gosma@wilmerhale.com
   Henry Nikogosyan (SBN 326277)
10 henry.nikogosyan@wilmerhale.com
   **WILMER CUTLER PICKERING**
11   **HALE AND DORR LLP**
   350 South Grand Ave., Suite 2400
12 Los Angeles, CA  90071
   Telephone: (213) 443-5300
13 Fax: (213) 443-5400

14 Attorneys for Defendants
   RYDER RIPPS and JEREMY CAHEN
15

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

16                UNITED STATES DISTRICT COURT

17                CENTRAL DISTRICT OF CALIFORNIA

18                WESTERN DIVISION – Los Angeles

19

20 YUGA LABS, INC.,

21              Plaintiff,

22      v.

23

24 RYDER RIPPS, JEREMY CAHEN,

25              Defendants.

26

27

28

Case No.: 2:22-cv-04355-JFW-JEM

**JOINT NOTICE OF DEFENDANTS' DESIGNATED WITNESS TESTIMONY OF GREG SOLANO**

Judge:  John F. Walter

Trial Date: July 31, 2023

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to the Court's Civil Trial Order of June 7, 2023 (Dkt. 284), Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Defendants' designation deposition testimony of Greg Solano.

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 8:21–8:23<br>21       GREG SOLANO,<br>22   having declared under penalty of perjury to tell<br>23   the truth, was examined and testified as follows: | No objection | |
| 10:1–10:2<br>1     Q.  What is your full legal name?<br>2     A.  Gregory George Solano. | No objection | |
| 10:5–10:12<br>5     Q.  You also sometimes go by the name<br>6 Gargamel, G-A-R-G-A-M-E-L; correct?<br>7     A.  Correct.<br>8     Q.  You are one of the cofounders of Yuga<br>9 Labs; right?<br>10     A.  Correct.<br>11     Q.  What is your current title at Yuga Labs?<br>12     A.  Cofounder and copresident. | No objection | |
| 21:14–21:18<br>14     Q.  Do you know a person by the name of Wylie<br>15 Aronow, W-Y-L-I-E A-R-O-N-O-W?<br>16     A.  Wylie Aronow is my partner.<br>17     Q.  What is Mr. Aronow's role with respect to | No objection | |

---

[1] Objections stated on the record and included in the text of the designations are maintained.  No party intends to waive objections on the record by not restating them.

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 18  Yuga Labs? | | |
| *21:19–21:20 [Plaintiff's Counter-Designations]*<br>*19      A.   He is cofounder and chief creative officer*<br>*20  of Yuga Labs.* | No objection | |
| 24:14–24:16<br>14      Q.   Thank you.  Who are - apart from you - the<br>15  other cofounders of Yuga Labs?<br>16      A.   Zeshan Shoukat Ali and Kerem *Efe Atalay.<br>*Subject to errata | No objection | |
| 35:13–35:15<br>13      Q.   One of Yuga Labs's products is NFTs;<br>14  correct?<br>15      A.   Yes.  We make NFTs. | No objection | |
| 37:8–37:9<br>8      Q.   And what is the Bored Ape Yacht Club NFT<br>9  collection?<br>10 MR. BALL: Objection. Vague.<br><br>37:11–37:12<br>11      A.   The Bored Ape Yacht Club NFT collection is<br>12  a lot of things to a lot of people. | No objection | |
| 108:1–108:4<br>1          Can you identify a single transaction on<br>2  the blockchain in which someone purchased an NFT<br>3  created by Ryder Ripps believing it was actually<br>4  Yuga Labs -- a Yuga Labs NFT?<br>5 MR. BALL: Objection.<br><br>108:6–108:6<br>6      A.   I cannot – | 106; 401-403; 602<br>The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Solano was co-President of Yuga |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 7 MR. BALL: Objection. Vague. Calls for a<br>8 legal conclusion. Calls for speculation. | question calls for Mr. Solano to make a legal conclusion as to consumer confusion. The testimony is incomplete and misleading as it leaves out a substantial portion of Mr. Solano's answer. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. | Labs, and he cannot identify a single instance of actual confusion. This evidence is probative for disgorgement because it indicates that sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | to give an answer. |
| 108:9–108:11<br>9      A.   I cannot correlate specific transactions<br>10  on the Ethereum blockchain with people's motives<br>11  behind those transactions. | FRE 106; 401-403; 602<br>The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The testimony is incomplete and misleading as it leaves out a substantial portion of Mr. Solano's answer. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' infringing NFTs so the testimony is speculative. | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Solano was co-President of Yuga Labs, and he cannot identify a single instance of actual confusion. This evidence is probative for disgorgement because it indicates that sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |
| 108:19–108:20<br>19     Q.   Nobody has ever told you that they were<br>20  confused; correct?<br>21 MR. BALL: Objection. Same objections.<br><br>108:22–109:2<br>22     A.   I try not to talk about your clients' scam<br>23  collection with other people.  I am focused on<br>24  building my business.  I don't like to give your<br>25  clients free publicity for their scam.<br><br> 1     Q.   So your answer is, "No, nobody has ever<br> 2  told me they were confused"?<br> 3 MR. BALL: Objection. | 401-403; 602<br>The Court has already found a likelihood of confusion, so whether Mr. Solano was aware of any actual confusion in the marketplace is irrelevant. This testimony would confuse the issues and waste time. The question calls for Mr. Solano to make a legal conclusion as to consumer confusion. Mr. Solano lacks personal knowledge of every consumer to purchase one of Defendants' | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Solano was co-President of Yuga Labs, and he cannot identify a single instance of actual confusion. This evidence is probative for disgorgement because it indicates that |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 109:4–109:6<br>4     A.   That's not exactly what I said.<br>5     Q.   Well, can you answer that question yes or<br>6  no?  Has anybody ever told you they were confused?<br>7 MR. BALL: He's answered that. Objection.<br>8 Asked and answered. He's answered that question<br>9 many times about people who have said that they were<br>10 confused.<br><br>109:11–109:13<br>11     Q.   Can you answer it yes or no or not?  It's<br>12  okay.  If you can't answer it yes or no, say you<br>13  can't fairly answer it yes or no, that's okay.<br>14 MR. BALL: I will add legal conclusion.<br>15 Vague.<br><br>109:16–109:19<br>16     A.   I believe I've answered this question.<br>17     Q.   Can you answer it yes or no?<br>18     A.   I believe I've answered this question.<br>19     Q.   Have you answered it yes or no?<br><br>109:24–110:5<br>24     A.   I'm aware of a person who told me that | infringing NFTs so the testimony is speculative. | sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 25  they viewed -- when they've viewed RR/BAYC, as<br><br>1  you're calling them, NFTs - again not saying that<br>2  that's how it was always been represented - believed<br>3  it to be a Yuga Labs product.<br>4      Q.   Who?<br>5      A.   That information is privileged, I believe. | | |
| 116:5–116:6<br>5      Q.   Do you know whether Ape Market exists?<br>6      A.   I don't recall. | FRE 401-403; 602 The Court has already found a likelihood of confusion so this testimony is irrelevant. It would confuse the issues and waste time. Mr. Solano lacks personal knowledge of the answer to the question. | The designated deposition testimony is relevant because it pertains to, ApeMarket, which is relevant to disgorgement to the extent it relates to the intent of the Defendants.  The fact that ApeMarket was never released is directly relevant to Defendants' intent and to the lack of any profits arising from Ape Market.<br><br>There is no undue prejudice or undue delay that could result from this testimony |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Lastly Mr. Solano has the knowledge to testify about Yuga's business practices and to the extent he does not know things it is relevant to assess his bias and the weight of his testimony. |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 156:22–156:23<br>22    Q.   And were you aware of Mr. Ripps's career<br>23  in the art industry prior to the RR/BAYC project?<br>24 MR. BALL: Objection. Lacks foundation.<br><br>156:25–157:2<br>25      A.  I'm aware that he calls himself an artist.<br><br>1      Q.   Do you know whether anyone else has ever<br> 2  called him an artist?<br> 3 MR. BALL: Objection. Calls for<br> 4  speculation.<br><br>157:5–157:6<br> 5      A.   I think almost everybody on the planet has<br> 6  been called an artist. | 156:25<br>FRE 401-403;<br>602<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and cause undue delay. Mr. Solano lacks personal knowledge to answer the question.<br><br>157:1–2, 5-6<br>FRE 401-403;<br>602; 801-802<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and cause undue delay. Mr. Solano lacks personal knowledge to answer the question. The testimony pertains to statements outside of court that are inadmissible hearsay for which no exception applies. | Yuga's Motion in Limine No. 2 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for the artistic value of Mr. Ripps's project), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | jury issues). The testimony's probable value outweighs any prejudice.

Mr. Solano has personal knowledge about the extent of his own knowledge.

There is no hearsay, the question is whether Mr. Solano is aware that somebody else referred to Ripps as an artist, which is clearly not being introduced for the truth of the matter asserted. |
| 208:8–208:13
8    Q.   Mr. Solano, you've been handed what has
 9  been marked as Exhibit 213.  I will represent to you
10  that this is an image corresponding to BAYC number
11  3721.
12        Do you have that?
13    A.   Yes. | FRE 401-403
This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).

This testimony is |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 208:22–208:23<br>22    Q.   What -- what is the gold teeth called?<br>23    A.   I believe it is called a "gold grill." | FRE 401-403<br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | case, waste time, cause undue delay, and are unduly prejudicial. | are in any event moot because Yuga has abandoned all legal remedies and jury issues). This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion. There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | prejudice. |
| 209:7–209:10<br>7    Q.  And what is the jacket and gold design in<br>8  the middle called as a trait?<br>9    A.  I believe it is something like the hip hop<br>10  jacket. | FRE 401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 212:23–213:4<br>23    Q.  Mr. Solano, you have been handed what has<br>24  been marked as Exhibit 214, a single-page document<br>25  with an image of an ape on it.  I'll represent to<br><br>1  you this is from the BAYC collection and corresponds<br>2  to number 3119.<br>3        Do you have that document in front of you?<br>4    A.  Yes. | FRE 401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | indicates that there are sales of RR/BAYC NFTs unrelated to confusion.  There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 213:23–214:3<br>23   Q.   And what is the name of the trait of the<br>24  headwear that the ape in Exhibit 214 is wearing?<br>25    A.   I believe that is called a Prussian<br><br> 1  helmet.<br> 2    Q.   Have you seen that helmet before in<br> 3  connection with alt-right memes?<br>4 MR. BALL: Objection. Assumes facts not<br>5 in evidence. Lacks foundation.<br><br>214:6–214:7<br>6    A.   Not prior to your client disseminating | FRE 401-403  This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).  This testimony is relevant to alternative explanations for sales of RR/BAYC |

| Defendants' Designations of Greg Solano | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 7  those images. | | NFTs (namely, for criticism of problematic content in Yuga's products), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |

Dated:  June 30, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP


By:  /s/ Louis W. Tompros
   Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
   **WILMER CUTLER PICKERING HALE AND DORR LLP**

60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated:  June 30, 2023          FENWICK & WEST LLP


By:  /s/ Eric Ball
Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.


/s/ Louis Tompros
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via email June 30, 2023.

By: /s/  *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000