Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants. | Case No.: 2:22-cv-04355-JFW-JEM <br><br> **JOINT NOTICE OF DEFENDANTS' DESIGNATED WITNESS TESTIMONY OF KEREM ATALAY** <br><br> Judge: John F. Walter <br><br> Trial Date: July 31, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to the Court's Civil Trial Order of June 7, 2023 (Dkt. 284), Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Defendants' designation deposition testimony of Kerem Atalay.

| Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|
| 6:3–6:6<br>3        KEREM ATALAY,<br>4  being first duly sworn or affirmed to testify to<br>5  the truth, the whole truth, and nothing but the<br>6  truth, was examined and testified as follows: | No objection | |
| 8:9–8:19; 9:21-24<br>8<br>9     Q   What is your full name?<br>10    A   Kerem Atalay.<br>11    Q   You're one of the cofounders of Yuga<br>12 Labs, correct?<br>13    A   Yes.<br>14    Q   What is your current title at Yuga<br>15 Labs?<br>16    A   Chief technology officer.<br>17    Q   What are your responsibilities as<br>18  chief technology officer?<br>19    A   I oversee basically all of the, you<br><br>9<br>20 MR. BALL: Objection. Vague. | No objection | |

---

[1] Objections stated on the record and included in the text of the designations are maintained.  No party intends to waive objections on the record by not restating them.

| Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|
| 21    A   So each of these teams is responsible<br>22  for building software.  So each of them has<br>23  different projects that they are typically<br>24  involved with. | | |
| 56:14–56:22<br>14      Q    What is an NFT?<br>15      A    An NFT is a non-fungible token.<br>16      Q    What is a non-fungible token?<br>17      A    In the context of the Ethereum<br>18  blockchain, it is essentially an on-chain<br>19  representation of ownership of a unique piece of<br>20  data.<br>21      Q    How does it represent ownership of a<br> 22  unique piece of data?<br>23 MR. BALL: Objection. Vague.<br><br>56:24-57:16<br>24      A    In the form of, essentially, a<br>25  pointer from a wallet address that a particular<br> 1  person or set of people can demonstrate<br> 2  ownership of through a cryptographic process<br> 3  involving a seed phrase or a private key,<br> 4  pointer from that address to a piece of data on<br> 5  the Ethereum blockchain.<br> 6      Q    The pointer from the address is | No objection | |

| Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|
| 7 contained within the NFT, correct?<br>8     A    I mean, I think at this point it<br>9 becomes difficult to sort of parse what is, you<br>10 know, contained within the NFT or what is sort<br>11 of part of the broader infrastructure that<br>12 allows an NFT to be a thing, but I would say the<br>13 pointer is a fundamental aspect of what makes an<br>14 NFT valuable or useful.<br>15     Q    And the pointer is -- is that part of<br>16 the NFT code?<br>17 MR. BALL: Objection. Vague.<br><br>57:18–58:11<br>18     A    Yeah, so I guess what would you<br>19 consider falling into the scope of, like, NFT<br>20 code?<br>21     Q    Is the pointer part of the on-chain<br>22 representation relating to an NFT?<br>23     A    Yes.<br>24     Q    And you stated earlier that it points<br>25 to unique data.  Did I get that right?<br>1     A    Yes.  In the case of a non-fungible<br>2 token, yes.<br>3     Q    What do you mean by "unique data"?<br>4     A    This is where the | | |

| | **Defendants' Designations of Kerem Atalay** | **Objections & Grounds[1]** | **Responses to Objection** |
|---|---|---|---|
| 1 | fungibility or lack | | |
| 2 | 5 thereof in this particular case becomes | | |
| 3 | 6 relevant. The items of data that are pointed to | | |
| 4 | 7 should presumably be unique from others. In | | |
| 5 | 8 that regard, they are not fungible. | | |
| 6 | 9 Q And that data is also contained in | | |
| 7 | 10 the on-chain representation of the NFT; is that | | |
| 8 | 11 correct? | | |
| 9 | 12 MR. BALL: Objection. Vague. | | |
| 10 | | | |
| 11 | 58:13–58:16 | | |
| 12 | 13 A Some -- some piece of that data | | |
| 13 | 14 usually is, yeah. | | |
| 14 | 15 Q And what does that data typically | | |
| 15 | 16 correspond to? | | |
| 16 | 17 MR. BALL: Objection. Vague. Calls | | |
| 17 | 18 for speculation. | | |
| 18 | | | |
| 19 | 58:19–58:23 | | |
| 20 | 19 A Yeah, I can't -- I don't know that | | |
| 21 | 20 there is a typical correspondence that I could | | |
| 22 | 21 necessarily point to, but maybe if you could be | | |
| 23 | 22 more specific, I could -- | | |
| 24 | 23 Q What can it correspond to? | | |
| 25 | 24 MR. BALL: Objection. Calls for | | |
| 26 | 25 speculation. Vague. | | |

| Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|
| 59:1–59:6<br>1   A   I think there's tremendous, sort of,<br>2   flexibility here, but often, for example, it<br>3   will be something uniquely defining, like an ID<br>4   or set of data that's typically represented off<br>5   chain but there is usually some reference to<br>6   that data that is itself kind of unique. | | |
| 60:18–60:19<br>18     Q   What does it mean, the term<br>19   "non-fungible"?<br>20 MR. BALL: Objection. Vague. | No objection | |
| 60:21–61:3<br>21     A   In the case of NFTs, again, that's<br>22   like, basically, distinguishing this class of<br>23   sort of on-chain data from another class of<br>24   on-chain data, which are fungible tokens, which<br>25   are not distinguishable from one another in any<br>  1   meaningful way. | 60:21–25<br> No objection<br><br>61: 2–3<br>FRE 401-403; 602<br>The Court has already found that Defendants' infringing NFTs created a likelihood of confusion, therefore this testimony is irrelevant. This testimony would confuse the issues and waste time. | Mr. Atalay has knowledge and it does not require any expertise to discuss the basic workings of Etherscan and how NFTs work and the identification of NFTs. This is relevant as it goes to the extent of sales related to confusion and therefore disgorgement. There is no risk of undue prejudice to Yuga through how Etherscan operates.<br><br>The testimony is also relevant to Defendants' intent and |

| Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|
| | | motivation in creating the RR/BAYC project, which is relevant to disgorgement, because the fact that it is known that an NFT cannot be copied and is verifiably unique is evidence that the RR/BAYC project could not and did have sales (and thus profits) arising from confusion.<br><br>There is no undue prejudice that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |
| 76:6–76:16<br>7    Q    Do BAYC NFTs point to digital images?<br>8    A    Yes. | No objection | |

| | Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|---|
| | 9   Q   How do BAYC NFTs point to the digital<br>10  images?<br>11     A   There -- for every token ID, the<br>12  contract will -- you can query the contract with<br>13  that token ID and produce what's called a token<br>14  URI.  That token URI is a reference to the<br>15  metadata, including the image associated with<br>16  that particular token. | | |
| | <u>78:25–79:12</u><br>25     Q   Earlier you mentioned a URI in<br> 1  connection with NFTs.  Do you remember talking<br> 2  about that?<br> 3     A   Yes.<br> 4     Q   What is a URI?<br> 5     A   It's essentially a -- it's something<br> 6  like a URL, basically.  It's a string that's<br> 7  used to locate arbitrary data.<br> 8     Q   And it can be used to locate an<br> 9  image, right?<br>10     A   It could be, yes.<br>11     Q   Are the Bored Ape images contained in<br>12  the BAYC NFTs?<br>13 MR. BALL: Objection. Vague.<br><br><u>79:14–79:19</u><br>14     A   It's kind of difficult to say.  I<br>15  mean, an NFT is really just a | No objection | |

| Defendants' Designations of Kerem Atalay | Objections & Grounds[1] | Responses to Objection |
|---|---|---|
| series of<br>16 pointers, right? So that -- for all -- I guess,<br>17 what would you take "contained in the NFT" to<br>18 mean?<br>19    Q   Is the picture in the NFT?<br>20 MR. BALL: Objection. Vague.<br><br>79:21–80:1<br>21    A   The pictures are not stored on chain.<br>22 So in that sense, no, but there is a -- you<br>23 know, strong association, typically, between the<br>24 data associated with an NFT and the NFT itself.<br>25    Q   And that association is established<br> 1 through the URI; is that right?<br>2 MR. BALL: Objection. Vague.<br>3 Incomplete hypothetical.<br><br>80:4–80:13<br>A   The association of metadata to a<br> 5 particular token ID and smart contract and all<br> 6 that, the URI typically does accomplish that,<br> 7 but that is not -- that's really kind of<br> 8 plumbing. Like, that's not something that most<br> 9 people, I think, really understand about NFTs or<br>10 care about NFTs, but yeah. | | |

Dated: June 30, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated: June 30, 2023

FENWICK & WEST LLP

By: /s/ *Eric Ball*
Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

/s/ *Louis Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via email June 30, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000