1  Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
2  Monica Grewal (*pro hac vice*)
   monica.grewal@wilmerhale.com
3  Scott W. Bertulli (*pro hac vice*)
   scott.bertulli@wilmerhale.com
4  Tyler Carroll (*pro hac vice*)
   tyler.carroll@wilmerhale.com
5  **WILMER CUTLER PICKERING
     HALE AND DORR LLP**
6  60 State Street
   Boston, MA  02109
7  Telephone: (617) 526-6000
   Fax: (617) 526-5000
8
   Derek Gosma (SBN 274515)
9  derek.gosma@wilmerhale.com
   Henry Nikogosyan (SBN 326277)
10 henry.nikogosyan@wilmerhale.com
   **WILMER CUTLER PICKERING
11   HALE AND DORR LLP**
   350 South Grand Ave., Suite 2400
12 Los Angeles, CA  90071
   Telephone: (213) 443-5300
13 Fax: (213) 443-5400

   ERIC BALL (CSB No. 241327)
   eball@fenwick.com
   KIMBERLY CULP (CSB No. 238839)
   kculp@fenwick.com
   FENWICK & WEST LLP
   801 California Street
   Mountain View, CA  94041
   Telephone:  650.988.8500
   Facsimile:   650.938.5200

   ANTHONY M. FARES (CSB No. 318065)
   afares@fenwick.com
   ETHAN M. THOMAS (CSB No. 338062)
   ethomas@fenwick.com
   FENWICK & WEST LLP
   555 California Street, 12th Floor
   San Francisco, CA  94104
   Telephone:  415.875.2300

   *Additional Counsel listed on next page*

   Attorneys for Plaintiff
   YUGA LABS, INC.

14 Attorneys for Defendants
   RYDER RIPPS and JEREMY CAHEN

15

16                  UNITED STATES DISTRICT COURT

17                 CENTRAL DISTRICT OF CALIFORNIA

18                 WESTERN DIVISION – Los Angeles

19

20  YUGA LABS, INC.,                      Case No.: 2:22-cv-04355-JFW-JEM

21              Plaintiff,                **JOINT NOTICE OF DEFENDANTS'
22                                        DESIGNATED WITNESS
            v.                            TESTIMONY OF WYLIE ARONOW**
23
                                          Judge:  John F. Walter
24  RYDER RIPPS, JEREMY CAHEN,
25                                        Trial Date: July 31, 2023
            Defendants.
26                                           **REDACTED**

27

28

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:  310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:  202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Pursuant to the Court's Civil Trial Order of June 7, 2023 (Dkt. 284), Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Defendants' designation deposition testimony of Wylie Aronow.

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 3:18–3:19<br>18          WYLIE ARONOW<br>19  being first duly sworn, testified as follows: | No objection. | |
| 5:17–5:21<br>17       Q.   Okay.  Can you please state your full<br>18  name?<br>19       A.   My name is Wylie Aronow.<br>20       Q.   You are one of the co-founders of Yuga<br>21  Labs, right? | No objection. | |
| 5:22–6:4 [Plaintiff's Counter-Designation]<br>22       A.  I am.<br>23       Q.   And what is your current title at Yuga<br>24  Labs?<br>25       A.  I'm currently just an advisor for Yuga<br><br>Labs.  I took a step back for my health to take a<br>2  sabbatical.<br>3       Q.  Do you sit on the Yuga Labs board?<br>4       A.  I do. | No objection. | |
| 6:5–6:13<br>5       Q.   Prior to taking your sabbatical step<br>6  back, what was your title at Yuga | No objection. | |

---

[1] Objections stated on the record and included in the text of the designations are maintained.  No party intends to waive objections on the record by not restating them.

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| Labs?<br>7        A.   Briefly, I was chief creative officer.<br>8  And before that it was kind of a more a nebulous<br>9  co-founder role.  We had brought in executives to<br>10  be the executives of the company.  We were kind<br>11  of -- just kind of all over the place.  But mostly<br>12  I was 90 percent -- or 98 percent creative for the<br>13  company. | | |
| *6:14–7:5 [Plaintiff's Counter-Designation]*<br>*14        Q.   And during what -- during what period*<br>*15  were you the chief creative officer?*<br>*16        A.   Honestly, it was, I think, just for a*<br>*17  few weeks before I stepped down, because I was*<br>*18  diagnosed with heart failure.*<br>*19        Q.   And -- and prior to that you had --*<br>*20  you were a co-founder with a nebulous role at Yuga*<br>*21  Labs, right?*<br>*22        A.   Nebulous, but I would say 98 percent*<br>*23  of my job was on the creative.*<br>*24        Q.   Got it.  And what do you mean by the*<br>*25  creative?*<br><br>*1        A.   Thinking about the things that we*<br>*2  might do, the kind of games and activations we*<br>*3  might make, the general aesthetics* | No objection. | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| *and tone of* *4 things. In a lot of ways, a glorified art* *5 director.* | | |
| 15:19–15:22<br>19      Q.   Apart from yourself, who were the<br>20  other co-founders of Yuga Labs?<br>21      A.   Veshan Ali, Kerem Atalay, and Greg<br>22 Solano. | No objection. | |
| 30:2–30:8<br>2      Q.   Have you visited the website<br>3 RR/BAYC.com?<br>4      A.   I believe I've visited it before, yes.<br>5      Q.   Have you read the statement on that<br>6 website?<br>7      A.   I can't remember if I read the<br>8 statement on the website. | FRE 401-403, This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. This is subject to Yuga Labs' Motion *In Limine* No. 2 because issues of Inflammatory Material are not relevant to this case and cause undue delay.<br><br>Defendants' trademark infringement has been established already. Therefore, whether Mr. Aronow | This deposition testimony is not covered by Yuga's MIL Nos. 1 and 2, which deal with offensive content in Yuga's brand and with the artistic intent behind the RR/BAYC collection. The breadth of Yuga's MILs cannot be read to cover all possible pieces of evidence that do not even cover the issues implicated by the MILs.<br><br>Yuga's Motion in Limine Nos. 1 and 2 should be denied for the reasons explained in |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | visited rrbayc.com and read any statement on the site is not relevant to the issues remaining for trial and will only waste time and confuse the issues. | Defendants' oppositions (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). There is no undue prejudice that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. This testimony is evidence that the rrbayc.com website is where consumers purchased the RR/BAYC NFTs at issue, contained an artistic statement. This evidence is, thus, probative of the lack of sales on rrbayc.com arising from confusion. |
| 41:10–41:11<br>10   Q.   All right.  What is the business of<br>11  Yuga Labs? | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 12 MR. BALL: Objection. Vague.<br><br>41:13–41:16<br>13        THE WITNESS:  We make NFTs.<br>14  BY MR. TOMPROS:<br>15       Q.   And what is an NFT?<br>16       A.   It's a non-fungible token. | | |
| 42:22<br>22       Q.   And can an NFT be copied?<br>23 MR. BALL: Objection. Vague. Calls<br>24 for a legal conclusion.<br><br>42:25–43:1<br>25        THE WITNESS:  My understanding would be<br><br>1  no, but I'm not an expert. | FRE 106; 401-403; 602; 701-702;<br><br>This is not relevant to this case and causes undue delay. The question also asks the witness for an expert opinion about which there is no foundation.<br><br>Defendants' trademark infringement has been established already.  Therefore, Mr. Aronow's testimony concerning whether an NFT can be theoretically copied is not relevant to the issues remaining for trial and will only serve to waste time and confuse the issues.  Knockoffs or counterfeits are new items, which can create confusion, and which here the Court has already found | The testimony is relevant to Defendants' intent and motivation in creating the RR/BAYC project, which is relevant to disgorgement, because the fact that it is known that an NFT cannot be copied and is verifiably unique is evidence that the RR/BAYC project could not and did have sales (and thus profits) arising from confusion.<br><br>There is no undue prejudice that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | that the Defendants' actions created a likelihood of confusion and are infringing. | The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer.<br><br>The question does not ask for any expert opinion.  It asks about something that anybody in the crypto world is routinely found to have personal knowledge of. |
| 43:10–43:11<br>10      Q.  Is an NFT an entry on a blockchain<br>11 ledger?<br>12 MR. BALL: Objection. Vague.<br><br>43:13–43:13<br>13      THE WITNESS:  My understanding is yes. | No objection | |
| 82:10–82:12<br>10      Q.  All right.  The Bored Ape Yacht Club<br>11 is a collection of non-fungible tokens, right?<br>12      A.  Correct.<br>13 MR. BALL: Objection. Vague.<br>14 BY MR. TOMPROS: | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| <u>84:6–84:11</u> *[Plaintiff's Counter-Designation]*<br>*6 Q. Are the Bored Ape NFTs art?*<br>*7 A. In part.*<br>*8 Q. And what do you mean by in part?*<br>*9 A. An NFT is a unique identifier on the*<br>*10 blockchain. So that's -- the art attached to it*<br>*11 is a part of what the NFTs are.* | No objection | |
| <u>85:4</u><br>4      Q.  Is an NFT digital artwork?<br>5 MR. BALL: Objection. Vague.<br><br><u>85:6–85:7</u><br>6        THE WITNESS:  Not necessarily, based on<br>7  my understanding. | No objection | |
| <u>85:9</u><br>9      Q.  An NFT is a token, correct?<br>10 MR. BALL: Objection. Vague.<br><br><u>85:11–85:12</u><br>11        THE WITNESS:  Based on my<br>12  understanding. | No objection | |
| <u>85:21–85:22</u><br>21      Q.  An NFT token itself contains a link to<br>22  an image somewhere on the internet, correct?<br>23 MR. BALL: Objection. Vague. Asked<br>24 and answered.<br><br><u>85:25</u><br>25        THE WITNESS:  As far as I'm aware. | No objection | |
| <u>86:2–86:2</u> | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 2      Q.  Is an NFT the same as a JPEG file?<br>3 MR. BALL: Objection. Vague. Asked<br>4 and answered.<br><br>86:5–86:6<br>5         THE WITNESS:  I'm not an expert, but I<br>6  would say no. | | |
| 86:8–86:21<br>8       Q.   And the -- there are BA- -- images<br> 9  associated with the BAYC NFTs, right?<br>10      A.   Yes.<br>11      Q.   And there are 10,000 of them, correct?<br>12      A.   Yes.<br>13      Q.   Are they each unique?<br>14      A.   Are each NFT unique?<br>15      Q.   No, sorry.  My question is, is each of<br>16  the 10,000 images associated with the BAYC NFTs<br>17  unique?<br>18      A.   To the best of my knowledge, yes.<br>19      Q.   Some of them are different from others<br>20  only by virtue of the background, right?<br>21      A.   To the best of my knowledge, yes. | No objection | |
| 88:13–88:17<br>13  What's the -- is there -- what is a PNG?<br>14      A.   It's another type of format for an<br>15  image.<br>16      Q.   Is an NFT the same as a | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| PNG?<br>17      A.  No.  To the best of my knowledge, no. | | |
| <u>90:13–90:21</u><br>13      Q.  And OpenSea is a trading platform for<br>14  NFTs, correct?<br>15      A.  It is.<br>16      Q.  And OpenSea can display the images<br>17  that correspond to a BYAC NFT, correct?<br>18      A.  To the best of my knowledge, yes.<br>19      Q.  OpenSea does not have to own the NFT<br>20  to display that image, correct?<br>21      A.  To the best of my knowledge, yes. | No objection | |
| <u>106:11–107:8</u><br>11      (Exhibit 275, OpenSea.io, re: Bored<br>12  Ape Yacht Club #150, Bates RippsCahen00000310-311,<br>13  marked for identification.)<br>14  BY MR. TOMPROS:<br>15      Q.  All right.  Mr. Aronow, you have been<br>16  handed what has been marked Exhibit 275, a<br>17  two-page document with the control number stamp at<br>18  the bottom RippsCahen00000310 through 311.  Do you<br>19  have that in front of you?<br>20      A.  Yes.<br>21      Q.  This has a URL, OpenSea.io at the<br>22  bottom left, right?<br>23      A.  That's what it says.<br>24      Q.  What is OpenSea? | 107:6-8<br>FRE 401-403<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ██████ |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 25      A.   OpenSea is an NFT marketplace.<br><br>1      Q.   There is an image on the front of a<br>2 Bored Ape, right?<br>3      A.   That's what it looks like.<br>4      Q.   And it has a headband, correct?<br>5      A.   Yes.<br>6      Q.   What is that headband?<br>7      A.   That's what we call the sushi chef<br>8 headband. | | ▮▮▮▮), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 107:21–107:25<br>21      Q.   The actual headband is a kamikaze<br>22 headband, right?<br>23           MR. BALL:  Objection. Vague.<br>24           THE WITNESS:  That's what I've --<br>25 that's what I've been told, but I don't know. | FRE 401-403; 611(a)<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.  The subject matter is also intended to harass or unduly embarrass the witness.<br><br>This testimony concerning a BAYC | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
|  | NFT trait is not relevant to any issues remaining for trial. | NFTs ███████ ██████ ██████ , which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 108:2–108:3<br>████████████<br>████████████<br>████████████<br>108:5<br>███████████<br>6 MR. BALL: Lacks foundation.<br>7 Argumentative. | FRE 401-403;602;611(a)<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.  The subject matter is also intended to harass or | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | unduly embarrass the witness on a topic about which the witness has no personal knowledge.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | relevant to alternative explanations for sales of RR/BAYC NFTs ███████ ███████████ ████████ , which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 108:8–108:23<br>8       (Exhibit 276, OpenSea.io, re: Bored<br> 9 Apes Yacht Club #3711, Bates<br>10 RippsCahen00000312-313, marked for<br>11 identification.)<br>12 BY MR. TOMPROS:<br>13       Q.  Mr. Aronow, you have been handed what | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 14  has been marked as Exhibit 276, a two-page<br>15  document with the control number<br>16  RippsCahen00000312 through 313.  Do you have that<br>17  document in front of you?<br>18        A.  I do.<br>19        Q.  And this also has an OpenSea.io URL at<br>20  the bottom, right?<br>21        A.  Yes, it does.<br>22        Q.  What is the image depicted on the<br>23  first page of Exhibit 276?<br>24 MR. BALL: Objection. Vague. | | |
| 108:25–109:10<br>25            THE WITNESS:  It looks like a Bored<br>1  Ape.<br>2 BY MR. TOMPROS:<br>3        Q.  And what is the -- what type of<br>4  clothing is the Bored Ape in Exhibit 276 wearing?<br>5        A.  It looks like it's wearing the<br>6  variable, I believe, that was called hip hop<br>7  jacket.<br>███████████████████<br>███████████████████<br>███████████ | 109:2–10 FRE 401-404<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ███████████<br>█████████<br>████████, which is relevant to disgorgement, because it indicates |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | that there are sales of RR/BAYC NFTs unrelated to confusion. |
| | | There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 109:23–110:8<br>23    Q.   And then this ape also has something<br>24  called the grin gold grill, right?<br>25    A.   Yes, I believe that's what it's<br><br>9 MR. BALL: Objection. Calls for<br>10 speculation. | FRE 401-404<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.<br><br>The testimony regarding a BAYC NFT trait is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | ▓▓▓▓ ), which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 110:11–110:18<br>▓▓▓▓▓▓▓▓▓▓▓▓▓ | FRE 401-404;611(a); 801-802<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. The subject matter is intended to harass or unduly embarrass the witness. The question also purports to testify | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | about an inadmissible hearsay statement made by a third party.

Testimony regarding BAYC NFT traits is not relevant to Yuga Labs' remedies. | NFTs ██████████ , which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.

There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 110:21–111:5 ████████████████████████ | FRE 401-403;801-802; Conf.

This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and  cause undue delay.  The question seeks testimony | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).

This testimony is |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ███████████████████ ███████████████ █████████████ ████████████████ ██████████<br><br>111:8–111:9<br>████████████████████ ███████████ | about an inadmissible hearsay statement made by a third party.<br><br>The testimony regarding third party statements about BAYC NFT traits is not relevant to any issues remaining for trial. | relevant to alternative explanations for sales of RR/BAYC NFTs ████ ██████████████ ████████████ , which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Confidentiality is no grounds for preventing testimony being presented.  There is a strong presumption for open proceedings and to the extent Yuga wants this |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 111:11–111:12 ■■■■■ | FRE 401-403; 611(a)<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. The subject matter is intended to harass or unduly embarrass the witness.<br><br>This testimony concerning BAYC NFT traits is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ■■■■■ , which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 111:16–111:22 | FRE 106; 401-403; 611(a);801-802<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. The subject matter is intended to harass or unduly embarrass the witness. The question also purports to testify about an inadmissible hearsay statement made by a third party.<br><br>This testimony concerning BAYC NFT traits is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ▮▮▮, which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion. |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 111:24–111:25 ██████████ ██████████ | FRE 401-403; 801-802; Conf.<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. The question seeks testimony about an inadmissible hearsay statement made by a third party.<br><br>This testimony concerning BAYC NFT traits is not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs █████ ████████ ████, which is relevant to disgorgement, because it indicates that there are sales |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | of RR/BAYC NFTs unrelated to confusion. |
| | | There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| | | Confidentiality is no grounds for preventing testimony being presented.  There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 112:2–112:3 ████████ | FRE 401-403; 602; 611(a); Conf.  This is subject to Yuga Labs' Motion *In Limine* No. 1 | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ███████ | because issues of Inflammatory Material are not relevant to this case and cause undue delay. The witness testifies to their lack of knowledge on this irrelevant topic.The subject matter is intended to harass or unduly embarrass the witness.<br><br>Counsel's speculative question and the resulting testimony concerning BAYC NFT traits are not relevant to any issues remaining for trial. | opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ███████ ██████████, which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Confidentiality is no grounds for |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | preventing testimony being presented. There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 112:7–112:8 ██████████████ ████████████████ ███████████████ | FRE 401-403;602; Conf.<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. The witness testifies to their lack of knowledge on this irrelevant topic.<br><br>Counsel's speculative question and the resulting testimony concerning BAYC NFT traits are not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ███████ ████████████ ████████████ ██████████, which is relevant to disgorgement, because it indicates that there are sales |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | of RR/BAYC NFTs unrelated to confusion.

There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.

Confidentiality is no grounds for preventing testimony being presented.  There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 112:10–112:11

███████████████ | FRE 401-403;602; 611(a); Conf.

This is subject to Yuga Labs' Motion *In Limine* No. 1 | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ███████████████████ | because issues of Inflammatory Material are not relevant to this case and cause undue delay. The witness testifies to their lack of knowledge on this irrelevant topic. The subject matter is intended to harass or unduly embarrass the witness.<br><br>Counsel's speculative question and the resulting testimony concerning BAYC NFT traits are not relevant to any issues remaining for trial. | opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ███████ ████████████ ████████████ ███████, which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Confidentiality is no grounds for |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | preventing testimony being presented. There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 112:14–112:15 ████████████ ████████████ | FRE 401-403;602; Conf. <br><br> This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay. The witness testifies to their lack of knowledge on this irrelevant topic. <br><br> Counsel's speculative question and the resulting testimony concerning BAYC NFT traits are not relevant to any issues remaining for trial. | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). <br><br> This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ████████ ████████ ████████, which is relevant to disgorgement, because it indicates that there are sales |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Confidentiality is no grounds for preventing testimony being presented.  There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 112:17–112:18<br>████ | FRE 401-403;602; 611(a);Conf.<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ███████████████ | because issues of Inflammatory Material are not relevant to this case and cause undue delay. The witness testifies to their lack of knowledge on this irrelevant topic. The subject matter is intended to harass or unduly embarrass the witness.<br><br>Counsel's speculative question and the resulting testimony concerning BAYC NFT traits are not relevant to any issues remaining for trial. | opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ███ ████████████ ████, which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Confidentiality is no grounds for |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | preventing testimony being presented. There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 112:21–113:8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>24      (Exhibit 277, OpenSea.io, re:  Bored<br>25  Apes Yacht #4968, Bates RippsCahen00000316-317,<br> 1  marked for identification.)<br> 2  BY MR. TOMPROS:<br> 3      Q.  This is Exhibit 277.  Now, Mr. Aronow,<br> 4  you have been handed what has been marked as<br> 5  Exhibit 277, a two-page document with the control<br> 6  numbers RippsCahen00000316 through 317.  Do you<br> 7  have that in front of you?<br> 8      A.  I believe so, yes. | FRE 401-403; 602; Conf.<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of Inflammatory Material are not relevant to this case and cause undue delay.  The witness testifies to their lack of knowledge on this irrelevant topic.<br><br>Counsel's speculative question and the resulting testimony concerning BAYC NFT traits are not relevant to any issues remaining for trial.<br><br>Exhibits and testimony concerning | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is relevant to disgorgement, because it indicates that there are sales |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | BAYC NFT traits are not relevant to any issues remaining for trial. | of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>Confidentiality is no grounds for preventing testimony being presented.  There is a strong presumption for open proceedings and to the extent Yuga wants this testimony kept under seal, it bears the burden of demonstrating that sealing is necessary. |
| 113:15–113:24<br>15    Q.  And what is to the lower right of<br>16  that?<br>17    A.  It looks like a Bored Ape.<br>18    Q.  And what type of hat is | FRE 401-404<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 because issues of | Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| that Bored Ape<br>19 wearing?<br>20      A.   We call it in the collection a<br>21 Prussian helmet.<br>22      Q.   And who came up with the idea of<br>23 including a Prussian helmet?<br>24      A.   It was either Greg and I. | Inflammatory Material are not relevant to this case and cause undue delay.<br><br>This testimony concerning a BAYC NFT trait is not relevant to any issues remaining for trial. | opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues).<br><br>This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs ███████, which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 115:17–115:22<br>17      Q.   And what -- what | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| financial incentive<br>18  does someone have to criticize the Bored Ape Yacht<br>19  Club on that basis?<br>20      A.  Oh, your client uses it as a marketing<br>21  technique, and they have made millions of dollars<br>22  off of that. | | |
| 116:5–116:7<br>5      Q.   And your understanding is that he<br>6  has -- that he -- your belief is that he's created<br>7  the criticism in order to sell those NFTs?<br>8 MR. BALL: Objection. Vague.<br>9 Mischaracterizes testimony. | No objection | |
| 116:10–116:21<br>10         THE WITNESS:  That is vaguely my<br>11  belief, yes.<br>12 BY MR. TOMPROS:<br>13      Q.  Why do you say vaguely?<br>14      A.  I think that was his belief. I don't<br>15  know everything.  But yeah, I assume that's what<br>16  he did.  It seems obvious that's what he did, to<br>17  me, anyway.<br>18      Q.  If, for example, you were to learn<br>19  that there was criticism of these issues prior to<br>20  Mr. Ripps's criticism, would that change your<br>21  view?<br>22 MR. BALL: Objection. | No objection. | |
| 116:23 | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 23          THE WITNESS:  No. | | |
| 126:25–127:4<br>25      Q.   All right.  So let me ask.  I just<br>1  want to make sure.  You cannot identify any<br>2  instance in which a purchaser of an RR/BAYC NFT<br>3  bought it thinking that they were buying a Yuga<br>4  Labs's product, can you?<br>5 MR. BALL: Objection. Asked and<br>6 answered. Vague. Calls for a legal conclusion.<br>7 Calls for speculation.<br><br>127:8–127:9<br>8          THE WITNESS:  I wasn't following sales<br>9  of the project. | FRE 401-403; 602<br><br>Defendants' trademark infringement has already been established and so this designation is not relevant to any issue that remains in dispute.    The witness also was not the CEO of the company at the time and explains why he does not have an answer. | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Aronow was co-President of Yuga Labs, and he cannot identify a single instance of actual confusion. This evidence is probative for disgorgement because it indicates that sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |
| 127:11–127:12<br>11    Q.  Right.  So you cannot identify such a<br>12  circumstance, correct?<br>13 MR. BALL: Objection. Asked and<br>14 answered. Vague. Calls for a legal conclusion.<br>15 Calls for speculation.<br><br>127:16–127:17<br>16        THE WITNESS:  I wasn't keeping close<br>17  tabs. | FRE 401-403; 602<br><br>Defendants' trademark infringement has already been established and so this designation is not relevant to any issue that remains in dispute.  The witness also was not the CEO of the company at the time and explains why he does not have an answer. | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Aronow was co-President of Yuga Labs, and he cannot identify a single instance of actual confusion. This evidence is probative for disgorgement because it indicates that sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion.<br><br>There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | remedies and jury issues). The testimony's probative value outweighs any prejudice.<br><br>The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |
| 128:11–128:13<br>11      Q.   Can you answer it yes or no?<br>12      A.   I don't know of anyone specifically.<br>13  I wasn't keeping close tabs. | FRE 401-403; 602<br><br>Defendants' trademark infringement has already been established and so this designation is not relevant to any issue in dispute.  The witness also was not the CEO of the company at the time and explains why he does not have an answer. | This testimony is relevant to alternative explanations for sales of RR/BAYC NFTs because at the time of the RR/BAYC Project Mr. Aronow was co-President of Yuga Labs, and he cannot identify a single instance of actual confusion. This evidence is probative for disgorgement because it indicates that sales of (and thus profits from) RR/BAYC NFTs were unrelated to confusion. |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice.

The question asks for information that is within the personal knowledge of the witness, which is partially explained in the witness's ability to give an answer. |
| 130:1–130:2
1      Q.  Dose -- so Yuga Labs does not sell
2  BAYC NFTs today, correct?
3 MR. BALL: Objection. Vague. Calls
4 for a legal conclusion.


130:5–130:6
5          THE WITNESS:  To the best of my
6  knowledge, no. | FRE 401-403

Defendants' trademark infringement has been established already and so this question is not relevant to the issues remaining for trial. This testimony will only serve to waste time and confuse the issues. | This testimony is relevant to show that Yuga is not entitled to equitable remedies in the form of disgorgement when it has not shown the lack of any adequate remedy at law.  It is also relevant to show that sales of RR/BAYC NFTs were not attributable to |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | confusion, but instead sales (and thus profits) were the result of other factors. There is no undue prejudice that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 130:8–130:13<br>8      Q.   Through what markets are BAYC NFTs<br>9  sold today?<br>10      A.   A number of them. Primarily OpenSea,<br>11  but I think others have become very popular.<br>12      Q.   Are BAYC NFTs sold on Foundation?<br>13      A.   I have no –<br>14 MR. BALL: Objection. Vague. Calls<br>15 for speculation.<br><br>130:16<br>16          THE WITNESS:  I have no idea. | FRE 401-403; 602<br><br>Defendants' trademark infringement has been established already and so this question is not relevant to the issues remaining for trial. The witness also testifies to their lack of knowledge on the topic. This testimony will only serve to waste time and confuse the issues. | This testimony is relevant to show that Yuga is not entitled to equitable remedies in the form of disgorgement when it has not shown the lack of any adequate remedy at law.  It is also relevant to show that sales of RR/BAYC NFTs were not attributable to confusion, but instead sales (and thus profits) were the result of other factors. There is no undue |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | prejudice that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |
| 134:9-13 *[Plaintiff's counter-designation]*<br>9 Q. Do you understood what high end in the<br>10 marketing world means, generally?<br>11 A. Do you mean like a luxury good?<br>12 Q. Sure. How about that?<br>13 A. We sold them for $220. | FRE 401. This testimony is no longer relevant now that Yuga has abandoned all legal remedies (including actual damages for alleged harm) | This testimony is relevant to the equitable remedies that Yuga Labs is entitled to, including the scope of an appropriate injunction to remedy Defendants' irreparable harm to Yuga Labs' goodwill. |
| 238:11–238:15 *[Plaintiff's Counter-Designation]*<br>11     Q.  Has Yuga Labs engaged in, well, any<br>12  kind of promotion of the Bored Ape Yacht Club<br>13  brand?<br>14 MR. BALL: Objection. Vague.<br><br>15       THE WITNESS:  I think so, depending on<br>16  how you would, you know, define promotion.  I<br>17  mean, we've held events.  We sell | FRE 401. This testimony is no longer relevant now that Yuga has abandoned all legal remedies (including actual damages for alleged harm) | This testimony is relevant to the equitable remedies that Yuga Labs is entitled to, including the scope of an appropriate injunction to remedy Defendants' irreparable harm to Yuga Labs' goodwill. |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| *merchandise. We*<br>18 *do major collaborations with major brands. Does*<br>19 *that qualify?*<br>20 *BY MR. TOMPROS:*<br>21 *Q. That would -- sure, if -- if -- if*<br>22 *that's your understanding of promotion, that's*<br>23 *fine. So -- so what --*<br>24 *A. In that sense we've done a lot.*<br>25 *Q. What events has Yuga held in*<br><br>1 *connection with the Bored Ape Yacht Club brand?*<br>2 *A. We've held a bunch, but I think the*<br>3 *primary ones have been ApeFest 1 and 2, and then*<br>4 *we also did -- the third largest was probably*<br>5 *the -- our Basel event. But we've, you know,*<br>6 *sponsored a few others, I think.*<br>7 *Q. And what collaborations has Yuga done*<br>8 *with respect to the Bored Ape Yacht Club brand?*<br>9 *A. I probably couldn't remember all of*<br>10 *them. The major one was Adidas. We also did one*<br>11 *with Bobby Hundreds, The Hundreds; awesome*<br>12 *collaborations, both of them. Did a toy with*<br>13 *Superplastic. Recently did a* | | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| merch drop with The 14 Dudes, another amazing collaboration. I'm sure 15 we've done more. I can't remember them all. | | |
| 246:17–246:25 [Plaintiff's Counter-Designation] | No objection. | |
| 262:11–262:17 [Plaintiff's Counter-Designation] | No objection | |
| 262:19–263:12 [Plaintiff's Counter- | | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| *Designation]* <br><br> ████████████ | | |
| 263:15–264:15 *[Plaintiff's Counter-Designation]* <br> 15 BY MR. TOMPROS: <br> 16 Q. The token ID in Exhibit 299, what is <br> 17 it? <br> 18 A. It says "Token ID 193." <br> 19 Q. And that is different from the token <br> 20 ID 3721 in Exhibit 298, right? <br> 21 A. It is different than what it says <br> 22 token ID is on the other piece of paper that you <br> 23 handed me, yes. <br> 24 Q. If you go to the second page of <br> 25 Exhibit 299, at the top left under the -- sort of <br> 1 the jewel logo, there is the logo that Mr. Ripps <br> 2 made based on the -- the -- the based-on logo. Do <br> 3 you see that? <br> 4 A. See, it's funny; I was looking at this <br> 5 before, and I didn't notice the difference between <br> 6 these two. I honestly thought that probably could <br> 7 have been the same. I did not know the <br> 8 difference. But yeah, I see it. <br> 9 Q. Okay. <br> 10 A. At first glance at that logo, I | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 11 thought it was our logo, honestly. It looks a lot<br>12 like it, doesn't it? Almost identical.<br>13 Q. It has different text, correct?<br>14 A. I could barely make it out at that<br>15 size. It looked like the exact same logo. | | |
| 265:4–265:17 [Plaintiff's Counter-Designation]<br>4        THE WITNESS:  I have seen the rip-off.<br>5 BY MR. TOMPROS:<br>6        Q.   And what do you mean by "the rip-off"?<br>7        A.  I have seen the usage of our<br>8  trademarks in his logo.  I have seen that, yes.<br>9        Q.   And his -- his logo has different<br>10  words, right?<br>11 MR. BALL: Objection. Lacks<br>12 foundation. Vague<br>13        THE WITNESS: Yes, it has different<br>14  words.  Again, at this size, I honestly thought<br>15  this was our logo.  And if I can be confused, and<br>16  I'm the one who helped make it, I'm pretty sure<br>17  consumers can be confused. | No objection | |
| 265:19–265:22<br>19        Q.   You're aware of the -- the substance<br>20  of what you call Mr. Ripps's conspiracy theory,<br>21  right?  The allegations -- the | FRE 404<br><br>This is subject to Yuga Labs' Motion *In Limine* No. 1 | The grounds and objection do not match.  The grounds are that it is subject to MIL 1 and is a 401/403 |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| substance of the 22 allegations that he makes? 23 MR. BALL: Objection. Vague. <br><br> 265:24–266:2 24     THE WITNESS:  I'm aware of a lot of the 25 bullshit allegations he's made of me and my <br><br> 1 friends and family, yes, and my employees, yes. | because issues of Inflammatory Material are not relevant to this case and cause undue delay. <br><br> Mr. Aronow's awareness of Defendants' conspiracy theories is not relevant to any issues remaining for trial and would only serve to waste time. | objection at heart, the objection is a 404 objection. To the extent that this is a 404 objection, Defendants are using this evidence to prove the existence of Mr. Ripps's allegations (which are an alternative reason, separate and apart from confusion, for sales and thus profits of RR/BAYC NFTs). This is not evidence that is meant to draw an inference that Aronow has any character trait, nor that he acted in conformity with that character trait. <br><br> Yuga's Motion in Limine No. 1 should be denied for the reasons explained in Defendants' opposition (and are in any event moot because Yuga has abandoned all legal remedies and jury issues). <br><br> This testimony is relevant to |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| | | alternative explanations for sales of RR/BAYC NFTs ██████ ████████ , which is relevant to disgorgement, because it indicates that there are sales of RR/BAYC NFTs unrelated to confusion.

There is no undue prejudice or undue delay that could result from this testimony (particularly where Yuga has abandoned all legal remedies and jury issues). The testimony's probative value outweighs any prejudice. |

1
2   Dated:  June 30, 2023                    WILMER CUTLER PICKERING HALE
                                            AND DORR LLP
3
                                            By: /s/ Louis W. Tompros
4                                               Louis W. Tompros (*pro hac vice*)
                                                louis.tompros@wilmerhale.com
5                                               **WILMER CUTLER PICKERING**
                                                  **HALE AND DORR LLP**
6                                               60 State Street
                                                Boston, MA 02109
7                                               Telephone: (617) 526-6000
                                                Fax: (617) 526-5000
8
                                            Attorneys for Defendants
9                                           RYDER RIPPS and JEREMY CAHEN
10
11  Dated:  June 30, 2023                    FENWICK & WEST LLP
12
13
                                            By: /s/ Eric Ball
14                                              Eric Ball
15                                          Attorneys for Plaintiff
                                            YUGA LABS, INC.
16
17
18              **ATTESTATION OF CONCURRENCE IN FILING**
19          Pursuant to the United States District Court for the Central District of
20  California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence
21  in the filing of this document has been obtained from Eric Ball.
22
                                            /s/ Louis Tompros
23                                          Louis W. Tompros (*pro hac vice*)
                                            louis.tompros@wilmerhale.com
24                                          **WILMER CUTLER PICKERING**
                                              **HALE AND DORR LLP**
25                                          60 State Street
                                            Boston, MA 02109
26                                          Telephone: (617) 526-6000
                                            Fax: (617) 526-5000
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via email June 30, 2023.


By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000