1  Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
2  Monica Grewal (*pro hac vice*)
   monica.grewal@wilmerhale.com
3  Scott W. Bertulli (*pro hac vice*)
   scott.bertulli@wilmerhale.com
4  Tyler Carroll (*pro hac vice*)
   tyler.carroll@wilmerhale.com
5  **WILMER CUTLER PICKERING
     HALE AND DORR LLP**
6  60 State Street
   Boston, MA 02109
7  Telephone: (617) 526-6000
   Fax: (617) 526-5000
8
   Derek Gosma (SBN 274515)
9  derek.gosma@wilmerhale.com
   Henry Nikogosyan (SBN 326277)
10 henry.nikogosyan@wilmerhale.com
   **WILMER CUTLER PICKERING
11   HALE AND DORR LLP**
   350 South Grand Ave., Suite 2400
12 Los Angeles, CA 90071
   Telephone: (213) 443-5300
13 Fax: (213) 443-5400

14 Attorneys for Defendants
   *Ryder Ripps and Jeremy Cahen*
15

16             **UNITED STATES DISTRICT COURT**

17             **CENTRAL DISTRICT OF CALIFORNIA**

18                 **WESTERN DIVISION**

19

20                                          Case No. 2:22-cv-04355-JFW-JEM

21 Yuga Labs, Inc.,
                                            **MR. RIPPS AND MR. CAHEN'S**
22                          Plaintiff,      **OBJECTIONS TO DECLARATION**
                                            **OF LAUREN R. KINDLER**
23        v.

24                                          Judge: Hon. John F. Walter
25 Ryder Ripps, Jeremy Cahen,
                                            Trial Date:  July 31, 2023
26                          Defendants.

27

28 Case No. 2:22-cv-04355-JFW-JEM          DEFENDANTS' OBJECTIONS TO
                                           DECLARATION OF LAUREN KINDLER

1    TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF

2  RECORD:

3    PLEASE TAKE NOTICE THAT Defendant Ryder Ripps and Defendant

4  Jeremy Cahen submit the following objections to the Declaration of Lauren R. Kindler

5  ("Kindler Declaration").

6    A trial before the court may include direct testimony by declaration but such

7  testimony is subject to both the parties' right to object to the admissibility of the

8  contents of the declaration and to the right to cross-examine the declarant at trial. *See*

9  *In re Adair*, 965 F.3d 777, 780 (9th Cir. 1992).  To the extent the declarant does not

10  appear at trial, the entire declaration is inadmissible under Federal Rule 43(a). *See In*

11  *re Geller*, 170 B.R. 183, 186 (Bankr. S.D. Fla. 1994) (requiring witness to take the

12  stand in order for a declaration to comply with Fed. R. Civ. P. 43(a)).  A declarant's

13  failure to attend trial also renders the declaration inadmissible hearsay and does not

14  qualify for any hearsay exceptions governing unavailable declarants.  *See* Fed. R.

15  Evid. 804; *Tongil Co. v. Vessel Hyundai Innovator*, 968 F.2d 999, 1000 (9th Cir.

16  1992) (excluding declaration as inadmissible hearsay).

17    Mr. Ripps and Mr. Cahen, subject to the foregoing general objections, submit

18  specific objections to the Kindler Declaration as follows:

19  **1.  Objection to Paragraph 15.**

20      **a.      Objectionable Testimony, lines 4:11-16.**

21    The following wallet addresses belong to Mr. Lehman. JTX-1 (Thomas Lehman

22  Declaration) ¶ 3:

23      • 0xc650f01eb5b8f267ad3e18282e649afa0158b188;

24      • 0xc2172a6315c1d7f6855768f843c420ebb36eda97;

25      • 0xe64f07d9d151ea7286b8470c8f38691baf2c146e; and

26      • 0x5927b9c6dde237639bc45c08455fa8f6f1072aa0.

27

28

1

**b.      Grounds for Objection**

2     JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not

3 be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was

4 made in the context of his settlement with Yuga Labs and was drafted under a

5 coercive context.  The statements made in that declaration are, therefore, unreliable.

6 Ms. Kindler's testimony restating the statements made in Mr. Lehman's declaration is

7 similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is

8 substantially outweighed by a danger of unfair prejudice and confusing the issues.

9 The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

10 **2.  Objection to Paragraph 16.**

11      **a.      Objectionable Testimony, lines 4:17-19.**

12      The following wallet address belongs to Mr. Hickman. JTX-72; JTX-1 (Thomas

13 Lehman Declaration) ¶ 36:

14      • 0xF9C2Ba78aE44ba98888B0e9EB27EB63d576F261B.

15      **b.      Grounds for Objection**

16      JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not

17 be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was

18 made in the context of his settlement with Yuga Labs and was drafted under a

19 coercive context.  The statements made in that declaration are, therefore, unreliable.

20 Ms. Kindler's testimony citing to statements made in Mr. Lehman's declaration is

21 similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is

22 substantially outweighed by a danger of unfair prejudice and confusing the issues.

23 The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

24

25

26

27

28

**3.  Objection to Paragraph 22.**

      **a.**      **Objectionable Testimony, lines 5:19-21.**

      Mr. Lehman admits he was involved in developing the RRBAYCRSVP contract. JTX-1 (Thomas Lehman Declaration) ¶ 3.

      **b.**      **Grounds for Objection**

      JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercive context.  The statements made in that declaration are, therefore, unreliable. Ms. Kindler's testimony citing to the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

**4.  Objection to Paragraph 44.**

      **a.**      **Objectionable Testimony, lines 10:23-28**

      When calculating Defendants' profits, transactions that were refunded through Defendants' RSVP smart contract were omitted. Specifically, transactions that were refunded through the RefundIssued and RSVPCanceled functions in the RSVP smart contract were not included in my calculation of profits. To my knowledge, Defendants have not produced any records of other refunds related to the sale of RR/BAYC NFTs.

      **b.**      **Grounds for Objection**

      Paragraph 44, lines 10:23-28 are inadmissible as they were not included in Yuga Labs' Amended Offer of Proof for Lauren Kindler.  Dkt. 287-10.  Ms. Kindler's Amended Offer of Proof does not include an opinion on how or whether refunds were calculated when Ms. Kindler determined what profit the Defendants' received from their art collection. Further, the citations to her report included in the Amended Offer

of Proof similarly do not include an opinion on how or whether refunds were calculated.  The Court's order states that "Lauren Kindler will not be permitted to offer any opinion at trial that was not set forth in her offer of proof filed with the Court." Dkt. 264.  Accordingly, this opinion is impermissible and should be removed based on the Court's order.

**5.  Objection to Paragraph 47.**

**a.  Objectionable Testimony, lines 11:15-18**

And, Mr. Lehman stated in his declaration: "It is my understanding that at least Ripps also received royalties from the re-sale of RR/BAYC NFTs through NFT marketplaces Foundation and Looksrare." JTX-1 (Thomas Lehman Declaration) ¶ 37.

**b.  Grounds for Objection**

JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercive context.  The statements made in that declaration are, therefore, unreliable. Ms. Kindler's testimony restating the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

**6.  Objection to Paragraph 59.**

**a.  Objectionable Testimony, lines 13:15-18**

Documents and testimony from discovery indicate that Mr. Lehman and Mr. Hickman each accrued 15 percent of profits from the initial sales of RR/BAYC NFTs from the RR/BAYC RSVP contract. JTX-1 (Thomas Lehman Declaration) ¶¶33-34; JTX-103.

b.      **Grounds for Objection**

JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercive context.  The statements made in that declaration are, therefore, unreliable. Ms. Kindler's testimony citing to the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.


Dated: July 21, 2023

By: /s/  *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

Case No. 2:22-cv-04355-JFW-JEM          -5-          DEFENDANTS' OBJECTIONS TO
DECLARATION OF LAUREN KINDLER

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's EFC system on July 21, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000