Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>        Plaintiff,<br><br>   v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>        Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**MR. RIPPS AND MR. CAHEN'S OBJECTIONS TO KEREM ATALAY'S DECLARATION OF TRIAL TESTIMONY**<br><br>Judge: Hon. John F. Walter<br><br>Trial Date: July 31, 2023 |

TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Ryder Ripps and Defendant Jeremy Cahen submit the following objections to Kerem Atalay's Declaration of Trial Testimony ("Atalay Declaration").

A trial before the court may include direct testimony by declaration but such testimony is subject to both the parties' right to object to the admissibility of the contents of the declaration and to the right to cross-examine the declarant at trial. *See In re Adair*, 965 F.3d 777, 780 (9th Cir. 1992). To the extent the declarant does not appear at trial, the entire declaration is inadmissible under Federal Rule 43(a). *See In re Geller*, 170 B.R. 183, 186 (Bankr. S.D. Fla. 1994) (requiring witness to take the stand in order for a declaration to comply with Fed. R. Civ. P. 43(a)). A declarant's failure to attend trial also renders the declaration inadmissible hearsay and does not qualify for any hearsay exceptions governing unavailable declarants. *See* Fed. R. Evid. 804; *Tongil Co. v. Vessel Hyundai Innovator*, 968 F.2d 999, 1000 (9th Cir. 1992) (excluding declaration as inadmissible hearsay).

Mr. Ripps and Mr. Cahen, subject to the foregoing general objections, submit specific objections to the Atalay Declaration as follows:

**1.    Objection to Paragraph 2, lines 1:9-24**

    **a.    Objectionable Testimony**

As described in JTX-603, a smart contract creator inputs a collection's contract name and symbol. The collection's contract name is the "title and top-level identity of [the creator's] Collection and its NFTs" and the collection's contract symbol is a "shorthand symbol that acts as a token name on the blockchain for this Collection's NFTs." *Id*. The Foundation.app webpage instructs users to "[t]ake care when deciding your Collection's name and symbol – these details are recorded on the

1  blockchain and will represent your work in web3.  You'll want to double check that
2  you're correct and free of errors as you cannot change these details later." *Id*.

3        **b.**    **Grounds for Objection**

4        Paragraph 2, lines 1:9-24, of the Atalay Declaration is inadmissible hearsay
5  under Federal Rule of Evidence 802 because it relies on out-of-court statements
6  contained on a third-party webpage to prove the truth of those statements.  Mr. Atalay
7  testifies that the foundation.app website contains statements on how "a smart contract
8  creator inputs a collection's contract name and symbol" and that "these details are
9  recorded on the blockchain," among other statements.  Mr. Atalay testifies about these
10 out-of-court statements to prove the that the content of these statements is true—that
11 creator's input details into a smart contract and that those details are then recorded on
12 the blockchain.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

13 **2.**    **Objection to Paragraph 3, lines 1:25-2:1**

14       **a.**    **Objectionable Testimony**

15       I understand that, on May 13, 2022, Defendant Ripps created the Ethereum
16 blockchain smart contract, 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e,
17 which contains the RR/BAYC NFTs, using the Foundation minting tool on the
18 Foundation.app website (the "RR/BAYC Smart Contract").

19       **b.**    **Grounds for Objection**

20       Paragraph 3 is inadmissible under Federal Rule of Evidence 602 because the
21 testimony is not based on personal knowledge and is speculation.  Mr. Atalay testifies
22 that Ryder Ripps "created the Ethereum blockchain smart contract,
23 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, … using the Foundation
24 minting tool on the Foundation.app website."  The declaration provides no basis for
25 how this testimony is based on Mr. Atalay's personal knowledge and instead merely
26 states "I understand that" without explaining what his "understanding" is based on.
27
28

1  Thus, Yuga Labs, Inc. ("Yuga") has failed to show that the testimony in Paragraph 3
2  is based on personal knowledge or that it is anything more than speculation.
3  **3.     Objection to Paragraph 4, lines 2:4-13**
4      **a.     Objectionable Testimony**
5      JTX-600 is a copy of the Transaction Details page of the transaction
6  0xec6a7bd2b146bd89b214d1b5f4650afc20462dddefe04a7d65fb2f953404f015,
7  viewable at
8  https://etherscan.io/tx/0xec6a7bd2b146bd89b214d1b5f4650afc20462dddefe04a7d65f
9  b2f953404f015, and associated with the creation of the RR/BAYC Smart Contract.
10 JTX-600 shows that "Bored Ape Yacht Club" was input as the contract name in the
11 RR/BAYC Smart Contract when it was created. JTX-600 also shows that "BAYC"
12 was input as the contract symbol in the RR/BAYC Smart Contract when it was
13 created.
14     **b.     Grounds for Objection**
15     Paragraph 4, lines 2:4-13, of the Atalay Declaration is inadmissible hearsay
16 under Federal Rule of Evidence 802 because it relies on out-of-court statements
17 contained on a third-party webpage to prove the truth of those statements. Mr. Atalay
18 testifies that a transaction details page on the etherscan.io website contains statements
19 on the contract name and contract symbol for a particular smart contract address. Mr.
20 Atalay uses these out-of-court statements to prove the truth of the matter asserted by
21 testifying that the webpage proves that a contract name and symbol "was input" for a
22 particular smart contract. *See* Fed. R. Evid. 801. No hearsay exception applies.
23 **4.     Objection to Paragraph 5, lines 2:14-19**
24     **a.     Objectionable Testimony**
25     JTX-1146 is a copy of the Etherscan Contract Details page of the RR/BAYC
26 Smart Contract. JTX-1146 shows that "Bored Ape Yacht Club" was input as the
27 contract name in the RR/BAYC Smart Contract when it was created. JTX-1146 also
28

shows that Etherscan reports the token tracker, a tool on Etherscan that displays the combined name and symbol of a smart contract for tokens minted through a smart contract, as "Bored Ape Yacht Club (BAYC)."

    **b.    Grounds for Objection**

Paragraph 5 of the Atalay Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements contained on a third-party webpage to prove the truth of those statements. Mr. Atalay testifies that a contract details page on the etherscan.io website contains statements on the contract name and contract symbol for a particular smart contract address. Mr. Atalay uses these out-of-court statements to prove the truth of the matter asserted by testifying that the webpage proves that the particular contract name and contract symbol "was input" for a particular smart contract. *See* Fed. R. Evid. 801. No hearsay exception applies.

**5.    Objection to Paragraph 6, lines 2:20-24**

    **a.    Objectionable Testimony**

When "Bored Ape Yacht Club" and "BAYC" were input as the contract name and the contract symbol, respectively, in the RR/BAYC Smart Contract, those inputs were permanent and unchangeable. The RR/BAYC Smart Contract will display "Bored Ape Yacht Club" and "BAYC" as the contract name and the contract symbol, respectively, in perpetuity.

    **b.    Grounds for Objection**

Paragraph 6 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Atalay comments on the inadmissible hearsay statement under Federal Rule of Evidence 802 in Paragraphs 4 and 5 by treating those statements as true and further commenting that the "inputs were permanent and unchangeable." Because this testimony is based on and comments on inadmissible hearsay, Yuga has failed to show that Mr. Atalay's

testimony in Paragraph 6 is based on personal knowledge or that it is anything more than speculation derived from inadmissible hearsay statements.

**6.     Objection to Paragraph 7, lines 2:25-3:2**

   **a.     Objectionable Testimony**

JTX-1558 is a Tweet from the @AllCityBAYC Twitter account replying to a Tweet about this lawsuit and commenting on the RR/BAYC Smart Contract's token tracker ("Bored Ape Yacht Club (BAYC)"):  "If you were curious to see how malicious this scam is, check out the token tracker/ID name that he chose to use on the smart contract.  This is a critical piece of data the NFT community uses when they are buying on the secondary market."

   **b.     Grounds for Objection**

Paragraph 7 of the Atalay Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third party on Twitter.  Mr. Atalay testifies that a Twitter user named @AllCityBAYC (who is apparently an anonymous) posted that the RR/BAYC project is a "scam."  Mr. Atalay uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the RR/BAYC project was a scam.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**7.     Objection to Paragraph 8, 3:3-4**

   **a.     Objectionable Testimony**

I understand that 9,546 RR/BAYC NFTs were minted through the RR/BAYC Smart Contract, which is 95% of the original 10,000 BAYC NFTs.

   **b.     Grounds for Objection**

Paragraph 8, lines 3:3-4, is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Atalay testifies that "9,546 RR/BAYC NFTs were minted" through a particular smart contract identified in the declaration as

0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e.  The declaration provides no basis for how this testimony is based on Mr. Atalay's personal knowledge and instead merely states "I understand that" without explaining what his "understanding" is based on.  Thus, Yuga has failed to show that the testimony in lines 3:3-4 of Paragraph 8 is based on personal knowledge or that it is anything more than speculation.

**8.     Objection to Paragraph 9, lines 3:10-12**

   **a.     Objectionable Testimony**

I have reviewed JTX-806, which contains the source code produced by Thomas Lehman that I understand was created to develop and support Defendants' ApeMarket NFT online marketplace.

   **b.     Grounds for Objection**

Paragraph 9, lines 3:10-12, is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Atalay testifies that the source code in JTX-806 "was created to develop and support Defendants' ApeMartk NFT online marketplace."  The declaration provides no basis for how this testimony is based on Mr. Atalay's personal knowledge and instead merely states "I understand" without explaining what his "understanding" is based on and further states that his testimony is based on "review" of document produced during discovery in this litigation.  Thus, Yuga has failed to show that the testimony in lines 3:10-12 of Paragraph 9 is based on personal knowledge or that it is anything more than speculation.

Dated: July 21, 2023            By: /s/ *Louis W. Tompros*
                                    Louis W. Tompros (*pro hac vice*)
                                    louis.tompros@wilmerhale.com
                                    Monica Grewal (*pro hac vice*)
                                    monica.grewal@wilmerhale.com

Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's EFC system on July 21, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000