Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **MR. RIPPS AND MR. CAHEN'S OBJECTIONS TO DECLARATION OF NICOLE MUNIZ** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date:  July 31, 2023 |

DEFENDANTS' OBJECTIONS TO
DECLARATION OF NICOLE MUNIZ

TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Ryder Ripps and Defendant Jeremy Cahen submit the following objections to the Declaration of Nicole Muniz ("Muniz Declaration").

A trial before the court may include direct testimony by declaration but such testimony is subject to both the parties' right to object to the admissibility of the contents of the declaration and to the right to cross-examine the declarant at trial. *See In re Adair*, 965 F.3d 777, 780 (9th Cir. 1992).  To the extent the declarant does not appear at trial, the entire declaration is inadmissible under Federal Rule 43(a). *See In re Geller*, 170 B.R. 183, 186 (Bankr. S.D.Fla. 1994) (requiring witness to take the stand in order for a declaration to comply with Fed. R. Civ. P. 43(a)).  A declarant's failure to attend trial also renders the declaration inadmissible hearsay and does not qualify for any hearsay exceptions governing unavailable declarants.  *See* Fed. R. Evid. 804; *Tongil Co. v. Vessel Hyundai Innovator*, 968 F.2d 999, 1000 (9th Cir. 1992) (excluding declaration as inadmissible hearsay).

Mr. Ripps and Mr. Cahen, subject to the foregoing general objections, submit specific objections to the Muniz Declaration as follows:

1. **Objections to Paragraph 6, lines 2:23-3-5, JTX-1461**

   a. **Objectionable Testimony**

   We were also nearing the end of negotiations (which later resulted in an executed agreement, *see* JTX-1461 and JTX-1462 (Re-Tweets reflecting on the announced partnership)) with Gucci for a multi-year partnership that will involve Gucci creating clothing for Otherside and 10KTF (yet another NFT collection that Yuga Labs acquired during my tenure as CEO).

### b.    Grounds for Objection

JTX-1461 is inadmissible hearsay under Federal Rule of Evidence 802 because it is a series of out-of-court statements contained on a third-party webpage to prove the truth of those statements. Specifically, JTX-1461 is a tweet made by third-party @alexisohanian praising a Gucci and Yuga Labs collaboration that retweets a tweet made by @OthersideMeta that announces a collaboration between Gucci and Yuga Labs. The declaration impermissibly cites these statements and uses them for the truth of the matter asserted within them, that there was a Gucci and Yuga Labs collaboration. *See* Fed. R. Evid. 801. No hearsay exception applies.

## 2.    Objections to Paragraph 6, lines 2:28-3:5, JTX-1462

### a.    Objectionable Testimony

We were also nearing the end of negotiations (which later resulted in an executed agreement, *see* JTX-1461 and JTX-1462 (Re-Tweets reflecting on the announced partnership)) with Gucci for a multi-year partnership that will involve Gucci creating clothing for Otherside and 10KTF (yet another NFT collection that Yuga Labs acquired during my tenure as CEO).

### b.    Grounds for Objection

JTX-1462 is inadmissible hearsay under Federal Rule of Evidence 802 because it is a series of out-of-court statements contained on a third-party webpage to prove the truth of those statements. Specifically, JTX-1462 is a tweet made by third-party @CitronButter discussing their work on designing a necklace with Gucci and that retweets a tweet made by @OthersideMeta that announces a collaboration between Gucci and the Otherside. The declaration impermissibly cites these statements and uses them for the truth of the matter asserted within them, that there was a Gucci and Yuga Labs collaboration. *See* Fed. R. Evid. 801. No hearsay exception applies.

**3.    Objections to Paragraph 6, lines 3:5-8, JTX-1299**

  **a.    Objectionable Testimony**

   Yuga Labs had also successfully hosted two "ApeFest" events. ApeFest is an annual music festival that Yuga Labs produces for BAYC and MAYC NFT holders. JTX-1299 is a copy of the webpage for ApeFest 2022 (which Yuga Labs hosted from June 20-23, 2022).

  **b.    Grounds for Objection**

   JTX-1299 is inadmissible hearsay under Federal Rule of Evidence 802 because it is a series of out-of-court statements contained on a webpage to prove the truth of those statements.  Specifically, JTX-1299 is a printout of the webpage "apefest.com" that includes the dates, performers, and other information about ApeFest.  The declaration uses this out of court statement for the truth of the matter asserted to support that the event took place from "June 20-23, 2022" and that "Yuga Labs hosted" the event. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**4.    Objections to Paragraph 6, lines 3:5-8, JTX-605**

  **a.    Objectionable Testimony**

   Finally, Yuga Labs had created and released merchandise to its community of NFT holders that featured the BAYC brand, for example as shown in JTX-605 (which shows BAYC branded clothing that we released in partnership with other brands).

  **b.    Grounds for Objection**

   JTX-605 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement contained on a third-party webpage to prove the truth of those statements.  Specifically, JTX-605 is a tweet made by @BoredApeYC that discusses a collaboration with @McBess and @DudesFactory that includes photos of clothing. The declaration uses this out of court statement for the truth of the matter asserted, that there was "BAYC branded clothing that [Yuga] released in partnership with other brands."  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**5.    Objection to Paragraph 8, lines 4:12-16**

     **a.    Objectionable Testimony**

     While I was Yuga Labs' CEO, Yuga Labs filed lawsuits relating to only one infringing NFT collection – the RR/BAYC collection – because the RR/BAYC collection was the only infringing collection trading off of the BAYC brand that led to confusion in the marketplace prompting complaints from our business partners, investors, and BAYC NFT holders.

     **b.    Grounds for Objection**

     Additionally, the testimony relies on impermissible hearsay under Federal Rule of Evidence 802.  Specifically, the declaration states that there were "complaints from our business partners, investors, and BAYC NFT holders" about the RR/BAYC art collection.  Said out-court-statements from unnamed third-parties are being used for the truth of the matter asserted, that these anonymous persons complained about confusion associated with the RR/BAYC art collection.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**6.    Objection to Paragraph 9, lines 4:19-23**

     **a.    Objectionable Testimony**

     Defendants Ryder Ripps' and Jeremy Cahen's ("Defendants") RR/BAYC collection harmed Yuga Labs, including because it created confusion in the marketplace about whether Yuga Labs had launched a new BAYC collection, whether Yuga Labs would mint more BAYC NFTs, and whether the existing BAYC NFTs were still an exclusive good.

     **b.    Grounds for Objection**

     Paragraph 9, lines 4:19-23 is objectionable because it is an improper legal conclusion under Federal Rules of Evidence 701 and 704.  A lay witness may not offer legal conclusions.  Fed. R. Evid. 701; 704(a); *Chiate v. Morris*, 972 F.3d 1337 (table), 1992 WL 197591 at *6 (9th Cir. 1992).  Whether the RR/BAYC art collection

created confusion in the marketplace that harmed Yuga Labs is a legal conclusion that is outside the permissible testimony of a lay witness.

**7.      Objection to Paragraph 10, lines 4:24-24**

　　**a.      Objectionable Testimony**

Defendants initially started calling their new collection "BAYC V3" (JTX-689) and "Bored Ape Yacht Club V3" (JTX-690), and this name caught on.

　　**b.      Grounds for Objection**

Paragraph 10, lines 4:24-25 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies as to what the Defendants called their "new collection" based on two tweets made by Mr. Ripps that simply state "bayc v3" (JTX-689) and include a link to a website that has the url https://x2y2.io/collection/bored-ape-yacht-club-v3-2/items (JTX-690).  Ms. Muniz has not explained how she knows that these references to BAYC V3 by Mr. Ripps were about his RR/BAYC art collection.  Further, Ms. Muniz has not established any personal knowledge about how the Defendants referred to their art collection.  This testimony, therefore, is not based on personal knowledge and is mere speculation.  Additionally, Ms. Muniz has provided no support for her statement that "this name caught on" and that statement, therefore, lacks foundation and is also inadmissible under Rule 602.

**8.      Objection to Paragraph 10, lines 4:25-28**

　　**a.      Objectionable Testimony**

Shortly after Defendants launched their infringing collection, I started to receive reports from Yuga Labs' Vice President of Communications about press inquiries concerning "Yuga Labs' 'BAYC V3'" collection.

　　**b.      Grounds for Objection**

Paragraph 10, lines 4:25-28 is inadmissible hearsay under Federal Rule of Evidence 802 because they use out-of-court statements for the truth of the matter

asserted.  Specifically, this testimony discusses "reports" Ms. Muniz received from an unnamed "Vice President of Communications" about inquiries the press made about a "Yuga Labs' 'BAYC V3'" NFT collection. The declaration uses these out of court statements made by the Vice President of Communications for the truth of the matter asserted that the "press" inquired about a supposed "Yuga Labs' 'BAYC V3'" collection.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**9.     Objection to Paragraph 10, lines 5:5-11**

     **a.     Objectionable Testimony**

Furthermore, during Yuga Labs' 2022 ApeFest event, I was notified about a Bloomberg segment attributing the RR/BAYCs to Yuga Labs. I first saw this report when a BAYC NFT holder posted about the segment in the members-only Discord channel. (JTX-1192 is a screen capture of that post.) I then went and watched the Bloomberg segment myself. (JTX-1049 is the video and the Bored Ape Yacht Club V3 is mentioned at 11:07; see also JTX-701, a screen capture of the Bloomberg segment at a point when the RR/BAYC NFT collection is being discussed.)

     **b.     Grounds for Objection**

Paragraph 10, lines 5: 5-11 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that Bloomberg "attributed RR/BAYCs to Yuga Labs." For support, Ms. Muniz states that she "watched the Bloomberg segment" that includes a chart of "Top NFT Collections: Price by volume" (JTX-1049; JTX-701). Ms. Muniz has not established any personal knowledge about what the Bloomberg reporters meant in their statements or in the chart they created.  Additionally, Ms. Muniz has not established that the Bloomberg reporters "attributed RR/BAYCs to Yuga Labs" which is not stated anywhere in the video or chart.  Accordingly, Ms. Muniz's statements lack foundation and are inadmissible under Rule 602.

**10.     Objection to Paragraph 10, lines 5:11-21**

     **a.     Objectionable Testimony**

     The collection referred to in the Bloomberg segment as "Bored Ape Yacht Club V3" is not a Yuga Labs collection; it is Defendants' RR/BAYC NFT collection. I know that because at that same time, OpenSea (one of the most popular secondary marketplaces for NFTs) reflected that RR/BAYC was trading at a higher volume on OpenSea than BAYC (JTX-684 is a screen capture from OpenSea showing RR/BAYC trading volume exceeding BAYC trading volume), and trading volume was an issue Bloomberg was reporting about in the segment that featured the RR/BAYC collection. Defendants were also promoting trading volume on their Twitter accounts (see JTX-683 and JTX-685 for examples of Defendants' Tweets about the trading volume).

     **b.     Grounds for Objection**

     Paragraph 10, lines 5:11-21 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies as to what the unnamed Bloomberg reporters in a news segment meant in JTX-1049 and JTX-701 when they included a chart that lists "Top NFT Collections: Price by volume" that includes "Bored Ape Yacht Club V3." Specifically, the declaration states that the "Bored Ape Yacht Club V3" referenced by Bloomberg "is Defendants' RR/BAYC NFT collection."  Ms. Muniz attempts to support that statement by pointing to OpenSea trading volume (JTX-684) and tweets Defendants made (JTX-683 and JTX-685), but that all is mere speculation.  Ms. Muniz has not established any personal knowledge about what the Bloomberg reporters meant in their statements.  Accordingly, Ms Muniz's statement lacks foundation and is inadmissible under Rule 602.

**11.    Objection to Paragraph 10, lines 5:13-19, JTX-684**

    **a.    Objectionable Testimony**

       I know that because at that same time, OpenSea (one of the most popular secondary marketplaces for NFTs) reflected that RR/BAYC was trading at a higher volume on OpenSea than BAYC (JTX-684 is a screen capture from OpenSea showing RR/BAYC trading volume exceeding BAYC trading volume), and trading volume was an issue Bloomberg was reporting about in the segment that featured the RR/BAYC collection.

    **b.    Grounds for Objection**

       JTX-684 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement used for the truth of the matter asserted.  Specifically, this exhibit includes a post that Ms. Muniz states was made by third-party OpenSea that lists "Top collections over last 24 hours" and has "RR/BAYC" listed second and "Bored Ape Yacht Cl.." listed third. (JTX-684). The declaration uses this exhibit to support the assertion that Bloomberg, was featuring "the RR/BAYC collection" in its segment reporting about NFT trading volume.  Accordingly, the declaration is impermissibly using the exhibit for the truth of the matter asserted that the RR/BAYC collection had a higher trading volume than BAYC.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**12.    Objection to Paragraph 11, lines 5:25-6:2**

    **a.    Objectionable Testimony**

       Each of these managers explained that they handled the situation with their reports, but more than one of them also expressed concern to me that the RR/BAYC collection was problematic because their reports were distracted and felt left out of plans for the company when they heard about a "V3" BAYC collection and saw the RR/BAYC collection on social media and secondary marketplaces.

### b.     Grounds for Objection

Paragraph 11, lines 5:25-6:2, is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements of "reports" made to unknown "managers" for the truth of the matter asserted.  Ms. Muniz testifies that the RR/BAYC NFTs were problematic and that Yuga employees were distracted and felt left out of the planning.  Mr. Muniz uses these out-of-court statements to prove the truth of the matter asserted which is that the RR/BAYC project was "problematic" and that Yuga employees felt "left out" of company operations because of the RR/BAYC project.  *See* Fed. R. Evid. 801. No hearsay exception applies.

### 13.   Objection to Paragraph 12, lines 6:3-4

### a.     Objectionable Testimony

In May 2022, Mr. Ripps began using a BAYC image as his Twitter profile picture.

### b.     Grounds for Objection

Paragraph 12, lines 6:3-4 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that "In May 2022" Mr. Ripps "began using a BAYC image as his Twitter profile."  For support, she cites JTX-132, which shows Mr. Ripps' Twitter page on May 16, 2022.  Ms. Muniz does not establish any personal knowledge, however, about when Mr. Ripps updated his "Twitter profile picture."  There is no information provided to show whether the update occurred before May 2022 and this statement is based solely on a capture of Mr. Ripps's Twitter page.  Accordingly, Ms. Muniz's statement lacks foundation and is inadmissible under Rule 602.

### 14.   Objection to Paragraph 12, lines 6:6-9

### a.     Objectionable Testimony

At some point Mr. Ripps connected his wallet to Twitter which resulted in his profile picture showing a hexagon around the ape, making it look like Mr. Ripps was

1  using a BAYC NFT, even though it was really an RR/BAYC that he was using. (See

2  JTX-857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556 shows a

3  Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his

4  profile picture on Twitter; see also JTX-524.).

5          **b.      Grounds for Objection**

6          Paragraph 12, lines 6:6-9 are inadmissible under Federal Rule of Evidence 602

7  because the testimony is not based on personal knowledge and is speculation.  Ms.

8  Muniz testifies that "Mr. Ripps connected his wallet to Twitter," which updated his

9  profile picture and that it was "an RR/BAYC that he was using" for the picture. For

10  support, Ms. Muniz cites JTX-857, which shows a tweet Mr. Ripps made with a

11  hexagonal profile picture.  Ms. Muniz does not establish any personal knowledge,

12  however, about how Mr. Ripps updated his Twitter profile picture, whether he

13  connected a crypto wallet, and what NFTs he used for the profile picture.  This

14  testimony is mere speculation about what steps Mr. Ripps took.  Accordingly, Ms.

15  Muniz's statement lacks foundation and is inadmissible under Rule 602.

16  **15.     Objection to Paragraph 12, lines 6:9-12**

17          **a.      Objectionable Testimony**

18          (*See* JTX- 857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556

19  shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT

20  as his profile picture on Twitter; *see also* JTX-524.).

21          **b.      Grounds for Objection**

22          Paragraph 12, lines 6:9-12 are inadmissible under Federal Rule of Evidence 602

23  because the testimony is not based on personal knowledge and is speculation.  Ms.

24  Muniz testifies that exhibit JTX-1556 "shows a Twitter user expressing confusion

25  over Mr. Ripps' use of his RR/BAYC NFT as his profile picture on Twitter…" Ms.

26  Muniz, however, does not establish any personal knowledge about how she knows the

27  third-party user's Tweet was a genuine expression of confusion and not sarcasm, a

28

joke, or some other reference.  This testimony is speculation about what the Twitter user meant to express.  Accordingly, Ms. Muniz's statement lacks foundation and is inadmissible under Rule 602.

**16.**   **Objection to Paragraph 12, lines 6:9-12, JTX-1556**

    **a.**   **Objectionable Testimony**

(*See* JTX- 857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556 shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his profile picture on Twitter; *see also* JTX-524.).

    **b.**   **Grounds for Objection**

JTX-1556 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement used for the truth of the matter asserted.  Specifically, this exhibit includes a Tweet made by third-party @Jclineshow that states "I'm confused. The verified profile of Ryder Ripps also has the hexagon…"  This declaration uses this out of court statement for the truth of the matter asserted, that the user was confused, and Ms. Muniz testifies that the exhibit "shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his profile picture…"  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**17.**   **Objection to Paragraph 12, lines 6:9-12, JTX-524**

    **a.**   **Objectionable Testimony**

(*See* JTX- 857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556 shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his profile picture on Twitter; *see also* JTX-524.).

    **b.**   **Grounds for Objection**

JTX-524 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement used for the truth of the matter asserted.  Specifically, this

exhibit includes a Tweet made by third-party @Jclineshow that states "I can't believe of all people @ryder_ripps finally bought a BAYC."  This declaration uses this out of court statement for the truth of the matter asserted, that the user was confused and thought Mr. Ripps bought a BAYC.  Ms. Muniz testifies that the exhibit "shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his profile picture…"  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**18.  Objection to Paragraph 13, lines 6:18-19**

 **a.  Objectionable Testimony**

  They directed their Tweets not just to their followers, but to the NFT community and the Bored Ape Yacht Club members generally.

 **b.  Grounds for Objection**

  Paragraph 13, lines 6:18-19, is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz's testimony about Defendants' intended audience for their Tweets is beyond her knowledge because she has no basis for knowing what Defendants were thinking, nor lays foundation showing that she could tell what Defendants were thinking when they drafted their tweets.  Yuga has failed to lay foundation to support this assertion.

**19.  Objection to Paragraph 13, lines 6:21-24**

 **a.  Objectionable Testimony**

  They also marketed directly to the BAYC community (and those interested in BAYC) using BAYC trademarks in a way that looked like Yuga Labs might be associated with their collection in order to sell their infringing RR/BAYC NFTs.

 **b.  Grounds for Objection**

1    Paragraph 13, lines 6:21-24, is inadmissible under Federal Rule of Evidence

2    602 because the testimony is not based on personal knowledge and is speculation.

3    Ms. Muniz's testimony about Defendants' "marketing" strategy is speculative because

4    she has no basis for knowing what Defendants were thinking, nor lays foundation

5    showing that she could tell what Defendants were thinking when they were promoting

6    RR/BAYC NFTs.  She provides no support for her statement, nor does she show how

7    she would know Defendants' intentions in promoting RR/BAYC NFTs.

8    **20.    Objection to Paragraph 13, lines 6:27-7:3**

9        **a.    Objectionable Testimony**

10   It was also confusing because BAYC NFT holders *do* receive commercial rights

11   from Yuga Labs to use their images, and this fact is something that Yuga Labs is

12   known for innovating in Web3.  Therefore, Mr. Ripps' Tweets about commercial

13   rights in RR/BAYC furthered the confusing association between the RR/BAYC NFTs

14   and BAYC NFTs.

15       **b.    Grounds for Objection**

16   Paragraph 13, lines 6:27-7:3 is objectionable because it is an improper legal

17   conclusion.  A lay witness may not offer legal conclusions.  Fed. R. Evid. 701; 704(a);

18   *Chiate v. Morris*, 972 F.3d 1337 (table), 1992 WL 197591 at *6 (9th Cir. 1992).  The

19   assertion that Mr. Ripps' tweets caused confusion is a legal conclusion.  This is

20   further buttressed by the fact that Ms. Muniz couches her language as a conclusion

21   using the term "[t]herefore" to showcase her conclusion.

22   This testimony is also inadmissible under Federal Rule of Evidence 602

23   because the testimony is not based on personal knowledge and is speculation.  Ms.

24   Muniz's assertion that this particular tweet caused confusion in the market does not

25   derive from any personal knowledge, nor does she provide a basis for how this is

26   within her personal knowledge.  Yuga has failed to lay foundation to support this

27   assertion.

28

**21.   Objection to Paragraph 14, lines 7:25-27; JTX-1029**

    **a.   Objectionable Testimony**

    (*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

    **b.   Grounds for Objection**

    JTX-1029 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @0xQuit that states "The confusion in these comments will be prime evidence in the RR v Yuga case." This declaration uses this out of court statement, believing it to be true, to support Ms. Muniz's testimony that there are "comments showing the confusion." Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**22.   Objection to Paragraph 14, lines 7:25-27; JTX-1030**

    **a.   Objectionable Testimony,**

    (*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

    **b.   Grounds for Objection**

    JTX-1030 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @0xToven replying to @0xQuit that says "I looked on chain and didn't even realize it was RR." The declaration uses this out of court statement, believing it to be true, that the user did not realize the NFT "was RR" and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion." Ms. Muniz's testimony is relying on

the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**23.   Objection to Paragraph 14, lines 7:25-27; JTX-1031**

**a.   Objectionable Testimony**

(*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

**b.   Grounds for Objection**

JTX-1031 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @apeuniverse_eth that says, "What a gold ape sold for 6eth must be a glitch!"  The declaration uses this out of court statement, believing it to be true, that the user thought "a gold ape for 6eth" was a glitch and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion."  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**24.   Objection to Paragraph 14, lines 7:25-27; JTX-1032**

**a.   Objectionable Testimony**

(*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

**b.   Grounds for Objection**

JTX-1032 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @Cryptonidis replying to @0xGem that says, "Something fishy…wtf 6 eth for this golden #BAYC?"  The

1  declaration uses this out of court statement, to prove the truth of the underlying

2  statement, that the user thought "something [was] fishy[]" and was confused, to

3  support Ms. Muniz's statement that there are "comments showing the confusion."

4  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and

5  is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

6  **25.    Objection to Paragraph 14; lines 7:25-27; JTX-1034**

7        **a.    Objectionable Testimony**

8        (*See* JTX-1029 as an example of a Tweet from one of these bots and the

9  comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for

10  more examples of the same.)

11       **b.    Grounds for Objection**

12       JTX-1034 is inadmissible hearsay under Federal Rule of Evidence 802 because

13  it is an out-of-court statement being used for the truth of the matter asserted.

14  Specifically, this exhibit includes a Tweet made by third-party @joergloo replying to

15  @0xGem that says "steel."  The declaration uses this out of court statement, believing

16  it to be true, that the user thought the NFT price was a "steel" and was confused, to

17  support Ms. Muniz's statement that there are "comments showing the confusion."

18  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and

19  is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

20  **26.    Objection to Paragraph 14; lines 7:25-27; JTX-1035**

21       **a.    Objectionable Testimony**

22       (*See* JTX-1029 as an example of a Tweet from one of these bots and the

23  comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for

24  more examples of the same.)

25       **b.    Grounds for Objection**

26       JTX-1035 is inadmissible hearsay under Federal Rule of Evidence 802 because

27  it is an out-of-court statement being used for the truth of the matter asserted.

28

Specifically, this exhibit includes a Tweet made by third-party @NFTBuffet replying to @0xGem that says, "damn i could have afforded this." The declaration uses this out of court statement, believing it to be true, that the user thought the NFT price was a remarkably affordable and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion." Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801. No hearsay exception applies.

**27. Objection to Paragraph 15, lines 8:1-8:3**

**a. Objectionable Testimony**

From my perspective, Defendants were riding the coattails of Yuga Labs' efforts to promote ApeFest by aggressively promoting their infringing NFTs at the same time.

**b. Grounds for Objection**

Paragraph 15, lines 8:1-3 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Ms. Muniz ascribes motive to Defendants "From [her] perspective." Ms. Muniz's own perspective cannot form the basis for knowledge about another person's thoughts and motivations. The declaration provides no basis for how she could have derived this knowledge except through speculation.

**28. Objection to Paragraph 15, lines 5-13**

**a. Objectionable Testimony**

During ApeFest, I received complaints from BAYC members about Twitter "Spaces" (live discussions on Twitter) that Defendants hosted, which they promoted as "Bored Ape Yacht Club" or "BAYC" spaces, but which were about the RR/BAYC NFTs, not the BAYC collection. I understood that BAYC holders who attended these Twitter "Spaces" were upset because they thought they were attending a BAYC community event and were disappointed and frustrated when they realized it was not.

DEFENDANTS' OBJECTIONS TO DECLARATION OF NICOLE MUNIZ

Another fact I took away from these conversations was that these BAYC holders expected Yuga Labs to put a stop to these Spaces.

**b.     Grounds for Objection**

Paragraph 15, lines 8:5-13, of the Muniz Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements of "complaints" from unnamed "BAYC members" for the truth of the matter asserted. Ms. Muniz uses this testimony to prove the substance of these complaints: namely that Defendants held Twitter spaces and that BAYC holders were upset and expected Yuga to stop these spaces. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**29.     Objection to Paragraph 15, lines 8:13-18**

**a.     Objectionable Testimony**

At ApeFest, I also received complaints from at least three BAYC members (known as Jimmy, Captain Trippy, and Cameron) about confusion they believed existed in the market between real Apes and "fake" apes (which they each identified as holders of an RR/BAYC NFT), and their concern that a BAYC NFT was no longer exclusive or as meaningful as a digital identity.

**b.     Grounds for Objection**

Paragraph 15, lines 8:13-18, of the Muniz Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements of "complaints" from three named BAYC members identified only as "Jimmy," "Captain Trippy," and "Cameron" for the truth of the matter asserted.  Ms. Muniz uses this testimony to prove the substance of these complaints: namely that there was confusion in the market between BAYC and the RR/BAYC project and that BAYC members were concerned that their BAYC NFTs lost value as a digital identity. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**30.     Objection to Paragraph 16, lines 8:19-24**

**a.     Objectionable Testimony**

1    Defendants' RR/BAYC NFT collection also impacted Yuga Labs' relationships

2    with at least three businesses: Adidas (a Yuga Labs business partner), Farfetch (a

3    business I was actively negotiating with in May and June 2022), and a high-end

4    international fashion conglomerate. My contact at Adidas called me in May 2022

5    about the RR/BAYC collection and expressed anger and frustration that Yuga Labs

6    had failed to stop the mint of the RR/BAYC NFT collection.

7         **b.    Grounds for Objection**

8         Paragraph 16, lines 8:22-24 is inadmissible hearsay under Federal Rule of

9    Evidence 802 because it is an out-of-court statement being used for the truth of the

10   matter asserted.  Specifically, the declaration states that an unnamed "contact at

11   Adidas" called Ms. Muniz and "expressed anger and frustration that Yuga Labs had

12   failed to stop the mint of the RR/BAYC NFT collection."  The declaration uses this

13   statement for the truth of the matter asserted, namely that an Adidas representative

14   was angry and frustrated with Yuga Labs, to support Ms. Muniz's testimony that

15   "Defendants' RR/BAYC NFT collection also impacted Yuga Labs' relationships with

16   at least three businesses: Adidas…" Ms. Muniz's testimony is relying on the truth of

17   the matter asserted in this out-of-court statement and it is, therefore, hearsay. *See* Fed.

18   R. Evid. 801.  No hearsay exception applies.

19   **31.   Objection to Paragraph 16, lines 8:24-27**

20        **a.    Objectionable Testimony**

21        And, for context, I understood some of the anger arose from the fact that in

22   December 2021, Mr. Ripps had previously stolen from Adidas by creating a copy of

23   the Adidas ape (JTX-123 (Mr. Ripps' copy) and JTX-606 (Adidas' ape)).

24        **b.    Grounds for Objection**

25        Paragraph 16, lines 8:24-27 are inadmissible unfairly prejudicial statements

26   under Federal Rules of Evidence 403.  The unfounded accusation that "Mr. Ripps had

27   previously stolen from Adidas" is inflammatory and does not make any issue in this

28

matter more likely.  Accordingly, any probative value of this statement is substantially outweighed by the prejudice of falsely accusing Mr. Ripps of theft.  This testimony should be excluded.  *See* Fed. R. Evid. 403.

Additionally, paragraph 16, lines 8:24-27 are inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that she "understood some of the anger arose from the fact that in December 2021, Mr. Ripps had previously stolen from Adidas…"  Ms. Muniz, however, does not establish any personal knowledge about how she came to "understand" the source of the unnamed Adidas representative's anger. This testimony is speculation about what the Adidas representative's feelings were and what caused them.  Accordingly, Ms. Muniz's statement lacks foundation and is inadmissible under Rule 602.

**32.   Objection to Paragraph 16, lines 9:7-11**

     **a.   Objectionable Testimony**

I have also negotiated with other brands since the RR/BAYC collection released who decided not to execute a deal with Yuga Labs related to the BAYC brand, but instead chose a different Yuga Labs brand to pair with their own brand, and a reason cited for the choice was that they did not perceive BAYC to be as exclusive as it used to be given the widespread sales of RR/BAYC.

     **b.   Grounds for Objection**

Paragraph 16, lines 9:7-11 is inadmissible hearsay under Federal Rule of Evidence 802 because they are an out-of-court statement being used for the truth of the matter asserted.  Specifically, the declaration states that unnamed "other brands" that Ms. Muniz has negotiated with have chosen non-BAYC brands to partner with and that "a reason cited for the choice was that they did not perceive BAYC to be as exclusive as it used to be given the widespread sales of RR/BAYC."  The declaration uses this statement for the truth of the matter asserted, namely that the unnamed

brands do not perceive BAYC to be exclusive given RR/BAYC sales, to support Ms.

Muniz's testimony that "Defendants' RR/BAYC NFT collection also impacted Yuga

Labs' relationships with at least three businesses …" Ms. Muniz's testimony is relying

on the truth of the matter asserted in this out-of-court statement and it is, therefore,

hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**33.    Objection to Paragraph 17, lines 9:17-23**

> **a.    Objectionable Testimony**

Because I considered this woman a friend, because she had a vested interest in

the success of Yuga Labs, and because she seemed uncomfortable raising her

concerns with me, I realized that other potential investors or partners might have

similar concerns and just choose not to raise those concerns with me and give me a

chance to explain.  I worry about Yuga Labs lost business opportunities because of the

RR-BAYC NFT collection.

> **b.    Grounds for Objection**

Paragraph 17, lines 9:17-23 of the Muniz declaration is inadmissible under

Federal Rule of Evidence 602 because the testimony is not based on personal

knowledge and is speculation.  Ms. Muniz testifies that because one investor raised a

concern, other "potential investors or partners" would share the same concern and

choose not to raise them possibly causing Yuga Labs to lose business opportunities.

The thought processes of "other investors" beyond those of her friend are not within

her knowledge and are the basis of pure speculation.  Yuga Labs did not lay any

foundation showing that Ms. Muniz would have any knowledge of this beyond her

realization which is not sufficient foundation to show personal knowledge.

**34.    Objection to Paragraph 18, lines 9:24-27**

> **a.    Objectionable Testimony**

I was also worried about Defendants' activities because I was aware of their

role in the sale of CryptoPhunks, an NFT collection that uses the same images as

CryptoPunks, but which images face left instead of right, and their creation of a secondary market on which those collections could be trade.

### b.  Grounds for Objection

Paragraph 18, lines 9:24-27 of the Muniz declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that she was worried about Defendants' activities because of their "role in the sale of CryptoPhunks" and "their creation of a secondary market on which those collections could be traded."  Ms. Muniz does not lay any foundation showing that she has any knowledge of Defendants' role in CryptoPhunks or an unnamed secondary market that they created.

## 35.  Objection to Paragraph 19, lines 10:8-12

### a.  Objectionable Testimony

This is because, Defendants kept making limited changes to their sales pages to get them back up. And each time they made a change, they still used the BAYC trademarks to sell the RR/BAYC NFT collection. They had to use Yuga Labs' BAYC trademarks to make the RR/BAYC NFT collection noticeable and attractive to customers.

### b.  Grounds for Objection

Paragraph 19, lines 10:8-12 of the Muniz declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that Defendants made "limited changes" with the motivation of keeping their sales pages up.  She also testifies that Defendants had to use BAYC trademarks to make their own collection noticeable and attractive to customers. Ms. Muniz provides no evidence to support her knowledge of Defendants' mental states and motivations which lie outside of her personal knowledge.  There is no foundation to support her having this personal knowledge.

**36.   Objection to Paragraph 21, lines 10:1-3**

     **a.   Objectionable Testimony**

And at the same time, Defendants were about to launch another ecommerce website, apemarket.com, to allow for secondary sales of RR/BAYC NFTs alongside only BAYC-branded NFTs.

     **b.   Grounds for Objection**

Paragraph 21, lines 10:1-3 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies both that Defendants were about to launch another ecommerce website called apemarket.com and that it was going to allow only RR/BAYC NFTs and BAYC-branded NFTs.  The declaration provides no basis for how this testimony is based on Ms. Muniz's personal knowledge, nor is any foundation laid showing that she could have gathered this knowledge.

**37.   Objection to Paragraph 22, lines 11:9-10**

     **a.   Objectionable Testimony**

However, this too, has had limited success in helping BAYC regain all of its perceived exclusivity.

     **b.   Grounds for Objection**

Paragraph 22 lines 11:9-10 is inadmissible under Federal Rule of Evidence 602 because the evidence is not based on personal knowledge and is speculative.  Ms. Muniz claims that Yuga's marketing has been unsuccessful in "helping BAYC regain all of its perceived exclusivity."  She has not laid the foundation for making that claim or to give reasons for her knowledge that the marketing is outside the scope.

Paragraph 22 lines 11:9-10 is also inadmissible as impermissible expert opinion from a lay witness.  Fed. R. Evid. 701.  This is expert testimony regarding brand equity, specifically the "exclusivity" of the brand which is tied to the brand's value.

Ms. Muniz, as a fact witness cannot give expert opinion on brand equity.  *See* Fed. R. Evid. 701(c).

**38.    Objection to Paragraph 22, lines 11:21-23**

  **a.    Objectionable Testimony**

  Because much of the BAYC brand value is related to the perception of exclusivity, Defendants' possession of these tools continues to injure Yuga Labs by weakening the BAYC brand.

  **b.    Grounds for Objection**

  Paragraph 22 lines 11:21-23 is inadmissible under Federal Rule of Evidence 602 because the evidence is not based on personal knowledge and is speculative.  Ms. Muniz claims that the BAYC brand value has been injured by Defendants' control of various accounts because the BAYC brand is based on exclusivity.  Ms, Muniz does not provide any foundation to show how she has this knowledge beyond speculation of the link between harm to Yuga's brand equity and her allegations.

  Paragraph 22, lines 11:21-23 is also inadmissible as impermissible expert opinion from a lay witness.  Fed. R. Evid. 701.  This is expert testimony regarding brand equity, specifically the "exclusivity" of the brand which is tied to the brand's value.  Ms. Muniz, as a fact witness cannot give expert opinion on brand equity.  *See* Fed. R. Evid. 701(c).

Dated: July 21, 2023

By: /s/  *Louis W. Tompros*
  Louis W. Tompros (*pro hac vice*)
  louis.tompros@wilmerhale.com
  Monica Grewal (*pro hac vice*)
  monica.grewal@wilmerhale.com
  Scott W. Bertulli (*pro hac vice*)
  scott.bertulli@wilmerhale.com
  Tyler Carroll (*pro hac vice*)
  tyler.carroll@wilmerhale.com
  **WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
  60 State Street

Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's EFC system on July 21, 2023.


By: /s/ *Louis W. Tompros*
    Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
    **WILMER CUTLER PICKERING**
      **HALE AND DORR LLP**
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Fax: (617) 526-5000