Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **MR. RIPPS AND MR. CAHEN'S OBJECTIONS TO GREG SOLANO'S DECLARATION OF TRIAL TESTIMONY** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date:  July 31, 2023 |

1  TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF

2  RECORD:

3  PLEASE TAKE NOTICE THAT Defendant Ryder Ripps and Defendant

4  Jeremy Cahen submit the following objections to Greg Solano's Declaration of Trial

5  Testimony ("Solano Declaration").

6  A trial before the court may include direct testimony by declaration but such

7  testimony is subject to both the parties' right to object to the admissibility of the

8  contents of the declaration and to the right to cross-examine the declarant at trial.  *See*

9  *In re Adair*, 965 F.3d 777, 780 (9th Cir. 1992).  To the extent the declarant does not

10  appear at trial, the entire declaration is inadmissible under Federal Rule 43(a). *See In*

11  *re Geller*, 170 B.R. 183, 186 (Bankr. S.D. Fla. 1994) (requiring witness to take the

12  stand in order for a declaration to comply with Fed. R. Civ. P. 43(a)).  A declarant's

13  failure to attend trial also renders the declaration inadmissible hearsay and does not

14  qualify for any hearsay exceptions governing unavailable declarants.  *See* Fed. R.

15  Evid. 804; *Tongil Co. v. Vessel Hyundai Innovator*, 968 F.2d 999, 1000 (9th Cir.

16  1992) (excluding declaration as inadmissible hearsay).

17  Mr. Ripps and Mr. Cahen, subject to the foregoing general objections, submit

18  specific objections to the Solano Declaration as follows:

19  **1.    Objection to Paragraph 12, lines 4:19-21**

20  **a.    Objectionable Testimony**

21  I have personally met many different kinds of people who joined BAYC for

22  different reasons, but one common theme I hear is how their BAYC NFT image

23  resonated with them.

24  **b.    Grounds for Objection**

25  Paragraph 12, lines 1:19-21, of the Solano Declaration is inadmissible hearsay

26  under Federal Rule of Evidence 802 because it relies on out-of-court statements made

27  by third-party NFT collectors to prove the truth of those statements.  Mr. Solano

28

testifies that "one common theme I hear is how their BAYC NFT image resonated with them" without providing any information about the speakers or the context in which they made those statements.  Mr. Solano testifies about these out-of-court statements to prove the that the content of these statements is true—that the Bored Ape Yacht Club images resonated with "many different kinds of people who joint BYAC."  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**2.    Objection to Paragraph 25, footnote 2**

  **a.    Objectionable Testimony**

  Contrary to Mr. Ripps' false claims on Twitter, RR/BAYC NFT owners do not have "100% commercial rights" to use the BAYC NFT images, only BAYC holders have the licensed rights.

  **b.    Grounds for Objection**

  Paragraph 25, footnote 2, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano wrongly testifies that Ryder Ripps claimed that RR/BAYC NFT owners have '100% commercial rights' to use the BAYC NFT images."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states that the words were posted "on Twitter."  Thus, Yuga Labs, Inc. ("Yuga") has failed to show that the testimony in Paragraph 25, footnote 2, is based on personal knowledge or that it is anything more than speculation.

**3.    Objection to Paragraph 27, lines 8:7-15**

  **a.    Objectionable Testimony**

  Orangutan Outreach is also a BAYC NFT holder.  They named their ape Julius and use him on social media as their identity to promote the organization.  They also use the license provided with their BAYC NFT image to create videos and stories about Julius to spread awareness about the situations facing orangutans in Indonesia.

---

But Defendants' infringement puts their mission at risk.  Now someone who bought an infringing NFT from Defendants can use that NFT to display the same Julius image and detract from Orangutan Outreach's mission.  Because of Defendants' scam, Orangutan Outreach is no longer the only one claiming an NFT connected to the Julius ape image.

### b.   Grounds for Objection

Paragraph 27, lines 8:7-15, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about the activities of Orangutan Outreach and suggests that it was the only person or entity with an NFT that pointed to the "Julius ape" prior to the RR/BAYC project.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not provide any explanation for how he could know that the content of his testimony is true.  Mr. Solano also testifies that "Defendants' infringement puts their mission at risk."  This statement is speculative, and the declaration provides no basis on how this testimony is based on Mr. Solano's personal knowledge.  Thus, Yuga has failed to show that the testimony in lines 8:7-15 of Paragraph 27 is based on personal knowledge or that it is anything more than speculation.

### 4.   Objection to Paragraph 28, lines 8:19-22

### a.   Objectionable Testimony

Additionally in contrast to Yuga Labs, and despite their promises to do so, Defendants have not donated any of their ill-gotten royalties to charity. (See JTX-1045, a tweet by Mr. Ripps stating: "all looksrare royalties gained will be donated to a charity.")

### b.   Grounds for Objection

Paragraph 28, lines 8:19-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal

knowledge and is speculation.  Mr. Solano testifies about that "Defendants have not donated any of their ill-gotten gains to charity."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not even attempt to explain how he could know whether his statement is true.  Thus, Yuga has failed to show that the testimony in lines 8:19-22 of Paragraph 28 is based on personal knowledge or that it is anything more than speculation.

**5.     Objection to Paragraph 28, 8:22-24**

　　　**a.     Objectionable Testimony**

Defendants' use of the BAYC brand, while they make false promises to the community, further irreparably harms the BAYC brand and negates the hard work that Yuga Labs has invested in building up the goodwill in the BAYC brand.

　　　**b.     Grounds for Objection**

Paragraph 28, lines 8:22-24, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how the RR/BAYC project "irreparably harms the BAYC brand" and "negates … the goodwill in the BAYC brand."  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**6.     Objection to Paragraph 29, lines 9:1-18**

　　　**a.     Objectionable Testimony**

Yuga Labs has, though, been able to leverage the BAYC brand to secure collaborations and partnerships with other famous brands, such as Adidas, Gucci, MTV, Nike, and Arizona Iced Tea, that feature the BAYC Marks and BAYC NFT images on various products and marketing materials. (*See*, *e.g.*, JTX-1480, excerpted below, which is a tweet with a news article about Gucci taking an "Active Role" in the BAYC Metaverse.)



### b.      Grounds for Objection

Paragraph 29, lines 9:1-18, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third party on Twitter.  Mr. Solano testifies that a Twitter user named @Blockworks_ posted on Twitter "NEWS: Gucci strikes deal with Yuga Labs to help shape metaverse offering" and includes a link to an article in the same tweet.  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that "Yuga Labs has … been able to leverage the BAYC brand to secure collaborations and partnerships with other famous brands such as … Gucci."  *See* Fed. R. Evid. 801.  No hearsay exception applies.

## 7.      Objection to Paragraph 29, lines 9:19-22

### a.      Objectionable Testimony

These partnerships have allowed Yuga Labs to further spread the BAYC brand into new markets and connect with consumers who might not otherwise have been interested in or heard about Yuga Labs' products. Moreover, these partnerships demonstrate the strength and value of the BAYC brand.

### b.    Grounds for Objection

Paragraph 29, lines 9:19-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how "partnerships have … further spread the BAYC brand" and "demonstrate the strength and value of the BAYC brand."  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

### 8.    Objection to Paragraph 29, lines 9:22-25

### a.    Objectionable Testimony

And yet, as Ms. Muniz explains, these deals can be harder to complete than they should be because of Defendants' scam. And I understand from Ms. Muniz that she and others were concerned about what deals we did not receive because of Defendants' infringement.

### b.    Grounds for Objection

Paragraph 29, lines 9:22-25, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "deals can be harder to complete … because of Defendants' infringement."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead confirms that this is information he heard from Nicole Muniz.  The declaration notably does not state that Mr. Solano took any steps to acquire personal knowledge on whether Ms. Muniz's statements were true.  Thus, Yuga has failed to show that the testimony in lines 9:22-25 of Paragraph 29 is based on personal knowledge.

Paragraph 29, lines 9:22-25, of the Solano Declaration is also inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by Ms. Muniz.  Mr. Solano testifies that Ms. Muniz told him that

1   "others were concerned about deals we did not receive because of Defendants'

2   infringement."  Mr. Solano uses this out-of-court statement to prove the truth of the

3   matter asserted by using the statement to argue that others were concerned about deals

4   Yuga did not receive due to the RR/BAYC project.  *See* Fed. R. Evid. 801.  No

5   hearsay exception applies.

6   **9.      Objection to Paragraph 30, lines 9:27-28**

7         **a.      Objectionable Testimony**

8         Even still, it is because of the BAYC brand that Yuga Labs is a leader in the

9   NFT space, and the BAYC NFTs remain some of the most sought after NFTs.

10        **b.      Grounds for Objection**

11        Paragraph 30, lines 9:27-28, of the Solano Declaration is inadmissible under

12  Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

13  brand equity.  Mr. Solano testifies about how "it is because of the BAYC brand that

14  Yuga Labs is a leader in the NFT space, and the BAYC NFTs remain some of the

15  most sought after NFT."  These are improper expert conclusions on brand equity.  Mr.

16  Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion

17  about brand equity.  *See* Fed. R. Evid. 701(c).

18  **10.     Objection to Paragraph 30, lines 10:1-2**

19        **a.      Objectionable Testimony**

20        They are among the highest NFT collections in terms of all-time purchasing

21  volume and sell for a premium relative to nearly all other NFTs.

22        **b.      Grounds for Objection**

23        Paragraph 30, lines 10:1-2, of the Solano Declaration is inadmissible under

24  Federal Rule of Evidence 602 because the testimony is not based on personal

25  knowledge and is speculation.  Mr. Solano testifies about that BAYC NFTs are

26  "among the highest NFT collections in terms of all-time purchasing volume and sell

27  for a premium."  The declaration provides no basis for how this testimony is based on

28

Mr. Solano's personal knowledge.  Thus, Yuga has failed to show that the testimony in lines 10:1-2 of Paragraph 30 is based on personal knowledge or that it is anything more than speculation.

**11.   Objection to Paragraph 31, lines 10:3-5**

       **a.   Objectionable Testimony**

Today, because of the BAYC brand, Yuga Labs is a creative media company shaping the future of web3 through unparalleled storytelling, experiences, and community.

       **b.   Grounds for Objection**

Paragraph 31, lines 10:3-5, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how "because of the BAYC brand, Yuga Labs is a creative media company shaping the future of web3."  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**12.   Objection to Paragraph 34, lines 10:19-22**

       **a.   Objectionable Testimony**

The Defendants' RR/BAYC NFT collection harmed Yuga Labs by causing confusion in the marketplace about the authenticity of RR/BAYC NFTs and diminishing the perceived exclusivity of BAYC NFTs.

       **b.   Grounds for Objection**

Paragraph 34, lines 10:19-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that the RR/BAYC project was "causing confusion" and "diminished the perceived exclusivity of BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's

1   personal knowledge and does not even attempt to explain how he could know whether

2   his statement is true.  Thus, Yuga has failed to show that the testimony in lines 10:19-

3   22 of Paragraph 34 is based on personal knowledge or that it is anything more than

4   speculation.

5   **13.     Objection to Paragraph 35, lines 10:23-27**

6          **a.     Objectionable Testimony**

7          I have reviewed many of Defendants' tweets marketing their infringing NFT

8   collection. Defendants manufactured, marketed, and sold the RR/BAYC NFTs using

9   the BAYC Marks.  For example, JTX-133, a screenshot of a Twitter message with Mr.

10  Ripps, demonstrates that Defendants actively marketed their RR/BAYC NFTs as

11  "Bored Ape Yacht Club" and used Yuga Labs' logo to sell the NFTs.

12         **b.     Grounds for Objection**

13         Paragraph 35, lines 10:23-27, of the Solano Declaration is inadmissible under

14  Federal Rule of Evidence 602 because the testimony is not based on personal

15  knowledge and is speculation.  Mr. Solano testifies that "Defendants manufactured,

16  marketed, and sold the RR/BAYC NFTs using the BAYC Marks."  The declaration

17  provides no basis for how this testimony is based on Mr. Solano's personal knowledge

18  and instead merely states that Mr. Solano "reviewed" tweets and references a private

19  message from $D_oT_{he}M_{ath}$ that Defendants produced in the course of discovery in this

20  litigation.  Thus, Yuga has failed to show that the testimony in lines 10:23-27 of

21  Paragraph 35 is based on personal knowledge.

22         Paragraph 35, lines 10:23-27, is also inadmissible hearsay under Federal Rule

23  of Evidence 802 because it relies on out-of-court statements made by a third party.

24  Mr. Solano testifies that an anonymous user named $D_oT_{he}M_{ath}$ sent a message that Mr.

25  Solano claims confirms that the RR/BAYC project was marketed using the term

26  "Bored Ape Yacht Club."  Mr. Solano uses this out-of-court statement to prove the

27  truth of the matter asserted by using the statement to argue that the RR/BAYC project

28

1   was marketed with the term "Bored Ape Yacht Club."  *See* Fed. R. Evid. 801.  No

2   hearsay exception applies.

3   **14.    Objection to Paragraph 35, lines 11:2-3.**

4           **a.    Objectionable Testimony**

5       Defendants piggybacked off the popularity of the BAYC brand and profited

6   from Yuga Labs' success.

7           **b.    Grounds for Objection**

8       Paragraph 35, lines 11:2-3, of the Solano Declaration is inadmissible under

9   Federal Rule of Evidence 602 because the testimony is not based on personal

10  knowledge and is speculation.  Mr. Solano testifies that "Defendants piggybacked off

11  the popularity of the BAYC brand."  The declaration provides no basis for how this

12  testimony is based on Mr. Solano's personal knowledge and is merely made after

13  referencing hearsay statements and vague claims of having "reviewed" tweets.  Thus,

14  Yuga has failed to show that the testimony in lines 11:2-3 of Paragraph 35 is based on

15  personal knowledge.

16  **15.    Objection to Paragraph 36, lines 11:4-9**

17          **a.    Objectionable Testimony**

18      In total, Defendants produced 9,546 RR/BAYC NFTs, which are now in the

19  market causing confusion and diminishing the perceived exclusivity of BAYC NFTs.

20  Every single one of Defendants' NFT sales used the BAYC Marks, and many of the

21  associated images contained in the BAYC Marks.  (See, e.g., JTX-687, an image

22  taken from rrbayc.com showing RR/BAYC NFT #362; JTX-688, an image taken from

23  rrbayc.com showing RR/BAYC NFT #863.)

24          **b.    Grounds for Objection**

25      Paragraph 36, lines 11:4-9, of the Solano Declaration is inadmissible under

26  Federal Rule of Evidence 602 because the testimony is not based on personal

27  knowledge and is speculation.  Mr. Solano testifies that "Defendants produced 9,546

28

RR/BAYC NFTs" and that they are "causing confusion and diminishing the perceived exclusivity of BAYC NFTs" and that "every single" sale used BAYC Marks.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely cites to documents produced during discovery in this litigation.  Thus, Yuga has failed to show that the testimony in lines 11:4-9 of Paragraph 36 is based on personal knowledge or that it is anything more than speculation.

**16.    Objection to Paragraph 37, lines 11:12-14**

> **a.    Objectionable Testimony**

Defendants tested demand for their RR/BAYC NFT collection in December 2021, when they copied the BAYC NFT image that our partner, Adidas, uses, and then went on to brag about it on Twitter.

> **b.    Grounds for Objection**

Paragraph 37, lines 11:12-14, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants tested demand for their RR/BAYC NFT collection in December 2021."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how Solano came to the conclusion that Defendants' "tested demand" in December 2021.  Thus, Yuga has failed to show that the testimony in lines 11:12-14 of Paragraph 37 is based on personal knowledge or that it is anything more than speculation.

**17.    Objection to Paragraph 37, lines 11:14-20**

> **a.    Objectionable Testimony**

Then, when they launched their RR/BAYC NFT collection in May 2022, they named their collection Bored Ape Yacht Club on the Ethereum blockchain (the same blockchain on which BAYC NFTs exist), they listed the symbol for their collection on the Ethereum blockchain for their collection as BAYC (the same symbol as BAYC

NFTs), and they set their collection to be limited to 10,000 NFTs (the exact same number of NFTs that existed in the BAYC NFT collection). (See JTX-600.)

### b.     Grounds for Objection

Paragraph 37, lines 11:14-20, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third-party website.  Mr. Solano testifies about the contents of a webpage regarding a collection name, location, symbol, and token cap and then cites to the webpage as JTX-600 in support of those statements.  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the RR/BAYC project had a particular collection name, location symbol, and token cap.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

## 18.     Objection to Paragraph 37, lines 11:20-23

### a.     Objectionable Testimony

They even named each of their infringing NFTs with the same numbers from our BAYC numbering system (i.e. the Ape ID number), even though these numbers did not correspond to how the images appear in the infringing collection.

### b.     Grounds for Objection

Paragraph 37, lines 11:20-23, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that the RR/BAYC NFTs had "the same numbers … i.e. the Ape ID number."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how Solano came to the conclusion that RR/BAYC NFTs use the same numbering system of BAYC NFT.  Thus, Yuga has failed to show that the testimony in lines 11:20-23 of Paragraph 37 is based on personal knowledge or that it is anything more than speculation.

**19.     Objection to Paragraph 38, lines 11:26-12:3**

      **a.     Objectionable Testimony**

Of course, the RR/BAYC NFTs are not the first scam Defendants have run, nor are they likely to be the last—unless they are severely enjoined from their infringement.  When I first searched for Ryder Ripps on Google, the most prominent search result that I saw was an article about how Ripps lied about creating a logo for the CIA. He then used this lie about being connected to the CIA to promote a CIA branded NFT and sold that NFT for thousands of dollars.

      **b.     Grounds for Objection**

Paragraph 38, lines 11:26-12:3, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by an undisclosed publisher of an unidentified article.  Mr. Solano testifies that the article accused Mr. Ripps of having "lied about creating a logo for the CIA" and promoting a "CIA-branded NFT."  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that Mr. Ripps lied about creating a logo for the CIA and promoted a CIA-branded NFT and Mr. Solano further uses the statement to argue that Mr. Ripps has engaged in scams in the past.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

Paragraph 38, lines 11:26-12:3, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps has committed past scams and then accuses Mr. Ripps of telling lies about branding the CIA.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states that he read this information from some unidentified article.  Thus, Yuga has failed to show that the testimony in lines 11:26-12:3 of Paragraph 38 is based on personal knowledge or that it is anything more than speculation.

**20.     Objection to Paragraph 38, lines 12:3-11**

    **a.     Objectionable Testimony**

And before the RR/BAYC NFTs, Defendants were known for a scam that involved marketing and selling Cryptophunks NFTs, which are slightly modified versions of Cryptopunks, another popular NFT collection (which Yuga Labs acquired in March 2022). At the time Defendants became involved with the Cryptophunks scam, Cryptopunks were one of the top selling NFT collections, just as BAYC was one of the top sellers when Defendants targeted Yuga Labs. Like the RR/BAYC NFTs, Ripps' promotion of Cryptophunks was a for-profit scam. And, like the RR/BAYC NFTs, Defendants created a secondary marketplace on which to trade those NFTs.

    **b.     Grounds for Objection**

Paragraph 38, lines 12:3-11, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano wrongly testifies that Defendants were "involved with marketing and selling Cryptophunks NFTs" and further testifies that Defendants' created a "for-profit" marketplace.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge. Thus, Yuga has failed to show that the testimony in lines 12:3-11 of Paragraph 38 is based on personal knowledge or that it is anything more than speculation.

**21.     Objection to Paragraph 38, lines 12:11-13**

    **a.     Objectionable Testimony**

In a video posted to Twitter, Mr. Ripps even admitted his belief that NFTs are a scam and boasted that his Cryptophunks scam made $80 million. (*See* JTX-1028.)

    **b.     Grounds for Objection**

Paragraph 38, lines 12:11-13, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal

knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps posted a video and stated that CryptoPhunks was a scam that made $80 million.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead refers to an exhibit of a cropped video that was producing during discovery in this litigation.  Thus, Yuga has failed to show that the testimony in lines 12:11-13 of Paragraph 38 is based on personal knowledge or that it is anything more than speculation.

22.    **Objection to Paragraph 39, lines 12:14-16**

      a.    **Objectionable Testimony**

Defendants timed the production and sale of their infringing RR/BAYC NFTs to capitalize on the success of the BAYC Marks and Yuga Labs' advertising about the BAYC brand in anticipation of its second annual ApeFest.

      b.    **Grounds for Objection**

Paragraph 39, lines 12:14-16, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants timed the production and sale" of the RR/BAYC project "to capitalize on … the second annual ApeFest."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not explain how Mr. Solano could know about Defendants' mental state regarding why and when they accepted commissions for RR/BAYC NFTs.  Thus, Yuga has failed to show that the testimony in lines 12:14-16 of Paragraph 39 is based on personal knowledge or that it is anything more than speculation.

23.    **Objection to Paragraph 40, lines 13:2-5**

      a.    **Objectionable Testimony**

And based on my review of excerpts from Defendants' private Discord chat titled "Team Ape Market" (JTX-801), revealed that Mr. Ripps wanted to promote

RR/BAYC NFTs to ApeFest attendees during ApeFest.  (*See* JTX-23, excerpted below.)

### b.      Grounds for Objection

Paragraph 40, lines 13:2-5, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Mr. Ripps wanted to promote RR/BAY NFTs to ApeFest attendees during ApeFest."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how he could possibly have personal knowledge regarding Mr. Ripps's mental state.  Instead, the declaration states that the testimony is based on "review of excerpts from Defendants' private Discord chat."  Thus, Yuga has failed to show that the testimony in lines 13:2-5 of Paragraph 40 is based on personal knowledge or that it is anything more than speculation.

### 24.    Objection to Paragraph 40, lines 13:14-15

### a.      Objectionable Testimony

A Twitter user even observed how Mr. Ripps chose to market his RR/BAYC NFTs to coincide with major BAYC events. (*See* JTX-1274.)

### b.      Grounds for Objection

Paragraph 40, lines 13:14-15, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third-party on Twitter.  Mr. Solano testifies that @0xBender (who is an anonymous user on Twitter) stated on Twitter that RR/BAYC marketing coincide with BAYC events and then cites to a video of a post from the anonymous Twitter user.  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement argue that RR/BAYC marketing coincided major BAYC events.  *See* Fed. R. Evid. 801.  No hearsay exception applies

**25.   Objection to Paragraph 41, lines 13:16-18**

    **a.   Objectionable Testimony**

Publicly and privately, Defendants admitted that they were trying to bring down Yuga Labs as a company and their method of attack was to infringe on Yuga Labs' most important brand, BAYC.

    **b.   Grounds for Objection**

Paragraph 41, lines 13:16-18, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants "publicly and privately" admitted that they were trying to take down Yuga by infringing Yuga's marks.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how he could have personal knowledge of what Defendants "privately" have said.  Thus, Yuga has failed to show that the testimony in lines 13:16-18 of Paragraph 41 is based on personal knowledge or that it is anything more than speculation.

**26.   Objection to Paragraph 42, lines 13:22-25**

    **a.   Objectionable Testimony**

Time and time again, Defendants used the BAYC Marks to sell identical-looking NFTs in the exact same markets that Yuga Labs' BAYC NFTs are sold. (*See* JTX-29, RR/BAYC on OpenSea; JTX-137, RR/BAYC on LooksRare, and JTX-670, RR/BAYC on Foundation (excerpted below).)

    **b.   Grounds for Objection**

Paragraph 42, lines 13:22-25, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by third-party websites.  Mr. Solano testifies that Defendants sold "identical looking NFTs in the exact same markets that Yuga Labs' BAYC NFTs are sold" and then cites to various third-party websites.  Mr. Solano uses this this out-of-court statement to

prove the truth of the matter asserted by using the statement argue that RR/BAYC NFTs were available for sale on those websites. *See* Fed. R. Evid. 801. No hearsay exception applies

Paragraph 42, lines 13:22-25, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that Defendants sold "identical looking NFTs in the exact same markets that Yuga Labs' BAYC NFTs are sold." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge. Thus, Yuga has failed to show that the testimony in lines 13:22-25 of Paragraph 42 is based on personal knowledge or that it is anything more than speculation.

**27.    Objection to Paragraph 42, lines 14:12-22**

**a.    Objectionable Testimony**

In the case of OpenSea and LooksRare NFT marketplaces, Defendants used the BAYC Marks to sell their scam NFTs alongside authentic Yuga Labs BAYC NFTs, as shown in JTX-686 (excerpted below), which provides a side-by-side comparison of the sales pages for BAYC #1058 and RR/BAYC #1058 on OpenSea.



(*See also* JTX-611, Yuga Labs' BAYC sales page on OpenSea.)

**b.    Grounds for Objection**

Paragraph 42, lines 14:12-22, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by third-party websites. Mr. Solano testifies that Defendants sold their "NFTs alongside authentic Yuga Labs BAYC NFTs" and then cites to third party websites on

OpenSea and LooksRare and references a snip of what appears to be two NFT listings. Mr. Solano uses these this out-of-court statements to prove the truth of the matter asserted by using the statements argue that RR/BAYC NFTs were available for sale on those websites.  *See* Fed. R. Evid. 801.  No hearsay exception applies

Paragraph 42, lines 14:12-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants sold their "NFTs alongside authentic Yuga Labs BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how he could possibly know that those third-party website listing were created by Defendants and not by somebody else (given that literally anyone can put up a listing on websites like OpenSea). Thus, Yuga has failed to show that the testimony in lines 14:12-22 of Paragraph 42 is based on personal knowledge or that it is anything more than speculation.

**28.     Objection to Paragraph 43, lines 15:11-15**

**a.     Objectionable Testimony**

Around the same time, a Google search of "BAYC Foundation.app" resulted in a link entitled "Bored Ape Yacht Club – Foundation.app" that redirected to Defendants' Foundation sales page. (*See* JTX-677.) So, when consumers were searching for our authentic BAYC NFTs, they would be taken to Defendants' infringing page.

**b.     Grounds for Objection**

Paragraph 43, lines 15:11-13, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third-party website.  Mr. Solano testifies that "a Google search of 'BAYC Foundation.app' resulted in a link entitled 'Bored Ape Yacht Club – Foundation.app'" and then cites to the webpage itself.  Mr. Solano uses these this out-of-court

1  statements to prove the truth of the matter asserted by using the statements argue that

2  a Google search would lead to a page entitled "Bored Ape Yacht Club –

3  Foundation.app."  *See* Fed. R. Evid. 801.  No hearsay exception applies

4       Paragraph 43, lines 15:11-15, of the Solano Declaration is inadmissible under

5  Federal Rule of Evidence 602 because the testimony is not based on personal

6  knowledge and is speculation.  Mr. Solano testifies that "a Google search of 'BAYC

7  Foundation.app' resulted in a link entitled 'Bored Ape Yacht Club – Foundation.app'"

8  and then cites to the webpage itself.   Mr. Solano further testifies that consumers

9  searching for BAYC NFTs would be taken to the wrong Foundation page. The

10  declaration provides no basis for how this testimony is based on Mr. Solano's

11  personal knowledge or how he could know that consumers were searching for a

12  Foundation page for BAYC NFT.  Thus, Yuga has failed to show that the testimony in

13  lines 15:11-15 of Paragraph 43 is based on personal knowledge or that it is anything

14  more than speculation.

15  **29.    Objection to Paragraph 44, lines 15:18-24**

16       **a.    Objectionable Testimony**

17       Defendants also misleadingly labeled the NFT smart contract and token tracker

18  for their Counterfeit NFTs as "Bored Ape Yacht Club (BAYC)." Even if consumers

19  went beyond the marketplace and looked to the RR/BAYC NFT smart contract, they

20  would still be confused, as the contract leads with Yuga Labs' trademarks in the

21  infringing token tracker name. (*See*, *e.g.*, JTX-117.) They even placed the BAYC

22  Logo at the top of the webpage they used to manufacture RR/BAYC NFTs. (*See* JTX-

23  171.)

24       **b.    Grounds for Objection**

25       Paragraph 44, lines 15:18-24, of the Solano Declaration is inadmissible under

26  Federal Rule of Evidence 602 because the testimony is not based on personal

27  knowledge and is speculation.  Mr. Solano testifies that Defendants "labeled the NFT

28

smart contract and token tracker … as 'Bored Ape Yacht Club (BAYC)," that consumers looking at the token tracker would be confused, and that Defendants "placed the BAYC Logo" on the top of a webpage that it cited in the paragraph as JTX-171.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not explain how Mr. Solano could know (1) what Defendants did or did not label, (2) if any consumers were confused, (3) whether Defendants actually placed the logo on the website in JTX-171, and (4) whether the website in JTX-171 was actually used to "manufacture RR/BAYC NFTs."  Thus, Yuga has failed to show that the testimony in lines 15:18-24 of Paragraph 44 is based on personal knowledge or that it is anything more than speculation.

**30.     Objection to Paragraph 45, lines 15:25-16:1**

        **a.     Objectionable Testimony**

        Worse still, by promoting another infringer's NFT contract on Twitter, Mr. Ripps encouraged others to use Yuga Labs' trademarks and copy Yuga Labs' BAYC and MAYC NFTs. As Mr. Ripps stated, this NFT contract was a "supported offshoot" of Mr. Ripps' own infringing conduct. (*See* JTX-841.)

        **b.     Grounds for Objection**

        Paragraph 45, lines 15:25-16:1, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps was "promoting another infringer's NFT contract on Twitter."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely cites to an exhibit where Mr. Ripps is actually disclaiming a collection that was mimicking the RR/BAYC project.  Thus, Yuga has failed to show that the testimony in lines 15:25-16:1 of Paragraph 45 is based on personal knowledge.

**31.     Objection to Paragraph 46, lines 16:6-11**

      **a.     Objectionable Testimony**

      Defendants also targeted the same consumers as Yuga Labs to divert profit from Yuga Labs to themselves. For example, they used the BAYC Marks to market RR/BAYC NFTs on Twitter, which is the most popular platform to promote and discuss NFTs, and where Yuga Labs promotes and sells its own NFTs. (*See* JTX-696 for examples of Defendants marketing RR/BAYC NFTs through their ApeMarket Twitter account.)

      **b.     Grounds for Objection**

      Paragraph 46, lines 16:6-11, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants also targeted the same consumers as Yuga Labs" because they made posts on "Twitter."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not explain how the mere use of Twitter could result in personal knowledge that Defendants "targeted" BAYC consumers.  Thus, Yuga has failed to show that the testimony in lines 16:6-11 of Paragraph 46 is based on personal knowledge.

**32.     Objection to Paragraph 48, lines 17:25-18:1**

      **a.     Objectionable Testimony**

      For example, they included Yuga Labs' BAYC Marks in the sites' favicons (i.e. browser tab images). (*See*, *e.g.*, JTX-94, JTX-95, below.)

      **b.     Grounds for Objection**

      Paragraph 48, lines 17:25-18:1, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants "included Yuga Labs' BAYC marks on the sites' favicons."  The declaration provides no basis for

1   how this testimony is based on Mr. Solano's personal knowledge and does not explain

2   how Mr. Solano could possibly know who placed favicons on a website and whether

3   action ever had anything to do with the Defendants.  Thus, Yuga has failed to show

4   that the testimony in lines 17:25-18:1 of Paragraph 48 is based on personal knowledge

5   and is not speculation.

6   **33.   Objection to Paragraph 49, lines 18:8-19**

7       **a.   Objectionable Testimony**

8           Defendants also used the BAYC Marks to promote their own secondary

9   marketplace to sell Yuga Labs NFTs: Ape Market, which they said would be available

10  through the apemarket.com domain. To use Ape Market, Defendants said that

11  consumers would be required to purchase one of Defendants' RR/BAYC NFTs—each

12  of which uses Yuga Labs' BAYC Marks—encouraging further sales and profit for

13  Defendants. And Defendants even targeted this marketplace at Yuga Labs NFT

14  holders to harm Yuga Labs, directing their marketing to the "Yuga community." (See

15  JTX-697.) Based on Defendants' promotion of Ape Market (JTX-696) and my review

16  of the webpages generated by running the source code for the planned

17  ApeMarket.com website (JTX-806 - JTX-809), Defendants intended to allow BAYC

18  NFT holders to sell their authentic Yuga Labs NFTs right next to RR/BAYC NFTs.

19  (*See*, *e.g.*, JTX-808, excerpted below.)

20      **b.   Grounds for Objection**

21          Paragraph 49, lines 18:8-19, of the Solano Declaration is inadmissible under

22  Federal Rule of Evidence 602 because the testimony is not based on personal

23  knowledge and is speculation.  Mr. Solano testifies that Defendants promoted a

24  secondary marketplace that require users to own a RR/BAYC NFT and that

25  Defendants "intended to allow BAYC holders to sell their authentic Yuga Labs NFTs

26  right next to RR/BAYC NFTs."  The declaration provides no basis for how this

27  testimony is based on Mr. Solano's personal knowledge and instead merely states that

28

Mr. Solano conducted a "review" of source code produced by a third-party during discovery in this litigation to purportedly acquire personal knowledge regarding Defendants' mental state.  Thus, Yuga has failed to show that the testimony in lines 18:8-19 of Paragraph 49 is based on personal knowledge and is not speculation.

**34.     Objection to Paragraph 50, lines 19:14-19**

**a.     Objectionable Testimony**

I understand Thomas Lehman warned Defendants that this exact design would confuse consumers. (JTX-1.) Defendants have described Mr. Lehman as one of their partners in manufacturing the RR/BAYC NFTs. My understanding from his communications with Defendants and his admissions to the court in New York is that he knew this design and the RR/BAYC NFTs used Yuga Labs' marks and would confuse consumers.

**b.     Grounds for Objection**

Paragraph 50, lines 19:14-19, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Lehman "warned" Defendants regarding the design of ApeMarket.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states "I understand" without explaining what that "understanding" is based on.  Mr. Solano also states that his testimony is based on communications produced in the course of discovery in this litigation and Mr. Lehman's settlement-procured declaration which was signed under coercion.  Thus, Yuga has failed to show that the testimony in lines 19:14-19 of Paragraph 50 is based on personal knowledge.

This testimony (including JTX-1) is also inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercion.  The statements made in that declaration are, therefore,

unreliable.  Ms. Solano's testimony restating the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues.  The testimony and corresponding exhibit should, therefore, be excluded.  *See* Fed. R. Evid. 403.

**35.    Objection to Paragraph 51, lines 19:20-25**

      **a.    Objectionable Testimony**

And based on my review of the Team Ape Market Discord chat (JTX-801), the Defendants' design of Ape Market was an attempt to make people trust their scam marketplace by associating it with Yuga Labs and the consumer trust the BAYC brand has built up through years of work. (See also JTX-114, a private conversation between Defendants in which Mr. Ripps considers buying Yuga Labs NFTs to list on Ape Market "so people trust it?").

      **b.    Grounds for Objection**

Paragraph 51, lines 19:20-25, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about Defendants "attempt to make people trust their scam marketplace by associating it with Yuga Labs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely states that the testimony is based on Mr. Solano's "review" of a private chat produced during discovery in this litigation.  The declaration also does not explain how Mr. Solano could possibly have personal knowledge regarding Defendants' mental state on what they were trying or not trying to do.  Thus, Yuga has failed to show that the testimony in lines 19:20-25 of Paragraph 51 is based on personal knowledge and is not speculation.

**36.    Objection to Paragraph 52, lines 20:1-18**

    **a.    Objectionable Testimony**

Their use of Ape Market to market RR/BAYC NFTs and profit off of the BAYC brand was obvious from their Twitter posts and design of Ape Market. (*See, e.g.*, JTX-808.) But, I believe their internal chats also confirm this:



Pauly Shore  30-May-22 12:58 PM
Goal: mint out the remainder of the collection + incentivize people to use the marketplace, specifically the BAYC original side
I think it would be very good to create a simple slide that shows the royalty structure with some of or RR/BAYC design elements
- .69% royalties or whatever percent we decide
- Anyone who owns a rr/bayc can use the marketplace
- fat finger protection / floor reserve (edited)
- price increase (edited)

(JTX-801.00185, excerpted above.) Defendants had also learned from their experience in participating in the infringing Cryptophunks NFTs and marketplace scam that they needed unconventional marketing to "build up hype" and discussed building that hype for RR/BAYC NFTs by doing "an event" with an influencer, having a raffle, or giving away free RR/BAYC NFTs. (*See* JTX 801-00198.) Mr. Cahen even went so far as to reserve "the bored and hungry ape" in the RR/BAYC NFT collection (Bored & Hungry is a company that uses their license to a BAYC image in their branding). *Id.* He also proposed that Defendants should "buy the bored and hungry ape," set up a hotdog stand in front of the Bored & Hungry restaurant, and then hire an actor to "stage an arrest" in front of Bored & Hungry. *Id.*

    **b.    Grounds for Objection**

Paragraph 52, lines 20:1-18, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how Defendants "internal chats confirm" that Defendants' intended to "profit off the BAYC brand" and that Mr. Cahen "reserve[d] the bored and hungry ape" and proposed to "stage an arrest."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely states that the testimony is based on Mr. Solano's analysis of private "internal chats" produced during discovery in this litigation.  The

1  declaration also does not explain how Mr. Solano could possibly have personal

2  knowledge regarding Defendants' mental state regarding the purposes of the

3  RR/BAYC project.  Thus, Yuga has failed to show that the testimony in lines 20:1-18

4  of Paragraph 52 is based on personal knowledge and is not speculation.

5  **37.      Objection to Paragraph 53, lines 20:22-26**

6          **a.      Objectionable Testimony**

7          From my review of Defendants' posts on Twitter and conversations with

8  confused BAYC NFT holders, Defendants also hosted Twitter Spaces where

9  participants would have live audio conversations about NFTs. The title of some of

10  these forums used the BAYC Marks, which enticed consumers, who were confused

11  about what Defendants were selling, to engage in those discussions.

12          **b.      Grounds for Objection**

13          Paragraph 53, lines 20:22-26, of the Solano Declaration is inadmissible hearsay

14  under Federal Rule of Evidence 802 because it relies on out-of-court statements made

15  by a third party on Twitter.  Mr. Solano testifies that "Defendants' also hosted Twitter

16  Space" and stated that the testimony is based on his "conversations with confused

17  BAYC NFT holders" that Mr. Solano does not identify.  Mr. Solano uses these out-of-

18  court statements to prove the truth of the matter asserted by using the statement to

19  argue that Defendants hosted Twitter Spaces.  *See* Fed. R. Evid. 801.  No hearsay

20  exception applies.

21          Paragraph 53, lines 20:22-26, of the Solano Declaration is inadmissible under

22  Federal Rule of Evidence 602 because the testimony is not based on personal

23  knowledge and is speculation.  Mr. Solano testifies about how Defendants "hosted

24  Twitter Spaces."  The declaration provides no basis for how this testimony is based on

25  Mr. Solano's personal knowledge and instead states that the testimony is based on Mr.

26  Solano's "review of Defendants' posts on Twitter" and inadmissible hearsay

27  statements from anonymous BAYC holders.  Thus, Yuga has failed to show that the

28

testimony in lines 20:22-26 of Paragraph 53 is based on personal knowledge and is not speculation.

**38.   Objection to Paragraph 54, lines 21:1-4**

 **a.   Objectionable Testimony**

 Defendants even used a similar price point to sell RR/BAYC NFTs—around 0.1 to 0.15 ETH per NFT. At the time, this amounted to approximately $200 per NFT. This is about the same value as BAYC's original 0.08 ETH BAYC price, which was approximately $169 to $236 when we initially sold them.

 **b.   Grounds for Objection**

 Paragraph 54, lines 21:1-4, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how the commission for RR/BAYC NFTs and compares that with the price for BAYC NFTs a whole year before the RR/BAYC project was released.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge.  Thus, Yuga has failed to show that the testimony in lines 21:1-4 of Paragraph 54 is based on personal knowledge.

**39.   Objection to Paragraph 55, lines 21:7-12**

 **a.   Objectionable Testimony**

 The result of all this confusion and infringement was a windfall of over $1.5 million to Defendants. As Mr. Ripps testified, he made more money in 2022 by selling copycat BAYC NFTs than he made the previous year through his various other business ventures. And in the market, RR/BAYC NFT sales totaled more than $10 million in volume, all money exchanged on the back of Yuga Labs and its hard work to build the BAYC brand.

### b.     Grounds for Objection

Paragraph 55, lines 21:7-12, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about that Defendants made "over $1.5 million" and that RR/BAYC NFTs had "more than $10 million in volume."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead makes these declarations without articulating any support.  Thus, Yuga has failed to show that the testimony in lines 21:7-12 of Paragraph 55 is based on personal knowledge.

Paragraph 55, lines 21:7-12, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding damages, remedies, and economics/marketing analysis.  Mr. Solano testifies about how the Defendants' profits and the RR/BAYC project's total volume.  These are improper expert conclusions on damages, remedies, and economics/market analysis.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about damages, remedies, and economics/market analysis.  *See* Fed. R. Evid. 701(c).

### 40.     Objection to Paragraph 59, lines 22:13-17

### a.     Objectionable Testimony

BAYC NFTs are no longer perceived as an exclusive product, and they have become associated with caustic people. Therefore, it is important to destroy, where feasible, the RR/BAYC NFTs so that BAYC NFTs can once again be perceived as exclusive products coming from Yuga Labs.

### b.     Grounds for Objection

Paragraph 59, lines 22:13-17, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how "BAYC NFTs are no

1   longer perceived as an exclusive product, and they have been associated with caustic

2   people."  The declaration provides no basis for how this testimony is based on Mr.

3   Solano's personal knowledge and instead makes this statement without articulating

4   any support.  Thus, Yuga has failed to show that the testimony in lines 22:13-17 of

5   Paragraph 59 is based on personal knowledge.

6        Paragraph 59, lines 22:13-17, of the Solano Declaration is inadmissible under

7   Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

8   brand equity.  Mr. Solano testifies about how "BAYC NFTs are no longer perceived

9   as an exclusive product, and they have been associated with caustic people" and that

10  destruction of RR/BAYC NFTs is necessary "so that BAYC NFTs can once again be

11  perceived as exclusive products coming from Yuga Labs."  These are improper expert

12  conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion

13  and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

14  **41.    Objection to Paragraph 60, lines 22:18-19**

15       **a.    Objectionable Testimony**

16       I understand that Defendants want to blame other third parties for the harm to

17  Yuga Labs' goodwill.

18       **b.    Grounds for Objection**

19       Paragraph 60, lines 22:18-19, of the Solano Declaration is inadmissible under

20  Federal Rule of Evidence 602 because the testimony is not based on personal

21  knowledge and is speculation.  Mr. Solano testifies about how "Defendants want to

22  blame other third parties for the harm to Yuga Labs' goodwill."  The declaration

23  provides no basis for how this testimony is based on Mr. Solano's personal knowledge

24  and instead states "I understand" without explaining what that "understanding" is

25  based on.  The declaration also does not explain how Mr. Solano could possibly have

26  personally knowledge about Defendants' mental state regarding what they want or

27

28

don't want to do.  Thus, Yuga has failed to show that the testimony in lines 22:18-19 of Paragraph 60 is based on personal knowledge.

**42.   Objection to Paragraph 62, lines 23:2-4**

    **a.   Objectionable Testimony**

From my review of Defendants' Twitter posts during the course of this litigation, Defendants have made clear that their infringement will not stop unless the Court orders a significant injunction.

    **b.   Grounds for Objection**

Paragraph 62, lines 23:2-4, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is not lay opinion.  Mr. Solano testifies about what relief the Court should grant and what Mr. Solano believes to be an appropriate remedy. These are not statements "rationally based on the witness's perception" and are not "helpful to clearly understanding the witness's testimony or determining a fact in issue."  Fed. R. Evid. 701(a)-(b).

Paragraph 62, lines 23:2-4, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants have "made clear" that they will not stop their alleged infringement absent an injunction.   This statement is speculative, and the declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge.  Instead, the declaration simply states that the testimony is based on Mr. Solano's "review" of Twitter posts during the course of litigation.  Thus, Yuga has failed to show that the testimony in lines 23:2-4 of Paragraph 62 is not speculation.

Paragraph 62, lines 23:2-4, of the Solano Declaration is also inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements on Twitter.  Mr. Solano testifies that Defendants' have stated that they will not stop their infringement absent an injunction.  Mr. Solano uses this out-of-court

1  statement to prove the truth of the matter asserted by using the statement to argue that

2  Defendants will not stop their infringement unless there is an injunction.  *See* Fed. R.

3  Evid. 801.  No hearsay exception applies.

**43.  Objection to Paragraph 63, lines 23:15-17**

    **a.  Objectionable Testimony**

I reviewed the responses to this Tweet and others like it and saw the message

stating that "I looked on chain and didn't even realize it was RR." (*See* JTX-1030.)

    **b.  Grounds for Objection**

Paragraph 63, lines 23:15-17, of the Solano Declaration is inadmissible hearsay

under Federal Rule of Evidence 802 because it relies on out-of-court statements

posted by a Twitter user named @0xToven. Mr. Solano testifies that this anonymous

Twitter user stated "I looked on chain and didn't even realize it was RR" and then

cites to the post without providing any identifying information about the speaker or

any context.  Mr. Solano testifies about this out-of-court statement to prove the truth

of the matter asserted by using the statement to incorrectly argue that @0xToven

didn't realize that the bot @Gembot was reporting an RR/BAYC NFT. *See* Fed. R.

Evid. 801.  No hearsay exception applies.

**44.  Objection to Paragraph 63, lines 23:17-20**

    **a.  Objectionable Testimony**

I also saw that consumers inquired with Mr. Ripps about his counterfeit NFT

image used as his profile picture because "your profile pic is a BAYC, so I'm a bit

confused here" and "[y]ou have a bayc pfp though." (*See* JTX-709, JTX-710.)

    **b.  Grounds for Objection**

Paragraph 63, lines 23:17-20, of the Solano Declaration is inadmissible hearsay

under Federal Rule of Evidence 802 because it relies on out-of-court statements

posted by a Twitter users named @Tom22110616 and @Cryptoverse520. Mr. Solano

testifies that this anonymous Twitter users stated, "your profile pic is a BAYC, so I'm

a bit confused here" and "[y]ou have a bayc pfp though."  Mr. Solano testifies about this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that @Tom22110616 and @Cryptoverse520 believe that Mr. Ripps had a BAYC NFT as his profile picture.  *See* Fed. R. Evid. 801.  No hearsay exception applies

**45.   Objection to Paragraph 63, lines 23:20-22**

     **a.   Objectionable Testimony**

     Another consumer stated that they are "so confused" by the counterfeit NFT, since "although it says 'bored ape' it is "not real." (*See* JTX-523.)

     **b.   Grounds for Objection**

     Paragraph 63, lines 23:20-22, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements posted by a Twitter users named @Joey_Tartz.  Mr. Solano testifies that this anonymous Twitter users stated that he was, among other things, "so confused." Mr. Solano testifies about this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that @Joey_Tartz was confused.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**46.   Objection to Paragraph 63, lines 23:22-23**

     **a.   Objectionable Testimony**

     And a consumer even posted on Twitter that "I bought an rr bayc because i thought it was made by yuga." (*See* JTX-311.)

     **b.   Grounds for Objection**

     Paragraph 63, lines 23:22-23, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements posted by a Twitter users named @streetoshi.  Mr. Solano testifies that this Twitter users stated that he "bought an rr bayc because I thought it was made by yuga."  Mr. Solano testifies about this out-of-court statement to prove the truth of the matter

asserted in the statement by using the statement to argue that @streetoshi bought an RR/BAYC NFT because he thought it was made by Yuga.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**47.    Objection to Paragraph 64, lines 23:26-24:2**

    **a.    Objectionable Testimony**

Unlike other counterfeit items that maybe are sold once, Defendants' counterfeits are bought and resold multiple times.  Every time a Twitter bot Tweets about RR/BAYC NFT sales (which are relatively low-priced in comparison with BAYC NFT sales), calling them "Bored Ape Yacht Club," it diminishes the perceived exclusivity and value of the brand, and furthers the irreparable harm to Yuga Labs.

    **b.    Grounds for Objection**

Paragraph 64, lines 23:26-24:2, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about the nature of different purported counterfeits and how bots tweeting about RR/BAYC NFTs diminishes the perceived exclusivity of BAYC NFTs.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply makes these declarations without providing any supporting information.  Thus, Yuga has failed to show that the testimony in lines 23:26-24:2 of Paragraph 64 is based on personal knowledge.

Paragraph 64, lines 23:26-24:2, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how third-party bot activity "diminishes the perceived exclusivity and value of the brand."  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**48.    Objection to Paragraph 65, lines 24:6-9**

      **a.    Objectionable Testimony**

I am aware that industry news leaders like Bloomberg were also confused by the Defendants' scam RR/BAYC NFTs. This is because Defendants went so far in using the BAYC brand to sell their NFTs that they even called their infringing collection "BAYC V3." (*See* JTX-689, JTX-690, JTX-1249.)

      **b.    Grounds for Objection**

Paragraph 65, lines 24:6-9, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how "Bloomberg were also confused" and that Defendants called their collection "BAYC V3."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply states "I am aware" without explaining what that "awareness" is based on.  Thus, Yuga has failed to show that the testimony in lines 24:6-9 of Paragraph 65 is based on personal knowledge.

**49.    Objection to Paragraph 66, lines 24:10-12**

      **a.    Objectionable Testimony**

Bloomberg mistakenly referenced Defendants' scam NFT collection as "Bored Ape Yacht Club V3" in a list of "Top NFT Collections" during a Bloomberg Crypto segment on June 21, 2022. (*See* JTX-701, excerpted below.)

      **b.    Grounds for Objection**

Paragraph 66, lines 24:10-12, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how Bloomberg "mistakenly" reference the RR/BAYC collection as BAYC V3.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal

1    knowledge.  Thus, Yuga has failed to show that the testimony in lines 24:10-12 of

2    Paragraph 66 is based on personal knowledge.

3    **50.    Objection to Paragraph 67, lines 24:27-28:2**

4           **a.    Objectionable Testimony**

5           I believe this created more confusion and harm amongst the public since a

6    reputable news agency, like Bloomberg, reported on the scam collection as if it

7    belonged to us, Yuga Labs. To have a new version of our exclusive NFT collection

8    destroys the very concept of its exclusivity and reduces its real and perceived value.

9           **b.    Grounds for Objection**

10          Paragraph 67, lines 24:27-28:2, of the Solano Declaration is inadmissible under

11   Federal Rule of Evidence 602 because the testimony is not based on personal

12   knowledge and is speculation.  Mr. Solano testifies that he "believes" that a

13   background screen from a Bloomberg video caused "more confusion" and harmed

14   "perceived value."  The declaration provides no basis for how this testimony is based

15   on Mr. Solano's personal knowledge and instead simply states "I believe" without

16   providing any explanation for what this "belief" is based on.  Thus, Yuga has failed to

17   show that the testimony in lines 24:27-28:2 of Paragraph 67 is based on personal

18   knowledge.

19          Paragraph 67, lines 24:27-28:2, of the Solano Declaration is inadmissible under

20   Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

21   brand equity.  Mr. Solano testifies about how the background screen from a

22   Bloomberg video "reduces its real and perceived value."  These are improper expert

23   conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion

24   and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

25

26

27

28

**51.  Objection to Paragraph 68, lines 25:6-16**

    **a.  Objectionable Testimony**

Likewise, even if some consumers were not confused when they bought RR/BAYC NFTs, Defendants still sold these NFTs using the BAYC Marks without Yuga Labs' permission, harming the brand. And, based on my review of the Twitter posts above, others produced in discovery, and expert reports, subsequent consumers who saw these RR/BAYC NFT sales (whether on Twitter or other websites like Bloomberg) could and did experience further confusion. This confusion is ongoing, harmful, and will not stop until the RR/BAYC NFTs are removed from the market and Yuga Labs gains control of the source of Defendants' harm, namely the smart contract. Otherwise, as Mr. Ripps proclaimed, his infringing NFT collection will forever wrongly associate Mr. Ripps with the BAYC brand. (JTX-1249, excerpted below.)

    **b.  Grounds for Objection**

Paragraph 68, lines 25:6-16, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how sale of RR/BAYC NFTs was "harming the brand" and how his review of evidence, reports, and Twitter post play into his analysis of how the RR/BAYC project is hurting Yuga's brand.  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**52.  Objection to Paragraph 69, lines 26:22-26**

    **a.  Objectionable Testimony**

I've seen that during the deposition of Mr. Hickman, when asked to identify Defendants' Foundation sales page that displays and sells the counterfeit RR/BAYC

NFTs, he believed it to be a Yuga Labs' page and stated on the record that it "Looks to be Bored Ape Yacht Club."

### b. Grounds for Objection

Paragraph 69, lines 26:22-26, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about the deposition testimony by Mr. Hickman.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply states what he says he's "seen" during the deposition.  Thus, Yuga has failed to show that the testimony in lines 26:22-26 of Paragraph 69 is based on personal knowledge.

### 53. Objection to Paragraph 69, lines 26:27-27:1

### a. Objectionable Testimony

And in an exchange with a customer on Twitter, Mr. Cahen mistakenly referred to the customer's profile picture as a BAYC image. The customer corrected Mr. Cahen's confusion and had to explain that it was actually an RR/BAYC NFT.

### b. Grounds for Objection

Paragraph 69, lines 26:27-27:1, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by an unidentified third party on Twitter.  Mr. Solano testifies that an unidentified third party stated that his profile picture was an RR/BAYC NFT.  Mr. Solano uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the unidentified user's profile picture was an RR/BAYC NFT.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

Paragraph 69, lines 26:27-27:1, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Cahen had an exchange with someone unnamed third-party on Twitter and stated that his profile pic was an

RR/BAYC NFT.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply makes the declaration without providing any supporting information.  Thus, Yuga has failed to show that the testimony in lines 26:27-27:1 of Paragraph 69 is based on personal knowledge.

**54.    Objection to Paragraph 70, lines 27:2-7**

      **a.    Objectionable Testimony**

Even more, in the Team Ape Market Discord chat that I reviewed, Mr. Cahen posted an image of Yuga Labs' ape skull trademark registration and stated "@ryder per our attorney we may just need to change the skull If we want to fight trademark." (*See* JTX-801.00371; JTX-90.) I see this as an admission by Defendants that they knew they were infringing and creating confusion, as they acted contrary to their attorneys' advice.

      **b.    Grounds for Objection**

Paragraph 70, lines 27:2-7, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about a private exchange between Mr. Ripps and Mr. Cahen, and concludes that Defendants' "knew they were infringing and creating confusion."   The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply states that Mr. Solano "reviewed" documents produce during discovery in this litigation.  Mr. Solano also testifies that Defendants acted "contrary to their attorneys' advice" without personal knowledge of their discussions with their attorneys.  Thus, Yuga has failed to show that the testimony in lines 27:2-7 of Paragraph 70 is based on personal knowledge.

**55.    Objection to Paragraph 71, lines 27:10-14**

      **a.    Objectionable Testimony**

In his declaration under oath, Defendants' co-conspirator Mr. Lehman described Mr. Ripps' commercialization and sale of RR/BAYC NFTs as a "business

venture" that "was expected to make money by selling RR/BAYC NFTs and by potentially generating transaction fees from the sale of NFTs on Ape Market."

### b.    Grounds for Objection

Paragraph 71, lines 27:10-14, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by Mr. Lehman. Mr. Solano testifies that Mr. Lehman characterized RR/BAYC NFTs as a "business venture" that "was expected to make money by selling RR/BAYC NFTs and by potentially generating transaction fees from the sale of NFTs on Ape Market." Mr. Solano uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that RR/BAYC NFTs was a business venture.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

This testimony (including JTX-1) is also inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercion.  The statements made in that declaration are, therefore, unreliable.  Ms. Solano's testimony restating the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues.  The testimony and corresponding exhibit should, therefore, be excluded.  *See* Fed. R. Evid. 403.

### 56.    Objection to Paragraph 71, lines 27:14-17

### a.    Objectionable Testimony

And based on my review of private conversations between Defendants, including the text messages pictured below, they were motivated by a desire to make money. (*See*, *e.g.*, JTX-1574, excerpted below; JTX-1586.)

**b.     Grounds for Objection**

Paragraph 71, lines 27:14-17, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps and Mr. Cahen were motivated by a desire to make money.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply relies on Mr. Solano's speculative "review" of written messages produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 27:14-17 of Paragraph 71 is based on personal knowledge.

**57.     Objection to Paragraph 72, lines 27:23-28:4**

**a.     Objectionable Testimony**

And, based on my review of Defendants' public tweets and private conversations, including Team Ape Market Discord, Defendants publicly and privately delighted in their misconduct. They bragged that RR/BAYC NFTs were the number one NFT collection in the world. (See JTX-683, a tweet from Mr. Cahen stating "RR/BAYC is officially the highest 24h volume . . . IN THE WORLD!"; JTX-685, a tweet from Mr. Cahen stating "RR/BAYC about to become the first project ever to top both the @foundation and the @opensea charts.") Based on my review of public Twitter posts produced in discovery, Mr. Ripps boasted that he made over $1.2 million on his scam, implying that no one could stop him from counterfeiting NFTs and harming the goodwill of the BAYC brand.

**b.     Grounds for Objection**

Paragraph 72, lines 27:23-28:4, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps and Mr. Cahen "delighted in their misconduct" and "implied that no one could stop [Mr. Ripps] from counterfeiting NFTs."  The declaration provides no basis for how this testimony is

based on Mr. Solano's personal knowledge and instead simply states that he has reached these conclusions based on his "review" of tweets and private conversations, including documents produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 27:23-28:4 of Paragraph 72 is based on personal knowledge.

**58.     Objection to Paragraph 72, lines 28:4-6**

### a.     Objectionable Testimony

In a private group chat, one of Defendants' co-conspirators estimated that Defendants and their conspirators had caused $10 million in harm to Yuga Labs.  (See JTX-58, excerpted below.)

### b.     Grounds for Objection

Paragraph 72, lines 28:4-6, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by an alleged "co-conspirator."  Mr. Solano testifies that Mr. Hickman estimated that Defendants caused $10 million in harm to Yuga..  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that Defendants' co-conspirators estimated that Defendants had caused $10 million in harm to Yuga.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

Paragraph 72, lines 28:4-6, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about Mr. Hickman's statements in a private chat.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply references a statement in a document produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 28:4-6 of Paragraph 72 is based on personal knowledge.

**59.   Objection to Paragraph 72, lines 28:12-15**

    **a.   Objectionable Testimony**

    Yet their profits and success can be attributed solely to the fact that they were riding on the hard work that my founders, my employees, and my company, Yuga Labs, and I put into building the BAYC brand into one of the most successful NFT brands in the world. Without the BAYC brand, their products would not have sold.

    **b.   Grounds for Objection**

    Paragraph 72, lines 28:12-15, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity and remedies.  Mr. Solano testifies about  how "profits … can be attributed solely" to infringement and that "without the BAYC Brand, their products would not have sold."  This is improper expert conclusions on remedies and brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about remedies and brand equity.  *See* Fed. R. Evid. 701(c).

    Paragraph 72, lines 28:12-15, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that about why consumers purchased RR/BAYC NFTs: "Without the BAYC brand, their products would not have sold."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and gives no explanation for how Mr. Solano reached these conclusions.  Thus, Yuga has failed to show that the testimony in lines 28:12-15 of Paragraph 72 is based on personal knowledge.

**60.   Objection to Paragraph 73, lines 28:17-21**

    **a.   Objectionable Testimony**

    Even if people know they are buying a counterfeit handbag, they are buying it because of its association with the authentic handbag manufacturer's brand. So it is

common sense that the seller should not be able to keep the profits from that sale when they were earned because of the authentic handbag manufacturer's brand.

### b.      Grounds for Objection

Paragraph 73, lines 28:17-21, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "even if people know they are buying a counterfeit handbag, they are buying it because of its association with the authentic handbag manufacturer's brand."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply relies on Mr. Solano's speculation regarding consumer motivations. Thus, Yuga has failed to show that the testimony in lines 28:17-21 of Paragraph 73 is based on personal knowledge and that it is not speculation.

### 61.   Objection to Paragraph 74, lines 29:1-5

### a.      Objectionable Testimony

The comments that I saw on these posts demonstrate that RR/BAYC NFT holders anticipated being able to sell their NFTs at a high price, and listed their NFTs for sale at high prices, for example between 10 and 120 in ETH (approximately $18,374 - $220,484) per NFT. (*See* JTX-1618 - JTX-1620.)

### b.      Grounds for Objection

Paragraph 74, lines 29:1-5, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "RR/BAYC NFT holders anticipated being able to sell their NFTs at a high price, and listed their NFTs for sale at high prices, for example between 10 and 120 in ETH (approximately $18,374 - $220,484) per NFT."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply relies on Mr. Solano's speculation regarding people's comments. Mr. Solano's declaration also provides a

1  range of NFT sale prices without providing any basis for those figures. Thus, Yuga

2  has failed to show that the testimony in lines 29:1-5 of Paragraph 74 is based on

3  personal knowledge.

4        Paragraph 74, lines 29:1-5, of the Solano Declaration is also inadmissible

5  hearsay under Federal Rule of Evidence 802 because it relies on out-of-court

6  statements made by unidentified, presumably anonymous users about plans to sell

7  their RR/BAYC NFT at high prices.  Mr. Solano uses these out-of-court statements to

8  prove the truth of the matter asserted by using the statements to argue that these

9  unidentified Twitter users planned to sell their RR/BAYC NFTs at high prices.  *See*

10 Fed. R. Evid. 801.  No hearsay exception applies.

11 **62.    Objection to Paragraph 74, lines 29:5-10**

12        **a.    Objectionable Testimony**

13        As a result of Mr. Cahen's tweets, sales of RR/BAYC NFTs increased 485%

14 and transfers increased 1,350% in less than 24 hours. And the floor price of

15 RR/BAYC NFTs increased about 73%, from approximately $127.38 to approximately

16 $175.37 ETH. Defendants' promotion increased the price and sales of RR/BAYC

17 NFTs and their ability to earn more money off the BAYC brand.

18        **b.    Grounds for Objection**

19        Paragraph 74, lines 29:5-10, of the Solano Declaration is inadmissible under

20 Federal Rule of Evidence 602 because the testimony is not based on personal

21 knowledge and is speculation.  Mr. Solano testifies that "sales of RR/BAYC NFTs

22 increased 485% and transfers increased 1,350% in less than 24 hours," that "the floor

23 price of RR/BAYC NFTs increased about 73%," and that this increased Defendants'

24 "ability to earn more money off the BAYC brand."  The declaration provides no basis

25 for how this testimony is based on Mr. Solano's personal knowledge of the figures

26

27

28

1  cited and no basis for the accuracy of those figures. Thus, Yuga has failed to show that

2  the testimony in lines 29:5-10 of Paragraph 74 is based on personal knowledge.

3        Paragraph 74, lines 29:5-10, of the Solano Declaration is also inadmissible

4  under Federal Rule of Evidence 701 because the testimony is an expert opinion

5  regarding analysis of NFT markets.  Mr. Solano testifies about how a specific tweet

6  somehow increased sales by 485% and transfers by 1,350% as well as floor prices.

7  These are improper expert conclusions on the economics/market activity associated

8  with NFTs.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide

9  expert opinion about analysis of NFT markets.  *See* Fed. R. Evid. 701(c).

10  **63.    Objection to Paragraph 74, lines 29:10-12**

11        **a.    Objectionable Testimony**

12        Their recent promotion of RR/BAYC NFTs also increased Defendants' public

13  profiles off the BAYC brand, allowing them to make money from promotion of other

14  scams.

15        **b.    Grounds for Objection**

16        Paragraph 74, lines 29:10-12, of the Solano Declaration is inadmissible under

17  Federal Rule of Evidence 602 because the testimony is not based on personal

18  knowledge and is speculation.  Mr. Solano testifies about how recent promotion of

19  RR/BAYC NFTs "increased Defendants' public profiles off the BAYC brand."  The

20  declaration provides no basis for how this testimony is based on Mr. Solano's

21  personal knowledge and provides no explanation of how a single tweet by Mr. Cahen

22  was profitable for Defendants.  Thus, Yuga has failed to show that the testimony in

23  lines 29:10-12 of Paragraph 74 is based on personal knowledge and is not mere

24  speculation.

25

26

27

28

**64.     Objection to Paragraph 75, lines 29:13-17**

     **a.     Objectionable Testimony**

     Similarly, as soon as a new NFT marketplace launched in April 2023, (OpenSea Pro), Defendants used it as an opportunity to promote their counterfeit BAYC NFTs and benefit from the sales. (See JTX-1315, a tweet from Mr. Cahen stating, "BREAKING: RR/BAYC is trading on OpenSea Pro"; JTX-1317, an image taken from OpenSea Pro).

     **b.     Grounds for Objection**

     Paragraph 75, lines 29:13-17, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants promoted RR/BAYC NFTs on new marketplaces and cite to tweets where Mr. Cahen references what third-party websites were doing.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge.  Thus, Yuga has failed to show that the testimony in lines 29:13-17 of Paragraph 75 is based on personal knowledge and is not mere speculation.

**65.     Objection to Paragraph 76, lines 29:18-20**

     **a.     Objectionable Testimony**

     And after the litigation was filed, I understand that Defendants changed their ApeMarket Twitter page so that it would link to the RR/BAYC LooksRare sales page, where sales are ongoing and royalties were paid directly to Defendants.

     **b.     Grounds for Objection**

     Paragraph 76, lines 29:18-20, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants changed their ApeMarket Twitter page so that it would link to the RR/BAYC LooksRare sales page." The declaration provides no basis for how this testimony is based on Mr.

Solano's personal knowledge of Defendants' actions or motivations and instead merely stated "I understand" without explaining what that "understanding" is based on. Thus, Yuga has failed to show that the testimony in lines 29:18-20 of Paragraph 76 is based on personal knowledge.

**66.      Objection to Paragraph 77, lines 29:21-23**

      **a.      Objectionable Testimony**

Further, throughout the course of this case—and to this day—Defendants have promoted rrbayc.com (which was found to be infringing) on their ApeMarket Twitter page. (*See* JTX-696.)

      **b.      Grounds for Objection**

Paragraph 77, lines 29:21-23, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "throughout the course of this case—and to this day—Defendants have promoted rrbayc.com (which was found to be infringing) on their ApeMarket Twitter page." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead cites to a document produced during discovery in this litigation.  Thus, Yuga has failed to show that the testimony in lines 29:21-23 of Paragraph 77 is based on personal knowledge.

**67.      Objection to Paragraph 77, lines 29:25-30:2**

      **a.      Objectionable Testimony**

Despite the Court's order, Defendants continue to benefit and, as I understand it, profit from the continued sales of RR/BAYC NFTs and further create irreparable, ongoing, harm to the goodwill in the BAYC Marks.

      **b.      Grounds for Objection**

Paragraph 77, lines 29:25-30:2 of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal

1  knowledge and is speculation.  Mr. Solano testifies that "Defendants continue to

2  benefit and … profit from continued sales of RR/BAYC NFTs."  The declaration

3  provides no basis for how this testimony is based on Mr. Solano's personal knowledge

4  and instead merely states "I understand" without explaining what that "understanding"

5  is based on.  Thus, Yuga has failed to show that the testimony in lines 29:25-30:2 of

6  Paragraph 77 is based on personal knowledge.

7  **68.    Objection to Paragraph 78, lines 30:3-7**

8      **a.    Objectionable Testimony**

9      Yuga Labs contends, and I believe, that an injunction is also warranted because

10 the confusion caused by RR/BAYC NFTs has not stopped. As long as the RR/BAYC

11 NFTs remain in the market under Defendants' control, people will be confused by

12 their origin, decreasing the perceived exclusivity of authentic BAYC NFTs and

13 harming Yuga Labs.

14     **b.    Grounds for Objection**

15     Paragraph 78, lines 30:3-7, of the Solano Declaration is inadmissible under

16 Federal Rule of Evidence 602 because the testimony is not based on personal

17 knowledge and is speculation.  Mr. Solano testifies that "confusion caused by

18 RR/BAYC NFTs has not stopped." The declaration provides no basis for how this

19 testimony is based on Mr. Solano's personal knowledge regarding any ongoing

20 confusion. Thus, Yuga has failed to show that the testimony in lines 30:3-7 of

21 Paragraph 78 is based on personal knowledge.

22     Paragraph 78, lines 30:3-7, of the Solano Declaration is also inadmissible under

23 Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

24 brand equity.  Mr. Solano testifies that if RR/BAYC NFTs remain in the market

25 "under Defendants' control" then this will decrease "the perceived exclusivity of

26 authentic BAYC NFTs."  This is improper expert conclusions on brand equity.  Mr.

27

28

Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**69.     Objection to Paragraph 78, lines 30:7-9**

     **a.     Objectionable Testimony**

For example, these counterfeit NFTs are still used as verified hexagon profile pictures on Twitter, causing others to believe they are the real BAYC NFTs.

     **b.     Grounds for Objection**

Paragraph 78, lines 30:7-9, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "these counterfeit NFTs are still used as verified hexagon profile pictures on Twitter" and that they cause "others to believe they are real BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of ongoing Twitter activity and the mental states of third-party Twitter users. Thus, Yuga has failed to show that the testimony in lines 30:7-9 of Paragraph 78 is based on personal knowledge and is not speculation.

**70.     Objection to Paragraph 78, lines 30:13-16**

     **a.     Objectionable Testimony**

When consumers see RR/BAYC NFTs on Twitter and NFT marketplaces, they can be confused about whether these are authentic or whether Yuga Labs is creating more NFTs, even more so if they are new to the space and less familiar with the history of each NFT project.

     **b.     Grounds for Objection**

Paragraph 78, lines 30:13-16, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "when consumers see RR/BAYC NFTs on Twitter and NFT marketplaces, they can be confused about

whether these are authentic or whether Yuga Labs is creating more NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of ongoing marketplace activity and the mental states of consumers.  Furthermore, this testimony is mere speculation regarding how the alleged online activity could impact consumers.  Thus, Yuga has failed to show that the testimony in lines 30:13-16 of Paragraph 78 is based on personal knowledge and is anything more than speculation.

**71.    Objection to Paragraph 78, lines 30:16-19**

**a.    Objectionable Testimony**

And when consumers check Etherscan to verify whether they are real or not, assuming they even know how to do so, the NFT contract page informs them that they are "Bored Ape Yacht Club (BAYC)" NFTs, furthering the confusion. (*See* JTX-972.)

**b.    Grounds for Objection**

Paragraph 78, lines 30:16-19, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made on a third-party website.  Mr. Solano testifies that etherscan.io says that RR/BAYC NFTs are labeled as "Bored Ape Yacht Club (BAYC) NFTs."  Mr. Solano uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the RR/BAYC are labeled as BAYC NFTs.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

**72.    Objection to Paragraph 79, lines 30:27-31:6**

**a.    Objectionable Testimony**

As long as Defendants own the RR/BAYC smart contract bearing the BAYC Marks, they will continue to confuse consumers by associating the BAYC Marks with themselves and their copycat NFTs.  For example, every time a consumer or Twitter bot pulls data from the blockchain and mistakenly calls an RR/BAYC NFT sale a BAYC NFT sale, or every time a marketplace like Foundation pulls data from the

blockchain and names the RR/BAYC NFT collection "Bored Ape Yacht Club," Yuga Labs is harmed and Defendants are wrongfully associated with the BAYC brand and Yuga Labs.

**b.     Grounds for Objection**

Paragraph 79, lines 30:27-31:6, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "as long as Defendants own the RR/BAYC smart contract bearing the BAYC Marks, they will continue to confuse consumers by associating the BAYC Marks with themselves and their copycat NFTs" and that in the future bots will call "an RR/BAYC NFT sale a BAYC NFT sale" or marketplaces will name RR/BAYC NFTS as the Bored Ape Yacht Club.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely speculates regarding ongoing confusion and what Defendants and third parties will do in the future.  Thus, Yuga has failed to show that the testimony in lines 30:27-31:6 of Paragraph 79 is based on personal knowledge and is not speculation.

**73.     Objection to Paragraph 80, lines 31:7-9**

**a.     Objectionable Testimony**

My understanding is that Defendants cannot change the name of the token of their Etherscan contract bearing the BAYC Marks, nor can the RR/BAYC smart contract be destroyed.

**b.     Grounds for Objection**

Paragraph 80, lines 31:7-9, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants cannot destroy the RR/BAYC smart contract or change the name of the token tracker for RR/BAYC NFTs.  The declaration provides no basis for how this testimony is based on Mr.

Solano's personal knowledge and merely states "[m]y understanding is" without explaining what that "understanding" is based on.  Thus, Yuga has failed to show that the testimony in lines 31:7-9 of Paragraph 80 is based on personal knowledge and is not speculation.

**74.    Objection to Paragraph 81, lines 31:17-20**

      **a.    Objectionable Testimony**

Defendants have also not manufactured all 10,000 of Yuga Labs' BAYC NFTs as RR/BAYC NFTs, and the smart contract should be transferred to Yuga Labs to prevent them from being able to produce any more infringing NFTs.

      **b.    Grounds for Objection**

Paragraph 81, lines 31:17-20, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants have "not manufactured all 10,000 of Yuga Labs' BAYC NFTs as RR/BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely makes this declaration without providing any supporting information.  Thus, Yuga has failed to show that the testimony in lines 31:17-20 of Paragraph 81 is based on personal knowledge and is not speculation.

**75.    Objection to Paragraph 82, lines 31:23-25**

      **a.    Objectionable Testimony**

Indeed, even today, and for every day forward that they own the contract, Defendants continue to benefit from their infringing contract. They are benefiting off their intentional association with the BAYC brand.

      **b.    Grounds for Objection**

Paragraph 82, lines 31:23-25, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants continue to

1  benefit from their infringing contract" and "they are benefiting off their intentional

2  association with the BAYC brand." The declaration provides no basis for how this

3  testimony is based on Mr. Solano's personal knowledge of alleged ongoing benefits

4  that Defendants are receiving. Thus, Yuga has failed to show that the testimony in

5  lines 31:23-25 of Paragraph 82 is based on personal knowledge and is not speculation.

6  **76.  Objection to Paragraph 85, lines 32:11-12**

7      **a.  Objectionable Testimony**

8      Defendants promoted and sold RR/BAYC NFTs through rrbayc.com, which

9  was found to be infringing and a violation of the ACPA.

10     **b.  Grounds for Objection**

11     Paragraph 84, lines 32:11-12, of the Solano Declaration is inadmissible under

12 Federal Rule of Evidence 602 because the testimony is not based on personal

13 knowledge and is speculation.  Mr. Solano testifies that "Defendants promoted and

14 sold RR/BAYC NFTs through rrbayc.com.  The declaration provides no basis for how

15 this testimony is based on Mr. Solano's personal knowledge and instead makes this

16 declaration without providing any supporting information.  Thus, Yuga has failed to

17 show that the testimony in lines 32:11-12 of Paragraph 84 is based on personal

18 knowledge and is not speculation.

19 **77.  Objection to Paragraph 84, lines 32:14-17**

20     **a.  Objectionable Testimony**

21     Defendants also manufactured the RR/BAYC NFTs through a netlify app which

22 prominently featured the BAYC Marks. So, on the very page where they

23 manufactured the infringing NFTs, the Defendants used a BAYC Mark. (*See* JTX-

24 171; JTX-167; JTX-1148.)

25     **b.  Grounds for Objection**

26     Paragraph 84, lines 32:14-17, of the Solano Declaration is inadmissible under

27 Federal Rule of Evidence 602 because the testimony is not based on personal

28

knowledge and is speculation.  Mr. Solano testifies that Defendants "manufactured the RR/BAYC NFTs through a netlify app which prominently featured the BAYC Mark" and then cites to the alleged webpage.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead speculates about the function of a particular application on the internet.  Thus, Yuga has failed to show that the testimony in lines 32:14-17 of Paragraph 84 is based on personal knowledge and is anything more than speculation.

**78.   Objection to Paragraph 85, lines 32:21-22**

        **a.   Objectionable Testimony**

Defendants have also stated their ongoing intent to launch the infringing apemarket.com. (*See* JTX-1048.)

        **b.   Grounds for Objection**

Paragraph 85, lines 32:21-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants have "ongoing intent to launch the infringing apemarket.com."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how Mr. Solano's could have personal knowledge regarding Defendants' mental state.  Thus, Yuga has failed to show that the testimony in lines 32:21-22 of Paragraph 85 is based on personal knowledge and is not speculation.

**79.   Objection to Paragraph 85, lines 32:24-28**

        **a.   Objectionable Testimony**

Likewise, Defendants' @ApeMarketplace Twitter account has continued to promote RR/BAYC NFTs throughout the course of this lawsuit, including by linking to rrbayc.com and the RR/BAYC NFT LooksRare page—even after the Court found that their use of the BAYC Marks was infringing.

    -55-    

1

### b.     Grounds for Objection

2     Paragraph 85, lines 32:24-28, of the Solano Declaration is inadmissible under

3  Federal Rule of Evidence 602 because the testimony is not based on personal

4  knowledge and is speculation.  Mr. Solano testifies that Defendants have used

5  @ApeMarketPlace to promote RR/BAYC NFTs throughout the course of this

6  litigation.  The declaration provides no basis for how this testimony is based on Mr.

7  Solano's personal knowledge and simply makes the declaration without providing any

8  supporting information.  Thus, Yuga has failed to show that the testimony in lines

9  32:24-28 of Paragraph 85 is based on personal knowledge and is not speculation.

10  **80.     Objection to Paragraph 86, lines 33:5-8**

11     ### a.     Objectionable Testimony

12     Finally, Yuga Labs contends, and I agree, that Defendants should be required to

13  disgorge their $1,589,455 in ill-gotten profit from their use of the BAYC Marks. This

14  is only a portion of the over $10 million in trading volume from sales of RR/BAYC

15  NFTs.

16     ### b.     Grounds for Objection

17     Paragraph 86, lines 33:5-8, of the Solano Declaration is inadmissible under

18  Federal Rule of Evidence 602 because the testimony is not based on personal

19  knowledge and is speculation.  Mr. Solano testifies that Defendants have made

20  "$1,589,455" on the RR/BAYC project and that there was "over $10 million in

21  trading volume from sales of RR/BAYC NFTs."  The declaration provides no basis

22  for how this testimony is based on Mr. Solano's personal knowledge and instead

23  merely states "I agree" without explaining what his "agreeing" is based on.  Thus,

24  Yuga has failed to show that the testimony in lines 33:5-8 of Paragraph 86 is based on

25  personal knowledge and is not speculation.

26

27

28

**81.    Objection to Paragraph 86, lines 33:8-10**

    **a.      Objectionable Testimony**

    They earned these profits at the expense of Yuga Labs' BAYC brand, requiring Yuga Labs to spend millions to try to counteract the irreparable harm done to its brand.

    **b.      Grounds for Objection**

    Paragraph 86, lines 33:8-10, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies that Defendants have "earned these profits at the expense of Yuga Labs' BAYC brand."  This is improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**82.    Objection to Paragraph 86, lines 33:10-13**

    **a.      Objectionable Testimony**

    Defendants even bragged on Twitter about making millions on their scam, just as they bragged about making millions on their Cryptophunks scam. Their profits continue to increase as Defendants gain royalties and creator fees from sales on secondary marketplaces.

    **b.      Grounds for Objection**

    Paragraph 86, lines 33:10-13, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants' "profits continue to increase as Defendants gain royalties and creator fees from sales on secondary marketplaces."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of alleged ongoing profits. Thus, Yuga has failed to show that the testimony in lines 33:10-13 of Paragraph 86 is based on personal knowledge.

DEFENDANTS' OBJECTIONS TO SOLANO DECLARATION

Dated: July 21, 2023

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's EFC system on July 21, 2023.


By: /s/  *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000