Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT REGARDING OBJECTIONS TO KEREM ATALAY'S DECLARATION OF TRIAL TESTIMONY**<br><br>Judge: Hon. John F. Walter<br><br>Trial Date: July 31, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff

YUGA LABS, INC.

Pursuant to the Court's Order Regarding Objections to Declarations (Dkt. 352), Defendant Ryder Ripps and Defendant Jeremy Cahen and Plaintiff Yuga Labs, Inc. respectfully submit the following joint statement regarding Kerem Atalay's Declaration of Trial Testimony ("Atalay Declaration").

Pursuant to the Court's order, lead counsel for the parties met and conferred in person on July 24, 2023 in Los Angeles, California. Eric Ball participated on behalf of the Plaintiff, and Louis Tompros participated on behalf of the Defendants.

## I. The parties were able to resolve the objections as to the following testimony:

The parties agreed that if Mr. Atalay does not appear live for cross examination, his declaration is not admissible. The Defendants also agreed to withdraw their objections to paragraph 2, lines 1:9-24; paragraph 4, lines 2:4-13; and paragraph 5, lines 2:14-19 of the Atalay Declaration.

## II. The parties were not able to resolve the objection to the following testimony:

**1. Disputed Testimony:** Kerem Atalay, Objection to Paragraph 3, lines 1:25-2:1

### a. Objectionable Testimony

I understand that, on May 13, 2022, Defendant Ripps created the Ethereum blockchain smart contract, 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, which contains the RR/BAYC NFTs, using the Foundation minting tool on the Foundation.app website (the "RR/BAYC Smart Contract").

### b. Defendants' Grounds for Objection

Paragraph 3 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Atalay testifies that Ryder Ripps "created the Ethereum blockchain smart contract,

1  0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, … using the Foundation
2  minting tool on the Foundation.app website."  The declaration provides no basis for
3  how this testimony is based on Mr. Atalay's personal knowledge and instead merely
4  states "I understand that" without explaining what his "understanding" is based on.
5  Thus, Yuga Labs, Inc. ("Yuga") has failed to show that the testimony in Paragraph 3
6  is based on personal knowledge or that it is anything more than speculation.

        c.      **Plaintiff's Response to Objection**

Mr. Atalay's testimony establishes his personal knowledge of the subject matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); see *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters.").  Mr. Atalay declares that he served as Yuga Labs' Chief Technology Officer and worked on smart contracts for Yuga Labs.  Moreover, Mr. Atalay has confirmed that he is aware of RR/BAYC NFTs in the course of this litigation.  *See, e.g.*, Dkt. 271, Atalay Depo. Tr. at 151:5-8 ("Q Are you aware that this litigation involves an NFT collection sometimes referred to as RR/BAYC? A Yes.").

Further, Mr. Atalay's testimony explicitly states that he personally understands when Defendants created the RR/BAYC smart contract, how they did it, and the address for the smart contract.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the evidence.

2.      **Disputed Testimony:** Kerem Atalay, Objection to Paragraph 6, lines 2:20-24

        a.      **Objectionable Testimony**

When "Bored Ape Yacht Club" and "BAYC" were input as the contract name and the contract symbol, respectively, in the RR/BAYC Smart Contract, those inputs

were permanent and unchangeable.  The RR/BAYC Smart Contract will display "Bored Ape Yacht Club" and "BAYC" as the contract name and the contract symbol, respectively, in perpetuity.

      **b.**    **Defendants' Grounds for Objection**

Paragraph 6 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Atalay comments on the inadmissible hearsay statement under Federal Rule of Evidence 802 in Paragraphs 4 and 5 by treating those statements as true and further commenting that the "inputs were permanent and unchangeable."  Because this testimony is based on and comments on inadmissible hearsay, Yuga has failed to show that Mr. Atalay's testimony in Paragraph 6 is based on personal knowledge or that it is anything more than speculation derived from inadmissible hearsay statements.

      **c.**    **Plaintiff's Response to Objection**

Mr. Atalay's testimony establishes his personal knowledge of the subject matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); see *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters.").  Mr. Atalay declares that he served as Yuga Labs' Chief Technology Officer and worked on smart contracts for Yuga Labs.  Additionally, Mr. Atalay has confirmed that he is aware of RR/BAYC NFTs in the course of this litigation.  *See, e.g.*, Dkt. 271, Atalay Depo. Tr. at 151:5–8 ("Q Are you aware that this litigation involves an NFT collection sometimes referred to as RR/BAYC? A Yes.").

Further, Mr. Atalay's testimony explicitly states that he personally understands what Defendants input into the smart contract when they created it because he reviewed the transaction on Etherscan that reflects the creation of the RR/BAYC smart contract.  To the extent Defendants seek to challenge the depth of his personal

understanding, the proper vehicle for that is cross-examination, not exclusion of the evidence.

Moreover, Defendants withdrew their objections to JTX-1146, thereby stipulating to its admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 6; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). They have conceded that the document is admissible. Therefore, they waived their hearsay objection to the exhibit and the witness may testify about the exhibit to move it into evidence. Additionally, Defendants did not previously object to the contents of this exhibit as hearsay or Yuga Labs' use of this exhibit in its Statement of Uncontroverted Facts throughout the motion for summary judgment briefing. *See* Dkt. 163-1 at 20-21 ("The Ethereum blockchain smart contract that contains the RR/BAYC NFTs has 'Bored Ape Yacht Club' input as its name, and 'BAYC' input as its symbol."); Dkt. 163-2 at 11-12 (indicating no objections to Atalay Exhibit 7).

Mr. Atalay's testimony also does not rely on out-of-court statements. Mr. Atalay has personal knowledge of how the blockchain works and how smart contracts work, and his testimony reflects his personal knowledge and observations that the material was input into the smart contract, which are corroborated by the referenced Etherscan page in JTX-1146 that Defendants admit is admissible. Accordingly, his testimony is not hearsay. In any event, data from the RR/BAYC smart contract collected from Etherscan is a business record that qualifies as a hearsay exception. Fed. R. Evid. 803. That a business record is publicly available by virtue of the decentralized technology of the Ethereum blockchain does not negate the hearsay exception. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009) ("[E]vidence that has been compiled from a computer database is also admissible as a business record, provided it meets the criteria of Rule 803(6)."). Data

from Etherscan also constitutes an admissible market report or commercial publication because Etherscan contains "[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations." Fed. R. Evid. 803(17); see *Jackpocket, Inc. v. Lottomatrix NY LLC*, No. 22-CV-5772 (LJL), 2022 WL 17733156, at *18 n.11 (S.D.N.Y. Dec. 7, 2022) (determining "internet printouts from the Google Play Store" are admissible because of public reliance on the information "for a description of the applications, number of downloads, and customer reviews"). Defendants admit that Etherscan is generally used and relied on by the public and that it accurately reflects Ethereum blockchain events. *See, e.g.*, Dkt. 346, Ripps Decl. ¶¶ 49-50 ("49. Etherscan.io is a website that tracks, records, and shows entries on the Ethereum blockchain. 50. Although Etherscan.io is not the Ethereum blockchain itself, it is the most popular method to determine blockchain entries on the Ethereum blockchain.").

In addition, these foundational facts are in evidence through Mr. Ripps' declaration. Mr. Ripps declares that he minted RR/BAYC NFTs through a smart contract that he created from his Ethereum wallet. *See* Dkt. 346, Ripps Decl. ¶ 160 ("[A]t the blockchain level, I minted a brand new collection from my personal wallet ...."). He further declares that the RR/BAYC NFT collection is visible on Etherscan. Dkt. 346, Ripps Decl. ¶ 161 ("Anyone with access to etherscan.io could see that the collection and the minting contract were minted by me ....").

**3.     Disputed Testimony:** Kerem Atalay, Objection to Paragraph 7, lines 2:25-3:2

    **a.     Objectionable Testimony**

JTX-1558 is a Tweet from the @AllCityBAYC Twitter account replying to a Tweet about this lawsuit and commenting on the RR/BAYC Smart Contract's token tracker ("Bored Ape Yacht Club (BAYC)"): "If you were curious to see how malicious this scam is, check out the token tracker/ID name that he chose to use on the

smart contract.  This is a critical piece of data the NFT community uses when they are buying on the secondary market."

### b. Defendants' Grounds for Objection

Paragraph 7 of the Atalay Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third party on Twitter.  Mr. Atalay testifies that a Twitter user named @AllCityBAYC (who is apparently an anonymous) posted that the RR/BAYC project is a "scam."  Mr. Atalay uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the RR/BAYC project was a scam.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c. Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-1558, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 25; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, they waived their hearsay objection to the exhibit and the witness may testify about the exhibit to move it into evidence.

Mr. Atalay's testimony also does not rely on out-of-court statements.  Mr. Atalay has personal knowledge of Twitter, and his testimony reflects his personal awareness of this Tweet and observations that are corroborated by JTX-1558, which Defendants admit is admissible.  Accordingly, his testimony is not hearsay.  Courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather to demonstrate the declarant's state of mind.  *JIPC Mgm't, Inc. v. Incredible Pizza Co., No. CV 08–04310 MMM, 2009 WL 8591607, at *12 (C.D. Cal. July 14, 2009)* ("In

4. **Disputed Testimony:** Kerem Atalay, Objection to Paragraph 8, 3:3-4

    a. **Objectionable Testimony**

I understand that 9,546 RR/BAYC NFTs were minted through the RR/BAYC Smart Contract, which is 95% of the original 10,000 BAYC NFTs.

    b. **Defendants' Grounds for Objection**

Paragraph 8, lines 3:3-4, is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Atalay testifies that "9,546 RR/BAYC NFTs were minted" through a particular smart contract identified in the declaration as 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e. The declaration provides no basis for how this testimony is based on Mr. Atalay's personal knowledge and instead merely states "I understand that" without explaining what his "understanding" is based on. Thus, Yuga has failed to show that the testimony in lines 3:3-4 of Paragraph 8 is based on personal knowledge or that it is anything more than speculation.

    c. **Plaintiff's Response to Objection**

Mr. Atalay's testimony establishes his personal knowledge of the subject matter. Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); see *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters."). Mr. Atalay declares that he served as Yuga Labs' Chief Technology Officer and worked on smart contracts for Yuga Labs. Moreover, Mr. Atalay has confirmed that he is aware of RR/BAYC NFTs in the course of this litigation. *See,*

*e.g.*, Dkt. 271, Atalay Depo. Tr. at 151:5-8 ("Q Are you aware that this litigation involves an NFT collection sometimes referred to as RR/BAYC? A Yes.").

Further, Mr. Atalay's testimony explicitly states that he personally understands that Defendants' smart contract was used to mint 9,546 RR/BAYC NFTs. To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the evidence.

5. **Disputed Testimony:** Kerem Atalay, Objection to Paragraph 9, lines 3:10-12

    a. **Objectionable Testimony**

I have reviewed JTX-806, which contains the source code produced by Thomas Lehman that I understand was created to develop and support Defendants' ApeMarket NFT online marketplace.

    b. **Defendants' Grounds for Objection**

Paragraph 9, lines 3:10-12, is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Atalay testifies that the source code in JTX-806 "was created to develop and support Defendants' ApeMartk NFT online marketplace." The declaration provides no basis for how this testimony is based on Mr. Atalay's personal knowledge and instead merely states "I understand" without explaining what his "understanding" is based on and further states that his testimony is based on "review" of document produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 3:10-12 of Paragraph 9 is based on personal knowledge or that it is anything more than speculation.

    c. **Plaintiff's Response to Objection**

Mr. Atalay testifies to his personal knowledge in the first few words of the disputed testimony – he reviewed the source code. To the extent Defendants seek to

challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the evidence.

Moreover, Defendants withdrew their objections to JTX-806, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 10; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, the witness, who personally reviewed the admissible exhibit, may testify about it to move it into evidence.

Dated: July 25, 2023

WILMER CUTLER PICKERING HALE & DORR LLP

By: */s/ Louis W. Tompros*
Louis W. Tompros
Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated: July 25, 2023

FENWICK & WEST LLP

By: */s/ Eric Ball*
Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's EFC system on July 25, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000