1   Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
2   Monica Grewal (*pro hac vice*)
    monica.grewal@wilmerhale.com
3   Scott W. Bertulli (*pro hac vice*)
    scott.bertulli@wilmerhale.com
4   Tyler Carroll (*pro hac vice*)
    tyler.carroll@wilmerhale.com
5   **WILMER CUTLER PICKERING**
       **HALE AND DORR LLP**
6   60 State Street
    Boston, MA 02109
7   Telephone: (617) 526-6000
    Fax: (617) 526-5000
8
    Derek Gosma (SBN 274515)
9   derek.gosma@wilmerhale.com
    Henry Nikogosyan (SBN 326277)
10  henry.nikogosyan@wilmerhale.com
    **WILMER CUTLER PICKERING**
11     **HALE AND DORR LLP**
    350 South Grand Ave., Suite 2400
12  Los Angeles, CA 90071
    Telephone: (213) 443-5300
13  Fax: (213) 443-5400

14  Attorneys for Defendants
    *Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

17                **UNITED STATES DISTRICT COURT**

18                **CENTRAL DISTRICT OF CALIFORNIA**

19                        **WESTERN DIVISION**

| | |
|---|---|
| 21  Yuga Labs, Inc., | Case No. 2:22-cv-04355-JFW-JEM |
| 22              Plaintiff, | **JOINT STATEMENT REGARDING OBJECTIONS TO LAUREN KINDLER'S DECLARATION OF TRIAL TESTIMONY** |
| 24      v. | |
| 25  Ryder Ripps, Jeremy Cahen, | Judge: Hon. John F. Walter |
| 27              Defendants. | Trial Date: July 31, 2023 |

28

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff

YUGA LABS, INC.

JOINT STATEMENT RE OBJECTIONS
TO KINDLER DECLARATION

Pursuant to the Court's Order Regarding Objections to Declarations (Dkt. 352), Defendant Ryder Ripps and Defendant Jeremy Cahen and Plaintiff Yuga Labs, Inc. respectfully submit the following joint statement regarding Lauren Kindler's Declaration of Trial Testimony ("Kindler Declaration").

Pursuant to the Court's order, lead counsel for the parties met and conferred in person on July 24, 2023 in Los Angeles, California.  Eric Ball participated on behalf of the Plaintiff, and Louis Tompros participated on behalf of the Defendants.

## I.   The parties were able to resolve the objections as to the following testimony:

The parties agreed that, if Ms. Kindler does not appear live for cross examination, her declaration is not admissible.

## II.   The parties were not able to resolve the objection to the following testimony:

**1.   Disputed Testimony:** Lauren Kindler, Objection to Paragraph 15, lines 4:11-16

### a.   Objectionable Testimony

The following wallet addresses belong to Mr. Lehman. JTX-1 (Thomas Lehman Declaration) ¶ 3:

- 0xc650f01eb5b8f267ad3e18282e649afa0158b188;

- 0xc2172a6315c1d7f6855768f843c420ebb36eda97;

- 0xe64f07d9d151ea7286b8470c8f38691baf2c146e; and

- 0x5927b9c6dde237639bc45c08455fa8f6f1072aa0.

### b.   Defendants' Grounds for Objection

JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a

coercive context.  The statements made in that declaration are, therefore, unreliable. Ms. Kindler's testimony restating the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

### c.    Plaintiff's Response to Objection

As a threshold matter, Defendants have waived their objections to the admissibility of JTX-1 (Declaration of Thomas Lehman) by including it on their own exhibit list (JTX-2277).  Yuga Labs did not object to JTX-2277, and it is therefore admitted into evidence.  Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Defendants' argument that they will be unfairly prejudiced by an exhibit that they themselves offered into evidence is unfounded.

To the extent Defendants argue that Mr. Lehman's testimony is unreliable, that question goes to the weight of his testimony, not the admissibility.  *See Ross v. City of Tustin*, No. SACV 18-2219 JVS (DFM), 2020 WL 1269839, at *7 (C.D. Cal. Jan 7, 2020) (overruling objections to declaration because "a mere question as to the credibility of [the] declaration" did not make it inadmissible); *see also*, Dkt. 209-1 (Yuga Labs' Opposition to Defendants' Ex Parte Application for Leave to File Sur-Reply) at 5-7.

Regardless, JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed, during Defendants' deposition of him, that the statements contained therein are truthful.  *See*, *e.g.*, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does."); *see also*, Dkt. 209-1 at 1-3.  On that basis alone, the declaration is not unreliable. Furthermore, however, the highly probative value of JTX-1 is not outweighed by any risk of unfair prejudice or confusing the issues.  Tellingly, Defendants do not object to

JTX-1 on the grounds of relevance because this exhibit is plainly relevant to the determination of Yuga Labs' remedies; specifically, the statements contained therein relate to the amount of money Mr. Lehman was paid for his involvement with the RR/BAYC business venture and Defendants' promotion of the RR/BAYC NFTs.  *See* Fed. R. Evid. 401, 402.  To the extent the Court allows Defendants to argue that they did not intend to confuse consumers, contrary to the Court's Order on Yuga Labs' Motion for Summary Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant to that issue.

Finally, Ms. Kindler is permitted to testify about materials she relied on in forming her opinions and disclosed in her report, without regard to the admissibility of the underlying evidence.  *See* Fed. R. Evid. 703, 705.  Ms. Kindler's testimony is therefore admissible.

**2.     Disputed Testimony:** Lauren Kindler, Objection to Paragraph 16, lines 4:17-19

**a.     Objectionable Testimony**

The following wallet address belongs to Mr. Hickman. JTX-72; JTX-1 (Thomas Lehman Declaration) ¶ 36:

• 0xF9C2Ba78aE44ba98888B0e9EB27EB63d576F261B.

**b.     Defendants' Grounds for Objection**

JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercive context.  The statements made in that declaration are, therefore, unreliable. Ms. Kindler's testimony citing to statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

1          **c.**      **Plaintiff's Response to Objection**

2          As a threshold matter, Defendants have waived their objections to the

3    admissibility of JTX-1 (Declaration of Thomas Lehman) by including it on their own

4    exhibit list (JTX-2277).  Yuga Labs did not object to JTX-2277, and it is therefore

5    admitted into evidence.  Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

6    which there is no objection shall be deemed admitted.").  Defendants' argument that

7    they will be unfairly prejudiced by an exhibit that they themselves offered into

8    evidence is unfounded.

9          To the extent Defendants argue that Mr. Lehman's testimony is unreliable, that

10   question goes to the weight of his testimony, not the admissibility.  *See Ross v. City of*

11   *Tustin*, No. SACV 18-2219 JVS (DFM), 2020 WL 1269839, at *7 (C.D. Cal. Jan 7,

12   2020) (overruling objections to declaration because "a mere question as to the

13   credibility of [the] declaration" did not make it inadmissible); *see also*, Dkt. 209-1

14   (Yuga Labs' Opposition to Defendants' Ex Parte Application for Leave to File Sur-

15   Reply) at 5-7.

16         Regardless, JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed,

17   during Defendants' deposition of him, that the statements contained therein are

18   truthful.  *See*, *e.g.*, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your

19   truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does.");

20   *see also*, Dkt. 209-1 at 1-3.  On that basis alone, the declaration is not unreliable.

21   Furthermore, however, the highly probative value of JTX-1 is not outweighed by any

22   risk of unfair prejudice or confusing the issues.  Tellingly, Defendants do not object to

23   JTX-1 on the grounds of relevance because this exhibit is plainly relevant to the

24   determination of Yuga Labs' remedies; specifically, the statements contained therein

25   relate to the amount of money Mr. Lehman was paid for his involvement with the

26   RR/BAYC business venture and Defendants' promotion of the RR/BAYC NFTs.  *See*

27   Fed. R. Evid. 401, 402.  To the extent the Court allows Defendants to argue that they

28

did not intend to confuse consumers, contrary to the Court's Order on Yuga Labs' Motion for Summary Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant to that issue.

Finally, Ms. Kindler is permitted to testify about materials she relied on in forming her opinions and disclosed in her report, without regard to the admissibility of the underlying evidence.  *See* Fed. R. Evid. 703, 705.  Ms. Kindler's testimony is therefore admissible.

**3.     Disputed Testimony:** Lauren Kindler, Objection to Paragraph 22, lines 5:19-21

**a.     Objectionable Testimony**

Mr. Lehman admits he was involved in developing the RRBAYCRSVP contract. JTX-1 (Thomas Lehman Declaration) ¶ 3.

**b.     Defendants' Grounds for Objection**

JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercive context.  The statements made in that declaration are, therefore, unreliable. Ms. Kindler's testimony citing to the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

**c.     Plaintiff's Response to Objection**

As a threshold matter, Defendants have waived their objections to the admissibility of JTX-1 (Declaration of Thomas Lehman) by including it on their own exhibit list (JTX-2277).  Yuga Labs did not object to JTX-2277, and it is therefore admitted into evidence.  Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Defendants' argument that

they will be unfairly prejudiced by an exhibit that they themselves offered into evidence is unfounded.

To the extent Defendants argue that Mr. Lehman's testimony is unreliable, that question goes to the weight of his testimony, not the admissibility. *See Ross v. City of Tustin*, No. SACV 18-2219 JVS (DFM), 2020 WL 1269839, at *7 (C.D. Cal. Jan 7, 2020) (overruling objections to declaration because "a mere question as to the credibility of [the] declaration" did not make it inadmissible); *see also*, Dkt. 209-1 (Yuga Labs' Opposition to Defendants' Ex Parte Application for Leave to File Sur-Reply) at 5-7.

Regardless, JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed, during Defendants' deposition of him, that the statements contained therein are truthful. *See*, *e.g.*, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does."); *see also*, Dkt. 209-1 at 1-3. On that basis alone, the declaration is not unreliable. Furthermore, however, the highly probative value of JTX-1 is not outweighed by any risk of unfair prejudice or confusing the issues. Tellingly, Defendants do not object to JTX-1 on the grounds of relevance because this exhibit is plainly relevant to the determination of Yuga Labs' remedies; specifically, the statements contained therein relate to the amount of money Mr. Lehman was paid for his involvement with the RR/BAYC business venture and Defendants' promotion of the RR/BAYC NFTs. *See* Fed. R. Evid. 401, 402. To the extent the Court allows Defendants to argue that they did not intend to confuse consumers, contrary to the Court's Order on Yuga Labs' Motion for Summary Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant to that issue.

Finally, Ms. Kindler is permitted to testify about materials she relied on in forming her opinions and disclosed in her report, without regard to the admissibility of

the underlying evidence.  *See* Fed. R. Evid. 703, 705.  Ms. Kindler's testimony is therefore admissible.

**4.     Disputed Testimony:** Lauren Kindler, Objection to Paragraph 44, lines 10:23-28

   **a.     Objectionable Testimony**

   When calculating Defendants' profits, transactions that were refunded through Defendants' RSVP smart contract were omitted. Specifically, transactions that were refunded through the RefundIssued and RSVPCanceled functions in the RSVP smart contract were not included in my calculation of profits. To my knowledge, Defendants have not produced any records of other refunds related to the sale of RR/BAYC NFTs.

   **b.     Defendants' Grounds for Objection**

   Paragraph 44, lines 10:23-28 are inadmissible as they were not included in Yuga Labs' Amended Offer of Proof for Lauren Kindler.  Dkt. 287-10.  Ms. Kindler's Amended Offer of Proof does not include an opinion on how or whether refunds were calculated when Ms. Kindler determined what profit the Defendants' received from their art collection. Further, the citations to her report included in the Amended Offer of Proof similarly do not include an opinion on how or whether refunds were calculated.  The Court's order states that "Lauren Kindler will not be permitted to offer any opinion at trial that was not set forth in her offer of proof filed with the Court." Dkt. 264.  Accordingly, this opinion is impermissible and should be removed based on the Court's order.

   **c.     Plaintiff's Response to Objection**

   Ms. Kindler's original offer of proof (Dkt. 268) and amended offer of proof (Dkt. 287-10) both transparently disclosed that based on, inter alia, "an analysis of ***transactions on the Ethereum blockchain***, [Ms. Kindler] reached the opinion that, as of February 1, 2023, Defendants earned $1,589,455 in profits associated with their

---

1   wrongful conduct (the promotion and sale of RR/BAYC NFTs)" (emphasis

2   added).  The Court's June 2, 2023 Order (Dkt. 264) required Yuga Labs to disclose

3   "the opinion or opinions which counsel expects to elicit from Lauren Kindler," not a

4   comprehensive preview of her testimony including each step of the calculations relied

5   on to derive her total.  Defendants also knew from Ms. Kindler's deposition that she

6   accounted for any supposed refunds and deducted those amounts from her overall

7   profit calculation.  Kindler Depo. Tr. at 96:11-16 ("Q. Did your analysis track whether

8   any of the NFTs that were initially minted were associated with a refund from, for

9   example, Mr. Ripps to the wallet to which it was minted?" / "A. Yes. If there were

10  refunds, we would have netted those out.").  Further, Ms. Kindler disclosed the data

11  for her calculations as part of her materials relied on, which Defendants had a full

12  opportunity to review and analyze, either themselves, with assistance of counsel, or

13  through an expert.  Dkt. 268-4 at 38 (disclosing 12 data files relied on for Ms.

14  Kindler's Opinion No. 1, each corresponding to Bates-numbered documents).  The

15  testimony complies with the Court's order.

16          Defendants cite no Rule of Evidence, and it is not clear what Defendants seek to

17  accomplish by having this opinion "removed" from Ms. Kindler's

18  testimony.  Defendants' apparent proposal is to exclude Ms. Kindler's explanation

19  that refunds are accounted for in her calculation, allowing Defendants to deduct such

20  refunds from their profits twice, at significant windfall to them and prejudice to Yuga

21  Labs.  Defendants admitted Ms. Kindler's calculation that "Defendants' gross revenue

22  from the initial sale of RR/BAYC NFTs totaled $1,920,933," Dkt. 354-1 at ¶ 12(a),

23  knowing that her gross revenue calculations excluded refunds.  Now they seek to

24  deduct refunds from that figure by striking Ms. Kindler's testimony that explains

25  refunds were never included.  This result would be particularly inequitable where

26  Defendants failed to identify a single refund transaction in response to interrogatories

27  requesting them.  Kindler Decl. ¶ 43.

28

1    The upcoming trial is dedicated solely to remedies, and Ms. Kindler's testimony

2  of Defendants' ill-gotten profits is directly relevant to that issue.  Fed. R. Evid. 401,

3  402.  Her testimony that she did not include refunds in the profits she calculated to be

4  disgorged is not prejudicial in any way to Defendants, Fed. R. Evid. 403, nor is it

5  inadmissible for any other reason.

6

7  **5.  Disputed Testimony:** Lauren Kindler, Objection to Paragraph 47, lines 11:15-18

8        **a.    Objectionable Testimony**

9        And, Mr. Lehman stated in his declaration: "It is my understanding that at least

10 Ripps also received royalties from the re-sale of RR/BAYC NFTs through NFT

11 marketplaces Foundation and Looksrare." JTX-1 (Thomas Lehman Declaration) ¶ 37.

12       **b.    Defendants' Grounds for Objection**

13       JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not

14 be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was

15 made in the context of his settlement with Yuga Labs and was drafted under a

16 coercive context.  The statements made in that declaration are, therefore, unreliable.

17 Ms. Kindler's testimony restating the statements made in Mr. Lehman's declaration is

18 similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is

19 substantially outweighed by a danger of unfair prejudice and confusing the issues.

20 The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

21       **c.    Plaintiff's Response to Objection**

22       As a threshold matter, Defendants have waived their objections to the

23 admissibility of JTX-1 (Declaration of Thomas Lehman) by including it on their own

24 exhibit list (JTX-2277).  Yuga Labs did not object to JTX-2277, and it is therefore

25 admitted into evidence.  Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

26 which there is no objection shall be deemed admitted.").  Defendants' argument that

27

28

1   they will be unfairly prejudiced by an exhibit that they themselves offered into

2   evidence is unfounded.

3         To the extent Defendants argue that Mr. Lehman's testimony is unreliable, that

4   question goes to the weight of his testimony, not the admissibility.  *See Ross v. City of*

5   *Tustin*, No. SACV 18-2219 JVS (DFM), 2020 WL 1269839, at *7 (C.D. Cal. Jan 7,

6   2020) (overruling objections to declaration because "a mere question as to the

7   credibility of [the] declaration" did not make it inadmissible); *see also*, Dkt. 209-1

8   (Yuga Labs' Opposition to Defendants' Ex Parte Application for Leave to File Sur-

9   Reply) at 5-7.

10         Regardless, JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed,

11   during Defendants' deposition of him, that the statements contained therein are

12   truthful.  *See*, *e.g.*, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your

13   truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does.");

14   *see also*, Dkt. 209-1 at 1-3.  On that basis alone, the declaration is not unreliable.

15   Furthermore, however, the highly probative value of JTX-1 is not outweighed by any

16   risk of unfair prejudice or confusing the issues.  Tellingly, Defendants do not object to

17   JTX-1 on the grounds of relevance because this exhibit is plainly relevant to the

18   determination of Yuga Labs' remedies; specifically, the statements contained therein

19   relate to the amount of money Mr. Lehman was paid for his involvement with the

20   RR/BAYC business venture and Defendants' promotion of the RR/BAYC NFTs.  *See*

21   Fed. R. Evid. 401, 402.  To the extent the Court allows Defendants to argue that they

22   did not intend to confuse consumers, contrary to the Court's Order on Yuga Labs'

23   Motion for Summary Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant

24   to that issue.

25         Finally, Ms. Kindler is permitted to testify about materials she relied on in

26   forming her opinions and disclosed in her report, without regard to the admissibility of

27

28

the underlying evidence.  *See* Fed. R. Evid. 703, 705.  Ms. Kindler's testimony is therefore admissible.

**6. Disputed Testimony:** Lauren Kindler, Objection to Paragraph 59, lines 13:15-18

    **a.    Objectionable Testimony**

Documents and testimony from discovery indicate that Mr. Lehman and Mr. Hickman each accrued 15 percent of profits from the initial sales of RR/BAYC NFTs from the RR/BAYC RSVP contract. JTX-1 (Thomas Lehman Declaration) ¶¶33-34; JTX-103.

    **b.    Defendants' Grounds for Objection**

JTX-1 is inadmissible under the Federal Rules of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of Thomas Lehman which was made in the context of his settlement with Yuga Labs and was drafted under a coercive context.  The statements made in that declaration are, therefore, unreliable.  Ms. Kindler's testimony citing to the statements made in Mr. Lehman's declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative value, which is substantially outweighed by a danger of unfair prejudice and confusing the issues. The exhibit should, therefore, be excluded. *See* Fed. R. Evid. 403.

    **c.    Plaintiff's Response to Objection**

As a threshold matter, Defendants have waived their objections to the admissibility of JTX-1 (Declaration of Thomas Lehman) by including it on their own exhibit list (JTX-2277).  Yuga Labs did not object to JTX-2277, and it is therefore admitted into evidence.  Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Defendants' argument that they will be unfairly prejudiced by an exhibit that they themselves offered into evidence is unfounded.

1    To the extent Defendants argue that Mr. Lehman's testimony is unreliable, that

2    question goes to the weight of his testimony, not the admissibility.  *See Ross v. City of*

3    *Tustin*, No. SACV 18-2219 JVS (DFM), 2020 WL 1269839, at *7 (C.D. Cal. Jan 7,

4    2020) (overruling objections to declaration because "a mere question as to the

5    credibility of [the] declaration" did not make it inadmissible); *see also*, Dkt. 209-1

6    (Yuga Labs' Opposition to Defendants' Ex Parte Application for Leave to File Sur-

7    Reply) at 5-7.

8    Regardless, JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed,

9    during Defendants' deposition of him, that the statements contained therein are

10   truthful.  *See*, *e.g.*, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your

11   truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does.");

12   *see also*, Dkt. 209-1 at 1-3.  On that basis alone, the declaration is not unreliable.

13   Furthermore, however, the highly probative value of JTX-1 is not outweighed by any

14   risk of unfair prejudice or confusing the issues.  Tellingly, Defendants do not object to

15   JTX-1 on the grounds of relevance because this exhibit is plainly relevant to the

16   determination of Yuga Labs' remedies; specifically, the statements contained therein

17   relate to the amount of money Mr. Lehman was paid for his involvement with the

18   RR/BAYC business venture and Defendants' promotion of the RR/BAYC NFTs.  *See*

19   Fed. R. Evid. 401, 402.  To the extent the Court allows Defendants to argue that they

20   did not intend to confuse consumers, contrary to the Court's Order on Yuga Labs'

21   Motion for Summary Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant

22   to that issue.

23   Finally, Ms. Kindler is permitted to testify about materials she relied on in

24   forming her opinions and disclosed in her report, without regard to the admissibility of

25   the underlying evidence.  *See* Fed. R. Evid. 703, 705.  Ms. Kindler's testimony is

26   therefore admissible.

27

28

Dated:  July 25, 2023

WILMER CUTLER PICKERING HALE & DORR LLP


By:*/s/ Louis W. Tompros*
     Louis W. Tompros
Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated:  July 25, 2023

FENWICK & WEST LLP


By:  */s/ Eric Ball*
     Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.


## ATTESTATION OF CONCURRENCE IN FILING

    Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball


By: */s/  Louis W. Tompros*
    Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
    **WILMER CUTLER PICKERING HALE AND DORR LLP**
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Fax: (617) 526-5000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys
of record via the Court's EFC system on July 25, 2023.


By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000