1    Louis W. Tompros (*pro hac vice*)
     louis.tompros@wilmerhale.com
2    Monica Grewal (*pro hac vice*)
     monica.grewal@wilmerhale.com
3    Scott W. Bertulli (*pro hac vice*)
     scott.bertulli@wilmerhale.com
4    Tyler Carroll (*pro hac vice*)
     tyler.carroll@wilmerhale.com
5    **WILMER CUTLER PICKERING**
       **HALE AND DORR LLP**
6    60 State Street
     Boston, MA 02109
7    Telephone: (617) 526-6000
     Fax: (617) 526-5000
8
     Derek Gosma (SBN 274515)
9    derek.gosma@wilmerhale.com
     Henry Nikogosyan (SBN 326277)
10   henry.nikogosyan@wilmerhale.com
     **WILMER CUTLER PICKERING**
11     **HALE AND DORR LLP**
     350 South Grand Ave., Suite 2400
12   Los Angeles, CA 90071
     Telephone: (213) 443-5300
13   Fax: (213) 443-5400

14   Attorneys for Defendants
     *Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT REGARDING OBJECTIONS TO NICOLE MUNIZ'S DECLARATION OF TRIAL TESTIMONY**<br><br>Judge: Hon. John F. Walter<br><br>Trial Date:  July 31, 2023 |

1

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com

2

FENWICK & WEST LLP
228 Santa Monica Boulevard

3

Santa Monica, CA 90401

4

Telephone:  310.434.4300

5

DAVID Y. SILLERS (*admitted pro hac vice*)

6

david@clarelocke.com

7

KATHRYN HUMPHREY (*admitted pro hac vice*)

8

kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)

9

megan@clarelocke.com

10

CLARE LOCKE LLP
10 Prince Street

11

Alexandria, VA 22314
Telephone:  202.628.7400

12

Attorneys for Plaintiff

13

YUGA LABS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT RE OBJECTIONS
TO MUNIZ DECLARATION

Pursuant to the Court's Order Regarding Objections to Declarations (Dkt. 352), Defendant Ryder Ripps and Defendant Jeremy Cahen and Plaintiff Yuga Labs, Inc. respectfully submit the following joint statement regarding Nicole Muniz's Declaration of Trial Testimony ("Muniz Declaration").

Pursuant to the Court's order, lead counsel for the parties met and conferred in person on July 24, 2023 in Los Angeles, California.  Eric Ball participated on behalf of the Plaintiff, and Louis Tompros participated on behalf of the Defendants.

## I.   **The parties were able to resolve the objections as to the following testimony:**

The parties agreed that, if Ms. Muniz does not appear live for cross examination, her declaration is not admissible.

## II.   **The parties were not able to resolve the objection to the following testimony:**

**1.   Disputed Testimony:** Nicole Muniz, Objections to Paragraph 6, lines 2:23-3-5, JTX-1461

### a.   **Objectionable Testimony**

We were also nearing the end of negotiations (which later resulted in an executed agreement, *see* JTX-1461 and JTX-1462 (Re-Tweets reflecting on the announced partnership)) with Gucci for a multi-year partnership that will involve Gucci creating clothing for Otherside and 10KTF (yet another NFT collection that Yuga Labs acquired during my tenure as CEO).

### b.   **Defendants' Grounds for Objection**

JTX-1461 is inadmissible hearsay under Federal Rule of Evidence 802 because it is a series of out-of-court statements contained on a third-party webpage to prove the truth of those statements.  Specifically, JTX-1461 is a tweet made by third-party

@alexisohanian praising a Gucci and Yuga Labs collaboration that retweets a tweet made by @OthersideMeta that announces a collaboration between Gucci and Yuga Labs. The declaration impermissibly cites these statements and uses them for the truth of the matter asserted within them, that there was a Gucci and Yuga Labs collaboration. *See* Fed. R. Evid. 801. No hearsay exception applies.

### c. Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-1461, thereby stipulating to its admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to _all but two_ of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 22; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). They have conceded that the document is admissible. Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted. Fed. R. Evid. 801(c)(2). She already testified in the same paragraph that there was a Gucci collaboration with Yuga Labs, a fact about which she has personal knowledge given her roles in the company. Rather, this exhibit and testimony is offered to demonstrate the established goodwill of Yuga Labs and their Bored Ape Yacht Club marks in light of the public recognition of the collaboration – the fact of the social media posts is what this testimony is offered to show. This exhibit and testimony demonstrate the information available to the public, and how the public would have perceived Yuga Labs' brand. This is important because Yuga Labs seeks an injunction to remedy the harm to that goodwill from Defendants' infringement. This testimony is about Yuga Labs' established goodwill, not the truth of any statement.

**2.     Disputed Testimony:** Nicole Muniz, Objections to Paragraph 6, lines 2:28-3:5, JTX-1462

     **a.     Objectionable Testimony**

We were also nearing the end of negotiations (which later resulted in an executed agreement, *see* JTX-1461 and JTX-1462 (Re-Tweets reflecting on the announced partnership)) with Gucci for a multi-year partnership that will involve Gucci creating clothing for Otherside and 10KTF (yet another NFT collection that Yuga Labs acquired during my tenure as CEO).

     **b.     Defendants' Grounds for Objection**

JTX-1462 is inadmissible hearsay under Federal Rule of Evidence 802 because it is a series of out-of-court statements contained on a third-party webpage to prove the truth of those statements.  Specifically, JTX-1462 is a tweet made by third-party @CitronButter that discusses their work on designing a necklace with Gucci and that retweets a tweet made by @OthersideMeta that announces a collaboration between Gucci and the Otherside.  The declaration impermissibly cites these statements and uses them for the truth of the matter asserted within them, that there was a Gucci and Yuga Labs collaboration. *See* Fed. R. Evid. 801.  No hearsay exception applies.

     **c.     Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-1462, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 22; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  She already testified in the same paragraph that there was a Gucci collaboration with Yuga Labs, a

fact about which she has personal knowledge given her roles in the company.  Rather, this exhibit and testimony is offered to demonstrate established goodwill of Yuga Labs and their Bored Ape Yacht Club marks in light of the public recognition of the collaboration – the fact of the social media posts is what this testimony is offered to show.  This exhibit and testimony demonstrate the information available to the public, and how the public would have perceived Yuga Labs' brand.  This is important because Yuga Labs seeks an injunction to remedy the harm to that goodwill from Defendants' infringement.  This testimony is about Yuga Labs' established goodwill, not the truth of any statement.

**3.      Disputed Testimony:** Nicole Muniz, Objections to Paragraph 6, lines 3:5-8, JTX-1299

**a.      Objectionable Testimony**

Yuga Labs had also successfully hosted two "ApeFest" events. ApeFest is an annual music festival that Yuga Labs produces for BAYC and MAYC NFT holders. JTX-1299 is a copy of the webpage for ApeFest 2022 (which Yuga Labs hosted from June 20-23, 2022).

**b.      Defendants' Grounds for Objection**

JTX-1299 is inadmissible hearsay under Federal Rule of Evidence 802 because it is a series of out-of-court statements contained on a webpage to prove the truth of those statements.  Specifically, JTX-1299 is a printout of the webpage "apefest.com" that includes the dates, performers, and other information about ApeFest.  The declaration uses this out of court statement for the truth of the matter asserted to support that the event took place from "June 20-23, 2022" and that "Yuga Labs hosted" the event. *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.    Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-1299, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 21; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, their hearsay objection is improper.

Moreover, this exhibit and the testimony about it are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Ms. Muniz has personal knowledge of ApeFest and the dates of the event. This exhibit corroborates her testimony, but it is also offered to demonstrate the popularity of Yuga Labs' Bored Ape Yacht Club brand and how Yuga Labs has used the brand in its commercial activities.  Similarly, this exhibit is not offered for the truth contained therein, but demonstrates what consumers saw when they visited the ApeFest website.  This is important because Yuga Labs seeks an injunction to remedy the harm to that goodwill from Defendants' infringement.  This testimony is about Yuga Labs' established goodwill and use of its Bored Ape Yacht Club brand, not the truth of any statement in the exhibit.

**4.    Disputed Testimony:** Nicole Muniz, Objections to Paragraph 6, lines 3:5-8, JTX-605

### a.    Objectionable Testimony

Finally, Yuga Labs had created and released merchandise to its community of NFT holders that featured the BAYC brand, for example as shown in JTX-605 (which shows BAYC branded clothing that we released in partnership with other brands).

### b.    Defendants' Grounds for Objection

1    JTX-605 is inadmissible hearsay under Federal Rule of Evidence 802 because it

2 is an out-of-court statement contained on a third-party webpage to prove the truth of

3 those statements.  Specifically, JTX-605 is a tweet made by @BoredApeYC that

4 discusses a collaboration with @McBess and @DudesFactory that includes photos of

5 clothing. The declaration uses this out of court statement for the truth of the matter

6 asserted, that there was "BAYC branded clothing that [Yuga] released in partnership

7 with other brands."  *See* Fed. R. Evid. 801.  No hearsay exception applies.

8         **c.    Plaintiff's Response to Objection**

9         Defendants withdrew their objections to JTX-605, thereby stipulating to its

10 admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**

11 **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

12 6; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

13 objection shall be deemed admitted.").  They have conceded that the document is

14 admissible.  Therefore, their hearsay objection is improper.

15        Moreover, this exhibit and the testimony about it are not hearsay because Ms.

16 Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid.

17 801(c)(2).  Ms. Muniz has personal knowledge of the merchandise that Yuga Labs

18 created and released.  This exhibit corroborates her testimony, but it also demonstrates

19 how the public perceived Yuga Labs' popularity and how Yuga Labs used its Bored

20 Ape Yacht Club brand in its commercial activities.  This exhibit and testimony

21 demonstrate the information available to the public, and how the public would have

22 perceived Yuga Labs' brand.   This is important because Yuga Labs seeks an

23 injunction to remedy the harm to that goodwill from Defendants' infringement.  This

24 testimony is about Yuga Labs' established goodwill and use of its Bored Ape Yacht

25 Club brand, not the truth of any statement in the exhibit.

26

27

28

**5.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 8, lines 4:12-16

   **a.   Objectionable Testimony**

   While I was Yuga Labs' CEO, Yuga Labs filed lawsuits relating to only one infringing NFT collection – the RR/BAYC collection – because the RR/BAYC collection was the only infringing collection trading off of the BAYC brand that led to confusion in the marketplace prompting complaints from our business partners, investors, and BAYC NFT holders.

   **b.   Defendants' Grounds for Objection**

   The testimony relies on impermissible hearsay under Federal Rule of Evidence 802.  Specifically, the declaration states that there were "complaints from our business partners, investors, and BAYC NFT holders" about the RR/BAYC art collection.  Said out-court-statements from unnamed third parties are being used for the truth of the matter asserted, that these anonymous persons complained about confusion associated with the RR/BAYC art collection.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

   **c.   Plaintiff's Response to Objection**

   This testimony is not hearsay because Ms. Muniz does not offer the truth of any statement made into evidence.  Fed. R. Evid. 801(c)(2).  Rather, this testimony is offered to show that statements were made which, whether truthful or not, harmed Yuga Labs as a result of Defendants' trademark infringement.  To wit, whether or not the complaints Ms. Muniz received from business partners, investors, and BAYC NFTs holders about RR/BAYC were true, those complaints had an impact on the relationship between the speaker and Yuga Labs.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  It is also relevant because Defendants have offered a false narrative that Yuga Labs sued

1  them to silence their free speech.  That accusation is false.  And courts have routinely

2  held that evidence of instances of confusion is not inadmissible hearsay because it is

3  not being offered for the truth of the matter asserted, but rather it demonstrates the

4  declarant's state of mind.  *See JIPC Mgm't, Inc. v. Incredible Pizza Co.*, No. CV 08–

5  04310 MMM, 2009 WL 8591607, at *12 (C.D. Cal. July 14, 2009) ("In general, out

6  of court statements by confused customers are not offered for the truth of the matter

7  asserted, and are therefore not hearsay.").  This testimony is about the effect of

8  Defendants' commercial activities on Yuga Labs, not about the truth of any

9  statement.

10

11  **6.      Disputed Testimony:** Nicole Muniz, Objection to Paragraph 9, lines 4:19-23

12         **a.      Objectionable Testimony**

13         Defendants Ryder Ripps' and Jeremy Cahen's ("Defendants") RR/BAYC

14  collection harmed Yuga Labs, including because it created confusion in the

15  marketplace about whether Yuga Labs had launched a new BAYC collection, whether

16  Yuga Labs would mint more BAYC NFTs, and whether the existing BAYC NFTs

17  were still an exclusive good.

18         **b.      Defendants' Grounds for Objection**

19         Paragraph 9, lines 4:19-23 is objectionable because it is an improper legal

20  conclusion under Federal Rules of Evidence 701 and 704.  A lay witness may not

21  offer legal conclusions.  Fed. R. Evid. 701; 704(a); *Chiate v. Morris*, 972 F.3d 1337

22  (table), 1992 WL 197591 at *6 (9th Cir. 1992).  Whether the RR/BAYC art collection

23  created confusion in the marketplace that harmed Yuga Labs is a legal conclusion that

24  is outside the permissible testimony of a lay witness.

25         **c.      Plaintiff's Response to Objection**

26         In Ms. Muniz's testimony, "confusion in the marketplace" is not being offered

27  as a term of art or "legal conclusion" – that is how she personally perceived the effect

28

1    of Defendants' commercial activities on Yuga Labs.  Ms. Muniz's testimony reflects

2    her own perception of confusion that existed after the launch of Defendants'

3    infringing NFTs.  Fed. R. Evid. 701.  The idea of confusion is certainly one that a lay

4    person can offer testimony about because it is not based on scientific, technical, or

5    other specialized knowledge.  Ms. Muniz testifies that she was personally aware of

6    instances of confusion, such was when Bloomberg mistook Defendants' infringing

7    NFTs for a Yuga Labs product and her testimony here reflects that confusion.  Dkt.

8    340, Muniz. Decl. ¶ 10.  Thus, her testimony reflects her own personal knowledge of

9    instances of confusion in the marketplace.  Fed. R. Evid. 602.

10

11   **7.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 10, lines 4:24-24

12          **a.    Objectionable Testimony**

13          Defendants initially started calling their new collection "BAYC V3" (JTX-689)

14   and "Bored Ape Yacht Club V3" (JTX-690), and this name caught on.

15          **b.    Defendants' Grounds for Objection**

16          Paragraph 10, lines 4:24-25 is inadmissible under Federal Rule of Evidence 602

17   because the testimony is not based on personal knowledge and is speculation.  Ms.

18   Muniz testifies as to what the Defendants called their "new collection" based on two

19   tweets made by Mr. Ripps that simply state "bayc v3" (JTX-689) and include a link to

20   a website that has the url https://x2y2.io/collection/bored-ape-yacht-club-v3-2/items

21   (JTX-690).  Ms. Muniz has not explained how she knows that these references to

22   BAYC V3 by Mr. Ripps were about his RR/BAYC art collection.  Further, Ms. Muniz

23   has not established any personal knowledge about how the Defendants referred to

24   their art collection.  This testimony, therefore, is not based on personal knowledge and

25   is mere speculation.  Additionally, Ms. Muniz has provided no support for her

26   statement that "this name caught on" and that statement, therefore, lacks foundation

27   and is also inadmissible under Rule 602.

28

c.      **Plaintiff's Response to Objection**

As Defendants' note, the foundation for this testimony is laid by Mr. Ripps'
own tweets referencing "bayc v3," one of which shows the use of Bored Ape Yacht
Club V3 on a marketplace for secondary sales.  Defendants frequently tweeted about
their infringing NFTs, and Ms. Muniz has personally seen Defendants' tweets
promoting these NFTs.  Dkt. 340, Muniz Decl. ¶ 6.  And by Defendants' own
admission their infringing products had been referred to as "Bored Ape Yacht Club
V3."  Cahen Decl. ¶ 253.  Ms. Muniz testifies that she was personally aware of others
using "Bored Ape Yacht Club V3" to refer to Defendants' infringing NFTs, including
employees and members of the press, including Bloomberg in a news segment.  Dkt.
340, Muniz. Decl. ¶ 10.  This adequately demonstrates Ms. Muniz's personal
knowledge that the "name caught on."  Fed. R. Evid. 602.

**8.      Disputed Testimony:** Nicole Muniz, Objection to Paragraph 10, lines 4:25-28

a.      **Objectionable Testimony**

Shortly after Defendants launched their infringing collection, I started to receive
reports from Yuga Labs' Vice President of Communications about press inquiries
concerning "Yuga Labs' 'BAYC V3'" collection.

b.      **Defendants' Grounds for Objection**

Paragraph 10, lines 4:25-28 is inadmissible hearsay under Federal Rule of
Evidence 802 because they use out-of-court statements for the truth of the matter
asserted.  Specifically, this testimony discusses "reports" Ms. Muniz received from an
unnamed "Vice President of Communications" about inquiries the press made about a
"Yuga Labs' 'BAYC V3'" NFT collection. The declaration uses these out of court
statements made by the Vice President of Communications for the truth of the matter
asserted that the "press" inquired about a supposed "Yuga Labs' 'BAYC V3'"
collection.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

1    c.    **Plaintiff's Response to Objection**

2    This testimony is not hearsay because Ms. Muniz does not offer the truth of any

3    statement made into evidence.  Fed. R. Evid. 801(c)(2).  Ms. Muniz has personal

4    knowledge of Defendants' use of "BAYC V3."  Whether or not the reports Ms. Muniz

5    received from Yuga Labs' Vice President of Communications about press inquiries

6    were true, those reports had an impact on the relationship between the speaker and

7    Yuga Labs.  Because Yuga Labs seeks an injunction that will protect its brand in the

8    marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed

9    Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to

10   correct the confusion in the marketplace.  It is also relevant because Defendants have

11   offered a false narrative that Yuga Labs sued them to silence their free speech.  That

12   accusation is false.  And courts have routinely held that evidence of instances of

13   confusion is not inadmissible hearsay because it is not being offered for the truth of

14   the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC*

15   *Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused

16   customers are not offered for the truth of the matter asserted, and are therefore not

17   hearsay.").  This testimony is about the effect of Defendants' commercial activities on

18   Yuga Labs, not about the truth of any statement.

19

20   **9.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 10, lines 5:5-11

21   **a.    Objectionable Testimony**

22   Furthermore, during Yuga Labs' 2022 ApeFest event, I was notified about a

23   Bloomberg segment attributing the RR/BAYCs to Yuga Labs. I first saw this report

24   when a BAYC NFT holder posted about the segment in the members-only Discord

25   channel. (JTX-1192 is a screen capture of that post.) I then went and watched the

26   Bloomberg segment myself. (JTX-1049 is the video and the Bored Ape Yacht Club

27

28

1   V3 is mentioned at 11:07; see also JTX-701, a screen capture of the Bloomberg
2   segment at a point when the RR/BAYC NFT collection is being discussed.)

3       **b.    Defendants' Grounds for Objection**

4       Paragraph 10, lines 5: 5-11 is inadmissible under Federal Rule of Evidence 602
5   because the testimony is not based on personal knowledge and is speculation.  Ms.
6   Muniz testifies that Bloomberg "attributed RR/BAYCs to Yuga Labs." For support,
7   Ms. Muniz states that she "watched the Bloomberg segment" that includes a chart of
8   "Top NFT Collections: Price by volume" (JTX-1049; JTX-701). Ms. Muniz has not
9   established any personal knowledge about what the Bloomberg reporters meant in
10  their statements or in the chart they created.  Additionally, Ms. Muniz has not
11  established that the Bloomberg reporters "attributed RR/BAYCs to Yuga Labs" which
12  is not stated anywhere in the video or chart.  Accordingly, Ms. Muniz's statements
13  lack foundation and are inadmissible under Rule 602.

14      **c.    Plaintiff's Response to Objection**

15      The foundation is laid through Ms. Muniz's testimony.  Fed. R. Evid. 602.  It is
16  uncontested that Yuga Labs owns the BAYC and BORED APE YACHT CLUB
17  marks.   Dkt. 225 at 6–10 (Yuga Labs owns the marks at issue in this litigation and
18  has not abandoned them).  Ms. Muniz has established through the volume of trading
19  of RR/BAYC NFTs as of June 21, 2022 (the same date of the Bloomberg segment and
20  Mr. Cahen's Tweet), her knowledge of the Bored Ape Yacht Club NFTs (by virtue of
21  being the CEO of Yuga Labs at that point), the company's extensive enforcement of
22  its brand, and the uniqueness of this particular infringing collection in that it is a near
23  identical copycat that the Bloomberg segment was referring to Defendants' infringing
24  products, and any use of Yuga Labs' marks to describe an NFT necessarily attributes
25  that NFT to Yuga Labs.  Dkt. 340, Muniz Decl. ¶ 10.  Therefore, this testimony
26  reflects Ms. Muniz's personal knowledge of the association between Defendants'

27
28

infringing NFTs and Yuga Labs' BORED APE YACHT CLUB and BAYC marks. Fed. R. Evid. 602.

**10.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 10, lines 5:11-21

**a.    Objectionable Testimony**

The collection referred to in the Bloomberg segment as "Bored Ape Yacht Club V3" is not a Yuga Labs collection; it is Defendants' RR/BAYC NFT collection. I know that because at that same time, OpenSea (one of the most popular secondary marketplaces for NFTs) reflected that RR/BAYC was trading at a higher volume on OpenSea than BAYC (JTX-684 is a screen capture from OpenSea showing RR/BAYC trading volume exceeding BAYC trading volume), and trading volume was an issue Bloomberg was reporting about in the segment that featured the RR/BAYC collection. Defendants were also promoting trading volume on their Twitter accounts (see JTX-683 and JTX-685 for examples of Defendants' Tweets about the trading volume).

**b.    Defendants' Grounds for Objection**

Paragraph 10, lines 5:11-21 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies as to what the unnamed Bloomberg reporters in a news segment meant in JTX-1049 and JTX-701 when they included a chart that lists "Top NFT Collections: Price by volume" that includes "Bored Ape Yacht Club V3." Specifically, the declaration states that the "Bored Ape Yacht Club V3" referenced by Bloomberg "is Defendants' RR/BAYC NFT collection."  Ms. Muniz attempts to support that statement by pointing to OpenSea trading volume (JTX-684) and tweets Defendants made (JTX-683 and JTX-685), but that all is mere speculation.  Ms. Muniz has not established any personal knowledge about what the Bloomberg reporters meant in their statements.  Accordingly, Ms. Muniz's statement lacks foundation and is inadmissible under Rule 602.

### c.   Plaintiff's Response to Objection

As Defendants' note, the foundation for this testimony is laid by Defendants' own tweets and the trading volume on OpenSea.  Fed. R. Evid. 602.  Ms. Muniz has established through the volume of trading of RR/BAYC NFTs as of June 21, 2022 (the same date of the Bloomberg segment and Mr. Cahen's Tweet), her knowledge of the Bored Ape Yacht Club NFTs (by virtue of being the CEO of Yuga Labs at that point), the company's extensive enforcement of its brand, and the uniqueness of this particular infringing collection in that it is a near identical copycat that the Bloomberg segment was referring to Defendants' infringing products.  Indeed, Mr. Cahen's own Tweets on the same day as the Bloomberg segment confirm that Defendants' infringing NFTs were trading at the highest volume on OpenSea and Foundation. JTX-683, JTX-685.  There is no dispute as to the authenticity or foundation of these Tweets.  Dkt. 271, Cahen Depo. Tr. at 140:20-21 ("That – that handle is mine, yes. Pauly0x is my Twitter account.").  Thus, there is ample foundation for Ms. Muniz's testimony that "Bored Ape Yacht Club V3" referred to Defendants' infringing NFTs. Therefore, this testimony reflects Ms. Muniz's personal knowledge.  Fed. R. Evid. 602.

**11.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 10, lines 5:13-19, JTX-684

### a.   Objectionable Testimony

I know that because at that same time, OpenSea (one of the most popular secondary marketplaces for NFTs) reflected that RR/BAYC was trading at a higher volume on OpenSea than BAYC (JTX-684 is a screen capture from OpenSea showing RR/BAYC trading volume exceeding BAYC trading volume), and trading volume

was an issue Bloomberg was reporting about in the segment that featured the RR/BAYC collection.

### b.    Defendants' Grounds for Objection

JTX-684 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement used for the truth of the matter asserted.  Specifically, this exhibit includes a post that Ms. Muniz states was made by third-party OpenSea that lists "Top collections over last 24 hours" and has "RR/BAYC" listed second and "Bored Ape Yacht Cl.." listed third. (JTX-684). The declaration uses this exhibit to support the assertion that Bloomberg, was featuring "the RR/BAYC collection" in its segment reporting about NFT trading volume.  Accordingly, the declaration is impermissibly using the exhibit for the truth of the matter asserted that the RR/BAYC collection had a higher trading volume than BAYC.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.    Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-684, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Regardless of whether Defendants' infringing NFTs were actually the highest volume NFT on OpenSea, this exhibit establishes that OpenSea reported that it was the highest volume NFT, which is relevant because that is the issue that Bloomberg then reported on June 21, 2022.  It demonstrates the information available to the public at the time, true or

1   not. Therefore, this exhibit is relevant regardless of whether the representations of

2   trading volume are accurate.

3

4   **12.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 11, lines 5:25-6:2

5        **a.    Objectionable Testimony**

6        Each of these managers explained that they handled the situation with their

7   reports, but more than one of them also expressed concern to me that the RR/BAYC

8   collection was problematic because their reports were distracted and felt left out of

9   plans for the company when they heard about a "V3" BAYC collection and saw the

10  RR/BAYC collection on social media and secondary marketplaces.

11       **b.    Defendants' Grounds for Objection**

12       Paragraph 11, lines 5:25-6:2, is inadmissible hearsay under Federal Rule of

13  Evidence 802 because it relies on out-of-court statements of "reports" made to

14  unknown "managers" for the truth of the matter asserted.  Ms. Muniz testifies that the

15  RR/BAYC NFTs were problematic and that Yuga employees were distracted and felt

16  left out of the planning.  Mr. Muniz uses these out-of-court statements to prove the

17  truth of the matter asserted which is that the RR/BAYC project was "problematic" and

18  that Yuga employees felt "left out" of company operations because of the RR/BAYC

19  project.  *See* Fed. R. Evid. 801. No hearsay exception applies.

20       **c.    Plaintiff's Response to Objections**

21       This testimony is not hearsay because Ms. Muniz does not offer the truth of any

22  statement made into evidence.  Fed. R. Evid. 801(c)(2).  Rather, this testimony is

23  offered to show that statements were made which, whether truthful or not, harmed

24  Yuga Labs as a result of Defendants' trademark infringement.  To wit, whether or not

25  the complaints Ms. Muniz received from managers about "V3" were true those

26  complaints had an impact on the relationship between the employee and Yuga

27  Labs.  And Defendants' own testimony confirms the truth of Ms. Muniz's testimony.

28

Dkt. 344, Cahen Decl. ¶ 253.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  And courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").   It is also relevant because Defendants have offered a false narrative that Yuga Labs sued them to silence their free speech.  That accusation is false.  This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

**13.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 12, lines 6:3-4

    **a.    Objectionable Testimony**

In May 2022, Mr. Ripps began using a BAYC image as his Twitter profile picture.

    **b.    Defendants' Grounds for Objection**

Paragraph 12, lines 6:3-4 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that "In May 2022" Mr. Ripps "began using a BAYC image as his Twitter profile."  For support, she cites JTX-132, which shows Mr. Ripps' Twitter page on May 16, 2022.  Ms. Muniz does not establish any personal knowledge, however, about when Mr. Ripps updated his "Twitter profile picture."  There is no information provided to show whether the update occurred before May 2022 and this

statement is based solely on a capture of Mr. Ripps's Twitter page.  Accordingly, Ms.
Muniz's statement lacks foundation and is inadmissible under Rule 602.

### c.    Plaintiff's Response to Objection

Ms. Muniz's testimony establishes her personal knowledge of the subject matter
and refutes Defendants' speculation claim.  Fed. R. Evid. 602 ("Evidence to prove
personal knowledge may consist of the witness's own testimony."); *see Barthelemy v.
Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's
personal knowledge may be inferred from a declarant's "position[ ] and the nature of
their participation in the matters.").  Ms. Muniz testified that she had encountered
Defendants' Tweets on her Twitter feed, and thus has personal knowledge of their
Twitter accounts.  Dkt. 340, Muniz Decl. ¶ 10.  And JTX-132, which Defendants
agree is admissible, demonstrates that in May of 2022 Mr. Ripps was using a Bored
Ape as his profile picture on Twitter, on this there is no dispute.  Further, Ms. Muniz
has learned the facts of this case as a participant in the litigation.  Ms. Muniz's
testimony is within her personal knowledge.  Fed. R. Evid. 602.

### 14.    Disputed Testimony: Nicole Muniz, Objection to Paragraph 12, lines 6:6-**9**

### a.    Objectionable Testimony

At some point Mr. Ripps connected his wallet to Twitter which resulted in his
profile picture showing a hexagon around the ape, making it look like Mr. Ripps was
using a BAYC NFT, even though it was really an RR/BAYC that he was using. (See
JTX-857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556 shows a
Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his
profile picture on Twitter; see also JTX-524.).

### b.    Defendants' Grounds for Objection

Paragraph 12, lines 6:6-9 are inadmissible under Federal Rule of Evidence 602
because the testimony is not based on personal knowledge and is speculation.  Ms.

1  Muniz testifies that "Mr. Ripps connected his wallet to Twitter," which updated his

2  profile picture and that it was "an RR/BAYC that he was using" for the picture. For

3  support, Ms. Muniz cites JTX-857, which shows a tweet Mr. Ripps made with a

4  hexagonal profile picture.  Ms. Muniz does not establish any personal knowledge,

5  however, about how Mr. Ripps updated his Twitter profile picture, whether he

6  connected a crypto wallet, and what NFTs he used for the profile picture.  This

7  testimony is mere speculation about what steps Mr. Ripps took.  Accordingly, Ms.

8  Muniz's statement lacks foundation and is inadmissible under Rule 602.

9        **c.**    **Plaintiff's Response to Objection**

10       This testimony does not lack foundation.  Ms. Muniz was the CEO of a

11  company that markets NFTs, she has personal knowledge Twitter's implementation of

12  the hexagonal profile picture, and that the Bored Ape image Mr. Ripps was using did

13  not belong to him.  And Ms. Muniz testifies to the fact that she had personally

14  observed Mr. Ripps' Twitter account and thus had personal knowledge of what image

15  he had used as his profile picture.  Dkt. 340, Muniz Decl. ¶ 10.  Therefore, this

16  testimony reflects Ms. Muniz's personal knowledge.  Fed. R. Evid. 602.

17

18  **15.**    **Disputed Testimony:** Nicole Muniz, Objection to Paragraph 12, lines 6:9-12

19        **a.**    **Objectionable Testimony**

20       (*See* JTX- 857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556

21  shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT

22  as his profile picture on Twitter; *see also* JTX-524.).

23        **b.**    **Defendants' Grounds for Objection**

24       Paragraph 12, lines 6:9-12 are inadmissible under Federal Rule of Evidence 602

25  because the testimony is not based on personal knowledge and is speculation.  Ms.

26  Muniz testifies that exhibit JTX-1556 "shows a Twitter user expressing confusion

27  over Mr. Ripps' use of his RR/BAYC NFT as his profile picture on Twitter…" Ms.

28

Muniz, however, does not establish any personal knowledge about how she knows the third-party user's Tweet was a genuine expression of confusion and not sarcasm, a joke, or some other reference. This testimony is speculation about what the Twitter user meant to express. Accordingly, Ms. Muniz's statement lacks foundation and is inadmissible under Rule 602.

### c.       Plaintiff's Response to Objection

This testimony does not lack foundation. Ms. Muniz does not testify that the user's Tweet was "a genuine expression of confusion." The Tweet expresses confusion, whether or not that expression is genuine or sarcastic. And the Court, will weigh this evidence. Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace, whether or not the expression of confusion was genuine. Therefore, this testimony is based on Ms. Muniz's personal knowledge and perception of the Tweet. Fed. R. Evid. 602.

### 16.   Disputed Testimony: Nicole Muniz, Objection to Paragraph 12, lines 6:9-12, JTX-1556

### a.       Objectionable Testimony

(*See* JTX- 857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556 shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his profile picture on Twitter; *see also* JTX-524.).

### b.       Defendants' Grounds for Objection

JTX-1556 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @Jclineshow that states "I'm confused. The verified profile of Ryder Ripps also has the hexagon…" This

declaration uses this out of court statement for the truth of the matter asserted, that the user was confused, and Ms. Muniz testifies that the exhibit "shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his profile picture…"  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.      Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-1556, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 25; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Rather, this exhibit and testimony are offered to demonstrate how Defendants' infringement harmed Yuga Labs goodwill.  Whether or not Mr. Cline's tweet was genuine or sarcastic, consumers and brand partners who encountered the Tweet would perceive it as harmful to Yuga Labs' exclusivity.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  And courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted,

1   and are therefore not hearsay.").  This testimony is about the effect of Defendants'

2   commercial activities on Yuga Labs, not about the truth of any statement.

3

4   **17.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 12, lines 6:9-12,

5   JTX-524

6         **a.   Objectionable Testimony**

7         (*See* JTX- 857 to see Mr. Ripps' use of an NFT as his profile picture; JTX-1556

8   shows a Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT

9   as his profile picture on Twitter; *see also* JTX-524.).

10        **b.   Defendants' Grounds for Objection**

11        JTX-524 is inadmissible hearsay under Federal Rule of Evidence 802 because it

12   is an out-of-court statement used for the truth of the matter asserted.  Specifically, this

13   exhibit includes a Tweet made by third-party @Jclineshow that states "I can't believe

14   of all people @ryder_ripps finally bought a BAYC."  This declaration uses this out of

15   court statement for the truth of the matter asserted, that the user was confused and

16   thought Mr. Ripps bought a BAYC.  Ms. Muniz testifies that the exhibit "shows a

17   Twitter user expressing confusion over Mr. Ripps' use of his RR/BAYC NFT as his

18   profile picture…"  Ms. Muniz's testimony is relying on the truth of the matter asserted

19   in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception

20   applies.

21        **c.   Plaintiff's Response to Objection**

22        Defendants withdrew their objections to JTX-524, thereby stipulating to its

23   admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**

24   **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

25   6; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

26   objection shall be deemed admitted.").  They have conceded that the document is

27   admissible.  Therefore, their hearsay objection is improper.

28

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Rather, this exhibit and testimony are offered to demonstrate how Defendants' infringement harmed Yuga Labs goodwill.  Whether or not Mr. Cline's tweet was genuine or sarcastic, consumers and brand partners who encountered the Tweet would perceive it as harmful to Yuga Labs' exclusivity.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  And courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").  This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

**18.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 13, lines 6:18-19

      **a.    Objectionable Testimony**

They directed their Tweets not just to their followers, but to the NFT community and the Bored Ape Yacht Club members generally.

      **b.    Defendants' Grounds for Objection**

Paragraph 13, lines 6:18-19, is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Ms. Muniz's testimony about Defendants' intended audience for their Tweets is beyond her knowledge because she has no basis for knowing what Defendants were thinking, nor lays foundation showing that she could tell what Defendants were

1  thinking when they drafted their tweets.  Yuga has failed to lay foundation to support

2  this assertion.

3       **c.      Plaintiff's Response to Objection**

4       This testimony does not lack foundation.  Ms. Muniz has personal knowledge

5  of the reach of Defendants' Tweets.  Fed. R. Evid. 602.  Indeed, Ms. Muniz testifies

6  that she encountered Defendants' Tweets despite not following them on Twitter.  Dkt.

7  340, Muniz Decl. ¶ 10.  Whether or not Defendants intended for their Tweets to be

8  directed to the crypto community as a whole, Ms. Muniz's testimony demonstrates

9  that the Tweets were directed broadly to reach other members of "crypto Twitter"

10  outside of their own followers.  Thus, Ms. Muniz has personal knowledge that

11  Defendants' Tweets did not just reach their own followers, but were directed to the

12  crypto community as a whole.  Fed. R. Evid. 602.

13

14  **19.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 13, lines 6:21-24

15       **a.      Objectionable Testimony**

16       They also marketed directly to the BAYC community (and those interested in

17  BAYC) using BAYC trademarks in a way that looked like Yuga Labs might be

18  associated with their collection in order to sell their infringing RR/BAYC NFTs.

19       **b.      Defendants' Grounds for Objection**

20       Paragraph 13, lines 6:21-24, is inadmissible under Federal Rule of Evidence

21  602 because the testimony is not based on personal knowledge and is speculation.

22  Ms. Muniz's testimony about Defendants' "marketing" strategy is speculative because

23  she has no basis for knowing what Defendants were thinking, nor lays foundation

24  showing that she could tell what Defendants were thinking when they were promoting

25  RR/BAYC NFTs.  She provides no support for her statement, nor does she show how

26  she would know Defendants' intentions in promoting RR/BAYC NFTs.

27       **c.      Plaintiff's Response to Objection**

28

---

This testimony does not lack foundation.  Ms. Muniz has personal knowledge of the reach of Defendants' Tweets.  Indeed, Ms. Muniz testifies that she encountered Defendants' Tweets despite not following them on Twitter.  Dkt. 340, Muniz Decl. ¶ 10.  This testimony is further supported by Defendants' own Tweets referring to and promoting their infringing NFTs with "bayc v3" which directly incorporates Yuga Labs' BAYC mark.  JTX-689, 690; *see also*, JTX-696 in which Defendants market directly to the Yuga Labs community.  Therefore, Ms. Muniz has personal knowledge of the efforts that Defendants took to trade off of Yuga Labs' goodwill and market to Bored Ape Yacht Club holders.  Fed. R. Evid. 602.

**20.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 13, lines 6:27-7:3

**a.    Objectionable Testimony**

It was also confusing because BAYC NFT holders *do* receive commercial rights from Yuga Labs to use their images, and this fact is something that Yuga Labs is known for innovating in Web3.  Therefore, Mr. Ripps' Tweets about commercial rights in RR/BAYC furthered the confusing association between the RR/BAYC NFTs and BAYC NFTs.

**b.    Defendants' Grounds for Objection**

Paragraph 13, lines 6:27-7:3 is objectionable because it is an improper legal conclusion.  A lay witness may not offer legal conclusions.  Fed. R. Evid. 701; 704(a); *Chiate v. Morris*, 972 F.3d 1337 (table), 1992 WL 197591 at *6 (9th Cir. 1992).  The assertion that Mr. Ripps' tweets caused confusion is a legal conclusion.  This is further buttressed by the fact that Ms. Muniz couches her language as a conclusion using the term "[t]herefore" to showcase her conclusion.

This testimony is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz's assertion that this particular tweet caused confusion in the market does not

derive from any personal knowledge, nor does she provide a basis for how this is within her personal knowledge.  Yuga has failed to lay foundation to support this assertion.

### c.      Plaintiff's Response to Objection

In Ms. Muniz's testimony, "confusing" is not being offered as a term of art,  or "legal conclusion" – that is how she personally perceived the effect of Defendants' commercial activities on Yuga Labs.  Rather it reflects her own perception of confusion that existed after the launch of Defendants' infringing NFTs.  Fed. R. Evid. 602, 701.  The idea of confusion is certainly one that a lay person can offer testimony about because it is not based on scientific, technical, or other specialized knowledge.  Ms. Muniz testifies that she was personally aware of instances of confusion, such was when Bloomberg mistook Defendants' infringing NFTs for a Yuga Labs product and her testimony here reflects that confusion.  Dkt. 340, Muniz. Decl. ¶ 10.  And Ms. Muniz's own testimony describes why she personally found Defendants' marketing tactics confusing, specifically that Defendants marketed their NFTs as granting holders commercial rights to use Yuga Labs' images.  Thus, her testimony reflects her own personal knowledge.  Fed. R. Evid. 602.

**21.**    **Disputed Testimony:** Nicole Muniz, Objection to Paragraph 14, lines 7:25-27; JTX-1029

### a.      Objectionable Testimony

(*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

### b.      Defendants' Grounds for Objection

JTX-1029 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted.

1    Specifically, this exhibit includes a Tweet made by third-party @0xQuit that states
2    "The confusion in these comments will be prime evidence in the RR v Yuga case."
3    This declaration uses this out of court statement, believing it to be true, to support Ms.
4    Muniz's testimony that there are "comments showing the confusion."  Ms. Muniz's
5    testimony is relying on the truth of the matter asserted in this exhibit and is, therefore,
6    hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

7          **c.    Plaintiff's Response to Objection**

8          Defendants withdrew their objections to JTX-1029, thereby stipulating to its
9    admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**
10   **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at
11   13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no
12   objection shall be deemed admitted.").  They have conceded that the document is
13   admissible.  Therefore, their hearsay objection is improper.

14         This exhibit and testimony are not hearsay because Ms. Muniz does not offer
15   them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the
16   Twitter users were actually confused, this exhibit demonstrates that consumers and
17   brand partners who encountered the Tweets would believe that Defendants'
18   infringement was causing confusion in the marketplace.  Thus, this exhibit is not
19   offered for the truth contained therein, but demonstrates what consumers and others
20   would have encountered on Twitter in connection with Yuga Labs' Bored Ape Yacht
21   Club brand.  Because Yuga Labs seeks an injunction that will protect its brand in the
22   marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed
23   Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to
24   correct the confusion in the marketplace.  And courts have routinely held that
25   evidence of instances of confusion is not inadmissible hearsay because it is not being
26   offered for the truth of the matter asserted, but rather it demonstrates the declarant's
27   state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court

28

1  statements by confused customers are not offered for the truth of the matter asserted,

2  and are therefore not hearsay."). This testimony is about the effect of Defendants'

3  commercial activities on Yuga Labs, not about the truth of any statement.

4  **22.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 14, lines 7:25-27;

5  JTX-1030

6  **a.   Objectionable Testimony**

7  (*See* JTX-1029 as an example of a Tweet from one of these bots and the

8  comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for

9  more examples of the same.)

10  **b.   Disputed Testimony, Grounds for Objection**

11  JTX-1030 is inadmissible hearsay under Federal Rule of Evidence 802 because

12  it is an out-of-court statement being used for the truth of the matter asserted.

13  Specifically, this exhibit includes a Tweet made by third-party @0xToven replying to

14  @0xQuit that says "I looked on chain and didn't even realize it was RR." The

15  declaration uses this out of court statement, believing it to be true, that the user did not

16  realize the NFT "was RR" and was confused, to support Ms. Muniz's statement that

17  there are "comments showing the confusion." Ms. Muniz's testimony is relying on

18  the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R.

19  Evid. 801. No hearsay exception applies.

20  **c.   Plaintiff's Response to Objection**

21  Defendants withdrew their objections to JTX-1030, thereby stipulating to its

22  admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**

23  **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

24  13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

25  objection shall be deemed admitted."). They have conceded that the document is

26  admissible. Therefore, their hearsay objection is improper.

27

28

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the Twitter users were actually confused, this exhibit demonstrates that consumers and brand partners who encountered the Tweets would believe that Defendants' infringement was causing confusion in the marketplace.  Thus, this exhibit is not offered for the truth contained therein, but demonstrates what consumers and others would have encountered on Twitter in connection with Yuga Labs' Bored Ape Yacht Club brand.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  And courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").  This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

23.   **Disputed Testimony:** Nicole Muniz, Objection to Paragraph 14, lines 7:25-27;
      JTX-1031

      **a.   Objectionable Testimony**

      (*See* JTX-1029 as an example of a Tweet from one of these bots and the
comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for
more examples of the same.)

      **b.   Defendants' Grounds for Objection**

      JTX-1031 is inadmissible hearsay under Federal Rule of Evidence 802 because
it is an out-of-court statement being used for the truth of the matter asserted.

Specifically, this exhibit includes a Tweet made by third-party @apeuniverse_eth that says, "What a gold ape sold for 6eth must be a glitch!"  The declaration uses this out of court statement, believing it to be true, that the user thought "a gold ape for 6eth" was a glitch and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion."  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.   Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-1031, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the Twitter users were actually confused, this exhibit demonstrates that consumers and brand partners who encountered the Tweets would believe that Defendants' infringement was causing confusion in the marketplace.  Thus, this exhibit is not offered for the truth contained therein, but demonstrates what consumers and others would have encountered on Twitter in connection with Yuga Labs' Bored Ape Yacht Club brand.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  And courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's

state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").  This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

24.    **Disputed Testimony:** Nicole Muniz, Objection to Paragraph 14, lines 7:25-27; JTX-1032

a.    **Objectionable Testimony**

(*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

b.    **Defendants' Grounds for Objection**

JTX-1032 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @Cryptonidis replying to @0xGem that says, "Something fishy…wtf 6 eth for this golden #BAYC?"  The declaration uses this out of court statement, to prove the truth of the underlying statement, that the user thought "something [was] fishy[]" and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion." Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

c.    **Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-1032, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

objection shall be deemed admitted."). They have conceded that the document is
admissible. Therefore, their hearsay objection is improper.

      This exhibit and testimony are not hearsay because Ms. Muniz does not offer
them for the truth of the matter asserted. Fed. R. Evid. 801(c)(2). Whether or not the
Twitter users were actually confused, this exhibit demonstrates that consumers and
brand partners who encountered the Tweets would believe that Defendants'
infringement was causing confusion in the marketplace. Thus, this exhibit is not
offered for the truth contained therein, but demonstrates what consumers and others
would have encountered on Twitter in connection with Yuga Labs' Bored Ape Yacht
Club brand. Because Yuga Labs seeks an injunction that will protect its brand in the
marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed
Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to
correct the confusion in the marketplace. And courts have routinely held that
evidence of instances of confusion is not inadmissible hearsay because it is not being
offered for the truth of the matter asserted, but rather it demonstrates the declarant's
state of mind. *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court
statements by confused customers are not offered for the truth of the matter asserted,
and are therefore not hearsay."). This testimony is about the effect of Defendants'
commercial activities on Yuga Labs, not about the truth of any statement.

**25.  Disputed Testimony:** Nicole Muniz, Objection to Paragraph 14; lines 7:25-27;
      JTX-1034

      **a.  Objectionable Testimony**

      (*See* JTX-1029 as an example of a Tweet from one of these bots and the
comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for
more examples of the same.)

**b.      Defendants' Grounds for Objection**

JTX-1034 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @joergloo replying to @0xGem that says "steel."  The declaration uses this out of court statement, believing it to be true, that the user thought the NFT price was a "steel" and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion." Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

**c.      Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-1034, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the Twitter users were actually confused, this exhibit demonstrates that consumers and brand partners who encountered the Tweets would believe that Defendants' infringement was causing confusion in the marketplace.  Thus, this exhibit is not offered for the truth contained therein, but demonstrates what consumers and others would have encountered on Twitter in connection with Yuga Labs' Bored Ape Yacht Club brand.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  And courts have routinely held that

evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.  See *JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").   This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

**26.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 14; lines 7:25-27; JTX-1035

   **a.   Objectionable Testimony**

   (*See* JTX-1029 as an example of a Tweet from one of these bots and the comments showing the confusion; *see also* JTX-1030, 1031, 1032, 1034, 1035 for more examples of the same.)

   **b.   Defendants' Grounds for Objection**

   JTX-1035 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted. Specifically, this exhibit includes a Tweet made by third-party @NFTBuffet replying to @0xGem that says, "damn i could have afforded this." The declaration uses this out of court statement, believing it to be true, that the user thought the NFT price was a remarkably affordable and was confused, to support Ms. Muniz's statement that there are "comments showing the confusion."  Ms. Muniz's testimony is relying on the truth of the matter asserted in this exhibit and is, therefore, hearsay. *See* Fed. R. Evid. 801. No hearsay exception applies.

   **c.   Plaintiff's Response to Objection**

   Defendants withdrew their objections to JTX-1035, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no
objection shall be deemed admitted.").  They have conceded that the document is
admissible.  Therefore, their hearsay objection is improper.

This exhibit and testimony are not hearsay because Ms. Muniz does not offer
them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the
Twitter users were actually confused, this exhibit demonstrates that consumers and
brand partners who encountered the Tweets would believe that Defendants'
infringement was causing confusion in the marketplace.  Thus, this exhibit is not offered
for the truth contained therein, but demonstrates what consumers and others would have
encountered on Twitter in connection to Yuga Labs' Bored Ape Yacht Club brand.
Because Yuga Labs seeks an injunction that will protect its brand in the marketplace,
this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs'
established goodwill and why it prompted Yuga Labs to take steps to correct the
confusion in the marketplace.  And courts have routinely held that evidence of instances
of confusion is not inadmissible hearsay because it is not being offered for the truth of
the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC
Mgm't, 2009 WL 8591607, at \*12* ("In general, out of court statements by confused
customers are not offered for the truth of the matter asserted, and are therefore not
hearsay.").  This testimony is about the effect of Defendants' commercial activities on
Yuga Labs, not about the truth of any statement.

**27.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 15, lines 8:1-8:3

**a.   Objectionable Testimony**

From my perspective, Defendants were riding the coattails of Yuga Labs'
efforts to promote ApeFest by aggressively promoting their infringing NFTs at the
same time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### b.  Defendants' Grounds for Objection

Paragraph 15, lines 8:1-3 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz ascribes motive to Defendants "From [her] perspective."  Ms. Muniz's own perspective cannot form the basis for knowledge about another person's thoughts and motivations.  The declaration provides no basis for how she could have derived this knowledge except through speculation.

### c.  Plaintiff's Response to Objection

This testimony does not lack foundation.  As Defendants note, Ms. Muniz is testifying to her own perspective of Defendants' marketing tactics.  Ms. Muniz's perspective is necessarily within her own personal knowledge, and she amply testifies that as the CEO of Yuga Labs she understood how unique their copycat infringement was as compared to other infringing collections the company has handled with less effort required to remedy the harm.  Fed. R. Evid. 602.  The Court will weigh this testimony, and no further foundation needs to be laid for this testimony.

**28.  Disputed Testimony:** Nicole Muniz, Objection to Paragraph 15, lines 5-13

### a.  Objectionable Testimony

During ApeFest, I received complaints from BAYC members about Twitter "Spaces" (live discussions on Twitter) that Defendants hosted, which they promoted as "Bored Ape Yacht Club" or "BAYC" spaces, but which were about the RR/BAYC NFTs, not the BAYC collection. I understood that BAYC holders who attended these Twitter "Spaces" were upset because they thought they were attending a BAYC community event and were disappointed and frustrated when they realized it was not. Another fact I took away from these conversations was that these BAYC holders expected Yuga Labs to put a stop to these Spaces.

---

Case 2:22-cv-04355-JFW-JEM   Document 368   Filed 07/25/23   Page 39 of 54   Page ID
#:26068

1          **b.      Defendants' Grounds for Objection**

2          Paragraph 15, lines 8:5-13, of the Muniz Declaration is inadmissible hearsay

3    under Federal Rule of Evidence 802 because it relies on out-of-court statements of

4    "complaints" from unnamed "BAYC members" for the truth of the matter asserted.

5    Ms. Muniz uses this testimony to prove the substance of these complaints: namely

6    that Defendants held Twitter spaces and that BAYC holders were upset and expected

7    Yuga to stop these spaces.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

8          **c.      Plaintiff's Response to Objection**

9          This testimony is not hearsay because Ms. Muniz does not offer the truth of any

10   statement made into evidence.  Fed. R. Evid. 801(c)(2).  Rather, this testimony is

11   offered to show that statements were made which, whether truthful or not, harmed

12   Yuga Labs as a result of Defendants' trademark infringement.  To wit, whether or not

13   the complaints Ms. Muniz received from BAYC members about Defendants' Twitter

14   Spaces were true, those complaints had an impact on the relationship between the

15   speaker and Yuga Labs.  Because Yuga Labs seeks an injunction that will protect its

16   brand in the marketplace, this testimony demonstrates how Defendants' infringing

17   NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to

18   take steps to correct the confusion in the marketplace.  It is also relevant because

19   Defendants have offered a false narrative that Yuga Labs sued them to silence their

20   free speech.  That accusation is false.  And courts have routinely held that evidence of

21   instances of confusion is not inadmissible hearsay because it is not being offered for

22   the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.

23   *See JIPC Mgm't*, 2009 WL 8591607, at *12 ("In general, out of court statements by

24   confused customers are not offered for the truth of the matter asserted, and are

25   therefore not hearsay.").   This testimony is about the effect of Defendants'

26   commercial activities on Yuga Labs, not about the truth of any statement.

27

28

Case No. 2:22-cv-04355-JFW-JEM              -37-          JOINT STATEMENT RE OBJECTIONS
                                                              TO MUNIZ DECLARATION

**29.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 15, lines 8:13-18

### a.   Objectionable Testimony

At ApeFest, I also received complaints from at least three BAYC members (known as Jimmy, Captain Trippy, and Cameron) about confusion they believed existed in the market between real Apes and "fake" apes (which they each identified as holders of an RR/BAYC NFT), and their concern that a BAYC NFT was no longer exclusive or as meaningful as a digital identity.

### b.   Defendants' Grounds for Objection

Paragraph 15, lines 8:13-18, of the Muniz Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements of "complaints" from three named BAYC members identified only as "Jimmy," "Captain Trippy," and "Cameron" for the truth of the matter asserted.  Ms. Muniz uses this testimony to prove the substance of these complaints: namely that there was confusion in the market between BAYC and the RR/BAYC project and that BAYC members were concerned that their BAYC NFTs lost value as a digital identity.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.   Plaintiff's Response to Objection

This testimony is not hearsay because Ms. Muniz does not offer the truth of any statement made into evidence.  Fed. R. Evid. 801(c)(2).  Rather, this testimony is offered to show that statements were made which, whether truthful or not, harmed Yuga Labs as a result of Defendants' trademark infringement.  To wit, whether or not the complaints Ms. Muniz received from "Jimmy," "Captain Trippy," and "Cameron" about RR/BAYC were true, those complaints had an impact on the relationship between the speaker and Yuga Labs.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  It is also relevant

because Defendants have offered a false narrative that Yuga Labs sued them to silence their free speech.  That accusation is false.  And courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather it demonstrates the declarant's state of mind.  *See JIPC Mgm't*, 2009 WL 8591607, at \*12 ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").   This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

**30.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 16, lines 8:19-24

　　　　**a.    Objectionable Testimony**

　　　　Defendants' RR/BAYC NFT collection also impacted Yuga Labs' relationships with at least three businesses: Adidas (a Yuga Labs business partner), Farfetch (a business I was actively negotiating with in May and June 2022), and a high-end international fashion conglomerate. My contact at Adidas called me in May 2022 about the RR/BAYC collection and expressed anger and frustration that Yuga Labs had failed to stop the mint of the RR/BAYC NFT collection.

　　　　**b.    Defendants' Grounds for Objection**

　　　　Paragraph 16, lines 8:22-24 is inadmissible hearsay under Federal Rule of Evidence 802 because it is an out-of-court statement being used for the truth of the matter asserted.  Specifically, the declaration states that an unnamed "contact at Adidas" called Ms. Muniz and "expressed anger and frustration that Yuga Labs had failed to stop the mint of the RR/BAYC NFT collection."  The declaration uses this statement for the truth of the matter asserted, namely that an Adidas representative was angry and frustrated with Yuga Labs, to support Ms. Muniz's testimony that "Defendants' RR/BAYC NFT collection also impacted Yuga Labs' relationships with at least three businesses: Adidas…" Ms. Muniz's testimony is relying on the truth of

the matter asserted in this out-of-court statement and it is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.    Plaintiff's Response to Objection

This testimony is not hearsay because Ms. Muniz does not offer the truth of any statement made into evidence.  Fed. R. Evid. 801(c)(2).  Rather, this testimony is offered to show that statements were made which, whether truthful or not, harmed Yuga Labs as a result of Defendants' trademark infringement.  To wit, whether or not the complaints Ms. Muniz received from the Adidas representative about RR/BAYC were true, those complaints had an impact on the relationship between the speaker and Yuga Labs.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  It is also relevant because Defendants have offered a false narrative that Yuga Labs sued them to silence their free speech.  That accusation is false.  This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.

**31.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 16, lines 8:24-27

### a.    Objectionable Testimony

And, for context, I understood some of the anger arose from the fact that in December 2021, Mr. Ripps had previously stolen from Adidas by creating a copy of the Adidas ape (JTX-123 (Mr. Ripps' copy) and JTX-606 (Adidas' ape)).

### b.    Defendants' Grounds for Objection

Paragraph 16, lines 8:24-27 are inadmissible unfairly prejudicial statements under Federal Rules of Evidence 403.  The unfounded accusation that "Mr. Ripps had previously stolen from Adidas" is inflammatory and does not make any issue in this matter more likely.  Accordingly, any probative value of this statement is substantially

outweighed by the prejudice of falsely accusing Mr. Ripps of theft.  This testimony should be excluded.  *See* Fed. R. Evid. 403.

Additionally, paragraph 16, lines 8:24-27 are inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies that she "understood some of the anger arose from the fact that in December 2021, Mr. Ripps had previously stolen from Adidas…"  Ms. Muniz, however, does not establish any personal knowledge about how she came to "understand" the source of the unnamed Adidas representative's anger. This testimony is speculation about what the Adidas representative's feelings were and what caused them.  Accordingly, Ms. Muniz's statement lacks foundation and is inadmissible under Rule 602.

### c.      Plaintiff's Response to Objection

The probative value of this testimony is not ***substantially*** outweighed by the risk of unfair prejudice, if any.  This testimony is highly probative of the harm to Yuga Labs' goodwill as a result of Defendants' infringement.  It demonstrates how Defendants' infringement affect Yuga Labs' relationship with brand partners and the need to remedy that harm.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony is highly probative of how Defendants' infringing NFTs harmed Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  It is also probative in rebutting Defendants' false narrative that Yuga Labs sued them to silence their free speech.  And Defendants' do not dispute that Mr. Ripps copied the Adidas ape, nor could they.  Therefore, the risk that the Court would be biased by this testimony is little to none, and the probative value is high.

This testimony does not lack foundation.  Ms. Muniz was a party to the call with the Adidas representative and therefore has personal knowledge of what transpired on that call.  Fed. R. Evid. 602.  And Ms. Muniz testifies as to what she

understood the representative's anger to stem from, and that she was familiar with Mr. Ripps' prior use of the Adidas Bored Ape image.  The Court will weigh this testimony.  Ms. Muniz is competent to testify as to her perception of the root of the Adidas representative's dissatisfaction with Defendants' infringement and no further foundation needs to be laid.

**32.   Disputed Testimony:** Nicole Muniz, Objection to Paragraph 16, lines 9:7-11

    **a.   Objectionable Testimony**

I have also negotiated with other brands since the RR/BAYC collection released who decided not to execute a deal with Yuga Labs related to the BAYC brand, but instead chose a different Yuga Labs brand to pair with their own brand, and a reason cited for the choice was that they did not perceive BAYC to be as exclusive as it used to be given the widespread sales of RR/BAYC.

    **b.   Defendants' Grounds for Objection**

Paragraph 16, lines 9:7-11 is inadmissible hearsay under Federal Rule of Evidence 802 because they are an out-of-court statement being used for the truth of the matter asserted.  Specifically, the declaration states that unnamed "other brands" that Ms. Muniz has negotiated with have chosen non-BAYC brands to partner with and that "a reason cited for the choice was that they did not perceive BAYC to be as exclusive as it used to be given the widespread sales of RR/BAYC."  The declaration uses this statement for the truth of the matter asserted, namely that the unnamed brands do not perceive BAYC to be exclusive given RR/BAYC sales, to support Ms. Muniz's testimony that "Defendants' RR/BAYC NFT collection also impacted Yuga Labs' relationships with at least three businesses …" Ms. Muniz's testimony is relying on the truth of the matter asserted in this out-of-court statement and it is, therefore, hearsay. *See* Fed. R. Evid. 801.  No hearsay exception applies.

    **c.   Plaintiff's Response to Objection**

1    This testimony is not hearsay because Ms. Muniz does not offer the truth of any

2    statement made into evidence.  Fed. R. Evid. 801(c)(2).  Rather, this testimony is

3    offered to show that statements were made which, whether truthful or not, harmed

4    Yuga Labs as a result of Defendants' trademark infringement.  To wit, whether or not

5    the reasons these other brands cited in not partnering with Yuga Labs were true, those

6    conversations had an impact on the relationship between the speaker and Yuga

7    Labs.  Because Yuga Labs seeks an injunction that will protect its brand in the

8    marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed

9    Yuga Labs' established goodwill and why it prompted Yuga Labs to take steps to

10   correct the confusion in the marketplace.  It is also relevant because Defendants have

11   offered a false narrative that Yuga Labs sued them to silence their free speech.  That

12   accusation is false.  This testimony is about the effect of Defendants' commercial

13   activities on Yuga Labs, not about the truth of any statement.

14

15   **33.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 17, lines 9:17-23

16       **a.    Objectionable Testimony**

17   Because I considered this woman a friend, because she had a vested interest in

18   the success of Yuga Labs, and because she seemed uncomfortable raising her

19   concerns with me, I realized that other potential investors or partners might have

20   similar concerns and just choose not to raise those concerns with me and give me a

21   chance to explain.  I worry about Yuga Labs lost business opportunities because of the

22   RR-BAYC NFT collection.

23       **b.    Defendants' Grounds for Objection**

24   Paragraph 17, lines 9:17-23 of the Muniz declaration is inadmissible under

25   Federal Rule of Evidence 602 because the testimony is not based on personal

26   knowledge and is speculation.  Ms. Muniz testifies that because one investor raised a

27   concern, other "potential investors or partners" would share the same concern and

28

1   choose not to raise them possibly causing Yuga Labs to lose business opportunities.

2   The thought processes of "other investors" beyond those of her friend are not within

3   her knowledge and are the basis of pure speculation.  Yuga Labs did not lay any

4   foundation showing that Ms. Muniz would have any knowledge of this beyond her

5   realization which is not sufficient foundation to show personal knowledge.

6         c.      **Plaintiff's Response to Objection**

7         This testimony does not lack foundation.  Ms. Muniz testifies that, based on her

8   conversation with a friend, she was concerned other partners or investors *might* share

9   similar concerns.  She has personal knowledge of her feelings as a result of this

10  conversation.  Thus, her testimony is not that she knew that other partners shared these

11  concerns, but rather it reflects an awareness and concern for her company that if one

12  person feels a certain way that others may as well.  Thus, this testimony is within Ms.

13  Muniz's personal knowledge and her knowledge of her own conclusions that she drew

14  from her conversation with a friend.  Fed. R. Evid. 602.

15

16  **34.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 18, lines 9:24-27

17        a.      **Objectionable Testimony**

18        I was also worried about Defendants' activities because I was aware of their

19  role in the sale of CryptoPhunks, an NFT collection that uses the same images as

20  CryptoPunks, but which images face left instead of right, and their creation of a

21  secondary market on which those collections could be trade.

22        b.      **Defendants' Grounds for Objection**

23        Paragraph 18, lines 9:24-27 of the Muniz declaration is inadmissible under

24  Federal Rule of Evidence 602 because the testimony is not based on personal

25  knowledge and is speculation.  Ms. Muniz testifies that she was worried about

26  Defendants' activities because of their "role in the sale of CryptoPhunks" and "their

27  creation of a secondary market on which those collections could be traded."  Ms.

28

Muniz does not lay any foundation showing that she has any knowledge of Defendants' role in CryptoPhunks or an unnamed secondary market that they created.

### c. Plaintiff's Response to Objection

Ms. Muniz's testimony establishes her personal knowledge of the subject matter and refutes Defendants' speculation claim.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *see Barthelemy*, 897 F.2d at 1018 (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters."). Defendants' role in CryptoPhunks is not a secret; it is something they have publicly discussed on social media.  And Ms. Muniz testifies that she was instrumental in Yuga Labs' acquisition of CryptoPunks, the NFT collection that was targeted by CryptoPhunks.  Defendants and their associates have also provided substantial testimony and evidence about their involvement in CryptoPhunks and NotLarvaLabs. *See* Dkt. 271, Cahen Depo. Tr. at 213:20-21 ("So I have an existing marketplace called Notlarvalabs.com."); Dkt. 271, Hickman Depo. Tr. at 134:18-19 ("We did the Phunks marketplace.  It was 50 million in revenue, and that had no royalties."); Dkt. 344, Cahen Decl. ¶ 45 ("Through that project we established a royalty free NFT marketplace on a website that allowed the CryptoPhunks holders to trade again."). Ms. Muniz's role as Yuga Labs' CEO and involvement in the litigation lays the foundation for this testimony.

**35. Disputed Testimony:** Nicole Muniz, Objection to Paragraph 19, lines 10:8-12

### a. Objectionable Testimony

This is because, Defendants kept making limited changes to their sales pages to get them back up. And each time they made a change, they still used the BAYC trademarks to sell the RR/BAYC NFT collection. They had to use Yuga Labs' BAYC

1  trademarks to make the RR/BAYC NFT collection noticeable and attractive to

2  customers.

3       **b.      Defendants' Grounds for Objection**

4       Paragraph 19, lines 10:8-12 of the Muniz declaration is inadmissible under

5  Federal Rule of Evidence 602 because the testimony is not based on personal

6  knowledge and is speculation.  Ms. Muniz testifies that Defendants made "limited

7  changes" with the motivation of keeping their sales pages up.  She also testifies that

8  Defendants had to use BAYC trademarks to make their own collection noticeable and

9  attractive to customers. Ms. Muniz provides no evidence to support her knowledge of

10  Defendants' mental states and motivations which lie outside of her personal

11  knowledge.  There is no foundation to support her having this personal knowledge.

12       **c.      Plaintiff's Response to Objection**

13       Ms. Muniz's testimony establishes her personal knowledge of the subject matter

14  and refutes Defendants' speculation claim.  Fed. R. Evid. 602 ("Evidence to prove

15  personal knowledge may consist of the witness's own testimony."); *see Barthelemy*,

16  897 F.2d at 1018 (determining a declarant's personal knowledge may be inferred from

17  a declarant's "position[ ] and the nature of their participation in the matters.").  Ms.

18  Muniz is aware of Defendants' sales page and how Defendants managed that page

19  through her role in this litigation.  And Defendants' own testimony confirms the truth

20  of Ms. Muniz's testimony.  Dkt. 344, Cahen Decl. ¶ 253.  It is undisputed that

21  Defendants marketed their products using Yuga Labs' marks and through Ms.

22  Muniz's experience as CEO of an industry-leading company she has personal

23  knowledge that businesses typically market their products to make them "noticeable

24  and attractive to customers."  Ms. Muniz's role as Yuga Labs' CEO and involvement

25  in the litigation lays the foundation for this testimony.

26

27

28

**36.**   **Disputed Testimony:** Nicole Muniz, Objection to Paragraph 21, lines 10:1-3

     **a.**   **Objectionable Testimony**

And at the same time, Defendants were about to launch another ecommerce website, apemarket.com, to allow for secondary sales of RR/BAYC NFTs alongside only BAYC-branded NFTs.

     **b.**   **Defendants' Grounds for Objection**

Paragraph 21, lines 10:1-3 is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Ms. Muniz testifies both that Defendants were about to launch another ecommerce website called apemarket.com and that it was going to allow only RR/BAYC NFTs and BAYC-branded NFTs.  The declaration provides no basis for how this testimony is based on Ms. Muniz's personal knowledge, nor is any foundation laid showing that she could have gathered this knowledge.

     **c.**   **Plaintiff's Response to Objection**

Ms. Muniz's testimony establishes her personal knowledge of the subject matter and refutes Defendants' speculation claim.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *see Barthelemy,* 897 F.2d at 1018 (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters."). Through this litigation, Ms. Muniz has personal knowledge that Defendants had written a source code for the Ape Market NFT marketplace and that this marketplace would include Yuga Labs' products.  *See* Dkt. 337, Atalay Decl. ¶ 9; JTX-806–808. And Defendants' themselves admitted that they intended to market Yuga Labs' products on Ape Market.  *See* JTX-114 ("[M]aybe we buy a mutant or some dogs and put them on the marketplace so people trust it?").  The foundation for this testimony is ample.  Fed. R. Evid. 602.

1    **37.    Disputed Testimony:** Nicole Muniz, Objection to Paragraph 22, lines 11:9-10

2          **a.    Objectionable Testimony**

3          However, this too, has had limited success in helping BAYC regain all of its

4    perceived exclusivity.

5          **b.    Defendants' Grounds for Objection**

6          Paragraph 22 lines 11:9-10 is inadmissible under Federal Rule of Evidence 602

7    because the evidence is not based on personal knowledge and is speculative.  Ms.

8    Muniz claims that Yuga's marketing has been unsuccessful in "helping BAYC regain

9    all of its perceived exclusivity."  She has not laid the foundation for making that claim

10   or to give reasons for her knowledge that the marketing is outside the scope.

11         Paragraph 22 lines 11:9-10 is also inadmissible as impermissible expert opinion

12   from a lay witness.  Fed. R. Evid. 701.  This is expert testimony regarding brand

13   equity, specifically the "exclusivity" of the brand which is tied to the brand's value.

14   Ms. Muniz, as a fact witness cannot give expert opinion on brand equity.  *See* Fed. R.

15   Evid. 701(c).

16         **c.    Plaintiff's Response to Objection**

17         Ms. Muniz's testimony establishes her personal knowledge of the subject matter

18   and refutes Defendants' speculation claim.  Fed. R. Evid. 602 ("Evidence to prove

19   personal knowledge may consist of the witness's own testimony."); *see Barthelemy,*

20   *897 F.2d at 1018* (determining a declarant's personal knowledge may be inferred from

21   a declarant's "position[ ] and the nature of their participation in the matters.").  Ms.

22   Muniz was the CEO of Yuga Labs and testifies to multiple deals she worked on for

23   Yuga Labs, including with brand partners – she has personal knowledge of how the

24   company built its value and exclusivity.

25         This testimony is not impermissible expert testimony.  Ms. Muniz is not

26   offering an expert opinion on the harm to Yuga Labs from Defendants' infringement.

27   Rather, Ms. Muniz is testifying as to her personal knowledge of Yuga Labs' brand

28

1 equity that she gained as the CEO of the company.  Thus, this testimony is within Ms.

2 Muniz's personal knowledge and reflects her own perception, not technical or

3 specialized knowledge.  Fed. R. Evid. 602, 701.

4

5 **38.**    **Disputed Testimony:** Nicole Muniz, Objection to Paragraph 22, lines 11:21-23

6        **a.        Objectionable Testimony**

7        Because much of the BAYC brand value is related to the perception of

8 exclusivity, Defendants' possession of these tools continues to injure Yuga Labs by

9 weakening the BAYC brand.

10        **b.        Defendants' Grounds for Objection**

11        Paragraph 22 lines 11:21-23 is inadmissible under Federal Rule of Evidence

12 602 because the evidence is not based on personal knowledge and is speculative.  Ms.

13 Muniz claims that the BAYC brand value has been injured by Defendants' control of

14 various accounts because the BAYC brand is based on exclusivity.  Ms., Muniz does

15 not provide any foundation to show how she has this knowledge beyond speculation

16 of the link between harm to Yuga's brand equity and her allegations.

17        Paragraph 22, lines 11:21-23 is also inadmissible as impermissible expert

18 opinion from a lay witness.  Fed. R. Evid. 701.  This is expert testimony regarding

19 brand equity, specifically the "exclusivity" of the brand which is tied to the brand's

20 value.  Ms. Muniz, as a fact witness cannot give expert opinion on brand equity.  *See*

21 Fed. R. Evid. 701(c).

22        **c.        Plaintiff's Response to Objection**

23        Ms. Muniz's testimony establishes her personal knowledge of the subject matter

24 and refutes Defendants' speculation claim.  Fed. R. Evid. 602 ("Evidence to prove

25 personal knowledge may consist of the witness's own testimony."); *see Barthelemy,*

26 *897 F.2d at 1018* (determining a declarant's personal knowledge may be inferred from

27 a declarant's "position[ ] and the nature of their participation in the matters.").  Ms.

28

1    Muniz was the CEO of Yuga Labs and testifies to multiple deals she worked on for

2    Yuga Labs, including with brand partners – she has personal knowledge of how the

3    company built its value and exclusivity.

4        This testimony is not impermissible expert testimony.  Ms. Muniz is not

5    offering an expert opinion on the harm to Yuga Labs from Defendants' infringement.

6    Rather, Ms. Muniz is testifying as to her personal knowledge of Yuga Labs' brand

7    equity that she gained as the CEO of the company.  Thus, this testimony is within Ms.

8    Muniz's personal knowledge and reflects her own perception, not technical or

9    specialized knowledge.  Fed. R. Evid. 602, 701.

17    Dated:  July 25, 2023        WILMER CUTLER PICKERING HALE &
                                         DORR LLP

19

20                                     By:*/s/ Louis W. Tompros*
                                         Louis W. Tompros

21                                     Attorneys for Defendants
                                    RYDER RIPPS and JEREMY CAHEN

22

23    Dated:  July 25, 2023        FENWICK & WEST LLP

25                                     By: *  /s/ Eric Ball*
                                       Eric Ball

26                                     Attorneys for Plaintiff
                                    YUGA LABS, INC.

1

2

**ATTESTATION OF CONCURRENCE IN FILING**

3

Pursuant to the United States District Court for the Central District of

4

California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in

5

the filing of this document has been obtained from Eric Ball

6

7

By: /s/  *Louis W. Tompros*

8

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com

9

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**

10

60 State Street
Boston, MA 02109

11

Telephone: (617) 526-6000
Fax: (617) 526-5000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2        I hereby certify that a copy of the foregoing document was served on all

3  attorneys of record via the Court's EFC system on July 25, 2023.

4

5

6                                       By: /s/  *Louis W. Tompros*
                                            Louis W. Tompros (*pro hac vice*)
7                                           louis.tompros@wilmerhale.com
                                            **WILMER CUTLER PICKERING**
8                                             **HALE AND DORR LLP**
                                            60 State Street
9                                           Boston, MA 02109
                                            Telephone: (617) 526-6000
10                                          Fax: (617) 526-5000

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28