| | |
|---|---|
| Louis W. Tompros (*pro hac vice*)<br>louis.tompros@wilmerhale.com<br>Monica Grewal (*pro hac vice*)<br>monica.grewal@wilmerhale.com<br>Scott W. Bertulli (*pro hac vice*)<br>scott.bertulli@wilmerhale.com<br>Tyler Carroll (*pro hac vice*)<br>tyler.carroll@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Fax: (617) 526-5000<br><br>Derek Gosma (SBN 274515)<br>derek.gosma@wilmerhale.com<br>Henry Nikogosyan (SBN 326277)<br>henry.nikogosyan@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5300<br>Fax: (213) 443-5400<br><br>Attorneys for Defendants<br>*Ryder Ripps and Jeremy Cahen* | ERIC BALL (CSB No. 241327)<br>eball@fenwick.com<br>KIMBERLY CULP (CSB No. 238839)<br>kculp@fenwick.com<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:  650.988.8500<br>Facsimile:   650.938.5200<br><br>MOLLY R. MELCHER (CSB No. 272950)<br>mmelcher@fenwick.com<br>ANTHONY M. FARES (CSB No. 318065)<br>afares@fenwick.com<br>ETHAN M. THOMAS (CSB No. 338062)<br>ethomas@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA  94104<br>Telephone:  415.875.2300<br><br>*Additional Counsel listed on next page*<br><br>Attorneys for Plaintiff<br>YUGA LABS, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                    Plaintiff,<br><br>       v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                    Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**JOINT STATEMENT REGARDING OBJECTIONS TO LAURA O'LAUGHLIN'S DECLARATION OF TRIAL TESTIMONY**<br><br>Judge: Hon. John F. Walter<br><br>Trial Date:  July 31, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff

YUGA LABS, INC.

Pursuant to the Court's Order Regarding Objections to Declarations (Dkt. 352), Defendant Ryder Ripps and Defendant Jeremy Cahen and Plaintiff Yuga Labs, Inc. respectfully submit the following joint statement regarding Laura O'Laughlin's Declaration of Trial Testimony ("O'Laughlin Declaration").

Pursuant to the Court's order, lead counsel for the parties met and conferred in person on July 24, 2023 in Los Angeles, California. Eric Ball participated on behalf of the Plaintiff, and Louis Tompros participated on behalf of the Defendants.

**I.   The parties were able to resolve the objections as to the following testimony:**

The parties agreed that, if Ms. O'Laughlin does not appear live for cross examination, her declaration is not admissible.

**II.   The parties were not able to resolve the objection to the following testimony:**

**1.   Disputed Testimony:** Laura O'Laughlin, O'Laughlin Declaration in its entirety

    **a.   Defendants' Grounds for Objection**

Defendants object to the declaration in its entirety pursuant to Federal Rules of Evidence 701, and 702 and *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993) for reasons stated in Defendants' Motion *in Limine* to exclude her testimony for trial and related briefing. *See* Dkt-242, Dkt-266 at 2-3, Dkt 269 at 1-2.

    **b.   Plaintiff's Response to the Objection**

Defendants' objections to Ms. O'Laughlin's declaration testimony should be disregarded for failure to comply with Section 6(a) of the Court's Civil Trial Order (Dkt. 284). Specifically, Defendants did not "quote the specific language from the declaration to which they object, followed by the objection and any relevant argument." Dkt. 284 at 8. Instead, Defendants merely objected to Ms. O'Laughlin's

46-page declaration "in its entirety," offering less than one page of argument in support of their objections. Defendants' vague and generalized objections are improper and should be overruled on these grounds.

Defendants do not dispute that Ms. O'Laughlin's testimony is directly relevant to the issues in this case regarding Yuga Labs' remedies. Fed. R. Evid. 401, 402. The substantial confusion that Ms. O'Laughlin found is relevant to the scope of any injunction and demonstrates the public interest in protecting consumers from post-sale confusion by granting Yuga Labs' proposed injunction. *Insty*Bit v. Poly-Tech Industries, Inc.*, 95 F.3d 663, 669 (8th Cir. 1996) ("[T]he Lanham Act protects post-sale as well as point-of-sale confusion …. [A]n action for trademark infringement may be based on confusion of consumers other than direct purchasers, including observers of an allegedly infringing product in use by a direct purchaser.")

Rather, Defendants seek to preclude Ms. O'Laughlin's testimony under Federal Rules of Evidence 701 and 702 solely on the grounds that Ms. O'Laughlin's two surveys finding consumer confusion are "internally inconsistent"; and yet, Defendants offered no expert of their own to rebut any of Ms. O'Laughlin's findings. For the reasons stated in Yuga Labs' portion of Defendants' Motion *in Limine* No. 6 (Dkt. 242 at 4-15) and other briefings regarding the admissibility of Ms. O'Laughlin's expert testimony (*see* Dkt. 265, Dkt. 266, and Dkt. 269 at 2-4), Defendants' arguments are meritless and Ms. O'Laughlin's testimony should be admitted. Specifically, Defendants' argument that the Squirt and Eveready survey methodologies are "mutually exclusive" in this case finds no basis in law and is contrary to established principles. Ms. O'Laughlin used accepted principles in choosing which survey methodologies to employ according to their appropriate context. To the extent Defendants argue that Ms. O'Laughlin chose the wrong survey methodology in these contexts, that question goes to the weight of her testimony, not the admissibility. Thus, for all of these reasons, Ms. O'Laughlin's testimony is relevant and admissible.

| | | |
|---|---|---|
| 1 | Dated: July 25, 2023 | WILMER CUTLER PICKERING HALE & DORR LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Louis W. Tompros* |
| 5 | | Louis W. Tompros<br>Attorneys for Defendants<br>RYDER RIPPS and JEREMY CAHEN |
| 6 | | |
| 7 | Dated: July 25, 2023 | FENWICK & WEST LLP |
| 8 | | |
| 9 | | By: */s/ Eric Ball* |
| 10 | | Eric Ball<br>Attorneys for Plaintiff<br>YUGA LABS, INC. |

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball

By: /s/ Louis W. Tompros
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's EFC system on July 25, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Case No. 2:22-cv-04355-JFW-JEM    -1-    CERTIFICATE OF SERVICE