1    Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
2    Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
3    Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
4    Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
5    **WILMER CUTLER PICKERING**
     **HALE AND DORR LLP**
6    60 State Street
Boston, MA 02109
7    Telephone: (617) 526-6000
Fax: (617) 526-5000
8
Derek Gosma (SBN 274515)
9    derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
10   henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING**
11      **HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
12   Los Angeles, CA 90071
Telephone: (213) 443-5300
13   Fax: (213) 443-5400

14   Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br>            Plaintiff, <br><br>      v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br>            Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **JOINT STATEMENT REGARDING OBJECTIONS TO GREG SOLANO'S DECLARATION OF TRIAL TESTIMONY** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date: July 31, 2023 |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:   310.434.4300

DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA  22314
Telephone:   202.628.7400

Attorneys for Plaintiff

YUGA LABS, INC.

JOINT STATEMENT RE OBJECTIONS
TO SOLANO DECLARATION

Pursuant to the Court's Order Regarding Objections to Declarations (Dkt. 352), Defendant Ryder Ripps and Defendant Jeremy Cahen and Plaintiff Yuga Labs, Inc. respectfully submit the following joint statement regarding Greg Solano's Declaration of Trial Testimony ("Solano Declaration").

Pursuant to the Court's order, lead counsel for the parties met and conferred in person on July 24, 2023 in Los Angeles, California.  Eric Ball participated on behalf of the Plaintiff, and Louis Tompros participated on behalf of the Defendants.

**I.**    **The parties were able to resolve the objections as to the following testimony:**

The parties agreed that, if Mr. Solano does not appear live for cross examination, his declaration is not admissible.  Yuga Labs, Inc. also agreed to withdraw paragraph 31, lines 10:3-5 of the Solano Declaration.

**II.**    **The parties were not able to resolve the objection to the following testimony:**

**1.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 12, lines 4:19-21

    **a.**    **Objectionable Testimony**

I have personally met many different kinds of people who joined BAYC for different reasons, but one common theme I hear is how their BAYC NFT image resonated with them.

    **b.**    **Defendants' Grounds for Objection**

Paragraph 12, lines 1:19-21, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by third-party NFT collectors to prove the truth of those statements.  Mr. Solano testifies that "one common theme I hear is how their BAYC NFT image resonated with them" without providing any information about the speakers or the context in

which they made those statements.  Mr. Solano testifies about these out-of-court statements to prove the that the content of these statements is true—that the Bored Ape Yacht Club images resonated with "many different kinds of people who joint BYAC."  *See* Fed. R. Evid. 801.  No hearsay exception applies.

### c.    Plaintiff's Response to Objection

Mr. Solano's testimony does not rely on out-of-court statements.  This testimony concerns Mr. Solano's awareness of Yuga Labs' goodwill and its use of the Bored Ape Yacht Club brand, not the truth of any specific statement.  That Mr. Solano had conversations that led him to form that belief does not make his testimony about his understanding of BAYC holders inadmissible.

### 2.    Disputed Testimony: Greg Solano, Objection to Paragraph 25, footnote 2

### a.    Objectionable Testimony

Contrary to Mr. Ripps' false claims on Twitter, RR/BAYC NFT owners do not have "100% commercial rights" to use the BAYC NFT images, only BAYC holders have the licensed rights. (*See* JTX-1037.)

### b.    Defendants' Grounds for Objection

Paragraph 25, footnote 2, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano wrongly testifies that Ryder Ripps claimed that RR/BAYC NFT owners have '100% commercial rights' to use the BAYC NFT images."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states that the words were posted "on Twitter."  Thus, Yuga Labs, Inc. ("Yuga") has failed to show that the testimony in Paragraph 25, footnote 2, is based on personal knowledge or that it is anything more than speculation.

### c.      Plaintiff's Response to Objection

Defendants confoundingly omitted the footnote's citation to JTX-1037, which indicates the referenced Tweet by Mr. Ripps that is in evidence and, therefore, lays the foundation for that statement.  The full footnote states, "Contrary to Mr. Ripps' false claims on Twitter, RR/BAYC NFT owners do not have "100% commercial rights" to use the BAYC NFT images, only BAYC holders have the licensed rights. **(See JTX-1037.)**" (emphasis added).

Mr. Solano has personal knowledge of Mr. Ripps' Twitter post, and his testimony reflects his personal awareness of this Tweet and observations that are corroborated by JTX-1037, which Defendants admit is admissible.

## 3.      Disputed Testimony: Greg Solano, Objection to Paragraph 27, lines 8:7-15

### a.      Objectionable Testimony

Orangutan Outreach is also a BAYC NFT holder.  They named their ape Julius and use him on social media as their identity to promote the organization.  They also use the license provided with their BAYC NFT image to create videos and stories about Julius to spread awareness about the situations facing orangutans in Indonesia.  But Defendants' infringement puts their mission at risk.  Now someone who bought an infringing NFT from Defendants can use that NFT to display the same Julius image and detract from Orangutan Outreach's mission.  Because of Defendants' scam, Orangutan Outreach is no longer the only one claiming an NFT connected to the Julius ape image.

### b.      Defendants' Grounds for Objection

Paragraph 27, lines 8:7-15, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about the activities of Orangutan Outreach and suggests that it was the only person or entity with an NFT that pointed

1   to the "Julius ape" prior to the RR/BAYC project.  The declaration provides no basis

2   for how this testimony is based on Mr. Solano's personal knowledge and does not

3   provide any explanation for how he could know that the content of his testimony is

4   true.   Mr. Solano also testifies that "Defendants' infringement puts their mission at

5   risk."  This statement is speculative, and the declaration provides no basis on how this

6   testimony is based on Mr. Solano's personal knowledge.  Thus, Yuga has failed to

7   show that the testimony in lines 8:7-15 of Paragraph 27 is based on personal

8   knowledge or that it is anything more than speculation.

9        **c.      Plaintiff's Response to Objection**

10           Mr. Solano's testimony establishes his personal knowledge of the subject

11  matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

12  witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999,

13  1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred

14  from a declarant's "position[ ] and the nature of their participation in the

15  matters.").  Mr. Solano testifies that he is a Co-Founder and President of Yuga

16  Labs.  Dkt. 342, Solano Decl. ¶ 1. Mr. Solano establishes his personal familiarity with

17  Orangutan Organization by virtue of Yuga Labs' contribution to their wildlife

18  preservation efforts, in addition to his general involvement with the Bored Ape Yacht

19  Club community.  Dkt. 342, Solano Decl. ¶ 26 ("Yuga Labs has contributed to the

20  wildlife preservation organization Orangutan Outreach as well as education and arts

21  initiatives in my hometown of Miami.").  To the extent Defendants seek to challenge

22  the depth of his personal understanding, the proper vehicle for that is cross-

23  examination, not exclusion of the testimony.

24

25

26

27

28

**4.    Disputed Testimony:** Greg Solano, Objection to Paragraph 28, lines 8:19-22

**a.    Objectionable Testimony**

Additionally in contrast to Yuga Labs, and despite their promises to do so, Defendants have not donated any of their ill-gotten royalties to charity. (See JTX-1045, a tweet by Mr. Ripps stating: "all looksrare royalties gained will be donated to a charity.")

**b.    Defendants' Grounds for Objection**

Paragraph 28, lines 8:19-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about that "Defendants have not donated any of their ill-gotten gains to charity."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not even attempt to explain how he could know whether his statement is true.  Thus, Yuga has failed to show that the testimony in lines 8:19-22 of Paragraph 28 is based on personal knowledge or that it is anything more than speculation.

**c.    Plaintiff's Response to Objection**

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters.").  By virtue of his positions at Yuga Labs and his familiarity with this litigation, Mr. Solano has personal knowledge of information he testifies on in this paragraph.  Defendants' Tweet is in evidence and Mr. Solano is referencing it in his declaration, thereby laying the foundation.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the testimony.  The fact is also not in dispute: Mr. Ripps

1  testified at his deposition that he has not donated the royalties from LooksRare to

2  charity.  Dkt. 271, Ripps Depo. Tr. at 228:8-9 ("Q. Have you donated them to charity?

3  A. No.").

4  **5.   Disputed Testimony:** Greg Solano, Objection to Paragraph 28, 8:22-24

5         **a.   Objectionable Testimony**

6         Defendants' use of the BAYC brand, while they make false promises to the

7  community, further irreparably harms the BAYC brand and negates the hard work that

8  Yuga Labs has invested in building up the goodwill in the BAYC brand.

9         **b.   Defendants' Grounds for Objection**

10        Paragraph 28, lines 8:22-24, of the Solano Declaration is inadmissible under

11 Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

12 brand equity.  Mr. Solano testifies about how the RR/BAYC project "irreparably

13 harms the BAYC brand" and "negates … the goodwill in the BAYC brand."  These

14 are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is

15 limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed.

16 R. Evid. 701(c).

17        **c.   Plaintiff's Response to Objection**

18        Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs.  Dkt.

19 342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's personal knowledge of

20 Yuga Labs' goodwill and its use of the Bored Ape Yacht Club brand which he has by

21 virtue of his roles in Yuga Labs.

22        This testimony is not impermissible expert testimony.  Mr. Solano is not

23 offering an expert opinion on the harm to Yuga Labs from Defendants' conduct.

24 Rather, he is testifying as to his personal knowledge of Yuga Labs' brand reputation

25 that he fostered while forming and working for the company.  Thus, this testimony is

26 within Mr. Solano's personal knowledge and reflects his own perception, not technical

27 or specialized knowledge.

28

**6.**   **Disputed Testimony:** Greg Solano, Objection to Paragraph 29, lines 9:1-18

   **a.**   **Objectionable Testimony**

   Yuga Labs has, though, been able to leverage the BAYC brand to secure collaborations and partnerships with other famous brands, such as Adidas, Gucci, MTV, Nike, and Arizona Iced Tea, that feature the BAYC Marks and BAYC NFT images on various products and marketing materials. (*See*, *e.g.*, JTX-1480, excerpted below, which is a tweet with a news article about Gucci taking an "Active Role" in the BAYC Metaverse.)



   **b.**   **Defendants' Grounds for Objection**

   Paragraph 29, lines 9:1-18, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third party on Twitter.  Mr. Solano testifies that a Twitter user named @Blockworks_ posted on Twitter "NEWS: Gucci strikes deal with Yuga Labs to help shape metaverse offering" and includes a link to an article in the same tweet.  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that "Yuga Labs has … been able to leverage the BAYC brand to secure collaborations and partnerships with other famous brands such as … Gucci."  *See* Fed. R. Evid. 801.  No hearsay exception applies.

1    **c.      Plaintiff's Response to Objection**

2        Defendants withdrew their objections to JTX-1480, thereby stipulating to its

3    admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**

4    **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

5    22; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

6    objection shall be deemed admitted.").  They have conceded that the document is

7    admissible.  Therefore, the witness, who personally reviewed the admissible exhibit,

8    may testify about it to move it into evidence.

9        Regardless, this exhibit is not hearsay because Mr. Solano does not offer it for

10   the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  He already testified in the

11   same paragraph that there was a Gucci collaboration with Yuga Labs, a fact about

12   which he has personal knowledge given his positions at the company.  Rather, this

13   exhibit and testimony is offered to demonstrate the goodwill of Yuga Labs and their

14   Bored Ape Yacht Club marks in light of the public recognition of the collaboration –

15   the fact of the social media posts is what this testimony is offered to show.  This

16   exhibit and testimony demonstrate the information available to the public, and how

17   the public would have perceived Yuga Labs' brand.  This is important because Yuga

18   Labs seeks an injunction to remedy the harm to that goodwill from Defendants'

19   infringement.  This testimony is about Yuga Labs' goodwill, not the truth of any

20   statement.

21

22   **7.    Disputed Testimony:** Greg Solano, Objection to Paragraph 29, lines 9:19-22

23       **a.      Objectionable Testimony**

24       These partnerships have allowed Yuga Labs to further spread the BAYC brand

25   into new markets and connect with consumers who might not otherwise have been

26   interested in or heard about Yuga Labs' products. Moreover, these partnerships

27   demonstrate the strength and value of the BAYC brand.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

###### b.      Defendants' Grounds for Objection

Paragraph 29, lines 9:19-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how "partnerships have … further spread the BAYC brand" and "demonstrate the strength and value of the BAYC brand."  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

###### c.      Plaintiff's Response to Objection

Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs. Dkt. 342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's personal knowledge of Yuga Labs' goodwill and its use of the Bored Ape Yacht Club brand, which he has by virtue of his roles at Yuga Labs.

This testimony is not impermissible expert testimony.  Mr. Solano is not offering an expert opinion on the harm to Yuga Labs from Defendants' conduct. Rather, he is testifying as to his personal knowledge of Yuga Labs' brand reputation that he fostered while forming and working for the company.  Thus, this testimony is within Mr. Solano's personal knowledge and reflects his own perception, not technical or specialized knowledge.

###### 8.      Disputed Testimony: Greg Solano, Objection to Paragraph 29, lines 9:22-25

###### a.      Objectionable Testimony

And yet, as Ms. Muniz explains, these deals can be harder to complete than they should be because of Defendants' scam. And I understand from Ms. Muniz that she and others were concerned about what deals we did not receive because of Defendants' infringement.

---

1

### b.     Defendants' Grounds for Objection

2      Paragraph 29, lines 9:22-25, of the Solano Declaration is inadmissible under

3  Federal Rule of Evidence 602 because the testimony is not based on personal

4  knowledge and is speculation.  Mr. Solano testifies that "deals can be harder to

5  complete … because of Defendants' infringement."  The declaration provides no basis

6  for how this testimony is based on Mr. Solano's personal knowledge and instead

7  confirms that this is information he heard from Nicole Muniz.  The declaration

8  notably does not state that Mr. Solano took any steps to acquire personal knowledge

9  on whether Ms. Muniz's statements were true.  Thus, Yuga has failed to show that the

10  testimony in lines 9:22-25 of Paragraph 29 is based on personal knowledge.

11      Paragraph 29, lines 9:22-25, of the Solano Declaration is also inadmissible

12  hearsay under Federal Rule of Evidence 802 because it relies on out-of-court

13  statements made by Ms. Muniz.  Mr. Solano testifies that Ms. Muniz told him that

14  "others were concerned about deals we did not receive because of Defendants'

15  infringement."  Mr. Solano uses this out-of-court statement to prove the truth of the

16  matter asserted by using the statement to argue that others were concerned about deals

17  Yuga did not receive due to the RR/BAYC project.  *See* Fed. R. Evid. 801.  No

18  hearsay exception applies.

19

### c.     Plaintiff's Response to Objection

20      Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs. Dkt.

21  342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's awareness of Yuga

22  Labs' goodwill and its use of the Bored Ape Yacht Club brand, subject matter which

23  he has by virtue of his roles at Yuga Labs.

24      Moreover, this testimony is not hearsay because it does not rely on any out-of-

25  court statement; rather, Ms. Muniz's statements are referenced directly in her trial

26  testimony.  *See* Dkt. 340, Muniz Decl. ¶¶ 16, 17.  Further, Mr. Solano does not offer it

27  for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Mr. Solano testifies

28

1    regarding his personal knowledge.  This testimony concerns information that Mr.

2    Solano has from his work with Ms. Muniz, and how the Defendants' infringement

3    impacted Yuga Labs.  What Ms. Muniz told Mr. Solano while they were working

4    together is also a present sense impression.  Fed. R. Evid. 803(1).  But, this testimony

5    is about Mr. Solano's awareness of the harm to Yuga Labs' goodwill, not the truth of

6    any statement.

7

8    **9.     Disputed Testimony:** Greg Solano, Objection to Paragraph 30, lines 9:27-28

9          **a.      Objectionable Testimony**

10          Even still, it is because of the BAYC brand that Yuga Labs is a leader in the

11    NFT space, and the BAYC NFTs remain some of the most sought after NFTs.

12          **b.      Defendants' Grounds for Objection**

13          Paragraph 30, lines 9:27-28, of the Solano Declaration is inadmissible under

14    Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

15    brand equity.  Mr. Solano testifies about how "it is because of the BAYC brand that

16    Yuga Labs is a leader in the NFT space, and the BAYC NFTs remain some of the

17    most sought after NFT."  These are improper expert conclusions on brand equity.  Mr.

18    Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion

19    about brand equity.  *See* Fed. R. Evid. 701(c).

20          **c.      Plaintiff's Response to Objection**

21          Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs. Dkt.

22    342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's personal knowledge of

23    Yuga Labs' goodwill, his knowledge of BAYC's reputation in the NFT space, and

24    Yuga Labs' use of the Bored Ape Yacht Club brand, which he has by virtue of his

25    roles at Yuga Labs.

26          This testimony is not impermissible expert testimony.  Mr. Solano is not

27    offering an expert opinion.  Rather, he is testifying as to his personal knowledge of

28

1  Yuga Labs' brand reputation that he fostered while forming and working for the
2  company.  Thus, this testimony is within Mr. Solano's personal knowledge and
3  reflects his own perception, not technical or specialized knowledge.

4

5  **10.    Disputed Testimony:** Greg Solano, Objection to Paragraph 30, lines 10:1-2

6       **a.    Objectionable Testimony**

7       They are among the highest NFT collections in terms of all-time purchasing
8  volume and sell for a premium relative to nearly all other NFTs.

9       **b.    Defendants' Grounds for Objection**

10       Paragraph 30, lines 10:1-2, of the Solano Declaration is inadmissible under
11  Federal Rule of Evidence 602 because the testimony is not based on personal
12  knowledge and is speculation.  Mr. Solano testifies about that BAYC NFTs are
13  "among the highest NFT collections in terms of all-time purchasing volume and sell
14  for a premium."  The declaration provides no basis for how this testimony is based on
15  Mr. Solano's personal knowledge.  Thus, Yuga has failed to show that the testimony
16  in lines 10:1-2 of Paragraph 30 is based on personal knowledge or that it is anything
17  more than speculation.

18       **c.    Plaintiff's Response to Objection**

19       Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs. Dkt.
20  342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's personal knowledge of
21  the trading volume and reputation of BAYC NFTs and Yuga Labs' use of the Bored
22  Ape Yacht Club brand, which he has by virtue of his roles at Yuga Labs.

23       Mr. Solano's testimony establishes his personal knowledge of the subject
24  matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the
25  witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999,
26  1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred
27  from a declarant's "position[ ] and the nature of their participation in the

28

matters.").  By virtue of his positions at Yuga Labs and his familiarity with this litigation, Mr. Solano has personal knowledge of information he testifies on in this paragraph.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the testimony.

**11.    Disputed Testimony:** Greg Solano, Objection to Paragraph 34, lines 10:19-22

    **a.    Objectionable Testimony**

The Defendants' RR/BAYC NFT collection harmed Yuga Labs by causing confusion in the marketplace about the authenticity of RR/BAYC NFTs and diminishing the perceived exclusivity of BAYC NFTs.

    **b.    Defendants' Grounds for Objection**

Paragraph 34, lines 10:19-22, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that the RR/BAYC project was "causing confusion" and "diminished the perceived exclusivity of BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not even attempt to explain how he could know whether his statement is true.  Thus, Yuga has failed to show that the testimony in lines 10:19-22 of Paragraph 34 is based on personal knowledge or that it is anything more than speculation.

    **c.    Plaintiff's Response to Objection**

Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs. Dkt. 342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's personal knowledge of Yuga Labs' goodwill, his knowledge of BAYC's reputation in the NFT space, and the impact of Defendants' infringing NFT collection on Yuga Labs' brand, which he has by virtue of his roles at Yuga Labs.

1  Mr. Solano's testimony establishes his personal knowledge of the subject

2  matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

3  witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999,

4  1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred

5  from a declarant's "position[ ] and the nature of their participation in the

6  matters.").  By virtue of his positions at Yuga Labs and his familiarity with this

7  litigation, Mr. Solano has personal knowledge of information he testifies on in this

8  paragraph.  To the extent Defendants seek to challenge the depth of his personal

9  understanding, the proper vehicle for that is cross-examination, not exclusion of the

10  testimony.

11

12  **12.  Disputed Testimony:** Greg Solano, Objection to Paragraph 35, lines 10:23-27

13  **a.  Objectionable Testimony**

14  I have reviewed many of Defendants' tweets marketing their infringing NFT

15  collection. Defendants manufactured, marketed, and sold the RR/BAYC NFTs using

16  the BAYC Marks.  For example, JTX-133, a screenshot of a Twitter message with Mr.

17  Ripps, demonstrates that Defendants actively marketed their RR/BAYC NFTs as

18  "Bored Ape Yacht Club" and used Yuga Labs' logo to sell the NFTs.

19  **b.  Defendants' Grounds for Objection**

20  Paragraph 35, lines 10:23-27, of the Solano Declaration is inadmissible under

21  Federal Rule of Evidence 602 because the testimony is not based on personal

22  knowledge and is speculation.  Mr. Solano testifies that "Defendants manufactured,

23  marketed, and sold the RR/BAYC NFTs using the BAYC Marks."  The declaration

24  provides no basis for how this testimony is based on Mr. Solano's personal knowledge

25  and instead merely states that Mr. Solano "reviewed" tweets and references a private

26  message from $D_oT_{he}M_{ath}$ that Defendants produced in the course of discovery in this

27

28

1  litigation.  Thus, Yuga has failed to show that the testimony in lines 10:23-27 of

2  Paragraph 35 is based on personal knowledge.

3       Paragraph 35, lines 10:23-27, is also inadmissible hearsay under Federal Rule

4  of Evidence 802 because it relies on out-of-court statements made by a third party.

5  Mr. Solano testifies that an anonymous user named $D_oT_{he}M_{ath}$ sent a message that Mr.

6  Solano claims confirms that the RR/BAYC project was marketed using the term

7  "Bored Ape Yacht Club."  Mr. Solano uses this out-of-court statement to prove the

8  truth of the matter asserted by using the statement to argue that the RR/BAYC project

9  was marketed with the term "Bored Ape Yacht Club."  *See* Fed. R. Evid. 801.  No

10  hearsay exception applies.

11       **c.   Plaintiff's Response to Objection**

12       Mr. Solano testifies that he is a Co-Founder and President of Yuga Labs. Dkt.

13  342, Solano Decl. ¶ 1. This testimony concerns Mr. Solano's personal knowledge of

14  the impact of Defendants' uses of the BAYC marks and the impact of Defendants'

15  infringing NFT collection on Yuga Labs' brand, which he has personal knowledge of

16  by virtue of his roles at Yuga Labs.

17       Mr. Solano's testimony establishes his personal knowledge of the subject

18  matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

19  witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999,

20  1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred

21  from a declarant's "position[ ] and the nature of their participation in the

22  matters.").  By virtue of his positions at Yuga Labs and his familiarity with this

23  litigation, Mr. Solano has personal knowledge of information he testifies on in this

24  paragraph.  Defendants' communication is in evidence and Mr. Solano is referencing

25  it in his declaration, thereby laying the foundation.  To the extent Defendants seek to

26  challenge the depth of his personal understanding, the proper vehicle for that is cross-

27  examination, not the exclusion of the testimony.

28

1   Defendants withdrew their objections to JTX-133, thereby stipulating to its

2   admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**

3   **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

4   5; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

5   objection shall be deemed admitted.").  They have conceded that the document is

6   admissible.  Therefore, the witness, who personally reviewed the admissible exhibit,

7   may testify about it to move it into evidence.

8        Regardless, this exhibit is not hearsay because Mr. Solano does not offer it for

9   the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  He already testified in the

10  same paragraph that he observed Defendants using Yuga Labs' marks, a fact about

11  which he has personal knowledge.  Rather, this exhibit and testimony are offered to

12  demonstrate Defendants' use of Yuga Labs' marks – the fact of the social media posts

13  is what this testimony is offered to show.  This testimony is about Defendants' use of

14  Yuga Labs' goodwill, not the truth of any statement.

15

16  **13.    Disputed Testimony:** Greg Solano, Objection to Paragraph 35, lines 11:2-3

17          **a.    Objectionable Testimony**

18      Defendants piggybacked off the popularity of the BAYC brand and profited

19  from Yuga Labs' success.

20          **b.    Defendants' Grounds for Objection**

21      Paragraph 35, lines 11:2-3, of the Solano Declaration is inadmissible under

22  Federal Rule of Evidence 602 because the testimony is not based on personal

23  knowledge and is speculation.  Mr. Solano testifies that "Defendants piggybacked off

24  the popularity of the BAYC brand."  The declaration provides no basis for how this

25  testimony is based on Mr. Solano's personal knowledge and is merely made after

26  referencing hearsay statements and vague claims of having "reviewed" tweets.  Thus,

27

28

Yuga has failed to show that the testimony in lines 11:2-3 of Paragraph 35 is based on personal knowledge.

c.      **Plaintiff's Response to Objection**

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *see* *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters.").  By virtue of his positions at Yuga Labs and his familiarity with this litigation, Mr. Solano has personal knowledge of information he testifies about in this paragraph.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the testimony.

**14.**     **Disputed Testimony:** Greg Solano, Objection to Paragraph 36, lines 11:4-9

a.      **Objectionable Testimony**

In total, Defendants produced 9,546 RR/BAYC NFTs, which are now in the market causing confusion and diminishing the perceived exclusivity of BAYC NFTs. Every single one of Defendants' NFT sales used the BAYC Marks, and many of the associated images contained in the BAYC Marks.  (See, e.g., JTX-687, an image taken from rrbayc.com showing RR/BAYC NFT #362; JTX-688, an image taken from rrbayc.com showing RR/BAYC NFT #863.)

b.      **Defendants' Grounds for Objection**

Paragraph 36, lines 11:4-9, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants produced 9,546 RR/BAYC NFTs" and that they are "causing confusion and diminishing the perceived

1   exclusivity of BAYC NFTs" and that "every single" sale used BAYC Marks.  The

2   declaration provides no basis for how this testimony is based on Mr. Solano's

3   personal knowledge and instead merely cites to documents produced during discovery

4   in this litigation.  Thus, Yuga has failed to show that the testimony in lines 11:4-9 of

5   Paragraph 36 is based on personal knowledge or that it is anything more than

6   speculation.

7        c.    **Plaintiff's Response to Objection**

8        Mr. Solano's testimony establishes his personal knowledge of the subject

9   matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

10   witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999,

11   1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred

12   from a declarant's "position[ ] and the nature of their participation in the

13   matters.").  By virtue of his positions at Yuga Labs and his familiarity with this

14   litigation, Mr. Solano has personal knowledge of information he testifies about in this

15   paragraph.  To the extent Defendants seek to challenge the depth of his personal

16   understanding, the proper vehicle for that is cross-examination, not exclusion of the

17   testimony.  Indeed, Mr. Solano's testimony indicates the images were taken from

18   rrbayc.com, a publicly available source.

19        Moreover, Defendants withdrew their objections to JTX-687 and JTX-688,

20   thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants**

21   **have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in

22   original); Dkt. 312 at 9; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

23   which there is no objection shall be deemed admitted.").  They have conceded that the

24   documents are admissible.  Therefore, the witness, who personally reviewed the

25   admissible exhibits, may testify about them to move them into evidence.

26

27

28

**15.     Disputed Testimony:** Greg Solano, Objection to Paragraph 37, lines 11:12-14

      **a.     Objectionable Testimony**

Defendants tested demand for their RR/BAYC NFT collection in December 2021, when they copied the BAYC NFT image that our partner, Adidas, uses, and then went on to brag about it on Twitter.

      **b.     Defendants' Grounds for Objection**

Paragraph 37, lines 11:12-14, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants tested demand for their RR/BAYC NFT collection in December 2021."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how Solano came to the conclusion that Defendants' "tested demand" in December 2021.  Thus, Yuga has failed to show that the testimony in lines 11:12-14 of Paragraph 37 is based on personal knowledge or that it is anything more than speculation.

      **c.     Plaintiff's Response to Objection**

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *see Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters.").  By virtue of his positions at Yuga Labs and his familiarity with this litigation, Mr. Solano has personal knowledge of information he testifies on in this paragraph.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the testimony.  Indeed, Mr. Solano's testimony reflects his observations from Twitter, a publicly available source.

16.    **Disputed Testimony:** Greg Solano, Objection to Paragraph 37, lines 11:14-20

      **a.    Objectionable Testimony**

Then, when they launched their RR/BAYC NFT collection in May 2022, they named their collection Bored Ape Yacht Club on the Ethereum blockchain (the same blockchain on which BAYC NFTs exist), they listed the symbol for their collection on the Ethereum blockchain for their collection as BAYC (the same symbol as BAYC NFTs), and they set their collection to be limited to 10,000 NFTs (the exact same number of NFTs that existed in the BAYC NFT collection). (See JTX-600.)

      **b.    Defendants' Grounds for Objection**

Paragraph 37, lines 11:14-20, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third-party website.  Mr. Solano testifies about the contents of a webpage regarding a collection name, location, symbol, and token cap and then cites to the webpage as JTX-600 in support of those statements.  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the RR/BAYC project had a particular collection name, location symbol, and token cap.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

      **c.    Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-600, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 6; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, they waived their hearsay objection to the exhibit and the witness may testify about the exhibit to move it into evidence.  Additionally, Defendants did not previously object to the contents of this exhibit as hearsay or Yuga Labs' use of this exhibit in its Statement of Uncontroverted Facts throughout the

1   motion for summary judgment briefing.  *See* Dkt. 163-1 at 20-21 ("The Ethereum

2   blockchain smart contract that contains the RR/BAYC NFTs has 'Bored Ape Yacht

3   Club' input as its name, and 'BAYC' input as its symbol."); Dkt. 163-2 at 11-12

4   (indicating no objections to Atalay Exhibit 5).

5         Mr. Solano's testimony also reflects his personal knowledge and confirms he

6   observed the material on the referenced Etherscan page.  Accordingly, his testimony is

7   not hearsay.  His personal observation is admissible and corroborated by JTX-

8   600.   And by Defendant Cahen's own admission, the name of the token tracker for

9   the RR/BAYC NFTs on Etherscan is, in fact, "Bored Ape Yacht Club."  Cahen Depo.

10  Tr. at 37:23-38:17 ("A. On Etherscan.IO, there will be what is called a token tracker

11  for a given contract. And that should have – my recollection of that is that the name of

12  that is Bored Ape Yacht Club . . .").  *See* Fed. R. Evid. 801(d)(2)(A).  In addition,

13  these foundational facts are in evidence through Mr. Ripps' declaration.  Mr. Ripps

14  declares that he minted RR/BAYC NFTs through a smart contract that he created from

15  his Ethereum wallet.  *See* Dkt. 346, Ripps Decl. ¶ 160 ("[A]t the blockchain level, I

16  minted a brand-new collection from my personal wallet ….").  He further declares that

17  the RR/BAYC NFT collection is visible on Etherscan.  Dkt.  346, Ripps Decl. ¶ 161

18  ("Anyone with access to etherscan.io could see that the collection and the minting

19  contract were minted by me ….").

20        In any event, data from the RR/BAYC smart contract collected from Etherscan

21  is a business record that qualifies as a hearsay exception.  Fed. R. Evid. 803.  That a

22  business record is publicly available by virtue of the decentralized technology of the

23  Ethereum blockchain does not negate the hearsay exception.  *See U-Haul Int'l, Inc. v.*

24  *Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009) ("[E]vidence that

25  has been compiled from a computer database is also admissible as a business record,

26  provided it meets the criteria of Rule 803(6).").  Data from Etherscan also constitutes

27  an admissible market report or commercial publication because Etherscan contains

28

"[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations."  Fed. R. Evid. 803(17); *see Jackpocket, Inc. v. Lottomatrix NY LLC*, No. 22-CV-5772 (LJL), 2022 WL 17733156, at *18 n.11 (S.D.N.Y. Dec. 7, 2022)* (determining that "internet printouts from the Google Play Store"  are admissible because of public reliance on the information "for a description of the applications, number of downloads, and customer reviews"). Defendants admit that Etherscan is generally used and relied on by the public and that it accurately reflects Ethereum blockchain events.  *See, e.g.*, Dkt. 346, Ripps Decl. ¶¶ 49-50 ("49. Etherscan.io is a website that tracks, records, and shows entries on the Ethereum blockchain. 50. Although Etherscan.io is not the Ethereum blockchain itself, it is the most popular method to determine blockchain entries on the Ethereum blockchain.").

**17.    Disputed Testimony:** Greg Solano, Objection to Paragraph 37, lines 11:20-23

**a.    Objectionable Testimony**

They even named each of their infringing NFTs with the same numbers from our BAYC numbering system (i.e. the Ape ID number), even though these numbers did not correspond to how the images appear in the infringing collection.

**b.    Defendants' Grounds for Objection**

Paragraph 37, lines 11:20-23, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that the RR/BAYC NFTs had "the same numbers … i.e. the Ape ID number."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how Solano came to the conclusion that RR/BAYC NFTs use the same numbering system of BAYC NFT. Thus, Yuga has failed to show that the testimony in lines 11:20-23 of Paragraph 37 is based on personal knowledge or that it is anything more than speculation.

**c.      Plaintiff's Response to Objection**

Mr. Solano's testimony reflects his personal knowledge and confirms he observed that the RR/BAYC NFTs had "the same numbers" as BAYC NFTs; for example, as reflected in his discussion concerning JTX-686 in Paragraph 42.  His personal observation is admissible and corroborated by this exhibit.

Furthermore, the Court has expressly concluded that "Defendants listed the RR/BAYC NFTs on rrbayc.com under the very same APE ID number associated with BAYC NFTs, despite having their own unique and different ID numbers."  Dkt. 225 at 12.  Accordingly, Mr. Solano is not merely speculating as Defendants suggest; rather, Mr. Solano is testifying as to his understanding of a fact that he not only has personal knowledge of, but also has already been established by the Court.

**18.      Disputed Testimony:** Greg Solano, Objection to Paragraph 38, lines 11:26-12:3

**a.      Objectionable Testimony**

Of course, the RR/BAYC NFTs are not the first scam Defendants have run, nor are they likely to be the last—unless they are severely enjoined from their infringement.  When I first searched for Ryder Ripps on Google, the most prominent search result that I saw was an article about how Ripps lied about creating a logo for the CIA. He then used this lie about being connected to the CIA to promote a CIA branded NFT and sold that NFT for thousands of dollars.

**b.      Defendants' Grounds for Objection**

Paragraph 38, lines 11:26-12:3, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by an undisclosed publisher of an unidentified article.  Mr. Solano testifies that the article accused Mr. Ripps of having "lied about creating a logo for the CIA" and promoting a "CIA-branded NFT."  Mr. Solano uses this out-of-court

statement to prove the truth of the matter asserted by using the statement to argue that Mr. Ripps lied about creating a logo for the CIA and promoted a CIA-branded NFT and Mr. Solano further uses the statement to argue that Mr. Ripps has engaged in scams in the past. *See* Fed. R. Evid. 801. No hearsay exception applies.

Paragraph 38, lines 11:26-12:3, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that Mr. Ripps has committed past scams and then accuses Mr. Ripps of telling lies about branding the CIA. The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states that he read this information from some unidentified article. Thus, Yuga has failed to show that the testimony in lines 11:26-12:3 of Paragraph 38 is based on personal knowledge or that it is anything more than speculation.

### c.   Plaintiff's Response to Objection

Mr. Solano's testimony reflects his personal knowledge and confirms he performed a Google search and observed the information he testifies on concerning Mr. Ripps. Mr. Ripps' statements are not hearsay because they are party admissions. Fed. R. Evid. 801(d)(2)(A).

Mr. Solano's testimony is based on his personal knowledge and therefore does not lack foundation. Fed. R. Evid. 602. Mr. Solano has personal knowledge of the google search he performed, the official CIA logo, and the blockchain record of Mr. Ripps' scam of the CIA logo by virtue of his research into Mr. Ripps. The foundation for this testimony is laid by Mr. Solano's testimony. Fed. R. Evid. 602.

**19. Disputed Testimony:** Greg Solano, Objection to Paragraph 38, lines 12:3-11

**a. Objectionable Testimony**

And before the RR/BAYC NFTs, Defendants were known for a scam that involved marketing and selling Cryptophunks NFTs, which are slightly modified versions of Cryptopunks, another popular NFT collection (which Yuga Labs acquired in March 2022). At the time Defendants became involved with the Cryptophunks scam, Cryptopunks were one of the top selling NFT collections, just as BAYC was one of the top sellers when Defendants targeted Yuga Labs. Like the RR/BAYC NFTs, Ripps' promotion of Cryptophunks was a for-profit scam. And, like the RR/BAYC NFTs, Defendants created a secondary marketplace on which to trade those NFTs.

**b. Defendants' Grounds for Objection**

Paragraph 38, lines 12:3-11, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano wrongly testifies that Defendants were "involved with marketing and selling Cryptophunks NFTs" and further testifies that Defendants' created a "for-profit" marketplace. The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge. Thus, Yuga has failed to show that the testimony in lines 12:3-11 of Paragraph 38 is based on personal knowledge or that it is anything more than speculation.

**c. Plaintiff's Response to Objection**

Mr. Solano's testimony is based in part upon a review of Defendants' own Twitter accounts and publicly available content that Defendants have released. The foundation for this testimony is laid by Mr. Solano's own testimony, which demonstrates his personal knowledge of the subject matter. Mr. Solano testifies that he reviewed Defendants' Twitter pages. Defendants also admit to their association with CryptoPhunks in their own testimony. *See* Dkt. 344, Cahen Decl. ¶¶ 43-46. To

1   the extent Defendants seek to challenge the depth of Mr. Solano's personal
2   understanding, the proper vehicle for that is cross-examination, not exclusion of the
3   testimony.
4
5   **20.   Disputed Testimony:** Greg Solano, Objection to Paragraph 38, lines 12:11-13
6         **a.      Objectionable Testimony**
7         In a video posted to Twitter, Mr. Ripps even admitted his belief that NFTs are a
8   scam and boasted that his Cryptophunks scam made $80 million. (*See* JTX-1028.)
9         **b.      Defendants' Grounds for Objection**
10        Paragraph 38, lines 12:11-13, of the Solano Declaration is inadmissible under
11  Federal Rule of Evidence 602 because the testimony is not based on personal
12  knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps posted a video and
13  stated that CryptoPhunks was a scam that made $80 million.  The declaration provides
14  no basis for how this testimony is based on Mr. Solano's personal knowledge and
15  instead refers to an exhibit of a cropped video that was producing during discovery in
16  this litigation.  Thus, Yuga has failed to show that the testimony in lines 12:11-13 of
17  Paragraph 38 is based on personal knowledge or that it is anything more than
18  speculation.
19        **c.      Plaintiff's Response to Objection**
20        Mr. Solano's testimony is based in part upon a review of Defendants' own
21  Twitter accounts and the video in JTX-1028, which Defendants concede is admissible.
22  The foundation for this testimony is laid by Mr. Solano's own testimony that he
23  reviewed the video and Defendants' Twitter pages. To the extent Defendants seek to
24  challenge the depth of his personal understanding, the proper vehicle for that is cross-
25  examination, not exclusion of the testimony.
26        Further, Defendants withdrew their objections to JTX-1028, thereby stipulating
27  to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn**
28

their objections to <u>**all but two**</u> of Yuga's exhibits") (emphasis in original); Dkt. 312 at 13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, the witness, who personally reviewed the admissible exhibit, may testify about it to move it into evidence.

**21.    Disputed Testimony:** Greg Solano, Objection to Paragraph 39, lines 12:14-16

  **a.    Objectionable Testimony**

  Defendants timed the production and sale of their infringing RR/BAYC NFTs to capitalize on the success of the BAYC Marks and Yuga Labs' advertising about the BAYC brand in anticipation of its second annual ApeFest.

  **b.    Defendants' Grounds for Objection**

  Paragraph 39, lines 12:14-16, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants timed the production and sale" of the RR/BAYC project "to capitalize on … the second annual ApeFest."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not explain how Mr. Solano could know about Defendants' mental state regarding why and when they accepted commissions for RR/BAYC NFTs.  Thus, Yuga has failed to show that the testimony in lines 12:14-16 of Paragraph 39 is based on personal knowledge or that it is anything more than speculation.

  **c.    Plaintiff's Response to Objection**

  Mr. Solano's testimony is based in part upon a review of Defendants' own Twitter accounts, public statements Defendants have made, and internal communications between Defendants and their business partners.  Further, by virtue of his roles with Yuga Labs, Mr. Solano has personal knowledge of ApeFest and the

1  dates of the event, as well as Defendants' public activity regarding their infringing

2  NFT collection.  Mr. Solano also testifies about documents he reviewed that

3  Defendants produced in this litigation.  The foundation for this testimony is laid by

4  Mr. Solano's own testimony that he reviewed Defendants' Twitter pages and observed

5  statements they have publicly made.  Therefore, this testimony is based on Mr.

6  Solano's personal knowledge.  Fed. R. Evid. 602.

7

8  **22.    Disputed Testimony:** Greg Solano, Objection to Paragraph 40, lines 13:2-5

9        **a.    Objectionable Testimony**

10        And based on my review of excerpts from Defendants' private Discord chat

11  titled "Team Ape Market" (JTX-801), revealed that Mr. Ripps wanted to promote

12  RR/BAYC NFTs to ApeFest attendees during ApeFest.  (*See* JTX-23, excerpted

13  below.)

14        **b.    Defendants' Grounds for Objection**

15        Paragraph 40, lines 13:2-5, of the Solano Declaration is inadmissible under

16  Federal Rule of Evidence 602 because the testimony is not based on personal

17  knowledge and is speculation.  Mr. Solano testifies that "Mr. Ripps wanted to promote

18  RR/BAY NFTs to ApeFest attendees during ApeFest."  The declaration provides no

19  basis for how this testimony is based on Mr. Solano's personal knowledge or how he

20  could possibly have personal knowledge regarding Mr. Ripps's mental state.  Instead,

21  the declaration states that the testimony is based on "review of excerpts from

22  Defendants' private Discord chat."  Thus, Yuga has failed to show that the testimony

23  in lines 13:2-5 of Paragraph 40 is based on personal knowledge or that it is anything

24  more than speculation.

25        **c.    Plaintiff's Response to Objection**

26        Mr. Solano's testimony is based upon his review of JTX-801 and JTX-23.

27  Further, through his roles with Yuga Labs, Mr. Solano has personal knowledge of

28

1 ApeFest and the dates of the event.  The foundation for this testimony is laid by Mr.

2 Solano's own testimony that he reviewed Defendants' conversations regarding

3 promoting RR/BAYC at ApeFest and that he is aware of their public activity

4 promoting RR/BAYC around the same time as ApeFest.  Therefore, this testimony is

5 based on Mr. Solano's personal knowledge. Fed. R. Evid. 602.

6        Further, Defendants raised no objections to JTX-801 and JTX-23, thereby

7 stipulating to their admission into evidence. Dkt. 312 at 2, 10; *see* Dkt. 284 ("Civil

8 Trial Order") at Section 3 ("All exhibits to which there is no objection shall be

9 deemed admitted.").  They have conceded that the documents are admissible.

10 Therefore, the witness, who personally reviewed the admissible exhibits, may testify

11 about them to move them into evidence.

12

13 **23.    Disputed Testimony:** Greg Solano, Objection to Paragraph 40, lines 13:14-15

14        **a.    Objectionable Testimony**

15        A Twitter user even observed how Mr. Ripps chose to market his RR/BAYC

16 NFTs to coincide with major BAYC events. (*See* JTX-1274.)

17        **b.    Defendants' Grounds for Objection**

18        Paragraph 40, lines 13:14-15, of the Solano Declaration is inadmissible hearsay

19 under Federal Rule of Evidence 802 because it relies on out-of-court statements made

20 by a third-party on Twitter.  Mr. Solano testifies that @0xBender (who is an

21 anonymous user on Twitter) stated on Twitter that RR/BAYC marketing coincide with

22 BAYC events and then cites to a video of a post from the anonymous Twitter user.

23 Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by

24 using the statement argue that RR/BAYC marketing coincided major BAYC events.

25 *See* Fed. R. Evid. 801.  No hearsay exception applies.

26

27

28

### c.    Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-1274, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to __all but two__ of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 20; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that the document is admissible.  Therefore, they waived their hearsay objection to the exhibit and the witness may testify about the exhibit to move it into evidence.

Mr. Solano's testimony also does not rely on out-of-court statements.  Mr. Solano has personal knowledge of posts on Twitter, and his testimony reflects his personal awareness of this Tweet and observations that are corroborated by Exhibit 1274, which Defendants admit is admissible.  This testimony is about the effect of Defendants' commercial activities on Yuga Labs, not about the truth of any statement.  Accordingly, his testimony is not hearsay.

### 24.    Disputed Testimony: Greg Solano, Objection to Paragraph 41, lines 13:16-18

#### a.    Objectionable Testimony

Publicly and privately, Defendants admitted that they were trying to bring down Yuga Labs as a company and their method of attack was to infringe on Yuga Labs' most important brand, BAYC.

#### b.    Defendants' Grounds for Objection

Paragraph 41, lines 13:16-18, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants "publicly and privately" admitted that they were trying to take down Yuga by infringing Yuga's marks.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge or how he could have personal knowledge of what

1  Defendants "privately" have said.  Thus, Yuga has failed to show that the testimony in

2  lines 13:16-18 of Paragraph 41 is based on personal knowledge or that it is anything

3  more than speculation.

4        **c.**    **Plaintiff's Response to Objection**

5        Mr. Solano testifies that he has reviewed Defendants' public statements on

6  Twitter, and their private conversations, including the ApeMarket Telegram chat, and

7  the RR/BAYC Discord chat.  Mr. Solano's testimony about the contents of those

8  conversations is, therefore, based on his personal knowledge of Defendants'

9  statements.  Fed. R. Evid. 602.  And by virtue of his positions at Yuga Labs and his

10  familiarity with Defendants' public statements and this litigation, Mr. Solano has

11  personal knowledge of information he testifies on in this paragraph.

12        Moreover, Defendants withdrew their objections to these communications,

13  thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants**

14  **have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in

15  original); Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is

16  no objection shall be deemed admitted."). Defendants have conceded that the exhibits

17  are admissible.  Therefore, the witness, who personally reviewed the admissible

18  exhibits, may testify about them to move them into evidence.

19

20  **25.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 42, lines 13:22-25

21        **a.**    **Objectionable Testimony**

22        Time and time again, Defendants used the BAYC Marks to sell identical-

23  looking NFTs in the exact same markets that Yuga Labs' BAYC NFTs are sold. (*See*

24  JTX-29, RR/BAYC on OpenSea; JTX-137, RR/BAYC on LooksRare, and JTX-670,

25  RR/BAYC on Foundation (excerpted below).)

26

27

28

**b.     Defendants' Grounds for Objection**

Paragraph 42, lines 13:22-25, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by third-party websites.  Mr. Solano testifies that Defendants sold "identical looking NFTs in the exact same markets that Yuga Labs' BAYC NFTs are sold" and then cites to various third-party websites.  Mr. Solano uses this this out-of-court statement to prove the truth of the matter asserted by using the statement argue that RR/BAYC NFTs were available for sale on those websites.  *See* Fed. R. Evid. 801.  No hearsay exception applies

Paragraph 42, lines 13:22-25, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants sold "identical looking NFTs in the exact same markets that Yuga Labs' BAYC NFTs are sold."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge.  Thus, Yuga has failed to show that the testimony in lines 13:22-25 of Paragraph 42 is based on personal knowledge or that it is anything more than speculation.

**c.     Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-29, JTX-137, and JTX-670 thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Defendants have conceded that the documents are admissible.  Therefore, their hearsay objections to these exhibits are improper.

These exhibits are also not hearsay because they are records of regularly conducted activity or market reports.  Fed. R. Evid. 803(6) or (17).  Moreover, these

1    exhibits establish the fact that RR/BAYC NFTs were available for trading on these

2    secondary marketplaces.  They demonstrate the information available to the public at

3    the time.

4         Further, Mr. Solano's testimony establishes his personal knowledge of

5    Defendants' infringing NFTs on secondary marketplaces from his observations. By

6    virtue of his positions at Yuga Labs and his familiarity with Defendants' public

7    activity and this litigation, Mr. Solano has personal knowledge of information he

8    testifies about in this paragraph.  To the extent Defendants seek to challenge the depth

9    of his personal understanding, the proper vehicle for that is cross-examination, not

10   exclusion of the testimony.

11

12   **26.    Disputed Testimony:** Greg Solano, Objection to Paragraph 42, lines 14:12-22

13        **a.    Objectionable Testimony**

14        In the case of OpenSea and LooksRare NFT marketplaces, Defendants used the

15   BAYC Marks to sell their scam NFTs alongside authentic Yuga Labs BAYC NFTs, as

16   shown in JTX-686 (excerpted below), which provides a side-by-side comparison of

17   the sales pages for BAYC #1058 and RR/BAYC #1058 on OpenSea.

18

19

20   

21

22

23   (*See also* JTX-611, Yuga Labs' BAYC sales page on OpenSea.)

24        **b.    Defendants' Grounds for Objection**

25        Paragraph 42, lines 14:12-22, of the Solano Declaration is inadmissible hearsay

26   under Federal Rule of Evidence 802 because it relies on out-of-court statements made

27   by third-party websites.  Mr. Solano testifies that Defendants sold their "NFTs

28   alongside authentic Yuga Labs BAYC NFTs" and then cites to third party websites on

1   OpenSea and LooksRare and references a snip of what appears to be two NFT listings.

2   Mr. Solano uses these this out-of-court statements to prove the truth of the matter

3   asserted by using the statements argue that RR/BAYC NFTs were available for sale

4   on those websites.  *See* Fed. R. Evid. 801.  No hearsay exception applies

5          Paragraph 42, lines 14:12-22, of the Solano Declaration is inadmissible under

6   Federal Rule of Evidence 602 because the testimony is not based on personal

7   knowledge and is speculation.  Mr. Solano testifies that Defendants sold their "NFTs

8   alongside authentic Yuga Labs BAYC NFTs."  The declaration provides no basis for

9   how this testimony is based on Mr. Solano's personal knowledge or how he could

10  possibly know that those third-party website listing were created by Defendants and

11  not by somebody else (given that literally anyone can put up a listing on websites like

12  OpenSea). Thus, Yuga has failed to show that the testimony in lines 14:12-22 of

13  Paragraph 42 is based on personal knowledge or that it is anything more than

14  speculation.

15         c.    **Plaintiff's Response to Objection**

16         Defendants withdrew their objections to JTX-686, thereby stipulating to its

17  admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their**

18  **objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

19  6; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no

20  objection shall be deemed admitted.").  They have conceded that the document is

21  admissible.  Therefore, the witness, who personally reviewed the admissible exhibit,

22  may testify about it to move it into evidence.

23         Mr. Solano's testimony reflects his personal knowledge and confirms he

24  observed the similarities between the collections on the same secondary marketplaces,

25  as reflected in JTX-686.  His personal observations are not hearsay and are

26  corroborated by this exhibit.  Therefore, the exhibit lays ample foundation for Mr.

27  Solano's testimony.  Fed. R. Evid. 602.

28

1

2      **27.     Disputed Testimony:** Greg Solano, Objection to Paragraph 43, lines 15:11-15

3             **a.       Objectionable Testimony**

4             Around the same time, a Google search of "BAYC Foundation.app" resulted in

5      a link entitled "Bored Ape Yacht Club – Foundation.app" that redirected to

6      Defendants' Foundation sales page. (*See* JTX-677.) So, when consumers were

7      searching for our authentic BAYC NFTs, they would be taken to Defendants'

8      infringing page.

9             **b.       Defendants' Grounds for Objection**

10            Paragraph 43, lines 15:11-13, of the Solano Declaration is inadmissible hearsay

11     under Federal Rule of Evidence 802 because it relies on out-of-court statements made

12     by a third-party website.  Mr. Solano testifies that "a Google search of 'BAYC

13     Foundation.app' resulted in a link entitled 'Bored Ape Yacht Club – Foundation.app'"

14     and then cites to the webpage itself.  Mr. Solano uses these this out-of-court

15     statements to prove the truth of the matter asserted by using the statements argue that

16     a Google search would lead to a page entitled "Bored Ape Yacht Club –

17     Foundation.app."  *See* Fed. R. Evid. 801.  No hearsay exception applies

18            Paragraph 43, lines 15:11-15, of the Solano Declaration is inadmissible under

19     Federal Rule of Evidence 602 because the testimony is not based on personal

20     knowledge and is speculation.  Mr. Solano testifies that "a Google search of 'BAYC

21     Foundation.app' resulted in a link entitled 'Bored Ape Yacht Club – Foundation.app'"

22     and then cites to the webpage itself.   Mr. Solano further testifies that consumers

23     searching for BAYC NFTs would be taken to the wrong Foundation page. The

24     declaration provides no basis for how this testimony is based on Mr. Solano's

25     personal knowledge or how he could know that consumers were searching for a

26     Foundation page for BAYC NFT.  Thus, Yuga has failed to show that the testimony in

27

28

lines 15:11-15 of Paragraph 43 is based on personal knowledge or that it is anything more than speculation.

### c.   Plaintiff's Response to Objection

Defendants withdrew their objections to JTX-677, thereby stipulating to its admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). They have conceded that the document is admissible. Therefore, their hearsay objection is improper.

Regardless, this exhibit is admissible as a commercial report. Fed. R. Evid. 803(17). A google search is a compilation of results to a user's query that is "generally relied on by the public." *Id.* Therefore, this exhibit falls under an exception to the rule against hearsay and is admissible evidence.

Mr. Solano's testimony is based on his personal knowledge and therefore does not lack foundation. Fed. R. Evid. 602. Mr. Solano has personal knowledge of the google search in JTX-677, and the exhibit corroborates his testimony. By permitting the exhibit into evidence, Defendants admit its authenticity. The exhibit shows the Google results for "BAYC Foundation.app" and demonstrates that this search brings up Defendants' infringing web page. Whether or not Mr. Solano is aware of an individual consumer who has conducted such a search is irrelevant. Mr. Solano's testimony is that if one were to conduct this search, it would result in Defendants' infringing webpage. The foundation for this testimony is laid by the exhibit and Mr. Solano's personal knowledge of the exhibit. Fed. R. Evid. 602.

**28.** **Disputed Testimony:** Greg Solano, Objection to Paragraph 44, lines 15:18-24

    **a.** **Objectionable Testimony**

    Defendants also misleadingly labeled the NFT smart contract and token tracker for their Counterfeit NFTs as "Bored Ape Yacht Club (BAYC)." Even if consumers went beyond the marketplace and looked to the RR/BAYC NFT smart contract, they would still be confused, as the contract leads with Yuga Labs' trademarks in the infringing token tracker name. (*See*, *e.g.*, JTX-117.) They even placed the BAYC Logo at the top of the webpage they used to manufacture RR/BAYC NFTs. (*See* JTX-171.)

    **b.** **Defendants' Grounds for Objection**

    Paragraph 44, lines 15:18-24, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that Defendants "labeled the NFT smart contract and token tracker … as 'Bored Ape Yacht Club (BAYC)," that consumers looking at the token tracker would be confused, and that Defendants "placed the BAYC Logo" on the top of a webpage that it cited in the paragraph as JTX-171. The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not explain how Mr. Solano could know (1) what Defendants did or did not label, (2) if any consumers were confused, (3) whether Defendants actually placed the logo on the website in JTX-171, and (4) whether the website in JTX-171 was actually used to "manufacture RR/BAYC NFTs." Thus, Yuga has failed to show that the testimony in lines 15:18-24 of Paragraph 44 is based on personal knowledge or that it is anything more than speculation.

    **c.** **Plaintiff's Response to Objection**

    Defendants withdrew their objections to JTX-117, thereby stipulating to its admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

4; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no
objection shall be deemed admitted.").  They have conceded that the document is
admissible.

Mr. Solano's testimony establishes his personal knowledge of the subject matter
of this exhibit that is in evidence (which he read) and refutes Defendants' speculation
claim.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the
witness's own testimony."); *see Barthelemy*, 897 F.2d at 1018 (9th Cir. 1990)
(determining a declarant's personal knowledge may be inferred from a declarant's
"position[ ] and the nature of their participation in the matters."). Mr. Solano's
testimony is based upon all of the exhibits cited in the declaration, including JTX-117
which shows the Ryder Ripps is the creator of the contract for Defendants' infringing
smart contract.  Mr. Solano is also familiar with the discovery in this matter and the
publicly available data that confirm Mr. Ripps is the creator.  Thus, it is within Mr.
Solano's personal knowledge that Mr. Ripps created the contract, including the
infringing reference to "Bored Ape Yacht Club (BAYC)."  *See* JTX-117.  And Mr.
Solano has testified that he has reviewed Defendants' Team Ape Market discord chat,
and therefore has personal knowledge of Defendants' roles in designing the Netlify
site represented in JTX-171.  *See e.g.*, JTX-801.00055.

Mr. Solano's testimony pertaining to confusion is likewise based on his own
personal knowledge.  Fed. R. Evid. 602.  Mr. Solano has examined the smart contract
for Defendants' infringing NFTs.  He has personal knowledge that the smart contract
uses Yuga Labs' marks as its token tracker.  Mr. Solano's testimony is that it his
observation, as a consumer of NFTs, that a consumer would be confused by an NFT
that uses the same images as Yuga Labs' Bored Ape Yacht Club NFTs and uses
"Bored Ape Yacht Club (BAYC)" as a token tracker.  Indeed, the Court has already
found a likelihood of confusion.  Dkt. 225 at 13.  Therefore, Mr. Solano has personal

1  knowledge of the confusing display of Yuga Labs' marks on Defendants' infringing

2  token tracker.

3

4  **29.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 45, lines 15:25-

5         16:1

6         **a.**    **Objectionable Testimony**

7         Worse still, by promoting another infringer's NFT contract on Twitter, Mr.

8  Ripps encouraged others to use Yuga Labs' trademarks and copy Yuga Labs' BAYC

9  and MAYC NFTs. As Mr. Ripps stated, this NFT contract was a "supported offshoot"

10  of Mr. Ripps' own infringing conduct. (*See* JTX-841.)

11         **b.**    **Defendants' Grounds for Objection**

12         Paragraph 45, lines 15:25-16:1, of the Solano Declaration is inadmissible under

13  Federal Rule of Evidence 602 because the testimony is not based on personal

14  knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps was "promoting

15  another infringer's NFT contract on Twitter."  The declaration provides no basis for

16  how this testimony is based on Mr. Solano's personal knowledge and instead merely

17  cites to an exhibit where Mr. Ripps is actually disclaiming a collection that was

18  mimicking the RR/BAYC project.  Thus, Yuga has failed to show that the testimony

19  in lines 15:25-16:1 of Paragraph 45 is based on personal knowledge.

20         **c.**    **Plaintiff's Response to Objection**

21         This testimony is based on Mr. Solano's personal knowledge.  Fed. R. Evid.

22  602.  Mr. Solano is familiar with JTX-841 as he refers to it in his declaration.  And

23  JTX-841 is in evidence because Defendants withdrew their objections, thereby

24  stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have**

25  **withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in

26  original); Dkt. 312 at 10; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

27  which there is no objection shall be deemed admitted.").  The exhibit is a Tweet from

28

1   Mr. Ripps that refers to an NFT collection that is unaffiliated with Yuga Labs "for
2   new BAYCs and MAYCs" that Mr. Ripps refers to as "a supported offshoot" of his
3   infringing NFTs.  JTX-841.  And Mr. Ripps states that these "offshoot" NFTs are
4   "cool too."  Thus, the exhibit shows Mr. Ripps promoting an NFT collection that uses
5   Yuga Labs' marks.  Defendants' Tweet is in evidence and Mr. Solano is referencing it
6   in his declaration, thereby laying the foundation.  Therefore, the exhibit lays the
7   foundation for Mr. Solano's testimony that Mr. Ripps was "promoting another
8   infringer's NFT contract on Twitter."  Fed. R. Evid. 602.

9

10   **30.   Disputed Testimony:** Greg Solano, Objection to Paragraph 46, lines 16:6-11
11         **a.   Objectionable Testimony**
12         Defendants also targeted the same consumers as Yuga Labs to divert profit
13   from Yuga Labs to themselves. For example, they used the BAYC Marks to market
14   RR/BAYC NFTs on Twitter, which is the most popular platform to promote and
15   discuss NFTs, and where Yuga Labs promotes and sells its own NFTs. (*See* JTX-696
16   for examples of Defendants marketing RR/BAYC NFTs through their ApeMarket
17   Twitter account.)
18         **b.   Defendants' Grounds for Objection**
19         Paragraph 46, lines 16:6-11, of the Solano Declaration is inadmissible under
20   Federal Rule of Evidence 602 because the testimony is not based on personal
21   knowledge and is speculation.  Mr. Solano testifies that "Defendants also targeted the
22   same consumers as Yuga Labs" because they made posts on "Twitter."  The
23   declaration provides no basis for how this testimony is based on Mr. Solano's
24   personal knowledge and does not explain how the mere use of Twitter could result in
25   personal knowledge that Defendants "targeted" BAYC consumers.  Thus, Yuga has
26   failed to show that the testimony in lines 16:6-11 of Paragraph 46 is based on personal
27   knowledge.

28

### c.   Plaintiff's Response to Objection

This testimony is based on Mr. Solano's personal knowledge. Fed. R. Evid. 602. Mr. Solano is familiar with JTX-696 as he refers to it in his declaration. And JTX-696 is in evidence because Defendants withdrew their objections, thereby stipulating to its admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). The exhibit includes several Tweets from the ApeMarket Twitter account including Tweets promoting the RR/BAYC discord channel and a link to rrbayc.com. JTX-696. And Mr. Solano is aware of the facts of this litigation and therefore has personal knowledge that Defendants controlled the ApeMarket Twitter account. Dkt. 271, Cahen Depo. Tr. at 99:9-11 ("And the other one would be at, at symbol, Ape, A-P-E, marketplace, M-A-R-K-E-T-P-L-A-C-E. Those two."). By virtue of his roles at Yuga Labs, Mr. Solano has personal knowledge of how Yuga Labs markets to consumers, including through the use of Twitter. Therefore, Mr. Solano has personal knowledge that Defendants marketed their infringing NFTs to the same consumers through the same channels, namely Twitter. Fed. R. Evid. 602.

**31.   Disputed Testimony:** Greg Solano, Objection to Paragraph 48, lines 17:25-18:1

### a.   Objectionable Testimony

For example, they included Yuga Labs' BAYC Marks in the sites' favicons (i.e. browser tab images). (*See*, *e.g.*, JTX-94, JTX-95, below.)

### b.   Defendants' Grounds for Objection

Paragraph 48, lines 17:25-18:1, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal

knowledge and is speculation.  Mr. Solano testifies that Defendants "included Yuga Labs' BAYC marks on the sites' favicons."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and does not explain how Mr. Solano could possibly know who placed favicons on a website and whether action ever had anything to do with the Defendants.  Thus, Yuga has failed to show that the testimony in lines 17:25-18:1 of Paragraph 48 is based on personal knowledge and is not speculation.

### c.      Plaintiff's Response to Objection

This testimony is neither speculative nor lacking in foundation.  Mr. Solano is aware of the facts of this case as a participant in the litigation.  And JTX-94 and 95 are in evidence because Defendants withdrew their objections, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to __all but two__ of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 4; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Mr. Solano has personal knowledge of the favicons represented in JTX-94 and 95, and is aware that they were featured on Defendants' infringing web domains.  And Mr. Solano has personal knowledge that the rrbayc.com and apemarket.com domain names were registered by Mr. Ripps.  Dkt. 271, Ripps Depo. Tr. at 36:20, 37:1-2.  Therefore, Mr. Solano has personal knowledge that Defendants had control of both websites and that the incorporation of Yuga Labs' marks can be attributed to Defendants.  This testimony is supported by Mr. Solano's personal knowledge of the facts of this litigation.  Fed. R. Evid. 602.

**32.    Disputed Testimony:** Greg Solano, Objection to Paragraph 49, lines 18:8-19

### a.      Objectionable Testimony

Defendants also used the BAYC Marks to promote their own secondary marketplace to sell Yuga Labs NFTs: Ape Market, which they said would be available

---

through the apemarket.com domain. To use Ape Market, Defendants said that consumers would be required to purchase one of Defendants' RR/BAYC NFTs—each of which uses Yuga Labs' BAYC Marks—encouraging further sales and profit for Defendants. And Defendants even targeted this marketplace at Yuga Labs NFT holders to harm Yuga Labs, directing their marketing to the "Yuga community." (See JTX-697.) Based on Defendants' promotion of Ape Market (JTX-696) and my review of the webpages generated by running the source code for the planned ApeMarket.com website (JTX-806 - JTX-809), Defendants intended to allow BAYC NFT holders to sell their authentic Yuga Labs NFTs right next to RR/BAYC NFTs. (*See*, *e.g.*, JTX-808, excerpted below.)

### b. Defendants' Grounds for Objection

Paragraph 49, lines 18:8-19, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants promoted a secondary marketplace that require users to own a RR/BAYC NFT and that Defendants "intended to allow BAYC holders to sell their authentic Yuga Labs NFTs right next to RR/BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states that Mr. Solano conducted a "review" of source code produced by a third-party during discovery in this litigation to purportedly acquire personal knowledge regarding Defendants' mental state.  Thus, Yuga has failed to show that the testimony in lines 18:8-19 of Paragraph 49 is based on personal knowledge and is not speculation.

### c. Plaintiff's Response to Objection

The foundation for this testimony is laid by the exhibits cited in the declaration. Fed. R. Evid. 602.  Mr. Solano's testimony that Defendants' used Yuga Labs' marks to advertise their token-gated marketplace is supported by JTX-697.  And the cited exhibits are in evidence because Defendants withdrew their objections, thereby

stipulating to their admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9, 10; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). The Tweet in this exhibit displays an image that begins "Dear Yuga community" and promotes Defendants' infringing marketplace using, among others, Yuga Labs' BAYC mark. The Tweet also states that "[l]isting requires holding RR/BAYC," thus providing foundation for Mr. Solano's testimony that this marketplace would require users to purchase one of Defendants' infringing NFTs. Defendants' Tweet is in evidence and Mr. Solano is referencing it in his declaration, thereby laying the foundation. And the rendering of the Ape Market source code provided by Defendants' co-conspirator Mr. Lehman clearly shows Defendants' infringing products being sold in close proximity to Yuga Labs' products. JTX-806–809. Therefore, the exhibits cited in the declaration lay the foundation for Mr. Solano's testimony. Fed. R. Evid. 602.

33. **Disputed Testimony:** Greg Solano, Objection to Paragraph 50, lines 19:14-19

     **a.** **Objectionable Testimony**

     I understand Thomas Lehman warned Defendants that this exact design would confuse consumers. (JTX-1.) Defendants have described Mr. Lehman as one of their partners in manufacturing the RR/BAYC NFTs. My understanding from his communications with Defendants and his admissions to the court in New York is that he knew this design and the RR/BAYC NFTs used Yuga Labs' marks and would confuse consumers.

     **b.** **Defendants' Grounds for Objection**

     Paragraph 50, lines 19:14-19, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that Mr. Lehman "warned"

1  Defendants regarding the design of ApeMarket.  The declaration provides no basis for
2  how this testimony is based on Mr. Solano's personal knowledge and instead merely
3  states "I understand" without explaining what that "understanding" is based on.  Mr.
4  Solano also states that his testimony is based on communications produced in the
5  course of discovery in this litigation and Mr. Lehman's settlement-procured
6  declaration which was signed under coercion.  Thus, Yuga has failed to show that the
7  testimony in lines 19:14-19 of Paragraph 50 is based on personal knowledge.

8      This testimony (including JTX-1) is also inadmissible under the Federal Rules
9  of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of
10 Thomas Lehman which was made in the context of his settlement with Yuga Labs and
11 was drafted under a coercion.  The statements made in that declaration are, therefore,
12 unreliable.  Ms. Solano's testimony restating the statements made in Mr. Lehman's
13 declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative
14 value, which is substantially outweighed by a danger of unfair prejudice and
15 confusing the issues.  The testimony and corresponding exhibit should, therefore, be
16 excluded.  *See* Fed. R. Evid. 403.

17      **c.    Plaintiff's Response to Objection**

18      Defendants have waived their objections to the admissibility of JTX-1
19 (Declaration of Thomas Lehman) by including it on their own exhibit list (JTX-2277).
20 Yuga Labs did not object to JTX-2277, and it is therefore admitted into evidence.
21 Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no
22 objection shall be deemed admitted.").  Defendants' argument that they will be
23 unfairly prejudiced by an exhibit that they themselves offered into evidence is
24 unfounded.

25      JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed, during
26 Defendants' deposition of him, that the statements contained therein are truthful.  *See*,
27 *e.g.*, Dkt. 271, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your

28

1  truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does.").

2  On that basis alone, the declaration is not unreliable.  Furthermore, however, the

3  highly probative value of JTX-1 is not outweighed by any risk of unfair prejudice or

4  confusing the issues.  Tellingly, Defendants do not object to JTX-1 on the grounds of

5  relevance because this exhibit is plainly relevant to the determination of Yuga Labs'

6  remedies; specifically, the statements contained therein relate to the amount of money

7  Mr. Lehman was paid for his involvement with the RR/BAYC business venture and

8  Defendants' promotion of the RR/BAYC NFTs.  *See* Fed. R. Evid. 401, 402.  To the

9  extent the Court allows Defendants to argue that they did not intend to confuse

10  consumers, contrary to the Court's Order on Yuga Labs' Motion for Summary

11  Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant to that issue.

12      Mr. Solano has reviewed Mr. Lehman's declaration (whether introduced as

13  JTX-1 or JTX-2277) and can therefore testify as to his own understanding of the

14  contents therein.  Fed. R. Evid. 602.

15

16  **34.    Disputed Testimony:** Greg Solano, Objection to Paragraph 51, lines 19:20-25

17      **a.    Objectionable Testimony**

18      And based on my review of the Team Ape Market Discord chat (JTX-801), the

19  Defendants' design of Ape Market was an attempt to make people trust their scam

20  marketplace by associating it with Yuga Labs and the consumer trust the BAYC brand

21  has built up through years of work. (See also JTX-114, a private conversation between

22  Defendants in which Mr. Ripps considers buying Yuga Labs NFTs to list on Ape

23  Market "so people trust it?").

24      **b.    Defendants' Grounds for Objection**

25      Paragraph 51, lines 19:20-25, of the Solano Declaration is inadmissible under

26  Federal Rule of Evidence 602 because the testimony is not based on personal

27  knowledge and is speculation.  Mr. Solano testifies about Defendants "attempt to

28

make people trust their scam marketplace by associating it with Yuga Labs." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely states that the testimony is based on Mr. Solano's "review" of a private chat produced during discovery in this litigation. The declaration also does not explain how Mr. Solano could possibly have personal knowledge regarding Defendants' mental state on what they were trying or not trying to do. Thus, Yuga has failed to show that the testimony in lines 19:20-25 of Paragraph 51 is based on personal knowledge and is not speculation.

### c.   Plaintiff's Response to Objection

The foundation for this testimony is laid by Defendants' own communications. Fed. R. Evid. 602. And JTX-114 is in evidence because Defendants withdrew their objections, thereby stipulating to its admission into evidence. *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 4; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). Specifically, in the Team Ape Market discord chat, Mr. Ripps stated a desire to purchase Yuga Labs' assets to capitalize off of Yuga Labs' public trust. *See* JTX-114. Indeed, Mr. Solano cites this exhibit in his declaration and thus has demonstrated personal knowledge of Defendants' conversations in the discord chat. Therefore, Mr. Solano's testimony that a review of the Team Ape Market discord chat led him to the conclusion that Defendants' intended to capitalize off of Yuga Labs' trust in building Ape Market is supported by the exhibit and Mr. Solano's personal knowledge. Fed. R. Evid. 602.

**35.   Disputed Testimony:** Greg Solano, Objection to Paragraph 52, lines 20:1-18

    **a.   Objectionable Testimony**

    Their use of Ape Market to market RR/BAYC NFTs and profit off of the BAYC brand was obvious from their Twitter posts and design of Ape Market. (*See*, *e.g.*, JTX-808.) But, I believe their internal chats also confirm this:



Pauly Shore  30-May-22 12:58 PM
Goal: mint out the remainder of the collection + incentivize people to use the marketplace, specifically the BAYC original side
I think it would be very good to create a simple slide that shows the royalty structure with some of or RR/BAYC design elements
- .69% royalties or whatever percent we decide
- Anyone who owns a rr/bayc can use the marketplace
- fat finger protection / floor reserve (edited)
- price increase (edited)

(JTX-801.00185, excerpted above.) Defendants had also learned from their experience in participating in the infringing Cryptophunks NFTs and marketplace scam that they needed unconventional marketing to "build up hype" and discussed building that hype for RR/BAYC NFTs by doing "an event" with an influencer, having a raffle, or giving away free RR/BAYC NFTs. (*See* JTX 801-00198.) Mr. Cahen even went so far as to reserve "the bored and hungry ape" in the RR/BAYC NFT collection (Bored & Hungry is a company that uses their license to a BAYC image in their branding). *Id*. He also proposed that Defendants should "buy the bored and hungry ape," set up a hotdog stand in front of the Bored & Hungry restaurant, and then hire an actor to "stage an arrest" in front of Bored & Hungry. *Id.*

    **b.   Defendants' Grounds for Objection**

    Paragraph 52, lines 20:1-18, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how Defendants "internal chats confirm" that Defendants' intended to "profit off the BAYC brand" and that Mr. Cahen "reserve[d] the bored and hungry ape" and proposed to "stage an arrest."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely states that the testimony is based on Mr. Solano's analysis of private "internal chats" produced during discovery in this litigation.  The

1  declaration also does not explain how Mr. Solano could possibly have personal

2  knowledge regarding Defendants' mental state regarding the purposes of the

3  RR/BAYC project.  Thus, Yuga has failed to show that the testimony in lines 20:1-18

4  of Paragraph 52 is based on personal knowledge and is not speculation.

5           **c.    Plaintiff's Response to Objection**

6           Mr. Solano is aware of Defendants' public activity and the facts of this

7  litigation and thus this testimony is based on his personal knowledge.  Fed. R. Evid.

8  602.  And the exhibits are in evidence because Defendants withdrew their objections,

9  thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants**

10 **have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in

11 original); Dkt. 312 at 10; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

12 which there is no objection shall be deemed admitted.").  Mr. Solano testified that he

13 reviewed Defendants' Team Ape Market discord chat.  Dkt. 342, Solano Decl. ¶ 51.

14 Indeed, the testimony that Defendants object to contains several direct quotations from

15 that chat.  These chats include a scheme to purchase one of Defendants' infringing

16 NFTs that links to the same image as a popular Bored Ape Yacht Club NFT and stage

17 an arrest to "build up hype."  *See* JTX 801-00198.  Mr. Solano's familiarity with both

18 the facts of the litigation and the contents of Defendants' Ape Market discord chat

19 lays ample foundation for this testimony.  Fed. R. Evid. 602.

20

21 **36.    Disputed Testimony:** Greg Solano, Objection to Paragraph 53, lines 20:22-26

22           **a.    Objectionable Testimony**

23           From my review of Defendants' posts on Twitter and conversations with

24 confused BAYC NFT holders, Defendants also hosted Twitter Spaces where

25 participants would have live audio conversations about NFTs. The title of some of

26 these forums used the BAYC Marks, which enticed consumers, who were confused

27 about what Defendants were selling, to engage in those discussions.

28

**b.    Defendants' Grounds for Objection**

Paragraph 53, lines 20:22-26, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by a third party on Twitter.  Mr. Solano testifies that "Defendants' also hosted Twitter Space" and stated that the testimony is based on his "conversations with confused BAYC NFT holders" that Mr. Solano does not identify.  Mr. Solano uses these out-of-court statements to prove the truth of the matter asserted by using the statement to argue that Defendants hosted Twitter Spaces.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

Paragraph 53, lines 20:22-26, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about how Defendants "hosted Twitter Spaces."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead states that the testimony is based on Mr. Solano's "review of Defendants' posts on Twitter" and inadmissible hearsay statements from anonymous BAYC holders.  Thus, Yuga has failed to show that the testimony in lines 20:22-26 of Paragraph 53 is based on personal knowledge and is not speculation.

**c.    Plaintiff's Response to Objection**

Mr. Solano's testimony is based in part upon a review of Defendants' own Twitter accounts.  Therefore, this testimony represents an opposing party's statement and is not hearsay.  Fed. R. Evid. 801(2).

Mr. Solano does not offer the "conversations with confused BAYC NFT holders" for the truth of the matter asserted.  Fed. R. Evid. 801(c).  Rather, Mr. Solano offers this testimony to demonstrate how Defendants marketed their infringing NFTs and capitalized off of Yuga Labs' goodwill.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how

Defendants' infringing NFTs harmed Yuga Labs' goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace. This testimony is about Defendants' commercial activities that capitalized on Yuga Labs' marks, not about the truth of any statement.

Further, Courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather to demonstrate the declarant's state of mind. *See JIPC Mgm't, Inc. v. Incredible Pizza Co.*, No. CV 08–04310 MMM, 2009 WL 8591607, at *12 (C.D. Cal. July 14, 2009) ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").

The foundation for this testimony is laid by Mr. Solano's own testimony. Mr. Solano testifies that he reviewed Defendants' Twitter pages and spoke with BAYC NFT holders to determine that Defendants were marketing their infringing NFTs in Twitter Spaces that use Yuga Labs' marks. Mr. Solano has personal knowledge of these Twitter Spaces, and Defendants' promotion of them. Therefore, this testimony is based on Mr. Solano's personal knowledge. Fed. R. Evid. 602.

**37. Disputed Testimony:** Greg Solano, Objection to Paragraph 54, lines 21:1-4

**a. Objectionable Testimony**

Defendants even used a similar price point to sell RR/BAYC NFTs—around 0.1 to 0.15 ETH per NFT. At the time, this amounted to approximately $200 per NFT. This is about the same value as BAYC's original 0.08 ETH BAYC price, which was approximately $169 to $236 when we initially sold them.

**b. Defendants' Grounds for Objection**

Paragraph 54, lines 21:1-4, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies about how the commission for

RR/BAYC NFTs and compares that with the price for BAYC NFTs a whole year before the RR/BAYC project was released. The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge. Thus, Yuga has failed to show that the testimony in lines 21:1-4 of Paragraph 54 is based on personal knowledge.

### c.     Plaintiff's Response to Objection

This testimony is based on Mr. Solano's personal knowledge. Fed. R. Evid. 602. As a Co-Founder of Yuga Labs, Mr. Solano has personal knowledge of the price that Yuga Labs' NFTs initially sold for. That this initial sale was prior to the initial sale of Defendants' infringing NFTs does not affect Mr. Solano's personal knowledge of the mint price of Yuga Labs NFTs. The prices that Defendants set for their infringing NFTs was publicly advertised, and Mr. Solano has sworn that he has familiarity with Defendants' Twitter activity. This fact is relevant because consumers could mistake Defendants' infringing NFTs for a new mint of Yuga Labs' NFTs, and the similar mint price would solidify this confusion. Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony relates to one of the aspects of Defendants' infringing NFTs that Mr. Solano perceived contributed to the harm to Yuga Labs' goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace. This testimony is based on Mr. Solano's personal knowledge. Fed. R. Evid. 602.

**38.   Disputed Testimony:** Greg Solano, Objection to Paragraph 55, lines 21:7-12

### a.     Objectionable Testimony

The result of all this confusion and infringement was a windfall of over $1.5 million to Defendants. As Mr. Ripps testified, he made more money in 2022 by selling copycat BAYC NFTs than he made the previous year through his various other business ventures. And in the market, RR/BAYC NFT sales totaled more than $10

million in volume, all money exchanged on the back of Yuga Labs and its hard work to build the BAYC brand.

### b.    Defendants' Grounds for Objection

Paragraph 55, lines 21:7-12, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about that Defendants made "over $1.5 million" and that RR/BAYC NFTs had "more than $10 million in volume."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead makes these declarations without articulating any support.  Thus, Yuga has failed to show that the testimony in lines 21:7-12 of Paragraph 55 is based on personal knowledge.

Paragraph 55, lines 21:7-12, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding damages, remedies, and economics/marketing analysis.  Mr. Solano testifies about how the Defendants' profits and the RR/BAYC project's total volume.  These are improper expert conclusions on damages, remedies, and economics/market analysis. Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about damages, remedies, and economics/market analysis.  *See* Fed. R. Evid. 701(c).

### c.    Plaintiff's Response to Objection

Mr. Solano has personal knowledge of the facts of this litigation.  Fed. R. Evid. 602.  Defendants have also publicly touted their profits from their collection and the volume of trades of RR/BAYC NFTs, and the fact of their sales is publicly displayed on the Ethereum blockchain.  These facts are also all discussed by Defendants in their Team ApeMarket Discord chat, which Mr. Solano has reviewed.

This testimony is not based on any scientific, specialized, or technical knowledge and therefore is not expert testimony.  Fed. R. Evid. 701(c).  Mr. Solano

1   has personal knowledge of Defendants' profits as explained above.  And the volume

2   of trading of Defendants' infringing NFTs is all publicly viewable by anyone on the

3   blockchain and admitted to by Mr. Hickman in the Team ApeMarket Discord chat,

4   regardless of any technical knowledge.  Therefore, this testimony is permissible lay

5   testimony.  Fed. R. Evid. 701.

6

7   **39.   Disputed Testimony:** Greg Solano, Objection to Paragraph 59, lines 22:13-17

8          **a.    Objectionable Testimony**

9          BAYC NFTs are no longer perceived as an exclusive product, and they have

10  become associated with caustic people. Therefore, it is important to destroy, where

11  feasible, the RR/BAYC NFTs so that BAYC NFTs can once again be perceived as

12  exclusive products coming from Yuga Labs.

13         **b.    Defendants' Grounds for Objection**

14         Paragraph 59, lines 22:13-17, of the Solano Declaration is inadmissible under

15  Federal Rule of Evidence 602 because the testimony is not based on personal

16  knowledge and is speculation.  Mr. Solano testifies about how "BAYC NFTs are no

17  longer perceived as an exclusive product, and they have been associated with caustic

18  people."  The declaration provides no basis for how this testimony is based on Mr.

19  Solano's personal knowledge and instead makes this statement without articulating

20  any support.  Thus, Yuga has failed to show that the testimony in lines 22:13-17 of

21  Paragraph 59 is based on personal knowledge.

22         Paragraph 59, lines 22:13-17, of the Solano Declaration is inadmissible under

23  Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

24  brand equity.  Mr. Solano testifies about how "BAYC NFTs are no longer perceived

25  as an exclusive product, and they have been associated with caustic people" and that

26  destruction of RR/BAYC NFTs is necessary "so that BAYC NFTs can once again be

27  perceived as exclusive products coming from Yuga Labs."  These are improper expert

28

1   conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion

2   and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

3           **c.      Plaintiff's Response to Objection**

4           This testimony is based on Mr. Solano's personal knowledge.  Fed. R. Evid.

5   602.  Mr. Solano is a Co-Founder and President of Yuga Labs.  By virtue of his roles

6   with Yuga Labs, Mr. Solano has personal knowledge of Yuga Labs' brand's goodwill

7   and how Defendants' infringement diminished that goodwill.  Mr. Solano, through his

8   roles at Yuga Labs, has acquired the personal knowledge necessary to offer this

9   testimony.

10          Mr. Solano's testimony is not based on any specialized, technical, or scientific

11  knowledge and therefore is not expert testimony.  Fed. R. Evid. 701(c).  Due to his

12  roles at Yuga Lab's, Mr. Solano has personal knowledge of the harm Defendants

13  caused to Yuga Labs' goodwill through their infringement.  And it requires no

14  specialized knowledge to know that the destruction of a counterfeit product that is

15  damaging the exclusivity of an original product would be an effective way to remedy

16  some of that harm.  Therefore, this testimony is permissible lay-testimony.  Fed. R.

17  Evid. 701.

18

19  **40.    Disputed Testimony:** Greg Solano, Objection to Paragraph 60, lines 22:18-19

20          **a.      Objectionable Testimony**

21          I understand that Defendants want to blame other third parties for the harm to

22  Yuga Labs' goodwill.

23          **b.      Defendants' Grounds for Objection**

24          Paragraph 60, lines 22:18-19, of the Solano Declaration is inadmissible under

25  Federal Rule of Evidence 602 because the testimony is not based on personal

26  knowledge and is speculation.  Mr. Solano testifies about how "Defendants want to

27  blame other third parties for the harm to Yuga Labs' goodwill."  The declaration

28

1  provides no basis for how this testimony is based on Mr. Solano's personal knowledge

2  and instead states "I understand" without explaining what that "understanding" is

3  based on.  The declaration also does not explain how Mr. Solano could possibly have

4  personally knowledge about Defendants' mental state regarding what they want or

5  don't want to do.  Thus, Yuga has failed to show that the testimony in lines 22:18-19

6  of Paragraph 60 is based on personal knowledge.

7        **c.**      **Plaintiff's Response to Objection**

8        Mr. Solano is familiar with the facts of this litigation and therefore testifies to

9  his own personal knowledge.  Defendants' pleadings, which are public filings,

10  frequently put forward an "alternative harm" argument that other uses of Yuga Labs'

11  marks are responsible for Defendants' trademark harms to Yuga Labs.  And, as

12  Defendants note, Mr. Solano is not testifying that he knows what Defendants are

13  thinking, but rather of his understanding of Defendants' arguments.  Mr. Solano has

14  personal knowledge of his own understanding of Defendants' arguments.  Therefore,

15  Mr. Solano is testifying about his understanding of publicly available information that

16  he has personal knowledge of.  Fed. R. Evid. 602.

17

18  **41.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 62, lines 23:2-4

19        **a.**      **Objectionable Testimony**

20        From my review of Defendants' Twitter posts during the course of this

21  litigation, Defendants have made clear that their infringement will not stop unless the

22  Court orders a significant injunction.

23        **b.**      **Defendants' Grounds for Objection**

24        Paragraph 62, lines 23:2-4, of the Solano Declaration is inadmissible under

25  Federal Rule of Evidence 701 because the testimony is not lay opinion.  Mr. Solano

26  testifies about what relief the Court should grant and what Mr. Solano believes to be

27  an appropriate remedy. These are not statements "rationally based on the witness's

28

1    perception" and are not "helpful to clearly understanding the witness's testimony or

2    determining a fact in issue."  Fed. R. Evid. 701(a)-(b).

3            Paragraph 62, lines 23:2-4, of the Solano Declaration is also inadmissible under

4    Federal Rule of Evidence 602 because the testimony is not based on personal

5    knowledge and is speculation.  Mr. Solano testifies that Defendants have "made clear"

6    that they will not stop their alleged infringement absent an injunction.   This statement

7    is speculative, and the declaration provides no basis for how this testimony is based on

8    Mr. Solano's personal knowledge.  Instead, the declaration simply states that the

9    testimony is based on Mr. Solano's "review" of Twitter posts during the course of

10   litigation.  Thus, Yuga has failed to show that the testimony in lines 23:2-4 of

11   Paragraph 62 is not speculation.

12           Paragraph 62, lines 23:2-4, of the Solano Declaration is also inadmissible

13   hearsay under Federal Rule of Evidence 802 because it relies on out-of-court

14   statements on Twitter.  Mr. Solano testifies that Defendants' have stated that they will

15   not stop their infringement absent an injunction.  Mr. Solano uses this out-of-court

16   statement to prove the truth of the matter asserted by using the statement to argue that

17   Defendants will not stop their infringement unless there is an injunction.  *See* Fed. R.

18   Evid. 801.  No hearsay exception applies.

19           **c.     Plaintiff's Response to Objection**

20           Mr. Solano's testimony is not based on specialized, technical, or scientific

21   knowledge and is therefore not impermissible expert testimony.  Fed. R. Evid. 701(c).

22   This testimony is based on Mr. Solano's perception of Defendants' public Twitter

23   accounts.  The idea that Defendants' defiant posture on Twitter indicates a desire to

24   continue in their misconduct is one that a lay person can offer testimony about

25   because it is not based on scientific, technical, or other specialized knowledge.  Fed.

26   R. Evid. 701.

27

28

1      Mr. Solano's testimony is based on his personal knowledge of Defendants'

2  public Twitter accounts.  Mr. Solano has testified that he has reviewed Defendants'

3  Twitter accounts, and Defendants themselves have maintained their defiant posture

4  throughout this litigation.  Mr. Solano's testimony simply reflects Defendants' own

5  comments, and is based on Mr. Solano's personal knowledge of Defendants' Twitter

6  accounts and conduct during this litigation such as their continuing to market

7  RR/BAYC NFTs and host the infringing domains after the lawsuit was filed.

8      Mr. Solano's testimony is not inadmissible hearsay because it represents an

9  opposing party's statement.  Fed. R. Evid. 801(d)(2).  Mr. Solano's testimony is based

10 on his reading of Defendants' own Tweets.  Thus, this is a statement is offered against

11 an opposing that was made in that party's individual capacity, and by definition is not

12 hearsay.  Fed. R. Evid. 801(d)(2).

13

14 **42.   Disputed Testimony:** Greg Solano, Objection to Paragraph 63, lines 23:15-17

15      **a.      Objectionable Testimony**

16      I reviewed the responses to this Tweet and others like it and saw the message

17 stating that "I looked on chain and didn't even realize it was RR." (*See* JTX-1030.)

18      **b.      Defendants' Grounds for Objection**

19      Paragraph 63, lines 23:15-17, of the Solano Declaration is inadmissible hearsay

20 under Federal Rule of Evidence 802 because it relies on out-of-court statements

21 posted by a Twitter user named @0xToven. Mr. Solano testifies that this anonymous

22 Twitter user stated "I looked on chain and didn't even realize it was RR" and then

23 cites to the post without providing any identifying information about the speaker or

24 any context.  Mr. Solano testifies about this out-of-court statement to prove the truth

25 of the matter asserted by using the statement to incorrectly argue that @0xToven

26 didn't realize that the bot @Gembot was reporting an RR/BAYC NFT. *See* Fed. R.

27 Evid. 801.  No hearsay exception applies.

28

c.      **Plaintiff's Response to Objection**

This exhibit is in evidence because Defendants withdrew their objections, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 13; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Testimony about it are, therefore, not hearsay because the statement is no longer an out-of-court statement.

This exhibit and testimony are also not hearsay because Mr. Solano does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the Twitter users were actually confused, this exhibit demonstrates that consumers and brand partners who encountered the Tweets would believe that Defendants' infringement was causing confusion in the marketplace.  This shows the harm to Yuga Labs goodwill and exclusivity as a result of Defendants' infringement.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  Thus, this testimony is relevant regardless of whether this Twitter user was actually confused.

Furthermore, Courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather to demonstrate the declarant's state of mind.  *See JIPC Mgm't, Inc. v. Incredible Pizza Co.*, No. CV 08–04310 MMM, 2009 WL 8591607, at *12 (C.D. Cal. July 14, 2009)* ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").

1   **43.   Disputed Testimony:** Greg Solano, Objection to Paragraph 63, lines 23:17-20

2        **a.      Objectionable Testimony**

3        I also saw that consumers inquired with Mr. Ripps about his counterfeit NFT

4   image used as his profile picture because "your profile pic is a BAYC, so I'm a bit

5   confused here" and "[y]ou have a bayc pfp though." (*See* JTX-709, JTX-710.)

6        **b.      Defendants' Grounds for Objection**

7        Paragraph 63, lines 23:17-20, of the Solano Declaration is inadmissible hearsay

8   under Federal Rule of Evidence 802 because it relies on out-of-court statements

9   posted by a Twitter users named @Tom22110616 and @Cryptoverse520. Mr. Solano

10  testifies that this anonymous Twitter users stated, "your profile pic is a BAYC, so I'm

11  a bit confused here" and "[y]ou have a bayc pfp though."  Mr. Solano testifies about

12  this out-of-court statement to prove the truth of the matter asserted by using the

13  statement to argue that @Tom22110616 and @Cryptoverse520 believe that Mr. Ripps

14  had a BAYC NFT as his profile picture.  *See* Fed. R. Evid. 801.  No hearsay exception

15  applies.

16       **c.      Plaintiff's Response to Objection**

17       This exhibit is in evidence because Defendants withdrew their objections,

18  thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants**

19  **have withdrawn their objections to __all but two__ of Yuga's exhibits**") (emphasis in

20  original); Dkt. 312 at 9; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

21  which there is no objection shall be deemed admitted.").  Testimony about it are,

22  therefore, not hearsay because the statement is no longer an out-of-court statement.

23       This exhibit and testimony are also not hearsay because Mr. Solano does not

24  offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or

25  not the Twitter users were actually confused, this exhibit demonstrates that consumers

26  and brand partners who encountered the Tweets would believe that Defendants'

27  infringement was causing confusion in the marketplace.  This shows the harm to Yuga

28

1  Labs goodwill and exclusivity as a result of Defendants' infringement.  Because Yuga

2  Labs seeks an injunction that will protect its brand in the marketplace, this testimony

3  demonstrates how Defendants' infringing NFTs harmed Yuga Labs' goodwill and

4  why it prompted Yuga Labs to take steps to correct the confusion in the

5  marketplace.  Thus, this testimony is relevant regardless of whether this Twitter user

6  was actually confused.

7          Furthermore, Courts have routinely held that evidence of instances of confusion

8  is not inadmissible hearsay because it is not being offered for the truth of the matter

9  asserted, but rather to demonstrate the declarant's state of mind.  *See JIPC Mgm't, Inc.*

10  *v. Incredible Pizza Co.*, No. CV 08–04310 MMM, 2009 WL 8591607, at *12 (C.D.

11  Cal. July 14, 2009) ("In general, out of court statements by confused customers are

12  not offered for the truth of the matter asserted, and are therefore not hearsay.").

13

14  **44.    Disputed Testimony:** Greg Solano, Objection to Paragraph 63, lines 23:20-22

15          **a.    Objectionable Testimony**

16          Another consumer stated that they are "so confused" by the counterfeit NFT,

17  since "although it says 'bored ape' it is "not real." (*See* JTX-523.)

18          **b.    Defendants' Grounds for Objection**

19          Paragraph 63, lines 23:20-22, of the Solano Declaration is inadmissible hearsay

20  under Federal Rule of Evidence 802 because it relies on out-of-court statements

21  posted by a Twitter users named @Joey_Tartz.  Mr. Solano testifies that this

22  anonymous Twitter users stated that he was, among other things, "so confused." Mr.

23  Solano testifies about this out-of-court statement to prove the truth of the matter

24  asserted by using the statement to argue that @Joey_Tartz was confused.  *See* Fed. R.

25  Evid. 801.  No hearsay exception applies.

26

27

28

c.      **Plaintiff's Response to Objection**

This exhibit is in evidence because Defendants withdrew their objections, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 6; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Testimony about it are, therefore, not hearsay because the statement is no longer an out-of-court statement.

This exhibit and testimony are also not hearsay because Mr. Solano does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the Twitter users were actually confused, this exhibit demonstrates that consumers and brand partners who encountered the Tweets would believe that Defendants' infringement was causing confusion in the marketplace.  This shows the harm to Yuga Labs goodwill and exclusivity as a result of Defendants' infringement.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony demonstrates how Defendants' infringing NFTs harmed Yuga Labs' goodwill and why it prompted Yuga Labs to take steps to correct the confusion in the marketplace.  Thus, this testimony is relevant regardless of whether this Twitter user was actually confused.

Furthermore, Courts have routinely held that evidence of instances of confusion is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but rather to demonstrate the declarant's state of mind.  *See JIPC Mgm't, Inc. v. Incredible Pizza Co.*, No. CV 08–04310 MMM, 2009 WL 8591607, at *12 (C.D. Cal. July 14, 2009) ("In general, out of court statements by confused customers are not offered for the truth of the matter asserted, and are therefore not hearsay.").

**45.    Disputed Testimony:** Greg Solano, Objection to Paragraph 63, lines 23:22-23

    **a.    Objectionable Testimony**

    And a consumer even posted on Twitter that "I bought an rr bayc because i thought it was made by yuga." (*See* JTX-311.)

    **b.    Defendants' Grounds for Objection**

    Paragraph 63, lines 23:22-23, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements posted by a Twitter users named @streetoshi.  Mr. Solano testifies that this Twitter users stated that he "bought an rr bayc because I thought it was made by yuga."  Mr. Solano testifies about this out-of-court statement to prove the truth of the matter asserted in the statement by using the statement to argue that @streetoshi bought an RR/BAYC NFT because he thought it was made by Yuga.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

    **c.    Plaintiff's Response to Objection**

    This is Defendants' own exhibit, and Yuga Labs' does not object to its admission, therefore Defendants' have stipulated to its admission into evidence.  *See* Dkt. 312 at 37; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  Testimony about it are, therefore, not hearsay because the statement is no longer an out-of-court statement.

    This exhibit and testimony are also not hearsay because Mr. Solano does not offer them for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Whether or not the Twitter users were actually confused, this exhibit demonstrates that consumers and brand partners who encountered the Tweets would believe that Defendants' infringement was causing confusion in the marketplace.  This shows the harm to Yuga Labs goodwill and exclusivity as a result of Defendants' infringement.  Because Yuga Labs seeks an injunction that will protect its brand in the marketplace, this testimony

1   demonstrates how Defendants' infringing NFTs harmed Yuga Labs' goodwill and

2   why it prompted Yuga Labs to take steps to correct the confusion in the

3   marketplace.  Thus, this testimony is relevant regardless of whether this Twitter user

4   was actually confused.

5          Furthermore, Courts have routinely held that evidence of instances of confusion

6   is not inadmissible hearsay because it is not being offered for the truth of the matter

7   asserted, but rather to demonstrate the declarant's state of mind.  *See JIPC Mgm't, Inc.*

8   *v. Incredible Pizza Co.*, No. CV 08–04310 MMM, 2009 WL 8591607, at *12 (C.D.

9   Cal. July 14, 2009) ("In general, out of court statements by confused customers are

10  not offered for the truth of the matter asserted, and are therefore not hearsay.").

11

12  **46.    Disputed Testimony:** Greg Solano, Objection to Paragraph 64, lines 23:26-

13          24:2

14          **a.    Objectionable Testimony**

15          Unlike other counterfeit items that maybe are sold once, Defendants'

16  counterfeits are bought and resold multiple times.  Every time a Twitter bot Tweets

17  about RR/BAYC NFT sales (which are relatively low-priced in comparison with

18  BAYC NFT sales), calling them "Bored Ape Yacht Club," it diminishes the perceived

19  exclusivity and value of the brand, and furthers the irreparable harm to Yuga Labs.

20          **b.    Defendants' Grounds for Objection**

21          Paragraph 64, lines 23:26-24:2, of the Solano Declaration is inadmissible under

22  Federal Rule of Evidence 602 because the testimony is not based on personal

23  knowledge and is speculation.  Mr. Solano testifies about the nature of different

24  purported counterfeits and how bots tweeting about RR/BAYC NFTs diminishes the

25  perceived exclusivity of BAYC NFTs.  The declaration provides no basis for how this

26  testimony is based on Mr. Solano's personal knowledge and instead simply makes

27  these declarations without providing any supporting information.  Thus, Yuga has

28

1  failed to show that the testimony in lines 23:26-24:2 of Paragraph 64 is based on
2  personal knowledge.

3      Paragraph 64, lines 23:26-24:2, of the Solano Declaration is also inadmissible
4  under Federal Rule of Evidence 701 because the testimony is an expert opinion
5  regarding brand equity.  Mr. Solano testifies about how third-party bot activity
6  "diminishes the perceived exclusivity and value of the brand."  These are improper
7  expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay
8  opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid.
9  701(c).

10      **c.    Plaintiff's Response to Objection**

11      Mr. Solano has personal knowledge of Yuga Labs' brand's goodwill.  Fed. R.
12  Evid. 602.  Through his roles at Yuga Labs, Mr. Solano has gained the personal
13  knowledge of how the perceived exclusivity of Yuga Labs' brand improves its
14  goodwill.  And he likewise has the knowledge of how the existence of identical, lower
15  priced counterfeits of Yuga Labs' products diminishes that goodwill.  Therefore, Mr.
16  Solano has personal knowledge of how Defendants' infringement has impacted Yuga
17  Labs' goodwill.  Fed. R. Evid. 602.

18      This testimony is not based on any specialized, technical, or scientific
19  knowledge and is therefore not expert testimony.  Fed. R. Evid. 701(c).  It is
20  unremarkable to say that the existence of a low-cost knock-off that uses Yuga Labs'
21  exact marks and images would diminish the exclusivity of Yuga Labs' brand.  This is
22  especially true where, as here, the legitimate product was capped at 10,000 units by
23  design.  And Mr. Solano has personal knowledge through his positions at Yuga Labs
24  of how Defendants' infringement has impacted Yuga Labs' brand.  Fed. R. Evid. 602.

25
26
27
28

**47.    Disputed Testimony:** Greg Solano, Objection to Paragraph 65, lines 24:6-9

    **a.    Objectionable Testimony**

I am aware that industry news leaders like Bloomberg were also confused by the Defendants' scam RR/BAYC NFTs. This is because Defendants went so far in using the BAYC brand to sell their NFTs that they even called their infringing collection "BAYC V3." (*See* JTX-689, JTX-690, JTX-1249.)

    **b.    Defendants' Grounds for Objection**

Paragraph 65, lines 24:6-9, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies about how "Bloomberg were also confused" and that Defendants called their collection "BAYC V3." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply states "I am aware" without explaining what that "awareness" is based on. Thus, Yuga has failed to show that the testimony in lines 24:6-9 of Paragraph 65 is based on personal knowledge.

    **c.    Plaintiff's Response to Objection**

Mr. Solano is testifying as to his personal knowledge of the Bloomberg news piece. Fed. R. Evid. 602. Indeed, his testimony makes it clear that he is aware of the segment. By virtue of his roles at Yuga Labs, Mr. Solano has personal knowledge of the impacts of Defendants' infringement and the incidents of confusion that have stemmed from it. Mr. Solano also has personal knowledge of the Bloomberg segment by virtue of his roles at Yuga Labs. And the Bloomberg segment was shared on Yuga Labs' own public Bored Ape Yacht Club discord channel of which Mr. Solano has personal knowledge. *See* JTX-1192. Mr. Solano also confirmed during his deposition that he is aware of the Bloomberg segment. *See* Dkt. 271, Solano Depo. Tr. at 103:8-104:10 ("Q. Are you aware of any incident in which a purchaser of an RR/BAYC NFT believed it to be sponsored by Yuga Labs? . . . A. I know of instances where

1   people were confused about a – seeming like Yuga Labs had launched a new NFT

2   collection.  I think, in fact, that there was a TV segment where a journalist thought

3   that this was a Yuga Labs collection.").  Therefore, Mr. Solano has personal

4   knowledge of the Bloomberg news segment.  Fed. R. Evid. 602.

5       Mr. Solano's testimony also reflects his personal knowledge of Defendants

6   referring to their RR/BAYC NFT collection as "BAYC V3" and "Bored Ape Yacht

7   Club V3."  Specifically, Mr. Solano reviewed the three exhibits cited in his testimony,

8   all of which are in evidence and confirm Defendants' public use of "BAYC V3" and

9   "Bored Ape Yacht Club V3" to promote their infringing collection.

10

11  **48.    Disputed Testimony:** Greg Solano, Objection to Paragraph 66, lines 24:10-12

12          **a.    Objectionable Testimony**

13      Bloomberg mistakenly referenced Defendants' scam NFT collection as "Bored

14  Ape Yacht Club V3" in a list of "Top NFT Collections" during a Bloomberg Crypto

15  segment on June 21, 2022. (*See* JTX-701, excerpted below.)

16          **b.    Defendants' Grounds for Objection**

17      Paragraph 66, lines 24:10-12, of the Solano Declaration is inadmissible under

18  Federal Rule of Evidence 602 because the testimony is not based on personal

19  knowledge and is speculation.  Mr. Solano testifies about how Bloomberg

20  "mistakenly" reference the RR/BAYC collection as BAYC V3.  The declaration

21  provides no basis for how this testimony is based on Mr. Solano's personal

22  knowledge.  Thus, Yuga has failed to show that the testimony in lines 24:10-12 of

23  Paragraph 66 is based on personal knowledge.

24          **c.    Plaintiff's Response to Objection**

25      The foundation for this testimony is laid by Defendants' own tweets and the

26  trading volume on OpenSea.  Fed. R. Evid. 602.  Those exhibits are in evidence

27  because Defendants withdrew their objections, thereby stipulating to its admission

28

into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to
all but two of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9; Dkt. 284
("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be
deemed admitted.").  Mr. Solano has established through his knowledge of the Bored
Ape Yacht Club NFTs (by virtue of being a Co-Founder of Yuga Labs), the
company's extensive enforcement of its brand, and the uniqueness of this particular
infringing collection in that it is a near identical copycat that the Bloomberg segment
was referring to Defendants' infringing products.  Indeed, Mr. Cahen's own Tweets
on the same day as the Bloomberg segment confirm that Defendants' infringing NFTs
were trading at the highest volume on OpenSea and Foundation.  JTX-683, JTX-685.
There is no dispute as to the authenticity or foundation of these Tweets.  Dkt. 271,
Cahen Depo. Tr. at 140:20-21 ("That – that handle is mine, yes.  Pauly0x is my
Twitter account.").  Thus, there is ample foundation for Mr. Solano's testimony that
"Bored Ape Yacht Club V3" referred to Defendants' infringing NFTs.  Therefore, this
testimony reflects Mr. Solano's personal knowledge.  Fed. R. Evid. 602.

**49.     Disputed Testimony:** Greg Solano, Objection to Paragraph 67, lines 24:27-
28:2

      **a.     Objectionable Testimony**

I believe this created more confusion and harm amongst the public since a
reputable news agency, like Bloomberg, reported on the scam collection as if it
belonged to us, Yuga Labs. To have a new version of our exclusive NFT collection
destroys the very concept of its exclusivity and reduces its real and perceived value.

      **b.     Defendants' Grounds for Objection**

Paragraph 67, lines 24:27-28:2, of the Solano Declaration is inadmissible under
Federal Rule of Evidence 602 because the testimony is not based on personal
knowledge and is speculation.  Mr. Solano testifies that he "believes" that a

1  background screen from a Bloomberg video caused "more confusion" and harmed

2  "perceived value."  The declaration provides no basis for how this testimony is based

3  on Mr. Solano's personal knowledge and instead simply states "I believe" without

4  providing any explanation for what this "belief" is based on.  Thus, Yuga has failed to

5  show that the testimony in lines 24:27-28:2 of Paragraph 67 is based on personal

6  knowledge.

7       Paragraph 67, lines 24:27-28:2, of the Solano Declaration is inadmissible under

8  Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

9  brand equity.  Mr. Solano testifies about how the background screen from a

10  Bloomberg video "reduces its real and perceived value."  These are improper expert

11  conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion

12  and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

13       **c.     Plaintiff's Response to Objection**

14       This testimony does not lack foundation. Fed. R. Evid, 602.  As Defendants

15  note, Mr. Solano is testifying as to his own beliefs.  Mr. Solano necessarily has

16  personal knowledge of his own beliefs, and has provided ample testimony that, by

17  virtue of his roles at Yuga Labs, he understood the confusion and harm that

18  Defendants' infringement was causing.  Fed. R. Evid. 602.  The Court may ascribe

19  whatever weight to Mr. Solano's belief as it deems fit, and no further foundation

20  needs to be laid for this testimony.

21       In Mr. Solano's testimony, "confusion" is not being offered as a term of art, or

22  "legal conclusion" – that is how he personally perceived the effect of Defendants'

23  commercial activities on Yuga Labs.  It reflects his own perception of confusion that

24  was created by the Bloomberg segment.  Fed. R. Evid. 602, 701.  The idea of

25  confusion is certainly one that a lay person can offer testimony about because it is not

26  based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701.

27  Thus Mr. Solano's testimony is permissible lay-testimony.

28

**50.** **Disputed Testimony:** Greg Solano, Objection to Paragraph 68, lines 25:6-16

    **a.**    **Objectionable Testimony**

        Likewise, even if some consumers were not confused when they bought RR/BAYC NFTs, Defendants still sold these NFTs using the BAYC Marks without Yuga Labs' permission, harming the brand. And, based on my review of the Twitter posts above, others produced in discovery, and expert reports, subsequent consumers who saw these RR/BAYC NFT sales (whether on Twitter or other websites like Bloomberg) could and did experience further confusion. This confusion is ongoing, harmful, and will not stop until the RR/BAYC NFTs are removed from the market and Yuga Labs gains control of the source of Defendants' harm, namely the smart contract. Otherwise, as Mr. Ripps proclaimed, his infringing NFT collection will forever wrongly associate Mr. Ripps with the BAYC brand. (JTX-1249, excerpted below.)

    **b.**    **Defendants' Grounds for Objection**

        Paragraph 68, lines 25:6-16, of the Solano Declaration is inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies about how sale of RR/BAYC NFTs was "harming the brand" and how his review of evidence, reports, and Twitter post play into his analysis of how the RR/BAYC project is hurting Yuga's brand.  These are improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

    **c.**    **Plaintiff's Response to Objection**

        This testimony is not based on any specialized, technical, or scientific knowledge and is therefore not expert testimony.  Fed. R. Evid. 701(c).  It is unremarkable to say that the existence of counterfeit products that point directly to the

infringer will continue to cause harm until they are transferred out of the infringers control.  And the idea that counterfeit products make a brand less exclusive is certainly one that a lay person can offer testimony about because it is not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701.  Further, Mr. Solano has personal knowledge by virtue of his roles at Yuga Labs of how Defendants' infringement has impacted Yuga Labs' brand.  Fed. R. Evid. 602.

**51.     Disputed Testimony:** Greg Solano, Objection to Paragraph 69, lines 26:22-26

      **a.     Objectionable Testimony**

I've seen that during the deposition of Mr. Hickman, when asked to identify Defendants' Foundation sales page that displays and sells the counterfeit RR/BAYC NFTs, he believed it to be a Yuga Labs' page and stated on the record that it "Looks to be Bored Ape Yacht Club."

      **b.     Defendants' Grounds for Objection**

Paragraph 69, lines 26:22-26, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about the deposition testimony by Mr. Hickman.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply states what he says he's "seen" during the deposition.  Thus, Yuga has failed to show that the testimony in lines 26:22-26 of Paragraph 69 is based on personal knowledge.

      **c.     Plaintiff's Response to Objection**

The foundation for this testimony is laid by the testimony itself.  Fed. R. Evid. 602.  As Defendants' note, Mr. Solano testifies that he has seen Mr. Hickman's deposition testimony.  Therefore, Mr. Solano has personal knowledge of Mr. Hickman's testimony and his confusion over Defendants' infringing Foundation page.

**52.   Disputed Testimony:** Greg Solano, Objection to Paragraph 69, lines 26:27-27:1

### a.   Objectionable Testimony

And in an exchange with a customer on Twitter, Mr. Cahen mistakenly referred to the customer's profile picture as a BAYC image. The customer corrected Mr. Cahen's confusion and had to explain that it was actually an RR/BAYC NFT.

### b.   Defendants' Grounds for Objection

Paragraph 69, lines 26:27-27:1, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by an unidentified third party on Twitter.  Mr. Solano testifies that an unidentified third party stated that his profile picture was an RR/BAYC NFT.  Mr. Solano uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the unidentified user's profile picture was an RR/BAYC NFT.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

Paragraph 69, lines 26:27-27:1, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Cahen had an exchange with someone unnamed third-party on Twitter and stated that his profile pic was an RR/BAYC NFT.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply makes the declaration without providing any supporting information.  Thus, Yuga has failed to show that the testimony in lines 26:27-27:1 of Paragraph 69 is based on personal knowledge.

### c.   Plaintiff's Response to Objection

Mr. Cahen's statements are not hearsay because they are a party admission. Fed. R. Evid. 801(d)(2).  Furthermore, Courts have routinely held that evidence of instances of confusion is  not inadmissible hearsay because  it is not being offered for the truth of the matter asserted, but rather to demonstrate the declarant's state of

1  mind.  See *JIPC Mgm't, Inc. v. Incredible Pizza Co.*, No. CV 08–04310 MMM, 2009
2  WL 8591607, at *12 (C.D. Cal. July 14, 2009) ("In general, out of court statements by
3  confused customers are not offered for the truth of the matter asserted, and are
4  therefore not hearsay.").  Moreover, whether or not the other twitter user was actually
5  using an RR/BAYC, this exhibit demonstrates that consumers and brand partners who
6  encountered the Tweets would believe that Defendants' infringement was causing
7  confusion in the marketplace.  This shows the harm to Yuga Labs goodwill and
8  exclusivity as a result of Defendants' infringement.  Because Yuga Labs seeks an
9  injunction that will protect its brand in the marketplace, this testimony demonstrates
10  how Defendants' infringing NFTs harmed Yuga Labs' goodwill and why it prompted
11  Yuga Labs to take steps to correct the confusion in the marketplace.  This testimony is
12  about harm to Yuga Labs' goodwill, not the truth of any statement.

13          The Foundation for this testimony is laid by Defendants' own Tweets.  Fed. R.
14  Evid. 602.  The Twitter exchange took place on Mr. Cahen's public Twitter page.
15  And Mr. Solano has testified to the fact that he had personally reviewed Mr. Cahen's
16  Twitter account and thus has personal knowledge of the Tweets contained therein.
17  Dkt. 342, Solano Decl. ¶ 62.  There is also no dispute as to the authenticity or
18  foundation of Mr. Cahen's Twitter page.  Dkt. 271, Cahen Depo. Tr. at 140:20-21
19  ("That – that handle is mine, yes.  Pauly0x is my Twitter account.").  Defendants'
20  Tweet is in evidence and Mr. Solano is referencing it in his declaration, thereby laying
21  the foundation.  Therefore, no further foundation needs to be laid for this testimony.
22  Fed. R. Evid. 602.

23

24  **53.**     **Disputed Testimony:** Greg Solano, Objection to Paragraph 70, lines 27:2-7
25          **a.**     **Objectionable Testimony**
26          Even more, in the Team Ape Market Discord chat that I reviewed, Mr. Cahen
27  posted an image of Yuga Labs' ape skull trademark registration and stated "@ryder

28

1  per our attorney we may just need to change the skull If we want to fight trademark."

2  (*See* JTX-801.00371; JTX-90.) I see this as an admission by Defendants that they

3  knew they were infringing and creating confusion, as they acted contrary to their

4  attorneys' advice.

5  **b.    Defendants' Grounds for Objection**

6      Paragraph 70, lines 27:2-7, of the Solano Declaration is inadmissible under

7  Federal Rule of Evidence 602 because the testimony is not based on personal

8  knowledge and is speculation.  Mr. Solano testifies about a private exchange between

9  Mr. Ripps and Mr. Cahen, and concludes that Defendants' "knew they were infringing

10  and creating confusion."   The declaration provides no basis for how this testimony is

11  based on Mr. Solano's personal knowledge and instead simply states that Mr. Solano

12  "reviewed" documents produce during discovery in this litigation.  Mr. Solano also

13  testifies that Defendants acted "contrary to their attorneys' advice" without personal

14  knowledge of their discussions with their attorneys.  Thus, Yuga has failed to show

15  that the testimony in lines 27:2-7 of Paragraph 70 is based on personal knowledge.

16  **c.    Plaintiff's Response to Objection**

17      The Team ApeMarket Discord chat is in evidence because Defendants

18  withdrew their objections, thereby stipulating to its admission into evidence.  *See* Dkt.

19  262 at 1 ("**Defendants have withdrawn their objections to all but two of Yuga's**

20  **exhibits**") (emphasis in original); Dkt. 312 at 10; Dkt. 284 ("Civil Trial Order") at

21  Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").

22  The foundation for this testimony is, thus, laid by Defendants' own discord chat.  Fed.

23  R. Evid. 602.  Mr. Solano testifies that he reviewed Defendants' discord chat and that

24  is where he encountered the quote in his declaration.  Mr. Solano is testifying that he

25  sees Defendants' testimony as an admission of guilt, which reflects his own

26  perception of Defendants' comments and is presented as such.  Mr. Solano necessarily

27  has personal knowledge of his own perception of Defendants' comments.  Fed. R.

28

1   Evid. 602.  Defendants' own words indicate that their lawyer suggested changing their

2   infringing logo, and the record clearly indicates that they did not do so.  Therefore,

3   Mr. Solano's testimony that they ignored their counsel's advice is again based on

4   Defendants' own words and actions that Mr. Solano has personal knowledge of, and

5   this testimony is within Mr. Solano's personal knowledge.  Fed. R. Evid. 602.

6

7   **54.    Disputed Testimony:** Greg Solano, Objection to Paragraph 71, lines 27:10-14

8          **a.    Objectionable Testimony**

9          In his declaration under oath, Defendants' co-conspirator Mr. Lehman

10   described Mr. Ripps' commercialization and sale of RR/BAYC NFTs as a "business

11   venture" that "was expected to make money by selling RR/BAYC NFTs and by

12   potentially generating transaction fees from the sale of NFTs on Ape Market."

13          **b.    Defendants' Grounds for Objection**

14          Paragraph 71, lines 27:10-14, of the Solano Declaration is inadmissible hearsay

15   under Federal Rule of Evidence 802 because it relies on out-of-court statements made

16   by Mr. Lehman. Mr. Solano testifies that Mr. Lehman characterized RR/BAYC NFTs

17   as a "business venture" that "was expected to make money by selling RR/BAYC

18   NFTs and by potentially generating transaction fees from the sale of NFTs on Ape

19   Market." Mr. Solano uses this this out-of-court statement to prove the truth of the

20   matter asserted by using the statement to argue that RR/BAYC NFTs was a business

21   venture. *See* Fed. R. Evid. 801.  No hearsay exception applies.

22          This testimony (including JTX-1) is also inadmissible under the Federal Rules

23   of Evidence 403 and should not be admitted. Specifically, JTX-1 is the Declaration of

24   Thomas Lehman which was made in the context of his settlement with Yuga Labs and

25   was drafted under a coercion.  The statements made in that declaration are, therefore,

26   unreliable.  Ms. Solano's testimony restating the statements made in Mr. Lehman's

27   declaration is similarly unreliable.  Accordingly, the exhibit has minimal probative

28

1    value, which is substantially outweighed by a danger of unfair prejudice and

2    confusing the issues.  The testimony and corresponding exhibit should, therefore, be

3    excluded.  *See* Fed. R. Evid. 403.

4           **c.     Plaintiff's Response to Objection**

5           Mr. Solano's testimony does not rely on inadmissible hearsay.  Mr. Solano's

6    testimony is based on the statement of Defendants' business partner, Mr. Lehman.

7    *See* Dkt. 235 (May 25, 2023 Joint Witness Summaries) at 12:2-3 ("Mr. Lehman is a

8    software programmer and a partner in the RR/BAYC Project.").  As a partner in the

9    RR/BAYC business venture, Mr. Lehman is an agent of Defendants.  Therefore, his

10   statements regarding RR/BAYC NFTs made within the scope of his role as

11   Defendants' business partner are admissible against Defendants.  Fed. R. Evid.

12   801(d)(2)(D); *see also* Filesi v. United States, 352 F.2d 339, 342 (4th Cir.1965) ("[I]t

13   is generally agreed that statements made by a partner during the life of the partnership

14   and in connection with the conduct of the firm's business are admissible in evidence

15   as admissions against the other members of the partnership even though the declarant

16   is not a party to the action.").

17          Moreover, Defendants have waived their objections to the admissibility of JTX-

18   1 (Declaration of Thomas Lehman) by including it on their own exhibit list (JTX-

19   2277).  Yuga Labs did not object to JTX-2277, and it is therefore admitted into

20   evidence.  Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is

21   no objection shall be deemed admitted.").  Defendants' argument that they will be

22   unfairly prejudiced by an exhibit that they themselves offered into evidence is

23   unfounded.

24          JTX-1 is not unreliable because Mr. Lehman repeatedly affirmed, during

25   Defendants' deposition of him, that the statements contained therein are truthful.  *See*,

26   *e.g.*, Dkt. 271, Lehman Depo. Tr. at 251:14-17 ("Q. Does Exhibit 1 reflect your

27   truthful testimony?" / "A. That's the declaration?" / "Q. Yes." / "A. Yes, it does.").

28

---

On that basis alone, the declaration is not unreliable.  Furthermore, however, the highly probative value of JTX-1 is not outweighed by any risk of unfair prejudice or confusing the issues.  Tellingly, Defendants do not object to JTX-1 on the grounds of relevance because this exhibit is plainly relevant to the determination of Yuga Labs' remedies; specifically, the statements contained therein relate to the amount of money Mr. Lehman was paid for his involvement with the RR/BAYC business venture and Defendants' promotion of the RR/BAYC NFTs.  *See* Fed. R. Evid. 401, 402.  To the extent the Court allows Defendants to argue that they did not intend to confuse consumers, contrary to the Court's Order on Yuga Labs' Motion for Summary Judgment (Dkt. 225), Mr. Lehman's declaration is also relevant to that issue.

**55.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 71, lines 27:14-17

      **a.**    **Objectionable Testimony**

And based on my review of private conversations between Defendants, including the text messages pictured below, they were motivated by a desire to make money. (*See*, *e.g.*, JTX-1574, excerpted below; JTX-1586.)

      **b.**    **Defendants' Grounds for Objection**

Paragraph 71, lines 27:14-17, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps and Mr. Cahen were motivated by a desire to make money.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply relies on Mr. Solano's speculative "review" of written messages produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 27:14-17 of Paragraph 71 is based on personal knowledge.

### c.    Plaintiff's Response to Objection

Mr. Solano's testimony is based on his own personal knowledge of Defendants' own text messages.  In JTX-1586, which Defendants do not object to and thereby stipulate to the admission of, Mr. Cahen tells Mr. Ripps that he thinks Mr. Ripps will make millions of dollars from their infringement.  And in JTX-1574, which Defendants also do not object to and thereby stipulate to the admission of, Mr. Cahen again states his belief that Mr. Ripps will make millions of dollars off of their infringement and brainstorms ideas on how to make even more.  Defendants' own words from exhibits which are in evidence provide ample foundation for Mr. Solano's testimony.

**56.    Disputed Testimony:** Greg Solano, Objection to Paragraph 72, lines 27:23-28:4

### a.    Objectionable Testimony

And, based on my review of Defendants' public tweets and private conversations, including Team Ape Market Discord, Defendants publicly and privately delighted in their misconduct. They bragged that RR/BAYC NFTs were the number one NFT collection in the world. (See JTX-683, a tweet from Mr. Cahen stating "RR/BAYC is officially the highest 24h volume . . . IN THE WORLD!"; JTX-685, a tweet from Mr. Cahen stating "RR/BAYC about to become the first project ever to top both the @foundation and the @opensea charts.") Based on my review of public Twitter posts produced in discovery, Mr. Ripps boasted that he made over $1.2 million on his scam, implying that no one could stop him from counterfeiting NFTs and harming the goodwill of the BAYC brand.

### b.    Defendants' Grounds for Objection

Paragraph 72, lines 27:23-28:4, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal

knowledge and is speculation.  Mr. Solano testifies that Mr. Ripps and Mr. Cahen "delighted in their misconduct" and "implied that no one could stop [Mr. Ripps] from counterfeiting NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply states that he has reached these conclusions based on his "review" of tweets and private conversations, including documents produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 27:23-28:4 of Paragraph 72 is based on personal knowledge.

### c.    Plaintiff's Response to Objection

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.").  Mr. Solano testifies to his personal knowledge throughout the disputed testimony (e.g., "And, based on my review of Defendants' public tweets and private conversations, including Team Ape market Discord, . . ."; "Based on my review of public Twitter posts produced in discovery, . . .").  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is cross-examination, not exclusion of the evidence.

Moreover, Defendants withdrew their objections to JTX-683, JTX-685, and JTX-801, thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 9-10; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that these documents are admissible.  Therefore, the witness, who personally reviewed the admissible exhibits, may testify about them to move them into evidence.

**57.    Disputed Testimony:** Greg Solano, Objection to Paragraph 72, lines 28:4-6

      **a.    Objectionable Testimony**

In a private group chat, one of Defendants' co-conspirators estimated that Defendants and their conspirators had caused $10 million in harm to Yuga Labs.  (See JTX-58, excerpted below.)

      **b.    Defendants' Grounds for Objection**

Paragraph 72, lines 28:4-6, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made by an alleged "co-conspirator."  Mr. Solano testifies that Mr. Hickman estimated that Defendants caused $10 million in harm to Yuga.  Mr. Solano uses this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that Defendants' co-conspirators estimated that Defendants had caused $10 million in harm to Yuga.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

Paragraph 72, lines 28:4-6, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies about Mr. Hickman's statements in a private chat.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply references a statement in a document produced during discovery in this litigation. Thus, Yuga has failed to show that the testimony in lines 28:4-6 of Paragraph 72 is based on personal knowledge.

      **c.    Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-58 and JTX-801 (Entire Team Ape Market Discord), thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 3, 10; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted.").  They have conceded that these documents are admissible.  Therefore,

1  they waived their hearsay objections to the exhibits and the witness may testify about
2  the exhibits to move them into evidence.

3       Even still, Mr. Solano's testimony does not rely on inadmissible hearsay.  Mr.
4  Solano's testimony is based on the statement of Defendants' business partner, Mr.
5  Hickman.  *See* Dkt. 235 (May 25, 2023 Joint Witness Summaries) at 10:6-7 ("Mr.
6  Hickman is a software programmer and a partner in the RR/BAYC Project.").  As a
7  partner in the RR/BAYC business venture, Mr. Hickman is an agent of Defendants.
8  Therefore, his statements regarding RR/BAYC NFTs made within the scope of his
9  role as Defendants' business partner are admissible against Defendants.  Fed. R. Evid.
10 801(d)(2)(D); *see also, Filesi v. United States,* 352 F.2d 339, 342 (4th Cir.1965) ("[I]t
11 is generally agreed that statements made by a partner during the life of the partnership
12 and in connection with the conduct of the firm's business are admissible in evidence
13 as admissions against the other members of the partnership even though the declarant
14 is not a party to the action.").

15      Furthermore, Mr. Solano's testimony establishes his personal knowledge of the
16 subject matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may
17 consist of the witness's own testimony.").  Mr. Solano has testified that he reviewed
18 Defendants' Team Ape Market discord chat.  *See* Dkt. 342, Solano Decl. ¶ 51.
19 Therefore, Mr. Solano's testimony is based on his personal knowledge and is not
20 speculative.  To the extent Defendants seek to challenge the depth of his personal
21 understanding, the proper vehicle for that is through cross-examination, not through
22 the exclusion of evidence.

23

24 **58.    Disputed Testimony:** Greg Solano, Objection to Paragraph 72, lines 28:12-15
25      **a.    Objectionable Testimony**
26      Yet their profits and success can be attributed solely to the fact that they were
27 riding on the hard work that my founders, my employees, and my company, Yuga

28

1    Labs, and I put into building the BAYC brand into one of the most successful NFT

2    brands in the world. Without the BAYC brand, their products would not have sold.

3    **b.      Defendants' Grounds for Objection**

4    Paragraph 72, lines 28:12-15, of the Solano Declaration is inadmissible under

5    Federal Rule of Evidence 701 because the testimony is an expert opinion regarding

6    brand equity and remedies.  Mr. Solano testifies about how "profits … can be

7    attributed solely" to infringement and that "without the BAYC Brand, their products

8    would not have sold."  This is improper expert conclusions on remedies and brand

9    equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide

10   expert opinion about remedies and brand equity.  *See* Fed. R. Evid. 701(c).

11   Paragraph 72, lines 28:12-15, of the Solano Declaration is also inadmissible

12   under Federal Rule of Evidence 602 because the testimony is not based on personal

13   knowledge and is speculation.  Mr. Solano testifies that about why consumers

14   purchased RR/BAYC NFTs: "Without the BAYC brand, their products would not

15   have sold."  The declaration provides no basis for how this testimony is based on Mr.

16   Solano's personal knowledge and gives no explanation for how Mr. Solano reached

17   these conclusions.  Thus, Yuga has failed to show that the testimony in lines 28:12-15

18   of Paragraph 72 is based on personal knowledge.

19   **c.      Plaintiff's Response to Objection**

20   Mr. Solano's testimony establishes his personal knowledge of the subject

21   matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of

22   the witness's own testimony."); *Barthelemy*, 897 F.2d at 1018 (9th Cir. 1990)

23   (determining a declarant's knowledge may be inferred from a declarant's

24   "position[ ] and the nature of their participation in the matters.").  As Co-Founder and

25   President of Yuga Labs, Mr. Solano has personal knowledge of how the company

26   built the value and exclusivity of the BAYC brand and the importance that this brand

27   recognition has had on the profitability of the company.  Mr. Solano is also aware of

28

1  numerous tweets by Defendants in which they directly referenced or suggested an
2  association with Yuga Labs and BAYC.  Therefore, Mr. Solano's testimony is based
3  on his personal knowledge and is not speculative.  To the extent Defendants seek to
4  challenge the depth of his personal understanding, the proper vehicle for that is
5  through cross-examination, not through the exclusion of evidence.

6       This testimony is not impermissible expert testimony.  Mr. Solano is not
7  offering an expert opinion on brand equity and remedies.  Rather, Mr. Solano is
8  testifying as to his personal knowledge of Yuga Labs' brand equity and value, which
9  he gained by virtue of his roles as the Co-Founder and President of the company.
10  Thus, this testimony is within Mr. Solano's personal knowledge and reflects his own
11  perception, not technical or specialized knowledge.  Fed. R. Evid. 602, 701.

12  **59.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 73, lines 28:17-21

13      **a.**    **Objectionable Testimony**

14       Even if people know they are buying a counterfeit handbag, they are buying it
15  because of its association with the authentic handbag manufacturer's brand. So it is
16  common sense that the seller should not be able to keep the profits from that sale
17  when they were earned because of the authentic handbag manufacturer's brand.

18      **b.**    **Defendants' Grounds for Objection**

19       Paragraph 73, lines 28:17-21, of the Solano Declaration is inadmissible under
20  Federal Rule of Evidence 602 because the testimony is not based on personal
21  knowledge and is speculation.  Mr. Solano testifies that "even if people know they are
22  buying a counterfeit handbag, they are buying it because of its association with the
23  authentic handbag manufacturer's brand."  The declaration provides no basis for how
24  this testimony is based on Mr. Solano's personal knowledge and instead simply relies
25  on Mr. Solano's speculation regarding consumer motivations. Thus, Yuga has failed
26  to show that the testimony in lines 28:17-21 of Paragraph 73 is based on personal
27  knowledge and that it is not speculation.

28

**c.      Plaintiff's Response to Objection**

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.")  Specifically, Mr. Solano makes these statements based on his own perception of the NFT space, as well as his experiences and "common sense" as a consumer.  Therefore, Mr. Solano's testimony is based on his personal knowledge and is not speculative.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

**60.     Disputed Testimony:** Greg Solano, Objection to Paragraph 74, lines 29:1-5

**a.      Objectionable Testimony**

The comments that I saw on these posts demonstrate that RR/BAYC NFT holders anticipated being able to sell their NFTs at a high price, and listed their NFTs for sale at high prices, for example between 10 and 120 in ETH (approximately $18,374 - $220,484) per NFT. (*See* JTX-1618 - JTX-1620.)

**b.      Defendants' Grounds for Objection**

Paragraph 74, lines 29:1-5, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "RR/BAYC NFT holders anticipated being able to sell their NFTs at a high price, and listed their NFTs for sale at high prices, for example between 10 and 120 in ETH (approximately $18,374 - $220,484) per NFT."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead simply relies on Mr. Solano's speculation regarding people's comments. Mr. Solano's declaration also provides a range of NFT sale prices without providing any basis for those figures. Thus, Yuga

1  has failed to show that the testimony in lines 29:1-5 of Paragraph 74 is based on

2  personal knowledge.

3        Paragraph 74, lines 29:1-5, of the Solano Declaration is also inadmissible

4  hearsay under Federal Rule of Evidence 802 because it relies on out-of-court

5  statements made by unidentified, presumably anonymous users about plans to sell

6  their RR/BAYC NFT at high prices.  Mr. Solano uses these out-of-court statements to

7  prove the truth of the matter asserted by using the statements to argue that these

8  unidentified Twitter users planned to sell their RR/BAYC NFTs at high prices.  *See*

9  Fed. R. Evid. 801.  No hearsay exception applies.

10       **c.**    **Plaintiff's Response to Objection**

11        Defendants withdrew their objections to JTX-1618–JTX-1620, thereby

12  stipulating to their admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have**

13  **withdrawn their objections to all but two of Yuga's exhibits**") (emphasis in

14  original); Dkt. 312 at 27; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to

15  which there is no objection shall be deemed admitted.").  They have conceded that

16  these documents are admissible.  Therefore, they waived their hearsay objections to

17  the exhibits and the witness may testify about the exhibits to move them into

18  evidence.

19       Moreover, Mr. Solano's testimony is not hearsay because he does not offer

20  these Tweets for the truth of the matter asserted.  Fed. R. Evid. 801(c)(2).  Rather,

21  these exhibits and testimony are offered to demonstrate how Defendants traded off of

22  Yuga Labs' goodwill.  Because Yuga Labs seeks an injunction that will protect its

23  brand in the marketplace, this testimony demonstrates how Defendants' infringing

24  NFTs harmed Yuga Labs' goodwill and why it prompted Yuga Labs to take steps to

25  correct the confusion in the marketplace.  This testimony is about the effect of

26  Defendants' commercial activities on Yuga Labs, not about the truth of any

27  statement.

28

Furthermore, Mr. Solano's testimony is based on his personal knowledge and review of exhibits Defendants admit are admissible. *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); Dkt. 342, Solano Decl. ¶ 74 ("The comments that *I saw* on these posts . . .") (Emphasis added).  Accordingly, Mr. Solano's testimony is neither hearsay nor speculative.

**61.     Disputed Testimony:** Greg Solano, Objection to Paragraph 74, lines 29:5-10

**a.     Objectionable Testimony**

As a result of Mr. Cahen's tweets, sales of RR/BAYC NFTs increased 485% and transfers increased 1,350% in less than 24 hours. And the floor price of RR/BAYC NFTs increased about 73%, from approximately $127.38 to approximately $175.37 ETH. Defendants' promotion increased the price and sales of RR/BAYC NFTs and their ability to earn more money off the BAYC brand.

**b.     Defendants' Grounds for Objection**

Paragraph 74, lines 29:5-10, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "sales of RR/BAYC NFTs increased 485% and transfers increased 1,350% in less than 24 hours," that "the floor price of RR/BAYC NFTs increased about 73%," and that this increased Defendants' "ability to earn more money off the BAYC brand."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of the figures cited and no basis for the accuracy of those figures. Thus, Yuga has failed to show that the testimony in lines 29:5-10 of Paragraph 74 is based on personal knowledge.

Paragraph 74, lines 29:5-10, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding analysis of NFT markets.  Mr. Solano testifies about how a specific tweet

1    somehow increased sales by 485% and transfers by 1,350% as well as floor prices.

2    These are improper expert conclusions on the economics/market activity associated

3    with NFTs.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide

4    expert opinion about analysis of NFT markets.  *See* Fed. R. Evid. 701(c).

5         **c.    Plaintiff's Response to Objection**

6         Mr. Solano's testimony reflects his personal knowledge of the subject matter.

7    *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

8    witness's own testimony.").  As indicated in the surrounding text of paragraph 74 to

9    Mr. Solano's declaration, Mr. Solano reviewed Defendant Cahen's tweets telling his

10   followers that Yuga Labs was planning to "purchase and destroy" RR/BAYC NFTs.

11   Mr. Solano also states that he reviewed the comments to Defendants' Cahen's posts

12   and observed that RR/BAYC NFTs holders anticipated being able to sell their

13   RR/BAYC NFTs at a high price and listed their NFTs for sale at higher prices.

14   Moreover, as Co-Founder and President of a company that creates markets, and sells

15   NFTs, Mr. Solano understands NFT market activity and how to utilize publicly

16   available analytics tools to determine increases and decreases in NFT sales price and

17   volume.  *See Barthelemy*, 897 F.2d at 1018 (9th Cir. 1990) (determining a declarant's

18   personal knowledge may be inferred from a declarant's "position[ ] and the nature of

19   their participation in the matters.").  Therefore, this testimony is based on Mr.

20   Solano's personal knowledge.

21        Further, this testimony is not impermissible expert testimony.  Mr. Solano is not

22   offering an expert opinion regarding the economic analysis of NFT markets.  Rather,

23   Mr. Solano is testifying as to his personal knowledge regarding increased sales from

24   Defendant Cahen's tweets.  Thus, this testimony is within Mr. Solano's personal

25   knowledge as both an NFT consumer and President of Yuga Labs and reflects his own

26   observations, not technical or specialized knowledge.  *See* Fed. R. Evid. 602, 701.

27

28

**62.** **Disputed Testimony:** Greg Solano, Objection to Paragraph 74, lines 29:10-12

    **a.** **Objectionable Testimony**

Their recent promotion of RR/BAYC NFTs also increased Defendants' public profiles off the BAYC brand, allowing them to make money from promotion of other scams.

    **b.** **Defendants' Grounds for Objection**

Paragraph 74, lines 29:10-12, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies about how recent promotion of RR/BAYC NFTs "increased Defendants' public profiles off the BAYC brand." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and provides no explanation of how a single tweet by Mr. Cahen was profitable for Defendants. Thus, Yuga has failed to show that the testimony in lines 29:10-12 of Paragraph 74 is based on personal knowledge and is not mere speculation.

    **c.** **Plaintiff's Response to Objection**

Mr. Solano's testimony reflects his personal knowledge of the subject matter. *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Mr. Solano's testimony at paragraph 74 of his declaration indicates that he is personally aware that Defendants continue to promote their infringing RR/BAYC NFTs on Twitter, despite Yuga Labs asking them to stop. Mr. Solano's testimony also reflects his own perceptions and observations of Defendants' recent tweets, as corroborated by exhibits in evidence that Mr. Solano reviewed and Defendants admit are admissible. Therefore, Mr. Solano's testimony is based on his personal knowledge and is not speculative. To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

1

2  **63.   Disputed Testimony:** Greg Solano, Objection to Paragraph 75, lines 29:13-17

3          **a.   Objectionable Testimony**

4          Similarly, as soon as a new NFT marketplace launched in April 2023, (OpenSea

5  Pro), Defendants used it as an opportunity to promote their counterfeit BAYC NFTs

6  and benefit from the sales. (See JTX-1315, a tweet from Mr. Cahen stating,

7  "BREAKING: RR/BAYC is trading on OpenSea Pro"; JTX-1317, an image taken

8  from OpenSea Pro).

9          **b.   Defendants' Grounds for Objection**

10          Paragraph 75, lines 29:13-17, of the Solano Declaration is inadmissible under

11  Federal Rule of Evidence 602 because the testimony is not based on personal

12  knowledge and is speculation.  Mr. Solano testifies that Defendants promoted

13  RR/BAYC NFTs on new marketplaces and cite to tweets where Mr. Cahen references

14  what third-party websites were doing.  The declaration provides no basis for how this

15  testimony is based on Mr. Solano's personal knowledge.  Thus, Yuga has failed to

16  show that the testimony in lines 29:13-17 of Paragraph 75 is based on personal

17  knowledge and is not mere speculation.

18          **c.   Plaintiff's Response to Objection**

19          Mr. Solano's testimony reflects his personal knowledge of the subject matter.

20  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

21  witness's own testimony.").  And the exhibits cited are in evidence because

22  Defendants withdrew their objections, thereby stipulating to their admission into

23  evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all</u>**

24  **<u>but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at 21; Dkt. 284 ("Civil

25  Trial Order") at Section 3 ("All exhibits to which there is no objection shall be

26  deemed admitted.").  As Co-Founder and President of a company that creates markets,

27  and sells NFTs, Mr. Solano also has personal knowledge of developments in the NFT

28

space, such as the launch of the new NFT marketplace OpenSea Pro. *See Barthelemy, 897 F.2d at 1018 (9th Cir. 1990)* (determining a declarant's personal knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters."). Further, Mr. Solano's testimony reflects his own observations of Defendants' Twitter accounts, as corroborated by exhibits in evidence that Mr. Solano reviewed and Defendants admit are admissible. Therefore, Mr. Solano's testimony is based on his personal knowledge and is not speculative. To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

**64.     Disputed Testimony:** Greg Solano, Objection to Paragraph 76, lines 29:18-20

      **a.     Objectionable Testimony**

And after the litigation was filed, I understand that Defendants changed their ApeMarket Twitter page so that it would link to the RR/BAYC LooksRare sales page, where sales are ongoing and royalties were paid directly to Defendants.

      **b.     Defendants' Grounds for Objection**

Paragraph 76, lines 29:18-20, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that "Defendants changed their ApeMarket Twitter page so that it would link to the RR/BAYC LooksRare sales page." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of Defendants' actions or motivations and instead merely stated "I understand" without explaining what that "understanding" is based on. Thus, Yuga has failed to show that the testimony in lines 29:18-20 of Paragraph 76 is based on personal knowledge.

### c.      Plaintiff's Response to Objection

Mr. Solano's testimony reflects his personal knowledge of the subject matter. *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Specifically, Mr. Solano repeatedly affirmed throughout his testimony that he reviewed a number of Defendants' tweets, including those made during the course of this litigation in which Defendants continued to promote their infringing activities. *See* Dkt. 342, Solano Decl. ¶¶ 35, 40, 53, 62, 72. Mr. Solano's testimony also reflects his own perceptions and observations of the Ape Market Twitter account and the ongoing sales of RR/BAYC NFTs. Therefore, Mr. Solano's testimony is based on his personal knowledge and is not speculative. To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

**65.   Disputed Testimony:** Greg Solano, Objection to Paragraph 77, lines 29:21-23

### a.      Objectionable Testimony

Further, throughout the course of this case—and to this day—Defendants have promoted rrbayc.com (which was found to be infringing) on their ApeMarket Twitter page. (*See* JTX-696.)

### b.      Defendants' Grounds for Objection

Paragraph 77, lines 29:21-23, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that "throughout the course of this case—and to this day—Defendants have promoted rrbayc.com (which was found to be infringing) on their ApeMarket Twitter page." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead cites to a document produced during discovery in this litigation. Thus, Yuga has failed to

1  show that the testimony in lines 29:21-23 of Paragraph 77 is based on personal

2  knowledge.

3        **c.**      **Plaintiff's Response to Objection**

4        Mr. Solano's testimony reflects his personal knowledge of the subject matter.

5  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

6  witness's own testimony.").  Specifically, Mr. Solano repeatedly affirmed throughout

7  his testimony that he reviewed a number of Defendants' tweets, including those made

8  during the course of this litigation in which Defendants continued to promote their

9  infringing activities.  *See* Dkt. 342, Solano Decl. ¶¶ 35, 40, 53, 62, 72.  Mr. Solano's

10  testimony also reflects his own observations of the public Ape Market Twitter

11  account, as corroborated by an exhibit in evidence that Mr. Solano reviewed and

12  Defendants admit is admissible (JTX-696).  Therefore, Mr. Solano's testimony is

13  based on his personal knowledge and is not speculative.  To the extent Defendants

14  seek to challenge the depth of his personal understanding, the proper vehicle for that is

15  through cross-examination, not through the exclusion of evidence.

16

17  **66.**    **Disputed Testimony:** Greg Solano, Objection to Paragraph 77, lines 29:25-

18          30:2

19        **a.**      **Objectionable Testimony**

20        Despite the Court's order, Defendants continue to benefit and, as I understand

21  it, profit from the continued sales of RR/BAYC NFTs and further create irreparable,

22  ongoing, harm to the goodwill in the BAYC Marks.

23        **b.**      **Defendants' Grounds for Objection**

24        Paragraph 77, lines 29:25-30:2 of the Solano Declaration is inadmissible under

25  Federal Rule of Evidence 602 because the testimony is not based on personal

26  knowledge and is speculation.  Mr. Solano testifies that "Defendants continue to

27  benefit and … profit from continued sales of RR/BAYC NFTs."  The declaration

28

---

1  provides no basis for how this testimony is based on Mr. Solano's personal knowledge

2  and instead merely states "I understand" without explaining what that "understanding"

3  is based on.  Thus, Yuga has failed to show that the testimony in lines 29:25-30:2 of

4  Paragraph 77 is based on personal knowledge.

5        **c.    Plaintiff's Response to Objection**

6        Mr. Solano's testimony establishes his personal knowledge of the subject

7  matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of

8  the witness's own testimony.").  As Co-Founder and President of Yuga Labs, Mr.

9  Solano has personal knowledge of how the company built its value and exclusivity

10  and how Defendants' infringing activities have not only diminished that value, but

11  also benefitted Defendants.  *See Barthelemy*, 897 F.2d at 1018 (9th Cir. 1990)

12  (determining a declarant's personal knowledge may be inferred from a declarant's

13  "position[ ] and the nature of their participation in the matters.").  Therefore, Mr.

14  Solano's testimony is based on his personal knowledge and is not speculative.  To the

15  extent Defendants seek to challenge the depth of his personal understanding, the

16  proper vehicle for that is through cross-examination, not through the exclusion of

17  evidence.

18        Moreover, in granting Yuga Labs injunctive relief for Defendants' infringement

19  and cybersquatting, the Court has already determined that Defendants' acts are

20  creating irreparable harm to Yuga Labs.  Dkt. 225 at 22.  Accordingly, Mr. Solano is

21  not merely speculating as Defendants suggest; rather, Mr. Solano is testifying as to his

22  understanding of a fact that he not only has personal knowledge of, but also has

23  already been established by the Court.

24

25

26

27

28

**67.    Disputed Testimony:** Greg Solano, Objection to Paragraph 78, lines 30:3-7

      **a.    Objectionable Testimony**

Yuga Labs contends, and I believe, that an injunction is also warranted because the confusion caused by RR/BAYC NFTs has not stopped. As long as the RR/BAYC NFTs remain in the market under Defendants' control, people will be confused by their origin, decreasing the perceived exclusivity of authentic BAYC NFTs and harming Yuga Labs.

      **b.    Defendants' Grounds for Objection**

Paragraph 78, lines 30:3-7, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "confusion caused by RR/BAYC NFTs has not stopped." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge regarding any ongoing confusion. Thus, Yuga has failed to show that the testimony in lines 30:3-7 of Paragraph 78 is based on personal knowledge.

Paragraph 78, lines 30:3-7, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies that if RR/BAYC NFTs remain in the market "under Defendants' control" then this will decrease "the perceived exclusivity of authentic BAYC NFTs."  This is improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

      **c.    Plaintiff's Response to Objection**

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); Dkt. 342, Solano Decl. ¶ 68 ("[B]ased on my review of the Twitter posts above, others produced in discovery, and expert reports,

subsequent consumers who saw these RR/BAYC NFT sales . . . could and did experience further confusion"; *see also*, Dkt. 342, Solano Decl. ¶¶ 63, 65, 66, 69. Additionally, Mr. Solano's testimony reflects his own perception of confusion in the market resulting from Defendants' ongoing sales of RR/BAYC NFTs, as well as his experiences in the NFT space.  Therefore, Mr. Solano's testimony is based on his personal knowledge and is not speculative.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

Moreover, the Court has expressly concluded that Defendants' use of the BAYC Marks creates a likelihood of confusion.  Dkt. 225 at 13.  Accordingly, Mr. Solano is not merely speculating as Defendants suggest; rather, Mr. Solano is testifying as to his understanding of a fact that he not only has personal knowledge of, but also has already been established by the Court.

Furthermore, Mr. Solano's testimony is not improper expert opinion because it is based directly on his perception and experiences regarding his company and harm to the BAYC brand caused by Defendants' infringement, rather than on any scientific specialized, or technical knowledge.  Fed. R. Evid. 701(c).  As Co-Founder and President of Yuga Labs, Mr. Solano invested a great deal of time and hard work building and strengthening the BAYC brand.  In this capacity, Mr. Solano observed first-hand the negative impact that Defendants' infringing activities had on the BAYC brand.  Accordingly, Mr. Solano's personal knowledge and observations are admissible lay opinion testimony under Federal Rule of Evidence 701.

**68.    Disputed Testimony:** Greg Solano, Objection to Paragraph 78, lines 30:7-9

**a.    Objectionable Testimony**

For example, these counterfeit NFTs are still used as verified hexagon profile pictures on Twitter, causing others to believe they are the real BAYC NFTs.

1

      **b.**      **Defendants' Grounds for Objection**

2            Paragraph 78, lines 30:7-9, of the Solano Declaration is inadmissible under

3  Federal Rule of Evidence 602 because the testimony is not based on personal

4  knowledge and is speculation.  Mr. Solano testifies that "these counterfeit NFTs are

5  still used as verified hexagon profile pictures on Twitter" and that they cause "others

6  to believe they are real BAYC NFTs."  The declaration provides no basis for how this

7  testimony is based on Mr. Solano's personal knowledge of ongoing Twitter activity

8  and the mental states of third-party Twitter users. Thus, Yuga has failed to show that

9  the testimony in lines 30:7-9 of Paragraph 78 is based on personal knowledge and is

10  not speculation.

11

      **c.**      **Plaintiff's Response to Objection**

12            Mr. Solano's testimony establishes his personal knowledge of the subject

13  matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of

14  the witness's own testimony."); Dkt. 342, Solano Decl. ¶ 68 ("[B]ased on my review

15  of the Twitter posts above, others produced in discovery, and expert reports,

16  subsequent consumers who saw these RR/BAYC NFT sales . . . could and did

17  experience further confusion"; *see also*, Dkt. 342, Solano Decl. ¶¶ 63, 65, 66, 69.

18  Specifically, Mr. Solano makes these statements based on his own perception and

19  experiences in the NFT space and his observations on Twitter.  As Co-Founder and

20  President of a company that markets NFTs, Mr. Solano also has personal knowledge

21  of Twitter's hexagonal profile picture feature and the confusion caused by RR/BAYC

22  NFT holders using this feature.  Therefore, Mr. Solano's testimony is based on his

23  personal knowledge and is not speculative.  To the extent Defendants seek to

24  challenge the depth of his personal understanding, the proper vehicle for that is

25  through cross-examination, not through the exclusion of evidence.

26

27

28

69. **Disputed Testimony:** Greg Solano, Objection to Paragraph 78, lines 30:13-16

      **a.**    **Objectionable Testimony**

When consumers see RR/BAYC NFTs on Twitter and NFT marketplaces, they can be confused about whether these are authentic or whether Yuga Labs is creating more NFTs, even more so if they are new to the space and less familiar with the history of each NFT project.

      **b.**    **Defendants' Grounds for Objection**

Paragraph 78, lines 30:13-16, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "when consumers see RR/BAYC NFTs on Twitter and NFT marketplaces, they can be confused about whether these are authentic or whether Yuga Labs is creating more NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of ongoing marketplace activity and the mental states of consumers.  Furthermore, this testimony is mere speculation regarding how the alleged online activity could impact consumers.  Thus, Yuga has failed to show that the testimony in lines 30:13-16 of Paragraph 78 is based on personal knowledge and is anything more than speculation.

      **c.**    **Plaintiff's Response to Objection**

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); Dkt. 342, Solano Decl. ¶ 68 ("[B]ased on my review of the Twitter posts above, others produced in discovery, and expert reports, subsequent consumers who saw these RR/BAYC NFT sales . . . could and did experience further confusion"; *see also*, Dkt. 342, Solano Decl. ¶¶ 63, 65, 66, 69.  Specifically, Mr. Solano makes these statements based on his own perception and experiences in the NFT space and his observations on Twitter.  Therefore, Mr.

Solano's testimony is based on his personal knowledge and is not speculative.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

Furthermore, the Court has expressly concluded that Defendants' use of the BAYC Marks creates a likelihood of confusion.  Dkt. 225 at 13.  Accordingly, Mr. Solano is not merely speculating as Defendants suggest; rather, Mr. Solano is testifying as to his understanding of a fact that he not only has personal knowledge of, but also has already been established by the Court.

**70.   Disputed Testimony:** Greg Solano, Objection to Paragraph 78, lines 30:16-19

   **a.   Objectionable Testimony**

And when consumers check Etherscan to verify whether they are real or not, assuming they even know how to do so, the NFT contract page informs them that they are "Bored Ape Yacht Club (BAYC)" NFTs, furthering the confusion. (*See* JTX-972.)

   **b.   Defendants' Grounds for Objection**

Paragraph 78, lines 30:16-19, of the Solano Declaration is inadmissible hearsay under Federal Rule of Evidence 802 because it relies on out-of-court statements made on a third-party website.  Mr. Solano testifies that etherscan.io says that RR/BAYC NFTs are labeled as "Bored Ape Yacht Club (BAYC) NFTs."  Mr. Solano uses this this out-of-court statement to prove the truth of the matter asserted by using the statement to argue that the RR/BAYC are labeled as BAYC NFTs.  *See* Fed. R. Evid. 801.  No hearsay exception applies.

   **c.   Plaintiff's Response to Objection**

Defendants withdrew their objections to JTX-972, thereby stipulating to its admission into evidence.  *See* Dkt. 262 at 1 ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**") (emphasis in original); Dkt. 312 at

12; Dkt. 284 ("Civil Trial Order") at Section 3 ("All exhibits to which there is no objection shall be deemed admitted."). They have conceded that the document is admissible. Therefore, they waived their hearsay objection to the exhibit and the witness may testify about the exhibit to move it into evidence. Even still, the words in these documents are not inadmissible hearsay. Fed. R. Evid. 803(6) and 17.

Mr. Solano's testimony also reflects his personal knowledge and experience in the NFT space and his review of an exhibit Defendants admit is admissible. And by Defendant Cahen's own admission, the name of the token tracker for the RR/BAYC NFTs on Etherscan is in fact "Bored Ape Yacht Club." Cahen Depo. Tr. at 37:23-38:17 ("A. On Etherscan.IO, there will be what is called a token tracker for a given contract. And that should have – my recollection of that is that the name of that is Bored Ape Yacht Club . . ."). *See* Fed. R. Evid. 801(d)(2)(A). In addition, these foundational facts are in evidence through Mr. Ripps' declaration. Mr. Ripps declares that he minted RR/BAYC NFTs through a smart contract that he created from his Ethereum wallet. *See* Dkt. 346, Ripps Decl. ¶ 160 ("[A]t the blockchain level, I minted a brand new collection from my personal wallet …."). He further declares that the RR/BAYC NFT collection is visible on Etherscan. Dkt. 346, Ripps Decl. ¶ 161 ("Anyone with access to etherscan.io could see that the collection and the minting contract were minted by me …."). Accordingly, Mr. Solano's testimony is not hearsay and is admissible.

In any event, data from the RR/BAYC smart contract collected from Etherscan is a business record that qualifies as a hearsay exception. Fed. R. Evid. 803. That a business record is publicly available by virtue of the decentralized technology of the Ethereum blockchain does not negate the hearsay exception. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009) ("[E]vidence that has been compiled from a computer database is also admissible as a business record, provided it meets the criteria of Rule 803(6)."). Data from Etherscan also constitutes

an admissible market report or commercial publication because Etherscan contains "[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations."  Fed. R. Evid. 803(17); *see Jackpocket, Inc. v. Lottomatrix NY LLC*, No. 22-CV-5772 (LJL), 2022 WL 17733156, at *18 n.11 (S.D.N.Y. Dec. 7, 2022)* (determining "internet printouts from the Google Play Store"  are admissible because of public reliance on the information "for a description of the applications, number of downloads, and customer reviews").  Defendants admit that Etherscan is generally used and relied on by the public and that it accurately reflects Ethereum blockchain events.  *See, e.g.*, Dkt. 346, Ripps Decl. ¶¶ 49-50 ("49. Etherscan.io is a website that tracks, records, and shows entries on the Ethereum blockchain. 50. Although Etherscan.io is not the Ethereum blockchain itself, it is the most popular method to determine blockchain entries on the Ethereum blockchain.").

**71.    Disputed Testimony:** Greg Solano, Objection to Paragraph 79, lines 30:27-31:6

      **a.    Objectionable Testimony**

As long as Defendants own the RR/BAYC smart contract bearing the BAYC Marks, they will continue to confuse consumers by associating the BAYC Marks with themselves and their copycat NFTs.  For example, every time a consumer or Twitter bot pulls data from the blockchain and mistakenly calls an RR/BAYC NFT sale a BAYC NFT sale, or every time a marketplace like Foundation pulls data from the blockchain and names the RR/BAYC NFT collection "Bored Ape Yacht Club," Yuga Labs is harmed and Defendants are wrongfully associated with the BAYC brand and Yuga Labs.

1

**b.     Defendants' Grounds for Objection**

2        Paragraph 79, lines 30:27-31:6, of the Solano Declaration is inadmissible under

3  Federal Rule of Evidence 602 because the testimony is not based on personal

4  knowledge and is speculation.  Mr. Solano testifies that "as long as Defendants own

5  the RR/BAYC smart contract bearing the BAYC Marks, they will continue to confuse

6  consumers by associating the BAYC Marks with themselves and their copycat NFTs"

7  and that in the future bots will call "an RR/BAYC NFT sale a BAYC NFT sale" or

8  marketplaces will name RR/BAYC NFTS as the Bored Ape Yacht Club.  The

9  declaration provides no basis for how this testimony is based on Mr. Solano's

10 personal knowledge and merely speculates regarding ongoing confusion and what

11 Defendants and third parties will do in the future.  Thus, Yuga has failed to show that

12 the testimony in lines 30:27-31:6 of Paragraph 79 is based on personal knowledge and

13 is not speculation.

14       **c.     Plaintiff's Response to Objection**

15       Mr. Solano's testimony establishes his personal knowledge of the subject

16 matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of

17 the witness's own testimony.").  Specifically, Mr. Solano makes these statements

18 based on his review of exhibits that Defendants admit are admissible (e.g., JTX-705,

19 JTX-972*; see* Dkt. 342, Solano Decl. ¶ 63, 78).  His testimony is also based on his

20 own experiences in the NFT space, as well as his understanding of the immutable

21 nature of NFT smart contracts.  Moreover, as Co-Founder and President of Yuga

22 Labs, Mr. Solano has personal knowledge of how the company built its value and

23 exclusivity and how Defendants' use of the BAYC Marks has diminished that value

24 and exclusivity.  *See Barthelemy*, 897 F.2d at 1018 (9th Cir. 1990) (determining a

25 declarant's personal knowledge may be inferred from a declarant's "position[ ] and the

26 nature of their participation in the matters.").  To the extent Defendants seek to

27

28

challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

Furthermore, the Court has expressly concluded that Defendants' use of the BAYC Marks creates a likelihood of confusion.  Dkt. 225 at 13.  Accordingly, Mr. Solano is not merely speculating as Defendants suggest; rather, Mr. Solano is testifying as to his understanding of a fact that he not only has personal knowledge of, but also has already been established by the Court.

**72.    Disputed Testimony:** Greg Solano, Objection to Paragraph 80, lines 31:7-9

    **a.    Objectionable Testimony**

My understanding is that Defendants cannot change the name of the token of their Etherscan contract bearing the BAYC Marks, nor can the RR/BAYC smart contract be destroyed.

    **b.    Defendants' Grounds for Objection**

Paragraph 80, lines 31:7-9, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants cannot destroy the RR/BAYC smart contract or change the name of the token tracker for RR/BAYC NFTs.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and merely states "[m]y understanding is" without explaining what that "understanding" is based on.  Thus, Yuga has failed to show that the testimony in lines 31:7-9 of Paragraph 80 is based on personal knowledge and is not speculation.

    **c.    Plaintiff's Response to Objection**

Defendants' objection under Federal Rule of Evidence 602 is improper to the extent that it misstates Mr. Solano's testimony.  Specifically, Mr. Solano does not testify as a proven fact that Defendants cannot destroy the RR/BAYC smart contract

1   or change the name of the token tracker or RR/BAYC NFTs; rather, Mr. Solano states

2   that this is his own understanding, which is based on the knowledge and experience he

3   gained as Co-Founder and President of a company that creates, markets, and sells

4   NFTs, and a consumer in the NFT space, as well as his understanding of the

5   immutable nature of NFT smart contracts.  Therefore, Mr. Solano's testimony is based

6   on personal knowledge and is admissible.  To the extent Defendants seek to challenge

7   the depth of his personal understanding, the proper vehicle for that is through cross-

8   examination, not through the exclusion of evidence.

9

10  **73.   Disputed Testimony:** Greg Solano, Objection to Paragraph 81, lines 31:17-20

11          **a.     Objectionable Testimony**

12          Defendants have also not manufactured all 10,000 of Yuga Labs' BAYC NFTs

13  as RR/BAYC NFTs, and the smart contract should be transferred to Yuga Labs to

14  prevent them from being able to produce any more infringing NFTs.

15          **b.     Defendants' Grounds for Objection**

16          Paragraph 81, lines 31:17-20, of the Solano Declaration is inadmissible under

17  Federal Rule of Evidence 602 because the testimony is not based on personal

18  knowledge and is speculation.  Mr. Solano testifies that Defendants have "not

19  manufactured all 10,000 of Yuga Labs' BAYC NFTs as RR/BAYC NFTs."  The

20  declaration provides no basis for how this testimony is based on Mr. Solano's

21  personal knowledge and merely makes this declaration without providing any

22  supporting information.  Thus, Yuga has failed to show that the testimony in lines

23  31:17-20 of Paragraph 81 is based on personal knowledge and is not speculation.

24          **c.     Plaintiff's Response to Objection**

25          Mr. Solano has reviewed the documents and filings in this case and is aware of

26  the facts of this litigation.  In particular, Mr. Solano has reviewed Defendants' internal

27  communications (*e.g.*, JTX-801; *see* Dkt. 342, Solano Decl. ¶ 51) and publicly

28

accessible information on the blockchain, which reveal that Defendants had not manufactured all 10,000 BAYC NFTs as RR/BAYC NFTs.  Therefore, Mr. Solano has personal knowledge of the subject matter of this testimony.  Fed. R. Evid. 602.

**74.   Disputed Testimony:** Greg Solano, Objection to Paragraph 82, lines 31:23-25

   **a.   Objectionable Testimony**

   Indeed, even today, and for every day forward that they own the contract, Defendants continue to benefit from their infringing contract. They are benefiting off their intentional association with the BAYC brand.

   **b.   Defendants' Grounds for Objection**

   Paragraph 82, lines 31:23-25, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that "Defendants continue to benefit from their infringing contract" and "they are benefiting off their intentional association with the BAYC brand." The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of alleged ongoing benefits that Defendants are receiving. Thus, Yuga has failed to show that the testimony in lines 31:23-25 of Paragraph 82 is based on personal knowledge and is not speculation.

   **c.   Plaintiff's Response to Objection**

   Mr. Solano's testimony establishes his personal knowledge of the subject matter.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *Barthelemy*, 897 F.2d at 1018 (9th Cir. 1990) (determining a declarant's knowledge may be inferred from a declarant's "position[ ] and the nature of their participation in the matters."). As Co-Founder and President of Yuga Labs, Mr. Solano has personal knowledge of the hard-earned success and value of the BAYC brand and how Defendants' infringing activities have not only diminished that value, but also benefitted Defendants.  Therefore, Mr.

1   Solano's testimony is based on his personal knowledge and is not speculative.  To the

2   extent Defendants seek to challenge the depth of his personal understanding, the

3   proper vehicle for that is through cross-examination, not through the exclusion of

4   evidence.

5       Furthermore, the Court has expressly concluded that Defendants intentionally

6   infringed the BAYC Marks.  Dkt. 225 at 12.  Accordingly, Mr. Solano is not merely

7   speculating as Defendants suggest; rather, Mr. Solano is testifying as to his

8   understanding of a fact that he not only has personal knowledge of, but also has

9   already been established by the Court.

10

11   **75.   Disputed Testimony:** Greg Solano, Objection to Paragraph 85, lines 32:11-12

12       **a.   Objectionable Testimony**

13       Defendants promoted and sold RR/BAYC NFTs through rrbayc.com, which

14   was found to be infringing and a violation of the ACPA.

15       **b.   Defendants' Grounds for Objection**

16       Paragraph 84, lines 32:11-12, of the Solano Declaration is inadmissible under

17   Federal Rule of Evidence 602 because the testimony is not based on personal

18   knowledge and is speculation.  Mr. Solano testifies that "Defendants promoted and

19   sold RR/BAYC NFTs through rrbayc.com.  The declaration provides no basis for how

20   this testimony is based on Mr. Solano's personal knowledge and instead makes this

21   declaration without providing any supporting information.  Thus, Yuga has failed to

22   show that the testimony in lines 32:11-12 of Paragraph 84 is based on personal

23   knowledge and is not speculation.

24       **c.   Plaintiff's Response to Objection**

25       Mr. Solano has personal knowledge of the uncontested facts of this litigation,

26   including that Defendants promoted and sold their infringing NFTs on rrbayc.com

27   (Dkt. 225 at 12 ("Defendants listed the RR/BAYC NFTs on rrbacyc.com . . .")), based

28

1  on his review of the documents, filings, and exhibits admitted into evidence in this
2  case.  Fed. R. Evid. 602.

3        Furthermore, the Court has expressly concluded that Defendants infringed the
4  BAYC Marks and that their registration and use of rrbayc.com violates the ACPA.
5  Dkt. 225 at 13, 15.  Accordingly, Mr. Solano is not merely speculating as Defendants
6  suggest; rather, Mr. Solano is testifying as to his understanding of a fact that he not
7  only has personal knowledge of, but also has already been established by the Court.

8

9  **76.  Disputed Testimony:** Greg Solano, Objection to Paragraph 84, lines 32:14-17
10        **a.  Objectionable Testimony**

11        Defendants also manufactured the RR/BAYC NFTs through a netlify app which
12  prominently featured the BAYC Marks. So, on the very page where they
13  manufactured the infringing NFTs, the Defendants used a BAYC Mark. (*See* JTX-
14  171; JTX-167; JTX-1148.)

15        **b.  Defendants' Grounds for Objection**

16        Paragraph 84, lines 32:14-17, of the Solano Declaration is inadmissible under
17  Federal Rule of Evidence 602 because the testimony is not based on personal
18  knowledge and is speculation.  Mr. Solano testifies that Defendants "manufactured the
19  RR/BAYC NFTs through a netlify app which prominently featured the BAYC Mark"
20  and then cites to the alleged webpage.  The declaration provides no basis for how this
21  testimony is based on Mr. Solano's personal knowledge and instead speculates about
22  the function of a particular application on the internet.  Thus, Yuga has failed to show
23  that the testimony in lines 32:14-17 of Paragraph 84 is based on personal knowledge
24  and is anything more than speculation.

25        **c.  Plaintiff's Response to Objection**

26        Mr. Solano's testimony is not speculative because it is based on his review of
27  JTX-171, JTX-167, and JTX-1148, all of which have been admitted into evidence.

28

1    Additionally, Mr. Solano has testified that he has reviewed Defendants' Team Ape

2    Market discord chat (Dkt. 342, Solano Decl. ¶ 51), and therefore has personal

3    knowledge of Defendants' use of the Netlify site to manufacture the RR/BAYC NFTs.

4    *See e.g.*, JTX-801.00055.  Therefore, Mr. Solano's testimony is based on personal

5    knowledge and is admissible.  Fed. R. Evid. 602.  To the extent Defendants seek to

6    challenge the depth of his personal understanding, the proper vehicle for that is

7    through cross-examination, not through the exclusion of evidence.

8         Further, Defendants withdrew their objections to JTX-171, JTX-167, and JTX-

9    1148, thereby stipulating to their admission into evidence.  *See* Dkt. 262 at 1

10   ("**Defendants have withdrawn their objections to <u>all but two</u> of Yuga's exhibits**")

11   (emphasis in original); Dkt. 312 at 6, 18; Dkt. 284 ("Civil Trial Order") at Section 3

12   ("All exhibits to which there is no objection shall be deemed admitted.").  Therefore,

13   Defendants should be precluded from now objecting to the admissibility of any of

14   these three exhibits underlying Mr. Solano's testimony and the witness may testify

15   about the exhibits to move them into evidence.

16

17   **77.    Disputed Testimony:** Greg Solano, Objection to Paragraph 85, lines 32:21-22

18        **a.    Objectionable Testimony**

19        Defendants have also stated their ongoing intent to launch the infringing

20   apemarket.com. (*See* JTX-1048.)

21        **b.    Defendants' Grounds for Objection**

22        Paragraph 85, lines 32:21-22, of the Solano Declaration is inadmissible under

23   Federal Rule of Evidence 602 because the testimony is not based on personal

24   knowledge and is speculation.  Mr. Solano testifies that Defendants have "ongoing

25   intent to launch the infringing apemarket.com."  The declaration provides no basis for

26   how this testimony is based on Mr. Solano's personal knowledge or how Mr. Solano's

27   could have personal knowledge regarding Defendants' mental state.  Thus, Yuga has

28

failed to show that the testimony in lines 32:21-22 of Paragraph 85 is based on personal knowledge and is not speculation.

### c. Plaintiff's Response to Objection

Defendants' objection under Federal Rule of Evidence 602 is improper to the extent that it misstates Mr. Solano's testimony. Specifically, Mr. Solano does not testify that "Defendants have 'ongoing intent to launch the infringing apemarket.com,'" and he does not purport to have personal knowledge regarding Defendants' mental state as Defendants misleading state. Rather, Mr. Solano's testimony is that Defendants *have stated* their ongoing intent to launch apemarket.com, as corroborated by an exhibit Defendants admit is admissible. Mr. Solano based this testimony on JTX-1048, which is in evidence and which he reviewed in preparing his declaration. Therefore, Mr. Solano's testimony is based on personal knowledge and is admissible. Fed. R. Evid. 602. To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

**78. Disputed Testimony:** Greg Solano, Objection to Paragraph 85, lines 32:24-28

### a. Objectionable Testimony

Likewise, Defendants' @ApeMarketplace Twitter account has continued to promote RR/BAYC NFTs throughout the course of this lawsuit, including by linking to rrbayc.com and the RR/BAYC NFT LooksRare page—even after the Court found that their use of the BAYC Marks was infringing.

### b. Defendants' Grounds for Objection

Paragraph 85, lines 32:24-28, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation. Mr. Solano testifies that Defendants have used @ApeMarketPlace to promote RR/BAYC NFTs throughout the course of this

litigation.  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and simply makes the declaration without providing any supporting information.  Thus, Yuga has failed to show that the testimony in lines 32:24-28 of Paragraph 85 is based on personal knowledge and is not speculation.

### c.     Plaintiff's Response to Objection

Mr. Solano's testimony reflects his personal knowledge of the subject matter. *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.").  Specifically, Mr. Solano repeatedly affirmed throughout his testimony that he reviewed a number of Defendants' tweets, including those made during the course of this litigation in which Defendants continued to promote their infringing activities.  *See* Dkt. 342, Solano Decl. ¶¶ 35, 40, 53, 62, 72.  Mr. Solano's testimony also reflects his own observations of the public Ape Market Twitter account, as corroborated by an exhibit in evidence that Mr. Solano reviewed and Defendants admit is admissible (JTX-696).  Therefore, Mr. Solano's testimony is based on his personal knowledge and is not speculative.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

Furthermore, the Court has expressly concluded that Defendants infringed the BAYC Marks and that their registration and use of rrbayc.com violates the ACPA. Dkt. 225 at 13, 15.  Accordingly, Mr. Solano is not merely speculating as Defendants suggest; rather, Mr. Solano is testifying as to his understanding of a fact that he not only has personal knowledge of, but also has already been established by the Court.

**79.    Disputed Testimony:** Greg Solano, Objection to Paragraph 86, lines 33:5-8

### a.     Objectionable Testimony

Finally, Yuga Labs contends, and I agree, that Defendants should be required to disgorge their $1,589,455 in ill-gotten profit from their use of the BAYC Marks. This

is only a portion of the over $10 million in trading volume from sales of RR/BAYC NFTs.

### b.   Defendants' Grounds for Objection

Paragraph 86, lines 33:5-8, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants have made "$1,589,455" on the RR/BAYC project and that there was "over $10 million in trading volume from sales of RR/BAYC NFTs."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge and instead merely states "I agree" without explaining what his "agreeing" is based on.  Thus, Yuga has failed to show that the testimony in lines 33:5-8 of Paragraph 86 is based on personal knowledge and is not speculation.

### c.   Plaintiff's Response to Objection

Mr. Solano has reviewed the documents and filings in this case, and therefore has personal knowledge of the calculation of Defendants' profits.  Defendants have also publicly touted their profits from their collection and the volume of trades of RR/BAYC NFTs, and the fact of their sales is publicly displayed on the Ethereum blockchain.  Mr. Solano also has personal knowledge of the trading volume of RR/BAYC NFTs based on Defendants' own internal communications with their business partners (JTX-801.00376; Mr. Hickman states: "We're closing in on *$10 million impact to yuga").  Therefore, Mr. Solano's testimony is admissible because he has personal knowledge of the subject matter of this testimony.  Fed. R. Evid. 602.

**80.    Disputed Testimony:** Greg Solano, Objection to Paragraph 86, lines 33:8-10

**a.    Objectionable Testimony**

They earned these profits at the expense of Yuga Labs' BAYC brand, requiring Yuga Labs to spend millions to try to counteract the irreparable harm done to its brand.

**b.    Defendants' Grounds for Objection**

Paragraph 86, lines 33:8-10, of the Solano Declaration is also inadmissible under Federal Rule of Evidence 701 because the testimony is an expert opinion regarding brand equity.  Mr. Solano testifies that Defendants have "earned these profits at the expense of Yuga Labs' BAYC brand."  This is improper expert conclusions on brand equity.  Mr. Solano, as a fact witness, is limited to lay opinion and cannot provide expert opinion about brand equity.  *See* Fed. R. Evid. 701(c).

**c.    Plaintiff's Response to Objection**

Mr. Solano's testimony is not improper expert opinion because it is based directly on his perception and experiences regarding his company and harm to the BAYC brand caused by Defendants' infringement.  As Co-Founder and President of Yuga Labs, Mr. Solano invested a great deal of time and hard work building and strengthening the BAYC brand.  In this capacity, Mr. Solano observed first-hand the negative impact that Defendants' infringing activities had on the BAYC brand as well as the measures Yuga Labs had to take to counteract the resulting harm.  Accordingly, Mr. Solano's understandings and observations are admissible lay testimony under Federal Rule of Evidence 701.

**81.    Disputed Testimony:** Greg Solano, Objection to Paragraph 86, lines 33:10-13

**a.    Objectionable Testimony**

Defendants even bragged on Twitter about making millions on their scam, just as they bragged about making millions on their Cryptophunks scam. Their profits

continue to increase as Defendants gain royalties and creator fees from sales on secondary marketplaces.

### b.    Defendants' Grounds for Objection

Paragraph 86, lines 33:10-13, of the Solano Declaration is inadmissible under Federal Rule of Evidence 602 because the testimony is not based on personal knowledge and is speculation.  Mr. Solano testifies that Defendants' "profits continue to increase as Defendants gain royalties and creator fees from sales on secondary marketplaces."  The declaration provides no basis for how this testimony is based on Mr. Solano's personal knowledge of alleged ongoing profits. Thus, Yuga has failed to show that the testimony in lines 33:10-13 of Paragraph 86 is based on personal knowledge.

### c.    Plaintiff's Response to Objection

Mr. Solano's testimony establishes his personal knowledge of the subject matter.  Mr. Solano repeatedly affirms throughout his testimony that he reviewed a number of Defendants' tweets, including those in which Defendants bragged about making millions of dollars from their scams.  Dkt. 342, Solano Decl. ¶¶ 35, 38, 40, 53, 62, 72; *see also*, Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.").  The fact of Defendants' sales is also publicly displayed on the Ethereum blockchain.  Therefore, Mr. Solano's testimony is based on personal knowledge and is admissible.  To the extent Defendants seek to challenge the depth of his personal understanding, the proper vehicle for that is through cross-examination, not through the exclusion of evidence.

Dated:  July 25, 2023        WILMER CUTLER PICKERING HALE & DORR LLP

By: */s/ Louis W. Tompros*
     Louis W. Tompros
Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated:  July 25, 2023        FENWICK & WEST LLP

By:   */s/ Eric Ball*
     Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball

By: /s/ *Louis W. Tompros*
     Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that a copy of the foregoing document was served on all

3

attorneys of record via the Court's EFC system on July 25, 2023.

4

5

6

By: /s/  *Louis W. Tompros*

7

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com

8

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

9

60 State Street
Boston, MA 02109

10

Telephone: (617) 526-6000
Fax: (617) 526-5000

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28