1   Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
2   Monica Grewal (*pro hac vice*)
    monica.grewal@wilmerhale.com
3   Scott W. Bertulli (*pro hac vice*)
    scott.bertulli@wilmerhale.com
4   Tyler Carroll (*pro hac vice*)
    tyler.carroll@wilmerhale.com
5   **WILMER CUTLER PICKERING**
    **  HALE AND DORR LLP**
6   60 State Street
    Boston, MA  02109
7   Telephone: (617) 526-6000
    Fax: (617) 526-5000
8
    Derek Gosma (SBN 274515)
9   derek.gosma@wilmerhale.com
    Henry Nikogosyan (SBN 326277)
10  henry.nikogosyan@wilmerhale.com
    **WILMER CUTLER PICKERING**
11  **  HALE AND DORR LLP**
    350 South Grand Ave., Suite 2400
12  Los Angeles, CA  90071
    Telephone: (213) 443-5300
13  Fax: (213) 443-5400

14  Attorneys for Defendants
    RYDER RIPPS and JEREMY CAHEN

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300

*Additional Counsel listed on next page*

Attorneys for Plaintiff
YUGA LABS, INC.

15

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORNIA

18                    WESTERN DIVISION – Los Angeles

19

20  YUGA LABS, INC.,                    Case No.: 2:22-cv-04355-JFW-JEM

21              Plaintiff,              **JOINT NOTICE OF DEFENDANTS'**
                                        **DESIGNATED WITNESS**
22                                      **TESTIMONY OF WYLIE ARONOW**

23          v.                          Judge:  John F. Walter

24  RYDER RIPPS, JEREMY CAHEN,

25              Defendants.

26

27

28

1   MELISSA L. LAWTON (CSB No. 225452)
2   mlawton@fenwick.com
    FENWICK & WEST LLP
3   228 Santa Monica Boulevard
    Santa Monica, CA 90401
4   Telephone:  310.434.4300

5   DAVID Y. SILLERS (*admitted pro hac vice*)
6   david@clarelocke.com
    KATHRYN HUMPHREY (*admitted pro hac vice*)
7   kathryn@clarelocke.com
8   MEGAN L. MEIER (*admitted pro hac vice*)
9   megan@clarelocke.com
    CLARE LOCKE LLP
10  10 Prince Street
    Alexandria, VA 22314
11  Telephone:  202.628.7400

12  Attorneys for Plaintiff
    YUGA LABS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Civil Trial Order of June 7, 2023 (Dkt. 284) and the Court's July 31, 2023, order during trial, Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen submit the following joint notice of Defendants' designation deposition testimony of Wylie Aronow.

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 3:18–3:19<br>18           WYLIE ARONOW<br>19  being first duly sworn, testified as follows: | No objection | |
| 5:17–5:21<br>17      Q.   Okay.  Can you please state your full<br>18  name?<br>19      A.   My name is Wylie Aronow.<br>20      Q.   You are one of the co-founders of Yuga<br>21  Labs, right? | No objection | |
| *5:22–6:4 [Plaintiff's Counter-Designation]*<br>*22      A.  I am.*<br>*23      Q.   And what is your current title at Yuga*<br>*24  Labs?*<br>*25      A.  I'm currently just an advisor for Yuga*<br>*Labs.  I took a step back for my health to take a*<br>*2  sabbatical.*<br>*3      Q.   Do you sit on the Yuga Labs board?*<br>*4      A.  I do.* | No objection | |
| 6:5–6:13<br>5      Q.   Prior to taking your sabbatical step<br>6  back, what was your title at Yuga | No objection | |

---

[1] Objections stated on the record and included in the text of the designations are maintained.  No party intends to waive objections on the record by not restating them.

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| Labs?<br>7      A.   Briefly, I was chief creative officer.<br>8  And before that it was kind of a more a nebulous<br>9  co-founder role.  We had brought in executives to<br>10  be the executives of the company.  We were kind<br>11  of -- just kind of all over the place.  But mostly<br>12  I was 90 percent -- or 98 percent creative for the<br>13  company. | | |
| *6:14–7:5 [Plaintiff's Counter-Designation]*<br>*14      Q.   And during what -- during what period*<br>*15  were you the chief creative officer?*<br>*16      A.   Honestly, it was, I think, just for a*<br>*17  few weeks before I stepped down, because I was*<br>*18  diagnosed with heart failure.*<br>*19      Q.   And -- and prior to that you had --*<br>*20  you were a co-founder with a nebulous role at Yuga*<br>*21  Labs, right?*<br>*22      A.   Nebulous, but I would say 98 percent*<br>*23  of my job was on the creative.*<br>*24      Q.   Got it.  And what do you mean by the*<br>*25  creative?*<br><br>*1      A.   Thinking about the things that we*<br>*2  might do, the kind of games and activations we*<br>*3  might make, the general aesthetics* | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| *and tone of* <br> *4  things.  In a lot of ways, a glorified art* <br> *5  director.* | | |
| <u>15:19–15:22</u> <br> 19        Q.  Apart from yourself, who were the <br> 20  other co-founders of Yuga Labs? <br> 21        A.  Veshan Ali, Kerem Atalay, and Greg <br> 22  Solano. | No objection | |
| <u>30:2–30:8</u> <br> 2        Q.  Have you visited the website <br> 3  RR/BAYC.com? <br> 4        A.  I believe I've visited it before, yes. <br> 5        Q.  Have you read the statement on that <br> 6  website? <br> 7        A.  I can't remember if I read the <br> 8  statement on the website. | No objection | |
| <u>41:10–41:11</u> <br> 10        Q.  All right.  What is the business of <br> 11  Yuga Labs? <br> 12 MR. BALL: Objection. Vague. <br><br> <u>41:13–41:16</u> <br> 13        THE WITNESS:  We make NFTs. <br> 14 BY MR. TOMPROS: <br> 15        Q.  And what is an NFT? <br> 16        A.  It's a non-fungible token. | No objection | |
| <u>42:22</u> <br> 22        Q.  And can an NFT be | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| copied?<br>23 MR. BALL: Objection. Vague. Calls<br>24 for a legal conclusion.<br><br>42:25–43:1<br>25     THE WITNESS: My understanding would be<br><br>1 no, but I'm not an expert. | | |
| 43:10–43:11<br>10    Q.  Is an NFT an entry on a blockchain<br>11 ledger?<br>12 MR. BALL: Objection. Vague.<br><br>43:13–43:13<br>13    THE WITNESS: My understanding is yes. | No objection | |
| 82:10–82:12<br>10    Q.  All right.  The Bored Ape Yacht Club<br>11 is a collection of non-fungible tokens, right?<br>12    A.  Correct.<br>13 MR. BALL: Objection. Vague.<br>14 BY MR. TOMPROS: | No objection | |
| 84:6–84:11 *[Plaintiff's Counter-Designation]*<br>*6 Q. Are the Bored Ape NFTs art?*<br>*7 A. In part.*<br>*8 Q. And what do you mean by in part?*<br>*9 A. An NFT is a unique identifier on the*<br>*10 blockchain. So that's -- the art attached to it*<br>*11 is a part of what the NFTs are.* | No objection | |
| 85:4<br>4    Q.  Is an NFT digital artwork?<br>5 MR. BALL: Objection. Vague. | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 85:6–85:7<br>6        THE WITNESS:  Not necessarily, based on<br>7  my understanding. | | |
| 85:9<br>9        Q.   An NFT is a token, correct?<br>10 MR. BALL: Objection. Vague.<br><br>85:11–85:12<br>11        THE WITNESS:  Based on my<br>12  understanding. | No objection | |
| 85:21–85:22<br>21        Q.   An NFT token itself contains a link to<br>22  an image somewhere on the internet, correct?<br>23 MR. BALL: Objection. Vague. Asked<br>24 and answered.<br><br>85:25<br>25        THE WITNESS:  As far as I'm aware. | No objection | |
| 86:2–86:2<br>2        Q.   Is an NFT the same as a JPEG file?<br>3 MR. BALL: Objection. Vague. Asked<br>4 and answered.<br><br>86:5–86:6<br>5        THE WITNESS:  I'm not an expert, but I<br>6  would say no. | No objection | |
| 86:8–86:21<br>8        Q.   And the -- there are BA- -- images<br> 9  associated with the BAYC NFTs, | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| right?<br>10      A.   Yes.<br>11        Q.   And there are 10,000 of them, correct?<br>12      A.  Yes.<br>13        Q.   Are they each unique?<br>14        A.   Are each NFT unique?<br>15        Q.   No, sorry.  My question is, is each of<br>16  the 10,000 images associated with the BAYC NFTs<br>17  unique?<br>18        A.   To the best of my knowledge, yes.<br>19        Q.   Some of them are different from others<br>20  only by virtue of the background, right?<br>21        A.   To the best of my knowledge, yes. | | |
| 88:13–88:17<br>13  What's the -- is there -- what is a PNG?<br>14      A.   It's another type of format for an<br>15  image.<br>16      Q.   Is an NFT the same as a PNG?<br>17      A.   No.  To the best of my knowledge, no. | No objection | |
| 90:13–90:21<br>13        Q.   And OpenSea is a trading platform for<br>14  NFTs, correct?<br>15      A.   It is.<br>16      Q.   And OpenSea can display the images<br>17  that correspond to a BYAC NFT, correct?<br>18      A.   To the best of my knowledge, yes. | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 19      Q.   OpenSea does not have to own the NFT<br>20  to display that image, correct?<br>21      A.   To the best of my knowledge, yes. | | |
| 106:11–107:8<br>11          (Exhibit 275, OpenSea.io, re:  Bored<br>12  Ape Yacht Club #150, Bates RippsCahen00000310-311,<br>13  marked for identification.)<br>14  BY MR. TOMPROS:<br>15      Q.   All right.  Mr. Aronow, you have been<br>16  handed what has been marked Exhibit 275, a<br>17  two-page document with the control number stamp at<br>18  the bottom RippsCahen00000310 through 311.  Do you<br>19  have that in front of you?<br>20      A.   Yes.<br>21      Q.   This has a URL, OpenSea.io at the<br>22  bottom left, right?<br>23      A.   That's what it says.<br>24      Q.   What is OpenSea?<br>25      A.   OpenSea is an NFT marketplace.<br><br>1      Q.   There is an image on the front of a<br>2  Bored Ape, right?<br>3      A.   That's what it looks like.<br>4      Q.   And it has a headband, correct?<br>5      A.   Yes.<br>6      Q.   What is that headband?<br>7      A.   That's what we call the sushi chef<br>8  headband. | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 107:21–107:25<br>21   Q.  The actual headband is a kamikaze<br>22 headband, right?<br>23     MR. BALL:  Objection. Vague.<br>24     THE WITNESS:  That's what I've --<br>25 that's what I've been told, but I don't know. | No objection | |
| 108:2–108:3<br><br>108:5 | No objection | |
| 108:8–108:23<br>8     (Exhibit 276, OpenSea.io, re:  Bored<br>9 Apes Yacht Club #3711, Bates<br>10 RippsCahen00000312-313, marked for<br>11 identification.)<br>12 BY MR. TOMPROS:<br>13   Q.  Mr. Aronow, you have been handed what<br>14 has been marked as Exhibit 276, a two-page<br>15 document with the control number<br>16 RippsCahen00000312 through 313.  Do you have that<br>17 document in front of you?<br>18   A.  I do.<br>19   Q.  And this also has an OpenSea.io URL at<br>20 the bottom, right? | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 21      A.   Yes, it does.<br>22      Q.   What is the image depicted on the<br>23  first page of Exhibit 276?<br>24 MR. BALL: Objection. Vague. | | |
| 108:25–109:10<br>25          THE WITNESS:  It looks like a Bored<br> 1  Ape.<br> 2  BY MR. TOMPROS:<br> 3      Q.   And what is the -- what type of<br> 4  clothing is the Bored Ape in Exhibit 276 wearing?<br> 5      A.   It looks like it's wearing the<br> 6  variable, I believe, that was called hip hop<br> 7  jacket. | No objection | |
| 109:23–110:8<br>23      Q.   And then this ape also has something<br>24  called the grin gold grill, right?<br>25      A.   Yes, I believe that's what it's | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ███████████████ | | |
| 110:11–110:18 ███████████ ███████████ ████████ ████████ █████████████ █████████████ ███████████ █████████████ ████████ ████████ | No objection | |
| 110:21–111:5 21 █████████████ ████████████ ███████████ █████████ ████████████ ████████ ████████ █████████ ████████ ██████████ ███████ ████████████ | No objection | |
| 111:8–111:9 █ ███████████ | | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ███████████ ███ | | |
| 111:11–111:12 ████████████ ██████████ ████████ ████████████ ███ | No objection | |
| 111:16–111:22 ██████████ ███████ ████████ █ █████ ██████████ ███████████ ████ ██████████ ████████ | No objection | |
| 111:24–111:25 ███ ████████ ██████ | No objection | |
| 112:2–112:3 ███████ █ █████ ████ ████ | No objection | |
| 112:7–112:8 ███ ████████ ██████████atic. | No objection | |
| 112:10–112:11 | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| ■■■■■■■■■■■ | | |
| 112:14–112:15 ■■■■■■■■ | No objection | |
| 112:17–112:18 ■■■■■■■■ | No objection | |
| 112:21–113:8 ■■■■■■■ | No objection | |
| 24          (Exhibit 277, OpenSea.io, re:  Bored 25 Apes Yacht #4968, Bates RippsCahen00000316-317, 1 marked for identification.) 2 BY MR. TOMPROS: 3       Q.  This is Exhibit 277.  Now, Mr. Aronow, 4 you have been handed what has been marked as 5 Exhibit 277, a two-page document with the control 6 numbers RippsCahen00000316 through 317.  Do you 7 have that in front of you? 8       A.  I believe so, yes. | | |
| 113:15–113:24 15       Q.  And what is to the lower | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| right of<br>16  that?<br>17       A.  It looks like a Bored Ape.<br>18       Q.  And what type of hat is that Bored Ape<br>19  wearing?<br>20       A.  We call it in the collection a<br>21  Prussian helmet.<br>22       Q.  And who came up with the idea of<br>23  including a Prussian helmet?<br>24       A.  It was either Greg and I. | | |
| 115:17–115:22<br>17       Q.  And what -- what financial incentive<br>18  does someone have to criticize the Bored Ape Yacht<br>19  Club on that basis?<br>20       A.  Oh, your client uses it as a marketing<br>21  technique, and they have made millions of dollars<br>22  off of that. | No objection | |
| 116:5–116:7<br>5       Q.  And your understanding is that he<br>6  has -- that he -- your belief is that he's created<br>7  the criticism in order to sell those NFTs?<br>8 MR. BALL: Objection. Vague.<br>9 Mischaracterizes testimony. | No objection | |
| 116:10–116:21<br>10          THE WITNESS:  That is vaguely my<br>11  belief, yes.<br>12 BY MR. TOMPROS:<br>13       Q.  Why do you say vaguely?<br>14       A.  I think that was his belief. | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| I don't<br>15  know everything.  But yeah, I assume that's what<br>16  he did.  It seems obvious that's what he did, to<br>17  me, anyway.<br>18       Q.  If, for example, you were to learn<br>19  that there was criticism of these issues prior to<br>20  Mr. Ripps's criticism, would that change your<br>21  view?<br>22 MR. BALL: Objection. | | |
| 116:23<br>23          THE WITNESS:  No. | No objection | |
| 126:25–127:4<br>25       Q.  All right.  So let me ask.  I just<br> 1  want to make sure.  You cannot identify any<br> 2  instance in which a purchaser of an RR/BAYC NFT<br> 3  bought it thinking that they were buying a Yuga<br> 4  Labs's product, can you?<br> 5 MR. BALL: Objection. Asked and<br> 6 answered. Vague. Calls for a legal conclusion.<br> 7 Calls for speculation.<br><br>127:8–127:9<br> 8          THE WITNESS:  I wasn't following sales<br> 9  of the project. | No objection | |
| 127:11–127:12<br>11       Q.  Right.  So you cannot identify such a<br>12  circumstance, correct?<br>13 MR. BALL: Objection. Asked and<br>14 answered. Vague. Calls for a legal | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| conclusion.<br>15 Calls for speculation.<br><br>127:16–127:17<br>16　　　THE WITNESS: I wasn't keeping close<br>17 tabs. | | |
| 128:11–128:13<br>11　　Q. Can you answer it yes or no?<br>12　　A. I don't know of anyone specifically.<br>13 I wasn't keeping close tabs. | No objection | |
| 130:1–130:2<br>1　　Q. Dose -- so Yuga Labs does not sell<br>2 BAYC NFTs today, correct?<br>3 MR. BALL: Objection. Vague. Calls<br>4 for a legal conclusion.<br><br>130:5–130:6<br>5　　　THE WITNESS: To the best of my<br>6 knowledge, no. | No objection | |
| 130:8–130:13<br>8　　Q. Through what markets are BAYC NFTs<br>9 sold today?<br>10　　A. A number of them. Primarily OpenSea,<br>11 but I think others have become very popular.<br>12　　Q. Are BAYC NFTs sold on Foundation?<br>13　　A. I have no –<br>14 MR. BALL: Objection. Vague. Calls<br>15 for speculation. | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 130:16<br>16       THE WITNESS:  I have no idea. | | |
| 134:9-13 *[Plaintiff's Counter-Designation]*<br>*9 Q. Do you understood what high end in the*<br>*10 marketing world means, generally?*<br>*11 A. Do you mean like a luxury good?*<br>*12 Q. Sure. How about that?*<br>*13 A. We sold them for $220.* | FRE 401. This testimony is no longer relevant now that Yuga has abandoned all legal remedies (including actual damages for alleged harm) | This testimony is relevant to the equitable remedies that Yuga Labs is entitled to, including the scope of an appropriate injunction to remedy Defendants' irreparable harm to Yuga Labs' goodwill, and Yuga Labs request for a finding that Defendants' infringement is an exceptional case given the extensive copying of Yuga Labs' marks, marketing and type of product. |
| 238:11–239:15 *[Plaintiff's Counter-Designation]*<br>*11       Q.   Has Yuga Labs engaged in, well, any*<br>*12 kind of promotion of the Bored Ape Yacht Club*<br>*13  brand?*<br>*14 MR. BALL: Objection. Vague.*<br><br>*15       THE WITNESS:  I think so, depending on*<br>*16  how you would, you know, define promotion.  I* | FRE 401. This testimony is no longer relevant now that Yuga has abandoned all legal remedies (including actual damages for alleged harm) | This testimony is relevant to the equitable remedies that Yuga Labs is entitled to, including the scope of an appropriate injunction to remedy Defendants' irreparable harm to Yuga Labs' goodwill. |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 17 mean, we've held events.  We sell merchandise.  We 18 do major collaborations with major brands.  Does 19 that qualify? 20 BY MR. TOMPROS: 21      Q.   That would -- sure, if -- if -- if 22 that's your understanding of promotion, that's 23 fine.  So -- so what -- 24       A.   In that sense we've done a lot. 25       Q.   What events has Yuga held in | | |
| 1 connection with the Bored Ape Yacht Club brand? 2       A.   We've held a bunch, but I think the 3 primary ones have been ApeFest 1 and 2, and then 4 we also did -- the third largest was probably 5 the -- our Basel event.  But we've, you know, 6 sponsored a few others, I think. 7       Q.   And what collaborations has Yuga done 8 with respect to the Bored Ape Yacht Club brand? 9       A.   I probably couldn't remember all of 10 them.  The major one was Adidas.  We also did one 11 with Bobby Hundreds, The Hundreds; awesome 12 collaborations, both of them.  Did a toy with | | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 13 Superplastic. Recently did a merch drop with The<br>14 Dudes, another amazing collaboration. I'm sure<br>15 we've done more. I can't remember them all. | | |
| 246:17–246:25 [Plaintiff's Counter-Designation] | No objection. | |
| 262:11–262:17 [Plaintiff's Counter-Designation] | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 262:19–263:12 *[Plaintiff's Counter-Designation]*<br>*18* ███████████████<br>███████████████████<br>██████████████ | | |
| 263:15–264:15 *[Plaintiff's Counter-Designation]*<br>*15  BY MR. TOMPROS:*<br>*16 Q. The token ID in Exhibit 299, what is*<br>*17 it?*<br>*18 A. It says "Token ID 193."*<br>*19 Q. And that is different from the token*<br>*20 ID 3721 in Exhibit 298, right?*<br>*21 A. It is different than what it says*<br>*22 token ID is on the other piece of paper that you*<br>*23 handed me, yes.*<br>*24 Q. If you go to the second page of*<br>*25 Exhibit 299, at the top left under the -- sort of*<br>*1 the jewel logo, there is the logo that Mr. Ripps*<br>*2 made based on the -- the -- the based-on logo. Do*<br>*3 you see that?*<br>*4 A. See, it's funny; I was looking at this*<br>*5 before, and I didn't notice the difference between*<br>*6 these two. I honestly thought that probably could*<br>*7 have been the same. I did not know the*<br>*8 difference. But yeah, I see it.*<br>*9 Q. Okay.* | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 10 A. At first glance at that logo, I 11 thought it was our logo, honestly. It looks a lot 12 like it, doesn't it? Almost identical. 13 Q. It has different text, correct? 14 A. I could barely make it out at that 15 size. It looked like the exact same logo. | | |
| 265:4–265:17 [Plaintiff's Counter-Designation] 4         THE WITNESS:  I have seen the rip-off. 5 BY MR. TOMPROS: 6      Q.   And what do you mean by "the rip-off"? 7      A.   I have seen the usage of our 8  trademarks in his logo.  I have seen that, yes. 9      Q.   And his -- his logo has different 10  words, right? 11 MR. BALL: Objection. Lacks 12 foundation. Vague 13         THE WITNESS:  Yes, it has different 14  words.  Again, at this size, I honestly thought 15  this was our logo.  And if I can be confused, and 16  I'm the one who helped make it, I'm pretty sure 17  consumers can be confused. | No objection | |
| 265:19–265:22 19      Q.   You're aware of the -- the substance 20  of what you call Mr. Ripps's conspiracy theory, | No objection | |

| Defendants' Designation of Wylie Aronow | Objections & Grounds[1] | Response to Objections |
|---|---|---|
| 21 right? The allegations -- the substance of the<br>22 allegations that he makes?<br>23 MR. BALL: Objection. Vague.<br><br>265:24–266:2<br>24        THE WITNESS: I'm aware of a lot of the<br>25 bullshit allegations he's made of me and my<br><br> 1 friends and family, yes, and my employees, yes. | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: August 11, 2023       WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Louis W. Tompros*
    Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
    **WILMER CUTLER PICKERING HALE AND DORR LLP**
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Fax: (617) 526-5000

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated: August 11, 2023       FENWICK & WEST LLP

By: */s/ Eric Ball*
    Eric Ball
Attorneys for Plaintiff
YUGA LABS, INC.

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

    */s/ Louis Tompros*
    Louis W. Tompros (*pro hac vice*)
    louis.tompros@wilmerhale.com
    **WILMER CUTLER PICKERING HALE AND DORR LLP**
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Fax: (617) 526-5000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on August 11, 2023.

By: /s/  *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000