**Defendants' Disputed Post Trial Finding of Fact No. 12:**

<u>Mr. Ripps's artistic contributions have been recognized by mainstream media. *New York Times* has called Mr. Ripps one of the most influential digital artists of the past decade and recognized his work on the RR/BAYC project. Ripps Decl. ¶ 21 (uncontested).</u>

**Plaintiff's Basis for Dispute:**

The New York Times article (JTX-2333) does not call Mr. Ripps "one of the most influential digital artists of the past decade." There is no documentary evidence of The New York Times so labeling Mr. Ripps. This again highlights the unreliability of Mr. Ripps' testimony. Instead, the New York Times article notes that members of design world "dismiss him out of hand. To them, Mr. Ripps' Bored Ape project looks like a bid to thrust himself back into the zeitgeist." The article also contains critiques of his prior purported artistic attempts ("Ho" and "Art Whore" in particular) as "unthinking, unethical and dull." It also notes that Ripps has falsely claimed credit for himself in other scandals, for instance when he "created a website that falsely claimed to be the first public project of" Kanye West's creative agency.

Moreover, even if Mr. Ripps' "artistic contributions" have been recognized, such recognition is immaterial, as this Court already determined, because he did not have a right to infringe Yuga Labs' trademarks. *See* SJ Order at 16.

**Defendants' Response:**

The *New York Times* has recognized Mr. Ripps as one of the most influential digital artists of the past decade:

> And it has forced ***one of the defining internet artists of the 2010's*** into conflict with a culture he helped shape, one in which the boundaries among trolling, art and commerce are irrelevant.

JTX-2332 at 6 (emphasis added); JTX-2333 at 2 (overlayed by image).[2]  Moreover, Mr. Ripps's declaration references this quote and explains that the *New York Times* has recognized him as one of the most influential digital artists of the past decade. Yuga elected to not cross-examine Mr. Ripps and thus failed to rebut this testimony.  As the Supreme Court has explained, "[c]ross-examination is the principal means by which the believability of a witness and truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974).  This is because purpose of cross-examination is "the direct and personal putting of questions and obtaining immediate answers."  *Id.*; *Murdoch v. Castro*, 365 F.3d 699, 702 (9th Cir. 2004) ("One longstanding purpose of cross examination is to expose to the fact-finder relevant and discrediting information[.]").  Yuga's decision to not cross-examine Mr. Ripps regarding any portion of his declaration means that "principle means" of testing Mr. Ripps credibility weighs decisively in favor of accepting Mr. Ripps's declaration.

**Plaintiff's Reply:**

Defendants' response is unavailing for the same reasons discussed *supra* ¶ 11.  In particular, Defendants' response admits that Mr. Ripps' declaration falsely identifies a quote from *The New York Times*.  Ripps Decl. ¶ 21 (citing JTX-2333). *The New York Times* article (JTX-2333) does not call Mr. Ripps "one of the most influential digital artists of the past decade."  There is no documentary evidence of the New York Times so labeling Mr. Ripps.  This again highlights the unreliability of Mr. Ripps' testimony and his loose connection to the truth.  Mr. Ripps, caught in a lie, again shifts his story.

---

[2] JTX-2333 is in the trial record, but due to formatting issues associated with the *New York Times* website, the PDF has an image covering the text.  JTX-2332 is the same article with modified formatting so that the image from the article does not cover the text.  Moreover, the *New York Times* quote is also publicly accessible at https://www.nytimes.com/2023/03/30/style/ryder-ripps-bored-apes-kanye.html.

Defendants' attempt to proffer in their response *other* statements allegedly from *The New York Times* are similarly unavailing as they are merely hearsay and are not part of the record.  *See* JTX-2333 (proffered statement omitted); JTX-2332 (not admitted into evidence or on parties' final joint trial exhibit list (Dkt. 376)).

Regardless, whether or not Mr. Ripps' "artistic contributions" have been recognized is immaterial and irrelevant.  As the Court has already held in granting Yuga Labs' motion for summary judgment, Defendants' actions "are all commercial activities designed to sell infringing products, not expressive artistic speech protected by the First Amendment."  SJ Order (Dkt. 225) at 16.  Thus, Defendants' conduct was not art and was in no way an excuse for their infringement.