**Defendants' Disputed Post Trial Finding of Fact No. 15:**

<u>The RR/BAYC NFTs included digital pointers to Bored Ape images, which "are public" and "available for anyone to navigate to on the Internet." Trial Tr. [Hickman] 222:15-16</u>.

**Plaintiff's Basis for Dispute:**

Yuga Labs' Bored Ape Yacht Club images are not available for "public" ownership.  While anyone may *view* a Bored Ape Yacht Club NFT and the associated image, Yuga Labs goes to great lengths to combat the unauthorized use of its marks and images.  *See* Trial Tr. at 82:1-2 (Ms. Muniz testifying that Yuga Labs has "a pretty robust process for takedowns.  And we spend, at least in my tenure as CEO, a million dollars a year doing it.").  Further, this contention is immaterial because this is a case for trademark, not copyright, infringement.  And even so, the Court has already held that Defendants' direct appropriation of Yuga Labs' images favored a finding that there was a likelihood of confusion.  SJ Order (Dkt. 225) at 11 ("Indeed, Defendants are selling the exact same product – NFTs that point to Yuga's BAYC images – and Defendants marketed their RR/BAYC NFTs using the same corresponding Ape ID number used by Yuga for the BAYC NFTs.  Accordingly, the second *Sleekcraft* factor weighs in favor of Yuga.").  Thus, regardless of whether the Bored Ape Yacht Club images are viewable by the public, it is impermissible to sell infringing NFTs using Yuga Labs' marks and creating a likelihood of confusion.  This contention should be rejected as misleading and immaterial.

**Defendants' Response:**

The fact that Bored Ape images are public is material to this case because it bears on Defendants' intent and why they believed it was acceptable to point to those public Bored Ape images.  There is no evidence in the trial record indicating that the Bored Ape images not public, and Yuga's citation to testimony from Ms. Muniz regarding alleged trademark takedowns does not support a showing that the

publicly available Bored Ape digital *images* are somehow the property of Yuga.  In fact, Ms. Muniz has affirmatively and publicly stated that Yuga has no IP rights in BAYC NFTs or the Bored Ape images. Trial Tr. [Muniz] 72:3–73:17; Cahen Decl. ¶ 189 (Dkt. 344); Hickman Decl. ¶¶ 25-26 (Dkt. 345); JTX 2672; JTX 2673.

Moreover, the testimony of Mr. Hickman explained that the Bored Ape images *are public* and that is precisely why many NFT collections (including BAYC and RR/BAYC NFTs) all point to those public Bored Ape images:

> THE COURT: When you are selling defendants' NFTs, you are selling Yuga's images.
>
> THE WITNESS: No.  We are selling the record.
>
> THE COURT: Okay.  But the record points to and displays those images.
>
> THE WITNESS: *So the images are public.  They are available for anybody to navigate to on the internet.*
>
> THE COURT: Right.
>
> THE WITNESS: *We are selling a receipt that says I committed to this protest that points to the same public [images] that a lot of different collections point to including Yuga labs pointing to the same resource.*

Trial Tr. [Hickman] 222:10-21 (emphasis added).  Nothing in the trial record rebuts this testimony.

**Plaintiff's Reply:**

Defendants' response, suggesting that the Bored Ape Yacht Club images are publicly owned because they are viewable by the public, is wrong.  They cite no law supporting their claim that everything on the Internet is publicly owned.  There is no basis for their claim that anyone can copy and infringe whatever they see.

As discussed *supra* ¶ 9, Defendants' responses lack merit. Specifically: (1) Yuga Labs did not license Defendants' infringement, and Mr. Hickman did not have (or convey to Defendants) the right to infringe Yuga Labs' BAYC Marks.

Additionally, the Court should reject Defendants' responses because (1) the evidence presented at trial proves that the Bored Ape Yacht Club images were licensed to their owners, not owned by the larger public.

**The Bored Ape Yacht Club Images Were Licensed To Their Owners, Not Owned By The Larger Public:** The BAYC Terms give *BAYC NFT holders* a copyright *license* to use their respective Bored Ape image for personal or commercial use, not the marks within the image. *See* Trial Tr. at 70:1-4, 70:18-23; Solano Decl. ¶ 25. Yuga Labs explains this not just in the Terms, but in FAQs, and in Discord. Trial Tr. at 70:18-23. Ms. Muniz confirmed this at trial when she testified that "We told our *members* that they have a *license* for the copyright to the imagery." *Id.* (emphases added).

Even Defendants and Mr. Hickman understood that the Bored Ape Yacht Club images were licensed to its owners, not to the public. Hickman Decl. (Dkt. 345) ¶ 23 ("I purchased a Bored Ape Yacht Club NFT partially due to the terms and conditions that Yuga provided, which stated that '*[w]hen you purchase an NFT*, you own the underlying Bored Ape, the Art, completely' and includes 'an unlimited, worldwide *license* to use, copy, and display the purchased Art for the purpose of creating derivative works based upon the Art ('Commercial Use')") (emphases added).