**Defendants' Disputed Post Trial Finding of Fact No. 25:**

There were hundreds of NFT collections unaffiliated with Yuga that use the Bored Ape Yacht Club Brand on the NFT marketplace OpenSea. Trial Tr. [Muniz] 77:19-23; [Muniz] 78:7-21; [Muniz] 80:3-13. Ms. Muniz admitted that Mr. Ripps, Mr. Cahen, and Mr. Hickman would have probably seen these collections using the Bored Ape Yacht Club trademarks at the time they created the RR/BAYC project. Trial Tr. [Muniz] 77:19-23.

**Plaintiff's Basis for Dispute:**

Defendants have no legal basis for claiming their infringement was in good faith because they saw others purportedly infringing. This juvenile justification is preposterous—whether or not others are doing it, theft is still theft. This is especially true because Defendants were warned of their infringement (including by their attorney and co-conspirators) and the confusion that resulted from their infringement. Despite these warnings, they continued to infringe on the BAYC Marks. *See supra* ¶ 24 (collecting citations).

Defendants' references to unknown, and alleged, third-party infringers in an attempt to excuse their intentional infringement of Yuga Labs' trademarks is unavailing, immaterial, and irrelevant. *See id.* (collecting cases). And even if third party infringement were material or relevant, Yuga Labs' unrefuted evidence shows that it took significant steps to protect the BAYC brand. *See id.* (citing testimony regarding Yuga Labs' takedown process). Finally, unrefuted evidence shows that none of these collections, such as the Bored Ape Solana Club, caused as much confusion, or harm, in the marketplace as Defendants' sale of RR/BAYC NFTs. *See id.* (citing testimony demonstrating the egregiousness of Defendants' infringement in comparison to prior instances of infringement). Ms. Muniz testified that people try to trade on the goodwill of popular brands to make some quick money (Trial Tr. at 96: 13-15)—Defendants' infringement of the BAYC Marks is no different.

**Defendants' Response:**

Yuga does not meaningfully dispute the proposed finding of fact (but rather elects to engage in alliterative name-calling). Yuga fails to present any evidence which refutes Ms. Muniz's testimony regarding the existence of hundreds of NFT collections unaffiliated with Yuga that use the Bored Ape Yacht Club Brand on the NFT marketplace OpenSea. Trial Tr. [Muniz] 77:19-23; [Muniz] 78:7-21; [Muniz] 80:3-13. Additionally, Yuga does not refute that Ms. Muniz admitted that Mr. Ripps, Mr. Cahen, and Mr. Hickman would have probably seen these collections using the Bored Ape Yacht Club trademarks at the time they created the RR/BAYC project. Trial Tr. [Muniz] 77:19-23.

**Plaintiff's Reply:**

Defendants' response regurgitates the same citations from their disputed finding of fact without offering any new argument for why they are material or relevant to this case. Yuga Labs "meaningfully dispute[s] the proposed finding of fact" by showing that Defendants have no legal basis for claiming their infringement was in good faith. *See supra* ¶ 25 (Plaintiff's Basis for Dispute). As Yuga Labs has shown: (1) the Court has already found Defendants are intentional infringers and rejected their arguments about third party use of marks as "meritless;" (2) Ninth Circuit caselaw is clear that third party uses of marks are irrelevant in lawsuits against a particular infringer; (3) Yuga Labs took significant steps to stop infringement from the likes of Defendants and other scammers; and (4) none of the third party uses of marks caused as much harm as Defendants, nor is there evidence in the record that they caused any harm at all. *See supra* ¶ 9.

Moreover, Defendants cite to no documentary or testimonial evidence that third party uses of the BAYC Marks informed their decision to create the RR/BAYC NFTs or even that they saw these uses before creating and marketing their infringing NFT collection. Defendants' citation to Ms. Muniz' testimony, a third party who would not know if Defendants' had seen these uses, is immaterial.

Defendants' attempt to avoid culpability by pointing the finger at others should be rejected.