**Defendants' Disputed Post Trial Finding of Fact No. 26:**

<u>There are "literally thousands" of products that use Yuga trademarks without sponsorship or affiliation with Yuga. Trial Tr. [Muniz] 81:18-22. For example, there are published notebooks with ISBN numbers, commemorative coins, alcohol products, skateboards, cereal brands, restaurants, and CBD/marijuana products that are unaffiliated with Yuga that use Yuga's trademarks. *See, e.g.*, JTX-2398; JTX-2134; JTX-2410; JTX-2075.</u>

**Plaintiff's Basis for Dispute:**

Defendants have no legal basis for claiming their infringement was in good faith because they saw others purportedly infringing. This juvenile justification is preposterous—whether or not others are doing it, theft is still theft. This is especially true because Defendants were warned of their infringement (including by their attorney and co-conspirators) and the confusion that resulted from their infringement. Despite these warnings, they continued to infringe on the BAYC Marks. *See supra* ¶ 24 (collecting citations).

Defendants' references to unknown, and alleged, third-party infringers in an attempt to excuse their intentional infringement of Yuga Labs' trademarks is unavailing, immaterial, and irrelevant. *See id.* (collecting cases). And even if third party infringement were material or relevant, Yuga Labs' unrefuted evidence shows that it took significant steps to protect the BAYC brand. *See id.* (citing testimony regarding Yuga Labs' takedown process). Finally, unrefuted evidence shows that none of these products caused as much confusion, or harm, in the marketplace as Defendants' sale of RR/BAYC NFTs. *See id.* (citing testimony demonstrating the egregiousness of Defendants' infringement in comparison to prior instances of infringement). Ms. Muniz testified that people try to trade on the goodwill of popular brands to make some quick money (Trial Tr. at 96: 13-15)—Defendants' infringement of the BAYC Marks is no different.

**Defendants' Response:**

Yuga does not meaningfully dispute the proposed finding of fact (but rather repeats its name-calling). Yuga fails to present any evidence which refutes Ms. Muniz's testimony regarding the existence of "literally thousands" of products that use Yuga trademarks without sponsorship or affiliation with Yuga. Trial Tr. [Muniz] 81:18-22.

**Plaintiff's Reply:**

Defendants' response regurgitates the same citations from their disputed finding of fact without offering any new argument for why they are material or relevant to this case. Yuga Labs "meaningfully dispute[s] the proposed finding of fact" by showing that Defendants have no legal basis for claiming their infringement was in good faith. *See supra* ¶ 26 (Plaintiff's Basis for Dispute). As Yuga Labs has shown: (1) the Court has already found Defendants are intentional infringers and rejected their arguments about third party use of marks as "meritless;" (2) Ninth Circuit caselaw is clear that third party uses of marks are irrelevant in lawsuits against a particular infringer; (3) Yuga Labs took significant steps to stop infringement from the likes of Defendants and other scammers; and (4) none of the third party uses of marks caused as much harm as Defendants, nor is there evidence in the record that they caused any harm. *See supra* ¶ 9.

Moreover, Defendants cite nothing to support the fact that these cited exhibits are material to their third-party use defense—e.g., the sales volumes for these products; whether or the extent that these products are in use in the United States; and how much (if anything) these products have earned in sales. *See supra* ¶ 24. Moreover, Defendants cite no evidence that these products were not sponsored or authorized by Yuga Labs. Indeed, at least some examples Defendants have put forth in support of their third party use argument actually *were* authorized by Yuga Labs. For example, Mr. Hickman's collage of images (JTX-2075)

allegedly showing "commercial products unrelated to Yuga" contains several examples of products authorized by Yuga Labs.

Finally, Defendants do not cite to any evidence that these third party products informed their decision to create RR/BAYC NFTs, or even that they saw these products before creating and marketing their infringing NFT collection. Defendants' attempt to avoid culpability by pointing the finger at others should be rejected.