**Defendants' Disputed Post Trial Finding of Fact No. 58:**

<u>Yuga's President, Mr. Solano, relied on the declaration despite not having read the entirety of Mr. Lehman's deposition. Trial Tr. [Solano] 38:4-10.</u>

**Plaintiff's Basis for Dispute:**

This contention is immaterial because Mr. Solano reviewed the relevant portions of Mr. Lehman's deposition and, in any event, Mr. Lehman's declaration is reliable. Mr. Solano testified that he had reviewed some portions of Mr. Lehman's deposition. Trial Tr. at 38:9-10 ("I have read parts of it, but I have not read his entire deposition, no"). It is unremarkable that a witness would not have reviewed the entire transcript of a deposition that lasted an entire day. And Mr. Lehman testified in his deposition that his declaration is truthful and reliable. Lehman Depo. Designations (Dkt. 404-2) at 124:5-9. Therefore, Mr. Solano relied upon a reliable document to support his testimony and it is thus immaterial whether he reviewed the entire deposition. And even if Mr. Solano reviewed the entire deposition, he would have come to the same conclusion—that Mr. Lehman's declaration is accurate and supports a finding that consumers were confused by Defendants' infringement. *Id.*; *see also* Dkt. 209-1 at 5-9 (explaining why documents produced by Mr. Lehman and his deposition testimony confirm the truthfulness of his declaration). Mr. Lehman's declaration was also corroborated in the consent judgment entered against him in the Northern District of New York. *See* JTX-621. Defendants' contention does not contradict the Court's prior finding that Defendants' infringement created a likelihood of confusion, nor does it militate against granting Yuga Labs the injunction to which it is entitled or Defendants' profits. SJ Order (Dkt. 225) at 13 ("Therefore, the Court easily concludes that Defendants' use of Yuga's BAYC Marks was likely to cause confusion."). Defendants' contention should be disregarded as immaterial and irrelevant.

**Defendants' Response:**

Yuga fails to present any evidence which disputes this finding of fact. Instead, Yuga argues that this finding of fact is immaterial. Given Yuga's position, it would be more accurate for Yuga to mark this finding of fact yellow (undisputed, but irrelevant), rather than red (disputed).

Mr. Solano cites Mr. Lehman's declaration in his declaration. Dkt. 342 at ¶ 50; ¶ 71. Additionally, Mr. Solano admitted that he did not read the entirety of Mr. Lehman's deposition:

> Q.   Did you read Mr. Lehman's deposition?
>
> A.   No.
>
> Q.   Mr. Lehman's deposition has -- you didn't take a look at Mr. Lehman's deposition before you relied on his declaration?
>
> A.   I have read parts of it, but I have not read his entire deposition, no.

Trial Tr. [Solano] 38:4-10.

**Plaintiff's Reply:**

In addition to this contention being irrelevant and immaterial, Yuga Labs properly disputes this proposed finding of fact. Defendants' response fails to address the truthfulness and reliability of Mr. Lehman's declaration.

**Mr. Lehman's Declaration Is Truthful and Reliable:** Defendants' attempts to discredit Mr. Solano's reliance on Mr. Lehman's declaration by arguing that Mr. Solano did so without reading his entire deposition are without merit.

Mr. Lehman repeatedly testified to the accuracy of his declaration, regardless of how he may have felt about the process of being sued for his role in Defendants' scam. Lehman Depo. Designations (Dkt. 404-2) at 124:5-9. The veracity of Mr.

Lehman's declaration was also corroborated by the consent judgment entered against him in the Northern District of New York. JTX-621.

More specifically, Mr. Lehman testified that he spent several days drafting the declaration prior to signing it—with the advice of his counsel. Lehman Depo. Designations (Dkt. 404-2) at 240:3-9. Mr. Lehman testified that he toiled to make sure that everything included in his declaration was truthful and adequately supported by documentary evidence. Lehman Depo. Designations (Dkt. 404-2) at 241:21-24. And regardless of whether Mr. Lehman negotiated his declaration with Yuga Labs, Mr. Lehman testified in his deposition that his declaration is truthful and reliable. Lehman Depo. Designations (Dkt. 404-2) at 124:5-9; *see also* Dkt. 209-1 at 5-9 (explaining why documents produced by Mr. Lehman and his deposition testimony confirm the truthfulness of his declaration).

Mr. Lehman's declaration stands on its own, and Mr. Solano had reviewed the declaration based upon his testimony about its contents in his own trial declaration. *See, e.g.*, Solano Decl. (Dkt. 342) at ¶ 71.