**Defendants' Disputed Post Trial Finding of Fact No. 59:**

<u>Mr. Solano relied on the declaration without having considered that Mr. Lehman signed the declaration because he was intimidated by Yuga's lawsuit against him. Trial Tr. [Solano] 38:1-13</u>

**Plaintiff's Basis for Dispute:**

This contention is immaterial because Mr. Solano reviewed the relevant portions of Mr. Lehman's deposition and, in any event, Mr. Lehman's declaration is reliable. Mr. Solano testified that he had reviewed some portions of Mr. Lehman's deposition. Trial Tr. at 38:9-10 ("I have read parts of it, but I have not read his entire deposition, no"). It is unremarkable that a witness would not have reviewed the entire transcript of a deposition that lasted an entire day. And regardless of whether he felt "intimidated" by the meritorious lawsuit against him, Mr. Lehman testified in his deposition that his declaration is truthful and reliable. Lehman Depo. Designations (Dkt. 404-2) at 124:5-9. Therefore, Mr. Solano relied upon a reliable document to support his testimony and it is thus immaterial whether he reviewed the entire deposition. And even if Mr. Solano reviewed the entire deposition, he would have come to the same conclusion—that Mr. Lehman's declaration is accurate and supports a finding that consumers were confused by Defendants' infringement. *Id.*; *see also* Dkt. 209-1 at 5-9 (explaining why documents produced by Mr. Lehman and his deposition testimony confirm the truthfulness of his declaration). Mr. Lehman's declaration was also corroborated in the consent judgment entered against him in the Northern District of New York. *See* JTX-621. Defendants' contention does not contradict the Court's prior finding that Defendants' infringement created a likelihood of confusion, nor does it militate against granting Yuga Labs the injunction to which it is entitled or Defendants' profits. SJ Order (Dkt. 225) at 13 ("Therefore, the Court easily concludes that Defendants' use of Yuga's BAYC Marks was likely to cause confusion."). Defendants' contention should be disregarded as immaterial and irrelevant.

**Defendants' Response:**

Yuga fails to present any evidence which disputes this finding of fact. Instead, Yuga argues that this finding of fact is immaterial. Given Yuga's position, it would be more accurate for Yuga to mark this finding of fact yellow (undisputed, but irrelevant), rather than red (disputed).

Mr. Lehman's declaration is not reliable. During his deposition, Mr. Lehman testified that he felt intimidated by the Yuga's lawsuit against him and that he was concerned for his family. Lehman Depo. Designations (Dkt. 404-2) at 108:14–109:20; 117:3–117:15. He explained that he settled with Yuga in order to "avoid what [he] perceived to be the massive time and money suck of defending a case that even if [he] won would still be disastrous for [his] family." Lehman Depo. Designations (Dkt. 404-2) at 97:15–98:8. Mr. Lehman also testified that, at the time he signed the declaration, he felt it was something that he "had to do to get a settlement of the claim against [him]." Lehman Depo. Designations (Dkt. 404-2) at 96:3–96:20. Additionally, Yuga drafted the first version of Mr. Lehman's declaration. Lehman Depo. Designations (Dkt. 404-2) at 126:11–126:15; 246:13–247:25. Mr. Lehman acquiesced to much of Yuga's draft declaration under stressful and coercive circumstances.

Despite the unreliability of the declaration, and the coercive circumstances under which it was reviewed, Mr. Solano relied on Mr. Lehman's declaration for multiple assertions in his declaration. Dkt. 342 at ¶ 50; ¶ 71. And as Mr. Solano admitted at trial, he did not consider that Mr. Lehman signed the declaration because he was intimidated by Yuga's lawsuit. Trial Tr. [Solano] 38:1-13. Therefore, the Court should not find Mr. Solano's testimony to be credible.

**Plaintiff's Reply:**

In addition to this contention being irrelevant and immaterial, Yuga Labs properly disputes this proposed finding of fact. Defendants' response fails to address the truthfulness and reliability of Mr. Lehman's declaration.

1  As with Defendants' previous response (*supra* ¶ 58), Mr. Lehman's declaration is truthful and reliable, and Mr. Solano justifiably relied on its accurate statements. Defendants fail to discredit their own business partner.