**Defendants' Disputed Post Trial Finding of Fact No. 64:**

<u>Mr. Solano was also forced to concede on cross examination that his sworn declaration included a false statement claiming that "Defendants continue to receive royalties or creator fees from sales on secondary marketplaces." Trial Tr. [Solano] 48:15-49:4. Mr. Ripps and Mr. Cahen do not continue to receive royalties or creator fees from sales on secondary marketplaces. *Id.*</u>

**Plaintiff's Basis for Dispute:**

This contention is both misleading and immaterial. Mr. Solano testified truthfully based on Defendants' own testimony. At the time that Mr. Solano drafted his declaration, both Defendants had testified under oath that they were collecting royalties from sales on the LooksRare secondary sales platform. Ripps Depo. Designations (Dkt. 396) at 89:19-21; Cahen Depo. Designations (Dkt. 395) at 209:2-3. And Mr. Cahen testified in his declaration that Defendants received royalties on LooksRare until at least May of 2023. Cahen Decl. (Dkt. 344) ¶¶ 169-171. But now, their tale has changed. Mr. Cahen's declaration, filed on the same day as Mr. Solano's, was the first time Defendants testified that they had ceased collecting royalties off the sale of their infringing NFTs. Thus Mr. Solano's declaration accurately represented Defendants' sworn testimony at the time he drafted his declaration. Given Defendants' testimony, it was reasonable for Mr. Solano to believe that Defendants were still collecting royalties at the time Mr. Solano drafted his declaration. This contention is also immaterial, by Mr. Cahen's own admission Defendants received nearly $80,000 in royalties from sales on LooksRare alone. *Id.* at ¶ 172. This contention neither impacts Mr. Solano's credibility, nor does it militate against a disgorgement of Defendants' profits or an injunction in Yuga Labs' favor.

Further, Defendants misrepresent Mr. Solano's testimony. In his declaration, Mr. Solano testified that Defendants' "profits . . . increase as [they] gain royalties and creator fees from sales on secondary marketplaces." Solano Decl. (Dkt. 342) at

¶ 86.  This forward-looking statement properly highlights the fact that as long as Defendants maintain control of the smart contract the risk remains that they will resume collecting royalties on some new marketplace on which the RR/BAYC NFTs are not currently listed.  And Ms. Kindler testified that she calculated Defendants' profits up until February 1, 2023, so even if Defendants are not currently collecting royalties, it is beyond dispute that they did continue to profit from royalties from at least February to May.  Kindler Decl. (Dkt. 338) at ¶ 23.  Despite Defendants' attempt to spin Mr. Solano's testimony, it accurately reflects the fact that Defendants have collected royalties throughout much of this litigation and may collect them again unless they are ordered to relinquish control the smart contract to Yuga Labs.

**Defendants' Response:**

Yuga fails to present any evidence which disputes this finding of fact.  Instead, Yuga argues that this finding of fact is immaterial.  Given Yuga's position, it would be more accurate for Yuga to mark this finding of fact yellow (undisputed, but irrelevant), rather than red (disputed).

Mr. Solano testified, in his declaration, that "[t]heir profits continue to increase as Defendants gain royalties and creator fees from sales on secondary marketplaces."  Dkt. 342 at ¶ 86.  Later, at trial, Mr. Solano admitted that this was false.  Trial Tr. [Solano] 48:15-49:4.  This was not a forward looking statement, or conjecture about what might happen in the future.  Mr. Solano made a false statement regarding continued profits, past through the present, and subsequently admitted that his statement was "incorrect."  Trial Tr. [Solano] 49:2-4.

It was Mr. Solano's responsibility to verify the accuracy of his declaration testimony.  Yuga attempts to justify Mr. Solano's inaccurate declaration testimony by pointing to his reliance on Defendants' earlier deposition testimony, but this ignores that Mr. Cahen's deposition was taken on January 11, 2023, and Mr. Ripps's deposition was taken on January 12, 2023.  Nothing prevented Mr. Solano

from confining his testimony to the time period reflected in Defendants' depositions. Instead, Mr. Solano chose to speculate regarding several intervening months in 2023.

It was not reasonable for Mr. Solano to speculate regarding whether Defendants continue to receive royalties and profits as of July 13, 2023. Dkt. 342 at 34. It was dishonest. Especially given the fact that alleged profits are some of the more consequential, disputed facts in this case. As such, the Court should not find Mr. Solano's testimony to be credible.

**Plaintiff's Reply:**

In addition to this contention being irrelevant and immaterial, Yuga Labs properly disputes this proposed finding of fact. Mr. Solano's trial declaration provided truthful statements as known to him at that time and based on information provided by Defendants. Defendants' contention fails to rebut Mr. Solano's credibility.

Mr. Solano's testimony that Defendants collected royalties off secondary sales was supported by Defendants' own testimony, Ms. Kindler's testimony, and the possibility of further royalties on LooksRare or other new marketplaces if Defendants continued to control the RR/BAYC smart contract, and even Defense counsel's representations. Ripps Depo. Designations (Dkt. 396) at 89:19-21; Cahen Depo. Designations (Dkt. 395) at 209:2-3; Kindler Decl. (Dkt. 338) at ¶ 23; *see also supra* ¶ 3.

Apparently, Defendants' argument is that Mr. Solano's testimony is correct that Defendants continued to profit from their royalties after February until at least May. *See* Cahen Decl. (Dkt. 344) ¶¶ 169-171. And that Mr. Solano's testimony is correct that Defendants can continue to profit from royalties in the future if they hold the RR/BAYC smart contract. But somehow Mr. Solano's testimony should be discredited because Defendants claim they were not profiting off royalties in June or July of 2023. Even if Defendants' claim is true, that they are not at this

very moment collecting royalties, it is immaterial.  Defendants' own admissions highlight their actual and ongoing potential to profit from royalties.  *Id.* at ¶ 172.