**Defendants' Disputed Post Trial Finding of Fact No. 72:**

<u>Ms. O'Laughlin could have asked potential survey participants if they are past or potential purchasers of an NFT, but instead chose a qualification criteria that was overbroad, and thus improperly changed the survey results.</u> Trial Tr. [O'Laughlin] 151:14-19 ("Q. You could have just asked, are you a past or potential purchaser of an NFT and left it at that; right? A. I could have yes.").

**Plaintiff's Basis for Dispute:**

Ms. O'Laughlin's survey qualification criteria was not overbroad. *Supra* ¶ 70. Defendants have offered no evidence, expert testimony, or rebuttal survey to support their bare assertion that it was overbroad or "improperly changed the survey results." Ms. O'Laughlin's survey remains unrebutted.

**Defendants' Response:**

It is undisputed that Ms. O'Laughlin broadened the survey qualification flow *after* her team was able to access pre-test results. Trial Tr. [O'Laughlin] 145:21-146:20; 150:15-22. It is elementary that asking different groups of people survey questions will result in different results. The question, "What is your favorite television show?" will reveal different answers when asked at a Brooklyn bar, an elementary school playground, or a big law firm. Changing the qualification criteria obviously changed the results. Lastly, Ms. O'Laughlin's survey was rebutted through cross-examination which demonstrates that it should be provided no weight.

**Plaintiff's Reply:**

Similar to how Defendants have no evidence that Ms. O'Laughlin's survey population was overbroad (because it was not), Defendants have no support for their proposition that Ms. O'Laughlin should not have made changes following the pretest. On the other hand, the evidence in the record confirms the appropriateness of the pretest and Ms. O'Laughlin's adjustments in response to the pretest. *See e.g.* Trial Tr. 166:24-167:17.