**Defendants' Disputed Post Trial Finding of Fact No. 75:**

<u>The most reasonable interpretation of the results of Ms. O'Laughlin's methodologically flawed survey evidence is that participants wrote down the words they were shown in the survey prompts. Trial Tr. [O'Laughlin] 157:9-14; [O'Laughlin] 157:25-158:7.</u>

**Plaintiff's Basis for Dispute:**

This argument about Defendants' "most reasonable interpretation" is pure speculation, which Defendants could have tested through a rebuttal survey but chose not to. This methodology is not flawed for the reasons discussed *supra* ¶ 74. Ms. O'Laughlin's survey remains unrebutted.

**Defendants' Response:**

Plaintiffs bear the "ultimate burden of proof in a trademark infringement action." *Yellow Cab Co. of Sac v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). As such, Defendants do not need to present anything including commissioning a rebuttal survey to show that Yuga's survey was methodologically flawed. Instead, Defendants may choose to demonstrate the manifest flaws in Ms. O'Laughlin's survey through other means such as through cross-examination. Ms. O'Laughlin herself could not identify another interpretation for her survey participants' actions in copying the survey stimuli. Trial Tr. [O'Laughlin] 157:25-158:7. Further, it is undisputed that the "Chill Gorilla Boat Club" does not exist outside of the survey. The only other explanation is that spontaneously 27% of the control group named the collection they were shown "Chill Gorilla Boat Crew" but that is manifestly unreasonable.

**Plaintiff's Reply:**

As discussed *supra* ¶ 74, Defendants have no evidence that Ms. O'Laughlin's methodology was flawed. To the contrary, the evidence confirms the appropriateness of Ms. O'Laughlin's methodology.