**Defendants' Disputed Post Trial Finding of Fact No. 77:**

<u>Ms. O'Laughlin also did not consider whether Defendants actually made any sales on OpenSea. Trial Tr. [O'Laughlin] 165:1-4.</u>

**Plaintiff's Basis for Dispute:**

It was irrelevant to Ms. O'Laughlin's analysis whether either Defendant personally sold their infringing NFTs on OpenSea. The purpose of the survey was to determine "the likelihood of confusion, if any, due to Ripps' and Cahen's use of the BAYC Marks in connection with the at-issue RR/BAYC NFT collection" on the OpenSea marketplace. O'Laughlin Decl. (Dkt. 341) ¶ 70. This includes initial interest confusion and post-sale confusion through OpenSea.

Even so, blockchain transaction data reveals that "Mr. Cahen has sold [RR/BAYC NFTs] through OpenSea, LooksRare, and even Foundation." Trial Tr. at 202:18-25. And Defendants promoted the sales of the infringing NFTs on OpenSea. *See, e.g.*, JTX-683 (tweet from Mr. Cahen stating "RR/BAYC is officially the highest 24h volume . . . IN THE WORLD!"; JTX-685 (tweet from Mr. Cahen stating "RR/BAYC about to become the first project ever to top both the @foundation and the @opensea charts."); Cahen Decl. (Dkt. 344) ¶ 253 (Mr. Cahen's testimony that he continued to attempt to sell the infringing NFTs even though he believed they were subject to over two dozen takedowns); Dkt. 163-95 (Mr. Ripps' tweet advertising infringing NFTs on OpenSea).

**Defendants' Response:**

One of the two marketplaces that Ms. O'Laughlin assessed confusion on was OpenSea. *See* Trial Tr. [O'Laughlin] 164:21-25. Because this Court has already held that there was confusion, Ms. O'Laughlin's testimony is relevant only to the extent of confusion and therefore, the extent of damages from confusion. Because she is unaware of the amount of profits, sales, or how long RR/BAYC NFTs were on OpenSea, her opinion to the extent of confusion on OpenSea is inherently

limited to the amount of time the page she tested about was online. *See id.* 165:1-11. These dates were June 19, and June 20, 2022. *Id.* at 15-22.

**Plaintiff's Reply:**

Defendants' response has nothing to do with their proposed fact. It is also wrong. Ms. O'Laughlin's determination that there is a likelihood of confusion on OpenSea is relevant to the extent to which the Court should enjoin Defendants' activities. Ms. O'Laughlin's survey results confirm that, among other things, it is appropriate for the Court to order the transfer of the RR/BAYC smart contract to Yuga Labs because it is undisputed that there is a likelihood of confusion on OpenSea that Yuga Labs could address if it becomes the owner of the RR/BAYC smart contract. Trial Tr. 136:9-18 ("But if Yuga Labs had control, was the owner of the smart contract, we would have a much greater flexibility in controlling how the collection is displayed in marketplaces, including OpenSea.").