**Defendants' Disputed Post Trial Finding of Fact No. 80:**

The *Squirt* survey format is used when the asserted mark is weak. Trial Tr. [O'Laughlin] 144:4-6.

**Plaintiff's Basis for Dispute:**

This is an inaccurate statement of the accepted methodology for conducting consumer confusion surveys, as discussed *supra* ¶ 78. In fact, as Ms. O'Laughlin explains in the testimony Defendants cite, "It is a reason, but it is not the only reason. As I said, it can depend on the context in which the marks are being used. And so the choice of the Squirt can depend on whether or not the mark is of a particular strength but also depending on the marketplace context in which a mark is offered." Trial Tr. at 144:6-11. Here, the Squirt survey format was appropriate to test confusion on OpenSea, because both products were sold on the same marketplace at the same time. O'Laughlin Decl. (Dkt. 341) ¶ 18 ("[A]t various points in time, consumers on the OpenSea website (http://opensea.io), another popular NFT marketplace, would have observed both the Yuga Labs BAYC collection and the at-issue RR/BAYC NFT collection available and even directly next to each other on OpenSea's 'Top Collections' leaderboard. Because both collections were available in the same marketplace, I [] test for likelihood of confusion in this context using a Squirt survey design . . . .") (citations omitted); *see also, e.g.*, *Icleen Entwicklungs-Und Vertiebsanstalt Für Umweltprodukte v. Blueair AB*, No. 21-cv-2236 DSF (ADS), 2021 WL 6104397, at *5 (C.D. Cal. Oct. 4, 2021) (approving use of "a Squirt survey to determine the likelihood of confusion in scenarios where the parties' marks are considered proximate in the marketplace" (cleaned up)).

**Defendants' Response:**

Squirt surveys apply where the mark is weak *and* sold in close proximity with the alleged infringing mark. Jerre B. Swan & R. Charles Henn Jr., *Likelihood of Confusion Surveys: The Ever Constant Eveready Format; The Ever-Evolving*

*Squirt Format*, 109 The Trademark Rptr. 671, 676 (2019); *see also* Jerre B. Swann, *Likelihood of Confusion Studies and the Straightened Scope of Squirt*, 98 Trademark Rptr 739, 755-56 (2008) (stating that *Squirt* surveys are for weak marks). Ms. O'Laughlin is relying on proximity alone to support her use of a *Squirt* survey because she admittedly did not assess the mark's strength. Trial Tr. [O'Laughlin] 144:12-14. Yuga's marks must be either weak or strong. They cannot be both. However, Ms. O'Laughlin proceeded as though the marks were both. This was an error.

**Plaintiff's Reply:**

As before, Defendants' argument is not supported by any evidence. Defendants chose not to offer a rebuttal survey expert at their peril. The evidence demonstrates that Ms. O'Laughlin used the appropriate survey methodology. *See supra* ¶ 78.