**Defendants' Disputed Post Trial Finding of Fact No. 87:**

<u>Dr. Berger, however, did not consider alternative causes of brand harm such as the general downturn of the cryptocurrency market. Trial Tr. [Berger] 109:5-110:5; 115:16-25.</u>

**Plaintiff's Basis for Dispute:**

Dr. Berger testified that, hypothetically, there could be multiple different causes of harm, but his data revealed that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs." Trial Tr. at 115:16-117:10; 121:23-123:8. Dr. Berger specifically considered, and rejected, whether the share of tweets expressing negative sentiment toward BAYC was increasing between May 6, 2022 and May 12, 2022 (i.e., before the release of RR/BAYC NFTs) and whether the share of positive sentiment was decreasing; he found that the data are inconsistent with that alternate hypothesis, thus ruling out any supposed alternative causes before the release of RR/BAYC NFTs. Berger Decl. (Dkt. 339) ¶ 91 n. 55.

**Defendants' Response:**

Yuga acknowledges that its brand has been damaged and that multiple factors beyond RR/BAYC could have caused that harm. Although Plaintiff points out that Dr. Berger concluded that the share of tweets expressing negative sentiment toward BAYC was not increasing between May 6, 2022 and May 12, 2022, that cannot explain events that occurred *during* the period that Dr. Berger examined, including the massive crash in cryptocurrency prices that occurred during the analysis period. Trial Tr. [Berger] 109:5-110:5; JTX-306.

**Plaintiff's Reply:**

As discussed *supra* ¶ 83, Dr. Berger's analysis does not support Defendants' hypothesis that the data does not show their harm to Yuga Labs, and Defendants have no evidence supporting their theories. Dr. Berger has not seen any evidence to support Defendants' hypothesis, and Defendants' hearsay does not establish that

fact. Trial. Tr. 121:7-123:8; 124:12-125:1. Additionally, contrary to Defendants' claim the evidence does not support their contention that Yuga Labs acknowledged that its BAYC brand had been damaged by multiple factors. Finally, Defendants do not address that their contention does not negate that: (1) Defendants should not profit from their infringing NFTs; and (2) Defendants should be enjoined from continued infringement.