**Defendants' Disputed Post Trial Finding of Fact No. 88:**

<u>Dr. Berger did not consider whether Yuga's scandal associated with its Otherdeed NFTs for Otherside, which are related to BAYC NFTs and were released on April 2022 (just before the period selected for his analysis), was responsible for any alleged harm to Yuga's brand. Trial Tr. [Berger] 113:10-114:2; 109:5-7; 110:6-9.</u>

**Plaintiff's Basis for Dispute:**

Dr. Berger testified that, hypothetically, there could be multiple different causes of harm, but his data revealed that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs." Trial Tr. at 115:16-117:10; 121:23-123:8. Dr. Berger, specifically considered, and rejected, whether the share of tweets expressing negative sentiment toward BAYC was increasing between May 6, 2022 and May 12, 2022 (i.e., before the release of RR/BAYC NFTs) and whether the share of positive sentiment was decreasing; he found that the data are inconsistent with that alternate hypothesis, thus ruling out any supposed alternative causes before the release of RR/BAYC NFTs. Berger Decl. (Dkt. 339) ¶ 91 n.55.

Dr. Berger also explained that he would not expect harm to the Otherside brand to cause harm to the BAYC brand, given the relationship of the two brands within the Yuga Labs brand portfolio. Trial Tr. at 123:19-124:11.

**Defendants' Response:**

Plaintiff's statement that harm to the Otherside brand would not cause harm to the BAYC brand is nonsensical. Plaintiff's own response admits that the two brands are "related" and within the same Yuga Labs portfolio. Moreover, the press report about the Otherside scandal, JTX-2715, expressly mentions Bored Ape Yacht Club, Otherdeed, Otherside, and Yuga Labs itself. The article further notes that participants in the Otherside launch lost thousands of dollars in gas fees and became the target of scam activities. *See* JTX-2715 at 1-2. At a minimum, this

demonstrates that the failed Otherside launch resulted in negative publicity for all Yuga brands, including BAYC, Otherside, and Yuga itself.

Moreover, Plaintiff acknowledges that its brand has been damaged and that multiple factors other than RR/BAYC could have caused that harm. *See* Trial Tr. 106:1-3, 108:7-110:5, 113:10-114:2, 115:16-25.

**Plaintiff's Reply:**

As discussed *supra* ¶ 83, Dr. Berger's analysis does not support Defendants' hypothesis that the data does not show their harm to Yuga Labs, and Defendants have no evidence supporting their theories. Dr. Berger has not seen any evidence to support Defendants' hypothesis, and Defendants' hearsay does not establish that fact. Trial. Tr. 121:7-124:11;. Additionally, contrary to Defendants' claim the evidence does not support their contention that Yuga Labs acknowledged that its BAYC brand had been damaged by multiple factors. Finally, Defendants do not address that their contention does not negate that: (1) Defendants should not profit from their infringing NFTs; and (2) Defendants should be enjoined from continued infringement.