**Defendants' Disputed Post Trial Finding of Fact No. 89:**

Dr. Berger did not consider whether the Nekst scandal, in which Yuga desecrated graffiti artwork in New York City, was responsible for any alleged harm to Yuga's brand. Trial Tr. [Berger] 114:10-115:15.

**Plaintiff's Basis for Dispute:**

Dr. Berger testified that, hypothetically, there could be multiple different causes of harm, but his data revealed that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs."  Trial Tr. at 115:16-117:10; 121:23-123:8.

Nevertheless, even if there were other harms to Yuga Labs, this does not negate that: (1) Defendants should not profit from their infringing NFTs; and (2) Defendants should be enjoined from continued infringement.  Defendants' arguments appear to relate to actual damages rather than addressing the equitable harms caused by Defendants.

**Defendants' Response:**

Yuga does not meaningfully dispute the proposed finding of fact.  Indeed, Yuga acknowledges that its brand has been damaged and that multiple factors beyond RR/BAYC could have caused that harm.  The cited "say-so" testimony that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs" is belied by the numerous holes in Dr. Berger's analysis, revealed during cross-examination, including his failure to consider certain events and the narrow timeframe that he considered.  *See* Trial Tr. 106:1-3, 108:7-110:5, 113:10-114:2, 115:16-25.

**Plaintiff's Reply:**

As discussed *supra* ¶ 83, Dr. Berger's analysis does not support Defendants' hypothesis that the data does not show their harm to Yuga Labs, and Defendants have no evidence supporting their theories.  Dr. Berger has not seen any evidence to support Defendants' hypothesis, and Defendants' hearsay does not establish that

1    fact.  Trial. Tr. 121:7-123:8.  Additionally, contrary to Defendants' claim the

2    evidence does not support their contention that Yuga Labs acknowledged that its

3    BAYC brand had been damaged by multiple factors.  Finally, Defendants do not

4    address that their contention does not negate that: (1) Defendants should not profit

5    from their infringing NFTs; and (2) Defendants should be enjoined from continued

6    infringement.