**Defendants' Disputed Post Trial Finding of Fact No. 90:**

Dr. Berger did not consider whether the validity of Defendants' criticism of Yuga was responsible for any alleged harm to Yuga's brand. Trial Tr. [Berger] 117:15-24.

**Plaintiff's Basis for Dispute:**

Dr. Berger testified that, hypothetically, there could be multiple different causes of harm, but his data revealed that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs." Trial Tr. at 115:16-117:10; 121:23-123:8. Dr. Berger, specifically considered, and rejected, whether the share of Tweets expressing negative sentiment toward BAYC was increasing between May 6, 2022 and May 12, 2022 (i.e., before the release of RR/BAYC NFTs) and whether the share of positive sentiment was decreasing; he found that the data are inconsistent with that alternate hypothesis, thus ruling out any supposed alternative causes preceding the release of RR/BAYC NFTs. Berger Decl. (Dkt. 339) at n.55.

**Defendants' Response:**

Yuga acknowledges that its brand has been damaged and that multiple factors beyond RR/BAYC could have caused that harm. The cited "say-so" testimony that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs" is belied by the numerous holes in Dr. Berger's analysis, revealed during cross-examination, including his failure to consider certain events and the narrow timeframe that he considered. *See* Trial Tr. 106:1-3, 108:7-110:5, 113:10-114:2, 115:16-25.

Dr. Berger's failure to consider the effect of Mr. Ripps and Mr. Cahen's criticisms is particularly problematic. There is no dispute in this litigation that both individuals were vocal critics of Yuga on social media and repeatedly pointed out parallels between Yuga Labs' artwork and logos and, for instance, Nazi iconography. Yet Dr. Berger *was not even aware that Yuga had ever been*

*associated with racism or hate speech* at the time he gave his deposition.  Trial Tr. 119:5-19 ("I'm not aware that BAYC or Yuga has been associated with racism or hate speech").  Nor did he consider in his analysis whether the minting of RR/BAYC NFTs increased public awareness of the racism allegations.  *Id.* 119:20-25 ("So you did not analyze whether the minting of RR/BAYC NFTs increased public awareness of the racism allegations; correct? A I did not look at that, no…").  Dr. Berger's failure to even consider, much less analyze the impact of Mr. Ripps and Mr. Cahen's criticism—a central issue in this case—undermines the credibility and reliability of his analysis.

**Plaintiff's Reply:**

As discussed *supra* ¶ 83, Dr. Berger's analysis does not support Defendants' hypothesis that the data does not show their harm to Yuga Labs from their trademark infringement, and Defendants have no evidence supporting their theories.  Dr. Berger has not seen any evidence to support Defendants' hypothesis, and Defendants' hearsay does not establish that fact.  Trial. Tr. 118:11-119:25; 121:7-123:8.  Additionally, contrary to Defendants' claim the evidence does not support their contention that Yuga Labs acknowledged that its BAYC brand had been damaged by multiple factors.  Finally, Defendants do not address that their contention does not negate that: (1) Defendants should not profit from their infringing NFTs; and (2) Defendants should be enjoined from continued infringement.