**Defendants' Disputed Post Trial Finding of Fact No. 91:**

<u>Dr. Berger did not consider whether the minting of RR/BAYC NFTs increased awareness of Defendants' criticism of Yuga, and whether that increased awareness of Yuga's misconduct was responsible for any alleged harm to Yuga's brand. Trial Tr. [Berger] 119:21-25.</u>

**Plaintiff's Basis for Dispute:**

Dr. Berger testified that, hypothetically, there could be multiple different causes of harm, but his data revealed that "the only factor that can distribute to that outcome is the minting and publication of RR/BAYCs." Trial Tr. At 115:16-117:10; 121:23-123:8. Dr. Berger, specifically considered, and rejected whether the share of Tweets expressing negative sentiment toward BAYC was increasing between May 6, 2022 and May 12, 2022 (i.e., before the release of RR/BAYC NFTs) and whether the share of positive sentiment was decreasing; he found that the data are inconsistent with that alternate hypothesis, thus ruling out any supposed alternative causes preceding the release of RR/BAYC NFTs. Berger Decl. (Dkt. 339) at n.55.

In addition, Dr. Berger has not seen any evidence to support Defendants' hypothesis. Trial. Tr. 119:21-25. Nevertheless, as the Court has already found this case is about Defendants' commercial infringement. SJ Order (Dkt. 255) at 16 ("These are all commercial activities designed to sell infringing products, not expressive artistic speech protected by the First Amendment."); *see also* June 9, 2023 Pretrial Conference Tr. At 8–10 (Defense counsel acknowledging "there is a difference between the criticism and the sales of the product."). Nothing in Defendants' supposed false criticism negates that: (1) Defendants should not profit from their infringing NFTs; and (2) Defendants should be enjoined from continued infringement.

**Defendants' Response:**

Dr. Berger's failure to consider the effect of Mr. Ripps and Mr. Cahen's criticisms is particularly problematic. There is no dispute in this litigation that both individuals were vocal critics of Yuga on social media and repeatedly pointed out parallels between Yuga's artwork and logos and, for instance, Nazi iconography. Yet Dr. Berger *was not even aware that Yuga had ever been associated with racism or hate speech* at the time he gave his deposition. Trial Tr. 119:5-19 ("I'm not aware that BAYC or Yuga has been associated with racism or hate speech"). Nor did he consider in his analysis whether the minting of RR/BAYC NFTs increased public awareness of the racism allegations. *Id.* 119:20-25 ("So you did not analyze whether the minting of RR/BAYC NFTs increased public awareness of the racism allegations; correct? A I did not look at that, no…"). Dr. Berger's failure to even consider, much less analyze the impact of Mr. Ripps and Mr. Cahen's criticisms—a central issue in this case—undermines the credibility and reliability of his analysis.

Yuga's suggestion that "this case is about Defendants' commercial infringement" does not rehabilitate Dr. Berger's analytical failure. Regardless of whether there was commercial activity, the central question raised by Dr. Berger's testimony is whether the marked deterioration of Yuga's brand was due to any confusion associated with RR/BAYC or something else. His failure to consider Mr. Ripps and Mr. Cahen's criticism (as opposed to any commercial activity) as the source of that harm undermines his conclusion that the minting of RR/BAYCs and alleged resulting confusion were actually the source of harm to Yuga. Indeed, as explained at length above, there is no evidence of *any* confusion associated with the minting of RR/BAYC NFTs.

**Plaintiff's Reply:**

As discussed *supra* ¶ 83, Dr. Berger's analysis does not support Defendants' hypothesis that the data does not show their harm to Yuga Labs from their trademark infringement, and Defendants have no evidence supporting their theories.

Dr. Berger has not seen any evidence to support Defendants' hypothesis, and Defendants' hearsay does not establish that fact.  Trial. Tr. 118:11-119:25; 121:7-123:8.  Additionally, contrary to Defendants' claim the evidence does not support their contention that Yuga Labs acknowledged that its BAYC brand had been damaged by multiple factors.  Moreover, separate from his sentiment analysis, Dr. Berger opined that the evidence supports his conclusion that the BAYC brand has brand premium and that Defendants' infringing activities harmed that premium.  Berger Decl. (Dkt. 339) at ¶¶ 6-76, 93-95.  He reached this opinion, in part, because of the ample evidence of actual confusion in the record.  Finally, Defendants do not address that their contention does not negate that: (1) Defendants should not profit from their infringing NFTs; and (2) Defendants should be enjoined from continued infringement.