**Defendants' Disputed Post Trial Finding of Fact No. 99:**

<u>Ms. Kindler also separately calculated Defendants' profits to be $1,589,445. Trial Tr. [Kindler] 174:8-23.</u>

**Plaintiff's Basis for Dispute:**

As a preliminary matter, Defendants have the burden to calculate any profits attributable to their infringement after Yuga Labs' identifies the gross sales of Defendants' infringing products. 15 U.S.C. ¶ 1117(a) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."); *Fifty-Six Hope Rd. Music, Ltd. V. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015) ("The trademark holder has the burden to prove the defendant infringer's gross revenue from the infringement. Then the burden shifts to the defendant infringer to prove expenses that should be deducted from the gross revenue to arrive at the defendant infringer's lost profits.") (citation omitted). Defendants have not challenged Ms. Kindler's calculation of gross revenue from their infringing NFTs.

Ms. Kindler made this profit calculation based on information available at the time of her trial declaration but was willing to update it based on new evidence in Defendants' testimony. Defendants failed to provide evidence of manual profit-sharing payments to Mr. Hickman and Mr. Lehman in discovery. After Defendants identified the purpose of those payments for the first time in their trial testimony, *see* Ripps Decl. (Dkt. 346) ¶¶ 132-135, Ms. Kindler testified that those figures could be appropriate deductions from a disgorgement judgment if adequately supported. Trial Tr. at 195:3-7 ("If it is established that that money is, in fact, profit sharing that's tied to the work on this case involving the infringing marks, then I would have no problem deducting that from my ultimate conclusion. I just have not seen any evidence to suggest that it would be appropriate to do that.").

**Defendants' Response:**

Yuga does not meaningfully dispute this proposed finding of fact, which simply contains the damages calculation that Ms. Kindler included in her expert report. Rather, Yuga uses the opportunity to make an excuse for Ms. Kindler's failure to accurately calculate Defendants' profits based on publicly available blockchain data. Yuga is incorrect that there was any failure to produce evidence during discovery. *See* Trial Tr. 267:19-22 ("I think the question was if I had produced everything I thought was relevant, and I believe I did."), 270:3-6 ("Yes. We produced everything that we could, despite the fact that Yuga produced nothing."). To the contrary, Mr. Lehman was questioned about the manual payments he received from Mr. Ripps at his deposition, and Defendants produced Etherscan records showing the payments during discovery, and admitted them into evidence at trial. *See* Lehman Dep. (Dkt. 401) at 210:16-25 ("For funds that were received before the RSVP contract was implemented, how were those funds distributed? A. So I or Ryan, I think it was me, made some kind of calculation based on Etherscan or what mints that it happened or something like this and sent a text message and said here's how much Ryder needs to send for the profits he made before this… Q. And he did, in fact, send you those funds? A. Yes."); *id.* 211:11-13 ("So if I go on Etherscan and I look at either of your wallets, I can find that transaction, right? A. Yes."); *see generally id.* at 210-214 (walking through finding the transaction on etherscan and confirming it was payment for pre-RSVP contract proceeds); JTX-2170 (transaction from Mr. Ripps to Mr. Lehman), JTX-2711 (transaction from Mr. Ripps to Mr. Hickman).

In any event, Yuga's objection here is inconsistent with its own Findings of Fact. Specifically, in its Findings of Fact, Yuga agrees that their calculation of Defendants' profits needs to be ***reduced*** by $108,037.08 to determine the accurate amount of profits Mr. Ripps and Mr. Cahen received from the initial sales. *See* Yuga's Proposed Finding of Fact 11(b) (Dkt. 418-1).

**Plaintiff's Reply:**

First, Defendants confuse damages and profits—they are not the same remedy. Second, Defendants confuse Yuga Labs' burden and Defendants' burden. Finally, Defendants' proposed fact does not accurately capture Ms. Kindler's testimony at trial. *See e.g.* Trial Tr. at 195:3-7.