**Defendants' Disputed Post Trial Finding of Fact No. 100:**

Ms. Kindler's calculation that Mr. Ripps and Mr. Cahen earned a total of $1,589,455 in profits was incorrect. *See* Dkt-287-10, p. 1; *infra* ¶¶ 101-113.

**Plaintiff's Basis for Dispute:**

This calculation was correct based on the information available to Ms. Kindler. *See supra* ¶ 99. Defendants' further proposed deductions, made through attorney argument and without an affirmative or rebuttal damages expert, are meritless. *See infra*, ¶ 113.

**Defendants' Response:**

Through its own proposed finding of fact (#37), Yuga admits that Ms. Kindler's calculation of profits was incorrect. *See* Yuga's Proposed Finding of Fact 11(b) (Dkt. 418-1 at 6). Yuga's findings seek $1,375,361.92 in profits (consisting of $1,258,052.92 of profits from initial sales and $117,309 of profits from secondary sales). *Id.* at 6 (11(e)).

But even that number is incorrect. First, the evidence presented at trial showed that the RSVP contract also distributed $93,135.62 in automated refunds. Ripps Decl. ¶¶ 174-175 (Dkt. 346) (uncontested). Yuga's figure improperly includes in its profits calculation $93,135.62 in automated refunds executed through the RSVP reservation contract. Ripps Decl. ¶¶ 174-175 (Dkt. 346) (uncontested). Also, Mr. Ripps and Mr. Cahen incurred approximately $15,100.00 in miscellaneous expenses associated with wages, a computer, and travel expenses. Ripps Decl. ¶ 136 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 174-176 (Dkt. 344). This figure fails to exclude those expenses from the profit calculation.

**Plaintiff's Reply:**

This calculation was correct based on the information available to Ms. Kindler. *See supra* ¶ 99. Defendants failed to provide evidence of manual profit-sharing payments to Mr. Hickman and Mr. Lehman in discovery. After Defendants identified the purpose of certain payments for the first time in their trial testimony,

*see* Ripps Decl. (Dkt. 346) ¶¶ 132-135, Ms. Kindler testified that those figures may be appropriate deductions from a disgorgement judgment. Trial Tr. at 195:3-7. Defendants' further proposed deductions, made through attorney argument and without an affirmative or rebuttal damages expert, are meritless. *See infra*, ¶ 113.