**Defendants' Disputed Post Trial Finding of Fact No. 102:**

<u>Instead, Ms. Kindler improperly assumed that all profits are attributable to infringement. Trial Tr. [Kindler] 189:16-25.</u>

**Plaintiff's Basis for Dispute:**

Ms. Kindler did not "improperly assume[] that all profits are attributable to infringement"—she correctly reached that conclusion based on the evidence. *Supra* ¶ 101. Defendants offered no contrary damages, consumer, or survey expert analysis.

**Defendants' Response:**

Ms. Kindler's conclusion is contrary to the evidence. As explained above in response to Finding of Fact No. 101, there is no evidence that anyone, anywhere, bought an RR/BAYC because they were confused. To the contrary, the record reflects that many purchasers bought RR/BAYC NFTs to protest Yuga. *See* Trial Tr. [Kindler] 189:16-20 ("My question was did you or did you not perform an apportionment for people who were not confused? A Again, I don't think that that would be appropriate here."). Accordingly, Ms. Kindler's assumption that *all* profits were attributable to infringement was erroneous.

**Plaintiff's Reply:**

Defendants misstate the law—Yuga Labs does not need to prove that someone "bought an RR/BAYC because they were confused." *Supra* ¶ 101. Defendants offered no contrary damages, consumer, or survey expert analysis to prove that a single dollar in profit was derived from anything other than their infringing activity, i.e., the promotion and sale of their infringing good. This result is unsurprising, since Defendants labeled each and every NFT in the RR/BAYC collection with the marks "Bored Ape Yacht Club" and "BAYC."