**Defendants' Disputed Post Trial Finding of Fact No. 105:**

<u>Defendants did not collect any royalties from sales on OpenSea. Trial Tr. [Kindler] 202:4-12.</u>

**Plaintiff's Basis for Dispute:**

Defendants benefited in numerous ways from sales of their infringing NFTs on OpenSea, including Mr. Cahen's direct monetary benefits of selling the infringing NFTs himself. Trial Tr. at 202:18-25; Kindler Decl. (Dkt. 338) ¶¶ 62-71 (discussing unjust enrichment to Defendants' due to sales of infringing NFTs).

**Defendants' Response:**

Yuga's objection does nothing to undermine the accuracy of this finding of fact, which is that Mr. Ripps and Mr. Cahen did not collect any royalties from the RR/BAYC NFT sales on the marketplace OpenSea. Yuga is not able to dispute this fact.

Further the evidence Yuga presents instead is misleading. Whether Mr. Cahen sold any of the RR/BAYC NFTs he personally held on OpenSea does not change that he received no royalties from these sales.

Additionally, Yuga's cites to Ms. Kindler's declaration are unsupportive and discuss vague and speculative benefits Mr. Ripps and Mr. Cahen may have received from secondary sales where they did not receive creator fees. *See* Kindler Decl. (Dkt. 338) ¶ 69. But Ms. Kindler testified that these supposed benefits "are not quantified by my profit analysis." *Id.* at ¶ 67. Accordingly, assertions of benefits they received are unfounded and speculative. Finally, again, even if true, any supposed benefit Mr. Ripps and Mr. Cahen received from secondary sales of RR/BAYC NFTs does nothing to undermine the accuracy of this finding of fact, which is that they did not receive royalties from secondary sales on OpenSea.

**Plaintiff's Reply:**

Defendants' contention is immaterial. Defendants gained direct monetary benefits through their sale of RR/BAYC NFTs on OpenSea. Defendants do not and

cannot dispute the fact that Mr. Cahen sold RR/BAYC NFTs on OpenSea. Mr. Cahen therefore directly benefited monetarily through the profits he earned from those direct sales. Yuga Labs is entitled to those profits based on the sale of those infringing NFTs.

Similarly, Defendants do not meaningfully dispute Ms. Kindler's finding of unjust enrichment to Defendants due to sales of infringing NFTs. As Ms. Kindler stated in her trial declaration, the reason for not being able to provide a specific number for the unjust enrichment Defendants accrued and continue to accrue is that these benefits are not necessarily easily quantifiable. *See* Kindler Decl. ¶ 62. Still, Defendants offer no evidence to disprove the benefits Defendants "may have received from secondary sales." Yuga Labs is entitled to disgorge any profits derived from these benefits.