**Defendants' Disputed Post Trial Finding of Fact No. 113:**

<u>Mr. Ripps and Mr. Cahen also incurred approximately $15,100.00 in miscellaneous expenses associated with wages, a computer, and travel expenses. Ripps Decl. ¶ 136 (uncontested); Cahen Decl. ¶¶ 174-176.</u>

**Plaintiff's Basis for Dispute:**

Each of Defendants' proposed deductions is meritless.

First, Defendants provide no documentary evidence that Mr. Ripps paid Ian Garner "roughly $3,500 for his work" as an "assistant," what that work entailed, or how it was relevant to the revenue generated by Defendants' infringing activities.

Second, Defendants offered no documentary evidence of Mr. Cahen's travel expenses or how these alleged travel expenses were necessary to earn revenue from minting infringing NFTs. There is no basis for this deduction.

Third, Defendants failed to offer any evidence of Mr. Cahen's computer purchase or why a several-thousand-dollar computer was necessary to earn revenue from Mr. Ripps' supposed minting of infringing NFTs. Defendants have claimed that it was all Mr. Ripps (or at least Mr. Ripps' computer), and not Mr. Cahen, that minted the infringing NFTs. *See, e.g.*, Defendants' Answer and Counterclaim (Dkt. 65) ¶ 49 ("Each RR/BAYC NFT was hand-minted by the wallet of Mr. Ripps, and Mr. Ripps sold all RR/BAYC NFTs through only his personal Twitter account, Foundation, private sales, and the website https://rrbayc.com."). There is no basis for this deduction. *See Vital Pharmaceuticals v. PhD Marketing, Inc.*, No. CV 20-06745, 2022 WL 2952495, *4, 6 (C.D. Cal. 2022) (rejecting deductions where defendant "has produced troublingly little evidence to support that figure. Not a single invoice, receipt, or other original source document has been produced to support the costs and expenses Defendant claims. . . . Other courts have similarly found that summary financial documents coupled with testimony, absent any documentary evidence, were insufficient to satisfy the defendant's burden to prove costs."); *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, No. 06-CV-1584,

2009 WL 10674076, at *10 (S.D. Cal. 2009) (affirming rejection of deductions where defendant "did not submit any documentary evidence such as invoices to substantiate its claimed deductions").

Worse, Mr. Cahen's testimony on this issue was shown to be perjured at trial. Mr. Cahen first testified under oath, in a declaration dated April 5, 2023, that the "RR/BAYC Project" began in May 2022 in order to avoid producing discovery related to Defendants' communications before May 2022. Dkt. 200-4 (declaring communications with Mr. Ripps "began in mid-May, 2022, which is also the same time period that the RR/BAYC Project began."); Dkt. 200 at 3 (arguing "[t]he RR/BAYC Project began in mid-May"). Mr. Cahen then testified in his trial declaration that "I had to buy a new computer to use for the project" that started in May 2022. Cahen Decl. (Dkt. 344) ¶ 174. But at trial, Mr. Cahen admitted that he purchased the computer in December 2021, approximately *five months before the "project" even began*. Trial Tr. at 227:2-229:21. Mr. Cahen's sworn testimony that he bought a computer "to use for the project" that would not exist for another five months not only disproves the link between this cost and Defendants' profits attributable to their infringement, but severely impeaches his credibility generally.

**Defendants' Response:**

This objection is inaccurate and unfounded. First, Mr. Ripps's testimony showed that Mr. Garner was his assistant and worked on the RR/BAYC Project for one week and was paid for his work. Ripps Decl. ¶¶ 124, 127, 136 (Dkt. 346) (uncontested). Such assistance on the project helped with the creation of reservations of RR/BAYC NFTs. Second, Mr. Cahen testified that he paid for travel to meet and collaborate with Mr. Ripps for the project. Cahen Decl. ¶ 175 (Dkt. 344). Travel expenses paid so that two of the creators of the project could meet and work with one another, helped with the creation of reservations of RR/BAYC NFTs. Finally, Mr. Cahen testified about the cost of a computer he used to work on the RR/BAYC project. Cahen Decl. ¶174 (Dkt. 344). The cost of the

materials Mr. Cahen used for creating the RR/BAYC project did help with the creation of reservations of the RR/BAYC NFTs.

Second, the offensive claim that Mr. Cahen's trial testimony "was shown to be perjured" is an unfounded and shameful claim for Yuga to make, and well beneath the dignity of its counsel to endorse as officers of the Court. Yuga knows full well that there was no such "showing." As Mr. Cahen testified, he used the computer he purchased for the RR/BAYC Project and for research about Yuga *that led up to* and helped create the RR/BAYC Project. Trial Tr. [Cahen] 229:14-21. Yuga's citations to declarations Mr. Cahen and Mr. Ripps made and filings regarding discovery relating to when possible *communications* began for the RR/BAYC Project are misleading and non-supportive of this objection. *See* Dkts. 200, 200-3, 200-4. Additionally, Yuga's citation to Mr. Cahen's declaration does not support this objection as it affirms that Mr. Cahen purchased a computer that he used for the project. Cahen Decl. ¶174 (Dkt. 344). Accordingly, the fact the computer was purchased in December 2021 and the RR/BAYC NFTs were not minted until later, does not diminish the usefulness of this tool in the RR/BAYC project as a whole, warranting including it among appropriate deductions.

**Plaintiff's Reply:**

First, Defendants offer no legal authority to support their claim that these costs are recoverable. Their bare bones self-serving declarations do not meet their burden of proof.

Second, what is shameful is Defendants' willingness to contradict themselves under oath when it serves their then-current litigation purposes. Mr. Cahen testified unequivocally that he bought the computer "for the project." Cahen Decl. (Dkt. 344) at ¶ 174. That declaration was submitted under "penalty of perjury" and signed by Mr. Cahen. *See id.* at p. 29. That computer that Mr. Cahen bought "for the project" was purchased in December 2021. Trial Tr. 227:11-16. And, the RR/BAYC business venture did not start until May 2022. Trial Tr. 227:2-3; Dkt.

200-4.  When presented with the conflict, Mr. Cahen backtracked to say "you could say the project began in – at the end of 2021."  Trial Tr. 229:14-21.  Of course, that is not what Mr. Cahen told Judge McDermott when trying to withhold discovery from Yuga Labs.  Dkt. 200-4. ("Those communications began in **_mid-May 2022, which is also the same time period that the RR/BAYC Project began_**.") (emphasis added).  That declaration, too, was offered to the court under "penalty of perjury."  *Id.*

Finally, even accepting Defendants' latest spin on Mr. Cahen's sworn testimony, he seeks recovery for the full purchase price of a computer he now says *wasn't* purchased for the RR/BAYC business venture, but was later used for the RR/BAYC business venture.  *Compare* Cahen Decl. (Dkt. 344) at ¶ 174 ("First, I had to buy a new computer to use for the project.") *with* Counsel's Response to ¶ 113 *supra* ("Mr. Cahen purchased a computer that he used for the project").  Defendants have no legal authority that Yuga Labs must pay the full purchase price for a computer that was allegedly later used for the RR/BAYC business venture.  He also wants the Court to just take him at his word on the travel expenses.  But, his word is not credible.