**Defendants' Disputed Post Trial Finding of Fact No. 120:**

Defendants' infringement was not willful. *See* Dkt. 149 at 13 (Yuga seeking at summary judgment a finding of exceptional case of "intentional infringement"); SJ Order (Dkt. 225) at 13 (denying Yuga's motion); Dkt. 236 at 13 (Yuga conceding that it is not pursuing a claim of willful infringement); Dkt. 315-1 at 2 ("Yuga Labs is withdrawing all legal remedies").

**Plaintiff's Basis for Dispute:**

Defendants' infringement was willful. *See supra* ¶ 17 (refuting argument that "defendants did not intend to infringe Yuga's trademarks or create confusion regarding the origin of the RR/BAYC NFTs."). The Court already found that Defendants intentionally infringed Yuga Labs' BAYC Marks to deceive consumers and acted with a bad faith intent to profit from their use of the marks. SJ Order (Dkt. 225) at 12-15. The Court's finding of intent to deceive shows that Defendants' conduct was willful, since "[w]illful infringement carries a connotation of deliberate intent to deceive." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993). And there is ample evidence in the record of this willful intent. *See* JTX-1 ¶¶ 10-13; JTX-621; JTX-801.44, 185, 208, 237; JTX-803 at 66-67; JTX-1574; JTX-1586; Hickman Depo. Designations (Dkt. 394) at 238:12-40. Defendants have no basis to relitigate this issue.

Defendants misleadingly cite the Court's Summary Judgment Order as "denying" Yuga Labs' request for a finding of exceptional case. This too is wrong. The Court deferred decision on whether this was an exceptional case because Yuga Labs "reserved the issue of damages for trial." SJ Order (Dkt. 225) at 13. The record at trial both reaffirms that Defendants' conduct was willful and proves that this is an exceptional case.

Defendants' citation to Dkt. 315-1 is irrelevant, because it is not a "legal remedy" for the Court to find that Defendants' conduct was willful. To the contrary, the Lanham Act specifies that "***[t]he court*** in exceptional cases may

award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). The Court, as the factfinder in this bench trial, may make findings of fact in support of its determination that this is an exceptional case. *See Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1223 (9th Cir. 2023) (affirming finding of exceptional case following bench trial, noting that the district court found infringement to be "willful and brazen"); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011) (affirming finding of exceptional case following bench trial, citing district court's finding that infringer acted in bad faith).

**Defendants' Response:**

Yuga is attempting to conflate two different types of intent to try to avoid the fact that they never received a finding of "willful infringement." *See* Dkt. 149 at 13 (Yuga seeking at summary judgment a finding of exceptional case of "intentional infringement"); SJ Order (Dkt. 225) at 13 (denying Yuga's motion); Dkt. 236 at 13 (Yuga conceding that it is not pursuing a claim of willful infringement). Infringers who are intentionally using protected work are not willful infringers if they are operating in the good faith belief that they are not infringing. *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012). Defendants were operating under the good faith belief that they were engaged in art and that it was therefore protected speech. Ripps Decl. ¶¶ 71-92; 137-157 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 129-33 (Dkt. 344). Defendants private chat is replete with entries demonstrating this belief that they were involved in art. *See e.g.*, JTX-801.00019; 801.00024; 801.00025; 801.00366-67; 801.00448-49; 803.00029-30; 804.008.

Yuga's citations do not indicate willful infringement. Mr. Lehman's declaration was signed under duress and included words that he would not have included. *See* Lehman Depo Designation 127:15-128:10 (acquiescing to term "business venture" in order "to get the deal done"); 97:15-98:8; 109:6-11

(acknowledging that he signed declaration because he was scared). JTX-621 is a consent judgment drafted by Yuga's counsel and does not constitute evidence. All of Yuga's other citations merely show a belief that Defendants believed they would make money. But art projects make money all the time, so that cannot be a source of willful infringement.

Yuga also cannot escape the fact that willful infringement is a finding of fact that belongs to the jury. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 958-59 (9th Cir. 2001) (discussing willful infringement as a factual issue that could result in a jury finding); *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. 13-cv-05167-BRO-MANx, 2015 WL 4517846 at *8 (discussing impact of jury finding of willfulness). Defendants never waived their right to a jury trial. Yuga, changed its case to avoid a jury trial. Far from being irrelevant, Yuga's June 15, 2023 application to Request Continuation of Trial (Dkt 315-1) disclaimed Yuga's right to *any* legal remedies. Therefore, it accordingly disclaimed a finding of willful infringement.

**Plaintiff's Reply:**

Defendants' response is unavailing because (1) they fail to justify their bare assertion that there are "two different types of intent" or that the Court must apply a higher standard when finding an exceptional case, and (2) even if the Court needed to make a another finding of willfulness, they fail to dispute the overwhelming evidence of their willful infringement.

**The Court's Finding Of Defendants' Intentional Infringement and Intent to Confuse Customer Is Sufficient to Establish Willfulness:** The Court has already held Defendants' infringement was "explicitly misleading," SJ Order (Dkt. 225) at 12, and that "Defendants knowingly and intentionally used Yuga's BAYC Marks . . . in an effort to confuse consumers." *Id.* at 12. This finding is sufficient to find that their infringement was indeed willful. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-06 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th

Cir. 2016) (willfulness "carries a connotation of deliberate intent to deceive. Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard.").

Defendants' arguments that a jury trial is necessary to reach this finding lacks merit. Defendants do not even address the authorities cited by Yuga Labs that explain when the Lanham Act specifies that "*[t]he court* in exceptional cases may award reasonable attorney fees to the prevailing party," 15 U.S.C. § 1117(a) (emphasis added), that statutory language indeed authorizes the Court to make such a finding. See *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1223 (9th Cir. 2023); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011). Defendants' argument the Court actually cannot determine an exceptional case absent a jury finding is incorrect, and it is not supported by their authorities. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 958-59 (9th Cir. 2001) (considering willfulness in the context of a laches defense to a copyright infringement claim, affirming district court finding of willfulness, confirming there is "no right to a jury on the equitable" issue); *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. 13-cv-05167-BRO-MANx, 2015 WL 4517846 at *8 (considering willfulness in the context of a laches defense to a trademark claim and observing that where there was a jury trial, the jury's finding of willful infringement negated laches defense); *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221 (9th Cir. 2012) (considering willfulness in the context of a laches defense to a copyright infringement claim, discussing defendant's collaboration with plaintiff in developing a training manual, including express acknowledgments and requests for suggestions and comments, in support of finding defendant believed it had an implied copyright license).

**Even If The Court Must Find Anew That Defendants' Infringement Was Willful, The Record Supports Such A Finding:** The Court does not need to find Defendants' infringement to be willful in order to deem this an exceptional case. *See* June 9, 2023 Pretrial Conference Tr. at 62:3-6 ("I don't need to make a

determine as to willful or not willful for an exceptional case determination. That's not the criteria. There are a number of factors that I look at. Willfulness may be one."). However, the trial record overwhelmingly supports that Defendants intentionally infringed Yuga Labs' BAYC Marks intending to confuse consumers for their personal gain. *Supra* ¶ 17 (objections explaining profit intent and knowledge of likely confusion).

Defendants cannot avoid this outcome by claiming good faith. As the Court has already determined, "Defendants have admitted that they intentionally used the BAYC Marks in their RR/BAYC NFTs" and they did so "in an effort to confuse consumers." SJ Order (Dkt. 225) at 11, 12. "When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1153 (9th Cir. 2011) (quoting *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979)); SJ Order (Dkt. 225) at 12 (citing the same).

Moreover, in violating the Lanham Act, "Defendants acted with a bad faith intent to profit." SJ Order (Dkt. 225) at 15. Their actions were "commercial activities designed to sell infringing products, not expressive artistic speech protected by the First Amendment." *Id.* at 16. The question of whether Defendants acted in good faith has already been resolved against them.

The record also overwhelmingly contradicts Defendants' claim that they were acting in good faith when they stole Yuga Labs' intellectual property, harmed its brand, and deceived consumers. Defendants' argument that their private communications demonstrate their good faith is simply a false statement seeking to backfill the facts to conform with their desired outcome. The truth is that their private correspondence overwhelmingly revealed their intent to profit, desire to do harm, knowledge that their actions would cause confusion, and disregard of advice to mitigate that confusion. *See, e.g.*, JTX-801.185 (Mr. Lehman writing, "overall I

think we should be very careful about doing this in terms of the confusion it will create"); JTX-801.189 (Mr. Hickman informing Mr. Cahen that it was "difficult to make the collections coexist" because "they are the same art" and "same logos"); JTX-801.279 (Mr. Lehman referring to potential customers as "SHEEPLE" and writing, "Ppl will not read the contract"); JTX-801.376 (Mr. Lehman wrote that the RR/BAYC logo "could be considered confusing and our use of the 'BAYC' name."); JTX-631 (third party informing Mr. Lehman that RR/BAYC was "quite crazy definitely some people will buy thinking they are buying originals!"); JTX-918.00036 (Mr. Lehman stating to Mr. Cahen the need to "look really sympathetic to people" if sued); JTX-44.00002 (Mr. Hickman stating, "people believe the tokenId should match the RR ID. that is where they get confused"); Hickman Depo. Designations (Dkt. 394) at 143:15-144:16 (testifying "Bored Ape Yacht Club" and "BAYC" in the token tracker refers to the Bored Ape Yacht Club made by Yuga Labs); Cahen Depo. Designations (Dkt. 395) at 59:7-59:16 (claiming not to know what an "RR/BAYC NFT" is and stating "the blockchain is complicated. A lot of people don't have the technical expertise or knowledge to be able to have a conversation about crypto technology and blockchain technology."), at 148:10-13 (testifying it is "very common" for people to refer to NFT collections by the token tracker). Instead of making changes, such as those recommended by their lawyer or Mr. Lehman, they continued to use Yuga Labs' BAYC Marks to promote and sell the RR/BAYC NFTs. Solano Decl. ¶ 70; *see also* Ripps Decl. ¶ 55 ("In my experience, when designing logos and imagery for brands, every choice is intentional."). Defendants fail to explain why infringers acting in good faith would receive, and ignore, advice from their attorney advising them to stop using someone else's trademark. JTX-801.371 (Cahen to Ripps: "per our attorney we may just need to change the skull / If we want to fight trademark").

And, as discussed above, Defendants fail to support their claim that that their commercial infringement was a mere art project. *Supra* ¶¶ 18, 19. They also fail to

explain how their continued promotion of their infringing goods throughout the course of this lawsuit, including after the Court's summary judgment order, (*supra* ¶ 17) is consistent with good faith.

Finally, Defendants have lied, under oath, throughout the course of these proceedings. *See, e.g.*, *supra* ¶ 7. Their dishonesty and attempts to cover up their wrongdoing are inconsistent with a claim that they did not believe they did anything wrong.