**Defendants' Disputed Post Trial Finding of Fact No. 123:**

In the course of this litigation, Yuga has made settlement demands including conditions that are unreasonable such as a non-disparagement clause that would prevent Defendants from ever criticizing Yuga. Dkt. 317 [Hearing Transcript June 16, 2023, at 10:15-11:13].

**Plaintiff's Basis for Dispute:**

Defendants' attempts to evade responsibility for their egregious litigation misconduct by pointing a finger at Yuga Labs has no relevance. The losing party in a Lanham Act case cannot defend against an exceptional case finding by accusing the prevailing party of engaging in similar misconduct. *See Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022) (finding exceptional case amidst allegations that "[b]oth parties conducted themselves poorly at times throughout litigation" where "Defendants' conduct was worse and more frequent than [plaintiff's]."). Even so, this contention is incorrect.

During the course of settlement discussions, Yuga Labs initially sought a reasonable non-disparagement clause to protect the company's representatives, their families, and counsel given Defendants' history of making personal, targeted, heinous claims and in the context of foregoing certain other relief to which it would be entitled through litigation, as one proposed compromise. Non-disparagement clauses are typical in litigation settlements. Defendants however claimed that a non-disparagement clause was a barrier to them entering into a settlement. This proved to be another lie by Defendants. After Yuga Labs ***withdrew its request for a non-disparagement clause***, Defendants still refused to negotiate a settlement in good faith. In particular, Defendants refused to offer a single dollar in settlement to pay for their profits or statutory damages, even after being held liable. Defendants likewise refused to agree to stop promoting their infringing NFTs or Ape Market, which promoted sales of RR/BAYC NFTs. *See supra* ¶ 117. After the Court found that Defendants infringed on Yuga Labs' BAYC Marks, including through the

RR/BAYC NFT smart contract and cybersquatting of rrbayc.com and apemarket.com, they still refused to transfer control of this smart contract or domains to Yuga Labs.

It is clear that Defendants will continue to criticize Yuga Labs, as they have been, but this does not entitle them to continue their trademark infringement or avoid responsibility for their conduct.

**Defendants' Response:**

Yuga's citation to *Jackson* is simply incorrect. That case states, "The Court also considers the conduct of **both parties** throughout the case." *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022). The non-disparagement clause was specifically criticized by this Court as being an unreasonable demand. Dkt. 317 at 10:15-11:13.

Yuga also never actually withdrew their demand for non-disparagement. They simply re-hashed their non-disparagement clause in the form of overbroad injunction terms that would have the same effect: silencing criticism from Mr. Ripps and Mr. Cahen. *See* Yuga Proposed Findings of Fact and Law ¶ No.IV.4.1; Trial Tr. [Muniz] 94:5-13.

**Plaintiff's Reply:**

Defendants' finger-pointing does not excuse their contemptuous conduct toward the legal system and their adversaries. Yuga Labs litigated this case fairly and successfully, and Defendants' various complaints have no merit.

In *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975 (C.D. Cal. Feb. 24, 2022), the court did consider the conduct of both parties. But even in that case, where the plaintiff *did* engage in poor conduct, the court found an exceptional case in the plaintiff's favor. *Id.* at *5 ("Both parties conducted themselves poorly at times throughout litigation. However, Defendants' conduct was worse and more frequent than [Plaintiff]'s. Therefore, the Court finds that based on the conduct of the parties, this case is exceptional under the Lanham Act

and will award [Plaintiff] attorneys' fees.") (citations omitted).  Even where there was a finding that the plaintiff engaged in bad litigation conduct, that did not preclude a finding of exceptional case where the defendant's conduct was, as here, "worse and more frequent."

Defendants' claim that Yuga Labs "never actually withdrew their demand for non-disparagement" is simply false.  Defendants admit this, now acknowledging that the non-disparagement clause was no longer a settlement demand, but they walk back their previous representations by claiming the proposed injunction is itself a non-disparagement clause.  But Defendants' characterization of the proposed injunction as akin to a non-disparagement order is wrong.  The proposed injunction does not prohibit criticism, as Mr. Solano repeatedly stated at trial.  *See infra* ¶ 124.

Defendants had no good-faith intent to resolve this case before trial.  And even now, during the parties' most recent meet and confer, Defendants refused to provide their version of a complete injunction for the Court to assess—e.g., an injunction in a complete proposed order form as Yuga Labs did in its Conclusions of Law (Dkt. 416).  Defendants' refusal to provide an alternative injunction is an example of the continued stubborn refusal to accept their litigation position.  And given Defendants' refusal to provide an alternative injunction, the Court should enter Yuga Labs' proposed injunction.

Defendants' misrepresentations about the parties' settlement positions (eventually rescinded in this briefing to clarify that Yuga Labs did not, in fact, persist in demanding a non-disparagement clause) and their efforts to make this litigation as cumbersome as possible are all factors that make this case exceptional.