**Defendants' Disputed Post Trial Finding of Fact No. 127:**

<u>Yuga also improperly designated the entirety of third-party Ryan Hickman's deposition testimony as HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY in violation of the Court's protective order as the transcript contained no Yuga confidential information. *See* Dkt. 123-2. The Court ordered complete de-designation of the transcript and found that Yuga was wrong to "hold the transcript hostage." Dkt. 133 at 2.</u>

**Plaintiff's Basis for Dispute:**

Defendants' attempts to evade responsibility for their egregious litigation misconduct by pointing a finger at Yuga Labs fail. The losing party in a Lanham Act case cannot defend against an exceptional case finding by accusing the prevailing party of engaging in similar misconduct. *See Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022) (finding exceptional case amidst allegations that "[b]oth parties conducted themselves poorly at times throughout litigation" where "Defendants' conduct was worse and more frequent than [plaintiff's].").  Even so, this contention is incorrect.

Defendants mischaracterize this dispute. As the Court observed, "Defendants, not Yuga, designated the documents discussed at Ryan Hickman's deposition as highly confidential ('HC') and attorneys' eyes only ('AEO')." Dkt. 133 at 1. Consistent with Yuga Labs' reading of the Protective Order, Yuga Labs kept the deposition transcript under similar protection "because HC/AEO documents were discussed at the deposition," *id.*, and Defendants refused to specify which portions of those underlying documents they contended were no longer HC/AEO. The Court noted Defendants' indiscriminate confidentiality designations, holding that Yuga Labs was "not wrong that Defendants are obliged by the Protective Order to ensure HC/AEO material is 'clearly so designated.'" *Id.* at 3. Accordingly, the Court ordered the transcript to be made public and ordered Defendants to comply with the Protective Order by "reproduc[ing] and

redesignat[ing] the HC/AEO documents discussed at the deposition to 'clearly identify the protected portion(s)'" – the "result Yuga recommended if the Motion was granted." *Id.*

**Defendants' Response:**

Yuga is incorrect as a matter of law. Their cited case actually directly stands for the proposition that Defendants advance stating, "The Court also considers the conduct of ***both parties*** throughout the case." *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022). This makes sense, because an exceptional case finding is equitable relief. *Ramirez v. Collier,* 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") (internal quotations and citations omitted); *SunEarth, Inc.*, 839 F.3d at 1180-81 (holding that an exceptional case finding is an exercise of the court's equitable powers).

The Court was clear that Yuga took an untenable position regarding its over-designation of Mr. Hickman's deposition. *See* Dkt 133 at 2 ("The Court does not understand why Yuga designated the entire Hickman deposition transcript as HC/AEO, even the portions not discussing HC/AEO documents. The Court also faults Yuga for conditioning de-designation of the Hickman deposition transcript on obtaining de-designation of the HC/AEO documents discussed at the Hickman deposition."). It clearly held Yuga at fault for its actions, chastising Yuga for "holding the transcript hostage." *Id.* The fact that the Court granted relief that Yuga suggested if it lost the motion does not change the fact that Yuga acted wrongfully and did, in fact, lose.

**Plaintiff's Reply:**

Defendants' efforts to excuse their pervasive misconduct by reference to this confidentiality designation dispute are unavailing. The type and degree of conduct at issue are not comparable. No party was harmed or prejudiced by the fact that

Yuga Labs maintained the confidentiality of a transcript, *which contained materials Defendants designated as Confidential or HC-AEO*, in a good-faith attempt to comply with the Protective Order and Defendants' own confidentiality designations.

Yuga Labs disagrees, however, with Defendants' characterization of the outcome of the motion.  Defendants do not dispute that they wrongfully applied blanket confidentiality designations to materials that were disclosed throughout Mr. Hickman's deposition; they do not dispute that their refusal to comply with the Protective Order's instructions regarding designations precipitated the dispute; and they do not dispute that the Court found them to have violated the confidentiality-designation portions of the Protective Order and compelled their compliance.  Yuga Labs does not dispute that the Court found that it should have moved for relief directly instead of asking Defendants to comply before disclosing the transcript, and Yuga Labs accepted that decision.  Once Defendants complied with the order for them to appropriately designate their documents, Yuga Labs promptly designated the transcript as public.  The Court's order reflected Yuga Labs' compromise proposal.

Even so, as discussed above, Defendants' pointing the finger back at Yuga Labs does not do away with the exceptional nature of the case.  In *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975 (C.D. Cal. Feb. 24, 2022), the court indeed considered the conduct of both parties.  But even in that case, where the plaintiff *did* engage in poor conduct, the court found an exceptional case in the plaintiff's favor.  *Id.* at *5 ("Both parties conducted themselves poorly at times throughout litigation.  However, Defendants' conduct was worse and more frequent than [Plaintiff]'s.  Therefore, the Court finds that based on the conduct of the parties, this case is exceptional under the Lanham Act and will award [Plaintiff] attorneys' fees.") (citations omitted).  In other words, even where there was a finding that the plaintiff engaged in bad litigation conduct, that did not preclude a

finding of exceptional case where the defendant's conduct was "worse and more frequent."