**Defendants' Disputed Post Trial Conclusion of Law No. 130:**

Disgorgement is only warranted in cases of "conscious wrongdoers." *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548-JVS (AGRx), 2022 WL 4596697, at *17 (C.D. Cal. July 29, 2022).

**Plaintiff's Basis for Dispute:**

Defendants' conclusion of law is false. The cited case does not hold that disgorgement is "only" warranted in cases of conscious wrongdoers. To the contrary, this case found that willfulness is a sufficient, but not necessary, condition to a disgorgement finding. *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548, 2022 WL 4596697, at *17 ("willfulness is not an inflexible precondition to recovery of a defendant's profits under § 35(a) of the Lanham Act") (cleaned up); *see also Harbor Breeze Corporation v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 38 (9th Cir. 2022) ("a plaintiff need not show that a defendant acted with a particular mental state, such as willfulness, in order to be entitled to an award of profits."). The Lanham Act does not contain a willfulness requirement, and Yuga Labs' only burden is to prove Defendants' sales. 15 U.S.C. § 1117(a) (allowing plaintiff "to recover . . . defendant's profits."). Defendants cite no case to the contrary. Because the Court has found Defendants liable for intentional infringement (SJ Order (Dkt. 225) at 12), Yuga Labs is entitled to Defendants' profits from their infringing acts. *See supra* ¶¶ 17-31; *see also* Yuga Labs' Proposed Findings of Fact and Conclusions of Law (Dkt. 416) at ¶¶ 11-13, 32-37.

**Defendants' Response:**

The Supreme Court has undisputedly held that an infringer's mental state is a "highly important consideration in determining whether an award of profits is appropriate." *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). And courts in this jurisdiction have recognized that disgorgement is appropriate in cases of "conscious wrongdoers." *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548-

JVS (AGRx), 2022 WL 4596697, at *17 (C.D. Cal. July 29, 2022).  The holding in *MGA Entertainment* explained:

> ***Principles of equity and restitution recognize that disgorgement of profits is typically appropriate in cases involving "conscious wrongdoers;"*** in those cases, plaintiffs seek disgorgement of profits not necessarily to be made whole, but to prevent the defendant from retaining gains made possible by its wrongdoing.  See Restatement (Third) of Restitution and Unjust Enrichment § 51 (2011) ("***This profit-based measure of unjust enrichment determines recoveries against conscious wrongdoers*** and defaulting fiduciaries.  Recovery so measured may potentially exceed any loss to the claimant.").

*MGA Ent. Inc.*, 2022 WL 4596697, at *17 (emphasis added).

**Plaintiff's Reply:**

Defendants' response regurgitates the same citation from *MGA* without addressing the fact that they misstated the law.  The quoted language reaffirms that being a "conscious wrongdoer" is not a necessary condition for disgorgement of profits and recognizes that disgorgement can be sought in circumstances without regard to intent, e.g., as part of an effort "to be made whole."  *MGA Ent. Inc.*, 2022 WL 4596697, at *17.  Moreover, Defendants make no effort to distinguish the Ninth Circuit's unequivocal holding that "a plaintiff need not show that a defendant acted with a particular mental state, such as willfulness, in order to be entitled to an award of profits."  *Harbor Breeze Corporation*, 28 F.4th at 38.  Intentional infringement is not necessary for disgorgement.  Indeed, as the Court has already observed, Defendants are incorrect to argue that intent is required for the Court to order disgorgement of their profits.  June 9, 2023 Pretrial Conference Tr. at 33:12-16 ("But with respect to the remaining issues that we're going to be trying in this case, the defendants' profits, there is no willfulness requirement for the defendants' profits.  It's an equitable remedy.  It is a disgorgement.  This is my view.").

Regardless, the Court has already found, and the evidence shows, that Defendants intentionally infringed on the BAYC Marks. *See infra* ¶ 131.