**Defendants' Disputed Post Trial Conclusion of Law No. 134:**

Having abandoned available legal remedies, Yuga cannot obtain disgorgement. *See Hunting World Inc. v. Reboans, Inc.*, No. C 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26, 1994) ("[A]lthough Plaintiff has waived the right to collect damages, this does not render the claim purely equitable because, as discussed above, this is a statutory claim. Again, because the statutes provide adequate remedies, a purely equitable claim may not be maintained.").

**Plaintiff's Basis for Dispute:**

This case arises out of the Lanham Act, which expressly provides for damages **and** disgorgement of Defendants' profits. "The Lanham Act itself is no obstacle to a recovery of both plaintiff's damages and defendant's profits." *See* J. Thomas McCarthy, 2 *McCarthy on Trademarks and Unfair Competition* § 30:73 (5th ed.) ("Plaintiff may be awarded damages in some circumstances in addition to defendant's profits."). Accordingly, the Lanham Act allows for three distinct financial remedies—(1) defendants' profits, (2) plaintiffs' damages, and (3) the costs of the action. 15 U.S.C. § 1117(a). These remedies are not stated in the disjunctive, and each are separately available under the statute. Moreover, the model jury instructions make clear that actual damages and disgorgement are available in the same case: "*In addition to actual damages*, the plaintiff is entitled to any profits earned by the defendant that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence." Manual of Model Civil Jury Instructions § 15.29, Trademark Damages—Defendant's Profits (emphasis added). Because the Court has found Defendants liable for intentional infringement (SJ Order (Dkt. 225) at 12), Yuga Labs is entitled to Defendants' profits from their infringing acts. *See* Yuga Labs' Proposed Findings of Fact and Conclusions of Law (Dkt. 416) at ¶¶ 11-13, 32-37. In sum, Defendants are not allowed to retain the fruits of unauthorized trademark use. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1077 (9th Cir. 2015).

To receive Defendants' profits, Yuga Labs' only burden is to "establish[] the defendant's gross profits from the infringing activity with reasonable certainty." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993). Defendants cite no case to the contrary. Through at least the testimony of Ms. Kindler, Yuga Labs has met its burden.

Finally, the cited case—which is almost 30 years old, unpublished, and from another district—is neither controlling nor persuasive precedent for this court. Indeed, the only other court that has cited this case is from C.D. Cal. and rejected its findings, "disagree[ing] with the basis for the holding, *i.e.*, that any claim prescribed by a statute is a legal claim." *Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*, No. EDCV1001858VAPDTBX, 2012 WL 12893524, at *6 n.5 (C.D. Cal. June 27, 2012).

**Defendants' Response:**

The Supreme Court has held that disgorgement is not available unless there is "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). And the rule set forth in *Dairy Queen* has been applied to awarding defendant's profits under the Lanham Act. *See Hunting World Inc. v. Reboans, Inc.*, No. C 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26, 1994).

Legal remedies were available in this case. Yuga expressly asserted and offered expert testimony in support of legal remedies (including a claim for actual damages that its expert was able to quantify), which it then voluntarily relinquished. Dkt. 315-1 at 2 ("Yuga Labs is withdrawing all legal remedies"); Trial Tr. [Kindler] 172:14-17, 173:1-8, 174:4-7, 175:17-19. Having abandoned available legal remedies, Yuga cannot obtain disgorgement. *See Hunting World Inc.*, 1994 WL 763408, at *2-3 ("[A]lthough Plaintiff has waived the right to collect damages, this does not render the claim purely equitable because, as discussed above, this is a

statutory claim. Again, because the statutes provide adequate remedies, a purely equitable claim may not be maintained.").

**Plaintiff's Reply:**

There is no requirement for an absence of an "adequate remedy at law" to obtain disgorgement, and even if there were, Yuga Labs' actual damages would not be sufficient to compensate for the irreparable harm Defendants caused. *See supra* ¶ 132.