**Defendants' Disputed Post Trial Conclusion of Law No. 139:**

As the above authorities make clear, having abandoned "all legal remedies," Yuga cannot permissibly obtain more than the statutory minimum on its cybersquatting claim without violating Mr. Ripps' and Mr. Cahen's Seventh Amendment rights. *See Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1290 (S.D. Cal. 2020) (holding that awarding more than the statutory minimum is a jury issue) (citing *Dream Games of Ariz. Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009)); *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1259-60 (W.D. Wash. 2013) (holding that statutory damages are a jury issue)).

**Plaintiff's Basis for Dispute:**

Courts are given "wide discretion" in determining the appropriate amount of ACPA damages. *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09-08982 MMM (MANx), 2010 WL 11597623, at *10 (C.D. Cal. Nov. 19, 2010). Statutory damages are an equitable remedy and courts are not required to refer the issue of statutory damages to a jury. *See Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014) ("The district court did not err in calculating statutory damages rather than holding a jury trial on that issue because the ACPA allows for statutory damages between $1,000 and $100,000, 'as the court considers just.' 15 U.S.C. § 1117(d)."); *Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc.*, No. CV 10-3738-AB (CWX), 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) ("[T]here is no right to a jury trial for the assessment of statutory damages."). "'[C]ourts generally consider a number of factors . . ., including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities . . . and other behavior by the defendant evidencing an attitude of contempt towards the court.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012).

Here, Defendants' cybersquatting was willful and egregious. Defendants intentionally infringed the BAYC Marks to deceive consumers. *See* SJ Order (Dkt.

225) at 12. Moreover, "Defendants acted with a bad faith intent to profit" from Yuga Labs' marks, including by "register[ing] multiple domain names—https://rrbayc.com/, https://apemarket.com/, and pages within OpenSea and Foundation—knowing that they were identical or confusingly similar to the BAYC Marks" and by "register[ing] their domains . . . for commercial gain to divert customers from purchasing BAYC NFTs." *See id.* at 15. These circumstances alone support Yuga Labs' request for $200,000 in statutory damages. *See Bekins, 2010 WL 11597623, at *11* (defendant's willful and bad faith cybersquatting supported maximum amount of statutory damages); *eAdGear, Inc. v. Liu*, No. CV-11-05398 JCS, 2012 WL 2367805, at *19 (N.D. Cal. June 21, 2012), report and recommendation adopted, 2012 WL 4005454 (N.D. Cal. Sept. 11, 2012) ("Defendant's willfulness and deception justify statutory damages in the maximum amount of $100,000."). Even more, Defendants concealed their infringing activities by registering the domain names through a proxy registration service. SJ Order (Dkt. 225) at 15.

**Defendants' Response:**

A court's discretion in awarding damages is curbed by Defendants' rights, including Defendants' Seventh Amendment right to a jury trial. Statutory damages are legal remedies for which there is a right to a jury trial. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("[t]he right to a jury trial includes the right to have a jury determine the amount of statutory damages") (emphasis in original). However, a jury trial is not required in instances when a plaintiff elects to accept the minimum amount of statutory damages. *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011). Here, the Court has discretion to award statutory minimum damages of $1,000 for each of the two cybersquatting violations that the Court found (Dkt. 225 at 13-15), for a total of $2,000. *See* 15 U.S.C. § 1117(d) (permitting "award of statutory damages in the amount of not less than $1,000").

Yuga improperly relies on *Bekins*, a default judgement case, to argue that this Court has wide discretion to award cybersquatting damages above the statutory minimum. *Bekins Holding Corp. v. BGT Trans, Inc.*, 2010 WL 11597623, at *1 (C.D. Cal. Nov. 19, 2010). In *Belkins,* the defendant ignored the complaint and continued to use the domain name in question. *Id*. As a result, the court applied the *Eitel* factors to determine whether entry of default judgement was justified. *Id.* at 3. Our facts are completely distinct from *Belkins.* Here, Yuga waited until after the summary judgement stage to waive "all legal remedies." Yuga's decision to forgo a jury trial does not impact Defendants right to have a jury determine the amount of statutory damages. See *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998).

Yuga also relies on two unpublished cases (*Two Plus Two Pub* and *Acad. Of Motion Pictur of Arts*), which are not binding precedent on this court, to argue that statutory damages are an equitable remedy. District Courts have declined to follow these unpublished decisions and instead held that determination of stator damages is a jury issue. *See*, *e.g.*, *Daimler AG*, 498 F. Supp. 3d at 1290 (S.D. Cal. 2020) (holding in 2020 that an award above the statutory minimum is a jury issue).

Yuga waived its right to any claim of willful infringement, and there has been no finding of willfulness. To the contrary, because Yuga gave up all legal remedies, Defendants are entitled to judgment of no willfulness. Furthermore, Yuga points the Court to its summary judgement order and incorrectly suggests that this Court is tied to its previous findings regarding Defendants' intent. That is not the case. Yuga has incorrectly relied on the law of the case doctrine. The "law of the case doctrine does not apply to pretrial rulings ***such as motions for summary judgment***." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be

otherwise."). For example, in *Sienze v Kutz*, the Court held that although ***aspects*** of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police contact was relevant as background, but not to already decided issue that initial contact was not excessive force).

**Plaintiff's Reply:**

Defendants' response should be rejected because (1) statutory damages are an equitable remedy and the Court may award more than the minimum statutory damages (*supra* ¶ 137); (2) the Court has found Defendants willfully cybersquatted (*supra* ¶ 131); and (3) the Court's order finding that Defendants' cybersquatting was willful is binding (*supra* ¶ 9).