**Defendants' Disputed Post Trial Conclusion of Law No. 140:**

Yuga is entitled to, at most, the statutory minimum damages of $1,000 for each of the two cybersquatting violations that the Court found (SJ Order (Dkt. 225) at 13-15), for a total of $2,000. *See* 15 U.S.C. § 1117(d) (permitting "award of statutory damages in the amount of not less than $1,000").

**Plaintiff's Basis for Dispute:**

The Court should award Yuga Labs $200,000 in statutory damages for Defendants' cybersquatting violations under the ACPA. *See* 15 U.S.C. § 1117(d).

Courts are given "wide discretion" in determining the appropriate amount of ACPA damages. *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09-08982 MMM (MANx), 2010 WL 11597623, at *10 (C.D. Cal. Nov. 19, 2010). Statutory damages are an equitable remedy and courts are not required to refer the issue of statutory damages to a jury. *See Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014) ("The district court did not err in calculating statutory damages rather than holding a jury trial on that issue because the ACPA allows for statutory damages between $1,000 and $100,000, 'as the court considers just.' 15 U.S.C. § 1117(d)."); *Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc.*, No. CV 10-3738-AB (CWX), 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) ("[T]here is no right to a jury trial for the assessment of statutory damages."). "'[C]ourts generally consider a number of factors . . ., including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities . . . and other behavior by the defendant evidencing an attitude of contempt towards the court.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012).

Here, Defendants' cybersquatting was willful and egregious. Defendants intentionally infringed the BAYC Marks to deceive consumers. *See* SJ Order (Dkt. 225) at 12. Moreover, "Defendants acted with a bad faith intent to profit" from Yuga Labs' marks, including by "register[ing] multiple domain names—

https://rrbayc.com/, https://apemarket.com/, and pages within OpenSea and Foundation—knowing that they were identical or confusingly similar to the BAYC Marks" and by "register[ing] their domains . . . for commercial gain to divert customers from purchasing BAYC NFTs." *See id.* at 15. These circumstances alone support Yuga Labs' request for $200,000 in statutory damages. *See Bekins, 2010 WL 11597623, at *11* (defendant's willful and bad faith cybersquatting supported maximum amount of statutory damages). Even more, Defendants concealed their infringing activities by registering the domain names through a proxy registration service. SJ Order (Dkt. 225) at 15.

Defendants also display a clear contempt towards the Court. Despite the Court finding Defendants liable for cybersquatting (SJ Order (Dkt. 225) at 15), they have continued to use and promote the domains to advertise their infringing RR/BAYC NFTs. Defendants' pattern of abusive and bad-faith litigation conduct and disregard of the authority of this Court and its proceedings warrants a high statutory damages award. *See also infra* Section III.C; *St. Luke's Cataract and Laser Inst., P.A. v. Sanderson,* 573 F.3d 1186, 1206 (11th Cir. 2009) ("We agree and conclude that an ACPA statutory damages award . . . serves as a sanction to deter wrongful conduct"); *Verizon Cal. Inc. v. OnlineNIC, Inc.*, No. C08-2832, 2009 WL 2706393, at *6 (N.D. Cal. Aug. 25, 2009) (awarding $50,000 per-violation award because of "noncompliance with court orders, as well as its systematically deceptive behavior").

**Defendants' Response:**

The Court has discretion to award statutory minimum damages of $1,000 for each of the two cybersquatting violations that the Court found (Dkt. 225 at 13-15), for a total of $2,000. *See* 15 U.S.C. § 1117(d) (permitting "award of statutory damages in the amount of not less than $1,000").

A court's discretion in awarding damages is curbed by Defendants' rights, including Defendants' Seventh Amendment right to a jury trial. Statutory damages

are legal remedies for which there is a right to a jury trial. See *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("[t]he right to a jury trial includes the right to have a jury determine the amount of statutory damages") (emphasis in original). However, a jury trial is not required in instances when a plaintiff elects to accept the minimum amount of statutory damages. See *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011).

Yuga improperly relies on *Bekins*, a default judgement case, to argue that this Court has wide discretion to award cybersquatting damages above the statutory minimum. *Bekins Holding Corp. v. BGT Trans, Inc.*, 2010 WL 11597623, at *1 (C.D. Cal. Nov. 19, 2010). In *Belkins,* the defendant ignored the complaint and continued to use the domain name in question. *Id*. As a result, the court applied the *Eitel* factors to determine whether entry of default judgement was justified. *Id.* at 3. Our facts are completely distinct from *Belkins.* Here*,* Yuga waited until after the summary judgement stage to waive "all legal remedies." Yuga's decision to forgo a jury trial does not impact Defendants right to have a jury determine the amount of statutory damages. See *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998).

Yuga waived its right to any claim of willful infringement, and there has been no finding of willfulness. To the contrary, because Yuga gave up all legal remedies, Defendants are entitled to judgment of no willfulness. Furthermore, Yuga points the Court to its summary judgement order and incorrectly suggests that this Court is tied to its previous findings regarding Defendants' intent. That is not the case. Yuga has incorrectly relied on the law of the case doctrine. The "law of the case doctrine does not apply to pretrial rulings ***such as motions for summary judgment***." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be

otherwise."). For example, in *Sienze v Kutz*, the Court held that although **aspects** of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police contact was relevant as background, but not to already decided issue that initial contact was not excessive force).

Yuga presents no evidence that Defendants continued to use and promote the rrbayc.com domain after this Court's summary judgement order. Instead, Yuga merely speculates about Defendants continued activities. Yuga's speculation is not sufficient grounds to go above the statutory minimum. Furthermore, Yuga's argument that this Court should award higher statutory damages to deter wrongful conduct further underscores that statutory damages is a legal remedy. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345–47 (1998) (explaining that "monetary relief is legal ... and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment.").

Defendants have not engaged in any litigation misconduct. *See generally* Dkt. 348 at 11-15. Defendants' defenses were made reasonably and in good faith. *Id*. All of Defendants' efforts to litigate and settle in good faith were impacted by Yuga's unreasonable demands, including Yuga's demand for a non-disparagement clause and Yuga's ever fluctuating assessment of actual damages. *See* Dkt 286 at 2-3 (asserting damages of $1,792,704 on June 7); Dkt. 287-10 at 4 (asserting damages of $797,183,838 on June 8); Dkt. 315-1 at 2 (dropping actual damages on June 15). This Court acknowledged that Yuga's demand for a non-disparagement clause was "a condition that is quite frankly unreasonable." Hearing Transcript June 16, 2023, at 9:9-12. Furthermore, Yuga has failed to present evidence which shows that Defendants lack respect for this Court or the rule of law. To the contrary, both Defendants fully participated in the pre-trial litigation process,

appeared for trial, conducted themselves respectfully, and testified truthfully under oath, as any reasonable litigant would.

**Plaintiff's Reply:**

Defendants' arguments should be rejected for the reasons stated above. *See supra* ¶ 137. Additionally, Defendants' argument that the Court *must* award the minimum statutory damages flies in the face of the clear language of the statute and their own admission that "the Court has *discretion* to award minimum statutory damages . . ." (emphasis added); *See* 15 U.S.C. § 1117(d) (allowing plaintiff to recover the minimum or maximum statutory damages "as the court considers just."). The statute does not say that the Court *must* award only minimum statutory damages.