**Defendants' Disputed Post Trial Conclusion of Law No. 144:**

<u>Here, a properly tailored injunction must be targeted to eliminating any confusion resulting from the sale of RR/BAYC NFTs, or the use of the "rrbayc.com" and "apemarket.com" domains.</u>

**Plaintiff's Basis for Dispute:**

A properly tailored injunction must end the irreparable harm done to Yuga Labs' BAYC brand and allow it to regain control of the brand. This includes putting an end to Defendants' sales, promotion, and marketing of infringing NFTs; preventing Defendants from creating any future confusion by minting new infringing NFTs or improperly using Yuga Labs' Marks; alerting consumers that the RR/BAYC NFTs are a scam; and transferring the smart contract and other infringing domains and instrumentalities to Yuga Labs so it once again has sole control over its marks. The injunctive relief set forth in Yuga Labs' Proposed Findings of Fact and Conclusions of Law would accomplish this. *See* Dkt. 416 at 14-17, 20-23. Indeed, two other courts have entered similar injunctions against Defendants' business partners. *See* [Judgment and Order for Permanent Injunction Against Ryan Hickman (Dkt. 30), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Aug. 25, 2023)](#); JTX-621 ([Consent Judgment and Order for Permanent Injunction Against Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-TWD (N.D.N.Y Feb. 6, 2023)](#)).

Defendants' proposed injunction is too narrow. For example, it does not prohibit Defendants from marketing, licensing, or manufacturing RR/BAYC NFTs. Dkt. 418-1 at 20:21-21:5, 22:7-10. Likewise, simply eliminating confusion does not protect Yuga Labs from the irreparable harm done by Defendants' infringement. *Id.* ¶¶ 45-56. Part of this irreparable harm derives from the fact that the RR/BAYC NFTs are immutably linked to Yuga Labs' Bored Ape Yacht Club brand through the RR/BAYC smart contract and token tracker. Trial Tr. at 134:1-8 (Mr. Atalay testifying that "[i]n this particular instance, upon inspection of the

Foundation smart contract that was used to deploy the RR/BAYC smart contract, it's evident that these are not mutable fields in this particular instance."). Defendants' proposed injunctions would also not transfer control of the RR/BAYC smart contract to Yuga Labs. Without transfer of the contract, the Defendants would forever have control over and a connection to Yuga Labs' BAYC Marks. *See* Solano Decl. (Dkt. 342) ¶ 79. Defendants have no basis for continuing to hold on to the instrumentalities of their bad faith infringement—namely the RR/BAYC smart contract used to manufacture and sell the infringing NFTs and the cybersquatting domains rrbayc.com and apemarket.com. Each of these instrumentalities should be under the control of Yuga Labs as the rightful owner of the BAYC Marks.

**Defendants' Response:**

Yuga argues that this Court should adopt its injunctive relief terms and cite to the Lehman consent judgment—which was a condition of settlement—and the injunction entered against Mr. Hickman—which was attained via a default judgment. Neither Mr. Lehman and Mr. Hickman were defending themselves against the terms of the overbroad injunction. Yuga cites to its *own* proposed terms to argue that Defendants' terms are in some way unreasonable. *See* Dkt 418 20:21-23:28. Defendants objected to the injunction as a whole because it is not tailored to the specific harm. Yuga's attempt to remediate it by pointing to specific terms is unavailing.

Yuga also focuses on its term that it be given the smart contract. That would serve no purpose of addressing infringement might not be technically feasible. But Yuga has admitted that the contract is immutable, which means that the smart contract cannot be changed or modified in any meaningful way, no matter who owns it. *See* Trial Tr. [Atalay] 134:11-20. However, an order that prohibits Defendants from minting anymore RR/BAYC NFTs would be sufficient to prevent

Defendants from causing Yuga the injury alleged in this case.  Further, it would be enforceable in court.

**Plaintiff's Reply:**

Defendants' response should be rejected because (1) Yuga Labs' proposed injunction does not seek to curtail Defendants' First Amendment rights and (2) Yuga Labs' proposed injunction is tailored to address the irreparable harm done to Yuga Labs and allow it to regain control of its brand.  *See supra* ¶ 143.

Defendants' argument that giving Yuga Labs the smart contract "would serve no purpose of addressing infringement might not be technically feasible" (sic) ignores the evidence.  First, Yuga Labs' witnesses testified that it *is* feasible.  Solano Decl. (Dkt. 342) ¶ 79; Trial Tr. 100:6-14; Trial Tr. 136:9-18.  Moreover, Mr. Lehman has transferred the RR/BAYC RSVP smart contract to Yuga Labs, which demonstrates the technical feasibility of this relief.  Second, the undisputed evidence demonstrates that, without transfer of the contract, the Defendants would forever have control over and a connection to Yuga Labs' BAYC Marks.  *See* Solano Decl. (Dkt. 342) ¶ 79.  The immutability of the RR/BAYC NFT contract is not an impediment to transferring the contract to Yuga Labs, but a major reason the contract *should* be transferred to Yuga Labs.  As long as Defendants have the RR/BAYC smart contract, they will continue to be infringing on the BAYC Marks in it.  More directly, though, the contract will always say Bored Ape Yacht Club and BAYC—Mr. Ripps has no right to forever associate himself with Yuga Labs' trademarks.  If Defendants maintain control of the RR/BAYC smart contract consumers may still be confused as to the source of the NFTs – Defendants have argued that consumers will see Mr. Ripps' name as the creator of the NFTs and thus know that his NFTs are not Yuga Labs' NFTs.  Defendants have no survey concluding this is likely; it is equally possible that consumers see his name and think he is somehow related to Yuga Labs because the contract prominently uses two BAYC Marks.

Finally, Yuga Labs explained at trial how having ownership of the smart contract will, in fact, do more to remedy the irreparable harm to Yuga Labs than merely an order that Defendants never mint more RR/BAYC NFTS. If Yuga Labs owns the RR/BAYC smart contract, ownership will allow Yuga Labs to work with the NFT marketplaces to ensure that the human readable elements of the marketplace clearly indicate that RR/BAYC NFTs are not authentic BAYC NFTs. Trial Tr. at 136:9-139:11. Defendants admit this essential fact. *See* Ripps Depo. Designations (Dkt. 396) 289:7-11 (**admitting Mr. Ripps has control over aspects of secondary marketplace listings**) ("Q: So you signed in with a wallet to LooksRare, and they permitted you to make changes to the page dedicated to the RR/BAYC NFTs? / A: The change of this redacted thing, it's something that I have done, yeah/"). Moreover, if Defendants maintain ownership and control over the smart contract, they could continue to obtain royalties or mint new RR/BAYC NFTs in the future (even if ordered not to do so). Thus, transferring the RR/BAYC smart contract from the infringer, Mr. Ripps, to the rightful owner, Yuga Labs, will help reduce future confusion and reduce the risk of future ill-gotten gains to Mr. Ripps. An order solely prohibiting Defendants from minting RR/BAYC NFTs would not accomplish this.

Finally, Defendants' argument that Mr. Lehman and Mr. Hickman were not defending themselves against Yuga Labs' proposed injunction is false. Mr. Lehman and Mr. Hickman were both named Defendants in these cases, and they both defended themselves. Mr. Lehman, who was represented by counsel throughout the course of litigation against him, specifically agreed to the consent judgment entered by the Court, which contained the terms of the injunction. *See* JTX-621 (Consent Judgment and Order for Permanent Injunction Against Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-TWD (N.D.N.Y Feb. 6, 2023)). And Mr. Hickman opposed Yuga Labs' motion for default judgment, unequivocally indicating his awareness of Yuga Labs' requested

injunctive relief, stating that "Fenwick and West is threatening me by attempting to enter an injunctive relief similar to Thomas Lehman's case . . . ." *See* Letter (Dkt. 24), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Apr. 12, 2023). Moreover, Yuga Labs' Motion for Default that Mr. Hickman responded to specifically laid out the injunctive relief Yuga Labs sought. *See* Motion for Default (Dkt. 23), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Mar. 31, 2023). Nevertheless, Defendants' argument is misplaced because two federal courts (N.D.N.Y and D. Nev.) found the injunctions to be reasonable.