**Defendants' Disputed Post Trial Conclusion of Law No. 151:**

Mr. Ripps and Mr. Cahen put forward defenses that were objectively reasonable, and Mr. Ripps and Mr. Cahen were justified in defending this litigation through trial, particularly given Yuga's demand for terms that Yuga could never attain through this litigation. *See Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-7058-ODW (JPRx), 2021 WL 2414856, at *2 (C.D. Cal. June 14, 2021) ("Courts in this district have held that a party's litigation position must be objectively meritless for a case to be exceptional…").

**Plaintiff's Basis for Dispute:**

Defendants' positions in this case were objectively unreasonable and unjustified, and only became more so as the case progressed.  When Yuga Labs filed the Complaint in June 2022, it began with a substantively strong litigating position, alleging that Defendants used identical marks to sell identical competitive goods on the same marketplaces as Yuga Labs. *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) ("[C]ases involving identical marks on competitive goods are rare and 'hardly ever find their way into the appellate reports' because liability is 'open and shut.'").  This objectively strong position alone is enough to find an exceptional case.  *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (Under the "totality of the circumstances," an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016); *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *4 (C.D. Cal. Feb. 24, 2022).

Defendants also unreasonably litigated this case, making frivolous and objectively unreasonable claims and re-litigating issues that had already been decided.  *SunEarth*, 839 F.3d at 1181 (in determining whether a case is exceptional,

courts consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need . . . to advance considerations of compensation and deterrence.") (cleaned up).  *See supra* ¶¶ 121, 123.

Further, Defendants' statement that Yuga Labs hindered settlement discussions is factually untrue.  *See supra* ¶ 121.  Throughout the process, it has been Defendants' hostile approach to these proceedings, their bad-faith demands, and refusal to accept the reality of their infringement, as explained by the Court, that prevented any productive settlement discussions.

**Defendants' Response:**

Yuga ignores this court's general rule requiring a finding of frivolousness. *See Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (rejecting exceptional case finding in trademark case because claims were not "frivolous").  They instead focus on the fact that the marks were allegedly the same.  This ignores that Defendants lodged a reasonable—but ultimately unsuccessful—*Rogers* defense.  Instead, Yuga's proposed rule would collapse winning and risk turning exceptional cases into usual cases.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014) (defining exceptional in exceptional case as "uncommon, rare and not ordinary").  This Court should ignore their invitation to make exceptional cases more common.

Lastly, Yuga complains that it was Defendants who took unreasonable positions in settlement.  However, Yuga is the party that failed to engage in good faith settlement negotiations.  In fact, this Court noted that Yuga's settlement terms were "quite frankly unreasonable." Dkt. 334 at 9:9-12.  Yuga sought to have Defendants sign away their right to criticize the company.  Defendants cherish their right to speak.  Not acquiescing to Yuga's unreasonable demands was entirely reasonable.

**Plaintiff's Reply:**

As demonstrated above, Defendants engaged in egregious litigation misconduct, warranting a finding of exceptional case in Yuga Labs' favor. *See supra* ¶¶ 121, 150.

Additionally, Defendants' response should be rejected because (1) Defendants' claims were frivolous (*see supra* ¶ 150) and (2) Yuga Labs did not take unreasonable settlement positions (*see supra* ¶ 123).