**Defendants' Disputed Post Trial Conclusion of Law No. 153:**

Yuga's own conduct in this litigation—including, but not limited to, making unreasonable settlement demands, seeking overbroad injunctive relief, unjustifiably resisting discovery obligations, ignoring a Court order on its executive's deposition date, and repeatedly making unwarranted requests for sanctions—precludes a finding that this case is exceptional in Yuga's favor. *Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") (internal quotations and citations omitted); *SunEarth, Inc.*, 839 F.3d at 1180-81 (holding that an exceptional case finding is an exercise of the court's equitable powers).

**Plaintiff's Basis for Dispute:**

The losing party in a Lanham Act case cannot defend against an exceptional case finding by accusing the prevailing party of engaging in similar misconduct. *See Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022) (finding exceptional case amidst allegations that "[b]oth parties conducted themselves poorly at times throughout litigation" where "Defendants' conduct was worse and more frequent than [plaintiff's]."). Nonetheless, Yuga Labs conducted itself appropriately throughout this case. *See supra* ¶ 125. Furthermore, Defendants' citation to *Ramirez* is inapposite, as it does not address an exceptional case or even the Lanham Act for that matter. *See, generally*, *Ramirez v. Collier*, 142 S. Ct. 1264 (2022) (condemned criminal claiming violation under the Religious Land Use and Institutionalized Persons Act and the First Amendment).

After a year of litigation and bad faith conduct by Defendants, now is the time for Defendants to allow Yuga Labs to regain control of its brand, end their infringements, and face the consequences of their actions.

**Defendants' Response:**

Yuga is incorrect as a matter of law. Their cited case actually directly stands for the proposition that Defendants advance, stating that "The Court also considers the conduct of **both parties** throughout the case." *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022). This makes sense, because an exceptional case finding is equitable relief. *Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") (internal quotations and citations omitted); *SunEarth, Inc.*, 839 F.3d at 1180-81 (holding that an exceptional case finding is an exercise of the court's equitable powers). Further, the quote from *Ramirez*, is on point because it discusses general principles of equitable relief, which Yuga admits it is seeking through its exceptional case finding. This Court should consider the conduct of Yuga in determining whether it is entitled to its prayer for equitable relief.

**Plaintiff's Reply:**

Defendants cannot defend against the evidence of their own egregious litigation misconduct by pointing the finger at Yuga Labs. *See supra* ¶ 150. As in *Jackson*, the alleged misconduct of one party was not material in awarding attorneys' fees because "Defendants' conduct was worse and more frequent than [plaintiff's]," warranting an award of attorneys' fees to Yuga Labs. *Jackson*, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022). Every example of so-called "misconduct" that Defendants cite is no more than minor discovery or settlement disputes that have mostly been resolved; for example, a minor deposition delay well before the close of discovery and Yuga Labs' request for Defendants to be consistent in their confidentiality designations. *See supra* ¶ 150. In contrast, Defendants' conduct was truly egregious, including: (1) making heinous statements about Yuga Labs, its employees, and counsel and then breaking their agreement not

to make these accusations at trial; (2) seeking to relitigate issues throughout the course of this case and even to this day; (3) withholding documents and lying under oath about it; (4) publicly disclosing confidential documents to harm Yuga Labs; (5) using the litigation to farm for engagement on social media; and (6) refusing to settle under reasonable terms after losing the case on the merits.  *See supra* ¶ 121.  Regardless, Yuga Labs' objectively strong litigating position alone is enough to find an exceptional case.  See *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (Under the "totality of the circumstances," an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016); *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *4 (C.D. Cal. Feb. 24, 2022); *see supra* ¶ 151.

    Defendants' willful infringement caused egregious harm to Yuga Labs and its BAYC brand.  It is time for the Defendants to face the consequences of their harm through an injunction against further infringement and by handing over their unearned profits along with Yuga Labs' attorneys' fees.