Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact 7(b)** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 7(b):**

"Defendants have admitted that they intentionally used the BAYC Marks in their RR/BAYC NFTs." SJ Order at 11; Dkt. 396 (Ripps Depo. Designations) at 149:18-150:10.

**Defendants' Basis of Dispute:**

The trial evidence does not show that Defendants admitted that they intentionally using the asserted marks to engage in any acts of intentional infringement. To the contrary, the record is clear that Defendants used the RR/BAYC project to refer to Yuga and make criticism. Ripps Decl. ¶¶ 110, 144, 147 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 131, 144 (Dkt. 344); JTX-801.00010, 012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30. Moreover, Defendants had a reasonable belief that they were permitted to create the RR/BAYC collection based on Yuga's public activities of permitting and encouraging thousands of third parties to create their own crypto projects and to be creative with the Bored Ape Yacht Club. Ripps Decl. ¶¶ 187-191 (Dkt. 346) (uncontested); Hickman Decl. ¶ 33 (Dkt. 345); JTX 2243; JTX 2244; Trial Tr. [Muniz] 81:18-22.

Yuga also misleadingly cites to Mr. Ripps's deposition testimony as evidence of Defendants' alleged admission. That cited testimony, however, contains no such admission. It involves questions on what "RR" and "BAYC" refer to in the RR/BAYC collection (Dkt. 396 at 149:18-150:7) and Mr. Ripps explaining why he did not apply for a trademark for "RR/BAYC": "Because I'm an artist. I don't have any reason to trademark things." (Dkt. 396 at 150:8-10, 11-13).

1        Yuga has also incorrectly relied on the law of the case doctrine by arguing that the Court's summary judgment order supports a finding of intentionality. The "law of the case doctrine does not apply to pretrial rulings *such as motions for summary judgment*." Shouse v. Ljunggren, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also* Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be otherwise."). For example, in *Sienze v Kutz*, the Court held that although *aspects* of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police contact was relevant as background, but not to the already decided issue that initial contact was not excessive force). This case is just like *Sienze*: the summary judgment ruling on intent applies only the issue of infringement and is not adequate support for intent generally or as applied to availability of disgorgement as a remedy, apportionment, and an exceptional case analysis.

**Plaintiff's Response:**

Defendants dispute an exact quote from the Court, underscoring their bad-faith efforts to multiply the cost of this litigation by rehashing decided issues. And, for the immediately following proposed finding of fact (¶ 7I), Defendants admit the truth and relevance of the fact that: "**Each of Defendants' 9,546 RR/BAYC NFTs used the BAYC Marks**." Defendants' contradictory admissions about their basic use of Yuga Labs' BAYC Marks unnecessarily increases the costs and complexity of this litigation about their known infringement.

Defendants' objection should be rejected for the same reasons discussed *supra* ¶ 7(a); specifically: (1) the objection seeks to relitigate issues already adjudicated by the Court, (2) the record shows that Defendants intended to cause confusion, (3) the

record shows that Defendants' commercial infringement was not protected "art," (4) Defendants' "disclaimer" did not dispel likelihood of confusion, (5) Yuga Labs did not authorize Defendants' infringement and, to the contrary, had implemented a robust enforcement program to shut down infringers like Defendants, (6) Mr. Hickman did not have (or convey to Defendants) the right to infringe Yuga Labs' BAYC Marks, (7) there is no dispute that Defendants used Yuga Labs marks, and (8) Defendants intended to profit off of their infringement.

Additionally, as described below, Defendants' objection should be rejected because (1) Defendants' characterization of the evidence is unpersuasive, and (2) Defendants have already admitted to their blatant infringement in the pre-trial conference order.

**Defendants' Characterization Of The Evidence In This Objection Is Incorrect:** Defendants attempt to deflect from their use of the BAYC Marks to why they used those marks – there is no dispute that they used the BAYC Marks. *See* Ripps 2d Supp. Response to Interrogatory No. 3 ("in some circumstances the RR/BAYC project also displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs . . ."); Ripps Response to Interrogatory No. 5 ("'BAYC' [in RR/BAYC] references the abbreviated title of Yuga's NFT collection"); Defendants' Motion to Strike (Dkt. 48) at 18 ("Mr. Ripps's appropriation art project would not be readily identifiable, or even possible, without using Yuga's marks"); *id.* at 19 ("the nature of Mr. Ripps's performance and appropriation art project requires use of Yuga's marks").

The cited deposition testimony of Mr. Ripps is one of many admissions that the "BAYC" in "RR/BAYC" refers to Bored Ape Yacht Club, which is Yuga Labs' brand:

> Q. And the Bored Ape Yacht Club -- or "BAYC"
> refers to Bored Ape Yacht Club?

|   |   |
|---|---|
| 1 | A. Yup. |
| 2 | Q. And Bored Ape Yacht Club is associated |
| 3 | with Yuga Labs? |
| 4 | A. Yes. |

Dkt. 396 (Ripps Depo. Designations) at 150:2-7; *see also* JTX-801.371 (Cahen to Ripps: "per our attorney we may just need to change the skull / If we want to fight trademark"); *see also* JTX-801.185 (Mr. Lehman writing, "overall I think we should be very careful about doing this in terms of the confusion it will create"); JTX-801.189 (Mr. Hickman informing Mr. Cahen that it was "difficult to make the collections coexist" because "they are the same art" and "same logos"); JTX-801.279 (Mr. Lehman referring to potential customers as "SHEEPLE" and writing, "Ppl will not read the contract"); JTX-801.376 (Mr. Lehman wrote that the RR/BAYC logo "could be considered confusing and our use of the 'BAYC' name."); JTX-631 (third party informing Mr. Lehman that RR/BAYC was "quite crazy definitely some people will buy thinking they are buying originals!"); JTX-918.00036 (Mr. Lehman stating to Mr. Cahen the need to "look really sympathetic to people" if sued); JTX-44.00002 (Mr. Hickman stating, "people believe the tokenId should match the RR ID.  that is where they get confused"); Hickman Depo. Designations (Dkt. 394) at 143:15-144:16 (testifying "Bored Ape Yacht Club" and "BAYC" in the token tracker refers to the Bored Ape Yacht Club made by Yuga Labs).  Defendants intentionally use the BAYC Marks to infringe.

**Defendants' Objection Improperly Contradicts Facts Stipulated To In The Pre-Trial Conference Order:**  Defendants' objection contradicts their own stipulations in the proposed pre-trial conference order.  *See* Dkt. 320-1 at 13.  In that order, Defendants admitted that Yuga Labs is the creator of the Bored Ape Yacht Club NFT collection and owner of the BAYC Marks.  *Id.* at 2-3.  Defendants further admitted that "[t]he Court has determined that Defendants infringed the BAYC

1  Marks" and "that Defendants' registration and use of the domain names
2  https://rrbayc.com and https://apemarket.com constituted cybersquatting under the
3  Anti-Cybersquatting Consumer Protection Act." *Id.* at 13.  As such, Defendants have
4  waived their right to now argue that they were not liable for infringing upon Yuga
5  Labs' marks or cybersquatting under the ACPA.  See U.S. v. First Nat. Bank of Circle,
6  652 F.2d 882, 886 (9th Cir. 1981) ("[N]or may a party offer evidence or advance
7  theories at the trial which are not included in the [pre-trial conference] order *or which*
8  *contradict its terms*.") (emphasis added).  Defendants' attempt to now avoid liability
9  after admitting to it clearly contradict the terms of the pre-trial conference order.
10 Defendants' sudden refusal to accept a stipulated fact is a dilatory and abusive
11 litigation tactic that unjustifiably increases the cost of resolving this case.  Defendants'
12 actions again make this an exceptional case.  The Court should reject Defendants'
13 objection.

**Defendants' Reply:**

15      Defendants do not dispute that this Court has entered summary judgment in this
16 case.  However, in their summary judgment briefing, Defendants made clear that there
17 is a material evidentiary dispute regarding Defendants intent and knowledge and
18 Defendants reserve the right raise this issue for purposes of determining remedies, on
19 appeal, and in all other proceedings involving the BAYC marks.  Defendants are not
20 asking that this Court reconsider its holding, because this under the law of the case
21 doctrine this Court has not made a holding on Defendants' intent for purposes of
22 determining availability of disgorgement as a remedy (including Defendants' mental
23 state as applied to disgorgement), apportionment, and an exceptional case analysis.
24 The "law of the case doctrine does not apply to pretrial rulings **such as motions for**
25 **summary judgment**." Shouse v. Ljunggren, 792 F.2d 902, 904 (9th Cir. 1986)
26 (emphasis added); *see also* Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014)
27 ("Pretrial rulings, often based on incomplete information, don't bind district judges for

1   the remainder of the case.  Given the nature of such motions, it could not be
2   otherwise."). For example, in *Sienze v Kutz*, the Court held that although **aspects** of
3   an issue were decided at summary judgment for one purpose, the summary judgment
4   order did resolve the issue generally or as to other topics.  See No. 1:17-CV-0736-
5   AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence
6   of initial police contact was relevant as background, but not to the already decided
7   issue that initial contact was not excessive force).  This case is just like *Sienze*: the
8   summary judgment ruling on intent is limited to infringement and cannot be applied
9   more broadly.
10          Additionally, Yuga's reference back to its responses in *supra* ¶ 4 do not provide
11   adequate grounds to accept Yuga's erroneous proposed finding of fact.  For reasons
12   provided in *supra* ¶ 4 (both in Defendants' objections and Defendants' reply in
13   support of their objections), the evidence showed that Defendants did not act with
14   intent to cause confusion or to infringe.  Defendants' reply in *supra* ¶ 4 similarly
15   explains that (1) this Court's summary judgment cannot be used to support a finding
16   of fact a trial, (2) Defendants did not intend to confuse consumers, (3) Defendants'
17   intent was to protest and criticize Yuga, (4) Defendants' disclaimer evidence
18   Defendants' good faith attempt to creating protest art and decreasing any likelihood of
19   confusion, (5) Defendants took many steps to avoid confusion including through the
20   use of an artistic statement, disclaimer, and Twitter activity critical of Yuga, (6) Yuga
21   surrendered to the world "all IP rights" associated with the Bored Ape Yacht Club, (7)
22   Mr. Hickman was a BAYC holder that officially received the transfer of "all IP right"
23   that Yuga had made, (8) Defendants did not intend to profit off confusion as the
24   record shows they took many steps to avoid confusion and there is ample evidence of
25   ***no*** actual confusion, (9) Mr. Solano is not a credible witness given his many false
26   statements and his admission at trial that he testified falsely, and (10) the trial revealed
27   that there is no evidence of a confused purchaser of RR/BAYC NFTs.
28

1	Yuga also (1) fails to show that it has not mischaracterized and misrepresented
2	the trial evidence and (2) incorrectly argues that Defendants "admitted" infringement
3	in the pre-trial conference order.

4	***First,*** with regards to the evidence that Yuga mischaracterizes, Yuga now
5	points to Defendants interrogatory responses. But nowhere in those response did
6	Defendant state that they created the RR/BAYC collection intentionally to infringe
7	trademark rights or to cause confusion. And, as explained in the deposition, Mr.
8	Ripps's deposition testimony is only a description of RR/BAYC and not any
9	admission regarding intentional use of any modified marks to cause infringement or
10	confusion. Similarly, as explained in the Defendants' objection, Yuga has taken the
11	statements made in various documents out of context, such as in JTX-801, JTX-44,
12	and Mr. Hickman's deposition designations.

13	***Second,*** Defendants have never stipulated or admitted to intentional
14	infringement or intentionally trying to cause confusion. Defendants hotly disputed
15	this topic at summary judgment (*see* Dkt. 163) and at trial. Yuga ignores this clear
16	record and instead attempts to mischaracterize the Court record by citing to the pre-
17	trial conference order. But ***nowhere*** in the pre-trial conference order did Defendants
18	state that they intentional infringed or intentionally caused confusion. Section 6 of the
19	order contains all stipulated facts and those stipulated facts include only that Yuga
20	released the BAYC collection and various facts about Defendants' activities
21	associated with the RR/BAYC collection. Dkt. 320-1 at 3-4. Yuga points to Section
22	5, which is the admitted facts section, but this section again does not contain any
23	admissions regarding "ownership" of the marks. Rather it merely identifies the
24	asserted marks at issue for the remedies trial—something that Defendants admitted in
25	light of the scope of the remedies trial and to ease this Court's work in adjudicating
26	the remaining issues. Dkt. 32-1 at 2-3. Lastly, Yuga cites to Defendants' statement
27	that the "Court has determined that Defendants infringed the BAYC Marks" and
28

1  similarly with regard to "Defendants' registration and use of the domain names
2  https;//rrbayc.com and https;//apemarket.com." Dkt. 320-1 at 13.  But again, this is
3  not an admission of intentional infringement, it is a statement regarding the procedural
4  history in this case that explains that the scope of trial is limited to remedies and does
5  not include infringement.  Had Defendants wanted to stipulate to intentional
6  infringement, they would have clearly and expressly done so—they have not.
7  Defendants reserve the right to dispute intent on appeal and in any other proceedings
8  involving the BAYC marks.