Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                              Plaintiff,<br><br>       v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                              Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(f), lines 14-15**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 7(f), lines 14-15:**

"Defendants frequently used the entirety of the BAYC Marks without modification." SJ Order at 18.

**Defendants' Basis of Dispute:**

The evidence at trial showed that the RR/BAYC collection involved modified marks to make commentary and raise awareness of what Defendants believed were antisemitic or racist imagery. Ripps Decl. ¶¶ 87-94 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 97-103 (Dkt. 344); Hickman Decl. ¶¶ 62-66 (Dkt. 345); Trial Tr. [Hickman] 222:18-21, [Cahen] 229:9-13. For example, the logo used states "This Logo is Based on the SS Totenkopf; 18 Teeth." *See* JTX-2085. Additionally, the website for the project used the modified "RR/BAYC" throughout. *Id.*

Yuga also fails to cite adequate evidence in support of its allegations that Defendants frequently used unmodified version of the asserted marks. Yuga incorrectly relies on the law of the case doctrine by citing to this Court's summary judgment order. The "law of the case doctrine does not apply to pretrial rulings ***such as motions for summary judgment***." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be otherwise."). For example, in *Sienze v Kutz*, the Court held that although ***aspects*** of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-

0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police contact was relevant as background, but not to the already decided issue that initial contact was not excessive force).  This case is just like *Sienze*: the summary judgment ruling on the use of marks applies to only the issue of infringement and is not adequate support for this issue generally or as applied to availability of disgorgement as a remedy (including Defendants' mental state as applied to disgorgement), apportionment, and an exceptional case analysis.

**Plaintiff's Response:**

Defendants dispute an exact quote from the Court, underscoring their bad-faith efforts to multiply the cost of this litigation by rehashing decided issues.  Even worse, Defendants, in this filing, admit the very fact at issue here.  Defendants admit that they used the BAYC Marks. *See* Defendants admission to Plaintiff's Finding of Fact 7(c): **"Each of Defendants' 9,546 RR/BAYC NFTs used the BAYC Marks."**  Using Yuga Labs' BAYC Marks over 9000 times in each of their infringing products is unquestionably a frequent use.  Defendants have no good faith basis to challenge this admitted finding of fact.

**The Court's Summary Judgment Order Establishes Liability:**  Defendants' objection improperly disputes facts already adjudicated in the Court's Summary Judgment Order (Dkt. 225).  In that order, the Court held that "Defendants have admitted that they intentionally used the BAYC Marks in their RR/BAYC NFTs." *Id.* at 11.  The Court "easily conclude[d]" that Defendants' use of identical marks, on identical products, in identical markets supported a finding of a likelihood of confusion. *Id.* at 10-13.  That order establishes the matters adjudicated therein for purposes of this case.  Fed. R. Civ. P. 56(g) (district courts partially adjudicating case on a summary judgment motion may "enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case"); *accord Nat'l Union Fire Ins. Co. of*

1  *Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1051 (C.D. Cal. 2011); *Singh v. George Washington Univ. Sch. Of Med. & Health Scis.*, 508 F.3d 1097, 1106 (D.C. Cir. 2007) ("Facts found on partial summary judgment are taken as established at trial.").

Even so, Defendants do not dispute that they used the exact BAYC Marks as a source-identifier for their infringing NFTs. Mr. Ripps even admitted to using unmodified BAYC Marks. Dkt. 149-42 at 9-10 ("Mr. Ripps's RR/BAYC project . . . displayed unmodified marks, so that the RR/BAYC project would be directly tied to Yuga, BAYC, and specific BAYC NFTs . . . .") The fact that Defendants also "modified" BAYC Marks instead of the exact marks does not change this fact or undo the likelihood of confusion they caused.

**Defendants' Reply:**

Defendants do not dispute that this Court has entered summary judgment in this case. Defendants are not asking that this Court reconsider its holding, because this under the law of the case doctrine this Court has not made a holding on Defendants' intent for purposes of determining availability of disgorgement as a remedy (including Defendants' mental state as applied to disgorgement), apportionment, and an exceptional case analysis. The "law of the case doctrine does not apply to pretrial rulings **such as motions for summary judgment**." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be otherwise."). For example, in *Sienze v Kutz*, the Court held that although *aspects* of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police contact was relevant as background, but not to the already

1  decided issue that initial contact was not excessive force).  This case is just like
2  *Sienze*: the summary judgment ruling use of marks is limited to infringement and
3  cannot be applied more broadly.
4       Moreover, Defendants made clear in their summary judgment briefing and at
5  trial that they primarily used modified versions of the marks such as "RR/BAYC."
6  For example, Defendants used the modified mark "RR/BAYC" in the website
7  rrbayc.com, and repeatedly referred to the collection with "RR/BAYC" on the
8  website, which is where over 80% of Defendants' sales occurred.  Ripps Decl. ¶¶ 101-
9  103 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 138-139, 147 (Dkt. 344); Dkt. 197-1 ¶¶
10 201-202; JTX-2085; Trial Tr. [Solano] 63:1-10.