Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                Plaintiff,<br><br>  v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(g)**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 7(g):

Mr. Ripps promoted the RR/BAYC NFTs as "Bored Ape Yacht Club V3" and "BAYC V3." JTX-689; JTX-690; JTX-1249; JTX-1556.3-4; Dkts. 340 ¶10; 342 ¶¶65-67; 392 at 53:7-13.

### Defendants' Basis of Dispute:

The evidence at trial showed that Mr. Ripps did not use "BAYC V3" or "Bored Ape Yacht Club V3" to promote the RR/BAYC collection. Mr. Ripps, Mr. Cahen, Mr. Hickman, and third-party Thomas Lehman never used BAYC V3 or Bored Ape Yacht Club V3 to suggest that the RR/BAYC project had any affiliation with Yuga or to confuse any purchaser. Trial Tr. [Cahen] 253:18-21; [Cahen] 254:24-255:3. The term "BAYC V3" was, however, referenced on social media in a sarcastic context and as a joke. Trial Tr. [Cahen] 254:25-255:2. Some third-party resellers also auto-generated the terms "Bored Ape Yacht Club V3" or "BAYC V3," including when generating a new name space after resolution of requests pursuant to the Digital Millennium Copyright Act. Trial Tr. [Cahen] 253:22-254:7. Mr. Ripps and Mr. Cahen had no control over and no affiliation with those third parties who auto-generated "Bored Ape Yacht Club V3" or "BAYC V3." Trial Tr. [Cahen] 254:3-7.

The exhibits that Yuga cites also do not show that Mr. Ripps ever referred to the RR/BAYC NFT collection as "BAYC V3" or "Bored Ape Yacht Club V3." JTX-689, for example, is a reply Mr. Ripps made on Twitter on May 13, 2022 to Mr. McNelis question on what NFTs people are buying. Mr. Ripps's reply is a satirical comment that has absolutely nothing to do with the RR/BAYC collection and, in fact,

1  the comment was made before Mr. Ripps even started take commission for RR/BAYC
2  NFTs.  JTX-690 is a Twitter post by Mr. Ripps of the link to the x2y2.io page for the
3  RR/BAYC collection.  At no point did Mr. Ripps state "BAYC V3" or "Bored Ape
4  Yacht Club V3" in this post as it simply contains a link.  And while the URL does
5  contain "bored-ape-yacht-club-v3," Mr. Ripps had no control over the URL that
6  x2y2.io used or how it chose to auto-populate pages.  Similarly, JTX-1249 is another
7  Twitter post made by Mr. Ripps that also does not use the term "BAYC V3" or
8  "Bored Ape Yacht Club V3" in the body of the text.  The post also includes a video of
9  the OpenSea website that had chosen to auto-populate the delisted subsequently
10  relisted RR/BAYC page with "Bored Ape Yacht Club V3" but again Mr. Ripps had
11  no control over how OpenSea auto-populated the name of the RR/BAYC collection
12  after having delisted the collection in response to Yuga's DMCA requests.  The text of
13  the tweet mentions Yuga's unsuccessful efforts to "block the ryder ripps ape from
14  opensea."  And lastly, JTX-1556.3-4 shows a post from an unidentified third party
15  with the username "sting" that appears to have posted an image from a third-party
16  marketplace that also auto-populated the RR/BAYC collection as "Bored Ape Yacht
17  Club V3" after having delisted the collection in response to Yuga's DMCA request.
18      Yuga could have cross-examined Mr. Ripps regarding JTX-689, JTX-690, JTX-
19  1249, and JTX-1556.3-4 but instead chose not to despite the fact that Mr. Cahen
20  unequivocally testified that Mr. Ripps had never used "BAYC V3" or "Bored Ape
21  Yacht Club V3" to refer to the RR/BAYC collection.  Trial Tr. [Cahen] 253:18-21;
22  [Cahen] 254:24-255:3.
23      In lieu of cross-examining Mr. Ripps, Yuga cites to Ms. Muniz and Mr.
24  Solano's incorrect after-the-fact analysis of these documents.  Ms. Muniz's testimony
25  is clearly incorrect given the content and context of the exhibits at issue.  And Mr.
26  Solano's testimony both during trial and in his declaration are just more unreliable
27  statements, in addition to the numerous other false and misleading statement he made.
28

1  For example, Mr. Solano was forced to concede on cross examination that his sworn
2  declaration included a false statement claiming that "Defendants continue to receive
3  royalties or creator fees from sales on secondary marketplaces."  Trial Tr. [Solano]
4  48:15-49:4. Mr. Solano also relied on the phrase "business venture" in Mr. Lehman's
5  declaration, without having considered that the phrase "business venture" was selected
6  by Yuga's counsel, and that Mr. Lehman would have liked to use different words.
7  Trial Tr. [Solano] 40:3-14.  Mr. Solano also relied on Mr. Lehman's declaration
8  without having considered that Mr. Lehman knew he could not settle his case without
9  executing a declaration concerning matters of Yuga's choosing (Trial Tr. [Solano]
10 38:14-16) and that Mr. Lehman was afraid for his family at the time he signed his
11 declaration, because Yuga's lawsuit against him would be disastrous to his family and
12 himself, even if Mr. Lehman won (Trial Tr. [Solano] 38:17-19).  Mr. Solano also
13 lacks credibility as a result of his repeated impeachment at trial.  Solano Decl.; Trial
14 Tr. [Solano] 32:19-33:11 ("Q You don't even know, sir, whether Bored Ape V3 was
15 created by Ryder Ripps or not, do you? A Yes, I do. Q Let's see what you said at your
16 deposition, if we could. You gave a deposition in this case; right? A Yes. Q And you
17 swore an oath to tell the truth, same oath as today; right? A Yes. Q If we look at your
18 deposition -- and we can pull it up on the screen -- at page 152, starting at line 13
19 'QUESTION:  Was the Bored Ape V3 created by Ryder Ripps?' There's an objection
20 from your counsel. 'ANSWER:  I don't know.' Was that your testimony at your
21 deposition? A Yes." ); *id.* at 34:9-19 ("[Q] Do you know whether Ape Market exists?
22 A We have the code for Ape Market from Tom Lehman, yes. Q Take a look at your
23 deposition at page 116, lines 5 through 6. 'QUESTION:  Do you know whether Ape
24 Market exists? 'ANSWER:  I don't recall.' Were you asked that question, and did you
25 give that answer? A Yes.").
26         **Plaintiff's Response:**
27
28

Defendants' objection should be rejected because (1) the record shows the Defendants promoted their infringing NFTs under the name "Bored Ape Yacht Club V3," (2) Defendants fail to impeach Mr. Solano, and (3) the record shows that Ms. Muniz's trial declaration testimony was accurate.

**Defendants Promoted Their Infringing NFTs Under The Name Bored Ape Yacht Club V3:** Defendants' assertion that they did not use "BAYC V3" to imply an affiliation with Yuga Labs or confuse consumers is contradicted by the evidence admitted at trial.  This contradiction is highlighted by the fact that Defendants could not keep their story straight.  First, Mr. Cahen testified at trial that "the V3 thing is never something that I used or Ryder used or Ryan Hickman used or Mr. Lehman used."  Trial Tr. at 253:19-21.  But now, in their proposed findings of fact and conclusions law, Defendants concede that they used the term, but argue that their use was "in a sarcastic context and as a joke."  Defendants' inconsistent testimony should be given no weight and their assertion should not be accepted as true.

It also does not matter if they thought the infringement was funny.  Mr. Ripps' use of "BAYC V3" to refer to the infringing NFTs suggests an affiliation with Yuga Labs, and therefore the assertion that neither Defendants nor their associates used the term "to suggest that the RR/BAYC project had any affiliation with Yuga or to confuse any purchaser" is false.  On one occasion, in response to a Tweet by @j1mmy.eth asking what NFT collections consumers were purchasing, Mr. Ripps tweeted "bayc v3."  JTX-689.  This was the **_same day he created the RR/BAYC smart contract_**.  Atalay Decl. (Dkt. 337) ¶ 3 ("on May 13, 2022, Defendant Ripps created the Ethereum blockchain smart contract); JTX-600 (showing May 13, 2022 as the creation date).  Four days later, Mr. Ripps tweeted a link to a secondary sales marketplace where his infringing NFTs were listed under the name "Bored Ape Yacht Club V3."  JTX-690.  Both of these terms include Yuga Labs' trademarks and thus imply an affiliation with Yuga Labs and the Bored Ape Yacht Club brand.  Both of

1 these uses were tied to his sales and marketing of his infringing NFTs. And in neither
2 Tweet did Mr. Ripps make any attempt to dispel any confusion as to this obvious
3 affiliation. He only said "bayc v3" or "Bored Ape Yacht Club V3."

4 Defendants' assertion that the use of Yuga Labs' marks was not meant "to
5 confuse any purchaser" should be given no weight in light of the Court's finding that
6 Defendants "used the BAYC marks in an effort to confuse consumers." SJ Order
7 (Dkt. 225) at 12. But, setting aside even the Court's on finding of Defendants' intent,
8 the evidence admitted at trial demonstrates Defendants' obvious intent to use Yuga
9 Labs' BAYC Marks to make money. Whether funny or not, the end result of
10 Defendants calling their infringing NFTs "V3" was overwhelming confusion in the
11 marketplace and a significant payday for Defendants and their associates. *See* JTX-
12 701 (Bloomberg referring to RR/BAYC as Bored Ape Yacht Club V3); Muniz Decl.
13 (Dkt. 340) ¶¶ 10-11; Kindler Decl. (Dkt. 338) ¶ 23.

14 **Mr. Solano Is A Credible Witness:** Mr. Solano's testimony is credible. The
15 vast majority of Mr. Solano's testimony detailing the harm to Yuga Labs because of
16 Defendants' intentional and repeated use of the BAYC Marks is undisputed and went
17 unchallenged by Defendants. Indeed, many of Defendants' objections to Mr. Solano's
18 trial declaration based on a purported lack of personal knowledge were overruled at
19 trial, "including JTX-1," Mr. Lehman's declaration. Trial Tr. 12:10-12. This is
20 because Mr. Solano was referring to Defendants' own words promoting their
21 infringement.

22 Nevertheless, the arguments Defendants raise are themselves meritless. First,
23 Mr. Solano's testimony that Defendants collected royalties off secondary sales was
24 supported by Defendants' own testimony, Ms. Kindler's testimony, and the possibility
25 of further royalties on LooksRare or other new marketplaces if Defendants continued
26 to control the RR/BAYC smart contract. Ripps Depo. Designations (Dkt. 396) at
27 89:19-21; Cahen Depo. Designations (Dkt. 395) at 209:2-3; Kindler Decl. (Dkt. 338)
28

1  at ¶ 23.  Mr. Solano testified truthfully based on the information available to him at
2  the time of his declaration and trial.

3  Second, Mr. Solano's testimony that Defendants' activities constitute a business
4  venture is amply supported by Defendants' own actions that Mr. Solano personally
5  observed.  It does not matter that Mr. Lehman agreed to call it a business venture.
6  But, he did.  Defendants' attempts to discredit Mr. Solano's reliance on Mr. Lehman's
7  declaration by arguing that Mr. Solano did so without reading his entire deposition are
8  without merit.  Mr. Lehman testified to the accuracy of his declaration, regardless of
9  how he may have felt about the process of being sued for his role in Defendants'
10 scam.  Lehman Depo. Designations (Dkt. 404-2) at 124:5-9.  The veracity of Mr.
11 Lehman's declaration was also corroborated by the consent judgment entered against
12 him.  JTX-621.  The Lehman declaration stands on its own, and Mr. Solano had
13 clearly reviewed the declaration based upon his testimony about its contents in his
14 own trial declaration.  *See, e.g.*, Solano Decl. (Dkt. 342) at ¶ 71 ("In his declaration
15 under oath, Defendants' co-conspirator Mr. Lehman described Mr. Ripps'
16 commercialization and sale of RR/BAYC NFTs as a 'business venture' that 'was
17 expected to make money by selling RR/BAYC NFTs and by potentially generating
18 transaction fees from the sale of NFTs on ApeMarket.'").

19 Third, Defendants fail to impeach Mr. Solano's statement at Trial Tr. 32:19-
20 33:11 regarding Bored Ape V3, because the "Bored Ape V3" referenced in Mr.
21 Solano's deposition is different than the "Bored Ape Yacht Club V3" at issue in the
22 cited line of trial testimony.  Mr. Solano cannot be impeached by reference to
23 deposition testimony covering an entirely different topic.  To be clear, the quoted
24 deposition testimony relates to a Twitter page titled "@BoredApeV3," which Mr.
25 Ripps claims he does not control, and which was not at issue at trial.  Solano Depo.
26 (Dkt. 271) at 151:2-152:24.  But, the cited trial testimony, discusses a section of Mr.
27
28

Solano's declaration relating to Mr. Ripps naming his NFT collection "Bored Ape Yacht Club V3." *Cf.* Trial Tr. at 31:6-33:11.

Finally, Defendants likewise fail to impeach Mr. Solano's statement at Trial Tr. 34:9-19 regarding ApeMarket.com. As he explained, Mr. Solano "review[ed] [] the webpages generated by running the source code for the planned ApeMarket.com website," informing his response that Yuga Labs obtained the code from Mr. Lehman. Solano Decl. ¶ 49. Mr. Solano cited the referenced source code in connection with this topic and based his knowledge on these exhibits. *Id.*; JTX-806–JTX-809. Those webpages were not generated from the source code produced by Mr. Lehman until *after* Mr. Solano's deposition. Mr. Solano gained knowledge of these pages, and he was able to truthfully testify at trial as to that knowledge. Defendants did not ask Mr. Solano where or how he came to his knowledge, but he attaches the basis for that knowledge to his declaration. Solano Decl. (Dkt. 342) ¶ 49 (citing JTX-806–JTX-809, to which Defendants did not object). Defendants fail to impeach Mr. Solano's accurate knowledge.

**Ms. Muniz's Testimony was Accurate:** Defendants fail to impeach Ms. Muniz's testimony that Defendants promoted their infringing NFTs under the titles "BAYC V3" and "Bored Ape Yacht Club V3." Muniz Decl. (Dkt. 340) ¶ 10. Ms. Muniz testifies that she viewed the Bloomberg segment describing Defendants' infringing NFTs as "Bored Ape Yacht Club V3." *Id.*; *see also* JTX-701. The segment listed "Bored Ape Yacht Club V3" as the highest volume collection at the time. Ms. Muniz knew that this referred to Defendants' RR/BAYC NFTs because Mr. Cahen bragged that Defendants' infringing NFTs were trading at the highest volume on OpenSea in a Tweet the day before the Bloomberg segment aired. JTX-683 (June 20, 2022 Cahen Tweet stating that "RR/BAYC is officially the highest 24h volume… IN THE WORLD" and that RR/BAYC "passed BAYC in the middle of ApeFest!"). OpenSea's own data also confirm that at the time that Bloomberg was reporting that

"Bored Ape Yacht Club V3" NFTs were trading at the highest volume, so too were Defendants' infringing RR/BAYC NFTs. And Mr. Ripps tweeted a link to a secondary sales marketplace where his infringing NFTs were listed under the name "Bored Ape Yacht Club V3." JTX-690. Ms. Muniz's testimony is accurate.

**Defendants' Reply:**

Yuga's responses to Defendants' objection fails because (1) the evidence shows that Defendants did not promote their NFTs as "Bored Ape Yacht Club V3," (2) Mr. Solano is not a credible witness, and (3) Ms. Muniz's statements about "Bored Ape Yacht Club V3" are untrue and inconsistent with trial evidence.

*First,* Yuga fails to cite evidence showing that Defendants use "Bored Ape Yacht Club V3" or "bayc v3" to promote the RR/BAYC collection. Mr. Cahen testified that he would have never referred to the RR/BAYC project as "V3"and explained that he believed the term originated in this context from DMCA takedowns. Trial Tr. [Cahen] 253:15-254:7. He then explains that *others* on the internet would use the "V3" as a joke but that "myself, nor anyone on my team, ever used that label or name or whatever you want to call it. V3 is something that we have absolutely nothing to do with." *Id.* at 255:4-7. It is entirely consistent that Mr. Cahen never used the term v3 but that others on the internet might have. He also stated that Mr. Ripps might have used the term sarcastically. *Id.* at 255: 8-12.

JTX-689 and JTX-690 do not show an intentional use of Bayc V3 to confuse. JTX-689 is a reply Mr. Ripps made on Twitter on May 13, 2022 to Mr. McNelis's question on what NFTs people are buying. Mr. Ripps's reply is a satirical comment that has absolutely nothing to do with the RR/BAYC collection and, in fact, the comment was made before Mr. Ripps even started taking commissions for RR/BAYC NFTs. *See* JTX-689; Dkt. 346 Ripps Decl. ¶¶ 73-80 (uncontested). It was a clear joke that anybody familiar with the feud between Jimmy and Mr. Ripps would understand and not an attempt to dupe anybody. Likewise, JTX-690 which purportedly shows a

1  Tweet with v3 only displays "v3" if the mouse is left hovering over the link in a
2  specific way.  The actual body of the Tweet does *not* include the v3 term, and Yuga
3  has shown no evidence that the URL name was not automatically generated.

4        Yuga points to the Bloomberg video as evidence that the use of "v3" by
5  Defendants led to confusion.  *See* JTX-701.  But the Bloomberg news segment did not
6  discuss RR/BAYC NFTs or even the BAYC V3 label that Yuga complains about.
7  The Bloomberg Crypto segment centered on the recent cryptocurrency market crash
8  and its impact on the valuation of various cryptocurrency assets.  JTX-1049.  During a
9  discussion of the NFT market, Bloomberg news reporters highlighted that NFT
10 valuation had dropped in 2022, along with the valuation of other cryptocurrency
11 assets.  *Id.*  However, during a brief discussion of an "eight percent jump in the NFT
12 index," a chart listing NFT collections appeared behind the Bloomberg reporter.  *Id*.
13 While the chart was displayed, the reporter did not discuss any of the collections.
14 Instead, she highlighted market changes such as volume drops on OpenSea of "almost
15 200%."  *Id*.  As the NFT collections chart was taken down, the reporter said "let's talk
16 a second longer about the Bored Ape Yacht Club collection" before discussing how
17 drops in valuation across the cryptocurrency market have also impacted that Bored
18 Ape Yacht Club's valuation.

19       Although the NFT collections chart shown during the Bloomberg segment
20 listed "Bored Ape Yacht Club V3" as a "Top NFT Collection," the news reporter did
21 not spend any time discussing and analyzing the chart.  *Id*.  She never referenced the
22 Defendants by name, she never referenced Defendants' criticisms of Yuga, and she
23 never even mentioned Yuga.  Instead, she briefly mentioned the Bored Ape Yacht
24 Club as the chart was taken down.  *Id*.  This is unsurprising since the Bored Ape
25 Yacht club was one of the collections listed on the chart.  *Id*.  However, nothing that
26 the reporter said characterized Defendants' RR/BAYC project as being affiliated with
27 Yuga or the Bored Ape Yacht Club.  In fact, the reporter did not compare or contrast
28

| Case No. 2:22-cv-04355-JFW-JEM | -9- | DEFENDANTS' OBJECTIONS |

any of the listed collections. *Id*. She simply continued to her other talking points. *Id*. Thus, the Bloomberg news segment has not indication that anyone was confused regarding the Bored Ape Yacht Club NFTs listed on the chart and the V3 NFTs listed on the chart—the same chart that was never discussed by anyone at any point during the news segment.

Accordingly, Yuga does not point to any evidence that the Bloomberg reporters were actually confused or that even the chart in the background indicated any confusion between the Bored Ape Yacht Club, which was listed separate and apart from the V3 listing). In fact, Yuga witnesses admitted that they never spoke with Bloomberg reporters and thus cannot actually speak about Bloomberg's state of mind. Trial Tr. [Solano] 31:3-17. Yuga has also shown no evidence that it was Defendants' use of the term "v3" that led to the Bloomberg report.

***Second,*** Mr. Solano is not a credible witness. At trial, Mr. ***Solano admitted to testifying falsely*** in his sworn declaration of trial testimony when he was forced to concede on cross-examination that his sworn declaration included a false statement claiming that Defendants continue to receive royalties from sales on secondary marketplaces:

> Q. And you understand that Mr. Ripps and Mr. Cahen have testified that they do not currently receive any royalties or creator fees from sales on secondary marketplaces; right?
>
> A. Yes.
>
> Q. So you don't have any basis for your statement that their profits continue to increase; correct?
>
> A. It's my understanding that they were collecting royalties or creator fees from LooksRare for quite a while. Although, those were supposed to be donated to charity and never were.
>
> Q. ***They don't continue to increase; correct, sir?***

    A.    *Correct.*

    Q.    *That statement, that part of your witness statement is incorrect; right?*

    A.    *Yes.*

Trial Tr. [Solano] 48:15-49:4 (emphasis added). Mr. Solano also relied on the phrase "business venture" in Mr. Lehman's declaration, without having considered that the phrase "business venture" was selected by Yuga's counsel, and that Mr. Lehman would have liked to use different words. Trial Tr. [Solano] 40:3-14. Mr. Solano also relied on Mr. Lehman's declaration without having considered that Mr. Lehman knew he could not settle his case without executing a declaration concerning matters of Yuga's choosing (Trial Tr. [Solano] 38:14-16) and that Mr. Lehman was afraid for his family at the time he signed his declaration, because Yuga's lawsuit against him would be disastrous to his family and himself, even if Mr. Lehman won (Trial Tr. [Solano] 38:17-19). Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr. [Solano] 32:19-33:11 ("Q You don't even know, sir, whether Bored Ape V3 was created by Ryder Ripps or not, do you? A Yes, I do. Q Let's see what you said at your deposition, if we could. You gave a deposition in this case; right? A Yes. Q And you swore an oath to tell the truth, same oath as today; right? A Yes. Q If we look at your deposition -- and we can pull it up on the screen -- at page 152, starting at line 13 'QUESTION: Was the Bored Ape V3 created by Ryder Ripps?' There's an objection from your counsel. 'ANSWER: I don't know.' Was that your testimony at your deposition? A Yes."); *id*. at 34:9-19 ("[Q] Do you know whether Ape Market exists? A We have the code for Ape Market from Tom Lehman, yes. Q Take a look at your deposition at page 116, lines 5 through 6. 'QUESTION: Do you know whether Ape Market exists? 'ANSWER: I don't recall.' Were you asked that question, and did you give that answer? A Yes."). Mr. Solano's

1  testimony regarding allegations of confusion (Trial Tr. [Solano] 5:14-54:22) have also
2  been rebutted.  Mr. Solano could not identify a single person that ever bought an
3  RR/BAYC NFT believing it was a Yuga NFT.  Trial Tr. [Solano] 18:23-19:1.  In fact,
4  no one has been able to identify a single confused consumer in the entirety of this
5  case.  *See* Trial Tr. [Yuga's witnesses] 11:3-203:24.

6       ***Third,*** Ms. Muniz did not provide accurate testimony regarding the use of
7  Bored Ape Yacht Club V3.  Her declaration relied on exhibits such as JTX-689 and
8  JTX-690, and the Bloomberg video.  As explained above, none of these documents
9  show Defendants actually used "Bored Ape Yacht Club V3" or "bayc v3" in reference
10 to the RR/BAYC collection.   Moreover, Ms. Muniz's declaration was not based on
11 her personal knowledge, but instead her speculating what Defendants may or may not
12 have done based on her secondhand knowledge from unnamed, anonymous, third
13 parties.   This evidence does not rebut the testimony from Mr. Ripps and Mr. Cahen
14 regarding their own actions and it does not rebut the exhibits, which consistently show
15 that Defendants are not using "v3" as a reference to the RR/BAYC collection.