Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| Yuga Labs, Inc.,<br><br>    Plaintiff,<br><br>  v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>    Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 18, lines 8:22-24**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 18, lines 8:22-24:**

<u>Further, Mr. Cahen's testimony that "the V3 thing is never something that I used or Ryder used or Ryan Hickman used or Mr. Lehman used"</u> (Dkt. 392 at 253:18-21, 254:24-255:7) is demonstrably false. JTX-689; JTX-1249.

**Defendants' Basis of Dispute:**

Evidence at trial showed that Defendants were not involved in creating or promoting the "Bored Ape Yacht Club V3" collection name. Cahen Decl. ¶ 253 (Dkt. 344); Trial Tr. [Cahen] 252:2-255:12. Mr. Cahen admitted that "Bored Ape Yacht Club V3" was referenced sarcastically and in jest, but Defendants did not create "Bored Ape Yacht Club V3" or promote it. Trial Tr. [Cahen] 254:22- 255:12.

Yuga attempts to discredit Mr. Cahen's testimony by providing a narrow quote from the trial transcript, citing two tweets which show Mr. Ripps posting "Bored Ape Yacht Club V3," and claiming that Mr. Cahen was false. However, Mr. Cahen explained that Defendants had referenced "Bored Ape Yacht Club V3" as a joke. Trial Tr. [Cahen] 254:22-255:12. If we take each of Yuga's cited tweets in turn, it is clear that they conform with Mr. Cahen's testimony. JTX-689, for example, is a reply Mr. Ripps made on Twitter on May 13, 2022 to Mr. McNelis question on what NFTs people are buying. Mr. Ripps's reply is a satirical comment that has absolutely nothing to do with the RR/BAYC collection and, in fact, the comment was made before Mr. Ripps even started take commission for RR/BAYC NFTs. In JTX-1249, Mr. Ripps tweeted a video screen capture demonstrating that an RR/BAYC NFT was still visible on OpenSea, despite the DMCA takedown. JTX-1249. The video shows

1  the RR/BAYC NFT under the "Bored Ape Yacht Club V3" Opensea collection. *Id*.
2  This video screen capture corroborates Mr. Cahen's explanation regarding where the
3  "Bored Ape Yacht Club V3" designation originated from. Cahen Decl. ¶ 253 (Dkt.
4  344). Marketplaces, like OpenSea, auto-populated that title after "RR/BAYC" was
5  removed from the marketplace. Cahen Decl. ¶ 253 (Dkt. 344).

6      Again, Yuga has failed to cite evidence establishing that the date of the first
7  DMCA takedown notice and, therefore, have not done anything to call into question
8  the veracity of Mr. Cahen's testimony and timeline.

9      **Plaintiff's Response:**

10      Defendants' claim that they did not create or promote the "Bored Ape Yacht
11  Club V3" name is false. As discussed in response to the preceding objection, and as
12  Defendants concede in this objection, Mr. Ripps did promote "the RR/BAYC NFT
13  under the 'Bored Ape Yacht Club V3'" name. *See also* JTX-689; JTX-1249.
14  Defendants claim that they "referenced 'Bored Ape Yacht Club V3' as a joke,"
15  attempting to provide a justification but ultimately conceding that they did in fact use
16  this name in reference to their NFT collection. These concessions suffice to prove the
17  proposed finding of fact. Even so, Defendants' remaining arguments fail.

18      The record shows that the first takedown of the RR/BAYC collection occurred
19  on May 17, 2022. Dkt. 149-5 (table of takedown requests in summary judgment
20  record). ***Every single takedown request*** occurs after Defendants were using the "V3"
21  name to promote their infringing NFT collection. JTX-689 (May 13, 2022 tweet by
22  Mr. Ripps using "bayc v3"); JTX-1249 (May 14, 2022 tweet by Mr. Ripps showing
23  "Bored Ape Yacht Club V3" as the name of his NFT).

24      Defendants also concede this point through their objection. They argue that
25  May 13, 2022—the same date Mr. Ripps created the RR/BAYC smart contract (JTX-
26  600)—was "before Mr. Ripps even started take [sic] commission for RR/BAYC
27  NFTs." In other words, Defendants argue, and Mr. Cahen testified under oath, that

28

Defendants' NFT collection had been taken down 27 times **before primary sales had even begun**. This is transparently false. The fact that Mr. Ripps claimed to have used the "bayc v3" name before Defendants sold any NFTs from their collection definitively proves the falsity of Mr. Cahen's testimony that this name resulted from "twenty-seven" takedowns of the collection from secondary markets such as OpenSea. Cahen Decl. (Dkt. 344) ¶ 253.

Mr. Cahen testified unequivocally that he and his partners "did not promote the RR/BAYC collection as BAYC V3 or Bored Ape Yacht Club V3 and it is not the name of a project that we have ever been involved with or familiar with." Cahen Decl. (Dkt. 344) ¶ 251. And again at trial, he testified "the V3 thing is never something that I used or Ryder used or Ryan Hickman used or Mr. Lehman used." Trial Tr. 253:15-21. When asked again about Mr. Ripps' use of the name "BAYC V3," Mr. Cahen testified "I literally just told you a moment ago that we never used that nomenclature." Trial Tr. 254:22-25. He only later testified that it may have been used **by others** "on social media in a sarcastic context and as a joke," but "I myself, nor anyone on my team, ever used that label or name or whatever you want to call it. V3 is something that we have absolutely nothing to do with." Trial Tr. 255:4-7. When asked if it would "surprise [him] that Mr. Ripps has, in fact, used BAYC V3?", Mr. Cahen finally admitted that Mr. Ripps may have used the term, but it was only "jokes and sarcasm." Trial Tr. 255:8-12. The damage to Mr. Cahen's credibility from his repeatedly false testimony is not salvaged by his eventual equivocation and explaining away the issue as a joke.

**Defendants' Reply:**

Yuga mischaracterizes Mr. Cahen's testimony regarding the 27 takedowns. In his declaration, Mr. Cahen stated that "[t]he term "BAYC V3" or "Bored Ape Yacht Club V3," as I understand it, is the result of Yuga having repeatedly filed twenty-seven Digital Millennium Copyright Act takedowns directed to the RR/BAYC

1  artwork. Each time RR/BAYC was relisted, the name would be repopulated with a
2  term that we had no control over." Cahen Decl. (Dkt. 344) ¶ 253.  It is clear from Mr.
3  Cahen's description of the mechanism through which collections were taken down
4  and new titles were populated upon collections being relisted that he did not testify
5  that all 27 takedowns occurred prior to the "Bored Ape Yach Club V3" title being
6  populated into any marketplace.  Mr. Cahen further clarified this at trial, testifying that
7  "when a DMCA gets filed, certain front-ends will have a name space reserved for that
8  collection. And when the name space is taken down because of a DMCA takedown
9  request, it will then –if the DMCA takedown request is disputed and goes away, then
10 it will generate new name space for that collection." Trial Tr. [Cahen] at 253:22-
11 254:2.  Mr. Cahen explained the mechanism by describing a single DMCA takedown.
12 *Id*.  Therefore, it is clear that Mr. Cahen specified 27 takedowns in his declaration in
13 order to testify to the absurdly large number of takedowns Yuga imposed, not to
14 suggest that the "Bored Ape Yacht Club V3" title only occurred in marketplaces after
15 all 27 takedowns.  Yuga employs this mischaracterization of Mr. Cahen's testimony in
16 an attempt to fabricate a timeline inconsistency where there is not one, and thereby
17 discredit Mr. Cahen's testimony.

18      Mr. Cahen was clear and consistent in his testimony regarding "Bored Ape
19 Yacht Club V3." Defendants were not involved in creating or promoting the "Bored
20 Ape Yacht Club V3" collection name.  Cahen Decl. ¶ 253 (Dkt. 344); Trial Tr.
21 [Cahen] 252:2-255:12.  Although "Bored Ape Yacht Club V3" was referenced
22 sarcastically and in jest, Defendants did not create "Bored Ape Yacht Club V3" or
23 promote it.  Trial Tr. [Cahen] 254:22- 255:12. Yuga has failed to present evidence
24 which contradicts these facts.