Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 24, Lines 10:5, 6-10** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 24, lines 10:5, 6-10:**

Defendants filed a frivolous counterclaim for declaratory judgment of no defamation with no good-faith basis; instead, it was filed to introduce irrelevant and inflammatory theories through the "backdoor of a counterclaim." Dkts. 87 at 2; 80 at 1, 3-4. Defendants withdrew this counterclaim only after they were unsuccessful in their attempts to leverage it for discovery and after Yuga Labs had already expended resources seeking its dismissal. *See* Dkt. 156 at 11.

**Defendants' Basis of Dispute:**

Defendants had a good faith basis for its no defamation counterclaim. The claim largely mirrored Yuga's claim for unjust enrichment in that it was a reasonable extension of the law as it existed. *See* Dkt 1 at 37. Defendants ultimately withdrew their no defamation counterclaim, in the same way that Yuga withdrew its unjust enrichment counterclaim.

To the extent that Yuga is seeking fees for actions pertaining to Defendants counter-claims, they have already been compensated through their anti-SLAPP motion to strike and settlement on the issue of fees. *See* Dkt. 227; 228 (notifying court of settlement on issue of fees). Permitting double recovery for that would be wrongful. *See Corder v. Brown*, 25 F.3d 833, 840 (9th Cir. 1994) (reversing an attorney's fee award that ignored prior settlement of fee award, as a "windfall" and "manifestly unreasonable")

**Plaintiff's Response:**

1    Defendants' objection is a false equivalence.  Defendants never had any basis to
bring a "no defamation" cause of action.  "From the outset, Yuga Labs explained to
Defendants' counsel that 'there is no claim for declaratory relief of non-defamation.'
Defendants have made no attempt to provide authority that they had a good-faith basis
for filing it . . . ."  Dkt. 97 at 1.  Defendants cite no cases in which their "no
defamation" claim survived a motion to dismiss and made no argument that their
claim was an extension of the law as it existed.  Yuga Labs warned Defendants of this,
twice, yet they forced Yuga Labs to fully brief the issue, incurring substantial
attorneys' fees.  *Id.* at 3.

What's worse, and clear from their conduct, is that this was all a bad faith
litigation tactic.  They withdrew their "no defamation" counterclaim only after they
were unsuccessful in their attempts to leverage it for discovery and after Yuga Labs
had already expended resources seeking its dismissal.  *See* Dkt. 156 at 11.  This is
nothing like Yuga Labs' withdrawal of unjust enrichment as a cause of action.  Some
courts recognize unjust enrichment as a cause of action while others, including this
Court, recognize it only as a remedy, so Yuga Labs "withdr[ew] this claim but
continue[d] to seek unjust enrichment as a remedy."  Dkt. 53 at 24.  And, Defendants
did not argue that unjust enrichment was not available as a claim in their motion to
dismiss.  Instead, they merely argued that it was inadequately pled.

**Defendants' Reply:**

Yuga admits in its response that it was already fully compensated for actions
pertaining to Defendants counter-claims, they have already been compensated through
their anti-SLAPP motion to strike and settlement on the issue of fees.  *See* Dkt. 227;
228 (notifying court of settlement on issue of fees).  Permitting double recovery for
that would be wrongful.  See *Corder v. Brown*, 25 F.3d 833, 840 (9th Cir. 1994)
(reversing an attorney's fee award that ignored prior settlement of fee award, as a

1  "windfall" and "manifestly unreasonable"), as such to the extent this finding of fact is
2  intended to support an attorney's fee award it should be disregarded.
3      Further, Defendants routinely discussed with Yuga that it believed that given
4  Yuga's posture about the truth of Defendants' accusations, that it would be beneficial
5  to "declare the legal rights and other legal relations" and to avoid "uncertainty" related
6  to Yuga's representations that Defendants were defaming them.  *See* U.S.C.A. § 2201
7  (explaining purpose of declaratory action).