Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 25**<br><br>Judge:  Hon. John F. Walter |

---

Case No. 2:22-cv-04355-JFW-JEM　　　　　　　　　　　　　　　　　DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 25

Defendants repeatedly attempted to re-litigate issues the Court rejected in its December 16, 2022 Order Denying Defendants' Motion to Dismiss and Motion to Strike (Dkt. 62). See Dkts. 69-1, 103-1, 118, 199-1 at 12-13. But the Court repeatedly rebuffed these attempts. *See, e.g.*, Dkts. 87 at 1 (rejecting motion to compel premised on Defendants' rejected First Amendment *Rogers* defense as "moot, irrelevant and not proportionate to the needs of the case in view of the District Court's December 16, 2022 ruling."); 144 at 1; 178 at 6.

### Defendants' Basis of Dispute:

Defendants were not attempting to relitigate any issues. Yuga focuses on issues on intent in claiming that Defendants were re-litigating decided matters in the case, but intent is plainly relevant to this case, and remains relevant to this case.

For example, because Yuga limited itself to disgorgement damages, intent is directly relevant to the extent that they are entitled to disgorgement and whether they are entitled to disgorgement at all. *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate."). This Court's rejection of Defendants' good faith *Rogers* defense does not render intent irrelevant for all issues for the remainder of the case.

To the extent that Yuga is making a law of the case argument. Law of the case does not apply. An anti-SLAPP motion, like a motion for summary judgment is a preliminary decision, so law of the case does not apply. *Shouse v. Ljunggren*, 792

| Case No. 2:22-cv-04355-JFW-JEM | -1- | DEFENDANTS' OBJECTIONS |

1  F.2d 902, 904 (9th Cir. 1986). It is also true that even if it did apply, a factual finding
2  can matter for one issue—for example the *Rogers* defense—but does not apply to a
3  different issue, for example damages. See Sienze v Kutz, No. 1:17-CV-0736-AWI-
4  SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that preliminary
5  decision on one issue does not bind court as to similar issue later in case). The
6  "intent" is different between these two issues. In the first, it deals with whether
7  Defendants pled a valid *Rogers* defense as a matter of law. In the second, it turns on
8  whether Defendants have the malicious intent that underlies Yuga's intent-laden
9  damages theories.

10                           **Plaintiff's Response:**

11       The Court's December 16, 2022 Order held that Defendants' activities in
12  connection with promoting and selling their infringing NFTs were "commercial
13  activities designed to sell infringing products, not expressive artistic speech protected
14  by the First Amendment." Dkt. 62 at 7. Defendants unreasonably continued to
15  litigate their First Amendment defense. For instance, even after Judge McDermott
16  denied Defendants' first motion to compel because Defendants' theories were "moot,
17  irrelevant and not proportionate to the needs of the case in view of the District Court's
18  December 16, 2022 ruling," Dkt. 87 at 1, Defendants persisted with another motion to
19  compel document productions seeking similar materials, Judge McDermott had to
20  deny those requests too, holding "[t]hese Requests are irrelevant or have been
21  answered and/or are permanently or temporarily barred by this Court's and the District
22  Court's prior rulings on Inflammatory Material . . . ." Dkt. 144 at 1. Defendants also
23  continued to assert this same defense at the summary judgment stage, which the Court
24  again rejected. Dkt. 225. And, as evident throughout Defendants' objections in this
25  document, they have refused to acknowledge that the Court's Summary Judgment
26  Order has any effect, which further underscores their bad-faith efforts to multiply the
27  cost of this litigation by rehashing decided issues.
28

**Defendants' Reply:**

Yuga fails to grapple with any of Defendants' cited authority because it still presses a law of the case argument that strikes far too broadly. For the remainder of issues in the case, intent is directly relevant to the extent that they are entitled to disgorgement and whether they are entitled to disgorgement at all. *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate.").

Yuga's citation to a discovery dispute further does not mean that Defendants are re-litigating issues. Instead, they were seeking information that could support their Defenses which rely on intent. Defendants understand that the Summary Judgment Order has effect, but that does not mean that the court decided issues it never decided. Lastly, law of the case does not apply to summary judgment issues (as discussed in detail above). *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986).