| | |
|---|---|
| 1 | Louis W. Tompros (*pro hac vice*) |
| | louis.tompros@wilmerhale.com |
| 2 | Monica Grewal (*pro hac vice*) |
| | monica.grewal@wilmerhale.com |
| 3 | Scott W. Bertulli (*pro hac vice*) |
| | scott.bertulli@wilmerhale.com |
| 4 | Tyler Carroll (*pro hac vice*) |
| | tyler.carroll@wilmerhale.com |
| 5 | **WILMER CUTLER PICKERING** |
| | **HALE AND DORR LLP** |
| 6 | 60 State Street |
| | Boston, MA 02109 |
| 7 | Telephone: (617) 526-6000 |
| | Fax: (617) 526-5000 |
| 8 | |
| 9 | Derek Gosma (SBN 274515) |
| | derek.gosma@wilmerhale.com |
| | Henry Nikogosyan (SBN 326277) |
| 10 | henry.nikogosyan@wilmerhale.com |
| 11 | **WILMER CUTLER PICKERING** |
| | **HALE AND DORR LLP** |
| 12 | 350 South Grand Ave., Suite 2400 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 443-5300 |
| 13 | Fax: (213) 443-5400 |
| 14 | Attorneys for Defendants |
| | *Ryder Ripps and Jeremy Cahen* |
| 15 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc., | Case No. 2:22-cv-04355-JFW-JEM |
| Plaintiff, | **Defendants' Objections to Disputed Finding of Fact No. 26** |
| v. | Judge: Hon. John F. Walter |
| Ryder Ripps, Jeremy Cahen, | |
| Defendants. | |

Case No. 2:22-cv-04355-JFW-JEM    DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 26:

Defendants again refused to accept the Court's findings in its SJ Order, instead indicating an intent to re-litigate adjudicated issues at trial. See, e.g., Dkt. 320-1 at 11-12 (Proposed Pretrial Conference Order in which Defendants argued that their infringement was not intentional/willful despite the Court's holding otherwise). As a result, Yuga Labs was forced to prepare for trial on previously adjudicated issues.

### Defendants' Basis of Dispute:

As stated above, intent was and still is relevant, especially in light of Yuga's intent-laden damages theories. See *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate."); *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, No. SACV 17-01613-CJCDFMx, 2023 WL 2652855 at *4-5 (C.D. Cal. Mar. 13, 2023) (discussing importance of Defendants' mental state as vital to damages estimate). The issue of intent related to damages was never adjudicated, and to the extent that it was, the law of the case does not apply to decisions made on summary judgment. *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986); *Sienze v Kutz*, No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that decision on summary judgment on one issue does not bind court as to similar issue later in case).

Beyond never being decided for purposes of trial, this Court never prohibited Defendants from defending themselves on damages issue through introducing matters

of intent, and Yuga did not have to "prepare for trial on previously adjudicated issues." Yuga's citation to Defendants' pre-trial conference order does not support its argument. This Court never held that the infringement was willful. If it had, Yuga would have cited to that decision, not to a pleading from Defendants.

**Plaintiff's Response:**

As the Court has already observed, Defendants are incorrect to argue that intent is required for the Court to order disgorgement of their profits. June 9, 2023 Pretrial Conference Tr. at 33:12-16 ("But with respect to the remaining issues that we're going to be trying in this case, the defendants' profits, there is no willfulness requirement for the defendants' profits. It's an equitable remedy. It is a disgorgement. This is my view."). Even so, Defendants' argument as to this issue has no merit. *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1408 (9th Cir. 1993) ("Once the plaintiff demonstrates gross profits, they are presumed to be the result of the infringing activity."). Defendants have no basis for their argument that they should be allowed to relitigate the Court's findings regarding intent.

The Court should reject Defendants' objections to already adjudicated issues, including whether Yuga Labs owns the BAYC Marks (*see supra* ¶ 1), whether those marks were used in commerce (*see supra* ¶ 1), and whether Defendants' infringing NFTs used the BAYC Marks (*see supra* ¶ 2). Defendants also dispute various exact quotes from the Court's Summary Judgment Order, seeking to litigate those already adjudicated matters. *See supra* ¶¶ 7(b), 7(d), 7(e), 10.

**Defendants' Reply:**

"[A] trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate." *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). Even if there is no "willfulness requirement" per se, *Romag* still holds that intent is a "highly important consideration" for damages in this case, and Defendants are unaware of a case

1  involving non-willful infringement that resulted in an exceptional case finding.
2  Regardless, Defendants' motivations matter for the live issues remaining in the case.
3       Defendants also hotly contested the issues at Summary Judgment.  Defendants
4  showed that it was reasonable for parties to believe that Yuga surrendered its rights to
5  world and therefore did not own the marks.  Trial Tr. [Solano] 24:11-25; [Muniz]
6  72:3-73:17.  As discussed above this directly implicates intent, including whether
7  Defendants reasonably believed they could use the marks which is still relevant for
8  damages.  Further, Defendants reserve the right to appeal factual findings made at
9  summary judgment and will not risk losing any right to appeal.