Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 28, Lines 11:1-4, 5-6, 7-12, 14-15**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 28, lines 11:1-4, 5-6, 7-12, 14-15:

Defendants made false representations to the Court regarding the existence and production of documents during discovery. For example, Mr. Ripps swore under penalty of perjury in a verification dated January 17, 2022 that he had produced all documents responsive to Yuga Labs' discovery requests. Dkt. 406 (Trial Tr. Vol. 2) at 267:11-14. Mr. Ripps was asked at trial about a text message from Mr. Cahen stating "It will sell out within 48 hours I think You'll make like a million dollars Straight up." JTX-1574. Mr. Ripps claimed he did not produce that text message because he did not "really find it to have anything to do with the RR/BAYC project." Dkt. 406 at 268:17-21. The Court does not find this explanation to be credible given its clear relation to the sale of infringing NFTs, nor does it explain his withholding of every other text message with Mr. Cahen about the RR/BAYC NFTs. *See* Dkt. 145 at 2-3 (finding "The Court takes a dim view of Defendants' blanket withholding of pre-litigation communications between Ripps and Cahen . . . ."). Mr. Ripps' misrepresentation demonstrates his disrespect for the judicial process and willingness to lie under oath.

### Defendants' Basis of Dispute:

The verification that Mr. Ripps signed on January 17, 2023, stated "[I] produced all responsive documents that I have been able to locate after a reasonable search" and that "[t]o the best of my knowledge, I do not have any further documents left to produce in response to Plaintiff's discovery requests." Dkt. 109-33.  At trial, Mr. Ripps testified that he had conducted—at minimum—a reasonable search and

produced hundreds of thousands of messages between the creators of the RR/BAYC project.  Trial Tr. [Ripps] 270:3-15.  Further, Mr. Ripps testified that he believed, in good faith, that he produced everything that was related to Yuga's discovery requests.  Trial Tr. [Ripps] 270:16-20.  This evidence shows that Mr. Ripps fulfilled his discovery obligations and upheld his verification by providing all of the responsive material he located after a reasonable search to the best of his knowledge.

        Additionally, the verification to which Yuga cites specifically allowed for the type of continuing production that occurred.  It stated "I also understand that discovery obligations are continuing, and I will produce any additional responsive materials or information to the extent any are found based on a reasonable investigation.  I reserve the right to make changes or additions to any of these answers or document productions if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available."  Dkt. 109-33.  Mr. Ripps's later production of any text messages, including JTX-1574, were completely aligned with the verification he made.  To suggest that such a later production amounts to Mr. Ripps having "disrespect for the judicial process and willingness to lie under oath" is unfounded and a manipulative distortion of the sworn statements he made in his verification.

        Finally, the evidence Yuga cites to for support is misleading given the above background and full text of the verification Mr. Ripps swore to.  Additionally, Mr. Ripps was not asked about the text stating "It will sell out within 48 hours I think" at trial.  Instead, Mr. Ripps was only asked about a text he received that stated, "You'll make like a million dollars straight up."  *See* Trial Tr. [Ripps] at 268:12-25.  Accordingly, stating that Mr. Ripps was asked about both texts at trial is inaccurate and misleading.

**Plaintiff's Response:**

Throughout discovery Mr. Ripps signed no fewer than three declarations (two of which were Court-ordered), under penalty of perjury, stating that he had searched his records and produced all responsive documents related to the RR/BAYC NFTs. JTX-1541 (Jan. 17, 2023); Dkt. 109-42 (Feb. 17, 2023); Dkt. 158 (Mar. 21, 2023). After each of these three declarations, however, Defendants continued to produce responsive documents after Yuga Labs independently discovered evidence of improper withholding. *See, e.g.*, JTX-1574-JTX-1591 (text messages between Mr. Ripps and Mr. Cahen, withheld until March 21, 2023, discussing relevant topics such as Defendants' infringing NFT collection, Yuga Labs, Defendants' profit intent, Ape Market, and marketing). Defendants withheld documents such as ***hundreds of pages of text messages*** between them until March 21, 2023 — after Mr. Ripps verified under penalty of perjury that he produced all responsive documents, after the Court had to order responsive documents produced twice in response to Yuga Labs' discovery motions, and after Yuga Labs had already filed its motion for summary judgment. *See* Dkt. 145 (order requiring Defendants to produce communications). Defendants also produced responsive documents even after their March 21, 2023 declaration; for example, on April 11, 2023, Defendants produced messages with a BAYC NFT holder to whom Defendants were trying to provide an infringing NFT. Defendants have no excuse for their repeated improper withholding of material evidence and repeated lies under oath.

The text messages presented to Mr. Ripps at trial, sent to him from Mr. Cahen, said "You'll make like a million dollars" "Straight up." Trial Tr. at 268:12-16; JTX-1574. Mr. Ripps sworn testimony at trial that he did not "really find it to have anything to do with the RR/BAYC project" is not credible. Trial Tr. at 268:17-21. Defendants' objection offers no alternative business venture between the two of them at the same time that would have presented such profit-making opportunity. Indeed, the messages immediately preceding the ones discussed at trial discuss

1 "airdrop[ping]" NFTs to people "who already bought one" so that the collection could
2 "sell out within 48 hours." JTX-1574. The text messages immediately after include
3 "we already have ape market." *Id.* These text messages between Defendants were
4 directly relevant to the litigation and should have easily been found and produced had
5 any reasonable search been conducted. Defendants' position, even now, that this
6 message does not have "anything to do with the RR/BAYC project" highlights their
7 lack of credibility. *See* Dkt. 145 at 2-3 ("The Court takes a dim view of Defendants'
8 blanket withholding of pre-litigation communications between Ripps and Cahen
9 . . . .").

**Defendants' Reply:**

11 Yuga argues that Defendants made misrepresentations about their compliance
12 with discovery under oath. This is false on its face. At trial, Yuga claimed that Mr.
13 Ripps was out of compliance with a statement he signed which swore under penalty of
14 perjury that he was compliant with his discovery obligations. That declaration reads,
15 "I also understand that *discovery obligations are continuing*, and I will produce any
16 additional responsive materials or information to the extent any are found based on a
17 reasonable investigation. I reserve the right to make *changes or additions to any of*
18 *these answers or document productions if it appears at any time that errors or*
19 *omissions have been made or if more accurate or complete information becomes*
20 *available.*" Dkt. 109-33 (emphasis added).
21 Yuga then faults Mr. Ripps for complying with his continued obligation to produce
22 documents to Yuga. There is nothing inconsistent with discovering more documents
23 and supplementing documents. Further, Mr. Ripps had a reason for believing it was
24 not relevant. *See* Trial Tr. 268:19-21. Regardless, he produced the texts and other
25 documents. Notably, the Court denied every one of Yuga's *six* different requests to
26 find discovery violations and sanction Defendnats. This Court should reject this
27 proposed finding of fact because (unlike Yuga) Defendants were substantially

1 | cooperative and compliant in discovery, including by turning over thousands of
2 | communications.