Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Conclusion of Law No. 40** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 40:

Statutory damages are an equitable remedy and may be decided by the Court. *See Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x. 466, 467 (9th Cir. 2014); *Acad. Of Motion Picture Arts & Scis. V. GoDaddy, Inc.*, No. CV 10-3738-AB, 2015 WL 12697732, at *4 (C.D. Cal. Apr. 10, 2015).

### Defendants' Basis of Dispute:

Monetary relief is a legal remedy. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998). Statutory damages can "serve purposes traditionally associated with legal relief, such as compensation and punishment. *Id*. As such, Yuga cannot be awarded more than the statutory minimum on its cybersquatting claim without violating Defendants' Seventh Amendment rights. *See Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1290 (S.D. Cal. 2020) (holding that award above minimum is a jury issue) (citing *Dream Games of Ariz. Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009)); *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1260 (W.D. Wash. 2013) (holding that statutory damages are a jury issue).

Yuga relies on two unpublished cases (*Two Plus Two Pub* and *Acad. Of Motion Picture Arts*), which are not binding precedent on this court, to argue that statutory damages are an equitable remedy. District Courts have declined to follow these unpublished decisions and instead held that determination of stator damages is a jury issue. *See*, *e.g.*, *Daimler AG*, 498 F. Supp. 3d at 1290 (S.D. Cal. 2020) (holding in 2020 that an award above the statutory minimum is a jury issue).

Moreover, *Two Plus Two Pub* is distinguishable because it addressed an egregious case of cybersquatting. In *Two Plus Two Pub*, one of the defendants admitted that he became aware of the plaintiff's marks in 1999 and proceeded to register an infringing domain years later. *Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466 (9th Cir. 2014). Yuga's other case, *GoDaddy Inc*, should be disregarded because it is a nonpresidential case which departs from the holdings in *Feltner* and *GoPets*. *Acad. Of Motion Picture Arts & Scis. V. GoDaddy, Inc.*, 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) (misapplying *GoPets*).

The law set forth in *GoPets* is that a jury trial is not required only when the Court awards only the statutory minimum. *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011). But awarding anything more than the statutory minimum is a legal remedy, which Yuga has foregone. *See Versace v. Awada*, CV 03-3254-GAF, 2009 WL 10673371, at *7 (C.D. Cal. Sep. 4, 2009) ("Strictly construing Rule 38, the Court will not permit Plaintiff to withdraw its demand for a jury trial because Defendants do not consent, and because the law holds clearly that Defendant has a right to a jury determination of statutory damages.").

**Plaintiff's Response:**

Defendants' objections should be rejected for the same reasons discussed *supra* ¶ 39; specifically: (1) statutory damages are an equitable remedy and (2) the Court may award more than the minimum statutory damages.

Additionally, Defendants' cases in this objection do not establish that monetary relief under the ACPA is a legal remedy to be determined by a jury. Both *Daimler AG*, a non-binding case from another judicial district, and *Versace* concerned statutory damages under 15 U.S.C. § 1117(c)(2), *not* under 15 U.S.C. § 1117(d), the statute at issue here. Significantly, *Daimler AG* found that a jury was required to determine willfulness as a precondition to awarding statutory damages, as required by § 1117(c)(2). *See Daimler AG*, 498 F. Supp. 3d at 1290; 15 U.S.C. § 1117(c)(2) ("*if the*

1 *court finds that the use of the counterfeit mark was willful*, not more than $2,000,000 per counterfeit mark . . . .") (emphasis added). 15 U.S.C. § 1117(d) has no such willfulness requirement. While willfulness can be a consideration in awarding maximum statutory damages, *see Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09–08982, 2010 WL 11597623, at *9 (C.D. Cal. Nov. 19, 2010), it is not a pre-requisite under § 1117(d). While other cases may hold that a jury *may* decide statutory damages under 15 U.S.C. § 1117(d), they do not establish it *as of right*. See *GoDaddy*, 2015 WL 12697732, at *3.

For authority on this issue, the Court should look to *Two Plus Two*, a Ninth Circuit case upholding a district court's calculation of statutory damages under the ACPA rather than holding a jury trial, and *GoDaddy*, a case from the Central District holding that "there is no right to a jury trial for the assessment of statutory damages" under the ACPA. *Two Plus Two*, 572 F. App'x 466 (9th Cir. 2014); *GoDaddy*, 2015 WL 12697732. Moreover, the law in the Ninth Circuit makes clear that courts have discretion to award up to the maximum amount of statutory damages for ACPA claims. *See supra* ¶ 39. This is consistent with the statute, which provides that the amount of statutory damages is based on what "the court considers just." 15 U.S.C. § 1117(d).

**Defendants' Reply:**

Monetary relief is a legal remedy. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998). Statutory damages can "serve purposes traditionally associated with legal relief, such as compensation and punishment. *Id*. As such, Yuga cannot be awarded more than the statutory minimum on its cybersquatting claim without violating Defendants' Seventh Amendment rights. See *Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1290 (S.D. Cal. 2020) (holding that award above minimum is a jury issue) (citing *Dream Games of Ariz. Inc. v. PC Onsite*, 561 F.3d

983, 992 (9th Cir. 2009)); *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1260 (W.D. Wash. 2013) (holding that statutory damages are a jury issue).

In *Daimler*, the court's holding regarding statutory damages was not limited to statutory damages arising from 15 U.S.C. § 1117(c). The court made clear that courts within the Ninth Circuit have held that where a plaintiff "seeks more than the statutory minimum—and particularly where, as here, the plaintiff seeks significantly more—the quantum of statutory damages should be determined by the jury." *Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1290 (S.D. Cal. 2020). It is evident that the *Daimler* court was not limiting its holding to statutory damages arising from 15 U.S.C. § 1117(c) because it cited other cases within the Ninth Circuit which did not pertain to that particular statute. *See Dream Games of Ariz. Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009)); *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1260 (W.D. Wash. 2013) (holding that statutory damages are a jury issue).

Yuga relies on unpublished cases which are not binding precedent on this court, to argue that statutory damages are an equitable remedy. District Courts have declined to follow these unpublished decisions and instead held that determination of stator damages is a jury issue. *See, e.g.*, *Daimler AG*, 498 F. Supp. 3d at 1290 (S.D. Cal. 2020) (holding in 2020 that an award above the statutory minimum is a jury issue). Moreover, *Two Plus Two Pub* is distinguishable because it addressed an egregious case of cybersquatting. In *Two Plus Two Pub*, one of the defendants admitted that he became aware of the plaintiff's marks in 1999 and proceeded to register an infringing domain years later. *Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466 (9th Cir. 2014). Yuga's other case, *GoDaddy Inc*, should be disregarded because it is a nonpresidential case which departs from the holdings in *Feltner* and *GoPets*. *Acad. Of Motion Picture Arts & Scis. V. GoDaddy, Inc.*, 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) (misapplying *GoPets*).

Case No. 2:22-cv-04355-JFW-JEM         -4-         DEFENDANTS' OBJECTIONS

Yuga also improperly relies on *Bekins*, a default judgement case, to argue that this Court has wide discretion to award cybersquatting damages above the statutory minimum. *Bekins Holding Corp. v. BGT Trans, Inc.*, 2010 WL 11597623, at *1 (C.D. Cal. Nov. 19, 2010). In *Belkins,* the defendant ignored the complaint and continued to use the domain name in question. *Id*. As a result, the court applied the *Eitel* factors to determine whether entry of default judgement was justified. *Id.* at 3. Our facts are completely distinct from *Belkins*. Here, Yuga waited until after the summary judgement stage to waive "all legal remedies." Yuga's decision to forgo a jury trial does not impact Defendants right to have a jury determine the amount of statutory damages. See *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998).