Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 43** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 43:

Therefore, Yuga Labs is entitled to the maximum amount of $200,000 in statutory damages for Defendants' cybersquatting.

### Defendants' Basis of Dispute:

Yuga presents no evidence of exceptional or egregious conduct, and no analogous legal precedent to justify awarding the maximum amount of $200,000. Yuga primarily relies on a default judgement case where the court determined that the defendant had willfully infringed. *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09–08982, , 2010 WL 11597623, at *9 (C.D. Cal. Nov. 19, 2010). *Bekins* is very distinct from our case and does not impact Defendants' right to have a jury determine the amount of statutory damages. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998). Here, the Court has discretion to award statutory minimum damages of $1,000 for each of the two cybersquatting violations that the Court found (Dkt. 225 at 13-15), for a total of $2,000. *See* 15 U.S.C. § 1117(d) (permitting "award of statutory damages in the amount of not less than $1,000").

### Plaintiff's Response:

Defendants' objection should be rejected because Yuga Labs has provided ample evidence that Defendants' cybersquatting was willful and egregious. *See supra* ¶ 41.

Additionally, Defendants are not entitled to a jury determination and the Court may award more than the statutory minimum. *See supra* ¶ 39.

1 **Defendants' Reply:**

2  Yuga is not entitled to more than the statutory minimum for its cybersquatting
3  claim because Yuga has withdrawn and waived "all legal remedies." Statutory
4  damages are a legal remedy (for which there is a jury trial right). See *Feltner v.*
5  *Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("The right to a jury
6  trial includes the right to have a jury determine the *amount* of statutory damages")
7  (emphasis in original). Under Ninth Circuit law, a jury is not required when a
8  plaintiff elects to accept the minimum amount of statutory damages for
9  cybersquatting. See *GoPets Ltd. V. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011). But
10 awarding anything more than the statutory minimum is a legal remedy, which Yuga
11 has foregone. See *Versace v. Awada*, CV 03-3254-GAF, 2009 WL 10673371, at *7
12 (C.D. Cal. Sep. 4, 2009) ("Strictly construing Rule 38, the Court will not permit
13 Plaintiff to withdraw its demand for a jury trial because Defendants do not consent,
14 and because the law holds clearly that Defendant has a right to a jury determination
15 of statutory damages.").