Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 47, Lines 16:4-6**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 47, lines 16:4-6:**

Third, the balance of hardships weighs heavily in Yuga Labs' favor. Yuga Labs has a strong interest in being protected from Defendants' unlawful conduct that continues to harm its reputation and goodwill.

**Defendants' Basis of Dispute:**

The balance of equities do not favor Yuga in its attempt to silence Defendants from making any form of criticism.  Trial Tr. [Muniz] 94:12-13.  While Defendants may not have an interest in infringing Yuga's marks, Defendants have an extraordinary interest in the freedom of speech and expression. *See Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (recognizing in balancing the equities that the loss of free speech is an irreparable personal injury, and that there is a significant public interest in upholding free speech principles).  Yuga has not shown why injunctive relief terms that would squash Defendants' constitutional rights are necessary and have shown no interest in being free from legitimate criticism.  On the contrary, Defendants have shown an extraordinarily strong interest in being able to continue their criticism.

**Plaintiff's Response:**

Defendants' objection should be rejected because (1) Yuga Labs' proposed injunction does not seek to curtail Defendants' First Amendment rights and (2) Yuga Labs' proposed injunction is tailored to address the irreparable harm done to Yuga Labs and allow it to regain control of its brand.  *See supra* ¶¶ 44, 46.

**Defendants' Reply:**

Yuga's proposed injunction is broad and is meant to curtail Defendants' First Amendment Rights. Ms. Muniz revealed as much at trial when she stated—unqualified by a discussion of copyrights and trademarks—that Defendants should lose their right to say the words Bored Ape Yacht Club. Trial Tr. [Muniz] 94:5-13.

In this very document to support an overbroad injunction they cite to JTX-1048. JTX-1048 contains a criticism of how Yuga is uncool through the Virgin/Chad meme format. This type of meme criticism can be cutting, and to outsiders of the internet somewhat mean spirited because it needs contextual knowledge to understand. *See* Cahen Decl. ¶ 54 (explaining need for context to understand his social media posts). However, it is just this type of tweet that calls out Yuga for its uncool nature that Yuga seeks to ban through an overbroad injunction. Further, as written, the injunctive relief could apply to criticism about Yuga's marks.