Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>               Plaintiff,<br><br>  v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>              Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 55**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 55:**

The terms of the permanent injunction are described in the Conclusion below. The Court finds these terms reasonable and necessary to protect Yuga Labs from irreparable harm.

**Defendants' Basis of Dispute:**

This conclusion of law seeks an overly restrictive injunction that is not tailored to remedy the alleged harm and is impermissible. Specifically, "[a] trademark injunction . . . can raise serious First Amendment concerns because it can interfere with truthful communication between buyers and sellers in the marketplace. Accordingly, we must ensure that the injunction is tailored to eliminate only the specific harm alleged." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010) (cleaned up). "Prohibition of . . . truthful and non-misleading speech does not advance the Lanham Act's purpose of protecting consumers and preventing unfair competition; in fact, it undermines that rationale by frustrating honest communication . . . ." *Id.* at 1176-77.

To the extent that the Court enters a permanent injunction, the injunctive terms that Defendants propose are tailored to eliminate the purported harm and should be used instead. *See* Dkt 417 ¶ 145.

**Plaintiff's Response:**

Defendants' objection should be rejected because (1) Yuga Labs' proposed injunction is tailored to address the irreparable harm done to Yuga Labs and allow it

to regain control of its brand and (2) Defendants' proposed injunctive relief is too narrow.  *See supra* ¶ 48.

**Defendants' Reply:**

"A trademark injunction . . . can raise serious First Amendment concerns because it can interfere with truthful communication between buyers and sellers in the marketplace.  Accordingly, we must ensure that the injunction is tailored to eliminate only the specific harm alleged." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010).  If the Court enters injunctive relief, it should be tailored to the harms alleged by Yuga in its complaint while balancing Defendants' right to free speech.  *See* Dkt. 417 ¶ 145; Dkt. 1 at ¶ 5.  Yuga has not shown why a prohibition on using the "rrbayc.com" and "apemarket.com" domain names would be insufficient.  Nor has it shown why a ban on promoting or selling RRBAYC NFTs would be insufficient.  On the other hand, Yuga's proposed terms would be exceptionally difficult to comply with and infringe on Defendants' rights.