Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 63**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 63:

Next, Yuga Labs' substantive strength in its litigating position, as evidenced in the Court's Order on Summary Judgment, stands out from the bulk of trademark cases. *See* SJ Order at 22; *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 436 (9th Cir. 2017). Ignoring the clear strength of Yuga Labs' case, Defendants relentlessly advanced frivolous legal theories (e.g., calling RR/BAYC NFTs an "art" project, arguing Yuga Labs abandoned its rights to the BAYC Marks, a frivolous counterclaim for declaratory judgment of no defamation, etc.) that were rendered moot and irrelevant by multiple orders from the Court (*see, e.g.*, Dkt. 62 and SJ Order). Defendants' repeated attempts to re-litigate issues already addressed and rejected by the Court unnecessarily complicated litigation and make this an exceptional case. See *San Diego Comic Convention v. Dan Farr Prods.*, 807 F. App'x. 674, 676 (9th Cir. 2020).

### Defendants' Basis of Dispute:

Yuga fails to carry its burden that Defendants' litigating position was so weak as to be frivolous as needed in this district to prove an exceptional case. *Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (C.D. Cal. 2017) (rejecting exceptional case finding in trademark case because claims were not "frivolous"). Under Yuga's test, any summary judgment winner would be entitled to fees in a patent case. That cannot be correct. Litigants are defeated at the summary judgment stage routinely, but their claims to do not arise to being frivolous.

|    |    |
|----|----|
| 1  | Yuga's contention that Defendants "advanced frivolous legal theories" such as calling the RR/BAYC project an "art project" among other issues is also incorrect. All of these issues were factually correct, good-faith litigation positions, and/or involved issues of intent which are still relevant to this case, including for an exceptional case finding and damages.  *See Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate."). Yuga's view of the case as having these being "re-litigated" issues both ignores the relevance of intent to the case even as it went to trial and also confuses different aspects of intent. On the contrary, Defendants made clear that they were *not* re-litigating the issues decided at summary judgment, namely liability. However, Defendants were—as is their right—defending themselves from paying an inordinate amount on the claim. |

**Plaintiff's Response:**

Defendants' objection should be rejected because they (1) falsely claim Yuga Labs relies solely on frivolousness to show that this is an exceptional case and (2) ignore the many examples of where they sought to relitigate issues.

**Yuga Labs Does Not Rely Solely On Frivolousness To Show That This Is An Exceptional Case:** An exceptional case is determined based on the "totality of the circumstances," and the strength of Yuga Labs' case is but one of the factors to be considered, along with Defendants' refusal to engage in reasonable settlement discussions, seeking to re-litigate issues already decided, engaging in a pattern of unreasonable and obstruct discovery, attacks against Yuga Labs and its associates, farming for engagement on social media, and public disclosure of protected material in violation of the protective order. *See supra* ¶ 61. Regardless, it is uncommon for a trademark plaintiff to receive summary judgment on its claims. The Court's summary judgment order here highlights how this is an uncommon and exceptional case of clear

1 infringement.  See SJ Order at 22; *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 436 (9th Cir. 2017).

**Defendants Sought To Needlessly Relitigate Many Issues In This Case:** Defendants ignore the many examples where they sought to relitigate issues already addressed and rejected by the Court, unnecessarily complicating and increasing the cost of litigation.  See supra ¶ 26.

**Defendants' Reply:**

Defendants do not ignore any examples where they sought to relitigate issues in the case because they did not relitigate issues.  To the extent this argument is about Defendants intent, the "law of the case doctrine does not apply to pretrial rulings ***such as motions for summary judgment***."  *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); see also *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case.  Given the nature of such motions, it could not be otherwise.").  For example, in *Sienze v Kutz*, the Court held that although ***aspects*** of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics.  See No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police contact was relevant as background, but not to the already decided issue that initial contact was not excessive force).  This case is just like *Sienze*: the summary judgment ruling on Mr. Ripps's and Mr. Cahen's intent in using the alleged marks applies to only the issue of likelihood of confusion and cannot be applied more broadly.  Here the issue of intent was not decided for damages and exceptional case purposes.  Therefore, there was no relitigating.

Lastly, while Yuga may not be relying solely on frivolousness, it is still required to prove frivolousness to rely on it even in part.  See *Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (C.D. Cal. 2017)

(rejecting exceptional case finding in trademark case because claims were not "frivolous"); *D.N. v. Los Angeles Unified Sch. Dist.*, No. 18-cv-01582-AB-AFMx, 2019 WL 7841083 at *2 (C.D. Cal. Sept. 25, 2019); *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-7058-ODW (JPRx), 2021 WL 2414856 at *2 (C.D. Cal. June 14, 2021) ("Courts in this district have held that a party's litigation position must be objectively meritless for a case to be exceptional…").  Yuga simply has not proven that Defendants had no basis for their defenses.  To the contrary, Defendants have presented plentiful evidence rendering their ultimately unsuccessful defenses reasonable.  Instead, Yuga wishes to collapse a victory at summary judgment and a finding of frivolousness.  This Court should refuse to do so.