Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                     Plaintiff,<br><br>     v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                     Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 65, Lines 19:16-18**<br><br>Judge:  Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 65, lines 19:16-18:**

And Defendants' statements on Twitter about Yuga Labs and its counsel throughout litigation (*see*, *e.g.*, Dkts. 149-50, 149-51) were egregious and far exceeded the bounds of acceptable conduct. *See Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator*, 392 F.3d 248, 263-64 (7th Cir. 2004).

**Defendants' Basis of Dispute:**

Yuga's relies on an easily distinguishable out-of-circuit case to support its claim that Defendants' activities exceeded the bounds of proper behavior. *Te-Ta-Ma*, involves threats from a White Supremacist murderer in order to intimidate the other party and a witness. *Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator*, 392 F.3d 248, 251-52 (7th Cir. 2004). Tweets made by Defendants are different in kind to the threats to witnesses made in *Te-Ta-Ma*. *Compare* Dkts 149-50; 149-51 with *Te-Ta-Ma*, 392 F.3d at 251 (calling opposition in lawsuit a "race traitor" and threatening to place them in Concentration camps).

The documents that Yuga cites to is a collection of Twitter posts that Yuga has taken out of context. As Mr. Cahen explained in his declaration of trial testimony, many of these posts "frequently use terms or context that requires knowledge of contemporary crypto culture to understand." Cahen Decl. ¶ 54 (Dkt. 344). And many of Defendants' posts "involve pushing back forcefully on users that spread inaccurate, misleading, hypocritical, self-serving, or hateful message." Cahen Decl. ¶ 55 (Dkt. 344). To a person not familiar with the context of crypto culture, Mr. Cahen's posts

can, "come across as combative or mean-spirited, but they are typical of crypto-related social engagement on Twitter." *Id*.

For example, Yuga cites to Dkt. 149-50, which are crops of Twitter posts. Many of these posts are memes that are commonly used in crypto Twitter culture and on the internet generally. Dkt. 149-50 at 2-5. Defendants made minor modifications to these common memes so that they reference the RR/BAYC project's criticism and protest of Yuga. *Id*. Posting common internet memes on Twitter is not a "heinous attack." Dkt. 149-50 also contains posts from Mr. Ripps criticizing Yuga and its leadership for make false statements to the public and behaving in a manner that Mr. Ripps considers to be bad-hearted and unintelligent. While these posts are critical of Yuga and its leadership, they are voicing Mr. Ripps's honest beliefs.

Yuga also cites to Dkt. 149-51 which is also another collection of Twitter posts that Yuga has also mischaracterized and taken out of context. Defendants have engaged in extensive criticism of Yuga and its supporters, including calling out Yuga's content for including what Defendants believe to be references to racism, fraud, pedophilia, and other offensive material. Yuga attempted to use this litigation to silence Defendants by conditioning any settlement on a non-disparagement clause or comparable restrictions, to prevent Defendants from criticizing Yuga's problematic content. Defendants' honest belief is that Yuga's use of litigation in this manner amounts to promotion and support of Yuga's harmful and dangerous messages. Defendants voicing their beliefs on Twitter may come across as alarming, given the nature of the content that they are criticizing. But in context, Defendants' statements do not warrant an exceptional case finding.

**Plaintiff's Response:**

Defendants' objection should be rejected because they underplay the severity of Defendants' conduct. This was not mere "criticism" or "memes" as Defendants contend, it was cruel-hearted harassment to intimidate Yuga Labs and its counsel.

*See* Dkt. 334 (When Yuga Labs' counsel raised this issue at the June 9 pretrial conference, claiming that criticism is different that Defendants' attacks against Yuga Labs and its attorneys, the Court responded: "I understand their conduct is absolutely horrible, and you know, I don't disagree."). For example, Mr. Ripps called Yuga Labs "demonic evil liars," comparing the company to Jeffrey Epstein. Dkt. 149-50. Defendants threatened Yuga Labs with images portraying Mr. Cahen next to a grave marked "Yuga Labs," Mr. Ripps and Mr. Cahen holding a gun and a knife up to Yuga Labs, and Mr. Cahen hoisting the severed head of one of the founders' apes over his head. *Id*. Mr. Cahen targeted another Yuga Labs founder by falsely tweeting: "[h]e's named after [a] banned 1971 child porn film."[1] He further tweeted that the founder "REFUSES to change his name,"[2] based on the founder's response to a question from an ongoing Highly Confidential – Attorneys' Eyes Only deposition. *See* Atalay Depo. (Dkt. 271) at 157-160 (showing testimony and break taken 42 minutes prior to Mr. Cahen's Tweet).

Defendants targeted Yuga Labs' counsel too, accusing Yuga Labs' lead attorney of supporting "racism, antisemitism, beastiality, pedophilia, and using cartoons to market drugs to young children." Dkt. 149-51. Mr. Ripps likewise sent a "personal message" to the attorney, posting an image stating: "Hey maybe you can suck my d**k." *Id*. (censored). This offensive and harassing conduct is par for the course for Defendants. Mr. Ripps' tumblr account is plastered with racist and offensive content.[3] And near the end of August 2023, Mr. Ripps was permanently suspended from Twitter for sending violent death threats.[4] Whether or not Defendants' conduct is "typical" in their circles (an unsupported proposition that Yuga Labs disputes), in federal court, it is "egregious and beyond the pale of

---

[1] https://twitter.com/Pauly0x/status/1620158732872331264
[2] *Id*.
[3] https://twitter.com/nft_decency/status/1538961466015076352
[4] https://twitter.com/PopPunkOnChain/status/1700226047612977249

1 acceptable litigation conduct." See *TE-TA-MA*, 392 F.3d at 264; see also *AANP v. Am. Ass'n of Naturopathic Physicians*, 37 F. App'x. 893, 894 (9th Cir. 2002) (affirming exceptional case where "defendant acted deliberately to and intended to harm the plaintiff by using its mark" which was "especially egregious" because defendant "continue[d] to use the mark after notice of violation" and continued to "harass[] the plaintiff"). And despite it all, Defendants' counsel did not stop Defendants' egregious conduct. *See supra* ¶ 61. Their conduct warrants a finding that this is an exceptional case.

**Defendants' Reply:**

Yuga still relies on easily distinguishable cases and actions ***not*** involving Yuga to help it make its case that they are entitled to an exceptional case finding. First, the criticisms of Yuga may not have always been as orderly as Yuga would have pleased (it is clear that Yuga would prefer no criticism at all), principles of free speech do not turn on how "orderly" the words used are. Yuga once again does not point to anything that rises to the deplorable conduct committed by a White Supremacist who was arrested for hiring a hit man against the judge in his case.[5] *See e.g. Te-Ta-Ma Truth Fdn-Family of URI v. World Church of the Creator*, 392 F.3d 248, 252 (7th Cir. 2004) ("Listen up you Kike, you better leave our fuckin' church alone or I'm gonna fuckin' kill you."). Simply put, no matter how disagreeable people might find Defendants' expression, they are not Matthew Hale.

Citations to Mr. Ripps's actions toward non-parties in this case are irrelevant. On the face of the Tweet cited by Yuga about Mr. Ripps suspension from Twitter (which is not from Twitter) about Mr. Ripps's Twitter suspension, it is clear that it was unrelated to the case. Mr. Ripps's Tumblr account has not been active in over 7 years, and the posts cited in the unverified Tweet over 13 years old and therefore are

---

[5] *See* https://en.wikipedia.org/wiki/Matthew_F._Hale

irrelevant.[6] However, what it does demonstrate is a wish for Yuga to police Defendants' lives generally, particularly what they say and how they say it.

---

[6] *See* https://ryderripps.tumblr.com/archive