Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Conclusion of Law No. 65, Lines 19:20-23** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law 65, lines 19:20-23:

Moreover, even after representing numerous times to the Court that they would not do so, Defendants introduced trial declarations and gave live trial testimony to make irrelevant and prejudicial claims regarding the same inflammatory material that the Court has repeatedly found to be immaterial to this litigation. *See*, *e.g.*, Dkt. 395 n.1.

### Defendants' Basis of Dispute:

Yuga claims that Defendants introduced trial testimony that made "inflammatory claims" that Defendants claimed they would not introduce. Yuga does not cite to anywhere in the record where Defendants introduced this material in an inappropriate way. And notably, Yuga never objected on this basis at trial (either to Defendant's declarations or during cross examination). Any such objection now is therefore waived.

Yuga is also aware that Defendants have consistently held that their intentions in creating the RR/BAYC project—including the good faith belief in their criticisms—were always relevant. *See, e.g.,* Dkt. 275 at 4-6. Introduction of this material is not a surprise to Yuga. Beyond that, the introduction of evidence related to intent is directly relevant to the issues remaining at trial, including whether Yuga is entitled to profits. See *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate.")

### Plaintiff's Response:

Defendants' objection should be rejected because they do not address or deny Defendants' violations of their promises to Yuga Labs and the Court that they would not offer testimony on irrelevant and inflammatory issues at trial. *See* Dkt. 320-1 ¶ 6(A) (agreeing in proposed pretrial conference order not to introduce evidence or argument regarding "pedophilia," "4chan," or Defendants' "emotional distress counterclaims"); Dkt. 314 (agreeing in Defendants' proposal that they will not offer testimony regarding "the words 'Nazi' or 'Hitler'," "allegations concerning death threats or harassment," the "class action lawsuit brought against Yuga for securities fraud," or "the SEC investigation into Yuga for securities fraud"); Dkt. 334 at 60:13-14 (representing to Court "We don't want a mini trial on Naziism for sure"); *id.* at 61:9-11 ("I agree they should stand up and object if we start – if anybody starts talking about – ranting about how everybody at Yuga are a bunch of Nazis. That is clearly inappropriate and shouldn't be done."). Yet Defendants repeatedly violated these promises. *See* Cahen Decl. (Dkt. 344) ¶¶ 60, 65, 66, 67, 75, 90. 91, 96; Hickman Decl. (Dkt. 345) ¶¶ 55, 58, 59; Ripps Decl. (Dkt. 346) ¶¶ 59, 69, 152; Trial Tr. at 265:17-18 (characterizing logo as a "Nazi log[o]"), 215:2-3 ("Pictures of monkeys represent racism"), 118:18-120:22 (Defendants' counsel referring to "racism," "racist imagery," and "hate speech"); Dkt. 395 at 9-10 (Defendants' designation of testimony from Mr. Cahen accusing Yuga Labs of "Nazism, racism, financial fraud, pedophilia"). This is representative of Defendants' lack of control and respect for the Court and warrants a finding that this is an exceptional case.

Defendants' contention that Yuga Labs did not object to their introduction of inflammatory material at trial is immaterial. Whether objected to or not, their actions at trial still weigh in favor of a finding that this is an exceptional case.

Defendants claim that their inflammatory claims were "always relevant" is wrong. If they were ever relevant to begin with, they were certainly irrelevant by trial, after the Court had rejected them numerous times. *See Sienze v Kutz*, No. 1:17-CV-

1  0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) ("evidence
2  concerning issues resolved at summary judgment is **generally not relevant and should**
3  **be excluded**" at trial) (emphasis added).

4  **Defendants' Reply:**

5  Defendants have explained that it has not re-litigated any issue, especially
6  because intent remains relevant to Yuga's intent-laden damages theory and its
7  exceptional case request. See Romag Fasteners, Inc. v. Fossil, Inc., 140 S. Ct. 1492,
8  1497 (2020) ("a trademark defendant's mental state is a highly important
9  consideration in determining whether an award of profits is appropriate."). Further, it
10 appears Yuga is making an evidentiary objection based on the evidence's relevance.
11 It never objected and any such evidentiary objection is waived. See Fenton v.
12 Freedman, 748 F.3d 1358, 1360 (9th Cir. 1984).

13 Regardless, there was no improper introduction of inflammatory material, nor
14 was there a "mini trial" about alleged inflammatory material. Instead, there was a trial
15 about Defendants' intent and damages. The issue of intent was never decided for the
16 issue of disgorgement or damages more generally. And of course, a matter can be
17 decided for one purpose, but not another. Sienze v Kutz, No. 1:17-CV-0736-AWI-
18 SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019). All of Yuga's citations are
19 explanations of Defendants intent, an issue that Defendants consistently maintained
20 was at issue and which this Court never stated was no longer at issue. As such, this
21 proposed conclusion of law should be rejected out of hand because it is not based in
22 the reality of the trial that actually occurred, any error is waived, and the legal
23 underpinnings of Yuga's claims are erroneous.