Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 66**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 66:

Therefore, Yuga Labs is entitled to its reasonable attorneys' fees.

### Defendants' Basis of Dispute:

Yuga is not entitled to any attorneys' fees.  Yuga is seeking its attorneys' fees under the basis that this is an "exceptional case."  For the reasons listed above, the factual underpinnings of this claim are erroneous.  *See Supra* at ¶¶ 61-65.  Absent any other factual allegations, Yuga has failed to carry its burden that it is entitled to an exceptional case finding.  *See Caiz v. Roberts*, No. 15-cv-09044-RSWL-AGRx, 2017 WL 830386 at *5 (C.D. Cal. 2017) (movant bears burden on exceptional case).

Even if Yuga's factual contentions are accepted by this court, it has failed to carry its burden of proof.  An exceptional case is abnormal.  The Supreme Court has defined exceptional to mean, "uncommon," "rare," or "not ordinary."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  In determining whether a case is exceptional, courts consider all of the circumstances in making the equitable determination, including a Defendant's intent.  *See Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate.").  As an equitable determination, the conduct of the party seeking equity must also be considered.  *Ramirez v. Collier,* 142 S. Ct. 1264, 1282 (2021) ("[w]hen a party seeking equitable relief "has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") (citations omitted).  Here, Defendants' litigation conduct was

justified in light of a corporate opponent bent on making litigation as costly and unreasonable as possible. Defendants were asked to sign away their constitutional rights. Trial Tr. [Muniz] 94:5-13.

Yuga's legal contentions also fail. Yuga cites to *Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator*, 392 F.3d 248, 263-64 (7th Cir. 2004) in a strained argument that critical Tweets entitle it to fees. *Te-Ta-Ma* involved a white supremacist making threats. *See id.* at 251 ("Race Traitors, We will include you in the concentration camps next time around, so you can be with the jews you so love.") *Te-Ta-Ma* is factually not even close to the First Amendment protected criticism of a large company and cannot serve as the basis of fees. *See* JTX-2096; Ripps Decl. ¶¶ 150-52 (Dkt. 346) (uncontested). The very comparison between this case and *Te-Ta-Ma* is frankly offensive. There are no death threats involved, either directly or indirectly.

The prevailing party is not, as Yuga suggests, entitled to attorneys' fees in trademark actions without a showing that the opposing party's claims were frivolous. *See Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (rejecting exceptional case finding in trademark case because claims were not "frivolous"). Yuga ignores this exceedingly high burden, and Defendants claims were not objectively meritless. This case did not rise to the level of an "exceptional case" and therefore Yuga is not entitled to attorney's fees.

**Plaintiff's Response:**

Defendants' objection should be rejected because (1) as shown in prior sections, this is an exceptional case, (2) intent is not relevant to this determination, and (3) there is no requirement that Defendants bring "frivolous" claims for a finding of exceptional case.

**This is an Exceptional Case:** Under the "totality of the circumstances," it is "one that stands out from others with respect to the substantive strength of a party's

1  litigating position (considering both the governing law and the facts of the case) or the
2  unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON*
3  *Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014); *SunEarth, Inc. v. Sun Earth*
4  *Solar Power Co.,* 839 F.3d 1179, 1180 (9th Cir. 2016); *Jackson v. Gaspar*, No. 2:19-
5  CV-10450-DOC-E, 2022 WL 2155975, at *4 (C.D. Cal. Feb. 24, 2022); *see supra* ¶
6  61.

7  Defendants claim that *Te-Ta-Ma* is distinct from the facts of this case, but to the
8  contrary, both cases involve conduct that was "egregious and beyond the pale of
9  acceptable litigation conduct." *See TE-TA-MA*, 392 F.3d at 264. Like *Te-Ta-Ma*,
10 Defendants "purposely orchestrated a campaign of harassment throughout the
11 litigation below which targeted [Yuga Labs] and its attorneys." *Id*. Much of this
12 harassment consisted of "explicit threats of violence" (*Id*.), such as when they
13 threatened Yuga Labs with images portraying Mr. Cahen next to a grave marked
14 "Yuga Labs," Mr. Ripps and Mr. Cahen holding a gun and a knife up to Yuga Labs,
15 and Mr. Cahen hoisting the severed head of one of the founders' apes over his head.
16 Dkt. 149-50; *supra* ¶ 29. They also accused Yuga Labs and its counsel of supporting
17 "racism, antisemitism, beastiality, pedophilia, and using cartoons to market drugs to
18 young children." Dkt. 149-51. And, like the defendant in *Te-Ta-Ma*, Defendants in
19 effect called one of Yuga Labs' founders a race traitor, accusing him, a man of Jewish
20 ancestry, of being a Nazi. *TE-TA-MA*, 392 F.3d at 251.

21 Moreover, they made these accusations at trial despite their promise not to
22 make such accusations. *Supra* ¶ 65 (lines 19:20-23). And Defendants' made these
23 accusations to promote their RR/BAYC NFTs and Ape Market. Notably, this is the
24 same marketplace where they planned to sell Yuga Labs NFTs, which they incredibly
25 claimed were offensive. *See, e.g.*, JTX-696; JTX-806-JTX-809. Finally, even after
26 the Court's Order finding that Defendants' infringed on the BAYC Marks and that
27 Yuga Labs was entitled to an injunction, Defendants continued to "purposely infringe"
28

1   on Yuga Labs' marks.  *TE-TA-MA*, 392 F.3d at 264; Solano Decl. (Dkt. 342) ¶ 77;
2   Trial Tr. at 57:8-58:6, 58:20-59:19.

3   Even were *Te-Ta-Ma* is distinguishable, Defendants ignore other caselaw
4   finding exceptional use where "defendant acted deliberately to and intended to harm
5   the plaintiff by using its mark" which was "especially egregious" because defendant
6   "continue[d] to use the mark after notice of violation" and continued to "harass[] the
7   plaintiff" *just as Defendants did*.  *AANP v. Am. Ass'n of Naturopathic Physicians*, 37
8   F. App'x. 893, 894 (9th Cir. 2002).

9   **The Court Has Already Found Bad Faith And Intentional Infringement By**
10  **Defendants, And A Finding Of Further Intent Is Not Necessary For An**
11  **Exceptional Case:**  Defendants' claim that their intent is a necessary part of this
12  determination is unfounded.  Defendants' citation to *Ramirez* is inapposite, as it does
13  not address an exceptional case or even the Lanham Act for that matter.  *See,*
14  *generally*, *Ramirez v. Collier*, 142 S. Ct. 1264 (2022) (condemned criminal claiming
15  violation under the Religious Land Use and Institutionalized Persons Act and the First
16  Amendment).  Moreover, Defendants' claim that their harassment of Yuga Labs and
17  its counsel was "justified" in the context of the litigation demonstrates (a) that their
18  conduct was in fact intentionally targeted at Yuga Labs and (b) that they are
19  unrepentant of this conduct, further contributing to an exceptional case finding.
20  Indeed, their only basis for this harassment is that they were "asked to sign away their
21  constitutional rights," citing to Ms. Muniz's trial testimony that Defendants have no
22  right to use the BAYC Marks to promote products.  But this post hoc justification is
23  just another reason to make an exceptional case finding.

24  **Frivolous Claims Not Necessary:**  Finally, *Anhing* does not hold that a finding
25  of frivolousness is necessary to an exceptional case.  It is merely one of the numerous
26  "factors the district court *may* consider when deciding whether to grant attorneys'
27  fees."  *Anhing Corp. v. Viet Phu, Inc.*, 2017 WL 11630841, at *3.  At this stage
28

though, Defendants repeated re-litigating of settled issues makes their arguments frivolous.

**Defendants' Reply:**

Yuga is not entitled to attorneys' fees. Their response in many ways indicates the shakiness of their position. First, Yuga makes the malicious accusation that "like the defendant in *Te-Ta-Ma*, Defendants in effect called one of Yuga Labs' founders a race traitor, accusing him, a man of Jewish ancestry, of being a Nazi." *See supra.* ¶ 66. This attempt to link Defendants with Matthew Hale through an accusation like this without adequate evidence to support the claim demonstrates how different this case is from *Te-Ta-Ma*, which ultimately ended with Matthew Hale being sentenced to prison for threatening a federal judge. For the reasons stated above, Defendants are not Matthew Hale, and Yuga's accusation is not well-taken.

Nor does *AANP* support Yuga's plea. In *AANP* the infringer went to trade shows and before state legislatures claiming to be the plaintiff. *See AANP v. American Ass'n of Naturopathic Physicians*, 37 F. App'x 893, 894 (9th Cir. 2002). On the contrary, Defendants made affirmative statements that they were *not* Yuga and have not continued in their infringement. In *AANP* the court found that the defendants were willful infringers. *Id.* at 893-94. That finding was never made in this case.

The *Ramirez* citation stands for a general proposition in equitable relief. *Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him."). This general proposition applies to equitable relief generally. Further, it is clear that this Court may consider Yuga's misconduct when determining whether it is due relief. "The Court also considers the conduct of **both parties** throughout the case." *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022).

1    Lastly, Defendants have not put forth frivolous positions.  Yuga concedes that it
2 is arguing that Defendants' positions are only frivolous to the extent they were already
3 litigated.  However, for reasons stated above, this is either an evidentiary objection
4 that Yuga has waived, and Defendants have not re-litigated any settled issues.  They
5 were only introducing matters of intent which had not been decided for disgorgement
6 or an exceptional case finding.
7    In summary, there is nothing that would entitle Yuga to an exceptional case
8 finding.  Therefore, Defendants respectfully request that this Court reject Yuga's
9 request for an exceptional case finding entered in its favor.