Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. IV.5**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. IV.5**

5.  This Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this injunction.

**Defendants' Basis of Dispute:**

Yuga's proposed injunction is overly broad and therefore not enforceable. "Injunctive relief must be tailored to remedy the specific harm alleged. An overbroad injunction is an abuse of discretion." *Storman's Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009) (internal quotations and citations omitted). An overly broad injunction cannot be enforced. *See id.* at 1142.

**Plaintiff's Response:**

Defendants' objection should be rejected because Yuga Labs' proposed injunction is not overbroad and it is enforceable. Indeed, two other courts have entered similar injunctions against Defendants' business partners. *See* Judgment and Order for Permanent Injunction Against Ryan Hickman (Dkt. 30), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Aug. 25, 2023); JTX-621 (Consent Judgment and Order for Permanent Injunction Against Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-TWD (N.D.N.Y Feb. 6, 2023)). The proposed injunction is not overbroad, *see supra* ¶ IV.2, but regardless, this is not a proper basis to object to this standard language pertaining solely to the Court's jurisdiction over its own injunction. Defendants' irrelevant and boilerplate objection should be rejected.

**Defendants' Reply:**

1 | Defendants object to Yuga's proposed injunctive relief in its entirety and
2 | instead propose that if the Court enters an injunction (which it should not), it be
3 | limited to reasonable terms. *See* Dkt. 417 ¶ 145. Yuga's citations to the decisions
4 | other courts have held with regard to cases against Mr. Lehman (who settled with
5 | Yuga) and Mr. Hickman (who had a default judgment entered against him) are
6 | dissimilar to the posture in this case, not binding, and irrelevant and therefore cannot
7 | support its overly broad injunctive relief claim. This objection to Yuga's proposed
8 | injunctive relief is relevant because it is too broad, and an overly broad injunction
9 | cannot be enforced.