**Defendants' Disputed Post Trial Finding of Fact No. 7:**

The Court finds Defendants' witnesses Ryder Ripps, Jeremy Cahen, and Ryan Hickman credible. Trial Tr. [Defendants' witnesses] 204:21-270:23; Ripps Decl. (uncontested); Cahen Decl.; Hickman Decl.

**Plaintiff's Basis for Dispute:**

Each of Defendants' witnesses lack credibility and their testimony, including Mr. Ripps' testimony (*see supra* ¶ 3), is undermined entirely by their lack of credibility, documentary evidence, and testimony from witnesses who are credible. As such, they are unreliable and should not be the basis of the Court's findings of facts or conclusions of law.

Mr. Cahen's testimony was littered with contradictions. For example, in his trial declaration, Mr. Cahen testified that the ApeMarket marketplace was "just in the ideation phase." Cahen Decl. (Dkt. 344) ¶ 263. However, at trial Mr. Cahen confirmed that there was a "ready-to-go Ape Market by . . . June 24, 2022." Trial Tr. at 247:10-12. Mr. Cahen later confirmed that he had "no reason to doubt" that the marketplace could be launched within a matter of 48 hours. *Id.* at 248:7-9.; *see also* JTX-1027. Similarly, Mr. Cahen testified in his trial declaration that he "did not expect the project would result in consumer confusion," Cahen Decl. (Dkt. 344) ¶ 155, however Mr. Cahen's communications in the Team ApeMarket discord chat demonstrate that he was aware of the likelihood of confusion, and indeed apathetic to it. *See* JTX-801.189; JTX-801.196.

Mr. Cahen also contradicted himself by claiming that he purchased a computer to help create the RR/BAYC collection several months prior to the conception of the project. Cahen Decl. (Dkt. 344) ¶ 174. Mr. Cahen tried to explain this at trial by stating that the "project" began before May of 2022, Trial Tr. at 229:5-13, but his latest tale contradicts the prior testimony by Defendants that they began working on the RR/BAYC NFTs in May of 2022. *See* Dkt. 200-3; Dkt. 200-4. When Defendants sought to skirt their discovery obligations and hide their

communications about the real intent of their infringement, they claimed that the project began in May of 2022, but when they tried to claim expenses related to the project they claim that it began in 2021. Mr. Cahen either lied at trial or he lied to the Court during discovery. He is therefore discredited.

Finally, in both his declaration and at trial, Mr. Cahen testified that none of the Defendants had ever used the term "BAYC v3" to refer to their infringing NFTs and that the name was only used after Yuga Labs sent DMCA takedown notices to combat the infringement. Cahen Decl. (Dkt. 344) ¶ 253; Trial Tr. at 252:2-253:8. This testimony is false, as Mr. Ripps referred to his infringing NFTs as BAYC V3, before Yuga Labs had sent a single notice. JTX-689.

Mr. Hickman similarly lacks credibility. Mr. Hickman also testified that ApeMarket was not ready to launch and was merely in the ideation phase. Trial Tr. at 210:1-2. As discussed above, this was proven false at trial. Mr. Hickman testified in his trial declaration that he was unaware of instances of confusion stemming from the infringing NFTs. Hickman Decl. (Dkt. 345) ¶ 92. However, Mr. Hickman discussed with Defendants that consumers were confused by Defendants' misleading use of authentic BAYC NFT token IDs. JTX-44. Further, Mr. Hickman was an active participant in the Team ApeMarket discord chat where Defendants, Mr. Lehman, and Mr. Hickman himself raised the likelihood of confusion many times. *See, e.g.*, JTX-801.195.

Further, in his trial declaration Mr. Hickman testified about his and a family member's purportedly adverse reactions to the Bored Ape Yacht Club images, Hickman Decl. (Dkt. 345) ¶¶ 41-58, but when questioned by the Court at trial Mr. Hickman testified that he does not have any problem with selling NFTs that point to those exact same images. Trial Tr. at 222:24. Mr. Hickman's testimony that he found Yuga Labs' NFTs problematic is even more difficult to reconcile with the fact that he claimed to purchase a Bored Ape Yacht Club NFT after forming the supposed belief that it was problematic, and continued to purportedly own one up

until trial. Hickman Decl. (Dkt. 345) ¶¶ 18-19, 21.

**Defendants' Response:**

Defendants expressly reserve and reassert all responses made in the parties' Joint Statement Regarding Objections (Dkt. 421). Mr. Ripps's unrebutted testimony is credible for the reasons stated above. *Supra* Responses to ¶¶ 3, 4.

Yuga failed to impeach Mr. Ripps, Mr. Cahen, or Mr. Hickman during trial and the trial record does not contain any evidence showing that these witnesses are not credible or that they did not give truthful testimony.

Yuga mischaracterizes Mr. Cahen's testimony suggesting he was contradicting himself. But there is nothing inconsistent with his testimony. He testified that ApeMarket was in the ideation phase, which means that anything under development was subject to substantive changes pending Mr. Ripps's review and signoff on the website. Because Mr. Ripps had not reviewed and approved anything in connection with ApeMarket it did not move beyond ideation. Yuga mischaracterized Mr. Cahen as saying that ApeMarket was "ready to go" by June 24, 2022. But what Mr. Cahen actually said is that he did not know if ApeMarket was "ready to go" by June 24, 2022 but that he could launch it in 48 hours. Trial Tr. [Cahen] 248:7-9. Mr. Cahen also stated that he works with the high skilled engineers that can implement nearly any project within days and that ApeMarket did not require much work in the first place as it used open-source code. *Id.* at 247:1-17. ApeMarket was never released, and there was no evidence that the webpage apemarket.com was a functioning website. Trial Tr. [Muniz] 85:11-12; [Hickman] 217:25-218:1; Cahen Decl. ¶ 260 (Dkt. 344); Ripps Decl. ¶ 180 (Dkt. 346) (uncontested).

Yuga incorrectly argues that Mr. Cahen is not credible because he testified that Defendants never used the term "bayc v3" to refer to the RR/BAYC collection. But Yuga was unable to impeach this testimony during cross-examination of Mr. Cahen and Yuga did not cross-examine Mr. Ripps on this issue. The exhibit that

Yuga cites, JTX-689, also confirms that Mr. Cahen's testimony was true. JTX-689 is a reply Mr. Ripps made on Twitter on May 13, 2022 to Mr. McNelis's question on what NFTs people are buying. Mr. Ripps's reply is a satirical comment that has absolutely nothing to do with the RR/BAYC collection and, in fact, the comment was made before Mr. Ripps even started taking commissions for RR/BAYC NFTs. Lastly, JTX-689 is not even his statement.

Lastly, Yuga also incorrectly asserts that Mr. Hickman is not a credible witness. Yuga's basis for this accusation is simply because Mr. Hickman testified that ApeMarket was in the ideation stage and that he owns a BAYC NFT. But, as discussed above, the trial evidence consistently shows that the ApeMarket *was* in the ideation stage and still subject to Mr. Ripps's review and approval.

Yuga also argues that Mr. Hickman is not credible because he purportedly "wrongly" testified that he is not aware of any actual instance of confusion. But the trial record confirmed that *no one* is aware of a single instance of actual confusion. Ripps Decl. ¶ 223 (Dkt. 346) (uncontested); Trial Tr. [Cahen] 265:11-18; Cahen Decl. ¶¶ 222, 224 (Dkt. 344); Trial Tr. [Muniz] 85:3-7 ("Q. Now let's focus on, I think, what you were focused on. Yuga Labs has been unable to identify even[] a single person who purchased an RR/BAYC believing it to be sponsored by Yuga Labs; right? A. Correct."). Yuga then cites to various documents (JTX-44, JTX-801.195) to argue that Mr. Hickman purportedly believed that consumers would be confused by the RR/BAYC project. But these documents involve discussion in how to design *ApeMarket* to ensure that the website design was not confusing to users of the website. And, in fact, Yuga cross-examined Mr. Hickman about this issue and confirmed that Mr. Hickman and other members of the RR/BAYC project were not discussing confusion regarding the source of RR/BAYC NFTs. Instead, as Mr. Hickman explained, "[t]his is our attempt to make it as clear as possible. We are having discussion on how to make sure it was very clear for users." Trial Tr. [Hickman] 212:22-24.

1    Yuga also argues that Mr. Hickman is not credible because he did not have a
2 problem working on an NFT project that points to public digital images that he
3 finds to be offensive. But Yuga's argument missing the mark. As Mr. Hickman
4 explained, the whole purpose of his work on the RR/BAYC collection was to
5 protest the offensive imagery that Yuga had been normalizing:

| | | |
|---|---|---|
| 6 | THE COURT: | When you are selling defendants' NFTs, you are selling |
| 7 | | Yuga's images. |
| 8 | THE WITNESS: | *No. We are selling the record.* |
| 9 | | |
| 10 | THE COURT: | Okay. But the record points to and displays those images. |
| 11 | THE WITNESS: | *So the images are public.* They are available for anybody |
| 12 | | to navigate to on the Internet. |
| 13 | THE COURT: | Right |
| 14 | THE WITNESS: | *We are selling a receipt that says I committed to this* |
| 15 | | *protest that points to the same public [image] that a lot* |
| 16 | | *of different collections point to* including Yuga Labs |
| 17 | | pointing to the same resource. |

18 Trial Tr. [Hickman] 222:10-22 (emphasis added). Yuga then suggests that Mr.
19 Hickman is not credible because he himself owns a BAYC NFT even though he
20 finds the images offense. But Mr. Hickman's declaration explains, "When I first
21 saw Bored Ape Yacht Club images, I found the imagery problematic, but I did not
22 originally pay I much attention." Hickman Decl. ¶ 18. Only later, when speaking
23 with is great aunt, did Mr. Hickman realize how harmful and dangerous Yuga's
24 misconduct is. Hickman Decl. ¶¶ 48-54 (emphasis added). There is nothing about
25 Mr. Hickman's conversation with his great aunt and how he became part of the
26 RR/BAYC movement that makes him an untrustworthy witness.
27
28

**Plaintiff's Reply:**

Defendants' attempts to rehabilitate their witnesses are unavailing. *See supra* ¶¶ 3, 4. Defendants fail to rebut Defendants' obvious profit motives (*supra* ¶ 4); Defendants' infringement is not a "joke" (*supra* ¶ 3, *infra* ¶ 8), and Defendants continue to lie about BAYC V3 (*infra* ¶ 8). They also fail to rehabilitate Mr. Cahen and Mr. Hickman.

**Defendants Fail To Rehabilitate Mr. Cahen:** Mr. Cahen's testimony that Ape Market was still in the "ideation" stage is false for the reasons outlined *supra* ¶ 7, *infra* ¶ 116. That Defendants and their business partner are aligned on this dishonest characterization does not make it true. None of these witnesses are credible, and Mr. Lehman's testimony and the written record prove the truth. *See infra* ¶ 58. And as explained below, Mr. Cahen's testimony about "BAYC V3" is plainly dishonest. *See infra* ¶ 8. Additionally, Mr. Cahen launched into non-responsive rants no less than 18 times over the course of his deposition, and he was similarly non-responsive at trial. *See* Dkt. 271. Defendants' argument that Mr. Cahen's testimony that RR/BAYC could stand for "Ronald Reagan bought apples yesterday, classy" was responsive to the question in a lawsuit about the RR/BAYC NFTs is flatly bad faith. Mr. Cahen has consistently proven himself to be evasive, non-responsive, dishonest, and disrespectful to the Court and judicial process.

Defendants' attempts to rehabilitate Mr. Cahen's testimony about his computer purchase is also unavailing. Mr. Cahen's pattern of contradictory and vacillating testimony proves that he lied to the Court repeatedly and without trepidation. First, Defendants swore under oath that they had produced communications from "mid-May, 2022, which is also the same time period that the RR/BAYC Project began." *See* Dkt. 200-3; Dkt. 200-4. But at trial Mr. Cahen testified that the project began "well, well before" the minting of the RR/BAYC NFTs. Trial Tr. at 227:20-21. Defendants' rebuttal misses the point; Mr. Cahen's testimony that the computer he purchased in 2021 was "for the project" directly

Case 2:22-cv-04355-JFW-JEM   Document 429-3   Filed 10/05/23   Page 7 of 8   Page ID
#:34445

contradicts his previous testimony that "the RR/BAYC project began" in "mid-May, 2022." *Compare* Cahen Decl. (Dkt. 344) ¶ 174; Dkt. 200-3. Here again, their story changes based upon their desired outcome. Whether the "project" began in 2021 or 2022, Mr. Cahen lied.

**Defendants Fail To Rehabilitate Mr. Hickman:** Defendants' rehabilitation of Mr. Hickman similarly falls flat, and Mr. Hickman has more recently attempted to deceive Judge Mahan in the District of Nevada, which further serves to undermine his testimony in this case. Mr. Hickman's testimony pertaining to Ape Market is discredited for the reasons discussed *supra* ¶ 7. Contrary to Defendants' assertion that Mr. Hickman was "not aware of a single instance of confusion," Mr. Hickman's communications with Defendants demonstrate that he was aware that their infringement would cause confusion. *See* JTX-801.189; JTX-801.196; *see also* JTX-44. While Mr. Hickman's conversations may have been geared towards designing Ape Market, these conversations were necessary because of the similarities between Yuga Labs' NFTs and Defendants' infringing NFTs that would be sold on Ape Market just as they were confusingly sold on other marketplaces. If Mr. Hickman was aware that consumers would be confused on Ape Market, he would be aware that they would also be confused elsewhere.

Defendants also fail to rehabilitate Mr. Hickman's testimony about his belief that Yuga Labs' NFTs were "problematic." Mr. Hickman allegedly bought a Bored Ape Yacht Club NFT, held that NFT, and sold infringing NFTs that point to the exact same images as the Bored Ape Yacht Club NFTs all *after* he purportedly found the images problematic, Hickman Decl. (345) ¶ 18, and *after* he purportedly had a conversation with his great-aunt about the images. *Id.* at ¶¶ 48-54. Mr. Hickman's *conduct* contradicts his testimony rendering it not credible.

Mr. Hickman's recent sworn statements in the related lawsuit against him also demonstrate that he is not a credible witness, and that he is willing to lie under oath where it best serves him. In Yuga Labs' lawsuit against Mr. Hickman that is

JOINT STMT. RE DEFENDANTS' PROPOSED POST-TRIAL FINDING OF FACT NO. 7     7     Case No. 2:22-cv-04355-JFW-JEM

currently pending in the District of Nevada, Mr. Hickman makes false representations to the court and disclaims his role as one of the lead developers in the RR/BAYC scam. Specifically, in an effort to vacate the default judgment entered against him, Mr. Hickman states under oath, "I previously provided testimony in the *Yuga Labs, Inc., v. Ryder Ripps, Jeremy Cahen*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal. 2022) case that my only involvement in the websites located at the domain names <rrbayc.com> and <apemarket.com> ('Domain Names') included making some contributions to the 'RSVP Smart Contract.'"). Hickman Decl. ISO Reply to Motion to Vacate Default Judgment (Dkt. 38-1), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Sept. 20, 2023), at ¶ 3. This statement is demonstrably false and directly contradicted by the record in this case. In Mr. Hickman's prior testimony before *this* Court, he claimed to be a major contributor to the development and implementation of the RR/BAYC and Ape Market websites. *See* Hickman Depo. Designations (Dkt. 394) at 42:17-19 ("[T]he smart contract coders and website developers in that context is myself and Tom."); *see also* Dkt. 271 (notice of lodging Mr. Hickman's marked up deposition transcript) at 211:1-4 ("Q: Technically, as of the 21st of June you're the primary person that's working on Ape Market? / A: That's fair to say. That's fair to say"); Hickman Decl. (Dkt. 345) ¶ 69 ("I also helped Mr. Ripps by working on developing the rrbayc.com website, which was where collectors would be able to use the RSVP program to make reservations."); ¶ 70 ("Mr. Ripps explained what he wanted the rrbayc.com website to look like, and I did my best to implement his creative vision."). Mr. Hickman's blatant contradictions and willingness to lie for personal gain demonstrate his lack of credibility as a witness and render his declaration unreliable.