**Defendants' Disputed Post Trial Finding of Fact No. 18:**

<u>Rather, Mr. Ripps's and Mr. Cahen's contemporaneous communications about the RR/BAYC project confirm that their intent was to use RR/BAYC to criticize rather than to confuse. For example, in private group chats among participants in the RR/BAYC project (JTX-801, 803-804), Mr. Ripps and Mr. Cahen discussed their intended artistic purpose of the project, their intention that it would spread criticism of Yuga, and their intention that social media platforms be used to educate the public about the nature of NFTs and what they saw as Yuga's misconduct. Ripps Decl. ¶¶ 144, 147 (uncontested); Cahen Decl. ¶ 131; JTX-801.00010, 012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30.</u>

**Plaintiff's Basis for Dispute:**

The evidence in this case establishes that Defendants intentionally infringed and caused confusion. *See supra* ¶ 19. Defendants rely on testimony from Mr. Ripps and Mr. Cahen, but as shown above, this testimony is not credible and should be given little weight. *See supra* ¶¶ 3, 7.

Mr. Cahen's testimony should also be given little weight due to his disrespect for the Court, the seriousness of this litigation, and his obligation to be truthful but failure to be so. Indeed, at trial Mr. Cahen repeatedly offered non-responsive rants in response to unrelated questions such as whether he "stimulated the sales of RR/BAYC NFTs by tweeting" about ApeMarket. Trial Tr. at 237:14-238:1. This is consistent with his hostile and obstructive deposition misconduct. *See e.g.*, Cahen Depo. Designations (Dkt. 395) at 80:5-7 ("Q: What is one thing [RR/BAYC] could stand for? A: It could be Ronald Reagan bought apples yesterday, classy. I don't know."). Mr. Cahen's lack of respect for the Court and its truth-finding processes should prevent any finding that he is credible.

Mr. Ripps is also non-credible. He testified that he minted the RR/BAYC NFTs to his "personal wallet, ryder-ripps.eth" despite the fact that his wallet was

named "ryder-ripps.eth" only *after* minting, most if not all of, the infringing NFTs. *Compare* JTX-25, *with* JTX-36. Thus, the narrative that customers would not be confused because they could see the NFTs were minted from Mr. Ripps' wallet is dismantled by the fact that it only bore Mr. Ripps' name *after* the initial mint and customers would not encounter the "ryder-ripps.eth" creator tag had they even tried to look. Mr. Ripps can attempt to couch his lies in "sarcasm," but the ultimate effect was confusion in the marketplace and a significant payday for Defendants.

Additionally, Mr. Ripps repeatedly lied about his discovery obligations. Throughout discovery Mr. Ripps signed no fewer than three declarations (two of which were Court-ordered), under penalty of perjury, stating that he had searched his records and produced all responsive documents related to the RR/BAYC NFTs. JTX-1541 (Jan. 17, 2023); Dkt. 109-42 (Feb. 17, 2023); Dkt. 158 (Mar. 21, 2023). After each of these three declarations, however, Defendants continued to produce responsive documents after Yuga Labs independently discovered evidence of improper withholding. *See, e.g.*, JTX-1574-JTX-1591 (text messages between Mr. Ripps and Mr. Cahen, withheld until March 21, 2023, discussing relevant topics such as Defendants' infringing NFT collection, Yuga Labs, Defendants' profit intent, Ape Market, and marketing). Defendants withheld documents such as ***hundreds of pages of text messages between*** them until March 21, 2023 — after Mr. Ripps verified under penalty of perjury that he produced all responsive documents, after the Court had to order responsive documents produced twice in response to Yuga Labs' discovery motions, and after Yuga Labs had already filed its motion for summary judgment. *See* Dkt. 145. Defendants also produced responsive documents even after their March 21, 2023 declaration; for example, on April 11, 2023, Defendants produced messages with a BAYC NFT holder to whom Defendants were trying to provide an infringing NFT. Defendants have no excuse for their repeated improper withholding of material evidence and repeated lies under oath.

Mr. Ripps' testimony that the text message presented to him at trial did not have anything to do with the RR/BAYC project is another blatant lie. These documents that Mr. Ripps wrongly withheld until after Yuga Labs' summary judgment submission included text messages discussing airdropping more of Defendants' infringing NFTs to the wallets of those who have already purchased them. Thus, Mr. Ripps' testimony that he did not "really find it to have anything to do with the RR/BAYC project" is unbelievable. Trial Tr. at 268:17-21; JTX-1574. Mr. Ripps' testimony reiterates what is obvious from the record: Defendants' stories change based on what is convenient for them at the time. Mr. Ripps, a proven liar, is not a credible witness.

**Defendants' Response:**

Defendants expressly reserve and reassert all responses made in the parties' Joint Statement Regarding Objections (Dkt. 421) and all responses to paragraphs referenced by Yuga.

To the extent Yuga is relying on Law of the Case, it is incorrect. The "law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (; *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014). In *Sienze v Kutz*, the Court held that although ***aspects*** of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019). This case is like *Sienze*, the summary judgment ruling on intent applies only the issue of infringement and not the remaining issues in the case.

Yuga is primarily arguing that Defendants are not credible. They are both credible. Yuga also accuses Mr. Cahen of "disrespect for the Court" through non-responsiveness. But the trial transcript shows otherwise:

| | | |
|---|---|---|
| Q. | | And in May and June of 2022, one of your goals for that apemarket.com domain was to use it to mint out the remainder of the RR/BAYC NFT collection; correct? |
| A. | | No. That's theoretically impossible because doing that – creating an NFT marketplace would offer absolutely no functionality in terms of minting an already existing NFT contract. |
| Q. | | You used the prospect of the marketplace to drive sales of RR/BAYC NFTs; correct? |
| A. | | There never existed a marketplace. |
| Q. | | You used the prospect of a marketplace to drive sales of RR/BAYC NFTs; correct? |
| A. | | What I would say I did was use the prospect of a potential marketplace which we were in the ideation phase of, I would say that I absolutely 100 percent used the prospect of that to draw attention to my protest of racism, anti-Semitism, and financial fraud being committed by Yuga Labs and Bored Ape Yacht Club. |
| Q. | | You used the prospect of that marketplace to mint out the remained of the RR/BAYC NFT collection; correct? |
| A. | | No, I did not. |

Trial Tr. [Cahen] 231:8-232:6. Mr. Cahen was answering questions directly posed to him. If he refused to answer, Yuga would accuse him of disrespect anyways. Likewise, Yuga's cherry-picked answer from his deposition proves little, especially given they were unable to impeach him on the stand.

 For Mr. Ripps, Yuga attacks his credibility despite not cross-examining him. For the reasons stated above, *see supra* ¶ 3, Yuga should not be allowed to sand bag on this issue by forgoing cross-examination. The minimal cross-examination they conducted proved Mr. Ripps's credibility. Yuga's cross-examination did not result in any impeachment or inconsistency. Mr. Ripps testified that he believed he

Case 2:22-cv-04355-JFW-JEM   Document 429-14   Filed 10/05/23   Page 5 of 6   Page ID
 #:34510

produced all documents relating to the creation of RR/BAYC. Trial Tr. [Ripps] 268:5-11.  Mr. Ripps further explained that he produced everything despite possible harm from it. *Id.* at 270:3-18.  Mr. Ripps further testified that Yuga had sought sanctions multiple times based on Yuga's false accusations of discovery misconduct, and that this Court denied all of Yuga's baseless motions. *Id.*  Mr. Ripps's trial testimony is consistent with his declaration which reserved the right to supplement as he discovered, more documents, which he did. Dkt. 109-33.  Mr. Ripps fulfilled his discovery obligations and upheld his verification by providing all the responsive material he located after a reasonable search to the best of his knowledge.

In total, Yuga failed to contradict Mr. Ripps in any way and largely did not contest his declaration.  As such, this court should credit him as a reliable witness.  Yuga never addresses the substance of this finding of fact, which is that Defendants' contemporary communications show an intent to criticize, protest, and educate.  That could be because it is undeniably true.  *See* Ripps Decl. ¶¶ 144, 147 (uncontested); Cahen Decl. ¶ 131; JTX-801.00010, 012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30.  Regardless, to the extent Yuga is relying purely on Defendants' credibility, its arguments should be rejected.

**Plaintiff's Reply:**

Defendants' response lacks merit.  Specifically: (1) the response seeks to relitigate issues already adjudicated by the Court (*supra* ¶ 9), (2) the record shows that Defendants intended to confuse consumers (*supra* ¶ 19), (3) Defendants' commercial infringement was not protected "art" or criticism (*supra* ¶ 10), (4) Defendants intended to profit off of their infringement (*supra* ¶ 13), (5) Defendants did not take steps to avoid confusion—instead they ignored their attorney's advice (*infra* ¶ 33), and Defendants are not credible (*see supra* ¶¶ 3, 7, 8, 18).

Additionally, Defendants appear to have abandoned their argument that Mr. Ripps' wallet address did not identify him until after the RR/BAYC NFTs were

JOINT STMT. RE DEFENDANTS' PROPOSED POST-
TRIAL FINDING OF FACT NO. 18                    5                    Case No. 2:22-cv-04355-JFW-JEM

minted, tacitly admitting their lie and further detracting from Mr. Ripps' credibility. *See supra* ¶ 18 (basis for dispute). But even after the creator field was changed, Defendants have no evidence that this field was sufficient to dispel the confusion they created. This field does nothing to address initial-interest confusion, post-sale confusion, or confusion as to sponsorship or affiliation. This is in part because, as the evidence admitted at trial shows, Mr. Ripps immutably labeled the infringing collection with the name "Bored Ape Yacht Club" and the Symbol "BAYC." *See* JTX-600; *see also* Trial Tr. 130:19-22. And while not responsive to the issue of Mr. Ripps' credibility, Defendants misrepresent Mr. Atalay's testimony pertaining to how consumers verify their NFTs. *See infra*, ¶ 68.