**Defendants' Disputed Post Trial Finding of Fact No. 53:**

<u>Yuga's alleged evidence of profits resulting from actual confusion are also based on Defendants' alleged use of terms BAYC V3 or Bored Ape Yacht Club V3.</u> However, in reality, Mr. Ripps, Mr. Cahen, Mr. Hickman, and third-party Thomas Lehman did not use BAYC V3 or Bored Ape Yacht Club V3 to suggest that the RR/BAYC project had any affiliation with Yuga or to confuse any purchaser. Trial Tr. [Cahen] 253:18-21; [Cahen] 254:24-255:3.

**Plaintiff's Basis for Dispute:**

Defendants' assertion that they did not use "BAYC V3" to imply an affiliation with Yuga Labs or confuse consumers is contradicted by the evidence admitted at trial.  This contradiction is highlighted by the fact that Defendants could not keep their story straight.  First, Mr. Cahen testified at trial that "the V3 thing is never something that I used or Ryder used or Ryan Hickman used or Mr. Lehman used." Trial Tr. at 253:19-21.  But now, in their proposed findings of fact and conclusions law, Defendants concede that they used the term, but argue that such use was "in a sarcastic context and as a joke."  Defendants' inconsistent testimony should be given no weight and this assertion should not be accepted as true.

Mr. Ripps' use of "BAYC V3" to refer to the infringing NFTs suggests an affiliation with Yuga Labs, and therefore the assertion that neither Defendants nor their associates used the term "to suggest that the RR/BAYC project had any affiliation with Yuga or to confuse any purchaser" is false.  On one occasion, in response to a Tweet by @j1mmy.eth asking what NFT collections consumers were purchasing, Mr. Ripps tweeted "bayc v3." JTX-689.  Four days later, Mr. Ripps tweeted a link to a secondary sales marketplace where his infringing NFTs were listed under the name "Bored Ape Yacht Club V3." JTX-690.  Both of these terms include Yuga Labs' trademarks and thus imply an affiliation with Yuga Labs and the Bored Ape Yacht Club brand.  And in neither Tweet did Mr. Ripps make any attempt to dispel any confusion as to this obvious affiliation.  He did not mention

Ryder Ripps NFTs or RR/BAYC. He only said "bayc v3" or "Bored Ape Yacht Club V3." And given the fact that Mr. Ripps referred to the RR/BAYC NFTs as "bayc v3" and "Bored Ape Yacht Club V3" at least twice, Defendants' use of "alleged" in this contention lacks credibility and is demonstrably false.

Defendants' assertion that the use of Yuga Labs' marks was not meant "to confuse any purchaser" should be given no weight in light of the Court's finding that Defendants "used the BAYC marks in an effort to confuse consumers." SJ Order (Dkt. 225) at 12. Defendants cannot evade liability by claiming that their blatant infringement was a joke—and regardless, the end result was confusion in the marketplace and a significant payday for Defendants and their associates. *See* JTX-701 (Bloomberg referring to RR/BAYC as Bored Ape Yacht Club V3).

**Defendants' Response:**

Yuga cites to various trial transcript segments to argue that the trial transcript indicates that Mr. Cahen used "v3" in a sarcastic manner and as a joke and is inconsistent with his statement that he never used the term. First, Mr. Cahen states that he would have never referred to the RR/BAYC project as "V3" and explained that he believed the term originated in this context from DMCA takedowns. Trial Tr. [Cahen] 253:15-254:7. He then explains that *others* on the internet would use the "V3" as a joke but that "myself, nor anyone on my team, ever used that label or name or whatever you want to call it. V3 is something that we have absolutely nothing to do with." *Id.* at 255:4-7. It is entirely consistent that Mr. Cahen never used the term v3 but that others on the internet might have. He also stated that Mr. Ripps might have used the term sarcastically. *Id.* at 255: 8-12.

JTX-689 and JTX-690 do not show an intentional use of Bayc V3 to confuse. JTX-689 is a sarcastic reply to j1mmy.eth, one of the more prominent BAYC holders that Ryder had publicly feuded with in the past. *See* JTX-689; Dkt. 346 Ripps Decl. ¶¶ 73-80 (Dkt. 346) (uncontested). It was a clear joke that anybody familiar with the feud between Jimmy and Mr. Ripps would understand and not an

1  attempt to dupe anybody.  Likewise, JTX-690 which purportedly shows a Tweet
2  with v3 only displays "v3" if the mouse is left hovering over the link in a specific
3  way.  The actual body of the Tweet does *not* include the v3 term, and Yuga has
4  shown no evidence that the URL name was not automatically generated.

5  　　　　Yuga points to the Bloomberg video as evidence that the use of "v3" by
6  Defendants led to confusion.  *See* JTX-701.  But the Bloomberg news segment did
7  not discuss RR/BAYC NFTs or even the BAYC V3 label that Yuga complains
8  about.  The Bloomberg Crypto segment centered on the recent cryptocurrency
9  market crash and its impact on the valuation of various cryptocurrency assets.  JTX-
10 1049.  During a discussion of the NFT market, Bloomberg news reporters
11 highlighted that NFT valuation had dropped in 2022, along with the valuation of
12 other cryptocurrency assets.  *Id.*  However, during a brief discussion of an "eight
13 percent jump in the NFT index," a chart listing NFT collections appeared behind
14 the Bloomberg reporter.  *Id*.  While the chart was displayed, the reporter did not
15 discuss any of the collections.  Instead, she highlighted market changes such as
16 volume drops on OpenSea of "almost 200%."  *Id*.  As the NFT collections chart
17 was taken down, the reporter said "let's talk a second longer about the Bored Ape
18 Yacht Club collection" before discussing how drops in valuation across the
19 cryptocurrency market have also impacted that Bored Ape Yacht Club's valuation.

20 　　　　Although the NFT collections chart shown during the Bloomberg segment
21 listed "Bored Ape Yacht Club V3" as a "Top NFT Collection," the news reporter
22 did not spend any time discussing and analyzing the chart.  *Id*.  She never
23 referenced the Defendants by name, she never referenced Defendants' criticisms of
24 Yuga, and she never even mentioned Yuga.  Instead, she briefly mentioned the
25 Bored Ape Yacht Club as the chart was taken down.  *Id*.  This is unsurprising since
26 the Bored Ape Yacht club was one of the collections listed on the chart.  *Id*.
27 However, nothing that the reporter said characterized Defendants' RR/BAYC
28 project as being affiliated with Yuga or the Bored Ape Yacht Club.  In fact, the

reporter did not compare or contrast any of the listed collections. *Id.* She simply continued to her other talking points. *Id.* Thus, the Bloomberg news segment has not indication that anyone was confused regarding the Bored Ape Yacht Club NFTs listed on the chart and the V3 NFTs listed on the chart—the same chart that was never discussed by anyone at any point during the news segment.

Accordingly, Yuga does not point to any evidence that the Bloomberg reporters were actually confused or that even the chart in the background indicated any confusion between the Bored Ape Yacht Club, which was listed separate and apart from the V3 listing). In fact, Yuga witnesses admitted that they never spoke with Bloomberg reporters and thus cannot actually speak about Bloomberg's state of mind. Trial Tr. [Solano] 31:3-17. They have also shown no evidence that it was Defendants' use of the term "v3" that led to the Bloomberg report.

**Plaintiff's Reply:**

Defendants' response merely relies on their self-serving, fallback claim that their confusing use of BAYC V3 and Bored Ape Yacht Club V3 are jokes and sarcasm. Defendants only arrived at this alternative explanation after their first two explanations—offered through Mr. Cahen, under oath—were disproven. *Supra* ¶ (7) (reply in support of objection, refuting Defendants' claims the name originated from 27 takedowns, and alternative explanation that Defendants never used the term). Mr. Cahen testified to these other explanations under oath several times before finally admitting that Defendants did use these names to promote their infringing NFT collections. *Id.*

Defendants now argue here that the Bored Ape Yacht Club V3 and BAYC V3 names are just a "joke," but fail to substantiate this with any evidence or even explain what the joke is. *See supra* ¶ (7) (reply in support of objection, addressing claim that Defendants used the terms but only as a joke). Critically, they do not address the confusion by those who are not in-on-the-joke. As Defendants admit,

Twitter is open to everyone, not just the distributors of their counterfeits. Confusion was likely and evident in the marketplace.

Defendants fail to support their argument that Bloomberg's reporting of their infringing NFT collection as another version of Yuga Labs' genuine BAYC NFT collection does not demonstrate confusion. Defendants contend that the Bloomberg reporter "never referenced the Defendants by name" and "never referenced Defendants' criticisms of Yuga," but this is exactly the point. The two different products appeared on the *same chart* under the *same name*, with Defendants' collection falsely denoted as a new version of Yuga Labs' genuine NFT collection. Consumers and even sophisticated market analysts were confused by Defendants infringement and *did not realize* that the infringing collection was affiliated with Defendants or meant to express any "criticisms." This result is not surprising, since Defendants' infringing NFT collection used the BAYC Marks without Defendants' names or any "criticisms" in the NFTs or the smart contract whatsoever. *See, e.g.*, JTX-28; JTX-600. For Defendants to contend that their sale of the same exact product under the same exact marks did not create confusion simply lacks any credibility. See *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) ("[C]ases involving identical marks on competitive goods are rare and 'hardly ever find their way into the appellate reports' because liability is 'open and shut.'") (citation omitted). Defendants' argument that the Bloomberg reporter did not know that Defendants' infringing collection originated from them or was actually a purported art project only proves the point that Defendants' actions led to confusion in the marketplace where consumers were not in on the scam.

Finally, as discussed *supra* ¶ 32, confusion based on affiliation or sponsorship is actionable regarding "Bored Ape Yacht Club v3" on Bloomberg.