**Defendants' Disputed Post Trial Finding of Fact No. 63:**

<u>Mr. Solano relied on the phrase "business venture" in Mr. Lehman's declaration, without having considered that the phrase "business venture" was selected by Yuga's counsel, and that Mr. Lehman would have liked to use different words. Trial Tr. [Solano] 40:3-14.</u>

**Plaintiff's Basis for Dispute:**

This contention is immaterial because Mr. Solano reviewed the relevant portions of Mr. Lehman's deposition and, in any event, Mr. Lehman's declaration is reliable. This contention is also contradicted by the fact that Mr. Lehman testified that he spent several days drafting the declaration prior to signing it. Lehman Depo. Designations (Dkt. 404-2) at 240:3-9. Mr. Lehman further testified that he toiled to make sure that everything included in his declaration was truthful and adequately supported by documentary evidence. Lehman Depo. Designations (Dkt. 404-2) at 241:21-24.

Mr. Solano testified that he had reviewed some portions of Mr. Lehman's deposition. Trial Tr. at 38:9-10 ("I have read parts of it, but I have not read his entire deposition, no"). It is unremarkable that a witness would not have reviewed the entire transcript of a deposition that lasted an entire day. And regardless of whether Mr. Lehman negotiated his declaration with Yuga Labs, Mr. Lehman testified in his deposition that his declaration is truthful and reliable. Lehman Depo. Designations (Dkt. 404-2) at 124:5-9. Therefore, Mr. Solano relied upon a reliable document to support his testimony and it is thus immaterial whether he reviewed the entire deposition. And even if Mr. Solano reviewed the entire deposition, he would have come to the same conclusion—that Mr. Lehman's declaration is accurate and supports a finding that consumers were confused by Defendants' infringement. *Id.*; *see also* Dkt. 209-1 at 5-9 (explaining why documents produced by Mr. Lehman and his deposition testimony confirm the truthfulness of his declaration). Mr. Lehman's declaration was also corroborated in

the consent judgment entered against him in the Northern District of New York. *See* JTX-621. Defendants' contention does not contradict the Court's prior finding that Defendants' infringement created a likelihood of confusion, nor does it militate against granting Yuga Labs' the injunction to which it is entitled or Defendants' profits. SJ Order (Dkt. 225) at 13 ("Therefore, the Court easily concludes that Defendants' use of Yuga's BAYC Marks was likely to cause confusion."). Defendants' contention should be disregarded as immaterial and irrelevant.

**Defendants' Response:**

Mr. Lehman's declaration is not reliable. During his deposition, Mr. Lehman testified that he felt intimidated by the Yuga's lawsuit against him and that he was concerned for his family. Lehman Depo. Designations (Dkt. 404-2) at 108:14–109:20; 117:3–117:15. He explained that he settled with Yuga in order to "avoid what [he] perceived to be the massive time and money suck of defending a case that even if [he] won would still be disastrous for [his] family." Lehman Depo. Designations (Dkt. 404-2) at 97:15–98:8. Mr. Lehman also testified that, at the time he signed the declaration, he felt it was something that he "had to do to get a settlement of the claim against [him]." Lehman Depo. Designations (Dkt. 404-2) at 96:3–96:20. Additionally, Yuga drafted the first version of Mr. Lehman's declaration. Lehman Depo. Designations (Dkt. 404-2) at 126:11–126:15; 246:13–247:25. Mr. Lehman acquiesced to much of Yuga's draft declaration under stressful and coercive circumstances.

Mr. Lehman also explained that he did not chose the term "business venture" to describe the RR/BAYC project in his declaration and that his selection would been the "project." Lehman Depo. Designations (Dkt. 404-2) at 126:20-127:3. In fact, Mr. Lehman admitted that the declaration that Yuga drafted, and he reviewed, lacked context regarding his participation in the RR/BAYC project. Lehman Depo. Designations (Dkt. 404-2) at 124:10-124:13.

Despite the unreliability of the declaration, and the coercive circumstances under which it was reviewed, Mr. Solano relied on Mr. Lehman's declaration for multiple assertions in his declaration. Dkt. 342 at ¶ 50; ¶ 71. For instance, Mr. Solano testified that "Mr. Lehman described Mr. Ripps' commercialization and sale of RR/BAYC NFTs as a "business venture"…" Dkt. 342 at ¶ 71. However, as Mr. Solano admitted at trial, he failed to fully read Mr. Lehman's deposition and consider whether that was, in fact, Mr. Lehman's choice of words. Trial Tr. [Solano] 40:3-14. Therefore, the Court should not find Mr. Solano's testimony to be credible.

**Plaintiff's Reply:**

In addition to this contention being irrelevant and immaterial, Yuga Labs properly disputes this proposed finding of fact. Defendants' response fails to address the truthfulness and reliability of Mr. Lehman's declaration.

As with Defendants' previous response (*supra* ¶¶ 58, 59), Mr. Lehman's declaration is truthful and reliable, and Mr. Solano justifiably relied on its accurate statements. Defendants fail to discredit their own business partner.

Mr. Solano's testimony that Defendants' activities constitute a business venture is amply supported by Defendants' own actions that Mr. Solano personally observed. It does not matter that Mr. Lehman agreed to call it a business venture. But, he did. And he repeatedly confirmed that his calling it a business venture was true. *See supra* ¶ 58.