**Defendants' Disputed Post Trial Finding of Fact No. 65:**

<u>The Court does not find Mr. Solano's testimony to be credible. Trial Tr. [Solano] 11:11–65:23.</u>

**Plaintiff's Basis for Dispute:**

As demonstrated above, Mr. Solano's testimony is credible. The vast majority of Mr. Solano's testimony detailing the harm to Yuga Labs because of Defendants intentional and repeated use of the BAYC Marks is undisputed and went unchallenged by Defendants. This is because Mr. Solano used Defendants' own words and actions against them.

Nevertheless, Defendants' attempts to discredit Mr. Solano's testimony by arguing that Mr. Solano relied on Mr. Lehman's declaration without reading his entire deposition are without merit. As discussed, Mr. Lehman testified to the accuracy of his declaration, regardless of how he may have felt about the process of being sued for his role in Defendants' scam. Lehman Depo. Designations (Dkt. 404-2) at 124:5-9. The veracity of Mr. Lehman's declaration was also corroborated by the consent judgment entered against him. JTX-621. The Lehman declaration stands on its own, and Mr. Solano had clearly reviewed the declaration based upon his testimony about its contents in his own trial declaration. *See, e.g.*, Solano Decl. (Dkt. 342) at ¶ 71 ("In his declaration under oath, Defendants' co-conspirator Mr. Lehman described Mr. Ripps' commercialization and sale of RR/BAYC NFTs as a 'business venture' that 'was expected to make money by selling RR/BAYC NFTs and by potentially generating transaction fees from the sale of NFTs on ApeMarket.'"). Similarly, Mr. Solano's testimony that Defendants collected royalties off secondary sales was supported by Defendants' own testimony, Ms. Kindler's testimony, and the possibility of further royalties on LooksRare or other new marketplaces if Defendants continued to control the RR/BAYC smart contract. Ripps Depo. Designations (Dkt. 396) at 89:19-21; Cahen Depo. Designations (Dkt. 395) at 209:2-3; Kindler Decl. (Dkt. 338) at ¶ 23. Mr. Solano testified truthfully

based on the information available to him at the time of his declaration and trial.

**Defendants' Response:**

Mr. Solano's testimony was not credible given the many false and misleading statements contained in his declaration, as well as his repeated impeachment at trial. For example, Mr. Solano was also forced to concede on cross-examination that his sworn declaration included a false statement claiming that "Defendants continue to receive royalties or creator fees from sales on secondary marketplaces." Trial Tr. [Solano] 48:15-49:4. Mr. Solano also relied on the phrase "business venture" in Mr. Lehman's declaration, without having considered that the phrase "business venture" was selected by Yuga's counsel, and that Mr. Lehman would have liked to use different words. Trial Tr. [Solano] 40:3-14. Mr. Solano also relied on Mr. Lehman's declaration without having considered that Mr. Lehman knew he could not settle his case without executing a declaration concerning matters of Yuga's choosing (Trial Tr. [Solano] 38:14-16) and that Mr. Lehman was afraid for his family at the time he signed his declaration, because Yuga's lawsuit against him would be disastrous to his family and himself, even if Mr. Lehman won (Trial Tr. [Solano] 38:17-19). Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr. [Solano] 32:19-33:11 ("Q You don't even know, sir, whether Bored Ape V3 was created by Ryder Ripps or not, do you? A Yes, I do. Q Let's see what you said at your deposition, if we could. You gave a deposition in this case; right? A Yes. Q And you swore an oath to tell the truth, same oath as today; right? A Yes. Q If we look at your deposition -- and we can pull it up on the screen -- at page 152, starting at line 13 'QUESTION: Was the Bored Ape V3 created by Ryder Ripps?' There's an objection from your counsel. 'ANSWER: I don't know.' Was that your testimony at your deposition? A Yes."); *id.* at 34:9-19 ("[Q] Do you know whether Ape Market exists? A We have the code for Ape Market from Tom Lehman, yes. Q Take a look at your deposition at page 116, lines 5 through 6. 'QUESTION: Do you know whether Ape Market exists?

'ANSWER: I don't recall.' Were you asked that question, and did you give that answer? A Yes.").

**Plaintiff's Reply:**

Mr. Solano's testimony is credible. Defendants fail to impeach Mr. Solano's accurate and truthful testimony.

First, Mr. Solano's testimony that Defendants collected royalties off secondary sales was supported by Defendants' own testimony, Ms. Kindler's testimony, and the possibility of further royalties on LooksRare or other new marketplaces if Defendants continued to control the RR/BAYC smart contract. Ripps Depo. Designations (Dkt. 396) at 89:19-21; Cahen Depo. Designations (Dkt. 395) at 209:2-3; Kindler Decl. (Dkt. 338) at ¶ 23.

Apparently, Defendants' argument is that Mr. Solano's testimony is correct that Defendants continued to profit from their royalties after February until at least May. *See* Cahen Decl. (Dkt. 344) ¶¶ 169-171. And that Mr. Solano's testimony is correct that Defendants can continue to profit from royalties in the future if they hold the RR/BAYC smart contract. But somehow Mr. Solano's testimony should be discredited because Defendants claim they were not profiting off royalties in June or July of 2023. And even this claim stands on dubious ground as Defendants' counsel represented as recently as the June 9 pretrial conference that Defendants were still receiving royalties from LooksRare. PTC Hrg. Tr. at 43:22-24 ("They are [still collecting royalties] only in the sense of this very minimum set of LooksRare royalties."). Even if Defendants' claim is true, that they are not at this very moment collecting royalties, it is immaterial. Defendants' own admissions highlight their actual and ongoing potential to profit from royalties. Cahen Decl. ¶ 172.

Second, Mr. Solano's testimony that Defendants' activities constitute a business venture is amply supported by Defendants' own actions that Mr. Solano personally observed. Defendants' attempts to discredit Mr. Solano's reliance on Mr. Lehman's declaration by arguing that Mr. Solano did so without reading his

entire deposition are without merit.  But Mr. Lehman repeatedly testified to the accuracy of his declaration, regardless of how he may have felt about the process of being sued for his role in Defendants' scam.  Lehman Depo. Designations (Dkt. 404-2) at 124:5-9.  The Lehman declaration stands on its own, and Mr. Solano had reviewed the declaration based upon his testimony about its contents in his own trial declaration.  *See, e.g.*, Solano Decl. (Dkt. 342) at ¶ 71.

Third, Defendants fail to impeach Mr. Solano's statement at Trial Tr. 32:19-33:11 regarding Bored Ape V3, because the "Bored Ape V3" referenced in Mr. Solano's deposition is different than the "Bored Ape Yacht Club V3" at issue in the cited line of trial testimony.  Mr. Solano cannot be impeached by reference to deposition testimony covering an entirely different topic.  To be clear, the quoted deposition testimony relates to a Twitter page titled "@BoredApeV3," which Mr. Ripps claims he does not control, and which was not at issue at trial.  Solano Depo. (Dkt. 271) at 151:2-152:24.  But, the cited trial testimony, discusses a section of Mr. Solano's declaration relating to Mr. Ripps naming his NFT collection "Bored Ape Yacht Club V3."  *Cf.* Trial Tr. at 31:6-33:11.  Defendants do not even attempt to address the fact that the testimony was on two different topics.

Finally, Defendants likewise fail to impeach Mr. Solano's statement at Trial Tr. 34:9-19 regarding ApeMarket.com.  As he explained, Mr. Solano "review[ed] [] the webpages generated by running the source code for the planned ApeMarket.com website," informing his response that Yuga Labs obtained the code from Mr. Lehman.  Solano Decl. ¶ 49; *see also* JTX-806–JTX-809.  Those webpages were not generated from the source code produced by Mr. Lehman until *after* Mr. Solano's deposition.  Mr. Solano gained knowledge of these pages, and he was able to truthfully testify at trial as to that knowledge.  Defendants fail to impeach Mr. Solano's accurate knowledge.