**Defendants' Disputed Post Trial Finding of Fact No. 112:**

<u>The RSVP contract also distributed $93,135.62 in automated refunds. Ripps Decl. ¶¶ 174-175 (uncontested). Yuga improperly includes in its profits calculation $93,135.62 in automated refunds executed through the RSVP reservation contract. Ripps Decl. ¶¶ 174-175 (uncontested).</u>

**Plaintiff's Basis for Dispute:**

This statement is false. Ms. Kindler excluded the refunds from her profit analysis. Specifically, Mr. Kindler testified that "transactions that were refunded through the RefundIssued and RSVPCanceled functions in the RSVP smart contract were not included in my calculation of profits." Kindler Decl. (Dkt. 338) ¶ 44.

"Neither Defendant provided information sufficient to identify any refunds issued to RR/BAYC NFT purchasers" despite interrogatory requests to do so. *Id.* ¶ 43. Despite Defendants' attempts to withhold evidence of these refunds in discovery and introduce it as a surprise at trial, Defendants' attempt to exclude this testimony and double-count the refunds as a deduction from their profits was overruled. Trial Tr. at 170:11-13.

**Defendants' Response:**

Ms. Kindler's trial testimony on refunds was unfounded. *See* generally JTX-723 (the word "refund" is not mentioned once in Ms. Kindler's 91-page report and appendices, providing no support for her later claims that she accounted for refunds).

Second, it is inaccurate and misleading to state that Defendants tried to withhold this evidence until trial. As Mr. Ripps's testimony makes clear, the transactions outlining both the automated refunds offered through the RR/BAYC contract and the refunds Mr. Ripps directly issued are all available and publicly recorded on Etherscan. Ripps Decl. ¶¶ 172-15 (Dkt. 346) (uncontested). That information has been available since those transactions occurred. Further, that information is available on the very source Ms. Kindler states she reviewed and

extracted information from when forming her opinions. *See* Kindler Decl. ¶¶ 5-7. ("My calculation of Defendants' profits is based on public Ethereum blockchain data, which contains records of all transactions executed on the network…. In order to calculate Defendants' profits, four datasets were extracted using Etherscan: (1) all transactions associated with Mr. Ripps' and Mr. Cahen's wallets, (2) all transactions associated with RR/BAYC NFTs…"). Accordingly, this information has not been withheld from Yuga and to state otherwise is misleading.

Third, this Court is entitled to accept Mr. Ripps's declaration because the trial transcript shows that Yuga elected to forego any substantive cross-examination of Mr. Ripps on any portion of Mr. Ripps's declaration that Yuga now challenges. *See* Trial Tr. [Ripps] 267:7-271:9. As the Supreme Court has explained, "[c]ross-examination is the principal means by which the believability of a witness and truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). This is because purpose of cross-examination is "the direct and personal putting of questions and obtaining immediate answers." *Id.*; *Murdoch v. Castro*, 365 F.3d 699, 702 (9th Cir. 2004) ("One longstanding purpose of cross examination is to expose to the fact-finder relevant and discrediting information[.]"). Yuga's decision to not cross-examine Mr. Ripps regarding any portion of his declaration means that "principle means" of testing Mr. Ripps credibility weighs decisively in favor of accepting Mr. Ripps's declaration.

Finally, Yuga's statement that Defendants' attempts to exclude this testimony were overruled is misleading. For support, Yuga cites to the portion of the trial transcript where the court overrules Defendants' objections to Ms. Kindler's testimony. Just because the court allowed the testimony to be entered, does not mean that the court finds the testimony credible or that evidence presented that rebuts said testimony is not persuasive.

**Plaintiff's Reply:**

Defendants' response on this issue strains their credibility. On the one hand, they say, the refunds are all obvious because they are recorded on the blockchain and, therefore, they did not need to provide any discovery about the transactions even though they were served an interrogatory on the issue. Kindler Decl. (Dkt. 338) ¶ 43. On the other hand, they say, Ms. Kindler's analysis of the blockchain data must be wrong because she does not call attention to the refunds by using the word "refund" in her report. But, Ms. Kindler, not Defendants, produced the blockchain data. If Defendants had done their own analysis of that data, they would have seen what they elsewhere claim is obvious—that Ms. Kindler's analysis of that data recognized and recorded the refunds. Regardless, she testified under oath that she did account for the refunds and Defendants do not actually dispute that her analysis accurately accounted for them. Kindler Decl. (Dkt. 338) ¶ 44.