**Defendants' Disputed Post Trial Finding of Fact No. 119:**

Defendants' liability arguments, though ultimately unsuccessful on Defendants' motion to dismiss and at summary judgment, were made reasonably and in good faith. *See generally* Dkt. 348 at 11-15.

**Plaintiff's Basis for Dispute:**

Defendants' stubborn re-argument of the same issues even after the Court rejected them was not reasonable or in good faith. There was no credible basis for Defendants to continue to claim their copying was permissible, nor was there any credible basis for Defendants to make and persist with a claim for "no defamation" that they ultimately did not try to defend. Defendants know this. They withdrew their "no defamation" counterclaim only after they were unsuccessful in their attempts to leverage it for discovery and after Yuga Labs had already expended resources seeking its dismissal. *See* Dkt. 156 at 11. The bulk of Defendants' other counterclaims were a meritless SLAPP for which the Court has already awarded fees.

Defendants again refused to accept the Court's findings in the summary judgment order (Dkt. 225), instead indicating an intent to re-litigate adjudicated issues at trial. *See, e.g.*, Dkt. 320-1 at 11-12 (Proposed Pretrial Conference Order in which Defendants argued that their infringement was not intentional/willful despite the Court's holding otherwise). As a result, Yuga Labs was forced to prepare for trial on previously adjudicated issues. Worse still, as part of the Court's findings of fact and conclusions of law process, Defendants still refuse to agree to straightforward, already adjudicated facts—disputing for example direct quotes from the Court's summary judgment order. *See, e.g.*, Dkt. 418-1 ¶¶ 7(a), 7(b), 7(d), 7(e), 7(f), 10.

**Defendants' Response:**

Once again, Yuga speaks past Defendants proposed finding of fact because they have no substantive response. No part of Yuga's objection addresses

Defendants' liability arguments at the motion to dismiss or at summary judgment. In fact, despite citing several orders of this Court, it does not cite *either* of the referenced motions. While this Court disagreed with Defendants' positions on those motions, they were made in good faith and were not frivolous.

Defendants also never re-adjudicated any issues. The majority of Yuga's argument revolves around issues of intent. Yuga is attempting to win excessively broad injunctive relief and disgorgement. *See* Dkt. 315-I. Intent is an important factor for disgorgement damages. *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). Disgorgement is only warranted in cases of "conscious wrongdoers." *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548-JVS (AGRx), 2022 WL 4596697, at *17 (C.D. Cal. July 29, 2022). Further, to the extent Yuga is making a law of the case argument, it is misplaced because, a summary judgment decision is a preliminary decision, so law of the case does not apply. *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986). It is also true that even if it did apply, a factual finding can matter for one issue—for example the *Rogers* defense—but does not apply to a different issue, for example damages. *See Sienze v Kutz*, No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that preliminary decision on one issue does not bind court as to similar issue later in case). This Court has not make a finding of willfulness.

Nor can Defendants be faulted for maintaining their objections to Yuga's repetition of the Court's findings made at summary judgment, to preserve their ultimate ability to appeal the Court's summary judgment order.

Lastly, Yuga invokes Defendants' counterclaims including its counterclaim for a declaratory judgment of no defamation. That claim largely mirrored Yuga's claim for unjust enrichment in that it was a reasonable extension of the law as it existed. *See* Dkt 1 at 37. Defendants ultimately withdrew their no defamation counterclaim, in the same way that Yuga withdrew its unjust enrichment counterclaim.

**Plaintiff's Reply:**

Defendants' refusal to accept the Court's prior orders has forced Yuga Labs to continually respond to stale arguments and relitigate closed issues. These dilatory and abusive litigation tactics support a finding that this is an extraordinary case. Relitigating closed issues *in the same trial court that decided those issues* is not preserving an issue for appeal, it is patently bad faith.

As discussed herein, Defendants' responses lack merit. Specifically: (1) Defendants intended to infringe and cause confusion (*supra* ¶ 3), disgorgement is available as a remedy (*infra* ¶ 131), and the Court's summary judgment order establishes liability and ill-intent (*supra* ¶ 114).

Additionally, the Court should reject Defendants' responses because (1) Defendants' refusal to accept the Court's orders is in bad faith, and (2) Defendants' no defamation counterclaim was in bad faith.

**Defendants' Repeated Refusal To Accept The Court's Orders Is Not Good Faith:** Defendants have multiplied the costs of litigation by continuing to present rejected arguments. First, the Court dismissed Defendants' First Amendment and *Rogers* defenses in its order denying Defendants' motion to dismiss and denying Defendants' motion to stay. Order on Defendants' Motion to Dismiss (Dkt. 156) at 6-7; *see also* Order on Defendants' Motion to Stay (Dkt. 178) at 6 ("Because the Court has concluded that this action concerns Defendants' commercial conduct and not Defendants' free speech rights, the Court also concludes that the orderly course of justice will be best served by resolving Yuga's federal claims as expeditiously as possible."). And yet, Defendants still put these same arguments forward to oppose Yuga Labs' motion for summary judgment and again the Court rejected these defenses. SJ Order (Dkt. 225) at 16-17. Undeterred, Defendants continued at trial to put forth these rejected arguments forcing Yuga Labs' to file multiple motions *in limine* on the issues. *See* Yuga Labs' Motion *in Limine* No. 1 (Dkt. 232); Yuga Labs' Motion *in Limine* No. 2 (Dkt. 236).

Defendants continued to press these issues through cross-examination at trial. Trial Tr. 20:9-11 ("Q: So there has been public criticism of the images in the BAYC collection by people other than the defendants, correct?"). And Defendants maintain their position on these long-decided issues in these proposed findings of fact and conclusions of law. *See, e.g.,* Dkt. 419-1 ¶ 9 ("The evidence presented at trial establishes that the RR/BAYC project was created as a form of satire intended to protest NFTs linked to what defendants believed were antisemitic or racist injury."). This is not zealous advocacy or preserving issues for appeal, it is an abuse of the judicial process and waste of everyone's time. Worse still it is part of the Defendants' bad faith approach to this litigation to continue to attack Yuga Labs and try to make the litigation about anything other than Defendants' scam.

**Defendants' No Defamation Counterclaim Was Bad Faith:** Defendants' response is a false equivalence. Defendants never had a basis to bring a "no defamation" cause of action. "From the outset, Yuga Labs explained to Defendants' counsel that 'there is no claim for declaratory relief of non-defamation.' Defendants have made no attempt to provide authority that they had a good-faith basis for filing it . . . ." Dkt. 97 at 1. Defendants cite no cases in which their "no defamation" claim survived a motion to dismiss and made no argument that their claim was an extension of the law as it existed. Yuga Labs warned Defendants of this, twice, yet they forced Yuga Labs to fully brief the issue, incurring substantial attorneys' fees. *Id.* at 3.

What's worse, and clear from their conduct, is that this too was all a bad faith litigation tactic. They withdrew their "no defamation" counterclaim only after they were unsuccessful in their attempts to leverage it for discovery and after Yuga Labs had already expended resources seeking its dismissal. *See* Dkt. 156 at 11.

This is nothing like Yuga Labs' withdrawal of unjust enrichment as a cause of action. Some courts recognize unjust enrichment as a cause of action while others, including this Court, recognize it only as a remedy, so Yuga Labs

"withdr[ew] this claim but continue[d] to seek unjust enrichment as a remedy." Dkt. 53 at 24. And, unlike Yuga Labs' motion against Defendants, Defendants did not argue that unjust enrichment was not available as a claim in their motion to dismiss. Instead, they merely argued that it was inadequately pled. Here too, Defendants false equivalence is wrong. There is no procedural or substantive similarity between Yuga Labs and Defendants' withdrawal of claims.