**Defendants' Disputed Post Trial Finding of Fact No. 121:**

Defendants have not engaged in litigation misconduct. *See generally* Dkt. 348 at 11-15.

**Plaintiff's Basis for Dispute:**

Defendants engaged in egregious litigation misconduct justifying a finding that this is an exceptional case.

First, Yuga Labs' case is particularly strong on the merits. As evinced by the Court's Order granting summary judgment as to liability, this case stands out from the bulk of trademark infringement cases. Ignoring the clear strength of Yuga Labs' case, Defendants relentlessly advanced legal theories that were rendered moot and irrelevant by multiple orders from the Court. *See, e.g.*, Dkt. 62 (rejecting Defendants' First Amendment arguments), SJ Order (Dkt. 225) (granting summary judgment in favor of Yuga Labs and against Defendants' affirmative defenses).

Second, notwithstanding the strength of Yuga Labs' case, Defendants refused to engage in reasonable settlement discussions. *Infra* ¶ 123.

Third, Defendants repeatedly sought (and continue to seek) to re-litigate issues already addressed and rejected by the Court, unnecessarily complicating and increasing the cost of litigation. This pattern of conduct justifies finding this to be an exceptional case. *San Diego Comic Convention v. Dan Farr Prods.*, 807 F. App'x. 674, 676 (9th Cir. 2020) (affirming exceptional case where defendants litigated in an "unreasonable manner" such as its "failure to comply with court rules" and "persistent desire to re-litigate issues already decided").

Fourth, Defendants and their counsel engaged in a pattern of unreasonable and obstructive discovery conduct that consistently crossed the line from advocacy into bad faith. Defendants were obstructive and intentionally evasive throughout their depositions and at trial, wasting time with rehearsed, non-responsive monologues on the same issues the Court already deemed irrelevant. *See, e.g.*, Trial Tr. at 229:3-13, 231:21-232:3, 234:24-235:5, 237:14-238:7; Cahen Depo.

Designations (Dkt. 395) at 101:7-102:4, 163:13-23; Ripps Depo. Designations (Dkt. 396) at 35:2-11, 44:19-45:11. *See* Jackson v. Gaspar, No. 2:19-CV10450-DOC, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022) (finding exceptional case from "antagonistic discovery conduct" that was "improperly motivated and sought to drag out or obfuscate proceedings," such as deposition conduct). Defendants also made false representations to the Court regarding the existence and production of documents during discovery. *See infra* ¶ 128.

Fifth, Defendants repeatedly attacked Yuga Labs, its representatives, and its counsel in an egregious and unacceptable manner. Defendants' heinous statements about Yuga Labs and its counsel during litigation, including calling Yuga Labs' counsel "criminals" who support "racism, antisemitism, beastiality, pedophilia and using cartoons to market drugs to young children," *see* Dkt. 149-50, Dkt. 149-51, far exceed the bounds of acceptable conduct. *See* Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator, 392 F.3d 248, 263-64 (7th Cir. 2004) (finding "no difficulty" holding defendant's harassing and racist remarks towards plaintiff and their counsel an exceptional case); AANP v. Am. Ass'n of Naturopathic Physicians, 37 F. App'x. 893, 894 (9th Cir. 2002) (affirming exceptional case where "defendant acted deliberately to and intended to harm the plaintiff by using its mark" which was "especially egregious" because defendant "continue[d] to use the mark after notice of violation" and continued to "harass[] the plaintiff").

Further representative of the lack of control and respect for counsel and the Court, Defendants promised to Yuga Labs and the Court that they would not offer testimony on irrelevant and inflammatory issues at trial. *See* Dkt. 320-1 ¶ 6(A) (agreeing in proposed pretrial conference order not to introduce evidence or argument regarding "pedophilia," "4chan," or Defendants' "emotional distress counterclaims"); Dkt. 314 (agreeing in Defendants' proposal that they will not offer testimony regarding "the words 'Nazi' or 'Hitler'," "allegations concerning death threats or harassment," the "class action lawsuit brought against Yuga for securities

fraud," or "the SEC investigation into Yuga for securities fraud"); Dkt. 334 at 60:13-14 (representing to Court "We don't want a mini trial on Naziism for sure"); *id.* at 61:9-11.  Yet Defendants repeatedly violated these promises.  *See* Cahen Decl. (Dkt. 344) ¶¶ 60, 65, 66, 67, 75, 90. 91, 96; Hickman Decl. (Dkt. 345) ¶¶ 55, 58, 59; Ripps Decl. (Dkt. 346) ¶¶ 59, 69, 152; Trial Tr. at 265:17-18, 215:2-3, 118:18-120:22; Dkt. 395 at 9-10 (Defendants' designation of testimony from Mr. Cahen accusing Yuga Labs of "Nazism, racism, financial fraud, pedophilia").

Sixth, Defendants used the litigation to "farm" for engagement on social media with the intent to further harm Yuga Labs and profit from their misconduct. See JTX-938, JTX-1568, JTX-1617, JTX-1620.

Finally, Defendants' public disclosure of confidential material violated this Court's Protective Order (Dkt. 51) and intentionally harmed Yuga Labs.  *See* Dkts. 180, 183, 194.  This disclosure resulted in Highly Confidential – Attorneys' Eyes Only materials being inaccurately reported in national media such as CNN and falsely cited in other meritless litigation against Yuga Labs.

**Defendants' Response:**

Defendants expressly reserve and reassert all responses made in the parties' Joint Statement (Dkt. 421).

Yuga's arguments that Defendants engaged in litigation misconduct are all baseless.  Defendants—two individuals—sued by a multi-billion dollar company litigated this case reasonably and in good faith.

First, Yuga attempts to use the fact that it was successful at summary judgment and on Defendants' motion to dismiss to take the leap that Defendants' positions were "frivolous."  A defeated position, is of course not automatically frivolous.  *Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (C.D. Cal. 2017) (rejecting exceptional case finding in trademark case because claims were not "frivolous"); *D.N. v. Los Angeles Unified Sch. Dist.*, No. 18-cv-01582-AB-AFMx, 2019 WL 7841083 at *2 (C.D. Cal. Sept. 25, 2019).

1 Merely pointing to success is simply insufficient to carry its burden to prove that
2 Defendants' legal positions were frivolous in the exceptional case context.
3     Second, Yuga is the party that failed to engage in good faith settlement
4 negotiations.  In fact, this Court noted that Yuga's settlement terms were "quite
5 frankly unreasonable." Dkt. 334 at 9:9-12.  Yuga sought to have Defendants sign
6 away their right to criticize the company.  Defendants cherish their right to speak.
7 Not acquiescing to Yuga's "unreasonable" demands was entirely reasonable.
8     Third, as stated above and in several other places, there was no re-litigation
9 of issues in this case.  Yuga is pressing an overly expansive "law of the case"
10 argument which would hold that when a decision is made in one context, anything
11 vaguely similar to that decision apply for the rest of the case.  However, the "law of
12 the case doctrine does not apply to pretrial rulings *such as motions for summary*
13 *judgment*."  Shouse v. Ljunggren, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis
14 added); *see also* Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial
15 rulings, often based on incomplete information, don't bind district judges for the
16 remainder of the case.  Given the nature of such motions, it could not be
17 otherwise.").  For example, in *Sienze v Kutz*, the Court held that although *aspects* of
18 an issue were decided at summary judgment for one purpose, the summary
19 judgment order did resolve the issue generally or as to other topics.  *See* No. 1:17-
20 CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding
21 that evidence of initial police contact was relevant as background, but not to already
22 decided issue that initial contact was not excessive force).  All of the issues
23 identified by Yuga are issues of intent.  Yuga is seeking disgorgement damages, so
24 intent remains a relevant issue that has not been decided for disgorgement damages.
25 *See* Romag Fasteners, Inc v. Fossil, Inc., 140 S. Ct. 1492, 1497 (2020) (referring to
26 intent as a "highly important consideration"); MGA Ent. Inc. v. Harris, No. 2:20-
27 cv-11548-JVS (AGRx), 2022 WL 4596697, at *17 (C.D. Cal. July 29, 2022)
28 (limiting disgorgement to conscious wrongdoers).

Fourth, Yuga wrongly attacks both Defendants and counsel for discovery. But Yuga sought sanctions against Defendants six time—and six times Yuga was denied. Trial Tr. [Ripps] 269:21-270:2. It is undisputed that Defendants produced "possibly hundreds of thousands" of documents to Yuga. *Id.* at 270:12-15. Further, Defendants believed in good faith that they handed all of the documents over to Yuga. *Id.* at 270:16-18. This of course includes the chat reflected in JTX-801. *Id.* at 270:7-15. It further alleges that trial testimony by Mr. Cahen was "rehearsed" or "irrelevant." But Yuga failed to object each time on relevance so any relevance objection is waived. *See* Trial Tr. [Cahen] at 229:3-13, 231:21-232:3, 234:24-235:5, 237:14-238:7. Beyond that, each of the cited portions of the trial transcript are about issues of intent—an issue that is still a pertinent part of the case. Likewise, the portions of deposition designations are unlike what happened in *Jackson v. Gaspar,* because in that case the parties were previously chastised for their conduct at deposition. *Jackson v. Gaspar*, No. 2:19-cv-10450-DOC-E 2022 WL 2155975 at *5 (C.D. Cal. 2022) (citing prior docket entry sanctioning party). Nor did Yuga ever bring any motion to reopen any deposition.

Fifth, Yuga's attempt to use easily distinguishable cases to leverage Defendants criticism of Yuga into an exceptional case finding lacks merit. Yuga primarily invokes an out-of-circuit case about a white supremacist murderer making threats against his opposition in a lawsuit to support its case. *Te-Ta-Ma Truth Found.-Family of Uri, Inc. v. World Church of the Creator*, 392 F.3d 248, 251-52 (7th Cir. 2004) (calling opposition in lawsuit a "race traitor" and threatening to place them in Concentration camps). Defendants' tweets referenced by Mr. Ball in his declaration in support of the summary judgment motion are simply different in kind to the threats in *Te-Ta-Ma*. *Compare* Dkts 149-50; 149-51 with *Te-Ta-Ma*, 392 F.3d at 251. *AANP v. Am. Ass'n of Naturopathic Physicians*, 37 F. App'x. 893, (9th Cir. 2002), also provides no support for Yuga. It involved a party showing up

1 pretending to be the plaintiff at trade shows. *Id.* at 894. Nothing similar to that occurred in this case.

Sixth, Defendants did not violate any promises made in pre-trial filings or at the pre-trial hearing. Defendants' intent is relevant to damages. *See Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) (referring to intent as a "highly important consideration"); *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548-JVS (AGRx), 2022 WL 4596697, at *17 (C.D. Cal. July 29, 2022) (limiting disgorgement to conscious wrongdoers). The paragraphs that Yuga cites from Defendants' declarations are explanations of their motivations or about confusion. This is equally true for the designated deposition testimony that Yuga cites. The same is true for all of the deposition testimony cited by Yuga. *See e.g.*, Trial Tr. [Hickman] 215:1-3 (answering question "What do you mean protest the imagery?"; [Cahen] 265:15-18 (explaining why nobody would buy RR/BAYCs as confused because of words on *RR/BAYC* logo). References to Yuga and its agents threatening actions is relevant to whether Yuga is entitled to equitable relief. *See Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") .

Lastly, Yuga's accusation that Defendants violated the protective order so they could intentionally harm Yuga is not well-taken. Yuga is aware that Defendants worked hard to fully redact their summary judgment response in good faith despite Yuga's exceedingly tardy request to seal. *See* Dkt. 176 (explaining situation). This was despite being given ample time to provide their redaction requests. *See* 176-1 (explaining Yuga did not act for over one week). There is absolutely no evidence that Defendants did anything to intentionally harm Yuga. To the extent that Yuga was harmed, it was through inadvertence (and was addressed fully in the Court's order, Dkt. No. 194).

**Plaintiff's Reply:**

The circumstances of this litigation, independently and certainly in totality, demonstrate that this is an exceptional case.

**First**, Defendants misstate the law in proposing that Lanham Act cases are only exceptional where the losing party's position is "frivolous." The correct standard is whether, based on the "totality of the circumstances, the case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016). Defendants' stubborn refusal to accept the court's summary judgment order and re-litigation of settled issues, all the way through trial, makes this an exceptional case.

**Second**, Defendants' argument that they were free to unilaterally ignore the Court's summary judgment order and pretend it had no effect all the way through trial is baseless, as discussed throughout this filing where Defendants make the same argument. *See, e.g.*, *supra* ¶ 9. Defendants' position is also contrary to what the Court signaled to the parties in the pretrial conference. Pretrial Conference Tr. at 4:5-8 ("What I want to try to accomplish today is to discuss the remaining claims in light of the Court's grant of summary judgment . . . .").

**Third**, even though Defendants were not "previously chastised for their conduct at deposition" (or throughout discovery generally), that does not make their conduct acceptable.

**Fourth**, whether or not Defendants' attacks on Yuga Labs, its employees, and its counsel as anything appropriate is "typical" in their circles (an unsupported proposition that Yuga Labs disputes), in federal court, it is "egregious and beyond the pale of acceptable litigation conduct." *See TE-TA-MA*, 392 F.3d at 264; *see also AANP v. Am. Ass'n of Naturopathic Physicians*, 37 F. App'x. 893, 894 (9th Cir. 2002). Defendants' counsel did not stop Defendants' egregious conduct.

Instead, even in the post-trial briefing, they seem to condone it.  Defense counsel's failure to work with Plaintiff's counsel to bring the temperature down in this case, and litigate on the facts rather than attacks, is exceptional.

**Fifth**, Defendants defend their misrepresentation to Yuga Labs and the Court about the scope of evidence and testimony they would offer at trial by vaguely attempting to tie those topics to "confusion" or their motivations.  But, even if there were a colorable basis for that argument, Defendants do not explain why they represented to the Court they would not offer this testimony and did so anyway.

**Finally**, Defendants continue to admit their violation of the Protective Order while failing to explain why, for instance, they immediately and intentionally sent Highly Confidential Attorneys' Eyes Only materials to reporters after failing to redact it.

Defendants' pattern of conduct is not typical and it is not excusable—especially where the strength of Yuga Labs' affirmative case and the weakness of Defendants' defenses was clear from the outset.  Defendants' tactics served only to raise the temperature of the litigation and exact additional cost at every turn.  This conduct certainly "stands out" from other cases and warrants a finding that the case is exceptional, both to compensate Yuga Labs for the unnecessarily high cost of this litigation and to deter others from acting in such a manner in future proceedings.