**Defendants' Disputed Post Trial Finding of Fact No. 126:**

<u>Yuga tried to preclude relevant discovery by invoking the "apex witness" rule to improperly to block the depositions of Greg Solano (who testified at trial) and Wylie Aronow.</u> The Court found Yuga's motion "deficient on the merits" because the witnesses at issue were "the only people who have knowledge of the creation of the marks." Dkt. 77 at 2. The Court accordingly ordered that Yuga employees Wylie Aronow and Greg Solano appear for depositions on January 9 and 11 respectively (excusing Mr. Solano only if he had medical complications). *Id.* Neither witness appeared as ordered. *See, e.g.*, Trial Tr. 49:8-19 [Solano] ("Q You did not appear for your deposition on January 11th, 2023; correct? A Yes. I was in an international business meeting, and I appeared the next week. Q The reason you did not appear was because of this business meeting; correct? A Yes. Q Yuga had filed a motion asking to excuse your appearance in part because of this business meeting; correct? A That's correct. Q The Court denied Yuga's motion; correct? A That's correct.")

**Plaintiff's Basis for Dispute:**

Defendants' attempts to evade responsibility for their egregious litigation misconduct by pointing a finger at Yuga Labs fail. The losing party in a Lanham Act case cannot defend against an exceptional case finding by accusing the prevailing party of engaging in similar misconduct. *See Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022) (finding exceptional case amidst allegations that "[b]oth parties conducted themselves poorly at times throughout litigation" where "Defendants' conduct was worse and more frequent than [plaintiff's]."). Even so, this contention is incorrect.

Yuga Labs never attempted to preclude depositions of its witnesses. Yuga Labs asked Defendants to complete a Rule 30(b)(6) deposition before deciding whether it was necessary to depose Mr. Solano and Mr. Aronow, and it sought a protective order when Defendants refused. Dkt. 75. The Court disagreed, and Yuga Labs produced both witnesses for deposition. Mr. Aronow was unable to

appear for his deposition the day after the Court's order because of a medical emergency. The Court ordered the parties to meet and confer as to a date of the deposition for Mr. Solano, Dkt. 77 at 2, which Yuga Labs did, and Mr. Solano appeared for his deposition days later.

**Defendants' Response:**

Yuga is incorrect as a matter of law. Their cited case actually directly stands for the proposition that Defendants advance stating, "The Court also considers the conduct of **both parties** throughout the case." *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022). This makes sense, because an exceptional case finding is equitable relief. *Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") (internal quotations and citations omitted); *SunEarth, Inc.*, 839 F.3d at 1180-81 (holding that an exceptional case finding is an exercise of the court's equitable powers).

It is undisputed that Mr. Solano failed to attend his deposition on January 11, 2023 even though he was ordered to by the Court. Dkt. 77 at 2; *See* Trial Tr. [Solano] 49:8-19 (admitting that he failed to attend because of a business meeting). Mr. Aronow was ordered to appear on January 9, 2023 full stop—and he did not attend. Dkt. 77 at 2. The parties were supposed to "meet and confer" for a new date in the event he skipped his deposition with costs to be awarded to Defendants for his non-attendance. *Id.* Yuga still has not paid its costs. Yuga offers no meaningful excuse for its failure to comply with the Court's order.

**Plaintiff's Reply:**

Yuga Labs informed Defendants prior to the deposition that Mr. Aronow had a medical emergency for what he has now publicly announced was heart failure. Defendants took his deposition at a later date.

As to Mr. Solano, "the Court direct[ed] the parties to meet and confer in good

faith" on arrangements for his deposition; the deposition was taken less than a week after it was originally scheduled. The text of the order makes clear that Mr. Solano was not "ordered to by the Court" to attend the deposition as originally scheduled, as Defendants incorrectly state above. *See* Dkt. 77 at 2.

The end result was that Defendants were able to depose both witnesses without undue delay or any prejudice. Yuga Labs has not paid costs associated with the depositions because Defendants ignored Yuga Labs last correspondence on the issue and have not filed any application for their reasonable costs with the Court.

Finally, Defendants' effort to distinguish *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975 (C.D. Cal. Feb. 24, 2022) is misguided. *Supra* ¶ 125.