**Defendants' Disputed Post Trial Finding of Fact No. 128:**

Throughout the course of this litigation, Yuga also made repeated improper requests for sanctions against the individual defendants. Specifically, Yuga unsuccessfully asked the Court to impose sanctions six times. Trial Tr. [Ripps] 269:21-270:2; *See* Dkt. 98-1 at 4; Dkt. 109; Dkt. 113 at 9; Dkt. 116 at 6-8; Dkt. 122 at 4-5; Dkt. 198 at 4; Dkt. 210 at 18-20. Each request was denied.

**Plaintiff's Basis for Dispute:**

Fed. R. Civ. P. 37(d) and L.R. 37-4 allow for sanctions to be granted in discovery disputes. Defendants repeatedly forced Yuga Labs to seek relief from the Court based on their improper discovery conduct; Yuga Labs requested such sanctions as appropriate under those rules. These requests were not improper.

**Defendants' Response:**

Seeking sanctions is a very serious manner. Seeking sanctions *six times*, and being denied *all six times*, is a litigation strategy plainly meant to make Defendants'—two individuals facing a multi-billion dollar company—defense as expensive and painful as possible. As such, it was an improper attempt to intimidate Defendants through excessive litigation.

**Plaintiff's Reply:**

Violating Court orders and discovery obligations is also a very serious matter. Defendants do not dispute that they did so repeatedly and had to be compelled to cooperate in discovery repeatedly. Yuga Labs' requests to shift the costs of Defendants' abusive discovery tactics to Defendants, as the rules permit, was not improper in any way.

Yuga Labs prevailed to some degree on *every single motion* Defendants reference, but the Court did not impose sanctions. Dkt. 133 (order on Defendants' motion to de-designate Mr. Hickman's deposition); Dkt. 145 (order compelling Defendants' to produce documents, requiring Defendants to submit declarations, and warning Defendants of "monetary sanctions" for failure to comply); Dkt. 114

(Defendants' withdrawal of ex parte application); Dkt. 119 (order denying Defendants' ex parte application to shorten time); Dkt. 215 (order denying Defendants' ex parte application to file a sur-reply).  The requests were not improper merely because the Court declined to impose sanctions; they were attempts to enforce the rules against Defendants who had bragged about making millions from their infringement but who failed to engage fairly in discovery and motion practice.

Defendants essentially argue that they should not have been required to participate fully in discovery or comply with the rules because, despite hiring a sophisticated law firm as counsel on this matter, they are "individuals" instead of a large "company."  That argument failed in discovery, *see, e.g.*, Dkt. 109-1 at 17 (arguing "[d]iscovery in this case has been highly burdensome on the Defendants because they had to manually collect and produce massive quantities of private materials"), and it lacks merit here.

Finally, Defendants fail to explain how Yuga Labs' meritorious claims, on which it has prevailed, constitute "excessive litigation" that is "an improper attempt to intimidate."  Yuga Labs is entitled to petition the Court to remedy the harm of Defendants' wrongdoing.