1    **Defendants' Disputed Post Trial Conclusion of Law No. 132:**

2        Separately, disgorgement is also unavailable because Yuga has not shown

3 "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S.

4 469, 478 (1962).

5        **Plaintiff's Basis for Dispute:**

6        This case arises out of the Lanham Act, which expressly provides for actual

7 damages ***and*** disgorgement of Defendants' profits.  "The Lanham Act itself is no

8 obstacle to a recovery of both plaintiff's damages and defendant's profits."  *See* J.

9 Thomas McCarthy, 2 *McCarthy on Trademarks and Unfair Competition* § 30:73

10 (5th ed.) ("Plaintiff may be awarded damages in some circumstances in addition to

11 defendant's profits.").  Accordingly, the Lanham Act allows for three distinct

12 financial remedies—(1) defendants' profits, (2) plaintiffs' damages, and (3) the

13 costs of the action. 15 U.S.C. § 1117(a).  These remedies are not stated in the

14 disjunctive, and each are separately available under the statute.  Moreover, the

15 model jury instructions make clear that actual damages and disgorgement are

16 available in the same case: "*In addition to actual damages*, the plaintiff is entitled

17 to any profits earned by the defendant that are attributable to the infringement,

18 which the plaintiff proves by a preponderance of the evidence."  Manual of Model

19 Civil Jury Instructions § 15.29, Trademark Damages—Defendant's Profits

20 (emphasis added).  Because the Court has found Defendants liable for intentional

21 infringement (SJ Order (Dkt. 225) at 12), Yuga Labs is entitled to Defendants'

22 profits from their infringing acts.  *See* Yuga Labs' Proposed Findings of Fact and

23 Conclusions of Law (Dkt. 416) at ¶¶ 11-13, 32-37.  Defendants are not allowed to

24 retain the fruits of unauthorized trademark use.  *Fifty-Six Hope Rd. Music, Ltd. v.*

25 *A.V.E.L.A., Inc.*, 778 F.3d 1059, 1077 (9th Cir. 2015).

26        To receive Defendants' profits, Yuga Labs' only burden is to "establish[] the

27 defendant's gross profits from the infringing activity with reasonable certainty."

28 *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993).  Defendants

1   cite no case to the contrary.  Through at least the testimony of Ms. Kindler, Yuga

2   Labs has met its burden.  *See* Yuga Labs' Proposed Findings of Fact and

3   Conclusions of Law (Dkt. 416) at ¶¶ 11-13, 32-37.

4          *Dairy Queen* does not impose any different burden, nor did it hold that

5   disgorgement in a Lanham Act case is unavailable in the absence of an adequate

6   remedy at law.  *Dairy Queen* did not involve a disgorgement claim under the

7   Lanham Act, but rather an "equitable accounting" claim.  *Dairy Queen, Inc. v.*

8   *Wood*, 369 U.S. 469, 478 (1962).  "[T]he Supreme Court characterizes the *Dairy*

9   *Queen* claim as a legal claim for damages (not disgorgement of profits)."  *Fifty-Six*

10  *Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015)

11  (citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998)).

12  As a result, *Dairy Queen* does not apply to Yuga Labs' disgorgement claim under

13  the Lanham Act.

14          **Defendants' Response:**

15          The Supreme Court has held that disgorgement is not available unless there is

16  "the absence of an adequate remedy at law."  *Dairy Queen, Inc. v. Wood*, 369 U.S.

17  469, 478 (1962).   And the rule set forth in *Dairy Queen* has been applied to

18  awarding defendant's profits under the Lanham Act.  *See Hunting World Inc. v.*

19  *Reboans, Inc.*, No. C 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26,

20  1994).

21          Legal remedies were available in this case.  Yuga expressly asserted and

22  offered expert testimony in support of legal remedies (including a claim for actual

23  damages that its expert was able to quantify), which it then voluntarily relinquished.

24  Dkt. 315-1 at 2 ("Yuga Labs is withdrawing all legal remedies"); Trial Tr. [Kindler]

25  172:14-17, 173:1-8, 174:4-7, 175:17-19.  Having abandoned available legal

26  remedies, Yuga cannot obtain disgorgement.  *See Hunting World Inc.*, 1994 WL

27  763408, at *2-3 ("[A]lthough Plaintiff has waived the right to collect damages, this

28  does not render the claim purely equitable because, as discussed above, this is a

1 statutory claim.  Again, because the statutes provide adequate remedies, a purely

2 equitable claim may not be maintained.").

3     **Plaintiff's Reply:**

4     Defendants' response regurgitates the same citations from their disputed

5 findings of fact without rebutting or even acknowledging that (1) the Lanham Act

6 and model jury instructions allow parties to seek both actual damages and

7 disgorgement, (2) Yuga Labs' only burden is to establish gross profits (which it has

8 accomplished), and (3) *Dairy Queen* is inapposite to the claims at issue here.  *See*

9 *supra* ¶ 132 (Plaintiff's Basis for Dispute).  The Lanham Act and model jury

10 instructions are more authoritative on the issue of disgorgement than *Hunting*

11 *World*, an unpublished case from another judicial district that has been rejected in

12 C.D. Cal.  *See Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*, No.

13 EDCV1001858VAPDTBX, 2012 WL 12893524, at \*6 n.5 (C.D. Cal. June 27,

14 2012).  There is no requirement for an absence of an "adequate remedy at law" to

15 obtain disgorgement, and even if there were, Yuga Labs' actual damages would not

16 be sufficient to compensate for the irreparable harm Defendants caused.  *See supra*

17 ¶ 132 (Plaintiff's Basis for Dispute).

18

19

20

21

22

23

24

25

26

27

28