**Defendants' Disputed Post Trial Conclusion of Law No. 145:**

Accordingly, appropriately tailored injunctive relief should be limited to: (1) prohibiting Defendants from using the domain "rrbayc.com" or the domain "apemarket.com"; and (2) prohibiting Defendants from selling or promoting the sale of RR/BAYC NFTs.

**Plaintiff's Basis for Dispute:**

A properly tailored injunction must end the irreparable harm done to Yuga Labs' BAYC brand and allow it to regain control of the brand.  This includes putting an end to Defendants' sales, promotion, and marketing of infringing NFTs; preventing Defendants from creating any future confusion by minting new infringing NFTs or improperly using Yuga Labs' Marks; alerting consumers that the RR/BAYC NFTs are a scam; and transferring the smart contract and other infringing domains and instrumentalities to Yuga Labs so it once again has sole control over its marks.  The injunctive relief set forth in Yuga Labs' Proposed Findings of Fact and Conclusions of Law would accomplish this.  *See* Dkt. 416 at 14-17, 20-23.  Indeed, two other courts have entered similar injunctions against Defendants' business partners.  *See* Judgment and Order for Permanent Injunction Against Ryan Hickman (Dkt. 30), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Aug. 25, 2023); JTX-621 (Consent Judgment and Order for Permanent Injunction Against Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-TWD (N.D.N.Y Feb. 6, 2023)).  Defendants' proposed injunction is too narrow.  For example, it does not prohibit Defendants from marketing RR/BAYC NFTs.  Dkt. 418-1 at 20:21-21:5, 22:7-10.  Likewise, simply eliminating confusion does not protect Yuga Labs from the irreparable harm done by Defendants' infringement.  *Id.* ¶¶ 45-56.  Defendants' proposed injunctions would also not transfer over control of the RR/BAYC smart contract to Yuga Labs. Defendants have no basis for continuing to hold on to the instrumentalities of their bad faith infringement—namely the RR/BAYC smart contract used to manufacture

1   and sell the infringing NFTs and the cybersquatting domains rrbayc.com and

2   apemarket.com.

3   **Defendants' Response:**

4   Yuga argues that this Court should adopt its injunctive relief terms and cite to

5   the Lehman consent judgment—which was a condition of settlement—and the

6   injunction entered against Mr. Hickman—which was attained via a default

7   judgment.  Neither Mr. Lehman and Mr. Hickman were defending themselves

8   against the terms of the overbroad injunction.  Yuga cites to its *own* proposed terms

9   to argue that Defendants' terms are in some way unreasonable.  *See* Dkt 418 20:21-

10   23:28.  Defendants objected to the injunction as a whole because it is not tailored to

11   the specific harm.  Yuga's attempt to remediate it by pointing to specific terms is

12   unavailing.

13   Yuga also focuses on its term that it be given the smart contract.  That would

14   serve no purpose of addressing infringement might not be technically feasible.  But

15   Yuga has admitted that the contract is immutable, which means that the smart

16   contract cannot be changed or modified in any meaningful way, no matter who

17   owns it.  *See* Trial Tr. [Atalay] 134:11-20.  However, an order that prohibits

18   Defendants from minting anymore RR/BAYC NFTs would be sufficient to prevent

19   Defendants from causing Yuga the injury alleged in this case.  Further, it would be

20   enforceable in court.  Likewise, a prohibition from using the rrbayc.com and

21   apemarket.com domains—both of which are inactive—would suffice and fit the

22   scope of the injury found by the court in this case.

23   **Plaintiff's Reply:**

24   Defendants' response should be rejected because (1) Yuga Labs' proposed

25   injunction does not seek to curtail Defendants' First Amendment rights and (2)

26   Yuga Labs' proposed injunction is tailored to address the irreparable harm done to

27   Yuga Labs and allow it to regain control of its brand.  *See supra* ¶¶ 143, 144.

28

1    Initially, Yuga Labs notes that Defendants admit the injunctive relief should
2    include not only use of the infringing domains and a prohibition against selling or
3    promoting RR/BAYC NFTs, but also a prohibition against minting new RR/BAYC
4    NFTs.  *See supra* ¶ 145 (Defendants admitting that "an order that prohibits
5    Defendants from minting anymore RR/BAYC NFTs would be sufficient to prevent
6    Defendants from causing Yuga the injury alleged in this case.").
7    As explained above, both Mr. Lehman and Mr. Hickman defended
8    themselves against the Terms of Yuga Labs' proposed injunction, and a federal
9    court granted these injunctions as appropriate and narrowly tailored.  *See supra* ¶
10    144.
11    And as explained above, the RR/BAYC smart contract should be transferred
12    to Yuga Labs, the rightful owner of the marks that are indelibly printed on the
13    contract.  *Id.*  Only the transfer of the infringing instrumentalities—e.g. the
14    counterfeit plates—will allow Yuga Labs to regain control of its brand and stop
15    future confusion in the marketplace.  *See* Solano Decl. (Dkt. 342) ¶ 81; Ripps
16    Depo. Designations (Dkt. 396) 289:7-11 (***admitting Mr. Ripps has control over***
17    ***aspects of secondary marketplace listings***) ("Q: So you signed in with a wallet to
18    LooksRare, and they permitted you to make changes to the page dedicated to the
19    RR/BAYC NFTs? / A:  The change of this redacted thing, it's something that I have
20    done, yeah/"); Ripps Depo. Designations (Dkt. 396) at 81:3-81:14 (***admitting Mr.***
21    ***Ripps controls the OpenSea sales page and has made changes to it***) (" Q. But you
22    had a page on OpenSea? A. I had a page?  Did I have a page?  No.  Perhaps
23    RR/BAYC collection had a page on OpenSea.  Q. And who ran that
24    collection?  A. Who ran that collection?  I did because I have the keys to the
25    RR/BAYC."); *id.* at 81:22-82:7 ("A. I do remember at one point making the
26    background image the banner, if you will, to say 'Long Live Conceptual Art,' or
27    something like that, or 'You can't copy an NFT,' or something along those lines
28    . . .").