**Defendants' Disputed Post Trial Conclusion of Law No. 152:**

Mr. Ripps and Mr. Cahen advanced reasonable arguments in favor of their positions on both liability and damages. *See Caiz,* 2017 WL 830386, at *5 (holding that mere "lack of success" does not support an exceptional case finding).

**Plaintiff's Basis for Dispute:**

An exceptional case is warranted here, not because of a "mere lack of success," but because, among other things, Defendants attempted to re-litigate unreasonable arguments over and over again despite the Court's numerous rejections of their litigation positions. *Supra* ¶¶ 150, 151.

**Defendants' Response:**

Yuga ignores this court's general rule requiring a finding of frivolousness. *See Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (rejecting exceptional case finding in trademark case because claims were not "frivolous"). They instead focus on the fact that the marks were allegedly the same. This ignores that Defendants lodged a reasonable—but ultimately unsuccessful—*Rogers* defense. Instead, Yuga's proposed rule would collapse winning and risk turning exceptional cases into usual cases. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014) (defining exceptional in exceptional case as "uncommon, rare and not ordinary"). This Court should ignore their invitation to make exceptional cases more common.

Defendants did not re-litigate any positions. Yuga sought intent-laden damages. *See Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020) ("a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate."); *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, No. SACV 17-01613-CJCDFMx, 2023 WL 2652855 at *4-5 (C.D. Cal. Mar. 13, 2023) (discussing importance of Defendants' mental state as vital to damages estimate). The issue of intent related to damages was never adjudicated, and to the extent that it was, the law of the case does not

1   apply to decisions made on summary judgment.  *Shouse v. Ljunggren*, 792 F.2d

2   902, 904 (9th Cir. 1986); *Sienze v Kutz*, No. 1:17-CV-0736-AWI-SAB, 2019 WL

3   1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that decision on summary

4   judgment on one issue does not bind court as to similar issue later in case).

5   Because the issue was never litigated, it was never re-litigated.

6       **Plaintiff's Reply:**

7       As shown above, (1) Defendants engaged in egregious litigation misconduct,

8   warranting a finding of exceptional case in Yuga Labs' favor (*see supra* ¶¶ 121,

9   150) and (2) Defendants' claims were frivolous (*see supra* ¶ 150).

10      In addition, their objections should be rejected because Defendants re-

11  litigated numerous positions.  Defendants' claim that they did not re-litigate any

12  positions on the basis that "Yuga sought intent-laden damages" is patently false.

13  *See supra* ¶ 121.  Even though the Court decided these issues on Summary

14  Judgment, Defendants sought to relitigate at trial issues such as whether RR/BAYC

15  NFTs are protected art and whether Yuga Labs owns the BAYC Marks.  Even

16  worse, they tried to justify relitigating these issues under the guise of "intent,"

17  necessitating that Yuga Labs file Motions In Limine.  *See* Dkts. 232-2, 236-2, 239-

18  2, 241-2 (Culp Declarations in Support of Motions In Limine Nos. 1-3, 5).  Yet

19  even their "intent" justification is disingenuous, as the Court had already decided

20  the issue of intent on summary judgment.  SJ Order (Dkt. 225) at 12.  Moreover,

21  Yuga Labs explicitly did not seek intent-laden damages, it was *Defendants* who

22  attempted to shoehorn the already decided issue of intent into trial so they could

23  continue to argue these points.  *See, e.g.*, Proposed Findings of Fact and

24  Conclusions of Law (Dkt. 229-1) at 14 (Defendants stating: "To the extent that

25  Yuga's position is now that it is not pursuing its claim of willful or intentional

26  infringement, Defendants are entitled to judgment as a matter of law that their

27  infringement and any false advertising was not willful.").  Indeed, even today they

28  continue litigating these stale issues, as demonstrated by their argument that Yuga

Labs abandoned the BAYC Marks, using the same arguments rejected at Summary Judgment. *See, e.g.*, *supra* ¶ 24.

Additionally, Defendants do not object to, and thus admit, Yuga Labs' other examples of re-litigated issues that are completely unrelated to intent. For example, they do not dispute that:

- Defendants filed numerous motions to compel documents and information explicitly premised on their rejected First Amendment *Rogers* defense. *See* Dkt. 69-1, Dkt. 103-1. The Court denied these motions and requests as "moot, irrelevant and not proportionate to the needs of the case in view of the District Court's December 16, 2022 ruling." Dkt. 87 at 1; *see also*, Dkt. 144 at 1.

- When Defendants filed a meritless motion to stay proceedings (Dkt. 118) after nearly three months of unnecessary delay, the Court reiterated that *Rogers* did not apply in this case due to Defendants' commercial conduct. Dkt. 178 at 6.

- Still, on summary judgment, Defendants maintained that "there is a material dispute whether the RR/BAYC Project is an expressive work that must be resolved at trial" (Dkt. 199-1 at 12-13), despite the Court's orders otherwise.

And as shown above, the Court's summary judgment rulings apply to narrow the trial in this case. *See supra* ¶ 9. Defendants' refusal to acknowledge this basic reality has unnecessarily complicated these proceedings.