Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                            Plaintiff,<br><br>    v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                            Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 3**<br><br>Judge:  Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 3:

<u>Yuga Labs proved every element of its false designation of origin claim and is entitled to monetary remedies and injunctive relief.</u> SJ Order at 13.

### Defendants' Basis of Dispute:

Defendants acknowledge that this Court granted summary judgment on Yuga's false designation of origin claim. However, Defendants dispute that Yuga satisfied the summary judgment standard and reserve the right to appeal the Court's order. Because the final remedies in this action will be subject to the outcome of any appeal, Defendants dispute that Yuga has proven its claim and that it is entitled to monetary remedies or injunctive relief.

### Plaintiff's Response:

Defendants provide no authority for their proposition that Yuga Labs is not entitled to relief until resolution of an appeal. **Forcing Yuga Labs to respond to an objection based purely on the fact that Defendants disagree with the Court's binding order is another example of Defendants' oppressive litigation tactics supporting a finding that this is an exceptional case**. The objection should be rejected because (1) the objection seeks to relitigate issues already adjudicated by the Court and (2) Defendants have stipulated to this fact.

**The Court's Summary Judgment Order Establishes Liability:** Defendants' objection improperly disputes facts already adjudicated in the Court's Summary Judgment Order (Dkt. 225). In that order, the Court held that Yuga Labs owns its BAYC Marks, that NFTs are goods for the purpose of the Lanham Act, that Yuga

1  Labs used those marks in commerce, and that Yuga Labs has not abandoned its marks.
2  *Id.* at 6-10.  The Court also held that "Defendants have admitted that they intentionally
3  used the BAYC Marks in their RR/BAYC NFTs." *Id.* at 11.  The Court "easily
4  conclude[d]" that Defendants' use of identical marks, on identical products, in
5  identical markets supported a finding of a likelihood of confusion.  *Id.* at 10-13.  That
6  order establishes the matters adjudicated therein for purposes of this case.  Fed. R.
7  Civ. P. 56(g) (district courts partially adjudicating case on a summary judgment
8  motion may "enter an order stating any material fact — including an item of damages
9  or other relief — that is not genuinely in dispute and treating the fact as established in
10 the case"); accord *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods,*
11 *Inc.*, 782 F. Supp. 2d 1047, 1051 (C.D. Cal. 2011); *Singh v. George Washington Univ.*
12 *Sch. Of Med. & Health Scis.*, 508 F.3d 1097, 1106 (D.C. Cir. 2007) ("Facts found on
13 partial summary judgment are taken as established at trial.").
14       Defendants did not move the Court to reconsider its holdings.  Nevertheless,
15 Defendants refuse to accept the Court's order, unnecessarily burdening the Court and
16 Yuga Labs by attempting to relitigate these issues at trial and in post-trial filings as if
17 the Court's order does not exist.  Defendants' tactics are inconsistent with the very
18 purpose of a partial summary judgment order, which is "intended to avoid a ***useless***
19 ***trial of facts and issues over which there was really never any controversy*** and
20 which would tend to confuse and complicate a lawsuit." *Peliculas Y Videos*
21 *Internacionales, S.A. de C.V. v. Harriscope of Los Angeles, Inc.*, 302 F. Supp. 2d
22 1131, 1133 (C.D. Cal. 2004) (quoting *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769
23 n.3 (9th Cir.1981)) (emphasis added).  Defendants' authorities do not support their
24 position.  See *Sienze v Kutz*, No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3
25 (E.D. Cal. Mar. 25, 2019) ("evidence concerning issues resolved at summary
26 judgment is ***generally not relevant and should be excluded***" at trial) (emphasis
27
28

Case No. 2:22-cv-04355-JFW-JEM          -2-          DEFENDANTS' OBJECTIONS

1  added); *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (discussing
2  applicability of the law of the case doctrine where a case is assigned to a new judge).
3      "The partial summary judgment is merely a pretrial adjudication that certain
4  issues shall be deemed established for the trial of the case and likewise serves the
5  purpose of speeding up litigation by eliminating before trial matters wherein there is
6  no genuine issue of fact." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1203 n.9 (9th Cir.
7  2009) (alteration and citation omitted). Defendants' repeated attempts to ignore or
8  undo the Court's Order "speeding up litigation" is a dilatory and abusive litigation
9  tactic that has unjustifiably increased the cost of resolving this case.
10     **Defendants' Objection Improperly Contradicts Facts Stipulated To In The**
11  **Pre-Trial Conference Order:** Defendants' objection contradicts their own
12  stipulations in the proposed pre-trial conference order. *See* Dkt. 320-1 at 13. In that
13  order, Defendants admitted that Yuga Labs is the creator of the Bored Ape Yacht Club
14  NFT collection and owner of the BAYC Marks. *Id.* at 2-3. Defendants further
15  admitted that "[t]he Court has determined that Defendants infringed the BAYC
16  Marks" and "that Defendants' registration and use of the domain names
17  https://rrbayc.com and https://apemarket.com constituted cybersquatting under the
18  Anti-Cybersquatting Consumer Protection Act." *Id.* at 13. As such, Defendants have
19  waived their right to now argue that they were not liable for infringing upon Yuga
20  Labs' marks or cybersquatting under the ACPA. *See U.S. v. First Nat. Bank of Circle*,
21  652 F.2d 882, 886 (9th Cir. 1981) ("[N]or may a party offer evidence or advance
22  theories at the trial which are not included in the [pre-trial conference] order *or which*
23  *contradict its terms*.") (emphasis added). Defendants' attempt to now avoid liability
24  after admitting to it clearly contradict the terms of the pre-trial conference order.
25  Defendants' sudden refusal to accept a stipulated fact is a dilatory and abusive
26  litigation tactic that unjustifiably increases the cost of resolving this case. Defendants'
27
28

1  actions again make this an exceptional case.  The Court should reject Defendants'
2  objection.
3        Defendants offer no basis to dispute this finding.  They offer no contradictory
4  facts, nor do they cite to any evidence in the record.  Rather, Defendants are merely
5  expressing their disappointment in the Court's well-reasoned summary judgment
6  order.  This is not a proper basis for objection.

7        **Defendants' Reply:**

8        Defendants do not dispute that this Court has entered summary judgment in this
9  case.  However, in their summary judgment briefing, Defendants made clear that there
10  are material evidentiary disputes that precluded summary judgment and Defendants
11  reserve the right raise this issue on appeal and in all other proceedings involving the
12  BAYC marks.  And while proving "every element" of Yuga's false designation claim
13  is not an issue relevant to the remedies trial in this case, Yuga has for some reason
14  affirmatively raised the issue and asked the Court to unnecessarily make a finding of
15  fact regarding the elements for false designation of origin in a trial that was limited to
16  determination of remedies.  Yuga's decision to affirmatively raise the issue of has
17  forced Defendants to re-articulate their position for preservation purposes.
18        Defendants are not asking that this Court reconsider its holding, because this
19  under the law of the case doctrine this Court has not made a holding on the elements
20  for false designation of origin for purposes of determining availability of
21  disgorgement as a remedy (including Defendants' mental state as applied to
22  disgorgement), apportionment, and an exceptional case analysis.  The "law of the case
23  doctrine does not apply to pretrial rulings *such as motions for summary*
24  *judgment*."  Shouse v. Ljunggren, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis
25  added); see also Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial
26  rulings, often based on incomplete information, don't bind district judges for the
27  remainder of the case.  Given the nature of such motions, it could not be
28

1  otherwise."). For example, in *Sienze v Kutz*, the Court held that although **aspects** of
2  an issue were decided at summary judgment for one purpose, the summary judgment
3  order did resolve the issue generally or as to other topics. See No. 1:17-CV-0736-
4  AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence
5  of initial police contact was relevant as background, but not to the already decided
6  issue that initial contact was not excessive force). This case is just like *Sienze*: the
7  summary judgment ruling on Yuga's false designation claim is limited to infringement
8  and cannot be applied more broadly. Again, Defendants make clear that proof of the
9  elements for Yuga's false designation claim is an unnecessary issue that Yuga did not
10 need to raise at this stage in this case. But to the extent the Court addresses this issue,
11 it cannot rely on the summary judgment order and the evidence at trial weighs against
12 a finding that the elements for false designation have been proven.

13        Additionally, Defendants have never stipulated that the trial evidence proves
14 each element for Yuga's false designation of origin claim. Defendants hotly disputed
15 Yuga's false designation claim at summary judgment. *See* Dkt. 163. And while proof
16 of the elements for false designation is not an issue relevant to the remedies trial in
17 this case, Yuga has affirmatively raised the issue and attempts to mischaracterize the
18 Court record by citing to the pre-trial conference order. But **nowhere** in the pre-trial
19 conference order did Defendants stipulate to that the elements for false designation
20 have been met. Section 6 of the order contains all stipulated facts and those stipulated
21 facts include only that Yuga released the BAYC collection and various facts about
22 Defendants' activities associated with the RR/BAYC collection. Dkt. 320-1 at 3-4.
23 Yuga cites to Defendants' statement that the "Court has determined that Defendants
24 infringed the BAYC Marks." Dkt. 320-1 at 13. But again, this is not an admission of
25 that the evidence proves each element for false designation of origin, it is a statement
26 regarding the procedural history in this case that explains that the scope of trial is
27 limited to remedies and does not include infringement. Had Defendants wanted to
28

1 stipulate to proof of all elements for Yuga's false designation claim, they would have
2 clearly and expressly done so—they have not.  Defendants reserve the right to dispute
3 Yuga's false designation claim on appeal and in any other proceedings involving the
4 BAYC marks.