Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 6 n.2**<br><br>Judge:  Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 6 n.2:

Although Mr. Hickman testified at trial that he was not confused, after viewing Mr. Hickman's video deposition (149:24-150:10), the Court concludes that Mr. Hickman's demeanor, body language, and tone of voice reflect that he was initially confused. This deposition testimony also supported Yuga Labs' motion for summary judgment. *See*, *e.g.*, Dkt. 141-2 CSUF 57 at page 40.

### Defendants' Basis of Dispute:

The evidence at trial did not show that Mr. Hickman was confused. Mr. Hickman's demeanor, body language, and tone of voice during his deposition reflected that he was describing JTX-28 in real-time while observing the document. Mr. Hickman further repeatedly confirmed that he was not confused during his deposition (Trial Tr. [Hickman] 213:5-8, 219:3-6) and further testified "The video shows me describe all aspects of the page in real time" (Trial Tr. Hickman 2:19:6-7).

Yuga also fails to cite adequate evidence in support of its allegations. First, Yuga incorrectly argues that Hickman's deposition supported this Court's summary judgment order. The Court did not hold at summary judgment that Mr. Hickman was confused at his deposition. Second, Yuga's misleading suggestions about summary judgment are also an improper reliance on the law of the case doctrine. The "law of the case doctrine does not apply to pretrial rulings ***such as motions for summary judgment***." Shouse v. Ljunggren, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also* Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the

1  remainder of the case. Given the nature of such motions, it could not be otherwise."). 
2  For example, in *Sienze v Kutz*, the Court held that although **aspects** of an issue were 
3  decided at summary judgment for one purpose, the summary judgment order did 
4  resolve the issue generally or as to other topics. See No. 1:17-CV-0736-AWI-SAB, 
5  2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial 
6  police contact was relevant as background, but not to the already decided issue that 
7  initial contact was not excessive force). This case is just like *Sienze*: the summary 
8  judgment ruling applies to the issue of infringement and is not adequate support as 
9  applied to availability of disgorgement as a remedy (including Defendants' mental 
10 state as applied to disgorgement), apportionment, and an exceptional case analysis.

Additionally, the trial testimony shows that Mr. Hickman was **<u>not</u>** confused:

> Q. And at your deposition, you were confused about whether the Foundation page for the RR/BAYCs was actually the Foundation page for BAYC NFTs?
>
> A. ***I was not confused***
>
> Q. At your deposition when you reviewed JTX-28, you originally thought it was the Foundation page website for what looks to be Bored Ape Yacht Club; correct?
>
> A. ***No.***

Trial Tr. [Hickman] 212:25-213:8 (emphasis added).

During re-direct, Mr. Hickman was given an opportunity to further discuss his deposition testimony, and explained:

> Q. Were you at your deposition confused about whether the page that you were shown was indeed a Yuga Labs page or a page by Mr. Ripps?
>
> A. ***I was not confused. The video shows me describe all aspects of the page in real time.***

Q. And were you – what was your level of confidence that his foundation page that you were shown at your deposition was indeed a page for the RR/BAYC collection?

A. It was that it was actually Ryder's creator page for the RR/BAYC collection.

Q. Are you aware of anyone who ever obtained an RR/BAYC from Foundation believing that it was sponsored by Yuga?

A. Absolutely not.

Trial Tr. [Hickman] 219:3-16 (emphasis added). This testimony makes clear that Mr. Hickman was describing text appearing in JTX-28 real-time before arriving at his conclusion that it was Mr. Ripps's creator page on Foundation for the RR/BAYC collection.

**Plaintiff's Response:**

Mr. Hickman's (and Defendants') attempt to explain away his obvious confusion is self-evidently not credible for the reasons discussed *supra* ¶ 6.

**Defendants' Reply:**

Yuga mischaracterizes Mr. Hickman's deposition and trial testimony to support their false assertion that he was confused and misidentified the RR/BAYC sales page on Foundation. This is inaccurate. As Mr. Hickman credibly testified at trial, he was not confused, and his deposition video shows him reviewing and describing all portions of the exhibit. Trial Tr. [Hickman] 219:3-12 ("Q Were you at your deposition confused about whether the page that you were shown was indeed a Yuga Labs page or a page by Mr. Ripps? A I was not confused. The video shows me describe all of the aspects of the page real time. Q And were you—what was your level of confidence that this Foundation page that you were shown at your deposition was indeed a page for the RR/BAYC collection? A It was that it was actually Ryder's creator page for the RR/BAYC collection."). Mr. Hickman's trial testimony has been reproduced in

1  full in Defendants' objection in which he explains that he was simply observing the
2  document in real-time.   That is not confusion.   That is Mr. Hickman articulating in
3  real-time the process under which he confidently concluded that he was looking at Mr.
4  Ripps's creator page.