Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

Additional Counsel listed on next page

Attorneys for Plaintiff
YUGA LABS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                              Plaintiff,<br><br>        v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                              Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(a)**<br><br>Judge: Hon. John F. Walter |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA  90401
Telephone:     310.434.4300

Attorneys for Plaintiff

YUGA LABS, INC.

DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order (Dkt. 428) Defendants submit the following objection, response, and reply.

### Plaintiff's Disputed Post Trial Finding of Fact No. 7(a):

"Defendants knowingly and intentionally used Yuga's BAYC Marks . . . in an effort to confuse consumers" and "intentionally designed the RR/BAYC NFTs and sales websites to resemble Yuga's branding." SJ Order at 12; *see also* JTX-671; JTX-686; Dkt. 392 at 52:6-21.

### Defendants' Basis of Dispute:

Defendants expressly reserve and reassert all objections made in the parties' Joint Statement Regarding Objections (Dkt. 420).

Defendants are not intentional infringers and did not intend to suggest that RR/BAYC was related to Yuga in any way.  Defendants' contemporaneous communications about the RR/BAYC project confirm that their intent was to use RR/BAYC to criticize rather than to confuse.  For example, in private group chats (JTX-801, 803-804), Defendants discussed their intended artistic purpose of the project—to spread criticism of Yuga and educate the public about the nature of NFTs and what they saw as Yuga's misconduct.  Ripps Decl. ¶¶ 144, 147 (Dkt. 346) (uncontested); Cahen Decl. ¶ 131 (Dkt. 344); JTX-801.00010, 012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30.

Defendants also took multiple steps to make clear that the RR/BAYC collection was not related to Yuga.  The rrbayc.com website—through which the majority of RR/BAYC commissions occurred and the vast majority of alleged profits accrued (Ripps Decl. ¶ 110 (Dkt. 346) (uncontested); Cahen Decl. ¶ 144 (Dkt. 344)) included an explanation of the artistic intent for the project.  Ripps Decl. ¶¶ 101-103 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 138-139 (Dkt. 344), 147; Dkt. 197-1 ¶¶ 201-202; JTX-2085; Trial Tr. [Solano] 63:1-10.  Collectors using the rrbayc.com website were also required to read and click through a disclaimer acknowledging the artistic purpose of

---

-1-

1
2
3

the project.  *See* Ripps Decl. ¶¶ 106-109 (Dkt. 346) (uncontested); JTX-2086; Trial Tr. [Muniz] 83:10-13.  Mr. Ripps insisted on these to make the artistic purpose of the work would be clear.  *See* Dkt. 401 at 21 [Lehman Depo. 59:25-60:24].

4
5
6
7

Defendants' online discussion confirms they believed there was inappropriate messaging in Yuga's imagery and how the RR/BAYC project shows that NFTs are not digital images.  Ripps Decl. ¶¶ 148-157 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 151, 208-209 (Dkt. 344); Dkt. 197-1 ¶¶ 203-04.

8
9
10
11
12
13
14
15
16
17
18

Defendants also created the RR/BAYC collection based on a good faith belief that Yuga had given authorization for the creation of projects like RR/BAYC.  There were more than 9,000 third-party projects using Yuga's marks.  Ripps Decl. ¶¶ 187-191 (Dkt. 346) (uncontested); Hickman Decl. ¶ 33 (Dkt. 345); JTX 2243; JTX 2244.  Before filing this suit, Yuga had not taken steps to stop these third-party projects from using Yuga's marks.  Ripps. Decl. ¶ 185 (Dkt. 346) (uncontested); Cahen Decl. ¶ 206 (Dkt. 344).  Ms. Muniz admitted that Defendants would have probably seen these collections at the time they created the RR/BAYC project. Trial Tr. [Muniz] 77:19-23; Trial Tr. [Muniz]; 77:19-23; [Muniz] 78:7-21; [Muniz] 80:3-13.  There are "literally thousands" of products that use Yuga trademarks without affiliation with Yuga.  Trial Tr. [Muniz] 81:18-22; *see*, *e.g.*, JTX-2398; JTX-2134; JTX-2410; JTX-2075.

19
20
21
22
23
24
25
26

Moreover, Ryan Hickman, who collaborated with Defendants on RR/BAYC, owned a BAYC NFT at the time of the project.  Hickman Decl. ¶¶ 19-22 (Dkt. 345).  BAYC NFTs had Terms & Conditions that allowed people to commercialize their NFTs.  Trial Tr. [Solano] 25:1-4.  Ms. Muniz had publicly represented that BAYC NFT holders received all IP rights and that Yuga has none of those rights.  Trial Tr. [Muniz] 72:3–73:17; Cahen Decl. ¶ 189 (Dkt. 344); Hickman Decl. ¶¶ 25-26 (Dkt. 345); JTX 2672; JTX 2673.  Ms. Muniz confirmed her public statement did not include the word copyright.  Trial Tr. [Muniz] 72:19-22.

27
28

1    Yuga, by arguing that the Court's summary judgment order supports a finding

2  of intentional infringement, has also incorrectly relied on the law of the case doctrine.

3  The "law of the case doctrine does not apply to pretrial rulings **such as motions for**

4  **summary judgment**." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986)

5  (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014).

6    Yuga also misleading relies on JTX-671 and JTX-686 to argue that Defendants

7  intentionally tried to confuse consumers into thinking that Yuga was the source of

8  origin for RR/BAYC NFTs.   JTX-671 is a Twitter post from Ryder Ripps containing

9  the Foundation page for the RR/BAYC collection—image in the post clearly shows

10  "@ryder_ripps" as the creator of the collection.  Further, Mr. Ripps's Twitter page

11  contained numerous posts showing his criticism and use of RR/BAYC to amplify it.

12  Ripps Decl. ¶¶ 148-157 (Dkt. 346) (uncontested).

13    Yuga cites JTX-686 in a misleading manner.  Mr. Solano admitted during trial

14  that JTX-686 never appeared on any website selling NFTs. Trial Tr. [Solano] 45:22-

15  25.  Mr. Solano admitted that JTX-686 is a document that Yuga's attorneys created for

16  this litigation.  Trial Tr. [Solano] 46:9-11.  JTX-686 also shows that some unidentified

17  third-party was selling an RR/BAYC NFT.  Trial Tr. [Solano] 46:16-24.

18    Yuga also relies on the Declaration of Greg Solano to argue that Yuga owns the

19  asserted marks.  But Mr. Solano's testimony was not credible given the many false

20  and misleading statements contained in his declaration, as well as his repeated

21  impeachment at trial.  For example, Mr. Solano was also forced to concede on cross

22  examination that his sworn declaration included a false statement claiming that

23  "Defendants continue to receive royalties or creator fees from sales on secondary

24  marketplaces."  Trial Tr. [Solano] 48:15-49:4; *see also* Trial Tr. [Solano] 40:3-14;

25  Trial Tr. [Solano] 38:14-16; Trial Tr. [Solano] 38:17-19.  Mr. Solano also lacks

26  credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr.

27  [Solano] 32:19-33:11; *id*. at 34:9-19.

28

1    **Plaintiff's Response:**

2        Given that "Defendants expressly reserve and reassert all objections made in its

3    Joint Statement Regarding Objections (Dkt. 420)", Yuga Labs expressly reserves and

4    reasserts all of its responses to those objections as stated in Dkt. 420.  Defendants

5    dispute an exact quote from the Court, underscoring their bad-faith efforts to multiply

6    the cost of this litigation by rehashing decided issues.  **Forcing Yuga Labs to**

7    **respond to an objection based purely on the fact that Defendants disagree with**

8    **the Court's binding order is another example of Defendants' oppressive litigation**

9    **tactics supporting a finding that this is an exceptional case.**  This objection should

10   be rejected.

11       Defendants' objections should be rejected because (1) the objection seeks to

12   relitigate issues already adjudicated by the Court (*infra* ¶¶ 8,10), (2) the record shows

13   that Defendants intended to cause confusion (*supra* ¶ 7 (preamble)), (3) Defendants'

14   commercial infringement was not protected "art" (*supra* ¶ 7 (preamble)), (4)

15   Defendants' "disclaimer" did not dispel likelihood of confusion (*supra* ¶ 7

16   (preamble)), (5) Defendants took no steps to avoid confusion in the marketplace (*infra*

17   ¶ 33 line 12:1), (6) Yuga Labs did not authorize Defendants' infringement and, to the

18   contrary, had implemented a robust enforcement program to shut down infringers like

19   Defendants (*supra* ¶ 1 lines 1:21-24), (7) Mr. Hickman did not have (or convey to

20   Defendants) the right to infringe Yuga Labs' BAYC Marks (*supra* ¶ 1 lines 1:21-24,

21   (8) Defendants intended to profit off of their infringement (*infra* ¶ 7(h) lines 5:2-4),

22   (9) Defendants' fail to impeach Mr. Solano's credible testimony (*supra* ¶ 1 lines 1:24-

23   2:1), and (10) there is ample evidence of confusion in the record (*supra* ¶ 11(e)).

24       Additionally, as described below, Defendants' objection should be rejected

25   because (1) Defendants' characterization of the evidence is unpersuasive and (2)

26   Defendants were well aware that their infringement would cause confusion.

27

28

**The Exhibits To Which Yuga Labs Cites Are Not Misleading:** Nothing is misleading about JTX-686. That document shows a comparison of a genuine BAYC NFT listed on OpenSea and one of Defendants' infringing NFTs listed on OpenSea. Defendants do not and cannot dispute that both NFTs appeared on OpenSea at the same time. While Mr. Cahen did sell Defendants' infringing NFTs directly on OpenSea, (*see* Trial Tr. at 202:18-25); JTX-686 includes a listing on the secondary market by a third party, which is not surprising as a significant portion of the trading volume put into motion and actively promoted by Defendants' infringement took place on secondary markets. *See* Trial Tr. 202:4-12 ("The majority of the sales are taking place on secondary markets.").

There is also nothing misleading about JTX-671—a promotion by Mr. Ripps of Defendants' infringing NFT collection on Foundation with the URL foundation.app/collection/bayc, the symbol "BAYC," and the name "Bored Ape Yacht Club." Mr. Ripps repeatedly used Yuga Labs' marks – without any modification – to promote his sale of infringing products. The fact that Defendants' infringing NFTs directly copied Yuga Labs' marks necessarily implies an affiliation between Defendants and Yuga Labs. That Mr. Ripps associated his name with his infringement does not cure this affiliation, it exacerbates it by immutably connecting Mr. Ripps with the Bored Ape Yacht Club brand. And Defendants' direct copying of Yuga Labs marks supported a finding that there was a likelihood of confusion. *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) ("[C]ases involving identical marks on competitive goods are rare and 'hardly ever find their way into the appellate reports' because liability is 'open and shut.'") (citation omitted); SJ Order (Dkt. 225) at 13 ("Therefore, the Court easily concludes that Defendants' use of Yuga's BAYC Marks was likely to cause confusion."). This confusion existed even if consumers were too ashamed to admit it. Finally, Defendants' assertion that a consumer who navigated to Mr. Ripps' Twitter page

would not be confused is unsupported by the record.  Mr. Ripps' Tweets also reached a broader audience.  *See* Muniz Decl. (Dkt. 340) ¶ 13 ("[Defendants] directed their Tweets not just to their followers, but to the NFT community and Board Ape Yacht Club members generally."); *see also* Trial Tr. at 233:17-18 ("You can't tweet to someone in particular.  You can just tweet to the general public, yes.")

**Defendants Knew That Their Infringement Would Result in Confusion:** Defendants' internal communications do not "confirm[] their intent," rather they demonstrate that Defendants knew they were infringing and creating confusion.  JTX-801.371 (Cahen to Ripps:  "per our attorney we may just need to change the skull / If we want to fight trademark"); JTX-801.185 (Mr. Lehman writing, "overall I think we should be very careful about doing this in terms of the confusion it will create"); JTX-801.189 (Mr. Hickman informing Mr. Cahen that it was "difficult to make the collections coexist" because "they are the same art" and "same logos"); JTX-801.279 (Mr. Lehman referring to potential customers as "SHEEPLE" and writing, "Ppl will not read the contract"); JTX-801.376 (Mr. Lehman wrote that the RR/BAYC logo "could be considered confusing and our use of the 'BAYC' name."); JTX-631 (third party informing Mr. Lehman that RR/BAYC was "quite crazy definitely some people will buy thinking they are buying originals!"); JTX-918.00036 (Mr. Lehman stating to Mr. Cahen the need to "look really sympathetic to people" if sued); JTX-44.00002 (Mr. Hickman stating, "people believe the tokenId should match the RR ID. that is where they get confused"); Hickman Depo. Designations (Dkt. 394) at 143:15-144:16 (testifying "Bored Ape Yacht Club" and "BAYC" in the token tracker refers to the Bored Ape Yacht Club made by Yuga Labs); Cahen Depo. Designations (Dkt. 395) at 59:7-59:16 (claiming not to know what an "RR/BAYC NFT" is and stating "the blockchain is complicated.  A lot of people don't have the technical expertise or knowledge to be able to have a conversation about crypto technology and blockchain technology."), at 148:10-13 (testifying it is "very common" for people to refer to NFT

1  collections by the token tracker).  Instead of making changes, such as those

2  recommended by their lawyer or Mr. Lehman, they continued to use Yuga Labs'

3  BAYC Marks to promote and sell the RR/BAYC NFTs.  Solano Decl. ¶ 70; *see also*

4  Ripps Decl. ¶ 55 ("In my experience, when designing logos and imagery for brands,

5  every choice is intentional.").

6  **<u>Defendants' Reply:</u>**

7  Defendants expressly reserve and reassert all replies made in the parties' Joint

8  Statement Regarding Objections (Dkt. 420).

9  Defendants do not dispute that this Court has entered summary judgment in this

10  case.  However, in their summary judgment briefing, Defendants made clear that there

11  is a material evidentiary dispute regarding Defendants intent and knowledge and

12  Defendants reserve the right raise this issue for purposes of determining remedies, on

13  appeal, and in all other proceedings involving the BAYC marks.  Defendants are not

14  asking that this Court reconsider its holding, because this under the law of the case

15  doctrine this Court has not made a holding on Defendants' intent for purposes of

16  determining availability of disgorgement as a remedy (including Defendants' mental

17  state as applied to disgorgement), apportionment, and an exceptional case analysis.

18  Additionally, Yuga's reference back to its responses in *supra* ¶¶ 1, 7(preamble)

19  and *infra* ¶¶ 7(h), 8, 10, 11(e), 33 do not provide adequate grounds to accept Yuga's

20  erroneous proposed finding of fact for the reasons Defendants have provided in its

21  objections and replies to those respective paragraphs.  Yuga also fails to show that its

22  documents are not misleading and that Defendants knew RR/BAYC would confuse.

23  ***First,*** Yuga fails to show that it's exhibits are not misleading.  For the reasons

24  explained in Defendants' objection, (1) JTX-686 is of Defendants selling RR/BAYC

25  NFTS on OpenSea but rather a lawyer created document showing market activated by

26  an anonymous third party and (2) JTX-671 is a tweet on Mr. Ripps's personal Twitter

27  account of the Foundation page clearly showing that Mr. Ripps was the creator.

28

1    ***Second***, Yuga incorrectly accuses Defendants of "knowing" that RR/BAYC

2    would cause confusion. The evidence presented at trial shows that there was not any

3    actual confusion and that Defendants did not know of any confusion.  Ripps Decl. ¶

4    223 (Dkt. 346) (uncontested); Trial Tr. [Cahen] 265:11-18; Cahen Decl. ¶¶ 222, 224

5    (Dkt. 344); Trial Tr. [Solano] 18:23-19:1; Trial Tr. [Muniz] 85:3-7.

6         Further, the evidence that Yuga cites does not rebut the overwhelming evidence

7    of Defendants' intent to protest and criticize.  Yuga cites to correspondence among the

8    creators discussing a possible fear of litigation.  These discussions are taken out of a

9    broader context of hundreds of thousands of communications the creators made.

10   Further, whether the Defendants feared litigation from a multi-billion-dollar company

11   does not establish that they intended confuse.

12        Yuga also repeatedly cites to various pages of JTX-801 to argue that

13   Defendants were aware of the alleged confusion.  But those are internal discussions

14   about the design of ApeMarket to ensure that users were not confused by the website

15   design.  Yuga cross-examined Mr. Hickman and received the same explanation: "This

16   is our attempt to make it as clear as possible.  We are having discussion on how to

17   make sure it was very clear for users."  Trial Tr. [Hickman] 212:22-24.

18        Yuga similarly takes out of context exhibits such as JTX-44.00002 to

19   incorrectly argue that that Defendants were knowingly causing confusion.  In JTX-

20   44.00002, Mr. Hickman stated that "people believe the tokenId should match the RR

21   ID.  that is where they get confused."  But this statement is discussing how the

22   RR/BAYC collection used a different numbering system that caused some consumers

23   confusion as to which RR/BAYC NFT they received but they understood very well

24   that they received an NFT created by Mr. Ripps.

25        Indeed, as explained in *supra* ¶ 4, Defendants took extensive steps to protest

26   Yuga and to make the RR/BAYC collection's protest known.  The remarkable success

27   of that protest proves that Defendants acted in good faith and did not cause confusion.

28

1   Dated:  October 5, 2023                    WILMER CUTLER PICKERING HALE
2                                              AND DORR LLP
3
4                                       By:/s/ *Louis W. Tompros*
                                            Louis W. Tompros (*pro hac vice*)
5                                           louis.tompros@wilmerhale.com
                                            **WILMER CUTLER PICKERING HALE**
6                                           **AND DORR LLP**
                                            60 State Street
7                                           Boston, MA 02109
                                            Telephone: (617) 526-6000
8                                           Fax: (617) 526-5000
9                                           Attorneys for Defendants
10                                          RYDER RIPPS and JEREMY CAHEN
11
12
13  Dated:  October 5, 2023                    FENWICK & WEST LLP
14
15                                      By:/s/ *Eric Ball*
                                            Eric Ball
16                                          eball@fenwick.com
                                            **FENWICK & WEST LLP**
17                                          801 California Street
                                            Mountain View, CA  94041
18                                          Telephone: (650) 988-8500
                                            Fax: (650) 938-5200
19
20                                          Attorneys for Plaintiff
21                                          YUGA LABS, INC.
22
23
24
25
26
27
28

1

**ATTESTATION OF CONCURRENCE IN FILING**

2           Pursuant to the United States District Court for the Central District of

3    California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in

4    the filing of this document has been obtained from Eric Ball.

5

6                                      By: /s/ *Louis W. Tompros*

7                                          Louis W. Tompros (*pro hac vice*)
                                           louis.tompros@wilmerhale.com
8                                          **WILMER CUTLER PICKERING HALE
                                           AND DORR LLP**
9                                          60 State Street
                                           Boston, MA 02109
10                                         Telephone: (617) 526-6000
                                           Fax: (617) 526-5000

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28