Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(d), lines 4:3-6**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 7(d), lines 4:3-6:

Though Mr. Ripps and Mr. Hickman testified that they were averse to the BAYC imagery ((Dkts. 345 (Hickman Decl.) ¶41 (admitted into evidence in Dkt. 392 at 204:21-205:14); 346 (Ripps Decl.) ¶139 (admitted into evidence in Dkt. 406 at 266:15-267:6)), they nonetheless sought to profit from spreading the same imagery. Defendants' creation and marketing of RR/BAYC NFTs was commercial activity designed to sell infringing products, not expressive artistic speech protected by the First Amendment. SJ Order at 16.

### Defendants' Basis of Dispute:

The evidence at trial showed that the RR/BAYC collection was not intended as an infringing product but was instead intended to raise awareness of Defendants' criticism that Yuga has systematically used antisemitic and racist imagery. Ripps Decl. ¶¶ 87-94 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 97-103 (Dkt. 344); Hickman Decl. ¶¶ 62-66 (Dkt. 345); Trial Tr. [Hickman] 222:18-21, [Cahen] 229:9-13.  The RR/BAYC collection also pointed to digital images which "are public" and "available for anyone to navigate to on the Internet."  Trial Tr. [Hickman] 222:15-16.  Further, Yuga never presented any evidence at trial showing that Defendants sold RR/BAYC NFTs on the same marketplaces where BAYC NFTs were being sold.  To the contrary, more than 80% RR/BAYC NFTs reservations were made through rrbayc.com, which has never sold a BAYC NFT.  Ripps Decl. ¶ 110 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 135, 138, 144 (Dkt. 344).  The remaining reservations for RR/BAYC NFTs were made through Defendants' personal Twitter account, which

1 also have never been used to sell BAYC NFTs. Ripps Decl. ¶ 111 (Dkt. 346)
2 (uncontested); Cahen Decl. ¶ 144 (Dkt. 344). Defendants also had a Foundation page
3 for RR/BAYC NFTs, but Yuga did not present any evidence of having a Foundation
4 page for the Bored Ape Yacht Club at the time of the RR/BAYC project because it
5 simply did not have a Foundation page at the time. As for remaining marketplaces,
6 Defendants only received limited royalties from LooksRare because the marketplace
7 did not honor Defendants request to shut off royalties for secondary sales until May
8 2023. Cahen Decl. ¶¶ 169-171 (Dkt. 344).

9       Yuga also fails to cite adequate evidence in support of its allegation that
10 Defendants intended to sell infringing products and profit from that infringement.
11 Yuga incorrectly relies on the law of the case doctrine by citing to this Court's
12 summary judgment order. The "law of the case doctrine does not apply to pretrial
13 rulings **such as motions for summary judgment**." Shouse v. Ljunggren, 792 F.2d
14 902, 904 (9th Cir. 1986) (emphasis added); see also Peralta v. Dillard, 744 F.3d 1076,
15 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't
16 bind district judges for the remainder of the case. Given the nature of such motions, it
17 could not be otherwise."). For example, in Sienze v Kutz, the Court held that although
18 *aspects* of an issue were decided at summary judgment for one purpose, the summary
19 judgment order did resolve the issue generally or as to other topics. See No. 1:17-CV-
20 0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that
21 evidence of initial police contact was relevant as background, but not to the already
22 decided issue that initial contact was not excessive force). This case is just like
23 *Sienze*: the summary judgment ruling on Defendants' intent applies to only the issue
24 of infringement and is not adequate support for these issues generally or as applied to
25 availability of disgorgement as a remedy (including Defendants' mental state as
26 applied to disgorgement), apportionment, and an exceptional case analysis.

27       **Plaintiff's Response:**

28

     Defendants do not—and cannot—dispute that they sold NFTs with the same imagery and sought to profit from that venture.

     Defendants' objection should be rejected for the same reasons discussed *supra* ¶ 7(a); specifically: (1) the objection seeks to relitigate issues already adjudicated by the Court, (2) the record shows that Defendants intended to cause confusion with their infringement, (3) the record shows that Defendants' commercial infringement was not protected "art," and (4) Defendants knew that their infringement would cause confusion.

## Defendants' Reply:

     Yuga's reference back to its responses in *supra* ¶ 7(a) do not provide adequate grounds to accept Yuga's erroneous proposed finding of fact. For reasons provided in *supra* ¶ 4 (both in Defendants' objections and Defendants' reply in support of their objections), the evidence showed Defendants created RR/BAYC NFTs as a protest art project and did not intend to profit off infringement or confusion. Additionally, Defendants' reply in *supra* ¶ 4 similarly explains that (1) this Court's summary judgment cannot be used to support a finding of fact a trial, (2) Defendants did not intend to confuse consumers, (3) Defendants' intent was to protest and criticize Yuga, (4) Yuga has admitted that Mr. Ripps is a recognized artist and the record is clear that RR/BAYC is yet another satirical artwork that Mr. Ripps created, and (5) Defendants ensured that there would be no confusion by taking many steps to make sure that NFTs consumers understood the protest nature of the RR/BAYC collection, and those consumers confirmed they were not confused in the hundreds of letters they sent to Mr. Ripps.