Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

Additional Counsel listed on next page

Attorneys for Plaintiff
YUGA LABS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>   Plaintiff,<br><br>   v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>   Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(f), lines 15-16**<br><br>Judge: Hon. John F. Walter |

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone:     310.434.4300

Attorneys for Plaintiff

YUGA LABS, INC.

Pursuant to the Court's Order (Dkt. 428) Defendants submit the following objection, response, and reply.

### Plaintiff's Disputed Post Trial Finding of Fact No. 7(f), lines 15-16:

They marketed their RR/BAYC NFTs as "Bored Ape Yacht Club" and used Yuga Labs' logo and marks to sell the NFTs. JTX-28; JTX-133; JTX-137; JTX-138; JTX-671; JTX-719; Dkts. 342 ¶¶35, 42-43; 392 at 47:18-48:4; 396 at 60:18-61:4, 71:9-12.

### Defendants' Basis of Dispute:

Defendants expressly reserve and reassert all objections made in the parties' Joint Statement Regarding Objections (Dkt. 420).

The evidence at trial did not show that Defendants "marketed their RR/BAYC NFTs as 'Bored Ape Yacht Club.'" Defendants constantly referred to the collection as RR/BAYC or as having been created by Ryder Ripps. Defendants addressed the project as having been created by Mr. Ripps for the purpose for of criticizing Yuga. Ripps Decl. ¶¶ 148-157 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 151, 208-209 (Dkt. 344); Dkt. 197-1 ¶¶ 203-04. In these public, undisputed activities, Defendants popularized the RR/BAYC collection by referring to its satirical nature by making clear it was Mr. Ripps's collection. Dkt. 369 [Ripps Depo. Designation] 61:5-9.

The correspondence Mr. Ripps received from collectors of RR/BAYC NFTs confirm that they purchased the NFTs (including on secondary markets) as a protest. Ripps Decl. ¶¶ 198-205 (Dkt. 346) (uncontested); JTX-2033, JTX-2035, JTX-2039, JTX-2589, JTX-2590, JTX-2591, JTX-2592, JTX-2595, JTX-2596; JTX-2599

Further, the exhibits that Yuga cites do not show that Defendants marketed the RR/BAYC collection as "Bored Ape Yacht Club" or that they relied on infringement to sell their NFTs. JTX-28, JTX-133, JTX-671, and JTX-671 show Foundation pages associated with the RR/BAYC collection. Foundation decides how to format collections presented on its website. Dkt. 369 [Ripps Depo. Designations] 70:19-25.

Within Foundation's chosen design, the exhibits show that the RR/BAYC collection was listed under Mr. Ripps's creator page.  The Foundation page (based on the way it organizes content) was showing the NFT collection as Ryder Ripps's Bored Ape Yacht Club which is simply the long-form of "RR/BAYC."  Dkt. 369 [Ripps Depo. Designations] 76:13-22.  JTX-137 is a page created by some unidentified third party on LooksRare and JTX-138 is also a page created by an unidentified third party on a website also unidentified in the exhibit.

Yuga also cites to snippets of Mr. Ripps's deposition testimony while conveniently omitting portions of Mr. Ripps's testimony showing that Mr. Ripps always presented his NFT collection under his name and relied on the satirical nature of the artwork to popularize the collection.  Dkt. 369 [Ripps Depo. Designations] 35:2-11, 61:5-9, 76:13-22; 169:6-25.

Lastly, Yuga also relies on the Declaration of Greg Solano to argue that Yuga owns the asserted marks.  But Mr. Solano's testimony was not credible given the many false and misleading statements contained in his declaration, as well as his repeated impeachment at trial.  For example, Mr. Solano was also forced to concede on cross examination that his sworn declaration included a false statement claiming that "Defendants continue to receive royalties or creator fees from sales on secondary marketplaces."  Trial Tr. [Solano] 48:15-49:4; *see also* Trial Tr. [Solano] 40:3-14; Trial Tr. [Solano] 38:14-16; Trial Tr. [Solano] 38:17-19.  Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr. [Solano] 32:19-33:11; *id.* at 34:9-19.

**Plaintiff's Response:**

Given that "Defendants expressly reserve and reassert all objections made in its Joint Statement Regarding Objections (Dkt. 420)", Yuga Labs expressly reserves and reasserts all of its responses to those objections as stated in Dkt. 420.  Here too, Defendants have no good faith basis to challenge this admitted finding of fact.

1  Defendants admit with respect to Finding of Fact 7(c): **"Each of Defendants' 9,546
2  RR/BAYC NFTs used the BAYC Marks."**

3  Defendants' objection should be rejected because: (1) the objection seeks to
4  relitigate issues already adjudicated by the Court (*infra* ¶ 10), (2) the record shows
5  that Defendants' commercial infringement was not protected "art" (*supra* ¶ 7
6  (preamble)), and (3) Defendants fail to impeach Mr. Solano's accurate testimony
7  (*supra* ¶ 1 lines 1:24-2:1).

8  Additionally, as described below, Defendants' objection should be rejected
9  because (1) Defendants did not use Mr. Ripps' name as the creator of their infringing
10 NFT collection "whenever possible," (2) Defendants' alternative explanation for why
11 the RR/BAYC Foundation page displayed Yuga Labs' marks is not credible, (3) Mr.
12 Ripps testimony is not credible, and (4) Defendants' cherry-picked communications
13 with alleged customers to do not discredit the Court's finding that confusion was
14 likely.

15 **Defendants Did Not Attribute RR/BAYC NFTs To Mr. Ripps Whenever
16 Possible:** Defendants did not attempt to avoid confusion, on the contrary Defendants
17 deliberately designed and marketed their infringing NFTs to confuse consumers.
18 Defendants could have called their NFT collection something other than "Bored Ape
19 Yacht Club" with the symbol "BAYC" *immutably* in the metadata for the NFT smart
20 contract, but they chose not to. Atalay Decl. ¶¶ 3-6; JTX-600; JTX-1146. Defendants
21 could have called their Foundation page anything other than "Bored Ape Yacht Club,"
22 but chose not to. JTX-28. Mr. Ripps could have replied to the @j1mmy.eth Tweet
23 asking what NFTs consumers were buying with any phrase other than "bayc v3," but
24 he chose not to. JTX-689. Defendants could have used different images or overlaid
25 some commentary on the images they did use, but they chose not to. *See, e.g.*, JTX-
26 801.192 (Mr. Lehman proposing "an overlay or something like Getty images" because
27 "it's just insane to have the same art"); JTX-801.196 (Mr. Lehman demonstrating
28

what an overlay might look like and recommending not to "in the marketing show screenshots like the ones [Mr. Hickman] showed" "[b]ecause it is too confusing to the 'average joe'"); JTX-696.1 (tweet showing screenshot of Ape Market).  Defendants could have attacked Yuga Labs in countless non-infringing ways.  But they did not.  Instead, they used Yuga Labs' marks, commercially, in the way that would make Defendants the most money by selling counterfeit NFTs that confused consumers.  O'Laughlin Decl. (Dkt. 341).

**Defendants' Alternative Explanation For Why The RR/BAYC Foundation Page Bore Yuga Labs' Marks Lacks Credibility:**  Defendants ask the Court to believe that Foundation unilaterally chose to brand their infringing NFT collection with Yuga Labs' marks.  This explanation is implausible.  Even if Mr. Ripps did not personally make the decision for Foundation to display Yuga Labs marks, and even if he could not have edited it after the fact (like he admits he could on other marketplaces), the use of Yuga Labs's marks likely occurred because Mr. Ripps chose to use Yuga Labs' marks for the RR/BAYC token name and token tracker.  Atalay Decl. (Dkt. 337) ¶ 4.  Thus, even if Foundation did decide to name Defendants' infringing NFTs "Bored Ape Yacht Club," that fact neither cuts against the Court's finding of intent and in fact supports the Court's finding of a likelihood of confusion by showing that even the Foundation website was confused by the RR/BAYC's deceptive token name and token tracker.

It is implausible and uncredible for Mr. Ripps to claim that he had zero insight into or control over the look and feel of the website through which each of his infringing NFTs were sold.  Ripps Depo. Designation (Dkt. 396) at 82:12-13 ("Well, technically, all of them were [sold through Foundation] because it was a Foundation contract").  Mr. Ripps' testimony is a lie.

**Mr. Ripps' Testimony Is Not Credible:**  Mr. Ripps' testimony is not credible, as demonstrated by its contradictions by the evidentiary record, other testimony, and

impeachment at trial. For instance, in his trial declaration Mr. Ripps testified that his "intention in making the RR/BAYC artwork was not to monetize Yuga Labs' brand." Ripps Decl. (Dkt. 346) ¶ 182. However, documents entered into evidence at trial showed that Defendants intended to "make like a million dollars." JTX-1574. And, as a further example, Mr. Ripps testified that he minted the RR/BAYC NFTs to his "personal wallet, ryder-ripps.eth" despite the fact that the "ryder-ripps.eth" name did not appear on Etherscan until *after* minting, most if not all of, the infringing NFTs. *Compare* JTX-25, *with* JTX-36. Thus, Defendants' narrative that customers would not be confused because they could see the NFTs were minted from Mr. Ripps' wallet is belied by the fact that the wallet displayed Mr. Ripps' name *after* the initial mint and customers would not encounter the "ryder-ripps.eth" creator tag had they even tried to look.

Mr. Ripps also repeatedly lied about his discovery obligations. Throughout discovery Mr. Ripps signed no fewer than three declarations (two of which were Court-ordered), under penalty of perjury, stating that he had searched his records and produced all responsive documents related to the RR/BAYC NFTs. JTX-1541 (Jan. 17, 2023); Dkt. 109-42 (Feb. 17, 2023); Dkt. 158 (Mar. 21, 2023). After each of these three declarations, however, Defendants continued to produce responsive documents after Yuga Labs independently discovered evidence of improper withholding. *See, e.g.*, JTX-1574-JTX- 1591 (text messages between Mr. Ripps and Mr. Cahen, withheld until March 21, 2023, discussing relevant topics such as Defendants' infringing NFT collection, Yuga Labs, Defendants' profit intent, Ape Market, and marketing). Defendants withheld documents such as ***hundreds of pages of text messages*** them until March 21, 2023 — after Mr. Ripps verified under penalty of perjury that he produced all responsive documents, after the Court had to order responsive documents produced twice in response to Yuga Labs' discovery motions, and after Yuga Labs had already filed its motion for summary judgment. *See* Dkt. 145

1  (order requiring Defendants to produce communications).  Defendants have no excuse
2  for their repeated improper withholding of material evidence and repeated lies under
3  oath.
4       Mr. Ripps' testimony that the text message presented to him at trial did not have
5  anything to do with the RR/BAYC project is another blatant lie.  These documents
6  that Mr. Ripps wrongly withheld until after Yuga Labs' summary judgment
7  submission included text messages discussing airdropping more of Defendants'
8  infringing NFTs to the wallets of those who have already purchased them.  Thus, Mr.
9  Ripps' testimony that he did not "really find it to have anything to do with the
10 RR/BAYC project" is unbelievable.  Trial Tr. at 268:17-21; JTX-1574 (text messages
11 in which Mr. Cahen suggests Mr. Ripps "airdrop like 10 more to each person who
12 already bought one" and that if Mr. Ripps airdropped "20-30" he would "sell out
13 within 48 hours" and "make like a million dollars").  Mr. Ripps, a proven liar, is not a
14 credible witness.
15      **Defendants' Third-Party, Unreliable Communications Do Not Negate The**
16 **Court's Findings Or Yuga Labs' Experts' Opinions:**  As discussed further *supra*
17 ¶ 4, Defendants' cherry-picked communications from a self-selecting group are far
18 from a comprehensive survey of consumer confusion in the market.  Defendants have
19 no evidence supporting a claim that a statistically significant number of consumers
20 were not confused.  Indeed, the hundreds of refunds they provided at consumers'
21 requests suggest that some purchasers were confused.  And, there is no reliable
22 evidence in the record that the individuals identified in the cited emails, or all other
23 purchasers, are "collectors" as Defendants contend.
24      **Defendants' Reply:**
25      Defendants expressly reserve and reassert all replies made in the parties' Joint
26 Statement Regarding Objections (Dkt. 420).
27      Yuga's reference back to its responses in *supra* ¶¶ 1, 3, 7(preamble) and *infra* ¶
28

10 do not provide adequate grounds to accept Yuga's erroneous proposed finding for the reasons provided in Defendants' objections and replies to those respective paragraphs. Yuga's additional responses also fail.

***First,*** Defendants attributed RR/BAYC NFTs to Mr. Ripps whenever it was possible. Defendants controlled their personal Twitter accounts and rrbayc.com—and Defendants also included the name of Ryder Ripps as the creator of RR/BAYC NFTs, including on rrbayc.com (JTX-2085, JTX-2086), Twitter posts (Ripps Decl. ¶ 111 (Dkt. 346) (uncontested); Cahen Decl. ¶ 144 (Dkt. 344); JTX-671). All other platforms were operated by third parties, which put restraints on what Defendants could do. Still, Defendants used what little abilities they had to ensure that, for example, Foundation identified Mr. Ripps as the creator. JTX-671. Likewise, Etherscan identified Mr. Ripps as the creator by his wallet name or unique wallet address. JTX-600; JTX-1146. And OpenSea labeled the NFT collection as "RR/BAYC" and stated that it is "By ryder_ripps." JTX-28.

***Second,*** the uncontested evidence at trial, including Mr. Ripps's designated deposition testimony, show that Mr. Ripps did not design the Foundation page for RR/BAYC. Dkt. 369 [Ripps Depo. Designations] 70:19-25.". Within Foundation's chosen design, the exhibits show that the RR/BAYC collection was listed under Mr. Ripps's creator page. Indeed, the Foundation page (based on the way it organizes content) showed the NFT collection as Ryder Ripps's Bored Ape Yacht Club which is the long-form of "RR/BAYC." Dkt. 369 [Ripps Depo. Designations] 76:13-22.

***Third,*** as explained in *infra* ¶ 33, lines 12:2-5 and n.3, Mr. Ripps is a credible witness. Further, Mr. Ripps's declaration was uncontested because Yuga elected to forego any substantive cross-examination of Mr. Ripps on ***any*** portion of Mr. Ripps's declaration. *See* Trial Tr. [Ripps] 267:7-271:9. As the Supreme Court has explained, "[c]ross-examination is the principal means by which the believability of a witness and truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974);

1   Murdoch v. Castro, 365 F.3d 699, 702 (9th Cir. 2004).

2         Yuga incorrectly argues that the trial record contradicts Mr. Ripps's declaration
3   regarding his intent in creating the RR/BAYC collection.  The full testimony that
4   Yuga cites provides his intention to criticize and create an army of educators.  *See*
5   Ripps Decl. (Dkt. 346) ¶¶ 182-184.  Significant evidence in the record corroborates
6   Mr. Ripps's statements.  Mr. Ripps's and Mr. Cahen's contemporaneous
7   communications about the RR/BAYC project confirm that their intent was to use
8   RR/BAYC to criticize (which are discussed in supra ¶¶ 4 and 7(a)).

9         Yuga also incorrectly argues that it challenged Mr. Ripps's trial declaration
10  through its cross-examination of Mr. Ripps's January 17, 2023, verification.  Yuga's
11  cross-examination did not result in any impeachment.  Trial Tr. [Ripps] 268:5-11.  Mr.
12  Ripps explained that he produced all responsive materials he believed he had.  Trial
13  Tr. [Ripps] 270:3-18.  Mr. Ripps further testified that Yuga had sought sanctions six
14  times based on Yuga's false accusations of discovery misconduct, and that this Court
15  denied all of Yuga's motions.  Trial Tr. [Ripps] 269:21-270:2.  Mr. Ripps's trial
16  testimony is no surprise given that the verification stated "I also understand that
17  discovery obligations are continuing, and I will produce any additional responsive
18  materials or information to the extent any are found based on a reasonable
19  investigation.  I reserve the right to make changes or additions to any of these answers
20  or document productions if it appears at any time that errors or omissions have been
21  made or if more accurate or complete information becomes available." Dkt. 109-33.

22        ***Fourth,*** Yuga falsely states that these Defendants relies on "cherry-picked
23  communications" from actual purchasers of RR/BAYC NFTs.  Mr. Ripps testified in
24  his declaration: "I received hundreds of letters thanking me for creating the RR/BAYC
25  artwork and for standing up against a corporation that had used hateful references in
26  its brand" and then went on to give eight specific examples of the letters he received.
27  Ripps Decl. ¶¶ 196-207 (uncontested).  Yuga did not dispute this fact at trial.
28

| | | |
|---|---|---|
| 1 | Dated: October 5, 2023 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ *Louis W. Tompros* |
| 5 | | Louis W. Tompros (*pro hac vice*)<br>louis.tompros@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP** |
| 6 | | |
| 7 | | 60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Fax: (617) 526-5000 |
| 8 | | |
| 9 | | Attorneys for Defendants |
| 10 | | RYDER RIPPS and JEREMY CAHEN |
| 11 | | |
| 12 | | |
| 13 | Dated: October 5, 2023 | FENWICK & WEST LLP |
| 14 | | |
| 15 | | By: /s/ *Eric Ball* |
| 16 | | Eric Ball<br>eball@fenwick.com<br>**FENWICK & WEST LLP** |
| 17 | | |
| 18 | | 801 California Street<br>Mountain View, CA 94041<br>Telephone: (650) 988-8500<br>Fax: (650) 938-5200 |
| 19 | | |
| 20 | | Attorneys for Plaintiff |
| 21 | | YUGA LABS, INC. |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000