Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

Additional Counsel listed on next page

Attorneys for Plaintiff
YUGA LABS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                    Plaintiff,<br><br>    v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                    Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(g)**<br><br>Judge: Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM                                      DEFENDANTS' OBJECTIONS

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone:     310.434.4300

Attorneys for Plaintiff

YUGA LABS, INC.

Case No. 2:22-cv-04355-JFW-JEM                                              DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order (Dkt. 428) Defendants submit the following objection, response, and reply.

**Plaintiff's Disputed Post Trial Finding of Fact No. 7(g):**

<u>Mr. Ripps promoted the RR/BAYC NFTs as "Bored Ape Yacht Club V3" and "BAYC V3."</u> JTX-689; JTX-690; JTX-1249; JTX-1556.3-4; Dkts. 340 ¶10; 342 ¶¶65-67; 392 at 53:7-13.

**Defendants' Basis of Dispute:**

Defendants expressly reserve and reassert all objections made in the parties' Joint Statement Regarding Objections (Dkt. 420).

The evidence at trial showed that Mr. Ripps did not use "BAYC V3" or "Bored Ape Yacht Club V3" to promote the RR/BAYC collection. Defendants, Mr. Hickman, and Mr. Lehman never used BAYC V3 or Bored Ape Yacht Club V3 to suggest that the RR/BAYC project was affiliated with Yuga or cause confusion. Trial Tr. [Cahen] 253:18-21; [Cahen] 254:24-255:3. "BAYC V3" was referenced on social media in a sarcastic context and as a joke. Trial Tr. [Cahen] 254:25-255:2. Some third-party resellers also auto-generated the terms "Bored Ape Yacht Club V3" or "BAYC V3," including when generating a new name space after resolution of requests pursuant to the Digital Millennium Copyright Act. Trial Tr. [Cahen] 253:22-254:7. Defendants had no control over those third parties who auto-generated "Bored Ape Yacht Club V3" or "BAYC V3." Trial Tr. [Cahen] 254:3-7.

The exhibits that Yuga cites also do not show that Mr. Ripps ever referred to the RR/BAYC NFT collection as "BAYC V3" or "Bored Ape Yacht Club V3." JTX-689 is a reply Mr. Ripps made on Twitter on May 13, 2022 to Mr. McNelis' question on what NFTs people are buying. Mr. Ripps's reply is a satirical comment that has nothing to do with the RR/BAYC collection and was made before Mr. Ripps even started taking commissions for RR/BAYC NFTs. JTX-690 is a Twitter post by Mr. Ripps of the link to the x2y2.io page for the RR/BAYC collection. At no point did

1  Mr. Ripps state "BAYC V3" or "Bored Ape Yacht Club V3" in this post as it simply
2  contains a link.  And while the URL does contain "bored-ape-yacht-club-v3," Mr.
3  Ripps had no control over the URL that x2y2.io used.  Similarly, JTX-1249 is another
4  Twitter post made by Mr. Ripps that also does not use the term "BAYC V3" or
5  "Bored Ape Yacht Club V3" in the body of the text.  The post includes a video of the
6  OpenSea website that had auto-populated RR/BAYC page with "Bored Ape Yacht
7  Club V3" but again Mr. Ripps had no control over how OpenSea auto-populated the
8  name of the RR/BAYC collection.  The text of the tweet mentions Yuga's
9  unsuccessful efforts to "block the ryder ripps ape from opensea."  JTX-1556.3-4
10 shows a post from an unidentified third party that appears to have posted an image
11 from a third-party marketplace that also auto-populated the RR/BAYC collection as
12 "Bored Ape Yacht Club V3."
13       Yuga could have cross-examined Mr. Ripps regarding JTX-689, JTX-690, JTX-
14 1249, and JTX-1556.3-4 but instead chose not to despite the fact that Mr. Cahen
15 unequivocally testified that Mr. Ripps had never used "BAYC V3" or "Bored Ape
16 Yacht Club V3" to refer to the RR/BAYC collection.  Trial Tr. [Cahen] 253:18-21;
17 [Cahen] 254:24-255:3.
18       In lieu of cross-examining Mr. Ripps, Yuga cites to Ms. Muniz and Mr.
19 Solano's incorrect after-the-fact analysis of these documents.  Ms. Muniz's testimony
20 is clearly incorrect given the content and context of the exhibits at issue.  And Mr.
21 Solano's testimony both during trial and in his declaration are just more unreliable
22 statements, in addition to the numerous other false and misleading statement he made.
23 For example, Mr. Solano was also forced to concede on cross examination that his
24 sworn declaration included a false statement claiming that "Defendants continue to
25 receive royalties or creator fees from sales on secondary marketplaces."  Trial Tr.
26 [Solano] 48:15-49:4; Trial Tr. [Solano] 40:3-14; Trial Tr. [Solano] 38:14-16; Trial Tr.
27
28

[Solano] 38:17-19. Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr. [Solano] 32:19-33:11; *id.* at 34:9-19.

**Plaintiff's Response:**

Given that "Defendants expressly reserve and reassert all objections made in its Joint Statement Regarding Objections (Dkt. 420)", Yuga Labs expressly reserves and reasserts all of its responses to those objections as stated in Dkt. 420.

Defendants' objection should be rejected because, as discussed *infra*, (1) Mr. Solano is a credible witness (*infra* ¶ 1 lines 1:24-2:1). Additionally, Defendants' objection should be rejected because (1) the record shows the Defendants promoted their infringing NFTs under the name "Bored Ape Yacht Club V3," and (2) the record shows that Ms. Muniz's trial declaration testimony was accurate.

**Defendants Promoted Their Infringing NFTs Under The Name Bored Ape Yacht Club V3:** Defendants' assertion that they did not use "BAYC V3" to imply an affiliation with Yuga Labs or confuse consumers is contradicted by the evidence admitted at trial. This contradiction is highlighted by the fact that Defendants could not keep their story straight. First, Mr. Cahen testified at trial that "the V3 thing is never something that I used or Ryder used or Ryan Hickman used or Mr. Lehman used." Trial Tr. at 253:19-21. But now, in their proposed findings of fact and conclusions law, Defendants concede that they used the term, but argue that their use was "in a sarcastic context and as a joke." Defendants' inconsistent testimony should be given no weight and their assertion should not be accepted as true.

It also does not matter if they thought the infringement was funny. Mr. Ripps' use of "BAYC V3" to refer to the infringing NFTs suggests an affiliation with Yuga Labs, and therefore the assertion that neither Defendants nor their associates used the term "to suggest that the RR/BAYC project had any affiliation with Yuga or to confuse any purchaser" is false. On one occasion, in response to a Tweet by @j1mmy.eth asking what NFT collections consumers were purchasing, Mr. Ripps

1  tweeted "bayc v3."  JTX-689.  This was the **_same day he created the RR/BAYC smart
2  contract_**.  Atalay Decl. (Dkt. 337) ¶ 3 ("on May 13, 2022, Defendant Ripps created
3  the Ethereum blockchain smart contract); JTX-600 (showing May 13, 2022 as the
4  creation date).  Four days later, Mr. Ripps tweeted a link to a secondary sales
5  marketplace where his infringing NFTs were listed under the name "Bored Ape Yacht
6  Club V3."  JTX-690.  Both of these terms include Yuga Labs' trademarks and thus
7  imply an affiliation with Yuga Labs and the Bored Ape Yacht Club brand.  Both of
8  these uses were tied to his sales and marketing of his infringing NFTs.  And in neither
9  Tweet did Mr. Ripps make any attempt to dispel any confusion as to this obvious
10 affiliation.  He only said "bayc v3" or "Bored Ape Yacht Club V3."
11       Defendants' assertion that the use of Yuga Labs' marks was not meant "to
12 confuse any purchaser" should be given no weight in light of the Court's finding that
13 Defendants "used the BAYC marks in an effort to confuse consumers."  SJ Order
14 (Dkt. 225) at 12.  But, setting aside even the Court's on finding of Defendants' intent,
15 the evidence admitted at trial demonstrates Defendants' obvious intent to use Yuga
16 Labs' BAYC Marks to make money.  Whether funny or not, the end result of
17 Defendants calling their infringing NFTs "V3" was overwhelming confusion in the
18 marketplace and a significant payday for Defendants and their associates.  *See* JTX-
19 701 (Bloomberg referring to RR/BAYC as Bored Ape Yacht Club V3); Muniz Decl.
20 (Dkt. 340) ¶¶ 10-11; Kindler Decl. (Dkt. 338) ¶ 23.
21       **Ms. Muniz's Testimony was Accurate:**  Defendants fail to impeach Ms.
22 Muniz's testimony that Defendants promoted their infringing NFTs under the titles
23 "BAYC V3" and "Bored Ape Yacht Club V3."  Muniz Decl. (Dkt. 340) ¶ 10.  Ms.
24 Muniz testifies that she viewed the Bloomberg segment describing Defendants'
25 infringing NFTs as "Bored Ape Yacht Club V3."  *Id.*; *see also* JTX-701.  The segment
26 listed "Bored Ape Yacht Club V3" as the highest volume collection at the time.  Ms.
27 Muniz knew that this referred to Defendants' RR/BAYC NFTs because Mr. Cahen
28

1  bragged that Defendants' infringing NFTs were trading at the highest volume on
2  OpenSea in a Tweet the day before the Bloomberg segment aired.  JTX-683 (June 20,
3  2022 Cahen Tweet stating that "RR/BAYC is officially the highest 24h volume… IN
4  THE WORLD" and that RR/BAYC "passed BAYC in the middle of ApeFest!").
5  OpenSea's own data also confirm that at the time that Bloomberg was reporting that
6  "Bored Ape Yacht Club V3" NFTs were trading at the highest volume, so too were
7  Defendants' infringing RR/BAYC NFTs.  And Mr. Ripps tweeted a link to a
8  secondary sales marketplace where his infringing NFTs were listed under the name
9  "Bored Ape Yacht Club V3."  JTX-690.  Ms. Muniz's testimony is accurate.

**Defendants' Reply:**

11  Defendants expressly reserve and reassert all replies made in the parties' Joint
12  Statement Regarding Objections (Dkt. 420).

13  Yuga's references back to *supra* ¶ 1 lines 1:24-2:1 fails to provide adequate
14  basis for accepting Yuga's erroneous finding of fact for the reasons provided in
15  Defendants' objection and reply for the respective paragraph.  Yuga's additional
16  responses also fail because (1) the evidence shows that Defendants did not promote
17  their NFTs as "Bored Ape Yacht Club V3," (2) Ms. Muniz's statements about "Bored
18  Ape Yacht Club V3" are untrue and inconsistent with trial evidence, and (3) Solano is
19  not a reliable witness.

20  *First,* Yuga fails to cite evidence showing that Defendants use "Bored Ape
21  Yacht Club V3" or "bayc v3" to promote the RR/BAYC collection.  Mr. Cahen
22  testified that he would have never referred to the RR/BAYC project as "V3"and
23  explained that he believed the term originated in this context from DMCA takedowns.
24  Trial Tr. [Cahen] 253:15-254:7.  He then explains that *others* on the internet would
25  use the "V3" as a joke but that "myself, nor anyone on my team, ever used that label
26  or name or whatever you want to call it. V3 is something that we have absolutely
27  nothing to do with." *Id.* at 255:4-7.  It is entirely consistent that Mr. Cahen never used

1 | the term v3 but that others on the internet might have.  He also stated that Mr. Ripps
2 | might have used the term sarcastically.  *Id.* at 255: 8-12.

3 |     JTX-689 and JTX-690 do not show an intentional use of Bayc V3 to confuse.
4 | JTX-689 is a reply Mr. Ripps made on Twitter on May 13, 2022 to Mr. McNelis's
5 | question on what NFTs people are buying.  Mr. Ripps's reply is a satirical comment
6 | that has absolutely nothing to do with the RR/BAYC collection and, in fact, the
7 | comment was made before Mr. Ripps even started taking commissions for RR/BAYC
8 | NFTs.  *See* JTX-689; Dkt. 346 Ripps Decl. ¶¶ 73-80 (uncontested).  It was a clear joke
9 | that anybody familiar with the feud between Jimmy and Mr. Ripps would understand
10 | and not an attempt to dupe anybody.  Likewise, JTX-690 which purportedly shows a
11 | Tweet with v3 only displays "v3" if the mouse is left hovering over the link in a
12 | specific way.  The actual body of the Tweet does *not* include the v3 term, and Yuga
13 | has shown no evidence that the URL name was not automatically generated.

14 |     Yuga points to the Bloomberg video as evidence that the use of "v3" by
15 | Defendants led to confusion.  *See* JTX-701.  But the Bloomberg news segment did not
16 | discuss RR/BAYC NFTs or even the BAYC V3 label that Yuga complains about.
17 | The Bloomberg Crypto segment centered on the recent cryptocurrency market crash
18 | and its impact on the valuation of various cryptocurrency assets.  JTX-1049.  During a
19 | discussion of the NFT market, Bloomberg news reporters highlighted that NFT
20 | valuation had dropped in 2022, along with the valuation of other cryptocurrency
21 | assets.  *Id.*  However, during a brief discussion of an "eight percent jump in the NFT
22 | index," a chart listing NFT collections appeared behind the Bloomberg reporter.  *Id.*
23 | While the chart was displayed, the reporter did not discuss any of the collections.
24 | Instead, she highlighted market changes such as volume drops on OpenSea of "almost
25 | 200%."  *Id.*  As the NFT collections chart was taken down, the reporter said "let's talk
26 | a second longer about the Bored Ape Yacht Club collection" before discussing how

27
28

drops in valuation across the cryptocurrency market have also impacted that Bored Ape Yacht Club's valuation.

Although the NFT collections chart shown during the Bloomberg segment listed "Bored Ape Yacht Club V3" as a "Top NFT Collection," the news reporter did not spend any time discussing and analyzing the chart. *Id*. She never referenced the Defendants by name, she never referenced Defendants' criticisms of Yuga, and she never even mentioned Yuga. Instead, she briefly mentioned the Bored Ape Yacht Club as the chart was taken down. *Id*. This is unsurprising since the Bored Ape Yacht club was one of the collections listed on the chart. *Id*. However, nothing that the reporter said characterized Defendants' RR/BAYC project as being affiliated with Yuga or the Bored Ape Yacht Club. In fact, the reporter did not compare or contrast any of the listed collections. *Id*. She simply continued to her other talking points. *Id*. Thus, the Bloomberg news segment has not indication that anyone was confused regarding the Bored Ape Yacht Club NFTs listed on the chart and the V3 NFTs listed on the chart—the same chart that was never discussed by anyone at any point during the news segment.

Accordingly, Yuga does not point to any evidence that the Bloomberg reporters were actually confused or that even the chart in the background indicated any confusion between the Bored Ape Yacht Club, which was listed separate and apart from the V3 listing). In fact, Yuga witnesses admitted that they never spoke with Bloomberg reporters and thus cannot actually speak about Bloomberg's state of mind. Trial Tr. [Solano] 31:3-17. Yuga has also shown no evidence that it was Defendants' use of the term "v3" that led to the Bloomberg report.

***Second,*** Ms. Muniz did not provide accurate testimony regarding the use of Bored Ape Yacht Club V3. Her declaration relied on exhibits such as JTX-689 and JTX-690, and the Bloomberg video. As explained above, none of these documents show Defendants actually used "Bored Ape Yacht Club V3" or "bayc v3" in reference

to the RR/BAYC collection. Moreover, Ms. Muniz's declaration was not based on her personal knowledge, but instead her speculating what Defendants may or may not have done based on her secondhand knowledge from unnamed, anonymous, third parties. This evidence does not rebut the testimony from Mr. Ripps and Mr. Cahen regarding their own actions and it does not rebut the exhibits, which consistently show that Defendants are not using "v3" as a reference to the RR/BAYC collection.

**Third**, Yuga does not even attempt to address Defendants' objection that its reliance on Mr. Solano is unfounded due to his unreliability as a witness. In addition to the reasons provided in Defendants' objection, Mr. Solano untrustworthiness was confirmed by his blatant admission at trial that he made false statements:

> Q. And you understand that Mr. Ripps and Mr. Cahen have testified that they do not currently receive any royalties or creator fees from sales on secondary marketplaces; right?
>
> A. Yes.
>
> Q. So you don't have any basis for your statement that their profits continue to increase; correct?
>
> A. It's my understanding that they were collecting royalties or creator fees from LooksRare for quite a while. Although, those were supposed to be donated to charity and never were.
>
> Q. ***They don't continue to increase; correct, sir?***
>
> A. ***Correct.***
>
> Q. ***That statement, that part of your witness statement is incorrect; right?***
>
> A. ***Yes.***

Trial Tr. [Solano] 48:15-49:4 (emphasis added).


| | |
|---|---|
| Dated: October 5, 2023 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By: /s/ *Louis W. Tompros* <br> Louis W. Tompros (*pro hac vice*) <br> louis.tompros@wilmerhale.com <br> **WILMER CUTLER PICKERING HALE AND DORR LLP** <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Fax: (617) 526-5000 |
| | Attorneys for Defendants <br> RYDER RIPPS and JEREMY CAHEN |
| Dated: October 5, 2023 | FENWICK & WEST LLP |
| | By: /s/ *Eric Ball* <br> Eric Ball <br> eball@fenwick.com <br> **FENWICK & WEST LLP** <br> 801 California Street <br> Mountain View, CA 94041 <br> Telephone: (650) 988-8500 <br> Fax: (650) 938-5200 |
| | Attorneys for Plaintiff <br> YUGA LABS, INC. |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000