Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 7(h), lines 5:2-4** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 7(h), lines 5:2-4:**

They even targeted this marketplace at Yuga Labs NFT holders, for example, by directing their marketing to the "Yuga community." Dkts. 342 ¶49; 392 at 51:11-21; JTX-114; JTX-697; JTX-804.00048.

**Defendants' Basis of Dispute:**

The evidence does not show that Defendants "targeted" BAYC NFT holders with ApeMarket. Mr. Cahen explained in his trial testimony that ApeMarket was used as an extension of the RR/BAYC project to further raise awareness regarding Defendants' criticism. Trial Tr. [Cahen] 231:23-232:3. The Twitter page for ApeMarket made posts containing the language "Dear Yuga community" because Defendants wanted to ensure that the Yuga community understood Yuga's practices of colluding with other parties to charge exorbitant fees. Defendants were considering the idea of teaching the Yuga community about Yuga harmful business practices by showing that it is possible to create a marketplace that does not charge exorbitant fees. Cahen Decl. (Dkt. 344) ¶ 258. In fact, the very post where defendants used the term "Dear Yuga community" also points out how "RR/BAYC is about to save you over $8b a year" because ApeMarket will not engage in the same predatory business practices as Yuga. JTX-697. Thus, the evidence does not show that Defendants "targeted" the Yuga community because ApeMarket was meant to educate the Yuga community about Yuga's business practices, not to confuse the Yuga community into thinking that Yuga was the source of origin for apemarket.com.

The evidence that Yuga cites fails to show that Defendants "targeted" BAYC NFT holders. Yuga cites to the declaration and trial testimony of Mr. Solano, in which he discussed Defendants use of "Dear Yuga community." But Mr. Solano conveniently does not discuss how Defendants were using ApeMarket to educate the Yuga community about Yuga's predatory business practices and not to confuse the Yuga community regarding the source of origin for apemarket.com.

Yuga's exhibits similarly do not show that Defendants' "targeted" BAYC NFT holders. JTX-114 is entirely unrelated to ApeMarket because it is an internal communication in which the RR/BAYC team discusses how to mint RR/BAYC NFTs in a manner that would reduce gas costs (the costs of actually creating each individual NFTs). JTX-697 is the post on ApeMarket's Twitter page including the term "Dear Yuga community" and pointing out how the Yuga community could save "over $8b a year" because ApeMarket will not engage in the same predatory business practices as Yuga. And JTX 804.00048 is an internal communication where the RR/BAYC team is ideating about possible designs for apemarket.com and about potentially using a burn function.

**Plaintiff's Response:**

Defendants concede in their objection that Mr. Cahen made a promotion for Ape Market, on the Ape Market Twitter page, beginning "Dear Yuga community." The remainder of their objection fails to disprove this evidence that they were targeting the Yuga Labs' community of BAYC NFT holders. Defendants' testimony that these promotions of their infringement and commercial was an educational project is not credible.

**Defendants' Infringement Was Motivated By A Desire To Profit Off Of Yuga Labs' Marks:** While Defendants publicly claim there was an artistic goal (to ensure they "look really sympathetic to people" if caught, in the words of their partner (JTX-918.00036)), their internal communications overwhelmingly focus on a business

venture to sell RR/BAYC NFTs and launch Ape Market, their profit motive, and riding on the coattails of the BAYC brand for their own enrichment. *See, e.g.*, JTX-1 (Lehman Decl.) ¶¶ 10-13 (Defendants "expected the Business Venture to make money"); JTX-801.144 ("One thing we can do to stimulate the rsvp completing is to tease apemarket.com"); JTX-801.185 (Mr. Cahen: "Goal: mint out the remainder of the collection + incentivize people to use the marketplace, specifically the BAYC original side"); *id.* (Mr. Cahen: "More royalties for us . . . More work for sure, but much higher likelihood of generating more royalties and users"); *id.* at 208 (Mr. Cahen: "we need a very delicious value proposition [] to bring in users . . . but not so low that we dont make anything"); *id.* (Mr. Cahen: "priorities: getting RRBAYC to sell out by creating demand + getting BAYC and MAYC users to call our marketplace their new home [] and collecting royalties at a fraction of what the other big dogs are charging [] which will be considerable passive income if we strike the right balance"); JTX-801.237 (Mr. Lehman: "I'm just concerned about launching something with low prospect for recurring revenue"; Mr. Cahen: "I agree"); JTX-803 at 66-67; JTX-1574 (Mr. Cahen to Mr. Ripps: "Ur gonna make so much on this shit LMFAO"; "It will sell out within 48 hours I think [] You'll make like a million dollars [] Straight up"); JTX-1586 (Mr. Cahen to Mr. Ripps: "I t[h]ink you are gonna make millions too man"); Hickman Depo. Designations (Dkt. 394) at 238:12-40 (discussing profit motive and desire to charge royalties). Defendants knew they were stealing from Yuga Labs.

JTX-114 supports this proposed finding of fact because Mr. Ripps discusses buying one of Yuga Labs' NFTs to entice Yuga Labs' customers to "trust" Ape Market. JTX-804.48 similarly demonstrates that Defendants planned to target Ape Market to BAYC NFT holders; Mr. Ripps proposes, as "good marketing," to offer BAYC NFT holders a deal to "burn one bayc for 50 rr/bayc."

1  Finally, Defendants' false and unsupported claims regarding "predatory
2  business practices" are irrelevant.

**Defendants' Reply:**

4  Yuga's response, once again, takes out of context what Defendants meant with
5  their Twitter post to falsely suggest that Defendants were "targeting" Yuga's
6  customers.  As Mr. Cahen explained in his trial testimony that ApeMarket was used as
7  an extension of the RR/BAYC project to further raise awareness regarding
8  Defendants' criticism.  Trial Tr. [Cahen] 231:23-232:3.  The Twitter page for
9  ApeMarket made posts containing the language "Dear Yuga community" because
10 Defendants wanted to ensure that the Yuga community understood Yuga's practices
11 of colluding with other parties to charge exorbitant fees.  Defendants were considering
12 the idea of teaching the Yuga community about Yuga harmful business practices by
13 showing that it is possible to create a marketplace that does not charge exorbitant fees.
14 Cahen Decl. (Dkt. 344) ¶ 258.  In fact, the very post where Defendants used the term
15 "Dear Yuga community" also points out how "RR/BAYC is about to save you over
16 $8b a year" because ApeMarket will not engage in the same predatory business
17 practices as Yuga.  JTX-697.
18   Further, the evidence at trial showed that Defendants were not primarily
19 motivated by profits.  Defendants explained that profits were a concern, but not the
20 primary motive of the project.  Cahen Decl. ¶ 156 (Dkt. 344).  Profits helped offset
21 costs and sustain Defendants' artistic project.  Cahen Decl. ¶ 173 (Dkt. 344).
22 Defendants' decisions surrounding refunds and royalties confirm that they were not
23 primarily motivated by profits. Ripps Decl. ¶ 116-118 (uncontested) (Dkt. 346);
24 Cahen Decl. ¶ 158-171 (Dkt. 344).  The RR/BAYC project allowed for a full refund,
25 for any reason.  Ripps Decl. ¶ 119 (uncontested) (Dkt. 346); Cahen Decl. ¶ 159 (Dkt.
26 344).  Additionally, the Defendants' declined taking royalties on transfers of

RR/BAYC NFTs whenever possible.  Ripps Decl. ¶¶ 116-118 (uncontested) (Dkt. 346); Cahen Decl. ¶¶ 166-171 (Dkt. 344).

Yuga's response here misleading takes out of context communications between the creators and relies on them to imply that the creators' artistic motives were not genuine.  This is unfounded.  Mr. Ripps's and Mr. Cahen's contemporaneous communications about the RR/BAYC project confirm that their intent was to use RR/BAYC to criticize.  For example, in private group chats among participants in the RR/BAYC project (JTX-801, 803-804), Mr. Ripps and Mr. Cahen discussed their intended artistic purpose of the project, their intention that it would spread criticism of Yuga, and their intention that social media platforms be used to educate the public about the nature of NFTs and what they saw as Yuga's misconduct.  JTX-801.00010, 012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30.  Defendants' online discussion, which consisted of nearly the entirety of Defendants' public activities associated with RR/BAYC, confirms their intent.  In those discussions, Mr. Ripps and Mr. Cahen discussed what they believed to be inappropriate messaging in Yuga's imagery and how the RR/BAYC project shows that NFTs are not digital images.  Ripps Decl. ¶¶ 148-157 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 151, 208-209 (Dkt. 344); Dkt. 197-1 ¶¶ 203-04.  And lastly, the voluminous correspondence that Defendants received shows that they did in fact create a "community of educations" as Mr. Ripps intended, who have written letters expressing gratitude and support for the criticism of Yuga.  Ripps Decl. ¶¶ 198-205 (Dkt. 346) (uncontested); JTX-2033, JTX-2035, JTX-2039, JTX-2590, JTX-2592, JTX-2595, JTX-2596; JTX-2599.