| | |
|---|---|
| 1 | Louis W. Tompros (*pro hac vice*) |
| | louis.tompros@wilmerhale.com |
| 2 | Monica Grewal (*pro hac vice*) |
| | monica.grewal@wilmerhale.com |
| 3 | Scott W. Bertulli (*pro hac vice*) |
| | scott.bertulli@wilmerhale.com |
| 4 | Tyler Carroll (*pro hac vice*) |
| | tyler.carroll@wilmerhale.com |
| 5 | **WILMER CUTLER PICKERING** |
| | **HALE AND DORR LLP** |
| 6 | 60 State Street |
| | Boston, MA 02109 |
| 7 | Telephone: (617) 526-6000 |
| | Fax: (617) 526-5000 |
| 8 | |
| 9 | Derek Gosma (SBN 274515) |
| | derek.gosma@wilmerhale.com |
| 10 | Henry Nikogosyan (SBN 326277) |
| | henry.nikogosyan@wilmerhale.com |
| 11 | **WILMER CUTLER PICKERING** |
| | **HALE AND DORR LLP** |
| 12 | 350 South Grand Ave., Suite 2400 |
| | Los Angeles, CA 90071 |
| 13 | Telephone: (213) 443-5300 |
| | Fax: (213) 443-5400 |
| 14 | Attorneys for Defendants |
| | *Ryder Ripps and Jeremy Cahen* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                    Plaintiff,<br><br>      v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                    Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 7(j)**<br><br>Judge: Hon. John F. Walter |

---

Case No. 2:22-cv-04355-JFW-JEM                                                      DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 7(j):

Despite multiple successful takedowns on third-party marketplaces on the basis of trademark infringement, Defendants persisted in attempting to promote and sell their RR/BAYC NFTs by circumventing those takedowns and relisting their NFTs. Dkt. 344 (Cahen Decl.) ¶253 (admitted into evidence in Dkt. 392 at 223:25-224:14); JTX-801.305.

### Defendants' Basis of Dispute:

The evidence at trial did not show that Defendants circumvented Yuga's DMCA takedown requests by relisting their NFTs. During the RR/BAYC project, Yuga submitted improper DCMA takedown notices based on trademark infringement to listing for RR/BAYC NFTs that were created by third parties. Cahen Decl. ¶ 253 (Dkt. 344). Those DMCA takedown notices were disputed (in some cases by Defendants and in other cases by third parties). *Id*. Marketplaces, after receiving those disputes and resolving them, would then re-list RR/BAYC NFTs and Yuga would then subsequently re-file DMCA takedown notices, triggering the de-listing process again. *Id*. All of this led to Yuga filing twenty-seven DCMA takedown notices based on trademark infringement. *Id*. Defendants were not circumventing "successful" DMCA takedown notices; rather, third-party marketplaces were repeatedly re-listing RR/BAYC NFTs after considering disputes that individuals had submitted to those marketplaces regarding the takedown notices.

Moreover, the evidence that Yuga cites does not show that Defendants were re-listing RR/BAYC NFTs or in any way circumventing supposed "successful" DMCA

takedown notices.  Yuga cites to Mr. Cahen's declaration, but the declaration does not state that Defendants were re-listing RR/BAYC NFTs.  Defendants do not have the ability to control what third party marketplaces delist and re-list.  Yuga also cites to JTX-801.305, in which Defendants are discussing an attorney that did not represent the Defendants and who was submitting disputes to Yuga's DMCA takedown notices that were based on trademark infringement.  These exhibits do not show that re-listing any RR/BAYC NFTs on third-party websites or attempting to circumvent DMCA takedown notices.

**Plaintiff's Response:**

The Court has already rejected Defendants' position that Yuga Labs submitted any "improper DCMA takedown notices."  SJ Order (Dkt. 225) at 19-21.  Their attempt to relitigate that issue as a smokescreen for their own wrongful conduct is unpersuasive and a waste of time and resources.

The repeated relisting of Defendants' infringing NFTs was not done by marketplaces acting on their own behalf, but rather by Defendants making "small changes" and persistently attempting to relist their NFTs after successful *trademark infringement* takedowns.  Trial Tr. 96:19-25.  Defendants' objection that they "do not have the ability to control" relisting of taken down collections is demonstrably false.  Even more Defendants cite no evidence in support of their objection.  Instead, the evidence shows that Cahen admitted in internal correspondence that he caused the infringing NFT collection to be relisted on OpenSea, and when Mr. Lehman asked "How did you do this??," Mr. Cahen responded:  "Our attorney just writes them for us [a]nd they do what she says."  JTX-801.305-06.  Defendants' claim that this attorney did not represent them is immaterial, contrary to the evidence, and belied by Defendants' assertion of attorney-client privilege over these communications and refusal to produce them in discovery.  Defendants' claim that they did not act to evade takedowns, and that "[thei]r attorney" did not act on their behalf, is another lie.

In any event, Defendants do not dispute that they continued promoting and selling their infringing NFTs and notwithstanding that Yuga Labs' trademark takedown notices resulted in their removal from certain marketplaces.

**Defendants' Reply:**

Defendants do not dispute that this Court has entered summary judgment in this case. However, in their summary judgment briefing, Defendants made clear that there is a material evidentiary dispute on whether Yuga submitted fraudulent DMCA takedown notices. And while this issue is not relevant to the remedies trial in this case, Yuga has for some reason affirmatively raised the issue and asked the Court to unnecessarily make a finding of fact regarding its DMCA takedown notices. Yuga's decision to affirmatively raise the issue has forced Defendants to re-articulate their position for preservation purposes.

Defendants are not asking that this Court reconsider its holding, because this under the law of the case doctrine this Court has not made a holding on DMCA takedown notices for purposes of determining availability of disgorgement as a remedy (including Defendants' mental state as applied to disgorgement), apportionment, and an exceptional case analysis. The "law of the case doctrine does not apply to pretrial rulings ***such as motions for summary judgment***." *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) ("Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be otherwise."). For example, in *Sienze v Kutz*, the Court held that although ***aspects*** of an issue were decided at summary judgment for one purpose, the summary judgment order did resolve the issue generally or as to other topics. *See* No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25, 2019) (holding that evidence of initial police

| Case No. 2:22-cv-04355-JFW-JEM | -3- | DEFENDANTS' OBJECTIONS |

1 contact was relevant as background, but not to the already decided issue that initial
2 contact was not excessive force).  This case is just like *Sienze*: the summary judgment
3 ruling on Yuga's fraudulent DMCA takedown notices is limited to infringement and
4 cannot be applied more broadly.

5       Further, Yuga's response identifies no evidence to suggest that Defendants
6 repeatedly relisted RR/BAYC NFTs.  Yuga's response also identified no evidence to
7 rebut that obvious truth that Defendants do not control third party websites and the
8 third party website practices for de-listing and re-listing content in response to DMCA
9 takedown notices.  Instead, Yuga simply joints to JTX-801.305-306, which with Mr.
10 Cahen and Mr. Lehman are discussing the activities of a third-party lawyer that (1)
11 has never represented Defendants and (2) who works with an anonymous third party
12 named "Kenobi."  This is not evidence of Defendants circumventing DMCA
13 takedown notices.  And, further, an attorney contacting a company regarding the
14 Copyright Act and its enforcement provisions is not improper conduct.  That's
15 prototypical legal work, to attempt to resolve legal disputes between parties.

| Case No. 2:22-cv-04355-JFW-JEM | -4- | DEFENDANTS' OBJECTIONS |
|---|---|---|