Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 9, line 5:20** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 9, line 5:20:

"Defendants registered, used, and continue to use the domain names https://rrbayc.com/ and https://apemarket.com." *Id*. at 14; Dkts. 346 ¶100; 396 at 36:18-37:8

### Defendants' Basis of Dispute:

Evidence at trial did not establish that Defendants continue to use the rrbayc.com and apemarket.com domain names. Defendants were not asked about their alleged ongoing use of these domains. There was speculative testimony by Yuga witnesses about Defendants alleged ongoing activities. But that testimony was admitted to be false under cross examination: Mr. Solano admitted that his declaration included a false statement regarding Defendants continuing to receive royalties and fees from sales on secondary marketplaces. Trial Tr. [Solano] 48:15-49:4. Yuga's claim that Defendants "continue to use" the domain names is speculation.

Yuga also fails to cite any evidence in support of its allegations of continued use of these domains. All of Yuga's cited evidence speaks to whether the domain names were initially *registered* (which Defendants concede they were), not whether they are still being used.

### Plaintiff's Response:

Even a month after trial, Defendants still advertise rrbayc.com in the profile heading of the Ape Market Twitter profile. *See* https://twitter.com/apemarketplace and screenshot below. That same Twitter account remains live, with promotions of

1  apemarket.com, the infringing rrbayc.com domain, and their promotion of the
2  infringing RR/BAYC NFTs on Looksrare.  Defendants' claims to the contrary are not
3  in good faith and contrary to the evidence.  *See* Solano Decl. (Dkt. 342) ¶ 77; Trial Tr.
4  at 57:8-58:6, 58:20-59:19.  In any event, Defendants have not transferred ownership
5  of either domain, continuing their cybersquatting.  15 U.S.C. § 1125(d)(1)(a)(ii)
6  (liability established when Defendant "***registers***, traffics in, or uses a domain name" as
7  specified in statute).



20  **Defendants' Reply:**
21  Yuga fails to cite credible evidence alleging that Defendants ***continue*** to use
22  these domain names.  First, Yuga relies on a twitter account which Defendants no
23  longer use. Yuga's screenshot of the twitter profile does not demonstrate continued
24  use.  Second, Yuga cites testimony from Mr. Solano, who admitted a trial that he
25  made a false statement regarding Defendants' continued activities.  Trial Tr. [Solano]
26  48:15-49:4.

1    Both rrbayc.com and apemarket.com are inactive domains. Both URL addresses
2 do not have active websites associate with them.  Yuga's speculation regarding
3 Defendants' continued use is not adequate grounds for granting injunctive relief.