Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 12, Lines 6:28-7:1-2** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 12, lines 6:28-7:2**

… and NFT marketplaces where RR/BAYC NFTs were sold listed "bayc" in the URLs and identified the infringing NFTs as "Bored Ape Yacht Club." *See*, *e.g.*, JTX-117; JTX-138; JTX-671; *see also* Dkt. 337 ¶5.

**Defendants' Basis of Dispute:**

This statement is misleading, as the exhibits cited indicate clearly that the source of the NFT collections are not Yuga. JTX-138, for example, does not list the NFT collection as "bayc" or "Bored Ape Yacht Club" as this finding of fact states, but rather, entitles the collection "RR/BAYC." JTX-138. JTX-671 also includes a clear indicator that the creator of the NFT collection on Foundation is "@ryder_ripps."

**Plaintiff's Response:**

Defendants do not dispute that JTX-117, JTX-671, and other sources show that their infringing NFT collection was identified on NFT marketplaces as "Bored Ape Yacht Club." They also do not dispute that "bayc" appeared in the URLs. The proposed finding of fact is concededly true.

Defendants only argue that JTX-138 does not display the name "Bored Ape Yacht Club." This is wrong. On the right-hand side of the page, under the heading "You're Buying," six of Defendants' NFTs are listed. Each is titled with the name "Bored Ape Yacht Club." This is the confusion that the Defendants created in the marketplace. Consumers were told, falsely, that they were buying genuine Bored Ape Yacht Club NFTs, when actually they were viewing misleading and confusing listings for Defendants' counterfeits.

|   |   |
|---|---|
| 1 | **Defendants' Reply:** |
| 2 | Yuga's response mischaracterizes Defendants' objections and is unfounded. |
| 3 | First, Defendants do dispute that JTX-117 and JTX-671 identify the RR/BAYC NFT |
| 4 | collection as "Bored Ape Yacht Club" on NFT marketplaces.  Specifically, JTX-117, |
| 5 | is not an exhibit depicting an NFT marketplace, but rather, it is a printout of a contract |
| 6 | on Etherscan.  This exhibit citation does not support a finding about how the |
| 7 | collection appeared on marketplaces and appeared to be supportive of Yuga's |
| 8 | previous portion of this finding of fact at lines 6:27-28, which discusses the smart |
| 9 | contract.  Further, as explained in our objection above, this exhibit shows that the |
| 10 | "Contract Creator" field in the Etherscan website can be selected and would allow any |
| 11 | user to determine and confirm the provenance of the NFT contract. JTX-671, also |
| 12 | makes clear the source of the NFT as it shows the creator of the collection is |
| 13 | "@ryder_ripps." |
| 14 | Second, Yuga's description of JTX-138 is misleading. The heading of the entire |
| 15 | page depicted is listed as "RRBAYC" with a smaller "RR/BAYC" underneath that |
| 16 | and a logo that says "RR/."  Yuga relies on print that appears on the side only after |
| 17 | you have selected an NFT to reserve, which undermines their argument that this |
| 18 | exhibit shows consumers would have been presented with "Bored Ape Yacht Club" |
| 19 | before they decided to reserve it. Finally, there is no url listed in this exhibit and so |
| 20 | Defendants do object to Yuga's incorrect assertion that a url shows "bayc" was used |
| 21 | in it. |
| 22 | Finally, Yuga's assertion that RR/BAYC NFT consumers were told that they |
| 23 | were reserving a Yuga NFT and were confused is false.  There is ample evidence in |
| 24 | the record that shows that there was no confusion and Yuga's response is not based in |
| 25 | fact.  Defendants took multiple steps to make clear that the RR/BAYC collection was |
| 26 | not related to Yuga in any way.  For example, the rrbayc.com website—through which |
| 27 | the majority of RR/BAYC commissions occurred and the vast majority of alleged |
| 28 | Case No. 2:22-cv-04355-JFW-JEM -2- DEFENDANTS' OBJECTIONS |

profits accrued (Ripps Decl. ¶ 110 (Dkt. 346) (uncontested); Cahen Decl. ¶ 144 (Dkt. 344)) included an explanation of the artistic intent for the project. Ripps Decl. ¶¶ 101-103 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 138-139 (Dkt. 344), 147; Dkt. 197-1 ¶¶ 201-202; JTX-2085; Trial Tr. [Solano] 63:1-10. Collectors using the rrbayc.com website were also required to read and click through a disclaimer acknowledging the artistic purpose of the project before they were allowed to commission an NFT. *See* Ripps Decl. ¶¶ 106-109 (Dkt. 346) (uncontested); JTX-2086; Trial Tr. [Muniz] 83:10-13. Mr. Ripps insisted on these requirement and additional steps so that the artistic purpose of the work would be clear to participants. *See* Dkt. 401 at 21 [Lehman Depo. 59:25-60:24] ("Q. … Why was the artist statement ultimately included, if it had a negative impact on usability? … A.   … Ryder wanted it and so he had the final call.").

Unsurprisingly, therefore, the evidence presented at trial shows that many people who reserved RR/BAYC NFTs did so out of a protest against Yuga. *See* Ripps Decl. ¶¶ 198-205 (Dkt. 346) (uncontested); JTX-2033, JTX-2035, JTX-2039, JTX-2590, JTX-2592, JTX-2595, JTX-2596; JTX-2599.

Additionally, as Defendants credibly testified, Mr. Ripps and Mr. Cahen are not aware of a single instance of actual confusion. Ripps Decl. ¶ 223 (Dkt. 346) (uncontested); Trial Tr. [Cahen] 265:11-18; Cahen Decl. ¶¶ 222, 224 (Dkt. 344). Buttressing this fact, Yuga's founders were also not aware of a single instance of actual confusion. Trial Tr. [Solano] 18:23-19:1; Trial Tr. [Muniz] 85:3-7 ("Q. Now let's focus on, I think, what you were focused on. Yuga Labs has been unable to identify even[] a single person who purchased an RR/BAYC believing it to be sponsored by Yuga Labs; right? A Correct.").