Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 13** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 13:

Defendants were also unjustly enriched in the form of avoided costs. JTX-723 ¶89; Dkt. 338 ¶68; Dkt. 342 ¶¶35, 39, 40, 52, 72. Yuga Labs' investment in developing its BAYC brand, including its marks, are costs that Defendants were able to avoid in generating their profits. JTX-723 ¶89. Defendants leveraged the value created by Yuga Labs to effectively "free ride" on the BAYC brand. Yuga Labs' investments in the BAYC brand are thus costs that Defendants would otherwise have had to invest themselves to attract consumers to their RR/BAYC NFTs. JTX-723 ¶89; Dkt. 338 ¶68. The Court finds that disgorgement of Defendants' profits in the amount of $1,375,361.92 is adequate to address Defendants' unjust enrichment in the form of avoided costs.

### Defendants' Basis of Dispute:

As the evidence at trial showed, Mr. Ripps and Mr. Cahen clearly created their NFT collection as a protest *against* Yuga. *See* Ripps Decl. ¶¶ 71-72, 87, 102 (Dkt. 346) (uncontested); Cahen Decl. ¶¶97-98 (Dkt. 344). The RR/BAYC NFT project, therefore, was a protest against the "BAYC brand" and, therefore, could not have possibly generated profits "free riding" or leveraging the value of Yuga's brand. Further, the evidence presented at trial showed that the people who reserved the RR/BAYC NFTs did so as part of the protest against Yuga and not to support the BAYC brand. *See* Ripps Decl. ¶¶ 198-205 (uncontested) (Dkt. 346); JTX-2033, JTX-2035, JTX-2039, JTX-2589, JTX-2590, JTX-2591, JTX-2592, JTX-2595, JTX-2596; JTX-2599. The evidence, therefore, does not show that Mr. Ripps and Mr. Cahen

1  were unjustly enriched or profited from the BAYC brand, but rather shows that they
2  received revenue as part of a protest against the BAYC brand.

3  Additionally, as outlined above, disgorgement is not available here. An
4  infringer's mental state is a "highly important consideration in determining whether an
5  award of profits is appropriate." *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492,
6  1497 (2020). Disgorgement is only warranted in cases of "conscious wrongdoers."
7  *MGA Ent. Inc. v. Harris,* No. 2:20-cv-11548-JVS (AGRx), 2022 WL 4596697, at *17
8  (C.D. Cal. July 29, 2022). Disgorgement is, therefore, not an available remedy here
9  because – as the evidence showed at trial – neither Mr. Ripps nor Mr. Cahen is a
10 "conscious wrongdoer." *See* Ripps Decl. ¶¶ 144, 147, 158-176 (Dkt. 346)
11 (uncontested); Cahen Decl. ¶ 131, 145-155 (Dkt. 344); JTX-801.00010, 012-13, 146,
12 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30.

13 Disgorgement is also unavailable here because Yuga has not shown "the
14 absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469,
15 478 (1962). Legal remedies were available in this case. Yuga expressly asserted and
16 offered expert testimony in support of legal remedies (including a claim for actual
17 damages that its expert was able to quantify), which it then voluntarily relinquished.
18 Dkt. 315-1 at 2 ("Yuga Labs is withdrawing all legal remedies"); Trial Tr. [Kindler]
19 172:14-17, 173:1-8, 174:4-7, 175:17-19. Having abandoned available legal remedies,
20 Yuga cannot obtain disgorgement. *See Hunting World Inc. v. Reboans, Inc.*, No. C
21 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26, 1994) ("[A]lthough
22 Plaintiff has waived the right to collect damages, this does not render the claim purely
23 equitable because, as discussed above, this is a statutory claim. Again, because the
24 statutes provide adequate remedies, a purely equitable claim may not be
25 maintained.").

26 Finally, the evidence Yuga cites to for support is misleading and unsupportive.
27 First, Yuga cites to Ms. Kindler's expert report, at JTX-723, and her declaration, at
28

1. Dkt. 338, which state that Mr. Ripps and Mr. Cahen were unjustly enriched by Yuga's brand. For the reasons stated above that statement is not substantiated by the evidence presented at trial and is inaccurate. Second, Yuga cites to portions of Mr. Solano's declaration, at Dkt. 342, where he expresses his opinion that Mr. Ripps and Mr. Cahen were unjustly enriched by Yuga's brand. Mr. Solano's testimony was not credible given the many false and misleading statements contained in his declaration, as well as his repeated impeachment at trial. For example, Mr. Solano was also forced to concede on cross examination that his sworn declaration included a false statement claiming that "Defendants continue to receive royalties or creator fees from sales on secondary marketplaces." Trial Tr. [Solano] 48:15-49:4. Mr. Solano also relied on the phrase "business venture" in Mr. Lehman's declaration, without having considered that the phrase "business venture" was selected by Yuga's counsel, and that Mr. Lehman would have liked to use different words. Trial Tr. [Solano] 40:3-14. Mr. Solano also relied on Mr. Lehman's declaration without having considered that Mr. Lehman knew he could not settle his case without executing a declaration concerning matters of Yuga's choosing (Trial Tr. [Solano] 38:14-16) and that Mr. Lehman was afraid for his family at the time he signed his declaration, because Yuga's lawsuit against him would be disastrous to his family and himself, even if Mr. Lehman won (Trial Tr. [Solano] 38:17-19). Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl. (Dkt. 342); Trial Tr. [Solano] 32:19-33:11 ("Q You don't even know, sir, whether Bored Ape V3 was created by Ryder Ripps or not, do you? A Yes, I do. Q Let's see what you said at your deposition, if we could. You gave a deposition in this case; right? A Yes. Q And you swore an oath to tell the truth, same oath as today; right? A Yes. Q If we look at your deposition -- and we can pull it up on the screen -- at page 152, starting at line 13 'QUESTION: Was the Bored Ape V3 created by Ryder Ripps?' There's an objection from your counsel. 'ANSWER: I don't know.' Was that your testimony at your deposition? A Yes." ); *id.*

1 at 34:9-19 ("[Q] Do you know whether Ape Market exists? A We have the code for
2 Ape Market from Tom Lehman, yes. Q Take a look at your deposition at page 116,
3 lines 5 through 6. 'QUESTION: Do you know whether Ape Market exists?
4 'ANSWER: I don't recall.' Were you asked that question, and did you give that
5 answer? A Yes.").

**Plaintiff's Response:**

Defendants do not actually challenge the facts of Ms. Kindler's unrebutted expert testimony regarding non-monetary benefits Defendants accrued from their infringement, but instead rehash their arguments that their infringing NFTs were meant to be a "protest." This response is unavailing.

Specifically, the Court should reject Defendants' objection for the same reasons discussed *supra* ¶ 4, (1) there is ample evidence of confusion in the record, (2) the record shows that Defendants' unreliable communications with third parties does not negate the Court's finding that there was a likelihood of confusion, and (3) Defendants fail to impeach Mr. Solano's accurate testimony.

Additionally, Defendants' profits were attributable to their infringement. *Supra* ¶ 12.

**Defendants' Reply:**

Yuga's response is misleading and unsupported. Contrary to Yuga's assertions, Defendants *do* rebut Ms. Kindler's testimony that Defendants were unjustly enriched. *See supra* ¶ 13. Further, Ms. Kindler's testimony clearly shows that she did not quantify any possible unjust enrichment and her unfounded speculation on the matter is not supportive of a finding of damages here. *See* Kindler Decl. ¶ 67 (Dkt. 338) ("Defendants also benefited from their conduct in ways that are not quantified by my profit analysis…").

Also, as discussed *supra* ¶ 4, it is clear that there is ample evidence in the record that there was not confusion, the record shows many people reserved

Case No. 2:22-cv-04355-JFW-JEM   -4-   DEFENDANTS' OBJECTIONS

1  RR/BAYC NFTs as part of a protest against Yuga, and no actual confusion has been
2  established.  Finally, our objection here clearly outlines how Mr. Solano's testimony
3  was impeached and his credibility, accordingly, was impacted.

Case No. 2:22-cv-04355-JFW-JEM            -5-            DEFENDANTS' OBJECTIONS