Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Finding of Fact No. 19, lines 9:2-4**<br><br>Judge: Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM                         DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 19, lines 9:2-4:**

The Court concludes that the sale and promotion of RR/BAYC NFTs on secondary marketplaces was likely to cause confusion among purchasers.

**Defendants' Basis of Dispute:**

Given all of the fundamental flaws with both surveys Ms. O'Laughlin presented as foundational to her opinion on confusion, her surveys cannot serve as the basis of a finding that there was confusion on the secondary market. *See supra.* ¶ No. 19, lines 8:25, 8:27-9:1. The surveys included overly-broad, non-representative samples that answered with priming effects that were not controlled for by Ms. O'Laughlin. *See supra.* ¶ No. 19, lines 8:25, 8:27-9:1.

Yuga's witnesses admitted that they could not identify a single confused consumer. *See* Trial Tr. [Solano] 18:18-19:15 ("I cannot" answer by Solano when asked if he could identify a single confused consumer); [Muniz] 85:3-7 (Muniz admitting she could not name a single confused consumer). On the contrary, Defendants demonstrated that they were receiving fan mail from consumers on the secondary market. *See* JTX-2035; Ripps Decl. ¶ 204 (Dkt. 346) (uncontested). Because Yuga presented no evidence of a single confused consumer on the secondary market, and Ms. O'Laughlin's fundamentally flawed survey should be provided no weight, Yuga has failed to show any confusion on the secondary market.

**Plaintiff's Response:**

The Court has already held that Defendants' infringement was likely to cause confusion. SJ Order (Dkt. 225) at 13 ("[T]he Court easily concludes that Defendants'

1  use of Yuga's BAYC Marks was likely to cause confusion."). This is an adjudicated
2  issue that is only reinforced by the evidence at trial. *See also supra* ¶ 4 (ample
3  evidence in the record of likelihood of confusion, as well as actual confusion). This
4  evidence is not negated by Defendants' citation to third-party, unreliable
5  communications. *Id.*
6  Even so, Defendants fail to discredit Ms. O'Laughlin's unrebutted survey
7  evidence for the reasons discussed in response to the preceding objection. *Supra* ¶ 19
8  (lines 8:25, 8:27-9:1).

### Defendants' Reply:

10  The Court has never held that there was a likelihood of confusion on secondary
11  markets. Further, to the extent the issue was decided, the issue of the extent of that
12  confusion is still live. Defendants presented evidence that people knew what they
13  were buying on the Secondary market. *See* JTX-2035; Ripps Decl. ¶ 204 (Dkt. 346)
14  (uncontested). Yuga by contrast admitted they could not point to a single confused
15  buyer, whether on the secondary market or primary market. Trial Tr. [Solano] 18:18-
16  19:15 ("I cannot" answer by Solano when asked if he could identify a single confused
17  consumer); [Muniz] 85:3-7 (Muniz admitting she could not name a single confused
18  consumer).
19  Lastly for reasons stated above, Ms. O'Laughlin was thoroughly rebutted on
20  cross examination for her survey which involved an overly broad sample and only
21  tested the literacy of the respondents.