Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 30** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Finding of Fact No. 30:**

Defendants used the litigation to "farm" for engagement on social media with the intent to further harm Yuga Labs. *See* JTX-938, JTX-1568, JTX-1617, JTX-1620.

**Defendants' Basis of Dispute:**

The evidence at trial did not show that Defendants used the litigation to "farm" engagement on social media with the intent to harm Yuga. Mr. Cahen explained in his declaration, "Overall, I would consider myself a very active community member in the cryptocurrency space, which is something that I take pride in. A lot of the work I do takes place over social media." Cahen Decl. ¶ 50 (Dkt. 344). Mr. Cahen further explained, "I often use my social media accounts to report on crypto news or other topics I find noteworthy to help spread awareness." Cahen Decl. ¶ 52 (Dkt. 344).

This lawsuit has become one of the most widely reported art law cases in the world. Mr. Cahen, who has a history of working with creators, has posted about this lawsuit on social media to report on court filings or to comment on the lawsuit in general. Reporting news and commenting on the lawsuit is normal activity on Twitter and cannot be reasonably characterized as engagement farming with "intent to further harm Yuga Labs."

The documents that Yuga cites similarly show that Defendants did not farm for engagement with the intent to harm Yuga Labs. JTX-938 is a Twitter post by Mr. Cahen commenting on a news article that failed to mention that Yuga stole Defendants' idea for ApeMarket. JTX-1568 is a post where Mr. Cahen states his opinion that this lawsuit was a poor business decision. JTX-1617 and JTX-1620 are

posts reporting the filing of specific public documents in this case.  These are all ordinary reporting/commentary activities that numerous users on Twitter routinely engage in.  Nothing in these exhibits contains evidence of "intent to harm" or anything out of the norm for Twitter activity.

**Plaintiff's Response:**

Defendants' communications and tweets demonstrate that their intent in posting about this lawsuit was to engagement farm and further harm Yuga Labs.  Mr. Cahen has admitted that "social media is an attention economy" and "engagement = currency."[1]  He also bragged about being "pretty elite at getting engagement on twitter."  JTX-801.203.  So when he posted things like "We built a marketplace for every Yuga Labs asset 6 months before any of this bullshit.  And we got sued for it. . . . @ApeMarketplace was our platform.  It came 1st," he was not simply reporting or commenting on the lawsuit, he was promoting Ape Market.  Likewise, when he posted the tweet in JTX-1617 and JTX-1620, he wasn't just reporting the filing of Ms. Kindler's report, he was quoting a specific portion highlighting that Yuga Labs' expert proposed to "'purchase and destroy' the entire supply of RR/BAYC for $1,792,704."  This signaled to the NFT community that demand for RR/BAYC NFTs could increase, increasing their perceived value.  And this tweet succeeded:  "The price and trading volume of RR/BAYC NFTs also increased immediately following Mr. Cahen's tweet." Kindler Decl. (Dkt. 338) ¶ 73.  Such conduct "likely indirectly benefit[s] Defendants, as they create more visibility for the RR/BAYC NFT collection on secondary markets and allow Defendants to remain relevant and use engagement to obtain more followers."  *Id*. ¶ 69.

As further evidence of engagement farming, Mr. Cahen tweeted about their subpoena of Paris Hilton and Jimmy Fallon to drum up engagement on Twitter,

---

[1] https://twitter.com/Pauly0x/status/1653117215552446471

retweeting it from his @apemarketplace account in order to promote Ape Market.[2] These subpoenas themselves were facially invalid and Defendants only served them in order to get attention from the news media.  See Mem. Supp. Motion to Quash, *In re Document Subpoena to James Fallon*, No. 1:23-mc-00059-JHR (Dkt. 3) (Mar. 6, 2023 S.D.N.Y) (Mr. Fallon's brief arguing "Mr. Tompros, the signatory of the Subpoena on behalf of Ripps and Cahen, apparently is neither admitted to practice law in New York, Vermont, or Connecticut, nor admitted to the bar of the Southern District of New York.  Courts in this district and elsewhere have recognized that this defect alone renders a subpoena fatally deficient on its face.").  Defendants never pursued either deposition.  Yet, they only withdrew the subpoenas *after* Yuga Labs' counsel appeared for the deposition of Paris Hilton only to find out that Defendants were not proceeding with the deposition.  The publicity they received may have led, or may lead in the future, to additional revenue streams to enrich Defendants, including other NFT sales.  *See*, *e.g.*, Kindler Decl. (Dkt. 338) ¶ 70.  The charade of issuing the subpoenas (but not serving them) certainly allowed Mr. Cahen to engage with his Twitter following about RR/BAYC NFTs.  Defendants' Tweets about the lawsuit were not mere "reporting" – they were blatant promotion.

**Defendants' Reply:**

As explained in Defendants' objection, the exhibits that Yuga cites do not show that Defendants used this litigation to "farm" engagement.  Instead, Yuga cites to a string of comments and statements in JTX-801 in which Mr. Cahen was generally commenting on developing ApeMarket.  And Yuga references more Tweets from Defendants regarding current events associated with this lawsuit.  Again, that is just generic reporting.  And now, Yuga alleges wild fantasies that somehow Yuga filing this expensive and burdensome lawsuit against the individual Defendants has somehow made Defendants wealthy by creating additionally revenue streams.  Yuga's

---

[2] https://twitter.com/Pauly0x/status/1602819954335748098

allegation makes no sense. Defending a lawsuit does not create revenue streams. To the contrary, lawsuits are costly and almost always create financial burden.

Yuga also makes unfounded accusations about Defendants issuing subpoenas for purposes of farming engagement. But in reality, Defendants issued subpoenas in good faith and declined to pursue the deposition of Mr. Fallon after discovering (based on representations following a discussion with Mr. Fallon's counsel), that Mr. Fallon did not have useful information. In a similar vein, Defendants halted their third-party discovery of Ms. Hilton after Ms. Hilton avoided service of Defendants' subpoena. Further, Yuga complains about its own election to appear at Defendants' counsel's office (for which it cites nothing in the record), without noting that weeks before, Defendants had already informed Yuga that they have been unable to serve Ms. Hilton. If Yuga had any questions regarding the deposition schedule, Yuga should have conferred with Defendants. Yuga's counsel has had a habit of refusing to confer in good faith in this litigation regarding the deposition schedule, and Yuga has in fact has been sanctioned for it. Dkt. 77.