Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Finding of Fact No. 31** <br><br> Judge: Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM                    DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Finding of Fact No. 31, line 11:22:

Defendants' public disclosure of confidential material violated this Court's Protective Order (Dkt. 51) and intentionally harmed Yuga Labs. *See* Dkts. 180, 183, 194.

### Defendants' Basis of Dispute:

Defendants did not intentionally violate the Court's Protective Order or intend to harm Yuga with the disclosure of any confidential information. Defendants inadvertently filed documents that were not fully redacted, though that error was largely the result of Yuga's failure to cooperate on sealing procedures. One week before Defendants' summary judgment opposition, which was filing containing spanning thousands of pages, Defendants sent an email to Yuga to discuss what materials needed to be sealed. Dkt. 176 at 1. But Yuga did not timely respond to Defendants' email as required in page 18 of this Court's Standing Order (Dkt. 14). Defendants, after sending a follow up email, only received a response from Yuga after close-of-business on Friday for a summary judgment filing that was due on the following Monday. Dkt. 176 at 2. Moreover, Yuga designated for sealing sweeping portions of Defendants' filing (almost all of which was public material that was already on this Court's public docket or readily available on the internet). *See* Dkt. 176 at 3-5. Defendants did their best to apply redactions despite the crisis that Yuga's failure to cooperate had created.

This led to discrepancies in redactions and an inadvertent violation of the Protective Order. After Defendants became aware of the discrepancies, they informed

1  Yuga and promptly made efforts to seal relevant materials from the docket and third-
2  party website, and (at Yuga's request) contacted reporters that appeared to have
3  received the filings to ask that they honor the Protective Order.  Defendants also
4  compensated Yuga financially pursuant to the terms of the protective order for the
5  inadvertent disclosure.  None of Defendants' activities directed at "intentionally"
6  harming Yuga.

**Plaintiff's Response:**

8   Defendants' objections are no more than false and weak excuses that attempt to
9  push the blame for their violation of the Protective Order on Yuga Labs, rather than
10 acknowledge the severe and injurious nature of their actions.  Yet it was Defendants,
11 not Yuga Labs, who publicly filed numerous Yuga Labs' Highly Confidential –
12 Attorneys' Eyes Only materials in an admitted violation of the Protective Order.  And
13 it was Defendants who immediately and intentionally sent these Highly Confidential
14 materials to prominent news outlets—actions that are difficult to reconcile with
15 Defendants' position that these materials were merely "inadvertently filed . . . not
16 fully redacted."  *See* Docket 180 at 5.  Defendants' intentional actions caused harm to
17 Yuga Labs when these materials were inaccurately reported in national media such as
18 CNN and falsely cited in other meritless litigation against Yuga Labs.  It is no excuse
19 for Defendants to disclaim the obvious resultant harm of their violation of a Court
20 order.

**Defendants' Reply:**

22  Yuga's response fails to address the substance of Defendants' objection.
23 Specifically, Yuga ignores that *it* violated this Court's Standing Order by providing
24 egregiously late notice of portions of documents it seeks to file under seal, materially
25 prejudicing Defendants' ability to redact thousands of pages of documents shortly
26 before filing.  Defendants did the best they could granted the circumstances, and any
27 redaction errors were clearly inadvertent.  In fact, Yuga's lead counsel acknowledged
28

1  this much during a meet and confer—that he understood that Defendants made an
2  honest mistake given the circumstances surrounding the redaction requests. Given
3  this acknowledgement, Yuga's request for a finding of "intentional" violation of the
4  protective order is wrong, unprofessional, and offensive.