Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300

Additional Counsel listed on next page

Attorneys for Plaintiff
YUGA LABS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                         Plaintiff,<br><br>    v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                         Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 34**<br><br>Judge:  Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM                                           DEFENDANTS' OBJECTIONS

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

Attorneys for Plaintiff

YUGA LABS, INC.

Pursuant to the Court's Order (Dkt. 428) Defendants submit the following objection, response, and reply:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 34:

All profits identified by Yuga Labs are attributable to Defendants' sales (and profits from resales) of the infringing RR/BAYC NFTs. Equity does not permit Defendants to retain profits from the sale of an infringing product that is likely to confuse consumers, as is the case with the infringing RR/BAYC NFTs.

### Defendants' Basis of Dispute:

Defendants expressly reserve and reassert all objections made in the parties' Joint Statement Regarding Objections (Dkt. 420).

The evidence presented at trial showed that Mr. Ripps and Mr. Cahen took numerous steps to ensure that their collection did not cause confusion and there has been no evidence presented that anyone who reserved an RR/BAYC NFT was confused about its origin. Ripps Decl. ¶¶ 101-103 (Dkt. 346) (uncontested); Cahen Decl. ¶¶ 138-139 (Dkt. 344), 147; Dkt. 197-1 ¶¶ 201-202; JTX-2085; Trial Tr. [Solano] 63:1-10. Ripps Decl. ¶ 223 (Dkt. 346) (uncontested); Trial Tr. [Cahen] 265:11-18; Cahen Decl. ¶¶ 222, 224 (Dkt. 344); Trial Tr. [Hickman] 219:13-19; Trial Tr. [Solano] 18:23-19:1; Trial Tr. [Muniz] 85:3-7.

Further, equitable disgorgement of profits is not appropriate here. An infringer's mental state is a "highly important consideration in determining whether an award of profits is appropriate." *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). Disgorgement is only warranted in cases of "conscious wrongdoers." *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548-JVS (AGRx), 2022 WL 4596697, at *17 (C.D. Cal. July 29, 2022). Disgorgement is, therefore, not an available remedy here because the evidence at trial showed that neither Mr. Ripps nor Mr. Cahen is a "conscious wrongdoer." *See* Ripps Decl. ¶¶ 144, 147, 158-176 (Dkt. 346) (uncontested); Cahen Decl. ¶ 131, 145-155 (Dkt. 344); JTX-801.00010, 012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30.

Disgorgement is also unavailable here because Yuga has not shown "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478 (1962). Legal remedies were available in this case. Yuga expressly asserted and offered expert testimony in support of legal remedies (including a claim for actual damages that its expert was able to quantify), which it then voluntarily relinquished. Dkt. 315-1 at 2; Trial Tr. [Kindler] 172:14-17, 173:1-8, 174:4-7, 175:17-19. Having abandoned available legal remedies, Yuga cannot obtain disgorgement. *See Hunting World Inc. v. Reboans, Inc.,* No. C 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26, 1994).

Finally, even if disgorgement were available here, Yuga would only be entitled to disgorgement of profits "attributable to the infringing activity." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd*., 839 F.3d 1179 (9th Cir. 2016). This requires distinguishing between revenue from collectors who reserved RR/BAYC NFTs as a protest against Yuga (and were thus not confused about Defendants' use of Yuga's marks) and revenue from purchasers who mistakenly believed they were purchasing Yuga NFTs. *See id.*

As the evidence showed, Yuga has not identified even a single person who obtained an RR/BAYC NFT believing it was sponsored by Yuga and Mr. Ripps, Mr. Cahen, and Mr. Hickman are not aware of a single instance of actual confusion. Ripps Decl. ¶ 223 (Dkt. 346) (uncontested); Trial Tr. [Cahen] 265:11-18; Cahen Decl. ¶¶ 222, 224 (Dkt. 344); Trial Tr. [Hickman] 219:13-19; Trial Tr. [Solano] 18:23-19:1; Trial Tr. [Muniz] 85:3-7. Conversely, the evidence presented at trial shows that many people who reserved RR/BAYC NFTs did so out of a protest *against* Yuga. *See* Ripps Decl. ¶¶ 198-205 (Dkt. 346) (uncontested); JTX-2033, JTX-2035, JTX-2039, JTX-2589, JTX-2590, JTX-2591, JTX-2592, JTX-2595, JTX-2596; JTX-2599. Given the evidence, Yuga has not shown that they are entitled to any portion of profit from the RR/BAYC project.

**Plaintiff's Response:**

Given that "Defendants expressly reserve and reassert all objections made in its Joint Statement Regarding Objections (Dkt. 420)", Yuga Labs expressly reserves and reasserts all of its responses to those objections as stated in Dkt. 420. Defendants' objection should be rejected because (1) disgorgement is available as a remedy; (2) Defendants' additional arguments challenging disgorgement are unpersuasive; and (3) this Court should increase the profit award. Additionally, as discussed *supra*, Defendants' objection should be rejected because (4) there is ample evidence of confusion (*supra* ¶ 11(e)); (5) all of Defendants' profits are attributable to infringing activity (*supra* ¶ 11(d) lines 20-21).

**Yuga Labs Is Entitled to Disgorgement of Defendants' Profits:** Yuga Labs' only burden is to prove Defendants' sales to obtain disgorgement. 15 U.S.C. § 1117(a) (allowing plaintiff "to recover . . . defendant's profits."). Defendants cite no case to the contrary. Defendants wrongly claim that *MGA* holds that disgorgement is "only" warranted in cases of conscious wrongdoers. To the contrary, *MGA* found that willfulness is a sufficient, **_but not necessary_**, condition to a disgorgement finding. *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548, 2022 WL 4596697, at *17 ("willfulness is not an inflexible precondition to recovery of a defendant's profits under § 35(a) of the Lanham Act") (cleaned up); *see also Harbor Breeze Corporation v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 38 (9th Cir. 2022) ("a plaintiff need not show that a defendant acted with a particular mental state, such as willfulness, in order to be entitled to an award of profits."). Because the Court has found Defendants liable for intentional infringement (SJ Order (Dkt. 225) at 12), Yuga Labs is entitled to Defendants' profits from their infringing acts. *See* Yuga Labs' Proposed Findings of Fact and Conclusions of Law (Dkt. 416) ¶¶ 7, 11-13, 32-37. Even though a finding of willfulness is not necessary for disgorgement, Defendants' infringement was willful. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993) ("[w]illful infringement carries a connotation of deliberate intent to deceive.").

Separately, there is no requirement for an absence of an "adequate remedy at law" to obtain disgorgement. This case arises out of the Lanham Act, which expressly provides for actual damages **_and_** disgorgement of Defendants' profits. See J. Thomas McCarthy, 2 *McCarthy on Trademarks and Unfair Competition* § 30:73 (5th ed.) ("Plaintiff may be awarded damages in some circumstances in addition to defendant's profits."). Accordingly, the Lanham Act allows for three distinct remedies—(1) defendants' profits, (2) plaintiffs' damages, and (3) the costs of the action. 15 U.S.C. § 1117(a). These remedies are not stated in the disjunctive, and each are separately available under the statute. For example, the model jury instructions clearly state that actual damages and disgorgement are available in the same case: "*In addition to actual damages*, the plaintiff is entitled to any profits earned by the defendant that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence." Manual of Model Civil Jury Instructions § 15.29, Trademark Damages—Defendant's Profits (emphasis added). Defendants are not allowed to retain the fruits of unauthorized trademark use. *Fifty-Six Hope Rd. Music, Ltd. V. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1077 (9th Cir. 2015).

Finally, through at least the testimony of Ms. Kindler, Yuga Labs has met its burden to "establish[] the defendant's gross profits from the infringing activity with reasonable certainty." *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1408 (9th Cir. 1993); *see also See* Yuga Labs' Proposed Findings of Fact and Conclusions of Law (Dkt. 416) at ¶¶ 7, 11-13, 32-37. Defendants cite no case to the contrary.

*Dairy Queen* does not impose any different burden, nor did it hold that disgorgement in a Lanham Act case is unavailable in the absence of an adequate remedy at law. *Dairy Queen* did not involve a disgorgement claim under the Lanham Act, but rather an "equitable accounting" claim. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). "[T]he Supreme Court characterizes the *Dairy Queen* claim as a legal claim for damages (not disgorgement of profits)." *Fifty-Six Hope Rd. Music, Ltd. V. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (citing *Feltner v.*

1 *Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998)). As a result, *Dairy Queen* does not apply to Yuga Labs' disgorgement claim under the Lanham Act.

**Defendants' Additional Arguments Opposing Disgorgement Are Unpersuasive:** Yuga Labs has established that it is entitled to at least $1,375,361.92 of Defendants' profits (after deducting payments to Defendants' business partners and the amount of RR/BAYC NFTs that they hold or did not mint). *See supra* ¶ 11(e). Defendants provided no expert witness testimony, consumer survey, or financial analysis to the contrary. Since they cannot rebut these calculations, Yuga Labs is entitled to the *Lindy Pen* presumption that Defendants made $1,375,361.92 as a result of infringing activity.

Defendants have failed to carry their burden to show that even one of these sales is not attributable to their infringing NFTs. Instead, they contend that, even though they used—and had to use—the BAYC Marks to sell their counterfeit NFTs, their profits were somehow not attributable to the BAYC Marks. Yet again, Defendants cite no case law, expert testimony, or survey evidence to support this claim, and their baseless argument fails. See *Fifty-Six Hope Rd. Music, Ltd. V. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015) (affirming holding that defendant failed to meet burden to prove a 40% royalty was a proper deduction, where "the documentary evidence leaves uncertainty as to the amount of royalty fees paid" and defendant "did not produce sufficient documentation to prove the specific amounts"). Indeed, the Ninth Circuit has rejected similar arguments before, finding that "where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994) (rejecting argument that "multiple-game format and Nintendo-compatibility were the cartridges' selling point, not the use of the Nintendo trademark").

Defendants point to a few cherry-picked emails as examples of alleged consumers who were purportedly not confused. Yuga Labs doubts the credibility of

1. these documents, but even taken at face value, they establish no more than a handful
2. of consumers who were not confused.  They also do not show that the BAYC Marks
3. were not part of the appeal of the RR/BAYC NFTs.  Without any evidence to carry
4. Defendants' burden, the Court can continue to presume that Defendants' profits were
5. attributable to the infringing activity.  See *Fifty-Six Hope Rd. Music, Ltd. V.*
6. *A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015).
7.       **The Court Should Increase The Profit Award:**  Additionally, rather than
8. decreasing the profits award, the evidence shows that the Court should use its
9. discretion "to increase the profit award above the net profits proven '[i]f the court
10. shall find . . . the amount of the recovery . . . inadequate.'"  *Fifty-Six Hope Rd. Music,*
11. *Ltd. V. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1077 (9th Cir. 2015) ("district court should
12. award actual, proven profits unless the defendant infringer gained more from the
13. infringement than the defendant's profits reflect").  The Court could do so to address
14. any additional award that it deems equitable to make Yuga Labs whole for
15. Defendants' egregious infringement and the harm they caused.
16.       Ms. Kindler stated throughout her testimony that, although she was able to
17. calculate certain profits accrued by Defendants, the extent of harm to Yuga Labs was
18. not practically quantifiable including because of unjust enrichment to Defendants,
19. additional harm to Yuga Labs' business, harm to Yuga Labs' business partnerships,
20. harm to Yuga Labs' brand, and harm to Yuga Labs by the presence of RR/BAYC
21. NFTs in the marketplace.  *See* Kindler Decl. (Dkt. 338) ¶¶ 62-65, 67, 75.
22.       **Defendants' Reply:**
23.       Defendants expressly reserve and reassert all replies made in the parties' Joint
24. Statement Regarding Objections (Dkt. 420).
25.       ***First,*** Yuga is not entitled to disgorgement of profits.  Disgorgement is not an
26. available remedy here and the sources Yuga cites to in response are unsupportive.
27. Yuga's citations to portions of the Lanham Act and model jury instructions that
28. indicate disgorgement generally is an available remedy for infringement does not

undermine Defendants' objection that it is not an available remedy here. Contrary to Yuga's response, the Supreme Court has held that disgorgement is not available unless there is "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). And the rule set forth in *Dairy Queen* has been applied to awarding defendant's profits under the Lanham Act. *See Hunting World Inc. v. Reboans, Inc.*, No. C 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26, 1994).

Legal remedies were available in this case. Yuga expressly asserted and offered expert testimony in support of legal remedies (including a claim for actual damages that its expert was able to quantify), which it then voluntarily relinquished. Dkt. 315-1 at 2; Trial Tr. [Kindler] 172:14-17, 173:1-8, 174:4-7, 175:17-19. Having abandoned available legal remedies, Yuga cannot obtain disgorgement. *See Hunting World Inc.*, 1994 WL 763408, at *2-3.

Additionally, Yuga improperly responds by arguing that the Court's summary judgment order supports a finding of intentional infringement, Yuga has incorrectly relied on the law of the case doctrine. *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) (emphasis added); *see also Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014)

**Second,** none of Defendants' profits are attributable to infringing activity. Yuga incorrectly outlines what is required for profit to be considered attributable to the infringing activity. It is not enough for a sale to be "traceable" to the use of Yuga's marks. Yuga is only entitled to disgorgement of profits "attributable to the infringing activity." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993), abrogated on other grounds by *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016). Yuga incorrectly argues that any sale that uses a BAYC mark is attributable to the infringing activity. *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206 (1942).

***Third,*** the Court should not increase the profit award. The section of the Lanham Act that Yuga cites to for support for its argument that the court should consider an upward modification of a profit calculation is inapplicable here and misleading. As the full portion of Section 1117(a) states "[i]f the court shall find that the amount of the recovery based on profits is either inadequate ***or excessive*** the court may in its discretion enter judgment for such sum as the court shall find to be just, ***according to the circumstances of the case. Such sum*** in either of the above circumstances ***shall constitute compensation and not a penalty***." 15 U.S.C. § 1117(a) (emphasis added). Here, the circumstances of the case support a finding that any recovery of profits beyond those Defendants received would be excessive. The evidence shows that the intent of the RR/BAYC project was to criticize Yuga's problematic imagery and educate consumers about the nature of NFTs—the exact opposite of confusing consumers. Cahen Decl. ¶¶ 97-98, 133 (Dkt. 344); Ripps Decl. ¶¶ 137-139 (Dkt. 346) (uncontested); JTX-2033. Also, Defendants took multiple steps to make clear that the RR/BAYC collection was not related to Yuga in any way. *supra* ¶ 4.

Finally, Yuga's citations to Ms. Kindler's testimony that there were damages that she was not asked to evaluate or chose not to quantify are irrelevant to the determination of how much disgorgement of profit Yuga is entitled to. *See* Kindler Decl. ¶ 64 (Dkt. 338); Kindler Decl. ¶ 65 (Dkt. 338); Kindler Decl. ¶ 67 (Dkt. 338).

| | | |
|---|---|---|
| 1 | Dated: October 5, 2023 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ *Louis W. Tompros* |
| 5 | | Louis W. Tompros (*pro hac vice*)<br>louis.tompros@wilmerhale.com |
| 6 | | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| 7 | | 60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000 |
| 8 | | Fax: (617) 526-5000 |
| 9 | | Attorneys for Defendants |
| 10 | | RYDER RIPPS and JEREMY CAHEN |
| 11 | | |
| 12 | | |
| 13 | Dated: October 5, 2023 | FENWICK & WEST LLP |
| 14 | | |
| 15 | | By: /s/ *Eric Ball* |
| 16 | | Eric Ball<br>eball@fenwick.com |
| 17 | | **FENWICK & WEST LLP**<br>801 California Street |
| 18 | | Mountain View, CA 94041<br>Telephone: (650) 988-8500 |
| 19 | | Fax: (650) 938-5200 |
| 20 | | Attorneys for Plaintiff |
| 21 | | YUGA LABS, INC. |

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000