Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Conclusion of Law No. 36, Lines 12:19-13:2** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 36, lines 12:19-13:2:**

Defendants offer no documentary evidence of these expenses and do not attempt to show how they were necessary to earn revenue from the RR/BAYC NFTs. Further, the Court does not find this testimony credible, because Mr. Cahen conceded that he purchased the computer in December 2021 for the RR/BAYC "project" that purportedly started in May 2022. Dkts. 200-3, 200-4; 344 ¶174; see also Dkt. 200 at 3 (arguing "[t]he RR/BAYC Project began in mid-May").

**Defendants' Basis of Dispute:**

Mr. Ripps and Mr. Cahen's testimony and evidence presented at trial do show how the expenses they identified were used to create the RR/BAYC Project.  First, Mr. Ripps's testimony showed that Mr. Garner was his assistant and worked on the RR/BAYC Project for one week and was paid for his work.  Ripps Decl. ¶¶ 124, 127, 136 (Dkt. 346) (uncontested).  Such assistance on the project helped with the creation of reservations of RR/BAYC NFTs.  Second, Mr. Cahen testified that he paid for travel to meet and collaborate with Mr. Ripps for the project.  Cahen Decl. ¶ 175 (Dkt. 344).  Travel expenses paid so that two of the creators of the project could meet and work with one another, helped with the creation of reservations of RR/BAYC NFTs.  Finally, Mr. Cahen testified about the cost of a computer he used to work on the RR/BAYC project.  Cahen Decl. ¶ 174 (Dkt. 344).  The cost of the materials Mr. Cahen used for creating the RR/BAYC project did help with the creation of reservations of the RR/BAYC NFTs.

|   |   |
|---|---|
| 1 | The evidence that Yuga cites to for support is misleading.  As Mr. Cahen |
| 2 | testified, he used the computer he purchased for the RR/BAYC Project and for |

The evidence that Yuga cites to for support is misleading.  As Mr. Cahen testified, he used the computer he purchased for the RR/BAYC Project and for research about Yuga that led up to and helped create the RR/BAYC Project.  Trial Tr. [Cahen] 229:14-21.  Yuga's citations to declarations Mr. Cahen and Mr. Ripps made and filings regarding discovery relating to when possible communications began for the RR/BAYC Project are misleading and non-supportive of this conclusion of law. *See* Dkts. 200, 200-3, 200-4.  Additionally, Yuga's citation to Mr. Cahen's declaration does not support this conclusion of law as it affirms that Mr. Cahen purchased a computer that he used for the project.  Cahen Decl. ¶ 174 (Dkt. 344).  Accordingly, the fact the computer was purchased in December 2021 and the RR/BAYC NFTs were not minted until later, does not diminish the usefulness of this tool in the RR/BAYC project as a whole.

### Plaintiff's Response:

Defendants' objection should be rejected because Defendants fail to provide sufficient basis for why these expenses were necessary for the supposed minting of infringing NFTs.

First, Defendants provide no documentary evidence (such as bank statements, transaction data, or Form 1099) that Mr. Ripps paid Ian Garner "roughly $3,500 for his work" as an "assistant," what that work entailed, or how it was relevant to the revenue generated by Defendants' infringing activities.  Their conclusory statement that Mr. Garner "helped with the creation of reservations" is insufficient.  *See Vital Pharmaceuticals v. PhD Marketing, Inc.*, No. CV 20-06745, 2022 WL 2952495, *4, 6 (C.D. Cal. 2022) (rejecting deductions where defendant "has produced troublingly little evidence to support that figure. Not a single invoice, receipt, or other original source document has been produced to support the costs and expenses Defendant claims. . . .  Other courts have similarly found that summary financial documents coupled with testimony, absent any documentary evidence, were insufficient to satisfy

the defendant's burden to prove costs."); *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, No. 06-CV-1584, 2009 WL 10674076, at *10 (S.D. Cal. 2009) (affirming rejection of deductions where defendant "did not submit any documentary evidence such as invoices to substantiate its claimed deductions").

Second, Defendants offered no documentary evidence of Mr. Cahen's travel expenses or how these alleged travel expenses were necessary to earn revenue from minting infringing NFTs. Justifying such travel so they "could meet and work with one another" is no basis for this deduction. *See id.*

Third, Defendants failed to offer any evidence of Mr. Cahen's computer purchase or why a several-thousand-dollar computer was necessary to earn revenue from Mr. Ripps' supposed minting of infringing NFTs. *See id.* Defendants have claimed that it was all Mr. Ripps (or at least Mr. Ripps' computer), and not Mr. Cahen, that minted the infringing NFTs. *See, e.g.*, Defendants' Answer and Counterclaim (Dkt. 65) ¶ 49 ("Each RR/BAYC NFT was hand-minted by the wallet of Mr. Ripps, and Mr. Ripps sold all RR/BAYC NFTs through only his personal Twitter account, Foundation, private sales, and the website https://rrbayc.com."). Defendants' tacit admission that Mr. Cahen's contribution to the revenue generated from sales of RR/BAYC NFTs was his "stimulat[ion]" of sales (JTX-801.144), such as with his Tweets from @ApeMarketplace, does not obviate the need to prove the cost of purchasing this computer in December 2021 was for Defendants' business venture. Defendants' admission does however highlight that they are lying when they claimed that accounts, such as the @ApeMarketplace Twitter account, did not support their marketing and infringement. *See supra* ¶ 14 (lines 7:15, 7:16-18).

Finally, Mr. Cahen's testimony about his computer was shown to be perjured. Mr. Cahen first testified under oath, in a declaration dated April 5, 2023, that the "RR/BAYC Project" began in May 2022 in order to avoid producing discovery related to Defendants' communications before May 2022. Dkt. 200-4 (declaring

communications with Mr. Ripps "began in mid-May, 2022, which is also the same time period that the RR/BAYC Project began."); Dkt. 200 at 3 (arguing "[t]he RR/BAYC Project began in mid-May"). Mr. Cahen then testified in his trial declaration that "I had to buy a new computer to use for the project" that started in May 2022. Cahen Decl. (Dkt. 344) ¶ 174. But at trial, Mr. Cahen admitted that he purchased the computer in December 2021, approximately *five months before the "project" even began*. Trial Tr. at 227:2-229:21. Mr. Cahen's sworn testimony that he bought a computer "to use for the project" that would not exist for another five months belies any possible link between this cost and Defendants' profits attributable to their infringement and severely impeaches his credibility generally.

Given Defendants failure to support their claimed expenses and their admission that they have no documentary support in evidence, each of Defendants' claimed expenses should be rejected.

### Defendants' Reply:

Mr. Cahen testified on multiple occasions that he believed the project to be an art project, not a business venture. *See*, *e.g.*, Cahen Decl. (Dkt. 344) ¶¶ 180-212 (explaining intent). It is further undisputed that the Defendants believe that gordongoner.com was part of the project and it launched in January 2022 to highlight Defendants' research. Ripps Decl. ¶¶ 70-71 (Dkt. 346) (uncontested).

A computer purchased in December 2021 is not inconsistent with research done about Yuga that was released publicly in January 2022. In fact, it is entirely consistent with Mr. Cahen's explanation that the computer was purchased to further their overall protest project against Yuga. *See* Trial Tr. [Cahen] 227:17-228:2. Yuga provided no evidence that this computer was *not* purchased for that purpose, nor that the computer was purchased for any other purpose. Arguing that the purchase date renders the computer necessarily unrelated to the project is at misleading.