Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 36, lines 13:5-7**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 36, lines 13:5-7:**

Again, however, Defendants provide no documents showing this payment was made or explanation of how it was entirely relevant to the revenue generated by their infringing activities.

**Defendants' Basis of Dispute:**

As explained above, this conclusion of law is unfounded as Mr. Ripps and Mr. Cahen's testimony and evidence presented at trial do show how the expenses they identified were used to create the RR/BAYC Project and the corresponding revenue generated by it.  First, Mr. Ripps's testimony showed that Mr. Garner was his assistant and worked on the RR/BAYC project for one week and was paid for his work.  Ripps Decl. ¶¶ 124, 127, 136 (Dkt. 346) (uncontested).  Such assistance on the project helped with the creation of reservations of RR/BAYC NFTs.  Second, Mr. Cahen testified that he paid for travel to meet and collaborate with Mr. Ripps for the project.  Cahen Decl. ¶ 175 (Dkt. 344).  Travel expenses paid so that two of the creators of the project could meet and work with one another, helped with the creation of reservations of RR/BAYC NFTs.  Finally, Mr. Cahen testified about the cost of a computer he used to work on the RR/BAYC project.  Cahen Decl. ¶ 174 (Dkt. 344).  The cost of the materials Mr. Cahen used for creating the RR/BAYC Project did help with the creation of reservations of the RR/BAYC NFTs.  All three of the expenses Mr. Ripps and Mr. Cahen raise are directly related to the creation of the RR/BAYC Project and RR/BAYC NFTs, which created revenue.  This conclusion of law is, therefore, unfounded.

**Plaintiff's Response:**

Defendants' objection should be rejected because Defendants fail to provide sufficient basis for why these expenses were necessary for the supposed minting of infringing NFTs. *See supra* ¶ 36, 12:19-13:2.

**Defendants' Reply:**

It is undisputed that Mr. Garner was helpful to the RR/BAYC project and that he was paid for his work. Ripps Decl. ¶¶ 124; 127; 136 (Dkt. 346) (uncontested). As such, any money paid to Mr. Garner should be deducted and Defendants have shown sufficient basis for the expenses. Lastly, for the reasons stated above, Mr. Cahen's computer was sufficiently tied to the RR/BAYC project. He testified he believed the project was part of protest art. Trial Tr. [Cahen] 227:17-228:2. Part of that protest was gordongoner.com. Ripps Decl. ¶¶ 170-71 (Dkt. 346) (uncontested). Therefore, Defendants have provided sufficient evidence linking the computer and the project.