Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Conclusion of Law No. 39** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 39:

Courts have "'wide discretion' in determining an appropriate amount of damages" under the ACPA. *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09-08982 MMM, 2010 WL 11597623, at *10 (C.D. Cal. Nov. 19, 2010) (citation omitted).

### Defendants' Basis of Dispute:

A court's discretion in awarding damages is curbed by Defendants' rights, including Defendants' Seventh Amendment right to a jury trial. Statutory damages are legal remedies for which there is a right to a jury trial. See *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("[t]he right to a jury trial includes the right to have a jury determine the amount of statutory damages") (emphasis in original). However, a jury trial is not required in instances when a plaintiff elects to accept the minimum amount of statutory damages. See *GoPets Ltd. V. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011). Here, the Court has discretion to award statutory minimum damages of $1,000 for each of the two cybersquatting violations that the Court found (Dkt. 225 at 13-15), for a total of $2,000. *See* 15 U.S.C. § 1117(d) (permitting "award of statutory damages in the amount of not less than $1,000").

Yuga improperly relies on *Bekins*, a default judgement case, to argue that this Court has wide discretion to award cybersquatting damages above the statutory minimum. *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09–08982, 2010 WL 11597623, at *1 (C.D. Cal. Nov. 19, 2010). In *Belkins*, the defendant ignored the complaint and continued to use the domain name in question. *Id*. As a result, the

1  court applied the *Eitel* factors to determine whether entry of default judgement was
2  justified. *Id.* at 3.  Our facts are completely distinct from *Belkins*.  Here, Yuga waited
3  until after the summary judgement stage to waive "all legal remedies." Yuga's
4  decision to forgo a jury trial does not impact Defendants right to have a jury determine
5  the amount of statutory damages.  See *Feltner v. Columbia Pictures Television, Inc.*,
6  523 U.S. 340, 353 (1998).

**Plaintiff's Response:**

Defendants' objection should be rejected because (1) statutory damages are an equitable remedy and (2) the Court may award more than the minimum statutory damages.

**Statutory Damages Are An Equitable Remedy:**  Statutory damages are an equitable remedy and courts are not required to refer the issue of statutory damages to a jury.  See *Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014) ("The district court did not err in calculating statutory damages rather than holding a jury trial on that issue because the ACPA allows for statutory damages between $1,000 and $100,000, 'as the court considers just.' 15 U.S.C. § 1117(d)."); *Acad. Of Motion Picture Arts & Scis. v. GoDaddy, Inc.*, No. CV 10-3738-AB (CWX), 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) ("[T]here is no right to a jury trial for the assessment of statutory damages.").  "[C]ourts generally consider a number of factors, including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities and other behavior by the defendant evidencing an attitude of contempt towards the court." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012) (cleaned up) (citation omitted).

**The Court May Award More Than The Minimum Statutory Damages:**
Defendants' contention that this Court may only award the statutory minimum damages is wrong.  To the contrary, Ninth Circuit precedent demonstrates that Courts

have the authority to award more than the minimum statutory damages for ACPA claims, even after a bench trial. *Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014); *see also, City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1108 (S.D. Cal. 2012) (after bench trial, awarding plaintiff $100,000 under ACPA for infringing uses of marks); *Flow Control Indus. Inc. v. AMHI Inc.*, 278 F. Supp. 2d 1193, 1201 (W.D. Wash. 2003) (An award of statutory damages under the ACPA "requires *the Court* to balance the equities of the situation in determining the amount.") (emphasis added).

**Defendants' Reply:**

Monetary relief is a legal remedy. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998). Statutory damages can "serve purposes traditionally associated with legal relief, such as compensation and punishment. *Id*. As such, Yuga cannot be awarded more than the statutory minimum on its cybersquatting claim without violating Defendants' Seventh Amendment rights. *See Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1290 (S.D. Cal. 2020) (holding that award above minimum is a jury issue) (citing *Dream Games of Ariz. Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009)); *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1260 (W.D. Wash. 2013) (holding that statutory damages are a jury issue).

Yuga relies on unpublished cases, *Two Plus Two Pub* and *GoDaddy Inc*, which are not binding precedent on this court, to argue that statutory damages are an equitable remedy. District Courts have declined to follow these unpublished decisions and instead held that determination of stator damages is a jury issue. *See*, *e.g.*, *Daimler AG*, 498 F. Supp. 3d at 1290 (S.D. Cal. 2020) (holding in 2020 that an award above the statutory minimum is a jury issue). Moreover, *Two Plus Two Pub* is distinguishable because it addressed an egregious case of cybersquatting. In *Two Plus Two Pub*, one of the defendants admitted that he became aware of the plaintiff's marks in 1999 and proceeded to register an infringing domain years later.

1  *Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466 (9th Cir. 2014).  Yuga's other case, *GoDaddy Inc,* should be disregarded because it is a nonpresidential case which departs from the holdings in *Feltner* and *GoPets*.  *Acad. Of Motion Picture Arts & Scis. V. GoDaddy, Inc.,* 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015) (misapplying *GoPets*).

Yuga also improperly relies on cases which are not analogous to the facts here. In *City of Carlsbad*, the court was dealing with an egregious case of cybersquatting involving 20 domains and continued use of multiple domains. *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1108 (S.D. Cal. 2012).  *Wecosign* was a default judgment case where five defendants failed to appear or otherwise present any defense. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012) ("Plaintiff would suffer prejudice if the Court does not grant its motion for the entry of default judgment because it has no other means of recourse.").  Finally, the court in *Flow Control* refrained from awarding statutory damages regarding cybersquatting pending further determinations. *Flow Control Indus. Inc. v. AMHI Inc.*, 278 F. Supp. 2d 1193, 1202 (W.D. Wash. 2003).