Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 42**<br><br>Judge:  Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 42:

Defendants' bad-faith litigation conduct also evidences their contempt of the Court. Despite the Court finding Defendants liable for cybersquatting, they continued to use and promote the rrbayc.com domain to advertise their infringing RR/BAYC NFTs. Defendants' disregard for the authority of this Court and its proceedings warrants a high statutory damages award, given the policy interest in deterring such wrongful and sanctionable conduct. *See infra* Section III.C; *St. Luke's Cataract and Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1206 (11th Cir. 2009); *Verizon Cal. Inc. v. OnlineNIC, Inc.*, No. C 08-2832, 2009 WL 2706393, at *6 (C.D. Cal. Jan. 3, 2013).

### Defendants' Basis of Dispute:

Yuga presents no evidence that Defendants continued to use and promote the rrbayc.com domain after this Court's summary judgement order.  Instead, Yuga merely speculates about Defendants continued activities.  Yuga's speculation is not sufficient grounds to go above the statutory minimum.  Furthermore, Defendants have the right to have a jury determine any amount of statutory damages above the statutory minimum.  See *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998).

Yuga's argument that this Court should award higher statutory damages to deter wrongful conduct further underscores that statutory damages is a legal remedy. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345–47 (1998) (explaining that "monetary relief is legal ... and an award of statutory damages may

1  serve purposes traditionally associated with legal relief, such as compensation and
2  punishment.").

3  Defendants have not engaged in any litigation misconduct. *See generally* Dkt. 348 at 11-15. Defendants' defenses were made reasonably and in good faith. *Id*. All of Defendants' efforts to litigate and settle in good faith were impacted by Yuga's unreasonable demands, including Yuga's demand for a non-disparagement clause and Yuga's ever fluctuating assessment of actual damages. *See* Dkt 286 at 2-3 (asserting damages of $1,792,704 on June 7); Dkt. 287-10 at 4 (asserting damages of $797,183,838 on June 8); Dkt. 315-1 at 2 (dropping actual damages on June 15). This Court acknowledged that Yuga's demand for a non-disparagement clause was "a condition that is quite frankly unreasonable." Hearing Transcript June 16, 2023, at 9:9-12. Furthermore, Yuga has failed to present evidence which shows that Defendants lack respect for this Court or the rule of law. To the contrary, both Defendants fully participated in the pre-trial litigation process, appeared for trial, conducted themselves respectfully, and testified truthfully under oath, as any reasonable litigant would.

**Plaintiff's Response:**

Defendants continued to use and promote the rrbayc.com domain after this Court's summary judgement order. *See* Solano Decl. (Dkt. 342) ¶ 77; Trial Tr. at 57:8-58:6, 58:20-59:19. Even a month after trial, Defendants still advertise rrbayc.com in the profile heading of the Ape Market Twitter profile. See https://twitter.com/ApeMarketplace.

Defendants' contention that this Court may only award the statutory minimum damages is false, as discussed *supra* ¶ 39.

Finally, Defendants' excuses for their egregious litigation misconduct are unavailing. *See infra* ¶ 61-66.

**Defendants' Reply:**

1    Yuga fails to cite credible evidence alleging that Defendants continue to use
2 these domain names.  First, Yuga cites testimony from Mr. Solano, who admitted a
3 trial that he made a false statement regarding Defendants' continued activities.  Trial
4 Tr. [Solano] 48:15-49:4.  Second, Yuga relies on a twitter account which Defendants
5 no longer use.  Both rrbayc.com and apemarket.com are inactive domains. Both URL
6 addresses do not have active websites associate with them.  Yuga's speculation
7 regarding Defendants' continued use is not adequate grounds for relief.
8    Furthermore, Yuga has failed to present evidence which shows that Defendants
9 lack respect for this Court or the rule of law.  To the contrary, both Defendants fully
10 participated in the pre-trial litigation process, appeared for trial, conducted themselves
11 respectfully, and testified truthfully under oath, as any reasonable litigant would.