Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>  Plaintiff,<br><br>  v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>  Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 50**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 50:

An injunction ordering Defendants to transfer domain names and social media accounts to remedy their trademark infringement and cybersquatting is an appropriate form of relief. *See* 15 U.S.C. § 1116; *Smith v. Guerilla Union, Inc.*, No. CV 18-9902 DSF, 2019 WL 1517551, at *4 (C.D. Cal. Apr. 8, 2019); *Entrepreneur Media, Inc. v. Alfonso*, No. 8:21-cv-00644-DOC-(JDEx), 2021 WL 2941983, at *5 (C.D. Cal. July 12, 2021).

### Defendants' Basis of Dispute:

This conclusion of law seeks an overly restrictive injunction that is not tailored to remedy the alleged harm and would impermissibly infringe on Mr. Ripps and Mr. Cahen's First Amendment rights.  Specifically, "[a] trademark injunction . . . can raise serious First Amendment concerns because it can interfere with truthful communication between buyers and sellers in the marketplace. Accordingly, we must ensure that the injunction is tailored to eliminate only the specific harm alleged." *Toyota Motor Sales, U.S.A., Inc. v. Tabari,* 610 F.3d 1171, 1176 (9th Cir. 2010) (cleaned up).  "Prohibition of . . . truthful and non-misleading speech does not advance the Lanham Act's purpose of protecting consumers and preventing unfair competition; in fact, it undermines that rationale by frustrating honest communication . . . ." *Id.* at 1176-77.

An injunction ordering Mr. Ripps and Mr. Cahen to transfer their social media accounts to Yuga would directly infringe on their ability to exercise their First

1   Amendment rights to post their ideas to social media, engage with those that follow
2   them, comment on other users' thoughts, and criticize Yuga.

3         By its own admission, Yuga's suggested injunction here would take away "the
4   right to say 'Bored Ape Yacht Club' again." Trial Tr. [Muniz] 94:5-13.  Such an
5   injunction is not tailored to eliminate the specific harm alleged here of trademark
6   infringement and would be unconstitutionally restrictive.

7         Finally, the law the Yuga cites for support here are dissimilar situations that are
8   not instructive.  *Smith* deals with a cyberpiracy claim where the court sought the
9   transfer of social media accounts that were particularly used for the promotion of the
10  infringing concert.  *Smith v. Guerilla Union, Inc.*, No. CV 18-9902 DSF, 2019 WL
11  1517551, at *1 (C.D. Cal. Apr. 8, 2019).  *Entrepreneur Media* deals with a case where
12  the Defendant failed to defend and default judgment was rendered, which the court
13  considered in determining injunctive relief.  *Entrepreneur Media, Inc. v. Alfonso*, No.
14  8:21-cv-00644-DOC-(JDEx), 2021 WL 2941983, at *1, 5
15  (C.D. Cal. July 12, 2021).

16        **Plaintiff's Response:**

17        Defendants' objections should be rejected because (1) Yuga Labs' proposed
18  injunction does not seek to curtail Defendants' First Amendment rights and (2) Yuga
19  Labs' proposed injunction is tailored to address the irreparable harm done to Yuga
20  Labs and allow it to regain control of its brand.  *See supra* ¶¶ 44-49.

21        Further, as the holder of the BAYC Marks, Yuga Labs has a superior right to
22  the disputed domains.  Defendants admit this conclusion of law.  *See* Dkt. 418-1
23  (undisputed that "[i]n trademark cases involving infringing internet accounts, mark
24  holders have a superior claim of ownership relative to the infringer").  In addition,
25  Yuga Labs does not seek to take away Defendants' personal social media accounts

(@ryder_ripps, @jeremycahen, @pauly0x).[1]  Yuga Labs instead seeks to obtain Defendants' @ApeMarketplace account, which was designed to and continues to promote rrbayc.com and link to a marketplace on which RR/BAYC NFTs are still available for sale.

Defendants' superficial attempts to distinguish *Smith* and *Entrepreneur Media* fail to rebut their holdings that courts have the power to issue a permanent injunction to transfer infringing social media accounts and domain names.  *See also* 15 U.S.C. § 1125(d) ("a court may order . . . the transfer of the domain name to the owner of the Mark.").  The transfer of the domains in an 1125(d) is a standard and statutory remedy.

*Smith* is instructive.  There, defendant continued to make "limited passive use of the Marks without Plaintiff's permission or authorization" including a website and a Twitter handle that infringed on the disputed marks.  Smith, 2019 WL 1517551, at *1.  Like *Smith,* Defendants' use of the @ApeMarketplace Twitter account to promote their infringing NFTs would cause (a) "a likelihood of irreparable harm in the form of 'damages to [Yuga Labs'] trademarks, business reputation, and goodwill,'" (b) legal remedies were not "adequate to compensate for this harm," and (c) an injunction is warranted to "protect the public from likely confusion."  *Smith*, 2019 WL 1517551, at *4; *see supra* ¶ 2 (lines 4, 6-7).  And as in *Smith*, the Court should order that this account be transferred to Yuga Labs as part of the injunctive relief.  Likewise, in *Entrepreneur Media*, providing the infringing domains and social media accounts is necessary because they are "confusingly similar to or contain" Yuga Labs' marks.  *Entrepreneur Media*, 2021 WL 2941983, at *5.  Each of these cases ordered a transfer of the infringing instrumentality just as the Court should order here.

---

[1] Even if Yuga Labs wanted Mr. Ripps' account, he has been permanently suspended by Twitter for sending violent death threats.  See https://twitter.com/ryder_ripps; https://twitter.com/PopPunkOnChain/status/1700226047612977249.

1    Moreover, two other courts have entered similar injunctions against Defendants' business partners. See Judgment and Order for Permanent Injunction Against Ryan Hickman (Dkt. 30), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Aug. 25, 2023); JTX-621 (Consent Judgment and Order for Permanent Injunction Against Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-TWD (N.D.N.Y Feb. 6, 2023)). And in the latter case, Mr. Lehman transferred an infringing webpage to Yuga Labs under the terms of the consent judgment.

**Defendants' Reply:**

Yuga argues that this Court should adopt its injunctive relief terms and cite to the Lehman consent judgment—which was a condition of settlement—and the injunction entered against Mr. Hickman under false pretenses (as explained above)—which was attained via a default judgment. Neither Mr. Lehman and Mr. Hickman were defending themselves against the terms of the overbroad injunction. This cannot be correct. Instead, the Court should look at the shocking breadth of the terms and Yuga's stated intent to prevent Defendants from saying "Bored Ape Yacht Club" ever again. Trial Tr. [Muniz] 94:12-13.

Like the Hickman reference, both of Yuga's cited cases in support are ***default judgment*** cases. In both of those cases, the alleged infringer did not defend themselves, and the cases are of minimal assistance to Yuga. Instead, any injunction must be narrowly tailored to avoid infringing on Defendants' rights. *Toyota Motor Sales, U.S.A., Inc. v. Tabari,* 610 F.3d 1171, 1176 (9th Cir. 2010). An order of this court barring Defendants from using or selling Yuga's marks would suffice.