Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                              Plaintiff,<br><br>        v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                              Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 54, Lines 17:16-18**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 54, lines 17:16-18:**

Defendants retain the tool to continue their infringement. *See* Dkt. 337 ¶8. Thus, Yuga Labs should own the smart contract to prevent any further infringing NFTs to exist.

**Defendants' Basis of Dispute:**

The smart contract for the RR/BAYC NFTs clearly indicates that the creator is Mr. Ripps's wallet and not Yuga's. *See* JTX-1146. Accordingly, there is no support for the statement that retaining the smart contract allows for continued infringement. Additionally, the smart contract is immutable and cannot be changed even if transferred to Yuga. *See* Trial Tr. [Atalay] 133:24-8. Accordingly, an injunction transferring the contract to Yuga would not prevent "any further infringing NFTs" as this conclusion of law claims.

Finally, Yuga's evidence cited is not supportive. They cite to Mr. Atalay's declaration where he states that a smart contract function could be applied to prevent any further minting of the RR/BAYC NFT contract. *See* Atalay Decl. ¶ 8 (Dkt. 337). Transferring the entire smart contract just to perform that function is not a narrowly tailored injunction, however. The more appropriate response is to enjoin Mr. Ripps and Mr. Cahen from minting more RR/BAYC NFTs, which is part of the appropriate injunction proposed by Defendants. *See* Dkt 417 ¶ 145.

**Plaintiff's Response:**

Defendants' objections should be rejected because (1) Yuga Labs' proposed injunction is tailored to address the irreparable harm done to Yuga Labs and allow it

1 to regain control of its brand, and (2) obtaining the RR/BAYC smart contract is an
2 important part of addressing that harm.

3 **Yuga Labs' Proposed Injunction Is Properly Tailored:** A properly tailored
4 injunction must end the irreparable harm done to Yuga Labs' BAYC brand and allow
5 it to regain control of the brand. This includes putting an end to Defendants' sales,
6 promotion, and marketing of infringing NFTs; preventing Defendants from creating
7 any future confusion by minting new infringing NFTs or improperly using Yuga
8 Labs' Marks; alerting consumers that the RR/BAYC NFTs are a scam; and
9 transferring the smart contract and other infringing domains and instrumentalities to
10 Yuga Labs so it once again has sole control over its marks. It is unrebutted that
11 transferring the smart contract to Yuga Labs would allow it to regain control over its
12 brand. The injunctive relief set forth in Yuga Labs' Proposed Findings of Fact and
13 Conclusions of Law would accomplish this. *See* Dkt. 416 at 14-17, 20-23. Indeed,
14 two other courts have entered similar injunctions against Defendants' business
15 partners. *See* Judgment and Order for Permanent Injunction Against Ryan Hickman
16 (Dkt. 30), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Aug.
17 25, 2023); JTX-621 (Consent Judgment and Order for Permanent Injunction Against
18 Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-
19 TWD (N.D.N.Y Feb. 6, 2023)).

20 **Obtaining The RR/BAYC Smart Contract Is An Important Part Of The**
21 **Injunction:** The immutability of the RR/BAYC NFT contract is a major reason the
22 contract should be transferred to Yuga Labs. Without transfer of the contract, the
23 Defendants would forever have control over and a connection to Yuga Labs' BAYC
24 Marks. *See* Solano Decl. (Dkt. 342) ¶ 79. Defendants have no basis for continuing to
25 hold on to the instrumentalities of their bad faith infringement—namely the
26 RR/BAYC smart contract used to manufacture and sell the infringing NFTs, the
27 cybersquatting domains rrbayc.com and apemarket.com, and the @ApeMarketplace
28

account used exclusively to promote RR/BAYC NFTs and Ape Market. Each of these instrumentalities should be under the control of Yuga Labs as the rightful owner of the BAYC Marks.

Defendants' contention that the smart contract indicates the source of the RR/BAYC NFTs as Mr. Ripps' wallet is misleading. The "ryder-ripps.eth" name did not appear on Etherscan until *after* minting, most if not all of, the infringing NFTs. *Compare* JTX-25, *with* JTX-36. More directly, though, the contract will always say Bored Ape Yacht Club and BAYC – Mr. Ripps has no right to forever associate himself with Yuga Labs' trademarks. On the contrary, Yuga Labs explained at trial how ownership of the smart contract will allow Yuga Labs to work with the NFT marketplaces to ensure that the human readable elements of the marketplace clearly indicate that RR/BAYC NFTs are not authentic BAYC NFTs.

Defendants' claim that retaining the smart contract would not result in further infringement is facially invalid. As long as they have the RR/BAYC smart contract, they will continue to be infringing on the BAYC Marks in it. Moreover, ownership and control of the smart contract could allow Defendants to obtain royalties or mint new RR/BAYC NFTs in the future. Thus, transferring the RR/BAYC smart contract from the infringer, Mr. Ripps, to the rightful owner, Yuga Labs will help reduce future confusion.

**Defendants' Reply:**

Yuga's citations to the decisions other courts have held with regard to cases against Mr. Lehman (who settled with Yuga) and Mr. Hickman (who had a default judgment entered against him) are dissimilar to the posture in this case, not binding, and irrelevant. Yuga's demand for transferring the smart contract should be rejected because doing so might not be technically feasible and it is futile. As such, this term runs a high risk of being set as a "trap" for Defendants to fall into as compliance might not be possible. Further, Yuga has admitted that the contract is immutable,

1  which means that the smart contract cannot be changed or modified in any meaningful
2  way, no matter who owns it.  *See* Trial Tr. [Atalay] 134:11-20.  An order that prohibits
3  Defendants from minting anymore RR/BAYC NFTs would be sufficient to prevent
4  Defendants from causing Yuga the injury alleged in this case.  Further, it would be
5  enforceable in court.  Likewise, a prohibition from using the rrbayc.com and
6  apemarket.com domains—both of which are inactive—would suffice and fit the scope
7  of the injury found by the court in this case (subject to defendants' right to appeal).
8  Yuga's argument that an injunction that prevents Defendants from using the marks
9  and domain names in commerce would be insufficient without the smart contract is
10 speculative and wrongly assumes that Defendants would not comply with a court
11 order.  Giving Yuga the smart contract will do nothing to ameliorate any future
12 confusion and in fact would be very difficult and render little pay off for Yuga.