Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

Additional Counsel listed on next page

Attorneys for Plaintiff
YUGA LABS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Conclusion of Law No. 57** <br><br> Judge: Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM                                                    DEFENDANTS' OBJECTIONS

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

Attorneys for Plaintiff

YUGA LABS, INC.

Pursuant to the Court's Order (Dkt. 428) Defendants submit the following objection, response, and reply.

### Plaintiff's Disputed Post Trial Conclusion of Law No. 57:

Yuga Labs is the prevailing party. *See*, *e.g.*, SJ Order at 13, 15, 22. Thus, Yuga Labs is entitled to recover its costs.

### Defendants' Basis of Dispute:

Defendants expressly reserve and reassert all objections made in the parties' Joint Statement Regarding Objections (Dkt. 420).

Defendants acknowledge that this Court granted summary judgment in Yuga's favor on Yuga's false designation claim and Yuga's cybersquatting claim. However, this Court made no determination regarding costs in its summary judgement order. Dkt. 225. Furthermore, Defendants dispute that Yuga satisfied the summary judgment standard and reserve the right to appeal the Court's order. An appellee is no longer a "prevailing party" when a favorable judgment on the merits in a lower proceeding is reversed on appeal. *See*, *e.g.*, *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 373–74 (9th Cir. 1996); *Turner v. McMahon*, 830 F.2d 1003, 1009 (9th Cir. 1987).

Yuga is not entitled to any costs because the equities of this case weight against the award of any costs. Defendants were forced to advance with litigation to trial because of Yuga's unreasonable settlement demand that Defendants surrender their speech rights to criticize Yuga. As the Court itself noted, Yuga's demand for a non-disparagement clause was "a condition that is quite frankly unreasonable." Hearing Transcript June 16, 2023, at 9:9-12.

Defendants also advanced good faith arguments in favor of their positions on both liability and damages. Defendants made a good-faith argument that they were entitled to a *Rogers* defense on free speech grounds— a common defense in trademark cases involving artists and their creations. While this Court disagreed, Defendants advanced this defense based on relevant evidence. *See, e.g.*, Dkt. 163; Dkt. 163-17-31; Dkt. 163-80; Dkt. 163-81.

1  Yuga's litigation misconduct likewise precludes an award of costs under the
2  principles of equity.  During this lawsuit, a Yuga employee threatened the life of Mr.
3  Ripps's father (ultimately forcing Mr. Ripps's father to file a police report).  *See*
4  Ripps Depo. 181:15-182:3.  Yuga's counsel Yuga initially brushed off the issue, then
5  later conceded that a threat did in fact occur.  Dkt. 97 at 4.  But Yuga's harassment of
6  Mr. Ripps's father continued, including serving a facially invalid subpoena on him
7  seeking to compel his trial attendance.

8  Yuga served more than sixteen subpoenas in this action, nearly all of them
9  facially irrelevant and procuring no useful discovery, apparently to harass anyone that
10 is in any way associated with the Defendants.  Yuga targeted people on Twitter
11 whose sole relevance was liking the RR/BAYC project, Defendants' personal
12 accountants, and Mr. Ripps's gallerist.  These parties repeatedly commented on how
13 Yuga's behavior in this lawsuit impacted them personally and that Yuga's conduct
14 was "quite predatory, honestly." Garner Depo. At 190:9-17.

15 Yuga also improperly tried to preclude relevant discovery by making a
16 baseless apex witness argument in an *ex parte* motion for a protective order.  Dkt. 77
17 at 2.  The Court rejected Yuga's request and ordered that Yuga employees Mr.
18 Aronow and Mr. Solano appear for depositions (excusing Mr. Solano only if he had
19 medical complications).  *Id*.  Despite this Court's order, **neither witness appeared**.
20 The Court was clear that failing to appear was sanctionable and ordered Yuga to pay
21 Defendants' expenses if they did not show up.  Dkt. 77 at *2.  Yuga has not done so.

22 Yuga also flouted this Court's Protective Order by improperly designating the
23 entirety of third-party Ryan Hickman's deposition.  This deposition involved no
24 Yuga confidential information.  *See* Dkt. 123-2.  Defendants were forced to file a
25 motion to de-designate, which the Court granted ordering complete de-designation of
26 the transcript and finding that Yuga was wrong to "**hold the transcript hostage**."
27 Dkt. 133 at *2 (emphasis added).
28

1    Yuga also baselessly refused to produce materials relating to third-party
Thomas Lehman's declaration.  Defendants filed a motion to compel once Yuga
disclosed the declaration and sought expedited review.  The Court denied the motion
and recommended deposing Mr. Lehman in "the last week of March before the April
1, 2023 discovery cut-off date." Dkt. 119 at 2.  The Court ultimately granted
Defendants' motion, holding that Yuga waived any claim to confidentiality due to its
"unfettered use of Lehman's declaration[.]" Dkt. 159 at 2.  After Yuga belatedly
made its court-ordered production, Defendants took Mr. Lehman's deposition. But
because of Yuga's delay, the deposition testimony—which raised genuine disputes of
fact—was unavailable for consideration at summary judgment. *See* Dkt. 215 at 2.

Throughout the course of this litigation, Yuga also made repeated baseless
threats of fees and sanctions.  Yuga has unsuccessfully asked the Court to impose
sanctions **six times**.  *See* Dkt. 98-1 at 4; Dkt. 109; Dkt. 113 at 9; Dkt. 116 at 6-8; Dkt.
122 at 4-5; Dkt. 198 at 4; Dkt. 210 at 18-20.  Every request was denied.

Given Defendants' good faith arguments and Yuga's litigation misconduct,
Defendants respectfully request that the Court hold that the principles of equity do not
mandate an award of costs.

**Plaintiff's Response:**

Given that "Defendants expressly reserve and reassert all objections made in its
Joint Statement Regarding Objections (Dkt. 420)", Yuga Labs expressly reserves and
reasserts all of its responses to those objections as stated in Dkt. 420.  Regardless,
Defendants' objection should be rejected because (1) the Court has already found
Yuga Labs to be the prevailing party; (2) Defendants' exceptional case objections are
irrelevant and lack merit; and (3) Defendants improperly contradict facts stipulated to
in the Pre-Trial Conference Order.

**The Court Has Already Found Yuga Labs To Be The Prevailing Party:** In
that order, the Court held that Yuga Labs owns its BAYC Marks, that NFTs are goods
for the purpose of the Lanham Act, that Yuga Labs used those marks in commerce,

1. and that Yuga Labs has not abandoned its marks. *Id*. at 6-10.  The Court also held that
2. "Defendants have admitted that they intentionally used the BAYC Marks in their
3. RR/BAYC NFTs." *Id*. at 11.  The Court "easily conclude[d]" that Defendants' use of
4. identical marks, on identical products, in identical markets supported a finding of a
5. likelihood of confusion. *Id*. at 10-13.  That order establishes the matters adjudicated
6. therein for purposes of this case.  Fed. R. Civ. P. 56(g) (district courts partially
7. adjudicating case on a summary judgment motion may "enter an order stating any
8. material fact — including an item of damages or other relief — that is not genuinely
9. in dispute and treating the fact as established in the case"); *accord Nat'l Union Fire*
10. *Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1051
11. (C.D. Cal. 2011); *Singh v. George Washington Univ. Sch. Of Med. & Health Scis.*,
12. 508 F.3d 1097, 1106 (D.C. Cir. 2007) ("Facts found on partial summary judgment are
13. taken as established at trial.").
14.     Defendants did not move the Court to reconsider its holdings.  Nevertheless,
15. Defendants refuse to accept the Court's order, unnecessarily burdening the Court and
16. Yuga Labs by attempting to relitigate these issues at trial and in post-trial filings as if
17. the Court's order does not exist.  Defendants' tactics are inconsistent with the very
18. purpose of a partial summary judgment order, which is "intended to avoid a useless
19. trial of facts and issues over which there was really never any controversy and which
20. would tend to confuse and complicate a lawsuit." *Peliculas Y Videos Internacionales,*
21. *S.A. de C.V. v. Harriscope of Los Angeles, Inc.*, 302 F. Supp. 2d 1131, 1133 (C.D.
22. Cal. 2004) (quoting *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir.1981))
23. (emphasis added).  Defendants' authorities do not support their position.  See *Sienze v*
24. *Kutz*, No. 1:17-CV-0736-AWI-SAB, 2019 WL 1332184 at *3 (E.D. Cal. Mar. 25,
25. 2019) ("evidence concerning issues resolved at summary judgment is **generally not**
26. **relevant and should be excluded**" at trial) (emphasis added); *Shouse v. Ljunggren,*
27. 792 F.2d 902, 904 (9th Cir. 1986) (discussing applicability of the law of the case
28. doctrine where a case is assigned to a new judge).

| | |
|---|---|
| 1 | "The partial summary judgment is merely a pretrial adjudication that certain |
| 2 | issues shall be deemed established for the trial of the case and likewise serves the |
| 3 | purpose of speeding up litigation by eliminating before trial matters wherein there is |
| 4 | no genuine issue of fact." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1203 n.9 (9th Cir. |
| 5 | 2009) (alteration citation omitted). Defendants' repeated attempts to ignore or undo |
| 6 | the Court's Order "speeding up litigation" is a dilatory and abusive litigation tactic |
| 7 | that has unjustifiably increased the cost of resolving this case. |
| 8 | Nevertheless, Defendants forced the Court and the parties to re-litigate this |
| 9 | decided issue. As discussed herein, the evidence the Court can consider following the |
| 10 | trial amply supports this factual finding. Thus, the outcome on this issue after trial is |
| 11 | no different than it was after Yuga Labs' Motion for Summary Judgment. |
| 12 | Defendants' objection should be rejected because the evidence shows that Defendants |
| 13 | intended to confuse consumers. |
| 14 | Defendants have no basis to dispute that Yuga Labs prevailed on its false |
| 15 | designation of origin and cybersquatting claims. The authorities cited by Defendants |
| 16 | do not support their absurd position that a prevailing party can only be determined on |
| 17 | appeal or that only circuit courts have authority to award attorneys' fees. *Cf. San |
| 18 | Diego Comic Convention v. Dan Farr Prods.*, 807 F. App'x. 674, 676 (9th Cir. 2020) |
| 19 | (affirming district court's award of attorneys' fees in exceptional case). |
| 20 | **Defendants' Exceptional Case Objections Are Irrelevant And Lack Merit:** |
| 21 | The remainder of Defendants' objections are irrelevant to this issue and, in any event, |
| 22 | lacks any merit. *See infra* ¶¶ 61-66. For instance, Defendants complain that Yuga |
| 23 | Labs subpoenaed Mr. Ripps' "gallerist" neglecting to mention that Defendants first |
| 24 | disclosed this person as a witness on their own initial disclosures; Defendants also |
| 25 | complain that Yuga Labs took the deposition of Mr. Ripps' "part-time, one-week |
| 26 | general assistant (whom Yuga insisted on deposing)," even though they now claim |
| 27 | that trial that Mr. Garner's services were essential expenditures such that a deduction |
| 28 | in disgorgement is warranted. These are not good-faith positions. |

| | |
|---|---|
| 1 | **Defendants Improperly Contradict Facts Stipulated to in the Pre-Trial** |
| 2 | **Conference Order**: Defendants' objections contradict their own stipulations in the |
| 3 | proposed pre-trial conference order.  *See* Dkt. 320-1.  In that order, Defendants |
| 4 | admitted that Yuga Labs is the creator of the Bored Ape Yacht Club NFT collection |
| 5 | and owner of the BAYC Marks.  *Id.* at 2-3.  Defendants further admitted that "[t]he |
| 6 | Court has determined that Defendants infringed the BAYC Marks" and "that |
| 7 | Defendants' registration and use of the domain names https://rrbayc.com and |
| 8 | https://apemarket.com constituted cybersquatting under the Anti-Cybersquatting |
| 9 | Consumer Protection Act."  *Id.* at 13.  As such, Defendants have waived their right to |
| 10 | now argue that they were not liable for infringing upon Yuga Labs' marks or |
| 11 | cybersquatting under the ACPA.  *See U.S. First Nat. Bank or Circle*, 652 F.2d 882, |
| 12 | 886 (9th Cir. 1981) ("[N]or may a party offer evidence or advance theories at the trial |
| 13 | which are not included in the [pre-trial conference] order *or which contradict its* |
| 14 | *terms.*") (emphasis added).  Defendants' attempt to now avoid liability after admitting |
| 15 | to it clearly contradict the terms of the pre-trial conference order.  Defendants' sudden |
| 16 | refusal to accept a stipulated fact is a dilatory and abusive litigation tactic that |
| 17 | unjustifiably increases the cost of resolving this case.  Defendants' actions again make |
| 18 | this an exceptional case.  The Court should reject Defendants' objection. |
| 19 | **Defendants' Reply:** |
| 20 | Defendants expressly reserve and reassert all replies made in the parties' Joint |
| 21 | Statement Regarding Objections (Dkt. 420). |
| 22 | Yuga provides almost no context for its litigation misconduct.  This is |
| 23 | unsurprising because its repeated abuses of the litigation process were unreasonable |
| 24 | and unjustifiable.  Yuga has engaged in several egregious acts in this litigation |
| 25 | including (1) threatening to kill Mr. Ripps and his 72-year-old father, (2) harassing |
| 26 | sixteen facially irrelevant third parties, (3) improperly holding the deposition |
| 27 | transcript of Mr. Hickman "hostage" as this Court has described it, (4) not showing up |
| 28 | to deposition despite Court orders requiring them to do so, (5) baselessly refusing to |

1  produce materials, (6) Yuga's demand for a non-disparagement clause in an effort to
2  take away Defendants' speech rights, and (7) having made six baseless threats of fee
3  and sanctions, all of which the Court has denied.  Given Yuga's numerous instances
4  of litigation misconduct, the principles of equity mandate against an award of costs.
5      Yuga's response also fails to rebut that a party is no longer a "prevailing party"
6  when a favorable judgment on the merits in a lower proceeding is reversed on appeal.
7  *See*, *e.g.*, ., *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 373–74 (9th Cir. 1996)
8  (directing award of attorneys' fees in district court to be vacated once appellees lost on
9  their appeal); *Turner v. McMahon*, 830 F.2d 1003, 1009 (9th Cir. 1987) (same).
10 Defendants do not dispute that summary judgment has been entered in this case.
11 However, Defendants reserve the right to appeal and the outcome the appeal may
12 change who is the prevailing party in this action.
13     And lastly, Defendants do not contradict the pre-trial conference order.  Yuga
14 attempts to mischaracterize the Court record by citing to the pre-trial conference
15 order.  But **nowhere** in the pre-trial conference order did Defendants stipulate to
16 ownership of the BAYC marks.  Section 6 of the order contains all stipulated facts and
17 those stipulated facts include only that Yuga released the BAYC collection and
18 various facts about Defendants' activities associated with the RR/BAYC collection.
19 Dkt. 320-1 at 3-4.  Yuga points to Section 5, which is the admitted facts section, but
20 this section again does not contain any admissions regarding "ownership" of the
21 marks.  Rather it merely identifies the asserted marks at issue for the remedies trial—
22 something that Defendants admitted in light of the scope of the remedies trial and to
23 ease this Court's work in adjudicating the remaining issues.  Dkt. 32-1 at 2-3.  Lastly,
24 Yuga cites to Defendants' statement that the "Court has determined that Defendants
25 infringed the BAYC Marks" and similar statements involving Yuga's cybersquatting
26 claim.  Dkt. 320-1 at 13.  But again, this is not an admission of ownership or
27 infringement, it is a statement regarding the procedural history in this case that
28 explains that the scope of trial is limited to remedies and does not include

1  infringement.  Had Defendants wanted to stipulate to ownership or infringement, they
2  would have clearly and expressly done so—they have not.  Defendants reserve the
3  right to dispute ownership and infringement on appeal and in any other proceedings
4  involving the BAYC marks.

Dated: October 5, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

Dated: October 5, 2023

FENWICK & WEST LLP

By: /s/ *Eric Ball*
Eric Ball
eball@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Fax: (650) 938-5200

Attorneys for Plaintiff
YUGA LABS, INC.

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000