1 | Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
2 | Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
3 | Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
4 | Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
5 | **WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
6 | 60 State Street
Boston, MA 02109
7 | Telephone: (617) 526-6000
Fax: (617) 526-5000
8 |
9 | Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
10 | henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING**
11 |  **HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
12 | Los Angeles, CA 90071
Telephone: (213) 443-5300
13 | Fax: (213) 443-5400

14 | Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | Case No. 2:22-cv-04355-JFW-JEM <br><br> **Defendants' Objections to Disputed Conclusion of Law No. 59** <br><br> Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

### Plaintiff's Disputed Post Trial Conclusion of Law No. 59:

Here, Yuga Labs is the prevailing party on its claims for false designation of origin and cybersquatting. *See* SJ Order at 13, 15, 22.

### Defendants' Basis of Dispute:

While Yuga was the prevailing party on its false designation of origin and cybersquatting claims, that alone does not support an exceptional case finding. *See Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (C.D. Cal. 2017) (rejecting exceptional case finding in trademark case because claims were not "frivolous"). Yuga's arguments risk making the exceptional case the normal case because it would collapse victoriousness on the underlying claim and frivolousness.

Further, Defendants intend to file an appeal in this matter and it is premature to deem Yuga the prevailing party prior to appeal. An appellee is no longer a "prevailing party" when a favorable judgment on the merits in a lower proceeding is reversed on appeal. *See*, *e.g.*, *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 373–74 (9th Cir.1996) (directing award of attorneys' fees in district court to be vacated once appellees lost on their appeal); *Turner v. McMahon*, 830 F.2d 1003, 1009 (9th Cir. 1987) (same). Thus, it is premature to award attorneys' fees.

### Plaintiff's Response:

Defendants have no basis to dispute that Yuga Labs prevailed on its false designation of origin and cybersquatting claims. The authorities cited by Defendants do not support their absurd position that a prevailing party can only be determined on

appeal or that only circuit courts have authority to award attorneys' fees. *Cf. San Diego Comic Convention v. Dan Farr Prods.*, 807 F. App'x. 674, 676 (9th Cir. 2020) (affirming district court's award of attorneys' fees in exceptional case).

The remainder of Defendants' objection is irrelevant to this issue and, in any event, lacks any merit. *See infra* ¶¶ 61-66.

**Defendants' Reply:**

Yuga does not answer Defendants' objection that its position risks collapsing a winning position and a position that supports an exceptional case finding. As discussed in more detail below, this district generally requires a finding of frivolousness. *Anhing Corp. v. Viet Phu, Inc.*, No 13-CV-04348-BRO-JCGx 2017 WL 11630841 at *4-5 (C.D. Cal. 2017) (rejecting exceptional case finding in trademark case because claims were not "frivolous"); *D.N. v. Los Angeles Unified Sch. Dist.*, No. 18-cv-01582-AB-AFMx, 2019 WL 7841083 at *2 (C.D. Cal. Sept. 25, 2019). Merely pointing to success is simply insufficient to carry its burden to prove that Defendants' legal positions were frivolous in the exceptional case context. As such, this legal conclusion standing alone does not support an exceptional case finding.