Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>                    Plaintiff,<br><br>     v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>                    Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. 62, Lines 18:23-25**<br><br>Judge: Hon. John F. Walter |

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. 62, lines 18:23-25:**

Even after the filing of this lawsuit and the SJ Order, Defendants continued to promote their infringing RR/BAYC NFTs and Ape Market. *See AANP v. Am. Ass'n of Naturopathic Physicians*, 37 F. App'x. 893, 894 (9th Cir. 2002); *see, e.g.,* JTX-1048; Dkt. 342 ¶77.

**Defendants' Basis of Dispute:**

It is undisputed that ApeMarket never sold a single NFT and never existed as a functional market. Ripps Decl. ¶¶ 180-81 (Dkt. 346) (uncontested); Trial Tr [Muniz] 85:8-23. Yuga's citations to the record do not assist its claims, JTX-1048 is not a promotion of ApeMarket, but instead is a Tweet using the common "virgin/Chad" meme format. This meme format is used to show the difference between a "cool" and "uncool" point of view and was supposed to highlight the how uncool Yuga Labs and the BAYC collection are. It does not link to apemarket.com—which, as is undisputed by the parties at the time of the Tweet was a non-existent website)—nor does it promote apemarket.com, but instead highlights criticism of Yuga.

Yuga's reliance on Mr. Solano's declaration for support serves no better. His declaration cites to JTX-696 which is a screenshot of the Apemarket Twitter account. However, this only shows tweets dating up to June 20, 2022. Yuga provides no citation for its point that Defendants promoted RR/BAYC sales, which Defendants have not profited from recently. Yuga's claim about continued promotion is factually incorrect and therefore cannot support an exceptional case finding. Moreover, Mr. Solano's testimony was not credible given the many false and misleading statements

1  contained in his declaration, as well as his repeated impeachment at trial.  For
2  example, Mr. Solano was also forced to concede on cross examination that his sworn
3  declaration included a false statement claiming that "Defendants continue to receive
4  royalties or creator fees from sales on secondary marketplaces."  Trial Tr. [Solano]
5  48:15-49:4. Mr. Solano also relied on the phrase "business venture" in Mr. Lehman's
6  declaration, without having considered that the phrase "business venture" was selected
7  by Yuga's counsel, and that Mr. Lehman would have liked to use different words.
8  Trial Tr. [Solano] 40:3-14.  Mr. Solano also relied on Mr. Lehman's declaration
9  without having considered that Mr. Lehman knew he could not settle his case without
10 executing a declaration concerning matters of Yuga's choosing (Trial Tr. [Solano]
11 38:14-16) and that Mr. Lehman was afraid for his family at the time he signed his
12 declaration, because Yuga's lawsuit against him would be disastrous to his family and
13 himself, even if Mr. Lehman won (Trial Tr. [Solano] 38:17-19).  Mr. Solano also
14 lacks credibility as a result of his repeated impeachment at trial.  Solano Decl.; Trial
15 Tr. [Solano] 32:19-33:11 ("Q You don't even know, sir, whether Bored Ape V3 was
16 created by Ryder Ripps or not, do you? A Yes, I do. Q Let's see what you said at your
17 deposition, if we could. You gave a deposition in this case; right? A Yes. Q And you
18 swore an oath to tell the truth, same oath as today; right? A Yes. Q If we look at your
19 deposition–- and we can pull it up on the screen–- at page 152, starting at line 13
20 'QUESTION:  Was the Bored Ape V3 created by Ryder Ripps?' There's an objection
21 from your counsel. 'ANSWER:  I don't know.' Was that your testimony at your
22 deposition? A Yes." ); *id.* at 34:9-19 ("[Q] Do you know whether Ape Market exists?
23 A We have the code for Ape Market from Tom Lehman, yes. Q Take a look at your
24 deposition at page 116, lines 5 through 6. 'QUESTION:  Do you know whether Ape
25 Market exists? 'ANSWER:  I don't recall.' Were you asked that question, and did you
26 give that answer? A Yes.").
27       **Plaintiff's Response:**
28

Case No. 2:22-cv-04355-JFW-JEM                -2-                DEFENDANTS' OBJECTIONS

Defendants' objection should be rejected because (1) the evidence shows that Defendants continued to promote RR/BAYC NFTS and Ape Market and (2) Mr. Solano's testimony is credible.

**Defendants Continued To Promote RR/BAYC NFTs:** Yuga Labs has reason to believe that Defendants will continue to harm Yuga Labs or repeat their fraud. Defendants continued to market RR/BAYC NFTs after this case began. JTX-1048 (Mr. Cahen retweeted a post in January 2023 from @ApeMarketplace on Twitter promoting Ape Market as coming "soon"), JTX-1315, JTX-1613, JTX-1615 (Mr. Cahen promoting RR/BAYC NFT sales on OpenSea Pro in April 2023); Solano Decl. (Dkt. 342) ¶¶74-75. And they continued to market RR/BAYC NFTs after this Court's summary judgement order. *See* Solano Decl. (Dkt. 342) ¶ 77; Trial Tr. at 57:8-58:6, 58:20-59:19. Even a month after trial, Defendants still advertise rrbayc.com in the profile heading of the Ape Market Twitter profile. *See* https://twitter.com/apemarketplace. As explained above, this account was created to promote the Ape Market marketplace and their infringing RR/BAYC NFTs. *See supra* ¶ 7(h) (lines 4:22-25). Following this trend, their infringement will likely continue, resulting in further harm to Yuga Labs. And their ownership of the RR/BAYC smart contract guarantees future harm. Solano Decl. (Dkt. 342) ¶¶ 46, 78-79.

**Mr. Solano Is A Credible Witness:** Mr. Solano's testimony is credible. The vast majority of Mr. Solano's testimony detailing the harm to Yuga Labs because of Defendants' intentional and repeated use of the BAYC Marks is undisputed and went unchallenged by Defendants. Indeed, many of Defendants' objections to Mr. Solano's trial declaration based on a purported lack of personal knowledge were overruled at trial, "including JTX-1," Mr. Lehman's declaration. Trial Tr. 12:10-12. This is because Mr. Solano was referring to Defendants' own words promoting their infringement. *See also, supra* ¶ 4.

**Defendants' Reply:**

It is undisputed that ApeMarket never sold a single NFT and never existed as a functional market. Ripps Decl. ¶¶ 180-81 (Dkt. 346) (uncontested); Trial Tr [Muniz] 85:8-23. It does violence to the English language to claim that an account that has not Tweeted since before summary judgment was granted is actively promoting Ape Market—which never existed, or RR/BAYC. Further, it is undisputed that Defendants have not received royalties on RR/BAYC NFTs for several months. Mr. Solano was forced to admit as much Trial Tr. [Solano] 48:15-49:4. There was no misrepresentation of Mr. Solano's testimony. He was asked whether he made the statement that royalties were increasing, he said he did and acknowledged that it was a mistruth. *Id*.

Mr. Solano is not a credible witness. At trial, Mr. Solano admitted that he committed a mistruth in his sworn declaration of trial testimony when he was forced to concede on cross-examination that his sworn declaration included a false statement claiming that Defendants continue to receive royalties from sales on secondary marketplaces:

> Q. And you understand that Mr. Ripps and Mr. Cahen have testified that they do not currently receive any royalties or creator fees from sales on secondary marketplaces; right?
>
> A. Yes.
>
> Q. So you don't have any basis for your statement that their profits continue to increase; correct?
>
> A. It's my understanding that they were collecting royalties or creator fees from LooksRare for quite a while. Although, those were supposed to be donated to charity and never were.
>
> Q. **They don't continue to increase; correct, sir?**
>
> A. **Correct.**

> Q. *That statement, that part of your witness statement is incorrect; right?*
>
> A. *Yes.*

Trial Tr. [Solano] 48:15-49:4 (emphasis added). Mr. Solano also relied on the phrase "business venture" in Mr. Lehman's declaration, without having considered that the phrase "business venture" was selected by Yuga's counsel, and that Mr. Lehman would have liked to use different words. Trial Tr. [Solano] 40:3-14. Mr. Solano also relied on Mr. Lehman's declaration without having considered that Mr. Lehman knew he could not settle his case without executing a declaration concerning matters of Yuga's choosing (Trial Tr. [Solano] 38:14-16) and that Mr. Lehman was afraid for his family at the time he signed his declaration, because Yuga's lawsuit against him would be disastrous to his family and himself, even if Mr. Lehman won (Trial Tr. [Solano] 38:17-19). Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr. [Solano] 32:19-33:11 ("Q You don't even know, sir, whether Bored Ape V3 was created by Ryder Ripps or not, do you? A Yes, I do. Q Let's see what you said at your deposition, if we could. You gave a deposition in this case; right? A Yes. Q And you swore an oath to tell the truth, same oath as today; right? A Yes. Q If we look at your deposition -- and we can pull it up on the screen -- at page 152, starting at line 13 'QUESTION: Was the Bored Ape V3 created by Ryder Ripps?' There's an objection from your counsel. 'ANSWER: I don't know.' Was that your testimony at your deposition? A Yes."); *id*. at 34:9-19 ("[Q] Do you know whether Ape Market exists? A We have the code for Ape Market from Tom Lehman, yes. Q Take a look at your deposition at page 116, lines 5 through 6. 'QUESTION: Do you know whether Ape Market exists? 'ANSWER: I don't recall.' Were you asked that question, and did you give that answer? A Yes."). Mr. Solano's testimony regarding allegations of confusion (Trial Tr. [Solano] 5:14-54:22) have also

been rebutted. Mr. Solano could not identify a single person that ever bought an RR/BAYC NFT believing it was a Yuga NFT. Trial Tr. [Solano] 18:23-19:1. In fact, no one has been able to identify a single confused consumer in the entirety of this case. *See* Trial Tr. [Yuga's witnesses] 11:3-203:24.

Lastly, Yuga's bald assertion that "infringement is likely to continue" should be rejected out of hand because it relies on a wrongful assumption that Defendants will not comply with court orders.