Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300

Additional Counsel listed on next page

Attorneys for Plaintiff
YUGA LABS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. IV Conclusion**<br><br>Judge: Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM　　　　　　　　　　　　　　DEFENDANTS' OBJECTIONS

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

Attorneys for Plaintiff

YUGA LABS, INC.

Case No. 2:22-cv-04355-JFW-JEM                    DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order (Dkt. 428) Defendants submit the following objection, response, and reply.

### Plaintiff's Disputed Post Trial Conclusion of Law No. IV Conclusion:

For the reasons explained above, it is hereby ORDERED THAT Defendants pay to Plaintiff:

1. $1,375,361.92 in Defendants' profits;

2. $200,000 in statutory damages;

3. Attorneys' fees;

4. Costs; and

5. Pre- and post-judgment interest.

The amount of Yuga Labs' fees and costs shall be determined after Yuga Labs files a separate fee application no later than thirty (30) days from the date of this order and judgment.

### Defendants' Basis of Dispute:

Defendants expressly reserve and reassert all objections made in its Joint Statement Regarding Objections (Dkt. 420).

Yuga's proposed award is inconsistent with the evidence at trial and applicable law. **First**, for the reasons provided in *supra* ¶ 37, Yuga is not entitled to disgorgement because Yuga has not shown the absence of an adequate remedy at law.

**Second**, for the reasons provided in *supra* ¶ 37 and 7(a), Yuga cannot obtain disgorgement because Defendants' intent was to protest Yuga, not to cause confusion.

**Third**, for the reasons provided in *supra* ¶ 37, Yuga is not entitled to disgorgement because Yuga failed to show that any of the RR/BAYC profits are attributable to infringement.

**Fourth**, for the reasons provided in *supra* ¶ 41, Yuga is not entitled to more than the statutory minimum for its cybersquatting claim.

***Fifth***, for the reasons provided *supra* ¶ 61, in Yuga is not entitled to any costs or fees because this is not an exceptional case given, Yuga's insistence on a non-disparagement clause, Defendants having put forward reasonable arguments, Defendants litigation against a moving target (including damages in excess of $800 million), Yuga's repeatedly failed motions, and Yuga's panoply of litigation misconduct.

Yuga exacerbated its litigation misconduct by presenting false testimony at trial in the form of its Declaration of Greg Solano. Mr. Solano conceded on cross examination that his declaration included untrue statements, and he was repeatedly impeached at trial. For example, Mr. Solano was also forced to concede on cross examination that his sworn declaration included a false statement claiming that "Defendants continue to receive royalties or creator fees from sales on secondary marketplaces." Trial Tr. [Solano] 48:15-49:4; *see also* Trial Tr. [Solano] 40:3-14; Trial Tr. [Solano] 38:14-16; Trial Tr. [Solano] 38:17-19. Mr. Solano also lacks credibility as a result of his repeated impeachment at trial. Solano Decl.; Trial Tr. [Solano] 32:19-33:11; *id*. at 34:9-19.

***Sixth***, Yuga's proposed judgment improperly omits that Defendants are entitled to a finding of no willfulness. Courts have repeatedly recognized that "willfulness is an issue for the jury." *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018). Yuga's waiver of "all legal remedies" thus waived any claim of willful infringement, and Defendants are thus entitled to a judgment of no willfulness. *See also* Dkt. 236 at 13.

**Plaintiff's Response:**

Given that "Defendants expressly reserve and reassert all objections made in its Joint Statement Regarding Objections (Dkt. 420)", Yuga Labs expressly reserves and reasserts all of its responses to those objections as stated in Dkt. 420. Regardless, Defendants' objection should be rejected because (1) the availability of actual

damages is not a bar to recovery for disgorgement; (2) Defendants were intentional infringers; (3) there is ample evidence of confusion in the record, which is unrebutted by Defendants' evidence; (4) the Court may award more than the minimum statutory damages; (5) Yuga Labs has proven that this is an exceptional case; (6) willfulness is no longer at issue in this case, and (7) Defendants fail to impeach Mr. Solano's accurate testimony.

**The Availability Of Actual Damages Is Not A Bar To Recovery For Disgorgement:** There is no requirement for an absence of an "adequate remedy at law" to obtain disgorgement. *See supra* ¶ 31. To receive Defendants' profits, Yuga Labs' only burden is to "establish[] the defendant's gross profits from the infringing activity with reasonable certainty." *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1408 (9th Cir. 1993). Through at least the testimony of Ms. Kindler, Yuga Labs has met its burden. *See supra* ¶¶ 31, 36.

**Defendants Were Intentional Infringers:** In granting Yuga Labs' motion for summary judgment, this Court held that Defendants intended to deceive consumers. SJ Order (Dkt. 225) at 12; *supra* ¶ 7. Likewise, Defendants' private communications show they knew they were using the BAYC Marks in a way that was likely to confuse consumers and did so with the intent to profit from their infringement. *See supra* ¶ 7. Defendants' attempts to shift the blame onto third party infringers, claim that they believed they had the right to use the BAYC Marks, or claim that their infringement is "art" have all been rejected, and should be rejected once again. *Id*.

**There Is Ample Evidence Of Confusion In The Record, Which Is Unrebutted By Defendants' Evidence:** Yuga Labs produced ample documentary and testimonial evidence demonstrating consumer confusion. *See supra* ¶ 11(e). Defendants do not offer any admissible or credible evidence to rebut the evidence that consumers believed, or were likely to believe, RR/BAYC was affiliated with or

sponsored by Yuga Labs, nor do they rebut evidence of initial interest or post-sale confusion. *Id*.

**The Court May Award More Than The Minimum Statutory Damages:** Statutory damages are an equitable remedy and courts are not required to refer the issue of statutory damages to a jury. *See Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014); *Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc.*, No. CV 10-3738-AB (CWX), 2015 WL 12697732, at *3 (C.D. Cal. Apr. 10, 2015); *See supra* ¶ 39. To the contrary, Ninth Circuit precedent demonstrates that Courts have the authority to award more than the minimum statutory damages for ACPA claims, even after a bench trial. *See Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09-08982, 2010 WL 11597623, at *10 (C.D. Cal. Nov. 19, 2010); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1108 (S.D. Cal. 2012). The Court may award statutory damages as "the court considers just." 15 U.S.C. § 1117(d).

**Yuga Labs Has Proven That This Is An Exceptional Case:** Defendants engaged in egregious litigation misconduct justifying a finding that this is an exceptional case. *See supra* ¶ 61-66. And Defendants' attempts to evade responsibility for their egregious litigation misconduct by pointing a finger at Yuga Labs has no relevance. *Id*. The losing party in a Lanham Act case cannot defend against an exceptional case finding by accusing the prevailing party of engaging in similar misconduct. *See Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022).

**Willfulness Is No Longer At Issue In This Case:** The Court has already found Defendants' infringement was willful. *See* SJ Order at 12; *see also Lindy Pen*, 982 F.2d at 1405-06 (willfulness "carries a connotation of deliberate intent to deceive. Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard."). Regardless, Defendants intended to confuse consumers. *See supra* ¶ 7.

1 **Mr. Solano Is A Credible Witness:** Mr. Solano's testimony is credible. *See supra* ¶ 1 (lines 1:21-24). The vast majority of Mr. Solano's testimony detailing the harm to Yuga Labs because of Defendants' intentional and repeated use of the BAYC Marks is undisputed and supported by other record evidence. *Id*. The few arguments Defendants raise claiming his testimony is not credible are meritless. *Id*.

**Defendants' Reply:**

Defendants expressly reserve and reassert all replies made in the parties' Joint Statement Regarding Objections (Dkt. 420).

Contrary to Yuga's argument, the Supreme Court has held that disgorgement is not available unless there is "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). And the rule set forth in *Dairy Queen* has been applied to awarding defendant's profits under the Lanham Act. *See Hunting World Inc. v. Reboans, Inc.*, No. C 92-1519 (BAC), 1994 WL 763408, at *2-3 (N.D. Cal. Oct. 26, 1994).

Legal remedies were available in this case. Yuga expressly asserted and offered expert testimony in support of legal remedies (including a claim for actual damages that its expert was able to quantify), which it then voluntarily relinquished. Dkt. 315-1 at 2 ("Yuga Labs is withdrawing all legal remedies"); Trial Tr. [Kindler] 172:14-17, 173:1-8, 174:4-7, 175:17-19. Having abandoned available legal remedies, Yuga cannot obtain disgorgement. *See Hunting World Inc.*, 1994 WL 763408, at *2-3 ("[A]lthough Plaintiff has waived the right to collect damages, this does not render the claim purely equitable because, as discussed above, this is a statutory claim. Again, because the statutes provide adequate remedies, a purely equitable claim may not be maintained.").

Yuga's discussion about whether Defendants were "intentional infringers" is irrelevant and highlights that Yuga failed to show the proper type of intent for disgorgement damages. Disgorgement is only warranted in cases of "conscious

1  wrongdoers." *MGA Ent. Inc. v. Harris*, No. 2:20-cv-11548-JVS (AGRx), 2022 WL
2  4596697, at *17 (C.D. Cal. July 29, 2022). Disgorgement is, therefore, not an
3  available remedy here because – as the evidence showed at trial - neither Mr. Ripps
4  nor Mr. Cahen is a "conscious wrongdoer." *See* Ripps Decl. ¶¶ 144, 147, 158-176
5  (Dkt. 346) (uncontested); Cahen Decl. ¶ 131, 145-155 (Dkt. 344); JTX-801.00010,
6  012-13, 146, 196, 240, 276, 328-29, 353-354; JTX-803.0003-05, 08, 29-30. Likewise
7  whether Defendants acted willfully is at issue, except to the extent that Yuga failed to
8  seek it. Regardless, Defendants intent is at issue because Yuga seeks intent-laden
9  relief. *See Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020).

10      Yuga's right to statutory damages is capped at the minimum because it elected
11  to surrender legal remedies. *See* Dkt. 315-I. A court's discretion in awarding
12  damages is curbed by Defendants' rights, including Defendants' Seventh Amendment
13  right to a jury trial. Statutory damages are legal remedies for which there is a right to
14  a jury trial. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353
15  (1998) ("[t]he right to a jury trial includes the right to have a jury determine the
16  amount of statutory damages") (emphasis in original). However, a jury trial is not
17  required in instances when a plaintiff elects to accept the minimum amount of
18  statutory damages. *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011).
19  Here, the Court has discretion to award statutory minimum damages of $1,000 for
20  each of the two cybersquatting violations that the Court found (Dkt. 225 at 13-15), for
21  a total of $2,000. *See* 15 U.S.C. § 1117(d) (permitting "award of statutory damages in
22  the amount of not less than $1,000"). Defendants never surrendered their right to a
23  jury trial, and therefore this Court has no discretion to award more than what Yuga
24  implicated elected—the minimum.

25      Yuga has failed to prove that it is entitled to an exceptional case finding. First,
26  the case they cite in favor of ignoring their own misconduct holds precisely the
27  opposite. That case holds, "The Court also considers the conduct of **both parties**
28

throughout the case." *Jackson v. Gaspar*, No. 2:19-CV-10450-DOC-E, 2022 WL 2155975, at *5 (C.D. Cal. Feb. 24, 2022). Yuga has done no more than demonstrate that it won at summary judgment and not that Defendants put forward frivolous arguments. Yuga's misconduct should also preclude such a finding.

Mr. Solano is not a credible witness. At trial, Mr. Solano admitted that he committed a mistruth in his sworn declaration of trial testimony when he was forced to concede on cross-examination that his sworn declaration included a false statement claiming that Defendants continue to receive royalties from sales on secondary marketplaces. *See* Trial Tr. [Solano] 48:14-49:4. Mr. Solano also premised much of his declaration on Mr. Lehman's extraordinarily flawed declaration to support his sweeping assertions without realizing that it was drafted by Yuga's counsel, as a condition of settlement, using words that Mr. Lehman would not use. *Id.* at 38:14-19; 40:3-14. Overall, Mr. Solano was caught in several mistruths on the stand and was exposed for relying on unreliable information that was outside of his knowledge.

Dated: October 5, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ *Louis W. Tompros*
   Louis W. Tompros (*pro hac vice*)
   louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: October 5, 2023 | FENWICK & WEST LLP |
| 3 | | |
| 4 | | By: /s/ *Eric Ball* |
| 5 | | Eric Ball<br>eball@fenwick.com |
| 6 | | **FENWICK & WEST LLP**<br>801 California Street |
| 7 | | Mountain View, CA  94041<br>Telephone: (650) 988-8500 |
| 8 | | Fax: (650) 938-5200 |
| 9 | | Attorneys for Plaintiff |
| 10 | | YUGA LABS, INC. |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Louis W. Tompros attests that concurrence in the filing of this document has been obtained from Eric Ball.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000