Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>            Plaintiff,<br><br>    v.<br><br>Ryder Ripps, Jeremy Cahen,<br><br>            Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**Defendants' Objections to Disputed Conclusion of Law No. IV.4**<br><br>Judge: Hon. John F. Walter |

Case No. 2:22-cv-04355-JFW-JEM                     DEFENDANTS' OBJECTIONS

Pursuant to the Court's Order Regarding the Parties Objections to Post Trial Proposed Findings of Facts and Conclusion of Law (Dkt. 423) Defendant Ryder Ripps and Defendant Jeremy Cahen respectfully submit the following objection, response, and reply to Defendants' objections to Yuga Labs, Inc.'s ("Yuga") Post Trial Proposed Findings of Facts and Conclusion of Law:

**Plaintiff's Disputed Post Trial Conclusion of Law No. IV.4**

4.  Within thirty (30) days after entry of this Order, Defendants shall file with the Court and serve upon Yuga Labs' counsel a declaration under oath setting forth in detail the manner and form in which Defendants have complied with this Order.

**Defendants' Basis of Dispute:**

Yuga's proposed injunction is overly broad and therefore not enforceable. "Injunctive relief must be tailored to remedy the specific harm alleged. An overbroad injunction is an abuse of discretion." *Storman's Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009) (internal quotations and citations omitted). An overly broad injunction cannot be enforced. *See id.* at 1142. Because Yuga's overly broad proposed injunction cannot be enforced without violating Defendants' First Amendment rights, Defendants cannot be forced to submit a declaration setting forth how they complied with the Injunction's terms.

**Plaintiff's Response:**

Defendants' objection should be rejected because Yuga Labs' proposed injunction is not overbroad and thus enforceable. Indeed, two other courts have entered similar injunctions against Defendants' business partners. *See* Judgment and Order for Permanent Injunction Against Ryan Hickman (Dkt. 30), *Yuga Labs, Inc. v. Hickman*, No. 2:23-cv-00111-JCM-NJK (D. Nev. Aug. 25, 2023); JTX-621 (Consent Judgment and Order for Permanent Injunction Against Thomas Lehman (Dkt. 12), *Yuga Labs, Inc. v. Lehman*, No. 1:23-cv-00085-MAD-TWD (N.D.N.Y Feb. 6, 2023)).

1 This declaration is especially necessary in this case given Defendants' repeated refusal to accept the orders of the Court.  *See supra* ¶ 25 (highlighting Defendants' refusal to accept Court's denial of motion to compel seeking documents related to their failed *Rogers* defense and forcing Yuga Labs to respond to subsequent irrelevant discovery motions on the same); ¶ 31 (discussing Defendants' violation of protective order by leaking confidential documents to the press).  Defendants' contempt for the Court's orders is plainly evident in these objections where they refuse to accept the entirety of this Court's summary judgment order.  Requiring Defendants to file this declaration will ensure Defendants' compliance with the Court's order.

**Defendants' Reply:**

Defendants object to Yuga's proposed injunctive relief in its entirety and instead propose that if the Court enters an injunction (which it should not), it be limited to reasonable terms.  *See* Dkt. 417 ¶ 145.  Yuga's citations to the decisions other courts have held with regard to cases against Mr. Lehman (who settled with Yuga) and Mr. Hickman (who had a default judgment entered against him) are dissimilar to the posture in this case, not binding, and irrelevant and therefore cannot support its overly broad injunctive relief claim.

Likewise, as stated above, many of the terms of Yuga's proposed injunction would be practically impossible to comply with.  Defendants would struggle to honestly file a declaration.  Further, Defendants will comply with whatever injunction the court orders to the extent they can.  This declaration is not necessary.