**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No. **CV 22-4355-JFW(JEMx)** | Date: November 28, 2023 |

Title:    Yuga Labs, Inc. -v- Ripps, et al.

---

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REGARDING ATTORNEYS' FEES AND COSTS**

On October 25, 2023, this Court issued Findings of Fact and Conclusions of Law in this action, which ordered the parties to meet and confer and agree on the amount of reasonable attorneys' fees and costs that should be awarded to Plaintiff Yuga Labs, Inc. ("Yuga"). The Court further advised the parties that: "[d]epending on the nature and extent of the disputes, the Court may refer the matter to a special master at the expense of the parties."

On November 20, 2023, the parties filed their Joint Statement Regarding Yuga Labs, Inc.'s Attorneys' Fees and Costs ("Joint Statement"). Docket No. 435. In the Joint Statement, Yuga requests an award of $7,500,000 in attorneys' fees, $200,000 in costs and expenses, and $95,639 in expert fees. Defendants Ryder Ripps and Jeremy Cahan (collectively, "Defendants") state that they consider $455,172.24 to be "a reasonable total award."

During the entire course of this litigation, the parties have repeatedly been unable to agree on even the simplest and most fundamental of issues. Despite this inability to agree or compromise, the parties were, surprisingly enough, able to agree on the amount of attorneys' fees that should be awarded to Yuga in connection with Yuga's successful Anti-SLAPP Motion. *See* Docket No. 227. As a result, the Court genuinely believed that the parties would once again be able to reach a compromise on the issue of attorneys' fees and costs. However, based on the extreme discrepancy between the amount of attorneys' fees and costs sought by Yuga and the amount that Defendants consider reasonable, the parties have returned to their more familiar posture of refusing to take even minimal steps towards a workable solution or compromise. In addition, Defendants have completely failed to comply with the Court's order regarding the preparation of the Joint Statement, which specifically stated that the Joint Statement must include "a description of each specific item in dispute between the parties." *See* Docket No. 431. Instead, Defendants have only discussed vague categories of disputes (such as "Yuga's Counsel Overbilled"), rather than specific items of dispute.

As a result, the Court will no longer expend its scarce resources in what undoubtably will become "a second major litigation" between the parties.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee").  As the Court warned, "[d]epending on the nature and extent of the disputes, the Court may refer the matter to a special master at the expense of the parties."  Accordingly, pursuant to Federal Rule of Civil Procedure 53, the Court orders the parties to submit Plaintiff's request for attorneys' fees and costs to an agreed upon special master.  *See, e.g., In re Anthem, Inc. Data Breach Litigation*, 2018 WL 11195115, *4 (N.D. Cal. Feb. 2, 2018) ("Indeed, the Ninth Circuit has affirmed district court awards made after referral to a special master and has itself referred appellate attorneys' fees disputes to a special master") (*citing Carlsen v. Glob. Client Sols., LLC*, 542 Fed. App'x 594, 594-95 (9th Cir. 2013) (affirming fee award where district court adopted special master's report and recommendation) and *AANPT v. Am. Ass'n of Naturopathic Physicians*, 37 Fed. App'x 894, 895 (9th Cir. 2002) ("The determination of an appropriate amount of fees on appeal . . . is referred to the court's special master . . ."); *see also Ruiz v. Estelle*, 679 F.2d 1115, 1161 (5th Cir. 1982) (collecting cases in which a court has used its inherent power to appoint a "court-appointed agent" and holding that "rule 53 does not terminate or modify the district court's inherent equitable power to appoint a person, whatever be his title, to assist it in administering a remedy"), *opinion amended in part and vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983).  Accordingly, the Court concludes that the interest of judicial economy dictates that a special master should be appointed pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure.  The parties are to meet and confer and agree on a special master.  If the parties are unable to agree, each party shall, on or before December 4, 2023, submit to the Court up to three names of proposed special masters with a brief biography for each, including their hourly rates.

The proceeding before the special master shall be completed by December 29, 2023.  The special master shall submit a report and recommendation pursuant to Rule 72(b) by January 16, 2024, unless the parties stipulate that the special master's decision shall be binding.  The Court concludes that the parties should share the fees and costs associated with the special master equally, but the Court will consider a recommendation, if any, by the special master regarding the final allocation of the fees and costs associate with the special master's services.

IT IS SO ORDERED.