# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | **CV 22-4355-JFW(JEMx)** | Date: April 10, 2023 |
| Title: | Yuga Labs, Inc. -v- Ripps, et al. | |

**PRESENT:**
      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO SUMMARY JUDGMENT [filed 4/7/23; Docket No. 207]**

      On April 7, 2023, Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants") filed an Ex Parte Application for Leave to File Sur-Reply in Opposition to Summary Judgment ("Application"). On April 8, 2023, Plaintiff Yuga Labs, Inc. ("Plaintiff") filed its Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving and opposing papers[1], and the arguments therein, the Court rules as follows:

      In their Application, Defendants seek leave to file a Sur-Reply and a Supplemental Declaration of Derek Gosma in response to Plaintiff's Motion for Summary Judgment, filed on March 15, 2023 (Docket No. 149). Defendants argue that filing a Sur-Reply and Supplemental Declaration of Derek Gosma is necessary because Plaintiff's Motion for Summary Judgment relies repeatedly on the Declaration of Thomas Lehman ("Lehman") and Defendants did not have the opportunity to address the credibility of Lehman's declaration in their Opposition because they filed their Opposition on the same day – March 27, 2023 – that they deposed Lehman. In its Opposition, Plaintiff argues that Defendants' Application should be denied because Defendants are responsible for creating the exigency and because Defendants are seeking to file a Sur-Reply

---

     [1] Defendants filed an Unopposed Application to File Under Seal Ex Parte Application for Leave to File Sur-Reply (Docket No. 205) and Plaintiff filed an Application to File Opposition and Ball Declaration Exhibit 1 Under Seal (Docket No. 208). Both of those Applications (Docket Nos. 205 and 208) are **GRANTED**. The Court signs the respective Proposed Orders (Docket Nos. 205-1 and 208-1) submitted by the parties.

that will improperly ask the Court to weigh Lehman's testimony and make a credibility determination.

As Judge Rymer stated in *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989), "[e]x parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." Such applications allow the applicant to jump "ahead of the pack" and "cut in line ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *Id*. at 193. As a result, *ex parte* applications are therefore justified only "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" or "where it is likely that, if given notice, someone would act improperly to frustrate the party's ability ever to obtain the relief sought." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Thus, in order for *ex parte* relief to be warranted, the applicant must make the following showing:

> . . . that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect . . . It is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period . . . Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have. . .

*Mission Power*, 883 F. Supp. at 492-93 (quoting *Intermagnetics*, 101 B.R. at 193).

In this case, as Plaintiff explains in detail in its Opposition, Defendants delayed in seeking relief, and, as a result, the emergency that justifies *ex parte* relief is self-created. *Id.* For this reason and for the other reasons stated in Plaintiff's Opposition, Defendants' Application is **DENIED**.[2]

IT IS SO ORDERED.

---

[2] In its Opposition, Plaintiff requests that Defendants be sanctioned for "the procedural impropriety of Defendants' filing." Opposition, 20:12-13. Plaintiff's request for sanctions is **DENIED**.