Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Yuga Labs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Ryder Ripps and Jeremy Cahen,<br><br>Defendants. | Case No. 2:22-cv-04355-JFW-JEM<br><br>**[PROPOSED] JUDGEMENT**<br><br>Judge: Hon. John F. Walter |

Plaintiff Yuga Labs, Inc. ("Yuga") brought this action on June 6, 2022, asserting causes of action for: (1) False Designation of Origin, (2) False Advertising, (3) Cybersquatting, (4) Common Law Trademark Infringement, (5) Common Law Unfair Competition, (6) Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*, (7) False Advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*, (8) Unjust Enrichment, (9) Conversion, (10) Intentional Interference with Prospective Economic Advantage, (11) Negligent Interference with Prospective Economic Advantage. Dkt. No. 1 at 28-42. Yuga's fourth, fifth, sixth, seventh, ninth, tenth, and eleventh causes of action were stayed pending appeal (Dkt. No. 320-1, at 2), and, following appeal, those claims were remanded to this Court (Dkt. No. 436). Yuga abandoned its second and eighth causes of action (Dkt. No. 320-1 at 1) and abandoned all legal remedies (Dkt. No. 315-1 at 2). The Court granted in part and denied in part Yuga's motion for summary judgment on Yuga's first and third causes of action. Dkt. No. 225. Following a bench trial (Dkt. No. 387), the Court issued findings of fact and held Defendants Ryder Ripps and Jeremy Cahen ("Defendants") liable for disgorgement in the amount of $1,375,362.92, statutory damages in the amount of $200,000, and attorneys' fees and costs, and issued an injunction (Dkt. No. 431). The Court subsequently issued an award for fees in the amount of $6,983,432.62 and costs in the amount of $317,295.04, expert costs, and costs associated with preparing the special master's report and recommendation regarding attorneys' fees and costs. Dkt. No. 448.

Defendants counterclaimed for: (1) Knowing Misrepresentation of Infringing Activity, (2) Declaratory Judgment of No Copyright Under 17 U.S.C. § 102(a), (3) Declaratory Judgment of No Copyright Under 17 U.S.C. § 204(a), (4) Intentional Infliction of Emotional Distress, (5) Negligent Infliction of Emotional Distress, and (6) Declaratory Judgment of No Defamation. Dkt. No. 65 at 47-52. The Court struck and dismissed Defendants' fourth and fifth counterclaims, dismissed Defendants' sixth counterclaim without prejudice, and dismissed Defendants second and third

counterclaims.  Dkt. No. 156 at 15-16.  The Court granted Yuga's motion for summary judgment on Defendants' first counterclaim.  Dkt. No. 225 at 21.

For the reasons stated in the Court's March 17, 2023, April 21, 2023, October 23, 2023, and January 23, 2024 orders,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is entered in favor of Yuga and against Defendants on Yuga's first cause of action (False Designation of Origin) and third cause of action (Cybersquatting);

2. Judgement is entered in favor of Defendants on Yuga's second cause of action (False Advertising), fourth cause of action (Common Law Trademark Infringement), fifth cause of action (Common Law Unfair Competition), sixth cause of action (Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*), seventh cause of action (False Advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*), ninth cause of action (Conversion), tenth cause of action (Intentional Interference with Prospective Economic Advantage), and eleventh cause of action (Negligent Interference with Prospective Economic Advantage);

3. Judgment is entered in favor of Yuga and against Defendants on Defendants' first counterclaim (Knowing Misrepresentation of Infringing Activity);

4. Yuga shall recover from Defendants the amount of $1,575,362.92, plus (a) $6,983,432.62 in attorneys' fees, (b) $120,00 in attorneys' fees pursuant to the Court's previously issued order (Dkt. No. 227); (c) $317,295.04 in costs, (d) $19,255.92 in expert fees, (e) $27,875.00 in special master costs, and (f) post-judgment interest at the rate of [4.63]% as required by 28 U.S.C. § 1961.

5. Defendants are hereby permanently enjoined pursuant to the terms the injunction described in the Court's October 25, 2023 order (Dkt. No. 431 at 21-23). Specifically:

   a. Defendants, their agents, employees, attorneys, and anyone acting

in concert or participating with them, are permanently enjoined from marketing, promoting, or selling products or services, including RR/BAYC NFTs and Ape Market, that use the BAYC Marks;

       b.    To the extent Defendants have not already done so, Defendants shall transfer any control that they have of rrbayc.com, apemarket.co, rrbayc-v0.netlify.app, the @ApeMarketplace Twitter account, the @ApemarketBot Twitter account, and the RR/BAYC smart contract (smart contract address: 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e) to Yuga.

    6.    The injunction shall go into immediate effect. Enforcement of the monetary aspects of this judgment is hereby stayed pending final resolution of all appeals.

    IT IS SO ORDERED

Dated: _____       By: _____
                                                        Honorable John F. Walter
                                                        United States District Judge