UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>　　　　Defendants. | Case No.: 2:22-cv-04355-JFW-JEM<br><br>**[PROPOSED] FINAL JUDGMENT** |

The first cause of action (15 U.S.C. § 1125(a)) and the third cause of action (15 U.S.C. § 1125(d)) in Plaintiff Yuga Labs, Inc.'s ("Yuga Labs") Complaint (Dkt. 1) were tried by Court trial before U.S. District Judge John F. Walter presiding.

As the Court held in its Findings of Fact and Conclusions of Law (Dkt. 431), Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants") are liable for false designation of origin under Yuga Labs' first cause of action (15 U.S.C. § 1125(a)) through their intentional use of Yuga Labs' valid and protectable BAYC Marks (including "BORED APE YACHT CLUB," "BAYC," "BORED APE," the BAYC Logo, the BAYC BORED APE YACHT CLUB Logo, and the Ape Skull Logo) and the ensuing likelihood of confusion. *Id.* at 4-6. Defendants are also liable for cybersquatting under Yuga Labs' third cause of action (15 U.S.C. § 1125(d)) through their registration and use of the domain names rrbayc.com and apemarket.com with a bad faith intent to profit. *Id.* at 6-8. Defendants have asserted no valid affirmative defense. *Id* at 8-11. Yuga Labs is therefore entitled to disgorgement of Defendants' profits, statutory damages, and injunctive relief. The Court further held that this is an exceptional case under the Lanham Act, entitling Yuga Labs to its reasonable attorneys' fees. *Id.* at 23-26. Hon. Margaret M. Morrow (Ret.) was appointed as Special Master and issued a Report and Recommendation regarding reasonable attorneys' fees and costs to be awarded. Dkt. 445. The parties stipulated to those findings, which the Court agreed were reasonable, and the Court adopted them as its Order. Dkts. 447, 448.

Accordingly, the Court hereby enters judgment in favor of Yuga Labs and against Defendants as follows:

**IT IS ORDERED** that Plaintiff Yuga Labs, Inc. is awarded judgment against Defendants Ryder Ripps and Jeremy Cahen of **$8,895,346.50**, for which Defendants shall be jointly and severally liable, comprised of:

1.  Disgorgement on its first cause of action (15 U.S.C. § 1125(a)) in the amount of $1,375,362.92;
2.  Statutory damages on its third cause of action (15 U.S.C. § 1125(d)) in the amount of $200,000;
3.  Attorneys' fees in the amount of $6,983,432.62;
4.  Costs in the amount of $317,295.04;
5.  Expert witness fees in the amount of $19,255.92;

**IT IS FURTHER ORDERED** that Defendants Ryder Ripps and Jeremy Cahen shall pay $120,000.00 to Yuga Labs in attorneys' fees pursuant to the terms of the Court's previous Order (Dkt. 227) in connection with Yuga Labs' anti-SLAPP motion (Dkt. 156), for which Defendants shall be jointly and severally liable.

**IT IS FURTHER ORDERED** that Defendants Ryder Ripps and Jeremy Cahen shall pay all fees to the Special Master, for which Defendants shall be jointly and severally liable, in the amount of $69,275.  Defendants shall immediately reimburse Yuga Labs for the $27,875 Yuga Labs has already paid the Special Master as the Special Master's retainer.

**IT IS FURTHER ORDERED** that Plaintiff Yuga Labs, Inc. is awarded post-judgment interest on the above judgment, at the rate of [4.77]%, as provided by 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Defendants Ryder Ripps and Jeremy Cahen are **ENJOINED** as follows:

1.  Defendants, their agents, employees, and attorneys, and anyone in active concert or participation with Defendants, their agents, employees, and attorneys, are hereby permanently restrained and enjoined from, directly or indirectly, or authorizing or assisting any third-party to engage in:

a. Manufacturing, minting, issuing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, loaning, renting, or otherwise disposing of the RR/BAYC NFTs (except as provided in this Judgment) and any other products or merchandise related to the RR/BAYC NFTs, including without limitation, listing the RR/BAYC NFTs or related products or merchandise for sale on any marketplace, and/or collecting royalties in connection with the RR/BAYC NFTs;

b. Using in any manner any logo, trade name, trademark, or designation confusingly similar to any of the BAYC Marks or any other Yuga Labs source identifier, alone or in combination with other words or designs, as a trademark, trade name component, or otherwise, to market, advertise, promote, or identify any good and/or service not produced, offered, or authorized by Yuga Labs, or to falsely represent or have the effect of falsely representing that the goods or services of any Defendant or of others are sponsored by, authorized by, or in any way associated with Yuga Labs, or to otherwise unfairly compete with Yuga Labs in manufacturing, selling, offering for sale, distributing, or advertising goods or services;

c. Registering, owning, using, or trafficking any other website, domain name, e-commerce page or account, digital marketplace page or account, licensing business or other business, or any entity or store whose name or d.b.a. confusingly uses and/or incorporates any of the BAYC Marks, or includes "BAYC", "Bored Ape", or "Yuga" or any other Yuga Labs source identifier, or that is confusingly similar to any of the BAYC

        Marks, or that is calculated to or reasonably likely to confuse consumers into believing that Defendant is Yuga Labs, or is in any manner associated or connected with Yuga Labs when it is not;

    d.    Registering, owning, using, or trafficking any social media account, including but not limited to www.discord.com or www.twitter.com account(s), that purports to originate from Yuga Labs, or to be sponsored or licensed by, or affiliated with Yuga Labs or uses and/or incorporates any portion of the BAYC Marks within its name, when it is not;

    e.    Using the infringing "RR/BAYC" and "APE MARKET" marks on social media platforms to facilitate the manufacture, circulation, sale, transfer, marketing, advertising, promoting, and/or renting of RR/BAYC NFTs or related goods or services;

    f.    Providing any benefits to holders of the RR/BAYC NFTs, such as airdrops, or otherwise creating incentives for third parties to sell, purchase, trade, transfer, loan, rent, and/or profit from RR/BAYC NFTs; or

    g.    Further infringing any BAYC Mark and/or any other Yuga Labs source identifier.

2.    Within fourteen (14) days after entry of this Order, Defendants shall:

    a.    Transfer to Yuga Labs, including by facilitating the transfer of rights with any necessary third-party host website, registrar, or other entity, rrbayc.com, apemarket.com, the @ApeMarketplace Twitter account, and the RR/BAYC smart contract (0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e); together with all codes, passwords, credentials, or other

           information necessary for Yuga Labs to fully and solely access and operate the same;

    b. If Defendants own any RR/BAYC NFT, they shall destroy (e.g., "burn") that NFT or provide it to Yuga Labs to burn;

    c. Except as provided in subsections (a) and (b) of this section, destroy any other infringing materials, including NFTs, articles, documents, software, promotional items, or advertisements in their possession or control using any BAYC Mark or any other mark confusingly similar with the BAYC Marks;

    d. To give practical effect to this Order, any third-party host website, registrar, or other entity related to any of the domains, social media account, or digital accounts subject to this Order shall, within fourteen (14) days of receipt of this Order, transfer or otherwise assign those subject domains, social media accounts, or digital accounts to Yuga Labs if Defendants have not already done so;

    e. Contact by e-mail, text, or other written form of communication all persons to whom Defendants gave, sold, issued, or distributed a RR/BAYC NFT, and provide each of those persons with solely a copy of this Order; and

    f. Airdrop to all RR/BAYC NFT holders a copy of this Order.

3. Upon entry of this Order, Defendants shall be deemed to have actual notice of the issuance and terms of the permanent injunction, and any act in violation of any of the terms of the permanent injunction may be considered and prosecuted as contempt of Court, and such other, further relief this Court deems just and proper.

4. Within thirty (30) days after entry of this Order, Defendants shall file with the Court and serve upon Yuga Labs' counsel a declaration under

oath setting forth in detail the manner and form in which Defendants have complied with this Order.

5. This Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this injunction.

**IT IS FURTHER ORDERED THAT** Plaintiff Yuga Labs, Inc.'s fourth, fifth, sixth, seventh, ninth, tenth, and eleventh causes of action are **DISMISSED WITHOUT PREJUDICE**.

This constitutes the final judgment of the Court.

IT IS SO ORDERED.

Date: _____

_____
Honorable John F. Walter
U.S. District Judge