JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – Los Angeles

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants. | Case No.: 2:22-cv-04355-JFW-JEMx <br><br> **FINAL JUDGMENT** |

Plaintiff Yuga Labs, Inc. ("Yuga") filed this action on June 24, 2022, alleging causes of action for: (1) False Designation of Origin, (2) False Advertising, (3) Cybersquatting, (4) Common Law Trademark Infringement, (5) Common Law Unfair Competition, (6) Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*, (7) False Advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*, (8) Unjust Enrichment, (9) Conversion, (10) Intentional Interference with Prospective Economic Advantage, (11) Negligent Interference with Prospective Economic Advantage. During the course of the litigation, Yuga dismissed its second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action and withdrew all of its legal remedies. Dkt. Nos. 62, 309, 315-1, and 451.

Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants") counterclaimed for: (1) Knowing Misrepresentation of Infringing Activity, (2) Declaratory Judgment of No Copyright Under 17 U.S.C. § 102(a), (3) Declaratory Judgment of No Copyright Under 17 U.S.C. § 204(a), (4) Intentional Infliction of Emotional Distress, (5) Negligent Infliction of Emotional Distress, and (6) Declaratory Judgment of No Defamation. Dkt. No. 65. The Court dismissed Defendants' second, third, fourth, fifth, and sixth counterclaims. Dkt. No. 156. The Court granted Yuga's motion for summary judgment on Defendants' first counterclaim. Dkt. No. 225.

With respect to Yuga's first and third causes of action, the Court granted Yuga's motion for summary judgment as to liability and denied it as to remedies.

Dkt. No. 225. On July 31, 2023, the Court conducted a court trial on the remaining issues in this action. Docket No. 431.

For the reasons stated in the Court's December 16, 2022 Order (Dkt. No. 62), March 17, 2023 Order (Dkt. No. 156), April 21, 2023 Order (Dkt. No. 225), October 25, 2023 Findings of Fact and Conclusions of Law (Dkt. No. 431), and January 23, 2024 Order (Dkt. No. 448),

**IT IS HEREBY ORDERED** that Judgment is entered in favor of Yuga Labs, Inc. and against Defendants Ryder Ripps and Jeremey Cahen on Yuga's first and third cause of action in the amount of **$8,895,346.50**, for which Defendants shall be jointly and severally liable, comprised of:

1. Disgorgement of Defendants' profits on Yuga's first cause of action (15 U.S.C. § 1125(a)) in the amount of $1,375,362.92;
2. Statutory damages on Yuga's third cause of action (15 U.S.C. § 1125(d)) in the amount of $200,000;
3. Attorneys' fees in the amount of $6,983,432.62;
4. Costs in the amount of $317,295.04;
5. Expert witness fees in the amount of $19,255.92;

**IT IS FURTHER ORDERED** that Defendants Ryder Ripps and Jeremy Cahen shall pay $120,000.00 to Yuga for attorneys' fees pursuant to the terms of the Court's previous Order (Dkt. No. 227) in connection with Yuga's anti-SLAPP motion (Dkt. No. 156), for which Defendants shall be jointly and severally liable.

**IT IS FURTHER ORDERED** that Defendants Ryder Ripps and Jeremy Cahen shall pay all fees to the Special Master, for which Defendants shall be jointly and severally liable, in the amount of $69,275. Defendants shall immediately

reimburse Yuga for the $27,875 that Yuga has already paid the Special Master as the Special Master's retainer.

**IT IS FURTHER ORDERED** that Plaintiff Yuga is awarded post-judgment interest on the above judgment, as provided by 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Defendants Ryder Ripps and Jeremy Cahen are **ENJOINED** as follows:

1. Defendants, their agents, employees, and attorneys, and anyone in active concert or participation with Defendants, their agents, employees, and attorneys, are hereby permanently restrained and enjoined from, directly or indirectly, or authorizing or assisting any third-party to engage in:

    a. Manufacturing, minting, issuing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, loaning, renting, or otherwise disposing of the RR/BAYC NFTs (except as provided in this Judgment) and any other products or merchandise related to the RR/BAYC NFTs, including without limitation, listing the RR/BAYC NFTs or related products or merchandise for sale on any marketplace, and/or collecting royalties in connection with the RR/BAYC NFTs;

    b. Using in any manner any logo, trade name, trademark, or designation confusingly similar to any of the BAYC Marks or any other Yuga source identifier, alone or in combination with other words or designs, as a trademark, trade name component, or otherwise, to market, advertise, promote, or identify any good and/or service not produced, offered, or authorized by Yuga, or to falsely represent or have the effect of falsely representing that the goods or services of any Defendant or of others are sponsored by, authorized by, or in any way associated with Yuga or to otherwise

   unfairly compete with Yuga in manufacturing, selling, offering for sale, distributing, or advertising goods or services;

c. Registering, owning, using, or trafficking any other website, domain name, e-commerce page or account, digital marketplace page or account, licensing business or other business, or any entity or store whose name or d.b.a. confusingly uses and/or incorporates any of the BAYC Marks, or includes "BAYC", "Bored Ape", or "Yuga" or any other Yuga source identifier, or that is confusingly similar to any of the BAYC Marks, or that is calculated to or reasonably likely to confuse consumers into believing that Defendant is Yuga, or is in any manner associated or connected with Yuga when it is not;

d. Registering, owning, using, or trafficking any social media account, including but not limited to www.discord.com or www.twitter.com account(s), that purports to originate from Yuga, or to be sponsored or licensed by, or affiliated with Yuga or uses and/or incorporates any portion of the BAYC Marks within its name, when it is not;

e. Using the infringing "RR/BAYC" and "APE MARKET" marks on social media platforms to facilitate the manufacture, circulation, sale, transfer, marketing, advertising, promoting, and/or renting of RR/BAYC NFTs or related goods or services;

f. Providing any benefits to holders of the RR/BAYC NFTs, such as airdrops, or otherwise creating incentives for third parties to sell, purchase, trade, transfer, loan, rent, and/or profit from RR/BAYC NFTs; or

g. Further infringing any BAYC Mark and/or any other Yuga source identifier.

2. Within fourteen (14) days after entry of this Judgment, Defendants shall:

   a. Transfer to Yuga control of rrbayc.com, apemarket.com, rrbayc-v0.netlify.app, the @ApeMarketplace Twitter account, the @ApemarketBot Twitter account, and the RR/BAYC smart contract (0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e is the smart contract address), together with all codes, passwords, credentials, or other information necessary for Yuga to fully and solely access and operate the same;

   b. If Defendants own any RR/BAYC NFTs, they shall destroy (*e.g.*, "burn") the NFTs or provide them to Yuga to burn;

   c. In addition to the actions required by paragraphs (a) and (b), Defendants shall destroy any and all other infringing materials, including NFTs, articles, documents, software, promotional items, or advertisements in their possession or control using any BAYC Mark or any other mark confusingly similar with the BAYC Marks; and

   d. To give practical effect to this Judgment, any third-party host website, registrar, or other entity related to any of the domains, social media accounts, or digital accounts subject to this Order shall, within fourteen (14) days of receipt of this Order, transfer or

otherwise assign those subject domains, social media accounts, or digital accounts to Yuga if Defendants have not already done so.

3. Within thirty (30) days after entry of this Order, Defendants shall, as provided by 15 U.S.C. §1116(a), file with the Court and serve upon Yuga's counsel a declaration under oath setting forth in detail the manner and form in which Defendants have complied with this Judgment.

**IT IS FURTHER ORDERED** that upon entry of this Judgement, the injunction shall be effective immediately and Defendants shall be deemed to have actual notice of the issuance and terms of the permanent injunction.

**IT IS FURTHER ORDERED** that Plaintiff Yuga Labs, Inc.'s second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Judgment is entered in favor of Yuga Labs, Inc. and against Defendants Ryder Ripps and Jeremey Cahen on Defendants' first counterclaim.

**IT IS FURTHER ORDERED** that that Defendants' second, third, fourth and fifth counterclaims are **DISMISSED with prejudice**, and Defendants' sixth counterclaim is **DISMISSED without prejudice**.

This constitutes the final judgment of the Court.

IT IS SO ORDERED.

Date: February 2, 2024

Honorable John F. Walter
U.S. District Judge