1  Kevin Abbott (CSB #281312)
   **FENNEMORE**
2  550 E. Hospitality Lane
   San Bernardino, CA 92408
3  Telephone No.: 909-723-1702
   kabbott@fennemorelaw.com
4
   John Tennert (NSB #11728) (*pro hac vice*)
5  MaryJo E. Smart Pinocchio (CSB #332879)
   **FENNEMORE**
6  7800 Rancharrah Parkway
   Reno, Nevada 89511
7  Telephone No.: 775-788-2212
   jtenner@fennemorelaw.com
8  msmart@fennemorelaw.com

9  Attorneys for Plaintiff YUGA LABS INC.

10 Bill R. Hopkins (CSB # 170122)
   **The Hanover Law Office**
11 500 N. Brand Blvd., Suite 1280
   Glendale, CA 91203
12 Telelephone:  818-863-8327
   blhopkins@hanover.com
13
   Attorney for Non-Party, Dor, Crisostomo, Dor & Dow Accountancy Corp.
14

15              **UNITED STATES DISTRICT COURT**

16         **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| 17  YUGA LABS INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| 18          Plaintiffs/Judgment Creditor, | **JOINT STIPULATION FOR JUDGMENT CREDITOR YUGA LABS INC.'s MOTION TO COMPEL DOCUMENTS FROM DOR, CRISOSTOMO, DOR & DOW ACCOUNTANCY CORP.** |
|     v. | |
| 19  RYDER RIPPS, JEREMY CAHEN, | |
| 20          Defendants/Judgment Debtors. | |
| 21 | |
| 22 | **[POST-JUDGMENT DISCOVERY MATTER]** |

## I. YUGA LAB'S ARGUMENT

### A. Background on Post-Judgment Discovery

On February 2, 2024, this Court entered a final judgment against Defendants Ryder Ripps and Jeremy Cahen (collectively, "Judgment Debtors") for **$8,895,346.50**, plus attorneys' fees, costs, and post-judgment interest (the "Final Judgment"). *See* Tennert Decl. Ex 1 (Final Judgment).

Since then, Yuga Labs has initiated post-judgment enforcement efforts because Judgment Debtors have refused to engage with Yuga Labs regarding satisfaction of the Final Judgment.[1] These enforcement efforts have included, among other things, investigating Judgment Debtors' assets; issuing of a writ of execution (*see* Tennert Decl. Ex. 3 (Writ of Execution)) serving post-judgment interrogatories on the Judgment Debtors (*see* Tennert Decl. Ex. 4 (Interrogatories)) as well as serving subpoenas to produce relevant documents on the Judgment Debtors' identified accountants.

Relevant to this Motion, on August 13, 2024, Yuga Labs served a Subpoena on DCDD, Cahen's accountant (the "Subpoena"). *See* Tennert Decl. Ex. 5 (Subpoena). The Subpoena requested documents necessary to identify Cahen's financial assets so that Yuga Labs can satisfy the Final Judgment through post-judgment enforcement. This included requests for financial statements, tax returns, and any other evidence that may help Yuga Labs identify Cahen's sources of income and assets. Due to Cahen's failure to respond to post-judgment interrogatories, such documents are necessary and reasonably likely to lead to assets that may satisfy the Final Judgment.

On August 28, 2024, DCDD responded via email, stating that the only records

---

[1] In fact, Defendants' counsel of record in this matter, Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer"), made clear that they do not represent the Defendants for post-judgment purposes. This was reaffirmed in writing when Yuga Labs sent Wilmer a letter on September 16, 2024, along with copies of the post-judgment discovery served to date, requesting that it confirm the scope of its representation. *See* Tennert Decl. Ex. 2 (Letter to WilmerHale). This correspondence was ignored.

1  in DCDD's control were Cahen's federal and California state tax returns, along with
2  accompanying schedules, prepared by the firm for 2021, 2022, and 2023. *See* Tennert
3  Decl. Ex. 6 (Email from DCDD's Counsel). However, DCDD withheld any of these
4  responsive documents, as it asserted that Cahen's counsel refused to provide Cahen's
5  consent to the disclosure of the documents, and therefore would not produce them
6  without a court order. *See* Ex. 6. Critically, however, DCDD made clear that it "<u>does
7  not</u> have a legal basis for objecting on privilege and/or right of privacy," but is
8  withholding production only because it had not received of "proper written consent
9  of its tax client." *Id.* at p. 2 (emphasis in the original). DCDD conceded that Cahen
10 had not filed any formal objections and/or motion to quash the validly issued
11 Subpoena. *Id.*

Yuga Labs therefore initiated the meet and confer process with DCDD to see if it would produce the tax documents as the result of Cahen's failure to timely object to the Subpoena.

### B. Meet and Confer Efforts

Counsel for both Yuga Labs and DCDD met and conferred telephonically on September 30, 2024. Counsel for DCDD reaffirmed its position that, while it would not oppose a motion to compel, it would not produce the responsive documents without a court order. Counsel for Yuga Labs responded that it intended to file the instant Motion, and counsel for DCDD agreed to sign a declaration affirming its non-opposition to the Motion. *See* Hopkins Decl.

### C. Legal Standard

Under federal law, the scope of post- judgment discovery is very broad, as it is "intended 'to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor,' and 'to leave no stone unturned in the search for assets which might be used to satisfy the judgment.'" *Salameh v. Tarsadia Hotel*, Case No.: 9-cv-2739-GPC, 2016 WL 29618, *2 (S.D. Cal. Jan. 4. 2016) (quoting *United States v Felman*, 324 F. Supp. 2d 1112, 1116

1  (C.D. Cal. 2004)). Thus, "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974). Indeed, "a judgment creditor is entitled to fish for assets of the judgment debtor." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, Case No. C 06-3219 JW, 2009 WL 5114077, *4 (N.D. Cal. Dec. 19, 2009) (emphasis added). *See also Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014) ("The rules governing discovery in post-judgment execution proceedings are quite permissive.").

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). "The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." *Reece v. Basi*, No. 2:11-CV-2712 TLN (AC), 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), aff'd, 704 F. App'x 685 (9th Cir. 2017) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (emphasis added)). Ultimately, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

### D. Tax Returns are Relevant to Post-Judgment Discovery

Federal common law applies to questions of privilege in cases involving federal questions, and "[t]he Ninth Circuit has 'explicitly rejected a federal privilege for tax returns.' . . . 'Thus in the post-judgment contexts, courts have readily required production of tax returns with no showing of compelling need, or with a

showing that the judgment debtor has produced only limited documents related to his assets.'" *See Sec. & Exch. Comm'n v. Premier Holding Corp.*, 818CV00813CJCKES, 2021 WL 6104308, at *4 (C.D. Cal. Sept. 7, 2021). When analyzing motions to compel tax returns where a tax preparer raises objections, courts, including courts in the Ninth Circuit, typically engage in a two prong analysis:

> Tax returns do not enjoy an absolute privilege from discovery in the Ninth Circuit . . . Tax returns are subject to discovery if they are (1) relevant and (2) there is a compelling need for the returns because their information is not otherwise readily attainable from an alternative source . . . The party seeking discovery has the burden of showing relevancy, while the party resisting discovery has the burden of identifying the alternative source of information.

*Rockhill v. Jeude*, 2:011-CV-01308 BJR, 2012 WL 2924049, at *4 (W.D. Wash. July 18, 2012).

Cahen's tax returns, and any other financial documents underlying those returns, are relevant to identify his assets during this phase of post-judgment discovery. *See A&F Bahamas, LLC v. World Venture Group, Inc.*, CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018) ("The purpose of the post-judgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets . . . Courts routinely stress that the scope of post-judgment discovery is 'very broad.' . . . Not only is the scope of such discovery broad, but 'the presumption should be in favor of full discovery of any matters arguably related to [the creditor's] efforts to trace [the debtor's] assets and otherwise to enforce its judgment.' . . . Even though Rule 69 discovery may resemble the proverbial fishing expedition, 'a judgment creditor is entitled to fish for assets of the judgment debtor.'"). Cahen's tax returns will report his income, assets, and expenses during the relevant years of this lawsuit, and this information is reasonably likely to lead to the identification of assets that can be used to satisfy the judgment.

And although it is not Yuga Lab's burden to identify alternate sources as to where it can find the information contained in Cahen's tax returns, *see Rockhill*, 2012 WL 2924049, at *4, Cahen cannot show an alternate source of information, as he refuses to consent to the disclosure of records and has failed to respond to Yuga Lab's interrogatories served on August 27, 2024 before the September 26, 2024 due date. *See* Ex. 4 (post-judgment interrogatories). Therefore, the Subpoena is proportional to the needs of post-judgment discovery as Cahen has refused to engage in any post-judgment discovery whatsoever. *See also A&F Bahamas, LLC*, 2018 WL 5961297, at *8 ("Furthermore, as one court has observed, the weight to be given an asserted interest in the confidentiality of financial documents, including tax returns, may differ in pre-judgment and post-judgment contexts. In pretrial discovery, courts may often 'give precedence to the parties' legitimate desire to maintain confidentiality concerning their assets in the absence of a compelling need for the information.' . . . 'Once judgment has been entered against a defendant, however, that desire for confidentiality must necessarily yield to a plaintiff's legitimate need to acquire any and all information reasonably available to locate the defendant's assets. Thus in the post-judgment contexts, courts have readily required production of tax returns with no showing of compelling need, or with a showing that the judgment debtor has produced only limited documents related to his assets.").

Accordingly, Cahen's tax returns are relevant and proportional to the needs of post-judgment discovery so that Yuga Labs can recover on the Final Judgment.

**E.     Cahen has Waived any Objection to the Subpoena.**

Despite being plainly on notice of the Subpoena, Cahen failed to timely move to quash the Subpoena or serve objections. Accordingly, any potential opposition to this Motion on behalf of Cahen is waived. *See* Fed. R. Civ. P. 45(d)(2)(B); *see also Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena

within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." (internal quotations and alterations omitted)); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996)) ("If [Defendant] believed the subpoenas [to non-parties] were objectionable, she could have argued that she has a right or privilege in relation to the documents and filed a motion to quash the subpoenas. Defendant did not file such a motion and, therefore, waived any objection she could have raised therein.") (citations omitted).

### F. Requested Relief

For the foregoing reasons, Yuga Labs respectfully requests that this Court enter an order compelling DCDD to comply with the Subpoena, and order production of documents responsive to the Subpoena, which Yuga Labs understands to be Cahen's 2021, 2022, and 2023 federal and California state tax returns and related documents.

## II. DCDD'S ARGUMENT

### A. DCDD Does Not Have Mr. Cahen's Consent to Produce

Upon receipt of the Subpoena, and after gathering all responsive documents, which were limited to Mr. Cahen's tax and related records (as identified in the Decl. Hopkins Ex. 1, at ¶4), DCDD contacted Mr. Cahen requesting for his consent to produce the documents because, as licensed CPAs, it may not disclose Mr. Cahen's tax return information to third parties (for purposes other than filing) without his written consent. *See* 26 CFR § 301.721-3; Rev. Proc. 2013-14, § 301.7216-1, § 301.7216-2. Through counsel, DCDD provided Mr. Cahen and his counsel with the responsive records, which were bate numbered 0001 – 0223, then saved as a single file, "DCDD CPA – Rec Prod 0001-0223." *See* Decl. Hopkins Ex. 1.

In an August 27, 2024 responsive email, counsel for Mr. Cahen confirmed that "he did not give consent." *See* Decl. Hopkins Ex. 1.

DCDD's sole concern is the issue of liability for a licensed CPA for

disclosing a client's tax returns to a third party when it cannot obtain the client's consent. DCDD's review of legal authority did not resolve this concern. *See*, i.e., Internal Revenue Code, 26 U.S.C. § 7216 [Disclosure or use of information by preparers of returns]; *also see* 26 C.F.R. § 301.7216-1 ["(a) In general, Section 7216(a) prescribes a criminal penalty for tax return preparers who knowingly or recklessly disclose or use tax information for a purpose other than preparing a tax return."]; and, more specifically, see exceptions to 7216(a) and § 301.7216-1, as identified under 26 C.F.R. § 301.7216-2 [Permissible disclosures or uses without consent of the taxpayer], at subd. F (1-6), which do not specify that a subpoena when issued only by a party, not per a Court order, can be sufficient to insulate a CPA from liability.

### III. SPECIFIC REQUESTS AT ISSUE

**REQUEST 3(b)**

Produce all documents relating to the judgment debtor's revenue during the relevant time period, including but not limited to: (b) State and federal income tax returns, and all related forms and schedules (including all amended returns, forms, and schedules) the judgment debtor filed during or relating to the relevant time period.

**YUGA LABS ARGUMENT TO REQUEST 3(b)**

Cahen's tax returns, and any other financial documents underlying those returns, are relevant to identify his assets during this phase of post-judgment discovery. *See A&F Bahamas, LLC v. World Venture Group, Inc.*, CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018) ("The purpose of the post-judgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets . . . Courts routinely stress that the scope of post-judgment discovery is 'very broad.' . . . Not only is the scope of such discovery broad, but 'the presumption should be in favor of full discovery of any matters arguably related to [the creditor's] efforts to trace

1  [the debtor's] assets and otherwise to enforce its judgment.' . . . Even though Rule
2  69 discovery may resemble the proverbial fishing expedition, 'a judgment creditor
3  is entitled to fish for assets of the judgment debtor.'"). Cahen's tax returns will
4  report his income, assets, and expenses during the relevant years of this lawsuit, and
5  this information is reasonably likely to lead to the identification of assets that can
6  be used to satisfy the judgment.

7  And although it is not Yuga Lab's burden to identify alternate sources as to
8  where it can find the information contained in Cahen's tax returns, *see Rockhill*,
9  2012 WL 2924049, at *4, Cahen cannot show an alternate source of information, as
10 he refuses to consent to the disclosure of records and has failed to respond to Yuga
11 Lab's interrogatories served on August 27, 2024 before the September 26, 2024 due
12 date.  *See* Ex. 4 (post-judgment interrogatories). Therefore, the Subpoena is
13 proportional to the needs of post-judgment discovery as Cahen has refused to
14 engage in any post-judgment discovery whatsoever.

15 Despite being plainly on notice of the Subpoena, Cahen failed to timely move
16 to quash the Subpoena or serve objections. Accordingly, any potential opposition
17 to this Motion on behalf of Cahen is waived. *See* Fed. R. Civ. P. 45(d)(2)(B); *see*
18 *also Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D.
19 39, 43 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena
20 within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such
21 objections, as does failing to file a timely motion to quash." (internal quotations and
22 alterations omitted)); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48
23 (S.D.N.Y.1996)) ("If [Defendant] believed the subpoenas [to non-parties] were
24 objectionable, she could have argued that she has a right or privilege in relation to
25 the documents and filed a motion to quash the subpoenas. Defendant did not file
26 such a motion and, therefore, waived any objection she could have raised therein.")
27 (citations omitted).
28 / / /

**DCDD's ARGUMENT TO REQUEST 3(b)**

DCDD's sole concern is the issue of liability for a licensed CPA for disclosing a client's tax returns to a third party when it cannot obtain the client's consent. DCDD's review of legal authority did not resolve this concern. *See*, i.e., Internal Revenue Code, 26 U.S.C. § 7216 [Disclosure or use of information by preparers of returns]; *also see* 26 C.F.R. § 301.7216-1 ["(a) In general, Section 7216(a) prescribes a criminal penalty for tax return preparers who knowingly or recklessly disclose or use tax information for a purpose other than preparing a tax return."]; and, more specifically, see exceptions to 7216(a) and § 301.7216-1, as identified under 26 C.F.R. § 301.7216-2 [Permissible disclosures or uses without consent of the taxpayer], at subd. F (1-6), which do not specify that a subpoena when issued only by a party, not per a Court order, can be sufficient to insulate a CPA from liability.

**REQUEST 11**

Produce all Forms W-2, Forms W-4, and any other tax forms or tax documents for each employee or independent contractor of the judgment debtor during the relevant time period.

**YUGA LABS ARGUMENT TO REQUEST 11**

Yuga Labs incorporates by reference its argument from topic 3(b).

**DCDD's ARGUMENT TO REQUEST 11**

DCDD incorporates by reference its argument from topic 3(b).

**REQUEST 12(g)**

Produce all documents relating to any real property the judgment debtor currently owns, holds, or claims any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including any and all: Documents concerning the payment of real property-related expenses (such as mortgage payments, **taxes**, insurance, and maintenance) (emphasis added).

**YUGA LABS ARGUMENT TO REQUEST 12(g)**

Yuga Labs incorporates by reference its argument from topic 3(b).

**DCDD's ARGUMENT TO REQUEST 12(g)**

DCDD incorporates by reference its argument from topic 3(b).

                                                    Respectfully requested,

                                                    FENNEMORE

Dated October 28, 2024              */s/ MaryJo E. Smart Pinocchio*
                                                   John D. Tennert, III
                                                   MaryJo E. Smart Pinocchio
                                                   Attorneys for Yuga Labs.

                                                   The Hanover Law Firm

Dated October 28, 2024              */s/ Bill R. Hopkins*
                                                   Bill R. Hopkins
                                                   Attorneys for DCDD