UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC.;<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RYDER RIPPS, JEREMY CAHEN<br><br>　　　　Defendants. | CASE NO.: 2:22-CV-04355-JFW-JEM<br><br>**DECLARATION OF BILL R. HOPKINS, ESQ.** |

I, BILL R. HOPKINS, ESQ., declare as follows:

I am an attorney with The Hanover Law Office and am counsel for third-party Dor, Crisostomo, Dor & Dow Accountancy Corporation (hereinafter, "DCDD"), an accountancy corporation that prepared tax returns on behalf of Defendant Jeremy Cahen.

1. I make this declaration in connection with Plaintiff's Motion to Compel Dor, Crisostomo, Dor & Dow Accountancy Corporation to Produce Documents Responsive to Plaintiff's Subpoena.

2. I was informed that on or about August 16, 2024, DCDD had received service of the subject Subpoena to Produce Documents, dated August 13, 2024, in connection with the above-entitled action, calling for the production of records pertaining to Jeremy Cahen, who is DCDD's former tax client.

3. Thereafter, as I was further informed, Mr. Yoram Dor, CPA, and President of DCDD, gathered all documents responsive to the subpoena. Mr. Dor advised that he was informed by Defendant Jeremy Cahen that Mr. Cahen did not consent to DCDD's disclosure of records in response to the subpoena.

4. Mr. Yoram Dor, CPA, confirmed that the only responsive records to the August 13, 2024, Subpoena to Produce Documents in DCDD's custody, possession, or control are Mr. Jeremy Cahen's

1

1  federal and California state tax returns, along with accompanying schedules, prepared by DCDD for
2  tax years 2021, 2022, and 2023. All such records for 2021, 2022, and 2023 were bate numbered 0001
3  – 0223, then saved as a single file, "DCDD CPA - Rec Prod 0001-0223."

4    5.  On August 26, 2024, I contacted Mr. Henry Nikogosyan, Esq., of the firm Wilmer Cutler
5  Pickering Hale and Dorr LLP, who identified himself as counsel for Defendant Jeremy Cahen, and
6  I included Mr. Jeremy Cahen in that communication. See **Exhibit 1**, attached hereto, which is a true
7  and correct copy of the email communication exchanged with Mr. Nikogosyan, copied to Mr. Cahen,
8  on and between August 26, 2024, and August 28, 2024, concerning the subject matter of DCDD's
9  production of documents responsive to the subject subpoena.

10    6.  As reflected in that communication (**Exhibit 1**), I provided Mr. Nikogosyan and Mr. Cahen
11  with the file "DCDD CPA - Rec Prod 0001-0223," containing bate numbered records 0001 – 0223,
12  for their review, and I informed them that Mr. Yoram Dor, CPA, had confirmed that the only
13  responsive records to the August 13, 2024, Subpoena to Produce Documents in DCDD's custody,
14  possession, or control are Mr. Jeremy Cahen's federal and California state tax returns, along with
15  accompanying schedules, prepared by DCDD for tax years 2021, 2022, and 2023, and that all such
16  documents were provided in the attached file.

17    7.  It was also expressed in that email to Mr. Nikogosyan and Mr. Cahen that, "*Dor, Crisostomo,*
18  *Dor & Dow Accountancy Corp. ("DCDD")*, as licensed CPAs, may not disclose Mr. Cahen's tax
19  return information to third parties (for purposes other than filing) without his written consent. See
20  26 CFR § 301.7216-3 [Disclosure or use permitted only with the taxpayer's consent.]; Rev. Proc.
21  2013-14. Accordingly, the purpose of this writing is to obtain Mr. Cahen's consent to DCDD's
22  production of the referenced responsive business records, bate numbered 0001 – 0223 (attached). I
23  would thus respectfully request your reply email confirming your approval or denial of Mr. Cahen's
24  consent for the above-referenced production." **Exhibit 1.**

25    8.  In an August 27, 2024, responsive email, Mr. Nikogosyan responded confirming, "Mr. Cahen
26  does not give consent." **Exhibit 1**.

27    9.  In my August 28, 2024, follow-up communication with Mr. Nikogosyan, it was asked, "I do
28  not have any information reflecting that your office served objections on behalf of Mr. Jeremy Cahen

2

to the August 13, 2024, *Subpoena to Produce Documents* issued by the attorney for Plaintiff Yuga Labs, Inc., in the above-referenced matter. If such objections have been served, I would kindly ask if your office would please forward a copy of that document." **Exhibit 1**. In an August 28, 2024, responsive email, Mr. Nikogosyan confirmed, "Correct. We did not serve responses and objections because the subpoena was not directed at Mr. Cahen but instead to a non-party." **Exhibit 1**.

10. At this juncture, as I would also subsequently express to counsel for Plaintiff Yuga Lab, Inc., without Mr. Jeremy Cahen's consent for disclosure of his tax records to a third party, the *sole* concern on behalf of DCDD was the issue of liability for a licensed CPA for disclosing a client's tax returns to a third party when it cannot obtain the client's consent. The legal authority I reviewed did not resolve this concern. See, i.e., Internal Revenue Code, 26 U.S.C. § 7216 [Disclosure or use of information by preparers of returns]; also see 26 C.F.R. § 301.7216-1 ["(a) In general. Section 7216(a) prescribes a criminal penalty for tax return preparers who knowingly or recklessly disclose or use tax return information for a purpose other than preparing a tax return."]; and, more specifically, see exceptions to section 7216(a) and § 301.7216-1, as identified under 26 C.F.R. § 301.7216-2 [Permissible disclosures or uses without consent of the taxpayer], at subd. f (1-6), which do not specify that a subpoena when issued only by a party, not per a Court order, can be sufficient to insulate a CPA from liability.

11. Accordingly, on August 28, 2024, I sent email correspondence to counsel for Plaintiff Yuga Labs, Inc., providing that DCDD could not produce the documents gathered in response to the subpoena on the basis that Defendant Jeremy Cahen did not consent to the disclosure of his tax records. It was also explained in that correspondence to counsel for Plaintiff Yuga Labs, Inc., that the only responsive records to the August 13, 2024, Subpoena to Produce Documents in DCDD's custody, possession, or control are Mr. Jeremy Cahen's federal and California state tax returns, along with accompanying schedules, prepared by the DCDD for tax years 2021, 2022, and 2023, and that those documents were saved in a file, "DCDD CPA - Rec Prod 0001-0223."

12. I conveyed to counsel for Plaintiff Yuga Labs, Inc., that DCDD's position regarding production of documents in response to the subject subpoena is that it does not have a legal basis for objecting based on privilege and/or right of privacy, but that DCDD was only withholding records

due to DCDD's belief that production of Mr. Cahen's tax records would amount to an improper disclosure of his confidential tax returns without proper consent of its tax client under California and federal law.

13. On September 30, 2024, after receiving written correspondence from counsel for Plaintiff Yuga Labs, Inc., outlining its position in response to my August 28, 2024, correspondence, I attended a meet and confer conference with counsel for Plaintiff Yuga Labs, Inc. During that conference, I reiterated that DCDD does not object to the subpoena on the basis of privilege, right of privacy, scope, relevancy, nor reasonableness. Instead, DCDD is only withholding the responsive documents on the basis that DCDD believes it cannot produce the records without client consent, or, alternatively, an order from this Court.

14. During that same meet and confer, I also expressed to counsel for Plaintiff Yuga Labs, Inc., that DCDD is willing to simply lodge the responsive documents (document file, "DCDD CPA - Rec Prod 0001-0223" [social security numbers redacted]) with the Court.

15. Lastly, and based on the concerns expressed herein, DCDD does not oppose Plaintiff's Motion to Compel Dor, Crisostomo, Dor & Dow Accountancy Corporation to Produce Documents Responsive to Plaintiff's Subpoena.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of October 2024.

_____
BILL R. HOPKINS, ESQ.

# EXHIBIT 1

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Wednesday, August 28, 2024 1:55 PM
**To:** HOPKINS, BILL <BIHOPKINS@HANOVER.COM>
**Cc:** Jeremy Cahen <jcahen@gmail.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; YORAM DOR <yoram@dorcpas.com>; FERRER, JOSELITO <JFERRER@HANOVER.COM>
**Subject:** Re: Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen - subpoena to Dor, Crisostomo, Dor & Dow

Bill,

Correct. We did not serve responses and objections because the subpoena was not directed at Mr. Cahen but instead to a non-party.

Kind regards,
Henry

Get Outlook for iOS

---

**From:** HOPKINS, BILL <BIHOPKINS@HANOVER.COM>
**Sent:** Wednesday, August 28, 2024 1:24:45 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Jeremy Cahen <jcahen@gmail.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>; YORAM DOR <yoram@dorcpas.com>; FERRER, JOSELITO <JFERRER@HANOVER.COM>
**Subject:** RE: Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen - subpoena to Dor, Crisostomo, Dor & Dow

**EXTERNAL SENDER**

Hello Henry,

This is a brief follow-up. I do not have any information reflecting that your office served objections on behalf of Mr. Jeremy Cahen to the August 13, 2024, *Subpoena to Produce Documents* issued by the attorney for Plaintiff Yuga Labs, Inc., in the above-referenced matter.

If such objections have been served, I would kindly ask if your office would please forward a copy of that document.

Thank you,

**From:** HOPKINS, BILL
**Sent:** Tuesday, August 27, 2024 12:40 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Jeremy Cahen <jcahen@gmail.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Cc:** YORAM DOR <yoram@dorcpas.com>; FERRER, JOSELITO <JFERRER@HANOVER.COM>
**Subject:** RE: Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen - subpoena to Dor, Crisostomo, Dor & Dow

Good afternoon, Henry,

Received.  Thank you for replying. This confirms that Mr. Cahen does *not* consent to *Dor, Crisostomo, Dor & Dow Accountancy Corporation's* production of his 2021, 2022, and 2023 federal and California state tax returns ("DCDD CPA - Rec Prod 0001-0223").

Thank you for your assistance.

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Tuesday, August 27, 2024 3:16 PM
**To:** HOPKINS, BILL <BIHOPKINS@HANOVER.COM>; Jeremy Cahen <jcahen@gmail.com>; Gosma, Derek <Derek.Gosma@wilmerhale.com>; Tompros, Louis W. <Louis.Tompros@wilmerhale.com>
**Cc:** YORAM DOR <yoram@dorcpas.com>; FERRER, JOSELITO <JFERRER@HANOVER.COM>
**Subject:** RE: Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen - subpoena to Dor, Crisostomo, Dor & Dow

Bill,

Thank you for reaching out.  I have added Louis and Derek (they are also on our legal team).

Mr. Cahen does not give consent.

Kind regards,
Henry Nikogosyan

**From:** HOPKINS, BILL <BIHOPKINS@HANOVER.COM>
**Sent:** Monday, August 26, 2024 6:50 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Jeremy Cahen <jcahen@gmail.com>
**Cc:** YORAM DOR <yoram@dorcpas.com>; FERRER, JOSELITO <JFERRER@HANOVER.COM>
**Subject:** Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen - subpoena to Dor, Crisostomo, Dor & Dow

EXTERNAL SENDER

Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen, et al., Case No. 2:22-cv-04355-JFW-JEMx (C.D. Cal. June 24, 2022)

Good afternoon, Mr. Cahen and Mr. Nikogosyan,

This office has been assigned to assist *Dor, Crisostomo, Dor & Dow Accountancy Corporation* in its response to the August 13, 2024, *Subpoena to Produce Documents*, issued by the attorney for Plaintiff Yuga Labs, Inc., in the above-referenced matter. The record production due date is August 28, 2024.

My Yoram Dor, CPA, has confirmed that the only responsive records in the firm's custody, possession, or control are Mr. Jeremy Cahen's federal and California state tax returns, along with accompanying schedules, prepared by the firm for 2021, 2022, and 2023. Those records for 2021, 2022, and 2023 are attached hereto ("DCDD CPA - Rec Prod 0001-0223"), bate numbered 0001 – 0223.

*Dor, Crisostomo, Dor & Dow Accountancy Corp. ("DCDD")*, as licensed CPAs, may not disclose Mr. Cahen's tax return information to third parties (for purposes other than filing) without his written consent. See 26 CFR § 301.7216-3 [Disclosure or use permitted only with the taxpayer's consent.]; Rev. Proc. 2013-14. Accordingly, the purpose of this writing is to obtain Mr. Cahen's consent to DCDD's production of the referenced responsive business records, <u>bate numbered 0001 – 0223 (attached)</u>.

I would thus respectfully request your reply email confirming your approval or denial of Mr. Cahen's consent for the above-referenced production.

Without your consent, we can only advise counsel who issued the August 13, 2024, *Subpoena to Produce Documents* that *Dor, Crisostomo, Dor & Dow Accountancy Corp.* has not obtained the legally required consent from its tax client for the disclosure of records bate numbered 0001 – 0223. DCDD thus must defer to Mr. Cahen and his counsel for any meet and confer and/or any moving or responding discovery motion.

Please advise of any questions or concerns.

Thank you for your time and assistance.

Bill R. Hopkins, Esq.  │ Attorney
The Hanover Law Office
500 N. Brand Blvd., Suite 1280
Glendale, CA 91203
Call me on Teams
Office:  818 863-8327

This e-mail, including attachments, is intended for the exclusive use of the addressee and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any dissemination, use, distribution or copying is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and permanently delete the original and destroy all copies.