# Exhibit 5

# Exhibit 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| YUGA LABS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-04355-JFW-JEMx |
| RYDER RIPPS, JEREMY CAHEN | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Yoram Dor, CPA
Dor, Crisostomo, Dor & Dow - 16633 Ventura Boulevard, Suite 913, Encino, CA 91436

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1 attached hereto, Items to Produce.  In lieu of appearance at the location below, you are permitted to provide copies of the documents via email with the Affidavit of Custodian of Records (Exhibit 2).  Please contact MaryJo E. Smart at msmart@fennemorelaw.com to arrange providing the requested documents.

| Place: Fennemore<br>7800 Rancharrah Parkway<br>Reno, Nevada 89511 | Date and Time:<br>August 28, 2024, at 10:00AM |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/13/2024

*CLERK OF COURT*

OR

_____          /s/ MaryJo Smart
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:22-cv-04355-JFW-JEMx

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 1

# Exhibit 1

**EXHIBIT 1**

**DEFINITIONS**

1.      "Judgment" means the money judgment entered on February 2, 2024 in the above-referenced action between YUGA LABS, INC. and RYDER RIPPS AND JEREMY CAHEN.

2.      "Respondent" means subpoena respondent Yoram Dor, their subsidiaries, divisions, predecessor and successor companies, affiliates, and/or each of their employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "Judgment debtor" means Defendant, JEREMY CAHEN, its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4.      "Revenue" or "income" means any and all money, earnings, revenue, or payments of any kind that the judgment debtor received in any form, whether in cash or by check, credit or debit card, electronic transfer, or otherwise during the relevant time period, including but not limited to payments for goods and services, payments on accounts receivable, loan repayments, interest income, rents, royalties, license fees, commissions, dividends, distributions, payments relating to sales of assets, equipment, or inventory, payments on contracts, or any other payment or remuneration the judgment debtor received in connection with the operation of the judgment debtor's business.

5.      "Asset" means any property or thing of value the judgment debtor owned, claimed, or held any interest in, in whole or in part, during the relevant time period, including any and all real property, tangible personal property including cash, vehicles, goods, inventory, machinery,

equipment, trade fixtures, office equipment, supplies, and computer systems and networks, and intangible personal property including goodwill, contracts, accounts receivable, notes receivable, stocks, bonds, digital assets, digital currencies, virtual currencies, digital tokens (whether fungible or non-fungible), cryptocurrencies, commodities, derivatives, and securities, ownership interests in any other entities such as subsidiary corporations, general or limited partnerships, and joint ventures, intellectual property rights including copyrights, patents, trademarks, and trade names, and insurance policies which the judgment owns or which name the judgment debtor as an insured.

6.    "Account" means any domestic or foreign account maintained with any bank, financial institution, credit card company, or other entity, regardless of how such account is titled, during the relevant time period. Account includes, but is not limited to, any checking account, savings account, credit card account, deposit account, safe deposit box, crypto asset wallet, crypto asset exchange account, or other storage device for cash or valuables in any form. With respect to any document requests concerning an account held by a particular person, account includes all accounts in which that person has or had any legal or equitable interest or signatory authority, whether individually, jointly, in trust, in joint tenancy or tenancy by the entirety, or otherwise.

7.    "Relevant time period" means the period from January 1, 2021 through the present.

## INSTRUCTIONS

1.    You are required to produce all materials described herein that are in Your possession, custody, or control.

2.    If You withhold any document on the basis of any privilege or work product protection, or on the basis of confidentiality, provide a complete privilege log of the same concurrently with your response, including a brief description of the document being withheld and the privilege asserted, sufficient to enable a legal analysis of the asserted basis for withholding.

## ITEMS TO PRODUCE

1.    For all accounts in which the judgment debtor has or had a legal or equitable interest during the relevant time period, produce the following documents:

(a)    All transaction confirmations, including documents concerning the purchase or sale of securities (including stocks, bonds, structured products, mutual funds, or ETFs), or certificates of deposit.

(b)    All monthly account statements.

(c)    All account opening documents, including "know your customer" forms.

(d)    All documents identifying the names of persons who own or are authorized users of the account, or who have signature authority (including all signature cards).

(e)    Tax forms.

(f)    Images of cashed, cancelled, dishonored, or deposited checks.

(g)    Images of crypto asset transactions.

(h)    Images of deposit tickets/forms.

(i)    Documents concerning safe deposit boxes held by the judgment debtor or which the judgment debtor was authorized to access, including documents reflecting the dates that all persons accessed the safe deposit boxes during the relevant time period.

2.    To the extent not provided in response to the above request, produce documents sufficient to identify (by name, address, web address, and account number) all banks or financial institutions at which judgment debtor maintained an account during the relevant time period.

3.    Produce all documents relating to the judgment debtor's revenue during the relevant time period, including but not limited to:

(a)    Documents evidencing all sources of income, revenue, or remuneration of any kind, including payments for goods and services, interest income, operating income, payments on accounts receivable, commissions, agency fees, loan repayments, rents, royalties, license fees, dividends, distributions, payments relating to sales of assets,

equipment, or inventory, payments on contracts, or any other payment or remuneration the judgment debtor received in connection with the operation of their business.

(b)     State and federal income tax returns, and all related forms and schedules (including all amended returns, forms, and schedules) the judgment debtor filed during or relating to the relevant time period.

(c)     Paystubs, W-2s, 1099s, K-1s, or other evidence of any income, salary, wages, commissions, distributions, or other compensation or remuneration the judgment debtor received, whether as an employee, partner, member, shareholder, independent contractor, or otherwise, during the relevant time period.

(d)     Financial statements, balance sheets, income statements, cash flow statements, loan applications, and other financial disclosures prepared or submitted by the judgment debtor or on the judgment debtor's behalf during the relevant time period.

4.     Produce all documents relating to the judgment debtor's routine operating expenses, including but not limited to:

(a)     Operating costs.

(b)     Rental obligations.

(c)     Payroll and benefits.

(d)     Outstanding loans.

(e)     Installment payments.

(f)     Mortgage payments.

(g)     Loan payments and financing charges on vehicles, equipment, and supplies.

(h)     Payments due under contracts.

(i)     Royalty payments and license fees.

(j)     Commissions owed to brokers, dealers, or representatives.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
RENO

(k)    Legal, accounting, and other professional fees.

(l)    Advertising and marketing costs.

(m)    Other routine debts and expenses that occur on a regular basis.

5.    Produce all documents relating to any debts the judgment debtor owed or incurred during the relevant time period, including but not limited to:

(a)    Documents identifying the name of the creditor, the amount owed, when the debt was incurred and for what reason, whether all or any portion of the debt was paid, when all or any portion was paid, who made the payments, and any remaining balance on all such debts.

(b)    Documents on which each such debt is based, including contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence and other documents comprising, memorializing, or evidencing communications relating to each such debt.

6.    Produce all documents relating to any effort to collect any debt from the judgment debtor by any creditor, collection agency, attorney, or other party acting on behalf of any creditor, including demand letters, default notices, forbearance agreements, collection letters, liens, *lis pendens* notices, lawsuits, judgments, petitions, complaints, summonses, garnishments, attachments, citations, or other legal process.

7.    To the extent not provided in response to Request No. 5, above, produce all documents concerning loans the judgment debtor or someone acting on the judgment debtor's behalf applied for during the relevant time period, whether or not the loan was approved or finalized, including, but not limited to, all:

(a)    Loan applications, including documents submitted in connection with any loan application.

(b)    Financing disclosures.

(c)    Loan approval or denial reports.

(d)    Documents sufficient to identify:

    (i)    the amount of the loan;

    (ii)    the loan's start and end dates;

    (iii)    all loan disbursements; and

    (iv)    all loan repayments (including the source of the repayments, such as checks, cash in tickets, wires, etc.), pay-offs, delinquencies, or defaults.

(e)    Communications, such as letters, emails, instant messages, chats, discord posts, between you and the judgment debtor or (including persons acting on the judgment debtor's behalf) concerning the loan.

(f)    Documents concerning collateral provided for the loan.

(g)    Appraisals conducted in connection with the loan application.

8.    Produce all financial statements, financial reports, or financial disclosures concerning the judgment debtor, whether or not submitted to any other person or entity, during the relevant time period. This request includes, but is not limited to, all financial statements submitted during the relevant time period to any person or entity in connection with:

(a)    Applications for financing or credit.

(b)    Proposed or actual restructurings or settlements.

(c)    The purchase or financing of any property or asset in which the judgment debtor had or has a legal or equitable interest.

9.    Produce all documents, including correspondence, instant messages, chats, e-messages, letters, emails, and memoranda, you provided to **or** received from any accountant concerning the judgment debtor's financial condition during the relevant time period.

10. Produce all QuickBooks records, ledgers, or other accounting or bookkeeping records, and payroll records concerning the judgment debtor during the relevant time period.

11. Produce all Forms W-2, Forms W-4, and any other tax forms or tax documents for each employee or independent contractor of the judgment debtor during the relevant time period.

12. Produce all documents relating to any real property the judgment debtor currently owns, holds, or claims any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including any and all:

    (a) Real estate contracts (purchase or sale).

    (b) Mortgages, deeds, titles, assignments, trusts, or other instruments.

    (c) Documents concerning leases or financing of the real property.

    (d) Licenses, easements, or rights of way.

    (e) Escrow agreements.

    (f) Appraisals.

    (g) Documents concerning the payment of real property-related expenses (such as mortgage payments, taxes, insurance, and maintenance).

13. Produce all documents relating to vehicles, aircraft, boats, or other water vessels the judgment debtor currently owns, holds, or claims any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to:

    (a) Titles, licenses, and registrations.

    (b) Sales contracts, bills of sale, and other documents relating to the judgment debtor's purchase or ownership of the vehicle, aircraft, boat, or water vessel.

(c)     Financing documents, loan documents, security agreements, and all other evidence of any other party's lien on or interest in the vehicle, aircraft, boat, or water vessel.

(d)     Documents relating to or evidencing the location of the vehicle, aircraft, boat, or water vessel.

14.     Produce all documents relating to any and all other tangible [personal] property with a value over [$5,000] that the judgment debtor currently owns, holds, or claims any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to:

(a)     Goods.

(b)     Equipment and machinery.

(c)     Inventory.

(d)     Trade fixtures.

(e)     Tools.

(f)     Office equipment and furniture.

(g)     Computer equipment and networks.

(h)     Household furnishings, appliances, electronics, computer equipment, televisions, stereos, audiovisual equipment, and fixtures.

(i)     Jewelry, artwork, antiques, and collectibles.

(j)     Clothing.

(k)     Cash.

(l)     Precious metals.

Fennemore Craig, P.C.
Attorneys at Law
Reno

(m)    Appraisals, invoices, bills of sale, and other documents relating to or evidencing the value, purchase, receipt, possession, or ownership of any such tangible personal property.

(n)    All documents relating to or evidencing any other party's interest in or claim to any of the judgment debtor's tangible personal property, including all debts or liabilities secured by, or liens, security interests, or other encumbrances in, on, or against the property.

15.    Produce all documents relating to any corporation, subsidiary, limited liability company, trust, partnership, or other business entity that the judgment debtor currently owns, holds, or claims any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to:

(a)    Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity.

(b)    All stock certificates or other documents relating to or evidencing the judgment debtor's ownership of shares, units, membership interests, partnership interests, or other ownership interests in the entity.

(c)    Corporate minute books, minutes of organizational meetings, or documents relating to or evidencing the entity's organization, ownership, managerial structure, and adherence to corporate or other organizational formalities.

(d)    Appraisals, valuations, and other documents relating to or evidencing the value of the judgment debtor's ownership interest in any such entity.

16.    Produce all documents relating to any intangible property with a value over [$5,000] that the judgment debtor currently owns, holds, or claims any type of interest in, directly or

indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to any and all:

    (a)    Contracts.

    (b)    Security agreements.

    (c)    Stocks, bonds, or other evidence of ownership, equity, or investment in any business entity.

    (d)    Patents, copyrights, trademarks, or other evidence of intellectual property rights.

    (e)    Accounts receivable.

    (f)    Notes receivable.

    (g)    Crypto Assets, including, but not limited to, any digital asset, digital currency, virtual currency, digital token (whether fungible or non-fungible), or cryptocurrency.

    (h)    Corporate goodwill.

    (i)    Research and development.

    (j)    Retirement, pension, 401(k), and IRA accounts.

    (k)    Annuities.

    (l)    All documents relating to or evidencing any other party's interest in or claim to any of the judgment debtor's intangible personal property, including all debts or liabilities secured by, or liens, security interests, or other encumbrances in, on, or against the property.

17.    All documents relating to policies of insurance that the judgment debtor currently owns, holds, or claims any type of interest in, directly or indirectly, in whole or in part, or was

covered under during the relevant time period, including but not limited to any and all policies, contracts, notices, amendments, modifications, and renewals of any such policy.

18.    For all accounts identified in response to Request No. 1, above, produce all records of transfers that the judgment debtor sent or received, including all deposits, withdrawals, electronic fund transfers, crypto wallet addresses, transaction hashes, and wires (CHIPS, Fedwire, SWIFT, or other wire/electronic payment system). This request includes, but is not limited to, documents sufficient to identify:

(a)    The date of the transfer.

(b)    The name of the person who requested the transfer.

(c)    The transfer's intended recipient, including the recipient's name, financial institution, account number, and crypto wallet address.

(d)    Transfer request or approval forms.

(e)    The transfer's funding source.

(f)    All other institutions involved in the transfer, including originating, intermediary, and receiving financial institutions.

19.    Produce all documents relating to or evidencing any third party's possession, ownership, custody, or control of any of the judgment debtor's assets, in whole or in part, including but not limited to:

(a)    Contractual agreements, including all drafts and markups.

(b)    Certificates of title or deeds.

(c)    Publicly filed documents relating to the third party's possession or ownership interest.

(d)    Correspondence, internal memoranda, notes, or other records relating to the third party's possession or ownership interest.

(e)     All appraisals and other documents relating to the fair market value of the assets.

(f)     All documents relating to or evidencing the consideration paid by the third party for the possession or ownership interest.

20.     Produce all documents relating to or evidencing any transaction in which the judgment debtor transferred any interest in any of their assets over the value of [$5,000], in whole or in part, to any transferee during the relevant time period, including but not limited to:

(a)     Crypto Assets, including, but not limited to, any digital asset, digital currency, virtual currency, digital token (whether fungible or non-fungible), or cryptocurrency.

(b)     Contractual agreements, including all drafts and markups.

(c)     Certificates of title or deeds.

(d)     Publicly filed documents relating to the transaction.

(e)     Correspondence, internal memoranda, notes, or other records relating to the transaction.

(f)     All appraisals and other documents relating to or evidencing the fair market value of any assets transferred in the transaction.

(g)     All documents relating to or evidencing the consideration paid by the transferee for the assets transferred in the transaction.

21.     Produce all currency transaction reports (CTRs) involving judgment debtor during the relevant time period and all documents relating to each CTR, including correspondence and all documents supporting or explaining the need to create a CTR.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
RENO

22.     Produce all suspicious activity reports (SARs) involving the judgment debtor during the relevant time period and all documents relating to each SAR, including correspondence and all documents supporting or explaining the need to create an SAR.

23.     All documents relating to or evidencing the judgment debtor's business dealings with their business associates during the relevant time period, including but not limited to:

(a)     Documents relating to or evidencing any transaction between the judgment debtor and any business associate, including all transactions in which either the judgment debtor or any business associate transferred any interest in any of their assets over the value of [$5,000], in whole or in part, to the other party.

(b)     All contracts, retainer agreements, and other documents evidencing, establishing, or describing the parties' business or professional relationship.

# Exhibit 2

# Exhibit 2

1  Wade Beavers, NV Bar No. 13451
   MaryJo E. Smart, NV Bar No. 16139
2  **FENNEMORE CRAIG, P.C.**
   7800 Rancharrah Parkway
3  Reno, NV  89511
   Telephone:    (775) 788-2200
4  Facsimile:     (775) 788-2279
   wbeavers@fennemorelaw.com
5  msmart@fennemorelaw.com

6  *Attorneys for Plaintiff*

7        **UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**
                     **WESTERN DIVISION – Los Angeles**
8

9  YUGA LABS, INC.,                          CASE NO. 2:22-cv-04355-JFW-JEMx

10              Plaintiff,

   vs.

11 RYDER RIPPS, JEREMY CAHEN,

12              Defendants.

13

14

15             **AFFIDAVIT OF CUSTODIAN OF RECORDS**

16 STATE OF   _____   )
                               ) ss:
17 COUNTY OF                    )

18          NOW COMES, _____, who after first being duly sworn

19 deposes and says:

20          1.     That the above-named Affiant is the _____ (position or

21 title) of Dorr, Crisostomo, Dor & Dow and in his or her capacity as _____

22 (position or title) is an authorized custodian of records for Premier Accounting.

23          2.     That Dorr, Crisostomo, Dor & Dow is a _____ and is licensed to

24 do business in the state of _____.

25          3.     That on the _____ day of _____, 2024, the Affiant was served with a

26 Subpoena in connection with the above-entitled action, calling for the production of records

27 pertaining to the subject matter of the above-captioned action.

28

FENNEMORE CRAIG
      RENO

                                      1

4.      That the Affiant has examined the original of those records and has made or caused to be made a true, exact, and complete copies of them and that the reproduction of them is true, accurate, and complete with all requested records being produced herewith.

5.      That the original of those records was made at or near the time of the act or event recited therein by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity of the Affiant or Dorr, Crisostomo, Dor & Dow and thereafter maintained as a business record in the normal course by Dorr, Crisostomo, Dor & Dow.

DATED this _____ day of _____, 2024.


_____
Custodian of Records


SUBSCRIBED AND SWORN TO before
me this _____ day of _____, 2024.


_____
Notary Public, State of _____
My commission expires:  _____