# Exhibit 6

# Exhibit 6



**From:** HOPKINS, BILL <BIHOPKINS@HANOVER.COM>
**Sent:** Wednesday, August 28, 2024 3:52 PM
**To:** Smart Pinocchio, MaryJo <msmart@fennemorelaw.com>; beavers@fennemorelaw.com
**Cc:** FERRER, JOSELITO <JFERRER@HANOVER.COM>
**Subject:** Yuga Labs, Inc. v. Jeremy Cahen - August 13, 2024, Subpoena to Produce Documents

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

*Yuga Labs, Inc. vs. Ryder Ripps, Jeremy Cahen (2:22-cv-04355-JFW-JEMx)*
*District Court, C.D. California*

Good afternoon, Ms. Mary Jo E. Smart,

This office has been assigned to assist *Dor, Crisostomo, Dor & Dow Accountancy Corporation,* a California CPA firm*,* in its response to the August 13, 2024, *Subpoena to Produce Documents*, issued by your office in the above-referenced matter. That subpoena identifies you as the person to contact to coordinate production of the responsive documents.

Mr. Yoram Dor, CPA, who completed the attached *Affidavit of Custodian of Records*, has confirmed that the only records responsive to that Subpoena in the firm's custody, possession, or control, or otherwise maintained, received, or generated in the regular course of business, are Mr. Jeremy Cahen's federal and California state tax returns, along with accompanying schedules, prepared by the firm for 2021, 2022, and 2023. Those responsive records for 2021, 2022, and 2023 are saved in a document file, "*DCDD CPA - Rec Prod 0001-0223*," and bate numbered 0001 – 0223.

*Dor, Crisostomo, Dor & Dow Accountancy Corp*. ("DCDD"), as a California licensed CPA firm, is expressly prohibited under California state laws, federal law, regulations, as well as professional rules of conduct, from disclosing tax information to third parties without the written consent of the client. See, i.e., *Internal Revenue Code* § 7216, IRC regulations, 26 CFR 301.7216-3, *subd. f (1-6)* [Permissible disclosures or uses without consent of the taxpayer] [a subpoena issued by a civil litigant is not recognized as falling within the enumerated exceptions for an "order of a court" under section 7216.]; AICPA Code of Professional Conduct, Rule 1.700; California State Board of Accountancy, Article 9, Rules of Professional Conduct, *Cal. Code Regs. tit*. 16 § 54.1; *California Bus. & Prof.* Code § 5063.3 subd. (a).

Accordingly, on behalf of *Dor, Crisostomo, Dor & Dow Accountancy Corp*., this office contacted the CPA firm's tax client, Defendant Jeremy Cahen, and his attorney of record in this matter, Mr. Henry Nikogosyan, Esq., to (1) provide the responsive documents (bate numbered 0001 – 0223) and to (2) <u>obtain the requisite written consent for the CPA firm's disclosure to your office</u> of Mr. Jeremy Cahen's federal and California state tax returns, along with accompanying schedules, prepared by the firm for 2021, 2022, and 2023 ("*DCDD CPA - Rec Prod 0001-0223*"), in response to the August 13, 2024, *Subpoena to Produce Documents*.

Mr. Cahen's attorney responded advising that Mr. Cahen _does not_ give his consent to the disclosure of those documents, bate numbered 0001 – 0223, under the August 13, 2024, _Subpoena to Produce Documents_. This office has not received service or other notice of any objections, meet-and-confer, and/or motion to quash served and/or filed on behalf of Mr. Cahen in connection with any assertion of privilege or right of privacy.

_Dor, Crisostomo, Dor & Dow Accountancy Corp_. _does not_ have a legal basis for objecting based on privilege and/or right of privacy. Instead, among other statutory provisions for both civil and criminal liability, as well as violations of the California State Board of Accountancy's Professional Rules of Conduct, California Business & Professions Code, § 17530.5(a), makes it a misdemeanor for _Dor, Crisostomo, Dor & Dow Accountancy Corp_. to engage in improper disclosure of tax information without the proper written consent of its tax client.

Based on the foregoing, this writing is thus provided to your office to inquire as to how your office would like to proceed on this production issue. Our office is inclined to request permission from the Court, pursuant to Local Rule 5-4.2 (see also local form G-92), to lodge the full responsive document file [bate numbered 0001 – 0223 (with redacted social security numbers)] with the Court, thereby leaving it to the parties to seek disclosure directly from the Court.

If, alternatively, your office is reaching some agreement with Defendant's counsel on the production or will directly communicate with Defendant's counsel on this issue, I would kindly ask if you would please keep me updated on the status. We will then produce the responsive document file [bate numbered 0001 – 0223] in accordance with whatever resolution the parties have reached.

I am available at a time convenient on your schedule for a call to discuss this matter.

Thank you for your time and attention to the foregoing.

Bill R. Hopkins, Esq. │ Attorney
The Hanover Law Office
500 N. Brand Blvd., Suite 1280
Glendale, CA 91203
Call me on Teams
Office:  818 863-8327

This e-mail, including attachments, is intended for the exclusive use of the addressee and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any dissemination, use, distribution or copying is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and permanently delete the original and destroy all copies.