Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants and Counterclaim Plaintiffs
RYDER RIPPS and JEREMY CAHEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>    Defendants. | Case No.: 2:22-cv-04355-JFW-RAO<br><br>**DEFENDANT JEREMY CAHEN'S OPPOSITION TO PLAINTIFF YUGA LABS, INC.'S MOTION TO COMPEL THIRD-PARTY DOR, CRISOSTOMO, DOR & DOW ACCOUNTANCY CORPORATION TO PRODUCE DOCUMENTS RESPONSIVE TO YUGA LABS' POST-JUDGMENT SUBPOENA**<br><br>Judge: John F. Walter<br>Magistrate Judge: Rozella A. Oliver |

Pursuant to the Court's Order RE: Motion to Compel (Dkt. No. 487) ("Order"), Defendant Jeremy Cahen respectfully submits this response in opposition to Plaintiff Yuga Labs, Inc.'s ("Yuga") Motion to Compel ("Motion") third-party Dor, Crisostomo, Dor & Dow Accountancy Corporation ("DCDD") to produce documents responsive to Yuga's post-judgment subpoena (Dkt. No. 484) ("Motion").

Mr. Cahen thanks the Court for the opportunity to respond to Yuga's motion. As the Court indicated in its order, the deadline for any response from Mr. Cahen was unclear because Yuga and DCDD proceeded by joint stipulation without involvement from Mr. Cahen or his counsel.

Preliminarily, to remedy Yuga's apparent confusion, counsel of record from Wilmer Cutler Pickering Hale and Dorr LLP continues to represent Mr. Cahen (and Mr. Ripps) in this matter (*Yuga Labs, Inc. v. Ripps*, Case No.: 2:22-cv-04355-JFW-RAO), as well as in the appeal of this matter (*Yuga Labs, Inc. v. Ripps*, No. 24-879 (9th Cir.)). In its Motion, Yuga refers to correspondence from February 12, 2024 between lead counsel for Yuga and lead counsel for Mr. Cahen, in which lead counsel for Mr. Cahen explained that if Yuga "has plans to bring enforcement proceedings when permitted in an applicable jurisdiction to enforce the monetary judgment against any assets that Mr. Ripps or Mr. Cahen may have, we do not represent Mr. Ripps and Mr. Cahen in connection with any such enforcement." Declaration of Louis W. Tompros (Tompros Decl.) Ex. 1.  But shortly thereafter, on February 23, 2024, lead counsel for Mr. Cahen clarified expressly: "I understand that there may be some confusion: ***we continue to represent Mr. Ripps and Mr. Cahen in the district court matter and at the Court of Appeals*** (though we are not presently retained to represent them in any other jurisdiction)." *Id.* (emphasis

added).[1]  Counsel of record continue to represent Mr. Cahen in this proceeding and its appeal (though not in any other jurisdiction or proceeding).

Final judgment in this matter entered more than eight months ago, on February 2, 2024 (Dkt. No. 452).  In that judgment, Mr. Cahen and Mr. Ripps were ordered to pay Yuga a total of $8,895,346.50, and were subject to a permanent injunction (with which they have complied (*see* Dkt. Nos. 464, 465)). Mr. Cahen and Mr. Ripps immediately appealed (Dkt. No. 456), and the appeal was promptly placed on an expedited schedule including argument in August 2024 (Dkt. No. 470).  On February 23, 2024, counsel for Mr. Cahen informed Yuga that "Mr. Ripps and Mr. Cahen have informed us that they are not able to pay the judgment." Tompros Decl. Ex. 1.  This inability to satisfy the monetary aspect of the judgment was also made clear in the Appellants' motion to expedite proceedings on appeal. *See Yuga Labs, Inc. v. Ripps et al.*, No. 24-879, Motion to Expedite, Dkt. No. 17.1, at 5 (Mar. 2, 2024) (representing that "[i]f Yuga moves to enforce the judgment—as it is permitted to do next week—it is counsel's understanding that both Appellants will either have to declare bankruptcy or surrender their remaining assets while they continue to prosecute this appeal").

The appeal moved forward on an expedited basis, and Yuga appeared to be taking no meaningful action to enforce the monetary aspect of the judgment.  Yuga filed a deficient writ of execution in April 2024 (Dkt. No. 472), and Yuga was notified of the deficiency in that submission in May (Dkt. No. 473).  But it did not then take action to correct that deficiency.  In the meantime, the appeal was fully

---

[1] It appears that, several months later, in September 2024, new counsel for Yuga sent a letter by email to a single member of the team then representing Mr. Cahen (who has since left WilmerHale and withdrawn from representation) (Dkt. No. 484, at n.1; *see also* Dkt. No. 486 (withdrawal of appearance)).  It was not until October 25, 2024 that lead counsel for Mr. Cahen (or any other counsel now of record for Mr. Cahen) became aware of the letter from Yuga's new counsel seeking further clarification about Mr. Cahen's representation.

briefed by June 2024, and argued on August 15, 2024.  *See Yuga Labs, Inc. v. Ripps*, No. 24-879, Dkt. Nos. 49 (briefing completed on June 20, 2024), 57 (oral argument on August 15, 2025).  Given Yuga's apparent abandonment of its writ of execution coupled with Mr. Cahen's repeated representations that he was unable to satisfy the monetary aspects of the judgment, Mr. Cahen assumed that Yuga had no intention of pursuing further enforcement (at least until the completion of the expedited appeal).

    It was only **after** oral argument in the appeal was complete that Yuga—having taken no action to enforce the judgment for four months—filed a new writ of execution (Dkt. No. 477 (August 19, 2024)).  And it was another week after that, on August 26, 2024, when counsel for DCDD reached out to counsel for Mr. Cahen asking for Mr. Cahen's approval or denial of consent for DCDD to provide Mr. Cahen's tax returns to Yuga. (Dkt. No. 484-2, at 7-8).  Mr. Cahen declined to give that consent, reasoning that the appeal would be decided soon, that reversal or vacatur was likely, and that even partial reversal or vacatur on any ground would vitiate the attorney's fee award (which constituted the bulk of the nearly $9 million judgment).  Yuga's motion followed.

To summarize, the timeline leading up to Yuga's motion is:

| | | |
|---|---|---|
| February 2024 | February 2 | Final Judgment |
| | February 12 | Cahen Notices Appeal |
| | February 23 | Cahen Informs Yuga of Inability to Pay |
| March 2024 | March 1 | Cahen Certifies Compliance with Injunction |
| | March 2 | Cahen Files Opening Appeal Brief and Mot. to Expedite |
| | March 15 | Expedited Case Placed on August Argument Calendar |
| April 2024 | April 2 | Yuga Files Deficient Writ of Execution |
| | | [No other enforcement action by Yuga] |
| May 2024 | May 16 | Yuga Writ of Execution Rejected as Deficient |
| | | [No enforcement action by Yuga] |
| June 2024 | | [No enforcement action by Yuga] |
| July 2024 | | [No enforcement action by Yuga] |
| August 2024 | August 15 | Oral Argument on Appeal |
| | August 19 | Yuga Files Corrected Writ of Execution |
| | August 26 | DCDD Requests Consent to Disclose Cahen Returns |

In sum, in the four months during which the appeal was proceeding on an expedited basis, Yuga did not appear to engage in any meaningful enforcement activity. It is now just over three months since oral argument in the appeal, and a decision is likely forthcoming any day. In these circumstances, Mr. Cahen

4

respectfully submits that post-judgment discovery should be delayed pending the imminent decision from the Court of Appeals, which is likely to reverse or vacate the underlying judgment in whole or in part, rendering post-judgment discovery unnecessary.

Mr. Cahen accordingly requests that the Court deny Yuga's post-judgment motion without prejudice pending an order from the Court of Appeals on the underlying judgment.

Dated:  November 14, 2024

By: /s/  Louis W. Tompros

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendant
*Jeremy Cahen*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on November 14, 2024

By: /s/ *Louis W. Tompros*
Louis W. Tompros

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Jeremy Cahen, certifies that this brief contains 1,215 words, which:

  X   complies with the word limit of L.R. 11-6.1.

 ___ complies with the word limit set by court order dated [*date*]

Dated: November 14, 2024                Respectfully submitted,

By: /s/ *Louis W. Tompros*
Louis W. Tompros