Kevin Abbott (CSB #281312)
**FENNEMORE CRAIG P.C.**
550 E. Hospitality Lane
San Bernardino, CA 92408
Telephone No.: 909-723-1702
kabbott@fennemorelaw.com

John Tennert (NSB #11728) (*pro hac vice*)
MaryJo E. Smart Pinocchio (CSB #332879)
**FENNEMORE CRAIG P.C.**
7800 Rancharrah Parkway
Reno, Nevada 89511
Telephone No.: 775-788-2212
jtenner@fennemorelaw.com
msmart@fennemorelaw.com

*Attorneys for Plaintiff* YUGA LABS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS INC.,<br><br>   Plaintiff/Judgment Creditor<br><br>v.<br><br>RYDER RIPPS, JEREMY CAHEN<br><br>   Defendants/Judgment Debtors. | Case No.: CV-22-04355-JFW-JEM<br><br>**PLAINTIFF YUGA LABS INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL THIRD-PARTY DOR, CRISOSTOMO, DOR & DOW ACCOUNTANCY CORPORATION TO PRODUCE DOCUMENTS RESPONSIVE TO YUGA LABS' POST-JUDGMENT SUBPOENA** |

   Pursuant to this Court's Order re: Motion to Compel (ECF No. 487), Plaintiff/Judgment Creditor Yuga Labs, Inc. ("Yuga Labs") hereby replies to Defendant/Judgment Debtor Jeremy Cahen's Opposition to Yuga Labs' Motion to Compel ("Motion") third-party, Dor, Crisostomo, Dor & Dow Accountancy Corporation ("DCDD") to produce documents responsive to Yuga Labs' post-judgment subpoena.

Mr. Cahen's request to delay post-judgment discovery pending a decision from the Court of Appeals is neither rooted in law nor equity. Indeed, Mr. Cahen cites no authority in support of such a novel argument and does not even request to quash the underlying subpoena. Similar attempts to delay post-judgment discovery without posting bond have been appropriately deemed "bald request[s]." *See Doraleh Container Terminal SA v. Republic of Djibouti*, Case No. 23-83 (BAH), 2023 WL 6160015, at *4 (D.D.C. Sept. 21, 2023) (cautioning judgment debtor that "further attempts to delay post-judgment discovery may result in sanctions in the future."). If Mr. Cahen legitimately wanted to stay enforcement of the nearly 9 million dollar judgment against him, he should have first provided this Court with a bond or other security months ago. *See* Fed. R. Civ. P. 62(b). Mr. Cahen has never posted a bond nor moved for a stay of the proceedings to enforce the judgment. As a result, Yuga Labs appropriately began its enforcement efforts on March 3, 2024—thirty-days after the judgment was entered.

Contrary to the counterfactual narrative presented in Mr. Cahen's Opposition, Yuga Labs filed an Affidavit and Request for Issuance of Writ of Execution on April 2, 2024, *see* ECF No. 471, and the Clerk of this Court issued a valid, enforceable Writ of Execution on April 3, 2024, *see* ECF No. 472. The Notice of Deficiency that Mr. Cahen spends great lengths discussing in his Opposition concerned an Abstract of Judgment that Yuga Labs had issued via the Clerk's office.[1] One need only review the Notice of Deficiency (which, Mr. Cahen apparently did not) to see that it relates to the Abstract of Judgment and clearly does not concern the Writ of Execution. *See* ECF No. 473. Yuga Labs had a new Writ of Execution issued on August 20, 2024 because writs expire after six-months. *See* ECF No. 477.

---

[1] This error regarding the attested date on the Abstract of Judgment was quickly rectified and the Clerk of this Court issued the Abstract of Judgment on June 10, 2024. *See* ECF No. 474. Yuga Labs subsequently began recording the Abstract of Judgment against real property owned by the Judgment Debtors.

Since enforcement began in March of 2024, through its own investigations, Yuga Labs has endeavored to identify the Judgment Debtors' assets. These efforts would not be reflected on the Court's public docket, and Mr. Cahen's reliance upon the docket to assert that Yuga Labs has not sought to enforce the judgment is simply false, and irrelevant. Nonetheless, Yuga Labs has 10 years to enforce the judgment against the Judgment Debtors, and is well within its right to first seek to identify the Judgment Debtors' assets before filing any post-judgment motions. *See* California Code, CCP 683.020.

Yuga Labs' welcomes WilmerHale's clarification as to its representation of Judgment Debtors. Despite ignoring Yuga Labs' September 13, 2024 letter to counsel of record requesting clarification of the representation, Mr. Cahen's 's lead lawyer, Mr. Tompros, apparently now acknowledges that *he* became aware of the letter on October 25, 2024 yet chose to not respond. ECF No. 488 at n.1. The letter contained notice of the underlying subpoena subject to this Motion and a request to confer, as well as interrogatories for both Judgment Debtors.

Lastly, on the merits of the Motion, Mr. Cahen does not object to the subpoena or even attempt to engage with the substantive arguments contained in the motion. That is, that Mr. Cahen's tax returns are both relevant and proportional to the needs of post-judgment discovery. *See A&F Bahamas, LLC v. World Venture Group, Inc.*, CV 17-8523 VAP (SS), 2018 WL 5961297, at *8 (C.D. Cal. Oct. 19, 2018) ("Furthermore, as one court has observed, the weight to be given an asserted interest in the confidentiality of financial documents, including tax returns, may differ in pre-judgment and post-judgment contexts. In pretrial discovery, courts may often 'give precedence to the parties' legitimate desire to maintain confidentiality concerning their assets in the absence of a compelling need for the information.' . . . 'Once judgment has been entered against a defendant, however, that desire for confidentiality must necessarily yield to a plaintiff's legitimate need to acquire any

1  and all information reasonably available to locate the defendant's assets. Thus in the

2  post-judgment contexts, courts have readily required production of tax returns with

3  no showing of compelling need, or with a showing that the judgment debtor has

4  produced only limited documents related to his assets."). Mr. Cahen has thus waived

5  any argument to the contrary.

6        Because Mr. Cahen has not moved to quash the underlying subpoena, and Mr.

7  Cahen's request for a delay in post-judgment discovery is contradicted by the

8  appropriate procedure for such relief in the Federal Rules of Civil Procedure, Yuga

9  Labs respectfully requests that this Court enter an order compelling DCDD to

10 comply with the Subpoena and produce the responsive documents that DCDD has

11 already identified and prepared for production.

12

13 Dated:  November 20, 2024          **FENNEMORE CRAIG, P.C.**

14                                    By:

15                                    _____
                                      Kevin Abbot (Ca. Bar No. 281312)
16                                    John D. Tennert, III (*Pro Hac Vice*)
                                      MaryJo E. Smart  Pinocchio (Ca. Bar
17                                    No. 332879)

18                                    *Attorneys for Yuga Labs, Inc.*

19

20

21

22

23

24

25

26

27

28

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the **<u>PLAINTIFF YUGA LABS INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL THIRD-PARTY DOR, CRISOSTOMO, DOR & DOW ACCOUNTANCY CORPORATION TO PRODUCE DOCUMENTS RESPONSIVE TO YUGA LABS' POST-JUDGMENT SUBPOENA</u>** on the parties set forth below by:

_____ Certified Mail, Return Receipt Requested addressed as follows:

_____    Via email, per the parties' agreement

_____    Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered

_____    Federal Express (or other overnight delivery)

\_\_XX\_\_    E-service effected by CM/ECF

WILMER CUTLER PICKERING HALE AND DORR LLP
*Attorneys for Ryder Ripps and Jeremy Cahen*


DATED:  November 20, 2024.

_____*/s/ Susan Whitehouse*_____
Employee of FENNEMORE CRAIG, P.C.