UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-04355 JFW (RAOx) | Date: | April 10, 2025 |
| Title: | Yuga Labs, Inc. v. Ripps et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers) **ORDER DENYING EX PARTE APPLICATION FOR TURNOVER ORDER [506]**

On March 28, 2025, Plaintiff/Judgment Creditor Yuga Labs, Inc. ("Yuga Labs") filed an *Ex Parte* Application for an order directing Judgment Debtor Jeremy Cahen ("Cahen") to turnover crypto assets. ("*Ex Parte* Application"). Dkt. No. 506. Cahen filed his Opposition on March 29, 2025. Dkt. No. 507. Yuga Labs filed its Reply on April 2, 2025. Dkt. No. 508.

In its *Ex Parte* Application, Yuga Labs moves the Court for an order directing Cahen to turnover or provide access to Cahen's crypto wallets. Yuga Labs asserts that Cahen has undertaken steps to avoid satisfying the obligations set forth in the Final Judgment. As an example, Judgment Creditor states on October 24, 2024, the U.S. Marshal served cryptocurrency exchange Gemini ("Gemini") with a writ of execution, notice of levy, and memorandum of garnishee. Dkt. No. 506 at 2; *see also* Dkt. No. 495. Thereafter, the U.S. Marshal provided notice to Cahen of the levy. Judgment Creditor states that the next day, October 25, 2024, Cahen transferred his crypto assets from Gemini to the crypto wallet on October 25, 2024, before Gemini froze his accounts. Dkt. Nos. 506 at 2, 506-1 at 2. The *Ex Parte* Application asks the Court to order Cahen to furnish to the levying officer, the U.S. Marshals, information and keys to access Cahen's crypto wallets. Dkt. No. 506-1 at 5.

In Opposition, Cahen makes several arguments, including that Yuga Labs' application fails to satisfy the requirements for *ex parte* relief and is factually misleading, and in any event, enforcement and post-judgment discovery efforts should be postponed pending a decision from the Ninth Circuit Court of Appeals on Cahen and co-defendant Ripps' appeal. Dkt. No. 507 at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-04355 JFW (RAOx) | Date: | April 10, 2025 |
| Title: | Yuga Labs, Inc. v. Ripps et al. | | |

Money judgments entered in federal courts are enforceable through the procedures of the state where the court is located. *See* Fed. R. Civ. P. 69(a)(1). Under California law, if a writ of execution has been issued, a "judgment creditor may apply to the court, or on noticed motion if the court so directs . . . for an order directing the judgment debtor to transfer to the levying officer either or both of the following: (1) Possession of the property sought to be levied upon by taking it into custody. (2) Possession of documentary evidence of title to property of . . . the judgment debtor that is sought to be levied upon." Cal. Civ. Proc. Code. § 699.040(a).

The Court concludes that Yuga Labs' request for a turnover order does not warrant *ex parte* relief, and instead, directs Yuga Labs to proceed by a noticed motion. First, Yuga Labs fails to explain why it waited approximately five months following service of the writ of execution on Gemini to file its *Ex Parte* Application. Second, Cahen's arguments opposing *ex parte* relief provide sound reasons why the instant matter should proceed by a regularly noticed motion, namely that Yuga Labs' application contains misleading or incomplete factual statements.

For these reasons, the *Ex Parte* Application is DENIED. The Court orders the parties to meet and confer on a proposed briefing schedule and hearing date for Yuga Labs' motion for a turnover order.

The Court notes that there is a pending discovery motion to compel documents filed by Yuga Labs, *see* Dkt. No. 484, and that the parties have contacted the Court to schedule an informal discovery conference. To address these pending post-judgment enforcement discovery matters, the Court further orders the parties to meet and confer to propose dates and times for a status conference to address the pending discovery disputes.

By April 17, 2025, the parties shall email their proposed briefing schedule and dates/times for a hearing on the pending discovery disputes to RAO_Chambers@cacd.uscourts.gov.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | er |