Kevin Abbott (CSB #281312)
**FENNEMORE**
550 E. Hospitality Lane
San Bernardino, CA 92408
Telephone No.: 909-723-1702
kabbott@fennemorelaw.com

John Tennert (NSB #11728) (*pro hac vice*)
MaryJo E. Smart Pinocchio (CSB #332879)
**FENNEMORE**
7800 Rancharrah Parkway
Reno, Nevada 89511
Telephone No.: 775-788-2212
jtenner@fennemorelaw.com
msmart@fennemorelaw.com

Attorneys for Plaintiff YUGA LABS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC.;<br><br>　　Plaintiff/Judgment Creditor,<br><br>vs.<br><br>RYDER RIPPS, JEREMY CAHEN<br><br>　　Defendants/Judgment Debtors. | CASE NO.: 2:22-CV-04355-JFW-JEM<br><br>**JUDGMENT CREDITOR'S MOTION FOR TURNOVER ORDER** |

　　Plaintiff Yuga Labs, Inc. ("Yuga Labs" or "Judgment Creditor") moves this Court, pursuant to Federal Rules of Civil Procedure, Rule 69(a) and California Code of Civil Procedure ("CCP") § 669.040, for an order compelling defendant and judgment debtor Jeremy Cahen ("Cahen") to turnover possession of crypto assets located within four crypto wallets owned and controlled by Cahen. This Motion is based on the below memorandum of points and authorities, the exhibits attached hereto and any other pleadings and papers on file with this Court.

//

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Notwithstanding Cahan's professed inability and outright refusal to satisfy any portion of this Court's nearly $9 million judgment (the "Final Judgment"), Cahen holds substantial crypto assets in four crypto wallets that he has placed beyond Yuga Labs' reach. Based on information that Yuga Labs has obtained through post-judgment discovery, Yuga Labs requests that the Court enter an order pursuant to CCP § 699.040 requiring Cahen turnover possession of all crypto assets contained in the following four crypto wallets to the United States Marshals Service ("US Marshals"):

1. **bc1q5n2n00w8njg02tkv5mzmp3a25lhe7jm933akay**
2. **bc1qvpzczaswt3qd0n4ttk5mj2za6c5057ym7rfnnz**
3. **bc1q3cy7ehjunq6a4pl9ercderc3ml0ch2lqawvs7f**
4. **0x4424DEb10592aB4aCcE038000e2544aBaC520563**

CCP § 699.040 provides that following the issuance of a writ of execution, a judgment creditor may request an order requiring a judgment debtor "to transfer to the levying officer" either "[p]ossession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody" or "possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon." *Icho v. PacketSwitch.com, Inc.*, No. CV 1-20858-LHK PSG, 2012 WL 4343834, at *2 (N.D. Cal. Sept. 21, 2012).

Cahen's crypto assets in these four wallets include Bitcoin, Ethereum, and PEPE coin and are specifically identified on the public blockchain ledger. *See,* e.g. **Exhibit 1** (Blockchain Identification). To effectuate the transfer of these assets, the US Marshals require access to the cryptographic keys associated with the wallets. Accordingly, an order from this Court directing the turnover of those keys to the US Marshals is necessary to facilitate enforcement of the Final Judgment.

## I.   BACKGROUND ON POST-JUDGMENT ENFORCEMENT

On February 2, 2024, this Court entered its Final Judgment against Defendants

2

Ryder Ripps and Cahen (collectively, "Judgment Debtors") for **$8,895,346.50**, plus attorneys' fees, costs, and post-judgment interest. *See* ECF No. 452. Cahen did not post a bond to stay execution on the Final Judgment or otherwise obtain a stay of enforcement. *See* Fed. R. Civ. P. 62(b) (providing for the procedures a judgment debtor must follow to stay enforcement of the judgment). The Final Judgment has been enforceable since March 3, 2024.

Shortly after entry of judgment, this Court issued a writ of execution and Yuga Labs commenced post-judgment enforcement efforts to identify and seize Cahen's property subject to the Final Judgment.

These efforts, which are not all reflected on this Court's public docket, include but are not limited to, the actions reflected in the following table:

| | |
|---|---|
| February 2, 2024 | Yuga Labs Receives Final Judgment (ECF No. 452) |
| April 3, 2024 | Writ of Execution First Issued (ECF No. 472) |
| May 2024 | Levies to Bank of America, JP Morgan Chase, Wells Fargo, Robinhood, Gemini Trust Company, Crypto.com, Coinbase, and Binance first sent to US Marshals for service. |
| June 10, 2024 | Abstract of Judgment Issued (ECF No. 474) |
| August 15, 2024 | Cahen's Accountant Subpoenaed |
| August 20, 2024 | Renewed Writ of Execution Issued (ECF No. 477) |
| August 20, 2024 | Post-Judgment Interrogatories Served |
| September 13, 2024 | Letter Sent to Cahen's Counsel Clarifying their Representation of Cahen for Post-Judgment Purposes |
| October 28, 2024 | Notice of Motion to Compel Tax Records from Cahen's Accountant Filed (ECF No. 484) |
| October 2024 | Levies to Bank of America, Chase, Wells Fargo, Robinhood, Chase, Gemini, Crypto.com, Coinbase, and Binance served by US Marshals. |
| Late October 2024 | Subpoenas to Bank of America, Chase, PNC Bank, Citi Bank, Wells Fargo, Robinhood, Chase, Gemini, Crypto.com, Coinbase, and Binance served. |

| | |
|---|---|
| November 20, 2024 | Motion to Compel Tax Records from Cahen's Accountant Submitted (ECF No. 489) |
| January 3, 2025 | US Marshals File Service Receipts for Levies (ECF Nos. 490–499) |
| January 10, 2025 | Subpoena to the Los Angeles Clippers for Cahen's Financial Information Served. |
| January 15, 2025 | Responsive Gemini Records Produced to October 2024 Subpoena after meet and confer efforts with In-House Counsel for Gemini completed.[1] |
| January 31, 2025 | Los Angeles Clippers Respond to Subpoena |
| February 26, 2025 | Renewed Writ of Execution Issued (ECF No. 501) |
| February 27, 2025 | Request for Informal Discovery Conference re: Post-Judgment Interrogatories and Debtor Exam of Cahen |
| March 6, 2025 | Application for use of Private Process Server Approved to Streamline Service of Levies (ECF No. 504) |
| March 27, 2025 | Levies to Mercury, Bancorp, and Choice Financial Service Served. |
| March 28, 2025 | Ex Parte Application for Turnover Order Filed (ECF No. 506) |
| April 4, 2025 | Mercury Issues a Check for $9,890.86 to the Levying Officer for Assets Owned by Cahen. |

Yuga Labs has taken affirmative steps under California law essentially every month since the Court issued its Final Judgment to locate and execute upon Cahen's assets. Still, Cahen has made a mockery of this Court's Final Judgement by refusing to pay any portion of the judgment or comply with any post-judgment discovery. Indeed, a cursory review of Cahen's numerous (and frequently banned) X.com accounts show that he regularly flouts his supposed wealth by sitting courtside at Los Angeles Clippers games. *See e.g.*, **Exhibit 2** (X.com Post). Cahen continues to assert—despite not having posted a bond or obtained a stay—that he is not obligated

---

[1] After Gemini's initial silence on the October 2024 Subpoena, Yuga Labs followed up with its in-house counsel, prompting the eventual production of documents.

to comply with post-judgment discovery while the appeal is pending. *See* ECF No. 488 at 5:26–6:1–2 ("Mr. Cahen respectfully submits that post-judgment discovery should be delayed pending the imminent decision from the Court of Appeals…"). As a result, Yuga Labs has been forced to proceed with third-party post-judgment discovery directly from banks and crypto exchanges via subpoena and levy. Cahen has not objected to nor sought a protective order in connection with any of the subpoenas nor levies that Yuga Labs issued to banks and crypto exchanges. Through these discovery efforts, Yuga Labs has identified assets subject to execution.

**II.    GEMINI SUBPOENA AND RECORDS SUBJECT TO THIS MOTION**

As identified in the above table, Yuga Labs served a Subpoena on Gemini Trust Company, LLC ("Gemini"), which offers a cryptocurrency exchange and related custodial services, to identify any cryptoassets owned by Cahen (the "Subpoena"). The Subpoena requested records necessary to identify Cahen's assets so that Yuga Labs can satisfy the Final Judgment.

In response to the Subpoena, on January 15, 2025, Gemini produced a spreadsheet of all transactions associated with Cahen's accounts with Gemini, including his account ending in 7560. A true and correct copy of the spreadsheet produced by Gemini for Account ending 7560, narrowed to the pertinent items, is attached as **Exhibit 3**.

The spreadsheet indicates that Cahen, while Yuga Labs was attempting to enforce the Final Judgment through a levy directed at Gemini, transferred his cryptoassets to two distinct cryptowallets.

First, on October 21 and 22, 2024, Cahen transferred a total of 2.000 Bitcoin ("BTC") to a cryptowallet with the blockchain address:

- **bc1q5n2n00w8njg02tkv5mzmp3a25lhe7jm933akay** (the "First Wallet").

*See* Exhibit 3, rows 1 & 2. BTC, the native cryptocurrency of the Bitcoin blockchain, had a market value of approximately $67,367 per coin at that time. Accordingly, the

total value of Cahen's transfer to the First Wallet was approximately $134,734.

Then, on October 28, 2024, Cahen split the remaining 2.000 BTC stored in the First Wallet into two equal parts. He transferred 1.000 BTC to each of two additional cryptowallets with the following blockchain addresses:

- **bc1qvpzczaswt3qd0n4ttk5mj2za6c5057ym7rfnnz** (the "Second Wallet"), and

- **bc1q3cy7ehjunq6a4pl9ercderc3ml0ch2lqawvs7f** (the "Third Wallet").

As of the date of this filing, the BTC remains in those wallets. *See* Exhibit 1.

Second, the Gemini transaction records reflect that on October 25, 2024—just one day after the levy was served on Gemini—Cahen transferred 107.640597982645 ETH to a cryptowallet with the blockchain address:

- **0x4424DEb10592aB4aCcE038000e2544aBaC520563** (the "Fourth Wallet").

*See* Exhibit 3, row 3. ETH, the native cryptocurrency of the Ethereum blockchain, had a market value of approximately $2,436 at that time. This transfer amounted to a value of approximately $262,212.[2]

In total, Cahen moved $396,946 worth of cryptoassets to avoid the duly served levy. These non-exempt assets are still in Cahen's possession.

### III. LEGAL STANDARD

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

---

[2] A review of the Fourth Wallet on the public blockchain reveals that Cahen also holds PEPE assets in the same location.

6

The operative state law, California Code of Civil Procedure § 699.040, provides:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
>
> (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.
>
> (b) The court may issue an order pursuant to this section upon a showing of need for the order.
>
> (c) The order shall be personally served on the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court.

## IV.   ARGUMENT

### A.   Yuga Labs Has Shown the Need for a Court Order Granting the Levying Officer Access to Cahen's Cryptowallets Due to His Dilatory Tactics in Hiding Cryptoassets.

Upon receipt of a judgment and corresponding writ of execution, a judgment debtor may levy upon property owned by a judgment creditor. *See* CCP 695.010(a) (". . . all property of the judgment debtor is subject to enforcement of a money judgment). Accordingly, because digital assets, such as cryptoassets located within cryptowallets, are property, they are appropriately subject to a levy from a judgment creditor.[3]

Here, as reflected in the Gemini records, Cahen possesses cryptoassets held within the cryptowallets, which are subject to enforcement and may be used to satisfy Yuga Labs' Final Judgment. However, to effectuate the transfer of these assets, the US Marshals require access to the cryptographic keys associated with the wallets to

---

[3] *See e.g.*, INTERNAL REVENUE SERVICE, *Digital Assets*, https://www.irs.gov/filing/digital-assets, (last visited March 14, 2025).

7

which Cahen transferred the assets. Accordingly, an order from this Court directing the turnover of those keys is necessary to facilitate enforcement of the judgment, as these assets are subject to the levy previously served upon Gemini.

Thus, pursuant to CCP § 669.040, this Court may order the transfer of Cahen's cryptoassets, or access to the cryptoassets in his cryptowallets via private key, to the US Marshals. In fact, a court in this District has previously ordered a defendant to provide cryptowallet identification numbers and corresponding electronic access keys to the US Marshals as necessary to satisfy an attachment order, and held the defendant in contempt for failing to do so. *See Handley v. La Melza*, Case No. 2:22-cv-00797-MCS-MARx, 2022 WL 3137718 (C.D. Cal. July 13, 2022) ("…this Court's [Orders] required Defendant to: (3) Provide the electronic access key for each cryptocurrency wallet in Defendant's Possession.").

All that is required for this Court to order the turnover of Cahen's cryptoassets is a showing of "need" pursuant to CCP § 669.040. Courts in this District have previously found this "need" requirement is met when a judgment debtor commits dilatory tactics to avoid payment of the judgment. *See UMG Recordings, Inc. v. BCD Music Group, Inc.*, No. CV 07-05808 SJO (FFMx), 2009 WL 2213678, at *4 (C.D. Cal. July 9, 2009) (judgment debtor refused to pay the judgment; the court held that judgment debtor's "behavior in refusing to pay any portion of the settlement amount or judgment suffices to demonstrate the need for such an order.").

Here, Cahen's dilatory tactics are apparent. On October 24, 2024, the US Marshals served Gemini with a writ of execution, notice of levy, and memorandum of garnishee, targeting all funds and accounts held in Cahen's name or for his benefit. *See* ECF No. 495. Following this action, the US Marshals provided notice to Cahen himself, ensuring he was aware of the levy. However, in a clear attempt to sidestep his financial responsibilities, Cahen transferred his ETH from Gemini to the Fourth Wallet on October 25, 2024, just one day after the levy was served. *See* Exh. 4, row

3. This transfer occurred before Gemini froze his accounts, showing a deliberate and calculated move to shield his assets from the Final Judgment. Cahen's actions here are not those of an individual passively awaiting the collection process but rather an intentional effort to evade payment at all costs. This pattern of behavior is a transparent attempt to frustrate the enforcement of the Final Judgment.

This intentional attempt to evade lawful enforcement highlights the urgent need for judicial intervention. As demonstrated in the table referenced above, Yuga Labs has consistently acted to enforce the Final Judgment without delay or inaction. In light of Cahen's deliberate transfer of assets following the levy, it is essential that the Court order him to turn over the cryptoassets contained in his digital wallets to prevent the Final Judgment from being effectively nullified.

Cahen's BTC and ETH, cryptoassets, are located in the cryptowallets with blockchain addresses of:

   5. **bc1q5n2n00w8njg02tkv5mzmp3a25lhe7jm933akay**
   6. **bc1qvpzczaswt3qd0n4ttk5mj2za6c5057ym7rfnnz**
   7. **bc1q3cy7ehjunq6a4pl9ercderc3ml0ch2lqawvs7f**
   8. **0x4424DEb10592aB4aCcE038000e2544aBaC520563**

As evidenced by Cahen's transfer of BTC and ETH to the cryptowallets, Cahen owns the cryptowallets, which, at the end of October, contained Cahen's transferred cryptoassets with a value of nearly $396,946 USD. Cahen's ownership of the cryptowallets is further bolstered by the fact that Gemini's records indicate that these were the sole accounts Cahen transferred his assets, which were previously located within his personal Gemini account. Therefore, a turnover order directing Cahen to either surrender or provide access to these cryptowallets for the levying officer is necessary and appropriate to satisfy the Final Judgment.[4]

---

[4] While Cahen may argue that the current evidence does not establish his ownership of the cryptowallets, his continued refusal to comply with post-judgment discovery is precisely what has prevented Yuga Labs from obtaining additional evidence.

9

## V. CONCLUSION

For the foregoing reasons, Yuga Labs respectfully requests that this Court order Cahen to turnover, or provide access to, the cryptowallets to the levying officer, as and the cryptoassets contained therein. Without such relief, the assets may be irretrievably lost through obfuscation techniques.

Dated: April 21, 2025.

**FENNEMORE CRAIG, P.C.**

By: */s/ MaryJo E. Smart Pinocchio*
Kevin Abbot (Ca. Bar No. 281312)
John D. Tennert, III (*Pro Hac Vice*)
MaryJo E. Smart Pinocchio (Ca. Bar No. 332879)

*Attorneys for Yuga Labs, Inc.*

## **INDEX OF EXHIBITS**

| Exhibit No. | Document | Pages |
|---|---|---|
| 1 | Blockchain Information | 1 |
| 2 | Cahen's X.com Post | 1 |
| 3 | Cahen's Gemini Account Information | 1 |
| 4 | Declaration of John D. Tennert, III | 2 |