| | |
|---|---|
| 1 | Louis W. Tompros (*pro hac vice*) |
| | louis.tompros@wilmerhale.com |
| 2 | Tyler Carroll (*pro hac vice*) |
| | tyler.carroll@wilmerhale.com |
| 3 | **WILMER CUTLER PICKERING** |
| | **   HALE AND DORR LLP** |
| 4 | 60 State Street |
| | Boston, MA 02109 |
| 5 | Telephone: (617) 526-6000 |
| | Fax: (617) 526-5000 |
| 6 | |
| 7 | Derek Gosma (SBN 274515) |
| | derek.gosma@wilmerhale.com |
| 8 | **WILMER CUTLER PICKERING** |
| | **   HALE AND DORR LLP** |
| 9 | 350 South Grand Ave., Suite 2400 |
| | Los Angeles, CA 90071 |
| 10 | Telephone: (213) 443-5300 |
| | Fax: (213) 443-5400 |
| 11 | Attorneys for Defendants and |
| 12 | Counterclaim Plaintiffs |
| | RYDER RIPPS and JEREMY CAHEN |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-RAO |
| Plaintiff, | **POST-JUDGMENT DISCOVERY MATTER** |
| v. | **DEFENDANT JEREMY CAHEN'S OPPOSITION TO PLAINTIFF YUGA LABS, INC.'S MOTION FOR TURNOVER ORDER** |
| RYDER RIPPS, JEREMY CAHEN, | |
| Defendants. | Judge: John F. Walter |
| | Magistrate Judge: Rozella A. Oliver |

Case No. 2:22-cv-04355-JFW-RAO                    CAHEN OPP. TO MOTION FOR TURNOVER ORDER

Defendant Jeremy Cahen respectfully opposes Plaintiff Yuga Labs, Inc.'s ("Yuga") misplaced request for a turnover order pursuant to Federal Rules of Civil Procedure, Rule 69(a) and California Code of Civil Procedure ("CCP") § 669.040. Yuga's motion fails to establish that the requirements of CCP § 669.040 have been met, and inappropriately seeks an order that Mr. Cahen turnover assets that he does not possess.

## I.      FACTUAL BACKGROUND

Yuga's on-again, off-again attempts to execute the judgment in this case have been jilted and slow moving. They only began in earnest after the Court of Appeal's argument, at which it became clear that Yuga did not have substantive responses to significant aspects of Defendants' appeal, such that vacatur or reversal of the judgment was very likely. Yuga's latest request is for a turnover order before that decision comes down. But Yuga's motion relies on factually misleading and unsupported assertions of ownership of several cryptocurrency wallets, paired with mischaracterizations of Mr. Cahen's actions.

### a.      Mr. Cahen Does not Possess the Cyrpto Wallets Yuga Seeks

Most fatally for Yuga's motion, Mr. Cahen does not own, possess, or control the assets Yuga demands he turnover. *See* Ex. 1, Declaration of Jeremy Cahen ("Cahen Decl.") at ¶1 ("I do not own, possess, or control the following four crypto wallets: [identifying wallets at issue]"). Mr. Cahen cannot be ordered to turn over something he does not have.

In its motion, Yuga makes a series of logical leaps to reach the conclusion that Mr. Cahen owns the four identified cyrpto wallets. Specifically, Yuga claims that it received information from Gemini Trust Company, LLC ("Gemini") that provided "all transactions associated with Cahen's accounts with Gemini" including an "account ending in 7560." Dkt. 514-1 at 5. Despite this, the exhibits Yuga

1

1 presents show merely a series of transactions among several wallets, none of which
2 end in 7560.  Further, none of the exhibits show Mr. Cahen owns any of the wallets
3 identified anywhere else in any of the exhibits.  In fact, none of Yuga's exhibits
4 show Mr. Cahen owns—or is even associated in any way with—any wallet
5 identified anywhere in any of Yuga's exhibits.

6      Yuga nonetheless insists that Mr. Cahen must own the four wallets, because
7 each purportedly received a transaction from a different wallet that Yuga claims
8 Mr. Cahen owns.  *See* Dkt. 514-1 at 9 ("As evidenced by Cahen's transfer of BTC
9 and ETH to the cryptowallets, Cahen owns the cryptowallets.").  This argument is
10 doubly nonsensical.  First, Yuga has not presented any evidence that Mr. Cahen is
11 associated with any wallet other than, allegedly, the wallet ending 7560, but it has
12 presented no evidence of any transfer involving that 7560 wallet at all.  And
13 second, even if Yuga had somehow identified a transfer from a wallet owned by
14 Mr. Cahen to some other wallet, that does not evidence ownership of the receiving
15 wallet as Yuga contends; it indicates at most a payment from the paying wallet to
16 the receiving wallet.  According to Yuga's logic, a person would "own" any bank
17 account that they transfer money into.  This makes no sense: transfer of assets does
18 not establish ownership of accounts.

19      In any event, Mr. Cahen cannot be ordered to transfer assets he does not own,
20 and he does not own the wallets that are the subject of Yuga's motion.  *See* Cahen
21 Decl. ¶1.  This should end the analysis.

22      **b.    Yuga's motion is replete with false statements**

23      Consistent with its practice in prior filings, Yuga has unfortunately included
24 in its motion a series of false statements about Mr. Cahen, to which Mr. Cahen
25 must, of course, respond.  In fact, it appears that Yuga's motion may have been part
26 of a larger public relations strategy by Yuga: it was immediately provided to

2

Case No. 2:22-cv-04355-JFW-RAO      CAHEN OPP. TO MOTION FOR TURNOVER ORDER

various Yuga-friendly "news" organizations, which ran a series of stories parroting Yuga's false claims and otherwise defaming Mr. Cahen. *See, e.g.*, Oliver Dale, "Yuga Labs Files Order to Seize $400K in Crypto from Influencer Jeremy Cahen," *CoinCentral*, Apr. 23, 2025, available at https://coincentral.com/yuga-labs-files-order-to-seize-400k-in-crypto-from-influencer-jeremy-cahen/ (falsely claiming that Mr. Cahen is a "fugitive[]" who is "highly dangerous" and whose "whereabouts remain unknown"); "Yuga Labs wants Pauly0x's $400K worth of crypto seized," *Protos*, Apr. 22, 2025, available at https://protos.com/yuga-labs-wants-pauly0xs-400k-worth-of-crypto-seized/; Callan Quinn, "Yuga Labs Demands $400K in Influencer's Crypto Wallets Over NFT Lawsuit," *Decrypt*, Apr. 22, 2025, available at https://decrypt.co/315871/yuga-labs-demands-400k-influencers-crypto-wallets-nft-lawsuit.

First, Yuga claims that Mr. Cahen "has made a mockery of this Court's Final Judgement." Dkt. 514-1 at 4. In support of this assertion, Yuga points to a tweet Mr. Cahen made while attending a basketball game to argue that Mr. Cahen "regularly flouts his supposed wealth." *Id*. Yuga's obvious purpose for including these statements is to attack Mr. Cahen's character. And Yuga's claim is false: far from making "a mockery of this Court's Final Judgment" Mr. Cahen's actions show his utmost respect for the ruling. Mr. Cahen promptly and completely complied with the injunction this Court ordered, including turning over to Yuga the crypto assets that were the subject of the Court's injunction. *See* Dkt. Nos. 464, 465. Mr. Cahen's objections to Yuga's post-judgment discovery as unduly burdensome and unnecessary were an appropriate exercise of his rights, and in no way bears on the respect Mr. Cahen has for this Court and its judgment. Finally, Mr. Cahen's attendance at an Los Angeles Clippers basketball game (which Yuga cites to as proof of Mr. Cahen "flout[ing] his supposed wealth") have no bearing on

3

this motion; as Yuga well knows (because it subpoenaed the Los Angeles Clippers); Mr. Cahen's tweet referring to "season tickets [f]or the rest of [his] life" was self-evidently hyperbolic. *See* Cahen Decl. ¶2.

Second, Yuga argues that Mr. Cahen "commits dilatory tactics to avoid payment" and made "intentional attempt[s] to evade lawful enforcement." Dkt. 514-1 at 8, 9. For support, Yuga points to a series of transactions that took place across the cyrpto wallets they seek access to. However, as established above, Mr. Cahen does not own those crypto wallets and, therefore, does not control the transactions that occur in them. Cahen Decl. ¶1. Yuga's claims that Mr. Cahen is attempting to "evade lawful enforcement" is false and a reprehensible attempt to diminish Mr. Cahen's character.

Finally, Yuga includes reference in its enforcement chart reading: "Mercury Issues a Check for $9,890.86 to the Levying Officer for Assets Owned by Cahen." Dkt. 514-1 at 4. Yuga failed to add, however, that Mercury cancelled the check they had issued in response to Yuga's levy as it was incorrectly directed to accounts that were not under Mr. Cahen's name and an account that was exempt from such a levy under California law. *See* Cahen Decl. Ex. 2.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 69 governs executing a judgment in a civil case. In pertinent part, it states that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located.…" Fed. R. Civ. P. 69(a)(1). California state law, in turn, provides the following statute that dictates the terms for the turnover order Yuga seeks here:

(a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires,

4

for an order directing the judgment debtor to transfer to the levying officer either or both of the following:

    (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.

    (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.

(b) The court may issue an order pursuant to this section upon a showing of need for the order.

CCP § 699.040.

Courts in this district have found the requirements of section 699.040 satisfied "where (1) the judgment creditor seeks tangible property capable of being taken into custody; (2) the judgment debtor is in possession of that property; and (3) the judgment creditor requests that the property be turned over to the levying officer—not the judgment creditor itself." *Ally Fin., Inc. v. Claremont Hyundai*, LLC, No. CV 19-7858 PSG (KSX), 2022 WL 1839075, at *1 (C.D. Cal. Feb. 8, 2022).

### III.    ARGUMENTS

Yuga has failed to satisfy two of the requirements for a turnover motion: Mr. Cahen does not possess the property Yuga seeks and Yuga seeks intangible property that cannot be subjected to a turnover order. Accordingly, this court should overrule their motion.

    **a.    Yuga seeks property outside Mr. Cahen's possession**

Yuga demands the impossible: that Mr. Cahen turnover property that he does not possess. A turnover order is only "appropriate where…. the judgment debtor is

5

Case No. 2:22-cv-04355-JFW-RAO      CAHEN OPP. TO MOTION FOR TURNOVER ORDER

in possession of that property." *Ally Fin., Inc*., 2022 WL 1839075, at *1. Courts deny turnover orders when the judgment debtor does not possess the property in question. See *Palacio Del Mar Homeowners Assn., Inc. v. McMahon,* 95 Cal. Rptr. 3d 445, 449 (2009) (holding that "the turnover order is wrongly directed at [the debtor] because [the creditor] has not shown the domain name is in his possession."); *Ally Fin., Inc.,* 2022 WL 1839075, at *2 (holding that a turnover order was not appropriate as the creditor's "own evidence suggests that [the debtor] does not have possession of the funds [the creditor] seeks."). The statute itself provides "for an order directing **the judgment debtor** to transfer" property to the levying officer. CCP § 699.040 (a) (emphasis added). A judgement debtor cannot transfer what they do not possess.

Yuga has pointed only to evidence that some crypto assets were transferred into the wallets it seeks access to in a weak attempt to establish ownership. As his declaration makes clear, however, Mr. Cahen does not own any of the four crypto wallets Yuga seeks in its turnover request. Cahen Decl. ¶1. Mr. Cahen cannot turnover crypto wallet keys that he does not own. Accordingly, the court must deny Yuga's turnover request.

### b. Yuga impermissibly seeks the turnover of intangible assets

Not only does Yuga demand Mr. Cahen turnover property that he does not possess, the crypto wallets Yuga seeks are intangible assets that cannot be subjected to a turnover order. It is well established that section 699.040 has a limited scope and applies only "to tangible property that can be 'levied upon by taking it into custody' (or tangible, 'documentary evidence of title' to property or a debt)." *Palacio Del Mar Homeowners Assn., Inc.*, 95 Cal. Rptr. 3d at 448–49. As the statute itself makes clear, it applies to property that can be "levied upon by **taking it into custody**." CCP § 699.040 (a)(1)(emphasis added). Courts interpreting this

6

Case No. 2:22-cv-04355-JFW-RAO            CAHEN OPP. TO MOTION FOR TURNOVER ORDER

statute have denied turnover requests where the property sought is an intangible asset. See *Ally Fin., Inc.,* 2022 WL 1839075, at *2 (denying a turnover request where the property sought was a right to payment); *Palacio Del Mar Homeowners Assn., Inc,* 95 Cal. Rptr. 3d at 448–49 (2009) (denying a turnover request where the property sought was a domain name registration); *Pac. Decision Scis. Corp. v. Superior Ct*., 18 Cal. Rptr. 3d 104, 109-110 (2004) (interpreting the analogous Cal. Civ. Proc. Code § 482.080 and holding that a turnover was not authorized for an account receivable and a deposit account).

Here, Yuga seeks access to several crypto wallets and the multitude of crypto assets contained within them. Crypto wallets, unlike a traditional bank account, exist on the blockchain and can contain not only (intangible) cryptocurrency but an assortment of intangible digital assets and art, such as non-fungible tokens. Cyrpto wallets are intangible property that cannot be subjected to a turnover order. Accordingly, Yuga's motion is improper and should be denied.

## IV.    CONCLUSION

For the reasons set forth above, Mr. Cahen respectfully requests that the Court deny Yuga's motion.

Dated: May 5, 2025

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendant
*Jeremy Cahen*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on May 5, 2025

By: /s/ *Louis W. Tompros*
Louis W. Tompros

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,995 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 5, 2025                             By: /s/ *Louis W. Tompros*
Louis W. Tompros