UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br> Defendants. | Case No.: 2:22-cv-04355-JFW-RAO <br><br> **[PROPOSED] STATEMENT OF DECISION ON DEFENDANTS' MOTION FOR REVIEW** <br><br> Judge: John F. Walter |

The Court has received a motion (Dkt. 523) from Defendants seeking a review of the Magistrate Judge Rozella A. Oliver's order (Dkt. 515), pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.  Plaintiff Yuga Labs, Inc. ("Yuga"), after first improperly filing their opposition, correctly filed an opposition to Defendants' Motion for Review. Dkt. 528.   Defendants then filed a reply. Dkt. 531.  Having considered all of the papers before it, and for the following reasons, the Court grants Defendants' motion for review and overrules the Magistrate's order.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Final judgment in this matter was entered over a year ago on February 2, 2024 (Dkt. 452).  Defendants Jeremy Cahen and Ryder Ripps immediately appealed that judgment.  Dkt. 456.  It has been over nine months since Defendants have submitted their appeal to the Ninth Circuit, which Defendants have now brought to that Court's attention pursuant to Circuit Advisory Committee Note to Rule 25-2.  *See* Dkt. 528-2.  That appeal is still pending, however, and a decision is likely to issue in the near future.

As both parties note in their papers, there is no stay in place while the appeal is pending.  Dkt. 528 at 2; Dkt. 531 at 3.  The monetary award here is sizeable, almost $9 million.  See Dkt. 531 at 3.  As Defendants have stated numerous times, they are unable to post bond for the judgment and have, thus, not been able to seek a stay on that basis. Dkt. 531 at 3.  In the interim, Yuga has pursued post-judgment discovery from Defendants, which includes a series of seventeen interrogatories to each defendant and debtor examinations to be held by this Court. Dkt. 523-1.  On April 28, 2025, the Magistrate Judge held an informal discovery conference to discuss post-judgment discovery and issued an order stating that "the Court overrules Judgment Debtors' objection that post-judgment discovery should not

1

Case No. 2:22-cv-04355-JFW-RAO            [PROPOSED] STATEMENT OF DECISION

proceed in light of the pending appeal." Dkt. 515. Defendants moved for review of that portion of the Magistrate's order.

## II. LEGAL STANDARD

It is well settled that "review of a magistrate judge's post-judgment discovery order relating to a judgment-debtor is conducted under a clearly erroneous standard." *Retamco Operating, Inc. v. Carone,* No. CV 04-2997 CBM (RZX), 2007 WL 9752775, at *1 (C.D. Cal. Aug. 17, 2007). In turn, a finding is considered "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

As relevant here, Federal Rule of Civil Procedure 69 governs executing a judgment in a civil case. It states that discovery obtained for execution of a judgment must be done "as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). As related to these arguments, the Federal Rules also provide limitations on what discovery may be permitted. Rule 26 states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26 (b)(1). Courts applying the proportionality test of Rule 26 routinely limit discovery when the burden associated with it outweighs its benefit and when discovery is not proportional to the needs of the case. See *B & R Supermarket, Inc. v. Visa, Inc.*, No. 16CV01150WHAMEJ, 2017 WL 235182, at *5 (N.D. Cal. Jan. 19, 2017) (finding that the discovery sought was relevant, important to the case, and unattainable from another source, yet holding that given "the requested discovery creates an enormous burden" the discovery request needed to be narrowed); *Kelly Toys Holdings, LLC v. Build-A-*

2

Case No. 2:22-cv-04355-JFW-RAO                [PROPOSED] STATEMENT OF DECISION

*Bear Workshop, Inc.*, No. 2:24-CV-01169-JLS-MAR, 2025 WL 1122045, at *5 (C.D. Cal. Mar. 25, 2025).

## III. DISCUSSION

Yuga's opposition relies on the deferential standard of review provided to a Magistrate's order and argues that post-judgment discovery cannot be limited without a bond and stay of enforcement. Dkt. 528 at 6-7. These arguments fail.

As Defendants outline, Yuga seeks here expansive and burdensome post-judgment discovery that will require the expenditure of a great deal of resources both on behalf of Mr. Ripps and Mr. Cahen and this Court. Due to Yuga's discovery requests, there are pending hearings, in-court examinations, and meet confers required. The burden associated with this post-judgement discovery at this time greatly outweighs its benefit given the very judgment Yuga seeks enforcement of may be vacated at any moment. The benefit of this discovery, therefore, is negligible and could become entirely irrelevant the moment the Ninth Circuit issues a decision. Consistent with precedent in this Circuit, considering the proportional needs of the case, as Rule 26 requires, this Court finds that the burden is too great for the diminished benefit here. See *B & R Supermarket, Inc.,* 2017 WL 235182, at *5. After its review, this Court is left with "the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.,* 333 U.S. at 395. Accordingly, the Magistrate's order overruling Defendants' objection is clearly erroneous and must be overturned.

## IV. CONCLUSION

The Magistrate's order overruling Defendants' objection to post-judgment discovery is overturned. Defendants' objection is sustained. Further post-judgment discovery shall not continue until the Ninth Circuit issues a decision on the appeal of the underlying judgment.

For the reasons set forth above, the Court GRANTS Defendants' motion for review.

Dated: _____                          _____
                                                Hon. Judge John F. Walter
                                                United States District Judge

4

Case No. 2:22-cv-04355-JFW-RAO            [PROPOSED] STATEMENT OF DECISION