Joshua L. Seifert (SBN 296399)
jseifert@seifertpllc.com
**JOSHUA L. SEIFERT PLLC**
251 South Lake Avenue, Suite 800
Pasadena, California 91101
Tel: 646.470.2746

Attorney for Plaintiff
YUGA LABS, INC.

Louis W. Tompros (pro hac vice)
louis.tompros@wilmerhale.com
Tyler Carroll (pro hac vice)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| YUGA LABS, INC.,<br><br>        Plaintiff,<br><br> v.<br><br>RYDER RIPPS, JEREMY CAHEN,<br><br>        Defendants. | Case No. 2:22-cv-04355-JFW-RAOx<br><br>**POST-JUDGMENT DISCOVERY MATTER**<br><br>**JOINT STATUS REPORT REGARDING JUDGMENT DEBTOR EXAMS**<br><br>Judge: John F. Walter<br>Magistrate: Rozella A. Oliver |

Pursuant to this Court's June 24, 2025 Order, ECF No. 541, which directed the parties to file a status report regarding the judgment debtor examinations, Yuga Labs, Inc. ("Plaintiff") and Defendant Ryder Ripps and Jeremy Cahen ("Defendants") (collectively, "the Parties") hereby submit this Joint Status Report.

The Parties met and conferred on June 24, 2025, regarding the manner of the examinations (in person or remote), dates for the examinations, and whether the parties can agree on service of the examination order. They were unable to agree on a stipulation.

Plaintiff's position is that, consistent with this Court's prior orders, the examinations should be conducted in person at Roybal Courthouse, 255 E. Temple Street, Los Angeles, CA. Because Defendants will not consent to service on their attorneys, Plaintiff asks that the examinations be continued until the week of September 15, 2025, to permit sufficient time to serve Defendants personally.

Plaintiff objects to Defendants' extensive arguments in its position statement, which Plaintiff believes are improper in a status report. Plaintiff submits the following, brief response solely to make clear that it does not acquiesce to any part of Defendants' position.

In-person judgment debtor exams are not unduly burdensome or wasteful. They are consistent with Cal. Code Civ. Proc. § 708.110 and an efficient discovery tool to ensure compliance. On May 7, 2025, this Court ordered Defendants to appear for in-person exams. *See* ECF No. 520 & 521. Defendants' reference to statements allegedly made at the April 28, 2025, informal discovery conference—before Plaintiff filed its applications and before the Court issued its orders—are irrelevant.

Defendants also argue that the exams are unnecessary because they expect the Ninth Circuit to vacate the judgment. This Court and Judge Walter have already rejected that argument, holding that the pending appeal does not stay enforcement of the judgment. *See* ECF Nos. 515 & 536.

Defendants' position is that in person examinations are burdensome and unnecessary, for several reasons. First, both parties appear to agree that the Court of Appeals decision (which could issue at any point) will at minimum vacate the underlying judgment for which

Yuga now seeks discovery. Defendants have long held the view that vacatur is very likely, and Plaintiff's own CEO, Greg Solano, recently conceded in a public interview that the judgment against the Defendants is likely to be vacated on appeal. *See* Interview with Greg Solano, gainzy stream (Jun. 17, 2025), available at https://pump.fun/coin/43yfnktSfyKkPXRLyevHu8rNXwWHxTXS1ntQbeArpump?clip=20250617_185733%3A323114_20250617_185725 (stating that "the appeal is taking fucking forever," and "what will happen is . . . some technicality thing will say they can go back to court"). Moreover, during the April 28, 2025 informal discovery conference, counsel for Plaintiff represented to Defendants and this Court that the examinations could proceed by way of remote video deposition; Plaintiff has never provided any reason justifying its change of position. Additionally, Defendant Jeremy Cahen lives in Puerto Rico and does not presently have plans to travel to Los Angeles, California. Lead counsel for Defendants also lives far from Los Angeles (in Boston, Massachusetts). Accordingly, an in person examination would be burdensome on Defendants, would waste this Court's resources and time, and would contradict Plaintiff's previous representations. Defendants, therefore, request that this Court allow the examinations to proceed remotely by video deposition.

Defendants' position with regards to service is that the California Code of Civil Procedure sets out specific requirements that must be met in order for a judgment debtor examination order to be validly served. Particularly where Plaintiff is demanding examinations in person in Los Angeles, Plaintiff should at minimum fulfill those procedural requirements for service, pursuant to California Code of Civil Procedure § 708.110, which requires personally serving the Defendants.

Finally, Defendants need sufficient time to prepare for the examinations. Additionally, as section 708.110 outlines, personal service is required at least 30 days before the examinations. Cal. Civ. Proc. Code § 708.110(d). Plaintiff previously had almost two months between this Court granting examination orders and the dates of the examinations and was unable to properly serve Defendants in that window. Setting examinations for a shorter period of time runs the risk of this Court having to reissue the examination orders a third time.

Accordingly, Defendants would not recommend setting examinations before October.

Date: June 27, 2025                                  **JOSHUA L. SEIFERT PLLC**

                                          By:    */s/ Joshua L. Seifert*

                                                Joshua L. Seifert

                                                Attorney for Plaintiff
                                                YUGA LABS, INC.

Date: June 27, 2025                                  **WILMER CUTLER PICKERING HALE & DORR LLP**

                                          By:    */s/ Louis W. Tompros*

                                                Louis W. Tompros

                                                Attorneys for Defendants
                                                RYDER RIPPS and JEREMY CAHEN

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Joshua L. Seifert attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.

                                                          */s/ Joshua L. Seifert*
                                                            Joshua L. Seifert