# EXHIBIT 3

# JOSHUA L. SEIFERT PLLC

18 West 18th Street, 6th Floor
New York, New York 10011
646.470.2647
jseifert@seifertpllc.com

251 South Lake Avenue, Suite 800
Pasadena, California 91108

July 28, 2025

Derek A. Gosma, Esq.
Louis W. Tompros, Esq.
Tyler P. Carroll, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
derek.gosma@wilmerhale.com
louis.tompros@wilmerhale.com
tyler.carroll@wilmerhale.com

RE: *Yuga Labs, Inc. v. Ryder Ripps, Jeremy Cahen*, 2:22-cv-04355-JFW-RAO

Counsel,

I write in response to your July 23, 2025 letter, which makes a series of demands related to the Ninth Circuit's July 23, 2025 opinion. Because your letter fails to cite any supporting authority, Yuga will not respond to the substance.

Defendants' demands are also premature. The Ninth Circuit has not issued the mandate and the time to petition for rehearing has not expired. In that regard, please let us know whether Defendants intend to petition for rehearing.

Finally, your interpretation of the Ninth Circuit's opinion is incorrect. The Court did not, as you suggest, reverse the judgment. Rather, it reversed the order granting Yuga summary judgment on its trademark and cybersquatting claims, affirmed the dismissal of Defendants' counterclaims, and remanded the matter for further proceedings. Portions of the final judgment were not at issue on appeal, including the award of $120,000 in attorney's fees to Yuga in connection with Defendants' unsuccessful anti-SLAPP motion. At a minimum, Yuga remains entitled to that amount.

Sincerely,

Joshua L. Seifert, Esq.

