# **EXHIBIT 4**

# WILMERHALE

July 30, 2025

**Louis W. Tompros**

+1 617 526 6886 (t)
+1 617 526 5000 (f)
louis.tompros@wilmerhale.com

Joshua L. Seifert (jseifert@seifertpllc.com)
18 West 18th Street, 6th Floor
New York, New York 10011
(646) 470-2647

Re: *Yuga Labs, Inc. v. Ryder Ripps, Jeremy Cahen,* 2:22-cv-04355-JFW-JEMx (C.D. Cal.)

Mr. Siefert:

I write in response to your July 28, 2025, letter regarding the Ninth Circuit's reversal of the judgment in the above-captioned case. Your letter is inaccurate in many significant respects.

*First*, you have mischaracterized the Ninth Circuit's opinion and, consequently, the impact it has on the ongoing, unduly burdensome post-judgment discovery Yuga Labs, Inc. ("Yuga") has been seeking. The Ninth Circuit reversed the judgment on which Yuga has been pursuing discovery. There is no other way to interpret the Ninth Circuit's opinion. Accordingly, all of the debtor examinations, subpoenas, and harassment of both Mr. Ripps and Mr. Cahen and third parties that Yuga has previously pursued to execute that judgment must now stop. To continue pursuing discovery would be frivolous and a waste of Mr. Ripps's and Mr. Cahen's resources, and it would also be a waste of the Court's time. Mr. Ripps and Mr. Cahen reassert the demands outlined in their July 23, 2025 letter.

*Second*, with the judgment reversed, Yuga must return the RR/BAYC NFTs that Mr. Ripps and Mr. Cahen previously transferred to Yuga as part of complying with that judgment. Yuga's unlawful refusal to do so amounts essentially to theft. Please identify a time no later than Friday, August 1, 2025, on which that return can be effectuated in coordination with counsel for Mr. Ripps and Mr. Cahen.

*Third*, Yuga's various liens and other mechanisms for restricting Mr. Ripps's and Mr. Cahen's assets are likewise unlawful, because the judgment on which they are based has been reversed. Mr. Ripps and Mr. Cahen reassert their demands from my July 23, 2025 letter in this respect as well.

*Fourth*, in your July 28th letter, you make reference to the $120,000 award for attorney's fees associated with the anti-SLAPP motion. Because Yuga sought (and obtained) a final judgment that incorporated that award, and because that final judgment has now been reversed, Yuga will need to obtain a separate judgment and writ of execution for that award. We are of course willing to discuss an appropriate resolution addressing that award (along with resolution of the remainder of the case), but Yuga first needs to return Mr. Ripps's and Mr. Cahen's property and stop its discovery and enforcement efforts for the now reversed judgment.

WILMERHALE

July 30, 2025
Page 2

***Finally***, Yuga has not indicated that it intends to seek a petition for rehearing or rehearing en banc. We thus understand that Yuga has no plans to do so. Please confirm.

Very truly yours,

Louis W. Tompros

cc: Counsel of Record