# **EXHIBIT 5**

# JOSHUA L. SEIFERT PLLC

18 West 18th Street, 6th Floor  
New York, New York 10011  
646.470.2647  
jseifert@seifertpllc.com

251 South Lake Avenue, Suite 800  
Pasadena, California 91108

July 31, 2025

Louis W. Tompros, Esq.  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, Massachusetts 02109  
louis.tompros@wilmerhale.com

RE: *Yuga Labs, Inc. v. Ryder Ripps, Jeremy Cahen*, 2:22-cv-04355-JFW-RAO

Mr. Tompros,

     I write in response to your letter dated July 30, 2025, which continues a pattern of mischaracterizations and legally unsupported demands.

     The Ninth Circuit did not vacate the judgment. It certainly could have. *See, e.g.*, *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 994 F.3d 1107, 1115 (9th Cir. 2021) ("Because genuine issues of material fact remain as to a likelihood of reverse confusion, we reverse, vacate the judgment, and remand for trial."). Instead, it reversed in part, affirmed in part, and remanded for further proceedings. It left undisturbed the portion of the judgment relating to Defendants' anti-SLAPP motion. At minimum, Yuga's enforcement efforts related to that portion remain proper.

     It also bears repeating that the Ninth Circuit's opinion is not even final. *Nat. Res. Def. Council, Inc. v. Cty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013) ("[W]e have explained that a 'court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties.'"); *see also* Fed. R. App. P. 41(c) advisory committee's note to 1998 amendment ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."). Thus, your demands for immediate action are unwarranted.

     As for your accusation that Yuga is engaged in theft, it is baseless and reckless. Yuga took lawful possession of the RR/BAYC NFTs pursuant to a federal court judgment, which has not been vacated. Because Yuga is entitled to at least $120,000 from Defendants, it may liquidate or otherwise utilize the RR/BAYC NFTs to satisfy the portion of the judgment that remains valid and enforceable. There is no legal basis for your demand that Yuga relinquish lawfully acquired assets, and Defendants have not cited any relevant authority. Yuga will—as it always has—



July 31, 2025
Page 2

comply with the court's orders, but it will not accede to meritless demands premised on a misreading of the Ninth Circuit's opinion and misapprehension of federal procedure.

If your clients continue to threaten baseless legal action and unnecessarily multiply these proceedings, Yuga will seek relief from the court.

Sincerely,

Joshua L. Seifert, Esq.