Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Michael H. Todisco, State Bar No. 315814
mtodisco@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:   (888) 866-4825

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

*Attorneys for Plaintiff Yuga Labs, Inc.*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants Ryder Ripps
   and Jeremy Cahen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>RYDER RIPPS, JEREMY CAHEN, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-04355-JFW(RAOx)<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>District Judge: Hon. John F. Walter<br>Mag. Judge: Hon. Rozella A. Oliver<br>Scheduling Conference Date: September 29, 2025<br>Scheduling Conference Time: 1:15 p.m.<br>Complaint Filed: June 24, 2022<br>Trial Date: TBD |

Plaintiff Yuga Labs, Inc. and Defendants Ryder Ripps and Jeremy Cahen hereby submit this Joint Report per Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), L.R. 26-1, and the Court's Standing (Dkt. 14), and August 14, 2025 Minute Order (Dkt. 551). On September 3, 2025, the following counsel for the parties to this action met and conferred concerning this report: Moez Kaba (Lead Counsel), Kimberly Culp, Emily Michael Munson, and Jessica Trafimow for Yuga Labs; and Louis Tompros (Lead Counsel), Derek Gosma, and Tyler Carroll for Defendants.

**1.   Jurisdiction and Service**

The parties agree there are no issues regarding personal jurisdiction or venue. Defendants have been served and/or accepted service.

*Yuga Labs' Position:* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Yuga Labs' claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*. Defendants attempt to defy this well-established reality by raising an untimely and ill-conceived challenge to this Court's "equitable jurisdiction." The fact that Defendants raise a purported jurisdictional challenge for the first time at this late stage betrays their true intent: to delay and derail what should be a straightforward bench trial of the single remaining issue of fact. The Court should not entertain such a motion. *See* Fed. R. Civ. P. 12(c) (motions must be brought "early enough not to delay trial").

In any event, Defendants' position is meritless. This Court has original jurisdiction over Plaintiff's claims (15 U.S.C. § 1121) and the Lanham Act grants courts the right to impose both legal and equitable remedies (*see, e.g.*, 15 U.S.C. §§ 1116-17). Federal courts regularly preside over Lanham Act cases seeking only equitable remedies and statutory damages. *See, e.g.*, *JUUL Labs, Inc. v. Chou*, 676 F. Supp. 3d 827 (C.D. Cal. 2023) (awarding injunctive relief and statutory damages).

The cases Defendants cite are inapposite. The Ninth Circuit's decisions in *Guzman* and *Sonner* are explicitly limited to federal courts sitting in diversity. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020) ("we must now decide

RULE 26(f) CONFERENCE REPORT

whether a federal court sitting in diversity can award equitable restitution under state law if an adequate legal remedy exists."); *Guzman v. Polaris Industries, Inc.,* 49 F.4th 1308, 1313 (9th Cir. 2022) (same); *see also Ruiz v. Bradford Exch., Ltd.*, 2025 WL 2473007, at *2 (9th Cir. Aug. 28, 2025) (same).

In any event, this Court's prior analysis confirms that it has equitable jurisdiction. The Court already found that Plaintiff is entitled to equitable remedies under federal "principles of equity," including that no adequate remedy at law exists. Dkt. 431 at 13, 19, 20, 21. Defendants cannot attempt to relitigate this Court's undisturbed findings by raising equitable jurisdiction for the first time. *See Spitzer v. Aljoe*, 2016 WL 7188007, at *2 (N.D. Cal. Dec. 12, 2016) ("even if [a party] disagree[s] with the Court's ruling, re-litigating the same issues is improper." (cleaned up)). Moreover, Defendants have waived any argument regarding equitable jurisdiction by failing to timely raise it. *Ruiz*, 2025 WL 2473007 at *7 ("[T]he Supreme Court has held that equitable jurisdiction is waivable.").

*Defendants' Position:* The Court no longer has jurisdiction over any remaining claims in the case. Yuga Labs brought claims seeking legal remedies in both its complaint (which sought Yuga Labs' "actual damages") and its motion for summary judgment (which sought "monetary remedies" that its expert later valued at nearly $800 million). Dkt. 1 at 43; Dkt. 149 at 13; Dkt. 287-10 at 7. Yuga then chose to "withdraw[] all legal remedies." Dkt. 315-1 at 2. It is well established that "equitable relief must be withheld when an equivalent legal claim would have been available." *Guzman v. Polaris Industries, Inc*., 49 F.4th 1311-1313 (9th Cir. 2022). Accordingly, this Court no longer has equitable jurisdiction over Yuga Labs' only remaining claims and the case should be dismissed in its entirety. *See id.* (holding that "because [plaintiff] had an adequate legal remedy in his [legal] claim, the district court lacked equitable jurisdiction to hear [his equitable] claim"); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 8 (9th Cir. 2020) (finding "equitable claims for restitution and injunctive relief" unavailable where plaintiff dismissed legal claims as

part of a "maneuver" to try case "as a bench trial rather than to a jury."). Defendants expect to make a motion for judgment on the pleadings raising this argument.

**2.     Brief Chronology of the Facts and Statement of Principal Factual Issues**

The case involves Defendants' alleged infringement of certain trademarks owned by Yuga Labs (the "BAYC Marks"). Yuga Labs began selling non-fungible tokens ("NFTs") under the BAYC Marks in April 2021. Yuga Labs contends that Defendants began selling "RR/BAYC" NFTs in May 2022. Yuga Labs contends that the RR/BAYC NFTs depict the same images as the BAYC NFTs and therefore infringe on certain trademarks Yuga Labs owns. Defendants contend that their sale of RR/BAYC NFTs was part of an artistic project meant to, among other things, criticize and call attention to alleged racist and neo-Nazi imagery in Yuga Labs' BAYC NFTs.

In June 2022, Yuga Labs sued Defendants for (1) trademark infringement based on a false-designation-of-origin theory in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); (4) common law trademark infringement; (5) common law unfair competition; (6) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (7) false advertising in violation of Cal. Bus. & Prof. Code § 17500 *et seq.*; (8) unjust enrichment; (9) conversion; (10) intentional interference with prospective economic advantage; and (11) negligent interference with prospective economic advantage. Defendants countersued for (1) knowing misrepresentation of infringing activity in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f); (2) declaratory judgment of no copyright under 17 U.S.C. §§ 102(a) and 204(a); (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) declaratory judgment of no defamation. Defendants also filed an anti-SLAPP motion to strike and a motion to dismiss. This Court denied Defendants' anti-SLAPP motion and the Ninth Circuit

affirmed. This Court also denied Defendants' motion to dismiss, except as to Yuga Labs' unjust enrichment claim.

In April 2023, this Court granted in part and denied in part Yuga Labs' motion for summary judgment, granting Yuga Labs' motion on its false-designation-of-origin and cybersquatting claims, as well as on Defendants' nominative fair-use doctrine and First Amendment defenses and their DMCA counterclaim, and denying Yuga Labs' motion with respect to damages. This Court also dismissed Defendants' declaratory judgment claims with prejudice for lack of subject matter jurisdiction. This Court then set a bench trial to determine the scope of infringement liability and remedies. Before trial, Yuga Labs dismissed its Lanham Act false-advertising claim and all of its state-law claims, and withdrew its demand for legal remedies. Following trial, this Court found that the BAYC Marks are protected as unregistered trademarks and awarded Yuga Labs disgorgement of Defendants' profits, ACPA statutory damages, attorneys' fees, and injunctive relief.

Defendants appealed the Court's grant of summary judgment for Yuga Labs to the Ninth Circuit Court of Appeals. In July 2025, the Ninth Circuit issued its decision—affirming in part and reversing in part the judgment of this Court. The Ninth Circuit affirmed the District Court's grant of summary judgment for Yuga Labs on Defendants' DMCA counterclaim, the dismissal of Defendants' declaratory judgement counterclaims, the dismissal of Defendants' nominative fair-use doctrine defense, and the dismissal of Defendants' First Amendment defense. *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1149, 1163-1167 (9th Cir. 2025). The panel "conclude[d] that Yuga's NFTs are 'goods' under the Lanham Act." *Id*. at 1159. The panel also concluded that "Defendants have not shown there is a triable issue regarding whether Yuga retained ownership of the BAYC Marks." *Id*. at 1162.

The Ninth Circuit reversed the District Court's grant of summary judgment of both Yuga Labs' trademark infringement and cybersquatting claims, finding that "the district court failed to thoroughly consider all the relevant variables that inform

whether a likelihood of consumer confusion was created by Defendants' use of Yuga's marks" and could not conclude as a matter of law that a consumer was likely to be confused and that "Yuga has not established as a matter of law that these domains are 'confusingly similar.'" *Id*. at 1174-1175. Because the Ninth Circuit reversed the District Court's summary judgment findings, it did not reach Defendants' remedies challenges or the question of bad faith.

Following the Ninth Circuit's opinion, all of Defendants' counterclaims remain dismissed and Yuga Labs' trademark infringement and cybersquatting claims remain at issue along with the proper remedies for both. As to those remaining claims, the principal factual issues remaining on remand are:

*Yuga Labs' Position:* a) whether "Defendants' actions," including the promotion and sale of RR/BAYC NFTs, "are likely to cause consumer confusion," *id*. at 1149; b) whether Defendants used the domain names https://rrbayc.com/ and https://apemarket.com/ with a bad faith intent to profit from the BAYC Marks and whether the domain names are confusingly similar to the BAYC Marks; and c) if Defendants are found liable, the scope and extent of relief.

*Defendants' Position:* a) whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of Defendants' RR/BAYC NFTs; b) whether Defendants used the domain names https://rrbayc.com/ and https://apemarket.com/ with a bad faith intent to profit from the BAYC Marks and whether the domain names are confusingly similar to the BAYC Marks; and c) if Defendants are found liable, what remedies are appropriate.

The parties reserve the right to modify the issues above as the case progresses.

**3. Brief Statement of the Disputed Points of Law**

Yuga Labs contends that the Ninth Circuit opinion resolved disputed questions of law related to liability.

The parties dispute whether the Court has jurisdiction over any remaining claims. The parties' positions are outlined *supra* in section 1. Additionally, the parties

dispute what, if anything, must be done with respect to Defendants' assets that Yuga Labs holds pursuant to the now-reversed injunction. The parties reserve the right to clarify, expand on, or resolve the issues above as the case progresses.

**4.     Prior, Pending, and Anticipated Motions**

There are no pending motions at this time. Yuga Labs anticipates filing motions *in limine* and, if necessary, a motion for an escrow order or similar relief to prevent Defendants' dissipation of assets. Yuga Labs may also file a motion to enforce the anti-SLAPP fee award stipulation. *See* Dkts. 227, 452. Defendants anticipate filing a Rule 12(c) motion; a motion for the return of materials currently held by Yuga Labs (if Yuga refuses to return them voluntarily); and motions *in limine*.

Prior motions included: Defendants' motion to strike Yuga Labs' California law causes of action under California's Anti-SLAPP statute (Cal. Civ. Proc. Code. § 425.16(c)) (Dkt. 29); Defendants' motion to dismiss the Complaint under Fed. R. Civ. P 12(b)(6) (Dkt. 29); Yuga Labs' motion to strike Defendants' state-law counterclaims under California's Anti-SLAPP statute (Dkt. 86); Yuga Labs' motion to dismiss Defendants' counterclaims under Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P 12(b)(6) (Dkt. 86); Yuga Labs' motion for summary judgment (Dkt. 149); Discovery Motions (Dkts. 66, 69, 75, 98, 103, 109, 121); Defendants' motion to stay proceedings pending appeal (Dkt. 118); Motions *in limine* (Dkts. 232, 236, 239, 240, 241); and Post-Judgement Motions (Dkts. 182, 484, 514, 523).

**5.     Parties, Claims, or Defenses Expected to Be Added or Dismissed**

The parties do not anticipate new claims, counterclaims, or defenses at this time.

**6.     Initial Disclosures**

The parties have exchanged the disclosures required under FRCP 26(a)(1).

**7.     Discovery Taken to Date, Scope of Anticipated Discovery, Proposed Limitations or Modifications of the Discovery Rules, and Proposed Discovery Plan**

*Yuga Labs' Position:* The parties have completed discovery. While Yuga Labs is entitled to post-judgment discovery (in part due to Defendants' refusal to pay the

stipulated anti-SLAPP award), it is not presently pursuing post-judgment discovery.

*Defendants' Position*: Yuga must cease all ongoing post-judgment discovery that they have sought based on the now reversed judgment of this Court.

**8. Related Cases or Proceedings**

The parties are aware of the following cases and proceedings related to the current matter: *Yuga Labs v. Hickman*, 2:23-cv-111 (D. Nev.)*; Yuga Labs, Inc. v. Lehman*, 1:23-cv-00085 (N.D.N.Y.)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 91283323 (T.T.A.B. Feb. 9, 2023)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 91283228 (T.T.A.B. Feb. 3, 2023)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 97132870 (T.T.A.B. Jan. 20, 2023)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 97132877 (T.T.A.B. Jan. 20, 2023)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 97132886 (T.T.A.B. Jan. 20, 2023)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 97132892 (T.T.A.B. Jan. 20, 2023)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 90884286 (T.T.A.B. Dec. 22, 2022)*; Cahen v. Yuga Labs, Inc.*, Opp. No. 90903954 (T.T.A.B. Dec. 22, 2022).

**9. Relief Sought, Including Amount of Damages and a Description of the Bases on Which Damages are Calculated.**

Yuga Labs presently intends to seek equitable relief in the form of disgorgement of Defendants' profits, statutory damages under 15 U.S.C. § 1125(d), injunctive relief, and attorneys' fees and costs. Yuga Labs maintains its right to seek legal remedies, should the Court find it necessary based on Defendants' anticipated Rule 12(c) motion. *See* Dkt. 431. Defendants dispute whether this relief is available and that Yuga has irrevocably waived its legal remedies. *See* Dkt. 315-1 at 2.

**10. Interested Parties or Persons**

The parties have filed the certifications as to interested parties or persons required by the Local Rules. Dkts. 5, 20. Yuga Labs has no parent corporation and no publicly held corporation owns 10% or more of its stock. Neither Yuga Labs nor Defendants are aware of any party or entity that has either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of

interest that could be substantially affected by the outcome of the proceeding.

**11.  Case Schedule**

The parties propose the following case schedule:

| Activity | Yuga Labs' Proposal | Defendants' Proposal |
|---|---|---|
| Scheduling Conference | September 29, 2025[1] | September 29, 2025 |
| Motion for Judgment on the Pleadings (if permitted) | October 15, 2025 | October 15, 2025 |
| Opposition to Motion for Judgment on the Pleadings | November 19, 2025 | November 5, 2025 |
| Reply in support of Motion for Judgment on the Pleadings | December 3, 2025, 2025 | November 19, 2025 |
| Proposed Pretrial Conference Order; Memoranda and Contentions of Fact and Law; Joint Witness List; Joint Exhibit List and Exhibit Stipulation; Proposed Verdict Form(s); Proposed / Disputed Jury Instructions; Proposed Voir Dire Questions; Joint Statement of the Case; Joint Report re: Settlement | December 19, 2025 | 6 weeks after decision on Dispositive Motion ("Decision") |
| Final Pretrial Conference and Deadline to File Motions in Limine | January 26, 2026 | 10 weeks after Decision |
| Hearing on Motions in Limine | February 13, 2026 | 11 weeks after Decision |
| Last Date to File Final Trial Exhibit Stipulation | February 20, 2026 | 12 weeks after Decision |
| Trial | February 27, 2026 | 13 weeks after Decision |

**12.  Whether the Case Will Be Tried to a Jury or to the Court and Preliminary Estimate of Time Required for Trial**

*Yuga Labs' Position:* A bench trial is appropriate because Yuga Labs is only seeking equitable relief and statutory damages for its ACPA claim.[2] *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x 110, 112 (9th Cir. 2020) ("a claim for disgorgement of profits . . . does not invoke the right to a jury trial." (cleaned up));

---

[1] Moez Kaba, lead counsel for Yuga Labs, is currently scheduled to be in a federal jury trial, *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-0932-JHC (W.D. Wa.), on this date.
[2] Yuga Labs reserves its right to seek legal remedies should the Court find it necessary based on Defendants' anticipated Rule 12(c) motion.

*Acad. of Motion Picture Arts & Scis. v. GoDaddy, Inc.*, 2015 WL 12697732, at *4 (C.D. Cal. Apr. 10, 2015) (defendants are "not entitled to a jury trial on the assessment of statutory damages under the ACPA"). This Court has already expressly rejected Defendants' arguments to the contrary. *See* Dkt. 431 at 13-19.

Contrary to Defendants' assertion below, the Ninth Circuit did not mandate a jury trial. *See Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1177 (9th Cir. 2025) ("Yuga may ultimately prevail on these claims, but to do so it must convince **a factfinder** at trial." (emphasis added)); *id*. at 1174 n.15 ("**we do not address Defendants' remedies challenges related to this claim**." (emphasis added)). Yuga Labs estimates that a bench trial will require one full trial day.

*Defendants' Position:* If the matter is not dismissed for lack of jurisdiction, a trial will be needed to determine if the Defendants are liable under Yuga's claims of trademark infringement and cybersquatting and what remedies are available. A jury trial is required to decide those issues. The Ninth Circuit's opinion itself mandates a jury trial on remand. *See Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1171 (9th Cir. 2025) ("Thus, **a jury** could reasonably conclude that Defendants primarily generated their revenue using a non-convergent market channel.") (emphasis added). Further, courts have held that there is a right to a jury determination of the amount of statutory damages under the ACPA. In *Irving Materials,* the court found "that there is ample authority for trying ACPA claims and the determination of whether to award statutory damages to a jury." *Black v. Irving Materials, Inc.*, 17-cv-06734-LHK, 2019 WL 13199612, at *3 (N.D. Cal. May 29, 2019). *See also Haas Automation, Inc. v. Denny,* No. 2:12-CV-04779 CBM, 2014 WL 2966989, at *1 (C.D. Cal. July 1, 2014) (describing the procedural posture and how "the Court entered judgment after the jury found that Defendants had registered five domain names in violation of the ACPA."). Notably, the court in *Irving Materials,* considered the case Yuga cites here, *GoDaddy*, and found that "[t]he cases that [defendant] cites to support its proposition that [plaintiff's] jury demand should be stricken are distinguishable. In *…GoDaddy, Inc.*,

the court found that the defendant was not entitled to a jury trial on ***the determination of liability*** under the ACPA.... However, in that case neither the plaintiff nor the defendant ***made a proper jury demand***." *Irving Materials, Inc.*, 2019 WL 13199612, at *3. (emphasis added). Here, unlike *GoDaddy,* Defendants have made and maintained their request for a jury. *See* Original Rule 26(f) Conference Report, Dkt. 55 ("The case will be tried to a jury on all claims so triable."); Defendants' Response to Yuga's Notice, Dkt. 310 ("Defendants maintain their Seventh Amendment jury trial demand on all remaining issues, and submit that Yuga's request to withdraw its demand for a jury trial should be denied."). Accordingly, Yuga Lab's citations are distinguishable and do not support a finding that a bench trial is appropriate here. Defendants estimate that a jury trial will require three full trial days.

**13.    Settlement**

The parties have engaged in two unsuccessful mediations. The parties do not believe settlement is likely or that additional mediation would prove useful at this time.

**14.    Complex Litigation**

The parties do not believe this is a "complex case" for purposes of applying all or any part of the procedures of the Manual for Complex Litigation.

**15.    Dispositive and Partially Dispositive Motions**

Defendants anticipate filing a potentially dispositive motion for judgment on the pleadings. Yuga Labs contests Defendants' right to do so. *See supra* Sections 1, 4.

**16.    Unusual Legal Issues Presented by the Case**

The parties have not identified any unusual legal issues at this time.

**17.    Proposals Regarding Severance, Bifurcation, or Other Ordering of Proof**

The parties do not believe any such orders are necessary at this time.

**18.    Consent to Electronic Service**

The parties have agreed to service by email for this matter. Service by email will be considered the same as hand delivery.

- 10 -
RULE 26(f) CONFERENCE REPORT

| | | |
|---|---|---|
| Dated: September 12, 2025 | | Respectfully submitted, |
| | | HUESTON HENNIGAN LLP |
| | | By: */s/ Moez M. Kaba* |
| | | Moez M. Kaba |
| | | Michael H. Todisco |
| | | Attorneys for Plaintiff |
| | | YUGA LABS, INC. |
| Dated: September 12, 2025 | | Respectfully submitted, |
| | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | | By: */s/ Louis W. Tompros* |
| | | Louis W. Tompros (*pro hac vice*) |
| | | Attorneys for Defendants |
| | | RYDER RIPPS and JEREMY CAHEN |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Moez Kaba attests that concurrence in the filing of this document has been obtained from Louis Tompros.


By: */s/ Moez M. Kaba*
Moez M. Kaba

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on September 12, 2025.

By: */s/ Moez M. Kaba*
Moez M. Kaba