Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
RYDER RIPPS and JEREMY CAHEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-RAO |
|---|---|
| Plaintiff, | |
| v. | **WILMERHALE'S MOTION FOR WITHDRAWAL** |
| RYDER RIPPS, JEREMY CAHEN, | Judge: John F. Walter |
| Defendants. | Magistrate Judge: Rozella A. Oliver |
| | Hearing: November 17, 2025, at 1:30 p.m. |

Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), counsel for Defendants Jeremy Cahen and Ryder Ripps ("Defendants"), respectfully move for leave to withdraw as counsel pursuant to Central District of California's Local Rule 83-2.3.2 and the California Rules of Professional Conduct Rule 1.16 (b)(5). Plaintiff Yuga Labs, Inc.'s ("Yuga") does not take a position on this motion.

## I.     FACTUAL BACKGROUND

WilmerHale began representing Defendants in this action in July 2022. Tompros Decl. ¶3. As part of that representation, Defendants agreed to and signed an engagement agreement with WilmerHale, pursuant to which they agreed to fulfill certain requirements and obligations in connection with their defense. *Id.* ¶4.

There has since been an irreconcilable breakdown in the attorney-client relationship. *Id.* ¶7. Consistent with ethical obligations, *see* Cal. State Bar Formal Op. No. 2015-192, at 10, WilmerHale is unable to disclose client confidences in connection with this motion, but upon the Court's request will provide additional information in camera to the extent consistent with its ethical obligations concerning confidential client information. *See* Tompros Decl. ¶8.

On September 10, 2025, WilmerHale told Defendants that the firm would need to withdraw their representation absent an acceptable, prompt resolution between Defendants and WilmerHale. *Id.* ¶10. No resolution was reached, and on September 15, 2025, WilmerHale provided Defendants with formal written notice that WilmerHale would terminate its representation of Defendants and move for leave to withdraw as counsel in this case. *Id.* ¶11.

Defendants have thus received timely notice of WilmerHale's intention to withdraw, and the firm has provided its clients with ample opportunity to address the situation, as well as a warning that WilmerHale would terminate representation

1

Case No. 2:22-cv-04355-JFW-RAO                    WILMERHALE'S MOTION FOR WITHDRAWAL

absent resolution. When the matter remained unresolved, WilmerHale provided notice to Defendants that it would seek permission from the Court to withdraw as counsel.

## II.   LEGAL STANDARDS

Withdrawal of counsel is governed by "the Central District of California's Local Rules, the California Rules of Professional Conduct, and case law." *Bride v. Yolo Techs., Inc.*, No. 2:21-CV-06680-FWS-MBK, 2025 WL 2019944, at *2 (C.D. Cal. July 1, 2025).  The Central District of California's Local Rules provide that withdrawal of counsel requires "leave of court" and can be granted where counsel has provided "written notice given reasonably in advance to the client and to all other parties" and is "supported by good cause."  C.D. Cal. L.R. 83-2.3.2.  The California Rules of Professional Conduct, in turn, provide for the withdrawal of counsel in several enumerated scenarios.  Withdrawal is permitted where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation…." Cal. Rules of Prof'l Conduct R. 1.16(b)(5).

Courts in this district frequently weigh four factors when determining whether to grant leave for withdrawal, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.,* No. CV07-6594 PSG (AGRX), 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (quotation omitted).

## III.   ARGUMENT

WilmerHale's withdrawal is supported by good cause, will not prejudice the other litigants or delay the resolution of this case, and is in compliance with the

Local Rules and the California Rules of Professional Conduct and should, therefore, be granted.

***First***, WilmerHale has established good cause to support its motion for withdrawal. There has been an irreconcilable breakdown in the attorney-client relationship. Tompros Decl. ¶7. WilmerHale has diligently communicated with Defendants and no resolution has been reached. *Id.* ¶¶6-11. This withdrawal is, therefore, supported by good cause.

***Second***, WilmerHale's withdrawal as counsel will not prejudice the litigants or the administration of this case, and so the second, third, and fourth factors weigh in favor of granting leave here. Courts have found that withdrawal "will not harm the administration of justice" or "unreasonably delay the resolution of [a] case" when "there are no hearings pending … and trial remains six months away." *Bride*, 2025 WL 2019944, at *4. Here, the trial is scheduled in just under ten months and the nearest deadline is not until March 2, 2026, by which time mediation must be conducted. Dkt. 559 at 33. WilmerHale's withdrawal as counsel almost a full year before trial provides ample time for Defendants to retain alternative counsel or prepare themselves to proceed *pro se*. Additionally, Yuga does not take any position on this motion. Therefore, Yuga will not be prejudiced by this withdrawal. All four of the *Nedbank* factors weigh in favor of granting withdrawal here.

***Third***, WilmerHale's withdrawal is in compliance with the Local Rules and the California Rules of Professional Conduct. As required by the Local Rules, WilmerHale provided notice to both the Defendants and Yuga of its motion for withdrawal. *See* C.D. Cal. L.R. 83-2.3.2. WilmerHale sent Defendants a notice of termination of engagement on September 15, 2025. Tompros Decl. ¶11. WilmerHale also sent written notice to Yuga's counsel of its withdrawal via email

3

Case No. 2:22-cv-04355-JFW-RAO    WILMERHALE'S MOTION FOR WITHDRAWAL

communication on October 6, 2025, and subsequently met and conferred with Yuga's counsel regarding the withdrawal on October 8, 2025. *See* Tompros Decl. ¶12; Dkt. 560. WilmerHale has thus fulfilled its obligations under the Local Rules.

WilmerHale has also fulfilled its obligations under the California Rules of Professional Conduct. Those Rules allow for withdrawal of counsel when "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. Rules of Prof'l Conduct R. 1.16(b)(5). Here, WilmerHale provided Defendants with repeated notice and warned the Defendants that they would need to withdraw representation. Tompros Decl. ¶¶9-11. WilmerHale, therefore, sent a written notice of its intention to withdraw as counsel. *Id.* ¶11.

The Rules additionally require attorneys to take "reasonable* steps to avoid reasonably* foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel" and comply with requests for the release of client materials. Cal. Rules of Prof'l Conduct R. 1.16(d)-(e). As discussed above, Defendants have ample time to retain other counsel before the August 11, 2026 trial and, upon request, would transfer all client materials to Defendants, as outlined in the engagement agreement. Tompros Decl. ¶11. Accordingly, WilmerHale has met its obligations under the California Rules of Professional Conduct, and withdrawal is permitted.

### IV.  CONCLUSION

For the reasons set forth above, WilmerHale respectfully requests that the Court grant its motion to withdraw as counsel for Defendants.

4

Dated: October 15, 2025

By: /s/ *Louis W. Tompros*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Jeremy Cahen and Ryder Ripps*

5

Case No. 2:22-cv-04355-JFW-RAO    WILMERHALE'S MOTION FOR WITHDRAWAL

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all attorneys of record via the Court's ECF system on October 15, 2025

By: /s/ *Louis W. Tompros*

Louis W. Tompros

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,108 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 15, 2025 By: /s/ *Louis W. Tompros*

Louis W. Tompros