**HUESTON HENNIGAN LLP**
Moez M. Kaba
mkaba@hueston.com
Michael Todisco
mtodisco@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW(RAO) |
| Plaintiff, | **[PROPOSED] STIPULATED PERMANENT INJUNCTION AS TO DEFENDANT RYDER RIPPS** |
| v. | |
| RYDER RIPPS, JEREMY CAHEN, | Judge:      Hon. John F. Walter |
| Defendants. | Magistrate:  Hon. Rozella A. Oliver |

Plaintiff Yuga Labs, Inc. ("Yuga Labs" or "Yuga") and Defendant Ryder Ripps ("Ripps") ("Ripps" together with Yuga Labs, the "Parties") stipulate and agree to the entry of this Permanent Injunction as to Ryder Ripps, and the Court, having considered the stipulation and good cause appearing, ORDERS as follows:

## I.   Injunctive Relief

**A.   BAYC Marks.**  The term "BAYC Marks" refers to the following images, logos, phrases, and brand signifiers used by Yuga Labs as source identifiers in connection with its Bored Ape Yacht Club NFT collection:  "BORED APE YACHT CLUB," "BAYC," "BORED APE," the BAYC Logo (below, left), the BAYC BORED APE YACHT CLUB LOGO (below, middle), and the Ape Skull Logo (below, right).

  

**A. Prohibition on Use of BAYC Marks**. Ripps is permanently enjoined from using the BAYC Marks or any other Yuga source identifier, alone or in combination with other words or designs, as a trademark, trade name component, or otherwise, to market, advertise, promote, or identify any good and/or service not produced, offered, or authorized by Yuga, or to falsely represent or have the effect of falsely representing that the goods or services of any Ripps or of others are sponsored by, authorized by, or in any way associated with Yuga or to otherwise unfairly compete with Yuga in manufacturing, selling, offering for sale, distributing, or advertising goods or services.  This prohibition includes:

i. Manufacturing, minting, issuing, producing, distributing, circulating, selling, marketing, offering for sale, advertising,

promoting, loaning, renting, or otherwise disposing of the RR/BAYC NFTs (except as provided in this Judgment) and any other products or merchandise related to the RR/BAYC NFTs, including without limitation, listing the RR/BAYC NFTs or related products or merchandise for sale on any marketplace, and/or collecting royalties in connection with the RR/BAYC NFTs;

ii. Providing any benefits to holders of the RR/BAYC NFTs or otherwise creating incentives for third parties to sell, purchase, trade, transfer, loan, rent, and/or profit from RR/BAYC NFTs;

iii. Registering, owning, using, or trafficking any other website, domain name, e-commerce page or account, digital marketplace page or account, licensing business or other business, or any entity or store whose name or d.b.a. confusingly uses and/or incorporates any of the BAYC Marks, or includes "BAYC", "Bored Ape", or "Yuga" or any other Yuga source identifier, or that is confusingly similar to any of the BAYC Marks, or that is calculated to or reasonably likely to confuse consumers into believing that Ripps is Yuga, or is in any manner associated or connected with Yuga when it is not;

iv. Registering, owning, using, or trafficking any social media account, including but not limited to www.discord.com or www.twitter.com account(s), that purports to originate from Yuga, or to be sponsored or licensed by, or affiliated with Yuga or uses and/or incorporates any portion of the BAYC Marks within its name, when it is not; in any manner, including in connection with RR/BAYC, and from marketing, promoting, or selling, or causing the marketing, promoting, or selling of, any

-3-

product, service, domain name, business, or social media account using the BAYC Marks or RR/BAYC marks. This prohibition includes, without limitation, the use of the infringing "RR/BAYC" and "APE MARKET" marks, or any logo, trade name, trademark, or designation confusingly similar to any of the BAYC Marks or any other Yuga Labs source identifier. This prohibition further includes, without limitation, use in smart contract names or symbols, product names, metadata, listings, websites, domain names, social media handles, posts, advertisements, other promotional material, merchandise, or any other physical goods.

B.   **Control of Smart Contracts and Domains**. Yuga Labs retains control of the rr/bayc smart contract (0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e is the smart contract address on the Ethereum blockchain), rrbayc.com, apemarket.com, rrbaycv0.netlify.app, the @ApeMarketplace Twitter account, and any other materials transferred by Ripps pursuant to the Findings of Fact and Conclusions of Law (Dkt. 431), Final Judgment (Dkt. 452), and Order Regarding Injunction (Dkt. 455). Ripps shall not take any action or make any statement to directly or indirectly interfere with Yuga Labs's control, management, or operation of the foregoing smart contract or domains and shall not represent or imply any ownership or control thereof adverse to Yuga Labs.

C.   **Transfer of NFTs and Domains**. Within ten (10) days of entry of this Injunction, Ripps shall transfer to Yuga Labs any and all BAYC and RR/BAYC NFTs remaining in their possession, custody, or control (the "Retained NFTs"). If Ripps is unable to transfer any of the Retained NFTs, then Ripps shall take any and all actions

-4-

necessary to transfer control of such Retained NFTs to Yuga Labs, including, but not limited to, transferring to Yuga Labs any hardware or software wallet that holds or provides access to such Retained NFTs, along with the passwords or keys to access such wallet. If Ripps does not have possession, custody, or control of any BAYC and RR/BAYC NFTs, or any corresponding wallets or contract, Ripps need not take any further action. Within the same period, Ripps shall transfer to Yuga Labs any other domain names owned or controlled by Defendants that relate to Yuga Labs, BAYC, RR/BAYC, or any Yuga Labs employees, former employees, products, services, or brands (including wyliearonow.com and gordongoner.com). Ripps shall execute any documents and take all steps, at their sole cost and expense, reasonably necessary to effectuate such transfers.

> **D.**    **Non-Assistance**. Ripps shall not, directly or indirectly, assist, encourage, induce, authorize, enable, or conspire with any third party to challenge, enforce, or otherwise assert claims adverse to Yuga Labs that would be inconsistent with this Injunction or the Parties' settlement, including with respect to the BAYC Marks or the smart contract and domains identified herein.

## II.    Compliance and Certification

> **A.**    **Takedowns and Corrections**. Within ten (10) days of entry of this Injunction, Ripps shall remove or cause to be removed any online listings, posts, smart contract references, marketplace entries, or other content, in each case that is within their possession, custody, or control, that use the BAYC Marks or that suggest any source, sponsorship, or affiliation with Yuga Labs, and shall take reasonable

steps within their power to request removal of such content hosted by third parties.

**B.** **Delivery of Transfers**. Within the same ten (10) day period, Ripps shall complete the transfers required by Section I.D. and provide Yuga Labs with written confirmation and reasonable documentation evidencing completion.

**C.** **Certification**. Within fourteen (14) days of entry of this Injunction, Ripps shall serve on Yuga Labs a sworn declaration detailing their compliance with this Injunction, including identification of all NFTs and domains transferred, steps taken to effectuate removals, and any remaining items with an explanation of why immediate transfer or removal is not possible and the steps and timeline to completion.

## III.   Third-Party Service Providers

Upon Yuga Labs's reasonable request, Ripps shall execute and deliver any consents, letters, or instructions needed to effectuate enforcement or implementation of this Injunction with registrars, registries, hosting providers, marketplaces, social media platforms, or other service providers, including to transfer or disable domains and to remove or disable infringing content.

## IV.   No Transfer to Evade Injunction

Ripps shall not transfer, assign, conceal, or otherwise dispose of any NFTs, domains, accounts, or other assets referenced in this Injunction, or cause any of the foregoing, for the purpose of avoiding or frustrating compliance.

Dated:  April 7, 2026

Respectfully submitted,

HUESTON HENNIGAN LLP

By: */s/ Moez M. Kaba*_____
Moez M. Kaba
Michael H. Todisco

*Attorneys for Plaintiff Yuga Labs, Inc.*

NCLS, PLLC

By: */s/ Henry Nikogosayan*_____
Henry Nikogosyan

*Attorney for Defendants Ryder Ripps and Jeremy Cahen for limited purpose of settlement*

Case No. 2:22-cv-04355-JFW(RAO)
[PROPOSED] STIPULATED PERMANENT INNJUNCTION

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Moez M. Kaba attests that concurrence in the filing of this document has been obtained from Henry Nikogosyan.


By:  */s/ Moez M. Kaba*
    Moez M. Kaba